JUDGE DANIELS

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARK I. SOKOLOW, individually and as natural guardian
of plaintiff Jamie A. Sokolow, RENA M. SOKOLOW,
individually and as natural guardian of plaintiff Jamie A.
Sokolow, JAMIE A. SOKOLOW, minor, by her next friends
and guardians Mark I. Sokolow and Rena M. Sokolow,
LAUREN M. SOKOLOW, ELANA R. SOKOLOW,
SHAYNA EILEEN GOULD, RONALD ALLAN GOULD,
ELISE JANET GOULD, JESSICA RINE, SHMUEL
WALDMAN, HENNA NOVACK WALDMAN,
MORRIS WALDMAN, EVA WALDMAN,
DR. ALAN J. BAUER, individually and as natural
guardian of plaintiffs Yehonathon Bauer, Binyamin Bauer,
Daniel Bauer and Yehuda Bauer, REVITAL BAUER,
individually and as natural guardian of plaintiffs Yehonathon
Bauer, Binyamin Bauer, Daniel Bauer and Yehuda Bauer,
YEHONATHON BAUER, minor, by his next friends and
guardians Dr. Alan J. Bauer and Revital Bauer, BINYAMIN
BAUER, minor, by his next friends and guardians Dr. Alan J.
Bauer and Revital Bauer, DANIEL BAUER, minor, by his
next friends and guardians Dr. Alan J. Bauer and Revital Bauer,
YEHUDA BAUER, minor, by his next friends and guardians
Dr. Alan J. Bauer and Revital Bauer, RABBI LEONARD
MANDELKORN, SHAUL MANDELKORN, NURIT
MANDELKORN, OZ JOSEPH GUETTA, minor, by his
next friend and guardian Varda Guetta and VARDA
GUETTA, individually and as natural guardian of plaintiff
Oz Joseph Guetta,

                     Plaintiffs,

     -against-

THE PALESTINE LIBERATION ORGANIZATION,
THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian Council" and/or "The Palestinian
National Authority"), YASSER ARAFAT, MARWAN
BIN KHATIB BARGHOUTI, AHMED TALEB
MUSTAPHA BARGHOUTI (a/k/a "AL-FARANSI"),
NASSER MAHMOUD AHMED AWEIS, MAJID
AL-MASRI (a/k/a "ABU MOJAHED"), MAHMOUD
AL-TITI, MOHAMMED ABDEL RAHMAN SALAM

04   CV   00397

#

**COMPLAINT**

MASALAH (a/k/a "ABU SATKHAH"), FARAS SADAK :
MOHAMMED GHANEM (a/k/a "HITAWI"),                :
MOHAMMED SAMI IBRAHIM ABDULLAH,              :
ESTATE OF SAID RAMADAN, deceased, ABDEL       :
KARIM RATAB YUNIS AWEIS, NASSER JAMAL         :
MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN         :
AL-SHAYKH, SANA'A MUHAMMED SHEHADEH,        :
KAIRA SAID ALI SADI, ESTATE OF MOHAMMED       :
HASHAIKA, deceased, MUNZAR MAHMOUD KHALIL :
NOOR, ESTATE OF WAFA IDRIS, deceased, ESTATE    :
OF MAZAN FARITACH, deceased, ESTATE OF          :
MUHANAD ABU HALAWA, deceased and                :
JOHN DOES 1-99,                                  :
                                                 :
                        Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## INTRODUCTION

1.      This action is brought pursuant to the Antiterrorism Act, 18 U.S.C. §2331

*et. seq.*, and supplemental causes of action, by United States citizens and the guardians

and family members of United States citizens, who were injured in a series of terrorist

attacks carried out by defendants between January 8, 2001 and June 19, 2002, in or near

Jerusalem, Israel.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter and over defendants pursuant

to 18 U.S.C. §§2333 and 2334 and the rules of supplemental jurisdiction.

3.      The Southern District of New York is the proper venue for this action

pursuant to 18 U.S.C. §2334(a) since defendant Palestine Liberation Organization

maintains an office and agent in this district and is resident in this district.

2

## THE PARTIES

4.     Plaintiff MARK I. SOKOLOW was severely harmed by a terrorist bombing planned and carried out by defendants on January 27, 2002, in Jerusalem, Israel (hereinafter: "the January 27, 2002 bombing"), and is, and at all times relevant hereto was, an American citizen. Plaintiff MARK I. SOKOLOW brings this action individually and on behalf of his minor daughter, plaintiff JAMIE A. SOKOLOW.

5.     Plaintiff RENA M. SOKOLOW was severely harmed by the January 27, 2002 bombing, and is, and at all times relevant hereto was, an American citizen. Plaintiff RENA M. SOKOLOW brings this action individually and on behalf of her minor daughter, plaintiff JAMIE A. SOKOLOW.

6.     Plaintiff JAMIE A. SOKOLOW, was severely harmed by the January 27, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the minor daughter of plaintiffs MARK I. SOKOLOW and RENA M. SOKOLOW and the sister of plaintiffs LAUREN M. SOKOLOW and ELANA R. SOKOLOW.

7.     Plaintiff LAUREN M. SOKOLOW was severely harmed by the January 27, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the daughter of plaintiffs MARK I. SOKOLOW and RENA M. SOKOLOW and the sister of plaintiffs ELANA R. SOKOLOW and JAMIE A. SOKOLOW.

8.     Plaintiff ELANA R. SOKOLOW was severely harmed by the January 27, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the daughter of plaintiffs MARK I. SOKOLOW and RENA M. SOKOLOW and the sister of plaintiffs LAUREN M. SOKOLOW and JAMIE A. SOKOLOW.

3

9.      Plaintiff SHAYNA EILEEN GOULD (hereinafter: "SHAYNA GOULD") was severely harmed by a terrorist shooting attack planned and carried out by defendants on January 22, 2002, in Jerusalem, Israel (hereinafter: "the January 22, 2002 shooting attack"), and is, and at all times relevant hereto was, an American citizen.

10.     Plaintiff RONALD ALLAN GOULD (hereinafter: "RONALD GOULD") was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the father of plaintiff SHAYNA GOULD.

11.     Plaintiff ELISE JANET GOULD (hereinafter: "ELISE GOULD") was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the mother of plaintiff SHAYNA GOULD.

12.     Plaintiff JESSICA RINE was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the sister of plaintiff SHAYNA GOULD.

13.     Plaintiff SHMUEL WALDMAN was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen.

14.     Plaintiff HENNA NOVACK WALDMAN    (hereinafter: "HENNA WALDMAN") was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the wife of plaintiff SHMUEL WALDMAN.

15.     Plaintiff MORRIS WALDMAN was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the father of plaintiff SHMUEL WALDMAN.

4

16.     Plaintiff EVA WALDMAN was severely harmed by the January 22, 2002 shooting attack and is, and at all times relevant hereto was, an American citizen and the mother of plaintiff SHMUEL WALDMAN.

17.     Plaintiff DR. ALAN J. BAUER was severely harmed by a terrorist bombing planned and carried out by defendants on March 21, 2002, in Jerusalem, Israel ("the March 21, 2002 bombing"), and is, and at all times relevant hereto was, an American citizen. Plaintiff DR. ALAN J. BAUER brings this action individually and on behalf of his minor children, plaintiffs YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER.

18.     Plaintiff REVITAL BAUER was severely harmed by the March 21, 2002 bombing, and is, and at all times relevant hereto was, the wife of plaintiff DR. ALAN J. BAUER.  Plaintiff REVITAL BAUER brings this action individually and on behalf of her minor children, plaintiffs YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER.

19.     Plaintiff YEHONATHON BAUER was severely harmed by the March 21, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the minor son of plaintiffs DR. ALAN J. BAUER and REVITAL BAUER.

20.     Plaintiff BINYAMIN BAUER was severely harmed by the March 21, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the minor son of plaintiffs DR. ALAN J. BAUER and REVITAL BAUER.

21.     Plaintiff DANIEL BAUER was severely harmed by the March 21, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the minor son of plaintiffs DR. ALAN J. BAUER and REVITAL BAUER.

5

22.     Plaintiff YEHUDA BAUER was severely harmed by the March 21, 2002 bombing, and is, and at all times relevant hereto was, an American citizen and the minor son of plaintiffs DR. ALAN J. BAUER and REVITAL BAUER.

23.     Plaintiff RABBI LEONARD MANDELKORN was severely harmed by a terrorist bombing planned and carried out by defendants on June 19, 2002, in Jerusalem, Israel ("the June 19, 2002 bombing"), and is, and at all times relevant hereto was, an American citizen and the father of plaintiff SHAUL MANDELKORN.

24.     Plaintiff SHAUL MANDELKORN was severely harmed by the June 19, 2002 bombing, and is, and at all times relevant hereto was, the son of plaintiffs RABBI LEONARD MANDELKORN and NURIT MANDELKORN.

25.     Plaintiff NURIT MANDELKORN was severely harmed by the June 19, 2002 bombing, and is, and at all times relevant hereto was, the mother of plaintiff SHAUL MANDELKORN.

26.     Plaintiff OZ JOSEPH GUETTA (hereinafter: "JOSEPH GUETTA") was severely harmed by a terrorist shooting attack planned and carried out by defendants on January 8, 2001, near Jerusalem, Israel ("the January 8, 2001 shooting attack"), and is, and at all times relevant hereto was, an American citizen and the minor son of plaintiff VARDA GUETTA.

27.     Plaintiff VARDA GUETTA was severely harmed by the January 8, 2001 shooting attack, and is, and at all times relevant hereto was, the mother of plaintiff JOSEPH GUETTA. Plaintiff VARDA GUETTA brings this action individually and on behalf of her minor son JOSEPH GUETTA.

6

35.   Defendant MAHMOUD AL-TITI (hereinafter "AL-TITI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

36.   Defendant MOHAMMED ABDEL RAHMAN SALAM MASALAH, a/k/a "ABU SATKHAH," (hereinafter "MASALAH") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

37.   Defendant FARAS SADAK MOHAMMED GHANEM, a/k/a "HITAWI," (hereinafter "GHANEM") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

38.   Defendant MOHAMMED SAMI IBRAHIM ABDULLAH (hereinafter "ABDULLAH") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

39.   Defendant ESTATE OF SAID RAMADAN, is the estate of SAID RAMADAN, deceased (hereinafter "RAMADAN"), who personally carried out and was killed during the course of the January 22, 2002 shooting, and at all times relevant hereto, was an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

40.   Defendant ABDEL KARIM RATAB YUNIS AWEIS (hereinafter "ABDEL AWEIS") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

28. Defendant THE PALESTINE LIBERATION ORGANIZATION (hereinafter "PLO") is and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3).

29. Defendant THE PALESTINIAN AUTHORITY, also known as The Palestinian Interim Self-Government Authority and/or The Palestinian National Authority and/or The Palestinian Council (hereinafter "PA") is and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3).

30. Defendant YASSER ARAFAT (hereinafter "ARAFAT") is, and at all times relevant hereto was, chairman of defendant PLO and leader of defendant PA, and an employee and agent of defendants PLO and PA.

31. Defendant MARWAN BIN KHATIB BARGHOUTI (hereinafter "MARWAN BARGHOUTI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA and ARAFAT.

32. Defendant AHMED TALEB MUSTAPHA BARGHOUTI, a/k/a "AL-FARANSI," (hereinafter "AHMED BARGHOUTI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

33. Defendant NASSER MAHMOUD AHMED AWEIS (hereinafter "NASSER AWEIS") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

34. Defendant MAJID AL-MASRI, a/k/a "ABU MOJAHED" (hereinafter "AL-MASRI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

7

41.     Defendant NASSER JAMAL MOUSA SHAWISH (hereinafter "SHAWISH") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

42.     Defendant TOUFIK TIRAWI (hereinafter "TIRAWI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA and ARAFAT.

43.     Defendant HUSSEIN AL-SHAYKH (hereinafter "AL-SHAYKH") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA and ARAFAT.

44.     Defendant SANA'A MUHAMMED SHEHADEH (hereinafter "SHEHADEH") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

45.     Defendant KAIRA SAID ALI SADI (hereinafter "SADI") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

46.     Defendant ESTATE OF MOHAMMED HASHAIKA, is the estate of MOHAMMED HASHAIKA, deceased (hereinafter "HASHAIKA"), who personally carried out and was killed in the March 21, 2002 bombing, and at all times relevant hereto was an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

47.     Defendant MUNZAR MAHMOUD KHALIL NOOR (hereinafter "NOOR") is, and at all times relevant hereto was, an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

48.     Defendant ESTATE OF WAFA IDRIS, is the estate of WAFA IDRIS,

9

deceased (hereinafter "IDRIS"), who personally carried out and was killed in the January 27, 2002 bombing, and at all times relevant hereto was an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

49.    Defendant ESTATE OF MAZAN FARITACH, is the estate of MAZAN FARITACH, deceased (hereinafter "FARITACH"), who at all times relevant hereto, was an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

50.    Defendant ESTATE OF MUHANAD ABU HALAWA, is the estate of MUHANAD ABU HALAWA, deceased (hereinafter "ABU HALAWA"), who personally carried out the January 8, 2001 shooting, and at all times relevant hereto was an employee and agent of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI.

51.    Defendants JOHN DOES 1-99 are natural and/or juridical persons who/which are organs and/or agencies and/or instrumentalities and/or alter egos and/or agents and/or employees and/or co-conspirators of the other defendants.  Defendants JOHN DOES 1-99 conspired, agreed and acted in concert with the other defendants to plan and carry out the terrorist attacks described herein, and planned and carried out the terrorist attacks described herein in concert and agreement with the other defendants, and/or pursuant to the directives, instructions, authorization, solicitation and/or inducement of the other defendants and/or with substantial aid, assistance and/or material support and resources provided for that purpose by the other defendants.

10

## STATEMENT OF FACTS

52.     Since its establishment in the 1960s and until the present day, defendant PLO has funded, planned and carried out thousands of terrorist bombings and shootings, resulting in the deaths of hundreds of innocent civilians and the wounding of thousands more.  Dozens of United States citizens have been murdered, and scores more wounded, by terrorist attacks carried out by defendant PLO.  At all times relevant hereto, the PLO has carried out and utilized these terrorist attacks as an established and systematic policy and practice, as a means of advancing and achieving its political goals.

53.     Since its establishment in 1994 and until the present day, defendant PA has planned and carried out hundreds of terrorist bombings and shootings, resulting in the deaths of hundreds of civilians and the wounding of thousands more.  Several United States citizens have been murdered, and many more wounded, by terrorist attacks carried out by defendant PA. At all times relevant hereto, the PA has carried out and utilized these terrorist attacks as an established and systematic policy and practice, as a means of advancing and achieving its political goals.

54.     At all times relevant hereto, defendants PLO and PA planned and carried out terrorist attacks against civilians through their officials, agents and employees. These officials, agents and employees were and are organized into various specially-trained units and cells, which plan and execute terrorist attacks on behalf of and for the PLO and PA. These terrorist units and cells are agents, instrumentalities, agencies, organs and/or alter egos of defendants PLO and PA, and are wholly funded and controlled by defendants PLO and PA (collectively hereinafter: "terrorist units"). The terrorist units of the PLO and PA which at all times relevant hereto planned and carried out terrorist

11

attacks on behalf of and for the PLO and PA, include, without limitation, those known as "Fatah," "Tanzim," "Fatah-Tanzim," "Al Aqsa Brigades," and "Martyrs of Al Aqsa."

55.    At all times relevant hereto, defendants PLO and PA, their terrorist units including without limitation "Fatah," "Tanzim," "Fatah-Tanzim," "Al Aqsa Brigades," and "Martyrs of Al Aqsa," and their officials, agents and employees including the other defendants herein, agreed and conspired with one another to carry out acts of international terrorism (within the meaning of 18 U.S.C. §2331), and knowingly aided, abetted, funded and provided a wide range of weapons and other substantial material support and resources to one another for the execution of acts of international terrorism, all with the specific intention of funding, causing and facilitating the commission of acts of international terrorism.

56.    On an unknown date prior to January 8, 2001, defendants PLO and PA authorized, ordered, instructed, solicited and directed their terrorist units, including without limitation "Fatah," "Tanzim," "Fatah-Tanzim," "Al Aqsa Brigades," and "Martyrs of Al Aqsa," and their officials, agents and employees including the other defendants herein, to organize, plan and execute a series of terrorist attacks against civilians in Israel and the West Bank. Defendants did so with actual knowledge that their previous terrorist attacks had killed and injured numerous U.S. citizens, and that additional U.S. citizens and other innocent civilians would be killed and injured as a result of further such acts of terrorism.

### The Shooting Attack on January 8, 2001

57.    At an unknown date or dates prior to January 8, 2001, acting pursuant to the authorization, instructions, solicitation and directives of defendants PLO, PA,

ARAFAT and MARWAN BARGHOUTI and within the scope of their agency and employment, defendants ABU HALAWA and several of JOHN DOES 1-99 jointly planned, agreed, conspired and made preparations to murder and injure innocent persons by means of a machine-gun attack on a civilian vehicle traveling on the roads near Jerusalem, Israel.

58.   Accordingly, on January 8, 2001, defendant ABU HALAWA and three of the JOHN DOE defendants traveled by car to the area of Givon Junction near Jerusalem, in order to carry out the machine-gun attack.

59.   At approximately 7:00 PM on January 8, 2001, defendant ABU HALAWA and the three JOHN DOE defendants with him opened machine-gun fire on a passenger car in which plaintiffs JOSEPH GUETTA and VARDA GUETTA were traveling near Givon Junction, with the intention of murdering or injuring plaintiffs JOSEPH GUETTA and VARDA GUETTA.

60.   Plaintiff JOSEPH GUETTA, then 12 years old, was struck by several machine-gun bullets fired by defendants, as a direct and proximate result of which he suffered severe physical, emotional, mental and economic harm and injuries.

61.   Plaintiff VARDA GUETTA, who was driving the car, suffered severe emotional, mental and economic harm and injuries as a direct and proximate result of the machine-gun attack.

62.   The shooting attack on January 8, 2001 was planned and carried out by defendant ABU HALAWA and the JOHN DOE defendants acting as agents and employees of the PLO and PA and within the scope of their agency and employment, pursuant to the prior authorization, instructions, solicitation and directives of defendants

13

PLO and PA, in furtherance of the goals and policies of defendants PLO and PA, and using funds, weapons, means of transportation and communication and other material support and resources supplied by defendants PLO and PA for the express purpose of carrying out this attack and terrorist attacks of this type. Defendants PLO and PA conspired, agreed and acted in concert with the other defendants to carry out the January 8, 2001 terrorist shooting, aided and abetted the other defendants to carry out that shooting, and authorized, ratified and participated in that shooting.

### The Shooting Attack on January 22, 2002

63.     At an unknown date or dates prior to January 22, 2002, acting pursuant to the authorization, instructions, solicitation and directives of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI, and within the scope of their agency and employment, defendants AHMED BARGHOUTI, NASSER AWEIS, AL-MASRI, AL-TITI, MASALAH, GHANEM, ABDULLAH, RAMADAN and several of JOHN DOES 1-99 jointly planned, agreed, conspired and made preparations to murder and injure innocent persons by means of a machine-gun attack on innocent passersby in downtown Jerusalem, Israel.

64.     Accordingly, on January 22, 2002, at approximately 4:15 PM, RAMADAN arrived at Jaffa Street near the corner of Rav Kook St. in downtown Jerusalem, in order to murder and injure innocent passersby by means of an M-16 machine-gun with which he was provided for this specific purpose by the other defendants.

65.     At approximately 4:20 PM on January 22, 2002, RAMADAN shouted "Allahu Akbar" ("God is great"), and opened fire with the M-16 machine-gun on scores

of innocent passerby on Jaffa Street and Rav Kook St., with the intention of murdering or injuring as many as possible.

66.     Two elderly women were killed in the January 22, 2002 shooting attack, and over 45 innocent passersby were shot or suffered other physical injuries in the attack.

67.     Among those shot and wounded in the January 22, 2002 shooting attack were plaintiffs SHAYNA GOULD and SHMUEL WALDMAN.

68.     Plaintiffs SHAYNA GOULD and SHMUEL WALDMAN suffered severe physical, emotional, mental and economic harm and injuries as a direct and proximate result of the January 22, 2002 shooting attack.

69.     Plaintiffs RONALD GOULD, ELISE GOULD, JESSICA RINE, HENNA WALDMAN, MORRIS WALDMAN and EVA WALDMAN suffered severe emotional, mental and economic harm and injuries as a direct and proximate result of the January 22, 2002 shooting attack.

70.     The shooting attack on January 22, 2002 was planned and carried out by defendants AHMED BARGHOUTI, NASSER AWEIS, AL-MASRI, AL-TITI, MASALAH, GHANEM, ABDULLAH, RAMADAN and the JOHN DOE defendants acting as agents and employees of the PLO and PA and within the scope of their agency and employment, pursuant to the prior authorization, instructions, solicitation and directives of defendants PLO and PA, in furtherance of the goals and policies of defendants PLO and PA, and using funds, weapons, means of transportation and communication and other material support and resources supplied by defendants PLO and PA for the express purpose of carrying out this attack and terrorist attacks of this type. Defendants PLO and PA agreed, conspired and acted in concert with the other defendants

15

to carry out the January 22, 2002 terrorist shooting, aided and abetted the other defendants to carry out that shooting, and authorized, ratified and participated in that shooting.

### The Bombing Attack on January 27, 2002

71.     At an unknown date or dates prior to January 27, 2002, acting pursuant to the authorization, instructions, solicitation and directives of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI, and within the scope of their agency and employment, defendants NOOR, IDRIS and several of JOHN DOES 1-99 jointly planned, agreed, conspired and made preparations to murder and injure innocent persons by means of a bombing attack on innocent passersby in downtown Jerusalem, Israel.

72.     Accordingly, on January 27, 2002, at midday, IDRIS arrived at Jaffa St. in downtown Jerusalem, in order to murder and injure innocent passersby by means of a powerful explosive device with which she was provided for this specific purpose by the other defendants. IDRIS detonated the explosive device shortly before 12:30 P.M., causing a massive explosion.

73.     An 81 year-old man was killed in the explosion and over 150 persons were wounded.

74.     Plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW and LAUREN M. SOKOLOW, who were present on Jaffa St. at the time of the explosion and in close proximity to IDRIS, suffered severe burns, shrapnel wounds, fractures and other serious injuries as a result of the explosion.

75.     Plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW and LAUREN M. SOKOLOW suffered severe physical, emotional, mental

16

and economic harm and injuries as a direct and proximate result of the January 27, 2002 bombing attack.

76.    Plaintiff ELANA R. SOKOLOW suffered severe emotional, mental and economic harm and injuries as a direct and proximate result of the January 27, 2002 bombing attack.

77.    The bombing attack on January 27, 2002 was planned and carried out by defendants NOOR, IDRIS and the JOHN DOE defendants acting as agents and employees of the PLO and PA and within the scope of their agency and employment, pursuant to the prior authorization, instructions, solicitation and directives of defendants PLO and PA, in furtherance of the goals and policies of defendants PLO and PA, and using funds, weapons, means of transportation and communication and other material support and resources supplied by defendants PLO and PA for the express purpose of carrying out this attack and terrorist attacks of this type. Defendants PLO and PA agreed, conspired and acted in concert with the other defendants to carry out the January 27, 2002 terrorist bombing, aided and abetted the other defendants to carry out that shooting, and authorized, ratified and participated in that bombing.

<u>**The Bombing Attack on March 21, 2002**</u>

78.    At an unknown date or dates prior to March 21, 2002, acting pursuant to the authorization, instructions, solicitation and directives of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI, and within the scope of their agency and employment, defendants ABDEL AWEIS, SHAWISH, TIRAWI, AL-SHAYKH, SHEHADEH, SADI, HASHAIKA and several of JOHN DOES 1-99 jointly planned,

17

agreed, conspired and made preparations to murder and injure innocent persons by means of a bombing attack on innocent passersby in downtown Jerusalem, Israel.

79.     Accordingly, on March 21, 2002, at approximately 4:15 PM, HASHAIKA arrived at King George Street in downtown Jerusalem, in order to murder and injure innocent passersby by means of a powerful explosive device with which he was provided for this specific purpose by the other defendants. HASHAIKA detonated the explosive at approximately 4:20 PM, causing a massive explosion.

80.     Three innocent passersby were killed in the explosion and over 80 more were wounded.

81.     Plaintiffs DR. ALAN J. BAUER and YEHONATHON BAUER, who were present on King George St. at the time of the explosion and in close proximity to HASHAIKA, suffered severe burns, shrapnel wounds, fractures and other serious injuries as a result of the explosion.

82.     Plaintiffs DR. ALAN J. BAUER and YEHONATHON BAUER suffered severe physical, emotional, mental and economic harm and injuries as a direct and proximate result of the March 21, 2002 bombing attack.

83.     Plaintiffs REVITAL BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER suffered severe emotional, mental and economic harm and injuries as a direct and proximate result of the March 21, 2002 bombing attack.

84.     The bombing attack on March 21, 2002 was planned and carried out by defendants ABDEL AWEIS, SHAWISH, TIRAWI, AL-SHAYKH, SHEHADEH, SADI, HASHAIKA and the JOHN DOE defendants acting as agents and employees of the PLO and PA and within the scope of their agency and employment, pursuant to the prior

authorization, instructions, solicitation and directives of defendants PLO and PA, in furtherance of the goals and policies of defendants PLO and PA, and using funds, weapons, means of transportation and communication and other material support and resources supplied by defendants PLO and PA for the express purpose of carrying out this attack and terrorist attacks of this type. Defendants PLO and PA conspired, agreed and acted in concert with the other defendants to carry out the March 21, 2002 terrorist bombing, aided and abetted the other defendants to carry out that bombing, and authorized, ratified and participated in that bombing.

### The Bombing Attack on June 19, 2002

85.     At an unknown date or dates prior to June 19, 2002, acting pursuant to the authorization, instructions, solicitation and directives of defendants PLO, PA, ARAFAT and MARWAN BARGHOUTI, and within the scope of their agency and employment, defendants FARITACH and several of JOHN DOES 1-99 jointly planned, agreed, conspired and made preparations to murder and injure innocent persons by means of a bombing attack on innocent passersby in Jerusalem, Israel.

86.     Accordingly, on June 19, 2002, at approximately 7:00 PM, two of the JOHN DOE defendants arrived at a crowded bus stop at the French Hill intersection in northern Jerusalem, in order to murder and injure innocent passersby by means of a powerful explosive device with which they were provided for this specific purpose by the other defendants. One of the JOHN DOE defendants detonated the explosive at approximately 7:00 PM, causing a massive explosion. The other JOHN DOE defendant fled the scene of the bombing by car.

87. Seven innocent persons were killed in the explosion and over 50 more were wounded.

88. Plaintiff SHAUL MANDELKORN, then a minor, was present at the site of the bombing and in close proximity to the bomber, and suffered severe burns, shrapnel wounds and other serious injuries as a result of the explosion.

89. Plaintiff SHAUL MANDELKORN suffered severe physical, emotional, mental and economic harm and injuries as a direct and proximate result of the June 19, 2002 bombing attack.

90. Plaintiffs RABBI LEONARD MANDELKORN and NURIT MANDELKORN suffered severe emotional, mental and economic harm and injuries as a direct and proximate result of the June 19, 2002 bombing attack.

91. The bombing attack on June 19, 2002 was planned and carried out by defendant FARITACH and the JOHN DOE defendants acting as agents and employees of the PLO and PA and within the scope of their agency and employment, pursuant to the prior authorization, instructions, solicitation and directives of defendants PLO and PA, in furtherance of the goals and policies of defendants PLO and PA, and using funds, weapons, means of transportation and communication and other material support and resources supplied by defendants PLO and PA for the express purpose of carrying out this attack and terrorist attacks of this type. Defendants PLO and PA conspired, agreed and acted in concert with the other defendants to carry out the June 19, 2002 terrorist bombing, aided and abetted the other defendants to carry out that bombing, and authorized, ratified and participated in that bombing.

20

**FIRST COUNT**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF PLAINTIFFS MARK I. SOKOLOW, RENA M. SOKOLOW,**
**JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW,**
**SHAYNA GOULD, RONALD GOULD, ELISE GOULD, JESSICA RINE,**
**SHMUEL WALDMAN, HENNA WALDMAN, MORRIS WALDMAN, EVA**
**WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, BINYAMIN**
**BAUER, DANIEL BAUER , YEHUDA BAUER, RABBI LEONARD**
**MANDELKORN AND JOSEPH GUETTA**
**INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. §2333**

92.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

93.     Defendants' acts constitute a violation of the criminal laws of the United States and of the several States, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several States.  The actions of defendants violate, or if committed within U.S. jurisdiction would violate literally scores of federal and state criminal statutes prohibiting, inter alia and without limitation: homicide, battery, assault and the construction and use of explosive devices; as well as the criminal prohibitions against aiding and abetting, attempting, serving as an accessory to, solicitation of and conspiracy to commit these and other such felonies.

94.     The acts of defendants described herein were performed pursuant to and as implementation of an established policy of utilizing terrorist attacks in order to achieve their goals. Specifically, the acts of defendants described herein were intended to terrorize, intimidate and coerce the civilian population in Israel into acquiescing to defendants' political goals and demands, and to influence the policy of the United States and Israeli governments in favor of accepting defendants' political goals and demands. Moreover, defendants, themselves and through their respective officials, representatives,

21

spokesmen, communications media and other agents: (a) repeatedly admitted to committing acts of terrorism and violence against the civilian population in Israel and the West Bank and expressly stated that these acts were intended both to intimidate and coerce that civilian population into acquiescing to defendants' political goals and demands and to influence the policy of the United States and Israeli governments in favor of defendants' political goals and demands, and (b) expressly threatened the further occurrence of such terrorist acts if their political goals and demands were not achieved. The acts of defendants described herein therefore appear to be and were in fact intended to intimidate and coerce a civilian population, and to influence the policy of a government by intimidation or coercion, within the meaning of 18 U.S.C. §2331.

95.     Defendants' acts were dangerous to human life, by their nature and as evidenced by their consequences.

96.     Defendants' acts occurred outside the territorial jurisdiction of the United States.

97.     The acts of defendants are therefore "acts of international terrorism" as defined under 18 U.S.C. §§2331 and 2333. The behavior of defendants also constitutes aiding and abetting acts of international terrorism, and conspiracy to commit acts of international terrorism.

98.     As a direct and proximate result of the acts of international terrorism committed by defendants, and which defendants aided and abetted and/or conspired to commit, plaintiffs were caused severe injury, including: pain and suffering; pecuniary loss and loss of income; loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish; and loss of solatium.

22

99.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages in such sums as may hereinafter be determined.

100.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## SECOND COUNT
## AGAINST ALL DEFENDANTS
## ON BEHALF OF PLAINTIFFS MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN AND JOSEPH GUETTA
## BATTERY

101.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

102.    The terrorist attacks described herein caused plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN and JOSEPH GUETTA severe physical and psychological injuries, extreme pain and suffering, and severe financial loss, including deprivation of present and future income.

103.    The terrorist attacks described herein constituted batteries on the persons of plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN and JOSEPH GUETTA.

104.    As a result of the severe injuries inflicted on them by the terrorist attacks described herein, plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A.

23

SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN and JOSEPH GUETTA required hospitalization, surgeries and other medical treatment.

105.    Plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN and JOSEPH GUETTA continue to suffer from permanent injuries caused by the terrorist attacks described herein.

106.    Defendants' actions were willful, malicious, intentional, reckless, unlawful and were the proximate cause of the terrorist attacks described herein and the batteries on the persons of plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN and JOSEPH GUETTA and the injuries plaintiffs suffered thereby.

107.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

108.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

### THIRD COUNT
### AGAINST ALL DEFENDANTS
### ON BEHALF OF PLAINTIFFS MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN, VARDA GUETTA AND JOSEPH GUETTA
### ASSAULT

109.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

110.    The terrorist attacks described herein and the ensuing carnage caused plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN, VARDA GUETTA and JOSEPH GUETTA fear and apprehension of harm and death and/or actual physical harm, and constituted assaults on the persons of these plaintiffs.

111.    The terrorist attacks described herein and assaults on their persons, which were direct and proximate results of defendants' actions, caused plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW, LAUREN M. SOKOLOW, SHAYNA GOULD, SHMUEL WALDMAN, DR. ALAN J. BAUER, YEHONATHON BAUER, SHAUL MANDELKORN, VARDA GUETTA and JOSEPH GUETTA extreme mental anguish and/or actual physical injury and pain and suffering.

112.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

113.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

25

**FOURTH COUNT**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF ALL PLAINTIFFS**
**LOSS OF CONSORTIUM AND SOLATIUM**

114.   The preceding paragraphs are incorporated by reference as though fully set forth herein.

115.   As a result and by reason of the injuries caused to them by the actions of defendants described herein, plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW and LAUREN M. SOKOLOW were deprived of the services, society, company and consortium of one another and of plaintiff ELANA R. SOKOLOW, and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

116.   As a result and by reason of the injuries caused to plaintiffs MARK I. SOKOLOW, RENA M. SOKOLOW, JAMIE A. SOKOLOW and LAUREN M. SOKOLOW by the actions of defendants described herein, plaintiff ELANA R. SOKOLOW was deprived of the services, society, company and consortium of her parents and siblings, and has suffered and will continue to suffer severe mental anguish, grief, and injury to her feelings.

117.   As a result and by reason of the injuries caused to her by the actions of defendants described herein, plaintiff SHAYNA GOULD was deprived of the services, society, company and consortium of her parents plaintiffs RONALD GOULD and ELISE GOULD and her sister plaintiff JESSICA RINE, and has suffered and will continue to suffer severe mental anguish, grief, and injury to her feelings.

26

118.   As a result and by reason of the injuries caused to plaintiff SHAYNA GOULD by the actions of defendants described herein, plaintiffs RONALD GOULD, ELISE GOULD and JESSICA RINE were deprived of the services, society, company and consortium of their daughter and sister, and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

119.   As a result and by reason of the injuries caused to him by the actions of defendants described herein, plaintiff SHMUEL WALDMAN was deprived of the services, society, company and consortium of his wife plaintiff HENNA WALDMAN and his parents plaintiffs MORRIS WALDMAN and EVA WALDMAN, and has suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

120.   As a result and by reason of the injuries caused to plaintiff SHMUEL WALDMAN by the actions of defendants described herein, plaintiffs HENNA WALDMAN, MORRIS WALDMAN and EVA WALDMAN were deprived of the services, society, company and consortium of their husband and son, and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

121.   As a result and by reason of the injuries caused to them by the actions of defendants described herein, plaintiffs DR. ALAN J. BAUER and YEHONATHON BAUER were deprived of the services, society, company and consortium of one another and of plaintiffs REVITAL BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER, and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

122.   As a result and by reason of the injuries caused to plaintiffs DR. ALAN J. BAUER and YEHONATHON BAUER by the actions of defendants described herein, plaintiffs REVITAL BAUER, BINYAMIN BAUER, DANIEL BAUER and YEHUDA BAUER were deprived of the services, society, company and consortium of plaintiffs DR. ALAN J. BAUER and YEHONATHON BAUER and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

123.   As a result and by reason of the injuries caused to him by the actions of defendants described herein, plaintiff SHAUL MANDELKORN was deprived of the services, society, company and consortium of his parents plaintiffs RABBI LEONARD MANDELKORN and NURIT MANDELKORN, and has suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

124.   As a result and by reason of the injuries caused to plaintiff SHAUL MANDELKORN by the actions of defendants described herein, plaintiffs RABBI LEONARD MANDELKORN and NURIT MANDELKORN were deprived of the services, society, company and consortium of their son, and have suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

125.   As a result and by reason of the injuries caused to him by the actions of defendants described herein, plaintiff JOSEPH GUETTA was deprived of the services, society, company and consortium of his mother plaintiff VARDA GUETTA, and has suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

126.   As a result and by reason of the injuries caused to plaintiff JOSEPH GUETTA by the actions of defendants described herein, plaintiff VARDA GUETTA was

28

deprived of the services, society, company and consortium of her son, and has suffered and will continue to suffer severe mental anguish, grief, and injury to her feelings.

127.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

128.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## FIFTH COUNT
## AGAINST ALL DEFENDANTS
## ON BEHALF OF ALL PLAINTIFFS
## NEGLIGENCE

129.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

130.    Defendants, personally and/or through their agents and/or employees and/or co-conspirators, willfully and deliberately and/or wantonly and/or negligently authorized, organized, planned, provided material support for and executed the terrorist attacks that harmed the plaintiffs.

131.    Defendants had legal duties under local and other applicable law to desist from engaging in, or authorizing and encouraging, acts of violence, and to refrain from deliberately and/or wantonly, and/or negligently authorizing or causing the infliction of injuries to persons such as the plaintiffs herein.

132.    Defendants' behavior constituted a breach of these legal duties.

133.   Defendants foresaw, or should have reasonably foreseen, that their breach of these legal duties would create unreasonable risk of injuries such as those suffered by the plaintiffs to persons such as the plaintiffs.

134.   As a result of defendants' wrongful and/or unlawful and/or negligent acts, plaintiffs were caused severe injury, including: pain and suffering; pecuniary loss and loss of income; loss of guidance, society and companionship; loss of consortium; severe emotional distress and mental anguish; and loss of solatium.

135.   Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

136.   Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### SIXTH COUNT
### AGAINST ALL DEFENDANTS
### ON BEHALF OF ALL PLAINTIFFS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

137.   The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

138.   Defendants' conduct was willful, outrageous, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

139.   Defendants' conduct was intended to and did in fact terrorize the plaintiffs and cause them egregious emotional distress.

140.   Defendants are therefore jointly and severally liable for the full amount of

plaintiffs' damages, in such sums as may hereinafter be determined.

141.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

**SEVENTH COUNT**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF ALL PLAINTIFFS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

142.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

143.    Defendants' conduct was willful, outrageous and/or grossly negligent, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

144.    Defendants' conduct caused the plaintiffs egregious emotional distress.

145.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

146.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

**EIGHTH COUNT**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF ALL PLAINTIFFS**
**CIVIL CONSPIRACY**

147.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

31

148.    Defendants knowingly and willingly conspired, agreed and acted in concert with each other in a common plan and design to facilitate and cause acts of terrorism including the terrorist attacks in which plaintiffs were harmed.

149.    As a result of the terrorist attacks caused, resulting from and facilitated by defendants' conspiracy, plaintiffs suffered the damages enumerated herein.

150.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

151.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### NINTH COUNT
### AGAINST ALL DEFENDANTS
### ON BEHALF OF ALL PLAINTIFFS
### AIDING AND ABETTING

152.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

153.    Defendants provided one another, and their organs, agencies, instrumentalities, officials, agents and employees, with material support and resources and other substantial aid and assistance, in order to aid, abet, facilitate and cause the commission of acts of terrorism including the terrorist attacks in which plaintiffs were harmed.

154.    As a result of the terrorist attacks caused, resulting from and facilitated by defendants' provision of material support and resources and other acts of aiding and abetting, plaintiffs suffered the damages enumerated herein.

32

155.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

156.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## TENTH COUNT
## AGAINST DEFENDANTS PLO AND PA
## ON BEHALF OF ALL PLAINTIFFS
## VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

157.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

158.    At all relevant times, defendants ARAFAT, MARWAN BARGHOUTI, AHMED BARGHOUTI, NASSER AWEIS, AL-MASRI, AL-TITI, MASALAH, GHANEM, ABDULLAH, RAMADAN, ABDEL AWEIS, SHAWISH, TIRAWI, AL-SHAYKH, SHEHADEH, SADI, HASHAIKA, NOOR, IDRIS, FARITACH, ABU HALAWA and JOHN DOES 1-99 were agents and/or officers and/or employees and/or organs and/or agencies and/or instrumentalities of defendants PLO and PA, and engaged in the actions described herein within the scope of their agency, office and employment and in furtherance of the interests of defendants PLO and PA.

159.    Defendants PLO and PA authorized, ratified and/or condoned the actions described herein of defendants ARAFAT, MARWAN BARGHOUTI, AHMED BARGHOUTI, NASSER AWEIS, AL-MASRI, AL-TITI, MASALAH, GHANEM, ABDULLAH, RAMADAN, ABDEL AWEIS, SHAWISH, TIRAWI, AL-SHAYKH, SHEHADEH, SADI, HASHAIKA, NOOR, IDRIS, FARITACH, ABU HALAWA and

33

JOHN DOES 1-99.

160.    Therefore, defendants PLO and PA are vicariously liable for the acts of defendants ARAFAT, MARWAN BARGHOUTI, AHMED BARGHOUTI, NASSER AWEIS, AL-MASRI, AL-TITI, MASALAH, GHANEM, ABDULLAH, RAMADAN, ABDEL AWEIS, SHAWISH, TIRAWI, AL-SHAYKH, SHEHADEH, SADI, HASHAIKA, NOOR, IDRIS, FARITACH, ABU HALAWA and JOHN DOES 1-99.

161.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

162.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### ELEVENTH COUNT
### AGAINST DEFENDANTS PLO AND PA
### ON BEHALF OF ALL PLAINTIFFS
### INDUCEMENT

163.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

164.    Defendants PLO and PA offered and provided their own and each other's officials, agents and employees, including the other defendants herein, with substantial material and pecuniary inducements and incentives to plan, organize and execute acts of international terrorism, including the terrorist attacks in which plaintiffs were harmed. Defendants PLO and PA did so knowing that the acts for which they provided inducements and incentives were illegal and/or tortious, and that they would have been directly liable had they performed those acts themselves.

34

165.    As a result of the terrorist attacks caused, resulting from and facilitated by the substantial material and pecuniary inducements and incentives offered and provided by defendants PLO and PA, plaintiffs suffered the damages enumerated herein.

166.    Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

167.    Defendants' conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

WHEREFORE, plaintiffs demand judgment against the defendants jointly and severally, as to each of the above counts and causes of action, as follows:

A.    Compensatory damages against all defendants, jointly and severally, in the amount of $500,000,000.00 (FIVE HUNDRED MILLION DOLLARS);

B.    Treble damages, costs and attorneys fees as provided in 18 U.S.C. §2333;

C.    Punitive damages;

D.    Reasonable costs and expenses;

E.    Reasonable attorneys' fees;

and,

F.    Such further relief as the Court finds just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 15, 2004

SQUITIERI & FEARON, LLP

By:_____
       Lee Squitieri (LS-1684)
420 Fifth Avenue
18th Floor
New York, NY 10018
212-575-2092  tel.
212-575-2184  fax

David Strachman, Esq.
McINTYRE, TATE, LYNCH & HOLT
321 South Main Street
Suite 400
Providence, RI 02903 -7108
401-351-7700 tel.
401-331-6095 fax

Counsel for Plaintiffs