UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARK I. SOKOLOW, et al | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | 04 CV 397(GBD) |
| THE PALESTINE LIBERATION ORGANIZATION, et al | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Defendants Motion For A Further Enlargement Of
Their Time To Respond To The Amended Complaint**

Defendants respectfully move for an order further enlarging their time to respond to the amended complaint to and including October 31, 2005 and in support of the application state as follows.

1.  This action was commenced on January 16, 2004, and was inactive until plaintiffs filed an amended complaint on May 23, 2005, more than 16 months after plaintiffs filed the original complaint.

2.  The amended complaint is an expanded omnibus pleading.  It encompasses claims for damages of over 40 plaintiffs, many seemingly unrelated, based on seven or more separate alleged incidents of violence in 2001, 2002 and 2004 in or near Jerusalem.  This lawsuit is the only one of the eight actions commenced in the United States against the PA and PLO for "international terrorism" under 18 U.S.C. § 2333 with such broad dimensions.  Each of the other

1

cases is based on one alleged episode of violence. This action, in effect, is equivalent to seven such cases.

    3. Defendants have previously stated they will be filing a Rule 12(b) motion in response to the amended complaint, and have requested enlargements of time to prepare the motion to July 31 and August 22, 2005. The requests were based on the wide scope of the amended complaint, the difficulties presented by the "act of war" ground of dismissal, 18 U.S.C. §2336(a) which raised issues of first impression, and time demands of proceedings in other cases, and particularly in PA/PLO cases, including proceedings in which plaintiffs, represented by the same attorney as plaintiffs in the present case, are seeking among other things to close Palestine's U.N. Mission in New York, and its Mission under the Foreign Missions Act in Washington D.C.

    4. A recent decision in Biton v. PA, 01cv382, (D.C.D.) (RMC), (August 22, 2005), attached, denying a supplemental Rule 12(b) motion by the PA and PLO, has an important bearing on the Rule 12(b) motion defendants will be filing in the present case. The decision applied the doctrine of collateral estoppel as the basis for ruling against Palestinian statehood. It did so in reliance on earlier decisions adverse to statehood. without making any findings of fact and without taking into account recent circumstances not considered in the earlier cases. Collateral estoppel is ordinarily applied to a fixed state of facts. Palestinian statehood, by contrast, requires constant evaluation to take into account ongoing developments in the volatile Middle East. As an important example, one current factor of great significance that needs to be taken into account in some detail is the expanding extent of the competence and expertise with which the Palestinian government has conducted and fulfilled its governmental functions and responsibilities before, during and after the termination of Israel's belligerent occupation of Gaza

and the withdrawal of its military forces and occupying population from Gaza, beginning in August 2005.  Defendants need to develop a more complete and current record on the issue of Palestinian statehood in the present action, which defendants submit will demonstrate that Palestinian statehood should be upheld and that the issue is one that cannot appropriately be resolved by collateral estoppel.

  5.  With respect to the "act of war" ground of dismissal, defendants agree with much of the Court's analysis in <u>Biton</u> but believe its ruling was conclusory and in error.  In addition, in <u>Biton</u> the Court addressed only violence in Gaza in November 2000.  The alleged time and locale of the present action is the Jerusalem area at various dates over a four year period.  For purposes of the present application for an enlargement of time, the critical point to be emphasized is that the statehood and "act of war" issues required significantly broader address in the motion to dismiss.  This is a formidable task.

.  6.  The further time defendants are now requesting is reasonably necessary, particularly in view of the need, highlighted by recent decisions such as the opinion of the First Circuit Court of Appeals in the <u>Ungar</u> case, 402 F.3d 274 (1st Cir. 2005), and the decision in <u>Biton</u>, for an up-to-date and more complete development of facts by affidavit and exhibits, supporting the <u>de facto</u> statehood of Palestine under international law, as distinguished from political recognition of statehood.  Development and presentation of these facts will call for close consultation with Palestinian government officials, and this will take time since these officials are facing continuing crises and the need to further the peace process, as they move forward with the difficult and demanding task of governing Palestine under prevailing circumstances.

  7.  Taking into account plaintiffs delay of more than 16 months in amending their

complaint and the broadness of their case, the enlargement of time defendants are requesting, to and including October 31, 2005, will permit the more complete presentation of facts important to a full consideration and fair determination of Palestinian statehood, and should be granted.

Dated: August 30, 2005

                                              Respectfully submitted,

                                              Ramsey Clark
                                              Lawrence W. Schilling
                                              37 West 12th Street
                                              New York, NY 10010
                                              212-989-6613
                                              212-979-1583-FAX

Sokolow 04cv397(GBD)(SDNY)

**Certificate of Service**

I certify that copies of the foregoing motion by defendants PA and PLO for a further enlargement of time and the decision in the <u>Biton</u> case, dated August 22, 2005, attached to the motion, were transmitted on August 30, 2005 to the following attorneys by email as indicated:

Lee Squitieri at <u>lee@sfclasslaw.com</u> and

David J. Strachman at David J. Strachman <djs@mtlhlaw.com>

Dated: August 30, 2005

                                                    _____s/_____
                                                    Lawrence W. Schilling