# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK


MARK I. SOKOLOW, et al.


                        Plaintiffs,

            v.                                          1:04-cv-00397-GBD



THE PALESTINE LIBERATION ORGANIZATION, et al.

                        Defendants.



**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY DENIAL OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, FOR JURISDICTIONAL DISCOVERY AND FOR RELATED RELIEF**

### Introduction

As shown below, defendants' tepid Opposition to the instant motion offers no defense to plaintiffs' motion to summarily deny defendants' motion to dismiss for lack of personal jurisdiction as barred under Fed.R.Civ.P. 12(h)(1) nor to plaintiffs' motion in the alternative for jurisdictional discovery.

**I.    DEFENDANTS' MOTION WAS MADE UNDER RULE 12(b) AND THEIR ATTEMPT TO BLAME THE COURT FOR THEIR DECISION TO MOVE TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION SHOULD BE REJECTED**

In response to plaintiffs' assertion that defendants have waived any personal jurisdiction defense by filing a motion to dismiss for lack of subject-matter jurisdiction, defendants first

argue that the motion filed by them on March 7, 2007, was not "a Rule 12(b) motion … and thus did not trigger Rule 12(h)(1)'s waiver rule." Defs' Opp. at 5.

This argument is specious. Defendants' Memo of March 7, 2007 expressly moved for dismissal of the complaint in this action for lack of subject-matter jurisdiction. *Id*. at 2, 49.

Moreover, in a stipulation signed and filed by the defendants' with this Court in April 2007, defendants themselves stated,

> WHEREAS on March 7, 2007, defendants filed their Memorandum in Reply to Plaintiffs; Supplemental Memorandum regarding subject-matter jurisdiction ("Defendants' Brief"). Docket # 35; and

> WHEREAS ***Defendants' Brief seeks dismissal of this action for lack of subject-matter jurisdiction***;

*See* Joint Application for a Revised Briefing Schedule and Rescheduling of Oral Argument, docket #s 36-37 (emphasis added).

Thus, there is no question whatsoever that defendants' March 2007 motion seeks dismissal for lack of subject-matter jurisdiction.

Fed.R.Civ.P12(b) provides in relevant part that,

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter …

Thus, under the Federal Rules, a defense of lack of subject-matter jurisdiction may be asserted ***either*** in a responsive pleading, ***or*** in a motion under Rule 12(b). Since the motion filed by defendants' in March 2007 was not a "responsive pleading" (i.e. an answer) it was – per force – a motion under Rule 12(b).

Defendants are effectively demanding that the Court invent – for their benefit – a new category of motion unknown to the Federal Rules, under which a defendant can move to dismiss for lack of subject-matter jurisdiction, without invoking the waiver in Rule 12(h)(1).

Obviously, this demand is baseless.

Next, defendants attempt to ***blame this Court*** for their waiver, arguing that "the Court asked the parties to provide supplemental briefs specifically on the subject-matter jurisdiction issue and the PA and PLO had no reason to believe that providing such a brief would result in a waiver of their Rule 12(b)(2) defenses." Defs' Opp. at 5.

This argument is frivolous if not offensive. The Court instructed the defendants ***merely to brief*** the question of subject-matter jurisdiction, ***in the context of plaintiffs' motion*** for default judgment. The Court most certainly did ***not*** instruct the defendants to file their own motion to dismiss for lack of subject-matter jurisdiction.

Thus, defendants' decision to move for affirmative relief dismissing the case for lack of subject-matter jurisdiction was ***their own decision*** which has no basis in the Court's instructions, and in fact ***deviates from*** those instructions.

Indeed, in their March 2007 motion, defendants go out of their way to emphasize that the procedural basis for determining the subject-matter jurisdiction issue should not be plaintiffs' motion for default judgment, but rather their own motion to dismiss:

> A motion by Defendants ***to dismiss the complaint*** for lack of subject matter jurisdiction is filed herewith and presented ***as the procedural basis for the Court to rule*** on the issues of subject matter jurisdiction.

Memo of March 7, 2007, at 2 (emphasis added).

Clearly, then, defendants were not satisfied with briefing the issue of subject-matter jurisdiction in the context of plaintiffs' motion, and decided to create a new procedural basis on which to seek dismissal of the action – i.e. their own motion to dismiss.

Defendants may now regret that decision, but they must live with it, and their attempt to blame it on the Court should be resoundingly rejected.

## II.    ALTERNATIVELY, THE PLAINTIFFS' HAVE MADE A SUFFICIENT SHOWING FOR JURISDICTIONAL DISCOVERY

If defendants' motion to dismiss for lack of personal jurisdiction is not summarily denied as barred under Fed.R.Civ.P. 12(h)(1), then plaintiffs' should be permitted jurisdictional discovery.[1]

In opposition to this request defendants first argue that jurisdictional discovery should not be granted because plaintiffs have not made a showing that exercise of jurisdiction over the defendants would be "reasonable" under the test set forth in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987). Defs' Opp at 6-8.

Even assuming *arguendo* that the *Asahi* test applied where, as here, Congress has permitted nationwide service of process and the jurisdictional analysis is conducted under the 5th Amendment in light of the defendants' contacts with the United States as a whole, *see Ungar v. Palestinian Authority*, 325 F. Supp.2d 15, 47-60 (D.R.I. 2004),[2] it is pellucid that determining

---

[1]  Defendants assert here and elsewhere in their Opposition that plaintiffs have conceded various merits arguments made by defendants, by not addressing them. This claim is baseless. Plaintiffs dispute all of defendants' arguments. Plaintiffs' instant motion seeks summary denial of defendants' motion, and does not purport to address any of defendants' merits arguments. Plaintiffs have requested, and defendants have agreed (*see* Part III infra) that if plaintiffs' motion for summary denial or jurisdictional discovery is denied, plaintiffs be granted 60 days to respond to the merits of defendants' motion. If such a response becomes necessary, plaintiffs will address and refute all of defendants' merits arguments.

[2]  *Asahi* addressed only the exercise of personal jurisdiction under the 14th Amendment. As plaintiffs will demonstrate, if defendants' motion is not summarily denied, the *Asahi* test does not apply in actions under 18 U.S.C. § 2333, and to establish personal jurisdiction plaintiffs need only show (a) that service was made on defendants and (b) that defendants have minimum contacts with the United States as a whole.

whether exercise of jurisdiction is reasonable in light of the circumstances of this case requires a *factual* inquiry and *factual* determinations by the Court.

Thus, defendants' assertion that plaintiffs are required to demonstrate the "reasonableness" constitutes further grounds in *support* of plaintiffs' request for jurisdictional discovery to discover facts relevant to the Court's jurisdictional analysis.

Defendants also argue that the findings of personal jurisdiction made in *Ungar*, 325 F. Supp.2d at 47-60 and *Biton v. Palestinian Interim Self-Government Authority*, 310 F.Supp.2d 172 (D.D.C. 2004) are irrelevant and do not support plaintiffs' request for jurisdictional discovery, because those decisions related to defendants' activities in the United States several years before the filing of the instant action.

Defendants miss the point. While it is true that *Ungar* and *Biton* relate to a time period 2-3 years before the filing of the instant action, it is a matter of public record – as plaintiffs' memorandum showed and defendants did not dispute – that defendants continue to conduct the same activities found by *Ungar* and *Biton* to constitute minimum contacts.

Moreover, *Ungar* and *Biton* are sufficient to create a presumption of continuity in respect to defendants' minimum contacts in the United States,

> There is a "general presumption of the continuance of a status or condition once proved to exist." *McFarland v. Gregory*, 425 F.2d 443, 447 (2d Cir. 1970); *McCormick on Evidence* § 344, at 976-77 (3d ed. 1984). In *McFarland* we held that a presumption of continuity is a reasonable grounds "on which to draw inferences where (1) a situation or the circumstances surrounding it do not go through an apparent material change and (2) the lapse of time is not great enough to suggest that unknown circumstances or causes, in the normal course of events, will have changed the situation." *McFarland*, 425 F.2d at 447.

*Jund v. Town of Hempstead*, 941 F.2d 1271 (2nd Cir. 1991).

Here, there has been no "apparent material change" in defendants' U.S. activities, nor do defendants assert that there has been any such change. On the contrary, the FARA reports cited by plaintiffs in their memorandum clearly show that defendants' activities have not changed. Furthermore, the "lapse of time" since *Ungar* and *Biton* "is not great enough to suggest that unknown circumstances or causes, in the normal course of events" have curtailed defendants' activities and contacts in the United States.

Accordingly, *Ungar* and *Biton* give rise to a presumption of continuity which is easily sufficient, standing alone, to constitute the "sufficient start toward establishing personal jurisdiction" required as a condition of jurisdictional discovery in this Circuit. *Hollins v. U.S. Tennis Ass'n*, 469 F.Supp.2d 67, 70-72 (E.D.N.Y. 2006).

Thus, contrary to defendants' claims, the findings in *Ungar* and *Biton* are highly relevant to the instant case.

## III. DEFENDANTS HAVE CONSENTED TO PLAINTIFFS' REQUEST FOR A PERIOD OF 60 DAYS TO DEMONSTRATE DEFENDANTS' MINIMUM CONTACTS IF BOTH PRONGS OF THIS MOTION ARE DENIED

In Part III of the memorandum submitted in support of the instant motion, the plaintiffs requested a period of 60 days to respond to defendants' motion to dismiss for lack of personal jurisdiction on the merits, in the event that their motion is not summarily denied and jurisdictional discovery is not permitted.

Defendants' opposition to the instant motion did not oppose this request, and at the hearing on October 10, 2007, defendants expressly agreed to the plaintiffs' request for the 60-day period. *See* Transcript 10/10/07 at p. 8 lines 17-20, p. 16 line 24 through p. 17 line 1.

Accordingly, in the event that the Court issues an order denying both prongs of this motion, plaintiffs respectfully request that defendants' motion to dismiss for lack of personal jurisdiction be adjourned until 60 days after such order, so that plaintiffs will have adequate time to assemble the documents and evidence which will demonstrate defendants' minimum contacts.

## IV.    CONCLUSION

Plaintiffs' motion should be granted.

Plaintiffs, by their Attorneys,


/s/David J. Strachman
David J. Strachman
McIntyre, Tate, & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)


Lee Squitieri
Squitieri & Fearon
32 East 57th Street, 12th Floor
New York, NY 10022
(212) 421-6492
(212) 421-6553 (fax)


I here by certify that this pleading was sent via ECF on October 19, 2007 to the following counsel of record:


Richard A. Hibey
Mark J. Rochon
Charles F. B. McAleer, Jr.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701


/s/David J. Strachman