# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>          Defendants. | Civil Action No. 04cv397 (GBD) (RLE) |

## DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFFS' PERSONAL JURISDICTION INTERROGATORIES

Defendant Palestinian Authority ("PA") and Defendant Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 33, state their objections to and, where applicable, answer the Personal Jurisdiction Interrogatories from plaintiffs Mark I. Sokolow, *et al.* (collectively, "Plaintiffs"), as follows:

## GENERAL OBJECTIONS TO EACH OF THE INTERROGATORIES

1.    Defendants object to the Interrogatories to the extent the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Defendants object to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine or any other applicable statutory or common law privilege. With respect to those Interrogatories to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents,

Defendants will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3.    Defendants object to the Interrogatories to the extent they seek information and documents which are not relevant to the personal jurisdiction issue in this action and they are not reasonably calculated to lead to the discovery of admissible evidence related to the personal jurisdiction issue.

4.    Defendants object to the Interrogatories to the extent that they are overly broad, oppressive, unduly burdensome and/or would involve undue financial expense to Defendants.  In addition, Defendants object to each interrogatory that seeks "all" or "every" piece of information or "all" or "every" document when the relevant information may be supplied with fewer than "all" or "every" piece of information or "all" or "every" document.

5.    Defendants object to the Interrogatories to the extent the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

6.    Defendants object to the Interrogatories to the extent they seek the identification or disclosure of information or documents that are not within Defendants' possession, custody, or control.  In this regard, Defendants specifically object to General Definition No. 4.

7.    Defendants object to the manner specified for answering the Interrogatories as being unduly burdensome and unreasonable.  Defendants reserve their right to answer the Interrogatories according to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.  In this regard, Defendants specifically object to General Definition Nos. 9 through 12.

934338.1

8.      Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

9.      Defendants reserve their right to object to or challenge the competency, relevance, materiality, authenticity, or admissibility of any information or documents disclosed or produced in response to the Interrogatories at any stage, proceeding, trial or appeal in this case.

10.     Defendants object to the definition of the terms, "assets," "PA assets" and "PLO assets" in Specific Definition Nos. 4-6 as vague and ambiguous, overly broad and requiring a legal conclusion, including, as potentially construed, the phrases "legal rights or interests" and "equitable rights and interests."

11.     In accordance with Fed. R. Civ. P. 26(e), and as the Plaintiffs' request in Instruction No. 9, Defendants will amend or supplement their answers to these Interrogatories if Defendants acquire additional or contrary information.

12.     Some of the information contained herein is confidential information that may not have been publicly disclosed.  Defendants reserve the right to seek the entry of a protective order restricting the use or disclosure of such information in this litigation.

## INTRODUCTION

1.      Any answers contained herein are based on certain non-privileged information presently available to Defendants or their counsel, as well as non-privileged information that is publicly available, including pleadings and motions in this case.  The answers may not necessarily reflect information that is currently within the possession, custody or control of other persons or entities, including former employees of Defendants.  The investigation and/or discovery of this action remains ongoing, and Defendants reserve the right to amend or

934338.1

supplement its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    The exact wording of any answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.    Pursuant to Fed. R. Civ. P. 33(d), non-privileged documents relating to the topics set forth in the Interrogatories might be produced in response to the Interrogatories or Plaintiffs' Request for Production of Documents.

4.    To the extent any of the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine or the joint defense privilege), Defendants object to such Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

6.    To the extent that the Plaintiffs have failed to specify their claims at all or to the degree necessary to determine a proper scope of interrogatory and to identify information responsive thereto, Defendants reserve the right to modify, amend or supplement its answers to these Interrogatories accordingly.

7.    To the extent that certain of the Interrogatories would require answers containing opinions or contentions that relate to fact or the application of law to fact, Defendants reserve their right, pursuant to Fed. R. Civ. P. 26(e) and 33(c), to respond to those Interrogatories after (or later in) the discovery period.

8.    Interrogatories seeking information regarding the PLO Mission to the United States (the "D.C. Office") and regarding the Permanent Observer Mission of Palestine to the

934338.1

United Nations ("the New York Office") are treated as directed only to Defendant PLO, as these offices are offices of the PLO, not the Palestinian Authority.

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No. 1:** Provide the full names of all employees in the D.C. Office during the Relevant Period.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections. In addition, Defendants object to the Interrogatory to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately. Defendants further object to the Interrogatory on the grounds that it uses the undefined and vague term "employees." Defendants also object to the Interrogatory to the extent it assumes that an individual employed at the D.C. Office during the Relevant Period was employed throughout the entire Relevant Period, rather than employed only for some portion of the Relevant Period.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

The following individuals were employed by the PLO to work at the PLO Mission to the United States (the D.C. Office) for all of, or a portion of, the Relevant Period:

> Hasan Abdel Rahman
> Kamal Abu Hijleh
> Shahzad Ahmed
> Isseine Ali
> Ummer Vaddakot
> Khalil Footah
> Said Hamad
> Amiene Kesheshian (Armine Salisbury)
> Malea Kiblan (Malea Rahman)

934338.1

El Pidio Orinion
Hakem Takesh
Jubran Taweel

Though not an employee of the PA or PLO, Hassan Hamdan regularly received payment for

providing accounting services to the PLO Mission to the United States.

Subject to and without waiving the foregoing General and Specific Objections, Defendant

PA states as follows:

The following individuals were employed by the PA to work at the PLO Mission to the

United States (the D.C. Office) for all of, or a portion of, the Relevant Period:

Laila Tarazi
Ghaleb Darabiah (or, "Darabya")

**Interrogatory No. 2**: Provide the full names of all employees in the New York Office during
the Relevant Period.

**Objections**:

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General

Objections. In addition, Defendants object to the Interrogatory to the extent it fails to recognize

the PA's and PLO's status as separate juridical entities and as separate Defendants whose

jurisdictional contacts with the United States must be analyzed separately. Defendants further

object to the Interrogatory on the grounds that it uses the undefined and vague term "employees."

Defendants also object to the Interrogatory to the extent it assumes that an individual employed

at the New York Office during the Relevant Period was employed throughout the entire Relevant

Period, rather than employed only for some portion of the Relevant Period.

**Answer**:

Subject to and without waiving the foregoing General and Specific Objections, Defendant

PLO states as follows:

934338.1

The following individuals were employed by the PLO to work at the Permanent Observer Mission of Palestine to the United Nations (the New York Office) for all of, or a portion of, the Relevant Period:

    Nasser Al-Kidwa
    Feda Abdel Hadi (Feda Nasser)
    Rawan Abdel Razik
    Wilfredo Alba
    Amira Ashour
    Virginia Alvarez
    Jim Ziede
    Sumaya Barghouti
    Yussef Kanaan
    Tirok Dolat Retsima
    Theodolpho Agnacio
    Christina Gobala
    Nadia Rashid
    Rachida Majouate
    Oiselley Adelope
    John Jones
    Conrad Villa Garcia
    Muin Shraim
    Almaz Gudata
    Gloria Elana

Subject to and without waiving the foregoing General and Specific Objections, Defendant PA states as follows:

The following individual was employed by the PA to work at the Permanent Observer Mission of Palestine to the United Nations (the New York Office) for all of, or a portion of, the Relevant Period:

    Marwan Jilani

934338.1

**Interrogatory No. 3**: Identify and describe the position, job description, title, authority, activities and responsibilities, of each person included in your responses to Interrogatories Nos. 1 and 2.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including, without limitation, General Objection Nos. 3, 4, 7, and 8. Specifically, and without limitation, Defendant PA and Defendant PLO object to requests for the "authority" of each person included in responses to Interrogatories Nos. 1 and 2, as this term is vague as used in this context and Defendants PA and PLO cannot ascertain what information Plaintiffs are seeking. Defendants also object to the request to "[i]dentify and describe the . . . activities and responsibilities of each person . . . ." This request is vague and unduly burdensome in light of the limited nature of the personal jurisdiction discovery authorized by the Court. Defendants further object to providing job descriptions and descriptions of "activities," as the nature of the individual's job is evident from the job title.

Defendants also object to the Interrogatory to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately. Defendants also object to the Interrogatory to the extent it assumes that an individual employed at the D.C. Office or New York Office during the Relevant Period was employed throughout the entire Relevant Period, rather than employed only for some portion of the Relevant Period.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

934338.1

The following PLO employees employed at the PLO Mission to the United States (the D.C. Office) or the Permanent Observer Mission of Palestine to the United Nations (the New York Office) during the Relevant Period had the following titles and/or job descriptions:

| Employee | Title |
|---|---|
| Hasan Abdel Rahman | Head, PLO Mission to the United States |
| Kamal Abu Hijleh | Consular Affairs, PLO Mission to the United States |
| Shahzad Ahmed | Driver, PLO Mission to the United States |
| Isseine Ali | Driver, PLO Mission to the United States |
| Ummer Vaddakot | Cook, for Head of PLO Mission to the United States |
| Khalil Footah | Congressional Affairs, PLO Mission to the United States |
| Said Hamad | Deputy Chief, PLO Mission to the United States |
| Armine Keshishian (Armine Salisbury) | Secretary to Head of PLO Mission to the United States |
| Malea Kiblan (Malea Rahman) | Legal Counsel, PLO Mission to the United States |
| Elie Naanouh | Accountant, PLO Mission to the United States |
| El Pidio Orinion | Receptionist, PLO Mission to the United States |
| Hakam Takash | Researcher, PLO Mission to the United States |
| Jubran Taweel | Commercial Attaché, PLO Mission to the United States |

9

934338.1

| | |
|---|---|
| Nasser Al-Kidwa | Permanent Representative of Palestine to the United Nations |
| Feda Abdel Hadi (Feda Nasser) | Political Officer, Permanent Observer Mission of Palestine to the United Nations |
| Rawan Abdel Razik | Administrative Assistant, Permanent Observer Mission of Palestine to the United Nations |
| Wilfredo Alba | Driver, Permanent Observer Mission of Palestine to the United Nations |
| Amira Ahour | Secretary, Permanent Observer Mission of Palestine to the United Nations |
| Virginia Alvarez | Receptionist, Permanent Observer Mission of Palestine to the United Nations |
| Jim Ziede | Security Guard, Permanent Observer Mission of Palestine to the United Nations |
| Sumaya Barghouti | Political Affairs, Permanent Observer Mission of Palestine to the United Nations |
| Yussef Kanaan | Senior Advisor / Accountant, Permanent Observer Mission of Palestine to the United Nations |
| Tirok Dolat Retsima | Cleaning Lady, Permanent Observer Mission of Palestine to the United Nations |
| Theodolfo Agnacio | Driver, Permanent Observer Mission of Palestine to the United Nations |
| Christina Gobala | Receptionist, Permanent Observer Mission of Palestine to the United Nations |

934338.1

| | |
|---|---|
| Nadia Rashid | "Second Secretary," Permanent Observer Mission of Palestine to the United Nations |
| Rachida Majouate | Receptionist, Permanent Observer Mission of Palestine to the United Nations |
| Oiselley Adelope | Driver, Permanent Observer Mission of Palestine to the United Nations |
| John Jones | Driver, Permanent Observer Mission of Palestine to the United Nations |
| Conrad Villa Garcia | Driver, Permanent Observer Mission of Palestine to the United Nations |
| Muin Shraim | Political Affairs Officer, Permanent Observer Mission of Palestine to the United Nations |
| Almaz Gudata | Cleaning Lady, Permanent Observer Mission of Palestine to the United Nations |
| Gloria Elana | Part time cleaning lady, Permanent Observer Mission of Palestine to the United Nations |

Subject to and without waiving the foregoing General and Specific Objections, Defendant PA states as follows:

The following PA employees employed at the PLO Mission to the United States (the D.C. Office) or the Permanent Observer Mission of Palestine to the United Nations (the New York Office) during the Relevant Period had the following titles and/or job descriptions:

934338.1

| Ghaleb Darabiah, or "Darabya" | Congressional Affairs, PLO Mission to the United States |
| Laila Tarazi | Information Officer, PLO Mission to the United States |
| Marwan Jilani | Political Officer, Permanent Observer Mission of Palestine to the United Nations |

**Interrogatory No. 4:**  List and describe every news interview, press conference, and public lecture, debate and/or panel discussion, in which employees of the D.C. Office and the New York Office participated during the Relevant Period, including the date, location and host (i.e. the person or entity that sponsored or hosted the event or conducted the interview) of each such event.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including, without limitation, General Objection Nos. 3-9.  Defendants further object to the Interrogatory on the grounds that it uses the undefined and vague term "employees."  In addition, Defendants object to the Interrogatory to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

Neither the D.C. Office nor the New York Office of the PLO maintains records of "every news interview, press conference, and public lecture, debate and/or panel discussion, in which employees of the D.C. Office and the New York Office participated during the Relevant Period." Pursuant to its obligations under the Foreign Agents Registration Act, every six months, beginning in September 1998 and throughout the remainder of the Relevant Period, the PLO

934338.1

submitted to the U.S. Department of Justice a Supplemental Statement Pursuant to Section 2 of the Foreign Agents Registration Act of 1938 ("FARA"), as amended, (hereinafter "Supplemental Statement"). This semi-annual Supplemental Statement includes a schedule listing the public appearances, lectures, interviews, and other activities in with the PLO Mission to the United States participated during the preceding six month period. Copies of those statements covering the April 1, 1998, through January 16, 2004 period are provided in response to Document Request No. 5. Accordingly, pursuant to Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be derived or ascertained from the documents Defendants have produced in response to Plaintiffs' written discovery requests. The Supplemental Statements also are publicly available. The Department of Justice provides Internet access to the FARA Supplemental Statements through its website www.usdoj.gov/criminal/fara. Additional responsive documents also have been provided in response to Document Request No. 5.

As noted, the Permanent Observer Mission of Palestine to the United Nations (the New York Office), does not maintain records of "every news interview, press conference, and public lecture, debate and/or panel discussion, in which employees of the D.C. Office and the New York Office participated during the Relevant Period." Additionally, most of such activities would have been conducted by the former ambassador to the Permanent Observer Mission of Palestine to the United Nations, Nasser Al-Kidwa, who no longer is employed at the New York Office and who does not currently possess any calendar, schedule or diary that lists such events in which he participated during the Relevant Period.. Based on publicly-available information, Nasser Al-Kidwa participated in such activities during the Relevant Period, including, but not necessarily limited to, the following appearances:

934338.1

| EVENT | DATE | LOCATION | HOST |
|---|---|---|---|
| Interview | Oct. 15, 2000 | New York | CNN / Joie Chen |
| Interview | Jan. 14, 2001 | New York | News Forum / Gabe Pressman |
| Interview | Jan. 21, 2001 | Dallas, TX | The Dallas Morning News / Todd Bensman |
| Interview | Nov. 25, 2001 | New York | CNN / Wolf Blitzer |
| Interview | Mar. 8, 2002 | Unknown | CNN / Wolf Blitzer |
| Interview | Mar. 16, 2002 | In studio | CNN / Richard Roth |
| Interview | Mar. 21, 2002 | Unknown | MSNBC / Hardball / Chris Matthews |
| Interview | Apr. 3, 2002 | New York | CNN / Paula Zahn |
| Interview | Apr. 4, 2002 | New York | CNN / Fredricka Whitfield |
| Interview | Apr. 5, 2002 | Unclear from transcript | MSNBC / Hardball / Chris Matthews |
| Interview | Apr. 8, 2002 | Unclear from transcript | CNN / Paula Zahn |
| Interview | Apr. 12, 2002 | New York | CNN / Paula Zahn, Chris Burns |
| Interview | Apr. 13, 2002 | New York | CNN / Wolf Blitzer |
| Interview | Apr. 14, 2002 | Unknown | NBC News / Tim Russert |
| Interview | Apr. 15, 2002 | Unknown | CNN / Paula Zahn |
| Interview | June 30, 2002 | Unknown | NBC / Tim Russert |
| Interview | Oct. 8, 2002 | Unknown | Fox News / Neil Cavuto |
| Interview | Nov. 24, 2002 | Unknown | CNN / Wolf Blitzer |

934338.1

| Interview | June 2, 2003 | Unknown / in studio | CNBC / Maria Bartiromo |
|---|---|---|---|
| Interview | June 6, 2003 | New York | CNN / Richard Roth (Host) |
| Interview | June 8, 2003 | New York City | WNBC-TV / Gabe Pressman; Jay DeDapper |
| Interview | Sept. 15, 2003 | New York City | Federal News Service |
| Interview | Sept. 19, 2003 | Unknown | CNN / Zain Verjee |
| Interview | Dec. 1, 2003 | Unknown | CNN / Martin Savidge |

Additional information regarding Nasser Al-Kidwa's "activities" during the Relevant Period may be publicly available through the Internet, and is as easily accessible to Plaintiffs as to Defendants.

**Interrogatory No. 5**: List every address at which the D.C. Office operated and its staff worked during the Relevant Period.

**Objections**:

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections. In addition, Defendants object to the Interrogatory to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Answer**:

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

The following are the addresses, and associated approximate time periods, at which the PLO Mission to the United States (the D.C. Office) operated and its staff worked during the Relevant Period:

934338.1

| 1998 to mid-2000: | 1730 K Street, N.W.<br>Suite 1004<br>Washington, D.C. 20006 |
| July 2000 to March 2002: | 1717 K Street, N.W.<br>Suite 407<br>Washington D.C. 20006 |
| March 2002 to early 2003: | c/o Mission of the League of Arab States<br>1100 17th Street, N.W.<br>Suite 602<br>Washington, D.C. 20036 |
| Early 2003 to Present: | 1320 18th Street, N.W.<br>Suite 200<br>Washington, D.C. 20036 |

**Interrogatory No. 6**: For each address included in your response to Interrogatory No. 5, provide the full name and address of the owner of the property and the entity which managed the property at the time that the D.C. Office operated and its staff worked at the address.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including, but without limitation, General Objection No. 3. In addition, Defendants object to the Interrogatory to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

The following entities were owners and/or property managers of offices at which the PLO Mission to the United States operated and its staff worked during the Relevant Period:

934338.1

For 1730 K Street Office:

Charles E. Smith Commercial Realty
1776 K Street, N.W.
Suite LL 101
Washington DC 20006

For 1717 K Street Office:

1000 Connecticut Avenue Associates
Address Unknown

Cushman & Wakefield of Washington, D.C., Inc.
1717 K Street, N.W., Suite 504
Washington, D.C. 20036

For 1100 17th Street, N.W.

From March 2002 through early 2003, the PLO Mission to the United States used office
space at the offices of the Mission of the League of Arab States, at 1100 17th Street,
N.W., Suite 602, Washington, D.C. 20036

For 1830 18th Street Office:

Endeka Enterprise LLC
1337 Connecticut Avenue, N.W.
Washington, D.C. 20036

**Interrogatory No. 7:**  List and describe in full all PA Assets in the United States during the
Relevant Period.

**Objections:**

Defendant PA incorporates herein by reference the foregoing General Objections,

including, but without limitation General Objection Nos. 6, 7, 8 and 10.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant

PA states as follows:

In enforcement actions arising from other cases brought against the PA and PLO in the

United States, such as *Estate of Aharon Ellis v. Swiss American Securities, Inc.*, No. 07-03952

934338.1

(SDNY) (VM), Plaintiffs' counsel is arguing that a sub-custodial account of the Palestinian

Pension Fund for the State Administrative Employees in the Gaza Strip ("Palestinian Pension

Fund") held by Swiss American Securities, Inc., ("SASI") in New York should be treated as a

PA asset for purposes of enforcing a judgment against the PA.  Similarly, Plaintiffs' counsel is

arguing in such cases, principally, *Strachman v. Palestinian Authority*, No. 3:05-mc-00208 (D.

Conn.) (PCD), that the Palestine Investment Fund's interests in Canaan II Equity Offshore CV

and Canaan III Equity Offshore CV (which at one time were owned indirectly by the PA) should

be treated as a PA asset for purposes of enforcing a judgment against the PA.  Counsel for the

Palestinian Pension Fund and Palestine Investment Fund are contesting claims that these assets

can be treated as PA assets, and the courts have yet to decide the issue.

  During the period February 16, 1998, to December 31, 2002, the PA owned a Palestinian-

based entity called the Palestine Commercial Services Company ("PCSC"), which, in turn, at

certain times during that period owned or held interests in various entities or funds the assets of

which included investments located in or managed from the United States.  Those investments of

PCSC in U.S.-related entities or funds at certain times during that period included investments

in: (1) Chalcedony, LLC; (2) Evergreen Partners U.S. Direct Fund III, L.P.; (3) SilverHaze

Partners, LLP; (4) The Onyx Fund LLC; and (5) Darnel Limited.  Pursuant to a decree of the

President of the Palestinian Authority on October 1, 2000, PCSC, including its ownership of

interests in the U.S.-related entities or funds referenced above and, in turn, their U.S.-related

assets, was transferred to PIF, which commenced operations on January 1, 2003.  The value of

the investments listed above varied during the period February 16, 1998, to December 31, 2002.

As of December 31, 2003, following the transfer of PCSC and its assets to PIF, the Standard &

Poor's estimated values of PCSC's total investments in the U.S.-related entities or funds

referenced above were reported by PIF as follows: (1) Chalcedony, LLC ($4,000,000); (2)

Evergreen Partners U.S. Direct Fund III, L.P. ($2,300,000); (3) SilverHaze Partners, LLP

($260,000); (4) The Onyx Fund LLC ($920,000); (5) Darnel Limited ($6,600,000); (6) Canaan II

Equity Offshore CV ($1,100,000); and (6) Canaan III Equity Offshore CV ($3,600,000). It is

uncertain at this time what the actual values were during the period February 16, 1998, to

December 31, 2002, for the U.S.-based assets held by the U.S.-related entities or funds

referenced above. At this time, the PA is not aware of any bank accounts or other assets located

in the United States during the period February 16, 1998, to January 16, 2004, that were titled in

the name of the PA.

**Interrogatory No. 8**: List and describe in full all PLO Assets in the United States during the
Relevant Period.

**Objections**:

      Defendant PLO incorporates herein by reference the foregoing General Objections,

including, but without limitation General Objection Nos. 6, 7, 8 and 10.

**Answer**:

      Subject to and without waiving the foregoing General and Specific Objections, Defendant

PLO states as follows:

      A.      During the Relevant Period, the PLO owned the office and residence used by the

Permanent Observer Mission of Palestine to the United Nations. The office/residence is located

at 115 East 65th Street, New York, New York 10021-7006. In August 12, 1998, the property was

appraised and was estimated to have a market value of $1,100,000.00, of which sum $300,000

was allocated to the value of the land. The appraisal has been produced in response to Document

Request No. 3. As of January 15, 2005, the City of New York Department of Finance listed the

934338.1

market value for tax year 7/1/04 through 6/30/05 as $4,690,000. This Notice of Property Value also has been produced in response to Document Request No. 3.

      B.     During the Relevant Period, the Permanent Observer Mission to the United Nations had a checking account at Chase Manhattan Bank, Account No. 015-005844. The monthly ending balance in the account varied over the Relevant Period, from a high of $143,499.36 to a low of $837.59. Account statements for the relevant period are being provided in response to Document Request No. 3.

      C.     During the Relevant Period, The PLO Mission to the United States had checking accounts at Riggs Bank, First Union Bank (later, Wachovia Bank), and may have had an account at Bank of America. Plaintiffs have subpoenaed all PA/PLO bank records from these banks. The PLO Mission to the United States does not have bank account records for the 1998-2001 period. Bank account statements for the 2002 through January 2004 time period are among the documents produced in response to Document Request No. 1.

      D.     At least as of January 29, 2003, it appears there may have been a CD at Riggs Bank controlled by the PLO Mission to the United States or Hasan Abdel Rahman but the PLO is continuing to investigate.

      E.     At this time, the PLO is not aware of any assets in the United States that the PLO owned during the Relevant Period other than the assets described in paragraphs A-D, above.

**Interrogatory No. 9:** List all telephone numbers (including fax lines and mobile or cellular phone numbers) in the United States, whether or not listed under the name of the PA or PLO, which were owned, subscribed to and/or paid for by the PA and PLO during the Relevant Period.

**Objections:**

      Defendants PA and PLO incorporate herein by reference the foregoing General Objections, including, and without limitation General Objections 3, 4, 6, 7, and 8.

934338.1

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

The PLO Mission to the United States does not have telephone records for the 1998-2001 time period. Throughout the Relevant Period, the D.C. Office had a variety of telephone lines. In addition, the D.C. Office reimbursed certain employees for their cell phone usage and reimbursed Hasan Abdel Rahman for the telephone lines at his residence. The telephone and cell phone numbers for which the PLO Mission to the United States paid or provided reimbursement during the January 2002 through January 2004 period are listed below.

202-293-3379

202-331-1252

202-530-9868

202-785-0382

202-785-1596

202-785-4216

202-785-8110

202-785-8360

202-785-8364

202-785-8365

202-785-8394

202-785-8396

202-785-8755

202-669-9925

934338.1

202-887-1840

202-887-5337

202-887-8096

202-974-6278

202-974-6357

202-974-6358

202-974-6360

202-974-6376

202-974-6377

202-974-6378

202-974-6380

202-361-8536

703-821-0656

703-288-3482

703-821-0649

(202) 236-3858

(202) 390-2833

(202) 460-3387

(202) 415-4171

(503) 380-0886

(571) 338-1338

During the Relevant Period, the Permanent Observer Mission to the United Nations' New York Office had the following telephone lines:

934338.1

Office Phone Line: 212-288-8500

Office Fax Line -- 212-517-2377

Additionally, Nasser Al-Kidwa also had a cell phone during the Relevant Period, and other employees of the New York Office also likely had cell phones and were reimbursed by the New York Office for some or all of the costs associated with use of those cell phones.

At this time, the PA is not aware of any telephone numbers, other than those listed above, that were owned, subscribed to and/or paid for by the PA or PLO during the Relevant Period.

**Interrogatory No. 10:** If you deny that Nasser Al-Kidwa is currently an officer, director or managing agent of the PA and/or PLO, identify and describe Nasser Al-Kidwa's current position, job and/or role in the PA and PLO, including full details of his job description, title, authority, activities and responsibilities. You are not required to answer this interrogatory if you admit that Nasser Al-Kidwa is currently an officer, director or managing agent of the PA and/or PLO.

**Objections:**

Defendants PA and PLO incorporate herein by reference the foregoing General Objections. In addition, Defendants PA and PLO object to this Interrogatory on the ground that, as potentially construed, the terms, "officer, director or managing agent," are vague and ambiguous or require a legal conclusion.

**Answer:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PA states as follows:

At various times, Dr. Nasser Al-Kidwa has been an advisor to the President of the Palestinian Authority on various issues, and Dr. Al-Kidwa currently serves in that capacity when and as he receives requests from the President of the Palestinian Authority. Dr. Al-Kidwa does not maintain an office in the Palestinian Authority. Dr. Al-Kidwa receives salary payments from

934338.1

the Palestinian Authority. Dr. Al-Kidwa is not currently an "officer, director or managing agent" of the PA, as the PA understands those terms.

Nasser Al-Kidwa currently is the Chairman of the Board of the Yasser Arafat Foundation. The Yasser Arafat Foundation was established by Presidential Decree. It has an independent Board of Trustees and receives funding from individual and institutional donors, including, but not limited to, the PA.

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO states as follows:

Nasser Al-Kidwa currently is the Chairman of Board of the Yasser Arafat Foundation. The Yasser Arafat Foundation was established by Presidential Decree. It has an independent Board of Trustees and receives funding from individual and institutional donors, including, but not limited to, the PA.

Dr. Al-Kidwa is a legislative member of the PLO National Council and the PLO Central Council. He is not a member of the PLO Executive Committee. He does not receive a salary from the PLO relating to his service on the Palestinian National Council and the PLO Central Council and he does not maintain an office in the PLO. Dr. Al-Kidwa is not currently an "officer, director or managing agent" of the PLO, as the PLO understands those terms.

**Interrogatory No. 11:** If you deny that Hassan Abdel Rahman is currently an officer, director or managing agent of the PA and/or PLO, identify and describe Hassan Abdel Rahman's current position, job and/or role in the PA and PLO, including full details of his job description, title, authority, activities and responsibilities. You are not required to answer this interrogatory if you admit that Hassan Abdel Rahman is currently an officer, director or managing agent of the PA and/or PLO.

**Objections:**

Defendants PA and PLO incorporate herein by reference the foregoing General Objections.

934338.1

**<u>Answer:</u>**

Subject to and without waiving the foregoing General and Specific Objections, Defendant

PLO states as follows:

Hasan Abdel Rahman currently is the PLO's Ambassador to Morocco. Ambassador

Rahman is not currently an "officer, director or managing agent" of the PLO, as the PLO

understands those terms.

934338.1

As to Objections:


Dated: January 29, 2009

Mark J. Rochon
Richard A. Hibey
MILLER & CHEVALIER CHARTERED
655 15th Street, N.W., Suite 900
Washington, D.C. 20005
Email: rhibey@milchev.com
Email: mrochon@milchev.com
(202) 626-5800 (phone)
(202) 626-5801 (facsimile)

*Admitted Pro Hac Vice*
*Counsel for Defendants PA and PLO*

26

934338.1

## VERIFICATION

I hereby declare, under the penalty of perjury under the laws of the United States of America, that the factual information contained in the foregoing answers of the Palestinian Authority dated January 29, 2009 to the Plaintiffs' Personal Jurisdiction Interrogatories in the case of *Sokolow v. The Palestine Liberation Organization, et al.,* C.A. No. 04cv397 (S.D.N.Y.) (GBD) (RLE) is true and correct based on my personal knowledge, information and belief or on information and documents gathered by, or presently available to, the Palestinian Authority.

As to Answers of PA:                    THE PALESTINIAN AUTHORITY

Dated: 22 / 2 / 2009        By _____
                                          Mazen Saleem Jadallah

## VERIFICATION

I hereby declare, under the penalty of perjury under the laws of the United States of America, that the factual information contained in the foregoing answers of the Palestine Liberation Organization dated January 29, 2009 to the Plaintiffs' Personal Jurisdiction Interrogatories in the case of *Sokolow v. The Palestine Liberation Organization, et al.*, C.A. No. 04cv397 (S.D.N.Y.) (GBD) (RLE) is true and correct based on my personal knowledge, information and belief or on information and documents gathered by, or presently available to, the Palestine Liberation Organization.

As to Answers of PLO:          THE PALESTINE LIBERATION ORGANIZATION

Dated: 25 Feb. 2009          By  Yasser Abed Rabbo

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of January, 2009, a true and genuine copy of the foregoing was sent by electronic mail and first class mail, postage prepaid to the following:

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
Djs@mtlhlaw.com
*Attorneys for Plaintiffs*

Olimpio Lee Squitieri
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022
Phone: (212) 421-6492
Fax: (212) 421-6553
Lee@sfclasslaw.com
*Attorneys for Plaintiffs*

28

934338.1