UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.

          Plaintiffs,

v.                                                   1:04-cv-00397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.

          Defendants.

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION

Pursuant to the order entered by this Court on May 12, 2009, plaintiffs hereby move for an order directing the defendants to produce the document designated by them as Document No. 02:000568 (the "Document"). In support of their motion the plaintiffs state as follows:

1)    On May 12, 2009 this Court entered an order requiring the defendants to serve their renewed motion to dismiss for lack of personal jurisdiction by May 29, 2009, and requiring the plaintiffs (after having had an opportunity to review defendants' renewed motion to dismiss) to file any motion to compel compliance with the discovery requests served in this matter on December 1, 2008 ("December 1 Requests") by no later than June 8, 2009.

2)    On June 8, 2009, at 9:05 am, plaintiffs notified defendants that they would forgo any motion to compel compliance with the December 1 Requests, provided that defendants agree to produce the Document upon entry of a protective order in this action. Exhibit A. Plaintiffs' request arose because the Document is subject to a protective order issued in a matter pending in the Supreme Court, New York County, *Ungar v. Palestinian Authority*, Index No. 10210/06, and the defendants had previously informed plaintiffs that they would not produce the Document

until (1) a protective order is entered in this action and (2) "Defendants are assured its production will not violate the existing Protective Order." *See* Exhibit B at 7.

3) While plaintiffs have no objection to the entry of a protective order in this action in respect to the Document (though they do not believe there is any reason therefor), they strongly object to defendants' second condition – i.e. that defendants become "assured" (whatever that means) that the production will not violate the protective order entered in *Ungar*. Plaintiffs object to this second condition because it is illogical and, indeed, absurd. The protective order entered in *Ungar* case was the result of a stipulation entered by third parties who are not parties to the instant case, and that order therefore obviously binds only those parties. In so-ordering the stipulation in *Ungar*, the New York Supreme Court did not purport to – and could not – render the Document confidential or privileged *erga omnes*.

4) Accordingly, plaintiffs requested that the defendants confirm that they would drop their utterly baseless second condition for production (i.e. becoming "assured" that the protective order in *Ungar* does not prohibit production) and condition production of the Document solely on entry of a protective order in this action. Exhibit A.

5) Because the last date on which plaintiffs can move to compel is today, plaintiffs' counsel requested that defendants notify him of their position by noon today, so that he could timely file a motion to compel if necessary. Exhibit A.

6) Unfortunately, despite this eminently reasonable request, which was reiterated in a follow-up phone call between plaintiffs' undersigned counsel and defendants' counsel Charles McAleer on the afternoon of June 8, defendants counsel have *refused* to either state their position *or provide plaintiffs' counsel with a time on June 8 by which their position will be provided.*

7) Given the deadline provided in the May 12 order, and facing the prospect of waiting until late in the evening of June 8 before receiving defendants' position – if at all – plaintiffs have been left with no choice but to file the instant motion.

8) The grounds for the instant motion are simple, straightforward and overwhelming: defendants are in possession of an admittedly responsive document (*see* Exhibit B at 7) which they have frivolously refused to produce until they are "assured" that production of the document does not violate a stipulated protective order entered in another action. Defendants are not parties to that so-ordered stipulation, and thus they have no basis to refuse to produce the Document.

**WHEREFORE**, plaintiffs' motion should be granted, and defendants should be ordered to produce the Document immediately upon entry of an agreed protective order in respect thereto in this action.

Plaintiffs, by their Attorneys,

_____/S/_____
David J. Strachman
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

Lee Squitieri
Squitieri & Fearon
32 East 57th Street, 12th Floor
New York, NY 10022
(212) 421-6492
(212) 421-6553 (fax)