IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | Civil Action No. 04cv397 (GBD) (RLE) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Without citing a single discovery request at issue and without having timely and properly engaged in pre-filing meet and confer discussions, Plaintiffs move to compel production of a one-page document, No. 02-000568, the existence of which was referenced by the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants") in their written responses regarding personal jurisdiction discovery. (Dkt. Nos. 68, 69). For the reasons set forth below, Plaintiffs' motion to compel is procedurally and substantively defective and should be denied.

### Summary of Relevant Background

The document at issue is a one-page summary of assets of the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip ("Pension Fund"), not Defendants. It was apparently produced a few years ago by the Pension Fund to David Strachman, Esq., counsel for Plaintiffs here, in Mr. Strachman's capacity as a party in an unrelated post-judgment collection action pending against the Pension Fund in New York state court, styled *Estate of*

*Ungar By and Through Its Administrator David Strachman, et al. v. Palestinian Authority, et al.*, No. 102101/06 (Supreme Court for the State of New York, County of New York) ("*Pension Fund Action*").[1] The documents bears a Pension Fund bates number PPF 0029719 and a "CONFIDENTIAL MATERIAL" stamp.

As Plaintiffs acknowledge in their motion to compel,[2] the document was produced by the Pension Fund in the *Pension Fund Action* pursuant to a stipulated protective order issued by the court in that case which restricted the use and disclosure of that document. Counsel for Defendants received a copy of this document *only* because it was electronically and publicly filed 11 months ago by one of Mr. Strachman's attorneys in the *Pension Fund Action* (Robert Tolchin) on behalf of unrelated plaintiffs in an unrelated matter against Defendants PA and PLO, styled *Mohamad v. Rajoub*, No. 1:05-cv-08335-LAP (SDNY). *See* Dkt. No. 44-11 in that action. Defendants here are not in a position to assess whether Mr. Tolchin violated the stipulated protective order in the *Pension Fund Action* when he publicly filed the document in his capacity as plaintiffs' counsel in *Mohamad v. Rajoub*.

On December 1, 2008, Plaintiffs served personal jurisdiction discovery in this action, including requests for documents. Request for Documents No. 3 asked for "All documents evidencing and/or documenting the existence and value of any and all PA Assets and PLO Assets in the United States during the Relevant Period." *See* Dkt. No. 68-3 at 7. On January 29, 2009, Defendants responded to Request for Documents No. 3 by producing information and

---

[1] In the *Pension Fund Action*, Mr. Strachman, as administrator for the Estate of Yaron Ungar, which has a judgment against the PA and PLO, is seeking turnover of Pension Fund assets. The Pension Fund opposes the turnover on the grounds that its assets may not be used to satisfy a judgment against the PA because it is a separate juridical entity and not an alter ego of the PA.

[2] Dkt. No. 68 at 2.

documents relating to Defendants' assets in the United States during the six-year period preceding the filing of the complaint. Knowing that Mr. Strachman has taken the position in the *Pension Fund Action* that Pension Fund assets are PA assets -- a position the PA vigorously contests -- counsel for the PA acknowledged the existence of Document 02:000568 in response to Request for Document No. 3 by referencing the document. In order to avoid any discovery dispute, such as the one manufactured by Mr. Strachman in this motion to compel, Defendants stated the following in their response to Request for Document No. 3: "Document No. 02:000568 has been withheld from production because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. It will be produced once a Protective Order is in place in this action and Defendants are assured its production will not violate the existing Protective Order." *Id.* at 7.

On March 29, 2009, three months after Defendants provided their objections and responses to the Plaintiffs' request for documents and produced various documents to Plaintiffs, Plaintiffs' counsel sent a letter to the undersigned identifying alleged deficiencies in the Defendants' document production. With respect to the document at issue, Plaintiffs stated: "Defendants object to providing confidential and protected documents but have failed to identify (other than document 02:000568) which documents they are withholding and have failed to produce." Exh. 1 at 4. Defendants promptly responded on April 1, 2009, and explained: "[W]e previously explained that Document No. 02:000568 was withheld from production because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. We are willing to discuss this issue with your further. It is likely you are already in possession of this document." Exh. 2 at 3.

Given that the document was a Pension Fund document which Defendants' counsel possessed only as a result of a possible breach of a stipulated protective order, Defendants had no wish to compound any breach of confidentiality. Rather than producing the document, Defendants identified the document to Mr. Strachman as one that he already possesses and offered to discuss the matter further. At no time did the PA ever state or concede that Document 02:000568 was a document of the PA, was in the possession of the PA, was responsive to Document Request No. 3 as a document of the PA, or reflected assets of the PA.[3]

Plaintiffs' counsel neither called nor responded in writing to Defendants' April 1 letter. Indeed, Defendants heard nothing further from Plaintiffs regarding this document until the morning of June 8, 2009, the deadline for Plaintiffs to file a motion to compel regarding Defendants' January 29, 2009 discovery responses, as set by the Court in an order entered weeks before. *See* Order dated May 13, 2009 (Dkt. No. 65). On June 8, Plaintiffs' counsel sent a letter to counsel for Defendants in which he threatened to file a motion to compel unless, by noon that day, Defendants agreed to (1) produce the document subject to a protective order in this action, and (2) drop any condition regarding the need for assurances that Defendants did not have the document only through Mr. Tolchin's possible violation of the stipulated protective order in the *Pension Fund Action*. *See* Dkt. No. 68-2 at 2 (June 8, 2009, letter from Mr. Strachman to Messrs. Hibey and Rochon).

Accordingly, rather than following up on the April 1 response from Defendants, Plaintiffs waited until June 8, 2009, the deadline for filing any motions to compel, and insisted on an immediate response. Defense counsel represents the PA and PLO in ten different actions. On

---

[3] In fact, Defendants made very clear in their Objections and Responses to Plaintiffs' discovery requests that, "[b]y producing documents in response to the Requests, Defendants are not conceding that particular . . . assets are those of the PA or PLO, rather than those of third parties." Dkt. No. 68-3 at 3.

the Monday morning Mr. Strachman sent his demand letter, the defense counsel who handle the personal jurisdiction discovery issues in this case, were (1) in a meeting out of the office; (2) in the first day of a jury trial; and (3) just back in the office from week-long business travel. Having not looked at the issues surrounding the disputed document for a matter of months, counsel informed Mr. Strachman at 12:04 p.m. that they could not respond by noon but would later that day. Exh. 3. When Mr. Strachman telephoned Charles McAleer, one of Defendants' attorneys who had been out of the office the entire morning at a meeting, at approximately 1:45 p.m., Mr. McAleer stated his understanding that another one of Defendants' attorneys, Laura Ferguson, would be responding substantively that day to Mr. Strachman's letter. At no time during that telephone call did Mr. McAleer ever state that Defendants were refusing to respond to Mr. Strachman's letter.

After confirming that counsel for Defendants had possession of the document only because it was filed by Mr. Tolchin in the *Mohamad v. Rajoub* matter in possible violation of the stipulated protective order in the *Pension Fund Action*, Defendants informed Mr. Strachman by email at 3:08 p.m. that Mr. Strachman already had a copy of the document and Defendants therefore assumed he no longer needed a copy. Exh. 4. Defendants specifically identified the document using its *Pension Fund Action* bates number and also provided the precise docket information for the document's filing in the *Mohamad v. Rajoub* action. Given that (1) the document is not a PA or PLO document, (2) Plaintiffs' counsel already has a copy of the document, and (3) the document is publicly available through PACER as a result of its filing in the *Mohamad v. Rajoub* action, Defendants did not, and do not, believe they are required to do more.

968517.1

Simultaneous with the sending of that email, Mr. Strachman filed his motion to compel (at 3:08 pm). Dkt. No. 68. Defense counsel has since asked Mr. Strachman to withdraw his motion but he has declined to do so.

## Argument

Based on the foregoing facts and circumstances, Plaintiffs' motion to compel should be denied for various reasons.

1. The Plaintiffs failed to engage in timely meet and confer discussions and unreasonably filed their motion to compel. As the foregoing demonstrates, Plaintiffs inexplicably failed to respond to Defendants' April 1, 2009, letter regarding the document at issue and instead waited 68 days, until the deadline for filing motions to compel, to contact Defendants on this issue. Permitting Plaintiffs to proceed with their motion to compel under such circumstances would render the obligation of a movant to confer in good faith before filing a motion to compel hollow. *See* Fed. R. Civ. P. 37(a)(1).

2. The Plaintiffs failed to set forth in their motion to compel the specific discovery request to which they contend Document 02:000568 is responsive and had to be produced pursuant to Fed. R. Civ. P. 34. In fact, the foregoing indicates that the document is a document of the Pension Fund, not the PA, that the document was produced by the Pension Fund, not the PA, and that the document itself was received by counsel for the PA through PACER, not from the files of Defendants. Under the circumstances, therefore, the Plaintiffs have not sustained their burden to prove a discovery failure by Defendants concerning a specific discovery obligation, within the meaning of Fed. R. Civ. P. 37(a)(3)(B).

3. Even if Document 02:000568 were a document of the PA that Defendants were somehow required to produce pursuant to Fed. R. Civ. P. 34 (which it is not), there could be no

violation by Defendants when Defendants only have the document by virtue of service on their counsel in another lawsuit (*Mohamad v. Rajoub*) in a filing that arguably violated the stipulated protective order in the *Pension Fund Action*. Defendants' prudent desire not to compound the violation of a stipulated protective order in another case cannot result in a finding here that Defendants have violated their discovery obligations to the Plaintiffs. At a minimum, Defendants would be entitled to a directive from this Court that protects Defendants from any possible violation of the stipulated protective order in the *Pension Fund Action*, to which Defendants are not parties. *See* Fed. R. Civ. P. 37(a)(5)(B).

4. In the final analysis, the Plaintiffs' motion to compel presents the absurd situation of counsel for a party moving for an order compelling the production of a document that he already has and that he knows is the subject of a stipulated protective order to which he is a party in another case. There are no circumstances under which such a motion to compel is reasonable or within the parameters of Fed. R. Civ. P. 37.

5. For all of the foregoing reasons, the Defendants respectfully submit that the Plaintiffs' motion to compel was not and is not "substantially justified" within the meaning of Fed. R. Civ. 37(a)(5)(B).

WHEREFORE, on the basis of the foregoing, Defendants request that the Court deny Plaintiffs' motion to compel.

968517.1

                                  Respectfully Submitted,

June 10, 2009

                                  /s/ Mark J. Rochon
                                  Mark J. Rochon
                                  Richard A. Hibey
                                  MILLER & CHEVALIER CHARTERED
                                  655 15th St., N.W., Suite 900
                                  Washington D.C. 20005-6701
                                  Ph. (202) 626-5800
                                  Fax: (202)626-5801
                                  Email: mrochon@milchev.com
                                  Email: rhibey@milchev.com

                                  *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

968517.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 10th day of June, 2009, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following counsel of record:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Phone: (401) 351-7700
>Fax: (401) 331-6095
>Email: djs@mtlhlaw.com
>
>Olimpio Lee Squitier
>Squitieri & Fearon, LLP
>32 East 57th Street, 12th Floor
>New York, NY 10022
>Phone: (212) 421-6492
>Fax: (212) 421-6553
>Email: lee@sfclasslaw.com
>
>*Attorneys for Plaintiffs*
>
>            /s/ Mark J. Rochon

968517.1