# EXHIBIT 1

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT I. SGROI ‡

Also member
‡ New York Bar
* Massachusetts Bar
Δ Florida Bar

March 29, 2009

BY EMAIL AND FAX: 202-626-5801

Mark Rochon
Richard Hibey
Miller & Chevalier
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

    Re:    *Sokolow et al. v. Palestine Liberation Organization et al.*,
            Civ. No. 04-397 (GBD)

Dear Counsel,

    We are still awaiting translations of the Arabic-language documents produced by the defendants in this case. However, in light of the forthcoming conference, I write now to set forth the deficiencies and compliance failures in defendants' production of English-language documents in this case. We reserve the right to assert further deficiencies once the translations are received.

    Defendants' deficiencies and compliance failures are as follows:

1)    The defendants object to the document requests on grounds of privilege, but have failed to produce a privilege log.

        Plaintiffs therefore demand that defendants produce a privilege log as required by the Federal Rules.

2)    The defendants sweepingly object to the document requests on numerous other grounds besides privilege, but have given no indication as to what documents, if any, they are withholding on the basis of these general boiler-plate objections.

        Plaintiffs therefore demand that defendants identify the documents, if any, they are withholding on the basis of their objections.

3) The defendants have unilaterally decided to treat document requests seeking information regarding the D.C. Office and the New York Office "as directed only to Defendant PLO as these offices are offices of the PLO, not the Palestinian Authority." *See Introduction* at ¶ 5.

Defendants have no legal or factual basis to treat the document requests as directed solely to the PLO because (i) the defendants have no authority to override the plaintiffs' decision to address the requests to both defendants, (ii) the fact that the D.C. Office serves as the office of both the PA and PLO was already established in the matter of *Ungar v. PA*, and the defendants are collaterally estopped from arguing otherwise, (iii) even assuming purely *arguendo* that the defendants are not estopped by *Ungar*, the question of whether the defendants' offices in the U.S. serve as offices of both the PA and the PLO is one of the issues in dispute between the parties and which the instant discovery is meant to resolve, and defendants' position therefore prejudges the ultimate issue and (iv) defendants' interrogatory answers concede that both the D.C. and New York offices were used by officers and employees of both the PA and the PLO.

Plaintiffs therefore demand that the defendants provide the PA's responses to the document requests regarding the D.C. Office and the New York Office.

4) The defendants' response to Request #1 is deficient for the following reasons:

   a. The defendants have admittedly refused to produce any "books of account, financial records and/or reports of income and expenditures" for the period 1998-2001, or May 2002. Defendants fail to identify (1) where these documents are located, (2) why the DC office did not retain them, (3) what steps defendants have undertaken to obtain the requested documents in order to comply with their discovery obligations in this case, (4) why their accountant has not provided them, and (5) whether they have even sought to obtain these documents.

   b. The defendants acknowledge that "additional books and records" of their DC office have been transferred to Jordan but fail to (1) identify the documents, (2) support their allegation that the request is "unnecessarily burdensome and expensive to obtain," (3) explain why and when the requested documents were removed to a foreign country, (4) explain why and when the requested documents were transferred to the control of the Palestine National Fund.

   c. In violation of this Court's order permitting jurisdictional discovery, the plaintiffs' discovery requests, and the Rules of Procedure, defendants object to providing documents which they admit are available in Jordan merely because they suggest that they have produced "ample information about the nature of the activities of the D.C. office." However, the nature and extent of the defendants' activities in the US is the very subject for which Judge Daniels' authorized

2

discovery. Defendants have no basis to impede and undermine his discovery order.

    d. Defendants object to the request to provide "all" of the responsive documents and freely admit their refusal to fully respond to the request: "the relevant information may be supplied with fewer than 'all' documents" which plaintiffs demand. Defendants have no authority to baldly refuse producing documents requested by plaintiffs and pick and chose what to produce.

    e. Defendants object to providing purportedly "confidential" and "protected" documents but fail to identify the responsive documents they are withholding.

    f. Documents 635-637 and 638-670 have not been produced.

    g. Documents 3573, 4087, 4089, 4091, 4093, 4095, 4097, 4099, 4101, 4103, 4105, 4436, 4438, and 4448 are blank without explanation

    h. No supporting documents (i.e. invoices, bills, and demands for payment) have been produced for the numerous payments to Malea Kiblan and Hanania & Nawash.

Plaintiffs demand that the defendants provide full responses to Request No. 1 as required under the Rules of Procedure and as authorized by Judge Daniels.

5) The defendants' response to Request #2 is deficient for the following reasons:

    a. Defendants' fail to provide any documents requested, with the exception of contracts with Faddakot and Kiblan. Defendants are "bound to furnish relevant information from whatever sources are available to" them. *Skelton & Co. v. Goldsmith*, 49 F.R.D. 128, 130 (S.D.N.Y. 1969). Thus defendants must "gather and obtain from ... **officers or employees, or other sources**, the information necessary..." *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417, 419 (N.D.Ill. 1977) (emphasis added). The defendants do not claim to have even attempted to obtain the contracts and agreements from their employees as required.

    b. Defendants implicitly acknowledge the existence of employment agreements with employees of their New York office but state that their New York office "does not have copies." If responsive documents are in the possession of defendants anywhere in the world and/or in the possession of their current or former employees, defendants have a duty to obtain and produce them.

Plaintiffs therefore demand that the defendants provide full responses to Request No. 2.

6)    The defendants' response to Request #3 is deficient for the following reasons:

3

    a. Defendants' object on the basis that the request is "oppressive, overly burdensome and/or would involve undue financial hardship" is entirely unsupported and thus without merit.

    b. Defendants object to responding fully to the request by alleging that the responsive documents are not within their control. However, defendants are "bound to furnish relevant information from whatever sources are available to" them. *Skelton & Co. v. Goldsmith*, 49 F.R.D. 128, 130 (S.D.N.Y. 1969).

    c. Defendants object that the request is "vague or ambiguous" without any support or even suggestion that they do not comprehend the meaning of the request for documents evidencing "assets" as defined by plaintiffs.

    d. Defendants object to providing confidential and protected documents but have failed to identify (other than document 02:000568) which documents they are withholding and have failed to produce.

    e. Defendants have only produced an eleven year old property appraisal, a 4 year old tax bill and bank statements (not including the period 1998-2001 and May 2002 as indicated above). They must produce all responsive documents pertaining to their US assets.

    f. In violation of Rule 34(b)(2)(E)(i), the defendants fail to "label [the documents] to correspond to the categories in the request" or identify which documents amongst the almost 4000 pages contained in 02:000574-02:0004472 are responsive to this request.

Plaintiffs therefore demand that the defendants provide full responses to Request No. 3 and comply with the requirements of Rule 34(b)(2)(E)(i).

7) The defendants' response to Request #4 is deficient for the following reasons:

    a. Defendants' objection that the request is "oppressive, overly burdensome and/or would involve undue financial hardship" is entirely unsupported and without merit.

    b. Defendants fail to produce any documents concerning the activities of their New York office as required.

Plaintiffs therefore demand that the defendants provide full responses to Request No. 4.

8) The defendants' response to Request #5 is deficient for the following reasons:

    a. Defendants' objection that the request is "oppressive, overly burdensome

4

and/or would involve undue financial hardship" is unsupported and without merit.

b. Defendants object that responsive documents are available to plaintiffs and production imposes an unreasonable burden. Defendants fail to support this objection or indicate which documents are available to plaintiffs or how producing them would be overly burdensome.

c. Defendants object that responsive documents are not within their control. However, defendants are "bound to furnish relevant information from whatever sources are available to" them. *Skelton & Co. v. Goldsmith*, 49 F.R.D. 128, 130 (S.D.N.Y. 1969).

d. Defendants object that the request is "vague or ambiguous" without any support or suggestion that they do not comprehend the meaning of the request for schedules, diaries, and calendars.

e. Defendants fail to indicate whether Nasser Al-Kidwa's schedules, diaries, and calendars are maintained at any location other than their New York office, what attempts they made to obtain these records, and whether they have demanded the documents from Al-Kidwa. Their refusal to comply fully is especially egregious since Nasser Al-Kidwa remains an employee of the defendants and is easily accessible to them.

f. Defendants' attempt to refer the plaintiffs to their FARA submissions is inadequate, since the FARA submissions are vague, contain little to no detail about the events in question, and are not a substitute for the underlying supporting documentation which has been requested.

Plaintiffs therefore demand that the defendants provide full responses to Request No. 5.

Please confirm that the defendants will remedy the above deficiencies immediately.

Sincerely,

David J. Strachman

DJS/do

5