# EXHIBIT 2



Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

April 1, 2009

VIA EMAIL

David J. Strachman, Esq.
McIntyre, Tate & Lynch LLP
321 South Main Street
Suite 400
Providence, RI 02903

Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
C.A. No. 04cv397 (GBD) (RLE) (SDNY)

Dear Mr. Strachman:

I am writing in response to your letter dated March 29, 2009, regarding what you contend are "deficiencies and compliance failures in defendants' production of English-language documents in this case."

As a preliminary matter, I note that we received your March 29 letter two months after Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") served their objections and responses to Plaintiffs' request for documents. Your March 29 letter also comes long after multiple requests to you to specify your prior assertions regarding the sufficiency of the Defendants' January 29 discovery responses. In your March 2 letter regarding Defendants' interrogatory answers, you stated that "[a] list of deficiencies regarding defendants' responses to the requests for production of documents will follow separately later this week." Page 1 n.1. Even that self-imposed deadline was significantly exceeded. Moreover, your March 29 letter does not even purport to address all of your concerns about Defendants' document production, as you "reserve the right to assert further deficiencies once the translations are received."

Pursuant to the Court's endorsed letter order dated November 20, 2008, Plaintiffs were to "file [any] motion to compel no later than 30 days after Defendants' discovery responses," or March 2. Plaintiffs have waited nearly a month after the motion to compel deadline to particularize for the first time their concerns regarding Defendants' objections and responses to the request for documents, and even then only as to the English language documents. Under the circumstances, we view your March 29 letter, and any future motion to compel regarding the Defendants' responses to the request for documents as untimely.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

948943.1



MILLER
CHEVALIER

David J. Strachman, Esq.
April 1, 2009
Page 2

Against that background, I will address each of the contentions in your March 29 letter, with reference to the paragraphs in your letter.

1.    Privilege Log. For purposes of preparing the responses to the request for documents, Defendants did not withhold any responsive documents from disclosure on the basis of the attorney-client privilege, work product doctrine, or other evidentiary privilege. As noted in Defendants' response to Request No. 3, Document No. 02:000568 was withheld from production because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. It will be produced once a Protective Order is in place in this action and Defendants are assured its production will not violate the existing Protective Order.

2.    General Objections. For purposes of preparing the responses to the request for documents, Defendants did not withhold any specific, known information based on the general objections other than the potential Palestine National Fund copies of 1998-2001 books and records of the PLO Mission to the United States. Those documents, assuming they exist, are not being produced pursuant to General Objection 4.

3.    Affiliation of the "D.C. Office" and the "N.Y. Office." A number of Plaintiffs' requests for documents asked for records for the D.C. Office and the N.Y. Office. Unless otherwise noted in our responses, those documents are in the possession, custody and control of the PLO, so the PLO produced the documents. We are not aware of any additional responsive documents regarding the activities of the D.C. Office and the N.Y. Office in the possession, custody, or control of the PA.

4.    Document Request No. 1. Defendants produced the D.C. Office's books and records for 2002 (excluding May), 2003, and January 2004. Neither the D.C. Office nor the D.C. Office's accountant has additional books and records for the Relevant Period. The D.C. Office is a small office and has changed offices three times during the Relevant Period. It is thus not surprising that the D.C. Office did not maintain books and records dating back to the 1998-2001 period. The D.C. Office's current accountant does not have 1998-2001 books and records for the D.C. Office because he was not working for the D.C. Office at that time. With respect to whether Defendants should search for additional books and records in Amman, Jordan, Defendants stand by General Objection 4. The documents already produced provide Plaintiffs with ample information regarding the activities of the D.C Office.

Regarding item (f) - documents 02-000635-670, we are not sure why you did not receive them. I am sending them as attachments to this letter.

Regarding item (g) - the blank pages -- this apparently resulted from a copy error. Some of the documents being copied were double sided, while most were single-sided. Apparently,



David J. Strachman, Esq.
April 1, 2009
Page 3

the copying service forgot to switch from double-sided to single-sided copies at the appropriate times so both sides of some single-sided copies were copied, resulting in the blank pages.

5.    Document Request No. 2. Defendants provided all of the written contracts available at the D.C. or N.Y. Office. Many of the employees did not have written contracts. We also understand that any written contracts would have been substantially similar to the contracts Defendants produced. More importantly, this level of detail is not necessary for purposes of personal jurisdiction discovery. The existence and number of U.S. employees of the PA and PLO is relevant to the personal jurisdiction inquiry. Defendants have provided that information. The employment contracts are not sufficiently relevant to the personal jurisdiction discovery that Defendants are inclined to ask employees to search their home files. *See* General Objection 4.

6.    Document Request No. 3. You identify six alleged deficiencies with our response to Plaintiffs' request for PA and PLO assets in the United States during the Relevant Period. Your first three alleged deficiencies relate to your taking issue with our general objections. Defendants did not withhold any specific, known information based on the general objections. With respect to item (d), we previously explained that Document No. 02:000568 was withheld from production because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. We are willing to discuss this issue with you further. It is likely you are already in possession of this document. With regard to item (e), it is our understanding that the only U.S. assets of the PA and PLO during the Relevant Period are those identified in our answers to Interrogatories No. 7 and 8. With regard to item (f), Defendants directed Plaintiffs to 02:000574-02:0004472 because those are the books and records of the PLO Mission to the United States.

7.    Document Request No. 4. This request asked for "documents constituting, evidencing and/or documenting any and all contracts and agreements to which the PA and or PLO were or are a party" during the Relevant Period where there is a U.S. aspect to the contract. You allege as a deficiency that the New York office did not produce any responsive documents. Defendants' response identified the sorts of contractual relationships into which the N.Y. Office would have entered during the Relevant Period. It is our understanding that the N.Y. Office does not have copies of any such contracts -- even assuming the arrangements resulted in written contracts -- from the Relevant Period. Again, Defendants do not agree that Plaintiffs need the actual contract to make out their case for personal jurisdictional discovery.

8.    Document Request No. 5. This request asked for "[a]ll schedules, diaries and/or calendars evidencing and/or documenting the activities of Hassan Abdel Rahman and Nasser Al Kidwa during the Relevant Period. Your first four alleged deficiencies relate to your taking issue with our general objections. Defendants did not withhold any specific, known information based on the general objections. Defendants provided you with all responsive documents under

Miller & Chevalier Chartered



MILLER
CHEVALIER

David J. Strachman, Esq.
April 1, 2009
Page 4

their possession, custody, or control. The D.C. Office provided all responsive documents in its possession, custody, and control from the Relevant Period. The New York Office does not maintain records of Dr. Al Kidwa's activities from the 1998-January 2004 period. Ambassador Abdel Rahman and Dr. Al Kidwa also do not have records of their activities on behalf of the D.C. or New York Offices during the Relevant Period. Defendants went beyond their obligations in collecting the FARA registration statements from the Responsive Period and in collecting information regarding Dr. Al Kidwa's speaking engagements. Plaintiffs have ample information about Ambassador Abdel Rahman's and Dr. Al Kidwa's public appearances and are free to gather additional information from publicly available sources.

I am available to discuss the foregoing if you would like. In the meantime, the Defendants believe that they have fully complied with their obligations under Fed. R. Civ. P. 34 regarding their responses to the Plaintiffs' personal jurisdiction request for documents, and that any motion to compel by the Plaintiffs regarding those responses would be untimely and unfounded.

Sincerely,

Mark J. Rochon

cc:    Olimpio Squitieri, Esq.
       Richard A. Hibey, Esq.

Miller & Chevalier Chartered

948943.1