**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, et al.

        Plaintiffs,
   v.                                                                              1:04-cv-00397-GBD

THE PALESTINE LIBERATION ORGANIZATION, et al.

        Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL**

On January 29, 2009, the defendants filed objections to plaintiffs' request for production of documents which stated in relevant part:

> Document No. 02:000568 has been withheld from protection [sic] because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. It will be produced once a Protective Order is in place in this action and Defendants are assured its production will not violate the existing Protective Order.

Exhibit A at 7.

The "enforcement action against the Palestinian Pension Fund" referred to by defendants in the passage quoted above is *Ungar v. Palestinian Authority et al.*, Index No. 102101/06 (Supreme Court, New York County) (hereinafter: "Pension Fund Case") which is a proceeding brought in the context of efforts to enforce the final judgment entered on July 13, 2004 in the matter of *Ungar v. Palestinian Authority*, 00-105L (D.R.I.), which judgment the instant defendants have contumaciously refused to honor.

Undersigned counsel for the instant plaintiffs is also counsel for the plaintiffs in *Ungar*.

Some 100,000 un-indexed documents have been produced and are subject to the Protective Order entered in the Pension Fund Case. Obviously, no one – neither the undersigned nor local counsel representing the Ungar plaintiffs in the Pension Fund Case – has memorized or could possibly memorize the contents of 100,000 documents. Yet, defendants' objections gave no hint whatsoever as to which of the 100,000 documents in the Pension Fund Case defendants had designated as Document No. 02:000568 and unilaterally withheld.

Plaintiffs knew only that the defendants themselves had acknowledged that at least one of the 100,000 Pension Fund Case documents was responsive to plaintiffs' discovery requests.

Defendants took no further action with respect to producing this document; specifically, they took no steps to put "a Protective Order … in place in this action" or to "assure[]" themselves that production of the document would not violate the existing Protective Order.

Under the May 12, 2009 order of the Court, plaintiffs were required to file any motion to compel compliance with their first set of discovery requests by June 8, 2009. Purely *ex gratia*, plaintiffs' counsel contacted defendants' counsel twice on June 8, to provide the latter with a final opportunity to produce the withheld (and still unidentified) document without judicial intervention.

A 3:05 PM on June 8, having received no substantive response from defendants' counsel despite repeated *ex gratia* requests, and after defendants' counsel Mr. McAleer refused to commit to provide any substantive answer, plaintiffs filed the instant motion to compel production. Dkt. # 58, 59.

Shortly *after* the motion to compel was filed defendants' counsel informed plaintiffs' counsel – **for the very first time** – that the document defendants had withheld and previously identified only as "Document No. 02:000568" was in fact Bates no. PPF 0029719 in the Pension

2

Fund Case. *See* Exhibit B. Defendants also described the withheld document as Dkt. No. 44-11 in the matter of *Mohamad v. Rajoub*, No. 05-CV-08335 (S.D.N.Y.). *See id.*

Plaintiffs reviewed dkt. # 44-11 in the *Mohamad* case and found that it was not designated "PPF 0029719" as defendants claimed, but was simply a series of pleadings without any Bates numbers. After further searching, plaintiffs found that in fact "PPF 0029719" is part of dkt. # 44-10 in the *Mohamad* case.

Moreover, defendants not only misidentified the document in their email to plaintiffs' counsel (sent after the motion to compel was filed) (Exhibit B), but they continued to mislabel and mis-describe the document in their opposition to plaintiffs' motion to compel. *See* dkt. # 70 at 2 (asserting that document 02:000568 is dkt. # 44-11 in *Mohamad*).

Having finally located and examined the document at issue – which defendants identified (inaccurately) only *after* plaintiffs had filed their motion to compel – plaintiffs have concluded that the document is not necessary to their opposition to defendants' renewed motion to dismiss.

Plaintiffs therefore withdraw their motion to compel.

In the meanwhile, the defendants have precipitously filed an opposition to plaintiffs' motion to compel, long before their time to do so had expired.

If defendants had identified the document at issue in their January objections by its PPF Bates number, or at least given plaintiffs several days to consider their course of action after identifying the document (instead of unnecessarily racing to file an opposition), defendants could have spared themselves the preparation and filing of an opposition.

In any event, as stated *supra*, plaintiffs withdraw their motion to compel.

           Plaintiffs, by their Attorneys,

           /s/David J. Strachman
           David J. Strachman
           McIntyre, Tate, & Lynch LLP
           321 South Main Street, Suite 400
           Providence, RI 02903
           (401) 351-7700
           (401) 331-6095 (fax)
           djs@mtlesq.com

  I here by certify that this pleading was sent via ECF on June 16, 2009 to the following counsel of record:

Richard A. Hibey
Mark J. Rochon
Charles F. B. McAleer, Jr.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701

           /s/David J. Strachman