IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | Civil Action No. 04cv397 (GBD) (RLE) |

## DECLARATION OF LAURA G. FERGUSON

Pursuant to 28 U.S.C. § 1746, I, Laura G. Ferguson, declare under penalty of perjury as follows:

1.  I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

2.  I am an attorney licensed to practice law in the District of Columbia and in the Commonwealth of Virginia. I am a member of Miller & Chevalier Chartered, practicing in the District of Columbia.

3.  Miller & Chevalier Chartered represents the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") in a number of suits filed against them in the United States under the Anti-Terrorism Act, 18 U.S.C. § 2333(a), including the above-captioned matter. On February 2, 2010, Judge Daniels granted my motion for admission *pro hac vice*. *See* Dkt. No. 76.

4.	The purpose of this declaration is to update the Court on the status of personal jurisdiction discovery to facilitate the entry of an order setting a schedule to complete briefing on Defendants' Renewed Motion to Dismiss, filed May 29, 2009.

5.	When Judge Daniels denied without prejudice the PA/PLO's July 30, 2007, motion to dismiss for lack of personal jurisdiction, he concluded that "limited personal jurisdictional discovery is warranted, prior to determining defendants' motion to dismiss for lack of personal jurisdiction" and referred the matter to Magistrate Judge Ronald L. Ellis ("the Court") for the purpose of supervising jurisdictional discovery. *See* Memorandum Decision and Order of September 30, 2008 (Dkt. No. 58) at 13.

6.	On November 18, 2008, the parties proposed a schedule for personal jurisdictional discovery, which was endorsed by the Court on November 20, 2008. Dkt. No. 59. Under that schedule, Plaintiffs were to "serve discovery requests on the Defendants (including any deposition notices) no later than December 1, 2008." Dkt. No. 59 at 1. Under the discovery schedule, "[n]o later than 45 days from the service of the requests, Defendants will produce the discovery and witnesses sought, and/or file any objections." *Id.* The schedule also set forth a deadline for Plaintiffs' filing of any motions to compel: "If any discovery disputes cannot be resolved during an informal conference . . . , Plaintiffs may file a motion to compel no later than 30 days after Defendants' discovery responses. . . ." *Id.*

7.	On December 1, 2008, Plaintiffs served requests for production of documents, interrogatories, and deposition notices for Hassan Abdel Rahman (former Head of the PLO Mission to the United States) and Nasser Al-Kidwa (former Head of the Permanent Observer Mission of Palestine to the United Nations).

8. Defendants requested and received a two-week extension of the January 15, 2009, deadline for responding to Plaintiffs' discovery requests. Dkt. No. 60 (directing the parties to "complete discovery no later than **January 29, 2009**") (emphasis in original).

9. On January 29, 2009, Defendants served their objections and answers to Plaintiffs' interrogatories and objections and responses to Plaintiffs' request for production of documents. With respect to the deposition notices for Hassan Abdel Rahman and Nasser Al-Kidwa, defense counsel informed Plaintiffs' counsel that both individuals were willing to appear for depositions and offered dates and locations at which they could be deposed. *See* Exh. 1 (January 29, 2009 letter from M. Rochon to D. Strachman). Plaintiffs declined to schedule these depositions.

10. On February 25, 2009, the PA and PLO provided the verifications for the interrogatory answers. Mazen Jadallah signed the verification as to the PA's answers, and Yasser Abed Rabbo signed the verification as to the PLO's answers. *See* Exh. 2 (Feb. 25, 2009, letter from M. Rochon to the Court) (discussing interrogatory verifications).

11. On March 2, 2009, on the deadline for filing a motion to compel established in the discovery schedule endorsed by the Court on November 20, 2008, Plaintiffs instead sent a letter to defense counsel setting forth alleged deficiency and compliance failures in the PA's and PLO's interrogatory answers. Defendants responded on March 13, 2009.

12. On March 29, 2009, well after the deadline for filing a motion to compel, Plaintiffs sent a letter to defense counsel setting forth alleged deficiencies and compliance failures in Defendants document production. Defendants responded on April 1, 2009.

13. On April 1, 2009, the Court held a telephone conference with the parties. Following the telephone conference, the "Parties submitted to the Court their correspondence to

3

one another regarding Plaintiffs' allegations of deficiencies in Defendants' interrogatory responses and document production." Dkt. No. 62 (Order of April 9, 2009) at 1. The Court then ruled: "Having reviewed the Parties' submissions, the Court finds insufficient basis for ordering Defendants to produce further answers or documents in response to Plaintiffs' requests. In the absence of a formal motion, the Court will take no further action regarding the disputes presented for review." *Id.* The Court then ordered that "the Parties **SHALL** complete personal jurisdiction in this case no later than **May 29, 2009**." *Id.* at 2 (emphasis in original).

14.     In an April 20, 2009, letter motion to Judge Daniels, the Plaintiffs asked Judge Daniels to (1) clarify that he intended to allow Defendants only to re-file their original motion to dismiss following the completion of personal discovery, or (2) if Defendants are permitted to file a new and different motion, that they be directed to do so within 10 days so that Plaintiffs would not "be forced to conduct discovery regarding a motion they have never seen." Exh. 3 (Apr. 20, 2009, letter from D. Strachman to Judge Daniels). Judge Daniels denied the motion the same day. Dkt. No. 63.

15.     On April 23, 2009, Plaintiffs served Defendants with a second set of interrogatories, a second request for production of documents, and three notices of depositions, including notices to depose Mazen Saleem Jadallah and Yasser Abed Rabbo.

16.     Defendants did not view the Court's April 9, 2009, order as authorizing a new round of discovery but rather as setting May 29, 2009, as the deadline for resolving any outstanding discovery disputes. The parties' original discovery schedule set December 1, 2008, as the deadline for Plaintiffs to "serve discovery requests on the Defendants (including any deposition notices)." Dkt. No. 59 at 1. Nonetheless, in an effort to resolve the discovery disputes and address Plaintiffs' claim that they needed additional discovery because they have

"no idea what claims, evidence or testimony might be included by defendants in their new motion," Exh. 3 at 3, the parties submitted a proposed agreed order setting a briefing schedule for the renewed motion to dismiss and regarding personal jurisdiction discovery. The Court entered the agreed order on May 12, 2009. Dkt. No. 65 ("Agreed Order").

17. Under the May 12, 2009, Agreed Order, Defendants were to file their Renewed Motion to Dismiss by May 29, 2009. No later than June 8, 2009, Plaintiffs were to notify Defendants whether they intended to proceed with their April 23 discovery requests or to withdraw such discovery, in whole or in part. Dkt. No. 65 at 2. The Agreed Order also set a June 8, 2009, deadline for the Plaintiffs to file any motion to compel compliance with their December 1, 2008, discovery requests. *Id.* at 2-3.

18. On May 29, 2009, Defendants filed their Renewed Motion to Dismiss. Dkt. Nos. 66, 67.

19. On June 8, 2009, Plaintiffs filed a motion to compel document No:02:000568 (Dkt. No. 68), a motion they subsequently withdrew. *See* Dkt. No. 72 at 3. *See also* Dkt. No. 77 (Order of March 4, 2010, directing the Clerk to indicate on docket Plaintiffs' withdrawal of their motion to compel). With the withdrawal of their motion to compel, discovery as to Plaintiffs' December 1, 2008, discovery requests closed.

20. Also, on June 8, 2009, Plaintiffs notified Defendants of their intention to proceed with the following April 23 discovery requests: (1) the deposition of Yasser Abed Rabbo; (2) the deposition of Mazen Jadallah; (3) the deposition of persons whose declarations or affidavits will be submitted by Defendants in support of their reply on their renewed motion to dismiss; and (5) the production of documents which Defendants will submit in support of their renewed motion to dismiss. Exh. 4 (June 8, 2009, Letter from D. Strachman to R. Hibey and M. Rochon).

21.     On June 18, 2009, Defendants served their Objections and Responses to Plaintiffs Second Set of Personal Jurisdiction Discovery (the April 23 requests).

22.     On June 26, 2009, Plaintiffs filed an "Urgent" letter motion asking the Court to order Defendants to produce Mazen Jadallah and Yasser Abed Rabbo for deposition in Jerusalem during the week of July 5-10. In their letter motion, Plaintiffs' stated: "[t]he only discovery issue now in dispute between the parties is whether defendants should comply with plaintiffs' April 23 requests to depose the two officers of defendants who verified defendants' answers to plaintiffs' interrogatories . . . ." Letter at 1. During a June 30, 2009, telephone conference with the parties, the Court denied Plaintiffs' motion. Also during the June 30 telephone conference, the Court indicated its intent to address Defendants' objections to the deposition notices and gave Defendants an opportunity to respond to the arguments made in Plaintiffs' June 26 letter motion. Defendants provided that response in a letter to the Court on July 6, 2009.

23.     On September 11, 2009, the Court conducted a telephonic hearing regarding Plaintiffs' requests to depose the verifiers of the January 29, 2009, interrogatory answers, Mazen Jadallah and Yasser Abed Rabbo. During the hearing, I explained that the interrogatories sought detailed information from the January 1998 to January 2004 period about the operations of the New York and Washington, D.C. office of the PLO (such as names of employees and phone records). Given the nature of the requests, the answers were prepared by reviewing documents and by interviewing current employees at the D.C. and New York offices. It is my understanding of the hearing that the Court denied Plaintiffs' requests for the depositions -- subject to confirmation that the interrogatory verifiers (Jadallah and Abed Rabbo) lacked personal knowledge regarding the interrogatory answers. This confirmation was to take two forms: (1) most immediately, a letter from the undersigned to Plaintiffs' counsel, David

Strachman, identifying the documents that formed the basis for the interrogatory answers, and (2) ultimately, the interrogatory verifiers should provide declarations confirming their lack of personal knowledge.

24.     On September 25, 2009, I sent Plaintiffs' counsel, David Strachman, a letter detailing the documentary and other sources for all of the interrogatory answers. The letter is attached as Exhibit 5.

25.     David Strachman responded by email on September 29, 2009, asking (1) for an agreement as to when his time would start running for filing objections to the Court's order denying his request to depose Mazen Jadallah and Yasser Abed Rabbo; (2) three specific questions relating to my September 25, 2009 letter; and (3) whether the PA/PLO would be willing to produce for deposition three individuals referenced in the letter as sources for some of the interrogatory answers (Messrs. Hamdan, Takesh, and Kanaan). Mr. Strachman's September 29, 2009, email and my September 30, 2009, response are attached as Exhibit 6.

26.     Because Mr. Strachman's response to the September 25 letter expressed no interest in further pursuing depositions of Yasser Abed Rabbo and Mazen Jadallah (and instead shifted the focus to Messrs. Hamdan, Takesh, and Kanaan) and because Plaintiffs did not file any Rule 72 objections to the Court's September 11 order, the PA/PLO viewed discovery as to Plaintiffs' April 23 requests closed.

27.     Despite Plaintiffs' seeming lack of interest in further pursuing the depositions of Mr. Abed Rabbo and Mr. Jadallah and the lack of substantive response to my September 25, 2009, letter, Defendants proceeded to obtain declarations from Mr. Jadallah and Mr. Abed Rabbo, although there was some delay associated with that process, especially as to Mr. Abed

Rabbo, due to the declarants' travel schedules and the fact that they live in Ramallah. The declarations are attached as Exhibit 7.

28. Following my September 30, 2009, email to Mr. Strachman, defense counsel have received no further communications from Mr. Strachman regarding the above-captioned matter. Mr. Strachman did not pursue his request to depose Messrs. Hamdan, Takesh, or Kanaan, nor has he sought any additional information regarding the January 29, 2009, PA or PLO interrogatory answers or Mr. Jadallah's or Mr. Abed Rabbo's personal knowledge, or lack thereof, regarding the same.

29. Under the May 12, 2009, Agreed Order, Plaintiffs were to have filed their Opposition to Defendants' renewed motion to dismiss "thirty days after the later of the completion of any jurisdictional discovery permitted or the Court's denial of Plaintiffs' motions to compel compliance with the December 1 and/or April 23 Requests, as the case may be. . . . ." Dkt. No. 65 at 3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of March, 2010, in Washington, D.C.

*Laura H. Ferguson*
Laura G. Ferguson
(D.C. Bar No. 433648)
Miller & Chevalier Chartered
655 15th Street, N.W., Suite 900
Washington, D.C. 20005
*Counsel to the Palestinian Authority*
*and the Palestine Liberation Organization*