# EXHIBIT 3

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

VIA FAX 212-805-6737

April 20, 2009

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Sokolow et al. v. Palestine Liberation Organization et al.*, Civ. No. 04-397 (GBD)

Dear Judge Daniels,

We represent the plaintiffs in the above-referenced case.

We write as a matter of some urgency to obtain clarification whether the intent of this Court's order of September 30, 2008, which denied defendants' motion to dismiss for lack of personal jurisdiction without prejudice to renewal following jurisdictional discovery, was that following jurisdictional discovery defendants should re-file their original motion to dismiss for lack of personal jurisdiction, or that defendants would be entitled to file a new and different motion to dismiss.

If the Court's intent was to allow defendants to file a different motion to dismiss, plaintiffs request that the Court direct the defendants to file that new motion within ten days, so that plaintiffs can intelligently and efficiently focus and utilize their remaining time to conduct jurisdictional discovery, which concludes on May 29.

The relevant background to and grounds for this motion are as follows:

On September 30, 2008, the Court denied defendants' motion to dismiss for lack of personal jurisdiction "without prejudice to renew," granted plaintiffs' cross-motion for

jurisdictional discovery, and referred the case to Magistrate Judge Ronald L. Ellis for the purpose of supervising jurisdictional discovery. *Sokolow v. Palestine Liberation Organization*, 583 F.Supp.2d 451, 460 (S.D.N.Y. 2008).

A jurisdictional discovery schedule was entered on November 11, 2008 (dkt. # 59) and plaintiffs then served defendants with requests for production of documents, interrogatories and two deposition notices. Defendants served objections to plaintiffs' requests, and a partial document production and partial interrogatory responses, on January 29, 2009.[1]

The parties disagreed about whether defendants' production and responses were complete, and when they were unable to resolve this dispute on their own Magistrate Judge Ellis directed the parties to submit to him the discovery requests and responses, and the parties' exchanges of letters about the deficiencies.

On April 9, Magistrate Judge Ellis issued an order (dkt. # 62) finding that the parties' exchange of letters regarding defendants' discovery deficiencies did not provide a sufficient basis for him to compel defendants to provide further responses to the extant discovery requests, and that unless the plaintiffs filed a formal motion to compel, he would take no further action in regard to the extant requests.

However, Magistrate Ellis' order of April 9 also extended jurisdictional discovery until May 29, thereby granting plaintiffs an opportunity to serve further paper discovery requests and to notice relevant depositions.

Naturally, plaintiffs desire to utilize the remaining jurisdictional discovery period (until May 29) to obtain information and testimony relevant and responsive to the arguments to be raised in defendants' renewed motion to dismiss for lack of personal jurisdiction.

Indeed, commonly, when a court permits jurisdictional discovery, the defendant's motion to dismiss is adjourned until the close of such discovery, and the plaintiff is thereby able to focus his discovery requests on the specific issues raised in the pending motion.

In this case, though, defendants' motion was not adjourned but denied without prejudice to renew, and it is respectfully unclear whether the Court intended that the defendants re-file their original motion, or that defendants are entitled to file a brand new motion raising new arguments and supported by new evidence and/or affidavits.

---

[1] Defendants did not produce the two witnesses whose depositions were noticed by plaintiffs. Instead, defendants offered to produce one witness overseas and the other in New York at a later date. Out of the desire to avoid unnecessary expenses (particularly of foreign travel) and the hope of mooting these specific depositions through other discovery, plaintiffs have agreed to hold these depositions in abeyance until now.

2

If the Court's September 30 decision allows defendants to simply re-file their original motion, then plaintiffs would require very little additional jurisdictional discovery, and would very likely be able to wrap-up discovery well in advance of the May 29 deadline.

Plaintiffs respectfully believe that the September 30 decision permitted defendants to do no more than re-file their original motion. Such a construction squares with the principle that lack of personal jurisdiction is an affirmative defense which must be asserted by the defendant. Therefore, it respectfully appears unlikely that the Court intended to permit the defendants to expand the contours of their jurisdictional defense beyond those set by the defendants themselves in their original motion. Moreover, this interpretation of the September 30 decision is supported by the reasonable assumption that the Court did not intend that plaintiffs be forced to conduct discovery regarding a motion they have never seen.

By contrast, if the September 30 decision allows defendants to file a new motion containing new arguments, exhibits and affidavits, that means plaintiffs are now conducting discovery completely in the dark. Plaintiffs have no idea what claims, evidence or testimony might be included by defendants in their new motion, and plaintiffs therefore have no means of intelligently focusing or limiting their remaining time for discovery. Plaintiffs would thus be constrained, not out of any desire to do so but purely out of caution, to adopt a blunderbuss approach to their remaining discovery requests, in attempt to respond to any conceivable argument which might be asserted by defendants in their future motion. Such an approach would not only be wasteful but of doubtful efficacy, and plaintiffs might still find themselves ambushed by some unanticipated argument or affidavit included by defendants in their new motion, no matter how far-reaching their remaining discovery requests.

In short, it is rare if not unknown for a litigant to conduct discovery in relation to a motion or pleading which he has never seen, and being forced to do so would be highly prejudicial to the instant plaintiffs.

Accordingly, if the Court intended to permit defendants to file a new and different motion to dismiss (and plaintiffs respectfully believe that that is not the case), plaintiffs request that the Court direct defendants to do so within ten days. That would permit the plaintiffs to focus their remaining discovery requests on any new arguments or testimony presented by the defendants, which in turn would both preserve the time and resources of the parties and prevent plaintiffs from being unfairly ambushed by some unanticipated issue after the close of jurisdictional discovery.

We are grateful for your attention.

Sincerely,

David J. Strachman

cc via fax and email:

Mark J. Rochon,
Richard A. Hibey
    (202) 626-5801