# EXHIBIT 4

From:                                              06/08/2009 08:06 #017 P.001/002

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

June 8, 2009

BY EMAIL AND FAX: 202-626-5801

Richard Hibey
Mark Rochon
Miller & Chevalier
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

Re: *Sokolow et al. v. Palestine Liberation Organization et al.*,
    Civ. No. 04-397 (GBD)

Dear Counsel,

I write pursuant to the stipulation in the above-referenced matter endorsed by the Court on May 12, 2009.

<u>In respect to the December 1 Requests</u>:

The plaintiffs have decided to forgo moving to compel further compliance with the December 1 Requests, subject to your agreement to produce Document No. 02:000568 once a protective order is in place in this action.

In your objections and in your letter of April 1, 2009, you stated that you would produce this document once (1) a protective order is entered and (2) "Defendants are assured its production will not violate the existing Protective Order."

While your condition 1 (a protective order) is agreeable to us your condition 2 (defendants becoming "assured" – whatever that means – that the production will not violate the existing protective order) is not acceptable and, in fact, is completely illogical. The protective order entered in the Pension Fund case was solely the result of a stipulation by the parties to that action and it binds only the parties thereto. Justice Kornreich could not and did not purport to render the document confidential or privileged *erga omnes*.

From:                                                                06/08/2009 08:07 #017 P.002/002

Richard Hibey
Mark Rochon
June 8, 2009
Page 2

      Please expressly confirm by email, no later than **noon** today, that you will withdraw condition 2 above and that you will produce Document No. 02:000568 once a protective order is in place in this action. Absent such confirmation we will file a motion today to compel production of the document.

      Finally, I would note that plaintiffs' decision not to move to compel further compliance with the December 1 Requests was taken on the basis of **your** representations that defendants have produced all responsive documents in their possession, custody or control. We reserve the right to seek all available remedies, including but not limited to additional discovery from the defendants or from third parties, if we learn that defendants have withheld such documents.

In respect to the April 23 Requests:

      Upon review of defendants' Renewed Motion to Dismiss, the plaintiffs stand on and intend to proceed with the following April 23 Requests:

1) The deposition of Yasser Abed Rabbo;

2) The deposition of Mazen Saleem Jadallah;

3) The deposition of persons whose declarations or affidavits will be submitted by defendants in support of their reply on their renewed motion to dismiss; and

4) The production of all documents which defendants will submit as exhibits to their reply on their renewed motion to dismiss.

      In respect to categories 3 and 4, plaintiffs refer only to declarations and documents that could have been submitted by defendants along with their opening motion papers.

Sincerely,

David J. Strachman