# EXHIBIT 5



**MILLER CHEVALIER**

Laura G. Ferguson
Member
(202) 626-5567
lferguson@milchev.com

September 25, 2009

VIA EMAIL

David J. Strachman, Esq.
McIntyre, Tate & Lynch LLP
321 South Main Street
Suite 400
Providence, RI 02903

       Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
           C.A. No. 04cv397 (GBD) (RLE) (SDNY)

Dear Mr. Strachman:

    In the parties' telephonic hearing with Magistrate Judge Ellis on September 11, the Court directed the PA/PLO to identify the documents on which their answers to Plaintiffs' personal jurisdiction interrogatories were based. Please find below a list of the documents that formed the basis for the interrogatory answers, listed by interrogatory. Where additional information was provided by a PA or PLO employee, we have so noted.

    The interrogatories seek information regarding the January 16, 1998 to January 16, 2004 period (the "Relevant Period"), and many of the interrogatories are directed at the activities of the PLO Mission to the United States (the "D.C. Office") and the Permanent Observer Mission of Palestine to the United Nations (the "New York Office"). The heads of those offices during the Relevant Period, Hassan Abdel Rahman and Nasser Al-Kidwa, respectively, have since left those positions. Given the type of detailed information you are seeking and the time period at issue (5-11 years ago), the answers were prepared by reviewing available records from the Relevant Period and, in a few cases, by interviewing PLO employees. Although Mr. Abed Rabbo and Mr. Jadallah verified the accuracy of the factual information contained in the interrogatory answers, in no instance was either Mr. Abed Rabbo or Mr. Jadallah the *source* of the information.

**Interrogatory No. 1: Provide the full names of all employees in the D.C. Office during the Relevant Period.**

    The answers were based on a review of the following payroll records maintained by the PLO Mission to the United States (the "D.C. Office"):

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

994326.1



David J. Strachman, Esq.
September 25, 2009
Page 2

02:000818-000824
02:000828
02:000832
02:001109-001117
02:001252-001258
02:001320-001336
02:001429-001433
02:001546-001550
02:001642
02:001658-001662
02:001793-001813
02:001885-001189
02:001895-001897
02:001901-001903
02:001961-001984
02:002020-002024
02:002042-002066
02:002123-002127
02:002133-002140
02:002143-002150
02:002173-002174
02:002349-002359
02:002363-002370
02:003069-003075
02:003256-003262
02:003465-003471
02:003652-003660
02:003792-003796
02:004124-004128
02:004260-004266

    In addition, as part of our due diligence, defense counsel met with Hakem Takesh, a long-term employee of the D.C. Office, and with Hassan Hamdan, the accountant for the D.C. Office, who identified the D.C. Office employees for the relevant period based on their recollection (in the case of Hakem Takesh) and based on review of the payroll records (in the case of Hassan Hamdan).

Miller & Chevalier Chartered

994326.1



David J. Strachman, Esq.
September 25, 2009
Page 3

**Interrogatory No. 2: Provide the full names of all employees in the New York Office during the Relevant Period.**

As part of our due diligence, defense counsel met with Yussef Kanaan at the Permanent Observer Mission to the United Nations. Mr. Kanaan is a Senior Advisor in that office and also is the accountant for the office. The list of names resulted from his review of the office's payroll records for the Relevant Period.

**Interrogatory No. 3: Identify and describe the position, job description, title, authority, activities and responsibilities, of each person included in your responses to Interrogatories Nos. 1 and 2.**

For the D.C. Office, the information comes from counsel's interview of Hakem Takesh and Hassan Hamdan; for the New York office, the information comes from counsel's interview with Yussef Kanaan.

Defendants continue to object to the relevancy of this interrogatory to the personal jurisdiction inquiry. Defendants have not made affirmative use of information regarding job titles and positions in their motion to dismiss, aside from briefly mentioning by way of background the types of employees employed at the D.C. and New York Offices (Mot. at 9, 11).

**Interrogatory No. 4: List and describe every news interview, press conference, and public lecture, debate and/or panel discussion, in which employees of the D.C. Office and the New York Office participated during the Relevant Period, including the date, location and host (i.e. the person or entity that sponsored or hosted the event or conducted the interview) of each such event.**

As indicated in the answer, neither the D.C. Office nor the New York Office of the PLO maintains records of "every news interview, press conference, and public lecture, debate and/or panel discussion, in which employees of the D.C. Office and the New York Office participated during the Relevant Period." Pursuant to its obligations under the Foreign Agents Registration Act, every six months, beginning in September 1998 and throughout the remainder of the Relevant Period, the PLO submitted to the U.S. Department of Justice a Supplemental Statement Pursuant to Section 2 of the Foreign Agents Registration Act of 1938 ("FARA"), as amended, (hereinafter "Supplemental Statement"). This semi-annual Supplemental Statement includes a schedule listing the public appearances, lectures, interviews, and other activities in with the PLO Mission to the United States participated during the preceding six month period. The Department of Justice provides Internet access to the FARA Supplemental Statements through its website www.usdoj.gov/criminal/fara.



David J. Strachman, Esq.
September 25, 2009
Page 4

As a courtesy, the relevant portions of the Supplemental Statements -- specifically, the lists of public appearances, lectures, interviews, etc., were already provided to Plaintiffs:

02:000361-000375
02:000382-000390
02:000407
02:000420-000421
02:000434-000435
02:000448-000449
02:000460-000461
02:000476-000480
02:000493-000494
02:000515-000516
02:000528-000529
02:000542-000544
02:000557

As indicated in the answer, information regarding Nasser Al-Kidwa's "activities" during the Relevant Period is publicly available through the Internet, and is as easily accessible to Plaintiffs as to Defendants. As a courtesy, Defendants listed a series of public appearances, speeches, etc., by the Nasser Al-Kidwa, that they identified through a "google" search for Mr. Al-Kidwa.

**Interrogatory No. 5: List every address at which the D.C. Office operated and its staff worked during the Relevant Period.**

The addresses used by the D.C. Office during the Relevant Period appear throughout the documents provided by Defendants in response to Plaintiffs' request for documents. By way of example, the following documents identify the various addresses.

02:000281-000291
02:000331-000358
02:000361
02:000381
02:000386
02:000391
02:000493
02:000505
02:000518

Miller & Chevalier Chartered

994326.1



David J. Strachman, Esq.
September 25, 2009
Page 5

**Interrogatory No. 6**: For each address included in your response to Interrogatory No. 5, provide the full name and address of the owner of the property and the entity which managed the property at the time that the D.C. Office operated and its staff worked at the address.

02:000331-000358
02:000359-000360
02:002281-002291
02:003079-003080 (example of monthly rental payment to Endeka)

Additional information regarding the property owners for the 1730 K Street office and the 1100 17th Street office was obtained from interviews with Hakem Takesh and Hassan Hamdan.

**Interrogatory No. 7**: List and describe in full all PA Assets in the United States during the Relevant Period.

02:000560-000567
02:000568
02:000569-000574

As noted in Defendants' response to Document Request No. 3, documents regarding the Palestine Commercial Services Company assets were provided to you in the *Knox* litigation. *See* Supplemental Declaration of Prime Minister Fayyad, dated June 12, 2008, and related exhibits, filed in *Knox v. PLO*, No. 03-cv-4466 (S.D.N.Y.).

**Interrogatory No. 8**: List and describe in full all PLO Assets in the United States during the Relevant Period.

02:000006-000029
02:000030-000280
02:000557-000578
02:000781-000783
02:001095-001096
02:001242-001243
02:001308-001309
02:001359
02:001418-001419
02:001536-001537
02:001618



**MILLER CHEVALIER**

David J. Strachman, Esq.
September 25, 2009
Page 6

02:001640-001641
02:001868-001869
02:000201-002011
02:002031
02:002033
02:002038
02:002070
02:002080
02:002086-002087
02:002185-002188
02:002342-002343
02:002410
02:002432-002433
02:002437-002439
02:002656-002657
02:002856-002857
02:003043-003044
02:003230-003231
02:003433-003434
02:003638-003639
02:003762-003763
02:004090-004092
02:004240-004241

   In addition, Plaintiffs subpoenaed additional U.S. bank records of the PLO. Moreover, confirmation regarding the lack of any other PLO assets in the United States was provided to you through the extensive *Knox* asset-related discovery and related declarations.

**Interrogatory No. 9: List all telephone numbers (including fax lines and mobile or cellular phone numbers) in the United States, whether or not listed under the name of the PA or PLO, which were owned, subscribed to and/or paid for by the PA and PLO during the Relevant Period.**

   The telephone numbers for the D.C. Office were obtained from the telephone bills maintained by the D.C. Office:

02:000645-000670
02:000705-000725
02:000848-000872
02:000889-000900

MILLER
CHEVALIER

David J. Strachman, Esq.
September 25, 2009
Page 7

02:000903-000917
02:001020-001035
02:001039-001056
02:001154-001164
02:001177-001194
02:001398
02:001402-001410
02:001494-001502
02:001504
02:001712-001733
02:001736-001757
02:002490-002536
02:002726-002744
02:002751-002786
02:002943-002948
02:002963-003006
02:003107-003140
02:003168-003188
02:003297-003334
02:003364-003383
02:003481-003502
02:003515-003530
02:003605-003611
02:003685-003702
02:003838-003888
02:003894-003900
02:003953-003992
02:004043-004068
02:004075-004078
02:004151-004170
02:004191-004205
02:004232-004235
02:004308-004319
02:004328-004332
02:004346-004358
02:004365-004390
02:004417-004451


**MILLER CHEVALIER**

David J. Strachman, Esq.
September 25, 2009
Page 8

The telephone number and fax number for the New York Office are publicly available, including on the website of the Permanent Observer Mission of Palestine to the United Nations, and was confirmed when counsel interviewed Youssef Kanaan at the New York Office.

**Interrogatory No. 10:** **If you deny that Nasser Al-Kidwa is currently an officer, director or managing agent of the PA and/or PLO, identify and describe Nasser Al-Kidwa's current position, job and/or role in the PA and PLO, including full details of his job description, title, authority, activities and responsibilities. You are not required to answer this interrogatory if you admit that Nasser Al-Kidwa is currently an officer, director or managing agent of the PA and/or PLO.**

You withdrew the deposition notice for Mr. Al-Kidwa, so this interrogatory no longer is relevant to the personal jurisdiction issues before the court. In any event, information regarding Mr. Al-Kidwa's role as Chairman of the Board of the Yasser Arafat Foundation is a matter of public records. Additional information provided in the answer was obtained from Mr. Al-Kidwa.

**Interrogatory No. 11:** **If you deny that Hassan Abdel Rahman is currently an officer, director or managing agent of the PA and/or PLO, identify and describe Hassan Abdel Rahman's current position, job and/or role in the PA and PLO, including full details of his job description, title, authority, activities and responsibilities. You are not required to answer this interrogatory if you admit that Hassan Abdel Rahman is currently an officer, director or managing agent of the PA and/or PLO.**

You withdrew the deposition notice for Mr. Abdel Rahman, so this interrogatory no longer is relevant to the personal jurisdiction issues before the court. In any event, information regarding Mr. Abdel-Rahman's then-current position was obtained from Mr. Abdel-Rahman.

Now that we have gone through this exercise, I hope you can agree there is no justification for prolonging the personal jurisdiction discovery process, and you will proceed to file your opposition to our motion to dismiss.

Sincerely,

*Laura L. Ferguson*

Laura G. Ferguson

Miller & Chevalier Chartered

994326.1