# EXHIBIT 6

**From:** Ferguson, Laura G.
**Sent:** Wednesday, September 30, 2009 3:37 PM
**To:** 'David J. Strachman'
**Cc:** Rochon, Mark; McAleer, Chas
**Subject:** RE: Sokolow: Information re Interrogatory Answers

Dave,

As I stated in my email earlier today, we do not object to the clock running from yesterday (Tuesday) morning in recognition of the holidays.  As to your questions --

1) In respect to interrogatory # 1, did the categorization of the employees as PLO or PA employees come from the payroll records or from Messrs. Hamdan and Takesh, or both?

Answer:  Both.

2) In respect to interrogatory # 2, did the categorization of the employees as PLO or PA employees come from the payroll records or from Mr. Kanaan, or both? Have you produced the payroll records? If so, what are the Bates numbers of the relevant records?

Answer:  The answer regarding the categorization of employees as PLO or PA employees was provided by Mr. Kanaan as he was reviewing payroll records, but may have been largely based on his own knowledge independent of the documents.  During the Relevant Period, there was only one employee in the New York Office that was categorized as a PA employee.  No, we have not produced payroll records from the New York Office.  They were not the subject of a particular document request.

3) In respect to interrogatory # 3, its seems that you are trying to have your cake and eat it too. Are you willing to stipulate that your description of the job titles of Khalil Footah and Ghaleb Darabiah will not be used to support your "government contacts" argument?

Answer:  As you can see from our memorandum in support of our motion to dismiss, we did not argue that the government contacts exception applies because certain employees at the office were designated as responsible for Congressional Affairs.  So, to answer your question, we haven't argued that the job titles of Khalil Footah and Ghaleb Darabiah support our government contacts argument, nor do we plan to so argue in our reply brief.  With respect to a stipulation, although we don't view that as necessary, we would be willing to consider it as part of a collegial agreement to come to closure on this discovery and avoid unnecessary depositions.

4) Would you be willing to produce Messrs. Hamdan, Takesh and Kanaan for depositions?

Answer:  We filed our answers to the interrogatories on Jan 29, 2009.  You did not move to compel.  You declined to depose the former heads of the DC and New York Offices.  The current discovery dispute is over your deposition notices for Mazen Jadallah and Yasser Abed Rabbo.  Now that we have established there is no point to deposing them, you are moving on to a third iteration of deposition notices, long after discovery has closed and in the context of what should be "limited" personal jurisdiction discovery.  Before we could think about agreeing to these depositions, we would need to understand what remaining

issues you think will be resolved though these depositions and why such issues could not be resolved through alternative, less burdensome means, such as through declarations. Further, we would need to confirm the availability of these individuals, including their current status with the PLO.

Regards,
Laura

Laura G. Ferguson
Miller & Chevalier Chartered
(202) 626-5567

* * *
This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.


* * *
31 CFR Part 10, Section 10.35, requires us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.

---

**From:** David J. Strachman [mailto:djs@mtlesq.com]
**Sent:** Tuesday, September 29, 2009 3:15 PM
**To:** Ferguson, Laura G.
**Cc:** Rochon, Mark; McAleer, Chas
**Subject:** RE: Sokolow: Information re Interrogatory Answers

Laura,

I appreciate that you provided this information by Friday as you said you would -- effectively though, that started my clock running at the start of a several day period (Friday thru Tuesday AM) during which I was out of the office. I'm sure that wasn't your intention and I hope you agree that our 8 day deadline runs from this morning.

Before we decide about objections or seeking other relief from Judge Ellis, we have a few questions about your letter:

    1) In respect to interrogatory # 1, did the categorization of the employees as PLO or PA employees come from the payroll records or from Messrs. Hamdan and Takesh, or both?

    2) In respect to interrogatory # 2, did the categorization of the employees as PLO or PA employees come from the payroll records or from Mr. Kanaan, or both? Have you produced the payroll records? If so, what are the Bates numbers of the relevant records?

    3) In respect to interrogatory # 3, its seems that you are trying to have your cake and eat it too. Are you willing to stipulate that your description of the job titles of Khalil Footah and Ghaleb Darabiah will not be used to support your "government contacts" argument?

    4) Would you be willing to produce Messrs. Hamdan, Takesh and Kanaan for depositions?

Dave

---

**From:** Ferguson, Laura G. [mailto:lferguson@milchev.com]

**Sent:** Friday, September 25, 2009 6:47 PM
**To:** David J. Strachman
**Cc:** Rochon, Mark; McAleer, Chas
**Subject:** Sokolow: Information re Interrogatory Answers

Dave,

Attached please find the information Magistrate Judge Ellis asked us to provide to you during the September 11, telephonic hearing.  I know you are observing Yom Kippur, so I understand that you will not be able to respond quickly.  I wanted to get this to you today, though, because I had told you I would get it to you by the end of this week.  Let us know when you are available to discuss how to come to closure on these issues.

<<CANON-10061_EXCHANGE_09252009-184430.PDF>>
Regards,
Laura

Laura G. Ferguson
Miller & Chevalier Chartered
(202) 626-5567

* * *
This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.


* * *
31 CFR Part 10, Section 10.35, requires us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.