# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>    Defendants. | Civil Action No. 04cv397 (GBD) |

## DECLARATION OF MAZEN JADALLAH

Pursuant to 28 U.S.C. § 1746, I, Mazen Jadallah, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I currently reside in Ramallah, Occupied Palestinian Territory.

2. I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3. I am the Director-General for International Relations and Projects at the Ministry of Finance for the Palestinian National Authority (the "PA").

4. I understand that on December 1, 2008, the Plaintiffs in the above-captioned matter served "Interrogatories to Defendants Palestinian Authority and Palestine Liberation Organization."

5. The PA provided information in response to these interrogatories relating to PA employees working in PLO offices in the United States, PA assets in the United States, telephone

1014197.1

numbers in the United States owned, subscribed, or paid for by the PA, and any role of Nasser Al-Kidwa in the PA.

6. Following counsel's review of the available documents from the period January 16, 1998 until January 16, 2004 (which I understand was defined by the Plaintiffs as the "relevant period"), interviews with PLO employees and an interview with Nasser Al-Kidwa, counsel for the PA provided draft Interrogatory answers for my verification. Based on my understanding of the investigation and efforts undertaken to obtain the responsive information and underlying documents, and based on information available to the PA for the period January 16, 1998 to January 16, 2004, I verified the Interrogatory answers on behalf of the PA, based on the responsive information then-available to the PA.

7. With regards to PLO offices in the United States, beyond a general familiarity with the existence of PLO offices in the United States, I do not have personal knowledge of the facts set forth on behalf of the PA in the answers to Interrogatories with regards to PLO offices, U.S.-based employees of the PA or U.S. phone numbers owned by the PA during the relevant period.

8. With regards to the issue of any PA assets in the United States during the relevant period:

   a. I am generally aware that there are enforcement actions arising from other cases brought against the PA and PLO in the United States, as referenced in the PA's answer to Interrogatory No. 7, and that Plaintiffs' counsel is arguing that the subjects of those enforcement actions should be treated as PA assets for purposes of enforcing a judgment against the PA. The existence of the assets that are the subject of those enforcement actions were referenced generally in the PA's answer to Interrogatory No. 7, without conceding that they are PA assets;

1014197.1

b.  During the relevant period, the PA Ministry of Finance would have been responsible for maintaining any bank accounts held by the PA in the United States during the relevant period; based on my knowledge of the information in the PA Ministry of Finance's systems, and as reflected in the PA's answer to Interrogatory No. 7, I am not aware of any such accounts maintained by the PA in the United States during the relevant period; and

c.  I am generally aware that any non-bank account assets owned by the PA in the United States during a significant portion of the relevant time period would have been held by the Palestinian Commercial Services Company ("PCSC"). Information regarding assets of the PCSC in the United States during the relevant period was provided in the PA's answer to Interrogatory No. 7. I do not have personal knowledge of any other non-bank account assets maintained by the PA in the United States, beyond those of the PCSC identified in the PA's answer to Interrogatory No. 7, during the relevant period.

9.  In a September 25, 2009, letter to David Strachman, counsel for the Plaintiffs, the PA's counsel described the process by which the Interrogatory answers were prepared. This letter is attached as Exhibit 1. As to each Interrogatory, the letter describes the documents or interviews on which the answers were based. This letter is consistent with my understanding of how the Interrogatory answers were prepared.

10. I believe the Interrogatory answers accurately reflect the PA's institutional knowledge. The answers I verified reflect the information contained in the documents from the Relevant Period, information provided by PLO employees regarding PA employees who worked at the New York and D.C. Offices, and, as noted in the September 25, 2009, letter to David Strachman, the information obtained from Mr. Al-Kidwa. I am not aware of any information responsive to the Interrogatories that has not previously been provided to Plaintiffs.

1014197.1

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 8th day of December, 2009, in Ramallah, Occupied Palestinian Territory

Mazen Jadallah
Director-General for International Relations and Projects
Ministry of Finance
Palestinian National Authority

4

1014197.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINE LIBERATION ) <br> ORGANIZATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 04cv397 (GBD) |

## DECLARATION OF YASSER ABED RABBO

Pursuant to 28 U.S.C. § 1746, I, Yasser Abed Rabbo, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I currently reside in Ramallah, Occupied Palestinian Territory.

2. I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3. I have been a member of the Palestine Liberation Organization ("PLO") Executive Committee since 1971, and I currently serve as Secretary General of the PLO. I also am a co-founder and the current head of the Palestinian Peace Coalition.

4. I understand that on December 1, 2008, the Plaintiffs in the above-captioned matter served "Interrogatories to Defendants Palestinian Authority and Palestine Liberation Organization." The Interrogatories sought information regarding the activities of the Permanent Observer Mission of Palestine to the United Nations (the "New York Office") and the PLO

Mission to the United States (the "D.C. Office") during the January 16, 1998, to January 16, 2004, period (the "Relevant Period").

5. Of the 10 Interrogatories directed at the PLO, 9 of them sought very specific information for a six-year period dating back to 1998 for the New York and D.C. Offices, such as (1) names and positions of all employees, (2) all public appearances by employees of the offices; and (3) all telephone numbers used by the offices. Aside from very basic knowledge regarding the general location and roles of the New York and D.C. Offices, I do not have personal knowledge regarding the activities of those offices during the Relevant Period. In fact, it is unlikely that anyone in the PLO currently has personal knowledge of the sort of detailed information Plaintiffs sought for the Relevant Period.

6. The individuals who were the heads of the New York Office and the D.C. Office during the Relevant Period (Nasser Al-Kidwa and Hassan Abdel Rahman, respectively) no longer hold those positions and did not hold those positions when Plaintiffs served the Interrogatories.

7. In order to answer the Interrogatories, the PLO asked employees of the New York and D.C. Offices to meet with the PLO's Washington, D.C.-based litigation counsel (Miller & Chevalier Chartered) and provide them with documents relating to the Relevant Period and otherwise provide responsive information. In a September 25, 2009, letter to David Strachman, counsel for the Plaintiffs, the PLO's counsel described the process by which the Interrogatory answers were prepared. This letter is attached as Exhibit 1. As to each Interrogatory, the letter describes the documents or interviews on which the answers were based. This letter is consistent with my understanding of how the Interrogatory answers were prepared.

8. Following counsel's review of the available documents from the Relevant Period and interviews with employees of the New York Office and D.C. Office, counsel provided draft Interrogatory answers for my verification. Based on my understanding of the investigation undertaken to obtain the responsive information and underlying documents, I verified the Interrogatory answers on behalf of the PLO.

9. I believe the Interrogatory answers accurately reflect the PLO's institutional knowledge regarding the activities of the New York Office and D.C. Office during the Relevant Period. The answers I verified reflect the investigation the PLO authorized, information contained in the documents from the Relevant Period, and, in the few instances noted in the September 25, letter to David Strachman, the recollections of PLO employees. I am not aware of any information responsive to the Interrogatories that has not previously been provided to Plaintiffs.

10. One of the Interrogatories, Interrogatory No. 8, did not specifically relate to the New York Office or D.C. Office but instead asked the PLO to "[l]ist and describe in full all PLO Assets in the United States during the Relevant Period." As Secretary General of the PLO and a member of the PLO Executive Committee, I am familiar with the PLO's ownership of the office and residence used by the Permanent Observer Mission of Palestine to the United Nations (the "New York Office") and with the fact that the New York Office and D.C. Office maintained

3

bank accounts during the Relevant Period. These assets are identified in PLO's answer to Interrogatory No. 8. I have no personal knowledge regarding any other PLO assets in the United States during the Relevant Period.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this **2nd** day of **February**, 2010, in Ramallah, Occupied Palestinian Territory

_Y. Abed Rabbo_
Yasser Abed Rabbo
Secretary General
Palestine Liberation Organization

4