# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINE LIBERATION ORGANIZATION, et al., <br><br> Defendants. | Civil Action No. 04cv397 (GBD) (RLE) |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' PERSONAL JURISDICTION REQUEST FOR DOCUMENTS

Defendant Palestinian Authority ("PA") and Defendant Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 34, state their objections to and, where applicable, respond to the Personal Jurisdiction Request for Documents from plaintiffs Mark I. Sokolow, et al. (collectively, "Plaintiffs"), as follows:

### GENERAL OBJECTIONS TO EACH OF THE REQUESTS

1. Defendants object to the Requests to the extent the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine or any other applicable statutory or common law privilege. With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants

934369.1

will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3. Defendants object to the Requests to the extent they seek information and documents which are not relevant to the personal jurisdiction claims and issues in this action and are not reasonably calculated to lead to the discovery of admissible evidence related to the personal jurisdiction issue.

4. Defendants object to the Requests to the extent that they are oppressive, overly burdensome and/or would involve undue financial expense to Defendants. In addition, Defendants object to each and every request which seeks "all" documents, "all" contracts and agreements, and "all" schedules, diaries and/or calendars when the relevant information may be supplied with fewer than "all" documents.

5. Defendants objects to the Requests to the extent the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

6. Defendants object to the Requests to the extent they seek the identification or disclosure of information or documents that are not within Defendants' possession, custody, or control. In this regard, Defendants specifically object to Definition No. 10.

7. Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

8. Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, trade secret or other protected information or documents. Additionally,

any disclosure or production of such information or documents by Defendants in response to the Requests, whether produced now or in the future, shall be subject to the provisions and protections of a Confidentiality Agreement and proposed Protective Order to be negotiated by counsel for the parties and submitted in this case.

9.  Defendants reserve their right to object to or challenge the competency, relevance, materiality, authenticity or admissibility of any information or documents produced in response to the Requests at any stage, proceeding, trial or appeal in this case.

10. By producing documents in response to the Requests, Defendants are not conceding that particular expenses, contracts, or assets are those of the PA or PLO, rather than those of third parties.

11. Defendants object to the definition of the terms, "asset," "PA asset," and "PLO assets" in Definition Nos. 4-6 as vague and ambiguous, overly broad, and requiring a legal conclusion, including, as potentially construed, the phrases "legal rights or interests" and "equitable rights and interests."

## INTRODUCTION

1.  In accordance with Fed. R. Civ. P. 26(e), and as the Plaintiffs request in Instruction No. 4, Defendants will supplement their responses to these Requests if Defendants acquire additional documents.

2.  Any responses contained herein are based on certain non-privileged information or documents presently available to Defendants or their counsel, as well as non-privileged information or documents that are publicly available, including pleadings and motions in this case. The responses may not necessarily reflect information or documents that are currently

within the possession, custody or control of other persons or entities, including former employees of Defendants.

3. The exact wording of any responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

4. To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine or the joint defense privilege), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

5. Request for Documents seeking documents regarding the PLO Mission to the United States (the "D.C. Office") and regarding the Permanent Observer Mission of Palestine to the United Nations ("the New York Office") are treated as directed only to Defendant PLO, as these offices are offices of the PLO, not the Palestinian Authority.

6. Responsive documents are being produced by sending copies via overnight mail to Plaintiffs' counsel David Strachman, McIntyre, Tate & Lynch, LLP, 321 South Main Street, Suite 400, Providence, RI 02903, for arrival on January 29, 2009.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:** All documents constituting the books of account, financial records and/or reports of income and expenditures of the D.C. Office during the Relevant Period.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including but without limitation, General Objection Nos. 4, 8, and 10.

In addition, Defendants object to the Request to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Response:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO is producing books and records for the PLO Mission to the United States for 2002 (excluding May 2002), 2003, and January 2004. *See* documents numbered 02:000574 to 02:004472. These books and records were maintained by the PLO Mission to the United States' accountant Hassan Hamdan. Mr. Hamdan does not have records for May 2002 or records for the 1998-2001 period in his possession, custody, or control. The PLO Mission to the United States did not retain books and records for the 1998-2001 time period, nor does it have books and records for the May 2002 period.

Pursuant to its obligations under the Foreign Agents Registration Act, every six months, beginning in September 1998 and throughout the remainder of the Relevant Period, the PLO submitted to the U.S. Department of Justice a Supplemental Statement Pursuant to Section 2 of the Foreign Agents Registration Act of 1938 ("FARA"), as amended, (hereinafter "Supplemental Statement"). This semi-annual Supplemental Statement includes a schedule of monies expended by the PLO Mission to the United States during the preceding six month period. Copies of those statements covering the April 1, 1998, through January 16, 2004 period are provided in response to Document Request No. 5. *See* documents numbered 02:000391 to 02:000559. The Supplemental Statements also are publicly available. The Department of Justice provides Internet access to the FARA Supplemental Statements through its website www.usdoj.gov/criminal/fara.

934369.1

Additional books and records for the PLO Mission to the United States may be available through the Palestine National Fund in Amman, Jordan, but they will be unnecessarily burdensome and expensive to obtain. In the context of the limited nature of the personal jurisdiction discovery, documents provided in response to this request provide ample information about the nature of the activities of the D.C. Office.

**Request No.2:** All contracts and agreements governing the employment of employees of the D.C. Office and the New York Office during the Relevant Period.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including but without limitation, General Objection Nos. 4 and 6. Defendants further object to the Request on the grounds that it uses the undefined and vague term "employees."

In addition, Defendants object to the Request to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Response:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO responds as follows:

During the Relevant Period, the following employees of the PLO Mission to the United States had written employment agreements: Ummer Faddakot, Malea Kiblan, Hakem Takesh, Isseine Ali, El Pidio Orinion, and Shahzad Ahmed. Defendant PLO is producing contracts governing the employment of Ummer Faddakot and Malea Kiblan. *See* documents numbered 02:000001 to 02:000005. As of this time, Defendants have not been able to locate additional employment contracts, but will supplement the production if they become available. It is

counsel's understanding at this time that there is a standard employment agreement, such that the contracts for the other employees would be substantially similar to those for Ummer Faddakot and Malea Kiblan.

The Permanent Observer Mission to the United Nations does not have copies of any written employment agreements with its employees.

**Request No. 3**: All documents evidencing and/or documenting the existence and value of any and all PA Assets and PLO Assets in the United States during the Relevant Period.

**Objections**:

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including but without limitation, General Objection Nos. 4, 6, 7, and 8.

In addition, Defendants object to the Request to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Response**:

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows:

Documents responsive to this request are being produced and are numbered 02:000006-02:000280, and also are included amount the documents produced in response to Document Request No. 1 and numbered 02:000574 to 02:004472. Document No. 02:000568 has been withheld from protection because it is subject to a protective order in an enforcement action against the Palestinian Pension Fund. It will be produced once a Protective Order is in place in this action and Defendants are assured its production will not violate the existing Protective Order.

934369.1

Regarding the Palestine Commercial Services Company ("PCSC") assets described in response to Interrogatory No. 7, Defendants previously have provided to Plaintiffs' counsel documentation regarding the value of PCSC assets transferred to the Palestine Investment Fund. *See* Supplemental Declaration of Prime Minister Fayyad, dated June 12, 2008, and related exhibits, filed in *Knox v. PLO*, No. 03-cv-4466 (SDNY) (VM).

**Request No. 4:** All documents constituting, evidencing and/or documenting any and all contracts and/or agreements to which the PA and/or PLO were or are a party: (a) which were executed or performed in the United States at any time during the Relevant Period; and/or (b) which were executed or performed anywhere in the world at any time during the Relevant Period, and to which a person resident, incorporated and/or headquartered in the United States was also a party.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including but without limitation, General Objection Nos. 4 and 10.

In addition, Defendants object to the Request to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Response:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PA responds as follows:

Defendant PA is producing a copy of its retainer agreement with Bannerman & Associates, Inc. *See* No. 02:000297-300.

The PA also is producing a Memorandum of Understanding with Stroock & Stroock & Levan (No. 02:000301-306), an Investment Consulting Services Agreement with Smith Barney Inc. (No. 02:000307-325), and a Retainer Agreement with William M. Mercer Inc. (No. 02:000326-330), all three of which relate to services provided to the Palestinian Pension Fund

for the State Administrative Employees in the Gaza Strip ("Palestinian Pension Fund," or "PPF"). Defendant PA is producing these agreements because they are denominated as agreements with the PA, but production of these agreements should not be construed or treated as a concession or admission that the PA, as opposed to the PPF, was a party to the agreements.

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO responds as follows:

Defendant PLO is producing a copies of the following agreements to which the PLO Mission to the United States was a party: (i) a lease for office space with Endeka Enterprises (No. 02:000331-358); (ii) a Declaration of Term for the 1717 K Street office space (No. 02:000359-360); (iii) a contract with Realm Industries for moving and storage (No. 02:000281-291); and (iv) a contract with Telephone Systems Management Inc. for telephone equipment (No. 02:000292-296).

In addition, books and records of the PLO Mission to the United States produced in response to Request No. 1, documents numbered 02:000574-004472, indicate that the PLO Mission to the United States had relationships with, or purchased supplies or services from, a number of vendors and service providers associated with the routine operations of the D.C. Office, including, but not limited to, the following:

- <u>Office Supplies and Equipment</u>: Telecommunications Systems Management (telephones), International Graphics (business cards/office supplies), Comp USA (computer equipment), ABD Business Service Inc. (office supplies, posters, moving, cleaning), and United Business Machines (office supplies)

- <u>Postage / Shipping</u>:  DHL, Pitney Bowes / Purchase Power
- <u>News Services / Subscriptions</u>:  Washington Post, World Net Group Telecom, News World, Congressional Quarterly
- <u>Telecommunications / Internet</u>:  Verizon, AOL Online, Dish Network, Capitol Antenna Co.
- <u>IT Support</u>:  Sayed Aly ($1000 for 2 dish, receivers and installation); Alan Bushnel ($45 for IT support)
- <u>Office Space</u>:  *See* Response to Interrogatory No. 6.
- <u>Professional Services</u>:  Hassan Hamdan (accountant for some of Relevant Period), Maher Hanania (legal services on at least one occasion).
- <u>Credit cards</u>:  Staples, Capitol One Visa

In addition, the PLO Mission to the United States paid for certain living expenses of Hasan Abdel Rahman, either directly or by reimbursing Mr. Rahman. Accordingly, the books and records of the PLO Mission to the United States for the 2002-January 2004 period show payments to the following: Cox Communications (cable and internet for residence); Dominion Virginia Power (utilities for residence); Washington Gas (utilities for residence); Chrysler Financial (car lease for Hasan Abdel Rahman); Smart Lease by GMAC (car lease for Hasan Abdel Rahman); Exxon Mobil credit card (for Hasan Abdel Rahman); and AIG Private Client Group (homeowners and auto insurance for Hasan Abdel Rahman).

In addition, the PLO Mission to the United States paid for cell phone, parking, and health insurance expenses of certain employees. Accordingly, the books and records of the PLO Mission to the United States show payments to Colonial Parking and Inter Park (for parking) and to Verizon Wireless and T Mobile (for cell phones). The books and records also include a few

tax returns and some health insurance premium statements for which some employees were reimbursed. These documents have not been produced as they are not relevant to the personal jurisdiction inquiry and contain Social Security Numbers and other confidential information.

The Permanent Observer Mission to the United Nations had a contract with Otis Elevator for the maintenance of the building elevator. In addition, the office would occasionally hire people on an ad hoc basis for routine building maintenance tasks, such as painting. The office also had relationships with, or purchased supplies or services from, a number of vendors and service providers in connection with the routine operation of the office.

**Request No. 5:** All schedules, diaries and/or calendars evidencing and/or documenting the activities of Hassan Abdel Rahman and Nasser Al-Kidwa during the Relevant Period.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections, including but without limitation, General Objection Nos. 4, 5, 6, and 7 (with respect to "activities").

In addition, Defendants object to the Request to the extent it fails to recognize the PA's and PLO's status as separate juridical entities and as separate Defendants whose jurisdictional contacts with the United States must be analyzed separately.

**Response:**

Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO responds as follows:

With respect to the "activities" of Hasan Abdel Rahman, *see* Answer to Interrogatory No. 4 regarding semi-annual Supplemental Statements provided by the PLO Mission to the United States to the U.S. Department of Justice pursuant to the Foreign Agents Registration Act. These

Supplemental Statements and other responsive are being produced. *See* documents numbered 02:000361 to 02:000559.

With respect to the "activities" of Nasser Al-Kidwa, the Permanent Observer Mission of Palestine to the United Nations does not maintain records of Nasser Al-Kidwa's schedules, diaries, or calendars. Nasser Al-Kidwa is no longer employed at the New York Office and does not currently possess any calendar, schedule or diary that lists such events in which he participated during the Relevant Period. As noted in Defendant PLO's response to Interrogatory No. 4, Nasser Al-Kidwa made a number of appearances and gave a number of interviews during the Relevant Period. A partial list is provided Defendant's Answer to Interrogatory No. 4. Additional information regarding Nasser Al-Kidwa's "activities" during the Relevant Period may be publicly available through the Internet, and is as easily accessible to Plaintiffs as to Defendants.

**Request No. 6:** All documents relied upon by the defendants in responding to the Interrogatories served on the defendants contemporaneously herewith.

**Objections:**

Defendant PA and Defendant PLO incorporate herein by reference the foregoing General Objections.

**Response:**

Subject to and without waiving the foregoing General Objections, Defendants PA and PLO respond as follows:

Documents relied upon by Defendants in responding to Interrogatory No. 1 have been produced in response to Document Request Nos. 1 and 2.

Documents relied upon by Defendants in responding to Interrogatory No. 4 have been produced in response to Document Request No. 5.

Documents relied upon by Defendants in responding to Interrogatory Nos. 5 and 6 have been produced in response to Document Request No. 1.

Documents relied upon by Defendants in responding to Interrogatory No 7 are being produced and are numbered 02:000560-574.

Documents relied upon by Defendants in responding to Interrogatory No. 8 have been produced in response to Document Request Nos. 1 and 3.

Documents relied upon by Defendants in responding to Interrogatory No. 9 have been produced in response to Document Request No. 1.

                                       /s/ Mark J. Rochon
                                       Mark J. Rochon
                                       Richard A. Hibey
                                       MILLER & CHEVALIER CHARTERED
                                       655 15th Street, N.W., Suite 900
                                       Washington, D.C. 20005
                                       Email: mrochon@milchev.com
                                       Email: rhibey@milchev.com
                                       (202) 626-5800 (phone)
                                       (202) 626-5801 (facsimile)

                                       *Admitted Pro Hac Vice*
                                       *Counsel for Defendants PA and PLO*

934369.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of January, 2009, a true and genuine copy of the foregoing was sent by electronic mail and first class mail, postage prepaid to the following:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Djs@mtlhlaw.com
>*Attorneys for Plaintiffs*

>Olimpio Lee Squitieri
>Squitieri & Fearon, LLP
>32 East 57th Street, 12th Floor
>New York, NY 10022
>Phone: (212) 421-6492
>Fax: (212) 421-6553
>Lee@sfclasslaw.com
>*Attorneys for Plaintiffs*

934369.1