UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

SOKOLOW, et al., : 04-CV-397

Plaintiff, : September 11, 2009

v. : 500 Pearl Street
: New York, New York

PALESTINE LIBERATION ORGANIZATION, et al.,

Defendants.

-------------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: DAVID J. STRACHMAN, ESQ.

For the Defendant: LAURA FERGUSON, ESQ.

Court Transcriber: SHARI RIEMER
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, NY 12866

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE COURT: This is Judge Ellis. Can I have your appearances?

MR. STRACHMAN: Hi, Judge. David Strachman for the plaintiffs.

MS. FERGUSON: Good afternoon. Laura Ferguson and Charles McAleer for the defendants, the PLO and the Palestinian Authority.

THE COURT: This is a conference in Sokolow v. Palestine Liberation Organization, 04-CV-0397. It's about 3:03 p.m. on September the 11th.

The issue that I have listed for the parties is the taking of depositions of parties who had verified information. Whose application is this? Is this an application from -- whose application is this?

MR. STRACHMAN: The plaintiff's, Your Honor.

THE COURT: Could you describe again what these individuals verified so I can make sure I have your position on the record here?

MR. STRACHMAN: Certainly, Your Honor. We -- our position is contained entirely in our June 26, 2009 letter and also in a subsequent follow-up letter of July 7th. We sought to depose two officials of the defendants, Mr. Jadalla [Ph.], who is the director general of the Palestinian Authority Finance Ministry, and Yasoo Rabu [Ph.] who is the director general -- secretary general, rather, of the Palestine

Liberation Organization. They both signed interrogatories with respect to the jurisdictional discovery on behalf of the two defendants. They verified the answers and their answers are utilized in the defendant's renewed motion to dismiss which is Document 67, and on Document 67 on Pages -- I believe it's 9 through 17 there's a series of references to the interrogatories.

So instead of or in lieu of filing affidavits attached to the motion to dismiss, the defendants chose to incorporate the interrogatory answers that these two gentlemen swore to in the interrogatory answers. There was questions particularly as laid out in our brief -- excuse me, in our letter of June 26th deal with PLO"s DC office, the PLO's PA's New York office and the status of the employees that are in those offices and the activities at the offices.

THE COURT: Okay. And you want to depose them to ascertain the basis for their answers?

MR. STRACHMAN: Correct.

THE COURT: Ms. Ferguson, your objection is what?

MS. FERGUSON: Your Honor, our objection is that when the plaintiffs initially served their discovery, their personal jurisdiction discovery they served interrogatories, document requests and then two deposition notices. Those deposition notices were for the heads of the New York and DC office of the PLO during the relevant time period. We provided the

interrogatory answers. We provided documents. The plaintiffs withdrew their deposition notices for the former heads of the DC and New York office. The plaintiffs then filed no motion to compel as to our responses to the December 1 discovery. Then subsequently much later they now seek to depose the interrogatory [inaudible]. So without identifying for defendants what they hope to accomplish from this exercise because as to our mind this is going to be a waste of the party's time and a needless expense.

The relevance period is January 1998 to 2004 for purposes of the personal jurisdiction discovery. These individuals, Mr. Yasoo Rabu and Masin Jadalla sitting in their office in Ramallah don't remember what phone lines the DC office used or who the landlords were or particular employees. They have no personal knowledge of these things. Instead, documents from that time period were reviewed and those documents have been provided to the plaintiffs. So we don't see that there's any benefit to be gained from everyone traveling over to the Middle East for depositions.

THE COURT: Mr. Strachman, it sounds as if what Ms. Ferguson is saying is that you already know the basis for their answers and that's the documents that were reviewed. What's wrong with that? Mr. Strachman?

MR. STRACHMAN: Excuse me, Your Honor. We don't know what the basis of their forming opinions for responding to the

interrogatories are.

THE COURT: It's not --

MR. STRACHMAN: We don't know why they came up with the opinions that they did.

THE COURT: You have a factual dispute here which I'm not able to quite figure out. Ms. Ferguson says on the one hand that the responses in interrogatories are based on documents that these two individuals reviewed, that they don't have any firsthand knowledge. That seems pretty clear and straightforward. So if they don't have any firsthand knowledge -- first of all, I don't know what the deposition would do. Secondly, if they actually reviewed documents if that's conceded that forms the basis -- you can argue about whether or not the documents in and of themselves is sufficient to sustain the proposition which the defendants seek to sustain.

But, Mr. Strachman, you're saying that it's not clear that their knowledge was just based on documents? Can't we just do this by them affirming that that's the only basis of knowledge they have and defendants identifying which documents we're talking about?

MR. STRACHMAN: Well, they chose to utilize the opinions of these witnesses or the statements of these witnesses on Pages 9 through 17 of their brief. They didn't simply attach documents. They utilized the characterization of the documents and the status of their employees as contained in

the interrogatory responses. So they -- defendants saw fit to not simply rely on documents but to rely on effectively affiants.

MS. FERGUSON: The fact that --

THE COURT: I understand that but if in fact what Ms. Ferguson says is true and either it's established or it's stipulated to then if the individuals have no personal knowledge and they say they depend on documents it seems to me you need to identify -- she needs to identify which documents they are because you're not -- the deposition isn't going to establish anything except saying look, I looked at Documents 100 through 120 and I ascertained that these employees were here or there. So it's not a -- I understand that they characterize it as based upon the affiant but it sounds as if the affiants are just basing it on documents.

MS. FERGUSON: If I could say further, Your Honor, that there is no use of the interrogatories for opinions and being very transparent and open about the extent of any jurisdictional presence in the U.S. the defendants have laid out yes, this office had X number of employees; yes, they have the following bank accounts; yes, they [inaudible] engaged in the following speaking activities and here's where that document is. So there's no opinion that's being offered here. But we are, of course, happy to identify particular documents that relate to interrogatory responses.

THE COURT: Mr. Strachman, I certainly think you're entitled to look at the basis for the statements that are made but if the individuals are merely conduits for information that's contained in documents it seems to me that under rules of sufficient discovery the -- you took the deposition, they refer you to the documents we'd be back here telling me telling Ms. Ferguson to give you the documents. So as long as I'm satisfied that Ms. Ferguson has ties to the documents and that these individuals don't have any personal knowledge or she'll stipulate they don't have any personal knowledge, I don't see a basis for having their deposition. Indeed, to the extent that they stipulate they don't have any personal knowledge, you may be able to challenge some of the things that they've said on the basis whether or not it's appropriate under the circumstances as a response to your position.

So, Ms. Ferguson, to the extent that they're not -- even if you think they're identified already --

MS. FERGUSON: Yes.

THE COURT: I'm going to direct that -- you and Mr. Strachman can discuss this, but for you to identify which documents are responsive to the point that Mr. Strachman thinks that he wants further inquiry on. I gather it has to do with who's working where and which offices and what speeches were given, things like that. That's all ascertained from documents I guess.

MS. FERGUSON: Yes. To be clear then I would be providing that information for the interrogatory answers or the statements that were actually incorporated into the motion -- the renewed motion to dismiss.

THE COURT: Right. Obviously the priority would be what's in the motion although I think just so that we don't have to revisit this if it's clear that the entire interrogatory answers are based on certain documents you might as well give that information to Mr. Strachman but as a priority you should begin with what's in the actual affidavit response.

MS. FERGUSON: How should I convey that to him, Your Honor, through a letter or --

THE COURT: Well, I think ultimately it has to be put in writing just so that there will be a record of what you said. So a letter is fine although unless you two are having problems with communications I would suggest that you first talk about it and then confirm in writing what you said.

MS. FERGUSON: Sure.

THE COURT: Is there anything else?

MR. STRACHMAN: Just so we're clear, Judge. As I understand it you're going to -- your ruling is that you're denying our request for the depositions but that the documents that support both the positions in -- the referenced positions in the brief and in the interrogatories in general will be

identified and sort of correlated to the statements, and I think a letter is sufficient to do that.

THE COURT: Yes. Again, I'm taking Ms. Ferguson at her word that these gentlemen don't have any personal knowledge and they glean their responses based upon documents which they reviewed.

MR. STRACHMAN: If I could, Judge, maybe they should be the ones then to say the statement in Interrogatory 3, for instance, X, Y, Z, that was based on Documents 1, 2, 3.

THE COURT: I thought that's where we were.

MR. STRACHMAN: Okay. Right. But I'm just saying maybe it's the affiants who should be attesting to that and not counsel. Maybe that would avoid any issues.

MS. FERGUSON: If I'm pointing you to the documents and the documents are supporting what's stated in the interrogatories that seems like an extra step that's unnecessary.

THE COURT: Well, I'll put it to you this way. It seems to me that if you have a statement from counsel saying that the individuals have no personal knowledge that's certainly a good starting point. I think -- I don't know what --

Ms. Ferguson, you're able to make that statement because you were involved in the process?

MS. FERGUSON: Yes. Yes, I was. And also there were

interviews with the current individual at the DC office and the New York office who spoke to his recollection of people's positions. So we'll also reference that.

THE COURT: Okay. I just wanted to --

MS. FERGUSON: Again, that's not something that the affiants had personal knowledge of because they don't recall what happened at the DC office or the New York office back during this time period and plaintiffs chose not to depose the people that were the heads of those offices.

MR. STRACHMAN: So then it seems to me what you're saying, Ms. Ferguson, is that the affiants relied in part on the interviews with counsel. So it would -- I don't mean to belabor the point, Judge. My only -- I just think it would be just tidier to simply say that each of the two affiants can say the statement that I made is based on these documents. I don't know if -- I can't believe it's much more complicated or it would involve a lot of extra steps since the defendants have been working fairly closely with these affiants in several cases. These affiants have filed discovery responses and sworn documents in several different cases. So they must be available to them and work with them which I would fully expect.

THE COURT: I'll put it to you this way. Your point is well taken although I think as an initial matter what we should do is we should work toward getting the answers to the

questions --

MS. FERGUSON: Right.

THE COURT: I think, Ms. Ferguson. ultimately since they are the affiants that are being addressed they'll need to confirm whatever information you can convey to Mr. Strachman, that is that either by saying that the information that I've reviewed what Ms. Ferguson sent and that is true or otherwise indicating that what they did in their affidavits was not based on personal knowledge and based on the documents which you conveyed to Mr. Strachman.

I mean he's right that as a cleaner matter the person who made the affidavit is the one who should specify what it is that they relied on so that there won't be any question. I'm not as -- in a grand scheme of things I'm not as concerned about it from that point of view because I would hold you responsible but since it's not just my case I think as a -- and presenting it to the District Judge it ought to be a little neater than that. Do you understand what I'm saying?

MS. FERGUSON: Yes. That's fine, Your Honor.

THE COURT: So they'll have to at some point confirm whatever you convey to Mr. Strachman and I trust that it won't linger on for too long. But I want to expedite things so I'm sure you can provide the information and maybe you can provide an affidavit from them in short order too but I don't think it needs to be held up while that happens.

MS. FERGUSON: The first step will be to get the information to Mr. Strachman and then we'll take it from there. It is over the next week the highest of the Ramadan holidays. It will be difficult to get a declaration in the next week.

THE COURT: All right. I'll leave you with only this word, that is that when I get representations from attorneys about what's going to be the facts I hope they turn out to be that way because it gets messy after that.

MS. FERGUSON: I understand, Your Honor.

THE COURT: Based upon the facts presented to me, I assume that Ms. Ferguson will convey the information to Mr. Strachman. It will be their -- they will have to verify by the actual affiant, that this will be done as quickly as possible in the manner to expedite Mr. Strachman getting the information but that ultimately we will have individuals with direct knowledge of the affidavits on record.

If there's nothing further, Counsel --

MR. STRACHMAN: No, Your Honor. Just will the Court then be issuing some sort of order to this effect just -- are we on the record in --

THE COURT: We are being recorded.

MR. STRACHMAN: Okay.

THE COURT: And my clerk is also taking notes. Of course the parties understand that this is binding. I trust that -- this one is actually pretty clear. So I don't think

there's any subjectivity involved in it. So we'll have my recollection, my law clerk's notes and the back-up recording. That will hopefully resolve any disputes that the parties have going forward.

Anything else?

MR. STRACHMAN: That's all, Your Honor.

MS. FERGUSON: No, Your Honor.

THE COURT: Thank you very much. We're adjourned.

MR. STRACHMAN: Thank you very much.

* * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

_______________________________________

Shari Riemer

Dated: September 17, 2009