## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————

Mark I. Sokolow, *et al.,*

                        Plaintiffs,

v.

THE PALESTINE LIBERATION
ORGANIZATION *et al.,*

                       Defendants.

———————————————————————

Civil Action No. 1:04cv00397-GBD
ECF Case

### ANSWER OF DEFENDANTS THE PALESTINIAN AUTHORITY AND THE PALESTINE LIBERATION ORGANIZATION

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 8 and 12(a), submit the following Answer to the Plaintiffs' First Amended Complaint (the "Complaint") in the above-captioned action and state as follows:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction over this action or, alternatively, subject-matter jurisdiction should be abated.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter and/or supplemental jurisdiction over the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior), and Thirteenth Count (Inducement).

### THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendants with respect to this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted against Defendants, and, therefore, this action should be dismissed as to the Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

### SIXTH AFFIRMATIVE DEFENSE

This Court is not a proper venue for this action and the action should be dismissed. Alternatively, this action should be transferred.

### SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed as non-justiciable, including, without limitation, under the political question doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune from suit in the United States under the doctrine of Sovereign Immunity.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any legally cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, such harm or damages are the proximate result of actions or omissions of third parties for which Defendants were not and are not legally responsible and which also constitute superseding or intervening causes.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to join necessary and indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed in whole or in part because of misjoinder of parties and/or claims.  Alternatively, the plaintiffs' causes of action should be separated for trial and/or other resolution.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any legally cognizable harm or damages under the legal theories alleged in the Complaint, which Defendants deny, Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the applicable statute of limitations and/or the doctrine of laches.

With respect to the individual allegations in the Complaint, Defendants respond as follows:

## Introduction

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 1 of the Complaint.

## Jurisdiction and Venue

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, non-specific and non-particular allegations regarding "John Does 1-99" and sufficient allegations relating to time and place, which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 2 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 2 of the Complaint that relate to Defendants.  To the extent a response is required, Defendants deny that the Court has jurisdiction over this matter and Defendants.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity.  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 3 of the Complaint that assume, relate to or depend on such unspecified allegations

and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 3 of the Complaint that relate to Defendants, including, but not limited to, the allegation that Defendants maintain "an office and agent" and are "resident" in the Southern District of New York.  Defendants acknowledge that the Permanent Observer Mission of Palestine to the United Nations has an office in New York.

## The Parties

4.      Paragraph 4 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 4 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 4 of the Complaint and, therefore, deny the same.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 5 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 6 of the

Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 6 of the Complaint and, therefore, deny the same.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 7 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 7 of the Complaint and, therefore, deny the same.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 8 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 9 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants

lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 9 of the Complaint and, therefore, deny the same.

10.     Paragraph 10 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 10 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 10 of the Complaint and, therefore, deny the same.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 11 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 12 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 13 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 13 of the Complaint and, therefore, deny the same.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 14 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 14 of the Complaint and, therefore, deny the same.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 15 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 16 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 17 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18.     Paragraph 18 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 18 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 18 of the Complaint and, therefore, deny the same.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 19 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on March 21, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 19 of the Complaint and, therefore, deny the same.

20.     Paragraph 20 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 20 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 20 of the Complaint and, therefore, deny the same.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 21 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 21 of the Complaint and, therefore, deny the same.

22.     Paragraph 22 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 22 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured.

Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 22 of the Complaint and, therefore, deny the same.

23.      Paragraph 23 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 23 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on June 19, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 23 of the Complaint and, therefore, deny the same.

24.      Paragraph 24 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 24 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on June 19, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 24 of the Complaint and, therefore, deny the same.

25.      Paragraph 25 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 25 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on June 19, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 25 of the Complaint and, therefore, deny the same.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 26 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 26 of the Complaint and, therefore, deny the same.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 27 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 27 of the Complaint and, therefore, deny the same.

28.     Paragraph 28 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 28 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 28 of the Complaint and, therefore, deny the same.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 29 of the

Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.

Defendants lack sufficient knowledge or information to admit or deny any remaining factual

allegations contained in paragraph 29 of the Complaint and, therefore, deny the same.

30.      Paragraph 30 of the Complaint contains legal conclusions to which no response is

required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 30 of the

Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.

Defendants lack sufficient knowledge or information to admit or deny any remaining factual

allegations contained in paragraph 30 of the Complaint and, therefore, deny the same.

31.      Paragraph 31 of the Complaint contains legal conclusions to which no response is

required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 31 of the

Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.

Defendants lack sufficient knowledge or information to admit or deny any remaining factual

allegations contained in paragraph 31 of the Complaint and, therefore, deny the same.

32.      Paragraph 32 of the Complaint contains legal conclusions to which no response is

required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 32 of the

Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 32 of the Complaint and, therefore, deny the same.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 33 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 33 of the Complaint and, therefore, deny the same.

34.     Paragraph 34 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 34 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 34 of the Complaint and, therefore, deny the same.

35.     Paragraph 35 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 35 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.

Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 35 of the Complaint and, therefore, deny the same.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 36 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 36 of the Complaint and, therefore, deny the same.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 37 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 37 of the Complaint and, therefore, deny the same.

38.     Paragraph 38 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 38 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 38 of the Complaint and, therefore, deny the same.

39.     Paragraph 39 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 39 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 39 of the Complaint and, therefore, deny the same.

40.     Paragraph 40 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 40 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 40 of the Complaint and, therefore, deny the same.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 41 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 41 of the Complaint and, therefore, deny the same.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 42 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 42 of the Complaint and, therefore, deny the same.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 43 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 43 of the Complaint and, therefore, deny the same.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 44 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 44 of the Complaint and, therefore, deny the same.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 45 of the Complaint that relate to Defendants.  Defendants state, on information and belief, that a bomb

exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 45 of the Complaint and, therefore, deny the same.

46.     Paragraph 46 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny as phrased any and all factual allegations contained in paragraph 46 of the Complaint and state that the PLO was founded in 1964 by Egypt and the Arab League and was recognized as the representative of the Palestinian people by Israel as part of the Oslo Accords.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny as phrased any and all factual allegations contained in paragraph 47 of the Complaint and state that the PA was established by the Oslo Accords to serve as the governing authority for the Occupied Palestinian Territories in the West Bank and Gaza Strip.

48.     Paragraph 48 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 48 of the Complaint that assume, relate to or depend on such unspecified allegations and,

18

therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 48 of the Complaint that relate to Defendants.

### Statement of Facts

49.      Paragraph 49 contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 49 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 49 of the Complaint that relate to Defendants

50.      Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 50 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 50 of the Complaint that relate to Defendants.

51.      Paragraph 51 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny any factual allegations contained in paragraph 51 of the Complaint that relate to Defendants.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 52 of the Complaint that relate to Defendants.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required,  To the extent a response is required, Defendants deny any factual allegations contained in paragraph 53 of the Complaint that relate to Defendants.

**The Shooting Attack on January 8, 2001**

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 55 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 55 of the Complaint that relate to Defendants.

56.     Defendants state, on information and belief, that shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 56 of the Complaint and, therefore, deny the same.

57.     Defendants state, on information and belief, that a shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 57 of the Complaint and, therefore, deny the same.

58.     Defendants state, on information and belief, that a shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 58 of the Complaint and, therefore, deny the same.

59.     Defendants state, on information and belief, that a shots were fired near Jerusalem on January 8, 2001.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 59 of the Complaint and, therefore, deny the same.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 60 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on January 8, 2001, shots were fired near Jerusalem, but

Defendants deny any factual allegations contained in paragraph 60 of the Complaint that relate to Defendants.

**The Shooting Attack on January 22, 2002**

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     With respect to the allegations contained in paragraph 69 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 69 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 69 of the Complaint that relate to Defendants.

70.     Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient

knowledge or information to admit or deny any remaining factual allegations contained in paragraph 70 of the Complaint and, therefore, deny the same.

71.     Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 71 of the Complaint and, therefore, deny the same.

72.     Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 72 of the Complaint and, therefore, deny the same.

73.     Defendants state, on information and belief, that shots were fired in Jerusalem on January 22, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 73 of the Complaint and, therefore, deny the same.

74.     Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 74 of the Complaint and, therefore, deny the same

75.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 75 of the Complaint and, therefore, deny the same.

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or

deny any and all factual allegations contained in paragraph 76 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on January 22, 2002, shots were fired in Jerusalem and a number of people were injured, but Defendants deny any factual allegations contained in paragraph 76 of the Complaint that relate to Defendants.

**The Bombing Attack on January 27, 2002**

77.     Paragraph 77 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 79 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 79 of the Complaint that relate to Defendants.

80.     Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 80 of the Complaint and, therefore, deny the same.

81.     Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 81 of the Complaint and, therefore, deny the same.

82.     Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 27, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 82 of the Complaint and, therefore, deny the same.

83.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 83 of the Complaint and, therefore, deny the same.

84.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 84 of the Complaint and, therefore, deny the same.

85.     With respect to the allegations contained in paragraph 85 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 85 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants

state, on information and belief, that, on or about January 27, 2002, a bomb exploded in Jerusalem and a number of people were injured, but Defendants deny any factual allegations contained in paragraph 85 of the Complaint that relate to Defendants.

**The Bombing Attack on March 21, 2002**

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a

response is required, Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     With respect to the allegations contained in paragraph 93 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 93 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 93 of the Complaint that relate to Defendants.

94.     Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 94 of the Complaint and, therefore, deny the same.

95.     Defendants state, on information and belief, that a bomb exploded in Jerusalem on March 21, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 95 of the Complaint and, therefore, deny the same.

96.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 96 of the Complaint and, therefore, deny the same.

97.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 97 of the Complaint and, therefore, deny the same.

98.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 98 of the Complaint and, therefore, deny the same.

99.     With respect to the allegations contained in paragraph 99 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 99 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on March 21, 2002, a bomb exploded in Jerusalem and a number of people were injured, but Defendants deny any factual allegations contained in paragraph 99 of the Complaint that relate to Defendants.

**The Bombing Attack on June 19, 2002**

100.     Paragraph 100 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent

a response is required, Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    With respect to the allegations contained in paragraph 101 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 101 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 101 of the Complaint that relate to Defendants.

102.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on June 19, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 102 of the Complaint and, therefore, deny the same.

103.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on June 19, 2002, and that a number of people were injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 103 of the Complaint and, therefore, deny the same.

104.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 104 of the Complaint and, therefore, deny the same.

105.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 105 of the Complaint and, therefore, deny the same.

106.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 106 of the Complaint and, therefore, deny the same.

107.    With respect to the allegations contained in paragraph 107 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 107 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on June 19, 2002, a bomb exploded in Jerusalem and a number of people were injured, but Defendants deny any factual allegations contained in paragraph 107 of the Complaint that relate to Defendants.

**The Bombing Attack on July 31, 2002**

108.    Paragraph 108 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    With respect to the allegations contained in paragraph 109 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 109 of the Complaint that assume,

relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants further deny any factual allegations contained in paragraph 109 of the Complaint that relate to Defendants.

110.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 110 of the Complaint and, therefore, deny the same.  Further, Defendants deny any factual allegations contained in paragraph 110 of the Complaint that relate to Defendants.

111.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny any remaining factual allegations contained in paragraph 111 of the Complaint and, therefore, deny the same.

112.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 112 of the Complaint and, therefore, deny the same.

113.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 113 of the Complaint and, therefore, deny the same.

114.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on July 31, 2002, and that a number of people were killed or injured. Defendants lack sufficient

knowledge or information to admit or deny the remaining factual allegations in paragraph 114 of the Complaint and, therefore, deny the same.

115.     With respect to the allegations contained in paragraph 115 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 115 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on July 31, 2002 a bomb exploded in Jerusalem and a number of people were killed or injured, but Defendants deny any factual allegations contained in paragraph 115 of the Complaint that relate to Defendants.

116.     With respect to the allegations contained in paragraph 116 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 116 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on July 31, 2002 a bomb exploded in Jerusalem and a number of people were killed or injured, but Defendants deny any factual allegations contained in paragraph 116 of the Complaint that relate to Defendants.

117.    With respect to the allegations contained in paragraph 117 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 117 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants state, on information and belief, that, on or about July 31, 2002 a bomb exploded in Jerusalem and a number of people were killed or injured, but Defendants deny any factual allegations contained in paragraph 117 of the Complaint that relate to Defendants.

**The Bombing Attack on January 29, 2004**

118.    Paragraph 118 of the Complaint contains legal conclusions to which no response is required, including, without limitation, the phrase "at all times relevant hereto."  To the extent a response is required, Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    With respect to the allegations contained in paragraph 119 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and allegations relating to time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or deny any and all factual allegations contained in paragraph 119 of the Complaint that assume, relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants

further deny any factual allegations contained in paragraph 119 of the Complaint that relate to Defendants.

120.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 120 of the Complaint and, therefore, deny the same.

121.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured. Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 121 of the Complaint and, therefore, deny the same.

122.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 122 of the Complaint and, therefore, deny the same.

123.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 123 of the Complaint and, therefore, deny the same.

124.    Defendants state, on information and belief, that a bomb exploded in Jerusalem on January 29, 2004, and that a number of people were killed or injured.  Defendants lack sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 124 of the Complaint and, therefore, deny the same.

125.    With respect to the allegations contained in paragraph 125 of the Complaint, Defendants state that Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations regarding "John Does 1-99" and

allegations relating to time and place which are deemed material and essential pursuant to Fed.

R. Civ. P. 9(f).  Accordingly, Defendants lack sufficient knowledge or information to admit or

deny any and all factual allegations contained in paragraph 125 of the Complaint that assume,

relate to or depend on such unspecified allegations and, therefore, deny the same.  Defendants

state, on information and belief, that, on January 29, 2004, a bomb exploded and a number of

people were killed or injured, but Defendants deny any factual allegations contained in paragraph

125 of the Complaint that relate to Defendants.

<u>First Count</u>
**(International Terrorism -- 18 U.S.C. § 2333)**

126.    Defendants incorporate by reference, as if fully set forth herein, the preceding

paragraphs of this Answer.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny any allegations contained in paragraph 127 of

the Complaint that relate to Defendants.

128.    Paragraph 128 contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny any allegations contained in paragraph 128 of

the Complaint that relate to Defendants.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny any allegations contained in paragraph 130 of

the Complaint that relate to Defendants.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny any allegations contained in paragraph 131 of

the Complaint that relate to Defendants.

132.     Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.     Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 133 of the Complaint that relate to Defendants.

134.     Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 134 of the Complaint that relate to Defendants.

**Second Count**
**(Wrongful Death)**

135.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

136.     Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.     Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 137 of the Complaint that relate to Defendants

138.     Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 138 of the Complaint that relate to Defendants

139.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 139 of the Complaint and, therefore, deny the same.

140.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 140 of the Complaint and, therefore, deny the same.

141.     Paragraph 141 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 141 of the Complaint that relate to Defendants.

142.     Paragraph 142 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 142 of the Complaint that relate to Defendants.

### Third Count
**(Pain and Suffering)**

143.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

144.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 144 of the Complaint relating to Janis Ruth Coulter, Diane ("Dina") Carter, Benjamin Blutstein, David Gritz, and Stuart Scott Goldberg and, therefore, deny the same.  Defendants deny any remaining allegations contained in paragraph 144 of the Complaint that relate to Defendants.

145.     Paragraph 145 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.     Paragraph 146 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the Complaint.

## Fourth Count
### (Battery)

147.    Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

148.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 148 of the Complaint relating to Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna Gould, Shmuel Waldman, Dr. Alan J. Bauer, Yehonathon Bauer, Shaul Mandelkorn, and Joseph Guetta and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 148 of the Complaint that relate to Defendants.

149.    Paragraph 149 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 149 of the Complaint that relate to Defendants.

150.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 150 of the Complaint relating to Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna Gould, Shmuel Waldman, Dr. Alan J. Bauer, Yehonathon Bauer, Shaul Mandelkorn, and Joseph Guetta and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 150 of the Complaint that relate to Defendants.

151.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 151 of the Complaint relating to Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna Gould, Shmuel Waldman, Dr. Alan J. Bauer, Yehonathon Bauer, Shaul Mandelkorn, and Joseph Guetta and, therefore, deny the same.

Defendants deny any remaining factual allegations contained in paragraph 151 of the Complaint that relate to Defendants.

152.    Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 152 of the Complaint that relate to Defendants.

153.    Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 153 of the Complaint that relate to Defendants.

154.    Paragraph 154 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 154 of the Complaint that relate to Defendants.

<u>**Fifth Count**</u>
**(Assault)**

155.    Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

156.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 156 of the Complaint relating to Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna Gould, Shmuel Waldman, Dr. Alan J. Bauer, Yehonathon Bauer, Shaul Mandelkorn, and Joseph Guetta and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 156 of the Complaint that relate to Defendants.

157.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 157 of the Complaint relating to Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna Gould, Shmuel Waldman, Dr. Alan J. Bauer,

Yehonathon Bauer, Shaul Mandelkorn, and Joseph Guetta and, therefore, deny the same. Defendants deny any remaining factual allegations contained in paragraph 157 of the Complaint that relate to Defendants.

158.    Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 158 of the Complaint that relate to Defendants.

159.    Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 159 of the Complaint that relate to Defendants.

### Sixth Count
### (Loss of Consortium and Solatium)

160.    Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

161.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 161 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 161 of the Complaint that relate to Defendants.

162.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 162 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 162 of the Complaint that relate to Defendants.

163.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 163 of the Complaint relating to the named plaintiffs and, therefore,

deny the same.  Defendants deny any remaining factual allegations contained in paragraph 163 of the Complaint that relate to Defendants.

164.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 164 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 164 of the Complaint that relate to Defendants.

165.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 165 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 165 of the Complaint that relate to Defendants.

166.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 166 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 166 of the Complaint that relate to Defendants.

167.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 167 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 167 of the Complaint that relate to Defendants.

168.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 168 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 168 of the Complaint that relate to Defendants.

169.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 169 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 169 of the Complaint that relate to Defendants.

170.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 170 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 170 of the Complaint that relate to Defendants.

171.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 171 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 171 of the Complaint that relate to Defendants.

172.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 172 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 172 of the Complaint that relate to Defendants.

173.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 173 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 173 of the Complaint that relate to Defendants.

174.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 174 of the Complaint relating to the named plaintiffs and, therefore,

deny the same.  Defendants deny any remaining factual allegations contained in paragraph 174 of the Complaint that relate to Defendants.

175.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 175 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 175 of the Complaint that relate to Defendants.

176.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 176 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 176 of the Complaint that relate to Defendants.

177.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 177 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 177 of the Complaint that relate to Defendants.

178.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 178 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 178 of the Complaint that relate to Defendants.

179.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 179 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 179 of the Complaint that relate to Defendants.

180.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 180 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 180 of the Complaint that relate to Defendants.

181.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 181 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 181 of the Complaint that relate to Defendants.

182.     Paragraph 182 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 182 of the Complaint that relate to Defendants.

183.     Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 183 of the Complaint that relate to Defendants.

**<u>Seventh Count</u>**
**(Negligence)**

184.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

185.     Defendants deny any allegations contained in paragraph 185 of the Complaint that relate to Defendants.

186.     Paragraph 186 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 186 of the Complaint that relate to Defendants

187.    Paragraph 187 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 187 of the Complaint that relate to Defendants

188.    Defendants deny any allegations contained in paragraph 188 of the Complaint that relate to Defendants.

189.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 189 of the Complaint relating to the named plaintiffs and, therefore, deny the same.  Defendants deny any remaining factual allegations contained in paragraph 189 of the Complaint that relate to Defendants.

190.    Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 190 of the Complaint that relate to Defendants.

191.    Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 191 of the Complaint that relate to Defendants.

## Eighth Count
### (Intentional Infliction of Emotional Distress)

192.    Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

193.    Paragraph 193 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 193 of the Complaint that relate to Defendants.

194.    Defendants deny any allegations contained in paragraph 194 of the Complaint that relate to Defendants.

195.     Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 195 of the Complaint that relate to Defendants.

196.     Paragraph 196 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 196 of the Complaint that relate to Defendants.

## Ninth Count
### (Negligent Infliction of Emotional Distress)

197.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

198.     Paragraph 198 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 198 of the Complaint that relate to Defendants.

199.     Defendants deny any allegations contained in paragraph 199 of the Complaint that relate to Defendants.

200.     Paragraph 200 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 200 of the Complaint that relate to Defendants.

201.     Paragraph 201 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 201 of the Complaint that relate to Defendants.

**Tenth Count**
**(Conspiracy)**

202.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

203.     Paragraph 203 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 203 of the Complaint that relate to Defendants.

204.     Defendants deny any allegations contained in paragraph 204 of the Complaint that relate to Defendants.

205.     Paragraph 205 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 205 of the Complaint that relate to Defendants.

206.     Paragraph 206 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 206 of the Complaint that relate to Defendants.

**Eleventh Count**
**(Aiding and Abetting)**

207.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

208.     Defendants deny the allegations contained in paragraph 208 of the Complaint.

209.     Defendants deny any allegations contained in paragraph 209 of the Complaint that relate to Defendants.

210.     Paragraph 210 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 210 of the Complaint that relate to Defendants.

211.     Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in paragraph 211 of the Complaint that relate to Defendants.

## Twelfth Count
### (Vicarious Liability/Respondeat Superior)

212.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

213.     Defendants deny the allegations contained in paragraph 213 of the Complaint.

214.     Defendants deny the allegations contained in paragraph 214 of the Complaint.

215.     Defendants deny the allegations contained in paragraph 215 of the Complaint.

216.     Paragraph 216 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 216 of the Complaint.

217.     Paragraph 217 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 217 of the Complaint.

## Thirteenth Count
### (Inducement)

218.     Defendants incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Answer.

219.     Defendants deny the allegations contained in paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in paragraph 220 of the Complaint.

221.    Paragraph 221 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 221 of the Complaint.

222.    Paragraph 222 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 222 of the Complaint.

223.    Defendants deny any and all allegations in the Complaint that are not expressly and specifically admitted above or to which no response is otherwise made above.

224.    Defendants deny that Plaintiffs are entitled to recover any relief against Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an order: (a) granting judgment in favor of Defendants and against Plaintiffs; (b) dismissing Plaintiffs' claims with prejudice; (c) denying with prejudice all relief requested by Plaintiffs; (d) awarding Defendants the costs and expenses, including reasonable attorney's fees, that they have incurred as a result hereof; and (e) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,


Dated:  April 13, 2011                    /s/ Mark J. Rochon_____
                                          Mark J. Rochon
                                          Richard A. Hibey
                                          Laura G. Ferguson
                                          MILLER & CHEVALIER CHARTERED
                                          655 15th Street, NW, Suite 900
                                          Washington D.C. 20005-6701
                                          (202) 626-5800 (telephone)
                                          (202) 626-5801 (facsimile)
                                          Email: mrochon@milchev.com
                                          *Attorneys for Defendants The Palestinian*
                                          *Authority and The Palestine Liberation Organization*