**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                      )
MARK I. SOKOLOW, *et al.*,    )
                      )
        Plaintiffs,    )
                      )
        v.             )    Civil Action No. 04cv397 (GBD) (RLE)
                      )
THE PALESTINE LIBERATION    )
ORGANIZATION, *et al.*,    )
                      )
        Defendants.    )
                      )
_____)

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 1406(a)
TO TRANSFER OR DISMISS**

This Court's March 30, 2011 Memorandum Decision and Opinion, DE 87, ruled that the

Court had personal jurisdiction over the Palestinian Authority ("PA") and the Palestine

Liberation Organization ("PLO") (collectively, "Defendants"), but expressly based that ruling on

the Defendants' contacts with the District of Columbia rather than any contacts Defendants have

with New York.  Because Plaintiffs' sole asserted basis for venue in the Southern District of

New York is the Defendants' supposed contacts with New York, it necessarily follows from the

Court's ruling that venue is not proper in this judicial district.  The fact that venue is not proper

here also means that the Court lacks personal jurisdiction over the Defendants because the

applicability of the nationwide service provision in the Antiterrorism Act of 1991 ("ATA"), 18

U.S.C. § 2334(a), upon which the Court previously relied, is dependent on establishing proper

venue in the first instance.  *Wultz v. Islamic Republic of Iran*, No. 08-cv-1460, 2011 U.S. Dist.

LEXIS 8402 at *15-16 (D.D.C. Jan. 28, 2011).  Accordingly, pursuant to 28 U.S.C. § 1406(a),

this Court must dismiss this case or transfer it to a district in which it could have been brought.

## BACKGROUND

A.  <u>The First Amended Complaint Alleges Personal Jurisdiction and Venue Based on 18 U.S.C. § 2334(a)</u>

In their First Amended Complaint ("Complaint"), the Plaintiffs purport to bring a civil action under the ATA against Defendants for injuries allegedly suffered as a result of seven terrorist attacks in or near Jerusalem from January 2001 to January 2004.  DE 4 ¶¶ 54-125.  Plaintiffs' Complaint also alleges numerous pendant non-federal claims.  *Id.* at ¶¶ 135-222.

In the Complaint, Plaintiffs allege that this Court has personal jurisdiction over Defendants based on 18 U.S.C. § 2334, the ATA's jurisdiction and venue provision.  *Id.* ¶ 2.  Plaintiffs have also pled venue pursuant to Section 2334(a).  *Id.* ¶ 3.  According to Plaintiffs, venue lies in the Southern District of New York "since [Defendants] maintain an office and agent in this district and are resident in this district."  *Id.*

B.  <u>In Its March 30, 2011 Decision Denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court Held That the "*Klinghoffer* Jurisdictional Exception" Applies to Defendants' New York Activities</u>

After jurisdictional discovery, Defendants moved to dismiss for lack of personal jurisdiction.  DE 80; DE 67.  In a Decision dated March 30, 2011, the Court denied Defendants' motion.  DE 87.

In its Decision, the Court held that

> [i]n the context of ATA litigation, a plaintiff makes a prima facie showing of personal jurisdiction if: (1) service of process was properly effected as to the defendant, see Fed. R. Civ. P. 4(k)(1)(C) ("Serving a summons…establishes personal jurisdiction over a defendant…when authorized by a federal statute"); 18 U.S.C. § 2334(a) (providing for nationwide service of process and venue); and (2) the defendant has sufficient minimum contacts with the United States as a whole to satisfy a traditional due process analysis.

DE 87 at 4.  The Court found that Plaintiffs met the first of these two requirements by properly

serving Defendants through personal service on Hassan Abdel Rahman, whom the Court found

to be Defendants' Chief Representative at the time, "at his home in Virginia."  *Id*. at 5.  The

Court also found that Plaintiffs had met the second of the two requirements, in that "the totality

of activities in the United States by [Defendants] justifies the exercise of general personal

jurisdiction."  *Id.* at 7.

Plaintiffs argued that general personal jurisdiction existed over the Defendants due to

their contacts with both New York and Washington, D.C.  As for Defendants' contacts in New

York, the Court found that:

- "The PLO operated and owned an office in New York City during the relevant period, in addition to the residence used by the Permanent Observer Mission of Palestine to the United Nations" (*id.* at 12);

- The PLO employed 20 individuals at the New York office and the PA employed one (*id.*); and

- "The New York office had a checking account and at least two telephone lines" (*id.* at 12-13).

However, the Court held that the so-called "*Klinghoffer* jurisdictional exception" applied to all of

the Defendants' activities involving the New York office.  *Id.* at 13.  As the Court explained,

"[c]ertain activities fall under jurisdictional exceptions and may not be properly considered as a

basis of jurisdiction."  *Id.* at 11 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione*, 937

F.2d 44, 51 n.7 (2d Cir. 1991)).  According to the *Klinghoffer* exception, participation in United

Nations' affairs by a "foreign organization" may not properly be considered as a basis of

personal jurisdiction in New York.  *Id*. at 12 (citing *Klinghoffer*, 937 F.2d at 51-52).  In this

regard, the Court held that Defendants were entitled to the *Klinghoffer* exception because

"Plaintiffs [had] failed to identify any contacts that raise a dispute over the exclusivity of the

activities conducted from the New York office, and, in any event, the evidence indicates that the activities were primarily related to the PLO's UN affairs." *Id*. at 13.  Accordingly, the Court disregarded the Defendants' New York contacts for purposes of analyzing personal jurisdiction. *Id.* at 13.

However, the court found that it could nevertheless assert general personal jurisdiction over the Defendants based on the following activities in Washington, D.C.:

- The PLO maintained an office in D.C. during the relevant period (*id.* at 8);
- The weight of the evidence indicated that the D.C. office also served as an office for the PA (*id.*);
- Rahman "used and was contacted at a single address — that of the D.C. office" (*id.* at 8-9);
- "The Defendants, through the D.C. office, had a substantial commercial presence in the United States" (*id.* at 9); and
- The D.C. office was "permanently dedicated to promoting the interests of the PLO and the PA" (*id.* at 10).

Thus, the Court's prior ruling that it had general personal jurisdiction over the Defendants was based solely on the Defendants' contacts with Washington, D.C.  *Id.* at 14.

## ARGUMENT

The Court's March 30, 2011 Decision effectively establishes that venue is not proper in the Southern District of New York.  Plaintiffs have pled venue pursuant to Section 2334(a) on the sole grounds that Defendants maintain an office and agent in the Southern District of New York and are resident in this district.  DE 4 ¶ 3.  But just as Defendants' contacts with New York cannot be considered for purposes of personal jurisdiction under the *Klinghoffer* exception, those same contacts cannot be considered for purposes of establishing venue.  *See*, *e.g.*, *Kazenercom Too v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 162, n.13 (D.D.C. 2008) ("government contacts doctrine" applies to both jurisdiction and venue).  As a result, venue does not properly

lie in the Southern District of New York. The Court also lacks personal jurisdiction over Defendants because invocation of the ATA's nationwide service provision depends on Plaintiffs' satisfaction of the venue provision. *See Wultz v. Islamic Republic of Iran*, No. 08-cv-1460, 2011 U.S. Dist. LEXIS 8402 at *15-16 (D.D.C. Jan. 28, 2011). ("By the plain language and structure of the ATA, plaintiffs . . . cannot invoke the nationwide service provision [of Section 2334(a)] *unless* they have satisfied the requisite venue provision, which they cannot satisfy."). Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court must either dismiss the case or transfer it to a district in which the case could have been brought. If the Court is not willing to dismiss the case, the case should be transferred to the United States District Court for the District of Columbia because it is a district in which, according to the Court' prior findings regarding personal jurisdiction, the case could have been brought. *See* 28 U.S.C. § 1406(a).

**I.    BECAUSE VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF NEW YORK, THE COURT MUST DISMISS THE CASE OR TRANSFER IT TO A DISTRICT IN WHICH THE CASE COULD HAVE BEEN BROUGHT**

Regarding venue and service of process, 18 U.S.C. § 2334(a) provides:

> Any civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent.

Plaintiffs have alleged that venue is proper in this judicial district based on their assertion that Defendants "reside" in the Southern District and have an agent in the Southern District. DE 4 ¶ 3. This allegation, in turn, is premised solely on Defendants' contacts in New York, which this Court has already found are "primarily related to the PLO's UN affairs," and are excluded from consideration in the Court's personal jurisdictional analysis under the *Klinghoffer* exception. DE 87 at 13. These very same activities are likewise exempted from consideration for venue

purposes because the "government contacts doctrine" from which the *Klinghoffer* jurisdictional exception is derived, applies both to jurisdiction *and* venue.  *Kazenercom*, 590 F. Supp. 2d at 162, n.13.  *See also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786, 789 (D.C. Cir. 1983) (holding that "venue for this action does not lie in the District of Columbia" because the government contacts exception covered a defendant's D.C. office that "monitors legislative and regulatory matters and maintains official contacts with the Congress and the executive branch"); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 532-533 (N.D. Tex. 2001) (holding that venue did not lie in the Northern District of Texas, when, in part, the defendant's communications with the U.S. Department of Labor were exempted from consideration under the government contacts doctrine).

      Therefore venue in this district is improper under the analysis in the Court's personal jurisdiction ruling, and the Court must dismiss the case or transfer it to a district in which the case could have been brought.  28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  The Court's authority under this provision is broad.  *Goldlawr v. Heiman*, 369 U.S. 463, 467 (1962).  And "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

      If the Court is unwilling to dismiss the case, the case should be transferred to the United States District Court for the District of Columbia, where, according to the Court's prior findings, the case could have been brought.  The Court has already found that Defendants maintained an office in D.C. during the relevant period, which Rahman used, and at which he was contacted, and through which Defendants "had a substantial commercial presence in the United States."

DE 87 at 8. Thus, according to the Court's prior analysis, this case "could have been brought" in the District of Columbia because Defendants "reside" there, and maintain an agent in that district. Accordingly, if the case is not dismissed, it should be transferred to the United States District Court for the District of Columbia.[1]

## II. THE LACK OF VENUE IN THE SOUTHERN DISTRICT OF NEW YORK ALSO MEANS THAT THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS UNDER THE ATA'S NATIONWIDE SERVICE PROVISION

The lack of venue in Southern District of New York also compels the conclusion that the Court has no personal jurisdiction over Defendants. This is the case because, in order to utilize the ATA's nationwide service-of-process provision, Plaintiffs must first establish proper venue. *Wultz v. Islamic Republic of Iran*, No. 08-cv-1460, 2011 U.S. Dist. LEXIS 8402 at *15-16 (D.D.C. Jan. 28, 2011). However, because venue is not proper in the Southern District of New York, Plaintiffs cannot use the ATA's nationwide service of process provision to establish personal jurisdiction. Accordingly, because the Court has already held that Defendants' New York contacts are legally insufficient to establish personal jurisdiction in this district, then the Court also lacks personal jurisdiction over Defendants, and must dismiss or transfer the case for that reason as well.

---

[1] It is noteworthy in this regard that four other ATA cases are already pending against Defendants in the District of Columbia. *See Klieman v. The Palestinian Authority*, No. 1:04-cv-01173 (D.D.C.); *Gilmore v. The Palestinian Interim Self-Government Auth.*, No. 1:01-cv-00853 (D.D.C.); *Shatsky v. The Syrian Arab Republic*, No. 1:02-cv-02280 (D.D.C.); *Parsons v. Palestinian Authority*, No. 10-7085 (D.C. Cir.). Moreover, Plaintiffs' new counsel has himself previously successfully moved to transfer another action from this court to D.C. under 28 U.S.C. § 1406(a). *See Mohamad v. Rajoub*, No. 1:05-cv-08335-LAP (S.D.N.Y.) at DE 48, 634 F.3d 604 (D.C. Cir. 2011). Plaintiffs' counsel also moved to transfer another action he had filed against the Defendants in this district to D.C., but later chose to voluntarily dismiss that action in order to refile it in D.C. *See Shafi v. Dahbur*, No. 1:06cv2677-GBD (S.D.N.Y) at DE 15-16, 25; *Shafi v. The Palestinian Authority*, No. 10-724 (D.C. Cir.).

The United States District Court for the District of Columbia recently confronted a similar situation in *Wultz*. There the district court transferred an ATA case against the defendant Bank of China ("BOC") for lack of personal jurisdiction and venue. The court held that "[b]y the plain language and structure of the ATA, plaintiffs . . . cannot invoke the nationwide service provision [of Section 2334(a)] *unless* they have satisfied the requisite venue provision, which they cannot satisfy." *Id.* at *15-16 (emphasis in original).

In a prior decision in *Wultz*, the court had initially analyzed BOC's nationwide contacts because plaintiffs had served BOC pursuant to the ATA's nationwide service-of-process provision, and the court had held that it had personal jurisdiction over BOC because BOC had sufficient contact with the entire United States. *Id.* at *16. BOC subsequently requested that the court reconsider its earlier ruling, arguing that "the ATA's grant of nationwide service -- the second clause of this provision -- is inextricably tied to the first clause, which defines the universe of locations in which a plaintiff may properly lay venue in a civil action using the ATA's specific provision." *Id.* at *17. The relevant ATA provision provides that:

> Any civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent.

18 U.S.C. § 2334(a). Upon reconsideration, the *Wultz* court agreed with BOC, holding that the plain language of Section 2334(a) led to the conclusion that the "phrase 'in such a civil action' is an unmistakable reference back to the preceding clause, which sets forth those civil actions which may be venued under the provisions of the ATA." 2011 U.S. Dist. LEXIS 8402 at *18. As a result, "invocation of the ATA's provision of nationwide service of process rests on the satisfaction of its venue clause." *Id.* at *19.

The district court also held that this interpretation was supported by "the particular structure of the ATA," in that "Congress chose to provide for nationwide service of process *only* in the provision that sets forth appropriate venue under the ATA.  The choice to include its provision of nationwide service within this section -- particularly where that section is titled 'General Venue' -- cannot be ignored."  *Id.* at *19 (emphasis in original); *see also id.* ("Had Congress intended to provide for nationwide service of process in *any* ATA action, rather than only in those venued pursuant to § 2334(a), it could easily have written the statute to provide for broader service.  The fact that these two clauses are part of a single provision, however, suggests that it did not intend this result.").

The district court also found support for its construction of Section 2334(a) "in interpretations of similarly worded statutes," including cases interpreting Section 12 of the Clayton Act, 15 U.S.C. § 22.  *Id.* at *19-20.  That provision provides that:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22.  The *Wultz* court relied upon *GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000), in which the D.C. Circuit held that the Clayton Act 's "meaning seems clear:" the first clause relates to "a supplemental basis for venue," the second clause relates to "nationwide service of process," and "invocation of the nationwide service clause rests on satisfying the venue provision."  2011 U.S. Dist. LEXIS 8402 at *21 (quoting *GTE New Media*, 199 F.3d at 1350).  Given the similarity between the language in the ATA's personal jurisdiction provision and that in the Clayton Act, the district court in *Wultz* determined that it was "prudent" to follow the D.C. Circuit's analysis in *GTE New Media*.  *Id.* at *22.  *See also*

*Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 49 (D.D.C. 2003) (applying *GTE New Media* and holding that the court did not have personal jurisdiction over any of the defendants pursuant to Section 12 of the Clayton Act).

In *Daniel v. Am. Bd. Of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005), the Second Circuit expressly followed the D.C. Circuit's holding in *GTE New Media*. Thus, given the similarity in the language between Section 2334(a) of the ATA and Section 12 of the Clayton Act, *Daniel* also compels the conclusion that invocation of the ATA's provision of nationwide service of process rests on the satisfaction of its venue clause. *See id.* ("the plain language of Section 12 [of the Clayton Act] indicates that its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied.").

Accordingly, because Plaintiffs cannot satisfy the ATA's venue provision, they cannot rely on national contacts to establish personal jurisdiction over Defendants. And because all of Defendants' New York activities are excluded from consideration by virtue of the *Klinghoffer* jurisdictional exception, *see* DE 87 at 13, Defendants lack a substantive connection to this forum and the Court may not exercise personal jurisdiction over them, *Wultz,* 2011 U.S. Dist. LEXIS 8402 at *36. Thus, for that reason as well, this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, this case should be dismissed, or, alternatively, transferred to the United States District Court for the District of Columbia.

Respectfully Submitted,

April 20, 2011                    \_\_\_/s/ Mark J. Rochon_____
                                 Mark J. Rochon
                                 Richard A. Hibey
                                 Laura G. Ferguson
                                 MILLER & CHEVALIER CHARTERED
                                 655 15th Street, NW, Suite 900
                                 Washington D.C. 20005-6701
                                 (202) 626-5800 [tel]
                                 (202) 626-5801 [fax]
                                 mrochon@milchev.com [email]

                                 *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*