**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                    )
MARK I. SOKOLOW, *et al.*,          )
                                    )
                    Plaintiffs,     )
                                    )
        v.                          )        Civil Action No. 04cv397 (GBD) (RLE)
                                    )
THE PALESTINE LIBERATION            )
ORGANIZATION, *et al.*,             )
                                    )
                    Defendants.     )
                                    )
_____)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
PURSUANT TO 28 U.S.C. § 1406(a) TO TRANSFER OR DISMISS
AND DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)**

1166100.5

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

INTRODUCTION.................................................................................................................1

**ARGUMENT IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER** .............................................................................................2

    I.      VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF NEW YORK ....2

           A.      The *Klinghoffer* Exception Applies to the Court's Venue Analysis............4

           B.      The Court Should Uphold the Law of the Case and Not Permit Plaintiffs to Reargue That Defendants Have Agents in This District Who Engage in Non-UN Activities .....................................................................................5

           C.      Defendants Have Not Waived Their Objections to Venue ..........................6

    II.     BECAUSE VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF NEW YORK, THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS UNDER THE ATA'S NATIONWIDE SERVICE PROVISION .........................................................................................................9

    III.    BECAUSE VENUE DOES NOT LIE IN THIS DISTRICT AND/OR BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS, THE COURT MUST DISMISS THE CASE OR TRANSFER THE CASE TO THE ONLY DISTRICT IN WHICH IT "COULD HAVE BEEN BROUGHT" — THE DISTRICT OF COLUMBIA .....................................................................12

           A.      According to the Allegations in the Complaint and the Court's Personal Jurisdiction Ruling, the District of Columbia Is the Only Forum to Which Transfer Is Appropriate ...........................................................................13

           B.      The Factors That Apply to Motions Brought Pursuant to § 1404(a) Are Irrelevant to Defendants' Motion, Which Was Brought Pursuant to § 1406(a) ...................................................................................................14

           C.      Plaintiffs' Claim That the Court Should Deny Defendants' Motion on a Vague Assertion of "Delay" Should Be Rejected......................................16

**ARGUMENT IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER**................17

    I.    PLAINTIFFS HAVE NOT SHOWN A CHANGE IN CIRCUMSTANCE THAT WARRANTS A TRANSFER TO THE EASTERN DISTRICT OF NEW YORK .......................................................................................................18

    II.    TRANSFERRING THIS CASE FROM THE SOUTHERN DISTRICT OF NEW YORK TO THE EASTERN DISTRICT OF NEW YORK WOULD NOT SATISFY THE § 1404(a) FACTORS ...................................................................19

    III.    PLAINTIFFS HAVE NOT SOUGHT TRANSFER IN A TIMELY MANNER .............................................................................................................20

**CONCLUSION** .........................................................................................................................21

1166100.5

## <u>INTRODUCTION</u>

The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants") moved pursuant to 28 U.S.C. § 1406(a) to dismiss or transfer this case.  DE 94.  Defendants' motion demonstrates that venue does not lie in this district, that the Court therefore lacks personal jurisdiction under the nationwide service of process provision in the Antiterrorism Act of 1991 ("ATA"), 18 U.S.C. § 2334(a), and that this case must be dismissed or transferred as a result.  In a consolidated filing, Plaintiffs have not only opposed Defendants' motion, but also affirmatively moved to transfer their own case to the Eastern District of New York in Brooklyn.  DE 96.

In their opposition to Defendants' motion, Plaintiffs make four claims: (1) that Defendants have waived any challenge to venue; (2) that Defendants have failed to cite any authority in support of their claim that the "*Klinghoffer* exception" applies to the Court's venue analysis; (3) that the Court should ignore the law of the case and permit Plaintiffs to reargue whether Defendants "have agents in this District engaged in non-UN activities"; and (4) that this Court should decline to follow *Wultz v. Islamic Republic of Iran*, No. 08-cv-1460, 2011 U.S. Dist. LEXIS 8402 (D.D.C. Jan. 28, 2011).  *Id.* at 4.  As described in detail below, none of Plaintiffs' assertions, addressed in a scant three pages, *see id.* at 18-21, merit the denial of Defendants' motion.

Apparently, Plaintiffs have failed to convince even themselves of their position, as they have only meagerly addressed Defendants' motion on the merits.  *Id.* at 19-21.  Instead, asserting that Defendants' motion purportedly presents questions of "first impression" and making vague references to unspecified "delays" should the Court consider Defendants' motion, Plaintiffs have attempted to persuade the Court that it should ignore the motion altogether.  *Id.* at 4-5.  One

would expect that if Plaintiffs were truly concerned about delaying the progress of this case, they would attempt to defend their own Complaint's allegations concerning venue, and encourage the Court to simply retain the case and move forward with discovery. Yet, in a blatant display of gamesmanship that belies their purported fears of delay, Plaintiffs, in the very next breath, ask the Court to engage in an entirely separate analysis, and affirmatively move to transfer their own case to the Eastern District of New York in Brooklyn. *Id.* at 9-18.

In doing so, Plaintiffs have not only ignored the high burden they are required to meet in seeking to transfer their own case, but they have also conflated the different legal standards that apply to motions filed pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Holding Plaintiffs to their burden, and with the appropriate legal framework in place, the Court should not permit Plaintiffs to transfer their own case based on a change in strategic considerations. Accordingly, Defendants' motion should be granted, Plaintiffs' motion should be denied, and this case should either be dismissed or transferred to the United States District Court for the District of Columbia.

### ARGUMENT IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

**I.     VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF NEW YORK**

As the Court is aware, the ATA's venue provision, 18 U.S.C. § 2334(a), states that a plaintiff may bring a civil ATA action in any district where: (1) any plaintiff resides, (2) any defendant resides, (3) any defendant is served, or (4) any defendant has an agent. 18 U.S.C. § 2334(a). Plaintiffs' First Amended Complaint ("Complaint") alleges that venue lies in the Southern District of New York pursuant to Section 2334(a) on the sole grounds that Defendants maintain an office and agent in this district and are resident in this district. DE 4 ¶ 3 ("The Southern District of New York is the proper venue for this action pursuant to 18 U.S.C.

1166100.5

§ 2334(a) since defendants Palestinian Authority and Palestine Liberation Organization maintain an office and agent in this district and are resident in this district.").

Yet, as demonstrated in Defendants' motion, Defendants' contacts with New York are excluded from the Court's venue analysis. DE 94 at 5-7. First, according to the *Klinghoffer* exception, participation in the United Nations' affairs by a "foreign organization" may not properly be considered as a basis of personal jurisdiction in New York. DE 87 at 12 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 51-52 (2d Cir. 1991)). Second, in its decision dated March 30, 2011, this Court concluded that Plaintiffs, who bore the burden on this issue, had "failed to identify any contacts that raise a dispute over the exclusivity of the activities conducted from the New York office . . ." *Id.* at 13. Accordingly, the Court held that the *Klinghoffer* exception applied to the PLO's UN affairs in New York, and thus disregarded all of Defendants' New York contacts for purposes of analyzing personal jurisdiction. *Id.* And third, these very same activities are likewise exempted from consideration for venue purposes because the "government contacts doctrine," from which the *Klinghoffer* jurisdictional exception is derived, applies both to jurisdiction *and* venue. DE 94 at 5-6. Thus, based on the allegations in the Complaint and the Court's March 30 ruling, venue does not lie in the Southern District of New York.

Plaintiffs have failed to defend their Complaint's assertion that venue properly lies in this district. Instead, they claim that Defendants "conjured out of thin air" the conclusion that the *Klinghoffer* exception applies to the Court's venue analysis. DE 96 at 18-19. They also claim that the Court should ignore the law of the case and permit them to reargue whether Defendants "have agents in this District engaged in non-UN activities." *Id.* at 20. Finally, Plaintiffs argue

that Defendants purportedly waived any challenge to venue.  None of Plaintiffs' claims are availing.

A.    The *Klinghoffer* Exception Applies to the Court's Venue Analysis

Defendants did not "conjure[] out of thin air" the conclusion that Defendants' UN-related New York contacts are exempted both from the Court's personal-jurisdiction analysis and from its venue analysis. DE 96 at 19.  Indeed, Defendants cited three cases in support of their argument on this point, all of which hold that the government contacts exception, from which the *Klinghoffer* exception was derived, applies to *both* jurisdiction and venue.  *See* DE 94 at 5-6 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786, 789 (D.C. Cir. 1983) (holding that "venue for this action does not lie in the District of Columbia" because the government contacts exception covered a defendant's D.C. office that "monitors legislative and regulatory matters and maintains official contacts with the Congress and the executive branch"); *Kazenercom Too v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 162, n.13 (D.D.C. 2008) (holding that the "government contacts doctrine" applies to both jurisdiction and venue); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 532-33 (N.D. Tex. 2001) (holding that venue did not lie in the Northern District of Texas, when, in part, the defendant's communications with the U.S. Department of Labor were exempted from consideration under the government contacts doctrine)).  Plaintiffs have made no attempt to address these cases.

But perhaps even more importantly, Plaintiffs have ignored that when the Second Circuit carved out the *Klinghoffer* exception, it expressly did so by analogizing to the government-contacts exception.  *Klinghoffer*, 937 F.2d at 51-52.  And while Plaintiffs are correct that the Second Circuit noted in *Klinghoffer* "that the [government-contacts] doctrine is based on constitutional concerns which are absent in the UN context," *see* DE 96 at 19, Plaintiffs omit that

4

the Second Circuit further held that the government-contacts exception is *also* based on "non-constitutional policy considerations," which "militate against basing jurisdiction over the PLO on its UN-related activities."  *Klinghoffer*, 937 F.2d at 51-52.

Accordingly, because the government-contacts exception applies to both jurisdiction and venue, *see*, *e.g.*, *Naartex Consulting Corp.*, 722 F.2d at 786, 789; *Kazenercom Too*, 590 F. Supp. 2d at 162 n.13; *Mgmt. Insights, Inc.*, 194 F. Supp. 2d at 532-33, the *Klinghoffer* exception — which the Second Circuit expressly derived from the government-contacts exception — likewise applies to both inquiries by analogy.[1]

B.    The Court Should Uphold the Law of the Case and Not Permit Plaintiffs to Reargue That Defendants Have Agents in This District Who Engage in Non-UN Activities

Once a court has resolved an issue against a party, the court's ruling in that regard becomes the "law of the case" and is not subject to further review.  *Dover Ltd. v. A.B. Watley, Inc.*, No. 04-cv-7366, 2006 U.S Dist. LEXIS 81391, at *22-23 (S.D.N.Y. Nov. 8, 2006); *see also In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation.").  This rule was developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."  *In re PCH Assocs.*, 949 F.2d at 592 (quoting 18 Wright et al., Federal Practice & Procedure § 4478 (1981)).

---

[1] Contrary to Plaintiffs' intimations, these exceptions also apply regardless of the statute used to establish personal jurisdiction or venue.  *See*, *e.g.*, *Jung v. Ass'n of Am. Med. Colleges*, 300 F. Supp. 2d 119, 136-37, 140 (D.D.C. 2004) (applying the government-contacts exception to a claim of personal jurisdiction premised on Section 12 of the Clayton Act).  Plaintiffs have provided no support to the contrary.  *See* DE 96 at 19 (Plaintiffs claiming without citation to any authority that "it is not within the power of the courts to negate" the ATA's venue provision "by judicial fiat").

1166100.5

Yet, Plaintiffs are asking the Court to do just that — reconsider matters that the Court has already decided in the context of Defendants' personal-jurisdiction motion. Indeed, despite the Court's holding that "Plaintiffs have failed to identify *any contacts that raise a dispute over the exclusivity of the activities conducted from the New York office*," DE 87 at 13 (emphasis added), Plaintiffs have urged the Court to find to the contrary, in particular, that Defendants "have agents in this District engaged in non-UN activities." DE 96 at 20. The Court should not allow Plaintiffs a second bite at this apple. *See, e.g.*, *In re PCH Assocs.*, 949 F.2d at 592; *Dover Ltd.*, 2006 U.S. Dist LEXIS 81391, at *22-23.[2]

C.     Defendants Have Not Waived Their Objections to Venue

Finally, Defendants have not waived their objections to venue. DE 96 at 18-19. Normally, a defendant must object to improper venue by moving pursuant to Federal Rule of Civil Procedure 12, "or if no motion is made, by the answer or reply." *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966). And, generally speaking, "[i]f it is not so raised, any objection to venue is waived." *Id.*

However, "[t]he inquiry courts use to determine whether a party has waived his right to challenge venue is fact specific." *Krape v. PDK Labs, Inc.*, 194 F.R.D. 82, 86 (S.D.N.Y. 1999). "As a result, there is no clear boundary indicating what action a party may take during the pretrial stage and still invoke its venue objection and what conduct on its part will constitute waiver of that defense." *Id.* (internal quotation marks and alterations omitted).

---

[2] Moreover, even if the Court were to revise its prior ruling and adopt Plaintiffs' argument that a PA agent falls outside the *Klinghoffer* exception, venue would still not properly lie here, because the Complaint alleges that both defendants "maintain an office and agent in this district and are resident in this district." DE 4 ¶ 3.

1166100.5

Indeed, the Second Circuit has held that "an effective waiver must . . . be one of a 'known right or privilege.'" *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981). Accordingly, a defendant "cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made." *Id.* This is especially so when the defendant raises the objections "as soon as their cognizability is made apparent." *Id.* "Put differently, the doctrine of waiver demands conscientiousness, not clairvoyance, from parties." *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009).

The facts demonstrate that Defendants did not knowingly waive their current objection to venue because the objection relied upon here arose as a result of court decisions issued after Defendants had already filed their Rule 12 motion. As the Court knows, Defendants previously moved to dismiss this action for lack of personal jurisdiction, contending that they lacked cognizable contacts with the United States as a whole. While Defendants did not expressly move to dismiss for lack of venue in that motion, a necessary corollary of Defendants' position that there were insufficient cognizable contacts with the U.S. as a whole to establish personal jurisdiction is that venue was not proper in any judicial district in the United States. However, in order to expressly advance the venue argument now made here, namely that venue is not proper in this district but is proper only in the District of Columbia (which is itself a law of the case argument based on the Court's March 30 Order) Defendants would have had to, in essence, concede their argument against personal jurisdiction anywhere in the U.S. by conceding that they were, as the Court eventually found, subject to personal jurisdiction in D.C. Defendants should not now, in hindsight, be penalized for failing to make to such a Hobson's choice at the time they filed their Rule 12 motion.

1166100.5

Moreover, while Defendants' motion to dismiss for lack of personal jurisdiction was pending, the United States District Court for the District of Columbia issued its decision in *Wultz*, which set forth the precise argument Defendants now rely upon here. However, it was only upon receiving this Court's March 30 Order that Defendants were reasonably able to make the instant argument based on the lately decided *Wultz* case that now requires the Court to dismiss or transfer this action under the law of this case established by the March 30 Order. Once Defendants were aware of this argument, they timely asserted lack of venue as a defense in their Answer on April 13, 2011 and promptly filed the instant motion to dismiss or transfer on April 20, 2011. The mere fact that Defendants did not clairvoyantly anticipate both the rationale of *Wultz* and the precise reasoning of this Court's March 30, 2011 Order at the time they filed their Rule 12 motion does not mean that Defendants engaged in a knowing waiver of the defense of lack of venue. *Hawknet, Ltd.*, 590 F.3d at 92.

Thus, there are at least four reasons why Defendants have not waived their objections to venue. First, Defendants' venue argument was subsumed in their personal-jurisdiction argument that they had no cognizable contacts with this forum. Second, Defendants' current motion is the natural result of the Court's holding that Defendants' contacts with New York are excluded from its personal-jurisdiction analysis and the United States District Court for the District of Columbia's decision in *Wultz*, both of which were decided after Defendants filed their motion to dismiss. Third, Defendants have never represented to this Court that it is the proper forum for this particular case. On the contrary, Defendants have asserted in their Sixth Affirmative Defense that "[t]his Court is not a proper venue for this action and the action should be dismissed. Alternatively, this action should be transferred." *Compare* DE 92 at 2, *with Krape*, 194 F.R.D. at 86 (holding that "a party's repeated representations to the court that it is the proper

forum may waive its right to subsequently raise the claim that venue lies elsewhere").  Fourth, Defendants raised their objections to venue in the instant motion "as soon as their cognizability [was] made apparent," *see Holzsager*, 646 F.2d at 796, promptly moving to transfer or dismiss Plaintiffs' case pursuant to 28 U.S.C. § 1406(a) only three weeks after the Court's March 30, 2011 decision.  DE 94.  Based on all of these factors, Defendants have not waived their objections to venue.

## II.    BECAUSE VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF NEW YORK, THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS UNDER THE ATA'S NATIONWIDE SERVICE PROVISION

In their motion, Defendants also demonstrated that because invocation of the ATA's nationwide service provision depends on Plaintiffs' satisfaction of the venue provision, the Court lacks personal jurisdiction over Defendants and must dismiss or transfer the case for that reason as well.  DE 94 at 7-10.  This conclusion is supported by *Wultz v. Islamic Republic of Iran*, No. 08-cv-1460, 2011 U.S. Dist. LEXIS 8402 at *15-16 (D.D.C. Jan. 28, 2011), a recent decision from the United States District Court for the District of Columbia involving an ATA claim, issued shortly before this Court ruled on Defendants' motion to dismiss for lack of personal jurisdiction.

In *Wultz*, Chief Judge Royce Lamberth held that "[b]y the plain language and structure of the ATA, plaintiffs . . . cannot invoke the nationwide service provision [of Section 2334(a)] *unless* they have satisfied the requisite venue provision, which they cannot satisfy."  *Id.* at *15-16 (emphasis in original).  As described in Defendants' motion, Judge Lamberth's holding was based on the plain language of § 2334(a), which leads to the conclusion that the "phrase 'in such a civil action' is an unmistakable reference back to the preceding clause, which sets forth those civil actions which may be venued under the provisions of the ATA."  *Id.* at *18.  As a result,

"invocation of the ATA's provision of nationwide service of process rests on the satisfaction of its venue clause." *Id.* at *19.

Plaintiffs do not dispute that *Wultz* is directly on point, or that *Wultz* leads to the conclusion that this Court lacks personal jurisdiction over Defendants. *See* DE 96 at 20-21. Instead, Plaintiffs merely claim that this Court should decline to follow *Wultz* — based on arguments made to, and explicitly rejected by, Judge Lamberth in *Wultz*.[3]

First, Plaintiffs claim that the Court should ignore *Wultz* because its analogy between 18 U.S.C. § 2334(a) and the venue/nationwide process provisions of the Clayton Act and the Securities Exchange Act ("SEA") is purportedly faulty. In particular, Plaintiffs argue that "the ATA's personal jurisdiction provisions differ from of (*sic*) the Clayton Act and SEA in one dispositive and critical respect: both § 12 of the Clayton Act and § 27 of the SEA limit venue to districts in which the defendant is present or does business. By contrast, § 2334(a) does not require that a civil action under § 2333 be brought in a federal district in which the defendant has contacts, and permits such actions to be brought in any district where any plaintiff resides — irrespective of the defendant's contact with that district." *Id.* at 20 (emphasis in original).

Judge Lamberth rejected this very same non-sequitur in *Wultz*. *Wultz*, 2011 U.S. Dist. LEXIS 8402 at *28-31. Judge Lamberth noted the *Wultz* plaintiffs' "focus on the inclusion of any district where a 'plaintiff resides' as a proper venue under the ATA provision" and their assertion "that 'Congress was utterly unconcerned with whether the defendant has jurisdictional contacts with the forum in which the action is brought.'" *Id.* at *28. But, as here, the plaintiffs failed to explain "why the inclusion of a plaintiff's domicile as a proper venue in the ATA

---

[3] Counsel for Plaintiffs in this matter also served as counsel for the *Wultz* plaintiffs. *See Wultz*, 2011 U.S. Dist. LEXIS 8402, at *1.

should cause this Court to disregard the venue provision entirely when considering whether a

plaintiff may invoke the Act's grant of nationwide service." *Id*.  Judge Lamberth held:

> Plaintiff's general assertion simply cannot override the plain text
> of the statute, which provides that only plaintiffs in "such a civil
> action" that is properly venued under § 2334(a) may serve process
> in that action anywhere in the United States. 18 U.S.C. § 2334(a).
> The clear meaning of the words employed in the ATA leaves no
> room for plaintiff's expansive interpretation.
>
>      And even if this Court were inclined to explore beyond the
> plain meaning of the language in the statute -- which it is not --
> plaintiffs offer no explanation as to why the inclusion of plaintiffs'
> domicile among proper venues in the ATA should cause the Court
> to ignore the clear link between the provision of venue and the
> grant of nationwide service.

*Id.* at *28-29.

Second, Plaintiffs have also insisted that "the venue provisions of § 2334(a) have nothing

to do with personal jurisdiction at all, and are therefore unrelated to the nationwide service of

process provisions contained in the second sentence of § 2334(a)."  DE 96 at 21.  Judge

Lamberth rejected a carbon copy of this very argument as well, holding that

> while the venue clause of § 2334(a) do[es] not discuss jurisdiction,
> it is plainly linked to the service of process clause by virtue of
> being part of the same statutory provision.  And moreover, if it was
> Congress' intention to permit nationwide service in any case
> brought under the ATA, Congress could easily have made that
> intention plain by, *inter alia*, providing for nationwide service of
> process in a separate provision distinct from venue or by excluding
> the linking language "such a civil action" from the statutory grant
> of nationwide service.  Congress did not do so, however, and thus
> this Court is left with the same concern for plaintiffs' position here
> as the *GTE New Media* Court had for the plaintiff's "tortured
> interpretation" in that case: Why would Congress intentionally
> craft a two-part section with a superfluous first provision,
> ostensibly link the two provisions with the "in such a civil action"
> language, but nonetheless fail to indicate clearly anywhere that it
> intended the first provision to be disposable?  Plaintiffs offer no
> answer to this query, and the Court does not see any plausible
> explanation other than that Congress did not intend for the courts
> to disaggregate the two clauses of § 2334(a).

1166100.5

*Id.* at \*29-30 (footnote and citation omitted).

Indeed, Plaintiffs have offered no reason to "eschew the plain language of the ATA, the Act's structure, and the interpretations of similarly-worded statutes by the courts of this district -- all of which militate in favor of holding that the venue and service provisions of the ATA are linked -- in favor of negative inferences and unfounded assertions of congressional intent. Thus plaintiffs, in order to invoke the ATA's grant of nationwide service, must first establish that venue is proper under the Act." *Id.* at \*30-31; *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005) (holding that pursuant to Section 12 of the Clayton Act, similar in structure to the ATA's venue and nationwide service provision, "its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied"). Thus, because venue does not properly lie in this Court, *see* Section I, *supra*, Plaintiffs cannot invoke the ATA's nationwide service provision. As a result, the Court lacks personal jurisdiction over Defendants.[4]

**III. BECAUSE VENUE DOES NOT LIE IN THIS DISTRICT AND/OR BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS, THE COURT MUST DISMISS THE CASE OR TRANSFER THE CASE TO THE ONLY DISTRICT IN WHICH IT "COULD HAVE BEEN BROUGHT" — THE DISTRICT OF COLUMBIA**

In their Motion, *see* DE 94 at 6-7, Defendants also demonstrated that because venue does not lie in this district, the Court must dismiss this case or transfer it to a district in which the case could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

---

[4] The decision in *Wultz* also belies Plaintiffs' claim that resolving Defendants' motion to transfer would take considerable time because it presents tough issues of first impression. *See* DE 96 at 4. *Wultz*, which relied on established precedent to reject the very arguments presented by Plaintiffs in this case, provides the Court with an analytical roadmap.

justice, transfer such case to any district or division in which it could have been brought."). Similarly, Defendants demonstrated that the Court must dismiss the case or transfer it because the Court lacks personal jurisdiction over Defendants.  DE 94 at 10.

Plaintiffs urge that it "would be particularly unjust to dismiss, rather than transfer, this action."  DE 96 at 7.  But as noted in Defendants' motion, "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).  Plaintiffs chose to bring their case in a forum in which venue does not lie and in which the court has no personal jurisdiction over Defendants.  On that basis, it would be appropriate to dismiss Plaintiffs' case.

Defendants have also requested that the Court, if it is unwilling to dismiss the case, transfer the case to the United States District Court for the District of Columbia, which, according to the allegations in the Complaint and according to the Court's prior findings regarding personal jurisdiction, is the only district in which the case could have been brought. DE 94 at 6-7; 28 U.S.C. § 1406(a).  Plaintiffs' assertions that the Court should not only deny Defendants' motion based on vague premonitions of "delay" and that the Court's analysis should be guided by factors wholly inapplicable to a motion brought pursuant to § 1406(a) should be rejected.

A.    <u>According to the Allegations in the Complaint and the Court's Personal Jurisdiction Ruling, the District of Columbia Is the Only Forum to Which Transfer Is Appropriate</u>

The operative complaint and the Court's prior order on personal jurisdiction compel the conclusion that the District of Columbia is the *only* judicial district in which Plaintiffs' case "could have been brought."  The Complaint premises venue solely on the location of

Defendants' office and agent, *see* DE 4 ¶ 3,[5] and the Court has found, after excluding

Defendants' New York contacts, that Defendants maintain both an office and agent(s) in the

District of Columbia, *see* DE 87 at 8-9.  Thus, based on the allegations in the Complaint and the

Court's ruling, the Court can transfer Plaintiffs' case only to the District of Columbia.  *See*, *e.g.*,

*Wiercinski v. Mangia 57, Inc.*, No. 09-cv-4413, 2009 U.S. Dist. LEXIS 98237, at *1-2 (E.D.N.Y.

Oct. 22, 2009) (analyzing where a case could have been brought based on the face of plaintiff's

complaint); *Animation Station, Ltd. v. Chicago Bulls, LP*, 992 F. Supp. 382, 383 (S.D.N.Y. 1998)

(same).  Relatedly, because Plaintiffs' Complaint did not base venue on any of the Plaintiffs'

places of residence, this is one of several reasons why a transfer to the United States District

Court for the Eastern District of New York under § 1406(a) would be improper.

> B.  The Factors That Apply to Motions Brought Pursuant to § 1404(a) Are Irrelevant to Defendants' Motion, Which Was Brought Pursuant to § 1406(a)

Moreover, because Defendants moved to transfer the case pursuant to 28 U.S.C.

§ 1406(a), none of the factors traditionally considered by the courts in a § 1404(a) analysis apply.

These two statutory provisions are distinct.  First, under 28 U.S.C. § 1404(a), where venue is

proper in the transferor court, the court may transfer to another district "[f]or the convenience of

parties and witnesses, in the interest of justice."  Second, under 28 U.S.C. § 1406(a), where

venue is improper in the transferor court, the court must dismiss the case or transfer "if it be in

the interest of justice," omitting the "convenience of parties and witnesses" rationale.  Thus,

while both sections permit a court to transfer a case from one district to another, each operates

under different circumstances.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509,

---

[5] In fact, Plaintiffs have twice pleaded venue pursuant to Section 2334(a) on the sole grounds that Defendants maintain an office and agent in this district and are resident in this district.  They did so in their initial complaint (as to the PLO), DE 1 ¶ 3, and did so again in their amended complaint (as to both the PA and the PLO).  DE 4 ¶ 3.

1515 (10th Cir. 1991); *Cordua v. Navistar Int'l Transp. Corp.*, No. C-10-04961, 2011 U.S. Dist.

LEXIS 3345 (N.D. Cal. Jan. 7, 2011); *Am. Heart Disease Prevention Found. v. Hughey*, 905 F.

Supp. 893, 897 (D. Kan. 1995); *see also Murphy v. Klein Tools, Inc.*, 693 F. Supp. 982, 986 (D.

Kan. 1988) ("A different policy is behind a § 1406(a) transfer: A transfer under § 1406(a) is

based not on the inconvenience of the transferor forum but on the impropriety of that forum.").

This "distinction is meaningful because the Court applies a different standard for transfer

under § 1406(a) than the factor-based analysis employed . . . in the context of a request for

transfer under § 1404(a)." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-cv-977, 2009 U.S.

Dist. LEXIS 11023, at *84 n.22 (N.D. Ohio Feb. 13, 2009).  Indeed, "[i]n contrast to

discretionary transfers under 28 U.S.C. § 1404(a), the Court *cannot consider factors of

convenience or hardship when determining whether to transfer for improper venue under §

1406(a)*." *Rodriguez v. Reich*, 159 F.R.D. 38, 39 (N.D. Cal. 1994) (emphasis added).  As one

court has explained:

> Under a § 1404 analysis, the court, when determining whether and
> where to transfer an action, looks at several factors addressing the
> private and public interests involved.  A court determining whether
> to transfer an action under § 1406 need not address these specific
> factors, and indeed some of them do not apply.  *A Court
> transferring venue under § 1406 must simply determine a venue in
> which the action originally could have been brought that serves the
> interest of justice*.

*De Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 269 (D.N.J. 2001) (emphasis added); *see

also id.* at n.4 ("For example, the first consideration, the plaintiff's choice of forum, does not

make sense in a § 1406 analysis in which the plaintiff's choice of forum has been found to be

improper.").

Plaintiffs' argument does not distinguish between the distinct standards that apply to

these statutory provisions, and, in fact, actively conflates them.  *See* DE 96 at 7-8 (Plaintiffs

1166100.5

arguing that "the factors to be considered by a court on a motion to transfer venue are identical whether the transfer is made under § 1406(a) or . . . § 1404(a)").[6] Because none of the § 1404(a) factors apply to the Court's § 1406(a) analysis, the Court should disregard Plaintiffs' muddled argument to the contrary.[7]

C.    Plaintiffs' Claim That the Court Should Deny Defendants' Motion on a Vague Assertion of "Delay" Should Be Rejected

Finally, the potential for delay caused by a motion to transfer "is an appropriate consideration only in rare and special circumstances." *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. 08-cv-0551, 2010 U.S. Dist. LEXIS 115516, at *13 (S.D. Tex. Oct. 29, 2010) (internal quotation marks omitted). Vague generalities related to the possibility of delay, unsupported by evidence, is not such a circumstance. *Id.* at *13-14.

Here, Plaintiffs' ominous, but unsupported, premonition that the Court's consideration of Defendants' motion to transfer would unjustifiably "delay" the proceedings in this case is not a proper consideration. Plaintiffs have filed their own motion to transfer, belying any true concern about delaying the case. Moreover, their claim of delay is unsubstantiated by any evidence showing that consideration of Defendants' motion will clearly result in a delay in trial. Defendants' motion is, in fact, a straightforward application of this Court's March 30, 2011

---

[6] In support of this proposition, Plaintiffs cite a single case from the Eastern District of New York, which, in turn, cites two cases from the Southern District of New York. DE 96 at 7-8. Defendants respectfully submit that those cases are incorrect to the extent they assert that the § 1404(a) and § 1406(a) inquiries are identical. The plain language of the statutory provisions alone indicate that the applicable standards are different. *Compare* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."), *with* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[7] Assuming *arguendo* that it were somehow appropriate to apply the § 1404(a) factors to a § 1406(a) analysis, those factors still would not provide sufficient grounds to grant Plaintiffs' affirmative motion to transfer. *See generally* Argument in Opposition to Plaintiffs' Motion to Transfer, *infra*.

Order and the analysis cogently set forth in *Wultz*.  The motion is now fully briefed and can and should be granted without further delay following argument on May 26, 2011.

### ARGUMENT IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER

Should the Court find that venue properly lies in this district and that it has personal jurisdiction over Defendants, and should the Court therefore deny Defendants' motion to transfer on those grounds, the parties would be back at square one, with the case pending in this Court. This would also be the case if the Court were to accept the Plaintiffs' argument that the Court should altogether ignore Defendants' motion.  In short, Plaintiffs' motion to transfer is not properly analyzed as an alternative choice of venue should the Court deem Defendants' § 1406(a) motion meritorious.  Instead, Plaintiffs' motion has to be addressed on its own merits assuming venue is proper in this district.

From the outset, it should be noted that Plaintiffs' motion to transfer presents the unusual circumstance of Plaintiffs, who selected this forum, now seeking to transfer their own case. Indeed, Plaintiffs have not asked this Court to retain their case in the very district in which they chose to file it.  Instead, they have affirmatively requested that this Court transfer the matter to the United States District Court for the Eastern District of New York in Brooklyn.

Moreover, as discussed above, Plaintiffs have drawn no distinction between a motion to transfer venue pursuant to § 1404(a) and a motion to transfer brought pursuant to § 1406(a). Regardless of which statutory provision ultimately applies to Plaintiffs' motion, they have failed to show that transfer to the Eastern District of New York is appropriate.  In short, Plaintiffs' motion is a strategic gambit made solely in light of Defendants' motion to transfer the case to the District of Columbia, and not because Plaintiffs' affirmative motion to transfer to the Eastern District of New York has any merit of its own.

1166100.5

The Court should also deny Plaintiffs' motion under § 1404(a) for at least three additional independent reasons: (1) Plaintiffs have not met their high burden of showing that a change in circumstances necessitates a change in venue; (2) transferring this case from the Southern District of New York to the Eastern District of New York would not satisfy the § 1404(a) factors; and (3) Plaintiffs have not sought transfer in a timely manner.

## I.    PLAINTIFFS HAVE NOT SHOWN A CHANGE IN CIRCUMSTANCE THAT WARRANTS A TRANSFER TO THE EASTERN DISTRICT OF NEW YORK

"The threshold question when deciding a § 1404(a) motion by a plaintiff is whether a plaintiff has shown that a change in circumstance since the complaint was filed warrants a transfer." *Trehern v. OMI Corp.*, No. 98-cv-0242, 1999 U.S. Dist. LEXIS 919, at *6 (S.D.N.Y. Jan. 28, 1999); *see also Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969) (similar).  Notably, "an obvious change in strategy" does not suffice. *Roberts Bros., Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 167 (D.N.J. 1964); *see also id.* at 168 ("Most assuredly, sections 1404(a) and 1406(a) were not designed to facilitate belated procedural maneuvers suggestive of forum shopping").  Nor do "second thoughts." *United Galvanizing, Inc.*, 2010 U.S. Dist. LEXIS 115516, at *8-9.

Plaintiffs' motion in this case is nothing more than an obvious reflection of their revised strategic considerations.  Indeed, Plaintiffs have not offered a single change in circumstance that would warrant granting their motion to transfer their own case from this forum, which they voluntarily selected seven years ago, to another district.  For this reason alone, the Court should deny Plaintiffs' motion. *See*, *e.g.*, *Trehern*, 1999 U.S. Dist. LEXIS 919, at *6; *Harry Rich Corp.*, 308 F. Supp. at 1118; *United Galvanizing, Inc.*, 2010 U.S. Dist. LEXIS 115516, at *8-9; *Roberts Bros., Inc.*, 231 F. Supp. at 167-68.

II.    **TRANSFERRING THIS CASE FROM THE SOUTHERN DISTRICT OF NEW YORK TO THE EASTERN DISTRICT OF NEW YORK WOULD NOT SATISFY THE § 1404(a) FACTORS**

At this juncture it is worth highlighting that Plaintiffs have repeatedly framed the Court's analysis of their own motion in terms of a choice between the District of Columbia and the Eastern District of New York.  DE 96 at 10-18.  Yet, this case is currently pending in this Court, not in D.C., and only Defendants' motion, which is premised on § 1406(a), has sought to transfer the matter to D.C.  As discussed above, the § 1404(a) factors do not apply to Defendants' request to transfer the case from this Court to D.C.  Thus, if the Court reaches the § 1404(a) factors at all, they apply solely to Plaintiffs' motion to transfer their own case from the Southern District of New York to the Eastern District of New York.  Those factors, however, do not support such a transfer.

First, Plaintiffs' *revised* choice of forum should be given no weight.  *See Trehern*, 1999 U.S. Dist. LEXIS 919, at *6 (holding that when a plaintiff moves to transfer, "the usual presumptions as to plaintiff's choice of forum are not appropriate").  They have based their transfer request on the fact that seven plaintiffs resided in the Eastern District of New York "at the time the complaint and amended complaint in this action were filed."  DE 96 at 2.  These facts were extant when they commenced this action, and Plaintiffs chose to file their case in the Southern District.  Plaintiffs have attempted to disguise the true nature of their request, by claiming that the Court should not "disturb plaintiffs' choice of *a New York forum*."  *Id.* at 10 (emphasis added).  But Plaintiffs did not choose New York as a whole — they chose the Southern District.  Because § 1404(a) was not designed to "facilitate belated procedural maneuvers suggestive of forum shopping," Plaintiffs' *newest* choice of forum, which was readily

available to them when they filed this case, should be given no weight at all.  *See Roberts Bros., Inc.*, 231 F. Supp. at 167-68.

Second, if the Court were to transfer this case to the Eastern District of New York, there would be no difference at all in terms of the remaining factors, including the convenience of the parties and witnesses, the relative means of the parties, and the location of evidence.  As Plaintiffs themselves concede, the Eastern District is "just across the bridge."  DE 96 at 10.

But transferring this case to a court "just across the bridge," which is what Plaintiffs have requested the Court to do, would render no discernible change in the convenience to the parties or to the witnesses.  *See*, *e.g.*, *Wiercinski*, 2009 U.S. Dist. LEXIS 98237, at *3 (holding that the convenience of the parties is a non-issue when the choice is between the Southern District of New York and "the federal courthouse in Brooklyn . . . a mile away at the other end of the Brooklyn Bridge"); *see also Roberts Bros., Inc.*, 231 F. Supp. at 168 (holding similarly, where the two courts in question were "within approximately 10 minutes by public transportation of each other . . . and it may be said within view of each other on a clear day") (internal quotation marks omitted).  Nor would litigating this case in the Eastern District be any less costly for Plaintiffs than doing so in this Court.  *See DE 96 at 16.  Transferring the case from the Southern District to the Eastern District also would not impact the relative ease of access to the evidence in this case.  *See id*.

## III.    PLAINTIFFS HAVE NOT SOUGHT TRANSFER IN A TIMELY MANNER

Finally, were Plaintiffs' motion to transfer to the Eastern District of New York truly meritorious, they should have brought it long ago.  Instead, they waited until now to do so, and only then in response to Defendants' motion.  They have not moved with the requisite

"reasonable promptness."  *See*, *e.g.*, *United Galvanizing, Inc.*, 2010 U.S. Dist. LEXIS 115516, at *9-10.  Instead, they have made a tactical gambit that should not now be rewarded.

### CONCLUSION

For the foregoing reasons, Defendants' Motion Pursuant to 28 U.S.C. § 1406(a) to Transfer or Dismiss should be granted, Plaintiffs' Motion to Transfer to the Eastern District of New York (Brooklyn) should be denied, and this case should either be dismissed or transferred to the United States District Court for the District of Columbia.

Respectfully Submitted,

May 19, 2011

   /s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1166100.5