# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.

      Plaintiffs,

v.                                                 Civ. No. 04-00397-GBD

THE PALESTINE LIBERATION ORGANIZATION, et al.,

      Defendants.

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)**

**Preliminary Statement**

Plaintiffs respectfully submit this Reply Memorandum in further support of their Motion to Transfer to the Eastern District of New York (Brooklyn) (DE 106-116) ("Plaintiffs' Motion") and in response to Defendants' Opposition (DE 120) to Plaintiffs' Motion.

Defendants complain in their Opposition that: "One would expect that … Plaintiffs … would attempt to defend their own Complaint's allegations concerning venue, and encourage the Court to simply retain the case." DE 120 at 1-2. Truer words were never written: <u>Defendants themselves</u> "expect[ed]" that Plaintiffs would respond to Defendants' motion to dismiss or to transfer (DE 93-94) by insisting that this case remain in this Court.

If Plaintiffs had foolishly taken that position, as Defendants hoped, this Court would have had to waste extensive time and resources resolving Defendants' new venue and jurisdiction arguments (including many issues of first impression) on the merits, which would have caused another lengthy delay of this 2004 case and either handed Defendants an issue for appeal (if the Court retained the case) or resulted in a transfer (if the Court accepted Defendants' claims).

By instead moving to transfer this case to the Eastern District, Plaintiffs have refused Defendants' invitation to create delay and uncertainty in this case – as should this Court.[1]

In stark contrast to the difficult and time-consuming task of ruling on Defendants' first-impression challenges to venue and jurisdiction on the merits, the question of whether to transfer this case to the Eastern District or the District of Columbia – which is the <u>only real dispute now before the Court</u> – is a simple matter within the broad discretion of this Court[2] that can and, respectfully, should, be decided forthwith[3], especially since all factors favor the Eastern District.

Where, as here, retaining the case would require resolution of complex issues or otherwise delay the case, the correct course is to transfer the case to a district where proper venue is certain. *See Troyer v. Karcagi*, 488 F.Supp. 1200, 1206 (S.D.N.Y. 1980) (Transferring case to a district where venue was not in question because "retaining the case in the Southern District of New York would require the court to "<u>consider the thorny question, apparently an issue of first impression</u>, as to whether" venue was proper in the Southern District) (emphasis added).[4]

As shown *infra*, Defendants' Opposition to Plaintiffs' Motion is wholly meritless.

---

[1] Moreover, given the fact that all parties now seek transfer, a decision on Defendants' newly-minted venue and jurisdiction arguments would likely constitute an impermissible advisory opinion.

[2] *See e.g. Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2nd Cir. 1989) ("[A] change of venue … is left to the <u>sound discretion of the district court</u>. That discretion will not be disturbed upon appeal without a <u>clear showing of abuse</u>.") (emphasis added) (citations omitted); *Eagle Auto Mall Corp. v. Chrysler Group, LLC*, --- F.Supp.2d ----, 2011 WL 180691 at *3 S.D.N.Y. Jan. 14, 2011) ("This court has broad discretion in making its transfer determination.").

[3] In fact, due to the breadth of a district court's discretion, motions for transfer of venue are not uncommonly granted by minute order or bench rulings. *See e.g. Hatfill v. Foster*, 415 F.Supp.2d 353, 357 (S.D.N.Y. 2006) (Motion to transfer venue granted in "a decision from the bench"); *Dutciuc v. Meritage Homes of Arizona, Inc.*, 2009 WL 4827087 at *1 (D.Ariz. 2009) (Motion to transfer venue granted in a minute order); *Battelle Memorial Institute v. Cataldo*, 2002 WL 424639 at *1 (N.D.Ill. 2002) (same).

[4] *See also e.g. SoccerSpecific.com v. World Class Coaching*, 2008 WL 4960232 at *5 (D.Or. 2008) (Citing many cases holding that transfer of a case "from a forum where there is a difficult question of personal jurisdiction to a district in which there is not such uncertainty" is the proper course).

## ARGUMENT[5]

### a. Proper Venue Can and Should Be Determined on Facts Outside the Pleadings

Defendants do not and cannot dispute that venue in the Eastern District is proper under ATA § 2334(a) because seven plaintiffs resided in the Eastern District when this suit was filed. Rather, Defendants argue that the Court should <u>ignore</u> Plaintiffs' undisputed declarations establishing that they resided in the Eastern District when the action was filed (DE 108-114) because <u>venue must be assessed solely on the face of the complaint</u>, and a transfer to D.C. is thus the only proper course. DE 120 at 13-14. This argument is frivolous for two reasons:

*First*, though Plaintiffs' First Amended Complaint ("FAC") does not base venue on their residency in the Eastern District, neither does it base venue on Defendants' presence in the District of Columbia. *See* DE 4 *passim*. The FAC bases venue solely on Defendants' presence in this federal district (which Defendants now challenge). *Id*. at ¶ 3. Thus, it is completely illogical to argue, as Defendants do, that a transfer to the Eastern District would be improper because the FAC does not mention Plaintiffs' residency there, but a transfer to the District of Columbia would be proper, despite the fact that the FAC makes no mention of Defendants' presence there.[6]

*Second*, it is black-letter law that in considering a challenge to venue, a federal court can and should consider matters outside the pleadings and, moreover, can even hold an evidentiary hearing on venue. *See e.g. Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2nd Cir. 2005) (If the court considers affidavits on a venue challenge the plaintiff need only make a prima facie

---

[5] Defendants present arguments in opposition to Plaintiffs' Motion mislabeled as "Argument in Reply to Plaintiffs' Opposition to Defendants' Motion to Transfer." DE 120 at 12-17. This Reply responds to <u>all</u> arguments in opposition to Plaintiffs' Motion, regardless of how labeled by Defendants.

[6] Also, a plaintiff has no duty to include venue (or even personal jurisdiction) allegations in his complaint. *See e.g. Grajeda v. Aeroil Products*, 1999 WL 756507 at *2 n.2 (S.D.N.Y. 1999) ("[T]he plaintiff need not plead venue in the first instance."); *Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2nd Cir. 1971) (Rule 8(a) "refers to subject matter jurisdiction rather than personal jurisdiction.").

3

showing but if the court holds an evidentiary hearing the plaintiff must demonstrate venue by a preponderance of the evidence.); *Wolf v. AVX Corp.*, 2008 WL 2695092 at *1 (S.D.N.Y. 2008) (In ruling on a venue challenge the court can "consider facts outside the pleadings."); *Cartier v. Micha, Inc.*, 2007 WL 1187188 at *2 (S.D.N.Y. 2007) ("On a motion to dismiss for improper venue … the court may rely on facts and consider documents outside the complaint."); *Caremark Therapeutic Services v. Leavitt*, 405 F.Supp.2d 454, 457 (S.D.N.Y. 2005) ("[C]ourts may consider materials outside the pleadings on a motion to dismiss for improper venue."); *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F.Supp.2d 553, 555 (S.D.N.Y. 2004) ("[I]n deciding a motion to dismiss for improper venue, the court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."); *Brennen v. Phyto-Riker Pharmaceuticals, Ltd.*, 2002 WL 1349742 at *1 n.2 (S.D.N.Y. 2002) ("Courts may consider materials outside the pleadings when deciding a motion to dismiss for improper venue."); *Jockey Int'l Inc. v. M/V Leverkusen Express*, 217 F.Supp.2d 447, 450 (S.D.N.Y. 2002) (Rule 12(b)(3) "allows courts to consider materials outside the pleadings."); *Burrell v. State Farm*, 2001 WL 797461, at *3 (S.D.N.Y. 2001) (In deciding motion for improper venue "a court may consider facts outside the pleading" and should view facts viewed in light most favorable to plaintiff).[7]

Thus, this Court can and should consider Plaintiffs' undisputed declarations proving that they were resident in the Eastern District when this case was filed (DE 108-114). Indeed, since Plaintiffs' residency in the Eastern District and Defendants' presence in D.C. are not mentioned in the FAC, the Court <u>must necessarily look beyond the pleadings</u> to resolve the venue dispute.

---

[7] The cases cited by Defendants (*Wiercinski v. Mangia 57*, 2009 WL 3459738 (E.D.N.Y. 2009) and *Animation Station v. Chicago Bulls*, 992 F.Supp. 382 (S.D.N.Y. 1998)) are not to the contrary. Both cases examined venue on the basis of the complaint simply because <u>no extrinsic evidence was submitted</u>. This argument is in any case a non sequitur since Defendants' D.C. presence is not mentioned in the FAC.

4

### b. The Court Need Not Determine the Basis for Transfer and Should Order a Transfer to the EDNY Without Wasting Time on Defendants' Arguments[8]

Plaintiffs' Motion asserts that this Court can and should transfer the case to the Eastern District without ruling on Defendants' new venue and personal jurisdiction arguments (a ruling which would both waste the resources of the Court and unnecessarily delay this case) because the factors to be considered by a court on a motion to transfer venue are identical whether the transfer is made under § 1406(a) or § 1404(a) and a court need not specify whether a transfer of venue is being ordered under § 1404(a) or § 1406(a). DE 107 at 7-8.

In support of this argument Plaintiffs cited on-point decisions of the Court of Appeals for the Second Circuit and of numerous district courts in this Circuit. *Id*.

In response, Defendants assert that the cases from this Circuit cited by Plaintiffs "are incorrect" and then proceed to argue – in purported reliance <u>on cases solely from outside this Circuit</u> – that this Court <u>cannot</u> transfer this case to the Eastern District without first ruling on Defendants' new venue/personal jurisdiction arguments because it <u>must</u> decide whether the transfer is being ordered under § 1404(a) or under § 1406(a), because it <u>must</u> apply different standards depending on which statute it is invoking to order the transfer. DE 120 at 14-16.

Defendants are of course entitled to their opinion that the law in this Circuit is "incorrect" (*id*. at n.6) but that law is both binding in this Court and crystal clear: the considerations

---

[8] Defendants half-heartedly argue that the case should be dismissed rather than transferred to the Eastern District since "Plaintiffs chose to bring their case in a forum in which venue does not lie and in which the court has no personal jurisdiction over Defendants." DE 120 at 13. It is astonishing that Defendants have the gall to make this claim, given that they ask the Court to forgive their failure to challenge venue for 7 years on the "grounds" that they could not do so until *Wultz* and this Court's March 30 ruling were issued (an absurd claim that ignores the fact that Defendants (i) could have made the same claim as the *Wultz* defendant <u>years ago</u> and (ii) failed to alert the Court to *Wultz* before its March ruling).

In any event, Defendants fail to dispute, and so concede, that transfer is proper because the ATA's limitations period has expired and a dismissal would entirely extinguish Plaintiffs' rights.

governing transfer under § 1404(a) and § 1406(a) are the same and, moreover, the Court need not decide which provision is being invoked:

> Although § 1404 and § 1406 apply under slightly different circumstances, they employ the same "interests of justice" analysis. *See* 28 U.S.C. §§ 1404(a), 1406(a) … Consequently, whether we were to find that venue were mislaid in the Southern District of New York under § 1406 or merely more convenient in another district under § 1404, we would use the same factors to determine whether the Northern District of Illinois or the District of South Carolina would provide the preferable venue.

*ZPC 2000 v. SCA Group*, 86 F.Supp.2d 274, 279 at n.8 (S.D.N.Y. 2000) (emphasis added). *See also e.g. Corke v. Sameiet M. S. Song of Norway,* 572 F.2d 77, 80 (2nd Cir. 1978) (district court properly "declined to elect between reliance on 28 U.S.C. § 1404(a) or on § 1406(a)."); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2nd Cir. 2000) ("[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a).") (emphasis added); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000,* 257 F.Supp.2d 717, 734 n.28 (S.D.N.Y. 2003) ("[T]he inquiries under section … 1404(a) are the same as that under section 1406(a)."); *Pinello v. Andreas Stihl Ag & Co. KG*, 2008 WL 6332393 at *1 (S.D.N.Y. 2008) ("Courts generally consider the same factors when deciding whether to transfer pursuant to § 1404(a) or § 1406(a)").[9]

---

[9] *See also*; *S & L Birchwood, LLC v. LFC Capital, Inc.*, 752 F.Supp.2d 280, 284 (E.D.N.Y. 2010) ("Whether considered under Section 1404 or 1406 … the court considers the same factors when determining whether to exercise the discretion to transfer."); *Unlimited Care, Inc. v. Visiting Nurse Ass'n of Eastern Massachusetts, Inc.*, 42 F.Supp.2d 327, 333 (S.D.N.Y. 1999) ("[W]hen transferring a case in the interest of justice based on the lack of personal jurisdiction, a court need not elect between reliance on 28 U.S.C. § 1404(a) and 1406(a).") (citation omitted); *Fresca v. Arnold*, 595 F.Supp. 1104, 1105 (E.D.N.Y. 1984) ("It is of no consequence … whether plaintiff's reliance on § 1406(a), as opposed to … § 1404(a), is proper [because a] district court need not elect between the two sections."); *Interested London Underwriters v. Kelly Global Logistics, Inc.*, 2008 WL 558038 at *5 (S.D.N.Y. 2008) (same).

Thus, the Court need only – and should – find that transfer to the Eastern District is in the "interests of justice," and order such transfer forthwith, without wasting resources and delaying this discovery-ready case by ruling on Defendants' brand new venue and jurisdiction claims.

### c. Immediate Transfer to the Eastern District Would Prevent Delay

Plaintiffs' Motion showed that transferring this case to the Eastern District forthwith would prevent both (i) the delay that would entail if this Court were to rule on Defendants' new venue and jurisdiction arguments and (ii) the delay that would be created by transferring the case to the District of Columbia, where the Defendants would file a motion seeking reconsideration under the law of the D.C. Circuit of all the grounds for dismissal already rejected by this Court.[10]

Defendants respond by arguing that preventing delay is not a valid venue consideration, and that in any case Plaintiffs' concerns about delays are "vague." DE 120 at 16-17.

Here, too, Defendants' claims are meritless. The Texas case cited by Defendants as purportedly holding that delay is a factor considered on a motion to transfer venue "only in rare and special circumstances" held, in actual fact, that a delay relating to venue is likely to occur, as an empirical matter, "only in rare and special circumstances," but that where such delay is shown it should be factored into the venue analysis. *See United Galvanizing v. Imperial Zinc*, 2010 WL 4393990 at *5 (S.D.Tex. 2010) (Denying transfer because, *inter alia*, "[t]his case appears to be the unusual case in which transfer will clearly result in a delay in the trial.").

Indeed, case law from this and other Circuits holds explicitly that preventing delay is a factor to be considered by the Court in deciding between venues. *See e.g. Matra Et Manurhin v. International Armament Co.*, 628 F.Supp. 1532, 1536 (S.D.N.Y. 1986) ("[T]he interest of justice

---

[10] As shown in Plaintiffs' Motion, the *Wultz* defendant, whose litigation tactics the instant Defendants have openly adopted, filed just such a motion after that case was transferred to this court.

7

in seeing that this action is resolved promptly suggests that defendants' motion for transfer should be granted."); *Terukuni Kaiun Kaisha v. C.R. Rittenberry & Assocs.*, 454 F.Supp. 418, 422-423 (S.D.N.Y. 1978) (Transferring case to Oklahoma in order to avoid litigation over personal jurisdiction in New York because, "Prosecution of this action in Oklahoma <u>sooner rather than later</u> will avoid … squandered energies [and] serve the interest of justice.") (emphasis added); *Grant v. Homier Distributing Co., Inc.,* 2007 WL 1395578 at *1 (N.D.Ind. 2007) ("Plaintiffs … argue that it is not in the interests of justice to transfer this case because it would result in more delay. <u>While the delay as a result of a transfer … would be minimal, this Court agrees with Plaintiffs that a transfer is not warranted in this case because even a minimal delay is not in the interests of justice</u>.") (emphasis added).

      Thus, avoiding delay is <u>unquestionably</u> a factor to be considered by the Court.

      Nor are Plaintiffs' concerns about delay "vague." Defendants – who have perfect knowledge of their own intentions – do not even attempt to deny Plaintiffs' assertion that they will move for reconsideration of their motions to dismiss under the law of the D.C. Circuit if this case is transferred to the District of Columbia. This silence should be seen as an admission.

      The absolutely pointless and wasteful delay that would result if this Court were to delve into Defendants' new venue and jurisdiction arguments is not "vague," either. As shown in Plaintiffs' Motion, disposing of those arguments would require the Court to author an entirely new opinion determining whether *Wultz* is good law, whether Defendants have waived their new arguments, whether the *Klinghoffer* exception applies to venue and overrides an express federal venue statute, and whether the Court erred in finding that Defendants' New York employees were all engaged solely in UN business, when in fact one of those employees was <u>admittedly</u> employed by Defendant PA, which (unlike the PLO) has no status at the UN whatsoever.

### d. Plaintiffs' Motion Is Justified and Timely

Defendants also assert, with no little temerity, that Plaintiffs' Motion is an untimely strategic maneuver that should be denied because Plaintiffs have not cited any change in circumstance that would justify a transfer from the venue selected by them. DE 120 at 18, 20-21.

The Court should resoundingly reject this argument. As clearly stated therein, Plaintiffs' Motion was filed, and filed now, only because Defendants have suddenly raised new arguments challenging venue and personal jurisdiction in this Court and seek to transfer this case to the District of Columbia, which in turn will delay this case and otherwise prejudice the Plaintiffs. Thus it is the Defendants, not the Plaintiffs, who launched a "tactical gambit" (DE 120 at 21) and that gambit is a major "change of circumstance" more than justifying Plaintiffs' Motion.

Defendants' untimeliness argument is particularly outrageous considering that they waited over seven years before raising their challenge to venue. Defendants' argument that they could not have done so until *Wultz* was decided is false: the fact that the *Wultz* defendant thought up an argument that the instant Defendants did not is no excuse. Moreover, *Wultz* was briefed and decided many months before this Court issued its March 2011 decision, and Defendants therefore could and should have raised their new claims long before that decision was issued.

Defendants' attempt to paint the Plaintiffs as engaged in untimely strategic maneuvering is a bad-faith attempt to distract the Court from Defendants' own dilatory manipulations.

### e. Defendants Fail to Contest, So Concede, That All Factors Favor the EDNY

Because they cannot contest the obvious fact that all relevant factors strongly favor a transfer to the Eastern District, and strongly disfavor a transfer to the District of Columbia, Defendants do not even attempt to argue otherwise.

Instead, Defendants ask the Court to play "make-believe," i.e. to pretend – for the purpose of ruling on Plaintiffs' Motion – that Defendants' own motion to transfer to the District of Columbia does not exist, and that the only issue before the Court is whether to keep the case in this Court or to transfer it to the Eastern District. DE 120 at 19-20.

Thus, Defendants argue that, "if the Court were to transfer this case to the Eastern District of New York, there would be no difference at all in terms of the remaining factors, including the convenience of the parties and witnesses, the relative means of the parties, and the location of evidence." *Id*. at 20.[11]

But it is absurd to argue, as Defendants do, that the Court should pretend that Defendants have not moved to transfer this case to the District of Columbia, and that the real choice before the Court is not between the Eastern District and the District of Columbia. The fact is that Plaintiffs do not seek a transfer to the Eastern District because it is <u>more convenient to them than this Court</u>; they seek a transfer to the EDNY because (i) Defendants have challenged venue and personal jurisdiction in this Court and moved to transfer to the District of Columbia (ii) Plaintiffs do not wish to waste time and delay the case litigating Defendants' new arguments and (iii) the <u>Eastern District is an infinitely more appropriate forum than the District of Columbia</u>.

The only real question before the Court is whether to transfer the case to the Eastern District or to the District of Columbia. All relevant factors overwhelmingly favor the former.

**WHEREFORE**, Plaintiffs' motion should be granted.

---

[11] By noting the proximity of this Court to the EDNY Defendants concede that they cannot oppose a transfer to the EDNY on convenience grounds. *See e.g. Veney v. Starbucks*, 559 F. Supp. 2d 79, 84 (D.D.C. 2008) ("As for the convenience of the defendant, transferring this action is unlikely to be an inconvenience being that … the Eastern District of Virginia is fewer than 15 miles from this court.").

        Plaintiffs, by their Attorney,
/s/ Robert J. Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

## CERTIFICATION

I hereby certify that on May 25, 2011, a true copy of this Reply Memorandum was sent via ECF to the following counsel:

Richard A. Hibey
Mark J. Rochon
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

/s Robert J. Tolchin