UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## JOINT DISCOVERY PLAN

Plaintiffs Mark I. Sokolow, *et al*., and Defendants The Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") (collectively, "Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 26(f), respectfully submit the following Discovery Plan to aid the Court in preparing the Scheduling Order required by Federal Rule of Civil Procedure 16(b). Counsel for the Parties conferred as required by Rule 26(f)(1)-(2) on June 13, 2011 and have jointly prepared this report which states the Parties' views and proposals on the items listed in Rule 26(f)(3).

**I.   WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(a), INCLUDING A STATEMENT OF WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE**

    **A.   Initial Disclosures**

The Parties have not yet made initial disclosures. The Parties agree to make the initial disclosures required by Rule 26(a)(1)(A) within 30 days of the date of the scheduling order.

1171148.1

B.     **Expert Disclosures**

The Parties agree to the sequence of, and time allowed for, making the expert disclosures and serving the expert reports required by Rule 26(a)(2). They disagree, however, over the date from which the time periods for expert disclosures should run. Defendants believe that the time periods for expert disclosures should run from the deadline set for the close of fact discovery, *i.e.*, the 18-month period set forth in Section II(C) below. Plaintiffs believe that the time periods for expert disclosures should run from date that fact discovery is *completed* – i.e. from the date that all outstanding fact discovery requests have been *complied with* (as agreed by the Parties or, absent such agreement, as determined by the Court). Plaintiffs take this position in order to avoid a situation in which expert discovery commences before all outstanding fact discovery responses are actually produced – which situation would defeat the entire rationale for postponing expert discovery until after fact discovery. Accordingly, the Parties' respective positions regarding expert disclosures are as follows:

Defendants' Position:

1.     Plaintiffs' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due 30 days after the *close* of fact discovery.

2.     Defendants' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due 60 days after the *close* of fact discovery.

3.     Plaintiffs' Rule 26(a)(2)(D)(ii) Rebuttal Expert Disclosures and Reports will be due 90 days after the *close* of fact discovery.

4.     All discovery regarding experts must be completed by 120 days after the *close* of fact discovery.

Plaintiffs' Position:

1.      Plaintiffs' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due 30 days after the *completion* of fact discovery.

2.      Defendants' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due 60 days after the *completion* of fact discovery.

3.      Plaintiffs' Rule 26(a)(2)(D)(ii) Rebuttal Expert Disclosures and Reports will be due 90 days after the *completion* of fact discovery.

4.      All discovery regarding experts must be completed by 120 days after the *completion* of fact discovery.

## II.    THE SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES

### A.      Subjects of Discovery

The Parties agree that discovery will be needed on both liability and damages for each of the seven attacks for which Defendants are alleged to be liable.

### B.      Bifurcation of Fact and Expert Discovery

The Parties agree that discovery should be bifurcated between fact and expert discovery and that fact discovery should be conducted before expert discovery. However, as noted in Section I(B) above, the Parties disagree over when expert discovery should begin. The Parties' respective positions regarding the commencement of expert discovery are as follows:

Defendants' Position:

The Defendants' propose that there be a period of fact discovery which will *close* on a date certain before expert discovery commences.

Plaintiffs' Position:

The Plaintiffs propose that there be a period of fact discovery which will be *completed* before expert discovery commences.

### C. Discovery Schedule

The Parties agree that there should be an 18 month period of fact discovery, followed by a 4 month period of expert discovery.

### III. ANY ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED

The Parties do not presently anticipate that ESI will be a substantial part of the discovery sought or supplied in this case, and agree that ESI can be produced in paper or PDF format.

### IV. ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING--IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION-- WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER

The Parties do not presently anticipate that claims of privilege or of protection as to trial preparation materials will be a substantial part of the discovery in this case, and hereby agree that the Parties are not required to provide a privilege log with respect to any responsive communications, information or documents falling within the following categories:

a. any communications or documents exchanged exclusively between any Party and that party's own current or former litigation counsel in this action or in any other action arising from the attacks at issue in this case, from the date of the filing of the Complaint to the present. "Litigation counsel" shall include any U.S. or foreign attorney or law firm representing, assisting or advising the Party in this action or in any other action arising from the attacks at issue in this case, whether of record or not;

    b. any communications or documents exchanged exclusively between (and within) the parties' current and former litigation counsel (as defined above), from the date of the filing of the Complaint to the present;

    c. any work product generated by former or current litigation counsel (as defined above) from the date of the filing of the Complaint to the present.

  The Parties agree that if any party refrains from disclosing and/or producing, and/or objects to the disclosure and/or production of, any English translations of any non-English-language materials, on any grounds of privilege or protection, that party shall produce a privilege log for all the materials in respect to which a privilege or protection is claimed.

**V. WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED**

  The Parties propose the following changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

  **A. Number of Interrogatories**

  The Parties agree that each side (*i.e.* all Plaintiffs and both named Defendants) shall be able to serve no more than 25 interrogatories on the other side regarding each of the seven attacks alleged in the complaint without leave of Court. The Parties further agree that all interrogatories, document requests, requests for admissions, and expert disclosures shall be served and answered by, or served on behalf of, only those Plaintiffs involved in each attack alleged in the complaint.

  **B. Number of Depositions**

  The Parties do not agree regarding a limit on the number of depositions. The Parties' respective positions regarding the limit on the number of depositions are as follows:

Plaintiffs' position:

Plaintiffs believe that the usual 10 deposition limit is completely impracticable in this case, considering that: there are 42 plaintiffs; the action involves a series of seven terrorist attacks , meaning that depositions will have to be conducted both about the details of each attack, as well as about the defendants' liability for each of those attacks; numerous documents are expected to be produced by third-parties, which will require a large number of depositions of records' custodians and other foundational witnesses; there are many third-party witnesses in this case who are located overseas, and their trial testimony will have to be obtained by deposition (i.e. numerous de bene esse depositions will be necessary); and each side is expected to have a multiplicity of experts, both as to liability and damages, many of whom will need to be deposed. Accordingly, plaintiffs believe that there should be no set limit on the number of depositions in this case, subject, of course, to any party's right to move to quash a deposition that is unnecessary or duplicative. Plaintiffs further believe that Defendants' proposal for 20 depositions per side is no solution at all: depositions of foundational witnesses, expert witnesses and overseas trial witnesses – none of which are actual meat-and-potatoes discovery depositions – will, standing alone, certainly exceed 20.

Defendants' position:

Defendants do not believe that an unlimited number of depositions per side will be either necessary or appropriate, but would be willing to agree to an initial limit of 20 depositions per side.

## VI. ANY OTHER ORDERS THAT THE COURT SHOULD ISSUE UNDER RULE 26(C) OR UNDER RULE 16(B) AND (C)

The Parties propose that the Court issue the following orders under Rule 26(c) and Rule 16(b) and (c) at this time.

### A. Time to Join Other Parties

The Parties request that the Court order than any motion to join other parties be filed within 30 days of the date of the scheduling order.

### B. Time to Amend Pleadings

The Parties do not agree regarding a limit on the time by which they must amend pleadings. The Parties' respective positions regarding the time by which they must amend pleadings are as follows:

Defendants' position:

The Defendants request that the Court order that any motion to amend pleadings be filed within 30 days of the date of the scheduling order.

Plaintiffs' position:

Plaintiffs strongly object to Defendants' request to bar any future motions to amend the pleadings and thereby permanently freeze the pleadings in their current form, which request directly conflicts with both the principle that "[t]he court should freely give leave [to amend pleadings] when justice so requires" (Fed.R.Civ.P. 15(a)(2)) and the rules governing amendments of pleadings to conform with the evidence.

Accordingly, Plaintiffs believe that the regular rules governing amendments of pleadings should apply, and that no special order either permitting motions to amend or limiting the time in which such motions can be filed is necessary or appropriate.

### C. Time to Confer on Discovery Disputes and File Discovery Motions

The Parties do not agree regarding a limit on the time to confer on discovery disputes and to seek relief regarding such disputes. The Parties' respective positions regarding this issue are as follows:

Defendants' position:

Defendants request that the Court order that any informal conference with the Court regarding a discovery dispute take place no later than 30 days after the discovery response, deposition or deadline to which it pertains, and that, if leave is granted to file a motion related to such dispute, any such motion be filed within 14 days of the informal conference or at such other time as the Court orders.

Plaintiffs' position:

Plaintiffs very strongly oppose this request, which seeks to create artificial deadlines by which the parties must raise and litigate discovery disputes or else lose the right to do so. This proposal should be rejected because there are many very good reasons why a party might not immediately challenge an insufficient discovery response: *First*, the party may not even realize at the time that a response is incomplete, and only learn that later, after additional discovery or otherwise; *Second*, a party may not realize at the time the full significance or importance of the missing information or documents, and legitimately decide that its time and resources are better spent pursuing other matters entirely, and only learn of the importance of the missing information later, after additional discovery or otherwise; *Third*, a party may legitimately decide that its time and resources are better spent first attempting to obtain the missing information or documents in other ways – e.g. through other forms of discovery from the opposing party or from third parties, before seeking relief from the Court.

Defendants' proposal would force the parties – purely out of caution and in order to avoid any waivers – to immediately raise and litigate each and every discovery dispute. Obviously, that would result in a huge waste of the time and resources of this Court and of the parties.

Defendants' proposal would also open the door to disputes between the parties about the exact date on which efforts to resolve discovery disputes by "meeting and conferring" reached a final impasse and the countdown to the deadline to seek judicial relief therefore began. These disputes will necessarily draw the Court into wasting its time and resources resolving picayune squabbles based on exchanges of emails between counsel regarding the progress of the "meet and confer" process and on counsel's respective representations about what was and was not agreed upon during unrecorded "meet and confer" discussions.

In sum, Defendants' proposal is a certain recipe for unnecessary litigation and disputes, and for an egregious waste of Court and party resources.

Accordingly, discovery disputes and motions should be governed by the Federal Rules and the Local Rules, just as in every other case.

### D. Time to File Summary Judgment Motions

Defendants request that the Court order that all motions for summary judgment be filed no later than 60 days after expert discovery has closed.

### E. Dates for Pretrial Conferences and Trial

The Parties request that a status conference be held 60 days before the close of fact discovery. The Parties request that the Court defer setting dates for pretrial conferences and trials until such time as expert discovery has closed and motions for summary judgment have been ruled upon.

### F. Separate Trials

The Parties do not agree regarding the issue of whether there should be separate trials. The Parties' respective positions regarding the issue of whether there should be separate trials are as follows:

Defendants' position:

Defendants request that the Court order pursuant to Rule 16(c)(2)(M) and 42(b) that separate trials be held on each of the seven incidents for which Defendants are alleged to be liable. Holding a single trial on all seven incidents will be confusing to a jury and has the obvious potential to prejudice Defendants. If the Court is not inclined to grant this relief without briefing, Defendants will move separately to sever the case or, alternatively, for each incident to be tried separately.

Plaintiffs' position:

Plaintiffs believe that, generally speaking, their claims should be litigated together. Though they were harmed and/or their family members killed by seven terrorist attacks, the plaintiffs allege that those attacks were all carried out pursuant to the official, standing policies and directives of the defendants. *See* First Amended Complaint (DE 4) at ¶¶ 49-53, 60, 76, 85, 99, 107, 116-117, 125 and 128. Indeed, Defendants' request to treat these attacks as isolated "incidents" (to use Defendants' term) rather than the common result of an intentional, established policy and practice assumes the answer to one of the central issues in dispute in this case, i.e.: whether Defendants had such a policy and practice. That being said, as the case progresses it may indeed become efficacious to sever some attacks and/or issues for separate trial. However, it is completely premature to do so now. Summary judgment motion practice may resolve some claims and issues. Likewise, some claims may settle. As the case progresses it may become clear that trying a particular issue or group of issues separately would be expeditious or appropriate. Separate trials for certain plaintiffs on damages might prove to make sense. However, severance issues certainly need not be resolved now, two years before the close of discovery. At this time, this issue should simply be preserved to be raised in the future.

June 20, 2011                              Respectfully Submitted,


  /s/ Robert J. Tolchin
Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 855-4696
rjt@tolchinlaw.com

A*ttorneys for Plaintiffs*


  /s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]


*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1171148.1