USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/11

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------ X

Docket No:
04-CV-397 (GBD) (RLE)

## SCHEDULING ORDER

    1.    The Parties shall make the initial disclosures required by Rule 26(a)(1)(A) within 30 days of the date of this Order.

    2.    Discovery shall be conducted on both liability and damages for each of the seven attacks for which Defendants are alleged to be liable. Discovery shall be bifurcated between fact and expert discovery. Fact discovery shall be conducted before expert discovery.

    3.    Absent further order of the Court, fact discovery shall close on December 21, 2012.

    4.    Absent further order of the Court, expert discovery shall commence on December 21, 2012, and shall close on April 22, 2013.

        a.    Plaintiffs' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due January 21, 2013, absent further order of the Court.

        b.    Defendants' Rule 26(a)(2)(A)-(C) Expert Disclosures and Reports will be due February 21, 2013, absent further order of the Court.

      c.      Plaintiffs' Rule 26(a)(2)(D)(ii) Rebuttal Expert Disclosures and Reports will be due March 22, 2013, absent further order of the Court.

5.      Each side shall be presumptively permitted to conduct 35 depositions. If any party wishes to conduct additional deposition(s) beyond this limit, such party may apply to the Court, and such additional deposition(s) will be allowed if reasonably necessary to the case.

6.      The Parties shall not be required to provide a privilege log with respect to any responsive communications, information or documents falling within the following categories:

      a.      any communications or documents exchanged exclusively between any Party and that party's own current or former litigation counsel in this action or in any other action arising from the attacks at issue in this case, from the date of the filing of the Complaint to the present. "Litigation counsel" shall include any U.S. or foreign attorney or law firm representing, assisting or advising the Party in this action or in any other action arising from the attacks at issue in this case, whether of record or not;

      b.      any communications or documents exchanged exclusively between (and within) the parties' current and former litigation counsel (as defined above), from the date of the filing of the Complaint to the present;

      c.      any work product generated by former or current litigation counsel (as defined above) from the date of the filing of the Complaint to the present.

If any party refrains from disclosing and/or producing, and/or objects to the disclosure and/or production of, any English translations of any non-English-language materials, on any grounds of privilege or protection, that party shall produce a privilege log for all the materials in respect to which a privilege or protection is claimed.

7. Each side (*i.e.* all Plaintiffs and both named Defendants) shall be permitted to serve no more than 25 interrogatories on the other side regarding each of the seven attacks alleged in the complaint without leave of Court. All interrogatories, document requests, requests for admissions, and expert disclosures shall be served and answered by, or served on behalf of, only those Plaintiffs involved in each attack alleged in the complaint.

8. Any motion to join other parties shall be filed within 30 days of the date of the scheduling order.

9. Any application to amend the pleadings shall be governed by the Federal Rules of Civil Procedure.

10. Any discovery disputes shall be raised before the Court in the manner specified in Local Rules 37.1 and 37.2.

11. The issue of severing any parts of the trial in this action is deferred until after discovery, and shall be addressed to the trial judge.

12. Scheduling the briefing of summary judgment motion(s) and pre-trial order submissions is deferred until a later conference.

13. A status conference shall be held on September 13, 2011 at 10:00 a.m.

So ordered: 6-24-11

_____
U.S.M.J.

3