UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

        - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.
----------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ISSUANCE OF LETTERS OF REQUEST

Defendants, by and through their undersigned counsel and pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention" or "Convention") hereby request this Court to issue Letters of Request, attached hereto as Exhibits A-G, to third parties located in Israel to produce documents in this matter.

The evidence sought through the issuance of Letters of Request are documents and records from the Government of Israel relating to the investigation of the attacks at issue in Plaintiffs' Amended Complaint (DE 4) as well as the interrogation, investigation, and court proceedings of certain persons currently in the custody of the Israeli Prison Service. The request is directed to the Government of Israel, including, without limitation, the following agencies, divisions or entities therein: the Israeli Defense Forces ("IDF"), the Israeli Ministry of Justice ("IMoJ"), the Israeli Security Agency ("ISA"), the Office of the Prosecutor General, the Israel Police, and any other civil, criminal, penal, intelligence, executive, legislative, administrative or military agency, department, division, office or branch of the Government of Israel (hereinafter,

1

the "Government of Israel").

## Introduction

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Convention"), prescribes procedures by which a judicial authority in one contracting state may request evidence located in another state. *In re: Baycol Products Litig.*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004) (*citing Societe Nationale Industrielle Aerospatiale* v. *United States District Court for the Southern District of Iowa,* 482 U.S. 522, 541 (1987)). When a litigant seeks evidence from entities abroad who are neither themselves parties to the pending case nor otherwise subject to the Court's jurisdiction, "the Hague Convention sets forth the applicable manner of proceeding." *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 U.S. Dist. LEXIS 111659, at *51 (S.D. Fla. Nov. 16, 2009).

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, signed at The Hague on March 18, 1970, provides for the taking of evidence abroad, without recourse to consular or diplomatic channels, by means of "letters of request." *Minebea Co., Ltd.* v. *Papst,* 444 F. Supp. 2d 68, 82 at fn. 8 (D.D.C. 2006). Specifically, "[i]n civil or commercial matters a judicial authority of a Contracting State may . . . request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Convention, art. 1. Procedures under the Hague Convention are "available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Aerospatiale* 482 U.S. at 541.

In determining whether to issue letters of request pursuant to the Hague Convention, "a court should determine both whether the discovery sought falls within the scope of discovery

2

authorized by the Federal Rules of Civil Procedure, as well as whether considerations of comity warrant the requested discovery." *Calixto* 2009 U.S. Dist. LEXIS 111659, at *51. The factors relevant to a comity analysis include "1) the importance to the . . . litigation of the documents or other information requested; 2) the degree of specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternate means of securing the information; and 5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aerospatiale* 482 U.S. at 544, fn. 28.

## Argument

The particular facts of this case support the Hague Convention's Letter of Request mechanism. First, the documents being requested fall squarely within the bounds of discovery permitted by the Federal Rules. Defendants seek records of the investigations carried out by Israeli law enforcement authorities following the attacks at issue in Plaintiffs' Amended Complaint (DE 4). Defendants also seek records of the proceedings in military tribunals of those persons accused of having carried out the attacks. Pursuant to Federal Rule of Civil Procedure 26(b), which governs the scope of permissible discovery in federal actions, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" as long as the information being requested "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Insofar as these requests seek documents, in the possession of third parties, that describe the facts underlying the very incidents that are at issue in this litigation, the requests fall well within the wide scope of discovery allowed under the Federal Rules of Civil Procedure.

1174178.1

Turning to the comity analysis, Defendants maintain that the documents requested are critical to the litigation for they describe the efforts of the responsible law enforcement authorities to investigate the facts underlying the attacks alleged in the Amended Complaint (DE 4) and the results of those investigations. They also describe the persons who were alleged to have carried out the attacks, and they describe the methods that the law enforcement agencies used to gather evidence and to interview detainees. The request is very specific as to the documents requested, and based on discussions with members of the Israeli bar, these records are kept in the regular course of business and should be readily accessible. Moreover, because the documents being sought originated, and are currently located, in a foreign jurisdiction, and because they are in the possession of entities not party to the lawsuit, the Hague Convention is the appropriate vehicle for obtaining the evidence.

For the most part, there are no alternate means of obtaining the information. Defendants presume that some of the court records requested may be available through the alleged perpetrators themselves, or their counsel or representatives, all of whom are located, or are presumably located, in Israel or in the Occupied Palestinian Territory. Seeking the documents from those alternate parties, therefore, would prove no less of a burden on the Israeli government since Defendants would, in any event, require the intervention of the Israeli judicial system. Finally, Defendants can identify no scenario wherein compliance with the request would undermine important interests of either the United States or the Government of Israel. On the contrary, the requests seek documents that the Government of Israel routinely makes available to the public for the very purposes described herein. Israel is a party to the Hague Convention and as no sovereign interests are implicated by the requests for documents, the Court should not be precluded from issuing the Letters of Request in this matter. In addition, given the

circumstances involved, there is no reason to believe that the Convention's procedures will prove ineffective, as Israel is a signatory to the Hague Convention and did not make any relevant reservations to the Convention precluding the parties in the above captioned matter from collecting the documents and evidence requested.

## Conclusion

Given the above, Defendants respectfully request the Court to execute the Letters of Request attached hereto.

July 29, 2011                               Respectfully Submitted,

 /s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Attorneys for Defendants The Palestinian Authority and The Palestine Liberation Organization*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 29th day of July 2011, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
> *Attorneys for Plaintiffs*

        /s/ Mark J. Rochon