MILLER KORZENIK SOMMERS LLP
David S. Korzenik
Louise Sommers
Itai Maytal
488 Madison Avenue 11th Floor
New York, New York 10022-5702
(212) 752-9200
dkorzenik@mkslex.com
lsommers@mkslex.com
*Attorneys for The British Broadcasting Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
MARK I. SOKOLOW et al.,                          :
                                                 :   04-CV-00397 (GBD)(RE)
                    Plaintiffs,                  :
                                                 :
            -against-                            :   **DECLARATION OF**
                                                 :   **NICOLA CAIN**
                                                 :
THE PALESTINIAN LIBERATION ORGANIZATION           :
et al.,                                          :   ECF CASE
                    Defendants.                  :
                                                 :
---------------------------------------------------------------------x

NICOLA CAIN declares, pursuant to 28 U.S.C. §1746 as follows:

1. I am a Barrister with The British Broadcasting Corporation (the "BBC"), a British public service broadcaster, headquartered in the City of Westminster, London. As part of the BBC's litigation department, I regularly advise the news company's management and program makers in all aspects of media and information law, which includes the protection of journalistic information. I am fully familiar with the facts and circumstances herein and make this declaration based on personal knowledge in support of the BBC's motion to quash the Subpoena directed to it by counsel for the Plaintiffs (the "Subpoena") in the underlying action.

1

2. Annexed as Exhibit A hereto is a true and correct copy of the Subpoena served on the BBC in New York County, Southern District of New York. It directs the BBC to designate a person or persons to testify on its behalf in the Southern District of New York on August 25, 2011 in connection with this case, in which the BBC is not involved.

3. The Subpoena also directs the BBC witness to bring "authentic, complete and unedited copies of all the Recordings" related to the BBC news program "Arafat Investigated," broadcast by the BBC on November 9, 2003 (the "Program"). The term "Recordings" is defined to include both broadcast and unpublished material: (a) a copy of the Program as broadcast, and (b) "all audiovisual recordings recorded during the preparation and making of the Program and/or for the purpose of preparing and making the Program that include audio and/or video recordings of Ata Abu Rumaileh and/or Zakaria Zubaidi, including all such recordings which were not ultimately included in the Program as broadcast." Ex. A. App. B. A copy of the Program as broadcast has been previously furnished to Robert Tolchin, who is counsel for Plaintiffs.

4. The Subpoena instructs the BBC to "designate a person or persons to testify on its behalf regarding" the following four topics (the "Topics"): (i) "the authenticity of the Recordings"; (ii) n "the manner in which the Recordings were copied in order to produce a copy to the plaintiff pursuant to the instant subpoena"; (iii) "the place and manner in which the Recordings were stored, held and maintained between the dates on which the Recordings were originally created and the date on which the Recordings were copied in order to produce a copy to the plaintiff;" and (iv) "the manner in which the BBC generally stored, held and maintained audiovisual recordings of this type during the period between the dates on which the Recordings

were created and the date on which the Recordings were copied in order to produce a copy to the plaintiff pursuant to the subpoena." Ex. A, App. A.

5. I have made a diligent inquiry regarding those individuals with knowledge of the Topics who could potentially be designated by the BBC to testify on its behalf. Based on that inquiry, I have determined that there is no potential witness with knowledge of those Topics in New York, and that any potential witness would be required to travel more than 100 miles from where that witness resides, is employed, or regularly transacts business in person if required to appear and testify pursuant to Subpoena. No such potential witness is a party to the underlying case in the Southern District of New York, or a party's officer.

6. It may be the case, moreover, that the necessary knowledge does not reside in one person, but that more than one witness would be needed to respond to all the Topics. In that case, the Subpoena poses a double burden as it would also be extremely disruptive to the business of the BBC to have more than one (much less, one) of its employees distracted by compelled testimony in a foreign case in which the BBC is a stranger.

7. In any event, the only individuals from the BBC with knowledge of the Topics in the Subpoena are based in the United Kingdom.

8. As well, the BBC does not maintain in the United States any requested document that would be responsive to the Subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in London, United Kingdom on September 06, 2011.

_____
Nicola Cain