MILLER KORZENIK SOMMERS LLP
David S. Korzenik
Louise Sommers
Itai Maytal
488 Madison Avenue 11th Floor
New York, New York 10022-5702
(212) 752-9200
dkorzenik@mkslex.com
lsommers@mkslex.com
*Attorneys for The British Broadcasting Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x   04-CV-00397 (GBD)(RE)
MARK I. SOKOLOW et al.,                                                 :
                         Plaintiffs,   :   **DECLARATION OF**
                            :   **LOUISE SOMMERS**
         -against-                                              :
                            :   ECF CASE
THE PALESTINIAN LIBERATION ORGANIZATION,   :
 et al,                                                                 :
                       Defendants.   :
------------------------------------------------------------------------x

     LOUISE SOMMERS declares, pursuant to 28 U.S.C. §1746 as follows:

     1.    I am a partner in the Law firm of Miller Korzenik Sommers LLP, attorneys for The British Broadcasting Corporation (the "BBC"). I am fully familiar with the facts and circumstances herein and make this declaration based on personal knowledge, except where indicated on information and belief, in support of the BBC's motion to quash the Subpoena To Testify at A Deposition In a Civil Action dated August 9, 2011 (the "Second Subpoena"), directed to it by counsel for the Plaintiffs.

     2.    This Subpoena seeks testimony and documents related to a 2003 news program broadcast by the BBC entitled "Arafat Investigated" (the "Program") and unpublished materials that include recordings of two Program interviewees. The BBC has previously provided Mr. Tolchin with a copy of an audiovisual recording of the Program as broadcast. A transcript of the

1

Program is publicly available online at the BBC News website at

http://news.bbc.co.uk/nol/shared/spl/hi/programmes/correspondent/transcripts/arafat_investigated_09_11_03.txt.

3. This Subpoena is the second subpoena that Plaintiffs have served on the BBC for the same information. The first subpoena was noticed in and issued from the Eastern District, despite that the BBC was served in Manhattan and this case is pending here. Annexed hereto as Exhibit 1 is a true and correct copy of that first subpoena dated July 8, 2011 (the "First Subpoena").

4. I, and other counsel for the BBC, dealt in good faith with counsel for Plaintiffs in attempting to resolve the subpoena issues, but have been unsuccessful to date.

5. Counsel for the BBC repeatedly advised counsel for Plaintiffs that the BBC could not appear for deposition on the noticed date of the First Subpoena, July 26, 2011 or thereafter, as the BBC advised that it did not have a witness in New York or the United States that was knowledgeable about the topics listed in the First Subpoena on which Plaintiffs sought to elicit testimony.

6. On July 14, 2011 my partner, David Korzenik first advised Robert Tolchin, counsel for Plaintiffs of this. He contacted Mr. Tolchin to discuss the First Subpoena, explain the BBC's concerns and determine if issues could be resolved without motion or objection.

7. He also asked Mr. Tolchin to consider moving the First Subpoena to, or substituting it with one issued from, the Southern District of New York, where this case was pending, the BBC was served, and the Court was most familiar with the issues in the case. As the First Subpoena implicated issues of admissibility, relevance and privilege from compelled disclosure of non-broadcast information, this Court, not the Eastern District, would be most

familiar with those issues and, in our view, the most cost-effective and efficient forum for determining them. Mr. Tolchin was unwilling to consider any adjustment of his position.

8.      I also spoke with Mr. Tolchin about these issues on July 20, 2011. Mr. Tolchin continued to be unwilling to relieve the BBC of the burden of testifying, to move the First Subpoena or to have the issues raised by it heard by this Court.

9.      I discussed with Mr. Tolchin the scope of the outtakes Plaintiffs were seeking, which would affect the BBC's position with respect to its journalist privilege. He was aware that the BBC considered the subpoenaed outtakes protected by the journalist privilege, and believed that the underlying information sought could be obtained from more direct alternate sources, most notably, the defendants in this case. There seemed sufficient time for Plaintiffs to pursue those more appropriate alternative sources.

10.     I also asked Mr. Tolchin whether he would grant the BBC the courtesy of adjourning the deposition and agreeing to an extension of time for the BBC to object or move with respect to the First Subpoena.  Mr. Tolchin got back to me on Friday July 22, 2011 and advised me that Plaintiffs were narrowing the outtakes sought to two interviewees shown in the BBC news program at issue, Ata Abu Rumailleh and Zakaria Zubaidi. Although fact discovery in this case had over a year to go, he advised me of his or his clients' refusal to adjourn the deposition, or otherwise agree to an extension of time for the BBC to object or to move against the First Subpoena.  He would only agree to an extension if the BBC agreed to testify and produce the outtakes sought – in which case, the BBC would not have needed the requested extension to move in the first place.  As the deposition was noticed for July 26, it was necessary to make a motion on the next business day in order for it to be timely.

3

11. To do so, the BBC opened a miscellaneous case in the Eastern District with a motion to quash the First Subpoena, or alternatively, to transfer the Subpoena to this case in the Southern District. Plaintiffs' counsel then filed a wasteful and ultimately fruitless letter motion to strike the BBC motion. Counsel contended that the BBC had failed to comply with a local rule requiring that a party write a 3-page letter before filing a motion – an act impossible to achieve since no case was pending in which to file such a letter prior to the filing of the BBC's motion to quash, which opened the miscellaneous case. Plaintiffs also attempted to have the matter heard by the Magistrate Judge of their choice.

12. These tactics were rebuffed by the Court. Attached hereto as Exhibit 2 is a true and correct copy of the Order of Magistrate Judge Orenstein, the Magistrate Judge to whom the motion was referred, denying Plaintiffs' motion to strike the BBC's motion and directing the parties to agree on a briefing schedule for the BBC's motion addressed to the First Subpoena.

13. Unhappy with this result, on August 4, 2011 Mr. Tolchin asked the BBC to agree to drop its argument based on Rule 45's territorial restriction if the deposition were conducted in London. I advised him that the BBC could not agree to this proposal. He then told me that he intended to serve a second subpoena on the BBC, this time issued from the Southern District – even though he had earlier rejected the BBC's request to do so, and already caused the BBC to commence an Eastern District case and engage in costly, wasteful motion practice there.

14. I requested that instead of increasing the costs and burdens on the BBC by requiring the BBC to start over with a deadline and a new motion here, Plaintiffs simply agree to the BBC's existing motion insofar as it requested a transfer to this Southern District case.

15. Instead of agreeing, Plaintiffs' counsel attempted to extract conditions for an agreement to do so, and then claimed to be concerned that the BBC might argue "on appeal to

the Second Circuit" that the Southern District lacks subject matter jurisdiction over the transfer, even though the BBC had requested it. Then, without disclosing to the Court that Plaintiffs intended to serve yet a second subpoena on the BBC, Plaintiffs' counsel unilaterally represented to the Eastern District Court that "[h]aving given careful thought and consideration to certain arguments raised by the defendants [sic] in their motion, we have decided to withdraw the subpoena..." and "the BBC's motion is now moot." On receipt of that representation, the Court immediately denied the BBC's motion as moot. Annexed hereto as Exhibits 3 and 4, respectively, are true and correct copies of Mr. Tolchin's August 8, 2011 letter to the Court, and Magistrate Judge Orenstein's August 8, 2011 Order.

16. Plaintiffs then served the Second Subpoena on the BBC.

17. Annexed hereto as Exhibit 5 is a true and correct copy of the decision reached in a war tribunal prosecution in The Hague, the International Criminal Tribunal for the Former Yugoslavia, in Prosecutor v Brdjanin, Case No.: IT-99-36-AR73.9, Decision on Interlocutory Appeal (Dec. 11, 2002), in which the tribunal, during a prosecution of a former Bosnian Serb official, refused to compel testimony from a former Washington Post reporter who had interviewed that official.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on September 6, 2011.

_____
Louise Sommers

5