MILLER KORZENIK SOMMERS LLP
David S. Korzenik
Louise Sommers
Itai Maytal
488 Madison Avenue 11th Floor
New York, New York 10022-5702
(212) 752-9200
dkorzenik@mkslex.com
lsommers@mkslex.com
*Attorneys for The British Broadcasting Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK I. SOKOLOW et al., : 04-CV-00397 (GBD)(RE)
:
Plaintiffs, :
: **DECLARATION OF**
-against- : **STEPHEN MITCHELL**
:
:
THE PALESTINIAN LIBERATION ORGANIZATION : ECF CASE
et al, :
Defendants. :
:
-----------------------------------------------------------------x

STEPHEN MITCHELL declares, pursuant to 28 U.S.C. §1746 as follows:

1. I am the Deputy Director of News and head of Multimedia Programmes at the British Broadcasting Corporation (the "BBC"), a British public service broadcaster, headquartered in the City of Westminster, London, where I am employed. I have responsibility for the BBC's news, current affairs and investigative journalism programming across the BBC's radio and television channels and for the team which commissioned and broadcast the 2003 news program "Arafat Investigated" (the "Program"). I am fully familiar with the facts and circumstances herein and make this declaration in support of the BBC's motion to quash the Subpoena directed to it by

1

counsel for Plaintiffs (the "Subpoena") with respect to a case in the Southern District of New York.

2. I have reviewed the Subpoena, which seeks unpublished information and materials from the Program. Disclosure of any of the unpublished information from the Program would unduly hamper the BBC's ability to function in its independent editorial role. Among other things, were the BBC to be drawn into private disputes as a result of favorable or unfavorable coverage of persons and topics on which it reports, its impartiality among sources would be compromised. This would in turn impair the BBC's ability to report on important stories. Even non-confidential sources, as well as viewers, expect journalists to be independent chroniclers of events, not investigative functionaries for private litigants and the government.

3. BBC sources who agree to appear on camera have a reasonable expectation that use of their footage will be subject to BBC's independent editorial judgment and will not be taken out of context, passed on to third parties or employed outside of the broadcast in which they agreed to participate. If the BBC's judgment to publish, or not to publish, certain footage was wrested from the BBC by private litigants for private purposes, that expectation would not be met, sources would be far less inclined to speak candidly with BBC reporters, if at all, and significant news relationships could be impaired.

4. This issue is of particular concern here where war reporting is involved. Disclosure of the nature sought by Plaintiffs would jeopardize the security of BBC reporters who must cover stories in war zones or other areas of armed conflict, like the

Middle East, and depend upon their neutrality for access and safe passage back to their bureaus. Individuals in conflict zones would be more likely to question the neutrality of BBC reporters if they thought we would routinely be called to testify against them or their associates in litigation later.

5. Compulsion under the subpoena also unduly disrupts the BBC's newsgathering activities in general. Given the breadth of topics the BBC covers internationally, if its reporters, editors and managers were required to provide unpublished evidence in any civil or criminal matter merely because of a topic or subject the BBC covered, the BBC would be spending its time and attention as professional witnesses, rather than as professional journalists.

6. I have also reviewed the various topics listed in the Subpoena as to which Plaintiffs intend to elicit information from a BBC witness. To my knowledge, any potential witness for the BBC with knowledge of these topics does not live or work in New York and would be required to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person if required to testify in that State.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in London, United Kingdom on September 06, 2011.

*[signature]*

STEPHEN MITCHELL