**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

MARK I. SOKOLOW, *et al.*,          )
                                    )
                    Plaintiffs,     )
                                    )
          v.                        )          Civil Action No. 04cv397 (GBD) (RLE)
                                    )
THE PALESTINE LIBERATION            )
ORGANIZATION, *et al.*,             )
                                    )
                    Defendants.     )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL RULE 35(a) EXAMINATIONS**
**WITHIN THE SOUTHERN DISTRICT OF NEW YORK**

**INTRODUCTION AND BACKGROUND**

In their Rule 26(a)(1)(A)(iii) initial disclosures, each Plaintiff asserted that they have

suffered "intangible damages" consisting of unspecified physical and mental injuries.  *See*

Plaintiffs' Initial Rule 26(a)(1)(A) Disclosures at 7-8 & 7 n.2 (attached hereto as Exhibit A).

Based on this representation, Defendants expressed their intention to conduct a Rule 35(a)

examination of each Plaintiff claiming such damages — or perhaps multiple examinations of

certain Plaintiffs, depending on whether they claim both physical and psychological injuries —

and sought confirmation of which Plaintiffs were claiming injuries that would necessitate a Rule

35 examination.  Letter from Brian A. Hill to Robert J. Tolchin at 3-4 (Aug. 9, 2011) (attached

hereto as Exhibit B).  In a subsequent letter to defense counsel, counsel for Plaintiffs confirmed

that "[a]ll the Plaintiffs are claiming damages for 'emotional and mental pain, grief, anguish and

distress' and 'psychological injury, trauma and disabilities.'"  Letter from Robert J. Tolchin to

Brian A. Hill et al. 3-4 (Aug. 14, 2011) (attached hereto as Exhibit C).  Counsel for Plaintiffs

1193242.1

also confirmed that 10 Plaintiffs "are claiming damages for 'physical pain and suffering,' and 'physical disabilities and disfigurement.'" *Id.* at 4.

At the September 13, 2011 hearing in this matter, counsel for Plaintiffs revised his prior representations and suggested that it might be the case that "not all the [P]laintiffs are claiming the sorts of injuries that even give rise to a Rule 35 examination." Tr. of Civil Cause for Conference at 15:15-25 (Sept. 13, 2011) (attached hereto as Exhibit D) ("Hearing Tr."). Counsel for Plaintiffs explained that while some Plaintiffs were physically injured and some were psychologically injured, there are other Plaintiffs "whose claims are limited to grief and distress but not something we would call a doctor to prove at trial." *Id.*

Regardless, however, of whether some Plaintiffs have abandoned certain claims for damages, the alleged physical and/or mental injuries of at least some subset of Plaintiffs will ultimately entitle Defendants to take Rule 35(a) examinations of at least that subset of Plaintiffs. The only question currently before the Court is where those examinations should take place.

At the September 13 hearing, counsel for Plaintiffs stated that nineteen of the Plaintiffs reside in Israel, and one Plaintiff lives in France. Hearing Tr. at 16-17. Counsel for Plaintiffs indicated that he "believe[s]" the remainder live "some place in the United States." *Id.* at 17:4-5.

Plaintiffs have previously expressed the view that all Rule 35 examinations of Plaintiffs who live abroad should take place abroad. Letter from Robert J. Tolchin to Hon. Ronald L. Ellis at 3 (Sept. 12, 2011) (attached hereto as Exhibit E). Yet, aside from unspecific and unsubstantiated claims that certain Plaintiffs' work and school obligations and physical and/or emotional conditions prevent them from traveling to the United States, *see id.*, Plaintiffs have failed to substantiate the factual circumstances particular to each overseas Plaintiff that would support any request to deviate from the established rule that Rule 35 examinations take place in

the judicial district in which Plaintiffs themselves filed suit.  In the absence of such evidence, all

Rule 35 examinations conducted in this case should take place within the Southern District of

New York.

## ARGUMENT

Generally speaking, Rule 35 examinations should take place in the judicial district in

which plaintiffs choose to bring suit.  *See*, *e.g.*, Moore's Federal Practice (Civil) § 35.09

("Typically, examinations are conducted in the district where the case will be tried"); *Pierce v.

Brovig*, 16 F.R.D. 569, 570 (S.D.N.Y. 1954) ("Plaintiff, however, chose to bring the action in

this forum.  Plaintiff cannot now complaint that he should not be examined in this forum."); *Gale

v. Nat'l Transp. Co.*, 7 F.R.D. 237, 238 (S.D.N.Y. 1946) (holding that non-resident plaintiff must

travel to forum in which action is pending for physical examination); *see also Clem v. Allied Van

Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (requiring a plaintiff who lived overseas

to travel to New York, where his case was pending, for deposition).  At least one important

consideration underlies this well-established rule, in that it ensures the examining doctor is

available as a witness at trial.  *See McDonald v. Southworth*, No. 07-cv-217, 2008 U.S. Dist.

LEXIS 52830, at * 14-15 (S.D. Ind. July 10, 2008); *Levick v. Steiner Transocean Ltd.*, 228

F.R.D. 671, 672 (S.D. Fla. 2005).

For an exception to be made to the general rule, "the burden is not on the defendant to

demonstrate that a satisfactory examination cannot be had at a nearer locale to the plaintiff, but

rather on the plaintiff to show that traveling to the examination poses undue burden or hardship."

*McDonald*, 2008 U.S. Dist. LEXIS 52830, at * 15.  This same rule should apply when the

plaintiff is located abroad.

1193242.1

Notably, an affidavit from Plaintiffs' counsel is insufficient.  *Jones v. Greyhound Lines Inc.,*, No. 08-cv-1185, 2009 U.S. Dist. LEXIS 49544, at *13-14 (D. Kan. June 12, 2009).  And "[a]bsent explicit, written travel restrictions placed by a licensed physician who continues to treat Plaintiff," courts have rejected requests to have Rule 35 examinations take place anywhere other than the judicial district in which the plaintiff's case is pending.  *Id.* at *14.

Plaintiffs have provided no evidence showing that traveling to the Southern District of New York for their examinations poses an undue burden or hardship.  In the absence of such evidence, the general rule should apply.  Accordingly, Plaintiffs should be required to appear for examination in this judicial district, where they filed suit.

Not only would such an approach conform to the general rule, but it would also protect Defendants from the dangers that conducting the Rule 35 examinations abroad would pose in terms of cost, inconvenience, and potential abuse.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S.D. Iowa*, 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.").  The Supreme Court has held that "[j]udicial supervision of discovery should always seek to minimize its costs and inconvenience," and a trial court's analysis of discovery disputes should include, for example, an assessment of "the additional cost of transportation of documents or witnesses to or from foreign locations." *Id.*

In the cases presently before the Court, Plaintiffs haled defendants into the United States, when they could have brought their cases in Israel, and they have now turned around and are asking the Court to require Defendants' U.S.-based trial witnesses to travel to Israel to conduct an unknown number of examinations.  The Court should not condone such an exercise.

1193242.1

Moreover, Plaintiffs' proposal implicitly places the burden on Defendants to pay for the travel expenses and time for multiple American experts to travel overseas to conduct the examinations.  The total cost of the examinations, by medical and mental health professionals, would be exorbitant if those examinations were required to take place abroad, and it is Defendants who would be improperly burdened with bearing those costs under Plaintiffs' approach.  Instead, because it is Plaintiffs who are "expected to pay the costs of litigation in [their] chosen forum," they should pay their own travel expenses to their examinations "in [the] forum state."  *McDonald*, 2008 U.S. Dist. LEXIS 52830, at * 15.

## CONCLUSION

For the reasons stated herein, the Court should grant the instant motion.


September 27, 2011                      Respectfully submitted,


                                       /s/ Mark J. Rochon
                                       Mark J. Rochon
                                       Richard A. Hibey
                                       Laura G. Ferguson
                                       Brian A. Hill
                                       MILLER & CHEVALIER CHARTERED
                                       655 15th Street, NW, Suite 900
                                       Washington D.C. 20005-6701
                                       (202) 626-5800 [tel]
                                       (202) 626-5801 [fax]
                                       mrochon@milchev.com [email]


                                       *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1193242.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 27th day of September 2011, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>(718) 855-3627
>(718) 855-4696
>rjt@tolchinlaw.com
>*Attorneys for Plaintiffs*

>/s/ Mark J. Rochon

1193242.1