# EXHIBIT A

798192.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

Civ. No. 04-397 (GBD) (RLE)

## PLAINTIFFS' INITIAL RULE 26(a)(1)(A) DISCLOSURES

Plaintiffs, by and through counsel, submit the following Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A) and state as follows:

**A.  Introduction**

1. The disclosures contained herein are based on certain non-privileged information that is currently available to the Plaintiffs.

2. The Plaintiffs are not hereby disclosing any information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or other applicable statutory or common law privileges.

3. Pursuant to Fed.R.Civ.P. 26(a)(1)(A), the Plaintiffs are not disclosing information that they may have and may use solely for purposes of impeachment.

4. Plaintiffs have fully investigated this case to the best of their ability, but their investigation is continuing. Plaintiffs note that much of the information and many of the documents showing Defendants' liability for the terrorist attacks from which this action arises are within the sole possession and/or knowledge of Defendants themselves (or of other third parties not within Plaintiffs' control), and Plaintiffs' ability to independently gather information

and documents demonstrating Defendants' liability is hampered by this fact. Plaintiffs therefore reserve the right, if and as required under Fed.R.Civ.P. 26(a)(1) and Fed.R.Civ.P. 26(e), to supplement these Initial Disclosures as discovery progresses in this case and/or as further investigation yields additional information.

**B.    Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i):**

Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i), Plaintiffs provide below the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that Plaintiffs may use to support their claims or defenses, unless the use would be solely for impeachment;

Listing the following individuals (i) does not constitute a representation that Plaintiffs have yet spoken with the individual (ii) does not suggest that Plaintiffs have or will sponsor any statements by the named individual and (iii) does not suggest that Plaintiffs have the ability to make the individual available or will call the individual to testify at trial.

| Name | Address and Telephone | Subjects of Possible Discoverable Information |
|---|---|---|
| Mark I. Sokolow | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members. |
| Rena M. Sokolow | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Jamie A. Sokolow | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Lauren M. Sokolow | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Elana R. Sokolow | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Shayna E. Gould | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Ronald A. Gould | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Elise J. Gould | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Jessica Rine | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |

| | | |
|---|---|---|
| Shmuel Waldman | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members. |
| Henna N. Waldman | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Morris Waldman | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members. |
| Eva Waldman | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Dr. Alan J. Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members. |
| Revital Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Yehonathon Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Binyamin Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Daniel Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Yehuda Bauer | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Leonard Mandelkorn | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Shaul Mandelkorn | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Nurit Mandelkorn | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Oz Joseph Guetta | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his mother. |
| Varda Guetta | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her son; also has knowledge regarding identity of the gunmen. |
| Robert L. Coulter Sr. | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Dianne Coulter Miller | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Robert L. Coulter Jr. | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Dr. Larry Carter | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Shaun Coffel | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Dr. Richard Blutstein | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |

| | | |
|---|---|---|
| Dr. Katherine Baker | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Rebekah Blutstein | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Nevenka Gritz | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Karen Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Chana B. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Esther Z. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Yitzhak S. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Shoshana M. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of her own injuries and of those of her family members. |
| Eliezer S. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Yaakov M. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Tzvi Y. Goldberg | c/o plaintiffs' counsel | Plaintiff; has knowledge of his own injuries and of those of his family members |
| Ahmed Qurei | Abu Dis | Has knowledge of Fatah terrorist activities, of the provision of funds by the PA and PLO to Fatah in general and to Fatah terrorists specifically and of the official policy of the PA and PLO between 2000 and 2005 which supported the use of terrorist violence against Israelis and Jews |
| Yasser Abed Rabbo | West Bank | Has knowledge of Fatah terrorist activities, of the provision of funds by the PA and PLO to Fatah in general and to Fatah terrorists specifically and of the official policy of the PA and PLO between 2000 and 2005 which supported the use of terrorist violence against Israelis and Jews |
| Mosab Hassan Yousef | San Diego, CA | Has knowledge of the official policy of the PA and PLO between 2000 and 2005 which supported the use of terrorist violence against Israelis and Jews, and of the involvement of the PA and PLO in planning and carrying out such violence |

In addition to the individuals named above, the following categories of persons, whose identities are not yet known to Plaintiffs, likely have discoverable information that Plaintiffs may

4

use to support their claims. If the identities of these persons become known to Plaintiffs, and in accordance with any applicable requirements under Fed.R.Civ P. 26(a)(l) and 26(e), Plaintiffs will supplement these Initial Disclosures:

1. Persons who are current or former employees of the PA and the PLO who may have knowledge of the facts set forth in the complaint.

2. Persons who are current or former employees of the State of Israel who may have knowledge of the facts set forth in the complaint.

3. All persons identified by Defendants in their initial disclosures and any supplemental disclosures and all witnesses identified by Defendants.

4. All persons deposed or to be deposed in this matter.

5. All persons whose names appear in any pleadings, interrogatories, answers to interrogatories, requests for production and documents produced in this matter.

C.   **Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii)**:

Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii), Plaintiffs hereby describe, by category and location, all non-privileged documents, electronically stored information, and tangible things (collectively hereinafter: "documents") that they have in their possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment:

1. Documents evidencing the U.S. citizenship of the Plaintiffs and their decedents. These documents are in the possession of plaintiffs and their counsel.

2. Documents reflecting and/or relating to the medical, psychiatric and psychological injuries suffered by the Plaintiffs as a result of the attacks at issue. These documents are in the possession of Plaintiffs, their counsel, their past and present health providers and the Israeli National Insurance Institute ("NII").

3. Documents reflecting and/or relating to medical, psychiatric and psychological expenses incurred by the Plaintiffs as a result of the attacks at issue. These documents are in the possession of Plaintiffs, their counsel, their past and present health providers and the NII.

4. Documents reflecting and/or relating to lost income incurred by the Plaintiffs as a result of the attacks at issue. These documents are in the possession of Plaintiffs, their counsel and their accountants.

5. The convictions (verdicts and sentencing decisions) of Nasser Aweis, Marwan Barghouti, Ahmed Barghouti and Fuad Shubaki. These documents are in the possession, inter alia, of the Defendants.

6. The transcripts of all depositions taken in the matter of *Saperstein v. Palestinian Authority*, including all exhibits entered during those depositions. These documents are in the possession, inter alia, of the Defendants.

If the Plaintiffs become aware of additional documents that must be disclosed pursuant to Fed.R.Civ.P. 26(a)(l)(A)(ii), and in accordance with any applicable requirements under Fed.R.Civ.P. 26(a)(l) and 26(e), Plaintiffs will supplement these Initial Disclosures accordingly.

**D.     Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii):**

The categories and amounts of damages claimed by the Plaintiffs are as follows:

| Types of Damages[1] Plaintiffs | Intangible Damages[2] | Loss of Past Income[3] | Loss of Future Income | Medical Expenses[4] |
|---|---|---|---|---|
| Mark I. Sokolow | $20 million | $1 million | $3 million | See footnote 5 |
| Rena M. Sokolow | $20 million | $500,000 | $1 million | " " |
| Jamie A. Sokolow | $20 million | $200,000 | $5 million | " " |
| Lauren M. Sokolow | $20 million | $200,000 | $5 million | " " |
| Elana R. Sokolow | $15 million | N/A | N/A | " " |
| Shayna E. Gould | $20 million | $1 million | $10 million | " " |
| Ronald A. Gould | $17.5 million | $1 million | $2 million | " " |
| Elise J. Gould | $17.5 million | $1 million | $2 million | " " |
| Jessica Rine | $15 million | N/A | N/A | " " |
| Shmuel Waldman | $20 million | $2 million | $10 million | " " |
| Henna N. Waldman | $15 million | $1 million | $5 million | " " |
| Morris Waldman | $15 million | $500,000 | $1 million | " " |
| Eva Waldman | $15 million | $500,000 | $1 million | " " |
| Dr. Alan J. Bauer | $20 million | $2 million | $5 million | " " |
| Revital Bauer | $15 million | $500,000 | $3 million | " " |
| Yehonathon Bauer | $20 million | N/A | $10 million | " " |
| Binyamin Bauer | $10 million | N/A | N/A | " " |
| Daniel Bauer | $10 million | N/A | N/A | " " |
| Yehuda Bauer | $10 million | N/A | N/A | " " |

[1] Plaintiffs seek trebling of all damages referenced in this chart, pursuant to 18 U.S.C. § 2333. Thus, the amounts stated in the chart represent the damages <u>before</u> trebling.

[2] "Intangible Damages" means damages for past, present and future: physical pain and suffering; physical disabilities and disfigurement; emotional and mental pain, grief, anguish and distress; psychological injury, trauma and disabilities; and loss of consortium, society, guidance and solatium.

[3] Plaintiffs believe that calculation of their lost past and future income may require an expert. Plaintiffs have not yet retained such an expert and reserve the right to supplement their disclosures regarding lost income if they retain an expert who arrives at figures different from those herein.

[4] "Medical expenses" means expenses for any past, present or future medical, hospital, psychiatric and/or psychological treatment, service, device, medication or product.

[5] Most of the Plaintiffs' medical expenses resulting from the attacks were and are being paid by the NII directly to the various medical providers, and the Plaintiffs are therefore currently unable to quantify their medical expenses. Plaintiffs will supplement their disclosures in this regard as they obtain the relevant information from the NII, but since Plaintiffs' medical expenses are on-going, a final figure will only be available at trial.

| | | | | |
|---|---|---|---|---|
| Leonard Mandelkorn | $15 million | $200,000 | $1 million | " " |
| Shaul Mandelkorn | $20 million | $200,000 | $10 million | " " |
| Nurit Mandelkorn | $15 million | $200,000 | $1 million | " " |
| Oz Joseph Guetta | $20 million | $200,000 | $10 million | " " |
| Varda Guetta | $17.5 million | $1 million | $3 million | " " |
| Robert L. Coulter Sr. | $15 million | $1 million | $3 million | " " |
| Estate of Janis Ruth Coulter | $1 million | N/A | $10 million | N/A |
| Dianne Coulter Miller | $10 million | $250,000 | N/A | " " |
| Robert L. Coulter Jr. | $10 million | $250,000 | N/A | " " |
| Dr. Larry Carter | $15 million | $2 million | $4 million | " " |
| Estate of Diane Carter | $1 million | N/A | $10 million | N/A |
| Shaun Coffel | $10 million | $250,000 | N/A | " " |
| Dr. Richard Blutstein | $15 million | $1 million | $4 million | " " |
| Estate of Benjamin Blutstein | $1 million | N/A | $10 million | N/A |
| Dr. Katherine Baker | $15 million | $1 million | $4 million | " " |
| Rebekah Blutstein | $10 million | N/A | N/A | " " |
| Norman Gritz | $15 million | $500,000 | N/A | " " |
| Estate of David Gritz | $1 million | N/A | $10 million | N/A |
| Nevenka Gritz | $15 million | $500,000 | $1 million | " " |
| Karen Goldberg | $15 million | $1 million | $3 million | " " |
| Estate of Stuart Scott Goldberg | $1 million | N/A | $5 million | N/A |
| Chana B. Goldberg | $15 million | N/A | $3 million | " " |
| Esther Z. Goldberg | $15 million | N/A | $3 million | " " |
| Yitzhak S. Goldberg | $15 million | N/A | $3 million | " " |
| Shoshana M. Goldberg | $15 million | N/A | $3 million | " " |
| Eliezer S. Goldberg | $15 million | N/A | $3 million | " " |
| Yaakov M. Goldberg | $15 million | N/A | $3 million | " " |
| Tzvi Y. Goldberg | $15 million | N/A | $3 million | " " |

In addition to the compensatory damages set forth above, each of the Plaintiffs seeks punitive damages in an amount equal to three times the amount of compensatory damages awarded to him or her, as well as attorneys' fees, costs and expenses pursuant to 18 U.S.C. § 2333 in an amount that cannot be calculated at this time.

Documents and other evidentiary materials on which the aforementioned figures are based, including materials bearing on the nature and extent of injuries suffered by the Plaintiffs,

are subject to confidentiality orders entered in *Linde v. Arab Bank*, Civ. No. 04-2799 (E.D.N.Y.) and *Strauss v. Credit Lyonnais*, Civ. No. 06-00702 (E.D.N.Y.), and will be produced to Defendants once a parallel confidentiality order is entered in this matter.

E.   **Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iv):**

Plaintiffs are unaware at this time of the existence of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiffs, by their Attorney,

_____
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

9

## CERTIFICATION

I hereby certify that on July 27, 2011, I served the within by U.S. mail on the counsel listed below.

Mark J. Rochon
Richard A. Hibey
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

_____
Robert J. Tolchin