# EXHIBIT B

798192.1



**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

August 9, 2011

**VIA E-MAIL**

Robert J. Tolchin, Esq.
Berkman Law Office LLC
111 Livingston Street
Suite 1928
Brooklyn, NY 11201-5083

Re: *Sokolow v. Palestine Liberation Org.*, No. 04-cv-397 (D.D.C.)

Dear Bob:

I am writing in reference to Plaintiffs' Initial Rule 26(a)(1)(A) Disclosures (July 27, 2011) ("Plaintiffs' Initial Disclosures") in the above-referenced matter, which do not comply with Rule 26(a)(1)(A) in several respects. Defendants therefore request that Plaintiffs supplement their disclosures with the omitted information no later than August 16, 2011.

(1) <u>Pursuant to Rule 26(a)(1)(A)(i), Personal Contact Information Must Be Disclosed for Each Individual Listed — Including for Plaintiffs Themselves</u>

First, Plaintiffs were required to disclose "the name and, if known, *the address and telephone number* of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). While Plaintiffs have provided the names of 44 individuals and the broad categories of information that is likely discoverable from each of them, Plaintiffs failed to provide addresses and telephone numbers for any of them.

This information is clearly discoverable and must be disclosed pursuant to Rule 26(a)(1)(A)(i) — including for each of the Plaintiffs. In particular, Plaintiffs cannot meet their burden by stating that they can be contacted "c/o plaintiffs' counsel," as they have done in Plaintiffs' Initial Disclosures. *See, e.g., Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 682, 684 (N.D. Ga. 2000) (explaining that because plaintiffs listed their own names in their initial disclosures, Rule 26(a)(1)(A)(i) mandated the "production of each individual's address and phone number, *not the attorney's address and phone number*.") (emphasis added). Rule 26(a)(1)(A)(i) also mandates disclosure of a street address and telephone number for Mosab Hassan Yousef, for whom Plaintiffs have listed only "San Diego, CA" as an address. *See, e.g.*,

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1182641.1



**MILLER CHEVALIER**

Robert J. Tolchin, Esq.
August 9, 2011
Page 2

*Thurby v. Encore Receivable Mgmt.*, 251 F.R.D. 620, 622 (D. Colo. 2008) (finding "considerable support" for the position that "the *personal contact information* of individuals disclosed pursuant to Rule 26(a)(1) should be discoverable," and ordering the disclosure of the **home addresses and home and cellular (if known) telephone numbers** of the relevant individuals) (emphasis added).

    (2)   <u>Plaintiffs Need to Clarify Certain Statements in Their Rule 26(a)(1)(A)(i) Initial Disclosures</u>

Plaintiffs have disclosed that, in addition to the individuals listed by name in Plaintiffs' Initial Disclosures, there are categories of persons "whose identities are not yet known to Plaintiffs," but who "likely have discoverable information that Plaintiffs may use to support their claims." Defendants request that Plaintiffs clarify several of these categories.

One such category is comprised of "[p]ersons who are current or former employees of the PA and the PLO who may have knowledge of the facts set forth in the complaint," and another such category consists of "[p]ersons who are current or former employees of the State of Israel who may have knowledge of the facts set forth in the complaint." Please confirm by August 16, 2011 that for each of these categories, at present, Plaintiffs do not know the names of any of these individuals that Plaintiffs may use to support their claims other than those individuals already listed by name in Plaintiffs' Initial Disclosures.

An additional category of persons whose identities are assertedly "not yet known to Plaintiffs," but who "likely have discoverable information that Plaintiffs may use to support their claims" consists of "[p]ersons whose names appear in any pleadings, interrogatories, answers to interrogatories, requests for production and documents produced in this matter." However, "[p]ersons whose names appear in any pleadings" would necessarily include the individuals named in Plaintiffs' own complaint. Plaintiffs obviously know the identities of persons they named in their complaint. Accordingly, Plaintiffs must identify all individuals named in Plaintiffs' complaint likely to have discoverable information — along with the subjects of that information — that Plaintiffs may use to support their claims. Please do so by August 16, 2011 or confirm that, to support their claims, Plaintiffs will only use those persons who are both named in Plaintiffs' complaint <u>and</u> listed by name in Plaintiffs' Initial Disclosures.

    (3)   <u>Plaintiffs Must Both Disclose a Calculation of Damages and Make Available for Inspection and Copying the Documents on Which Such Computation is Based</u>

Plaintiffs were also required to disclose "a computation of each category of damages claimed," and they are required to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on



Robert J. Tolchin, Esq.
August 9, 2011
Page 3

which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

    While Plaintiffs provided four general categories of damages and total amounts for each general category, they altogether failed to provide a "computation" of those damages. For example, for the $20 million in "intangible damages" claimed by Mark Sokolow — which encompasses numerous additional categories of "damages for past, present and future: physical pain and suffering; physical disabilities and disfigurement; emotional and mental pain, grief, anguish and distress; psychological injury, trauma and disabilities; and loss of consortium, society, guidance and solatium" — there is no computation of how much of that $20 million is for past emotional and mental pain, grief, anguish and distress (as opposed to present or future), how much is for past physical pain and suffering (as opposed to present or future). Moreover, Plaintiffs have failed to provide a computation of how they reached each such value, leaving Defendants altogether unable to decode Plaintiffs' claim for damages.

    Appended to this letter is a chart that contains an example of the kind of information required to be disclosed under Rule 26(a)(1)(A)(iii) for the types of damages claimed here. *See, e.g., Kuehne v. United Ass'n of Journeymen*, No. CV-09-1974, 2010 U.S. Dist. LEXIS 27495, at *2-3 (E.D.N.Y. Mar. 23, 2010) (holding that plaintiff's damages disclosures were deficient, where the disclosures provided "a listing of each category of damages, but not a computation of the damages, *which requires something more than merely the statement of a number without some explanation of the method by which the number was reached*," and ordering disclosure of *detailed explanations of how each category of damages was computed*, along with copies . . . of the documents from which facts supporting the computations were derived.") (emphasis added). Please provide the type of information listed in this chart for each plaintiff by August 16, 2011.

    In addition, by August 16, 2011, please indicate whether Plaintiffs are in fact claiming as damages medical expenses paid by the Israeli National Insurance Institute ("NII"). If so, please provide the details for the calculations of those expenses as listed in the appended chart. Please also indicate whether Plaintiffs are claiming as damages any medical expenses <u>not</u> paid by the NII. Again, please provide the detail for the calculation of those expenses as listed in the appended chart.

    Moreover, please specifically identify, as indicated in the appended chart, which Plaintiffs are claiming damages for "physical pain and suffering," which Plaintiffs are claiming "physical disabilities and disfigurement," which Plaintiffs are claiming "emotional and mental pain, grief, anguish and distress," and which Plaintiffs are claiming damages for "psychological injury, trauma and disabilities." For each such Plaintiff, Defendants intend to seek a Rule 35



Robert J. Tolchin, Esq.
August 9, 2011
Page 4

physical and/or mental examination. Please advise by August 16, 2011 whether each such identified Plaintiff consents to such examination(s).

As for the requirement that a disclosing party produce the evidentiary materials underlying its damages claim, the Second Circuit has emphasized that "the rule imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-296 (2d Cir. 2006) (internal quotations omitted); *see also 24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008) ("Rule 26(a)(1)(A)(iii) requires initial disclosure of 'a computation of each category of damages claimed' *and the evidentiary material upon which such computations are based.*") (emphasis added). Please produce all such documents to Defendants no later than August 16, 2011.

(4)   Punitive Damages

Plaintiffs have asserted that they intend to claim "punitive damages in an amount equal to three times the amount of compensatory damages awarded to him or her." Punitive damages are not available under the ATA. *See, e.g., Estate of Parsons v. Palestinian Auth.*, No. 07-1847, 2010 U.S. Dist. LEXIS 53295, at *3 n.1 (D.D.C. May 29, 2010) (dismissing count seeking punitive damages); *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (punitive damages not available under the ATA, which already offers treble damages). If, despite this, Plaintiffs intend to claim punitive damages, please provide the amount(s) and how those amount(s) are calculated.

***

Finally, I sent a draft confidentiality order to you on July 1, and I have not yet received a response. Please advise by August 16, 2011 whether you agree to the terms set forth in the draft.

Sincerely,

Brian A. Hill

Miller & Chevalier Chartered

1182641.1

For *each plaintiff*, individually disclose as follows:

Name of Plaintiff: _____

| Intangible Damages | | |
|---|---|---|
| *Category* | *Amount* | *Computation* |
| Past physical pain and suffering | | |
| Present physical pain and suffering | | |
| Future physical pain and suffering | | |
| Past physical disabilities and disfigurement | | |
| Present physical disabilities and disfigurement | | |
| Future physical disabilities and disfigurement | | |
| Past emotional and mental pain, grief, anguish and distress | | |
| Present emotional and mental pain, grief, anguish and distress | | |
| Future emotional and mental pain, grief, anguish and distress | | |
| Past psychological injury, trauma and disabilities | | |
| Present psychological injury, trauma and disabilities | | |
| Future psychological injury, trauma and disabilities | | |

1182700.1

| | | |
|---|---|---|
| Past loss of consortium, society, guidance and solatium | | |
| Present loss of consortium, society, guidance and solatium | | |
| Future loss of consortium, society, guidance and solatium | | |

| Loss of Past Income ||
|---|---|
| *Amount* | *Computation[1]* |
| | |

| Loss of Future Income ||
|---|---|
| *Amount* | *Computation[2]* |
| | |

| Medical Expenses ||||
|---|---|---|---|
| *Category* | *Amount* | *Computation* | *NII/Non-NII* |
| Past medical treatment | | | |
| Present medical treatment | | | |

---

[1] This computation should include, for example, the individual's occupation, how many years they had been in that profession, whether they were working at the time of the incident, and what the salary on which the claim is based.

[2] This computation should include, for example, the individual's occupation, how many years they have been in that profession, whether they are currently working, and the salary on which the claim is based.

2

1182700.1

| | | | |
|---|---|---|---|
| Future medical treatment | | | |
| Past medical service | | | |
| Present medical service | | | |
| Future medical service | | | |
| Past medical devices | | | |
| Present medical devices | | | |
| Future medical devices | | | |
| Past medication (other than medications included in categories below) | | | |
| Present medication (other than medications included in categories below) | | | |
| Future medication (other than medications included in categories below) | | | |
| Past medical products | | | |
| Present medical products | | | |
| Future medical products | | | |
| Past hospital treatment | | | |
| Present hospital treatment | | | |
| Future hospital treatment | | | |

1182700.1

| | | | |
|---|---|---|---|
| Past hospital service | | | |
| Present hospital service | | | |
| Future hospital service | | | |
| Past hospital devices | | | |
| Present hospital devices | | | |
| Future hospital devices | | | |
| Past hospital medication | | | |
| Present hospital medication | | | |
| Future hospital medication | | | |
| Past hospital products | | | |
| Present hospital products | | | |
| Future hospital products | | | |
| Past psychiatric treatment | | | |
| Present psychiatric treatment | | | |
| Future psychiatric treatment | | | |
| Past psychiatric service | | | |
| Present psychiatric service | | | |
| Future psychiatric service | | | |
| Past psychiatric devices | | | |

1182700.1

| | | | |
|---|---|---|---|
| Present psychiatric devices | | | |
| Future psychiatric devices | | | |
| Past psychiatric medication | | | |
| Present psychiatric medication | | | |
| Future psychiatric medication | | | |
| Past psychiatric products | | | |
| Present psychiatric products | | | |
| Future psychiatric products | | | |
| Past psychological treatment | | | |
| Present psychological treatment | | | |
| Future psychological treatment | | | |
| Past psychological service | | | |
| Present psychological service | | | |
| Future psychological service | | | |
| Past psychological devices | | | |
| Present psychological devices | | | |

1182700.1

| | | | |
|---|---|---|---|
| Future psychological devices | | | |
| Past psychological medication | | | |
| Present psychological medication | | | |
| Future psychological medication | | | |
| Past psychological products | | | |
| Present psychological products | | | |
| Future psychological products | | | |

1182700.1