# EXHIBIT C

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                      Fax: (718) 855-4696

August 14, 2011

**BY EMAIL**

Brian A. Hill, Esq.
Mark Rochon, Esq.
Richard Hibey, Esq.
Miller & Chevalier, Chartered
655 15th Street, NW Suite 900
Washington, DC 20005

    Re:  *Sokolow et al. v. Palestine Liberation Organization et al.*,
          Civ. No. 04-397 (GBD)

Dear Counselors,

      I write in response to Brian Hill's letter of August 9, 2011.

      For the reasons below, we reject your claim that Plaintiffs' initial disclosures "do not comply with Rule 26(a)(1)(A) in several respects."

      1)    While the case you cite (*Viveros*) supports your demand for Plaintiffs' own home addresses and telephone numbers, other federal courts have found, exactly to the contrary, that it is sufficient under Rule 26 for a party to state that he can be contacted via counsel. *See Nguyen v. County of Clark*, 2010 WL 4483819 at *1 (W.D.Wash. 2010) (Rejecting the argument that "providing counsel's address for individuals represented by that counsel, and whose counsel has agreed to accept service on their behalf" does not satisfy Rule 26.).

      Thus, even in a regular case, there is clear authority that a party can fulfill its Rule 26 duty by stating that he can be contacted "c/o counsel." Moreover, this is not a regular case and the Plaintiffs are understandably fearful about providing the instant Defendants with their home contact information.

      Where, as here, there are safety considerations, parties have been excused by the federal courts from providing personal information.

THE BERKMAN LAW OFFICE, LLC    August 14, 2011
                               Page 2 of 5

        Our position is therefore that Plaintiffs have complied fully with the address and telephone requirements of Rule 26, and that if Defendants' counsel has any need to communicate directly with any of the Plaintiffs (though it is hard to imagine how that could be) we will arrange such communications.

        As for Mosab Hassan Yousef, we do not yet have his address or telephone number. When we obtain that information we will disclose it, subject to whatever security arrangements (e.g. attorneys' eyes only) the parties agree on or the Court finds appropriate.

    2)    The requests for "clarifications" in ¶ 2 of Mr. Hill's letter are based on a misapprehension of the current requirements of Rule 26. Under the 2000 amendments to Rule 26, the "initial disclosure obligation ... has been narrowed." Rule 26 Advisory Committee Notes (2000). A party is not obligated "to disclose witnesses or documents, whether favorable or unfavorable, <u>that it does not intend to use</u>." Id. (emphasis added). "[T]he essential inquiry is whether the disclosing party <u>intends to use the witness</u>." Gluck v. Ansett Austl. Ltd., 204 F.R.D. 217, 221-22 (D.D.C. 2001) (emphasis added). See also e.g. Fleet Capital Corp. v. Yamaha Motor Corp., 2002 WL 31108380 at *2 (S.D.N.Y. 2002) (plaintiffs "had an obligation under Rule 26(e) to amend its mandatory disclosure <u>once it decided</u> that it might rely on Cassidy's testimony.") (emphasis added).

        Plaintiffs' initial disclosures include all the fact witnesses whom Plaintiffs currently intend to use. Of course, as the case and discovery progress, Plaintiffs may decide to use additional or different witnesses, in which case they will supplement their disclosures as required by the Rules. See e.g. Smith v. Pfizer Inc., 265 F.R.D. 278, 282 (M.D.Tenn. 2010) ("As case preparation continues, a party must supplement its disclosures <u>when it determines that it may use a witness or document that it did not previously intend to use</u>.") (quoting Rule 26(a)(1) Advisory Committee Notes (2000)) (emphasis added).

    3)    In respect to the issues raised in ¶ 3 of Mr. Hill's letter:

    (i)    Regarding the materials bearing on the nature and extent of the injuries suffered by the Plaintiffs: as you know, those materials are subject to protective orders entered in the *Arab Bank* and *Credit Lyonnais* actions. The proposed protective order you sent does not track the restrictions in those orders, and includes other categories of documents, and provisions, unacceptable to us.

THE BERKMAN LAW OFFICE, LLC	August 14, 2011
Page 3 of 5

However, in order to allow an immediate production of those materials, we propose that you agree to treat and handle the materials pursuant to the provisions of the protective orders entered in the *Arab Bank* and *Credit Lyonnais* action until a protective order is entered in this action. If you agree to this arrangement, we can make the production immediately.

(ii)	Your demand for calculations of non-economic damages is unfounded: it is well established that a plaintiff need not – indeed, as practical matter, cannot – provide calculations for non-economic damages.[1] *See e.g. Crocker v. Sky View Christian Academy*, 2009 WL 77456 at *2 (D.Nev. 2009) (agreeing that under Rule 26 "[n]o initial disclosure of a damages 'computation' is possible or required where such damages consist[] almost entirely of compensation for emotional anguish" since "the elements of pain and suffering are wholly subjective and because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury.") (internal citations, quotation marks, brackets and ellipsis omitted) (collecting cases); *Richardson v. Rock City Mechanical Co.*, 2010 WL 711830 at *2 (M.D.Tenn. 2010) (under Rule 26 a plaintiff is not required to "explain his quantification of non-economic compensatory damages" but only "to provide specific amounts of compensatory and punitive damages he seeks.").

(iii)	As the initial disclosures clearly indicate, Plaintiffs are indeed seeking payment for all of their medical expenses, whether or not covered by the NII. The NII is not the Defendants' terrorism insurance provider, and it would defeat the purpose of the ATA for the Defendants to be relieved of the medical expenses and costs caused by their conduct. As stated in the disclosures, we are still working on calculating these amounts, because many were paid directly by the NII with no bill ever presented to the Plaintiffs. These expenses are also on-going. As we obtain the documents and information necessary to make the calculations we will provide them to you, along with the calculations.

(iv)	As to "which Plaintiffs are claiming damages for 'physical pain and suffering,' which Plaintiffs are claiming 'physical disabilities and disfigurement,' which Plaintiffs are claiming 'emotional and mental pain, grief,

---

[1]	The case you cite, *Kuehne*, is wholly inapposite because, as an examination of the docket reveals, it dealt solely with <u>economic</u> damages.

THE BERKMAN LAW OFFICE, LLC                August 14, 2011
                                           Page 4 of 5

anguish and distress,' and which Plaintiffs are claiming damages for 'psychological injury, trauma and disabilities'" the answer is as follows:

    a.    All the Plaintiffs are claiming damages for "emotional and mental pain, grief, anguish and distress" and "psychological injury, trauma and disabilities."

    b.    Plaintiffs Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow, Shayna E. Gould, Shmuel Waldman, Dr. Alan J. Bauer, Yehonathon Bauer, Shaul Mandelkorn and Oz Joseph Guetta are claiming damages for "physical pain and suffering," and "physical disabilities and disfigurement."

    c.    The estates of all the decedents are claiming damages for "emotional and mental pain, grief, anguish and distress" and "physical pain and suffering."

    (v)    We do not yet know whether each of the Plaintiffs consents to a Rule 35 examination. We hope to have a response to you shortly. In any event, I would assume that this is not an emergency, since presumably such examinations cannot proceed until you have received, where necessary translated, and analyzed Plaintiffs' medical and psychiatric records, and decided which type of experts you wish to retain.

    4)    Plaintiffs do indeed seek punitive damages. I do not understand your request for the amount of punitive damages: as stated explicitly in our disclosures, Plaintiffs are seeking "punitive damages in an amount equal to three times the amount of compensatory damages awarded to him or her."

Nor is there any basis for your request to know how the punitive damages were calculated. *See e.g. Crocker*, 2009 WL 77456 at *3 (agreeing that "a computation of damages pursuant to Rule 26(a)(1) is not possibly [sic] or required where, as here, the plaintiff seeks punitive damages. Indeed, punitive damages can be based upon a variety of factors that are difficult to quantify, including the reprehensibility of the defendant's conduct. [Thus] a computation of punitive damages is not feasible at the time initial disclosures are required."); *Richardson*, 2010 WL 711830 at *2 (same).

THE BERKMAN LAW OFFICE, LLC

August 14, 2011
Page 5 of 5

      Nonetheless, I will explain how Plaintiffs arrived at their request for punitive damages in an amount equal to three times the amount of their compensatory damages: in Plaintiffs' view, given the extraordinary heinousness of Defendants' conduct, the need to deter them from supporting and carrying out terrorism, and the vast amounts spent by Defendants to support terrorism and terrorists, it would be appropriate to impose punitive damages in an amount equal to tenfold Plaintiffs' compensatory damages. However, in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23-24 (1991) the Supreme Court held that punitive damages equal to four times the compensatory damages award "may be close to" but "does not cross the line into the area of constitutional impropriety." Accordingly, in order to impose the maximum amount of punitive damages without risk of constitutional improprieties, Plaintiffs have requested punitive damages in an amount equal to three times their compensatory damages.

      I trust that I have answered all of your questions.

Respectfully yours,

Robert J. Tolchin