# EXHIBIT E

798192.1

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627

Fax: (718) 855-4696

September 12, 2011

Hon. Judge Ronald L. Ellis
United States Magistrate Judge
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Sokolow et al. v. Palestine Liberation Organization et al.*,
Civ. No. 04-397 (GBD)

Dear Magistrate Judge Ellis,

We represent Plaintiffs in the above-referenced matter, which is scheduled for a status conference on September 13, and we write in response to the September 6 letter from Defendants' counsel Mark J. Rochon, Esq..

Mr. Rochon raises three issues, to which we respond *seriatim*:

### 1) Personal Contact Information for Rule 26(a)(1)(A)(i) Witnesses

Plaintiffs initial disclosures under Fed.R.Civ.P. 26(a)(1)(A)(i) include three categories of potential witnesses: (i) certain officers of defendant PLO; (ii) Mosab Hassan Yousef, who served as a confidential informant for Israel during the period in which the terrorist attacks at issue in this case were carried out and now resides in the U.S.; and (iii) the Plaintiffs themselves.

Plaintiffs did not provide addresses or telephone numbers for the PLO officers or for Mr. Yousef simply because they do not have them.

As for Plaintiffs themselves, the disclosures state that they can be reached "c/o plaintiffs' counsel." Federal courts have found that it is sufficient under Rule 26 for a party to state that he can be contacted via counsel. *See e.g. Nguyen v. County of Clark*, 2010 WL 4483819 at *1 (W.D.Wash. 2010) (Finding that "providing counsel's address for individuals represented by that counsel, and whose counsel has agreed to accept service on their behalf" satisfies Rule 26.).

THE BERKMAN LAW OFFICE, LLC                September 12, 2011
                                           Page 2 of 4

      Moreover, this action arises from terrorist attacks carried out by or with the aid of Defendants (in many cases officers of the Defendants confessed to and have been convicted for their roles in the attacks) and so the Plaintiffs (many of whom suffer from severe emotional trauma/disorders as a result of the attacks) are understandably fearful about providing the Defendants with their home contact information. Where, as here, parties are concerned for their safety, they are typically excused from disclosing their home contact details. *See Brown v. City of Philadelphia*, 2010 WL 2490735 at *4, n. 6 (E.D.Pa. 2010) (collecting cases).

      Furthermore, Defendants fail to articulate <u>why</u> they need Plaintiffs' home contact information. In the absence of any <u>need</u> for this information, it appears that Defendants are just seeking to generate disputes for their own sake.

### 2) Calculation of Damages

      Defendants' demand for calculations of <u>non-economic</u> damages is wholly unfounded: it is well established that a plaintiff need not – indeed, as practical matter, <u>cannot</u> – provide calculations for non-economic damages.[1] *See e.g. Crocker v. Sky View Christian Academy*, 2009 WL 77456 at *2 (D.Nev. 2009) (agreeing that under Rule 26 "[n]o initial disclosure of a damages 'computation' is possible or required where such damages consist[] almost entirely of compensation for emotional anguish" since "the elements of pain and suffering are wholly subjective and because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury.") (internal citations, quotation marks, brackets and ellipsis omitted) (collecting cases); *Richardson v. Rock City Mechanical Co.*, 2010 WL 711830 at *2 (M.D.Tenn. 2010) (under Rule 26 a plaintiff is not required to "explain his quantification of non-economic compensatory damages" but only "to provide specific amounts of compensatory and punitive damages he seeks.").

---

      1     The case cited by Defendants, *Kuehne v. United Ass'n of Journeymen*, 2010 U.S. Dist. LEXIS 27495 (E.D.N.Y. 2010) is inapposite here because, as an examination of the docket reveals, it involved purely <u>economic</u> damages.

THE BERKMAN LAW OFFICE, LLC                    September 12, 2011
                                                Page 3 of 4

Plaintiffs have provided the "specific amounts of compensatory and punitive damages" they seek for intangible harm,[2] and have therefore satisfied their Rule 26 initial disclosure obligations in respect to these damages.

As for tangible damages (i.e. lost income and medical expenses): Plaintiffs intend to update their disclosures, both in order to withdraw certain claims and to provide further details and calculations for the remaining claims, and request a period of 30 days in which to do so.

### 3) Location of Rule 35 Examinations

There are 42 plaintiffs in this action, 19 of whom reside in Israel and 1 of whom resides in France. Defendants demand that all Plaintiffs be required to undergo Rule 35 examinations within the Southern District of New York. Plaintiffs disagree, and request that the plaintiffs residing abroad be examined where they reside. *See* Wright & Miller, 8B *Fed. Prac. & Proc. Civ.* § 2234 ("The trial court has extensive discretion in determining the details of the examination. In most cases the court will require that it be conducted at a time and <u>place that is not inconvenient to the party to be examined</u>. Usually plaintiff will be required to come to the place where he or she filed suit for the examination, in the absence of facts showing <u>substantial reasons for insisting upon examination at his or her residence</u>.") (emphasis added). Such "substantial reasons" are present here, including: (a) plaintiffs' work and school obligations (11 of the overseas plaintiffs are children); (b) the physical/emotional condition of some of the plaintiffs; and (c) the travel and lodging expenses of bringing 20 people to New York.

It is obviously impossible, within the page limits of a response to a pre-motion letter, for Plaintiffs to set forth their arguments in this regard in detail, as Defendants demand in the letter. *Id.* at 3 ("Plaintiffs' blanket approach fails to explain the factual circumstances specific to each Plaintiff who resides overseas that would support the broad application of such an exception").

Plaintiffs should therefore be permitted to file a formal, full opposition to Defendants' motion, supported by declarations and other evidence.

---

[2] Which include, as defined in Plaintiffs' disclosures: "physical pain and suffering; physical disabilities and disfigurement; emotional and mental pain, grief, anguish and distress; psychological injury, trauma and disabilities; and loss of consortium, society, guidance and solatium."

THE BERKMAN LAW OFFICE, LLC    September 12, 2011
Page 4 of 4

Respectfully submitted,

*Robert J. Tolchin*

Robert J. Tolchin

Counsel for Plaintiffs

Cc: Mark Rochon, Esq.
Richard Hibey, Esq.
Brian Hill, Esq.