UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.
                              Civ. No. 04-397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RULE 35(a) EXAMINATIONS WITHIN THE SOUTHERN DISTRICT OF NEW YORK

### Introduction

Defendants' motion seeks only an order "requiring that all Rule 35(a) examinations that are conducted in this matter take place within the Southern District of New York." DE 154. Defendants concede that it is unclear at this time which plaintiffs will ultimately be subject to Rule 35 examinations, but seek an order that any such examinations should take place in this federal district. "[T]he alleged physical and/or mental injuries of at least some subset of Plaintiffs will ultimately entitle Defendants to take Rule 35(a) examinations of at least that subset of Plaintiffs. The only question currently before the Court is where those examinations should take place." DE 155 at 2 (emphasis added). Subject to two conditions, explained below, the Plaintiffs do not oppose the specific, narrow relief requested by Defendants' motion.[1]

---

[1] Plaintiffs expressly reserve their rights regarding all Rule 35 issues not addressed in Defendants' motion, including without limitation: Defendants' right to examine any specific plaintiff and the proper scope (i.e. topics) of such examinations; the identity and qualifications of the examiners; the timing of the examinations; who will be present during the examinations; and the recording of the examinations. Hopefully, the parties will be able to reach agreement on these issues when they became ripe.

## ARGUMENT

Nine of the Plaintiffs reside in the New York area (i.e. within 100 miles of the Court), fourteen of the Plaintiffs reside in the United States but outside the New York area and twenty Plaintiffs reside abroad (nineteen in Israel and one in France). The nine plaintiffs who reside in the New York area have no objection to the relief sought in Defendants' motion.

However, those Plaintiffs who reside in the United States but outside the New York area (i.e. more than 100 miles from this Court) and those Plaintiffs who reside abroad respectfully request that the Court grant Defendants' motion only subject to the following two conditions:

*First*, Defendants should be instructed to coordinate the timing of the Rule 35 examinations with Plaintiffs' counsel so as to minimize the disruptions to the work and school schedules of these out-of-town and overseas Plaintiffs and their travel and lodging costs. For example, examinations for family members should be scheduled in proximity to each other and, where possible, during school vacation and not during peak season when airfare is costliest.

*Second*, the Court should direct that if Defendants seek to depose any of these out-of-town or overseas Plaintiffs, such depositions must be conducted either (i) at the time these plaintiffs are in New York for their Rule 35 examinations, or (ii) at their place of residence. The reason is simple: while Plaintiffs have indeed elected to bring suit in this Court,[2] that does not mean that they should be subjected to the unnecessary and easily avoidable expenses and

---

[2] Defendants' complaint that "Plaintiffs haled defendants into the United States, when they could have brought their cases in Israel" (DE 155 at 4) is peculiar at best. First, the Plaintiffs are American citizens and it is only natural that they exercised their right to bring suit in a U.S. court under the Antiterrorism Act, 18 U.S.C. § 2333. Second, most of the Plaintiffs live in the U.S., not Israel. Third, as they know full well, the Defendants have moved to dismiss and otherwise systematically delayed the civil actions brought against them in Israeli courts arising from terrorist attacks and as a result cases filed against the Defendants in Israel a decade ago or more have not come to trial.

disruptions involved in travelling to New York <u>twice</u> prior to trial. After all, this is not a commercial case brought by sophisticated and well-funded plaintiffs for whom litigation is part of the "cost of doing business" but an action arising from terrorist bombings and shootings in which Plaintiffs and/or their loved ones were maimed or murdered.

Therefore Defendants should be required to either coordinate matters so that any depositions of the out-of-town or overseas Plaintiffs take place while they are here in New York for their Rule 35 examinations or to depose these Plaintiffs where they live. Requiring defendants to depose the out-of-town and overseas Plaintiffs where they reside if Defendants do not utilize the opportunity to do so when these Plaintiffs are in New York for their Rule 35 examinations is not only fair to Plaintiffs but will not impose any real burden on Defendants, since Defendants' counsel frequently travel to Israel for depositions and other purposes in the context of the many cases pending against Defendants in U.S. courts, and since Defendants' counsel are based in the District of Columbia, not New York, and would have to travel specially to New York for any such depositions.

Plaintiffs, by their Attorney,

/s/ Robert J. Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com