# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                       Fax: (718) 855-4696

November 29, 2011

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
    for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  *Sokolow, et al. v. Palestine Liberation Org.*, et al.
          04-CV-397(GBD)(rle)

RECEIVED NOV 3 0 2011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-11

Dear Magistrate Judge Ellis,

        This firm represents the plaintiffs in the above-referenced action. We write to ask that the Court enter an order compelling the defendants to pay the fees of a videographer hired to record a deposition in this case as a sanction for conduct by defense counsel at the deposition that was beyond the pale.

        Non-party witness Mosab Hassan Yousef was subpoenaed for a deposition Monday November 28, 2011 at 9:00 a.m. The deposition was noticed to be held in the office of Jaroslawicz & Jaros, LLC, at 225 Broadway in Manhattan.

        Because we did not know whether the witness would appear or not (he ignored a previous document subpoena), we arranged for a court reporter and a videographer, and I asked a colleague, David Jaroslawicz, Esq., to be present at 9:00 a.m. to wait for the witness, and if the witness did appear to inform me and start the deposition until I could arrive (which would only take 15 minutes) and take over. As it turns out, the court reporter was late, but the videographer, Mr. Jaroslawicz, and two lawyers on behalf of the defendants were present at 9:00.

        One of the defense counsel told Mr. Jaroslawicz he wanted to make a statement on the record about the witness' non-appearance, which Mr.

The Berkman Law Office, LLC                        November 29, 2011
                                                   Page 2 of 2

Jaroslawicz agreed to do once the court reporter arrived, and once a little more time had passed to see if the witness would appear. Mr. Jaroslawicz left the room to call the court reporting agency to accelerate the arrival of the reporter. While Mr. Jaroslawicz was out of the room, at 9:20 a.m. defense counsel Mark Rochon, Esq. and Brian Hill, Esq. took advantage of an inexperienced videographer. They instructed him to start filming. They made a self-serving statement on the video. Then they bamboozled the videographer into giving them the only copy of the recording. They then left the deposition room, told the receptionist they were leaving, and left the building, all before 9:30.

I personally appeared at 9:35 and relieved Mr. Jaroslawicz. The court reporter arrived at 9:45. We waited until 10:00 and then placed a statement on the stenographic record as to the witness' default and what had occurred.

It is respectfully submitted that the stunt pulled by Messrs. Rochon and Hill is beyond outrageous. Giving the witness only 20 minutes before unilaterally declaring a default was bad enough. Purporting to "go on the record" when Mr. Jaroslawicz had left the room to call the reporting agency was worse. And taking the only copy of the video from the videographer and high-tailing it out of the building can only be described as dissolute—the kind of offensive gamesmanship that brings lawyers into disrepute with the public.

According to the videographer, when Messrs. Rochon and Hill demanded the recording, they told him that they would pay for it. Considering that they made use of the videographer, directed him when to start and stop filming, and walked away with the only copy of the video without informing us much less seeking our consent, plaintiffs submit that it is only fair for the defendants to pay the videographer's charges, which are $850. Plaintiffs respectfully request that the Court enter an order to this effect.

*Application denied.*
**SO ORDERED**
Ronald Ellis  12-6-11
MAGISTRATE JUDGE RONALD L. ELLIS

Respectfully yours,

Robert J. Tolchin

cc:   Brian Hill, Esq. (by email)
      Mark Rochon, Esq. (by email)