UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                                     **Plaintiffs,**

                   - against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                                    **Defendants.**

**ORDER**

04 Civ. 397 (GBD) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12-9-11

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Defendants have filed two motions with the Court. First, they move to conduct Rule 35 examinations in the Southern District of New York. Second, they seek to compel Plaintiffs to answer Defendants' Interrogatories. Plaintiffs also ask the Court to submit a letter requesting international judicial assistance from Israel, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The Court held a status conference on this matter on November 17, 2011. Defendants' motions are **GRANTED**, to the extent described below. Plaintiffs request for Court-issued letters is **GRANTED**, in part, and **DENIED**, in part.

### II. DISCUSSION

**A.    Rule 35 Examinations**

Rule 35 of the Federal Rules of Civil Procedure permits a mental and/or a physical examination of a party when a party's mental and physical condition is in controversy. Fed. R. Civ. P. 35. Defendants move to conduct examinations of Plaintiffs in the Southern District of New York. Parties have indicated agreement as to the location of the examinations. Defendants' Motion for Rule 35 Examinations to be conducted in the Southern District of New York is **GRANTED**.

B.  **Defendants' Motion to Compel**

Defendants move to compel Plaintiffs to answer Defendants' Interrogatories, and to submit calculations for economic damages and categorization for intangible damages for each Plaintiff. Rule 26 requires a party must provide to other parties "a computation of each category of damages claimed" as initial disclosures. Fed. R. Civ. P. 26(a). This Court finds Defendants are entitled to the categorization and calculations sought. Therefore, Plaintiffs shall provide categories of intangible damages for each Plaintiff, and calculations for Plaintiffs' economic damages to Defendants no later than **January 17, 2011**.

Defendants requests the Court to compel Plaintiffs to answer Defendants' Interrogatories regarding the events at issue. Plaintiffs argue the scope of the Interrogatories is too broad. Plaintiffs shall answer Defendants' Interrogatories, to the extent allowed in Rule 33 of the Federal Rules of Civil Procedure, no later than **December 16, 2011**.

C.  **Plaintiffs' Request for Court-Issued Letters Requesting International Judicial Assistance**

Pursuant to Article 3 of The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Court may request international judicial assistance from a foreign court to take evidence. Plaintiffs seek to depose two individuals, Abdullah Barghouti and Bilal Barghouti, who are in the custody of the State of Israel. Plaintiffs have requested the Court to issue letters rogatory to the Israel's Directorate of Courts. Defendants do not object to the issuance of letters.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiffs indicate Abdullah Barghouti has

2

been linked to one of the attacks at issue in this case. However, Plaintiffs cannot demonstrate Bilal Barghouti's participation in any of the attacks at issue. They claim the need to depose Bilal Barghouti because he has been connected to other terrorist attacks and is Abdullah Barghouti's brother. Abdullah Barghouti's potential testimony is relevant to the Plaintiffs' claims, and thus meets Rule 26's relevance standard. Plaintiffs' request to depose Bilal Barghouti, however, does not satisfy Rule 26 and does not warrant issuance of letters from this Court to a foreign court. As such, Plaintiffs' request for Court-issued Hague Letters as to Abdullah Barghouti is **GRANTED**, but the request as to Bilal Barghouti is **DENIED**. Plaintiffs shall submit revised proposed Hague Letters to the Court in accordance with this Order.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall submit a status report on discovery matters on or before **January 6, 2012**.

**SO ORDERED this 9th day of December 2011**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge