1                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF NEW YORK
2

3       ----------------------------------------X
                                                :
4       SOKOLOW, et al,                         : 04-CV-397
                                                :
5                           Plaintiffs,         : November 22, 2011
                                                :
6                    v.                         : 500 Pearl Street
                                                : New York, New York
7       PALESTINE LIBERATION ORGANIZATION, et al, :
                                                :
8                    Defendants.                :
        ----------------------------------------X
9

10              TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
                  BEFORE THE HONORABLE RONALD L. ELLIS
11                  UNITED STATES MAGISTRATE JUDGE

12
        APPEARANCES:
13

14      For the Plaintiff:          ROBERT J. TOLCHIN, ESQ.
                                    Berkman Law Office
15                                  111 Livingston Street
                                    Brooklyn, NY 11201
16

17
        For the Defendants:         BRIAN A. HILL, ESQ.
18                                  Miller & Chevalier, Chtd.
                                    655 15th Street, North West #900
19                                  Washington, DC 20005

20

21
        Court Transcriber:          SHARI RIEMER
22                                  TypeWrite Word Processing Service
                                    211 N. Milton Road
23                                  Saratoga Springs, NY 12866

24

25


        Proceedings recorded by electronic sound recording,
        transcript produced by transcription service

2

1          THE COURT: Good afternoon.  This is Judge Ellis.

2   Could I have your appearances?

3          MR. TOLCHIN:  Good afternoon, Your Honor.  Robert

4   Tolchin for the plaintiff.

5          MR. HILL:  Good afternoon, Your Honor.  Brian Hill

6   for the defendants, Palestinian Authority and the PLO.

7          THE COURT: This is a conference in <u>Sokolow v.</u>

8   <u>Palestine Liberation Organization, et al.</u>  It's 04-CV-397.  It

9   is Tuesday, November 22nd at approximately three p.m.

10          Does somebody have an application for me?  Is that

11   what this is about?

12          MR. HILL:  Yes, Your Honor. Brian Hill on behalf of

13   defendant.  Your Honor, this call is as I requested from our

14   status conference last Thursday regarding the deposition of

15   Musab Hassan Youseff [Ph.], and if Your Honor will recall the

16   individual that the plaintiff named at their initial

17   disclosures the plaintiffs have served him with a subpoena to

18   appear for a deposition on Monday, November 28th, and when we

19   learned that they had subpoenaed him we the next day served him

20   with a document subpoena for production of relevant documents.

21   The return date on that subpoena was yesterday, Monday,

22   November the 21st.  We did not receive a production from Mr.

23   Youseff.  We did not receive objections to the subpoena either

24   and today we have filed a motion to compel those documents in

25   the District Court for the Western District of Pennsylvania

3

1    which is where we served him with the subpoena.

2           We have not heard from the witness.  The plaintiffs

3    have not heard from him either.  At this point we do not know

4    if the witness will be appearing on Monday for a deposition and

5    if he doesn't appear the defendants don't have an issue.

6    However, if he does appear I'm going to make an application to

7    the court today that the court either continue the deposition

8    to a date after we've had an opportunity to have a ruling on

9    our pending motion to compel his documents and received those

10   materials or alternatively, that the court order that the

11   deposition be taken only for discovery purposes and not be

12   admissible at trial.

13          My rationale for this request is as follows, Your

14   Honor.  This individual claims to have been a member of Hamas

15   who worked for the Israeli Shin Bet as it was called.  This is

16   their intelligence or counterintelligence unit.  He is not a

17   neutral witness.  He is by his own admission a member of my

18   client Afilo's [Ph.] rival, the Hamas faction.  He was working

19   and may still be working for the Government of Israel which is

20   currently occupying the Palestinian territory that the PA

21   governs a portion of and the Palestine Liberation Organization

22   has been involved in trying to obtain sovereignty over, and he

23   has exhibited in his book personal animosity toward both of my

24   clients.

25          Your Honor, if I may just read a couple of sentences

4

1   from his book.  This is on Page 33 of the book entitled Scent

2   of Hamas which is written by this witness.  He says "Even as a

3   young boy I felt the PLO was correct and self serving."  On

4   Page 61 of his book he learned about the shooting deaths of

5   former Israeli Prime Minister Yitzhak Rabin and he wrote "I was

6   very happy for his death and the damage it would do to the PLO

7   and its watered down capitulation to Israel," and on Page 62 of

8   the book he writes "I hated the Palestinian authority of Yasser

9   Arafat."

10          So this is clearly a witness that's going to be

11  adverse to my client.  I can also note here that in another

12  case that Mr. Tolchin and I had where he was representing

13  plaintiffs against my clients Mr. Tolchin designated this

14  individual as an expert witness for the plaintiffs.  So he's

15  clearly got some alignment with the plaintiff even if he's not

16  controlled by the plaintiffs.

17          What we're asking the court to do is not allow this

18  witness who is adverse to my client to choose which subpoenas

19  he wishes to obey.  It would be patently unfair to my client if

20  he chose to disobey the subpoena we issued to him for documents

21  but chose to obey the plaintiff's subpoena for deposition

22  testimony.  It's obviously important to my clients that I be

23  able to receive whatever documents this individual has to be

24  prepared to effectively cross-examine him, and that's

25  especially the case because this individual is someone as Your

5

1   Honor will recall from our prior conferences, that we don't

2   actually know what his address is.  So this may be the only

3   opportunity to receive testimony from him and it would be

4   clearly prejudicial to my clients if the testimony that's taken

5   on Monday is admissible against us in trial.

6           And it wouldn't just potentially be admissible in

7   this case, Your Honor.  As you may know, there are four other

8   cases pending against my client in the District of Columbia

9   under this same anti-terrorism act statute. So the prejudice

10  that we would suffer may extend not only to the case before

11  Your Honor but the four other cases where this would

12  conceivably be admissible testimony.

13          Therefore, I'm asking that the court either order

14  that the deposition date be continued which you have the power

15  to do because the subpoena was issued from the Southern

16  District of New York, to a date after we had a chance to

17  litigate our motion to compel in the Western District of

18  Pennsylvania and get whatever documents this individual is

19  going to produce or alternatively rule that the deposition be

20  taken only for discovery purposes and not be admissible at

21  trial and that way if the plaintiffs want to use him at trial

22  there would be a future opportunity for him to be -- to testify

23  and be cross-examined at which point we would presumably have

24  gotten whatever documents we would get.  That's the application

25  I'm making today, Your Honor.

6

1          THE COURT: Did the plaintiffs indicate that they

2    intended to use this testimony at trial?

3          MR. HILL:  Your Honor, I've asked Mr. Tolchin that

4    and he has declined to accede to either of the remedies I have

5    proposed, either delaying the deposition or agreeing that it

6    would not be admitted at trial.

7          THE COURT: He's not affirmatively sought to have it

8    taken as if it would be admissible at trial.

9          MR. HILL: Well, Your Honor, my concern is that if it

10   is taken under these circumstances there is a risk that it

11   would be admitted at trial.  I realize I have some arguments

12   about whether I had an effective opportunity to cross-examine

13   him but I would appreciate given the equities that the court

14   would make that clear at the outset particularly because as I

15   said it will have [inaudible] in other cases as well, Judge.

16          THE COURT: Mr. Tolchin.

17          MR. TOLCHIN: Thank you, Your Honor.  This witness was

18   identified in our initial disclosures.  The defendants never

19   sought documents from him, never pursued him in any way even

20   though they know about him and they know about him even from --

21   not from within this case.

22          THE COURT: Before you continue, I thought they had at

23   least at the last conference and in this conference had

24   indicated they did not have an address for him.  How would they

25   have pursued it without an address?

7

1          MR. TOLCHIN: Well, the same way that we did.  We

2   found him on -- we monitored him on Google.  We kept doing

3   Google searches to try to find him and we do not know where he

4   resides and two private investigators were unable to find him

5   for us.  He does speak publicly [inaudible].  He's appeared on

6   television.  He speaks in all sorts of public forums and when

7   we served him our subpoena and when the defendants served their

8   subpoena afterwards both of those were done at a public forum.

9   In the case of our subpoena I personally attended the event and

10  handed him the subpoena.

11          THE COURT: Okay.

12          MR. TOLCHIN: The fact that the defendants' interest

13  in this -- in documents from this witness did not begin until

14  we served a subpoena for his deposition.  When we were before

15  Your Honor last -- as recently as last Thursday, defense

16  counsel made the same pitch to Your Honor, continue the

17  deposition until they can get documents or move to compel

18  documents, and Your Honor's observation that this is a

19  resistant witness and that we should do the deposition and take

20  our best shot and we might have to continue the deposition on a

21  further date.  We can -- as I mentioned to Your Honor at that

22  time that we can always -- it certainly would improve the

23  defendants' arguments about documents if they had a chance to

24  question him, do you have this document and do you have that

25  document, do you have any documents responsive to the subpoena.

8

1   If they ask him does he have documents responsive to some

2   demand they've made and he says he doesn't have anything like

3   that well, that would deal with that issue.

4            To prejudge the question about whether the testimony

5   would be admissible or not at trial would be unfair.

6   Depositions taken under the Federal Rules of Civil Procedure

7   generally are useable at trial.  To say right now that we're

8   going to do this deposition but you can't use it at trial would

9   be unfair.  I don't know -- when we asked him do you have any

10  documents he may say no.  He may say I came here with the shirt

11  on my back, I left everything I had I left in Israel and I

12  can't go back there.  He may -- this issue of documents may be

13  a complete non starter.

14           Obviously after the deposition, depending what he

15  says, the defendant is free to make whatever application they

16  may want to make and the judge -- and the judge can -- the

17  court can make a ruling as to what the transcript can or cannot

18  be used for at that time.  There's no need to make a ruling in

19  advance not having any facts.

20           We have a practical matter.  There is no way to

21  adjourn this deposition.  We have no way to inform the witness.

22  The only thing the witness has is a subpoena telling him to

23  come on Monday.  I should mention that when we -- that when the

24  defendant moved to compel the production of documents in their

25  motion to compel the production of documents they told the

9

1  court in Pennsylvania that "should the court grant defendants'

2  motion, defendants' will likely need to personally serve Mr.

3  Youseff with the court's order at the time of the deposition if

4  he appears."  In other words, that's seeking an order in

5  Pennsylvania that they want to obtain somehow and give to the

6  witness at his deposition which is scheduled for Monday.

7          By the way I should mention, I'm not quite sure what

8  the court in Pennsylvania is going to do with this application

9  considering that I doubt the motion has been served on Mr.

10 Youseff because they have no way to serve it on him because

11 they don't know where he is.

12          I agree with the ruling that Your Honor made that

13 this is a resistant witness and we should see if he shows up

14 and depose him, see what we get, and we can deal with the

15 product of what we get after we [inaudible].

16          MR. HILL: Your Honor, may I briefly be heard --

17          THE COURT: Go ahead.

18          MR. HILL:  -- in response to the points Mr. Tolchin

19 made?

20          THE COURT: Yes.

21          MR. HILL: Mr. Tolchin's claiming he's a resistant

22 witness and that may be the case but my point is it's not fair

23 for him to resist my subpoena and not Mr. Tolchin's, and that

24 given the history of bias against my clients I'm concerned

25 about what may be a real prejudice that we'll suffer. Mr.

10

1  Tolchin has suggested that there might no be documents.  The

2  subpoena I'm not sure if it's in the record before Your Honor

3  but I could certainly provide it to you, it asks for documents

4  that were clearly created after this individual immigrated to

5  the United States including his information about his

6  application for asylum in the United States.  He was a resident

7  of the West Bank.  I suspect his asylum application indicates

8  that he fears persecution by my clients which would be

9  important evidence of bias we'd like to have.  That's for

10 documents pertaining to the book including drafts and notes

11 about the book and that would obviously have been done when he

12 wrote the book after he left the West Bank.  So I think he is

13 going to have responsive documents that are going to be

14 relevant.

15        As far as informing the witness goes, following on

16 Mr. Tolchin's lead, we have discovered that the witness is

17 scheduled to speak tomorrow evening in Vancouver, British

18 Columbia and if the court were to grant the relief I'm seeking

19 today of either postponing the deposition or ruling that it

20 could only be used for discovery purposes, we would undertake

21 to personally serve the witness at that event tomorrow night.

22 So he would have notice before Monday so he didn't need to

23 travel to New York if he in fact attends to obey the subpoena

24 from Mr. Tolchin.

25        So I think for those reasons I would renew my request

11

1  that the court either continue the deposition to a date in the

2  future where we can get the documents or rule that we won't be

3  prejudiced by whatever the witness says on Monday coming in at

4  trial in this case or other cases.

5          MR. TOLCHIN: Your Honor, may I be heard again?

6          THE COURT: Okay.  I think I've heard enough although

7  I'm not so sure why one of your alternatives, Mr. Hill, has to

8  be done before the deposition.

9          MR. HILL: I'm happy to answer the court's question.

10  I'm not sure what it is though.

11          THE COURT: Well, your alternatives are that the

12  deposition be continued or that the court limit the way it can

13  be used.  I'm not sure what would -- what would prevent me from

14  using a second alternative even after the deposition.

15          MR. HILL: I don't think -- I don't think I would be

16  precluded from making that argument in advance, Your Honor.

17  I'm asking for now in part because it won't only be Your Honor.

18  There will be other courts that may potentially be after

19  [inaudible] and admissibility of those and I believe it would

20  only be fair to my clients whether there be a record in advance

21  that it is only for discovery purposes and cannot be used at

22  trial in this case or any other cases because of the unique

23  circumstance where the witness may be obeying Mr. Tolchin's

24  subpoena and disobeying mine.

25          MR. TOLCHIN: Your Honor, I -- I'm sorry.

12

1          THE COURT: In that regard it seems to me that a

2    fuller record will make a better case no matter how we

3    ultimately decide this.  I don't see given all of the variables

4    here that continuing the deposition is a better alternative

5    than having the parties first of all make sure he shows up and

6    that his deposition is taken.

7          As to what happens to the deposition after that, what

8    I say about it or what any other court says about it, I think

9    part of the determination will be if he shows up for the actual

10   deposition what he says and how cooperative he is in that

11   deposition in terms of whether or not it ought to be useful or

12   used against the party because part of the full and fair

13   opportunity you'll have will depend on how forthcoming he is.

14         So your application is denied.  If he shows up for

15   the deposition make the record that you can.  If it turns

16   out -- frankly, if he's not cooperative at the deposition with

17   or without documents that would impact on how I would view it.

18         MR. HILL: Okay.

19         MR. TOLCHIN: Thank you, Your Honor.  Thank you for

20   taking the time to hear us this afternoon.  We understand the

21   court's ruling.

22         THE COURT: Thank you.  We're adjourned.

23         MR. HILL: Thank you.

24                        *  *  *  *  *

25

13

1        I certify that the foregoing is a court transcript from an

2   electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                        _____

6                                Shari Riemer

7   Dated:   December 12, 2011

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25