**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Tuesday, June 15, 2010 10:50 AM
**To:** Robert Tolchin
**Cc:** McAleer, Chas; Isaac M. Jaroslawicz; Norman Steiner; Gary Woodfield; Hibey, Richard; Rochon, Mark; Matta, Lamia; Eustice, John; Mordechai Haller
**Subject:** RE: Saperstein v. PA

Counsel,

I write in response to the numbered paragraphs of your email below:

1)   Your assertion that my "recent email indicated for the first time that the PA directly funded Fatah" is incorrect.  As I told you in that June 4, 2010 email (copy attached), the fact that the PA provided some funds to Fatah during the relevant time period was provided to you on multiple occasions prior to my June 4, 2010 email including, *inter alia*, (1) the PA's October 19, 2009 document production, (2) the PA's November 19, 2009 interrogatory response, (3) the PA's February 24, 2010 supplemental document production, (4) the March 9, 2010 deposition of Prime Minister Fayyad, and (5) the April 29, 2010 hearing.  All of these prior disclosures were documented in my attached email.

We are not willing to agree to an expedited schedule for briefing your motion to re-open discovery.  You first threatened to bring this motion nearly three weeks ago on May 26 (this email is also attached).  The fact that you have chosen to delay bringing this motion until now does not justify expediting the briefing schedule.

2)  Your assertion that the timing of Mr. Qurei's deposition is "the sole fault of the defendants" is also incorrect.  Plaintiff chose to delay holding a hearing on his motion seeking to compel Mr. Qurei's deposition until April 14, and then chose to further delay that hearing to April 29.  Plaintiff also consented to a May 28 deadline for the depositions which were ordered on April 29.  Thus, Plaintiff is at least partly responsible for the timing of this deposition.

In any event, the fact that Mr. Qurei is set to be deposed in two days does not justify Plaintiff's decision to refuse to make any disclosures of his (1) Witness List, (2) Deposition Designations, (3) Exhibit List, (4) Proposed Jury Instructions, or (5) Draft Joint Pretrial Stipulation.  Indeed, the only item on this list that could conceivably be affected by Mr. Qurei's deposition is any designation of Mr. Qurei's deposition, which can be promptly provided by you after receiving his transcript.

Defendants have been ready to make their disclosures of the above 5 items since June 11.  We are neither willing nor able to adjourn the Court's July 13, 2010 deadline, and it remains in both parties' interests to exchange these materials as soon as possible.  Please let us know when you will agree to do so.

Regards,

Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington, DC 20005
Direct: (202) 626-6014
Fax: (202) 626-5801