UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.

Civ. No. 04-397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO THE MAGISTRATE JUDGE FOR RECONSIDERATION**

**Introduction**

On December 9, 2011, Magistrate Judge Ronald L. Ellis issued an Order denying plaintiffs' application to issue a request for judicial assistance to the State of Israel pursuant to the Hague Convention for the deposition of convicted terrorist Bilal Barghouti. DE 171 at 3.

As discussed below, the decision denying plaintiffs' application to depose Bilal Barghouti resulted from a misapprehension of plaintiffs' grounds for seeking that deposition. A motion for reconsideration is the proper remedy, and should be granted where, "the Court has overlooked or misapprehended factual matters … presented to it on the underlying motion." *Rocchigiani v. World Boxing Council, Inc.*, 139 F.Supp.2d 440, 441-442 (S.D.N.Y. 2001).

Therefore, the plaintiffs respectfully request that, for the reasons below, Magistrate Judge Ellis reconsider and reverse the decision denying their request to depose Bilal Barghouti.[1]

---

[1] In an abundance of caution plaintiffs have also moved to enlarge their time to file objections to the December 9, 2011 Order, in the event that this motion is denied. But because the decision at issue resulted from a misapprehension, plaintiffs respectfully believe that the proper mechanism to seek review of that decision, certainly in the first instance, is a motion for reconsideration to the magistrate judge.

## RELEVANT BACKGROUND

This is a civil action pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and pendent causes of action, brought by U.S. citizens, and the guardians, family members and personal representatives of the estates of U.S. citizens, who were killed and injured in seven terrorist attacks in or near Jerusalem, Israel, between January 8, 2001 and January 29, 2004.[2]

Plaintiffs' First Amended Complaint ("FAC") alleges that defendants Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA") are liable for their injuries, *inter alia*, because the attacks at issue were carried out by terrorists who were provided material support and resources by the defendants' material support. DE 4 at ¶¶ 49-125.

Specifically relevant here is the July 31, 2002, terrorist bombing attack on the campus of the Hebrew University in Jerusalem, in which American citizens (and plaintiffs' decedents) Janis Coulter, Diane Carter, Benjamin Blutstein and David Gritz were murdered.[3] Plaintiffs' FAC alleges, *inter alia*, that the terrorists who carried out the Hebrew University bombing received material support and resources "supplied by defendants PLO and PA." DE 4 at ¶ 116.[4]

On September 28, 2011, plaintiffs sent a letter to Magistrate Judge Ellis requesting issuance of a Letter of Request to the State of Israel pursuant to the Hague Convention seeking the deposition of Abdullah Barghouti and explaining that:

---

[2] Defendants have filed and the Court has denied three motions to dismiss this case. *See Sokolow v. PLO*, 583 F.Supp.2d 451 (S.D.N.Y. 2008) (subject-matter jurisdiction); *Sokolow v. PLO*, 2011 WL 1345086 (S.D.N.Y. 2011) (personal jurisdiction); Order, June 2, 2011, DE 122 (venue).

[3] The Hebrew University bombing decedents were the immediate family members of plaintiffs Robert L. Coulter, Sr., Dianne Coulter Miller, Robert L. Coulter, Jr., Dr. Larry Carter, Shaun Coffel, Dr. Richard Blutstein, Dr. Katherine Baker, Rebekah Blutstein, Norman Gritz and Nevenka Gritz.

[4] The term of art "material support and resources" is defined in 18 U.S.C. § 2339A(b)(1). Much of the case law in actions (like this case) filed under the civil provisions of the Antiterrorism Act concerns allegations that defendants provided "material support and resources" to the terrorists or terrorist groups that carried out the attacks at issue. *See, generally, Boim v. HLF*, 549 F.3d 685 (7th Cir. 2008).

> Abdullah Barghouti was convicted for his involvement in the July 31, 2002 bombing at the Hebrew University in Jerusalem that is one of the seven terrorist attacks at issue in this action. Plaintiffs seek to depose Abdullah Barghouti because, according to several sources that Plaintiffs consider reliable (including the account of a former confidential informant and Israeli court documents), Defendants and/or their agents provided Abdullah Barghouti with funds, weapons and a safe house prior to the Hebrew University bombing, with knowledge that he had already carried out other deadly bombings.

Letter from R. Tolchin to Magistrate Judge Ellis dated 9/28/11 (Exhibit A) at 1.

Thus, as expressly stated in their letter application, plaintiffs sought the deposition of Abdullah Barghouti specifically in light of information that defendants and/or their agents had provided him "with funds, weapons and a safe house prior to the Hebrew University bombing, with knowledge that he had already carried out other deadly bombings." *Id*. This information directly supports the FAC's allegation, noted *supra*, that the terrorists who carried out the bombing received material support and resources from defendants PLO and PA." DE 4 at ¶ 116.

(Notably, the December 9, 2011, Order granted plaintiffs' request for issuance of a Letter of Request for the deposition of Abdullah Barghouti; that Letter of Request has already been issued (DE 176) and delivered by plaintiffs to the Israeli Courts Directorate for execution).

Plaintiffs' September 28, 2011, letter application also asked Magistrate Judge Ellis to issue a Hague Convention Letter of Request for the deposition of another terrorist imprisoned in Israel – Bilal Barghouti – on the grounds that Bilal "was present at – and was thus a witness to – Defendants' provision of support to and interactions with Abdullah Barghouti." Exhibit A at 1.

3

Thus, plaintiffs sought to depose Bilal Barghouti not because he was a perpetrator of the Hebrew University bombing, but because he was a <u>witness to defendants' provision of material support and resources to one of the perpetrators</u> of that bombing (i.e. Abdullah Barghouti).

At the November 17, 2011, status conference in this matter before Magistrate Judge Ellis, the Court and the parties discussed plaintiffs' September 28, 2011 request for the depositions of Abdullah Bargouti and Bilal Barghouti. *See* Tr. 11/17/11 at pp. 9-16. Confusion was introduced into the discussion by defendants' counsel, Mr. Hill, who referred to Abdullah Bargouti and Bilal Barghouti as brothers. *Id.* at p. 12:17-19. Plaintiffs' counsel – who assumed that Mr. Hill and his clients knew more about Abdullah Bargouti and Bilal Barghouti than he did – then also began to refer to the men as brothers. *Id.* at p. 14. However, this "brother" reference, which entered the November 17 colloquy via Mr. Hill, is likely incorrect and – more importantly – ultimately led to the erroneous denial of plaintiffs' request to depose Bilal Barghouti, as discussed below.

On November 18, 2011, (i.e. one day after the status conference), plaintiffs' counsel sent a letter to Magistrate Judge Ellis noting that because plaintiffs' Hague Convention application "was made on consent it was not as detailed as it could have been, and at yesterday's status conference Your Honor inquired as to whether plaintiffs could provide further information regarding the background to, and grounds for, that request," and stating that the purpose of the letter was "both to provide such further details and to bring to the Court's attention a very recent discovery … non-response … from defendants that renders our Hague Convention request even more necessary." Letter from R. Tolchin to Magistrate Judge Ellis 11/18/11 (Exhibit B) at 1.

Plaintiffs' counsel's November 18, 2011 letter then proceeded to detail plaintiffs' grounds and reasons for seeking to depose Bilal Barghouti:

4

> On August 9, 2001, Hamas terrorists Abdullah Barghouti and Bilal Barghouti (and others) carried out a bombing at the Sbarro restaurant in Jerusalem in which 15 civilians were murdered and 130 wounded. Many of the victims were U.S. citizens (though not plaintiffs in this case). As a result, and in response to intense pressure from the U.S. and Israeli governments, the security services of defendant Palestinian Authority ("PA") **detained Abdullah and Bilal** and placed them into protective custody. A short time later PA security **released Abdullah and Bilal** at the request of PA/PLO leader Marwan Barghouti (no relation). Marwan Barghouti **provided Abdullah and Bilal** with a safe house, weapons and funds. Abdullah Barghouti then went on to carry out the July 31, 2002 terrorist bombing that is one of the attacks at issue in this case.
>
> Thus, according to the information available to the plaintiffs … Bilal Barghouti is an <u>eyewitness</u> to the defendants' aiding, abetting and provision of material support to Abdullah Barghouti.
>
> Since it is impossible to know what, if anything, Abdullah will testify to, and since Bilal personally witnessed defendants' conduct vis-à-vis Abdullah, plaintiffs are seeking the depositions of both Abdullah <u>and</u> Bilal. (It is not feasible, given the time it takes to arrange prisoner depositions of this type, to "wait and see" what Abdullah testifies to before seeking Bilal's deposition).

Exhibit B at 1-2 (emphasis by bold supplied).

On December 9, 2011, the Court entered an Order which denied plaintiffs' request to depose Bilal Barghouti. The Order states that plaintiffs "claim the need to depose Bilal Barghouti because he has been connected to other terrorist attacks and is Abdullah Barghouti's brother." DE 171 at 3. That sentence is the <u>sole</u> description of plaintiffs' grounds for the deposition.

5

## ARGUMENT

The December 9, 2011 Order states that plaintiffs seek the deposition of Bilal Barghouti "because he has been connected to other terrorist attacks and is Abdullah Barghouti's brother." DE 171 at 3. Respectfully, that statement is mistaken as a matter of fact. It was Mr. Hill, defendants' counsel, who identified Bilal Barghouti as Abdullah Barghouti's brother. Plaintiffs have no reason to believe that is so; indeed, to plaintiffs' knowledge, the two are not brothers.

Far more importantly, as plaintiffs' September 28 and November 18 letters expressly assert, plaintiffs' request to depose Bilal Barghouti has nothing to do with a family relationship (if any) with Abdullah Barghouti, as the December 9 Order erroneously states.

Rather, plaintiffs seek to depose Bilal Bargouti because he was present at and an eyewitness to defendants' provision of material support and resources to Abdullah Barghouti. *See* Exhibit B at ("defendant Palestinian Authority … **detained Abdullah and Bilal** and placed them into protective custody. A short time later PA security **released Abdullah and Bilal** at the request of PA/PLO leader Marwan Barghouti [who] **provided Abdullah and Bilal** with a safe house, weapons and funds. Abdullah Barghouti then went on to carry out the July 31, 2002 terrorist bombing that is one of the attacks at issue in this case.") (emphasis added).

Thus, the December 9, 2011 Order overlooks and misapprehends the grounds actually and explicitly relied on by plaintiffs in support of their request to depose Bilal Barghouti.

Moreover, the December 9, 2011 Order found, correctly, that "Abdullah Barghouti's potential testimony is relevant to the Plaintiffs' claims." *Id.* at 3. Since Bilal Barghouti was a <u>witness</u> to defendants' provision of material support and resources to Abdullah Barghouti, necessarily, Bilal Barghouti's testimony is just as relevant to plaintiffs' claims in this action.

**WHEREFORE**, the instant motion should be granted, and the Order dated December 9, 2011, should be reconsidered and reversed to the extent that it denied plaintiffs' request to issue a Letter of Request seeking the deposition of Bilal Barghouti.

        Plaintiffs, by their Attorney,

        /s/ Robert J. Tolchin
        Robert J. Tolchin
        111 Livingston Street, Suite 1928
        Brooklyn, New York 11201
        (718) 855-3627
        Fax: (718) 504-4943
        rjt.berkman@gmail.com