IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARK I. SOKOLOW, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 04cv397 (GBD) (RLE) |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | | |
| Defendants. | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
OR, ALTERNATIVELY, IN REPLY TO THE LETTER OPPOSITION**

Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") hereby submit the following Opposition to Plaintiffs' Motion to Strike Defendants' Letter Opposition or, Alternatively, in Reply to the Letter Opposition (Dkt. Nos. 177 and 178). Plaintiffs' Motion to Strike, which is actually a motion for reconsideration of the ruling made by the Court on November 17, 2011, should be denied both because it does not meet the standard for reconsideration and on the merits. Plaintiffs' alternative "Reply to the Letter Opposition" is obviously untimely and raises several factual and legal arguments for the first time in a posture that does not afford Defendants with a right of response. Accordingly, Plaintiffs' alternative "Reply" should be disregarded by the Court.

**BACKGROUND**

On October 17, 2011, Plaintiffs filed a Memorandum in Opposition to non-party BBC's Motion to Quash Subpoena and in Support of Plaintiffs' Motion to Compel in this matter (Dkt. Nos. 158 and 159). On October 25, 2011, counsel for Defendants wrote a letter to counsel for Plaintiffs, which was carbon copied to counsel for the BBC, concerning a misstatement of fact

contained in Plaintiffs' Memorandum. *See* Dkt. No. 178-1. Defendants' Letter focused on Plaintiffs' mis-use of the statement "There is a money flow from the PA to the PLO and from the PLO to Fatah." This statement is a quotation from an Amended Joint Proposed Schedule filed in another matter where both the undersigned and Mr. Tolchin were counsel. As Defendants' letter explained, the statement was "factually incorrect" because "although [Defendants'] counsel believed the statement . . . to be true at the time it was made, subsequent testimony from the PLO's Rule 30(b)(6) designee revealed the assertion . . . to be factually incorrect" because the PLO had not in fact "provided any funding to Fatah" during the relevant time period. *Id.* at 1.

Defendants' October 25, 2011 letter further informed Plaintiffs that Defendants believed that Plaintiffs were "required to correct the record by immediately informing the Court of the misstatement contained in your Memorandum," and that if Plaintiffs or the BBC did not do so, Defendants would "be compelled to do so." *Id.* at 2.

On October 26, 2011, Plaintiffs counsel responded to Defendants' October 25 letter in an email stating only that "We read the attached correspondence and we disagree." *See* Ex. 1 hereto.

For this reason, at the end of the hearing on November 17, 2011, counsel for Defendants sought the Court's guidance regarding how the Court would like to be informed of this issue:

> MR. HILL: Finally, there is pending before the
> court, although I'm not sure if it's Your Honor's issue or
> Judge Daniels' issue, a motion pertaining to a subpoena the
> plaintiffs have issued to the non-party, the British
> Broadcasting Corporation. It's partially but not yet
> completely briefed. And --
> THE COURT: I guess it's before us.
> MR. HILL: Okay. I have written a letter to Mr.
> Tolchin and to the counsel for the BBC because I believe that a
> factual statement made in the plaintiff's brief is factually
> inaccurate and asked Mr. Tolchin to correct the statement.
> He's indicated that he disagrees with my letter. I want to

alert the court to this and figure out how you would like me to communicate this information to you because I obviously want you to have a correct record factually.

November 17, 2011 Hearing Transcript at 79.

Plaintiffs' counsel responded by arguing that the Court should refuse to hear from Defendants regarding Plaintiffs' dispute with the BCC:

> MR. TOLCHIN: This is a subpoena served on a non-party. He has no standing to object to it. It's a non-party's document or materials that we're looking for. But he wrote them a letter saying here, here's something you can say and now he wants to be able to say it to Your Honor also.
> THE COURT: Okay. I think you've lost me here.
> MR. TOLCHIN: Even though he has no official position on the --
> THE COURT: Did you put this in a letter?
> MR. HILL: I wrote a letter to counsel and I wrote a letter to counsel for the BBC. What I'm seeking guidance is does the court want me to send you a copy of that letter? Do you want me to write you a letter? Would you like me to file a brief? I just want to make sure the court has an [accurate] factual record.
> MR. TOLCHIN: I would say if the BBC thinks that it's relevant to their motion, they'll tell the court about it since he wrote them a letter. It's not a subpoena --
> MR. HILL: It's my case and the statements are being made about my clients that may be not accurate. I want the court to know. I just don't know how to tell you and what way you want me to tell you.

*Id.* at 80.

The Court then rejected Plaintiffs' argument and instructed Defendants' counsel to hand the letter up to the bench, which Defendants' counsel did:

> THE COURT: Okay. Send me a copy of the letter that you sent to plaintiff's counsel so I can at least get out of the haze of trying to figure out what it is that we're talking about. If I could see actually what's being said --
> MR. HILL: I have a copy if you'd like it now or I could submit it through the mail, whichever the court would prefer.

1214943.2

> THE COURT: Oh, why don't you just hand it up?
> MR. HILL: So for the record, I'm handing the court my letter to Robert Tolchin dated October 25, 2011.

*Id.* at 80-81.

More than a month later, Plaintiffs filed the instant Motion to Strike Defendants' Letter Opposition or, Alternatively, in Reply to the Letter Opposition. That Motion should be denied, and the alternative "Reply" should be disregarded, for the reasons that follow. In their Motion, Plaintiffs style the letter in question as a "Letter Opposition", when it is was simply a letter correcting a mis-statement in Plaintiffs' Memorandum regarding a sought-after subpoena to the BBC. Having misconstrued the letter as an "Opposition" to their Motion to Compel, Plaintiffs then provide this Court, at pages 4-6 of their Motion with what they characterize as a "Reply" to the supposed "Letter Opposition," in which Plaintiffs provide their counter-arguments. The Plaintiffs have thereby created a needless procedural quagmire, when all that has happened is that this Court asked for and reviewed a copy of a letter that Defendants sent to the BBC and to Plaintiffs' counsel.

## ARGUMENT

**I.    PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED**

   **A.    Plaintiffs' Motion Does Not Justify Reconsideration of the Court's November 17 Ruling**

At the hearing on November 17, 2011, Plaintiffs argued, as they do here, that Defendants lacked standing to oppose Plaintiffs' subpoena to the BBC, and therefore should not be permitted to communicate whatsoever with the Court regarding the subpoena, even in the face of mis-statements made by Plaintiffs in their Motion to Compel regarding the issue. *Compare* Dkt. No. 178 at 2-3 *with* November 17, 2011 Hearing Tr. at 80. The Court rejected that argument at the hearing and ordered Defendants' counsel to hand the letter up to the bench, which he did. *Id.* at

81.  Thus, Plaintiffs now effectively seek reconsideration of the Court's November 17, 2011 ruling from the bench.  As the Court is well aware,

> [t]he standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) is a strict one.  The party must be able to point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.  A motion for reconsideration is not a substitute for appeal, and is generally only granted on three grounds: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*In Re McRay*, No. 03 Civ 9685, 2011 U.S. Dist. LEXIS 14816, at *14-15 (S.D.N.Y. Feb. 15, 2011) (Ellis, MJ) (internal citations and quotations omitted).  As none of the grounds for reconsideration are present here, Plaintiffs' Motion to Strike should be denied for that reason alone.

        **B.**      **In any Event, Defendants Are Entitled to Inform the Court of Plaintiffs' Factual Misstatement**

There is nothing inappropriate about Defendants informing the Court of a misstatement of fact contained in Plaintiffs' briefing.  Indeed, Defendants had an obligation to do so.  *See, e.g.*, *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 652 (2d Cir. 1999) (holding that a party had an "obligation to correct any perceived error when the amount of the judgment was discussed, an omission that deprived the district court of an opportunity to correct any misunderstanding or erroneous conclusion").  *Cf. Astro-Med, Inc. v. Plant*, 250 F.R.D. 28, 34-35 (D.R.I. 2008) ("[T]here is an inherent professional obligation imposed upon attorneys to correct misstatements.") (quoting *Jones v. Derwinski*, 1 Vet. App. 596, 606 (Vet. App. 1991)).  Accordingly, Plaintiffs' Motion to Strike Defendants' Letter Opposition should be denied.

5

## II.     PLAINTIFFS' ALTERNATIVE REPLY BRIEF SHOULD BE DISREGARDED

Pages 3-6 of Plaintiffs' Motion are styled as a purported "Reply to the Letter Opposition." The Court should not consider Plaintiffs' alternative "Reply." To the degree that one accepts Plaintiffs' charade that Defendants' letter is an "Opposition" to Plaintiffs' Motion to Compel, then this "Reply" is clearly untimely and raises new arguments to which Defendants lack a right of response.

The alternative "Reply" purports to respond to a letter provided to Plaintiffs' counsel on October 25, 2011, and handed up to the Court at the hearing on November 17, 2011. However, the "Reply" was not filed with the Court until December 22, 2011. Notwithstanding this delay, Plaintiffs have not sought leave to file their "Reply" brief out of time. Accordingly, the alternative "Reply" should not now be considered by the Court for that reason alone.

The alternative "Reply" should also be disregarded because it makes three pages of factual and legal arguments which were not made in the opening briefing regarding the BBC subpoena, many of which Defendants dispute, and to which Defendants do not presently have a right to respond. Accordingly, the Court should disregard the "Reply" for that reason as well.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Defendants' Letter Opposition should be denied and Plaintiffs' Alternative Reply to the Letter Opposition should be disregarded.

---

[1] Defendants are, of course, willing to respond in the fashion most helpful to the Court. Accordingly, rather than respond in substance here in what would, according to Plaintiffs' procedural universe, amount to an unauthorized Sur-reply, Defendants will await the Court's direction regarding whether and in what form it wishes Defendants to respond to the arguments on pages 3-6 of Plaintiffs' alternative Reply brief.

1214943.2

Dated: January 3, 2012              Respectfully submitted,

/s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1214943.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 3rd day of January 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>(718) 855-3627
>(718) 855-4696
>rjt@tolchinlaw.com
>*Attorneys for Plaintiffs*


　　　　　　　　　　　　　　　　　　/s/ Mark J. Rochon

1214943.2