IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 04cv397 (GBD) (RLE) |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO THE MAGISTRATE JUDGE FOR RECONSIDERATION**

Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") hereby submit the following Opposition to Plaintiffs' Motion to the Magistrate Judge for Reconsideration (Dkt. Nos. 179 and 180). Plaintiffs' Motion should be denied.

**BACKGROUND**

On September 28, 2011, Plaintiffs, by letter, requested that the Court issue a Letter of Request pursuant to the Hague Convention seeking depositions of Abdullah and Bilal Barghouti. Dkt. No. 180-1. Plaintiffs' letter included Defendants' position that, although Abdullah Barghouti had been convicted in connection with one of the attacks at issue in these cases, Bilal Barghouti did not appear to have any knowledge relevant to these cases. *Id.* at 2. Plaintiffs' letter also admitted that Plaintiffs "have no information connecting Bilal Barghouti personally to any of the attacks at issue." *Id.*

At the hearing on November 17, 2011, counsel for the Plaintiffs asked the Court to issue the Hague Request for both Abdullah and Bilal Barghouti. *See* November 17, 2011 Hearing Transcript at 9. The Court responded by asking Plaintiffs' counsel if he wanted to supplement

1214945.1

his letter in order to attempt to meet his burden of "burden of demonstrating to [the court] that it's appropriate under the circumstances" to issue a Hague Request for a deposition of Bilal Barghouti in this case. *Id.* at 9-12. In response, counsel for Plaintiffs stated that he believed that his prior letter had satisfied his burden, *id.* at 10, 11.

Defendants counsel then reiterated their position with respect to Bilal Barghouti that

> plaintiffs have told me they have no evidence
> that he's connected with any of the attacks in the case. And
> the reason that's stated in the letter for calling him would be
> to testify to things that his brother Abdullah did. So that
> appears to me to be cumulative for what that's worth as the
> court considers whether it's justified.

*Id.* at 12. The Court then asked Plaintiffs' counsel if he "dispute[d] what [Defendants' counsel] just said," and the following exchange occurred between Plaintiffs' counsel and the Court:

> MR. TOLCHIN: I'm talking about -- one was convicted.
> The fact that another individual may not have personally done
> things but he knows things but his brother did it, he is a
> source of information. That's a perfectly valid deposition to
> take. We're talking about -- I don't know what will be
> admissible at trial but your brother --
> THE COURT: I'm sorry, are you suggesting --
> forgetting for the moment the context in which this case takes
> place, all right, are you saying that if you sued person X for
> events that they've done, you could interview brother Y because
> you say that he must know what brother X did?
> MR. TOLCHIN: Let me put it in a hypothetical. In a
> case against Bernie Madoff, we're taking the deposition of his
> son who worked with him in the company but may or may not
> have been directly involved in the scam. Would that be a valid
> deposition to take?
> THE COURT: Yes, but if he didn't work in the company
> the question is would it be a valid deposition in the case?
> MR. TOLCHIN: This fellow is also in jail for
> carrying out terrorist attacks in the same time frame.
> THE COURT: Okay. Okay. The analogy would be if you
> had a son of Bernie Madoff who had done some other scam and
> you say he was involved in some bad stuff. Can you depose him in
> the thing that Madoff was involved in? The answer seems to me
> [is] no.

1214945.1

*Id.* at 14-15.

The Court subsequently took the matter under advisement. *Id.* at 15-16. The next day the Plaintiffs sent the Court another letter attempting to justify Bilal Barghouti's deposition. Dkt. No. 180-2. On November 28, 2011, Defendants responded to Plaintiffs' November 18, 2011 letter. On December 9, 2011, the Court issued an order which provides in pertinent part that:

> Plaintiffs cannot demonstrate Bilal Barghouti's participation in any of the attacks at issue. They claim the need to depose Bilal Barghouti because he has been connected to other terrorist attacks and is Abdullah Barghouti's brother. Abdullah Barghouti's potential testimony is relevant to the Plaintiffs' claims, and thus meets Rule 26's relevance standard. Plaintiffs' request to depose Bilal Barghouti, however, does not satisfy Rule 26 and does not warrant issuance of letters from this Court to a foreign court. As such, Plaintiffs' request for Court-issued Hague Letters as to Abdullah Barghouti is **GRANTED,** but the request as to Bilal Barghouti is **DENIED.** Plaintiffs shall submit revised proposed Hague Letters to the Court in accordance with this Order.

Dkt. No. 171 at 2-3. Plaintiffs now seek reconsideration of that ruling.

## **STANDARD OF REVIEW**

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Croton Watch Co., Inc. v. National Jeweler Magazine, Inc*., No. 06 CV 662, 2006 U.S. Dist. LEXIS 75384, at *3 (S.D.N.Y. Oct. 16, 2006 (Daniels, J.) (internal citations and quotations omitted). Accordingly,

> [t]he standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) is a strict one. The party must be able to point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. A motion for reconsideration is not a substitute for appeal, and is generally only granted on three grounds: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*In Re McRay*, No. 03 Civ 9685, 2011 U.S. Dist. LEXIS 14816, at *14-15 (S.D.N.Y. Feb. 15, 2011) (Ellis, MJ) (internal citations and quotations omitted).

> The standard for granting reconsideration is strict, and such relief is generally appropriate only where the movant identifies a controlling decision or factual matters which was overlooked by the Court and which might reasonably be expected to alter the Court's decision. Reconsideration should be denied where the movant simply seeks to relitigate an issue already decided by the Court.

*2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, No. 09-CV-08526, 2010 U.S. Dist. LEXIS 132755, at *3 n.3 (S.D.N.Y. Dec. 13, 2010) (Daniels, J) (internal citations and quotations omitted). "Moreover, Rule 6.3 is not a vehicle for rearguing those issues already considered when a party does not like the way the original motion was resolved[.]" *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 CV 5141, 2005 U.S. Dist. LEXIS 32093, at *6 (S.D.N.Y. Dec. 8, 2005) (Daniels, J.) (internal citations and quotations omitted).

## ARGUMENT

Plaintiffs claim that the Court "overlooked or misapprehended factual matters" when ruling on Plaintiffs' application for a Hague Request. Dkt. No. 180 at 1. In fact, Plaintiffs Motion for Reconsideration fails to cite any new evidence or any facts that were not before the Court at the time it made its ruling on December 9, 2011. Indeed, all of the facts cited in Plaintiffs' Motion are contained in the letters they wrote to the Court on September 28 and November 18 and stated at the hearing on November 17.

Plaintiffs' principal argument is that the statement in the December 9, 2011 Order that "plaintiffs seek the deposition of Bilal Barghouti 'because he has been connected to other terrorist attacks and is Abdullah Barghouti's brother,'" is "mistaken as a matter of fact" because "to plaintiffs' knowledge, the two are not brothers." Dkt. No. 180 at 6 (quoting Dkt. No. 171 at 3). Plaintiffs cite no new evidence regarding the familial relationship, or lack thereof, between Abdullah Barghouti and Bilal Barghouti, but instead attempt to blame Defendants by claiming that "[c]onfusion was introduced into the discussion by defendants' counsel . . . who referred to

4

1214945.1

Abdullah Barghouti and Bilal Barghouti as brothers." Dkt. No. 180 at 4.  However, as Plaintiffs note, Plaintiffs' counsel also referred to these individuals as brothers at the November 17 hearing.  *Id.*  Indeed, Plaintiffs referenced them as brothers on multiple occasions, and specifically argued that their fraternal relationship was a basis for granting the Hague request.  November 17, 2011 Hearing Transcript at 14.  Now that the request has been denied, Plaintiffs have reversed course, and argue that the men are not brothers, and that their not being brothers is a reason for the Court to now grant the request.

The passing reference to these individuals as "brothers" made by counsel for Defendants, *id.* at 12, was based on a 2001 article published in the Guardian newspaper which so-described them.  *See* Ex. 1 hereto.  Defendants obviously cannot speak to why Plaintiffs' counsel also repeatedly described the individuals as brothers, and used that relationship to support their argument to the Court.  *See* November 17, 2011 Hearing Transcript at 14.  Plaintiffs' counsel now claims that he referred to them as brothers because he "assumed that Mr. Hill and his clients knew more about Abdullah Barghouti and Bilal Barghouti than he did." Dkt. No. 180 at 4.  In that case, Plaintiffs would have also adopted Defense counsel's immediately preceding statement that "[a]s far as I know, there's no connection between either of these individuals and the defendant[s]."  *See* November 17, 2011 Hearing Transcript at 12.

Plaintiffs now claim that, contrary to what the Guardian reported, these individuals are not brothers.  Dkt. No. 180 at 4, 6.  Plaintiffs cite no new evidence on this point, but it is ultimately irrelevant because their familial relationship is clearly not material to the Court's ruling that Plaintiffs failed to establish that Bilal Barghouti had relevant knowledge.  The bottom line remains that, regardless of how or whether Bilal and Abdullah Barghouti are related, "Plaintiffs cannot demonstrate Bilal Barghouti's participation in any of the attacks at issue," and

"Plaintiffs' request to depose Bilal Barghouti," therefore "does not satisfy Rule 26 and does not warrant issuance of letters from this Court to a foreign court." Dkt. No. 171 at 3.

Plaintiffs remaining arguments merely repeat what they previously said in their September 28 and November 18 letters to the Court, which were sent before the December 9, 2011 Order, *see* Dkt. No. 180 at 6, and therefore provide no basis on which to reconsider the Court's December 9, 2011 Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to the Magistrate Judge for Reconsideration should be denied.

Dated: January 3, 2012                  Respectfully submitted,

/s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1214945.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 3rd day of January 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>(718) 855-3627
>(718) 855-4696
>rjt@tolchinlaw.com
>*Attorneys for Plaintiffs*

      /s/ Mark J. Rochon