IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04cv397 (GBD) (RLE) |
| THE PALESTINE LIBERATION ) ORGANIZATION, *et al.*, ) | |
| Defendants. ) | |

## **DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (collectively "Defendants"), through undersigned counsel, move for partial judgment on the pleadings.

Plaintiffs' First Amended Complaint ("Complaint") includes thirteen counts. Only the first count pleads a cause of action under federal law. *See* DE 4 (Complaint) ¶¶ 126-34 (seeking relief under the civil remedies provision of the Anti-Terrorism Act, 18 U.S.C. § 2333). The Complaint does not identify the law governing the remaining non-federal claims, but applying New York choice of law principles, Israeli law would govern.

Defendants respectfully request that the Court grant the instant motion and dismiss with prejudice Plaintiffs' non-federal claims for lack of capacity. The law of the forum state determines the capacity of unincorporated associations, such as Defendants here, to be sued for non-federal claims. *See* Fed. R. Civ. P. 17(b). Under New York law, an unincorporated association cannot be sued in its own name. Instead, it can only be sued in the name of its President or Treasurer — and only then if the complaint alleges that each member of the

association knowingly approved or ratified the conduct at issue.  Here, the Plaintiffs have sued the PA and PLO in their own names, warranting dismissal of the non-federal counts.  The Court should not, moreover, give Plaintiffs leave to amend the Complaint to name the President or Treasurer of the PA and PLO as representative defendants because the Complaint does not allege — and Plaintiffs could never establish — that each member of the PA and PLO knowingly approved or ratified the seven terrorist attacks at issue in this lawsuit.  Accordingly, the non-federal claims must be dismissed with prejudice.

In the alternative, the Court should exercise its discretion under 28 U.S.C. § 1367(c)(1) and (c)(2) to decline to exercise supplemental jurisdiction over Plaintiffs' non-federal, Israeli law claims.  Litigating numerous Israeli law tort claims will add significant complexity to the case, to the point that Plaintiffs' Israeli claims would predominate over their federal law claim, and delay resolution of a lawsuit that already is more than seven years old.

January 3, 2012                                    Respectfully Submitted,

/s/ Mark J. Rochon
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 3rd day of January 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com
>
>*Counsel for Plaintiffs*

                                        /s/ Mark J. Rochon
                                        Mark J. Rochon