UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARK I. SOKOLOW et al.,                            :   04-CV-00397 (GBD)(RE)
                                                   :
                                                   :
                     Plaintiffs,                   :
                                                   :
        -against-                                  :   ECF CASE
                                                   :
                                                   :
THE PALESTINIAN LIBERATION ORGANIZATION,           :
et al,                                             :
                     Defendants.                   :
                                                   :
------------------------------------------------------------------------x


**THE BBC'S COUNTER NOTICE TO CORRECT MISSTATEMENTS MADE BY
PLAINTIFFS IN THEIR "NOTICE" FILING OF JANUARY 24, 2012**



Miller Korzenik Sommers LLP
488 Madison Avenue, Suite 1120
New York, NY 10022
(212) 752-9200
lsommers@mkslex.com
*Attorneys for The British
Broadcasting Corporation*

**THE BBC'S COUNTER NOTICE TO CORRECT MISSTATEMENTS MADE BY PLAINTIFFS IN THEIR "NOTICE" FILING OF JANUARY 24, 2012**

The British Broadcasting Corporation (the "BBC") opposes Plaintiffs' "Notice of Relevant Facts Concealed by the BBC" ("Pl. Notice"), which misrepresents the facts it purports to assert. As shown, Plaintiffs' charge that the BBC "concealed" relevant facts is false and disingenuous. Plaintiffs have misrepresented (i) the Declaration they now purport to proffer, as well as any significance to the matters at issue here, (ii) the BBC's position, made plain in its Motion to Quash, and (iii) the controlling standards that mandate a grant of the BBC's Motion to Quash Plaintiffs' Subpoena, and a denial of Plaintiffs' Cross Motion to Compel.

- **The BBC did not "Conceal" the Heideman Declaration, Which Neither Indicates Nor Implies that Heideman was "Almost Murdered In the Process" of Interviewing Zakaria Zubaidi.** Plaintiffs assert that the BBC somehow "concealed" from the Court that Richard D. Heideman, Esq. ("Heideman"), an attorney for the plaintiffs in Klieman v. Palestinian Authority, Civ No. 04-1173 (D.D.C.), had claimed in a Declaration submitted in the Klieman case that he met with Zakaria Zubaidi ("Zubaidi"), one of the BBC interviewees, in the West Bank and "was almost murdered in the process." Pl. Notice ¶3. This assertion is plainly false.

The Declaration in question does not state or imply in any respect that Heideman was "almost murdered in the process" of interviewing Zubaidi. He asserts only that after speaking with Zubaidi on a variety of topics, he was threatened with a warning to leave and not return. He does not indicate that his life was in any immediate danger or that he was threatened with any bodily harm, much less that he was "almost murdered." See Exhibit A to Pl. Notice.

Nor did the BBC "conceal" that Declaration or its contents from the Court.

First, the BBC did not learn about this Declaration or its contents until after the BBC filed its last permitted submission on the subpoena motions. Thus, that Declaration is dated

1

November 30, 2011, almost two weeks after the BBC filed its November 18, 2011 reply brief on its Motion to Quash. See BBC Reply Memorandum of Law in Support of Motion to Quash And Memorandum in Opposition to Plaintiffs' Cross Motion to Compel (Dkt#164) ("BBC Reply"). Second, that Declaration raises more questions than it answers. It reveals only some facts surrounding the Zubaidi interview, and does not disclose the entirety of what was said or even its precise date in February.[1] Nor does it reveal how the interview was obtained. What it does make clear, however, as shown below, is that Zubaidi was accessible in the West Bank, thereby contradicting Plaintiffs' position here.

Third, Plaintiffs contend that <u>Klieman</u> is a "related" case (Pl. Notice ¶3). Presumably then, they or their counsel (unlike the non-party BBC) were apprised of Heideman's February 2011 interview with Zubaidi within the nine months since it occurred and/or of the Declaration itself. They could have timely raised that matter in their submissions on the subpoena motions here, if they deemed it relevant. They did not do so.

In light of the circumstances here, it is disingenuous for Plaintiffs to claim that the BBC concealed any relevant matter from this Court. It did not.

● **<u>The Heideman Declaration is Not "Salient" to this Matter, Except Insofar As it Demonstrates, Contrary To Plaintiffs' Contentions, That Zubaidi Could Be Reached in the West Bank, and That Israeli Law Does Not Preclude Such Travel There</u>.** The Heideman Declaration lends no support whatsoever to Plaintiffs' Motion to Compel. If anything, it refutes Plaintiffs' reply Declaration of Jeremy Stern, which claimed that Israeli law precluded reaching Zubaidi by traveling to the West Bank. See Declaration of Jeremy Stern dated November 30,

---

[1] Indeed, Plaintiffs are no doubt aware that the Palestinian Authority wrote a letter dated December 12, 2011 to the <u>Kleiman</u> Court noting that the <u>Klieman</u> plaintiffs had failed to provide it with full discovery regarding the circumstances of the Heideman/Zubaidi interview in the nine months since it occurred. Civ No. 04-1173 D.D.C., Dkt#138, Ex. B.

2

2011 (Dkt#168), ¶¶10-16. [2] Taken on its face, the Heideman Declaration demonstrates that Heideman traveled to the West Bank and interviewed Zubaidi.

Nevertheless, that Declaration and that attorney's informal interview with Zubaidi in February 2011 are simply not "salient" here, where proper discovery channels are available to Plaintiffs. And, as Plaintiffs are aware (See January 11, 2012 Letter to Magistrate Judge Ellis from Louise Sommers for the BBC), at some point after the briefing concluded on the pending subpoena motions, Zubaidi surrendered himself to the custody of the Defendant PA. See, e.g., Avi Issacharoff, *Palestinian Pardoned By Israel Put Back on Wanted List*, HAARETZ.COM (Dec. 29, 2011); Gil Ronan & Elad Benad, *Top Terrorist Turns Himself In After Pardon Cancelled*, ISRAELNATIONALNEWS.COM (Dec. 29, 2011), annexed hereto as Exhibit 1.

Accordingly, contrary to Plaintiffs' contentions in their Notice and submissions on the pending motions, Zubaidi is no longer (if he ever was) at any place where Plaintiffs could not reach him for testimony, or where he could theoretically pose a threat to any visitor. He is rather under the physical custody and undeniable control of Defendant PA, a party to this lawsuit subject to the jurisdiction of this Court. That party can be ordered to produce him for an interview or testimony upon a proper showing.

- **The Heideman Declaration Is Not "Dispositive" of this Subpoena Matter.** The availability of Zubaidi for an interview is not the sole criteria by which disclosure of the BBC footage should be determined. Nor is the availability of Ata Abu Rumailleh, the other BBC

---

[2] The Stern Declaration violates Fed. R. Civ. P. 44.1, as Plaintiffs failed to give reasonable notice that they intended to raise issues of Israeli law, and should be disregarded for that reason alone. See, e.g., In re Magnetic Audiotape Antitrust Litigation, 334 F. 3d 204 (2d Cir. 2003). Even so, it raises new matter improperly offered for the first time on reply, purporting to rebut *legal* opinions of BBC's expert that were never offered. And it is improperly based on self-translated excerpts of Israeli case law in Hebrew that has not been provided to the BBC or the Court, is not available except with an Israeli database subscription and is not in an *independent* certified English translation. It is moreover, contradicted by Israeli government communiques and policy. See Letter dated December 13, 2011 to Magistrate Judge Ellis from Louise Sommers for the BBC.

3

interviewee who, contrary to Plaintiffs' characterization, has not been described as a "terrorist" and was not, in any event, purportedly visited by Heideman. Rather, as the BBC has demonstrated, it is the underlying information sought from the BBC and not its particular footage that is significant. See BBC Memorandum of Law in Support of Motion to Quash Subpoena (Dkt#142) ("BBC Mem.") pp.19-20; BBC Reply Memorandum of Law in Support of Motion to Quash And Memorandum in Opposition to Plaintiffs' Cross Motion to Compel (Dkt#164) ("BBC Reply") pp. 16-18.

Here, the Plaintiffs can obtain the underlying *information* at issue – proof of whether the Al-Aqsa Martyrs Brigades ("Al-Aqsa") and Fatah or the PLO are the same organization – directly from Defendants PLO and PA, or from the numerous other witnesses and documents which can provide first-hand information – rather than second-hand hearsay from the BBC. Many of these sources are primary and available outside the West Bank. See examples at BBC Reply Mem. pp. 11-12, 16-18. See also Reply Declaration of Dr. Yezid Sayigh (Dkt #165) ("Sayigh Decl.") ¶¶18, 35-40. Indeed, the BBC materials and interviews do not address and are not linked to the attacks in issue here, and are thus neither unique nor relevant. See Decision and Order, December 9, 2011 (Dkt#171) (Plaintiffs did not satisfy Rule 26 relevance standard in seeking Court-issued Hague letter to depose witness not linked to or shown to have participated in attacks in issue).

- **The BBC Demonstrated Numerous Grounds for Quashing Plaintiffs' Subpoena.**

Plaintiffs assert that the BBC opposed producing the subpoenaed footage "because plaintiffs' counsel could purportedly travel to the Palestinian-governed areas of the West bank in order to interview the terrorists" interviewed by the BBC. Pl. Notice ¶2. As the BBC's motion to quash demonstrates, however, the BBC provided at least six additional reasons why the compulsion sought by Plaintiffs is not warranted:

4

1. the Subpoena violates the territorial restrictions of Fed. R. Civ. P. 45;[3]

2. Plaintiffs' counsel already has the BBC Program at issue since the BBC previously provided it to Robert Tolchin – a fact that Plaintiffs have not denied;[4]

3. the BBC Outtakes and testimony sought are privileged under Federal and State Law and Plaintiffs have not overcome those privileges;[5]

4. there exists numerous alternative sources for the information sought, including but not limited to those convicted of the relevant attacks, and first hand documentary sources – which Plaintiffs have not denied;[6]

5. the BBC Program and the Outtakes contain inadmissible hearsay;[7] and

6. policy considerations outweigh compulsion.[8]

Plaintiffs have not overcome _any_ of these grounds. Their instant Notice should be disregarded. The BBC's Motion to Quash should be granted and Plaintiffs' Cross-Motion to Compel should be denied.

MILLER KORZENIK SOMMERS LLP

Dated: New York, New York  By /s/ Louise Sommers
January 25, 2012  Louise Sommers
David S. Korzenik
Itai Maytal
488 Madison Avenue Suite 1120
New York, New York 10022-5702
212-752-9200
lsommers@mkslex.com
Attorneys for The British Broadcasting Corporation

---

[3] See BBC Mem. pp.8-12; BBC Reply pp. 3-9.

[4] See BBC Mem. p.1 n.1; Declaration of Nicola Cain, Barrister with the BBC, (Dkt#144) ¶3.

[5] See BBC Mem. pp. 14-21; BBC Reply pp. 13-17. See also Sayigh Decl. ¶¶18, 35-40.

[6] See BBC Mem. pp. 18-20; BBC Reply pp. 16-18. See also Sayigh Decl. ¶¶18, 35-40

[7] See BBC Mem. p. 23; BBC Reply pp. 20-23.

[8] See BBC Mem. pp. 20-23; BBC Reply pp. 18-20; See also Reply Declaration of Jean-Francois Julliard, Secretary General to Reporters Without Borders (Dkt#166).