UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

Civ. No. 04-397 (GBD) (RLE)

## DECLARATION OF JEREMY STERN

Jeremy Stern, of Beit Shemesh, Israel, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am a graduate of Princeton University and the Law Faculty of the Hebrew University in Jerusalem. I am member of the Israeli Bar and a member of the New York State Bar, and I currently have my own law practice in Jerusalem. I am fluent in English and Hebrew and capable of translating accurately between those languages.

2. I have no financial or other interest in this litigation.

3. Counsel for the plaintiffs in the above-captioned action have asked me to address the question of whether the plaintiffs would be barred by the Israeli statute of limitations from bringing a civil action in an Israeli court for the attacks that are the subject of this action.

4. In Israel, limitations periods are governed by the **Limitations Law, 5718-1958**. Section 5(1) of the **Limitations Law** provides a seven-year limitations period for filing civil actions in all matters other than real property disputes, and Section 6 of the **Limitations Law** provides that "the limitations period begins on the day that the cause of action arises."

5.  Thus, since the attacks at issue in this case occurred more than seven years ago, the plaintiffs are barred by the **Limitations Law** from bringing a civil action in an Israeli court for those attacks – unless they can show that the limitations period was tolled. The **Limitations Law** contains several tolling provisions, only two of which[1] are potentially relevant here:

6.  The first tolling provision possibly relevant here is Section 10 of the **Limitations Law**, which provides that the limitations period is tolled until the plaintiff reaches the age of eighteen. Thus, if any of the plaintiffs in the above-referenced action was a minor at the time of the attack in which he or she was harmed, the seven-year limitations period would begin to run only from the date such plaintiff reached majority.

7.  The other tolling provision that <u>might</u> be relevant here is Section 15 of the **Limitations Law,** which provides that if an action is filed in court and then dismissed without prejudice, the limitations period is tolled for the time that the action was pending.

8.  I have underlined the word "might" above, because nothing in the **Limitations Law** or any other Israeli statute indicates whether Section 15 would operate to toll the limitations period where, as here, the first action is filed in a court outside of Israel. Nor does there appear to be any Israeli case law determining whether Section 15 applies to actions filed outside of Israel.

9.  After an extensive search of the Israeli case law I have found only one decision that even discusses this question. That decision was entered by the Jerusalem District Court in *Chasser v. PLO*. The *Chasser* plaintiffs, who were passengers on the hijacked Achille Lauro

---

[1] The other tolling provisions relate to: incompetency and guardianship; cases where the parties were married to one another when the cause of action arose; cases where a party's location made conducting the action impossible; and cases of sexual abuse and abuse of minors.

cruise liner, originally brought suit against the PLO in the U.S. District Court for the Southern District of New York. That suit was dismissed without prejudice. *Klinghoffer v. S.N.C. Achille Lauro*, 795 F.Supp. 112, 116 (S.D.N.Y. 1992). In 2000 the *Chasser* plaintiffs filed a new suit against the PLO, this time in Israel, and the PLO moved to dismiss on the basis of the limitations defense in Section 5(1) of the **Limitations Law**. In their opposition to that motion the *Chasser* plaintiffs argued that the limitations period had been tolled under Section 15 during the pendency of the action in the Southern District of New York. In its reply papers filed May 24, 2005, which I have examined, the PLO asserted that Section 15 does <u>not</u> operate to toll the limitations period where, as here, the original suit is filed outside of Israel. In the PLO's words:

> Section 15 of the Limitations Law does not apply in the instant matter ... the application of that section, and of the Limitations Law as a whole, is territorial, and does not apply to actions and proceedings that took place in foreign courts.

Movants' Reply, filed 5/24/05, in Civ. No. 2287/00 *Chasser v. PLO*, at ¶¶ 13-14.

10.   In a decision issued on September 20, 2005, the Jerusalem District Court rejected the *Chasser* plaintiffs' attempt to rely on Section 15, finding that the limitations period had expired "since more than 7 years passed between dismissal of the action in the United States and the initiation of the proceeding in Israel, and that is without addressing the question of the status of an action filed in a foreign forum for the purposes of Section 15 to the Limitations Law." Decision issued 9/20/05 in Civ. No. 2287/00 *Chasser v. PLO* (published by Nevo) at ¶ 6.[2]

---

[2] The Jerusalem District Court nonetheless denied defendants' motion on the grounds that between 1985 and 1994 the PLO was headquartered in Tunisia, and that the limitations period was therefore tolled under Section 14 of the **Limitations Law**, which provides for tolling during the period that one of the parties is located in a place that makes conducting the action impossible. Obviously, the instant plaintiffs would be unable to rely on that exception, because since 1994 the PLO has been headquartered in the West Bank, not Tunisia.

11. Thus, the *Chasser* court rejected the plaintiffs' argument on factual grounds, leaving open the legal issue of whether Section 15 applies to actions filed outside of Israel.

12. In sum: if the plaintiffs were to file suit in Israel the defendants would be entitled to seek and obtain dismissal on limitations grounds unless the plaintiffs could convince the trial court, and ultimately the Israeli Supreme Court (to which either party would have a right of appeal from any adverse decision), that Section 15 applies to foreign proceedings. It is impossible to know, or even to conjecture, whether the plaintiffs would be able to do so.

13. It should also be noted that under Israeli Supreme Court precedent, once a defendant has raised a limitations defense the burden shifts to the plaintiff to show that the limitations period was tolled. Civ.App. 34/88 *Rice v. Estate of Aberman*, 44(1) P.D. 278, 283 (1990). Thus, the burden to convince the Israeli courts that Section 15 should be construed to apply to foreign actions would be entirely on the plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 30, 2012

_____
Jeremy Stern