# In The Matter Of:

## *YAAKOV LICCI v.*
## *AMERICAN EXPRESS BANK*

---

*March 11, 2009*

---

*CONFERENCE*
*SOUTHERN DISTRICT REPORTERS*
*500 PEARL STREET*
*NEW YORK., NY 10007*
*212-805-0300*

Original File 93BDLICC.txt, Pages 1-14

**Word Index included with this Min-U-Script®**

## Page 1

```
                            93bdlicc
                                          CONFERENCE
[1]     UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
[2]     ------------------------------x
[3]     YAAKOV LICCI, et al.,
[4]                  Plaintiffs,          New York, N.Y.
[5]           v.                          08 Civ 7253 (GBD)
[6]     AMERICAN EXPRESS BANK LTD.,
        and LEBANESE CANADIAN BANK,
[7]     SAL,
[8]                  Defendants.
[9]     ------------------------------x
[10]                                      March 11, 2009
                                          10:08 a.m.
[11]    Before:
[12]
                    HON. GEORGE B. DANIELS,
[13]
                                          District Judge
[14]
                           APPEARANCES
[15]
        ROBERT J. TOLCHIN
[16]         Attorney for Plaintiffs
[17]    MORRISON & FOERSTER LLP
             Attorneys for Defendant American Express
[18]    BY:  MARK P. LADNER
             MARK McPHERSON
[19]
        DEWEY & LEBOEUF
[20]         Attorneys for Defendant Lebanese Canadian Bank
        BY:  LAWRENCE S. HIRSH
[21]         JOSHUA SPRAGUE
[22]
[23]         THE CLERK:  The first case is Yaakov Licci v. American
[24]    Express Bank.
[25]         Will the parties please state their names for the
```

## Page 2

[1] record, beginning with the plaintiff.

[2]     **MR. TOLCHIN:** Good morning, your Honor. Robert

[3] Tolchin for the plaintiff.

[4]     **THE COURT:** Good morning, Mr. Tolchin.

[5]     **MR. LADNER:** Good morning, your Honor. Mark Ladner,

[6] Morrison Foerster, for the American Express Bank, and I'm here

[7] with my partner, Mark McPherson.

[8]     **THE COURT:** Good morning.

[9]     **MR. HIRSH:** Lawrence Hirsh, your Honor, from Dewey &

[10] LeBoeuf, for Lebanese Canadian Bank. I am here with my

[11] associate, Joshua Sprague.

[12]     **THE COURT:** Good morning.

[13]     **MR. HIRSH:** Good morning.

[14]     **THE COURT:** Let me start with Mr. Tolchin. What is

[15] the status from your perspective?

[16]     **MR. TOLCHIN:** I'm sorry, sir?

[17]     **THE COURT:** What do you want to do, Mr. Tolchin? How

[18] do you want to proceed?

[19]     **MR. TOLCHIN:** Where we stand right now in this case is

[20] that the amended complaint has been filed. The defendants have

[21] indicated that they are planning to make a motion to dismiss.

[22] One of the grounds that they raise is that they note that they

[23] are going to move to dismiss on has to do with choice of law.

[24]     What's interesting about this case is that several

[25] causes of action are based on Israeli law. By way of

## Page 3

[1] background, I don't know if you -- stop me if I am telling you

[2] what you have read already, your Honor. The plaintiffs in this

[3] case are individuals who were victims of terrorist attacks on

[4] a -- specifically rocket attacks by the Hizbollah terrorist

[5] organization in Lebanon, and the gist of the claim is that the

[6] defendants, Lebanese Canadian Bank and American Express Bank,

[7] facilitated wire transfers, financial transactions, with

[8] Hizbollah, thereby enabling Hizbollah to obtain access to

[9] dollars and evade the United States sanctions regime and

[10] international embargoes that are intended to starve them of

[11] cash and diminish their ability to carry out terrorist attacks.

[12]     So you have wire transfers that were conducted through

[13] New York, victims who were injured in Israel, and a debate as

[14] to what law to apply to the negligence cause of action.

[15]     **THE COURT:** OK. So how do you want to proceed? When

[16] do you want to make the motion?

[17]     **MR. TOLCHIN:** Well, they have to make the motion, and

[18] I know what's going to happen is they are going to submit an

[19] affidavit from an Israeli law expert opining that under Israeli

[20] law we don't have a claim or the claim has to be limited, and

[21] we're going to submit an affidavit from an Israeli law expert

[22] saying that we do have a claim and he disagrees with them, and

[23] then somehow or other your Honor has to decide the issue of

[24] Israeli law.

[25]     Now, we believe that it would be most helpful, and I

## Page 4

[1] don't see a practical way not to do it, to conduct expert

[2] discovery of those experts. In other words, we should have an

[3] opportunity to depose each other's experts, confront them,

[4] cross-examine them, and narrow down the issues so that your

[5] Honor would have really a full record to be able to make a

[6] decision which view of Israeli law to go with.

[7]     **THE COURT:** So your position now is that you want to

[8] take the deposition before the motion is filed?

[9]     **MR. TOLCHIN:** No, I think it would make sense to file

[10] the motions and then have the depositions. If we wanted to

[11] have the depositions before they file their motion, that would

[12] also be fine. Just at some point there should be depositions

[13] of the experts.

[14]     **THE COURT:** Well, even making that judgment from your

[15] perspective, it seems to me it makes sense for you to see the

[16] motion to see what the expert has to say before you figure out

[17] whether or not it is going to be worth your time and effort to

[18] do a deposition. I mean, these are legal experts. These

[19] aren't any other kind who -- I mean, experts that have some

[20] scientific knowledge that we can't understand. So I'm not

[21] quite sure of whether or not you are going to think it is worth

[22] the time, effort or expense to depose an expert who is simply

[23] going to read the same law that you read and give his or her

[24] personal opinions as to whether or not it applies. I'm not

[25] sure what more you think you are going to get out of a

Page 5

[1] deposition.
[2] **MR. TOLCHIN:** You know, we're going to have our own
[3] expert and the experts are going to disagree and I think it
[4] would be -- I think --
[5] **THE COURT:** Experts always disagree.
[6] **MR. TOLCHIN:** Of course. But I think it would be
[7] tremendously valuable to question the witness and to ask him,
[8] you know, when you reached this opinion, did you consider this,
[9] did you consider that, what about this case, does that change
[10] your opinion, and narrow it down. And as a result of that
[11] examination, there really may be things that each side's expert
[12] may want to back off of or they may move closer to each other,
[13] but the questioning will make it easier for your Honor.
[14] **THE COURT:** Well, if you want to attempt to work it
[15] out with the other side, if you want to agree to give your
[16] expert's opinions early and exchange the experts' opinions,
[17] then you can make a more informed judgment as to whether or not
[18] some sort of deposition is appropriate, helpful or necessary.
[19] Otherwise I think that, you know, if the two sides can't agree,
[20] the appropriate thing to do is to have them file their motion.
[21] Then you can either make an application and tell me why you
[22] need to take a deposition before you file your response, and if
[23] that's appropriate, then I'll let you take your deposition
[24] before you file your response. But otherwise I think that they
[25] should file their motion, file their affidavit of their expert.

Page 6

[1] You can respond by filing your motion and filing your affidavit
[2] with your expert. If necessary, you can bring your experts in
[3] here or have a deposition or have a hearing on the experts, if
[4] you think that that's what's going to be helpful to me.
[5] But the question is, as I say, when you say "helpful,"
[6] the question is whether it is helpful to the lawyers or it is
[7] helpful to me to make a decision, and I'm really interested in
[8] what is going to be helpful to me to make a decision. In most
[9] cases, I have rarely seen a particular need to depose the
[10] experts when the experts are simply arguing whether certain law
[11] applies. Quite frankly, if they can't point me to something
[12] that will convince me on paper that their position is correct,
[13] it's rare that something they have to say based on their
[14] testimony under oath is going to be particularly illustrative
[15] to decide that issue for me.
[16] I don't care how firmly they believe it or how
[17] credible they sound, you know, I want to know what law they are
[18] basing it on and what references they are making for me to make
[19] that interpretation. And if that interpretation is simply
[20] their opinion and no one else has stated that opinion
[21] officially, then it's going to not have very much weight,
[22] whether it is your expert or their expert.
[23] So I would suggest, first, that if either one of your
[24] experts can point to some authority that clearly would indicate
[25] that a particular law would apply, then you should point to

Page 7

[1] that authority, and if that authority is clear, then, you know,
[2] we can move from there. If that authority is not clear --
[3] obviously, the more persuasive one is the one that is pointing
[4] to some authority rather than a person who is simply giving me
[5] what their particular opinion happens to be and nobody else
[6] seems to have that opinion. So at this point I think it makes
[7] more sense for you to see what the expert has to say. That
[8] seems to be to narrow the issues more than anything else.
[9] So let them file their motion, see what the expert has
[10] to say. If you think that you need to depose the expert for
[11] some reason and the two of you haven't agreed to exchange
[12] expert opinions before the motion is filed and can't agree on
[13] whether or not a deposition should or shouldn't take place, if
[14] you think it should take place then you should make that
[15] application to me before -- after you file the response and
[16] give me a reason why you say that based on your review of the
[17] motion and the expert's opinion, why in your opinion that it is
[18] going to be that important for my decision for me to have some
[19] deposition of the experts before the motion is decided.
[20] At this point I don't even know exactly how the motion
[21] is going to be articulated or how the motion is going to be
[22] formed so it is not possible for me to say that it makes any
[23] sense at this point in time to depose legal experts on Israeli
[24] law, unless the two of you won't agree to expend the time,
[25] effort and expense to do that.

Page 8

[1] **MR. TOLCHIN:** Judge, what I think would actually make
[2] the most sense would be to, if we do the depositions, to do
[3] them after each side has put in their expert affidavit. In
[4] other words, my expert has his opinion. Their expert has his
[5] opinion. Each side will put in affidavits. I can guarantee
[6] you, in advance, that you are going to have two experts, each
[7] citing authorities and each claiming to be right.
[8] **THE COURT:** I will bet money on that, too.
[9] **MR. TOLCHIN:** And I would bet money on the
[10] conclusion -- I'm saying that it's not a position that I would
[11] envy your Honor to be in because, you know, we didn't go to law
[12] school in Israel, we can't -- it's difficult to do original
[13] research. The source material is in a foreign language. It is
[14] coming from a completely different legal system --
[15] **THE COURT:** I've done it before and I've done it on
[16] Israeli law before, and, quite frankly, it is not much
[17] different than doing it on New Jersey law; the principles are
[18] basically the same.
[19] You can cite me some authority and how the law is
[20] going to apply. If you think this is a unique situation that
[21] has never come up before, then your experts aren't as much use
[22] to me as they are if they can show me clearly and logically and
[23] reasonably why certain law applies and why certain law doesn't
[24] apply.
[25] If you want to exchange expert reports, the two of you

Page 9

[1] should consider doing that. Otherwise it is going to be their
[2] responsibility to give you their expert report prior to you
[3] giving them your expert report because they've got to make the
[4] motion and they've got to attach the affidavits and the support
[5] for their motion. So I assume you're going to get it either
[6] simultaneously if you want to exchange it with them
[7] simultaneously or you are going to get it first if they are
[8] going to have to make the motion based on their expert and
[9] their expert's opinion and their expert's report.
[10]   **MR. TOLCHIN:** So just mechanically -- obviously, we'll
[11] proceed whatever way your Honor thinks is the most useful.
[12] Just procedurally, they're going to file their motion. We'll
[13] get our expert report. If we think that at that point that
[14] depositions would be helpful, mechanically how should we raise
[15] that with your Honor?
[16]   **THE COURT:** Then you should send me a letter
[17] application saying you need a deposition of this expert before
[18] you can respond, and you should articulate in that letter why
[19] you say based on the papers you have received that you would
[20] need such a deposition. And if I think a deposition is
[21] appropriate, I will give it to you.
[22]   But, you know, it's got to be more than just the
[23] argument you make now in the abstract that, you know, you would
[24] like to put some tough questions to the experts before they
[25] respond, and you've got to tell me, given the nature of the

Page 10

[1] motion and given nature of the issue and given the nature of
[2] the opinion and the nature of your expert's opinion, why the
[3] limited dispute among the experts on the issue requires
[4] depositions as opposed to my simple review of whether or not
[5] either expert has submitted any reasonable support for their
[6] opinions. And if their expert hasn't submitted reasonable
[7] support for their opinion or your expert demonstrates to me --
[8] points out to me why it is wrong, then I don't think I need a
[9] deposition, I think I can deny the motion.
[10]   You have to make that informed judgment when you see
[11] the papers, or if you want to exchange expert reports before
[12] then, you can make that judgment and make that application.
[13] Unless you want to proceed a different way. Whatever way you
[14] want to proceed.
[15]   **MR. TOLCHIN:** Ultimately, Judge, you are the one we
[16] have to convince.
[17]   **THE COURT:** Ultimately, you are the one that has to do
[18] the convincing, so I want to first give you an opportunity to
[19] do it the way you want to do it, the way you think is going to
[20] be most persuasive.
[21]   **MR. TOLCHIN:** I just think to make the fullest
[22] arguments, to really have a robust record and put before the
[23] Court everything that can possibly assist the Court and have a
[24] complete record, at some point in the process the experts
[25] should be deposed and --

Page 11

[1]   **THE COURT:** Well, so --
[2]   **MR. TOLCHIN:** If it is before the motion is made or
[3] after the motion or after the motion and after we serve our
[4] expert report --
[5]   **THE COURT:** What I'm most comfortable with at this
[6] point is for you to get the motion, the expert report. Look at
[7] it in context, and then make an informed judgment of whether or
[8] not your expert and your response can dispatch their motion
[9] without any further depositions, or whether or not you think
[10] you need a deposition to fight this motion.
[11]   If you think you need a deposition to fight the
[12] motion, you know, you should tell me why. If you think you can
[13] win without it, then I suggest you just go ahead and respond to
[14] it. That would be my suggestion.
[15]   **MR. TOLCHIN:** So we'll proceed that way, Judge.
[16]   **THE COURT:** Yes, sir.
[17]   **MR. LADNER:** Your Honor, Mark Ladner for American
[18] Express Bank.
[19]   I just want to make it clear. Our position is we
[20] don't have to decide Israeli law. We're making a motion to
[21] dismiss the plaintiff's cause of action against -- it is a
[22] negligence cause of action against American Express Bank. They
[23] allege to be sounding in Israeli law.
[24]   American Express Bank is a New York institution. We
[25] have a respondent bank relationship with the Lebanese Canadian

Page 12

[1] Bank. According to the plaintiffs, Lebanese Canadian Bank had
[2] a relationship with another organization which the plaintiffs
[3] allege to be a front for Hizbollah and that Hizbollah had a
[4] rocket attack that injured and killed some of Mr. Tolchin's
[5] clients.
[6]   We think it is very clear that New York law applies.
[7] New York law is going to apply here. So you don't have to
[8] reach the Israeli law issue.
[9]   We did in our original motion to dismiss the original
[10] complaint, we attached an Israeli law opinion but only to show
[11] that Israeli law is not different than New York law on the
[12] issue of negligence. I think, as your Honor is aware, New York
[13] law is pretty clear that a bank doesn't owe a duty to a
[14] noncustomer, particularly to a customer of -- a noncustomer of
[15] a customer. So it is a situation where we think it is going to
[16] be relatively clear that New York law applies.
[17]   Just because the plaintiffs allege that Israeli law
[18] applies, we're going to put in an Israeli law affidavit, but we
[19] don't think you ever have to reach that issue. The threshold
[20] determination for the Court is what law applies, and we think
[21] under New York interest principles, New York has a paramount
[22] and predominant interest in applying its law to the allegations
[23] here.
[24]   **THE COURT:** Well, why don't you do this. Why don't
[25] you go ahead and file your motion first, as I say. That

Page 13

[1] particular issue may end up not being of significance or being
[2] moot. Why don't you go ahead and agree upon a schedule, a
[3] motion schedule.
[4] What I am going to do is I will put -- in the proposed
[5] case management plan, I had a conference on for April 8th. I
[6] think we should skip that conference and leave the conference
[7] on for June 17th. June 17th, hopefully I will have a fully
[8] submitted set of the motion papers, had an opportunity to
[9] review it, and I'll hear you, if you want to be heard further
[10] on oral argument, on June the 17th.
[11] **MR. LADNER:** Your Honor, we have a stipulation that
[12] has been so ordered by the Court which I think puts out the
[13] briefing on the motion until about July 1st.
[14] **MR. TOLCHIN:** It is April 17th.
[15] **MR. LADNER:** Our motion is due April 17th. Then the
[16] plaintiffs have 45 days to respond, and the defendants have 30
[17] days for their reply. So it is fully submitted by July 1st.
[18] **THE COURT:** You say it is going to be fully submitted
[19] by July 1st?
[20] **MR. LADNER:** July 1st.
[21] **THE COURT:** Well, then, let's say July the -- let's do
[22] it the week after Independence Day. So let's say July the 7th;
[23] Tuesday, July 7, at 10:30.
[24] **MR. LADNER:** Thank you, your Honor.
[25] **THE COURT:** OK. And I'll hear from the parties at

Page 14

[1] that time.
[2] If I have to resolve any of these issues before then,
[3] then just give me a letter and a quick response, and I will
[4] resolve it right away. But otherwise I will assume that I will
[5] have a fully submitted motion by July 1st and will have had an
[6] opportunity to review all of the papers and if I want to hear
[7] you further, it will be on July 7th.
[8] Is there anything else we need to address?
[9] **MR. TOLCHIN:** Just to clarify about the deposition
[10] issue, once we get their motion we can write to you and flesh
[11] that out?
[12] **THE COURT:** Yes.
[13] **MR. LADNER:** Thank you, your Honor.
[14] **THE COURT:** All right. Then I will see you
[15] July 7th unless I hear from you earlier.
[16] **MR. TOLCHIN:** Thank you, Judge.
[17] **THE COURT:** You are welcome.
[18]     - - -
[19]
[20]
[21]
[22]
[23]
[24]
[25]

## 1

**10:30** 13:23
**17th** 13:7,7,10,14,15
**1st** 13:13,17,19,20;14:5

## 3

**30** 13:16

## 4

**45** 13:16

## 7

**7** 13:23
**7th** 13:22;14:7,15

## 8

**8th** 13:5

## A

**ability** 3:11
**able** 4:5
**abstract** 9:23
**access** 3:8
**According** 12:1
**action** 2:25;3:14;11:21,22
**actually** 8:1
**address** 14:8
**advance** 8:6
**affidavit** 3:19,21;5:25; 6:1;8:3;12:18
**affidavits** 8:5;9:4
**against** 11:21,22
**agree** 5:15,19;7:12,24; 13:2
**agreed** 7:11
**ahead** 11:13;12:25;13:2
**allegations** 12:22
**allege** 11:23;12:3,17
**always** 5:5
**amended** 2:20
**American** 2:6;3:6;11:17,22,24
**among** 10:3
**application** 5:21;7:15; 9:17;10:12
**applies** 4:24;6:11;8:23; 12:6,16,18,20
**apply** 3:14;6:25;8:20,24; 12:7
**applying** 12:22
**appropriate** 5:18,20,23; 9:21
**April** 13:5,14,15
**arguing** 6:10
**argument** 9:23;13:10
**arguments** 10:22

**articulate** 9:18
**articulated** 7:21
**assist** 10:23
**associate** 2:11
**assume** 9:5;14:4
**attach** 9:4
**attached** 12:10
**attack** 12:4
**attacks** 3:3,4,11
**attempt** 5:14
**authorities** 8:7
**authority** 6:24;7:1,1,2,4; 8:19
**aware** 12:12
**away** 14:4

## B

**back** 5:12
**background** 3:1
**bank** 11:25;12:13
**Bank** 2:6,10;3:6,6;11:18, 22,24;12:1,1
**based** 2:25;6:13;7:16;9:8, 19
**basically** 8:18
**basing** 6:18
**beginning** 2:1
**bet** 8:8,9
**briefing** 13:13
**bring** 6:2

## C

**can** 5:17,21;6:1,2,24;7:2; 8:5,19,22;9:18;10:9,12,23; 11:8,12;14:10
**Canadian** 2:10;3:6;11:25; 12:1
**care** 6:16
**carry** 3:11
**case** 2:19,24;3:3;5:9;13:5
**cases** 6:9
**cash** 3:11
**cause** 3:14;11:21,22
**causes** 2:25
**certain** 6:10;8:23,23
**change** 5:9
**choice** 2:23
**cite** 8:19
**citing** 8:7
**claim** 3:5,20,20,22
**claiming** 8:7
**clarify** 14:9
**clear** 7:1,2;11:19;12:6,13, 16
**clearly** 6:24;8:22
**clients** 12:5
**closer** 5:12
**comfortable** 11:5
**coming** 8:14
**complaint** 2:20;12:10
**complete** 10:24

**completely** 8:14
**conclusion** 8:10
**conduct** 4:1
**conducted** 3:12
**conference** 13:5,6,6
**confront** 4:3
**consider** 5:8,9;9:1
**context** 11:7
**convince** 6:12;10:16
**convincing** 10:18
**course** 5:6
**Court** 10:23,23;12:20; 13:12
**COURT** 2:4,8,12,14,17; 3:15;4:7,14;5:5,14;8:8,15; 9:16;10:17;11:1,5,16; 12:24;13:18,21,25;14:12, 14,17
**credible** 6:17
**cross-examine** 4:4
**customer** 12:14,15

## D

**Day** 13:22
**days** 13:16,17
**debate** 3:13
**decide** 3:23;6:15;11:20
**decided** 7:19
**decision** 4:6;6:7,8;7:18
**defendants** 2:20;3:6; 13:16
**demonstrates** 10:7
**deny** 10:9
**depose** 4:3,22;6:9;7:10, 23
**deposed** 10:25
**deposition** 4:8,18;5:1,18, 22,23;6:3;7:13,19;9:17,20, 20;10:9;11:10,11;14:9
**depositions** 4:10,11,12; 8:2;9:14;10:4;11:9
**determination** 12:20
**Dewey** 2:9
**different** 8:14,17;10:13; 12:11
**difficult** 8:12
**diminish** 3:11
**disagree** 5:3,5
**disagrees** 3:22
**discovery** 4:2
**dismiss** 2:21,23;11:21; 12:9
**dispatch** 11:8
**dispute** 10:3
**dollars** 3:9
**done** 8:15,15
**down** 4:4;5:10
**due** 13:15
**duty** 12:13

## E

**earlier** 14:15
**early** 5:16
**easier** 5:13
**effort** 4:17,22;7:25
**either** 5:21;6:23;9:5;10:5
**else** 6:20;7:5,8;14:8
**embargoes** 3:10
**enabling** 3:8
**end** 13:1
**envy** 8:11
**evade** 3:9
**even** 4:14;7:20
**exactly** 7:20
**examination** 5:11
**exchange** 5:16;7:11; 8:25;9:6;10:11
**expend** 7:24
**expense** 4:22;7:25
**expert** 3:19,21;4:1,16,22; 5:3,11,25;6:2,22,22;7:7,9, 10,12;8:3,4,4,25;9:2,3,8, 13,17;10:5,6,7,11;11:4,6,8
**experts** 4:2,3,13,18,19; 5:3;6:2,3,10,10,24;7:19,23; 8:6,21;9:24;10:3,24
**expert's** 5:16;7:17;9:9,9; 10:2
**Experts** 5:5
**experts'** 5:16
**Express** 2:6;3:6;11:18, 22,24

## F

**facilitated** 3:7
**fight** 11:10,11
**figure** 4:16
**file** 4:9,11;5:20,22,24,25; 25;7:9,15;9:12;12:25
**filed** 2:20;4:8;7:12
**filing** 6:1,1
**financial** 3:7
**fine** 4:12
**firmly** 6:16
**first** 6:23;9:7;10:18;12:25
**flesh** 14:10
**Foerster** 2:6
**foreign** 8:13
**formed** 7:22
**frankly** 6:11;8:16
**front** 12:3
**full** 4:5
**fullest** 10:21
**fully** 13:7,17,18;14:5
**further** 11:9;13:9;14:7

## G

**gist** 3:5
**given** 9:25;10:1,1
**giving** 7:4;9:3
**Good** 2:2,4,5,8,12,13
**grounds** 2:22

**guarantee** 8:5

## H

**happen** 3:18
**happens** 7:5
**hear** 13:9,25;14:6,15
**heard** 13:9
**hearing** 6:3
**helpful** 3:25;5:18;6:4,5,6, 7,8;9:14
**Hirsh** 2:9
**HIRSH** 2:9,13
**Hizbollah** 3:4,8,8;12:3,3
**Honor** 2:2,5,9;3:2,23;4:5; 5:13;8:11;9:11,15;11:17; 12:12;13:11,24;14:13
**hopefully** 13:7

## I

**illustrative** 6:14
**important** 7:18
**Independence** 13:22
**indicate** 6:24
**indicated** 2:21
**individuals** 3:3
**informed** 5:17;10:10;11:7
**injured** 3:13;12:4
**institution** 11:24
**intended** 3:10
**interest** 12:21,22
**interested** 6:7
**interesting** 2:24
**international** 3:10
**interpretation** 6:19,19
**Israel** 3:13;8:12
**Israeli** 2:25;3:19,19,21, 24;4:6;7:23;8:16;11:20,23; 12:8,10,11,17,18
**issue** 3:23;6:15;10:1,3; 12:8,12,19;13:1;14:10
**issues** 4:4;7:8;14:2

## J

**Jersey** 8:17
**Joshua** 2:11
**Judge** 8:1;10:15;11:15; 14:16
**judgment** 4:14;5:17; 10:10,12;11:7
**July** 13:13,17,19,20,21, 22,23;14:5,7,15
**June** 13:7,7,10

## K

**killed** 12:4
**kind** 4:19
**knowledge** 4:20

## L

**Ladner** 2:5;11:17
**LADNER** 2:5;11:17; 13:11,15,20,24;14:13
**language** 8:13
**law** 2:23,25;3:14,19,20,21, 24;4:6,23;6:10,17,25;7:24; 8:11,16,17,19,23,23;11:20, 23;12:6,7,8,10,11,11,13, 16,17,18,20,22
**Lawrence** 2:9
**lawyers** 6:6
**leave** 13:6
**Lebanese** 2:10;3:6; 11:25;12:1
**Lebanon** 3:5
**LeBoeuf** 2:10
**legal** 4:18;7:23;8:14
**letter** 9:16,18;14:3
**limited** 3:20;10:3
**logically** 8:22
**Look** 11:6

## M

**makes** 4:15;7:6,22
**making** 4:14;6:18;11:20
**management** 13:5
**Mark** 2:5,7;11:17
**material** 8:13
**may** 5:11,12,12;13:1
**McPherson** 2:7
**mean** 4:18,19
**mechanically** 9:10,14
**money** 8:8,9
**moot** 13:2
**more** 4:25;5:17;7:3,7,8; 9:22
**morning** 2:2,4,5,8,12,13
**Morrison** 2:6
**most** 3:25;6:8;8:2;9:11; 10:20;11:5
**motion** 2:21;3:16,17;4:8, 11,16;5:20,25;6:1;7:9,12, 17,19,20,21;9:4,5,8,12; 10:1,9;11:2,3,3,6,8,10,12, 20;12:9,25;13:3,8,13,15; 14:5,10
**motions** 4:10
**move** 2:23;5:12;7:2
**much** 6:21;8:16,21

## N

**narrow** 4:4;5:10;7:8
**nature** 9:25;10:1,1,2
**necessary** 5:18;6:2
**need** 5:22;6:9;7:10;9:17, 20;10:8;11:10,11;14:8
**negligence** 3:14;11:22; 12:12

**New** 3:13;8:17;11:24; 12:6,7,11,12,16,21,21
**nobody** 7:5
**noncustomer** 12:14,14
**note** 2:22

## O

**oath** 6:14
**obtain** 3:8
**obviously** 7:3;9:10
**off** 5:12
**officially** 6:21
**OK** 3:15;13:25
**once** 14:10
**one** 6:20,23;7:3,3;10:15, 17
**One** 2:22
**only** 12:10
**opining** 3:19
**opinion** 5:8,10;6:20,20; 7:5,6,17,17;8:4,5;9:9;10:2, 2,7;12:10
**opinions** 4:24;5:16,16; 7:12;10:6
**opportunity** 4:3;10:18; 13:8;14:6
**opposed** 10:4
**oral** 13:10
**ordered** 13:12
**organization** 3:5;12:2
**original** 8:12;12:9,9
**other's** 4:3
**otherwise** 5:24;14:4
**Otherwise** 5:19;9:1
**out** 3:11;4:16,25;5:15; 10:8;13:12;14:11
**owe** 12:13
**own** 5:2

## P

**paper** 6:12
**papers** 9:19;10:11;13:8; 14:6
**paramount** 12:21
**particular** 6:9,25;7:5;13:1
**particularly** 6:14;12:14
**parties** 13:25
**partner** 2:7
**person** 7:4
**personal** 4:24
**perspective** 2:15;4:15
**persuasive** 7:3;10:20
**place** 7:13,14
**plaintiff** 2:1,3
**plaintiffs** 3:2;12:1,2,17; 13:16
**plaintiff's** 11:21
**plan** 13:5
**planning** 2:21
**point** 4:12;6:11,24,25;7:6, 20,23;9:13;10:24;11:6

**pointing** 7:3
**points** 10:8
**position** 4:7;6:12;8:10; 11:19
**possible** 7:22
**possibly** 10:23
**practical** 4:1
**predominant** 12:22
**pretty** 12:13
**principles** 8:17;12:21
**prior** 9:2
**procedurally** 9:12
**proceed** 2:18;3:15;9:11; 10:13,14;11:15
**process** 10:24
**proposed** 13:4
**put** 8:3,5;9:24;10:22; 12:18;13:4
**puts** 13:12

## Q

**quick** 14:3
**quite** 4:21;8:16
**Quite** 6:11

## R

**raise** 2:22;9:14
**rare** 6:13
**rarely** 6:9
**rather** 7:4
**reach** 12:8,19
**reached** 5:8
**read** 3:2;4:23,23
**really** 4:5;5:11;6:7;10:22
**reason** 7:11,16
**reasonable** 10:5,6
**reasonably** 8:23
**received** 9:19
**record** 2:1;4:5;10:22,24
**references** 6:18
**regime** 3:9
**relationship** 11:25;12:2
**relatively** 12:16
**reply** 13:17
**report** 9:2,3,9,13;11:4,6
**reports** 8:25;10:11
**requires** 10:3
**research** 8:13
**resolve** 14:2,4
**respond** 6:1;9:18,25; 11:13;13:16
**respondent** 11:25
**response** 5:22,24;7:15; 11:8;14:3
**responsibility** 9:2
**result** 5:10
**review** 7:16;10:4;13:9; 14:6
**right** 2:19;8:7;14:4,14
**Robert** 2:2
**robust** 10:22

**rocket** 3:4;12:4

## S

**same** 4:23;8:18
**sanctions** 3:9
**saying** 3:22;8:10;9:17
**schedule** 13:2,3
**school** 8:12
**scientific** 4:20
**seems** 4:15;7:6,8
**send** 9:16
**sense** 4:9,15;7:7,23;8:2
**serve** 11:3
**set** 13:8
**several** 2:24
**show** 8:22;12:10
**side** 5:15;8:3,5
**sides** 5:19
**side's** 5:11
**significance** 13:1
**simple** 10:4
**simply** 4:22;6:10,19;7:4
**simultaneously** 9:6,7
**situation** 8:20;12:15
**skip** 13:6
**somehow** 3:23
**sorry** 2:16
**sort** 5:18
**sound** 6:17
**sounding** 11:23
**source** 8:13
**specifically** 3:4
**Sprague** 2:11
**stand** 2:19
**start** 2:14
**starve** 3:10
**stated** 6:20
**States** 3:9
**status** 2:15
**stipulation** 13:11
**stop** 3:1
**submit** 3:18,21
**submitted** 10:5,6;13:8, 17,18;14:5
**suggest** 6:23;11:13
**suggestion** 11:14
**support** 9:4;10:5,7
**sure** 4:21,25
**system** 8:14

## T

**telling** 3:1
**terrorist** 3:3,4,11
**testimony** 6:14
**thereby** 3:8
**threshold** 12:19
**Tolchin** 2:3,4,14,17
**TOLCHIN** 2:2,16,19;3:17; 4:9;5:2,6;8:1,9;9:10;10:15, 21;11:2,15;13:14;14:9,16
**Tolchin's** 12:4

**tough** 9:24
**transactions** 3:7
**transfers** 3:7,12
**tremendously** 5:7
**Tuesday** 13:23
**two** 5:19;7:11,24;8:6,25

## U

**Ultimately** 10:15,17
**under** 3:19;6:14;12:21
**unique** 8:20
**United** 3:9
**unless** 7:24;14:15
**Unless** 10:13
**up** 8:21;13:1
**upon** 13:2
**use** 8:21
**useful** 9:11

## V

**valuable** 5:7
**victims** 3:3,13
**view** 4:6

## W

**way** 2:25;4:1;9:11;10:13, 13,19,19;11:15
**week** 13:22
**weight** 6:21
**welcome** 14:17
**what's** 3:18;6:4
**What's** 2:24
**win** 11:13
**wire** 3:7,12
**without** 11:9,13
**witness** 5:7
**words** 4:2;8:4
**work** 5:14
**worth** 4:17,21
**write** 14:10
**wrong** 10:8

## Y

**York** 3:13;11:24;12:6,7, 11,12,16,21,21