UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                Plaintiffs,

- against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                Defendants.

MEMORANDUM
OPINION AND
ORDER

04 Civ. 397 (GBD) (RLE)

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

Defendants ("PLO") ask the Court to sanction Plaintiffs for failure to comply with the Court's December 9, 2011 Order regarding Plaintiffs' Answers to Interrogatories. (Defs.' Letter to the Court ("Letter from PLO"), Jan. 13, 2012 at 1.) At a conference with the Parties on January 19, 2012, the Court determined that Plaintiffs' Supplemental Answers were non-responsive. Although the Court will not impose sanctions at this time, Plaintiffs shall submit appropriate responses on or before **February 9, 2012**.

## II. DISCUSSION

The history of the Interrogatories is unnecessarily extensive. The PLO first served Interrogatories on Plaintiffs on August 25, 2011, and Plaintiffs objected to each Interrogatory. (Letter from PLO at 1.) At a conference with the Parties on November 17, 2011, the Court determined that Plaintiffs' blanket objections were unwarranted. The Court issued an Order on December 9, 2011, that Plaintiffs provide responsive Answers to PLO's Interrogatories no later than December 16, 2011. (Doc. No. 171 at 2.) The PLO asserts that this second attempt also falls short. The Court agrees.

First, the Court notes that the PLO's inquiries were fairly straightforward and sought the identities of individuals that Plaintiffs "know have knowledge or who [Plaintiffs] believe may have knowledge" of the factual allegations in the Complaint. (Letter from PLO, Ex. 3 at 3-12.) For example, Interrogatory No. 9 asked Plaintiffs to identify "all persons who you know have knowledge or who you believe may have knowledge that 'Defendants PLO and PA . . . authorized, ratified and participated in' the January 22, 2002 Shooting, as alleged in Paragraph 76 of the First Amended Complaint." (*Id.* at 11.) Rather than making a good faith attempt to provide names to Defendants, Plaintiffs answered as follows: "Plaintiffs; Defendants (including their past and present officers, employees and agents); the United States (including its past and present officers, employees and agents); all persons identified in the documents disclosed and/or produced by Plaintiffs in this action; all persons identified in the documents and/or produced by Defendants in this action; and all persons identified in the interrogatories propounded by Plaintiffs in this action and in Defendants' answers in those interrogatories; and all persons mentioned in the complaint and first amended complaint in this action." (*Id.* at 11-12.) Plaintiffs provided similar answers to nearly all the other Interrogatories. These responses violated the Court's December 9, 2011 Order and are sanctionable.

Plaintiffs argue the Interrogatories are over-broad and, accordingly, Plaintiffs "identified many hundreds of individuals and persons who 'have knowledge' or who 'may have knowledge' of the specified topics." (Letter from Plaintiffs, January 18, 2012 at 3.) Counsel asserted that if a less expansive answer had been provided, Plaintiffs would have faced sanctions for not properly answering the Interrogatory. This argument is meritless. If Plaintiffs had actual names, they were required to indicate them. The overbroad Supplemental Answers provide no meaningful information to Defendants, and provide no protection for Plaintiff if they failed to disclose actual

2

names of persons known to them who might fall into the broad categories listed. The Court finds Plaintiffs' Supplemental Answers to the PLO's Interrogatories to be non-responsive and inadequate. Accordingly, Plaintiffs are ordered to provide responsive Answers to these Interrogatories on or before **February 9, 2012**. The decision of whether to sanction and what sanction is appropriate will be deferred until the Court can assess Plaintiffs' demonstration of good faith after the specific guidance given at the January 9, 2012 conference.

**SO ORDERED this 6th day of February 2012**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge