UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

    Plaintiffs,

                                      Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

    Defendants.

**DECLARATION OF ROBERT J. TOLCHIN**

Robert J. Tolchin declares pursuant to 28 U.S.C. § 1746, as follows:

1.    I am an attorney licensed to practice law in the State of New York and in this Court, and counsel for the Plaintiffs in the above-referenced action.

2.    I am providing this Declaration as required by Rule 56(d) of the Federal Rules of Civil Procedure, in support of Plaintiffs' Cross-Motion in the Alternative Pursuant to Rule 56(d).

3.    As noted in the Memorandum submitted in support of Plaintiffs' Cross-Motion, Plaintiffs seek Rule 56(d) relief only in the alternative – i.e. only in the event that Defendants' Motion for Partial Judgment on the Pleadings is not denied. Nothing in the instant Declaration derogates from Plaintiffs' position that Defendants' Motion should be denied outright.

**The Facts Sought**

4.    <u>The Status of the Palestinian Authority and the PLO</u>: Defendants' Motion asserts that defendant Palestinian Authority ("PA") and defendant PLO are entities lacking the capacity to be sued under New York law. However, Defendants have not provided any evidence whatsoever regarding their status and capacity to be sued under New York law (which is why

their motion should be summarily denied). Therefore, Plaintiffs seek discovery of facts relevant to determining whether the PA and the PLO have capacity to be sued under New York law.

5. Specifically, the PA is a municipal government operating in the West Bank and the Gaza Strip. *See generally Knox v. PLO*, 306 F.Supp.2d 424, 431-438 (S.D.N.Y. 2004). Under New York law, the capacity of a local or foreign governmental entity to sue and be sued must be determined by reference to its enabling statute or instrument, and its powers and responsibilities. *See e.g. Town of Riverhead v. New York State Bd. of Real Property Services*, 5 N.Y.3d 36, 41-42 (2005); *Harman v. City of Ft. Lauderdale*, 234 N.Y.S. 196, 198 (N.Y.Sup. 1929). Accordingly, the Plaintiffs would seek discovery regarding the PA's power to sue or be sued under the legal regime under which it was created and operates.

6. Likewise, in respect to a foreign unincorporated association such as the PLO, the law of New York determines capacity by looking to the legal regime under which the association operates. *See e.g. Textile Properties v. M.J. Whittall*, 157 Misc. 108, 282 N.Y.S. 17 (N.Y.Sup. 1934). Therefore, Plaintiffs would seek discovery regarding whether the PLO has the capacity to be sued in its home jurisdiction – i.e. in the West Bank.

7. <u>Whether the PA and PLO Have "Members" and If So, the Identity of Those "Members"</u>: Defendants also assert as an integral part of their Motion that Plaintiffs have failed to allege, and cannot prove, that the "members" of the PA and the "members" the PLO authorized or ratified the conduct complained of. Here, too, Defendants fail to even attempt to show that the PA and PLO really have any "members," or to identify those alleged "members." The Plaintiffs would therefore seek discovery as to whether the PA and/or the PLO actually have any "members," and, if so, the identity of those purported members.

**The Method of Obtaining the Facts Sought**

8. All of the discovery that Plaintiffs would seek can be obtained from the Defendants themselves, since it involves Defendants' own status and the question of whether they have "members." Plaintiffs would discover these facts via requests for production of documents and interrogatories, and to the extent necessary, through a Rule 30(b)(6) deposition.

**The Facts Sought Will Raise a Genuine Issue of Material Fact**

9. <u>Defendants' Motion Turns on their Status and Capacity Under New York Law</u>: If Defendants cannot prove that they lack capacity to be sued their Motion must be denied. But Defendants have failed to produce any evidence or even assert any facts whatsoever on this issue. Therefore, the status of the PA and PLO is an open question, and if Plaintiffs obtain facts showing that the PA and/or the PLO has the capacity to be sued pursuant to the law or instruments under which they are organized, Defendants' motion must be denied.[1]

10. <u>Defendants' Motion Also Turns on the Question of Whether They Have "Members" and, If So, the Identity of Those Members</u>: If Defendants cannot prove that they have "members," and identify those alleged "members," their Motion – which is founded on the claim that Plaintiffs have failed to allege and cannot prove that the "members" of the PA and PLO authorized or ratified the conduct at issue – must be denied. As noted, the Defendants have

---

[1] Moreover, there is clear evidence that the PA has the capacity to sue and be sued. The PA was created by the Oslo Accords. *Knox* at 431-438. The Accords expressly provide that the PA has the power to "sue and be sued." Israeli-Palestinian Interim Agreement on the West Bank and the Gaza Strip (Sept. 28, 1995) Art. IX, para. 2. *See also* Celia Wasserstein Fassberg, "Legal Aspects of the Israeli-Palestinian Economic Relations" in Eugene Cotran and Chibli Mallat (eds.) <u>The Arab-Israeli Accords: Legal Perspectives</u>, p. 158, n. 6 ("The Cairo Agreement grants the Palestinian Authority … the capacity to sue and be sued … Since the Palestinian Authority has the capacity to sue and be sued … it is presumably subject to suit in any competent court for any legal act for which it might be held liable.").

completely failed to identify any purported "members" of the PA and PLO. Thus, whether the PA or PLO actually have any "members," and who or what those members might be, is a wide-open question, and if Plaintiffs show through discovery that the PA or the PLO have no "members," or that the putative "members" are simply other designated terrorist factions of the PLO, Defendants' motion will have to be denied.[2]

**Efforts to Obtain the Facts Sought**

11.  As discussed in the Memorandum submitted in support of Plaintiffs' Cross-Motion in the Alternative Pursuant to Rule 56(d), Defendants failed to properly plead a lack of capacity defense in their Answer as required by Rule 9(a), and failed to identify any witnesses with information or documents relating to such a defense, in their mandatory Rule 26 disclosures. Therefore, as detailed in Plaintiffs' Memorandum, Defendants waived a lack of capacity defense and are precluded by Rule 37 from making any factual assertions in support of such a defense.

12.  Precisely because Defendants waived a lack of capacity defense and are precluded from making any factual assertions in support of such a defense, Plaintiffs had no reason whatsoever to seek any discovery in respect to such a waived and precluded defense.

13.  Indeed, because Defendants' omission of a lack of capacity defense from their Answer and mandatory disclosures removed the issue of Defendants' capacity from this action –

---

[2] Furthermore, the claim that the PA – which is a governmental entity – has "members" is absurd on its face. The PA no more has "members" than the City of Ft. Lauderdale does (*see Harman v. City of Ft. Lauderdale*, 234 N.Y.S. at 198) which is why Defendants have failed to identify any such "members." Likewise, as Defendants themselves have confirmed, the PLO is "an umbrella organization for various political parties and factions" (DE 200, Exhibit B at 8). Thus, the PLO is comprised of various guerilla factions, not natural persons. Defendants have made no showing that the PLO's constituent factions would be considered "members" under New York law.

i.e. rendered it *irrelevant* to this case – it would have been *improper* for Plaintiffs to seek such discovery, since Rule 26 does not permit discovery regarding irrelevant matters.

14. Plaintiffs continue to maintain, in reliance on extensive case law and the express language of Rule 37, as detailed in their opposition to Defendants' Motion for Partial Judgment on the Pleadings, that Defendants have waived a lack of capacity defense and are precluded from making the factual assertions necessary thereto; therefore, unless and until the Court finds that Defendants have not waived and are not precluded from factually supporting this defense, it would clearly be inappropriate for Plaintiffs to propound any discovery relating to this defense.

15. Since fact discovery in this matter does not close until December 21, 2012 (*see* DE 131 at ¶ 3) there will be more than adequate time to take discovery regarding this issue if the Court finds (which, respectfully, it should not), that Defendants have not waived this defense and are not precluded from adducing facts in support thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

February 8, 2012

_____
Robert J. Tolchin