UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                        Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE; OR, ALTERNATIVELY, FOR PARTIAL JUDGMENT ON THE PLEADINGS

### Introduction

Orders eliminating improper affirmative defenses "remove unnecessary clutter from the case" and thereby "serve to expedite" litigation. *Heller Financial v. Midwhey Powder*, 883 F.2d 1286, 1294 (7th Cir. 1989). Defendants' Answer cites in telegraphic fashion a string of no less than fourteen affirmative defenses, each consisting of only a *single* sentence. DE 92 at 1-3. As discussed below, defendants' affirmative defenses are all fatally conclusory, as well as waived, barred and otherwise improper, and serve only to unnecessarily "clutter" this action and burden the Court and the plaintiffs. Indeed, defendants' recent Motion for Partial Judgment on the Pleadings (which is putatively based on one of the affirmative defenses cited in their Answer) indicates that defendants intend to use their improper affirmative defenses as fourteen proverbial sticks to jam into the spokes of this litigation, at their leisure, in order to engender delay, derail discovery and force the Court and the plaintiffs to divert and waste their limited resources.

Therefore, and for the reasons set forth below, defendants' affirmative defenses should be stricken pursuant to Fed.R.Civ.P. 12(f); or, alternatively, dismissed under Fed.R.Civ.P. 12(c).

1

## RELEVANT BACKGROUND

This is a civil action pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and pendent causes of action, brought by U.S. citizens, and the guardians, family members and the personal representatives of the estates of U.S. citizens, who were killed and injured in seven terrorist attacks carried out by the defendants between January 8, 2001 and January 29, 2004.

In September 2008 the Court denied Defendants' motion to dismiss for lack of subject-matter jurisdiction, and in March 2011 the Court denied Defendants' motion to dismiss for lack of personal jurisdiction. *Sokolow v. PLO*, 583 F.Supp.2d 451 (S.D.N.Y. 2008); *Sokolow v. PLO*, 2011 WL 1345086 (S.D.N.Y. 2011). Defendants' subsequent motion to dismiss for improper venue (DE 93-94) was also denied both on the merits and as untimely. DE 122.

Following the denial of their jurisdictional motions defendants filed their Answer. DE 92. Defendants' Answer sets forth, in rapid-fire fashion, fourteen affirmative defenses, each consisting of a lone sentence and none averring any facts whatsover. *Id*. at 1-3. Defendants' affirmative defenses are so clearly and facially deficient that it strains credulity to believe that defendants themselves intended that they be taken seriously. This conclusion – i.e., that these "affirmative defenses" are nothing more than cut-and-paste boilerplate law-firm "filler" – is bolstered by the fact that the defendants' mandatory Rule 26 disclosures do not identify anyone with knowledge, or any documents, relating to any of these "defenses." Exhibit A, *passim*.

Whatever defendants' original intention regarding these "affirmative defenses" might have been, these "defenses" have now become a source of actual and potential mischief. In purported reliance on one of these putative defenses" (lack of capacity) defendants have suddenly filed a motion for partial judgment on the pleadings. DE 186. As discussed below, if these "defenses" are permitted to linger in this case, there is nothing preventing the defendants from

filing additional such motions down the line on a serial basis, thereby draining the limited time and resources of the Court and the plaintiffs and delaying the resolution of this case.[1]

As shown below, defendants' "affirmative defenses" should be stricken or dismissed.

## ARGUMENT

### I. The Relief Sought Is Appropriate Under Rule 12(f) and/or Rule 12(c)

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that "[t]he court may strike from a pleading an insufficient defense." Rule 12(f) is the most common (but not the exclusive) statutory tool used by the federal courts to eliminate conclusory or otherwise improper affirmative defenses. "A motion to strike a pleading is generally brought pursuant to Rule 12(f). Rule 12(f) permits the Court to strike from an answer an 'insufficient defense.'" *Esmont v. City of New York*, 371 F.Supp.2d 202, 218, n.14 (E.D.N.Y. 2005). It is well established in this Circuit that Rule 12(f) motions to strike "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case. Therefore, where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Simon v. Manufacturers Hanover Trust Co.*, 849 F.Supp. 880, 881 (S.D.N.Y. 1994) (quotation marks, citations and brackets omitted).

Rule 12(f) provides that a Court may strike an insufficient defense "on its own" or on a motion made by a party "within 21 days after being served with the pleading." While the instant

---

[1] It is difficult to escape the conclusion that defendants' sudden resort to their "affirmative defenses" at this late date is a "damage-control" maneuver, prompted by the overwhelming evidence of defendants' liability that has emerged since discovery began. As just one example: the evidence produced to date shows that five of the seven attacks were planned and carried out by senior officers and employees of defendant PA's security forces.

motion was not filed in that timeframe, numerous precedents hold that, because Rule 12(f) expressly permits the court to strike an insufficient defense "on its own," the time limit for filing a Rule 12(f) motion may and ought to be disregarded when the motion is meritorious. "Although Rule 12(f) allows motions to strike only up to the time a party responds to a pleading, it also permits a court to strike such material on its own initiative at any time … [T]his provision has been interpreted to allow courts to grant meritorious motions to strike even when they are untimely." *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 554 (S.D.N.Y. 2002) (quotation marks omitted). *See also e.g. Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155, n.2 (S.D.N.Y. 2003) ("Rule 12(f) … calls for the motion to strike to be filed "within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time." The instant motion is clearly not within the requisite 20 days. However, the Court's discretion renders the twenty-day rule essentially unimportant, as the Court has the authority to hear a motion to strike at any time.") (quotation marks and citation omitted).

Therefore, if the Court finds the instant motion meritorious, it can and should grant it, irrespective of its timing.

In the alternative – i.e., if the Court declines to consider the motion to strike defendants' affirmative defenses under Rule 12(f) because of the time limit – then plaintiffs request partial judgment on the pleadings pursuant to Rule 12(c), dismissing defendants' affirmative defenses. Rule 12(c) is an accepted procedural vehicle for dismissal of insufficient affirmative defenses. *See e.g. F.D.I.C. v. Lowe*, 809 F.Supp. 856, 859 (D.Utah 1992) (Granting the FDIC's Rule 12(c) to dismiss affirmative defenses). In fact, federal courts have utilized Rule 12(c) to eliminate invalid affirm affirmative defenses when the time for filing a Rule 12(f) motion has elapsed. *U.S. v. Brink*, 2011 WL 835828 at *2 (S.D.Tex. 2011) ("Plaintiff has used Rule 12(c) as a vehicle to

4

object to the sufficiency of Defendants' affirmative defenses … the proper remedy for an insufficient affirmative defense is a motion to strike under Federal Rule of Civil Procedure 12(f). However, under Rule 12(f) the Government's motion to strike would not be timely. The standards articulated herein apply, regardless.") (citations omitted).

Accordingly, if the Court declines to consider plaintiffs' Rule 12(f) motion to strike, it can and should enter partial judgment on the pleadings dismissing the affirmative defenses. Indeed, because the same standards apply whether the motion is brought under Rule 12(c) or Rule 12(f), the federal courts use Rule 12(c) and Rule 12(f) more or less interchangeably when deciding motions to eliminate improper affirmative defenses. *See e.g. Bazazi v. Michaud*, 856 F.Supp. 33, 34 (D.N.H. 1994) (construing plaintiff's motion for judgment on the pleadings as motion to strike affirmative defenses pursuant to Rule 12(f)); *BJ Energy LLC v. PJM Interconnection, LLC*, 2010 WL 1491900 (E.D.Pa. 2010).

In sum, irrespective of which procedural device the Court elects to employ, defendants' affirmative defenses should be stricken, or dismissed, for the reasons set forth herein.

**II.     All the Affirmative Defenses Should Be Stricken or Dismissed As Conclusory**

It is well established that conclusory, bare-bones affirmative defenses are improper and invalid. *See e.g. Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2nd Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (brackets and quotation marks omitted).

Defendants' affirmative defenses each consist of a single bald sentence presenting only a "mere conclusion[] of law" and no "asserted facts." *See* DE 92 at 1-3. Frankly, it would be difficult to draft – or even imagine – affirmative defenses that are *more* bare-bones or conclusory. These affirmative defenses therefore "have no efficacy" and so should be stricken or dismissed.

5

This conclusion is bolstered by the decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) holding that a pleading must contain plausible factual averments. Most, if not all, of the judges of this court, along with the majority of federal courts across the country, have concluded that "the Rule 12(b)(6) standard, as elucidated in *Twombly* and *Iqbal*, governs the sufficiency of the pleading of affirmative defenses." *E.E.O.C. v. Kelley Drye & Warren*, 2011 WL 3163443 at *2 (S.D.N.Y. 2011) (citing *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 622-623 (S.D.N.Y. 2008); *Tracy v. NVR, Inc.*, 2009 WL 3153150, *7 (W.D.N.Y. 2009); *Burck v. Mars*, 571 F.Supp.2d 446, 456 (S.D.N.Y. 2008)).

Defendants' laundry list of affirmative defenses, which are entirely bereft of any factual assertions, do not even come close to meeting the requirements of *Twombly* and *Iqbal* and so must be stricken or dismissed. *See e.g. E.E.O.C.*, 2011 WL 3163443 at *5 (Defendants' affirmative defense was merely a "laundry list … without factual elucidation" which failed to meet the *Twombly* pleading standard and so would be stricken); *Aspex Eyewear*, 531 F.Supp.2d at 623 (Granting motion to strike affirmative defenses where defendant "merely asserts these … defenses without alleging even general facts to support them. In fact, [defendant] asserts *no* facts, nor does [it] even refer to the elements of the various affirmative defenses.").[2]

Moreover, even if this Court were to reject the majority view that *Twombly* and *Iqbal* apply to affirmative defenses, it can and should strike or dismiss defendants' affirmative defenses

---

[2] Because defendants' Answer was filed long after *Twombly* and *Iqbal*, and after numerous judges in this Circuit had held that *Twombly* and *Iqbal* apply to the pleading of affirmative defenses, and because this case is already some eight years old and well into discovery, defendants should not be given leave to amend their Answer. Defendants have experienced and capable counsel, who were on full notice of the pleading standards applicable to affirmative defenses when they filed the Answer. Since they pled no facts in support of their "affirmative defenses" it should be presumed that none exist.

as ineffective and improper under the *pre-Twombly* and *Iqbal* Second Circuit case law holding that: "Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter*, 79 F.3d at 270. *See also E.E.O.C.* *2 ("It has long been held" – i.e. before *Twombly* and *Iqbal* – "that affirmative defenses that contain only 'bald assertions' without supporting facts should be stricken.").

Eliminating defendants' invalid affirmative defenses will "remove unnecessary clutter from the case" and thereby "serve to expedite" this litigation. *Heller Financial*, 883 F.2d at 1294. By contrast, allowing these ineffective "defenses" to lurk in this case would prejudice the plaintiffs by inviting additional burdensome and wasteful motion practice by the defendants (along the lines of their recently-filed Motion for Partial Judgment on the Pleadings), in which defendants delay and disrupt the proceedings, whenever the spirit moves them, by filing serial motions seeking to assert the one-sentence "affirmative defenses" included in their Answer.

And even if defendants were to refrain from further motion practice on the basis of their "affirmative defenses," they will inevitably utilize them to ambush the plaintiffs at the summary judgment and/or trial stage, thereby needlessly distracting the plaintiffs and the Court – and diverting their limited time and resources – from the actual merits of the case.

In sum: all the affirmative defenses should be stricken or dismissed as conclusory.

### III. Additionally/Alternatively, the Third and Sixth Affirmative Defenses Should Be Stricken or Dismissed Because They Have Already Been Rejected by the Court

Defendants' third and sixth affirmative defenses assert lack of personal jurisdiction and improper venue. DE 92 at 2. But this Court has <u>already</u> ruled that plaintiffs proved personal jurisdiction over the defendants "by a preponderance of the evidence," and that defendants' challenge to venue is untimely and meritless. *See Sokolow*, 2011 WL 1345086 at *3; DE 122.

Since these defenses have already been disposed of by the Court, they should be stricken or dismissed. *See Heller Financial*, 883 F.2d 1294-1295 ("Of [defendant's] eleven affirmative defenses, four went to personal jurisdiction and venue … The defenses based on personal jurisdiction and venue without doubt are legally insufficient. They are just restatements of [defendant's] motion to dismiss or transfer venue, which … was properly denied.").

**IV.     Additionally/Alternatively, the Fourth Affirmative Defense Should Be Stricken or Dismissed for Failure to Comply with Rule 9(a)**

Defendants' fourth affirmative defense asserts, in its entirety, that defendants "lack the capacity to be sued in this Court" with respect to certain claims. DE 92 at 2. This bald assertion does not even attempt to satisfy the requirement that a denial of capacity "must state any supporting facts that are peculiarly within the party's knowledge." Fed.R.Civ.P. 9(a).

A failure to plead "supporting facts" underlying a lack of capacity defense, as demanded by Rule 9(a), renders such defense ineffective. *See e.g. Pressman v. Estate of Steinvorth*, 860 F.Supp. 171, 176-177 (S.D.N.Y. 1994) ("Rule 9(a) … requires not only that the pleader make a specific negative averment … but also that the averment include 'such supporting particulars as are peculiarly within the pleader's knowledge.' In the instant case, Pressman merely asserted that Pena did not have the requisite standing to bring this suit; he gave no particulars or other explanation for this claim. Because Rule 9(a) dictates that a pleader set forth particulars supporting this assertion, Pressman in effect waived the capacity defense by failing to be more explicit in his answer.") (footnote and citations omitted). *See also e.g. Marston v. American Emp. Ins.*, 439 F.2d 1035, 1041 (1st Cir. 1971) (American's answer denied the administratrices' capacity to sue, but F.R.Civ.P. 9(a) requires <u>not only</u> that a defendant make a specific negative averment … but <u>also that the averment include 'such supporting particulars as are peculiarly</u>

8

within the pleader's knowledge'.") (emphasis added); *Seghers v. Thompson*, 2006 WL 2807203 at *3 (S.D.N.Y. 2006) (same).

Moreover, defendants' failure to provide particulars in support of this claim is especially egregious, in light of the fact that they are denying their *own* capacity to be sued and whatever facts they believe support that claim are thus "peculiarly within [their] knowledge." Rule 9(a). *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1391 ("Rule 9(a) expressly requires a pleader to set forth any particulars supporting the denial of capacity, legal existence, or authority that are peculiarly within his knowledge. This provision normally is relevant when a party is denying his or her own capacity to sue or be sued.") (emphasis added).

Therefore, defendants' fourth affirmative defense should be stricken or dismissed for total failure to comply with Rule 9(a).

## V. Additionally/Alternatively, the Fifth and Eighth "Affirmative Defenses" Should Be Stricken or Dismissed because They Are Not Proper Affirmative Defenses

The fifth and eighth "affirmative defenses" asserted in defendants' Answer are failure to state a claim and (what amounts to the same thing) failure to properly state a claim. DE 92 at 2. However, "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010). *See also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D.Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

Thus, the fifth and eighth "affirmative defenses" are not proper affirmative defenses at all, and so should be stricken or dismissed.

VI.     **Additionally/Alternatively, the First, Second, Seventh and Ninth Defenses Are Not Proper Affirmative Defenses and So Should Be Stricken or Dismissed**

Defendants' first and second "affirmative defenses" assert a lack of subject-matter jurisdiction over this action." DE 92 at 1. Defendants' seventh and ninth "affirmative defenses" are, respectively, sovereign immunity and non-justiciability, which are defenses that (when applicable) deprive a court of subject-matter jurisdiction.

Thus, defendants' first, second, seventh and ninth "affirmative defenses" are all challenges to the Court's subject-matter jurisdiction. However, precisely because lack of subject-matter jurisdiction can be raised at any time, "[s]ubject matter jurisdiction is not an affirmative defense." *Jaffe v. Capital One Bank*, 2010 WL 691639 at *3 (S.D.N.Y. 2010). Therefore, since lack of subject matter jurisdiction is not an affirmative defense, defendants' first, second, seventh and ninth "affirmative defenses" should be stricken or dismissed.[3]

**WHEREFORE**, the instant motion should be granted.

        Plaintiffs, by their Attorney,

        /s/ Robert J. Tolchin
        Robert J. Tolchin
        111 Livingston Street, Suite 1928
        Brooklyn, New York 11201
        (718) 855-3627
        Fax: (718) 504-4943
        rjt.berkman@gmail.com

---

[3] Because this Court has already considered and rejected all of defendants' attacks on subject-matter jurisdiction on the merits, plaintiffs believe that defendants would be not be able to assert any valid further challenges to the Court's subject-matter. However, be that as it may, it is clear that assertion of an "affirmative defense" is not a proper means of contesting subject-matter jurisdiction.