UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.

Civ. No. 04-397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
*EX PARTE* MOTION TO THE MAGISTRATE JUDGE TO
ISSUE A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE**

**Introduction**

Plaintiffs respectfully submit this Memorandum in support of their *Ex Parte* Motion to the Magistrate Judge to Issue a Letter of Request for Judicial Assistance which, as discussed below, seeks the deposition of a non-party witness in Israel. It is axiomatic that "in the absence of privilege, a party lacks standing" to oppose discovery from "someone who is not a party to the action." *Saperstein v. Palestinian Authority*, 2010 WL 1371384 at *3 (E.D.N.Y. 2010) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975)). Plaintiffs therefore sought defendants' agreement to file this application as an unopposed motion. Defendants rejected plaintiffs' request, and indicated that they intend to oppose the instant application; but defendants do not claim (because they cannot) that there is any issue of "privilege" here. This is not the first time that these defendants have improperly sought to interfere with and delay third-party discovery in civil actions brought by U.S. citizens under the Antiterrorism Act. *See e.g. Saperstein*, 2010 WL 1371384 at *3 (Striking for lack of standing papers filed by the PLO and Palestinian Authority in opposition to a motion to compel third-party discovery in terror case).

Because the defendants have no standing to oppose the instant application the plaintiffs are filing it as an *ex parte* motion, and respectfully request that the Court issue the Letter of Request attached hereto as Exhibit A, for the reasons set forth below, forthwith.

### Relevant Background and Argument

This is a civil action pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and pendent causes of action, brought by U.S. citizens, and the guardians, family members and the personal representatives of the estates of U.S. citizens, who were killed and injured in seven terrorist attacks carried out by the defendants between January 8, 2001 and January 29, 2004.

One of the terrorist attacks at issue in this case is the March 21, 2002 suicide bombing in downtown Jerusalem, Israel, in which plaintiff Dr. Alan Bauer and his minor son, plaintiff Y.B., both U.S. citizens, were severely injured. The suicide bomber was one Mohammed Hashaika, who was employed as a policeman by defendant Palestinian Authority. *See* Declaration of Robert J. Tolchin ("Tolchin Decl.") at ¶ 2. An Israeli court subsequently convicted Sana'a Shehadeh of participating in the March 21, 2002, attack, and sentenced her to life imprisonment. *Id.*.

Ms. Shehadeh holds an identification number (no. 081021198) that was issued by the Israeli Ministry of the Interior, and she is either a citizen or a permanent legal resident of Israel. *Id.* at ¶ 3. In October 2011, Ms. Shehadeh was released from prison by Israeli authorities as part of a prisoner exchange deal. *Id.* at ¶ 4. An official list of released prisoners published by the Israeli Prison Service confirms that Ms. Shehadeh was released to her home in Israel. *See* Tolchin Decl. at ¶ 4 and at Exhibit 1, last page, listing for prisoner no. 468.

The Bauer plaintiffs are naturally desirous of deposing Ms. Shehadeh about the bombing, in order to discover facts relevant to the defendants' potential liability therefor.

2

3

**WHEREFORE**, the instant motion should be granted, and the Letter of Request attached hereto as Exhibit A should be endorsed and issued by the Court forthwith.

        Plaintiffs, by their Attorney,

        /s/ Robert J. Tolchin
        Robert J. Tolchin
        111 Livingston Street, Suite 1928
        Brooklyn, New York 11201
        (718) 855-3627
        Fax: (718) 504-4943
        rjt.berkman@gmail.com