**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
)
MARK I. SOKOLOW, *et al.*,                    )
)
                    Plaintiffs,               )
)
          v.                                  )          Civil Action No. 04cv397 (GBD) (RLE)
)
THE PALESTINE LIBERATION                       )
ORGANIZATION, *et al.*,                        )
)
                    Defendants.               )
)
_____)

**DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF THEIR MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION FOR RULE 56(d) DISCOVERY**

# TABLE OF CONTENTS

INTRODUCTION................................................................................................................1

ARGUMENT.....................................................................................................................2

I.     DEFENDANTS HAVE NOT WAIVED THEIR
AFFIRMATIVE DEFENSE THAT THEY LACK THE
CAPACITY TO BE SUED..................................................................................2

      A.     During the Course of This Litigation, Defendants Have
Repeatedly Raised the Affirmative Defense That They
Lack the Capacity to be Sued.....................................................................3

      B.     Defendants Timely Raised Their Affirmative Defense
Based on Lack of Capacity to be Sued .......................................................5

      C.     Defendants Satisfied the Standards Applicable to Their
Lack-of-Capacity Defense ..........................................................................7

           1.     *Pursuant to Federal Rule of Civil Procedure Rule
9(a)(2), Defendants Were Required to Raise their
Lack of Capacity to be Sued "By a Specific Denial,
Which Must State Any Supporting Facts That Are
Peculiarly within the Party's Knowledge"* ....................................8

           2.     *In Their Rule 12(b)(6) Motion and in Their Answer,
Defendants Satisfied These Standards* ...........................................9

      D.     Plaintiffs' Claims of "Prejudice in the Extreme" Are
Without Merit............................................................................................11

II.     FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) DOES
NOT BAR DEFENDANTS FROM RAISING THEIR LACK-
OF-CAPACITY DEFENSE IN A RULE 12(c) MOTION ..............................13

III.     THERE ARE NO GROUNDS TO CONVERT
DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON
THE PLEADINGS TO A MOTION FOR PARTIAL
SUMMARY JUDGMENT ..............................................................................15

IV.     THE COURT SHOULD DENY PLAINTIFFS' CROSS-
MOTION FOR RULE 56(d) DISCOVERY ....................................................18

**V.**     **IF THE COURT CONCLUDES THAT PLAINTIFFS' NON-FEDERAL CLAIMS ARE NOT BARRED BY LACK OF PARTY CAPACITY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THOSE CLAIMS** ................................................................................20

**CONCLUSION** ................................................................................22

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (collectively "Defendants"), have moved for partial judgment on the pleadings. DE 186; DE 187. In particular, Defendants have moved for judgment in their favor on the non-federal law claims pled in Plaintiffs' First Amended Complaint ("Complaint") (DE 4) including: wrongful death (Second Count); battery (Fourth Count); assault (Fifth Count); negligence (Seventh Count); intentional infliction of emotional distress (Eighth Count); and negligent infliction of emotional distress (Ninth Count). DE 187 at 1.[1]

In their Motion, Defendants established that they lack the capacity to be sued for Plaintiffs' non-federal claims. The law of the forum state (here, New York) determines the capacity of unincorporated associations such as Defendants to be sued for non-federal claims. *See* Fed. R. Civ. P. 17(b). Under New York law, an unincorporated association cannot be sued in its own name. Instead, it can only be sued in the name of its President or Treasurer. N.Y. Gen. Ass'ns Law § 13.[2] Because Plaintiffs have sued the PA and the PLO in their own names,

---

[1] In their Opposition to Defendants' Motion, Plaintiffs contend that loss of solatium and consortium (alleged in their Sixth Count) is also a "garden-variety non-federal cause of action," DE 196 at 3, but Defendants do not understand this to constitute a cause of action. To the extent that the Sixth Count reflects a cause of action under the governing Israeli law, however, Defendants also seek dismissal of that claim. Plaintiffs concede that the remaining counts "set forth theories of liability and/or types of damages available — not separate causes of action." DE 196 at 3.

[2] Section 13 currently provides:

> An action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefore, either jointly or severally.

N.Y. Gen. Ass'ns Law § 13 (2011).

Defendants have shown that the Court should enter judgment in favor of Defendants on all of Plaintiffs' non-federal claims. DE 187 at 11.

In an alternative argument, Defendants also established that the Court should exercise its discretion under 28 U.S.C. § 1367(c)(1) and (c)(2) to decline to exercise supplemental jurisdiction over Plaintiffs' non-federal claims — to which, it is undisputed, Israeli law applies. *Id.* at 12-20. Litigating numerous Israeli law tort claims would add significant complexity to this case, to the point that Plaintiffs' Israeli claims would predominate over their federal Anti-Terrorism Act ("ATA") claim, and delay resolution of a lawsuit that already is more than seven years old. *Id.*

In opposing Defendants' Motion, Plaintiffs have provided the Court with a grab bag of arguments involving waiver and preclusion of Defendants' lack-of-capacity defense as well as the notion that Defendants' Motion for partial judgment on the pleadings should be converted into a motion for summary judgment. Assuming the merits of that latter argument, Plaintiffs have also moved to delay consideration of Defendants' Motion to allow Plaintiffs time for discovery under Rule 56(d) on Defendants' lack-of-capacity defense. As explained below, none of Plaintiffs' claims withstand scrutiny. Thus, for the reasons described in Defendants' Motion and below, the Court should grant Defendants' motion for judgment on the pleadings and deny Plaintiffs' cross-motion for discovery.

## ARGUMENT

## I. DEFENDANTS HAVE NOT WAIVED THEIR AFFIRMATIVE DEFENSE THAT THEY LACK THE CAPACITY TO BE SUED

Plaintiffs claim that Defendants have "waived" their affirmative defense that they lack the capacity to be sued. DE 196 at 7-13. Underlying Plaintiffs' contention is the faulty syllogism that Defendants purportedly failed to meet the pleading requirements, so they have

waived their capacity defense, and because Defendants waived the defense, raising it in their Rule 12(c) motion was untimely. More specifically, Plaintiffs argue that: (1) Defendants were required to provide facts supporting their lack-of-capacity defense that are peculiarly within Defendants' knowledge — and that because Defendants purportedly failed to do so, Defendants have "waived" the defense; (2) Defendants "frittered away" opportunities to "properly" raise the capacity defense; and (3) permitting Defendants to belatedly raise the issue now would severely prejudice Plaintiffs.

Plaintiffs' curious collection of premises ultimately collapses under its own weight. To waive an affirmative defense, a party must "intentionally…abandon[] it." *Harris v. Secretary, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 n.2 (D.C. Cir. 1997). Quite plainly, Defendants have not intentionally abandoned their lack-of-capacity defense, and Plaintiffs' arguments to the contrary ignore the record in this very case. Indeed, Defendants have raised the capacity issue repeatedly over the course of the past four-and-a-half years, and in doing so Defendants have more than satisfied the applicable rules of pleading. That Defendants did not repeat their capacity defense in the manner demanded by Plaintiffs is irrelevant, and Plaintiffs' belated complaints about purported prejudice go nowhere.

Simply put, Defendants have met the applicable pleading requirements, and Defendants have waived nothing. Defendants' 12(c) motion is therefore timely, ripe for the Court's consideration, and it should be granted.

> A.  During the Course of This Litigation, Defendants Have Repeatedly Raised the Affirmative Defense That They Lack the Capacity to be Sued

As early as July 2007, shortly after undersigned counsel first appeared in this case, Defendants raised their lack-of-capacity defense. DE 44 at 21-25. Indeed, as detailed in Defendants' Motion, *see* DE 187 at 3, in their July 30, 2007 Supplemental Memorandum

Regarding Subject Matter Jurisdiction, Defendants argued that under Federal Rule of Civil Procedure 12(b)(6) Plaintiffs' pendent non-federal claims had to be dismissed because Defendants lacked the capacity to be sued under New York state law.   DE 44 at 21-25. Defendants explained that for the purposes of applying the Federal Rules of Civil Procedure they are treated as "unincorporated associations" and that controlling New York law does not recognize the capacity of an unincorporated association to be sued in its own name.  *Id*.  As a result, New York law did not permit suit against the PA and the PLO.  *Id*.

On the same day, Defendants also moved to dismiss based on lack of personal jurisdiction pursuant to Rule 12(b)(2).  DE 45.  The Court denied Defendants' Rule 12(b)(2) motion without prejudice to renew after limited jurisdictional discovery.  DE 58.  In the same decision, the Court found that it was "inappropriate" to address Defendants' Rule 12(b)(6) argument "until the threshold issue of personal jurisdiction is determined."  *Id.* at 13 n.9.  The Court thus denied the "Rule 12(b)(6) branch of defendants' motion without prejudice" to renew following resolution of the renewed Rule 12(b)(2) motion.  *Id*.

After jurisdictional discovery, Defendants renewed their motion to dismiss for lack of personal jurisdiction.  DE 82.  In their renewed motion, Defendants preserved their argument that Plaintiffs' non-federal claims should be dismissed.  *Id.* at 25.  In a decision dated March 30, 2011, the Court denied Defendants' renewed motion to dismiss for lack of personal jurisdiction. DE 87.

On April 13, 2011, Defendants filed an Answer to Plaintiffs' Complaint.   DE 92. Defendants' Fourth Affirmative Defense states:

> Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count

(Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement).

*Id.* at 2.

Thus, since July 2007, Defendants have raised their capacity defense in no fewer than two court filings (DE 44, DE 82) and in their Answer (DE 92).

B.   <u>Defendants Timely Raised Their Affirmative Defense Based on Lack of Capacity to be Sued</u>

While a lack-of-capacity defense must be raised in a timely manner, *Wiwa v. Royal Dutch Petroleum Co.*, No. 96-cv-8386, 2009 U.S. Dist. LEXIS 14883, at *20 (S.D.N.Y. Feb. 25, 2009), the language of Rule 9(a) "suggests that a party must raise lack of capacity in the answer *or at least before trial*." *Hendricks v. Office of the Clermont Cty. Sheriff*, 326 Fed. Appx. 347, 349 (6th Cir. 2009) (emphasis added).[3]  Here, Defendants have done that and more.  Defendants raised the their capacity defense as early as July 2007, preserved it following jurisdictional discovery, and then reiterated it in their Answer after the Court denied Defendants' renewed motion to dismiss for lack of personal jurisdiction.  Defendants were not required to do anything more.  *See*, *e.g.*, *id.*; *Wiwa*, 2009 U.S. Dist. LEXIS 14883, at *26-*27 n.24 (rejecting plaintiffs' argument that defendants should have raised their capacity defense at an earlier stage in the litigation, when those earlier stages were devoted primarily to forum and jurisdictional issues).

In their Opposition, Plaintiffs claim that "[t]he Court *expressly directed* that defendants should assert any lack of capacity argument after resolution of their motions to dismiss for lack of subject-matter and personal jurisdiction."  DE 196 at 10 (citing *Sokolow*, 2011 WL 1345086 at

---

[3] Rule 9 provides that to raise a lack-of-capacity defense, "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge."  Fed. R. Civ. P. 9(a)(2).

*1) (emphasis added).  Plaintiffs' citation is to the Court's March 30, 2011 Order (DE 87).  In that Order, the Court did nothing of the sort.  Instead, the Court stated that it "denied [Defendants'] motion to dismiss for…failure to state a claim without prejudice to renew after limited jurisdictional discovery," DE 87 at 1-2, nothing more, nothing less.[4]

Plaintiffs then proceed to list all the other occasions on which they claim Defendants should have raised the instant capacity issue.  *See* DE 196 at 5-6, 10-11.  It seems that, according to Plaintiffs, Defendants were required to explicitly preserve or raise their lack-of-capacity defense in each and every filing lodged with the Court since July 2007 or else waive the defense.  Plaintiffs have provided no support for this argument, nor could they.  *See, e.g.*, *Hendricks*, 326 Fed. Appx. 347, 349; *Wiwa*, 2009 U.S. Dist. LEXIS 14883, at *23-*27.

Failing on that ground, Plaintiffs then claim that Defendants were required to raise the issue in a hypothetical renewed Rule 12(b)(6) motion — because Defendants indicated at one time that they might do so.  *See* DE 196 at 10-11; DE 82 at 25.  But lack of capacity to be sued is not one of the defenses that must be raised in a Rule 12 motion.  *See* Fed. R. Civ. P. 12(h)(1).  And Defendants "were under no obligation to move to dismiss at an earlier stage having previously preserved the defense, particularly in light of the protracted nature of these proceedings."  *In re: Air Crash Disaster Off the Coast of Nantucket Island*, No. 00-1344, 2010 U.S. Dist. LEXIS 30075, at 21 (E.D.N.Y. Mar. 29, 2010); *see also Wiwa*, 2009 U.S. Dist. LEXIS 14883, at *26-*27 n.24.

The slew of cases cited by Plaintiffs lends no support to their position either.  For example, in *RK Co. v. See*, 622 F.3d 846 (7th Cir. 2010), *see* DE 196 at 8, the Court held that the

---

[4] Even if the Court were to credit Plaintiffs' interpretation of its March 30 Order, Defendants have done precisely what Plaintiffs claim they were ordered to do: they have asserted their lack of capacity defense after resolution of their jurisdictional arguments.

defendant's capacity argument was untimely because the defendant had waited until the case was in the middle of trial to bring a motion for judgment as a matter of law, in which he made a "cursory argument" that the plaintiff lacked capacity to sue. *RK Co.*, 622 F.3d at 849-50 & n.2. The situation was even more egregious in *Montellier v. United States*, 202 F. Supp. 384 (E.D.N.Y. 1961). *See* DE 196 at 8. In that case, the defendant waited to raise his capacity argument until three months after trial ended in a post-trial motion. *Montellier*, 202 F. Supp. at 389. Continuing the trend, in *Pressman v. Estate of Steinworth*, 860 F. Supp. 171 (S.D.N.Y. 1994), which Plaintiffs quote extensively, *see* DE 196 at 9, the district court held that the defendant waived its capacity defense by waiting more than <u>seven years</u> before raising it but nonetheless decided the issue's merits in an alternative holding. *Pressman*, 860 F. Supp. at 176-77.[5]

Defendants raised their capacity defense in their Rule 12(b)(6) motion. That alone made their assertion of the defense timely. *See*, *e.g.*, *Hendricks*, 326 Fed. Appx. at 349; *Wiwa*, 2009 U.S. Dist. LEXIS 14883, at *26-*27 n.24. Defendants subsequently preserved the defense and then raised it again in their Answer. Thus, because Defendants "raise[d] lack of capacity in the[ir] answer or at least before trial," *Hendricks*, 326 Fed. Appx. at 349, there is no question that Defendants' assertion of the defense was timely.

C. <u>Defendants Satisfied the Standards Applicable to Their Lack-of-Capacity Defense</u>

Federal Rule of Civil Procedure 9(a)(2) applies to Defendants' affirmative defense that they lack the capacity to be sued. Defendants have satisfied that rule.

---

[5] *See also* discussion of *Marston v. Am. Emp. Ins. Co.*, 439 F.2d 1035 (1st Cir. 1971), in footnote 7, *infra*.

1.   *Pursuant to Federal Rule of Civil Procedure Rule 9(a)(2), Defendants Were Required to Raise their Lack of Capacity to be Sued "By a Specific Denial, Which Must State Any Supporting Facts That Are Peculiarly within the Party's Knowledge"*

Rule 9(a)(2) states that to plead the lack of capacity to be sued, "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). This requirement "is not especially onerous. A direct statement that the pleader denies the…capacity to…be sued…has been held sufficient to raise the issue." 5A Wright & Miller Civil 3d § 1294 (2004).

The Rule contains two prongs. The first requires a "specific denial." Fed. R. Civ. P. 9(a)(2). All this means is that the pleader of the defense cannot generally deny all of the allegations in the complaint pursuant to Rule 8(b)(3). *Pugh v. Kobelco Constr. Mach. Am. LLC*, No. 08-cv-241, 2010 U.S. Dist. LEXIS 62947, at *9 (M.D. Ala. June 23, 2010).[6] *See DDR Hendon Nassau Park II LP v. Radioshack Corp.*, No. 08-cv-2535, 2010 U.S. Dist. LEXIS 16198, at *15-*16 (N.D. Ohio Feb. 24, 2010) (holding that the defendant had "specifically denied" the plaintiff's lack of capacity when it had averred in its amended answer that "Plaintiff's claims against Defendant are barred by *Plaintiff's lack of capacity* and/or lack of standing and the circuitous action doctrine.") (emphasis in original); *Masood v. Salemi*, No. 06-cv-1104, 2007 WL 2069853, at *4 (W.D. Wash. July 13, 2007) (holding that, "although couched as objections

---

[6] Rule 8(b)(3) provides:

General and Specific Denials.

A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3).

to 'standing,'" defendant satisfied Rule 9(a) by alleging that plaintiff "lacks standing to assert claims on behalf of the Estate of Khatoon Shahood."); *see also Ralston Oil & Gas Co. v. Gensco, Inc.*, 706 F.2d 685, 692 (5th Cir. 1983) (holding that to satisfy Rule 9(a) a party must do more than generally deny that the plaintiff was entitled to any recovery).[7]

The rule's second prong requires a party to "state any supporting facts *that are peculiarly within the party's knowledge*." Fed. R. Civ. P. 9(a)(2) (emphasis added). By its plain terms, this part of the rule does not mean that a party must always support a lack-of-capacity defense with particular facts. *Pugh*, 2010 U.S. Dist. LEXIS 62947, at *9. Indeed, unlike Rules 9(b) and 9(c), which require a party to plead with particularity, application of the Rule 9(a)'s "supporting facts" prong "requires only that the party raising the defense of capacity include any supporting facts that are *peculiarly within its knowledge*." *DDR Hendon Nassau Park II LP*, 2010 U.S. Dist. LEXIS 16198, at *16 (emphasis in original).[8] "A fact is peculiarly within a party's knowledge *when it is known only to that party*." *Id*. (emphasis added).

2. *In Their Rule 12(b)(6) Motion and in Their Answer, Defendants Satisfied These Standards*

While Plaintiffs claim that Defendants' "bald proclamation" as to capacity in their Answer fails to fulfill Rule 9(a), DE 196 at 8, Defendants asserted in their Answer that they "lack the capacity to be sued in this Court" with respect to Plaintiffs' non-federal claims. DE 92

---

[7] This illustrates why Plaintiffs' reliance on *Marston v. Am. Emp. Ins. Co.*, 439 F.2d 1035, 1041 (1st Cir. 1971) is misplaced. In *Marston*, the First Circuit concluded that the defendant failed to deny the plaintiff's capacity pursuant to Rule 9(a) because the defendant "merely denied each and every averment in the relevant paragraph of the amended complaint; no mention was made of the reason for the denial." *Id*. Here, Defendants specifically denied capacity as a defense to the Complaint. DE 92 at 2.

[8] Rule 9(b) provides in part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(c) provides in part: "[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

at 2. Defendants therefore raised their lack-of-capacity defense by specific denial, "and Rule 9(a)(2) does not require more." *Pugh*, 2010 U.S. Dist. LEXIS 62947, at *12.

Plaintiffs' argument also ignores Defendants' Rule 12(b)(6) motion, in which Defendants went well beyond what is required under Rule 9(a)(2) and specifically spelled out their argument that controlling New York law does not recognize the capacity of an unincorporated association to be sued in its own name, and because they are considered to be unincorporated associations, the PA and the PLO lack the capacity to be sued. DE 44 at 21-25. Thus, Defendants more than adequately pled their defense.

Plaintiffs also assert that there are facts peculiarly within Defendants' knowledge necessary to properly plead their lack-of-capacity defense, DE 196 at 8-10, which necessarily means facts known only to Defendants. *DDR Hendon Nassau Park II LP*, 2010 U.S. Dist. LEXIS 16198, at *16. Plaintiffs are incorrect.[9] Defendants' treatment under the Federal Rules as unincorporated associations is an obvious fact that Plaintiffs themselves have not only exploited but also expressly admitted. *First, Plaintiffs themselves served Defendants pursuant to Rule 4(h), which applies to service of process on corporations, partnerships, and* _associations_. It is therefore inconceivable that Plaintiffs are unaware that Defendants are treated as unincorporated associations because Plaintiffs themselves served Defendants in that manner, and subsequently opposed Defendants' Renewed Motion to Dismiss Pursuant to Rule 12(b)(2) by arguing that service under Rule 4(h) was proper. DE 83 at 4 ("Mr. Abdel Rahman… has

---

[9] Plaintiffs claim that because Defendants are denying their own capacity to be sued, "whatever facts they believe support that claim are, and have always been 'peculiarly within [their] knowledge.'" DE 196 at 10. The only support they cite for this claim is 5C Wright & Miller, Fed. Prac. & Proc. § 1391, which in no way states that whenever a defendant asserts that it lacks the capacity to be sued, the defendant necessarily has facts that only the defendant knows. At most, the treatise states that when a party denies its own capacity to be sued, the second prong of Rule 9(a) is "normally…relevant." *See* DE 196 at 10.

repeatedly been found to be a valid agent for service of process on the PA and PLO under Fed. R. Civ. P. 4(k)(1)(D) and 4(h).").  *Second, in conjunction with the briefing on this very motion, Plaintiffs have expressly admitted that defendant PLO is a foreign unincorporated association.*  DE 202 ¶ 6.  Plaintiffs altogether ignore these facts, arguing that Defendants' treatment as an unincorporated association is a mysterious fact of which only Defendants are aware.  Plaintiffs should not be permitted to have it both ways.

Moreover, numerous courts have held that Defendants constitute unincorporated associations — a fact of which this court may take judicial notice.  *See*, *e.g.*, *Klinghoffer v. S.N.C. Achille Lauro*, 739 F. Supp. 854, 858 (S.D.N.Y. 1990); *Estate of Parsons v. Palestinian Auth.*, No. 07-cv-1847, DE 14 at 13-14 (D.D.C. Sept. 30, 2008) (decision attached to DE 187 as Exhibit A); *Estate of Klieman v. Palestinian Auth.*, 467 F. Supp. 2d 107, 113 (D.D.C. 2006).  Indeed, the court in *Parsons* dismissed non-federal claims against these same defendants for lack of capacity.  *See* DE 187 at Exhibit A.  Thus, that Defendants are treated as unincorporated associations is not a fact "peculiarly within [Defendants'] knowledge."  *See* Fed. R. Civ. P. 9(a)(2).  Defendants have therefore properly raised the defense.

D.     Plaintiffs' Claims of "Prejudice in the Extreme" Are Without Merit

In a last-gasp attempt to save their non-federal claims from dismissal, Plaintiffs claim that they would be "severely prejudice[d]" if the Court were to consider Defendants' motion for partial judgment on the pleadings and rule in Defendants' favor.  DE 196 at 11.  Plaintiffs acknowledge that if Defendants' motion is granted, the four plaintiffs and one estate with no ATA claims will be dismissed from the case, along with all the non-federal claims of the remaining thirty-eight plaintiffs and four estates.  *Id*.  Plaintiffs go on to say that the only other jurisdiction in which those plaintiffs could bring their non-federal claims is Israel.  *Id*.  But because the Israeli statute of limitations has purportedly expired, Plaintiffs claim they would be

forced to convince "the Israeli court that the limitations period should be tolled because of the pendency of this action." *Id.* at 11-12.[10]

This issue is a non-starter. First, Plaintiffs admit that "[n]o Israeli court has held" — one way or the other — that the limitations period should not be tolled under circumstances such as those present here. DE 196 at 12; DE 197 ¶ 8. Plaintiffs' declarant found only one case that "even discusses this question," *Chasser v. PLO*. In that case, the Jerusalem District Court refused to toll the limitations period under Section 15 of the Israeli Limitations Law because the plaintiffs *waited more than seven years after their case was dismissed in the Southern District of New York to then re-file their case in Israel*. DE 197 ¶ 10. According to Plaintiffs' own declarant, there is no established law on whether the relevant Israeli tolling provisions would apply if a plaintiff filed a case *within* seven years of dismissal from a U.S. court. *Id.* at ¶¶ 8, 12. Plaintiffs should not be allowed to rely on an open question of Israeli law to avoid dismissal of their non-federal claims in this case.

Second, Plaintiffs chose to bring their non-federal claims in this Court, where — it bears emphasizing — Defendants all along lacked the capacity to be sued on those claims. A defendant either has the capacity to be sued, or it does not. Here, Defendants do not, and Plaintiffs' non-federal claims must therefore be dismissed. It was incumbent upon Plaintiffs to bring their non-federal claims against Defendants in the proper court where Defendants have the

---

[10] It bears mention that these assertions of "prejudice in the extreme" contradict Plaintiffs' claim that "the presence of non-federal causes of action, which arise from the same seven terrorist attacks that are the subject of the federal ATA claim, has not had, and will not have, any material effect on the scope and extent of litigation in this case." DE 196 at 4. Plaintiffs admit that if their non-federal claims are dismissed, four plaintiffs and one estate would exit the case altogether and the remaining thirty-eight Plaintiffs and four estates would be left with only their federal ATA claims. *Id.* at 11. It is therefore abundantly clear that dismissal of Plaintiffs' Israeli law claims would have a "material effect on the scope and extent of the litigation in this case."

capacity to be sued.  Failing to do so does not permit them to claim prejudice once facing dismissal.[11]

Moreover, Plaintiffs have been aware of Defendants' capacity defense since at least July 30, 2007, when Defendants filed their Rule 12(b)(6) motion, *see* DE 44 at 21-25, which was also at a time when the Israeli statute of limitations had not yet expired.  *See* DE 197 ¶ 4.  In that filing, Defendants explicitly stated that Plaintiffs' non-federal claims had to be dismissed because Defendants lacked the capacity to be sued under New York law.  *Id*.  In the intervening years, Plaintiffs have had ample opportunity to reassess their case and decide whether it was worth risking an adverse ruling on Defendants' capacity and face dismissal of their non-federal claims, or to voluntarily dismiss those federal claims and bring them elsewhere.  It is only now that the issue has been raised for the fourth time that Plaintiffs complain about prejudice.  Their complaints come far too late.  Plaintiffs should bear the burden of having brought their non-federal claims in the wrong court, especially when they have been on notice of that fact for the past four-and-a-half years.

## II.   FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) DOES NOT BAR DEFENDANTS FROM RAISING THEIR LACK-OF-CAPACITY DEFENSE IN A RULE 12(c) MOTION

In their Motion, Defendants seek dismissal of Plaintiffs' non-federal claims under Federal Rule of Civil Procedure 12(c), which governs motions for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment *on the pleadings*.") (emphasis added).  As noted in Defendants' Motion,

---

[11] Plaintiffs cite *Banking & Trading Corp. v. Reconstruction Finance Corp.*, 15 F.R.D. 360 (S.D.N.Y. 1954) to show their claimed prejudice.  DE 196 at 12.  Yet, in that case, the defendant failed to raise the issue of plaintiff's capacity to be sued in its answer and in its amended answer.  15 F.R.D. at 361 n.1.  It was not until three years later that the defendant moved for leave to amend its answer.  *Id.* at 361.  That is clearly not the situation here.

"[t]o survive a Rule 12(c) motion, *[the] complaint* must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Patterson*, 594 F.3d 150, 160 (2d Cir. 2010) (emphasis added). All factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *Id.*

Plaintiffs claim that because Defendants purportedly failed to identify in their post-Answer Rule 26 disclosures anyone with knowledge or any documents relating to their lack-of-capacity defense, Rule 37(c)(1) bars Defendants from "seeking to support the underlying factual predicates" of their Motion. DE 196 at 13-14.[12] Plaintiffs' argument, for which they have provided absolutely no support, defies all logic.[13]

The focus of any Rule 12(c) analysis is on the pleadings themselves. It was Plaintiffs' burden to bring, on the face of their Complaint, their non-federal claims against the proper defendants. Numerous courts have dismissed claims against unincorporated associations on motions brought under Rule 12(b)(6) or Rule 12(c) after finding that other plaintiffs had

---

[12] That Rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[13] The only case cited by Plaintiffs, *Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 245 (S.D.N.Y. 2010), is inapposite. *See* DE 196 at 14. *Milliken* had nothing to do with whether a party was precluded from raising a lack-of-capacity defense in a Rule 12(c) motion because its later-served Rule 26 disclosures did not identify persons with knowledge or documents relating to that defense. Instead, in *Milliken*, an overseas defendant repeatedly failed to respond to interrogatories and document requests and later moved for a protective order in which the defendant argued that it ought not be required to respond to discovery demands that are not made pursuant to the Hague Convention. *Milliken*, 758 F. Supp. 2d at 241-42. It was in the context of resolving the question of "under what circumstances, if any, should a court require a party to resort to Convention procedures to obtain information that an adversary would otherwise be obligated to disclose without a discovery demand, *id.* at 243, that the court held that because the defendant had alleged an affirmative defense that it had a lien superior to the plaintiff's claim, the defendant was required under Rule 26(a) to disclose all documents supporting that representation. *Id.* at 244.

improperly sued unincorporated associations in their own names. *See* DE 187 at 6-12. Those judicial decisions were necessarily based solely on the pleadings.

Whether Defendants' Rule 26 disclosures identified persons with knowledge or any documents relating to their lack-of-capacity defense is, therefore, wholly irrelevant. Consider, for example, a case in which a defendant files a Rule 12(b)(6) motion to dismiss shortly after the complaint is filed. No Rule 26 disclosures have been exchanged in such a case. The defendant has not even filed an answer. A defendant cannot be barred in those circumstances from moving to dismiss based on its lack of capacity to be sued because it did not identify in some non-existent Rule 26 disclosures anyone with knowledge or any documents relating to its lack-of-capacity defense. Merely because this case has progressed past that point does not mean that Rule 37 has grafted a disclosure requirement onto Defendants' Rule 12(c) motion.

## III. THERE ARE NO GROUNDS TO CONVERT DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS TO A MOTION FOR PARTIAL SUMMARY JUDGMENT

As noted in Section II, *supra*, it was Plaintiffs' burden to bring their non-federal claims against the proper defendants. In a final effort to salvage the deficiencies in their own Complaint, Plaintiffs claim that Defendants' motion should be converted to a motion for partial summary judgment because Defendants' lack-of-capacity defense "is based on multiple factual assertions which are not mentioned anywhere in the pleadings." DE 196 at 14.

According to Plaintiffs, there are four facts external to the Complaint upon which Defendants have relied in support of their Rule 12(c) motion:

> (1) the factual status of the PLO under New York law; (2) the factual status of the Palestinian Authority ("PA") under New York law; (3) whether the PLO actually has any "members" whose authorization or ratification would be a necessary condition of imposing tort liability on the PLO and, if so, the identity of those members; and (4) whether the PA actually has any "members" whose authorization or ratification would be a necessary condition

15

> of imposing tort liability on the PA and, if so, the identity of those members.

DE 196 at 13.  It is on the basis of these facts that Plaintiffs urge the Court to convert Defendants' motion for partial judgment on the pleadings to one for partial summary judgment. *Id.* at 14.

In making this assertion, Plaintiffs have latched onto Defendants' secondary argument that dismissal of Plaintiffs' non-federal claims should be with prejudice because "[g]ranting Plaintiffs leave to amend the Complaint to name the President or Treasurer of the PA and PLO as representative defendants would be futile."  DE 187 at 11.  But Defendants' argument about the futility of allowing Plaintiffs leave to amend their Complaint does not change the fact that the Complaint brought their non-federal claims against the PA and the PLO, which lack the capacity to be sued in their own names — a fact that Plaintiffs never address in their Opposition.

Moreover, to the extent that Defendants' status as unincorporated associations is a "fact," it is one of which the Court can take judicial notice.  On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).  This is true even when the Rule 12(c) motion is based on lack of capacity.  *See*, *e.g.*, *Comstock v. Pfizer Retirement Annuity Plan*, 524 F. Supp. 999, 1002 (D. Mass. 1981) (dismissing complaint where defendant appeared to be an unincorporated association and not subject to suit under Massachusetts law).

Without converting a Rule 12(c) motion to a motion for summary judgment, Federal Rule of Evidence 201 allows the Court to take judicial notice of a fact "not subject to reasonable dispute in that it is…capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see Lewis v. Russell*, No. 03-cv-

2646, 2012 U.S. Dist. LEXIS 7563, at *14 n.3. *25 (E.D. Cal. Jan. 23, 2012) (granting motion

for judgment on the pleadings after taking judicial notice of a public record attached to

defendant's motion).

This includes, for example, court documents, *Fleming v. Gordon & Wong Law Group,*

*P.C.*, 723 F. Supp. 2d 1219, 1221 (N.D. Cal. 2010), and "items appearing in the record of the

case." *Kline v. Mortg. Elec. Registration Sys.*, No. 08-cv-408, 2010 U.S. Dist. LEXIS 29977, at

*13-14 (S.D. Ohio Mar. 29, 2010). Notably, it also includes proofs of service. *See*, *e.g.*, *Jones v.*

*AT&T*, No. 07-cv-3888, 2008 U.S. Dist. LEXIS 119873, at *6-7 (N.D. Cal. Mar. 31, 2008)

(taking judicial notice of proof of service); *Granger v. Harris*, No. 05-cv-3607, 2007 U.S. Dist.

LEXIS 30076 (E.D.N.Y. Apr. 17, 2007) (same); *MCI Worldcom Network Servs. v. Graphnet,*

*Inc.*, No. 00-5255, 2005 U.S. Dist. LEXIS 40835, at *27 (D.N.J. May 10, 2005) (same).[14]

First, the Court can take judicial notice of the PA's status as an unincorporated

association. Plaintiffs served the PA pursuant to Rule 4(h) — as an unincorporated association

— and later defended that method of service as being entirely proper. DE 83 at 4. The Court

can take judicial notice of Plaintiffs' method of service as well as the filing in which Plaintiffs

embraced that method of service. *Fleming*, 723 F. Supp. 2d at 1221 (N.D. Cal. 2010); *Kline*,

2010 U.S. Dist. LEXIS 29977, at *13-14; *Jones*, 2008 U.S. Dist. LEXIS 119873, at *6-7;

---

[14] Plaintiffs cite a handful of cases for the general rule that when a motion for judgment on the pleadings (or to dismiss) is based on matters outside the pleadings, the motion may be treated as a motion for summary judgment. DE 196 at 14. All of those cases are inapposite, however, as none involved matters of which the court could take judicial notice. *See*, *e.g.*, *Klebanow v. N.Y. Produce Exchange*, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (noting in passing that a motion to dismiss based on lack of capacity "could be regarded as a pre-answer motion for summary judgment, entertained by the judge in his discretion"); *MK Sys., Inc. v. Schmidt*, No. 04-cv-8106, 2005 WL 237755, at *3 (S.D.N.Y. Feb. 1, 2005) (converting a motion to dismiss to a motion for summary judgment after consideration of a declaration attached in support of the motion); *Machne Menachem, Inc. v. Hershkop*, No. 97-cv-2550, 2001 WL 984943, at *3-*4 (E.D.N.Y. July 24, 2001) (same); *Weiner v. Winters*, 50 F.R.D. 306, 307-308 (S.D.N.Y. 1970) (treating a motion to dismiss as a motion for summary judgment after consideration of recitations of facts contained solely in defendants' motion).

*Granger*, 2007 U.S. Dist. LEXIS 30076; *MCI Worldcom Network Servs.*, 2005 U.S. Dist. LEXIS 40835, at \*27.  And the Court can take judicial notice of the other cases in which courts have held that the PA is an unincorporated association for purposes of the Federal Rules of Civil Procedure.  *See* Section I(C)(2), *supra*.[15]  Second, not only can the Court take judicial notice of the PLO's status as an unincorporated association for those same reasons, but also because Plaintiffs have expressly admitted that the PLO is an unincorporated association.  DE 202 ¶ 6.[16]

## IV. THE COURT SHOULD DENY PLAINTIFFS' CROSS-MOTION FOR RULE 56(d) DISCOVERY

Operating under the assumption that the Court will convert Defendants' motion for partial judgment on the pleadings to one for partial summary judgment, Plaintiffs declare in a cross-motion that the Court should "defer consideration of defendants' motion in order to permit plaintiffs a fair opportunity to conduct discovery regarding the factual predicates of defendants' motion."  DE 196 at 18.  The Court should deny Plaintiffs' cross-motion on two grounds.

---

[15] Plaintiffs attempt to create from whole cloth a new-found status for the PA as a "municipal government."  DE 196 at 15.  Not only does Plaintiffs' revisionist approach ignore that Plaintiffs themselves served the PA as an unincorporated association (under Rule 4(h)) and not as a municipality (under Rule 4(j)), but it is also unsupported by the single case cited by Plaintiffs.  *See id.*  Indeed, while *Knox v. PLO*, 306 F. Supp. 2d 424 (S.D.N.Y. 2004), holds that the PA *is not* a sovereign state, it does not affirmatively state what the PA *is*.  Every court to have actually considered the question has concluded that the PA is an unincorporated association.  *See* Section I(C)(2), *supra*.

[16] Despite Plaintiffs' acknowledgement that the PLO is, in fact, an unincorporated association, Plaintiffs claim that because it is a *foreign* unincorporated association, "the law of New York requires an examination of the legal regime under which the PLO operates in order to determine capacity."  DE 196 at 16.  Once more, Plaintiffs have cited a single inapposite case in support of this assertion.  While Plaintiffs state that *Textile Properties v. M.J. Whittall*, 157 Misc. 108 (N.Y. Sup. Ct. 1934), stands for the premise that the "[c]apacity of a foreign entity to be sued is determined under foreign law, not New York law," *Textile Properties*' one-paragraph decision <u>says precisely the opposite when it comes to foreign unincorporated associations</u>, whose capacity to be sued is determined by New York "domestic" law.  *Textile Properties*, 157 Misc. at 108; *see also Gross v. Cross*, 28 Misc. 2d 375, 377 (N.Y. Sup. Ct. 1961) (relying on *Martin v. Curran* and holding that a foreign unincorporated association may be sued only "if the requirements of section 13 of [New York] General Associations Law are shown to have been fulfilled"); *Rodier v. Fay*, 7 N.Y.S. 2d 744, 745 (N.Y. Sup. Ct. 1938) (same).

First, because there is no reason to convert Defendants' motion for partial judgment on the pleadings to a motion for summary judgment, *see* Section III, *supra*, Rule 56(d) does not apply. *See, e.g., Gusler v. City of Long Beach*, No. 10-cv-2077, 2011 U.S. Dist. LEXIS 115810, at *30-*31 n.8 (E.D.N.Y. Aug. 15, 2011); *Warren v. Sierra Pac. Mort. Servs. Inc. FN*, No. 10-cv-2095, 2011 U.S. Dist. LEXIS 44407, at *12-*13 (D. Ariz. Apr. 22, 2011); *Skiles v. County of Rawlins*, 468 F. Supp. 2d 1311, 1314-15 (D. Kans. 2007).

Second, even if the Court were to conclude that Defendants' motion for partial judgment on the pleadings should be converted to a motion for summary judgment, Plaintiffs have failed to satisfy the requirements of Rule 56(d).[17]  The Second Circuit

> has established a four-part test for the sufficiency of an affidavit submitted pursuant to Rule 56([d]).  The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful.

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

The affidavit submitted in support of Plaintiffs' cross-motion fails on at least two of those four parts — because Plaintiffs' counsel admits that Plaintiffs have made <u>no</u> efforts to obtain the facts sought by their cross-motion.  DE 202 ¶¶ 11-15.  Plaintiffs' counsel justifies this by stating that "because Defendants waived a lack of capacity defense and are precluded from making any factual assertions in support of such a defense, Plaintiffs had no reason whatsoever to seek any

---

[17] If the Court does conclude that it is proper to convert Defendants' motion to one for summary judgment, Defendants respectfully request that the Court provide the opportunity for additional briefing after giving the parties the necessary notice.  *See* Fed. R. Civ. P. 12(d) (providing that if a court treats a Rule 12(c) motion as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

discovery in respect to such a waived and precluded defense." *Id.* ¶ 12.[18] Plaintiffs' justification

puts the cart before the horse. As detailed in Section I, *supra*, Defendants have not waived their

lack-of-capacity defense. As likewise detailed above, Plaintiffs have been on notice since July

2007 that Defendants disputed their capacity to be sued under New York law because of their

status as unincorporated associations. That provided Plaintiffs with every reason to seek

discovery on the relevant issues, and they failed to do so. Accordingly, the Court should decline

to exercise its discretion to defer its consideration of Defendants' motion to permit Plaintiffs

leave to take discovery on Defendants' lack-of-capacity defense. *See Crandall v. David*, No. 10-

cv-0985, 2012 U.S. App. LEXIS 1739, at *3 (2d Cir. Jan. 30, 2012).

V.     **IF THE COURT CONCLUDES THAT PLAINTIFFS' NON-FEDERAL CLAIMS
       ARE NOT BARRED BY LACK OF PARTY CAPACITY, THE COURT SHOULD
       DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THOSE
       CLAIMS**

In their Motion, Defendants requested that, if the Court were to conclude that Defendants

have the capacity to be sued for Plaintiffs' non-federal claims, the Court should nonetheless

dismiss those claims because they raise complex questions of Israeli law that would ultimately

predominate over Plaintiffs' federal ATA claim. *See* DE 187 at 12-20. In their opposition to

Defendants' Motion, Plaintiffs claim that the Court should deny this alternative ground solely

because "defendants have failed to show any conflict between New York law and the law of

Israel or any other relevant forum." DE 196 at 19.

Generally speaking, under New York choice-of-law rules, "the first inquiry in a case

presenting a potential choice of law issue is whether there is an actual conflict of laws on the

---

[18] Similarly, Plaintiffs' counsel avers that "because Defendants' omission of a lack of capacity defense from their Answer and mandatory disclosures removed the issue of Defendants' capacity from this action — i.e., rendered it irrelevant to this case — it would have been improper for Plaintiffs to seek such discovery, since Rule 26 does not permit discovery regarding irrelevant matters." DE 202 ¶ 13.

issues presented." *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011). But when the parties agree that a given jurisdiction's law controls, that "is sufficient to establish choice of law." *Id.*; *see also Abundance Partners LP v. Quamtel, Inc.*, No. 11-cv-5841, 2012 U.S. Dist. LEXIS 2914, at *20 (S.D.N.Y. Jan. 5, 2012).

Defendants' Motion explained at length the reasons why Israeli tort law governs Plaintiffs' non-federal claims. DE 187 at 12-15. Plaintiffs do not dispute this. In fact, they agree. *See*, *e.g.*, DE 196 at 19 (acknowledging that Israeli law applies); *id.* at 11-12 (acknowledging that if Plaintiffs' non-federal claims were dismissed, Plaintiffs would have to seek to file them in Israel — where Israeli law would apply); DE 197 (discussing the relevant Israeli statute of limitations). As a result, that "is sufficient to establish choice of law." *Fed. Ins. Co.*, 639 F.3d at 566.

Plaintiffs rest on their presumption that there is no conflict between the law of New York and the law of Israel, and in the process they altogether fail to dispute that 28 U.S.C. §§ 1367(c)(1) and (c)(2) warrant the Court's exercise of its discretion to decline to exercise supplemental jurisdiction over Plaintiffs' numerous Israeli law claims. Indeed, the complexity and significant resources involved in determining the proper scope and application of Israeli law for each of Plaintiffs' non-federal claims would "substantially predominate[] over" their federal Anti-Terrorism Act claim.[19] Plaintiffs do not dispute that "controlling Israeli law is written in Hebrew and any authorized English translations have not been updated in more than twenty

---

[19] For example, as explained in Defendants' Motion, *see* DE 187 at 18-19, each claim would require this Court to determine: (1) the applicable statute of limitations; (2) who is a proper plaintiff, including whether adult siblings or those not present at the attack may recover; (3) the elements of the cause of action, including standard of care and causation; (4) the basis for imposing liability on the PA and PLO for the acts of others; and (5) the types of damages available, including whether plaintiffs can recover for emotional damages resulting from injury to family members. These are complex questions of Israeli law that fall squarely within the scope of § 1367(c)(1). *Id.*

years," *Saperstein v. Palestinian Auth.*, No. 04-cv-20225, 2009 U.S. Dist. LEXIS 129484, at *11-*12 n.6 (S.D. Fla. June 12, 2009), or that exercising supplemental jurisdiction over Plaintiffs' Israeli law claims would increase the costs and burdens on the parties and the Court, especially with respect to such issues as the increased need for expert witnesses and for translation services for documents and witnesses. DE 187 at 19. There are more than sufficient grounds for the Court to decline to exercise supplemental jurisdiction in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' motion for partial judgment on the pleadings, and it should deny Plaintiffs' cross-motion for Rule 56(d) discovery.


February 24, 2012                    Respectfully Submitted,

                                     /s/ Mark J. Rochon
                                     Mark J. Rochon
                                     Richard A. Hibey
                                     Laura G. Ferguson
                                     Brian A. Hill
                                     MILLER & CHEVALIER CHARTERED
                                     655 15th Street, NW, Suite 900
                                     Washington D.C. 20005-6701
                                     (202) 626-5800 [tel]
                                     (202) 626-5801 [fax]
                                     mrochon@milchev.com [email]

                                     *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 24th day of February 2012, a true and genuine copy of

the foregoing was filed by ECF, which will automatically send notification and a copy of such

filing to the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> *Counsel for Plaintiffs*

/s/ Mark J. Rochon
Mark J. Rochon