IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                              )
MARK I. SOKOLOW, *et al.*,    )
                              )
            Plaintiffs,       )
                              )
      v.                      )    Civil Action No. 04cv397 (GBD) (RLE)
                              )
THE PALESTINE LIBERATION      )
ORGANIZATION, *et al.*,       )
                              )
            Defendants.       )
                              )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE,
OR, ALTERNATIVELY, FOR PARTIAL JUDGMENT ON THE PLEADINGS**

The Second Circuit has instructed that "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Thus, "[a] motion to strike is an extraordinary remedy," *Velez v. Lisi*, 164 F.R.D. 165, 166 (S.D.N.Y. 1995), which is viewed with disfavor and is infrequently granted. *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11-cv-1638, 2012 U.S. Dist. LEXIS 25553, at *43 (S.D.N.Y. Feb. 23, 2012). Indeed, in *Harborview Value Masterfund*, Judge McMahon noted that "[t]his Court's opinion of such motions is a matter of public record: 'There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.'" 2012 U.S. Dist. LEXIS 25553, at *42 (citing *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008)).[1]

---

[1] *See also Aros v. United Rentals, Inc.*, No. 3:10-cv-73, 2011 U.S. Dist. LEXIS 125870, at *8-9 (D. Conn. Oct. 31, 2011) ("The court wonders at how much energy and expense was invested in the filing of, and opposition to, the instant Motion, which energy and expense could better be put to matters that would advance the determination of the merits of the case.") (citing Fed. R. Civ. P. 1); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) ("[M]otions to strike, in most cases, waste everyone's time.").

Even though "a motion to strike even a single defense can be seen as a dilatory or harassing tactic," *Fox v. Poole*, No. 06-cv-148, 2006 U.S. Dist. LEXIS 85935, at *5 (W.D.N.Y. Nov. 28, 2006), Plaintiffs have moved to strike every one of the fourteen affirmative defenses set forth in the Answer filed by the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (collectively "Defendants"). DE 205. Plaintiffs' motion should be denied outright. It is admittedly untimely, *see id.* at 3-4, in that it was filed more than nine months past the deadline set forth in Federal Rule of Civil Procedure 12(f). But even in the event that the Court chooses to consider Plaintiffs' untimely motion, the Court should deny it all the same — it is meritless. While Plaintiffs claim that all fourteen of Defendants' affirmative defenses are improperly "conclusory" and that nine of them are otherwise inadequate, as explained below, all of Defendants' affirmative defenses are properly asserted pursuant to Rule 8(b)(1)(A) and 8(c)(1) and the nine defenses specifically challenged by Plaintiffs are legally sufficient. And should the Court conclude that any of Defendants' defenses are lacking, the proper remedy would not be to strike the defense, but to grant Defendants leave to file an amended answer.

## ARGUMENT

### I. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE IT IS UNTIMELY

A party may bring a motion to strike an insufficient defense "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Here, Defendants filed their Answer on April 13, 2011. DE 92. Plaintiffs' deadline for filing a motion to strike Defendants' affirmative defenses was 21 days later, on May 4, 2011. Fed. R. Civ. P. 12(f)(2). Plaintiffs admit that their motion to strike — filed on February 17, 2012 (more than nine months past the deadline) — was untimely. DE 205 at 3-4. As such, Plaintiffs' motion should be denied. *See*, *e.g.*, *Riddle v. Liz Claiborne, Inc.*,

No. 00-cv-1374, 2001 U.S. Dist. LEXIS 17880 (S.D.N.Y. Nov. 1, 2001) (denying motion to strike when the filing "deadline ha[d] long since passed"); *Mengstie v. Williams*, No. 97-cv-974, 1998 U.S. Dist. LEXIS 22961, at *22 (S.D.N.Y. Dec. 29, 1998) (finding that because plaintiff's motion to strike was untimely, it should be denied on that ground); *R&R Recreation Products, Inc. v. Joan Cook, Inc.*, No. 91-cv-2589, 1992 U.S. Dist. LEXIS 5176, at *21 (S.D.N.Y. Apr. 14, 1992) (denying motion to strike as "untimely").

## II. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE IT IS MERITLESS

Plaintiffs attempt to save their untimely motion in two ways. First Plaintiffs try to bypass Rule 12(f)'s time limit by invoking Rule 12(c), DE 205 at 4, which governs motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). But Rule 12(c) does not apply to Plaintiffs' motion because, simply put, the end result would not be a final judgment in Plaintiffs' favor on the merits of any of their claims. *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1369 at (3d ed. 2004) (stating that Rule 12(f) "serves as a pruning device" whereas Rule 12(c) "is directed at gaining a final judgment on the merits").[2]

---

[2] Moreover, the cases cited by Plaintiffs, *see* DE 205 at 4-5, do not hold that Rule 12(c) can be used as an end-run around Rule 12(f)'s 21-day deadline. *See, e.g.*, *BJ Energy LLC v. PJM Interconnection, LLC*, No. 08-cv-3649, 2010 WL 1491900, at *2 n.1 (E.D. Pa. Apr. 13, 2010) (declining to address plaintiff's alternative motion for partial judgment on the pleadings); *FDIC v. Lowe*, 809 F. Supp. 856, 859 (D. Utah 1992) (applying Rule 12(c) without analysis of the timeliness of plaintiff's motion or any mention of Rule 12(f)'s deadline); *Bazazi v. Michaud*, 856 F. Supp. 33, 34 (D.N.H. 1994) (concluding that plaintiff's purported motion for judgment on the pleadings was actually a Rule 12(f) motion to strike). In *United States v. Brink*, No. 10-cv-243, 2011 WL 835828 (S.D. Tex. Mar. 4, 2011), the plaintiff moved pursuant to Rule 12(c), and the court expressly noted that "the proper remedy for an insufficient affirmative defense is a motion to strike under [Rule] 12(f)." 2011 WL 835828, at *2 n.1. The court does not appear to have considered that Rule 12(c) was inapplicable because the motion would not result in a final judgment on the merits in the plaintiff's favor. *See id.*

3

1225282.2

Second, Plaintiffs rely on cases holding that because the court can strike an affirmative defense at any time upon its own initiative, it may consider Plaintiffs' motion pursuant to Rule 12(f)(1) even though it was filed well past Rule 12(f)(2)'s deadline. DE 205 at 4. Yet, the two cases upon which Plaintiffs rely still require the motion itself to be meritorious. *See Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 n.2 (S.D.N.Y. 2003) (examining the merits of plaintiff's untimely motion to strike); *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 554 (S.D.N.Y. 2002) ("As the very case cited by [plaintiff] makes clear, [Rule 12(f)] has been interpreted to allow courts to grant *meritorious* motions to strike even when they are untimely") (emphasis added) (internal quotation marks omitted). As explained below, Plaintiffs' motion lacks any merit. Thus, in the event that the Court considers Plaintiffs' motion despite its untimeliness, the Court should nevertheless deny it.

### A. All of Defendants' Affirmative Defenses Are Adequately Pled

Plaintiffs claim that all of Defendants' affirmative defenses should be stricken because they are "conclusory." DE 205 at 5. Plaintiffs' assertion is based on the premise that the standards of pleading applicable to complaints — as set forth in the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) — apply with equal force to affirmative defenses. DE 205 at 6. But *Twombly* and *Iqbal* do not apply to affirmative defenses, and Defendants have adequately pled their affirmative defenses under the applicable standards set forth in Rule 8(b)(1)(A) and (c)(1).

#### 1. The Standards Set Forth in Iqbal and Twombly Apply to Allegations in a Plaintiff's Complaint, Not to a Defendant's Affirmative Defenses

While some federal courts have concluded that *Twombly* and *Iqbal* apply to affirmative defenses, others have concluded precisely the opposite. *See Lane*, 272 F.R.D. at 589 n.5, 590 n.6 (collecting cases). None of the federal courts of appeals have addressed the issue, *FTC v. Hope*

*Now Modifications, LLC*, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, at *6 (D.N.J. Mar. 10, 2011), which is "far from settled." *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011).

The more persuasive view is that *Twombly* and *Iqbal* do not apply to affirmative defenses. At least three reasons support this conclusion.

First, the text of Rule 8(a) does not require a defendant to provide the factual basis for its affirmative defenses. Rule 8(a) requires a plaintiff's complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), while a defendant's answer need only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Thus, "[o]nly plaintiffs, not defendants, are required to 'show' that they are 'entitled to relief.'" *Lane*, 272 F.R.D. at 593. In *Twombly* and *Iqbal*, "the Supreme Court placed great reliance on the Rule 8(a)(2) requirement that a pleading must show that the pleader is entitled to relief." *Aros*, 2011 U.S. Dist. LEXIS 125870, at *8-9 (internal citations omitted). "[B]ecause rule 8(b)(1)(A) does not include the same operative language that requires plaintiffs to provide factual allegations supporting their claims…the rules do not compel defendants to provide factual support for affirmative defenses." *Lane*, 272 F.R.D. at 594; *see also Tyco Fire Prods. LP*, 777 F. Supp. 2d at 900-901 (holding that, because of the differences in the applicable rules of pleading, *Twombly* and *Iqbal* do not apply to affirmative defenses); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, at *5 (E.D. Mich. Jan. 5, 2009) (holding that "*Twombly*'s analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable" to a motion to strike an affirmative defense).

Second, "the Supreme Court's reasoning in both *Twombly* and *Iqbal* reveal the Court's underlying concern: allowing unfounded cases to survive motions to dismiss and proceed to costly discovery." *Aros*, 2011 U.S. Dist. LEXIS 125870, at *9. Indeed, a "defendant asserting an affirmative defense is not unlock[ing] the doors of discovery in the same way that a plaintiff does by bringing a complaint in the first place." *Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *10 (internal quotation marks omitted) (alteration in original). Should a plaintiff need to request the factual basis of an asserted affirmative defense, *Twombly* and *Iqbal* do not counsel against doing so by way of discovery. *Id*.

And third, several "functional arguments support the decision not to apply *Twombly* and *Iqbal* to affirmative defenses." *Aros*, 2011 U.S. Dist. LEXIS 125870, at *9.

> First, because plaintiffs' time to prepare pleadings is limited only by the statute of limitations, whereas defendants' time is limited to twenty-one days, it makes sense that plaintiffs' claims would be required to meet a higher standard than defendants' affirmative defenses. Second, a motion to dismiss can resolve a case and avoid discovery entirely, whereas a motion to strike an affirmative defense can only prolong pre-discovery motion practice. Raising the standard for pleading affirmative defenses would encourage motions to strike, which are disfavored. Such a decision would undermine *Twombly* and *Iqbal*, both of which attempt to impose a heightened standard of pleading to limit wasteful expansions of litigation costs.

*Id.* at *9-10 (internal citations omitted). Moreover, "[w]hereas a defendant is deemed to admit the allegations in a complaint if he or she does not respond, a plaintiff may largely ignore an answer without formal legal consequence." *Lane*, 272 F.R.D. at 596. And "defendants risk waiving affirmative defenses that are omitted from their answer." *Id*.; *see also Tyco Fire Prods. LP*, 777 F. Supp. 2d at 901 (similar). "Consequently, counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses[;] such pleading is done precisely so that the defenses will be preserved should discovery or further

6

proceedings reveal factual support." *Lane*, 272 F.R.D. at 596 (internal citations omitted) (alteration in original).  Simply put, because a plaintiff can do a lot of work before filing his or her complaint, and a defendant generally cannot, "there is a sound rationale for requiring more of plaintiffs than of defendants at the pleading stage." *Id*.  For all of these reasons, this Court should likewise decline to apply the standard of *Twombly* and *Iqbal* to Defendants' affirmative defenses.[3]

Even if the Court, in the normal course, would hold otherwise, *Twombly* and *Iqbal* should not apply to the affirmative defenses asserted by Defendants in the circumstances of this particular case.  One of the primary reasons cited by courts that apply *Twombly* and *Iqbal* to affirmative defenses is that "what is good for the goose is good for the gander" and that "it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may apply in the case."  *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10-cv-1218, 2011 U.S. Dist. LEXIS 2265, at *4 (E.D. Va. Jan. 10, 2011).  But that rationale does not apply to this case, where Plaintiffs filed their Complaint in 2005 — years before *Twombly* and *Iqbal* were even on

---

[3] While Plaintiffs claim that "[m]ost, if not all," of the 43 judges of this court have concluded that *Twombly* and *Iqbal* apply to affirmative defenses, they identify only three such cases decided by judges in the Southern District of New York. DE 205 at 6.  In two of those cases (both decided by Judge Chin) the court generally held that the standard applicable to a motion to dismiss also applies to a motion to strike an affirmative defense — without analyzing the text of the applicable rules or the rationale underlying the *Twombly* and *Iqbal* decisions.  *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008).  In turn, Judge Swain's decision in *EEOC v. Kelley Drye & Warren, LLP*, No. 10-cv-655, 2011 U.S. Dist. LEXIS 80667, at *4-6 (S.D.N.Y. July 25, 2011), the third case cited by Plaintiffs, relied on *Burck* and *Aspex Eyewear* without further analysis.

the horizon. Plaintiffs were not held to the *Twombly/Iqbal* standard. It would be inequitable to impose those standards on Defendants.

        2.     *Defendants' Affirmative Defenses Meet the Requirements of Rule 8(b)(1)(A) and (c)(1)*

Under the applicable rule, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient…as long as it gives plaintiff fair notice of the nature of the defense." *Id.* at *8. Indeed, an affirmative defense need not even be plausible to survive — "it must merely provide fair notice of the issue involved." *Tyco Fire Prods.*, 777 F. Supp. 2d at 900. This is "not an exacting standard," and requires only that "the affirmative defense in question alert[] the adversary to the existence of the issue for trial." *Id.* at 900-901. The purpose of requiring averments of affirmative defenses is to "[p]rovid[e] knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case." *Id.* at 901; *see also N.H. Ins. Co. v. MarineMax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006) ("Rule 8(c) is designed to ensure that a [plaintiff] has notice that a particular defense is in play in the case, not necessarily how that defense applies"). "If there is any doubt as to whether to strike, the motion should be denied." *Joe Hand Promotions, Inc. v. Nekos*, 18 F. Supp. 2d 214, 218 (N.D.N.Y. 1998) (internal citations and quotations omitted).

In light of these considerations, numerous courts have rejected the very argument advanced by the Plaintiffs in their motion. *See*, *e.g.*, *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981) ("The Federal Rules of Civil Procedure do not require that a defense be pleaded with detailed specifications, as plaintiff urges, but simply provide that '(a) party shall state in short and plain terms his defenses to each claim asserted.'"); *Harborview Value Masterfund*, 2012 U.S. Dist. LEXIS 25553, at *12, *43 (concluding that a plaintiff's motion to strike "fourteen boilerplate affirmative defenses" was frivolous); *Tyco Fire Prods.*, 777 F. Supp.

2d at 895 (holding that defendant's affirmative defenses, which were "conclusory averments," satisfied the applicable pleading standard, and denying plaintiff's motion to strike); *Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *4, 6-12 (denying motion to strike affirmative defenses that were merely "list[ed]" in defendant's answer).

Here, Defendants have stated their affirmative defenses in short and plain terms. Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1). This is all that Rule 8 requires. *Holzsager*, 646 F.2d at 796. Defendants have sufficiently alerted Plaintiffs to the existence of the issues raised by their affirmative defenses, and are not required to explain in their Answer "precisely how the issue is implicated." *Tyco Fire Prods.*, 777 F. Supp. 2d at 901. Plaintiffs' motion to strike should therefore be denied.[4]

> B. Plaintiffs Have Not Shown That They Would Be Prejudiced If Defendants' Affirmative Defenses Remained in the Answer

Moreover, regardless of whether *Twombly* and *Iqbal* apply, courts in the Second Circuit will not strike an affirmative defense from an answer unless the plaintiff demonstrates that he or she would be "prejudiced by the inclusion of the defense." *Harborview Value Masterfund*, 2012 U.S. Dist. LEXIS 25553, at *42-43. Plaintiffs claim that allowing Defendants' affirmative defenses to remain in the Answer "would prejudice the plaintiffs by inviting additional

---

[4] Plaintiffs claim that their conclusion — that Defendants' affirmative defenses are nothing more than "boilerplate…filler" — is purportedly "bolstered by the fact that the defendants' mandatory Rule 26 disclosures do no identify anyone with knowledge, or any documents, relating to any of these 'defenses.'" DE 205 at 2. Whether Defendants' Rule 26 disclosures identified persons with knowledge or any documents relating to their affirmative defenses is irrelevant to whether Defendants adequately pled those defenses pursuant to Rule (b)(1)(A) and (c)(1). Defendants are aware of their obligations under Rule 26(e) to supplement their initial disclosures and will do so as necessary.

9

burdensome and wasteful motion practice by the defendants (along the lines of their recently-filed Motion for Partial Judgment on the Pleadings)." DE 205 at 7.[5]

Yet, despite pointing to this lone example of a single motion — challenged by Plaintiffs on the merits (DE 200) — Plaintiffs have done nothing more than speculate that Defendants will unleash a series of nefarious motions intended to delay and disrupt the proceedings "whenever the spirit moves them." *Id*. Despite their hyperbole, Plaintiffs have not shown any concrete way in which any of Defendants' affirmative defenses "will unreasonably complicate or frustrate the progress of the litigation of this matter." *Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *13. Nor could they, especially when the Court has previously rejected many of the affirmative defenses asserted by Defendants, which will not be presented to a jury. *Eaton v. Am. Media Operations, Inc.*, No. 96-cv-6158, 1997 U.S. Dist. LEXIS 46, at *14 (S.D.N.Y. Jan. 9, 1997). And should Defendants "try to raise a meritless defense at trial, Plaintiffs may ask the Court to prevent the jury from considering it." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 80 (S.D.N.Y. 2000). Because Plaintiffs have failed to show that they would be prejudiced by the inclusion of Defendants' affirmative defenses in their Answer, Plaintiffs' motion should be denied.[6]

---

[5] While Plaintiffs characterize Defendants' recent Motion for Judgment on the Pleadings as "burdensome" and "wasteful," Defendants' right to challenge their capacity to be sued for a large portion of Plaintiffs' claims is anything but. The time and resources wasted on Plaintiffs' instant motion stand in stark contrast. *Harborview Value Masterfund*, 2012 U.S. Dist. LEXIS 25553, at *42; *Aros*, 2011 U.S. Dist. LEXIS 125870, at *8-9; *Lane*, 272 F.R.D. at 596.

[6] In their motion, Plaintiffs assert that Defendants have "sudden[ly] resort[ed] to their 'affirmative defenses'" as "damage-control" purportedly "prompted by the overwhelming evidence of defendants' liability that has emerged since discovery began." DE 205 at 3 n.1. While this assertion is altogether irrelevant to Plaintiffs' instant motion, Defendants note their disagreement. Thus far, discovery in this case has produced no admissible evidence to support Plaintiffs' claims. Defendants will address this lack of evidence at the appropriate time and in the appropriate procedural context.

  C. <u>The Nine Affirmative Defenses Specifically Challenged by Plaintiffs Are Legally Sufficient</u>

In addition to moving to strike all of Defendants' affirmative defenses because they are purportedly fatally "conclusory," Plaintiffs also claim that nine of the affirmative defenses should be stricken for various other reasons. DE 205 at 7-10. None of Plaintiffs' assertions withstand scrutiny.

  1. *Third and Sixth Affirmative Defenses*

In their Third Affirmative Defense, Defendants state: "This Court lacks personal jurisdiction over the Defendants with respect to this action." DE 92 at 2. And Defendants' Sixth Affirmative Defense states that "[t]his Court is not a proper venue for this action and should be dismissed. Alternatively, this action should be transferred." *Id*.

The issues underlying Defendants' Third and Sixth Affirmative Defenses have been extensively briefed on the merits. *See*, *e.g.*, DE 45, DE 66, DE 67, DE 93, DE 94. Plaintiffs have, therefore, been given ample notice of these defenses and striking them from Defendants' Answer is unwarranted. *See Lopez*, 2011 U.S. Dist. LEXIS 2265, at *8; *Tyco Fire Prods.*, 777 F. Supp. 2d at 900-901.

Plaintiffs assert that because the Court has already denied Defendants' motions relating to these defenses, they should be stricken. DE 205 at 7-8. However, even though the Court previously denied Defendant's motions, Defendants' Third and Sixth Affirmative Defenses are not "insufficient" for purposes of a motion to strike. *Weiss v. El Al Isr. Airlines, Ltd.*, 433 F. Supp. 2d 361, 372 (S.D.N.Y. 2006); *Beauchamp v. United States*, No. 97-cv-6372T, 1998 U.S. Dist. LEXIS 11573, at *9-10 (W.D.N.Y July 16, 1998). Moreover, Defendants have asserted these defenses in their Answer to make clear that the defenses have not been waived and to preserve the issues for any future appeal.

In any event, Plaintiffs have not shown that they will be prejudiced if these defenses remain in Defendants' Answer. *See* Section II(B), *supra*. Accordingly, the defenses should not be stricken.

2.  *Fourth Affirmative Defense*

In their Fourth Affirmative Defense, Defendants stated that

> Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement).

DE 92 at 2.

This affirmative defense was raised as early as July 2007 (DE 44, DE 82) and is now the subject of Defendants' pending Motion for Partial Judgment on the Pleadings (DE 187).[7] Plaintiffs have, therefore, been given ample notice of this defense and striking it from Defendants' Answer is unwarranted. *See Lopez*, 2011 U.S. Dist. LEXIS 2265, at *8; *Tyco Fire Prods.*, 777 F. Supp. 2d at 900-901. Moreover, regardless of the outcome of Defendants' Motion for Partial Judgment on the Pleadings, Plaintiffs have not shown that they will be prejudiced if this defense remains in Defendants' Answer. *See* Section II(B), *supra*.

3.  *Fifth and Eighth Affirmative Defenses*

Defendants' Fifth Affirmative Defense states: "Plaintiffs have failed to state a claim on which relief may be granted against Defendants, and, therefore, this action should be dismissed

---

[7] For all of the reasons set forth in Defendants' motion (DE 186, DE 187) and reply (DE 209), judgment should, in fact, be entered in favor of Defendants on all of Plaintiffs' non-federal claims.

1225282.2

as to the Defendants pursuant to Fed. R. Civ. P. 12(b)(6)." DE 92 at 2.  And Defendants' Eighth Affirmative Defense states: "Plaintiffs have failed to allege their claims with the requisite specificity and particularity, including, without limitation, allegations of time and place which are deemed material and essential pursuant to Fed. R. Civ. P. 9(f)." *Id*.

Plaintiffs claim that both of these defenses should be stricken from Defendants' Answer because they are "not proper affirmative defenses."  DE 205 at 9.  Yet "it is well settled that the failure-to state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." *SEC v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992).  "A plaintiff suffers no prejudice when the failure-to-state-a-claim defense is used in the pleadings… and… [it] need not be stricken." *Id*.; *see also Cattaraugus Cnty. Project Head Start, Inc. v. Katzenstein*, No. 00-cv-0167E(F), 2000 U.S. Dist. LEXIS 16981, at *9 (W.D.N.Y. Nov. 9, 2000) ("Including failure to state a claim as an affirmative defense is a routine practice which is rarely, if ever, stricken by the court as legally insufficient and, indeed, is often considered invulnerable as against the motion.") (internal quotation marks omitted).  Defendants' Fifth and Eighth Affirmative Defenses should not, therefore, be stricken.  *See also* Section II(B), *supra*.

    4.    *First, Second, Seventh, and Ninth Affirmative Defenses*

Defendants' First Affirmative Defense states: "This Court lacks subject-matter jurisdiction over this action or, alternatively, subject-matter jurisdiction should be abated."  DE 92 at 1.  Defendants' Second Affirmative Defense states that the Court lacks subject matter and/or supplemental jurisdiction over Plaintiffs' non-federal claims.  *Id*.  For their Seventh Affirmative Defense, Defendants state: "This action should be dismissed as non-justiciable, including, without limitation, under the political question doctrine." *Id.* at 2.  And in their Ninth

13

Affirmative Defense, Defendants state that they are "immune from suit in the United States under the doctrine of Sovereign Immunity." *Id.* at 3.

Plaintiffs claim that because all of these defenses are purported challenges to the Court's subject-matter jurisdiction, and because lack of subject-matter jurisdiction can be raised at any time, these defenses are not proper affirmative defenses and should be stricken. DE 205 at 10. This is not so. *Weiss*, 433 F. Supp. 2d at 372; *Beauchamp*, 1998 U.S. Dist. LEXIS 11573, at *9-10. Regardless of Plaintiffs' characterization of these defenses, Plaintiffs have been given ample notice of them, *see* DE 44, and striking them from Defendants' Answer is unwarranted. *See Lopez*, 2011 U.S. Dist. LEXIS 2265, at *8; *Tyco Fire Prods.*, 777 F. Supp. 2d at 900-901. Moreover, Defendants have asserted all of them in their Answer to make clear that the defenses have not been waived and to preserve the issues for any future appeal. Finally, because Plaintiffs have not shown how their inclusion in the Answer would prejudice them, *see* Section II(B), *supra*, these defenses should not be stricken.

### III. SHOULD THE COURT CONCLUDE THAT ANY OF DEFENDANTS' AFFIRMATIVE DEFENSES ARE LACKING, THE PROPER REMEDY WOULD BE TO GRANT DEFENDANTS LEAVE TO AMEND THEIR ANSWER

"Leave to amend an answer 'shall be freely given when justice so requires.'" *Southern Boston Management Corp.*, No. 03-cv-6845, 2004 U.S. Dist. LEXIS 23349, at *5 (S.D.N.Y. Nov. 18, 2004) (quoting Fed. R. Civ. P. 15(a)). "The Court has broad discretion to determine whether to grant a motion to amend." *Id.* "The Court will typically allow the amendment if the movant has demonstrated 'at least colorable grounds for relief' absent a showing of 'undue delay, bad faith or dilatory motive…, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Id.* (internal citations omitted) (alteration in original).

If the Court should disagree with Defendants and find that any of their affirmative defenses are defective in terms of the manner in which they were pled or in terms of their legal sufficiency, the proper course would not be to resort to the extraordinary and disfavored remedy of striking those defenses from Defendants' Answer.  Instead, the Court should grant Defendants leave to file an amended answer that re-pleads the affirmative defenses with the requisite particulars.  *Lopez*, 2011 U.S. Dist. LEXIS 2265, at *2; *see also Shea v. N.P. Agency, Inc.*, 01-cv-9327, 2004 U.S. Dist. LEXIS 4508, at *2-3 (S.D.N.Y. Mar. 19, 2004) (granting defendants' motion for leave to amend its answer when, "[t]hough discovery is close to completion, the Court finds that the plaintiff will not need to engage in significant additional discovery and the case will not be delayed as a result of the amendment."); *Hamilton v. City of New York*, No. 06-cv-15405, 2011 U.S. Dist. LEXIS 51919, at *10 (S.D.N.Y. May 10, 2011) (granting defendants' motion to amend answer to include affirmative defense).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike, or, Alternatively, for Partial Judgment on the Pleadings, should be denied.  Alternatively, Defendants should be granted leave to file an amended answer.

1225282.2

March 5, 2012				Respectfully Submitted,

					/s/ Mark J. Rochon
					Mark J. Rochon
					Richard A. Hibey
					Laura G. Ferguson
					Brian A. Hill
					MILLER & CHEVALIER CHARTERED
					655 15th Street, NW, Suite 900
					Washington D.C. 20005-6701
					(202) 626-5800 [tel]
					(202) 626-5801 [fax]
					mrochon@milchev.com [email]

					*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1225282.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 5th day of March 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com
>
>*Counsel for Plaintiffs*

>/s/ Mark J. Rochon
>Mark J. Rochon

1225282.2