UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

Docket No:
04-CV-397 (GBD) (RLE)

--------------------------------------------------------------------X

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION
TO THE MAGISTRATE JUDGE TO ISSUE A LETTER
OF REQUEST FOR JUDICIAL ASSISTANCE [DE 206]**

On February 23, 2012, Plaintiffs moved this Court, *ex parte,* for issuance of a "Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters" (hereinafter, "Hague Request").  DE 206-208.  The proposed Hague Request asks the State of Israel to cause Sana'a Shehadeh to appear to be deposed by the parties' counsel before a commissioner appointed by this Court and "to apply the appropriate measures of compulsion . . . to the same extent as are provided by Israeli law for the execution of orders issued by Israeli authorities or of requests made by parties in internal proceedings."  DE 208-1 at 2.

The undersigned do not represent or speak for Ms. Shehadeh, who is neither an employee nor an agent of the Palestinian Authority or PLO.  Defendants nonetheless opposes the Hague Request because it is premised on the assertion of Israeli jurisdiction over a Palestinian living in an area as to which the U.S. has not recognized Israel's sovereignty.  Ms. Shehadeh is a Palestinian apparently living in the portion of the Qalandiya refugee camp within the "Jerusalem

1

1227392.1

Municipal District," an area over which the United States recognizes no state as having sovereignty. Defendants have a strong interest in ensuring that the U.S. courts not take a position on Israel's assertion of claims of sovereignty over Jerusalem or Palestinians living in Jerusalem.

## Factual Background

Plaintiffs allege that Sana'a Sheahdeh was convicted by an Israeli court of participating in the March 21, 2002 suicide bombing attack in which Plaintiff Dr. Alan Bauer and his minor son, Plaintiff Y.B., were injured. DE 208 at 2. Ms. Shehadeh was released from prison in October 2011 as part of the widely publicized Israel-Hamas prisoner exchange that led to the release of Israeli soldier Gilad Shalit. *See id.* Israeli military tribunal documents produced by Plaintiffs indicate that Ms. Shehadeh was a resident of the Qalandiya (or Kalandia) refugee camp. Upon her release, Ms. Shehadeh appears to have returned to her home in Qalandiya. *See* Exh. 1 (describing Ms. Shehadeh as a Qalandiya resident as of late 2011).

Following the 1967 Arab-Israeli War, Israel "unilaterally annexed some 70 km of the occupied area to Israel, which included East Jerusalem . . . as well as 64 km of surrounding West Bank territory; the annexed area was subsequently added to the Municipality of Jerusalem." *See* Exh. 2 (United Nations, Office for the Coordination of Humanitarian Affairs occupied Palestinian Territory: East Jerusalem: Key Humanitarian Concerns) at 2 (March 2011) (hereinafter "OCHA Report"). The annexed area includes a portion of the Qalandiya refugee camp.

Plaintiffs make much of the fact that Ms. Shehadeh has an Israeli identification number, and assert that she is "either a citizen or a permanent legal resident of Israel." DE 208 at 2. Defendants understand that Ms. Shehadeh is not a citizen of the State of Israel. Given her Israeli

identification number, it is almost certain Ms. Shehadeh resides in that portion of Qalandiya that is within what Israel characterizes as the "Jerusalem Municipal District." The majority of Palestinians living within the "Jerusalem Municipal District" are permanent residents rather than citizens of Israel. Exh. 2 (OCHA Report) at 2, 12. Moreover, "their residency status is conditional on their proving that their 'centre of life' lies within the Israeli-defined municipal boundary of Jerusalem." *Id.* at 12. According to the United Nations, "[a]pproximately 14,000 East Jerusalem Palestinians had their residency revoked between 1967 and mid-2010." *Id.*

Plaintiff Dr. Alan Bauer, along with several other Plaintiffs, including lead Plaintiff Mark Sokolow, represented in a letter to U.S. Attorney General Eric Holder that Ms. Shehadeh is a Palestinian "resid[ing] in the suburbs of Jerusalem that are under PA control." Exh. 3 at 2. Dr. Bauer and several other Plaintiffs have demanded that the U.S. indict, extradite, and prosecute Ms. Shehadeh. *Id.* at 1-2. For purposes of that request, they treat Ms. Shehadeh as living within an area under PA control. Yet, when petitioning the Court for issuance of the Hague Request, Plaintiffs treat Ms. Shehadeh as living in an area under Israeli control.

## **Argument**

Currently pending before the U.S. Supreme Court is *Zivotofsky v. Clinton*, No. 10-699 (2011). At issue in that case is a conflict between the U.S. Department of State's policy that U.S. citizens born in Jerusalem record only "Jerusalem" and not "Jerusalem, Israel" as their place of birth in their U.S.-issued passports and a federal statute requiring the State Department to designate "Jerusalem, Israel" as the place of birth upon request. *See* Section 214(d) of the Foreign Relations Authorization Act, Fiscal Year 2003, Pub. L. No. 107-228, 116 Stat. 1350, 1366. The questions presented are (1) whether the political question doctrine renders

nonjusticiable petitioner's claim seeking to enforce Section 214(d), and (2) whether Section 214(d) impermissibly infringes the President's power to recognize foreign sovereigns.

In its brief in *Zivotofsky*, the United States, representing Secretary of State Clinton, argues that the Constitution grants the Executive Branch the exclusive right to recognize foreign sovereigns and that the Petitioner's claimed right to have "Israel" listed on his passport as his place of birth presents a nonjusticiable political question. Significant for purposes of the instant dispute, the United States took the following position in *Zivotofsky*:

> The status of the city of Jerusalem is one of the most sensitive and longstanding disputes in the Arab-Israeli conflict. For the last 60 years, the United States' consistent policy has been to recognize no state as having sovereignty over Jerusalem, leaving that issue to be decided by negotiations between the relevant parties within the peace process.

Exh. 4 (Brief for Respondents) at 2. *See also id.* at 3-8 (explaining U.S. policy of non-recognition). Similarly, the United States "recognizes no state as having sovereignty over the territories of the West Bank and Gaza Strip . . . ." *Id.* at 7. The U.S. policy regarding Jerusalem "reflects its determination that U.S. national security interests would be significantly harmed at the present time were the United States to adopt a policy or practice that equated to officially recognizing Jerusalem as a city located within the sovereign state of Israel." *Id.* at 8 (internal quotation and citation omitted).

It would be inconsistent with the Executive Branch's policy that no state has sovereignty over Jerusalem to issue a Hague Request to the State of Israel to compel the deposition of a Palestinian living in the "Jerusalem Municipal District." The issuance of such a Hague Request readily could be viewed as a recognition of Israeli sovereignty over Jerusalem and over Palestinians living in Jerusalem. As the United States argued in *Zivotofsky*, "[a]ny unilateral action by the United States that would signal, *symbolically or concretely*, that it recognizes that

1227392.1

Jerusalem is a city that is located within the sovereign territory of Israel would critically compromise the ability of the United States to work with Israelis, Palestinians and others in the region to further the peace process." *Id*. at 2 (internal citation and quotation omitted) (emphasis supplied).

The political question doctrine "is designed to restrain the Judiciary from inappropriate interference in the business of other branches of Government." *United States v. Munoz-Flores*, 495 U.S. 385, 394 (1990). The doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221, 230 (1986). As the United States explained in *Zivotofsky*, the "Constitution assigns exclusively to the President the discretion to recognize foreign states, their governments, and their territorial boundaries." Exh. 4 at 49. Just as adjudicating review of Zivotofsky's claim that he is entitled to list Jerusalem, Israel as his place of birth on his passport would entail judicial review of a recognition decision that the Constitution commits to the Executive Branch, *see id.*, so too would judicial review of Plaintiffs' claim that the United States court should request the State of Israel to compel the deposition of a Palestinian living in the "Jerusalem Municipal District."

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

March 5, 2012                              Respectfully Submitted,

                                          /s/ Mark J. Rochon
                                        Mark J. Rochon
                                        Richard A. Hibey
                                        Laura G. Ferguson
                                        Brian A. Hill
                                        MILLER & CHEVALIER CHARTERED
                                        655 15th Street, NW, Suite 900
                                        Washington D.C. 20005-6701
                                        (202) 626-5800 [tel]
                                        (202) 626-5801 [fax]
                                        (202) 626-5800 (telephone)
                                        (202)626-5801 (facsimile)
                                        Email: mrochon@milchev.com
                                                        rhibey@milchev.com
                                                        lferguson@milchev.com
                                                        bhill@milchev.com

                                        *Attorneys for Defendants The Palestinian*
                                        *Authority and The Palestine Liberation Organization*

1227392.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 5th day of March 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com
>
>*Counsel for Plaintiffs*

/s/ Mark J. Rochon
Mark J. Rochon

1227392.1