UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.

                Plaintiffs,

v.                                            Civ. No. 04-397(GBD)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

                Defendants.

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS'
CROSS-MOTION IN THE ALTERNATIVE PURSUANT TO RULE 56(d)**

Plaintiffs respectfully submit this memorandum in reply to defendants' Opposition (DE 210) ("Opp.") to Plaintiffs' Cross-Motion in the Alternative Pursuant to Rule 56(d) (DE 199-202). As shown *infra*, defendants fail to articulate any reason to deny plaintiffs' cross-motion (in the event that defendants' motion is not denied outright which, respectfully, it should be).

**ARGUMENT**

Defendants oppose plaintiffs' cross-motion in the alternative for Rule 56(d) relief solely on two grounds: (1) defendants' motion for partial judgment on the pleadings need not be converted to a Rule 56 motion; and (2) the declaration filed in support of plaintiffs' cross-motion is insufficient. Opp. at 18-20. As discussed below, both of these arguments are meritless.

**I. Defendants' Motion Must Be Converted Into a Rule 56 Motion (If It Is Not Denied Outright) Because the Court Cannot "Take Judicial Notice" of the Factual Predicates on Which the Defendants Base Their Motion**

As noted in plaintiffs' motion, under the governing law of this Circuit, where, as here, a defendant bases a lack of capacity motion on factual assertions outside the pleadings, the motion must be treated as one for summary judgment. *See* DE 200 at 14 (citing cases). *See also MK Systems, Inc. v. Schmidt*, 2005 WL 237755 at *3 (S.D.N.Y. 2005) ("[I]n this circuit … arguments

concerning a plaintiff's lack of capacity may be treated as arising under Rule 12(b)(6) where the defect in capacity appears on the face of the complaint [but] [w]here … the Court must consider matters outside the pleadings … the motion shall be treated under Rule 56(b).").

Defendants do not dispute this rule, but argue that this Court need not convert their motion into one for summary judgment, because it can "take judicial notice" of the factual predicates of their lack of capacity claim. Thus, argue the defendants, since their motion need not be converted to a Rule 56 motion, plaintiffs have no grounds to seek relief under Rule 56(d). *See* Opp. at 19 (incorporating by reference Section III of defendants' Opposition). This argument fails because the Court cannot take judicial notice of the matters at issue, as explained *infra*.

Defendants first claim that: "the Court can take judicial notice of the PA's status as an unincorporated association. Plaintiffs served the PA [and the PLO] pursuant to Rule 4(h) – as an unincorporated association – and later defended that method of service as being entirely proper. DE 83 at 4." Opp. at 17. This claim is nothing short of an outrageous falsehood. Plaintiffs did not serve the PA (or the PLO) "as an unincorporated association" as defendants meretriciously assert. Plaintiffs served defendants pursuant to Fed.R.Civ.P. 4(h), which governs service on all organizational defendants whether incorporated or not.[1]

Moreover, Rule 4(h) applies by its own terms only to defendants that are "subject to suit under a common name" (*id*.) whereas under New York law an unincorporated association cannot be sued in its own name. General Associations Law § 13. Thus, if anything, the fact that

---

[1] In "support" of this false claim (which, disturbingly, is repeated through their Opposition) that plaintiffs "served defendants as unincorporated associations" defendants cite to "DE 83 at 4." Opp. at 17. But as the Court will see upon examining DE 83 at 4 (an examination which defendants evidently hope that the Court will not undertake), nowhere do the plaintiffs state that they served defendants "as unincorporated associations" – thus, defendants' claim to the contrary is pure fiction.

defendants were served pursuant to Rule 4(h) – but did not dispute the validity of that service – constitutes an admission that they are indeed "subject to suit under a common name."[2]

Therefore, defendants' request that the Court "take judicial" notice that they were served as "unincorporated associations" is meritless (on the contrary: the Court can take judicial notice of the fact that defendants declined to contest the validity of service under Rule 4(h), which Rule applies only to defendants that are "subject to suit under a common name" – which per se excludes entities that are "unincorporated associations" under New York law).

Defendants next argue that "the Court can take judicial notice of the other cases in which courts have held that the PA is an unincorporated association." Opp. at 18. This argument should be rejected for two reasons:

*First*, no court has ever ruled on the status of the PA under New York law. That fact is fatal to defendants' argument, because Fed.R.Civ.P. 17(b) requires this Court to assess the defendants' capacity to be sued under "the law of the state where the court is located." *Id*. Thus, whether the PA or PLO has been found to be an "unincorporated association" under the law of another U.S. jurisdiction is simply irrelevant here. Moreover, decisions from other jurisdictions are particularly inapposite in this case because, as discussed in plaintiffs' motion, when a defendant is a governmental entity such as the PA, New York law determines its capacity to be sued under the statute or instrument that created it. DE 200 at 15-16 (citing cases).

(Defendants do not deny that New York law requires this Court to look to the PA's founding instrument, the Oslo Accords, to determine its capacity to be sued, nor do they dispute that the Accords expressly provide that the PA has the power to "sue and be sued." Interim Agreement on the West Bank and the Gaza Strip, Art. IX(2), 36 I.L.M. 551, 561. Instead,

---

[2] Defendants never raised any challenge to service, and the question of service was not litigated.

3

defendants claim that no court has found that the PA is a governmental entity. Opp. at n.15. In fact, courts have done so repeatedly. *See e.g. Ungar v. PLO*, 402 F.3d 274, 291-293 (1st Cir. 2005) (discussing the PA's status as a governmental entity); *Knox v. PLO*, 306 F.Supp.2d 424, 434-438 (S.D.N.Y. 2004) (same). Indeed, in their previous filings in this Court, defendants have insisted upon the PA's status as a governmental entity. *See e.g.* DE 44, *passim*).

Likewise, under New York law, the capacity of a foreign unincorporated association (even if not a governmental entity) to be sued must be determined under the law of its domicile:

> Defendant is a Massachusetts trust. It was organized in that State under a written declaration of trust. The character of this business organization, at least when it is made a defendant, is to be determined by the law of Massachusetts and not by the General Associations Law of this State … The Massachusetts statute provides that such an association may be sued and its property may be subject to attachment in like manner as if it were a corporation, and service of process upon one of the trustees shall be sufficient. Plaintiff has rightfully treated defendant as if it were virtually a foreign corporation, and not an unincorporated association, which under our domestic law must be sued in the name of its president or treasurer.

*Textile Properties v. M.J. Whittall*, 157 Misc. 108, 108-109, (N.Y.Sup. 1934) (citations omitted).

Thus, even if the PLO is an "unincorporated association," New York law would look to the law of its domicile (i.e. the West Bank), not the General Associations Law, to determine its capacity to be sued. *Cf. Textile Properties*, ("The character of this business organization, at least when it is made a defendant, is to be determined by the law of Massachusetts and not by the General Associations Law of this State."). Therefore, defendants' claim that this Court can take

4

judicial notice of decisions in other U.S. jurisdictions treating the PLO as an unincorporated association is baseless, because governing New York law looks to the PLO's domicile.[3]

(Defendants argue that plaintiffs have misread *Textile Properties*, and cite to *Gross v. Cross*, 28 Misc. 2d at 377 and *Rodier v. Fay*, 7 N.Y.S. 2d at 745 as purportedly holding that "a foreign unincorporated association may be sued only 'if the requirements of section 13 of [New York] General Associations Law are shown to have been fulfilled'." Opp. at n.16. But defendants misrepresent the holdings in those cases, by omitting the word "**not**." *Gross* and *Rodier* both held that "foreign unincorporated association may **not** be sued as if it were a foreign corporation, but only if the requirements of section 13" are met. *Id.*. (emphasis added). Thus, if § 13 is not satisfied, the foreign unincorporated association must be sued as a foreign corporation. *See Lafayette Bank v. Branchini & Sons*, 342 A.2d 916, 917 (1975) (parsing *Textile Properties*)).

*Second*, a federal court "may take judicial notice of a judicial opinion <u>only to establish the existence</u> of that opinion, and <u>not for the truth of the facts</u> recited therein." *Lipton v. County of Orange, NY*, 315 F.Supp.2d 434, 456 n.27 (S.D.N.Y. 2004) (rejecting party's claim, in context of a summary judgment motion, that the district court could take judicial notice of findings contained in decision of the Second Circuit in another case) (emphasis added). *See also e.g. Henneberger v. County of Nassau*, 465 F.Supp.2d 176, 185 (E.D.N.Y. 2006) ("A court may take judicial notice of an opinion issued in a prior proceeding, but 'only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'") (quoting *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2nd Cir. 2006)); *Southern Cross Overseas*

---

[3] As noted in plaintiffs' motion, Rule 17(b) incorporates both state statutory law and state case law; so, where state law looks to the law of the jurisdiction in which the entity is organized in order to determine capacity, the federal court does so as well. DE 200 at n. 10 (citing Wright & Miller § 1559 and *HOB Entertainment, Inc. v. SilkHOB, LLC*, 2011 WL 321780 at *5 (D.S.C. 2011)).

*Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999) (same); *Int'l Star Class Yacht Racing v. Tommy Hilfiger*, 146 F.3d 66, 70-71 (2nd Cir. 1998) (Rule 201 of the Federal Rules of Evidence does not permit judicial notice of findings from another case).

Thus, defendants' demand that the Court take judicial notice of findings in other cases that they are "unincorporated associations" must be rejected.[4] And since this Court cannot judicially notice the findings in those decisions, it cannot consider them at all without first converting defendants' motion into a motion for summary judgment.[5]

In sum: defendants' claim that their motion need not be converted into a Rule 56 motion is without merit; therefore, if the Court does not deny defendants' motion outright, plaintiffs' cross-motion for Rule 56(d) relief can and should be granted.[6]

---

[4] Defendants cite to *Klinghoffer v. S.N.C. Achille Lauro*, 739 F. Supp. 854 (S.D.N.Y. 1990) as putative authority for their claim that the PLO is an "unincorporated association" under New York law. But defendants neglect to inform the Court that in that case the PLO disputed that it is an unincorporated association. *Id*. at 858 ("The PLO asserts that it cannot be sued as an unincorporated association."). Moreover, in the 22 years since *Klinghoffer* the PLO's status has changed, and today the "PLO is generally considered to be a subject of international law and has, therefore, the capacity to conclude treaties.") C. Hauswaldt, *Problems Under the EC-Israel Association Agreement*, 14 Eur. J. Int'l L. 591 at n.54. *See also* G. Watson, *The Oslo Accords* at 76 (The PLO is now a non-sovereign subject of international law). Thus, even if this Court could take judicial notice of any findings in *Klinghoffer* – which, as shown in the text above, it cannot – that 22 year-old decision is now factually obsolete. *Cf. Int'l Star Class Yacht Racing*, 146 F.3d at 71 ("[T]rademark search practices may well have changed or developed in the intervening years between the *Corsearch* trial and the events at issue in this case.").

[5] Moreover, findings in other cases have no evidentiary weight and are irrelevant here since New York law looks to the capacity of the PA and PLO under the law of their domicile; thus, even if the Court considered findings in other cases, defendants' motion would still have to be denied for failure of proof.

[6] Defendants also claim, somewhat bizarrely, that the facts regarding which plaintiffs seek discovery (if defendants' motion is not denied outright) are relevant only to a possible amendment of the complaint to name the president or treasurer of the PA and PLO, but that such discovery cannot "change the fact [sic] that the Complaint [sic] brought their [sic] non-federal claims against the PA and the PLO, which lack the capacity to be sued in their own names." Opp. at 16. The truth, of course, is that whether "the PA and the PLO … lack the capacity to be sued in their own names" is not a "fact," as defendants wishfully claim, but the very heart of the dispute between the parties.

## II.     Plaintiffs' Declaration Is Not Deficient

Defendants claim that the declaration submitted by plaintiffs in support of their cross-motion is insufficient because it does not detail the efforts made to obtain the discovery sought and why those efforts were unsuccessful. Opp. at 19-20.

This argument is easily disposed of: as noted in plaintiffs' declaration, because defendants failed to properly assert a lack of capacity defense in their Answer, and failed to identify any witnesses or documents relating to such a defense in their mandatory Rule 26 disclosures, plaintiffs simply had no reason to seek any discovery in this regard. DE 202 at ¶ 12. Moreover, "because Defendants' omission of a lack of capacity defense from their Answer and mandatory disclosures removed the issue of Defendants' capacity from this action – i.e., rendered it irrelevant to this case – it would have been improper for Plaintiffs to seek such discovery, since Rule 26 does not permit discovery regarding irrelevant matters." *Id*. at ¶ 13.

Defendants acknowledge plaintiffs' position but argue that plaintiffs "put[] the cart before the horse," because the Court has not yet determined whether defendants lack of capacity defense is waived and/or precluded. Opp. at 19-20. This argument is untenable: even if the Court ultimately decides that the defendants have not actually waived a lack of capacity defense and are not actually precluded by the automatic exclusion provisions of Rule 26 from asserting such a defense, it cannot be seriously contended that defendants have complied with the particularity requirements of Rule 9(a) or with the mandatory disclosure requirements of Rule 26.

Thus, in light of defendants' failure to follow the pleading and disclosure requirements of the Federal Rules, it would be absurd to argue, as defendants do, that plaintiffs should now be prevented from seeking discovery regarding defendants' tardily asserted defense. Plaintiffs, of all people, should not be prejudiced by defendants' pleading and discovery failures.

Indeed, to accept defendants' argument would be to reward their failure to comply with Rule 9(a) and Rule 26, and to allow defendants to ambush the plaintiffs.

***

**WHEREFORE**, if defendants' motion is not denied outright (as, respectfully, it ought to be) plaintiffs' cross-motion should be granted.

>Plaintiffs, by their Attorney,
>/s/ Robert J. Tolchin
>Robert J. Tolchin
>111 Livingston Street, Suite 1928
>Brooklyn, New York 11201
>(718) 855-3627
>Fax: (718) 504-4943
>rjt.berkman@gmail.com