UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

-----------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' *EX PARTE*
MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE A LETTER OF REQUEST
FOR JUDICIAL ASSISTANCE FOR THE DEPOSITIONS OF MUNZAR NOOR [DE
221]; ABDEL KARIM AWEIS AND NASSER SHAWISH [DE 223]; AND ABDEL
RAHMAN MAKDAD, AHMED SALAH, AHMED SA'AD, HALMI HAMASH
AND ALI ABU HALAIL [DE 225]**

On March 23, 2012, Plaintiffs moved this Court, *ex parte*, in two separate motions, for issuance of Hague Convention letters of request asking the State of Israel to cause Munzar Mahmoud Khalil Noor, Abdel Karim Ratab Yunis Aweis and Nasser Jamal Mousa Shawish to appear to be deposed by the parties' counsel. DE 221-222; DE 223-224. All three of these individuals were named in the Plaintiffs' 2004 complaint. DE 1 at ¶¶ 71-84.

On March 25, 2012, Plaintiffs again moved this Court *ex parte* for issuance of a Hague Request to the State of Israel to cause Abdel Rahman (Zaher) Yousuf Abdel Rahman Makdad, Ahmed Salah, Halmi Abdel Karim Hamash, Ahmed Mohammed Ahmed Sa'ad and Ali Mohammed Hamed Abu Haliel to be deposed under the same process. DE 226-1. All of these individuals were named in documents produced by Plaintiffs on October 18, 2011.

1232167.2

The undersigned do not represent or speak for any of the proposed deponents. Defendants, however, have a strong interest in ensuring that the litigation, which as the Court recently noted, has moved at a "glacier pace" which "cannot continue," not be further delayed by belated discovery efforts by Plaintiffs. *See* Tr. of 3/20/12 Status Hearing at 2:16-21. Here, there is a substantial risk that the depositions sought in the Hague Requests cannot be completed during the fact discovery period, which ends December 21, 2012. DE 131.

Despite being fully aware of the delays attendant in the Hague process, Plaintiffs waited until almost nine months after fact discovery commenced to seek these depositions. At the status hearing on March 20, 2012, the Court stated: "Understand that one of my considerations particularly when we're going to use something as extraordinary as a Hague letter is the timeliness of the request . . . because those inherently cause delays, as everybody knows." Tr. 3/20/12 at 36:11-15. The Court informed Plaintiffs' counsel: "if you ask me to do a Hague request for somebody in March of 2012 and I will undoubtedly want to know why is it that we're being asked to do this at this point in time. . . . And so at the very least I'd have some representations about when and why this person became so important that we needed to go through this step and . . . why this was not brought up earlier." *Id.* at 36:15-23.

Plaintiffs' Motions, filed after the status hearing, fail to make such representations. Plaintiffs have been aware of Noor, Aweis and Shawish's alleged involvement in the attacks at issue for over eight years, but waited until after nine months of the discovery period had elapsed to request Hague letters for their depositions. They have been aware of Makdad, Salah, Sa'ad, Hamash and Abu Haliel's alleged involvement in the attacks at issue since at least mid-October of last year, but still waited five more months to seek their depositions via Hague Request.[1]

---

[1] Defendants do not know precisely when Plaintiffs became aware of these individuals' alleged involvement in these cases.

The Hague Convention process is time-consuming and burdensome. *See generally Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 542 (1987) (finding that the letter rogatory process is often "unduly time consuming and expensive"); *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 21 (1st Cir. 2004) ("Under the best of circumstances, letters rogatory are burdensome, costly, and time-consuming"); *Ilusorio v. Ilusorio-Bildner,* 103 F. Supp. 2d 672, 677 (S.D.N.Y. 2000) (finding that "use of letters rogatory to obtain foreign witnesses' testimony would be a time consuming and prohibitively expensive means of obtaining discovery"). Accordingly, when asked to issue a letter of request that will delay proceedings, district courts have exercised their discretion by saying "no." *See Progressive Minerals LLC v. Rashid*, 5:07-CV-108, 2009 U.S. Dist. LEXIS 53017, at *6-7 (N.D. W. Va. June 23, 2009) ("[D]elay attends the rogatory process and counsels against issuance" and is not justified when the "deposition requested is not paramount to receiving a fair trial") (alteration original) (internal quotations omitted); *see also Jovanovic v. Northrop Grumman Corp.*, No. 05-4487, 2008 U.S. Dist. LEXIS 93688, at *1-5 (D.N.J. Nov. 17, 2008) (denying plaintiff's request for issuance of letters of request made less than two months before the discovery deadline, which had already been extended).

Plaintiffs portray the Hague process as expeditious because the December 20, 2011 Abdullah Barghouti Letter of Request from this Court was granted by the Israeli government on January 21, 2012. It bears noting, however, that the timing of approval of a particular request is not predictive of response times for other Hague requests. To date, the parties have received no response to the Court's August 16, 2011 and September 9, 2011 Requests. In Defendants'

3

experience in other U.S. litigation where Hague Requests have been issued to the State of Israel, response times of several months are not uncommon.

Moreover, the granting of the Hague Request by the State of Israel is only one step in the process.  Arranging for depositions of incarcerated persons, and coordinating the demanding schedules of an active or retired Israeli judge, a commissioner appointed by this court, a court reporter and videographer, Arabic and Hebrew translators, American and Israeli counsel for Plaintiffs and Defendants, and counsel for the witness simply do not afford a prompt deposition scheduling process.  Thus, not only is it exceedingly difficult to predict precisely when the Israeli government will grant the proposed Hague Requests (if at all); it is also difficult to foresee when, upon such granting, the depositions will actually occur.

Defendants therefore respectfully submit that Plaintiffs have not justified the issuance of these Hague Requests at this point in the discovery process, and that these requests should be denied.  However, in the event the Court grants the Hague Requests, Defendants respectfully request that it do so with the condition that the inability to take the depositions by the December 21, 2012 close of fact discovery will not provide a basis for extending the discovery period.

April 2, 2012               Respectfully Submitted,

                                          /s/ Mark J. Rochon
                                          Mark J. Rochon
                                          Richard A. Hibey
                                          Laura G. Ferguson
                                          Brian A. Hill
                                          MILLER & CHEVALIER CHARTERED
                                            655 15th Street, NW, Suite 900
                                            Washington D.C. 20005-6701
                                            (202) 626-5800 [tel]
                                            (202) 626-5801 [fax]
                                            Email: mrochon@milchev.com
                                                           rhibey@milchev.com
                                                           lferguson@milchev.com
                                                           bhill@milchev.com

1232167.2

*Attorneys for Defendants The Palestinian
Authority and The Palestine Liberation Organization*

1232167.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 2nd day of April, 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com

>*Counsel for Plaintiffs*

>/s/ Mark J. Rochon
>Mark J. Rochon