UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

    Plaintiffs,

              Civ. No. 04-397 (GBD) (RLE)

 v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

    Defendants.

### DECLARATION OF ROBERT J. TOLCHIN

Robert J. Tolchin declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney licensed to practice law in the State of New York and in this Court, and counsel for the Plaintiffs in the above-referenced action.

2. I am also counsel for the plaintiffs in five other civil actions which, like the instant case, were brought against defendants PLO and Palestinian Authority ("PA") pursuant to the Antiterrorism Act ("ATA") 18 U.S.C. § 2333. In three of those five cases (*Saperstein v. Palestinian Authority*, Civ. No. 04-20225 (S.D.Fla.), *Gilmore v. Palestinian Authority*, Civ. No. 01-0853 (D.D.C.) and *Shatsky v. Syrian Arab Republic*, Civ. No. 02-02280 (D.D.C.)) the trial courts issued requests pursuant to the Hague Convention for the depositions of convicted terrorists serving sentences in Israeli prisons. One such request was already issued by the Court in the instant action, too. In this case and all the other ATA cases in which I have represented the plaintiffs, the Israeli authorities authorized and sent all such Hague requests to an Israeli court for execution within **between 24 days and 79 days**, as reflected in the chart below:

| **Case** | Date Hague Request Was Approved by the Federal Court | Date the Hague Request Was Docketed and Assigned a Case Number in an Israeli Court | **Total Time** |
|---|---|---|---|
| *Gilmore* | October 17, 2001 | December 2, 2001 | **46 days** |
| *Saperstein* | January 8, 2010 | March 28, 2010 | **79 days** |
| *Gilmore* | October 8, 2010 | December 15, 2010 | **68 days** |
| *Gilmore* | May 6, 2011 | May 30, 2011 | **24 days** |
| *Sokolow* | December 20, 2011 | February 5, 2012 | **47 days** |
| *Shatsky* | January 12, 2012 | April 1, 2012 | **79 days** |

3.  Israeli law does not require that depositions conducted pursuant to a Hague Convention request from a foreign court be taken before a sitting judge or magistrate judge; on the contrary, Israeli law permits such depositions to be taken before a retired judge or any attorney with at least five years of experience. And, in fact, the prisoner depositions held in *Gilmore*, and the upcoming prisoner depositions in this case and in *Shatsky*, took place/are scheduled to take place, before a retired judge. The identical arrangement can (and, if the motion is granted, will) be used to take the prisoner depositions sought in Plaintiffs' instant motion.

4.  Thus, the parties are not in any way restricted by the schedule of the Israeli judge to whom the Hague deposition request is assigned, and from the <u>moment</u> that that the Hague request for the deposition of the prisoners is docketed and assigned a case number in an Israeli court – which, as the precedents detailed in chart above demonstrate, would take only between 24 and 79 days from the date that the Court issues the Hague request – the deposition of the prisoners can be held immediately, whenever the parties choose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April 12, 2012

_____
Robert J. Tolchin