```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3    ---------------------------------X
                                       :
 4    SOKOLOW, et al.,                 : 04-CV-397
                                       :
 5                    Plaintiffs,      : April 11, 2012
                                       :
 6               v.                    : 500 Pearl Street
                                       : New York, New York
 7    PALESTINE LIBERATION ORGANIZATION, :
       et al.,                         :
 8                                     :
                      Defendants.      :
 9    ---------------------------------X

10
                 TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
11                BEFORE THE HONORABLE RONALD L. ELLIS
                    UNITED STATES MAGISTRATE JUDGE
12

13    APPEARANCES:

14    For the Plaintiffs:        ROBERT J. TOLCHIN, ESQ.
                                 Berkman Law Office
15                               111 Livingston Street
                                 Brooklyn, NY 11201
16
      For the Defendants:        BRIAN A. HILL, ESQ.
17                               Miller & Chevalier, Chtd.
                                 655 15th Street, North West #900
18                               Washington, DC 20005

19

20    Court Transcriber:         SHARI RIEMER
                                 TypeWrite Word Processing Service
21                               211 N. Milton Road
                                 Saratoga Springs, NY 12866
22

23

24

25


      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

2

1  [Telephone call cuts out during attorneys speaking.]

2           MR. TOLCHIN: Good afternoon, Your Honor.  Robert

3  Tolchin here for the plaintiffs.

4           MR. HILL:  Good afternoon, Judge.  It's Brian Hill

5  and Mark Rochan for the defendants, the Palestinian Authority

6  and the PLO.

7           THE COURT: This is a conference in <u>Sokolow v.</u>

8  <u>Palestinian Liberation Organization, et al.</u>, 04-CV-397.  It is

9  Wednesday, April 11th at approximately 2:39 p.m.

10          This conference is for me to address two issues.  One

11 is the Rule 35 examinations and the other concerns 30(b)(6)

12 depositions that have been scheduled.

13          MR. TOLCHIN: Your Honor, I don't think that's

14 correct.

15          THE COURT: What don't you think is correct?  Who said

16 that?

17          MR. TOLCHIN: It's Bob Tolchin here.  This conference

18 I was told was to address the proposed order to show cause that

19 we submitted last Thursday.  That's the 30(b)(6) issue.  We

20 were not -- I was not told that this conference would address

21 the Rule 35 issue at all.

22          THE COURT: The Rule 35 issue has been pending since

23 our March conference.

24          MR. TOLCHIN: This is true but the issue that I came

25 to this call prepared to address is the order to show cause

1  issue which is what your clerk advised yesterday that the

2  conference call would concern.

3          THE COURT: Well --

4          MR. TOLCHIN:  I don't know what Your Honor had in

5  mind.  It could be that it's not something that requires much

6  input from me but it's not something that was teed up for this

7  call.

8          THE COURT: Well, in that case -- in that respect I

9  didn't expect there would be too much input.  I'm not sure how

10 much input there would even be on the 30(b)(6) except for me to

11 find out exactly what the factual situation was.

12         But as to the Rule 35 examinations it was my on my

13 agenda on the March 20th conference which I did not get to it

14 and what I was going to do is to tell the parties what my

15 position was with respect to those examinations.  So I had

16 assumed I had gotten whatever input the parties were going to

17 give me.

18         MR. HILL: Your Honor, this is Brian Hill for the

19 defendants.  I think you've got two letters from me and I'm

20 prepared to take Your Honor's ruling.

21         MR. TOLCHIN: Your Honor, before I come to any of

22 these conferences or these calls I review all the

23 correspondence, I review the underlying papers [inaudible] and

24 prepare for it. [Inaudible] Your Honor [inaudible].

25         THE COURT: I'm not sure what any [inaudible] means.

4

1   As I said, it's an issue that I'm ruling on.  Is there somebody

2   who didn't know about this issue because I've been getting --

3   as I said it was ready -- it was cued up for the March 20th

4   conference and as our conferences often go longer than

5   anticipated I didn't get to it.  So I'm getting to it now.

6          My ruling is that -- in the absence of a demonstrated

7   special circumstances I find that the examinations will take

8   place without any additional recording and that the persons --

9   the persons present will be the examiner and the individual

10  plaintiffs, whoever -- I gather there may be a need to have a

11  translator but other than that --

12         MR. TOLCHIN:  But the problem is, Your Honor, there's

13  a translator then there's a translation and then we come to the

14  issue of whether what was said and what was translated was

15  accurately translated.  Every time you have a translation

16  there's a need to be sure the translation was accurate.  In

17  fact, in this case every time we have a deposition we have an

18  official translator and the other side brings [inaudible].

19  Sometimes they bring a pair of [inaudible].  If the person

20  being examined is speaking in Hebrew and there's a translator

21  who's translating to English and then there's disputes about

22  the examiner says well, he told me that he told the press and

23  the person says no, I didn't say I told the press.  I said I

24  [inaudible] an example.  There's no way to go back and look

25  [inaudible] what was actually [inaudible].

5

1          THE COURT: How would that be different if there was

2    no translator?

3          MR. TOLCHIN: Well, if there's a translator the

4    examiner heard it with his own ears and he heard directly from

5    the person speaking.  Right now we're throwing in -- it's like

6    a chain of custody but we're throwing in additional [inaudible]

7    where the examiner doesn't know for sure what he heard

8    [inaudible] on a straight shooting expert but he only knows

9    what the translator told him.  He can't tell you what the

10   person being examined actually said.  There's no way to

11   preserve -- without a recording there's no preservation of that

12   first level [inaudible].

13         The other issue that arises here is that some of the

14   people who are being examined are children and there's a

15   concern to not put children in a difficult or uncomfortable

16   situation.

17         MR. HILL: Does Your Honor want to hear from --

18         MR. TOLCHIN: Perhaps these things are within what

19   Your Honor remarked.  There may be a special circumstance.

20   Your Honor [inaudible] special circumstance [inaudible] two

21   categories of people who are being examined with the translator

22   and children might be a [inaudible].

23         THE COURT: Just hold on a second.

24              [Pause in proceedings.]

25         THE COURT: Mr. Tolchin, let me respond to you this

6

1  way.  I began by saying that I had -- there had been no

2  demonstration of any special circumstances for any of the

3  examinations to be recorded and that was based on all the

4  information that had been sent to me since the issue was raised

5  I believe way back in February.  So far I've been looking to

6  see if you've ever said any of this in any correspondence to me

7  about why it would be necessary to have a recording, and I

8  don't see it in any papers and it may be that you had mentioned

9  it one of our conferences.  I just don't have it.

10       MR. TOLCHIN: Your Honor, I would humbly say that not

11  having -- first of all, I'm actually away on vacation now so I

12  don't know the benefit of even the paper file and not having

13  been aware that this issue would be addressed today I didn't

14  have occasion to get things emailed to me or access the files

15  to review any of this.  I'm just not in a position to answer

16  you directly.

17       THE COURT: Well, all right.  I'll put it to you this

18  way.  As I said, I don't have any record and regardless of what

19  we said about this conference I could have just written this

20  down. I was just giving you the benefit of giving it to you

21  orally so that you'd have more time to do it but otherwise I

22  would have just written it and give it to you.  So your

23  preparation is not an issue.

24       But to the extent that you did not raise it as an

25  issue I'm concerned about that because if I make a ruling based

1  upon the submissions that have been made to me then that's the

2  ruling that it is and I haven't ignored any fact or law that

3  was presented to me.  Now, as I said, I don't recall you

4  indicating these special circumstances which would suggest that

5  the individuals who would -- the recording would only be for

6  exams where these special circumstances occurred anyway.  I

7  take it what's what you're saying would be the special

8  circumstances.

9          MR. TOLCHIN: That's correct.  I don't know if Your

10 Honor would be -- how Your Honor would want to proceed but I'll

11 tell you that the exams that we're talking about scheduling

12 right now still in April are English speakers.  The issues that

13 I've raised wouldn't be applicable until later [inaudible].

14 It's not an emergency issue that [inaudible] tomorrow and if

15 Your Honor wishes I could send you something, a letter or

16 something outlining our position in writing and make sure you

17 have it in the next few days.

18         THE COURT: Well, that may be the only way we can

19 address this because as I said I make the ruling based upon

20 what's presented to me and as a technical matter if you had --

21 even if you had styled this, what you're submitting to me a

22 reconsideration it would not be appropriate unless you had

23 raised the factual or legal matter before I made my ruling.  Do

24 you understand what I'm saying?

25         MR. TOLCHIN: I do.  I appreciate the [inaudible].

8

1          THE COURT: Mr. Hill, since I did not have any -- I
2    may not have focused on whether or not there be any -- no
3    special circumstance has been presented to me.  I know that the
4    parties had done different things when they were not English
5    speakers.  I did not know that that was the difference that we
6    were talking about with respect to the Rule 35s.
7          MR. HILL: Your Honor, if I could respond briefly.
8    Let me make a couple of points.  The first one is that we
9    raised this in a letter on March 16th that Mr. Tolchin received
10   the next day on March 17th.  We appeared before you at the
11   hearing on March 20th and I asked Your Honor to rule on March
12   20th and Mr. Tolchin said he would send you a letter in the time
13   required by the rules and asked you to defer your ruling, and
14   he did not send you a letter in the time required by the rules
15   and I therefore respectfully submit that the opposition to our
16   request has been waived by the failure to timely respond to it.
17         Let me respond to the two specific circumstances
18   which is Your Honor's recollection is correct you are hearing
19   for the first time on this telephone call.  The two specific
20   circumstances Mr. Tolchin contends support recordation of the
21   Rule 35 mental examinations are that some of them will be
22   conducted with the assistance of a translator and that some of
23   them will be of minors.  Neither of these justify recordation.
24   The situation with the dispute over whether someone said
25   something is exactly the same whether people are speaking

9

1    English or speaking a foreign language and it can be resolved

2    at trial if necessary through cross-examination of the experts

3    and the plaintiff and it doesn't make any difference whether

4    the translator is there to facilitate the communication or not.

5    Frankly, it can be resolved through the cross-examination of

6    the translator. There's no need to record with the intended

7    negative effects  that that has on the examination just because

8    there's a translator present.

9              With respect to children, the examiners that we have

10    proposed are certified to treat children.  They had treated

11    dozens if not hundreds of children in similar examinations.

12    There is absolutely no reason to think that anything improper

13    is going to happen with the child in the room any more than you

14    would with an adult.  That I also submit is not a basis to

15    record these.

16              If the court wants to hear further from Mr. Tolchin

17    obviously we'll defer to the court on that but I would

18    respectfully submit that the right procedural posture would be

19    in the form of a motion for reconsideration on the ruling on

20    the request we previously made.

21              THE COURT: Just to be clear, I'm not going to stand

22    on form because ultimately I'm still standing in the stead of

23    the district judge and so to the extent that these issues can

24    be cited on the merits I would prefer that at least Mr.

25    Tolchin's position be on record so that even if it goes up to

1  the district judge the district judge will have the benefit of

2  my opining on the record even if it's belated because the

3  district judges I see do like to have that.

4         So, Mr. Tolchin, when will you be back in operation?

5         MR. TOLCHIN: I will be back next week but I will have

6  somebody work on this in the interim.

7         THE COURT: Mr. Hill --

8         MR. TOLCHIN: It doesn't have to wait until I come

9  back to [inaudible].

10         THE COURT: Mr. Hill, is Mr. Tolchin correct that the

11  "special circumstances" that he's raised today do not apply to

12  the Rule 35s that are immediately scheduled?

13         MR. HILL: As I understand it, Your Honor, the four

14  people that are currently proposed for April 29th and 30th are

15  all now currently adults and all currently speak English.

16         THE COURT: What about the -- are the others scheduled

17  in May or any schedule after that?

18         MR. HILL: Those are the only ones that we've been

19  able to schedule thus far, Your Honor.

20         THE COURT: So while time is not of the essence, Mr.

21  Tolchin, if this were a -- I was going to say a football game

22  but you might think I was talking about American football.  If

23  this were a soccer game you're already into overtime.  While I

24  may not stand on ceremony you should at the very least consider

25  the time frames that would be applicable in a motion for

11

1    reconsideration to be applicable in this circumstance.

2            MR. TOLCHIN: Just tell me a date, Your Honor, and

3    I'll comply.

4            THE COURT: Given the circumstances I would like to

5    have this by the end of next week.

6            MR. TOLCHIN: Not a problem.

7            THE COURT: That would be Friday, April 20th.

8            MR. TOLCHIN: Not a problem.  It will be done.

9            THE COURT: All right.

10           MR. HILL: Your Honor, just because I expect to be in

11   the Middle East at that time, when do you want a response from

12   us?

13           THE COURT: When do you -- well --

14           MR. TOLCHIN: Objection.  Assumes facts not in

15   evidence.

16           THE COURT: Interestingly that is exactly what went

17   through my mind, that -- I'm not expecting anything.  You mean

18   when would I allow you to do a response?

19           MR. HILL: Yes, Your Honor.  If I did a response when

20   should I send it to you by in time for Your Honor's ruling?

21           THE COURT: Well, a week after that would be what I

22   would normally give you.

23           MR. HILL: That would be fine, Your Honor.

24           THE COURT: Would you be back by then?

25           MR. HILL: Yes.

12

1          THE COURT: That would be the 27th.

2          Now, with respect to the 30(b)(6) issue, I'm a little

3   confused and the reason I'm confused is this.  As I understand

4   a 30(b)(6) what happens is one party says these are the topics

5   that I want a witness on and the other side identifies a

6   witness that can talk about those topics.  I don't know of

7   anything in that formulation which speaks to the number of

8   witnesses or any limitation on the witnesses and so I'm not

9   exactly sure what the issue we're deciding.

10          MR. TOLCHIN:  Your Honor, your formulation of the

11   30(b)(6) formula is almost correct but there's one aspect that

12   you left out which I think is relevant.

13          THE COURT: What is that?

14          MR. TOLCHIN:  One party designates a topic or a list

15   of topics that they want to depose the other party -- the

16   corporate party about.

17          THE COURT: Yes.

18          MR. TOLCHIN:  The corporate party designates a

19   witness or witnesses.  It's often more than one witness.

20          THE COURT: That's --

21          MR. TOLCHIN:  That's the essence.  So I can make -- I

22   can serve a 30(b)(6) notice that lists any number of topics and

23   they can produce one witness who may know from his own

24   knowledge or may have gathered all the information that the

25   company has and he speaks as a spokesman for the company or

13

1  they may produce more than one witness who has done one of

2  those things.

3         THE COURT: I think that's what I said.

4         MR. TOLCHIN:  I think the difference is Your Honor I

5  think left out that it could be more than one witness.

6         THE COURT: I didn't think I left it out.

7         MR. TOLCHIN:  Maybe I misheard it.  It could be me.

8  So the issue here is we have designated some topics and we

9  anticipate that as the case proceeds there will likely be other

10 topics that we want to depose the defendant about.

11        THE COURT: That's a different issue.  Now you're not

12 talking about multiple designated 30(b)(6)s.  You're talking

13 about introducing new topics.

14        MR. TOLCHIN: Correct. I don't care whether they bring

15 the same witness back to speak for the defendants every time or

16 if [inaudible] different people.  That's up to them.

17        THE COURT: But I do care whether or not you identify

18 the topics early enough so that the defendant isn't faced with

19 that choice.

20        MR. TOLCHIN: We have identified right now the topics

21 are apparent to us that we want to do 30(b)(6) depositions

22 about.  We anticipate reasonably that as the case proceeds

23 there will be further topics that we'll want to do 30(b)(6)

24 witnesses [inaudible] about.

25        THE COURT: This is where we may have a slight

14

1    difference about what you may reasonably expect in terms of

2    30(b)(6) topics.  That is, to the extent that you do serial

3    30(b)(6) topics I would put the burden on you to indicate to me

4    why they were not identified earlier in the litigation.

5          MR. TOLCHIN: I have another way to proceed.  I can

6    wait until a few months before the end of discovery and serve

7    one big 30(b)(6) notice which I don't think that's fair to

8    anybody.  It seems that we will wind up near the end of

9    discovery going over for a marathon on a series of deposition

10   sessions and it's also not fair to me because I [inaudible] one

11   of these topics that I noticed now I may nail down an issue and

12   I know [inaudible] other discovery on that issue.  It's up to

13   each party who plan their discovery strategy to see what the

14   best use of time and what's the best order to proceed.

15         THE COURT: But understand this is the way I expect

16   this to happen.  I think that a party analyzes their

17   litigation, determines what topic they want to litigate on.

18   It's certainly possible in some cases that a topic which could

19   not have been anticipated comes up because either somebody

20   testifies about something during a deposition or some documents

21   show up and a new topic is introduced.  However, that puts the

22   burden on the person who's going to say I've just discovered

23   this topic to convince me that they just discovered this topic

24   and could not have made known to the other party.  Otherwise I

25   get chaos.

1    Now, how much of a burden that is may not be that

2    difficult but if -- for example, if you had a personal injury

3    case, you want to sue a hospital and you said you want somebody

4    to testify about the hospital's procedures and practices and

5    they identify some person and then during some deposition you

6    find out that the hospital has some particular insurance plan.

7    Well, there wouldn't be any problem because there's no way for

8    you to anticipate the insurance plan.  On the other hand,

9    there's lots of things about personal injury that you should

10   know going in because they're embodied in either your complaint

11   or the circumstances which you've described in the complaint.

12   For you to, for example, say I want some witness who

13   can testify about emergency room procedures and then later on

14   you want somebody to testify about anesthesiological, that to

15   me would seem to be an inappropriate division because you could

16   anticipate that you want to talk about both those topics from

17   the -- from the incept of the litigation -- onset of the

18   litigation.

19   MR. TOLCHIN: Your Honor, we proposed this order to

20   show cause because we wanted to know -- we wanted to get the

21   ruling from the court, a direction from the court as to what

22   our rights are under the rules. [Inaudible] rules allowing us

23   to serve the 30(b)(6) notice now and to follow up with a

24   further 30(b)(6) notice. [Inaudible] defendants disagreed.  We

25   didn't want to be in the deposition where at least now

1   [inaudible] sticking by their arguments and then we would argue

2   about it after the fact [inaudible] from doing further

3   deposition after the fact.  Whatever Your Honor's ruling is,

4   whatever you tell us the law is in this case we will proceed

5   accordingly.

6           THE COURT: My question is do you understand what I'm

7   saying. Do the defendants understand what I'm saying?

8           MR. TOLCHIN:  Yes.  It sounds like --

9           MR. HILL:  Your Honor, yes, I understand what you're

10  saying.  You're saying what the rules require and one of the

11  objections we have to this whole process is you're being asked

12  to render an advisory opinion about what the rules require.

13  There is no concrete dispute between the parties that requires

14  resolution by the court.

15          MR. TOLCHIN:  That is not so.

16          MR. HILL: Well, I disagree, Mr. Tolchin.  The

17  court --

18          MR. TOLCHIN: You have told -- the defendants have

19  told [inaudible].

20          THE COURT: Mr. Tolchin, counsel --

21          MR. TOLCHIN: [Inaudible] deposition that further

22  schedule then they will object to any further 30(b)(6) notice

23  unless we can persuade the court that they were necessary.  We

24  say that just like [inaudible] produce or a deposition notice

25  we can serve [inaudible] a 30(b)(6) notice [inaudible] topics

1  as long as it's a reasonable time before the end of discovery.

2  Whatever Your Honor rules is the standard for this case.  It's

3  not an advisory ruling. [Inaudible] that this is their position

4  and we haven't offered our position and we don't want to wait

5  until after we have proceeded with a deposition to find out

6  that by doing so [inaudible].

7           THE COURT: Notwithstanding --

8           MR. TOLCHIN: -- [inaudible] we've been allowed 35

9  depositions and to say that [inaudible] that's it, the

10  [inaudible] allowed to do any more 30(b)(6) depositions we view

11  that as unfair [inaudible]

12           THE COURT: Counsel, my question was do you understand

13  what my position was.  Now, if you don't understand what my

14  position is I can make my position clear but the argument that

15  you're having now does not address what I've just said.  Now,

16  if you --

17           MR. TOLCHIN: I would ask Your Honor to make your

18  position clear.

19           THE COURT: That is that the question of putting a

20  party to the task of presenting a 30(b)(6) witness if you

21  unnecessarily bifurcate the topics that would normally be done

22  by the 30(b)(6) then there could be -- there could be

23  ramifications because what you'd be requiring a party to do is

24  to produce somebody twice when you could have had them produce

25  him once.  It's not that -- it's not because you're prohibited

18

1   from having the person appear twice.  It's not a limitation on

2   the depositions but a limitation on you making known in a

3   timely fashion what the topics are that you want to have a

4   30(b)(6) on.  I don't think -- my position is that you can't

5   just -- you can't take related 30(b)(6) topics and say I'll

6   take some in the beginning and some in the end just because I

7   can.  I think that would be inefficient and a burden on the

8   party and the court unless it was a topic that you could not

9   have anticipated at the time that you originally scheduled the

10  30(b)(6).

11          MR. TOLCHIN: It sounds like Your Honor is saying that

12  it would be preferable for us to serve a large 30(b)(6) notice

13  now listing every topic that we can foresee at this time.

14          THE COURT: I hesitate to use the term every topic

15  that you can foresee because I don't think that's what Rule 26

16  says.

17          MR. TOLCHIN: Every relevant topic that's appropriate

18  to Rule 30(b)(6).

19          THE COURT: If you know that you have some relevant

20  topics I think it would be important to let the defendants know

21  that you intend to seek discovery on that, yes.  If what you're

22  saying --

23          MR. TOLCHIN: As to some of these topics we have --

24  we're still dealing with interrogatory responses, document

25  production and it seems that we might not have chosen to

19

1   proceed with the deposition at this point.

2          THE COURT: In other litigations parties don't have

3   this problem.   What they do is they let the parties know what

4   the topics are and then they sit down and they discuss it and

5   they'll come to me and they'll say Judge, we've scheduled this

6   as a 30(b)(6) and we may take them as a 30(b)(6) but we've also

7   scheduled this person as a witness or if we take this witness'

8   deposition it may mean that we'll cover the topic that we have

9   for the 30(b)(6) or they'll say if we do the 30(b)(6) we might

10  not need this individual witness but they have at the beginning

11  because they know all their topics and they know the witnesses

12  they can make those determinations.  One party can say well, I

13  know that so and so is going to be able to testify about X and

14  we might want to have him also testify about this 30(b)(6) and

15  we can combine them because we know what's coming.

16         But if you do it piecemeal it creates chaos and

17  duplication and a whole host of other problems.  Now, the fact

18  that you may -- the two sides may have difficulty conversing

19  with each other doesn't change the fact that litigation ought

20  to proceed in an orderly fashion.  If you know that you want to

21  find -- if you want to know that you want to discover a topic -

22  - we have initial disclosure in part so that there aren't going

23  to be surprises.  So if there are topics that you want to do a

24  30(b)(6) on, by all means let the defendants know.  They may

25  object to them.  They may say they're irrelevant and then I can

20

1    rule on it.

2              MR. HILL: Your Honor, I don't know if you want to

3    hear further from me.  Our position is that there's no ripe

4    issue for you to rule on now and I understand you've had a

5    discussion with Mr. Tolchin which is going to be transcribed

6    but I don't think that there's any further order required from

7    Your Honor based on the current state of the record.

8              THE COURT: I agree with that.

9              MR. TOLCHIN: Your Honor, there is the other issue

10   that was raised in the order to show cause [inaudible].

11             MR. HILL: Your Honor, let me just address a couple of

12   points on this order to show cause.  I think there shouldn't be

13   any relief or order granted in response to it.  It's got at

14   least three procedural improprieties that I can enumerate

15   having only gotten it 24 hours ago, the first of which is that

16   it was apparently sent to the court on Thursday, April 5th, and

17   it was not served on us and this is now [inaudible].

18             MR. TOLCHIN: An order to show cause is not meant to

19   be served --

20             THE COURT: Counsel --

21             MR. HILL: Mr. Tolchin, please let me address the

22   court.

23             THE COURT: Counsel, counsel, before either of you get

24   further into this, whatever problems that were with the order

25   to show cause and you can certainly enumerate whatever ones you

21

1  think are [inaudible], I determine that the order to show cause

2  was, first of all, not an appropriate way to address this issue

3  and the only issue that I thought necessary for me to address

4  was the 30(b)(6) one.

5          MR. HILL: If that's Your Honor's ruling I won't

6  address the other issue at all and we can complete the call as

7  far as I'm concerned.

8          MR. TOLCHIN: The question is, Your Honor, the issue

9  about the deposition conduct and what rule applies at the

10  deposition needs to be addressed I believe at some point

11  [inaudible] by an order to show cause so that it would be

12  expeditiously.  If Your Honor would prefer that I raise it some

13  other way I'd be happy to but when we come to a deposition and

14  we're told the rules don't apply and U.S. judge's rules don't

15  apply and they have to conduct this by Israeli rules which is a

16  joke because there are no depositions in Israel so there are no

17  deposition rules.  It puts us in a vacuum and if we're talking

18  about going ahead to other depositions where Mr. Hill's

19  [inaudible] stand up [inaudible] and I don't care which is what

20  happened.

21          THE COURT: As I said, I determine that the thing that

22  I wanted to address was the 30(b)(6).  If you want to raise any

23  of these other issues as discovery disputes, raise them in the

24  normal course.  Talk them over with the other side and then

25  submit it to me just the way the rules require and I'm not --

22

1    other than that, we'll be adjourned.

2                MR. HILL: Thank you, Your Honor.

3                MR. TOLCHIN: Thank you, Your Honor.

4                        * * * * *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23

1    I certify that the foregoing is a court transcript from an

2   electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5   _____

6                                    Shari Riemer

7   Dated:  April 16, 2012