UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                                 Plaintiffs,

                           - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                                 Defendants.

Docket No:
04-CV-397 (GBD) (RLE)

---------------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NEW DEVELOPMENT REGARDING PLAINTIFFS' PENDING *EX PARTE* MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE**

On March 23, 2012, Plaintiffs moved this Court, *ex parte,* in two separate motions, for issuance of Hague Requests to the State of Israel for depositions of Munzar Mahmoud Khalil Noor, Abdel Karim Ratab Yunis Aweis, and Nasser Jamal Mousa Shawish. DE 221-222; DE 223-224. On March 25, 2012, Plaintiffs again moved this Court *ex parte* for issuance of a Hague Request to the State of Israel to cause Abdel Rahman (Zaher) Yousuf Abdel Rahman Makdad, Ahmed Salah, Halmi Abdel Karim Hamash, Ahmed Mohammed Ahmed Sa'ad, and Ali Mohammed Hamed Abu Haliel to be deposed. DE 226-1.

None of Plaintiffs' motions attempted to justify their decision to make these requests at this juncture in the discovery process, even though the Court had expressly stated at the status hearing immediately before these motions were filed that one of the "considerations" for "something as extraordinary as a Hague letter is the timeliness of the request . . . because those inherently cause delays, as everybody knows." Tr. 3/20/12 at 36:12-15. Indeed, the Court expressly told Plaintiffs' counsel that "if you ask me to do a Hague request for somebody in

1

March of 2012 [] I will undoubtedly want to know why is it that we're being asked to do this at this point in time . . . [a]nd so at the very least I'd have some representations about when and why this person became so important that we needed to go through this step and . . . why this was not brought up earlier." *Id.* at 36:15-23.

On April 2, 2012, Defendants filed a consolidated opposition to Plaintiffs' motions. DE 229-231. Defendants pointed out that the first three individuals at issue were named in the Plaintiffs' 2004 complaint, that the last five individuals at issue were named in documents produced by Plaintiffs on October 18, 2011, and argued that Plaintiffs' motions should be denied because Plaintiffs had not justified their decision to wait until late March 2012 to seek the depositions at issue.

On April 10, 2012, Plaintiffs filed a consolidated reply. DE 232. Plaintiffs' reply also did not make a serious attempt to justify Plaintiffs' delay in seeking these depositions, but intimated that Defendants' allegedly tardy responses to written discovery were somehow to blame. *See id.* 5 ("Thanks to defendants' foot-dragging, paper discovery has progressed very slowly."). This claim is meritless. Defendants have responded to all written discovery requests served by Plaintiffs within the time required by the Federal Rules, and have supplemented their responses as required by Rule 26(e) on multiple occasions. More to the point, Plaintiffs did not learn the identity of the eight individuals they belatedly seek to depose from Defendants' discovery responses. Rather, Plaintiffs have known of the identity of these persons from sources independent of the Defendants since at least January 2004 and October 2011.[1]

---

[1] Plaintiffs still have not informed the Court or Defendants when they first learned the identity of the persons whose names appear in the documents that Plaintiffs produced on October 18, 2011 and now seek to depose.

1239289.2

On April 23, 2012, Defendants responded to Plaintiffs' Fourth Request to Produce Documents and Things by All Plaintiffs with a document production that contained copies of two of the Hague Requests Plaintiffs are asking this Court to endorse. These documents were included in the production because Defendants' counsel had provided them as a courtesy to counsel for some of the individuals who Plaintiffs seek to depose, which made the copies responsive to Request No. 9 of Plaintiffs' Fourth Request to Produce Documents and Things. *See, e.g.,* Exhibit 1 at 6 (Defendants' Objections and Responses to Plaintiffs' Fourth Request to Produce Documents and Things by All Plaintiffs (to the Goldberg Plaintiffs)).

On May 1, 2012, Plaintiffs filed their "Notice of New Development Regarding Plaintiffs' Pending *Ex Parte* Motions." DE 236. Plaintiffs' "Notice" argues that their pending motions should be granted because the asserted fact that "defendants have sent copies of the proposed Hague Convention letters of request" to "some or all of the incarcerated witnesses themselves and/or their counsel . . . clearly shows that defendants' efforts to prevent plaintiffs from taking these depositions stem not from a 'concern' about the December 21, 2012 discovery deadline . . . but from defendants' real fear of highly incriminating testimony." *Id.* at 1.

This new argument has no basis. As an initial matter, the fact that defense counsel provided courtesy copies of the unexecuted Hague Requests to counsel for some of the proposed witnesses has no bearing on the Court's decision as to whether to issue the requests. Similarly, providing the Plaintiffs with a timely document production reflecting that the Hague Requests were provided to counsel is simple compliance with the discovery rules and a specific request made by Plaintiffs. Indeed, the timely production undercuts Plaintiffs' assertion that Defendants have been "foot dragging" during discovery. Most importantly, defense counsel's provision of the unexecuted Requests to counsel for some of the sought-after witnesses has nothing to do with

whether Plaintiffs have justified their decision to wait until late March 2012 to seek the depositions of these individuals, and therefore nothing to do with whether the Court should endorse the Requests. Contrary to what Plaintiffs contend, providing courtesy copies of the Hague Requests does not indicate a "real fear of highly incriminating testimony," and certainly provides no basis for the Court to grant the Requests despite Plaintiffs' unjustified delay in seeking them.

Accordingly, the Court should deny Plaintiffs' motions.


May 2, 2012                                  Respectfully Submitted,

                                                        /s/ Mark J. Rochon
                                                Mark J. Rochon
                                                Richard A. Hibey
                                                Laura G. Ferguson
                                                Brian A. Hill
                                                MILLER & CHEVALIER CHARTERED
                                                655 15th Street, NW, Suite 900
                                                Washington D.C. 20005-6701
                                                (202) 626-5800 [tel]
                                                (202) 626-5801 [fax]
                                                Email: mrochon@milchev.com
                                                            rhibey@milchev.com
                                                            lferguson@milchev.com
                                                            bhill@milchev.com


                                                *Attorneys for Defendants The Palestinian*
                                                *Authority and The Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 2nd day of May, 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com
>
>*Counsel for Plaintiffs*

/s/ Mark J. Rochon
Mark J. Rochon