# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                              Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

### REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF NEW DEVELOPMENT REGARDING PLAINTIFFS' PENDING *EX PARTE* MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE

Plaintiffs submit this brief reply to defendants' Response, to address two points only:

*First*, in their Response, defendants admit that they have already conveyed copies of the proposed Hague letters of request – which the Court has not even issued yet – to the witnesses and/or their counsel. The fact that defendants raced to coordinate with these witnesses confirms that defendants' opposition to the instant motion stems solely from their (well-founded) fear of inculpatory testimony, and not from any putative concern about meeting deadlines in the distant future. It also shows that defendants do not really expect the instant motion to be denied; otherwise they would not have run to contact these witnesses until the Court had ruled.

*Second*, most of the "Response" does not respond to plaintiffs' Notice at all, and instead presents an unauthorized surreply to plaintiffs' Reply in support of their motion. Specifically, defendants argue that plaintiffs have not explained why they did not seek these depositions earlier in the discovery period. In fact, plaintiffs' Reply explains exactly why plaintiffs sought these depositions now (their desire to prioritize paper discovery) and also points out that there is no legal basis to bar plaintiffs from taking depositions with no warning exactly half way through

2

the discovery period (with 9 months left to go) since Rule 26(d)(2) provides that "methods of discovery may be used in any sequence" and "discovery devices may be utilized independently, simultaneously, or progressively [and the] <u>sequence is solely the choice of the party seeking discovery</u>." DE 232 at 4-5 (quoting Federal Practice and Procedure) (emphasis added). Indeed, to "cut off discovery suddenly," is an abuse of discretion, *Long Island Lighting v. Barbash*, 779 F.2d 793, 795 (2nd Cir. 1985), and the Court should reject defendants' demand that it do so.

Plaintiffs, by their Attorney,

/s/ Robert J. Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com