USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                  Plaintiffs,

    - against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                  Defendants.

MEMORANDUM
OPINION & ORDER
04 Civ. 397 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is a Motion to Quash a Subpoena to Testify at a Deposition brought by non-Party the British Broadcasting Corporation ("the BBC"). (Doc. No. 148.) Plaintiffs seek to compel the BBC to comply with its subpoena, served on August 9, 2011, to provide the following to Plaintiffs: (1) an authentic copy of a BBC documentary entitled "Arafat Investigated"; (2) authentic copies of certain specific recordings created while preparing the documentary but not included in the documentary (i.e., "outtakes"); and (3) foundational deposition testimony from a knowledgeable employee of BBC regarding the authenticity of the documentary and the outtakes, and the manner in which they were created and stored by BBC, for the purpose of establishing their admissibility as "business records" (i.e., a standard "records-keeper deposition"). (Pls.' Mem. in Opp. To BBC's Mot. to Quash Subpoena and in Supp. Of Pls.' Mot. to Compel ("Pls.' Mem."), Doc. No. 158.) The BBC objects to the subpoena on several grounds, but primarily because the subpoena violates the territorial restrictions under Federal Rule of Civil Procedure 45. The BBC further asserts that compelling compliance with the subpoena would compromise its independent editorial judgment, and disrupt its news-gathering functions. (Mem. of Law of BBC in Supp. of Mot. to Quash Subpoena ("BBC

Motion"), Doc. No. 148 at 7.) For the reasons set forth below, the BBC's Motion to Quash the Subpoena is **DENIED**, in part. Plaintiffs' Cross-Motion to Compel compliance with the subpoena is **GRANTED,** in part, and **DENIED**, in part.

## II. BACKGROUND

The Court assumes general familiarity with the facts of the above-captioned matter. Plaintiffs are U.S. citizens who were killed or injured in several terrorist attacks in or near Jerusalem, Israel, and bring a civil action pursuant to the Antiterrorism Act, 18 U.S.C. § 2333, and other causes of action, against Defendants Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA"). (Doc. No. 4 at ¶¶ 49-125.) Primarily, Plaintiffs assert that the PA and PLO funded the terrorist organizations, namely "Al-Aksa Brigades," that were involved in the alleged terrorist attacks, and that these terrorist organizations were effectively Defendants' officials, agents, and employees. (*Id.*) Plaintiffs also assert that Al-Aksah is operated by the Fatah faction of the PLO and that the PA and the PLO, under the leadership and direction of Yasser Arafat, are liable for the attack. ( *Id.*)

The British Broadcasting Corporation is a British public service provider, and its "independent news programs are among the many types of programming it provides." (BBC Mot. at 2.) In 2003, the BBC broadcast a program titled "Arafat Investigated," which broadcast interviews with several individuals, including Ata Abu Rumaileh, the leader of Fatah in the West Bank city of Jenin, and with Zakaria Zubaidi, an alleged Al-Aksa Brigades terrorist leader in Jenin. *Id.* In these published interviews, both individuals made statements about Al-Aksa Brigades being a part of Fatah and of Yasser Arafat controlling Al-Aksa Brigades. (Pls.' Mem. at 3-5.)

2

A.      **The First Subpoena**

Plaintiffs originally issued the subpoena from the Eastern District of New York, ostensibly because Plaintiffs' counsel's offices are located in Brooklyn and, thus, the subpoena had to be issued from the court in the district in which the deposition is to take place. (Pls.' Mem. at 6, n. 4.) The BBC filed its Motion to Quash the Subpoena in the Eastern District, and then-Magistrate Judge Andrew L. Carter granted Plaintiffs' subpoena in *Saperstein v. Palestinian Auth.*, 09-MC-00619 SLT ALC, 2010 WL 1371384 (E.D.N.Y. Apr. 6, 2010), vacated (Dec. 16, 2010). The order was vacated on December 16, 2010 after Plaintiffs withdrew the subpoena and issued it from this District. (*Id.*)

B.      **The Instant Subpoena**

Plaintiffs then proceeded to serve the subpoena at issue on August 9, 2011, noticed for August 25, 2011, from the Southern District of New York. The subpoena, which is nearly identical to the proposed subpoena in the Eastern District, seeks the complete, unedited interviews of Abu Rumaileh and Zubaidi ("outtakes"), as well as the deposition of a witness to establish that "both the documentary and the outtakes (a) are true copies of the original records and (b) were generated, stored and copied in such a manner as satisfies the business records exception under Fed.R.Evid. 803(b)." (Pls.' Mem. at 7.)    Plaintiffs assert that the outtakes are requested because, if the Plaintiffs were to introduce the documentary interviews as evidence at trial, "defendants will undoubtedly seek to object on the grounds that the interviews appearing in the documentary are not complete recordings but merely segments." (Pls.' Mem. at 7.) According to the Plaintiffs, the outtakes of the interview footage are relevant to the issue of whether Fatah and Al-Aqsa are one in the same entity. If Fatah, which is part of the PLO, is connected to Al-Aqsa's activities, then the Plaintiffs can obtain relief from the Defendants.

3

Plaintiffs claim the outtakes may be relevant to establishing this connection to the case. (Pls.' Mem. at 5-6.) Accordingly, Plaintiffs claim the outtakes are needed because the interviews contain "extremely probative statements that are highly relevant to plaintiffs' case." (*Id.*) BBC objects strenuously to production of the outtakes footage as falling under the journalist privilege. BBC has already produced the broadcast version of the program to Plaintiffs, but has claimed the journalist privilege, arguing that allowing for disclosure of the outtakes sought would disrupt BBC's newsgathering activities and compromise its independent editorial judgment. (BBC Mot. at 7-8.)

With regard to the deposition of a BBC records-keeper, Plaintiffs claim that they require testimony from "a knowledgeable employee of BBC regarding the authenticity of the documentary and the outtakes" to establish that the documentary and outtakes are true copies of the original records and to establish the material as business records under Federal Rule of Evidence 803(6). (*Id.*) The BBC asserts that the deposition of one of its employees for the purpose of establishing the business records exception is burdensome and would violate the territorial restrictions found in Federal Rule of Civil Procedure 45.

## III. DISCUSSION

**A.     The BBC outtakes are non-confidential information and Plaintiffs have shown sufficient relevance and necessity of the outtakes to overcome the journalist privilege.**

Federal Rule of Civil Procedure 45 allows the court to modify or quash a subpoena served on a third party that requires disclosure of privileged or other protected material. Journalists enjoy a qualified privilege that protects newsgathering efforts. *See Gonzales v. National Broadcasting Co.*, 194 F.3d 29 (2d Cir. 1999). Issuing subpoenas to journalists and news organizations on a regular basis would "preempt the otherwise productive time of

4

journalists and other employees but measurably increase expenditures for legal fees." *Id.* at 33-34.

The privilege extends to both confidential and non-confidential information, but the standard for overcoming the journalist privilege for non-confidential information is much less stringent. *Id.* at 36. Confidential information will not be disclosed absent a "clear and specific showing" by the requesting party that the information is: (1) "highly material and relevant"; (2) necessary or critical to the maintenance of the claim"; and (3) "not obtainable from other available sources." *In re Petroleum Products Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982). Non-confidential information also has some measure of protection from disclosure by the journalist privilege. The litigant seeking the information must show that the materials are: (1) "of likely relevance to a significant issue in the case"; and (2) "not reasonably obtainable from other available sources." *Gonzales*, 194 F.3d at 36. Therefore, when the journalist privilege is invoked, the Court must first determine whether the information sought is confidential or non-confidential. Then, it must apply the applicable test for determining whether the party seeking the information has met the burdens imposed to overcome the journalist privilege.

Here, the outtakes requested are not confidential material, because the BBC is free to disseminate any portions of the interviews, and the BBC has not asserted the outtakes to be confidential. The outtakes are of "likely relevance" because the footage in question may contain information that links Fatah to Al-Aqsa. Although the Court is skeptical of a "smoking gun" presenting itself in these outtakes, the standard for relevance to overcome the journalist privilege for non-confidential materials is low, and the outtakes meet this lower standard of "likely relevance" to a significant issue in the case.

Further, the material sought is "not reasonably obtainable from other available

5

resources." The BBC asserts that Plaintiffs have not exhausted other resources for material, and claim Defendants themselves would be in possession of the information sought, including the interviewees at issue.

The Plaintiffs have agreed to limit the subpoena to the outtakes of those two individual interviews specifically, and the BBC has not detailed how burdensome the production of the outtakes would be. The BBC is directed to produce the outtakes.

### B. A deposition is precluded under Rule 45 Territorial Restrictions, and would be unnecessarily burdensome to the BBC.

Federal Rule of Procedure 45(c)(3)(A)(ii) provides that "the issue court must quash or modify a subpoena" that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person." This restriction is imposed to protect non-party witnesses from being subjected to burdensome and excessive discovery in litigation in which the witnesses have little or no interest. *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002).

Here, the BBC has asserted it does not have any witnesses in the United States who may speak to the authenticity of the documentary or the outtakes. (BBC Mot. at 11.) Additionally, any witnesses would be at least 100 miles outside of Rule 45's territorial restrictions. Despite Plaintiffs' willingness to conduct the deposition in London, the Court does not find sufficient necessity to compel production of an individual's testimony to be taken in another country. This would be burdensome to non-party BBC, and is unnecessary. Rather, the BBC is directed to produce an affidavit confirming the authenticity of the outtakes and as business records.

### IV. CONCLUSION

For the foregoing reasons, the BBC's Motion to Quash the Subpoena is **DENIED**, and

the Plaintiffs' Cross-Motion to Compel BBC to Comply is **GRANTED**, in part, and **DENIED**, in part. BBC is directed to produce the outtakes of the interviews with the specified individuals. It is not compelled to produce a witness to testify as to the authenticity of the documentary or outtakes. However, BBC shall furnish the outtakes with written affidavits from knowledgeable witnesses as to the authenticity of the documentary and outtakes. The outtakes and the accompanying affidavit(s) shall be provided to the Plaintiffs on or before **September 17, 2012**. This Order resolves Docket # 143 and Docket # 157.

**SO ORDERED this 6th day of September 2012**
**New York, New York**

*/s/ Ronald L. Ellis*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**