

Not Reported in F.Supp.2d, 2010 WL 1371384 (E.D.N.Y.)
**(Cite as: 2010 WL 1371384 (E.D.N.Y.))**



Only the Westlaw citation is currently available.

United States District Court,
E.D. New York.
Moshe SAPERSTEIN, et al., Plaintiffs,
v.
The PALESTINIAN AUTHORITY and the Palestine Liberation Organization, Defendants.

No. 09–mc–00619 (SLT)(ALC).
April 6, 2010.

West KeySummary**Privileged Communications and Confidentiality 311H ⚷404**

311H Privileged Communications and Confidentiality
    311HVII Other Privileges
        311Hk404 k. Journalists. Most Cited Cases

    In an action under the Antiterrorism Act, claimant overcame journalistic privilege and broadcasting company was required to produce unedited audiovisual outtakes from interviews with two Palestinian individuals as the non-confidential information was not reasonably obtainable from other available sources. The individuals did not reside in the United States and were not subject to the jurisdiction of federal courts, were difficult to find, were difficult and dangerous to interview, and were unlikely to continue taking freely about a connection between a Palestinian political organization and a terrorist organization. Also, the outtakes were in company's sole possession and claimant's third-party subpoena was narrowed to the outtakes of two individuals in one documentary. 18 U.S.C.A. § 2333.

Robert Joseph Tolchin, Berkman Law Office, LLC, Brooklyn, NY, for Plaintiffs.

Gary A. Woodfield, Edwards Angell Palmer Dodge LLP, West Palm Beach, FL, for Defendants.

*Memorandum and Order*

ANDREW L. CARTER, JR., United States Magistrate Judge.

    **\*1** The British Broadcasting System ("BBC") moved this Court, pursuant to Fed.R.Civ.P. 45(c)(3), for an order quashing a third-party subpoena issued by Plaintiff Moshe Saperstein to the BBC relating to an action pending in the Southern District of Florida (Index No. 04–cv–2025). *See* Docket Entry No. 1. On September 30, 2009, the Honorable Sandra L. Townes, United States District Judge, referred the motion to me. Plaintiff cross-moved for an order compelling BBC to produce various audiovisual outtakes from a documentary BBC previously aired and to compel BBC to produce a knowledgeable employee for deposition testimony. *See* Docket Entry No. 7. Defendants submitted a memorandum of law in opposition to Plaintiff's motion to compel. *See* Docket Entry No. 11. Plaintiff requested that the Court strike Defendants' memorandum arguing that Defendants lacked standing to oppose a third-party subpoena. *See* Docket Entry No. 12. For the following reasons, I grant Plaintiff's motion to compel, deny BBC's motion to quash Plaintiff's third-party subpoena, and giant Plaintiff's motion to strike Defendants' memorandum.

**I. BACKGROUND**

    Plaintiff is an American citizen who was allegedly injured in a terrorist attack in the Gaza Strip. Pl. Mem. 1–2. He brought a civil action in the U.S. District Court for the Southern District of Florida against the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") under the Antiterrorism Act, 18 U.S.C. § 2333, alleging that the PA and the PLO are liable for the terrorist attack in which he was injured. *Id.* at 1–2. Plaintiff argues that the terrorist organization "Al–Aksa Brigades," (also known as "Al–Aksa Martyrs Brigades") executed the attack. *Id.* at 2. Plaintiff further argues that Al–Aksa Brigades is operated by the Fatah faction of the PLO and that PA and the PLO, under the leadership and direction of Yasser Arafat, are liable for the attack. *Id.*

    In 2003, BBC broadcast a documentary titled "Arafat Investigated ." *Id.* at 3. The documentary includes interviews with Ata Abu Rumaileh, the leader of Fatah in the West Bank city of Jenin, and with Zakaria Zubaidi, an alleged Al–Aksa Brigades terrorist leader in Jenin. *Id.* In these published interviews, both individuals made various statements about Al–Aksa Brigades being a part of Fatah and of Yasser Arafat controlling Al–Aksa Brigades. *Id.* at 3–5. Both BBC and Plaintiff agree that Plaintiff must equate

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1371384 (E.D.N.Y.)
**(Cite as: 2010 WL 1371384 (E.D.N.Y.))**

Fatah with Al–Aksa Brigades to prove liability against Defendants. *Id.* at 3.

Plaintiff seeks copies of the unedited interviews of Rumaileh and Zubaidi. He argues that the interviews contain highly probative statements that are relevant to Plaintiff's case and will help prove that Al–Aksa Brigades is a part of Fatah. BBC objects to Plaintiff's request, claiming that its journalistic privilege protects the production of the outtakes.[FN1] Plaintiff also requests the deposition testimony of a BBC employee regarding the authenticity of the published documentary and the outtakes and the manner in which BBC created and stored them. BBC has offered to provide a declaration in lieu of a deposition in order to establish that these items are business records, but Defendants have refused this compromise.

> FN1. BBC has previously produced to Plaintiff the published version of the documentary.

## II. DISCUSSION

### A. Interview Outtakes and Deposition Testimony

**\*2** Fed.R.Civ.P. 26(b)(1) permits a party to obtain discovery of any non-privileged matter that is relevant to its claim or defense. Fed .R.Civ.P. 45(c)(3)(A)(iii) allows a court to modify or quash a subpoena served on a third-party that requires a disclosure of privileged or other protected material.

It is well settled that journalists enjoy a qualified privilege that protects their newsgathering efforts. *See Gonzales v. National Broadcasting Co.,* 194 F.3d 29 (2d Cir.1999). Courts protect a journalist's newsgathering efforts to safeguard journalists and the press's ability to perform its constitutionally protected function. *See Baker v. F and F Investment,* 470 F.2d 778, 782 (2d Cir.1972). This privilege extends to both confidential and non-confidential information. Gonzales, 194 F.3d at 35–36. If the information is not deemed confidential, the damage may be less harsh, but issuing subpoenas to journalists and news organizations on a regular basis imposes significant time and costs. *See United States v. The LaRouche Campaign,* 841 F.2d 1176, 1182 (1st Cir.1988) ("frequency of subpoenas would not only preempt the otherwise productive time of journalists and other employees but measurably increase expenditures for legal fees"); *Gonzales,* 194 F.3d at 33–34.

The Second Circuit has constructed specific tests that a party must meet to overcome the journalist's qualified privilege. Courts will not compel the disclosure of confidential information absent a "clear and specific showing" by that party that the information is 1) "highly material and relevant," 2) "necessary or critical to the maintenance of the claim," and 3) "not obtainable from other available sources." *In re Petroleum Products Antitrust Litig.,* 680 F.2d 5, 7 (2d Cir.1982). If the information is not confidential, the party must show that the materials sought are 1) "of likely relevance to a significant issue in the case" and 2) "not reasonably obtainable from other available sources." *Gonzales,* 194 F.3d at 36. Here, it is undisputed that BBC's journalist privilege protects the information sought by Plaintiff. *Id.* at 35 (outtakes protected by the qualified privilege). It is also apparent from the motions and oral arguments that the information held by BBC is not confidential because BBC was free to disseminate to the public any portions of the interviews. Accordingly, I will apply the less stringent test endorsed by *Gonzales.*

Plaintiff argues that the information is relevant to a significant issue in the case because he must equate Fatah with Al–Aksa Brigades. BBC admits in its motion that this is an essential theory in Plaintiff's case. Pl. Mem. 3. Plaintiff requests the unedited outtakes to support further his theory that Defendants are responsible for the terrorist attacks on Plaintiff. The broadcasted interviews purport that Fatah and Al–Aksa Brigades are the same organization and controlled by the PLO. *Id.* at 3–5. Plaintiff alleges that Rumaileh and Zubaidi possess knowledge of the relationships between Fatah, Yasser Arafat, and Al–Aksa Brigades and have made statements to BBC about the relationships. *Id.* Accordingly, I find that Plaintiff has satisfied the first element of the test because these outtakes are of likely relevance to the issues in the case.

**\*3** Plaintiff and BBC dispute whether the information is reasonably obtainable by other sources. BBC asserts that the information possessed by Rumaileh and Zubaidi are available from other sources. The gravamen of Plaintiff's request is that he wants the outtakes because there are no sources reasonably available that evidence Rumaileh and Zubaidi's knowledge about Fatah and Al–Aksa Brigades. These

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1371384 (E.D.N.Y.)
**(Cite as: 2010 WL 1371384 (E.D.N.Y.))**

individuals do not reside in the United States and are not subject to the jurisdiction of the federal courts. It would be difficult, if not impossible, for Plaintiff to find Rumaileh and Zubaidi who are residents of a foreign state with knowledge about a terrorist organization and to ask them about what they said to BBC for the documentary. As BBC mentioned during oral arguments, interviewing individuals with sensitive knowledge is dangerous and difficult. It is also doubtful that individuals associated with terrorist organizations would continue to speak freely about the subject. Furthermore, these outtakes appear to be in BBC's sole possession. In light of the fact that Plaintiff narrowed his request to the outtakes of just two individuals in one documentary, I do not find that Plaintiff is engaged in a fishing expedition.

Accordingly, I find that Plaintiff has met his burden to overcome BBC's qualified privilege. BBC shall produce the unedited interviews of Rumaileh and Zubaidi from the documentary. In addition, because Defendants will not agree to an affidavit in lieu of a deposition, BBC shall produce an appropriate individual to testify about the authenticity of the documentary and outtakes. Plaintiff has agreed to travel to London for the deposition. Therefore, the deposition shall take place at a convenient time for both parties, but it shall take place in an expedited timeframe.

**B. Motion to Strike**

Defendants submitted a memorandum of law in opposition to Plaintiff's motion to compel BBC to produce the outtakes and deposition testimony. *See* Docket Entry No. 11. Plaintiff moved to strike the memorandum, alleging that Defendants have no standing to oppose the third-party subpoena.

Generally, in the absence of privilege, a party lacks standing to seek to quash a subpoena issued to someone who is not a party to the action. *See Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975). Here, Defendants do not cite any personal right or privilege that would allow them the right to oppose Plaintiff's motion. Instead, Defendants argue that the primary purpose of its memorandum is to correct factual and legal inaccuracies presented to the Court. However, Defendants direct their arguments towards the admissibility of the evidence and whether the United States government designates Fatah as a "foreign terrorist organization." These arguments are irrelevant to the issues presented here.[FN2] Accordingly, I grant Plaintiff's motion to strike Defendants' memorandum of law.

> FN2. Whether the published documentary or the outtakes are admissible at trial is for the consideration of the Southern District of Florida.

**III. Conclusion**

**\*4** For the foregoing reasons, I grant Plaintiff's motion to compel BBC to produce the unedited outtakes of Rumaileh and Zubaidi and its request to depose an appropriate BBC employee regarding the authenticity of the outtakes and published documentary. I also deny BBC's motion to quash the third-party subpoena and I grant Plaintiff's motion to strike Defendants' memorandum in law in opposition to Plaintiff's motion to compel. BBC shall produce the outtakes within two weeks of the date of this order.

**SO ORDERED.**

E.D.N.Y.,2010.
Saperstein v. Palestinian Authority
Not Reported in F.Supp.2d, 2010 WL 1371384 (E.D.N.Y.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.