IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN

MOSHE SAPERSTEIN, *et al.*, )
)
Plaintiffs, )
v. )
)
THE PALESTINIAN AUTHORITY, *et al.*, )
)
Defendants. )

## SUPPLEMENTAL OBJECTIONS AND ANSWERS OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's August 21, 2009 Order Adopting Amended Joint Proposed Schedule With Modifications, hereby respectfully submit their Supplemental Objections and Answers to "Plaintiff's Third Set of Interrogatories to Defendants (Interrogatories Nos. 5-17)," dated January 8, 2010, ("Interrogatory" or "Interrogatories") and state as follows:

### PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and answers by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and answers are made subject to, without prejudice to, and are not

- 1 -

legal basis, seeks disclosure of information that is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to Interrogatory No. 7 on the ground that it seeks information concerning an individual's "jobs, positions and/or offices" with a separate, non-party entity ("Fatah") and therefore seeks to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for, produce and/or explain information possessed by a separate, non-party entity and/or documents not within the possession, custody or control of Defendants. Defendants also object to the Interrogatory on the ground that the Plaintiff has proffered no factual or legal basis on which information or documents regarding Sultan Abu al-Aynan's "jobs, positions and/or offices" with Fatah would constitute relevant and admissible evidence in this case or would reasonably lead to the discovery of relevant and admissible evidence in this case.

Defendants are willing to engage in good faith discussions with the Plaintiff regarding the foregoing Objections.

**ANSWER:**

Defendants incorporate herein by reference the foregoing General and Specific Objections as if fully set forth herein. Defendants remain willing to engage in good faith discussions with Plaintiff regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Interrogatory.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants hereby supplement their Answer to this Interrogatory as follows.

Defendants state that based on an investigation conducted to date of information and files available to Defendant PA and Defendant PLO and located in the West Bank, neither Defendant PA nor Defendant PLO has identified information or documents indicating that Sultan Abu al-Aynan was employed by the PA or PLO for the time period October 1, 2000, through February 18, 2002.

**INTERROGATORY NO. 8:**

Describe in full any and all jobs, positions and/or offices of any type held by Atu Abu Rumaileh in the PA, PLO and/or Fatah at any time between October 1, 2000 and the present day. In your answer (1) include a full description of all responsibilities, duties, powers and authorities of Atu Abu Rumaileh in each such job, position and/or office (b) identify by name and title all of

- 8 -

Atu Abu Rumaileh's immediate superiors in each such job, position and/or office and (c) detail all the sources for the information provided in response to this interrogatory.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 8 on the grounds: (a) that the Interrogatory is overly broad and unduly burdensome, particularly with respect to the time period indicated ("at any time between October 1, 2000 and the present day"), which stretches beyond the "Relevant Period," as defined by the Plaintiff, and the scope of information and documents requested (see General Objection No. 4); (b) that, as potentially construed, the phrases "powers and authorities" and "immediate superiors" are vague and ambiguous; (c) that the Interrogatory, as potentially construed, requires a legal conclusion; (d) that the Interrogatory requests information beyond that reasonably known or reasonably knowable by Defendants; (e) that the Interrogatory seeks disclosure of information that is irrelevant, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (f) that the person who is the subject of the Interrogatory, Atu Abu Rumaileh, was not disclosed by the Plaintiff in his Rule 26(a)(1) Amended Disclosures dated January 9, 2009 as someone likely to have discoverable information relating to this action or in his Answer or "Further Answer" to Defendants' Interrogatory No. 2 dated October 30, 2009, seeking the identification of all persons Plaintiff "believe[s] may have knowledge of the facts, events, circumstances, allegations, claims, or defenses at issue in the Second Amended Complaint or the Civil Action" and a description of "their anticipated areas of knowledge"; and (g) that, to the extent the Interrogatory is based on or seeks discovery regarding the Plaintiff's claims under 18 U.S.C. §§ 2339(B) and 2339(C), the Interrogatory lacks a proper and actionable legal basis, seeks disclosure of information that is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to Interrogatory No. 8 on the ground that it seeks information concerning an individual's "jobs, positions and/or offices" with a separate, non-party entity ("Fatah") and therefore seeks to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for, produce and/or explain information possessed by a separate, non-party entity and/or documents not within the possession, custody or control of Defendants. Defendants also object to the Interrogatory on the ground that the Plaintiff has proffered no factual or legal basis on which information or documents regarding Atu Abu Rumaileh's "jobs, positions and/or offices" with Fatah would constitute relevant and admissible evidence in this case or would reasonably lead to the discovery of relevant and admissible evidence in this case.

Defendants are willing to engage in good faith discussions with the Plaintiff regarding the foregoing Objections.

**ANSWER:**

Defendants incorporate herein by reference the foregoing General and Specific Objections as if fully set forth herein. Defendants remain willing to engage in good faith

- 9 -

discussions with Plaintiff regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Interrogatory.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants hereby supplement their Answer to this Interrogatory as follows.

Defendant PA states that based on an investigation conducted to date of information and files available to Defendant PA, Defendant PA has not identified information or documents indicating that Ata Abu Rumaileh was employed by Defendant PA for the time period October 1, 2000, through February 18, 2002.

Additionally, Defendant PLO states that, according to documents produced to Plaintiff and Bates-labeled 03:000747-748, for some portion of the time period October 1, 2000, through February 18, 2002, Ata Abu Rumaileh was employed with the Refugee Affairs Department of the PLO in the position of Level A-C Director.

Defendant PLO further states that the Department of Refugee Affairs was responsible for developing positions toward the just resolution refugee issue and working with the international community to provide aid and welfare to Palestinian refugees. From October 1, 2000, through February 18, 2002, the immediate supervisor of the Level A-C Director of the Refugee Affairs Department was Dr. Asa'd Abdel Rahman, who was head of the Department of Refugee Affairs.

**INTERROGATORY NO. 9:**

Describe in full any and all jobs, positions and/or offices of any type held by Ziyad Abu Eain in the PA, PLO and/or Fatah at any time between October 1, 2000 and the present day. In your answer (1) include a full description of all responsibilities, duties, powers and authorities of Ziyad Abu Eain in each such job, position and/or office (b) identify by name and title all of Ziyad Abu Eain's immediate superiors in each such job, position and/or office and (c) detail all the sources for the information provided in response to this interrogatory.

- 10 -

Additionally, based on an investigation conducted to date of information and files available to Defendant PLO and located in the West Bank, Defendant PLO has not identified information or documents indicating that Mohammed Edwan was employed by Defendant PLO for the time period October 1, 2000, through February 18, 2002.

Dated: April 9, 2010        Respectfully submitted,

By: *Gary A. Woodfield by cf*
Gary A. Woodfield (Fla. Bar No. 563102)
**Edwards Angell Palmer & Dodge LLP**
gwoodfield@eapdlaw.com
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

Richard A. Hibey
rhibey@milchev.com
Mark J. Rochon
mrochon@milchev.com
Charles F. B. McAleer, Jr.
cmcaleer@milchev.com
**Miller & Chevalier Chartered**
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Telephone: (202) 626-5800
Facsimile: (202) 626-5801

**Attorneys for Defendants The Palestine Liberation Organization and The Palestinian Authority**

- 25 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of April, 2010, a true and genuine copy of the foregoing was served by electronic mail and first-class mail, postage prepaid, on the following:

Isaac M. Jaroslawicz, Esq.
1177 Kane Concourse, #222
Bay Harbor Islands, Florida 33154
Isaac@MyLawyerIsaac.com

**Attorney for Plaintiff Moshe Saperstein**

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
RJT@TolchinLaw.com

**Attorney for Plaintiff Moshe Saperstein**

_____
Charles F. B. McAleer, Jr.