UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE BAUER PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, hereby respectfully submit their Second Supplemental Objections and Responses to the Bauer Plaintiffs' Second Set of Interrogatories and state as follows:

### PRELIMINARY STATEMENT

1.    Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections hereto.

2.    The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1244246.1

3.      To the extent that the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to the Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any answer by Defendants to the Interrogatories shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, or admissibility of the information or documents referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Defendants may make to any future use of such information. Further, Defendants make the objections and give the answers herein without in any way implying that they consider the Interrogatories and the answers thereto to be relevant or material to this case.

## GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or any other applicable statutory or common law privilege. With respect to those Interrogatories to which Defendants do not

specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

3.  Defendants object to the Interrogatories to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4.  Defendants object to the Interrogatories to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Interrogatories that seek "all" information or documents when fully responsive and/or relevant information may be supplied with less than "all" information or documents.

5.  Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Interrogatories were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.  Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

1244246.1

7. Defendants object to the Interrogatories to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8. Defendants object to the Interrogatories to the extent that they seek the disclosure or production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9. Defendants reserve the right to answer the Interrogatories by producing documents pursuant to Federal Rule of Civil Procedure 33(d).

10. By responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories. Neither do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Interrogatories, that such information or documents exist.

11. Defendants object to the Interrogatories to the extent that they violate Local Civil Rule 33.3(a) by seeking information other than "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

12. Defendants object to the Interrogatories to the extent that they violate Local Civil Rule 33.3(b), in that the Interrogatories are not a more practical method of obtaining the information sought than a request for production or a deposition.

13. Defendants object to the Interrogatories to the extent that the Interrogatories, while styled as single interrogatories, are composed of multiple discrete subparts that count as separate interrogatories.

14. Defendants object to the Interrogatories to the extent that they are not appropriately limited in time.

15. Defendants object to the Interrogatories to the extent that they violate Federal Rule of Civil Procedure 33(a)(1), in that they exceed the total of 25 written interrogatories, including all discrete subparts, permitted by that Rule as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

16. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific answer does not waive any general objection to the Interrogatory.

## SPECIFIC OBJECTIONS AND ANSWERS

## PLAINTIFFS' SPECIFIC DEFINITIONS:

1. "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

4. "Hashaika" means and refers to the Mohammed Hashaika who is mentioned in the First Amended Complaint ("FAC") in this action and who died as a result of the March 21, 2002 bombing discussed in the FAC.

1244246.1

    5.    "Relevant Knowledge" means and refers to any knowledge of: (i) any arrest and/or detention of Hashaika by the PA; and/or (ii) any custodial interrogation of Hashaika by the PA; and/or (iii) the causes and/or circumstances of Hashaika's release from PA custody.

**INTERROGATORY NO. 2:**

List every past and current employee of the PA and/or the PLO ("Employee") who has any Relevant Knowledge and for each such Employee provide: (1) the Employee's full name and identification number; (2) the nature and scope of the Employee's Relevant Knowledge; (3) the origins and sources of the Employee's Relevant Knowledge; (4) all positions and/or jobs held by the Employee in the PA and/or the PLO and any and all work or employment performed by the Employee for the PA and/or the PLO at the time(s) the Employee acquired the Relevant Knowledge; (5) all positions and/or jobs currently held by the Employee in the PA and/or the PLO and any and all work or employment currently performed by the Employee for the PA and/or the PLO, including without limitation a detailed description of: (i) the titles, nature, purposes, responsibilities and duties of any and all such positions, jobs, work and/or employment; (ii) the ministries, agencies, divisions, bureaus, departments and/or instrumentalities of the PA and/or PLO in and/or for which the Employee performs such positions, jobs, work and/or employment; (iii) the rank or ranks held by the Employee in all such positions, jobs, work and/or employment; and (iv) the names, titles and positions of all officials and/or employees of the PA and/or the PLO to whom the Employee is directly or indirectly subordinate in all such positions, jobs, work and/or employment.

**OBJECTIONS TO INTERROGATORY NO. 2:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 2 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a description of "all positions and/or jobs held by the Employee," "any and all work or employment performed by the Employee"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any of the issues presented by Plaintiffs' First Amended Complaint, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "positions and/or jobs," "work or employment," "performed," "titles, nature, purposes, responsibilities and duties," "ministries, agencies, divisions, bureaus, departments and/or

instrumentalities," "rank or ranks," "positions," "officials and/or employees," and "directly or indirectly subordinate" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Interrogatory violates Local Civil Rule 33.3(a), in that it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature"; (e) aside from seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the Interrogatory violates Local Civil Rule 33.3(b), in that it is not a more practical method of obtaining the information sought than a request for production or a deposition; (f) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories; (g) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows.

Based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants provide the following responsive full names and identification numbers: Maher Rashed Abdel-Jalil Jaber Dweikat, No. 983357849, and Mohammed Adel Ahmad Al Ghoul, No. 410015176.

CONFIDENTIAL
1244246.1

Defendants' investigation is continuing, and Defendants will supplement this answer to the extent required by Federal Rule of Civil Procedure 26(e)(1).

Defendants also remain willing to engage in good-faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any further discovery in response to the foregoing Interrogatory.

May 29, 2012                             Respectfully submitted,

*/s/*

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

8

1244246.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of April 2012, a true and genuine copy of the foregoing was served by certified mail on the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com

_____
Brian A. Hill

1244246.1