UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                    Plaintiffs,

           - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                  Defendants.

-----------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) (TO THE SOKOLOW PLAINTIFFS)

        Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs'

Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

    1.    Defendants' investigation and development of all facts and documents relating to

this case is on-going.  The objections and responses by Defendants to the Request, therefore, are

based only upon such information and documents as are currently known to Defendants.  These

objections and responses are made subject to, without prejudice to, and are not in waiver of,

Defendants' right to rely on other facts or documents at trial or to supplement their objections

and responses hereto.

    2.    The exact wording of any objections or responses contained herein may be that of

Defendants' counsel and does not necessarily purport to be that of Defendants.

1276717.1

3.      To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1276717.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1276717.1

3.     Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.     Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.     Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.     Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.     Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

1276717.1

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.     By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.     Defendants object to the Request to the extent that it is not appropriately limited in time.

11.     Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.     Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.     Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

1276717.1

grounds that: (a) the Request is potentially oppressive, overly burdensome, and could involve undue financial expense to Defendants particularly with respect to the lack of any reasonable restrictions as to the scope of the search it requests; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and there is no way to determine from the Request whether the "documents . . ., several pages of which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially construed, the Request seeks documents protected by the state secrets doctrine, the deliberative process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify a "complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 23.

1276717.1

August 23, 2012

Respectfully submitted,

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

Brian A. Hill

1276717.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

         Plaintiffs,

     - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

         Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) <u>(TO THE GUETTA PLAINTIFFS)</u>

    Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs'

Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

## <u>PRELIMINARY STATEMENT</u>

    1.   Defendants' investigation and development of all facts and documents relating to

this case is on-going.  The objections and responses by Defendants to the Request, therefore, are

based only upon such information and documents as are currently known to Defendants.  These

objections and responses are made subject to, without prejudice to, and are not in waiver of,

Defendants' right to rely on other facts or documents at trial or to supplement their objections

and responses hereto.

    2.   The exact wording of any objections or responses contained herein may be that of

Defendants' counsel and does not necessarily purport to be that of Defendants.

1

3.      To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1276714.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131). Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.      Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

4

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.      Defendants object to the Request to the extent that it is not appropriately limited in time.

11.      Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.      Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.      Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

5

grounds that: (a) the Request is potentially oppressive, overly burdensome, and could involve undue financial expense to Defendants particularly with respect to the lack of any reasonable restrictions as to the scope of the search it requests; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and there is no way to determine from the Request whether the "documents . . ., several pages of which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially construed, the Request seeks documents protected by the state secrets doctrine, the deliberative process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify a "complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 23.

6

August 23, 2012                Respectfully submitted,


                               _____
                               Mark J. Rochon
                               Richard A. Hibey
                               Laura G. Ferguson
                               Brian A. Hill
                               MILLER & CHEVALIER CHARTERED
                               655 15th Street, NW, Suite 900
                               Washington D.C. 20005-6701
                               (202) 626-5800 [tel]
                               (202) 626-5801 [fax]
                               mrochon@milchev.com [email]

                               *Counsel for Defendants the Palestinian Authority and the
                               Palestine Liberation Organization*

1276714.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of the foregoing was served by certified mail on the following:

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 855-4696
rjt@tolchinlaw.com

David I. Schoen
David I. Schoen, Attorney At Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334)-395-6611
(334)-272-0529 (fax)
dschoen593@aol.com

Brian A. Hill

1276714.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                   Plaintiffs,

        - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                  Defendants.

-----------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) <ins>(TO THE GOULD AND WALDMAN PLAINTIFFS)</ins>

       Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

    1.     Defendants' investigation and development of all facts and documents relating to this case is on-going.  The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants.  These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

    2.     The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1

3.      To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1276715.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.    Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.    Defendants object to the Request to the extent that the the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3

3.    Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.    Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.    Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.    Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.    Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

4

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9. By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10. Defendants object to the Request to the extent that it is not appropriately limited in time.

11. Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12. Defendants object to the Request to the extent that it requests Defendants to translate documents.

13. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 23 on the

5

grounds that: (a) the Request is potentially oppressive, overly burdensome, and could involve undue financial expense to Defendants particularly with respect to the lack of any reasonable restrictions as to the scope of the search it requests; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and there is no way to determine from the Request whether the "documents . . ., several pages of which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially construed, the Request seeks documents protected by the state secrets doctrine, the deliberative process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify a "complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 23.

1276715.1

August 23, 2012                    Respectfully submitted,


                                   _____
                                   Mark J. Rochon
                                   Richard A. Hibey
                                   Laura G. Ferguson
                                   Brian A. Hill
                                   MILLER & CHEVALIER CHARTERED
                                   655 15th Street, NW, Suite 900
                                   Washington D.C. 20005-6701
                                   (202) 626-5800 [tel]
                                   (202) 626-5801 [fax]
                                   mrochon@milchev.com [email]

                                   *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1276715.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

Brian A. Hill

8

1276715.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                   Plaintiffs,

            - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                   Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) (TO THE BAUER PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.      The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1

3.     To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.     Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.     A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1276718.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.    Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.    Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1276718.1

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.      Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

1276718.1

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.     By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.     Defendants object to the Request to the extent that it is not appropriately limited in time.

11.     Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.     Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.     Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 23:

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

5

grounds that:  (a) the Request is potentially oppressive, overly burdensome, and could involve undue financial expense to Defendants particularly with respect to the lack of any reasonable restrictions as to the scope of the search it requests; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and there is no way to determine from the Request whether the "documents . . ., several pages of which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially construed, the Request seeks documents protected by the state secrets doctrine, the deliberative process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify a "complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 23.

1276718.1

August 23, 2012                    Respectfully submitted,


_____

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the
Palestine Liberation Organization*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

_____

Brian A. Hill

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                    Plaintiffs,

             - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                    Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) (TO THE MANDELKORN PLAINTIFFS)

        Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs'

Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

        1.     Defendants' investigation and development of all facts and documents relating to

this case is on-going.  The objections and responses by Defendants to the Request, therefore, are

based only upon such information and documents as are currently known to Defendants.  These

objections and responses are made subject to, without prejudice to, and are not in waiver of,

Defendants' right to rely on other facts or documents at trial or to supplement their objections

and responses hereto.

        2.     The exact wording of any objections or responses contained herein may be that of

Defendants' counsel and does not necessarily purport to be that of Defendants.

1276719.1

3.      To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1276719.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1276719.1

3.     Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.     Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.     Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.     Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.     Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

4

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.    By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.    Defendants object to the Request to the extent that it is not appropriately limited in time.

11.    Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.    Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.    Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

1276719.1

grounds that:  (a) the Request is potentially oppressive, overly burdensome, and could involve

undue financial expense to Defendants particularly with respect to the lack of any reasonable

restrictions as to the scope of the search it requests; (b) the Request seeks production of

documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably

calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the

documents sent by the State of Israel to defendant Palestinian Authority, several pages of which

are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information

or documents sought with sufficient particularity to allow for a meaningful response by

Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and

there is no way to determine from the Request whether the "documents . . ., several pages of

which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to

the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially

construed, the Request seeks documents protected by the state secrets doctrine, the deliberative

process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and

without prejudice to Defendants' right to modify, amend, or supplement their responses as

appropriate, Defendants state that based on an investigation conducted to date of information and

files reasonably available to Defendants, Defendants have been unable to identify a "complete,

full and legible copy of the documents sent by the State of Israel to defendant Palestinian

Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 23.

1276719.1

August 23, 2012                    Respectfully submitted,


_____

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the*
*Palestine Liberation Organization*

1276719.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

Brian A. Hill

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                    Plaintiffs,

          - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                  Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) (TO THE COULTER, CARTER, BLUTSTEIN AND GRITZ PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

1.    Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.    The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1

3.     To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.     Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.     A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

2

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1276720.1

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.      Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

4

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.      Defendants object to the Request to the extent that it is not appropriately limited in time.

11.      Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.      Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.      Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

5

grounds that:  (a) the Request is potentially oppressive, overly burdensome, and could involve undue financial expense to Defendants particularly with respect to the lack of any reasonable restrictions as to the scope of the search it requests; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and there is no way to determine from the Request whether the "documents . . ., several pages of which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially construed, the Request seeks documents protected by the state secrets doctrine, the deliberative process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify a "complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 23.

August 23, 2012                    Respectfully submitted,


                                   _____
                                   Mark J. Rochon
                                   Richard A. Hibey
                                   Laura G. Ferguson
                                   Brian A. Hill
                                   MILLER & CHEVALIER CHARTERED
                                   655 15th Street, NW, Suite 900
                                   Washington D.C. 20005-6701
                                   (202) 626-5800 [tel]
                                   (202) 626-5801 [fax]
                                   mrochon@milchev.com [email]

                                   *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1276720.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

        Robert J. Tolchin, Esq.
        The Berkman Law Office, LLC
        111 Livingston Street – Suite 1928
        Brooklyn, NY 11201
        (718) 855-3627
        (718) 855-4696
        rjt@tolchinlaw.com

        David I. Schoen
        David I. Schoen, Attorney At Law
        2800 Zelda Road, Suite 100-6
        Montgomery, AL 36106
        (334)-395-6611
        (334)-272-0529 (fax)
        dschoen593@aol.com

                    Brian A. Hill

8

1276720.1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

        - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

-----------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 23) (TO THE GOLDBERG PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23) and state as follows:

### PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.      The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1

1276721.1

3.    To the extent that the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.    Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.    A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

2

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.    Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.    Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  Where Defendants do not specifically object to the Request, and where the Request seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1276721.1

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.      Defendants object to the Request to the extent it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing

4

1276721.1

proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.      Defendants object to the Request to the extent that it is not appropriately limited in time.

11.      Defendants object to the Requests to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.      Defendants object to the Request to the extent that it requests Defendants to translate documents.

13.      Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 23:**

A complete, full and legible copy of the documents sent by the State of Israel to defendant Palestinian Authority, several pages of which are attached hereto as Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 23 on the

grounds that:  (a) the Request is potentially oppressive, overly burdensome, and could involve

undue financial expense to Defendants particularly with respect to the lack of any reasonable

restrictions as to the scope of the search it requests; (b) the Request seeks production of

documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably

calculated to lead to the discovery of admissible evidence; (c) the words and phrases "copy of the

documents sent by the State of Israel to defendant Palestinian Authority, several pages of which

are attached hereto as Appendix 1" are vague and ambiguous and fail to describe the information

or documents sought with sufficient particularity to allow for a meaningful response by

Defendants insofar as portions of the "pages attached . . . as Appendix 1" are indecipherable and

there is no way to determine from the Request whether the "documents . . ., several pages of

which are attached . . . as Appendix 1" to the Request were in fact "sent by the State of Israel to

the Palestinian Authority," and if so to whom and on what date or dates, and; (d) as potentially

construed, the Request seeks documents protected by the state secrets doctrine, the deliberative

process privilege or other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and

without prejudice to Defendants' right to modify, amend, or supplement their responses as

appropriate, Defendants state that based on an investigation conducted to date of information and

files reasonably available to Defendants, Defendants have been unable to identify a "complete,

full and legible copy of the documents sent by the State of Israel to defendant Palestinian

Authority, several pages of which are attached . . . as Appendix 1" to the Request.

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 23.

1276721.1

August 23, 2012                    Respectfully submitted,

                                   _____
                                   Mark J. Rochon
                                   Richard A. Hibey
                                   Laura G. Ferguson
                                   Brian A. Hill
                                   MILLER & CHEVALIER CHARTERED
                                   655 15th Street, NW, Suite 900
                                   Washington D.C. 20005-6701
                                   (202) 626-5800 [tel]
                                   (202) 626-5801 [fax]
                                   mrochon@milchev.com [email]

                                   *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1276721.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 23rd day of August 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

        Robert J. Tolchin, Esq.
        The Berkman Law Office, LLC
        111 Livingston Street – Suite 1928
        Brooklyn, NY 11201
        (718) 855-3627
        (718) 855-4696
        rjt@tolchinlaw.com

        David I. Schoen
        David I. Schoen, Attorney At Law
        2800 Zelda Road, Suite 100-6
        Montgomery, AL 36106
        (334)-395-6611
        (334)-272-0529 (fax)
        dschoen593@aol.com

                            _____
                            Brian A. Hill

1276721.1