# EXHIBIT 15

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                    Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

## FOURTH SET OF INTERROGATORIES FROM ALL PLAINTIFFS
### (Nos. 6 - 10)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, all Plaintiffs, by counsel, serve Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") with the following interrogatories, which Defendants shall answer under oath and in writing within thirty days of the service of these interrogatories.

### INSTRUCTIONS AND GENERAL DEFINITIONS

1.      Defendants shall respond to these interrogatories as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) is incorporated by reference herein and governs these interrogatories.

### SPECIFIC DEFINITIONS

1.      "PA" means and refers to defendant The Palestinian Authority.

2.      "PLO" means and refers to defendant The Palestine Liberation Organization.

3.      "Defendants" means and refers collectively to Defendants PA and PLO.

## INTERROGATORIES

### Interrogatory No. 6

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PA.

### Interrogatory No. 7

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PLO.

### Interrogatory No. 8

List all "members" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify (i) the person's full name and (ii) the date on which that person became a "member" of the PA.

### Interrogatory No. 9

List all "members" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify: (i) the person's full name; (ii) the date on which that person became a "member" of the PLO.

### Interrogatory No. 10

State the full factual basis for the contention (DE 92 at 2) that "Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of

Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement)."

November 21, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

David I. Schoen
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com

3

## <u>CERTIFICATION</u>

I hereby certify that on November 21, 2012, I caused the within to be served by electronic mail and by hand on the counsel listed below:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

Robert J. Tolchin

4