# EXHIBIT 16

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                       Plaintiffs,

           - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                    Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEVENTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 24-46)
### (TO THE SOKOLOW PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs'

Seventh Request to Produce Documents and Things by All Plaintiffs (No. 24-46) and state as

follows:

### PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to

this case is on-going.  The objections and responses by Defendants to these Requests, therefore,

are based only upon such information and documents as are currently known to Defendants.

These objections and responses are made subject to, without prejudice to, and are not in waiver

of, Defendants' right to rely on other facts or documents at trial or to supplement their objections

and responses hereto.

1

2.    The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.    To the extent that the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.    Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO. Further, Defendants make the objections herein without in any way implying that they consider the Requests, any responses, or any productions in response to the Requests to be relevant or material to this case.

5.    A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants. Nor shall a response to a Request stating objections

1284703.1

and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Requests or in the definitions or instructions applicable to the Requests, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Requests or in the definitions or instructions applicable to the Requests.

6.    Publicly available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.    Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. Where Defendants do not specifically object to the Requests, and where the Requests seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131). Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3

3.      Defendants object to the Requests to the extent that they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5.      Defendants object to the Requests to the extent they seek information or documents from the Defendants' agents, officers, or employees, including to the extent that information or documents are unrelated to their employment or agency relationship with the Defendants.

6.      Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Requests were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

7.      Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

8.      Defendants object to the Requests to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources

4

(including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

9.     Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

10.     By responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Requests.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

11.     Defendants object to the Requests to the extent that they are not appropriately limited in time.

12.     Defendants object to the Requests to the extent they seek the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

13.     Defendants object to the Requests to the extent that they request Defendants to translate documents.

14.     Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Requests.

1284703.1

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 23(a)[1]:

The PA Martyr Form and File for each of the terrorists listed in Appendix 1.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to this Request on the grounds that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrase "PA Martyr Form and File" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request assumes facts and makes various factual allegations, including in its use of the term "terrorists"; and (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

### RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that documents previously produced in this matter and Bates-labeled 02:006761-02:006774 and 02:006827-02:006834 may be responsive to this request.

---

[1] Plaintiffs have previously propounded Request No. 23 in their Sixth Request to Produce Documents and Things by All Plaintiffs (No. 23).  Accordingly, in order to distinguish between the previous Request 23 and the instant one, Defendants will designate the Request contained in Plaintiffs' Seventh Request to Produce Documents and Things by All Plaintiffs (No. 24-46) as Request 23(a).

1284703.1

Defendants further state that, subject to and without waiving the foregoing General and Specific Objections, and as to persons named in Appendix 1 that have been identified as having a connection to the incidents at issue in this matter, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

As to the balance of persons requested, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 23(a).

**REQUEST NO. 24:**

The PLO Martyr File for each of the terrorists listed in Appendix 1.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrase "PLO Martyr File" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request assumes facts and makes various factual allegations, including in its use of the term "terrorists;" and (d) the Request seeks production of

1284703.1

documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that documents previously produced in this matter and Bates-labeled 02:006761-02:006774 and 02:006827-02:006834 may be responsive to this request.

Defendants further state that, subject to and without waiving the foregoing General and Specific Objections, and as to persons named in Appendix 1 that have been identified as having a connection to the incidents at issue in this matter, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

As to the balance of persons requested, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No.24.

**REQUEST NO. 25:**

All documents concerning all payments made and/or all financial or in-kind benefits provided by the PA and/or PLO to any person at any time after the death or injury of the terrorists listed in Appendix 1, in relation to, as a result of and/or due to their deaths or injuries.

1284703.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "all payments made to and/or all financial or in-kind benefits provided to the relatives of the terrorists" and "as a result of and/or due to their deaths or injuries" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request assumes facts and makes various factual allegations, including in its use of the term "terrorists"; and (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that documents previously produced in this matter and Bates-labeled 02:007183-7184 may be responsive to this request.

Defendants further state that, subject to and without waiving the foregoing General and Specific Objections, and as to persons named in Appendix 1 that have been identified as having a connection to the incidents at issue in this matter, Defendants will produce, on a reasonable date

9

and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

As to the balance of persons requested, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 25.

**REQUEST NO. 26:**

All PA Prisoner Forms and Files created between January 1, 1994 and January 1, 2006, in which the prisoner is identified as belonging to Fatah.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time frame (*i.e.*, a twelve-year period covering a time before and after the date of the incidents at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "PA Prisoner Forms and Files" and "prisoner is identified as belonging to Fatah" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (c) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

1284703.1

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 26.

**REQUEST NO. 27:**

All documents concerning all payments made and/or all financial or in-kind benefits provided by the PA and/or PLO to any person at any time, in relation to, as a result of and/or due to the imprisonment of the prisoners whose PA Prisoner Forms and Files are sought in Request No. 26.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "all financial or in-kind benefits provided by the PA and/or PLO, " and "in relation to, as a result of and/or due to the imprisonment of the prisoners whose PA Prisoner Forms and Files are sought in Request No. 26" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (c) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

11

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 27.

**REQUEST NO. 28:**

All PA Prisoner Forms and Files created between January 1, 1994 and January 1, 2006, in which the prisoner is identified as belonging to Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time frame (*i.e.*, a twelve-year period covering a time before and after the date of the incidents at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "PA Prisoner Form and Files" and "in which the prisoner is identified as belonging to Hamas" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (c) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw,

1284703.1

modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 28.

**REQUEST NO. 29:**

All documents concerning all payments made and/or all financial or in-kind benefits provided by the PA and/or PLO to any person at any time, in relation to, as a result of and/or due to the imprisonment of the prisoners whose PA Prisoner Forms and Files are sought in Request No. 28.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "all financial or in-kind benefits provided by the PA and/or PLO, " and "in relation to, as a result of and/or due to the imprisonment of the prisoners whose PA Prisoner Forms and Files are sought in Request No. 28" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections.

13

Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 29.

**REQUEST NO. 30:**

Copies of all PA Martyr Forms and Files, PA Prisoner Forms and Files and/or PLO Martyr Files produced or disclosed by the defendants in any lawsuit in the United States.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the phrases "PA Martyr Forms and Files," "PA Prisoner Forms and Files" and "PLO Martyr Files" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request is duplicative of Requests in other matters handled by the same Plaintiffs' counsel in which the requested documents have previously been produced; (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw, modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 30.

14

## REQUEST NO. 31:

All published and unpublished volumes, parts and drafts of the PA's "Al Aqsa Intifada: Diary and Documents" "(قائمو تايموي بصقأًا قضافتنا) (sometimes also captioned as "Diaries of the Intifada" (قضافتنلاا تايموي)), and all documents referenced, relied upon and/or utilized to create such volumes, parts and drafts.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to this Request on the grounds that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the words and phrases "volumes," "parts," drafts," "referenced," "relied upon" and "utilized" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) as potentially construed, the phrase "Al Aqsa Intifada: Diary and Documents" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request assumes alleged facts; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs withdraw,

1284703.1

modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer

concerning Defendants' Objections to Request No. 31.

**REQUEST NO. 32:**

All documents concerning all real properties located in Qalqilya that were used by
Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation
all documents concerning the description, location, ownership, purchase and/or rental of such
properties, the sources of all funds used to purchase and/or rent such properties, and the uses
to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to this Request on the grounds

that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially

construed, the phrase "documents concerning the description, location, ownership, purchase

and/or rental of such properties, the sources of all funds used to purchase and/or rent such

properties, and the uses to which such properties were put" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties

located in Qalqilya that were used by Hamas for any purpose" is vague and ambiguous and fails

to describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants;  (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead

1284703.1

to the discovery of admissible evidence; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 33:**

All documents concerning all real properties located in Ramallah or Al Bireh that were used by Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation all documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

1284703 1

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially construed, the phrase "documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties located in Ramallah or Al Bireh that were used by Hamas for any purpose" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to

1284703.1

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

**REQUEST NO. 34:**

All documents concerning all real properties located in Jenin that were used by
Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation
all documents concerning the description, location, ownership, purchase and/or rental of such
properties, the sources of all funds used to purchase and/or rent such properties, and the uses
to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to this Request on the grounds

that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially

construed, the phrase "documents concerning the description, location, ownership, purchase

and/or rental of such properties, the sources of all funds used to purchase and/or rent such

properties, and the uses to which such properties were put" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties

located in Jenin that were used by Hamas for any purpose" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants;  (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead

to the discovery of admissible evidence; (e) the documents sought may be in the possession,

1284703.1

custody or control of third parties or publicly available from sources other than Defendants and

obtaining such documents from those other sources rather than Defendants may be more

reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request

seeks documents protected by the attorney-client privilege, the work-product doctrine and other

applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and

without prejudice to Defendants' right to modify, amend, or supplement their responses as

appropriate, Defendants state that based on an investigation conducted to date of information and

files reasonably available to Defendants, Defendants have been unable to identify any non-

privileged documents or things within their possession, custody, or control that are responsive to

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

**REQUEST NO. 35:**

All documents concerning all real properties located in Tulkarem that were used
by Hamas for any purpose between January 1, 1994 and July 31, 2002, including without
limitation all documents concerning the description, location, ownership, purchase and/or rental
of such properties, the sources of all funds used to purchase and/or rent such properties, and
the uses to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to this Request on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

1284703.1

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially construed, the phrase "documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties located in Tulkarem that were used by Hamas for any purpose" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants;  (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

<u>RESPONSE</u>:

      Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

**REQUEST NO. 36:**

All documents concerning all real properties located in Nablus that were used by
Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation
all documents concerning the description, location, ownership, purchase and/or rental of such
properties, the sources of all funds used to purchase and/or rent such properties, and the uses
to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to this Request on the grounds

that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially

construed, the phrase "documents concerning the description, location, ownership, purchase

and/or rental of such properties, the sources of all funds used to purchase and/or rent such

properties, and the uses to which such properties were put" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties

located in Nablus that were used by Hamas for any purpose" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants;  (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead

to the discovery of admissible evidence; (e) the documents sought may be in the possession,

22

custody or control of third parties or publicly available from sources other than Defendants and

obtaining such documents from those other sources rather than Defendants may be more

reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request

seeks documents protected by the attorney-client privilege, the work-product doctrine and other

applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and

without prejudice to Defendants' right to modify, amend, or supplement their responses as

appropriate, Defendants state that based on an investigation conducted to date of information and

files reasonably available to Defendants, Defendants have been unable to identify any non-

privileged documents or things within their possession, custody, or control that are responsive to

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

**REQUEST NO. 37:**

All documents concerning all real properties located in Hebron that were used by
Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation
all documents concerning the description, location, ownership, purchase and/or rental of such
properties, the sources of all funds used to purchase and/or rent such properties, and the uses
to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to this Request on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

23

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially construed, the phrase "documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties located in Hebron that were used by Hamas for any purpose" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants;  (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to

1284703.1

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

## REQUEST NO. 38:

All documents concerning all real properties located in Jericho that were used by Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation all documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put by Hamas.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to this Request on the grounds

that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially

construed, the phrase "documents concerning the description, location, ownership, purchase

and/or rental of such properties, the sources of all funds used to purchase and/or rent such

properties, and the uses to which such properties were put" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties

located in Jericho that were used by Hamas for any purpose" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants;  (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead

to the discovery of admissible evidence; (e) the documents sought may be in the possession,

1284703.1

custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 39:**

All documents concerning all real properties located in Bethlehem that were used by Hamas for any purpose between January 1, 1994 and July 31, 2002, including without limitation all documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put by Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

1284703.1

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially construed, the phrase "documents concerning the description, location, ownership, purchase and/or rental of such properties, the sources of all funds used to purchase and/or rent such properties, and the uses to which such properties were put" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties located in Bethlehem that were used by Hamas for any purpose" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants;  (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (e) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE**:

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to

1284703.1

a reasonable interpretation and scope of this Request in the context of the allegations, claims, and

defenses in this action.

## REQUEST NO. 40:

All documents concerning all real properties located in the Gaza Strip that were
used by Hamas for any purpose between January 1, 1994 and July 31, 2002, including without
limitation all documents concerning the description, location, ownership, purchase and/or rental
of such properties, the sources of all funds used to purchase and/or rent such properties, and
the uses to which such properties were put by Hamas.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to this Request on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its time

frame (*i.e.*, a seven-year period prior to the date of the earliest of the incidents at issue in the

case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its

request for "[a]ll documents" regarding the subject matter of the Request); (b) as potentially

construed, the phrase "documents concerning the description, location, ownership, purchase

and/or rental of such properties, the sources of all funds used to purchase and/or rent such

properties, and the uses to which such properties were put" is vague and ambiguous and fails to

describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (c) as potentially construed, the phrase "all real properties

located in the Gaza Strip that were used by Hamas for any purpose" is vague and ambiguous and

fails to describe the information or documents sought with sufficient particularity to allow for a

meaningful response by Defendants; (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead

to the discovery of admissible evidence; (e) the documents sought may be in the possession,

1284703.1

custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 41:**

All documents concerning the capacity of the PA to sue or be sued.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words "concerning" and "capacity" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine; and (d) the Request seeks production of documents that are

29

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that those documents generally available and accessible to Plaintiffs through public sources will not be produced. In addition, Defendants refer Plaintiffs to Defendants' Rule 26(a)(1)(A) Disclosures, served on July 25, 2011, which reference documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. The Palestinian Authority et al.,* 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.). To the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 42:**

All documents concerning the capacity of the PLO to sue or be sued.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the word "concerning" is vague and ambiguous and fails to describe the information or documents

1284703.1

sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine; and (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that those documents generally available and accessible to Plaintiffs through public sources will not be produced.  In addition, Defendants refer Plaintiffs to Defendants' Rule 26(a)(1)(A) Disclosures, served on July 25, 2011, which reference documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. The Palestinian Authority et al.,* 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.).  To the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 43:**

All documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court between January 8, 2001, and today.

1284703.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 43.

**REQUEST NO. 44:**

All documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court between January 8, 2001, and today.

1284703.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 44.

**REQUEST NO. 45:**

In respect to any documents or information that the plaintiffs sought or seek to

1284703.1

discover in this action regarding which the defendants claim a privilege under PA law -- all legislative or executive statutes, laws, ordinances, regulations, enactments and/or orders under which such privilege is claimed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b) as potentially construed, the Request may require a legal conclusion; (c) as potentially construed, the phrase "all legislative or executive statutes, laws, ordinances, regulations, enactments and/or orders" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) as potentially construed, the Request improperly requires a legal conclusion and becomes a contention interrogatory; (e) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (f) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (g) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to this Request. Subject to and without waiving those Objections, Defendants state

34

that they will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action and that are required to be disclosed pursuant to Fed. R. Civ. P. 26(b)(5).

**REQUEST NO. 46:**

All documents utilized, examined and/or relied on by defendants in answering any interrogatory propounded by plaintiffs in this action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. Defendants also incorporate by reference, as if fully set forth herein, their General and Specific Objections to all interrogatories propounded by plaintiffs in this action. In addition, Defendants specifically object to this Request on the grounds that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that documents previously produced in this matter and Bates-labeled 02:004473-4481, 02:004484-4499, 02:004500-4513; 02:006031-6033; 02:006034 may be responsive to this request. To the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request,

Defendants will supplement their production in accordance with their obligations under the

Federal Rules of Civil Procedure and the Local Rules of this Court.

October 1, 2012                          Respectfully submitted,


                                         _____
                                         Mark J. Rochon
                                         Richard A. Hibey
                                         Laura G. Ferguson
                                         Brian A. Hill
                                         MILLER & CHEVALIER CHARTERED
                                         655 15th Street, NW, Suite 900
                                         Washington D.C. 20005-6701
                                         (202) 626-5800 [tel]
                                         (202) 626-5801 [fax]
                                         mrochon@milchev.com [email]

                                         *Counsel for Defendants the Palestinian Authority and the*
                                         *Palestine Liberation Organization*

1284703.1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on this 1st day of October 2012, a true and genuine copy of

the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

Brian A. Hill

37

1284703.1