UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

Civ. No. 04-397 (GBD) (RLE)

### NOTICE CONCERNING NEW DEVELOPMENT HIGHLY RELEVANT TO PLAINTIFFS' PENDING MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE

Plaintiffs respectfully file this Notice to alert the Court to a new development that is highly relevant to, and constitutes further support for, plaintiffs' pending motions to issue Hague Convention requests for the depositions of eight persons convicted and serving prison sentences in Israel for their roles in the terrorist attacks from which this action arises. DE 221-226.

Defendants opposed plaintiffs' motions, claiming that the depositions of these terrorists, which plaintiffs sought back on March 23, 2012, would not be completed by the close of discovery – nine months later – on December 21, 2012. In fact, however, as plaintiffs showed in their papers, federal courts regularly issue Hague Convention requests for depositions of convicted terrorists serving sentences in Israeli prisons, and it typically takes Israeli authorities only about *two months* to authorize such requests. DE 233.

Plaintiffs now hereby respectfully inform the Court that:

a) On **September 28, 2012**, the federal court in *Klieman v. Palestinian Authority*, Civ. No. 04-1173 (D.D.C.) issued a request to Israeli authorities under the Hague Convention for the depositions of two imprisoned terrorists. *Klieman*, at DE 183.

    b) On **November 25, 2012**, the Israeli authorities approved the *Klieman* court's request for the depositions of the imprisoned terrorists, and conveyed the request to the Jerusalem Magistrates Court for execution.

    c) On **December 2, 2012**, the parties in the *Klieman* action filed a consent motion in the Jerusalem Magistrates Court to schedule the depositions of the imprisoned terrorists for **December 19-20, 2012**, before a retired judge.[1]

Thus, the fact is that the Hague Convention request for depositions of imprisoned terrorists issued by the *Klieman* court on September 28, 2012 – *six months after* the instant plaintiffs filed their motions in this Court – was approved for execution by Israeli authorities less than two months later, and those depositions will be held on December 19-20, 2012.

The events in *Klieman* bury defendants' claim that the depositions requested in plaintiffs' motions, filed on March 23, 2012, would not have been completed before the December 21, 2012 deadline. Nor is *Klieman* an outlier: as plaintiffs showed in their papers – and as defendants know full well – it *typically* takes Israel two months to process such requests. DE 233.

Clearly, then, plaintiffs' motions were timely filed, and defendants' furious efforts to prevent plaintiffs from taking these depositions stem not from any real concern about deadlines, but from defendants' real fear of highly incriminating testimony. Ironically, by fighting these depositions tooth and nail, on "timeliness" grounds they knew to be frivolous from past experience with Hague depositions in other cases, defendants themselves have delayed the

---

[1] As explained in plaintiffs' papers, the parties are not restricted by the schedule of the Israeli judge to whom the Hague deposition request is assigned because Israeli law permits such depositions to be taken before a retired judge or any attorney with at least five years of experience. Thus the one prisoner deposition already taken in this case (of Abdullah Barghouti) and the prisoner depositions held in the other cases pending against the instant defendants were taken before a retired judge, and the identical arrangement would be used to take the remaining prisoner depositions sought by plaintiffs. DE 233.

Court's disposition of the motions, and thereby rendered the December 21, 2012 discovery deadline unworkable.

For this reason, too, the Court should disregard defendants' opposition to plaintiffs' motions (which defendants have no standing to make in any case) and grant them forthwith.

Plaintiffs, by their Attorney,

/s/ Robert J. Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

David I. Schoen
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
(334) 395-6611
DSchoen593@aol.com