UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

Docket No:
04-CV-397 (GBD) (RLE)

-----------------------------------------------------------------------X

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE CONCERNING NEW DEVELOPMENT HIGHLY RELEVANT TO PLAINTIFFS' PENDING MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") hereby submit the following Response to Plaintiffs' Notice Concerning New Development Highly Relevant to Plaintiffs' Pending Motions to the Magistrate Judge to Issue Letters of Request for Judicial Assistance (DE 272).

Plaintiffs claim that because two Hague depositions have recently been scheduled in another case pending against Defendants in the United States District Court for the District of Columbia styled *Klieman v. PA*, No. 1:04-cv-1173, Defendants' Opposition to the pending motions requesting Hague Depositions in this case should be "disregard[ed]" and Plaintiffs Motions should be granted "forthwith."  DE 272 at 3.  Plaintiffs are incorrect.

Experience in other cases is obviously not particularly relevant here in light of the Court's repeated admonitions that it expected the parties to promptly submit Hague Requests or justify their failure to do so.  *See* DE 229-231 at 1-2.  Indeed, it was principally on that basis that Defendants opposed the requests at issue.  *Id.*  However, to the extent the Court considers

1

1295507.1

experience in other cases to be relevant; Defendants submit the following for the Court's consideration.

Plaintiffs correctly aver that the letter requests for the *Klieman* depositions on which they now rely were issued on September 28, 2012, and that those depositions are presently planned for December 19 and 20, 2012. However, Plaintiffs are incorrect in asserting that the relatively prompt scheduling of these depositions has been typical of this process. In fact, the time elapsed between the issuance of prior requests to Israel for depositions of prisoners and the actual convening of those depositions, has typically been much longer.

For example, in the *Klieman* case itself, the depositions of Ahmad Hadib, Hussam Halabi and Tamer Rimawi were requested on March 8, 2010. *Klieman* DE 100-1. However, Ahmad Hadib and Hussam Halabi were not actually deposed until November 20 and 21, 2011, and Tamer Rimawi was not deposed until January 24, 2012. Similarly, the letter of request for a deposition of Marwan Barghouti was ordered on March 4, 2011, *Klieman* DE 123, but his deposition was not convened until January 25, 2012.

In the case of *Gilmore v. PA*, No. 1:01-cv-00853, which is also pending in the United States District Court for the District of Columbia, the letters of request for Bashar Al-Khatib and Abdel Karim Aweis were ordered on May 6, 2011, but the depositions of those individuals were not taken until December 5 and 7, 2011.

In the case of *Shatsky v. Syrian Arab Republic*, No. 1:02-cv-2280, also pending against the Defendants in the United States District Court for the District of Columbia, the deposition of Ahmad Sa'adat was ordered on January 10, 2012, *Shatsky* DE 145, but his deposition was not convened until September 12, 2012.

Indeed, the letter of request in this case for the deposition of Abdullah Barghouti was ordered on December 20, 2011, DE 176, but his deposition was not convened until June 20, 2012, and even then resulted in no substantive testimony.

Accordingly, the fact that two Hague depositions have been scheduled to occur relatively promptly vis-à-vis the date of their letter of request does not demonstrate that Plaintiffs' pending motions should have been granted last Spring or that they should be granted now.

## CONCLUSION

For the foregoing reasons, those stated in our opposition briefs (DE 229-231), and at the hearing on June 28, 2012, Plaintiffs' Motions for Hague Depositions should be denied.

December 10, 2012                    Respectfully Submitted,


   __/s/ Mark J. Rochon_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

3

1295507.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 10th day of December 2012, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to the following:

>Robert J. Tolchin
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>rjt@tolchinlaw.com
>
>David I. Schoen
>2800 Zelda Road, Suite 100-6
>Montgomery, AL 36106
>dschoen593@aol.com
>Schoenlawfirm@gmail.com
>
>*Attorneys for Plaintiffs*

                                       /s/ Mark J. Rochon
                                       Mark J. Rochon

1295507.1