UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, *et al*..

      Plaintiffs,

                                                          Civ. N0. 04-397 (GBD) (RLE)

  v.

THE PALESTINE LIBERATION ORGANIZATION, *et al*.,

      Defendants.

### PLAINITFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORAL ORDER OF NOVEMBER 20, 2012 ON TWO PRE-MOTION LETTERS RELATED TO DISCOVERY

On November 20, 2012, Magistrate Judge Ellis convened a status conference. Toward the beginning of that status conference Judge Ellis orally entered rulings on two matters which he characterized as "pending." Judge Ellis orally entered an Order apparently intending to preclude plaintiffs from calling certain witnesses at trial, (11/20/12 Tr. At 3), and orally entered a second Order precluding plaintiffs from taking the deposition of a woman named Intesar Al-Wazeer, the head of the "Institute for the Care of Martyrs' Families and the Injured, one of Defendants' leading agencies euphemistically named, of course, which rewards the families of suicide terrorists expressly for their acts of terrorism. (11/20/12 Tr. At 4). The November 20, 2012 transcript excerpts from the Conference before Judge Ellis are attached hereto as Exhibit "A."

Pursuant to 28 U.S.C. §636 and Rule 72(a) of the Federal Rules of Civil Procedure, plaintiffs hereby file their Objections to these two oral rulings. Because Judge Ellis's rulings were on non-dispositive matters, they are subject to a clearly erroneous or contrary to law

standard of review.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); 28 U.S.C. §636; F.R.C.P. 72.[1]

1.      Plaintiffs' first objection is a general one to the procedure employed here in first requiring a pre-motion letter to address a substantive issue and then in treating the pre-motion letter as if it were, in effect, a motion on the substantive issue raised.  The objection is to the latter.  The Magistrate Judge ordered substantive relief based on the pre-motion letter and argument on it, thereby denying the plaintiffs the right or ability to raise the underlying issue by proper motion.

Local Civil Rule 37.2 requires that, with respect to a discovery motion, a pre-motion letter requesting a conference on the desired motion first be submitted.  Courts in this Circuit regularly have approved of such a practice, finding that it often allows the parties to narrow, refine, or even eliminate differences or the need altogether for a motion.  *See e.g.*, *Eisemann v. Greene*, 204 F.3d 393, 397, n.4 (2d Cir. 2000); *Milltex Industries Corp. v. Jacquard Lace Company, Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995); *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).  However, this Circuit has made it just as clear that such pre-motion letters and conferences are not to be used to decide the substantive relief at issue or to eliminate the party's right to file a motion addressing the underlying issue.  *Id*.

In the substantive matters at issue in the pre-motion letters that were filed here, the Magistrate Judge actually ordered substantive relief, in both instances awarding defendants the substantive relief they sought - precluding plaintiffs from calling certain witnesses at trial and precluding plaintiffs from deposing through Rule 30(b)(6) a woman who plaintiffs believe they have the right to depose under that Rule, given her position.  Such action by the Magistrate

---

[1] On December 4, 2012, Plaintiffs sent in a faxed letter to the Court (with a copy faxed to opposing counsel), requesting a seven day extension of time for filing these Objections, until December 11, 2012.

Judge, with all due respect, in effect denies plaintiffs the right to address these issues in proper, fully briefed motions and goes beyond the authorized use of the pre-motion letter and conference practice required for discovery related motions in this District.

2.  On October 1, 2012, defendants wrote a pre-motion letter to Judge Ellis seeking certain sanctions for the plaintiffs' purported failure to provide sufficient information in response to certain interrogatories related to persons with knowledge about requests for defendants to arrest certain of the terrorist attackers in this case, with such terrorists either not arrested or given sham arrests from which they were released, enabling them to engage in the attacks. (Exhibit "B")

Plaintiffs responded to this letter on October 12, 2012. (Exhibit "C") In their response, plaintiffs advised Judge Ellis that defendants had succeeded in turning this issue on its head. The real matter at issue was plaintiffs' demands that defendants produce information and documents related to these requests for arrests and releases; but defendants had succeeded in turning it on its head by demanding the plaintiffs provide the information they had on it, undoubtedly only intending then to produce what defendants knew plaintiffs already knew about. This is a common theme in defendants inappropriate approach to discovery - turning over only what they fear they will get caught with if they do not turn it over or turning over only what they believe plaintiffs already know about.

In their response, plaintiffs advised Judge Ellis that most or all of what they know about these requests by American officials for the arrests comes from reports in the public domain and plaintiffs had provided all that they had on this to defendants. (Exhibit "C" at 2-5). Nevertheless, in his oral Order of November 20, 2012, at 3-4, Judge Ellis precluded plaintiffs from calling as witnesses certain people plaintiffs had identified as responsive to the

interrogatories at issue.  With all due respect, it is not clear whose testimony exactly Judge Ellis intended to preclude - whether national figures like Colin Powell and General Zinni, or others.

      Plaintiffs do not believe there is any lawful basis for precluding anyone's testimony in connection with this issue.  They have produced all that they have and are aware of on this issue in response to the discovery demands at issue (See Exhibit "C" at 2-5) and so plaintiffs object to the preclusion order altogether.  Additionally, plaintiffs object to the extent the Order is not clear with respect to whose testimony Judge Ellis intended to preclude.  Finally, plaintiffs reiterate here the Objection set out in number 1 above, in that it orders substantive relief on a pre-motion letter.

3. Also on October 1, 2012, defendants submitted a pre-motion letter seeking a protective order barring the Rule 30(b)(6) deposition of Ms. Intesar Al-Wazeer, the head of the Defendants' "Institute for the Care of Martyrs' Families," a euphemism for a PLO agency which doles out rewards to the families of suicide terrorists specifically for the terrorist acts of their relatives. (Exhibit "D").  Defendants argued, *inter alia*, that Ms. Al-Wazeer, referred to in various places on the internet as a "PA cabinet minister" or as "Head of the PA Ministry of Social Affairs" (perhaps historically) and the wife of the Palestinian arch terrorist known as Abu Jihad, is not so situated as to be subject to designation as a Rule 30(b)(6) witness.  (*Id*.)

      Plaintiffs responded on October 12, 2012 that they required additional time to try to obtain information demonstrating the error in defendants' position and certainly could show that defendants' additional claim that Ms. Al-Wazeer's purported advanced age was no obstacle (plaintiffs have quite recent photos of Ms. Al-Wazeer on whirlwind speaking tours to various locations on behalf of her agency).  Plaintiffs asked for additional time to come up with the

relevant information and submit it.  (Exhibit "C" at 5-6)

In the interim, Hurricane Sandy hit and the previously scheduled Conference at which this was to be taken up was postponed and no action was taken on plaintiffs' request for the additional time to make their showing.

Nevertheless, on November 20, 2012, Judge Ellis issued his oral Order precluding a Rule 30(b)(6) deposition of Ms. Al-Wazeer, based on his finding that he had not seen anything indicating that her position with defendants was such as to make her subject to such a deposition and that "... the letter of reference to Palestinian martyrs doesn't really give me any traction that it's likely to lead to any relevant evidence."  (Exhibit "A" at 4).

Plaintiffs object for the reasons set forth under Objection number 1 above and, in addition they object to such a ruling being premature, both without a deposition date for her noticed, and without the chance for plaintiffs to attempt to make the requisite showing.  Plaintiffs further object to the extent Judge Ellis's oral Order suggests that the reference in Exhibit "C" at 5-6 to Ms. Al-Wazeer's agency's role in providing a doctoral student with full information for his research on the operations of all Palestinian terrorist suicide bombers does not indicate that her deposition is likely to lead to any relevant evidence.  Plaintiffs respectfully submit that Ms. Al-Wazeer's testimony on the subject described in Exhibit "C" at 5-6 is extraordinarily and directly relevant to the issues in this case.

For all of the foregoing reasons, plaintiffs respectfully enter the Objections set forth above to the oral Order entered by Magistrate Judge Ellis in this case on November 20, 2012.

Respectfully Submitted,

/s/ David I. Schoen
David I. Schoen (DS0860)
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Tel.: 334-395-6611
Fax: 917-591-7586
DSchoen593@aol.com


Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Tel.: 718-855-3627
Fax: 718-504-4943
rjt.berkman@gmail.com