# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

Civ. No. 04-397 (GBD) (RLE)

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE CONCERNING NEW DEVELOPMENT HIGHLY RELEVANT TO PLAINTIFFS' PENDING MOTIONS TO THE MAGISTRATE JUDGE TO ISSUE LETTERS OF REQUEST FOR JUDICIAL ASSISTANCE

    Defendants' Response proves only one thing: that defendants will say anything, no matter how baseless, to persuade the Court to take the extraordinary step of barring plaintiffs from deposing the individuals convicted of the terrorist attacks from which this case arises.

    Defendants' Response misleadingly and irrelevantly focuses on the dates on which parties in other cases *ultimately took* certain Hague depositions – based on their own convenience and/or other external factors – and ignores the dates on which those depositions were actually *approved* by Israel, starting from which they *could have been taken*.

    Obviously, the relevant issue for plaintiffs' pending motion is how quickly Israeli authorities typically approve Hague requests of prisoners – which is the point in time at which the depositions can actually be taken – and not how quickly or slowly litigants in other cases elected to take those depositions once they were approved.

    The fact is, as shown in plaintiffs' motion papers and in their Notice regarding the depositions recently set in *Klieman*, that it takes Israel only a couple months, and sometimes less, to approve depositions of prisoners, after which the depositions can be held immediately.

Plaintiffs' counsel were well aware of that fact from experience in other cases when they moved in March 2012 (after obtaining some paper discovery and conducting their own investigation) with *nine months left* in the discovery period, to take the Hague depositions.

No amount of spin by defendants can change the empirical fact that plaintiffs moved for the depositions with plenty of time remaining to both take the depositions and do necessary follow-up discovery from defendants, and that but-for defendants' baseless opposition – which stems solely from their desire to block testimony which will establish their liability – those depositions would have been completed long ago.

Plaintiffs, by their Attorney,

/s/ Robert J. Tolchin
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

David I. Schoen
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
(334) 395-6611
DSchoen593@aol.com