```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------------X
                                              :
 4   SOKOLOW, et al,                          : 04-CV-397 (GBD)
                                              :
 5                       Plaintiffs,          : November 20, 2011
                                              :
 6              v.                            : 500 Pearl Street
                                              : New York, New York
 7   PALESTINE LIBERATION ORGANIZATION, et al,:
                                              :
 8                       Defendants.          :
     ----------------------------------------X
 9

10           TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
              BEFORE THE HONORABLE RONALD L. ELLIS
11                UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:        DAVID I. SCHOEN, ESQ.
                                David I. Schoen, Attorney at Law
14                              2800 Zelda Road, Suite 100-6
                                Montgomery, Alabama  36106
15
                                AARON NATHANIEL SOLOMON, ESQ.
16                              The Berkman Law Office, LLC
                                111 Livingston Street
17                              Brooklyn, New York  11201

18   For the Defendant:         BRIAN A. HILL, ESQ.
                                MARK JOHN ROCHON, ESQ.
19                              Miller & Chevalier, Chtd.
                                655 15th Street NW, #900
20                              Washington, D.C.  20005

21

22   Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
                                TypeWrite Word Processing Service
23                              211 N. Milton Road
                                Saratoga Springs, NY 12866
24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                    2

1            THE CLERK:  In the matter of Mark Sokolow, et al., v.
2    the Palestine Liberation Organization, et al.
3            All counsel, please identify yourself for the record.
4    Please stand when addressing the Court.
5            MR. SCHOEN:  David Schoen, Your Honor, with Alan
6    Bauer for the plaintiffs.
7            MR. SOLOMON:  Aaron Solomon, Brooklyn, New York for
8    the plaintiffs.
9            THE COURT:  Good afternoon.
10           MR. HILL:  Good afternoon, Your Honor.  Brian Hill
11   for defendants.
12           MR. ROCHON:  And Mark Rochon for the defendants.
13   Good afternoon, Your Honor.
14           THE COURT:  Good afternoon.  I note, first of all,
15   that I was handed this from the plaintiffs.  I want to say as
16   an initial matter, it's bad form to give the judge something
17   like this as he's coming into a conference regardless of the
18   subject matter, but we will talk about that in due course.  I
19   assume the defendants got a copy today also.
20           MR. HILL:  We received a copy by ECF last night
21   around 8:00 o'clock.
22           THE COURT:  And you've totally digested it, no doubt.
23           MR. HILL:  Your Honor, we're prepared to address it
24   today.  I think it's properly denied on any number of grounds.
25   And to cut to the chase, we'd ask you to deny it today or at

```
                                                                    3
 1  least put the plaintiffs on notice that they're not going to
 2  get an automatic grant by doing what they did, which is filing
 3  something on the eve of the hearing that didn't comply with the
 4  Local Rule, that didn't comply with Judge Daniels' direction to
 5  have a pre-hearing conference with Your Honor, and it did not
 6  even follow meet and confer with us about either the substance
 7  of the motion or the things that are complained about in the
 8  motion.  Sort of a transparent effort to grant themselves an
 9  extension by giving you something they hope you won't be able
10  to rule on quickly enough and, therefore, will find some -- an
11  automatic extension.  We can talk about this in as much detail
12  as Your Honor wants.
13              THE COURT:  All right.  Well, we'll get to that.
14              First, with respect to the things that were pending
15  this morning before I came in or at least before Sandy struck,
16  there's a question of the defendants' request for sanctions
17  based upon the plaintiffs' response to interrogatory seeking to
18  identify witnesses with knowledge about arrest, release from
19  detention by the PA of five individuals.  I don't think it's
20  necessary to impose sanctions, although my review indicates
21  that the responses have the same general broad brush that I had
22  found issue with before and that is that it just -- it was not
23  basically designed to identify individuals who could be called
24  as witnesses because they had firsthand knowledge.
25              And therefore, since it appeared there was not an
```

```
                                                                    4
 1   attempt to divide people into categories of people who would
 2   be -- who would have that firsthand knowledge to the extent
 3   that the individuals who have been identified by the plaintiffs
 4   who have been identified so broadly, I'm -- I considered those
 5   identifications a nullity and I -- what I will order is that to
 6   the extent that there are individuals that are listed, they are
 7   precluded from being witnesses since the idea is to identify
 8   people who could be deposed.  It did not do that for me and so
 9   if -- it's just not going to happen.
10           With respect to the defendants' motion to preclude
11   the plaintiffs from deposing Interzar Al-Wahzier [Ph.], that
12   motion by the defendants is granted.  I don't see anything that
13   indicates that the particular witness is a high enough
14   individual such that their deposition would be necessarily
15   ordered and frankly the letter of reference to Palestinian
16   martyrs doesn't really give me any traction that it's likely to
17   lead to any relevant evidence.
18           With respect to the defendants' motion to compel the
19   production of any documents concerning Janice Coulter's
20   reported involvement with a vehicular homicide when she was a
21   youth, that motion is denied.  And similar to my ruling with
22   respect to the other witness who there may have been something
23   in their past, again, I don't see any indication that this is
24   likely to lead to relevant evidence concerning the particular
25   presentation by the plaintiffs as a basis for the damages for
```