

MILLER
CHEVALIER

BRIAN A. HILL
Member
(202) 626-6014
bhill@milchev.com

October 1, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

   On behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), I am writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A concerning whether Plaintiffs should be sanctioned pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) to for failing to comply with the Court's order, issued at the June 28, 2012 status conference, requiring Plaintiffs to respond within 30 days to Defendants' interrogatories concerning the identity of certain witnesses.[1]

   On March 9, 2012, Defendants served Interrogatories and Requests for Production of documents to the Bauer, Gould and Waldman, and Blutstein, Carter, Coulter and Gritz Plaintiffs. These discovery requests sought the identity of witnesses with knowledge about the arrests and/or releases from detention by the PA of five individuals whom Plaintiffs assert are responsible for three of the attacks in which Plaintiffs claim to have been injured. Those individuals are Abdel Karim Aweis, Mohammed Hashaika, Nasser Shawish, Nasser Aweis, and Abdullah Barghouti. The requests also sought documents concerning such witnesses.

   On April 16, 2012, Plaintiffs served their objections, in which they declined to provide a substantive response to any of Defendants' interrogatories or document requests. On April 30, 2012, Defendants requested an informal conference with the Court concerning those objections.

---

[1] This letter supersedes and replaces our prior letter on this subject dated September 26, 2012, which Defendants hereby respectfully withdraw because it unintentionally contained a factual error regarding whether certain documents pertaining to Colin Powell, Omri Sharon and Shimon Peres had been produced by Plaintiffs. This error was called to our attention by counsel for Plaintiffs on September 28, 2012. We apologize for the error in the prior letter and any inconvenience it has caused.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com  1276905.1



Immediately prior to the next Status Conference on June 28, 2012, Plaintiffs agreed to withdraw their objections, to serve supplemental interrogatory answers, and to produce documents pursuant to Defendants' March 9, 2012 requests. *See* Tr. of June 28, 2012 Conference at 2. At the conference, Defendants requested that the Court set a deadline for Plaintiffs' responses. *Id.* Plaintiffs requested 30 more days, and, over Defendants' objection, the Court ordered Plaintiffs to serve their responses within that time. *Id.* at 5, 7. Before doing so, the Court specifically inquired of Plaintiffs' counsel Robert Tolchin whether he was "going to identify anybody that's likely to cause [Defendants] to need to do further discovery." *Id.* at 5. Mr. Tolchin answered "I doubt it," and explained that "any individuals . . . identified are likely to be [Defendants'] own staff and employees." *Id.* at 4-5.

Defendants subsequently received the attached Objections and Supplemental Answers to (1) Interrogatory Nos. 12-14 to the Bauer Plaintiffs, (2) Interrogatory No. 12 to the Gould and Waldman Plaintiffs, (3) Interrogatory No. 13 to the Blutstein, Carter, Coulter and Gritz Plaintiffs; and Plaintiffs' Objections and Responses to (4) Document Request Nos. 29-32 to the Bauer Plaintiffs, (5) Document Request Nos. 30-31 to the Gould and Waldman Plaintiffs, and (6) Document Request Nos. 31-32 to the Coulter, Carter, Blutstein and Gritz Plaintiffs.[2]

However, in addition to identifying a few of Defendants' "staff and employees" by name, the Bauer, Gould and Waldman Plaintiffs also stated the following:

> [B]ased on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this category: (1) the Palestinian Authority; (2) the Palestine Liberation Organization; (3) The State of Israel; (4) The United States.

Ex. 1 at 4, Ex. 2 at 4.

The Coulter, Carter, Blutstein, and Gritz Plaintiffs similarly stated that an "unknown number of [the] officers or employees" of, not only the PA, the PLO, "Israel," and "the United States," but also "CBS," had knowledge regarding the arrest, detention, request for arrest or detention, or the custodial interrogation of Abdullah Barghouti, who is alleged to have played a role in the July 31, 2002 bombing at Hebrew University. Ex. 3 at 5. The Coulter, Carter, Blutstein, and Gritz Plaintiffs also referenced an email Plaintiffs' counsel sent to Defendants' counsel on March 7, 2012, which purported to list 15 "past and current members of the PA's Preventive Security Service," and noted that "[w]hile Plaintiffs cannot know whether these individuals are in fact responsive to this interrogatory, the possibility exists that they are." *Id.* While those answers alone could reasonably cause Defendants, in the Court's words, "to do further discovery," the Coulter, Carter, Blutstein, and Gritz Plaintiffs also proceeded to identify 34 other persons who they claim have knowledge of the arrest of Abdullah Barghouti. *Id.* at 3-4.

---

[2] Copies of all six of the discovery responses at issue are attached as Exhibits 1-6 hereto.



Plaintiffs' "answers," like their earlier responses for which we sought sanctions at the March 20, 2012 hearing (the request for which remains *sub justice*), constitute a substantive failure to respond in good faith to Defendants' interrogatories. As the Court has repeatedly explained to Plaintiffs, their "obligation under discovery is to point the defendant in the direction of the people [they] believe have knowledge, and…[that] doesn't mean that you get to throw everybody else into the stew." *See* Tr. of Jan. 19, 2012 Conference at 23. *See also* DE 198 at 2 (finding that Plaintiffs had failed to make "a good faith attempt to provide names to defendants" and that Plaintiffs responses "are sanctionable").

Furthermore, Plaintiffs' answers make no attempt to satisfy the requirements of Local Rule 26.3, which requires parties, when identifying a natural person, to provide, to the extent known, "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

Because Plaintiffs have effectively provided Defendants with non-answers, sanctions are warranted. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders."). Here, appropriate sanctions would include barring Plaintiffs from introducing evidence from any witnesses regarding the topics about which the Defendants' interrogatories sought discovery, or, at the very least, barring Plaintiffs from introducing evidence from any witnesses who have not been sufficiently identified by name or address for Defendants to locate and take discovery from them. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (providing that sanctions may include an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.").

We are willing to address any questions the Court may have regarding the foregoing at the Status Hearing set for October 4, 2012, or at another time convenient for the Court.

Sincerely,

Brian A. Hill

cc:    Robert J. Tolchin, Esq.
       David I. Schoen, Esq.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

        Plaintiffs,

        v.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

        Defendants.

Civ. No. 04-397 (GBD) (RLE)

## OBJECTIONS AND SUPPLEMENTAL ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO THE BAUER PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Bauer Plaintiffs ("Plaintiffs") hereby submit their Objections and Supplemental Answers to "Defendants' Second Set of Interrogatories to the Bauer Plaintiffs" ("Interrogatories"), and state as follows:

## PRELIMINARY STATEMENT

1.    The exact wording of any objections made or answers provided by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.    Any answer by Plaintiffs to the Interrogatories shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such information. Further, Plaintiffs make the objections and give the answers herein without

in any way implying that they considers the requests and answers or supplemental answers to the requests to be relevant or material to this case.

3.    A response to an Interrogatory stating objections and/or providing an answer shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Interrogatory or definitions and/or instructions applicable to the Interrogatory, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Interrogatory or definitions and/or instructions applicable to the Interrogatory.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Interrogatories to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' answers will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

### INTERROGATORY NO. 12:

Identify all persons who you know have knowledge or who you believe may have knowledge regarding any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Abdel Karim Aweis by the PA at any time between September 1, 2000 and March 21, 2002.

### OBJECTION TO INTERROGATORY NO. 12:

This interrogatory seeks information already known to Defendants, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit information for the purpose of enabling Defendants to avoid their discovery obligations and to

2

conceal information with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this interrogatory as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, in that it seeks the identity of "all persons who [Plaintiffs] … believe may have knowledge" (emphasis added) of the matters specified, which formulation the Court has previously found improper.

## ANSWER TO INTERROGATORY NO. 12:

Plaintiffs stand on their objections at this time.

Plaintiffs will consider modifying or withdrawing their objections (i) depending on the substance of Defendants' responses to Plaintiffs' related discovery requests and (ii) if Defendants eliminate or modify the "believe may have knowledge" language.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:

Based on the information currently known to plaintiffs, the following living natural persons are responsive to this interrogatory:

1)   Abdel Karim Aweis;

2)   Anthony Zinni;

3)   Joel Greenberg (of the New York Times).

Additionally, based on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this interrogatory:

1) The Palestinian Authority;

2) The Palestine Liberation Organization;

3) The State of Israel;

4) The United States.

Plaintiffs' efforts to gather information for this action are on-going, and plaintiffs reserve the right to supplement their response to this interrogatory pursuant to the Federal Rules.

**INTERROGATORY NO. 13:**

Identify all persons who you know have knowledge or who you believe may have knowledge regarding any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Mohammed Hashaika by the PA at any time between September 1, 2000 and March 21, 2002.

**OBJECTION TO INTERROGATORY NO. 13:**

This interrogatory seeks information already known to Defendants, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit information for the purpose of enabling Defendants to avoid their discovery obligations and to conceal information with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence).

Accordingly, Plaintiffs object to this interrogatory as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, in that it seeks the identity of "all persons who [Plaintiffs] ... <u>believe may</u> have knowledge" (emphasis added) of the matters specified, which formulation the Court has previously found improper.

## ANSWER TO INTERROGATORY NO. 13:

Plaintiffs stand on their objections at this time.

Plaintiffs will consider modifying or withdrawing their objections (i) depending on the substance of Defendants' responses to Plaintiffs' related discovery requests and (ii) if Defendants eliminate or modify the "believe may have knowledge" language.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:

Based on the information currently known to plaintiffs, the following living natural persons are responsive to this interrogatory:

1) Nasser Shawish;
2) Abdel Karim Aweis;
3) Saeb Erikat;
4) Maher Rashed Abdel-Jalil Jaber Dweikat;
5) Anthony Zinni;
6) Michael Kutlik (Israeli prosecutor);
7) Rostislav Pesak (Israeli prosecutor);
8) Judge Netanel Benishu;
9) Judge Yitzhak Ozdin;
10) Judge Ben Tzion Shefer;
11) Kahira Saadi;
12) Sana'a Shehadeh.

Additionally, based on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this interrogatory:

1) The Palestinian Authority;

2) The Palestine Liberation Organization;

3) The State of Israel;

4) The United States.

Plaintiffs' efforts to gather information for this action are on-going, and plaintiffs reserve the right to supplement their response to this interrogatory pursuant to the Federal Rules.

**INTERROGATORY NO. 14:**

Identify all persons who you know have knowledge or who you believe may have knowledge regarding any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Nasser Shawish by the PA at any time between September 1, 2000 and March 21, 2002.

**OBJECTION TO INTERROGATORY NO. 14:**

This interrogatory seeks information already known to Defendants, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit information for the purpose of enabling Defendants to avoid their discovery obligations and to conceal information with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence).

Accordingly, Plaintiffs object to this interrogatory as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, in that it seeks the identity of "all persons who [Plaintiffs] ... believe may have knowledge" (emphasis added) of the matters specified, which formulation the Court has previously found improper.

## ANSWER TO INTERROGATORY NO. 14:

Plaintiffs stand on their objections at this time.

Plaintiffs will consider modifying or withdrawing their objections (i) depending on the substance of Defendants' responses to Plaintiffs' related discovery requests and (ii) if Defendants eliminate or modify the "believe may have knowledge" language.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:

Based on the information currently known to plaintiffs, the following living natural persons are responsive to this interrogatory:

1) Nasser Shawish;
2) Abdel Karim Aweis;
3) Saeb Erikat;
4) Maher Rashed Abdel-Jalil Jaber Dweikat;
5) Anthony Zinni;
6) Michael Kutlik (Israeli prosecutor);
7) Rostislav Pesak (Israeli prosecutor);
8) Judge Netanel Benishu;
9) Judge Yitzhak Ozdin;
10) Judge Ben Tzion Shefer;
11) Kahira Saadi;
12) Sana'a Shehadeh.

Additionally, based on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this interrogatory:

1) The Palestinian Authority;

2) The Palestine Liberation Organization;

3) The State of Israel;

4) The United States.

Plaintiffs' efforts to gather information for this action are on-going, and plaintiffs reserve the right to supplement their response to this interrogatory pursuant to the Federal Rules.

July 31, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

## CERTIFICATION

I hereby certify that on July 31, 2012 a true copy of the within was sent via first class mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

          Plaintiffs,

    v.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

          Defendants.

Civ. No. 04-397 (GBD) (RLE)

## OBJECTIONS AND SUPPLEMENTAL ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO THE GOULD PLAINTIFFS AND THE WALDMAN PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Gould Plaintiffs and the Waldman Plaintiffs ("Plaintiffs") hereby submit their Objections and Supplemental Answers to "Defendants' Second Set of Interrogatories to the Gould Plaintiffs and the Waldman Plaintiffs" ("Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1.      The exact wording of any objections made or answers provided by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.      Any answer by Plaintiffs to the Interrogatories shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such information. Further, Plaintiffs make the objections and give the answers herein without

in any way implying that they considers the requests and answers or supplemental answers to the requests to be relevant or material to this case.

3.    A response to an Interrogatory stating objections and/or providing an answer shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Interrogatory or definitions and/or instructions applicable to the Interrogatory, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Interrogatory or definitions and/or instructions applicable to the Interrogatory.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Interrogatories to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' answers will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

### INTERROGATORY NO. 12:

Identify all persons who you know have knowledge or who you believe may have knowledge regarding any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Nasser Aweis by the PA at any time between September 1, 2000 and January 22, 2002.

### OBJECTION TO INTERROGATORY NO. 12:

This interrogatory seeks information already known to Defendants, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit information for the purpose of enabling Defendants to avoid their discovery obligations and to

2

conceal information with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this interrogatory as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, in that it seeks the identity of "all persons who [Plaintiffs] … believe may have knowledge" (emphasis added) of the matters specified, which formulation the Court has previously found improper.

## ANSWER TO INTERROGATORY NO. 12:

Plaintiffs stand on their objections at this time.

Plaintiffs will consider modifying or withdrawing their objections (i) depending on the substance of Defendants' responses to Plaintiffs' related discovery requests and (ii) if Defendants eliminate or modify the "believe may have knowledge" language.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:

Based on the information currently known to plaintiffs, the following living natural persons are responsive to this interrogatory:

1)   Nasser Aweis;
2)   Anthony Zinni.

Additionally, based on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this interrogatory:

3

1) The Palestinian Authority;

2) The Palestine Liberation Organization;

3) The State of Israel;

4) The United States.

Plaintiffs' efforts to gather information for this action are on-going, and plaintiffs reserve the right to supplement their response to this interrogatory pursuant to the Federal Rules.

July 31, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

## CERTIFICATION

I hereby certify that on July 31, 2012 a true copy of the within was sent via first class mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

4

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,          )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )          Civ. No. 04-397 (GBD) (RLE)
                                    )
THE PALESTINE LIBERATION            )
ORGANIZATION, *et al.*,             )
                                    )
            Defendants.             )
                                    )

**OBJECTIONS AND SUPPLEMENTAL ANSWERS TO
DEFENDANTS' SECOND SET OF INTERROGATORIES TO
THE BLUTSTEIN, CARTER, COULTER AND GRITZ PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Coulter Plaintiffs, the Carter Plaintiffs, the Blutstein Plaintiffs and the Gritz Plaintiffs ("Plaintiffs") hereby submit their Objections and Supplemental Answers to "Defendants' Second Set of Interrogatories to the Blutstein, Carter, Coulter and Gritz Plaintiffs" ("Interrogatories"), and state as follows:

**PRELIMINARY STATEMENT**

1.      The exact wording of any objections made or answers provided by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.      Any answer by Plaintiffs to the Interrogatories shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such information. Further, Plaintiffs make the objections and give the answers herein without

in any way implying that they considers the requests and answers or supplemental answers to the requests to be relevant or material to this case.

3.    A response to an Interrogatory stating objections and/or providing an answer shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Interrogatory or definitions and/or instructions applicable to the Interrogatory, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Interrogatory or definitions and/or instructions applicable to the Interrogatory.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Interrogatories to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' answers will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

### INTERROGATORY NO. 13:

Identify all persons who you know have knowledge or who you believe may have knowledge regarding any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Abdullah Barghouti by the PA at any time between September 1, 2000 and March 5, 2002.

### OBJECTION TO INTERROGATORY NO. 13:

This interrogatory seeks information already known to Defendants, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit information for the purpose of enabling Defendants to avoid their discovery obligations and to

conceal information with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this interrogatory as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this interrogatory as overbroad and unduly burdensome, in that it seeks the identity of "all persons who [Plaintiffs] ... believe may have knowledge" (emphasis added) of the matters specified, which formulation the Court has previously found improper.

## ANSWER TO INTERROGATORY NO. 13:

Plaintiffs stand on their objections at this time.

Plaintiffs will consider modifying or withdrawing their objections (i) depending on the substance of Defendants' responses to Plaintiffs' related discovery requests and (ii) if Defendants eliminate or modify the "believe may have knowledge" language.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:

Based on the information currently known to plaintiffs, the following living natural persons are responsive to this interrogatory:

1)  Abdullah Barghouti;

2)  Abu Ali Tarifi;

3)  Mohammed Mustafa Mohammed Jibrini;

4)  Zakaria Ali Hussein Musleh;

5)  Jibreel Elias Abed Al-Bakri;

6)  Bilal Barghouti;

7)  Jibril Rajoub;

3

8)  Marwan Barghouti;

9)  Ahmed Barghouti;

10) Hassan Yousef;

11) Mosab Hassan Yousef;

12) Colin Powell;

13) George Tenet;

14) Anthony Zinni;

15) Gideon Saar;

16) Omri Sharon;

17) Shimon Peres;

18) Ra'anan Gissin;

19) Yitzhak Yaakoboff (Israeli policeman);

20) Michael Kutlik (Israeli prosecutor);

21) Judge Netanel Benishu;

22) Judge Chanan Rubenstein;

23) Judge Sharon Keinan;

24) Judge Eli Bar-On;

25) Ayalah Theodori (defense attorney);

26) Tewfik Basul (defense attorney);

27) Bob Simon (of CBS);

28) Joshua Brilliant (of UPI);

29) Derk Kinnane Roelofsma (of UPI);

30) Richard Sale (of UPI);

31) Laurie Copans (of AP);

32) Inigo Gilmore (of the Sunday Telegraph);

33) Jason Keyser (of AP);

34) Saud Abu Ramadan (of UPI).

On March 7, 2012, plaintiffs' counsel sent defendants' counsel by email a list of past and current members of the PA's Preventive Security Service. While plaintiffs cannot know whether these individuals are in fact responsive to this interrogatory, the possibility exists that they are.

Additionally, based on the information currently known to plaintiffs, the following non-natural persons, and an unknown number of their officers or employees whose identities are currently unknown to plaintiffs, are responsive to this interrogatory:

1)  The Palestinian Authority;

2)  The Palestine Liberation Organization;

3)  The State of Israel;

4)  The United States;

5)  CBS.

Plaintiffs' efforts to gather information for this action are on-going, and plaintiffs reserve the right to supplement their response to this interrogatory pursuant to the Federal Rules.

July 31, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

5

## CERTIFICATION

I hereby certify that on July 31, 2012 a true copy of the within was sent via first class

mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*, )<br><br>Defendants. ) | Civ. No. 04-397 (GBD) (RLE) |

### OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO THE BAUER PLAINTIFFS
#### (Requests Nos. 29-32)

The Bauer Plaintiffs ("Plaintiffs"), by and through counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serve their Objections and Supplemental Responses to "Defendants' Third Request for Production of Documents and Things to the Bauer Plaintiffs" ("Request" or "Requests") and state as follows:

### PRELIMINARY STATEMENT

1.    The exact wording of any objections or responses by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.    Any objections or responses by Plaintiffs to the Requests shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each objection or response is without prejudice to, or waiver of, any objection Plaintiffs may make to

any future use of such information. Further, Plaintiffs make the objections and give the responses herein without in any way implying that they consider the Requests and the responses to the Requests to be relevant or material to this case.

3.　　Because Defendants' Requests do not provide sufficient identifying information, Plaintiffs make no representation that the objections or responses provided necessarily include the information intended by the Defendants.

4.　　A response to a Request stating objections and/or providing a response shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Request or definitions and/or instructions applicable to the Request, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Request or definitions and/or instructions applicable to the Request.

<u>**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**</u>

Plaintiffs object to the instructions and definitions contained in the Requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' objections and responses will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

<u>**REQUEST FOR DOCUMENTS AND THINGS**</u>

29.　　*All documents related to any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Abdel Karim Aweis by the PA at any time between September 1, 2000 and March 21, 2002.*

2

**Objections**

This Request seeks documents already in Defendants' possession, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit documents for the purpose of enabling Defendants to avoid their discovery obligations and to conceal documents with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this Request as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Without derogating from their objections above, Plaintiffs state that they have produced documents responsive to this Request, and that they will produce additional non-privileged documents, if and as such documents come into their possession, custody or control, as appropriate. Plaintiffs will consider modifying or withdrawing their objections depending on the substance of Defendants' responses to Plaintiffs' related discovery requests.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to

3

this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

30.     *All documents related to any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Mohammed Hashaika by the PA at any time between September 1, 2000 and March 21, 2002.*

### Objections

This Request seeks documents already in Defendants' possession, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit documents for the purpose of enabling Defendants to avoid their discovery obligations and to conceal documents with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this Request as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

### Response

Without derogating from their objections above, Plaintiffs state that they have produced documents responsive to this Request, and that they will produce additional non-privileged documents, if and as such documents come into their possession, custody or control, as

4

appropriate. Plaintiffs will consider modifying or withdrawing their objections depending on the substance of Defendants' responses to Plaintiffs' related discovery requests.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

31.    *All documents related to any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Nasser Shawish by the PA at any time between September 1, 2000 and March 21, 2002.*

**Objections**

This Request seeks documents already in Defendants' possession, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit documents for the purpose of enabling Defendants to avoid their discovery obligations and to conceal documents with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this Request as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Without derogating from their objections above, Plaintiffs state that they have produced documents responsive to this Request, and that they will produce additional non-privileged documents, if and as such documents come into their possession, custody or control, as appropriate. Plaintiffs will consider modifying or withdrawing their objections depending on the substance of Defendants' responses to Plaintiffs' related discovery requests.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

32.  *All documents related to any person identified by Plaintiffs in response to Defendants' Second Set of Interrogatories to the Bauer Plaintiffs.*

**Objections**

Plaintiffs have objected to the interrogatories referenced in this Request, and they object to the instant Request for the same reasons.

Plaintiffs also object to this Request as overbroad and as including irrelevant documents, in that it seeks "All" documents "related" to the specified persons.

Plaintiffs also object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Plaintiffs stand on their objections at this time.

6

If in the future Plaintiffs agree or are required to identify persons in response to the interrogatories referenced in this Request, and if Defendants modify this Request to eliminate the demand for "all" documents, Plaintiffs will produce non-privileged responsive documents.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

July 31, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

**CERTIFICATION**

I hereby certify that on July 31, 2012, a true copy of the within was sent via first class mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

7

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,        )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )        Civ. No. 04-397 (GBD) (RLE)
                                  )
THE PALESTINE LIBERATION          )
ORGANIZATION, *et al.*,           )
                                  )
                Defendants.       )
                                  )
                                  )

## OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANTS'
## THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS
## <u>TO THE GOULD PLAINTIFFS AND THE WALDMAN PLAINTIFFS</u>
### (Requests Nos. 30-31)

The Gould and Waldman Plaintiffs ("Plaintiffs"), by and through counsel, and pursuant

to Federal Rules of Civil Procedure 26 and 34, hereby serve their Objections and Supplemental

Responses to "Defendants' Third Request for Production of Documents and Things to the Gould

Plaintiffs and the Waldman Plaintiffs" ("Request" or "Requests") and state as follows:

## <u>PRELIMINARY STATEMENT</u>

1.      The exact wording of any objections or responses by the Plaintiffs may be that of

Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.      Any objections or responses by Plaintiffs to the Requests shall not be deemed a

waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with

respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency,

or admissibility of the information referenced or contained in the document(s) produced. Each

objection or response is without prejudice to, or waiver of, any objection Plaintiffs may make to

any future use of such information. Further, Plaintiffs make the objections and give the responses herein without in any way implying that they consider the Requests and the responses to the Requests to be relevant or material to this case.

3.    A response to a Request stating objections and/or providing a response shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Request or definitions and/or instructions applicable to the Request, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Request or definitions and/or instructions applicable to the Request.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' objections and responses will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS

30.    *All documents related to any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Nasser Aweis by the PA at any time between September 1, 2000 and January 22, 2002.*

**Objections**

This Request seeks documents already in Defendants' possession, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit documents for the purpose of enabling Defendants to avoid their discovery obligations and to conceal documents with impunity, consistent with Defendants' position in related cases. *See*

2

transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this Request as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

### Response

Without derogating from their objections above, Plaintiffs state that they have produced documents responsive to this Request, and that they will produce additional non-privileged documents, if and as such documents come into their possession, custody or control, as appropriate. Plaintiffs will consider modifying or withdrawing their objections depending on the substance of Defendants' responses to Plaintiffs' related discovery requests.

### Supplemental Response

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such come into their possession, custody or control.

31. *All documents related to any person identified by Plaintiffs in response to Defendants' Second Set of Interrogatories to the Gould Plaintiffs and the Waldman Plaintiffs.*

**Objections**

Plaintiffs have objected to the interrogatories referenced in this Request, and they object to the instant Request for the same reasons.

Plaintiffs also object to this Request as overbroad and as including irrelevant documents, in that it seeks "All" documents "related" to the specified persons.

Plaintiffs also object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Plaintiffs stand on their objections at this time.

If in the future Plaintiffs agree or are required to identify persons in response to the interrogatories referenced in this Request, and if Defendants modify this Request to eliminate the demand for "all" documents, Plaintiffs will produce non-privileged responsive documents.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

July 31, 2012

<div style="margin-left:40%">

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

</div>

<div style="text-align:center">4</div>

## CERTIFICATION

I hereby certify that on July 31, 2012 a true copy of the within was sent via first class

mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, )<br><br>        Plaintiffs, )<br><br>     v. )<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*, )<br><br>        Defendants. ) | Civ. No. 04-397 (GBD) (RLE) |

**OBJECTIONS AND SUPPLEMENTAL RESPONSES TO**
**DEFENDANTS' FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**AND THINGS TO THE COULTER PLAINTIFFS, THE CARTER PLAINTIFFS,**
**THE BLUTSTEIN PLAINTIFFS AND THE GRITZ PLAINTIFFS**
(Requests Nos. 31-32)

The Coulter Plaintiffs, the Carter Plaintiffs, the Blutstein Plaintiffs and the Gritz Plaintiffs

("Plaintiffs"), by counsel, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby

serve their Objections and Supplemental Responses to "Defendants' Fourth Request for the

Production of Documents and Things to the Coulter Plaintiffs, the Carter Plaintiffs, the Blutstein

Plaintiffs and the Gritz Plaintiffs" ("Request" or "Requests"), and state as follows:

**PRELIMINARY STATEMENT**

1.     The exact wording of any objections or responses by the Plaintiffs may be that of

Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.     Any objections or responses by Plaintiffs to the Requests shall not be deemed a

waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with

respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency,

or admissibility of the information referenced or contained in the document(s) produced. Each

objection or response is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such information. Further, Plaintiffs make the objections and give the responses herein without in any way implying that they consider the Requests and the responses to the Requests to be relevant or material to this case.

3.    A response to a Request stating objections and/or providing a response shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Request or definitions and/or instructions applicable to the Request, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Request or definitions and/or instructions applicable to the Request.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' objections and responses will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS

31.    *All documents related to any arrests, detentions, requests for arrest or detention, custodial interrogations, or releases from custody of Abdullah Barghouti by the PA at any time between September 1, 2000 and March 5, 2003.*

### Objections

This Request seeks documents already in Defendants' possession, and tracks discovery requests served by Plaintiffs on the Defendants, and thus appears to be designed solely to elicit documents for the purpose of enabling Defendants to avoid their discovery obligations and to

conceal documents with impunity, consistent with Defendants' position in related cases. *See* transcript of discovery conference before U.S. Magistrate Judge Theodore H. Katz on May 30, 2008, in *Knox v. PLO*, Civ. No. 03-4466 (S.D.N.Y.) at 13-16 (PLO and PA demand that plaintiffs disclose information they already have before defendants are required to respond to plaintiffs' discovery requests, in order spare defendants from being caught concealing evidence). Accordingly, Plaintiffs object to this Request as being beyond the scope and the purpose of discovery permitted by Rule 26.

Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

### Response

Without derogating from their objections above, Plaintiffs state that they have produced documents responsive to this Request, and that they will produce additional non-privileged documents, if and as such documents come into their possession, custody or control, as appropriate. Plaintiffs will consider modifying or withdrawing their objections depending on the substance of Defendants' responses to Plaintiffs' related discovery requests.

### Supplemental Response

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

3

32.    *All documents related to any person identified by Plaintiffs in response to Defendants' Second Set of Interrogatories to the Blutstein, Carter, Coulter and Gritz Plaintiffs.*

**Objections**

Plaintiffs have objected to the interrogatories referenced in this Request, and they object to the instant Request for the same reasons.

Plaintiffs also object to this Request as overbroad and as including irrelevant documents, in that it seeks "All" documents "related" to the specified persons.

Plaintiffs also object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Plaintiffs stand on their objections at this time.

If in the future Plaintiffs agree or are required to identify persons in response to the interrogatories referenced in this Request, and if Defendants modify this Request to eliminate the demand for "all" documents, Plaintiffs will produce non-privileged responsive documents.

**Supplemental Response**

Plaintiffs state that they have produced documents responsive to this Request, that they have not withheld any documents in their possession, custody or control that are responsive to this request, and that they will continue to produce additional non-privileged responsive documents, if and as such documents come into their possession, custody or control.

July 31, 2012

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

## CERTIFICATION

I hereby certify that on July 31, 2012 a true copy of the within was sent via first class

mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

Robert J. Tolchin

5