

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

October 1, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

On behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), I am writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A concerning whether the Court should enter a protective order precluding the deposition of Intesar Al-Wazeer. *See* Ex. 1. Ms. Al-Wazeer, who is over 70 years old, is currently the Head of the Institute for the Care of Martyrs' Families and the Injured ("the Institute"), which is part of the Department of Social Affairs of the PLO, Ex. 2 ¶ 4. Ms. Al-Wazeer currently holds no position in the PA. *Id.*

Plaintiffs initially sought Ms. Al-Wazeer's deposition in order to ask her about a document Plaintiffs produced to Defendants last month which appears to be a letter on the Institute's letterhead dated June 23, 2008 regarding the dissertation of a PhD student named Bassan Banat ("the Letter"). *Id.* at Ex. A. Although the signature block of the letter contains Ms. Al-Wazeer's name in English, *id.*, the signature is not actually hers, *id.* ¶ 7. Rather, the signature appears to be that of a former subordinate of Ms. Al-Wazeer's, who is now retired and lives in Gaza. *Id.* ¶ 8 and Ex. B. After defense counsel advised Plaintiffs that the signature on the letter was not Ms. Al-Wazeer's, Plaintiffs' counsel indicated that they still wanted to depose Ms. Al-Wazeer about the list of persons described in the Letter, and, more generally, about the operations of the Institute.

For at least five reasons, the Court should preclude Plaintiffs from deposing Ms. Al-Wazeer. First, there is no reason to believe that Ms. Al-Wazeer can provide testimony that would be admissible or likely to lead to admissible evidence about the Letter or the list to which it refers. Fed. R. Civ. P. 26(b)(1). Ms. Al-Wazeer has no personal knowledge of the Letter and no relevant knowledge of the facts of this case. Ex. 2 ¶¶ 9, 13. Moreover, the list referenced in the letter is itself irrelevant to the claims and defenses in this case because it pertains only to Palestinians who resided in Gaza, *id.* ¶ 12, and none of the alleged deceased perpetrators in this case are from Gaza.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com

1284179.1



    <u>Second</u>, the plain language of Rule 30 does not require Defendants to produce any specifically named officer, director or managing agent in response to a deposition notice served by Plaintiffs. Rather, Defendants can only be required to produce an officer, director or managing agent in response to a notice issued under Rule 30(b)(6). This issue was thoroughly analyzed in *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997), which correctly held that "[n]othing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition." Although Rule 30(b)(1) "allows a party to notice for deposition on oral examination 'any person,'" "[n]othing in Rule 30(b)(1) refers to a corporation or a director[,] managing agent, or officer." *Id.* Thus, Rule 30(b)(1) "does not expressly obligate a corporation to produce a corporate director, officer or managing agent in the litigation forum for deposition." *Id.* at 501. Magistrate Judge Facciola recently rejected a similar deposition request in a case pending against the Defendants in Washington, DC. There the Plaintiffs sought to compel the PA to produce Jabril Rajoub based on a Rule 30(b)(1) notice averring that he was the PA's "managing agent." The court rejected that request holding that "plaintiffs could 1) serve a notice to take the deposition of Rajoub and then use international law, as best it could, to compel his attendance, or 2) serve a notice to take a Rule 30(b)(6) deposition of the defendants, specifying . . . the topic of the deposition." *Klieman v. Palestinian Auth.*, 2012 U.S. Dist. LEXIS 78287, at *14 (June 6, 2012). "In the latter case, defendants would have to designate an officer, director, or managing agent to speak to that topic. But, what plaintiffs cannot do, for the Rules do not permit it, is insist that Rajoub be the person the defendants designate." *Id.* Accordingly, whether or not Ms. Al-Wazeer "can be deemed a *de facto* managing agent is irrelevant." *Id. See also id.* at *14-15 ("I appreciate that it is the customary and laudable practice of the lawyers who practice in this Court to have their corporate and organizational clients direct their officers and employees to appear for their individual depositions under Rule 30(a)(1)" but that "does not change the fundamental distinction between compelling an individual's appearance at that individual's deposition by notice of deposition under Rule 30(a)(1) and a subpoena issued under Rule 45. Plaintiffs' insistence that this Court compel Rajoub to attend a deposition demands that the Court exercise a power it does not have--to compel a particular person to be the defendants' Rule 30(b)(6) designee--and must therefore be rejected.").[1]

    <u>Third</u>, even if the PA and the PLO would otherwise have to produce a specifically named officer, director or managing agent in response to Plaintiffs' notice, Ms. Al-Wazeer is not such a person. Plaintiffs contend that Ms. Al-Wazeer is an "officer, director, or managing agent" of the PLO based on her position at the Institute. "The identification of corporate officers and directors is a simple fact question," *Triple Crown Am., Inc. v. Biosynth AG*, Civil Action No. 96-7476, 1998

---

[1] A few district courts within the Southern District of New York have held that a specific officer, director or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition. *See, e.g., JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Serv., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). However, these cases do not analyze whether Rule 30 expressly obligates an entity party to produce an officer, director or managing agent named by an opponent for deposition. Moreover, these cases cite as authority, without any analysis, cases which were thoroughly analyzed and distinguished in *Stone.* Compare *JSC Foreign*, 220 F.R.D. at 237, *with Stone*, 170 F.R.D. at 502-503.



Hon. Ronald L. Ellis
October 1, 2012
Page 3

U.S. Dist. LEXIS 6117, at *6 (E.D. Pa. Apr. 30, 1998), and an "'officer' is best understood to mean a corporate officer such as a CEO or CFO -- a person vested with much authority whose deposition testimony can reasonably be treated as representing the interests of the party that employs him or her," *Glasgow v. Michigan City Police Department*, No. 3:03-CV-676, 2005 U.S. Dist. LEXIS 6025 at *5-6 (N.D. Ind. Apr. 8, 2005). Ms. Al-Wazeer's middle management position in the PLO does not rise to the level required by the cases. She heads an Institute that is within the PLO's Department of Social Affairs. She simply does not have the authority, responsibilities or knowledge akin to that of a CEO of the entire PLO in her capacity as the head of the Institute.

Fourth, even if the PLO would otherwise have to produce Ms. Al-Wazeer in response to a notice, she should be excused from appearing because of her advanced age and her lack of personal knowledge of the facts relevant to this case or unique knowledge of any facts related to the operation of the Institute. *See, e.g., Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-cv-5316, 2006 U.S. Dist. LEXIS 87096, at *39 (S.D.N.Y. Nov. 29, 2006) ("[T]he courts have agreed that if a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an order vacating the deposition notice if it can demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts."). If Plaintiffs truly desire to obtain deposition testimony from the Defendants regarding the operations of the Institute, the proper way to do so would be to notice a deposition of the PLO on appropriately defined topics pursuant to Rule 30(b)(6), to which Defendants could then produce an appropriately prepared and knowledgeable person to testify on the PLO's behalf as to any properly noticed topics.

Fifth, counsel for the Defendants have informed Plaintiffs' counsel that they are not available for deposition in Jerusalem on the date noticed. Should the Court not issue a protective order as to the deposition in its entirety, then the Court should issue a protective order as to the particular date sought.

Under the circumstances, entering a protective order precluding the deposition of Ms. Al-Wazeer is appropriate, and Defendants respectfully request that the Court do so.

We are willing to address any questions or concerns the Court may have regarding the foregoing at the Status Hearing set for October 4, 2012, or at another time convenient for the Court.

Sincerely,

Brian A. Hill

Enclosures

cc:     Robert J. Tolchin, Esq.
        David I. Schoen, Esq.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                  Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

## PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF INTISAR AL-WAZIR

**PLEASE TAKE NOTICE** that, pursuant to Fed.R.Civ.P. 30, counsel for the Plaintiffs will take the deposition of Intisar al-Wazir in her capacity as an officer, director and managing agent of Defendants Palestinian Authority and Palestine Liberation Organization ("PLO").

The deposition will take place on October 3, 2012, at 10:00 a.m., at the American Colony Hotel in Jerusalem.

The deposition shall be taken before a court reporter or any other officer authorized to take depositions. This deposition is being taken for the purpose of discovery and for such other purposes as are permitted under the Federal Rules of Civil Procedure and the rules of this Court.

The deposition will be recorded by stenographic and audiovisual means.

                         Plaintiffs, by their Attorney,

                         _____
                         Robert J. Tolchin
                         111 Livingston Street, Suite 1928
                         Brooklyn, New York 11201
                         (718) 855-3627
                         Fax: (718) 504-4943
                         rjt.berkman@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2012, a true copy of the foregoing was sent

by first class mail and electronic mail to defendants' counsel of record listed below:


Brian A. Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

_____
Robert J. Tolchin

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 04cv397 (GBD) (RLE) |
| | ) |
| THE PALESTINE LIBERATION | ) |
| ORGANIZATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF INTESAR AL-WAZEER

Pursuant to 28 U.S.C. § 1746, I, Intesar Al-Wazeer, declare under penalty of perjury under the laws of the United States of America, as follows:

1.    I currently reside in Ramallah, Occupied Palestinian Territory (West Bank).

2.    I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3.    I can read and speak Arabic. I can read and speak some English, but am not fluent in English. I have read a translation of this declaration in Arabic and understand it.

4.    I am currently the Head of the Institute for the Care of Martyrs' Families and the Injured, which is a unit within the Department of Social Affairs of the Palestine Liberation Organization. I do not currently hold any position in the Palestinian Authority.

5.    I understand that the Plaintiffs in this lawsuit have requested that I be required to testify in this case.

6.    I understand that the reason the Plaintiffs have requested my testimony is that they are in possession of a document which appears to be a letter dated June 23, 2008 which was

1206684.1

apparently reprinted in Appendix H to the dissertation of a PhD student named Bassan Banat. A copy of the letter is attached as Exhibit A.

7.      The letter shows my name in the signature block. However, the signature that appears on the signature block of the letter is not my signature.

8.      The signature on the letter appears to me to be that of Fathi Shaheen. Mr. Shaheen is a former employee of the Institute, who was employed in Gaza. He is currently retired and resides in Gaza. A copy of another document containing Mr. Shaheen's signature over his name is attached as Exhibit B.

9.      I had never seen the letter attached as Exhibit A until it was brought to my attention in September 2012.

10.     The second sentence of the letter attached as Exhibit A states that: "Mr. Banat has been given a list of all of the Palestinian Martyrs and the way they implemented the martyrdom operations." I understand that the Plaintiffs have requested that the Defendants produce the "list" referenced in that sentence of the letter.

11.     A search has been performed of the Institute's files and a copy of a list which appears to be the one referred to in the second sentence of the letter has been located.

12.     I have reviewed the list from the Institute's files. It pertains only to Palestinians who resided in Gaza.

13.     I do not believe I have any relevant knowledge of the facts of this case.

14.     For these reasons, I respectfully request that the Court excuse me from having to testify in this matter.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

1206684.1

Executed on this 3o day of ___9___, 2012, in Occupied Palestinian Territory.

_____

Intesar Al-Wazeer

30/9/2012

1206684 1

# EXHIBIT A

**Appendix H. Cooperation Letter with the Foundation Care/Families of Martyrs & Wounded in Palestine**

Palestine Liberation Organization
PALESTINIAN NATIONAL AUTHORITY
M's F. &I.C.E



بسم الله الرحمن الرحيم

منظمة التحرير الفلسطينية
السلطة الوطنية الفلسطينية
وزارة رعاية أسر الشهداء والجرحى

Date : ........................ *

التاريخ : .........................
الرقم : .........................

Dear Professor Margarita Latiesa
Dean of Political and Sociology Faculty
Granada University

This is to certify that there is a full cooperation between the Foundation Care/Families of Martyrs & Wounded and the Palestinian student Bassam Banat in the PhD programmed "An'alisis de la Sociedad Contempor'anea" in Social Sciences, at the Faculty of Politics and Sociology, University of Granada. Mr. Banat has been given a list of all of the Palestinian Martyrs and the way they implemented the martyrdom operations. We highly appreciated such a very important study in the Palestinian struggle and issue. We are ready for any help to facilitate Mr. Banat mission in his study, which will have a good return for the Palestinian Society and the social research.

June 23, 2008

With respect,

Intesar Al-Wazeer
President of Foundation Care/Families of Martyrs & Wounded
Palestine

Tel 2824727    Fax 2822109

تلفون : 2824727   فاكس 2822109

385

# EXHIBIT B



بسم الله الرحمن الرحيم

Palestine Liberation Organization

M's F. &I.C.E

ظمة التحرير الفلسطينية

مؤسسة رعاية أسر الشهداء والجرحى

التاريخ: / ١١ / ٢٠٠٦

الرقم:

السادة /

تحية طيبة وبعد ،،،

لذا يرجى سيادتكم المتابعة واتخاذ الاجراءات اللازمة ...

اسم المفوض/: فتحي حسن شاهين

توقيع المفوض :

Tel 972-7-2824727