

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

October 26, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

  On behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), I am writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A concerning whether the Court should enter a protective order precluding the deposition of the PA and PLO on certain topics regarding the factual basis for Defendants' affirmative defense of lack of capacity, and instead ordering that such discovery be obtained through contention interrogatories.

  On October 10, Plaintiffs' counsel emailed defense counsel indicating that Plaintiffs intended to notice "Rule 30(b)(6) depositions of the defendants on multiple topics." Ex. 1 at 10. Defense counsel responded that same day by requesting that Plaintiffs serve the Rule 30(b)(6) notices so they could "begin the process of ascertaining which witnesses will be needed, what preparation by the witnesses will be necessary, and the availability of counsel and the witnesses for the particular dates" proposed. *Id.* at 9. In subsequent emails Plaintiffs identified some, but not all, of the proposed Rule 30(b)(6) topics for the depositions of the two Defendants. *Id.* at 2-3, 7. As of the date of this letter, and despite our repeated efforts, Plaintiffs still have not provided a complete list of proposed topics, let alone served Rule 30(b)(6) notices for those topics. *Id.* at 1. Nor have they provided any specific dates for those depositions in the remaining discovery period.

  Two of the topics informally identified by Plaintiffs seek identification of the facts relating to Defendants' Fourth Affirmative Defense regarding lack of capacity. *See* DE 92 at 2. This defense was the subject of Defendants' Motion for Partial Judgment on the Pleadings (DE 186) which was filed in January and was denied without prejudice by Judge Daniels following a hearing in August (DE 251). In that motion both Defendants argued, *inter alia*, that the non-federal claims in this action had to be dismissed because the PA and PLO were "unincorporated associations" that lacked the capacity to be sued under the governing New York state law. *See* DE 187 at 4-12.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com

1284709.1


MILLER CHEVALIER

Plaintiffs have now indicated that they intend to notice depositions of the PA and PLO regarding "[a]ll facts relating to the PA's lack of capacity defense in this action," "all facts relating to the PA's claim that it is an 'unincorporated association,'" "[a]ll facts relating to the PLO's lack of capacity defense in this action, and all facts relating to the PLO's claim that it is an 'unincorporated association.'" Ex. 1 at 7. While some discovery on these topics is concededly relevant, the very clear case law discussed below requires that it not be had through the Rule 30(b)(6) mechanism Plaintiffs have proposed, but instead be had through the more appropriate, efficient and less burdensome mechanism of contention interrogatories propounded under Rule 33. Preparing a witness to testify on what are essentially counsel's views of which facts support the defense of lack of capacity for each Defendant is unduly burdensome, wasteful and inappropriate.

Federal Rule of Civil Procedure 26(c)(1)(C) provides that "[t]he court may, for good cause, issue an order . . . prescribing a discovery method other than the one selected by the party seeking discovery." Here, because what Plaintiffs seek to discover are the facts which defense counsel contend support the defense of lack of capacity, such discovery should not be allowed through a Rule 30(b)(6) deposition, but should instead be conducted through contention interrogatories. Defendants are not obligated to provide, and Plaintiffs are not entitled to discover, information in their Rule 30(b)(6) depositions which is protected by the attorney-client privilege, the work product doctrine or other applicable privileges. *See Alexander v. FBI*, 186 F.R.D. 137, 140 (D.D.C. 1998) ("the limits of [Rule 30(b)(6)] testimony is 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.'") (quoting Fed. R. Civ. P. 26(b)(1)).

For that reason, Courts, including this one, have repeatedly held that it is improper to pose questions concerning an entity party's contentions to the party's Rule 30(b)(6) designee. *See, e.g., EEOC v. American Int'l Group*, 1994 U.S. Dist. LEXIS 9815, at *6-7 (S.D.N.Y. July 18, 1994) (Ellis, M.J.) (denying motion to compel Rule 30(b)(6) deposition in part because "[t]he inquiries into the Complaint, proposed by the defendants, should more appropriately be pursued through 'contention interrogatories' under Rule 33(b)"); *SEC v. Morelli*, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (barring Rule 30(b)(6) deposition and holding that "contention interrogatories" represented a more "appropriate method for [defendant] to inquire into the [plaintiff]'s contentions"); *United States v. District Council*, 1992 U.S. Dist. LEXIS 12307, at *48-49 (S.D.N.Y. Aug. 14, 1992) ("for [the Rule 30(b)(6) designee] to provide the information defendants seek would in effect require the [plaintiff] to marshal all of its factual proof and then provide it to [the Rule 30(b)(6) designee] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information."). *See also Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 260 (M.D.N.C. 2010) (granting protective order prohibiting Rule 30(b)(6) deposition "regarding the basis for all of Defendants' defenses" because "discovery devices such as interrogatories constitute preferred vehicles for 'contention' inquiries of the sort at issue here"); *Wilson v. Lakner*, 228 F.R.D. 524, 529 n.8 (D. Md. 2005) ("Whereas the facts of a relevant incident or incidents are proper



Hon. Ronald L. Ellis
October 26, 2012
Page 3

for 30(b)(6) inquiry, the contentions, *i.e.* theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly order . . . that contentions only be inquired into in this fashion."); *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 8990 at *7 (E.D. Pa. Mar. 23, 2004) ("in certain circumstances, a party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories"); *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 U.S. Dist. LEXIS 667, at *26-27 (N.D. Ill. Jan. 21, 2000) (because the Federal Rules of Civil Procedure "preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden" "the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim"); *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 602 (Ct. Cl. 1999) (denying motion to compel Rule 30(b)(6) deposition of corporate plaintiff because "[i]nterrogatories almost always cost less money than a deposition" and "[p]roperly worded contention interrogatories should provide the information that the Defendant needs"); *In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) ("Although we have no quarrel with [plaintiff]'s contention that it has a right to discover the facts upon which [defendant] will rely for its defense and counterclaims, [plaintiff]'s attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. . . . Even under the present-day liberal discovery rules, [defendant] is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim."); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (barring Rule 30(b)(6) deposition and allowing contention interrogatories for discovering "the bases for the contentions made and for the positions taken"), *rev'd in irrelevant part*, 765 F. Supp. 611 (N.D. Cal. 1991).

The Court should reach a similar result here and enter a protective order prohibiting the Plaintiffs from taking Rule 30(b)(6) depositions of the Defendants on "[a]ll facts relating to" each Defendant's "lack of capacity defense in this action" or "all facts relating to" each Defendant's "claim that it is an "unincorporated association," and directing that such discovery be had instead through the less oppressive, burdensome and expensive method of contention interrogatories. We are willing to address any questions the Court may have regarding the foregoing at the Status Hearing set for November 1, 2012, or at another time convenient for the Court.

Sincerely,

*/s/ Brian A. Hill*

Brian A. Hill

cc:  Robert J. Tolchin, Esq.
     David I. Schoen, Esq.

# Exhibit 1

## Hill, Brian

| | |
|---|---|
| **From:** | Hill, Brian |
| **Sent:** | Thursday, October 18, 2012 8:20 AM |
| **To:** | Robert J. Tolchin |
| **Cc:** | 'dschoen593'; Schoenlawfirm@gmail.com; 'M Haller'; rachelmayweiser@gmail.com; Hibey, Richard; Rochon, Mark |
| **Subject:** | RE: Sokolow Depositions |

Bob,

I write in response to your email below.

I am not willing to engage in rhetorical debate with you. I have made known to you our views on the importance of the requirement imposed by Rule 30(b)(6) and Judge Ellis of prompt and complete disclosure of all of the 30(b)(6) topics you intend to notice for our clients.

Your prior emails in this chain have not stated that they contain the complete list of the 30(b)(6) topics you intend to notice. That is why I asked if your prior email completed the list of 30(b)(6) topics. You didn't answer my question, but your response suggests that you intend to seek testimony from our clients on still unlisted topics.

I advised you a week ago that unless we received the 30(b)(6) topics promptly, we would likely not be able to produce deponents in November. I can think of no legitimate reason for you to not have given us all the topics a week ago. Perhaps you think that by failing to do so you will be able to require us to produce witnesses on short notice and then argue that the witnesses are unprepared. I doubt Judge Ellis will allow that.

The bottom line is that unless you give us all the 30(b)(6) topics immediately, or tell us that you have done so, we are not going to be in a position to produce deponents next month.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

---

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 17, 2012 1:59 PM
**To:** Hill, Brian
**Cc:** 'dschoen593'; Schoenlawfirm@gmail.com; 'M Haller'; rachelmayweiser@gmail.com; Hibey, Richard; Rochon, Mark
**Subject:** RE: Sokolow Depositions

Brian –

1

What, if anything in my email, would leave you to believe that the "topics contained in paragraph 2 of your email of October 17, 2012 at 12:43 PM, along with those contained in paragraph 3(b) of your email of October 11, 2012 at 11:11 AM, represent the complete list of 30(b)(6) topics?"?

- Bob

**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Wednesday, October 17, 2012 1:40 PM
**To:** Robert Tolchin
**Cc:** dschoen593; Schoenlawfirm@gmail.com; M Haller; rachelmayweiser@gmail.com; Hibey, Richard; Rochon, Mark
**Subject:** RE: Sokolow Depositions

Bob,

1.	I've already told you our bad dates during the first three weeks of November.  They have not changed.  Who are the "various third-party foundational witnesses" referenced in paragraph 1 of your email of October 17, 2012 at 12:43 PM?

2.	Are you representing that topics contained in paragraph 2 of your email of October 17, 2012 at 12:43 PM, along with those contained in paragraph 3(b) of your email of October 11, 2012 at 11:11 AM, represent the complete list of 30(b)(6) topics?

Regards,


Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801


**From:** Robert Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 17, 2012 12:43 PM
**To:** Hill, Brian
**Cc:** dschoen593; Schoenlawfirm@gmail.com; M Haller; rachelmayweiser@gmail.com; Hibey, Richard; Rochon, Mark
**Subject:** Re: Sokolow Depositions

Brian -

1) I expect that the depositions we will be noticing will take up most of the first three weeks of November, so you are very strongly advised to leave them open. Please note that in addition to the depositions of the defendants, we will probably depose various third-party foundational witnesses during that period.

2) In addition to the topics and witnesses of which I have previously advised you (but for which you have refused to provide proposed dates) we will be noticing the deposition of the PA (a) concerning the document attached as Exhibit A to the Sokolow plaintiffs' first interrogatory (copy attached), including without limitation the origin, authorship, substance and purpose of that document (both the original letter and the various handwritten notations), and the information and sources of information on which the authors of the letter

2

and the notations relied and (b) concerning the attached PA TV broadcast lionizing Fatah terrorist murderess Wafa Idris, including without limitation the dates and times on which it was broadcast by the PA.

- Bob

On Wed, Oct 17, 2012 at 12:13 PM, Hill, Brian <BHill@milchev.com> wrote:

> Bob,
>
> It has now been a week since your initial email below, but you continue to fail to provide us with your 30(b)(6) notices, or otherwise apprise us of all of the "the matters for examination" for those depositions.
>
> We are not in a position to hold the first three weeks of next month open, especially when that month begins in two weeks, while you delay getting back to us.
>
> We have other clients and other cases, and we cannot just tell our other clients and other courts that we are unavailable due to unscheduled, but possible, depositions during the first three weeks of November.
>
> Regards,
>
> Brian A. Hill
> Miller & Chevalier Chartered
> 655 Fifteenth Street, N.W. Suite 900
> Washington, DC  20005-5701
> Business: (202) 626-6014
> Facsimile: (202) 626-5801
>
> ---
>
> **From:** Hill, Brian
> **Sent:** Monday, October 15, 2012 6:13 PM
> **To:** Robert J. Tolchin
> **Cc:** 'dschoen593'; 'M Haller'; rachelmayweiser@gmail.com; Hibey, Richard; Rochon, Mark
> **Subject:** RE: Sokolow Depositions
>
> Bob,
>
> I write in response to your email below.

3

1.     I am not saying that our "ability to prepare the [Rule 30(b)(6)] witnesses is impaired if [we] receive the topics by email, rather than by formal notices." What I am saying is that we are entitled to know all the topics about which you wish to examine our clients pursuant to Rule 30(b)(6) in order for us to make a determination about which witness(es) will testify. This is apparent from the Rule itself, and Judge Ellis made this very point during our April 11, 2012 teleconference with him. Therefore, until we know all the topics on which you seek Rule 30(b)(6) testimony, we won't be able to decide which witness(es) to designate, how long will be needed to prepare the witness(es), or the date(s) on which the witness(es) will be available. I therefore again ask you to "describe with reasonable particularity" all "the matters for examination" on which you seek testimony as required by Rule 30(b)(6) so we can begin the process of identifying our witness(es), preparing them, and notifying you of date(s) on which we and they can appear for deposition in this case. It does not matter to me if that information is conveyed by email or a formal notice, so long as the list of topics is complete. Your continued delay in providing this information may well prevent us from presenting witnesses during the month of November.

2.     I've asked you on many prior occasions to refrain from directing *ad hominem* attacks at myself, my colleagues or my clients. I again ask that you please don't call me a liar. It adds nothing to the process but acrimony. I have told you that Mr. Rochon and I will be involved in defending these depositions and given you our bad dates during the period you requested. Those statements were and remain true.

3.     I don't know Rachel May Weiser and don't believe she has appeared in this case. Please let me know which firm she is affiliated with and who she represents. I will, of course, copy Ms. Weiser on future emails as a courtesy to counsel of record if you or David request that I do so. I note that I have regularly copied Mr. Haller on prior emails in response to your request that I do so even though Mr. Haller has, at times, sent emails from Mr. Tolchin's email account rather than his own. I will continue to copy Mr. Haller, and begin copying Ms. Weisman if counsel of record so requests, but I also request and expect that if anyone wishes to communicate with me in the future that they do so using their own email address and signing their own name so it will be transparent to me with whom I am communicating.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

4

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Friday, October 12, 2012 4:22 AM
**To:** Hill, Brian; rachelmayweiser@gmail.com
**Cc:** 'dschoen593'; 'M Haller'
**Subject:** RE: Sokolow Depositions

Brian –

1) You have made nothing "clear." You have claimed, falsely and absurdly, that your ability to prepare the witnesses is impaired if you receive the topics by email, rather than by formal notices. We will serve notices in due time, but it would wasteful to send you a notice and then amend it over and over every time we add more topics and witnesses. The record will show that we provided you with the topics and witnesses even well before we sent formal notices. If you choose to sit on your hands that will be your clients' problem.

2) For the record, we do not believe any representations about the purported unavailability of you or your clients. Moreover, defendants have multiple attorneys on this case.

3) For the second or third time, you have intentionally removed plaintiffs' attorney, Rachel May Weiser, from your response to our emails. Unless and until you undertake to refrain from such unprofessional conduct, we will no longer provide the courtesy of copying your colleagues on our emails to you.

-Bob Tolchin

**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Thursday, October 11, 2012 4:47 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; dschoen593; M Haller
**Subject:** RE: Sokolow Depositions

Bob,

I write in response to your email below.

1.  I have made it clear that unless you give us the notices required by Rule 30 in the very near future we may not be in a position to produce witnesses on any of the dates in November you have indicated. That remains the case.

5

2.     Rule 30 does not allow submission of 30(b)(6) topics "on a rolling basis." It only allows a party to issue a deposition notice for an entity "describ[ing] with reasonable particularity the matters for examination." At your request, I have already told you that November 1, 6-8, 14-15 and 21 are bad dates for defense counsel. We will not be keeping those "dates open."

3(a).  You previously issued deposition notices for Mr. Abed Rabbo and Mr. Erekat, and we previously sought protective orders from those notices. You subsequently withdrew those notices. If you think something has changed since your withdrawal of those notices, please let us know, but at this point we will not be providing dates for Mr. Abed Rabbo or Mr. Erekat for the reasons stated in our prior letters and Rule 26(b)(2)(C)(ii).

3(b)/4/5.  We will not be "propos[ing] dates for the Rule 30(b)(6) topics" listed in your paragraph 3(b) unless you tell us that those are all the topics you will be listing in your Rule 30(b)(6) notice(s). Rule 30(b)(6) allows you to "describe with reasonable particularity the matters for examination," and it allows us to designate a witness or witnesses to testify. Which witness or witnesses we select will be determined by our evaluation of all the topics in your notice(s). We will therefore not be in a position to tell you which witnesses will be designated or the dates on which they are available until we have received all your topics.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Thursday, October 11, 2012 11:11 AM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'; rachelmayweiser@gmail.com
**Subject:** RE: Sokolow Depositions

Brian –

1) The purpose of alerting you to our intentions was to allow you to reserve the dates during that period. It was not an invitation to you to pester us twice daily about the identity of the witnesses and the topics.

2) We will send you the witnesses and topics as we decide on them, on a rolling basis. In the meanwhile, you should keep all dates open during the period I mentioned.

6

3) At this moment I can tell you that:

    a. We will be deposing Yasser Abed Rabbo and Saeb Erikat. Please provide all dates on which they are available between November 1-21.

    b. We will be taking Rule 30(b)(6) depositions on the following topics, *inter alia*:

        i. In respect to any documents or information responsive to any discovery request served by plaintiffs in this action that the PA contends have been lost, destroyed, or removed from the PA's possession, custody, or control since the date of the filing of this action – the full identifying details of any and all such documents or information, and the full details of when and how such documents or information were lost, destroyed, or removed from the possession, custody, or control of the PA.

        ii. In respect to any documents or information responsive to any discovery request served by plaintiffs in this action that the PLO contends have been lost, destroyed, or removed from the PLO's possession, custody, or control since the date of the filing of this action – the full identifying details of any and all such documents or information, and the full details of when and how such documents or information were lost, destroyed, or removed from the possession, custody, or control of the PLO.

        iii. All facts relating to the PA's lack of capacity defense in this action, and all facts relating to the PA's claim that it is an "unincorporated association."

        iv. All facts relating to the PLO's lack of capacity defense in this action, and all facts relating to the PLO's claim that it is an "unincorporated association."

4) Please propose dates for the Rule 30(b)(6) topics listed above.

5) If you decline to provide dates, as requested above, we will notice the depositions for the dates we chose.

- Bob

**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Wednesday, October 10, 2012 5:06 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; dschoen593; M Haller
**Subject:** RE: Sokolow Depositions

Bob,

The dates that are currently bad for defense counsel are November 1, 6-8, 14-15 and 21.

I again ask you to send us today, or as soon as possible, the deposition notices referred to in your email below, including the topics required by Rule 30(b)(6), so that we can begin the process of ascertaining which witnesses will be needed, what preparation by the witnesses will be necessary, and the availability of counsel and the witnesses for the particular dates you propose.

If we don't get the notices very soon, we may not be in a position to produce witnesses on the dates you have proposed.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 10, 2012 3:21 PM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'; rachelmayweiser@gmail.com
**Subject:** RE: Sokolow Depositions

Brian –

8

Its ridiculous for me to serve deposition notices for dates on which you may be unavailable, as you are proposing. Please provide those dates immediately. Failure to promptly send us this information may prevent us from accommodating you.

- Bob

---

**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Wednesday, October 10, 2012 2:53 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; dschoen593; M Haller
**Subject:** RE: Sokolow Depositions

Bob,

I write in response to your email below.

Mark Rochon and I will be both involved in defending these depositions, and we are both presently available to attend depositions in the Middle East on some dates between November 3 and 20, but not all dates.

Please send us today, or as soon as possible, the deposition notices referred to in your email below, including the topics required by Rule 30(b)(6), so that we can begin the process of ascertaining which witnesses will be needed, what preparation by the witnesses will be necessary, and the availability of counsel and the witnesses for the particular dates you propose.

Failure to promptly send us this information may prevent us from accommodating your proposed dates.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900

Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 10, 2012 1:20 AM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** Sokolow Depositions


Counselors –


Please be advised that the *Sokolow* plaintiffs intend to notice multiple depositions of the defendants, including Rule 30(b)(6) depositions of the defendants on multiple topics, between November 1-21, 2012, in Jerusalem. We expect to begin serving you with deposition notices on a rolling basis shortly, but we wanted to alert you now so that you can arrange your schedules appropriately.


- Bob Tolchin