# David I. Schoen
Attorney at Law

Admitted in: Alabama, Maryland, New York, District of Columbia

2800 Zelda Road
Suite 100-6
Montgomery, AL 36106

Telephone
334.395.6611

Facsimile
917.591.7586

Email
david@schoenlawfirm.com

October 30, 2012

Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007     Re: *Sokolow et. al. v. PLO et. al.*, 04 Civ. 397 (GBD)(RLE)
Via Federal Express Overnight: Airbill No. 876893093415

Dear Judge Ellis:

  I write on behalf of Plaintiffs, pursuant to Loc.Civ.R. 37.2 and ¶ 2 of Your Honor's Individual Practices, to (1) respond to Defendants' October 26, 2012, attached letter, which seeks a protective order regarding depositions on the topic of Defendants' lack of capacity defense, and (2) request a related pre-motion conference to overrule defendants' objections, and compel Defendants to produce all documents responsive to Plaintiffs' Seventh Request for Production of Documents ("RPDs") numbers 41-44 (seeking documents concerning Defendants' lack of capacity defense). (Exh. "A" at 5).[1]

  This correspondence includes both a pre-motion conference request and a reply. While it could have been sent as two separate letters, the issues so dovetail that I thought it would be more efficient to address them together in one letter. Plaintiffs respectfully ask *instanter,* therefore, for leave to expand this letter beyond the three-page limit.

  At the outset, Plaintiffs must point out the irony of Defendants' submission - seeking to block depositions on its status as an unincorporated association and lack of capacity, arguing that other discovery devices are more appropriate. This argument is made while at the same time Defendants have wholly refused to respond to the other discovery devices Plaintiffs already have outstanding to them on this exact subject. Defendants refused to respond to Plaintiffs' RPDs and rebuffed all of Plaintiffs' efforts to cajole responses, *before* Defendant wrote this letter or contemplated this motion - and failed to disclose that to the court – as should have been done, right at the beginning of Defendants' letter. In other words, Defendants write to block depositions, arguing other discovery methods should be used, while refusing to respond to other discovery methods that *were* used and failing to share that with the Court. And, all of this was done notwithstanding Judge Daniels' express directive (discussed more fully below) ordering discovery on these issues.

---

[1] A conference is scheduled in this matter on November 1st. The pre-motion conference requested herein could be held on that date if the Court so wishes.

Honorable Ronald L. Ellis
October 30, 2012
Page 2

Despite Plaintiffs' best efforts in good-faith, and numerous emails requesting responses, the parties have been unable to resolve their differences. For the reasons set forth below, (1) Defendants should be compelled to respond to Plaintiffs' RPDs[2], and, (2) the issue of depositions regarding defendants' lack of capacity defense, *which have yet to be noticed*, should be held in abeyance until after Defendants' production, at which time Plaintiffs will reassess whether such depositions are even necessary.

### **Relevant Background and Argument**:

On January 4, 2012, defendants PA and PLO moved to dismiss the Plaintiffs' non-federal, supplemental causes of action on the grounds that (a) they "raise novel and complex questions of law", making it too difficult for this Court to hear plaintiffs' non-federal claims, and (b) the PA and PLO lack the capacity to be sued under New York law (which, under Fed.R.Civ.P. 17, governs Defendants' capacity to be sued under Plaintiffs' non-federal claims) because they are unincorporated associations and therefore cannot be held liable in tort unless Plaintiffs show that the tort was ratified by all "members" of the PA and PLO. (DE 187).

Plaintiffs opposed that motion and requested that it be denied, or, alternatively, that Plaintiffs' be permitted to take discovery on the factual predicates of defendants' lack of capacity defense. (DE 196).

On August 9, 2012, Judge Daniels heard argument on Defendants' motion and found (1) precisely contrary to defendants' argument, judicial efficiency mandated that Plaintiffs' non-federal causes of actions be heard as part of the instant action, as it is not a compelling argument "to get one big falling object and turn it into a number of big falling objects", (8/9/12 Tr. 79); and (2) that discovery must go forward on the issue of lack of capacity, as it is an affirmative defense, which the defendant must prove. Judge Daniels ruled that Defendants "must specifically point to evidence on which they say indisputably demonstrates that affirmative defense to the exclusion of any other conclusion. At this state Defendants have not done that nor are they in a position because…there has been no discovery…If the defense wishes to…establish that affirmative defense then they have an obligation to exchange this information and…the specific evidence that they intend to rely upon, and then they have an obligation to meet their burden of proof to demonstrate…that they are in fact an unincorporated association," (8/9/12 Tr. at 78).

Accordingly, pursuant to Judge Daniels' directive that there must be discovery about this issue, the Plaintiffs included in their Seventh Request for Production of Documents, propounded upon Defendants on August 28, 2012, four requests for production (nos. 41-44) relating to defendants' unincorporated association/ lack of capacity claims. (Exh. "A")

---

[2] Defendants' responses to the other RPDs contained in that same set (23-40 and 45-46) are inadequate but because they deal with different topics plaintiffs will be sending a separate letter in respect thereto.

Honorable Ronald L. Ellis
October 30, 2012
Page 3

    Document requests 41 and 42 seek, respectively, "All documents concerning the capacity of the PA/PLO to sue or be sued." (Exh. "A" at 5). The purpose of these requests is, obviously, to enable Plaintiffs to obtain the full documentary basis, if any, for Defendants' lack of capacity/unincorporated association claims, so that Plaintiffs are not surprised and ambushed down the road on these issues. If there are any documents supporting Defendants' assertion that they are "unincorporated associations," or showing that they have "members" whose ratification would be necessary to hold them liable in tort under New York law, the Plaintiffs are entitled to those documents and the Court has effectively already ordered their exchange.

    In reply to document requests 41 and 42 Defendants served a series of bald and boiler-plate (and improper) objections, along with an absurdly vague response (1) stating that Defendants are refusing to produce any responsive documents that are "generally available and accessible ... through public sources" and (2) referring plaintiffs to documents referenced in defendants initial Rule 26(a)(1)(A) disclosures, which had been designated as trial exhibits in the related matter of *Saperstein v. Palestinian Authority*. (Exh. "B" at pp. 29-31).

    Plaintiffs are not aware of any publicly-available documents, or of any documents from the *Saperstein* case (or, for that matter, any documents at all) that support Defendants' lack of capacity claims, and Plaintiffs' counsel therefore asked Defendants' counsel to specifically identify the publicly-available documents and the documents from the *Saperstein* case that Defendants believe support their claims.

    Unfortunately, however, Defendants' counsel has refused to identify the allegedly publicly available documents, which they believe are responsive to plaintiffs' requests. Moreover, Plaintiffs do not concede that simply identifying the records would be sufficient. Defendants have a duty to produce said records. And regarding the *Saperstein* documents defendants' counsel have identified five specific documents which "may" be responsive to plaintiffs' requests. Plaintiffs' good-faith efforts at avoiding having to trouble the Court with this matter have not succeeded.

    Defendants' response to these requests is plainly inadequate. Plaintiffs are entitled to know exactly what documents Defendants will use in support of their lack of capacity defense. Judge Daniels explicitly directed that discovery be had on these issues. Moreover, Rule 26(a)(1)(A)(2) expressly requires Defendants to provide plaintiffs with all documents that they "may use to support [their] defenses." Defendants should have done so long ago as part of their disclosures; but they failed to do so. Plaintiffs do not and *cannot* have a clue which "publicly-available" documents Defendants imagine support their defense. "The fact that ... documents are publicly available is not a substantial justification for untimely production, nor does it make the failure to timely produce them harmless." *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 653 (N.D.Iowa 2009). See also *Regal Electronics, Inc. v. Pulse Engineering, Inc.*, 2005 U.S. Dist. LEXIS 29955 *9 (N.D.Cal., November 16, 2005) ("Rule

Honorable Ronald L. Ellis
October 30, 2012
Page 4

34...does not excuse Regal from providing documents in its possession or control, solely because the information is also publicly available."); *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 2011 U.S. Dist. LEXIS 105795 at *12 (S.D.N.Y., September 19, 2011).

Therefore, Defendants' objections to plaintiffs' requests nos. 41-42 should be overruled, Defendants should be ordered to produce all responsive documents, whether "publicly-available" or not, forthwith, and Defendants should be precluded from using any other documents to support their unincorporated association claims in the future, unless they can show that the documents were previously unknown to them.

Document requests 43 and 44 seek copies of documents filed by the PA and/or PLO in any legal proceeding initiated by them between January 8, 2001 (the date of the first terrorist attack at issue in this case), and today. (Exh. "A" at 5) Such documents are extremely relevant to Defendants' claim to be "unincorporated associations" for at least two reasons:

***First***, (as set forth more fully in Plaintiffs' opposition to Defendants' motion to dismiss plaintiffs' non-federal claims, DE 196), under New York law, the capacity to sue or be sued of a purported foreign governmental or quasi-governmental entity such as the PA, and of a purported foreign non-governmental entity such as the PLO, is determined under the law of their home jurisdictions. *See e.g. Town of Riverhead v. New York State Bd. of Real Property Services*, 5 N.Y.3d 36, 41-42 (2005) ("Being artificial creatures of statute, [governmental] entities have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate ... An express grant of authority is not always necessary. Rather, capacity may be inferred as a necessary implication from the powers and responsibilities of a governmental entity."); *Harman v. City of Ft. Lauderdale*, 234 N.Y.S. 196, 198 (N.Y.Supp. 1929) ("The Florida statute...specifically provides that said Port Authority 'shall constitute a body corporate and shall contract on behalf of said district and shall sue and be sued in that name.'"); *Van Horn v. Kittitas County, Wash.*, 59 N.Y.S. 883 (N.Y.Supp. 1899) ("The defendant is, by the statutes of the state of its domicile, a public corporation, capable of suing and of being sued. It rests with the state to determine what the powers and liabilities of a county shall."); *Textile Properties v. M.J. Whittall*, 157 Misc. 108, 282 N.Y.S. 17 (N.Y.Supp. 1934) (Capacity of a foreign entity to be sued is determined under foreign law, not New York law; thus, a Massachusetts trust, which in New York law is considered an unincorporated association, should not be treated as an unincorporated association, because Massachusetts law "provides that such an association may be sued and its property may be subject to attachment in like manner as if it were a corporation.").

Thus, documents showing that the PA and PLO initiate and maintain lawsuits in their home jurisdiction, i.e. in the courts of the Palestinian Authority itself, *as well as anywhere else in the world*, will collapse their claim to lack capacity to be sued under New York law. *Town of Riverhead*, 5 N.Y.3d at 41-42 ("An express grant of authority is not always necessary. Rather,

Honorable Ronald L. Ellis
October 30, 2012
Page 5

capacity may be inferred.").

**Second**, it is typical for the party that initiates a legal action, particularly organizational parties like the PA and PLO, to include a self-description and statement of capacity to sue in their filings and papers. Thus, papers filed by the PA and PLO in legal actions initiated by them (whether in the PA courts or other jurisdictions where they are known to have brought suit, such as Israel) are likely to include statements asserting a capacity to sue – particularly if the opposing parties *challenged* that capacity. Such statements would constitute party admissions refuting defendants' lack of capacity.

Defendants have asserted their usual laundry list of objections to these requests, and refused to produce any of the documents. *See* Exh. "B" at pp. 31-33. Their objections should be overruled, and they should be compelled to produce the documents requested.

## Defendants' Request for Protective Order Must be Denied

Defendants' request for a protective order regarding possible 30(b)(6) depositions on this subject, *which haven't been noticed yet*, is not yet ripe and should be held in abeyance, pending the outcome of the document production, at which time Plaintiffs will decide whether they still need deposition on this. However, Plaintiffs stress that: (a) Clearly there are factual issues that can and should be addressed in 30(b)(6) depositions relating to defendants lack of capacity affirmative defense, such as whether it has members and who its members are (as the court adeptly asked at the 8/9/12 hearing, Tr. at 10); and (b) Defendants' refusal to respond to RPDs and seeking protective orders on their own lack of capacity defense flies in the face of the Court's 8/9/12 oral directive that discovery is required on this issue and that defendants have the burden to prove that they are in fact an unincorporated association. If defendants refuse to produce information on the subject, they should be summarily precluded from averring this affirmative defense.

Respectfully,

David Schoen (DS 0860)
Counsel for Plaintiffs

cc: Brian Hill, Esq. (Via email)