EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEVENTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (No. 24-46) (TO THE SOKOLOW PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Seventh Request to Produce Documents and Things by All Plaintiffs (No. 24-46) and state as follows:

### PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to these Requests, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.      The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.      To the extent that the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO. Further, Defendants make the objections herein without in any way implying that they consider the Requests, any responses, or any productions in response to the Requests to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants. Nor shall a response to a Request stating objections

and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Requests or in the definitions or instructions applicable to the Requests, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Requests or in the definitions or instructions applicable to the Requests.

6. Publicly available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. Where Defendants do not specifically object to the Requests, and where the Requests seeks the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131). Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1284703.1

3. Defendants object to the Requests to the extent that they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

5. Defendants object to the Requests to the extent they seek information or documents from the Defendants' agents, officers, or employees, including to the extent that information or documents are unrelated to their employment or agency relationship with the Defendants.

6. Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Requests were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

7. Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

8. Defendants object to the Requests to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources

(including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

9. Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

10. By responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding the Requests. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

11. Defendants object to the Requests to the extent that they are not appropriately limited in time.

12. Defendants object to the Requests to the extent they seek the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

13. Defendants object to the Requests to the extent that they request Defendants to translate documents.

14. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific response does not waive any general objection to the Requests.

custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances; and (f) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any non-privileged documents or things within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 41:**

All documents concerning the capacity of the PA to sue or be sued.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words "concerning" and "capacity" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine; and (d) the Request seeks production of documents that are

irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that those documents generally available and accessible to Plaintiffs through public sources will not be produced. In addition, Defendants refer Plaintiffs to Defendants' Rule 26(a)(1)(A) Disclosures, served on July 25, 2011, which reference documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. The Palestinian Authority et al.*, 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.). To the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 42:**

All documents concerning the capacity of the PLO to sue or be sued.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the word "concerning" is vague and ambiguous and fails to describe the information or documents

1284703.1

sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine; and (d) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that those documents generally available and accessible to Plaintiffs through public sources will not be produced. In addition, Defendants refer Plaintiffs to Defendants' Rule 26(a)(1)(A) Disclosures, served on July 25, 2011, which reference documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. The Palestinian Authority et al.*, 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.). To the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**REQUEST NO. 43:**

All documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court between January 8, 2001, and today.

1284703.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 43.

**REQUEST NO. 44:**

All documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court between January 8, 2001, and today.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to this Request on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) the documents sought may be in the possession, custody or control of third parties or publicly available from sources other than Defendants and obtaining such documents from those other sources rather than Defendants may be more reasonable and appropriate under the circumstances.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections. Defendants are available at a mutually agreeable date and time to conduct a meet-and-confer concerning Defendants' Objections to Request No. 44.

**REQUEST NO. 45:**

In respect to any documents or information that the plaintiffs sought or seek to