```
 1                       UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------------X
                                                :
 4   SOKOLOW, et al,                            : 04-CV-397 (GBD)
                                                :
 5                     Plaintiffs,              : December 5, 2012
                                                :
 6              v.                              : 500 Pearl Street
                                                : New York, New York
 7   PALESTINE LIBERATION ORGANIZATION, et al,  :
                                                :
 8                     Defendants.              :
     ------------------------------------------X
 9

10         TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
                 BEFORE THE HONORABLE RONALD L. ELLIS
11                   UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:         DAVID I. SCHOEN, ESQ.
                                 David I. Schoen, Attorney at Law
14                               2800 Zelda Road, Suite 100-6
                                 Montgomery, Alabama   36106
15
                                 AARON NATHANIEL SOLOMON, ESQ.
16                               The Berkman Law Office, LLC
                                 111 Livingston Street
17                               Brooklyn, New York   11201

18
     For the Defendant:          BRIAN A. HILL, ESQ.
19                               Miller & Chevalier, Chtd.
                                 655 15th Street NW, #900
20                               Washington, D.C.   20005

21

22   Court Transcriber:          SHARI RIEMER
                                 TypeWrite Word Processing Service
23                               211 N. Milton Road
                                 Saratoga Springs, NY 12866
24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1            THE COURT: Good afternoon.  This is Judge Ellis.
2   Can I have your appearances?
3            MR. HILL:  Good afternoon, Judge.  Brian Hill for
4   the defendants, the Palestinian Authority and the PLO.
5            MR. SCHOEN:  David Schoen, Your Honor, for the
6   plaintiffs, and with me on the line also is Aaron Solomon.
7   Maybe, Aaron, just say hello for a voice check.
8            MR. SOLOMON: Good afternoon, Your Honor.
9            THE COURT: Good afternoon.  This is a conference in
10  Sokolow v. Palestine Liberation Organization, et al., 04-CV-
11  397.  It is Wednesday, December 5th at approximately 2:30.
12  This is a status conference to address certain discovery
13  issues raised by the parties.
14           I have four things on my list.  One is a follow up
15  of the conversation we had at our last conference concerning -
16  - that plaintiffs filed concerning the defendant's affirmative
17  defense claim.  Two is the plaintiff's request to -- of the
18  defendants for photographs with respect to plaintiff's Guetta.
19  Three is plaintiff's request to extend the discovery cutoff
20  from the current date of December 21st and one which to me is
21  new, and that is the 30(b)(6) notices from the plaintiffs
22  which at least according to my recollection were done at the
23  end of November.
24           Is there something else or is my characterization of
25  it foreign to you?

1             MR. SCHOEN:  Judge, this is David Schoen if I may
2   for the plaintiffs.  I guess I'm a little bit surprised on a
3   couple of things.  I had understood this was just sort of an
4   emergency status conference on Mr. Hill's request specifically
5   for the 30(b)(6) motions.  I understand the Guetta and the
6   unauthorized -- I mean unincorporated association and lack of
7   capacity thing were discussed last time but on the -- two
8   things.  One is on the plaintiff's request to expand the
9   discovery cutoff which I assume Your Honor means that motion,
10  that lengthy thing that was filed and we discussed a bit last
11  time we still have a reply to put in on that and I'd like the
12  opportunity to do that and I was actually going to ask you if
13  we could have until tomorrow.  It's supposed to be in today.
14  They filed their response on Friday.  That's one point.
15            And two is I'm not sure if Your Honor -- I was also
16  referring to another matter that's a December 3, 2012 letter
17  Mr. Tolchin sent in and this is regarding specifically relates
18  to the Hague depositions and their impact on the discovery.
19            THE COURT:  I wasn't specifically referring to it
20  but I do understand that part of the reason that the
21  plaintiffs asserted for extending the discovery was the
22  outstanding Hague applications.
23            MR. SCHOEN: I just wanted to make sure Your Honor
24  was aware there was a specific premotion letter on that and
25  then a response by I believe -- I'm not sure Mr. Rochon or Mr.

4

1  Hill -- Mr. Hill on that.
2            THE COURT: Well, since you brought it up let me just
3  say that with respect to the question of additional time it
4  certainly seems to me that there is a further need to consider
5  the time.  So the real question is how long as opposed to
6  whether or not there's a need for an extension.  I understand
7  that the defendants [inaudible] but it seems to me we still
8  have some work to do before I can declare that discovery is
9  complete.
10           My obligation with respect to these referrals is
11 always not to declare discovery over until I can represent to
12 the District Judge that all discovery disputes have been
13 resolved.
14           MR. SCHOEN: Judge, this is David Schoen again.  As a
15 gauge, again we believe that the Hague depositions -- I don't
16 mean to unduly focus on that but we believe they're central to
17 this thing to timing and to the 30(b)(6) depositions as well,
18 and that is as we set out in our papers that we ought to be
19 able to take those before the 30(b)(6) depositions because
20 they are the -- the Hague depositions are the depositions of
21 the very attackers in the case and their testimony we would
22 anticipate would be relevant to all of the issues, virtually
23 all of the issues that are in the case.  That is, their
24 relationship with the defendants, their relationship between
25 Fatah and the defendants, Fatah, F-A-T-A-H, and the defendants

5

1  and all of those kinds of issues.

2             In terms of timing, we tried to give some gauge on
3  that.  Based on this recent experience in that Kleinman case
4  that we mentioned in a separate document that was filed as
5  DE272, the notice regarding this development in that case, and
6  of course these defendants were in that case also, basically
7  it was submitted to address a question Your Honor raised at
8  the most recent, I believe November 20th conference when I had
9  said we have experience with similarly situated folks with
10 Hague depositions, that they can be done in a relatively short
11 period of time.  So that was the most recent experience in
12 which within three months, the time of request and so on those
13 depositions are set to take place.

14            That's just some way by way of gauge we're trying to
15 give -- of course we sought these Hague depositions back in
16 March.  So to me it seems somewhere in the period of three to
17 six months makes sense.

18            MR. HILL: Your Honor, this is Brian Hill.  I'm not
19 sure if you're making a ruling or inviting argument at this
20 point but I'd like to address the Hague issue and the
21 discovery extension when you want to hear from me.

22            THE COURT: Well, why don't you go ahead and address
23 it since it's been brought up and it will be together in the
24 transcript.

25            MR. HILL: Right.  So I guess just to take us back to

6

1  the beginning.  When we were in front of you in June of 2011
2  the parties jointly proposed an 18 month fact discovery period
3  which Your Honor contemporaneously remarked was a very long
4  fact discovery period and that was in recognition of the fact
5  that this was overseas discovery and that it would take time
6  to complete.
7          You admonished us at that June hearing in 2011 to
8  get our Hague requests in right away because they take a long
9  time.  And we followed your admonishment.  We served our
10 request which you promptly issued in July and August.  The
11 plaintiffs did not.  They appeared before you in March of 2012
12 and at the time they had a pending motion for a Hague request
13 of someone named Sauna Shahada [Ph.].  You mentioned in that
14 hearing that you wanted to know why this person was now being
15 sought for a Hague request at that point midway through the 18
16 month period, and the plaintiffs did not have an answer for
17 you and they withdrew that Hague request and subsequently
18 filed the eight requests that are currently at issue here.
19         In their requests they did not attempt in any
20 fashion to indicate why these could not have been sought
21 earlier in the period and in our opposition we pointed out
22 that there would be no basis for such a contention because
23 three of these people are named in the complaint that was
24 filed in 2004.  There is and can be no excuse for waiting
25 until March to seek Hague requests on people that you named in

the complaint. The other five individuals were named in documents which the plaintiffs produced in October of 2011. Again, there has been no justification offered for the delay in seeking those depositions and we opposed them contemporaneously at that time based on Your Honor's repeated directions that they had to be brought promptly or there had to be a reason for them not to be brought promptly, and the plaintiffs have given you neither of those.

I submit that under Rule 26(b)(2)(c) which says on motion or on its own the Court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that (ii) the parties seeking discovery has had ample opportunity to obtain the information by discovery in the action. Applies here and that this discovery should not now be had because it could have been sought at the beginning of the period and should have been sought at the beginning of the period.

And what's more, the fact that the plaintiffs waited until mid period to ask for this material cannot now be a basis to extend the period further. The fact of the matter is we don't know how long of an extension would be required for these depositions to take place. The time that it has taken between letters of request being issued by courts and people sitting down to be deposed has very considerably in the cases that we have been involved in. And in this very case it took

```
 1  six full months.  As I mentioned at the hearing when we had
 2  oral arguments on these motions in June of 2012 we went
 3  through all the trouble of you issuing a letter of request,
 4  the Israeli authorities doing everything they had to do to
 5  bring a prisoner from prison to a courthouse in Jerusalem.  We
 6  went through all the trouble of getting lawyers from the
 7  states there, Israeli counsel there, court reporters,
 8  videographers, Arabic and Hebrew translators.  We even hired a
 9  retired Israeli judge to preside over this event and the
10  person gave no substantive testimony.
11          I submit as I did in June that that is an additional
12  reason to deny this request under 26(b)(2)(c)(iii) which says
13  you must limit the frequency or extent of discovery when the
14  burden or expense of the proposed discovery outweighs its
15  likely benefit.  It doesn't make sense from time or expense to
16  order depositions of people that are serving life sentences
17  and are not inclined to be cooperative as Mr. Barjudi [Ph.]
18  was already in this particular case.
19          So for both of those -- for all those reasons I
20  would ask the Court to not permit the Hague request at this
21  point in the process and certainly not to generally extend the
22  discovery period based on the Hague request which the
23  plaintiffs were on notice from day one that they should have
24  brought at the beginning to prevent this very problem of the
25  discovery period having to be extended because they were not
```

```
 1  diligent in pursuing their discovery.
 2              THE COURT: Let me --
 3              MR. SCHOEN: Your Honor -- I'm sorry.
 4              THE COURT: Let me go ahead and weigh in at this
 5  point.  Since the plaintiffs are going to be filing a reply I
 6  think this is a good time for me to say that with respect --
 7  to the question of the discovery cutoff and the 30(b)(6), both
 8  of which to some extent are tied to the Hague discovery, the
 9  issue raised by Mr. Hill is an issue which I do want to make
10  sure that the plaintiffs adequately address, that is he is
11  correct that while in some respects we can keep having rolling
12  discovery disputes -- rolling discovery cutoffs, one of the
13  things that I will be considering is whether or not the party
14  who's requested any discovery has been diligent in seeking the
15  discovery so that it does -- I can have a case in which I give
16  someone nine months discovery and they raise something in the
17  eighth month.  I can have three months of discovery and they
18  can raise it in the third month.
19              Obviously I have been admonishing the parties to
20  make any issue before me to raise it in a timely manner so
21  that I can rule on it so that we would not have questions
22  about bumping into the discovery dispute -- the discovery
23  deadline.
24              To the extent that the plaintiffs want additional
25  time, I don't have any problem with that but I do want you to
```

10

1  seriously -- to understand that I take seriously the notion
2  that if we have issues of discovery that get raised late in
3  the process you'll have to show me the reason why because
4  regardless of how long we set the discovery schedule for we
5  have this difference in the court about the judges who have
6  the rocket docket and those who are more lenient.  Frankly I
7  fall into the category of the more lenient one.  That is not
8  an invitation however for participants, lawyers or parties to
9  say well, we know Judge Ellis is not a rocket docket, maybe we
10 can do this in five months, we'll just wait until the seventh
11 or eighth month since he's given us so much extra time.
12          So when you file your reply be sure to address that
13 issue.
14          MR. SCHOEN:  Yes, Your Honor.  One last thing if I
15 could just say on this point, Your Honor.  As the Court is
16 aware, we did make these Hague requests nine months before the
17 end of discovery and I wanted to point out because it hasn't
18 been raised we reiterated our request in a June 28th conference
19 we pressed for those depositions.  Again, I don't think it
20 would be fair to suggest -- I don't know the defendant's did
21 it but that we were sitting on our rights or anything like
22 that in this case with respect to those specifically.  I think
23 Your Honor would see that in the June 28th transcript but
24 anyway understood, Your Honor.
25          THE COURT:  With respect --

1            MR. SCHOEN:  Your Honor, on the reply, may we have
2    until tomorrow or Friday to provide it instead of today, by
3    the end of today?
4            THE COURT:  Actually I thought I -- I meant to say
5    that.  If I didn't, yes.
6            MR. SCHOEN:  If that's all right then we'll just do
7    it Friday.  By Friday we'll get our reply in.
8            THE COURT:  Okay.  With respect to the two issues
9    which we had discussed previously, with respect to the
10   defendant's affirmative defense claim, I have read the
11   transcript and Judge Daniels' statement.  I read Judge
12   Daniels' admonition to require the defendants to basically
13   make sure that they have provided for the plaintiffs anything
14   that they intend to rely on in support of their affirmative
15   defense.  It's not an open invitation to have discovery on the
16   affirmative defense or anything broader.  It's -- frankly it's
17   more akin to initial disclosures than anything else.
18           Given that reading as to how broadly Judge Daniels
19   require things to be set forth, the plaintiff's motion to
20   compel is denied in terms of the discovery that they sought
21   with respect to the affirmative defense.
22           With respect to the Guetta --
23           MR. SCHOEN:  Your Honor, before we leave that, can I
24   just ask one thing so the record is clean?  We had sort of
25   dueling motions on that question of the UA and the LOC, the

1  affirmative defense.  I say motions, I mean premotion letters.
2  The defendants had filed a premotion letter.  Mr. Hill will
3  correct me if I'm wrong but had filed a premotion letter to
4  sort for a protective order and we had filed a response to
5  that and then a premotion letter to compel that Your Honor
6  just referred to and they filed a response to that.  So just
7  so that the record is clean, as opposed -- with all due -- I
8  don't mean to tell the Court its job.  I know there's a lot to
9  focus on, maybe just making a ruling on both.
10             MR. HILL: Well, Your Honor, this is Brian Hill.  The
11  request for protective order that I sought related to the
12  affirmative defense of capacity had to do with whether I was
13  required to produce a 30(b)(6) witness on that topic.  That
14  issue we addressed at the hearing on November 20th.  At that
15  point in time the plaintiffs had indicated they were not
16  certain whether they wished to pursue a topic on that.  They
17  have subsequently done that.  So the issue of whether we need
18  to produce a deponent on the 30(b) -- a 30(b)(6) deponent on
19  the topic of capacity is one of the issues raised in my
20  December 3rd letter about the pending notices for Rule 30(b)(6)
21  depositions.
22             THE COURT: I understand that and you're both right
23  that I should be more explicit.  To the extent that the issues
24  have been raised and briefed before me, not only is the
25  plaintiff's application -- Mr. Schoen is correct it's not

1  really a motion.  Their application -- not only do I deny the
2  plaintiff's application but I grant the defendant's
3  application with respect to the production of a 30(b)(6) with
4  respect to the affirmative defense.  Clean enough?
5         MR. SCHOEN: Thank you, Your Honor.  I'm sorry, Your
6  Honor.  Certainly --
7         THE COURT: You're right.  You were right.  You
8  shouldn't be sorry.  Oddly enough I think I'm starting to
9  assume things that are in my mind when you -- just like when
10 you said the date for the extension I had in my mind that I
11 had -- I planned to say that and apparently I didn't say it.
12 So I'm deciding things and it's -- it be better that it -- you
13 make sure that I've said what's on my mind and that I don't
14 think I said it and you haven't gotten it.
15         MR. SCHOEN: Thank you, Your Honor.
16         THE COURT: With respect to Guetta, having reviewed
17 what the parties have submitted my ruling is in accordance
18 with the concerns which I raised before and not only that but
19 I will tell you that I am a bit concerned about the
20 forcefulness and the reliance I can put on Guetta's statement
21 that it is indelicately marked in her mind.  I am also
22 concerned that I have not had an explanation about how we got
23 to this point and the person who was identified in the
24 complaint was identified in the complaint.  I don't -- I'm not
25 relying on that uncertainty.  I just want you to know that to

1  the extent that I would -- I had concerns as expressed in our
2  last conference much of that really had to do with the
3  reliability of the assertion that Guetta made concerning her
4  ability to determine who was firing the shots and an adjunct
5  to that is really the question of if that is so the secondary
6  question is how did we get to this point and we still had not
7  resolved the question of somebody in -- a different person
8  being identified in the complaint.  You need not to have to
9  answer that question basically because I've ruled that the
10 discovery is not permitted but you should understand that were
11 I to delve more into it that would be another focus of any
12 decision that I would make.
13          So with respect to the 30(b)(6) and the Hague, I
14 will be awaiting the plaintiff's submission.
15          Am I correct that I recall that defendants wanted to
16 do a sur reply or am I just imagining that?
17          MR. HILL: Your Honor, I'm always happy to provide
18 more briefing if it will be of assistance to you.  I have not
19 asked for a sur reply.
20          THE COURT: There have been a couple of times when
21 people asked for sur replies here -- not on this topic.  I
22 just wanted to make sure that -- that was not an invitation by
23 the way.
24          MR. HILL: Part of the issue, Your Honor, is having
25 not seen the reply I don't know what if any issues would be

15

1  appropriate for a sur reply.
2              MR. SCHOEN: Judge, the Court specifically set the
3  schedule at the November 20th hearing and that was response by
4  them by the 30th and reply by us on the 5th.  That was as far as
5  we went but certainly they'll file a motion if they wish I
6  guess on a sur reply and I might like a chance to respond back
7  I suppose since it's our motion originally but anyway
8  hopefully this reply will take care of it.
9              THE COURT: Well, let me say that the odds of getting
10 a sur reply are better than winning the lottery but not much.
11             MR. HILL: Your Honor, I will not anticipate filing
12 one.  If I should determine a need for one we'll send you a
13 letter.
14             THE COURT: Okay.
15             MR. SCHOEN: Unfortunately winning the lottery has
16 been my financial plan as they say on TV.
17             THE COURT: As long as it's not your legal model.
18             MR. SCHOEN: [Laughter]
19             THE COURT: So we will try to clean this up hopefully
20 before the end of the year.  That doesn't give me a lot of
21 time because of the way my schedule is at the end of the year
22 but I've already -- I'm familiar with the arguments and there
23 are still some questions that I have and I want to make sure
24 that they'll all flushed out.  It won't be -- obviously since
25 this is a reply we won't be starting from ground zero.  So --

                                                                    16

1   but I do want to make sure that I'm not making any
2   assumptions.
3           MR. SCHOEN: Yes, Your Honor.
4           MR. HILL: Your Honor, just so that I'm clear.  As I
5   understand it you're not ruling today on my request for
6   protective order to the pending 30(b)(6) depositions; is that
7   correct?
8           MR. SCHOEN:  I'm assuming we're putting those off.
9           THE COURT: That's correct.
10          MR. HILL: So the bottom line is we don't need to
11  prepare people to appear on the notice dates until we get an
12  order from Your Honor.
13          THE COURT: That is also correct.
14          MR. SCHOEN: That seems reasonable and fair, Your
15  Honor, given what the Court has indicated today.
16          THE COURT: We'll get this -- as I said, I will
17  endeavor to do it without delay so that if there's a need that
18  we can do it so that we don't get -- we don't get to a tenth
19  anniversary at least.  I guess we're working on the ninth
20  anniversary now.
21          MR. SCHOEN: Your Honor, I could see it moving
22  relatively quickly.  If we -- for example, this would be our
23  perspective, plaintiff's perspective.  If we would get a
24  ruling permitting the Hague depositions to go forward we
25  believe we could get those depositions done within three

```
                                                                    17
 1   months and then go right to the 30(b)(6) depositions but
 2   anyway, I know Your Honor is going to consider it all.
 3             THE COURT: I guess I allude to the fact -- does
 4   anybody know what month in 2004 this was filed?
 5             MR. SCHOEN: January.
 6             THE COURT: So we're obviously going to get to the
 7   ninth anniversary.
 8             MR. SCHOEN: All right, Your Honor.
 9             THE COURT: That means we'll be in our tenth year.
10   Let's try to not have this go through any new judges that come
11   in.
12             MR. SCHOEN: Yes, Your Honor.
13             THE COURT: Thank you.  We're adjourned.
14             MR. HILL: Thank you, Your Honor.
15             MR. SCHOEN: Thank you, Your Honor.
16                          * * * * *
17
18
19
20
21
22
23
24
25
```

18

1   I certify that the foregoing is a court transcript from
2   an electronic sound recording of the proceedings in the above-
3   entitled matter.

_____
Shari Riemer

Dated:  December 10, 2012