# The Berkman Law Office, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                     Fax: (718) 855-4696

November 19, 2012

**BY HAND**

Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Sokolow et. al. v. Palestinian Liberation Organization, et. al.*
>        <u>Civ. No. 04-397 (GBD)</u>

Dear Magistrate Ellis,

       We write on behalf of Plaintiffs, pursuant to Loc. Civ. R. 37.2 and ¶ 2 of Your Honor's Individual Practices, to request a pre-motion conference to compel Defendants to produce all items responsive to the Guetta Plaintiffs' First and Second Request for Production of Documents ("RPDs") (seeking documents concerning Plaintiffs' efforts to determine the identity of the gunman in this matter). (Exhibits A and B).

       Plaintiffs have attempted to cooperate with Defendants to prevent the need for motion practice without success. Defendants have stood on their objections.

       On the evening of January 8, 2001, while Plaintiff Varda Guetta was driving her 12-year-old son, Plaintiff Joseph Guetta, home from soccer practice, Defendants' operatives opened fire on them with machine-guns, striking and seriously wounding Plaintiff Joseph Guetta. They were traveling in their family car on a public highway near Jerusalem. Miraculously, Mrs. Guetta was not hit, but was a victim of the terror and lasting physical and emotional effects the gunmen caused to her and her son.

THE BERKMAN LAW OFFICE, LLC

November 19, 2012
Page 2 of 5

Mrs. Guetta clearly saw the face of one of the gunman, who she recalls was laughing, and she continues to see his face "every time that [she] closes[s] her eyes." Mrs. Guetta testified that if she sees the gunman again, 10 years or even 20 years after the attack, she will know him. "He had a mustache, he was dark skin, and he smiled, he shot and smiled." (Relevant excerpt attached as Exhibit C, pp. 30-33).

The *modus operendi* of the Guetta terrorist attack was the same as numerous other attacks in the same area, at the same time, for which many people were convicted—many of them PA security officers. Plaintiffs therefore have reason to believe that one of these convicted terrorists or their accomplices was also involved in the Guetta attack.

Therefore, in October, 2011 and November, 2011, the Guetta Plaintiffs sent their First and Second RPDs to the Defendants seeking photographs of seventeen people identified by Plaintiffs as having been convicted of carrying out similar attacks in the same area using similar *modus operendi* or who were identified in police statements of other perpetrators as having been involved in such attacks. Plaintiffs have the need and the right to show Mrs. Guetta photographs of these people and to see if she can identify her attacker. Each of the photographs listed is a person reasonably suspected of having been involved in the Guetta attack.

Defendants have refused to produce the requested photographs. After five pages of boilerplate objections, they specifically objected to these requests, claiming that the requests are overly broad and are irrelevant, based mostly upon the arguable unreliability of eyewitness identification. These objections are frivolous. The requests are reasonable and necessary and not unduly burdensome or overly broad. (Exhibit D and E, pp. 6-7).

*First*, the pictures are obviously relevant to the issue of who perpetrated the attack and whether there is a link between Defendants and such perpetrators. In fact, the request is critical to the Guetta Plaintiffs' case. As Defendants well know, if Plaintiffs do not get the pictures Mrs. Guetta and her son will not be able to pursue their lawsuit because there is no other way for Plaintiffs to identify the perpetrators. A denial of Plaintiffs' motion will be dispositive of the Guetta Plaintiffs lawsuit. In addition, Plaintiffs note that such

THE BERKMAN LAW OFFICE, LLC

November 19, 2012
Page 3 of 5

photographs should be and most likely would be accessible to the victims in any criminal or civil case where identification of a perpetrator is necessary.

*Second*, the request for Defendants to produce the very specific list of pictures that were requested is not burdensome at all. Indeed it is highly specific and limited. Plaintiffs provided Defendants with all of the names and, where possible, the identification numbers for the individuals whose photographs they seek. All residents of the PA have a picture identification to which the Defendant PA clearly has access. Moreover, many of the named individuals were PA security officers who also had employee picture identification issued by the PA. It would likely take no more than a few hours to make copies of those pictures, which likely are computerized and could be dragged easily into an email.

*Third*, Defendants argument relating to eyewitness testimony may be a weight of the evidence issue for the jury and proper for closing arguments, but it is certainly not a valid basis for denying discovery. It is axiomatic that eyewitness testimony is admissible in Court. Plaintiffs are requesting an entire array of pictures of people in order to make Mrs. Guetta's viewing as credible and unbiased as possible. The named individuals have also been convicted or linked to similar attacks, using the same *modus operendi* in the same area of the country. Plaintiffs' request is clearly reasonably calculated to lead to the discovery of admissible evidence. Defendants' refusal lacks merit and should not be countenanced.

After unsuccessfully attempting to cajole Defendants into providing responses, Plaintiffs made further efforts to avoid motion practice by spending significant time searching for the requested photographs themselves. And, in fact, Plaintiffs were able to locate a photograph of the most famous perpetrator of these kinds of attacks, Mohanad Abu Halawa. However, Mrs. Guetta did not identify him as the perpetrator whose face she so clearly remembers. Therefore, Plaintiffs have no choice, but to move to compel the photographs requested in their first and second RPDs.

It is important to emphasize that this action is brought under the civil provisions of the Antiterrorism Act. As the courts of this Circuit and others

THE BERKMAN LAW OFFICE, LLC

November 19, 2012
Page 4 of 5

have found—the prosecution of ATA cases serves not only Plaintiffs' personal interest, but the national interest of the United States:

> The legislative history of the ATA … reveal[s] this country's profound and compelling interest in combating terrorism at every level …
>
> Congress has explicitly granted private parties the right to pursue common tort claims against terrorist organizations and those that provide material support or financing to terrorist organizations. Certainly, private tort actions directed at compensating victims of terrorism and thwarting the financing of terrorism <u>vindicate the national and international public interest</u>.

*Weiss v. National Westminster Bank*, 242 F.R.D. 33, 46, 50 (E.D.N.Y. 2007) (emphasis added). *See also e.g. Ungar v. Palestinian Authority*, 715 F.Supp.2d 253, 268 (D.R.I. 2010) ("[T]here is an extremely strong interest in enforcing judgments … entered under the civil provisions of the Antiterrorism Act ("ATA")"). Therefore, courts have tended to take a liberal approach to allowing discovery in ATA actions.[1] *See e.g. Linde v. Arab Bank*, 269 F.R.D. 186 (E.D.N.Y. 2010); *Weiss*, 242 F.R.D. at 55-56; *Strauss v. Credit Lyonnais*, 242 F.R.D. 199 (E.D.N.Y. 2007); *Strauss v. Credit Lyonnais*, 249 F.R.D. 429 (E.D.N.Y. 2008).

---

[1] See *also* recent, October 29, 2012, opinion of Southern District of New York Judge Shira Scheindlin in the matter of *Wultz, et. al. v. Bank of China Ltd., et. al.*, Case No.11 Civ. 1266 (SAS), at 15: "But in light of the significant U.S. interest in eliminating sources of funding for international terrorism, and the other factors discussed below, the law governing discovery disputes in this case must ultimately be the broad discovery rules of the Federal Rules of Civil Procedure," and at 22: "The United States has a "profound and compelling interest in combating terrorism at every level, including disrupting the financial underpinnings of terrorist networks." (quoting *Strauss v. Credit Lyonnais*, S.A., 249, F.R.D. 429, 438–3919, 442-44 (E.D.N.Y. 2008)).

THE BERKMAN LAW OFFICE, LLC

November 19, 2012
Page 5 of 5

The Guetta Plaintiffs respectfully wish to ask this Court to compel the Defendants to fully respond to the first and second RPDs, or in the alternative, ask for time to fully brief the Court on this issue.

Respectfully yours,

Robert J. Tolchin

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

                  Plaintiffs,

                                          Civ. No. 04-397 (GBD) (RLE)

        v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

                  Defendants.

## THE GUETTA PLAINTIFFS'
## FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS
### (No. 1)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, plaintiffs Varda Guetta and Oz Joseph Guetta ("Plaintiffs"), by counsel, request that Defendants the Palestinian Authority and the Palestine Liberation Organization produce the documents and things described below at The Berkman Law Office, 111 Livingston Street, Suite 1928, Brooklyn, New York 11201, within thirty (30) days of the service of these requests.

## INSTRUCTIONS AND GENERAL DEFINITIONS

1.     Defendants shall respond to these requests as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.     The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) is incorporated by reference herein and governs these requests.

## REQUESTS FOR DOCUMENTS AND THINGS

1.     All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of the following individuals:

1.   Muhanad Abu Halawa

2.   Mohammed Abdel Rahman Maslah, identity no. 902845643

3.   Haitham al-Mutfak Hamdan, identity no. 906934823

4.   Ziyad Hamouda Yakoub Hamouda, identity no. 902924117

5.   Fares Sadak Mahmoud Ghanem, identity no. 025806985

6.   Mohammed Sami Ibrahim Abdullah, identity no. 979469954

7.   Husam Akel Rajab Shehadeh, identity no. 975564733

8.   Zaidan al-Badawi

9.   Nizar Wahadan

10.  Ali Alian

11.  Ahmed Taleb Mustafa Barghouti, identity no. 994466860

12.  Freij Asad Salam Awdan, identity no. 410052617

13.  Ahmed Abbas, identity no. 42219495

14.  Issa Natshe, identity no.  040996514

15.  Khaled Jamal Musa al-Shawish, identity no.  959367327


October 27, 2011


Plaintiffs, by their Attorney,

_____

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

<u>C E R T I F I C A T I O N</u>

I hereby certify that on October 27, 2011, I served the within by electronic mail and

United States mail on the counsel listed below.


Mark J. Rochon
Richard A. Hibey
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

Robert J. Tolchin

Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                                 Civ. No. 04-397 (GBD) (RLE)

      v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

### THE GUETTA PLAINTIFFS'
### SECOND REQUEST TO PRODUCE DOCUMENTS AND THINGS
#### (No. 2)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, plaintiffs Varda Guetta and Oz Joseph Guetta ("Plaintiffs"), by counsel, request that Defendants the Palestinian Authority and the Palestine Liberation Organization produce the documents and things described below at The Berkman Law Office, 111 Livingston Street, Suite 1928, Brooklyn, New York 11201, within thirty (30) days of the service of these requests.

### INSTRUCTIONS AND GENERAL DEFINITIONS

1.    Defendants shall respond to these requests as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) is incorporated by reference herein and governs these requests.

### REQUESTS FOR DOCUMENTS AND THINGS

2.    All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of the following individuals:

1.  Iyad Subhi Ahmed Sabahi, identity no. 905283156

2.  Samer Omar, identity no. 906834890

November 1, 2011

Plaintiffs, by their Attorney,

_____
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

C E R T I F I C A T I O N

I hereby certify that on November 1, 2011, I served the within by electronic mail and

United States mail on the counsel listed below.

Mark J. Rochon
Richard A. Hibey
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

_____
Robert J. Tolchin

Exhibit C

1

2      UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
3      -----------------------------------------X
       MARK I. SOKOLOW, et al.,
4
                                   PLAINTIFFS,
5

6             -against-          Case No:
                               04CV 397 (GBD)(RLE)
7

8      THE PALESTINE LIBERATION ORGANIZATION, et
       al.,
9
                                   DEFENDANTS.
10     -----------------------------------------X

11

12                    DATE: June 27, 2012

13                    TIME: 2:17 P.M.

14

15

16            DEPOSITION of VARDA GUETTA,

17     taken by the Defendants, pursuant to Notice

18     and to the Federal Rules of Civil

19     Procedure, held at the offices of Morrison

20     & Foerster, 1290 Avenue of the Americas,

21     New York, New York 10104, before Robert X.

22     Shaw, CSR, a Notary Public of the State of

23     New York.

24

25

```
 1                    Varda Guetta

 2    inside of the car?

 3         A.    I saw four of them, yes.

 4         Q.    Did you recognize any of them?

 5         A.    One -- I think, yes.  I can see

 6    one.

 7         Q.    Is this someone that you knew?

 8         A.    No.

 9         Q.    How did you recognize this

10    person?

11         A.    Because I saw the face, and

12    I -- I can see the face every time that I

13    close my eyes.

14         Q.    Do you have a name to go with

15    this face?

16         A.    No.

17         Q.    Has anyone ever --

18         A.    If I decide to give him a

19    name --

20              THE INTERPRETER:  Mr. Hill, I

21         think the witness missed the word

22         recognized because --

23              THE WITNESS:  (Speaking in

24         Hebrew)

25              THE INTERPRETER:  (Speaking in
```

```
 1                  Varda Guetta

 2          Hebrew)

 3              THE WITNESS:  (Speaking in

 4          Hebrew)

 5              THE INTERPRETER:  If I know

 6          him?  No, I don't know him.

 7              THE WITNESS:  (Speaking in

 8          Hebrew)

 9              THE INTERPRETER:  But if I see

10          him in the future, I will know him.

11          I will know who he was.

12              MR. SOLOMON:  Stating that she

13          will be able to recognize the

14          individual again, I guess.

15          Q.    How do you know you would

16     recognize the individual ten years after

17     the fact?

18              THE WITNESS:  (Speaking in

19          Hebrew)

20              THE INTERPRETER:  I will be

21          able to recognize him in 20 years, as

22          well.

23          Q.    Can you describe this

24     individual?

25              THE INTERPRETER:  (Speaking in
```

```
 1                  Varda Guetta

 2        Hebrew)

 3              THE WITNESS:  (Speaking in

 4        Hebrew)

 5              THE INTERPRETER:  Yes.  He had

 6        a mustache, he was dark skin, and he

 7        smiled.  He shot and smiled.

 8        Q.    How long did you see this

 9   individual's face?

10              THE WITNESS:  (Speaking in

11        Hebrew)

12              THE INTERPRETER:  I can't

13        estimate it in time, but --

14              THE WITNESS:  (Speaking in

15        Hebrew)

16              THE INTERPRETER:  When I saw

17        it, after I saw it, I bent down and

18        covered my son, and I tried to get

19        away, and I couldn't.

20        Q.    Would you say that you observed

21   the individual's face for less than 10

22   seconds?

23              THE WITNESS:  (Speaking in

24        Hebrew)

25        A.    I can't estimate the time.
```

1                    Varda Guetta

2                THE INTERPRETER:  I can't

3          estimate the time, I can't estimate

4          it.  I can't even estimate the entire

5          time of what happened there.

6                THE WITNESS:  (Speaking in

7          Hebrew)

8                THE INTERPRETER:  I have no

9          idea of time at that moment.

10        Q.    Okay.  Has anyone ever shown

11   you pictures so you can try to identify

12   this individual?

13        A.    No.

14                THE INTERPRETER:  No.

15        Q.    And you only saw the face of

16   one individual?

17                THE WITNESS:  (Speaking in

18          Hebrew)

19                THE INTERPRETER:  He was the

20          closest one, and he was laughing.

21        Q.    But you did not see the faces

22   of anyone else in that car?

23                THE WITNESS:  (Speaking in

24          Hebrew)

25                THE INTERPRETER:  It was all

EXHIBIT D



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                     Plaintiffs,

          - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                     Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE GUETTA PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS

       Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to the Guetta Plaintiffs' First Request to Produce Documents and Things and state as follows:

### PRELIMINARY STATEMENT

     1.     Defendants' investigation and development of all facts and documents relating to this case is on-going.  The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants.  These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

     2.     The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.      To the extent that any of the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO. Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants. Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

CONFIDENTIAL

1209658.2

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  With respect to any part of the Request to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

CONFIDENTIAL

1209658.2

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

5.      Defendants object to the Request to the extent that it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants, beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

1209658.2

CONFIDENTIAL

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding this Request. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.      Defendants object to the Request to the extent that it is not appropriately limited in time.

11.      Defendants object to the Request to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.      Defendants object to the Requests to the extent that it requests Defendants to translate documents.

13.      Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of the following individuals:

**CONFIDENTIAL**

5

1209658.2

1.    Muhanad Abu Halawa
2.    Mohammed Abdel Rahman Maslah, identity no. 902845643
3.    Haitham al-Mutfak Hamdan, identity no. 906934823
4.    Ziyad Hamouda Yakoub Hamouda, identity no. 902924117
5.    Fares Sadak Mahmoud Ghanem, identity no. 025806985
6.    Mohammed Sami Ibrahim Abdullah, identity no. 979469954
7.    Husam Akel Rajab Shehadeh, identity no. 975564733
8.    Zaidan al-Badawi
9.    Nizar Wahadan
10.   Ali Alian
11.   Ahmed Taleb Mustafa Barghouti, identity no. 994466860
12.   Freij Asad Salam Awdan, identity no. 410052617
13.   Ahmed Abbas, identity no. 422194945
14.   Issa Natshe, identity no. 040996514
15.   Khaled Jamal Musa al-Shawish, identity no. 959367327

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 1 on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack

of a stated timeframe and the lack of any reasonable restrictions as to the scope of information it

requests (*e.g.*, its request for "all documents . . . constituting or containing still and/or moving

images" of certain individuals at any time), and the fact that certain of the individuals are not

identified by their full names or identification numbers; (b) the Request seeks disclosure of

information and documents that are irrelevant to any of the issues presented by Plaintiffs' First

Amended Complaint because Plaintiffs have admitted that they have no evidence that any of the

individuals identified injured Plaintiffs; and (c) the Request is not reasonably calculated to lead

to the discovery of admissible evidence because Plaintiffs have claimed that they need these

documents in order for one of the Plaintiffs to attempt to identify persons who injured her, and

eyewitness identification can be the least trustworthy means of identifying a guilty party;

1209658.2

CONFIDENTIAL

stranger eyewitness identification is highly susceptible to error; and any identification from the type of photographic array which Plaintiffs apparently contemplate, made eleven years after the fact and made with respect to circumstances where Plaintiffs experienced a high degree of emotional stress, will be unreliable and inadmissible at trial.  Defendants further object to the Request to the extent that it imposes an obligation on Defendants to search for documents or information possessed by a separate non-party, thereby imposing a burden in excess of Defendants' requirements under the Federal Rules of Civil Procedure.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to Request No. 1 unless and until Plaintiffs modify, amend, or limit the Request to address Defendants' pending objections and cure the Request's deficiencies.

December 1, 2011

Respectfully submitted,

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

CONFIDENTIAL

7

1209658.2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 1st day of December 2011, a true and genuine copy of

the foregoing was served by first-class mail, postage prepaid, on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com

Laura G. Ferguson

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MARK SOKOLOW, *et al.*,

                 Plaintiffs,

         - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                 Defendants.

------------------------------------------------------------------- X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE GUETTA PLAINTIFFS' SECOND REQUEST TO PRODUCE DOCUMENTS AND THINGS

       Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to the Guetta Plaintiffs' Second Request to Produce Documents and Things and state as follows:

### PRELIMINARY STATEMENT

       1.       Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

       2.       The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1

3.      To the extent that any of the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.      A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1210263.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  With respect to any part of the Request to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1210263.1

3.      Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

5.      Defendants object to the Request to the extent that it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants, beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

4

8.      Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding this Request.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10.     Defendants object to the Request to the extent that it is not appropriately limited in time.

11.     Defendants object to the Request to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.     Defendants object to the Requests to the extent that it requests Defendants to translate documents.

13.     Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 2:

All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of the following individuals:

1210263.1

1.    Iyad Subhi Ahmed Sabahi, identity no. 905283156
2.    Samer Omar, identity no. 906834890

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 2 on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack

of a stated timeframe and the lack of any reasonable restrictions as to the scope of information it

requests (*e.g.*, its request for "all documents . . . constituting or containing still and/or moving

images" of certain individuals at any time); (b) the Request seeks disclosure of information and

documents that are irrelevant to any of the issues presented by Plaintiffs' Second Amended

Complaint because Plaintiffs have admitted that they have no evidence that either of the

individuals identified injured Plaintiffs; and (c) the Request is not reasonably calculated to lead

to the discovery of admissible evidence because Plaintiffs have claimed that they need these

documents in order for one of the Plaintiffs to attempt to identify persons who injured her, and

eyewitness identification can be the least trustworthy means of identifying a guilty party;

stranger eyewitness identification is highly susceptible to error; and any identification from the

type of photographic array which Plaintiffs apparently contemplate, made eleven years after the

fact and made with respect to circumstances where Plaintiffs experienced a high degree of

emotional stress, will be unreliable and inadmissible at trial. Defendants further object to the

Request to the extent that it imposes an obligation on Defendants to search for documents or

information possessed by a separate non-party, thereby imposing a burden in excess of

Defendants' requirements under the Federal Rules of Civil Procedure.

CONFIDENTIAL                                6

**RESPONSE**:

On the basis of the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to Request No. 2 unless and until Plaintiffs modify, amend, or limit the Request to address Defendants' pending objections and cure the Request's deficiencies.

December 5, 2011                     Respectfully submitted,

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 5th day of December 2011, a true and genuine copy of the foregoing was served by first-class mail, postage prepaid, on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com

Richard A. Hibey

1210263.1