

MARK J. ROCHON
Member
(202) 626-5819
mrochon@milchev.com

November 29, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

I write in response to Plaintiffs' November 19, 2012 letter requesting a pre-motion conference to compel Defendants to produce all documents responsive to the Guetta Plaintiffs' First and Second Document Requests. The request should be denied for three reasons.

First, the request is untimely. Plaintiffs served the Requests at issue on October 27 and November 1, 2011. Ltr. Ex. A & B. The requests sought "All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of " seventeen individuals. *Id.* Defendants timely objected on December 1 and 5. Ltr. Ex. D & E. The parties conferred about these objections as required by Rule 37(a)(1) on January 26, but Plaintiffs waited until November 19 to send their letter. Thus, Plaintiffs now seek to compel production pursuant to requests that have been ripe for a ruling for nearly a year.

Plaintiffs' claim that the Guettas will be unable to pursue their case without these documents, Ltr. at 2, makes their delay in seeking Court intervention until the eleventh hour appear to be nothing more than a gambit to extend the discovery period. This conclusion is supported by the fact that, until the last day for serving written discovery, Plaintiffs never initiated any other discovery that would tie these seventeen individuals to the attack at issue.[1] At the June 21, 2011 status conference the Court made it clear it expected the parties to bring discovery issues to its attention in a timely manner when they reached an impasse -- "But what I don't want to happen is six months after something happened and as discovery is about to close

---

[1] On November 21, 2012, the *Guetta* Plaintiffs filed a Request for Production of Documents seeking all documents as to the whereabouts of the 17 "suspects" on the day of the attack—which occurred January 8, 2001, nearly twelve years ago.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com  1292486.1

# MILLER
# CHEVALIER

somebody says to me we never got to this." 6/21/11 Tr. at 12. That is precisely what Plaintiffs have now done, and their request should be denied on that basis alone.

Second, the requests seek irrelevant documents regarding individuals with no demonstrated connection to the attack on the Guettas. Plaintiffs allege that these individuals have been linked to "similar attacks in the same area using similar *modus operandi* or who were identified in police statements of other perpetrators as having been involved in such attacks." Ltr. at 2. Plaintiffs, however, have not provided any evidence to support their claim that any of these individuals, let alone all of them, is linked in any way to *this* attack. On October 28 and November 3, 2011 Defendants specifically requested that the Plaintiffs produce all documents in their possession relating to any of the seventeen identified individuals. Ex. 1. Plaintiffs produced no documents linking these individuals to the attack at issue. Moreover, while the attack on the Guettas was investigated by Israeli authorities, Plaintiffs never sought to obtain discovery or information from the Israelis regarding their investigation into the shooting (or at least never informed Defendants of such requests). To Defendants' knowledge, to date, no one has been arrested, let alone prosecuted, for this attack, only further pointing up the futility and absurdity of the "identification" exercise Plaintiffs now propose.

Third, the requests cannot lead to the discovery of admissible evidence. The requests, as the Plaintiffs admit, are for inclusion in a supposed identification procedure, apparently to be conducted by Plaintiffs' counsel themselves, which would lead, at best, to unreliable and inadmissible evidence of dubious provenance, as the Court itself recognized at the November 20, 2012 hearing. *See* 11/20/12 Tr. at 27:8-14; 49:22-50:2. It is true that the requests seek images of Muhanad Abu Halawa, who is the only individual identified by Plaintiffs in the operative Complaint as being connected to the Guetta incident. *See* First Am. Compl. ¶¶ 54-57. However, Plaintiffs have now disclosed that they have already conducted some sort of photo procedure with Ms. Guetta in which she *excluded* Abu Halawa as being one of the attackers she saw. Ltr. at 3. Defendants have no idea of what sort of identification procedure yielded this exclusion, or when it was conducted, but note that it was undoubtedly rife with unreliability. The idea that, nearly twelve years after the January 8, 2001 incident the Plaintiffs are conducting photo identification procedures demonstrates not only the problems with their proof as to the Guettas' claims, but also the objective reasonableness of Defendants' objections to the discovery requests.

Moreover, Ms. Guetta's testimony regarding her ability to identify her attackers has shifted in a self-serving manner over time. In a deposition taken in March 2007 in another civil case brought by Ms. Guetta arising out of this attack, she testified that her attackers never left the car they were shooting from, and that she could not identify the gunmen:

> Q.    Did you see the faces of any of the gunmen yourself?
> A.    I saw some faces when they start with -- I told you that I
> didn't understand what happened and we saw some faces from the
> windows. And to recognize them – it didn't make a difference.
> They didn't have their face covered.
> Q.    And so you just saw people's faces, you couldn't identify
> them?

Miller & Chevalier Chartered

1292486.1



MILLER
CHEVALIER

A.   No.
Q.   And was there anything about the faces that you could tell
who they were?
...
A.   No.
...
Q.   Could you tell just by looking at these people whether they
were Palestinians or Israelis?
A.   No.

Ex. 2 at 25:12-28:4. Despite this prior testimony, Ms. Guetta now implausibly claims that she
would recognize one of her attackers if she saw him again. Ltr. Ex. C.

Even were Plaintiffs to engage in the flawed identification process they propose, what
would be generated is an unreliable selection of a photo by Ms. Guetta, which "identification"
would be more prejudicial than probative and excludable under Federal Rule of Evidence 403.
The prejudicial nature of any such testimony is apparent from the process of identification
apparently suggested by the Plaintiffs, Ms. Guetta's own prior testimony, the circumstances of
the incident, the lack of a prior description, and the passage of time. Plaintiffs seek this
discovery in order to show Ms. Guetta photos of seventeen individuals they claim are connected
to other attacks and "many" of whom are PA security officers. Pl. Ltr. at 3. No matter whom
Ms. Guetta identified out of this lineup, Plaintiffs would argue, based on the "identification," that
the Defendants are liable for the attack. Nor are there any indicia of independent reliability to
any identification Ms. Guetta might make under these circumstances—particularly after she has
now excluded the only person named in her complaint as having been involved. That she is
financially interested in selecting one of the proffered photos so her lawsuit can continue further
impeaches her ability to offer any identification evidence in this case.

Given the lack of any evidentiary connection between this attack and the seventeen
individuals identified by Plaintiffs, and given the infirmities in the identification process
Plaintiffs propose – which is geared to connect someone, *anyone*, to these attacks despite Ms.
Guetta's own prior testimony and the complaint in this case – no "evidence" generated out of this
discovery would be probative, reliable, or admissible. Accordingly, the Defendants should not
be compelled to supply materials for an unreliable identification exercise that will yield no
admissible evidence.

Sincerely,

Mark J. Rochon

cc:   Robert J. Tolchin, Esq.
      David I. Schoen, Esq.

Miller & Chevalier Chartered