UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS THE PALESTINIAN AUTHORITY'S AND THE PALESTINE LIBERATION ORGANIZATION'S FIRST REQUESTS FOR ADMISSION TO THE GOLDBERG PLAINTIFFS

Pursuant to Fed. R. Civ. P. 36, Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), by counsel, serve the Goldberg Plaintiffs with the following First Requests for Admission which the Goldberg Plaintiffs shall answer in writing within thirty (30) days of the service of these Requests.

### SPECIFIC DEFINITIONS

1. "PA" shall mean and refer to defendant The Palestinian Authority.

2. "PLO" shall mean and refer to defendant The Palestine Liberation Organization.

3. "Defendants" shall mean and refer collectively to Defendants The Palestinian Authority and The Palestine Liberation Organization.

4. "Plaintiffs" or "You" shall mean and refer individually and collectively to Karen Goldberg, individually, as personal representative of the Estate of Stuart Scott Goldberg, and as natural guardian of her children; Chana Bracha Goldberg; Esther Zahava Goldberg; Yitzhak Shalom Goldberg; Shoshana Malka Goldberg; Eliezer Simcha Goldberg; Yaakov Moshe

1

261. Plaintiffs do not have in their possession, custody or control any admissible evidence indicating that Ali Mohammed Hamed Abu-Halil has knowledge that the Defendants provided Ali Yusef Ja'ara with the explosive device used in the January 29, 2004 Bombing.[53]

262. The PA is not an individual within the meaning of Federal Rule of Civil Procedure 17(b)(1).

263. The PLO is not an individual within the meaning of Federal Rule of Civil Procedure 17(b)(1).

264. The PA is not a corporation within the meaning of Federal Rule of Civil Procedure 17(b)(2).

265. The PLO is not a corporation within the meaning of Federal Rule of Civil Procedure 17(b)(2).

266. The PA is not a partnership within the meaning of Federal Rule of Civil Procedure 17(b)(3)(A).

267. The PLO is not a partnership within the meaning of Federal Rule of Civil Procedure 17(b)(3)A.

268. The PA is an unincorporated association within the meaning of Federal Rule of Civil Procedure 17(b)(3)(A).

269. The PLO is an unincorporated association within the meaning of Federal Rule of Civil Procedure 17(b)(3)(A).

---

[53] *See id.*