UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

      - against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORAL ORDER OF NOVEMBER 20, 2012 ON TWO PRE-MOTION LETTERS RELATED TO DISCOVERY

      Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") hereby submit the following Opposition to Plaintiffs' Objections to Magistrate Judge's Oral Order of November 20, 2012 on Two Pre-Motion Letters Related to Discovery (DE 280).

### INTRODUCTION AND SUMMARY

      Plaintiffs' object to two orders entered by Magistrate Judge Ellis at the November 20, 2012 status conference. Their objections should be overruled for four reasons. First, their objections are untimely. The orders were put on the record on November 20, 2012, but Plaintiffs did not file their objections within the 14 day period allowed by Rule 72(a). Accordingly, Plaintiffs objections have been waived. Second, there was nothing clearly erroneous about Magistrate Judge Ellis's decision to issue the orders without requiring Defendants to file formal motions, and even if there were, Plaintiffs did not preserve that objection by making it to the Magistrate Judge. Third, there is nothing clearly erroneous about Magistrate Judge Ellis' finding that because Plaintiffs had not complied with their obligations to answer interrogatories they would be precluded from calling certain witnesses at trial. There is also nothing ambiguous

1

about the scope of Magistrate Judge Ellis' order, but even if there were, that objection has also been waived because it was not made before the Magistrate Judge. Fourth and finally, there is nothing clearly erroneous about Magistrate Judge Ellis' decision to preclude the deposition of Intesar Al-Wazeer on the alternative grounds that she was not subject to deposition by notice and that the testimony Plaintiffs sought from her was irrelevant. Thus, Plaintiffs' objections should be overruled.

## STANDARD OF REVIEW

As Plaintiffs acknowledge, DE 280 at 1, this Court reviews the orders at issue pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a), a court must "consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (quotation omitted). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007). Accordingly, because Plaintiffs' objections are untimely and do not demonstrate any clear error by Magistrate Judge Ellis, their objections should be overruled.

## ARGUMENT

I.   **PLAINTIFFS' OBJECTIONS ARE UNTIMELY**

As an initial matter, Plaintiffs' objections should be overruled because they waived any objections to Magistrate Judge Ellis' November 20, 2012 Orders by filing their objections too late. The orders at issue were put on the record on November 20, 2012, but Plaintiffs did not file

their objections until 21 days later on December 11, 2012. "An (oral) order that is read into the record, as occurred here . . . has the same effect as a written order." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 U.S. Dist. LEXIS 13290, at *4 (S.D.N.Y. July 19, 2002). *See also Scharff v. Claridge Gardens, Inc.*, 1990 U.S. Dist. LEXIS 15776 at *19, (S.D.N.Y. Nov. 21, 1990) ("the Court finds that an oral ruling by a magistrate is sufficient to trigger the ten-day period to file objections"); Fed. R. Civ. P. 72 advisory committee's note (1983) ("The rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review. An oral order read into the record by the magistrate will satisfy this requirement.").

Accordingly, any objections to Magistrate Judge Ellis' November 20, 2012 orders have been waived. *See Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). For that reason alone, Plaintiffs objections should be overruled.[1]

## II.   MAGISTRATE JUDGE ELLIS DID NOT CLEARLY ERR BY FAILING TO REQUIRE THE FILING OF FORMAL MOTIONS

Plaintiffs initially object to both orders on the grounds that Magistrate Judge Ellis "ordered substantive relief based on the pre-motion letter and argument on it, thereby denying plaintiffs the right or ability to raise the underlying issue by proper motion." DE 280 at 2. This objection is meritless for several reasons. First, Plaintiffs were not the moving party --

---

[1] Plaintiffs note that they asked the Court to grant them an extension of the deadline for filing their objections, DE 280 at 2 n. 1, but as of the date of this filing that request had not been granted.

3

Defendants were. Plaintiffs were therefore not "den[ied] . . . the right or ability to raise the underlying issue by proper motion" in any fashion.

Second, Magistrate Judge Ellis' orders were expressly authorized by the relevant Local Rule. Local Civil Rule 37.2 provides that "No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." In this case, Defendants sought an "informal conference" regarding proposed motions under Rule 37 (for sanctions regarding Plaintiffs' interrogatory answers) and Rule 26 (for a protective order precluding a deposition). Those requests were "resolved as a consequence of such a conference" on November 20 when Magistrate Judge Ellis issued oral orders resolving those disputes. There was nothing "clearly erroneous" or "contrary to law" about Magistrate Judge's Ellis' resolution of Defendants' written requests, made after Plaintiffs' written responses. *See Moffat v. Anti-Defamation League*, 2012 U.S. Dist. LEXIS 161276, at *1-4 (S.D.N.Y. Nov. 9, 2012) (describing application of Local Rule 37.2 and noting that "it is well-settled that oral rulings are binding").

Third, the cases relied upon by Plaintiffs are inapposite because they stand only for the proposition that a court cannot prevent a litigant from filing a motion even when the motion might be frivolous. *See* DE 280 at 2 (citing cases). That proposition has no relevance here because Plaintiffs never sought to file a motion about these issues at all. Moreover, there is nothing improper about a Magistrate Judge orally ruling on the merits of a proposed motion at a status conference. Indeed, doing so has been a routine practice in this case and others pending in this Court. *See*, *e.g.*, *Best Payphones, Inc. v. Manhattan Telecomms. Corp.*, 450 Fed. Appx. 8, at

4

14-15 (2d Cir. 2011) ("the district court did not abuse its discretion in construing the letter as a motion and denying the motion. While a court may not deny a party the opportunity to file even a frivolous motion, Best had the opportunity to make the arguments necessary to preserve its sanctions motion for appellate review, and Best has not pointed to any additional argument it would have made had it filed full motion papers.").

Finally, even if this objection had any merit, it has been waived because Plaintiffs never made it to Magistrate Judge Ellis. "When a plaintiff fails to raise a claim before the magistrate judge, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the proceeding below." *Seward v. IBM Corp.*, 2012 U.S. Dist. LEXIS 38523, at *5-6 (S.D.N.Y. Mar. 9, 2012). For all of these reasons, Plaintiffs' objections should be overruled.

### III. MAGISTRATE JUDGE ELLIS DID NOT CLEARLY ERR IN PRECLUDING PLAINTIFFS FROM CALLING CERTAIN WITNESSES AT TRIAL

Although Plaintiffs object only to Magistrate Judge Ellis' November 20, 2012 order regarding their interrogatory answers, some background regarding Plaintiffs' conduct in answering interrogatories is appropriate to put the order at issue into context. As Magistrate Judge Ellis noted in another order on this subject on February 6, 2012, "[t]he history of the Interrogatories is unnecessarily extensive" due to Plaintiffs conduct, DE 198 at 1, and is set forth here only to the extent necessary to put the November 20 order into context.

Defendants propounded seven initial sets of interrogatories to Plaintiffs shortly after discovery opened on August 25, 2011. In accordance with Local Civil Rule 33.3(a), these interrogatories sought the identities of all people with knowledge relevant to certain specific factual allegations contained in Plaintiffs' operative Complaint, with each set of interrogatories corresponding to the specific attack for which the particular group of Plaintiffs has sought relief.

5

1296583.2

Initially, Plaintiffs objected to each and every one of Defendants' interrogatories and refused to provide any answers, and "[a]t a conference with the Parties on November 17, 2011, the Court determined that Plaintiffs' blanket objections were unwarranted." DE 198 at 1. While Plaintiffs then agreed to provide answers within two weeks, *see* 11/17/11 Tr. at 32-33, they failed to do so. On December 9, 2011, the Court had to issue an order compelling Plaintiffs to answer the interrogatories at issue "no later than December 16, 2011." DE 171 at 2.[2]

Plaintiffs' resulting first supplemental responses to all of the interrogatories asking them to identify persons with knowledge relevant to specific factual allegations in identified paragraphs of the Complaint were, for the most part, identical.[3] Indeed, with one exception (the answers by the Coulter, Carter, Blutstein, and Gritz Plaintiffs, which specifically identified two individuals by name), each response merely listed categories of people, organizations, and "the United States." *See* Defendants' Jan. 13, 2012 letter to the Court at 2. After a hearing was held on this issue on January 19, *see* 1/19/12 Tr. at 9-29, Magistrate Judge Ellis entered an order finding that Plaintiffs had failed to make "a good faith attempt to provide names to defendants," DE 198 at 1-2. *See also* 11/19/12 Tr. at 23:17-21 ("Your obligation under discovery is to point the defendant in the direction of the people you believe have knowledge, and…[that] doesn't mean you get to throw everybody else into the stew."). In short, "[i]f Plaintiffs had actual

---

[2] It was not until January 13, 2012 that Defendants actually received via facsimile Plaintiffs' first supplemental interrogatory answers.

[3] Each response contained the following, or a subset of the following:

> Plaintiffs; Defendants (including their past and present officers, employees and agents); the United States (including its past and present officers, employees and agents); all persons identified in the documents disclosed and/or produced by Plaintiffs in this action; all persons identified in the documents disclosed and/or produced by Defendants in this action; and all persons identified in the interrogatories propounded by Plaintiffs in this action and in Defendants' answers to those interrogatories; and all persons mentioned in the complaint and first amended complaint in this action.

names, they were required to indicate them." DE 198 at 2. Thus, the Court held that Plaintiffs' interrogatory "responses violated the Court's December 9, 2011 Order and are sanctionable." *Id*. The Court declined to sanction Plaintiffs at that time, however, finding that "[t]he decision of whether to sanction and what sanction is appropriate will be deferred until the Court can assess Plaintiffs' demonstration of good faith after the specific guidance given at the January [1]9, 2012 conference." *Id.* at 3. The Court gave Plaintiffs three weeks, until February 9, 2012, to respond appropriately. *Id.*

On February 9, Defendants received Plaintiffs' second supplemental interrogatory responses in which they named the *same* thirty-six people in response to each and every interrogatory seeking the identities of people with knowledge of Defendants' purported liability for the seven *different* attacks at issue in this case. *See* Defendants' Feb. 21, 2012 letter to the Court. For example, the Mandelkorn Plaintiffs claim that Mahmoud Abbas, the current President of the PA and Chairman of the PLO, has knowledge that the June 19, 2002 bombing was planned and carried out using material support provided by Defendants for that express purpose. Moreover, according to Plaintiffs, President Abbas has similar knowledge concerning the other six attacks in which the remaining Plaintiffs were allegedly injured. This pattern is repeated over and over throughout Plaintiffs' responses. Just as troubling is the fact that each set of Plaintiffs' responses assert that thirty-one other Palestinians, some of whom are current or former high-ranking Palestinian officials, and four former high-ranking American officials, namely Colin Powell (former U.S. Secretary of State), Condoleezza Rice (former U.S. Secretary of State), Anthony Zinni (former U.S. Special Envoy to Israel and the Palestinian Authority), and Ari Fleisher (former White House Press Secretary), each have the same detailed knowledge of all of these same attacks.

7

On February 21, 2012, counsel for Defendants sent a letter to Magistrate Judge Ellis pursuant to Local Civil Rule 37.2 and his Individual Practice 2.A "concerning whether Plaintiffs should be sanctioned for failing to comply with the Court's February 6 Order requiring them to respond in good faith to interrogatories concerning the identity of certain witnesses." *Id.* at 1. The relief requested in that letter was discussed at length at a hearing on March 20, 2012. *See* 3/20/12 Tr. at 4-32.  During that discussion Magistrate Judge Ellis reminded Plaintiffs' counsel that "the purpose of interrogatories is so that the other party can know which individuals might be witnesses in the case," *id.* at 10:24-11:1, and so that Defendants "can know who has the information that the other side has that may be coming to trial so they can determine who they want to depose," *id.* at 11:18-20.  The Court indicated that it would "decide whether or not there's a need for sanctions or how to deal with this issue," *id.* at 23:20-22, and took the matter "under submission," *id.* at 32:8.[4]

On March 9, 2012, Defendants served the interrogatories at issue.  These interrogatories sought the identity of witnesses with knowledge about the arrests and/or releases from detention by the PA of five individuals whom Plaintiffs assert are responsible for three of the attacks in which Plaintiffs claim to have been injured.  Those individuals are Abdel Karim Aweis, Mohammed Hashaika, Nasser Shawish, Nasser Aweis, and Abdullah Barghouti.  On April 16, 2012, Plaintiffs served their objections, in which they again declined to provide a substantive response to any of Defendants' interrogatories.  On April 30, 2012, Defendants requested an informal conference with the Court concerning those objections.

Immediately prior to the next Status Conference on June 28, 2012, Plaintiffs agreed to withdraw their objections and to serve supplemental interrogatory answers to the interrogatories

---

[4] Magistrate Judge Ellis has not yet ruled on whether Plaintiffs will be sanctioned for those interrogatory responses.

1296583.2

at issue. *See* 6/28/12 Tr. at 2. At the conference, Defendants requested that the Court set a deadline for Plaintiffs' responses. *Id.* Plaintiffs requested 30 more days, and, over Defendants' objection, the Court ordered Plaintiffs to serve their responses within that time. *Id.* at 5, 7. Plaintiffs eventually served responses dated July 31, 2012. *See* DE 282-2 at 4-24.

On October 1, 2012, counsel for Defendants sent a letter to Magistrate Judge Ellis pursuant to Local Civil Rule 37.2 and his Individual Practice 2.A "concerning whether Plaintiffs should be sanctioned pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) to for failing to comply with the Court's order, issued at the June 28, 2012 status conference, requiring Plaintiffs to respond within 30 days to Defendants' interrogatories concerning the identity of certain witnesses." DE 282-2 at 1. In particular, Defendants sought sanctions for Plaintiffs' "Supplemental Answers to (1) Interrogatory Nos. 12-14 to the Bauer Plaintiffs, (2) Interrogatory No. 12 to the Gould and Waldman Plaintiffs, [and] (3) Interrogatory No. 13 to the Blutstein, Carter, Coulter and Gritz Plaintiffs." *Id.* at 2. Defendants also attached the interrogatory answers at issue to their October 1 letter. *See* DE 282-2 at 4-24. Defendants contended that sanctions were appropriate because Plaintiffs had, once again, named dozens of persons as witnesses, including such "non-natural persons" as the PA, the PLO, "Israel," "the United States," and "CBS," and had failed to provide the identifying information required by Local Rule 26.3. *Id.* at 2-3. Among the specific relief sought by Defendants was an order "barring Plaintiffs from introducing evidence from any witnesses who have not been sufficiently identified by name or address for Defendants to locate and take discovery from them." *Id.* at 3.

Defendants October 1 letter was discussed at the status conference on October 4, 2012. 10/4/12 Tr. at 2-10. At that hearing Magistrate Judge Ellis remarked that he was experiencing "déjà vu" because "I keep thinking I've made myself clear to the plaintiffs and yet I keep getting

9

letters saying that we're still getting these kinds of responses." *Id.* at 7:4-6. Magistrate Judge Ellis even went so far as to suggest how Plaintiffs might cure their deficient answers: "maybe you need to come up with categories. These are people that we know because we've had conversations with [them]. These are people we read about. These are people who we saw reports about so that either I or the defendants can make a determination about – because ultimately what someone in discovery needs to be able to determine is whether or not they want to depose or seek any further discovery on it." *Id.* at 9:16-22. At Plaintiffs' request, Magistrate Judge Ellis gave the Plaintiffs until October 11 to respond. *Id.* at 10:9.

Plaintiffs responded a day late on October 12, 2012, but did not directly address either the bases for the requested sanctions set out in Defendants' October 1 letter or Magistrate Judge Ellis' suggestion as to how they could cure their deficient answers. DE 282-3. Instead, Plaintiffs October 12 letter principally complained about Defendants' discovery responses. *Id.* at 2-5.

Against that backdrop, Magistrate Judge Ellis ruled as follows on November 20:

> First, with respect to the things that were pending this morning before I came in or at least before Sandy struck, there's a question of the defendants' request for sanctions based upon the plaintiffs' response to interrogatory seeking to identify witnesses with knowledge about arrest, release from detention by the PA of five individuals. I don't think it's necessary to impose sanctions, although my review indicates that the responses have the same general broad brush that I had found issue with before and that it just – it was not basically designed to identify individuals who could be called as witnesses because they had firsthand knowledge.
> And therefore, since it appeared there was not an attempt to divide people into categories of people who would be – who would have firsthand knowledge to the extent that the individuals have been identified by the plaintiffs who have been identified so broadly, I'm – I consider those identifications a nullity and I – what I will order is that to the extent there are individuals that are listed, they are precluded from being witnesses since the idea is to identify people who could be deposed. It did not do that for me and so if – it's just not going to happen.

1296583.2

DE 282-1 at 3-4.

Plaintiffs now object to this ruling on two specific grounds.  First, Plaintiffs assert that they "do not believe there is any lawful basis for precluding anyone's testimony in connection with this issue."  DE 280 at 4.  This objection is meritless.  As Defendants pointed out in their October 1 letter, DE 282-2 at 3, Rule 37 provides the "lawful basis for" Magistrate Judge Ellis' November 20 order.  In particular, Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders;" Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond;" and Rule 37(b)(2)(A)(ii) authorizes the Court to issue an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Here, Magistrate Judge Ellis ordered the Plaintiffs to answer the interrogatories at issue at the June 28 conference, DE 282-1 at 1-2, and found at the November 20 conference that Plaintiffs' answers had failed to identify individuals who could be called as witnesses because they had "firsthand knowledge," DE 282-1 at 4.  Accordingly, it was not "clearly erroneous or . . . contrary to law" for Magistrate Judge Ellis to order that "to the extent there are individuals that are listed, they are precluded from being witnesses."  DE 282-1 at 4.

Plaintiffs also object "to the extent the Order is not clear with respect to whose testimony Judge Ellis intended to preclude."  DE 280 at 4.  Plaintiffs' objection should be overruled.  As an initial matter, the objection has been waived because it was not raised before the Magistrate Judge.  *Seward*, 2012 U.S. Dist. LEXIS 38523, at *5-6.  Indeed, Plaintiffs have never asked Magistrate Judge Ellis to reconsider or clarify his order at the hearing or afterwards, and it is now too late to do so.  Local Civil Rule 6.3.  In any event, the objection is meritless.  Defendants'

11

October 1 letter attached the interrogatory answers at issue, DE 282-2 at 4-24, and Magistrate Judge Ellis ruled that "to the extent there are individuals that are listed, they are precluded from being witnesses since the idea is to identify people who could be deposed," DE 282-1 at 4.  Thus, it is abundantly clear that the individuals listed on pages 4-24 of DE 282-2 "are precluded from being witnesses" for the Plaintiffs under the terms of Magistrate Judge Ellis' November 20 order. Accordingly, Plaintiffs' objections should be overruled.

IV. **MAGISTRATE JUDGE ELLIS DID NOT ERR IN PRECLUDING PLAINTIFFS FROM DEPOSING INTESAR AL-WAZEER**

On September 19, 2012, Plaintiffs served a deposition notice "pursuant to Fed.R.Civ.P. 30" of the "deposition of Intisar Al-Wazir in her capacity as an officer, director and managing agent of Defendants."  DE 282-4 at 5.  The deposition was noticed to "take place on October 3, 2012, at 10:00 a.m., at the American Colony Hotel in Jerusalem."  *Id.*[5]

On October 1, 2012, counsel for Defendants sent a letter to Magistrate Judge Ellis pursuant to Local Civil Rule 37.2 and his Individual Practice 2.A "concerning whether the Court should enter a protective order precluding the deposition."  The October 1 letter attached a sworn declaration from Ms. Al-Wazeer and explained that

> Plaintiffs initially sought Ms. Al-Wazeer's deposition in order to ask her about a document Plaintiffs produced to Defendants last month which appears to be a letter on the Institute's letterhead dated June 23, 2008 regarding the dissertation of a PhD student named Bassan Banat ("the Letter"). [DE 282-4 at 12].  Although the signature block of the letter contains Ms. Al-Wazeer's name in English, *id.*, the signature is not actually hers, [DE 282-4 at 9] ¶ 7.  Rather, the signature appears to be that of a former subordinate of Ms. Al-Wazeer's, who is now retired and lives in Gaza.  *Id.* ¶ 8 and [DE 282-4 at 14].  After defense counsel advised Plaintiffs that the signature on the letter was not Ms. Al-Wazeer's, Plaintiffs' counsel indicated that they still wanted to

---

[5] Plaintiffs repeatedly, and oddly, reference "Rule 30(b)(6)" in connection with Ms. Al-Wazeer's noticed deposition, *see* DE 280 at 2, 4-5, but the notice at issue was not in fact issued pursuant to Rule 30(b)(6).

12

>    depose Ms. Al-Wazeer about the list of persons described in the
>    Letter, and, more generally, about the operations of the Institute.

DE 282-4 at 1.  The October 1 letter offered four substantive reasons for the requested protective order:

>    <u>First</u>, there is no reason to believe that Ms. Al-Wazeer can provide testimony that would be admissible or likely to lead to admissible evidence about the Letter or the list to which it refers. Fed. R. Civ. P. 26(b)(1).  Ms. Al-Wazeer has no personal knowledge of the Letter and no relevant knowledge of the facts of this case. [DE 282-4] ¶¶ 9, 13.  Moreover, the list referenced in the letter is itself irrelevant to the claims and defenses in this case because it pertains only to Palestinians who resided in Gaza, *id.* ¶ 12, and none of the alleged deceased perpetrators in this case are from Gaza.
>
>    <u>Second</u>, the plain language of Rule 30 does not require Defendants to produce any specifically named officer, director or managing agent in response to a deposition notice served by Plaintiffs.  Rather, Defendants can only be required to produce an officer, director or managing agent in response to a notice issued under Rule 30(b)(6).  This issue was thoroughly analyzed in *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997), which correctly held that "[n]othing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition."  Although Rule 30(b)(1) "allows a party to notice for deposition on oral examination 'any person,'" "[n]othing in Rule 30(b)(1) refers to a corporation or a director[,] managing agent, or officer."  *Id*.  Thus, Rule 30(b)(1) "does not expressly obligate a corporation to produce a corporate director, officer or managing agent in the litigation forum for deposition."  *Id.* at 501. Magistrate Judge Facciola recently rejected a similar deposition request in a case pending against the Defendants in Washington, DC.  There the Plaintiffs sought to compel the PA to produce Jabril Rajoub based on a Rule 30(b)(1) notice averring that he was the PA's "managing agent."  The court rejected that request holding that "plaintiffs could 1) serve a notice to take the deposition of Rajoub and then use international law, as best it could, to compel his attendance, or 2) serve a notice to take a Rule 30(b)(6) deposition of the defendants, specifying . . . the topic of the deposition." *Klieman v. Palestinian Auth.*, 2012 U.S. Dist. LEXIS 78287, at *14 (June 6, 2012).  "In the latter case, defendants would have to designate an officer, director, or managing agent to speak to that topic.  But, what plaintiffs cannot do, for the Rules do not

permit it, is insist that Rajoub be the person the defendants designate." *Id.* Accordingly, whether or not Ms. Al-Wazeer "can be deemed a *de facto* managing agent is irrelevant." *Id. See also id.* at *14-15 ("I appreciate that it is the customary and laudable practice of the lawyers who practice in this Court to have their corporate and organizational clients direct their officers and employees to appear for their individual depositions under Rule 30(a)(1)" but that "does not change the fundamental distinction between compelling an individual's appearance at that individual's deposition by notice of deposition under Rule 30(a)(1) and a subpoena issued under Rule 45. Plaintiffs' insistence that this Court compel Rajoub to attend a deposition demands that the Court exercise a power it does not have--to compel a particular person to be the defendants' Rule 30(b)(6) designee--and must therefore be rejected.").

Third, even if the PA and the PLO would otherwise have to produce a specifically named officer, director or managing agent in response to Plaintiffs' notice, Ms. Al-Wazeer is not such a person. Plaintiffs contend that Ms. Al-Wazeer is an "officer, director, or managing agent" of the PLO based on her position at the Institute. "The identification of corporate officers and directors is a simple fact question," *Triple Crown Am., Inc. v. Biosynth AG*, Civil Action No. 96-7476, 1998 U.S. Dist. LEXIS 6117, at *6 (E.D. Pa. Apr. 30, 1998), and an "'officer' is best understood to mean a corporate officer such as a CEO or CFO -- a person vested with much authority whose deposition testimony can reasonably be treated as representing the interests of the party that employs him or her," *Glasgow v. Michigan City Police Department*, No. 3:03-CV-676, 2005 U.S. Dist. LEXIS 6025 at *5-6 (N.D. Ind. Apr. 8, 2005). Ms. Al-Wazeer's middle management position in the PLO does not rise to the level required by the cases. She heads an Institute that is within the PLO's Department of Social Affairs. She simply does not have the authority, responsibilities or knowledge akin to that of a CEO of the entire PLO in her capacity as the head of the Institute.

Fourth, even if the PLO would otherwise have to produce Ms. Al-Wazeer in response to a notice, she should be excused from appearing because of her advanced age and her lack of personal knowledge of the facts relevant to this case or unique knowledge of any facts related to the operation of the Institute. *See*, *e.g.*, *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-cv-5316, 2006 U.S. Dist. LEXIS 87096, at *39 (S.D.N.Y. Nov. 29, 2006) ("[T]he courts have agreed that if a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an

14

1296583.2

> order vacating the deposition notice if it can demonstrate that the
> proposed deponent has no personal knowledge of the relevant facts
> and no unique knowledge of those facts.").

DE 282-4 at 1-3 (footnote omitted).

At the hearing on October 4, Plaintiffs requested additional time to respond to Defendants' October 1 letter, and Magistrate Judge Ellis gave Plaintiffs until October 11 to respond. 10/4/12 Tr. at 2-3, 10. Plaintiffs responded a day late on October 12, 2012, but did not address any of the substantive bases for the requested protective order set out in Defendants' October 1 letter. DE 282-3 at 5-6. Instead, Plaintiffs asked for ten *more* days to respond to the October 1 letter. *Id.* at 6. Magistrate Judge Ellis did not grant that request, and the requested ten days passed without any further submission from the Plaintiffs regarding this issue.

Magistrate Judge Ellis ruled as follows on November 20:

> With respect to the defendants' motion to preclude the plaintiffs from deposing Interzar Al-Wahzier [Ph.], that motion by the defendants is granted. I don't see anything that indicates that the particular witness is a high enough individual such that their deposition would be necessarily ordered and frankly the letter of reference to Palestinian martyrs doesn't really give me any traction that it's likely to lead to any relevant evidence.

DE 282-1 at 4:10-17.

Plaintiffs now object to this ruling on two grounds. First, Plaintiffs object to the order because it is assertedly "premature, both without a deposition date for her noticed, and without the chance for plaintiffs to attempt to make the requisite showing." DE 280 at 5. This objection is meritless. As an initial matter, there was, in fact, "a deposition date for her noticed." *See* DE 282-4 at 5. Indeed, it was precisely because Plaintiffs had noticed Ms. Al-Wazeer's deposition for "October 3, 2012, at 10:00 a.m., at the American Colony Hotel in Jerusalem," *id.*, that Defendants sought the protective order that was entered by Magistrate Judge Ellis on November

20.  Moreover, Plaintiffs clearly had a more than adequate "chance . . . to attempt to make the requisite showing" that a deposition of Ms. Al-Wazeer was appropriate.  In fact, Plaintiffs asked for, and received, additional time to do so from Magistrate Judge Ellis at the October 4 hearing.  10/4/12 Tr. at 2-3, 10.  Plaintiffs then missed that deadline and asked for ten more days, DE 282-3 at 6, but still failed to substantively respond to Defendants' October 1 letter.  Under these circumstances, it was obviously not "clearly erroneous or . . . contrary to law" for Magistrate Judge Ellis to enter the requested protective order on the grounds that "I don't see anything that indicates that the particular witness is a high enough individual such that their deposition would be necessarily ordered."  DE 282-1 at 4:12-15.  Furthermore, when Magistrate Judge Ellis made that ruling on November 20, Plaintiffs did not complain to him that his ruling was premature or they needed more time to respond.  Accordingly, to the extent this objection ever had any merit, it has also been waived.  *Seward*, 2012 U.S. Dist. LEXIS 38523, at *5-6.

Plaintiffs also "object to the extent Judge Ellis' oral Order suggests that . . . Ms. Al-Wazeer's agency's role in providing a doctoral student with full information for his research on the operations of all Palestinian terrorist suicide bombers does not indicate that her deposition is likely to lead to any relevant evidence."  DE 280 at 5.  This objection is also meritless.  Defendants demonstrated in their October 1 letter and its accompanying sworn declaration that "Ms. Al-Wazeer has no personal knowledge of" the letter which formed the predicate for her requested deposition, and that "the list referenced in the letter is itself irrelevant to the claims and defenses in this case because it pertains only to Palestinians who resided in Gaza, and none of the alleged deceased perpetrators in this case are from Gaza."  DE 282-4 at 1, 9 ¶¶ 9, 12, 13 (citations omitted).  Plaintiffs never presented any evidence or argument to the contrary.  *See* DE 282-3 at 5-6.  Plaintiffs now claim that "Ms. Al-Wazeer's testimony on the subject" described in

16

the letter "is extraordinarily and directly relevant to the issues in the case," DE 280 at 5, but they never presented any evidence to support that claim before the Magistrate Judge, and therefore cannot prevail upon it here. *Seward*, 2012 U.S. Dist. LEXIS 38523, at *5-6. Accordingly, it was not "clearly erroneous or . . . contrary to law" for Magistrate Judge Ellis to enter the requested protective order on the alternative grounds that "the letter of reference to Palestinian martyrs doesn't really give me any traction that it's likely to lead to any relevant evidence." DE 282-1 at 4:15-17.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objections to Magistrate Judge's Oral Order of November 20, 2012 on Two Pre-Motion Letters Related to Discovery should be overruled.

December 21, 2012              Respectfully Submitted,


　　　　　　　　　　　　　　　　__/s/ Mark J. Rochon_____
　　　　　　　　　　　　　　　　Mark J. Rochon
　　　　　　　　　　　　　　　　Richard A. Hibey
　　　　　　　　　　　　　　　　Laura G. Ferguson
　　　　　　　　　　　　　　　　Brian A. Hill
　　　　　　　　　　　　　　　　MILLER & CHEVALIER CHARTERED
　　　　　　　　　　　　　　　　655 15th Street, NW, Suite 900
　　　　　　　　　　　　　　　　Washington D.C. 20005-6701
　　　　　　　　　　　　　　　　(202) 626-5800 [tel]
　　　　　　　　　　　　　　　　(202) 626-5801 [fax]
　　　　　　　　　　　　　　　　mrochon@milchev.com [email]


　　　　　　　　　　　　　　　　*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*