# EXHIBIT 1



**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

November 8, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

      I write in response to Plaintiffs' overlong October 30, 2012 letter ("Letter") requesting a pre-motion conference concerning Plaintiffs' request that you compel Defendants to produce all documents responsive to Document Request Nos. 41-44. Plaintiffs' request should be denied.

      Defendants have not "wholly refused," Letter at 1, to provide documents responsive to Request Nos. 41 and 42. In fact, in their Responses to those requests -- which seek "[a]ll documents concerning the capacity of the PA [and the PLO] to sue or be sued" -- Defendants expressly incorporated by reference the documents listed in their initial disclosures which were already in Plaintiffs' possession. *See* Letter at Ex. B at 29-31; Ex. 1 at 5. Defendants also specified which of the documents identified in their initial disclosures were responsive to Request Nos. 41 and 42 when Plaintiffs asked that they do so. *See* Ex. 2. Defendants also clearly stated that "to the extent Defendants intend to, or intend in the future to, use a publicly available document to support their lack of capacity defense, they have, or will in the future, provide a copy or description of such a document." Ex. 3. Defendants have therefore not "refused to identify the . . . publicly available documents which . . . are responsive to Plaintiffs' requests" as Plaintiffs claim. Letter at 3. Rather, Defendants have agreed to produce or identify all documents, even those that are publicly available, which they will use to support their capacity defense. Accordingly, Plaintiffs will be receiving "the full documentary basis . . . for Defendants' lack of capacity" claims, which is exactly what Plaintiffs' claim was their "purpose" in propounding Request Nos. 41 and 42. *See* Letter at 2.

      Request Nos. 41 and 42 are, however, not limited to documents which Defendants may use to support their lack of capacity defense, but instead seek an overly broad, unduly burdensome and partially irrelevant production of what are vaguely described as "[a]ll documents concerning the capacity of" the PA or PLO "to sue or be sued." For that reason, Defendants properly objected that those requests were overly broad, unduly burdensome, vague, ambiguous, and, in part, irrelevant. Letter Ex. B at 29-31. Plaintiffs' letter asserts that they "are entitled to know exactly what

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



documents Defendants will use in support of their lack of capacity defense," Letter at 3, but Defendants have already agreed to produce all such documents, Ex. 3. Plaintiffs' letter contains no argument that Defendants should be compelled to produce documents Defendants will not "use in support of their lack of capacity defense." Accordingly, Defendants' valid objections to producing *all* documents responsive to Request Nos. 41 and 42 should be sustained, and Defendants should not be compelled to make a production in response to Request Nos. 41 or 42 beyond that which they have already agreed to make.

Plaintiffs also seek to compel production of documents responsive to Request Nos. 43 and 44 which seek "all" documents "filed or served" by the PA or PLO in "any . . . legal proceeding" "initiated by" the PA or PLO in "any court" over the course of the last 12 years. *See* Letter Ex. A at 5. Plaintiffs contend that such documents are "extremely relevant." Letter at 4. Plaintiffs are incorrect as a matter of law and fact. Because the PA and PLO are neither individuals nor corporations, their capacity to be sued on non-Federal claims is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Plaintiffs claim that because the PA is a "purported foreign governmental or quasi-governmental entity" its capacity to be sued is determined by the law of its "home jurisdiction." Letter at 4. But the cases cited by Plaintiffs for this proposition all involve domestic local governments which were incorporated by state legislatures. *Id.* In such an instance the legislation creating the governmental entity is the source of its capacity to sue or be sued. *See Matter of Vil. of Chestnut Ridge v. Town of Ramapo*, 45 A.D.3d 74, 80-81 (N.Y. App. Div. 2d 2007) ("Being artificial creatures of statute, [governmental] entities have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate."). The PA, by contrast, has never been incorporated by any state, foreign or domestic. New York cases have previously held that such unincorporated governmental entities lack the capacity for suit under New York law. *See Royal Norwegian Navy v. David Smith Steel Co.*, 185 Misc. 880, 879-880 (N.Y. Sup. Ct. 1945) ("Since the moving papers establish that the plaintiff is an agency of a foreign government and is neither a person nor a corporation, it has no legal capacity to sue."); *Argentine Airlines v. Aircraft Dynamics Corp.*, 9 Misc. 2d 272, 272-273 (N.Y. Sup. Ct. 1957) (same). Plaintiffs' argument about the PLO is similarly misplaced as it relies upon a case where the trust at issue was granted the capacity for suit by an act of the Massachusetts legislature. Here, the PLO, like the PA, has never been endowed with that ability by any statute of any state anywhere in the world. Thus, whether the PA or PLO can sue or be sued in their "home jurisdiction" is irrelevant as a matter of law to the Defendants' capacity defense in this matter. The requested documents are also facially irrelevant because they pertain to actions brought by the Defendants in foreign fora rather than against the Defendants in New York.

Moreover, even if the requested documents were somehow relevant, the production Plaintiffs seek is unreasonably broad, and collecting those documents would be unduly burdensome. For example, because the PA has criminal jurisdiction over offenses committed in the areas under its territorial jurisdiction, over the course of the last dozen years the PA has prosecuted many



Hon. Ronald L. Ellis
November 8, 2012
Page 3

criminal cases in each of the governorates under its control. The documents associated with those prosecutions are housed in the relevant offices and the courthouses of each governorate. Because those documents alone are numerous and not stored in a single location, it would be unduly burdensome to produce them all. Furthermore, requiring the Defendants to locate and produce "all" documents filed by the PA in PA courts since 2001 would be unduly burdensome because the PA's ability to initiate a legal proceeding there could be demonstrated with a far less burdensome discovery request, such as an interrogatory, than the large production sought here. Indeed, if the point of this discovery is to demonstrate that the PA brings suits in the Palestinian Territory, then the discovery is not necessary at all as the PA does not deny that it brings suits in its own courts.[1]

Furthermore, the Requests unreasonably call for production of documents which are equally accessible to Plaintiffs. For example, in December 2003, the U.N. General Assembly requested that the International Court of Justice issue an advisory opinion relating to the construction of the wall built by Israel in the West Bank. Defendants should not be required to produce submissions in that action because they are on the ICJ's website and are therefore equally accessible to both parties.[2] *See Robinson v. Adams*, No. 1:08-cv-01380, 2011 U.S. Dist. LEXIS 60370, at *44-45 (E.D. Cal., May 26, 2011) ("The discovery sought by Plaintiff are public records and are equally accessible to him. Plaintiff can retrieve the documents himself or retain someone to obtain them for him. Plaintiff has failed to offer any persuasive argument to shift the cost and burden of retrieving the court documents to Defendants."). *See also* Ex. 3 (collecting additional cases).

, Accordingly, Plaintiffs request should be denied. We are willing to address any questions the Court may have regarding the foregoing at the hearing set for November 20, 2012, or at another time convenient for the Court.

Sincerely,

/s/

Brian A. Hill

cc:   Robert J. Tolchin, Esq.
      David I. Schoen, Esq.

---

[1] Plaintiffs speculate that the Requests might yield documents authored on behalf of the PA or PLO that "include a self-description and statement of capacity to sue" because this is assertedly a "typical" thing for a party who initiates a legal action to do. Letter at 5. But even if Plaintiffs were correct in making this assumption, that would not justify their request for "[a]ll" documents "filed or served" by the PA or PLO in "any" legal action at any point since the turn of the century. *See* Letter Ex. A at 5. It would only support a request for documents including a description of the sort described by Plaintiffs – and even this would be unnecessary and unduly burdensome for the reasons set forth above.

[2] *See* http://www.icj-cij.org/docket/index.php?p1=3&p2=4&k=5a&case=131&code=mwp&p3=1.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINE LIBERATION )<br>ORGANIZATION, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 04cv397 (GBD) (RLE) |

### DEFENDANTS THE PALESTINIAN AUTHORITY'S AND THE PALESTINE LIBERATION ORGANIZATION'S RULE 26(a)(1)(A) DISCLOSURES

I.   Introduction

Defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), by and through counsel, submit the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and state as follows:

1.   The disclosures contained herein are based on certain non-privileged information that is currently available to the Defendants. The Defendants reserve the right, if and as required under Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 26(e), to amend the Initial Disclosures as discovery progresses in this case.

2.   In this regard, though Defendants' investigation into the facts alleged in Plaintiffs' First Amended Complaint ("Complaint") is ongoing, Defendants note that all of the attacks alleged in the Complaint took place in areas controlled by the Government of Israel, where the PA and PLO lack governing, investigative, and law enforcement authority and capability. Defendants' ability to gather information and documents that they may use to support their

defenses to Plaintiffs' allegations is hampered by this fact.

3.  The Defendants are not hereby disclosing any information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other applicable statutory or common law privileges.

4.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the Defendants are not disclosing information that they may have and may use solely for purposes of impeachment.

II. Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A):

A. *Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i):*

**"The name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendants provide below the name and other required information, as known, concerning individuals "likely to have discoverable information" that the Defendants "may use to support [their] claims or defenses." As stated above, the investigation is continuing, and Defendants will supplement these disclosures as they encounter additional individuals that Defendants may use to support their claims or defenses. Listing the following individuals (i) does not constitute a representation that Defendants have yet spoken with the individuals, (ii) does not suggest that Defendants have or will sponsor any statements by the individuals, and (iii) does not suggest that Defendants have the ability to make the individuals available or will call the individuals to testify at trial. Where employed by Defendants, individuals may be contacted through counsel for Defendants.

|   | Name | Address | Subject of Discoverable Information |
|---|------|---------|-------------------------------------|
| 1 | Representative from the Office of the Presidential Security Services | Headquarters of the Office of the Presidential Security Service, The Muqata'a Ramallah, Occupied Palestinian Territory +972-2-240-8557 | May have information relating to the security situation and security infrastructure in the Occupied Territories at the time of the incidents; may have information relating to the existence, contents, organization and destruction of records of military, police, law enforcement and security organizations in the Palestinian Territories, including, without limitation, the removal and/or destruction of such records by the Israeli Defense Forces; and may have information relating to Defendants' lack of responsibility for the incidents. |
| 2 | Representative from the Office of the Palestinian National Security Forces | Headquarters of the Palestinian National Security Forces, The Muqata'a Ramallah, Occupied Palestinian Territory +972-2-298-9392 | May have information relating to the security situation and security infrastructure in the Occupied Territories at the time of the incidents; may have information relating to the existence, contents, organization and destruction of records of military, police, law enforcement and security organizations in the Palestinian Territories, including, without limitation, the removal and/or destruction of such records by the Israeli Defense Forces; and may have information relating to Defendants' lack of responsibility for the incidents. |

1180913.1

| 3 | Representative from the Office of the Palestinian Civil Police | Headquarters of the the Palestinian Civil Police, Ramallah, Occupied Palestinian Territory +972-2-296-3485 | May have information relating to the security situation and security infrastructure in the Occupied Territories at the time of the incidents; may have information relating to the existence, contents, organization and destruction of records of military, police, law enforcement and security organizations in the Palestinian Territories, including, without limitation, the removal and/or destruction of such records by the Israeli Defense Forces; and may have information relating to Defendants' lack of responsibility for the incidents. |
| --- | --- | --- | --- |
| 4 | Representative from the Office of the Palestinian General Intelligence Service | Headquarters of the Palestinian General Intelligence Service, Ramallah, Occupied Palestinian Territory +972-2-298-8980 | May have information relating to the security situation and security infrastructure in the Occupied Territories at the time of the incidents; may have information relating to the existence, contents, organization and destruction of records of military, police, law enforcement and security organizations in the Palestinian Territories, including, without limitation, the removal and/or destruction of such records by the Israeli Defense Forces; and may have information relating to Defendants' lack of responsibility for the incidents. |
| 5 | Any individual identified by Plaintiffs in their disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) | | |

1180913.1

B.   *Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)*

"A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

The PA hereby describes, by category, non-privileged documents and tangible things that Defendants may use to support their claims or defenses. As stated above, the investigation is continuing, and Defendants will supplement these disclosures as they encounter additional documents that Defendants may use to support their claims or defenses.

1. Documents produced by Plaintiffs in response to Defendants' Requests for Production of documents.

2. The following documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. Palestinian Authority*, 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.): Exhibit Numbers 1-5, 7-12, 16-20, 22-23, 25-26, 30-34, 36-44, 48, 51-54, and 58-60.

3. Any documents identified by Plaintiffs in their disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

4. Statements issued by the Palestinian Authority condemning the incidents at issue in this lawsuit.

C.   *Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)*

At this time, Defendants have no disclosures to make pursuant to this subsection.

D.   *Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv)*

At this time, Defendants have no disclosures to make pursuant to this subsection.

1180913.1

Dated: July 25, 2011

Respectfully submitted,

*[signature]*

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)
Email: mrochon@milchev.com
       rhibey@milchev.com
       lferguson@milchev.com
       bhill@milchev.com

*Attorneys for Defendants The Palestinian Authority and The Palestine Liberation Organization*

1180913.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25th, 2011, a true and genuine copy of the foregoing was sent by electronic [mail to] the following:

Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
rjt@tolchinlaw.com

*Attorneys for Plaintiffs*

_____
Mark J. Rochon

7

1180913.1

# EXHIBIT 2

## Hill, Brian

**From:** Hill, Brian
**Sent:** Tuesday, October 09, 2012 6:48 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** RE: Sokolow

Bob,

I write in response to your email below.

1)      Defendants are in fact asserting that documents referenced in their Rule 26(a)(1)(A) disclosures may be responsive to Requests 41 and 42 of Plaintiffs' 7th RPD.
2)      Defendants believe that the documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. Palestinian Authority*, 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.) bearing Exhibit Numbers 26, 31 and 32 may be responsive to Plaintiffs' Request 41.
3)      Defendants believe that the documents produced to Plaintiffs' counsel and appearing on Defendants' July 13, 2010 list of trial exhibits in the case of *Saperstein v. Palestinian Authority*, 04-20225-CIV-Seitz/O'Sullivan (S.D. Fla.) bearing Exhibit Numbers 23 and 25 may be responsive to Plaintiffs' Request 42.

For the record, I disagree that we have engaged in "repeated dilatory abuses" or that "our meet and confer obligations" will be "exhausted" if we should ever fail to provide you with what you consider "a prompt, substantive reply" to an email you send to us.

Regards,


Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Sunday, October 07, 2012 7:48 AM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** Sokolow

Brian -

In their responses to Requests 41 and 42 of plaintiffs' 7th RPD, the defendants appear to claim that documents referenced in their Rule 26(a)(1)(A) disclosures are somehow responsive to those requests. However, we do not believe that or see how any of the documents referenced in defendants' Rule 26(a)(1)(A) disclosures are possibly responsive to plaintiffs' Requests 41 and 42. Accordingly, we request that you immediately clarify:

1

1) Whether defendants are in fact asserting that documents referenced in their Rule 26(a)(1)(A) disclosures are somehow responsive to those requests for production;

and, if so,

2) Which documents and pages <u>exactly</u> defendants believe are responsive to plaintiffs' Request 41;
3) Which documents and pages <u>exactly</u> defendants believe are responsive to plaintiffs' Request 42.

If you decline to provide the information above please let me know immediately.

- Bob Tolchin

P.S. Please note that, because of repeated dilatory abuses on your part, we are no longer going to send you repeated emails and reminders on the same request or topic; rather, we will ask *once*, and if we do not receive a prompt, substantive reply, we will consider our meet and confer obligations exhausted and proceed to seek appropriate relief.

# EXHIBIT 3

# Hill, Brian

**From:** Hill, Brian
**Sent:** Tuesday, October 09, 2012 7:05 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** RE: Sokolow

Bob,

I write in response to your email below:

In paragraph 6 of the Preliminary Statement to our Objections and Responses to Plaintiffs' 7th RPD we stated that "Publicly available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure." Thus, to the extent Defendants intend to, or intend in the future to, use a publicly available document to support their lack of capacity defense, they have, or will in the future, provide a copy or description of such a document as required by Rule 26(a)(1)(A)(ii) and 26(e)(1)(A).

However, your Requests 41 and 42 are not limited to documents which the defendants may use to support their lack of capacity defense, but instead seek an overly broad, unduly burdensome and potentially largely irrelevant production of what are vaguely described as "[a]ll documents concerning the capacity of" the PA or PLO "to sue or be sued." We generally objected to these requests "to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants." It is because of those objections that we reiterated in our specific responses to Requests 41 and 42 that although we have no obligation to produce "documents generally available and accessible to Plaintiffs through public sources," "[t]o the extent that Defendants locate additional documents containing responsive, non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court" even if those documents are publicly available.

There is nothing improper about this aspect of Defendants' response to Requests 41 and 42. Rule 26(b)(2)(C)(i) provides that "[o]n motion or on its own, the court must limit the . . . extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." As a result, courts routinely excuse parties from being required to produce documents, like, for example, court filings, that are publicly available to their adversaries. *See Robinson v. Adams*, No. 1:08-cv-01380, 2011 U.S. Dist. LEXIS 60370, at *44-45 (E.D. Cal., May 26, 2011) ("The discovery sought by Plaintiff are public records and are equally accessible to him. Plaintiff can retrieve the documents himself or retain someone to obtain them for him. Plaintiff has failed to offer any persuasive argument to shift the cost and burden of retrieving the court documents to Defendants."). *See also Armstrong v. Shirvell*, No. 2:11-cv-11921, 2012 U.S. Dist. LEXIS 65697, at *15-16 (E.D. Mich. May 10, 2012) (sustaining objection to reproducing "public records . . . just as available to Defendant as to Plaintiff" because "acting as a copy service for a party that did not want to undertake its own search for documents is not the purpose of discovery"); *Cabot v. Wal-Mart Stores, Inc.*, No. Civ. 11-0260, 2012

1

U.S. Dist. LEXIS 22567, at *37 (D.N.M. Feb. 16, 2012) ("Because copies of the material requested in Item 11 and 12 are publicly available, the Court will not require Kendzior to produce those Items.").

For the record, I also disagree that we have engaged in "repeated dilatory abuses" or that "our meet and confer obligations" will be "exhausted" if we should ever fail to provide you with what you consider "a prompt, substantive reply" to an email you send to us.

Please let me know if you wish to confer about any aspect of Defendants' response to Requests 41 and 42 of Plaintiffs' 7th RPD.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801


**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Sunday, October 07, 2012 8:36 AM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** Sokolow

Brian –

1) In their responses to Requests 41 and 42 of plaintiffs' 7th RPD, the defendants state that they are refusing to produce documents that are "generally available and accessible to Plaintiffs' through public sources."

2) Such a response is unquestionably improper. *See e.g. Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 653 (N.D.Iowa 2009) ("The fact that ... documents are publicly available is not a substantial justification for untimely production, nor does it make the failure to timely produce them harmless."); *Regal Electronics, Inc. v. Pulse Engineering, Inc.*, 2005 WL 3078983 at *3 (N.D.Cal. 2005) ("Regal does not contend that it is without possession of the documents Pulse seeks. Rather, it argues that, since some of the information is also publicly available, Regal should not be required to produce those documents at its expense. Rule 34, however, does not excuse Regal from providing documents in its possession or control, solely because the information is also publicly available."); *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 2011 WL 4357188 at *4 (S.D.N.Y. 2011) ("As the 199 requested copyright registrations are in Defendants' custody and control, regardless of the fact that they may also be publicly available, the Magistrate did not clearly err in ordering their production.").

3) Such a response is *particularly* improper here, since the documents sought relate to the defendants' purported lack of capacity defense, on which *defendants* bear the burden of production, proof and persuasion.

4) Moreover, Judge Daniels *expressly* informed the defendants that the plaintiffs are entitled to discovery regarding the facts underlying defendants' lack of capacity claims – a fact which we will of course bring to Magistrate Judge Ellis' attention.

5) Therefore, we request that defendants immediately withdraw all their objections to these requests, retract their refusal to produce documents that are "generally available and accessible to Plaintiffs' through public sources," and produce all responsive documents. If you fail to do so we will seek all appropriate relief, including various preclusion remedies regarding defendants' lack of capacity claims.

6) Please provide your position in respect to the above immediately.

- Bob Tolchin

P.S. Please note that, because of repeated dilatory abuses on your part, we are no longer going to send you repeated emails and reminders on the same request or topic; rather, we will ask *once*, and if we do not receive a prompt, substantive reply, we will consider our meet and confer obligations exhausted and proceed to seek appropriate relief.