UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

        v.                  Civ. No. 04-397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE JUDGE'S ORAL ORDER OF NOVEMBER 20, 2012 ON TWO PREMOTION LETTERS RELATED TO DISCOVERY (DE 280)**

Defendants have filed a consolidated opposition, (DE 285), to plaintiffs' objections to Magistrate Judge Ellis' oral orders of November 20, 2012 on two pre-motion letters relating to discovery. (DE 280). Defendants' opposition is baseless and the Magistrate Judge's Orders should be overruled by this Honorable Court.

Plaintiffs rely on their Objections (DE 280) in Reply and offer only the following additional points to reply directly to defendants' opposition (DE 285):

On a preliminary procedural point, there is no merit to the assertion by defendants at page 11 of their opposition that plaintiffs should have sought reconsideration first from Magistrate Judge Ellis on certain points. The Advisory Committee Notes to the 1983 amendments to Rule 72 (with which defendants indicate in their opposition they are familiar) state that reconsideration shall be by the district judge.

As and for substantive notes, first, at pages 15-16 of their opposition, defendants assert that plaintiffs sought an additional 10 days to provide the Court with additional information which plaintiffs were seeking to show that Ms. Al-Wazeer's position with

1

the defendants was such that she is, indeed, a sufficiently high ranking official so as to be properly subject to deposition, but did nothing at the end of that 10 day period and prior to the Magistrate Judge's ruling.

On this point, defendants omit one important fact. After receiving plaintiffs' request for 10 additional days to obtain further information about Al-Wazeer from Israel, and prior to the November 20, 2012 conference, Judge Ellis's chambers telephoned the undersigned's office and advised that Judge Ellis had some follow-up questions concerning Ms. Al-Wazeer; however, the undersigned was unable to reach court personnel to return this phone call, despite many attempts, apparently due to phone outages from the terrible storm that struck the area. The undersigned expected those questions to be asked during the conference, rather than that a ruling would be entered barring the deposition on a pre-motion letter. The undersigned did not just fail to do anything further as defendants assert. Plaintiffs were waiting to hear what the Court's questions were; instead, plaintiffs heard the Court summarily grant the pre-motion letter barring the deposition altogether without taking any additional information.

Secondly, in reply to defendants' absurd contention, at page 17 of their opposition, that Magistrate Judge Ellis's suggestion that Al-Wazeer's testimony on the "martyr" issue did not appear likely to lead to relevant evidence should be endorsed by this Court, rather than burdening the Court with additional paper on this issue, plaintiffs refer the Court and incorporate by reference herein pages 23-27 of DE 269 and the relevant exhibits attached thereto for an explanation of how the "martyr" issue and the activities of Ms. Al-Wazeer's office are at the heart of relevance to the question of

material support, encouragement, and ratification by the defendants of the kinds of attacks at issue in this case.

Plaintiffs also incorporate by reference DE 269 on the first subject of these Objections to the extent it reflects specific examples provided to defendants throughout discovery of all the plaintiffs knew about the people who had requested the arrest of the terrorists who committed the attacks in this case.

For all of the reasons set out in the Objections and herein, plaintiffs request a hearing on their Objections and ask the Court to overrule the Magistrate Judge on the two matters that are the subject of these Objections.

Plaintiffs, by their Attorney,

/s/ David I. Schoen (DS0860)
David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
334-395-6611
Fax: 917-591-7586
DSchoen593@aol.com

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com