1                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
2

3    ----------------------------------------X
                                             :
4    SOKOLOW, et al,                         : 04-CV-397 (GBD)
                                             :
5                      Plaintiffs,           : December 20, 2012
                                             :
6                 v.                         : 500 Pearl Street
                                             : New York, New York
7    PALESTINE LIBERATION ORGANIZATION, et al, :
                                             :
8                      Defendants.           :
     ----------------------------------------X
9

10       TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
               BEFORE THE HONORABLE RONALD L. ELLIS
11             UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:         DAVID I. SCHOEN, ESQ.
                                 David I. Schoen, Attorney at Law
14                               2800 Zelda Road, Suite 100-6
                                 Montgomery, Alabama  36106
15
                                 AARON NATHANIEL SOLOMON, ESQ.
16                               The Berkman Law Office, LLC
                                 111 Livingston Street
17                               Brooklyn, New York  11201

18
     For the Defendant:          BRIAN A. HILL, ESQ.
19                               Miller & Chevalier, Chtd.
                                 655 15th Street NW, #900
20                               Washington, D.C.  20005

21

22   Court Transcriber:          SHARI RIEMER
                                 TypeWrite Word Processing Service
23                               211 N. Milton Road
                                 Saratoga Springs, NY 12866

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service

2

```
1          THE COURT: Good morning.  This is Judge Ellis.  Can
2   I have your appearance beginning with the plaintiffs?
3          MR. SCHOEN:  This is David Schoen for the
4   plaintiffs, and with me on another line in his office in New
5   York is Aaron Solomon, Your Honor.
6          MR. SOLOMON: Good morning, Your Honor.
7          THE COURT: Good morning.
8          MR. HILL:  Good morning, Your Honor.  It's Brian
9   Hill and Marco Roshan for the defendants, the Palestinian
10  Authority and the PLO.
11         THE COURT: Good morning.  This is a conference in
12  Sokolow v. PLO, et al..  It's 04-CV-397.  It's Thursday,
13  December 20th at approximately eleven a.m.  First of all,
14  nobody sent me anything in the last 24 hours; is that correct?
15         MR. SCHOEN:  Not from me, Your Honor.
16         MR. HILL: I think that's correct, Your Honor.  We
17  filed something in the case but not for Your Honor.
18         THE COURT: Okay.  Two issues that I'm taking up
19  today include the request concerning the Hague letters and the
20  30(b)(6) request filed by the plaintiffs.
21         First, with respect to the Hague letter motions,
22  while I know that the parties made a number of arguments
23  concerning timeliness and certainly the Court had indicated
24  that it wanted the parties to bring up issues in a timely
25  fashion and while I have some concerns about the question of
```

3

1    timeliness I certainly have to bear some responsibility for

2    not ruling on this matter earlier.  But my main issue with

3    respect to the Hague letter request is that harking back to

4    when we were discussing the Bargudi deposition and the

5    reservations raised by the Court concerning whether or not

6    there was any efficacy to attempting the deposition regardless

7    of how long it took it appears that the Court's concerns with

8    respect to the Bargudi deposition were borne out in terms of

9    the ability of the deposition to garner facts during the

10   discovery process.

11          I note, however, that in that case I believe that

12   there was a six month difference between the time that the

13   deposition was allowed and it took place but more importantly

14   as confirmed by the parties nothing -- no substantive facts,

15   no substantive answers were provided by the deponent and while

16   the plaintiffs argue that there is some evidentiary value in

17   the fact that Bargudi refused to answer and was uncooperative

18   that is not to me a sufficient basis to go forward with the

19   process of Hague depositions.  I'm not saying that I agree

20   with that proposition but there's an evidentiary value in

21   refusing to answer.

22          Indeed, as I recall when I was addressing Mr.

23   Bargudi I expected [inaudible] that I didn't think he was

24   going to answer any questions and I didn't think that he had

25   any particular incentive, reason or inclination to answer

4

1   questions.  For the purpose of discovery I find no reason to

2   suspect that there will be any information, facts gathered

3   from the parties who proposed to be the subject of the Hague

4   letters and I have not heard anything that suggests otherwise.

5        So with respect to that being a reason for either

6   continuing or extending the discovery deadline because I'm

7   denying that application that will not form the basis of any

8   adjustments I make to the discovery deadline.

9        MR. SCHOEN: Judge, David Schoen if I could just

10  insert one thought here on the Hague letters specifically.

11       THE COURT: Yes.

12       MR. SCHOEN: We've made the point in our papers and I

13  believe it's accurate, Your Honor, that of 11 Hague

14  depositions that have been taken similar circumstances, that

15  is in these kinds of cases, these kind of situated people,

16  eight of the people who were deposed did testify in the end.

17  And number two would be that we do believe that it is

18  independent evidentiary relevance to their refusal to testify

19  and we would use -- if they refuse to testify under order we

20  would be able to use their statements that they have made

21  otherwise that incriminate them and they don't have sort of

22  Fifth Amendment type right to refuse to testify.  I just want

23  to make clear that that's our position on the Hague letters.

24  I understand the Court's ruling.

25  [Telephone connection cutting out at times.]

1          THE COURT: Thank you.  With respect to the 30(b)(6)

2    notices, I know that's the whole thrust of the federal rules

3    is that you try to limit the discovery to depositions except

4    in unusual circumstances but with respect to the proposed

5    30(b)(6)'s in this case and more specifically with the

6    proposed topics, I find that the topics as articulated by the

7    plaintiffs are not contemplated or appropriate for a 30(b)(6)

8    witness.  30(b)(6) witnesses in are genesis are designed to

9    have people who can speak about policies and general behavior

10   of a defendant where the party who's seeking the deposition

11   doesn't know the individual who might be able to speak to

12   those kinds of issues.  The typical case might be the person

13   who's the chief financial officer who could talk about

14   financial policies or an HR person who could talk about

15   employment policies.

16          As I have reviewed the depth and breadth of the

17   questions proposed by the plaintiffs, first of all, I have

18   serious doubts whether or not given the responsibility of a

19   party to bring someone up to speed as a 30(b)(6) witness that

20   anyone short of someone with a photographic memory could

21   fulfill that role with the question and breadth of the -- the

22   inquiry proposed by the plaintiffs in this case.  Some of the

23   detail requested by the plaintiffs I think would be in

24   appropriate in a 30(b)(6) and the breadth of the questions

25   both temporally and the scope of information sought I think is

6

1  inappropriate for a 30(b)(6).

2       So on that basis alone I would grant the defendant's

3  objection to the 30(b)(6) notices formulated by the plaintiffs

4  in this case.  I note, for example, that in some of the

5  instances the questions involve knowledge of details either

6  starting at a certain temporal scope or starting from a

7  certain temporal scope and while on its face indicates of full

8  details and all knowledge and all -- the use of the

9  [inaudible] that are [inaudible] plaintiffs would cause

10  problems I think that it's -- it's inappropriate to use this

11  vehicle at this point in time to try to -- frankly I think it

12  only creates issues and it was -- I'm not saying intentionally

13  because I have no idea what people intend but on reading these

14  descriptors I can see that the most likely result of this is

15  that [inaudible] continuing litigation over both the scope of

16  the 30(b)(6)'s and the witness who would ever be put forth and

17  its ability to respond to those inquiries.

18       So, as I said, I do not think a 30(b)(6) is an

19  appropriate way to get the details that the plaintiffs have

20  sought and I deny -- well, I guess I grant the plaintiff's --

21  the defendant's objections to the 30(b)(6) notices.

22       MR. SCHOEN: Your Honor, this is David Schoen again.

23       THE COURT: Yes.

24       MR. SCHOEN: The Court's ruling is we are not

25  permitted to take any 30(b)(6) depositions in this case?  I

7

1    just want to be clear, Judge.

2            THE COURT: That's not my ruling.

3            MR. SCHOEN: Then I'm not clear at all I guess.  We

4    have 30(b)(6) notices outstanding.  As I understand it the

5    Court has now granted a premotion letter for a protective

6    order that seeks to bar all 30(b)(6) -- seeks to bar the

7    30(b)(6) depositions that we have noticed.  It's my

8    understanding the Court has granted that.

9            THE COURT: That's correct.  The notices based on --

10   I have exhibits which include 30(b)(6) notices to the PLO, the

11   PA and an amended one I think for the PA --

12           MR. SCHOEN: Yes, Your Honor.

13           THE COURT: Those notices are what the order is

14   directed at.

15           MR. SCHOEN: Okay, Your Honor. Is the Court

16   suggesting that we should redraft the notices or that --

17   because these are the topics that we would seek in a 30(b)(6)

18   notice as to the use of all knowledge or all facts -- I mean I

19   don't know how to reword that.  I spoke with Mr. Hill about

20   that and we had sort of a meet and confer before this.  I'm

21   happy to come up with a different formulation but we do want

22   all of the facts.  We do believe they have a duty to

23   investigate, a duty to prepare the witnesses to testify.  This

24   isn't a situation which we have an opportunity for the ability

25   or the power to subpoena any witnesses.  The 30(b)(6)

8

1  witnesses are the representatives of these defendants.  They

2  are the only people we can notice for depositions in this kind

3  of case, and that's the way it's proceeded in these other

4  cases.

5          But, again, I'm trying to understand the Court's

6  ruling.  I don't want to waste the Court's time with

7  redrafting notices because these will be the topics.  If

8  there's something objectionable about the term all that I

9  could modify I'm happy to hear how that would be accept -- how

10 an acceptable modification -- sorry.  How a modification would

11 be acceptable but I don't want to waste the Court's time in

12 just redrafting notices to get to these topics.  These are the

13 essential topics in the case.

14         THE COURT: Well, let me ask you this.  Starting with

15 the way I began the discussion why do you believe that these

16 topics are to be explored in a deposition?

17         MR. SCHOEN: Because with respect to each topic, Your

18 Honor, it's our evaluation that it's the most appropriate way

19 and in fact in many cases the only appropriate way.  We've

20 tried a lot with written discovery requests in this case.  We

21 have some outstanding now.  We will see what some of the

22 answers are to those but if history is any kind of teacher in

23 this case they won't be satisfactory in terms of getting the

24 information we need.  The information we seek in the 30(b)(6)

25 deposition notices if the key information in this case wherein

9

1  -- respectfully, Your Honor, we're -- again, I understand the

2  Court's position I think.  We are entitled to examine their

3  representatives about these issues to explore them, to go into

4  detail with them.  We're talking about the facts and the heart

5  of this case.  There are no fact witnesses to depose otherwise

6  other than the Hague deponents who we also sought to depose

7  and we sought to depose them before the 30(b)(6) depositions,

8  Your Honor.

9         THE COURT: For example, you're making conclusory

10 declarations about the 30(b)(6) but put in the context of a

11 specific question -- a specific topic that you have for the

12 30(b)(6).

13        MR. SCHOEN: All right.  I mean topics are, for

14 example, financial relationships between the PA and Fatah and

15 not just financial relationships.  Again, it's relevant

16 because the attackers here were members of Fatah.  The whole

17 relationship between these defendants and them, that's the

18 heart of the case, material support for the terror

19 organization, for the people who committed the acts.  That's

20 in the 30(b)(6) topics.

21        We paired down the topics to make them what we

22 believed to be the most relevant and the most directly

23 relevant, Your Honor, and the kinds of topics that we need to

24 talk to witnesses about.  I'll give Your Honor an example and

25 again I hesitate to --

 1          THE COURT: Well, again, I understand --

 2          MR. SCHOEN: I'm sorry.

 3          THE COURT: I hear you say you paired it down.  The

 4   breadth of the topics you have there even given the

 5   defendant's obligation to prepare somebody I anticipate that

 6   even if they've fulfilled their obligation to the fullest how

 7   does someone retain the breadth of information that you've

 8   listed here?

 9          MR. SCHOEN: I'm not sure what Your Honor means by

10   retain.  What they would do would be to go over the documents

11   that they have -- frankly, if a witness doesn't remember

12   something --

13          THE COURT: Go ahead.

14          MR. SCHOEN: Sorry.

15          THE COURT: You said go over documents and then what?

16          MR. SCHOEN: Go over the documents with the witness.

17   Find out witnesses who were in the security forces, for

18   example, who received requests to arrest certain terrorists,

19   who would be knowledgeable from records about when the

20   terrorists were released.  Fact witnesses on the case.  If

21   there have been investigations of the case to go over those

22   and if the answer is there is no witness who is able to answer

23   these questions or this witness can answer this but not all of

24   it and all that then that's an answer also and that's an

25   answer we're entitled to, Your Honor.

11

1          THE COURT: Let's assume that there are answers to

2     it. Let us say that -- I mean I'm thinking of this -- again,

3     you say it with such facility that I'm not sure what you're

4     thinking of compared to what I'm thinking of and how you

5     prepare a witness.  Even if you show them documents -- I mean

6     even if I translate this to some other litigation if you ask

7     somebody for the details -- if this were a 1983 case then I

8     had some witness for the City and you prepare them for all the

9     details of arrest of a witness and then you showed them all

10    the documents, just that one thing would be hard for somebody

11    to retain even if they showed them the documents.  So --

12         MR. SCHOEN: Your Honor, an answer would be they

13    don't remember.  I mean I do that all the time in 1983 actions

14    frankly so it's a good example.

15         THE COURT: And what --

16         MR. SCHOEN: Go ahead.  I'm sorry, Your Honor.

17         THE COURT: You said you do what all the time?

18         MR. SCHOEN: Take depositions of witnesses just like

19    that in 1983 action.  Every instance of a person's arrest and

20    the background of it and they have an obligation to then find

21    whatever records they find or can find on it and if they can't

22    find any records or they can't answer the questions about a

23    particular time frame or something like that then that's their

24    answer but let me give Your Honor just an example.

25         I mean we just -- I'm not speaking in a vacuum here.

12

1   We have another case against the PLO with these same

2   lawyers -- Mr. Hill I don't think is very involved in it but

3   the same law firm defending them.  The case called Schatsky

4   out of Washington DC.  We went over and took the 30(b)(6)

5   depositions for days and it was the same kinds of topics over

6   the same kinds of time frames and got very fertile areas in

7   responses, Your Honor, some key areas, some areas that make

8   the case quite frankly.  And on other details like finances

9   and the transfers of money the witnesses who were those

10  financial officers pulled the records that they could and they

11  answered those details from the time frame in question.

12  Again, if an issue --

13          THE COURT: How many 30(b)(6) witnesses were produced

14  in that case?

15          MR. SCHOEN: I should know off the top of my head but

16  I don't know, Your Honor.  I'm going to say something like six

17  to eight.

18          THE COURT: Okay.  So --

19          MR. SCHOEN: They had multiple subjects.  That's

20  what -- in other words --

21          THE COURT: You're contemplating something of that

22  nature here then in terms of the number of people?

23          MR. SCHOEN: Yes, Your Honor.  I mean that would be

24  up to them but that's what we would contemplate, Your Honor.

25  In other words, what they did was they didn't tell us which

1  witnesses would be for which topics before we got there but we

2  got over to Israel and each day we would get an email

3  sometimes two days in advance, sometimes not.  Witness mister

4  so and so will testify on topics 3, 6 and 9 or whatever it

5  was.

6        MR. ROSHAN: Your Honor, this is Marco Roshan.  I'm

7  not extensively involved in that case but as one of the senior

8  lawyers on the matters I'm aware of the fact that exactly what

9  you were concerned about happening if they were to have these

10 same kind of depositions here has happened because all the

11 complaints are about the fact that the witnesses didn't know

12 enough, that they didn't remember things [inaudible]

13 allegations.  In fact, every one of the concerns that you've

14 just raised about the procedure here has borne fruit and

15 instead now the plaintiffs including Mr. Schoen here -- again,

16 I'm not really involved.  I think pending right now are their

17 motions complaining about the very things that he's now saying

18 are so easy to have occur because they're actually claiming in

19 that case that they didn't occur and the witnesses couldn't

20 remember things and literally it's as if the Court had

21 envisioned all of the problems that in fact transpired with

22 the procedure in that case in your ruling.

23       MR. SCHOEN: Judge, I'll just respond to that quickly

24 because I am familiar and Mr. Roshan was over there for the

25 depositions but he's correct in some part.  What happened was

14

1   before the depositions we had a meet and confer.  During that

2   meet and confer Mr. Roshan's partner confirmed to us because

3   we were intending to file a motion to compel because they

4   raised certain objections about the subjects.  So we had a

5   meet and confer and Mr. Roshan's partner represented to the

6   plaintiffs in that case, and I was on the phone call, that

7   they would put a witness in the chair for every topic that we

8   listed.  They might disagree about the scope, number of years

9   we're entitled to inquire about and so on, but they would put

10  a witness in the chair for every topic.  We got over there and

11  they left out several topics.  So we did file a motion

12  afterwards saying they promised to produce witnesses on the

13  following topics and they did not.

14          Secondly, we filed a motion for their failure to

15  prepare because Rule 30(b)(6) is very clear in its obligations

16  for them to prepare their designated witnesses, the witnesses

17  they designated, and they didn't prepare them.  We would ask a

18  witness about the exact topic named, what preparation was

19  there, and often the witness wouldn't have any idea what we

20  were talking about.  So that's right, those problems arose.

21  Those problems arose because they didn't -- the defendants

22  didn't fulfill their duties.  That's not something to keep us

23  from taking 30(b)(6) depositions.  It's something to require

24  them to fulfill their duties under Rule 30(b)(6).

25          MR. HILL: Your Honor, this is Brian Hill.  Let me

15

1  just make one point.  I understand you've already ruled and so

2  we're having a post ruling discussion here but I'll make these

3  two points.

4          The experience in the Shatsky case in part informed

5  the approach we took in this case which is a different case.

6  Your Honor has already ruled on the legitimacy of the points

7  we have raised and I will make this final point I suppose that

8  the Shatsky case unlike this case only involved one attack and

9  it did require multiple days and multiple witnesses.  So this

10 is an expedentially more difficult proposition to try and do

11 30(b)(6)'s  in this case for all the reasons that Your Honor

12 has already articulated.  I don't know if you want to hear

13 further from me.  I'm happy to talk at length if you'd like

14 but I understand you have ruled and --

15         MR. SCHOEN: Judge, I understand you've ruled also.

16 I just -- again, it's an extraordinary measure to bar

17 depositions.

18         THE COURT: Again -- I think that you've been very

19 precise in terms of asking me what is it that I've ruled and

20 what I've ruled is that the depositions, the notices that were

21 presented to me, the defendant's application with respect to

22 those notices is granted.  That's all I've ruled.

23         To the -- and as a general rule I try to refrain

24 from trying to reformat what people have done unless it's an

25 easy task because in this case I'm not as -- I will tell you

16

1    this.   This is more complicated than me saying I think what

2    you ought to do is A and you ought to do B or if this question

3    were phrased this way it would be acceptable.   That I would --

4    I looked at the questions. I did not find that to be a simple

5    process in this case but I do understand that the questions as

6    phrased and the scope of the questions are such that

7    notwithstanding what may or may not have happened in the other

8    case I -- I find the questions would be problematic and even

9    if the defendants were to discharge their duties to prepare a

10   witness or several witnesses, multiple witnesses, that this

11   is -- the enormity of the scope here would lead to subsequent

12   applications from the parties, and that to me is problematic.

13          So getting back to where we are, it's certainly true

14   that the plaintiffs have -- given the Court's application --

15   I mean given the Court's ruling that I expect that the

16   plaintiffs will not be complete with their discovery, not by

17   tomorrow.

18          So the second part of my ruling is this.  I will

19   give the plaintiffs an opportunity to propose to me or to

20   propose in conjunction with discussions with the defendants

21   how to -- to make sure that the plaintiffs get appropriate

22   discovery on issues that are relevant to the claims in the

23   case.  I will -- I'm not going to expect you to give me that

24   in a week but I will expect that by January 5th I will get from

25   the parties either an agreement from the parties about how to

17

1   give the plaintiffs appropriate discovery or an application

2   for the plaintiffs for discovery which does not run afoul of

3   the ruling which I've made today.

4          MR. HILL: Your Honor, this is Brian Hill. If I could

5   be heard just briefly on this point.  As of now there is no

6   outstanding discovery other than requests for admissions and

7   document requests and interrogatories, the plaintiff's

8   responses to which are due today and our responses to which

9   are due tomorrow.  So you have now disposed of all of the

10  outstanding discovery requests and I don't believe the

11  plaintiffs have made a showing of good cause for a general

12  extension of fact discovery.

13         I would therefore suggest and request that the Court

14  leave the existing discovery deadline of tomorrow in place.

15  The plaintiffs are of course free to seek to compel discovery

16  that they have previously propounded to the extent we've

17  objected to it and Your Honor can resolve those discovery

18  disputes but there's nothing in the record at this point that

19  would justify moving the fact discovery deadline which is

20  currently set for tomorrow and I'd ask the Court to adhere to

21  it because the plaintiff has not shown good cause for doing

22  so.

23         They did file that motion right before the hearing

24  on the 20th.  That's been fully briefed by their reply brief.

25  They were not pressing any points other than the need to take

18

1    30(b)(6)'s and Hague requests which Your Honor has now

2    disposed of.  So there really is no further discovery

3    outstanding that will not be completed by the 21st and because

4    they have not made the good cause showing under Rule 16 that

5    there's something they could not have done earlier that

6    requires doing now I'd urge the Court to leave the existing

7    deadlines in place.

8            MR. SCHOEN: Judge, David Schoen if I may, please.

9    Clearly Mr. Hill has got new life from a rather extraordinary

10   ruling at the beginning of this call.  The Court already said

11   during the last call that we would be expanding the discovery

12   deadline.  We set out many grounds for expanding the discovery

13   deadline more than establishing good cause in our motion.  It

14   is not accurate that the only thing referred to in the reply

15   were the Hague depositions and the 30(b)(6) depositions.

16   There was also 19 subjects of written discovery that we

17   mentioned.  We will comply with the Court's order.

18           Again, I'm not sure how the policy shifts from

19   defendant's perspective that the Court has already ordered on

20   something but then reinitiating it.  I understood the Court

21   ordered the submission by the 5th.  We will make that

22   submission.  The Court already said, as I say on the earlier

23   call, that there is discovery outstanding.  Of course these

24   defendants would prefer there be no discovery in this case and

25   that their PA policemen terrorists got away with all of the

19

1  things they did in this case but that's not what the ATA

2  requires, Your Honor.  We're entitled to discovery that we're

3  entitled to.  I know that's a rather difficult proposition to

4  argue with on the face of it but it means a great deal in this

5  case.  So I would ask the Court to reject what Mr. Hill just

6  said.

7         MR. HILL: Again, Your Honor, just so we're clear and

8  without responding to the -- I don't know what the right

9  terminology is but I won't respond to the emotional appeal.

10        The bottom line is there are no outstanding

11  discovery requests which will not be completed by the 21st.

12  Your Honor has made it crystal clear repeatedly over the

13  course of our sessions with you that you will not issue a

14  general extension of fact discovery, that if you're going to

15  allow an extension of discovery it will only be to clean up

16  things that were propounded during the discovery period and

17  could not for good cause be completed during the discovery

18  period and there is nothing in that category of stuff that has

19  been propounded and will not be completed by the 21st.

20  Obviously to the extent Mr. Schoen has complaints about prior

21  discovery and seeks to compel a further response they'll be

22  able to bring those to you timely and we'll respond

23  appropriately to all of them but there's really no basis in

24  the record at this point to allow any new initiation of

25  discovery in this case and for that reason that's why I

20

1  suggest that what we ought to do is have discovery closed and

2  if there are things to be compelled you can rule on those in

3  due course but there's no basis to generally extend the period

4  here.

5          THE COURT: Okay.

6          MR. SCHOEN: Judge, if I may just -- I have to

7  respond to that.

8          THE COURT: I'm sorry, both of you, let's be clear.

9  I've already indicated what I expect you to do by the 5th.  As

10  to the question of whether or not this is going to be a

11  limited extension or an open ended extension, from the very

12  first extension we're not talking about open ended.  At any

13  point that anybody files any discovery I don't see anybody has

14  been shy of saying that it's inappropriate to or untimely to

15  raise it at this point.  I don't expect anybody to hit me with

16  something that's new and if somebody hits you with something

17  that's totally new or unexpected it's going to be problematic.

18          But as to the issues that were raised in the

19  30(b)(6) application while I've ruled on the specific

20  application it's clear that matter is not laid to rest because

21  of what I've asked you to do because I think the plaintiffs

22  are entitled to discovery and as I said if I could have said

23  okay, change it this way and change it that way and it would

24  be fine I would have done that.  I think I'm not in a position

25  to do that so that's not the approach that I took.  But as to

21

1   the formulations that were presented to me that's what my

2   ruling [inaudible].

3           I expect the parties to get together and to discuss

4   the rights that the plaintiffs have for discovery.  If you

5   cannot agree then the plaintiffs can make an application to me

6   which includes whatever they want to submit to me that they

7   think that the [inaudible] answer and we'll deal with it that

8   way.

9           MR. SCHOEN:  Your Honor, it's a very minor point but

10  the Court started to refer to the earlier extension.  The

11  Court is aware I'm sure that this is the first extension

12  requested in this case and what I was going to say before was

13  that I disputed Mr. Hill's comments regarding the extension.

14  The Court made certain comments on November 20th but the Court

15  made clear in the call on December 5th as to what the Court's

16  intentions were based on expanding the schedule.

17          But, in any event, we'll file -- on January 5th, Your

18  Honor, we'll file what Your Honor directed.

19          THE COURT: You're assuming you won't be able to get

20  any agreement from Mr. Hill and Mr. --

21          MR. SCHOEN: To be frank, Your Honor, I am assuming

22  that but we will try.

23          THE COURT: Okay.

24          MR. HILL: We will certainly confer as Your Honor has

25  directed.

22

1          THE COURT: Okay.  I'll await to see what happens

2     after the 5th.  It will be a new year, a new time, and we'll

3     deal with it then.

4          MR. SCHOEN: Your Honor, just to be clear.  I'm sure

5     the Court can envision this.  We need obviously our two weeks

6     to file objections.  For us this is an extraordinary ruling

7     today.  I don't -- I think I've made that pretty clear in my

8     reaction to it.  So I guess we're going to be going on two

9     tracks in some sense.  We'll meet with them and again that has

10    never been fruitful in the past but we're willing to keep an

11    open mind.  We'll then provide either the joint thing or the

12    separate thing on January 5th but that is around the period I

13    suppose the objections are due.  I'm not sure what two weeks

14    from today is but in any event I don't want to be acting

15    across -- I don't know that I'm asking for any kind of relief

16    here.  I just want to be clear my thinking at least because

17    we're going to be pressing of course for the Hague depositions

18    and the 30(b)(6) depositions and the objections but on the

19    other hand I guess we're going to be proposing an alternative

20    course in the January 5th submission.

21          THE COURT: In that regard, with respect to -- I do

22    want it to be clear that with respect to the Hague letters

23    that one to me is an [inaudible] from the 30(b)(6).

24          MR. HILL: I didn't hear what Your Honor said.  That

25    one is --

23

1          THE COURT: The Hague letters are -- to me that was a

2    denial of the Hague letters.  With respect to the 30(b)(6)

3    that was a granting of the application with respect to the

4    specific 30(b)(6) designations.  So those are different in

5    terms of, it seems to me, their finality.

6              MR. HILL: I understand, Your Honor.

7              THE COURT: Okay.

8              MR. HILL: Thank you, Your Honor.

9              MR. SCHOEN: Thank you, Your Honor.

10             THE COURT: We're adjourned without a date until I

11   see what happens next year.

12             MR. HILL: Thank you, Your Honor.

13             MR. SCHOEN: Happy New Year.

14             THE COURT: Happy New Year.

15             MR. HILL: Happy New Year and happy holidays.

16             THE COURT: Happy holidays.

17                         * * * * *

18

19

20

21

22

23

24

25

24

1      I certify that the foregoing is a court transcript from

2  an electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5                    _____

6                                    Shari Riemer

7  Dated:   December 23, 2012

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25