

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

December 3, 2012

**VIA EMAIL AND FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

    I write to request that you enter a protective order directing that the discovery sought in Plaintiffs Rule 30(b)(6) depositions not be had, or not be had in the manner or at the times noticed.

    1. All of The Topics are Unduly Late: On November 28 and 29 Plaintiffs served notices for the depositions of the PLO and the PA containing 25 topics consisting of over 145 parts and subparts. Ex. 1-2. On December 2, Plaintiffs served an Amended PA Notice with 10 additional topics and 28 subparts. Ex. 3. Plaintiffs had ample opportunity to serve this discovery earlier in the period. Plaintiffs served notices similar to PA topics 1, 3 and 4 on February 23, Ex. 4-8, and said they were planning to notice PA topics 14, 25 and 26 and PLO topic 7 on October 11 and 17, Ex. 9 at 1, 5-6. Plaintiffs repeatedly served written discovery regarding PLO topics 1(h)-(i), 2 and 9 and PA topics 1-5, 8(g), 9, 16, 18-21 and 26 between September 2011 and August 2012. Ex. 10 at 6-10; 11 at 8-9; 12 at 6-17; 13 at 6-22; 14 at 6-11; 15 at 6-8; 16 at 17-20; 17 at 5-6; 18 at 6-10, 16-29; 19. The Court made it clear last March that it would not allow a party to serve late deposition notices without justification. 3/20/12 Tr. at 37:8-10 (if "you want to start noticing depositions, I want to know why they're coming up now and why they didn't come up earlier."). Plaintiffs could have served notices on all of these topics long before they did, and offer no reason for their delay. Accordingly, this discovery should not be had at all at this late date. Fed. R. Civ. P. 26(b)(C)(ii).

    2. Certain Topics Are Irrelevant: Most of the topics are not relevant to any party's claim or defense. PLO topics 1(a)-(h) and PA topics 8(a)-(f) regarding the role Fatah plays in the governance of Defendants are not relevant. PLO topics 2-4 and PA topics 9-11 regarding Fatah's governing documents, budget and funding are similarly irrelevant. Indeed, these topics seek information that is more properly requested from Fatah than Defendants. (To the extent the PA or PLO has financially supported Fatah, those documents have already been produced. *See* Ex. 16 at 17-20.) PLO topics 6-9 and PA topics 13-17 and 21 seek similarly irrelevant testimony regarding defense counsel's approach to discovery, the location of documents and their custodians, communications with witnesses or their lawyers, and payments allegedly made to the lawyer of an irrelevant person. PA topics 19-20 and 22-23 pertain to persons and properties unconnected to the

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



attacks at issue. PA topic 24 pertains to irrelevant policies regarding PA television. Moreover, PLO topic 2 and PA topic 9 (the Fatah constitution), and PA topics 19 (payments to families of deceased suspects in other cases), 20 (real property used by Hamas), and 21 (payments made to attorneys for Shubaki) mimic document requests which Defendants objected to as irrelevant, but Plaintiffs never sought to compel. Ex. 10 at 7-8; 18 at 6-10, 16-29; 11 at 8-9. If Plaintiffs were dissatisfied with those objections they should have sought to compel production. The Court warned the parties at the outset that what it did not want "is six months after something happened and as discovery is about to close somebody says we never got this." 6/21/11 Tr. at 12:8-10. Plaintiffs should not now be allowed an end run around their own failure to seek earlier relief from this Court by noticing for deposition topics Plaintiffs already knew Defendants found objectionable.

    3. **Certain Topics are Unduly Burdensome Because They Could, Have or Will be Discovered Through Less Burdensome Means:** Most of the topics improperly seek information in the form of Rule 30(b)(6) testimony from Defendants which could be obtained by less burdensome means. If the information sought in PLO topics 1(a)-(g), 2-4 or 6-9 or PA topics 7, 8(a)-(f), 9-11 or 13-26 were relevant, it could more easily have been obtained through interrogatories or document requests. Indeed, Plaintiffs have already received an extensive document production regarding PLO topics 1(h)-(i) and PA topic 8(g), including copies of the governing PLO documents and prior sworn testimony under Rule 30(b)(6) about the PLO and PA's alleged material support of Fatah during the relevant time frame. Ex. 10 at 6-7; 16 at 17-20. Plaintiffs have offered no justification for duplicating that testimony here. Similarly, Plaintiffs recently served contention interrogatories regarding Defendants' capacity defense which duplicate verbatim PLO topic 5 and PA topic 12. Ex. 20 at 2-3. There is therefore no reason for a deposition on those topics. *See* Letter from Brian A. Hill to Magistrate Judge Ellis (Oct. 26, 2012). PLO topic 7 and PA topic 14 (regarding the identity and contents of lost or destroyed documents) are unduly burdensome and essentially impossible to comply with as the Defendants cannot reasonably be expected to describe the contents of documents they do not possess and cannot access. These topics would essentially require Defendants to engage in a wholesale inquiry into every document that has been lost or destroyed within the organizations since 2004. Likewise, to the extent it is relevant, the information about authenticity sought by PLO topic 8(ii) and PA topic 15(ii) is duplicated by Plaintiffs' pending requests for admission. Ex. 21 at 3-4, 7-8, 10. Furthermore, any relevance of the balance of those requests, as well as the related "discovery about discovery" requests in PLO topics 6-7 and PA topics 13-14 and 16-17 are outweighed by the obvious burden and expense of requiring a witness or witnesses to collect and memorize such information at the close of an eighteen month discovery period. Accordingly, discovery on these topics should not be had. Fed. R. Civ. P. 26(b)(C)(iii).[1]

---

[1] Certain requests also lack factual predicates. For example, Plaintiffs have produced no documents indicating that the PA was requested to arrest any of the persons listed in PA topics 4 (other than Nasser Aweis), 5 and 6. Similarly, Plaintiffs have produced no documents indicating that the PA has offered training to Fatah as PA topic 7 posits. Plaintiffs should not be permitted to put Defendants to the burden of preparing witnesses to testify about baseless topics.



4. **Certain Topics Seek Information Protected by the Work Product Doctrine:** Topic 6 of the PLO notice and Topic 13 of the PA notice seek to discover the process and details of Defendants' responses to Plaintiffs discovery requests. In addition to the irrelevant, untimely, and burdensome nature of these requests (and the baseless inference that Defendants violated their discovery obligations), the topics seek information protected by the Attorney Work Product doctrine. Any entity facing civil discovery requests would be expected to rely on its counsel in devising mechanisms for searching and producing responsive documents; more so with a foreign litigant unaccustomed to the U.S. civil legal process. Any inquiries into these topics would encompass issues regarding directions from counsel to the client on how to search for and collect responsive materials, invading counsel's mental processes and running afoul of the Work Product Doctrine. PLO topic 9 and PA topic 16 (regarding communications between Defendants or their agents and Abdullah Barghouti and or his counsel) also potentially seek testimony protected by the Work Product Doctrine. To the extent any such communications occurred between defense counsel and counsel for Barghouti, those communications would reveal the mental impressions of defense counsel and be protected from disclosure by the Attorney Work Product doctrine.

5. **Certain Topics Cannot Reasonably Be Prepared For in the Noticed Time:** For the reasons stated above, Defendants believe that they should not be required to produce a witness on any of the topics in Plaintiffs' notices. However, to the extent that the Court disagrees, Defendants may not, as a practical matter, be able to prepare and present witnesses on the currently noticed dates of December 10 and 11. Accordingly, Defendants request that the Court allow Defendants to appear on alternative dates mutually agreeable to the parties to the extent the scope of the topics permitted by the Court requires preparation time beyond that allowed by the notices.

For the foregoing reasons the Court should enter an order that the discovery sought in Plaintiffs' notices not be had, or no be had in the form and at the times noticed. Because of the three page limit contained in the Court's Individual Practices our objections to Plaintiffs' lengthy notices are obviously necessarily truncated, and require cross reference to the notices themselves. We are willing to provide more extended briefing on any issues the Court may desire, and to address any questions the Court may have regarding the foregoing during the telephonic hearing set for 2:30 pm on December 5, 2012, or at another time convenient for the Court.

Sincerely,

Brian A. Hill

cc: Robert J. Tolchin, Esq.
David I. Schoen, Esq.

Miller & Chevalier Chartered