## THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                    Fax: (718) 855-4696

December 5, 2012

**BY EMAIL**
Hon. Judge Ronald L. Ellis
United States Magistrate Judge
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Sokolow et al. v. Palestine Liberation Organization et al.*,
Civ. No. 04-397(GBD)(RLE)

Dear Magistrate Judge Ellis,

We write in response to defendants' December 3, 2012 letter seeking to bar all the Rule 30(b)(6) depositions of defendants set for December 10-21, 2012.[1] Defendants' request should be denied as moot, on the grounds set forth in plaintiffs' pre-motion letter to adjourn deadlines pending the depositions of the individual terrorists (Ex. C); alternatively, defendants' motion should be denied on the merits for the reasons below.

**Legal Standard**: In this Circuit, "[a]n order barring a litigant from taking a deposition is most extraordinary relief"[2] and "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." [3] As shown below, defendants fail to meet their "*exceedingly difficult*" burden for the "*extraordinary relief*" they seek.

**Timeliness**: Defendants' demand to bar all depositions as untimely is baseless for the following related reasons: (1) under the controlling scheduling order (DE 131) December 21, 2012 is the deadline for *all* types of fact discovery without distinction, including depositions; (2) defendants insisted and Your Honor agreed that plaintiffs depose defendants under Rule 30(b)(6) only *once*,[4] and so plaintiffs naturally set their *sole* deposition of defendants at the end of discovery, to formulate the deposition questions

---

[1] Defendants pad their "burden" claims, asserting that the depositions are set for December 10-11 only, but that is untrue. *See* Ex. A-B (plaintiffs agree to *any* dates during December 10-21).

[2] *Deluca v. Bank of Tokyo*, 2007 WL 2589534 at *2 (S.D.N.Y. 2007).

[3] *Amer. High-Income v. AlliedSignal*, 2006 WL 3545432 at *2 (S.D.N.Y. 2006).

[4] *See* Tr. 11/20/12 at 45:7-21 ("THE COURT: … [I]f you're going to do 30(b)(6) you do it in a unified notice…you may be precluded from doing any more ….")

THE BERKMAN LAW OFFICE, LLC

December 5, 2012
Page 2 of 4

with the benefit of as much evidentiary material as possible[5] but (i) defendants are *still* trickling to us long-overdue documents needed for defendants' depositions, with most materials still missing and no sign when production will be done[6] and (ii) plaintiffs awaited the Hague depositions of the individual perpetrators before deposing defendants; (4) defendants thwarted plaintiffs' tentative plan to set the depositions in November, by refusing to provide a series of consecutive dates, which would have required counsel to spend several weeks overseas or make repeated trips overseas; [7] and (5) at the November 20, 2012 conference defendants (and the Court) noted that the depositions *will* occur – meaning that defendants' untimeliness claim is a baseless, eleventh-hour invention.[8]

**Relevance of Fatah Topics**: All the terrorist attacks in this case were executed by or with the PLO's Fatah faction, defendants admit to funding Fatah, and thus defendants' relations with Fatah, and *what they knew about Fatah's policies and activities*, are highly relevant. Defendants' claims to the contrary seek to lure Your Honor into ruling on ultimate issues in this case. Thus, PLO topics 1-4 and PA topics 8-11, which seek to show that during the relevant period the PA, PLO and Fatah were led by the same people, that Fatah had an official policy of using terrorism, that the PA and PLO provided funding, military training[9] and other material support[10] to Fatah despite or because of that pro-terrorism policy, and that Fatah had no other significant source of material support but defendants, are highly relevant. Defendants do not deny having the information sought, and their demand that plaintiffs seek it from Fatah is baseless, both because Fatah (assuming it is legally distinguishable from the PLO) is not within the subpoena power of the Court and because plaintiffs are seeking and are entitled to prove that *defendants knew of* Fatah's deadly policies and activities when they were funding and training Fatah.

**Relevance of Other Topics**: PA topic 21 relates to whether the PA is funding the legal defense of PA Brigadier Fuad Shabaki, who is appealing his conviction by Israel for transferring PA funds to the "Al-Aqsa Brigades," the so-called military wing of Fatah, which carried out the attacks here. Shubaki's defense is that he funded "Al-Aqsa" on the orders of PA/PLO head Yasser Arafat. Plaintiffs believe Shubaki's line of defense is an admission attributable to the PA, and that conclusion will be confirmed if the PA is funding Shubaki's (very expensive) defense team. Such funding also shows that the PA ratifies the actions of its officer, Shubaki. PA topic 21 is thus relevant. PA topic 18

---

[5]  Defendants have insisted on receiving every last scrap of responsive paper before proceeding with plaintiffs' depositions. *See e.g.* Ex. D (demanding production before deposition).

[6]  *See e.g.* DE 269 at 27 n. 15 (on **October 29, 2012**, defendants produced documents regarding PA policemen/suicide bombers Ja'ara and Hasheika, responsive to an **August 2011** request).

[7]  *See* Ex. E (defendants' counsel provides a disjointed patchwork of available November dates).

[8]  *See* Tr. 11/20/12 at 8:21-22; 33:5-12; 42:10-12; 43:9-15; 45:7-13; and 41, 43-44, 46-47, *passim*.

[9]  Defendants' claim that plaintiffs provided no documents showing they gave military training to Fatah is **false**: plaintiffs disclosed just such a document on October 23, 2011. And the notion that plaintiffs can take depositions only on topics on which they have documents is absurd.

[10]  The phrase "material support or resources" is a term of art defined in 18 U.S.C. § 2339A.

THE BERKMAN LAW OFFICE, LLC

relates to an August 2001 request by Israel to the PA to arrest various terrorists. Ex. F. Defendants have refused to provide a legible copy of this document and refused to provide page 2 of the document – which, given the timeframe, almost certainly included a request to detain Abdullah Barghouti, who was released by the PA and then built the bomb used in the July 31, 2002 bombing. This document is proof that the PA released Barghouti despite the fact that he was wanted and so is relevant. PLO topic 9 and PA topic 16 relate to defendants' *admitted* communications with Barghouti regarding this case. Barghouti spoke proudly of his actions at his Israeli trial and to 60 Minutes, but then refused to testify at his deposition in this case. Plaintiffs are entitled to explore whether defendants persuaded the loquacious Barghouti not to testify. PA topic 19 seeks to establish whether the PA is paying "martyr" benefits to the families of suicide bombers, which is relevant since it is well established that such payments support a finding of ATA liability and are evidence of defendants' pro-terror policy.[11] PA topic 20 is relevant since it seeks to show that the PA allowed Hamas to operate in PA territory, which would constitute provision of material support under the ATA.[12] PA topics 22-23 seek to show that large numbers of PA policemen committed terrorist attacks during the relevant period, and that the PA not only took no action against them, but paid them benefits. That is clearly relevant to proving defendants' policy and state of mind. PA topic 24 is relevant since it seeks to show that PA TV, which has broadcast many programs honoring and praising the terrorists responsible for the attacks in this case, is a closely-controlled mouthpiece for the PA and that those broadcasts are therefore attributable to the PA.

**<u>Other Means of Discovery</u>**: Defendants' demand that plaintiffs should not be allowed depositions on topics for which they sought or could have sought paper discovery should be rejected. *First*, defendants have left plaintiffs in limbo for over a year on many such requests, promising to "investigate" but producing very little. Defendants' failure to produce is grounds *for*, not *against*, depositions. *Second*, "[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent," and so "in responding to a Rule 30(b)(6) notice … a corporation may not take the position that its documents state the company's position."[13] Therefore, a claim that a deposition "is unduly burdensome because the information is available elsewhere" should be rejected because a "Rule 30(b)(6) deposition serves a unique function-it is the 'sworn corporate admission that is binding on the corporation.'"[14]

**<u>Privilege</u>**: Defendants' searches in response to discovery requests are not privileged,[15] nor are their communications with third party witness Barghouti. Anyway, privilege is not grounds for a protective order, but can be raised as an objection at the deposition.[16]

---

[11] *See e.g. Linde v. Arab Bank*, 384 F.Supp.2d 571, 584-5 (E.D.N.Y. 2005) (Systematic payment of benefits to families of terrorists may have incentivized attacks and so stated ATA claim).

[12] *See e.g. Rux v. Republic of Sudan*, 461 F.3d 461 (4th Cir. 2006).

[13] *Great American Ins. v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539, 541 (D.Nev. 2008).

[14] *Murphy v. Kmart* , 255 F.R.D. 497, 506 (D.S.D. 2009).

[15] *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96 (E.D.Pa. 2010).

THE BERKMAN LAW OFFICE, LLC

December 5, 2012
Page 4 of 4

Therefore, defendants' application should be denied.

Respectfully submitted,

Robert J. Tolchin

Counsel for Plaintiffs

Cc:   Brian A. Hill, Esq.

---

[16] *See .e.g. Hay & Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D.Kan. 1990)

# **Exhibit A**

**Robert J. Tolchin**

| | |
|---|---|
| **From:** | Robert Tolchin <rjt.berkman@gmail.com> |
| **Sent:** | Wednesday, November 28, 2012 2:51 PM |
| **To:** | Hill, Brian; dschoen593; Dina Rovner |
| **Cc:** | Rachel Weiser; Rochon, Mark; Hibey, Richard; M Haller |
| **Subject:** | Sokolow 30(b)(6) depositions |
| **Attachments:** | Rule 30(b)(6) Depo Notice on PLO.pdf |

Counselors -

Attached is a notice of deposition that is also being served on you today by U.S. mail.

We are generally prepared to be flexible, within reason, about scheduling deposition dates between December 10 and December 21, provided you convey the proposed dates, designees and topics promptly. However, the deposition on Topic 8 will take place on December 21, after you have produced the documents responsive to our last set of discovery requests.

- Bob Tolchin

# **Exhibit B**

**Robert J. Tolchin**

| | |
|---|---|
| **From:** | Robert Tolchin <rjt.berkman@gmail.com> |
| **Sent:** | Thursday, November 29, 2012 2:53 PM |
| **To:** | Hill, Brian; dschoen593; Dina Rovner |
| **Cc:** | Rachel Weiser; Rochon, Mark; Hibey, Richard; M Haller |
| **Subject:** | Sokolow - PA Rule 30(b)(6) depositions |

Counselors -

Attached is a notice of deposition that is also being served on you today by U.S. mail.

As I informed you yesterday in respect to our notice on the PLO, we are generally prepared to be flexible, within reason, about scheduling deposition dates between December 11 and December 21, provided you convey the proposed dates, designees and topics promptly.

However, the deposition on Topic 15 will take place on December 21, after you have produced the documents responsive to our last set of discovery requests.

- Bob Tolchin

**Exhibit C**

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                      Fax: (718) 855-4696

December 3, 2012

**BY HAND**
Hon. Judge Ronald L. Ellis
United States Magistrate Judge
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Sokolow et al. v. Palestine Liberation Organization et al.*,
          Civ. No. 04-397(GBD)(RLE)

Dear Magistrate Judge Ellis,

      We write on behalf of plaintiffs to request an informal conference during the telephone hearing currently scheduled for 2:30 PM on December 5, 2012, regarding plaintiffs' motion to adjourn the discovery and expert disclosure deadlines in this case until after the denouement of plaintiffs' pending motions, filed on March 23, 2012, to depose eight imprisoned terrorists convicted of the deadly terrorist attacks from which this case arises – i.e., until after those terrorists have been deposed, or until after both Your Honor and Judge Daniels have denied plaintiffs' motions to take those depositions.

      Defendants have sought and obtained the snap scheduling of a telephone hearing at 2:30 PM on December 5, 2012, regarding their request for a protective order barring the Rule 30(b)(6) depositions of defendants noticed by the plaintiffs. But as explained below, the Rule 30(b)(6) depositions of defendants should not even be *proceeding* until *after* the individual perpetrators have been deposed by plaintiffs (or until after a final determination by the district judge that plaintiffs are not entitled to those depositions).

      Therefore, the December 5, 2012, teleconference should be utilized first and foremost for consideration of plaintiffs' instant application to adjourn the deadlines, which, if granted, will result in the withdrawal of Rule 30(b)(6) notices *sine die* and thereby render defendants' fire drill over the depositions entirely moot.[1]

---

    [1] While requests to modify the case schedule are governed by Rule 16 and so not technically subject to the pre-motion letter requirement, at the last conference in this case plaintiffs respectfully understood Your Honor to have expressed a preference for letters. Plaintiffs are therefore proceeding in the first instance here by this pre-motion letter.

THE BERKMAN LAW OFFICE, LLC

December 3, 2012
Page 2 of 4

## Relevant Background & Argument

This case, like all cases brought under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, involves – by definition – terrorists operating "outside the territorial jurisdiction of the United States." § 2331(1)(C). In fact, for that reason, the ATA includes a special estoppel provision for foreign convictions of terrorists. *See* § 2333(c). Unsurprisingly, therefore, requests to foreign governments for judicial assistance under the Hague Convention are a standard feature of ATA litigation. Indeed, on July 29, 2011, the defendants themselves filed a motion to issue Hague Convention requests for documents to the Israeli government (DE 134) and Your Honor granted that motion on August 16, 2011. DE 136.[2] Accordingly, after obtaining some discovery from defendants and gathering other materials on their own, plaintiffs moved on March 23, 2012 – with nine months remaining before the December 21, 2012 discovery deadline – to issue Hague Convention requests for the depositions of eight terrorists convicted by Israel for their involvement in the attacks from which this action arises. DE 221-226.

Violating the rule that "a party lacks standing" to oppose discovery from "someone who is not a party to the action," *Saperstein v. PA*, 2010 WL 1371384 at *3 (E.D.N.Y. 2010), defendants strenuously opposed plaintiffs' motions on the purported grounds that the depositions would not be completed in the nine months remaining before the December 21, 2012, discovery deadline. DE 231. That claim was false and defendants knew it: as shown empirically in plaintiffs' reply, in the multiple ATA cases pending against the instant defendants, it has typically taken Israeli authorities only about *two months* to authorize Hague Convention requests for the depositions of terrorists imprisoned in Israel. *See* DE 233. Indeed, most recently, a Hague request for depositions of terrorists incarcerated in Israel issued by the U.S. District Court for the District Court on September 28, 2012, was approved by Israeli authorities on November 25, 2012, and those depositions have been scheduled for December 19-20, 2012. DE 272. Thus, a Hague request for depositions of imprisoned terrorists issued on September 28, 2012 (six months *after* the instant plaintiffs filed their motions in this Court) was approved for execution by Israeli authorities less than two months later, and those depositions will be held on December 19-20, 2012 – *before* the December 21 discovery deadline here.

Plainly, plaintiffs were right and defendants were wrong: plaintiffs' March 23, 2012, motions were easily filed early enough not only to take the depositions, but also to allow time for the follow-discovery that plaintiffs would naturally want and need after hearing the testimony of the eight convicted perpetrators.

---

[2] Defendants requested internal Israeli governmental documents. DE 135. Israeli authorities rarely if ever provide such materials. By contrast, Israel has executed *all* the Hague requests for prisoner depositions issued in ATA actions. Eleven such terrorists have been deposed to date, of whom eight testified, and only three refused to do so.

But being "right" is of little comfort to plaintiffs since, in the event, by throwing up frivolous objections to plaintiffs' motions (which they had no standing to make) defendants have successfully delayed resolution of the motions for nearly nine months.[3]

As a result, even if plaintiffs' motions were granted *today*, plaintiffs would be unable to take the depositions before the discovery deadline, much less take any follow-up discovery. And even if plaintiffs' motions were *denied* today, plaintiffs would be unable to exercise their right to submit objections and obtain a ruling thereon from Judge Daniels – much less take the depositions if the objections were upheld – before the discovery deadline. Moreover, the delay generated by defendants has placed the Court in a situation where granting plaintiffs' motions will mean, perforce, modifying the discovery schedule; yet, that state of affairs is unfair to plaintiffs, who timely filed their motions and are entitled to have them considered solely on the merits *at the time they were filed*. The fact that granting the motions will now require modifying the discovery schedule is not plaintiffs' fault, and should play no role in the Court's consideration of the motions. To do otherwise would be to reward defendants' obstructionism.

Fact discovery currently closes on December 21, 2012, and plaintiffs' expert disclosures are due on January 21, 2013. DE 131. Both those deadlines should be adjourned forthwith, until after the prisoner depositions are taken (or until Judge Daniels issues a final ruling that plaintiffs are not entitled to the depositions), because otherwise plaintiffs will be unable (1) to take any follow-up discovery after hearing the testimony of the eight individual perpetrators[4] and (2) to include the testimony of the individual terrorists in the analyses of their expert witnesses and the experts' disclosures.

The need for follow-up discovery from defendants after the depositions is particularly strong because most of these prisoners were employed by defendant PA as security officers when they committed attacks, and several of them were on U.S. and Israeli wanted lists and were picked up but released by defendants prior to the attacks. Thus, these men have direct first-hand knowledge of defendants' conduct, and how that conduct facilitated and relates to the terrorist attacks at issue.

Therefore, the instant application should be heard and granted at the scheduled December 5, 2012, telephone conference.

---

[3] In a recent filing defendants claimed that at the June 28, 2012, conference in this case "[t]he Court…properly declined to issue the requested letters." DE 271 at 17-18. This is a total and unmitigated fiction: the Court heard argument on the motions at that conference, but did not issue *any ruling* whatsoever thereon.

[4] Thus, in order to avoid taking Rule 30(b)(6) depositions of defendants on two different occasions (which would involve two trips to the Middle East, and which defendants have opposed) if the deadlines are adjourned, as requested, plaintiffs would withdraw the extant Rule 30(b)(6) notices for defendants, and re-notice defendants' Rule 30(b)(6) depositions only after receiving the prisoner testimony.

THE BERKMAN LAW OFFICE, LLC

December 3, 2012
Page 4 of 4

Respectfully submitted,

Robert J. Tolchin

Counsel for Plaintiffs

Cc:   Brian A. Hill, Esq.

# **Exhibit D**

From: Hill, Brian [mailto:BHill@milchev.com]
Sent: Thursday, July 05, 2012 7:32 AM
To: Aaron Solomon
Cc: rjt.berkman@gmail.com; Rochon, Mark; Hibey, Richard
Subject: RE: Sokolow -- Alan Bauer writings

Aaron,

As you know, we have been discussing for some time taking Mr. Bauer's deposition in early
August.

We still do not have the exhibits to his prior deposition from the Arab Bank or his other writings
which may be responsive to our outstanding discovery requests other than the book which you
attached below.

You email below said that you had this issue "under advisement."  It's now been 6 weeks since
your email below.  Are you going to produce the additional materials written by Mr. Bauer and
the other plaintiffs, some of which were marked at their prior depositions or not?  If so,
when?  If not, I need to know now so I can arrange a call with Judge Ellis sufficiently in advance
of Mr. Bauer's deposition to ensure we get the materials in time to review and make use of
them while your clients are in New York.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 628-0858

# **Exhibit E**

**Robert J. Tolchin**

| | |
|---|---|
| **From:** | Hill, Brian <BHill@milchev.com> |
| **Sent:** | Wednesday, October 10, 2012 5:06 PM |
| **To:** | Robert J. Tolchin; Hibey, Richard |
| **Cc:** | Rochon, Mark; dschoen593; M Haller |
| **Subject:** | RE: Sokolow Depositions |

Bob,

The dates that are currently bad for defense counsel are November 1, 6-8, 14-15 and 21.

I again ask you to send us today, or as soon as possible, the deposition notices referred to in your email below, including the topics required by Rule 30(b)(6), so that we can begin the process of ascertaining which witnesses will be needed, what preparation by the witnesses will be necessary, and the availability of counsel and the witnesses for the particular dates you propose.

If we don't get the notices very soon, we may not be in a position to produce witnesses on the dates you have proposed.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

---

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 10, 2012 3:21 PM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'; rachelmayweiser@gmail.com
**Subject:** RE: Sokolow Depositions

Brian –

Its ridiculous for me to serve deposition notices for dates on which you may be unavailable, as you are proposing. Please provide those dates immediately. Failure to promptly send us this information may prevent us from accommodating you.

-   Bob

---

**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Wednesday, October 10, 2012 2:53 PM
**To:** Robert J. Tolchin; Hibey, Richard
**Cc:** Rochon, Mark; dschoen593; M Haller
**Subject:** RE: Sokolow Depositions

1

Bob,

I write in response to your email below.

Mark Rochon and I will be both involved in defending these depositions, and we are both presently available to attend depositions in the Middle East on some dates between November 3 and 20, but not all dates.

Please send us today, or as soon as possible, the deposition notices referred to in your email below, including the topics required by Rule 30(b)(6), so that we can begin the process of ascertaining which witnesses will be needed, what preparation by the witnesses will be necessary, and the availability of counsel and the witnesses for the particular dates you propose.

Failure to promptly send us this information may prevent us from accommodating your proposed dates.

Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC  20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

---

**From:** Robert J. Tolchin [mailto:rjt.berkman@gmail.com]
**Sent:** Wednesday, October 10, 2012 1:20 AM
**To:** Hill, Brian; Hibey, Richard
**Cc:** Rochon, Mark; 'dschoen593'; 'M Haller'
**Subject:** Sokolow Depositions

Counselors –

Please be advised that the *Sokolow* plaintiffs intend to notice multiple depositions of the defendants, including Rule 30(b)(6) depositions of the defendants on multiple topics, between November 1-21, 2012, in Jerusalem. We expect to begin serving you with deposition notices on a rolling basis shortly, but we wanted to alert you now so that you can arrange your schedules appropriately.

-   Bob Tolchin

**<u>Exhibit F</u>**

19/12/2010  13:10    972-2-6250777          CARMELI ARNON                    PAGE  01/03



19/12/2010  13:10   972-2-6250777                CARMELI ARNON                              PAGE  02/03

19. DEC. 2010 13:47 762-022 CHAIRMAN OFFICE LAND    12/2010 11:24:14    NO. 457    P. 2

6. Abeu Mohammad Mustafa Sayed – Tulkarm, head of the Hamas infrastructure in Tulkarm. He was involved in planning and directing bombing attacks. He continues to plan bombing attacks.

7. Naser Abd El-Fatah Abidilih Nazzal – Qalqiliya. He is connected to Ayman Halawa's infrastructure and is involved in the planning of bombing attacks.

8. Abd El-Rahman Mohmad Abd El-Rahman Hamed – Qalilliya. He is connected to Ayman Halawa's infrastructure and is involved in the planning of bombing attacks.

PIJ:
9. Mohamed Ahmad Mohammad Tawarflistani – Jenin Refugee Camp. He was involved in planning and executing the recent PIJ terrorist attacks that emanated from the Jenin region. He is currently involved in planning additional terrorist attacks.

10. Ali Suleiman Said Snarafandani – Jenin Refugee Camp. He was involved in planning and executing the recent PIJ terrorist attacks that emanated from the Jenin region. He is currently involved in planning additional terrorist attacks.

11. Wael Muralek Mohammad Araf – Araba/Northern Samaria. He was involved in planning and executing PIJ terrorist attacks during the past months that emanated from northern Samaria and is involved in planning additional terrorist attacks.

12. Thaher Awad Suleiman Mirdawi – Araba/Northern Samaria. During the past months, he was involved in planning and executing PIJ terrorist attacks that emanated from northern Samaria and is currently involved in planning additional terrorist attacks.

PFLP:
13. Ahmad Sadar Yousef Abd El- Rasoul – Ramallah, head of the PFLP military apparatus in the West Bank. He has been involved in planning and directing the car bombings in Jerusalem and is involved in the planning of an additional car bomb.

14. Ahed Yousef Mora Qadena – Ramallah. He was directly involved in planning and directing the car bombings in Jerusalem that were perpetrated during the past year and is involved in the planning of an additional car bomb.

Tanzim/Fatah:
15. Raed Mohammad Rarf Karmi – Tulkarm. He is a murderer who has been continuously involved in shooting attacks in the Tulkarm region since the outbreak of the violent events.

19/12/2010  13:10    972-2-6250777                    CARMELI ARNON                              PAGE  03/03

19. DEC. 2010 13:47 782-023 CHAIRMAN OFFICE LAND/2010 11:24:15      Total Print  NO. 457    P. 3

### Potential Suicide Bombers

16. **Mohammed Fam Mohammed Khalil** – Nablus, Hamas. He intends to perpetrate a suicide bombing and has already made preparations towards that end.

17. **Abd El-Nasri Mohammed Omran Odis** – Tulkarm, Hamas. He intends to perpetrate a suicide bombing in the immediate future.

18. **Jamil Musa Mohammed Jabalah** – Bethlehem, Hamas. He is a member who is currently located in Samaria. He plans to perpetrate terrorist attacks in the immediate future.

### The Gaza Strip

**Hamas**

19. **Salah Mustafa Mohammed Shihada** – Beit Hanun, head of the Hamas military apparatus in the Gaza Strip. He is involved in planning and executing bombing and suicide attacks both in the Gaza Strip and in Israel.

20. **Nafez Mahmoud Mousa Salah** – Gaza. He is currently involved in planning and executing bombing attacks, most likely in the southern Gaza Strip.

21. **Ayad Abd El-Qader Ismail Bashshiti** – Rafah. He is currently involved in planning and executing bombing attacks, most likely in the southern Gaza Strip.

**PIJ**

22. **Nabil Hasan Salem Shurafa** – Nuseirat. Since the outbreak of the violent events, he is been responsible for attempts to send suicide bombers. He is still working towards perpetrating a successful suicide bombing.

23. **Bashir Abd El-Karim Mahmoud Dabash** – Maghazi camp, senior activist in a PIJ grouping in the southern Gaza Strip that is planning to perpetrate a bombing attack in the immediate future. He is also involved in the mortar attacks.

**PA**

24. **Talal Tawael Mahmoud Mardawi** – Gaza, officer in the PSO, explosives expert. He is a central activist in the production of explosive charges and mortar shells in the Gaza Strip. He directs shooting, mortar, and explosive charge attacks.

TOTAL  P.03

TOTAL  P.03

TOTAL  P.03