# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                          Fax: (718) 855-4696

December 3, 2012

**BY HAND**
Hon. Judge Ronald L. Ellis
United States Magistrate Judge
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Sokolow et al. v. Palestine Liberation Organization et al.*,
           Civ. No. 04-397(GBD)(RLE)

Dear Magistrate Judge Ellis,

      We write on behalf of plaintiffs to request an informal conference during the telephone hearing currently scheduled for 2:30 PM on December 5, 2012, regarding plaintiffs' motion to adjourn the discovery and expert disclosure deadlines in this case until after the denouement of plaintiffs' pending motions, filed on March 23, 2012, to depose eight imprisoned terrorists convicted of the deadly terrorist attacks from which this case arises – i.e., until after those terrorists have been deposed, or until after both Your Honor and Judge Daniels have denied plaintiffs' motions to take those depositions.

      Defendants have sought and obtained the snap scheduling of a telephone hearing at 2:30 PM on December 5, 2012, regarding their request for a protective order barring the Rule 30(b)(6) depositions of defendants noticed by the plaintiffs. But as explained below, the Rule 30(b)(6) depositions of defendants should not even be *proceeding* until *after* the individual perpetrators have been deposed by plaintiffs (or until after a final determination by the district judge that plaintiffs are not entitled to those depositions).

      Therefore, the December 5, 2012, teleconference should be utilized first and foremost for consideration of plaintiffs' instant application to adjourn the deadlines, which, if granted, will result in the withdrawal of Rule 30(b)(6) notices *sine die* and thereby render defendants' fire drill over the depositions entirely moot.[1]

---

[1] While requests to modify the case schedule are governed by Rule 16 and so not technically subject to the pre-motion letter requirement, at the last conference in this case plaintiffs respectfully understood Your Honor to have expressed a preference for letters. Plaintiffs are therefore proceeding in the first instance here by this pre-motion letter.

THE BERKMAN LAW OFFICE, LLC                         December 3, 2012
                                                    Page 2 of 4

### Relevant Background & Argument

This case, like all cases brought under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, involves – by definition – terrorists operating "outside the territorial jurisdiction of the United States." § 2331(1)(C). In fact, for that reason, the ATA includes a special estoppel provision for foreign convictions of terrorists. *See* § 2333(c). Unsurprisingly, therefore, requests to foreign governments for judicial assistance under the Hague Convention are a standard feature of ATA litigation. Indeed, on July 29, 2011, the defendants themselves filed a motion to issue Hague Convention requests for documents to the Israeli government (DE 134) and Your Honor granted that motion on August 16, 2011. DE 136.[2] Accordingly, after obtaining some discovery from defendants and gathering other materials on their own, plaintiffs moved on March 23, 2012 – with nine months remaining before the December 21, 2012 discovery deadline – to issue Hague Convention requests for the depositions of eight terrorists convicted by Israel for their involvement in the attacks from which this action arises. DE 221-226.

Violating the rule that "a party lacks standing" to oppose discovery from "someone who is not a party to the action," *Saperstein v. PA*, 2010 WL 1371384 at *3 (E.D.N.Y. 2010), defendants strenuously opposed plaintiffs' motions on the purported grounds that the depositions would not be completed in the nine months remaining before the December 21, 2012, discovery deadline. DE 231. That claim was false and defendants knew it: as shown empirically in plaintiffs' reply, in the multiple ATA cases pending against the instant defendants, it has typically taken Israeli authorities only about *two months* to authorize Hague Convention requests for the depositions of terrorists imprisoned in Israel. *See* DE 233. Indeed, most recently, a Hague request for depositions of terrorists incarcerated in Israel issued by the U.S. District Court for the District Court on September 28, 2012, was approved by Israeli authorities on November 25, 2012, and those depositions have been scheduled for December 19-20, 2012. DE 272. Thus, a Hague request for depositions of imprisoned terrorists issued on September 28, 2012 (six months *after* the instant plaintiffs filed their motions in this Court) was approved for execution by Israeli authorities less than two months later, and those depositions will be held on December 19-20, 2012 – *before* the December 21 discovery deadline here.

Plainly, plaintiffs were right and defendants were wrong: plaintiffs' March 23, 2012, motions were easily filed early enough not only to take the depositions, but also to allow time for the follow-discovery that plaintiffs would naturally want and need after hearing the testimony of the eight convicted perpetrators.

---

[2] Defendants requested internal Israeli governmental documents. DE 135. Israeli authorities rarely if ever provide such materials. By contrast, Israel has executed *all* the Hague requests for prisoner depositions issued in ATA actions. Eleven such terrorists have been deposed to date, of whom eight testified, and only three refused to do so.

THE BERKMAN LAW OFFICE, LLC                              December 3, 2012
                                                         Page 3 of 4

But being "right" is of little comfort to plaintiffs since, in the event, by throwing up frivolous objections to plaintiffs' motions (which they had no standing to make) defendants have successfully delayed resolution of the motions for nearly nine months.[3]

As a result, even if plaintiffs' motions were granted *today*, plaintiffs would be unable to take the depositions before the discovery deadline, much less take any follow-up discovery. And even if plaintiffs' motions were *denied* today, plaintiffs would be unable to exercise their right to submit objections and obtain a ruling thereon from Judge Daniels – much less take the depositions if the objections were upheld – before the discovery deadline. Moreover, the delay generated by defendants has placed the Court in a situation where granting plaintiffs' motions will mean, perforce, modifying the discovery schedule; yet, that state of affairs is unfair to plaintiffs, who timely filed their motions and are entitled to have them considered solely on the merits *at the time they were filed*. The fact that granting the motions will now require modifying the discovery schedule is not plaintiffs' fault, and should play no role in the Court's consideration of the motions. To do otherwise would be to reward defendants' obstructionism.

Fact discovery currently closes on December 21, 2012, and plaintiffs' expert disclosures are due on January 21, 2013. DE 131. Both those deadlines should be adjourned forthwith, until after the prisoner depositions are taken (or until Judge Daniels issues a final ruling that plaintiffs are not entitled to the depositions), because otherwise plaintiffs will be unable (1) to take any follow-up discovery after hearing the testimony of the eight individual perpetrators[4] and (2) to include the testimony of the individual terrorists in the analyses of their expert witnesses and the experts' disclosures.

The need for follow-up discovery from defendants after the depositions is particularly strong because most of these prisoners were employed by defendant PA as security officers when they committed attacks, and several of them were on U.S. and Israeli wanted lists and were picked up but released by defendants prior to the attacks. Thus, these men have direct first-hand knowledge of defendants' conduct, and how that conduct facilitated and relates to the terrorist attacks at issue.

Therefore, the instant application should be heard and granted at the scheduled December 5, 2012, telephone conference.

---

[3] In a recent filing defendants claimed that at the June 28, 2012, conference in this case "[t]he Court…properly declined to issue the requested letters." DE 271 at 17-18. This is a total and unmitigated fiction: the Court heard argument on the motions at that conference, but did not issue *any ruling* whatsoever thereon.

[4] Thus, in order to avoid taking Rule 30(b)(6) depositions of defendants on two different occasions (which would involve two trips to the Middle East, and which defendants have opposed) if the deadlines are adjourned, as requested, plaintiffs would withdraw the extant Rule 30(b)(6) notices for defendants, and re-notice defendants' Rule 30(b)(6) depositions only after receiving the prisoner testimony.

THE BERKMAN LAW OFFICE, LLC

December 3, 2012
Page 4 of 4

Respectfully submitted,

Robert J. Tolchin

Counsel for Plaintiffs

Cc: Brian A. Hill, Esq.