# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                        Civ. No. 04-397 (GBD) (RLE)

    v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

### PLAINTIFFS' NOTICE TO THE PLO OF TAKING DEPOSITIONS PURSUANT TO FED.R.CIV.P. 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the plaintiffs' counsel will take the deposition of the defendant, the Palestine Liberation Organization ("PLO"), beginning on December 10, 2012, at 9:00 a.m. at the American Colony Hotel in Jerusalem. The deposition will continue from day to day thereafter until completed. The PLO is hereby directed, pursuant to Rule 30(b)(6), to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf at the time and place stated above, regarding the following matters:

    1)    The full details of the organizational, political and financial relationship between the PLO and Fatah between January 1, 1998 and January 29, 2004, including without limitation:

        a)    The identity of all PLO Executive Committee members who belonged to Fatah, and their respective positions, titles, roles and responsibilities in Fatah.

        b)    The identity of all PLO Executive Committee members who did not belong to Fatah, and the factions, if any, to which they belonged.

  c)  The rules and procedures governing decision-making by the PLO Executive Committee; or, if such rules and procedures did not exist and/or were not always followed, the manner in which the PLO Executive Committee actually made decisions.

  d)  The identity of all PLO members who served in the Fatah Central Committee and/or the Fatah Revolutionary Council, and their respective positions, titles, roles and responsibilities in those bodies.

  e)  Fatah's participation in PLO activities and Executive Committee meetings.

  f)  Fatah's duties, obligations and rights vis-à-vis the PLO.

  g)  The PLO's duties, obligations and rights vis-à-vis Fatah.

  h)  The constitution, charter, program, policies and goals of the PLO; and the differences, if any, between the constitution, charter, program, policies and goals of the PLO and the constitution, charter, program, policies and goals of Fatah.

  i)  The provision of material support or resources to or for the benefit of Fatah by the PLO (including the Palestine National Fund ("PNF")) and/or by the Palestinian Authority ("PA") at the behest of the PLO, including: (i) the types of material support or resources provided (ii) the amounts or values (in dollars or any other currency) of the material support or resources provided (iii) the dates on which the material support or resources were provided (iv) the manner in which the material support or resources were provided including, in the case of funding (A) whether the funds were drawn from PLO accounts, PNF accounts, PA accounts, or from some other accounts and if so – which accounts and (B) whether the funds were paid to Fatah accounts or to some other accounts and if so – which accounts.

2) The constitution, charter, program, policies, goals and activities of Fatah between January 1, 1998 and January 29, 2004.

3) Fatah's budget between January 1, 1998 and January 29, 2004.

4) Fatah's sources of funding between January 1, 1998 and January 29, 2004.

5) All facts relating to the Fourth Affirmative Defense asserted by the PLO in the Answer filed by the PLO in this action,[1] including:

    a) All facts relating to the claim by the PLO that it is an "unincorporated association" under New York law.

    b) The process, procedure and manner, if any, through which a person can become a "member" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and the process, procedure and manner, if any, through which a person can cease to be a "member" of the PLO.

    c) The identity of any persons who were "members" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) at any time between January 8, 2001 and the present day, and the date on which each such person became a "member" of the PLO.

6) The full details of any and all searches conducted by the PLO for documents and information responsive to each of the discovery requests served by plaintiffs on the PLO in this action (including, without limitation, any and all searches conducted by the PLO for information responsive to the topics listed in the instant notice of deposition).

---

[1] Plaintiffs seek this information without derogating from their position that the PLO has waived any lack of capacity defense.

7)      In respect to any documents or information responsive to the discovery requests served by plaintiffs in this case that the PLO contends were lost, destroyed, or removed from its possession, custody, or control since the date of the filing of this action: the full identifying details of any and all such documents or information, and the full details of when and how such documents or information were lost, destroyed, or removed from the PLO's possession, custody, or control.

8)      In respect to all documents produced or disclosed by the PLO in this action on or before December 21, 2012: (i) when and how the document produced or disclosed came into the possession, custody or control of the PLO, the locations in which the document was kept and/or located since it came into the possession, custody or control of the PLO, and the identities, titles and positions of all custodians of the document since it came into the possession, custody or control of the PLO; (ii) whether the document produced or disclosed is an authentic copy of an original document; (iii) when and how such original document came into the possession, custody or control of the PLO; (iv) the date and place that such original document was created and/or generated; (v) the circumstances in which and reasons that such original document was created and/or generated; (vi) the identities, titles and positions of all persons who took part in creating and/or generating such original document, and the role or part of each such person in creating and/or generating such original document; (vii) the locations in which such original document was kept and/or located since its creation and/or generation; (viii) the identities, titles and positions of all custodians of such original document since its creation and/or generation.

9)      The full details and substance of all communications between the PLO (including any employee, agent or attorney of the PLO) and Abdullah Barghouti (including any attorney for Abdullah Barghouti) concerning this case and/or Abdullah Barghouti's deposition in this case.

Plaintiffs request that the PLO provide (1) the names and titles of the persons it will designate to give testimony regarding the matters above and (2) summaries of the areas in which each such designated person will give testimony.

The term "material support or resources" as used herein has the meaning given that term in 18 U.S.C. § 2339A at the relevant time periods.

These depositions are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and the rules of court.

These depositions will be recorded by audiovisual and stenographic means.

November 28, 2012

Plaintiffs, by their Attorney,

_____
Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

David I. Schoen
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
(334) 395-6611
DSchoen593@aol.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 28, 2012, a true copy of the foregoing was served by email and U.S. mail on the PLO's counsel of record listed below:

Brian A. Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

_____
Robert J. Tolchin