UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

            Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

            Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

### DEFENDANTS' OBJECTIONS AND RESPONSES TO THE [FIFTH][1] SET OF INTERROGATORIES FROM ALL PLAINTIFFS (TO THE GOLDBERG PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and Responses to the [Fifth] Set of Interrogatories from All Plaintiffs and state as follows:

### PRELIMINARY STATEMENT

1. The objections and responses by Defendants to the Interrogatories are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections hereto.

2. The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

---

[1] Plaintiffs entitled the interrogatories served on November 21, 2012 as the "Fourth Set of Interrogatories from All Plaintiffs." However, Plaintiffs had previously served Defendants with a Fourth Set of Interrogatories from All Plaintiffs on September 19, 2011. Therefore, this request is Plaintiffs' Fifth Set of Interrogatories from All Plaintiffs.

3. To the extent that the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to the Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4. Any answer by Defendants to the Interrogatories shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, or admissibility of the information or documents referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Defendants may make to any future use of such information. Further, Defendants make the objections and give the answers herein without in any way implying that they consider the Interrogatories and the answers thereto to be relevant or material to this case.

## GENERAL OBJECTIONS

1. Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or any other applicable statutory or common law privilege. With respect to those Interrogatories to which Defendants do not

specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

3. Defendants object to the Interrogatories to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Interrogatories to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Interrogatories that seek "all" information or documents when fully responsive and/or relevant information may be supplied with less than "all" information or documents.

5. Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Interrogatories were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6. Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7. Defendants object to the Interrogatories to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8. Defendants object to the Interrogatories to the extent that they seek the disclosure or production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9. Defendants reserve the right to answer the Interrogatories by producing documents pursuant to Federal Rule of Civil Procedure 33(d).

10. By responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories. Neither do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Interrogatories, that such information or documents exist.

11. Defendants object to the Interrogatories to the extent that the Interrogatories, while styled as single interrogatories, are composed of multiple discrete subparts that count as separate interrogatories.

12. Defendants object to the Interrogatories to the extent that they are not appropriately limited in time.

13. Defendants object to the Interrogatories to the extent that they violate Federal Rule of Civil Procedure 33(a)(1), in that they exceed the total of 25 written interrogatories,

including all discrete subparts, permitted by that Rule as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

14. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific answer does not waive any general objection to the Interrogatory.

## SPECIFIC OBJECTIONS AND ANSWERS

### PLAINTIFFS' SPECIFIC DEFINITIONS:

1. "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

### INTERROGATORY NO. 6(a)[2]:

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PA.

### OBJECTIONS TO INTERROGATORY NO. 6(a):

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 6(a) on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request to "[d]escribe in full" "the process, procedure, and

---

[2] Plaintiffs previously served Defendants with Interrogatory No. 6 on September 19, 2011. Therefore, Defendants will refer to the interrogatory labeled "Interrogatory No. 6" in the set of interrogatories served on Defendants on November 21, 2012 as "Interrogatory No. 6(a)."

manner through which a person can become a 'member' of the PA"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "full," "process," "procedure," "manner," and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 6(a):**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

The PA is not a labor union like the unincorporated association at issue in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951), but the PA does have members in the sense that elected and appointed officials assume and cease their positions with the PA in accordance with the pertinent legislation and regulations governing within the Occupied Palestinian Territory. The PA also has members in the sense that it has employees who assume and cease their positions with the PA in accordance with the pertinent legislation and regulations governing within the Occupied Palestinian Territory, and in accordance with individual employment decisions made by officials within the PA.

**INTERROGATORY NO. 7:**

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PLO.

**OBJECTIONS TO INTERROGATORY NO. 7:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 7 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request to "[d]escribe in full" "the process, procedure, and manner through which a person can become a 'member' of the PLO"); (b) the Interrogatory seeks disclosure of information that is irrelevant to party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "full," "process," "procedure," "manner," and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 7:**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

The PLO is not a labor union like the unincorporated association at issue in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951), but the PLO does have members in the sense that elected and appointed officials assume and cease their positions with the PLO in accordance with the Organization's governing policies and procedures. The PLO also has members in the sense that it has employees who assume and cease their positions with the PLO in accordance with the

1292690.2

Organization's governing policies and procedures, and in accordance with individual employment decisions made by officials within the PLO.

In addition, the PLO is made up of constituent political organizations which have their own individual members.

In addition, the PLO is the internationally recognized representative of the Palestinian people and, as such, all Palestinian persons may be viewed as represented by the PLO from the time of birth until the time of death.

**INTERROGATORY NO. 8:**

List all "members" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify (i) the person's full name and (ii) the date on which that person became a "member" of the PA.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 8 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a list of "all 'members' of the PA," "the person's full name," and "the date on which that person became a 'member' of the PA"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "members" and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-

1292690.2

interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 8:**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

It would be unduly burdensome for Defendants to list the requested information for all the persons described as "members" of the PA in Interrogatory Answer No. 6(a) during the time period specified in Interrogatory No. 8, but the names of certain elected, appointed, and employed officials of the PA during that period do appear in the documents Bates labeled 04:000030-04:000106 and 02:008806-02:008938, which, although they were not complied or published by either Defendant, and have not been independently verified by either Defendant, are believed to be generally accurate as to the information requested by this interrogatory.

**INTERROGATORY NO. 9:**

List all "members" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify (i) the person's full name; (ii) the date on which that person became a "member" of the PLO.

**OBJECTIONS TO INTERROGATORY NO. 9:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 9 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a list of "all 'members' of the PLO," "the person's full name," and "the date on which that person became a 'member' of the PLO); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense,

and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "members" and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

### ANSWER TO INTERROGATORY NO. 9:

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

It would be unduly burdensome for Defendants to list the requested information for all the persons described as "members" of the PLO in Interrogatory Answer No. 7 during the time period specified in Interrogatory No. 9, but the names of certain elected, appointed, and employed officials of the PLO during that period do appear in the documents Bates labeled 04:000030-04:000106 and 02:008806-02:008938, which, although they were not complied or published by either Defendant, and have not been independently verified by either Defendant, are believed to be generally accurate as to the information requested by this interrogatory.

### INTERROGATORY NO. 10:

State the full factual basis for the contention (DE 92 at 2) that "Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement)."

1292690.2

**OBJECTIONS TO INTERROGATORY NO. 10:**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 10 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "the full factual basis" of Defendants' lack of capacity defense); and (b) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 10:**

Defendants incorporate by reference their prior briefing, letters and oral argument regarding their lack of capacity defense. *See, e.g.,* DE 186, 187, 209; 8/9/12 Tr. at 2-30, 63-74; Letters from Brian Hill to Magistrate Judge Ellis dated October 26, 2012 and November 8, 2012; 11/20/12 Tr. at 5-7, 9, 16-20, 22-24; Letter from Brian Hill to David Schoen dated December 4, 2012. Defendants also incorporate by reference all of the documents identified in the Letter from Brian Hill to David Schoen dated December 4, 2012.

The capacity of a party to be sued is determined by Federal Rule of Civil Procedure 17(b).

The PA and PLO are not individuals. *Mohamad v. Palestinian Authority*, 132 S. Ct. 1702 (2012). Accordingly, Rule 17(b)(1) does not apply here.

1292690.2

Neither the PA nor the PLO has ever been incorporated in any jurisdiction. Accordingly, Rule 17(b)(2) does not apply here.

Rule 17(b)(3) therefore requires that the PA and PLO's capacity to be sued be determined "by the law of the state where the court is located," which, in this case, is the law of the State of New York, "except that: a partnership or unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3)(A).

The PA and PLO are not partnerships.

Every court to consider the issue has concluded that the PA and PLO are unincorporated associations. *See, e.g.*, DE 187 at 9-10. The PA and PLO were also served in this case as unincorporated associations. *Id.* at 10. For the reasons stated in the prior court decisions and in the documents incorporated herein by reference, the PA and PLO are therefore unincorporated associations, and lack the capacity to be sued under New York law. Accordingly, all of Plaintiffs non-federal claims must be dismissed for lack of capacity. *Id.* at 4-12.

Additionally and alternatively, Defendant PA lacks capacity to be sued on all counts of the complaint in this matter for the following reasons. The PA is not an individual or a corporation. Its capacity to be sued is therefore determined by New York law. Fed. R. Civ. P. 17(b)(3). Unincorporated governmental entities lack the capacity for suit under New York law. *See Royal Norwegian Navy v. David Smith Steel Co.*, 185 Misc. 880, 879-880 (N.Y. Sup. Ct. 1945) ("Since the moving papers establish that the plaintiff is an agency of a foreign government and is neither a person nor a corporation, it has no legal capacity to sue."); *Argentine Airlines v. Aircraft Dynamics Corp.*, 9 Misc. 2d 272, 272-273 (N.Y. Sup. Ct. 1957) (same). Accordingly, the PA is entitled to judgment on all counts of the operative complaint.

Additionally and alternatively, Defendant PA lacks capacity to be sued on all counts of the complaint in this matter for the following reasons. The PA is not an individual or a corporation. Its capacity to be sued is therefore determined by New York law. Fed. R. Civ. P. 17(b)(3). Numerous foreign states and non-governmental organizations have recognized the State of Palestine. On November 29, 2012, the United Nations General Assembly voted to recognize the State of Palestine as a non-member state. Defendant PA is the government of the State of Palestine. The United States has yet not recognized the State of Palestine. Accordingly, the PA is the government of a state unrecognized by the United States. As such, the PA lacks capacity to be sued under New York law, *Russian Socialist Federated Republic v. Cibrario*, 139 N.E. 259 (N.Y. 1923), and is entitled to judgment on all counts of the operative complaint. To the extent that Plaintiffs' rely on *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione.*, 937 F.2d 44 (2d Cir. 1991), that reliance would be unfounded. *Klinghoffer* did not involve capacity to be sued under Rule 17, and thus did not contain any analysis of the controlling New York law on capacity.

December 21, 2012

Respectfully submitted,

_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

1292690.2

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1292690.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 21st day of December 2012, a true and genuine copy of the foregoing was served by certified mail on the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
>rjt@tolchinlaw.com

>David I. Schoen
>David I. Schoen, Attorney At Law
>2800 Zelda Road, Suite 100-6
>Montgomery, AL 36106
>(334)-395-6611
>(334)-272-0529 (fax)
>dschoen593@aol.com

_____
Brian A. Hill

1292690.2