UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
MARK SOKOLOW, et al.,

                Plaintiffs,

    -against-

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

                Defendants.
------------------------------------- X

ORDER

04 Civ. 397 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

Plaintiffs have filed a number of Rule 72(a) objections to oral orders made by Magistrate Judge Ellis during conferences on November 20, 2012, December 5, 2012, and December 20, 2012. Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985).

Plaintiffs object to the following orders:

    (1) Magistrate Judge Ellis's November 20, 2012 order barring Plaintiffs from introducing evidence from any witnesses who have not been sufficiently identified, by name or address in Plaintiffs' succession of responses to Defendants' interrogatories, for Defendants to locate and take discovery from them.

    (2) Magistrate Judge Ellis's November 20, 2012 protective order precluding Plaintiffs from taking the deposition of Intesar al-Wazeer on the grounds that there is

no reason to believe that Ms. al-Wazeer can provide testimony that would be likely to lead to admissible evidence.

(3) Magistrate Judge Ellis's December 5, 2012 order denying Plaintiffs' request to compel Defendants to respond to further discovery by Plaintiffs for production of documents regarding Defendants' lack of capacity/unincorporated association affirmative defense, and granting Defendants' request for a protective order to bar Plaintiffs from deposing a Rule 30(b)(6) witness on the issue.

(4) Magistrate Judge Ellis's December 5, 2012 order denying Plaintiff's request that Defendants be compelled to produce photographs of seventeen people identified by Plaintiffs as having been convicted of carrying out similar attacks, in an effort to determine the identity of one of the gunmen in this matter, on the grounds that the production is not reasonably calculated to lead to the discovery of admissible evidence in the form of a future reliable eyewitness identification.

(5) Magistrate Judge Ellis's December 20, 2012 order precluding the taking of proposed Rule 30(b)(6) depositions of the Defendants on the grounds that the topics articulated by Plaintiffs are not contemplated or appropriate for a 30(b)(6) witness, and are overly broad and unduly burdensome.

(6) Magistrate Judge Ellis's December 20, 2012 order denying Plaintiffs' motions for issuance of Letters Rogatory to compel the deposition of eight Palestinian detainees who are currently serving a life sentence or multiple life sentences, in the absence of any showing that there would be any information or facts gathered from those individuals, and given that Plaintiffs' previously allowed attempt to depose such

a Palestinian detainee, ended as Magistrate Judge Ellis had anticipated, with the witness refusing to testify.

Plaintiffs have not demonstrated that any of these orders are clearly erroneous or contrary to law. Plaintiffs' Rule 72(a) objections are OVERRULED and DENIED.

Dated: January 16, 2013
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge