UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                        Plaintiffs,

              - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                       Defendants.

Docket No:
04-CV-397 (GBD) (RLE)

-------------------------------------------------------------------X

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO THE MAGISTRATE JUDGE PURSUANT TO HIS DECEMBER 20, 2012 ORDER

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization

("PLO") hereby submit the following Opposition to Plaintiffs' Motion to the Magistrate Judge

Pursuant to His December 20, 2012 Order (DE 295).

### INTRODUCTION AND SUMMARY

At a telephonic hearing on December 20, 2012, the Court entered an oral order

precluding the taking of proposed Rule 30(b)(6) depositions of the Defendants on the grounds

that "the topics as articulated by the plaintiffs are not contemplated or appropriate for a 30(b)(6)

witness" and are overly broad and unduly burdensome.  DE 297-1 at 5: 6-8.  Plaintiffs filed Rule

72(a) objections to the Court's order, which Judge Daniels subsequently overruled and denied.

*See* Order of January 17, 2013 at 3 (DE 303).

At the December 20 hearing, the Court also ordered "that by January 5[th] I will get . . . an

application for the plaintiffs for discovery which does not run afoul of the ruling which I've

made today." DE 297-1at 16:24-17:3.  On January 7, Plaintiffs filed the instant motion.  In

addition to missing the Court's January 5 deadline, the Plaintiffs' proposed deposition topics

suffer from the same infirmities that led to the Court's previous ruling.  In fact, as to the PA deposition notice, the Plaintiffs' motion renews 8 of the deposition topics verbatim (Topics 1(a)-(e), 3(a)-(e), 7, 9, 15, 18, 20, 26).  *See* DE 296 at 3, 5-9.  Thus, even though the Court held that the topics as articulated by Plaintiffs in their deposition notices are not appropriate for a Rule 30(b)(6) deposition witness, the Plaintiffs continue to seek depositions on many of the same topics, as previously articulated.

The topics remain inappropriately broad and detailed or otherwise ill-suited for a Rule 30(b)(6) deposition.  For example, Plaintiffs continue to ask the PA and PLO each to prepare a witness to testify on their behalf on the "program, policies, goals and activities of Fatah between January 1, 1998 and January 29, 2004." *See, e.g.*, DE 297-2 (Topic 9); DE 297-3 (Topic 2).  With respect to Hamas, the Plaintiffs renew their request for a 30(b)(6) witness on the topic of locations, dates, and uses of real property "used" by Hamas over ten years ago in Palestinian controlled territory and "when the PA became aware of the facts responsive to this topic." DE 297-2 (Topic 20).  As to *every* document produced by the PA or PLO in the course of the litigation, the Plaintiffs renew their request for a Rule 30(b)(6) deposition on numerous details about the documents (set forth in eight sub-topics). *Id.* (Topic 15); DE 297-3 (Topic 8).  As a final example, the motion continues to seek Rule 30(b)(6) deposition testimony on "the full details" of requests for arrests, actions taken by the PA, interrogations, and any releases or escapes as to five individuals, where the Plaintiffs seek "full details" of alleged events transpiring a decade ago. *See* DE 297-2 (Topics 1(a)-(e), 3(a)-(e), 4(a)-(e)).  Thus, even though Plaintiffs eliminated some topics and narrowed a few, the remaining topics "run afoul" of the Court's December 20, 2012, ruling.  The topics were not appropriate for a Rule 30(b)(6) deposition when the Court issued its December 20 ruling, a ruling the District Court has already

2

upheld, and they remain inappropriate for a Rule 30(b)(6) deposition. Plaintiffs' motion therefore should be denied.

## BACKGROUND

Fact discovery in this matter closed on December 21, 2012. DE 131 ¶ 3. With less than three weeks left in the discovery period, Plaintiffs served Defendants with a Rule 30(b)(6) notice for the PLO on November 28 and with an Amended Rule 30(b)(6) notice for the PA on December 2, 2012. *See* DE 297-3, 297-2. Those notices contained a total of 35 topics consisting of over 170 subparts, and directed each Defendant to appear for deposition less than two weeks later on December 10 or 11, 2012.

On December 3, 2012, Defendants sent a letter to Magistrate Judge Ellis requesting that the Court "enter a protective order directing that the discovery sought in Plaintiffs' Rule 30(b)(6) depositions not be had," or not be had in the manner or at the times noticed." DE 293-2 at 1. Defendants advanced five arguments in support of their request including, *inter alia*, the over breadth of, and undue burden imposed by, the topics. *Id.* at 2. Plaintiff responded by letter on December 5, 2012. DE 293-3. The Court held a telephonic hearing on December 5, 2012, but did not rule on Defendants' request for a protective order regarding the Rule 30(b)(6) depositions at that time. *See* 12/5/12 Tr. at 16:4-9. On December 10, Defendants responded to Plaintiffs' December 5, 2012 letter and argued, *inter alia*, that the topics were overly broad and unduly burdensome. *See* Ex. 1 hereto.

The Court convened a telephonic hearing on December 20, 2012 and ruled that, "with respect to the proposed 30(b)(6)'s in this case and more specifically with the proposed topics, I find that the topics as articulated by the plaintiffs are not contemplated or appropriate for a 30(b)(6) witness." DE 293-1 at 5:5-8. The Court noted that Rule 30(b)(6) depositions "are

3

designed to have people who can speak about policies and general behavior of a defendant where the party who's seeking the deposition doesn't know the individual who might be able to speak to those kinds of issues." *Id.* at 5:8-12. The Court cited the "typical case" where "the person who's the chief financial officer who could talk about financial policies or an HR person who could talk about employment policies." *Id.* at 5:12-15. With respect to the topics proposed by the Plaintiffs, the Court expressed its "serious doubts whether or not given the responsibility of a party to bring someone up to speed as a 30(b)(6) witness that anyone short of someone with a photographic memory could fulfill that role with the question and breadth of the – the inquiry proposed by the plaintiffs in this case." *Id.* at 5:18-22. The Court concluded: "Some of the detail requested by the plaintiffs I think would be inappropriate in a 30(b)(6) and the breadth of the questions both temporally and the scope of information sought I think is inappropriate for a 30(b)(6)." *Id.* at 5:22-6:1. *See also id.* at 6:18-20 ("I do not think a 30(b)(6) is an appropriate way to get the details that the plaintiffs have sought").

Plaintiffs' counsel then requested clarification of the Court's ruling: "As I understand it the Court has now granted a pre-motion letter for a protective order that seeks to . . . bar the 30(b)(6) depositions that we have noticed. It's my understanding that the Court has granted that." *Id.* at 7:4-8. The Court responded: "That's correct. . . . I have exhibits which include 30(b)(6) notices to the PLO, the PA and an amended one I think to the PA. . . . . Those notices are what the order is directed at." *Id.* at 7:3-14. *See also id.* at 15:18-22 ("Again – I think that you've been very precise in terms of asking me what is it that I've ruled and what I've ruled is that the depositions, the notices that were presented to me, the defendant's application with respect to those notices is granted. That's all I've ruled.").

4

The Court and counsel then had a post-ruling discussion regarding the Court's order, during which the Court further explained the basis for its ruling. *See, e.g., id.* at 10:3-8 ("The breadth of the topics you have there even given the defendant's obligation to prepare somebody I anticipate that even if they've fulfilled their obligation to the fullest [--] how does someone retain the breadth of information that you've listed here?"); *id.* at 11:5-11 ("I mean even if I translate this to some other litigation if you ask somebody for the details – if this were a 1983 case then I had some witness for the City and you prepare them for all the details of arrest of a witness and then you showed them all the documents, just that one thing would be hard for somebody to retain even if you showed them the documents."), *id.* at *id.* at 16:5-12 ("the questions as phrased and the scope of the questions are such that . . . the questions would be problematic and even if the defendants were to discharge their duties to prepare a witness or several witnesses . . . the enormity of the scope here would lead to subsequent applications from the parties, and that to me is problematic").

The Court then, *sua sponte*, granted Plaintiffs an opportunity to seek further discovery consistent with its ruling:

> So the second part of my ruling is this. I will give the plaintiffs an opportunity to propose to me or to propose in conjunction with discussions with the defendants how to – to make sure that the plaintiffs get appropriate discovery on issues that are relevant to the claims in the case. I will – I'm not going to expect you to give it to me in a week but I will expect that by January 5[th] I will get from the parties either an agreement from the parties about how to give the plaintiffs appropriate discovery or an application for the plaintiffs for discovery which does not run afoul of the ruling which I've made today.

*Id.* at 16:18-17:3. Plaintiffs filed the instant motion on January 7, DE 296, which should now be denied for the reasons that follow.

1300025.1

## ARGUMENT

### I.    PLAINTIFFS' MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS

Before turning to the substantive grounds for denying Plaintiffs' motion, Defendants briefly note two procedural defects with Plaintiffs' motion, which separately provide a basis for denial. First, Plaintiffs' motion should be denied because it is untimely. Second, as to 10 of the 12 depositions topics that are at issue in the renewed motion, Plaintiffs have simply sought the Court's reconsideration of its December 20, 2012 order rather than responding to the Court's directive to narrow the topics.

#### A.    Plaintiffs' Motion is Untimely

At the hearing on December 20, 2012, the Court ordered that "by January 5[th] I will get . . . either an agreement from the parties . . . or an application from the plaintiffs for discovery which does not run afoul of the ruling which I've made today." DE 297-1 at 16:24-17:3. Plaintiffs' counsel immediately acknowledged the Court's Order and promised to comply: "I understood the Court ordered the submission by the 5[th]. We will make that submission." *Id.* at 18:20-22. The Court then confirmed its expectation that Plaintiffs would file "by the 5[th]." *Id.* at 20:8-9 ("let's be clear. I've already indicated what I expect you to do by the 5[th]"). And Plaintiffs' counsel repeated his promise that "we'll file – on January 5, Your Honor, we'll file what you directed." *Id.* at 21:17-18. *See also id* at 22:11-12, 19-20 (Plaintiffs' counsel stating "We'll then provide either the joint thing or the separate thing on January 5[th]" and "I guess we're going to be proposing an alternative course in the January 5[th] submission"). However, despite the clear direction of the Court and the repeated promises of their counsel, Plaintiffs did not make their submission "by the 5[th]." Instead, at 11:59 pm on January 7, Plaintiffs filed the Memorandum in support of the instant motion. Plaintiffs' Motion was therefore filed in violation of the Court's repeated direction that it be filed "by January 5[th]," and should be denied for that reason alone.

1300025.1

January 5 was a Saturday.  In computing *time periods* specified in the Federal Rules of Civil Procedure, local rules, or court orders (such as, the response is due in 10 days), if the period would end on a Saturday, the period continues to run until the end of the next date that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C); Local Civil Rule 6.4.  Here, however, the Court set a date certain by which Plaintiffs' submission was due.  To comply with the Court's order, the Plaintiffs should have filed their motion by January 5.

### B.    As to Ten of the Deposition Topics, Plaintiffs' Motion Seeks Reconsideration of the December 20 Order But Does Not Meet the Standard for Doing So

At the hearing on December 20, 2012, the Court entered a protective order precluding depositions on the topics contained in Plaintiffs' Rule 30(b)(6) deposition notices because it found that "the topics as articulated by the plaintiffs are not contemplated or appropriate for a 30(b)(6) witness." DE 297-1 at 5:6-8.  *See also id.* at 16:5-12 ("the questions as phrased and the scope of the questions are such that . . . the questions would be problematic and even if the defendants were to discharge their duties to prepare a witness or several witnesses . . . the enormity of the scope here would lead to subsequent applications from the parties, and that to me is problematic").  Yet, in their instant motion, Plaintiffs expressly ask the Court to direct Defendants to produce witnesses regarding many of the same deposition topics, specifically PA Topics 1, 3, 7, 9, 15, 18, 20 and 26 and PLO Topics 2 and 8.  *See* DE 296 at 3, 5-9.  Plaintiffs instant request to require testimony on those same topics is therefore a motion for reconsideration of the Court's December 20, 2012 Order, which must be denied because it fails to meet the standard for such motions.

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Croton Watch Co., Inc. v. National Jeweler Magazine, Inc.*, 2006 U.S. Dist. LEXIS 75384, No. 06 CV 662, at *3 (S.D.N.Y. Oct. 16,

1300025.1

2006 (Daniels, J.) (internal citations and quotations omitted). Accordingly, "[t]he standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 59(e) is a strict one. The party must be able to point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. A motion for reconsideration is not a substitute for appeal, and is generally only granted on three grounds: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *In Re McRay*, 2011 U.S. Dist. LEXIS 14816, No. 03 Civ 9685, at *14-15 (S.D.N.Y. Feb. 15, 2011) (Ellis, MJ) (internal citations and quotations omitted).

"The standard for granting reconsideration is strict, and such relief is generally appropriate only where the movant identifies a controlling decision or factual matters which was overlooked by the Court and which might reasonably be expected to alter the Court's decision. Reconsideration should be denied where the movant simply seeks to relitigate an issue already decided by the Court." *2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, 2010 U.S. Dist. LEXIS 132755, No. 09-CV-08526, at *3 n.3 (S.D.N.Y. Dec. 13, 2010) (Daniels, J) (internal citations and quotations omitted). "Moreover, Rule 6.3 is not a vehicle for rearguing those issues already considered when a party does not like the way the original motion was resolved[.]" *Convolve, Inc. v. Compaq Computer Corp.*, 2005 U.S. Dist. LEXIS 32093, No. 00 CV 5141, at *6 (S.D.N.Y. Dec. 8, 2005) (Daniels, J.) (internal citations and quotations omitted).

Plaintiffs do not even attempt to meet this standard. Indeed, Plaintiffs' Motion offers no argument at all of (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. Accordingly, in the absence of any justification for reconsidering the Court's December 20, 2012 Order,

1300025.1

Plaintiffs' Motion should be denied as to the ten topics previously ruled upon by the Court. This is especially so because Plaintiffs have already availed themselves of District Court review of this Court's ruling as to those topics, and the District Court, after full briefing, upheld this Court's ruling.  Plaintiffs can only get so many bites at the same apple.

## II.    THE RULE 30(b)(6) DEPOSITION TOPICS IDENTIFIED IN PLAINTIFFS' MOTION SUFFER FROM THE SAME DEFECTS AS THOSE IN THE NOTICES THAT WERE THE SUBJECT OF THE COURT'S DECEMBER 20 RULING

In their motion, Plaintiffs eliminate some of the previously noticed topics and narrow a few more but, as to the remaining topics, they adopt the same formulation verbatim.  These topics remain overbroad, unduly burdensome, vague, and ill-suited for a Rule 30(b)(6) deposition.  Plaintiffs attempt to use Rule 30(b)(6) as a cure-all for the dearth of available fact witnesses and the paucity of documents relating to events in Jerusalem or the West Bank over a decade ago.  But, as the Court stated at the December 20 hearing, Rule 30(b)(6) depositions are designed to secure testimony of "people who can speak about policies and general behavior" of the party.  DE 297-1 at 5:9.  They are not intended to impose a burden on a party to prepare a witness to address in "full details" the wide ranging factual theories underlying Plaintiffs' case – especially when many of the topics relate to events occurring many years ago and relate to the conduct of third parties.

### A.    The Court Should Deny Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony on the Topics Related to Fatah and Hamas

A number of the topics on which Plaintiffs seek Rule 30(b)(6) deposition testimony relate to Palestinian political parties Fatah or Hamas:

- "The full details of all military and/or paramilitary training provided to Fatah by the PA between January 1, 1998 and January 29, 2004." DE 297-2 at 8 (Topic 7); see also DE 296 at 6.

1300025.1

- "The constitution, charter, program, policies, goals and activities of Fatah between January 1, 1998 and January 29, 2004." DE 297-2 at 9 (Topic 9); DE 297-3 at 3 (Topic 2).

- "Whether between July 31, 1998 and July 31, 2002, Hamas used any real properties in Area A (as defined in the Oslo Accords) for any purpose and, if so: (i) the locations of such properties (ii) the use Hamas made of the properties (iii) the dates on which Hamas made use of the properties and (iv) when the PA became aware of the facts responsive to this topic." DE 297-2 at 12 (Topic 20).

- "The yearly amounts of funding provided by defendants to or for the benefit of Fatah between January 1, 1998 and January 29, 2004." DE 296 at 6 (modifying DE 297-2 at 8 (Topic 8(g) and DE 297-3 at 2 (Topic 1(i)).

None of these topics is appropriate for a Rule 30(b)(6) deposition for the reasons stated by the Court at the December 20, 2012 hearing.

With respect to PA Topic 7 (the "full details of all military and/or paramilitary training provided to Fatah"), the Court previously ruled that requests for "full details" of broad topics covering events that occurred a decade ago is burdensome and "only creates issue," and that a 30(b)(6) deposition is not "an appropriate way to get the details that the plaintiffs have sought." DE 297-1 at 6:2-21.

The request is also vague because Plaintiffs fail to define what they mean by providing training to Fatah. It is unclear whether Plaintiffs seek information regarding training provided to Fatah as an institution, to leaders of Fatah, to Palestinians who claim affiliation with Fatah, or all of the above. If Plaintiffs seek testimony on everyone who is a member of the Fatah political party who has received military training while employed in one of the Palestinian security forces, then the noticed topic is wholly burdensome and not tailored to be relevant to Plaintiffs' claims. Indeed, Plaintiffs' topic is no less overly broad than a Rule 30(b)(6) notice asking the United States to provide the full details of military training it provided to Republicans.

PA Topic 9 and PLO Topic 2 (the "constitution, charter, program, policies, goals and activities of Fatah between January 1, 1998 and January 29, 2004") also run afoul of the Court's December 20, 2012 order. It is not feasible for the PA or PLO to prepare a witness to testify regarding the programs, policies, goals, and activities of third party Fatah. The PA and PLO are not Fatah, nor are they alter egos of Fatah. The Plaintiffs noticed topic as to the PA is akin to serving a Rule 30(b)(6) deposition notice on the United States asking it to produce a witness to testify regarding the programs, policies, goals, and activities of the Democratic Party from 1998-2004. The vagueness of terms such as "programs" and "activities" is also problematic. The topic is also overbroad because Plaintiffs have made no effort to narrow the Topic to "programs, policies, goals, and activities" of Fatah relevant to their claims.

PA Topic 20 (Hamas's use of real property) also cannot be squared with the guidelines set forth at the December 20 hearing. As with the topic about military training to Fatah, the topic about property used by Hamas fails to clarify whether Plaintiffs seek testimony about Hamas *qua* Hamas, the political faction, or whether Plaintiffs seek testimony about members of Hamas. Plaintiffs' motion suggests they are seeking testimony about alleged shelter provided to Hamas leadership and members of the alleged Hamas military force. DE 296 at 8 and n.5. But Plaintiffs do not identify particular Hamas members to which the discovery relates.

If PA Topic 20 is construed to apply to members of Hamas generally, the PA would have to prepare a witness who could testify on any "use" of real property in Palestinian controlled territory by anyone affiliated with Hamas. Thus, if Hamas members have homes or go to stores, restaurants, or mosques, such use of real property is covered by the noticed topic. As with the topic on Fatah "activities," Plaintiffs – despite having been given a second opportunity by the

1300025.1

Court – have made no effort to narrow the topic to make it less burdensome or to elicit testimony relevant to their claims.

If Plaintiffs' position is that they can establish liability over the PA by producing evidence that members of Hamas used real property in Palestinian-controlled territory with the PA's knowledge, *see* DE 296 at 6, then Plaintiffs are proceeding on an untenably overbroad reading of the material support provisions of the Anti-Terrorism Act. *See* 18 U.S.C. §§ 2333, 2339A. A foreign government cannot be liable for material support for failing to jail or deport all members of a popular political party simply because some small minority in that party carry out illegal acts.

With respect to PA Topic 8(g) and PLO Topic 1(i) (yearly amounts of funding for the benefit of Fatah), this Topic is cumulative of discovery previously produced to Plaintiffs. Defendants previously produced to Plaintiffs documents responsive to this request, as well as transcripts of four depositions of PA witnesses taken in related Anti-Terrorism Act cases, which included testimony on this very topic. *See* Ex. 2 (excerpts from Defendants' Objections and Responses to Plaintiffs' Fifth Request to Produce Documents) at 17-18; *see also id.* at 18-20 (identifying responsive deposition testimony of PLO witnesses).

### B.    The Court Should Deny Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony Regarding All the Documents Produced and Disclosed by Defendants as Overbroad and Unduly Burdensome.

Plaintiffs ask the Court to "order Defendants to produce a Rule 30(b)(6) witness able to testify as to the authenticity of documents produced by Defendants, and as to the factual predicates of admissibility set forth in F.R.E. 803(6) and F.R.E. 803(8)." DE 296 at 4. This topic roughly corresponds to PA Topic 15 and PLO Topic 8. *See* DE 297-2 at 10-11; DE 297-3 at 4. Because Plaintiffs failed to proffer revised Rule 30(b)(6) notices, it is unclear whether

1300025.1

Plaintiffs are renewing those topics as originally formulated in the deposition notices or whether Plaintiffs are proposing the summary formulation set forth in their motion.

The topics as noticed applied to every single document produced or disclosed by the PA or PLO during this action and were highly detailed.  For example, one of the *eight* subtopics was "when and how the document produced or disclosed came into the possession custody or control of PA, the locations in which the document was kept and/or located since it came into the possession, custody or control of the PA, and the identities, titles and positions of all custodians of the documents since it came into the possession, custody or control of the PA."  DE 297-2 at 10 (Topic 15(i)).  But even if the motion is construed to reflect a modest narrowing of the original topics, the new formulation also is unduly burdensome because it still applies to all the documents produced by the PA and PLO.

Defendants have produced 9000 pages of documents.  It is unduly burdensome and impracticable for the PA or PLO to prepare a designee to testify regarding the authenticity and the factual predicates of admissibility under F.R.E. 803(6) and F.R.E. 803(8) for that volume of documents.  With respect to authenticity, there are considerably less burdensome means of meeting Plaintiffs' objectives, such as through requests for admission.  Here, Plaintiffs have made no effort to bring their request for deposition testimony on the documents within manageable bounds.  In *Sahu v. Union Carbide Corp.*, 2010 U.S. Dist. LEXIS 134445 (S.D.N.Y. Dec. 20, 2010) , the court denied the plaintiffs' Rule 56(d) motion for a Rule 30(b)(6) deposition to authenticate and explain documents produced by the defendant on undue burden grounds. After observing that "[n]o party has ever questioned the authenticity of any documents produced to date" and that Plaintiffs "specifically identify only one document requiring explanation," the court concluded that "Plaintiffs' need for authentication and explanation is minor at best and

1300025.1

cannot justify the heavy burden and expense of Rue 30(b)(6) depositions." *Id.* at *12-13.

Similarly, here, the Plaintiffs have not offered any justification for the heavy burden and expense

entailed in directing the PA and PLO to produce designees on every single document produced

in the litigation. This request, like so many others in Plaintiffs' motion, mirrors exactly the

unreasonable request that this Court has already found to be improper, with the approval of the

District Court.

  **C.**  **The Court Should Deny Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony Regarding Various Alleged Palestinian "Perpetrators" Because Plaintiffs Have Merely Repeated the Same Topics Previously Rejected by the Court**

  Plaintiffs seek testimony on requests made to the PA to arrest or detain various

Palestinians, who Plaintiffs characterize as "perpetrators," and various actions the PA took in

response to those requests. DE 296 at 4-5. Once again, Plaintiffs failed to respond to the Court's

directive to narrow the requests and instead merely repeat the topics as originally formulated. In

their motion, the Plaintiffs ask the Court to "require defendants to produce a knowledgeable

witness for [PA topics] ¶ 1 (Barghouti), ¶ 3 (Abdel-Karim Aweis, Shawish and Hashaika), ¶ 4

(Nasser Aweis only), ¶ 18 (the missing page of [an] arrest request)." *See* DE 296 at 5

(referencing DE 297-2). Plaintiffs also make a renewed request for PA Topic ¶ 26 (*see* DE 297-

2 at 13), which asks the PA to "produce a witness regarding the substance of [a] document"

relating to an alleged perpetrator of one of the attacks at issue. DE 296 at 9.

  PA Topics 1, 3, and 4 are the requests that sought, as to the five alleged "perpetrators,"

the following information:

  (a) The full details of all requests to the PA made by the U.S. and/or
Israeli government at any time after September 1, 2000, to arrest and/or
detain [the alleged perpetrator] including (i) the identity of the personnel
and/or agencies that made the Requests, (ii) the dates of the Requests; (iii)
the means and media by which the Requests were communicated (e.g.,
fax, email, telephone, in person, etc.); (iv) the identity of the PA personnel

and/or agencies received the Requests; (v) the contents, substance and details of the Requests; (vi) with respect to any such Requests that were communicated to the PA in writing (A) locations in which such writings (and copies thereof) were held since their receipt by the PA (B) what became of such writings (and copies thereof) since their receipt by the PA and (C) the current locations of such writings (and copies thereof).

b) The full details of any actions taken by the PA in response to the Requests.

c) The full details of any arrests and/or detentions of [the alleged perpetrator] by the PA at any time after September 1, 2000 (whether or not in response to the Requests), including the dates and locations of such arrests and/or detentions.

d) The full details of any interrogations and/or questioning of [the alleged perpetrator] by the PA at any time after September 1, 2000 (whether or not in response to the Requests), including the dates and locations of such interrogations and/or questioning, and the names, ranks and official positions of the PA personnel who were present at such interrogations and/or questioning.

e) The full details of any releases and/or escapes of [the alleged perpetrator] from PA custody at any time after September 1, 2000, including the causes and circumstances of such releases and/or escapes.

*See* DE 297-2 at 1-5 (Topic Nos. 1, 3, 4).

These topics were among those the Court singled at as being unworkable. *See* DE 297-1 at 11:1-11 (explaining the difficulty of asking a city to prepare a witness on all the details of an arrest); *id.* at 6:2-17 (characterizing requests for "full details" as "inappropriate" for a Rule 30(b)(6) deposition) . The District Court already has overruled Plaintiffs' objections to the Court's ruling. Plaintiffs did not reframe these topics to address the Court's ruling, and the Court should reject the Plaintiffs' unstated request that the Court reconsider its earlier ruling.

1300025.1

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to the Magistrate Judge Pursuant to His

December 20, 2012 Order should be denied.


January 17, 2012                    Respectfully Submitted,


                                    _____/s/ Mark J. Rochon_____
                                    Mark J. Rochon
                                    Richard A. Hibey
                                    Laura G. Ferguson
                                    Brian A. Hill
                                    MILLER & CHEVALIER CHARTERED
                                    655 15th Street, NW, Suite 900
                                    Washington D.C. 20005-6701
                                    (202) 626-5800 [tel]
                                    (202) 626-5801 [fax]
                                    mrochon@milchev.com [email]


                                    *Counsel for Defendants the Palestinian Authority and the
                                    Palestine Liberation Organization*


16

1300025.1