# EXHIBIT 1



**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

December 10, 2012

**VIA FEDERAL EXPRESS**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

    I write in response to Plaintiffs' December 5 letter ("12/5 Ltr.") opposing Defendants' December 3 letter ("12/3 Ltr.") requesting a protective order regarding Rule 30(b)(6) depositions.

    <u>Plaintiffs' Notices are Untimely.</u> Plaintiffs argue that their tardy notices should be allowed because "defendants insisted and Your Honor agreed that plaintiffs depose defendants under Rule 30(b)(6) only *once*." 12/5 Ltr. at 1. Plaintiffs misstate the record. What the Court required was that Plaintiffs serve their notices as early in the discovery process as possible, that they list all the topics on which they sought testimony, and, that if they wished to take depositions on additional topics later, they justify why they did not do so earlier. *See* 3/20/12 Tr. at 37:8-10; 4/11/12 Tr. at 14:2-4, 15-25, 17:19-18:10; 11/20/12 Tr. at 45:7-21. Plaintiffs did not follow the Court's directions, and instead served unduly burdensome notices containing 35 topics and over 170 subparts with less than three weeks left in the discovery period. Plaintiffs also claim that "defendants are *still* trickling to us long-overdue documents needed for defendants' depositions," but reference only two documents, each of which they have had since October. 12/5 Ltr. at 2 & n. 6. Plaintiffs also claim that they "awaited the Hague depositions of the individual perpetrators before deposing defendants," *id.* at 2, but the vast majority of the topics now noticed have no connection to the sought-after Hague depositions. Plaintiffs also claim that Defendants "thwarted plaintiffs' tentative plan to set the depositions in November." 12/5 Ltr. at 2. This claim is baseless. Plaintiffs asked for dates on which defense counsel were available, and defense counsel provided them. 12/3 Ltr. Ex. 9. The Rule 30(b)(6) depositions did not proceed in November because Plaintiffs did not provide topics. *Id.* The bottom line is that Plaintiffs do not deny that they could have served all of these topics much earlier in the discovery period, and offer no justification for their failure to do so. Rule 26(b)(2)(C)(ii) therefore requires that this discovery be disallowed.

    <u>The Fatah Topics Are Irrelevant, Unduly Burdensome and Cumulative.</u> Plaintiffs' claim that "[a]ll the terrorist attacks in this case were executed by or with the PLO's Fatah faction," 12/5



Ltr. at 2, is an obvious overstatement given Plaintiffs recent admission that they have no idea who injured the Guettas. Fatah's alleged connections to the remaining attacks are similarly unproven. Plaintiffs argue that PLO topics 1-4 and PA topics 8-11 are nevertheless relevant because they will show what Defendants "*knew about Fatah's policies and activities*," *id.*, but that is not in fact what the topics request. Instead they request testimony about the identity of officials and their party affiliations, descriptions of rules, procedures, obligations, governing documents, and alleged material support. Defendants have already provided documents and extensive prior testimony about alleged material support of Fatah and its financial and political relationship to the Defendants, 12/3 Ltr. at 2 & Ex. 16 at 17-20, and Plaintiffs have not identified any additional information they claim to need about those topics. Any further testimony on those topics would be cumulative, duplicative, unduly burdensome and unlikely to lead to relevant evidence. The information sought by the remaining Fatah topics is not relevant to any claims in the case, and even if it was, could have been obtained by much less burdensome discovery devices than Rule 30(b)(6) notices issued in the last three weeks of the discovery period. Indeed, Plaintiffs' claim that they have known of alleged "military training" provided by the PA to Fatah since October of 2011, 12/3 Ltr. at 2 n.9, only serves to demonstrate that PA topic 7 is truly stale, and that the information sought could have been obtained earlier in a much less burdensome form. Accordingly, the Fatah topics also must not be allowed. Fed. R. Civ. P. 26(b)(1), (2)(C).

<u>Other Topics Are Irrelevant, Unduly Burdensome or Privileged.</u> Plaintiffs argue that testimony about payments to Shubaki's lawyers (PA topic 21) is relevant, despite Shubaki having no connection to any of the attacks at issue, because of his alleged funding of the "Al-Aqsa Brigades," which allegedly "carried out the attacks here." 12/5 Ltr. at 2. Setting aside the fact that Plaintiffs have not proven any connection between the "Al-Aqsa Brigades" and any attack at issue, this testimony is not appropriate because Defendants have already told Plaintiffs that they lack evidence of the payments Plaintiffs seek. 12/3 Ltr. Ex. 11 at 8-9. Indeed, these payments were the subject of a prior document request to which Defendants indicated months ago that they lacked responsive documents, and to which Plaintiffs never sought to compel a further response. *Id.* Plaintiffs similarly argue that testimony concerning an illegible document (PA topic 18) is relevant because a missing page may have listed Barghouti's name, 12/5 Ltr. at 3, but Defendants told Plaintiffs months ago that they could not find a complete or legible copy of this document, 12/3 Ltr. at Ex. 17 at 5-7, and Plaintiffs never sought to compel a further response. Plaintiffs also claim that conversations between defense counsel and Barghouti's lawyer about Barghouti's deposition (PLO topic 9; PA topic 16) are relevant because they want to know if "defendants persuaded the loquacious Barghouti not to testify." 12/5 Ltr. at 3. But defense counsel did not speak to Barghouti; they spoke to his lawyer, and Barghouti's communications with his own lawyer clearly cannot be discovered. Accordingly, Plaintiffs cannot prove what they hope to prove through this testimony, which is irrelevant and constitutes attorney work product in any event. Plaintiffs also claim that "paying 'martyr' benefits" to the families of a list of 135 persons (PA topic 19) is relevant, 12/5 Ltr. at 3, but the Court has already rejected Plaintiffs' request to take discovery regarding another list of "martyrs" who were not alleged to be involved in the attacks at issue,



11/20/12 Tr. at 4:15-17. Moreover, to the extent the persons on Plaintiffs' list are alleged to have been involved in these attacks, Defendants have already produced documents showing whether or not their families have received benefits, 12/3 Ltr. Ex. 18 at 6-10, and there is no need for cumulative testimony on that subject. Plaintiffs also claim that the existence of property "used" by Hamas in Area A of the West Bank (PA topic 20) is relevant, but have made no showing that any such property was in fact "used" in connection with any of the attacks at issue here. Furthermore, Defendants told Plaintiffs months ago that they objected to this unduly burdensome request, and Plaintiffs never sought to compel a further response. 12/3 Ltr. at 2 & Ex. 18 at 16-29. Plaintiffs also claim that testimony concerning any PA employee convicted of a crime by Israel (PA topics 22-23) is relevant, even though the vast majority of such persons have nothing to do with the attacks at issue here. 12/5 Ltr. at 3. In fact, to the extent the alleged perpetrators in these cases were PA employees, the Plaintiffs have separately sought documents concerning their employment with the PA, which makes the requested testimony cumulative and unduly burdensome to the extent it is even marginally relevant. Plaintiffs also claim that the funding, management and programming polices of PA television (PA topic 24) are relevant because PA TV has allegedly "broadcast many programs honoring and praising the terrorists responsible for the attacks in this case." 12/5 Ltr. at 3. But even if such post-attack programs were marginally relevant, that would be outweighed by the over breadth of this topic, which, in any event, could obviously have been noticed much earlier in the discovery process. Plaintiffs also claim that "Defendants' searches in response to discovery requests are not privileged," *id.* at 3, but fail to explain how a designee could testify about the "discovery about discovery" topics (PLO topics 6-9; PA topics 14-17) without revealing defense counsel's mental impressions. Plaintiffs also fail to explain how these requests are relevant to any claim in this case. Moreover, even if they were relevant, and work product were not centrally implicated by these requests, the burden associated with preparing a witness to testify about what defense counsel did to respond to dozens of discovery requests over an eighteen month discovery period would be unduly burdensome, and, if proper at all, could have been more efficiently be obtained through an alternate discovery device such an interrogatory. Accordingly, this discovery should also not be had. Fed. R. Civ. P. 26(b)(1), (2)(C).

    For the foregoing reasons, and those set forth in our letter of December 3, 2012, Defendants' request for a protective order should be granted.

Sincerely,

Brian A. Hill

cc:    Robert J. Tolchin, Esq.
       David I. Schoen, Esq.