# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04cv397 (GBD) (RLE) |
| THE PALESTINE LIBERATION ) ORGANIZATION, *et al.*, ) | |
| Defendants. ) | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH REQUEST TO PRODUCE DOCUMENTS AND THINGS BY ALL PLAINTIFFS (TO THE SOKOLOW PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to Plaintiffs' Fifth Request to Produce Documents and Things by All Plaintiffs and state as follows:

### PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2. The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1244470.2

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 20.

**REQUEST NO. 21:**

All documents concerning all provision of material support or resources by the PA to Fatah between September 30, 2000 and January 29, 2004.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 21 on the grounds that: (a) the Request is overly broad and unduly burdensome particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.* its request for "[a]ll documents "); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "material support or resources" and "Fatah" are vague and ambiguous and fail to describe the documents sought with sufficient particularity to allow for meaningful response by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which" this request refers improperly requires a legal conclusion and attempts to convert these Requests into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and

1244470.2

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants have been unable to identify any documents within their possession, custody or control reflecting any "provision of material support or resources by the PA to Fatah" within "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which the request[s] refer[s]."

Defendants are producing the deposition transcripts of Majed Faraj, Hasan Abu-Libdeh and Mazen Jedallah and Exhibit 16 thereto (Bates-labeled 04:000493-04:000494) taken in the *Klieman* case which indicate that certain payments were made by the PA to Fatah as a constituent element of the PLO, but not as "material support or resources" within "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which the request[s] refer[s]."

Defendants further state that the deposition transcript of Hussein Al Sheikh taken in the *Saperstein* case and the documents previously produced in the *Saperstein* case Bates-labeled 03:000653-03:000684 indicate that certain payments were made by the PA to Fatah as a constituent element of the PLO, but not as "material support or resources" within "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which the request[s] refer[s]." Defendants do not intend to produce copies of these documents because they understand that counsel for the Plaintiffs already has possession of these documents.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 21.

**REQUEST NO. 22:**

All documents concerning all provision of material support or resources by the PLO to Fatah between September 30, 2000 and January 29, 2004.

18

1244470.2

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 22 on the grounds that: (a) the Request is overly broad and unduly burdensome particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.* its request for "[a]ll documents "); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "material support or resources" and "Fatah" are vague and ambiguous and fail to describe the documents sought with sufficient particularity to allow for meaningful response by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which" this request refers improperly requires a legal conclusion and attempts to convert these Requests into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants have been unable to identify any documents within their possession, custody or control reflecting any "provision of material support or resources by

12244470.2

the PLO to Fatah" within "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which the request[s] refer[s]."

Defendants are producing the deposition transcript of Afif Safieh taken in the *Klieman* case in which the witness testified to the absence of any "provision of material support or resources by the PLO to Fatah" within "the meaning given that term in 18 U.S.C. § 2339A at the time or times to which the request[s] refer[s]."

Defendants further state that the deposition transcript of Yasser Shaqba'u taken in the *Saperstein* case and the Declarations of Steve Karadsheh and Mohammad Nashashibi produced in the *Saperstein* case indicate the absence of any material payments by the PLO to Fatah" within "the time or times to which the request[s] refer[s]." Defendants do not intend to produce copies of these documents because they understand that counsel for the Plaintiffs already has possession of these documents.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 22.

May 29, 2012                    Respectfully submitted,

_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1244470.2