UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

    v.                               Civ. No. 04-397 (GBD) (RLE)

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

**REPLY TO DEFENDANTS' RESPONSE [DE 304] TO MOTION FOR LEAVE TO WITHDRAW AS CO-COUNSEL OF RECORD FOR ALL PLAINTIFFS [DE302]**

    The undersigned, David I. Schoen, co-counsel of record for the Plaintiffs, has filed a Motion for Leave to Withdraw as Co-Counsel of Record in this case. [DE 302] Defendants have now filed a Response to that Motion, [DE 304], and, because it purportedly relates to the undersigned's Motion, the undersigned has been asked to reply on behalf of the Plaintiffs.

**Introduction**

    To the extent Defendants' Response addresses the question of the undersigned's withdrawal, Defendants advise the Court that they have no objection and that the Court should "take such action as it deems just and proper …" [DE 304 at 1-2]; however, Defendants write, this is their position, only if the undersigned's withdrawal "does not impact the existing schedule." From there, Defendants' true agenda in filing their "Response" readily becomes apparent.

    Defense counsel well know that there has been no request whatsoever to modify the schedule in this case based on the undersigned's withdrawal and that there is no basis whatsoever for even an attempt to draw a correlation between the undersigned's request for leave to withdraw and the status of scheduling in this case; yet in the manner that is by now as predictable

as clockwork, Defendants prove that they cannot miss any possible opportunity to try to badly mislead this Court as to the facts to which they actually direct their Response, under the guise of responding to the completely unrelated Motion to Withdraw.[1]

The primary theme (and false premise) of Defendants' submission is that, notwithstanding the undersigned's "comments" in DE 302 on the procedural posture of the case (a matter to be addressed under Local Civil Rule 1.4), scheduling in the case actually remains exactly as it was set in the original scheduling order, with fact discovery having closed on December 21, 2012, expert disclosures due as scheduled, etc. And so, the argument goes, the Court should only permit my withdrawal from the case if it does not affect that schedule.

The extent to which Defendants mislead the Court in this regard, both to the degree they try to draw some connection between my withdrawal and scheduling and in their presentation of the facts regarding the status of scheduling, is nothing short of disgraceful and should not be tolerated. The following briefly explains:

### Relevant Facts

On or about November 19, 2012, Plaintiffs filed a motion to extend the deadline for fact and expert discovery in this case. [DE 267-270] This was a comprehensive motion having nothing whatsoever to do with the undersigned; rather it was directed to the overwhelming pattern of obstruction by Defendants in the discovery process.

On December 5, 2012, Magistrate Judge Ellis convened a telephonic conference at Defendants' request, on short notice. During that conference, among other things, Magistrate

---

[1] Of course, the great statesman Abba Eban famously commented about the Defendants that they "never miss an opportunity to miss an opportunity (for peace)" [December 21, 1973 - quoted alternatively as "The Arabs never miss …" or "The Palestinians never miss …."]

Judge Ellis said quite clearly and without any question that discovery would have to be extended from the original schedule in this case.[2]

Similarly, at a follow-up telephonic conference with Magistrate Judge Ellis on December 20, 2012, reiterated his ruling that the dates in the current scheduling order would be modified. Judge Ellis expressly ruled that discovery would be extended to a date to be decided only after his consideration of submissions to be made in January, on the question of how much discovery Plaintiffs still needed, what kind of discovery, how the Plaintiffs' previously formulated Rule 30(b)(6) deposition notices might be modified, etc. This was reiterated by Judge Ellis, again in no uncertain terms and directly in response to defense counsel's comments and in rejection of Defendants' "suggest[ion]," [12/20/12 Conf. Tr. at 17], that the original discovery schedule should remain in place (defense counsel totally ignored Judge Ellis's ruling on December 5, 2012 that that schedule would be modified without any question, and that it was only a matter of how long, not whether, it would be extended).[3]

---

[2] Judge Ellis: "Well, since you brought it up let me just say that with respect to the question of additional time it certainly seems to me that there is a further need to consider the time. So **the real question is how long as opposed to whether there's a need for an extension.** I understand that the defendants [inaudible] but it seems to me we still have some work to do before I can declare that discovery is complete. [12/5/12 Conf. Tr. at 4] [Emphasis added]

[3] Judge Ellis: "So the second part of my ruling is this. I will give the plaintiffs an opportunity to propose to me or to propose in conjunction with discussions with the defendants how to - - make sure that the plaintiffs get appropriate discovery on issues that are relevant to the claims in the case. I will - - I'm not going to expect you to give me that in a week but I will expect that by January 5th I will get from the parties either an agreement from the parties about how to give the plaintiffs appropriate discovery or an application for the plaintiffs for discovery which does not run afoul of the ruling which I've made today." [12/20/12 Conf. Tr. at 16-17] The "ruling" to which Judge Ellis was referring in the last sentence was, *inter alia,* that Plaintiffs should reformulate their 30(b)(6) deposition notice to subjects the Court felt more targeted or otherwise appropriate.

Judge Ellis then went on to reiterate that there would be an extension of the dates in the current scheduling order, although not "open-ended" and that he would make a decision as to how to proceed in this regard after reviewing Plaintiffs' submission as to what discovery they still needed to take, what alternatives formulations of the 30(b)(6) notices Plaintiffs proposed, and so on, expressly finding that while the Court found the 30(b)(6) notices needed modification, it was clear to the Court that Plaintiffs
*(continued...)*

Plaintiffs made their submission as scheduled on January 7, 2013. [DE 295-297] (January 5th was a Saturday). Although no response mentioned by Judge Ellis, Defendants file their response on January 17, 2013. [DE 305]

When Defendants represented to this Court in their Response to the undersigned's Motion for Leave to Withdraw, that "… fact discovery actually closed in this matter on December 21, 2012 …" and wrote further that, while Plaintiffs have filed a motion seeking an extension of fact and expert discovery, "no order of the Court has in fact modified the original deadlines for fact or expert discovery," [DE 304 at 1], and did so without any reference whatsoever to Judge Ellis's clear orders of December 5th and 20th, 2012 (to which Defendants filed no objections) that the scheduling order **would**, indeed, be modified and that discovery would be extended to a date Judge Ellis would decide only after considering additional material to be filed this month, Defendants knowingly and intentionally misled this Court on the very subject that was the primary focus of their purported Response to the undersigned's Motion for Leave to Withdraw.

Knowing the "facts" they presented to this Court to be false or misleading, for defense counsel to suggest to the Court that the undersigned's withdrawal should only be permitted if it would not affect the original schedule, which defense counsel well knew Judge Ellis already had ruled would be extended, for reasons having nothing to do with the undersigned or the undersigned's continued participation in this case, is inexcusable.[4]

---

are "entitled to discovery" and it would be best for the Plaintiffs to reformulate the notices, given that the Court did not feel it was in a position to do so. [12/20/12 Conf. Tr. at 20-1]

[4] It is the undersigned's understanding that Plaintiffs, through Mr. Tolchin, sent a letter to Magistrate Judge Ellis on or about January 16, 2013, in essence forecasting just this kind of approach by Defendants, from experience, and asking that a formal written order be entered memorializing the orders the Court had orally entered at the telephonic conferences referred to herein.

4

There is little question that Mr. Rochon, the experienced defense attorney who signed DE 304, is on solid ground when he suggests that in some circumstances the withdrawal of counsel (especially if coupled with "repeatedly ignoring briefing deadlines") can be a major disruption in a case, even to the point, in the extreme, of constituting conduct that "seriously interfere[s] with the administration of justice.[5]" *See e.g.*, *In Re Mark J. Rochon, Respondent*, 746 A.2d 876 (D.C. 2000)(reciprocal "public censure," by District of Columbia Court of Appeals, citing public reprimand by the United States Court of Appeals for the District of Columbia Circuit for the respondent's conduct in "repeatedly ignoring briefing deadlines" and for "filing a motion to withdraw as counsel one week before the extended deadlines for filing a brief in one of the cases."); *In re: Mark J. Rochon*, No. 97-8513 *Per Curiam* Order of the United States Court of Appeals for the District of Columbia Circuit, dated January 14, 1999 (reprimanding Respondent for repeated failure to comply with court rules, placing "clients at great risk," and for a "palpable lack of respect for the court.")[Exhibit B collectively]

Plaintiffs do not contest that general principle. But the argument has nothing whatsoever to do with the undersigned's Motion for Leave to Withdraw as Co-Counsel in this case and Defendants well know that.

### Conclusion

The facts and premises presented by Defendants in their Response simply are not true. Further, the undersigned's withdrawal from this case would have no impact whatsoever on scheduling and no one is asking for such withdrawal to be considered with respect to scheduling.

---

[5] *See* D.C. Bar Magazine, "Bar Counsel's Page" at Page 5 (May June 2000) (Reference to *In re Mark J. Rochon* [Exhibit A].

5

Given the latter fact, there clearly is no opposition to the Motion for Leave to Withdraw as Co-Counsel, based on Defendants' Response.

Defense counsel well know that the undersigned's request for leave to withdraw is based on personal reasons, that the undersigned has only been in this case for a short period of time, and that such withdrawal simply returns the case to the status quo ante without any disruption.

There was no legitimate need to file any Response, let alone one of the nature that was filed. Of course, the undersigned remains prepared to advise the Court of the personal reasons behind the request at issue, but would ask to be permitted to do so on an *ex parte* basis. In no way would it be appropriate for defense counsel to be a part of that process. As noted in the original motion, however, the undersigned asks to be excused from providing such reasons to the Court, given all attending circumstances and the return to the status quo ante after the undersigned's withdrawal.

Dated: January 18, 2013

         Respectfully Submitted,

         /s/ David I. Schoen
         David I. Schoen (DS 0860)
         Attorney at Law
         2800 Zelda Road, Suite 100-6
         Montgomery, AL 36106
         334-395-6611
         Fax: 917-591-7586
         DSchoen593@aol.com

         Co-Counsel for Plaintiffs