

IN RE MARK J. ROCHON, RESPONDENT. A Member of the Bar of the District of Columbia Court of Appeals

No. 99-BG-341

DISTRICT OF COLUMBIA COURT OF APPEALS

746 A.2d 876; 2000 D.C. App. LEXIS 52

March 2, 2000, Decided

**DISPOSITION:** [**1] ORDERED that Mark J. Rochon be, and hereby is, publicly censured.

**JUDGES:** Before FARRELL and RUIZ, Associate Judges, and GALLAGHER, Senior Judge.

**OPINION**

[*877] On Report and Recommendation of the Board on Professional Responsibility

PER CURIAM: On January 14, 1999, respondent Mark J. Rochon was publicly reprimanded by the United States Court of Appeals for the District of Columbia Circuit after repeatedly ignoring briefing deadlines in several cases and filing a motion to withdraw as counsel one week before the extended deadline for filing a brief in one of the cases. In two of the cases, the Circuit Court issued orders to show cause why the appeals should not be dismissed for lack of prosecution. After respondent answered the orders, the Court entered new briefing schedules. Again, respondent failed to file the briefs within the time specified in the new briefing orders. Even the Circuit Court's explicit expression of its displeasure did not [**2] motivate respondent to correct his conduct.

Bar Counsel filed with this court a certified copy of the Circuit Court's disciplinary order. This court referred the matter to the Board on Professional Responsibility ("Board"), and the Board has now filed its report and recommendation. The Board recommends reciprocal discipline in the form of a public censure, the functional equivalent of the Circuit Court's public reprimand. *See In re Macaulay*, 737 A.2d 552, 553 (D.C. 1999). Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See* D.C. Bar R. XI, § 11 (f)(1); *In re Goldsborough*, 654 A.2d 1285 (D.C. 1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992). Accordingly, it is

ORDERED that Mark J. Rochon be, and hereby is, publicly censured.

*So ordered.*

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 97-8513

September Term, 1998

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED
JAN 14 1999
CLERK

In re: Mark J. Rochon,
Respondent

**BEFORE:** Wald, Randolph, and Garland, Circuit Judges

### ORDER

Upon consideration of the recommendation of this court's Committee on Admissions and Grievances that Mark J. Rochon be publicly reprimanded for his repeated failure to comply with this court's rules and scheduling orders, and the comments submitted by Rochon, it is

**ORDERED** that Mark J. Rochon be publicly reprimanded. In No. 94-3095, United States v. Neville, Rochon did not file a brief or motion to extend time on behalf of his client by the August 7, 1995 due date. The court issued an order to show cause why the appeal should not be dismissed for lack of prosecution. After Rochon responded to the order to show cause, the court set a new briefing schedule. Rochon filed neither a brief nor a motion to extend time by the new filing date.

In No. 94-3024, United States v. Smith, Rochon failed to file either a brief on behalf of his client, or a motion to extend the time for filing the brief, by the due date of October 2, 1995. The court issued an order to show cause why the appeal should not be dismissed for lack of prosecution. Rochon responded to the order to show cause, and the court set a new briefing schedule. Rochon did not file a brief or a motion to extend time by the new filing date. In No. 92-3232, United States v. Morrison, Rochon's brief was due on December 4, 1995. Rochon filed neither a brief nor a motion to extend time by that date.

Based on the foregoing facts, the court issued an order directing Rochon to show cause why his conduct should not be referred to the court's Committee on Admissions and Grievances. Rochon responded by explaining the extraordinary difficulties occasioned by the recent departure of one of his law partners, and the court decided at that juncture not to refer Rochon's conduct to the Committee. In each of the above-captioned cases, Rochon ultimately filed a brief on behalf of his client.

In No. 96-5253, United States v. Property Identified as $88,260 in U.S. Currency, the government filed a motion for summary affirmance on October 4, 1996. When Rochon did not file a timely response to that motion, the court issued an order to show cause why the motion should not be decided without a response. Rochon responded to the order to show cause, and ultimately filed an opposition to the motion for summary affirmance. Summary affirmance was denied, and the case was set for briefing and oral argument. The court's order stated:

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 97-8513             September Term, 1998

The court notes with displeasure that counsel for appellant has once again failed to comply with this court's rules. See Order to Show Cause filed in this case on October 25, 1996. As counsel is aware, this court has previously expressed concern about such failures, see Order to Show Cause filed in No. 95-8532 on December 29, 1995, and at that time counsel assured the court that his behavior would not be repeated. Counsel is warned that any future failure to abide by the court's rules may result in sanctions or disciplinary action, or both.

April 22, 1997 order.

    One week before the brief was due, Rochon moved to withdraw. The court referred Rochon's conduct in all of the above-described matters to the Committee.

    We publicly reprimand Rochon for his repeated failure to comply with this court's rules and deadlines. See Fed. R. App. P. 46(c); General Rules of the United States Court of Appeals for the District of Columbia Circuit, App. V, Rule I. This pattern of behavior constitutes serious misconduct. Rochon placed his clients at great risk, and demonstrated a palpable lack of respect for the court. This reprimand includes Rochon's decision to wait until one week before the brief was due before moving to withdraw from No. 96-5353. The conflict of interest that occasioned that motion was apparent at the outset of this appeal, and we find unpersuasive Rochon's explanations for the delay.

    The Clerk is directed to file this public reprimand on the public records of this court.

Per Curiam

2