Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 81. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

82. Jubran appeared as a witness on behalf of the PA in the Tel Aviv District Court in the matter of *Goldman et al. v. PA et al.*, Civ. No. 1137-05.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 82 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 82 on the grounds that, as potentially construed, the use of the word "Jubran" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 82. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

83. Jubran testified under oath there that suicide terrorists are considered "martyrs" whose families are entitled to financial benefits under Defendants' program, because "they fell in the course of the struggle, the fighting, the conflict."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 83 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 83 on the grounds that, as potentially construed, the use of the words and phrases "Jubran," "financial benefits," and "Defendants' program" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 83. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

84. Representatives of Defendants' Fund assisted Bassam Banat with his/her dissertation.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 84 on the grounds that, as potentially construed, the use of the words and phrases "Representatives," "Defendants' Fund," "assist," "Bassam Banat," and "dissertation" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 84. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 84, therefore, Defendants deny this Request.

**REQUEST:**

85. Representatives of Defendants' Fund provided the names of all Palestinian suicide martyrs (Istishadiyin).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 85 on the grounds that, as potentially construed, the use of the words and phrases "representatives," "Defendants' Fund," and "Palestinian suicide martyrs (Istishadiyin)" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 85. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

86. Defendants' Fund president, Ms. Intesar Al-Wazeer ("Al-Wazeer"), facilitated Banat and designated a coordinator.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 86 on the grounds that, as potentially construed, the use of the words and phrases "Defendants' Fund," "Intesar Al-Wazeer," "facilitated," "Banat," and "designated a coordinator" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 86. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

87. Al-Wazeer provided Banat with a list of all the Palestinian Martyrs and the way they implemented the martyrdom operations.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 87 on the grounds that, as potentially construed, the use of the words and phrases "Al-Wazeer," "Banat," "Palestinian Martyrs," and "implemented the martyrdom operations" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 87. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

88. The Palestinian Authority published a 12 volume publication called "Al Aqsa Intifada: Diary and Documents" ([ARABIC]), some volumes of which are captioned as "Diaries of the Intifada" ([ARABIC]). (Produced instead via email today, November 21, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 88. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

89. These documents sent by plaintiffs to defendants by email on November 21, 2012 are genuine copies of volume 1 and volumes 4-12 of the PA's publication "Al Aqsa Intifada: Diary and Documents" ([ARABIC]), some volumes of which are captioned as "Diaries of the Intifada" ([ARABIC])

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 89 on the grounds that, as potentially construed, the Request is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 89. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 89, therefore, Defendants deny this Request.

**REQUEST:**

90. The document produced to defendants by email on November 21, 2012, at 4:10 am EST, is a genuine copy of a webpage appearing at http://www.palpolice.ps/ar/?p=4830 on November 21, 2012.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 90. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 90, therefore, Defendants deny this Request.

**REQUEST:**

91. The website http://www.palpolice.ps is the official website of the PA Police.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 91 on the grounds that, as potentially construed, the use of the words and phrase "official website" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 91. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that http://www.palpolice.ps is the official website of the PA Civil Police.

**REQUEST:**

92. The webpage appearing at http://www.palpolice.ps/ar/?p=4830 on November 21, 2012 was published by the PA Police.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 92 on the grounds that, as potentially construed, the use of the words and phrase "published by the PA Police" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 92. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 92, therefore, Defendants deny this Request.

**REQUEST:**

93. The PA can sue and/or be sued in PA courts.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 93 on the grounds that, as potentially construed, the use of the words and phrase "PA courts" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 93. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

94. The PA can sue and/or be sued in Israeli courts,

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 94 on the grounds that, as potentially construed, the use of the words and phrase "Israeli courts" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 94. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

95. The PA can be sued in foreign courts.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 94 on the grounds that, as potentially construed, the use of the words and phrase "foreign courts" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 95. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 95, therefore, Defendants deny this Request.

**REQUEST:**

96. The PA does not have members.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 96 on the grounds that, as potentially construed, the use of the word "members" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 96. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 96, therefore, Defendants deny this Request.

**REQUEST:**

97. The PA does not have membership dues.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 97 on the grounds that, as potentially construed, the use of the words and phrase "membership dues" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 97. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

98. The PA holds assets in its own name.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 98 on the grounds that, as potentially construed, the use of the words and phrase "holds assets in its own name" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 98. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

99. The PA can enter into binding contracts inside the Palestinian territory.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 99 on the grounds that, as potentially construed, the use of the words and phrases "binding contracts" and "inside the Palestinian territory" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 99. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

100. The PA can enter into binding contracts outside the Palestinian territory.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 100 on the grounds that, as potentially construed, the use of the words and phrases "binding contracts" and "outside the Palestinian territory" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 100. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 100, therefore, Defendants deny this Request.

**REQUEST:**

101. Ali Yusuf "Ja'ara" was the suicide bomber in the Goldberg bombing on Janaury 29, 2004.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 101 on the grounds that, as potentially construed, the use of the words and phrases "Ali Yusuf Ja'ara," "suicide bomber," and "Goldberg bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 101. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 101, therefore, Defendants deny this Request.

**REQUEST:**

102. Ja'ara was a PA employee, agent or assign at the time of the Goldberg bombing on January 29, 2004.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 102 on the grounds that, as potentially construed, the use of the words and phrases "Ja'ara," "employee, agent or assign," and "at the time of the Goldberg bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 102. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

103. Ja'ara's family, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 103 on the grounds that, as potentially construed, the use of the words and phrases "Ja'ara's family," "his agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 103. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

104. The video produced via email on October 23, 2012, called "Yasser Arafat Immediately After Goldberg Bombing" is authentic and genuine copy of a broadcast that was aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 104 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 104 on the grounds that, as potentially construed, the use of the words and phrase "Goldberg Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 104. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

105. The Jara'a martyr file produced by Defendants is an authentic and genuine copy.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 105 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a martyr file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 105. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that the document bearing Bates numbers 02:007290-7304 is a genuine and authentic copy.

**REQUEST:**

106. The Jara'a martye file produced by Defendants are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 106 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a martye file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 106. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

107. Jara'a's service as a policeman was terminated due to his martyrdom.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 107 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a" and "terminated due to his martyrdom" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 107. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

108. The video produced on July 3, 2012 called "A Jaara Funeral-PA TV" on July 3, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 108 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 108 on the grounds that, as potentially construed, the use of the words and phrase "A Jaara" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 108. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

109. Ahmed Taleb Mustapha Barghouti aka Al-Farinsi ("M Barghouti") was a PA employee, agent or assign at the time of the Gould & Waldman Shooting on January 22, 2002 ("Gould shooting").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 109 on the grounds that, as potentially construed, the use of the words and phrases "Ahmed Taleb Mustapha Barghouti aka Al-Farinsi," "employee, agent or assign," and "at the time of the Gould & Waldman Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 109. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

110. Nasser Mahmoud Ahmed Aweis aka Abu Mojaked ("Aweis") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 110 on the grounds that, as potentially construed, the use of the words and phrases "Nasser Mahmoud Ahmed Aweis aka Abu Mojaked," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 110. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

111. Majid Al-Masri aka Abu Mojahed ("Al-Masri") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 111 on the grounds that, as potentially construed, the use of the words and phrases "Majid Al-Masri aka Abu Mojahed," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 111. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

112. Mahmoud Al-Titi ("Al-Titi") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 112 on the grounds that, as potentially construed, the

use of the words and phrases "Mahmoud Al-Titi," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 112. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

113. Mahmoud Abdel Rahman Salam Musalah aka Abu Satkhah ("Musalah") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 113 on the grounds that, as potentially construed, the use of the words and phrases "Mahmoud Abdel Rahman Salam Musalah aka Abu Satkhah," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 113. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

114. Faras Sadak Mohammed Ghanem aka Hitawi ("Ghanem") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 114 on the grounds that, as potentially construed, the use of the words and phrases "Faras Sadak Mohammed Ghanem aka Hitawi," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 114. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

115. M Barghouti, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 115 on the grounds that, as potentially construed, the use of the words and phrases "M Barghouti," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 115. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 115, therefore, Defendants deny this Request.

**REQUEST:**

116. Aweis, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 116 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 116. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 116, therefore, Defendants deny this Request.

**REQUEST:**

117. Al-Masri, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 117 on the grounds that, as potentially construed, the use of the words and phrases "Al-Masri," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 117. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 117, therefore, Defendants deny this Request.

**REQUEST:**

118. Al-Titi, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 118 on the grounds that, as potentially construed, the use of the words and phrases "Al-Titi," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 118. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 118, therefore, Defendants deny this Request.

**REQUEST:**

119. Musalah, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 119 on the grounds that, as potentially construed, the use of the words and phrases "Musalah," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 119. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 119, therefore, Defendants deny this Request.

**REQUEST:**

120. Ghanem, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 120 on the grounds that, as potentially construed, the use of the words "Ghanem," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 120. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 120, therefore, Defendants deny this Request.

**REQUEST:**

121. Abdullah, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 121 on the grounds that, as potentially construed, the use of the words and phrases "Abdullah," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 121. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 121, therefore, Defendants deny this Request.

**REQUEST:**

122. Ramadan's family or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 122 on the grounds that, as potentially construed, the use of the words and phrases "Ramadan," "family or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 122. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 122, therefore, Defendants deny this Request.

**REQUEST:**

123. Al-Masri was convicted in Israeli court for his involvement in the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 123 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 123 on the grounds that, as potentially construed, the use of the words and phrases "Al-Masri," "Israeli court," "involvement in," and "Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 123. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 123, therefore, Defendants deny this Request.

**REQUEST:**

124. Aweis' name appeared on the Zinni List (defined above).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 124 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 124 on the grounds that, as potentially construed, the use of the words and phrase "Aweis" and "Zinni List" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 124. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 124, therefore, Defendants deny this Request.

**REQUEST:**

125. Aweis was a captain in the PA National Security Service.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 125 on the grounds that, as potentially construed, the use of the words and phrase "Aweis" and "PA National Security Service" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 125. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

126. The PA continued to pay Aweis his salary without any interruption whatsoever after he appeared on the Zinni List.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 126 on the grounds that, as potentially construed, the

use of the words and phrases "Aweis," "salary," "without any interruption whatsoever," and "after he appeared on the Zinni List" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 126. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 126, therefore, Defendants deny this Request.

**REQUEST:**

127. The PA continued to pay Aweis his salary without any interruption whatsoever after the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 127 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "salary," and "without any interruption whatsoever," and "after the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 127. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

128. The PA continued to pay Aweis his salary without any interruption after Aweis was arrested by Israel in Spring 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 128 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 128 on the grounds that, as potentially construed, the use of the words and phrase "Aweis," "salary," and "without any interruption" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 128. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

129. The video produced on November 19, 2012 called "Al-Masri" is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 129 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 129 on the grounds that, as potentially construed, the use of the word "Al-Masri" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 129. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

130. PBC interviewed the daughter of Nasser Al-Shawish on September 22, 2011, (as indicated in the document produced on November 19, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 130 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 130 on the grounds that, as potentially construed, the use of the words and phrase "Nasser Al-Shawish" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 130. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 130, therefore, Defendants deny this Request.

**REQUEST:**

131. PBC interviewed the family of Majed Al-Masri on September 22, 2011, (as indicated in the document produced on November 19, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 131 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 131 on the grounds that, as potentially construed, the use of the words and phrase "family of Majed Al-Masri" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 131. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

132. Mazan Faritach ("Faritach") was the bomber in the June 19, 2002 Mandelkorn Bombing ("Mandelkorn Bombing").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 132 on the grounds that, as potentially construed, the use of the words and phrases "Mazan Faritach" and "Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 132. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 132, therefore, Defendants deny this Request.

**REQUEST:**

133. Faritach was an employee, agent or assign of the PA at the time of the Mandelkorn Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 133 on the grounds that, as potentially construed, the use of the words and phrases "Faritach," "employee, agent or assign" and "at the time of the Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 133. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

134. Fartiach, his family, agents, or assigns has received benefits from the PA since the Mandelkorn bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 134 on the grounds that, as potentially construed, the use of the words and phrases "Fartiach," "family, agents, or assigns," "benefits," and "since the Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 134. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

135. The video called "On PA TV Glorification of Fogel family murderers - PMW Bulletins" produced on January 29, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 135 on the grounds that it refers to relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 135 on the grounds that, as potentially construed, the use of the words and phrases "Fogel family murderers" and "PMW Bulletins" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 135. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

136. The video called "Song dedicated to Palestinian prisoners honors arch-terrorists, on PA TV" on July 3, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 136 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 136. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

December 21, 2012

Respectfully submitted,

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]

mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 21st day of December 2012, a true and genuine copy of the foregoing was served by certified mail on the following:

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 855-4696
rjt@tolchinlaw.com

David I. Schoen
David I. Schoen, Attorney At Law
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334)-395-6611
(334)-272-0529 (fax)
dschoen593@aol.com

[signature]
Brian A. Hill