# EXHIBIT  J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                     Plaintiffs,

            - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                     Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS (TO THE MANDELKORN PLAINTIFFS)

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively "Defendants"), by their counsel, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and, where applicable, Responses to "Plaintiffs' First Request for Admissions to Defendants," dated November 21, 2012 ("Request" or "Requests"), and state as follows:

### GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Requests to the extent that they seek admissions concerning matters that are "in dispute." *See* Fed. R. Civ. P. 36, cmts.

3.      Defendants object to the Requests to the extent that they refer to documents that were not created by Defendants or cannot be authenticated by Defendants through a reasonable

inquiry. Defendants therefore object to the Requests to the extent that discovering the information necessary to admit or deny the Requests would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

4.     Defendants object to the Requests to the extent that they seek the disclosure of information protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, state secrets, or other statutory or common law privileges). Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

5.     Defendants object to the Requests to the extent that they are not proper Requests for Admission under Federal Rule of Procedure 36 in that they do not request admissions regarding facts, the application of law to fact, or the genuineness of documents, and instead request admissions regarding conclusions of law.

6.     Defendants object to the Requests to the extent that they seek admissions which are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

8.    Defendants object to the Requests to the extent that they use terms or phrases that are vague or ambiguous or fail to describe the information sought with sufficient clarity or specificity to enable Defendants to respond.

9.    Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the admission sought with sufficient particularity to allow for a meaningful response by Defendants.

10.    Defendants object to the Requests to the extent that they lack any date or time period definition or restriction.

11.    The response to any Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed by that response or with respect to the relevancy, materiality or admissibility of the information referenced or contained in that response.  Each response is without prejudice to, or any waiver of, any objection Defendants may make to any future use of such response.

12.    Defendants object to the Requests to the extent that they seek responses to facts that have yet to be disclosed during the discovery process and that are not yet in the possession or control of Defendants.  Defendants' responses are based on the knowledge and information presently available to Defendants.  Defendants reserve the right to revise, alter, amend or supplement its responses to the Requests if and when relevant facts, information or documents become known to Defendants.

13.    The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

14.    Defendants incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for

3

emphasis or some other reason. The failure to include any general objection in any specific responses does not waive any general objection to that request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST:**

1.    The Palestinian Authority TV and Radio, the Palestinian Broadcasting Corporation, ("PBC") are under the direct control of the PA.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 1 on the grounds that, as potentially construed, the use of the words and phrases "Palestinian Authority TV and Radio" and "under the direct control of" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 1. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

2.    The PBC is the official media service of the PA government.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 2 on the grounds that, as potentially construed, the use of the words and phrases "official media service" and "PA government" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 2. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request as phrased, but state that the PBC serves as a news agency

of the PA.

**REQUEST:**

3.    WAFA Palestine News and Information Agency ("WAFA") is the official PA
news service.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In

addition, Defendants object to Request No. 3 on the grounds that, as potentially construed, the

use of the words and phrase "official PA news service" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 3. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request as phrased, but state that WAFA is currently an official

news agency of the PA.

**REQUEST:**

4.    WAFA is affiliated with the PLO Executive Committee.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 4 on the grounds that, as potentially construed, the use of the words and phrase "affiliated with" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 4. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

5.    The PLO Executive Committee is headed by Mahmoud Abbas.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 5 on the grounds that, as potentially construed, the use of the words and phrase "headed by" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 5. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

6.    The newspaper *Al-Hayat Al-Jadida* is the PA's official daily newspaper.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 6 on the grounds that, as potentially construed, the use of the words and phrase "official daily newspaper" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 6. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

7.    Mohammed Hasheika ("Hasheika"), was the suicide bomber in the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 7 on the grounds that, as potentially construed, the use of the words and phrases "Mohammed Hasheika," "suicide bomber," and "Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 7. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 7, therefore, Defendants deny this Request.

**REQUEST:**

8.    Abdel Karim Ratab Yunis Aweis ("Aweis") was convicted in Israeli court for his involvement in the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 8 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 8 on the grounds that, as potentially construed, the use of the words and phrases "Abdel Karim Ratab Yunis Aweis," "Israeli court," "involvement in," and "Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 8.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 8, therefore, Defendants deny this Request.

**REQUEST:**

9.    Nasser Jamal Mousa Shawish ("Shawish"), was convicted in Israeli court for his involvement in the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 9 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 9 on the grounds that, as potentially construed, the use of the words and phrases "Nasser Jamal Mousa Shawish," "Israeli court," "involvement in," and "Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 9. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 9, therefore, Defendants deny this Request.

**REQUEST:**

10.    Sana'a Muhammed Shehadeh ("Shehadeh") was convicted in Israeli court for her involvement in the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 10 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not

limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 10 on the grounds that, as potentially construed, the use of the words and phrases "Sana'a Muhammed Shehadeh," "Israeli court," "involvement in," and "Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 10. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 10, therefore, Defendants deny this Request.

**REQUEST:**

11.     Kaira Said Ali Sadi ("Sadi") was convicted in Israeli court for her involvement in the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 11 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.

Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 11 on the grounds that, as potentially construed, the use of the words and phrases "Kaira Said Ali Sadi," "Israeli court," "involvement in," and "Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 11. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 11, therefore, Defendants deny this Request.

**REQUEST:**

12.    Hasheika's family, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 12 on the grounds that, as potentially construed, the use of the words and phrases "Hasheika's family," "his agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 12.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 12, therefore, Defendants deny this Request.

**REQUEST:**

13.    Aweis, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 13 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "his agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 13. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 13, therefore, Defendants deny this Request.

**REQUEST:**

14.    Shawish, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 14 on the grounds that, as potentially construed, the use of the words and phrases "Shawish," "his agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 14. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 14, therefore, Defendants deny this Request.

**REQUEST:**

15.    Shehadeh, her agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 15 on the grounds that, as potentially construed, the use of the words and phrases "Shehadeh," "her agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 15. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 15, therefore, Defendants deny this Request.

**REQUEST:**

16.    Sadi, her agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 16 on the grounds that, as potentially construed, the use of the words and phrases "Sadi," "her agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing," is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 16. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 16, therefore, Defendants deny this Request.

**REQUEST:**

17. Aweis was a PA employee, agent or assign from at least 2000 to 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 17 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "employee, agent or assign," and "from at least 2000 to 2002" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 17. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 17, therefore, Defendants deny this Request.

**REQUEST:**

18.    Aweis was a PA employee, agent or assign at the time of the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 18 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "employee, agent or assign," and "at the time of the Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 18.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny the Request.

**REQUEST:**

19.    Hasheika was a PA employee, agent or assign at the time of the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 19 on the grounds that, as potentially construed, the use of the words and phrases "Hasheika," "employee, agent or assign," and "at the time of the Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 19. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny the Request.

**REQUEST:**

20.    Hasheika had been a PA employee prior to the Bauer bombing on March 21, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 20 on the grounds that, as potentially construed, the use of the words and phrases "Hasheika" and "prior to the Bauer bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 20. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

21.    The documents produced by Defendants, marked Bates 4473-4475, are genuine and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 21. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants admit this Request.

**REQUEST:**

22.    The documents produced by Defendants marked Bates 4497-4499 are genuine
and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 22. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants admit this Request.

**REQUEST:**

23.    The documents produced by Defendants, marked Bates 4473-4475, are records of
regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 23. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request.

**REQUEST:**

24.    The documents produced by Defendants, marked Bates 4497-4499 are records of
regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 24. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request.

**REQUEST:**

25.    The Hasheikah martyr file produced by Defendants is a genuine and authentic
copy.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In

addition, Defendants object to Request No. 25 on the grounds that, as potentially construed, the

use of the words and phrase "Hasheikah martyr file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 25. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that the document bearing Bates numbers 02:007304-7327 is a genuine and authentic copy.

**REQUEST:**

26.    The Hasheikah martyr file is made up of records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 26 on the grounds that, as potentially construed, the use of the words and phrase "Hasheikah martyr file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 26. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

27.    Hasheikah was arrested by the PA in February, 2006.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 27 on the grounds that, as potentially construed, the use of the word "Hasheikah" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 27. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

28.    When Hasheikah was arrested he had on his person an explosive device.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 28 on the grounds that, as potentially construed, the use of the words and phrases "Hasheikah," "was arrested," "had on his person," and "explosive device" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 28. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 28, therefore, Defendants deny this Request.

**REQUEST:**

29.    Saeb Erekat was the chief Palestinian political negotiator in March, 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 29 on the grounds that, as potentially construed, the use of the words and phrases "Saeb Erekat" and "chief Palestinian political negotiator" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 91.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that Saeb Erakat was the Chief Negotiator for the PLO in March 2002.

**REQUEST:**

30.    In a March 24, 2002 Fox News interview, produced by Plaintiffs on March 14, 2012 via email, Erekat acknowledged that Hasheika had been arrested by the PA before the bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 30 on the grounds that it refers to and relies upon a

document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 30 on the grounds that, as potentially construed, the use of the words and phrase "Erekat," "Hasheika," and "before the bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 30. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

31.    (a) Arafat received a list of wanted men from U.S. Envoy Anthony Zinni in December 2001 ("Zinni List"); (b) Aweis was on the Zinni List.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further object to Request No. 31 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the

24

Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 31 on the grounds that, as potentially construed, the use of the words and phrases "Arafat," "wanted men," "Zinni List," and "Aweis" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 31. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 31, therefore, Defendants deny this Request.

**REQUEST:**

32.     The documents produced by Defendants, marked Bates 7304-7316, are genuine and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 32. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

33.     The documents produced by Defendants, marked Bates 7304-7316 are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 33. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

34.     The documents produced by Defendants, marked Bates 7317-7328, are genuine and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 34. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

35.     The documents produced by Defendants, marked Bates 7317-7328, are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 35.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request.

**REQUEST:**

36.     The video produced called "PA TV on Nasswer Aweis" on November 18, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In

addition, Defendants object to Request No. 36 on the grounds that it refers to and relies upon a

video recording that was not created by Defendants, their employees or agents and cannot be

authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the

Request to the extent that discovering the information necessary to admit or deny the Request

would require more than a reasonable inquiry, which consists of a reasonable effort to secure

information that is readily obtainable from persons and documents within the responding party's

control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 36 on the grounds that, as potentially construed, the use of the words and phrase "Nasswer Aweis" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 36. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

37.     Abdoullah Barghouti ("Barghouti") was was a PA employee, agent or assign at the time of the Hebrew University bombing on July 31, 2002 ("HU Bombing").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 37 on the grounds that, as potentially construed, the use of the words and phrases "Abdoullah Barghouti," "was was," "employee, agent or assign," and "at the time of the Hebrew University bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 37. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

38.    Marwan Bin Khatib "M Barghouti"; was was a PA employee, agent or assign at the time of the HU Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 38 on the grounds that, as potentially construed, the use of the words and phrases "Marwan Bin Khatib," "was was," "employee, agent or assign," and "at the time of the HU bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 38.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

39.    Barghouti, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the HU Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 39 on the grounds that, as potentially construed, the use of the words and phrases "Barghouti," "his agents or assigns," "benefits, financial or otherwise," and "since the HU bombing" is vague and ambiguous.

**RESPONSE:**

29

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 39. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 39, therefore, Defendants deny this Request.

**REQUEST:**

40.    M. Barghouti, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the HU Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 40 on the grounds that, as potentially construed, the use of the words and phrases "M. Barghouti," "his agents or assigns," "benefits, financial or otherwise," and "since the HU bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 40. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 40, therefore, Defendants deny this Request.

**REQUEST:**

41.    U.S. Secretary of State, Colin Powell demanded that the PA arrest Abdullah Barghouti prior to the HU Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 41 to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 41 on the grounds that, as potentially construed, the use of the words and phrases "Abdullah Barghouti" and "prior to the HU bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 41. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 41, therefore, Defendants deny this Request.

**REQUEST:**

42.    The PA was notified by Israel and/or the United States between September 1, 2000 and July 31, 2002 to detain or arrest Abdullah Barghouti.

31

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 42 to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 42 on the grounds that, as potentially construed, the use of the words and phrase "notified" and "Abdullah Barghouti" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 42. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

43.    (a) the PA received a list of terrorists known to be planning imminent attacks prior to the Hebrew University ("HU") bombing on July 31, 2012, and (b) Barghouti was on said list.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 43 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be

authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 43 on the grounds that, as potentially construed, the use of the words and phrases "terrorists," "known to be planning imminent attacks," "prior to the Hebrew University bombing," and "Barghouti" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 43. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 43, therefore, Defendants deny this Request.

**REQUEST:**

44.    The documents attached to Plaintiffs' July 20, 2012 6th Request for Production of Documents are genuine and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 44 on the grounds that it refers to and relies upon documents that were not created by Defendants, their employees or agents and cannot be

33

authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the

Request to the extent that discovering the information necessary to admit or deny the Request

would require more than a reasonable inquiry, which consists of a reasonable effort to secure

information that is readily obtainable from persons and documents within the responding party's

control. Defendants further object to conducting any inquiry that would necessarily require

venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 44. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that

can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny

Request No. 44, therefore, Defendants deny this Request.

**REQUEST:**

45.    The documents attached to Plaintiffs' July 20, 2012 6th Request for Production of
Documents are records of regularly conducted activity, as defined by Federal Rule of Evidence
803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In

addition, Defendants object to Request No. 45 on the grounds that it refers to and relies upon

documents that were not created by Defendants, their employees or agents and cannot be

authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the

Request to the extent that discovering the information necessary to admit or deny the Request

would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 45. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 45, therefore, Defendants deny this Request.

**REQUEST:**

46.    The documents attached to Plaintiffs' July 20, 2012 6th Request for Production of Documents are incomplete.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 46 on the grounds that it refers to and relies upon documents that were not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's

control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 46. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 46, therefore, Defendants deny this Request.

**REQUEST:**

47.    The documents attached to Plaintiffs' July 20, 2012 6th Request for Production of Documents are illegible in whole or in part.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 47 on the grounds that it refers to and relies upon documents that were not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 47. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

48.     The video produced via email on October 23, 2012, entitled "PA Honors Hebrew University Bombers" is authentic and genuine copy of a broadcast that was aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 48 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 48 on the grounds that, as potentially construed, the use of the words and phrase "Hebrew University Bombers" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 48. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

49. Wafa Idris ("Idris") was the suicide bomber in the Sokolow bombing in the January, 2002 ("Sokolow Bombing").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 49 on the grounds that, as potentially construed, the use of the words and phrases "Wafa Idris," "suicide bomber," and "Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 49. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 49, therefore, Defendants deny this Request.

**REQUEST:**

50. Munzar Mahmoud Khalil Noor ("Noor") was convicted in Israeli court for his involvement in the Sokolow bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 50 on the grounds that it relies upon documents that were not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 50 on the grounds that, as potentially construed, the use of the words and phrases "Munzar Mahmoud Khalil Noor," "Israeli court," "involvement in," and "Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 50. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 50, therefore, Defendants deny this Request.

**REQUEST:**

51.    Mohammed Muhtasib (a/k/a Kamle el Abed) was a PA employee, agent or assign at the time of the Sokolow bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 51 on the grounds that, as potentially construed, the use of the words and phrases "Mohammed Muhtasib," "employee, agent or assign," and "at the time of the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 51. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

52.    Noor was a PA employee, agent or assign at the time of the Sokolow bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 52 on the grounds that, as potentially construed, the use of the words and phrases "Noor," "employee, agent or assign," and "at the time of the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 52. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

53.    Wafa Idris was a PA employee, agent or assign at the time of the Sokolow bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 53 on the grounds that, as potentially construed, the use of the words and phrases "Wafa Idris," "employee, agent or assign," and "at the time of the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 53.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

54.    Noor, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Sokolow Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 54 on the grounds that, as potentially construed, the

use of the words and phrases "Noor," "his agents or assigns," "benefits, financial or otherwise," and "since the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 54. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 54, therefore, Defendants deny this Request.

**REQUEST:**

55.    Mohammed Muhtasib, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Sokolow Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 55 on the grounds that, as potentially construed, the use of the words and phrases "Mohammed Muhtasib," "his agents or assigns," "benefits, financial or otherwise," and "since the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 55. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 55, therefore, Defendants deny this Request.

**REQUEST:**

56.    Idris' family, agents or assigns has/have received benefits, financial or otherwise, from the PA since the Sokolow Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 56 on the grounds that, as potentially construed, the use of the words and phrases "Idris," "family, agents or assigns," "benefits, financial or otherwise," and "since the Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 56.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

57.    The document relating to Idris and Tirawi produced to Defendants via email on September 18, 2011 is an authentic and genuine copy of a PA intelligence document.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 57 on the grounds that it relies upon documents that cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore

object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 57 on the grounds that, as potentially construed, the use of the words and phrase "Idris," "Tirawi" and "intelligence document" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 57. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 57, therefore, Defendants deny this Request.

**REQUEST:**

58.    The document relating to Idris and Tirawi produced via email on September 18, 2011 are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 58 on the grounds that it relies upon documents that cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore

object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 58 on the grounds that, as potentially construed, the use of the words "Idris" and "Tirawi" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 58. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 58, therefore, Defendants deny this Request.

**REQUEST:**

59.    The document produced by Defendants Bates 02:004479-81 is a genuine and authentic copy.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 59. Subject to, and without waiving those Objections, Defendants

45

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

60. The document produced by Defendants Bates 02:004479-81 is a record of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 60. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

61. The document produced by Defendants Bates 02:004484-86 is an authentic and genuine copy.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 61. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

## REQUEST:

62.    The document produced by Defendants Bates 02:004484-86 is a record of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

## OBJECTIONS:

Defendants incorporate herein by reference the foregoing General Objections.

## RESPONSE:

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 62.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

## REQUEST:

63.    The document produced by Defendants Bates 02:006031-33 is an authentic and genuine copy.

## OBJECTIONS:

Defendants incorporate herein by reference the foregoing General Objections.

## RESPONSE:

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 63.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

## REQUEST:

64. The document produced by Defendants Bates 02:006031-33 is a record of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 64. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

65. The 4 pages of documents produced by Defendants regarding payments made by the PA to Noor are genuine and authentic copies.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 65 on the grounds that, as potentially construed, the use of the words and phrase "4 pages of documents produced by Defendants regarding payments" and "Noor" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 65. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 65, therefore, Defendants deny this Request.

**REQUEST:**

66.    The 4 pages of documents produced by Defendants regarding payments made by the PA to Noor are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).ta

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 66 on the grounds that, as potentially construed, the use of the words and phrase "4 pages of documents produced by Defendants regarding payments," "Noor" and "Federal Rule of Evidence 803(6).ta" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 66.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

67.    The Noor files, produced on or about November 16, 2012 by Defendants, is a genuine and authentic copy of Noor's prisoner file.

49

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 67 on the grounds that, as potentially construed, the use of the words and phrases "Noor files" and "Noor's prisoner file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 67. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 67, therefore, Defendants deny this Request.

**REQUEST:**

68.    The Noor files, produced on or about November 16, 2012 by Defendants are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 68 on the grounds that, as potentially construed, the use of the words and phrase "Noor files" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 68. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

69.    Noor states in The Noor files, produced on or about November 16, 2012 by Defendants, that he was affiliated with Fatah at the time of the Sokolow bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 69 on the grounds that, as potentially construed, the use of the words and phrases "Noor," "Noor files," "affiliated with," "Fatah," and "Sokolow bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 69. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

70.    At the time of the Sokolow bombing, Noor was affiliated with Fatah.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 70 on the grounds that, as potentially construed, the use of the words and phrases "Sokolow bombing," "Noor," "affiliated with," and "Fatah" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 70. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 70, therefore, Defendants deny this Request.

**REQUEST:**

71.    At the time of the Sokolow bombing, the PA provided funding to Fatah.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 71 on the grounds that, as potentially construed, the use of the words and phrases "[a]t the time of the Sokolow bombing," "provided funding to," and "Fatah" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 71. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

72.    Mohammed Dahlan was an employee of the PA at least from 2006 to date.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 72 on the grounds that, as potentially construed, the use of the words and phrases "Mohammed Dahlan" and "from at least 2006 to date" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 72. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

73.    Mohammad Dahlan was a senior official of the PA from at least 2006 to date.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 73 on the grounds that, as potentially construed, the use of the words and phrases "Mohammed Dahlan," "senior official," and "from at least 2006 to date" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 73. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

74.    During a January 22, 2006 television broadcast, Dahlan made the statement, "All [Hamas'] military commanders have been protected by the [PA] security establishment throughout this Intifada.  They were provided with full protection..."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 74 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 74 on the grounds that, as potentially construed, the use of the word "Dahlan" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 74.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

75.     During a June 16, 2007, television interview Dahlan stated that: "The Palestinian security forces were those who protected and hid half of the Hamas leadership and of the Hamas military force during the Intifada."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 75 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 75 on the grounds that, as potentially construed, the use of the word "Dahlan" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 75.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

76.     During the same June 16, 2007 interview Dahlan also stated that: "Forty percent of the martyrs in this Intifada belonged to the Palestinian security forces."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 76 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 76 on the grounds that, as potentially construed, the use of the word "Dahlan" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 76. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

77.    In a televised interview on July 22, 2009, Dahlan stated, in the context of a discussion on the "proper" use of terrorism, that: "I lived with Chairman Yasser Arafat for years. Arafat would condemn [terror] operations by day while at night he would do honorable things."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 77 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 77 on the grounds that, as potentially construed, the use of the word "Dahlan."

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 77. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

78.   The "Foundation for the Care of the Families of Martyrs and Wounded, aka the "Fund," the "Institute" or the "Establishment" for the families of martyrs, ("the Fund") is funded by Defendants.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 78 on the grounds that, as potentially construed, the use of the words "Fund," "Institute," "Establishment," "martyrs," and "funded" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 78. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

79.    The Fund is operated by Defendants.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 79 on the grounds that, as potentially construed, the use of the words and phrases "The Fund" and "operated by" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 79. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

80.    The average benefits paid by the Fund in 2004 were more than 20 percent of the contemporary poverty line; and in 2005 they were more than 33 percent of the poverty line.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 80 on the grounds that, as potentially construed, the use of the words and phrases "average benefits," "the Fund," "contemporary poverty line," and "poverty line" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 80.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

81.    Yousef Ahmed Jubran ("Jubran") served as director the Fund between 1996 and 2006.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 81 on the grounds that, as potentially construed, the use of the words and phrase "Yousef Ahmed Jubran," "director," and "Fund" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 81.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

82.    Jubran appeared as a witness on behalf of the PA in the Tel Aviv District Court in the matter of *Goldman et al. v. PA et al.*, Civ. No. 1137-05.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 82 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 82 on the grounds that, as potentially construed, the use of the word "Jubran" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 82. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

83.    Jubran testified under oath there that suicide terrorists are considered "martyrs" whose families are entitled to financial benefits under Defendants' program, because "they fell in the course of the struggle, the fighting, the conflict."

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 83 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 83 on the grounds that, as potentially construed, the use of the words and phrases "Jubran," "financial benefits," and "Defendants' program" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 83. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

84.     Representatives of Defendants' Fund assisted Bassam Banat with his/her dissertation.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 84 on the grounds that, as potentially construed, the use of the words and phrases "Representatives," "Defendants' Fund," "assist," "Bassam Banat," and "dissertation" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 84. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 84, therefore, Defendants deny this Request.

**REQUEST:**

85.    Representatives of Defendants' Fund provided the names of all Palestinian suicide martyrs (Istishadiyin).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 85 on the grounds that, as potentially construed, the use of the words and phrases "representatives," "Defendants' Fund," and "Palestinian suicide martyrs (Istishadiyin)" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 85. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

86.    Defendants' Fund president, Ms. Intesar Al-Wazeer ("Al-Wazeer"), facilitated Banat and designated a coordinator.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 86 on the grounds that, as potentially construed, the use of the words and phrases "Defendants' Fund," "Intesar Al-Wazeer," "facilitated," "Banat," and "designated a coordinator" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 86. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

87.    Al-Wazeer provided Banat with a list of all the Palestinian Martyrs and the way they implemented the martyrdom operations.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 87 on the grounds that, as potentially construed, the use of the words and phrases "Al-Wazeer," "Banat," "Palestinian Martyrs," and "implemented the martyrdom operations" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 87.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

88.    The Palestinian Authority published a 12 volume publication called "Al Aqsa Intifada: Diary and Documents" ([ARABIC]), some volumes of which are captioned as "Diaries of the Intifada" ([ARABIC]).  (Produced instead via email today, November 21, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 88. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

89.     These documents sent by plaintiffs to defendants by email on November 21, 2012 are genuine copies of volume 1 and volumes 4-12 of the PA's publication "Al Aqsa Intifada: Diary and Documents" ([ARABIC]), some volumes of which are captioned as "Diaries of the Intifada" ([ARABIC])

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 89 on the grounds that, as potentially construed, the Request is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 89. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 89, therefore, Defendants deny this Request.

**REQUEST:**

90.    The document produced to defendants by email on November 21, 2012, at 4:10 am EST, is a genuine copy of a webpage appearing at http://www.palpolice.ps/ar/?p=4830 on November 21, 2012.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 90. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 90, therefore, Defendants deny this Request.

**REQUEST:**

91.    The website http://www.palpolice.ps is the official website of the PA Police.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 91 on the grounds that, as potentially construed, the use of the words and phrase "official website" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 91. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that http://www.palpolice.ps is the official website of the PA Civil Police.

**REQUEST:**

92.    The webpage appearing at http://www.palpolice.ps/ar/?p=4830 on November 21, 2012 was published by the PA Police.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 92 on the grounds that, as potentially construed, the use of the words and phrase "published by the PA Police" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 92. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 92, therefore, Defendants deny this Request.

**REQUEST:**

93.    The PA can sue and/or be sued in PA courts.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 93 on the grounds that, as potentially construed, the use of the words and phrase "PA courts" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 93. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

94.    The PA can sue and/or be sued in Israeli courts,

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 94 on the grounds that, as potentially construed, the use of the words and phrase "Israeli courts" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 94. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

95.    The PA can be sued in foreign courts.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 94 on the grounds that, as potentially construed, the use of the words and phrase "foreign courts" is vague and ambiguous.

68

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 95. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 95, therefore, Defendants deny this Request.

**REQUEST:**

96.    The PA does not have members.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 96 on the grounds that, as potentially construed, the use of the word "members" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 96. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 96, therefore, Defendants deny this Request.

**REQUEST:**

69

97.    The PA does not have membership dues.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In

addition, Defendants object to Request No. 97 on the grounds that, as potentially construed, the

use of the words and phrase "membership dues" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 97.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants admit this Request.

**REQUEST:**

98.    The PA holds assets in its own name.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In

addition, Defendants object to Request No. 98 on the grounds that, as potentially construed, the

use of the words and phrase "holds assets in its own name" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 98.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants admit this Request.

**REQUEST:**

99.     The PA can enter into binding contracts inside the Palestinian territory.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 99 on the grounds that, as potentially construed, the use of the words and phrases "binding contracts" and "inside the Palestinian territory" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 99.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants admit this Request.

**REQUEST:**

100.     The PA can enter into binding contracts outside the Palestinian territory.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 100 on the grounds that, as potentially construed, the use of the words and phrases "binding contracts" and "outside the Palestinian territory" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 100.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 100, therefore, Defendants deny this Request.

**REQUEST:**

101.    Ali Yusuf "Ja'ara" was the suicide bomber in the Goldberg bombing on Janaury 29, 2004.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 101 on the grounds that, as potentially construed, the use of the words and phrases "Ali Yusuf Ja'ara," "suicide bomber," and "Goldberg bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 101.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 101, therefore, Defendants deny this Request.

**REQUEST:**

102.    Ja'ara was a PA employee, agent or assign at the time of the Goldberg bombing on January 29, 2004.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 102 on the grounds that, as potentially construed, the use of the words and phrases "Ja'ara," "employee, agent or assign," and "at the time of the Goldberg bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 102.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

103.    Ja'ara's family, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Bauer Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 103 on the grounds that, as potentially construed, the use of the words and phrases "Ja'ara's family," "his agents or assigns," "benefits, financial or otherwise," and "since the Bauer Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 103.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

104.    The video produced via email on October 23, 2012, called "Yasser Arafat Immediately After Goldberg Bombing" is authentic and genuine copy of a broadcast that was aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 104 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 104 on the grounds that, as potentially construed, the use of the words and phrase "Goldberg Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 104.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

105.    The Jara'a martyr file produced by Defendants is an authentic and genuine copy.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 105 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a martyr file" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 105. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that the document bearing Bates numbers 02:007290-7304 is a genuine and authentic copy.

**REQUEST:**

106.    The Jara'a martye file produced by Defendants are records of regularly conducted activity, as defined by Federal Rule of Evidence 803(6).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 106 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a martye file" is vague and ambiguous.

75

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 106. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

107.    Jara'a's service as a policeman was terminated due to his martyrdom.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 107 on the grounds that, as potentially construed, the use of the words and phrase "Jara'a" and "terminated due to his martyrdom" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 107. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

108.    The video produced on July 3, 2012 called "A Jaara Funeral-PA TV" on July 3, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

## OBJECTIONS:

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 108 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 108 on the grounds that, as potentially construed, the use of the words and phrase "A Jaara" is vague and ambiguous.

## RESPONSE:

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 108. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

## REQUEST:

109.    Ahmed Taleb Mustapha Barghouti aka Al-Farinsi ("M Barghouti") was a PA employee, agent or assign at the time of the Gould & Waldman Shooting on January 22, 2002 ("Gould shooting").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 109 on the grounds that, as potentially construed, the use of the words and phrases "Ahmed Taleb Mustapha Barghouti aka Al-Farinsi," "employee, agent or assign," and "at the time of the Gould & Waldman Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 109. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

110.    Nasser Mahmoud Ahmed Aweis aka Abu Mojaked ("Aweis") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 110 on the grounds that, as potentially construed, the use of the words and phrases "Nasser Mahmoud Ahmed Aweis aka Abu Mojaked," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 110. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

111.    Majid Al-Masri aka Abu Mojahed ("Al-Masri") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 111 on the grounds that, as potentially construed, the use of the words and phrases "Majid Al-Masri aka Abu Mojahed," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 111.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

112.    Mahmoud Al-Titi ("Al-Titi") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 112 on the grounds that, as potentially construed, the

use of the words and phrases "Mahmoud Al-Titi," "employee, agent or assign," and "at the time

of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 112. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request.

**REQUEST:**

113. Mahmoud Abdel Rahman Salam Musalah aka Abu Satkhah ("Musalah") was a
PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In

addition, Defendants further to Request No. 113 on the grounds that, as potentially construed, the

use of the words and phrases "Mahmoud Abdel Rahman Salam Musalah aka Abu Satkhah,"

"employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific

Objections to Request No. 113. Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as

follows:

Defendants deny this Request.

**REQUEST:**

114.    Faras Sadak Mohammed Ghanem aka Hitawi ("Ghanem") was a PA employee, agent or assign at the time of the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 114 on the grounds that, as potentially construed, the use of the words and phrases "Faras Sadak Mohammed Ghanem aka Hitawi," "employee, agent or assign," and "at the time of the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 114.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

115.    M Barghouti, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 115 on the grounds that, as potentially construed, the use of the words and phrases "M Barghouti," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 115.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 115, therefore, Defendants deny this Request.

**REQUEST:**

116.   Aweis, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 116 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 116. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 116, therefore, Defendants deny this Request.

**REQUEST:**

117.   Al-Masri, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 117 on the grounds that, as potentially construed, the use of the words and phrases "Al-Masri," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 117. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 117, therefore, Defendants deny this Request.

**REQUEST:**

118.    Al-Titi, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 118 on the grounds that, as potentially construed, the use of the words and phrases "Al-Titi," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 118. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 118, therefore, Defendants deny this Request.

**REQUEST:**

119.    Musalah, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 119 on the grounds that, as potentially construed, the use of the words and phrases "Musalah," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 119. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 119, therefore, Defendants deny this Request.

**REQUEST:**

120.    Ghanem, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 120 on the grounds that, as potentially construed, the use of the words "Ghanem," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 120.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 120, therefore, Defendants deny this Request.

**REQUEST:**

121.    Abdullah, his agents or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants further to Request No. 121 on the grounds that, as potentially construed, the use of the words and phrases "Abdullah," "his agents or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 121. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 121, therefore, Defendants deny this Request.

**REQUEST:**

122. Ramadan's family or assigns has/have received benefits, financial or otherwise, from the PA since the Gould Shooting

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants further to Request No. 122 on the grounds that, as potentially construed, the use of the words and phrases "Ramadan," "family or assigns," "benefits, financial or otherwise," and "since the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 122. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 122, therefore, Defendants deny this Request.

**REQUEST:**

123.    Al-Masri was convicted in Israeli court for his involvement in the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 123 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 123 on the grounds that, as potentially construed, the use of the words and phrases "Al-Masri," "Israeli court," "involvement in," and "Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 123.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 123, therefore, Defendants deny this Request.

**REQUEST:**

124.    Aweis' name appeared on the Zinni List (defined above).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 124 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 124 on the grounds that, as potentially construed, the use of the words and phrase "Aweis" and "Zinni List" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 124.  Subject to, and without waiving those Objections, Defendants

respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 124, therefore, Defendants deny this Request.

**REQUEST:**

125. Aweis was a captain in the PA National Security Service.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 125 on the grounds that, as potentially construed, the use of the words and phrase "Aweis" and "PA National Security Service" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 125. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

126. The PA continued to pay Aweis his salary without any interruption whatsoever after he appeared on the Zinni List.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 126 on the grounds that, as potentially construed, the

use of the words and phrases "Aweis," "salary," "without any interruption whatsoever," and "after he appeared on the Zinni List" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 126. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 126, therefore, Defendants deny this Request.

**REQUEST:**

127.    The PA continued to pay Aweis his salary without any interruption whatsoever after the Gould Shooting.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 127 on the grounds that, as potentially construed, the use of the words and phrases "Aweis," "salary," and "without any interruption whatsoever," and "after the Gould Shooting" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 127. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

90

**REQUEST:**

128.   The PA continued to pay Aweis his salary without any interruption after Aweis was arrested by Israel in Spring 2002.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 128 on the grounds that it relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation, including but not limited to the State of Israel and its officials, security and police personnel, employees and citizens.

Defendants further object to Request No. 128 on the grounds that, as potentially construed, the use of the words and phrase "Aweis," "salary," and "without any interruption" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 128.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

91

**REQUEST:**

129.    The video produced on November 19, 2012 called "Al-Masri" is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 129 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 129 on the grounds that, as potentially construed, the use of the word "Al-Masri" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 129.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

130.    PBC interviewed the daughter of Nasser Al-Shawish on September 22, 2011, (as indicated in the document produced on November 19, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections.  In addition, Defendants object to Request No. 130 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry.  Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control.  Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 130 on the grounds that, as potentially construed, the use of the words and phrase "Nasser Al-Shawish" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 130.  Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 130, therefore, Defendants deny this Request.

**REQUEST:**

131.   PBC interviewed the family of Majed Al-Masri on September 22, 2011, (as indicated in the document produced on November 19, 2012).

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 131 on the grounds that it refers to and relies upon a document that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry. Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 131 on the grounds that, as potentially construed, the use of the words and phrase "family of Majed Al-Masri" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 131. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

132.    Mazan Faritach ("Faritach") was the bomber in the June 19, 2002 Mandelkorn Bombing ("Mandelkorn Bombing").

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 132 on the grounds that, as potentially construed, the use of the words and phrases "Mazan Faritach" and "Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 132. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants state that, after a reasonable inquiry, the information that is known to or that can readily be obtained by Defendants is insufficient to enable Defendants to admit or deny Request No. 132, therefore, Defendants deny this Request.

**REQUEST:**

133.    Faritach was an employee, agent or assign of the PA at the time of the Mandelkorn Bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 133 on the grounds that, as potentially construed, the use of the words and phrases "Faritach," "employee, agent or assign" and "at the time of the Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 133. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

134.    Fartiach, his family, agents, or assigns has received benefits from the PA since the Mandelkorn bombing.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 134 on the grounds that, as potentially construed, the use of the words and phrases "Fartiach," "family, agents, or assigns," "benefits," and "since the Mandelkorn Bombing" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 134. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

135.    The video called "On PA TV Glorification of Fogel family murderers - PMW Bulletins" produced on January 29, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 135 on the grounds that it refers to relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

Defendants further object to Request No. 135 on the grounds that, as potentially construed, the use of the words and phrases "Fogel family murderers" and "PMW Bulletins" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 135. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

136.    The video called "Song dedicated to Palestinian prisoners honors arch-terrorists, on PA TV" on July 3, 2012 is a genuine and authentic copy of a broadcast aired on PBC.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 136 on the grounds that it refers to and relies upon a video recording that was not created by Defendants, their employees or agents and cannot be authenticated by Defendants through a reasonable inquiry . Defendants therefore object to the Request to the extent that discovering the information necessary to admit or deny the Request would require more than a reasonable inquiry, which consists of a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's control. Defendants further object to conducting any inquiry that would necessarily require venturing beyond the parties to this litigation and include strangers to the litigation.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 136. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

December 21, 2012                           Respectfully submitted,

                                            Mark J. Rochon
                                            Richard A. Hibey
                                            Laura G. Ferguson
                                            Brian A. Hill
                                            MILLER & CHEVALIER CHARTERED
                                            655 15th Street, NW, Suite 900
                                            Washington D.C. 20005-6701
                                            (202) 626-5800 [tel]
                                            (202) 626-5801 [fax]

mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 21st day of December 2012, a true and genuine copy

of the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com
>
> David I. Schoen
> David I. Schoen, Attorney At Law
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> (334)-395-6611
> (334)-272-0529 (fax)
> dschoen593@aol.com

_____
Brian A. Hill