UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

Docket No:
04-CV-397 (GBD) (RLE)

-----------------------------------------------------------------------X

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RULE 72(a) OBJECTIONS TO THE MAGISTRATE JUDGE'S WRITTEN ORDER OF JULY 26, 2013**

       Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") hereby submit the following Opposition to Plaintiffs' Objections Pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's Written Order of July 26, 2013 (DE 328).

**INTRODUCTION AND SUMMARY**

       Fact discovery in this matter closed on December 21, 2012, pursuant to the Scheduling Order entered on June 27, 2011. DE 131 ¶ 3. Nearly five months later, on May 16, 2013, Plaintiffs submitted a letter to the Magistrate Judge seeking to re-open fact discovery so they could serve requests for admissions and companion interrogatories regarding the authenticity and admissibility of documents produced by Defendants in response to written discovery Plaintiffs served at the end of the discovery period, on November 21, 2012, exactly 30 days before fact discovery closed. On June 13, 2013, Plaintiffs submitted another letter application, this time seeking to re-open fact discovery to obtain written discovery relating to "Fawzi Murar," based on

1

Plaintiff Varda Guetta's purported photo identification of such a person, which alleged identification procedure was conducted in in February 2013, well after fact discovery had closed.

Following a June 17, 2013 telephone conference, Magistrate Judge Ellis issued a ruling denying both of Plaintiffs' requests. DE 327 (Order of July 26, 2013). With respect to the discovery related to authenticity and admissibility of documents produced by the Defendants, Magistrate Judge Ellis held that the Plaintiffs failed to demonstrate "good cause" under Federal Rule of Civil Procedure ("Rule") 16(b)(4) for modifying the discovery schedule. With respect to the discovery regarding "Fawzi Murar," the Magistrate Judge noted that the sought-after discovery related to the admissibility of a photograph and related identification based on a photo array that Plaintiffs' counsel provided to Ms. Guetta in February 2013, two months after the close of fact discovery. Treating the admissibility issue as "one to be decided for trial," the Magistrate Judge concluded there was "no justification for belated discovery regarding the photographs." *Id.* at 4.

In their Rule 72(a) objections to Magistrate Judge Ellis's July 26 discovery order, Plaintiffs fail to establish that the magistrate judge committed clear error, acted contrary to law, or otherwise abused his discretion in concluding that Plaintiffs failed to establish good cause for re-opening fact discovery. In making their arguments to this Court, Plaintiffs principally rely on evidence outside the record before the Magistrate Judge, and focus most of their arguments on rulings made well before the two rulings at issue, which previous rulings have either not been appealed to this Court, or in some regards, have already been appealed and denied. Accordingly, Plaintiffs' objections should be overruled.

## STANDARD OF REVIEW

As Plaintiffs acknowledge, DE 328 at 8, this Court reviews the magistrate judge's non-dispositive discovery orders pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a), a district court may modify or set aside a magistrate judge's non-dispositive pretrial order only if it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A magistrate judge's non-dispositive order is "clearly erroneous" only if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *R.F.M.A.S., Inc. v. Mimi So*, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). Under the Rule 72(a) standard, an order is "contrary to law" only if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *In re Natural Gas Commodities Litig.*, 235 F.R.D. 241, 243-44 (S.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Under this standard of review, "a magistrate judge's determinations on discovery matters are entitled to substantial deference," *R.F.M.A.S., Inc.*, 748 F. Supp. 2d at 248, and should be reversed only on a finding of abuse of discretion. *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76 (S.D.N.Y. 2012) (citing *AMBAC Fin. Servs., L.L.C. v. Bay Area Toll Auth.*, No. 09 Civ. 7062, 2010 U.S. Dist. LEXIS 127736, at *2 (S.D.N.Y. Nov. 30, 2010)). Accordingly, the party seeking to overturn a magistrate judge's decision "carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007). Plaintiffs here fail to meet that burden.

# ARGUMENT

## I. MAGISTRATE JUDGE ELLIS DID NOT CLEARLY ERR IN DECLINING TO RE-OPEN DISCOVERY SO PLAINTIFFS COULD SEEK ADMISSIONS FROM DEFENDANTS ON THE ADMISSIBILITY OF DOCUMENTS PLAINTIFFS DID NOT SEEK UNTIL THE CLOSE OF DISCOVERY.

### A. Relevant Procedural Background

Shortly before the close of fact discovery, Plaintiffs served Rule 30(b)(6) notices on the PA and PLO. One of the topics of those 30(b)(6) notices was similar to the discovery denied here, in that it related to the admissibility and authenticity of all the documents the Defendants produced or disclosed during discovery. *See* DE 329-11 at 5 (PLO Topic 8); DE 294-2 at 10-11 (PA Topic 15). Finding the noticed topics overly broad, unduly burdensome and not contemplated or appropriate for a 30(b)(6) witness, Magistrate Judge Ellis granted Defendants' request for a protective order at a hearing on December 20, 2012. *See* DE 327 at 1 (citing DE 293-1 at 5:6-8). Plaintiffs filed Rule 72(a) objections to the magistrate judge's December 20 ruling disallowing the Rule 30(b)(6) depositions. *See* DE 293. This Court overruled those objections on January 16, 2013. DE 303. Hence, this Court has already reviewed and denied an appeal substantially similar to the related discovery sought here.

At the December 20 hearing, however, after granting Defendants' motion for a protective order, Magistrate Judge Ellis, *sua sponte*, granted Plaintiffs an opportunity to seek further discovery consistent with his ruling:

> So the second part of my ruling is this. I will give the plaintiffs an opportunity to propose to me or to propose in conjunction with discussions with the defendants how to – to make sure that the plaintiffs get appropriate discovery on issues that are relevant to the claims in the case. I will – I'm not going to expect you to give it to me in a week but I will expect that by January 5th I will get from the parties either an agreement from the parties about how to give the plaintiffs appropriate discovery or an application for the plaintiffs for discovery which does not run afoul of the ruling which I've made today.

DE 293-1 at 16:18-17:3 (emphasis supplied).

The day after the hearing, on December 21, 2012, Defendants served timely Objections and Responses to Plaintiffs' First Request for Admissions to Defendants, which had been served on the last possible day, exactly 30 days before discovery closed. *See* DE 329-10. A number of the 136 requests for admission sought admissions on the authenticity and admissibility of documents produced by Defendants. As Plaintiffs' subsequently acknowledged, "Defendants, for the most part, admitted that the documents produced from their files were authentic, but they denied that they are 'records of a regularly conducted activity' under Rule 803(6) of the Federal Rules of Evidence." DE 329-13 (Plaintiffs' May 16, 2013 letter to Magistrate Judge Ellis) at 2.

On January 7, 2013, Plaintiffs filed a motion asking Magistrate Judge Ellis to "order defendants to produce a Rule 30(b)(6) witness able to testify as to the authenticity of the documents produced by defendants, and as to the factual predicates of admissibility set forth in F.R.E. 803(6) and F.R.E. 803(8)." DE 296 at 4. Obviously, this request was a mere subset of the previously denied Rule 30(b)(6) depositions, which denial this Court has already affirmed. During a telephonic hearing on February 13, 2013, the magistrate judge denied that motion because "it served to confirm [his] belief that the matters that have been designated as 30(b)(6) topics are not appropriate topics for 30(b)(6)." DE 329-12 (2/13/2013 Tr.) at 4:22-24. Magistrate Judge Ellis noted that requests for admission are a more suitable vehicle for establishing authenticity than are Rule 30(b)(6) depositions. 2/13/2013 Tr. at 28:1-13. The magistrate judge also stated: "it's not entirely clear to me that if you submitted some of the defendant's documents to them in a request to admit and you didn't get an appropriate answer why the issue wasn't a motion to compel answers to the request to admit instead of seeking a 30(b)(6)." *Id.* at 27:7-11.

After further discussion, Plaintiffs' counsel Robert Tolchin requested that he again be permitted to "follow up on [Plaintiffs'] 30(b)(6) topics *to recast them as interrogatories* and serve them." *Id.* at 32:12-15 (emphasis added).  Magistrate Judge Ellis informed him that if Plaintiffs wished to make such an application, they needed to demonstrate why the requested discovery was not "submitted as interrogatories first." *Id.* at 32:22-23.  The magistrate judge then emphasized:

> [Y]ou'll have to demonstrate to me some of the things -- it won't be just legal argument. It will be putting in some of the responses that the defendants made that led you to believe that some other discovery mechanism might be more fruitful than what you had tried but that you had indeed tried it and that it was reasonable for you to not do that through some form of motion or application to the Court.

2/13/2013 Tr. at 33:15-21.  The magistrate judge "further explained that the submission should explain why Plaintiffs had not challenged Defendants' objections earlier in the fact discovery period." *See* Order of July 26, 2013, DE 327 at 2 (citing Tr. 2/13/2013 at 33:15-21).

Before adjourning, Magistrate Judge admonished the parties: "If I've not made myself clear let me state my position with respect to discovery.  First of all, with respect to fact discovery, fact discovery is closed except to the extent that matters were raised before the end of the discovery deadline." 2/13/2013 Tr. at 3:10-14.  Plaintiffs did not file Rule 72(a) objections to rulings made by Magistrate Judge Ellis at the February 13 hearing, they never filed a motion to compel with respect to Defendants' responses and objections to Plaintiffs' requests for admissions, and they have already appealed and lost an appeal as to the denial of their first round of 30(b)(6) requests which sought a witness on the same authenticity and admissibility issues now before this Court.  In their current Rule 72(a) Objections, Plaintiffs wrongly assert that Magistrate Judge Ellis gave them leave at the February 13 hearing to seek reconsideration of his ruling denying Plaintiffs' request for Rule 30(b)(6) depositions on document authenticity and

6

admissibility, DE 331 at 16, however they offer no citation in the record for this supposed permission, nor could they, as no such permission was granted.

After the February 13 hearing, three months passed, and Plaintiffs did not follow-up on their supposed permission to seek leave to recast the Rule 30(b)(6) topics as interrogatories.  On May 16, the Plaintiffs finally submitted a letter to Magistrate Judge Ellis ostensibly "follow[ing] up on the discovery conference held by the Court on February 13."  DE 329-13 at 2.  Plaintiffs attempted to excuse their three-month delay by claiming that they needed to translate 120 pages produced after the February 13 discovery conference.  *Id.* at 2 n.1, 4.  Plaintiffs claimed that the documents "had to be translated and reviewed before plaintiffs could make [their] submission," *id.* at 2 n.1, but that assertion was not borne out by their submission to the Magistrate Judge, which made no reference to specific documents, or even categories of documents, produced by Defendants.

In their May 16 submission, Plaintiffs abandoned their efforts to serve interrogatories regarding the admissibility and authenticity of documents produced during the fact discovery period.  Plaintiffs also failed to comply with Magistrate Judge Ellis's directive to explain in their submission why Plaintiffs had not raised any issues with Defendants' discovery responses (*i.e.*, to the requests for admissions) earlier in the discovery period.  *See* DE 327 at 2.   Instead, Plaintiffs sought leave "to serve a revised set of requests for admissions to establish the authenticity and admissibility" of 600 pages of documents produced after the close of discovery.  *See* DE 329-13 at 3-5.  However, Plaintiffs did not proffer the discovery request they sought to serve.  They explained that they had not pursued requests for admissions earlier because (1) they reasonably believed they could establish authenticity and admissibility of documents produced by Defendants through Rule 30(b)(6) depositions; (2) Defendants refused to stipulate to the

admissibility of certain documents; and (3) the documents were produced after the close of discovery. *Id.*

In his July 26 order, Magistrate Judge Ellis ruled that Plaintiffs' earlier decision to seek the discovery through Rule 30(b)(6) depositions did not constitute good cause for re-opening discovery through new requests for admissions, and he ruled that Defendants' responses to Plaintiffs' initial requests for admissions and interrogatories did not provide a basis for a new and belated round of requests. DE 327 at 2-3. Magistrate Judge Ellis specifically noted that he did "not share Plaintiffs' belief that Defendants' [prior] responses evidence 'recalcitrance.'" *Id.* at 3 (quoting Plaintiffs May 16 letter at 3).

**B.      Magistrate Judge Ellis Did Not Clearly Err in Concluding that Plaintiffs Failed to Establish Good Cause for Reopening Discovery on the Admissibility and Authenticity of Documents.**

1.      *Plaintiffs' Objections Are Not Based on the Record Under Review.*

Unable to meet the demanding Rule 72(a) standard, Plaintiffs seek to challenge rulings Magistrate Judge Ellis did not make as to relief they did not seek and based on a factual record they did not present. Plaintiffs improperly attempt to go beyond the record in a number of respects.

*First*, Plaintiffs repeatedly mischaracterize the relief they sought in their May 16 submission, which is the subject of the ruling under review. In their Rule 72 objections, Plaintiffs claim that their May 16 letter "requested that the Magistrate Judge allow them either to revise their [November 21, 2012] requests for admission to seek admission of the underlying facts, or to depose the custodians of these records under Rule 30(b)(6)." DE 331 at 16 (citing

8

Ex. M, pp. 2-4). In fact, their May 16 letter makes no such request.[1] Plaintiffs also characterize their May 16 letter as seeking a "pre-motion conference with respect to the documents produced by defendants *prior to* and after the close of discovery." DE 331 at 16 n.14 (emphasis added). Plaintiffs provide no citation for that assertion, and there could be none, because the letter made no such request. Plaintiffs also incorrectly claim (again, without citation) that their May 16 letter constituted a motion to compel previously served deposition notices and requests for admission. DE 331 at 12. Plaintiffs' May 16 letter contains no such request, nor did Magistrate Judge Ellis grant them leave to make such a request at the February 13 hearing.

***Second***, Plaintiffs improperly seek to have the Court overrule discovery rulings made at the February 13, 2013 hearing. *See* DE 331 at 18, 20-21. Plaintiffs argue it was "clear error not to allow plaintiffs to utilize either requests to admit or depositions under Rule 30(b)(6) to establish authenticity and admissibility." *Id.* at 21. In making this argument, however, Plaintiffs cite statements and rulings made by Magistrate Judge Ellis at the February 13 hearing, as to which Plaintiffs did not file objections. *Id.* at 18, 20. These rulings are not the subject of Plaintiffs' May 16 letter, nor the Magistrate Judge's July 26 Order, and are not properly the subject of Rule 72(a) Objections to the July 26 Order.

With respect to the request for admissions, Plaintiffs assert that the "July 26 Order failed properly to address plaintiffs' requests for admissions to defendants concerning many of the documents that defendants produced prior to the close of fact discovery." DE 331 at 18. But that discovery had already been served and responded to before the February 13 hearing, *see* DE 329-

---

[1] The May 16 letter claims that "defendants made several late productions of over 600 pages of documents – including about 120 pages that were produced around o[r] after the February 13 conference. Thus plaintiffs have never had any opportunity to establish the authenticity and admissibility of these documents." DE 329-13 at 4. The letter then states: "Accordingly, plaintiffs request that they be allowed to serve a revised set of request for admissions to establish the authenticity and admissibility of *these* documents." *Id.* (emphasis added).

9

9 (Ex. I); DE 329-10 (Ex. J), and Plaintiffs never sought leave to file a motion to compel regarding "plaintiffs' requests for admissions to defendants concerning many of the documents produced prior to the close of fact discovery."  Specifically, Plaintiffs take issue with a statement made by Magistrate Judge Ellis at the February 13 hearing in which he suggested that discovery requesting admissions as to the factual underpinnings of admissibility may be more appropriate under Rule 36(a) than requests seeking admission regarding a legal conclusion (admissibility). *See* DE 331 at 18 (quoting Ex. L at 31).  But, even assuming Magistrate Judge Ellis's discussion at the February 13 hearing could be considered a discovery ruling, Plaintiffs did not timely file Rule 72(a) objections to that ruling, and so may not challenge that ruling now.

Similarly, Plaintiffs current objections also challenge Magistrate Judge Ellis's December 20 and February 13 rulings denying Plaintiffs leave to conduct Rule 30(b)(6) depositions on authenticity and admissibility of documents.  *Id.* at 19-21.  This Court already overruled Plaintiffs' objections to the magistrate judge's December 20, 2012 ruling to that effect, DE 303 at 2, and Plaintiffs did not timely file Rule 72(a) objections to the magistrate judge's ruling at the February 13 hearing rejecting Plaintiffs' second attempt to seek Rule 30(b)(6) depositions on authenticity and admissibility.  *See* DE 329-12 (2/13/2013 Tr.) at 3:22-24.  Plaintiffs' position that it "was clear error not to allow plaintiffs to utilize . . . depositions under Rule 30(b)(6) to establish authenticity and admissibility," DE 331 at 21, is therefore untimely, was already rejected by this Court, and is irrelevant to the Court's review of the July 26 Order.

*Third*, Plaintiffs extensively rely on matters outside the factual record presented to Magistrate Judge Ellis.  Plaintiffs' lead argument is that the documents as to which they seek to establish admissibility are important to their case.  DE 331 at 9-15; *see also id.* at 12 (arguing that the "importance of these documents is difficult to overstate").  Plaintiffs also argue that the

10

documents qualify for various exceptions to the hearsay rule. *Id.* at 12-15.  In support of their argument, Plaintiffs rely on Exhibits E-H.  *See id.* at 9-11.  Leaving aside that "importance" is not a basis to overrule a ruling, and further leaving aside that Defendants disagree with Plaintiffs' characterization of the documents, as to their significance and admissibility, these issues are not properly before this Court on a Rule 72(a) appeal.   None of these exhibits and none of the arguments regarding the importance or admissibility of the documents was presented to Magistrate Judge Ellis.  Plaintiffs simply cannot rely on them as a basis for overruling his ruling because in reviewing the magistrate judge's rulings under Rule 72(a), this Court may consider only the factual record presented to the magistrate judge.

"Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 2013 U.S. Dist. LEXIS 18280, at *5-6 (S.D.N.Y. Feb. 11, 2013) (confining its Rule 72(a) review to the factual record before the magistrate judge).  Nor may the Court consider arguments not presented to Magistrate Judge Ellis.  *See Abu-Nassar v. Elders Futures*, 1994 U.S. Dist. LEXIS 11470, at *10 n.2 (S.D.N.Y. Aug. 17, 1994) (refusing to consider arguments and evidence not submitted to the magistrate judge because "[i]f the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments").

    2. *Plaintiffs Failed to Establish Good Cause for Reopening Discovery as to the Admissibility and Authenticity of Documents Sought at the End of Discovery.*

Plaintiffs have but one argument that relates to Magistrate Judge Ellis's July 26 Order, and is based on the record presented to the magistrate judge.  That argument is that it was "impossible for plaintiffs to conduct discovery to establish authenticity and admissibility issues

during the discovery period" as to documents produced after the close of discovery. DE 331 at 18. Plaintiffs repeatedly attempt to shift blame to the Defendants. *See id.* at 6 (claiming that Defendants: "failed to produce" the documents at issue until after the close of discovery); *id.* at 16 ("defendants made several late productions of over 600 pages of documents"); *id.* at 18 ("defendants waited until after the discovery cut-off to produce most of the documents"); *id.* at 19 ("defendants waited until after the close of discovery to produce the bulk of the documents").

However, what Plaintiffs choose not to note is that all of the documents Defendants produced after the close of discovery on December 21, 2012 were responsive only to Plaintiffs' document requests which were first propounded on November 21, 2012, *i.e.*, the very last day for serving written discovery. *See* Ex. A (Defendants' May 27, 2013 Letter to Magistrate Judge Ellis) at 5. Indeed, the supposed importance of these documents is undercut by the fact that Plaintiffs waited so long to ask for them so as to leave themselves no time for any additional discovery related to them. Even if Defendants had produced those documents with their responses to the document requests on December 21, 2012, Plaintiffs still would not have been able to serve additional discovery concerning those documents within the fact discovery period. That fact is, of course, entirely a consequence of Plaintiffs' own decision to wait until November 21, 2012 to serve the document requests which called for the documents at issue. Nothing prevented Plaintiffs from serving those document requests sooner than November 21, and then propounding further discovery once they had an opportunity to review Defendants' documents. When this same point was made before Magistrate Ellis , Ex. A at 5, Plaintiffs offered no excuse for their decision to wait until the end of discovery to seek the documents at issue.

Magistrate Judge Ellis therefore did not commit clear error when he concluded that Plaintiffs did not meet the Rule 16(d)(4) "good cause" standard for re-opening discovery to allow

1346168.4

plaintiffs to conduct discovery on the admissibility and authenticity of documents they easily could have sought during the discovery period.

>   3.   *Plaintiffs' Attempt to Do an End-Run Around Magistrate Judge Ellis and the Rule 72(a) "Clear Error" Standard Should Be Rejected.*

Unable to establish clear error as to Magistrate Judge Ellis's July 26 discovery order, the Plaintiffs offer a vague, though ill-defined request, and ask this Court to "[c]reate [a] [p]rocedure" to establish authenticity and admissibility of documents produced by Defendants. DE 331 at 21. It is not this Court's role to "create a procedure" for Plaintiffs who have failed to use the procedures that would have been available to them had they proceeded appropriately during the discovery period. Plaintiffs claim this novel relief "can be granted under this Court's power to determine the admissibility of evidence for the trial and thus is not subject to the standards of Rule 72(a)." *Id.* at 23-24. Plaintiffs go on to ask the Court to

> (1) require defendants to identify any documents for which they have a good-faith basis for refusing to stipulate to either authenticity or the applicability of one or more exceptions to the hearsay rule; (2) deem as authentic and not excludable as hearsay any documents for which defendants cannot identify such a good-faith basis; and (3) allow plaintiffs to take the depositions of the custodians of any documents as to which defendants can interpose a good-faith objection to authenticity or admissibility.

*Id.* at 23. Item (1) is obviously a disguised request for requests for admissions, as to which Magistrate Judge Ellis has either already ruled (as to the documents produced after discovery closed), or as to which Plaintiffs never moved to compel (as to the documents produced before the close of discovery). At this stage of the case, it amounts to an effort to force Defendants to tell Plaintiffs how Plaintiffs ought to seek admission of evidence, but just as this Court ought not "create procedures" for Plaintiffs, Defendant ought not be asked to review the Rules of Evidence for Plaintiffs and decide through which avenues they might seek admissibility, particularly when the request is made after close of discovery. Item (2) is a disguised request for *in limine* rulings

on Defendants' entire document production. Item (3) is an attempt to relitigate previous rulings—either not appealed, or already affirmed by this Court—on Rule 30(b)(6) depositions. With regard to the remainder of Plaintiffs' requested relief, Plaintiffs may not do an end-run around this Court's March 2009 referral to Magistrate Judge Ellis of general pretrial matters, including discovery, simply because they do not like the discovery rulings they have received or have failed to timely or properly appeal them. DE 61.

Plaintiffs offer no authority for their unusual position that the Court may direct a party to stipulate to the *admissibility* of documents, or shift the burden to the non-proponent of evidence to disprove that an exception of the hearsay exclusion applies. In each of the three cases cited in the text by Plaintiffs, *see* DE 331 at 21- 23, the decision is from a magistrate judge supervising discovery and addressing the authenticity or admissibility of a discrete set of documents. None of the cases involved an attempt to undo a magistrate judge's supervision of the discovery process or to force a party to stipulate to the admissibility of their entire document production.

The *Klieman* case relied upon by Plaintiffs, DE 331 at 21-22, actually is contrary to Plaintiffs' position because that case was in a different procedural posture than the instant matter. In that case, Plaintiffs sought permission to take discovery about the authenticity and admissibility of the materials at issue from the magistrate judge who was presiding over discovery before the last discovery extension period had ended. Here, by contrast, Plaintiffs are asking the district court for permission to take discovery about the authenticity and admissibility of the materials at issue after the magistrate judge has already denied that request, and after fact discovery has closed. The decision of the magistrate judge in *Klieman* is thus of no relevance here.[2] Similarly, Magistrate Judge Ellis's earlier decision in this case on a BBC documentary

---

[2] Plaintiffs also misleadingly quote only from the preliminary ruling of the magistrate judge in *Klieman*, in which he stated he would deem documents "to be authentic and admissible unless defendants show

14

and related outtakes, on which Plaintiffs also rely, related to authenticity, not admissibility, and was made while fact discovery was still open. *See* DE 331 at 23. It therefore provides no basis to overrule the magistrate judge here.

Finally, Plaintiffs' reliance on *Hassan v. Amersk Lines, LTD.*, No. CV 2003-5443, 2005 WL 5712849 (E.D.N.Y. Apr. 15, 2005), is equally misplaced. The plaintiff in that case filed a motion *in limine* seeking a ruling from the magistrate judge as to the admissibility of seven statements prepared by employees of defendant relating to the accident that allegedly caused plaintiff's injuries. The magistrate judge concluded that the motion was within the pretrial reference authority granted him. *See id.* at *3. Here, Plaintiffs are attempting to evade the pretrial referral to Magistrate Judge Ellis, and, in any event, they have not filed motions *in limine,* let alone properly appealed a denial of them. At this time, in the context of Rule 72 objections, Plaintiffs introduction of a wholly new, and inappropriate, admissibility procedure should not be countenanced.

In sum, Magistrate Judge Ellis did not commit clear error when he denied Plaintiffs' application to re-open discovery to serve requests for admission on admissibility of documents Plaintiffs did not seek until the close of discovery. Plaintiffs' Rule 72(a) Objections do not establish clear error. Instead, Plaintiffs improperly seek to re-litigate earlier rulings or to have the Court intervene in the supervision of the discovery process. Plaintiffs' Rule 72(a) Objections should therefore be overruled.

---

cause within ten days why they are not." *Id.* at 22 (quoting 329-14 (Ex. N) at 7). However, in a subsequent ruling, the magistrate judge held that the "Defendants have done so by marshaling the arguments against their authenticity." Ex. B (*Estate of Esther Klieman v. Palestinian Authority*, No. a:04-cv-1173, DE 197) at 5. The magistrate judge then concluded: "The decision as to the authenticity and admissibility of the eight documents is where it belongs – with Judge Friedman, who will rule on the documents either pre-trial or at trial." *Id.* With respect to the admissibility of another document at issue in the same ruling, the magistrate judge in *Klieman* explained that "defendants of course preserve for trial all of their objections to the admissibility of these records at trial." *Id.* at 4.

## II. MAGISTRATE JUDGE ELLIS DID NOT COMMIT CLEAR ERROR WHEN HE DENIED PLAINTIFFS' REQUEST TO RE-OPEN DISCOVERY WITH RESPECT TO "FAWZI MURAR."

### A. Relevant Procedural Background

The Guetta Plaintiffs were allegedly injured in a shooting on January 8, 2001. *See* First Am. Compl. ¶¶ 54-60. The only person alleged by name in the complaint to have been involved is "Muhanad Abu Halawa." *Id.* ¶¶ 55-58, 60. On November 19, 2012, plaintiffs sent a letter to Magistrate Judge Ellis requesting a pre-motion conference to compel Defendants to produce "photographs of seventeen people identified by Plaintiffs as having been convicted of carrying out similar attacks in the same area using similar *modus operendi* or who were identified in police statements of other perpetrators as having been involved in such attacks." DE 329-19 (Ex. S) at 3. Plaintiffs' November 19 letter represented that although "Plaintiffs were able to locate a photograph of" Abu Halawa, "Ms. Guetta did not identify him as the perpetrator." *Id.* at 4. Plaintiffs' letter also represented that "if Plaintiffs do not get the pictures Ms. Guetta and her son will not be able to pursue their lawsuit because there is no other way for Plaintiffs to identify the perpetrators," and "[a] denial of Plaintiffs' motion will be dispositive of the Guetta Plaintiffs' lawsuit." *Id.* at 3.

On December 5, 2012, Magistrate Judge Ellis entered an oral order denying Plaintiffs' request. *See* DE 284-5 at 13:16-14:12. Magistrate Judge Ellis determined that the production of the photographs "is not reasonably calculated to lead to the discovery of admissible evidence in the form of a future reliable eyewitness identification." *See* DE 303 at 2. Plaintiffs filed Rule 72 objections to that order on December 19, 2012 (DE 284), and the Court overruled those objections on January 16, 2013 (DE 303).

Following this Court's January 16 ruling, on or about February 17, 2013, twelve years after the shooting, Plaintiffs' counsel presented Ms. Guetta with an array of fifteen photographs

Plaintiffs obtained "through their own efforts." *See* DE 331 at 27-28; *see also* DE 329-23 at 4-18 (the photographs). Ms. Guetta identified one of the photographs as depicting the shooter. *See* DE 331 at 24. When questioned about the photo identification at her deposition, Ms. Guetta said that Plaintiffs' counsel Mr. Tolchin gave her the photographs in February of 2013, claimed she looked at the photos with Mr. Tolchin immediately but failed to make any identification, said she studied them overnight, and explained how she eventually picked a photograph which had been marked with a certain letter of the alphabet. *See* Ex. C (Defendants' June 14, 2013 Letter to Magistrate Judge Ellis) at Ex. A at 407:3-408:10, 415:9-420:18. However, she testified that she did not know the name of the person depicted in the photograph. *Id.* at 478:12-15.

On June 13, 2013, Plaintiffs made a submission to Magistrate Judge Ellis seeking to re-open discovery. Plaintiffs' counsel claimed that the photograph selected by Ms. Guetta was that of "Fawzi Murar." Plaintiffs sought leave to obtain discovery of "(1) Murar's martyr file, (2) Murar's PA personnel file and any payment records, (3) any photographs of Murar . . . . , and (4) Murar's GIS, PSS, NSF, MI, Force 17 and PAP files." DE 329-21 at 3-4. In their brief submission, Plaintiffs did not even try to make the "good cause" showing required for the modification of scheduling orders under Rule 16(d)(4). *See id.*

As summarized in Magistrate Judge Ellis's July 26 Order, Defendants objected to the request to re-open discovery on the grounds that: "(1) Plaintiffs failed to produce [the] photographs during the fact discovery period; (2) Plaintiffs failed to provide discovery responsive to Defendants' interrogatory seeking communications regarding those photographs; and (3) Guetta's selection of the photograph that Plaintiffs' counsel claim is Murar would be inadmissible at trial, and even if it were not, there is no admissible evidence that the person depicted in the photograph Guetta chose is Murar." DE 327 at 4 (citing Defendants' June 14,

2013 Letter to Magistrate Judge Ellis which is attached hereto as Ex. C).  Magistrate Judge Ellis denied Plaintiffs' request, ruling that "there is no justification for belated discovery regarding the photographs" in "line with [his] view that the Guetta photograph admissibility issue is one to be decided for trial."  *Id.*

### B. Magistrate Judge Ellis Did Not Clearly Err in Concluding that Plaintiffs Failed to Establish Good Cause for Reopening Discovery to Obtain Documents Related to Murar.

Under Rule 16(b)(4), a "scheduling order may not be modified except upon a showing of good cause," which "depends on the diligence of the moving party."[3]  *G Investors Holding LLC v. Lincoln Benefit Life Co.*, No. 09 Civ. 2980 (ALC) (KNF), 2012 U.S. Dist. LEXIS 140676, at *6 (S.D.N.Y. Sept. 25, 2012).  "A party does not satisfy the good cause standard when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  *Id.* at *6-7.  Here, Plaintiffs' counsel were not diligent, as they inexplicably waited to conduct their "investigation" and show Ms. Guetta the photographs until after fact discovery had closed in February of this year.  Plaintiffs' contention that they "could not have learned about Murar's involvement prior to the close of fact discovery," DE 331 at 27, lacks any factual support.  Indeed, Plaintiffs refused to disclose how they obtained the photographs, *see* DE 329-23 at 2; Ex. C at 1-3, so there is no factual basis for determining whether Ms. Guetta could have identified the alleged photograph of Mr. Murar years ago had Plaintiffs' counsel exercised the type of diligence required by Rule 16(b)(4).

Moreover, to the extent Plaintiffs are claiming that it was reasonable to wait to conduct the investigation until they secured a ruling on their attempt to seek to have the Defendants

---

[3] Plaintiffs' arguments regarding alleged relevancy, lack of undue burden, and lack of prejudice, *see* DE 331 at 28-29, are not responsive to the "good cause" standard that must be met for extending discovery. In any event, the documents are not relevant because Ms. Guetta's alleged identification of the photograph Plaintiff's counsel claim is Murar will not be admissible.  *See* DE 303 at 2; DE 327 at 4.

produce photographs for review by Ms. Guetta, *see* DE 331 at 26-27, it is important to note that Plaintiffs unreasonably delayed in seeking such a ruling until the close of fact discovery. The document requests upon which Magistrate Judge Ellis ruled in December 2012 (which was affirmed by the Court in January 2013), were served by Plaintiffs a year earlier in October and November of 2011, but they waited many months to raise the issues with the Magistrate Judge. *See* Ex. C at 2; DE 329-17 (Ex. Q); DE 329-18 (Ex. R). Plaintiffs should not now be allowed to reopen fact discovery after having both unreasonably delayed in seeking discovery about the photographs, and unreasonably delayed in conducting their own "investigation."

Plaintiffs' assertion that they have, since Ms. Guetta's alleged identification, identified "other information supporting Murar's culpability" is irrelevant to the Court's consideration of their Rule 72(a) Objections. The documents cited by Plaintiffs (Exs. B, C, O, P) do not provide admissible evidence of any involvement by Murar in the Guetta shooting. But, more importantly, these documents, and the arguments associated with them, were not presented to Magistrate Judge Ellis. *See* DE 329-21 (Ex. U) (Plaintiffs' June 13, 2013 Letter). As previously noted, Plaintiffs may not seek to overrule discovery orders based on a factual record and arguments that they failed to present to the magistrate judge. *See Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 2013 U.S. Dist. LEXIS 18280, at *5-6 (S.D.N.Y. Feb. 11, 2013); *Abu-Nassar v. Elders Futures*, 1994 U.S. Dist. LEXIS 11470, at *10 n.2 (S.D.N.Y. Aug. 17, 1994).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objections to Magistrate Judge Ellis's Order of July 26, 2013 (DE 327) should be overruled.

August 26, 2013                    Respectfully Submitted,

                                         /s/ Mark J. Rochon
                                         Mark J. Rochon
                                         Richard A. Hibey
                                         Laura G. Ferguson
                                         Brian A. Hill
                                         MILLER & CHEVALIER CHARTERED
                                         655 15th Street, NW, Suite 900
                                         Washington D.C. 20005-6701
                                         (202) 626-5800 [tel]
                                         (202) 626-5801 [fax]
                                         mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1346168.4