<u>REDACTED−PUBLICLY FILED VERSION</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOKOLOW, *ET AL.*,

        *Plaintiffs*,

v.

PALESTINIAN LIBERATION ORGANIZATION, *ET AL.*,

        *Defendants*.

04 Civ. 397 (GBD) (RLE)

---

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO OBJECTIONS
PURSUANT TO FED. R. CIV. P. 72(a)
TO THE MAGISTRATE JUDGE'S WRITTEN ORDER OF JULY 26, 2013**

      This Court should allow discovery to establish the authenticity and admissibility of crucial documents produced by defendants after fact discovery closed, or, alternatively, establish appropriate pre-trial procedures with respect to the authenticity and admissibility of these documents without the need—as defendants insist upon—to spend a substantial amount of time at trial examining the custodians of several hundred pages of documents that raise no question as to admissibility.  In addition, the Court should allow limited document discovery with respect to the attack on the Guetta plaintiffs based on new evidence that did not come to light until after fact discovery closed.

      Defendants' Opposition to Plaintiffs' Rule 72(a) Objections to the Magistrate Judge's Written Order of July 26, 2013, dated August 26, 2013 ("Defs.' Opp."), is virtually devoid of any response addressing the merits of plaintiffs' objections.  Rather, defendants argue at length that plaintiffs' objections are procedurally barred.  These arguments are unavailing and should be rejected by this Court.

**REDACTED−PUBLICLY FILED VERSION**

I.  **THE MAGISTRATE JUDGE ERRED IN NOT ALLOWING DISCOVERY TO ESTABLISH THE AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS PRODUCED BY DEFENDANTS**

   A.  **Defendants Ignore The Importance Of The Documents At Issue**

Defendants' opposition is far more remarkable for what it *does not* say than for what it *does* say. ███████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Nor do defendants attempt to argue that these documents are not admissible as business records (Fed. R. Evid. 803(6)), public records (Fed. R. Evid. 803(8)), and statements by a party-opponent (Fed. R. Evid. 801(d)(2)(B) and (D)).  Pls.' Obj., pp. 7-10. ███████████████████████████████████████████████████████████████████ If defendants had any basis for questioning the admissibility of these documents, they would surely say so.

Tellingly, defendants also do not contest—nor could they—plaintiffs' ability under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2334(c), to subpoena PA representatives to establish the admissibility of these documents at trial.  Defendants' position is that the only way to place these crucial documents before the jury is to go through the laborious process of establishing

2

**REDACTED−PUBLICLY FILED VERSION**

admissibility at trial, all to the great inconvenience of the Court and the jury. This position makes no sense and underscores the fact that these documents will be devastating to defendants.

      **B.**    **The Magistrate Judge Committed Errors Of Law**

Defendants' failure to address plaintiffs' arguments is not limited to their silence regarding the importance of the documents and their admissibility. As shown in plaintiffs' objections, the Magistrate Judge's rulings that neither plaintiffs' requests for admissions nor their request for depositions under Fed. R. Civ. P. 30(b)(6) were appropriate both constitute errors of law. Defendants do not respond to either legal argument—again, because there is no response that they can reasonably make.

      **1.**    **Requests For Admissions Are Appropriate To Establish Admissibility**

Although the Magistrate Judge's July 26 Order is cryptic with respect to his reasons for not allowing plaintiffs to establish admissibility through requests for admissions ("RFAs"), he stated during a telephone conference on February 13, 2013 that RFAs are appropriate only for purely factual matters. As explained in plaintiffs' objections, this is an error of law because both Fed. R. Civ. P. 36(a)(1)(A) and the accompanying Advisory Committee Notes state that RFAs are not limited to purely factual matters and that they may be used to establish "the application of law to facts." Pls.' Obj., pp. 13-14. Defendants do not respond to this argument, nor could they, because the Magistrate Judge was wrong on this issue as a matter of law.

Lacking any response on the merits, defendants argue that plaintiffs cannot challenge the Magistrate Judge's ruling because they did not file objections following the February 13 conference. Defs.' Opp., p. 6. The problem with this argument is that the Magistrate Judge did not actually rule on this issue during the February 13 conference, so there was nothing to which

REDACTED−PUBLICLY FILED VERSION

plaintiffs could object.[1] Indeed, in stating that RFAs are limited to issues of fact, the Magistrate Judge conceded that he had not read plaintiffs' RFAs on admissibility.[2] Moreover, as defendants acknowledge (*see* Defs.' Opp., p. 6), during the February 13 conference, the Magistrate Judge allowed plaintiffs to make a further submission regarding their discovery requests. Accordingly, there was no final decision that required—much less permitted—the filing of objections.

In any event, if defendants had any reason to claim that plaintiffs are procedurally barred from raising the issue of RFAs after the February 13 conference, the Magistrate Judge would surely have said so. Instead, he rejected plaintiffs' attempt to use RFAs on the merits during the June 17, 2013 telephone conference. Thus, this Court should rule on the issue of RFAs now.

### 2. Rule 30(b)(6) Depositions Are Appropriate To Establish Admissibility

The Magistrate Judge also ruled that it was not appropriate to establish admissibility through depositions under Fed. R. Civ. P. 30(b)(6). The July 26 Order fails to provide any basis for this ruling, and the ruling constitutes error. As plaintiffs have shown, numerous courts have held that depositions under this rule are fully appropriate to establish admissibility. *See* Pls.' Obj., pp. 14-16. Again, because there are no grounds for doing so, defendants do not contest this point. Instead, in addition to repeating their claim that plaintiffs should have filed objections to the February 13 conference, defendants argue that plaintiffs' May 16, 2013 letter failed to raise the issue of Rule 30(b)(6) depositions with respect to admissibility. This is not correct. The May 16 letter cited the same cases set forth in plaintiffs' objections regarding the appropriateness

---

[1] Defendants' own statements belie their claim. On page 10 of their opposition, defendants state: "[E]ven assuming Magistrate Judge Ellis' discussion at the February 13 hearing could be considered a discovery ruling, Plaintiffs did not timely file Rule 72(a) objections . . . . " This language makes clear that it is not appropriate to "assume" that the discussion at that hearing constituted a discovery ruling.

[2] Pls.' Obj., pp. 13-14 (quoting 2/13 Tr., p. 31 (Ex. L to Pls.' Obj.)).

4

REDACTED−PUBLICLY FILED VERSION

of using Rule 30(b)(6) depositions to establish the admissibility of documents.[3]  Again, if there was any basis for defendants' argument, the Magistrate Judge would surely have discussed it either during the June 17 conference or in the July 26 Order.

### C. The Magistrate Judge Abused His Discretion

Instead of addressing the merits of the matters discussed above, defendants argue that the only issue before the Magistrate Judge was whether good cause existed to re-open discovery to address authenticity and admissibility issues.  As the July 26 Order demonstrates, however, the Magistrate Judge found that good cause did not exist because of his incorrect rulings on the use of RFAs and Rule 30(b)(6) depositions to establish admissibility.  Because plaintiffs sought discovery on a timely basis using both of these methods (*see* Pls.' Obj., pp. 10-16), the issue is not whether there is good cause to seek discovery that a party previously failed to seek.  Plaintiffs should not now be penalized for defendants' late productions of approximately 600 pages of documents.

Moreover, even had plaintiffs failed to seek discovery in a timely manner or failed properly to assert their claims, good cause would still exist.  There is no question that the plaintiffs were injured—and in some cases killed—by acts of terrorism.  Rather, defendants' principal defense is that the perpetrators acted alone and that they are not responsible for those acts. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇  Indeed, in view of the importance of these documents, plaintiffs submit that a failure to show them to the jury would constitute a manifest injustice.

---

[3] Pls.' Letter dated May 16, 2013 to Hon. Ronald Ellis, p. 3 n.5 (Ex. M to Pls.' Obj.).

**REDACTED−PUBLICLY FILED VERSION**

If avoiding such an injustice does not constitute good cause for discovery limited to confirming the admissibility of documents—especially documents that, on their face, are either admissions or satisfy multiple exceptions to the rule against hearsay—it is hard to imagine what would ever constitute good cause.  Contrary to defendants' unsupported claim that "'importance' is not a basis to overrule a ruling" (*see* Defs.' Opp., p. 11), it is well recognized that "[a]lthough, a discovery ruling may not be dispositive, it can be extremely important" and that the abuse of discretion standard "need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives."[4]  Under these circumstances, the Magistrate Judge's refusal to allow discovery on admissibility constitutes an abuse of discretion.

D. **Defendants' Other Procedural Arguments Are Equally Unavailing**

As already noted, defendants' opposition consists almost entirely of a series of claims that plaintiffs should be procedurally barred from objecting to the Magistrate Judge's decision.  Some of these issues have already been discussed, and the others also lack merit.

For example, defendants' opposition is rife with claims that plaintiffs failed to bring their claims before the Magistrate Judge—especially in plaintiffs' May 16 letter, which precipitated the July 26 Order.  Most of these claims amount to nothing more than nit-picking the language of that letter and asserting that it failed to raise issues that plaintiffs had already asserted in earlier proceedings.[5]  The May 16 letter, however, did not start a new proceeding—rather, the first line

---

[4] 12 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure*, § 3069 (2d ed. 2013).  For example, in *Graham v. City of New York*, No. 08-CV-3518 (KAM) (RML), 2010 WL 3034618, at *1 (E.D.N.Y. Aug. 3, 2010), the district court overruled the decision of the magistrate judge not to allow the deposition of a child who was a party to the case, agreeing that it would be a "manifest injustice" and an abuse of discretion not to allow the deposition, even though the court conceded that the magistrate judge had "thoughtfully considered an appropriate balance between the interests of the two parties."

[5] For example, defendants argue that the May 16 letter did not seek discovery regarding documents produced by defendants both "*prior to* and after the close of discovery." Defs.' Opp., p. 9 (emphasis in original).  This statement is wrong.  The May 16 letter (1) expressly states that

Footnote continued on next page

**REDACTED−PUBLICLY FILED VERSION**

of that letter clearly states that it was filed as a follow-up to the February 13 conference, in which the Magistrate Judge allowed plaintiffs to make a further submission. Ex. M to Pls.' Obj., p. 1. Accordingly, all of the arguments contained in plaintiffs' prior submissions, including those made orally during the prior conference, remained at issue pending the Magistrate Judge's final ruling. Again, the fact that the Magistrate Judge did not rely on any of these alleged procedural deficiencies shows that he well understood the full range of issues properly before him.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████████ This claim is without merit. ████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████

Moreover, defendants' "not in the record" argument ignores the procedural posture of plaintiffs' presentation to the Magistrate Judge. Under the applicable rules, plaintiffs did not file a formal motion—instead, plaintiffs were first required to file very short papers seeking a pre-

---

Footnote continued from previous page
"defendants failed to produce a substantial majority of these documents until after the discovery cut-off," and (2) noted that this constituted an additional reason to allow discovery regarding the admissibility of the late-produced documents. Ex. M to Pls.' Obj., p. 4. This does not take away from the fact that plaintiffs were seeking to establish the admissibility of *all* of the documents at issue—including those produced *before* the close of discovery. Instead, it simply reflects the fact that there is an *additional* argument for allowing discovery with respect to the "substantial majority" of documents that were produced after the close of discovery.

<b><u>REDACTED−PUBLICLY FILED VERSION</u></b>

motion conference. Thus, plaintiffs' May 16 letter was, of necessity, summary in nature. Indeed, that letter stated, in view of the space limitations, that plaintiffs had "only summarized issues herein rather than providing all the detail—including all of the back-up documentation for the facts discussed below and a detailed history of plaintiffs' attempts to obtain this discovery—that a full motion might entail. Plaintiffs would be happy to submit such documentation and any other information that the Court believes would be useful." Ex. M to Pls.' Obj., p. 1. The Magistrate Judge, however, chose to decide the dispute based on these preliminary submissions, rather than allowing plaintiffs to file a full motion or even to enter any response at all to defendants' opposition submitted on May 27, 2013. Under these circumstances, it would be inappropriate not to allow plaintiffs to supplement the record.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD CREATE A PROCEDURE TO ESTABLISH AUTHENTICITY AND ADMISSIBILITY PRIOR TO TRIAL

As an alternative to requiring the discovery discussed above—and in view of the clear admissibility of the documents at issue—plaintiffs urge that the Court establish a pre-trial procedure to establish admissibility. This would include requiring defendants to provide—as they have declined to provide thus far—a cogent legal basis for asserting that the documents at issue do not qualify as admissions or exceptions to the rule against hearsay.[6]

Defendants object to this approach on the ground that it would constitute an "end-run" around Rule 72, although they cite no authority for this proposition. *See* Defs.' Opp., p. 13. The only "end-run" that plaintiffs seek, however, is to avoid the process of issuing trial subpoenas to defendants and going through the cumbersome and wasteful process of laying the foundation for the admissibility of hundreds of pages of documents at trial. As noted above, plaintiffs are

---

[6] *See* Pls.' Obj., 16-19. ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

**REDACTED−PUBLICLY FILED VERSION**

entitled to do this under the ATA. Defendants' opposition amounts to a statement that this Court has no choice but to endure such an inefficient and unnecessary process at trial.

The Court, however, does have other choices. As plaintiffs have shown, there is ample case law supporting the proposed alternative. Defendants try to distinguish those cases as allegedly involving the admissibility of "a discrete set of documents," rather than the admissibility of an "entire document production." Defs.' Opp., p. 14. Nothing in the cases, however, limits the power of the courts to determine admissibility to a "discrete set of documents"—whatever that term may mean. Nor is there any reason to shy away from such a procedure because it involves "an entire document production." Perhaps this would be burdensome with respect to a production consisting of millions of pages of documents; however, here, plaintiffs are seeking relief with respect to a few hundred pages of documents that fit into a small number of categories and are highly important. Because defendants cannot articulate any reason why these documents should not be admitted, the Court should adopt procedures to avoid the waste of time and resources that will be required to deal with these documents at trial.

### III. PLAINTIFFS SHOULD BE ALLOWED TO TAKE LIMITED DOCUMENT DISCOVERY REGARDING FAWZI MURAR

Defendants' arguments concerning Fawzi Murar should also be rejected. First, defendants' argument that plaintiffs "did not even try to make the 'good cause' showing required for the modification of scheduling orders under Rule 16(b)(4)" is incorrect. *See* Defs.' Opp., p. 17. Plaintiffs' letter to Judge Ellis, dated June 13, 2013 (Ex. U to Pls.' Obj.), explained that new facts had developed after the close of fact discovery that justified a narrowly-tailored document request relating to Murar (who was a Lieutenant in the PA's Presidential Security Force).[7]

---

[7] [REDACTED]

9

**REDACTED−PUBLICLY FILED VERSION**

Because Murar is deceased, plaintiffs cannot subpoena him. Moreover, defendants deposed plaintiff Varda Guetta regarding her identification of Murar, and plaintiffs should be entitled to reciprocal discovery. Finally, plaintiffs explained that Murar's involvement did not come to light until after discovery closed, and prior to that time there was no reason to suspect him.[8]

Lastly, there is no basis for the claim—and defendants cite none—that plaintiffs failed diligently to investigate the facts concerning the Guetta attack. Unlike the other attacks in this case, local law-enforcement authorities never solved the shooting attack that injured the Guettas, leaving plaintiffs to do their own investigation. Plaintiffs did the best that they could with very limited information, and the fact is that Murar's name surfaced shortly after the close of fact discovery. Since plaintiffs acted diligently, discovery concerning Murar should be allowed.

**CONCLUSION**

This Court should permit plaintiffs to establish the authenticity and admissibility of the documents at issue prior to trial and to conduct limited discovery concerning Fawzi Murar.

Dated: September 3, 2013

| | |
|---|---|
| THE BERKMAN LAW OFFICE, LLC | ARNOLD & PORTER LLP |
| By: _____<br>Robert J. Tolchin | By: __/s/ Kent A. Yalowitz___<br>Kent A. Yalowitz |
| 111 Livingston Street<br>Brooklyn, NY 10021<br>(718) 855-3627<br>E-mail: rtolchin@berkmanlaw.com | 399 Park Avenue<br>New York, NY 10022<br>(212) 715-1000<br>E-mail: Kent.Yalowitz@aporter.com |

---

[8] Defendants also argue that "[p]laintiffs' arguments regarding alleged relevancy, lack of undue burden, and lack of prejudice . . . are not responsive to the 'good cause' standard . . . ." Defs.' Opp., p. 18 n.3. This contention misstates the very case upon which counsel relies. *See G Investors Holding LLC v. Lincoln Benefit Life Co.*, No. 09 Civ. 2980 (ALC) (KNF), 2012 WL 4468184, at *3 (S.D.N.Y. Sept. 25, 2012) (stating "[w]hile diligence should be a court's primary consideration, it is not the sole factor. The court, in its discretion, may consider other relevant factors, including the prejudice suffered by the opposing parties because of the amendment . . . ." and finding good cause pursuant to Fed. R. Civ. P. 16(b)(4)) (citations omitted).