

## MILLER CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

September 24, 2013

VIA ECF
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

      On behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), I am writing to request a pre-motion conference with the Court, pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A, as soon as possible regarding whether lawyers from the firm of Arnold & Porter -- who have entered an appearance in this matter only on behalf of Plaintiffs Oz and Varda Guetta -- are permitted to defend expert witness depositions when the opinions expressed by the expert witness have no relation or bearing on the claims of the Guettas. Defendants request that the Court enter an order prohibiting counsel from Arnold & Porter from defending depositions that do not relate to the claims of the Guettas.

      This matter is especially urgent as the deposition of Plaintiffs' expert Michael Soudry is scheduled for Thursday, September 26. Mr. Soudry's opinions in no way relate to the Guettas' claims; however, counsel for Arnold & Porter nonetheless indicate they intend to defend Mr. Soudry's deposition. Michael Soudry has been proffered by Plaintiffs as an economic damages expert, opining on the economic loss associated with the injuries or deaths of Shayna Elliott (Gould), Diane Carter, Janis Coulter, and Benjamin Blutstein. *See* excerpts attached as Exs. 1-4. Mr. Soudry does not offer any opinions as to the economic losses or damages allegedly suffered by the Guettas and, indeed, none of the persons as to whom Mr. Soudry offers his opinions were injured or killed in the attack on the Guettas. The Guetta Plaintiffs have no interest in Mr. Soudry's opinions or testimony. His testimony is, as to the Guettas, wholly irrelevant.

      On May 7, 2013, attorney Kent Yalowitz of Arnold & Porter entered an appearance on behalf of Plaintiff Varda Guetta [Dkt. # 318]. On May 14, 2014, Plaintiffs Oz and Varda Guetta filed a motion for attorney Philip Horton of Arnold & Porter to Appear *Pro Hac Vice* [Dkt. # 319]. On June 4 and June 7, respectively, Arnold & Porter lawyers Lucy McMillian and Sara Pildis entered appearances on behalf of Varda Guetta [Dkt. ## 323, 324].[1] When Arnold & Porter failed to enter an

---

[1] The Court will recall that Plaintiff Oz Guetta was allegedly injured during a shooting while driving with his mother, Varda Guetta, near Givon Junction on January 8, 2001. There have been numerous discovery issues before this Court regarding
(footnote continued on next page)

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1350775.1



Hon. Ronald L. Ellis
September 24, 2013
Page 2

appearance on behalf of any other Plaintiffs, and anticipating that counsel from Arnold & Porter may seek to participate in proceedings unrelated to the Guettas, undersigned counsel emailed Messrs. Yalowitz and Horton on September 20, 2013, expressly stating Defendants would object to Arnold & Porter's "participation in advocacy and at depositions on issues that do not pertain to Ms. Guetta." Ex. 5. Defense counsel received no response to this email, but this morning, prior to the start of another expert deposition, Mr. Horton informed the undersigned that although Arnold & Porter may or may not enter an appearance on behalf of the other Plaintiffs before Thursday, Mr. Horton nonetheless intends to defend the upcoming deposition of Mr. Soudry. Moreover, Mr. Horton confirmed that only Arnold & Porter lawyers would appear to defend the Soudry deposition.

To be clear, lead counsel in this case, Robert J. Tolchin, has entered his appearance on behalf of all Plaintiffs, and he ought to be the one who advocates for and represents them. Otherwise, the record in this case will be subject to misinterpretation. Arnold & Porter is certainly free to attend the deposition of Mr. Soudry. However, because the firm has entered appearances only on behalf of the Guettas, Arnold & Porter lawyers have no basis upon which to interject objections, enter into stipulations, or otherwise participate in the deposition as there is no indication (by way of an Entry of Appearance) that Arnold & Porter has the authority to appear at the deposition on behalf of the Gould, Carter, Coulter or Blutstein Plaintiffs. Nonetheless, given the statements by Mr. Horton this morning, it appears that Arnold & Porter intends to defend and participate in the Soudry deposition, even without entering appearances on behalf of the relevant Plaintiffs. As a result, Defendants request that the Court order that neither Mr. Horton nor any of his colleagues at Arnold & Porter participate in the Soudry deposition unless and until they formally enter appearances on behalf of the Gould, Carter, Coulter, and Blutstein Plaintiffs. Defendants all entitled to know just whom Arnold & Porter is representing in this matter.

Given the immediate nature of the upcoming deposition of Mr. Soudry, undersigned counsel requests a telephone hearing with the Court as soon as possible to resolve this matter.

Sincerely,

Brian A. Hill

cc:     Robert J. Tolchin, Esq., David I. Schoen, Esq., Kent Yalowitz, Esq., Phil Horton Esq.

---

(footnote continued from previous page)
Ms. Guetta's late alleged identification of the attacker and her accompanying requests for additional discovery. *See, e.g.*, July 26, 2013 Order [Dkt. # 327].

Miller & Chevalier Chartered

1350775.1