# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

September 25, 2013

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
       Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

We write in response to the letter dated yesterday, September 24, 2013, from counsel for defendants seeking an order that Arnold & Porter LLP ("Arnold & Porter") not be permitted to "participate" in the deposition of Michael Soudry, which is scheduled for tomorrow, Thursday, September 26, 2013, at 10:00 am. Mr. Soudry is an economic damages expert who has submitted expert reports on behalf of four of the plaintiffs.

There is no basis for any such order, and no need for any kind of emergency hearing. First, Arnold & Porter will be submitting, today, notices of appearance on behalf of two of the four plaintiffs for whom Mr. Soudry has submitted reports (specifically, Shayna Gould and the Estate of Diane Carter). That is obviously the end of the matter with respect to those plaintiffs. We also anticipate that we will be filing notices of appearance for the remaining plaintiffs shortly.

Second, as defendants concede, Arnold & Porter, as co-counsel in any multi-party litigation, has every right to attend any deposition taken under the Federal Rules of Civil Procedure. That right includes the right to object and cross-examine, which is why Fed. R. Civ. P. 30(b)(1) requires that notice of depositions be made to "every other party."[1] Nothing in either the Federal Rules of Civil Procedure or the Local Civil Rules of this Court limits the ability of co-counsel for any party to participate to the same extent as counsel for every other party, and defendants' letter cites no authority to support their position. Thus, there is no legal basis for arguing that Arnold & Porter may not "participate" in the deposition.

---

[1] The Wright & Miller treatise on federal procedure makes this clear. "One purpose of the requirement for reasonable notice to all other parties is to give them the opportunity to cross-examine the deponent." 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, *Federal Practice and Procedure*, § 2106 (3d ed. 2013). Thus, counsel for any party may participate fully in depositions.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
September 25, 2013
Page 2

Third, Mr. Soudry's testimony with respect to the two plaintiffs for whom we have not yet noticed an appearance is very likely to be relevant to the Gould and Carter plaintiffs. Mr. Soudry used a similar methodology to calculate the economic damages of all four plaintiffs, so questions about any one of the four plaintiffs may well be relevant to the others. Similarly, questions regarding matters such as Mr. Soudry's background and qualifications will relate to all four plaintiffs at issue, including our clients. Thus, Arnold & Porter has every right to participate in the deposition to protect the interests of its clients.

Fourth, defendants argue that Robert Tolchin, who has entered an appearance for all plaintiffs, should attend the deposition. It is, however, common for counsel—especially in complex, multi-party litigation—to divide work to reduce costs and increase efficiency. That is what is happening here; Arnold & Porter is defending the deposition by agreement with Mr. Tolchin. Thus, there is no basis for defendants' claim that we lack authority to appear.

Fifth, defendants' arguments regarding the alleged difficulties that Arnold & Porter's involvement might create do not make sense. For example, defendants assert that Arnold & Porter cannot enter into any stipulations. Neither side, however, has proposed any stipulations, and defendants have no right to demand stipulations. In any event, as explained above, we have the authority to do so. Similarly, there is no basis for defendants' vague claim that our presence would somehow make the record of the deposition "subject to misinterpretation." The deposition will be transcribed, and counsel for defendants will be free to make any statements that they wish on the record to reflect any "interpretations" that they may wish to offer. Finally, defendants scheduled this deposition weeks ago through Arnold & Porter, so there is no justification for such a last-minute request.

For the foregoing reasons, we respectfully submit that there is no basis for defendants' request and that there is no reason why this Court should schedule a hearing on it. Rather, this Court should summarily reject defendants' application and allow Mr. Soudry's deposition to proceed as scheduled.

Respectfully yours,

THE BERKMAN LAW OFFICE, LLC          ARNOLD & PORTER LLP

By: _____          By: _/s/ Kent A. Yalowitz_____
Robert J. Tolchin                     Kent A. Yalowitz

cc: All ECF Counsel