

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

October 2, 2013

VIA ECF
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

    Pursuant to the teleconference held on September 30, 2013, the Defendants Palestinian Authority ("PA") and Palestinian Liberation Organization ("PLO") submit the following letter-brief in reply to Plaintiffs' October 1, 2013 letter regarding the relevancy of withheld files of the PA's General Intelligence Service ("GIS").

    In their October 1 letter, Plaintiffs argue that the withheld material should be produced because their November 21, 2012 document requests for "all documents concerning" 31 individuals were "reasonably calculated to lead to the discovery of admissible evidence." *See, e.g.*, Ex. 1, Blutstein, Carter, Coulter and Gritz Plaintiffs' Second Request to Produce Documents and Things, Nos. 12-18; Pls.' 10/1/2013 Letter ("Pls.' Letter") at 2. Plaintiffs do not argue that the GIS files themselves are admissible. Indeed, they are not, as Defendants argued in their October 1 letter. Nor would the production of the withheld material lead to additional discovery. Discovery in this case closed on December 21, 2012, when the responses to the document requests were due. *See* DE 131 (Scheduling Order) at 1. Because the GIS files are themselves inadmissible and because their production will not lead to the discovery of admissible evidence, Plaintiffs asserted ground for moving to compel lacks merit.

    With respect to the relevancy of the documents, Plaintiffs identify two categories of potential relevance. First, Plaintiffs argue that the withheld GIS files could be relevant to their material support claim if they show that "defendants provided assistance to any of the perpetrators" in advance of the attack even without "advance knowledge of these specific attacks." Pls.' Letter at 3.[1] Second,

---

[1] The mere provision of material support or resources does not create liability under the Anti-Terrorism Act. Providing material support or resources constitutes an act of international terrorism for purposes of 18 U.S.C. §§ 2331 and 2333, only if they are provided "knowing or intending that they are to be used in preparation for, or in carrying out, a violation" of particular criminal statutes. *See* 18 U.S.C. § 2339A.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1351930.1



Plaintiffs argue that the withheld files could be relevant to their respondeat superior and negligence claims if they show that the PA or PLO were "on notice that the perpetrators might engage in terrorist activities and either assisted them, encouraged them, or failed to take steps to stop them." *Id.*[2] The files show no such thing. The vast majority of the withheld entries were created after the attacks at issue in this case – the last of which occurred in January 2004. Over one-half of the withheld entries were created in the 2010-2012 period. But, regardless of the vintage of the files, none of the withheld entries provides any evidence that the PA or PLO provided material support to the alleged perpetrators in violation of 18 U.S.C. § 2339A, as Plaintiffs allege. Moreover, none of the withheld entries show that either the PA or PLO was on notice, before one of the attacks at issue in this case, that the alleged employee-perpetrator was engaged in terrorist activities or even likely to engage in terrorist activities.

Plaintiffs assert that "[i]t would be difficult to imagine discovery requests that are better calculated to lead to the discovery of admissible evidence." Pls.' Letter at 2. To the contrary, Plaintiffs' discovery requests were overbroad, as they were not tied to the PA's or PLO's alleged conduct vis-à-vis the attacks or alleged perpetrators, nor were they tied to the alleged perpetrators' role in the attack. Plaintiffs requested "all documents concerning" the 31 individuals. *See, e.g.*, Ex. 1. Even as narrowed in Plaintiffs' May 16, 2013, letter-motion to compel, which sought to compel production of GIS files identified on Defendants' March 19, 2013 amended supplemental privilege log, Plaintiffs' requests remained overbroad. Plaintiffs' motion to compel did not seek GIS files reflecting PA or PLO involvement in or support for the attacks at issue or even PA or PLO pre-attack knowledge that a particular individual was engaged in terrorism. Instead, Plaintiffs sought all GIS files regarding the 31 individuals. There is no reason to believe that government intelligence files, the vast majority of which were created after the attacks at issue and over half of which were created as recently as 2010-2012, would have any relevance to Plaintiffs' claims. Government intelligence files cover a range of issues. If Plaintiffs had narrowed their documents requests to the sorts of material they now claim would be relevant, there would have been no responsive documents for Defendants to even identify on a privilege log. Having served a vastly overbroad request, Plaintiffs cannot now demand to review all responsive documents to make relevance determinations simply by speculating that there may be documents that would have been responsive to a properly tailored request.

Unable to show that production of the withheld GIS material is likely to lead to the discovery of admissible evidence or that the withheld material itself is relevant, Plaintiffs argue that Defendants waived objecting to their document requests based on relevancy. Pls.' Letter at 4-5. Defendants, however, objected to the document requests on the basis of lack of relevancy. *See* Ex. 1 to Defs.' 10/1/13 Letter. And, in their response to Plaintiffs' motion to compel, Defendants argued that the GIS files were not "important to Plaintiffs' case or likely to lead to admissible evidence." Defs.' 5/23/13 Letter at 3.

In sum, the GIS files identified as responsive to Plaintiffs' overbroad request for "all documents concerning" 31 individuals are not relevant to Plaintiffs' claims, would not be admissible,

---

[2] Plaintiffs assert that it is "undisputed" that the individuals whose GIS documents are sought were the perpetrators of the attacks at issue. *See* Pls.' Letter at 2. Defendants have made no such concession and will require the Plaintiffs to prove all elements of their case with admissible evidence if and when the case goes to trial.



Hon. Ronald L. Ellis
October 2, 2013
Page 3

and are not likely to lead to the discovery of admissible evidence. Even though the Court has held that the withheld material is not covered by a privilege, the files remain highly confidential and sensitive for reasons unrelated to this litigation and Defendants should not have to produce them based on Plaintiffs' unsupported assumption that GIS files are inherently relevant.

Sincerely,

Brian A. Hill

Enclosures

cc:   Robert J. Tolchin, Esq., David I. Schoen, Esq., Kent Yalowitz, Esq., Phil Horton Esq.

Miller & Chevalier Chartered

1351930.1