# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 2, 2013

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
      Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

At the conference on September 30, 2013, in which the Court denied defendants' second request to withhold, on grounds of privilege, documents in the possession of the Palestinian Authority's ("PA") General Intelligence Service ("GIS"), the Court allowed defendants to file a letter yesterday with respect to their eleventh-hour claim that they should be allowed to withhold GIS documents on the ground of lack of relevance. Defendants' October 1, 2013 letter, however, goes well beyond the issue of relevance, arguing in addition that the Court should issue some kind of protective order, apparently allowing them to produce nothing more than the very heavily redacted documents that they have already produced. For the reasons summarized below, this Court should order the immediate production of the unredacted GIS documents.

### A.   There Is No Basis For Withholding The Documents Based On Relevance

Defendants first assert that the documents are not relevant because they allegedly had no "advance knowledge or information" regarding the attacks. As explained in the letter that we submitted to the Court yesterday, this is not the sole issue; plaintiffs have asserted a number of legal claims, including claims that defendants provided material support to terrorists in violation of the federal Anti-Terrorism Act ("ATA") and that they are also liable based on respondeat superior and negligence theories. Those claims do not require any showing that defendants actually planned the attacks or knew about them in advance. Thus, plaintiffs' requests for the GIS documents are clearly calculated to lead to the discovery of admissible evidence on those claims. In any event, it is not for defendants to decide, unilaterally, whether documents in their files will or will not advance plaintiffs' case.

Defendants cite *Ortiz v. City of New York*, No. 04 Civ. 1285 (JSR)(RLE), 2006 WL 1643228 (S.D.N.Y. June 9, 2006), in support of their "no advance knowledge" argument. The facts and legal issues in *Ortiz*, however, have nothing to do with this case. Moreover, in *Ortiz*,

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 2, 2013
Page 2

this Court based its decision on the fact that any relevant information had already been disclosed by the defendant in a redacted document, so there was no need for further discovery. *Id.* at *1. Here, by contrast, as set forth in the Declaration of Arieh Dan Spitzen, defendants have redacted virtually all of the substance of the GIS documents, so plaintiffs have no other way to learn this information.

Defendants also point to an order in the *Gilmore* case, in which the court declined to order the production of 25 pages of GIS documents on the ground that they did not show "advance knowledge" of the single attack at issue in that case. Even if "advance knowledge" was the only issue in *Gilmore*, it is definitely not the only issue in this case. In any event, *Gilmore* involved a different set of documents. Thus, *Gilmore* provides no basis for withholding the GIS documents at issue here on the ground of relevance.

Also, to the contrary, the *Gilmore* order shows why this Court correctly ruled that defendants never made a sufficient showing to establish any of the privileges that they claim. In *Gilmore*, the court relied on a declaration by a GIS official named Khaled Abu Al-Yaman submitted by defendants that, according to that court, provided a specific factual basis for their claims of privilege. Defendants never submitted any such declaration here, choosing instead to rely on vague and non-specific claims of harm that do little more than recite the legal standards for the privileges that they assert.[1] Having chosen to leave this Court in the dark, they are in no position to complain that it found their claims lacked support.

Defendants also argue that the GIS documents are inadmissible hearsay and thus should not be discoverable. Even if some or all those documents are inadmissible—a claim for which defendants offer no factual support—this argument fails. As explained in the letter that we submitted yesterday, it is black letter law that inadmissible information may be discovered; the standard is whether the discovery request is reasonably calculated to lead to the discovery of admissible evidence. Moreover, out-of-court statements may well be admissible, depending on what they are offered to prove. To give just one example, plaintiffs have alleged that the PA detained, but then released, some of the perpetrators in this case who then committed terrorist attacks. Materials in the GIS files indicating that these perpetrators had been involved in terrorist acts could be admitted to show that the PA was on notice that they might commit additional acts of terrorism if released.[2]

---

[1] The declaration of Majed Faraj, which defendants submitted in this case, contains virtually no factual information in support of their claims of privilege. Defendants initially submitted a virtually identical declaration from Mr. Faraj in *Gilmore* (which the *Gilmore* order does *not* cite) but, apparently realizing that it was inadequate, defendants supplemented it—before the *Gilmore* court issued its decision—with the declaration of Mr. Al-Yaman. For whatever reason, defendants did not do the same here, so it should not surprise them that this Court found that they had not adequately supported their claims.

[2] The cases cited by defendants on the admissibility issue, *Estate of Parsons v. PA*, 715 F. Supp. 2d 27 (D.D.C. 2010), *aff'd*, 651 F.3d 118 (D.C. Cir. 2011) and *U.S. v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), are irrelevant.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 2, 2013
Page 3

### B. There Is No Basis For A New Protective Order

The second half of defendants' letter has nothing to do with relevance. Instead, defendants argue—for the first time—that, even if the GIS documents are not privileged, the Court should enter some kind of protective order (terms of which they do not specify) restricting discovery of them because they contain "sensitive material." This claim—which is simply one more attempt to relitigate their claims of privilege—is without merit for several reasons.

First, if defendants were serious about protecting this allegedly sensitive material, they would have complied months ago with their obligation to provide an adequate privilege log and/or supporting declarations that would have provided this Court with some basis to assess their claims of privilege. Defendants' request for a protective order thus seeks the same relief that the Court has already rejected twice. Defendants are not only making this request for the third time—they are doing so without, once again, providing any additional facts other than vague claims that the documents are sensitive because they might reveal such things as the "occupations" of third parties.

Second, although defendants cite Fed. R. Civ. P. 26(b)(2)(C)(iii) for the proposition that a court may restrict discovery that is too burdensome, they fail to mention that two factors the courts must consider under that rule are "the importance of the issues at stake in the action" and "the amount in controversy." Under the ATA, courts have required discovery of allegedly sensitive materials because of the paramount importance of providing justice to the victims of terrorism. For example, in *Strauss v. Credit Lyonnais*, S.A., 249 F.R.D. 429, 446 (E.D.N.Y. 2008), the court required discovery of allegedly sensitive materials, stating that failure to do so "would undermine the irrefutably vital interest of the United States in ensuring that plaintiffs who are the victims of terrorist acts receive the discovery they seek in prosecuting their cases." Similarly, in *Wultz v. Bank of China*, No. 11 Civ. 1266 (SAS), 2013 WL 1832186, at *1 (S.D.N.Y May 1, 2013), the court allowed such discovery because "the U.S. interest in deterring terrorist attacks and seeing justice done would strongly outweigh even this Court's respect for the Chinese government's interest in preserving the confidentiality of its state secrets."[3] Thus,

---

Each of those cases decided—in the context of either summary judgment or trial—that the documents at issue were not admissible. Neither case addressed the question of whether the documents were *discoverable*, which is the only issue here.

[3] None of the cases cited by defendants on protective orders involve terrorism cases, and all of them involve very different factual situations. Indeed, one of defendants' cases, *Jones v. Goord*, No. 95 Civ. 8026 (GEL), 2002 WL 1007614, at *13 (S.D.N.Y. May 16, 2002), shows why discovery is appropriate here. As that decision stated: "Parties to important public litigation or even private disputes sometimes have to bear significant costs in the discovery process, in order to assure fair and informed decision-making by courts. The 'burden or expense of the proposed discovery,' even when substantial, does not forbid disclosure. Rather, the rule asks whether that burden and expense 'outweighs its likely benefits.' Fed. R. Civ. P. 26(b)(2)(iii)." For the reasons described in the *Strauss* and *Wultz* decisions, the benefits of disclosure in a case by the victims of terrorism outweigh the alleged—and unsupported—security concerns of defendants.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 2, 2013
Page 4

given the importance of the issues at stake here, as well as the very serious damages that the plaintiffs have suffered, there is no basis under Rule 26(b)(2)(C)(iii) for allowing defendants to withhold the GIS documents—much less to allow them to challenge yet again this Court's prior decisions that the GIS documents must be produced.

    Finally, there is already a protective order in this case, and defendants will undoubtedly designate the GIS documents as "confidential" under that order. Such a designation will give them very substantial protection, so there is no need for this Court to revisit its decisions.

    For the foregoing reasons, and for the reasons set forth in the letter that plaintiffs filed yesterday, defendants should be required to produce all responsive GIS documents immediately, including any documents that are not listed on their privilege log.

                                         Respectfully yours,

THE BERKMAN LAW OFFICE, LLC        ARNOLD & PORTER LLP

By: _____               By: Kent A. Yalowitz /ctr
Robert J. Tolchin                                   Kent A. Yalowitz

cc: All ECF Counsel