# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                         Fax: (718) 855-4696

October 10, 2013

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Sokolow, et al. v. Palestine Liberation Org., et al.*
           04-CV-397(GBD)(rle)

Dear Magistrate Judge Ellis,

    I write in response to the letter dated October 4, 2013 from Brian Hill, counsel for the defendants in the Sokolow case, and pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A, to request a pre-motion conference concerning whether the Court should sanction defense counsel pursuant to Fed. R. Civ. P. 37(b)(2)(A) for abusing the Protective Order currently in place in this case [DE 219] (i) by purporting to designate entire documents as confidential, rather than the portion of such documents that actually contain confidential material and (ii) designating as confidential documents which on their face do not contain any confidential material.

    *First*, plaintiffs request that the Court deny defendants' letter as a threshold matter for failure to meet and confer as required by Fed. R. Civ. P. 26(c). The Declaration of Robert J. Tolchin (the "Tolchin Declaration") to which defendants refer was filed in *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) (D.D.C.) on Tuesday, October 1, 2013. Yet, it was not until Friday, October 4, 2013 (three days later) that defense counsel demanded that the Gilmore plaintiffs withdraw portions of the Tolchin Declaration. That same day, before counsel for the *Gilmore* plaintiffs had an opportunity to respond to defense counsel's demand, defense counsel served his letter on the Court. Defense counsel did not even attempt to conduct a meet and confer on the matter. Clearly the matter was not so urgent to defendants that they could not conduct a meet and confer, as they themselves waited three days to even raise the matter with counsel. Thus, defense counsel's request should be denied outright with costs awarded to plaintiffs.

    *Second*, the Tolchin Declaration filed in *Gilmore* does not violate the Protective Order in this case which prohibits the use or disclosure of "confidential Discovery Material," except in connection with the *Sokolow* case. DE 219 at ¶¶ 2(f); 4. In my declaration filed in *Gilmore*, I did not submit the documents at

THE BERKMAN LAW OFFICE, LLC

October 10, 2013
Page 2 of 3

issue to the Court and was extremely careful to describe them in the most general terms without disclosing any even arguably confidential information. Further, my declaration made clear that due to the Protective Order in *Sokolow*, the documents could not be submitted to the Court in *Gilmore*.

For these reasons, *Blum v. Schlegel*, 108 F.3d 1369 (2d Cir. 1997), an unpublished opinion cited by defendants, is distinguishable. In *Blum*, the plaintiff, having obtained documents subject to a protective order, himself proceeded to publicly disclose the contents of such documents to advance his theory of the case. Here, plaintiffs' attorney (not the plaintiffs themselves) who also represents, and has a duty to, the *Gilmore* plaintiffs in a lawsuit against these same defendants disclosed <u>the existence</u> of purportedly confidential documents to the Court in *Gilmore*, but did not file such documents with the Court or divulge any even arguably confidential information to the Court.

In this regard, even if the Tolchin Declaration filed in *Gilmore* could somehow be viewed as a violation of the Protective Order, sanctions would not be warranted since defendants have not suffered any harm. *EarthCam, Inc. v. OxBlue Corp.*, 2013 WL 1693959 at *4, n. 4 (N.D. Ga. 2013) ("Defendants also seek sanctions because Gallagher's report, as originally filed, contained confidential information protected by the Court's December 16, 2011, Confidentiality and Protective Order. On December 3, 2012, Gallagher's report was removed from the public docket and replaced with a redacted version. Absent a showing of harm to Defendants based on the short period of public availability of Gallagher's unredacted report, the Court finds that sanctions are not appropriate.").

*Third*, defendants have abused the Protective Order by designating entire pages confidential rather than limiting their confidentiality designations to those portions of the documents that are actually confidential. The Protective Order in place in this case permits confidentiality designations as follows:

- *Only those portions of any Discovery Material* that: (i) contain or are derived from trade secrets or other proprietary, commercial or previously non-disclosed financial information; or (ii) contain or are derived from personal private medical (including mental health) information; or (iii) contain or relate to the address of the plaintiffs; or (iv) contain or relate to personal private financial or employment information, *may be designated by the disclosing/producing party or non-party as "Confidential."* DE 219 at ¶ 2 (emphasis added).

- Only those portions of such documents and materials containing or reflecting Confidential Discovery Material shall be considered "Confidential" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential shall be filed under seal. DE 219 at ¶ 3(d)(ii) (emphasis added).

Instead of complying with these clear provisions, defendants produced many pages of documents in this case with a "confidential" stamp at the bottom of the page and no indication as to which text within

THE BERKMAN LAW OFFICE, LLC                                          October 10, 2013
Page 3 of 3

the page defendants considered to be "confidential." Therefore, as it relates to the specific pages at issue, there is nothing more than free-floating "confidential" markings which do not correspond to any text on the page. Since it is defendants' burden under the Protective Order and the Federal Rules to establish "good cause" for any confidentiality designation and plaintiffs are not required to guess at what information defendants might view as confidential, there are effectively no confidentiality designations on these documents pursuant to the Protective Order. DE 219 at ¶ 14; Fed. R. Civ. P. 26(c). Further in this regard, plaintiffs note that none of the information on the pages at issue qualifies for confidentiality protection because either it is not within the scope of DE 219 at ¶ 2 or it is available from other non-confidential sources.

Such massive and indiscriminate confidentiality designations do not satisfy the good faith requirement of the Protective Order [DE 219 at ¶ 2(c)] and constitute grounds for sanctions. *See e.g. Humphreys v. Regents of Univ. of Cal.*, No. C-04-03808 SI (EDL), 2006 WL 3020902, at *2-3 (N.D. Cal. Oct. 23, 2006) (sanctioning party for producing 18,162 pages of emails as confidential rather than reviewing them to see which contained confidential information); *In re ULLICO Inc. Litig.*, 237 F.R.D. 314, 318-19 (D.D.C. 2006) (ordering defendant to re-designate over-designated documents and pay attorneys' fees for work challenging the designations); *THK Am., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (finding that document production where 79 percent of produced documents were designated "Attorneys Eyes Only" was "absurdly high" and granting sanctions for over-designation).

Accordingly, plaintiffs respectfully request that the Court grant the relief requested herein and deny the relief requested by defendants.

Respectfully yours,

Robert J. Tolchin

cc.   Brian Hill, Esq. (by email)