UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| MARK SOKOLOW, *et al.*, | Docket no: |
| Plaintiffs, | 04 cv 397 (GBD) (rle) |
| -against- | |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | |
| Defendants, | |

------------------------------------------------------------------------ X

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON PARTY GILMORE PLAINTIFFS TO INTERVENE IN THE SOKOLOW CASE

### Introduction

The above captioned case ("*Sokolow*" or the "Sokolow Case") is one of several civil lawsuits currently pending against the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") for damages under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333(a). Another such case is *Gilmore et al. v. Palestinian Interim Self-Government Authority et al.*, Civ. No. 01-0853 (GK) (D.D.C.) (the "*Gilmore*" or the "Gilmore Case"). Robert J. Tolchin is one of the attorneys of record for both the *Gilmore* and the *Sokolow* plaintiffs. For the reasons discussed herein, the *Gilmore* Plaintiffs seek leave to intervene in the *Sokolow* Case pursuant to Fed. R. Civ. P. 24 for the limited purpose of requesting modification or removal of defendants' confidentiality designations on certain documents produced in *Sokolow* which are relevant to the *Gilmore* Case. Pursuant to Fed. R. Civ. P. 24(c), the *Gilmore* plaintiffs attach as **Exhibit A** hereto their Proposed Motion to Modify or Remove the PA's Confidentiality Designations in the *Sokolow* Case. The

1

Proposed Motion is being filed under seal pursuant to Paragraph 3(d) of the *Sokolow* Protective Order, DE 219.

## FACTS

<u>The Gilmore Lawsuit</u>

Decedent Esh Kodesh Gilmore was murdered on October 30, 2000 in a terrorist attack in Jerusalem. On April 18, 2001, Esh Kodesh Gilmore's widow, infant daughter, parents, siblings and estate commenced the Gilmore Case against defendants', the PA and PLO, in the District Court for the District of Columbia asserting a civil cause of action for "international terrorism" pursuant to the ATA.

The parties in *Gilmore* are currently in the midst of summary judgment briefing with defendants having filed a summary judgment motion on August 9, 2012, plaintiffs having filed their opposition on October 1, 2013, as ordered by the Court, and defendants' reply being due on October 25, 2013. The central issue in those pleadings is defendants' contention that plaintiffs lack admissible evidence that the shooting attack in which Esh Kodesh Gilmore was murdered was carried out by Muhanad Abu Halawa, an employee of the defendants' Presidential Security/Force 17 unit.

As detailed in plaintiffs' filed Opposition Brief in *Gilmore* [DE 336-1 in *Gilmore*], one of the pieces of admissible evidence on the identity of Muhanad Abu Halawa as the shooter is the account of Israeli journalist – Avi Issacharoff's – interview with PA intelligence officer, Abdel Karim Aweis, in which Aweis informed Issacharoff that Abu Halawa had telephoned him after the murder to help decide in what name to take "credit" for the attack (which account appears in Issacharoff's book <u>The Seventh War</u>). In the *Gilmore* opposition papers, the *Gilmore* plaintiffs argued, *inter alia*, that the Aweis statements to Issacharoff constitute a party admission under

2

F.R.E. 801(D)(2)(d), because, Aweis was an employee of the PA and was receiving a salary from the PA at the time he was interviewed by Issacharoff.

The Evidence Concerning Abdel Karim Aweis' Status as a PA Employee

During the course of his December 7, 2011 deposition in *Gilmore*, Abdel Karim Aweis testified that subsequent to initiating and planning the March 21, 2002 bombing in which *Sokolow* plaintiffs Dr. Alan Bauer and his minor son were maimed, he has not been promoted by the PA, and remained a captain in the PA's intelligence services. *See* Tr. 21:8-15, **Exhibit A** to the Proposed Motion to Modify or Remove the PA's Confidentiality Designations ("Q. *BY MR. TOLCHIN: So captain is the highest rank that you achieved before you were incarcerated? A. Yes. Q. And after you were arrested, did you get promoted any further? A. No. Q. Are you still a captain? A. Yes. Captain.*").

In fact, however, documents produced by the PA in *Sokolow* between December 27, 2012 and March 20, 2013 clearly contradict this testimony as detailed in the Proposed Motion to Modify or Remove the PA's Confidentiality Designations. See **Exhibits B and C** thereto. These documents have been improperly designated "confidential" by the PA pursuant to the *Sokolow* PO.

Similarly, in their August 2012 summary judgment motion in *Gilmore*, defendants misleadingly claimed that "*From 1998 until 2002, Aweis was employed by the Palestinian Authority's General Intelligence security apparatus.*" DE 285 in *Gilmore* at 14. This too is contradicted by the aforementioned documents.

Defendants have not corrected Aweis' false deposition testimony in *Gilmore* or amended their summary judgment papers in *Gilmore* to correct the inaccurate claim that Aweis' PA employment ended in 2002.

The Sokolow Confidentiality Designations

The Sokolow PO authorizes either party to designate as "confidential" very limited categories of material produced in discovery, as follows:

> *Only those portions of any Discovery Material* that: (i) contain or are derived from trade secrets or other proprietary, commercial or previously nondisclosed financial information; or (ii) contain or are derived from personal private medical (including mental health) information; or (iii) contain or relate to the address of the plaintiffs; or (iv) contain or relate to personal private financial or employment information.

Sokolow PO at ¶ 2 (emphasis added). Thus, the Sokolow PO permits the designation only of confidential "portions" of documents and does not allow the wholesale designation of documents in their entirety. This is further emphasized in Paragraph 3(d)(ii) of the Sokolow PO, which discusses the procedure for filing confidential material under seal:

> *Only those portions of such documents and materials containing or reflecting Confidential Discovery Material shall be considered "Confidential"* and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential shall be filed under seal.

Sokolow PO at ¶ 3(d)(ii) (emphasis added). Moreover, information available to the other party from a non-confidential source does not qualify for confidentiality protection under the Sokolow PO. Sokolow PO at ¶ 6.

As discussed in the Proposed Motion to Modify or Remove the PA's Confidentiality Designations (Exhibit A hereto), the specified documents produced by defendants in *Sokolow* do not contain any Confidential Discovery Material as that term is defined in the Sokolow PO and

4

were improperly marked "confidential." Moreover, even if the documents did contain some "confidential" material, the defendants were required to limit their confidentiality designations to those portions of the documents containing the purportedly confidential material. Yet, in violation of the Sokolow PO, defendants designated the entirety of the documents confidential.

By email dated September 9, 2013, Plaintiffs' counsel Robert Tolchin, requested the defendants to remove the confidentiality designations from, *inter alia*, Bates 02:009046 and 02:009501-9502, but defense counsel maintained that the documents had been properly designated confidential in *Sokolow*.

## ARGUMENT

In the Second Circuit, "[i]t is well-settled that intervention pursuant to Rule 24(b) is the proper procedure for a third party to seek to modify a protective order in a private suit." *The Diversified Group v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (citations omitted); *Havens v. Met. Life Ins. Co.* (*In re Akron Beacon Journal*), 1995 WL 234710, *4-5 (S.D.N.Y. April 20, 1995) (collecting cases) (Collecting cases from a number of circuits approving use of Rule 24(a) and (b) as proper method for non-party seeking to modify a protective order); *See also Baystate Technologies, Inc. v. Bowers*, 283 Fed.Appx. 808 (Fed. Cir. 2008) (intervention is proper way to challenge confidentiality in another case); *Salomon Smith Barney, Inc. v. HBO & Co.*, 2001 WL 225040, *1-2 (S.D.N.Y. March 7, 2001) (noting that non-party challenged confidentiality designations in another case via motion to intervene); *Phillips v. Goodyear Tire & Rubber Co.*, 2008 WL 755901 at *1 (S.D.Cal. March 18, 2008) (same).

Factors to be considered by the Court in deciding a Rule 24 motion to intervene include undue delay or prejudice to the underlying parties and the nature and extent of the proposed intervenor's interest. *Diversified Group*, 217 F.R.D. at 157-158. There is no risk of undue delay

5

here, as the *Gilmore* plaintiffs request for removal of confidentiality designations should have no affect on the *Sokolow* schedule or the way in which that case proceeds. There is also no prejudice to the *Sokolow* defendants – the PA and the PLO – who are the same as the defendants in *Gilmore*.

In addition, the *Gilmore* plaintiffs have a strong interest in the materials referenced above. The admissibility of Abdel Karim Aweis' statements to Israeli journalist Avi Issacharoff concerning Muhamad Abu Halawa's involvement in the *Gilmore* murder is a central issue in defendants' pending summary judgment motion in *Gilmore*. Since the only information in the record on this issue in the Gilmore case – Abdel Karim Aweis' false deposition testimony and defendants' misleading statements in their summary judgment motion – is contradicted by these PA documents, the *Gilmore* plaintiffs would obviously want to use the PA's own documents produced in *Sokolow* for impeachment purposes in *Gilmore*.

Indeed, Courts have generally found a non-party's need to use "confidential" material for impeachment purposes in its own case to be sufficient justification to lift the confidentiality protections on the discovery material at issue. *See, e.g.*, *Phillips v. Goodyear Tire & Rubber Co.*, 2008 WL 755901, *1 (S.D. Ca. March 18, 2008) ("[I]f the Court were to continue to protect Cox's alleged opinion, it would create a potential for subornation of inconsistent testimony by Cox, which could not be illuminated by potentially impeaching evidence from his June 2003 deposition. That possibility of mischief is not in the interest of justice in a court of law and does not commend protecting the information."); *Lumenis Ltd. v. Alma Lasers Ltd.*, 2013 WL 1707571 at *2 (N.D.Ill. April 19, 2013) ("Lumenis' asserted need for the modification stems from Bayer's July 2012 affidavit in which he provided a statement, which Lumenis contends contradicts his earlier deposition."); *Omaha Indem. Co. v. Royal American Managers, Inc.*, 140 F.R.D. 398, 400 (W.D.Mo. 1991) ("Justice is not served if the protective order prevents access to sworn testimony

6

that could be used fairly to impeach a witness at trial."); *In re Grand Jury Subpoena*, 836 F.2d 1468, 1475 (4th Cir. 1988) ("[E]vidence of perjury would certainly be cause for modifying a protective order.").

Moreover, pursuant to Rule 26(c), the party seeking protection has the burden to show good cause why the protection is warranted. Fed. R. Civ. P. 26(c)(1). Likewise, after a protective order is entered, there must be good cause to maintain the order. *See, e.g., Shingara v. Skiles*, 420 F.3d 301, 306 (3rd Cir. 2005); *Phillips*, 2008 WL 755901 at *1; *In re Akron* 1995 WL 234710 at *3 and *10. Broad allegations of harm are not sufficient to establish good cause. *Shingara* at 306; *In re Akron* at *10. As discussed in detail in the Proposed Motion to Modify or Remove the PA's Confidentiality Designations in the *Sokolow* Case, defendants cannot establish good cause for maintaining such protection.

WHEREFORE, the instant motion be granted.

7

Dated: Brooklyn, New York
October 10, 2013

                                       Respectfully submitted,

                                       THE BERKMAN LAW OFFICE, LLC
                                       *Attorneys for the Gilmore Plaintiffs*

                             by: _____
                                       Robert J. Tolchin,

                                       111 Livingston Street, Suite 1928
                                       Brooklyn, New York 11201
                                       718-855-3627