

MILLER
CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

October 11, 2013

<u>VIA ECF</u>
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

On behalf of Defendants, I am writing in response to Plaintiffs' letter dated October 10, 2013, which responds to my letter dated October 4, 2013.

Plaintiffs initially argue that Defendants' application should be denied "for failure to meet and confer as required by Fed. R. Civ. P. 26(c)." Rule 26(c), however, has no application here. Defendants are not seeking a protective order under Rule 26(c). They obtained such an order on March 21, 2012 (DE 219), following numerous conferences with Plaintiffs, and, ultimately, the Court. *See* Nov. 17, 2011 Tr. at 46-51. Defendants are now seeking sanctions under Rules 16(f) and 37(b)(2)(A)(ii) for Plaintiffs' violation of the Protective Order. Neither of those Rules requires a pre-application conference between counsel before seeking relief from the Court. Accordingly, Defendants' October 4 application should not be denied for failure to confer with Plaintiffs. Indeed, even though defense counsel emailed Mr. Tolchin and his co-counsel of record in the *Gilmore* matter on October 4 and demanded that they remove the paragraphs from Mr. Tolchin's declaration that were filed in violation of this Court's Protective Order, *see* Ex. 1, as of the date of this letter, Mr. Tolchin and his co-counsel still have not removed the paragraphs of Mr. Tolchin's declaration that violate this Court's Protective Order, or the reference to that material contained in Paragraph 89 of the declaration of Alon Eviatar, from the public file in the *Gilmore* matter. *See* DE 329-1 at 1-2 & DE 329-2 at 29 in *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) (D.D.C.). In fact, the *Gilmore* Plaintiffs, who only know of the confidential information at issue because of Mr. Tolchin's violation of Paragraph 4 of the Protective Order, have now again violated the Protective Order by filing via ECF in this Court a document which again discloses the confidential information at issue. *See* DE 356 at 3.

Plaintiffs next argue that that the Tolchin Declaration "does not violate the Protective order in this case" because Mr. Tolchin was assertedly "extremely careful to describe [documents designated as confidential in this matter] in the most general terms without disclosing any even arguably confidential information." Plaintiffs are incorrect. As we demonstrated in our letter dated October 4, the pertinent paragraphs of the Protective Order state that "[a] document or information constituting Confidential Discovery Material may be designated 'Confidential' within the meaning of this Order by placing the legend 'Confidential' on each page of any such Discovery Material," and ""[t]he protections conferred

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com

1353182.1



by this Order cover not only Confidential Discovery Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof." DE 219 ¶ 2(b), 3(a). Because Mr. Tolchin's declaration contains, by its own description, "information copied or extracted" from pages of documents which were designated "confidential" by the Defendants in this case, the filing of that declaration in the *Gilmore* action facially violates the terms of the Protective Order in this case. *See id.* ¶¶ 2(b), 4.

Plaintiffs next argue that *Blum v. Schlegel*, 1997 U.S. App. LEXIS 5442, No. 96-7705, at *2-5 (2d Cir. Mar. 21, 1997) "is distinguishable" because there "the plaintiff, having obtained documents subject to a protective order, himself proceeded to publicly disclose the contents of such documents to advance his theory of the case." This situation is actually even more egregious than that in *Blum* because here Plaintiffs' counsel not only "publicly disclose[d] the contents of such documents," he did so to "advance his theory of the case" in another lawsuit. Doing so violated not only the Protective Order's prohibition on publicly filing confidential information, *see* DE 219 ¶ 3(d)(i), but also the express terms of Paragraph 4 which demand that "Confidential Discovery Material shall not be used by any person, other than the producing party or non-party, for any purpose other than prosecuting, defending, settling, appealing or enforcing any judgment in the above-captioned action," *id.* ¶ 4. In any event, Defendants are not requesting the ultimate sanction that was affirmed by the Second Circuit in *Blum*, *i.e.*, dismissal with prejudice of Plaintiffs' complaint, but are rather requesting the lesser sanction expressly authorized by Rule 16(f)(1) and 37(b)(2)(A)(ii) of precluding Plaintiffs from using any information or documents produced by Defendants in this case to supply evidence on a motion, at a hearing, or at a trial in this matter. *See* Fed. R. Civ. P. 16(f)(1)(C) (authorizing sanctions under Rule 37(b)(2)(A)(ii)-(vii) for failure to obey a pretrial order); 37(b)(2)(A)(ii) (authorizing sanction of "prohibiting the disobedient party from . . . introducing designated matters into evidence").

Plaintiffs next argue that this case is like *EarthCam, Inc. v. OxBlue Corp.*, 2013 U.S. Dist. LEXIS 55215, No. 1:11-cv-2278-WSD, at *12 n.4 (N.D. Ga. Apr. 17, 2013), but that case is not on point because, as Plaintiffs' own parenthetical notes, there the report "which contained confidential information . . . was removed from the public docket and replaced with a redacted version." Here the Plaintiffs have not even taken that step, which is why Defendants have requested that the Court enter an order, *inter alia*, requiring Plaintiffs and their counsel to withdraw the confidential information from the record in the *Gilmore* action forthwith. Defendants have clearly been prejudiced not only by the repeated and ongoing public disclosure of the information contained in Messrs. Tolchin's and Eviatar's declarations and the Gilmores' brief in this case, but also by the fact that they have not received the "benefit of the bargain" inherent in the Protective Order itself. As the Court noted at the November 17, 2011 hearing, the Protective Order was designed to allow Defendants to produce confidential information without requiring the Court and parties to "hash out relevance issues." Nov. 17, 2011 Tr. at 69. Plaintiffs' flouting of that "bargain" now justifies withdrawing from them the "benefit" of use of the confidential information produced by Defendants. *See* Fed. R. Civ. P. 16(f)(1)(C); 37(b)(2)(A)(ii).

Plaintiffs next claim that "defendants have abused the Protective Order by designating entire pages confidential." Plaintiffs are incorrect. The Protective Order expressly provides that "[a] document or information constituting Confidential Discovery Material may be designated 'Confidential' within the meaning of this Order by placing the legend 'Confidential' on each page of any



Hon. Ronald L. Ellis
October 11, 2013
Page 3

such Discovery Material." DE 219 ¶ 3(a). Defendants have made the designations at issue in compliance with paragraph 3(a). Defendants also complied with Paragraph 3(d)(ii) by "placing the legend 'Confidential'" only on those pages "of documents and materials containing or reflecting Confidential Discovery Material." *Id.* ¶¶ 3(a), 3(d)(ii). Plaintiffs complain that "defendants produced many pages of documents in this case with a 'confidential' stamp at the bottom and no indication as to which text within the page defendants considered to be 'confidential,'" but no provision of the Protective Order required Defendants to do more than they did in making the productions at issue.

Plaintiffs also cite Paragraph 14 of the Protective Order and argue that "there are effectively no confidentiality designations on these documents pursuant to the Protective Order," but Paragraph 14 provides no support for that assertion. Paragraph 14 sets out a procedure for resolving "Objections to Designations" and provides, in pertinent part:

> In the event a party objects to the designation of any material under this Order by another party . . . the objecting party shall first consult with the disclosing/producing party . . . to attempt to resolve the differences. If no accord is reached as to the proper designation of the material, the objecting party shall, on notice to the other party . . . apply to the Court for a ruling that the material shall not be so treated. If such application or motion is made, the producing party . . . will have the burden to establish that the designation is proper. If no such motion is made within 10 days of the objection to the designation, the material will remain as designated.

DE 219 ¶ 14. Although Mr. Tolchin objected to the confidentiality designations at issue on September 9, 2013, *see* 10/4/2013 Ltr. Ex. 2 at 2-3; DE 356 at 5, Plaintiffs never made an application or motion to the Court within the 10 day period allotted by Paragraph 14. Accordingly, under the terms of that paragraph "the material will remain as designated." Plaintiffs also "note that none of the information on the pages at issue qualifies for confidentiality protection because either it is not within the scope of DE 219 at ¶ 2 or it is available from other non-confidential sources." Plaintiffs are incorrect. Each of the "the pages at issue" "contain[s] or relate[s] to personal private financial or employment information," and have been properly designated as "confidential." *See* DE 219 ¶ 2(a)(iv).

Accordingly, the Court should enter an Order (1) requiring Plaintiffs and their counsel to withdraw the confidential information at issue from the *Gilmore* action and the public file in this case forthwith, (2) precluding Plaintiffs from using any information or documents produced by Defendants in this case to supply evidence in this matter, (3) awarding such other relief to Defendants as the Court believes to be just, and (4) denying all the relief requested by Plaintiffs' October 10, 2013 letter.

Sincerely,

Brian A. Hill

Enclosure

cc:     Plaintiffs' Counsel of Record

Miller & Chevalier Chartered