```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------------X
                                            :
 4   SOKOLOW, et al,                        : 04-CV-397 (GBD)
                                            :
 5                    Plaintiffs,           : September 30, 2013
                                            :
 6               v.                         : 500 Pearl Street
                                            : New York, New York
 7   PALESTINE LIBERATION ORGANIZATION, et al, :
                                            :
 8                    Defendants.           :
     ----------------------------------------X
 9

10        TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY DISPUTES
              BEFORE THE HONORABLE RONALD L. ELLIS
11                UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:        ROBERT TOLCHIN, ESQ.
                                The Berkman Law Office, LLC
14                              111 Livingston Street
                                Brooklyn, New York  11201
15
                                KENT YALOWITZ, ESQ.
16                              PHILIP HORTON, ESQ.
                                Arnold & Porter
17                              555 12th Street NW
                                Washington, DC 20004
18

19   For the Defendant:         BRIAN A. HILL, ESQ.
                                MARK ROSHAN, ESQ.
20                              Miller & Chevalier, Chtd.
                                655 15th Street NW, #900
21                              Washington, D.C.  20005

22

23   Court Transcriber:         SHARI RIEMER
                                TypeWrite Word Processing Service
24                              211 N. Milton Road
                                Saratoga Springs, NY 12866
25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1          THE COURT: Good morning.  This is Judge Ellis.  Can

2   I have your appearances beginning with the plaintiffs?

3          MR. HORTON:  Yes.  This is Philip Horton from Arnold

4   & Porter.

5          MR. TOLCHIN:  And Robert Tolchin from the Berkman

6   Law Office.

7          MR. HILL:  And Brian Hill and Mark Roshan for the

8   defendants, Your Honor.  Good morning.

9          THE COURT: This is a conference in Sokolow v.

10  Palestine Liberation Organization, et al., 04-CV-397.  It is

11  Monday, September 30th at approximately eleven a.m.  This

12  conference is the result of an application from the defendants

13  to enter a protective order [inaudible] the Palestinian

14  Authority from making any further production of information

15  contained in the General Intelligence Services file.

16          As I understand the arguments raised by defendants,

17  they believe the application is appropriate and timely as a

18  follow up to my July 26th order which the defendants indicate

19  did not foreclose the submission of redacted information in

20  the form of a privilege log but allowed an in camera

21  submission of the redacted material.

22          Let me begin by saying that the July 26th order in

23  fact was a written confirmation of the court's ruling in the

24  June 17th conference and that the court because of the

25  difference in time between the July 26th order and the June 17th

3

1  conference indicated at the end of the order that the parties

2  time to object to the court's June 17th rulings would run from

3  the time of the order.

4          As an initial matter the question is how should the

5  court consider the application filed by the defendants at this

6  time in their August 13th letter.  First, with respect to

7  whether or not the submission is really a request for

8  reconsideration, I think it's fairly clear that as a request

9  for reconsideration it would be untimely and that there was

10  certainly ample time after the July 26th order and certainly

11  after the June 17th order for any issues concerning any

12  ambiguities in the court's opinion to be brought to the

13  court's attention.

14          More importantly, I don't find that the order, the

15  July 26th order is ambiguous.  While the defendants point out

16  that they -- the redactions were not at issue while my

17  recollection doesn't indicate that that's entirely true

18  because it does appear to me that we had discussed the

19  possibility of redactions but more importantly the allegation

20  that redactions were not at issue is not accurate because what

21  was at issue was whether or not the defendants would be

22  allowed to assert privilege based upon the documents in the

23  GIS file.  Obviously if there's no privilege we don't get to

24  reach the redaction issue and to the extent that the

25  defendants did not either at the conference or before the

4

1  conference or subsequent to the conference demonstrate the

2  applicability of the privilege then they were not entitled to

3  make any redaction to the information submitted to the

4  plaintiffs.

5          I find that regardless of how the application by

6  defendants is characterized the order on July 26th

7  characterized the situation justly.

8          It was plaintiff's application to the court to

9  compel production of documents listed on the defendant's March

10  19, 2013 privilege log.  With respect to that, the court's

11  unequivocal determination was that the plaintiff's application

12  is granted.  Since I don't see any uncertainty in terms of

13  what was ordered I don't see any merit to the application by

14  defendants and to the extent that the defendants have invited

15  me to look at the information which they say would be highly

16  sensitive [phone cuts out] they have -- in failing to [phone

17  cuts out] to bring this issue to a head earlier the court

18  does -- declines the effort to bootstrap the argument on

19  privilege by reviewing the documents.

20          The defendants certainly had opportunity and I --

21  frankly I'll admit to you I don't know what applications were

22  made to Judge Daniels in terms of my order and so I don't know

23  whether or not there was any request to stay but certainly

24  there was no request from me to stay.  The defendants are

25  directed to produce an unredacted copy of the document by the

5

1    end of business October 2nd.  Any questions?

2            MR. HILL: Your Honor, this is Brian Hill.  I believe

3    I understand your ruling.  I disagree with that decision but I

4    won't reargue it here.  May we have a stay pending whether or

5    not we take a Rule 72 appeal because I need to talk with my

6    colleagues about whether we wish to do that?

7            THE COURT: The answer is no.  If you can -- you can

8    talk to your colleagues, you can talk to your clients.  I

9    didn't require you to produce it by end of the day today

10   because it seems to me you could have done that.  The stay you

11   get is I gave you until the end of the day on October 2nd.  You

12   can make whatever decisions you make by then.

13           Anything else?

14           MR. HORTON: Your Honor, this is Phil Horton.  Just

15   one point of clarification.  In our letter to the court in

16   response to their most recent application we pointed out that

17   it appears that even the documents that they produced in

18   redacted form are not all of the files because they refer to

19   various documents which were not produced at all.  So I would

20   ask for clarification that all documents be produced, not just

21   those which they produced in redacted form.

22           THE COURT: Well, actually I didn't think that

23   required to be said.  It did seem to me that the application

24   that the plaintiffs had was to compel productions of documents

25   that were listed on the privilege log and -- are you saying

6

1   that some of the documents that are listed on the March 2013

2   privilege log were not produced?

3          MR. HORTON: Here's the problem, Your Honor.  The

4   March 19 log by and large did not list individual documents.

5   It simply referred to files and then that was -- and then the

6   more recent privilege log which they produced following your

7   July 26th order was longer and listed a number of individual

8   documents.  But we submitted a declaration from Mr. Spitzen, a

9   former Kernel and Israeli defense forces who's used to dealing

10  with these documents who went through had them translated, the

11  redacted copies, and said even the ones which they now produce

12  refer to yet additional documents which are nowhere to be

13  seen.  They're not listed on the log.  They were not produced.

14  So the original log is simply files.  As long as the -- as

15  long as your order goes to all of the responsive documents in

16  the hands of the GIS I think that will be sufficient.

17         THE COURT: Well, let me put it to you this way.  It

18  seems -- again, I'm not sure that it's necessary to state what

19  ought to be obvious, and as you stated all responsive

20  documents should have been produced except to the extent that

21  there was a claim of privilege.  So I thought that we were

22  only talking about documents that alleged privilege.  But to

23  the extent that they are responsive to your request for

24  production they are required to be produced and if there's any

25  question about that I now declare that the order covers all

7

1   responsive documents in those files whether or not there are

2   claims to be privileged.

3         MR. HORTON: Thank you, Your Honor.  That's exactly

4   what I was looking for.

5         MR. HILL: Your Honor, this is Brian Hill.  May I

6   just have one point of clarification since I asked for it in

7   June and I apparently maybe had waited too long?  But when you

8   say responsive documents, do you mean the documents they've

9   asked for or do you mean documents that are relevant to the

10  case?  Because these document requests are for all files on

11  named persons most of which do not have anything to do with

12  this case.  They post-date the attacks at issue.  They have to

13  do with, for example, the subsequent events that have happened

14  with those individuals lives and they have nothing to do with

15  this case whatsoever.  So when you say responsive, do you mean

16  I must turn over the client's current intelligence files on

17  persons that are suspected of being involved in these attacks

18  that were compiled after the attacks that have nothing to do

19  with the attacks?

20        THE COURT: Okay.  Well, let me -- again, I don't

21  recall which issues were made -- were made by the parties.

22  But I don't recall us discussing the question of relevance.

23        MR. HILL: Your Honor, we haven't because it came up

24  in the context of privilege.  The qualified privileges require

25  the court to weigh the plaintiff's need for the documents

8

1  against the importance of the defendant's assertion of

2  privilege which is in this case is a Palestinian statute that

3  I think everyone agrees applies.  But Your Honor has not

4  reached the substance of the relevance question.  You've

5  instead ordered that they be produced without reaching that.

6  So I just -- I need some guidance from the court here.  We

7  have current intelligence of people that have nothing to do

8  with the case.

9           THE COURT:  My point about saying that we never

10  discussed relevance is that first of all, the rules only

11  require you to produce relevant documents.  So that's always a

12  part of any order.  But, again, no one has -- neither side has

13  put at issue the relevance of the documents and so I have not

14  ruled on that.  But any order I make under Rule 26 only

15  applies to relevant documents but --

16           MR. HILL:  I thank you for that clarification, Your

17  Honor.

18           THE COURT:  But I don't know what that covers in this

19  case.  So --

20           MR. HORTON:  Your Honor, this is Phil Horton.  I now

21  think we have a big problem because you've ordered -- we

22  requested certain documents and they objected on grounds of

23  privilege.  That argument has now been dismissed and it's been

24  dismissed twice.  They should now be ordered to produce all

25  documents that respond to our request and it's not up to

9

1    defendants to go through the responsive documents and say to

2    themselves well, I don't think this one is relevant so I'm not

3    going to produce it.

4            MR. HILL: Well, Your Honor --

5            MR. HORTON: The order was to produce responsive

6    documents.  If they thought the request were overly broad and

7    did not seek relevant documents they should have sought relief

8    from that months ago.  It's far too late in the game for them

9    now -- they're going to do exactly the same thing they did

10   before.  They're going to go through the documents and they're

11   going to pick and choose what they do and do not want to

12   produce based on their internal views as to what they think is

13   relevant.  It's not up to a producing party to decide whether

14   a document is relevant.  If it's responsive and it's now ruled

15   that they don't have the right to assert a privilege then they

16   have to produce a responsive document.  It's far too late in

17   the day to go back and say well, now let's argue about what's

18   relevant which they should have done months ago.

19           MR. HILL: Your Honor, we also lodged --

20           THE COURT: Counsel, first of all, I think as

21   plaintiff you overstate the issue, that is if you are correct

22   then -- if plaintiffs are correct that would mean that we

23   would throw relevance out the window.  As to the timeliness

24   issue of raising relevance that's different from saying that

25   you're required to produce all responsive documents.  That

10

1  could be an inordinate number of documents which is -- which

2  creates additional problems.

3          It is true that the issue was not keyed up for me to

4  decide on relevance and I appreciate the concern that the

5  plaintiffs have about how the defendants are going to handle

6  the issue but I'm not going to order that all documents

7  that -- I'm not exactly sure what are all the arguments that

8  the defendants made when the requests for production was made.

9  If the issue is whether or not the plaintiffs never raised any

10 relevance issues then demonstrate that to me and then we'll

11 talk about it but I under -- if I understand the plaintiff's

12 position it's that the defendants only claimed privilege and

13 did not say that the documents or any of the documents were

14 not relevant.  Is that what you're saying?

15         MR. HORTON: Yes.  Our position is that we sought

16 responsive documents.  They claim that they're not privileged

17 -- that they are privileged.  That has now been rejected twice

18 and it's too late in the day for them to go back and say well,

19 even though we're not -- we're now going to take the documents

20 which we had sought to withhold on grounds of privilege and

21 we'll produce some if we think we're relevant -- if we think

22 they're relevant but if we, the defendants, unilaterally think

23 they're not relevant they simply won't produce them.  So I

24 will have sought documents and I'm not going to get them just

25 because they think that they're not relevant.

11

1          THE COURT: I will say this.  I think it is

2    appropriate that if a party believes documents are not

3    relevant that they do make that known and that they don't make

4    their argument serially.  So to the extent that the defendants

5    did not claim that the documents were irrelevant if that's

6    your argument and that's demonstrated then I'll rule on it on

7    that basis but not strictly on the question of whether or not

8    they're responsive.  It's more of a waiver issue, that is you

9    can't -- you can't have three or four grounds for objecting

10   and bring them one at a time.

11          But if as it seems to be you're alleging the

12   plaintiffs have never asserted that any of the documents that

13   are in the GIS file were irrelevant then this may be the

14   result but I'm not sure that that's an established fact.

15          MR. YALOWITZ:  If I may, Your Honor.  This is Kent

16   Yalowitz.  I just -- I think that relevance is not really the

17   issue.  I thought the issue was reasonably calculated to lead

18   to the discovery of relevant evidence.  Maybe it's --

19   everybody is just using a shorthand but --

20          THE COURT: We know what we [inaudible] relevant

21   [inaudible].

22          MR. YALOWITZ: I'm sorry.

23          MR. HORTON: The reason we're relevant there is what

24   we sought are the files on a number of individuals who are the

25   perpetrators of the attacks in this case.  How can anything

12

1   that is in the files of the defendants regarding the

2   perpetrators who they say they're not responsible for their

3   actions but these are the perpetrators of the attacks in this

4   case.  A request to see the documents they have on the

5   perpetrators by definition has to be reasonably calculated to

6   lead to the discovery of admissible evidence.

7           THE COURT: Let me be clear.  Maybe I'm not being

8   clear.  If your argument is that these documents are

9   necessarily relevant I can have the parties argue that.  If

10  your argument is that the plaintiffs have never raised

11  relevance that's a different issue.  I thought you were saying

12  the latter, that is that they've never raised relevance, that

13  they were going on privilege and therefore they can't say

14  okay, we lost on privilege, now we'll talk about relevance.

15          But in most of these cases, and when I look at it we

16  get the blunderbuss, that is there are objections that are

17  based on privilege, there are objections based on relevance,

18  there are objections based on over breath, objections based on

19  burden.  I get 20 pages of preface before I even get to

20  anybody trying to answer.  But I agree with you, no party can

21  sort of hold their things in reserve and say well, okay, we'll

22  try one and if that doesn't work we'll try another.  But if

23  the defendants in this case did raise relevance I don't know

24  that that means that -- because the privilege has been shot

25  down that that means that the parties never focused on

1   relevance that therefore they've somehow waived it.

2          MR. HORTON: They raised relevance, Your Honor, I

3   believe only in the context of privilege.  One of the

4   privileges that they asserted was the so-called law

5   enforcement privilege which if one were to get to the merits

6   on it, and here they waive the right to do that because their

7   log was deficient, calls for a balancing test of a number of

8   factors and we believe that that balance would clearly be

9   struck in the interest of disclosure here, that the law

10  enforcement privilege would not apply.

11         So the only place they raised relevance was to say

12  if one were to go through the full analysis on privilege we

13  should be allowed to withhold them because they're not

14  relevant enough and that's a factor which weighs in our favor.

15  But the court never reached that because their log was

16  considered insufficient.  So by necessity they've lost the

17  right to raise that.

18         THE COURT: Again, I'm trying to make myself clear.

19  I hear what you're saying.  I've not reviewed it.  If in fact

20  what you've just alleged is true, that the only way they've

21  raised relevance was in the context of privilege then that's a

22  different issue than if they've never raised -- then if

23  they've raised relevance generally.  But I haven't been

24  reviewing all of these things in depth but if that's your

25  assertion, if it wins the day then we'll deal with it that

14

1   way.

2         Are the defendants conceding that they've not raised

3   relevance except in the context of privilege?

4         MR. HILL: No, Your Honor.  In fact, our objections

5   did object to each of these requests as being among other

6   things irrelevant and unlikely to lead to the discovery of

7   admissible or relevant information.  So that's been preserved

8   under Rule 34.

9         MR. HORTON: But that's not what they raised, Your

10  Honor, in response to our motion to compel.  We moved to

11  compel on grounds of privilege.  It was -- if they had

12  objections to producing the documents it's long past time for

13  them to bring that issue to the court and not to simply say

14  well, months and months ago we tossed the word relevance into

15  our response to Rule 34 so we have to start all over again.

16        THE COURT: I understand what the parties are saying

17  but let me back you up just a minute and -- this is talking

18  about files that are referenced in the response?

19        MR. HILL: Yes, Your Honor.

20        THE COURT: And this is the first time that they were

21  referenced?

22        MR. HORTON: When we actually saw the redacted

23  documents that they produced.  Obviously we don't know

24  everything they said because they were so heavily redacted but

25  we actually saw relev -- we saw references to other documents

15

1    regarding these same individuals whose files we sought and

2    those were not produced in redacted or other form which made

3    us very concerned that not only were they withholding grounds

4    on a privilege argument they lost but there are in fact other

5    documents in the files which they're simply refusing to

6    produce at all even if they lack a claim of privilege.

7            THE COURT: But you're not alleging that they were

8    even disclosed in the privilege log.

9            MR. HORTON: Correct, because the original privilege

10   log didn't disclose individual documents.  It simply referred

11   to various files or dossier's.  It didn't do what a privilege

12   log is supposed to do which is to go through on a document by

13   document basis.

14           THE COURT: Mr. Hill.

15           MR. HILL: Yes, Your Honor.

16           THE COURT: I confess that in the month that had

17   passed I'm not -- I don't remember in detail what was in the

18   privilege log but is that accurate that the privilege log

19   refers to files, not documents?

20           MR. HILL: Your Honor, what we did is because the way

21   the agency maintains the material is by person we lodged an

22   objection to privilege for each of the requests by person

23   which covers all of the material in the file.  The file is not

24   always located in the same physical location but it was

25   intended to cover all of the material.  We separately objected

16

1  that the material sought was irrelevant and there was never a

2  motion to compel that would overrule our relevance objections

3  and there's been no ruling on the relevance of the documents.

4  The only ruling you've made to date as you clarified it today

5  is that the log itself was insufficient to carry the

6  privilege.

7         So you've never evaluated the relevance of these

8  materials and the concern is frankly that there's a lot of

9  irrelevant stuff that has nothing to do with these attacks.

10 It has to do with things that happened after the attack and

11 the intelligence agency's assessment and monitoring of the

12 people involved.  So that's the material that is particularly

13 sensitive and protected by Palestinian law and I understand

14 Your Honor's ruling.  I disagree with it about the privilege

15 but if the privilege -- if you were to engage on the substance

16 of the privilege you would be required to weigh the importance

17 of that information against the importance of the privilege.

18        So I think it's been crystal clear all along that

19 we've objected to these materials both as being privileged and

20 being irrelevant.  I understand you disposed of the privilege

21 issue for the moment but there's never been any ruling from

22 you about relevance of the material particularly the material

23 that post dates the attack which by nature could not relevant

24 or certainly if it doesn't refer to the attacks could not be

25 relevant.

17

1          THE COURT: Well, it's interesting to hear you argue
2    but let's just go ahead and hear what appears to be the
3    loophole here, and that is whether or not the information that
4    is more particularized in the files is relevant under Rule 26.
5    I will give you the opportunity to do some more homework.  I
6    will allow you to submit to me by the end of the day tomorrow
7    why each -- and, again, this is the heart question.  This is
8    not the waiver question.  This is whether or not the documents
9    that have been referred to as individual documents as opposed
10   to file and as you're discussing them whether or not they were
11   before or after the incident, whether or not they are relevant
12   under Rule 26.
13          I've heard some snippets of the arguments that the
14   plaintiffs make as to why they are inherently relevant.  I
15   haven't heard exactly what -- I'll give you an opportunity to
16   flush that out.  I'll make -- there's a limit of five pages
17   for each of you by the end of the day tomorrow.
18          Anything else?
19          MR. HORTON:  I'm sorry, Your Honor.  Are you
20   contemplating simultaneous filings at the end of the day
21   tomorrow?
22          THE COURT: I'm contemplating simultaneous filings at
23   the end of the day tomorrow and then just so that -- I don't
24   jump the gun you can each respond by the end of the day the
25   day after tomorrow.

18

1          MR. HILL: Thank you, Your Honor.

2          MR. HORTON: Yes.  Thank you, Your Honor.

3          THE COURT: Then this won't be an issue as to whether

4    or not the class of documents we're talking about has been

5    ruled on for relevance.  Anything else?

6          MR. HILL: No, Your Honor.

7          MR. HORTON: Thank you, Your Honor.

8          THE COURT: We'll be adjourned.  Thank you.

9                    *  *  *  *  *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

19

1      I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                                    _____

6                                          Shari Riemer

7   Dated:   October 2, 2013

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25