```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-24-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                          Plaintiffs,

        - against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                          Defendants.

MEMORANDUM
OPINION & ORDER
04 Civ. 397 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs are family members, guardians, and personal representatives of the estates of United States citizens who were allegedly killed and injured in terrorist attacks in Jerusalem, Israel, between January 8, 2001, and January 29, 2004. Defendants are the Palestine Liberation Organization ("PLO"), the Palestinian Authority ("PA"), and several individuals Plaintiffs allege were responsible for planning and carrying out the killings and injuries. Plaintiffs bring suit under the Anti-Terrorism Act of 1991 ("ATA"), 18 U.S.C. § 2331 *et seq.*, for international terrorism, and related torts. On March 12, 2012, after protracted discussions and objections, the Court imposed a Protective Order Regarding Confidentiality of Discovery Material ("the Protective Order" or "the Order") (Doc. No. 219). Before the Court is Defendants' request to sanction Plaintiffs and/or their counsel, Robert Tolchin, for violating the Protective Order. On October 15, 2013, the Court held a teleconference with the Parties to conduct a factual inquiry. Although the Court will not impose sanctions at this time, Tolchin is **ORDERED TO SHOW CAUSE** why personal sanctions, including under 28 U.S.C. § 1927, should not be imposed upon him for intentionally violating the Protective Order.

## II. BACKGROUND

Defendants claim that Tolchin violated the Protective Order when he disclosed employment information regarding two employees of the PA in a Declaration filed before the United States District Court for the District of Columbia. Pursuant to the Protective Order, the Parties may not disclose information that is designated "Confidential." (Doc. No. 219 ¶ 2(f).) Portions of discovery material that "relate to personal private financial or employment information" may be designated "Confidential." (*Id.* ¶ 2(a).) The Protective Order sets forth a detailed procedure that parties may employ to challenge the "Confidential" designation. (*Id.* ¶ 14.)

This dispute arises from an allegation by Tolchin that Defendants' witness proffered false testimony in an unrelated case. The unrelated case, *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) ("*Gilmore*"), is legally and factually distinct from *Sokolow*, but the *Gilmore* Plaintiffs have named many of the same Defendants, and are also represented by Tolchin. *Gilmore* is pending before the United States District Court for the District of Columbia.

On September 9, 2013, Tolchin emailed Defendants' counsel, Brian Hill, regarding a discrepancy between testimony submitted in *Gilmore*, and documents produced as part of discovery in *Sokolow*. (Letter from Defendants, October 4, 2013, Ex. 2 at 2.) Tolchin alleged that one of Defendants' witnesses had offered false testimony in *Gilmore*. (*Id.*) In support of his allegation, Tolchin cited the witness's deposition testimony in *Gilmore*, and compared it to contrary information contained in the *Sokolow* discovery documents. (*Id.*) The *Sokolow* documents had been designated by Defendants as "Confidential." In his email to Hill, Tolchin stated: "We find it troubling that defense counsel failed to inform the Gilmore plaintiffs or the

2

Court of these facts when they became known to you. . ." (*Id.*) Tolchin further admonished Hill for having "improperly designated all of the aforementioned documents, in their entirety, as 'confidential,' purportedly under the Protective Order . . . even though the information contained in those documents is not 'confidential.'" (*Id.*) Tolchin requested that Defendants remove the confidentiality designations in the relevant documents. (*Id.*) On September 12, 2013, Hill responded: "Defendants do not agree to your request." (*Id.* at 1.) The Court has not received any indication that Tolchin responded to Hill's September 12 email.

Nearly three weeks later, on October 1, 2013, Tolchin submitted a "Declaration of Robert J. Tolchin" ("Declaration") via ECF in *Gilmore* in which he wrote:

> 2. Documents filed by the Palestinian Authority ("PA") in the Sokolow case from its own files, including documents bates numbered 02:009501-9504 and 02:009642-9652, which defendants have improperly marked as "confidential" (and so cannot be submitted in Gilmore at this time), show that contrary to his deposition testimony in the instant case [CONFIDENTIAL INFORMATION].
>
> 3. The documents, which are marked confidential in Sokolow and cannot be placed before this Court at this time due to the terms of the confidentiality order, detail the [CONFIDENTIAL INFORMATION] and contradict the defendant's assertion . . . . The defendants should not be permitted to use that confidentiality order as a sword and a shield, advocating a position they know is false while hiding behind the obscurantist designation of incriminating documents that would refute their position as 'confidential.' If defendants' counsel do not promptly inform this Court of the truth of [CONFIDENTIAL INFORMATION], which is their duty as officers of this Court, the plaintiffs will seek appropriate relief.
>
> 4. Defendants have also produced documents in the Sokolow Case showing that [CONFIDENTIAL INFORMATION]. Defendants have improperly marked these documents as "confidential" (and so they cannot be submitted in Gilmore at this time), despite the fact that [CONFIDENTIAL INFORMATION] is not confidential and is also referenced in his statement of April 16, 2002 to the Israeli police.

(Declaration of Robert J. Tolchin, ¶ 2-4.)

On October 4, 2013, Hill submitted a letter to the Court requesting an informal conference, pursuant to Local Civil Rule 37.2 and this Court's Individual Practice Rule 2.A, to

3

determine whether Tolchin had violated the Protective Order. (Letter from Defendants, October 4, 2013 at 1.) On October 10, 2013, Tolchin responded. In his defense, he stated: (1) the Declaration does not violate the Protective Order because Tolchin was "extremely careful to describe [the documents] in the most general terms without disclosing any even arguably confidential information"; and (2) the Court should instead sanction defense counsel for abusing the Protective Order. (Letter from Plaintiffs, October 10, 2013 at 1.) Further letters were exchanged, and, on October 15, 2013, the Court held a teleconference to conduct a factual inquiry into the allegations of both attorneys' misconduct. When asked why he did not challenge the confidentiality designation before the Court rather than risk violating the Protective Order, Tolchin said that he did not think it was necessary because he framed the Declaration in a manner to avoid revealing confidential information, and the information was improperly designated "Confidential" in the first place. He further asserted that, because of a deadline in the *Gilmore* case, he was running out of time and did not believe he could convince the Court to change the confidentiality designation on a short time-frame.

### III. DISCUSSION

#### A. Avenues Available to Tolchin

Tolchin's Declaration undoubtedly contains employment information regarding Defendants' witness. Tolchin nevertheless insists that he did not violate the Protective Order because his Declaration "states a very brief and limited description of the documents to alert the *Gilmore* Court to the existence of the documents and their relevance to the *Gilmore* case." (Letter from Plaintiffs, October 14, 2013 at 1.) This assertion is meritless. His Declaration in *Gilmore* clearly revealed the substance of the documents marked "Confidential" in this case. Rather than pursuing appropriate means to challenge the testimony in *Gilmore*, Tolchin decided

4

to violate the terms of the Protective Order, apparently believing that he had a good defense, or that Defendants did not have "clean hands" and could not enforce the Order. The Order, however, was endorsed by the Court, and self-help was not an option for Tolchin. Tolchin suggests that he had no other options or not enough time to exercise such options. This position is also meritless.

### 1.     New York Rules of Professional Conduct Rule 3.3

The New York Rules of Professional Conduct require that lawyers conduct themselves professionally and with honesty. Rule 3.3 (Conduct Before a Tribunal) forbids lawyers from "knowingly mak[ing] a false statement of fact or law to a tribunal." N.Y. Rules of Prof'l Conduct R. 3.3 (a)(1) (2013). It additionally provides that a lawyer must not "knowingly offer or use evidence that the lawyer knows to be false." *Id.* at (a)(3). It continues: "If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal." *Id.* at (a)(3). Subsection (c) states that these duties " apply even if compliance requires disclosure of information otherwise protected by Rule 1.6," which prohibits the disclosure of confidential information. *Id.* at (c).

Tolchin complained to Hill on September 9 that Defendants' witness's "testimony at his deposition was unquestionably false." (Letter from Defendants, October 4, 2013, Ex. 2 at 2.) He found it "troubling that defense counsel failed to inform the Gilmore plaintiffs or the Court of these facts when they became known to you." (*Id.*) If these allegations are true, Tolchin knew as early as September 9 that there were potential ethical obligations triggered. He should have urged Hill to reveal the information to the Court under Rule 3.3, or under a similar provision in the District of Columbia. If Hill failed to comply, Tolchin could have moved in *Gilmore* or in

this case seeking sanctions based on this misbehavior.

### 2.     Protective Order ¶ 14

Tolchin need not look further than the Protective Order that he signed for another avenue to bring the matter to the Court's attention. The Protective Order provides:

> 14. <u>Objections to Designations</u>: A failure to challenge the propriety of a "Confidential" designation at the time the material is produced shall not preclude a subsequent challenge to such designation. In the event a party objects to the designation of any material under this Order by another party or by a non-party, the objecting party shall first consult with the disclosing/producing party or non-party to attempt to resolve the differences. If no accord is reached as to the proper designation of the material, the objecting party shall, on notice to the other party or non-party and any other designating party or non party [sic], apply to the Court for a ruling that the material shall not be so treated. If such application or motion is made, the producing party or non-party, and any other designating party, will have the burden to establish that the designation is proper. If no such motion is made within 10 days of the objection to the designation, the material will remain as designated.

(Doc. No. 219 ¶ 14.)

As manifested by Tolchin's September 9 email to Hill, Tolchin complied with the first step of the objections procedure by consulting with Hill in an attempt to resolve the differences. (Letter from Defendants, October 4, 2013, Ex. 2 at 2.) However, after no accord was reached on September 12, Tolchin did not contact the Court. Instead, he let the ten days lapse, thus apparently forfeiting his opportunity to challenge the designation under this provision.[1]

### 3.     Local Civil Rule 37.2

When a discovery dispute arises in a case pending before the Southern District of New York, the party seeking to raise the dispute must first request an informal conference with the Court before filing a motion. *See* S.D.N.Y. Local Civil Rules 26.4, 37.2. Rule 2.A of my

---

[1] As counsel for the *Gilmore* plaintiffs, Tolchin sought to intervene in this case for the sole purpose of challenging the "Confidential" designation. This attempt to avoid the ten-day appeal period only served to prolong the proceedings.

Individual Practice Rules provides: "[f]or discovery motions, follow Local Civil Rule 37.2."

In his September 9 email, Tolchin raised a discovery dispute with Hill. (Letter from Defendants, October 4, 2013, Ex. 2 at 2.) He pointed out that Defendants' witness's testimony in *Gilmore* contradicted documents produced in *Sokolow*. (*Id.*) Hill dismissed Tolchin's accusation as "irrelevant" and "immaterial." (*Id.* at 1.) After receiving Hill's email, Tolchin could have filed a letter in this Court, pursuant to Local Civil Rule 37.2 and Individual Practice Rule 2.A, requesting a conference. He could have simultaneously filed a letter in the United States District Court for the District of Columbia, where *Gilmore* is pending, under an analogous local rule. In those letters, he could have explained to the Courts the discrepancy between the two documents, and asked both courts to direct him to resolve the conflict. He did not make any effort to bring the matter to the Court's attention. Instead, Hill was the one who requested a conference. (Letter from Defendants, October 4, 2013, at 1.)

## IV. CONCLUSION

For the foregoing reasons, Tolchin is hereby **ORDERED TO SHOW CAUSE** by November 8, 2013, why personal sanctions, including under 28 U.S.C. § 1927, should not be imposed upon him for intentionally violating the Protective Order.

**SO ORDERED this 24th day of October 2013**
**New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ronald L. Ellis*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**The Honorable Ronald L. Ellis**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**