UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

       - against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

**OPPOSITION TO NON-PARTY GILMORE PLAINTIFFS' MOTION TO INTERVENE**

       Defendants the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") ("Defendants") submit the following consolidated memorandum of law in opposition to the Non-Party Gilmore Plaintiffs ("Gilmore-Interveners") Motion to Intervene (DE 355), filed on October 11, 2013.  As set forth below, the Gilmore-Interveners do not meet the standard for permissive intervention.

**Background**

       The procedural background is set out in the Court's Memorandum Opinion and Order of October 24, 2013 ordering the Gilmore's counsel, Robert J. Tolchin, (also Plaintiffs' counsel in this action) to show cause, by November 8, 2013, why personal sanctions should not be imposed on him for intentionally violating the Protective Order entered in this action.  DE 372.  Mr. Tolchin intentionally violated the Protective Order when he disclosed material – obtained during discovery in this litigation and designated as confidential under the Protective Order – in his

1

1355384.1

opposition to a motion for summary judgment filed in *Gilmore v. Interim Self-Government Authority*, No. 1:01-cv-853 (D.D.C.).  *See id.* at 4-5.

As the Court noted in its Memorandum Opinion, under the Protective Order, a party seeking to challenge the propriety of the "Confidential" designation must make an objection to the designation.  If no agreement is reached between the parties, the objecting party must file a motion within 10 days of the objection to the designation, or the material will remain as designated.  *See id.* at 6 (quoting DE 219 ¶ 14).  As the Court further noted in its Memorandum Opinion, after objecting to the confidentiality designations of documents at issue here, Mr. Tolchin "let the ten days lapse," without filing a motion, "thus apparently forfeiting his opportunity to challenge the designation under this provision."  *Id.*  Having let the 10 days lapse, Mr. Tolchin sought to use his *Gilmore* clients as a back-door vehicle for challenging the confidentiality designations.  *See id.* at 6 n.1 (characterizing Mr. Tolchin's intervention motion as an "attempt to avoid the ten-day appeal period").

As shown below, the Gilmore-Interveners are not entitled to intervention under Federal Rule of Civil Procedure ("Rule") 24(b).  The Gilmore-Interveners' motion to intervene is untimely and, in any event, they have no legitimate interest in the designated material.

## Argument

Permissive Intervention, governed by Rule 24(b), "is the proper method for a nonparty to seek a modification of a protective order." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005).  Permissive intervention must be sought on a "timely motion."  Fed. R. Civ. P. 24(b)(1).  The party seeking to intervene must establish either that they are provided "a conditional right to intervene by a federal statute," or that they have a "claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The

Gilmore-Interveners do not address in their motion how they meet either of those requirements. In fact, they do not.

Intervention under Rule 24(b)(2) is within the discretion of the district court, which "has broad discretion to deny an applicant's motion for intervention." *New York News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). "In fact, a denial of permissive intervention has virtually never been reversed." *Medina v. Fischer*, 11-cv-0176, 2013 U.S. Dist. LEXIS 46435, at *15 (S.D.N.Y. Mar. 29, 2013). Rule 24(b)(3) provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, the Court already has found that the Gilmore's motion to intervene resulted from their counsel's intentional violation of the Protective Order.

### 1. The Gilmore-Interveners Motion is Untimely and Their Entry in This Matter Will Prejudice Defendants.

Pursuant to Rule 24(b)(1), a parties' motion to intervene must be timely. Mr. Tolchin has been aware of the documents at issue since they were produced in *Sokolow* in December 2012 and January 2013.[1] *See* DE 356 at 3. If the Gilmores wanted to challenge the confidentiality designations for files produced in *Sokolow*, they should have promptly moved to intervene shortly after the documents were produced. As the Gilmore-Interveners note, Abdel Karim Aweis testified in that case in December 2011 and the *Gilmore* defendants' motion for summary judgment has been pending in *Gilmore* since August 2012. *See id.* There was no reason for the Gilmores to wait until October 2013 to file their motion to intervene.

---

[1] In their Motion to Intervene, the Gilmores state that the documents at issue, Exhibits B and C to their Motion to Modify or Remove the PA's Confidentiality Designations (filed under seal with DE 363), were produced in December 2012 and March 2013. In fact, Defendants produced those documents in December 2012 and January 2013.

At the very least, the *Gilmores* should have moved to intervene within 10 days after the *Sokolow* plaintiffs, through counsel Robert Tolchin, challenged the confidentiality designations. With the *Sokolow* plaintiffs having allowed the 10-day period for challenging the confidentiality designations to lapse, Defendants are prejudiced by the Gilmore-Interveners attempt to reopen this issue with their untimely motion.

### 2. The Gilmore Interveners Have No Interest in This Litigation Because the Confidential Material Is Not Relevant to Their Case.

In their Motion, the Gilmore-Interveners fail to articulate how they meet the standard for Rule 24(b)(1)(B) which requires that a party seeking to intervene have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Instead, the Gilmores argue that they have "a strong interest" in confidential discovery materials in this case because those documents prove that Mr. Aweis was an employee of the PA. According to the Gilmores, they need to intervene to "correct the inaccurate claim that Aweis's PA employment ended in 2002." DE 356 at 3. As the Gilmore-Interveners note in their motion, however, Mr. Aweis testified during a 2011 deposition in the *Gilmore* case that he was a captain in the PA at the time of his arrest, and remained one in 2011, at the time of his deposition, *see id.*, a time period that includes Aweis's alleged statement to Israeli journalist Issacharoff. *See Gilmore* Pl.'s Opp. To Def.'s Mot. for Summ. J., (Gilmore 330-9 at 66) (establishing that Mr. Issacharoff interviewed Mr. Aweis in 2004 and attached hereto as Ex. 1).

Moreover, what particular position Aweis held when he spoke to Issacharoff has no bearing on whether Aweis's alleged statement is admissible under Rule 801(d)(2)(D), which treats as non-hearsay a statement "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); DE 356 at 2. The *Gilmores* offer no argument for why the designated materials have relevance to their Rule

801(d)(2)(D) argument. Moreover, if the Gilmores had concluded that the information contained in the confidential material was relevant to their claims or the admissibility of evidence, they should have sought such information during discovery in that case. They did not.

In any event, the Aweis statement is inadmissible for several reasons independent of Aweis's employment with the PA. Among other reasons, the book excerpt providing the account of Issacharoff's alleged conversation with Aweis is itself inadmissible, there is no evidence of what Aweis told Issacharoff (the book does not quote Aweis), and the Aweis statement is being offered to show what a third party (Muhannad Abu Halawa) told Aweis, another layer of inadmissible hearsay. *See Gilmore* Def.'s Reply to Pl.'s Opp. to Def.'s Mot. For Summ. J*.,* (DE 341 at 10-11) (attached hereto as Ex. 2).

### 3. The Gilmore-Interveners Entry Into this Matter Would Result In an Inequity.

Finally, the equities in this case warrant a denial of the Gilmores-Interveners' Motion to Intervene. Mr. Tolchin, in his role as *Gilmore* counsel, violated the Protective Order in place in *Sokolow*. Not satisfied with one violation, Mr. Tolchin violated the Protective Order yet again when he used the confidential information in a public filing in the *Sokolow* case. *See* DE 372 at 3-4. This breach of the Confidentiality Order was sufficiently egregious that this Court ordered Tolchin to show cause why he should not be sanctioned. *Id*. at 1. Allowing a party to intervene in order to challenge the confidentiality designations its counsel has already flouted can neither be just nor equitable. A party whose counsel is traveling on unclean hands should not now be allowed to circumvent the very Order its counsel has violated by being permitted to intervene in this case.

Moreover, the Gilmore-Interveners could have sought documents regarding Mr. Aweis's employment during discovery in the *Gilmore* matter. They failed to do so and should not be

allowed to interfere in the progress of these proceedings to, in essence, reopen discovery in the *Gilmore* matter.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene (DE 355) should be denied.

October 28, 2012            Respectfully Submitted,

           __/s/ Mark J. Rochon_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1355384.1