
MILLER CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

November 1, 2013

VIA ECF
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

    On behalf of Defendants, I am writing to request that the Court set a schedule for the filing of motions challenging the admissibility of expert testimony and for the filing of summary judgment motions in this matter.

    As the Court is aware, under the Scheduling Order, as modified, expert discovery is set to close on November 22, 2013. No other deadlines are presently in place.

    Defendants anticipate that they will move for summary judgment in this matter, and they believe that fact discovery has provided no basis for a finding of liability as to the Defendants here. Moreover, given the discovery in this matter, it is abundantly clear that Plaintiffs will rely heavily on expert testimony in opposing Defendants' forthcoming summary judgment motion.

    This is a case in which Plaintiffs rely on a total of fourteen experts, with ten of them going to the liability issues. Plaintiffs have submitted a total of sixty-five expert reports in the matter. Although not all of Plaintiffs' experts have yet been deposed, it is apparent from the depositions that have been conducted to date that much of the expert testimony disclosed by Plaintiffs will not be admissible at trial, and is definitely subject to challenge. Obviously, inadmissible evidence cannot be utilized to oppose summary judgment. Defendants therefore presently anticipate moving in advance of trial to exclude substantial portions of the expert testimony disclosed by Plaintiffs. Because Plaintiffs have designated so many witnesses on so many topics, the reasons for exclusion vary substantially. Defendants therefore believe it would be most efficient for the Court and parties to obtain rulings from the Court on the admissibility of those experts' testimony prior to briefing Defendants' motion for summary judgment. Proceeding in this fashion will allow the parties to prepare the summary judgment briefs with the knowledge of what expert testimony will, or will not, be admissible. In a case involving seven separate incidents, spread over a thirty-six month period, summary judgment briefing will be complex. Engaging in that briefing without resolving the issue of expert admissibility will complicate that briefing unnecessarily. Obtaining rulings on the admissibility of expert testimony will obviously simplify summary judgment briefing by eliminating the need to argue in those briefs about

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com

1355894.1

Case 1:04-cv-00397-GBD-RLE   Document 376   Filed 11/01/13   Page 2 of 2



Hon. Ronald L. Ellis
November 1, 2013
Page 2

the admissibility of expert testimony and the implications of various hypothetical decisions regarding which experts are, or are not, permitted to testify.

    Moreover, the March 12, 2009 Order of Reference referred this matter to Your Honor for "General Pretrial" purposes including "non-dispositive pretrial motions." DE 61. Thus, Defendants' forthcoming motions challenging the admissibility of expert testimony will be decided by Your Honor under the Order of Reference, while Defendants' forthcoming summary judgment motion will be decided by Judge Daniels. For that reason as well, it would be more efficient for Judge Daniels and the parties to obtain rulings from Your Honor on the admissibility of Plaintiffs' expert testimony before the parties turn to briefing summary judgment for Judge Daniels' consideration.

    In light of the upcoming holidays and the time needed to obtain transcripts of the remaining depositions, Defendants respectfully request that the Court set a deadline of January 22, 2014 for the filing of any motions challenging the admissibility of expert testimony. Defendants further request that the Court set a deadline for the filing of summary judgment motions for 60 days after the Court has issued its rulings on the forthcoming motions challenging the admissibility of expert testimony.

    Defendants have conferred with Plaintiffs regarding this proposal, but Plaintiffs have not consented.

    For the foregoing reasons, the Court should enter an Order setting January 22, 2014 as the deadline for the filing of motions challenging the admissibility of expert testimony in this matter, and setting a date 60 days after the Court's ruling on those motions as the deadline for the filing of summary judgment motions. We would be happy to discuss this request with the Court during a telephone or in person conference at the Court's convenience if the Court so desires.

    Sincerely,

    *[signature]*

    Brian A. Hill

Miller & Chevalier Chartered