USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,                                :
                                                        :
                              Plaintiffs,               :
                                                        :           MEMORANDUM
                  - against -                           :           OPINION & ORDER
                                                        :           04 Civ. 397 (GBD) (RLE)
PALESTINE LIBERATION ORGANIZATION, et al.,              :
                                                        :
                              Defendants.               :

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

Plaintiffs are family members, guardians, and personal representatives of the estates of

United States citizens who were killed and injured in terrorist attacks in Jerusalem, Israel,

between January 8, 2001, and January 29, 2004. Defendants are the Palestine Liberation

Organization ("PLO"), the Palestinian Authority ("PA"), and several individuals Plaintiffs allege

were responsible for planning and carrying out the killings and injuries. Plaintiffs bring suit

under the Anti-Terrorism Act of 1991 ("ATA"), 18 U.S.C. § 2331 *et seq.*, for international

terrorism, and related torts. Before the Court is Defendants' objection to the Court's order

compelling production of material from the files of the PA's General Intelligence Service

("GIS"). For the reasons set forth below, Defendant's application for relief from the order is

**DENIED** and Defendants are **ORDERED** to produce the documents by **5 p.m. EST on**

**November 6, 2013**.

## II. BACKGROUND

At issue is the production of documents created by GIS regarding thirty-one individual

terrorists. The documents were listed on Defendants' March 19, 2013 privilege log. The Court

held a telephone conference with the Parties on June 17, 2013, to discuss, *inter alia*, Plaintiffs'

application to compel production of the documents.  Defendants contended that the documents

were protected by the state secrets and law enforcement privileges.  (Plaintiffs' ("Pls.") May 16,

2013 Letter.)  On July 26, 2013, the Court issued a Order granting Plaintiffs' request.  (Doc. No.

327.)  The Court stated, in pertinent part:

> During the June 17 telephone, the Court explained that foreign privileges may be
> invoked during litigation that may conflict with disclosure under the Federal Rules
> of Civil Procedure, but that the Court may take the asserted privileges into account.
> The Court further explained that the burden remains with the party asserting a
> privilege to adequately demonstrate that it applies.  Plaintiffs properly raised the
> absence of certain prerequisites to claiming privilege which Defendants' log failed
> to detail.  Defendants therefore have failed to justify the redactions in their privilege
> log.  (*Id.*)

On August 13, 2013, Defendants requested that the Court enter a protective order

excusing the PA from complying with the July 26 Order.  (Defendants' ("Defs.") Aug. 13, 2013

Letter.)  Again, Defendants asserted that the documents were "protected by GIS law, and the

attorney-client, work product, state secrets or law enforcement privileges."  (*Id.*)  In support of

their request, Defendants submitted a detailed privilege log with redactions for the Court's *in*

*camera* review.  (*Id.*)  In the alternative, Defendants asked the Court "to reconsider or modify its

Order in order to permit these redactions."  (*Id.*)  Plaintiffs responded that Defendants' August

13 request "blatant[ly] disregard[ed]" the Court's July 26 Order.  (Pls.' Aug. 27, 2013 Letter.)

The Court held a telephone conference on September 30, 2013, in which it rejected

Defendants' request for reconsideration as untimely and directed that all responsive documents

be produced, regardless of Defendants' claim of privilege.  Defendants then raised the issue of

relevance, arguing that the GIS documents were not relevant under Rule 26 of the Federal Rules

of Civil Procedure.  The Court permitted the Parties to brief the issue in letter-motions.

In a letter dated October 1, 2013, Defendants again objected to the production of the GIS documents, this time claiming it "is not relevant to Plaintiffs' claims in this action, it is inadmissible, and its production would impose an undue burden on Defendants and third parties." (Defs.' Oct. 1, 2013 Letter.)  Plaintiffs argued that:  (1) Plaintiffs' documents requests were "clearly calculated to lead to the discovery of admissible evidence," and thus relevant; and (2) Defendants failed to argue otherwise in a timely fashion, thus waiving any claim of privilege. (Pls.' Oct. 1, 2013 Letter.)

### III. DISCUSSION

Defendants may move for reconsideration of the July 26 Order on the basis of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Reconsideration does not allow parties to "reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "As such, a party . . . may not advance new facts, issues or arguments not previously presented to the Court." *Id.* at 1001 (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447 (JMC), 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989)) (internal quotation marks omitted).  The matters must "reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).  "Local Civil Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id.* at 462 (quoting *Dellefave v Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted).  The party moving for reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters presented in the underlying motion. *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996).  Finally, "[a] party [seeking

reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. 2000) (quoting *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)) (internal quotation marks omitted).

Although Defendants do no label their August 13 and October 1 letters as motions for reconsideration, on that analysis their claims are without merit. The July 26 Order unambiguously required Defendants to produce the GIS documents. To the extent Defendants suggest the Order was not clear, their argument is untenable. Defendants' new claims that the GIS documents are irrelevant is a back-door way to ask for reconsideration. Defendants have done precisely what is forbidden in this District: rather than treating the July 26 Order as a directive, Defendants have regarded it as the beginning of a new conversation in which they apparently feel entitled to advance new legal theories. Defendants had the opportunity to raise their objections to the production of the GIS documents on relevance grounds. They failed to do so. Similarly, they had the opportunity to bring a motion for reconsideration of the July 26 Order. They did not. Defendants cannot litigate their claims in a piecemeal fashion, objecting on the grounds of privilege first, reasserting privilege again, then raising relevance after their claim of privilege has been denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' application is **DENIED**.  Defendants are

**ORDERED** to produce the GIS documents by **5 p.m. EST on November 6, 2013**.

**IT IS FURTHERED ORDERED** that time to object to this ruling shall run from the

date of this Order.


**SO ORDERED this 4th day of November 2013**
**New York, New York**


The Honorable Ronald L. Ellis
United States Magistrate Judge

5