# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

November 5, 2013

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:  *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>      Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

    I write on behalf of plaintiffs in response to defendants' letter dated November 1, 2013, which requests that this Court set a protracted and piecemeal schedule for the filing and disposition of motions challenging the admissibility of expert testimony to be followed by extensive (and unnecessary) summary judgment briefing. Plaintiffs oppose defendants' application, the apparent purpose of which is to delay the trial in this case.

    *First*, defendants are wrong to assert that motions concerning the admissibility of expert testimony come within the Order of Reference. Rule 4(B)(iii) of Judge Daniel's Individual Practices provides that "[i]n *all* cases, motions addressing *any* evidentiary or other issues which should be resolved *in limine*" shall be filed 15 days before trial or within 30 days after the filing of the final pretrial order if no trial date has yet been set. (emphasis added). Accordingly, motions that concern the admissibility of expert testimony are to be considered by Judge Daniels. Defendants' request to have these motions decided now is simply an attempt to delay trial. Moreover, even if summary judgment motion practice were a viable means of resolving this case—which it very clearly is not—it would be a huge waste of judicial and party time and resources to bifurcate challenges to and consideration of the admissibility of expert testimony from any summary judgment litigation. The fact remains that defendants have yet to convince Judge Daniels that summary judgment practice would be a productive use of the parties' and the court's limited resources, much less that the admissibility of expert testimony should be resolved prior to and separately from any summary judgment motions.

# ARNOLD & PORTER LLP

November 5, 2013
Page 2

*Second*, concurrently with the filing of this letter, plaintiffs are also filing a letter with Judge Daniels to request a Rule 16 conference (copy enclosed). As defendants note, expert discovery is set to close on November 22, 2013, and there are a number of issues that require Judge Daniel's attention, including, *inter alia*, the setting of a firm trial date, discussing the possibility of mediation, resolving the few remaining open discovery matters, addressing the de-designation of documents marked as confidential pursuant to the Protective Order in this case (Docket No. 219), and organizing the preparation of a Joint Pretrial Order.

For all the foregoing reasons, plaintiffs respectfully request that this Court deny defendants' application.

Respectfully,

Kent A. Yalowitz

cc: Hon. George B. Daniels
All ECF Counsel