# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

November 5, 2013

**BY ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

    I write on behalf of plaintiffs in the above-referenced action to request the Court schedule a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. We hope to schedule a conference at the Court's earliest convenience following the close of expert discovery on November 22, 2013.

    We wish to raise the following matters with the Court at the Conference:

    **1. Trial Date.** In this case, eleven American families assert claims under the Anti-Terrorism Act for death or injuries sustained by them or their loved ones by reason of acts of terrorism perpetrated and/or abetted by the Palestine Liberation Organization and the Palestinian Authority. The case is now in its tenth year. With discovery nearly over, plaintiffs respectfully request that the Court set a firm trial date as early as its calendar permits. Plaintiffs are ready, willing, and able to do the necessary work to prepare a Joint Pretrial Order and to prepare the case for trial as soon as the Court's schedule allows.

    **2. Pre-Trial Schedule.** Instead of conferring with plaintiffs on the submission of a Joint Pretrial Order (due within 30 days of the close of discovery unless otherwise ordered by the Court, under Rule 4(A) of Your Honor's Individual Practices), defendants have asked Magistrate Judge Ellis to set January 22, 2014 as the deadline for filing *in limine* motions challenging the admissibility of expert testimony (Docket No. 376). They have also asked Judge Ellis to put this case on a protracted, piecemeal schedule by asking

# ARNOLD & PORTER LLP

November 5, 2013
Page 2

to postpone the deadline for filing summary judgment motions until 60 days *after* Your Honor rules on the parties' objections to Magistrate Ellis's rulings on the admissibility motions. Defendants are also arguing that *in limine* motions must be heard in the first instance by Judge Ellis, even though Rule 4(B)(iii) of Your Honor's Individual Practices states clearly that "[i]n all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*" shall be filed 15 days before trial or within 30 days after the filing of the final pretrial order if no trial date has yet been set.

Plaintiffs ask the Court to schedule a Rule 16 preliminary conference to set a firm trial date, as well as to set a date for the pretrial conference, the filing of the Joint Pretrial Order, and other pretrial matters. A firm trial date is especially important in this case because both the parties and witnesses will be required to travel from several foreign countries.

**3. Mediation.** Plaintiffs believe that a strong and credible mediator could assist the parties in resolving this case.

**4. Open Discovery Matters.** There are open discovery issues that await this Court's resolution.

*First*, on August 9, 2013, plaintiffs filed objections to certain of Judge Ellis's rulings as set forth in a written Order dated July 26, 2013 (Docket Nos. 328, 331). Specifically, plaintiffs objected to Judge Ellis's Order with respect to the following two rulings: (1) that plaintiffs not be permitted to take routine, foundational discovery to establish the authenticity and admissibility of certain of defendants' internal documents produced by them prior to trial; and (2) that plaintiffs not be granted leave to serve a limited document request on defendants concerning Fawzi Murar, who has been identified by plaintiff Varda Guetta as one of the four gunmen involved in the January 8, 2001 shooting attack on her and her then twelve-year old son. Defendants filed their opposition to plaintiffs' objections on August 26, 2013 (Docket No. 332), and plaintiffs filed a reply memorandum in support of their objections on September 3, 2013 (Docket No. 334).

*Second*, on November 19, 2012, this Court heard argument on the BBC's objections to Judge Ellis's Order denying the BBC's motion to quash a subpoena relating a 2003 broadcast news program entitled "Arafat Investigated." At the close of that argument, Your Honor directed counsel for the BBC and plaintiffs to submit letters to the Court addressing whether the Court should conduct an *in camera* review of the

# ARNOLD & PORTER LLP

November 5, 2013
Page 3

"outtakes" from the news program. Your Honor also directed counsel to attempt to reach agreement on the content of an affidavit from the BBC authenticating the news program and establishing it as a business record. Counsel were unable to reach an agreement and, on November 30, 2012, counsel for plaintiffs submitted a letter to the Court in support of an *in camera* review of the outtakes, and setting forth proposed language for an affidavit from the BBC. Counsel for the BBC submitted a response on December 13, 2012.

   **5. Confidentiality Designations.** Plaintiffs also request that the Court set a procedure for use of "Confidential Discovery Material" at trial or in any hearings in this case. Recently, the Confidentiality Order—and defendants' virtually wholesale designation of internal documents produced by them as "confidential"—has given rise to extensive satellite litigation: specifically, parties in another case pending in the District of Columbia have moved to intervene in this case to challenge defendants' confidentiality designations, asserting that the designations are improperly broad. For their part, defendants have moved for sanctions for the alleged use of confidential information in that other case by one of the lawyers in this case. The time has come to put a stop to this collateral litigation—the parties should instead be preparing for trial. Such preparation includes, by the terms of the Protective Order in this case, the determination by the Court of "the procedure for use of Confidential Discovery Material at trial or hearings." (Docket No. 219, ¶ 8). Obviously, as the case moves toward resolution, there will be a presumption of public access to the documents at issue in this Anti-Terrorism Act case. *See e.g. Nixon v. Warner Communic'ns, Inc.*, 435 U.S. 589, 597 (1978); *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Plaintiffs respectfully suggest that the parties be required to show cause on a particularized basis as to why documents should remain confidential at trial or in any hearings.

Respectfully,

Kent A. Yalowitz

cc: Hon. Ronald E. Ellis
    All ECF Counsel