

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

November 7, 2013

VIA ECF

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization*, No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

      I write on behalf of Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") in response to Plaintiffs' letter of November 5, 2013 (DE 383). Expert discovery will close on November 22, 2013. In their November 1, 2013 letter to Magistrate Judge Ellis (DE 376), Defendants asked the Magistrate Judge to set January 22, 2014 as the deadline for filing motions challenging the admissibility of expert testimony. As Defendants explained in their letter, Plaintiffs have submitted 65 expert reports from 14 different experts. As set forth below, Plaintiffs rely principally on expert testimony in pursuing their theories of liability against the PA/PLO for the seven incidents at issue in this lawsuit. Much, if not all, of this expert testimony should be excluded on *Daubert* grounds. The summary judgment briefing process will be considerably simplified by resolving expert admissibility issues in a separate briefing process that precedes summary judgment briefing.

      1.    **Trial Date.** In their November 5 letter to Your Honor, Plaintiffs ask the Court to set a trial date as early as the Court's calendar permits, ignoring Defendants' stated intention of moving for summary judgment. Plaintiffs may not unilaterally dispense with summary judgment briefing. This is a sprawling, complex case, and entire claims, theories of liability, and even plaintiffs may be (in Defendants' view, will be) eliminated through the summary judgment process. Even assuming arguendo that the case cannot be fully resolved on summary judgment, it can be considerably simplified before it moves into the trial phase. Given that there is not even a schedule in place for briefing *Daubert* and summary judgment motions, let alone any rulings defining the scope of the issues to be tried and the type of evidence on which Plaintiffs can rely, Defendants believe it is premature to set a trial or to speculate about the potential length of a trial. Defendants, however, defer to the Court on this issue.

      2.    **Referral and Timing Issues for *In Limine* Motions.** Plaintiffs argue that, under Rule 4(B)(iii) of Your Honor's Individual Practices, motions *in limine* must be decided by Your Honor and must be submitted within 30 days after the filing of the final pretrial order if no trial date has yet been

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1356662.1



set. Defendants interpret Your Honor's March 12, 2009 Order of Reference to Magistrate Judge Ellis for "General Pretrial" purposes, including "non-dispositive pretrial motions," as referring pretrial *Daubert* motions to Magistrate Judge Ellis, notwithstanding the Court's Individual Practices, which, apply only "[u]nless . . . otherwise ordered." DE 61. In any event, Defendants read Individual Practices Rule 4(B)(iii) as setting a deadline by which *in limine* motions must be filed, not as precluding such motions from being filed earlier. Under Plaintiffs' proposal, if the Court sets a trial date, the *Daubert* motions would not be filed until 15 days before trial, *see* DE 383 at 2, a proposal that in unworkable given the sheer number of experts at issue and the centrality of their testimony to Plaintiffs' case. As a practical matter, the Court would be left with deciding expert admissibility issues for 14 experts in an unreasonably compressed time frame, and without the parties able to conform their trial strategy to the rulings.

**3.     Expert Admissibility Issues Should Be Resolved Before Summary Judgment Briefing.** It is difficult to overstate the dominant role expert testimony plays in Plaintiffs' effort to take their case to trial. Plaintiffs took only two depositions of fact witnesses in this case – that of non-party "Son of Hamas" author Mosab Hassan Yousef and that of detainee Abdullah Barghouti, who provided no substantive answers to any of the questions put to him. With the possible exception of Varda Guetta, none of the plaintiffs have testified at their depositions to any personal knowledge of who carried out, planned, or supported the shooting or suicide bombing attacks at issue. Few of the documents produced or disclosed in the written discovery process are admissible. Faced with a paucity of admissible documents and fact witness testimony linking the PA or PLO to the Plaintiffs' alleged injuries, Plaintiffs have embarked on a course of having an array of ideologues, many with dubious credentials and employing no sound methodology, review unreliable hearsay documents and then opine on the Defendants' liability.

Ten of the Plaintiffs' experts opine on liability issues; many of their opinions overlap. The theories and evidence to be addressed in the summary judgment briefing turn on which expert testimony is admissible. For example, Plaintiffs rely on the opinion of Palestinian Media Watch founder Itamar Marcus, whose report summarizes media clips, to support their claim that the PA and PLO incited the attacks at issue. If the Marcus opinion is excluded, Plaintiffs lack sufficient evidence to support their incitement theory. As another example, Plaintiffs rely on the opinions of Nick Kaufman, Michael Newton, and Daniel Reisner regarding the Israeli Military Tribunal system to support their claim that convictions rendered by that system should be admissible in this Court. If those opinions are excluded, the summary judgment briefing has a different focus. There are many other examples, but the fundamental point is that – for this case – deciding expert admissibility issues before moving to the summary judgment phase is imperative. Otherwise, given the number of different incidents, the multiple theories of liability Plaintiffs have floated, and the considerable evidentiary issues to address, the summary judgment process will become unwieldy. The solution is not to dispense with summary judgment briefing and send the case to the jury in its current sprawling state. Summary judgment will play an important role in making the case manageable for trial or for otherwise putting the case in a posture where it can be efficiently resolved.



Hon. George B. Daniels
November 7, 2013
Page 3

**4.     Open Discovery Matters.** Defendants agree that the discovery matters identified in Plaintiffs' November 5 letter are currently before the Court and are fully briefed.

**5.     Confidentiality Designations.** Defendants agree that, prior to trial, and as contemplated by the Protective Order, procedures should be put in place for use of Confidential Discovery Materials at trial. Given that many of the currently designated materials will not be admissible at trial, and are unlikely to appear on either party's exhibit list, it is premature to address this issue now.

In sum, assuming the Court agrees that resolving pre-trial *Daubert* motions is within the scope of the Order of Referral to Magistrate Judge Ellis, then it is Defendants view that the Court need not schedule a Rule 16 conference until after the summary judgment phase of the case is complete.

If the Court concludes that *Daubert* motions are not within the scope of the Order of Referral, then Defendants respectfully ask the Court to grant the relief requested in the November 1 letter-motion: Enter an Order setting January 22, 2014 as the deadline for the filing of motions challenging the admissibility of expert testimony in this matter, and setting a date 60 days after the ruling on those motions as the deadline for the filing of summary judgment motions.

Sincerely,

Mark J. Rochon / sf

Mark J. Rochon

cc: Hon. Ronald E. Ellis
    All ECF Counsel