# EXHIBIT 2

02/06/2013  15:21    7188553627              BERKMAN LAW OFFICE                    PAGE  02/04

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                           Fax: (718) 855-4696

February 6, 2013

**BY FAX: (212) 805-6737**
Hon. George B. Daniels
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    *Sokolow et al. v. Palestinian Liberation Organization et al.*
       Docket no. 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

We write to inform Your Honor of another salient development further to the recent exchange of letters from the parties regarding the setting of a summary judgment schedule in this case. On January 23, 2012, plaintiffs wrote the court about the 400-page Arabic-language document production made by defendants on January 22 despite the fact that defendants had repeatedly and explicitly informed plaintiffs that they could not locate and so would not be producing any additional documents responsive to plaintiffs' discovery requests in this case, and that "discovery is over." Plaintiffs now write to inform the Court of a *yet another late document production* – of 100 pages in Arabic – that was sent by defendants on January 28, 2013 and received by plaintiffs late last week.

While defendants have tried to portray these repeated late productions as mere "supplemental productions" under Rule 26(e), they are nothing of the sort because the nearly 500 late documents at issue are *internal PA and PLO documents* that have been in defendants' possession *all along* and so could and should have been produced at the very latest by December 21, 2012. "[T]he federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he reasonably *ought* to have been aware." *Ritchie Risk-Linked Strategies Trading v. Coventry First*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (citation omitted) (emphasis in the original).

02/06/2013  15:21    7188553627                BERKMAN LAW OFFICE                    PAGE  03/04

THE BERKMAN LAW OFFICE, LLC

February 6, 2013
Page 2 of 3

Obviously, a party is (or at the very least ought to be) fully aware of its own internal documents. "Counsel must take affirmative steps to monitor compliance so that *all sources of discoverable information are identified and searched.*" *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) (emphasis added).

Likewise, while defendants have tried to portray these late productions as having been made in response to plaintiffs' complaints that their earlier (timely) productions were not complete, that is simply not true: only a small fraction of the nearly 500 new documents are materials that plaintiffs identified as being missing – the vast majority are simply responsive documents that were due, at the latest, on December 21, 2012.

In any event, defendants' duty to produce is not co-extensive with plaintiffs' ability to prove that defendants are withholding documents; therefore, even the small number of documents now produced by defendants due to the fact that plaintiffs had pointed out to defendants that they were missing, are also late.

Defendants have complained that plaintiffs served a large number of discovery requests in late November 2012, and that defendants were therefore unable to meet the December 21, 2012 production deadline. But even if that claim is credited, the proper course would have been for defendants to come forth candidly and say so, and request an enlargement of their time to complete their production (to which plaintiffs would certainly have consented).

Rather than just asking for more time, defendants have decided to employ a "self-help" remedy – i.e., to disregard the deadline and unilaterally make their production more than a month late (and even now it is not clear whether defendants intend to produce even more documents).

Worse, defendants are seeking to turn their late production to their advantage, by "whipsawing" the plaintiffs and the Court: on the one hand, by accident or design, defendants failed to timely produce hundreds of responsive documents in their possession all along; on the other hand, defendants are trying to railroad plaintiffs and manipulate the Court into immediately and prematurely shutting down discovery and setting a quick summary judgment briefing schedule. That should not be allowed.

If the documents at issue were materials that defendants sought to use to prove their case, plaintiffs would have a simple remedy: preclusion under Rule 37. But these are documents that *plaintiffs need* to prove *their* case and preclusion would thus benefit no one but the defendants. Plaintiffs' main remedy for these delays is therefore an adjustment of deadlines that will allow plaintiffs a reasonable amount of time to digest and integrate these late materials into their case. Indeed, plaintiffs are concurrently

02/06/2013  15:21   7188553627              BERKMAN LAW OFFICE                    PAGE  04/04

THE BERKMAN LAW OFFICE, LLC                    February 6, 2013
                                               Page 3 of 3

taking this matter up with Magistrate Judge Ellis, to whom discovery and other non-dispositive matters have been referred.

Accordingly, the Court is respectfully asked to "apply the brakes," and to reject defendants' attempts to stampede the Court into prematurely setting summary judgment briefing and other deadlines.

I thank the Court, as always, for Your Honor's time and consideration.

Respectfully yours,

Robert J. Tolchin

cc: Brian Hill, Esq.