REDACTED—PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

November 13, 2013

**BY HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      I write on behalf of plaintiffs in response to defendants' letter dated November 7, 2013, which opposes plaintiffs' request for a Rule 16 conference. As a preliminary matter, given the parties' sharp disagreement on scheduling, a conference seems in order.

      Moreover, defendants' proposal—to submit *Daubert* motions to Magistrate Judge Ellis, await decision on the *Daubert* motions, file objections, await decision on the objections, file summary judgment motions, await decision on the summary judgment motions, and then set a trial date—is a good idea only if one's objective is to delay the trial of this case for as long as possible. In view of the devastating evidence in this case, which includes criminal convictions of defendants' employees and extensive documentary admissions by defendants of culpability, we understand why defendants have this objective. But justice demands that the Court reject this plan.

      **1. Trial Date.** Defendants' claim that it is premature to set a trial date in this case is baseless. This case is in its *tenth* year. Fact discovery closed on December 21, 2012, and expert discovery is closing on November 22, 2013. Plaintiffs are ready to proceed to trial, and there is no reason why defendants should not be as well.

      First, neither the proposed *Daubert* motions nor defendants' summary judgment motions will simplify or resolve this case prior to trial. Defendants' assertion that *Daubert* motions are particularly important because plaintiffs allegedly rely mostly on

REDACTED—PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

November 13, 2013
Page 2

expert testimony to support their case is simply not correct. As defendants are well aware, the documentary evidence alone demonstrates defendants' liability for the attacks at issue in this case. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████[1] In addition, plaintiffs will submit a host of other documents, such as the perpetrators' convictions and own admissions against interest, as well as official PA publications and broadcasts showing that defendants actively encouraged terrorism by their own security employees. In view of the extensive body of documentary evidence, defendants' suggestion that this case might be resolved or significantly narrowed through *Daubert* motions or summary judgment is frivolous, and it is certainly not a basis for failing to set a firm trial date.

Prior Anti-Terrorism Act ("ATA") cases highlight the fruitlessness of defendants' delay tactics. Only one ATA case involving defendant PA has reached a summary judgment ruling to date; and in that case, the PA's motion for summary judgment was denied—twice.[2] In other ATA cases, courts have rejected attempts to preclude expert testimony of the type that plaintiffs plan to submit here.[3] Thus, defendants' blithe

---

[1] These documents, as well as the various grounds for their admissibility, are discussed at length in plaintiffs' Rule 72(a) objections to certain of Judge Ellis's rulings as set forth in his written Order of July 26, 2013, as well as plaintiffs' reply memorandum in further support of their Rule 72(a) objections. *See* Docket Nos. 328, 331, 334.

[2] *See Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118 (D.C. Cir. 2011) (reversing grant of summary judgment in light of question of fact as to whether PA provided material support to leader of militant organization, and whether militant leader carried out terrorist attack at issue); *Estate of Parsons v. Palestinian Auth.*, Civil Action No. 07-1847 (BJR), 2013 WL 3722169 (D.D.C. July 3, 2013) (denying PA's renewed motion for summary judgment and stating same).

[3] *See, e.g., Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013) (finding expert testimony of various Israeli intelligence experts—including one of plaintiffs' expert witnesses in this case, Dr. Matthew Levitt—admissible); *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316 (E.D.N.Y. 2013) (same); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 523 (E.D.N.Y. 2012) (same).

REDACTED—PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

November 13, 2013
Page 3

statements that they will prevail on both their *Daubert* and summary judgment motions runs counter to their track record.

Second, if defendants wish to file a summary judgment motion despite the many factual issues in dispute, there is nothing to stop them from doing so promptly, as contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(b) contemplates that once discovery is completed, summary judgment motions will be made within 30 days so that cases can proceed promptly to trial.[4] Similarly, Rule 4(A) of Your Honor's Individual Practices provides that, unless otherwise ordered, the parties "shall" submit a Joint Pretrial Order "*within 30 days [of] the date for the completion of discovery in a civil case.*" (emphasis added). Defendants' proposed schedule would set January 22, 2014 (a full month after the presumptive deadline under Rule 56(b)) as the deadline for filing *Daubert* motions and postpone the filing of summary judgment motions until 60 days *after* rulings on the *Daubert* motions. Indeed, defendants' proposed schedule does not even mention the submission of a Joint Pretrial Order.

Under the relevant rules, the schedule proposed by defendants makes no sense. Rather, *Daubert* motions should follow any summary judgment briefing, consistent with Rule 4(B)(iii) of your Honor's Individual Practices, which provides that any "motion addressing any evidentiary or other issues which should be resolved *in limine*" shall be filed 15 days before trial or within 30 days after the filing of the final pretrial order if no trial date has yet been set.

Finally, as the Court is well aware, setting a trial date is often the best way to bring about a resolution. This is particularly true where, as here, the evidence is overwhelming and defendants appear to be trying to "buy time" before the day of reckoning. In this regard, we note that defendants' November 7 letter does not even mention plaintiffs' suggestion that the Court direct the parties to mediate the matter. Setting a trial date will increase the likelihood that mediation or other forms of resolution will be successful.

**2. Confidentiality Designations.** Contrary to defendants' claims, it is not premature for the Court to address the procedure by which documents that have been

---

[4] Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time *until 30 days after the close of all discovery.*") (emphasis added).

REDACTED—PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

November 13, 2013
Page 4

marked as confidential during discovery will be used in hearings or at trial in this case. Defendants' entire argument is premised not only on their incorrect and unsupportable assertion that these documents ▬▬▬▬▬▬ are somehow "inadmissible," but also on their disregard for the express language of the Protective Order—to which defendants *agreed*—that this Court will make a determination as to "the procedure for use of Confidential Discovery Material at trial *or hearings*." (Docket No. 219, ¶ 8) (emphasis added). Indeed, defendants' stated intention to file summary judgment and *Daubert* motions—which will certainly involve the use of documents designated by defendants as confidential—makes it all the more important for the Court to address this issue now.[5] Given defendants' blunderbuss designations of confidentiality, they should be required to show cause on a particularized basis as to why any specific document should remain confidential going forward.

For the foregoing reasons, plaintiffs respectfully request that this Court schedule a Rule 16 conference as soon as reasonably practicable following the close of expert discovery on November 22, 2013.

Respectfully,

*Kent A. Yalowitz /ctr*

Kent A. Yalowitz

cc: Hon. Ronald E. Ellis
All ECF Counsel

---

[5] See Strauss v. Credit Lyonnais, S.A., Nos. 06-CV-702, 07-CV-914 (DLI)(MDG), 2011 WL 4736359, at *3-*4 (E.D.N.Y. Oct. 6, 2011) ("[I]n light of concerns of public access to documents filed in connection with any summary judgment motion to be filed or other motion affecting determination of the merits of these actions, the provision in the Prior Orders requiring the sealing of all documents filed with the Court which contain information designated as 'confidential' or 'highly confidential' cannot stand.").