

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

December 12, 2013

VIA ECF

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

    I write on behalf of Defendants the Palestinian Authority and the Palestine Liberation Organization (collectively, "Defendants") in response to the Plaintiffs' letter dated December 10, 2013, which proposes a pretrial schedule and requests a hearing before the Court.

    **1.  Urgent Guidance Is Needed on Summary Judgment Briefing Deadlines.**

    Plaintiffs are incorrect that "under the default deadlines currently in place – the parties must file the JPTO and any summary judgment motions in less than two weeks." DE 407 at 1. There are no default deadlines currently in place. The Scheduling Order entered June 27, 2011 stated: "Scheduling the briefing of summary judgment motion(s) and pre-trial order submissions is deferred until a later conference." DE 131 at 3. At a hearing on August 9, 2012, the Court set a status conference for January 17, 2013 to address a "motion schedule for full summary judgment submission." 8/9/12 Tr. at 84:2-10. As set forth in Defendants' November 22, 2013 letter to the Court, Plaintiffs failed to appear at the January 17, 2013 status conference and subsequently asked the court in a February 6, 2013 letter "to 'apply the brakes,' and to reject defendants' attempts to stampede the Court into prematurely setting summary judgment briefing and other deadlines." *See* DE 402 at 1. With the default FRCP deadlines having been superseded by the June 2011 Scheduling Order and with Plaintiffs having resisted previous efforts to put a summary judgment briefing schedule in place – to the point of not appearing for the scheduling conference, Plaintiffs' new position that the default rules apply is untenable.

    If the Court disagrees and concludes that summary judgment briefs are, by default, due December 23, Defendants seek to be urgently heard on a motion for a page and time extension. This is a complex case in which Plaintiffs seek $3 billion from a foreign government. As became evident from the expert discovery, this case is being orchestrated by the Israeli Law Center, whose

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. George B. Daniels
December 12, 2013
Page 2

self-professed mission is to engage in "lawfare" to bankrupt organizations it brands as terrorists. It is critically important that the Court serve as a gatekeeper and prevent the Plaintiffs from taking this lawsuit to a jury in its current form. It is no exaggeration to state that Defendants will be greatly prejudiced, with resulting impacts for U.S. and PA foreign relations and for the PA's very stability, if Defendants do not have adequate opportunity to brief a motion for summary judgment.

### 2. The Only Sensible, Efficient Way to Move This Case Forward Is to Brief *Daubert* Motions Before Moving to Summary Judgment Briefing.

Defendants continue to maintain that, irrespective of the practice in the typical civil lawsuit, it is essential, in this case, to resolve *Daubert* motions before briefing motions for summary judgment. *See* DE 386 at 2 (Defendants' Letter of November 7, 2013).

What is unique about this case? Plaintiffs are seeking $3 billion against a foreign government based on ill-defined theories of secondary liability (respondeat superior, incitement, ratification, and material support) in a case where they have identified no fact witnesses (other than on their own damages) who will testify at trial and where they have no ability to subpoena Palestinian fact witnesses at trial. Plaintiffs did not depose any PA or PLO representatives. As to the documents on which they claim to rely, most of which are inadmissible hearsay, Plaintiffs have no witnesses who can authenticate them.

Leaving aside an array of admissibility and authenticity issues with the documents, at best, they support Plaintiffs' claim that some PA employees were involved in some of the alleged terrorist attacks. But Plaintiffs are not suing the employees. They are suing the PA and PLO, and seeking treble damages. On the key issue of whether *the Defendants* can be held liable for the alleged actions of employees, Plaintiffs lack any fact witnesses and any admissible evidence. Plaintiffs thus depend entirely on their stable of Israeli Law Center supplied experts to establish essential elements of their claims. Even with respect to establishing that PA employees were involved in some of the alleged terrorist attacks, Plaintiffs depend on experts to argue for the admissibility of key categories of documents, such as Israeli Military Court convictions.

Trials need witnesses, and Plaintiffs' witnesses are designated as experts but are merely repeating and summarizing hearsay. Plaintiffs' position that *Daubert* motions and summary judgment motions will not simplify or resolve this case prior to trial, DE 397 at 1, is squarely at odds with the undeniable fact that Plaintiffs lack fact witnesses on the Defendants' alleged liability. The Court necessarily must resolve the expert admissibility issues before trial. Whether *Daubert* issues are decided before or after summary judgment briefing will not affect the trial date.



Hon. George B. Daniels
December 12, 2013
Page 3

But the chances of streamlining the case and making the summary judgment briefing a manageable exercise are greatly enhanced by resolving expert admissibility issues first. If Defendants have to brief *Daubert* issues as to Plaintiffs' 14 experts in the summary judgment motion and also have fall-back arguments that assume the experts' opinions are admissible, the summary judgment briefing would become needlessly cumbersome and complex. Even if *Daubert* issues were briefed separately in motions filed concurrent with the summary judgment motion, Defendants anticipate needing 75 pages to address the seven incidents, the host of evidentiary issues raised by the documents on which Plaintiffs seek to rely, and the numerous, vague theories of liability Plaintiffs have cited (incitement, ratification, various forms of material support, etc.). If *Daubert* issues as to the 14 experts need to be addressed within the summary judgment motion, Defendants would need as much as 150 pages to adequately address the issues with Plaintiffs' 14 experts as well as the various legal and evidentiary issues, which change depending on whether the expert opinions come in or stay out.

### 3. Defendants' Response to Plaintiffs' Proposed Schedule

Like the Plaintiffs, we request that the Court set a trial date as soon as possible. But we also urge the Court to set a pre-trial schedule that recognizes that the Court's rulings on the admissibility of experts necessarily inform summary judgment briefing (and rulings), which in turn inform the joint pre-trial order and jury instructions. Accordingly, Defendants propose the following schedule:

- *Daubert* motions due on January 22, 2014; responses to *Daubert* motions due on February 21, 2014; replies due on March 14, 2014.

- Motions for summary judgment (with a 75 page limit, assuming *Daubert* issues previously briefed) due 60 days after rulings on *Daubert* motions; oppositions (also 75 pages) due 30 days after submission of motions for summary judgment; replies due 21 days after submission of opposition briefs, with 30 page limit.

- Joint Pre-trial Order due 30 days after ruling on motions for summary judgment.

- Jury instructions due 30 days before trial.

Defendants are prepared to discuss the proposed schedule and any other matters at the Court's earliest convenience.



Hon. George B. Daniels
December 12, 2013
Page 4

Sincerely,

Mark J. Rochon

cc: Hon. Ronald E. Ellis
    All ECF Counsel