# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 15, 2014

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
            Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      We write on behalf of plaintiffs to request a pre-motion conference to consider appropriate sanctions for defendants' violation of this Court's multiple orders requiring them to produce documents from the files of the Palestinian Authority's General Intelligence Service ("GIS") regarding the perpetrators of the attacks in this case.

      As discussed below, it is indisputable that defendants continue to withhold responsive and highly relevant GIS documents. In view of this violation of the Court's orders, plaintiffs seek sanctions pursuant to Rule 37(b)(2)(A), including evidentiary findings, preclusion of defenses, and/or remedial jury instructions.

      As the Court will recall, plaintiffs sought production of GIS documents ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This Court rejected defendants' assertions of privilege and required production of the GIS documents by Order dated July 26, 2013 (Ex. A). Defendants then violated that Order by producing documents that had been extensively redacted to remove the very information that the Court had already held could not be withheld on grounds of privilege. Following extensive additional briefing, this Court issued a *second* Order dated November 4, 2103 (Ex. B) ordering the production of unredacted copies of all GIS documents by 5:00 p.m. on November 6. That Order stated that "[t]he July 26 Order unambiguously required Defendants to produce the GIS documents" and that, by refusing to produce those documents "Defendants have done precisely what is forbidden in this District" by continuing to make arguments "rather than treating the July 26 Order as a directive."

# ARNOLD & PORTER LLP

January 15, 2014
Page 2



Despite two Court orders and this stern warning, defendants are still withholding GIS documents. ▮

Plaintiffs sent this list to defendants (Ex. E) demanding immediate production of all missing documents and stating that we would seek sanctions if no such production was made. Defendants sent an email on January 8 (Ex. F) indicating that ▮ had been produced and stating that they would "let you know when we hear back about whether any of those further items are within our client's possession custody or control."

This lackadaisical response shows why sanctions are necessary. Fact discovery has been closed for over a year, and defendants have been twice ordered to produce all GIS documents regarding these perpetrators. Defendants have not only failed to comply; they concede that they have not even bothered to look for the documents they have twice been ordered to produce, and will not even commit to producing the missing materials.[1]

This failure is particularly egregious because defendants attempted to hide the existence of these missing documents by improperly redacting ▮ (following the Court's July 26 Order). Worse, defendants claimed that their redactions (made in violation of the Court's July 26 Order) were necessary to prevent the disclosure of the names of confidential informants. In fact, as became evident once plaintiffs received and translated the unredacted documents, the redactions were used to ▮ We cannot imagine what story defendants will come up with next to explain their failure—at this late date—to search for ▮ Such

---

[1] The documents at issue ▮ defense counsel's putative need to "hear back about whether any of those further items are within our client's possession custody or control" is therefore non-existent.

# ARNOLD & PORTER LLP

January 15, 2014
Page 3

foot-dragging and cavalier disregard of the Court's Orders is not consistent with the obligation of good faith expected in this Court.

Defendants' serial violations of the Court's Orders demonstrate that they cannot be trusted to produce all the GIS documents—no matter what additional orders this Court may issue. Their refusal to produce speaks volumes; the documents must surely contain ▮▮▮▮▮▮▮▮▮▮ that are devastating to defendants' claims. Accordingly, sanctions, in the form of evidentiary findings, preclusion of defenses, and remedial jury instructions, are appropriate here. In fact, Judge Gershon issued just such an order in another case under the Anti-Terrorism Act, *Linde v. Arab Bank, PLC*, 269 F.R.D. 186 (S.D.N.Y. 2010), where the defendant failed to produce documents as ordered. Specifically, the court ordered that the jury would be instructed that the defendant bank knowingly and purposefully provided financial services to terrorists and terrorist organizations and it precluded the defendant from asserting certain defenses or contentions at trial and entered a number of other sanctions. Notably, sanctions were imposed in *Linde* despite the defendant's claim that it could not comply with discovery without violating foreign banking secrecy laws. Here, by contrast, defendants' failure to produce crucial documents stems from nothing but their own recalcitrance. Therefore, similar sanctions are warranted here.

In this Circuit, Rule 37(b) sanctions must be "tailored to the offensive conduct." *Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, 2013 WL 3056805 at *3 (S.D.N.Y. June 19, 2013). It is not possible, in the limited space of a pre-motion conference letter, for plaintiffs to set out the range and details of all appropriate sanctions here, in light of the specific documents that are being withheld, their relationship to the terrorist perpetrators and attacks, and how the absence of each document (or category of documents) harms plaintiffs' ability to prove defendants' liability for each of the attacks.

Thus, the presentation of this application will require full briefing, and we request that the Court set a pre-motion conference to schedule briefing on the motion, or issue an order permitting plaintiffs to file their motion without a pre-motion conference.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel