```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3   -----------------------------------------X
                                              :
 4   SOKOLOW, et al,                          : 04-CV-397 (GBD)
                                              :
 5                         Plaintiffs,        : December 16, 2013
                                              :
 6                 v.                         : 500 Pearl Street
                                              : New York, New York
 7   PALESTINE LIBERATION ORGANIZATION, et al, :
                                              :
 8                    Defendants.             :
     -----------------------------------------X
 9

10        TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY DISPUTES
               BEFORE THE HONORABLE RONALD L. ELLIS
11                UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiffs:          KENT YALOWITZ, ESQ.
                                  PHILIP HORTON, ESQ.
14                                Arnold & Porter
                                  555 12ᵗʰ Street NW
15                                Washington, DC 20004

16

17   For the Defendant:          LAURA FERGUSON, ESQ.
                                  BRIAN A. HILL, ESQ.
18                                MARK ROSHAN, ESQ.
                                  Miller & Chevalier, Chtd.
19                                655 15th Street NW, #900
                                  Washington, D.C.  20005
20

21
     Court Transcriber:          SHARI RIEMER
22                                TypeWrite Word Processing Service
                                  211 N. Milton Road
23                                Saratoga Springs, NY 12866

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1          THE COURT: Good afternoon.  This is Judge Ellis.

2    Can I have your appearances?

3          MR. YALOWITZ:  Kent Yalowitz, Phil Horton, Arnold &

4    Porter for plaintiffs, Your Honor.

5          MS. FERGUSON:  Laura Ferguson, Brian Hill and Mark

6    Roshan for defendants.

7          THE COURT: Thank you.  This conference in <u>Sokolow v.</u>

8    <u>Palestine Liberation Organization, et al.</u>, 04-CV-397.  It is

9    Monday, December 16th at approximately three p.m.

10          The case has been referred for general pretrial and

11   I gather that Judge Daniels' chambers has informed the parties

12   that he wishes me to set the schedule for the general pretrial

13   order and any motions which the parties wish to file.  Is that

14   correct?

15          MR. YALOWITZ: Yes, Your Honor.  We gathered that

16   from Judge Daniels chambers Friday afternoon.

17          THE COURT: I understand that the parties have been

18   working towards trying to do the joint pretrial order by

19   December 23rd.  Is that correct?

20          MS. FERGUSON: No, Your Honor.  This is Laura

21   Ferguson for the defendants.  It's our position that the

22   pretrial order and summary judgment brief are not due on

23   December 23rd and that it makes the most sense to defer the

24   pretrial order until the case has been sort of focused through

25   Daubert motions and motion for summary judgment.

3

1          THE COURT: That's not Judge Daniels' view and indeed

2    and referring me to his general rules it's his expectation

3    that you would do the joint pretrial order within 30 days of

4    the completion of discovery.  I understand --

5          MS. FERGUSON: Your Honor --

6          THE COURT: I understand you have a different view of

7    it but the --

8          MS. FERGUSON: There was a scheduling order, Your

9    Honor, entered in 2001 that deferred the briefing of summary

10   judgment motions and pretrial submissions until a later

11   conference and then that conference was to have been in

12   January and that was a conference in which plaintiff's counsel

13   did not show up and then plaintiff's counsel subsequently sent

14   a letter arguing that it was too [inaudible] to set a schedule

15   for summary judgment briefing.

16          So it was our position that the default rule did not

17   apply because of the previous scheduling order and the

18   statements made by Judge Daniels at the August 2012 hearing.

19          THE COURT: Well --

20          MR. YALOWITZ: Your Honor --

21          THE COURT: Go ahead.

22          MR. YALOWITZ: I'm sorry, Your Honor.  Please, you go

23   ahead.

24          THE COURT: I was going to say I was not told that

25   anything that Judge Daniels said in that conference changed

4

1    his rules but go ahead.  What are you going to say, Mr.

2    Yalowitz?

3            MR. YALOWITZ: Thank you, Your Honor.  I was going to

4    say that we -- from the plaintiff's side we have been working

5    very diligently to prepare the joint pretrial order.  We would

6    like a little bit of additional time in order to winnow down

7    our exhibits and exchange proposed exhibit lists and

8    deposition designations with the defendants.  We did propose a

9    schedule to them for exchanging exhibit lists and other pieces

10   of the proposed order this week if the court does not give

11   relief from the December 23rd deadline.  We could certainly

12   meet the December 23rd deadline.  In candor, I think we would

13   do a much better job with the additional 30 days that we've

14   requested in our letters to Judge Daniels but we're prepared

15   and can meet the court's December 23rd deadline although we

16   have asked for relief from that.

17           MS. FERGUSON: Your Honor, respectfully, I don't

18   think it makes any sense to move forward with a joint pretrial

19   order when there are so many issues to be resolved through

20   Daubert motions and motions for summary judgment and we

21   certainly strongly believe that in a case seeking $3 billion

22   against the Palestinian Authority that we could have the

23   opportunity to brief these issues and we certainly are not in

24   a position to adequately brief a motion for summary judgment

25   on December 23rd.  So if Your Honor is under the impression

5

1  that that is our operative deadline then we would certainly

2  need an extension.

3          THE COURT: Well, a couple of things.  First of all,

4  I think that obviously each of the district judges does things

5  differently.  It is my understanding from Judge Daniels'

6  communications and the letters that he sent and communications

7  he's had with you that he does intend to have the joint

8  pretrial order.  One of the ways that he brings issues for

9  even summary judgment is to know what issues there are

10 outstanding in the case.

11         So while I think it's within the referral for me to

12 give you relief from the date it is my expectation that coming

13 out of our conference we will have a date for the final

14 pretrial order and that after the final pretrial order the

15 parties engage in additional briefing on the -- what the

16 defendants say as a summary judgment.

17         What I've indicated to counsel previously is that

18 the motions in limine would be decided in conjunction with the

19 summary judgment motion, however.

20         MS. FERGUSON: Your Honor, when you say in

21 conjunction with, do you mean filed simultaneously with or do

22 you mean included within the summary judgment briefing itself

23 in which case we would need -- well, in any event, we need

24 additional page limit.  So we would need considerably more

25 pages if it's all to be encompassed within one omnibus brief

6

1    because we have ten liability experts that we need to address

2    on the plaintiff's side.

3            THE COURT: Well, I don't think it needs to be

4    incorporated although obviously to the extent that you're

5    going to make a motion for summary judgment you can ask him to

6    consider your motions in limine.

7            That is, if I understand correctly what the

8    defendants are going to be arguing in their motion in limine

9    is that certain of the experts should not be allowed to

10   present evidence.

11           MS. FERGUSON: Correct.

12           THE COURT: To the extent that you make your motion

13   for summary judgment and that depends on whether or not these

14   witnesses are -- the expert witnesses will be considered, he

15   will consider the motions in limine as one of the facts that

16   are either established or not established.  So if he excludes

17   the experts then he'll know that that's a fact that will not

18   be considered for example.

19           MS. FERGUSON: Just to be clear, we had sought the

20   relief of briefing the Daubert issues first so that the

21   summary judgment briefing is less complicated because if we're

22   briefing the Daubert issue together with the summary judgment

23   briefing we have to consider numerous [inaudible] depending on

24   what opinions are coming in or coming out in terms of various

25   liability theories that the plaintiffs have indicated they may

7

1  rely on.  So I guess in part --

2          THE COURT: I understand the point that you're making

3  and I can only tell you that to the extent that you have made

4  that issue known to Judge Daniels he has not changed his view

5  that he wants to consider the summary judgment motion together

6  with the motions in limine, the Daubert motions and any other

7  motion in limine that you wish to present whether it makes it

8  complicated or not.

9          MS. FERGUSON: Okay. So then I guess for us then it's

10 just a question of timing and page limit.  I don't know in

11 what order you want to address that versus the timing of the

12 pretrial order.

13         THE COURT: Although for some lawyers the timing and

14 the page limits are related because --

15         MS. FERGUSON: Well, yes.  As one of the drafters I'm

16 acutely [inaudible] to this issue, yes.

17         THE COURT: Well, let's first talk about the final

18 pretrial order which as you -- I'm sure as [inaudible] Judge

19 Daniels orders indicate that he does contemplate that that be

20 the first part of business and that will be the overall

21 framework in which he decides everything.  That is when the

22 parties talk about what is being contested, what their

23 positions are, what their assertions are then when any further

24 motions are filed whether they're motions for summary judgment

25 or in limine he will be able to consider that in the total

8

1  context of what's being alleged in the case.

2          So I understand that the plaintiffs say that they

3  have been working toward it but the defendants say they

4  haven't and the plaintiffs said while they're prepared they

5  would appreciate a little more time.  So I could -- in

6  obviously granting him more time I would ruin some people's

7  holidays but I'm sure that's a trade off you're willing to

8  take.

9          MR. YALOWITZ: We would appreciate the 30 days, Your

10 Honor.

11         MR. ROSHAN:  Judge, this is Mark Roshan and I'm

12 going to turn this back over to Ms. Ferguson but we'd

13 appreciate a little bit more than the 30 days that the

14 plaintiffs are asking for the filing of the joint pretrial

15 order.  We may have been operating albeit mistakenly it may be

16 according to Judge Daniels under the belief that the prior

17 statements that these dates would be set at a future date were

18 controlling and not that the 23rd was controlling.  So we would

19 appreciate some time in addition to the 30 days requested by

20 the plaintiffs.

21         THE COURT: I can only tell you my honest view on

22 that is I thought the 30 days was me being generous.

23         MR. YALOWITZ: Thank you, Your Honor.  We very much

24 appreciate it.

25         THE COURT: So you'll get the 30 days.  Actually,

9

1  considering what's required in the final pretrial order I'm

2  not sure whether you'd be able to convince Judge Daniels that

3  I was wrong in giving you as much as a month.

4        MR. YALOWITZ: I'm assuming you're the final word on

5  this issue, Judge.

6        THE COURT: I think you've been reading between the

7  lines.

8        Well, we'll leave it at this.  I think a month seems

9  to be adequate.  I know that the plaintiffs have alleged that

10 they've been doing some work and if in getting together

11 that -- there prove to be any unworkable problems or anything

12 unexpected comes up that's a snag you will present to me and

13 not to Judge Daniels and I will consider it but I think

14 frankly -- I think you can do it in the month.  I know that

15 the parties believe that it's sufficiently complicated

16 although I don't think I've ever seen a joint pretrial order

17 which could not have been done in the time that was allotted

18 by the court.

19       MR. YALOWITZ: I'm sure we'll be able to get it done

20 within the enlarged time, Your Honor.  We very much appreciate

21 the indulgence.

22       THE COURT: January 22, 2014 for the joint pretrial

23 order.

24       Now, in theory the other motions that the defendants

25 -- I guess what the defendants wish to do is to then file a

10

1  summary judgment motion.

2          MS. FERGUSON: Well, we would also be filing Daubert

3  motions because --

4          THE COURT: Right.

5          MS. FERGUSON:  -- expert's opinions are just

6  essential to the case.

7          THE COURT: I say the summary judgment motion because

8  I am -- what I plan to do is consider the summary judgment

9  motion schedule with the expectation that you will be

10 submitting whatever other motions so that they can be

11 considered while Judge Daniels considers the summary judgment

12 motion.

13         MS. FERGUSON: Yes.

14         THE COURT: So you're right in that it includes the

15 Daubert and other in limine motions but in essence basically

16 what he wants to do is consider the summary judgment motion.

17 So I don't know if you've thought about how much time you

18 would take given the limitations of including all of the other

19 motions because I don't know -- how many Daubert motions were

20 you planning?

21         MS. FERGUSON: Well, as many as ten, Your Honor,

22 because --

23         THE COURT: Ten?  That's a number after nine?

24         MS. FERGUSON: Yes.

25         THE COURT: Okay.

11

1          MS. FERGUSON: They have ten liability experts.

2          MR. HILL: Your Honor, this is Brian Hill.  If we're

3    going to -- if all motions in limine are going to be due

4    simultaneously we need to move on the damages expert as well I

5    suppose.  So that would be as many as 14.

6          THE COURT: Okay.  I'm giving you an opportunity to

7    express an opinion in the first instance.

8          MS. FERGUSON: I guess we would like to have until

9    January 22nd then because there is a substantial amount of

10   briefing.

11         THE COURT: Okay.

12         MR. YALOWITZ: Your Honor, January 22nd sounds good to

13   us.  Normally at least in a lot of cases -- I think you're

14   right, every judge does it differently and cases -- some cases

15   have some individual tailoring but it's pretty common in the

16   Southern District of New York to file your summary judgment

17   brief the same day you file your joint pretrial order.

18         THE COURT: Well, I -- it's also true in a lot of

19   cases people don't get to file summary judgment motions

20   because it turns out that they have seen the writing on the

21   wall but in this case --

22         MR. YALOWITZ: That would be fine with us too, Your

23   Honor.

24         THE COURT: Who's speaking?

25         MR. YALOWITZ: It's Kent Yalowitz.

12

1          MS. FERGUSON: The defendants --

2          MR. YALOWITZ: Plaintiffs would like --

3          MS. FERGUSON:  -- [inaudible] summary judgment.

4          MR. YALOWITZ: The plaintiffs would like a trial date

5    and we think that the prospect of summary judgment is to say

6    remote is being generous but you can't -- nobody can prevent

7    the defendants from filing their motion.  They have to be

8    allowed to file it.  So --

9          MS. FERGUSON: Obviously the defendants strongly

10   disagree.  There are seven different cases essentially rolled

11   up in one lawsuit here.  We have seven different incidents

12   involving a host of alleged perpetrators, many different

13   theories of liability.  I mean thousands and thousands of

14   pages of documents that are basically inadmissible hearsay but

15   they will have to make evidentiary arguments about.  It's a

16   very complex case and it simply would be highly prejudicial

17   for it to go to a jury in its current form.

18          THE COURT: Well, I know this may be a bit unfair but

19   I have to assume that to the extent that any party had been

20   contemplating motions such as this -- we're not starting from

21   scratch because before you could even make the representation

22   about how solid your motions are I'm sure there have been

23   memos and other things that have gone back and forth so that

24   it's more a question of pulling it together and putting it on

25   paper than trying to come up with theories.

1    MS. FERGUSON: Well, for example, with respect to the

2    Daubert motions we still don't have all of the transcripts

3    from the expert depositions.  So -- there's also -- the

4    documents are foreign language documents.  So there's

5    translation issues and it's a very big [inaudible] case.  We

6    actually have been working on it but -- of course but

7    combining the Daubert and the summary judgment briefing is a

8    huge undertaking and a case of incredible importance to our

9    client and -- I can't overstate that point.  This is a foreign

10   government that would be tried in front of a jury in New York

11   over charges of terrorism for acts that occurred over a decade

12   ago based on a lot of hearsay and expert summarizing hearsay

13   and it's just -- we'd really like an opportunity to be heard

14   why there is no admissible evidence linking our clients to

15   these attacks.

16       THE COURT: Well, let me just say that in the

17   beginning it's my view that every case that comes before the

18   federal court is a case of importance even if it involves pro

19   se's and it's just somebody's individual claim.  I treat them

20   all that way.  So while I understand for any individual party

21   there may be significant amounts of money, prestige, other

22   things involved, I think that all cases should be treated as

23   if the resolution of the case is the most important thing to

24   the litigants involved.

25       It's not my policy or practice to make it impossible

14

1  for people to do what they have to do but I also think it's

2  true that no matter what the court does the lawyers will fill

3  up whatever time you have given them.  I don't do rocket

4  docket.  I don't make people do things under unreasonable time

5  constraints but I always leave it open for somebody to

6  convince me that they have had inadequate time or there's some

7  problem.  I think even in this case we've adjusted a number of

8  time frames because of issues that have come up including

9  issues involving translations and other problems.  So whatever

10  we set will -- I'll always have an open mind but the parties

11  still have to show me what they've done and where they are.

12         So with respect to the motions, I'll give you until

13  February 28th.

14         MS. FERGUSON: Thank you, Your Honor.

15         THE COURT: And for the -- I know that the plaintiffs

16  haven't seen the motions yet but it seems to me that you want

17  to do a response as quickly as possible.

18         MR. YALOWITZ: I think 30 days ought to be adequate,

19  Your Honor.  If we run into trouble -- if 30 days is

20  appropriate in your view we would appreciate it and subject to

21  the same thing you said before if we ran into trouble.

22         THE COURT: I'll give the defendants two weeks for a

23  reply if any.  Again, since I'm going to be in control of this

24  I do want the parties to understand that as long as you make

25  this a priority and you're putting the time and effort into

15

1   getting these things done I'll listen to anything that comes

2   up in terms of the difficulties that you -- that arise.

3               We'll make this order.

4               MR. YALOWITZ: Before we leave the scheduling, could

5   we also have a date for jury instructions?

6               MS. FERGUSON: Before we leave summary judgment

7   briefing, under the rules we would normally just get 25 pages

8   and we previously asked for 75 again because there are

9   essentially seven cases rolled into one lawsuit.

10              THE COURT: When you say seven cases, you mean

11  seven --

12              MS. FERGUSON: Seven separate alleged attacks

13  involving in each case different groups, different theories,

14  different alleged perpetrators.  I mean a host of experts.

15  It's simply -- we couldn't do the issue justice in 25 pages.

16              THE COURT: Well, let me ask you.  The plaintiffs

17  agree that it's -- in terms of the seven -- I mean there are

18  seven incidents; is that correct?

19              MR. YALOWITZ: Your Honor, it's certainly correct

20  that there were seven terrorist attacks in the case.  There's

21  an enormous amount of commonality and there's an enormous

22  amount of overlapping evidence and the idea that this was just

23  seven random cases slapped together I don't -- I don't think

24  that's what the defendants are saying and if they are --

25              THE COURT: I didn't understand them to say there

16

1  were seven random slapped together although I'm not -- and I

2  haven't seen --

3          MS. FERGUSON: I --

4          THE COURT: Let me just -- I haven't seen the expert

5  reports but you're not suggesting that the expert reports

6  treat them in such a way that they talk about them as seven

7  separate incidents but that they -- don't they -- don't the

8  expert reports talk of them together?

9          MS. FERGUSON: In some respects the experts do

10 address the incidents separately and for each of the seven

11 incidents you have to sort of analyze separately the different

12 categories of evidence that the plaintiffs are relying on and

13 it's different for each of the cases.  So I mean you really do

14 have to address the cases on an incident by incident basis and

15 they really -- they truly do pose different issues, different

16 legal issues, different evidentiary issues as to each

17 incident.

18         MR. YALOWITZ: Judge, to add to that.  This isn't a

19 case where there's a gang going around doing seven crimes in a

20 row like you'll see in some cases.  The plaintiffs claim and

21 their experts claim that there were different actual

22 perpetrators for each incident.  For the most part there's one

23 or two individuals who overlap in one or two incidents.  They

24 have brought it against the PA and the PLO of course and we

25 are the defendants but as to the incidents themselves the

17

1    alleged perpetrators are different across the seven incidents

2    and they're spread over a two year -- a two or three-and-a-

3    half year period.  So there are great differences among the

4    incidents.

5            MS. FERGUSON: And --

6            MR. YALOWITZ: Some of them you have [inaudible] some

7    material support and others -- they've got other theories they

8    started to wave around a little bit.  So we have to address

9    the various theories that have been put forward by the various

10   experts.  Their experts describe them incident by incident.

11           MS. FERGUSON: And, Your Honor, if I could just add

12   that the question here is PA and PLO liability and in most

13   cases the plaintiff seems to be arguing some sort of secondary

14   theory of liability and those issue are very complicated and

15   just in terms of material support alone there's many different

16   possible theories for material support.  So we have to address

17   each of those.  We have to address --

18           THE COURT: Okay.  Here's what I'm going to do again

19   bearing in mind that when I'm setting page limits for my own

20   cases I'm very conservative and certainly I'm a little

21   concerned about setting page limits when I'm not actually

22   going to be considering the motion.  But based upon what

23   you've told me I'll go ahead and grant you 50 pages.  When you

24   get the final pretrial order if there's anything about the

25   final pretrial order which you think supports the argument

18

1    that you've made then let me -- let's air it out that way so

2    that I can do it in a context of the way the issues are

3    presented in the final pretrial order.

4                    MS. FERGUSON: All right, Your Honor.  Thank you.

5                    MR. YALOWITZ: So, Your Honor, that would bring us to

6    jury instructions.

7                    THE COURT: Yes.  Well --

8                    MR. YALOWITZ: If I may, I would suggest that we file

9    jury instructions 30 days after we submit the joint pretrial

10   order.

11                   MS. FERGUSON: That won't be workable for us because

12   that's the time we were preparing our summary judgment brief

13   and Daubert motions and also -- we believe that a lot of these

14   issues will be narrowed and it makes more sense to do jury

15   instructions when we have a better handle on what the case

16   looks like.

17                   MR. YALOWITZ: I'm not -- we also may have some

18   motion practice we want to do.  It sounds like in limine.  I

19   think the court is expecting all in limine briefing to be done

20   on the February 28th schedule.  So both sides will certainly be

21   busy.  On the other hand, despite what I'm hearing from the

22   defense I actually don't think the case is all that

23   complicated and I don't think that jury instructions in an

24   anti terrorism case are all that complicated.  I just think

25   that the sooner we get those done the better it is and it

19

1   certainly will help the parties -- they have to be looking up

2   the applicable legal regime anyway to write their summary

3   judgments briefs.  So I think it's customary to get them done

4   quickly after the JPTO and we'd certainly like to follow that

5   custom here, Your Honor.

6          THE COURT: Well, I did not read Judge Daniels' rules

7   and I have not asked -- many of the judges require that the

8   parties agree on a request to charge and even on voir dire

9   questions.  I don't think it is required that, although some

10  of the judges sort of do a modification, that is you present

11  joint charges and voir dires except where you disagree and

12  therefore they would only -- it would be presented by either

13  side would be things that one party thinks are either

14  inappropriate or believe that are necessary.

15         So it's not entirely clear to me that the parties

16  would be having a disagreement on most of the charges.  So I

17  guess in that respect I would agree with the plaintiffs on

18  this but are you anticipating that there will be -- with

19  respect to the requested charge, are you expecting there to be

20  a lot of things you'll disagree with or just --

21         MS. FERGUSON: Absolutely, Your Honor.  This is an

22  area where a lot of -- there are many issues that have just

23  not been litigated yet.  There's lots of issues of causation

24  and intent and what needs to be shown. The whole issue of

25  respondeat superior in the context of this statute hasn't

1  really been litigated.  There's just a lot of unanswered legal

2  questions and I expect there to be many areas of disagreement.

3  This is not a well developed area of the law.

4          THE COURT: Well, here's what we're going to do.  I

5  mean obviously the parties have some work and we are talking

6  about request to charge and voir dire and the reality is that

7  those are really tied to the trial itself and we haven't set a

8  trial date.  So what I'll do -- I think the parties -- again,

9  as I've said before, I expect that you've been sort of at

10  least banding this about even if you haven't sat down and

11  started to seriously give it a go but when counsel can tell me

12  that they're familiar enough with the area to know how

13  desperate the parties positions are likely to be I have to

14  assume that they haven't been sitting idly by and have been

15  doing some homework.

16          So where we'll leave that is this.  I will -- we'll

17  schedule another conference as we see how things are going

18  along because while I think we'll set a date for the charges

19  and the voir dire it's not something which is going to hold

20  anything up at this point.

21          MR. YALOWITZ: That sounds like a good plan to me,

22  Your Honor.

23          THE COURT: Okay.  But I will be speaking with you

24  when the new year draws so that we can reassess.  I also -- I

25  need to see if at some point we'll be in a position to talk

1    about an actual trial date but I think --

2              MR. YALOWITZ: I was going to raise that as well with

3    you, Your Honor.  What you said about every case being

4    important to the litigants is really true.  I've spent a lot

5    of time talking with people about being judges and that's a

6    theme I hear very often and I agree with it and certainly from

7    the plaintiff's perspective I know that the individual

8    plaintiffs I've had the privilege of meeting with and visiting

9    with are very anxious to reach closure in this case and I

10   don't want to belabor it but I'm sure you can imagine that

11   this is a very, very important case to those families.

12             MS. FERGUSON: And our side the plaintiffs are

13   seeking $3 billion in damages [inaudible] foreign government

14   [inaudible] us.

15             THE COURT: Let me say this.  While I believe that

16   Judge Daniels will even empower me to set the trial date, I

17   have not talked with him about his schedule and before we can

18   do that I need to know, for example, if he's got any criminal

19   matters which are coming up and what the timing on those are

20   because obviously that would -- no matter how important any

21   individual party or judge thinks cases are, their obligations

22   in criminal matters which trump even the most important of

23   civil cases.  So I'll have to have a talk with him and see

24   what time frame next year he's likely to be available so

25   that -- and part of that may be what you put in the final

22

1    pretrial order about how long the trial is going to last.

2            Do you have some idea right now?

3            MS. FERGUSON: I'm not sure what fact witnesses the

4    plaintiffs would have, Your Honor.  I think it's a case that

5    seems to be largely a matter of experts.

6            MR. YALOWITZ: Your Honor, we believe the case is

7    likely to take with both sides, plaintiff's side and

8    defendant's side we suspect the case will be less than two

9    months but probably not a lot less.

10            MR. HILL: Your Honor, this is Brian Hill.  Just to

11    remind you of an issue that came up when we first met with you

12    to schedule this back in September 2011, I mean we are

13    reserving the right to seek severance at trial and that's all

14    [inaudible] what if any of these incidents are going to go to

15    trial once we get summary judgment motions.  So it's going to

16    be a little hard to tell what the length of the trial would be

17    and whether there would be more than one and that issue is

18    still to be decided.

19            THE COURT: Okay.  Well --

20            MR. YALOWITZ:  We would strongly oppose any

21    bifurcation or trifurcation or [inaudible] or anything like

22    that.

23            THE COURT: Well, I think if not explicitly stated

24    the question of severance ought to be in the joint pretrial

25    order.  These are factors that Judge Daniels will want to

23

1  consider in terms of how he deals with these and also in terms

2  of setting a trial date because I'll have to talk with him

3  about that too.

4         MS. FERGUSON: So, Your Honor, is there a date for

5  another conference?

6         THE COURT: Not yet.

7         MS. FERGUSON: Not yet, okay.  We'll wait.

8         THE COURT: The new year will bring with it some

9  challenges for me that I need to deal with and I know that

10  I'll be on criminal duty for part of that and things get

11  constricted on either side of criminal duty.  So I probably

12  won't have a good sense until the beginning of January.

13         MR. YALOWITZ: So we'll look forward to speaking with

14  Your Honor in the new year with regard to the -- I'm sure that

15  you and Judge Daniels will [inaudible].  I did happen to look

16  while we were speaking at his individual practices and he is -

17  - his default is for jury -- request to charge and voir dire

18  is 30 days following the JPTO and we would certainly be happy

19  to go with the default rule, Your Honor.

20         THE COURT: Okay.

21         MS. FERGUSON: We would like additional time given

22  the summary judgment and motions in limine briefing schedule.

23         THE COURT: Well, that -- and if you've looked up his

24  rules you know that although that's the default the

25  alternative is to tie it to the trial date and at least two

24

1  weeks before the trial.

2            MR. YALOWITZ: Correct.

3            THE COURT: We'll probably -- we'll definitely fall

4  within those parameters.

5            MR. YALOWITZ: Okay.  That's very encouraging.

6            THE COURT: Okay.  We'll be adjourned.  Thank you.

7                        *  *  *  *  *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

25

1        I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                              _____

6                                        Shari Riemer

7   Dated:   January 16, 2014

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25