

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

January 27, 2014

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization, et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

      I write to request a modification to the existing schedule for briefing Motions in Limine and the Defendants' Motion for Summary Judgment in this matter. As the Court is aware, the parties appeared before the Court via teleconference on December 16, 2013 to discuss the schedule in this matter. During the call, the Court set January 22 as the deadline for filing the proposed Joint Pretrial Order and February 28 as the deadline for filing Motions in Limine and the Defendants' Motion for Summary Judgment. Those dates were subsequently memorialized in an Order dated December 17, 2013 (DE 410).

      Shortly after those dates were established, counsel for the parties agreed to exchange exhibit lists and deposition designations on January 10 in order to give each side adequate time to prepare the objections and counter-designations which were required for inclusion in the proposed Joint Pretrial Order under Judge Daniels' Individual Practices. Defense counsel requested that the parties also exchange copies of exhibits as well as lists, but Plaintiffs' counsel refused to do so. On January 10, defense counsel sent Plaintiffs' counsel Defendants' exhibit list along with labeled copies of Defendants' 69 trial exhibits. Defendants also included in their numbered set of exhibits certified English translations of all documents on Defendants' exhibit list that were in a language other than English.

      Plaintiffs, by contrast, sent Defendants only a list of exhibits, most of which were identified only by bates number. Plaintiffs subsequently amended their exhibit list on January 15, 16, 19, 21 and 22. Plaintiffs' amended Exhibit list containing 870 exhibits was served as Exhibit 3-1 to the proposed Joint Pretrial Order on Judge Daniels' chambers via FedEx on January 22 in accordance with the Court's Orders. Plaintiffs' 870 exhibits consist of thousands of pages of material. Of those 870 exhibits, at least 475 exhibits are in a language other than English, but plaintiffs have not provided certified English translations of any of those exhibits. In addition, it appears to Defendants that at least 482 of Plaintiffs' exhibits were not disclosed or produced prior to the fact discovery deadline of December 21, 2012. Indeed, it appears to Defendants that 36 of Plaintiffs' exhibits have never been produced to Defendants at all.



Hon. Ronald L. Ellis  
January 27, 2014  
Page 2

Moreover, in addition to their 14 expert witnesses, Plaintiffs listed a total of 79 fact witnesses who may appear live at trial, 35 of which were not named in Plaintiffs' Initial Disclosures. None of these 35 witnesses were deposed in this matter, and a significant number of those witnesses appear to be beyond the subpoena power of this court. Plaintiffs also designated deposition testimony from 16 deposition transcripts, 2 of which had not been previously disclosed in this case.

During the December 16, 2013 conference the Court indicated that it would revisit the briefing schedule if needed after the proposed Joint Pretrial Order was completed. *See* December 16, 2013 Tr. at 13-15, 17-18. Defendants respectfully submit that there is good cause to adjust the schedule for briefing Motions in Limine and the Defendants' Motion for Summary Judgment due to the number and nature of the exhibits and non-expert witnesses listed by Plaintiffs in the proposed Joint Pretrial Order. Defense counsel believe that they can reasonably complete Defendants' Motions in Limine pertaining to Plaintiffs' 14 expert witness on the previously scheduled date of February 28. However, we do not believe we can reasonably complete the remaining Motions in Limine related to the 35 fact witnesses which were not listed in Plaintiffs' Initial Disclosures or related to the 870 exhibits, 482 of which were produced after the close of fact discovery, 475 of which lack certified English translations, and 36 of which have never been produced at all, by the existing February 28 deadline. Accordingly, we respectfully request that the Court adjust the briefing schedule as follows, and adjust the dates for opposition and reply briefs by similar margins:

| | |
|---|---|
| February 28: | Motions in Limine regarding Expert Witnesses Due |
| March 14: | All other Motions in Limine Due |
| March 28: | Defendants' Summary Judgment Motion Due |

We are willing to address any questions or concerns that the Court may have during the teleconference scheduled for February 10, 2013 or at another time convenient for the Court.

Sincerely,

Brian A. Hill

cc: Plaintiffs' Counsel of Record