**ARNOLD & PORTER LLP**

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 3, 2014

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>         Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

I write in response to defendants' letter dated January 27, 2014, requesting modification of the existing schedule (Docket No. 420).

This is the seventh time that defendants are asking that the Court delay the schedule for briefing *in limine* motions and decouple them from summary judgment motions. Defendants have been told repeatedly that the Court will decide *in limine* and summary judgment motions together—rather than "staging" them as defendants sought. Plaintiffs oppose defendants' latest request that the Court change its mind.

Defendants first requested separate briefing schedules for *in limine* motions and summary judgment motions on November 1, 2013 (Docket No. 376). Defendants repeated this request in a letter to the Court on November 7, 2013 (Docket No. 386), and in a telephone conference with Your Honor on November 21, 2013. At that time, Your Honor informed defendants that Judge Daniels had decided that he would consider summary judgment and *in limine* motions together. Defendants did not accept the Court's order. Instead, they renewed their request to stage this briefing in letters to the Court dated November 22, 2013 (Docket No. 401) and December 12, 2013 (Docket No. 408), as well as during the telephone conference with Your Honor on December 16, 2013 (Docket No. 414). After hearing out defendants' counsel, Your Honor reiterated the ruling that Judge Daniels "wants to consider the summary judgment motion together with the motions *in limine*" and set February 28 as the deadline for filing both *in limine* and summary judgment motions. (Tr. (12/16/13) at 7, Docket No. 414; Order (12/18/13), Docket No. 410.)

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 3, 2014
Page 2

      Defendants are now using the timely submission of the Joint Pre-Trial Order ("JPTO") to Judge Daniels as a pretext to renew the request repeatedly rejected by the Court. But defendants' complaints about the volume and scope of evidence set forth in the JPTO are no excuse for the relief they seek. The scope and number of documents in this case is not news to defendants and was raised by defendants' counsel during the December 16 conference: "[the case involves] seven different incidents involving a host of alleged perpetrators," "thousands and thousands of pages of documents" and "translation issues." Tr. (12/16/13) at 12, Docket No. 414. After considering counsel's arguments—the same arguments raised in defendants' recent request for additional time—the Court set the February 28 deadline.

      Defendants' complaints about supposedly late-disclosed witnesses and documents are entirely ill-founded. Defendants' counsel focus on disclosures made after the fact-discovery cutoff of December <u>2012</u>, and it is therefore unsurprising that defendants have not indicated that they had any trouble reviewing any of the documents or why they need more time to file summary judgment and *in limine* motions—much less why the Court should decouple summary judgment from *in limine* motions. In any event, the vast majority of the supposedly "late" documents either (a) did not exist before December 2012, (b) were created by defendants themselves and improperly withheld, or (c) were discussed in the expert reports and expert depositions. Documents produced after December 2012 were produced in accordance with Rule 26(f), which expressly contemplates the supplementation of disclosures. Ironically, defendants themselves continue, even now, to produce documents responsive to plaintiffs' document requests—having produced additional documents as recently as Monday, January 27, 2014.

      Remarkably, instead of working on the motions—which are due February 28—defendants have been wasting their time elsewhere. For example, defendants prepared and filed on the docket a detailed list of their objections to *plaintiffs'* trial exhibits, even though Judge Daniels' individual practices do not call for any such list. *See* Docket Entry 419. Similarly, defendants have filed a motion to dismiss for lack of personal jurisdiction (their fourth such motion), even though Judge Daniels instructed them not to file any motions without engaging in the pre-motion process with Your Honor. Tr. (8/9/12) at 82-83, Docket Entry 252.

      In short, defendants' request is a retread that is inconsistent with the schedule that the Court set after hearing multiple times from defendants, is inconsistent with the now-scheduled pre-trial conference set by Judge Daniels for March 4, and does not reflect a real inability to do the work in the time allotted (as evidenced by their recent raft of

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 3, 2014
Page 3

superfluous and improper filings). Defendants should not be rewarded for rearguing the same issue for the seventh time.

                                                     Respectfully,

                                                     Kent A. Yalowitz

cc:      All ECF Counsel