# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 3, 2014

**BY ECF**

Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
      Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

I write in reply to defendants' letter dated January 27, 2014 (Docket No. 418), responding to plaintiffs' pre-motion letter dated January 15, 2014 (Docket No. 413), which requested that the Court schedule a pre-motion conference to set a briefing schedule for plaintiffs' motion to sanction defendants for their failure to produce documents from the Palestinian Authority's General Intelligence Service ("GIS") in violation of the Court's repeated orders.

Defendants' letter and supporting declaration further demonstrate why plaintiffs need to proceed with their motion for evidentiary sanctions:

*First*, defendants' response unwittingly confirms the gravamen of plaintiffs' grounds for sanctions—*i.e.*, that defendants have failed to produce the underlying files and documents used by the GIS to create the summaries that defendants produced on November 6, 2013. Defendants' response seeks to "change the subject" by focusing only on defendants' new efforts to locate *specifically identifed documents* that are still missing, as set forth in the non-exhaustive list accompanying plaintiffs' letter to the Court. But entire *categories* of documents used to create those summaries are still missing, and defendants' attempt to confine the discussion to *specific documents* referenced in the summaries by date or serial number does not remedy the non-production of entire categories of documents. Moreover, defendants' claim that they

# ARNOLD & PORTER LLP

Honorable Ronald L. Ellis
February 3, 2014
Page 2

have lost many of the specifically identified documents constitutes further grounds for evidentiary sanctions, since defendants had a duty to identify and preserve those documents via a litigation hold no later than 2004, when this action was filed. Notably, some of the specific documents identified by defendants as missing post-date the filing of this suit.

*Second*, defendants' response indicates that despite the passage of more than a year since they were served with plaintiffs' requests for production of responsive documents held by the GIS, defendants have *never* searched GIS regional offices or field offices for documents responsive to plaintiffs' requests—and that the only search done in GIS regional or field offices was for a cherry-picked list of specific documents. *See* Letter from Kent Yalowitz to Brian Hill, dated January 28, 2014 (attached hereto as Exhibit A). Defendants' failure to search GIS regional and field offices constitutes a clear violation of this Court's orders, deprived plaintiffs of responsive documents, and should be remedied by evidentiary sanctions.

Accordingly, evidentiary sanctions, in some form—be it establishment of facts, preclusion of defenses, remedial jury instructions, or some combination of the above—will be appropriate. As set forth in plaintiffs' January 15, 2014 letter to the Court (Docket No. 413), the identification and analysis of the relevant facts and of the appropriate sanctions requires full briefing. We look forward to the Court's teleconference set for February 10, 2014, and respectfully request that Your Honor set a briefing schedule at that time.

Respectfully,

Kent A. Yalowitz

Enclosure
cc: All ECF Counsel