# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 28, 2014

**VIA E-MAIL**

Brian A. Hill, Esq.
Miller & Chevalier
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005-5701

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
               Docket No. 04-CV-397 (GBD)(RLE)

Dear Brian:

      The letter you filed yesterday with Judge Ellis in response to our pre-motion letter regarding the responsive documents held by the GIS, including the accompanying Declaration of Khaled Abu al-Yaman (DE 418), raises a number of questions:

1. **Failure to Search for Documents Relating to All Identified Individuals.** It appears from your papers that no search of GIS regional offices or field offices for responsive documents was *ever* conducted, except in respect to the 18 individuals whose names appear on Exhibit D to my January 15, 2014 letter to Judge Ellis ("Exhibit D") (DE 413). In other words, to this day—14 months after receiving the last of plaintiffs' requests for production—defendants have never searched the GIS regional or field offices for responsive documents concerning the many other individuals regarding whom plaintiffs served requests for production of documents held by the GIS. These include the 10 other individuals regarding whom GIS documents were originally produced (but who were not named in Exhibit D to my letter to Judge Ellis) and several additional individuals regarding whom plaintiffs sought GIS documents, but none were produced.

   Please advise immediately what searches of GIS regional offices or field offices, if any, defendants conducted beyond those described in the Declaration of Mr. Abu al-Yaman. If we do not hear from you, we will

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
January 28, 2014
Page 2

      understand that Mr. Abu al-Yaman's declaration describes the complete universe of such searches.

2. **Failure to Search for All Documents Relating to the 18 Individuals.** In respect to the 18 individuals listed in Exhibit D, it appears that no comprehensive search was conducted, but rather that defendants cherry-picked specific documents. As Mr. Abu al-Yaman's declaration admits, he merely "directed GIS personnel to conduct a search for the documents on the list." *See* Abu al-Yaman Decl. at ¶ 9.

   Again, please advise immediately what searches of GIS regional offices or field offices, if any, defendants performed for *all* responsive documents regarding these 18 individuals. If we do not hear from you, we will understand that defendants did not search for all documents relating to the 18 individuals.

3. **Failure to Identify Search Locations.** There is no indication in your papers whether all regional and field offices were searched, or only some. Please inform us which is the case. If only some offices were searched, please immediately inform us which they were, as well as the reasons for defendants' decision not search in other offices. If we do not hear from you, we will understand that defendants did not search in all responsive locations.

Finally, I believe that it is crystal clear that my letters and inquiries on the topic of the GIS files were not a "new" round of document requests, but fair warning to defendants that they obviously violated Judge Ellis' multiple orders. We intend to hold defendants to account for those violations to the full extent provided by law.

                                                            Sincerely,

                                                            Kent A. Yalowitz