# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 3, 2014

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      On January 31, 2014, defendants filed a "Motion for Reconsideration" of the Court's decision that it has personal jurisdiction over them. The basis for this motion is a recent decision of the Supreme Court in *Daimler AG v. Bauman*.

      Plaintiffs respectfully request that the Court set the following briefing schedule for defendants' motion, to track the current schedule for summary judgment and *in limine* motions:

      February 28:    Plaintiffs' memorandum in opposition to defendants' Motion for Reconsideration and in support of plaintiffs' cross-motion for summary judgment.

      March 28:    Defendants' combined reply in support of their Motion for Reconsideration and memorandum in opposition to cross-motion.

      April 11:    Plaintiffs' reply in support of their cross-motion.

      The Court should coordinate the current motion into the existing schedule for three reasons: (1) the timing of defendants' motion appears designed to disrupt the current schedule; (2) defendants violated a direct order of Judge Daniels by filing their motion without participating in a pre-motion conference with Your Honor; and (3) the motion is substantively intertwined with the other motions now scheduled.

      *First*, the timing of defendants' latest motion appears strategically designed to disrupt the schedule set by the Court for summary judgment and *in limine* motions.

**ARNOLD & PORTER LLP**

Hon. Ronald L. Ellis
February 3, 2014
Page 2

Defendants will no doubt argue that it is more efficient to defer all other briefing until the motion for reconsideration is decided. Indeed, the timing of defendants' motion appears particularly suspect in light of the fact that, so far as the public record reveals, defendants have not filed a renewed motion to dismiss for lack of personal jurisdiction based on *Daimler* in any of the other cases pending against them. The Court has been and should remain firm that the time has come to move this case to trial.

*Second*, the filing of the motion without a pre-motion conference was a violation of a direct order of the Court. By way of background, it is important to note that this is the seventh time that defendants have asked the Court to dismiss this case on procedural grounds since 2004, as follows:

- In 2006 (after two years' of extensions of defendants' time to answer), plaintiffs moved for a default judgment. In response, defendants argued that the Court lacked subject matter jurisdiction. (DE 26.)

- In 2007, defendants moved to dismiss for lack of personal jurisdiction. The Court held that it has subject matter jurisdiction and denied defendants' motion to dismiss. *See* Mem. Decision & Order, dated Sept. 30, 2008 (DE 58).

- In 2009, defendants filed a motion to dismiss "for lack of jurisdiction." (DE 66.) The Court denied that motion, as well. (DE 79.)

- In 2010, defendants renewed their motion to dismiss "for lack of jurisdiction." (DE 81.) The Court denied that motion in a Memorandum Decision and Opinion, dated March 30, 2011. (DE 87.)

- In 2011, defendants moved to dismiss for improper venue. (DE 92.) The Court denied that motion in an Order dated June 2, 2011.

- In 2012, defendants moved for judgment on the pleadings, seeking dismissal of "all non-federal claims." (DE 187.) The Court denied defendants' motion from the bench. (DE 252.)

After it denied the most recent motion, the Court warned defendants not to file any further motions without first participating in a pre-motion conference:

> I have also indicated to [Judge Ellis] that . . . if I deny the motions that are on standing here, my . . . position is going to be that **_other than one summary judgment motion after_**

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
February 3, 2014
Page 3

> ***the close of discovery, there are to be no other motions filed without first a pre-motion conference with Magistrate Judge Ellis***, and that pre-motion conference must be preceded by no more than a two-page letter indicating what the nature of the motion is that the parties believe is appropriate at this stage of the proceeding and the nature of the motion and the underlying basis for the motion and why the motion is timely made and is not premature….
>
> I think that the motions that have been made, there have been too many piecemeal motions… I will be able to preclude that from all parties at this stage of the proceedings. ***All the motions to dismiss should have been made. If they have not been made I think you need to have a pre-motion conference with the magistrate judge and give him that letter and tell him what motion you intend to make and tell him why that motion is not untimely or premature short of completion of discovery and summary judgment***.

(DE 252, Tr. at 82-83 (attached hereto as Ex. A).)

Defendants disobeyed the Court's order, and the Court should not reward them by disrupting the current schedule.

*Third*, defendants' latest motion challenges the Court's specific personal jurisdiction as well as general jurisdiction. But the existence of specific personal jurisdiction over defendants in this case is intertwined with the substantive merits of plaintiffs' claims under the Antiterrorism Act ("ATA")—*i.e.*, whether defendants' terrorism campaign (of which the attacks at issue in this case were a part) aimed to influence United States government policy within the meaning of the ATA, 18 U.S.C. § 2331(1)(B)(ii). Proof that defendants' conduct was aimed at the United States will also establish specific personal jurisdiction over defendants (if entities such as the PA and PLO even have due process rights, which is also disputed).

Therefore, defendants' latest jurisdictional arguments should be disposed of as part of the summary judgment briefing or at trial. "When the [jurisdictional facts are intertwined [with the facts as to merits issues], it is usually preferable that . . . the

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
February 3, 2014
Page 4

jurisdictional determination be made at trial, so that a plaintiff may present the case in a coherent, orderly fashion and without the risk of prejudicing the case on the merits." 2 Moore's Federal Practice ¶ 12.31[5] & n.14.2 (2013 ed.); *cf.* 5C Wright & Miller Federal Practice and Procedure § 1350 (3d ed. 2010) ("If ... a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial.").

     For these reasons, the Court should endorse plaintiffs' requested schedule. Defendants have advised us that they do not consent to this schedule.

                                             Respectfully,

                                             Kent A. Yalowitz

cc:     All ECF Counsel