

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 4, 2014

VIA ECF
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
> Docket No. 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

    I write on behalf of Defendants the Palestinian Authority and the Palestine Liberation Organization (collectively, "Defendants") in response to the Plaintiffs' letter dated February 3, 2014, in which Plaintiffs seek to delay the Court's consideration of the impact of the Supreme Court's decision last month in *Daimler AG v. Bauman* on the Court's authority to continue to exercise general personal jurisdiction over the PA or PLO. The Supreme Court's decision, issued on January 14, is a major development in the case. Defendants firmly believe it is case dispositive. Contrary to Plaintiffs' assertion, there is no basis for delaying consideration of Defendants' motion for reconsideration for resolution during summary judgment briefing or trial. *See* Letter at 3. Rather, the jurisdictional issue should be resolved as promptly as possible so that the Defendants are not required to engage in extensive pre-trial briefing and trial preparation in a case in which there is no basis for exercising personal jurisdiction over them.

    Notably, nowhere in Plaintiffs' four-page letter do they take issue with Defendants' position that the *Daimler* decision invalidated the basis for the Court's exercise of jurisdiction over the PA and PLO. Nor could they. In March 2011, Judge Daniels held that the Court could exercise general personal jurisdiction over the PA/PLO for conduct unrelated to the forum (the United States) because the PLO's office in Washington, D.C., which the Court also treated as a PA office, constituted a continuous and systematic presence in the United States. *See Sokolow v. PLO*, No. 1:04cv397, 2011 U.S. Dist. LEXIS 36022, at 13 (S.D.N.Y. Mar. 30, 2011) (DE 87). In an important recent decision limiting the exercise of general personal jurisdiction over foreign defendants, the Supreme Court squarely and definitively held that the "continuous and systematic" test is not sufficient for the exercise of general personal jurisdiction. In *Daimler AG v. Bauman*, No. 11-965, 2014 U.S. LEXIS 644 (Jan. 14, 2014), the Court held that general personal jurisdiction may not be asserted over a foreign defendant based on continuous and systematic contacts with the forum unless the defendant is also "at home" in the forum, taking into

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. Ronald L. Ellis
February 4, 2014
Page 2


consideration its contacts with the forum relative to its worldwide contacts and activities. Plaintiffs do not argue – nor could they – that the PA or PLO is "at home" in the United States.

Faced with a case-ending decision, Plaintiffs complain about process, attempt to resurrect meritless arguments regarding specific jurisdiction, and even suggest that the PA and PLO are not entitled to due process. Each of these arguments fails.

First, Plaintiffs complain vigorously that Defendants moved to reconsider and claim that the timing of the motion is "designed to disrupt the current schedule." (Letter at 1.) Plaintiffs' complaints are meritless. A major new Supreme Court decision invalidating the basis for the Court's earlier assertion of jurisdiction provides ample basis for filing a motion for reconsideration. The timing was driven by the issuance of the Supreme Court's decision. Defendants filed their motion for reconsideration within 17 days after the decision was issued.

Second, Plaintiffs are incorrect that Defendants' motion "challenges the Court's specific personal jurisdiction as well as general jurisdiction." Letter at 3. The Court did not exercise specific jurisdiction over Defendants, despite Plaintiffs' previous briefing requesting it to do so. *See* DE 83 (Plaintiffs' Memorandum in Opposition to Defendants' Renewed Motion to Dismiss, following personal jurisdiction discovery) at 19-23. The Court exercised general personal jurisdiction; the Supreme Court has essentially held that the Court may not do so given the undisputed fact that neither the PA nor PLO is "at home" in the United States; and Defendants moved for reconsideration of the assertion of general personal jurisdiction. Plaintiffs offer no basis for the Court's continued exercise of general personal jurisdiction.

Third, Plaintiffs' suggestion that the PA and PLO, as foreign defendants, are not entitled to due process (Letter at 3) borders on the frivolous. Courts – including the Supreme Court in *Daimler* and Judge Daniels in this case – have required that the exercise of personal jurisdiction over foreign defendants comport with due process. There is no room for legitimate debate on this issue.

Plaintiffs' attempt to link the briefing on the *Daimler* personal jurisdiction motion with pre-trial briefing on the merits should be rejected. Contrary to Plaintiffs' assertion, there are no factual issues to be decided in resolving Defendants' personal jurisdiction motion. *See* Letter at 3-4 (claiming that whether the PA's or PLO's conduct was "aimed to influence United States government policy" is relevant to specific jurisdiction). The parties already engaged in personal jurisdiction discovery. Plaintiffs previously argued that the Court could exercise specific jurisdiction but offered no factual support for their position. Not surprisingly, the Court did not



Hon. Ronald L. Ellis
February 4, 2014
Page 3

find it had specific personal jurisdiction over the PA or PLO. Indeed, this lawsuit does not arise out of any PA or PLO contacts with the United States, nor is there any evidence that the United States was the principal target of the PA's or PLO's alleged conduct. This case is readily distinguishable from cases where the U.S. was the focus of the alleged terrorist attack. *See, e.g., Mwani v. Bin Laden*, 417 F.3d 1, 12-13 (D.C. Cir. 2005) (case involving the bombing of the U.S. embassy in Nairobi where the complaint also "described an ongoing conspiracy to attack the United States, with overt acts occurring within this country's borders," including "the 1993 World Trade Center bombing, as well as to the plot to bomb the United Nations, Federal Plaza, and the Lincoln and Holland Tunnels in New York"); *see also In re Terrorist Attacks on September 11, 2001*, 740 F. Supp. 2d 494, 507 (S.D.N.Y. 2010) (9/11 case in which Judge Daniels held that specific jurisdiction based on a deliberate targeting theory requires a showing that Defendant's tortious actions were "expressly aimed at the United States" and causes harm, "the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the United States"). Here, in contrast to cases involving al Qaeda's attacks on the U.S., Plaintiffs alleged that "defendants PLO and PA authorized, ordered, instructed, solicited and directed their terrorist units . . . to organize, plan and execute a series of terrorist attacks against civilians ***in Israel and the West Bank***." First Amended Compl. (DE 4) at ¶ 53 (emphasis added). In sum, Plaintiffs' attempt to delay resolution of Defendants' *Daimler* personal jurisdiction motion by resurrecting arguments already reviewed and not adopted by Judge Daniels should be rejected.

In conclusion, the *Daimler* decision is case dispositive on the assertion of general jurisdiction, and Judge Daniels has explicitly rejected the theory of specific jurisdiction Plaintiffs seek to advance. If any case merited reconsideration, it is one in a posture such as this. It is simply not possible to read the Supreme Court's decision in *Daimler* as allowing the Court to continue to assert personal jurisdiction over the PA and PLO. Accordingly, the Court should deny the Plaintiffs' request for an extended briefing schedule and stay summary judgment briefing, briefing on motions in limine, and other pre-trial briefing until the dispositive question of jurisdiction is resolved.

Sincerely,

Mark J. Rochon

cc: Hon. George B. Daniels
    All ECF Counsel