

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 10, 2014

VIA ECF
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
          Docket No. 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

      I write in response to Plaintiffs' February 7 letter regarding their motion to delay briefing of the *Daimler* personal jurisdiction issue. In the guise of seeking an extension of time to oppose Defendants' personal jurisdiction motion, Plaintiffs on February 7 submitted the equivalent of a 14 page opposition brief, with cites to approximately 20 cases. It certainly appears Plaintiffs do not need an extension of time to file their opposition. Because the personal jurisdiction issue will be resolved by Judge Daniels, Defendants will not respond in detail to Plaintiffs' lengthy submission. For the record, however, Defendants wish to briefly respond to three arguments.

      1.      <u>Plaintiffs' Contention That the "PA and PLO Do Not Have Due Process Rights" (Letter at 2-3).</u> Plaintiffs previously briefed this issue to Judge Daniels in opposing Defendants' renewed motion to dismiss. *See* DE 83 at 23 (argument IV: "Alternatively, Defendant PA Has No Due Process Rights"). Judge Daniels rejected this argument, requiring Plaintiffs to make a prima facie showing that the PA and PLO have "sufficient minimum contacts with the United States as a whole to satisfy a traditional due process analysis." DE 87 at 4 (Order of March 30, 2011). Plaintiffs' position that there is a "rule" that the PA and PLO lack due process rights is bizarre. If Plaintiffs are right, why even have a trial? Every federal court which has decided the personal jurisdiction issue as to the PA and PLO has applied the due process standard.

      2.      <u>Plaintiffs' Contention That There Is a Different Test for Due Process Under the Fifth Amendment than the Fourteenth Amendment (Letter at 3-4).</u> In a half-hearted attempt to distinguish *Daimler*, Plaintiffs contend that *Daimler* involved Fourteenth Amendment due process rights, which they claim are more robust than the Fifth Amendment due process rights at issue here. Plaintiffs' two old cases from other jurisdictions to the contrary, Plaintiffs are simply wrong on the law. *See SEC v. Straub*, 921 F. Supp. 2d 244, 253-54 (S.D.N.Y. 2013) ("because the language of the Fifth Amendment's due process clause is identical to that of the Fourteenth

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. Ronald L. Ellis
February 10, 2014
Page 2


Amendment's due process clause, the same general principles guide the minimum contacts analysis"); *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005) ("If personal jurisdiction is based on New York's long-arm statute, the Fourteenth Amendment's due process standards apply. If jurisdiction is based on Rule 4(k), the Fifth Amendment applies. The analysis is essentially the same. The principal difference is that under the Fifth Amendment the court can consider the defendant's contacts throughout the United States, while under the Fourteenth Amendment only contacts with the forum state may be considered.") (internal citation and quotation omitted).

    3.    <u>Plaintiffs' Contention That "The Court Has Specific Personal Jurisdiction Over Defendants" (Letter at 5-6).</u> Plaintiffs contend that their evidence "will include expert testimony, as well as official statements by defendants and their leaders directed to and against the United States, which link defendants' terrorist campaign to U.S policy and actions, and condition its halt on a change in U.S. policy and actions to favor defendants." First, the Plaintiffs previously argued specific jurisdiction to Judge Daniels, DE 83 at 19-21, yet Judge Daniels did not hold that specific jurisdiction could be exercised. There has been no change in the law which would warrant relitigating this issue. Second, the test for specific jurisdiction Plaintiffs are advocating has not been adopted by any court and would be readily rejected by the Supreme Court. Third, Plaintiffs have 14 experts and have identified approximately 870 trial exhibits. If they think they have admissible evidence that, during the Second Intifada, the PA and PLO engaged in tortious conduct "expressly aimed at the United States," the "brunt of which [was] suffered-and which the defendant knows [was] likely to be suffered-in the United States," *see In re Terrorist Attacks on September 11, 2001*, 740 F. Supp. 2d 494, 507 (S.D.N.Y. 2010) (Daniels, J.), then they should include such evidence in their opposition to Defendants' personal jurisdiction motion. Defendants are confident there is no such evidence.

    That Plaintiffs' lead arguments are that the PA and PLO have no due process rights in U.S. courts and that Fifth Amendment due process rights are substantively different from Fourteenth Amendment due process rights underscores that Plaintiffs have no good answer to Defendants' position that personal jurisdiction cannot be asserted in light of *Daimler*. Defendants respectfully request that the briefing of pre-trial motions be stayed at least until Judge Daniels has an opportunity to address the personal jurisdiction issue at the March 4, 2014 hearing.



Hon. Ronald L. Ellis
February 10, 2014
Page 3

Sincerely,

Mark J. Rochon

cc: Hon. George B. Daniels
　　All ECF Counsel

Miller & Chevalier Chartered