

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 26, 2014

<u>VIA ECF AND FACSIMILE</u>
Hon. George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
           Docket No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

    A pre-trial conference is scheduled in this matter for March 4 at 10:30 am. *See* DE 416. In light of yesterday's Supreme Court decision on personal jurisdiction, Defendants the Palestinian Authority and PLO renew their request to stay pre-trial briefing of motions for summary judgment and motions in limine, pending the Court's resolution of Defendants' motion seeking reconsideration of the Court's March 30, 2011 order exercising personal jurisdiction over Defendants (DE 421). Defendants respectfully ask that the Court address Defendants' request for a stay at next week's hearing. The grounds for Defendants' renewed stay motion are as follows:

    Two recent Supreme Court cases limiting the extent to which U.S. courts can exercise personal jurisdiction over non-resident defendants compel dismissal of this lawsuit. *See Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) (holding that a court may not exercise general personal jurisdiction over a defendant unless it is "at home" in the forum); *Walden v. Fiore*, No. 12-574, 2014 U.S. LEXIS 1635 (Feb. 25, 2014) (holding that a court may not exercise specific personal jurisdiction over a non-resident defendant unless the defendant's suit-related conduct creates a substantial connection with the forum itself; contacts with the forum's residents outside the forum are insufficient). Yesterday's decision in *Walden v. Fiore* eliminates any possible remaining basis for the Court's exercise of personal jurisdiction over Defendants the Palestinian Authority and PLO. Because personal jurisdiction is a threshold question, it must be resolved before adjudicating the merits. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (internal citation and quotation omitted).

    In opposing Defendants' 2010 motion to dismiss for lack of personal jurisdiction (DE 82), Plaintiffs previously asserted that the Court could exercise either general or specific personal



Hon. George B. Daniels
February 26, 2014
Page 2

jurisdiction over the Defendants.  *See* DE 83.  Plaintiffs did not allege, nor did they establish following personal jurisdiction discovery, that their lawsuit arose out of any of the Defendants' U.S. activities, making the assertion of specific personal jurisdiction untenable.  In denying Defendants' motion to dismiss, the Court held that it could, consistent with Fifth Amendment due process, exercise general personal jurisdiction based on the presence of the PLO's U.S. mission office in Washington, D.C. and the Defendants' retention of a U.S. lobbying firm.  *See* DE 87 (Memorandum Opinion of March 30, 2011).  The Court held that, through the U.S. mission office in Washington, D.C., the Defendants "purposely engaged in numerous activities that resulted in both entities having a continuous and systematic presence within the United States" and that the totality of these activities "justifies the exercise of general personal jurisdiction." *Id.* at 7.  In *Daimler*, the Supreme Court squarely rejected the test for general personal jurisdiction on which this Court relied.  Under the new "at home" test established by the Supreme Court, there is no basis for the Court to exercise general personal jurisdiction over the Defendants, neither of which is based in the United States.

On January 31, 2014, Defendants moved for reconsideration of the Court's March 2011 ruling based on the intervening change in controlling law (namely, *Daimler*).  *See* DE 421.  In a 7-page letter to Magistrate Judge Ellis, Plaintiffs argued that Defendants' motion for reconsideration "should be summarily denied for three reasons."  *See* DE 426 (K. Yalowitz Letter of Feb. 7, 2014) at 2.   One of the reasons was Plaintiffs' previously-rejected claim that the Court could exercise specific personal jurisdiction.  That argument is now definitively foreclosed by yesterday's decision in *Walden v. Fiore*, which requires that the Defendants' suit-related conduct must have a "substantial connection" to the forum.  As the Supreme Court explained, "'[s]pecific' or 'case-linked' jurisdiction 'depends on an "affiliatio[n] between the forum and the underlying controversy'" (*i.e., an 'activity or an occurrence that takes place in the forum State* and is therefore subject to the State's regulation')." *Walden*, 2014 U.S. Lexis 1635, at *12 n.6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 3851 (2011)) (emphasis added).  Here, the relevant forum is the United States, and the only suit-related U.S. connection is the U.S. nationality of most of the Plaintiffs.  The alleged tortious conduct occurred in the West Bank and Jerusalem.  Many of the Plaintiffs are not even U.S. residents, but even if they were, the Defendants' alleged contact with forum residents is an insufficient basis for the exercise of specific jurisdiction. *See id.* at *13-14 ("our 'minimum contacts' analysis looks to the defendant's contacts with the forum . . . itself, not the defendant's contacts with persons who reside there"); *id.* at *16 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.'") (internal citation and quotation omitted); *id.* at *21 (reversing Court of Appeals because its "approach to the 'minimum


MILLER CHEVALIER

Hon. George B. Daniels
February 26, 2014
Page 3


contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis"); *id.* at *23 n.9 ("we reiterate that the 'minimum contacts' inquiry principally protects the liberty of the nonresident defendant, not the interests of the plaintiff").

Plaintiffs' other two grounds for summary denial were meritless attempts to distinguish *Daimler*. Plaintiffs argued that the Defendants are not entitled to due process and, alternatively, that the Fifth Amendment test for due process is weaker than the Fourteenth Amendment test for due process at issue in *Daimler*. As set forth in Defendants' February 10 response (DE 427), Plaintiffs argued Defendants' lack of due process rights in 2010. *See* DE 83 at 23 (argument IV: "Alternatively, Defendant PA Has No Due Process Rights"). The Court rejected this argument, requiring Plaintiffs to make a prima facie showing that Defendants have "sufficient minimum contacts with the United States as a whole to satisfy a traditional due process analysis." DE 87 at 4 (Order of March 30, 2011). With respect to Plaintiffs' argument that Fifth Amendment due process rights are of lesser order than Fourteenth Amendment due process rights, Plaintiffs are simply wrong as a matter of law. *See, e.g., SEC v. Straub*, 921 F. Supp. 2d 244, 253-54 (S.D.N.Y. 2013) ("because the language of the Fifth Amendment's due process clause is identical to that of the Fourteenth Amendment's due process clause, the same general principles guide the minimum contacts analysis").

This is a suit where the only connection to the United States is the U.S. nationality of most of the Plaintiffs and the non-suit-related presence of the Washington, D.C. office of the PLO Mission to the United States. In two decisions issued within the past 6 weeks, the Supreme Court has stated clearly and emphatically that such jurisdictional contacts do not provide a basis for the exercise of either general or specific personal jurisdiction. Because there is no credible argument that the Court can continue to exercise personal jurisdiction over the Palestinian Authority and PLO, Defendants respectfully request that the Court stay all other briefing – including briefing of motions for summary judgment and motions in limine (currently due March 21), pending the Court's resolution of the personal jurisdiction issue. In another Anti-Terrorism Act case in the Eastern District of New York brought by some of the same plaintiffs in this case, Judge Irizarry stayed summary judgment briefing pending the resolution of the defendant's *Daimler* motion to dismiss. *Strauss v. Credit Lyonnais, S.A.*, No: 1:06cv702 (order of February 10, 2014). Defendants maintain that a similar approach is warranted here, especially given the burden associated with filing motions in limine on Plaintiffs' approximately 870 proposed trial exhibits (many of which were disclosed only after the close of fact discovery and most of which are not in English and for which Plaintiffs still have not provided translations despite an order from Magistrate Judge Ellis) and on Plaintiffs' 14 experts (all of whom raise significant *Daubert* issues).



Hon. George B. Daniels
February 26, 2014
Page 4

     Defendants contend that their motion for reconsideration should be summarily granted in light of *Daimler* and *Walden*. But even if the Court is not prepared to summarily rule, Defendants' position on lack of personal jurisdiction is at the very least sufficiently meritorious that the Court should grant the stay request. Personal jurisdiction is a threshold question that must be resolved before adjudication of the merits. *See Sinochem Int'l Co.*, 549 U.S. at 430-431 ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation omitted). Here, the recent Supreme Court cases, which have essentially altered the landscape for the exercise of personal jurisdiction, necessitate reconsideration of the Court's previous personal jurisdiction ruling. Defendants should not be subjected to the additional burden and expense of briefing pretrial motions until the Court determines whether it has personal jurisdiction. This is all the more true given the international comity concerns raised by trying a foreign government in a U.S. court and the special solicitude the Supreme Court has shown to foreign litigants. *See Daimler*, 134 S. Ct. at 763 (noting risks to international comity posed by an expansive view of general personal jurisdiction); *Kiobel v. Royal Dutch Petro. Co.*, 133 S. Ct. 1659, 1664 (2013) (highlighting need for judicial caution in the exercise of extraterritorial jurisdiction in light of foreign policy concerns); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the Southern Dist. of Iowa*, 482 U.S. 522, 546 (1987) (urging American courts to "exercise special vigilance to protect foreign litigants" when supervising pretrial proceedings and to "seek to minimize its costs and inconvenience").

                                                        Sincerely,

                                                        Mark J. Rochon

cc: All ECF counsel