REDACTED - PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 18, 2014

**BY HAND DELIVERY**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

       Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
               Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      I write to update Your Honor on an important development further supporting plaintiffs' request, which the Court has taken under advisement, to impose evidentiary sanctions for defendants' failure to produce documents from the Palestinian Authority's General Intelligence Service ("GIS") in violation of Your Honor's repeated orders. *See* DE 423, Letter from K. Yalowitz to Judge Ellis, dated Feb. 3, 2014 (detailing defendants discovery violations) (copy enclosed as Exhibit A). As explained below, defendants have now belatedly produced yet another GIS document. That document—which personally implicates [REDACTED] in one of the attacks—shows why tailored sanctions are necessary.

      The only issue before the Court with respect to the GIS documents is the scope of the sanctions to be imposed on defendants. During the February 10, 2014 teleconference regarding this issue, Your Honor made clear that "defendants had not complied in a timely manner with the court's order. As to what's going to be an appropriate remedy for that I think as I said to the extent that it involves how Judge Daniels conducts his trial I will have to have further conversations with him." DE 430, Hearing Tr., dated Feb. 10, 2014, at 8:13 - 9:6 (copy enclosed as Exhibit B). As Your Honor will recall, plaintiffs had asked, in our pre-motion letter on this issue, to file a formal motion detailing the appropriate sanctions.

      In an effort to minimize their misconduct and the extent of the sanctions to be imposed, defendants represented at the February 10 teleconference that they "believe the

## ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
March 18, 2014
Page 2

plaintiffs have now got all of the stuff that the client has." *Id.* at 7:16-18. It is now beyond dispute, however, that this representation was not true. Last week, defendants produced yet another GIS document (copy and translation enclosed as Exhibit C).[1]



     This document is a letter dated ▮▮▮ from ▮▮▮ to ▮▮▮, regarding ▮▮▮ the March 21, 2002 suicide bombing in Jerusalem that badly maimed the Bauer plaintiffs. This document is highly relevant because, among other reasons, it proves plaintiffs' allegations that high-ranking representatives of the defendants—▮▮▮ The document leaves no doubt as to ▮▮▮

     The late production of this document—well over a month after counsel assured the Court that everything had finally been produced—makes clear that there is no reason whatever to believe that defendants will ever comply with this Court's multiple orders to produce the GIS documents and that there must surely be more such documents. Moreover, the fact that defendants failed for so long to produce a document that directly

---



[1] ▮▮▮ the Bauers' very first requests for production, served on March 23, 2012, which sought documents evidencing ▮▮▮ of the March 21, 2002 attack. *See* Bauer Pls.' First Req. to Produce Documents & Things, dated Mar. 23, 2012, ▮▮▮ (copy enclosed as Exhibit D). ▮▮▮

▮▮▮ the Bauers' Interrogatory ▮▮▮ served on October 3, 2011, which required defendants to identify their past and current employees with knowledge of ▮▮▮ *See* Bauer Pls.' Second Set of Interrogs., dated Oct. 3, 2011, ▮▮▮ (copy enclosed as Exhibit E). ▮▮▮

REDACTED - PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
March 18, 2014
Page 3

implicates ▓▓▓▓▓▓▓▓▓▓ shows why sanctions that are tailored to the specific facts involved in each of the seven attacks are so important. Specifically, in the case of the March 21, 2002 bombing, one appropriate sanction would be an instruction to the jury that it could find that ▓▓▓ and other high-ranking officials of the defendants were aware that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

      The belated production of this letter further demonstrates the importance of giving plaintiffs an opportunity to demonstrate to the Court, placed in an appropriate factual context for each of the seven attacks at issue, the specific prejudice caused by defendants' misconduct and how it should be remedied through appropriate evidentiary sanctions.

Respectfully,

Kent A. Yalowitz

cc:     All ECF Counsel