# Exhibit A

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 3, 2014

**BY ECF**

Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      I write in reply to defendants' letter dated January 27, 2014 (Docket No. 418), responding to plaintiffs' pre-motion letter dated January 15, 2014 (Docket No. 413), which requested that the Court schedule a pre-motion conference to set a briefing schedule for plaintiffs' motion to sanction defendants for their failure to produce documents from the Palestinian Authority's General Intelligence Service ("GIS") in violation of the Court's repeated orders.

      Defendants' letter and supporting declaration further demonstrate why plaintiffs need to proceed with their motion for evidentiary sanctions:

      *First*, defendants' response unwittingly confirms the gravamen of plaintiffs' grounds for sanctions—*i.e.*, that defendants have failed to produce the underlying files and documents used by the GIS to create the summaries that defendants produced on November 6, 2013. Defendants' response seeks to "change the subject" by focusing only on defendants' new efforts to locate *specifically identifed documents* that are still missing, as set forth in the non-exhaustive list accompanying plaintiffs' letter to the Court. But entire *categories* of documents used to create those summaries are still missing, and defendants' attempt to confine the discussion to *specific documents* referenced in the summaries by date or serial number does not remedy the non-production of entire categories of documents. Moreover, defendants' claim that they

# ARNOLD & PORTER LLP

Honorable Ronald L. Ellis
February 3, 2014
Page 2

have lost many of the specifically identified documents constitutes further grounds for evidentiary sanctions, since defendants had a duty to identify and preserve those documents via a litigation hold no later than 2004, when this action was filed. Notably, some of the specific documents identified by defendants as missing post-date the filing of this suit.

*Second*, defendants' response indicates that despite the passage of more than a year since they were served with plaintiffs' requests for production of responsive documents held by the GIS, defendants have *never* searched GIS regional offices or field offices for documents responsive to plaintiffs' requests—and that the only search done in GIS regional or field offices was for a cherry-picked list of specific documents. *See* Letter from Kent Yalowitz to Brian Hill, dated January 28, 2014 (attached hereto as Exhibit A). Defendants' failure to search GIS regional and field offices constitutes a clear violation of this Court's orders, deprived plaintiffs of responsive documents, and should be remedied by evidentiary sanctions.

Accordingly, evidentiary sanctions, in some form—be it establishment of facts, preclusion of defenses, remedial jury instructions, or some combination of the above—will be appropriate. As set forth in plaintiffs' January 15, 2014 letter to the Court (Docket No. 413), the identification and analysis of the relevant facts and of the appropriate sanctions requires full briefing. We look forward to the Court's teleconference set for February 10, 2014, and respectfully request that Your Honor set a briefing schedule at that time.

Respectfully,

Kent A. Yalowitz

Enclosure
cc: All ECF Counsel

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 28, 2014

**VIA E-MAIL**

Brian A. Hill, Esq.
Miller & Chevalier
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005-5701

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Brian:

      The letter you filed yesterday with Judge Ellis in response to our pre-motion letter regarding the responsive documents held by the GIS, including the accompanying Declaration of Khaled Abu al-Yaman (DE 418), raises a number of questions:

1. **Failure to Search for Documents Relating to All Identified Individuals.** It appears from your papers that no search of GIS regional offices or field offices for responsive documents was *ever* conducted, except in respect to the 18 individuals whose names appear on Exhibit D to my January 15, 2014 letter to Judge Ellis ("Exhibit D") (DE 413). In other words, to this day—14 months after receiving the last of plaintiffs' requests for production—defendants have never searched the GIS regional or field offices for responsive documents concerning the many other individuals regarding whom plaintiffs served requests for production of documents held by the GIS. These include the 10 other individuals regarding whom GIS documents were originally produced (but who were not named in Exhibit D to my letter to Judge Ellis) and several additional individuals regarding whom plaintiffs sought GIS documents, but none were produced.

   Please advise immediately what searches of GIS regional offices or field offices, if any, defendants conducted beyond those described in the Declaration of Mr. Abu al-Yaman. If we do not hear from you, we will

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
January 28, 2014
Page 2

    understand that Mr. Abu al-Yaman's declaration describes the complete universe of such searches.

2. **Failure to Search for All Documents Relating to the 18 Individuals.** In respect to the 18 individuals listed in Exhibit D, it appears that no comprehensive search was conducted, but rather that defendants cherry-picked specific documents. As Mr. Abu al-Yaman's declaration admits, he merely "directed GIS personnel to conduct a search for the documents on the list." *See* Abu al-Yaman Decl. at ¶ 9.

    Again, please advise immediately what searches of GIS regional offices or field offices, if any, defendants performed for *all* responsive documents regarding these 18 individuals. If we do not hear from you, we will understand that defendants did not search for all documents relating to the 18 individuals.

3. **Failure to Identify Search Locations.** There is no indication in your papers whether all regional and field offices were searched, or only some. Please inform us which is the case. If only some offices were searched, please immediately inform us which they were, as well as the reasons for defendants' decision not search in other offices. If we do not hear from you, we will understand that defendants did not search in all responsive locations.

    Finally, I believe that it is crystal clear that my letters and inquiries on the topic of the GIS files were not a "new" round of document requests, but fair warning to defendants that they obviously violated Judge Ellis' multiple orders. We intend to hold defendants to account for those violations to the full extent provided by law.

    Sincerely,

    Kent A. Yalowitz