REDACTED - PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 18, 2014

**BY HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

     Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.,*
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

       This firm represents plaintiffs in the above-referenced action. We write in response to defendants' letter of March 14, 2014, which asks the Court to keep secret a document that they produced to the plaintiffs.

       That document is a letter to ███ dated ███ from ███ The letter ███ *See* Ex. A (English translation). ███ Hashaika and Shawish carried out a suicide bombing that gravely injured the Bauer plaintiffs.

       The letter is highly relevant because, among other things, it shows that high-ranking representatives of the defendants—███ It leaves no doubt as to ███

       Plaintiffs plan to submit the letter to the Court in opposition to defendants' motion for reconsideration on the issue of personal jurisdiction; to Judge Ellis in support of plaintiffs'

# ARNOLD & PORTER LLP

Hon. George B. Daniels
March 18, 2014
Page 2

pending motion for sanctions for violations of Judge Ellis' orders to produce documents from the GIS; and, ultimately, to the jury.

Defendants must carry a heavy burden to justify concealing this document from public scrutiny. Defendants have already been warned that the Court "is a public courthouse that resolves public issues in public, not behind closed doors," and that absent a "compelling legal argument" for confidentiality, the presumption in this case is that "all documents in this case will be publicly filed . . . ." Mar. 4, 2014 Tr., Ex. B, at 49-50. As the Second Circuit has cautioned, under the First Amendment, "continued sealing of [ ] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Defendants make four arguments for concealing the letter: (1) the alleged privacy rights of ▮▮▮▮▮ (2) the alleged need to protect the PA's law enforcement and intelligence concerns; (3) a "blocking statute" enacted by the PA after the attacks at issue in this case; and (4) the pending motion for reconsideration on the issue of personal jurisdiction. Each is meritless.

### A. The Individuals Named In The Letter Have No Privacy Interests



Defendants do not claim, nor could they, that ▮▮▮▮▮ have any privacy interests that could justify sealing this document. It is a matter of public record that ▮▮▮▮▮ against the Bauer family and that ▮▮▮▮▮ the same terrorist attack. Rather, defendants argue that ▮▮▮▮▮ is "personal private . . . information." This is not even correct under the Protective Order, which permits defendants to designate only two narrow categories of "personal private" information: specifically, *medical* information and *financial or employment* information. DE 219, Prot. Order ¶¶ 2(a)(ii), 2(a)(iv). ▮▮▮▮▮ is obviously neither of these.

In addition, ▮▮▮▮▮ pleaded guilty to involvement in a string of other terrorist attacks between 2002 and 2003 and is serving a 38-year prison sentence—all of which is a matter of public record. *See* Judgment, Ex. C (English Translation). Defendants' claim that a convicted terrorist has a compelling privacy interest ▮▮▮▮▮ is baseless. *See, e.g., Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (holding that "there is no constitutional right to privacy in one's criminal record" because "arrest and conviction information are matters of public record"); *Fraternal Order of Police v. City of Phila.*, 812 F.2d 105, 117 (3d Cir. 1987) (holding that "arrest records are not entitled to privacy protection" because they are, by definition, public); *Johnson ex rel. Johnson v.*

# ARNOLD & PORTER LLP

Hon. George B. Daniels
March 18, 2014
Page 3

*Columbia Univ.*, No. 99 Civ. 3415, 2003 WL 22743675, at *11 (S.D.N.Y. Nov. 19, 2003) ("[C]ourts have held that the right of confidentiality does not prohibit the disclosure of an individual's criminal history, including the individual's arrest records.") (collecting cases).

### B.  Defendants' "Law Enforcement Interest" Does Not Bar Public Access

Defendants assert that the letter should be kept secret because it "reflects protected law enforcement information" and "GIS investigative methods." Defs.' Letter, dated March 14, 2014, at 2. This claim cannot be taken seriously. The letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It does not even come close to revealing any investigative techniques. Nor does it reveal the names of any confidential informants or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fact, the only law enforcement "method" that the letter reveals is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The timing of the letter—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—is evidence of the *opposite* of law enforcement. Defendants' claim that public disclosure of the letter will somehow compromise GIS law enforcement activities is frivolous.[1]

### C.  Defendants' Blocking Statute Is Irrelevant

Defendants assert that the letter should be concealed out of deference to a PA statute, which, defendants claim prohibits public revelation of information regarding GIS activities. This statute is irrelevant. Defendants previously argued to Judge Ellis that this statute prevented them from producing the GIS documents, and he rejected that claim. Defendants did not timely object to Judge Ellis's ruling, so they have waived their "blocking statute" protections.[2] This "blocking statute" is irrelevant to the issue of whether, now that the document has been produced, it must be submitted only under seal. A self-serving statute that purports to allow the PA to conceal

---

[1] Defendants rely on an old declaration from a PA official that they previously submitted to Judge Ellis in an effort to avoid the production of any GIS documents on the ground that doing so would interfere with GIS law enforcement activities. Judge Ellis rejected this claim and ordered the documents produced. The declaration does not even mention the letter at issue. Indeed, the declaration is nothing more than a conclusory statement that any disclosure of GIS documents would create such an interference, and it does not even attempt to explain why that would ever be so.

[2] Other decisions in this district have also held that foreign non-disclosure statutes could not justify withholding documents in cases under the Anti-Terrorism Act. *See, e.g., Wultz v. Bank of China*, 942 F. Supp. 2d 452, 466-68 (S.D.N.Y. 2013); *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 443-47 (E.D.N.Y. 2008). This is particularly true given that the defendants are not sovereigns. *See, e.g., Klinghoffer v. SNC Achille Lauro*, 937 F. 2d 44, 47-49 (2d Cir. 1991).

# ARNOLD & PORTER LLP

Hon. George B. Daniels
March 18, 2014
Page 4

information showing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ cannot possibly constitute the kind of a "compelling legal argument" that this Court has stated is necessary to overcome the presumption that "all documents in this case will be publicly filed[.]"

### D. Second Circuit Precedent Does Not Permit Reservation Of A Decision On Public Disclosure

Defendants argue that the Court should seal the letter pending its decision on defendants' pending motion for reconsideration on personal jurisdiction. This argument has consistently been rejected by the Second Circuit. *See, e.g., Lugosch*, 435 F.3d at 126-27 (finding district court erred in reserving confidentiality determinations until after ruling on underlying summary judgment motion); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (requiring disclosure of documents considered on a dispositive motion because "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.").

For the foregoing reasons, this Court should reject defendants' claims and allow the letter at issue to be filed publicly.

Respectfully,

*Kent A. Yalowitz / ctr*

Kent A. Yalowitz

cc:    All ECF Counsel