# Exhibit B

**(EXCERPTED)**

```
                                                              1
        E341soka
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    MARK I. SOKOLOW, et al.,,
3
4                   Plaintiffs,
4
5           v.                              04-CV-397 (GBD)
5
6    PALESTINE LIBERATION
6    ORGANIZATION, et al.,
7
7                   Defendants.            Oral Argument
8
8    ------------------------------x
9                                          New York, N.Y.
9                                          March 4, 2014
10                                         10:58 a.m.
10
11   Before:
11
12                   HON. GEORGE B. DANIELS,
12
13                                         District Judge
13
14                         APPEARANCES
14
15   ARNOLD & PORTER, LLP
15       Attorneys for Plaintiffs
16   BY:  KENT A. YALOWITZ, ESQ.
16        PHILIP W. HORTON, ESQ.
17        CARMELA T. ROMEO, ESQ.
17        TAL R. MACHNES, ESQ.
18        KEN L. HASHIMOTO, ESQ.
19   ROBERT J. TOLCHIN, ESQ.
19       Attorney for Plaintiffs
20
20   MILLER & CHEVALIER, CHTD.
21       Attorneys for Defendants
21   BY:  MARK JOHN ROCHON, ESQ.
22        LAURA G. FERGUSON, ESQ.
22        BRIAN A. HILL, ESQ.
23
24
25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

48

E341soka
1  confidentiality order or stipulation with regard to the use of
2  documents?
3            MR. YALOWITZ:  The only thing, there are -- the Second
4  Circuit has said that there are certain kinds of documents that
5  are highly private.  And we have a few of those documents here,
6  your Honor.  For example, photographs of gruesome injuries of
7  some of the plaintiffs that they just are embarrassed and don't
8  wish to be seen.
9            THE COURT:  Well, that's a different issue.  That's a
10 different ground, if they move to either exclude or to somehow
11 limit that evidence because of its prejudicial nature or some
12 other ground, but the bottom line is that this is really not
13 your application at this point.  Your application is that all
14 documents produced before the jury should be public.
15           MR. YALOWITZ:  Correct, and all documents supporting
16 or opposing summary judgment, and this issue was -- this issue
17 first arose because we had a sentence in our description of the
18 claim, in the joint pretrial order, that referenced certain
19 records of the defendant.
20           THE COURT:  I understand that, but at this point
21 nothing has been filed.
22           MR. YALOWITZ:  Correct.
23           THE COURT:  The pretrial order has not been filed.
24           MR. YALOWITZ:  Correct.  We've submitted it --
25           THE COURT:  The only ruling I'm going to make at this
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

49

E341soka
```
 1   point is that you should discuss it.  To the extent you have,
 2   to the extent the defendants have a position that certain
 3   documents or information should not be publicly filed, then it
 4   should not be publicly filed until you get a ruling from the
 5   court, and I'll hear whatever grounds they have, because the
 6   presumption is that all documents in this case will be publicly
 7   filed unless there is a reason to not do that that's
 8   articulated and a motion is made to not do that.  That is the
 9   presumption.  So it is their motion.
10            I am going to also suggest that any filings at this
11   point should be exchanged between the parties before they are
12   filed and each party will have 48 hours to look at those
13   documents and indicate that they have an objection to filing
14   the portions of that document unredacted.  Then the documents
15   should be sent to the court.  If there's no objection, the
16   documents would be filed.  To the extent there's an objection,
17   the document should be filed either redacted or not filed at
18   all until a ruling from the court.  So you can submit them to
19   the court but we'll deal with the issue of filing.
20            MR. YALOWITZ:  Okay.  That's a great procedure, your
21   Honor.  That's essentially the procedure that we used with the
22   joint pretrial order, and so the joint pretrial order, which
23   chambers has but which has not been put up on ECF, is ready for
24   a ruling by the court on this issue.  So I think both sides
25   have discussed it, both sides have made their arguments in
```

50

E341soka

```
 1   letters to the court, which have also been submitted to
 2   chambers but have not yet been put up on ECF, and so frankly --
 3          THE COURT:  I have a continuing procedure you should
 4   use, I'll look at it right away and make a ruling right away.
 5   If I think I need to hear more specifically from you as I
 6   review it more closely, then I'll hear from you on April 8th
 7   and then we'll decide whether or not things should be put out.
 8   But I think that, you know, I need a compelling legal argument
 9   from the defense, if that's only a defense issue, why documents
10   in this litigation should not be public documents, and it's got
11   to be more than just, "It may make my clients look bad."
12   Obviously it's got to be some other argument, and if there's
13   another argument to be made, then I will hear it, and if it's
14   appropriate to do so, I will do so, but as I say, the parties,
15   even when they agree, they want to file things under seal.  I
16   say that's not your choice.  This is a public courthouse that
17   resolves public issues in public, not behind closed doors.  And
18   so therefore, the litigation presumption is going to be that
19   unless you articulate the particular reason why certain things
20   should not be made public, documents are made public in the
21   course of litigation, and particularly there's a significant
22   hurdle to overcome if those documents are already somehow in
23   the public domain.  So if the documents are already in the
24   hands of the public, I don't think it's a compelling reason
25   that you don't want it to be public here, so it's got to be
```

E341soka

1    some private document that has not been publicly disclosed that
2    there is a compelling legal reason to not have that evidence
3    available in an open proceeding.  That's basically it.
4            MR. HILL:  Your Honor, I'm happy to address that in
5    our meeting in April on the 4th.  Some of it is intelligence
6    material, which is the basis for the concern.
7            THE COURT:  Then the only other thing is there are
8    still some objections that were made that are still outstanding
9    on Judge Ellis' ruling.  Other than the one about the BBC and
10   my discussions with Magistrate Judge Ellis and my review of the
11   papers, I don't have a recollection in my mind that I was
12   particularly compelled to overrule him based on error of law or
13   facts or an abuse of discretion with regard to those issues,
14   but I will look at them one more time.
15           As I say, the BBC issue, I didn't feel that BBC should
16   be forced to give up the outtakes for the reasons that you
17   articulate.  But with regard to further discovery and those
18   kinds of issues, I'll look at them one more time, but it's
19   likely that I'm going to go ahead and sustain United States
20   Magistrate Judge Ellis on all the motions on this issue.
21           MR. YALOWITZ:  So if I may be heard on -- I think
22   there are really two issues there with regard to Judge Ellis'
23   decisions that we've objected to.  The first is one we've
24   discussed, which is the defendants' own document production,
25   and just to be very clear, the vast majority of documents that