# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 25, 2014

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels and Judge Ellis:

      This firm represents plaintiffs in the above-referenced action.

      On March 21, 2014, defendants submitted a letter to Your Honors requesting that the Court extend defendants' time to respond to four letters submitted by plaintiffs until seven days after the Court rules on defendants' motion for reconsideration. Plaintiffs oppose defendants' request for what is essentially a stay of the case until the motion for reconsideration is decided.

      During the March 4, 2014 hearing in this matter, Judge Daniels expressly set a ten calendar day period for defendants to respond to one of the letters at issue here—*i.e.*, plaintiffs' letter addressing the authenticity and/or admissibility of defendants' own documents. Tr. at 43-44, DE 439. In setting that ten-day deadline, Judge Daniels specifically stated that plaintiffs could submit the request to defendants "as early as you can," so that the issues can be narrowed in time for plaintiffs to file *in limine* motions on

# ARNOLD & PORTER LLP

Hon. George B. Daniels
Hon. Ronald L. Ellis
March 25, 2014
Page 2

May 2nd. Tr. at 53, DE 439. By asking for permission not to respond until after defendants' motion for reconsideration is decided, defendants are now asking for the Court to reconsider its ruling. As for the other three letters at issue—plaintiffs' letter to Judge Daniels relating to confidentiality (DE 436), plaintiffs' letter to Judge Daniels regarding plaintiffs' supplemental trial exhibit list (DE 441), and plaintiffs' letter to Judge Ellis regarding sanctions (DE 437)—defendants concede that they would otherwise need to respond shortly, but seek to delay those responses as well.

While defendants argue that a virtual stay of the proceedings is appropriate because Judge Daniels extended the briefing schedule for summary judgment and motions *in limine* to allow for a hearing and decision on defendants' motion for reconsideration, Judge Daniels did not order that all proceedings be stayed during the March 4, 2014 hearing. To the contrary, Judge Daniels made a number of rulings designed to move the case forward, including the ruling requiring defendants to respond within ten days to any requests by plaintiffs relating to the authenticity and/or admissibility of defendants' own documents. Tr. at 43-44, DE 439.

Defendants should not be allowed to take advantage of a brief enlargement of time in the briefing schedule for summary judgment/motions *in limine* to stay the entire case. As there is no justification for reconsidering the schedule set forth at the March 4 hearing or for countenancing any other delays, plaintiffs request that defendants' latest attempt to delay the proceedings be denied, and that defendants be required to respond to plaintiffs' letters in a timely manner.

Respectfully,

Kent A. Yalowitz

cc:   All ECF Counsel