# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 28, 2014

**BY ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*,
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      We respectfully submit this response to defendants' letter of March 27 in further support of their letter motion (dated March 14, 2014, undocketed) demanding that the Court seal a letter from ▆▆▆▆▆▆▆ to ▆▆▆▆▆▆▆. We apologize for burdening the Court with a surreply, but defendants have now shifted ground so considerably that a short comment is required.

      Defendants admit that the ▆▆▆▆▆▆▆ letter does not reveal information about an ongoing criminal investigation, confidential informants, or undercover investigators. They now argue, for the first time on reply, that "the facts of this case demand an extension" of existing law to cover correspondence they characterize as analogous to correspondence from the Director of the FBI to the President of the United States. Such a letter would not fall within any "law enforcement" privilege. It sounds like defendants are now trying to invoke "executive privilege."

      Under U.S. law, where a claim of executive privilege is "based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law." *United States v. Nixon*, 418 U.S. 683, 713 (1974). Executive privilege may be extended, as a matter of comity, to recognized foreign sovereigns, but it is "routinely denied in the face of allegations of official misconduct." *In re Grand Jury Subpoena dated Aug. 9, 2000*, 218 F. Supp. 2d 544, 558-61 (S.D.N.Y. 2002). This case involves "allegations of official misconduct" by ▆▆▆▆, ▆▆▆▆ and others. In any case, defendants are not entitled to comity because they are not foreign sovereigns. *Sokolow v. PLO*, 583 F. Supp. 2d 451, 457-58 (S.D.N.Y. 2008).

Respectfully,

*/s/ Kent A. Yalowitz*
Kent A. Yalowitz

cc:    Brian A. Hill