UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE

Plaintiff Nevenka Gritz respectfully seeks an order under Federal Rule of Civil Procedure 25(a)(1) to substitute herself as the sole heir of deceased Plaintiff Norman Gritz, so that she may pursue his claims in this action (as well as her own and those of her deceased son, David).

### FACTS

Nevenka and Norman Gritz had one child, David. Declaration of Kent A. Yalowitz in Support of Motion to Substitute, dated Apr. 4, 2014, Ex. 3. David was murdered at age 24 in a terrorist bombing at Hebrew University on July 31, 2002. *Id.*

In 2004, Nevenka and Norman commenced this action. Nevenka and Norman asserted claims for their own injuries and for David's death under, *inter alia*, the Anti-Terrorism Act. Norman and Nevenka also asserted claims as David's heirs. *See id.* Ex. 5; *see also id.* Ex. 4.

On September 15, 2005, Norman died in Paris, France. *Id.* Ex. 1. At the time of his death, Norman was a citizen of France and the United States. *Id.* Exs. 1, 2, 6. Norman died intestate. *Id.* Ex. 2.

Nevenka is Norman's sole heir and received Norman's entire estate as his surviving

spouse. *See id.* Ex. 2.

## DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides, in part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

Rule 25(a)(1) was liberalized in 1963 "to allow flexibility in substitution of parties." *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010).

Substitution of Mrs. Gritz meets all the requirements of Rule 25(a)(1): she is a "successor" to Mr. Gritz; his claims were "not extinguished;" and the bounds of permissible discretion mandate substitution in this case.

*First*, Mrs. Gritz is a "successor" to Mr. Gritz for purposes of Rule 25(a)(1). "[A] person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *In re Baycol Prods. Litig.*, 616 F.3d at 784-85; *see Sinito v. United States Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed"); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) ("The addition of 'successor' in the Rule would take care of the case of, say, the distributee of an estate that had been distributed….") (quoting 1963 Advisory Committee Notes); *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) ("A distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased has been distributed at the time the motion for substitution has been made.").

Mr. Gritz died intestate in France. "[U]nder French law, title to and right of possession

of all assets of the intestate decedent vest immediately in the decedent's legatees. Upon death, the decedent's property passes immediately to those entitled…without passing through the intermediary of an estate; courts are involved only in the event of adversary litigation…." *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 126 (E.D.N.Y. 2000) (quotation and citations omitted). Thus, Mrs. Gritz is the "successor" to Mr. Gritz.

*Second*, Mr. Gritz' claims were "not extinguished" by his death. "The survival of a federally created claim is a matter of federal substantive law…." *SEC v. Wyly*, 860 F. Supp. 2d 275, 276 (S.D.N.Y. 2012). "Unless a statute directly addresses the issue, courts are generally guided by principles of federal common law, which prescribe that claims characterized as 'penal' abate upon a party's death, while claims characterized as 'remedial' survive." *United States ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009). "Section 2333 is a remedial civil statute that provides compensation to victims…." *Rothstein v. UBS AG*, 772 F. Supp. 2d 511, 516 (S.D.N.Y. 2011), *aff'd*, 708 F. 3d 82 (2d Cir. 2013); *see Knox v. PLO*, 442 F. Supp. 2d 62, 76 (S.D.N.Y. 2006) (relying on "broad remedial purpose of section 2333"). Indeed, "courts generally have held that treble-damage provisions are remedial and that actions of that kind survive." 7C Charles A. Wright*, et al.*, *Fed. Prac. & Proc. Civ.* § 1954 (3d ed.); *see generally United States v. NEC Corp.*, 11 F.3d 136, 139 (11th Cir. 1993) (qui tam actions for treble damages under the False Claims Act survive the death of the relator); *Faircloth v. Finesod*, 938 F.2d 513, 518 (4th Cir. 1991) (civil RICO claims for treble damages); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 560-61 (7th Cir. 1986) (antitrust action for treble damages); *United States ex rel. Colucci*, 603 F. Supp. 2d at 681 (False Claims Act); *United States ex rel. Estate of Botnick v. Cathedral Healthcare Sys., Inc.*, 352 F. Supp. 2d 530, 532 (D.N.J. 2005) (same); *Epstein v. Epstein*, 966 F. Supp. 260, 262-63 (S.D.N.Y. 1997) (civil RICO); *Holford USA Ltd. v. Harvey*,

– 3 –

169 F.R.D. 41, 43 (S.D.N.Y. 1996) (same); *Town of New Castle v. Yonkers Contracting Co.*, 796 F. Supp. 112, 114 (S.D.N.Y. 1992) (antitrust).

Mr. Gritz' non-federal claims also survived. Survival statutes are "loss allocating" and therefore require an "interest analysis" of the parties' domiciles and New York law in the event of a conflict. *Grosshandels-Und Lagerei-Berufsgenossenschaft v. World Trade Ctr. Props., LLC*, 435 F.3d 136, 139 (2d Cir. 2006). However, no conflict is presented on this issue. Mr. Gritz was domiciled in France at the time of his death; defendants contend that they are domiciled in the West Bank.[1] Israeli and French law—like New York law—provide that claims are not extinguished by the death of the party. Under the law of Israel, "[o]n the death of any person, all causes of action in respect of any civil wrong subsisting against or vested in him shall survive against or, as the case may be, for the benefit of, his estate." *Estate of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232, 244 (D.D.C. 2012) (quoting Israel's Civil Wrongs Ordinance (New Version) § 19, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.)). Under the law of France, "'[t]here is no clear-cut distinction between survival and wrongful death actions; the plaintiffs recover damages either in their own name or as successors of the victim.'" *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 1, 11 (D.D.C. 2010) (quoting W. J. Wagner,

---

[1] Defendants are thus domiciled in territory controlled by Israel as to all matters relating to terrorism and security. The Interim Agreement provides that "Israel shall have the overriding responsibility for security for the purpose of protecting Israelis and confronting the threat of terrorism" (Art. 13.2.a), that "Israel shall continue to carry the responsibility for…overall security of Israelis for the purpose of safeguarding their internal security and public order" (Art. 10.4), and that "Israel shall continue to carry the responsibility for…overall security of Israelis and Settlements, for the purpose of safeguarding their internal security and public order, and will have all the powers to take the steps necessary to meet this responsibility" (Art. 12.1). Israel also retained, through its military government, the sole authority "over areas that are not under the territorial jurisdiction of the [PA], powers and responsibilities not transferred to the [PA] and Israelis," and all "necessary legislative, judicial and executive powers and responsibilities, in accordance with international law" (Art. 17.4), and full "criminal jurisdiction in accordance with its domestic laws over offenses committed in the Territory against Israel or an Israeli" (Annex IV, Art. 1.7.a). Put another way, Israel has the paramount interest in holding entities accountable for acts of terrorism, and the PLO and the PA expressly agreed in the Interim Agreement that Israeli law would fully apply to all terrorism and security matters that occurred in the West Bank or Gaza Strip.

*The Victim's Fault in Wrongful Death Actions in French Law*, 12 Am. J. Comp. L. 82, 82 (1963)); *see also Roe v. City of New York*, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed.") (quoting EPTL 11-3.2(b)).

*Third*, the Court should exercise its discretion to permit the substitution. "A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death, as can occur if the suggestion of death is not made or is delayed and circumstances have arisen rendering it unfair to allow substitution." *Saylor v. Bastedo*, 623 F.2d 230, 236 (2d Cir. 1980). Although unfairness may arise where late substitution will delay the winding up of a *defendant's* estate, "it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits." *Id.* at 237.

## CONCLUSION

The Court should substitute Mrs. Gritz as the successor to Mr. Gritz, to permit her to pursue his claims, in addition to her own and those of David.

Dated: New York, New York
April 4, 2014

**ARNOLD & PORTER LLP**

By: /s/ Kent A. Yalowitz
    Kent A. Yalowitz
    *Kent.Yalowitz@aporter.com*

399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Nevenka Gritz*

– 5 –