# EXHIBIT 2

2005

[hw]   October 17

Notarial deed
after the death of
Mr. GRITZ

EMMANUEL DELOUIS BERNARD CARVAIS
NOTARIES

5, RUE DE LOGELBACH 75017 PARIS

|  |  |
|---|---|
| [stamp] | Stamp fee paid statement |
| [hw] | No. 528010 |

105568 02
ED/FK /

**THE YEAR TWO THOUSAND FIVE
OCTOBER SEVENTEENTH
IN PARIS, in the registered office of the Notary Firm, named hereinafter,**
Maître Emmanuel DELOUIS, member of the professional partnership named "Emmanuel DELOUIS and Bernard CARVAIS," owners of a notary firm, with registered office in PARIS (17th), 5, rue de Logelbach,

**RECEIVED THE PRESENT NOTARIAL DEED AT THE REQUEST OF:**
- Ms. Nevenka **GRITZ** here present
**It being observed that the applicant(s) described below and domiciled will be referred to, for purposes of the present, as "the applicants" or "the successors."**
As a preliminary to making their declarations, the applicants state as follows:

## STATEMENT
## THE DECEASED PERSON

Mr. Norman Joseph **GRITZ**, who while living was Retired, the husband of Ms. Nevenka **GOTOVAC**, residing in PARIS (75005), 3 rue Edouard Quenu.
Born in CHICAGO, Illinois (USA), August 10, 1936.
Of French nationality
Died in PARIS (15th), September 15, 2005.

[stamped in left margin: Recording fees for statement: 75 €]

## MARRIAGE – MATRIMONIAL REGIME

Mr. and Ms. **GRITZ – GOTOVAC** were initially married under the regime of a communal estate comprising only property acquired after marriage, in the absence of a prenuptial agreement prior to their marriage, which was held in the municipal office of PARIS (75005), on January 20, 1973, and currently under the regime of a universal estate subsequent to a deed received by the undersigned notary on March 28, 2003, approved by the COUNTY COURT OF Paris on March 12, 2004, said judgment being filed in the records of said undersigned notary on April 28, 2004.
The aforementioned marriage contract contains a clause attributing ownership of the entire estate to the surviving spouse.

## ABSENCE OF DISPOSITIONS OF A LAST WILL

There is no known disposition, in the form of a testament or other in the event of death, created by the deceased person.

## ATTRIBUTION OF THE ESTATE TO THE SURVIVING SPOUSE

**THE BENEFICIARY of the clause attributing ownership of the entire estate to the surviving spouse.**

[initials]

2

## TRANSFER OF INHERITANCE
## SURVIVING SPOUSE

**LEAVING,** in the absence of preferred ancestors or descendants coming into the inheritance, as sole HEIR:

Ms. Nevenka **GOTOVAC**, Retired, wife of Mr. Norman Joseph **GRITZ**, residing in PARIS (75005), 3 rue Eduard Quenu,

Born in Livno, YUGOSLAVIA, on November 20, 1936,

Married initially under the regime of communal estate comprising only property acquired after marriage, in the absence of a prenuptial agreement prior to their marriage, which was held in the municipal office of PARIS (75005), on January 20, 1973, and currently under the regime of a universal estate subsequent to a deed received by the undersigned notary on March 28, 2003, approved by the COUNTY COURT OF Paris on March 12, 2004, said judgment being filed in the records of the undersigned notary on April 28, 2004.

Of French nationality.

## QUALITIES AS HEIR

Ms. Nevenka GRITZ has the quality of spouse and sole heir of Mr. Norman GRITZ, her aforementioned husband,

This being stated, we pass on to the applicants' declarations and affirmations.

## AFFIRMATION OF THE QUALITY AS HEIR

The applicants attest to the transfer of inheritance as it has been established above, by certifying that to their knowledge there is no other successor in the succession.

They declare that the deceased person did not leave any arrangement in the event of death unrelated to the present document.

Consequently, they affirm that they alone have the vocation and the quality to collect the inheritance.

In support of their affirmations and declarations, the applicants affix their signature at the end of the present document.

As of the present they accept the inheritance, having been as a preliminary informed by the Notary of the consequences of this acceptance, which they acknowledge.

The applicants declare that, since the death and until this day, no inventory of the estate has been performed.

The applicants do not claim any debt from the estate under the heading of an indemnity for aid and assistance to the deceased person, to the extent that this aid and assistance would have impoverished their lot and correlatively enriched the beneficiary.

## FILE OF THE ARRANGEMENTS OF THE LAST WILL

The file of the arrangements of the last will addressed to the undersigned Notary, at his request, a certificate, which will be attached hereto and appended after comment, from which it can be seen that nothing was recorded in said file.

## EXCERPT FROM THE DEATH CERTIFICATE

An excerpt from the death certificate for Mr. Norman **GRITZ** is appended to the present after comment.

[initials]

3

## DOCUMENTS PRESENTED REGARDING CIVIL STATUS

Besides the documents referred to in the present deed, the undersigned Notary was also presented with the following documents:

- the family booklet of the deceased person;

## RIGHT OF TEMPORARY USE OF HOUSING
## BY THE SPOUSE WHO IS ENTITLED TO INHERIT

Article 763 of the Civil Code provides that:

*"If, at the time of death, the spouse who is entitled to inherit does in fact occupy, as primary residence, housing belonging to the spouses or belonging entirely to the estate, he/she has by legal right, for the period of one year, the use free of charge of this housing, as well as of the furnishings, included in the estate, which furnish it.*

*"If his/her housing was assured by means of a lease, the rents shall be reimbursed to him/her by the estate for the period of one year, as they are paid.*

*"The rights provided for in the present article are deemed to be direct effects of the marriage and not rights of the inheritance.*

*"The present article is a public order."*

## RIGHT OF LIFETIME USE OF HOUSING
## BY THE SPOUSE WHO IS ENTITLED TO INHERIT

The undersigned Notary recalls for purpose of the present deed the dispositions in article 764, paragraph one, of the Civil Code: *"In the absence of an opposing wish by the deceased expressed in the conditions of article 971, the spouse who is entitled to inherit who does in fact inhabit, at the time of death, as primary residence, housing belonging to the spouses or belonging entirely to the estate, shall have, concerning this housing, until death, a right to inhabit and a right to use the furniture, included in the estate, that furnish it."*

It being observed that this article is not a public order, the spouse could, if necessary, be deprived of these rights by authentic testament.

The Notary specifies that in the terms of article 765-1 of the Civil Code, the spouse has one year from the time of death to manifest his/her wish to benefit from these rights of habitation and use, unless he/she has been deprived of these rights by authentic testament.

## CERTIFICATION OF FIXED ASSETS

The undersigned notary informs the successors of the obligation to note in a notarized certificate any transmission by death of rights to real property that may be part of the estate.

## CAUTION

The applicants declare that they have been cautioned by the undersigned Notary that, in principle, the deadline for filing the declaration of inheritance and of payment of fees is six months from the day of death. This deadline is calculated from day to day with a grace period to the last day of the month.

In the event that this deadline is exceeded or the declaration is insufficient or that all or part of the fees are not paid, an interest penalty for delay of 0.75% per month will be calculated by the administration, with effect from the first day of the month following the expiration of the deadline. An increase of 10% to 80% may be applied, above the 10% after formal notice or in the event of attempts to evade the tax.

[initials NG]

4

    In the terms of the dispositions of article 1709 of the General Tax Code the fees for declarations of transfer by death are to be paid by the heirs, donees or legatees. Co-heirs are treated jointly and severally. Subsequently the payment may be requested from a single one of the co-heirs for the ensemble of co-heirs.

    Joint and several liability does not exist between the heirs and the legatees, even if universal, nor between the legatees.

    The applicants have asked the undersigned notary to draft this declaration, committing to provide him with all the items, without any exception, necessary for this purpose, or to give him the power to obtain them.

### READING OF ARTICLES 730-2, 730-3, 30-4 and 730-5 OF THE CIVIL CODE

    The undersigned Notary has read aloud to the applicants articles 730-2, 730-3, 730-4 and 730-5 of the Civil Code, the texts of which are repeated below:

    *Article 730-2 – The affirmation contained in the notarized deed does not, by itself, convey acceptance of the inheritance.*

    *Article 730-3 – The notarized deed thus established is deemed accurate until proof to the contrary.*

    *Persons having recourse to this are presumed to have rights to the inheritance in the proportion indicated herein.*

    *Article 730-4 – The heirs designated in the notarized deed or their common representative are deemed, with regard to third parties holding assets in the estate, to have the free disposal of these assets and, if funds are involved, the free disposal of these in the proportion indicated in the deed.*

    *Article 730-5 – Those persons who, knowingly and in bad faith, have recourse to an incorrect notarized deed, may incur the penalties for receipt of stolen goods provided for in article 792, without prejudice to damages.*

    **DOCUMENT OF WHICH** on two pages
    **Initialed**

**Comprising:**
- approved footnote:    [hw] 0
- crossed-out blank spaces:    [hw] 0    [initials NG]
- blacked-out blank spaces:    [hw] 0
- entire lines crossed out:    [hw] 0
- numerals crossed out:    [hw] 0
- spaces for word left blank:    [hw] 0

    And after reading, the applicants signed the present document with the Notary.
    [signature]    [signature]

        [stamp]    Attached to the record of a deed received by the undersigned notary on [hw] Oct. 17, 2005

MUNICIPAL EXECUTIVE of Paris

Death certificate
Complete copy
      [initials]

Death certificate no. 2205

Norman, Joseph GRITZ

The fifth of September two thousand five, at 9:15 PM -------------------
there died at 149, rue de Sèvres, Norman, Joseph **GRITZ**, resident at --
Paris fifth arrondissement, 3 rue Edouard Quenu, born in Chicago, -----
(USA) on August 10, 1936, professor, son of Meyer GRITZ and --------
of Anna GRUNDMAN, deceased. ------------------------------------------
Husband of Nevenka GOTOVAC. -----------------------------------------
---- Drafted on September 7, 2005, at 1:15 PM, on the declaration
of Pascal ROUSSEL, aged 47 years, deputy administrator, active in Paris –
fifteenth arrondissement, 149, rue de Sèvres, who, having been read this
certificate and being asked to sign the certificate, signed with Us, Isabelle
TABANOU, municipal Clerk --------------------------------------------------
delegated to the functions of officer of Civil Status by the Municipal
Executive of the 15th arrondissement of Paris. ---------------------------------

Certified copy of the original copy kept by
the municipal office of Paris, fifteenth arrondissement,
issued on September 7, 2005

          The municipal Clerk delegated to the functions of
officer of Civil Status by the Municipal Executive of the 15th arrondissement of Paris

          [stamp / illegible]
          [initials]
          L. TABANOU

          Civil status
          [illegible]

|  |  |
|---|---|
| [logo] | ADSN | Central File of the Dispositions of Last Wills |
|  | 11307 Venelles Cedex – Tel. 04 42 54 90 80 – Fax 04 42 54 90 90 |

Office: 75108

Maîtres DELOUIS & CARVAIS
NOTARY PARTNERS
5 RUE DE LOGELBACH
75017 PARIS

[stamp]   Attached to the record of a deed received by the undersigned notary on [hw] Oct. 17, 2005

---

[logo] | ADSN   Central File of the Dispositions   September 16, 2005
of Last Wills   page 1/ 1
11307 Venelles Cedex   *(in the event of multiple pages,*
Tel. 04 42 54 90 80   *to be continued on separate page)*
Fax 04 42 54 90 90

**REPORT ON HEARING**            **Number: 2005091680361**
Name:          **GRITZ**                         Sex:     **M**
First names:   **NORMAN JOSEPH**
Born on:       **August 10, 1936**     In:     **USA – CHICAGO**
Spouse:        **GOTOVAC**                                  Date of death:   **Sep. 5, 2005**

*No record in the Central File as of Sep. 16, 2005.*

**page 1/1**



City of New York, State of New York, County of New York

I, Artem Furman, hereby certify that the attached document, entitled, "Acte de notoriété après le décès de M Gritz (notarial deed after the death of Mr. GRITZ)" is to the best of my knowledge and belief, a true and accurate translation from French to English:

Artem Furman

Sworn to before me this
Thursday, April 03, 2014

Signature, Notary Public

RYAN ALEXANDER DROST
Notary Public - State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2016

Stamp, Notary Public

THE GLOBAL SOLUTION FOR LEGAL SUPPORT

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T +1 212.689.5555 | F +1 212.689.1059 | WWW.TRANSPERFECTLEGAL.COM
OFFICES IN 80 CITIES WORLDWIDE

# 2005

17 octobre



NOTORIÉTÉ
après le Décès de
M: GRITZ

EMMANUEL DELOUIS   BERNARD CARVAIS

**NOTAIRES**

5, RUE DE LOGELBACH 75017 PARIS

Droit de timbre
payé sur état
N° 528010

105568 02
ED/FKJ

L'AN DEUX MIL CINQ,
Le DIX SEPT OCTOBRE
A PARIS, au siège de l'Office Notarial, ci-après nommé,
Maître Emmanuel DELOUIS, membre de la Société Civile Professionnelle dénommée "Emmanuel DELOUIS et Bernard CARVAIS", titulaire d'un office notarial, dont le siège est à PARIS (17ème), 5, rue de Logelbach,

A REÇU LE PRESENT ACTE DE NOTORIETE A LA REQUETE DE :

- Madame Nevenka GRITZ A ce présente

Etant observé que le ou les requérants ci-après qualifiés et domiciliés seront indifféremment dénommés aux présentes « les requérants » ou « les ayants-droit ».

Préalablement à leurs déclarations, les requérants exposent ce qui suit :

### EXPOSE

#### PERSONNE DECEDEE

Monsieur Norman Joseph GRITZ , en son vivant Retraité, époux de Madame Nevenka GOTOVAC, demeurant à PARIS (75005), 3 rue Edouard Quenu .

Né à CHICAGO Illinois (ETATS UNIS d'AMERIQUE), le 10 août 1936.
De nationalité française

Décédé à PARIS (15è) , le 5 septembre 2005.

#### MARIAGE - REGIME MATRIMONIAL

Monsieur et Madame GRITZ - GOTOVAC se sont mariés initialement sous le régime de la communauté de biens réduite aux acquêts à défaut de contrat de mariage préalable à leur union célébrée à la mairie de PARIS (75005), le 20 janvier 1973, et actuellement sous le régime de la communauté universelle suivant acte reçu par le notaire soussigné le 28 mars 2003, homologué par le TRIBUNAL DE GRANDE INSTANCE DE Paris le 12 mars 2004, ledit jugement déposé au rang des minutes dudit notaire soussigné le 28 avril 2004.

Le contrat de mariage sus-visé contient une clause d'attribution intégrale en toute propriété de la communauté au conjoint survivant.

#### ABSENCE DE DISPOSITIONS DE DERNIERES VOLONTES

Il n'est pas connu de disposition testamentaire ou autre à cause de mort émanant de la personne décédée.

#### ATTRIBUTION DE LA COMMUNAUTE AU CONJOINT SURVIVANT

BENEFICIAIRE de la clause d'attribution intégrale en toute propriété de la communauté pour le cas de prédécès.

## DEVOLUTION SUCCESSORALE

### CONJOINT SURVIVANT

LAISSANT, à défaut d'ascendants privilégiés ou de descendants venant à la succession, pour unique HERITIER, :
Madame Nevenka **GOTOVAC**, Retraitée, épouse de Monsieur Norman Joseph **GRITZ**, demeurant à PARIS (75005), 3 rue Edouard Quenu ,
Née à Livno (YOUGOSLAVIE) le 20 novembre 1936,
Mariée initialement sous le régime de la communauté de biens réduite aux acquêts à défaut de contrat de mariage préalable à son union célébrée à la mairie de PARIS (75005), le 20 janvier 1973 , et actuellement sous le régime de la communauté universelle suivant acte reçu par le notaire soussigné le 28 mars 2003, homologué par le TRIBUNAL DE GRANDE INSTANCE DE Paris le 12 mars 2004, ledit jugement déposé au rang des minutes dudit notaire soussigné le 28 avril 2004.

De nationalité française.

### QUALITES HEREDITAIRES

Madame Nevenka **GRITZ** a la qualité d'épouse **seul** héritier de Monsieur Norman **GRITZ** son époux sus-nommé,

Ceci exposé, il est passé aux déclarations et affirmations des requérants.

### AFFIRMATION DE LA QUALITE HEREDITAIRE

Les requérants attestent la dévolution successorale telle qu'elle est établie ci-dessus, et certifient qu'à leur connaissance il n'existe aucun autre ayant-droit venant à la succession.
Ils déclarent que la personne décédée n'a laissé aucune disposition à cause mort non relatée aux présentes.
Ils affirment, en conséquence, qu'ils ont seuls vocation et qualité à recueillir la succession.
A l'appui de leurs affirmations et déclarations, les requérants apposeront leur signature en fin des présentes.

Ils acceptent dès à présent la succession, ayant été préalablement avertis par le Notaire soussigné des conséquences de cette acceptation, ce qu'ils reconnaissent.

Les requérants déclarent qu'après le décès et jusqu'à ce jour, il n'a pas été dressé d'inventaire.

Les requérants ne revendiquent aucune créance envers la succession au titre d'une indemnité pour aide et assistance à la personne décédée, dans la mesure ou cette aide et assistance aurait apporté à leur endroit un appauvrissement et corrélativement un enrichissement du bénéficiaire.

### FICHIER DES DISPOSITIONS DE DERNIERES VOLONTES

Le fichier des dispositions de dernières volontés a adressé, sur sa demande, au Notaire soussigné, un certificat qui demeurera ci-joint et annexé après mention, dont il résulte qu'aucune inscription n'a été prise audit fichier.

### EXTRAIT D'ACTE DE DECES

Un extrait de l'acte de décès de Monsieur Norman GRITZ est demeuré annexé aux présentes après mention.

*NG*

### PIECES D'ETAT-CIVIL PRODUITES

Outre les documents visés aux présentes, ont été produites entre les mains du Notaire soussigné les pièces suivantes :
- le livret de famille de la personne décédée ;

### DROIT DE JOUISSANCE TEMPORAIRE DU LOGEMENT PAR LE CONJOINT SUCCESSIBLE

L'article 763 du Code Civil dispose que :
*« Si, à l'époque du décès, le conjoint successible occupe effectivement, à titre d'habitation principale, un logement appartenant aux époux ou dépendant totalement de la succession, il a de plein droit, pendant une année, la jouissance gratuite de ce logement, ainsi que du mobilier, compris dans la succession, qui le garnit.*

*« Si son habitation était assurée au moyen d'un bail à loyer, les loyers lui en seront remboursés par la succession pendant l'année, au fur et à mesure de leur acquittement.*

*« Les droits prévus au présent article sont réputés effets directs du mariage et non droits successoraux.*

*« Le présent article est d'ordre public. »*

### DROIT DE JOUISSANCE VIAGER DU LOGEMENT PAR LE CONJOINT SUCCESSIBLE

Le Notaire soussigné rappelle aux présentes les dispositions de l'article 764, premier alinéa, du Code Civil : *« Sauf volonté contraire du défunt exprimée dans les conditions de l'article 971, le conjoint successible qui occupait effectivement, à l'époque du décès, à titre d'habitation principale, un logement appartenant aux époux ou dépendant totalement de la succession, a sur ce logement, jusqu'à son décès, un droit d'habitation et un droit d'usage sur le mobilier, compris dans la succession, le garnissant. »*

Etant observé que cet article n'est pas d'ordre public, le conjoint pouvant être le cas échéant privé de ces droits par testament authentique.

Le Notaire précise qu'aux termes de l'article 765-1 du Code Civil, le conjoint dispose d'un an à partir du décès pour manifester sa volonté de bénéficier de ces droits d'habitation et d'usage, sauf s'il a été privé de ces droits par testament authentique.

### ATTESTATION IMMOBILIERE

Le notaire soussigné informe les ayants-droit de l'obligation de faire constater dans une attestation notariée toutes transmissions par décès des droits réels immobiliers pouvant dépendre de celle-ci.

### AVERTISSEMENT

Les requérants déclarent avoir été avertis par le Notaire soussigné que le délai de principe de dépôt de la déclaration de succession et du paiement des droits est de six mois à compter du jour du décès. Ce délai se calcule de quantième à quantième avec une tolérance au dernier jour du mois.

En cas de dépassement de ce délai ou d'insuffisance de déclaration et de non paiement en tout ou partie des droits, court un intérêt de retard demandé par l'administration de 0,75% par mois à compter du premier jour du mois suivant l'expiration du délai. Une majoration pouvant aller de 10% à 80% est susceptible d'être appliquée, au-delà de 10 % après mises en demeure ou en cas de manoeuvres destinées à éluder l'impôt.

4

Aux termes des dispositions de l'article 1709 du Code Général des Impôts les droits des déclarations des mutations par décès sont payés par les héritiers, donataires ou légataires. Les cohéritiers sont solidaires. Par suite le paiement peut être demandé à un seul des cohéritiers pour l'ensemble des cohéritiers.

La solidarité n'existe pas entre les héritiers et les légataires même universels, ni entre les légataires.

Les requérants demandent au notaire soussigné d'établir cette déclaration, s'obligeant à lui fournir à sa demande tous les éléments, sans exception aucune, nécessaires à cet effet, où à lui donner pouvoir pour les obtenir.

### LECTURE DES ARTICLES 730-2, 730-3, 730-4 et 730-5 DU CODE CIVIL

Le Notaire soussigné a donné lecture aux requérants des articles 730-2, 730-3, 730-4 et 730-5 du Code Civil ci-après littéralement rapportés :

*Article 730-2 - L'affirmation contenue dans l'acte de notoriété n'emporte pas, par elle-même, acceptation de la succession.*

*Article 730-3 - L'acte de notoriété ainsi établi fait foi jusqu'à preuve du contraire.*

*Celui qui s'en prévaut est présumé avoir des droits héréditaires dans la proportion qui s'y trouve indiquée.*

*Article 730-4 - Les héritiers désignés dans l'acte de notoriété ou leur mandataire commun sont réputés, à l'égard des tiers détenteurs de biens de la succession, avoir la libre disposition de ces biens et, s'il s'agit de fonds, la libre disposition de ceux-ci dans la proportion indiquée à l'acte.*

*Article 730-5 - Celui qui, sciemment et de mauvaise foi, se prévaut d'un acte de notoriété inexact, encourt les pénalités de recel prévues à l'article 792, sans préjudice de dommages-intérêts.*

**DONT ACTE** sur quatre pages.
**Paraphes**

**Comprenant :**
- renvoi approuvé : o
- barre tirée dans des blancs : O
- blanc bâtonné : O
- ligne entière rayée : O
- chiffre rayé nul : o
- mot nul : o

Et après lecture faite, les requérants ont signé le présent acte avec le Notaire soussigné.

Annexé à la minute d'un acte reçu par le notaire soussigné le 17 L10/05

MAIRIE de Paris

Acte de décès
Copie Intégrale

Acte de décès n°2205

Norman, Joseph GRITZ

Le cinq septembre deux mil cinq, à vingt et une heures quarante-cinq minutes, est décédé 149, rue de Sèvres, Norman, Joseph GRITZ, domicilié à Paris cinquième arrondissement, 3 rue Edouard Quenu, né à Chicago (Etats-Unis d'Amérique) le 10 août 1936, professeur, fils de Meyer GRITZ et de Anna GRUNDMAN, décédés. ----------------------------------------
Epoux de Nevenka GOTOVAC. ----------------------------------------
---- Dressé le 07 septembre 2005, à 13 heures 15 minutes, sur la déclaration de Pascal ROUSSEL, âgé de 47 ans, adjoint administratif, exerçant à Paris quinzième arrondissement, 149, rue de Sèvres, qui, lecture faite et invité à lire l'acte, a signé avec Nous, Isabelle TABANOU, Fonctionnaire municipal délégué dans les fonctions d'officier d'Etat Civil par le Maire du 15ème arrondissement de Paris. ----------------------------------------

Copie conforme à l'acte original conservé par
la mairie de Paris quinzième arrondissement,
délivrée le 07 septembre 2005

Le Fonctionnaire municipal délégué dans les fonctions d'Etat civil
par le Maire de Paris quinzième arrondissement

I. TABANOU



# Fichier Central des Dispositions de Dernieres Volontés

13107 Venelles Cedex - Tél : 04 42 54 90 80 - Fax : 04 42 54 90 90

Etude :    75108

Maîtres DELOUIS & CARVAIS
NOTAIRES ASSOCIES
5 RUE DE LOGELBACH
75017 PARIS

Annexé à la minute d'un acte reçu par le notaire soussigné
le 17 L-10 / 05

Fichier Central de Dispositions de Dernières Volontés

13107 Venelles Cedex
Tél : 04 42 54 90 80
Fax : 04 42 54 90 90

16 Septembre 2005
folio 1/1
*(en cas de folio multiple, suite éventuelle par pli séparé)*

COMPTE RENDU D'INTERROGATION                Numéro : 2005091680361

Nom :       GRITZ                                                    Sexe : M
Prénoms :   NORMAN JOSEPH
Né le :     10.08.1936           à : ETATS UNIS CHICAGO
Conjoint :  GOTOVAC                                        Date de décès : 05.09.2005

*Aucune inscription au Fichier Central en date du 16.09.2005*

folio 1 /1