

Laura G. Ferguson
Member
(202) 626-5567
lferguson@milchev.com

April 8, 2014

VIA ECF
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

      On March 6, 2014, the Court entered a Pre-Trial Scheduling Order. The Order provides that "[e]ach side may make one summary judgment motion limited to 50 pages, and one *in limine* motion." DE 435 at 1. The Court, however, allowed the parties to "present an[] application for an enlargement of the 25-page limit for its motion *in limine* on or before April 11, 2014." *Id.*

      It is not possible to address the substantial procedural and evidentiary issues presented by Plaintiffs' proposed 100 witnesses and 930 exhibits (consisting of 35,000 pages and 11 hours of video) in a single 25-page motion *in limine*. Defendants' Amended and Supplemental Objections to Trial Exhibits of Plaintiffs (DE 456), which simply lists Defendants' objections, is itself 51 pages due to the volume of exhibits. A substantial portion of the exhibits are third-party materials that cannot be authenticated and are rank hearsay. A substantial portion of the exhibits also post-date the shooting and bombings at issue and do not relate to the alleged suspects or attacks at issue, making them irrelevant. For the most part, Plaintiffs have not made any proffer as to the purpose for which they would be offering the exhibit. In sum, many of the exhibits on Plaintiffs' list will never be introduced at trial.[1] Plaintiffs' witness list also is more aspirational than reflective of witnesses who would actually testify at trial. Many of the fact witnesses listed by Plaintiffs (other than Plaintiffs themselves) were not timely disclosed and/or are beyond the subpoena power of the Court and are unlikely to appear voluntarily.

      The sheer volume of exhibits and the fact that many of the exhibits are non-party documents, the intended use of which is unknown, makes an abbreviated motion *in limine* briefing process impossible. The alternative – briefing all the evidentiary issues now – would require numerous motions and would be an inefficient use of judicial resources. Defendants are mindful that the Court does not intend for motions *in limine* to be their sole opportunity to object to the admissibility of

---

[1] Many of the exhibits also are in a foreign language, and Plaintiffs are still in the process of producing English translations, the accuracy of which Defendants have not yet had an opportunity to determine.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1422007.1



Hon. George B. Daniels
April 8, 2014
Page 2

testimony and documents and of the Court's desire to keep the motions *in limine* briefing process manageable. *See* Tr. 3/3/14 Motions Hrg. at 30-31, 43-47 (describing process by which Plaintiffs would address Defendants' objections to their trial exhibits). Defendants also have given careful consideration to which evidentiary issues will benefit from briefing in conjunction with the summary judgment briefing process versus those that can be postponed until the case is narrowed for trial, assuming it is not dismissed for lack of personal jurisdiction or by summary judgment. Defendants propose that the motions *in limine* currently scheduled to be submitted on May 2 focus on the documents and witnesses that are likely to be the focus of summary judgment briefing, also currently due May 2.

Accordingly, Defendants seek leave to file the following:

1. An omnibus 150-page motion to exclude Plaintiffs' seven non-rebuttal liability experts (Addicott, Eviatar, Karsh, Kaufman, Levitt, Marcus, and Shrenzel) on *Daubert* grounds. This motion also would seek to exclude the testimony of fact witness Varda Guetta as to the identity of the shooter in one of the seven alleged terrorist attacks based on a photo ID twelve years after the fact and despite her earlier testimony that she could not identify the shooter. The proposed page limit allots 20 pages per expert plus an additional 10 pages to address the testimony of Ms. Guetta. Alternatively, if the Court prefers, Defendants could file separate motions *in limine* on each liability expert and Ms. Guetta, with a cap of 20 pages for each motion.[2]

2. A 50-page motion addressing statements allegedly made by Defendants or documents produced by Defendants that relate to the shootings or bombings at issue or the individuals alleged to be responsible. This motion would address multiple categories of documents, each of which require separate treatment (such as intelligence files, "martyr files," public statements alleged by Plaintiffs to be party admissions). (Plaintiffs' counsel indicated yesterday that Plaintiffs intend to file a motion before May 2 on the authenticity and admissibility of documents produced by the Defendants. To the extent, Defendants can address the admissibility and authenticity of documents produced by them in their opposition to Plaintiffs' motion, Defendants' May 2 motion *in limine* could be correspondingly shorter and would focus on alleged party admissions made by the Defendants in documents produced by Plaintiffs.)

3. A 50-page motion addressing several categories of Israeli government documents (Israeli military court convictions, indictments, pleas, transcripts of court proceedings, custodial statements, etc.) produced by Plaintiffs. These documents are at the center of Plaintiffs' case and there are a variety of legal issues that must be addressed.

---

[2] This is the approach taken by Judge Weinstein in an Anti-Terrorism Act case in the Eastern District of New York, a case with a similar number of experts. *Gill v. Arab Bank*, 1:11-cv-3706-JBW-VVP. Each party filed separate motions *in limine* as to each expert, with a 20-page limit. *See* DE 74-106.

Miller & Chevalier Chartered



Hon. George B. Daniels
April 8, 2014
Page 3

Under Defendants' proposal, the Court will not have to decide motions *in limine* for documents and witnesses that may never be introduced at trial. Thus, for example, Defendants propose postponing motions *in limine* on Plaintiffs' damages and rebuttal experts and documents related to their damages claims. After the Court rules on the summary judgment briefing, if there are remaining issues that would benefit from briefing, the Court could set a schedule, which would have those issues decided in advance of the January trial date. Defendants expect that most remaining evidentiary issues could be resolved in a more summary fashion, without briefing, at a pre-trial evidentiary hearing.

In conclusion, it would be extraordinarily burdensome and inefficient for Defendants to identify now all of the evidentiary issues associated with Plaintiffs' witnesses and voluminous exhibits, much of which would never reach a jury. Instead, Defendants propose motions *in limine* that focus on the key categories of documents and witnesses Plaintiffs will claim establishes a triable issue of fact as to PA or PLO liability. Once the Court resolves the summary judgment motion, the parties and Court will have a better sense of what evidentiary issues, if any, remain.

Defendants, however, wish to emphasize that the Court lacks personal jurisdiction over them and that they are entitled to dismissal, as a result of the Supreme Court's recent cases on general and specific jurisdiction (*Daimler* and *Walden*, respectively). Defendants' personal jurisdiction motion is now fully briefed. Further merits briefing should be stayed pending resolution of the personal jurisdiction issue.

Sincerely,

Laura G. Ferguson

cc: All ECF Counsel