# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

April 9, 2014

**VIA ECF AND FAX**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>     Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>            Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

  We write in response to defendants' letter of April 8, 2014. DE 463. The Court should reject defendants' request to file three motions *in limine* totaling 250 pages, and an undetermined number of additional *in limine* motions of unknown length at some undetermined time before trial.

  On March 4, 2014, the Court instructed the parties to submit one *in limine* motion and one summary judgment motion: "I expect one summary judgment motion and I expect one motion in limine. I don't expect ten different motions, similar motions in limine, and I don't expect ten different summary judgments." DE 439 at 30. The Court further stated, with respect to timing: "I want fully submitted motions before the end of June…. So I mean, that concession to them [defendants sought and received an additional five weeks until May 2 to file their *in limine* and summary judgment motions] only gives me a greater opportunity to be tougher on motions that people want to make subsequent to that and demanding an explanation why those motions weren't made, having had a full opportunity to fully submit all the motions as is contemplated by Magistrate Judge Ellis' schedule." *Id*. at 26.

  The Court should reject defendants' attempt to reargue the Court's rulings on the number of motions and the briefing schedule. One *in limine* motion per side is enough, and it should be made on the date the Court has set—which is already much later than the schedule set by Judge Ellis (and Judge Ellis' schedule already reflected delays sought by defendants).

## ARNOLD & PORTER LLP

Hon. George B. Daniels
April 9, 2014
Page 2

      The Court should also reject defendants' proposal that the Court wade through hundreds of pages of *in limine* briefing—defendants suggest 250 pages for each opening brief alone!  Defendants say that they plan to ask the Court to exclude:

- all expert and summary witness testimony on liability, even though courts in terrorism cases have repeatedly permitted expert and summary witness testimony, *e.g.*, *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316 (E.D.N.Y. 2013);

- a witness identification, even though witness identification presents a classic jury question, *e.g.*, *Sales v. Harris*, 675 F.2d 532, 537-38 (2d Cir. 1982);

- all of defendants' own documents and videos, which defendants say are irrelevant, or inauthentic, and hearsay;

- all convictions of terrorists and other government documents relating to the terrorists, which defendants say raise unspecified "legal issues," even though other courts have found such documents admissible, *e.g.*, *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 447-49 (E.D.N.Y. 2013).

      Defendants misapprehend the nature and purpose of *in limine* motions, which is not to pre-try the case on paper.  "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context."  *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) (citations omitted).  "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir.1996) (quoting *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

      The Second Circuit has explained that "[t]here is no reason to spend scarce judicial resources reviewing a decision [on an *in limine* motion] that may be changed due to developments at trial."  *Palmieri*, 88 F.3d at 139.  The same practical approach counsels strongly against allowing hundreds of pages of *in limine* briefing, which would be a colossal waste of the Court's resources, not to mention those of the parties.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
April 9, 2014
Page 3

      The Court should limit the parties to a single *in limine* brief of 50 pages to be filed on May 2. This will help the parties focus their *in limine* efforts on those items actually consistent with the purpose for allowing *in limine* motions to begin with, and will comport with the pre-trial schedule set by the Court.

                                                 Respectfully,

                                                 Kent A. Yalowitz

cc:     All ECF Counsel