# Exhibit B
**(EXCERPTED)**

```
                                                                         1
     E341soka
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   MARK I. SOKOLOW, et al.,,
 3
 4                Plaintiffs,
 4
 5        v.                                  04-CV-397 (GBD)
 5
 6   PALESTINE LIBERATION
 6   ORGANIZATION, et al.,
 7
 7                Defendants.            Oral Argument
 8
 8   ------------------------------x
 9                                        New York, N.Y.
 9                                        March 4, 2014
10                                        10:58 a.m.
10
11   Before:
11
12                    HON. GEORGE B. DANIELS,
12
13                                             District Judge
13
14                       APPEARANCES
14
15   ARNOLD & PORTER, LLP
15        Attorneys for Plaintiffs
16   BY:  KENT A. YALOWITZ, ESQ.
16        PHILIP W. HORTON, ESQ.
17        CARMELA T. ROMEO, ESQ.
17        TAL R. MACHNES, ESQ.
18        KEN L. HASHIMOTO, ESQ.
19   ROBERT J. TOLCHIN, ESQ.
19        Attorney for Plaintiffs
20
20   MILLER & CHEVALIER, CHTD.
21        Attorneys for Defendants
21   BY:  MARK JOHN ROCHON, ESQ.
22        LAURA G. FERGUSON, ESQ.
22        BRIAN A. HILL, ESQ.
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                   48
     E341soka
 1   confidentiality order or stipulation with regard to the use of
 2   documents?
 3            MR. YALOWITZ:  The only thing, there are -- the Second
 4   Circuit has said that there are certain kinds of documents that
 5   are highly private.  And we have a few of those documents here,
 6   your Honor.  For example, photographs of gruesome injuries of
 7   some of the plaintiffs that they just are embarrassed and don't
 8   wish to be seen.
 9            THE COURT:  Well, that's a different issue.  That's a
10   different ground, if they move to either exclude or to somehow
11   limit that evidence because of its prejudicial nature or some
12   other ground, but the bottom line is that this is really not
13   your application at this point.  Your application is that all
14   documents produced before the jury should be public.
15            MR. YALOWITZ:  Correct, and all documents supporting
16   or opposing summary judgment, and this issue was -- this issue
17   first arose because we had a sentence in our description of the
18   claim, in the joint pretrial order, that referenced certain
19   records of the defendant.
20            THE COURT:  I understand that, but at this point
21   nothing has been filed.
22            MR. YALOWITZ:  Correct.
23            THE COURT:  The pretrial order has not been filed.
24            MR. YALOWITZ:  Correct.  We've submitted it --
25            THE COURT:  The only ruling I'm going to make at this
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                   49
         E341soka
 1    point is that you should discuss it.  To the extent you have,
 2    to the extent the defendants have a position that certain
 3    documents or information should not be publicly filed, then it
 4    should not be publicly filed until you get a ruling from the
 5    court, and I'll hear whatever grounds they have, because the
 6    presumption is that all documents in this case will be publicly
 7    filed unless there is a reason to not do that that's
 8    articulated and a motion is made to not do that.  That is the
 9    presumption.  So it is their motion.
10              I am going to also suggest that any filings at this
11    point should be exchanged between the parties before they are
12    filed and each party will have 48 hours to look at those
13    documents and indicate that they have an objection to filing
14    the portions of that document unredacted.  Then the documents
15    should be sent to the court.  If there's no objection, the
16    documents would be filed.  To the extent there's an objection,
17    the document should be filed either redacted or not filed at
18    all until a ruling from the court.  So you can submit them to
19    the court but we'll deal with the issue of filing.
20              MR. YALOWITZ:  Okay.  That's a great procedure, your
21    Honor.  That's essentially the procedure that we used with the
22    joint pretrial order, and so the joint pretrial order, which
23    chambers has but which has not been put up on ECF, is ready for
24    a ruling by the court on this issue.  So I think both sides
25    have discussed it, both sides have made their arguments in
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                  50
     E341soka
 1   letters to the court, which have also been submitted to
 2   chambers but have not yet been put up on ECF, and so frankly --
 3             THE COURT:  I have a continuing procedure you should
 4   use, I'll look at it right away and make a ruling right away.
 5   If I think I need to hear more specifically from you as I
 6   review it more closely, then I'll hear from you on April 8th
 7   and then we'll decide whether or not things should be put out.
 8   But I think that, you know, I need a compelling legal argument
 9   from the defense, if that's only a defense issue, why documents
10   in this litigation should not be public documents, and it's got
11   to be more than just, "It may make my clients look bad."
12   Obviously it's got to be some other argument, and if there's
13   another argument to be made, then I will hear it, and if it's
14   appropriate to do so, I will do so, but as I say, the parties,
15   even when they agree, they want to file things under seal.  I
16   say that's not your choice.  This is a public courthouse that
17   resolves public issues in public, not behind closed doors.  And
18   so therefore, the litigation presumption is going to be that
19   unless you articulate the particular reason why certain things
20   should not be made public, documents are made public in the
21   course of litigation, and particularly there's a significant
22   hurdle to overcome if those documents are already somehow in
23   the public domain.  So if the documents are already in the
24   hands of the public, I don't think it's a compelling reason
25   that you don't want it to be public here, so it's got to be
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                   51
      E341soka
 1    some private document that has not been publicly disclosed that
 2    there is a compelling legal reason to not have that evidence
 3    available in an open proceeding.  That's basically it.
 4             MR. HILL:  Your Honor, I'm happy to address that in
 5    our meeting in April on the 4th.  Some of it is intelligence
 6    material, which is the basis for the concern.
 7             THE COURT:  Then the only other thing is there are
 8    still some objections that were made that are still outstanding
 9    on Judge Ellis' ruling.  Other than the one about the BBC and
10    my discussions with Magistrate Judge Ellis and my review of the
11    papers, I don't have a recollection in my mind that I was
12    particularly compelled to overrule him based on error of law or
13    facts or an abuse of discretion with regard to those issues,
14    but I will look at them one more time.
15             As I say, the BBC issue, I didn't feel that BBC should
16    be forced to give up the outtakes for the reasons that you
17    articulate.  But with regard to further discovery and those
18    kinds of issues, I'll look at them one more time, but it's
19    likely that I'm going to go ahead and sustain United States
20    Magistrate Judge Ellis on all the motions on this issue.
21             MR. YALOWITZ:  So if I may be heard on -- I think
22    there are really two issues there with regard to Judge Ellis'
23    decisions that we've objected to.  The first is one we've
24    discussed, which is the defendants' own document production,
25    and just to be very clear, the vast majority of documents that
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```