

PLAINTIFF'S EXHIBIT 260

Date: 2 Av 5766
July 27, 2006

Case No.: 2270/04

## The Judea Military Court

**Before the Honorable Presiding Judge:** Major Ronen Atzmon
**Judge:** Major Adrian Agasi
**Judge:** Major Menachem Lieberman

**The Military Prosecution**
(Represented by Lieutenant Tomer Horovitz)

- v. -

**The Defendant: Ahmed Salah Ahmed Salah, Identity No. 901739656 / Israel Prison Service – present**
(Represented by Counsel, Adv. Osama Ouda – present)

**Stenographer:** Corporal Liat Wieg
**Interpreter:** Corporal Majd Katish

---

The Presiding Judge opens the session and identifies the Defendant.

## Course of the Hearing

Defendant: Adv. Osama Ouda is representing me.

Defense counsel: We intended to conclude this case today, but the Defendant has seen that his colleague was taken out of the courtroom before the sentencing and now he does not want to hold the hearing.

Defendant: When I saw that Abd was taken out of the courtroom, this affected my mood. His family is here and it has marred its honor. Therefore I do not want to make any deal today.

Defense counsel: I ask to defer the hearing.

Prosecutor: I ask that the verdict be heard.

## Decision

The draft verdict is almost ready. It is expected that it will be completed by next Sunday. Therefore, we defer giving the verdict to Sunday, July 30, 2006.

[Stamp] P 2: 145

The parties must present by 9:30 a.m.
Because the parties are present, no additional summons will be given.

Handed down and announced this day, July 27, 2006, in public and in the presence of the parties.

|  [Signature]  |  [Signature]  |  [Signature]  |
| :---: | :---: | :---: |
| **Judge** | **Presiding Judge** | **Judge** |

**After a recess.**

Defense counsel: After rethinking the matter, the Defendant is interested in the arrangement being reached today similar to the arrangement that was reached with his colleague.

**At this stage, a transcript is being copied from Case 2271/04.**

Defense Counsel: The defense was supposed to give a summation today. It is the position of the Defendant that he does not want me to give a summation and his position is that all of the facts in the indictment are correct and it is his position that he murdered and injured all the people who were mentioned in the indictment, but he did it within the framework of his struggle against the occupation. It is the right of the Defendant to do so and therefore, although he has murdered, he does not think that he is pleading guilty.

[Stamp] P 2: 145 [continued]

Date:  2 Av 5766                                                                                                   Case No.: 2270/04
           July 27, 2006

Defendant: I confirm that the facts of the indictment are correct, as my defense counsel said. I do not plead guilty; the Court can decide whether I am guilty or not.

Prosecutor: The Prosecution has filed summations. In view of the Defendant's admission to the indictment, I ask that he be convicted of that which has been attributed to him.

## Verdict

Based on the Defendant's admission of the facts of the indictment, we have examined the counts of the indictment and we are convinced that the admission of the facts is enough to substantiate the guilt of the Defendant for all counts of the indictment.

We must point out that within the arbitrary contention of the defense counsel that the Defendant committed the acts while thinking that by doing so he was resisting the "occupation actions" and therefore he does not plead guilty, we have found no basis for any legal defense.

Therefore, we determine that there is no qualification to the criminal liability of the Defendant for the acts that he has admitted.

We therefore convict the Defendant of all of the offenses appearing in the indictment, as follows:

A.   Shooting at a person, pursuant to Regulation 58 (A) of the Defense Regulations.

B.   Three counts of attempting to cause intentional death, an offense pursuant to Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and pursuant to Section 19, 20 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

C.   Nineteen counts of causing intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

D. ✓ Membership and activity in an illegal organization, an offense pursuant to Regulation 85 (1) (A) of the Defense Regulations, (Time of Emergency) 1945.

E. ✓ Manufacturing a bomb, pursuant to Section 53 (A) (3) of the Security Provisions Order.

[Stamp] P 2: 146

**Handed down and announced this day, July 27, 2006, in public and in the presence of the parties.**

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| **Judge** | **Presiding Judge** | **Judge** |

Prosecutor: No evidence for sentencing.

Defense counsel: No evidence for sentencing.

Prosecutor gives a summation: I refer to points that I mentioned in Case No. 2271/04: the Defendant was convicted based on his confession concerning his part in two attacks that caused in total the deaths of 19 innocent civilians and the injury of dozens more. I do not think there is room to go into an extended account concerning the severity of the acts, [namely] cold blooded murder of innocent people. In addition, the Defendant has not expressed any remorse for his acts, and today, while standing here and answering for them, he still supports these acts. The military prosecution will ask the Honorable Court to sentence the Defendant to cumulative terms of life imprisonment for each of the victims. In addition, we shall ask that the Defendant be sentenced to two additional cumulative terms of life imprisonment for the injuries that were caused in each of the two attacks in which the Defendant took part, and a fitting sentence for all of the other offenses that were attributed to him in the indictment. I wish to refer the Honorable Court to Judea and Samaria Appeal 2793/04, Munzar Noor, in which the defendant was convicted of his part in an attack in Jerusalem in which a civilian was killed and many others were injured. The Court sentenced the Defendant to two cumulative terms of life imprisonment – one for causing the death of the person who met his death in the attack, and the other for attempting to cause the deaths of other civilians, most of whom were injured in that attack, and a fitting prison sentence for the remaining offense. I think that separate additional terms of life imprisonment should be handed down for the different attempts and therefore I have asked for two more sentences of life imprisonment. I think that the sentence will express the principle of sanctity of life.

Defense counsel gives a summation: I cannot elaborate the position of the Defendant as he will do. Therefore, my summations will be the last statement of the Defendant.

[Stamp] P 2: 146 [continued]

Date:  2 Av 5766                                                                                              Case No.: 2270/04
          July 27, 2006

The Defendant in his last statement: Before I begin concerning the activity that I carried out, I shall not talk about other people, I shall talk about me specifically. When I carried out the attacks that have been attributed to me, this was a natural reaction to what had happened in Khan Younis, on that day on which 18 civilians, including infants, were killed. When we discussed and tried to understand what the reason for it was, in the Israeli media they reported that they were pursuing a particular wanted man and that those civilians were killed during that pursuit. They contended that the target was the wanted man, and despite 17 civilians being killed, the goal was achieved. I reacted to these things; I made out a list of wanted Israeli people. The first goal was to reach the pilot who bombs the Gaza area and the driver who shells that area, those innocent infants, who were killed, that tank driver who wrote on the shell that that was a gift to those children; you educate children from the age of 5 for terrorism. Based on these things, I learned the subject from the beginning and targeted officers from all kinds of units. They had a reason to pursue wanted men and therefore they invaded that area, and I looked for those wanted men in whom I am interested, and my first target for me was a bus on which there were four soldiers from an engineering force. Like the way that tank aims its shell at a certain target, I aimed the shell at the four soldiers. Concerning the second attack, one can look and see that there are names of soldiers from that bus. My aim was to kill those soldiers who kill the children in the Gaza area. If you contend that I am killing civilians, I am not killing civilians but soldiers. The aim of the Israelis is to get one wanted man despite 20 innocent people being killed with him, and we are acting in kind. In the end, we are all humans; we have come from one place that we know. One person is small and in the end we shall all go through one big gate. If you are interested in reaching peace and stopping the occupation, we are prepared.

[Stamp] P 2: 147

Date:  2 Av 5766  
       July 27, 2006

Case No.: 2270/04

## The Judea Military Court

**Before the Honorable Presiding Judge:**  Major Ronen Atzmon  
                   **The Judge:**  Major Adrian Agasi  
                   **The Judge:**  Major Menachem Lieberman

**The Military Prosecution**  
(Represented by Lieutenant Tomer Horovitz)

- v. -

**The Defendant: Ahmed Salah Ahmed Salah, Identity No. 901739656 / Israel Prison Service – present**  
(Represented by Counsel, Adv. Osama Ouda – present)

---

### Sentence

After having considered the contentions of the parties and the last statements of the Defendant in view of his actions, we have decided to sentence him as follows:

A.    For causing the intentional death of **the late Mr. Avraham Balhasan** – life imprisonment.

B.    For causing the intentional death of **the late Ms. Hannah Bonder** – life imprisonment.

C.    For causing the intentional death of **the late Ms. Anat Darom** – life imprisonment.

D.    For causing the intentional death of **the late Mr. Yechezkel Goldberg** – life imprisonment.

E.    For causing the intentional death of **the late Vladi Tzadik Manbara** – life imprisonment.

F.    For causing the intentional death of **the late Mr. Viorel Octavian Florescu** – life imprisonment.

G.    For causing the intentional death of **the late Ms. Rose Boneh** – life imprisonment.

H.    For causing the intentional death of **the late Ms. Dana Itach** – life imprisonment.

I.    For causing the intentional death of **the late Mr. Roman Hondiashvili** – life imprisonment.

[Stamp] P 2: 148

J.  For causing the intentional death of **the late Mr. Eli Zfira** – life imprisonment.

K.  For causing the intentional death of **the late Ms. Natalia Gamril** – life imprisonment.

L.  For causing the intentional death of **the late Ms. Yaffa Ben-Shimol** – life imprisonment.

M.  For causing the intentional death of **the late Mr. Yuval Ozana** – life imprisonment.

N.  For causing the intentional death of **the late Mr. Rahamim Doga** – life imprisonment.

O.  For causing the intentional death of **the late Mr. Yehuda Haim** – life imprisonment.

P.  For causing the intentional death of **the late Mr. Ilan Avisidris** – life imprisonment.

Q.  For causing the intentional death of **the late Mr. Benia Yonatan Zuckerman** – life imprisonment.

R.  For causing the intentional death of **the late Mr. Lior Azulai** – life imprisonment.

S.  For causing the intentional death of **the late Mr. Natanel Havshush** – life imprisonment.

T.  For injuring dozens of people in the attack on January 29, 2004 – life imprisonment.

U.  For injuring dozens of people in the attack on February 22, 2004 – life imprisonment.

V.  For the other counts of the indictment of which the Defendant has been convicted – 10 years.

All sentences are to be served cumulatively.

The arguments for the verdict will be given separately.

**A right of appeal within 30 days of the day of giving the arguments is granted.**

**Handed down and announced this day, July 27, 2006, in public and in the presence of the parties.**

|  |  |  |
|---|---|---|
| [Signature] | [Signature] | [Signature] |
| **Judge** | **Presiding Judge** | **Judge** |

[Stamp] P 2: 148 [continued]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>　　　　　　　Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 145-148.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 145-148.

_____
Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

KIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
COMMISSION EXPIRES SEPT. 7, 2015
I.D. # 2332704

תאריך : ב' אב, תשס"ו                                        תיק מס' : 2270/04
27 יולי 2006

## בית המשפט הצבאי יהודה

בפני כב' האב"ד : רס"ן רונן עצמון
השופט : רס"ן אדריאן אגסי
השופט : רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: אחמד צלאח אחמד צלאח ת.ז 901739656/ שב"ס - נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

רשמת: רב"ט ליאת וויג
מתורגמן: רב"ט מג"ד קטיש

אב"ד פותח את הישיבה ומזהה את הנאשם.

## מהלך הדיון

נאשם : מייצג אותי עו"ד אוסאמה עודה.

סנגור : התכוונו לסיים את התיק היום, אולם הנאשם ראה שחברו הוצא מן האולם לפני גזר הדין וכעת הוא לא רוצה לקיים את הדיון עכשיו.

נאשם : כשראיתי שהוציאו את עבד מהאולם, זה פגע במצב רוח שלי. משפחתו פה וזה פגע בכבודה. לכן אני לא רוצה לקיים היום שום הסדר.

סנגור : אני מבקש לדחות את הדיון.

תובע : אני מבקש שתישמע הכרעת הדין.

## החלטה

טיוטת הכרעת הדין כמעט מוכנה. יש לצפות שהיא תושלם עד ליום א' הקרוב. לפיכך, אנו דוחים את מתן הכרעת הדין ליום א', 30/07/06.

על הצדדים להתייצב עד השעה 09:30.
כיוון שהצדדים נוכחים לא ייצא זימון נוסף.

ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.

שופט               אב"ד               שופט

לאחר הפסקה.

סנגור : לאחר מחשבה נוספת, הנאשם מעוניין לקיים את ההסדר היום בדומה להסדר שנעשה עם חברו.

בשלב זה מועתק פרוטוקול מתיק 2271/04.

סנגור : הסנגוריה אמורה הייתה לסכם היום. עמדת הנאשם היא שהוא לא רוצה שאני אסכם ועמדתו היא שכל העובדות בכתב האישום הן נכונות וכן עמדתו שהוא רצח ופצע את כל האנשים שנזכרו בכתב האישום, אבל הוא עשה את זה במסגרת מאבקו נגד הכיבוש. זכותו של הנאשם לעשות כך ולפיכך, ולמרות שהוא רצח, הוא לא חושב שהוא מודה.

-1-

P 2: 145

תאריך : ב' אב, תשס"ו          תיק מס' : 2270/04
27 יולי 2006

1
2  נאשם : אני מאשר שעובדות כתב האישום נכונות, כפי שאמר סנגורי. אני לא מודה, ביהמ"ש יכול
3  להחליט אם אני אשם או לא.
4
5  תובע : התביעה הגישה סיכומים. לאור הודאתו של הנאשם בכתב האישום אבקש להרשיעו בכל
6  המיוחס לו.
7
8                  ה כ ר ע ת - ד י ן
9
10 על יסוד הודאתו של הנאשם בעובדות כתב האישום, בחנו את פרטי האישום ושוכנענו כי די
11 בהודאה בעובדות כדי לבסס את אשמתו של הנאשם בכל פרטי האישום.
12
13 נציין, כי בטענתו הסתמית של הסנגור, כי הנאשם עשה את המעשים מתוך מחשבה שבכך הוא
14 מתנגד ל"פעולות הכיבוש" ועל כן אין הוא מודה באשמתו, לא מצאנו בסיס להגנה משפטית
15 כלשהי.
16
17 לפיכך, אנו קובעים כי לא קיים סייג לאחריות הפלילית של הנאשם למעשים שבהם הודה.
18
19 אנו מרשיעים, אפוא, את הנאשם בכל העבירות המופיעות בכתב האישום, דהיינו :
20
21 א. ירי לעבר אדם, לפי תקנה 58(א) לתקנות ההגנה.
22 ב. 3 פרטים של ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה
23 ושומרון) (מס' 378), התש"ל 1970 ולפי סעיף 19,20 לצו בדבר כללי האחריות לעבירה (יהודה
24 והשומרון) (מס' 225), תשכ"ח 1968.
25 ג. 19 פרטים של גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה
26 ושומרון) (מס' 378), התש"ל- 1970.
27 ד. חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לפי תקנות ההגנה, (שעת
28 חירום) 1945.
29 ה. ייצור פצצה, לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון.
30
31 ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.
32
33
34 שופט         אב"ד         שופט
35
36 תובע : אין ראיות לעונש.
37
38 סנגור : אין ראיות לעונש.
39
40 תובע מסכם : אני מפנה לדברים שאמרתי בתיק מס' 2271/04 : הנאשם הורשע על סמך הודאתו
41 בחלקו בשני פיגועים אשר גרמו סך הכל למותם של 19 אזרחים חפים מפשע ולפציעה של עשרות
42 נוספים. אני לא חושב שיש מקום להכביר מילים בחומרתם של המעשים, רצח בדם קר של חפים
43 מפשע. הנאשם אף לא הביע כל חרטה על מעשיו, וגם היום כשהוא ניצב כאן ונותן את דינו, הוא
44 עדיין תומך במעשים. התביעה הצבאית תבקש מכב' ביהמ"ש לגזור על הנאשם עונשי מאסר עולם
45 מצטברים בגין כל אחד ואחד מההרוגים. כמו כן, אנו נבקש לגזור על הנאשם במצטבר שני מאסרי
46 עולם נוספים בגין הפציעות אשר נגרמו בכל אחד משני הפיגועים בהם נטל הנאשם חלק, וכן עונש
47 הולם בגין יתר העבירות המיוחסות לו בכתב האישום. אני רוצה להפנות את כב' ביהמ"ש לע'
48 איו"ש 2793/04 מונדר נור, שם הורשע הנאשם בחלקו בפיגוע בירושלים בו נהרג אזרח, וכן נפצעו
49 אזרחים רבים נוספים. ביהמ"ש גזר על הנאשם עונש של שני מאסרי עולם מצטברים- אחד בגין
50 גרימת מותו של אותו אדם שמצא את מותו בפיגוע, והשני בגין הניסיון לגרום למותם של אזרחים
51 נוספים, שרבים מהם נפצעו באותו פיגוע, וכן מאסר הולם בגין יתר העבירות. אני חושב שיש לגזור
52 בגין אותם ניסיונות שונים מאסרי עולם נוספים נפרדים ולכן ביקשתי שני מאסרי עולם נוספים.
53 אני חושב שהעונש יבטא את עיקרון קדושת החיים.
54
55 סנגור מסכם : אני לא יכול לפרט את עמדתו של הנאשם כמו שהוא יעשה. לפיכך, הסיכומים שלי
56 יהיו דברו האחרון של הנאשם.
57

-2-

P 2: 146

תאריך : ב' אב, תשס"ו                                    תיק מס' : 2270/04
27 יולי 2006

1   הנאשם בדברו האחרון : לפני שאני מתחיל בקשר לפעילות אשר ביצעתי, אני לא אדבר על אנשים
2   אחרים אני אדבר עלי ספציפית. כאשר ביצעתי את העבירות אשר מייחסים לי, זו הייתה תגובה
3   טבעית לאשר התרחש חאן יונס, באותו יום נהרגו 18 אזרחים ביניהם תינוקות. כאשר דנו וניסינו
4   להבין מה הסיבה לכך, בתקשורת הישראלית דווח כי רדפו אחר מבוקש מסוים ובמהלך אותו
5   מרדף נהרגו אותם אזרחים. הם טענו שהמטרה הייתה אותו המבוקש למרות ש 17 אחרים נהרגו,
6   המטרה הושגה. אני הגבתי על הדברים הללו,, ערכתי רשימה של מבוקשים ישראלים. המטרה
7   הראשונה הייתה להגיע לטייס אשר מפציץ את אזור עזה או לאותו נהג אשר מפגיז את אותו
8   האזור, את אותם תינוקות חפים מפשע, אשר נהרגו, אותו נהג טנק כתב על הפגז שזו היא מתנה
9   לאותם הילדים, אתם מחנכים את הילדים מגיל 5 לטרור. על סמך דברים אלו, מהתחלה למדתי
10  את אותו נושא ושמתי לי מטרה לקצינים מכל מיני יחידות. הייתה להם סיבה שהם רודפים אחרי
11  מבוקשים ולכן פלשו לאותו אזור ואני חיפשתי את אותם מבוקשים שאני מעוניין בהם והמטרה
12  הראשונה שהייתה לי הייתה אוטובוס שבתוכו נמצאו 4 חיילים מכח הנדסה. כמו אותו טנק מכוון
13  את הפגז לעבר מטרה מסוימת אני כיוונתי את הפגז לעבר ארבעת החיילים. בקשר לפיגוע השני,
14  אפשר להביט ולראות כי ישנן שמות של חיילים מאותו אוטובוס. המטרה שלי הייתה אותם
15  החיילים אשר הורגים את הילדים באזור עזה. אם אתם טוענים שאני הורג אזרחים אני לא הורג
16  אזרחים אלא חיילים. המטרה של הישראלים היא להשיג מבוקש אחד למרות שנהרגים איתו 20
17  אנשים חפים מפשע ואנחנו נוהגים באותו המטבע. בסופו של דבר, כולנו בני אדם הגענו ממקום
18  אחד אשר אנו מכירים . אדם הוא אדם קטן ובסופו של דבר אנחנו כולנו נלך לעבור שער אחד גדול.
19  אם אתם מעוניינים להגיע לשלום ולהפסיק את הכיבוש אנו מוכנים.
20

-3-

| | |
|---|---|
| תאריך: ב' אב, תשס"ו | תיק מס' : 2270/04 |
| 27 יולי 2006 | |

1  בית המשפט הצבאי יהודה
2
3  בפני כב' האב"ד: רס"ן רונן עצמון
4  השופט: רס"ן אדריאן אגסי
5  השופט: רס"ן מנחם ליברמן
6
7  התביעה הצבאית
8  (באמצעות סגן תומר הורוביץ)
9
10  נגד
11
12  הנאשם: אחמד צלאח אחמד צלאח ת.ז /901739656 שב"ס - נוכח
13  (באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)
14
15
16  ג ז ר - ד י ן
17
18  לאחר ששקלנו את טענות הצדדים ואת דבריו האחרונים של הנאשם על רקע מעשיו, החלטנו
19  להטיל עליו את העונשים הבאים :
20
21  א. בגין גרימת מותו בכוונה של **מר אברהם בלחסן ז"ל** - מאסר עולם.
22  ב. בגין גרימת מותו בכוונה של **גב' חנה בונדר ז"ל** - מאסר עולם.
23  ג. בגין גרימת מותו בכוונה של **גב' ענת דרום ז"ל** - מאסר עולם.
24  ד. בגין גרימת מותו בכוונה של **מר יחזקאל גולדברג ז"ל** - מאסר עולם.
25  ה. בגין גרימת מותו בכוונה של **מר ולדי צדיק מנברה ז"ל** - מאסר עולם.
26  ו. בגין גרימת מותו בכוונה של **מר ויורל אוקטביא פלורסקו ז"ל** - מאסר עולם.
27  ז. בגין גרימת מותו בכוונה של **גב' רוזה בונה ז"ל** - מאסר עולם.
28  ח. בגין גרימת מותו בכוונה של **גב' דנה איטח ז"ל** - מאסר עולם.
29  ט. בגין גרימת מותו בכוונה של **מר רומן חונדיאשווילי ז"ל**- מאסר עולם.
30  י. בגין גרימת מותו בכוונה של **מר אלי צפורה ז"ל** - מאסר עולם.
31  יא. בגין גרימת מותו בכוונה של **גב' נטליה גמריל ז"ל** - מאסר עולם.
32  יב. בגין גרימת מותו בכוונה של **גב' יפה בן שימול ז"ל** - מאסר עולם.
33  יג. בגין גרימת מותו בכוונה של **מר יובל אוזנה ז"ל** - מאסר עולם.
34  יד. בגין גרימת מותו בכוונה של **מר רחמים דוגה ז"ל** - מאסר עולם.
35  טו. בגין גרימת מותו בכוונה של **מר יהודה חיים ז"ל** - מאסר עולם.
36  טז. בגין גרימת מותו בכוונה של **מר אילן אביסדריס ז"ל**- מאסר עולם.
37  יז. בגין גרימת מותו בכוונה של **מר בניה יונתן צוקרמן ז"ל** - מאסר עולם.
38  יח. בגין גרימת מותו בכוונה של **מר אזולאי ליאור ז"ל** - מאסר עולם.
39  יט. בגין גרימת מותו בכוונה של **מר נתנאל חבשוש ז"ל** - מאסר עולם.
40  כ. בגין פציעתם של עשרות אנשים בפיגוע מיום 29/01/04- מאסר עולם.
41  כא. בגין פציעתם של עשרות אנשים בפיגוע מיום 22/02/04- מאסר עולם.
42  כב. בגין יתר פרטי האישום בהם הורשע הנאשם- 10 שנים.
43
44  כל העונשים ירוצו במצטבר.
45
46  נימוקי גזר הדין יינתנו בנפרד.
47
48  זכות ערעור תוך 30 יום מיום מתן הנימוקים.
49
50  ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.
51
52
53  שופט        אב"ד        שופט

-4-