

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

May 2, 2014

BY ECF
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

I write in response to Plaintiffs' letter to Your Honor dated March 21, 2014 (DE 441) in which, two months after the January 22, 2014 deadline for filing the Joint Proposed Pretrial Order ("JPTO"), Plaintiffs asked the Court to accept into the record, and substitute into the JPTO, the following:

A. A new version of Exhibit 3-1to the JPTO that reportedly (i) corrects certain "proofreading" errors in the original Exhibit 3-1and (ii) eliminates certain duplication among Plaintiffs' designated trial exhibits.

B. An amended and supplemented version of Plaintiffs' Exhibit list which seeks, after the deadline for filing the JPTO, to add 81 documents or videos (i.e., Exhibits 1028-1108), falling into the following three categories as described by Plaintiffs: (1) documents that, according to Plaintiffs were produced "on the eve of" or after the deadline for filing the JPTO; (2) documents allegedly regarding personal jurisdiction issues that Plaintiffs submitted to the Court on March 21, 2014 with Plaintiffs' opposition to Defendants' motion for reconsideration on personal jurisdiction issues; and (3) documents that Plaintiffs claim to have discovered after the JPTO deadline, some of which Plaintiffs assert "did not exist prior to January 22, 2014." Plaintiffs fail to specify how Exhibits 1028-1108 are allocated among the three categories of documents or videos.

On March 25, 2014, Your Honor set today as the deadline for Defendants to respond to Plaintiffs' March 21 letter (DE 450), which Defendants do, as follows:

Regarding Item A above (i.e., a corrected version of Exhibit 3-1), Defendants do not object to the inclusion of that document in the JPTO to the extent, as Plaintiffs represent, the document merely corrects "proofreading" errors and eliminates duplication within Plaintiffs' trial exhibits.

Regarding Item B above (i.e., Plaintiffs' Amended and Supplemented Exhibit list, including 81 documents or videos designated after the January 22, 2014 JPTO deadline), Defendants response is category-specific, as follows:





With respect to Category No. 1 (i.e., those unspecified documents among the 81 identified as Exhibits 1028-1108 that were produced by Defendants), Defendants reject and dispute Plaintiffs' contention that Defendants' production of those documents was "late" or in any other way not in compliance with Defendants' discovery obligations. Defendants, however, do not oppose Plaintiffs' request for permission to include those documents in Plaintiffs' Amended and Supplemental Exhibit List, while substantively preserving the Objections that Defendants timely served to those additional exhibits. *See* DE 456.

With respect to Category No. 2 (i.e., those unspecified documents among the 81 identified as Exhibits 1028-1108 that Plaintiffs did not include in the original JPTO but later submitted with their Opposition to Defendants' motion for reconsideration on personal jurisdiction), Defendants dispute the Plaintiffs' suggestion that Plaintiffs could not, or should not, have tendered those pre-existing documents as part of the original JPTO. The defense of lack of personal jurisdiction has been in this case from early on, and Plaintiffs had and have the burden to prove, through admissible evidence, the factual basis on which this Court may exercise personal jurisdiction over Defendants. Accordingly, Plaintiffs could have and should have included those materials in the original JPTO, and their attempt, after the fact, to augment their trial exhibits to include these materials is untimely. However, because the lack of personal jurisdiction over Defendants remains an issue in this case, and is at issue on Defendants' motion summary judgment, Defendants do not oppose Plaintiffs' request for permission to include those documents in Plaintiffs' Amended and Supplemental Exhibit List, while substantively preserving the Objections that Defendants timely served to those additional exhibits. *See* DE 456.

With respect to Category No. 3 (i.e., those unspecified documents among the 81 identified as Exhibits 1028-1108 that Plaintiffs did not include in the original JPTO but claim to have subsequently located and produced), Defendants oppose Plaintiffs' request to include those documents in Plaintiffs' Amended and Supplemental Exhibit List. As to those documents which Plaintiffs concede existed prior to the January 22, 2014 deadline for filing the original JPTO (which Plaintiffs do not specifically identify in their letter), Plaintiffs have made absolutely no showing in their letter that they could not have discovered and identified those documents through the exercise of due diligence prior to the JPTO deadline. In the absence of any showing in that regard, Plaintiffs have failed to demonstrate good cause for amending and supplementing their Exhibit List now to include the documents. As to those documents which Plaintiffs claim did not exist prior to the January 22, 2014 deadline (which Plaintiffs also do not specifically identify in their letter), Plaintiffs have made no showing whatsoever, and additionally have not shown good cause by demonstrating, among other things, that the documents bear any relevance or admissibility to events that allegedly occurred over ten years ago. Whether ultimately included in Plaintiffs' Exhibit List or not, Defendants substantively preserve the Objections Defendants timely served to the documents in Category No. 3. *See* DE 456.

Finally, Plaintiffs' comment regarding the absence of admissibility and authenticity stipulations in Exhibit 3-1 of the JPTO is an utter *non-sequitur* as to which Plaintiffs do not even seek any relief in their letter. As the record amply reflects, and as the Court is aware from recent hearings in this case, Defendants have properly and timely asserted their Objections to Plaintiffs' designated trial exhibits. Defendants have also communicated their position regarding exhibit stipulations to Plaintiffs, when and as necessary. Indeed, at the April 11, 2014 hearing, the Court described a process for resolving





authenticity and admissibility issues, and the Court recently approved a revised briefing schedule regarding a motion that Plaintiffs filed regarding authenticity and admissibility issues (DE 480). The fact that there were no stipulations included in the original Exhibit 3-1 to the JPTO, particularly when Plaintiffs made delayed and shifting transmissions of their sections of the JPTO to Defendants leading up to the January 22, 2014 deadline, is of no consequence now, particularly given Defendants' timely service of Objections and the process the Court has instructed the parties to follow regarding the resolution of such objections, as well as authenticity and admissibility issues.

Defendants will be happy to respond to any issues or questions the Court may have regarding the foregoing and appreciate the Court's consideration of this letter.

Sincerely,

Brian A. Hill

cc: All ECF Counsel (by email)