# EXHIBIT C.4



Supplement No. 2

to

The Palestine Gazette No. 1442 of 27th September, 1945.

### THE DEFENCE (EMERGENCY) REGULATIONS, 1945.

PART I. — INTRODUCTORY.

1. Short title.
2. Interpretation.
3. Application of the Interpretation Ordinance.
4. Operation.
5. Provisions, rights and powers not in derogation of other provisions, rights and powers.
6. Appointment, etc., of Military Commanders.
7. Revocation, etc.
8. Exercise of powers.
9. Licences, permits, etc.
10. Affixing of notices.
11. Control of Police Force.

PART II — MILITARY COURTS.

*Establishment and Jurisdiction of Military Courts.*

12. Establishment of Military Courts.
13. Constitution.
14. Sittings.
15. Jurisdiction.

*Miscellaneous Provisions as to Military Courts.*

16. Warrants of arrest.
17. Modification of Cap. 33.
18. Bail and Remand.
19. Conduct of prosecutions and representation of accused.
20. Evidence.
21. General provision as to procedure.
22. Trials ordinarily to be public.
23. Witnesses and interpreters to be sworn.
24. Adjournment of Court.
25. Record of case.
26. Summons or warrant for witness.
27. Release of witnesses arrested on warrant.
28. Imprisonment for failure to obey summons or direction.
29. Witnesses liable to cross-examination and re-examination.
30. Binding of judgments, etc. of Military Courts.
31. Conviction by Military Court to be unanimous.
32. Special treatment.
33. Youthful offenders.

*Procedure at Trials.*

34. Charge to be stated.
35. Joinder of charges.

— 1055 —

DEFENDANT'S
EXHIBIT
NO. 4

36. Amendment or alteration of charge and procedure to be taken.
37. Joinder of accused.
38. Procedure where separate trial ordered.
39. Procedure on plea of guilty.
40. Procedure on plea of not guilty.
41. Acquittal at the end of the case for the prosecution.
42. Procedure on defence.
43. Addresses by defence and prosecution.
44. Acquittal to be pronounced at once.
45. Conviction and sentence.
46. President's report and record to be forwarded to the General Officer Commanding.

*Confirmation by the General Officer Commanding.*

47. Confirmation of conviction and sentence by General Officer Commanding necessary.
48. Powers of General Officer Commanding on confirmation.

*Sentences.*

49. Custody pending confirmation.
50. Order on confirmation to be sent to Military Court.
51. Order signed by President or a member of the Court to be authority for carrying out sentence.
52. Death sentence to be by hanging.
53. Carrying out of sentence of imprisonment.
54. Royal Instructions.
55. Review of sentences by General Officer Commanding.
56. Powers of pardon, etc. of High Commissioner unaffected.

PART III — MILITARY COURT OFFENCES.

57. Military Court offences.
58. Unlawfully discharging firearms, etc.
59. Unlawful possession of firearms, etc.
60. Exemption.
61. Unlawfully wearing uniform, etc.
62. Unofficial uniforms, etc.
63. Unlawful drilling, etc.
64. Interference with and damage to communications, etc.
65. Abetment of Military Court offences.
66. Attempt to commit Military Court offences.
67. Accessories after the fact.

PART IV — GENERAL PROVISIONS AS TO CIVIL COURT OFFENCES.

68. General rule as to proceedings.
69. Change of venue.
70. General penalty.
71. Felonies.

PART V — PROVISIONS APPLICABLE TO BOTH MILITARY COURT AND CIVIL COURT OFFENCES.

72. Arrest.
73. Offences by corporations.
74. Seizure, forfeiture, etc.
75. Powers of entry and search of premises, places, vehicles, vessel or aircraft.
76. Search of persons.
77. Stopping vehicles, vessels and aircraft.
78. Obtaining possession, where possession an offence.

PART VI — EMERGENCY CONTROL OF MOTOR VEHICLES.

79. Application of this part.
80. Interpretation.

02:007918

THE PALESTINE GAZETTE No. 1442—SUPPLEMENT No. 2.   27th September, 1945

having effect by virtue of any Regulations made under the said Order, including these Regulations.

(2) It shall not be necessary to publish any emergency document in the *Gazette*.

(3) Where a time, date or occasion is specified in an emergency document as the time, date or occasion on which it is to come into force, it shall come into force accordingly. In any other case, the document shall come into force on the date on which it is dated or made.

(4) Without prejudice to the preceding provisions of this regulation any order, direction, requirement, notice or appointment under any Regulations (including these Regulations) made under the Order in Council may, if the authority making or issuing the same thinks fit, but subject to the provisions of any such Regulations, be made or issued orally.

(5) The authority making or issuing any such order, direction, requirement, notice or appointment as is referred to in subregulation (4) shall cause information of the effect thereof to be given as soon as may be in such manner as he thinks necessary for bringing it to the attention of all persons who in his opinion ought to have such information; but no such order, direction, requirement, notice or appointment shall be, or be rendered, invalid as regards any person affected thereby, by the fact that the order, direction, requirement, notice or appointment has not been brought to his attention.

(6) Any power conferred by any Regulations (including these Regulations) made under the Order in Council, to make or issue any order, direction, requirement, notice or appointment shall be construed as including a power, exercisable in the like manner and subject to the like conditions, if any, to revoke or vary any such order, direction, requirement, notice or appointment.

Provisions, rights and powers not in derogation of other provisions, rights and powers.

5. Subject to the provisions of these Regulations, the provisions of, and the rights and powers conferred by, these Regulations shall be in addition to, and not in derogation of, any provisions of, or any rights or powers conferred by, any other law or otherwise.

Appointment, etc. of Military Commanders.

6.—(1) The General Officer Commanding may, with the consent of the High Commissioner, appoint for any area or place a Military Commander. Any such appointment may be made by name or by office and, if made by office, the person from time to time holding the designated office shall be the Military Commander for the area or place in question.

(2) Where a Military Commander has been appointed as aforesaid, all the powers and duties vested in or imposed upon a Military Commander by these Regulations may be exercised or performed by him in respect of the area or place for which he has been appointed.

(3) Without prejudice to any other provisions of these Regulations, a Military Commander shall be responsible for public security in the area or place in question and the District Commissioner shall, in all matters relating to the public security in such area or place, act as a political adviser to the Military Commander.

02:007919

(4) In any area or place for which there is no Military Commander under this regulation, the powers and duties vested in and imposed upon a Military Commander by these Regulations may be exercised and performed by the District Commissioner.

(5) At any time, all or any of the powers or duties vested in or imposed upon a Military Commander by these Regulations, or vested in or imposed upon a District Commissioner in pursuance of sub-regulation (4), may also be exercised or performed by the General Officer Commanding in respect of any area or place in Palestine. Any order, direction, requirement, notice, appointment, licence, permit, consent, authorisation, exemption, signal or other measures whatsoever, given, made or taken by the General Officer Commanding in the exercise of any such power or performance of any such duty in respect of any area or place shall prevail over and supersede any previous measure taken by a Military Commander or a District Commissioner which is inconsistent therewith.

7.—(1) On the coming into force of these Regulations, the following Regulations shall be revoked, that is to say, the Emergency Regulations, 1936, the Emergency Regulations (Manufacture of Explosives) Order, 1936, the Defence (Military Courts) Regulations, 1937, the Defence (Control of Police) Regulations, 1938, the Defence (Military Commanders) Regulations, 1938, the Defence Regulations (Compensation for property occupied for Public Purposes), 1939, and the Defence (Immigration) Regulations, 1940.

*Revocation, etc.*
*Gaz: 19.4.36,*
*p. 259.*
*Gaz: 1.6.36,*
*p. 579.*
*Gaz: 11.11.37,*
*p. 1138.*
*Gaz: 6.4.39,*
*p. 285.*
*Gaz: 17.10.38,*
*p. 1359.*
*Gaz: 18.10.38,*
*p. 1361.*
*Gaz: 18.3.40,*
*p. 465.*

(2) All orders, directions, requirements, notices, appointments, licences, permits, consents, warrants, authorisations and exemptions made, granted or given under or by virtue of any Regulations hereby revoked and in force immediately prior to the coming into force of these Regulations, shall continue in force (subject to the powers conferred by these Regulations and by the Interpretation Ordinance, 1945) and shall be deemed to have been made, granted or given under or by virtue of the corresponding provisions of these Regulations and by the corresponding authorities.

*No. 9 of 1945.*

(3) For the avoidance of doubt it is hereby declared that the revocation effected by subregulation (1) shall not affect any investigation, liability, penalty, forfeiture, or punishment incurred under any of the Regulations so revoked, and any such investigation, legal proceeding, or remedy may be instituted, continued or enforced, and any such penalty, forfeiture, or punishment may be imposed or carried out, by or before the proper authority under these Regulations, and any proceeding pending in or before a Military Court established under the Defence (Military Courts) Regulations, 1937, or which would, but for these Regulations, be brought before such a Military Court, may be continued or brought in or before a Military Court established under these Regulations.

*Gaz: 11.11.37,*
*p. 1138.*

8. Where any power is conferred upon any officer or person by these Regulations or by any order, direction, notice or requirement thereunder such power may be exercised by that officer or person and by any other persons acting by his direction and that officer or person and any other persons so acting may use all force reasonably necessary for the exercise of the power.

*Exercise of powers.*

Case 1:04-cv-00397-GBD-RLE   Document 488-17   Filed 05/06/14   Page 5 of 25

02:007920

Case 1:04-cv-00397-GBD-RLE　　Document 488-17　　Filed 05/06/14　　Page 6 of 25

**Licences, permits, etc.**

9.—(1) Any licence, permit, consent, authorisation or exemption for the granting of which provision is made in these Regulations or in any order, direction, notice or requirement thereunder, may be granted subject to such conditions as the authority granting the same may think fit to impose and any such licence, permit, consent, authorisation or exemption may at any time be cancelled or suspended by such authority and any conditions attached thereto may at any time be cancelled, varied or added to by such authority. Any person who contravenes any such condition from time to time in force shall be guilty of an offence against these Regulations.

(2) Any person who is the holder of any licence, permit, consent, authorisation or exemption as aforesaid who fails to produce the same on demand made by any member of His Majesty's forces or any police officer acting in the course of his duty as such or by any other officer authorised to require production thereof to the person making the demand shall be guilty of an offence against these Regulations.

(3) Any person who alters or uses, or lends to, or allows to be altered or used by, or lent to, any other person, any licence, permit, consent, authorisation or exemption as aforesaid, or makes or has in his possession, or under his control, any document so closely resembling such a licence, permit, consent, authorisation or exemption as to be calculated to deceive, shall be guilty of an offence against these Regulations unless he proves that he did the act in respect of which he was charged for any reasonable and justifiable cause and without intent to deceive any person.

**Affixing of notices.**

10. Any member of His Majesty's forces and any police officer acting in the course of his duty as such may, for any purpose connected with the public safety, the defence of Palestine, the maintenance of public order or the maintenance of supplies and services essential to the life of the community, affix any notice to, or cause any notice to be displayed on, any premises, vehicle or vessel, and may, for the purpose of exercising any power conferred by this regulation, enter any premises at any time; and where any such officer has affixed a notice, or caused a notice to be displayed, in pursuance of this regulation, any person other than a member of His Majesty's forces or a police officer acting in the course of his duty as such who removes, alters, defaces or obliterates the notice shall be guilty of an offence against these Regulations.

**Control of Police Force.**

11. For the purpose of securing the public safety, the defence of Palestine, the maintenance of public order or the suppression of mutiny, rebellion, or riot, the Police Force shall be under the operational control of the General Officer Commanding.

### PART II.—MILITARY COURTS.

#### Establishment and jurisdiction of Military Courts.

**Establishment of Military Courts.**

12. The General Officer Commanding shall establish such Military Courts as he may deem necessary for the purposes of these Regulations.

**Constitution.**

13. A Military Court shall consist of a President who shall be an officer of or above the rank of field officer and two members who shall be commissioned officers of any rank. The President and members shall be appointed by warrant under the hand of the General Officer Commanding.

02:007921

14. A Military Court shall sit at such times and places as the President shall direct. Sittings.

15. Every Military Court shall have jurisdiction to try any Military Court offence committed in Palestine and no court other than a Military Court shall have any jurisdiction in relation to any such offence: Jurisdiction.

Provided that —

(a) this regulation shall not prevent proceedings being taken or continued in a court other than a Military Court in respect of an offence under any other law being an act or omission which constitutes a Military Court offence; and

(b) if the act or omission constituting a Military Court offence with which a member of His Majesty's forces (in this proviso referred to hereinafter as "such member") is charged constitutes also an offence triable by court martial and the officer commanding in Palestine the force or ship on which such member is serving elects in writing, at any time before the commencement of the trial in the Military Court, that such member shall be tried by court martial for the offence so triable which is constituted by the act or omission, such member shall thereby be discharged of and from all proceedings in the Military Court in respect of the Military Court offence; and

(c) the General Officer Commanding may at any time, by order, stay proceedings before a Military Court for a Military Court offence and thereupon the accused shall be discharged of and from such proceedings, but such discharge shall not amount to an acquittal and shall not prevent proceedings being taken or continued in any court other than a Military Court in respect of any offence constituted by the act or omission which constituted the Military Court offence.

*Miscellaneous provisions as to Military Courts.*

16. (1) Without prejudice to any powers conferred by any other law or to the powers conferred by regulation 72, any magistrate or any commissioned officer of His Majesty's forces or any police officer in charge of a police station may issue a warrant for the arrest of any person whom he may reasonably suspect to have committed a Military Court offence, and any such warrant shall be authority for the arrest of such person by any member of His Majesty's forces or by any police officer or by a Mukhtar or by a private person. Warrants of arrest.

(2) For the avoidance of doubt, it is hereby declared that, subject to the provisions of regulation 17, the Criminal Procedure (Arrest and Searches) Ordinance shall be applicable to arrests made under the powers conferred by this regulation as it is to arrests made under the powers conferred by that Ordinance; and, for the purposes of that Ordinance, a person arrested by a member of His Majesty's Forces or by a mukhtar or by a private person by virtue of a warrant issued under this regulation shall be deemed to have been arrested by a private person without a warrant. Cap. 33.

17. Notwithstanding the previous provisions of these Regulations, a person accused of a Military Court offence who is in police custody may, with the leave of the President of the Military Court, be brought before a Military Court without being taken before a magistrate if he is so brought within forty eight hours of his arrest. Modification of Cap. 33.

| | |
|---|---|
| Bail and remand. No. 28 of 1944. | 18.—(1) Notwithstanding anything contained in the Release on Bail Ordinance, 1944, a person arrested by reason of his having committed, or being suspected of having committed, a Military Court offence may be released on bail or remanded in custody by any magistrate before whom he is produced in the course of law, either to appear further before a magistrate or, if the Military Court case is ready for trial, to appear before the Military Court: |

Provided that in the case of a person arrested by reason of his having committed, or being suspected of having committed, a Military Court offence punishable with death, the magistrate shall not release such person on bail unless a police officer not below the rank of Superintendent certifies in writing that in his opinion, having regard to all the circumstances of the case, the course of justice will not be prejudiced by such release.

(2) A Military Court may grant bail at any stage of a trial before it but not otherwise.

| | |
|---|---|
| No. 28 of 1944. | (3) Section 7 of the Release on Bail Ordinance, 1944, shall not be applicable in the case of Military Court offences. |
| No. 28 of 1944. | (4) Subject to the provisions of this regulation, the Release on Bail Ordinance, 1944, shall apply with the necessary modifications in relation to bail under this regulation. |
| Conduct of prosecutions and representation of accused. | 19. Every prosecution before a Military Court shall be conducted by a Military Court prosecutor. The accused may, with the permission of the President of the Court, be defended by an advocate. |
| Evidence. | 20. In relation to evidence, Military Courts shall apply English law and the practice of the courts exercising criminal jurisdiction in England: Provided that a Military Court may, if it is satisfied that it is in the interests of justice so to do, admit any particular evidence notwithstanding that it would be inadmissible in England, but in every such case shall record its reasons for so doing. |
| General provision as to procedure. | 21. Every trial before a Military Court shall be conducted summarily and the Court shall, as regards any matter of procedure not provided for in these Regulations, adopt such course as appears to the Court best calculated to do justice. |
| Trials ordinarily to be public. | 22. A Military Court may order that the whole or any part of any trial before it shall take place in a closed court if it is satisfied that it is expedient in the interests of justice or of public safety or security so to do. Subject thereto, trials before Military Courts shall be open to the public. |
| Witnesses and interpreters to be sworn. | 23. An oath or affirmation shall be administered in the hearing of the Military Court to every witness and to every interpreter in such form and manner as the person to be sworn declares to be binding on his conscience: Provided that the Court may for any reason which seems to it to be sufficient and which reason shall be recorded receive the unsworn or unaffirmed evidence of any witness. |
| Adjournment of Court. | 24. A Military Court may adjourn at any stage of the proceedings and may re-assemble at such place or time as the Court shall direct. Unless bail is granted, the Court may give such directions as seem to it to be fit for the custody of the accused and for his appearance at the adjourned hearing. |
| Record of case. | 25. The President of the Military Court shall record or cause to be recorded the charges, the plea of the accused, a summary of any |

evidence given and of any submission made by or on behalf of the
accused or the Military Court prosecutor and the result of the case.
The President shall sign every order of the Court for the acquittal
or for the conviction and sentence of the accused. Any person tried
by a Military Court shall be entitled at any time within two years
after the conclusion of the trial to a copy of the said record on
payment therefor at the rate of ten mils for every folio of seventy-
two words.

26. If it is made to appear that material evidence can be given
by, or is in the possession of, any person who will not voluntarily
attend to give it or will not voluntarily produce the same, it shall
be lawful for any commissioned officer of His Majesty's forces or any
police officer in charge of a police station to issue a summons to such
person requiring his attendance before a Military Court or requiring
him to bring and produce to such Court for the purpose of evidence
all things in his possession or control which may be specified or
otherwise sufficiently described in the summons: Provided that if such
officer has reason to believe that the person will not attend on a
summons, such officer may issue a warrant for his arrest and any
such warrant may be executed by any member of His Majesty's forces or
by any police officer.

Summons or
warrant for
witness.

27. When a witness is arrested under a warrant, the Military Court
may, on the furnishing of satisfactory security for the appearance of
such witness at the trial and the production by him for the purpose
of evidence of such things in his possession or control as may be re-
quired, release him from custody.

Release of
witnesses
arrested on
warrant.

28. Any person summoned to attend before a Military Court who
without reasonable excuse fails to attend and to produce for the pur-
pose of evidence any things in his possession or control as required
by the summons, or who, having attended, departs without having
obtained the permission of the Court or fails to attend after adjourn-
ment of the Court and after being ordered to attend, or any person
who, being present in Court, refuses to obey any proper direction
of the Court or insults the Court or any member thereof or obstructs
or hinders the proceedings of the Court, may be immediately sentenced
by the Court to imprisonment for a period of two years. Nothing
herein contained shall affect the liability of any such person to any
other punishment or proceeding for such neglect or refusal.

Imprisonment
for failure to
obey summons
or direction.

29. All witnesses other than an accused person making a statement
not on oath giving evidence before a Military Court shall be liable to
examination, cross-examination and re-examination.

Witnesses liable
to cross-exa-
mination and
re-examination.

30. There shall be no appeal from any judgment, order or direction
of a Military Court and no such judgment, order or direction shall
be liable to be called in question or challenged, whether by writ or
in any other manner whatsoever, by or before any Court.

Finding of
judgments, etc.
of Military
Courts.

31. No person shall be found guilty by a Military Court on any
charge except by the unanimous verdict of the President and the
members.

Conviction of
Military Court
to be un-
animous.

32. A Military Court shall have power to award special treatment
when imposing any sentence of imprisonment.

Special
treatment.

33. Where any person convicted of a Military Court offence is a
male who is, or who appears to the Court to be, under the age of

Youthful
offenders.

eighteen years, the Court may, in addition to or without imposing any other punishment, sentence such person to be whipped. The whipping shall be with a light rod or cane or birch and the number of strokes shall be specified in the sentence and shall not exceed twenty four.

### Procedure at Trials.

| | |
|---|---|
| Charge to be stated. | 34. When the accused appears before a Military Court for trial, the substance of the charge against the accused shall be reduced to writing and shall be stated to him in a language which he understands and he shall be asked if he admits or denies the truth thereof. |
| Joinder of charges. | 35. There shall be a separate charge for each distinct offence alleged to have been committed by the accused, but any number of such charges may be made at the same time and may be tried together or separately as the Court shall at any time decide. The accused shall make a separate and distinct plea to each charge. |
| Amendment or alteration of charge and procedure to be taken. | 36. At any stage of the proceedings the Court may, at the request of the Military Court prosecutor or the accused or of its own motion amend the charge or cause the accused to be charged with another offence. The Court, before proceeding with the trial after the charge has been amended or altered as aforesaid, may, as in its discretion it thinks fit having regard to the interests of the accused, grant an adjournment of the trial or permit any witness to be recalled and examined by the prosecution or the defence. |
| Joinder of accused. | 37. Any number of accused persons alleged to be guilty of similar offences or of offences arising out of the same transaction or series of transactions may be charged and tried together or separately as the Court shall at any time decide. |
| Procedure where separate trials ordered. | 38. Where, at any stage of the proceedings, a Military Court decides that separate trials shall be held, such trials may each proceed from the point of the joint proceedings where the Court ordered separate trials. |
| Procedure on plea of guilty. | 39. If the accused admits the truth of any charge, the Court shall satisfy itself that the accused fully understands the nature of the charge and the effect of an admission of its truth before convicting the accused on that charge. When satisfied as aforesaid, the Court may convict the accused and may inform itself of the facts of the case by hearing any witnesses or by a statement by the Military Court prosecutor (in so far as it is not challenged by the accused) before passing sentence upon the accused. |
| Procedure on plea of not guilty. | 40.—(1) If the accused does not admit the truth of any charge or the Court refuses to accept a plea of guilty, the Court shall proceed to hear the Military Court prosecutor and his witnesses and to hear or consider other evidence (if any). |
| | (2) If the accused does not employ an advocate the Court shall, at the close of the examination of each witness for the prosecution, ask the accused whether he wishes to put any questions to that witness and shall cause his answer to be recorded. |
| Acquittal at the end of the case for the prosecution. | 41. If at the close of the case for the prosecution the Court is of opinion that a case is not made out for the accused to answer on any charge, the Court shall acquit the accused on that charge. |
| Procedure on defence. | 42.—(1) If at the close of the case for the prosecution it appears to the Court that a case is made out for the accused to answer on |

any charge, the Court shall ask him if he wishes to say anything in
answer to the charge, or wishes to give evidence or call any witness
in his defence, and the Court shall hear the evidence of the accused
(if he desires to give evidence) and the evidence of any witnesses
called for the defence.

(2) If the accused states that he has witnesses to call but that they
are not present, the Court may in its discretion adjourn the trial
and, if it deems fit, take steps to secure the attendance of such
witnesses.

43. At the end of the case for the defence the accused or his advocate
may address the Court and thereafter the Military Court prosecutor
may reply.

Addresses by defence and prosecution.

44. At the conclusion of the case, if the Court shall acquit the ac-
cused upon any charge, the finding of acquittal shall be pronounced
at once and if it relates to all the charges the accused shall be
discharged forthwith.

Acquittal to be pronounced at once.

45. If the Court shall convict the accused upon any charge it shall
proceed to pass sentence upon the accused according to law.

Conviction and sentence.

46. As soon as possible after the conclusion of the trial the Pre-
sident shall prepare a report upon the case and forward the same to
the General Officer Commanding together with the record of the case.

President's report and record to be forwarded to the General Officer Commanding.

### Confirmation by the General Officer Commanding.

47. The conviction and sentence of the Military Court shall not be
valid except in so far as the same may be confirmed by the General
Officer Commanding. Pending confirmation as aforesaid the Court
shall order the accused to be detained in custody and such period of
detention shall if the sentence is confirmed and was one of imprison-
ment, be reckoned as part of the sentence of imprisonment passed as
aforesaid.

Confirmation of conviction and sentence by General Officer Commanding necessary.

48. The General Officer Commanding upon confirmation may —
(a) confirm the conviction and sentence; or
(b) reverse the finding and acquit the accused and direct his release;
or
(c) confirm the conviction and do all or any of the following things,
that is to say, mitigate or remit the sentence, award special treat-
ment, or commute the sentence for any less sentence which might
have been awarded to the accused by the court; or
(d) withhold confirmation and order a new trial of the case before
the same court or before any other Military Court.

Powers of General Officer Commanding on confirmation.

### Sentences.

49. After any person has been awarded any sentence by a Military
Court he shall be detained in custody pending confirmation of the
proceedings and for such custody a warrant under the hand of the
President (or his successor in office) or any member of the Court by
which the person was sentenced shall be full and ample authority
to all persons.

Custody pending confirmation.

50. After confirmation of the proceedings, the General Officer Com-
manding shall cause a copy under his hand of his order thereon to
be sent to the President of the Military Court (or his successor in
office) which sentenced the accused or to any member of such court.

Order on confirmation to be sent to Military Court.

02:007926

Upon receipt of the said order, the President or member as aforesaid shall cause an entry to be made thereof in the records of the Court.

**Order signed by President or a member of the Court to be authority for carrying out sentence.**

51. A copy of the order of the General Officer Commanding signed by the President (or his successor in office) or by a member of the Military Court which sentenced the accused shall be full and ample authority to all persons in Palestine for the carrying into effect of the sentence and the due observance of all directions contained in the said order of the General Officer Commanding.

**Death sentence to be by hanging.**

52. Every sentence of death passed by a Military Court shall direct that the person so sentenced shall be hanged by the neck until he is dead.

**Carrying out of sentence of imprisonment. No. 2 of 1940.**

53.—(1) Every sentence of imprisonment awarded by a Military Court shall be carried out in a prison in Palestine constituted under the Prisons Ordinance, 1940, or any Ordinance amending or substituted for the same: Provided that, in the case of a person subject to the Naval Discipline Act, the Army Act or the Air Force Act, the General Officer Commanding, with the approval of the High Commissioner, may by order direct —

(a) that the sentence be carried out in a military prison or detention barrack in Palestine;

(b) where the person is serving his sentence in a prison constituted under the Prisons Ordinance, 1940, or any Ordinance amending or substituted for the same, that he be removed to serve the balance of his sentence in a military prison or detention barrack in Palestine;

(c) where the person is serving his sentence in a military prison or detention barrack in Palestine, that he be removed to serve the balance of his sentence in a prison constituted under the Prisons Ordinance, 1940, or any Ordinance amending or substituted for the same.

(2) Any order made under this regulation shall prevail over any order previously made under this regulation.

**Royal Instructions. Laws of Pal., p. 2659.**

54. Paragraph XXVIII of the Royal Instructions dated 1st January, 1932, shall not apply to any sentence of death passed by a Military Court.

**Review of sentences by General Officer Commanding**

55. The General Officer Commanding may, if he considers it expedient to do so, at any time review a sentence of a Military Court which has been confirmed and shall have power upon such review to mitigate or remit the sentence, to award special treatment, or to commute the sentence for any less sentence which might have been awarded by the Court.

**Powers of pardon etc. of High Commissioner unaffected.**

56. The powers conferred by these Regulations on the General Officer Commanding as to the mitigation, remission or commutation of sentences shall be in addition to and not in derogation of any of the powers conferred upon the High Commissioner by Article 16 of the Palestine Orders in Council 1922-1939 or otherwise.

PART III.—MILITARY COURT OFFENCES.

**Military Court offences.**

57. The offences against these Regulations which are described in this Part are Military Court offences.

**Unlawfully discharging firearms etc.**

58.—(1) Every person who, not being a member of His Majesty's forces or of the Police Force acting in the course of his duty as such

(a) discharges any firearm at any person, or

(b) throws or deposits any bomb, grenade or any other explosive or incendiary article with intention to cause death or injury to any person or damage to any property, or

(c) unlawfully carries any firearm, ammunition, bomb, grenade, or explosive or incendiary article,

shall be guilty of an offence against these Regulations and shall be liable on conviction therefor to suffer death or imprisonment for life or such term of imprisonment as the Court may think fit.

(2) For the purposes of paragraph (c) of sub-regulation (1), a person proved to have carried a thing shall be deemed to have carried it unlawfully if —

(a) he was required by law to have a licence for the possession of the thing and he fails to satisfy the Court that he had such a licence, or

(b) he was otherwise prohibited by law from carrying or having possession of the thing in the circumstances proved, or

(c) in any other case, he fails to satisfy the Court that he was carrying the thing for some specific lawful purpose.

59.—(1) Every person who, not being a member of His Majesty's forces or of the Police Force acting in the course of his duty as such, unlawfully has in his possession any firearm, bomb, grenade, ammunition or other explosive or incendiary article, shall be guilty of an offence against these Regulations and shall be liable on conviction therefor to imprisonment for life or such term of imprisonment as the Court may think fit.

Unlawful possession of firearms, etc

(2) For the purposes of subregulation (1), a person proved to have had possession of a thing shall be deemed to have had possession of it unlawfully if —

(a) he was required by law to have a licence for the possession of the thing and he fails to satisfy the Court that he had such a licence, or

(b) he was otherwise prohibited by law from having possession of the thing in the circumstances proved, or

(c) in any other case, he fails to satisfy the Court that he had possession of the thing for some specific lawful purpose.

60. It shall be a defence to a prosecution for the offence of carrying or possessing a firearm or ammunition contrary to regulation 58 or 59 for the accused to prove that he was a person to whom an order under section 5 of the Firearms Ordinance applied and that he was entitled under the order to carry such firearm or ammunition.

Exemption.

Cap. 58.

61. Any person who —

(a) wears any uniform or equipment of any of His Majesty's forces or of the Police Force, or of the Arab Legion, not being entitled to do so as a member of those forces, or

(b) wears any dress or equipment likely to be mistaken for any such uniform or equipment as is mentioned in paragraph (a) and fails to satisfy the Court that he had no intention that it should be so mistaken,

shall be guilty of an offence against these Regulations and shall be liable on conviction therefor to imprisonment for life or to such term of imprisonment as the Court thinks fit.

Unlawfully wearing uniform, etc.

**Unofficial uniforms, etc.**

62.—(1) The High Commissioner may by order prohibit, restrict or regulate the wearing or display by any person in public of any distinctive dress or article of apparel or any emblem.

(2) For the purposes of this regulation, a dress, an article of apparel or an emblem shall be deemed to be worn if it is worn or displayed so as to be visible to a person in any place to which the public have access.

(3) Any person who contravenes any order made under this regulation shall be guilty of an offence against these Regulations and shall be liable on conviction therefor to imprisonment for a period of three years or to a fine of five hundred pounds or to both such fine and imprisonment.

(4) A prosecution for an offence under this regulation shall not be instituted except with the consent of the Attorney General.

**Unlawful drilling, etc.**

63. Any person who, not being a member of His Majesty's forces or of the Police Force acting in the course of his duty as such—

(a) trains or drills any other person to the use of arms or the practice of military exercises, movements or evolutions; or

(b) receives any such training or drilling as is described in paragraph (a); or

(c) is present at any such training or drilling and fails to satisfy the Court that he was not present for the purpose of giving or receiving any such training or drilling as aforesaid,

shall be guilty of an offence against these Regulations and shall be liable on conviction therefor to imprisonment for seven years.

**Interference with and damage to communications, etc.**

64. Any person who, not being a member of His Majesty's forces or of the Police Force acting in the course of his duty as such—

(a) interferes with the working or use of any harbour, railway, tramway, waterway, road, track, power station, transmission line or any works or plant used or adapted for the use for the production, supply, storage or transport of water or fuel,

(b) damages or interferes with any material or property forming part of, or connected with, any harbour, railway, tramway, waterway, road, track, power station or transmission line, or forming part of, or connected with, any works or plant used or adapted for use for the production, supply, storage or transport of water or fuel,

(c) damages or interferes with any telegraph or telephone line or apparatus or any wireless telegraph or telephone installation or any other means of communication, or

(d) damages or interferes with any aircraft, aircraft material, aerodrome, landing ground or mooring, or

(e) does any act or is guilty of any omission calculated to obstruct or to endanger the safety of any vessel, aircraft, vehicle, locomotive or railway train,

shall be guilty of an offence against these Regulations unless he proves that he was acting by lawful authority or on a lawful occasion and shall be liable on conviction therefor to imprisonment for life or to such term of imprisonment as the Court thinks fit.

65.—(1) For the purposes of this regulation every person abets the commission of a Military Court offence who knowingly and wilfully aids or counsels or procures the commission of that offence, whether or not the person abetted does in fact commit that offence or is capable in law of committing that offence.

*Abetment of Military Court offences.*

(2) Every person who abets the commission of a Military Court offence shall be guilty of a Military Court offence and shall be liable to be dealt with, charged, tried and punished as though he had himself committed the offence abetted.

66.—(1) For the purposes of this regulation a person is deemed to attempt to commit a Military Court offence when he begins to put his intention to commit the offence into execution by means adapted to its fulfilment, and manifests his intention by some overt act, but does not fulfil his intention to such an extent as to commit the offence. It is immaterial, except so far as regards punishment, whether the offender does all that is necessary on his part for completing the commission of the offence, or whether the complete fulfilment of his intention is prevented by circumstances independent of his will, or whether he desists of his own motion from further prosecution of his intention. It is also immaterial that by reason of circumstances not known to the offender it is impossible in fact to commit the offence.

*Attempt to commit Military Court offences.*

(2) Every person who attempts to commit a Military Court offence shall be guilty of a Military Court offence and upon conviction therefor shall be liable to be punished as follows, that is to say—

(a) to imprisonment for life if the offence attempted would have rendered the perpetrator thereof liable on conviction to death;

(b) to imprisonment for a period not exceeding ten years if the offence attempted would have rendered the perpetrator thereof liable on conviction to imprisonment for life;

(c) in every other case to punishment not exceeding half the greatest punishment to which he would have been liable if he had actually committed the offence which he attempted to commit.

67.—(1) Every person who, knowing a Military Court offence to have been committed by another person, receives or assists such other person in order to enable him to escape punishment is an accessory after the fact to that offence for the purpose of this regulation.

*Accessories after the fact.*

(2) Every person who is an accessory after the fact as aforesaid shall be guilty of a Military Court offence and may be brought to trial and convicted whether the actual perpetrator of the offence to which he is an accessory has or has not been previously convicted of the offence or whether it is or is not possible to institute proceedings against him and enforce any punishment that he may be ordered to undergo for the offence and shall be liable on conviction to imprisonment for three years.

PART IV.— GENERAL PROVISIONS AS TO CIVIL COURT OFFENCES.

68. Subject to the provisions of these Regulations, the general criminal law of Palestine shall be applicable in relation to Civil Court offences as it is to other offences.

*General rule as to proceedings.*

69. Notwithstanding any provision of law to the contrary but without prejudice to any power conferred by any other law, the Attorney General may direct—

*Change of venue.*

(a) that any preliminary enquiry into a Civil Court offence be held or continued before a magistrate, or a Chief Magistrate or a British magistrate, having jurisdiction in any part of Palestine;

(b) that a trial of a Civil Court offence which is triable in the court of a magistrate shall be held before a magistrate, or Chief Magistrate, or a British magistrate, having jurisdiction in any part of Palestine.

**General penalty.** 70. A person convicted of a Civil Court offence for which no special penalty is provided in these Regulations shall be liable—

**No. 45 of 1939.** (a) if tried under the Magistrates' Courts Jurisdiction Ordinance, 1939, to imprisonment for six months or to a fine of one hundred pounds or to both such imprisonment and fine;

**Cap. 36.** (b) if tried upon information under the Criminal Procedure (Trial Upon Information) Ordinance, to imprisonment for three years or to a fine of two hundred pounds or to both such imprisonment and fine.

**Felonies.** 71. For the avoidance of doubt it is hereby declared that Civil Court offences which, if tried upon information, are punishable without previous conviction, with death, or with imprisonment for more than three years, are felonies notwithstanding that, if tried summarily, they are punishable with some lesser penalty.

### PART V.—PROVISIONS APPLICABLE TO BOTH MILITARY COURT AND CIVIL COURT OFFENCES.

**Arrest.** 72.—(1) Any member of His Majesty's forces and any police officer and any Mukhtar may arrest without a warrant any person whom he may find committing, or reasonably suspects of having committed an offence against these Regulations.

(2) For the avoidance of doubt, it is hereby declared that, subject to the provisions of regulation 16, the Criminal Procedure (Arrest and Searches) Ordinance shall be applicable to arrests made under the powers conferred by this regulation as it is to arrests made under the powers conferred by that Ordinance; and, for the purposes of that Ordinance, a person arrested by a member of His Majesty's forces or by a Mukhtar under the powers conferred by this regulation shall be deemed to have been arrested by a private person.

**Cap. 33.**

**Offences by corporations.** 73. Where a person convicted of an offence against any of these Regulations is a body corporate, every person who, at the time of the commission of the offence, was a director or officer of the body corporate shall be deemed to be guilty of that offence unless he proves that the offence was committed without his knowledge, or that he exercised all due diligence to prevent the commission of the offence.

**Seizure, forfeiture etc.** 74.—(1) Any member of His Majesty's forces and any police officer may seize and detain any goods, articles, documents or things in relation to which he has reason to suspect that an offence against these Regulations has been committed or which he has reason to suspect to have been used in the committing of any such offence or for facilitating the commission of any such offence or which he has reason to suspect to be evidence of the commission of any such offence.

(2) Any goods, articles, documents or things in relation to which an offence against these Regulations has been committed or which have

02:007931

been used in the commission of any such offence or for facilitating the commission of any such offence are hereby declared to be forfeited to the Government of Palestine.

(3) Any goods, articles, documents or things seized and detained under this regulation as being liable to forfeiture which are subsequently found not to be so liable shall be released.

(4) Any goods, articles, documents or things seized and detained under this regulation as being suspected of being evidence of the commission of an offence shall be released if they are found not to be such evidence.

75. Any commissioned officer of His Majesty's forces, any member of His Majesty's forces generally or specially authorised by a commissioned officer thereof, any police officer of or above the rank of Inspector or any police officer generally or specially authorised by a police officer of or above the rank of Assistant Superintendent of Police may enter on board any premises, place, vehicle, vessel or aircraft at any time, being premises or a place, vehicle, vessel or aircraft which he may have reason to suspect of being used, or having recently been used, for any purpose prejudicial to the public safety, the defence of Palestine, the maintenance of public order or for the purpose of or in connection with mutiny, rebellion or riot, or in which he may suspect that there is any person who has committed an offence against these Regulations or any goods, article, document or thing liable to seizure under regulation 74, and may search any such premises, place, vehicle, vessel or aircraft and any person therein or leaving the same.

*Powers of entry and search of premises, places, vehicles, vessel or aircraft.*

76. Any member of His Majesty's forces and any police officer may detain and search any person whom he has reason to suspect to be using or carrying any article liable to seizure under regulation 74 or any animal on which he may suspect that there is any such article.

*Search of persons.*

77.—(1) Any officer authorised by these Regulations to enter or board any vehicle, vessel or aircraft may stop or detain the same using force if need be.

(2) If any person having the command or charge of any vehicle, vessel or aircraft fails to stop the same forthwith when called upon orally or by signal or by any other means whatsoever by any such officer, he shall be guilty of an offence against these Regulations.

*Stopping vehicles, vessels and aircraft.*

78. For the avoidance of doubt it is hereby declared that, where possession of any property or thing, or possession thereof in specified circumstances, is an offence against the Regulations, the obtaining of possession, or the obtaining of possession in those circumstances, of that property or thing shall also constitute that offence.

*Obtaining possession where possession an offence.*

PART VI.—EMERGENCY CONTROL OF MOTOR VEHICLES.

79. Whenever the High Commissioner is of opinion that it is necessary or expedient so to do for securing the public safety, the defence of Palestine, the maintenance of public order or the suppression of mutiny, rebellion or riot, he may from time to time by Order apply this Part of these Regulations to any District or part of a District and may in like manner vary or revoke any such order.

*Application of this Part.*

80. In this Part—

*Interpretation.*

"Authority" means any commissioned officer in His Majesty's forces

or any police officer of or above the rank of Assistant Superintendent of Police, or any other police officer authorised in that behalf in writing by the Inspector General of Police or by a Superintendent of Police;

"District" means any District or part of a District to which this Part of these Regulations has been applied;

"emergency signal" means a signal sounded by means of a siren and consisting of a succession of blasts, each blast being of approximately ten seconds' duration and followed by a pause of approximately five seconds' duration;

"emergency ceased signal" means a signal sounded by means of a siren and consisting of a continuous blast of approximately two minutes' duration;

"motor vehicle" has the same meaning as it has in the Road Transport Ordinance.

<table>
<tr><td>Cap. 128.</td><td></td></tr>
</table>

**Power of Authority.**

81.—(1) Whenever an incident has occurred which in the opinion of an Authority endangers, or is likely to endanger, public safety, the defence of Palestine, or the maintenance of public order, or the suppression of mutiny, rebellion or riot, and the Authority considers it necessary so to do, the Authority may, by an emergency signal, prohibit the movement of motor vehicles within a District.

(2) Where after an emergency signal has been given under subregulation (1) the Authority considers that it is no longer necessary to prohibit the movement of motor vehicles within the District, the Authority may give, or cause the giving of, an emergency ceased signal cancelling the emergency signal.

**Prohibition of movement of motor vehicles.**

82. Whenever an emergency signal is given within a District, every person driving any motor vehicle in motion within that District (other than any motor vehicle which is under the control of the Authority) shall forthwith cause such motor vehicle to be stopped until an emergency ceased signal is given cancelling the emergency signal.

**Penalty.**

83. Any person who fails to comply with regulation 82 shall be guilty of an offence against these Regulations and, without prejudice to any other provisions of these Regulations, any police officer or member of His Majesty's forces may take all such steps in relation to such person and to the motor vehicle in question as may be reasonably necessary to secure compliance with regulation 82.

## PART VII.—UNLAWFUL ASSOCIATIONS.

**Meaning of expression "unlawful association".**

84. In this part, the expression "unlawful association" means any body of persons, whether incorporated or unincorporated and by whatsoever name (if any) it may from time to time be known, which—

(a) by its constitution or propaganda or otherwise advocates, incites or encourages any of the following unlawful acts, that is to say—

(i) the overthrow by force or violence of the constitution of Palestine or the Government of Palestine;

(ii) the bringing into hatred or contempt of, or the exciting of disaffection against, His Majesty's Government in the United Kingdom or the Government of Palestine or the High Commissioner in his official capacity;

(iii) the destruction of or injury to property of His Majesty's Government in the United Kingdom or of the Government of Palestine;

29th September, 1945.  THE PALESTINE GAZETTE No. 1442—SUPPLEMENT No. 2.

(iv) acts of terrorism directed against servants of His Majesty's Government in the United Kingdom or against the High Commissioner or against servants of the Government of Palestine or which has committed or has claimed to have been responsible for, or to have been concerned in, any such acts as are mentioned in sub-paragraph (ii), (iii) or (iv) of this paragraph; or

(b) is declared by the High Commissioner, by notification in the *Gazette*, to be an unlawful association,

and includes any branch, centre, committee, group, faction or institution of any such body.

85.—(1) Any person who—         *Offences.*

(a) is, or acts as, a member of an unlawful association, or

(b) manages, or assists in the management of, an unlawful association, or holds any office or position in or under an unlawful association, or

(c) does any work or performs any service for an unlawful association, unless he proves that he *bona fide* believed that the work or service was not for an unlawful association, or

(d) attends any meeting of an unlawful association, or

(e) permits or suffers any meeting of an unlawful association to be held in any house, building or place belonging to or occupied by him or under his control, unless he proves that he did not know of or connive at the meeting or that he *bona fide* believed that the meeting was not a meeting of an unlawful association, or

(f) has in his possession, custody or control any book, account, periodical, handbill, poster, newspaper or other document, or any funds, insignia or property, belonging or relating to or issued by or in the interests of, or purporting to belong or relate to or to be issued by or in the interests of, an unlawful association, or

(g) writes or otherwise prepares or produces, prints, types or otherwise reproduces, publishes, exhibits, sells or exposes for sale, distributes, transmits, or knowingly handles, any such thing as is mentioned in paragraph (f), or

(h) collects, receives, requests or demands any donation or subscription for an unlawful association or under pretence that it is for an unlawful association, or

(i) by writing, words, signs, or other acts or representation, directly or indirectly, whether by inference, suggestion, implication or otherwise, acts on behalf of, or as a representative of, an unlawful association,

shall be guilty of an offence and shall be liable on conviction —

(i) if tried under the Magistrates' Courts Jurisdiction Ordinance, 1939, to imprisonment for three years or to a fine of one hundred pounds or to both such imprisonment and fine;    *No. 45 of 1939.*

(ii) if tried upon information, under the Criminal Procedure (Trial Upon Information) Ordinance, to imprisonment for ten years or to a fine of two hundred pounds or to both such imprisonment and fine.    *Cap. 36.*

(2) In this regulation "document" includes any substance recording, or on which is recorded, any matter, whether by letters, figures, marks or pictorial or other representation, or by more than one of those means.

02:007934

The Palestine Gazette No. 1442. Supplement No. 2. 27th September 1944.

## PART VIII.—CENSORSHIP.

Interpretation.

88. In this Part—

"authorised officer" means any Customs Officer, Immigration Officer, officer of the postal service, police constable, member of His Majesty's forces, or any person authorised in that behalf by the Censor;

"Censor" means any person appointed as such in writing by the High Commissioner;

"newspaper" means any publication containing news, intelligence, reports of occurrences, or any remarks, observations or comments in relation to such news, intelligence or occurrences or to any other matter of public interest, printed in any language and published in Palestine for sale or free distribution at regular or irregular intervals, but does not include any publication published by or for the Government of Palestine;

"photograph" includes any photographic plate, photographic film or other sensitised article which has been exposed or otherwise treated so as to record information, whether it has been developed or not;

"postal packet" means a letter, postcard, reply postcard, newspaper, printed packet, pattern or sample packet or parcel, and every packet or article transmissible by post, and includes a telegram;

"printing" includes lithography, type-writing, photography and all other modes of representing or reproducing words, figures, signs, pictures, maps, designs, illustrations and other like matter;

"publication" means any newspaper, periodical, magazine, or book and any document published or intended to be published, and every document shall be presumed to be intended to be published unless the contrary is proved;

"publish" includes circulate, disperse and communicate;

"telegram" means any article on which there is recorded any message or other communication transmitted or intended for transmission by any apparatus for transmitting messages or other communications by means of electric signals;

"unlawful publication" means any publication in relation to which an order under regulation 88 is in force, and any publication containing any matter in relation to which an order under regulation 87 is in force, and any copy or portion of a newspaper, or of any issue or number thereof printed or published in contravention of regulation 94 or containing matter which does not comply with regulation 95, and any document printed or published in contravention of regulation 96, and any publication containing matter not submitted for censorship as required by an order under regulation 97.

Prohibited matter.

87.—(1) The Censor may by order prohibit generally or specially the publishing in publications of matter the publishing of which, in his opinion, would be, or be likely to be or become, prejudicial to the defence of Palestine or to the public safety or to public order.

(2) Any person who publishes any matter in contravention of an order under this regulation and the proprietor and editor of the

02:007935

publication in which it is published and the person who wrote, print- ed, drew or designed, the matter shall be guilty of an offence against these Regulations.

88.—(1) The Censor may by order prohibit the importation or ex-  **Prohibited publications.** portation or the printing or publishing of any publication (which prohibition shall be deemed to extend to any copy or portion of such publication or of any issue or number thereof), the importation, exportation, printing or publishing of which, in his opinion, would be, or be likely to be or become, prejudicial to the defence of Palestine or to the public safety or to public order.

(2) Any person who contravenes any order under this regulation and the proprietor and editor of the publication in relation to which the contravention occurs, and any person (unless in the opinion of the Court he ought fairly to be excused) who has in his possession or control, or in premises of which he is the occupier, any publication prohibited under this regulation or who posts, delivers or receives any such publication, shall be guilty of an offence against these Regulations.

89. The Censor shall have power to detain, open and examine or  **General power** to direct the detention, opening and examination of—  **of examination, etc.**

(a) all postal packets, and

(b) all printed or written matter and all packages, articles and things subject to examination by the customs authorities which may contain any printed or written matter,

and to withhold from delivery or destroy any postal packet or any printed or written matter which contains anything which the Censor considers to be, or to be likely to be or become, prejudicial to the defence of Palestine or to the public safety or to public order; and the Censor, and all postal, telegraph and customs authorities acting by general or special arrangement with him, shall have all such powers as are necessary or appropriate for the carrying out of all such measures.

90.—(1) Any officer authorised generally or specially in that behalf  **Examination,** by or on behalf of the Postmaster General may require the sender  **etc. of postal** of a postal packet, at the time of submitting the packet to a Post  **packets.** Office, to expose the contents of the packet to such officer and, after the contents have been examined to close the packet in the presence of such officer and hand it over to such officer forthwith.

(2) Any person who contravenes any such requirement shall be guilty of an offence against these Regulations, and, in addition, the officer may refuse to accept the postal packet for posting.

(3) The Postmaster General or any officer authorised generally or specially in that behalf by him or on his behalf may direct that a postal packet shall not be accepted for posting if he is of opinion that the acceptance of the packet might endanger life or property.

91.—(1) The High Commissioner, or any person to whom the High  **Restrictions on** Commissioner has under subregulation (3) delegated any of his func-  **dispatch and dis-** tions under this regulation, may make provision by order that postal  **tribution of** packets of any such description as may be specified in the order shall  **certain articles.** not be despatched by post from Palestine to any destination outside Palestine, or distributed in Palestine where such postal packets are received in Palestine, except in accordance with the order, and in

02:007936

THE PALESTINE GAZETTE No. 1442  SUPPLEMENT No. 1.  27th September

particular, but without prejudice to the generality of the present provisions of this paragraph, any such order may, in relation to any description of postal packets, direct that no postal packet of that description shall be so dispatched or distributed as aforesaid otherwise than under the authority and in accordance with the terms of a permit granted by such authority or person as may be specified in the order.

(2) The High Commissioner, or any person to whom the High Commissioner has under subregulation (3) delegated any of his functions under this regulation, may make provision by order for securing that, subject to any exemptions for which provision may be made by the order, and except in accordance with such conditions as may be contained therein, no document, pictorial representation, photograph or other article whatsoever recording information shall be sent or conveyed from Palestine to any destination outside Palestine otherwise than by post, or conveyed into Palestine otherwise than by post; and, without prejudice to the preceding provisions of this paragraph, any such order may —

(a) be made with respect to all such articles as aforesaid or any class or description thereof;

(b) direct, in relation to all or any of the articles to which it applies, that no such article, and no package capable of containing such an article, shall be sent or conveyed as aforesaid, or consigned for the purpose of being so sent or conveyed, otherwise than under the authority and in accordance with the terms of a permit granted by such authority or person as may be specified in the Order.

(3) The High Commissioner may, to such extent and subject to such restrictions as he thinks proper, delegate all or any of his powers under subregulations (1) and (2) to any specified person or class of persons.

(4) No person shall have in his possession any article for the purpose of sending or conveying it in contravention of an order made under this regulation.

(5) Any person who contravenes this regulation shall be guilty of an offence against these Regulations.

Censorship on travellers.

92.—(1) Any person who, on any occasion, is about to leave Palestine or arrives in Palestine (which person is hereafter in this paragraph referred to as "the traveller") shall, if on that occasion he is required so to do by an authorised officer —

(a) declare whether or not he has with him any article with respect to which an order under subregulation (2) of regulation 91 is in force,

(b) produce any such article as aforesaid which he has with him; and the authorised officer, or any person acting under his directions, may examine or search any article which the traveller has with him for the purpose of ascertaining whether he is conveying or has in his possession any such article as to which such order as aforesaid applies; and if the authorised officer has reasonable ground for suspecting that the traveller has about his person any such article as to which such order as aforesaid applies, search him, and may seize any article produced as aforesaid or found upon such examination or search as aforesaid, being an article as to which the authorised officer has reason

02:007937

no ground for suspecting that it is an article to which such order as aforesaid applies: Provided that no female shall be searched in pursuance of this regulation except by a female.

(2) Where any person is about to leave Palestine or arrives in Palestine in or accompanied by any vehicle or other means of transport, or in any ship or aircraft, any authorised officer, or any person acting under his directions, may enter the vehicle or other means of transport or ship or aircraft for the purpose of exercising the powers conferred on him by subregulation (1), and may also examine or search the vehicle or other means of transport or ship or aircraft for the purpose of ascertaining whether there is thereon any article with respect to which an order under subregulation (2) of regulation 91 is in force.

(3) Where at any place in Palestine any person is on any occasion found in circumstances in which it is reasonable to suppose that on that occasion he has communicated, or intends to communicate, at that place with a person about to leave, or arriving in, Palestine, the provisions of subregulation (1) shall apply in relation to the person so found as they apply in relation to a person about to leave Palestine and where any person is on any occasion found travelling in Palestine to or from any place in such circumstances as aforesaid, the said provisions shall apply in relation to him as they would apply if, when so found, he had been about to leave Palestine.

93.—(1) If there is in force an order under subregulation (9) of regulation 91, any authorised officer, or any person acting under his directions, may examine or search any articles consigned from Palestine to a destination outside Palestine or from a place outside Palestine to a destination in Palestine, for the purpose of ascertaining whether any article to which such order applies is being sent or conveyed and may seize any article found upon such examination or search, being an article as to which the authorised officer has reasonable ground for suspecting that it is an article to which an order as aforesaid applies.

(2) Any authorised officer, or any person acting under his directions, may enter any vehicle or other means of transport or go on board any ship or aircraft for the purpose of exercising the powers conferred on him by subregulation (1) in relation to any articles in or on the vehicle or other means of transport or on board the ship or aircraft.

Examination of consignments.

94.—(1) No newspaper shall be printed or published unless the proprietor thereof shall have obtained a permit under the hand of the District Commissioner of the District in which the newspaper is being, or is to be, printed.

(2) The District Commissioner, in his discretion and without assigning any reason therefor, may grant or refuse any such permit and may attach conditions thereto and may at any time suspend or revoke any such permit or vary or delete any conditions attached to the permit or attach new conditions thereto.

(3) Any person who contravenes this regulation or the conditions of any permit thereunder and the proprietor and editor of the newspaper in relation to which the contravention occurs shall be guilty of an offence against these Regulations.

Newspaper permits.

95.—(1) Without prejudice to the provisions of section 10 of the Press Ordinance, where it is desired to publish in any newspaper any matter contained in any official communication issued for the inform-

Official Communications. Cap. 116.

ation of the public by the Public Information Officer and the communication is not published textually in full the matter published shall contain all the material facts stated in the communication.

(2) If the provisions of this regulation are contravened, the editor printer and publisher of the newspaper shall each be guilty of an offence against these Regulations.

**Political matter.** 96.—(1) No notice, illustration, placard, advertisement, proclamation, pamphlet or other like document containing matter of political significance (whether in the form of an article or statement of facts or otherwise) shall be printed or published in Palestine unless a permit has first been obtained under the hand of the District Commissioner of the District in which such printing or publishing is intended to be effected:

Provided that this regulation shall not apply in relation to any matter contained in a newspaper in respect of which a permit is in force under regulation 94.

(2) Any person who contravenes this regulation shall be guilty of an offence against these Regulations.

**Power to require submission of matter for censorship before publication.** 97.—(1) The Censor may by order require the proprietor, editor, printer or publisher of any publication, or the proprietor or manager of any printing press or printing business, or the author of, or any person about to print or publish, any matter, to submit to the Censor before printing or publishing any matter intended for printing or publishing.

(2) Any such order may be given either generally or in respect of any particular subject or class of subject, and, in the case of a publication published at regular or irregular intervals, may be given in respect of any particular issue or class of issues or of all issues for a specified period.

(3) Any person who contravenes an order under this regulation shall be guilty of an offence against these Regulations.

**Censorship not to be disclosed.** 98.—(1) The printer or publisher of any publication shall not, without the written permission of the Censor—

(a) print or publish any statement to the effect, or from which it may be inferred, that any alteration, addition, or omission has been made by order of the Censor in any matter submitted to him;

(b) print or publish any matter which has been submitted to the Censor in such a way as to show or suggest that any alteration, addition or omission has been made by order of the Censor;

(c) print or publish any statement to the effect that publicity of such matter has been forbidden.

(2) Any person who contravenes this regulation and the proprietor and editor of the publication in question shall be guilty of an offence against these Regulations.

**Seizure, etc.** 99. Without prejudice to any other provision of these Regulations, any authorised officer may seize and detain any unlawful publication which comes into his hands.

**Action against printing presses, etc., responsible for contraventions.** 100.—(1) Without prejudice to any other provision of these Regulations, the Censor may by order—

(a) direct the forfeiture to the Government of Palestine of any printing press or other instrument or apparatus used for the printing of any unlawful publication and thereupon such printing press, instrument or apparatus may be seized by any police officer; or

02:007940