# EXHIBIT D.1



MILLER
CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

January 24, 2014

BY FEDERAL EXPRESS
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

      I write on behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") in response to Plaintiffs' letter of January 22, 2014. A portion of one sentence of the parties' proposed Joint Pre-Trial Order ("JPTO") is required to be filed under seal by the terms of the Protective Order Regarding Confidentiality of Discovery Material previously entered by Magistrate Judge Ellis on March 21, 2012 (DE 219). That sentence reflects Plaintiffs' allegation that Defendants violated the Anti-Terrorism Act ("ATA") by [REDACTED] For at least three reasons, the Court should redact that material from the JPTO before it is filed in the public record.

      First, the material at issue is not necessary for the JPTO. Indeed, inclusion of the material at issue would appear to contravene Your Honor's Individual Practices, which permit a party to include in the JPTO a summary of its claims and defenses – but "without recital of evidentiary matter." Individual Practices of Judge George B. Daniels ¶ 4(A)(iv). Plaintiffs' statement in the JPTO goes beyond providing a summary of their claims, and instead summarizes evidentiary material about the specific ways in which Plaintiffs claim Defendants violated the ATA.

      Second, the statement in question is "Confidential" under the terms of the existing Protective Order, and, accordingly, must be filed under seal by the terms of that order. The Protective Order permits a party to designate as "Confidential" any discovery materials that contain "previously nondisclosed financial information," as well as materials that contain or relate to "personal private financial or employment information." DE 219 at 2. Moreover, "[t]he protections conferred by [the Protective Order] cover not only Confidential Discovery Material…but also any information copied or extracted therefrom, as well as all copies, excerpts, *summaries, or compilations thereof.*" *Id.* (emphasis added). The Protective Order requires that any such "Confidential" material be filed under seal. *Id.* at 4. The statement at issue in the JPTO is derived directly from materials designated by

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1356662.2

Defendants as "Confidential" during the course of discovery in this case. Indeed, when the undersigned verbally raised this issue with counsel for the Plaintiff during a telephone call on January 22, Mr. Yalowitz acknowledged that he had "no problem" with the existing confidentiality designations of the underlying documents, and acknowledged that the undersigned's assertion that the statement at issue was a summary of those documents was a "fair point." Thus, it is undisputed that the statements at issue must be filed under seal under the terms of the existing order as Plaintiffs deny neither the "Confidential" character of the documents underlying the statement at issue, nor the "Confidential" character of the summary statement itself. Indeed, Plaintiffs' letter is itself marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

Instead, Plaintiffs appear to urge the Court to disregard the terms of the Protective Order in favor of a "heightened standard" that they argue applies to their statement in the JPTO. *See* Letter from Kent A. Yalowitz to the Hon. George B. Daniels at 1-2 (Jan. 22, 2014). Plaintiffs have provided no support for their position that the Protective Order no longer applies. In fact, the only case cited by Plaintiffs in their letter to the Court concerned a request from a group of defendants for a protective order covering the materials produced during discovery in the case, which the court granted. *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 223-24 (S.D.N.Y. 2006). While the same case also held that an initial protective order could be modified at a later date "if more specific grounds for its continuance remain indiscernible," *id.* at 222, Plaintiffs have provided the Court with no grounds at all, much less "specific" ones.

Third, even assuming, *arguendo*, that the Protective Order does not apply to Plaintiffs' statement in the JPTO, the sentence in question should nonetheless be redacted from the JPTO before it is filed in the public record because the information underlying the sentence reflects protected law enforcement information as well as protected third-party information. While there is a presumption favoring access to judicial records, "the fact that a document is a judicial record does not mean that access to it cannot be restricted." *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("*Amodeo I*"). According to the Supreme Court, "it is uncontested…that the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*"), the Second Circuit established a balancing test for determining whether to seal court records. The court held that judicial records are presumptively subject to public inspection, but "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 1049. After a court determines the weight to be accorded a document, it "must balance competing considerations against it," including "the privacy interests of those resisting disclosure." *Id.*; *see also id.* at 1048-49 ("Unlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information."). The Court's decision is one of discretion, "to be exercised in light of the relevant facts and circumstances of the particular case." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990).

Hon. George B. Daniels<br>
January 24, 2014<br>
Page 3

Here, the JPTO does not directly affect the adjudication of this case, nor is it an actual adjudication. Indeed, it is not a statement of the Court at all, but rather a joint statement containing sections separately prepared by both Plaintiffs and Defendants, and neither side has adopted the statements contained in the sections prepared by their opponents. Thus, the presumption of public access is of lesser weight. As Judge Leisure explained in *Encyclopedia Brown Prods., Ltd. v. HBO, Inc.*, 26 F. Supp. 2d 606 (S.D.N.Y. 1998):

> While the [Joint Pretrial] Order is, as its name suggests, approved by the Court, it does not constitute a substantive adjudication. In addition, although the Order may contain stipulated facts and/or other admissions by the parties that may ultimately affect the outcome, one of the principal functions of the Order is simply organizational in nature. Thus, the strength of the presumption favoring disclosure of the Pretrial Order falls somewhere in the middle of the "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."

26 F. Supp. 2d at 612.

The privacy interests involved, however, are substantial. Potential damage to law enforcement is a legitimate basis for sealing documents and restricting public access to them. *See Amodeo I*, 44 F.3d at 147 ("We have recognized the law enforcement privilege as an interest worthy of protection."). Plaintiffs' statement reveals activities of the GIS, the public disclosure of which would undermine important interests of the PA. *See* Declaration of Majed Faraj ¶¶ 12-14, 17 (attached as Exhibit A) (declaring that disclosure of GIS investigative methods would, *inter alia*, increase security threats and impair GIS's ability to conduct future investigations). Plaintiffs' statement also reflects private employment and financial information, which the Second Circuit has likewise held is properly protected:

> We have previously held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric "privacy," are a venerable common law exception to the presumption of access. Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure.

*Amodeo II*, 71 F.3d at 1050 (internal citations and quotation marks omitted). Defendants and non-party individuals, including the innocent family members of alleged perpetrators, would suffer substantial harm from disclosure of the information at issue. Such harm substantially outweighs the public's interest in access to a document with little value to those monitoring the federal courts.

In addition, Plaintiffs' statement is their own unproven allegation, which "should not be as readily disclosed as matters that are verified." *Id.* at 1051. Plaintiffs' counsel has already attempted to

1356662.2

Hon. George B. Daniels
January 24, 2014
Page 4

use "Confidential" information from this case in another matter and been subject to a related Order to Show Cause as a result. DE 372. Litigants seeking an advantage "need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided." *Amodeo II*, 71 F.3d at 1050; *see also Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 611 ("The motives of the party invoking the presumption of public access…may be considered insofar as they bear on the veracity of the parties' asserted positions.").

In sum, Plaintiffs' statement is inconsistent with Your Honor's Individual Practices, is "Confidential" under the Protective Order entered in this case, and public access to it is otherwise outweighed by law enforcement and privacy concerns. Defendants are not asking the Court to seal the entire document; instead they ask the Court to redact only the statement in the JPTO that is required to be filed under seal in accordance with the existing Protective Order "in order to allow access to appropriate portions of the document." *Amodeo I*, 44 F.3d at 147.

Sincerely,

*/s/ BAH*

Brian A. Hill

cc: All ECF Counsel

1356662.2