# EXHIBIT D.2

# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 14, 2014

**VIA E-MAIL**

Brian A. Hill, Esq.
Miller & Chevalier
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005-5701

Re: *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
Docket No. 04-CV-397 (GBD)(RLE)

Dear Brian:

I write regarding the 37 individuals that defendants identified as potential trial witnesses on Exhibit 1-2 to the Joint Pretrial Order.

As you are aware, not a single one of these individuals was identified in defendants' initial disclosures under Rule 26(a). Indeed, defendants' disclosures list only categories, and do not identify any specific witnesses at all, which "is patently insufficient and amounts to a non-disclosure." *Labadie v. Dennis*, No. 1:07-cv-480, 2008 WL 5411901, at *2 (W.D. Mich. Dec. 23, 2008); *see also, e.g.*, *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) ("The rule requires parties to disclose '*the name* . . . of each individual likely to have discoverable information.'. . . 'It is not sufficient to identify witnesses through the use of a collective description, such as 'employees or representatives of the defendant.'") (quoting Fed. R. Civ. P. 26(a)(1)(A)(i); 6 *Moore's Federal Practice*, § 26.22[4][a][i] (3d ed.)) (brackets omitted).

Nor to the best of our knowledge have defendants ever served any supplemental disclosures identifying any of these 37 individuals, or the "subjects" on which they have information, as required by Rule 26(a)(1)(A)(i).

It is our intention to move under Rule 37(c)(1) to preclude defendants from using these 37 individuals "to supply evidence on a motion, at a hearing, or at a trial," unless defendants can show that these putative witnesses and the subjects of their knowledge

ARNOLD & PORTER LLP

Brian A. Hill, Esq.
February 14, 2014
Page 2

have "otherwise been made known to [plaintiffs] during the discovery process or in writing," Rule 26(e)(1)(A), or cure the deficiencies in some other manner.

      If defendants believe that these individuals and the respective subjects of their knowledge were disclosed by defendants, or were "otherwise . . . made known to [plaintiffs] during the discovery process or in writing," please let us know when and in what manner you believe each individual and the subject of his or her knowledge was disclosed or "otherwise . . . made known" to plaintiffs.

      Absent a substantive response from defendants by February 28, we will understand that defendants concede that these individuals and the respective subjects of their knowledge were never disclosed by defendants, or "otherwise . . . made known to [plaintiffs] during the discovery process or in writing," and will proceed accordingly.

                                  Sincerely,

                                  Kent A. Yalowitz