# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE [FIFTH][1] SET OF INTERROGATORIES FROM ALL PLAINTIFFS
### (TO THE GOLDBERG PLAINTIFFS)

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and Responses to the [Fifth] Set of Interrogatories from All Plaintiffs and state as follows:

### PRELIMINARY STATEMENT

1.      The objections and responses by Defendants to the Interrogatories are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections hereto.

2.      The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

---

[1] Plaintiffs entitled the interrogatories served on November 21, 2012 as the "Fourth Set of Interrogatories from All Plaintiffs." However, Plaintiffs had previously served Defendants with a Fourth Set of Interrogatories from All Plaintiffs on September 19, 2011. Therefore, this request is Plaintiffs' Fifth Set of Interrogatories from All Plaintiffs.

1292690.2

including all discrete subparts, permitted by that Rule as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

14. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific answer does not waive any general objection to the Interrogatory.

## SPECIFIC OBJECTIONS AND ANSWERS

### PLAINTIFFS' SPECIFIC DEFINITIONS:

1. "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

### INTERROGATORY NO. 6(a)[2]:

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PA.

### OBJECTIONS TO INTERROGATORY NO. 6(a):

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 6(a) on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request to "[d]escribe in full" "the process, procedure, and

---

[2] Plaintiffs previously served Defendants with Interrogatory No. 6 on September 19, 2011. Therefore, Defendants will refer to the interrogatory labeled "Interrogatory No. 6" in the set of interrogatories served on Defendants on November 21, 2012 as "Interrogatory No. 6(a)."

1292690.2

manner through which a person can become a 'member' of the PA"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "full," "process," "procedure," "manner," and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 6(a):**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

The PA is not a labor union like the unincorporated association at issue in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951), but the PA does have members in the sense that elected and appointed officials assume and cease their positions with the PA in accordance with the pertinent legislation and regulations governing within the Occupied Palestinian Territory. The PA also has members in the sense that it has employees who assume and cease their positions with the PA in accordance with the pertinent legislation and regulations governing within the Occupied Palestinian Territory, and in accordance with individual employment decisions made by officials within the PA.

**INTERROGATORY NO. 7:**

Describe in full (i) the process, procedure and manner through which a person can become a "member" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) and (ii) the process, procedure and manner through which a person can cease to be a "member" of the PLO.

**OBJECTIONS TO INTERROGATORY NO. 7:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 7 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request to "[d]escribe in full" "the process, procedure, and manner through which a person can become a 'member' of the PLO"); (b) the Interrogatory seeks disclosure of information that is irrelevant to party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "full," "process," "procedure," "manner," and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 7:**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

The PLO is not a labor union like the unincorporated association at issue in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951), but the PLO does have members in the sense that elected and appointed officials assume and cease their positions with the PLO in accordance with the Organization's governing policies and procedures. The PLO also has members in the sense that it has employees who assume and cease their positions with the PLO in accordance with the

Organization's governing policies and procedures, and in accordance with individual employment decisions made by officials within the PLO.

In addition, the PLO is made up of constituent political organizations which have their own individual members.

In addition, the PLO is the internationally recognized representative of the Palestinian people and, as such, all Palestinian persons may be viewed as represented by the PLO from the time of birth until the time of death.

**INTERROGATORY NO. 8:**

List all "members" of the PA (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify (i) the person's full name and (ii) the date on which that person became a "member" of the PA.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 8 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a list of "all 'members' of the PA," "the person's full name," and "the date on which that person became a 'member' of the PA"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "members" and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-

interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**ANSWER TO INTERROGATORY NO. 8:**

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

It would be unduly burdensome for Defendants to list the requested information for all the persons described as "members" of the PA in Interrogatory Answer No. 6(a) during the time period specified in Interrogatory No. 8, but the names of certain elected, appointed, and employed officials of the PA during that period do appear in the documents Bates labeled 04:000030-04:000106 and 02:008806-02:008938, which, although they were not complied or published by either Defendant, and have not been independently verified by either Defendant, are believed to be generally accurate as to the information requested by this interrogatory.

**INTERROGATORY NO. 9:**

List all "members" of the PLO (as that term is used in *Martin v. Curran*, 101 N.E. 2d 683 (N.Y. 1951)) between January 8, 2001 and the present day, and for each such "member" specify (i) the person's full name; (ii) the date on which that person became a "member" of the PLO.

**OBJECTIONS TO INTERROGATORY NO. 9:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 9 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a list of "all 'members' of the PLO," "the person's full name," and "the date on which that person became a 'member' of the PLO); (b) the Interrogatory seeks disclosure of information that is irrelevant to any party's claim or defense,

and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "members" and "member" are vague and ambiguous; (d) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories, and (e) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

### ANSWER TO INTERROGATORY NO. 9:

Subject to, and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows:

It would be unduly burdensome for Defendants to list the requested information for all the persons described as "members" of the PLO in Interrogatory Answer No. 7 during the time period specified in Interrogatory No. 9, but the names of certain elected, appointed, and employed officials of the PLO during that period do appear in the documents Bates labeled 04:000030-04:000106 and 02:008806-02:008938, which, although they were not complied or published by either Defendant, and have not been independently verified by either Defendant, are believed to be generally accurate as to the information requested by this interrogatory.

### INTERROGATORY NO. 10:

State the full factual basis for the contention (DE 92 at 2) that "Defendants lack the capacity to be sued in this Court with respect to the Second Count (Wrongful Death), Third Count (Pain and Suffering), Fourth Count (Battery), Fifth Count (Assault), Sixth Count (Loss of Consortium and Solatium), Seventh Count (Negligence), Eighth Count (Intentional Infliction of Emotional Distress), Ninth Count (Negligent Infliction of Emotional Distress), Tenth Count (Civil Conspiracy), Eleventh Count (Aiding and Abetting), Twelfth Count (Vicarious Liability/Respondeat Superior) and Thirteenth Count (Inducement)."

1292690.2