# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

       - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

                Defendants.
_____X

Docket No:
04-CV-397 (GBD) (RLE)

## THE GUETTA PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS THE PALESTINIAN AUTHORITY'S AND PALESTINE LIBERATION ORGANIZATION'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Guetta Plaintiffs ("Plaintiffs") hereby serve their Objections and Answers to Defendants the Palestinian Authority's and the Palestine Liberation Organization's First Requests for Admission to the Guetta Plaintiffs, ("Request" or "Requests") and state as follows:

### PRELIMINARY STATEMENT

1.      Discovery, and Plaintiffs' inquiry into and development of all facts relating to this case, are both on-going. Therefore, the responses by plaintiffs to the requests are based only upon knowledge and information presently available to plaintiffs. Plaintiffs reserve the right to revise, alter, amend or supplement their responses to the requests if and when additional facts, knowledge and/or information become known to plaintiffs.

2.      Any response by plaintiffs to the requests shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or

45.    *The PA is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

46.    *The PLO is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

47.    *The PA is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

**Objections**:

Plaintiffs object to this Request because the term "corporation" in Rule 17(b)(2) is not defined, and answering this Request would therefore improperly require Plaintiffs to "admit what a law or regulation means" and/or "interpret a statute." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 1, 11 (D.D.C. 2011).

Plaintiffs also object to this Request as impermissibly vague, because the term "corporation" in Rule 17(b)(2) is not defined. *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D.W.Va. 2010) (request for admission containing undefined term was vague and so improper and objectionable).

**Answer**: Plaintiffs stand on their objections.

48.    *The PLO is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

**Objections**:

Plaintiffs object to this Request because the term "corporation" in Rule 17(b)(2) is not defined, and answering this Request would therefore improperly require Plaintiffs to "admit what

13

1291273.1

*Johnson*, 272 F.R.D. 177, 185 (S.D.W.Va. 2010) (request for admission containing undefined

term was vague and so improper and objectionable).

    **Answer**: Plaintiffs stand on their objections.

January 7, 2013

                            Plaintiffs, by their Attorney,

                            Robert J. Tolchin
                            111 Livingston Street, Suite 1928
                            Brooklyn, New York 11201
                            (718) 855-3627
                            Fax: (718) 504-4943
                            rjt.berkman@gmail.com

                            David I. Schoen
                            David I. Schoen, Attorney at Law
                            2800 Zelda Road, Suite 100-6
                            Montgomery, Alabama 36106
                            (334) 395-6611
                            DSchoen593@aol.com

## CERTIFICATION

    I hereby certify that on January 7, 2013 a true copy of the within was sent via f fc ) t/y

mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

                            Robert J. Tolchin

17

1291273.1