# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

               Plaintiffs,

               - against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

               Defendants.
-----------------------------------------------------------------X

Docket No.:
04-CV-397 (GBD) (RLE)

### THE SOKOLOW PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS THE PALESTINIAN AUTHORITY'S AND THE PALESTINE LIBERATION ORGANIZATION'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Sokolow Plaintiffs ("Plaintiffs") hereby serve their Objections and Answers to Defendants the Palestinian Authority's and the Palestine Liberation Organization's First Requests for Admission to the Sokolow Plaintiffs, ("Request" or "Requests") and state as follows:

### PRELIMINARY STATEMENT

1.    Discovery, and Plaintiffs' inquiry into and development of all facts relating to this case, are both on-going. Therefore, the responses by plaintiffs to the requests are based only upon knowledge and information presently available to plaintiffs. Plaintiffs reserve the right to revise, alter, amend or supplement their responses to the requests if and when additional facts, knowledge and/or information become known to plaintiffs.

2.    Any response by plaintiffs to the requests shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the

1

1291263.1

matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained the response. Each response is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such response. Further, plaintiffs make the objections and give the answers herein without in any way implying that they consider the requests and responses to be relevant or material to this case.

3.  The exact wording of any objections or responses by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiffs object to the Definitions and Instructions contained in the requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs' objections and answers will therefore be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUESTS FOR ADMISSION

### ADMIT THE FOLLOWING STATEMENTS ARE TRUE:

1.  *Elena Sokolow was not present at the January 27, 2002 Bomb.*

**Answer**: Admitted

2.  *At the time of the January 27, 2002 bombing the PA had no civil authority over the area in Jerusalem where the January 27, 2002 bombing took place.*

**Objections**: Plaintiffs object to this request as ambiguous because the phrases "civil authority" and "the area in Jerusalem where the January 27, 2002 Bombing took place" are not defined. "[P]laintiffs can admit or deny requests which contain undefined phrases by defining the phrase themselves." *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625744 at *6 (D.Kan. 1995). Therefore, for the purpose of this Request, plaintiffs (a) define the

157.   *The PA is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

158.   *The PLO is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

158.   *The PA is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

**Objections**:

Plaintiffs object to this Request because the term "corporation" in Rule 17(b)(2) is not defined, and answering this Request would therefore improperly require Plaintiffs to "admit what a law or regulation means" and/or "interpret a statute." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 1, 11 (D.D.C. 2011).

Plaintiffs also object to this Request as impermissibly vague, because the term "corporation" in Rule 17(b)(2) is not defined. *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D.W.Va. 2010) (request for admission containing undefined term was vague and so improper and objectionable).

**Answer**: Plaintiffs stand on their objections.

159.   *The PLO is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

**Objections**:

Plaintiffs object to this Request because the term "corporation" in Rule 17(b)(2) is not defined, and answering this Request would therefore improperly require Plaintiffs to "admit what

*Johnson*, 272 F.R.D. 177, 185 (S.D.W.Va. 2010) (request for admission containing undefined term was vague and so improper and objectionable).

**Answer**: Plaintiffs stand on their objections.

January 7, 2013

Plaintiffs, by their Attorney,

*[signature]*

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
rjt.berkman@gmail.com

David I. Schoen
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
(334) 395-6611
DSchoen593@aol.com

## CERTIFICATION

I hereby certify that on January 7, 2013 a true copy of the within was sent via Fed Ex mail to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

*[signature]*
Robert J. Tolchin