# EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARK SOKOLOW, et al.,

                    Plaintiffs,

      -against-

THE PALESTINE LIBERATION ORGANIZATION,
et al.,

                    Defendants.

-------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## THE GOLDBERG PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS THE PALESTINIAN AUTHORITY'S AND THE PALESTINE LIBERATION ORGANIZATION'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Goldberg Plaintiffs ("Plaintiffs") hereby serve their Objections and Answers to Defendants the Palestinian Authority's and the Palestine Liberation Organization's First Requests for Admission to the Goldberg Plaintiffs, ("Request" or "Requests") and state as follows:

### PRELIMINARY STATEMENT

1.    Discovery, and Plaintiffs' inquiry into and development of all facts relating to this case, are both on-going. Therefore, the responses by plaintiffs to the requests are based only upon knowledge and information presently available to plaintiffs. Plaintiffs reserve the right to revise, alter, amend or supplement their responses to the requests if and when additional facts, knowledge and/or information become known to plaintiffs.

2.    Any response by plaintiffs to the requests shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or

admissibility of the information referenced or contained the response. Each response is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such response. Further, plaintiffs make the objections and give the answers herein without in any way implying that they consider the requests and responses to be relevant or material to this case.

3. The exact wording of any objections or responses by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiffs object to the Definitions and Instructions contained in the requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs' objections and answers will therefore be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUESTS FOR ADMISSIONS

### ADMIT THE FOLLOWING STATEMENTS ARE TRUE:

1. *Karen Goldberg was not present at the January 29, 2004 Bombing.*

    **Answer**: Admitted

2. *Chana Bracha Goldberg was not present at the January 29, 2004 Bombing.*

    **Answer**: Admitted

3. *Esther Zahava Goldberg was not present at the January 29, 2004 Bombing.*

    **Answer**: Admitted

4. *Yitzhak Shalom Goldberg was not present at the January 29, 2004 Bombing.*

    **Answer**: Admitted

5. *Shoshana Malka Goldberg was not present at the January 29, 2004 Bombing.*

**Answer**: Admitted

6. *Eliezer Simcha Goldberg was not present at the January 29, 2004 Bombing.*

   **Answer**: Admitted

7. *Yaakov Moshe Goldberg was not present at the January 29, 2004 Bombing.*

   **Answer**: Admitted

8. *Tzvi Yehoshua Goldberg was not present at the January 29, 2004 Bombing.*

   **Answer**: Admitted

9. *At the time of the January 29, 2004 Bombing the PA had no civil authority over the area in Jerusalem where the January 29, 2004 Bombing took place.*

   **Objections**: Plaintiffs object to this request as ambiguous because the phrases "civil authority" and "the area in Jerusalem where the January 29, 2004 Bombing took place" are not defined. "[P]laintiffs can admit or deny requests which contain undefined phrases by defining the phrase themselves." *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625744 at *6 (D.Kan. 1995). Therefore, for the purpose of this Request, plaintiffs (a) define the phrase "the area in Jerusalem where the January 29, 2004 Bombing took place" as meaning West Jerusalem (the part of Jerusalem held by Israel prior to 1967) and (b) define the term "civil authority" as including any actual, apparent or threatened exercise or use of any authority, force or compulsion over persons or in geographical areas in West Jerusalem, whether lawful or not.

   **Answer**: Subject to the objections and definitions above, this Request is denied.

10. *At the time of the January 29, 2004 Bombing the PA had no security authority over the area in Jerusalem where the January 29, 2004 Bombing took place.*

    **Objections**: Plaintiffs object to this request as ambiguous because the phrases "security authority" and "the area in Jerusalem where the January 29, 2004 Bombing took place" are not defined. "[P]laintiffs can admit or deny requests which contain undefined phrases by defining the phrase themselves." *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625744 at *6 (D.Kan. 1995). Therefore, for the purpose of this Request, plaintiffs (a) define the

> *Defendants provided Ali Yusef Ja'ara with the explosive device used in the January 29, 2004 Bombing.*[53]

**Answer**: Denied.

> 262. *The PA is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

> 263. *The PLO is not an individual within the meaning of the Federal Rule of Civil Procedure 17(b)(1).*

**Answer**: Admitted.

> 264. *The PA is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

**Objections**:

Plaintiffs object to this Request because the term "corporation" in Rule 17(b)(2) is not defined, and answering this Request would therefore improperly require Plaintiffs to "admit what a law or regulation means" and/or "interpret a statute." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 1, 11 (D.D.C. 2011).

Plaintiffs also object to this Request as impermissibly vague, because the term "corporation" in Rule 17(b)(2) is not defined. *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D.W.Va. 2010) (request for admission containing undefined term was vague and so improper and objectionable).

**Answer**: Plaintiffs stand on their objections.

> 265. *The PLO is not a corporation within the meaning of the Federal Rule of Civil Procedure 17(b)(2).*

---

[53] *See id.*

47

## CERTIFICATION

I hereby certify that on January 7, 2013 a true copy of the within was sent via ~~first-class mail~~ FEDEX to the following counsel:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

_____
Robert J. Tolchin