# EXHIBIT 30

```
 1
 2   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------------------X
     MARK I. SOKOLOW, ET AL.,
 4
                                    PLAINTIFFS,
 5
 6        -against-         Case No:
                            04CV397 (GBD)(RLE)
 7
 8   THE PALESTINE LIBERATION ORGANIZATION,
     ET AL.,
 9
                                    DEFENDANTS.
10   ------------------------------------------X
11
12             DATE: September 5, 2012
13             TIME: 10:35 A.M.
14
15
16             DEPOSITION of JAMIE SOKOLOW,
17   taken by the Defendants, pursuant to Notice
18   and to the Federal Rules of Civil
19   Procedure, held at the offices of Morrison
20   & Foerster, 1290 Avenue of the Americas,
21   New York, New York 10104, before Robert X.
22   Shaw, CSR, a Notary Public of the State of
23   New York.
24
25
```

```
 1                   Jamie Sokolow
 2       questions.
 3             MR. SOLOMON:  I am abiding by
 4       the rules of this district.  I'm
 5       stating my objection succinctly; it's
 6       is to form.  I'm not sure what the
 7       question is even asking.
 8             Part of my job is to understand
 9       the questions that are being asked of
10       the deponent, as well as stating
11       objections.  That is covered by the
12       rules.  And if you have a problem
13       with what I'm doing, get the judge on
14       the phone.
15       Q.   On January 27th, 2002, prior to
16  the explosion that resulted in your
17  injuries, did you see the person or persons
18  who set off the explosion?
19       A.   No.
20       Q.   Okay.  Did you see anyone in
21  the store prior to the explosion?
22       A.   There were people in the store
23  while I was there.
24       Q.   Okay.  And then, after the
25  explosion that occurred on January 27th,
```

| | |
|---|---|
| 1 | Jamie Sokolow |
| 2 | did you see, or identify, could you |
| 3 | identify the person or persons who |
| 4 | detonated the explosion? |
| 5 | MR. SOLOMON: Objection to |
| 6 | form. |
| 7 | You can answer. Go ahead. |
| 8 | A. I saw lots of people, no one |
| 9 | which I was able to identify. |
| 10 | MR. SOLOMON: Just listen to |
| 11 | the question and try to answer the |
| 12 | question directly. Okay. So. |
| 13 | Q. Okay. Did you notice the |
| 14 | person outside of the store who set off the |
| 15 | explosive device? |
| 16 | A. No. |
| 17 | Q. Do you know which direction the |
| 18 | explosion came from? |
| 19 | A. No. |
| 20 | Q. Do you know if the explosion |
| 21 | came from behind you? |
| 22 | MR. SOLOMON: Objection. |
| 23 | Go ahead. |
| 24 | Q. You can answer. |
| 25 | A. No. |

```
 1                    Jamie Sokolow
 2    Arab Bank case as you are in this case?
 3         A.    Yes.
 4         Q.    Why did you sue the PA and the
 5    PLO?
 6               MR. SOLOMON:  Objection.
 7               Go ahead.
 8         A.    Again, I was relying on my
 9    parents and lawyers to make that decision.
10         Q.    Are you aware of any evidence
11    that, um --
12               Well, let me go back and break
13    up the question.
14               Why did you sue the Palestinian
15    Authority, only the Palestinian Authority?
16               MR. SOLOMON:  Over my
17          objection, you can answer.
18         A.    Again, I was relying on my
19    parents and my lawyers to make those
20    decisions.
21         Q.    All right.  And why did you sue
22    the Palestinian Liberation Organization?
23         A.    I was relying on my parents and
24    my lawyers to make those decisions.
25         Q.    Are you aware of any evidence
```

```
 1                  Jamie Sokolow
 2    that the Palestinian Authority had anything
 3    to do with the bombing in which your family
 4    was injured?
 5         A.    Myself, no.
 6         Q.    You say, you, yourself, are not
 7    aware of any evidence.
 8               Are you aware of any evidence
 9    that the Palestinian Authority had anything
10    to do with the bombing which is not in your
11    personal knowledge?
12         A.    Can you explain that question?
13               MR. SOLOMON:  The question is
14         vague; so, I'm going to object.
15               MR. HILL:  Let me just take a
16         break.
17               (Whereupon, an off-the-record
18         discussion was held.)
19         Q.    Before we took the break, I was
20    trying to find out anything that you know
21    about, um, whether or not the Palestinian
22    Authority had anything to do with the
23    bombing that injured your family.
24               MR. SOLOMON:  Is that the
25         question?
```

```
 1                    Jamie Sokolow
 2         evidence.
 3                 So, you can answer the specific
 4         question without infringing on the
 5         privileged communications; okay?
 6                 All right.
 7         Q.    Do you know the evidence?
 8                 MR. SOLOMON:  Over my
 9         objection, with that instruction, go
10         ahead.
11         A.    No.
12         Q.    Okay.
13                 Are you aware of any evidence
14   that the Palestinian Authority had anything
15   to do with the bombing in which your family
16   was injured?
17                 I'm sorry.
18                 MR. SOLOMON:  Not the PLO.
19         Q.    Another question.  Are you
20   aware of any evidence that the Palestine
21   Liberation Organization had anything to do
22   with the bombing that injured your family?
23         A.    I don't have any personal
24   evidence.
25         Q.    Do you have any evidence, other
```