# Exhibit 26

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 16, 2013

**BY HAND**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern
 District of New York
500 Pearl Street
New York, New York 10007-312

    Re:    *Sokolow et al. v. Palestinian Liberation Organization et al.*
            Docket No. 04-CV-397 (GBD) (RLE)

Dear Judge Ellis:

      We represent the plaintiffs in the above captioned matter. We write to follow up with the Court regarding our letter dated May 6, 2013 concerning the need to substitute a new expert for plaintiffs' former expert Ronni Shaked. We also write in response to defendants' letter dated May 9, 2013, which opposes the proposed substitution.

      As previously explained, Mr. Shaked's wife is extremely ill, and this unfortunate situation has caused Mr. Shaked to withdraw as an expert in this case. Mr. Shaked made his own decision in this regard, independent of plaintiffs' counsel, who have no choice but to identify a new expert for the topics that Mr. Shaked was designated to cover. Plaintiffs have identified Alon Evyatar—a former intelligence officer who served as Chief Advisor on Palestinian Affairs in the Israeli Defense Ministry—as their proposed replacement expert witness. Mr. Evyatar has agreed to serve as an expert and has already begun work. He expects that he can finalize his expert report by the second week of June.[1] Plaintiffs respectfully request that the Court grant them leave to file Mr. Evyatar's substitute expert report by this date.

---

[1] Defendant's letter complains that plaintiffs are seeking an "extension of infinite duration" to file the new report. This is not correct; our original letter did not give a date because Mr. Evyatar had just been contacted and had not yet had a chance to determine how much time he would need.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 16, 2013
Page 2

     Mr. Shaked is a crucial expert for the plaintiffs. Contrary to defendants' argument, Mr. Shaked is the *only* expert to opine on the casual connection between the defendants and the Hebrew University bombing that injured ten of the plaintiffs. Plaintiffs' other experts discuss *different* attacks and/or *different* elements of defendants' liability. Thus, were the Court to deny plaintiffs' application, those ten plaintiffs would be very severely prejudiced. By contrast, since Mr. Shaked's report was filed only very recently, and since expert depositions have not even begun and no trial date has been set, defendants will suffer no prejudice. Thus, there is no merit to defendants' claim that substitution is being sought at a "late date"; rather, the opposite is true.

     Courts routinely allow parties to substitute expert witnesses in comparable situations; indeed, substitution is generally allowed even when the expert becomes unavailable much later in the process. *See, e.g., Whiteside v. State Farm Fire & Cas. Co.*, No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) (noting that "[c]ourts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial" and collecting cases); *Stephenson v. Wyeth LLC*, No. 04-2312-CM, 2011 WL 4553051, at *2 (D. Kan. Sept. 29, 2011) ("Plaintiff notified the court in a timely manner after learning that [its original expert witness] no longer intended to participate. It does not appear that plaintiff's counsel was involved in [this] decision—and it would be improper to punish plaintiff for a change in circumstances beyond her control."); *Keffer v. Wyeth*, Civil Action No. 2:04-0692, 2011 WL 3843688, at *1 (S.D. W. Va. Aug. 26, 2011) (noting that "[t]he reasons for [the original expert's] withdrawal are essentially immaterial" because Fed.R.Civ.P. 16 focuses "on the diligence of plaintiff's counsel" and "plaintiff's counsel played no role in [the expert's] decision"); *Gavenda v. Orleans Cnty.*, No. 95-CV-0251E (SC), 1998 WL 136054, at *3 (W.D.N.Y. Mar. 10, 1998) (affirming magistrate judge's ruling permitting defendants to substitute their expert witness in part because defendants had demonstrated "their need to substitute [the proposed expert] in [the original expert's] place" and also noting that identification of the substitute expert was made "well before the '90 days before the trial date' deadline . . . established by [Fed.R.Civ.P. 26].").

     Defendants argue that substitution should be denied because of an alleged "overlap" among certain of plaintiffs' experts. This is not the time, however, to deal with any alleged overlap -- and refusing to allow the substitution of a new expert due to a health crisis is certainly not the appropriate way to deal with this issue. Obviously, at trial plaintiffs intend to present the actual testimony of their experts in an appropriate way that will prevent any unnecessary repetition, and the time to address any objections on the basis of duplication is at trial, not during discovery. *See U.S. v. Stein*, No. S1 05 Crim. 0888 (LAK), 2007 WL 3009650, at *5 (S.D.N.Y. Oct. 15, 2007) (deferring resolution of defendants' motion to preclude expert testimony on the grounds that such testimony was "likely to be irrelevant and duplicative" until a "more

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 16, 2013
Page 3

appropriate point during the trial"); *U.S. v. Mermelstein*, 487 F. Supp. 2d 242, 266 (E.D.N.Y. 2007) (denying defendant's motion to preclude certain expert testimony for being duplicative in part because the government represented that it would "curtail[ ] accordingly" the actual trial testimony of its expert witnesses and also noting that "[s]hould the government attempt to offer redundant expert testimony at trial, there is little doubt that defendant will have the opportunity to object . . . ."); *Giladi v. Strauch*, No. 94 Civ. 3976 (RMB)(HBP), 2001 WL 103553, at *1 (S.D.N.Y. Feb. 7, 2001) ("At this point, it is impossible to tell whether [defendant's proposed expert] . . . testimony will in fact be cumulative of other evidence in the case. Admissibility is more properly determined . . . at trial   . . . ."). Thus, the solution is not, as defendants contend, to throw out entirely the report of a crucial expert witness well before it is determined whether the testimony -- or any part of it -- will actually be unnecessarily duplicative at trial.

Finally, the Court should summarily reject defendants' argument that substitution should be denied on the grounds that Mr. Shaked allegedly lacked the credentials to present expert testimony. Most obviously, since Mr. Shaked has withdrawn, this claim is moot, and there is no basis for denying a request to substitute experts based on speculation regarding the new expert. Nor is there any merit to defendants' claim that substitution should be denied because the proposed testimony would merely "relay hearsay." The case cited by defendants found that expert testimony actually given at trial was not appropriate and does not even come close to providing authority to prevent the substitution of a new expert who has not yet relayed anything. There is simply no basis for this latest effort by defendants to prevent this case from being decided on the merits, rather than on procedural wrangling over discovery matters.

On the basis of the foregoing, plaintiffs respectfully request leave to file Mr. Evyatar's substitute expert report by the second week of June. We thank the Court for its assistance on this issue.

Respectfully yours,

Robert J. Tolchin
The Berkman Law Office, LLC
*Co-counsel for Plaintiffs*
*incoming co-counsel for Plaintiffs*

Respectfully yours,

Kent Yalowitz
Arnold & Porter, LLP
*Co-counsel for Plaintiff Varda Guetta, and*

Cc: Brian Hill, Esq.