# Exhibit 39

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (718) 855-4696

March 20, 2013

**BY EMAIL**
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
　　for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

　　　　Re:　*Sokolow et al. v. Palestinian Liberation Organization et al.*
　　　　　　Docket no. 04-CV-397 (GBD) (RLE)

Dear Magistrate Judge Ellis,

　　　　I write with an extremely urgent time-critical application regarding plaintiffs' March 25 expert disclosure deadline. For the reasons detailed below plaintiffs seek a brief enlargement of their time to serve *only three* of their expert reports (out of a total of more than 50 damages and liability expert reports), until April 10 – one week after the Passover holiday concludes.

　　　　**Plaintiffs respectfully emphasize that we will timely serve will approximately fifty other expert reports on or before the March 25 deadline, and that this application for a brief enlargement relates only to the remaining three reports.**

　　　　*Because plaintiffs' deadline is this Monday, March 25, plaintiffs respectfully request an expedited ruling.* Plaintiffs apologize to the Court for the urgency, which stems from our hesitancy to seek an enlargement until it became absolutely clear that one is necessary.

　　　　Plaintiffs have sought defendants' consent regarding this application. Defendants refused to agree.

　　　　This Court issued an order on February 26, 2013 setting plaintiffs' expert disclosure deadline for March 25, 2013. Plaintiffs have been working diligently to complete the reports for quite some time now. The damages expert reports—including medical, mental health and economic reports from a

THE BERKMAN LAW OFFICE, LLC

June 4, 2012

Page 2 of 3

physiatrist, a psychiatrist and two economists in a case with over 40 plaintiffs—are nearly done. *Forty seven* of these reports will be timely produced to defendants on or before March 25.

Additionally, plaintiffs' liability experts have been making enormous efforts to timely complete their reports. All but three of them will be finished in time and will be produced to defendants on or before March 25.

However, three of plaintiffs' experts have notified us that it will be extremely difficult or impossible for them to complete their reports by Monday. The reasons provided by them are as follows:

**First**, the three reports deal primarily with the specifics of the seven attacks at issue in this lawsuit and their perpetrators. Those reports rely heavily on some 850 pages of Arabic-language documents produced by defendants from their own records, of which about 600 pages were untimely produced by defendants after discovery closed—**500 Arabic-language pages were produced in the last 6 weeks and another 100 pages were produced in the last month**.[1]

Notably, virtually all of these documents are internal PA and PLO records regarding their employment of the terrorist perpetrators as security officers prior to the attacks, and defendants' provision of salaries, benefits and promotions to these terrorists after, and as a reward for, the attacks. Thus, these documents, which defendants intentionally withheld until after the discovery deadline, are crucial to showing their *respondeat superior* liability in this case.

Plaintiffs' experts have made intensive and extraordinary efforts to translate, review and digest this massive quantity of foreign-language documents, and integrate them into their expert reports, but despite their best efforts three of the experts still require a brief extension of time to finish their reports.

**Second**, the delays caused by the late-produced documents are exacerbated by the Passover holiday, which begins the evening of March 25, and runs through April 2. Meeting a deadline by Passover eve is at least as difficult as meeting a deadline on Christmas Eve. Passover is an extremely work-intensive holiday, requiring literally weeks of preparation. The holiday itself lasts a week

---

[1] Defendants produced *a mere 80 pages* of English translations of these 600 untimely-produced Arabic-language documents, and only did so on February 20.

THE BERKMAN LAW OFFICE, LLC

June 4, 2012

Page 3 of 3

beginning with the Passover Seder on the night of March 25. Most of Israel (where the experts in question live) shuts down during this week and even the week before. The schools, for example, have been closed since March 15 and will not reopen until April 3. The experts have family visiting, children off from school who must be cared for, will be traveling or are already traveling for the holiday. Moreover, my office is closed on March 26-27, and April 1-2, and I will personally be away on Passover vacation with my wife and six children from March 25 – April 3.

Because our experts' reports were already delayed by defendants' late production of documents and we are now heading into the holiday, three of plaintiffs' experts have beseeched counsel to obtain for them an extra week after the Passover holiday to complete their reports.

**Third,** one of the three experts was further delayed this past week as his very elderly mother had to be hospitalized. He has notified plaintiffs' counsel that he requires an extension for this reason as well.

Therefore, plaintiffs respectfully and urgently move this Court to grant a short extension until April 10—one week after the end of the Passover holiday—to file 3 of their expert reports. Again, plaintiffs will be timely serving some 50 other expert reports, and seek a brief extension for three reports only.

Plaintiffs consent to any fair extension defendants might require as a result in order to respond to these three reports. However, given the number of other damages and liability reports the defendants will have to work on by the existing deadline, the defendants will have plenty to do and cannot genuinely claim to be prejudiced by an extension to April 10 for these last three experts' reports.

Plaintiffs are grateful for the Court's urgent attention to this matter. I thank the Court, as always, for Your Honor's time and consideration.

Respectfully yours,

Robert J. Tolchin

cc: Brian Hill, Esq.