

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

May 13, 2014

BY ECF
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

      I write in response to Plaintiffs' letter to Your Honor dated May 6, 2014 in which Plaintiffs ask the Court to "strike 362 paragraphs from defendants' Rule 56.1 statement." Letter from Kent A. Yalowitz to the Hon. George B. Daniels at 1 (May 6, 2014) ("Pls.' Letter"). For the reasons that follow, the Court should deny Plaintiffs' request.

      Plaintiffs' first complaint is that Defendants have "flouted" Local Rule 56.1 by leaving out certain citations to evidence. Plaintiffs are incorrect. In its Rule 56.1 statement, a party moving for summary judgment must cite admissible evidence in support of "the material facts as to which the moving party contends there is no genuine issue to be tried," Local Civ. R. 56.1(a), (d). Otherwise, it may identify the facts as to which there is no admissible evidence. *See Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (holding that at summary judgment the moving party need only "point to a lack of evidence") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) and *Virgin Atl. Airways Ltd. v. British Airways PLC,* 257 F.3d 256, 273 (2d Cir. 2001)). If Plaintiffs believe they have admissible evidence that controverts the assertions made in Defendants' Rule 56.1 statement, it is now their burden to identify it "in order to avoid summary judgment." *Id.* (citing *Celotex,* 477 U.S. at 322-23); *see also* Local Civ. R. 56.1(b)-(d) (providing that each paragraph of Defendants' statement of material facts "will be deemed admitted" unless Plaintiffs cite admissible evidence for each material fact as to which they contend there exists a genuine issue to be tried).

      Plaintiffs also describe Defendants' Rule 56.1 statement as "massive," *see* Pls.' Letter at 2, and they imply that Defendants intentionally made it lengthy to "mire plaintiffs and the Court in a morass of useless busywork." *Id.* at 1. Plaintiffs are again incorrect. Defendants' Rule 56.1 statement is long because Plaintiffs have combined seven incidents in one lawsuit and they have not narrowed their theories of liability. Thus, Defendants' statement is a direct result of the manner in which Plaintiffs themselves pled their own case.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1425891.1



Hon. George B. Daniels
May 13, 2014
Page 2

    Accordingly, Plaintiffs' application should be denied. Defendants will be happy to respond to any issues or questions the Court may have regarding the foregoing and appreciate the Court's consideration of this letter.

                                      Sincerely,

                                        Brian A. Hill

cc: All ECF Counsel (by email)

Miller & Chevalier Chartered

1425891.1