# EXHIBIT A

```
                                                                    1
         E4bgsokc
   1     UNITED STATES DISTRICT COURT
   1     SOUTHERN DISTRICT OF NEW YORK
   2     ------------------------------x
   2
   3     MARK I. SOKOLOW, et al.,
   3
   4                   Plaintiffs,
   4
   5              v.                               04 CV 00397(GBD)
   5
   6     PALESTINIAN LIBERATION
   6     ORGANIZATION, et al.,
   7
   7                   Defendants.
   8
   8     ------------------------------x
   9                                               New York, N.Y.
   9                                               April 11, 2014
  10                                               2:00 p.m.
  10
  11     Before:
  11
  12                     HON. GEORGE B. DANIELS,
  12
  13                                      District Judge
  13
  14                          APPEARANCES
  14
  15     ARNOLD & PORTER, LLP
  15          Attorneys for Plaintiffs
  16     KENT YALOWITZ
  16     KEN HASHIMOTO
  17     PHILIP HORTON
  17     TAL MACHNES
  18
  18     MILLER & CHEVALIER CHARTERED
  19          Attorneys for Defendants
  19     LAURA FERGUSON
  20     BRIAN HILL
  20     MARK ROCHON
  21
  22
  23
  24
  25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

91

E4bgsokc

1  Your Honor is upset about one box. They have
2  designated 35,000 pages of trial exhibits for this matter. We
3  have to sift through that, identify what we think is actually
4  going to be pertinent to summary judgment and move on that so
5  you can make evidentiary rulings about whether those are
6  admissible.
7  THE COURT: The first thing I want you to do is I want
8  the plaintiffs to give you a list of the exhibits that they
9  intend to offer and on what basis they intend to lay the
10  foundation for their admissibility.
11  In response to that, I want you to respond, document
12  by document, as to whether you have an objection or you have an
13  objection to the foundation that they intend to lay. I want
14  you to exchange that between each other first and then let's
15  see what's what. Now, everything may be left, but I want you
16  to go through that process first.
17  With regard to the experts, I don't know what other
18  motions in limine you want to make other than the foundation
19  admissibility of their documents and the seven experts.
20  MR. HILL: The categories I was thinking of were the
21  documents we have produced, the documents they allegedly
22  obtained from a military tribunal in the West Bank, which is
23  called the Israeli Military Court for Judea and Samaria.
24  THE COURT: That should be on that list.
25  MR. HILL: That's only a very small part of their

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                                    94
     E4bgsokc
 1   using this document, that the document is admissible for that
 2   purpose.  You should go through that process first.
 3            Is the plaintiff in a position to do that?
 4            MR. YALOWTIZ:  To give a document-by-document
 5   explanation of our foundation?
 6            THE COURT:  Or what you want from them.
 7            All you have to do is give them the list because
 8   sooner or later, I may want to look at that list.  I just want
 9   a list of what documents you want to use at trial and on what
10   basis you want that document to be admitted.  If there's some
11   concession or stipulation from them, then you put that on the
12   list.  Then they can go through it and they can agree and
13   disagree.
14            If you have some other documents that you
15   independently are going to authenticate, business records or
16   records of individuals, then you can dispense with their
17   cooperation and you can say that on your list; then I can know
18   what you're fighting about.
19            But I'm not going to give either one of you carte
20   blanche to basically say, well, Judge, force them to agree to
21   every document I want to put in or for them to just simply say
22   we're not going to agree that a genuine document that we
23   produced to them or represented to them, that that was the
24   document that they requested and we know that that's the
25   authentic document, that they're just simply going to say,
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                  96
     E4bgsokc
 1   tell me what the document is, what's the basis on which you can
 2   or can't authenticate it, and what objection they have to the
 3   admissibility of the document.
 4            I need a list; I don't need a brief.
 5            MR. YALOWTIZ:  Where we run into a problem is on
 6   documents that the defendants themselves produced.
 7            THE COURT:  I understand.
 8            MR. YALOWTIZ:  There, we did write to them and said
 9   here are the documents, you produced them, will you please
10   stipulate that they are authentic and that they're not
11   excludable hearsay.  We gave them a letter explaining it.
12            THE COURT:  I understand.
13            MR. YALOWTIZ:  They wrote us back a one-page letter
14   saying, politely, pound of sand.  Then we need to take the next
15   step and we have done that.
16            THE COURT:  What I want is your complete list.
17            MR. YALOWTIZ:  Glad to do it.
18            THE COURT:  I want to know on what basis did you want
19   to or can admit the document.
20            Whether you can or can't do it without their
21   cooperation, I want a response to them which says I have an
22   objection to this one, we won't have an objection to this one,
23   so I can just narrow the field.
24            If they want to object to everything, they have the
25   right to do so, and I'll deal with that if that's the way it's
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    97
      E4bgsokc
 1    presented to me.  But I suspect that someone will stand up to
 2    me and you will give me a rational, reasonable basis why you
 3    need some assistance in admitting your own documents.
 4              They'll give me a rational, reasonable basis why they
 5    object to the admissibility of the document because there's
 6    some general dispute with regard to the admissibility of the
 7    document.
 8              You make that list and whether or not your list says I
 9    need your stipulation or if I don't need your stipulation, this
10    is the way I intend to do it, I want them to respond as to
11    whether they'll have an objection to its admissibility or not
12    so I can at least figure out how to streamline this trial, too.
13    I don't need those kinds of witnesses.
14              I don't need somebody who watches hours of Al Jazeera
15    TV.  I need somebody where, if there's a general dispute about
16    what this is, that we can fight about it if it is what it is.
17    No one needs to sit here through those kinds of foundational
18    witnesses.
19              To the extent they will say to you that they are not
20    going to object to it and they will stipulate to its
21    admissibility, then you put that aside and that's what you
22    have.  To the extent they say they won't, then you can put that
23    aside.  They should tell you whether they're going to stipulate
24    to its admissibility.  They should tell you if they're not
25    going to stipulate to its admissibility.  They should tell you
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                      98
         E4bgsokc
1    if they're going to object to its admissibility.
2               That's the response I want, that to you from them.
3               MR. YALOWTIZ:  They have done that, because in the
4    JPTO process, we gave them our exhibit list.  In accordance
5    with your Honor's individual practices, they identified those
6    documents that they don't have an authenticity objection to,
7    and they identified the documents they don't have any objection
8    to.  We did the one star/two star thing.  And there's basically
9    no documents that they don't object to.
10              In addition to that, they filed on the document a
11   little coded objection list so that they show for every
12   document what all of their objections are.  They have been very
13   thorough in saying all of their objections:  Incomplete, Rule
14   403, this, that, and the other thing.
15              THE COURT:  I'm not particularly interested in having
16   that discussion with either one of you.  I want you to put
17   together the list and give it to them, again not for their
18   benefit, but for my benefit, because when we're going to have
19   to go through those issues, I'm just going to go down that
20   list.  If you tell me that you have a video and your list says
21   that you have this person, if necessary, to bring in to
22   authenticate it, then I can very quickly make a determination
23   whether that's worth it or they're entitled to it.
24              If they want to fight about everything, they can, but
25   in light of this discussion, I would hope that they would be a
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

```
                                                                    99
        E4bgsokc
 1      little bit more discriminating in terms of what it is, is it
 2      really worth fighting about, and what's not worth fighting
 3      about in regards to the authenticity and admissibility of
 4      exhibits.
 5                MR. YALOWTIZ:  I would hope so, too, your Honor.
 6                Truthfully, the only thing I feel we need the Court's
 7      assistance with is these documents, the defendants' own
 8      documents, because, for example, with the videos, I'm going to
 9      have my expert or my summary witness either one, say, okay, let
10      me give you some examples of the kind of incitement we see, and
11      he'll play them.  If there's an objection to the video coming
12      in, they can make their objection on the basis of foundation
13      and the guy can give a minute of testimony.
14                To me, this is something that doesn't need 250 pages
15      of briefing or even one page of briefing.  It's kind of
16      ordinary trial practice.  Of course, if it's to the benefit of
17      the Court, I'll be glad to give a list of what our foundation
18      is for each document and what our basis is that it's not
19      hearsay or that it's admissible as an exclusion.
20                THE COURT:  I'd like to see the exchange of that list
21      between the parties.  To the extent that I have to address it,
22      I'd like to address it after that by utilizing that list in
23      that response.
24                MR. YALOWTIZ:  My fundamental problem with the
25      defendants' approach is what they want to do is instead of
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```