# EXHIBIT H

## Hill, Brian

| | |
|---|---|
| **From:** | Hill, Brian |
| **Sent:** | Thursday, April 17, 2014 11:25 AM |
| **To:** | Yalowitz, Kent A.; Romeo, Carmela; Horton, Philip W.; McMillan, Lucy S.; Pildis, Sara K.; Machnes, Tal; Hashimoto, Ken L.; Kientzle, Michael; 'Robert Tolchin'; Mordechai Haller; Rachel Weiser |
| **Cc:** | Ferguson, Laura; Rochon, Mark; Hibey, Richard |
| **Subject:** | RE: Sokolow v. PA/PLO |

Kent,

We have now had an opportunity to review the April 11 hearing transcript. Judge Daniels expressed a clear preference for not deciding the authenticity and admissibility of the 177 documents by motion at this time. Instead, he outlined a preliminary process for the parties to undertake. See 4/11/14 Hearing Tr. at 96:18-98:2, 98:15-99:4, 99:20-23. At the very least, the deadline for our opposition should be indefinitely extended until Judge Daniels "see[s] the exchange of that list between the parties," and decides whether and to what extent he needs to address the motion. Tr. at 99:20-23. To the extent that the parties do not have a similar view of Judge Daniels' expectations on Plaintiffs' pending motion in limine, we propose a joint call to his clerk to determine whether, in light of the hearing, (1) Plaintiffs' should withdraw the motion; (2) the motion should be stayed indefinitely; or (3) Defendants should file their opposition as normally due.

With regard to your request for "what information defendants do not have about the 177 documents that would be material in reconsidering your refusal to stipulate that the 177 documents are authentic and not excludable hearsay," we need the following information, which is also essential for Judge Daniels to rule on any authenticity and admissibility issues:

1. A description of what Plaintiffs, as proponents, "claim the exhibit is." FRE 901(a). In previous lists, Plaintiffs have generally provided only an exhibit number and bates number.

2. The identity of the "witness with knowledge" whom Plaintiffs can and will call as a witness at trial to authenticate the exhibit in the absence of a stipulation of authenticity by Defendants. FRE 901(a)(1).

3. If Plaintiffs intend to establish the authenticity of the exhibit through a means other than a "witness with knowledge" under FRE 901(a)(1), a disclosure of the means by which Plaintiffs intend to authenticate the exhibit.

4. A statement of whether Plaintiffs contend that the exhibit is self-authenticating within the meaning of FRE 902, and an identification of the specific grounds, witnesses and evidence on which Plaintiffs will rely in establishing such self-authentication.

5. A disclosure of each "statement" within the exhibit that Plaintiffs contend is admissible in evidence (FRE 801(a)), including the specific "assertion" that Plaintiffs' contend is contained in the "statement." FRE 801(a) (definition of "statement" as containing an "assertion"); see also FRE 801(c)(2) (defining "hearsay" as a "statement" which the proponent offers for the truth of the matter "asserted" in the "statement"); FRE 805 (providing that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

1

6. Identification of the "declarant" who made each such "statement" and "assertion." FRE 801(b).

7. A statement of whether the identified "declarant" is "available" or "unavailable" to testify at trial. FRE 804(a).

8. A disclosure, as to each such "statement," of whether Plaintiffs contend the "statement" is non-hearsay within the meaning of FRE 801(d), the basis under FRE 801(d) for contending the statement is non-hearsay and the evidence (including any witnesses) Plaintiffs intend to present to establish such basis under FRE 801(d)(2).

9. If Plaintiffs do not contend that such a "statement" is non-hearsay and instead contend it is "hearsay" (FRE 801(c)), identification of the specific exception(s) to the hearsay prohibition rule (FRE 802) on which Plaintiffs intend to rely in seeking admission of the "statement" in evidence. FRE 803, 804.

10. Identification of any witnesses and evidence Plaintiffs intend to present in order to establish each element of each hearsay exception on which Plaintiffs intend to rely in seeking admission of the "statement." FRE 803, 804.

11. A statement of whether Plaintiffs intend to rely on the "residual exception" to the hearsay prohibition rule in seeking admission of the "statement," and, if so, identification of any witnesses and evidence Plaintiffs intend to present in order to establish admissibility of the "statement" under FRE 807.


Regards,

Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801


**From:** Yalowitz, Kent A. [mailto:Kent.Yalowitz@APORTER.COM]
**Sent:** Wednesday, April 16, 2014 4:44 PM
**To:** Hill, Brian; Romeo, Carmela; Horton, Philip W.; McMillan, Lucy S.; Pildis, Sara K.; Machnes, Tal; Hashimoto, Ken L.; Kientzle, Michael; 'Robert Tolchin'; Mordechai Haller; Rachel Weiser
**Cc:** Ferguson, Laura; Rochon, Mark; Hibey, Richard
**Subject:** RE: Sokolow v. PA/PLO

Brian,

Due to the Holiday, we have not been in touch with several of our colleagues, so we will not have a response to your request before tomorrow.

Further, although we have not reviewed the transcript yet, we do not recall Judge Daniels asking that the parties hold off on briefing of the issue of the admissibility of defendants' own documents that they

2

produced. In any event, you should be aware that we expect to deliver, this week, the chart Judge Daniels requested with respect to the 177 documents at issue in the motion, so the absence of the chart should not delay your ability to respond to the motion.

Finally, it would be helpful in understanding defendants' position if you could articulate what information defendants do not have about the 177 documents that would be material in reconsidering your refusal to stipulate that the 177 documents are authentic and not excludable hearsay.

Best,

Kent

Kent A. Yalowitz
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Telephone: +1 212.715.1113
Kent.Yalowitz@aporter.com
www.arnoldporter.com

**From:** bhill@milchev.com
**Sent:** Tuesday, April 15, 2014 1:44 PM
**To:** Romeo, Carmela; Yalowitz, Kent A.; Horton, Philip W.; McMillan, Lucy S.; Pildis, Sara K.; Machnes, Tal; Hashimoto, Ken L.; Kientzle, Michael; 'Robert Tolchin'; Mordechai Haller; Rachel Weiser
**Cc:** Ferguson, Laura; Rochon, Mark; Hibey, Richard
**Subject:** RE: Sokolow v. PA/PLO

Counsel,

Although we have not yet obtained the transcript from Friday's hearing in this matter, it is apparent to us from Judge Daniels' comments at the hearing that he does not want briefing on the issues raised by the motion attached to the email below until such time as the parties have completed the procedure regarding Plaintiffs' trial exhibits which he described at the hearing.

Accordingly, we suggest that Plaintiffs withdraw the motion attached to the email below without prejudice. I know that some of you are likely to be out of the office today for the Passover holiday, but would one of you please let us know by close of business tomorrow if you are willing to do so?

Regards,


Brian A. Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
Business: (202) 626-6014
Facsimile: (202) 626-5801

3

**From:** Romeo, Carmela [mailto:Carmela.Romeo@aporter.com]
**Sent:** Wednesday, April 09, 2014 12:28 PM
**To:** Hill, Brian; Ferguson, Laura; Rochon, Mark; Hibey, Richard
**Cc:** Yalowitz, Kent A.; Horton, Philip W.; McMillan, Lucy S.; Pildis, Sara K.; Machnes, Tal; Hashimoto, Ken L.; Kientzle, Michael; 'Robert Tolchin'; Mordechai Haller; Rachel Weiser
**Subject:** Sokolow v. PA/PLO

Counsel:

Please find attached plaintiffs' memorandum of law in support of their motion to overrule defendants' authenticity and hearsay objections to certain of plaintiffs' proposed trial exhibits. You will shortly be receiving a link to an FTP site, containing the appendix to plaintiffs' memorandum (index attached).

A copy of this motion is being hand delivered to Judge Daniels today.

Thanks,
Carmela


Carmela T. Romeo
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Telephone: +1 212-715-1195
carmela.romeo@aporter.com
www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here
http://www.arnoldporter.com

4