# EXHIBIT K



MILLER
CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

May 15, 2014

VIA EMAIL
Kent A. Yalowitz, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Kent:

I am writing in response to your letters dated April 23, 20114 and April 28, 2014 regarding the 177 of Plaintiffs' proposed trial exhibits that are the subject of Plaintiffs' pending Motion to Overrule Objections ("Motion to Overrule").

As you know, Plaintiffs filed the Motion to Overrule on April 9, 2014. At the April 11, 2014 hearing, the Court directed the parties to engage in a process for addressing authenticity and admissibility issues prior to the filing of any motions relating thereto. *See* Hr'g Tr. at 91:7-16 ("I want the plaintiffs to give you a list of the exhibits . . .and on what basis they intend to lay the foundation for their admissibility. . . . I want [Defendants] to respond document by document, as to whether you have an objection."); DEs 419, 456. Following the hearing, on April 15, Defendants sent Plaintiffs an email suggesting that, in light of the Court's comments at the April 11 hearing, Plaintiffs should withdraw their Motion to Overrule without prejudice pending the parties' implementation of the process required by the Court. On April 16, Plaintiffs did not agree to withdraw the Motion to Overrule, stated their intent to comply with the process described by the Court, indicated they would be providing a chart to Defendants regarding the 177 proposed trial exhibits and asked Defendants to identify what information from Plaintiffs was necessary to comply with the Court's required process. Regarding the latter request, on April 17, Defendants provided Plaintiffs with a detailed list of information that would be necessary for the Court and Defendants to address the authenticity and admissibility of the 177 proposed trial exhibits under the applicable evidentiary rules. Plaintiffs did not communicate with Defendants regarding Defendants' April 17 list of required information. Rather, on April 23, Plaintiffs sent Defendants a letter enclosing a "list" regarding the 177 proposed trial exhibits and arguing that the issue of withdrawing the Motion to Overrule was moot. Plaintiffs' April 23

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com  1428430 1



MILLER
CHEVALIER

list did not come close to providing all of the types of information described in Defendants' April 17 email. On April 28, Plaintiffs sent us a revised version of the April 23 list. Plaintiffs have not sent us a further revised list containing all of the information Defendants identified, at Plaintiffs' request, in Defendants' April 17 email. By Order dated April 25, 2014 (DE 480), Defendants' response to Plaintiffs' Motion to Overrule is due May 16.

Stating the obvious, Plaintiffs' April 28 revised list does not provide all of the types of information that Defendants' identified, at Plaintiffs' request, in Defendants' April 17 email. For example, the list does not even indicate, with respect to each proposed trial exhibit, what Plaintiffs "claim" the exhibit specifically is, see Fed R. Evid. 901(a), or identify the "statement(s)" in each exhibit document that they claim is admissible, see id. 801(a). Whether the omission of such information was intentional or an oversight, Defendants cannot assess whether it would be proper to withdraw their objections to any of the 177 proposed trial exhibits based on the limited information provided by Plaintiffs. As a result, in compliance with the procedure set forth by Judge Daniels, Defendants are notifying Plaintiffs that Defendants continue to maintain their objections to these proposed trial exhibits and will file their response to the Motion to Overrule on May 16.

We remain willing to discuss these issues after you have an opportunity to review our May 16 response.

Sincerely,

Brian A. Hill