# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PALESTINIAN LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | Civil Action No. 04-397 (GBD) (RLE) |

## DECLARATION OF MAJED FARAJ

Pursuant to 28 U.S.C. § 1746, I, Majed Faraj, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I currently reside in the city of Ramallah, in the State of Palestine.

2. I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3. I am currently the Head of Intelligence for the General Intelligence Service ("GIS") of the State of Palestine, formerly the Occupied Palestinian Territory, or Palestinian Authority ("PA").

4. I understand that Plaintiffs in the above captioned action have requested all files in possession of the PA (now, the State of Palestine) relating to the following individuals:

   - Nasser Shawish
   - Mohammad Hashaika
   - Abdel Karim Aweiss
   - Sana' Shehadeh
   - Kahira Saadi

1

1334903.1

- Marwan Barghouti
- Ahmad Taleb Mustapha Barghouti
- Abdullah Barghouti
- Ibrahim Hamed
- Mohammad Hassan Ahmad Arman
- Wael Mahmoud Mohammad Ali Qasam
- Walid Abdel Aziz Abdel Hadi Anjas
- Mohammad Aschak Odeh
- Wisam Said Abbasi
- Ali Munir Ja'ara
- Abdel Rahman (Zaher) Yousuf Abdel Rahman Makdad
- Ahmad Salah Ahmad Salah
- Halmi Abdel Karim Hamash
- Ahmad Mohammad Ahmad Sa'ad
- Mohammed Issa Mahmoud Ma'ali
- Ali Mohammad Hamed Abu Halail
- Ahmad Abu Radab
- Said Ramadan
- Majed Al-Masri
- Mohammad Abdel Rahman Salam Maslah
- Naser Aweiss
- Faras Sadak Mohammed Ghanem
- Mohammad Sami Ibrahim Abdullah

2

- Sa'id Awada
- Naef Abu Sharkh
- Mazen Faritakh
- Kamal Eddin Musa el Abed

5. Pursuant to Chapter II, Article 9 of the General Intelligence Law No. 17 of 2005 of the Palestinian Authority (now, the State of Palestine) (the "General Intelligence Law") the GIS performs numerous functions including:

   a. Taking measures to "prevent acts that may endanger the security and safety of Palestine…"; and

   b. "Reveal[ing] external dangers which may jeopardize the Palestinian national security in the fields of espionage, collusion and sabotage, and any other acts which may threaten the unity, security, independence, and resources of the homeland."

6. In executing these functions, the GIS maintains security files on some, but not all, Palestinians.

7. The GIS maintains these files, among other reasons, in order to help monitor security-related allegations made by Israel, ensure security within the Occupied Palestinian Territories (now, the State of Palestine), monitor militant or subversive activities within the Occupied Palestinian Territories (now, the State of Palestine), engage in law enforcement activities, and execute its functions under the General Intelligence Law.

8. The information in the files is collected through numerous means, including through public sources, GIS agent investigative fieldwork, interrogations, and confidential sources and informers. With respect to persons who have been charged and/or convicted

1334903.1

by Israel with security-related offenses, the information in the files often includes or consists of allegations or charges made by Israel against those persons, which the GIS has neither confirmed nor officially adopted as true.

9. In response to Plaintiffs' request, I directed my staff to collect files relating to the individuals listed in ¶ 4. As a result, documents were located for persons that I believe match one or more of the names of nearly all the individuals described in paragraph ¶ 4. In some cases, in response to our attorneys' inquiries, my staff created entries in files that summarize the status of a particular individual or sent correspondence related to the request.

10. I have personally reviewed these files and conclude they constitute State Secrets of the Palestinian Authority (now, the State of Palestine), and I am invoking the State Secrets Privilege on behalf of the State of Palestine.

11. I understand that this affidavit will be public, and I have therefore described many of the below concerns generally, so as not to compromise the very information that ought to be held confidential. I am willing to provide a more detailed affidavit to the Court, should such an affidavit be kept under seal by the Court.

12. Revealing information contained in the files including, but not limited to, the identity of confidential sources, the methods of intelligence collection, and the identity of security suspects identified by the GIS (other than those individuals listed in Plaintiffs discovery requests), would directly threaten GIS's role in securing the homeland because it would endanger the security and safety of Palestinian nationals and potentially subject Palestinian nationals to external dangers, and reveal intelligence methods regarding dangers such as espionage, collusion and sabotage, all in direct contradiction of the

1334903.1

General Intelligence Law. Furthermore, disclosure of this information would potentially reveal GIS intelligence methods to foreign powers and increase the likelihood of security threats from foreign powers.

13. The files additionally contain information relating to GIS law-enforcement investigations, and therefore I am also invoking the Law Enforcement Privilege on behalf of the PA (now, the State of Palestine).

14. The information contained in the files includes information relating to GIS investigatory techniques and law enforcement investigations and should not be disclosed. The success of GIS's investigations depends on the confidentiality of these files and the sources located within them. Specifically, disclosure of these files would:

   a. Expose GIS intelligence gathering and analysis techniques;
   b. Expose the identity of GIS informants, officers, and security suspects;
   c. Undermine the privacy of the subjects of the files as the files contain personal information relating to the subject of the file, such as the names of their family members and friends, political affiliations, and occupations; and
   d. Impair the ability of the GIS to conduct future investigations

15. Moreover, like files maintained by intelligence and security forces in other countries, the information contained in the files is not necessarily completely reliable or accurate. Rather, the files contain information that is often collected from sources outside of the PA (now, the State of Palestine) that are of varying degrees of reliability. This information may or may not be true and may or may not be based on first-hand knowledge.

16. The files do not contain any information which would suggest the PA (now, the State of Palestine) or PLO had advance knowledge or information regarding any of the attacks at issue in this matter.

17. Disclosure of this information to third parties could compromise the GIS's intelligence gathering and law enforcement abilities and result in the disclosure of sensitive intelligence and law enforcement information.

18. Various provisions of the General Intelligence Law generally prohibit and criminalize the disclosure of GIS intelligence information, including the identities of informants or information provided by such informants. Specifically, Chapter I Article 7.2 of the General Intelligence Law states:

> The Head of Intelligence shall be accountable to the President or the person whom he may authorize to maintain the confidentiality of the work of the Intelligence, the information and the means of accessing it, and its sources. Investigations or information of the Intelligence may not be viewed except by special permission of the President or the person whom he may authorize.

Chapter VII, Article 30, of General Intelligence Law states:

> Information regarding the regulation of the Intelligence and its activities, functions, documents, headquarters and properties and the data of its members shall be a secret of national security, the revealing of which is prohibited. Such shall apply to any member of the Intelligence and those working by special contracts, even following the expiration of their service.

and Chapter VII, Article 31 of the General Intelligence Law states:

> Any person who deviates from the requirements of the functional obligation, or commits any of the prohibited acts set forth under this law and its bylaw, or appears in manner that violates the dignity of the function and its requirements shall be punished pursuant to the *Penal Law* in force.

1334903.1

19. Based on the foregoing, I request that this Court permit the PA (now, the State of Palestine) to withhold production of these documents pursuant to the State Secrets and Law Enforcement Privileges.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this ___ day of May 2013, in the State of Palestine.

_____
Majed Faraj

1334903.1

<div dir="rtl">

المحكمة الإقليمية للولايات المتحدة

لإقليم جنوب نيويورك

مارك آي. سوكولو وآخرون )
)
)
مدّعون، )
)
ضد    قضية مدنية رقم (RLE) (GBD) 04cv397 )
)
منظمة التحرير الفلسطينية وآخرون )
)
مدعى عليهم. )

### شهادة ماجد فرج

وفقاً للفقرة 1746 من المادة 28 من قانون الولايات المتحدة، أشهد أنا ماجد فرج، تحت طائلة عقوبة الشهادة الزور حسب قوانين الولايات المتحدة الأمريكية، بما يلي:

1. أقيم حالياً في رام الله، دولة فلسطين.

2. أبلغ من العمر أكثر من ثمانية عشر عاماً وأنني مؤهل للإدلاء بهذه الشهادة. باستثناء ما ينص على خلاف ذلك في هذه الوثيقة، فإن الوقائع المدرجة أدناه تستند على معلوماتي الشخصية.

3. أنا حالياً رئيس جهاز المخابرات العامة ("الجهاز") لدولة فلسطين، سابقا الأراضي الفلسطينية المحتلة، أو السلطة الوطنية الفلسطينية ("السلطة").

4. أدرك أن المدعين في القضية المذكورة أعلاه قد طلبوا كل الملفات التي بحوزة السلطة الفلسطينية (الآن دولة فلسطين) والمتعلقة بالأشخاص التالية أسماؤهم:

- ناصر شاويش
- محمد حشايكة

</div>

- عبد الكريم عويس
- سناء شحادة
- قاهرة السعدي
- مروان برغوثي
- أحمد طالب مصطفى برغوثي
- عبدالله برغوثي
- إبراهيم حامد
- محمد حسن أحمد حسن عرمان
- وائل محمود محمد علي قاسم
- وليد عبد العزيز عبد الهادي أنجاص
- محمد إسحق عودة
- وسام سعيد عباسي
- علي منير جعارة
- عبد الرحمن (زاهر) يوسف عبد الرحمن مقداد
- أحمد صلاح أحمد صلاح
- حلمي عبد الكريم هماش
- أحمد محمد أحمد سعد
- محمد عيسى محمود معالي
- علي محمد حامد أبو هليل
- أحمد أبو رضب
- سعيد رمضان
- ماجد المصري

- محمد عبد الرحمن سلام مصلح
- ناصر عويس
- فراس صادق محمد غانم
- محمد سامي إبراهيم عبدالله
- سائد عواضة
- نايف أبو شرخ
- مازن فريتخ
- كمال الدين موسى العبد

5. . طبقاً للمادة (9) من الفصل الثاني من قانون المخابرات العامة رقم 17 للعام 2005 للسلطة الوطنية الفلسطينية (الآن، دولة فلسطين) (قانون المخابرات العامة)، يقوم الجهاز بعدد من المهام التي تشمل:

أ.   اتخاذ الإجراءات لمنع وقع الأعمال التي قد تهدد أمن وسلامة فلسطين، و

ب. "الكشف عن المخاطر الخارجية التي قد تهدد الأمن الوطني الفلسطيني في مجال التجسس والتخابر والتخريب وأي أعمال أخرى قد تهدد وحدة أو أمن أو استقلال أو موارد الوطن."

6.   من خلال تنفيذ هذه المهام، يحتفظ الجهاز بملفات أمنية لبعض الفلسطينيين وليس جميعهم.

7.   يحتفظ الجهاز بهذه الملفات، من بين أسباب أخرى  لغرض متابعة الأدعاءات الأمنية من قبل اسرائيل ، وضمان الأمن في الأراضي الفلسطينية المحتلة (الآن، دولة فلسطين)، ومراقبة النشاطات المتطرفة والتخريبية في الأرض الفلسطينية المحتلة (الآن، دولة فلسطين)، وممارسة نشاطات إنفاذ القانون وتنفيذ مهامه وفقاً لقانون المخابرات العامة.

8.   يتم جمع المعلومات المتوفرة في الملفات من خلال وسائل متعددة، بما في ذلك المصادر العامة والتحريات التي يقوم بها عملاء الجهاز ميدانياً والتحقيقات والمصادر السرية والمخبرين.  فيما يتعلق

بالأشخاص الذين اتهموا و/أو أدينوا من قبل اسرائيل بجرائم متعلقة بالأمن، فإن المعلومات الواردة في الملفات غالباً ما تتضمن او تتكون من ادعاءات او اتهامات اختلقتها اسرائيل ضد هؤلاء الأشخاص، والتي لم يؤكد الجهاز عليها او يعتمدها على أنها صحيحة بشكل رسمي.

9. استجابة لطلب المدعين، أمرت موظفي مكتبي بجمع الملفات المتعلقة بالأفراد المدرجين في الفقرة 4. كنتيجة لذلك، وُجدت وثائق لأشخاص أعتقد أنها تتطابق مع واحد أو أكثر من أسماء ما يقارب جميع الأفراد المدرجين في الفقرة 4. في بعض الحالات، وذلك ردا على استفسارات محامينا، أدخل موظفو مكتبي بيانات في الملفات التي تلخص حالة فرد معين أو إرسالها ضمن المراسلات المتعلقة بالطلب.

10. قمت شخصياً بمراجعة هذه الملفات وقررت أنها تمثل أسرار دولة بالنسبة للسلطة الوطنية الفلسطينية (دولة فلسطين الآن)، فإني هنا أمارس حق عدم الإفشاء عن أسرار الدولة بالنيابة عن دولة فلسطين.

11. إنني أدرك أنه يمكن أن يتم الإعلان عن هذا البيان بصورة علنية، وعليه فإنني وصفت العديد من القضايا بشكل عام، وذلك حتى لا تؤثر سلبا على معلومات ينبغي أن تبقى سرية. وإنني على استعداد لتقديم بيان أكثر تفصيلا إلى المحكمة، شريطة أن يتم الأحتفاظ بهذا البيان بصورة سرية من قبل المحكمة.

12. إن الكشف عن المعلومات التي تحتويها هذه الملفات، ويشمل ذلك، ودون تحديد، هويات المصادر السرية وأساليب جمع المعلومات المخابراتية وهويات المشتبه بهم أمنياً الذين تم تحديد هوياتهم من قبل الجهاز (غير أولئك الأفراد المدرجة أسماؤهم في طلبات الإفصاح التي قدمها المدعون)، سيهدد دور الجهاز بشكل مباشر في ضمان أمن الوطن لأن ذلك سيهدد أمن وسلامة المواطنين الفلسطينيين وقد يعرضهم إلى مخاطر خارجية، كما سيكشف وسائل الاستخبارات فيما يخص المخاطر الخارجية مثل التجسس والتخابر والتخريب، وكل ذلك يتعارض بشكل مباشر مع قانون المخابرات العامة. إضافة إلى ذلك، فإن الإفصاح عن هذه المعلومات قد يكشف لجهات أجنبية وسائل استخبارات الجهاز ويزيد من احتمال التهديدات الأمنية من جهات أجنبية.

13. تحتوي الملفات كذلك على معلومات حول تحقيقات الجهاز في مجال إنفاذ القانون ولذلك فإني هنا أمارس حق عدم الإفصاح عن معلومات إنفاذ القانون بالنيابة عن السلطة الوطنية الفلسطينية (دولة فلسطين الآن).

14. إن المعلومات التي تحتويها الملفات تشمل معلومات متعلقة بأساليب الجهاز في التحقيق وإنفاذ القانون، وهي معلومات لا يجب الإفصاح عنها، يعتمد نجاح تحقيقات الجهاز على سرية هذه الملفات والمصادر المتعلقة بها، خاصة وأن الكشف عن هذه الملفات سيترتب عليه:

   أ. الكشف عن أساليب الجهاز في جمع وتحليل المعلومات الاستخباراتية،

   ب. الكشف عن هويات مخبري الجهاز وضباطه والمشتبه بهم أمنياً،

   ت. إلحاق الضرر بخصوصية أصحاب الملفات حيث أن الملفات تحتوي على معلومات خاصة تتعلق بصاحب الملف مثل أسماء أفراد عائلته وأصدقائه وانتمائه السياسي ومهنته، و

   ث. إضعاف قدرة الجهاز على إجراء تحقيقات مستقبلية.

15. علاوة على ذلك، كما هو الحال في البلدان الأخرى حيث يتم الاحتفاظ بالملفات من قبل المخابرات وأجهزة الأمن، فإن المعلومات الواردة في الملفات ليست بالضرورة ذات مصداقية أو دقيقة تماما. بدلا من ذلك، تحتوي الملفات على المعلومات التي يتم جمعها في كثير من الأحيان من مصادر خارج السلطة الفلسطينية (دولة فلسطين الآن) التي تتفاوت درجاتها من حيث المصداقية. قد تكون هذه المعلومات أو قد لا تكون صحيحة، وقد تكون أو قد لا تكون مبنية على المعلومات الأولية المباشرة.

16. لا تحتوي الملفات على أية معلومات ذات دلالة على أن السلطة الوطنية الفلسطينية (دولة فلسطين الآن) أو منظمة التحرير الفلسطينية كان لديها علم أو معلومات مسبقة عن أي من الهجمات موضوع الدعوى.

17. الإفصاح عن هذه المعلومات إلى طرف ثالث قد يضعف قدرات الجهاز على جمع المعلومات الاستخباراتية وأمكانية إنفاذ القانون وسيترتب عليه الكشف عن معلومات استخباراتية حساسة وأخرى تخص إنفاذ القانون.

18. إن مختلف الاحكام والقوانين الخاصة بأجهزة المخابرات العامة، تحظر وتجرم بصورة عامة إفشاء المعلومات الاستخبارية لأجهزة المخابرات العامة، ويشمل ذلك هويات المخبرين أو المعلومات التي يقدمها هؤلاء المخبرين. وبصورة خاصة، ينص الفصل الأول والمادة 7(2) من قانون المخابرات العامة على ما يلي:

" يكون رئيس المخابرات مسؤولاً أمام الرئيس أو من يفوضه على المحافظة على سرية نشاط المخابرات والمعلومات ووسائل الحصول عليها ومصادرها، ولا يجوز الاطلاع على تحريات المخابرات أو معلوماتها إلا بإذن خاص من الرئيس أو من يفوضه.،

وينص الفصل السابع المادة 30 من قانون المخابرات العامة:

" تعتبر المعلومات المتعلقة بتنظيم المخابرات وأنشطتها وأعمالها ووثائقها ومقرها وممتلكاتها وبيانات العاملين من أسرار الأمن الوطني التي يحظر إفشاؤها، ويسري ذلك على جميع العاملين بالمخابرات والعاملين بعقود خاصة حتى بعد انتهاء خدمتهم."

وينص الفصل السابع المادة 31 من قانون المخابرات العامة:

" يعاقب كل من يخرج على مقتضى الواجب الوظيفي، أو يرتكب أحد الأعمال المحظورة المنصوص عليها في هذا القانون ولائحته، أو يظهر بمظهر مخل بكرامة الوظيفة ومقتضياتها، بموجب قوانين العقوبات النافذة".

بناء على ما سبق، ألتمس من هذه المحكمة السماح للسلطة الوطنية (الآن دولة فلسطين) بعدم توفير هذه الوثائق بموجب حقوق أسرار الدولة وإنفاذ القانون.

أشهد أنا، تحت طائلة عقوبة الشهادة الزور حسب قوانين الولايات المتحدة الأمريكية، بأن ما سبق صادق وصحيح.

تم التوقيع في هذا اليوم الموافق 23 من شهر أيار من عام 2013 في دولة فلسطين.

ماجد فرج