# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com
212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 22, 2014

**BY ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      Plaintiffs respectfully respond to defendants' letter of May 20, 2014 (DE 512), which seeks an indefinite adjournment of defendants' time to oppose to plaintiffs' Motion for Discovery Sanctions Against Defendants (DE 507).

      As discussed below, the sanctions motion goes directly to issues that will shortly be before Judge Daniels on defendants' motion for summary judgment, now set for a hearing on June 30. Requiring defendants to respond in a timely manner will aid the Court in the disposition of defendants' summary judgment motion. Moreover, defendants' request for an open-ended delay is based on a mischaracterization of the procedural posture of plaintiffs' motion. Therefore, defendants' May 27 deadline for opposing plaintiffs' motion should not be enlarged indefinitely.

      **1. Plaintiffs' Pre-Motion Letter.** On January 15, plaintiffs filed a pre-motion letter concerning the issue of sanctions for defendants' repeated violations of the Court's discovery orders. On February 10, the Court held a pre-motion conference. Your Honor indicated that defendants had violated the Court's discovery orders and that Your Honor intended to "make a determination as to whether I want any additional information but I don't think briefing is going to be the issue." Tr. (Feb. 10, 2014) at 8.

      **2. Plaintiffs' Request for Approval to File a Brief in Support of the Letter.** On April 23, plaintiffs requested Your Honor's approval to file a brief in connection with their still-unresolved pre-motion letter. On April 30, the Court denied that request. DE 483.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 22, 2014
Page 2

Although plaintiffs protectively requested an enlargement of their time to object to the April 30 order, we ultimately concluded that such an objection would not have been productive, because all the Court had before it was a pre-motion letter. Federal Rule of Civil Procedure 82(b), provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Courts have held that, under this rule, judges have discretion to decide whether to enlarge page limits (which, for a pre motion letter, are three pages). *See Sheppard v. Beerman*, No. CV–91–1349, 1997 WL 642330 (E.D.N.Y. Sept. 5, 1997).

**3. Motion for Sanctions.** On May 15, plaintiffs filed a Motion for Discovery Sanctions Against Defendants (DE 507). That motion was permitted under Local Civil Rule 37.2, which provides that a motion under, *inter alia*, Rule 37 shall not be heard "unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference…and…the discovery dispute has not been resolved as a consequence of such a conference."[1] Because the dispute has not been resolved, Local Civil Rule 37.2 permits the motion.

As noted in our letter of May 15, plaintiffs were duty bound to provide the Court with an appropriate procedural and evidential basis for the relief they seek. Consistent with that duty, plaintiffs were required to file their motion and to include supporting evidence and a memorandum of law. Local Civil Rule 7.1(a).

Moreover, we did not understand anything in Your Honor's prior rulings to have forbidden plaintiffs to file a *motion*, as opposed to a brief in support of the pre-motion letter. Indeed, such an order would not have been consistent with the long-standing rule that a party cannot be forbidden to make a motion absent extraordinary circumstances not present here. *See Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000); *MacDraw v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1256 n.2 (2d Cir. 1996); *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995); *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).

---

[1] "Local Rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) (per curiam).

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 22, 2014
Page 3

**4. Time for a Response to the Motion.** Local Civil Rule 6.1(a) provides that on any motion under Rule 37, "any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers." Defendants' request for an open-ended enlargement is plainly inconsistent with the rule.

Excusing defendants from responding now would merely defer this issue to summary judgment and ultimately to the jury charge. Most immediately, defendants have a pending motion for summary judgment before Judge Daniels, in which their principal argument is that plaintiffs lack "admissible evidence" to prove elements of their claims (DE 496). While plaintiffs have developed extensive (admissible) evidence of liability and damages, evidentiary sanctions for defendant's failure to preserve, search for, and produce documents will also be relevant to factual elements which are the focus of defendants' summary judgment challenge. In other words, some of defendants' summary judgment arguments may be affected, in whole or in part, by plaintiffs' motion for evidentiary sanctions. Completing briefing on the sanctions issue in advance of the summary judgment hearing—now set for June 30—will therefore be of assistance to the Court.

Respectfully,

Kent A. Yalowitz

cc:   All ECF Counsel