# EXHIBIT B

E341soka

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARK I. SOKOLOW, et al.,,

        Plaintiffs,

        v.                         04-CV-397 (GBD)

PALESTINE LIBERATION
ORGANIZATION, et al.,

        Defendants.        Oral Argument

------------------------------x

                                   New York, N.Y.
                                   March 4, 2014
                                   10:58 a.m.

Before:

               HON. GEORGE B. DANIELS,

                                   District Judge

                    APPEARANCES

ARNOLD & PORTER, LLP
    Attorneys for Plaintiffs
BY:  KENT A. YALOWITZ, ESQ.
     PHILIP W. HORTON, ESQ.
     CARMELA T. ROMEO, ESQ.
     TAL R. MACHNES, ESQ.
     KEN L. HASHIMOTO, ESQ.

ROBERT J. TOLCHIN, ESQ.
    Attorney for Plaintiffs

MILLER & CHEVALIER, CHTD.
    Attorneys for Defendants
BY:  MARK JOHN ROCHON, ESQ.
     LAURA G. FERGUSON, ESQ.
     BRIAN A. HILL, ESQ.

1  Honor, I think you've summarized the issues well. The issue
2  was briefed quite extensively, and I don't think that we have
3  anything to add with regard to the outtakes.
4       I should also report to the court that despite very
5  good faith efforts, both on the part of BBC's counsel and on
6  our part, we've not been able to get a certification from the
7  BBC that the take that we have or the CD that we have now, or
8  CDs, is an accurate copy of what aired, although we did receive
9  it directly from the BBC. So that issue is also before the
10 court, and I may be misremembering, but I think Judge Ellis did
11 give us that discovery and we haven't pursued it because --
12       THE COURT:  To do what?
13       MR. YALOWITZ:  To get perhaps an authenticating
14 deposition or some third-party discovery device simply to say
15 this is indeed a true and correct copy of what we aired and our
16 procedures were followed here and so on. And there is a recent
17 decision which we didn't burden the court with, but I'll tell
18 you, Judge Scheindlin had a recent decision in *Wultz v. Bank of*
19 *China* on a similar issue involving an Israeli bank called Bank
20 Hapoalim, and I'd be happy to send a copy of that decision to
21 the court if it would be helpful.
22       THE COURT:  Well, this is what I --
23       MR. YALOWITZ:  But that's a separate issue.
24       THE COURT:  This is what I want. Even before you file
25 any motions *in limine* with regard to the admissibility of

E341soka

1  evidence, to the extent that you believe that it would be
2  appropriate, both sides, you believe it would be appropriate
3  for the other side to stipulate to the authenticity,
4  admissibility, part or all of the foundation for admissibility,
5  you should seek that, you should identify it and request it
6  from the other side, in writing, by letter, and they should
7  respond to that within ten days, calendar days, as to whether
8  or not they're going to agree to that.  If they're not going to
9  agree to it, then you'll know what you need to fight about with
10 other additional efforts that you have to take to be able to
11 get the appropriate witness to lay the proper foundation.
12         MR. YALOWITZ:  Thank you, your Honor.
13         THE COURT:  To the extent that there is the rule that
14 examines the reliability of the evidence beyond just the
15 particular rules with regard to foundation, I'll consider it if
16 it is appropriate, but at this point I'm not going to represent
17 that I'm going to relieve either party of their obligations to
18 demonstrate that any evidence that they wish to offer is in
19 fact what it purports to be, by testimony, certification,
20 and/or other indicia of reliability, so that we can address
21 those issues as you raised them, that they lack the proper
22 authority, a waste of time, or to spend the time establishing
23 full foundation when there's no real genuine dispute that the
24 item is what it purports to be.  See if we can address that.
25         MR. YALOWITZ:  All right.  That narrows the other

E341soka

1   objection we raised with regard to Judge Ellis' order, so
2   that's fine.  We'll take it to the defendants in that way.  I
3   will say, I'm not optimistic that we will get stipulations, but
4   I think the exercise is worth doing.
5           THE COURT:  Well, but at least you can make a
6   judgment, one, as to whether or not you believe it's going to
7   be required or necessary for you to bring in foundational
8   witnesses, or you can make the appropriate application early
9   on.
10          MR. YALOWITZ:  Right.  I mean, foundational --
11          THE COURT:  Even before you file the motions *in limine*
12  to indicate that you want to offer that evidence over the
13  defense objection without having a foundational witness.
14          MR. YALOWITZ:  Right.  You know, admissibility,
15  foundation, authenticity, these are matters for the court under
16  Rule 104.  They're really not for the jury.
17          THE COURT:  Right.
18          MR. YALOWITZ:  So --
19          THE COURT:  Well, I intend to make those rulings as
20  far in advance of the issue being raised before the jury as
21  possible.
22          MR. YALOWITZ:  Right.
23          THE COURT:  And to the extent I can resolve those
24  issues prior to trial, I will resolve those issues as early as
25  I get those issues teed up.

E341soka

1           MR. YALOWITZ:  That's great.  In that regard, if we
2   can't stipulate and there are genuine issues -- so the
3   documents that I have the biggest concern about, because
4   they're -- well, the documents that I have the biggest concern
5   about are the defendants' own documents.  Defendants had the
6   documents produced to us in discovery, most of which the
7   defendants produced, as the court recalls, after the close of
8   discovery; some of which we got only last month, for example.
9   And those are, it seems to me, pretty obviously either
10  admissions or public records or business records, or something
11  like that.  And there are a lot of cases that say that even
12  without a witness sitting there going through 600 pages of
13  documents saying, yup, that's it, that the court can still make
14  findings in that regard based on the face of the documents and
15  the fact that they were produced by the defendants, unless the
16  defendants come forward with some reason to think they're, you
17  know, forgeries or something like that.  So -- which we haven't
18  heard here.  So I think that this is -- it's good that we try
19  to resolve this now, and we'll go back to the defendants to see
20  if we can get stipulations.  If we can't, we'll bring it to the
21  court, you know, in the context of the other --

22          THE COURT:  And I anticipate that I can resolve most
23  of those issues even, if you raise them early enough, by the
24  September conference.  Then to the extent that there are issues
25  that have not been addressed by the September conference, we

E341soka

1    can resolve those by the November 20th --

2           MR. YALOWITZ:  Excellent.

3           And the only other agenda item that I think I have

4    that I want just to make sure is on your radar screen, your

5    Honor, is the issue of public filing of judicial documents.

6           THE COURT:  Right.

7           MR. YALOWITZ:  And I don't know if your Honor would

8    like to hear from the parties on that or --

9           THE COURT:  Well, just tell me again.  I'm not sure I

10   understand in general the extent or the limit of what you want

11   publicly filed and what you don't want publicly filed.

12          MR. YALOWITZ:  Sure.

13          MR. HILL:  Your Honor, I hate to interrupt, but we can

14   avoid talking about the substance since there are people in the

15   room that are not under the protective order.

16          MR. YALOWITZ:  All right.  Well, we're --

17          THE COURT:  That's fine.  That's fine.  I'm just

18   trying to figure it out.  You want to file documents, you want

19   all documents to be public, is that basically your position?

20          MR. YALOWITZ:  Close to my position, your Honor.

21          THE COURT:  Okay.

22          MR. YALOWITZ:  Yes.  For the most part, the trial

23   should be conducted in public.

24          THE COURT:  I understand.  Well, then, you know, I

25   mean, you don't even think that it's appropriate for any