# EXHIBIT C

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 21, 2014

**VIA E-MAIL**

Brian A. Hill, Esq.
Miller & Chevalier
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005-5701

Re: *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
Docket No. 04-CV-397 (GBD)(RLE)

Dear Brian:

I write as instructed by Judge Daniels at the pretrial conference, held on March 4, 2014, regarding the authenticity and foundation of documents that defendants produced from their own files but as to which they have nevertheless objected on grounds of authenticity, hearsay, or lack of foundation. Mar. 4, 2014 Tr. at 43-45. Specifically, we seek defendants' stipulation that 168 defendant-produced proposed trial exhibits are both authentic and are not inadmissible as hearsay.[1] The documents were all produced by defendants. They are "martyr files" of deceased terrorists, documents reflecting benefits to incarcerated terrorists and their families, employment records of persons implicated in the attacks, and General Intelligence Service ("GIS") documents.

**1. Authenticity.** Defendants have objected to 42 proposed trial exhibits on the ground of authenticity, even though defendants produced the documents themselves: Nos. 11; 15; 19; 22-24; 26; 36; 38; 43; 49; 60-61; 63-67; 69-72; 75-76; 83-84; 86-87; 92; 94-96; 103; 110; 115; 117-18; 123; 128; 164; and 893-94. When a party produces documents from its own files, the documents will be considered authentic unless the

---

[1] This number represents 153 documents on Plaintiffs' Exhibit 3-1 to the proposed JPTO submitted to Judge Daniels for his consideration, as well as 15 late-produced GIS documents described below. This letter also seeks defendants' stipulation that one proposed trial exhibit, which defendants did not produce but was the subject of an interrogatory response, is authentic and not inadmissible hearsay.

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
March 21, 2014
Page 2

producing party demonstrates why they are not. *See, e.g., United States Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, 00 Civ. 4763 (RMB)(JCF), 2006 WL 2136249, at *6 (S.D.N.Y. Aug. 1, 2006) ("The plaintiffs' argument that the process of discovery provides an implicit guarantee of authenticity is well-founded . . . . A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it."), *adhered to on recons.*, 2006 WL 2556339 (S.D.N.Y. Sept. 5, 2006); *Comm. Data Servs., Inc. v. Int'l Bus. Machs. Corp.*, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003) ("It is disingenuous and wasteful for [a party] to object that its own documents are not authenticated, and thus inadmissible at trial and on summary judgment. The appearance of these documents and the circumstances surrounding this motion—most importantly the fact that the [producing party] is in the best position to know if they are authentic and that they have never claimed that they are not—show that these are authentic documents."); *John Paul Mitchell Sys. v. Quality King Distrib., Inc.*, 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000) ("[T]he act of production implicitly authenticated the documents[.]").

Defendants have not proffered any reason or made any showing as to why these 42 documents are not authentic, and we can see no basis for objecting to authenticity. Unless we hear otherwise from you in the next ten days, we will understand that defendants have no such basis.

In addition, on the eve of the filing of the joint pretrial order ("JPTO"), and after the JPTO was filed, defendants produced additional GIS documents. Of these late-produced documents, plaintiffs have designated the following as proposed trial exhibits:

| Exhibit # | Bates # | Description |
|---|---|---|
| 1028 | D 02: 010197 | GIS Documents (Jan. 2014) |
| 1029 | D 02: 010200 | GIS Documents (Jan. 2014) |
| 1030 | D 02: 010201-02 | GIS Documents (Jan. 2014) |
| 1031 | D 02: 010204 | GIS Documents (Jan. 2014) |
| 1032 | D 02: 010217-18 | GIS Documents (Jan. 2014) |
| 1033 | D 02: 010219-22 | GIS Documents (Jan. 2014) |
| 1034 | D 02: 010223 | GIS Documents (Jan. 2014) |
| 1035 | D 02: 010227-30 | GIS Documents (Jan. 2014) |
| 1036 | D 02: 010231 | GIS Documents (Jan. 2014) |

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
March 21, 2014
Page 3

| Exhibit # | Bates # | Description |
|---|---|---|
| 1037 | D 02: 010249-52 | GIS Documents (Jan. 2014) |
| 1038 | D 02: 010253-56 | GIS Documents (Jan. 2014) |
| 1039 | D 02: 010257 | GIS Documents (Jan. 2014) |
| 1040 | D 02: 010258 | GIS Documents (Jan. 2014) |
| 1041 | D 02: 010259-62 | GIS Documents (Jan. 2014) |
| 1060 | D 02: 010270 | Letter from GIS Commander Tawfiq Tirawi to Yasser Arafat, dated 2/15/2002, re: the arrest by PA Preventive Security of Mohammed Hashaika, Nasser Shawish & al-Bakhari |

For the reasons already set forth above, we ask that defendants stipulate to the authenticity of these documents as well.

Finally, we request that defendants withdraw their objection on the ground of authenticity to plaintiffs' Exhibit 233. Plaintiffs sought information about this document (which is on PA Preventative Security letterhead) in their interrogatory requests, and defendants provided relevant information in their responses.[2] After providing substantive information about this document in response to an interrogatory, defendants cannot now claim that the document is inauthentic.

**2. Hearsay/Foundation.** Defendants have objected to 153 proposed trial exhibits on the grounds of foundation and hearsay, even though defendants produced the documents themselves: Nos. 1-11; 13; 15-29; 36-55; 58-67; 69-73; 75-76; 83-96; 103-123; 125-169; 173; and 890-97. These documents qualify—on their face—as business records under Fed. R. Evid. 803(6), as admissions under Fed. R. Evid. 801(d)(2), and as public records under Fed. R. Evid. 803(6). The documents also fall within the residual exception to the rule against hearsay in Fed. R. Evid. 807.[3]

---

[2] *See* Sokolow Family Pls.' First Set of Interrogs. (Pls.' Ex. 879); Defs.' Objections and Resps. to Sokolow Family Pls.' First Set of Interrogs. (Pls.' Ex. 880).

[3] This letter shall serve as the notice required under Fed. R. Evid. 807(b).

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
March 21, 2014
Page 4

*First*, during discovery, plaintiffs explicitly requested all PA/PLO martyr files, files reflecting benefits to incarcerated terrorists and their families, employment records, and GIS files relating to the perpetrators in this case.[4] Defendants produced the documents at issue in response to plaintiffs' requests and the court's orders. These documents are on official forms that bear the letterhead of various PA government agencies and were obviously filled out by employees of defendants in the regular course of their duties. Defendants have never contended otherwise, and we can see no good faith basis for them to do so. Defendants' production therefore not only served to authenticate the documents at issue—it also constituted a representation that these

---

[4] *See, e.g.*, Mandelkorn Pls.' First Req. to Produce Docs. & Things, dated Mar. 26, 2012, ¶¶ 2-4 (requesting PA/PLO employment and benefit payments documents related to Sa'id Awada); Sokolow Family Pls.' First Req. to Produce Docs. & Things, dated Apr. 23, 2012, ¶¶ 2-3 (requesting PA/PLO benefit payments documents related to Wafa Idris and Munzar Noor, as well as any documents relating to their provision of services to the PA or to Kamal Al-Abed); Seventh Req. to Produce Docs. & Things by all Pls., dated Aug. 28, 2012, ¶¶ 23-25 & Appendix I (requesting PA/PLO martyr and benefit payments documents relating to Ali Ja'ara, Mohammed Hashaika, Awada, and Wafa Idris); Bauer Pls.' Third Req. to Produce Docs. & Things, dated Nov. 21, 2012, ¶¶ 26-30 (requesting all PA/PLO employment and benefits payments documents relating to Hashaika, Nasser Shawish, Abdel Karim Aweis, Sana' Shehadeh, and Kahira Al-Sa'di, as well as all documents relating to these individuals from the PA's Preventive Security Service, General Intelligence Service, National Security Forces, Military Intelligence, Presidential Security Force, and Civil Police Force); Goldberg Pls.' (First) Req. to Produce Docs. & Things, dated Nov. 21, 2012, ¶¶ 3-9 (same document request relating to Ja'ara, Abdul Rahman Maqdad, Ahmed Salah, Hilmi Hammash, Ahmed Sa'd, Mohammed Ma'ali, and Ali Hammad Haliel; and also requesting Ja'ara's martyr file); Gould and Waldman Pls.' Sec. Req. to Produce Docs. & Things, dated Nov. 21, 2012, ¶¶ 7-13 (same document request relating to Sa'id Ramadan, Majid Al-Masri, Ahmad Barghouti, Mohammed Mousleh, Nasser Aweis, Feras Ghanem, and Mohammed Sami Abdullah; and also requesting Ramadan's martyr file); Mandelkorn Pls.' Sec. Req. to Produce Docs. & Things, dated Nov. 21, 2012, ¶¶ 5-7 (same document request relating to Awada, Naef Abu Sharkh, and Mazen Fraitakh; and also requesting Sharkh's and Fraitakh's martyr files); Sokolow Family Pls.' Sec. Req. to Produce Docs & Things, dated Nov. 21, 2012, ¶ 5 (same document request relating to Al-Abed; except not requesting benefit payments documents); Blutstein, Carter, Coulter, and Gritz Pls.' Sec. Req. to Produce Docs. & Things, dated Nov. 21, 2012, ¶¶ 12-20 (same document request relating to Marwan Barghouti, Ahmad Barghouti, Abdullah Barghouti, Ibrahim Hamed, Mohammed Arman, Wael Al-Qasam, Walid Injas, and Mohammed Odeh).

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
March 21, 2014
Page 5

documents are business records or public records, or in any event, are sufficiently trustworthy to qualify under the residual hearsay exception. *See, e.g., John Paul Mitchell Sys.*, 106 F. Supp. 2d at 472 ("Thus authenticated, the documents are admissible as business records of [defendant] or, in the alternative, pursuant to the residual hearsay exception. [ ] The act of production indicates [defendants'] belief that the documents record the shipment of the Paul Mitchell products to Europe and that the documents were maintained in the ordinary course of [defendants'] business."). As the court in *John Paul Mitchell* noted, with respect to the residual hearsay exception, the documents at issue were sufficiently reliable because of (1) the appearance of the documents themselves; and (2) the fact that the defendant produced the requested documents "against [its] interest in the litigation." *Id.* at 473. So too here.

    Moreover, in addition to producing these documents from their own files, defendants responded to plaintiffs' interrogatory requests by referencing many of the documents at issue here.[5] While defendants were permitted to do so in accordance with Fed. R. Civ. P. 33(d) ("[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's *business record...* the responding party may answer by (1) specifying the records that must be reviewed ....") (emphasis added), defendants cannot now claim that these very same business records constitute inadmissible hearsay. *See IBM v. BGC Partners, Inc.*, No. 10 Civ. 128, 2013 WL 1775367, at *8 n.8 (S.D.N.Y. Apr. 25, 2013) ("If a party relies upon an opposing party's answers to interrogatories, the answers are admissible as statements of a party opponent ...."). Similarly, defendants should withdraw their hearsay objection to plaintiffs' Exhibit 233. As set forth above, plaintiffs sought information about this document in their interrogatory requests, and defendants provided relevant information in their responses.

    *Second*, defendants' production of these documents constitute admissions under subparts (A)-(D) of Fed. R. Evid. 801(d)(2). These documents contain admissions that ████████████████████████████████████████ These documents also demonstrate that t████████████████████████████████████ ████████████████████████████████ The documents also show that defendants ████████

---

[5] *See, e.g.*, Pls. Exs. 4, 6, 11, 13 produced in response to Sokolow Family Pls.' First Set of Interrogs.; Pls. Ex. 2 produced in response to Bauer Pls.' First Set of Interrogs.

# ARNOLD & PORTER LLP

Brian A. Hill, Esq.
March 21, 2014
Page 6

████████████████████████████████████████ *EEOC v. W. Customer Mgmt. Grp., LLC*, 899 F. Supp. 2d 1241, 1250 (N.D. Fla. 2012) (after finding that defendants' production authenticated the documents at issue, the court concluded: "The interview notes and candidate disposition forms were written by [defendant's] own interviewers, who made hiring decisions on [defendant's] behalf, and therefore, they are either business records, *see* Fed. R. Evid. 803(6), or are admissible as statements of a party opponent, made by an agent within the scope of that relationship, and are not hearsay, *see* Fed. R. Evid. 801(d)(2)(D)."); *Anand v. BP W. Coast Prods. LLC*, 484 F. Supp. 2d 1086, 1092 n.11 (C.D. Cal. 2007) ("[d]ocuments produced in response to discovery requests are admissible . . . since they are self-authenticating and constitute the admissions of a party opponent" under Rule 801(d)(2)(A)); *F.T.C. v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989) (produced documents satisfied the business records exception and others were admissions under either Rule 801(d)(2)(A) and (B)).

Because the trial exhibits referenced above constitute business records, admissions, and public records, as well as qualify under the residual hearsay exception, defendants should withdraw their objections based on foundation and hearsay. In addition, for the same reasons, defendants should stipulate that defendants will not object on the bases of foundation or hearsay to the late-produced GIS documents set forth on pages 2-3 above.

While we understand that defendants may attempt to object to these documents under Rules 402 and 403, the objections discussed above should be promptly withdrawn or explained. We look forward to defendants' response within the 10 days ordered by Judge Daniels.

Sincerely,

Kent A. Yalowitz