# EXHIBIT F.8

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK SOKOLOW, et al.,

      Plaintiffs,

                                                    Civ. No. 04-397 (GBD) (RLE)

  v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

      Defendants.

**THE SOKOLOW FAMILY PLAINTIFFS' SECOND REQUEST**
**TO PRODUCE DOCUMENTS AND THINGS**
**(No. 5)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, plaintiffs Mark I. Sokolow, Rena M. Sokolow, Jamie A. Sokolow, Lauren M. Sokolow and Elana R. Sokolow ("Plaintiffs"), by counsel, request that Defendants the Palestinian Authority and the Palestine Liberation Organization produce the documents and things described below to Plaintiffs' counsel within 30 days of the service of these requests.

**INSTRUCTIONS AND GENERAL DEFINITIONS**

1.    Defendants shall respond to these requests as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are incorporated by reference herein and govern these requests.

**SPECIFIC DEFINITIONS**

1.    "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

4. "PA Martyr Form and File" in respect to any deceased or injured person, means and refers to the complete paper form and file regarding that person from the PA's Ministry of Social Affairs, or any predecessor or successor entity thereto. The documents produced by defendants as Bates 02:006827-34 are an illustrative example of a PA Martyr Form and File.

5. "PA Prisoner Form and File" in respect to any person who is or was a prisoner, means and refers to the complete paper form and file regarding that person from the PA's Ministry of Prisoner Affairs, or any predecessor or successor entity thereto. The existence of PA Prisoner Forms and Files was confirmed in the deposition of Jawad Amawi in the matter of *Klieman v. Palestinian Authority* at pp. 51; 64.

6. "PLO Martyr File" in respect to any deceased or injured person, means and refers to the complete paper file from the PLO's Social Affairs Institution, or any predecessor or successor entity thereto. The existence of PLO Martyr Files is evidenced by the document produced by defendants in the matter of *Gilmore v. Palestinian Authority* as Bates 06:000086.

7. "PSS" means and refers to the PA's Preventive Security Service.

8. "GIS" means and refers to the PA's General Intelligence Service.

9. "NSF" means and refers to the PA's National Security Forces.

10. "MI" means and refers to the PA's Military Intelligence.

11. "Force 17" means and refers to PA's Presidential Security Force.

12. "PAP" means and refers to the PA's civil police force.

13. The "Terrorist Attack" means and refers to the January 27, 2002, terrorist bombing attack from which the Plaintiffs' action arises.

## REQUESTS FOR DOCUMENTS AND THINGS

5. All documents concerning Kamal Eddin Musa el Abed ("Abed"), including without limitation:

    a. The complete personnel files for Abed from all positions and jobs held by Abed in the PA and/or PLO and from all work and employment performed by Abed for the PA and/or PLO, at any time.

    b. All documents concerning: (i) the titles, nature, purposes, responsibilities and duties of all positions and jobs held by Abed in the PA and/or PLO and of all work and employment performed by Abed for the PA and/or PLO, between January 1, 2000 and today; (ii); the rank or ranks held by Abed between January 1, 2000 and today, in all such positions, jobs, work and employment; and (iii) the specific time periods during which Abed held and provided such positions, jobs, work and employment.

    c. All documents concerning all payments made by the PA and/or PLO to Abed between January 1, 2000 and today.

    d. All documents concerning Abed in the paper, computerized, electronic or other files or archives of the PSS.

    e. All documents concerning Abed in the paper, computerized, electronic or other files or archives of the GIS.

    f. All documents concerning Abed in the paper, computerized, electronic or other files or archives of the NSF.

3

  g. All documents concerning Abed in the paper, computerized, electronic or other files or archives of the MI.

  h. All documents concerning Abed in the paper, computerized, electronic or other files or archives of Force 17.

  i. All documents concerning Abed in the paper, computerized, electronic or other files or archives of the PAP.

  j. All broadcasts on PA TV concerning Abed.

November 21, 2012

  Plaintiffs, by their Attorney,

  */s/ Robert J. Tolchin*
  Robert J. Tolchin
  111 Livingston Street, Suite 1928
  Brooklyn, New York 11201
  (718) 855-3627
  Fax: (718) 504-4943
  RJT@tolchinlaw.com

  David I. Schoen
  David I. Schoen, Attorney at Law
  2800 Zelda Road, Suite 100-6
  Montgomery, Alabama  36106
  (334) 395-6611
  DSchoen593@aol.com

## **CERTIFICATION**

I hereby certify that on November 21, 2012, I caused the within to be served by electronic mail and by hand on the counsel listed below:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

_____
Robert J. Tolchin

5