# EXHIBIT M

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARK SOKOLOW, et al.,

                         Plaintiffs,

              -against-

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER**

04 Civ. 397 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

Plaintiffs have filed Rule 72(a) objections to discovery rulings in Magistrate Judge Ellis's

Order dated July 26, 2013 (the "July 26 Order"). Under Rule 72(a), a court reviews a non-

dispositive order of a magistrate judge and must "modify or set aside any part of the order that is

clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A);

Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985).

Plaintiffs object to the following rulings:

        (1) Magistrate Judge Ellis's denial of plaintiffs' request to take written discovery

or depositions to establish the authenticity and admissibility of certain documents in

defendants' files after the close of discovery; and

        (2) Magistrate Judge Ellis's denial of plaintiffs' request to conduct documentary

discovery regarding Fawzi Murar, who was identified by photograph after the close of

discovery as a participant in the attack on Plaintiff Guetta and her then-12 year old son

(the "Guetta attack").

Plaintiffs have not demonstrated that either of these rulings is clearly erroneous or contrary

to law. First, that "plaintiffs would prefer to establish [the] admissibility and authenticity [of

defendants' documents] through discovery, rather than on the fly, at trial," does not warrant setting

aside Magistrate Judge Ellis's ruling that plaintiffs did not establish good cause in seeking to

modify the discovery period. Plaintiffs alternatively request that this Court (1) require defendants

to identify any documents for which they have a good-faith basis for refusing to stipulate to either

authenticity or the applicability of a hearsay exception; (2) deem as authentic and not inadmissible

as hearsay any documents for which defendants cannot identify such good faith basis; and (3) allow

plaintiffs to take the depositions of the custodians of any documents as to which defendants can

interpose a good faith objection to authenticity or admissibility. Those requests are denied as an

improper attempt to circumvent discovery rules, have this Court interfere with Magistrate Judge

Ellis's supervision of discovery and relitigate issues previously decided by this Court.

Second, Magistrate Judge Ellis did not clearly err in finding that Plaintiffs have not shown

good cause for modifying the scheduling order to allow discovery related to the Murar photograph.

Magistrate Judge Ellis correctly found that the admissibility of the photograph and related

identification is an evidentiary issue "to be decided for trial." A reasonable process for determining

the admissibility of all trial exhibits will be available prior to trial.

Plaintiffs' Rule 72(a) objections are OVERRULED and DENIED.

Dated: March 24, 2014
New York, New York

MAR 2 7 2014

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

2