## ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 6, 2014

**BY HAND AND ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      Plaintiffs respectfully request that the Court strike 362 paragraphs from defendants' Rule 56.1 statement. (I enclose a copy of Defendants' Rule 56.1 Statement.)

      Local Rule 56.1(a) requires "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Rule 56.1(d) requires that each paragraph "must be followed by citation to evidence."

      Defendants have flouted this rule. A 565-paragraph statement is not "short and concise." And 362 of defendants' paragraphs are not supported by "citations to evidence" of any kind. Permitting such a blatant violation of Rule 56.1 will mire plaintiffs and the Court in a morass of useless busywork.

      "[D]istrict courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Courts have struck paragraphs of Rule 56.1 statements that do not comply with the "citation to evidence" requirement. *See Whitehurst v. 230 Fifth, Inc.*, ___ F. Supp. 2d ___, No. 11 Civ. 767 (KPF), 2014 WL 684826, at *20 (S.D.N.Y. Feb. 21, 2014) ("Plaintiffs did not cite a single piece of evidence to support their ostensibly undisputed facts. Thus, even were the Court able to accept this Statement, no fact therein submitted would actually stand undisputed."); *Carmel Central School Dist. v. V.P. ex rel. G.P.*, 373

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 6, 2014
Page 2

F. Supp. 2d 402, 410 (S.D.N.Y. 2005) (striking paragraphs that were unsupported by citations to evidence).

Plaintiffs (and the Court) should not be put to the extraordinary burden of responding to a facially deficient and massive Rule 56.1 statement, particularly when defendants seem to have been exceptionally careless in preparing it. Most of the unsupported paragraphs begin with the phrase "There is no admissible evidence that . . ." followed by a specific assertion (generally derived from evidence that defendants hope to keep from the jury). Three examples illustrate the problem.

**1. Paragraph 474**

In this paragraph, defendants assert: "There is no admissible evidence that Stuart Scott Goldberg was killed in an explosion in Jerusalem on January 29, 2004."

Yet, defendants' own counsel elicited the following testimony from Mr. Goldberg's widow on deposition:

> Q. All right. So, I gather that we're here today because of the suicide bombing that took place on July 29th, 2004 [*sic*]; is that right?
>
> A. Yes.
>
> Q. And I understand that your husband was one of the people who was killed in that suicide attack?
>
> A. Yes.

Shifra Goldberg Dep. 8-9. (Mr. Goldberg's Death Certificate confirms that the date was January 29, 2004.)

**2. Paragraph 234**

In this paragraph, defendants assert: "There is no admissible evidence that Wafa Idris caused the explosion that injured Mark, Rena, Jamie and Lauren Sokolow."

Yet, defendants' own records include a "martyr file" ▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Defendants themselves produced the "martyr file." It states:

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 6, 2014
Page 3



Pls. Trial Ex. 17. Defendants' "martyr file" concludes: ▮▮▮▮▮▮▮▮ *Id.*

Since Idris' death, "the PA and the media structures they control have repeatedly presented Idris as a hero and role model, naming places and events after her, including a summer camp run by the PA Ministry of youth and sports…. There have been public demonstrations and songs on PA TV to honor her." Expert Report of Itarmar Marcus, at 40.

### 3. Paragraph 389

Defendants assert: "There is no admissible evidence that Abdullah Barghouti caused the explosion that allegedly killed Janis Coulter, Diane Carter, Benjamin Blustein and David Gritz."

Yet Abdullah Barghouti pled guilty to an indictment charging him with having committed these exact four murders, along with 62 other murders. Pls. Trial Exs. 431 (plea), 452 (Indictment, Counts 89, 90, 94, and 95). At his sentencing hearing, he said "I do not regret any of the acts that I carried out and the Court knows that I have taught dozens of engineers to do the work better than me. In the future you will see cases that are ten times greater than my case. I promise that." Pls. Trial Ex. 435. When deposed in this case, Bargouti refused to answer any questions, cursing (in English) at counsel for plaintiffs. Abdullah Bargouti Dep. 7-8, 11.

* * *

Defendants' Rule 56.1 statement includes 362 unsupported factual assertions. Based on the page and a half required to respond to just the three examples above, the responses to all 362 can be expected to fill nearly 200 pages. Defendants asked this Court for 250 pages for *in limine* motions. The Court denied their request. Their 65-page Rule 56.1 Statement appears to be an attempt to grant themselves the enlargement that the Court denied. This, too, is a reason to strike the offending paragraphs. *See Goldstick v. Hartford, Inc.*, 00 Civ. 8577 (LAK), 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking portions of Rule 56.1 Statement because it "contain[ed] a great deal of

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 6, 2014
Page 4

extraneous, argumentative material" and was "a manifest evasion of the page limitation"). It would unduly burden plaintiffs and the Court to require a substantive response to 362 unsupported factual assertions.

Respectfully,

Kent A. Yalowitz

Enclosure
cc:   Laura G. Ferguson