# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 15, 2014

**BY HAND DELIVERY**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
               Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      I enclose a courtesy copy of plaintiffs' notice of motion and supporting papers formally seeking sanctions based on defendants' repeated and willful violations of this Court's orders requiring defendants to produce documents from the files of the Palestinian Authority's General Intelligence Service ("GIS").

      Plaintiffs are mindful of the fact that this Court denied plaintiffs' request for leave to file a brief on the issue of sanctions. We write to explain why we have now made a formal motion, supported by evidence of record.

      As we are sure the Court can appreciate, plaintiffs view these sanctions as an extremely important issue. The GIS documents go to core issues in the case—such as defendants' knowledge and ratification of the crimes at issue. The GIS documents that defendants did produce contain extremely damaging admissions. They show, for example, that ███████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

      And yet, many GIS documents remain unproduced—including entire missing files for some perpetrators—in blatant violation of this Court's orders. Defendants' misconduct has severely prejudiced plaintiffs, and without a remedy for this misconduct,

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 15, 2014
Page 2

defendants may literally get away with murder, having hidden the truth about their involvement in, knowledge about, and ratification of the crimes giving rise to this case.

As counsel for plaintiffs, we are obliged to demonstrate to the Court the scope of the injury that defendants' misconduct has caused and to explain the appropriate remedy—particularly where such a remedy involves, as it does here, sanctions tied closely to the particular evidence and issues to be tried. See *Linde v. Arab Bank, PLC*, 269 F.R.D. 186 (S.D.N.Y. 2010), where the defendant failed to produce documents as ordered, and the court (1) ordered that the jury would be instructed that the defendant knowingly and purposefully provided financial services to terrorists and terrorist organizations; (2) precluded the defendant from asserting certain defenses or contentions at trial; and (3) entered a number of other sanctions.

As the Court recalls, plaintiffs' pre-motion letter dated January 15, 2014, did not provide a detailed explanation of the evidence and appropriate sanctions, explaining instead that "[i]t is not possible, in the limited space of a pre-motion conference letter, for plaintiffs to set out the range and details of all appropriate sanctions."

At the pre-motion conference on February 10, 2014, Your Honor indicated that you believed defendants had violated the Court's discovery orders and that Your Honor intended to "make a determination as to whether I want any additional information but I don't think briefing is going to be the issue." Tr. (Feb. 10, 2014) at 8. We understand that the Court is still considering the sanctions issue.

In this posture, Local Civil Rule 37.2 permits plaintiffs to file their motion. That rule provides that a motion under, *inter alia*, Rule 37 shall not be heard "unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference...and...the discovery dispute has not been resolved as a consequence of such a conference."[1] Indeed, it has long been held that, while pre-motion conferences serve a useful purpose, the moving party need not obtain the Court's permission before making a motion. *See Eisemann v. Greene*, 204 F.3d 393,

---

[1] "Local Rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) (per curiam).

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
May 15, 2014
Page 3

397 (2d Cir. 2000); *MacDraw v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1256 n.2 (2d Cir. 1996); *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995); *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).

Accordingly, plaintiffs are duty bound to file the motion, not only to assist the Court, but also fully to preserve plaintiffs' rights to obtain complete relief for defendants' misconduct.

Plaintiffs request oral argument on this motion.

Respectfully,

Kent A. Yalowitz

cc:    All ECF Counsel

Encls.