# EXHIBIT A.5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK SOKOLOW, et al.,

        Plaintiffs,

                                                Civ. No. 04-397 (GBD) (RLE)

v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,

        Defendants.

### THE GUETTA PLAINTIFFS' THIRD REQUEST
### TO PRODUCE DOCUMENTS AND THINGS
### (No. 3-4)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, plaintiffs Varda Guetta and Oz Joseph Guetta ("Plaintiffs"), by counsel, request that Defendants the Palestinian Authority and the Palestine Liberation Organization produce the documents and things described below to Plaintiffs' counsel within 30 days of the service of these requests.

### INSTRUCTIONS AND GENERAL DEFINITIONS

1.     Defendants shall respond to these requests as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are incorporated by reference herein and govern these requests.

### SPECIFIC DEFINITIONS

1.     "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

4. "PA Martyr Form and File" in respect to any deceased or injured person, means and refers to the complete paper form and file regarding that person from the PA's Ministry of Social Affairs, or any predecessor or successor entity thereto. The documents produced by defendants as Bates 02:006827-34 are an illustrative example of a PA Martyr Form and File.

5. "PA Prisoner Form and File" in respect to any person who is or was a prisoner, means and refers to the complete paper form and file regarding that person from the PA's Ministry of Prisoner Affairs, or any predecessor or successor entity thereto. The existence of PA Prisoner Forms and Files was confirmed in the deposition of Jawad Amawi in the matter of *Klieman v. Palestinian Authority* at pp. 51; 64.

6. "PLO Martyr File" in respect to any deceased or injured person, means and refers to the complete paper file from the PLO's Social Affairs Institution, or any predecessor or successor entity thereto. The existence of PLO Martyr Files is evidenced by the document produced by defendants in the matter of *Gilmore v. Palestinian Authority* as Bates 06:000086.

7. "PSS" means and refers to the PA's Preventive Security Service.

8. "GIS" means and refers to the PA's General Intelligence Service.

9. "NSF" means and refers to the PA's National Security Forces.

10. "MI" means and refers to the PA's Military Intelligence.

11. "Force 17" means and refers to PA's Presidential Security Force.

12. "PAP" means and refers to the PA's civil police force.

13. The "Terrorist Attack" means and refers to the January 8, 2001, terrorist shooting attack from which the Plaintiffs' action arises.

## REQUESTS FOR DOCUMENTS AND THINGS

3. All documents concerning the Terrorist Attack, including without limitation:

    a. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of the PSS.

    b. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of the GIS.

    c. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of the NSF.

    d. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of the MI.

    e. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of Force 17.

    f. All documents concerning the Terrorist Attack in the paper, computerized, electronic or other files or archives of the PAP.

4. In respect to all individuals listed below who on January 8, 2011 were employed by the PA or the PLO in a position related to police, security and/or intelligence – all documents concerning the whereabouts of such individuals on January 8, 2001:

    a. Iyad Subhi Ahmed Sabahi, identity no. 905283156
    b. Samer Omar, identity no. 906834890
    c. Muhanad Abu Halawa
    d. Mohammed Abdel Rahman Maslah, identity no. 902845643
    e. Haitham al-Mutfak Hamdan, identity no. 906934823
    f. Ziyad Hamouda Yakoub Hamouda, identity no. 902924117

  g. Fares Sadak Mahmoud Ghanem, identity no. 025806985

  h. Mohammed Sami Ibrahim Abdullah, identity no. 979469954

  i. Husam Akel Rajab Shehadeh, identity no. 975564733

  j. Zaidan al-Badawi

  k. Nizar Wahadan

  l. Ali Alian

  m. Ahmed Taleb Mustafa Barghouti, identity no. 994466860

  n. Freij Asad Salam Awdan, identity no. 410052617

  o. Ahmed Abbas, identity no. 42219495

  p. Issa Natshe, identity no. 040996514

  q. Khaled Jamal Musa al-Shawish, identity no. 959367327

November 21, 2012

            Plaintiffs, by their Attorney,

            */s/ Robert J. Tolchin*
            Robert J. Tolchin
            111 Livingston Street, Suite 1928
            Brooklyn, New York 11201
            (718) 855-3627
            Fax: (718) 504-4943
            RJT@tolchinlaw.com

            David I. Schoen
            David I. Schoen, Attorney at Law
            2800 Zelda Road, Suite 100-6
            Montgomery, Alabama 36106
            (334) 395-6611
            DSchoen593@aol.com

## CERTIFICATION

I hereby certify that on November 21, 2012, I caused the within to be served by electronic mail and by hand on the counsel listed below:

Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701

_____
Robert J. Tolchin