# EXHIBIT A.10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 04cv397 (GBD) (RLE)<br>) |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE GOULD AND WALDMAN PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to the Gould and Waldman Plaintiffs' First Request to Produce Documents and Things and state as follows:

## PRELIMINARY STATEMENT

1.   Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.   The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.  To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.  Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO. Further, Defendants make the objections herein without in any way implying that they consider the Requests, any responses, or any productions in response to the Requests to be relevant or material to this case.

5.  A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants. Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

1235429.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6. Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131). Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3.  Defendants object to the Requests to the extent that they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.  Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

5.  Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Requests were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.  Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.  Defendants object to the Requests to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

1235429.1

8. Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9. By responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those Requests. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Requests, that such information or documents exist.

10. Defendants object to the Requests to the extent that they are not appropriately limited in time.

11. Defendants object to the Requests to the extent they seek the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12. Defendants object to the Requests to the extent that they request Defendants to translate documents.

13. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific response does not waive any general objection to the Request.

1235429.1

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All documents concerning all requests made to the PA between September 1, 2000 and January 22, 2002, by any person or entity, to question, detain or arrest Nasser Aweis.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (e.g., its request for "all documents concerning all requests"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; and (c) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 1.

Defendants' investigation is continuing, and Defendants will supplement this response to the extent required by Federal Rule of Civil Procedure 26(e)(1).

1235429.1

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 1.

**REQUEST NO. 2**:

All documents concerning the causes of and/or the reasons for all custodial questioning, arrests and/or detentions of Nasser Aweis by the PA at any time between September 1, 2000 and January 22, 2002.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (e.g., its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; and (c) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 2.

Defendants' investigation is continuing, and Defendants will supplement this response to the extent required by Federal Rule of Civil Procedure 26(e)(1).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2.

**REQUEST NO. 3**:

All documents concerning all custodial questioning, arrests and/or detentions of Nasser Aweis by the PA at any time between September 1, 2000 and January 22, 2002, including without limitation all documents concerning the details and circumstances of such custodial questioning, arrests and/or detentions, and all documents concerning the substance of the questions asked and the responses given during such custodial questioning.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (e.g., its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; and (c) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date

of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3.

Defendants' investigation is continuing, and Defendants will supplement this response to the extent required by Federal Rule of Civil Procedure 26(e)(1).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3.

**REQUEST NO. 4:**

All documents concerning Nasser Aweis' release(s) from PA custody at any time between September 1, 2000 and January 22, 2002, including without limitation all documents concerning the circumstances of, causes of, and/or reasons for such release(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (e.g., its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; and (c) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and

1235429.1

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 4.

Defendants' investigation is continuing, and Defendants will supplement this response to the extent required by Federal Rule of Civil Procedure 26(e)(1).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.

**REQUEST NO. 5**:

If Defendants contend that Nasser Aweis escaped from PA custody at any time between September 1, 2000 and January 22, 2002 – all documents concerning any such purported escape(s), including without limitation all documents concerning the circumstances and/or causes of such purported escape(s).

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (e.g., its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; and (c) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

1235429.1

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 5.

Defendants' investigation is continuing, and Defendants will supplement this response to the extent required by Federal Rule of Civil Procedure 26(e)(1).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.

April 23, 2012                                Respectfully submitted,

_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

11

1235429.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of April 2012, a true and genuine copy of the foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com

*BAH*

Brian A. Hill

1235429.1