# EXHIBIT A.11

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

            Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION,
*et al.*,

            Defendants.

------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE GUETTA PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to the Guetta Plaintiffs' First Request to Produce Documents and Things and state as follows:

### PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Request, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2. The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1209658.2

3.  To the extent that any of the Request seeks the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Request and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.  Any document production by Defendants in response to the Request shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO. Further, Defendants make the objections herein without in any way implying that they consider the Request, any responses, or any productions in response to the Request to be relevant or material to this case.

5.  A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants. Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in

2

1209658.2

CONFIDENTIAL

the definitions or instructions applicable to the Request, or that the Defendants agree with the characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6. Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendants object to the Request to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. With respect to any part of the Request to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131). Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3. Defendants object to the Request to the extent that it seeks information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Request to the extent that it is oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

5. Defendants object to the Request to the extent that it seeks the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Request was intended or could be construed to impose a requirement and/or burden on Defendants, beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6. Defendants object to the Request to the extent that it is vague or ambiguous or fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7. Defendants object to the Request to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

CONFIDENTIAL

8.  Defendants object to the Request to the extent it seeks the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.  By responding to and/or producing documents in response to the Request, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding this Request. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Request, that such information or documents exist.

10. Defendants object to the Request to the extent that it is not appropriately limited in time.

11. Defendants object to the Request to the extent it seeks the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12. Defendants object to the Requests to the extent that it requests Defendants to translate documents.

13. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific response does not waive any general objection to the Request.

SPECIFIC RESPONSES AND OBJECTIONS

REQUEST NO. 1:

All documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of the following individuals:

1.  Muhanad Abu Halawa
2.  Mohammed Abdel Rahman Maslah, identity no. 902845643
3.  Haitham al-Mutfak Hamdan, identity no. 906934823
4.  Ziyad Hamouda Yakoub Hamouda, identity no. 902924117
5.  Fares Sadak Mahmoud Ghanem, identity no. 025806985
6.  Mohammed Sami Ibrahim Abdullah, identity no. 979469954
7.  Husam Akel Rajab Shehadeh, identity no. 975564733
8.  Zaidan al-Badawi
9.  Nizar Wahadan
10. Ali Alian
11. Ahmed Taleb Mustafa Barghouti, identity no. 994466860
12. Freij Asad Salam Awdan, identity no. 410052617
13. Ahmed Abbas, identity no. 422194945
14. Issa Natshe, identity no. 040996514
15. Khaled Jamal Musa al-Shawish, identity no. 959367327

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of a stated timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents . . . constituting or containing still and/or moving images" of certain individuals at any time), and the fact that certain of the individuals are not identified by their full names or identification numbers; (b) the Request seeks disclosure of information and documents that are irrelevant to any of the issues presented by Plaintiffs' First Amended Complaint because Plaintiffs have admitted that they have no evidence that any of the individuals identified injured Plaintiffs; and (c) the Request is not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs have claimed that they need these documents in order for one of the Plaintiffs to attempt to identify persons who injured her, and eyewitness identification can be the least trustworthy means of identifying a guilty party;

stranger eyewitness identification is highly susceptible to error; and any identification from the type of photographic array which Plaintiffs apparently contemplate, made eleven years after the fact and made with respect to circumstances where Plaintiffs experienced a high degree of emotional stress, will be unreliable and inadmissible at trial. Defendants further object to the Request to the extent that it imposes an obligation on Defendants to search for documents or information possessed by a separate non-party, thereby imposing a burden in excess of Defendants' requirements under the Federal Rules of Civil Procedure.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to Request No. 1 unless and until Plaintiffs modify, amend, or limit the Request to address Defendants' pending objections and cure the Request's deficiencies.

December 1, 2011

Respectfully submitted,

/s/ Laura Ferguson

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of December 2011, a true and genuine copy of the foregoing was served by first-class mail, postage prepaid, on the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>(718) 855-3627
>(718) 855-4696
>rjt@tolchinlaw.com

_____
Laura G. Ferguson