# EXHIBIT A.14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*, )
)
Plaintiffs, )
)
v. )
)
THE PALESTINE LIBERATION )
ORGANIZATION, *et al.*, )
)
Defendants. )
)
)

Civil Action No. 04cv397 (GBD) (RLE)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE SOKOLOW PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby respectfully submit their Objections and Responses to the Sokolow Plaintiffs' First Request to Produce Documents and Things and state as follows:

### PRELIMINARY STATEMENT

1.       Defendants' investigation and development of all facts and documents relating to this case is on-going.  The objections and responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants.  These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.       The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1245096.1

3.      To the extent that any of the Requests seek the disclosure of information or

documents protected from disclosure by any applicable privilege (including, but not limited to,

the attorney-client privilege, the work product doctrine, the joint defense privilege, the common

interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to

such Requests and will identify the information or documents in the manner and to the extent

required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6

of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4.      Any document production by Defendants in response to the Requests shall not be

deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing,

or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality,

competency, or admissibility of the information referenced or contained in the document(s)

produced.  Any document production is without prejudice to, or waiver of, any objection

Defendants may make to any future use of such document.  In making any document production,

Defendants are not conceding that particular documents are those of the PA or PLO.  Further,

Defendants make the objections herein without in any way implying that they consider the

Requests, any responses, or any productions in response to the Requests to be relevant or

material to this case.

5.      A response to a Request stating objections and/or indicating that documents will

be produced shall not be deemed or construed to mean that there are, in fact, responsive

documents or that the referenced information or documents exist or fall within the possession,

custody, or control of the Defendants.  Nor shall a response to a Request stating objections

and/or indicating that documents will be produced be deemed or construed to mean that

Defendants concede the truth or existence of any purported facts described in the Request or in

1245096.1

the definitions or instructions applicable to the Request, or that the Defendants agree with the

characterizations of the conduct, activities, or relationships contained in the Request or in the

definitions or instructions applicable to the Request.

6.      Publically available documents including, but not limited to, documents equally

accessible and available to Plaintiffs from other sources will not be produced, except for

documents produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules

of Civil Procedure.

## GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent that the definitions or instructions

set forth therein seek to impose requirements for production beyond those contained in the

Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Requests to the extent that they seek information

protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint

defense privilege, the common interest doctrine, state secrets, deliberative process, or any other

applicable statutory or common law privilege.  With respect to those Requests to which

Defendants do not specifically object and which seek the identification or disclosure of

privileged information or documents, Defendants will identify such information and documents

in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the

Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June

24, 2011 (DE 131).  Any inadvertent disclosure of privileged information shall not constitute a

waiver of any applicable privilege.

1245096.1

3.      Defendants object to the Requests to the extent that they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.  In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

5.      Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Requests were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

7.      Defendants object to the Requests to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

1245096.1

8.      Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9.      By responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those Requests.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Requests, that such information or documents exist.

10.      Defendants object to the Requests to the extent that they are not appropriately limited in time.

11.      Defendants object to the Requests to the extent they seek the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

12.      Defendants object to the Requests to the extent that they request Defendants to translate documents.

13.      Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

1245096.1

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All documents concerning the January 27, 2002 bombing from which the Plaintiffs' action arises.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents"); and (b) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants are producing a document Bates-labeled 02:006762 which may be responsive to this request. This document has been translated at the direction of Defendants' counsel. That translation is protected from disclosure by the work-product doctrine and is being withheld on work-product grounds.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 1.

**REQUEST NO. 2:**

All documents concerning Idris, including without limitation:

1245096.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Idris"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the word "Idris" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants are producing documents Bates-labeled 02:006761-02:006774 which may be responsive to this request. These documents have been translated at the direction of Defendants' counsel. These translations are protected from disclosure by the work-product doctrine and are being withheld on work-product grounds.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2.

1245096.1

**REQUEST NO. 2(a):**

All documents concerning Idris' activities as an informant for the PA and El Abed;

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2(a) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Idris' activities as an informant"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Idris'," "activities," "informant," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 2(a).

1245096.1

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2(a).

## REQUEST NO. 2(b):

All documents concerning Idris' activities as an agent of the PA and El Abed;

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2(b) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Idris' activities as an agent"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Idris'," "activities," "agent," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to

1245096.1

identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 2(b).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2(b).

## REQUEST NO. 2(c):

All documents concerning Idris' provision of information and documents to the PA and El Abed.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2(c) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "Idris'," "provision of information," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

1245096.1

their responses as appropriate, Defendants state that based on an investigation conducted to date

of information and files reasonably available to Defendants, Defendants have been unable to

identify any documents within their possession, custody, or control that are responsive to a

reasonable interpretation and scope of Request No. 2(c).

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 2(c).

## REQUEST NO. 2(d):

All documents concerning Idris' provision of services to the PA and El Abed.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 2(d) on the

grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to

the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request

for "all documents"); (b) the Request seeks production of documents that are irrelevant to any

party's claims or defenses and the Request is not reasonably calculated to lead to the discovery

of admissible evidence; (c) as potentially construed, the words and phrases "Idris'," "provision

of services," and "El Abed" are vague and ambiguous and fail to describe the information or

documents sought with sufficient particularity to allow for a meaningful response by Defendants;

and (d) that, as potentially construed, the Request seeks documents protected by the attorney-

client privilege, the work-product doctrine, the state secrets privilege and other applicable

privileges or protections.

1245096.1

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that based on an investigation conducted to date

of information and files reasonably available to Defendants, Defendants have been unable to

identify any documents within their possession, custody, or control that are responsive to a

reasonable interpretation and scope of Request No. 2(d).

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 2(d).

**REQUEST NO. 2(e):**

All documents concerning all activities carried out by Idris for or at the request of the PA
and El Abed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 2(e) on the

grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to

the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request

for "all documents concerning all activities"); (b) the Request seeks production of documents that

are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to

lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases

"activities" "carried out by," "Idris," "at the request of," and "El Abed" are vague and

ambiguous and fail to describe the information or documents sought with sufficient particularity

to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the

1245096.1

Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 2(e).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2(e).

**REQUEST NO. 2(f):**

All documents concerning all communications between Idris and El Abed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2(f) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all communications"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Idris" and "El Abed" are vague and ambiguous and fail to describe the information or

documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 2(f).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2(f).

**REQUEST NO. 2(g):**

All documents concerning all payments made to and all benefits provided to Idris' relatives by the PA and/or PLO at any time after January 27, 2002, in relation to, as a result of an/or due to Idris' death.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2(g) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all payments made to and all benefits provided"; (b) the Request

1245096.1

seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "benefits provided to," "Idris' relatives," and "in relation to, as a result of and/or due to Idris' death," are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants are producing documents Bates-labeled 02:006761-02:006774 which may be responsive to this request.  These documents have been translated at the direction of Defendants' counsel.  These translations are protected from disclosure by the work-product doctrine and are being withheld on work-product grounds.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2(g).

**REQUEST NO. 3:**

All documents concerning Noor, including without limitation:

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3 on the grounds

1245096.1

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Noor"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the word "Noor" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants are producing documents Bates-labeled 02:006775-02:006778 which may be responsive to this request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3.

**REQUEST NO. 3(a):**

All documents concerning Noor's activities as an informant for the PA and El Abed;

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3(a) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to

1245096.1

the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Noor's activities as an informant"; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Noor's," "activities" "informant," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(a).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(a).

**REQUEST NO. 3(b):**

All documents concerning Noor's activities as an agent of the PA and El Abed;

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3(b) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning Noor's activities as an agent"; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Noor's," "activities," "agent," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(b).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(b).

1245096.1

**REQUEST NO. 3(c)**:

All documents concerning Noor's provision of information and documents to the PA and El Abed.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3(c) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents"; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "Noor's," "provision of information," and "El Abed" are vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(c).

1245096.1

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(c).

**REQUEST NO. 3(d):**

All documents concerning Noor's provision of services to the PA and El Abed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3(d) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "Noor's" "provision of services," and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to

1245096.1

identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(d).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(d).

## REQUEST NO. 3(e):

All documents concerning all activities carried out by Noor for or at the request of the PA and El Abed.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3(e) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all activities"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "activities" "carried out by," "Noor," "at the request of" and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

21

their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(e).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(e).

**REQUEST NO. 3(f):**

All documents concerning all communications between Noor and El Abed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3(f) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all communications"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words "Noor" and "El Abed" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

1245096.1

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(f).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(f).

**REQUEST NO. 3(g):**

All documents concerning all arrests and/or detentions of Noor by the PA on or after January 27, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3(g) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all arrests and/or detentions"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the word "Noor" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as

1245096.1

potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(g).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(g).

**REQUEST NO. 3(h):**

All documents concerning all questioning and/or interrogation of Noor by the PA on or after January 27, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3(h) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all questioning and/or interrogation"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the word "Noor" is vague and ambiguous and fails to describe the information or

1245096.1

documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 3(h).

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3(h).

**REQUEST NO. 3(i):**

All documents concerning all payments made to and all benefits provided to Noor and/or his relatives by the PA and PLO at any times after January 27, 2002, in relation to, as a result of, or due to his arrest/imprisonment by Israel.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3(i) on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all payments"); (b) the Request seeks production of documents that

are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to

lead to the discovery of admissible evidence; (c) as potentially construed, the word "Noor" is

vague and ambiguous and fails to describe the information or documents sought with sufficient

particularity to allow for a meaningful response by Defendants; and (d) that, as potentially

construed, the Request seeks documents protected by the attorney-client privilege, the work-

product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants are producing documents Bates-labeled 02:006775-

02:006778 which may be responsive to this request.

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 3(i).

**REQUEST NO. 4:**

All documents concerning all cellular phones used by El Abed between September 30,
2000 and April 17, 2002, including without limitation all documents concerning: (a) the numbers
of such cellular phones; (b) the details of the calls made from such cellular phones during the
aforementioned time period; (c) the details of the calls made to such cellular phones during the
aforementioned time period; (d) the names in which such cellular phones were registered; and (e)
the identities of the persons who paid the bills for such cellular phones during the
aforementioned time period.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 4 on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to the lack

1245096.1

of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents concerning all cellular phones used by El Abed" during an 18 month time period; (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "cellular phones," "used by," "El Abed," "numbers of such cellular phones," "details of the calls," "names in which such cellular phones were registered," and "identities of the persons who paid the bills," are vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine, the state secrets privilege and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants have been unable to identify any documents within their possession, custody, or control that are responsive to a reasonable interpretation and scope of Request No. 4.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.

1245096.1

May 29, 2012                    Respectfully submitted,


_____
Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the
Palestine Liberation Organization*

1245096.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of May 2012, a true and genuine copy of the

foregoing was served by certified mail on the following:

> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com

Brian A. Hill

1245096.1