REDACTED - PUBLICLY FILED VERSION

# EXHIBIT B

REDACTED - PUBLICLY FILED VERSION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOKOLOW, *ET AL.*,

        *Plaintiffs*,

        v.

PALESTINIAN LIBERATION ORGANIZATION, *ET AL.*,

        *Defendants*.

04 Civ. 397 (GBD) (RLE)

## <u>DECLARATION OF ARIEH DAN SPITZEN</u>

Arieh Dan Spitzen hereby declares pursuant to 28 U.S.C. § 1746, as follows:

    1.    Until 2009, I served in the Israel Defense Forces, in the positions of Advisor for Palestinian Affairs and Head of the Department for Palestinian Affairs in the Office of the Coordinator of Government Activities in the Territories, with the status of a full colonel.  I am fluent in Hebrew and Arabic and in English reading and comprehension.

    2.    I am presently serving as an expert consultant to a number of law firms in the United States in lawsuits that have been filed by American victims of terrorism against entities that aided and abetted terrorism.  I also provide consulting services to a number of academic research institutions and various entities in the Israeli establishment.  Attached hereto as Exhibit 1 is a true and correct copy of my Curriculum Vitae.

    3.    I have seen and analyzed hundreds of pages of Palestinian intelligence files, including GIS documents, in both my past and present employment.

    4.    I have reviewed and analyzed the documents from the GIS files that defendants recently produced.[1]  Attached hereto as Exhibit 2 is a true and correct copy of excerpts from

---

[1] Defendants' recent document production contains approximately 200 pages (specifically, bates numbers 02:009664-9865), of which (1) approximately 130 pages are from the GIS files, and (2) the remainder of

1

defendants' August 13, 2013 document production of the GIS files, as they are referenced in this declaration, which have been translated from Arabic to English.  Exhibit 2 includes:  (a) the excerpted translated files; (b) a certification of translation; and (c) the original, excerpted Arabic language files.

     5.     It is clear from my review of the GIS documents that virtually all of these documents are mere summary reports of the GIS files and are not the files themselves.  This conclusion is based on the following:

        a.     As noted above, I have gained familiarity with the appearance and contents of GIS files, based on my review of hundreds of pages of such files over the course of my career.  Other GIS files and documents that I have reviewed have contained certain types of information not found in any of the GIS documents produced by defendants.  For example, GIS files and documents that I have reviewed in the past have included, *inter alia*:  (a) an abundance of handwritten notes, containing information about the subject; and (b) substantive reports about the subject's adult life, neither of which is part of defendants' GIS document production in this case.

        b.



the documents are comprised of Israeli legal documents, including an indictment and police statements, as well as a few blank pages.

███████ It is extremely unlikely that such reports, created years after the events in question, would—or could—have been created solely from memory.  Instead, it is far more likely that the reports were prepared using underlying source documents that have not been produced by defendants.

c.   

6.      Aside from the fact that the GIS documents are mainly mere summary reports and the underlying or source documentation for these reports have not been produced by defendants, the summary reports themselves contain numerous redactions.  In practical terms, the reports provide almost no substantive information. ███████



3

7.    To put defendants' redactions into perspective, the first 50 pages of GIS documents (Bates 02:9664-9715), contain approximately 81 intelligence reports:

    a.    In approximately 54 of these reports, the *entire* substantive text has been removed.  For examples of such redactions, *see*, *e.g.*, Ahmed Sa'ad, 02:9693-94 <u>and</u> Hilmi Hamash, 02:9672-73.

    b.    In approximately 23 of these reports, a portion of the substantive text has been removed.

    c.    Only 4 out of the approximately 81 reports  contain no redactions.

8.    Based upon my review and analysis, I can conclude that the redacted information from defendants' production of the GIS files represents *the vast majority of the potentially important and relevant information* in those files.

9.    There are additional problems with defendants' redactions, including the following:

    a.    In many cases, the minimal amount of information actually supplied by defendants is almost useless.  For example:



b.  Based on my review of other GIS documents, I have also become familiar with a
section labeled "Security Investigation."  This section of the intelligence report
generally includes a summary of the file and the opinion of the GIS as to the
security risk of the subject. ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████

10.    In summary, defendants have produced mere summary reports, without any
underlying or source documentation.  Moreover, the vast majority of the substantive information
in those summary reports has been redacted so as to render them essentially useless.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 27, 2013

Arieh Spitzen