# EXHIBIT C.1



**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

August 13, 2013

<u>VIA FEDERAL EXPRESS</u>
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

  I am writing to request that the Court enter a protective order excusing the Palestinian Authority ("PA") from making any further production of information contained in files compiled by its General Intelligence Service ("GIS"), over which the PA has asserted certain privileges. Consistent with the Court's Order dated July 26 (DE 327), we are today producing the files at issue to Plaintiffs, along with a detailed privilege log reflecting redactions of information of a particularly sensitive nature, the disclosure of which is prohibited by Palestinian law. *See* Ex. A. We consider this production consistent with the Court's Order, and, although the Court's Order suggested that the Court was rejecting our proposed redactions, *see* DE 327 at 5, in fact there was no redaction issue before the Court as we had previously sought to withhold the entirety of the files. To the degree that the Court's Order does not contemplate this approach, we respectfully ask the Court to reconsider or modify its Order in order to permit these redactions. Accordingly, the Court should not require any further production of these materials, and certainly should not do so without conducting an *in camera* review of the redacted material.

  As the Court is aware, on November 21, 2012, the Plaintiffs served Defendants with document requests which sought, *inter alia*, files maintained by the GIS on certain individuals. On December 21, 2012, Defendants timely served a privilege log which asserted that the files at issue were protected in their entirety from discovery by the attorney-client, work product, state secrets and law enforcement privileges. Defendants served a supplemental log on January 18, 2013, and served another supplemental log with additional information on March 19, 2013. On May 16, 2013, Plaintiffs wrote to the Court requesting that you compel production of the documents listed on those logs. Plaintiffs' letter contended both that Defendants' privilege logs were inadequate, and that the claimed privileges were inapplicable. Defendants opposed that request by letter dated May 23, 2013. On June 17, 2013, the Court held a teleconference to address, *inter alia*, Plaintiffs' May 16, 2013 letter. The teleconference was apparently not recorded, so no transcript is available. During the teleconference the Court stated that while Defendants could claim privileges over the material at issue, the privilege logs that had been tendered provided insufficient information to justify withholding the documents in their entirety. The Court declined to review the documents *in camera*, and instructed Defendants to produce the files stating that Defendants could redact material necessary to protect Palestinian national security. The Court also stated that it would issue a written order memorializing its rulings, at

which time either party could file objections to the Court's rulings. On July 30, the undersigned received by ECF an order dated July 26, stating, in pertinent part, that:

> Plaintiffs' application is GRANTED. During the June 17 telephone conference, the Court explained that foreign privileges may be invoked during litigation that may conflict with disclosure under the Federal Rules of Civil Procedure, but that the Court may take the asserted privileges into account. The Court further explained that the burden remains with the party asserting a privilege to adequately demonstrate that it applies. Plaintiffs properly raised the absence of certain prerequisites to claiming privilege which Defendants' log failed to detail. Defendants therefore have failed to justify the redactions in their privilege log.

DE 327 at 5. Although the last sentence of the order makes reference to Defendants' "redactions," no redactions had been proposed at the time the Court issued its oral ruling or written order. Defendants are today producing to Plaintiffs, in compliance with the Court's order, 201 pages of documents that represent the relevant files listed on the March 19, 2013 privilege log.[1] Defendants have redacted from those pages certain information that is protected from disclosure by the attorney-client, work product, state secrets and law enforcement privileges. The basis for each individual redaction is specified in the attached redaction log in conformance with Local Civil Rule 26.2. *See* Ex. A. Defendants respectfully request that the Court now enter an order that no further production of the contents of the files listed on Defendants March 19, 2013 privilege log be required for the following reasons:

First, it is clear from the Court's remarks during the June 17 teleconference, and the text of the July 26 Order, that Defendants can properly assert, at a minimum, the "foreign privilege[]," DE 327 at 5, that arises under the GIS intelligence law which prohibits revelation of "[i]nformation regarding the regulation of [GIS] and its activities, functions, documents, headquarters, and properties" and provides that GIS investigations and information may only be viewed by "special permission of the President." *See* Ex. B ¶¶ 12, 18; Ex. C at 2, 8 (253, 259). It is also clear from the Court's remarks, and its decision not to review the documents *in camera*, that Plaintiffs' application was granted because of the form of Defendants' prior log rather than the substance of the privileges claimed or the content of the documents at issue. Furthermore, the Court indicated during the teleconference that it would permit redactions of sensitive information. Defendants respectfully submit that the attached redaction log detailing the reasons for each redaction has cured any prior failure "to justify the redactions in their privilege log," and respectfully request that the Court excuse any further production of the redacted information because it is clearly protected by the GIS law, and the attorney-client, work product, state secrets or law enforcement privileges.

Second, the information that has been redacted consists of (1) entries made in 2012 in response to communications from litigation counsel, which are protected as work product and attorney client communications and by the GIS law and the state secrets and law enforcement

---

[1] One file listed on the prior logs, that of Haytham Hamdan, has been omitted from the set produced today because defense counsel have discovered that the file was inadvertently included in the prior privilege logs, and that no document request from Plaintiffs actually requested that file.

privileges, (2) references to GIS sources and personnel, or information related by a source that could reveal its identity, which are protected by the GIS law and the state secrets and law enforcement privileges, (3) references to analysis, techniques and procedures of GIS, which are protected by the GIS law and the state secrets and law enforcement privileges, and (4) information which would invade the privacy of individuals involved or damage investigations, which are protected by the GIS law and the state secrets and law enforcement privileges.

Third, the Court should not require any further production without, at a minimum, reviewing the redacted material *in camera* to determine if it qualifies for the privileges asserted, or, to the extent the privileges asserted are qualified, if they can be overcome under the relevant circumstances. The attorney-client and state secrets privileges are absolute privileges, and should not be overruled without an *in camera* review. *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir. 1987); *Doe v. CIA*, 576 F.3d 95, 105 (2d Cir. 2009). And while the work product and law enforcement privileges are qualified privileges, and may therefore be overcome under certain circumstances, doing so will require the Court to weigh, *inter alia*, the Plaintiffs' need for the material against the Defendants' assertion of the privilege after reviewing the redacted material *in camera*. *Gould*, 825 F.2d at 680; *In re City of New York*, 607 F.3d 923, 948 (2d Cir. 2010). Likewise, the balancing test set forth for determining the applicability of the foreign statutory privilege may best be assessed by *in camera* review of the documents at issue. *See Gucci Am., Inc. v. Weixing Li*, 10-cv-4974, 2011 U.S. Dist. LEXIS 97814, at *15-16 (S.D.N.Y. Aug. 23, 2011). Here that balance will almost certainly weigh in favor of upholding the qualified privileges because these files contain no information which would suggest either Defendant had advanced knowledge or information regarding any of the attacks at issue, and the files are, like typical intelligence files, of indeterminate accuracy, based on inadmissible hearsay, and unlikely to lead to admissible evidence. *See* Ex. B. ¶¶ 8, 15, 16; *United States v. El-Mezain*, 664 F.3d 467, 497-501 (5th Cir. 2011) (holding that GIS files were inadmissible hearsay); *Estate of Parsons v. Palestinian Auth.*, 715 F. Supp. 2d 27, 34 (D.D.C. 2010), *rev'd on other grounds*, 651 F.3d 118 (D.C. Cir. 2011) ("Intelligence reports that contain multiple levels of hearsay are not admissible evidence."). Indeed, Judge Kessler recently conducted precisely this analysis in the case of *Gilmore v. PIA*, No. 01-853 (GK) (DDC), and held that GIS files requested by the Plaintiffs in that case were properly withheld because they were irrelevant and inadmissible, and Plaintiffs' need for those files was therefore outweighed by the PA's "important interests" in withholding the content of those intelligence files. *See* Ex. D.

Accordingly, the PA should be excused from any further production of the GIS files at this time. If the Court wishes to review the un-redacted files and translations thereof, the PA will promptly submit those materials for *in camera* review, and respectfully requests that it be granted leave to file a submission *in camera* in order to further explain the content of the files to the Court as previously requested by the Head of Intelligence for the GIS. *See* Ex. B ¶ 11.

Sincerely,

Brian A. Hill

Enclosures

cc:   Plaintiffs' Counsel of Record

# EXHIBIT A

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009664 | Memo to File | Confidential information related to subject of file and third part(ies) | none | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009665 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals confidential source(s). Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009665 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

1344350.1

1

## SOKOLOW V. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009665 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009665 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Fourth Redaction:* Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009665 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Fifth Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

2

1344350.1

## SOKOLOW V. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009666 | Memo to File | Confidential intelligence information related to subject of file and third party | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction:* Reveals intelligence techniques and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009666 | Memo to File | Confidential intelligence information related to subject of file | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction:* Reveals intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009666 | Memo to File | Confidential intelligence information related to third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction:* Reveals confidential source(s) and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

1344350.1

## SOKOLOW V. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATION-SHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009667 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009667 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009668 | Memo to File | Confidential intelligence information related to third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals information that would undermine the privacy of subjects of the investigation. Withheld on the basis of law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

134350.1

4

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OR REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009668 | Memo to File | Confidential intelligence information related to third part(ies) | 10/18/2011 | GIS Intelligence Officer | File | Employer/Employee | *Second Redaction*: Reveals information that would undermine the privacy of subjects of the investigation. Withheld on the basis of law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009669 | Memo to File | Confidential intelligence information related to third part(ies) | None | GIS Intelligence Officer | File | Employer/Employee | *First Redaction*: Reveals confidential source(s). Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009670 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 12/8/2012 | GIS Intelligence Officer | File | Employer/Employee | *First Redaction*: Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege, law enforcement privilege, and attorney-client and work product privileges. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

5

1344350.1

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009671 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009671 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009671 | Memo to File | Confidential information related to GIS | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction*: Reveals intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

6

1344350.1

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATION-SHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009671 | Memo to File | Confidential intelligence information related to subject of file | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Fourth Redaction*: Reveals intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009671 | Memo to File | Confidential intelligence information related to subject of file | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Fifth Redaction*: Reveals intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009672 | Memo to File | Confidential intelligence information related to third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

SOKOLOW V. PLO
REDACTION LOG

7

1344350.1

## SOKOLOW v. PLO
## REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009672 | Memo to File | Confidential intelligence information related to subject of file | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009672 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/Employee | *Third Redaction*: Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009672 | Memo to File | Confidential intelligence information related to subject of file | 01/01/1900 (sic.) | GIS Intelligence Officer | File | Employer/Employee | *Fourth Redaction*: Reveals intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

1344350.1

8

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009672 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Fifth Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009672 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Sixth Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009673 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

9

1344350.1

## SOKOLOW V. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATION-SHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009673 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009673 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction*: Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

1344350.1

10

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATIONSHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009674 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction:* Reveals confidential source(s), intelligence techniques, and information that would undermine the privacy of subjects of the investigation. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009674 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009674 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction:* Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

11

1344350.1

## SOKOLOW v. PLO REDACTION LOG

| BATES PAGE | TYPE OF DOCUMENT | SUBJECT MATTER OF REDACTION | DATE | AUTHOR | RECIPIENT | RELATION-SHIP BETWEEN AUTHOR AND RECIPIENT | BASIS FOR REDACTION AND PRIVILEGES ASSERTED |
|---|---|---|---|---|---|---|---|
| 02:009675 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *First Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009675 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Second Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |
| 02:009675 | Memo to File | Confidential intelligence information related to subject of file and third part(ies) | 1/1/1900 (sic.) | GIS Intelligence Officer | File | Employer/ Employee | *Third Redaction*: Reveals confidential source(s) and intelligence techniques. Withheld on the basis of the state secrets privilege and law enforcement privilege. Protected from disclosure under the PA's General Intelligence Law No. 17 of 2005. |

12

1344350.1