REDACTED - PUBLICLY FILED VERSION

# EXHIBIT C.3

**PUBLICLY FILED VERSION**
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

March 27, 2014

<u>VIA FEDERAL EXPRESS</u>
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization, et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

    I write in response to Plaintiffs' letter dated March 18, 2014, which requests sanctions regarding the recent production of a document from the General Intelligence Service ("GIS"). Plaintiffs claim – falsely – that the document "proves plaintiffs' allegations that high-ranking representatives of the defendants – including Arafat himself – knew that Hashaika and Shawish intended to execute a suicide bombing but nonetheless released them." Based on this representation, Plaintiffs request an adverse inference instruction as a sanction against Defendants. But there is actually nothing nefarious about the document. All it contains is a report to the then-President of the Palestinian Authority ("PA") that security forces had arrested three suspected individuals. It reads, in pertinent part, as follows:

> The person who wanted to perpetrate a suicide operation, of whom I told your Honor yesterday, was arrested today in Tulkarm. The arrest took place in the afternoon in cooperation with the brothers from the Preventative Security.
> That person was:
> 1.     Mohamad Mashhur Mohamed Hashaika, who was born in Taluza in 1981.
> Two other men were arrested along with him. The two recruited him, equipped him, and were about to transfer him into the Green Line:
> 2.     Nasser Jamal al-Shawish, who was born in al-Fariah in 1971.
> 3.     Saleh al-Bukhari, who was born in Nablus in 1976.
> They are being interrogated.

This is a favorable document to the PA in this litigation, but the Plaintiffs' place an extraordinarily strained spin on it in an effort to cry foul and get substantial sanctions. As the attached declaration from the document's author demonstrates, the document supports the PA's claim that it was attempting to prevent attacks on Israeli civilians. *See* Ex. 1. Moreover, as the attached declaration from the GIS' current Head of Operations demonstrates, the document was promptly produced following its recent discovery by GIS personnel. *See* Ex. 2. No sanction is merited for the PA's and defense counsel's compliance with Rule 26(e), and, in any event, the sanction requested by Plaintiffs cannot be supported by the document itself or the record in this matter. Accordingly, Plaintiffs' request should be denied.

PUBLICLY FILED VERSION
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

Hon. Ronald L. Ellis
March 27, 2014
Page 2

    The document does not in fact say that high-ranking representatives of the PA *released* Hashaika and Shawish from jail, much less that they "were released to allow them to" "carry out a suicide attack." Rather, the document states that the three individuals were arrested because they "wanted to perpetrate a suicide operation." Importantly, the three men were in custody – "being interrogated" – at the time the document was written. Its author Tawfiq Tirawi – who was at the time the Head of GIS in the West Bank – has testified that "President Arafat did not give any orders or direction to me or anyone at the GIS regarding Hashaika or Shawish, including any orders or direction to release Hashaika or Shawish from detention." Ex. 1 ¶ 10. Mr. Tirawi has further testified that "I never gave such orders to any person or organization within the PA or PLO" and that "I am not aware of President Arafat giving any such orders or direction to any other person or organization within the PA or PLO." *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮ Saeb Erekat, the PLO's Chief Negotiator, stated in a March 24, 2002 interview with Tony Show of Fox News that Hashaika "was not released. He ran away from jail." *See* 3/27/12 Letter from M. Rochon Ex. A at 3. *See also id.* ("Well let me tell you Tony, that in February 11, Mohammed Hasheika (ph) was arrested by the Palestinian intelligence. We contacted the Israelis to transfer him – to carry him to Ramallah and that happened. And he was in Palestinian jails till the glorious Israeli army, with more than 200 tanks, decided to take over Ramallah, destroy our jails. Mohammed Hasheika (ph) and others ran away from jails, not only in Ramallah, . . . in many places.")

    Plaintiffs' claim that the document "personally implicates PA/PLO leader Yasser Arafat in one of the attacks" is thus incorrect. In fact, the document demonstrates that the GIS and other PA security forces were "operating under orders from President Arafat to take all possible actions to prevent actions of violence by any Palestinian against Israeli civilians." Ex. 1 ¶ 8. Indeed, Mr. Tirawi wrote the document at issue precisely because he wished "to inform President Arafat that Hashaika and Shawish, who had allegedly been intending to commit such an act of violence, had been arrested before they could do so." *Id.* Plaintiffs' claim that Mr. Tirawi's penultimate statement that "[t]he matter is at your Excellency's discretion" is somehow incriminating of the PA or President Arafat is baseless. That is a common phrase routinely used by Mr. Tirawi and others at GIS when closing correspondence with superiors, and did not require any action to be taken by President Arafat. Ex. 1 ¶ 9, Ex. 2 ¶ 7. Thus, because the requested instruction would be contrary to the sworn testimony of the document's author, ▮▮▮▮▮▮▮▮▮▮▮▮ and the contemporaneous statements of the PLO's Chief Negotiator, Plaintiffs' request should be denied. *See Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196 (E.D.N.Y. 2010) (a "prejudiced party" will be permitted "the sanction of an inference in its favor" only if it "has produced some evidence suggesting that a document or documents relevant to substantiating [its] claim would have been included among the files.").

    It is also not true that "[t]he only issue before the Court with respect to the GIS documents is the scope of the sanctions to be imposed on defendants." The Court has taken Plaintiffs' prior submissions on this subject under advisement, but has yet not determined whether any sanction will issue. DE 430 at 8:13-9:6. As the attached declaration of Gen. Khaled Al-Yamen explains, the document was located earlier this month by the director of the GIS archives (who had been involved in the prior document collection efforts) during a review of files unrelated to this litigation. Ex. 2 ¶ 6. When he discovered the document, he promptly notified General Al-Yamen, who promptly directed that the document be conveyed to defense counsel. *Id.* Defense counsel produced the document to Plaintiffs the next day. Ex. 3. Thus, there has been no "misconduct" associated with the production of

Hon. Ronald L. Ellis  
March 27, 2014  
Page 3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER  
NOT FOR PUBLIC FILING

this document. Rather, the PA and defense counsel have proceeded in good faith precisely as Rule 26(e) requires. Plaintiffs' claim that statement that the undersigned "believe[d] the plaintiffs have now got all of the stuff that the client has" was "not true" is also incorrect. That statement was true at the time, and as soon as the undersigned learned that GIS had located the document at issue and confirmed its responsiveness, he promptly produced it to Plaintiffs as required by Rule 26(e). Accordingly, there is no basis for any sanction based upon the timing of the production of this document. *See In re Take-Two Interactive Software, Inc.*, 2009 U.S. Dist. LEXIS 39140, at *11-12 (S.D.N.Y. Apr. 21, 2009) ("A party that seeks an adverse inference instruction for . . . late production of evidence must show that. . . the party that . . . failed to timely produce evidence had a culpable state of mind.") (citation omitted).

Plaintiffs also claim that the document's production "makes clear that there is no reason whatever to believe that defendants will ever comply with this Court's multiple orders to produce the GIS documents and that there must surely be more such documents." That argument is a *non sequitur*. The undersigned in fact produced the document the day after he became aware of it in compliance with Rule 26(e) and the Court's orders, and it simply does not follow that because one document was located and produced that "there must surely be more." Because "Plaintiffs' assertions concerning the prejudicial impact of the . . . documents are premised entirely on speculation . . . . no adverse inference is warranted." *Take-Two*, 2009 U.S. Dist. LEXIS 39140, at *15. Plaintiffs' claim that they have suffered some unspecified "prejudice" as a result of the timing of the document's production is also meritless because during discovery Plaintiffs issued Rule 30(b)(6) deposition notices regarding, *inter alia*, "any arrests," "detentions" or "release(s)" of Hashaika or Shawish by the PA. Defendants were prepared to produce a witness on those topics on April 22, 2012, but Plaintiffs withdrew those deposition notices on April 11, 2012. Plaintiffs also noticed a deposition of Saeb Erekat based upon the interview with Tony Snow referenced above, *see* 3/27/12 Letter from M. Rochon, but subsequently withdrew that notice of deposition as well. Accordingly, Plaintiffs have not suffered any prejudice from the timing of the production of the document at issue, because it concerns a subject about which they were demonstrably aware during the fact discovery period.

Finally, even if Plaintiffs could meet the standard for an adverse inference instruction, such an instruction would not be warranted in this case because the Defendants have in fact produced the relevant discovery. *See Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 169-70 (S.D.N.Y. 2004) (holding that "appropriate remedy" for "failure to produce" certain documents and "erroneous representation that such documents did not exist" was "full disclosure of relevant information," not sanctions); *Phoenix Four, Inc. v. Strategic Res. Corp.*, 2006 U.S. Dist. LEXIS 32211, at *21 (S.D.N.Y. May 22, 2006) (holding that although Plaintiffs "established the elements necessary for an adverse inference instruction, . . . such a severe sanction is not warranted here where the . . . Defendants have come forward with the evidence, even if after the close of discovery"). The Plaintiffs now have the document and can use it as the rules permit, and the Court should deny Plaintiffs' request for sanctions.

Sincerely,

Brian A. Hill

cc: Judge Daniels (by Federal Express)  
    Plaintiffs' Counsel of Record (by email)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

        Plaintiffs,

- against -

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

        Defendants.

------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

**EXHIBIT 1**

## DECLARATION OF TAWFIQ TIRAWI

Pursuant to 28 U.S.C. § 1746, I, Tawfiq Tirawi, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I currently reside in the city of Ramallah in the State of Palestine.

2. I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3. I can read and speak Arabic. I have read this declaration, and I understood it in Arabic.

4. I am not currently employed by and do not hold any position or title in the Palestinian National Authority ("PA") or the Palestine Liberation Organization ("PLO").

5. I am submitting this declaration with respect to a document attached to this declaration as Exhibit A, which I understand was recently submitted by Plaintiffs to the Court in this lawsuit. I have been told that Plaintiffs have argued that the document attached as Exhibit A "personally implicates" former PA President Yasser Arafat in a bombing that occurred on March 21, 2002 in Jerusalem. That allegation is not true, based on my knowledge, information and belief.

6. The document attached as Exhibit A is a memorandum dated February 10, 2002 that I wrote to President Arafat regarding the February 10, 2002 arrest of two Palestinians, Mohammed Hashaika and Nasser Shawish, in Tulkarem, Occupied Palestinian Territory.

1

1378608.1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

7. At the time I wrote the memorandum attached as Exhibit A I was serving as the Director of the PA's General Intelligence Service for the West Bank ("GIS"). In that capacity, I reported directly to President Arafat.

8. The GIS, the PSS and all other Palestinian security services were operating under orders from President Arafat to take all possible actions to prevent actions of violence by any Palestinian against Israeli civilians. My purpose in writing the February 10, 2002 memorandum was to inform President Arafat that Hashaika and Shawish, who had allegedly been intending to commit such an act of violence, had been arrested before they could do so.

9. I ended my February 10, 2002 memorandum to President Arafat with the standard closing phrase that I routinely used in many official documents I wrote to President Arafat or anyone who was superior to me: "This matter is at your Excellency's discretion." My use of that standard closing did not suggest, request or anticipate any action or decision by President Arafat regarding Hashaika and Shawish.

10. After my February 10, 2002 memorandum, President Arafat did not give any orders or direction to me or anyone at the GIS regarding Hashaika or Shawish, including any orders or direction to release Hashaika or Shawish from detention. I am not aware of President Arafat giving any such orders or direction to any other person or organization within the PA or PLO. I never gave such orders to any person or organization within the PA or PLO.

11. I am not aware of President Arafat having any knowledge of the March 21, 2002 bombing in Jerusalem prior to the bombing occurring. I did not have any such knowledge.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 26th day of March, 2014, in the city of Ramallah, State of Palestine.


Tawfiq Tirawi

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

المحكمة الإقليمية للولايات المتحدة

لمقاطعة نيويورك الجنوبية

مارك سوكولو و آخرون

مدعون،

ضد

منظمة التحرير الفلسطينية وآخرون

مدعى عليهم.

قضية مدنية رقم: (RLE) (GBD) 397 -CV- 04

شهادة توفيق طيراوي

وفقا للفقرة ١٧٤٦ من المادة ٢٨ من قانون الولايات المتحدة، أشهد أنا توفيق طيراوي، تحت طائلة عقوبة شهادة الزور حسب قوانين الولايات المتحدة الامريكية، بما يلي:

١. أقيم حاليا في مدينة رام الله في دولة فلسطين.

٢. أبلغ من العمر اكثر من ثمانية عشر عاما، و أنني مؤهل للإدلاء بهذه الشهادة. اذا لم يذكر ما يخالف ذلك في هذه الوثيقة، فان الوقائع المدرجة أدناه مبنية على معلوماتي الشخصية.

٣. أتحدث و أقرأ العربية، و قد قمت بقراءة هذه الشهادة وفهمتها باللغة العربية.

٤. انا حالياً لست موظفا ولا اشغل أي منصب لدى السلطة الوطنية الفلسطينية أو لدى منظمة التحرير الفلسطينية.

٥. اقوم بتقديم هذه الشهادة المتعلقة بوثيقة مرفقة لها كمستند أ. وكما فهمت انه قد تم تقديم هذا المستند حديثا إلى المحكمة من قبل المدعين بخصوص هذه القضية. وقد علمت ان المدعين يزعمون أن المستند أ "بورط شخصيا" رئيس السلطة الفلسطينية السابق ياسر عرفات في العملية التفجيرية التي نفذت في ٢١ آذار من العام ٢٠٠٢ في القدس. وحسب معرفتي واعتقادي وما امتلكه من معلومات فان هذا الادعاء باطل.

٦. المستند أ المرفق هو عبارة عن مذكرة مؤرخة في ١٠ شباط من العام ٢٠٠٢ كنت قد كتبتها وارسلتها إلى الرئيس عرفات بخصوص شخصين فلسطينيين قد تم اعتقالهما في ١٠ شباط من العام ٢٠٠٢، وهما محمد حشايكة وناصر شاويش في طولكرم في الأراضي الفلسطينية المحتلة.

٧. عندما أرسلت تلك المذكرة كمستند أ. كنت أشغل منصب مدير جهاز المخابرات العامة الفلسطيني للضفة الغربية، وبصفتي تلك كنت قد ارسلت تلك المذكرة مباشرة إلى الرئيس عرفات.

٨. لقد تم وضع أجهزة المخابرات العامة، والأمن الوقائي وكافة الأجهزة الأمنية الفلسطينية تحت إمرة الرئيس عرفات مباشرة من اجل اتخاذ كافة الاجراءات الممكنة لمنع حدوث أعمال عنف من قبل فلسطينيين ضد أهداف مدنية اسرائيلية. وكان هدفي من

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

إرسال المذكرة التي كتبتها في ١٠ شباط من العام ٢٠٠٢ إلى الرئيس عرفات إبلاغه أن حشايكة وشاويش الذين زعم أنهم كانوا ينون القيام بأعمال عنف كهذه قد تم اعتقالهم قبل أن يستطيعوا القيام بذلك.

٩. لقد انهيت المذكرة التي ارسلتها إلى الرئيس عرفات في ١٠ شباط من العام ٢٠٠٢ بعبارة ختامية تقليدية والتي قد تعودت أن أكتبها في كثير من الوثائق التي ارسلتها إلى الرئيس عرفات أو إلى أي مسؤول أعلى مني مرتبة بعبارة: "هذه القضية تحت تصرف سيادتكم المطلقة". ولم يكن المقصود من استخدامي لتلك العبارة الختامية التقليدية تقديم اقتراح، أومطلب، أو توقع استباقي لأي قرار كان يمكن للرئيس عرفات، ان يتخذه بخصوص حشايكة وشاويش.

١٠. لم يصدر الرئيس عرفات بعد ارسال مذكرتي تلك له في ١٠ شباط من العام ٢٠٠٢ أي أوامر أو توجيهات لي أو لأي شخص آخر يعمل في جهاز المخابرات العامة بخصوص حشايكة أو شاويش، بما فيها أوامر أو توجيهات بخصوص إطلاق سراح حشايكة وشاويش من الاعتقال. وأنا لست على علم بأن الرئيس عرفات كان قد أصدر أوامر أو توجيهات لأي شخص أو مؤسسة في السلطة الوطنية أو منظمة التحرير الفلسطينية بهذا الصدد. وأنا بدوري لم أصدر إطلاقاً أوامر أو توجيهات لأي شخص أو مؤسسة في السلطة الوطنية أو منظمة التحرير الفلسطينية بهذا الصدد.

١١. أنا لست على دراية فيما إذا كان الرئيس عرفات على علم بحدوث العملية التفجيرية التي حدثت في ٢١ آذار من العام ٢٠٠٢ قبل حدوثها. ولم أكن أنا على علم بذلك.

أشهد أنا، تحت طائلة عقوبة شهادة الزور حسب قوانين الولايات المتحدة الأمريكية أن ما تم ذكره آنفاً صادق وصحيح وعليه فقد تم التوقيع في هذا اليوم الموافق ٢٦ من شهر آذار من العام ٢٠١٤ في مدينة رام الله، دولة فلسطين.

توفيق طيراوي

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

السلطة الوطنية الفلسطينية

رئاسة المخابرات الفلسطينية
المخابرات العامة
مديرية معابر الضفة
دائرة

الرقم: ـــــــــــــــ
التاريخ: 10/1/2005

سيادة اللواء الرئيس القائد العام ... حفظه الله
تحية وطنية ،،،

**الموضوع :- الجهاد الإسلامي**

نود إبلاغكم باعتقال الشخص الذي كان ينوي القيام بعملية انتحارية وكنت قد أبلغت سيادتكم قبل خمس ، وتم الاعتقال ظهر اليوم بالتعاون مع الأخوة في الأمن الوقائي
وهم :

- سهور محمد حشايكة        مواليد طلوزة -(1981م).

الذي قام بتنظيمه وتجهيزه والذي كان سيوصله إلى داخل الخط الأخضر :-

- بشير جمال الشاويش        مواليد الفارعة -(1971م).
- سامح البخاري              مواليد نابلس -(1976م).

وجاري التحقيق ...

والأمر لسيادتكم
وتفضلوا بقبول، فائق الاحترام

مدير المخابرات العامة
المحافظات الشمالية
توفيق الطيراوي

CONFIDENTIAL                                    02:010270

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

        Plaintiffs,

- against -

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

        Defendants.

------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

**EXHIBIT 2**

## SUPPLEMENTAL DECLARATION OF GEN. KHALED ABU AL-YAMAN

Pursuant to 28 U.S.C. § 1746, I, General Khaled Abu al-Yaman, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I currently reside in the city of Ramallah in the State of Palestine.

2. I am over eighteen years old, and I am competent to make this declaration. Unless otherwise stated herein, the facts set forth below are based on my personal knowledge.

3. I can read and speak Arabic. I have read a translation of this declaration in Arabic, and I understand it.

4. I previously signed a Declaration in this lawsuit, which I understand was filed as an exhibit to a letter from counsel for the Palestinian Authority ("PA") (now the State of Palestine) to this Court on January 27, 2014 ("January 27, 2014 Declaration"). I am submitting this declaration as a supplement to my January 27, 2014 Declaration and without repeating all of the facts in my January 27, 2014 Declaration. I am also submitting this supplemental declaration with respect to a document attached to this declaration as Exhibit A, which I understand was recently submitted by Plaintiffs to the Court in this lawsuit. It is a memorandum dated February 10, 2002 from Tawfiq Tirawi to former PA President Yasser Arafat.

5. In the beginning of March 2014, and in the regular course of my duties unrelated to any issues or requests in this lawsuit, I asked the director of the GIS archives to review a

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

portion of the GIS archives for the possible existence of certain records that I wanted to review as part of my regular duties. The GIS archivist had assisted me in reviewing the GIS archives during the document searches in this lawsuit described in paragraphs 7-12 of my January 27, 2014 Declaration, including the search for any GIS files or documents that Plaintiffs had requested regarding Mohammed Hashaika and Nasser Shawish, as referenced in paragraph 7 of my January 27, 2014 Declaration.

6. On or about March 5, 2014, the GIS archivist informed me that, during the course of responding to my March 2014 request, he had come across the document attached as Exhibit A. Because he recalled my previous request in this lawsuit for any files or documents regarding Mohammed Hashaika and Nasser Shawish, he said he thought I should be aware of this document. After reviewing the document, I instructed the GIS archivist to transmit the document to counsel for the PA, who I understand received the document on March 6, 2014.

7. In reviewing the document attached as Exhibit A, I notice that Tawfiq Tirawi concluded his memorandum to President Arafat with the phrase, "This matter is at your Excellency's discretion." That is a standard closing phrase that I routinely use in many official documents I write to my superiors. My use of that standard closing does not necessarily suggest, request or anticipate any action or decision by the recipient of the document from me.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 26th day of January, 2014, in the city of Ramallah, State of Palestine.

/s/ _____
Gen. Khaled Abu al-Yaman

PUBLICLY FILED VERSION

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

المحكمة الإقليمية للولايات المتحدة

لمقاطعة نيويورك الجنوبية

| | |
|---|---|
| مارك سوكولو و آخرون | |
| مدعون، | قضية مدنية رقم: (RLE) (GBD) 397 -CV- 04 |
| ضد | |
| منظمة التحرير الفلسطينية و آخرون | |
| مدعى عليهم. | |

ملحق شهادة العميد خالد أبو اليمن

وفقا للفقرة 1746 من المادة 28 من قانون الولايات المتحدة، أشهد أنا العميد خالد ابو اليمن، تحت طائلة عقوبة شهادة الزور حسب قوانين الولايات المتحدة الامريكية، بما يلي:

1. أقيم حاليا في مدينة رام الله في دولة فلسطين.

2. أبلغ من العمر اكثر من ثمانية عشر عاما، و أنني مؤهل للإدلاء بهذه الشهادة. و ما لم يتم الإشارة إلى غير ذلك، فإن الحقائق المدرجة أدناه مبنية على معرفتي الشخصية.

3. أتحدث و أقرأ العربية. و قد قمت بقراءة ترجمة هذه الشهادة باللغة العربية و فهمتها.

4. لقد قمت في السابق بالتوقيع على شهادة متعلقة بهذه الدعوى القضائية، و علمت انه قد تم إدراجها كمستند لرسالة أرسلها المستشار القانوني للسلطة الفلسطينية ( الآن دولة فلسطين) إلى هذه المحكمة في 27 كانون ثاني من العام 2014 (أي شهادة 27 كانون ثاني من العام 2014). وأنا أدلي بهذه الشهادة كملحق للشهادة التي كنت قد أدليت بها في 27 كانون ثاني من العام 2014 دون تكرار الحقائق التي وردت في شهادة يوم 27 كانون ثاني من العام 2014. وانا أدلي بدوري بملحق الشهادة بخصوص الوثيقة المرفقة لهذه الشهادة كمستند أ، وكما علمت انه قد تم تسليمها من قبل المدعين إلى المحكمة بخصوص هذه الدعوى القضائية. وهي عبارة عن مذكرة كان قد ارسلها توفيق طيراوي في 10 شباط من العام 2002 إلى الرئيس السابق للسلطة الفلسطينية ياسر عرفات.

5. لقد قمت في بداية شهر آذار 2014، ومن خلال قيامي بمهامي لا تمت بصلة لأية قضايا أو مطالب متعلقة بهذه الدعوى القضائية، قمت بالطلب من مدير أرشيف جهاز المخابرات العامة ان يقوم بمراجعة جزء من تلك السجلات من أجل العثور على بعض الملفات التي اردت مراجعتها كجزء من ممارسة مهامي الاعتيادية. وقد ساعدني المسؤول عن الأرشيف في جهاز المخابرات العامة بمراجعة تلك السجلات من خلال البحث عن

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

وثائق متعلقة بهذه الدعوى القضائية حيث تم الإشارة إليها في الفقرات 7-12 من شهادتي التي أدليت بها في 27 كانون ثاني من العام 2014، بما فيها البحث عن ملفات جهاز المخابرات العامة أو وثائق كان قد طالب بها المدعون فيما يتعلق بمحمد حشايكة وناصر شاويش كما هو مشار إليه في الفقرة 7 من شهادتي التي كنت قد أدليت بها في 27 كانون ثاني من العام 2014.

6. في أو حوالي 5 آذار من العام 2014، قام الشخص المسؤول عن أرشيف جهاز المخابرات العامة بإعلامي، وذلك أثناء عملية الرد على طلبي الذي كنت قد تقدمت به في آذار 2014، أنه عثر على وثائق مرفقة عبارة عن مستند أ. وبسبب أنه تذكر طلب لي قد تقدمت به سابقاً فيما يتعلق بهذه الدعوى القضائية من أجل الحصول على ملفات أو وثائق تتعلق بمحمد حشايكة وناصر شاويش. حيث ذكر لي أنه يجب علي ان أكون على علم بهذه الوثيقة. وبعد مراجعتي لهذه الوثيقة، فقد قمت بإصدار تعليماتي إلى الشخص المسؤول عن أرشيف جهاز المخابرات العامة بنقل هذه الوثيقة إلى المستشار القانوني للسلطة الفلسطينية. حيث علمت ان هذا الأخير قد استلم تلك الوثيقة في 6 آذار من العام 2014.

7. من خلال مراجعتي للوثيقة المرفقة كمستند أ، لاحظت ان توفيق طيراوي كان قد اختتم مذكرته للرئيس عرفات بعبارة " والأمر لسيادتكم". وأنا استخدم هذه العبارة الختامية التقليدية في العديد من الوثائق الرسمية التي اكتبها إلى أي شخص مسؤول أعلى مني مرتبة. ولا أقصد بالضرورة من استخدامي لهذه العبارة الختامية تقديم اقتراح، أو مطلب، أو توقع استباقي لأي قرار يمكن لمستلم تلك الوثيقة أن يتخذه.

أشهد أنا، تحت طائلة عقوبة شهادة الزور حسب قوانين الولايات المتحدة الأمريكية أن ما تم ذكره آنفأ صادق وصحيح وعليه فقد تم التوقيع في هذا اليوم الموافق 26 من شهر آذار من العام 2014 في مدينة رام الله، دولة فلسطين.

العميد خالد أبو اليمن

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING



السلطة الوطنية الفلسطينية

رئاسة المخابرات الفلسطينية
المخابرات العامة
مكتب مواصلات الضفة
دائرة

الرقم: ـــــــــــــــــ
التاريخ: ـــــــــــــــــ

أدن تسم

سيادة اللواء الرئيس القائد العام ... حفظه الله
تحية وطنية ،،،

الموضوع :- الجهاد الإسلامي

نود أن نعلمكم اعتقال الشخص الذي كان ينوي القيام بعملية انتحارية وكنت قد أبلغت
سيادتكم عنه بالأمس ، وتم الاعتقال ظهر اليوم بالتعاون مع الاخوة في الأمن الوقائي
وهو

1- ...... مسهور محمد حشايكة              مواليد طلوزة -(١٩٨١م) .
وهناك عملاء الذي قام بتنظيمه وتجهيزه والذي كان سيوصله إلى داخل الخط الأخضر :-
1- ...... جمال الشاويش                   مواليد الفارعة -(١٩٧١م).
1- صلاح البخاري                          مواليد نابلس -(١٩٧٦م).
.... التحقيق ...

والأمر لسيادتكم
وتفضلوا بقبول، فائق الاحترام

مدير المخابرات العامة
المحافظات الشمالية
توفيق الطيراوي

CONFIDENTIAL                                          02:010270



# MILLER CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

March 7, 2014

Kent A. Yalowitz, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

**EXHIBIT 3**

Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Kent:

Enclosed please find an additional document which we are producing in this matter.

Sincerely,

*/s/ Brian A. Hill*

Brian A. Hill

Enclosure
cc: Robert J. Tolchin

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

**PUBLICLY FILED VERSION**

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING



السلطة الوطنية الفلسطينية



منظمة التحرير الفلسطينية
المخابرات العامة
مكتب معاونات الفنية
دائرة

الرقم: ــــــــــ
التاريخ: ١٥/٤/٢٠٠٢

سعادة الأخ الرئيس القائد العام ... حفظه الله
تحية وطن ،،،

الموضوع :- الجهاد الإسلامي

نفيدكم علماً بأنه تم بطولكم اعتقال الشخص الذي كان ينوي القيام بعملية انتحارية وكنت قد أبلغت سيادتكم عنه بالأمس ، وتم الاعتقال ظهر اليوم بالتعاون مع الاخوة في الأمن الوقائي
وهو :

- محمد مسهور محمد حشايكة            مواليد طلوزة -(١٩٨١م) .
تم تسليمه الذي قام بتنظيمه وتجهيزه والذي كان سيوصله إلى داخل الخط الأخضر :-
١- ناصر جمال الشماوبش                مواليد الشارعة -(١٩٧١م).
٢- صلاح البخاري                      مواليد نابلس -(١٩٧٦م).
لازال التحقيق ...

والأمر سيادتكم
وتفضلوا بقبول، فائق الاحترام

مدير المخابرات العامة
المحافظات الشمالية
توفيق الطيراوي

CONFIDENTIAL                                    02:010270