

MILLER CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

June 13, 2014

BY ECF
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

I write to request the following relief: (1) a one-week extension of Defendants' current deadline for responding to Plaintiffs' filings of June 6, 2014, so that they will be due on June 30, 2014 ; (2) clarification that the page limits on Defendants' replies to Plaintiffs' oppositions to the Motion in Limine and Motion for Summary Judgment will be 40% of the page limits for the opening briefs (36 pages for the Motion in Limine reply and 20 pages for the Motion for Summary Judgment reply); and (3) clarification that Defendants are entitled to reply to Plaintiffs' Response to Defendants' Rule 56.1 Statement, some of which is not a "response" but is instead Plaintiffs' own Counter-Statement.

On Friday June 6, 2014, Plaintiffs filed the following items with the Court: (1) a 5-page letter regarding Exhibit 3-1 to the Proposed Joint Pretrial Order (DE 520) (with a 70-page exhibit filed as DE 520-1); (2) a 52-page Memorandum of Law in Opposition to Defendants' Motion in Limine (filed under seal); (3) a 50-page Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (filed under seal); (4) a 9-page Declaration of Kent A. Yalowitz in Opposition to Defendants' Motion for Summary Judgment and Motion in Limine (DE 521) (with a 31-page Exhibit A filed as DE 521-1, and other exhibits on 4 DVDs which contain 18,400 pages of exhibits and 10 hours, 27 minutes, and 43 seconds of video filed under seal); and (5) a 205-page Response to Defendants' Rule 56.1 Statement (filed under seal).

By email of June 10, 2014, Plaintiffs' counsel indicated the following:

> Plaintiffs are prepared to consent to an enlargement through and including June 30, 2014 for defendants to file: (1) a 20-page reply memorandum is



support of defendants' motion for summary judgment, (2) a 36-page reply memorandum in support of motion in limine, and (3) a response to my letter dated June 6, 2014, but only on the conditions that:

(1)    Defendants consent to a one-week enlargement of plaintiffs' time to file: (a) a reply memorandum in support of plaintiffs' motion for summary judgment (i.e., June 30); (b) a reply memorandum in support of plaintiffs' motion in limine (i.e., June 30); and (c) a reply memorandum and any necessary supporting affidavits in support of plaintiffs' motion for sanctions (i.e. June 27);

(2)    These enlargements do not alter any other dates in the schedule; and

(3)    Defendants do not file additional materials in connection with their summary judgment motion, such as a paragraph-by-paragraph "reply" to Plaintiffs Rule 56.1 Statement.

Ex. A at 2. Defense counsel responded and explained that Defendants were entitled to reply to item 5 under the terms of Rule 56; Plaintiffs "disagree[d]." *Id.* at 1-2.[1]

There is good cause to grant Defendants' request. The original deadline of June 23, 2014 was set because the Court had scheduled a hearing on the motions for June 26, 2014. That hearing was subsequently adjourned to July 22, 2014. Accordingly, a one-week extension will not prejudice the Court or any party. Similarly, neither the Court nor any party will be prejudiced by allowing reply briefs of proportionate lengths to the opening briefs. Indeed, the Plaintiffs were prepared to consent to the one-week extension for Defendants to respond to the first four items listed above. Plaintiffs were similarly prepared to consent to a 20-page reply in support of Defendants' motion for summary judgment and a 36-page reply in support of Defendants' motion in limine. Accordingly, the requested extension of time and pages should be granted as to those items in any event.

The parties' disagreement pertains to Defendants' anticipated Reply to Plaintiffs' 205-page Response to Defendants' Rule 56.1 Statement. As the Court will recall, Defendants submitted their Rule 56.1 Statement as an Exhibit to their Motion for Summary Judgment on May 5, 2014. DE 497-1. Plaintiffs subsequently requested that certain paragraphs be stricken because they pointed to an absence of admissible evidence rather than citing to evidence. DE 527. The Court resolved that issue by excusing Plaintiffs from responding to those paragraphs. DE 509. In their Response, Plaintiffs have not responded to those paragraphs as contemplated

---

[1] Plaintiffs requested that their position be set forth as follows: "Plaintiffs have advised defendants that they would agree to defendants' request for an enlargement, if not for the fact that defendants are seeking the enlargement in part to prepare a paragraph-by-paragraph 'reply' to Plaintiffs' Rule 56.1 Statement. While the Court has wide discretion to interpret the local rules and grant leave to file such a 'reply,' *see LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995), plaintiffs do not believe it would be prudent for the Court to grant defendants leave to file such a burdensome document." Ex. A at 1.



by the Court's order. Instead, the Plaintiffs have submitted a 5-page "Section I" entitled "Summary of Material Facts to be Tried" that contains no direct citations to evidence, and a 65-page "Section II" entitled "Plaintiffs' Evidence Supporting Their Contentions Concerning The Material Facts as to Which There Exists a Genuine Issue to be Tried." *See* Response to Defendants' Rule 56.1 Statement at 1-71. Plaintiffs have also submitted a 129-page "Section III" that responds to the paragraphs in Defendants' Rule 56.1 Statement. *Id.* at 71-205.

Defendants are obviously entitled to respond to Plaintiffs' 205-page Rule 56.1 Statement under the terms of Federal Rule of Civil Procedure 56(c)(1)(B), which allows Defendants to "show[] . . . that an adverse party cannot produce admissible evidence to support the fact[s]" asserted by Plaintiffs in their Rule 56.1 Statement, and similarly by Rule 56(c)(2), which allows Defendants to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." That response would not entirely be a "reply" in any event because Plaintiffs have submitted their own "Section II" entitled "Plaintiffs' Evidence Supporting Their Contentions Concerning The Material Facts as to Which There Exists a Genuine Issue to be Tried" to which Defendants have not yet had an opportunity to respond. For this reason, other judges in this district have routinely allowed Rule 56.1 replies. *See, e.g., Kaufman v. Guest Capital, L.L.C.*, 386 F. Supp. 2d 256, 258 n.1 (S.D.N.Y. 2005) (noting that the facts on defendants' motion for summary judgment were drawn from "defendants' Rule 56.1 Reply Statement" among other filings); *Zakre v. Norddeutsche Landesbank Girozentrale*, 396 F. Supp. 2d 483, 485 (S.D.N.Y. 2005) (same).

Plaintiffs do not dispute Defendants' right to respond to Plaintiffs' Response to Defendants' Rule 56.1 Statement. Instead, Plaintiffs seek to "jam" Defendants by requiring any such response to be contained within Defendants' Reply Brief. Ex. A at 1. Plaintiffs' position should be rejected. It would be unfairly prejudicial for Plaintiffs to limit Defendants to addressing all of the issues raised in Plaintiffs' 205-page Response to Defendants' Rule 56.1 Statement in Defendants' 20-page Reply brief. That would be the case in any event, but that prejudice is obviously compounded by the fact that the exhibits Plaintiffs have submitted in support of that Response consist of thousands of pages of material and multiple hours of video. Plaintiffs chose to respond to the Rule 56.1 Statement outside of their 50-page Opposition Brief, and Defendants should be afforded the same opportunity.

Accordingly, we respectfully request that the Court enter an order extending the deadline for Defendants to Reply or Respond to (1) Plaintiffs' letter regarding Exhibit 3-1 to the Proposed Joint Pretrial Order (DE 520); (2) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion in Limine (filed under seal); (3) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (filed under seal); (4) the Declaration of Kent A. Yalowitz in Opposition to Defendants' Motion for Summary Judgment and Motion in Limine (DE 521); and (5) Plaintiffs' Response to Defendants' Rule 56.1 Statement (filed under seal) until June 30, 2014. In addition, we request that the Court enter an order clarifying that Defendants have 20 pages for their Summary Judgment reply, that they can separately respond to Plaintiffs' 205-page Response to Defendants' Rule 56.1 Statement, and that they have 36 pages for their Motion in Limine reply.



We appreciate the Court's consideration of the foregoing.

Sincerely,

Mark J. Rochon