# EXHIBIT A.288


PLAINTIFF'S EXHIBIT 288

Date: 2 Kislev 5767
November 23, 2006

Case No.: 2306/04

## The Judea Military Court

**Before the Honorable Presiding Judge: Major Ronen Atzmon**
**Judge: Major Menachem Lieberman**
**Judge: Major Adrian Agasi**

**The Military Prosecution**

- v. -

**The Defendant: Ali Mohamed Hamad Haliel, Identity No. 920629276 / Israel Prison Service**
(Represented by Counsel, Adv. Khaled Alarj)

---

## Arguments for the Sentence

In the period from late January to late February 2004, two suicide attacks shocked Jerusalem, in which 19 people were murdered in cold blood and about a hundred more were injured to varying degrees. For his involvement in these attacks, we have convicted the Defendant of 19 offenses of assisting in the causation of intentional death and two more offenses of assisting in an attempt to cause intentional death.

In the first attack, the Defendant transferred to one of the co-planners of the attack, Abdul Rahman Maqdad, materials for preparing explosives for the planned attack. Rahman made the explosive bag and he transferred it to the suicide terrorist, Ali Ja'ara, who blew himself up on January 29, 2004, on [bus] line no. 19, when it arrived at the corner of Arlozorov and Aza Streets, at about 8:45 a.m.

As a result of the explosion, 11 civilians were killed and more than 50 were injured to varying degrees of severity.

In the second attack, the Defendant, Abdul Rahman Maqdad and Izz A-Din made the explosive bag that was intended for carrying out the suicide attack. The device was transferred to the suicide terrorist, Mohamed Zaoul, who blew himself up on February 22, 2004, on bus line no. 14. As a result of the explosion, eight civilians were killed and more than 50 were injured to varying degrees.

[Stamp] P 2: 263

We have heard the pleas of the parties for the sentencing. The Prosecutor summated the details of the offenses of which the Defendant was convicted and cited their severity. Concerning the fitting sentence for aiding in the suicide attacks, the Prosecutor stated that the Appellate Court has ruled that the Defendant would usually be sentenced to one term of life imprisonment, which will include a number of sentences concurrently, per the number of victims. The key contention of the Prosecutor is the character of the assistance of the Defendant in the accomplishment of the attacks. The Prosecutor contended that the Defendant expressed the will to assist in the accomplishment of the attacks, took a key part in them insofar as he planned and transferred components on more than one occasion; in the second attack, he also took part in the making of the explosive device, knowing that many people had been killed and injured in the first attack. This fact reinforces the position of the Prosecution that the Defendant had the wish to assist in the success of the attack, as opposed to other cases such as in Judea and Samaria Appeal 1706/05, in which the Defendant agreed only after repeat requests of those who were interested in carrying out the attacks, and this kind of assistance may be considered minor despite its severity.

The Prosecution has asked to sentence the Defendant to two cumulative terms of life imprisonment, one of which is to include 12 concurrent life imprisonment terms and the other nine concurrent imprisonment terms. At our request, the Prosecutor presented a precedent in which an accessory who drove a terrorist to the attack destination was sentenced to life imprisonment.

-1-

[Stamp] P 2: 263 [continued]

Date: 2 Kislev 5767
November 23, 2006

Case No.: 2306/04

The learned Defense Counsel contended that the Court must establish a proper differential level of sentencing between the accessory and the primary perpetrator and that this required a more lenient sentence for an accessory of the Defendant's type, because the part of the Defendant in the planning and realization of the attack was minor, boiling down to bringing of components for the explosive device, which is an indistinct action that anyone could perform, and because the degree of knowledge of the Defendant concerning the details of the attack and means for its realization was not high. In effect, the attack would also have occurred without the involvement of the Defendant. The key contention of the Defense Counsel is that in these circumstances, a sentence that would be deterrent but would be consistent with the acts of the Defendant could be handed down to him and contended that 20 to 25 years' imprisonment would be an appropriate sentence.

The Defendant did not add anything.

As the Military Appellate Court has ruled on more than on occasion, a person who is involved in the execution of mass attacks should be sentenced to life imprisonment. The Defendant was one of the primary originators and planners of two attacks that were intended to kill as many Israelis as possible. The attacks did occur, causing great loss of life and many injuries of varying degrees, and damage to property. The Prosecutor was right when he said that there was no need to go into great detail concerning the severity of the acts of the Defendant, who inflicted pain and suffering on the families of the victims and on the casualties who suffered varying degrees of injury, whose lives have been physically and mentally restricted. The lives of a great many individuals – the casualties and the families of the other victims – were severely hurt at once by the acts in which the Defendant assisted. Each of the victims had dreams that will not be fulfilled, plans that will not be completed and each of them has a life that in one moment has been completely wrecked.

Like the Prosecutor, we also believe that the involvement of the Defendant in aiding in the execution of the attacks is of the kind that justifies punishing the Defendant to the full extent of the law. This would mean a sentence of life imprisonment for causing the intentional death of each of the victims and a sentence of life imprisonment for each attempt to cause the death of the casualties in each of the attacks.

However, to form a differential level of sentencing between a key accomplice in suicide attacks and an accessory therein, we have decided that the prison terms are to be served concurrently.

[Stamp] P 2: 264

Therefore, for his involvement in the attack in January 2004, we have sentenced the Defendant to the following:

1. Life imprisonment – for aiding in causing the intentional death of the late Mr. Avraham Balhasan

2. Life imprisonment – for aiding in causing the intentional death of the late Ms. Hanna Bonder

3. Life imprisonment – for aiding in causing the intentional death of the late Ms. Anat Darom

4. Life imprisonment – for aiding in causing the intentional death of the late Mr. Yehezkel Goldberg

5. Life imprisonment – for aiding in causing the intentional death of the late Vladi Tzadik Manbara

6. Life imprisonment – for aiding in causing the intentional death of the late Mr. Viorel Octavian Florescu

7. Life imprisonment – for aiding in causing the intentional death of the late Ms. Rose Boneh

8. Life imprisonment – for aiding in causing the intentional death of the late Ms. Dana Itach

9. Life imprisonment – for aiding in causing the intentional death of the late Mr. Roman Hondiashvili

10. Life imprisonment – for aiding in causing the intentional death of the late Mr. Eli Zfira

11. Life imprisonment – for aiding in causing the intentional death of the late Ms. Natalia Gamril

12. Life imprisonment – for aiding in an attempt to cause the intentional death of the people who were injured in this attack.

[Stamp] P 2: 264 [continued]

Date: 2 Kislev 5767                                                        Case No.: 2306/04
    November 23, 2006

For his involvement in the attack in February 2004, we have sentenced the Defendant to the following:

13. **Life imprisonment – for aiding in causing the intentional death of the late Ms. Yaffa Ben-Shimol**

14. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Yuval Ozana**

15. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Rahamim Duga**

16. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Yehuda Haim**

17. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Ilan Avisidris**

18. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Benia Yonatan Zuckerman**

19. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Azulai Lior**

20. **Life imprisonment – for aiding in causing the intentional death of the late Mr. Natanel Havshush**

21. **Life imprisonment – for aiding in an attempt to cause the intentional death of the casualties in this attack.**

In total, we have sentenced the Defendant to 21 terms of life imprisonment, to be served **concurrently**, so that in effect he will serve a single term of life imprisonment.

The secretariat of the Court will forward a copy to each of the parties.

**A right of appeal within 30 days of handing down the arguments is conferred.**

[Stamp] P 2: 265

**Handed down and announced this day, November 28, 2006, in chambers.**

| _____[Signature]_____ | _____[Signature]_____ | _____[Signature]_____ |
|:---:|:---:|:---:|
| **Judge** | **Presiding Judge** | **Judge** |

-3-

[Stamp] P 2: 265 [continued]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 263-265.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 263-265.

_____
Rina Ne'eman

ss.: New Jersey

On the 28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

*[signature]*
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2332704

תאריך: ב' בכסלו התשס"ז           תיק מס': 2306/04
23 בנובמבר 2006

בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון
השופט: רס"ן מנחם ליברמן
השופט: רס"ן אדריאן אגסי

התביעה הצבאית

נגד

הנאשם: עלי מוחמד חמאד הליל ת.ז 920629276 / שב"ס
(באמצעות ב"כ עו"ד חאלד אלאערג')

## נימוקי גזר הדין

בתקופה שבין סוף חודש ינואר לסוף פברואר 2004, זעזעו את העיר ירושלים שני פיגועי התאבדות, ובהם נרצחו בדם קר 19 אנשים, וכמאה אנשים נוספים נפצעו בדרגות שונות של פציעה. בגין מעורבותו בפיגועים אלה, הרשענו את הנאשם ב- 19 עבירות של סיוע לגרימת מוות בכוונה, ושתי עבירות נוספות של סיוע לניסיון לגרימת מוות בכוונה.

בפיגוע הראשון, הנאשם העביר לאחד משותפיו לתכנון הפיגוע, ע"י רחמאן מקדאד, חומרים למטרת הכנת חומר נפץ לפיגוע המתוכנן. רחמאן יצר את תיק הנפץ והוא הועבר למחבל המתאבד, עלי ג'יעארה, שפוצץ עצמו ביום 29.1.2004, בקו 19, כשזה הגיע לפינת ארלוזורוב ועזה, סמוך לשעה 8:45.

כתוצאה מהפיצוץ נהרגו 11 אזרחים, ויותר מ-50 נפצעו בדרגות פציעה שונות.

בפיגוע השני, ייצרו הנאשם, ע"י א-רחמאן מקדאד ועז-אלדין את תיק הנפץ המיועד לביצוע פיגוע ההתאבדות. המטען הועבר למחבל המתאבד, מוחמד זעיל, שפוצץ עצמו ביום 22.2.2004, באוטובוס בקו 14. כתוצאה מהפיצוץ נהרגו 8 אזרחים, ויותר. מ-50 נפצעו בדרגות פציעה שונות.

שמענו את טיעוני הצדדים לעונש. התובע סיכם את פרטי העבירות בהן הורשע הנאשם וציין את חומרתן. באשר לעונש הראוי בגין הסיוע לפיגועי ההתאבדות, ציין התובע כי ביהמ"ש לערעורים פסק, שבדר"כ יוטל על הנאשם עונש אחד של מאסר עולם, שיכלול כמה עונשים בחופף, כמספר הקורבנות. טענתו המרכזית של התובע היא אופי הסיוע של הנאשם לצליחת הפיגועים. התובע טען כי הנאשם הביע רצון לסייע לצליחת הפיגועים, נטל בהם חלק מרכזי בכך שתכנן והעביר מרכיבים ולא עשה זאת באופן חד פעמי; גם בפיגוע השני, נטל חלק בייצור המטען, בידעו שבפיגוע הראשון נהרגו ונפצעו אנשים רבים. עובדה זו מהווה חיזוק לעמדת התביעה שלנאשם היה רצון לסייע בהצלחת הפיגוע, להבדיל ממקרים אחרים כמו בע' איו"ש 1706/05, בהם הנאשם נענה רק לאחר בקשות חוזרות ונשנות של אלה שכן היו מעוניינים בביצוע הפיגועים, וניתן היה להתייחס לסיוע מסוג זה לשולי למרות חומרתו.

התביעה ביקשה להשית על הנאשם עונש של שני מאסרי עולם במצטבר, אחד מהם יכלול 12 מאסרי עולם חופפים, והשני יכלול 9 מאסרי עולם חופפים. לבקשתנו, התובע הציג תקדים, שבו נגזר מאסר עולם על מסייע, שהסיע מחבל ליעד הפיגוע.

תאריך : ב' בכסלו התשס"ז                                          תיק מס' : 2306/04
23 בנובמבר 2006

1
2   הסנגור המלומד טען, כי על ביהמ"ש לקבוע מדרג עונשי ראוי בין המסייע לבין
3   המבצע העיקרי וכי הדבר מחייב הקלה בעונש של מסייע מסוגו של הנאשם. זאת,
4   משום שחלקו של הנאשם בתכנון ובמימוש הפיגוע היה קטן, והתמצה בהבאת
5   רכיבים למטען, פעולה חסרת ייחוד, שכל אחד יכול לבצעה, וכיוון שמידת הידיעה
6   של הנאשם את פרטי הפיגוע ודרכי מימושו לא הייתה גבוהה. למעשה, הפיגוע היה
7   מתרחש גם ללא מעורבות הנאשם. טענתו המרכזית של הסנגור היא כי בנסיבות
8   אלה, ניתן לגזור על הנאשם עונש שהוא מרתיע, אבל תואם את מעשיו, וטען כי 20
9   עד 25 שנות מאסר הן עונש מתאים.
10
11   הנאשם לא הוסיף דבר.
12
13   כפי שפסק לא אחת ביהמ"ש הצבאי לערעורים, מי שמעורב בהוצאה לפועל של
14   פיגועים המוניים, העונש הראוי לו הוא מאסר עולם. הנאשם היה מן היוזמים
15   והמתכננים העיקריים של שני פיגועים שנועדו להרוג ישראלים רבים ככל האפשר.
16   הפיגועים אכן יצאו לפועל, וגרמו אבידות רבות בנפש ופציעות רבות בדרגות שונות,
17   ונזק לרכוש. צדק התובע באומרו שאין צורך להכביר מילים על חומרת מעשיו של
18   הנאשם, אשר השיתו כאב וסבל על משפחות ההרוגים, ועל הפצועים בדרגות השונות
19   אשר הוגבלו בחייהם מבחינה רגשית ופיזית. חייהם של המוני בני אדם – הפצועים
20   ומשפחות הקורבנות האחרים – נפגעו קשות בבת-אחת בשל המעשים, שהנאשם
21   סייע להם. לכל אחד מההרוגים היו חלומות שלא יתגשמו, תוכניות שלא יושלמו,
22   ולכל אחד היו חיים, שברגע אחד נהרסו כליל.
23
24   כמו התובע, אף אנו סבורים, כי מעורבותו של הנאשם בסיוע להוצאת הפיגועים
25   לפועל, היא מן הסוג המצדיק מיצוי הדין עם הנאשם. משמעות הדבר, הטלת מאסר
26   עולם בגין גרימת מותו בכוונה של כל אחד מן ההרוגים, ומאסר עולם בשל כל ניסיון
27   לגרימת מותם של הפצועים, בכל אחד מן הפיגועים.
28
29   עם זאת, כדי ליצור מדרג בין שותף עיקרי לפיגועי התאבדות לבין מסייע להם –
30   החלטנו שעונשי המאסר ירוצו בחופף.
31
32   לפיכך, בגין מעורבותו בפיגוע מינואר 2004, גזרנו על הנאשם את העונשים הבאים :
33
34   1.   מאסר עולם- בגין הסיוע לגרימת מותו  בכוונה של מר אברהם בלחסן ז"ל
35   2.   מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' חנה בונדר ז"ל
36   3.   מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' ענת דרום ז"ל
37   4.   מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר יחזקאל גולדברג ז"ל
38   5.   מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר ולדי צדיק מנברה ז"ל
39   6.   מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר ויורל אוקטביה פלורסקו ז"ל
40   7.   מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' רוזה בונה ז"ל
41   8.   מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' דנה איטח ז"ל
42   9.   מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר רומן חונדיאשווילי ז"ל
43   10.  מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר אלי צפורה ז"ל
44   11.  מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' נטליה גמריל ז"ל
45   12.  מאסר עולם- בגין הסיוע לניסיון לגרימת מותם בכוונה של האנשים שנפצעו בפיגוע זה.
46

P 2: 264

תאריך : ב' בכסלו התשס"ז       תיק מס' : 2306/04
23 בנובמבר 2006

1
2  על מעורבותו בפיגוע מפברואר 2004גזרנו על הנאשם את העונשים הבאים :
3
4  13. מאסר עולם- בגין הסיוע לגרימת מותה בכוונה של גב' יפה בן שימול ז"ל
5  14. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר יובל אוזנה ז"ל
6  15. מאסר עולם – בגין הסיוע לגרימת מותו בכוונה של מר רחמים דוגה ז"ל
7  16. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר יהודה חיים ז"ל
8  17. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר אילן אביסדריס ז"ל
9  18. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר בניה יונתן צוקרמן ז"ל
10 19. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר אזולאי ליאור ז"ל
11 20. מאסר עולם- בגין הסיוע לגרימת מותו בכוונה של מר נתנאל חבשוש ז"ל
12 21. מאסר עולם- בגין הסיוע לניסיון לגרימת מותם של הפצועים בפיגוע זה.
13
14 בסה"כ גזרנו על הנאשם 21 מאסרי עולם, שירוצו **בחופף**, כך שבפועל ירצה מאסר
15 עולם אחד.
16
17 מזכירות ביהמ"ש תעביר העתק לכל אחד מהצדדים.
18
19 זכות ערעור תוך 30 יום ממסירת הנימוקים.
20
21 ניתן והודע היום, 28.11.2006, בלשכה.
22
23
24
25  שופט            אב"ד            שופט

-3-