# EXHIBIT A.290


PLAINTIFF'S EXHIBIT 290

[Line numbering in Hebrew original]

Date: 11 Tammuz 5764  
June 30, 2004

File Number: 2268/04

## Military Court, Judea

**Before the Honorable Presiding Judge: Major Yair Tirosh**  
**Judge: Captain Herzl Yosefi**  
**Judge: Captain Azriel Levi**

**The Military Prosecution**  
(represented by Lieutenant Rani Amar)

- v. -

**Defendant: Mohamed Issa Mohamed Ma'ali  Identity No. 907377113/ Prisons Service – Present**  
(represented by his attorney, Adv. Khaled al-Aghraj – Present  
Adv. Osama Odeh - Absent)

**Recorder: Corporal Marie-Ann Gurevich**  
**Interpreter: Sergeant Karim Salameh**

---

**The Presiding Judge opens the hearing and identifies the Defendant.**

## HEARING

Defense Attorney: My client is familiar with the indictment and he denies culpability. There is no dispute as to the facts. It is not our intention to hear witnesses in the case. There is agreement to submit all the evidentiary material. If we do not reach an arrangement by the next hearing, we will argue as to the accusations. In particular the accusation that he assisted the suicide terrorist to reach Israel. The fact is true. The question is whether this constitutes causation of death or being an accessory. I move to set the case down for July 18, 2004. On that date I will give notice if we wish to submit arguments or to reach an arrangement.

Prosecutor: No objections.

## DECISION

The case is adjourned for mention on July 18, 2004.

agreed-upon material will be submitted at the next hearing, if the parties do not come to an arrangement.

**Given and notified this day, June 30, 2004, in public and in the presence of the parties.**

| Judge | Presiding Judge | Judge |
|---|---|---|

[Stamp] P 2: 281

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 281.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 281.

_____
Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
25 day of February, 2014

_____
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2332704

מס' תיק: 2268/04　　　　　　　　　　　　　　　　　תאריך: י"א תמוז, תשס"ד
　　　　　　　　　　　　　　　　　　　　　　　　　　30 יוני, 2004

בית המשפט הצבאי יהודה　　1
　　　　　　　　　　　　　　　2
בפני כב' האב"ד: רס"ן יאיר תירוש　　3
שופט: סרן הרצל יוספי　　4
שופט: סרן עזריאל לוי　　5
　　　　　　　　　　　　　　　6
התביעה הצבאית　　7
(באמצעות סגן ראני עאמר)　　8
　　　　　　　　　　　　　　　9
נגד　　10
　　　　　　　　　　　　　　　11
הנאשם: מוחמד עיסא מוחמד מעאלי   ת.ז. 907377113 / שב"ס - נוכח　　12
(באמצעות ב"כ עו"ד חאלד אלאערג' - נוכח　　13
עו"ד אוסאמה עודה - נעדר)　　14
　　　　　　　　　　　　　　　15
רשמת: רב"ט מרי-אן גורביץ'　　16
מתורגמן: סמל כרים סלאמה　　17
　　　　　　　　　　　　　　　18
　　　　　　　　　　　　　　　19
אב"ד פותח את הישיבה ומזהה את הנאשם.　　20
　　　　　　　　　　　　　　　21

**מהלך הדיון**　　22
　　　　　　　　　　　　　　　23
סניגור: מרשי מכיר את כתב האישום וכופר בו. אין מחלוקת על העובדות. אין　　24
בכוונתנו לשמוע עדים בתיק. ישנה הסכמה להגיש את כל חומר הראיות. אם לא נגיע　　25
להסדר עד הישיבה הבאה, נטען לגבי האשמות. בעיקר האשמה שהוא סייע למתאבד　　26
להגיע לישראל. העובדה נכונה. השאלה היא האם מדובר בגרימת מוות או בסיוע.　　27
אבקש לקבוע את התיק ליום 18/07/04. באותו יום אודיע אם ברצוננו לטעון או　　28
להגיע להסדר.　　29
　　　　　　　　　　　　　　　30
תובע: אין התנגדות.　　31
　　　　　　　　　　　　　　　32

**החלטה**　　33
　　　　　　　　　　　　　　　34
התיק נדחה לתזכורת ליום 18/07/04.　　35
　　　　　　　　　　　　　　　36
החומר המוסכם יוגש בישיבה הבאה אם לא יגיעו הצדדים להסדר.　　37
　　　　　　　　　　　　　　　38
ניתן והודע היום, 30/06/2004, בפומבי ובמעמד הצדדים.　　39
　　　　　　　　　　　　　　　40
　　　　　　　　　　　　　　　41
_____　　　_____　　　_____　　　
שופט　　　　　　　　אב"ד　　　　　　　　שופט　　42
　　　　　　　　　　　　　　　43

-1-

P 2: 281