# EXHIBIT A.294



PLAINTIFF'S EXHIBIT 294

Date: 26 Elul 5766  
September 19, 2006

Case No.: 2305/04

## The Judea Military Court

**Before the Honorable President of the Court:**  Major Yair Tirosh  
**Judge:** Major Amir Dahan  
**Judge:** Major Dalia Kaufman

**The military prosecution**  
(by Captain Sagiv Lichtman)

- v. -

**The Defendant: Ahmed Mohamed Ahmed Saad, Identity No. 911744878 / IPS - present**  
(by Counsel Adv. Osama Ouda - present)

**Shift supervisor:** Corporal Yafit Kadishman  
**Interpreter:** Staff Sergeant Hassan Zaher

---

The President of the Court opens the meeting and identifies the Defendant.

## Course of the Hearing

The parties: There is no evidence for sentencing.

Prosecutor summates: One after another, the cases relevant to the Defendants that were involved in that miserable case that took the lives of 19 people and that led to the injury of a great many others are coming to an end. Each of the members of this affair, each with his own part, is given his due respect. It seems that when we are prepared to deal with the case of each individual defendant, the severity of the acts of the links of the chain that led to the terrible results re-emerge.

The part of the Defendant is ostensibly very clear, as the Court has determined and as the Defendant has admitted in part. The factual foundation is clear and is undisputed. The Defendant had a significant part in the stage of manufacturing the explosive devices, bringing in relevant materials. Concerning the mental foundation and in effect the degree of knowledge and direction, there was a dispute between the parties concerning the first attack. Concerning the second attack, the parties agreed that it was a sufficient level of knowledge and clear intent.

[Stamp] P2: 308

Therefore, what should the fitting sentence be for a person who knowingly and intentionally aided in the manner described in the indictment in causing the intentional deaths of 19 people and the injury of others? In order to get an indication of this, we shall refer to the case of Ali in Court Case 2306/04, who was also convicted as an accessory in the two attacks set forth, his part in the execution of the counts in the first attack being very similar to the case of the Defendant except for the fact that he was also an accomplice in the general planning for carrying out the attacks, including a suicide attack; and concerning the second attack, his part was similar to that of the Defendant concerning the question of the materials that were used for preparing the explosive devices, but is greater than his concerning the making of the explosive bag that was used for the attack; and also at an additional point whose nature is not clear from reading the indictment and the facts of the indictment that Ali admitted are on the part of the factual foundation thereof and on the part of the mental foundation, which appears in subsections 10 and 11. On this matter, I refer to the relevant part of his pleas in the case of the accomplice 2303/04, which were contended today […]

[Stamp] P2: 308 [continued]

Date: 26 Elul 5766                                                                               Case No.: 2305/04
       September 19, 2006

[…] in this Court (Halimi Hamash), and in the indictment on the matter of Ali that was filed in the case. In effect, even if the matter of Ali is graver than that of the Defendant in certain respects, the prosecution believes that this is not enough to form a case for differential sentencing that would result in the sentence of the Defendant being imprisonment set in years, but rather according to the case law of the Military Appellate Court both concerning the possible sentencing level within the sentence of "life imprisonment" and concerning the existing sentencing levels between an accomplice and an accessory that usually manifests in a difference between serving concurrent or cumulative live imprisonment sentences, and I refer, because of the late hour, to the case referred to above and to the case of Ali 2306/04 in the transcript of the hearing.

In view of that which has been set forth, the prosecution asks for the following sentences to be handed down to the Defendant:

A.    For causing intentional death of each of the victims (reads out the names of the victims), life imprisonment (19 life imprisonment terms).

B.    For each of the counts of aiding in attempting to cause intentional death, life imprisonment (2 life imprisonment terms).

C.    For the other offenses, a sentence set in years.

In view of the case law of the Military Appellate Court and in view of the principle of sanctity of life, the Prosecution asks for the life imprisonment terms related to the first attack be served concurrently, that the life imprisonment terms related to the second attack be served concurrently and these two groups of sentences and the sentence set in years be served cumulatively to one another, so that in effect the Defendant is to serve a sentence of 2 terms of life imprisonment and a sentence set in years.

[Stamp] P2: 309

3

The defense counsel summates: It is difficult for me to argue today in the case of the Defendant without having known at least the position of the Honorable Court concerning his accomplice. I go back to all of the pleas in Court Case 2303/04 and add as follows. It is clear to Their Honors and it is clear to any person who has a connection to laws that this [the Defendant] is the simplest of all of the collaborators who involved themselves in the attack that is mentioned in the indictment. This is the mildest case and my colleague the Prosecutor cannot make the comparison that he made before and reach the conclusion that this case is close to the severity of [the acts of] Ali. This is not a case for life sentences at all. The part of the Defendant here is a simple part, in which he was requested (by the accomplices) to transfer to them a substance called "acetone". He transferred this to them and he was not aware of the planning of the attack. Neither the first attack nor the second. I believe that at least his part was minor and I believe that like many precedents that have been tried before this Court and the Appellate Court, and they were sentenced in years. I ask to file my precedent by written notice by tomorrow morning to the Court. This is a defendant who was a minor at the time of commission of the offense.

Defendant in his last address: I thank the Honorable Court for permitting me to speak. I was born to two parents who took great interest in their children's studies and I did what they wanted of me until I reached the age of 17. At this time there was a friend of mine and I made a mistake and I regret that I did it, but the part I did, I admit it, but what I did is part of what I carried out without thinking of the consequences, and I hope that it will be clear to everyone that when I reached a mature age, I thought about my actions and saw that the actions that I had performed were violent and bad actions against humanity, but that was in the past and I cannot change the past, and I intend to do something like reciprocation, to reciprocate for it and save people so they will not be like the way I was a victim of a society that did not really know what the thoughts of the other society were. If you think that I pose a danger to the Area I can, if you agree to my leaving the Area altogether, although I do not prefer it because I want, insistently, to clarify to everyone that I did not want to do it and that I regret it, and to prove it while I am here. I ask the court to save me from the company of the prison, that only knows of bloodshed and does not talk about peace or about existence, and where whoever talks about this is considered […]

[Stamp] P2: 309 [continued]

Date: 26 Elul 5766　　　　　　　　　　　　　　　　　　　　　　　　　　Case No.: 2305/04
　　　　September 19, 2006

a traitor and is not good for humanity. That is something smaller than what I want to talk to you about, but I know that the wise man understands the whole matter. And I know that Your Honors are the wisest. Everything that I have said, with all due respect to you, do not think that I am talking about this because I am under the influence of the prison or the sentence. I really believe in it and I believe that there is justice. I am now under the influence of the mind, logic and science and I see that science is the correct way. I am studying at the Open University at your facility and I wish to continue my studies in psychology in Israel. Thank you very much.

## Decision

The verdict will be handed down on Thursday, September 21, 2006.

A copy of the decision will be forward to the Head of the Summons Desk.

The defense counsel has the right to file precedents.

**Handed down this day, September 19, 2006, in public and in the presence of the parties.**

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| **Judge** | **President of the Court** | **Judge** |
| [Stamp] Amir Dahan | | |
| Judge | | |

[Stamp] P2: 310

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 308-310.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 308-310.

                                                                   Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

MIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D. # 2332704

Case 1:04-cv-00397-GBD-RLE    Document 547-208    Filed 06/25/14    Page 9 of 12

תאריך: כ״ו אלול, תשס״ו
19 ספטמבר, 2006

תיק מס': 2305/04

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן יאיר תירוש
השופט: רס"ן אמיר דהאן
השופטת: רס"ן דליה קאופמן

**התביעה הצבאית**
(באמצעות סרן שגיב ליכטמן)

נגד

**הנאשם: אחמד מוחמד אחמד סעד ת.ז 911744878/ שב"ס - נוכח**
(באמצעות ב"כ עו"ד אוסאמה עודה – נוכח)

רמ״שית: רב"ט יפית קדישמן
מתורגמן: סמ"ר חסן זאהר

אב"ד פותח את הישיבה ומזהה את הנאשם.

### מהלך הדיון

הצדדים: אין ראיות לעונש.

תובע מסכם: בזה אחר זה מגיעים לידי סיום התיקים הנוגעים לנאשמים שהיו מעורבים באותה פרשייה אומללה אשר גבתה את חייהם של 19 בני אדם וכן הביאה לפציעתם של רבים אחרים. כל אחד מחברי הפרשייה כפי חלקו, כל אחד לפי כבודו וכפי מעלתו. דומה כי כאשר מוכנים אנו לענייננו של כל נאשם ונאשם צצה ועולה לה הסברה מחדש, צצה ועולה חומרת המעשים מחדש אותן שרשראות שהביאו לתוצאות הנוראיות.

חלקו של הנאשם הינו לכאורה ברור מאד, כפי שקבע ביהמ"ש וכפי שהודה חלקית הנאשם. היסוד העובדתי ברור ואף לא הייתה עליו מחלוקת. לנאשם היה חלק משמעותי בשלב של ייצור המטענים, הבאת חומרים רלוונטים. בנוגע ליסוד הנפשי ולמעשה למידת הידיעה והכוונה, נפלה מחלוקת בין הצדדים בנוגע לפיגוע הראשון. ביחס לפיגוע השני, הסכימו הצדדים כי מדובר במידת ידיעה מספקת ובכוונה ברורה.

מה הוא אם כן העונש הראוי למי שביודעין ובכוונה סייע באופן המתואר בכתב האישום לגרימת מותם בכוונה של 19 אנשים ולפציעתם של אחרים? על מנת לקבל אינדיקציות לכך, נפנה לענייננו של עלי בתיק ביהמ"ש 2306/04 אשר הורשע אף הוא כמסייע בשני הפיגועים האמורים כאשר חלקו בביצוע הפרטים הינו בפיגוע הראשון דומה במידה רבה לענייננו של הנאשם למעט העובדה שהיה שותף גם לתכנון כללי לביצוע הפיגועים ובהם פיגועי התאבדות ובנוגע לפיגוע השני, חלקו היה דומה לנאשם בהתייחס לשאלת החומרים אשר שימשו להכנת המטענים אך עודף עליו בנוגע לייצור תיק הנפץ אשר שימש לפיגוע וכן בנקודה נוספת אשר מהותה אינה ברורה מקריאת כתב האישום ובעובדות בהן הודה עלי הן מצד היסוד העובדתי בה והן מצד היסוד הנפשי ואשר מופיע בסעיפים קטנים 10+11 בעניין זה אני מפנה לחלק הרלוונטי בטיעוני בתיקו של השותף 2303/04 שנטענו היום

-1-

תאריך : כ״ו אלול, תשס״ו                                    תיק מס׳ : 2305/04
19 ספטמבר, 2006

1   בביהמ״ש זה (חלמי המאש) וכן בכתב האישום בעניינו של עלי שחוגש בתיק.
2   למעשה, גם אם חמור עניינו של עלי מעניינו של הנאשם מנקודות מסויימות,
3   התביעה סבורה, שאין בכך כדי ליצור מדרג ענישה אשר ימצה את עונשו של הנאשם
4   בעונש קצוב בשנים אלא לפי פסיקת ביהמ״ש הצבאי לערעורים  הן בנוגע למדרג
5   האפשרי בתוך עונש "מאסר העולם" והן בנוגע למדרג העונשי הקיים בין שותף
6   למסייע אשר מתבטא בדרך כלל בהבדל בין ריצוי עונשי מאסר העולם בחופף או
7   במצטבר ואני מפנה, בשל השעה המאוחרת, לתיק המוזכר לעיל וכן לתיקו של עלי
8   2306/04 בפרוטוקול הדיון.
9
10  לאור האמור, מבקשת התביעה כי יוטלו על הנאשם העונשים הבאים :
11  א.  בגין גרימת מותו בכוונה של כל אחד מההרוגים (מקריא את שמות
12      ההרוגים) מאסר עולם (19 מאסרי עולם).
13  ב.  בגין כל אחד מפרטי אישום הסיוע לניסיון לגרימת מוות בכוונה מאסר
14      עולם (2 מאסרי עולם).
15  ג.  בגין שאר העבירות, עונש קצוב בשנים.
16
17  נוכח. פסיקת ביהמ״ש הצבאי לערעורים  ולנוכח עקרון קדושת החיים מבקשת
18  התביעה כי עונשי מאסר העולם הנוגעים לפיגוע הראשון ירוצו בחופף, עונשי מאסר
19  העולם הנוגעים לפיגוע השני, ירוצו בחופף ושתי קבוצות עונשים אלו והעונש הקצוב
20  ירוצו במצטבר זה לזה כך שבפועל ירצה הנאשם עונש של 2 מאסרי עולם ועונש
21  קצוב בשנים.
22
23  סנגור מסכם : קשה לי לטעון היום בתיקו של הנאשם אלא אם ידעתי לפחות את
24  עמדתו של כב׳ ביהמ״ש של שותפו. אני חוזר לכל הטיעונים של בתיק ביהמ״ש
25  2303/04 ומוסיף כדילקמן, ברור לכב׳ וברור לכל אדם שיש לו קשר בחוקים שמדובר
26  כאן על ההכי פשוט בין כל החברים שערבו עצמם בפיגוע שמוזכר בכתב האישום.
27  מדובר כאן על המקרה הכי קל ולא יכול חברי התובע שיעשה את ההשוואה שעשה
28  לפני ויגיע למסקנה שהתיק הזה קרוב לחומרתו של עלי. כאן לא מדובר בכלל על
29  תיק מאסרי עולם. חלקו של הנאשם כאן הוא חלק פשוט שביקשו ממנו (השותפים) א
30  להעביר להם חומר שקוראים לו "אציטון", הוא העביר להם את זה והוא לא היה
31  מודע לתכנון הפיגוע. לא בפיגוע הראשון ולא בשני. נדמה לי שלפחות חלקו היה קטן
32  ונדמה לי שדומה להרבה תקדימים שנשפטו בפני ביהמ״ש זה וביהמ״ש לערעורים
33  והם קיבלו שנים. אבקש להגיש את תקדימי בהודעה כתב עד למחר בבוקר
34  לביהמ״ש. מדובר על נאשם שהיה קטין בעת ביצוע העבירה.
35
36  נאשם בדברו האחרון : אני מודה לכב׳ ביהמ״ש בגלל שמסרתם לי את רשות הדיבור.
37  נולדתי לשני הורים שהתענייני מאד בלימודי הילדים ואני עשיתי את מה שהם רצו
38  ממני עד שהגעתי לגיל 17. בזמן הזה היה חבר שלי ועשיתי טעות ואני מתחרט על זה
39  שעשיתי את זה אולם החלק שעשיתי, אני מודה בו אבל את מה שעשיתי הוא חלק
40  שביצעתי אותו בלי לחשוב על התוצאות ואני מקווה שיהיה ברור לכולם שאני בזמן
41  שהגעתי לגיל בגרות חשבתי על מעשיי וראיתי שהמעשים שעשיתי אותם הם מעשים
42  אלימים ולא טובים נגד האנושות אך זה היה בעבר ואני לא יכול לשנות את העבר
43  ואני מתכוון לעשות דבר כמו גומלין, לגמול את זה ולהציל אנשים שלא יהיו כמו
44  שאני הייתי קורבן של החברה הלא יודעת באמת מה המחשבות של החברה השנייה.
45  אם אתם חושבים שאני מהווה סכנה על האזור אני יכול, אם אתה מסכימים על זה
46  שאצא בכלל מהאזור למרות שאני לא מעדיף את זה בגלל שאני רוצה בעקשנות,
47  להבהיר לכולם שלא רציתי לעשות את זה ואני מתחרט על זה ולהוכיח את זה ובזמן
48  שאני פה. אני מבקש מביהמ״ש שתצילו אותי מהחברה של בית הכלא שלא יודעת
49  אלא שפיכות דמים ולא מדברים על השלום או על דו קיום ומי שמדבר על זה נחשב

-2-

תאריך: כ"ו אלול, תשס"ו                                    תיק מס': 2305/04
19 ספטמבר, 2006

1   בוגד והוא לא טוב נגד האנושות. זה משהו קטן ממה שאני רוצה לדבר איתכם אולם
2   אני יודע שהנבון מבין את כל העניין. ואני יודע שכבי הכי נבונים. כל מה שאמרתי עם
3   כל הכבוד לכם אל תחשבו שאני מדבר על זה כי אני תחת השפעת הכלא או העונש.
4   אני באמת מאמין בזה ואני מאמין שיש צדק. אני עכשיו תחת השפעת השכל, ההגיון
5   והמדע ואני רואה שהמדע הוא הדרך הנכונה. אני לומד באוניברסיטה הפתוחה
6   אצלכם ואני רוצה להמשיך את לימודי בפסיכולוגיה בישראל. תודה רבה.
7
8                                            ה ח ל ט ה
9
10                          גזר הדין יינתן ביום חמישי 21/9/06.
11
12                          העתק מההחלטה יועבר לרמ"ד זימונים.
13
14                          לסנגור הזכות להגיש תקדימים.
15
16   **ניתן והודע היום, 19.9.2006, בפומבי ובמעמד הצדדים.**
17
18   ─────────────────              ─────────────────
19          שופטת                         עו"ד

-3-