# EXHIBIT A.295


PLAINTIFF'S EXHIBIT 295

Date: 2 Av 5766
July 27, 2006

Case No.: 2270/04

## The Judea Military Court

**Before the Honorable Presiding Judge:** Major Ronen Atzmon
**Judge:** Major Adrian Agasi
**Judge:** Major Menachem Lieberman

**The Military Prosecution**
(Represented by Lieutenant Tomer Horovitz)

- v. -

**The Defendant:** Abdul Rahman Yousef Abdul Rahman Maqdad, Identity No. 41410066625 / Israel Prison Service – present
(Represented by Counsel, Adv. Osama Ouda – present)

**Stenographer:** Corporal Liat Wieg
**Interpreter:** Corporal Majd Katish

---

The Presiding Judge opens the session and identifies the Defendant.

## Course of the Hearing

Defendant: Adv. Ouda is representing me.

Defense Counsel: The defense was supposed to give a summation today. The position of the Defendant is that he does not want me to give a summation and his position is that all of the facts in the indictment are correct and his position is that he murdered and injured all of the people who were mentioned in the indictment, but he did it within the framework of his struggle against the occupation. It is the right of the Defendant to do so and therefore, although he murdered, he does not think that he is pleading guilty.

Defendant: I confirm that the facts of the indictment are correct, as my defense counsel has said. I do not plead guilty; the Court can decide whether I am guilty or not.

Prosecutor: The Prosecution has filed summations. In view of the confession of the Defendant in the indictment, I ask that he be convicted of that which has been attributed to him.

[Stamp] P 2: 314

## Verdict

Based on the Defendant's admission of the facts in the indictment, we have examined the counts of the indictment and are satisfied that the admission of the facts is sufficient in order to substantiate the guilt of the Defendant on all of the counts of the indictment.

We must point out that we have found no basis for any legal defense to the vague contention of Counsel for the Defense, that the Defendant committed the acts based on the thought that by doing so he was resisting the "occupation" and therefore he is not guilty.

Therefore, we state that there is no reservation with respect to the criminal liability of the Defendant for the acts to which he has admitted.

We therefore convict the Defendant for all of the offenses that appear in the indictment; in other words:

A. ✓ Shooting at a person, under Section 58 (A) of the Defense Regulations.

B. ✓ Possession of war materiel, under Section 53 (A) (1) of the Security Provisions Order.

C. ✓ Four counts of attempt to cause intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and under Section 19, 20 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

D. ✓ Nineteen counts of causing intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

E. ✓ Four counts of conspiring to cause intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and under Sections 21, 22 of the Rules of Responsibility for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 2: 314 [continued]

Date:  2 Av 5766                                                              Case No.: 2270/04
        July 27, 2006

**Handed down and announced this day, July 27, 2006, in public and in the presence of the parties.**

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| **Judge** | **Presiding Judge** | **Judge** |

Prosecutor: There is no evidence for the sentencing.

Defense counsel: There is no evidence for the sentencing.

The Prosecutor gives a summation: The Defendant was convicted based on his confession to his part in two attacks that caused in total the deaths of 19 innocent civilians and the injury of dozens more. I do not think that there is room for going into detail concerning the severity of the acts, [namely] the cold blooded murder of innocent people. The Defendant did not express any remorse for his acts either, and even today, when he is here and presenting his case, he still supports the deeds. The Military Prosecution will ask the Honorable Court to sentence the Defendant to cumulative life sentences for each of the slain. In addition, we ask to sentence the Defendant to two additional cumulative terms of life imprisonment for the injuries that were caused in each of the two attacks in which the Defendant took part, and a fitting punishment for all of the other offenses that are attributed to him in the indictment. I wish to refer the Honorable Court to Judea and Samaria Area Appeal 2793/04, Munzar Noor, in which the defendant was convicted for his part in an attack in Jerusalem in which a civilian was killed and many more were injured. The Court sentenced the Defendant to two cumulative terms of life imprisonment – one for causing the death of the person who met his death in the attack, and the other for the attempt to cause the deaths of additional civilians, many of whom were injured in that attack, and a befitting term of imprisonment for the other offenses. I think that for the various attempts, additional, separate sentences of life imprisonment should be given and therefore I have requested two additional sentences of life imprisonment. I think that the sentence will express the principle of the sanctity of life.

Defense Counsel gives a summation: I cannot elaborate the position of the Defendant as he will do. Therefore, my summations will be the last statement of the Defendant.

[Stamp] P 2: 315

The Defendant in his last statement: I admitted to all of the individuals whom I killed in Israel, but I am not guilty, because that is my right: a response to the tens of thousands whom you have killed for no reason, only because you think that you are the best in the world and if you continue this method in your lives, you shall not hear or feel peace or security. All of this reason is down to you and your politics, of the occupation.

I shall talk about myself, I promise to you, the judges, if there will be peace we shall be the friends of peace, and if you continue in the same way, I shall be the first in battle, and I have also promised that the day will come in which I shall be sitting in your place and shall judge you for everything that you have inflicted upon the Palestinian people. That is a promise that will soon be fulfilled. I promise you that I shall get out of prison and whatever will be a sentence will be an honor for me and gives honor to my wife and son, and my son, who is 3 years old, too, I hope that by the time he grows up there will be something called "peace". If there will be a war, like what you are accustomed to, killing children and babies, and I hope that he will be more of a fighter and will fight more than me.

**The Court stops the Defendant. The Defendant refuses to stand up during the reading of the sentence and is therefore removed from the courtroom.**

**After a break, the Court returns the Defendant after he has expressed his willingness to stand up during the reading of the sentence.**

[Stamp] P 2: 315 [continued]

Date:  2 Av 5766  
       July 27, 2006

Case No.: 2270/04

## The Judea Military Court

**Before the Honorable Presiding Judge:**  Major Ronen Atzmon  
                              **The Judge:**  Major Adrian Agasi  
                              **The Judge:**  Major Menachem Lieberman

**The Military Prosecution**  
(Represented by Lieutenant Tomer Horovitz)

- v. -

**The Defendant: Abdul Rahman Yousef Abdul Rahman Maqdad, Identity No. 41410066625 / Israel Prison Service – present**  
(Represented by Counsel, Adv. Osama Ouda – present)

---

## Sentence

After having considered the contentions of the parties and the last statements of the Defendant in view of his actions, we have decided to sentence him as follows:

A.   For causing the intentional death of **the late Mr. Avraham Balhasan** – life imprisonment.

B.   For causing the intentional death of **the late Ms. Hannah Bonder** – life imprisonment.

C.   For causing the intentional death of **the late Ms. Anat Darom** – life imprisonment.

D.   For causing the intentional death of **the late Mr. Yehezkel Goldberg** – life imprisonment.

E.   For causing the intentional death of **the late Mr. Vladi Tzadik Mandara** – life imprisonment.

F.   For causing the intentional death of **the late Mr. Viorel Octavian Florescu** – life imprisonment.

G.   For causing the intentional death of **the late Ms. Rose Boneh** – life imprisonment.

H.   For causing the intentional death of **the late Ms. Dana Itach** – life imprisonment.

[Stamp] P 2: 316

I.   For causing the intentional death of **the late Mr. Roman Hondiashvili** – life imprisonment.

J.   For causing the intentional death of **the late Mr. Eli Zfira** – life imprisonment.

K.   For causing the intentional death of **the late Ms. Natalia Gamril** – life imprisonment.

L.   For causing the intentional death of **the late Ms. Yaffa Ben-Shimol** – life imprisonment.

M.   For causing the intentional death of **the late Mr. Yuval Ozana** – life imprisonment.

N.   For causing the intentional death of **the late Mr. Rahamim Doga** – life imprisonment.

O.   For causing the intentional death of **the late Mr. Yehuda Haim** – life imprisonment.

P.   For causing the intentional death of **the late Mr. Ilan Avisidris** – life imprisonment.

Q.   For causing the intentional death of **the late Mr. Benia Yonatan Zuckerman** – life imprisonment.

R.   For causing the intentional death of **the late Mr. Lior Azulai** – life imprisonment.

S.   For causing the intentional death of **the late Mr. Natanel Havshush** – life imprisonment.

T.   For injuring dozens of people in the attack on January 29, 2004 – life imprisonment.

U.   For injuring dozens of people in the attack on February 22, 2004 – life imprisonment.

V.   For the other counts of the indictment of which the Defendant has been convicted – 15 years.

All of the sentences are to be served cumulatively.

The arguments for sentencing will be given separately.

**A right of appeal within 30 days of the issue of the arguments is conferred.**

**Handed down and announced this day, July 27, 2006, in public, in the presence of the parties.**

|  [Signature]  |  [Signature]  |  [Signature]  |
|:---:|:---:|:---:|
|  **Judge**  |  **Presiding Judge**  |  **Judge**  |

[Stamp] P 2: 316 [continued]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

               Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

               Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 314-316.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 314-316.

                                                                                       Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D. # 2332704

תאריך : ב' אב, תשס"ו                                    תיק מס' : 2271/04
27 יולי 2006

בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון
השופט: רס"ן אדריאן אגסי
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625/ שב"ס – נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

רשמת : רב"ט ליאת וויג
מתורגמן : רב"ט מג"ד קטיש

אב"ד פותח את הישיבה ומזהה את הנאשם.

**מהלך הדיון**

נאשם : מייצג אותי עו"ד עודה.

סנגור : הסנגוריא אמורה הייתה לסכם היום. עמדת הנאשם היא שהוא לא רוצה שאני אסכם ועמדתו היא שכל העובדות בכתב האישום הן נכונות וכן עמדתו שהוא רצח ופצע את כל האנשים שנזכרו בכתב האישום, אבל הוא עשה את זה במסגרת מאבקו נגד הכיבוש. זכותו של הנאשם לעשות כך ולפניכך, ולמרות שהוא רצח, הוא לא חושב שהוא מודה.

נאשם : אני מאשר שעובדות כתב האישום נכונות, כפי שאמר סנגורי. אני לא מודה, ביהמ"ש יכול להחליט אם אני אשם או לא.

תובע : התביעה הגישה סיכומים. לאור הודאתו של הנאשם בכתב האישום אבקש להרשיעו בכל המיוחס לו.

**הכרעת - דין**

על יסוד הודאתו של הנאשם בעובדות כתב האישום, בחנו את פרטי האישום ושוכנענו כי די בהודאה בעובדות כדי לבסס את אשמתו של הנאשם בכל פרטי האישום.

נציין, כי בטענתו הסתמית של הסנגור, כי הנאשם עשה את המעשים מתוך מחשבה שבכך הוא מתנגד ל"פעולות הכיבוש" ועל כן אין הוא מודה באשמתו, לא מצאנו בסיס להגנה משפטית כלשהי.

לפיכך, אנו קובעים כי לא קיים סייג לאחריות הפלילית של הנאשם למעשים שבהם הודה.

אנו מרשיעים, אפוא, את הנאשם בכל העבירות המופיעות בכתב האישום, דהיינו :

✓ א. ירי לעבר אדם, לפי תקנה 58(א) לתקנות ההגנה.
✓ ב. החזקת אמל"ח, לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון.
✓ ג. 4 פרטים של ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל 1970 ולפי סעיף 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח 1968.
✓ ד. 19 פרטים של גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל- 1970.
✓ ה. 4 פרטים של קשירת קשר לגרימת מוות בכוונה עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה ושומרון) (מס' 378), התש"ל 1970 ולפי סעיף 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח 1968.

P 2: 314

תאריך : ב' אב, תשס"ו  
27 יולי 2006  

תיק מס' : 2271/04

1 ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.  
2  
3  
4 שופט _____ אב"ד _____ שופט _____  
5  
6 תובע : אין ראיות לעונש.  
7  
8 סנגור : אין ראיות לעונש.  
9  
10 תובע מסכם : הנאשם הורשע על סמך הודאתו בחלקו בשני פיגועים אשר גרמו סך הכול למותם של  
11 19 אזרחים חפים מפשע ולפציעה של עשרות נוספים. אני לא חושב שיש מקום להכביר מילים  
12 בחומרתם של המעשים, רצח בדם קר של חפים מפשע. הנאשם אף לא הביע כל חרטה על מעשיו,  
13 וגם היום כשהוא ניצב כאן ונותן את דינו, הוא עדיין תומך במעשים. התביעה הצבאית תבקש  
14 מכב' ביהמ"ש לגזור על הנאשם עונשי מאסר עולם מצטברים בגין כל אחד ואחד מההרוגים. כמו  
15 כן, אנו נבקש לגזור על הנאשם במצטבר שני מאסרי עולם נוספים בגין הפציעות אשר נגרמו בכל  
16 אחד משני הפיגועים בהם נטל הנאשם חלק, וכן עונש הולם בגין יתר העבירות המיוחסות לו בכתב  
17 האישום. אני רוצה להפנות את כב' ביהמ"ש לע' איו"ש 2793/04 מונדר נור, שם הורשע הנאשם  
18 בחלקו בפיגוע בירושלים בו נהרג אזרח וכן נפצעו אזרחים רבים נוספים. ביהמ"ש גזר על הנאשם  
19 עונש של שני מאסרי עולם מצטברים- אחד בגין גרימת מותו של אותו אדם שמצא את מותו  
20 בפיגוע, והשני בגין הניסיון לגרום למותם של אזרחים נוספים, שרבים מהם נפצעו באותו פיגוע,  
21 וכן מאסר הולם בגין יתר העבירות. אני חושב שיש לגזור על אותם בגין ניסיונות שונים מאסרי עולם  
22 נוספים נפרדים ולכן ביקשתי שני מאסרי עולם נוספים. אני חושב שהעונש יבטא את עיקרון  
23 קדושת החיים.  
24  
25 סנגור מסכם : אני לא יכול לפרט את עמדתו של הנאשם כמו שהוא יעשה. לפיכך, הסיכומים שלי  
26 יהיו דברו האחרון של הנאשם.  
27  
28 הנאשם בדברו האחרון : אני מודה בכל מי שהרגתי מישראל, אך אני לא אשם, כי זו זכותי : תגובה  
29 על עשרות האלפים שהרגתם אתם אותנו בלי שום סיבה, רק בגלל שאתם חושבים על עצמכם הכי  
30 טובים בעולם ואם אתם ממשיכים בשיטה הזאת בחיים שלכם לא תישמעו או תרגישו את השלום  
31 או הביטחון. כל הסיבה הזאת זה אתם והפוליטיקה שלכם, של הכיבוש.  
32 אני אדבר על עצמי, אני מבטיח לכם, לשופטים, אם יהיה שלום אנחנו נהיה חברי השלום ואם  
33 אתם ממשיכים באותה דרך, אני אהיה הראשון לקרב ואני גם הבטחתי שיבוא יום שאני אשב  
34 במקומך ואשפוט אתכם על כל מה שגרמתם לעם הפלסטיני. זו הבטחה שתתקיים בקרוב. אני  
35 מבטיח לך שאני אצא מהכלא ומה שיהיה העונש זה כבוד בשבילי ונותן כבוד לאשתי ולבן שלי וגם  
36 לבן שלי שהוא בן 3, אני מקווה שעד שיגדל משהו שיהיה שקוראים לו "שלום". אם תהיה  
37 מלחמה, כמו שאתם רגילים לזה, להרוג את הילדים והתינוקות, ואני מקווה ממנו להיות יותר  
38 לוחם ויותר להיאבק ממני.  
39  
40 ביהמ"ש מפסיק את הנאשם. הנאשם מסרב לעמוד בעת הקראת גזר הדין, ולכן מוצא מן האולם.  
41  
42 לאחר הפסקה, ביהמ"ש מחזיר את הנאשם לאחר שהביע נכונות לעמוד בעת קריאת גזר הדין.

-2-

תאריך: ב' אב, תשס"ו        תיק מס': 2271/04
27 יולי 2006

בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון
השופט: רס"ן אדריאן אגסי
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625 /שב"ס – נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

## גזר - דין

לאחר ששקלנו את טענות הצדדים ואת דבריו האחרונים של הנאשם על רקע מעשיו, החלטנו להטיל עליו את העונשים הבאים:

א.  בגין גרימת מותו בכוונה של **מר אברהם בלחסן ז"ל** - מאסר עולם.
ב.  בגין גרימת מותו בכוונה של **גב' חנה בונדר ז"ל** - מאסר עולם.
ג.  בגין גרימת מותו בכוונה של **גב' ענת דרום ז"ל** - מאסר עולם.
ד.  בגין גרימת מותו בכוונה של **מר יחזקאל גולדברג ז"ל** - מאסר עולם.
ה.  בגין גרימת מותו בכוונה של **מר ולדי צדיק מנברה ז"ל** - מאסר עולם.
ו.  בגין גרימת מותו בכוונה של **מר ויורל אוקטביה פלורסקו ז"ל** - מאסר עולם.
ז.  בגין גרימת מותו בכוונה של **גב' רוזה בונה ז"ל** - מאסר עולם.
ח.  בגין גרימת מותו בכוונה של **גב' דנה איטח ז"ל** - מאסר עולם.
ט.  בגין גרימת מותו בכוונה של **מר רומן חונדיאשווילי ז"ל**- מאסר עולם.
י.  בגין גרימת מותו בכוונה של **מר אלי צפורה ז"ל** - מאסר עולם.
יא. בגין גרימת מותו בכוונה של **גב' נטליה גמריל ז"ל** - מאסר עולם.
יב. בגין גרימת מותו בכוונה של **גב' יפה בן שימול ז"ל** - מאסר עולם.
יג. בגין גרימת מותו בכוונה של **מר יובל אוזנה ז"ל** - מאסר עולם.
יד. בגין גרימת מותו בכוונה של **מר רחמים דוגה ז"ל** - מאסר עולם.
טו. בגין גרימת מותו בכוונה של **מר יהודה חיים ז"ל** - מאסר עולם.
טז. בגין גרימת מותו בכוונה של **מר אילן אביסדריס ז"ל**- מאסר עולם.
יז. בגין גרימת מותו בכוונה של **מר בניה יונתן צוקרמן ז"ל** - מאסר עולם.
יח. בגין גרימת מותו בכוונה של **מר אזולאי ליאור ז"ל** - מאסר עולם.
יט. בגין גרימת מותו בכוונה של **מר נתנאל חבשוש ז"ל** - מאסר עולם.
כ.  בגין פציעתם של עשרות אנשים בפיגוע מיום 29/01/04- מאסר עולם.
כא. בגין פציעתם של עשרות אנשים בפיגוע מיום 22/02/04- מאסר עולם.
כב. בגין יתר פרטי האישום בהם הורשע הנאשם- 15 שנים.

כל העונשים ירוצו במצטבר.

נימוקי גזר הדין יינתנו בנפרד.

זכות ערעור תוך 30 יום מיום מתן הנימוקים.

ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.

שופט        אב"ד        שופט

-3-