# EXHIBIT A.327


PLAINTIFF'S EXHIBIT 327

| The Military Court of Appeal | Judea and Samaria Appeal 1448/04 |
|---|---|
| Judea and Samaria Region and Gaza Strip Region | |

Before the Panel:   Col. Shaul Gordon    - Presiding Judge
　　　　　　　　　　Col. Eli Wolf           - Judge
　　　　　　　　　　Col. David Yahav        - Judge

**The Appellant: Faraj Asad Salim Adwan Identity No. 410052617** (through his Attorney Ayman Abu Ria)

– v. –

**The Respondent: The Military Prosecutor** (through Major Maurice Hirsch)

An Appeal against the verdict of the Judea and Samaria Military Court (Bench presided over by His Honor Deputy President Lt. Col. Natanel Benisho and Their Honors Captain Steve Berman and Captain Avraham Einhorn)
Docket No 3368/02 of April 15, 2004
(The Appeal was allowed)

Date of Session: November 24, 2004, 11 Kislev 5765

**Verdict**

**Presiding Judge Col S. Gordon:**

The Appellant in the case was convicted, by his own admission, for the crimes noted in the amended indictment, the principal one of which was causing death intentionally. As arises from the indictment, the Appellant, who served as a police officer in the Palestinian police, was requested to join others in the perpetration of a shooting attack against Israeli vehicles. The Appellant was provided with an M-16 weapon and an appropriate magazine and joined his companions, who were also armed with weapons.

The squad members took up positions on Route 45, adjacent to Rifat village and awaited the arrival of an Israeli vehicle. A few minutes later, an Israeli Transporter vehicle carrying eight passengers drove past. The Appellant and his companions opened fire at the vehicle with intent to cause the deaths of its passengers. The Appellant had only fired three rounds when his weapon jammed; following which he fled the location.

As a result of the aforesaid shooting one of the passengers suffered serious injury to her spine and lungs and in consequence has remained paralyzed from her chest down. Two other passengers suffered slight injuries.

[Stamp] P 3: 59

**Judea and Samaria Appeal 1448/04**

When the Appellant was convicted as mentioned, the Parties entered into a plea bargain for an agreed sentence of 20 years' actual jail time. In arguing this arrangement, the Parties sought to take the Appellant's admission of guilt, and, in particular, the fact he was not party to planning the attack and that he was coerced to take part in it by his companions. .

In a detailed and well argued sentence, the Lower Court decided to deviate from the above mentioned plea bargain and instead elected to sentence the Appellant to 29 years jail time, which led to the Appeal being submitted.

At the beginning of the session the Parties announced that they had reached an amended plea bargain and this time there is a motion before us to sentence the Appellant to 24 years jail time.

It should be mentioned at this point that we found merit in the Lower Court's decision not to uphold the original plea bargain placed before it. A 20 year sentence for an individual who had taken an active part in a shooting attack that caused injury to innocent civilians and, moreover, an individual who had caused serious injury to one of the passengers in the vehicle, deviates from the standard of appropriate sentencing that is normal for this type of crime. We have indeed made it clear on several occasions that in cases such as the one before us, the authority vested in us to impose life sentences may be considered.

Therefore and despite our consistent position of, as a rule, upholding the plea bargains brought before us, the original plea bargain runs so contrary to the public interest that it impossible to uphold it.

The key question we must decide in this case does not concern the condign sentence for the Appellant, since this matter was not placed before the Lower Court, but rather the question regarding the minimum sentence, which, had it been brought before the Lower Court by the Parties, should have been upheld. It will be recalled that it has been determined (by 1958/98 Unnamed Person v. The State of Israel, 84 57(1) 577) that:

> *"under circumstances in which it is proper to reject a plea bargain, the court shall impose the sentence that would have been imposed had a considered and balanced plea bargain been brought before it."*

Undoubtedly the sentence the Parties have moved that we hand down today tends strongly to leniency but that is hardly surprising since plea bargains by nature tend to leniency. Admittedly, I am still of the opinion that this sentence is hardly appropriate in view of the serious nature of the Appellant's deeds but I have ultimately ruled to accept this latest plea bargain. I reached this decision having taken into account the fact that the Appellant was not one of the instigators of this attack and that he had joined his companions on the spur of the moment, and in order not to stray from the rule by which it is proper for the court to uphold plea bargains brought before it.

Our ruling was also affected by a similar case in which a 22 year sentence was upheld although it deviated from the plea bargain that the court did not uphold in this instance, either (Appeals Judea and Samaria 222/03 **Siqafi v. The Military Prosecutor**).

Whereas this plea bargain is more balanced than its predecessor and since we have found that it does not deviate from the minimum benchmark below which the public interest would not be served, we have seen fit to allow the Appeal and to set the sentence for the Appellant as agreed between the Parties.

In view of this, we are handing down a sentence of 24 years imprisonment to be served in jail, to be counted from the day of his arrest.

[Stamp] P 3: 60

__Judea and Samaria Appeal 1448/04__

**Judge Col. A. Wolf:**

I concur

**Judge Col. D. Yahav:**

I concur

Ruled as mentioned, in the Verdict of Presiding Judge Col. S. Gordon.

Delivered and announced this day November 24, 2004, 11 Kislev 5765, in the presence of the Appellant, the Attorney and the Military Prosecutor.

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| Judge | Presiding Judge | Judge |

Stenographer: LP

– 3 –

[Stamp] P 3: 61

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P3: 59-61.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P3: 59-61.

_____
Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2332704

ע' איו"ש 1448/04

בית המשפט הצבאי לערעורים
באיו"ש ובאזח"ע

בפני הרכב:   אל"ם שאול גורדון   - אב"ד
אל"ם אלי וולף   - שופט
אל"ם דוד יהב   - שופט

המערער: פרג' אסעד סאלם עדואן, ת"ז 410052617 (באמצעות ב"כ עו"ד איימן אבו-ריא)

נגד

המשיב: התובע הצבאי (באמצעות ב"כ רס"ן מוריס הירש)

ערעור על פסק דינו של ביהמ"ש הצבאי יהודה (הרכב בראשות כב' המשנה לנשיא סא"ל נתנאל בנישו והשופטים סרן סטיב ברמן וסרן אברהם איינהורן)
בתיק מס' 3368/02 מתאריך 15.4.04
(הערעור התקבל)

תאריך הישיבה: 24 בנובמבר 2004, י"א בכסלו התשס"ה.

## פסק דין

### הנשיא אל"ם ש' גורדון:

המערער בתיק זה הורשע, על פי הודאתו, בעבירות שבכתב האישום המתוקן, והמרכזית שבהן עבירה של ניסיון לגרימת מוות בכוונה. כעולה מכתב האישום, התבקש המערער, אשר שימש כשוטר במשטרה הפלסטינית, להצטרף לאחרים ולבצע פיגוע ירי לעבר כלי רכב ישראלים. למערער נמסר נשק מסוג M-16 ומחסנית מתאימה וכך הצטרף לחבריו, אשר אף הם היו חמושים בנשק.

חברי החוליה התמקמו לצידו של כביש מס' 45, בסמוך לכפר רפאת, והמתינו לבואו של רכב ישראלי. כחלוף מספר דקות חלף במקום רכב ישראלי מסוג טרנספורטר ובו שמונה נוסעים. המערער וחבריו פתחו באש לעבר הרכב, בכוונה לגרום למותם של נוסעיו. המערער הספיק לירות שלושה כדורים בלבד, קודם שאירע מעצור בנשקו, ולאחריו נמלט מהמקום.

כתוצאה מן הירי האמור נפצעה אחת מנוסעות הרכב באורח קשה בעמוד השדרה ובריאותיה, וכתוצאה מכך נותרה היא משותקת מבית החזה ומטה. שני נוסעים נוספים נפצעו באורח קל.

ע' אי"ש 1448/04

משהורשע המערער כאמור, עתרו הצדדים במשותף לעונש מוסכם של 20 שנות מאסר לריצוי בפועל. בנמקם הסדר זה, ביקשו הצדדים להביא בחשבון את הודאת המערער באשמה ובמיוחד את העובדה כי לא נמנה על מתכנני הפיגוע וכי נגרר ליטול בו חלק על-ידי חבריו.

בגזר דין מפורט ומנומק היטב, החליט ביהמ"ש קמא לסטות מן ההסדר האמור, ותחת זאת בחר לגזור למערער עונש של 29 שנות מאסר לריצוי בפועל, ומכאן הערעור.

כבר בפתח הדיון הודיעונו הצדדים כי הגיעו לכלל הסדר מתוקן, והפעם ביקשונו לגזור למערער עונש של 24 שנות מאסר לריצוי בפועל.

כבר עתה אומר כי טעם רב מצאתי בהחלטתו של ביהמ"ש קמא שלא לכבד את ההסדר המקורי אשר הובא בפניו. עונש של 20 שנות מאסר למי שנטל חלק ממשי בפיגוע ירי אשר גרם לפציעתם של אזרחים חפים מפשע, וכך בוודאי מי שנושא באחריות לפציעתה הקשה של אחת מנוסעות הרכב, סוטה מרמת הענישה הראויה והמקובלת בסוג זה של עבירות. אכן, כבר הבהרנו לא אחת, כי במקרים כגון זה שבפנינו, יש מקום לשקול מיצוי סמכות הענישה עד כדי חטלת עונש של מאסר עולם.

על כן, וחרף עמדתנו העקבית לפיה יכבד, ככלל, ביהמ"ש את ההסדרים המובאים בפניו, הרי שההסדר המקורי חוטא לאינטרס הציבורי עד כי לא ניתן היה לכבדו.

השאלה המרכזית המחייבת הכרעתנו במקרה זה אינה נוגעת לעונש הראוי לו למערער, שכן עניין זה לא הובא אף להכרעתו של ביהמ"ש קמא, אלא לשאלה מהו עונש מינימאלי אשר אילו הובא על ידי הצדדים בפני ביהמ"ש קמא, היה זה מוצא לכבדו. כידוע, קבעה ההלכה (ע"פ 1958/98 פלוני נ' מדינת ישראל, פ"ד נז(1) 577) כי —

"בנסיבות שבהן יראה לדחות את הסדר הטיעון, ינהג בית המשפט עונש שהיה גוזר אילו היה בא לפניו הסדר טיעון שקול ומאוזן."

אין ספק כי אף העונש אשר ביקשונו הצדדים לגזור היום הוא נוטה במידה רבה לקולא, אך בכך אין כל רבותא שכן כך הוא טיבם של הסדרי טיעון. אודה כי בשלעצמי עודני מחזיק בדעה כי עונש זה רחוק מלהלום את חומרת מעשיו של המערער, אך סופם של דברים מצאתי לכבד הסדר אחרון זה. להחלטה זו באתי לאחר שהבאתי בחשבון כי המערער לא היה מיוזמי הפיגוע והצטרף לחבריו על אתר, וכדי שלא לסטות מן הכלל לפיו ראוי לו לביהמ"ש לכבד הסדרים המובאים בפניו.

כן נתנו משקל להחלטתנו במקרה דומה, בו אישרנו עונש של 22 שנות מאסר אשר נגזר תוך סטיה מהסדר טיעון אשר אף אותו לא מצא ביהמ"ש לכבד (ע' אי"ש 222/03 סקאפי נ' התובע הצבאי).

הואיל והסדר זה מאוזן יותר מקודמו, ולאחר שמצאנו כי אין הוא חורג מאותו רף מינימאלי אשר קל ממנו לא יוכל האינטרס הציבורי לקבל, בחרנו לקבל את הערעור ולהעמיד את עונשו של המערער כפי הסכמת הצדדים.

אשר על כן, הננו גוזרים עונש של 24 שנות מאסר לריצוי בפועל, אשר מניינן יהיה מיום מעצרו.

2

ע' איו"ש 1448/04

<u>השופט אל"ם א' וולף:</u>

אני מסכים.

<u>השופט אל"ם ד' יהב:</u>

אני מסכים.

הוחלט כאמור, בפסק דינו של הנשיא אל"ם ש' גורדון.

ניתן והודע היום, 24 בנובמבר 2004, י"א בכסלו התשס"ה, בנוכחות המערער, ב"כ והתוב"ץ.

_____  _____  _____
     שופט              אב"ד              שופט

רשמת: לפ

3

P 3: 61