# EXHIBIT A.425




Date: 11 Iyar, 5763
May 13, 2003

File Number: 3251/02

**Military Court**
**Beit El**
**Transcript**

---

**Before the Honorable President of the Court: Lieutenant-Colonel Nathaniel Benichou**
**Judge: Major Yoel Hadar**
**Judge: Captain Ze'ev Afik**

[Round Stamp]
Military Appeals
Court
Judea and Samaria

[Stamp] Certified Copy

**Defendant: Mohamed Sami Ibrahim Abdullah Identity No. 979469954/ Israel Prison Service – Present**

---

## SENTENCE

The Defendant being sentenced before us today is one more member of a military cell whose murderous activities have led to the deaths of numerous Israeli civilians.

It should be stated at the outset that on March 25, 2003, we passed sentence on the rest of the cell's members (Court Files 3250/02, 3275/02 and 3255/02), each of them in keeping with his role and the severity of his actions. Naturally, since the present Defendant was also involved in acts similar to those of the rest of the cell's members, we will again quote extensively from our general findings as to this murderous cell.

The severity of the Defendant's actions is blatant. The Defendant took part in the planning and execution of a shooting terrorist attack that took place on September 15, 2001, on Road No. 9, in which the late Meir Weissboiz was murdered. In January 2002 the Defendant participated in planning a shooting terrorist attack that took place on Jaffa Road in Jerusalem, and in transporting the terrorist who carried out the said terrorist attack, in which the late Ora (Svetlana) Sandler and the late Sarah Hamburger were murdered, and 45 other civilians were wounded. The Defendant also participated in the murder of the late Yoela Chen, who was shot to death as she stood at the gas station on Road 443. Apart from that, the Defendant was convicted of

[Stamp] P 6: 89

membership in the said military cell, and of six offenses of attempting to intentionally cause death, when together with others he attempted, on five different occasions, to murder additional innocent civilians, also causing two of them to be wounded.

This brief description does not do justice to the enormity of the destruction sown by the Defendant through his reprehensible actions. However, in this instance too, the insufficient power of words is to his benefit, and whatever adjective we apply to the Defendant, severe as it may be, it would be unable to give expression to the bitter feeling that seizes us upon reading this terrible indictment.

In their arguments the parties referred to general issues of the appropriate punishment policy in cases such as this, which had been argued by them in the matters of the Defendant's accomplices. The Prosecutor once again emphasized the principle of the sanctity of life, and asked, on this basis, that we deal most severely with the Defendant and impose on him a penalty that would be appropriate to the actions he carried out and their outcomes. The Prosecutor referred, in this context, to the ruling of this Court, which emphasized the need to express the unique loss of each victim whose life had been cut short. Based on the said ruling, the Prosecutor asked that we impose life imprisonment in respect of the rest of the offenses of which the Defendant was convicted.



[Stamp] P 6: 89 [continued]

Date: 11 Iyar, 5763
May 13, 2003

File Number: 3251/02

The Defense Attorney, for his part, did not dispute the fundamental position taken by the Prosecutor, but noted that in this case, in light of the Defendant's minor, passive role, it would be appropriate to make do with a few years of imprisonment for each murder or, alternatively, one term of life imprisonment for all of the offenses set out in the indictment. The Defense Attorney also asked that we take into account the reasons that led the Defendant to participate in this offenses.

The Defendant, in his final statement, noted that his actions were carried out because of the "occupation." The Defendant stated that he does not regret his actions, and that he even encourages those fighting for their freedom to continue the struggle.

With all due respect, we cannot accept the Defense Attorney's arguments. A perusal of the indictment shows that the Defendant was an integral, active member of the military cell that had set itself the goal of deliberately harming innocent civilians. The Defendant should not be able to benefit from the fact that it was not his finger that pulled the trigger since, in the said cell, each and every one of the accomplices had his own function. In light of this, we find that the Defendant was a full partner in the shocking acts perpetrated by the cell; he cannot wash his hands of the acts that were carried out, for his hands too are soiled with the blood of the victims.

In light of what we have said, we reject the Defense Attorney's request that we be satisfied with a penalty totaling a number of years in prison.

This Court has already determined, in the matter of the Defendant's accomplices, as follows:

> The Defendants struck fear into the hearts of all those traveling the roads in the Jerusalem region, when they chose their victims at random, attacking time and again, always as a team, those who appeared to them to be the easiest prey.
>
> The actions of the Defendants are horrific, and demonstrate that the lives of others had no value to them. The Defendants' attempts to justify their actions will not succeed; it is sufficient for us to mention that there can be no justification for intentionally harming innocent civilians.

[Round Stamp] Military Appeals Court Judea and Samaria

[Stamp] Certified Copy

[Stamp] P 6: 90

As great is our sense of atrocity, so too is the feeling of helplessness, since no punishment, severe as it may be, can turn the clock back, bring the dead back to life, or give the wounded back their health.

However, we find it appropriate to again emphasize, in keeping with the timeless tradition of a cultured people, that, unlike the Defendants, for us the sanctity of life is a supreme value, which considers man as a whole world, as a creature of wishes and desires, opinions and views, aspirations, dreams, as well as hopes and vision; to cut these down before their time is an unforgivable crime.

We, the earthly court, do not have the power to appropriately punish those individuals who have repeatedly cut down human lives, thus desecrating their own divine image, and bringing terrible suffering upon the victims, the injured and their families. All that we have the power to do, in light of this horror, is to order, therefore, their removal from human society, confident that the Divine Court will come and collect from them.

3

[Stamp] P 6: 90

Date: 11 Iyar, 5763
May 13, 2003

File Number: 3251/02

These remarks are also fitting in the present matter, when we cannot ignore the central role of the Defendant in terrorist attacks that have collected such a high price. The Defendant worked energetically, decisively and skillfully as an arm of the military cell to which he belonged.

In light of the above, we are of the view that it would not be possible to express our deep revulsion toward the Defendant's actions, unless we impose a penalty that also has a measure of permanence, and recompense, on a small scale, for the suffering and cruel fate imposed on the victims and their families.

In this instance too, we also find it appropriate to act in keeping with established doctrine, and impose on the Defendant consecutive terms of life imprisonment in respect of each and every life that he has cut down, and to add to these penalties a further term of life imprisonment in respect of the rest of his callous actions.

That being the case, we unanimously decide to sentence the Defendant to the following penalties:

- For the murder of the late **Meir Weissboiz**, life imprisonment.
- For the murder of the late **Yoela Chen**, life imprisonment.
- For the murder of the late **Ora (Svetlana) Sandler**, life imprisonment.
- For the murder of the late **Sarah Hamburger**, life imprisonment.
- For the rest of the offenses of which he was convicted, life imprisonment.

In total the Defendant will serve five terms of life imprisonment, consecutively.

The penalties imposed on the Defendant reflect our perspective that the horrifying acts carried out by the Defendant are unforgivable, and we would certainly expect that the Defendant will end his days behind bars.

**Right of appeal within 30 days from today.**

[Stamp] P 6: 91

**Given and notified this day, May 13, 2003, in public and in the presence of the parties.**

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| Judge | President of the Court | Judge |

[Round Stamp]
Military Appeals
Court
Judea and Samaria

[Stamp] Certified Copy

3

[Stamp] P 6: 91 [continued]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PALESTINE LIBERATION ORGANIZATION, *et al.*,<br><br>Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

**DECLARATION OF RINA NE'EMAN**

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P 6: 89-91.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document designated bearing the bates number P 6: 89-91.

Dated: March 6, 2014

Rina Ne'eman

ss.: New Jersey

On the 6 day of March 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
6 day of March, 2014

Leonor Troyano
Notary Public

LEONOR TROYANO
ID # 2385580
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/8/2014

תאריך: י"א אייר, תשס"ג
13 מאי, 2003

תיק מס': 3251/02

**בית המשפט הצבאי**
**בית - אל**
**- פרוטוקול -**






בפני אב"ד: סא"ל נתנאל בנישו
שופט: רס"ן יואל הדר
שופט: סרן זאב אפיק

הנאשם: מחמד סאמי אברהים עבדאללה **ת.ז.: 979469954 / שב"ס - נוכח**

## גזר-דין

הנאשם העומד בפנינו לדין היום הינו עוד אחד מחברי חולייה צבאית אשר בפעולותיה הרצחניות הביאה למותם של אזרחים ישראליים רבים.

נאמר מיד כי, ביום 25/03/03 גזרנו את דינו של יתר חברי החולייה (תיקי בימ"ש 3250/02, 3275/02 ו- 3255/02), כל אחד לפי חלקו ולפי חומרת מעשיו. מטבע הדברים, מאחר שאף נאשם זה היה מעורב במעשים דומים לאלו של יתר חברי החולייה, אנו נחזור ונצטט חלקים נרחבים מקביעותינו הכלליות באשר לחולייה רצחנית זו.

חומרת מעשיו של הנאשם בולטת לעין. הנאשם נטל חלק בתכנון ובביצוע פיגוע ירי שהתרחש ביום 15/09/01 בכביש מס' 9, בו נרצח מאיר וייסבויז ז"ל. בחודש ינואר 2002 היה שותף הנאשם לתכנון פיגוע ירי שבוצע ברחוב יפו בירושלים ולהובלת המחבל שביצע את הפיגוע האמור. במהלכו נרצחו אורה (סבטלנה) סנדלר ז"ל ושרה המבורגר ז"ל ונפצעו 45 אזרחים נוספים. הנאשם אף השתתף ברציחתה של יואלה חן ז"ל, אשר נורתה למוות כשעמדה בתחנת הדלק בכביש 443. מעבר לכך הורשע הנאשם בחברות בחולייה צבאית כאמור ובשש עבירות של נסיון לגרימת מוות בכוונה, כאשר ביחד עם אחרים ניסה בחמש הזדמנויות שונות לרצוח אזרחים תמימים נוספים ואף גרם לפציעתם של שניים.

אין בתיאור תמציתי זה כדי להמחיש את גודל ההרס אותו זרע הנאשם במעשיו הנפשעים. אך, גם במקרה זה נראה כי כוחן של המילים דל מלהושיע ויהיה שם התואר אותו נצמיד לנאשם קשה ככל שיהיה, לא יהיה בו די לתת ביטוי לתחושה הנוראה אשר אוחזת אותנו למקרא כתב האישום הנורא.

הצדדים הפנו בטיעוניהם לדבריהם הכלליים בשאלת מדיניות הענישה הראויה בתיקים כגון זה, אשר נטענו על ידם בעניינם של שותפי הנאשם. התובע חזר והדגיש את עקרון קדושת החיים וביקש על בסיסו להחמיר עם הנאשם ולהטיל עליו עונש שיהיה ראוי למעשים שבוצעו ותוצאותיהם. התובע הפנה בעניין זה לפסיקת בימ"ש זה, אשר הדגישה את הצורך לבטא את האובדן המיוחד שבכל קורבן שנקטעו חייו. בהסתמך על הפסיקה האמורה, ביקש התובע להטיל מאסר עולם בגין יתר העבירות בהן הורשע הנאשם.

תאריך: י"א אייר, תשס"ג
13 מאי, 2003

תיק מס': 3251/02

הסניגור מצידו לא חלק על קביעותיו העקרוניות של התובע, אך ציין כי במקרה זה לנוכח תפקידו הזוטר והפסיבי של הנאשם, מן הראוי להסתפק בשנות מאסר בודדות לכל רצח או לחלופין במאסר עולם אחד בגין כל העבירות המפורטות בכתב האישום. הסניגור אף ביקש להתחשב בסיבות שהביאו את הנאשם להשתתף בעבירות אלה.

הנאשם בדברו האחרון ציין כי מעשיו בוצעו בגין ה"כיבוש". הנאשם ציין כי אינו מתחרט על מעשיו והוא אף מעודד את אלו הנאבקים לחירותם להמשיך במאבק.

אין אנו יכולים, עם כל הכבוד, לקבל את טענות הסניגור. עיון בכתב האישום מלמד, כי הנאשם היה חלק אינטגרלי ופעיל בחולייה צבאית ששמה לה למטרה לפגוע במודע באזרחים חפים מפשע. אין להנות את הנאשם מן העובדה כי אצבעו לא לחצה על ההדק, מאחר שבחולייה כאמור לכל אחד ואחד מן השותפים תפקיד משלו. לנוכח האמור, אנו קובעים כי הנאשם היה שותף מלא למעשיה המחרידים של חולייה זו ואין הוא יכול לרחוץ ידיו מהמעשים שבוצעו כי גם הן מגואלות בדם המתוכננות.

לנוכח האמור, אנו דוחים את בקשת הסניגור להסתפק בעונש שיסתכם במספר שנות מאסר.

כבר קבע בימ"ש זה לעניינם של שותפיו של הנאשם כדלקמן:

"הנאשמים הטילו חיתתם על נוסעי הכבישים באיזור ובירושלים כאשר בחרו באקראי את קרבנותיהם ותקפו פעם אחר פעם, תמיד בחבורה, את אלו שנראו להם הקלים ביותר לפגיעה.

מעשיהם של הנאשמים מעוררים פלצות וניכר מהם כי חיי זולתם הפקרי כל ערך עבורם. ניסיונם של הנאשמים להצדיק את מעשיהם לא יצלח ודי אם נציין כי לא תיתכן הצדקה לפגיעה מכוונת באזרחים חפים מפשע.

כגודל הזוועה, כך גודל תחושת חוסר האונים, שהרי לא יהא בעונש חמור ככל שיהא כדי להחזיר הגלגל לאחור ולהשיב למתים את חייהם ולנפגעים את בריאותם.

יחד עם זאת, מוצאים אנו לחזור ולהדגיש, בהתאם למסורת בני התרבות מקדמת דנא, כי בניגוד לנאשמים, לנו קדושת החיים מהווה ערך עליון, המעמיד את האדם כעולם מלא, כיציר בעל רצונות ומאווים, דעה והשקפה, שאיפות, חלומות, כמו גם תקוות וחזון, אשר קטיעתם בטרם עת הינו פשע בל יסולח."

"אנו, בית משפט של מטה, אין בכוחנו להעניש כיאות את הנאשים אשר קצרו, חזרו וקצרו חיים ובכך חיללו את צלמם והביאו על הנרצחים, הנפגעים ועל בני משפחותיהם סבל נוראי. כל שבכוחנו לעשות, לנוכח הזוועה הוא לצוות, על כן, על הרחקתם מחברת אדם מתוך בטחון כי יבוא אותו בית משפט של מעלה ויפרע מהם."

נאמן למקור

תיק מס׳: 3251/02

תאריך: י״א אייר, תשס״ג
13 מאי, 2003

דברים אלה יפים הם אף בענייננו, כאשר לא ניתן להתעלם מתפקידו המרכזי של הנאשם בפיגועים אשר גבו מחיר כה קשה. הנאשם פעל במרץ, בנחישות ובתחכום כזרוע בחולייה הצבאית אליה השתייך.

לאור האמור לעיל, הגענו לכלל דעה כי לא יהא ניתן לבטא את סלידתנו העמוקה ממעשי הנאשם, מלבד אם נטיל עליו עונש אשר, גם הוא, יהא בו מידה של נצחיות, וגמול, בזעיר אנפין, לסבל ולגורל האכזר שנגזר על הקורבנות ועל בני משפחותיהם.

אף מוצאים אנו לנכון לפעול, גם במקרה זה, בהתאם להלכה שהשתרשה, להטיל על הנאשם עונשי מאסר עולם מצטברים בגין כל נפש ונפש אותה קיפח ולהוסיף לעונשים אלו מאסר עולם נוסף בגין יתר מעשיו החמורים.

אשר על כן, אנו מחליטים לגזור על הנאשם, פה אחד, את העונשים הבאים:

- בגין רציחתו של **מאיר וייסהויז ז״ל**, מאסר עולם.
- בגין רציחתה של **יואלה חן ז״ל**, מאסר עולם.
- בגין רציחתה של **אורית (סבטלנה) סנדלר ז״ל**, מאסר עולם.
- בגין רציחתה של **שרית המבורגר ז״ל**, מאסר עולם.
- בגין יתר העבירות בהן הורשע, מאסר עולם.

סך הכל ירצה הנאשם חמישה מאסרי עולם מצטברים.

העונשים שהוטלו על הנאשם משקפים את השקפת עולמנו שהמעשים המחרידים שעשה הנאשם אין עליהם מחילה, ובהחלט אנו מצפים כי הנאשם ישלים את שנותיו מאחורי סורג ובריח.

זכות ערעור תוך 30 יום מהיום.

ניתן והודע היום, 13/05/03, **בפומבי ובמעמד הצדדים.**

שופט | אב״ד | שופט



נאמן למקור



P 6: 91