# EXHIBIT A.482

**PLAINTIFF'S EXHIBIT 482**

Israel Defense Forces

Hebron Military Court

Court Case.: *1572/93*
Prosecution case: *572/93*
Detailed incident case: *1674/92*

### Imprisonment Order

To Israel Police policeman / solider / prison guard.

I, the judge of this military court order the imprisonment of

| _Hilmi_ | _Abed-Al Karim_ | _Mohamed_ | _Hamash_ | _901415984_ |
|---|---|---|---|---|
| First name | Father | Grandfather | Last name | Identity No. |

who has been sentenced on the charge of: 1. _Throwing stones_ _____

2. _____

and deliver him with this imprisonment order to a guard at the prison below for him to be imprisoned for a period of _two months imprisonment to be served_ from the day of his arrest.

The defendant has been fined NIS _1000_. The fine is to be paid by the day of his release from imprisonment, otherwise the defendant will serve [illegible] additional imprisonment days in exchange.

This imprisonment order serves as a reference for incarcerating him by any person who is authorized by law to do so

_____[Signature]_____
Signature of the judge

| _June 29, 1993_ | | _236399_ | _Major_ | _Moshe_ [illegible] |
|---|---|---|---|---|
| Date | Stamp | Serial No. | Rank | First name and last name |

[Stamp] IDF Military Court

[Stamp] P 8: 31

1

-1-

June 29, 1993                    Transcript                    1572/93

**Before: Honorable Judge Major Michal Rapaport- Rahav.**

**Prosecutor: Alon Bachar**

**The Defendant has presented        Advocate: Shibli**

**Stenographer: Einat               Interpreter: Nur**

P: The indictment is to be amended, instead of 10 occasions, 5 is to be written.

D: Defendant understands and confesses.

P: Confirms

<b><u>Verdict:</u></b>

In view of the confession of the Defendant, I convict him as set forth in the indictment.

[Signature]
Judge

No evidence

P: Take into the account the fact that the stones that were thrown towards a foot patrol who[se members] are less protected than in a vehicle as they are exposed.

Inflict imprisonment to be served, suspended and a deterrent fine.

D: No damage was caused. A schoolboy. Allow the Defendant to return to his studies.

My client is from Deheyshe camp, the situation is quiet.

[Stamp] P 8: 32

2

-2-

June 29, 1993                     Transcript                     1572/93

### Sentence:

The Defendant has been convicted according to his confession on the first occasion already, and this is to his credit in view of his contribution to the hearing and the saving of Court time.

According to the indictment, the Defendant threw stones on 5 different occasions at foot patrols of the army in 1992, 1993.

The Prosecutor demanded that the sentence of the Defendant is to be harsh in view of the fact that soldiers, a foot patrol, are more exposed to stone impacts than occupants of a vehicle who are not protected [sic].

Conversely we have considered the petition of the defense counsel to be lenient with the Defendant in view of the fact that no damage was caused and allow him to return to a normative life.

After considering all the circumstances, I have reached the conclusion that there is no room for being harsh with the Defendant according to the demand of the Prosecutor, for subjecting military forces to actual danger of physical injury.

Without prejudice to the needs for deterrence, after I have found that the activity of the Defendant for a long period was somewhat limited,

I sentence:

2 months to be served from the day of his arrest.

5 months suspended imprisonment for 3 years.

A fine of NIS 1000 to be paid at the end of his imprisonment or two months in exchange.

Handed down and announced.
　　　　　　[Signature]
　　　　　　　　Judge.

[Stamp] P 8: 33

3

Israel Defense Forces

In the Military Court
in Hebron
Before a Single Judge

Court Case: _1572/93_
Prosecution Case: _572/93_
Detailed Incident Case: _1674/93_

In the trial between the military prosecutor

-v-

1. _Hilmi Abd Alkarim Mohamed Hamash Identity No. 901615984, born 1977, a resident of_
_Deheyshe. Detained since June 23, 1993_

2. _____

3. _____

_Amended_ Indictment

**The above mentioned Defendant is hereby accused of committing the following offenses:**

**Nature of the offense**: Throwing of objects at a person or property, an offense pursuant to
Section 53 A (2) of the Security Provisions Order, 5730-1970 and Section 14(A) of the Rules of
Liability for an Offense Order (No. 225), 5728-1968.

_On ~~10~~ 5 different occasions_

**Details of the offense**: The above mentioned Defendant, in the Area, ~~on the day~~ _in 1992, 1993_ or
thereabouts, in the place _in Deheyshe_ threw stones at a person or property with the intent of
harming them, as follows:                              [Signature]

_The above mentioned Defendant, along with other locals, on ~~10~~ 5 different occasions, threw_
_stones at foot patrols of the IDF in the area of the old mosque in Deheyshe_

_____

          [Signature]
          Military Prosecutor

Witnesses of the prosecution:

1. _58972 Mater Sergeant Yitzhak Shula, Bethlehem Administration (taker of confession)_

2. _900385873 Ismail Yahya Abd Gaffar, detainee_

[Stamp] P 8: 34

4

3. *964469027 Abdullah Khaled Khaled, detainee*

4. *900434473 Khalil Mohamed Issa, detainee*

[Stamp] P 8: 34 (continued)

Israel Defense Forces

In the Military Court
in Hebron
Before a Single Judge

Court Case: <u>1572/93</u>
Prosecution Case: <u>572/93</u>
Detailed Incident Case: <u>1674/93</u>

In the trial between the military prosecutor

-v-

1. <u>Hilmi Abd Alkarim Mohamed Hamash Identity No. 901615984, born 1977, a resident of Deheyshe. Detained since June 23, 1993</u>

2. _____

3. _____

Indictment

**The above mentioned Defendant is hereby accused of committing the following offenses:**

**Nature of the offense**: Throwing of objects at a person or property, an offense pursuant to Section 53 A (2) of the Security Provisions Order, 5730-1970 and Section 14(A) of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

*On 10 different occasions*

**Details of the offense**: The above mentioned Defendant, in the Area, ~~on the day~~ *in 1992, 1993* or thereabouts, in the place *in Deheyshe* threw stones at a person or property with the intent of harming them, as follows:                    [Signature]

*The above mentioned Defendant, along with other locals, on 10 different occasions, threw stones at foot patrols of the IDF in the area of the old mosque in Deheyshe*

_____
          [Signature]
          Military Prosecutor

Witnesses of the prosecution:

1. <u>58972 Mater Sergeant Yitzhak Shula, Bethlehem Administration (taker of confession)</u>

2. <u>900385873 Ismail Yahya Abd Gaffar, detainee</u>

[Stamp] P 8: 35

6

3. *964469027 Abdullah Khaled Khaled, detainee*

4. *900434473 Khalil Mohamed Issa, detainee*

[Stamp] P 8: 35 (continued)

Israel Defense Forces

In the Military Court
in Hebron
Before a Single Judge

Court Case: _1572/93_
Prosecution Case: _572/93_
Detailed Incident Case: _1674/93_

In the trial between the military prosecutor

-v-

1. _Hilmi Abd Alkarim Mohamed Hamash Identity No. 901615984, born 1977, a resident of Deheyshe. Detained since June 23, 1993_

2. _____

3. _____

_Amended_ Indictment

### The above mentioned Defendant is hereby accused of committing the following offenses:

**Nature of the offense**: Throwing of objects at a person or property, an offense pursuant to Section 53 A (2) of the Security Provisions Order, 5730-1970 and Section 14(A) of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

_On ~~10~~ 5 different occasions_

**Details of the offense**: The above mentioned Defendant, in the Area, ~~on the day~~ _in 1992, 1993_ or thereabouts, in the place _in Deheyshe_ threw stones at a person or property with the intent of harming them, as follows:                                    [Signature]

_The above mentioned Defendant, along with other locals, on ~~10~~ 5 different occasions, threw stones at foot patrols of the IDF in the area of the old mosque in Deheyshe_

_____
          [Signature]
       Military Prosecutor

Witnesses of the prosecution:

1. _58972 Mater Sergeant Yitzhak Shula, Bethlehem Administration (taker of confession)_

2. _900385873 Ismail Yahya Abd Gaffar, detainee_

[Stamp] P 8: 36

8

3. _964469027 Abdullah Khaled Khaled, detainee_

4. _900434473 Khalil Mohamed Issa, detainee_

[Stamp] P 8: 36 (continued)

Israel Defense Forces

In the Military Court                                    Court Case: <u>1572/93</u>
in Hebron                                          Prosecution Case: <u>572/93</u>
Before a Single Judge                      Detailed Incident Case: <u>1674/93</u>

In the trial between the military prosecutor

-v-

1. <u>Hilmi Abd Alkarim Mohamed Hamash Identity No. 901615984, born 1977, a resident of
Deheyshe. Detained since June 23, 1993</u>

2. _____

3. _____

## Indictment

**The above mentioned Defendant is hereby accused of committing the following offenses:**

**Nature of the offense**: Throwing of objects at a person or property, an offense pursuant to
Section 53 A (2) of the Security Provisions Order, 5730-1970 and Section 14(A) of the Rules of
Liability for an Offense Order (No. 225), 5728-1968.

*On 10 different occasions*

**Details of the offense**: The above mentioned Defendant, in the Area, ~~on the day~~ *in 1992, 1993* or
thereabouts, in the place *in Deheyshe* threw stones at a person or property with the intent of
harming them, as follows:                          [Signature]

*The above mentioned Defendant, along with other locals, on about 10 different occasions, threw
stones at foot patrols of the IDF in the area of the old mosque in Deheyshe*

_____
        [Signature]
        Military Prosecutor

Witnesses of the prosecution:

1. <u>58972 Mater Sergeant Yitzhak Shula, Bethlehem Administration (taker of confession)</u>

2. <u>900385873 Ismail Yahya Abd Gaffar, detainee</u>

[Stamp] P 8: 37

10

3. *964469027 Abdullah Khaled Khaled, detainee*

4. *900434473 Khalil Mohamed Issa, detainee*

[Stamp] P 8: 37 (continued)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

  vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P8: 31-37.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P8: 31-37.

Rina Ne'eman

ss.: New Jersey

On the [ 7 ] day of March, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
7  day of March, 2014

Notary Public

```
SHELLY TESSEIN
Notary Public
State of New Jersey
My Commission Expires Nov. 16, 2017
I.D.# 2427073
```

צבא        הגנה        לישראל

תיק בימ״ש: 157247
תיק תביעה: 557/97
תיק פ.א.: 1674/97

בית    משפט    צבאי    חברון

## פקודת מאסר

לכ־ ־יר משטרת ישראל/ לחייל/ לסוהר.

אני שופט בית משפט צבאי מצווה לאסור את , _____ 944/5984

| ת.ז. | משפחה | חסב | האב | שם פרטי |
|------|-------|-----|-----|---------|

שנידון באשמה : 1. _____ 18״ _____

2. _____

וכ. ,רו עם פקודת מאסר זו לסוהר בבית סוהר ר״מ שיהיה אסור לתקופה של _____ מיום מעצרו.

עם הצאן | אוכל קנס בסך _____ 1000 שיח הקנס ישולם עד י:ום שחרורו מהמאסר ואם לא , ירצה הנאשם
_____ ימי מאסר נוספים תמורתו.

פקודת מאסר זו משמשת אסמכמא להחזיקו במאסר על ידי כל מי שמוסמך לכך כדין.

_____
חתימת השופט

| שם פרטי ומשפחה | דרגה | מ.א. | | תאריך |
|----------------|------|------|--|-------|
| | | | | 29.6.97 |

-A-

1572/93          פ ר ו ט ו ק ו ל          29/6/93

בפני: כב' השופטת רס"נ מיכל רפופורט- רהב.
תובע: אלון בכר
התייצב נא'          עו"ד: שיבלי
רשמת: ערנת          מתורגמן:נור.

ת: יתוקן כת"א במקום 10 הדמנוירות יירשם ב- 5.

ס: נ' מברך ומודה

נ: מאשר

## הכרעת דינו

לאור הודאת נא' מרשיעה אותו כאמור בכת"א.

_____
שופטת

אין ראירות

ת: להביא בחשבון העובדה כי האבנים יודו לעבר סירור רגלי אשר מוגנים פחות
מבכלי רכב הרות והם חשופים.
להשיל מאסר בפ', ע"ת וקנס מרתיע.

ס: לא נגרם נזק , תלמיד בי"ס. לאפשר לנ' לחזור ללימודים.
מרשי ממחנה דהיריעה מצב שקט.

-2-

## גזר דין:

נא' הורשע עפ"י הודאתו כבר בהזדמנות ראשונה והדבר משמש לו לכף זכות לאור
תרומתו לדירון וחסכון מזמן בימ"ש.

עפ"י כת"א יידה ג' אבנים ב 5 הזדמנויות שונות לעבר כוחות רגלירם של השבצ
במהלך שנים 92 , 93.

תובע ביקש כי ניתן ביטוי מחמיר בעונשת ג' נוכח עובדה כי חיילים, סרוד
רגלי, חשופים יותר לפגיעת אבן מאשר נוסעים ברכב שאינם מוגנים.

מנגד שקלנו עתירתו של ס' להקל עם נ' נוכח עובדה כי לא נגרם נזק ולאפשר לו
לשוב לחיים תקינים.

לאחר שקילת כל נסיבות הנעתי למסקנה כי אין מקום להחמיר עם נ' עפ"י דרישת
תובע שהעמיד כוחות צבא בסכנה ממשית לפגיעה בגופם.

סבלי לפגוע בצרכי הרתעה לאחר שמצאתי כי  פעילותו של נ' למשך תקי ארוכה
היתה מצורמצת למדי .

גוזרת:

2  ח' בפ' סירום מעצרו.

5 ח' מאסר ע"ת ל- 3 ש'.

קנס ע"ס  1000  ש"ח רשולם עד סירום מאסרו, או 2 ח' תמורתו.

ניתן והודע.

שופטת .

צבא                                    הגבה                    לישראל

בבית המשפט הצבאי                                      תיק ביהמ"ש : 193/ 1572
בחברון                                                  תיק : 193/ 572
בפני    דן יחיד              ש.מ.                       תיק פ"א : 193/ 1474

במשפט שביך התובע הצבאי

- נ ג ד -

.1    של אל/רבד איש האבה ת.ב. 5014/5974 , ליד בפרית מגלד וכשאל

.2    צועי ג - 23/6/93

.3

במתב אישום

הנאשם הנ"ל מואשם בזאת בביצוע העבידות הבאות:

מהות העבירה: ידדוי חפצים לעבד אדם או רבוש, עבירה לפי סעיף 53 א
(2) לצו בדבר הודאות בטחון , תשי"ל - 1970 וסעיף 14 (א) לצו בדבר
כללי האחדיות לעבידה (מס. 225) , תשכ"ח – 1968.

פרטי העבירה: הנאשם הנ"כ באדוד, גראן וב"ע, 1993 או בסמוך לכך ,
במקום כנ"שא        זרק אבנים לעבר אדם או רכוש בכוונה לפגוע בהם.

העדים:

                                         תובע         צבאי

עדי התביעה:

.1    58972        רב"ר פרן, תגלה, מבגר אות ראל

.2    900385873       ...

.3    964469027       ...

.4    700434473       ...

P 8: 34

<table>
<tr><td>לישראל</td><td>הגנה</td><td></td><td>בא:</td></tr>
</table>

לישראל    הגנה

| תיק ביהמ"ש: 193/ 1577 |
| תיק תביעה: 193/ 572 |
| תיק פ"א: 193/ 1674 |

ש.מ.

בבית המשפט הצבאי
בחברון
בפני    דן יחיד

במשפט שבין התובע הצבאי

- נ ג ד -

1. אל"ו/ לוכרם מאלס בן_ מ.ז. 901415984 , ילד דבר מלוטה ומצא
2. _____ דבר - 23/6/93
3. _____

### כתב אישום

#### הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

מהו  **העבירה:** יידוי חפצים לעבר אדם או רכוש, עבירה לפי סעיף 53 א
(2) לצו בדבר הוראות בטחון, תשל - 1970 וסעיף 14 (א) לצו בדבר
כללי האחריות לעבירה (מס. 225) , תשכ"ח - 1968.

**פרטי העבירה:** הנאשם הנ"ל באזור, בתאריך ...... או בסמוך לכך ,

במקום  גנד"שא  זרק אבנים לעבר אדם או רכוש בכוונה לפגוע בהם,

**דהיינו:** _____

_____

_____

תובע    צבאי

#### עדי התביעה:

| 1. 57972 | רס"ר ... |
| 2. 900385873 | ... |
| 3. 964469027 | ... |
| 4. 900434473 | ... |

צבא               הגנה               לישראל

בבית המשפט הצבאי         ש.מ.         תיק ביהמ"ש: 1572/93
בחברון                                 תיק תובעה: 572/93
בפני   דן יחיד                           תיק פ"א: 1674/93

במשפט שבין התובע הצבאי

- נ ג ד -

1. _____ אלאא _____ 9016/594 _____ _____
2. _____ 23/6/93
3. _____

כתב אישום

הנאשם הב"ל מואשם בזאת בביצוע העבירות הבאות:

מהות העבירה: יידוי חפצים לעבר אדם או רכוש, עבירה לפי סעיף 53 א
(2) לצו בדבר הוראות בטחון, תשי"ק - 1970 וסעיף 14 (א) לצו בדבר
כללי האחריות לעבירה (מס. 225), תשכ"ח - 1968.

פרטי העבירה: הנאשם הב"כ באדוד, _____ בשנת 1993 או בסמוך לכך,
במקום _____ זרק אבנים לעבר אדם או רכוש בכוונה לפגוע בהם.

העדים: _____

_____ צבאי               תובע

עדי התביעה:

1. 58972 _____
2. 900325873 _____
3. 964469027 _____
4. 900434473 _____

לישראל

הגבה

תיק ביהמ"ש: 193/ 1572
תיק התביעה: 193/ 572
תיק פ"א: 193/ 1674

ש.מ.

:בא

בבית המשפט הצבאי
בחברון
בפני    דן יחיד

במשפט שבין התובע הצבאי

- נ ג ד -

1. _____ אל/ך אלכרים משאט הב. 904/5924 ‏‏، ‏‏‏، ‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏

2. _____ 23/6/93 -1 ‏‏ר‏‏‏‏‏‏

3. _____

### כתב אישום

### הנאשם הכ"ל מואשם בזאת בביצוע העבירות הבאות:

מה: העבירה: יידוי חפצים לעבר אדם או רכוש, עבירה לפי סעיף 53 א

(2) לצו בדבר הוראות בטחון , נש"ל - 1970 וסעיף 14 (א) לצו בדבר

בללי האחריות לעבירה (מס. 225) , תשביח - 1968.

פרטי העבירה: הנאשם הכ"ל באדור , ‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏‏ או בסמוך לכך ,

במקום _____ זרק אבנים לעבר אדם או רכוש בכוונה לפגוע בהם .

היריבות: _____

_____

_____

_____ תובע צבאי

### עדי התביעה:

1. _____ 58972

2. _____ 900385873

3. _____ 964469027

4. _____ 200434473

P 8: 37