# EXHIBIT A.881

PLAINTIFF'S EXHIBIT 881

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

------------------------------------------------------------------- X

Docket No:
04-CV-397 (GBD) (RLE)

### DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE SOKOLOW FAMILY PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, hereby respectfully submit their Supplemental Objections and Responses to the Sokolow Family Plaintiffs' First Set of Interrogatories and state as follows:

### PRELIMINARY STATEMENT

1.    Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and responses by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections hereto.

2.    The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1206651.2

3. To the extent that the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to the Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

4. Any answer by Defendants to the Interrogatories shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, or admissibility of the information or documents referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection Defendants may make to any future use of such information. Further, Defendants make the objections and give the answers herein without in any way implying that they consider the Interrogatories and the answers thereto to be relevant or material to this case.

## GENERAL OBJECTIONS

1. Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or any other applicable statutory or common law privilege. With respect to those Interrogatories to which Defendants do not

specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5), the Local Rules of this Court, and Paragraph 6 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

      3.      Defendants object to the Interrogatories to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

      4.      Defendants object to the Interrogatories to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Interrogatories that seek "all" information or documents when fully responsive and/or relevant information may be supplied with less than "all" information or documents.

      5.      Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Interrogatories were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

      6.      Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants. Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

1206651.2

7. Defendants object to the Interrogatories to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

8. Defendants object to the Interrogatories to the extent that they seek the disclosure or production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

9. Defendants reserve the right to answer the Interrogatories by producing documents pursuant to Federal Rule of Civil Procedure 33(d).

10. By responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories. Neither do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Interrogatories, that such information or documents exist.

11. Defendants object to the Interrogatories to the extent that they violate Local Civil Rule 33.3(a) by seeking information other than "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

12. Defendants object to the Interrogatories to the extent that they violate Local Civil Rule 33.3(b), in that the Interrogatories are not a more practical method of obtaining the information sought than a request for production or a deposition.

13. Defendants object to the Interrogatories to the extent that the Interrogatories, while styled as single interrogatories, are composed of multiple discrete subparts that count as separate interrogatories.

14. Defendants object to the Interrogatories to the extent that they are not appropriately limited in time.

15. Defendants object to the Interrogatories to the extent that they violate Federal Rule of Civil Procedure 33(a)(1), in that they exceed the total of 25 written interrogatories, including all discrete subparts, permitted by that Rule as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

16. Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in any specific answer does not waive any general objection to the Interrogatory.

## SPECIFIC OBJECTIONS AND ANSWERS

### PLAINTIFFS' DEFINITIONS SPECIFIC TO INTERROGATORY NO. 1:

1. "PA" means and refers to defendant The Palestinian Authority and any ministry, agency, division, bureau, department or instrumentality thereof.

2. "PLO" means and refers to defendant The Palestine Liberation Organization and any agency, division, bureau, department or instrumentality thereof.

3. "Defendants" means and refers collectively to Defendants PA and PLO and any ministry, agency, division, bureau, department or instrumentality thereof.

4. "Letter" means and refers to the letter attached hereto as Exhibit A.

5. "Parties to the Letter" means and refers to Amana Iyaidieh, whose name appears at the bottom of the Letter; the two persons who are listed by title as addressees of the Letter (i.e.

the commanders of National Security and Political Security as of the date of the Letter); and the persons who made the handwritten notes on the Letter (including, without limitation, "Hilal").

6.  "Relevant Persons" means and refers to Wafa Idris (who is mentioned in the First Amended Complaint in this action ("FAC") and died as a result of the January 27, 2002 bombing discussed in the FAC); Munzar Mahmoud Khalil Noor (who is mentioned in the FAC and was also the appellant/appellee in *Prosecutor v. Noor*, Nos. 2793/04 and 1009/05); Mohammed Muhtasib (who is described in the judgment in *Prosecutor v. Noor* as a PA intelligence officer who is also known as "Abu Talal"); Tawfik Tirawi; and the Parties to the Letter.

**INTERROGATORY NO. 1:**

Provide the full names and identification numbers of the Relevant Persons and identify and describe in detail any and all positions and/or jobs held by the Relevant Persons in the PA and/or the PLO and any and all work or employment performed by the Relevant Persons for the PA and/or the PLO, at any time, including without limitation a detailed description, for all periods of time, of: (i) the titles, nature, purposes, responsibilities and duties of any and all such positions, jobs, work and/or employment; (ii) the ministries, agencies, divisions, bureaus, departments and/or instrumentalities of the PA and/or the PLO in and/or for which the Relevant Persons performed such positions, jobs, work and/or employment; (iii) the rank or ranks held by the Relevant Persons in all such positions, jobs, work and/or employment; (iv) the time periods during which the Relevant Persons held and/or provided such positions, jobs, work and/or employment; (v) the amounts of the payments, salaries and/or other remunerations received by the Relevant Persons for such positions, jobs, work and/or employment specifying the identity of the respective payor(s) of such amounts; and (vi) the names, titles and positions of all officials and/or employees of the PA and/or the PLO to whom the Relevant Persons were directly or indirectly subordinate in all such positions, jobs, work and/or employment and (vii) the current employment positions/titles and current employers of all persons named in response to subsection vi *supra*.

**OBJECTIONS TO INTERROGATORY NO. 1:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 1 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome particularly with respect to its lack of a timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for a description of "any and all positions and/or jobs held by the Relevant Persons," "any and all work or employment performed by the Relevant Persons"); (b) the Interrogatory seeks disclosure of information that is irrelevant to any of the issues presented by Plaintiffs' First Amended Complaint, and the Interrogatory is not reasonably

1206651.2

calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "positions and/or jobs," "work or employment," "performed," "titles, nature, purposes, responsibilities and duties," "ministries, agencies, divisions, bureaus, departments and/or instrumentalities," "rank or ranks," "payments, salaries and/or other remunerations," "payor(s)," "positions," "officials and/or employees," "directly or indirectly subordinate," "current employment positions/titles," and "current employers" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Interrogatory violates Local Civil Rule 33.3(a), in that is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature"; (e) aside from seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the Interrogatory violates Local Civil Rule 33.3(b), in that it is not a more practical method of obtaining the information sought than a request for production or a deposition; (f) the Interrogatory, while styled as single interrogatory, is composed of multiple discrete subparts that count as separate interrogatories; and (g) the Interrogatory exceeds the 25-interrogatory limit set by Federal Rule of Civil Procedure 33(a)(1) as modified by Paragraph 7 of the Scheduling Order issued by the Court on June 24, 2011 (DE 131).

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants hereby answer this Interrogatory as follows.

1206651.2

Based on an investigation conducted to date of information and files reasonably available to Defendants, Defendants provide the following responsive full names:

- Wafa' Ali Khalil Fleifel;
- Munzar Mahmoud Khalil Noor;
- Tawfiq Mohammad Hussein al-Tirawi;
- Amneh Mohammad Abdullah Reehan;
- Sabri Mohammad Ismail Tmaize; and
- Hilal Hussein Khalaf Abdel-Haq.

Kamal Eddin Musa el Abed is also known as Muhammad Muhtasib and Abu Talal. Defendants do not know if Kamal Eddin Musa el Abed is a person who was allegedly described in the case of *Prosecutor v. Noor*, or if those descriptions were accurate.

Defendants have also identified additional information sought by this Interrogatory, including identification numbers and documents. Pursuant to Federal Rule of Civil Procedure 33(d), Defendants hereby offer to produce that information and those documents to Plaintiffs once an appropriate protective order or confidentiality agreement, placing proper limitations and restrictions on the post-production use or disclosure of such information by Plaintiffs, is in effect. Certain of these documents have been selected for translation at the direction of Defendants' counsel. These translations are protected from disclosure by the work-product doctrine and are being withheld on work-product grounds.

Defendants' investigation is continuing, and Defendants will supplement this answer to the extent required by Federal Rule of Civil Procedure 26(e)(1).

1206651.2

Defendants also remain willing to engage in good-faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any further discovery in response to the foregoing Interrogatory.

November 11, 2011

Respectfully submitted,

_/s/_

Mark J. Rochon
Richard A. Hibey
Laura G. Ferguson
Brian A. Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of November 2011, a true and genuine copy of the foregoing was served by email and first-class mail, postage prepaid, on the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
> (718) 855-4696
> rjt@tolchinlaw.com

_____
Brian A. Hill

1206651.2