# EXHIBIT A.948
## (8 of 8)



בית המשפט המחוזי בתל אביב - יפו

ת"א 04-1047 עזבון המנוח מנטין עמית עמוס ואח' נ' בזק החברה הישראלית לתקשורת בע"מ ואח'

1   של המדינה (באותו מקרה – הסכמת קצין התגמולים) להחזר התשלומים, התגמולים
2   וטובות ההנאה שקיבלה הניזוקה מהמדינה הינה תנאי מוקדם להתגבשותה מחדש של זכות
3   התביעה בנזיקין, והיות ובמקרה אשר בפני לא הוגשה לתיק בית המשפט הסכמה כאמור,
4   אין לתובעת זכות להגשת תביעה בנזיקין.
5

6   הלכה זו אכן נהגה במשך מספר שנים, אולם שונתה במסגרת פסק הדין שניתן בהרכב
7   מורחב של שבעה שופטים <u>בע"א 1162/96 הילה וייס ואח' נ' אביעד יוסף מאק ואח'</u> פ"ד נג
8   (2) 79) (להלן: **"פרשת וייס"**).
9

10  בפרשת וייס עמד בית המשפט העליון על הקושי המובנה הגלום בדרישה להחזר התשלומים
11  שקיבל הניזוק מהמדינה כתנאי להתגבשות זכותו להגשת תביעה בנזיקין.
12

13  קושי זה נובע מהעובדה שעם הסכמת המוסד לביטוח לאומי להחזרת התגמולים מהניזוק,
14  מופסקים תשלומי התגמולים לניזוק, ובמקרה כזה עומד הניזוק **"ללא משאבים להטבת**
15  **נזקו למשך כל משפט הנזיקין"**, וזאת בנוסף לאובדן זכותו העתידית לקבל תגמולים
16  מהמדינה. משכך, הברירה של הניזוק לבחור בין תגמולים מהמדינה לבין פיצוי מהמזיק
17  **"נשארת לרוב עניין תיאורטי, מה עוד שאין בידו האפשרות להחזיר את הסכומים שקיבל,**
18  **אם בכסף ואם בהטבות בעין"**.
19

20  נוכח הקשיים האמורים נקבע, כי על רקע הוראות סעיף 36(א)(1) <u>לחוק הנכים (תגמולים</u>
21  <u>ושיקום) [נוסח משולב], תשי"ט – 1959</u> , המבחינה במפורש בין ניהול תביעות לבין גביית
22  פיצויים, יש לפרש את הסיומת של הוראת סע' 36(א)(5) לחוק, הקובעת מתי יהיה הנכה
23  זכאי **"לתבוע לפי החוק האחר"**, כמכוונת למימוש התביעה, שעניינה גביית הפיצויים, ולא
24  ניהול התובענה.
25

26  התוצאה המשפטית הינה, כי מעמדו של הנכה הניזוק הזכאי, מלכתחילה, להגיש את שתי
27  התביעות – אינו משתנה עם קבלת תגמולים. קרי: הניזוק רשאי לנהל את שתי התביעות
28  במקביל, הן כנגד המדינה והן כנגד המזיק, ואם פנה תחילה לקבלת התגמולים – כמו
29  במקרה אשר בפני, הוא עדיין רשאי להגיש תביעה נגד המזיק ולנהלה עד לסיומה. אם בסופו
30  של דבר יעדיף לקבל את הפיצוי מאת המזיק, הוא יצטרך לעמוד בתנאי סע' 36(א)(5) לחוק
31  הנכים, קרי: להשיב את כל הסכומים שקיבל מהמדינה, כתנאי לקבלת הפיצויים מהמזיק.
32



בית המשפט המחוזי בתל אביב - יפו

ת"א 04-1047 עזבון המנוח מנטין עמית עמוס ואח' נ' בזק החברה הישראלית לתקשורת בע"מ ואח'

| | |
|---|---|
| 1 | פתרון זה, הופך את הברירה הקיימת בפני הניזוק, אשר רשאי לבחור בין תגמולים לבין |
| 2 | פיצויים, מברירה תיאורטית לברירה ממשית, ותואם את הוראות חוק יסוד : כבוד האדם |
| 3 | וחירותו. |
| 4 | |

80. נוכח האמור, אין כל פסול בהגשת התובענה לבית המשפט למרות קבלת תגמולים מהמדינה, באופן שבסופו של יום תהא הברירה בידי התובעת להחליט איזו מהאפשרויות עדיפה מבחינתה, האם המשך קבלת התגמולים מהמדינה, או השבתם וקבלת פיצוי מהמזיקים, ואשר על כן נדחית בזאת טענת קבוצת בזק, לרבות בהתייחס לטענת חוסר תום הלב המיוחסת לתובעים (בסע' 11 לסיכומי בזק).

81. סוף דבר, ניתן בזאת פסק דין על סך 1,944,177 ₪, בצירוף שכ"ט עו"ד בשיעור של 20% שכ"ט מומחים ובצירוף החזר הוצאות אגרה.

בהתאם למפורט בפסק הדין, ישאו הנתבעים 7 ו 8 – ביחד ולחוד בשיעור של 70% מסכום פסק הדין, ואילו הנתבעים 5-1 ביחד ולחוד ישאו בשיעור של 30% מסכום פסק הדין.

התביעה כנגד הנתבעת 9 – נדחית.

נוכח הטרגדיה נשוא התובענה, ולמרות שהומלץ לתובעים להסכים לדחיית התובענה כנגד נתבעת זו בשלבים מוקדמים של הדיון, איני עושה צו להוצאות.

ניתן היום,  ט"ז אדר תשע"ג, 26 פברואר 2013, בהעדר הצדדים.

דליה גנות ,שופטת

90 מתוך 90

P 1: 975