# EXHIBIT B.15
## (4 of 11)

| 18 | 911744878 | אחמד מוחמד אחמד סעד<br>Ahmed Mohammed Ahmed Sa'ad |
|---|---|---|
| 19 | 411124423 | אברהים ע/א חי<br>Ibrahim Abd-al Hai |
| 20 | 429934439 | בשאר ברגותי<br>Bashar Bargouti |
| 21 | 906194063 | עז אלדין חמאמרה<br>Uzz-a-din Hamamra |

**1. Moonzer Mahmood Halil Nur – ID No. 902442607**
   <u>Case No. 3465/02  -  Appeal No. 1009/05</u>

This defendant was tried, at first instance, for various offences and incidents including the co-perpetration of homicide on Jaffa Street in Jerusalem on 27 January 2002, attempted homicide and kidnapping. The defendant was, in fact, acquitted of kidnapping at the conclusion of the evidential hearings. After being sentenced to life imprisonment, the defendant appealed both his sentence and conviction. Simultaneously, the Prosecution appealed the sentence arguing, *inter alia*, that the defendant should have received an additional consecutive life sentence for the attempted homicide of approximately 150 bystanders present on Jaffa Street (including members of the Sokolow family). The defendant's appeal was rejected on both grounds whereas the Prosecution's appeal was allowed.

Of note is the fact that the defendant was represented, at trial and on appeal, by counsel – Attorney Ali Gozlan with who I am familiar and know to represent many accused at the JMC. In its judgment, the trial court observed that much of the evidential material was submitted with the consent of defence counsel including, most importantly, the statements of the accused himself which contained self-incriminating information: namely, that the accused had sat with a female suicide bomber (who he had met, on an occasion, at the Muqata'a) and discussed the details of a proposed attack. Defence counsel sought to diminish the role of the accused by arguing that his client did not possess specific intent for the purpose of homicide nor did he truly act in concert with the physical perpetrator. Defence counsel argued, in a nutshell, that the evidence arising out of his client's statements only supported the

9

contention that he knew of a plan to place a bomb rather than encouraging the female bomber in her homicidal and suicidal enterprise.

In my opinion, the defendant was afforded due process. At no stage did defence counsel challenge the admissibility of the statements which were the basis for his client's conviction. To the contrary, comprehensive legal arguments were made that the accused's statements did not make out a guilty state of mind (apart from the offence of failing to prevent the commission of a crime). Furthermore, in his grounds of appeal, the defence counsel did not argue that there had been any procedural irregularity during the trial at first instance.

2. **Abd-el Karim Ratheb Younis Aweis – ID No. 980136675**
   **Case No. 3478/02**

This defendant was charged, on an indictment filed on 30 June 2002, with various offences including the manufacture and use of improvised explosive devices and attempted homicide. At the arraignment hearings, the defendant was represented by Attorney Samara who, on 15 January 2003, announced to the Court that his client would plead guilty to an amended indictment which was soon to be filed. Indeed, on 22 January 2003, the Prosecution submitted its amended indictment which it had signed on 14 January 2003 and presumably discussed with Attorney Samara prior to the hearing of 15 January 2003. The defendant, through his counsel, pleaded guilty to the amended indictment which comprised a total of 46 counts including 3 counts of homicide and 1 count of attempted homicide in relation to a "Tanzim" sponsored suicide-bombing committed on King George Street in Jerusalem on 21 March 2002. According to the information placed at my disposal, this was the attack in which members of the Bauer family were injured.

The accused himself spoke at the hearing which took place on 22 January 2003 and confirmed his guilty plea. It is important to note that the accused was, also, at pains to stress that as far as his guilty plea to one of the counts was concerned, it should not be interpreted as incriminating his brother - Hassan. Such a comment strongly supports an argument that the accused was well aware of the charges leveled at him and was sufficiently well informed and aware of the consequences of his guilty plea.

The sentencing hearing took place on 12 March 2003 and the accused himself, as is the custom, was given the opportunity of having the last word. This is what he had to say:

10

> *"The acts which I did – I am proud of them and there is justification for what I did. The reason for them is the Israeli occupation and the Israeli army which every day kills civilians and the last among them is the killing of my brother Samar. If I could kill more Jews, I would not hesitate. What I would like to state here is this: the Intifada will continue and also the attacks will continue within Israeli territory until the State of Palestine is created and the army withdraws from the Occupied Territories"*.

The defendant was, thereafter, sentenced to six consecutive life-sentences.

Nothing in the materials with which I have been provided leads me to believe that this defendant was denied due process. No application was made by defence counsel to correct the transcript documenting his client's speech at the sentencing hearing. It must therefore be assumed that the words appearing in the transcript correctly reflect the defendant's thoughts and beliefs and that they were uttered freely and spontaneously.

### 3. Nasser Jamal Mussa Shwaysh – ID No. 993006188
   **Case No. 3739/02**

This defendant was prosecuted for homicide in respect of the same attack mentioned immediately above; namely, the bombing committed on 21 March 2002 on King George Street in Jerusalem. The defendant was also convicted of various firearms offences committed against IDF soldiers and installations as well as orchestrating another suicide bombing (committed on 25 January 2002 in Tel Aviv) – all in his capacity as a senior commander in the Al-Aqsa Martyrs' Brigade.

I have noted that the defendant was not represented by counsel at trial. Nevertheless, at the arraignment hearing held on 6 October 2002, the defendant had the following to say:

> "*I do not want to be represented by a lawyer. I have understood what the Court has told me concerning the need to be represented but I maintain this refusal*".

The defendant, in any event, displayed a thorough understanding of the charges alleged – pleading guilty to some and denying others. Of particular interest is the fact that with respect to one count of attempted homicide (count no. 24), the defendant admitted co-perpetrating a shooting attack on a military checkpoint but clarified that

11