# EXHIBIT B.15
## (7 of 11)

At page 56 of its judgment, the Court gave its reasons for convicting the defendant of homicide and attempted homicide on counts 44-53 which concerned the attack perpetrated at the Hebrew University in Jerusalem on 31 July 2002. The evidence against the defendant comprised a note taken from the investigative interview of a co-perpetrator called Arman – who stated as follows:

> "*Concerning the the attack at the University, the interviewee stated that the idea was that of Abu-Sa'ad and the Sheikh* [i.e. the defendant - N.K.] *gave his approval only requesting that there were arabs in the vicinity, they should not execute the attack*".

The Court had previously discussed the admissibility of Arman's evidence in light of the general attack launched by Defence counsel on the credibility of the investigative agents tasked with documenting the evidence of co-perpetrator witnesses.

Finally, the Court proceeded to examine whether giving an order for an attack constituted full participation in a crime or a lesser mode of liability. On the basis of legal precedent the Court concluded that the defendant's criminal liability should not be defined as inchoate.

Immediately after rendering its judgment, defence counsel repeated his client's refusal to recognize the Court's competence to try him and, further, requested that his client be excused from attending the sentencing hearing. At the conclusion of the Prosecution submissions as to sentence, defence counsel declined to proffer a plea in mitigation.

On 1 July 2012, the defendant was sentenced to 54 consecutive life sentences.

To conclude, it is my opinion that the defendant's rights were protected at all times by counsel who clarified that his client's refusal to mount a proactive defence was grounded in ideological reasons. Counsel was afforded an opportunity to cross-examine all essential witnesses and the judgment convicting the defendant was reasoned and comprehensive.

### 8. Ahmed Bargouti – ID No. 994466860
   Case No. 3459/02

On 15 May 2003, this defendant pleaded guilty to more than 50 counts documented in an amended indictment filed on 1 October 2002. Among other offences, the defendant admitted to jointly instructing one Sa'id Ramadan to carry out a "suicide" shooting attack on Jaffa Street in Jerusalem on 22 January 2002. The defendant also

admitted sheltering Abdallah Bargouti (Case 6 above) prior to the latter carrying out the attack perpetrated at the Hebrew University on 31 July 2002.

On 30 July 2003, the Court held a hearing at the conclusion of which, and before he was sentenced to 13 consecutive life sentences, the defendant stated as follows:

> "*I say that the death penalty should be imposed on* [Ariel – N.K.] *Sharon in this Court. I regret nothing*".

Nothing in the materials with which I was provided leads me to believe that this defendant was denied due process. He was represented by Attorney Nasr-a-din who stated that his client had instructed him not to present any defence nor to enter a plea in mitigation because he did not recognize the competence of the Court to try him.

### 9. Mohammed Messalah – ID No. 902845643
### Case No. 3250/02 (Sentenced jointly in Case No. 3275/02)

This defendant was represented by Attorney Akram Samara who, on 12 January 2003, announced that his client would plead guilty, *inter alia*, to homicide and attempted homicide by way of jointly instructing the aforementioned Sa'id Ramadan to carry out a "suicide" shooting attack on Jaffa Street in Jerusalem on 22 January 2002. As part of the aforementioned plea bargain, which entailed an amendment to the original indictment filed against the accused, the Prosecution gave an undertaking not to use the defendant's confessions in investigation against his alleged co-perpetrators at trial. For the 22 January 2002 attack and others, the defendant was sentenced, on 25 March 2003 to 9 consecutive life sentences.

From the reasoned sentencing judgment, it is apparent that the defendant justified the deeds to which he had pleaded guilty as a reaction to "the Occupation". Nothing in the materials made available to me suggests that the defendant was denied due process and/or admitted something that he did not, in fact, do.

### 10. Mohammed Sami Ibrahim Abdallah – ID No. 979469954
### Case No. 3251/02

This defendant was tried for various offences of homicide and attempted homicide including transporting the aforementioned Sa'id Ramadan to Jaffa Street in

Jerusalem on 22 January 2002 with the intent that the latter should shoot at civilians with an M-16 semi-automatic rifle.

At the trial proceedings which commenced on 5 August 2002, the defendant was represented by Attorney Fateen who, on 12 January 2003, announced that he had reached a plea bargain with the Prosecution whereby the defendant would plead guilty to an amended indictment.

During the sentencing hearing, the accused himself stated that he had committed the offences for which he had been convicted because of the occupation adding that he regretted nothing and that he would even encourage those continuing the struggle for freedom. On 13 May 2003, the defendant was sentenced to 5 consecutive life sentences.

There is nothing in the documentation with which I have been provided to suggest that the defendant did not receive a fair trial. The defendant's utterances during the sentencing hearing confirmed the ideological basis for his offences and the voluntary nature of his confession.

### 11. Pharess Ghanem – ID No. 025806985
### Case No. 3262/02

On 21 April 2002, a 32 count indictment was filed charging this defendant, inter alia, with several accounts of homicide and attempted homicide. Of relevance to the case of *Sokolow* is the charge that he transported the suicide "shooter" – Sa'id Ramadan from Ramallah to Jerusalem on 22 January 2002 together with Mohammed Sami Ibrahim Abdallah (Case 10 above) at the request of Ahmed Bargouti (Case 8 above).

The defendant maintained his innocence during investigation and at trial where he was initially represented by Attorney Samara who, on 25 December 2002, agreed to submit evidential material to the court *in lieu* of live testimony. On 16 March 2003, the defendant announced that it was his intention to change his legal representation and to replace Attorney Samara with Attorney Osama Sa'adi. The latter appeared before the Court for the first time on 31 March 2003 and requested an adjournment in order to familiarize himself with the investigative material. Thereafter, on 24 April 2003, Attorney Sa'adi requested a further continuance in order reach procedural agreements with the Prosecution. On 20 May 2003, the parties informed the court of those matters which were disputed by the defence and on 21 September 2003, submitted further evidence *in lieu* of live testimony. On 29 April 2004, defence counsel stated that his client would waive the right to testify in his own defence but added that, with the agreement of the Prosecution, such a decision would not corroborate the Prosecution evidence where such corroboration was required. After