# EXHIBIT B.15
## (8 of 11)

a few additional adjournments, the parties submitted their closing submissions in writing.

On 25 July 2004, the Court rendered its judgment, convicting the defendant of all the offences with which he had been charged. In finding him guilty for the offences related to the shooting attack on 22 January 2002, the Court relied on the incriminating testimonies of Mohammed Sami Ibrahim Abdallah (Case 10 above) and Mohammed Messalah (Case 9 above) which had been submitted *in lieu* of *viva voce* testimony and were deemed mutually corroborative.

At the sentencing hearing held on the same day as the verdict, defence counsel made a comprehensive plea in mitigation touching on the unique personal circumstances of his client. The defendant was sentenced immediately thereafter to 9 consecutive life sentences.

In forming my opinion concerning this case, I have noted that the defendant was represented by Attorney Osama Sa'adi - one of the most experienced and prominent defence counsel practising both in Israel and on the West Bank. I am personally familiar with this lawyer having appeared opposite him in my former role as a prosecutor and having sat as a judge in cases in which he has argued. I know Attorney Sa'adi to be a fearless advocate and ready, at any opportunity, to criticize any perceived breaches of his clients' rights and far from shy of reprimanding the Court itself. Although not achieving the result which he desired, Attorney Sa'adi well protected his client's rights and provided him with a solid defence. Nothing in the material with which I have been provided suggests that the defendant was denied due process.

### 12. Majid al-Masri – ID No. 904460862

This defendant was not tried in the JMC but at the Samaria Military Court. According to the indictment filed against him, the defendant was charged with 19 offences including, at counts 6-8, homicide and attempted homicide in respect of the attack perpetrated on Jaffa Street, Jerusalem on 22 January 2002.

The defendant was ably represented by Attorney Amjad Derowshe throughout his trial which commenced on 4 June 2003. The defendant contested all the charges leveled at him and evidential hearings were heard for the best part of two years with the judges delivering a reasoned judgment on 28 June 2005 (notifying the verdict orally on 6 February 2005). The evidential hearings were conducted in textbook fashion with no out of the ordinary occurrences. The judges even found it appropriate, on 14 June 2004, to award defence counsel costs for wasted time incurred by a police officer who failed to appear to testify.

The accused gave evidence in his own defence which was found, in the judgment, not to be credible. The prosecution evidence incriminating the defendant was largely based on the testimony of co-perpetrators. The defendant presented two lines of defence arguing, on the one hand, that there were many people from his area who shared his name while maintaining, on the other hand, that those who incriminated him did so because of some personal vendetta. The judges found these two lines of defence to be contradictory. With respect to the attack on Jaffa Street, the defendant was convicted on the basis of the cumulative testimonies or guilty pleas of co-perpetrators mentioned in this opinion: Ibrahim Abd-al Hai, Nasser Aweis, Mohammed Messalah, Mohammed Sami Ibrahim Abdallah and Ahmed Bargouti. Each of these testimonies corroborated each other and gave the judges a clear picture of the defendant's role in the Jaffa Street attack – namely sending the suicide "shooter" to perpetrate his attack after filming him reading his last will and testament.

On 6 February 2005, the Court held a sentencing hearing during which the defendant continued to maintain his innocence. At the conclusion, the defendant was sentenced to 10 consecutive life sentences.

From perusal of the transcripts of the trial proceedings, I am of the opinion that due process was observed and that the defendant was convicted after the evidence had been tested by competent counsel.

### 13. Ali Mohmamed Hamed Abu-Halil – ID No. 920629276
### Case No. 2306/04

This defendant was charged, *inter alia*, with co-perpetrating homicide and attempted homicide by way of procuring the materials for the explosives used in the suicide bombing attack on the No. 19 bus in Jerusalem on 29 January 2004.

The defendant was represented at trial by Attorney Ahraj who, on 4 August 2005, announced that his client would plead guilty to the facts contained in the indictment but would, also, argue that his client's mode of participation should be redefined as aiding and abetting rather than the co-perpetration charged by the Prosecution. Accordingly, the Court put off the case for written closing submissions.

On 26 February 2006, the Court rendered its judgment wherein it concurred with the defendant's line of defence, convicting him, in total, of 19 counts of aiding and abetting homicide and 2 counts of attempting to aid and abet homicide.

At the sentencing hearing on 5 March 2006, Attorney Ahraj submitted precedent (Appeal Case No. 1706/05) in order to distinguish his client's case from others and in order to request a sentence which he felt appropriate for aiding and abetting homicide; between 20-25 years homicide. Attorney Ahraj stressed the limited role which, he claimed, the accused had played in the bombing attack – taking instructions, on one occasion alone, from Abd-al-Rahman Youssef Abd-al-Rahman Mekadad (see below).

The defendant was sentenced to 21 life sentences – all to run concurrently. In its reasoned sentencing decision delivered on 23 November 2006, the Court reiterated, on the one hand, the sentencing policy adopted by the military judiciary of imposing life sentences on those who aid and abet suicide attacks. On the other hand, the Court found it appropriate to distinguish between the defendant and those who co-perpetrated such attacks by determining that he would serve all his life sentences concurrently.

To conclude, the defendant did not deny involvement in the offences with which he was charged and the arguments made on his behalf suggest his full cooperation with competent counsel whose argument as to the mode of liability was, in fact, accepted by the Court. Having reviewed the materials placed at my disposal, there is nothing to suggest that the defendant was denied due process.

### 14. Abd-al-Rahman Youssef Abd-al-Rahman Mekadad  - ID No. 410066625
   Case No. 2271/04

This defendant was charged on an indictment containing 29 offences including homicide and attempted homicide for the procurement and the manufacture of the chemicals and explosives used in the suicide bombing attack on the No. 19 bus in Jerusalem on 29 January 2004.

The defendant was represented by Attorney Osamah Awdeh at trial which commenced on 30 June 2004. On 27 July 2006, after technical procedural hearings over the space of two years, the parties agreed to allow the Court to decide the defendant's guilt on the basis of evidential material submitted with the consent of defence counsel. During his closing speech, defence counsel had the following to say:

> "…the defendant's case is that he does not wish me to make closing submissions and that all the facts contained in the indictment are correct and that his case is that he murdered and wounded all the people mentioned in the indictment but he did so in the context of his struggle