# EXHIBIT B.15
## (10 of 11)

This defendant was tried, *inter alia*, for the suicide bombing of the No. 19 bus in Jerusalem committed jointly with Ali Mohmamed Hamed Abu-Halil (Case 13), Ahmed Salah Ahmed Salah (Case 16), Abd-al-Rahman Youssef Abd-al-Rahman Mekadad (Case 14) and Hilmi Abd-al-Karim Mohammed Hamash (Case 15) on 29 January 2004. This defendant's alleged role, according to the indictment filed on 20 May 2004, was accompanying the bomber to Jerusalem in the full knowledge that the latter was carrying on his person a belt of explosives.

The defendant was represented throughout the proceedings by Attorney Ahraj. The trial proceedings commenced on 30 June 2004 and, after a few adjournments, concluded with the defendant's guilty plea on 27 September 2004. Sentencing took place on the same day and defence counsel had the following to say:

> "*In conversation with my client, his friends asked him "why?". This question was also addressed to me by my client and other prisoners. Until now I could not give them an answer, despite the fact that I know it. Why does a young man of my client's age decide to die? To die does not necessarily mean to lose one's life' death is also to be in prison for all of one's life. He was dead already at home. There is no difference between his living conditions and those of his friends. I think that the time has come that someone with courage should say who the guilty party really is. Is it the defendant, who by chance is here today? Tomorrow there will be someone else…I say that the guilty party is the occupation*".

On 12 January 2005, the defendant was sentenced to 21 consecutive life sentences.

It is worth noting that the defendant's interviews with the investigating authorities, where he also admitted his guilt, were submitted to the Court. No attempt was made at trial by the defence lawyer to argue that these confessions were unlawfully obtained. Furthermore, nothing in the materials with which I have been supplied suggests that the defendant was denied due process or that his guilty plea was anything other than genuine.

### 18. Ahmed Mohammed Ahmed Sa'ad – ID No. 911744878
### Case No. 2305/04 – Appeal No. 3685/08

On 2 December 2004, this defendant was charged with over twenty crimes including offences of homicide. Throughout the hearings at first instance, he was represented by Attorney Osama Awdeh who, in due course, reached a procedural agreement with the Prosecution whereby the charged mode of liability for the offences of

27

homicide was changed from co-perpetration to aiding and abetting and the defence was free to argue for an acquittal.

Prior to the aforementioned, on 20 July 2006, defence counsel remarkably admitted to allowing his client to plead guilty to facts for which he (defence counsel) did not appreciate that there was no evidence. As a result, the Court acceded to an exceptional request to vacate its earlier judgment of 13 June 2006 and rehear closing submissions which were presented on 8 August 2006. A new judgment was handed down on 18 September 2006 whereby the defendant was found guilty, *inter alia*, of aiding and abetting the suicide bombing which was carried out on the No. 19 bus on 29 January 2004 by way of acquiring the materials necessary for manufacturing explosives.

During the sentencing hearing, on 19 September 2006, the defendant had the following to say concerning the commission of his crimes:

> "…I made a mistake and I regret it. I did it but what I did do I did without thinking of the consequences and I hope it will be clear to all that when I matured I thought about my acts and I realized that that these acts that I did are violent, bad and contrary to humanity. But that is in the past and I cannot change the past…Everything that I am saying to you – don't think that I am saying it because I have been influenced by custody or punishment. I really believe it and that there is justice. I am now thinking with reason and I know that this is the right path. I am learning in the Open University with you (in Israel) and I want to continue my psychology studies in Israel".

On 21 September 2006, the defendant was sentenced to 30 years imprisonment with the detailed reasons for this sentence being delivered on 15 January 2008. By this stage, the defendant had changed his counsel and appealed both conviction and sentence (which was later rejected).

Despite being represented, at first instance, by counsel who effectively admitted malpractice, the Court was keen to ensure that the defendant's rights and interests were not harmed and, to this end, vacated their first verdict. The defendant's speech in mitigation makes clear his remorse and reinforces my opinion that he voluntarily confessed to the physical elements of the crimes of which he was found guilty. The second verdict was well reasoned and, in dealing with the mental elements of the offence of aiding and abetting homicide, rejected the defendant's argument that he had no idea for what purpose the chemicals he had acquired were intended.

### 19. Ibrahim Abd-al Hai – ID No. 411124423
   **Case No. 6446/02**

This individual was tried at the SMC for various counts of homicide and attempted homicide perpetrated in the context of his membership of the Al-Aqsa Martyrs' Brigade. Of relevance to the matter at hand is his involvement in the shooting attack carried out on Jaffa Street on 22 January 2002. More particularly, after hearing of Sa'id Ramadan's desire to carry out a suicide attack, the defendant was alleged to have facilitated his introduction to the people who could realize such a nefarious intent and assisted in his training.

At one of the first hearings, on 19 December 2002, the defendant signaled his intention to dispense with counsel in the following fashion:

> "*I waive my right to be represented by counsel, I do not recognize the fact that an Israeli court can try a Palestinian…I do not want a lawyer. I want to represent myself, democracy ordains that the Court should listen to an accused and to the charges against it. I don't care about Bargouti nor about the press, my family and the people of my military base are all I care about. I respect my lawyer and I realize that I have a right to be represented, I am serious about what I said to the Court. I want to represent myself. I was arrested in Territory A, those who need to be judged are the officers who killed children playing football. I am an officer in the Palestinian Authority and I resigned from the police and I am a soldier who fights soldiers, they came to me in my military base – not me to them. You charge me and I charge you. If you charge me with an attack in Tel Aviv, charge yourselves with the murder of Salah Schehada's 11 children. Apart from what you have told me – whether I plead guilty or not – before you try me you should try Israelis*".

Faced with a defendant who was incriminating himself prior, even, to the commencement of trial, the judges requested that Attorney Faress Abu-Hassan, present in the court-room, speak to the defendant in an attempt to persuade him to take a lawyer to protect his interests. Despite this, the defendant was steadfast in his decision to represent himself. As a result, the judges rendered a decision permitting the continuation of the trial ruling that the defendant's refusal to accept counsel was motivated by ideology rather than a failure to understand the nature of the proceedings. The indictment was then put to the defendant and this is what he had to say:

> "*Without any reference to the indictment, I want to tell you that I am one of the national soldiers. Regarding the first count, I was a member of Fatah and I admit that Mohammed Ahmed recruited me to that unit of the Al-Aqsa Martyrs' Brigade which is called the "Old City" unit….all that is written in the indictment, I do not plead guilty to it because I do not*

29