# EXHIBIT B.15
## (11 of 11)

*recognize the investigation that was carried out against me. All the acts which I did are correct and I do not regret them; like I lost members of my family and it's my right to defend those who remain. I am not speaking on behalf of the Palestinian people; I did nothing to harm the Israeli people; only when the IDF killed by younger brother did I act."*

The case was then put off for trial by which stage the defendant had accepted counsel who, on 4 May 2003, requested a continuance in order to negotiate a plea bargain with the Prosecution. On 29 June 2003, in the presence of his new lawyers – Attorney Igbariah and Attorney Iraqi, the defendant pleaded guilty to an amended indictment including admitting to the fact that he and Nasser Aweis had sent Sa'id Ramadan to central Jerusalem to commit the attack of 22 January 2002. On 9 July 2003, sentencing submissions were heard with the defendant, once again, repeating his political ideology. On 21 September 2003, the Court sentenced the defendant to 8 consecutive life sentences and an additional 50 years.

Nothing in the information with which I have been provided leads me to believe that the defendant was denied due process. The judges at the SMC were keen to protect the defendant's interests by urging him to seek legal assistance. At the end of the day, the defendant was motivated by an ideological desire to admit his crimes.

### 20. Bashar Bargouti – ID No. 429934439
### Case 3159/02 – Appeal No. 23/03

This defendant was originally charged with two offences of giving shelter to Ahmed Bargouti (Case No. 8) on 20.1.02 and one offence of failing to prevent a serious crime( – the crime in question being the shooting attack perpetrated on Jaffa Street Jerusalem on 21 January 2002. The defendant had allegedly overheard details concerning the future commission of this attack and failed to report it to the relevant authorities.

At trial, which commenced on 10 July 2002, the defendant was represented by Attorney Ahmed Safiah and, thereafter, by Attorney George Shukri. On 13 January 2003, after running two evidential hearings, Attorney Shukri reached a plea bargain with the Prosecution. In the context of this plea bargain, the indictment was amended in order to enable the defendant to plead guilty to failing to prevent the shooting attack of 21 January 2002 while the two offences of "giving shelter" were deleted. At the conclusion of the sentencing hearing which was held on the same day, the defendant was sentenced to a term of imprisonment which reflected the period of time he had spent on remand, a 9 month suspended sentence and a 5000 NIS fine. Since the upshot of the sentence was the defendant's immediate release,

30

the Prosecution requested (and received) a stay of execution of the sentence in order to launch an appeal.

The Prosecution's appeal was heard three days later and allowed with the defendant's sentence being increased to 3 years imprisonment.

Although, the ultimate sentence imposed on the defendant could be deemed harsh in the circumstances, I am not of the opinion, on the basis of the materials supplied to me, that he was denied due process. Indeed, after consulting his lawyer – who had offered him extremely fine representation – the defendant voluntarily pled guilty to an amended indictment and made a personal petition at the conclusion of the sentencing hearing requesting clemency. The court in first instance was suitably impressed by the plea in mitigation so as to release the defendant on the spot.

### 21. Uzz-a-din Hamamra – ID No. 906194063
### Case No. 2269/04

While not tried for any incident of direct relevance to *Sokolow*, this individual was, nevertheless, prosecuted for other offences which he committed jointly with Ali Mohmamed Hamed Abu-Halil (Case 13 above) and Abd-al-Rahman Youssef Abd-al-Rahman Mekadad (Case 14 above).[7] The defendant was represented throughout the proceedings by Attorney Ahraj. No evidence was heard in this case because the parties agreed to present closing submissions on the basis of evidential material which, on 30 March 2006, had been submitted to the Court with the consent of defence counsel. The accused elected not to give evidence in his defence after having admitted to most of the facts of the indictment bar two reservations; 1) he did not formulate the idea for committing a suicide-bomb attack although he knew of the intention to perpetrate it and 2) he did not take an active role in preparing the explosives but was merely present while they were being prepared. On 22 June 2006, the Court delivered its judgment convicting the defendant on all counts and, on 20 July 2006, sentenced him to 9 consecutive life sentences.

It is reasonable to presume that defence counsel's arguments, although ultimately unsuccessful, were necessitated by the exigencies of the evidence. From the transcripts of the proceedings, I have noted that the defendant acted as a legal adviser to the special forces of the Palestinian Authority. Although, I am not aware of the exact duties that the defendant may have performed in such a capacity, I assume that were he to have believed that his rights and interests were being infringed at

---

[7] The incident in question was the suicide bombing of the No.14 bus in Jerusalem on 22 February 2004.

trial – he would have notified such to the Court through his counsel. I have no reason to believe that this defendant was denied due process.

***

**I hereby declare, under penalty of perjury under the laws of the United States, that the foregoing opinion consisting of […..] pages, each initialed by me, is true and correct to the best of my knowledge and belief.**

*Nick Kaufman*                April 10, 2013

_____        _____

Signature                     Date

32