# EXHIBIT B.16

Independent and Impartial Tribunals

Article 7 of MO 378 sets out the principle of judicial independence stating that with respect to matters of jurisdiction, there is no authority other than the law and security legislation enacted by the Military Commander of the West Bank.

Until 2001, the military courts on the West Bank mirrored the military courts for the prosecution of IDF soldiers in the State of Israel in the sense that two non-lawyer military officers would sit alongside a professional judge presiding over a trial chamber. By 2002, however, the procedure had changed and it is now the rule that two professional lawyers - either career army officers or reserve officers (with criminal law experience and who, as of 2004, are required to have the necessary experience to be able to be a candidate for the judiciary in Israel) sit alongside the presiding judge[6] who is ~~invariably~~ in most cases a career army officer (but may also be a reserve officer) ~~at~~ usually with ~~the~~a rank of ~~Lieutenant Colonel~~Major or higher (but never less than a Captain). The quality of the judiciary is maintained by regular continuing legal education which is a mandatory requirement for all including reserve officers such as myself.

The Presumption of Innocence

Article 29 of MO 378 states as follows:

> "*If the accused does not admit the truth of any charge, or the court refuses to accept a plea of guilt, the court shall proceed to hear the case brought by the military prosecutor and his witnesses and any other evidence which it deems fit*".

The Israeli law of evidence, which has been incorporated into the legislation applied by the IDF on the West Bank, assumes that a defendant is innocent until proved otherwise and obliges the Prosecution to make out its case beyond a reasonable doubt.

The Right to Counsel

Article 8 of MO 378 states as follows:

---

[6] Amendment No. 89 to Military Ordinance No. 378 of 1970.