# EXHIBIT D.10

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

June 13, 2013

**BY HAND**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
        Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

    We write on behalf of plaintiffs in response to defendants' letters to the Court dated May 14 and June 7, 2013 concerning the identification, by plaintiff Varda Guetta, of one of the four shooters involved in the attack on Ms. Guetta and her then 12-year old son.

    *First*, the Court should reject defendants' preclusion request. *Second*, in light of Ms. Guetta's identification of one of the shooters, Fawzi Murar, plaintiffs also respectfully request leave to serve a document request concerning Murar.

## I.    **The Court Should Deny Defendants' Preclusion Application**

    Defendants' preclusion application should be denied. On approximately February 17, 2013, Ms. Guetta identified Murar as one of the four shooters involved in the Givon Junction attack. Ms. Guetta identified Murar after viewing 15 photographs, in a photo array provided to her by her counsel, Robert Tolchin.

    According to PA records obtained by plaintiffs, Murar was a Lieutenant in "Force 17," the PA's Presidential Security Force. These PA records also identify Murar as a member of Fatah's Al-Aqsa Brigades. Other documentary materials show that Murar (1) enlisted individuals to carry out other shooting attacks against Israeli vehicles in the Ramallah area (near Givon Junction), and (2) dispatched a terrorist to carry out a suicide bombing in Israel. Murar was killed during an Israeli airstrike in March 2002.

    Plaintiffs promptly disclosed the Murar identification to defendants on February 19, 2013, and provided defendants with the photograph of Murar that Ms. Guetta viewed in making

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
June 13, 2013
Page 2

the identification. Following this disclosure, counsel for defendants immediately requested a second deposition of Ms. Guetta, to which plaintiffs agreed. This deposition was conducted on May 7, 2013. In advance of the requested deposition, plaintiffs produced the 15 photographs comprising the photo array at issue. Other than the photographs described above, there are no other documents responsive to defendants' Interrogatory No. 23 or Amended Notice of the Second Deposition of Varda Guetta, dated April 22, 2013.

The timing of Ms. Guetta's identification of Murar is reasonable in the context of this case. As the Court is aware, on October 27, 2011 and November 1, 2011—in the very early stages of discovery—the Guetta plaintiffs served their First and Second Requests for the Production of Documents on defendants (the "RPDs"). These requests broadly sought documents concerning the identity of the gunmen involved in the Guetta attack. Defendants objected to the RPDs in their entirety and refused to produce any responsive documents. The Court denied plaintiffs' motion to compel on December 5, 2012, and Judge Daniels overruled plaintiffs' objections on January 16, 2013. Plaintiffs then began a fresh investigation to try to identify the shooters, through which these 15 photographs were obtained.

Based on this timing, defendants cannot claim prejudice. Not only did defendants receive the full photo array that Ms. Guetta was shown, but they also requested and received a deposition on the specific issue of the Murar identification. Defendants retained an expert to opine on the reliability of the photo array, and insisted that Ms. Guetta's deposition be conducted on a date that would give their expert an opportunity to examine her testimony.

Finally, whether a witness identification is reasonable is a jury question, except in cases where there is a "taint of improper state conduct." *Perry v. New Hampshire*, 132 S. Ct. 716, 728 (2012) ("The fallibility of eyewitness evidence does not, without the taint of improper state conduct, warrant a due process rule requiring a trial court to screen such evidence for reliability before allowing the jury to assess its creditworthiness.").

## II.   The Court Should Grant Plaintiffs' Request for Leave to Serve a Document Request Concerning Fawzi Murar

The Court should allow plaintiffs to serve document discovery relating to Murar. Specifically, plaintiffs seek the following types of documents: (1) Murar's martyr file;[1] (2)

---

[1]   We have, what we believe to be, a copy of Murar's martyr file. We have reached out to counsel for defendants to confirm that this is a true and correct copy of the file.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
June 13, 2013
Page 3


Murar's PA personnel file and any payment records; (3) any photographs of Murar, including a color copy of his PA identification card; and (4) Murar's GIS, PSS, NSF, MI, Force 17, and PAP files. In light of Ms. Guetta's particularized identification of Murar, this documentary discovery is highly relevant. The photographs can be presented at trial so that the jury may reach its own conclusion about the reliability of Ms. Guetta's identification of Murar. Additionally, because Murar is deceased, plaintiffs do not have the option of serving him with a trial subpoena. Finally, like the other PA files involved in this litigation, which have already been produced to plaintiffs, Murar's files are relevant to establishing defendants' vicarious liability and ratification.

As noted above, defendants have themselves taken recent discovery on the Murar identification and plan to proffer an expert on the identification's reliability. Plaintiffs should be permitted to take reciprocal discovery. Plaintiffs' request is also narrowly tailored and will not unduly burden defendants. Plaintiffs seek information relating to only one individual, who is a former PA officer and employee, with a demonstrated connection to this case.

Finally, Murar has never been the subject of any discovery rulings by this Court. The Guetta plaintiffs' initial RPDs did not include Murar because, at the time, he had not been identified as one of the shooters. Now that he has been so identified, the discovery that plaintiffs seek is highly appropriate.

Respectfully yours,

Kent Yalowitz
Arnold & Porter, LLP
*Counsel for Plaintiff Varda Guetta*

cc:  Brian Hill, Esq.
     Robert J. Tolchin, Esq.