```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   SOKOLOW, et al,                     :  04-CV-00397 (GBD)
                                         :
 5                  Plaintiffs,          :  June 19, 2014
                                         :
 6             v.                        :  500 Pearl Street
                                         :  New York, New York
 7   PALESTINE LIBERATION ORGANIZATION,  :
      et al,                             :
 8                                       :
                    Defendants.          :
 9   ------------------------------------X

10
            TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
11                BEFORE THE HONORABLE RONALD L. ELLIS
                     UNITED STATES MAGISTRATE JUDGE
12

13   APPEARANCES:

14
     For the Plaintiff:          KENT A. YALOWITZ, ESQ.
15                               Arnold & Porter, LLP
                                 399 Park Avenue
16                               New York, New York 10022

17
     For the Defendant:          BRIAN A. HILL, ESQ.
18                               LAURA FERGUSON, ESQ.
                                 Miller & Chevalier, Chartered
19                               655 Fifteenth Street, NW, Ste 900
                                 Washington, DC 20005
20

21

22   Court Transcriber:          MARY GRECO
                                 TypeWrite Word Processing Service
23                               211 N. Milton Road
                                 Saratoga Springs, New York 12866
24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                2

1           THE COURT:  Good morning.  This is Judge Ellis.  May
2  I have your appearances?
3           MR. YALOWITZ:  Good morning, Your Honor.  Kent
4  Yalowitz; Arnold and Porter, on behalf of the plaintiffs.
5           MR. HILL:  Good morning, Your Honor.  Brian Hill for
6  the defendant, the Palestinian Authority, and Laura Ferguson is
7  also on the line.
8           THE COURT:  This is a conference in <u>Sokolow v.
9  Palestine Liberation Organization, et al</u>, 04-CV-397.  It is
10 Thursday, June 19th at approximately 10 a.m.  The purpose of
11 this call is that I have received from the plaintiffs a request
12 relating to a submission by the defendants from General Kalid
13 [Ph.] Abu Al-Yamin [Ph.], and I just wanted to make sure that
14 we didn't get any unnecessary submissions so the parties
15 understand where we are on this.
16          First of all, this is the defendant's submission was
17 a submission in relation to the plaintiff's motion for
18 sanctions including preclusion.  The plaintiff's specific
19 request include either the production of the general for a
20 deposition or the striking of the general's declaration.  As to
21 the first request, I consider that a discovery request and I
22 don't recall that ever being made an issue during discovery.
23 Did I miss something?  Was there a request that the general's
24 deposition be compelled during the discovery process?
25          MR. YALOWITZ:  There was not, Your Honor.  Kent

                                                                  3

1  Yalowitz for the plaintiffs.  The problem of GIS documents and
2  the issue of sanctions did not arise until after the close of
3  discovery.  The general first made an appearance in the case as
4  far as we can tell earlier this year in response specifically
5  to the request for sanctions to the Court, and so there was
6  never any opportunity or need to take his deposition until
7  after the problems with the production arose, which as Your
8  Honor may recall, was after the close of discovery.  So this
9  would be specifically in response to new material provided for
10 the first time after the close of discovery.
11           MR. HILL:  Your Honor, this is Brian Hill.  If I can
12 just remind you of the history here.  These documents were not
13 requested by the plaintiffs until November 21, 2012 which was
14 the last day to serve a document request before discovery
15 closed on December 21, 2012.  So even if the documents had been
16 produced on December 21, 2012 instead of made subject to a
17 claim of privilege, there would have been no opportunity to
18 take a deposition related to the documents during the discovery
19 period because the plaintiffs waited to the end to ask for
20 them.
21           And Your Honor may also recall the plaintiffs have
22 twice now asked for a deposition related to GIS documents and
23 Your Honor has twice denied that request and Judge Daniels has
24 twice affirmed that ruling.  So in our view, there's no basis
25 to reopen discovery on this issue.

4

1          MR. YALOWITZ:  Your Honor, may I be heard on that?
2          THE COURT:  Proceed.
3          MR. YALOWITZ:  Thank you.  First of all, although as
4  Your Honor knows, I was not counsel during the discovery phase.
5  It is my understanding from reading the record that in fact
6  these documents were called for by very early document requests
7  and as I read the record, the plaintiffs felt that they were
8  being stonewalled by the defendants on this issue, and
9  therefore, sent a very specific request which ultimately led to
10 the proceedings that we're here before, so I don't think it's
11 really accurate to say that the issue of the GIS was first
12 raised at the very end of discovery.
13         And in any case, I think that the point here is if
14 the Court is going to consider the matter raised after the
15 discovery period, it's only fair to give us a chance to ask the
16 general questions about the declaration that he gave.  Thank
17 you, Your Honor.
18         THE COURT:  Okay.  Well, let me ask the -- I guess
19 this is directed to the plaintiff.  It did seem that this was
20 generated in part by the general offer to answer further
21 questions by the magistrate judge.  What would be the argument
22 that was not in his declaration?  I'm just wondering how this
23 would arise otherwise.  What would be your argument then?
24 Because I'm not seeing how that would change anything.  I mean
25 they could have produced any number of declarations.

                                                                5

1           MR. YALOWITZ:  So I think the concept here is --
2    first of all, I think Your Honor is right when I read that the
3    general was willing to answer questions from the Court.  My
4    reaction was, "Well, I'm an officer of the court, I have some
5    questions for him."  And so I think that we ought to hold him
6    at his word.  But had he not made that offer, then just the
7    idea that when you first -- when a party first files a
8    declaration or testimony of any kind from a witness who was not
9    disclosed during the discovery period and whose information was
10   not at issue during the discovery period.  The Court has the
11   discretion not to consider that because it wasn't disclosed
12   during discovery and if the Court exercises its discretion to
13   go ahead and consider the new information, then the Court also
14   has discretion to allow the opposing party the opportunity to
15   probe and question and examine that information.  And so this
16   is obviously something that's committed to Your Honor's
17   discretion.  It seems to me that a party who is under threat of
18   sanctions and offers testimony of a witness to try to get out
19   from those sanctions and won't let that witness answer
20   questions under oath, that's something that the Court has power
21   over and certainly I know will take account of whether or not
22   he testifies.
23          THE COURT:  Well, let me -- well, first of all, the
24   parties should understand that I'm not inclined to have further
25   depositions, although I'm trying to explore this notion that if

6

1  somebody filed a declaration -- I can't see how the case could
2  turn on declarant's offer that they'll be made available to the
3  Court because that seems to me to be unnecessary because if the
4  Court wants further information, the Court could always ask for
5  it.  So I don't see how the offer should be able to change
6  anything.  And indeed, the fact that there may be declarations
7  that are filed in support of either party's position after
8  discovery is certainly not going to be occasion for me to have
9  depositions.  For example, if the plaintiffs were to file
10 something, an affidavit in opposition to the defendant, I'm not
11 going to say okay, everybody who files an affidavit is
12 therefore likely to be deposed.  And the fact of the matter is
13 is that if anybody submits an affidavit, if you leave questions
14 unanswered in your affidavit, I'm not going to fix it, if you
15 get my drift.  That is if what the defendant submitted leaves
16 questions unanswered, then I'm not going to take it upon myself
17 to fill in the holes.  And if the plaintiff files any
18 affidavits or declarations, if there are questions left, it's
19 going to be the question of who has the burden of persuading
20 me.
21          MR. YALOWITZ:  Understood, Your Honor.  We think that
22 this is a matter obviously well within the Court's discretion
23 how to handle the fact that there is this declaration.  I
24 certainly agree with what you said, Your Honor, that the fact
25 that he offered isn't legally dispositive.  I think it just

7

1  goes to the weight of whether what he's saying is new
2  information that ought to be the subject of a deposition.  We
3  certainly have questions for him.  We certainly could make
4  productive use of the time to bring out the fact that many of
5  the assertions are irreconcilable with the record.  But if Your
6  Honor's inclination is not going to have the depositions, then
7  we don't think that's -- we just think that's within the
8  Court's discretion.  We would like to ask him questions.  I
9  have questions for him, and the defendants don't want him to
10 answer questions and so we felt that we had to seek the Court's
11 permission to get the deposition.
12           THE COURT:  Okay.  Well, just so that the parties
13 understand my position, that is that if there were any relevant
14 questions, factual issues raised by the plaintiff, then the
15 defendant had an opportunity to address those factual issues.
16 It's certainly possible that what I think are relevant factual
17 issues won't be the same that the parties think are factual
18 issues, but I think anybody gets an opportunity to address the
19 arguments made by the other side as to what conclusions to draw
20 from those facts.  So once the -- that's their opportunity to
21 submit something as presented.  I don't anticipate there will
22 be any quarreled depositions or other inquiries from any
23 declarant.
24           MR. YALOWITZ:  Okay.  I think we understand the
25 Court's ruling and we appreciate the rapidity with which the

8

1  Court has responded to our application.
2              THE COURT:  All right.  And as to how or what I do
3  with the situation, you can address that in a timely fashion if
4  you disagree with how -- either of you disagrees with how I
5  address it.
6              MR. YALOWITZ:  I think that the core issue that we
7  needed the Court's guidance on has been addressed.  And I'm
8  sure the Court will take under advisement whether to consider
9  the declaration, and if so, what weight to give it and that's I
10 think sub judice.
11             THE COURT:  Well, that goes without saying.
12             MR. YALOWITZ:  Right.
13             THE COURT:  That's always what the Court's going to
14 do.  So I just wanted to make sure we didn't get a round of
15 submissions on an issue where I could give the parties
16 guidance.
17             MR. YALOWITZ:  We appreciate it.  We tried to keep it
18 reasonably short, Your Honor.
19             THE COURT:  Okay.  Well, I'm looking forward to your
20 reply.
21             MR. YALOWITZ:  Your Honor, may I indulge the Court to
22 put the call on hold for just one moment and consult with my
23 colleagues about whether we may ask the Court for a couple of
24 extra days to submit our papers?
25             THE COURT:  Do you want to run this by the defendants

9

1  first?
2              MR. YALOWITZ:  We discussed it with the defendants in
3  the past and I'm sure they can speak for themselves, but I
4  think that they would have no objection based on our prior
5  conversations.  I'm just not sure we need the time.
6              THE COURT:  Okay.  All right, well --
7              MR. YALOWITZ:  Perhaps the Court might inquire of Mr.
8  Hill.
9              THE COURT:  Well, as in all of these discussions, I
10 mean I would expect the parties to see if they can agree on
11 something and if it's not going to be of monumental import, I
12 don't know that I need to decide anything.
13             MR. YALOWITZ:  Okay.
14             THE COURT:  So you can run this one by Mr. Hill.  If
15 Mr. Hill -- and if you both agree, I don't anticipate any
16 problems.
17             MR. YALOWITZ:  Okay.  Then we'll --
18             THE COURT:  I think if you agree on it, I don't
19 anticipate any problems.  There's not a lot of that going on.
20             MR. YALOWITZ:  Perhaps more than might appear on the
21 surface sometimes, but we'll consider among ourselves and if we
22 need a few extra days, we'll submit a written application to
23 the Court and advise the Court on the defendant's position.
24             THE COURT:  Okay.  Well, and my clerk may or may not
25 have told you but this week I'm on criminal duty, so this call

```
                                                                    10
 1  was just -- I had an opportunity to do it and other than that,
 2  there's not much else I'm going to be doing this week.  So it's
 3  not as if I'm going to get anything on Friday and immediately
 4  plunge into it.
 5            MR. YALOWITZ:  Understood.
 6            THE COURT:  Okay.  Well, we're adjourned.  Thank you.
 7            MR. YALOWITZ:  Thank you.
 8            MR. HILL:  Thank you, Your Honor.
 9                          * * * * *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    11
 1      I certify that the foregoing is a court transcript from an
 2   electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                           _____
 6                                    Mary Greco
 7   Dated:  June 26, 2014
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```