# EXHIBIT 6

```
 1
 2   UNITED STATES DISTRICT COURT.
     SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------------------X
     MARK I. SOKOLOW, et al.,
 4
                              PLAINTIFFS,
 5
 6          -against-          Case No:
                               04CV397 (GBD)(RLE)
 7
 8   THE PALESTINE LIBERATION ORGANIZATION, et
     al.,
 9
                              DEFENDANTS.
10   ------------------------------------------X
11              DATE: July 10, 2012
12              TIME: 11:42 A.M.
13
14   B E F O R E:
15       Magistrate Ronald Ellis,
16       (Via Teleconference)
17
18          TELEPHONIC RULINGS IN RE THE
19   DEPOSITION of THE ESTATE OF DIANE CARTER
20   and LARRY CARTER, Individually, taken by
21   the Defendants held at the offices of
22   Morrison & Foerster, 1290 Avenue of the
23   Americas, New York, New York 10104, before
24   Robert X. Shaw, CSR, a Notary Public of the
25   State of New York.
```

```
 1
 2     would not that fall in the category
 3     of a failure to produce documents in
 4     discovery?
 5          MR. HILL:  I agree.
 6          THE MAGISTRATE:  And in any --
 7     if any of the Plaintiffs --
 8          I mean, if your interrogatories
 9     or requests to produce, forgetting
10     for now the decedent, if any of the
11     people who are alive try to introduce
12     documents that they didn't produce
13     during discovery, doesn't it seem
14     obvious to you that that's improper?
15          MR. HILL:  I agree, your Honor.
16          And I was trying to use this
17     device to close that issue out and
18     get binding admissions on behalf of
19     the estate that I either had all the
20     documents, or have them identify all
21     the documents so I could follow up
22     with Plaintiffs' counsel, either
23     informally or formally through your
24     Honor to compel production of the
25     materials that I don't appear to
```

```
1
2    have.
3              THE MAGISTRATE:  Okay.  Well --
4              MR. TOLCHIN:  Your Honor, can I
5    be heard on this for a moment?
6              THE MAGISTRATE:  Am I to assume
7    that Dr. Carter is the person who is
8    in, has the, is he officially the
9    person who is controlling the estate?
10             MR. HILL:  Yes, your Honor.
11   He's testified that he was appointed
12   as the personal representative of the
13   estate.  And I believe this is a
14   North Carolina estate that he
15   established.
16             THE MAGISTRATE:  All right.
17             And so, I would --
18             I'll tell you what I expect.
19             I would expect that to the
20   extent that there are any documents
21   that the estate has, that they be
22   produced to the Defendants.
23             And I don't care whether it's
24   -- I don't care whether the Plaintiff
25   is alive or deceased, to the extent
```

```
 1
 2          that they were directed to produce
 3          documents that were responsive, they
 4          produce them during discovery, or
 5          those documents are not going to be
 6          admissible at -- well, at least as
 7          far as I'm concerned, and if I have
 8          to do an order at the end of this to
 9          make it clear, any responsive
10          documents not produced during
11          discovery will be inadmissible at
12          trial.
13               MR. HILL:  Okay, your Honor.
14               MR. TOLCHIN:  Your Honor, I
15          think you're stating something --
16          this is Bob Tolchin -- I think you're
17          stating something that nobody
18          disagrees with.  And I would just
19          point out that it's far afield from
20          where this call began.
21               MR. HILL:  I was just --
22               MR. TOLCHIN:  This call began
23          with a request to terminate the
24          deposition based on the 30(b)6 issue,
25          and I think we've now moved beyond
```

```
 1
 2        that to Mr. Hill -- I mean -- I don't
 3        know how many death cases Mr. Hill
 4        has handled.  It's kind of odd to me
 5        the way he's approaching this.
 6              The pain and suffering issue is
 7        always dealt with from the medical
 8        records, if there's an autopsy, from
 9        the autopsy report.  No personal
10        representative of an estate knows, in
11        its capacity as the representative of
12        an estate, any information about
13        that.  That's typically a family
14        member.
15              THE MAGISTRATE:  Okay.
16              MR. TOLCHIN:  And maybe they
17        were there by the person's bedside --
18              THE MAGISTRATE:  Counsel,
19        counsel, all right.  I know you both
20        want to make some points.
21              All I want you to do is
22        understand from my point of view, the
23        purpose of discovery is that there be
24        no surprises.  And that to the extent
25        that individuals are asked, or
```

```
 1
 2   entities are asked about, or asked to
 3   produce documents, or answer
 4   questions concerning the claims that
 5   are put forth, that they are required
 6   to do those and answer them fully.
 7        To the extent that that's not
 8   done, then those documents not
 9   produced will not be allowed to be at
10   trial.
11        MR. TOLCHIN:  Of course.
12        THE MAGISTRATE:  And if nobody
13   disagrees with that, then there's
14   probably nothing more for us to talk
15   about.
16        MR. TOLCHIN:  Thank you very
17   much, your Honor.
18        MR. HILL:  I don't disagree,
19   your Honor.
20        And I thank you for your time.
21        This has been helpful to help
22   us evaluate how to proceed.
23        THE MAGISTRATE:  All right.
24   Then we're adjourned.
25        Thank you.
```