# EXHIBIT 9

```
                                                                    1
     E341soka
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   MARK I. SOKOLOW, et al.,,
 3
 4              Plaintiffs,
 4
 5         v.                              04-CV-397 (GBD)
 5
 6   PALESTINE LIBERATION
 6   ORGANIZATION, et al.,
 7
 7              Defendants.               Oral Argument
 8
 8   ------------------------------x
 9                                         New York, N.Y.
 9                                         March 4, 2014
10                                         10:58 a.m.
10
11   Before:
11
12                  HON. GEORGE B. DANIELS,
12
13                                         District Judge
13
14                       APPEARANCES
14
15   ARNOLD & PORTER, LLP
15        Attorneys for Plaintiffs
16   BY:  KENT A. YALOWITZ, ESQ.
16        PHILIP W. HORTON, ESQ.
17        CARMELA T. ROMEO, ESQ.
17        TAL R. MACHNES, ESQ.
18        KEN L. HASHIMOTO, ESQ.
19   ROBERT J. TOLCHIN, ESQ.
19        Attorney for Plaintiffs
20
20   MILLER & CHEVALIER, CHTD.
21        Attorneys for Defendants
21   BY:  MARK JOHN ROCHON, ESQ.
22        LAURA G. FERGUSON, ESQ.
22        BRIAN A. HILL, ESQ.
23
24
25
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

```
                                                                  63
          E341soka
 1    and given especially how long, you know -- we've been getting
 2    documents trickling out from the defendants in March, over the
 3    summer, in December, even as late as January. We're still, you
 4    know, almost a year away from trial, and I don't think that in
 5    fairness they would be prejudiced by producing this
 6    information. And without faulting Judge Ellis, I think this is
 7    a case where justice would warrant asking -- commanding the
 8    defendants to produce this very limited category of
 9    information.
10              THE COURT: All right. Well, I'll look at it one
11    final time, but obviously I think that there are two other
12    compelling issues. One is that there's got to be some finality
13    to discovery and it should be and has been done in a way that's
14    fair to both sides and, you know, and we have to abide by a set
15    of rules. Otherwise, right up until the trial is over, I'll be
16    hearing mercy arguments. That's not what compels the rules
17    that have to apply to both sides, because I'm sure that there
18    will be a time when you're going to say that they haven't
19    abided by the rules and sympathy shouldn't persuade me to allow
20    them to skirt those rules even though they were fully aware
21    that those rules had to be abided by, and as you say, it may
22    not be undue prejudice but it is clearly prejudice, because
23    it's clearly not to their benefit and clearly to your benefit.
24    It may be appropriate to do so under the circumstances, but as
25    I say, the parties, you know, had a full opportunity to do
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
                                                                  64
         E341soka
 1    discovery, everyone knew what the bounds of that discovery and
 2    the time frames of that discovery was going to be, and as you
 3    say, this is an issue that is not otherwise fatal to your
 4    client's case.  It is an additional piece of evidence that you
 5    would like to have if it exists that you did not determine in a
 6    timely manner.
 7             So, you know, it might have been a more compelling
 8    argument to make up front to me or to Judge Ellis, not a review
 9    of whether or not Judge Ellis made the wrong determination.
10    Again, I don't review it on the basis of if I were in Judge
11    Ellis' situation, would I have made the same decision.  I view
12    it on the basis of whether or not Judge Ellis appropriately
13    made a decision consistent with the law and the facts and
14    didn't misapply them and that it was within Judge Ellis'
15    discretion, consistent with the way he conducted discovery, to
16    deny a request after the close of discovery to reopen discovery
17    on this issue because the plaintiffs now believe that
18    determining it subsequent to discovery might be to their
19    advantage to do so.  So I'll look at it again but that did not
20    compel that any issues had been raised that suggest that Judge
21    Ellis inappropriately handled it with regard to the conduct of
22    discovery.
23             MR. YALOWITZ:  We certainly appreciate your Honor
24    taking one last look at the papers.
25             I'll just leave the court with -- and I hear your
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```