# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                        :

COURTNEY LINDE et al.,               :

                       Plaintiffs,     :     **<u>ORDER</u>**

                                          :     04 Civ. 2799 (BMC) (VVP)

               - against -        :     and related cases[1]

                                          :

ARAB BANK, PLC,            :

                                       :

                       Defendant.     :

                                          :

-------------------------------------------------------- X

**COGAN, District Judge.**

This matter is before the Court on defendant's motion to add two defense witnesses, and plaintiffs' motion to strike the Supplementary Report of defendant's expert Dr. Beverly Milton-Edwards.  For the reasons that follow, defendant's motion is denied and plaintiffs' motion is granted in part.

### I.    The Supplemental Report of Dr. Beverly Milton-Edwards

Dr. Milton-Edwards has submitted Expert and Rebuttal Reports in which she opined, *inter alia*, that Palestinian zakat committees in general were not perceived as fronts for Hamas. However, a ruling after she rendered her report precluded Dr. Milton-Edwards from offering this testimony about zakat committees generally, and instead only allowed her to testify "as to whether a specific zakat committee or charitable organization was perceived by the community

---

[1] The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings:  <u>Philip Litle, et al. v. Arab Bank, PLC</u>, 04-CV-5449; <u>Oran Almog, et al. v. Arab Bank, PLC</u>, 04-CV-5564; <u>Robert L. Coulter, Sr., et al. v. Arab Bank, PLC</u>, 05-CV-365; <u>Gila Afriat-Kurtzer, et al. v. Arab Bank, PLC</u>, 05-CV-388; <u>Michael Bennett, et al. v. Arab Bank, PLC</u>, 05-CV-3183; <u>Arnold Roth, et al. v. Arab Bank, PLC</u>, 05-CV-03738; <u>Stewart Weiss, et al. v. Arab Bank, PLC</u>, 06-CV-1623.

as a front for Hamas if she demonstrates that she has specific information as to that organization." Linde v. Arab Bank, PLC, 922 F. Supp. 2d 316, 326 (E.D.N.Y. 2013).

Defendant has now submitted Dr. Milton-Edwards' Supplemental Report. Her opinion as to whether zakat committees were perceived as fronts for Hamas has not changed, except that she now explicitly offers that opinion as to the specific zakat committees at issue in this case. Broadly speaking, the factual support for these more specific opinions can be divided into two categories. First, the Supplemental Report provides further detail as to interviews and field work that Dr. Milton-Edwards conducted before submitting her initial reports in 2011. Second, the Supplemental Report describes additional field work that Dr. Milton-Edwards conducted in 2013, after the Order cited above was issued.

Defendant is opaque as to under what provision of the Federal Rules it is presenting this Supplemental Report. Defendant does not appear to argue that the Supplemental Report is proper under Fed. R. Civ. P. 26(e). Indeed, the Supplemental Report does not identify anything in the initial reports that was incorrect, nor any new information was unavailable at the time Dr. Milton-Edwards served those initial reports. "If an expert's report 'does not rely [on] any information that was previously unknown or unavailable to him,' it is not an appropriate supplemental report under Rule 26." Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd., 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (quoting Lidle v. Cirrus Design Corp., No. 08 Civ. 1253, 2009 WL 4907201, at *5–6 (S.D.N.Y. Dec. 18, 2009)). The Supplemental Report thus is not a proper supplement under Rule 26(e), and it is plainly untimely as an expert report under Rule 26(a)(2)(B).

In the Second Circuit, in order to determine whether exclusion is appropriate, the court must consider:

2

(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)

(quoting Outley v. City of New York, 837 F.2d 587, 590–91 (2d Cir. 1988)).  "Before the

extreme sanction of preclusion may be used by the district court, a judge should inquire more

fully into the actual difficulties which the violation causes, and must consider less drastic

responses." Outley, 837 F.2d at 591.

   After consideration of these factors, the Court will not strike the Supplemental Report in

full.  Although defendant has not offered a good reason for the belated disclosure of the

Supplemental Report, Dr. Milton-Edwards' testimony is important to the defense.  Most

importantly, the Supplemental Report works minimal prejudice to plaintiffs.  As noted, the

opinions expressed in Dr. Milton-Edwards' prior reports were based in part on field work she

conducted in the Palestinian Territories.  The Supplemental Report does not alter any of Dr.

Milton-Edwards prior opinions and does "not include a new opinion which had not been

previously disclosed."  Lore v. City of Syracuse, No. 5:00–CV–1833, 2005 WL 3095506, at *4

(N.D.N.Y. Nov. 17, 2005).

   Instead, the Supplemental Report appears substantially aimed at clarifying that Dr.

Milton-Edwards' opinions as to specific zakat committees are based in part on her visits to these

charities and interviews conducted in this period.  Dr. Milton-Edwards previously disclosed that

she visited zakat committees and interviewed people there; plaintiffs were thus on notice that Dr.

Milton-Edwards relied on this information in forming her opinions, and the inclusion in the

Supplemental Report of details omitted from the prior reports is substantially harmless.  Any

prejudice to plaintiffs can be cured by a deposition.  Due to defendant's late disclosure of the

Supplemental Report, any such deposition will be at defendant's expense.

Dr. Milton-Edwards will not, however, be permitted to testify as to any new research

conducted after she submitted her original reports in 2011.  Unlike the field work that preceded

her original reports, plaintiffs had no notice that Dr. Milton-Edwards would conduct this

additional research.  Responding to these additional facts would require significantly more work

on the part of plaintiffs, and the prejudice is correspondingly greater.  The portions of the

Supplemental Report referencing field work conducted by Dr. Milton-Edwards in 2013 are

therefore stricken.[2]

## II.     Defense Witnesses

Defendant moves to amend its pretrial order to add two witnesses:  Mohammed Shatilla

and Rania Mustafa.  Mr. Shatilla was the head of the Central Transfer Unit at Arab Bank

Lebanon, and would testify as to how this unit generally processed inward wire transfers and

Swift messages, including inward transfers processed into the account of Osama Hamdan.  Ms.

Mustafa was a clerk in the Central Incoming Transfer Unit in Ramallah, and would testify about

the operations of that unit and the way in which Arab Bank processed inward electronic funds

transfers in the 2000-2004 time frame, including transfers originated by the Saudi Committee.

With the exception of Mr. Shatilla's proposed testimony about the Hamdan account, neither

witness would testify about specific accounts due to the bank secrecy laws of Lebanon and

Palestine.

---

[2] Plaintiffs also object to the Supplemental Report on the grounds that it includes information already excluded by the Court.  Dr. Milton-Edwards' testimony remains subject to all previous rulings of the Court, and she obviously will not be permitted to offer opinions, for example, "on whether the State of Israel would have permitted zakat committees to operate if they were known to be Hamas fronts."  Linde, 922 F. Supp. 2d at 327.

Defendant's explanation for its failure to identify these witnesses earlier – that they are not under the Bank's control, and have only now agreed to appear to be deposed and to testify – is unconvincing. Both witnesses are former employees of the Bank. Ms. Mustafa left the Bank in 2005, and Mr. Shatilla did so in 2008. It thus appears that these witnesses were under the Bank's control for at least some portion of this litigation, which has been ongoing since 2004, particularly in the case of Mr. Shatilla. In any event, defendant provides no explanation as to why these witnesses have now changed their minds and agreed to testify. In the absence of such an explanation, the timing of the disclosure of these witnesses smacks of gamesmanship.

Further, unlike Dr. Milton-Edwards, a witness of whom plaintiffs have been aware for years, this is the first indication that defendant intends to call these witnesses at trial. The fact that plaintiffs may have been aware of the existence of these two individuals is insufficient; defendant's obligation under the Federal Rules was to inform plaintiffs that it might call the witness in support of its claims or defenses so as to alert plaintiffs of the need to take discovery from them. See Pal v. New York University, No. 06 Civ. 5892, 2008 WL 2627614, at *4 (S.D.N.Y. Jun. 30, 2008).

The prejudice to plaintiffs from this late disclosure is compounded by the fact that, with the exception of Mr. Shatilla's testimony about the Hamdan account, both witnesses will decline to answer questions about specific accounts due to foreign bank secrecy laws. This limitation will further hamper plaintiffs' ability to cross-examine these witnesses, over and above the limitations on plaintiffs' ability to prepare caused by defendant's unjustified late disclosure.

Granting depositions of these witnesses appears inadequate to cure the prejudice to plaintiffs. And the Court will not grant a continuance of this decade-old case so that defendant

5

can add to its already lengthy witness list two witnesses who should have been disclosed long ago.  Defendant's motion to add these witnesses is denied.

**SO ORDERED.**

 

_____
                              U.S.D.J.

Dated: Brooklyn, New York
       June 23, 2014