**ARNOLD & PORTER LLP**

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

July 10, 2014

<u>**VIA ECF**</u>

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>        <u>Docket No. 04-CV-397 (GBD)(RLE)</u>

Dear Judge Daniels:

I write in response to defendants' June 30 letter (DE 551), concerning the plaintiffs' proposed revisions to the Joint Proposed Pretrial Order (the "JPTO"), which has been proposed by the parties but not yet entered by the Court.

In their letter the defendants object to plaintiffs' proposal to add 25 trial exhibits. Defendants claim that plaintiffs do not have "good cause" for failing earlier to have designated the exhibits, and that they will be prejudiced by the addition of the new exhibits. The core of defendants' argument—that plaintiffs should be barred from adding exhibits because the deadline for the proposed JPTO has passed—falls particularly ill in the defendants' mouths, given their repeated discovery delays and sanctionable discovery abuses, some of which have hidden the very documents they now seek to keep out. Moreover, the reasons defendants give for objecting lack any legal or factual basis.

**A.   Good Cause Is Not Required To Add Exhibits To An Unapproved Proposed JPTO**

Courts routinely allow parties to add exhibits to proposed JPTOs, so long as there is no undue prejudice to the other side. *Giannone v. Deutsche Bank Secs., Inc.*, 2005 WL 3577134, at *2 (S.D.N.Y. Dec. 30, 2005) (permitting addition of additional witness and exhibits because no prejudice to opposing party); *Fournier v. Erickson*, 242 F. Supp. 2d 318, 338-39 (S.D.N.Y. 2003) (deciding motions *in limine* and permitting amendment of JPTO to add new exhibits with no consideration of standards for amendment).

Defendants argue that Rule 16(b)(4) should be read to require plaintiffs to show "good cause" for adding the 25 exhibits after the JPTO has been submitted. But Rule 16(b)(4) says nothing about the addition of exhibits to a proposed, unapproved JPTO—it is instead concerned with standards for an application to modify a Rule 16 scheduling

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 10, 2014
Page 2

order.[1]  Thus, not surprisingly, defendants cannot offer a single case in which a party has been denied leave to add exhibits to a pending joint pretrial submission because of a failure to show "good cause."[2]

**B.    Plaintiffs Exercised Diligence In Discovery**

Even if the court were to accept the "good cause" standard that defendants have manufactured, plaintiffs have met it.

<u>Exhibits 1054-58</u>:  Doug Burgess was a close personal friend of David Gritz, who was killed in one of the attacks.  Plaintiffs learned of him serendipitously, and he agreed to provide his personal correspondence with Mr. Gritz.  Defendants argue that plaintiffs have made "no showing" that Mr. Burgess's emails could not have been obtained before the JPTO was due.  Plaintiffs' counsel were not aware of the correspondence with Mr. Burgess until after the JPTO was due.  And, Mr. Burgess is not a party to this case, and was under no duty to provide his personal email messages—defendants cannot gainsay Mr. Burgess's decision to share his personal correspondence in a public trial of the defendants.

<u>Exhibits 1053 and 1059</u>:  Defendants argue that plaintiffs have failed to show "good cause" for not earlier designating television broadcasts by the PA that did not even <u>exist</u> until after the JPTO was due to be submitted.  For these proposed exhibits, defendants morph their "good cause" test into a test for "relevance or admissibility." Statements made in broadcasts by the PA's own media outlets about the terror attacks in this case are obviously relevant.  But in any event, the defendants views about the

---

[1] The case cited by defendants is irrelevant. In *G Investors Holding LLC v. Lincoln Benefit Life Co.*, 09 Civ. 2980, 2012 WL 4468184 (S.D.N.Y. Sept. 25, 2012), the court considered the scope of Rule 16(b)(4), but ultimately granted plaintiff leave to amend its complaint based on Rule 15.  Although the case contains a discussion (quoted liberally by defendants) of standards under Rule 16(b)(4), the court did not apply Rule 16 in its holding at all.

[2] The shapelessness of the defendants' "good cause" requirement makes apparent that they have simply manufactured it in order to make an argument.  In one breath, defendants argue that plaintiffs must come forward with a reason why a document was not discovered earlier (p.2); in the next breath they assert that the "good cause" test requires a showing of admissibility and relevance (p.3).

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 10, 2014
Page 3

admissibility and relevance are not a proper basis for limiting the trial exhibits plaintiffs may propose as exhibits. Defendants have had an ample opportunity to raise such arguments in their voluminous motion *in limine*.

Exhibits 1052: This web page, taken from one of many on defendants' web sites, is relevant to the relationship between Fatah and the Al Aqsa Martyrs Brigade. Plaintiffs designated the web page as soon as they found it. Defendants should have produced the web page in discovery, and because they did not they cannot now blame plaintiffs for having not found it earlier. Defendants' boilerplate objection to producing publicly-available documents did nothing to put plaintiffs on notice as to the existence of the document.

Exhibits 1112 to 1117: These are documents containing statements of Nasser Shawish, which plaintiffs found in a court record of one Saleh al-Bukhari. Defendants argue that plaintiffs should have known "of Bukhari's existence" from a 20-page indictment of another perpetrator, which mentioned "Salah Hassin Mohamed Buchri" as having traveled with the perpetrator. Even if plaintiffs could be expected to notice that reference, there was nothing to indicate that there were court files for Bukhari until March 2014, when (long after the close of discovery) the defendants finally produced documents showing that Bukhari was arrested. Once they had that information, plaintiffs investigated and independently discovered references to Shawish in Bukhari's court files.[3] The Court should not reward defendants for their discovery delays, which have repeatedly frustrated plaintiffs' efforts to gather evidence in this case.

Exhibits 1111: A post-arrest statement by Abdullah Barghouti was inadvertently omitted from the exhibit list due to a clerical error. The substantial volume of documents—many in foreign languages—are good cause for permitting the exhibit to be added. The exhibit was disclosed to defendants long before the time for filing of the proposed JPTO; thus, defendants cannot claim any prejudice from its designation.

---

[3] In gathering intelligence, the PA's spy agency, the General Intelligence Service, would not have overlooked these public documents, and so it is more than likely that from the very beginning of discovery in this action, the defendants had, but failed to produce, Exhibits 1112 through 1117. In short, defendants sat upon documents directly relevant to this case, using boilerplate objections to "shield" them from producing relevant evidence whose existence was not known to the plaintiffs.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 10, 2014
Page 4

<u>Exhibits 1042-1051</u>: These family photographs of Janis Coulter, who died in the Hebrew University bombing, were not received by counsel until after January 22, and therefore obviously could not have been designated as exhibits before that date. Defendants object that the photos were not previously produced to them—but they make no claim of actual prejudice, and they say nothing about what they would have done with the photos if they had them earlier.

### C.   Defendants Are Not Prejudiced By the Addition of the Exhibits

Defendants assert broadly that they have been "prejudiced" by plaintiffs' application to add exhibits, because they have had to draft a letter objecting to it. Defendants certainly have no duty to make arguments unsupported by legal authority—such as their manufactured "good cause" requirement. Had they refrained from doing so, they could have spared themselves the burden of writing such a frivolous letter.

Defendants also claim they will be "prejudiced" if the additional exhibits added to the proposed JPTO because they may later have to litigate their objections to the new exhibits' admissibility. Of course, the very fact that, in the motion *in limine*, defendants were afforded a full and fair opportunity to litigate the admissibility and relevance of the new exhibits makes obvious that including the new exhibits will <u>not</u> prejudice them in the slightest. *Tusino v. Int'l Bd. Of Teamsters*, 2004 WL 2827643, *1 (S.D.N.Y. Dec. 9, 2009) (permitting filing of appeal over claim of prejudice to opposing party, because prejudice is "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.")

Plaintiffs' proposed revisions should be accepted.

Respectfully,

Kent A. Yalowitz

cc:   Brian A. Hill