IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>THE PALESTINE LIBERATION  )<br>ORGANIZATION, *et al.*,  )<br>  )<br>Defendants.  )  | Civil Action No. 04cv397 (GBD) (RLE) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ANONYMOUS
AND SEMI-SEQUESTERED JURY**

Mark J. Rochon
Laura G. Ferguson
Brian A. Hill
Michael J. Satin
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 (tel)
(202) 626-5801(fax)

*Counsel for Defendants the Palestinian Authority
and the Palestine Liberation Organization*

July 23, 2014

## INTRODUCTION

"The empanelment of an anonymous jury is a drastic measure, and is one that should be taken only in limited circumstances." *United States v. Mostafa*, No. 04-cr-356, 2014 U.S. Dist. LEXIS 32816, at *2 (S.D.N.Y. Mar. 12, 2014) (citing *United States v. Vario*, 943 F.2d 236, 239 (2d Cir. 1991) and *United States v. Thomas*, 757 F.2d 1359, 1365 (2d Cir. 1985)).  Yet Plaintiffs are seeking an anonymous and semi-sequestered jury in this case, even though (1) there is no evidence – or even allegations – that Defendants have attempted to interfere with the judicial process in this case or in any other case in which they have been sued; (2) this is a civil action and thus Defendants are not charged with any crimes; (3) the attacks at issue in this case happened more than ten years ago in or near Jerusalem and the alleged perpetrators of those attacks are deceased or have been convicted in Israeli courts and sentenced to lengthy terms of incarceration in Israeli prisons; (4) the case has garnered little publicity and media attention; and (5) an anonymous and partially sequestered jury would unfairly prejudice Defendants. The Court should therefore deny Plaintiffs' motion.

## ARGUMENT

I. **AN ANONYMOUS AND SEMI-SEQUESTERED JURY IS NOT WARRANTED BECAUSE THERE IS NOT ANY REASON, MUCH LESS "STRONG REASON," TO BELIEVE THE JURY NEEDS PROTECTION**

The Second Circuit has held that a trial court may not resort to the "drastic measure" of empaneling an anonymous jury unless "there is *strong reason* to believe the jury needs protection." *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991) (emphasis added); *Thomas*, 757 F.2d at 1365 ("there must be, first, strong reason to believe that the jury needs protection"); *see also Mostafa*, 2014 U.S. Dist. LEXIS, at *5 ("it is certainly appropriate to require a court to find a real threat to the judicial process before granting an anonymous jury").

In determining whether there is "strong reason" to believe the jury needs protection, courts in this Circuit have considered a number of factors: "(1) the dangerousness of the defendant, (2) whether the defendant or his associates have engaged in past attempts to interfere with the judicial process, (3) whether the defendant has access to the means to harm the jury, and (4) whether the trial is likely to attract media attention and publicity." *United States v. Herron*, no 10-cr-0615, 2014 U.S. Dist. LEXIS 26989, at *7 (E.D.N.Y. Mar. 3, 2014); *United States v. Coonan*, 664 F. Supp. 861, 862 (S.D.N.Y. 1987); *Thomas*, 757 F.2d at 1364-65.  Each of these factors militates against an anonymous jury.

      A.      DEFENDANTS HAVE NOT ATTEMPTED TO INTERFERE WITH THE JUDICIAL PROCESS

In assessing whether a jury truly "needs protection," courts consider "whether the defendant or his associates have engaged in past attempts to interfere with the judicial process." *Herron*, 2014 U.S. Dist. LEXIS, at *7.  This factor is arguably the most important.  The Second Circuit has emphasized that "[a]n obstruction of justice charge, particularly one involving jury tampering, has always been a *crucial factor* in our decisions regarding anonymous juries." *Vario*, 943 F.2d at 240 (emphasis added); *see also United States v. Quinones*, 511 F.3d 289, 295 (2d Cir. 2007) ("We have identified strong reasons to believe that a jury need[s] protection in situations where the government demonstrated a defendant's willingness to tamper with the judicial process.").

Plaintiffs have cited no case – and Defendants are aware of none – where a court has empaneled an anonymous jury without evidence or even allegations of past judicial interference by the defendant.  To the contrary, courts have refused to empanel an anonymous jury in cases where there was no evidence of judicial interference.  *See, e.g., Mostafa*, 2014 U.S. Dist. LEXIS at *8; *United States v. Gambino*, 818 F. Supp. 536, 540 (E.D.N.Y. 1993); *Coonan,* 664 F. Supp.

at 863.  In *Mostafa*, the district court considered the government's motion for an anonymous and partially sequestered jury in a (criminal) terrorism case.  2014 U.S. Dist. LEXIS, at *2.  The charges were serious – the defendant was charged with "hostage taking, conspiracy to provide and conceal material support and resources to terrorists and terrorist organizations, and providing and concealing such support" (*id.*) – and there was "significant media attention" in the case.  *Id.* at *7.  The court, nonetheless, denied the government's motion because "none of the charges against this defendant involves obstruction of justice or otherwise impeding the judicial process."  *Id.*  Similarly, in *Gambino*, an organized crime case, the district court denied the government's motion for an anonymous jury because "[t]here is no evidence that these defendants either participated in or directed efforts to obstruct justice, tamper with juries or intimidate witnesses."  818 F. Supp. at 540.  Finally, in *Coonan*, where the defendants were charged with murder, attempted murder, kidnapping, loansharking, extortion and narcotics trafficking, had a history of felony prosecutions, and had generated extensive publicity, the court denied the government's motion for an anonymous jury because there was no evidence that any of the defendants had attempted to obstruct justice.  664 F. Supp. at 862-63.

Here, there is no evidence or even allegations that Defendants have obstructed justice during the ten years of the pendency of this case.  There is also no evidence that Defendants have obstructed justice in any of the other ATA cases brought against one or both of them in the past decade.  *See, e.g., Biton v. PA, et al.*, 01-cv-382 (D.D.C.), *Gilmore v. PA, et al.*, 01-cv-853 (D.D.C.), *Klieman v. PA. et al.*, 04-cv-1173 (D.D.C.), *Knox v. PA, PLO, et al.*, 03-cv-4466 (S.D.N.Y.)*, Parsons v. PA, et al.*, 07-cv-1847 (D.D.C.), *Shafi v. PA, et al.*, 09-cv-00006 (D.D.C.), *Saperstein v. PA, PLO, et al.*, 04-cv-20225 (S.D. Fla.), *Shatsky v. The Syrian Arab*

*Republic, et al.*, 02-cv-2280 (D.D.C.), *Ungar v. PA*, et al., 00-cv-105L (D.R.I.), *Livnat v. PA*, 14-cv-668 (D.D.C.), *Safra v. PA*, 14-cv-669 (D.D.C.), and *Livnat v. PA*, 13-cv-498 (E.D.V.A.). And there is also no evidence that Defendants have obstructed justice in any of the terrorism cases brought against Defendants in Israeli courts in the past decade. In sum, Defendants have never obstructed justice and thus the Court must deny Plaintiffs' motion.

Plaintiffs do not even try to claim that Defendants have obstructed justice in this or any other case. *See generally* DE 557. Instead, they misstate the law to keep the Court from considering this factor. In their discussion of the factors courts consider in determining whether there is "'strong reason to believe the jury needs protection,'" they do not mention the "crucial factor" (*Vario*, 943 F.2d at 239-40) of "whether the defendant or his associates have engaged in past attempts to interfere with the judicial process" (*Herron*, 2014 U.S. Dist. LEXIS, at *7). *See* DE 557 at 4-5. Not only that, they state – falsely – that "[t]error charges have led courts in this Circuit to empanel anonymous juries repeatedly" (DE 557 at 7). But courts have not empaneled anonymous juries *because* the defendants were facing terror charges. Terror charges "are in and of themselves . . . an insufficient basis upon which to grant an anonymous jury." *Mostafa*, 2014 U.S. Dist. LEXIS, at *7. In fact, there have been a number of (criminal) terrorism cases where courts did not empanel an anonymous jury. *See e.g., United States v. Sabir*, 05 CR 673 (LAP) (S.D.N.Y.) (defendant convicted of providing material support to al Qaeda); *United States v. Paracha*, 03 CR 1197 (SHS) (S.D.N.Y.) (defendant convicted of providing material support to al Qaeda operatives, including Khalid Sheikh Mohamed, the architect of the 9/11 plot); *United States v. Ressam*, 99 CR 666 (CR) (W.D. Wash.) (defendant convicted of hatching a plot to detonate explosives at the Los Angeles International Airport).

5

Importantly, the cases Plaintiffs cite in support of their (false) proposition that "[t]error charges have led courts in this Circuit to empanel anonymous juries" (DE 557 at 7) all involve evidence of obstruction of justice. In *United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009), the court relied on "the fact that the charges against [the defendants] were in significant part about their alleged corruption of the judicial process." *Id.* at 125. In *United States v. Kadir*, 718 F.3d 115 (2d Cir. 2013), the court emphasized that "[t]he district court also relied on separate reports by two jailhouse informants that [the defendant] had threatened to harm potential witnesses." *Id.* at 121. In *Thomas*, the court stressed that the "[c]harges in the indictment accused defendants of attempts to interfere with the judicial process by murdering government witnesses" and that "there was strong evidence of defendants' past attempts to interfere with the judicial process." 757 F.2d at 1364-65. In *United States v. Medunjanin*, No. 10-CR-19 (RJD) (E.D.N.Y.), the government stated in its application to the court that the "history of this case is replete with instances of witness tampering and obstruction of justice." *Id.* at DE 171 at 2. (The court did not issue a written opinion.) And these are just the cases cited by Plaintiffs. *See* DE 557 at 7. Indeed, evidence of obstruction of justice is present in other cases where courts have empaneled anonymous juries. *See, e.g., United States v. Aulicino*, 44 F.3d 1102, 1116 (2d Cir. 1995) (government alleged that defendant had bribed witnesses not to testify against him and threatened to kill a witness); *United States v. Scala*, 405 F. Supp. 2d 450, 453 (S.D.N.Y. 2005) (government alleged that defendant bribed a juror in an earlier trial); *Quinones*, 511 F.3d 289 at 295 (indictment charged defendants with murdering a confidential informant in retaliation for his cooperation with law enforcement authorities).

In sum, there is no evidence that Defendants have obstructed justice in this or any other case. Because that factor is so "crucial," the Court should deny Plaintiffs' motion without even

6

considering any of the other factors. *See Mostafa*, 2014 U.S. Dist. LEXIS, at *7 (refusing to empanel an anonymous jury despite serious charges and significant media attention); *Cf. Quinones*, 511 F.3d at 296 (not deciding whether the seriousness of the crime and the likelihood of pretrial publicity would, by themselves, support an anonymous jury); *Vario*, 943 F.2d at 241 (concluding that evidence linking defendant to "organized crime" does not, by itself, warrant anonymous jury); *United States v. Mansoori*, 304 F.3d 635, 651 (7th Cir. 2002) (concluding that charges exposing defendant to lengthy prison terms do not, by themselves, warrant an anonymous jury). In any event, the other factors also militate in favor of denying Plaintiffs' motion for an anonymous and semi-sequestered jury.

      B.     DEFENDANTS ARE NOT DANGEROUS

Another factor courts consider in assessing whether the jury truly "needs protection" is the dangerousness of the defendant. "Courts assess a defendant's dangerousness by the seriousness of the charged crimes." *Herron*, 2014 U.S. Dist. LEXIS, at *7; *see Paccione*, 949 F.2d at 1192 (evaluating dangerousness based on the "the serious nature of the charges and the potential for long prison terms and high monetary penalties"). In this case, Defendants are not charged with any crime. This is a civil action about money. Defendants are not facing lengthy prison sentences, much less any time in prison. Defendants are not even individuals. They are governmental entities. Thus, Plaintiffs' claim that "[t]he *charges* are extremely serious" (DE 557 at 6) (emphasis added) is wrong.

To be sure, Plaintiffs have combed the case law and discovered a civil forfeiture action from twenty years ago, *United States v. Real Property Known as 77 East 3rd Street*, 849 F. Supp. 876 (S.D.N.Y. 1994), where the court empaneled an anonymous jury. *See* DE 557 at 4-5. But even that court admitted it had "not found a reported decision in this district ordering that an

anonymous jury be impanelled in a civil case." *77 East 3rd Street*, 849 F. Supp. at 879. In any event, that case is easily distinguished from this case. For one thing, the court in *77 East 3rd Street* relied on evidence of obstruction of justice and extensive pretrial publicity in reaching its decision. *Id.* at 879. Neither of those conditions is present in this case. For another thing, the court in *77 East 3rd Street* was concerned with "[t]he gravity of the consequences to affected *individuals* and their potential for retaliatory violence." *Id.* (emphasis added). As foreign governmental entities, Defendants have neither the motives nor the means for retaliatory violence.

In the end, Plaintiffs' argument for an anonymous and semi-sequestered jury boils down to their belief that the evidence in the case "would make any reasonable jurors concerned for their own personal safety." DE 557 at 7. In other words, Plaintiffs ask the Court to resort to the "drastic measure" of an anonymous jury because they think the evidence in the case might make the jury feel nervous for their safety. This argument is wrong both as a matter of a law and as a matter of fact. First, the law in this jurisdiction does not call for an anonymous jury just because the evidence might make the jury feel nervous. If that were the case, an anonymous jury would be the norm in criminal cases, not the exception. Plaintiffs' reliance on *Thomas* in support of their claim that an anonymous jury is warranted to "ensure a verdict that is untainted by the jurors' fear for their own personal safety" (*id.*) is misplaced. The court in *Thomas* held that precautionary measures must be taken "when a serious threat to juror safety reasonably *is* found to exist." 757 F.2d at 1364 (emphasis added). The court affirmed the trial court's empanelment of an anonymous jury not only because "[t]he defendants were alleged to be very dangerous individuals engaged in large-scale organized crime who had participated in several 'mob-style' killings" but because "[c]harges in the indictment accused defendants of attempts to interfere

with the judicial process by murdering government witnesses." *Id.* By contrast, there is no evidence of a threat to the judicial process in this case.

Second, Plaintiffs' claim that the evidence in this case will cause jurors to fear "for their reputations, their ability to travel, and their safety at home and abroad" (DE 557 at 1) is wrong as a matter of fact. The attacks at issue in this case took place more than ten years ago in or near Jerusalem. The alleged perpetrators of those offenses are deceased or have been convicted in Israeli courts and sentenced to lengthy terms of incarceration in Israeli prisons. Many of them stated that they acted to end the *Israeli* occupation in *Palestine*. *See e.g.,* DE 558-1 (Abdel Karim Aweis, who was convicted of involvement in the March 21, 2002 bombing, stating that the reason for his actions "[wa]s the presence of the Israeli occupation and the Israeli army"). Plaintiffs' claim that New York jurors presiding over a civil trial in New York City in 2015 about attacks that took place between 2001 and 2004 in or near Jerusalem will be so afraid that they will not be able to render a fair verdict absent precautionary measures is incorrect.

### C. THIS TRIAL IS NOT LIKELY TO RECEIVE SIGNIFICANT MEDIA ATTENTION OR PUBLICITY

Whether the trial is likely to attract media attention and publicity is another factor that courts consider in determining whether the jury "needs protection." *See Vario*, 943 F.2d at 240. That determination "may be illustrated by the nature and degree of *pretrial* publicity." *Herron*, 2014 U.S. Dist. LEXIS 26989, at *9 (emphasis added). Pretrial publicity has been quite high in those cases where courts have relied on this factor in deciding to empanel an anonymous jury. *See e.g., Paccione*, 949 F.2d at 1193 (the case "had been front-page news"); *Vario*, 943 F.2d at 240 (*New York Newsday* had recently published a cover story about the case); *Stewart*, 590 F.3d at 125 (there was "widespread pretrial publicity about the case"). Of course, the fact that a case has garnered significant pretrial publicity in the past does not mean that it will at the trial. *See*

*e.g., United States v. Millan-Colon*, 834 F. Supp. 78, 85 (S.D.N.Y. 1993) (finding that the retrial will not generate the same amount of publicity as the first trial).

Here, Plaintiffs do not even allege that this case has garnered much pretrial publicity and media attention. *See* DE 557 at 8-9. For good reason: there has been very little. Instead, they talk generally about how "[t]errorism in the Middle East is a regular focus of news organizations." *Id.* at 8. That is certainly true. But the media's interest in terrorism in the Middle East does not establish the media's interest in this case. Indeed, this case is now ten years-old. As it has not received much media attention in the past ten years, it is unlikely to receive much media attention at trial. Thus, Plaintiffs' claim that "[t]rial publicity can be expected" (*id.*) is wrong.[1] The only way this case could receive media attention at trial is if one of the parties sought it. But Defendants will not seek media attention and if Plaintiffs do, they should not then benefit from it by citing it as grounds for their motion for an anonymous and semi-sequestered jury. Finally, assuming *arguendo* that this case would receive significant media attention and publicity at trial, the Court should still not empanel an anonymous jury. "The fact that a case may receive press attention – even a great deal of press attention – is itself insufficient to justify the impact on a defendant's trial that empanelling an anonymous jury may have." *Mostafa*, 2014 Dist. LEXIS, at *4-5.

## II. DEFENDANTS WOULD BE UNFAIRLY PREJUDICED BY AN ANONYMOUS AND SEMI-SEQUESTERED JURY

Even if the Court finds that there is "strong reason to believe the jury needs protection," the Court may not order an anonymous and semi-sequestered jury unless the Court can "tak[e]

---

[1] Plaintiffs' claim that Defendants' "ardent desire to keep inculpatory evidence confidential is an obvious acknowledgement of how much publicity this case is likely to garner" (*id.*) is also wrong. Parties in litigation regularly seek to keep sensitive information confidential for all kinds of reasons having nothing to do with trial publicity. That Plaintiffs make this argument – and even lead with it in their brief – only highlights the absence of pretrial media attention in this case.

reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *Paccione*, 949 F.2d at 1192.  Here, no prophylactic instructions can protect Defendants against the unfair prejudice that will result from an anonymous and semi-sequestered jury.  In *Mostafa*, the court agreed with the defendant that the empanelment of an anonymous jury "'would poison the atmosphere of the case and serve to bolster the government's case by creating the impression that the defendant is dangerous and guilty, and that the jurors themselves are likely targets.'"  2014 U.S. Dist. LEXIS, at *8.  An anonymous and semi-sequestered jury would be especially prejudicial to Defendants here because jurors would never believe that in a *civil* case "[i]t is a common practice followed in many cases in Federal court to keep the names and identities of the jurors in confidence" (DE 557 at 10) (citing *United States v. Tutino,* 883 F.2d 1125, 1133 (2d Cir. 1999)).  Thus, no prophylactic jury instruction could protect Defendants from prejudice.

Defendants would be especially prejudiced by semi-sequestration.  Such a measure "serve[s] to remind the jury each day as they arrive and as they leave that this trial requires special handling.  Whether the Court provides the jury with a 'neutral' explanation may not eliminate that ongoing and repeated reminder." *Mostafa*, 2014 U.S. Dist. LEXIS, at *8-9.  The Court should therefore deny Plaintiffs' Motion.

## CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' motion for an anonymous and semi-sequestered jury.

July 23, 2014  Respectfully Submitted,

/s/ Mark J. Rochon
Mark J. Rochon
Laura G. Ferguson
Brian A. Hill
Michael J. Satin
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 23rd day of July, 2014, a true and genuine copy of the foregoing was filed by ECF, which automatically provided service to all ECF counsel, including the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>(718) 855-3627
>E-mail: rtolchin@berkmanlaw.com
>
>Kent A. Yalowitz
>Philip W. Horton
>Arnold & Porter LLP
>399 Park Avenue
>New York, NY 10022
>(212) 715-1000
>Email: Kent.Yalowitz@aporter.com

>/s/ Michael J. Satin
>Michael J. Satin