# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

July 30, 2014

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
     Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

  Plaintiffs respectfully ask that the Court adopt the jury questionnaire language and questions proposed by plaintiffs but objected to by defendants (highlighted in blue) and reject the language and questions proposed by defendants but objected to by plaintiffs (highlighted in yellow).

  As described in my letter of July 30, 2014, the parties have agreed on a number of questions. This letter addresses the disputed items.

## Introduction, Preliminary Instructions, Questions 14, 15, 16, 88, Scheduling and Hardship Information

  Plaintiffs seek an anonymous jury. If the Court empanels an anonymous jury, the language highlighted in blue in the above referenced sections will protect the anonymity of the jurors. It is adopted from the jury questionnaire used in *United States v. Ibrahim*, No. 07-CR-543 (DLI) (E.D.N.Y.) [Docket Entry 544, copy enclosed], *aff'd sub nom. United States v. Kadir*, 718 F.3d 115, 121 (2d Cir. 2013) (approving District Court's measures to ensure the jury's impartiality).

## Questions 23, 24

  These questions are proposed by defendants. They are not directed in any way to finding an impartial jury. Instead, they appear to be the type of questions used by jury consultants to help lawyers find jurors psychologically predisposed to their side of the case. The Court should omit them. As one treatise explains:

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 31, 2014
Page 2

> [N]o litigant is entitled to a jury of his liking. He is only
> entitled to an impartial jury. Many times in the examination
> of jurors, it is apparent that counsel, by the very nature of
> the questions asked, are not bent upon obtaining an
> impartial jury, but rather twelve men and women whom
> they believe will be more favorable to their side of
> litigation than to their adversaries.

*Wright & Miller's Federal Practice and Procedure: Civil* § 2482 (updated April 2014).

### Questions 25-36

These questions, most of which are proposed by defendants, focus inordinately and intrusively on questions about religion. What religion are you? What religion is your spouse? What religion was each of your grandparents? How important is religion to your parents, and your spouse? What do you think of people who are religious? How do you feel about being religious? The questions are extremely intrusive and suggest that religion is an important element in this case and that the jurors should be focused on it.

Plaintiffs do not object to a limited inquiry into religious matters to ensure that no member of the jury is biased. To that end, plaintiffs propose the inclusion of questions 32 and 33, which are more than adequate to cover this territory, without making jurors concerned about why the Court is asking so many questions about their religion or suggesting that the case is about religion. Questions 32 and 33 are modeled on Questions 18 and 26, respectively, in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*.

### Questions 55 and 56

Question 55, proposed by defendants, seeks information about whether the prospective juror or anyone close to him or her was the victim of a violent *hate* crime and, if so, what race or religion the victim was. This information is already covered in Question 54, and again goes into the whole issue of religion.

Question 56, also proposed by defendants, asks whether the prospective juror or anyone close to him or her was the victim of any kind of violent crime. This territory is already covered in Question 54.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 31, 2014
Page 3

### Questions 73 and 74

These are basic questions proposed by plaintiffs about the defendants. Plaintiffs modeled them on Questions 64 and 65 in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*.

### Question 75

Defendants' proposed addition of the word "civil" is unnecessary and may be confusing to a prospective juror unfamiliar with the legal system.

### Question 82

This question asks about influence by "family, friends, co-workers, anyone else." Defendants' proposal to add "members of your religious community" is already covered by "anyone else" and again attempts improperly to inject religion into the case.

### Question 83

This question asks whether there is anything about the nature of the case as explained thus far that would cause the prospective juror to doubt his or her ability to be fair and impartial. Plaintiffs modeled it on question 85 in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*.

### Question 89-92 vs. 95-98

Plaintiffs' proposed questions 95 through 98 seek to solicit information that will affect the ability of the prospective jurors to be fair and impartial. Plaintiffs modeled them on Question 20 in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*.

Defendants' alternate questions (89-92) are much more intrusive and appear designed to help them select a jury predisposed in their favor, rather than an impartial one.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
July 31, 2014
Page 4

### Question 100

Plaintiffs' proposed question 100 is modeled on Question 24 in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*. Defendants prefer to wordsmith it.

### Questions 101-110

Defendants' proposal that the Court survey the prospective jurors for their political views is highly improper. These questions are irrelevant, overtly political, and inflammatory. Additionally, the nature and volume of these questions make them an inappropriate and unnecessary intrusion.

In addition, many of these questions tip defendants' hand that their trial strategy is to inject the "conflict" into this case rather than sticking to the evidence. What possible relevance is the "favorability" opinion of a prospective juror on the State of Israel, or Ariel Sharon, or "Zionism"? How can the Court possibly ask a juror "which side in the Israeli/Palestinian conflict do you favor," or who is "MOST to blame for the continuing conflict"? As discussed in plaintiffs' motion *in limine*, these matters should play no role in this case.

### Questions 117-119

Plaintiffs seek the inclusion of these questions because they go directly and simply to the question of the jurors' ability to render a fair and impartial judgment. Question 119 is modeled on Question 61 in the attached questionnaire used in the *Ibrahim* case, affirmed in *United States v. Kadir*.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel