UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE PALESTINE LIBERATION ORGANIZATION, *et al.*,<br><br>      Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

**NOTICE OF NEW AUTHORITY IN RELATED ACTIONS
RELEVANT TO PENDING SUMMARY JUDGMENT AND *IN LIMINE* MOTIONS**

  Plaintiffs respectfully bring to the Court's attention Judge Brian Cogan's August 1, 2014 decision denying defendant's motion *in limine* to exclude evidence in *Linde v. Arab Bank*, Civ. No. 04-2799 (BMC) (E.D.N.Y.)(attached as Exhibit 1).

  *Linde* and its companion cases are ATA actions arising from terror attacks in Israel—including, among others, the very attacks at issue in this case—and so share with the instant case some of the same items of evidence and many of the same evidentiary issues. Judge Cogan's decision is thus highly relevant to the summary judgment and *in limine* motions currently pending before this Court, in the following ways:

  **IMC Documents**

  Judge Cogan denied the Arab Bank's motion to exclude as unreliable and hearsay Israeli Military Court ("IMC") convictions, verdicts and other records—including some of the same IMC documents that defendants in this case seek to exclude on the same grounds. *See* Exhibit 1 at 5; Exhibit 2 at 6-8 and at internal Exhibit A at 8-12 (listing inter alia the conviction and other IMC records for Abdullah Barghouti and other perpetrators of the July 31, 2002, Hebrew

University Bombing).  Judge Cogan's decision is additional authority for this Court to reject the demand by the PLO and PA to exclude IMC convictions, verdicts and other records in this case.[1]

**Statements Against Interest by Terrorists**

The Arab Bank also moved to exclude "statements against interest" made by terrorists, arguing that such statements are unreliable and are not subject to the usual exception to hearsay, because terrorists have a different, perverse value system. Exhibit 2 at 5, 11.

Judge Cogan rejected this argument, holding that such statements are admissible and that any challenges to their credibility must be assessed by the jury. Exhibit 1 at 6. Judge Cogan's holding undermines defendants' motion to exclude such statements against interest in this case, and supports plaintiffs' position that such statements should go to the jury.

Dated:  New York, New York
        August 6, 2014

ARNOLD & PORTER LLP

By: /s/ Kent A. Yalowitz
    Kent A. Yalowitz
       KENT.YALOWITZ@APORTER.COM
    Philip W. Horton
       PHILIP.HORTON@APORTER.COM
    Sara K. Pildis
       SARA.PILDIS@APORTER.COM
    Ken L. Hashimoto
       KEN.HASHIMOTO@APORTER.COM
    Carmela T. Romeo
       CARMELA.ROMEO@APORTER.COM
    Tal R. Machnes
       TAL.MACHNES@APORTER.COM
399 Park Avenue
New York, New York  10022
(212) 715-1000

---

[1] Judge Cogan also held that IMC documents that have been apostilled pursuant to the Hague Convention are self-authenticating. Exhibit 1 at 5. Plaintiffs have obtained such apostilles for all of the IMC documents designated by them as trial exhibits in this case.

3