# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                    Plaintiffs,

          vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1113 [tel]
(212) 715-1399 [fax]
*Counsel for Plaintiffs*

Dated:  August 8, 2014

## TABLE OF CONTENTS

**Page**

**I.    GENERAL INSTRUCTIONS** ............................................................. 1

1.    General Requests ...................................................................1

2.    Publicity—Preliminary, Reminder and Final Instructions.................................3

3.    Contact with Others ...............................................................4

4.    Use of Electronic Technology to Conduct Research on or Communicate about Case ................................................................5

**II.    EVIDENCE, BURDENS AND PRESUMPTIONS** ................................... 7

5.    Foreign Language Evidence—General, During Trial........................................7

6.    Burden of Proof.....................................................................8

7.    Convictions As *Prima Facie* Evidence...............................................9

8.    Uncalled Witness Not Equally Available ...........................................10

9.    Defendants' Failure to Produce Evidence—GIS Documents.................................11

10.   Consciousness of Guilt From Falsification of Evidence................................13

**III.   LEGAL STANDARDS FOR *RESPONDEAT SUPERIOR*, AGENCY, AND RATIFICATION**...............................................................14

11.   Entities ..........................................................................14

12.   Alter Ego Liability ..............................................................15

13.   Entity Liability .................................................................16

14.   Defendants' Liability for the Acts of Their Managerial Agents........................18

15.   Defendants' Liability for Conduct of Their Employees—Scope of Employment............................................................19

16.   Defendants' Liability for the Conduct of Their Employees—Prohibited Act................................................................20

17.   Defendants' Liability for Unauthorized Acts of Agents and Employees—Ratification.......................................................21

18.    Defendants' Liability for Conduct of Their Employees—Policy Practice or
       Custom .................................................................................................................23

**IV.    LEGAL STANDARD FOR ANTI-TERRORISM ACT CLAIM** ............................. 25

19.    Anti-Terrorism Act—Elements ..........................................................................25

20.    Anti-Terrorism Act—First Element—Violent Acts ...........................................26

21.    Anti-Terrorism Act—Second Element—Criminal Acts.....................................27

       a.    Murder ......................................................................................................28

       b.    Attempted Murder ....................................................................................29

       c.    Intentional Homicide ...............................................................................30

       d.    First Degree Manslaughter .......................................................................31

       e.    Criminal Assault ......................................................................................32

       f.    Reckless Endangerment ...........................................................................33

       g.    Promoting a Suicide Attempt ...................................................................34

       h.    Hate Crimes .............................................................................................35

       i.    Accessory..................................................................................................36

       j.    Bombing of a Mass Transportation Vehicle............................................37

       k.    Bombing of a Public Place .......................................................................38

       l.    Harboring a Terrorist................................................................................39

       m.   Material Support for Terrorist Acts—18 U.S.C. § 2339A..................................40

       n.    Material Support for Hamas or AAMB—18 U.S.C. § 2339B .........................42

       o.    Material Support for Hamas Weapons Program—18 U.S.C. §
             832.............................................................................................................44

       p.    Contribution to Benefit Hamas or AAMB—50 U.S.C. § 1705 ......................45

       q.    Conspiracy ...............................................................................................46

       r.    Conspiracy—Elements.............................................................................47

       s.    Anti-Terrorism Act—Second Element Concluding Instruction .........................49

22.    Anti-Terrorism Act—Third Element—Intent ................................................50

23.    Anti-Terrorism Act—Fourth Element—Appearance of Intent to Influence
       Government ...............................................................................................52

24.    Anti-Terrorism Act—Fifth Element—Causation ..........................................53

25.    Anti-Terrorism Act—Sixth Element—Injury ...............................................54

**V.    LEGAL STANDARDS FOR NON-FEDERAL CLAIMS** .......................... 55

26.    Negligence ................................................................................................55

       a.    Statutory Negligence .......................................................................56

       b.    Common Law Negligence .................................................................58

       c.    Negligence—Breach of Duty and Causation ......................................59

27.    Civil Assault................................................................................................60

28.    Battery .......................................................................................................62

29.    Intentional Infliction of Emotional Distress ................................................64

30.    Negligent Infliction of Emotional Distress ..................................................66

31.    Equitable Estoppel—Statute of Limitations ................................................67

**VI.    DAMAGES** ............................................................................................ 69

32.    Damages—General ....................................................................................69

33.    Damages—Compensatory Damages ...........................................................70

34.    Damages—Calculation of Past and Future Damages ....................................72

35.    Damages—Injury or Disability....................................................................75

36.    Damages—Pain and Suffering ....................................................................76

37.    Damages—Medical or Other Expenses ........................................................77

38.    Damages—Lost Earnings or Profit ..............................................................78

39.    Damages—Loss of Consortium ...................................................................80

40.    Damages—Loss of Services ........................................................................81

41.    Damages—Shortening of Life .....................................................................82

42.    Damages—Loss of Parental Services Due to Wrongful Death ..........................................83

43.    Damages—Loss of Solatium ...........................................................................................85

44.    Damages—Punitive Damages ..........................................................................................86

## I.    GENERAL INSTRUCTIONS

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 1.
### General Requests

Plaintiffs respectfully request that the Court give its usual instructions on the following matters, or in the alternative, the referenced instructions from L. Sand, *et al.*, Modern Federal Jury Instructions—Civil and L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal:

a. **Anonymous Jury** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal, ¶ 1.02, Instruction 1-5)

b. **Juror Attentiveness** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-1)

c. **Role of the Court** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-2)

d. **Role of the Jury** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-3)

e. **Juror Oath** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-4)

f. **Jury to Disregard Court's View** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-5)

g. **Conduct of Counsel** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01, Instruction 71-6)

h. **Note-Taking By Jury** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.02, Instruction 71-16)

i. **What Is and Is Not Evidence** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 74.01, Instruction 74-1)

j. **Direct and Circumstantial Evidence** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 74.01, Instruction 74-2)

k. **Judicial Notice** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 74.02, Instruction 74-3)

l. **Stipulations** (or L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 74.02, Instruction 74-4)

1

m. **Summaries and Charts** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 74.06, Instruction 74-11)

n. **Interrogatories** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 74.07, Instruction 74-13)

o. **Depositions** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 74.07, Instruction 74-14)

p. **Requests for Admissions** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 74.08, Instruction 74-15)

q. **Inference Defined** (L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 75.01, Instruction 75-1)

r. **Witness Credibility** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 76.01, Instruction 76-1)

s. **Bias (of Witness)** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 76.01, Instruction 76-2)

t. **Discrepancies in Testimony** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 76.01, Instruction 76-4)

u. **Expert Testimony** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 76.01, Instruction 76-9)

v. **Conflicting Expert Testimony** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 76.01, Instruction 76-10).

w. **Right to See Exhibits and Hear Testimony; Communications with the Court** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 78.01, Instruction 78-1)

x. **Verdict; Duty to Deliberate/Unanimous Verdict** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 78.01, Instruction 78-2)

y. **Return of Verdict** (or L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 78.01, Instruction 78-6)

Plaintiffs also respectfully request that the Court include the following in its charge to the jury:

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 2.
### Publicity—Preliminary, Reminder and Final Instructions

**Preliminary:**  There may be some newspaper or internet attention given to this case, or there may be some talk about it on the radio or television.  If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence.  So, when you leave here and go to your home and pick up the paper, if you see something about the case, you must put the paper down right away.  Do not read the article.

I will also tell you to avoid listening to or watching any radio or television discussion of the case.

\*        \*        \*

**Reminder:**  Let me remind you once again not to read about the case on the Internet or in the newspapers, watch any news concerning the case on television or listen to any radio accounts of the case.  Please be mindful of my admonition that you must limit the information you get about the case to what comes to you in the courtroom through the rules of evidence.

\*        \*        \*

**Final:**  Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explain them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

**AUTHORITY:**              L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.01,
                            Instructions 71-12, 13 and 14.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 3.**
**Contact with Others**

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the event you see anything in the media about this case, please turn away and pay it no heed.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.


**AUTHORITY:**     L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 71.02, Instruction 71-15 (modified to avoid duplication with Electronic Communication Instruction).

4

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 4.**
**Use of Electronic Technology to Conduct Research on or Communicate about Case**

[Note: These instructions should be provided to the jurors before trial, at the close of a case, at the end of each day before the jurors return home, and other times, as appropriate.]

**Before Trial**:  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology or social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**At the Close of the Case**:  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**AUTHORITY**:          Judicial Conference Committee on Court Administration and Case Management, *Proposed Model Jury Instructions re The Use of Electronic Technology to Conduct Research on or Communicate about a Case* (June 2012).

## II.    EVIDENCE, BURDENS AND PRESUMPTIONS

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 5.
### Foreign Language Evidence—General, During Trial

General Instruction:  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. In addition, some documents introduced in evidence may be in Arabic, Hebrew or French.  Although some of you may know Arabic, Hebrew or French, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony and documents. You must disregard any different meaning.

During Trial:  You are about to [hear testimony of a witness who will be testifying in] [see documents in] [Arabic/Hebrew/French]. The evidence you are to consider is only that provided through the official court [interpreters] [translations]. Although some of you may know the language used, it is important that all jurors consider the same evidence. So you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning.

[If there is a dispute over the translation of certain statements in a foreign language, it will be for you to determine which, if either, translation is accurate.]

**AUTHORITY**:    9 Ninth Circuit Manual of Model Jury Instructions Civil 2007—Civil 2.7; Third Circuit Model Civil Jury Instructions—Civil 2.12.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 6.
### Burden of Proof

This is a civil case and as such the plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiffs have carried his or her burden on each essential point as to which they have the burden of proof, then you must find for the plaintiffs on their claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiffs have failed to sustain his or her burden and you must find for the defendants.

If upon a consideration of all the facts on the issue of the defendants' liability you find that the plaintiffs have failed to sustain the burden cast upon them, then you should proceed no further and your verdict must be for the defendants.

If you find that the plaintiffs have established the essential elements of their case, then you should proceed to consider the issue of damages.

**AUTHORITY:**      L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 73.01, Instruction 73-1 (modified); *see Estate of Parsons v. Palestinian Authority*, 651 F.3d 118, 123 (D.C. Cir. 2011) (substantive standard under ATA is preponderance of the evidence); *Knox v. PLO*, 248 F.R.D. 420, 427 (S.D.N.Y. 2008) (same).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 7.**
**Convictions As *Prima Facie* Evidence**

**Upon Entry Into Evidence of the Israeli Convictions**:   The plaintiffs are offering judgments of conviction rendered by Israeli courts against certain individuals, as evidence that each of the convicted individuals engaged in conduct with respect to which his or her guilt was established in the criminal case.  I instruct you that these judgments and their supporting documentation are *prima facie* evidence that the convicted individuals engaged in the conduct established in the criminal case, which means that the judgments are some evidence of that conduct.

**Final Instruction**:  You have heard evidence that certain individuals, who plaintiffs argued were agents or employees of the defendants or their agents or alter egos, were convicted of certain crimes in the Israeli courts.  I instruct you that these judgments and their supporting documentation are *prima facie* evidence that the convicted individuals engaged in the conduct established in the criminal case, which means that the judgments are some evidence of that conduct.  *Prima facie* evidence is proof that establishes the fact in the absence of proof to the contrary. So if there is no proof to the contrary, you must accept the judgments of conviction as fact.

**AUTHORITY:**       *State of N.Y. v. Hendrickson Bros., Inc.*, 840 F. 2d 1065, 1080-81 (2d Cir. 1988) (approving instruction given upon receipt into evidence that convictions were *prima facie* evidence, and final instruction that absent proof to the contrary, *prima facie* evidence must be accepted "as the fact").

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 8.**
**Uncalled Witness Not Equally Available**

You have heard evidence about Tawfiq Tirawi, **[and]** Kamal Al Abed (a/k/a "Mohamed Mukhtasab" a/k/a "Abu Talal"), [other witnesses as applicable] who have not been called to testify.  Counsel for plaintiffs have argued that these witnesses could have given material testimony in this case, and that the defendants were in the best position to produce these witnesses.

If you find that one or more of these witnesses could have been called as witnesses by the defendants, and that defendants were in the best position to produce them, and that they would have given important new testimony, then you are permitted, but not required, to infer that the testimony of one or more of these witnesses would have been unfavorable to the defendants.

In deciding whether to draw this inference, you should consider whether the witnesses' testimony would merely have repeated other testimony and evidence already before you.  You may also consider whether the defendants had a reason for not calling a witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

**AUTHORITY:**     L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 75.01, Instruction 75-3.

10

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 9.
### Defendants' Failure to Produce Evidence—GIS Documents

You have heard about evidence which has not been produced by the defendants from the files of the Palestinian Authority's General Intelligence Services.  I have determined that this evidence was in defendants' control and that the defendants' failure to produce it was improper. Plaintiffs argue that this evidence would have proven facts material to the matter in controversy.

If you find that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendants.

In particular, you are permitted, but not required, to conclude that if it had been produced, the missing evidence would have shown that:

1. In January 2001, members of Force 17, including Fawzi Murar, carried out the January 8, 2001 shooting, and their employer, the PA, knew of their activities.

2. In January 2001, Nasser Aweis and Ahmed Barghouti planned the January 22, 2002 shooting, and their employer, the PA, knew of their activities.

3. In January 2002, Kamal Al Abed planned the January 27, 2002 bombing, and his employer, the PA, knew of his activities.

4. In February 2002, PA security officers released Mohammed Hashaika and Nasser Shawish at a time when they knew that Hashaika and Shawish were planning to perpetrate a terrorist attack.

5. In March 2002, Karim Abdel Aweis planned the March 21, 2002 bombing, and his employer, the PA, knew of his activities.

11

6.  In June 2002, GIS officer Naef Abu Sharkh, along with Mazen Freitakh, planned and perpetrated the June 19, 2002 bombing, and Sharkh's employer, the PA, knew, of their activities.

7.  In August 2001, the defendants released Abdullah Barghouti, knowing of his intent to continue his bomb-making activities for Hamas.

8.  In the period August 2001 through July 2002, PA and PLO officials knew of Abdullah Barghouti's bomb-making activities for Hamas.

9.  In January 2004, Abdel Rahman Maqdad and Ahmed Salah planned the January 29, 2004 bombing, and their employer, the PA, knew of their activities.

10. Before each of the foregoing attacks took place, defendants knew, or were reckless regarding the fact that, the perpetrators would execute the attack.

In deciding whether to draw any of these inferences, you should consider whether the evidence not produced would merely have duplicated other evidence already before you.  Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

*[Plaintiffs also respectfully request that the Court give
the foregoing charge at an appropriate time during the presentation of plaintiffs' case.]*

**AUTHORITY:**    L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 75.01, Instruction 75-7 (modified).

12

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 10.**
**Consciousness of Guilt From Falsification of Evidence**

The plaintiffs have argued that the defendants knowingly attempted to cover up their involvement in terrorist attacks by requesting that the family of Wafa Idris make false statements about her involvement in a suicide bombing attack. If you find that a defendant attempted to falsify evidence in order to mislead the public about its involvement in the attack, you may, but need not, infer that the defendant, or its employees or agents for whom it is liable, believed that the defendant was liable for those acts. You may not, however, infer on the basis of this alone, that the defendant is, in fact, liable for the attack.

Whether or not evidence that the defendant sought to falsify evidence shows that the defendant believed it was liable, and the significance, if any, to be given to such evidence, are matters for you, the jury, to decide.

**AUTHORITY:**     Adapted from L. Sand, *et al.*, <u>Modern Federal Jury Instructions—</u>
<u>Criminal</u>, ¶ 6.05, Instruction 6-14.

13

III.    **LEGAL STANDARDS FOR *RESPONDEAT SUPERIOR*, AGENCY, AND RATIFICATION**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 11.**
**Entities**

In this case, the defendants are entities. The mere fact that they are entities does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and entities, big or small, are entitled to the same fair consideration as you would give any other party.

Separate entities such as the PLO and the PA are to be treated as separate unless there are justifiable reasons in light of all the circumstances not to treat them separately. The notion of separate entity existence will not be recognized where an entity is organized or controlled, and its business is conducted, in such a manner as to make it merely an agent or instrumentality of another entity. If you find by a preponderance of the evidence that the PA was acting as agent for the PLO, then you must find that the PLO is liable for the acts of the PA.

**AUTHORITY:**    L. Sand, *et al.*, <u>Modern Federal Jury Instructions – Civil</u>, ¶ 72.01 Instruction 72-1 (modified, and including supplemental charge, from comment to 72-1, applicable where more than one entity is involved).

14

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 12.**
**Alter Ego Liability**

In this case, plaintiffs claim that the PLO, the PA, Fatah, and the Al Aqsa Martyrs'

Brigade were indistinguishable, and that each acted as the instrument or tool of the other—or as

what the law calls "alter egos" of each other. Should you find that plaintiffs have proven this

claim by a preponderance of the evidence, the law requires you to disregard the separate status of

those entities to hold each legally responsible for the acts of the other.

In most cases, an entity's status as having a distinct legal existence, separate and apart

from other entities, must be respected and preserved.  But this rule is not absolute, and you can

disregard the separate status of an entity when it uses another entity as a mere tool for the

purpose of evading or violating a statutory or other legal duty, and for accomplishing some fraud

or other illegal purpose.

To decide whether to treat the Palestinian Authority, the Palestinian Liberation

Organization, Fatah, Al Aqsa Martyrs' Brigade or any of them as alter egos, you should

consider:

(a) whether any caused the formation of another;

(b) whether they have directors or officers in common;

(c) whether the purpose or function of one organization is separate and distinct from the

other;

(d) whether the entities kept separate books and records;

(e) whether the one organization finances another or pays its salaries and other expenses;

(f) whether the organizations' funds were comingled; and

(g) any other factor the evidence disclosed tending to show that the organizations were or

were not operated as separate entities.

**AUTHORITY:**        11 Eleventh Circuit Civil Pattern Jury Instructions 2013—Civil 4.27 (as
                      modified).

15

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 13.**
**Entity Liability**

Entities like the PLO and the PA can act only through their agents—that is, their employees, officers or other authorized representatives.   An individual person need not be an employee of the entity in order to be an agent.  And, while an agent may be an individual person, it may also be another entity.  In order to find that the act of an agent was binding on the entity you must find that the agent has authority to act in the manner in which he or she is alleged to have acted, or that the entity later ratified the agent's actions.

The authority of an agent to act may be express, apparent or inherent. Express authority is created by the direct verbal or written giving of that authority by the entity to its agent. For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses. Apparent authority can be created by appointing a person to a position, such as manager or treasurer, which carries generally recognized duties. In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the entity. To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent. In such circumstances, the entity is bound to third parties, who are unaware of any lack of authority to the same extent as if the power to act had been directly conferred. Therefore, if you find upon all the facts and circumstances of the particular case that the entity has, by reason of its words or conduct, given the appearance of the agent's authority to act on its behalf, then the entity is responsible for such acts of its agent as if the entity itself committed the acts.

16

There are also situations in which an agent has inherent authority to act for the entity, even when the entity has not granted the agent either the express or apparent authority to act on its behalf. This inherent authority may exist, provided the acts in question are within the scope of the agency, even though the acts may be criminal or tortious. For example, an act is within the scope of an agent's inherent authority if it is sufficiently related to the kind of act the agent was employed to perform, if it was done substantially within the time and space limits of the job and was actuated, at least in part, by a purpose to serve the entity.

Therefore, if you find that the agent acted with express, apparent, or inherent authority to bind the entity, you may find that the entity was responsible for his or her conduct.

**AUTHORITY:**     L. Sand, *et al.*, Modern Federal Jury Instructions – Civil, ¶ 72.01 Instruction 72-2 (modified); *Phelan v. Local 305 v. United Ass'n of Pipefitters*, 973 F.2d 1050, 1062 (2d Cir. 1992) (ratification).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 14.**
**Defendants' Liability for the Acts of Their Managerial Agents**

An entity can be held liable for the acts of its managerial agents that are done on behalf of and to the benefit of the entity and directly related to the performance of the duties the employee has authority to perform.  By a "managerial agent" I mean an officer of the entity or an agent of the entity having duties of such responsibility that his conduct may fairly be assumed to represent the entity.

**AUTHORITY:**        Based on the charge approved in *United States v. Koppers Co., Inc.*, 652 F.2d 290, 298 (2d Cir. 1981).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 15.
### Defendants' Liability for Conduct of Their Employees—Scope of Employment

An employer is responsible for the act of its non-managerial employee if the act is within the scope of his employment.

An act is within the scope of employment if it is in furtherance of the employer's business and is within the scope of the employee's authority.  An employer's business is its regularly-conducted activities, whether commercial or non-commercial.  An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether a defendant's employee was acting within the furtherance of the PA's or the PLO's business and within the scope of his or her authority, are: the connection between the time, place and occasion for the act; the history of the relationship between the PA and/or PLO and the employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the PA and/or PLO could reasonably have anticipated.  If you find an employee of the PLO or the PA intentionally or negligently caused injury to a plaintiff while acting within the scope of his or her authority or in furtherance of the defendant's business, then the defendant is legally responsible for the employee's conduct.


**AUTHORITY:**     N.Y. Pattern Jury Instr., Civil 2:235 (modified); *Ira S. Bushey & Sons v. United States*, 398 F.2d 167, 170 (2d Cir. 1968) (Friendly, J.).

19

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 16.**
**Defendants' Liability for the Conduct of Their Employees—Prohibited Act**

Even if you find that the PLO or the PA specifically instructed its employees not to

perform the shootings and bombings that are at issue in this case, if you find that those acts were

done in furtherance of the defendant's business and were reasonably foreseeable by the

defendant, you may find those acts were within the scope of the employees' authority.

**AUTHORITY:**        N.Y. Pattern Jury Instr., Civil 2:236 (as modified); *Kwon v. Yun*, 606 F.
                      Supp. 2d 344, 362-363 (S.D.N.Y. 2009).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 17.**
**Defendants' Liability for Unauthorized Acts of Agents and Employees—Ratification**

Even if conduct by the employees and agents of the defendants was unauthorized at the time, the defendants may still be liable for those acts if the defendants "ratified," adopted or approved the wrongful conduct after it occurred. Thus, if you find that defendants' employees or agents caused the plaintiffs' injuries, you must decide whether the defendants ratified, adopted or approved their employees' or agents' conduct.

To show that a defendant ratified, adopted or approved its employee's conduct, plaintiffs must prove that the defendant ratified, adopted or approved of the conduct when it knew of, or should have known of, all material facts relating to the conduct. To show that a defendant ratified, adopted or approved the acts of a person who is not an employee, plaintiffs must prove that the person apparently acted on that defendant's behalf, and that the defendant ratified, adopted or approved of the conduct when it knew of, or should have known of, all material facts relating to the conduct.

Ratification, adoption or approval means to treat the act as if it was originally authorized. A defendant is liable for conduct of its employees or agents if, after the fact, the defendant ratified, adopted or approved of that conduct even if it was originally unauthorized. Therefore, even if you conclude that actions taken by agents or employees of a defendant were not within the scope of their authority, the defendant may nevertheless be responsible for those actions if you find that the defendant ratified or adopted or approved those actions after the fact.

And, even if you conclude that the defendants' employees were not acting as agents of the defendants in carrying out the attacks in this case, the defendants are nevertheless responsible for their employees' action if you find that the defendants ratified or adopted or approved those actions after the fact.

21

Approval, adoption or ratification can be shown through a defendant's statements.   Or it can be inferred from the defendant's conduct that implies intent to adopt the act.  A variety of different types of conduct permits you to infer approval.  Ratification of an unauthorized act may be demonstrated through knowing acceptance after the fact of the agent's actions, even if the acts were not within the scope of an agency relationship.

A defendant's knowing ratification can be shown by circumstantial evidence, including through evidence of the nature of the acts done, through the relationship of the parties, through the respective interests of the alleged agent, or other circumstances.  In regards to an employee, if the employer is aware of ongoing conduct encompassing numerous acts by the employee, failure to terminate may constitute ratification, as may the promotion or celebration of such an employee.

**AUTHORITY:**        Charge (for agent) read in *Chowdhury v. Worldtel Bangladesh Holding*, *Ltd.*, No. 08-CV-1659 (BMC) (E.D.N.Y. 2008) (Docket Entry 58 at 92-95), approved in *Chowdhury v. Wordltel Bangladesh Holding*, *Ltd.*, 746 F.3d 42, 53 n.11 (2d Cir. 2014); Restatement (Third) of Agency §§ 4.03 (ratification), 1.01 comment c ("The common law of agency … encompasses the employment relation, even as to employees whom an employer has not designated to contract on its behalf or otherwise to interact with parties external"); 4.01 (failure to terminate, promotion or celebration of an employee may constitute ratification.)

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 18.**
**Defendants' Liability for Conduct of Their Employees—Policy Practice or Custom**

A defendant may also be liable for the acts of their employee if the employee's acts were done pursuant to the defendant's official policy, or its practice or custom.

Whether an official policy, or a practice or custom, existed is a question of fact for you to determine.  The plaintiffs need not demonstrate that defendant's employee was acting pursuant to a formal rule or regulation.  A defendant's policy may be pronounced or tacit and reflected in either action or inaction. In the latter respect, a defendant's policy of inaction in light of notice that its program will cause others to carry out violations is the functional equivalent of a decision by the defendant itself to carry out the violations  A practice or custom is a persistent, widespread course of conduct by officials or employees that has become the usual and accepted way of carrying out policy, even though the defendants may not have formally adopted or announced the practice or custom.  A longstanding standard operating procedure to which the employer acquiesced is sufficient to establish a practice or custom, as is a defendant's failure to discipline employees for persistent violations.

An official to whom a defendant has delegated final policy-making authority is an official whose actions can be said to represent a decision of the defendant itself.  The policy making official may cause injury by giving direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for employees that, when followed by those employees, results in the injury.  I instruct you that Yasser Arafat was a policy-making official whose actions may be attributed to the defendants and that Marwan Barghouti was a policy-making official whose actions may be attributed to the PLO.

If you find that a defendant had a policy, practice or custom, you must then decide whether there is an affirmative link between its employee's actions and the policy, practice or

23

custom.  For example, if you find by a preponderance of the evidence that a defendant, knowing of its employees' past unlawful conduct, failed to take precautions against future violations or acquiesced in its employees' past unlawful conduct, and that failure to act and/or acquiescence led, directly or indirectly, at least in part, to the employee's conduct in this case, then you will find that the plaintiffs have met their burden of establishing that the defendant's employees acted pursuant to the defendant's policy, practice or custom.

**AUTHORITY:**    L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u> ¶ 87.03, Instructions 87-81, 87-83, 87-84 (modified); *Perry v. Metropolitan Suburban Bus Authority*, 390 F.Supp.2d 251, 260 (E.D.N.Y. 2005) (plaintiff need not demonstrate existence of formal rule or regulation); *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir.2011) (policy may be pronounced or tacit and reflected in either action or inactio); *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("affirmative link" between the policy and the injury); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983) (persistent failure to discipline subordinates can give rise to an inference of an unlawful municipal policy).

## IV.    LEGAL STANDARD FOR ANTI-TERRORISM ACT CLAIM

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 19.
### Anti-Terrorism Act—Elements

Certain of the plaintiffs have brought claims under the Anti-Terrorism Act, or the "ATA," which is a federal law.  It permits certain individuals to recover for injury to their person, property, or business by reason of an act of international terrorism.  Your verdict sheets will inform you which plaintiffs are bringing claims under the ATA.

To prevail against a defendant on a claim under the ATA, each plaintiff has the burden of proving each of the following six elements by a preponderance of the evidence:

- First, that the defendant's conduct involved violent acts or acts dangerous to human life;

- Second, that the defendant's conduct was also a violation of a criminal law;

- Third, that the defendant's conduct was done recklessly, knowingly or intentionally;

- Fourth, that the defendant's actions appeared to be intended to intimidate or coerce a civilian population, to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government;

- Fifth, that the defendants' acts caused injury to the plaintiff;

- Sixth, that the injury was to the plaintiff's person, property, or business.

The plaintiffs have alleged that the defendants are liable for a total of seven attacks.  For the defendants to be found liable under the ATA for any of the seven attacks, a plaintiff must prove each element of the ATA by a preponderance of the evidence for that attack as to that plaintiff.


**AUTHORITY:**        18 U.S.C. § 2333(a); *United States v. Quinones*, 511 F.3d 289, 313-16 (2d Cir. 2007) (approving "short-form" instruction for case under 18 U.S.C. 1962(c) RICO statute).

25

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 20.**
**Anti-Terrorism Act—First Element—Violent Acts**

To establish the **first** element of their ATA claim, plaintiffs must prove that a defendant's conduct, or the conduct of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable, involved violent acts or acts dangerous to human life. With respect to each attack, if you determine that a defendant's conduct, or the conduct of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable, involved a violent act or an act dangerous to human life, then the first element of the ATA will have been met as to that attack.

**AUTHORITY:**        18 U.S.C. § 2333(a).

26

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 21.**
**Anti-Terrorism Act—Second Element—Criminal Acts**

To establish the **second** element of their ATA claim, plaintiffs must prove by a preponderance of the evidence that a defendant violated one of the criminal laws that I am about to describe to you. For each attack, if you determine that a defendant's conduct, or the conduct of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable, was a violation of any of the criminal laws I am about to describe, then the second element of the ATA will have been met for that defendant, as to that attack.

**AUTHORITY:**    *Estate of Parsons v. PA*, 651 F.3d 118, 122 (D.C. Cir. 2011) ("[A] plaintiff must prove defendants would have violated any one of predicate criminal laws); *Gill v. Arab Bank*, 893 F. Supp. 2d 542, 553-54 (E.D.N.Y. 2012) (relying on *Sedima*, *S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 491 (1985) (plaintiff must prove alleged predicate criminal act by a preponderance of the evidence)); *United States v. Carillo*, 229 F.3d 177 (2d Cir. 2000) (requiring instruction as to elements of predicate state offenses charged as racketeering acts under RICO).

**Plaintiffs' Proposed Instruction No. 21-a**
**Murder**

It is a criminal violation within the meaning of the second element of the ATA to commit murder. Murder is the unlawful killing of a human being with malice aforethought. It requires proof that a person for whose conduct a defendant is liable unlawfully killed the victim, and that the person acted with malice aforethought, or the intent to kill another person. An act is done unlawfully if it was done without justification or excuse. Malice is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element of a murder charge, the accused must have acted consciously, with the intent to kill another person.

**AUTHORITY:**     L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 41.01, Instruction 41-(2-4) (Second Degree Murder, 18 U.S.C. § 1111) (modified to fit ATA context, esp. omission of federal jurisdictional requirement).

28

**Plaintiffs' Proposed Instruction No. 21-b**
**Attempted Murder**

It is a criminal violation within the meaning of the second element of the ATA to attempt to commit murder.  A person is guilty of an attempted murder if he or she intended to commit the crime of murder and did some act that was a substantial step in an effort to bring about or accomplish that crime.  Mere intention to commit a specific crime does not amount to an attempt.  To have attempted to commit a crime, a person must have also taken some action which was a substantial step toward the commission of that crime.  In determining whether the person's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

**AUTHORITY:**      L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 10.01,
Instruction 1-10 (Attempt).

**Plaintiffs' Proposed Instruction No. 21-c**
**Intentional Homicide**

It is a criminal violation within the meaning of the second element of the ATA to commit intentional homicide by causing the death of another person with intent to cause the death of such person or of a third person.

For purposes of this crime, intent means conscious objective or purpose. Thus, a person acts with intent to cause the death of another when that person's conscious objective or purpose is to cause the death of another. It is not required that the person who dies be the same person whose death was intended to be caused.

**AUTHORITY:**     N.Y. Criminal Jury Instructions—Murder 2 (Intentional Homicide) (125.25(1)) (as modified).

**Plaintiffs' Proposed Instruction No. 20-d**
**First Degree Manslaughter**

It is a criminal violation within the meaning of the second element of the ATA to commit manslaughter by causing the death of another person with intent to cause serious physical injury to such person.

For purposes of this crime, serious physical injury means impairment of a person's physical condition which creates a substantial risk of death or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

For purposes of this crime, intent means conscious objective or purpose.  Thus, a person acts with intent to cause serious physical injury to another when that person's conscious objective or purpose is to cause serious physical injury to another. It is not required that the person who dies be the same person who was intended to be injured.

**AUTHORITY:**          N.Y. Criminal Jury Instructions—Manslaughter 1 Homicide (125.20(1)) (as modified).

31

**Plaintiffs' Proposed Instruction No. 21-e**
**Criminal Assault**

It is a criminal violation within the meaning of the second element of the ATA to commit a criminal assault.  A criminal assault is different from a civil assault.  A person is guilty of a criminal assault when, with the intent to cause serious physical injury to another person, he or she causes such injury to that person or another person.

For purposes of this crime, serious physical injury means impairment of a person's physical condition which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

For purposes of this crime, intent means conscious objective or purpose. Thus, a person acts with intent to cause serious physical injury to another when that person's conscious objective or purpose is to cause serious physical injury to another.  It is not required that the person who is injured be the same person who was intended to be injured.

**AUTHORITY:**      N.Y. Criminal Jury Instructions—Assault 2 (120.05(1)) (as modified).

**Plaintiffs' Proposed Instruction No. 21-f**
**Reckless Endangerment**

It is a criminal violation within the meaning of the second element of the ATA to commit reckless endangerment, by recklessly engaging in conduct which creates a substantial risk of serious physical injury to another person.

For purposes of this criminal violation, "serious physical injury" means impairment of a person's physical condition which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health or protracted loss or impairment of the function of any bodily organ.  For purposes of this criminal violation, a person "recklessly" engages in conduct which creates a substantial risk of serious physical injury to another person when he or she engages in conduct which creates a substantial and unjustifiable risk of serious physical injury to another person, and when he or she is aware of and consciously disregards that risk, and when that risk is of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

**AUTHORITY:**          N.Y. Criminal Jury Instructions—Reckless Endangerment Second Degree (as modified); N.Y. Penal Law § 10.00(10) (serious physical injury); N.Y. Penal Law § 15.05(3) (reckless).

**Plaintiffs' Proposed Instruction No. 21-g**
**Promoting a Suicide Attempt**

It is a criminal violation within the meaning of the second element of the ATA to intentionally cause or aid another person to attempt suicide.

For purposes of this crime, intent means conscious objective or purpose. Thus, a person intentionally causes or aids another person to attempt suicide when his or her conscious objective or purpose is to do so.

**AUTHORITY:**     N.Y. Criminal Jury Instructions—Promoting a Suicide Attempt (120.30) (as modified).

34

**Plaintiffs' Proposed Instruction No. 21-h**
**Hate Crimes**

It is a criminal violation within the meaning of the second element of the ATA to commit murder, intentional homicide, manslaughter, criminal assault, reckless endangerment or to promote a suicide attempt as a hate crime. A person commits a hate crime when he or she intentionally commits the acts constituting the crime in whole or in substantial part because of a belief or perception regarding the race, color, national origin, ancestry, religion, or religious practice of a person, regardless of whether the belief or perception is correct.

For purposes of this crime, a person intentionally commits the acts constituting the crime in whole or in substantial part because of a belief or perception regarding the race, color, national origin, ancestry, religion, or religious practice of a person, regardless of whether the belief or perception is correct. In this regard, proof of race, color, national origin, ancestry, religion, or religious practice of the perpetrator, the victim or of both the perpetrator and the victim does not, by itself, constitute legally sufficient evidence satisfying the plaintiffs' burden of proof.

**AUTHORITY:**    N.Y. Criminal Jury Instructions—Hate Crime (485.05) (as modified).

**Plaintiffs' Proposed Instruction No. 21-i**
**Accessory**

It is a criminal violation within the meaning of the second element of the ATA for two or more individuals to act jointly to commit a crime. In that situation, those persons can be said to be "acting in concert" with each other.

When one person engages in conduct which constitutes a crime, another is criminally liable for such conduct when, acting with the state of mind required for the commission of that crime, he or she solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

**AUTHORITY:**      N.Y. Criminal Jury Instructions—Accessorial Liability (as modified).

**Plaintiffs' Proposed Instruction No. 21-j**
**Bombing of a Mass Transportation Vehicle**

It is a criminal violation within the meaning of the second element of the ATA to place a bomb on a mass transportation vehicle with intent to endanger the safety of any person, or with a reckless disregard for the safety of human life, or to use a dangerous weapon with the intent to cause death or serious bodily injury to other persons on a mass transportation vehicle.

For purposes of this crime, a person acts intentionally if he acts deliberately and purposefully. That is, the person's acts must have been the product of his conscious objective rather than the product of a mistake or accident.

For purposes of this crime, an act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a person did not intentionally seek the result of his actions, if nevertheless he purposely disregarded the high probability that his actions would cause that result, then the second essential element would be satisfied.

**AUTHORITY:**    18 U.S.C. §§ 1992(a)(2), (4)(B), (7); 1992(d)(3) (definition of "destructive device"); 921 (destructive device includes any "explosive … bomb"); L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal ¶ 3A.01, Instruction 3A-4 (intentionally); L. Sand, *et al.*, Modern Federal Jury Instructions—Civil 87.03, Instruction 87-77 (reckless disregard).

37

**Plaintiffs' Proposed Instruction No. 21-k**
**Bombing of a Public Place**

It is a criminal violation within the meaning of the second element of the ATA to deliver, place, discharge, or detonate an explosive or other lethal device in, into, or against a place of public use or a transportation system, with the intent to cause death or serious bodily injury.

For purposes of this crime, a person acts intentionally if he acts deliberately and purposefully. That is, the person's acts must have been the product of his conscious objective rather than the product of a mistake or accident.

**AUTHORITY:**   18 U.S.C. § 2332f(a)(1); L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal ¶ 3A.01, Instruction 3A-4 (intentional).

**Plaintiffs' Proposed Instruction No. 21-l**
**Harboring a Terrorist**

It is a criminal violation within the meaning of the second element of the ATA for a person to harbor or conceal a person who he knows, or has reasonable grounds to believe, has used, or is about to use, a bomb against any person or property in which the bombing, or the results of the bombing, affect foreign commerce. To "harbor or conceal" means to do any physical act that provides assistance—including food, shelter, or other assistance—to aid another in avoiding detection or apprehension.

Thus, if you find that a person for whose conduct a defendant is liable acted with reasonable grounds to believe that a person had used a bomb against any person or property in which the bombing or the results of the bombing affected foreign commerce, and that such person did any physical act to aid the bomber in avoiding detection or apprehension, you will have found that plaintiffs established the second element of the ATA as to the defendant.

**AUTHORITY:**     18 U.S.C. § 2339; 18 U.S.C. §§ 2332a(a)(1) ("against any person or property within the United States"), 2332a(c)(2)(A) (definition of "weapon of mass destruction"), 921(a)(4)(A)(i) (definition of "destructive device"); *United States v. Kutas*, 542 F.2d 527, 528 (9th Cir. 1976) (definitions of "harbor" and "conceal"), cited in *Laaman v. United States*, 973 F.2d 107, 114 (2d Cir. 1992).

**Plaintiffs' Proposed Instruction No. 21-m**
**Material Support for Terrorist Acts—18 U.S.C. § 2339A**

It is a criminal violation within the meaning of the second element of the ATA to provide material support or resources knowing or intending that they are to be used in preparation for, or in carrying out a bombing of a public place, a bombing of a mass transportation vehicle, or a conspiracy to commit murder.

"Material support or resources" means any property or service. It includes money, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment, facilities, weapons, explosives, personnel, and transportation.

"Service" means "concerted activity" or "an act done for the benefit [of] or at the command of another." "Personnel" includes people who are "jointly involved" in the crimes at issue.

For purposes of this crime, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a person acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the conduct. In determining whether a person acted knowingly, you may consider whether the person deliberately closed his eyes to what would otherwise have been obvious to him. If you find that the person in question acted with a conscious purpose to avoid learning the truth, then the element of knowledge may be satisfied. However, guilty knowledge may not be established by demonstrating that the person was merely negligent, foolish or mistaken.

You need not find that a person for whose conduct a defendant is liable intended that specific crimes or terror attacks be carried out. Rather, you may find that a defendant had the requisite intent if a person for whose conduct a defendant is liable knew that the entities or

individuals to whom they provided material support or resources were engaged in terrorist activities, or that the support could be used to carry out a terrorist act.

Thus, if you find that a person for whose conduct a defendant is liable acted with the required intent and provided material support or resources so that a person could carry out a bombing of a public place, a bombing of a mass transportation vehicle or a conspiracy to commit murder, you will have found that plaintiffs established the second element of the ATA as to that defendant.

**AUTHORITY:**      18 U.S.C. §§ 2339A, 956 (conspiracy to commit murder), 1992 (bombing a public bus), 2332f (bombing a place of public use); *Estate of Parsons*, 651 F.3d 118, 125 (D.C. Cir. 2011) (construing "service"); *United States v. Sattar*, 314 F. Supp. 2d 279, 297-302 (S.D.N.Y. 2004) (terms "provides" and "personnel" construed broadly), *aff'd sub nom. United States v. Stewart*, 590 F.2d 93 (2d Cir. 2009); *United States v. Stewart*, 590 F.3d 93, 113 (2d Cir. 2009) (mental state required for Section 2339A extends to both the support itself and the underlying purpose for which the support is given); L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>— Criminal ¶ 3A.01, Instructions 3A-1, 3A-2 (as modified).

**Plaintiffs' Proposed Instruction No. 21-n**
**Material Support for Hamas or AAMB—18 U.S.C. § 2339B**

It is a criminal violation within the meaning of the second element of the ATA to knowingly provide material support or resources to a designated foreign terrorist organization, or to conspire to do so.

I have already instructed you about material support or resources.

I instruct you as a matter of law that the Al Aqsa Martyrs Brigades has been a designated foreign terrorist organization since March 27, 2002. I also instruct you that Hamas has been a designated foreign terrorist organization at all relevant times.

For purposes of this crime, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. In determining whether a person acted knowingly, you may consider whether the person deliberately closed his eyes to what would otherwise have been obvious to him—that is, with a conscious purpose to avoid learning the truth, though not with mere negligence, foolishness, or mistake.

In order to commit this crime, a person for whose conduct a defendant is liable must have knowledge about the connection to terrorism of Hamas or the Al Aqsa Martyrs Brigades. The plaintiffs are not required to establish that such person intended to further those organizations' terrorist activities. Rather, the plaintiffs may establish the requisite knowledge by showing that a person for whose conduct a defendant is liable knew that Hamas or Al Aqsa Martyrs Brigades had links to terrorism, or by showing that such a person had a conscious purpose to avoid learning the truth about the organization's links to terrorism. Thus, if you find that a person for whose conduct a defendant is liable acted with the required intent and provided material support or resources to the Al Aqsa Martyrs Brigades or Hamas, then you will have found that plaintiffs established the second element of the ATA as to that defendant for any

42

attack you find to have been carried out by the Al Aqsa Martyrs Brigades after March 27, 2002 or by Hamas at any time.

**AUTHORITY:**        18 U.S.C. § 2339B; *Holder v. Humanitarian Law Project*, 561 U.S. ___, 130 S.Ct. 2705, 2717 (2010) ("Congress plainly spoke to the necessary mental state for a violation of § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activities."); *United States v. Al Kassar*, 660 F.3d 108, 129 (2d Cir. 2011) (same; relying on *Holder*); *Weiss v. Nat'l Westminster Bank PLC*, 936 F. Supp. 2d 100, 113-14 (E.D.N.Y. 2013) ("knowledge" for Section 2339B is satisfied if a plaintiff shows either that "a defendant:  (i) had actual knowledge of links to terrorism, or (ii) exhibited deliberate indifference to links of terrorism"); L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal ¶ 3A.01, Instructions 3A-1, 3A-2 (as modified).

43

**Plaintiffs' Proposed Instruction No. 21-o**

**Material Support for Hamas Weapons Program—18 U.S.C. § 832**

It is a criminal violation within the meaning of the second element of the ATA to knowingly provide material support or resources for any program or plan for the development, acquisition, or production of bombs by a designated foreign terrorist organization. I have already instructed you as to the meaning of material support or resources and the meaning of acting knowingly. Again, I instruct you that Hamas has been designated a foreign terrorist organization at all relevant times.

Thus, if you find that a person for whose conduct a defendant is liable knew that Hamas had links to terrorism, or had a conscious purpose to avoid learning the truth about Hamas's links to terrorism, and provided material support or resources for a plan of Hamas for the development, acquisition, or production of bombs, then you will have found that plaintiffs established the second element of the ATA as to that defendant with respect to any attack you find to have been carried out by Hamas.

**AUTHORITY:**      18 U.S.C. § 832; 18 U.S.C. § 2332a(c)(2)(A) (definition of "weapon of mass destruction"), 921(a)(4)(A)(i) (definition of "destructive device").

**Plaintiffs' Proposed Instruction No. 21-p**
**Contribution to Benefit Hamas or AAMB—50 U.S.C. § 1705**

It is a criminal violation within the meaning of the second element of the ATA to willfully make any contribution of funds, goods, or services to or for the benefit of Hamas or, after March 27, 2002, to willfully make any contribution of funds, goods, or services to or for the benefit of the Al Aqsa Martyrs Brigades.

For purposes of this crime, "service" means any act done for the benefit of another. For purposes of this crime, to act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. A defendant's conduct is not "willful" if it is due to negligence, inadvertence, or mistake.

Thus, if you find that a person for whose conduct a defendant is liable, knowing that its conduct was unlawful, contributed funds to the Al Aqsa Martyrs Brigades after March 27, 2002 or to Hamas at any time, or did any act for the benefit of the Al Aqsa Martyrs Brigades after March 27, 2002 or Hamas at any time, then you will have found that plaintiffs established the second element of the ATA as to that defendant with respect to any attack you found to have been carried out by Hamas.

**AUTHORITY:**    50 U.S.C. § 1705; 31 C.F.R. § 595.204; Exec. Order No. 12947; U.S. Dept. of State, Bureau of Counterterrorism, Foreign Terrorist Organizations (http://www.state.gov/j/ct/rls/other/des/123085.htm.); L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal ¶ 3A.01, Instruction 3A-3 (willfully).

45

**Plaintiffs' Proposed Instruction No. 21-q**
**Conspiracy**

It is a criminal violation within the meaning of the second element of the ATA to conspire to carry out any of the criminal acts I have just described.

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. Conspiring to violate a law is an independent offense that is separate and distinct from the actual violation of laws, which the law refers to as "substantive crimes." You may find the defendant conspired to commit a criminal violation even though the substantive crime which was the object of the conspiracy was not actually committed.

**AUTHORITY:**     Adapted from L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal ¶ 19.01 Instruction 19-2 (Conspiracy to Violate Federal Law, Purpose).

## Plaintiffs' Proposed Instruction No. 21-r
## Conspiracy—Elements

In order for defendants to be guilty of a conspiracy to violate a criminal law, the plaintiffs must prove by a preponderance of the evidence, first, that such a conspiracy existed; second, that at some point the person for whose conduct a defendant is liable knowingly and willfully joined and participated in the conspiracy; and third, that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

With respect to the first element, a "conspiracy" is an agreement among two or more persons to achieve an unlawful object, in this case, the carrying out of criminal violations, which I have already described to you. To show a conspiratorial agreement, the plaintiffs are not required to prove that two or more people or entities entered into a solemn pact, but only that two or more persons or entities explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful. Also, it is not necessary for the plaintiffs to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some time within that period.

With respect to the second element—that a person for whose conduct a defendant is liable knowingly and willfully joined and participated in the conspiracy—to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful. Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object. It is not necessary, however, that a defendant be fully informed of all the details of the conspiracy, or all of its participants. He may not know more than one other member of the conspiracy, or more than one of its objects. He may have joined the conspiracy at any time in its duration, and may not have

47

received any benefit in return. However, mere association by a defendant with a conspirator does not itself make the defendant a member of the conspiracy even if he knows of the conspiracy. In other words, knowledge is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects.

Finally, with respect to the third element—that some member of the conspiracy, not necessarily the defendant, knowingly and willfully committed an overt act in furtherance of the conspiracy—an "overt act" is any action intended to help achieve the object of the conspiracy. An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.

**AUTHORITY:**     L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Criminal</u> ¶ 19.01
Instruction 19-3S (Elements of Conspiracy), adapted from the charge of
Judge Rakoff in *United States v. Rodin*, 03 Cr. 1499 (JSR) (S.D.N.Y.
7/15/05).

48

**Plaintiffs' Proposed Instruction No. 21-s**
**Anti-Terrorism Act—Second Element Concluding Instruction**

If you find that a defendant's conduct, or the conduct of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable, was a violation of any of the criminal laws I have just described, then you will find that the plaintiffs have established the second element of the ATA as to that defendant's conduct.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 22.
### Anti-Terrorism Act—Third Element—Intent

As to the **third** element of the plaintiffs' ATA claim, a defendant is subject to liability under the ATA when its acts were done knowingly, intentionally or recklessly.  Let me remind you that you also may find a defendant liable for the acts of its alter ego, agent, managing agent, or employee.

| | |
|---|---|
| **Authority:** | *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 693-95 (7th Cir. 2008); *see also Gill v. Arab Bank*, 893 F. Supp. 2d 542, 555 (E.D.N.Y. 2012) ("*Gill II*") ("it must be shown that the defendant's alleged actions were reckless, knowing, or intentional"). |

**Plaintiffs' Proposed Instruction No. 22-1:  Knowingly**

To act "knowingly" means to act intentionally and deliberately, rather than mistakenly or inadvertently.

| | |
|---|---|
| **Authority**: | L. Sand, *et al.*, Modern Federal Jury Instructions—Civil ¶ 82.02, Instruction 82-8. (excerpted from a longer instruction on various types of intent). |

**Plaintiffs' Proposed Instruction No. 22-2:  Intentional**

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

| | |
|---|---|
| **Authority:** | L. Sand, *et al.*, Modern Federal Jury Instructions—Civil ¶ 87.03, Instruction 87-76. |

**Plaintiffs' Proposed Instruction No. 22-3:  Recklessness**

An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek the result of its actions, if nevertheless

it purposely disregarded the high probability that his actions would cause that result, then the

third element of the ATA claim would be satisfied.

**AUTHORITY**:          L. Sand, *et al.*, Modern Federal Jury Instructions—Civil ¶ 87.03,
                       Instruction 87-77.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 23.**
**Anti-Terrorism Act—Fourth Element—Appearance of Intent to Influence Government**

To establish the **fourth** element of their ATA claim, plaintiffs must prove by a preponderance of the evidence that the conduct of the defendants, or the conduct of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable, appeared to be intended to either intimidate or coerce a civilian population, or to influence the policy of a government by intimidation or coercion.  This fourth element is a matter of objective external appearance, rather than subjective internal intent.  That is, you should consider whether from the standpoint of a reasonable observer, a person for whose conduct a defendant is liable acted in a manner giving the appearance that they sought one of these goals.  You are not required to determine whether the defendants actually intended to achieve any of these goals.

**AUTHORITY:**    *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 698-700 (7th Cir. 2008) (The "appear to be intended" language in § 2331 "is not a state-of-mind requirement; it is a matter of external appearance rather than subjective intent, which is internal to the intender.").

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 24.
### Anti-Terrorism Act—Fifth Element—Causation

The **fifth** element that the plaintiffs must prove is that they were injured because of the defendants' unlawful activity, or the activities of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable. To show this, the plaintiffs must show first that the unlawful conduct played a substantial part in bringing about or causing their injuries, and second that the injury was either a direct result of the unlawful activity, or at least a predictable consequence of it.

There may, of course, be a number of causes for a particular injury. The defendants contend that any injury the plaintiff may have suffered was not caused by their activities. The plaintiffs do not have to prove that the unlawful activities that the defendants allegedly engaged in were the sole cause of their injuries. The plaintiffs meet their burden if they show that the unlawful acts of an alter ego, agent, managerial agent or employee of the defendant for whose actions the defendant is liable substantially contributed to their injury, even though other factors may also have contributed significantly. The plaintiffs are not required to show that such acts were a greater cause of the injury than other factors.

AUTHORITY:    L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.02, Instruction 79-24 (causation under Sherman Act Section 7 and Clayton Act Section 4, modified for ATA context); *see Rothstein v. UBS AG*, 708 F.3d 82, 95 (2d Cir. 2013) ("by reason of" language in ATA was modeled on Section 4 of Clayton Act and Section 7 of Sherman Act and renders a defendant is liable "'to those with respect to whom his acts were a substantial factor in the sequence of responsible causation and whose injury was reasonably foreseeable or anticipated as a natural consequence,'" *quoting Lerner v. Fleet Bank*, *N.A.*, 318 F.3d 113, 123 (2d Cir. 2003)).

53

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 25.**
**Anti-Terrorism Act—Sixth Element—Injury**

To establish the **sixth** element of their ATA claim, plaintiffs must prove by a preponderance of the evidence that they were injured in their person, property, or business.  In this case, injury includes any invasion of a personal right, including emotional or mental suffering, in addition to physical or financial suffering.  As such, family members of decedents, for example, can suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice, or counsel.  Note that "injury" differs from "damages," which are the means of measuring the injury in dollars and cents.  The plaintiffs meet their burden of showing injury if they show some damages from the unlawful activities complained of.  Injury beyond this minimum showing goes only to the amount of damage and not to the question of injury.

**AUTHORITY:**    *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 43 (D.D.C. 2010) (Section 2333(a) makes actionable"'[a]ny invasion of a personal right, including mental suffering' in addition to physical or financial suffering;" family members may recover for "mental anguish, emotional pain and suffering, [and] loss of society, companionship, comfort, protection, marital care, attention, advice or counsel"); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 426 (E.D.N.Y. 2009); L. Sand, *et al.*, Modern Federal Jury Instructions—Civil ¶ 79.02, Instruction 79-23 (discussing injury vs. damages—modified to apply to ATA).

## V.    LEGAL STANDARDS FOR NON-FEDERAL CLAIMS

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 26.
#### Negligence

All of the plaintiffs bring claims for negligence.  Proving a claim of negligence requires

showing that a defendant, or an alter ego, agent, managerial agent or employee of the defendant

for whose actions the defendant is liable, had a duty to the plaintiff, breached that duty, and

caused injury to the plaintiff.   There are, for purposes of this case, two kinds of negligence:

statutory negligence and common-law negligence.  Statutory negligence is the failure to conform

one's conduct to a duty imposed by a statute.  Common-law negligence is a violation of the duty

to use reasonable care under the circumstances.  A violation of either of these duties is

negligence.  Plaintiffs seek to recover under both theories.

**AUTHORITY:**        Adapted from Conn. Model Jury Instructions ¶ 3.6-2 and N.Y. Pattern
Jury Instr. ¶ 2.10; *see* Expert Report of Boaz Schnoor ¶¶ 39-50 (Israeli law
of negligence); *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 67–
78 (D.D.C. 2010) (same); *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d
192 (1st Dep't. 2013)(same).

**Plaintiffs' Proposed Instruction No. 26-a**
**Statutory Negligence**

Statutory negligence arises from a violation of a statute that creates a duty by declaring that certain requirements must be followed or that certain acts must not be done.  By enacting such a law, the legislature has determined the appropriate standard of care to which an individual's conduct must conform.  Conduct that violates the requirements of such a statute constitutes negligence.  I am instructing you as a matter of law that the defendants were required to comply with the following duties:

1. Defendants were under a duty not to commit murder.  [Penal L. § 300].

2. Defendants were under a duty not to criminally assault people causing them bodily harm. [Penal L. § 380].

3. Defendants were under a duty not to induce a suicide attack.  [Penal L. § 302].

4. Defendants were under a duty not to wound or cause grievous harm to people with weapons or explosives.  [Penal L. § 329].

5. Defendants were under a duty not to commit crimes out of enmity toward a public because of their religion, religious group, community of origin.  [Penal L. § 144F].

6. Defendants were under a duty not to give money to a terrorist organization [*Wultz*, 755 F. Supp. 2d at 68]

7. Defendants were under a duty not to perform any service, or hold any funds, for groups engaged in terrorist activities.  [*Id.*]

A violation by the defendants any one, or more, of these duties constitutes negligence.

**AUTHORITY**:    N.Y. Pattern Jury Instr.—Civil 2:25 (as modified); Conn. Model Jury Instructions ¶ 3.6-13 Negligence Per Se - Statutory Negligence; *see* Expert Report of Boaz Schnoor ¶¶ 39-50; *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 67–78 (D.D.C. 2010); Israel's Penal Law 5737-1977 (available from the Organization for Economic Co-operation and Development at  http://www.oecd.org/dataoecd/15/58/43289694.pdf).

**Plaintiffs' Proposed Instruction No. 26-b**
**Common Law Negligence**

The second type of negligence—common-law negligence—imposes upon the defendants the same standard of care that a reasonable person would have exercised under the circumstances. Thus, if a reasonable person would have foreseen that certain conduct would result in damages under the circumstances of the case, then the law imposes on the defendants a duty to refrain from undertaking such conduct. A defendant breaches a common-law duty of care by failing to exercise the degree of care a reasonably prudent person would have used under the same circumstances.

**AUTHORITY:**   Adapted from Conn. Model Jury Instructions ¶ 3.6-3 and N.Y. Pattern Jury Instr.—Civil 2:10; *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192 (1st Dep't. 2013)(applying Israeli law as to negligence claims); *Wultz v. Islamic Republic. of Iran*, 755 F. Supp. 2d 1, 57–67 (D.D.C. 2010); Schnoor Exp. Reb. Rep. at ¶¶9–34.

58

**Plaintiffs' Proposed Instruction No. 26-c**
**Negligence—Breach of Duty and Causation**

If you find that the defendants failed to meet a statutory or common-law duty of care, you must then determine whether the defendants' breach of their duty caused the injuries suffered by the plaintiffs. This requires you to determine whether, but for the breach of the duty, the chance that the damage could have been prevented is greater than the chance that it would have taken place anyway. In this regard, when a person has a duty to guard against the acts of a third party, and he breaches that duty, the acts of the third party do not constitute an intervening cause.

If you find that the defendants are liable for the conduct of those persons who failed to meet a duty of care, and that such breach of the duty of care caused the injuries suffered by plaintiffs, then you will find the defendants are liable for negligence. If you find that no person failed to meet a duty of care, or that any breach of a duty of care did not cause the injuries suffered by plaintiffs, or you find that defendants are not liable for the acts of any alter ego, agents, managerial agent, or employees, then you will find defendants are not liable for negligence.

**AUTHORITY:**     *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192 (1st Dep't. 2013)(applying Israeli law as to negligence claims); *Wultz v. Islamic Republic. of Iran*, 755 F. Supp. 2d 1, 57–67 (D.D.C. 2010); Schnoor Exp. Reb. Rep. at ¶¶9–34.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 27.**
**Civil Assault**

Certain of the plaintiffs have brought claims for civil assault.  A civil assault is the intentional placing of another individual in apprehension of imminent harmful or offensive contact.  Your verdict sheets will inform you which plaintiffs are bringing claims for civil assault.

A person is liable for civil assault when he or she intentionally causes another to become concerned that the person is about to cause a harmful or offensive bodily contact.  In order to commit a civil assault, this person must have the real or apparent ability to bring about that harmful or offensive bodily contact.  Ordinarily, threatening words without some action are not enough to constitute an assault.  There must be some menacing act or gesture that causes the belief that a harmful or offensive bodily contact is about to occur.  It is not necessary that there be any contact.

The defendant must have acted "intentionally."  For purposes of a claim of civil assault, if a person acts voluntarily with a desire to bring about a result, he or she is said to have intended that result.  Further, although he or she has no desire to bring about the result, if he or she does the act knowing, with substantial certainty, that the result will follow, he or she is also said to have intended that result.

The plaintiffs claim that they were assaulted by the defendants' agents, alter egos, managerial agents and employees during the course of the seven shootings and bombings at issue in this case. The defendants do not deny that the shooting and bombings occurred.

If you find that the individuals who committed these shootings and bombings intentionally committed these acts, and that they intended by doing so to cause the plaintiffs to become apprehensive that a harmful bodily contact was about to occur, that they had the real or

apparent ability to carry out the threat, and that the plaintiffs had such apprehension, and that the

defendants are liable for the acts of those individuals who committed the shootings and

bombings, then you will find that the defendants are liable for assault.

If you find that the person did not voluntarily engage in a shooting or bombing, or that

although the person engaged in the shooting or bombing, the person did not intend to cause the

plaintiffs to become apprehensive that a harmful bodily contact was about to occur, or that the

person had neither the real nor apparent ability to carry out the threat, or that the plaintiff did not

become apprehensive, or that defendants are not liable for the acts of such person as an alter ego,

agent, managerial agent or employee, then you will find that the defendants are not liable for

civil assault.

**AUTHORITY:**     N.Y. Pattern Jury Instr.—Civil 3:2–Assault (as modified); *Green v. City of New York*, 465 F.3d 65, 86 (2d Cir. 2006).

61

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 28.
**Battery**

Certain of the plaintiffs have brought claims for battery. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his act.  Your verdict sheets will inform you which plaintiffs are bringing claims for battery.

The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.  The bodily contact may be accomplished with a projectile, such as a bullet, or shrapnel from a bomb.

Plaintiffs claim that certain individuals committed battery by shooting and bombing or conspiring to do so.

If you find that the relevant individuals intentionally carried out bombings or shootings or conspired to do so, that such acts caused harmful or offensive bodily contact to any of the plaintiffs, and that the defendants are liable for the acts of the individuals who carried out the shootings and bombings, then you will find that the defendants committed a battery against those plaintiffs.

If you find that the relevant individual did not voluntarily engage in a shooting or bombing, or that although the person engaged in a shooting or bombing it did not cause a harmful or offensive bodily contact to any of the plaintiffs, or that the defendants are not liable for the acts of such person as an alter ego, agent, managerial agent or employee, then you will find that the defendants are not liable for civil assault.

**AUTHORITY:**  N.Y. Pattern Jury Instr.—Civil 3:3—Battery (as modified); *Green v. City of New York*, 465 F.3d 65, 86 (2d Cir. 2006); *Restatement (Second) Torts* § 18 (battery includes offensive contact directly or indirectly); *see also McCummings v. New York City Transit Authority*, 177 A.D.2d 24, 46-47 (1st Dept. 1992) (Rubin, J., dissenting) (battery by firing bullets at plaintiff).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 29.
### Intentional Infliction of Emotional Distress

All of the plaintiffs have brought claims for Intentional Infliction of Emotional Distress. One who intentionally, and for the purpose of causing severe emotional distress, conducts himself or herself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress.

For purposes of a claim of intentional infliction of emotional distress, if a person acts voluntarily with a desire to bring about a result, he or she is said to have intended that result. Further, although he or she has no desire to bring about the result, if he or she does the act knowing, with substantial certainty, that the result will follow, he or she is also said to have intended that result.

Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

If you find, first, that a person's conduct toward a plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that the person's conduct caused severe emotional distress to the plaintiff and, third, that the person acted with the desire to cause such distress to the plaintiff, or under circumstances known to the person acting which made it substantially certain that that result would follow, and fourth, that the defendants are liable for the acts of the individual who was carrying out the outrageous and shocking conduct, then your finding on this issue will be for that plaintiff.

If, on the other hand, you find, first, that the person's conduct was not so outrageous and shocking as to exceed all reasonable bounds of decency as measured by what the average

64

member of the community would tolerate or, second, that although it was, the persons's conduct did not cause severe emotional distress to plaintiff or, third, that although the person's conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, the person did not act with the desire to cause such distress to plaintiff nor under circumstances known to defendant which made it substantially certain that that result would follow, or, fourth, that the defendants are not liable for the acts of the person whose conduct is alleged to have been outrageous and shocking, then your finding on this claim will be for the defendants.

**AUTHORITY:**          N.Y. Pattern Jury Instr.—Civil 3.6 (modified); *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 30.
### Negligent Infliction of Emotional Distress

All of the plaintiffs in this case also bring claims for negligently inflicted emotional distress. A claim for negligent infliction of emotional distress is established where an individual, owing a duty of care to the plaintiffs, breached that duty of care and the breach directly resulted in emotional harm to the plaintiffs.

If you find that an individual breached a duty of care to any plaintiff, you must then determine whether that plaintiff has experienced genuine emotional harm as a result. In doing so, you may rely on the unique circumstances of the particular breach of duty, if by themselves the circumstances are especially likely to create genuine and serious emotional distress. You are not required to find that any individual plaintiff feared for his or her physical safety as a result of the breach.

If you find that a defendant is liable for the conduct of those persons who failed to meet a duty of care, and that such breach of the duty of care caused a plaintiff emotional distress, then you will find that defendant is liable to the plaintiff for negligent infliction of emotional distress. If you find that no person failed to meet a duty of care, or that any breach of a duty of care did not cause the injuries suffered by plaintiffs, or you find that a defendant is not liable for the breach of care as an act of its alter ego, agents, managerial agent, or employees, then you will find that defendant is not liable to the plaintiff for negligence.

**AUTHORITY:**     *Perry-Rogers v. Obasaju*, 282 A.D.2d 231, 231-32 (1st Dept. 2001); *Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000); *Johnson v. New York*, 37 N.Y.2d 378, 382 (1975); N.Y. Pattern Jury Instr.—Civil 2:25 (as modified).

66

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 31.*
### Equitable Estoppel—Statute of Limitations

Defendants argue that certain of plaintiffs' claims were untimely. Those claims were filed on January 16, 2004. Your verdict sheets will indicate to which of the plaintiffs this argument relates. A defendant may not argue that a claim was untimely where that defendant induced the plaintiff by fraud, misrepresentation, or deception to refrain from filing a timely suit. Such fraud, misrepresentations or deception must be affirmative; in other words, the defendants must have done more than simply fail to disclose the basis of plaintiff's claims against them. In order to recover for damages on the charges that defendants claim were untimely brought, the plaintiff must prove, by a preponderance of the evidence, each of the following three things:

First, that the defendants took affirmative steps to conceal their unlawful activity. Silence about the unlawful activities or passive conduct is not enough.

Second, that as a result of such active concealment, the plaintiffs did not in fact know of the defendants' unlawful activity until about the time they filed suit. If, despite the defendants' efforts at concealment, the plaintiffs knew about the defendants' unlawful activities prior to this time, then the plaintiffs' failure to file suit on time cannot be excused.

Third, that the plaintiffs could not have discovered the unlawful activity until the time they filed suit by the exercise of due diligence. That is, the plaintiffs must show that they took all reasonable steps to discover the defendants' unlawful activity.

If the plaintiffs prove each of these three things, then the plaintiffs are not barred from recovering damages for claims that the defendants argue are time-barred. On the other hand, if the plaintiffs knew of the defendants' unlawful acts prior to bringing this suit, or could have found out about them if they had made all reasonable efforts to do so, then the plaintiffs are not entitled to recover damages for claims that the defendants argue are time-barred.

67

**AUTHORITY**:        L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 79.08, Instruction 79-77 (as modified); *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007); *Twersky v. Yeshiva Univ.*, —- F. Supp. 2d —-, 2014 WL 314728, at *2 (S.D.N.Y. Jan. 29, 2014).

---

\*      The Circuit courts of appeal are split on whether *equitable estoppel* is a question for the judge or the jury. *Compare Melendez–Arroyo v. Cutler–Hammer De P.R. Co., Inc.*, 273 F.3d 30, 39 (1st Cir. 2001) (question for judge), *with Ott v. Midland–Ross Corp.*, 600 F.2d 24, 30–31 (6th Cir. 1979) (question for jury). In light of the split on this issue, plaintiffs respectfully submit that the most prudent course would be for the Court to submit this factual issue to the jury. *See* Fed. R. Civ. P. 39(c).

## VI.    DAMAGES

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 32.
### Damages—General

If a plaintiff has proven by a preponderance of the credible evidence that defendant is liable on that plaintiff's claims, then you must determine the damages to which that plaintiff is entitled.  Your verdict sheets will inform you of the claims that each plaintiff is bringing. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiffs are entitled to recovery.

**AUTHORITY:**        L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 77.01, Instruction 77-1.

69

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 33.
### Damages—Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that either or both of the defendants are liable to any plaintiff on one or more of the claims, as I have explained them, then you must award such plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

70

In all instances, you are to use sound discretion in fixing an award of damages, drawing

reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**AUTHORITY:**      L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01,
Instruction 77-3 (modified).

### PLAINTIFFS' PROPOSED INSTRUCTION NO. 34.
### Damages—Calculation of Past and Future Damages

**a. Damages accrued:**

A prevailing plaintiff is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

**b. Calculation of future damages:**

If you find that the plaintiffs are reasonably certain to suffer damages in the future from their injuries then you should award each plaintiff such amount as you believe would reasonably compensate the particular plaintiff for such future damages. (In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census.)

**c. Reduction of future damages to present value:**

If you should find that the plaintiffs are entitled to verdicts which are based in part on future damages, including future earnings or future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will actually not be sustained until some future date.

Under these circumstances, the result is that the plaintiffs will, in effect, be reimbursed in advance of the loss and will have the use of money which they would not have received until a future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount or reduce to its present worth the amount of the anticipated future loss by taking, one, the interest rate or return which a plaintiff would reasonably expect to receive on the investment

of a lump sum payment together with, two, the period of time over which the future loss would reasonably be certain to earn or return if invested at such a rate of interest over such a future period of time.

Then you should include in your verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

It is not as difficult as it may seem. For example, applying your common sense once again, let us say that a person offered you $100 a year for ten successive years, and that amounts to $1,000, 100 times 10. Now, ask yourselves, what would be the reasonable amount for you to demand and for you to expect him to pay you today that represents the present value of that commitment on his part to pay you $100 a year for ten consecutive years. To compute that figure you would want to know what the interest rate was on the amount that you would be receiving, and how many years you would be collecting that interest. You would make a determination thereby of the present value of the future loss; and this instruction relates to those items of damages that relate to future loss, not to those items which relate to loss which has already occurred.

Regarding calculating the present value of future wages, you may apply one of two alternative methods. The first method expressly addresses the probable effect of inflation on both future wages and interest rates. Applying this method, you should consider the effect that both inflation and non-related inflation factors, such as increases in productivity and seniority, would have on the plaintiff's future income. Bear in mind that the plaintiffs have the burden of proving the likelihood of increased wages stemming from increased productivity. Once their future wages are determined, they should then be discounted by a rate of interest not less than that being currently paid by banks on savings deposits.

73

The second method, which you may prefer due to its ease of application, determines present value by considering a world in which neither wages nor interest rates would be affected by inflation. Applying this alternative method, you should first determine the plaintiffs' future income by considering only those increases in wages which the plaintiffs have convinced you that they would have received in the absence of inflation; that is, raises due to increased skill, seniority, and similar factors. Such wages should then be discounted by a rate of interest that would prevail in a world without inflation. Although experts disagree on the subject, the court feels it wise to advise you that historical real interest rates have hovered between 1 and 3 percent. In determining the particular interest rate to apply, however, you are to consider all evidence which suggests that the discount rate will be other than this 1 to 3 percent figure.

**d. Treatment of taxes:**

If you arrive at a verdict in favor of the plaintiffs, you may not add any sum of money to the verdict for federal or state income taxes, as the sum recovered by plaintiff is not subject to tax.

**AUTHORITY:**     L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01, Instruction 77-4.

74

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 35.**
**Damages—Injury or Disability**

If you find from a preponderance of the evidence that plaintiffs are entitled to a verdict,

then you should award plaintiffs an amount sufficient to compensate them for any bodily injury

sustained and any resulting impairment, disability or disfigurement experienced in the past or

likely to be experienced in the future.

**AUTHORITY:**          L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 77.01,
                        Instruction 77-3 cmt a (as modified).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 36.**
**Damages—Pain and Suffering**

If you should find that the plaintiffs are entitled to a verdict, then you should award them a sum that will reasonably compensate them for any pain, suffering, and mental anguish already suffered by them as a proximate result of the injury in question.

In addition to any award for pain and suffering by the plaintiffs up to now, if you find from the evidence in the case that any plaintiff's injuries are permanent so that he or she is reasonably certain to suffer in the future from the same cause, you must make such allowance in your verdict. In considering this, you should take into account both the nature and extent of the plaintiff's injury and the period of time that has elapsed from the date of the injury to the present time and the period of time that the plaintiff can be expected to live.

When you write your verdict, you will be presented with the average life expectancy of each plaintiff according to mortality tables given by the United States Bureau of the Census. Such tables are, of course, nothing more than statistical averages. The life expectancy figures, therefore, are not binding upon you, but may be considered by you in combination with the evidence you have heard concerning the condition of plaintiffs' health, their habits, employment and activities in determining what each of the plaintiffs' present life expectancies are.

**AUTHORITY**:        L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01, Instruction 77-3 cmt b.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 37.**
**Damages—Medical or Other Expenses**

If you find that plaintiffs are entitled to a verdict, in arriving at the amount of the award, you should include a sum for each plaintiff's reasonable and necessary expenditures incurred as a result of this injury. Such expenditures may include payments for medicine and medical services, physicians' and nurses' care, hospitalization, and x-rays.  Plaintiff's individual claims for medical expenses will be presented on the verdict sheets you will fill out at the end of this trial

If you find that a plaintiff has sustained permanent injuries, then you may include an award for medical expenses that he or she is reasonably certain to incur in the future.

**AUTHORITY**:          L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01,
                        Instruction 77-3 cmt c.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 38.**
**Damages—Lost Earnings or Profit**

Plaintiffs allege that by reason of their claimed injuries, proximately resulting from defendants' conduct, they have sustained damages for loss of earnings.  The estates of Dina Carter, Janis Coulter, Benjamin Blutstein, David Gritz, and Scott Goldberg also seek lost earnings due to their alleged wrongful deaths.

Plaintiffs are entitled to be reimbursed for the loss of earnings they have suffered as the result of his injury from the time that they were injured until the present date.

In computing loss of earnings, you must not include any periods of time when the plaintiffs were able to work, whether they actually worked or not. This is because the plaintiffs are required to keep their damages to a minimum or to mitigate their damages. This means that they must try to obtain employment.

Any award you make for earnings lost to this date may not be estimated, but must be calculated from the number of days that you find plaintiffs were disabled and the amount that you find they would have earned on those days had they not been disabled.

An additional element of this case is future earnings. If you find that plaintiffs' earning capacity has been diminished as a result of their injuries, then you should include an award for future lost earnings.

Such an award must be based on a number of factors, including the following: a plaintiff's earnings prior to the injury; the condition of his or her health and the extent of his or her injury; his or her probable future earnings and prospects for advancement prior to the injury, and the extent to which the injury has diminished those prospects; the length of time plaintiff would probably have worked had he or she not been injured; the nature and hazards of a plaintiff's employment; and any other circumstances that might affect a plaintiff's earning

78

capacity. The life expectancy estimate that I discussed earlier will be available to you when you

complete your verdict sheets at the end of this trial. If you find that a plaintiff is entitled to an

award for diminution of future earning capacity, then you should calculate that amount for the

period that the plaintiff will suffer such diminution.

**AUTHORITY**:          L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01,
                        Instruction 77-3 cmt d.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 39.**
**Damages—Loss of Consortium**

Plaintiffs who are or were married may be entitled to recover for any loss of consortium suffered by reason of his or her spouse's injury. In determining the amount of such damage, you should consider an individual plaintiff's acts of love and sexual intercourse performed and the extent to which the injuries sustained in the accident have prevented him/her from performing such acts after the incident.

**AUTHORITY**:     L. Sand, *et al.*, Modern Federal Jury Instructions—Civil, ¶ 77.01, Instruction 77-3 cmt e.

80

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 40.**
**Damages—Loss of Services**

Additionally, if you find that a plaintiff is entitled to recover for his or her own injuries,

you may then consider whether that plaintiff's husband or wife may recover for loss of his or her

spouse's services, comfort, society, and attentions as a result of his or her injuries. In

determining the amount of such damage you may take into consideration the nature and extent of

the plaintiff's services and society prior to the incident, including his or her disposition,

temperament, character and attainments, the interest he or she manifested in his home, and in the

comfort, happiness and general welfare of the members of his family and the service he rendered

in the household.

Based upon the evidence you have heard and from your own observation, experience and

knowledge applied to the facts and circumstances of this case, you should award plaintiff's wife

or husband an amount which will compensate him or her for the loss he or she has sustained and

is reasonably certain to sustain in the future as a result of plaintiff's inability after his/her injuries

to perform such services and to provide such society.

**AUTHORITY**:    L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01,
Instruction 77-3 cmt f.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 41.**
**Damages—Shortening of Life**

In addition to lost earnings, an individual's estate may recover monetary damages for any shortening of the individual's life caused by his or her early death. Therefore, if you find that the defendants are liable for the deaths of Stuart Goldberg, Janis Coulter, Diane Carter, Benjamin Blutstein, and/or David Gritz, then their estates are entitled to recover monetary damages under this law. Evidence has been presented as to those incidents of life that Stuart Scott Goldberg, Janis Ruth Coulter, Diane Carter, and David Gritz enjoyed, including family, work, sports, recreation and other aspects of life. You may consider those areas in connection with this claim and award damages for this loss.

As you consider the appropriate amount to be paid to each estate, you should weigh the age and quality of life of each deceased individual. The US Bureau of the Census's mortality tables will be available to you with your verdict sheet.

AUTHORITY:   Connecticut Civil Jury Instructions 3.4-7 Damages-Wrongful Death (Jan. 1, 2008) (as modified); Dahleh Dep. Tr. at 139:8–142:10 (re Israeli law); Dahleh Exp. Rep. at ¶¶ 65, 67 (same); *Feldman v. Allegheny Airlines, Inc.*, 524 F.2d 384, 389 (2d Cir. 1975) (reversing and remanding damages award that failed to include component for "loss of the enjoyment of life's activities," which was distinct from loss of earnings and was recoverable under the law of the jurisdiction).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 42.
## Damages—Loss of Parental Services Due to Wrongful Death

The children of Stuart Scott Goldberg are seeking personal compensation for losses of parental services due to wrongful death.  Your verdict sheet will inform you which plaintiffs in this case claim such damages.

Damages for the loss of parental services do not include an award for sorrow, mental anguish, injury to feelings, or for loss of companionship.  For this element of damages, you must decide the monetary losses to each of these plaintiffs caused by their father's death.  In deciding the amount of monetary losses, you should consider the character, habits and ability of their father; the circumstances and condition of the children; the services that the father would have performed for the children; the father's age and life expectancy; the ages and life expectancies of his children; and the value of the intellectual, moral and physical training, and the guidance and assistance, that he would have given the children had he lived.

Along with your verdict sheet, you will receive a table showing the age and life expectancy at the time of death for Stuart Scott Goldberg, along with the age and life expectancy of each of his children.  Life expectancy tables are simply statistical averages. A person might live longer or die sooner than the time indicated by those tables.

As I stated before, it is the monetary value of Stuart Scott Goldberg's parental support to each of his children that you must decide. That value is incapable of exact proof. Taking into account all the factors I have discussed, you must use your own common sense and sound judgment based on the evidence in deciding the amount of the monetary loss suffered by each of these plaintiffs.  The amount you award for monetary losses sustained by each of these plaintiffs must represent the full amount of such losses without reduction to present value. You must also decide the period of years for which that amount is intended to provide compensation.

83

**AUTHORITY:**          Adapted from  N.Y. Pattern Jury Instr.—Civil-2:320; Dahleh Report ¶
                       57(b)(re Israeli law); Shnoor Report ¶ 59.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 43.
### Damages—Loss of Solatium

Certain plaintiffs claim that the defendants caused them an emotional harm called "loss of solatium."  Loss of solatium is a legal term for the emotional anguish experienced by those who suffer from the early death of their spouse, sibling, parent, or child.  Your verdict sheets will inform you which plaintiffs in this case claim damages for loss of solatium.

If you find that the defendants are liable for the deaths of any of the five family members in this case, in order to determine loss of solatium damages for their surviving spouse, parent, child or sibling, you must consider 5 factors:

(1) whether the family member's death was sudden and unexpected;

(2) whether the death was attributable to negligence or malice;

(3) whether the plaintiff has sought medical treatment for depression and related disorders resulting from their family member's death;

(4) the nature (*i.e.* closeness) of the relationship between the plaintiff and his or her family member; and

(5) the duration of the plaintiff's mental anguish in excess of that which would have been experienced following the family member's natural death.

**AUTHORITY:**     *Smith ex. Rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 234–237 (S.D.N.Y. 2003); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD)(FM), 2012 WL 4711407, at *2, n.1 (S.D.N.Y. Oct. 3, 2012).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 44.**
**Damages—Punitive Damages**

If you should find that the defendants are liable for the plaintiffs' injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiffs prove by a preponderance of the evidence that the defendants' conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages (and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts).

**AUTHORITY:**     L. Sand, *et al.*, <u>Modern Federal Jury Instructions—Civil</u>, ¶ 77.01, Instruction 77.5 (as modified).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

             Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Alan Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Alan Bauer by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

           **Yes: _____**        **No: _____**

1

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Alan Bauer should be awarded:

Past Mental or Physical Impairment     $_____

Future Mental or Physical Impairment     $_____

Disfigurement     $_____

Past Pain and Suffering     $_____

Future Pain and Suffering     $_____

Past Medical Expenses     $_____

Future Medical Expenses     $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Alan Bauer should be awarded:

As against the PA:     $_____

As against the PLO:     $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>                              Plaintiffs,<br><br>         vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>                              Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Yehonathon Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Yehonathon Bauer should be awarded:

      Past Mental or Physical Impairment     $_____

      Future Mental or Physical Impairment    $_____

      Disfigurement     $_____

      Past Pain and Suffering     $_____

      Future Pain and Suffering     $_____

      Past Medical Expenses     $_____

      Future Medical Expenses     $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Yehonathon Bauer should be awarded:

        As against the PA:     $_____

        As against the PLO:     $_____

**SO SAY WE ALL**.     Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>                              Plaintiffs,<br><br>         vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>                              Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Revital Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Negligence? | | | | |
| 2 | Intentional Infliction of Emotional Distress? | | | | |
| 3 | Negligent Infliction of Emotional Distress? | | | | |
| 4 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Revital Bauer by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages Revital Bauer should be awarded:

   Past Pain and Suffering    **$**_____

   Future Pain and Suffering   **$**_____

   Past Medical Expenses    **$**_____

   Loss of Consortium     **$**_____

   Loss of Spousal Services    **$**_____


If you answered "Yes" to question 4, please indicate the amount of punitive damages Revital Bauer should be awarded:

     As against the PA:  **$**_____

     As against the PLO:  **$**_____


**<u>SO SAY WE ALL</u>**.   Foreperson: _____ Dated: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                                  Plaintiffs,

        vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                                  Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Binyamin Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Binyamin Bauer should be awarded:

      Past Pain and Suffering           **$**_____

      Future Pain and Suffering         **$**_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Binyamin Bauer should be awarded:

      As against the PA:        **$**_____

      As against the PLO:        **$**_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                              Plaintiffs,

            vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Daniel Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Daniel Bauer should be awarded:

      Past Pain and Suffering                  $_____

      Future Pain and Suffering              $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Daniel Bauer should be awarded:

          As against the PA:          $_____

          As against the PLO:         $_____

**SO SAY WE ALL**.          Foreperson: _____ Dated: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                      Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Yehuda Bauer on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Yehuda Bauer should be awarded:

Past Pain and Suffering                    $_____

Future Pain and Suffering                 $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Yehuda Bauer should be awarded:

As against the PA:        $_____

As against the PLO:       $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED**
**VERDICT FORM**

**Do you find that the PA, PLO or both are liable to the Estate of Benjamin Blutstein on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages the Estate of Benjamin Blutstein should be awarded:

      Shortening of Life           $_____

      Lost Earnings                $_____

If you answered "Yes" to question 4, please indicate the amount of punitive damages the Estate of Benjamin Blutstein should be awarded:

           As against the PA:      $_____

           As against the PLO:     $_____

**SO SAY WE ALL**.       Foreperson: _____Dated: _____

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                              Plaintiffs,

           vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED**
**VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Katherine Baker on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 4 | Intentional Infliction of Emotional Distress? | | | | |
| 5 | Negligent Infliction of Emotional Distress? | | | | |
| 6 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Katherine Baker by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                    **Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 5, please indicate the amount of compensatory damages Katherine Baker should be awarded:

Past Pain and Suffering          $_____

Future Pain and Suffering        $_____

Past Medical Expenses          $_____

Future Medical Expenses         $_____

Loss of Solatium                $_____


If you answered "Yes" to question 6, please indicate the amount of punitive damages Katherine Baker should be awarded:

As against the PA:          $_____

As against the PLO:        $_____


**SO SAY WE ALL**.       Foreperson: _____ Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                  Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Richard Blutstein on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|----|----|-----|----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Richard Blutstein by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                **Yes: _____      No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Richard Blutstein should be awarded:

     Past Pain and Suffering             $_____

     Future Pain and Suffering           $_____

     Future Medical Expenses           $_____

     Loss of Solatium                   $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Richard Blutstein should be awarded:

         As against the PA:       $_____

         As against the PLO:     $_____

**<u>SO SAY WE ALL</u>**.     Foreperson: _____Dated: _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Rebekah Blutstein on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Rebekah Blutstein should be awarded:

Past Pain and Suffering                    $_____

Future Pain and Suffering                  $_____

Past Medical Expenses                      $_____

Future Medical Expenses                    $_____

Loss of Solatium                           $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Rebekah Blutstein should be awarded:

As against the PA:            $_____

As against the PLO:           $_____


**SO SAY WE ALL**.            Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                    Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                  Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to the Estate of Diane Carter on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages the Estate of Diane Carter should be awarded:

      Shortening of Life         $_____

      Lost Earnings             $_____

If you answered "Yes" to question 4, please indicate the amount of punitive damages the Estate of Diane Carter should be awarded:

           As against the PA:      $_____

           As against the PLO:     $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                     Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Larry Carter on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Larry Carter by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

Yes: _____       No: _____

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Larry Carter should be awarded:

Past Pain and Suffering                 $_____

Future Pain and Suffering               $_____

Future Medical Expenses                 $_____

Loss of Solatium                        $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Larry Carter should be awarded:

As against the PA:          $_____

As against the PLO:         $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                       Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Shaun Choffel on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
|   |       | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Shaun Choffel by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                    **Yes: _____      No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Shaun Choffel should be awarded:

       Past Pain and Suffering          **$**_____

       Future Pain and Suffering        **$**_____

       Loss of Solatium                **$**_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Shaun Choffel should be awarded:

           As against the PA:      **$**_____

           As against the PLO:     **$**_____


**<u>SO SAY WE ALL</u>**.      Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED**
**VERDICT FORM**

**Do you find that the PA, PLO or both are liable to the Estate of Janis Ruth Coulter on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|------|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Battery? | | | | |
| **4** | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages the Estate of Janis Ruth Coulter should be awarded:

Shortening of Life                     $_____

Lost Earnings                          $_____

If you answered "Yes" to question 4, please indicate the amount of punitive damages the Estate of Janis Ruth Coulter should be awarded:

As against the PA:          $_____

As against the PLO:         $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                      Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Robert L. Coulter, Sr. on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Robert L. Coulter, Sr. by fraud, misrepresentation or deception to refrain from filing until around the time it was filed?

                                 **Yes: _____      No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Robert L. Coulter, Sr. should be awarded:

| | |
|---|---|
| Past Pain and Suffering | $_____ |
| Future Pain and Suffering | $_____ |
| Past Medical Expenses | $_____ |
| Future Medical Expenses | $_____ |
| Loss of Solatium | $_____ |

If you answered "Yes" to question 5, please indicate the amount of punitive damages Robert L. Coulter, Sr. should be awarded:

| | |
|---|---|
| As against the PA: | $_____ |
| As against the PLO: | $_____ |

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>                         Plaintiffs,<br><br>         vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>                         Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Dianne Coulter Miller on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
|   |       | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Dianne Coulter Miller by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Dianne Coulter Miller should be awarded:

Past Pain and Suffering          $_____

Future Pain and Suffering        $_____

Future Medical Expenses          $_____

Loss of Solatium                 $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Dianne Coulter Miller should be awarded:

As against the PA:        $_____

As against the PLO:       $_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

            vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                        Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Robert L. Coulter, Jr. on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Robert L. Coulter, Jr. by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                    **Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Robert L. Coulter, Jr. should be awarded:

      Past Pain and Suffering              **$**_____

      Future Pain and Suffering           **$**_____

      Loss of Solatium                    **$**_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Robert L. Coulter, Jr. should be awarded:

           As against the PA:         **$**_____

           As against the PLO:        **$**_____

**<u>SO SAY WE ALL</u>**.         Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to the Estate of Stuart Scott Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Negligence? | | | | |
| **2** | Battery? | | | | |
| **3** | Punitive Damages? | | | | |

If you answered "Yes" to either question 1 or 2, please indicate the amount of compensatory damages the Estate of Stuart Scott Goldberg should be awarded:

Shortening of Life                    $_____

Lost Earnings                         $_____

Loss of Parental Services (Wrongful

Death) suffered by:

Chana Goldberg    $_____

Eliezer Goldberg    $_____

Yitzhak Goldberg    $_____

Shoshana Goldberg    $_____

Esther Goldberg    $_____

Yaakov Goldberg    $_____

Tzvi Goldberg    $_____

If you answered "Yes" to question 3, please indicate the amount of punitive damages the Estate of Stuart Scott Goldberg should be awarded:

As against the PA:    $_____

As against the PLO:    $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Karen Goldberg on the
following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Intentional Infliction of Emotional Distress? | | | | |
| **3** | Negligent Infliction of Emotional Distress? | | | | |
| **4** | Punitive Damages? | | | | |

1

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages Karen Goldberg should be awarded:

Past Pain and Suffering $_____

Future Pain and Suffering $_____

Past Lost Earnings or Wages $_____

Future Lost Earnings or Wages $_____

Past Medical Expenses $_____

Future Medical Expenses $_____

Loss of Spousal Services $_____

Loss of Consortium $_____

Loss of Solatium $_____

If you answered "Yes" to question 4, please indicate the amount of punitive damages Karen Goldberg should be awarded:

As against the PA: $_____

As against the PLO: $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                             Plaintiffs,

         vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                             Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Chana Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|----|-----|----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Chana Goldberg should be awarded:

      Past Pain and Suffering          $_____

      Future Pain and Suffering      $_____

      Past Medical Expenses        $_____

      Future Medical Expenses     $_____

      Loss of Solatium             $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Chana Goldberg should be awarded:

           As against the PA:     $_____

           As against the PLO:    $_____


**SO SAY WE ALL**.    Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

             Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Eliezer Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Eliezer Goldberg should be awarded:

      Past Pain and Suffering                  **$**_____

      Future Pain and Suffering               **$**_____

      Future Medical Expenses               **$**_____

      Loss of Solatium                         **$**_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Eliezer Goldberg should be awarded:

            As against the PA:        **$**_____

            As against the PLO:       **$**_____

**<u>SO SAY WE ALL</u>**.       Foreperson: _____Dated: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Esther Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Esther Goldberg should be awarded:

Past Pain and Suffering                    $_____

Future Pain and Suffering                  $_____

Future Medical Expenses                    $_____

Loss of Solatium                           $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Esther Goldberg should be awarded:

As against the PA:            $_____

As against the PLO:           $_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>              Plaintiffs,<br><br>    vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>              Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Shoshana Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Shoshana Goldberg should be awarded:

  Past Pain and Suffering    $_____

  Future Pain and Suffering   $_____

  Past Medical Expenses    $_____

  Future Medical Expenses   $_____

  Loss of Solatium      $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Shoshana Goldberg should be awarded:

    As against the PA:   $_____

    As against the PLO:   $_____


**<u>SO SAY WE ALL</u>**.  Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>      Plaintiffs,<br><br> vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>      Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Tzvi Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|-----|
|   |       | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? |  |  |  |  |
| **2** | Negligence? |  |  |  |  |
| **3** | Intentional Infliction of Emotional Distress? |  |  |  |  |
| **4** | Negligent Infliction of Emotional Distress? |  |  |  |  |
| **5** | Punitive Damages? |  |  |  |  |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Tzvi Goldberg should be awarded:

Past Pain and Suffering            $_____

Future Pain and Suffering          $_____

Past Medical Expenses              $_____

Future Medical Expenses            $_____

Loss of Solatium                   $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Tzvi Goldberg should be awarded:

As against the PA:        $_____

As against the PLO:       $_____


**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                  Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

               Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Yaakov Goldberg on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Yaakov Goldberg should be awarded:

Past Pain and Suffering                    $_____

Future Pain and Suffering                  $_____

Past Medical Expenses                      $_____

Future Medical Expenses                    $_____

Loss of Solatium                           $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Yaakov Goldberg should be awarded:

As against the PA:          $_____

As against the PLO:         $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Yitzhak Goldberg on the
following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Yitzhak Goldberg should be awarded:

  Past Pain and Suffering      $_____

  Future Pain and Suffering     $_____

  Past Medical Expenses      $_____

  Future Medical Expenses     $_____

  Loss of Solatium        $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Yitzhak Goldberg should be awarded:

   As against the PA:     $_____

   As against the PLO:     $_____


**<u>SO SAY WE ALL</u>**.    Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                      Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                  Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Shayna Gould on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Shayna Gould by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____        No: _____**

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Shayna Gould should be awarded:

Past Mental or Physical Impairment $_____

Future Mental or Physical Impairment $_____

Disfigurement $_____

Past Pain and Suffering $_____

Future Pain and Suffering $_____

Past Lost Earnings or Wages $_____

Future Lost Earnings or Wages $_____

Past Medical Expenses $_____

Future Medical Expenses $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Shayna Gould should be awarded:

As against the PA: $_____

As against the PLO: $_____

**<u>SO SAY WE ALL</u>**.     Foreperson: _____Dated: _____

2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>                              Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Elise Gould on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Elise Gould by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Elise Gould should be awarded:

      Past Pain and Suffering            $_____

      Future Pain and Suffering         $_____

      Past Medical Expenses           $_____

      Future Medical Expenses         $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Elise Gould should be awarded:

          As against the PA:        $_____

          As against the PLO:       $_____

**SO SAY WE ALL**.         Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                              Plaintiffs,

             vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED**
**VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Ronald Gould on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Ronald Gould by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

              **Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Ronald Gould should be awarded:

Past Pain and Suffering            $_____

Future Pain and Suffering          $_____

Past Medical Expenses              $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Ronald Gould should be awarded:

As against the PA:        $_____

As against the PLO:       $_____

**SO SAY WE ALL**.            Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                       Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Jessica Rine on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Jessica Rine by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                   **Yes: _____**        **No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Jessica Rine should be awarded:

     Past Pain and Suffering          **$**_____

     Future Pain and Suffering        **$**_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Jessica Rine should be awarded:

         As against the PA:     **$**_____

         As against the PLO:     **$**_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                    Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to the Estate of David Gritz on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Battery? | | | | |
| **4** | Punitive Damages? | | | | |

If you answered "Yes" to either of questions 1 through 3, please indicate the amount of compensatory damages the Estate of David Gritz should be awarded:

      Shortening of Life             $_____

      Lost Earnings                   $_____

If you answered "Yes" to question 4, please indicate the amount of punitive damages the Estate of David Gritz should be awarded:

          As against the PA:        $_____

          As against the PLO:      $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                              Plaintiffs,

        vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Nevenka Gritz on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Nevenka Gritz by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____        No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Nevenka Gritz should be awarded:

Past Pain and Suffering          $_____

Future Pain and Suffering        $_____

Past Medical Expenses            $_____

Future Medical Expenses          $_____

Loss of Solatium                 $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Nevenka Gritz should be awarded:

As against the PA:          $_____

As against the PLO:         $_____

**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

        vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**The following questions regard damages to be awarded to Nevenka Gritz in her capacity as successor to Norman Gritz.**

**Do you find that the PA, PLO or both are liable to Nevenka Gritz in her capacity as successor to Norman Gritz on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Norman Gritz by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                        Yes: _____        No: _____

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Nevenka Gritz should be awarded, in her capacity as successor in interest to Norman Gritz:

      Past Pain and Suffering          **$**_____

      Future Pain and Suffering       **$**_____

      Loss of Solatium              **$**_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Nevenka Gritz should be awarded, in her capacity as successor in interest to Norman Gritz:

          As against the PA:       **$**_____

          As against the PLO:      **$**_____


**<u>SO SAY WE ALL</u>**.      Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                    Plaintiffs,

        vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                    Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Oz Guetta on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
|   |       | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Oz Guetta should be awarded:

Past Mental or Physical Impairment    $_____

Future Mental or Physical Impairment    $_____

Disfigurement    $_____

Past Pain and Suffering    $_____

Future Pain and Suffering    $_____

Past Medical Expenses    $_____

Future Medical Expenses    $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Oz Guetta should be awarded:

As against the PA:    $_____

As against the PLO:    $_____

**SO SAY WE ALL**.    Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                    Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Varda Guetta on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Negligence? | | | | |
| 2 | Civil Assault? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Varda Guetta by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                    **Yes: _____**        **No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Varda Guetta should be awarded:

      Past Pain and Suffering               **$**_____

      Future Pain and Suffering             **$**_____

      Past Lost Earnings or Wages          **$**_____

      Future Lost Earnings or Wages        **$**_____

      Future Medical Expenses              **$**_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Varda Guetta should be awarded:

           As against the PA:         **$**_____

           As against the PLO:       **$**_____


**<u>SO SAY WE ALL</u>**.       Foreperson: _____Dated: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                   Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Shaul Mandelkorn on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Negligence? | | | | |
| 2 | Battery? | | | | |
| 3 | Civil Assault? | | | | |
| 4 | Intentional Infliction of Emotional Distress? | | | | |
| 5 | Negligent Infliction of Emotional Distress? | | | | |
| 6 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Shaul Mandelkorn by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                         **Yes: _____    No: _____**

If you answered "Yes" to any of questions 1 through 5, please indicate the amount of compensatory damages Shaul Mandelkorn should be awarded:

Past Mental or Physical Impairment          $_____

Future Mental or Physical Impairment        $_____

Disfigurement                               $_____

Past Pain and Suffering                     $_____

Future Pain and Suffering                   $_____

Past Lost Earnings or Wages                 $_____

Future Lost Earnings or Wages               $_____

Past Medical Expenses                       $_____

Future Medical Expenses                     $_____


If you answered "Yes" to question 6, please indicate the amount of punitive damages Shaul Mandelkorn should be awarded:

As against the PA:          $_____

As against the PLO:         $_____


**SO SAY WE ALL**.          Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED**
**VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Leonard Mandelkorn on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Intentional Infliction of Emotional Distress? | | | | |
| 4 | Negligent Infliction of Emotional Distress? | | | | |
| 5 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Leonard Mandelkorn by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

        Yes: _____        No: _____

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Leonard Mandelkorn should be awarded:

Past Pain and Suffering            $_____

Future Pain and Suffering          $_____

Future Medical Expenses            $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Leonard Mandelkorn should be awarded:

As against the PA:        $_____

As against the PLO:       $_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

             Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Nurit Mandelkorn on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Negligence? | | | | |
| **2** | Intentional Infliction of Emotional Distress? | | | | |
| **3** | Negligent Infliction of Emotional Distress? | | | | |
| **4** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Nurit Mandelkorn by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                        **Yes: _____        No: _____**

If you answered "Yes" to any of questions 1 through 3, please indicate the amount of compensatory damages Nurit Mandelkorn should be awarded:

      Past Pain and Suffering              **$**_____

      Future Pain and Suffering            **$**_____

      Future Medical Expenses           **$**_____


If you answered "Yes" to question 4, please indicate the amount of punitive damages Nurit Mandelkorn should be awarded:

           As against the PA:         **$**_____

           As against the PLO:        **$**_____


**SO SAY WE ALL**.          Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                              Plaintiffs,

             vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Mark Sokolow on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Mark Sokolow by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____          No: _____**

1

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Mark Sokolow should be awarded:

Past Mental or Physical Impairment        $_____

Future Mental or Physical Impairment      $_____

Disfigurement                            $_____

Past Pain and Suffering                   $_____

Future Pain and Suffering                 $_____

Past Medical Expenses                     $_____

Future Medical Expenses                   $_____

Loss of Consortium                        $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Mark Sokolow should be awarded:

As against the PA:        $_____

As against the PLO:       $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                        Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Rena Sokolow on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Battery? | | | | |
| **4** | Civil Assault? | | | | |
| **5** | Intentional Infliction of Emotional Distress? | | | | |
| **6** | Negligent Infliction of Emotional Distress? | | | | |
| **7** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Rena Sokolow by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                                     **Yes: _____**        **No: _____**

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Rena Sokolow should be awarded:

Past Mental or Physical Impairment    $_____

Future Mental or Physical Impairment    $_____

Disfigurement    $_____

Past Pain and Suffering    $_____

Future Pain and Suffering    $_____

Past Medical Expenses    $_____

Future Medical Expenses    $_____

Loss of Consortium    $_____


If you answered "Yes" to question 7, please indicate the amount of punitive damages Rena Sokolow should be awarded:

As against the PA:    $_____

As against the PLO:    $_____


**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>THE PALESTINE LIBERATION<br>ORGANIZATION, *et al.*,<br><br>                    Defendants. | No. 04 Civ. 00397 (GBD) (RLE)<br><br>**PLAINTIFFS' PROPOSED<br>VERDICT FORM** |

**Do you find that the PA, PLO or both are liable to Jamie Sokolow on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
|  |  | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? |  |  |  |  |
| 2 | Negligence? |  |  |  |  |
| 3 | Battery? |  |  |  |  |
| 4 | Civil Assault? |  |  |  |  |
| 5 | Intentional Infliction of Emotional Distress? |  |  |  |  |
| 6 | Negligent Infliction of Emotional Distress? |  |  |  |  |
| 7 | Punitive Damages? |  |  |  |  |

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Jamie Sokolow should be awarded:

Past Mental or Physical Impairment    $_____

Future Mental or Physical Impairment    $_____

Disfigurement    $_____

Past Pain and Suffering    $_____

Future Pain and Suffering    $_____

Past Medical Expenses    $_____

Future Medical Expenses    $_____


If you answered "Yes" to question 7, please indicate the amount of punitive damages Jamie Sokolow should be awarded:

As against the PA:    $_____

As against the PLO:    $_____


**SO SAY WE ALL**.    Foreperson: _____Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Lauren Sokolow on the
following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|------|------|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Lauren Sokolow by fraud, misrepresentation
or deception to refrain from filing a suit until around the time it was filed?

**Yes: _____     No: _____**

1

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Lauren Sokolow should be awarded:

Past Mental or Physical Impairment    $_____

Future Mental or Physical Impairment    $_____

Disfigurement    $_____

Past Pain and Suffering    $_____

Future Pain and Suffering    $_____

Past Medical Expenses    $_____

Future Medical Expenses    $_____

If you answered "Yes" to question 7, please indicate the amount of punitive damages Lauren Sokolow should be awarded:

As against the PA:    $_____

As against the PLO:    $_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____ Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                      Plaintiffs,

      vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Elana Sokolow on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|----|----|-----|----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Elana Sokolow by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                      **Yes: _____**      **No: _____**

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Elana Sokolow should be awarded:

Past Pain and Suffering $_____

Future Pain and Suffering $_____

Future Medical Expenses $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Elana Sokolow should be awarded:

As against the PA: $_____

As against the PLO: $_____

**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                  Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                  Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Shmuel Waldman on the following claims:**

| # | Claim | PA | | PLO | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| 1 | Anti-Terrorism Act? | | | | |
| 2 | Negligence? | | | | |
| 3 | Battery? | | | | |
| 4 | Civil Assault? | | | | |
| 5 | Intentional Infliction of Emotional Distress? | | | | |
| 6 | Negligent Infliction of Emotional Distress? | | | | |
| 7 | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Shmuel Waldman by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

               **Yes: _____**       **No: _____**

If you answered "Yes" to any of questions 1 through 6, please indicate the amount of compensatory damages Shmuel Waldman should be awarded:

Past Mental or Physical Impairment   $_____

Future Mental or Physical Impairment   $_____

Disfigurement   $_____

Past Pain and Suffering   $_____

Future Pain and Suffering   $_____

Past Medical Expenses   $_____

Future Medical Expenses   $_____


If you answered "Yes" to question 7, please indicate the amount of punitive damages Shmuel Waldman should be awarded:

As against the PA:   $_____

As against the PLO:   $_____


**SO SAY WE ALL**.   Foreperson: _____ Dated: _____

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

              Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Henna Novack Waldman on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Henna Novack Waldman by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

Yes: _____        No: _____

1

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Henna Novack Waldman should be awarded:

     Past Pain and Suffering              $_____

     Future Pain and Suffering           $_____

     Future Medical Expenses            $_____

     Loss of Spousal Services            $_____

     Loss of Consortium                $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Henna Novack Waldman should be awarded:

         As against the PA:         $_____

         As against the PLO:        $_____


**<u>SO SAY WE ALL</u>**.        Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                       Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                     Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Eva Waldman on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Eva Waldman by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                            **Yes: _____     No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Eva Waldman should be awarded:

Past Pain and Suffering                $_____

Future Pain and Suffering              $_____

Past Medical Expenses                  $_____

If you answered "Yes" to question 5, please indicate the amount of punitive damages Eva Waldman should be awarded:

As against the PA:            $_____

As against the PLO:           $_____

**SO SAY WE ALL**.        Foreperson: _____Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

                 Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                 Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**PLAINTIFFS' PROPOSED
VERDICT FORM**

**Do you find that the PA, PLO or both are liable to Morris Waldman on the following claims:**

| # | Claim | PA | | PLO | |
|---|-------|-----|-----|-----|-----|
| | | Yes | No | Yes | No |
| **1** | Anti-Terrorism Act? | | | | |
| **2** | Negligence? | | | | |
| **3** | Intentional Infliction of Emotional Distress? | | | | |
| **4** | Negligent Infliction of Emotional Distress? | | | | |
| **5** | Punitive Damages? | | | | |

**Special Interrogatory:**

Do you find that defendants induced plaintiff Morris Waldman by fraud, misrepresentation or deception to refrain from filing a suit until around the time it was filed?

                                    **Yes: _____     No: _____**

If you answered "Yes" to any of questions 1 through 4, please indicate the amount of compensatory damages Morris Waldman should be awarded:

Past Pain and Suffering          $_____

Future Pain and Suffering        $_____


If you answered "Yes" to question 5, please indicate the amount of punitive damages Morris Waldman should be awarded:

As against the PA:          $_____

As against the PLO:         $_____


**SO SAY WE ALL**.          Foreperson: _____Dated: _____

Dated: New York, New York
       August 8, 2014

**ARNOLD & PORTER LLP**


By:____/s/  Kent A. Yalowitz_____
     Kent A. Yalowitz
        *KENT.YALOWITZ@APORTER.COM*
     Philip W. Horton
        *PHILIP.HORTON@APORTER.COM*
     Sara K. Pildis
        *SARA.PILDIS@APORTER.COM*
     Ken L. Hashimoto
        *KEN.HASHIMOTO@APORTER.COM*
     Carmela T. Romeo
        *CARMELA.ROMEO@APORTER.COM*
     Tal R. Machnes
        *TAL.MACHNES@APORTER.COM*

399 Park Avenue
New York, New York  10022
(212) 715-1000