IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARK I. SOKOLOW, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04cv397 (GBD) (RLE) |
| | ) | |
| THE PALESTINE LIBERATION | ) | |
| ORGANIZATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") respectfully submit the following proposed jury instructions pursuant to the Court's May 23, 2014 order. DE 515. Defendants reserve the right to supplement, amend, or modify these proposed instructions as may be appropriate in light of the Court's rulings before or at trial, the development of the evidence, or otherwise.

Plaintiffs have brought suit under the Anti-Terrorism Act, which has a predicate criminal act requirement. *See* 18 U.S.C. § 2331(1)(A). In the Joint Proposed Pretrial Order ("JPTO"), Plaintiffs identified over fifty federal and state laws which they claim are among the acts of international terrorism in which Defendants allegedly engaged. JPTO at 9-11. At least one of the alleged predicate criminal acts, 18 U.S.C. § 2339A, itself has a predicate criminal act requirement, which references numerous federal criminal statutes. *See* 18 U.S.C. § 2339A(a). In addition, some of the statutes have been amended, including during the 2001-2004 period relevant to this lawsuit, such that different statutory language may apply to different plaintiff groups. Defendants' motion for summary judgment is pending, in which Defendants argue,

1440297.2

among other things, that Plaintiffs are not entitled on both procedural and merits grounds to take

to trial any claims that Defendants have violated various statutes criminalizing "material

support," including 18 U.S.C. § 2339A, B, and C.  *See* DE 497, Mem. at 18-25.  It is unduly

burdensome and impractical for Defendants to propose jury instructions on the predicate criminal

acts, when Plaintiffs have failed to provide sufficient notice of which predicate criminal acts they

intend to try.  Accordingly, Defendants will object to, or provide alternate instructions in

response to, Plaintiffs' proposed instructions on predicate criminal acts.

Similarly, with respect to the non-federal law claims, Defendants' position is that such

claims should be dismissed.  *See* DE 497, Mem. at 41-49.  In addition, 10 years into this lawsuit,

Plaintiffs still have not identified what substantive law they claim controls their supplemental

law claims.  Under the choice of law analysis set forth in *Licci v. Lebanese Canadian Bank, SAL*,

672 F.3d 155, 158 (2d Cir. 2012), the law of the forum where the tortious conduct occurred

applies.  *See also Wultz v. Bank of China Ltd.*, 865 F. Supp. 2d 425, 429 (S.D.N.Y. 2012) ("the

location of the injury does not control; instead, it is the location of the defendant's conduct that

controls").   Here, Defendants' alleged tortious conduct occurred exclusively in the West Bank

(the hiring and promotion of individuals alleged to be associated with the attacks, the prisoner

and "martyr" payments, the alleged incitement, etc.).   In the Joint Proposed Pretrial Order,

Plaintiffs asserted that their supplemental law claims arose under "applicable State law and/or

the [Civil Wrongs Ordinance] of Israel."  JPTO at 11-14.  Plaintiffs do not identify which

State's laws apply, nor have they identified any allegedly wrongful conduct of the PA or PLO

that occurred in Israel.  In any event, Plaintiffs have not provided notice under Federal Rule of

Civil Procedure 44.1 of an intent to rely on foreign law.  Given that Plaintiffs have never

identified the operative substantive law for their supplemental law claims and the fact that *Licci*

makes West Bank law controlling, it is unduly burdensome and impractical for Defendants to propose jury instructions on the supplemental law claims until the Court determines which claims survive summary judgment and what substantive law governs.

Finally, Defendants' motion for separate trials is pending.  In the event the Court denies the motion, Defendants believe it will be important to use a special verdict form to avoid juror confusion and prejudice to the Defendants.  Defendants, however, believe it is premature to propose a special verdict form due to the volume of pending issues on which claims will go to trial, what predicate criminal acts will be tried,  and what law controls the supplemental law claims, to name a few.  Defendants reserve the right to propose a special verdict form closer to the trial date.

August 8, 2014                             Respectfully Submitted,

                                           /s/ Laura G. Ferguson
                                           Laura G. Ferguson
                                           Brian A. Hill
                                           Mark J. Rochon
                                           Dawn E. Murphy-Johnson
                                           Michael J. Satin
                                           MILLER & CHEVALIER CHARTERED
                                           655 15th Street, NW, Suite 900
                                           Washington D.C. 20005-6701
                                           (202) 626-5800 [tel]
                                           (202) 626-5801 [fax]
                                           lferguson@milchev.com [email]

                                           *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

1440297.2

## TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS AT BEGINNING OF TRIAL**

<u>Generally</u>

1.    Opening Instructions ..........................................................................8

2.    Order of Trial ...................................................................................10

3.    Claims and Defenses .........................................................................11

4.    Foreign Governmental Organization as a Party ...........................................12

5.    Avoiding Prejudice — Terrorism ...............................................................13

<u>Province and Conduct of Jury</u>

6.    Province of Judge and Jury ...................................................................14

7.    Jury Conduct, Contact with Others, Publicity .............................................15

8.    No Transcript Available to the Jury, Notetaking Permitted ........................16

9.    Questions by Jurors Permitted ...............................................................17

<u>Role of Judge</u>

10.    Judge's Questions to Witnesses ...............................................................18

<u>Evidence</u>

11.    Ruling on Objections ...........................................................................19

12.    Official Translation ...........................................................................20

**INSTRUCTIONS DURING TRIAL**

13.    Depositions ......................................................................................21

14.    Evidence for Limited Purposes .............................................................22

1440297.2

## INSTRUCTIONS AT THE CLOSE OF EVIDENCE — DUTIES OF COURT AND JURY

Generally

    15.    Juror Attentiveness...................................................................23

    16.    Role of the Court......................................................................24

    17.    Role of the Jury........................................................................25

    18.    Juror Oath................................................................................26

    19.    Common Counsel .....................................................................27

    20.    Race, Religion, National Origin, Sex or Age...........................28

    21.    Sympathy .................................................................................29

    22.    Publicity — Final Charge .........................................................30

    23.    Use of Notes.............................................................................31

Parties

    24.    Instructions Apply to Each Party .............................................32

    25.    All Persons Equal Before the Law — Foreign Governmental Organizations ..........................................................................33

    26.    Multiple Plaintiffs....................................................................34

    27.    Multiple Defendants.................................................................35

Consideration of Evidence

    28.    What Is and Is Not Evidence ....................................................36

    29.    Official Translation .................................................................37

1440297.2

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — BURDEN OF PROOF**

<u>Standard of Proof</u>

30.    Burden of Proof — General Instruction........................................................38

31.    Clear and Convincing Evidence ..................................................................39

32.    Preponderance of the Evidence...................................................................40

<u>Miscellaneous Evidence</u>

33.    Number of Witnesses...................................................................................41

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — CREDIBILITY OF WITNESSES**

34.    Witness Credibility .....................................................................................42

35.    Expert Witnesses — Generally ...................................................................43

36.    Bias .............................................................................................................44

37.    Interest in Outcome .....................................................................................45

38.    Eyewitness Identification.............................................................................46

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — ATA CLAIMS**

39.    Liability for Acts of International Terrorism ...............................................51

40.    U.S. National................................................................................................52

41.    Injured in His or Her Person, Property or Business.....................................53

42.    International Terrorism .................................................................................54

43.    Causation — Generally ...............................................................................55

44.    "But For" Cause...........................................................................................56

45.    Proximate Cause ..........................................................................................57

46.    Required Mental State of the Defendant......................................................59

47.    Governmental Organization's Officials ......................................................60

1440297.2

48.     Act of War.................................................................................................61

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — AFFIRMATIVE DEFENSES**

49.     Lack of Capacity — Foreign Governmental Organization...........................62

50.     Lack of Capacity — Unincorporated Association .......................................63

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — DAMAGES**

51.     Consider Damages Only If Necessary ........................................................64

52.     Damages Must Have Been Caused by the Defendant ..................................65

53.     Multiple Claims — Multiple Defendants ....................................................66

54.     Compensatory Damages ..............................................................................67

55.     Treble Damages ...........................................................................................68

56.     Nominal Damages ........................................................................................69

57.     Mitigation of Damages ................................................................................70

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE — THE VERDICT**

58.     Duty to Deliberate, Unanimous Verdict .....................................................71

59.     Effect of Instruction as to Damages............................................................72

60.     Selection of Foreperson ..............................................................................73

61.     Right to See Exhibits and Hear Testimony; Communications
        With Court ....................................................................................................74

62.     Special Verdict .............................................................................................75

63.     Return of Verdict .........................................................................................76

1440297.2

# REQUEST NO. 1

## Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue are called the plaintiffs. The parties being sued are called the defendants. In this case, the defendants are the Palestinian Authority and the Palestine Liberation Organization. The Palestinian Authority is often referred to as "the PA" and the Palestine Liberation Organization is often referred to as "the PLO."

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that you may consider the particular statement or the particular exhibit in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other

8

comment I may make that I have any opinions on the merits of the case favoring one side of the other.  I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass through them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter as you are here to determine and should be patient even though the case may seem to go slowly.[1]

---

[1] Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:01 (6th ed. 2013).

1440297.2

## REQUEST NO. 2

### Order of Trial

The case will proceed as follows.

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of their claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendants may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.[2]

---

[2] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:02 (6th ed. 2013).

1440297.2

## REQUEST NO. 3

### Claims and Defenses

The plaintiffs in this case allege that they or their loved ones were injured by acts of terrorist violence that were directed at civilians and that the defendants are liable for those injuries.

The defendants deny these claims and assert that they are not responsible for the acts of the individuals who allegedly injured the plaintiffs.[3]

---

[3] Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:03 (6th ed. 2013).

1440297.2

## REQUEST NO. 4

### Foreign Governmental Organization as a Party

In this case, both of the defendants are foreign governmental organizations.  The mere fact that these parties are governmental organizations and foreign does not mean they are entitled to any lesser consideration by you.  All litigants are equal before the law, and governmental organizations, big or small, foreign or domestic, are entitled to the same fair consideration as you would give any other individual party.[4]

---

[4] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 72.01, Instruction 72-1 (2014).

1440297.2

**REQUEST NO. 5**

**<u>Avoiding Prejudice — Terrorism</u>**

This case also includes allegations of terrorism and alleged liability under the Anti-Terrorism Act.  The words "terrorism" and "terrorist" have certain implications in our society.  Use of those terms in this statute and in this courtroom should be regarded by you as having only the meaning that I will give to you in my instructions on the law, which I will give at the close of the case.[5]

---

[5] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶¶ 84.02 & 84.04, Instructions 84-2 & 84-22 (respectively), Comment to Instruction 84-22 (2014) (comparable instruction for "racketeer" in a civil RICO claim, commenting that the instruction should be given to minimize prejudice).

1440297.2

## REQUEST NO. 6

### **Province of Judge and Jury**

After all of the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[6]

---

[6] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:10 (6th ed. 2013).

1440297.2

## REQUEST NO. 7

### Jury Conduct, Contact with Others, Publicity

Before we start the trial, let me give you a few "rules of the road."

First, as I already mentioned, please do not discuss the case with anyone. I know that many of you use cell phone, Blackberries, iPhones, the Internet, and other tools of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, through any blog or website, through any Internet chat room, or other feature. This includes your family and friends. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as _____, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during trial you must not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet.

There may be some newspaper attention given to this case, or there may be some talk about it on the radio or television. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. So, when you leave here and go to your home and pick up the paper, if you see something about the case, you must put the paper down right away. Do not read the article. Similarly, if you go home and surf the Internet, if you see something about the case, close your web browser. Again, do not read it.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. After you retire to deliberate, you may begin discussing the case with your fellow jurors. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

If you need to tell me something, simply give a signed note to the clerk to give to me.[7]

---

[7] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶¶ 71.01 & 71.02, Instructions 71-12 & 71-15 (2014) (respectively); 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* §§ 101:11, 101:13 (6th ed. 2013).

1440297.2

## REQUEST NO. 8

### No Transcript Available to the Jury, Notetaking Permitted

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you. It is difficult and time-consuming, however, for the reporter to read back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

Otherwise, at the end of the trial, you will not have a written transcript to read, and you will have to make your decision based on what you remember about the evidence.[8]

---

[8] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.02, Instruction 71-16 (2014); 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:20 (6th ed. 2013).

1440297.2

## REQUEST NO. 9

### Questions by Jurors Permitted

Jurors normally do not ask a witness questions.  However, I allow jurors to ask important questions during the trial under certain conditions.

If you feel the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I have excused the witness.  You will then be given pen and paper with which to write your question for the witness.

I will talk privately with the lawyers and decide whether the question is proper under the law.  If the question is proper, I will ask the witness the question.  Some questions may be rewritten or rejected.  Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the marshal or clerk.  Remember, you are not to discuss the case with the other jurors until the case is submitted for your decision.

If you have any difficulty hearing a witness or lawyer, please raise your hand immediately.[9]

---

[9] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:17 (6th ed. 2013).

## REQUEST NO. 10

## <u>Judge's Questions to Witnesses</u>

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.[10]

---

[10] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:30 (6th ed. 2013).

1440297.2

## REQUEST NO. 11

## <u>Ruling on Objections</u>

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.[11]

---

[11] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:49 (6th ed. 2013).

1440297.2

## REQUEST NO. 12

### Official Translation

Arabic, Hebrew, or French may be used during this trial with some witnesses.  If a translator is used, you are to consider only that evidence provided through the official court translator.  Although some of you may know the language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English translation and disregard any different meaning of the non-English words.[12]

---

[12] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:50 (6th ed. 2013).

1440297.2

# REQUEST NO. 13

## Depositions

A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.[13]

---

[13] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 74.07, Instruction 74-14 (2014).

1440297.2

## REQUEST NO. 14

### **Evidence for Limited Purposes**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.[14]

---

[14] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 101:45 (6th ed. 2013).

1440297.2

## REQUEST NO. 15

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.[15]

---

[15] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-1 (2014).

1440297.2

**REQUEST NO. 16**

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.[16]

---

[16] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-2 (2014).

1440297.2

## REQUEST NO. 17

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said about a fact — or what I may say in these instructions about a fact — evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his or her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[17]

---

[17] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-3 (2014).

1440297.2

**REQUEST NO. 18**

**<u>Juror Oath</u>**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.[18]

---

[18] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-4 (2014).

1440297.2

## REQUEST NO. 19

### <u>Common Counsel</u>

Although the defendants in this trial are being represented by the same counsel, you are not to treat them as one person.  Each defendant is entitled to your separate consideration.  The question of whether liability has been proven is personal to each defendant and must be decided by you as to each defendant individually.  Similarly, you must decide the amount of damages separately as to each party.[19]

---

[19] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-8 (2014).

1440297.2

## REQUEST NO. 20

### Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[20]

---

[20] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-9 (2014).

## REQUEST NO. 21

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.[21]

---

[21] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-10 (2014).

## REQUEST NO. 22

### Publicity — Final Charge

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press or on the Internet, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.[22]

---

[22] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-14 (2014).

1440297.2

## REQUEST NO. 23

### Use of Notes

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.[23]

---

[23] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:02 (6th ed. 2013).

1440297.2

## REQUEST NO. 24

### <u>Instructions Apply to Each Party</u>

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.[24]

---

[24] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:10 (6th ed. 2013).

**REQUEST NO. 25**

## All Persons Equal Before the Law — Foreign Governmental Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A foreign governmental organization is entitled to the same fair trial as a private individual. All persons, including foreign governmental organizations, and other organizations stand equal before the law, and are to be treated as equals.[25]

---

[25] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:12 (6th ed. 2013).

1440297.2

**REQUEST NO. 26**

**<u>Multiple Plaintiffs</u>**

Although there are multiple plaintiffs in this case, it does not follow from that fact alone that if one plaintiff is entitled to recover, others are entitled to recover.  The defendants are entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each defendant.  Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.[26]

---

[26] Adapted from 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:13 (6th ed. 2013).

1440297.2

## REQUEST NO. 27

### Multiple Defendants

Similarly, although there are two defendants in this case, it does not follow from that fact alone that if one defendant is liable to the plaintiff, both defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.[27]

---

[27] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:14 (6th ed. 2013).

1440297.2

## REQUEST NO. 28

### <u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness's credibility — you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[28]

---

[28] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 74.01, Instruction 74-1 (2014).

**REQUEST NO. 29**

**Official Translation**

Arabic, Hebrew, and French have been used during this trial.  If a translator has been used, you must consider only that evidence provided through the official court translator.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English translation.  You must ignore any different meaning of the non-English words.[29]

---

[29] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103:35 (6th ed. 2013).

1440297.2

## REQUEST NO. 30

### Burden of Proof — General Instruction

The plaintiff has the burden of proving the material allegations of his or her complaint by clear and convincing evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his or her burden on each essential point as to which he or she has the burden of proof, then you must find for the plaintiff on his or her claims.  If after such consideration you are left with substantial doubt, then the plaintiff has failed to sustain his or her burden and you must find for the defendant.[30]

---

[30] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 73.01, Instruction 73-1 (2014).  Under the ATA, a successful civil plaintiff is automatically entitled to recover treble damages.  18 U.S.C. § 2333(a) (providing that an ATA plaintiff "*shall recover threefold the damages* he or she sustains and the cost of the suit, including attorney's fees") (emphasis added).  This trebling provision is punitive.  *See*, *e.g.*, *Boim v. Holy Land Found. for Relief and Dev*., 549 F.3d 685, 692 (7th Cir. 2008) (noting that treble damages are not "compensatory," and have a "punitive aim"); *Litle v. Arab Bank, PLC*, 611 F. Supp. 2d 233, 242 (E.D.N.Y. 2009) (indicating that the ATA's treble damages provision "reveals an intent to punish past, and to deter future, unlawful conduct, not to ameliorate the liability of wrongdoers") (quoting *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 242 (1981)); *Estates of Yaron Ungar & Efrat Ungar v. Palestinian Authority*, 304 F. Supp. 2d 232, 237 (D.R.I. 2004) (finding the ATA's treble damages provision to be "overwhelmingly punitive").  The punitive nature of the ATA's mandatory treble damages support the application of the standard of proof requiring clear and convincing evidence.  *See Honda Motor Co. v. Oberg*, 512 U.S. 415, 433 (1994) (concluding that the clear and convincing standard of proof required by Oregon law for punitive damages "is an important check against unwarranted imposition" of such damages).

## REQUEST NO. 31

### Clear and Convincing Evidence

The plaintiff must prove every disputed element of his or her claim to you by clear and convincing evidence. If you conclude that the plaintiff has failed to prove his or her claim by clear and convincing evidence, you must decide against him or her.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his or her claim beyond any "substantial doubt"; he or she does not have to dispel every "reasonable doubt."[31]

---

[31] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 73.01, Instruction 73-3 (2014); *see also* note 30, *supra*.

1440297.2

# REQUEST NO. 32

## **Preponderance of the Evidence**

The defendants must prove all of the elements of their affirmative defenses, which I will explain in a few minutes, by a preponderance of the evidence. If you conclude that a defendant failed to establish its affirmative defense by a preponderance of the evidence, you must decide against it on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence — it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof — that what the party claims is more likely true than not true — then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[32]

---

[32] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 73.01, Instruction 73-2 (2014).

1440297.2

## REQUEST NO. 33

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your mind belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[33]

---

[33] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 104:54 (6th ed. 2013).

1440297.2

## REQUEST NO. 34

### Witness Credibility

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor — that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[34]

---

[34] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 76.01, Instruction 76-1 (2014).

1440297.2

## REQUEST NO. 35

### Expert Witnesses — Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.[35]

---

[35] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 76.01, Instruction 76-9 (2014).

1440297.2

## REQUEST NO. 36

### Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.[36]

---

[36] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 76.01, Instruction 76-2 (2014).

1440297.2

## REQUEST NO. 37

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.[37]

---

[37] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 76.01, Instruction 76-3 (2014).

1440297.2

## REQUEST NO. 38

## Eyewitness Identification

Plaintiffs have presented testimony that on a prior occasion before this trial, Varda Guetta selected the photograph of an individual whom she claims committed the January 8, 2001 shooting.  The plaintiffs must prove the identity of the person who committed the January 8, 2001 shooting.  The defendants have neither the burden nor the duty to show that this shooting was committed by someone other than the person whose photograph Ms. Guetta selected, or to prove the identity of that other person.

It is your function to determine whether Ms. Guetta's identification is reliable and believable or whether it is based on a mistake or for any reason is not worthy of belief.  You must decide whether it is sufficiently reliable evidence that the individual whose photograph she selected is the person who committed the January 8, 2001 shooting.

Eyewitness identification evidence must be scrutinized carefully.  Human beings have the ability to recognize other people from past experiences and to identify them at a later time, but research has shown that there are risks of making mistaken identifications. That research has focused on the nature of memory and the factors that affect the reliability of eyewitness identifications.

Human memory is not foolproof.  Research has revealed that human memory is not like a video recording that a witness need only replay to remember what happened. Memory is far more complex.  The process of remembering consists of three stages: acquisition — the perception of the original event; retention — the period of time that passes between the event and the eventual recollection of a piece of information; and retrieval — the stage during which a person recalls stored information.  At each of these stages, memory can be affected by a variety of factors.

Relying on some of the research that has been done, I will instruct you on specific factors you should consider in this case in determining whether the eyewitness identification evidence is reliable.  In evaluating this identification, you should consider the observations and perceptions on which the identification was based, the witness's ability to make those observations and perceive events, and the circumstances under which the identification was made.  Although nothing may appear more convincing than a witness's categorical identification of a perpetrator, you must critically analyze such testimony.  Such identifications, even if made in good faith, may be mistaken. Therefore, when analyzing such testimony, be advised that a witness's level of confidence, standing alone, may not be an indication of the reliability of the identification.

In deciding what weight, if any, to give to the identification testimony, you should consider the following factors that are related to the witness, the alleged perpetrator, and the incident itself.

**(1) The Witness's Opportunity to View and Degree of Attention**: In evaluating the reliability of the identification, you should assess the witness's opportunity to view the person who committed the offense at the time of the offense and the witness's degree

1440297.2

of attention to the perpetrator at the time of the offense.  In making this assessment you should consider the following

(a) **Stress**: Even under the best viewing conditions, high levels of stress can reduce an eyewitness's ability to recall and make an accurate identification. Therefore, you should consider a witness's level of stress and whether that stress, if any, distracted the witness or made it harder for her to identify the perpetrator.

(b) **Duration**: The amount of time an eyewitness has to observe an event may affect the reliability of an identification.  Although there is no minimum time required to make an accurate identification, a brief or fleeting contact is less likely to produce an accurate identification than a more prolonged exposure to the perpetrator.  In addition, time estimates given by witnesses may not always be accurate because witnesses tend to think events lasted longer than they actually did.

(c) **Weapon Focus**: You should consider whether the witness saw a weapon during the incident and the duration of the incident.  The presence of a weapon can distract the witness and take the witness's attention away from the perpetrator's face.  As a result, the presence of a visible weapon may reduce the reliability of a subsequent identification if the incident is of short duration.  In considering this factor, you should take into account the duration of the incident because the longer the event, the more time the witness may have to adapt to the presence of the weapon and focus on other details.

(d) **Distance**: A person is easier to identify when close by.  The greater the distance between an eyewitness and a perpetrator, the higher the risk of a mistaken identification.  In addition, a witness's estimate of how far he or she was from the perpetrator may not always be accurate because people tend to have difficulty estimating distances.

(e) **Lighting**: Inadequate lighting can reduce the reliability of an identification. You should consider the lighting conditions present at the time of the alleged incident in this case.

**(2) Prior Description of Perpetrator**: Another factor for your consideration is the accuracy of any description the witness gave after observing the incident and before identifying the perpetrator.  Facts that may be relevant to this factor include whether the prior description matched the photo or person picked out later, whether the prior description provided details or was just general in nature, and whether the witness's testimony at trial was consistent with, or different from, her prior description of the perpetrator.  You may also consider whether the witness did not identify the perpetrator at a prior identification procedure or chose a different suspect or filler.

 **(3) Confidence and Accuracy**: You heard testimony about Ms. Guetta's level of certainty that the photograph she selected is in fact the person who committed the shooting.  As I explained earlier, a witness's level of confidence, standing alone, may not be an indication of the reliability of the identification.  Although some research has found that

47

highly confident witnesses are more likely to make accurate identifications, eyewitness confidence is generally an unreliable indicator of accuracy.

**(4) Time Elapsed**:  Memories fade with time.  As a result, delays between the commission of an incident and the time an identification is made can affect the reliability of the identification.  In other words, the more time that passes, the greater the possibility that a witness's memory of a perpetrator will weaken.

**(5) Cross-Racial Effects**: Research has shown that people may have greater difficulty in accurately identifying members of a different race.  You should consider whether the fact that the witness and the suspect are not of the same race may have influenced the accuracy of the witness's identification.

In evaluating the reliability of a witness's identification, you should also consider the circumstances under which the out-of-court identification was made, and whether it was the result of a suggestive procedure.  In that regard, you may consider everything that was done or said to the witness during the identification process.  You should consider the following factors:

**(1)  Lineup Composition**: A suspect should not stand out from other members of the lineup.  The reason is simple: an array of look-alikes forces witnesses to examine their memory.  In addition, a biased lineup may inflate a witness's confidence in the identification because the selection process seemed so easy to the witness.  It is, of course, for you to determine whether the composition of the lineup had any effect on the reliability of the identification.

**(2) Fillers**: Lineups should include a number of possible choices for the witness, commonly referred to as "fillers."  The greater the number of choices, the more likely the procedure will serve as a reliable test of the witness's memory.  A minimum of six persons or photos should be included in the lineup.

**(3) Multiple Viewings**: When a witness views the same person in more than one identification procedure, it can be difficult to know whether a later identification comes from the witness's memory of the actual, original event or of an earlier identification procedure.  As a result, if a witness views an innocent suspect in multiple identification procedures, the risk of mistaken identification is increased. You may consider whether the witness viewed the suspect multiple times during the identification process and, if so, whether that affected the reliability of the identification.

In determining the reliability of the identification, you should also consider whether the identification procedure was properly conducted.

**(a) Double-blind**: A lineup administrator who knows which person or photo in the lineup is the suspect may intentionally or unintentionally convey that knowledge to the witness. That increases the chance that the witness will identify the suspect, even if the suspect is innocent.  For that reason, whenever feasible, live lineups and photo arrays should be conducted by an administrator who does not know the identity of the suspect.

1440297.2

You may consider this factor when you consider the circumstances under which the identification was made, and when you evaluate the overall reliability of the identification.

**(b) Instructions**: You should consider what was or what was not said to the witness prior to viewing a photo array. Identification procedures should begin with instructions to the witness that the perpetrator may or may not be in the array and that the witness should not feel compelled to make an identification. The failure to give this instruction can increase the risk of misidentification. If you find that the administrator did not give this instruction to the witness, you may take this factor into account when evaluating the identification evidence.

**(c) Feedback**: Feedback occurs when police officers, or witnesses to an event who are not law enforcement officials, signal to eyewitnesses that they correctly identified the suspect. That confirmation may reduce doubt and engender or produce a false sense of confidence in a witness. Feedback may also falsely enhance a witness's recollection of the quality of her view of an event. It is for you to determine whether or not a witness's recollection in this case was affected by feedback or whether the recollection instead reflects the witness's accurate perception of the event.

You may consider whether the witness was exposed to opinions, descriptions, or identifications given by other witnesses, to photographs or newspaper accounts, or to any other information or influence, that may have affected the independence of her identification. Such information can affect the independent nature and reliability of a witness's identification and inflate the witness's confidence in the identification.

You are also free to consider any other factor based on the evidence or lack of evidence in the case that you consider relevant to your determination whether the identification was reliable. Keep in mind that the presence of any single factor or combination of factor(s), however, is not an indication that a particular witness is incorrect. Instead, you may consider the factors that I have discussed as you assess all of the circumstances of the case, including all of the testimony and documentary evidence, in determining whether a particular identification made by a witness is accurate and thus worthy of your consideration as you decide whether the plaintiffs have met their burden to prove identification by clear and convincing evidence. If you determine that the out-of-court identification resulted from the witness's observations or perceptions of the perpetrator during the commission of the offense, you may consider that evidence and decide how much weight to give it. If you instead decide that the identification is the product of an impression gained at the out-of-court identification procedure, the identification should be afforded no weight. The ultimate issue of the trustworthiness of the identification is for you to decide.

If, after considering all of the evidence, you determine that the plaintiffs have not proven that the individual whose photograph Ms. Guetta selected was the person who committed the January 8, 2001 shooting, then you must find the defendants not liable for the January 8, 2001 shooting. If, on the other hand, after consideration of all of the evidence, you believe that the plaintiffs have proven that the individual whose photograph was selected by Ms. Guetta was

1440297.2

correctly identified, you will then consider whether the plaintiffs have proven that the defendants are liable for the January 8, 2001 shooting.[38]

---

[38] *See New Jersey Model Jury Charges, Identification: In-Court and Out-of-Court Identifications*, New Jersey Courts (effective Sept. 14, 2012), *available at* http://www.judiciary.state.nj.us/pressrel/2012/jury_instruction.pdf.  In *State v. Henderson*, 27 A.3d 872 (N.J. 2011), the New Jersey Supreme Court reviewed a special master's report on the status of scientific and other eyewitness identification evidence.  *Id.*  The special master had presided over a hearing that probed testimony of seven experts and produced over 2000 pages of transcripts along with hundreds of academic studies.  *Id.* at 877.  Based on its review of the special master's report and the legal framework for analyzing eyewitness identification evidence, the court asked the Criminal Practice Committee and the Committee on Model Criminal Jury Charges, composed of judges, prosecutors, defense counsel, and other practitioners, to recommend revised jury instructions on eyewitness identification.  *Id.* at 925-26.  On July 19, 2002, the New Jersey Supreme Court released new jury instructions on eyewitness identification.  *See* http://www.judiciary.state.nj.us/pressrel/2012/pr120719a.htm.  Commentators have already begun calling on other jurisdictions to model their eyewitness identification instructions on New Jersey's instructions.  *See e.g.,* Amy D. Trenary, *State v. Henderson: A Model for Admitting Eyewitness Identification Testimony*, 84 U. Col. L. Rev. 1258 (2013); Robert Couch, *Comment: A Model for Fixing Identification Evidence After Perry v. New Hampshire*, 111 Mich. L. Rev. 1535 (2013).   Defendants' proposed instructions in this case are adapted from New Jersey's eyewitness identification instruction.

## REQUEST NO. 39

### Liability for Acts of International Terrorism

To find the defendant liable under the ATA, you must find:

First, that the person injured or killed was a "national of the United States"; and

Second, that the plaintiff was "injured in his or her person, property, or business"; and

Third, that the defendant committed an "act of international terrorism"; and

Fourth, that the defendant's act of international terrorism was the "but for" cause of the plaintiff's injuries; and

Fifth, that the defendant's act of international terrorism was the proximate cause of the plaintiff's injuries; and

Sixth, that the defendant engaged in deliberate wrongdoing; and

Seventh, that the defendant intended that Americans would be injured as a result of its actions.[39]

---

[39] 18 U.S.C. § 2333(a); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 506 (E.D.N.Y. 2012).

1440297.2

## REQUEST NO. 40

### U.S. National

For purposes of this case, the term "national of the United States" means a citizen of the United States.[40]

---

[40] 18 U.S.C. § 2331(2); 8 U.S.C. § 1101(a)(22).

1440297.2

## REQUEST NO. 41

### <u>Injured in His or Her Person, Property or Business</u>

To be "injured in his or her person" means to sustain an injury to one's physical body. An emotional injury is not sufficient.

**REQUEST NO. 42**

**<u>International Terrorism</u>**

Under the ATA, the term "international terrorism" means activities that —

First, involve violent acts or acts dangerous to human life; and

Second, are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; and

Third, appear to be intended to (a) intimidate or coerce a civilian population; (b) influence the policy of a government by intimidation or coercion; or (c) affect the conduct of government by mass destruction, assassination, or kidnapping; and

Fourth, occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.[41]

---

[41] 18 U.S.C. § 2331(1).

## REQUEST NO. 43

### Causation — Generally

The plaintiff must also prove causation.  He or she must prove that —

First, the harm to the plaintiff would not have occurred in the absence of — that is, "but for" — the defendant's conduct; and

Second, the defendant's conduct was the proximate cause of the plaintiff's injuries.

Both "but for" cause and proximate cause must be proven by the plaintiff before the defendant can be found liable.[42]

---

[42] *For "but for" causation requirement*:  *Burrage v. United States*, 134 S. Ct. 881, 889 (2014) ("[T]he phrase, 'by reason of,' requires at least a showing of 'but for' causation"); *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2524-25 (2013) ("Causation in fact…is a standard requirement of any tort claim" and typically "requires the plaintiff to show 'that the harm would not have occurred' in the absence of — that is, but for — the defendant's conduct"); *Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013) (explaining that the plaintiffs had failed to state a claim because, inter alia, the complaint did not "allege that if UBS had not transferred U.S. currency to Iran, Iran, with its billions of dollars in reserve, would not have funded the attacks in which plaintiffs were injured"); *Ahmad v. Christian Friends of Israeli Cmtys.*, No. 13-cv-3376, 2014 U.S. Dist. LEXIS 62053, at *13-14 (S.D.N.Y. May 5, 2014).

*For proximate causation requirement*: *Rothstein*, 708 F.3d at 91, 95, 97 (requiring proximate causation under the ATA, and holding that proximate cause requires that the defendant's conduct be a substantial factor and that the injury be reasonably foreseeable or anticipated as the natural consequence of the defendant's acts); *see also In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 125 (2d Cir. 2013); *Ahmad*, 2014 U.S. Dist. LEXIS 62053, at *13-14.

1440297.2

## REQUEST NO. 44

### "But For" Cause

"But for" causation means that the harm to the plaintiff would not have occurred "but for" the defendant's conduct.  In other words, the plaintiff must prove that except for the acts committed by the defendant, the injuries claimed by the plaintiff would not have occurred.[43]

---

[43] 18 U.S.C. § 2333(a); *see also* note 42, *supra*.

## REQUEST NO. 45

### Proximate Cause

"Proximate cause" is different from "but for" cause.  Proximate cause is proved when three requirements are satisfied.

First, the defendant's acts must be a substantial factor in causing the plaintiff's injuries.

Second, the plaintiff's injuries must have been reasonably foreseeable as a natural consequence of the defendant's actions.

And third, there must be a direct relation between the injury asserted and the defendant's conduct.

### Substantial Factor

The following considerations are in themselves or in combination with one another, important in determining whether the defendant's acts were a substantial factor in bringing about harm to the plaintiff:

(a) The number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it.  There are frequently a number of events each of which is not only a necessary antecedent to the other's harm, but is also recognizable as having an appreciable effect in bringing it about.  The defendant's acts may not be a substantial factor in causing an attack that injured a plaintiff if other factors had a predominant effect and the contribution of the defendant's acts was insignificant.

(b) Whether the defendant's acts created a force or series of forces that were in continuous and active operation up to the time of the harm, or instead created a situation harmless unless acted upon by forces for which the defendant is not responsible.  The defendant's acts may not be a substantial factor in causing an attack that injured the plaintiff if the defendant's acts were harmless and other factors superseded or intervened in the chain of events leading to the attacks.

(c) Whether, even if the defendant's acts were not harmless, an intervening cause, such as wrongful conduct by others, broke the causal link between the defendant's acts and the harm to the plaintiff.

(d) Where there is a long time between the defendant's acts and the attack that injured the plaintiff, the effect of the defendant's acts may become so attenuated as to be insignificant and unsubstantial as compared to the aggregate of the other factors which have contributed.

### Foreseeable or Anticipated

The second requirement for proximate causation is that the plaintiff's injury was reasonably foreseeable or anticipated as the natural consequence of the defendant's acts.

1440297.2

### Direct Relation

The third requirement for proximate causation is that there is a direct relation between the injury asserted by the plaintiff and the conduct of the defendant.  Conduct that is too remote, purely contingent, or indirect, is insufficient.[44]

---

[44] *For proximate causation generally*:  *see* note 42, *supra.*

*For "substantial factor" requirement*:  Restatement (Second) of Torts § 433 (1965); *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 527-28 (2d Cir. 2004).

*For "direct relation" requirement*:  *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 556 (E.D.N.Y. 2012); 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 84.02-84.05, Instructions 84-9, 84-19, 84-30, 84-39 (2014) (instructions on "direct relation" in the analogous context of causation in civil RICO claim).

1440297.2

## REQUEST NO. 46

### Required Mental State of the Defendant

In addition to the other requirements under the Anti-Terrorism Act, the plaintiff must prove that the defendant acted with the necessary mental state. Thus, the plaintiff must prove that the alleged act of international terrorism that caused his or her injuries was the product of the defendant's deliberate wrongdoing. Specifically, the plaintiff must prove that the defendant engaged in an act of international terrorism intending that Americans would be injured.[45]

---

[45] *For deliberate wrongdoing requirement*: *Kaplan v. Al Jazeera*, No. 10-cv-5298, 2011 U.S. Dist. LEXIS 61373, at *14 (S.D.N.Y. June 7, 2011) ("courts have interpreted the statute to include a requirement that there be some deliberate wrongdoing by the defendant, in light of the fact that the statute contains a punitive element (*i.e.* treble damages)") (internal citation and quotation omitted); *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 427 (E.D.N.Y. 2013) ("Courts have held that a party must engage in knowing misconduct to be liable under Section 2333(a)"); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 428 (E.D.N.Y. 2009) (18 U.S.C. 2333(a) "include[s] a requirement that there be some deliberate wrongdoing by the defendant, in light of the fact that the statute contains a punitive element (*i.e.*, treble damages)"); *see also Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 692 (7th Cir. 2008) ("since section 2333 provides for an automatic trebling of damages[,] it . . . require[s] proof of intentional misconduct.").

*For intent to harm Americans requirement*: *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 506 (E.D.N.Y. 2012) ("a connection must be made between the defendant's mental state and the potential for harm to American nationals"). *Gill* holds that this requirement can be met through a showing of criminal recklessness. Defendants' position is that specific intent to harm Americans is required, and that mere recklessness is not sufficient.

## REQUEST NO. 47

### Governmental Organization's Officials

A foreign governmental organization is a legal entity that may act only through its officials. The plaintiff must prove by clear and convincing evidence that each of the elements for liability that I explained to you in these instructions was committed or specifically approved by an official of the defendant. It is not enough if the actions and knowledge of a lower-level employee satisfy the elements required for liability that I explained. Because of the seriousness of the alleged misconduct by the defendant, it is the actions and state-of-mind of the defendant's officials that must be proved by clear and convincing evidence.

In addition, the plaintiff must also prove by clear and convincing evidence the following two elements:

First, that each of the acts committed or specifically approved by the official was within the course and scope of the employment or agency given to the official by the defendant.

Second, that the official committed or specifically approved each of the essential elements of liability with the intent to benefit the defendant.

To establish that an act was committed or omitted within the course or scope of employment, the evidence must show that the act or omission related directly to the general duties that this official was expected by the defendant to perform.

An official is not acting within the course or scope of his or her employment, however if that person performs an act that the defendant has, in good faith, forbidden its officials from performing. A defendant organization — like an individual defendant — may not be held responsible for acts that it tries to prevent.[46]

---

[46] In the analogous context of civil RICO liability, courts have held that to establish civil liability against a corporation, the plaintiff must prove knowing misconduct by a corporation's officers or directors. *See*, *e.g.*, *Targum v. Citrin Cooperman & Co., LLC*, No. 12-cv-6909, 2013 U.S. Dist. LEXIS 164585, at *27 (S.D.N.Y. Nov. 19, 2013) ("In this Circuit, courts…generally do not impose vicarious liability under RICO unless the corporate…defendant is a central figure in the RICO scheme") (quotation marks omitted); *Fairfield Fin. Mortg. Group, Inc. v. Luca*, 925 F. Supp. 2d 344, 350 (E.D.N.Y. 2013) ("Plaintiffs seeking to impose vicarious liability must, at a minimum, show that a corporate . . . officer had knowledge of or was recklessly indifferent toward the unlawful activity") (quotation marks omitted); *Mikhlin v. HSBC*, No. 08-CV-1302, 2009 U.S. Dist. LEXIS 15629, at *28-29 (E.D.N.Y. Feb. 26, 2009) ("Courts within the Second Circuit generally do not impose vicarious liability under RICO unless the corporate defendant is a 'central figure' in the RICO scheme"); *see also Kahn v. Chase Manhattan Bank, N.A.*, 760 F. Supp. 369, 373 (S.D.N.Y. 1991) ("This court agrees with the analyses of the First, Seventh, and Eighth Circuits, as well as other courts in this district, and finds that the independent acts of an employee not acting in his employer's interest are not a sufficient basis to hold the employer liable under RICO").

## REQUEST NO. 48

### Act of War

Even if you find that the plaintiff has proven all the elements of a claim under the ATA, you must then consider whether the injuries proven fall within the "act of war" exception to the ATA. Under that exception, "[n]o action shall be maintained…for injury or loss by reason of an act of war."

The term "act of war" means any act occurring in the course of (a) declared war; (b) armed conflict, whether or not war has been declared, between two or more nations; or (c) armed conflict between military forces of any origin.

Accordingly, if you find that the plaintiff's injuries were caused "by reason of" any act occurring in the course of armed conflict between military forces of any origin," then you must find for the defendant.[47]

---

[47] 18 U.S.C. §§ 2331(4), 2336(a).

1440297.2

## REQUEST NO. 49

### <u>Lack of Capacity — Foreign Governmental Organization</u>

The defendant asserts as a defense that it is a foreign governmental organization of an unrecognized foreign state.  If you find that the plaintiff has proven all the elements of a claim under the ATA, you must then consider whether the defendant is an unincorporated foreign governmental organization of an unrecognized foreign state.[48]

---

[48] *See Argentine Airlines v. Aircraft Dynamics Corp.*, 170 N.Y.S.2d 600 (N.Y. Sup. Ct. 1957).

1440297.2

## REQUEST NO. 50

## <u>Lack of Capacity — Unincorporated Association</u>

Similarly, if you find that the plaintiff has proven all the elements of a claim, you must then consider whether the defendant is an unincorporated association.

An "unincorporated association" is a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective.[49]

---

[49] *See Prescription Containers, Inc. v. Cabiles*, No. 12-cv-4805, 2014 U.S. Dist. LEXIS 40250, at *15-16 (E.D.N.Y. Feb. 14, 2014); *In re Magnetic Audiotape Antitrust Litig.*, No. 99-cv-1580, 2000 U.S. Dist. LEXIS 18197, at *4 (S.D.N.Y. Dec. 14, 2000).

1440297.2

## REQUEST NO. 51

### Consider Damages Only If Necessary

If the plaintiff has proven by clear and convincing evidence that the defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[50]

---

[50] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 77.01, Instruction 77-1 (2014).

1440297.2

## REQUEST NO. 52

### <u>Damages Must Have Been Caused by the Defendant</u>

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by clear and convincing evidence that such injury or condition was proximately caused by the incident in question.[51]

---

[51] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 128:70 (6th ed. 2013).

1440297.2

## REQUEST NO. 53

### Multiple Claims — Multiple Defendants

I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim — he or she is only entitled to be made whole again, not to recover more than he or she lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable, the other is liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages. If you decide that both of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.[52]

---

[52] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 77.01, Instruction 77-2 (2014).

1440297.2

## REQUEST NO. 54

### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole — that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

You should consider the following elements of damage to the extent you find them proved by clear and convincing evidence, and no others:

(1)  The present value of the plaintiff's economic loss; and

(2)  The plaintiff's physical or emotional pain and mental anguish.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.[53]

---

[53] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 77.01, Instruction 77-3 (2014); 3B Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 165:70 (6th ed. 2013).

1440297.2

**REQUEST NO. 55**

## **Treble Damages**

Your role is to find whether the plaintiff is entitled to any compensatory damages and, if so, in what amount.

In following my instruction on this subject, your calculation, should you choose to find damages in the plaintiff's favor, should not provide in that amount any punitive feeling you have in your verdict.  By operation of law, the damage amount, if any, that might be awarded in your verdict will be tripled.  I will perform this tripling after you return your verdict my multiplying by a factor of three the total amount of damages, if any, that you award.[54]

---

[54] 18 U.S.C. § 2333(a).

1440297.2

## REQUEST NO. 56

### **Nominal Damages**

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his or her rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he or she was measurably injured, in which case you must award compensatory damages, or else he or she was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.[55]

---

[55] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 77.01, Instruction 77-6 (2014).

1440297.2

# REQUEST NO. 57

## **Mitigation of Damages**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of his or her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he or she could have avoided through such reasonable effort.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his or her damages, you should deny recovery for those damages which he or she would have avoided had he or she taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself or herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damage reasonably could have been avoided.  In deciding whether to reduce the plaintiff's damages due to some failure to mitigate, therefor, you must weigh all the evidence in light of the particular circumstances of the case, using some discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.[56]

---

[56] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 77.01, Instruction 77-7 (2014).

1440297.2

## REQUEST NO. 58

### Duty to Deliberate, Unanimous Verdict

You will now return to decide the case.  In order to prevail, the plaintiff or defendant must sustain their burden of proof as I have explained to you with respect to each element of the complaint or affirmative defense.  If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim.  If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.  Similarly, if you find that the defendant has failed to sustain its burden with respect to any element of the defendant's affirmative defense, you must return a verdict against the defendant on that defense or claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussion with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.[57]

---

[57] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 78.01, Instruction 78-3 (2014).

1440297.2

## REQUEST NO. 59

### Effect of Instruction as to Damages

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.[58]

---

[58] 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 106:02 (6th ed. 2013).

72

**REQUEST NO. 60**

## Selection of Foreperson

When you retire to the jury room, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.[59]

---

[59] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 78.01, Instruction 78-5 (2014).

1440297.2

## REQUEST NO. 61

### <u>Right to See Exhibits and Hear Testimony; Communications With Court</u>

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony — in fact any communication with the court — should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.[60]

---

[60] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 78.01, Instruction 78-1 (2014).

1440297.2

## REQUEST NO. 62

### <u>Special Verdict</u>

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.[61]

---

[61] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 78.01, Instruction 78-9 (2014).

1440297.2

## REQUEST NO. 63

### <u>Return of Verdict</u>

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.[62]

---

[62] 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 78.01, Instruction 78-6 2014).

1440297.2