IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINE LIBERATION )<br>ORGANIZATION, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 04cv397 (GBD) (RLE) |

### RESPONSE TO NOTICE OF NEW AUTHORITY

Plaintiffs have asked this Court to take notice of Judge Brian Cogan's August 1, 2014 evidentiary rulings in *Linde v. Arab Bank*, Civ. No. 04-2799 (BMC) (E.D.N.Y.). *See* DE 581. Specifically, Plaintiffs point to Judge Cogan's denial of Arab Bank's motion to exclude Israeli military court (IMC) documents and his denial of Arab Bank's motion to exclude claims of responsibility for terrorist attacks. *See id.* at 1-2. Judge Cogan's evidentiary rulings on these issues were not based on the legal arguments or factual record presented in this case. This Court should therefore disregard Judge Cogan's (non-binding) rulings on these issues.

IMC Documents

Judge Cogan was not asked to consider – and did not consider – Defendants' argument in this case that a foreign (military) court conviction is not a conviction within the meaning of Federal Rule of Evidence 803(22). *Compare* DE 581-1 at 5 *and* DE 581-2 at 6-8 *with* DE 497 at 32-34 *and* DE 524 at 6. The district court in *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013), upon which Judge Cogan relies, *see* DE 581-1 at 5, was also not asked to consider – and did not consider – whether a foreign (military) court conviction is a conviction

within the meaning of Rule 803(22).  *See Strauss*, 925 F. Supp. 2d at 447-48; *see also* DE 524 at 6.  As previously discussed, the Supreme Court's holding in *Small v. United States*, 544 U.S. 385 (2005), that the phrase "convicted in any court" of the felon-in-possession statute applies only to domestic convictions (*id.* at 387-94) directs this Court to hold that foreign (military) convictions are not admissible under Rule 803(22).  *See* DE 497 at 32-34; DE 524 at 6.

Judge Cogan was also not asked to consider – and did not consider – any affirmative evidence that the IMC system in general or the IMC cases at issue do not meet the criteria for recognition of foreign judgments.  *See* DE 581-1 at 6; DE 581-2 at 6-8.  Arab Bank merely argued that the plaintiffs had not proven the reliability of the IMC proceedings.  *See* DE 581-2 at 7-8.  By contrast, in this case, Defendants have shown through their own experts' reports and Plaintiffs' expert's deposition that the IMC convictions do not meet the criteria for recognition of foreign judgments because (1) the IMC subjects Palestinians to an unequal judicial system because of their nationality, (2) the judiciary in the IMC was not independent and impartial during the relevant time period, and (3) individuals do not, in practice, receive adequate due process in the IMC.  *See* DE 497 at 34-36; DE 524 at 7.  Defendants have also uncovered due process violations in the relevant IMC cases.  *See* DE 524 at 9-11; *see also* DE 497 at 36.

<u>Claims of Responsibility for Terrorist Attacks</u>

Judge Cogan acknowledged that his decision to admit Hamas' claims of responsibility for attacks as statements against interest was in conflict with the holdings in *Strauss*, 925 F. Supp. 2d at 449, and *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 569 (E.D.N.Y. 2012).  *See* DE 581-1 at 6.  In any event, most of the statements at issue in this case are not admissible as statements against interest because they are not truly self-inculpatory.  *See Williamson v. United States*, 512 U.S. 594, 607 (1994); *see also* DE 497 at 38.

2

Israeli Government Reports

Plaintiffs fail to mention the part of Judge Cogan's decision that *is* relevant to this case. In his discussion of "Israeli Government Memoranda and Other Releases," Judge Cogan ruled:

> To the extent plaintiffs seek to admit some of these 41 government documents as independent exhibits, they will have to authenticate them. Plaintiffs will also have to demonstrate that they fit within Rule 803(8)(A)(iii), and that any hearsay statements contained within such reports also fit within an appropriate exception.

DE 581-1 at 4. In this case, Plaintiffs are seeking to admit Israeli government reports even though (1) they cannot authenticate the reports, (2) the reports do not fit within Rule 803(8)(A)(iii), and (3) the reports contain hearsay that do not fit within any hearsay exception. *See, e.g.,* Pl. Tr. Ex. 339 (a print-out from Israel's Ministry of Foreign Affairs that implicates Naef Abu Sharh in the June 19, 2002 attack); *see also* DE 497 at 31 (showing that Pl. Tr. Ex. 339 cannot be authenticated, does not meet the requirements for admissibility under Rule 803(8), and relays hearsay information "'Communicated by the [Government Press Office]'" that does not fit within any hearsay exception).

August 13, 2014                          Respectfully Submitted,


/s/ Mark J. Rochon
Mark J. Rochon
Laura G. Ferguson
Brian A. Hill
Michael J. Satin
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 13th day of August, 2014, a true and genuine copy of the foregoing was filed by ECF, which automatically provided service to all ECF counsel, including the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
>E-mail:  rtolchin@berkmanlaw.com
>
>Kent A. Yalowitz
>Philip W. Horton
>Arnold & Porter LLP
>399 Park Avenue
>New York, NY 10022
>(212) 715-1000
>Email:  Kent.Yalowitz@aporter.com

>/s/ Michael J. Satin
>Michael J. Satin