# ARNOLD & PORTER LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

August 28, 2014

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>  Re:  *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>      Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write regarding defendants' letter to the Court of August 22, 2014 [undocketed].

Unfortunately, defendants' letter disobeys the Court's admonition that it wanted the disputed statements *without* argument ("I don't even want to know why. I just want you to lay it, pull it out of that document, put it next to the document number and tell me this is what we want out of this document, this is what we object to going before this jury."). Tr. (7/22/14) at 143.

Worse, defendants' letter contains several false statements, which we are constrained to correct. Defendants state that plaintiffs "acknowledged that they could not lay the foundation for the admission" of the 177 exhibits by seeking permission to take 30(b)(6) depositions "after the close of discovery." Def. Letter at 2. That is false. Plaintiffs sought 30(b)(6) depositions well *before* the December 21, 2012 close of discovery—and even before the depositions were noticed, counsel for the plaintiffs corresponded with defense counsel in an attempt to schedule the depositions on consent.

Defendants further state that Judge Ellis issued a ruling that supposedly "confirmed" plaintiffs' "inability to lay the foundation for admission." *Id.* Wrong again. On appeal from Judge Ellis' grant of a protective order on Rule 30(b)(6) depositions, Your Honor specifically ordered that "[a] reasonable process for determining the admissibility of all trial exhibits will be available prior to trial." DE 447 at 2. The parties are now in the midst of that process.

68293981v2

Hon. George B. Daniels
August 28, 2014
Page 2

       Thus, defendants' claim that foundational testimony has already been found necessary actually ignores the very court-ordered process currently underway, in which plaintiffs ask that defendants' records be admitted without the testimony of a records custodian, for reasons previously briefed.  (Of course, if such a witness is ultimately found to be necessary, plaintiffs and the Court have power to require defendants to produce the witness in New York.)

       Defendants also neglect to mention that the vast majority of the documents to which they continue to object were produced after the close of discovery, including the records of defendants' General Intelligence Service—records that were withheld for many months in violation of Judge Ellis' discovery orders.  Defendants' attempt to leverage their non-compliance with discovery obligations into a fight over the admissibility of their own records is yet another expression of their unreasonable and vexatious multiplication of the proceedings.

       Respectfully,

       Kent A. Yalowitz

cc:    Brian A. Hill (via electronic mail)