IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04cv397 (GBD) (RLE) |
| ) | |
| THE PALESTINE LIBERATION ) | |
| ORGANIZATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO NOTICE OF NEW AUTHORITY

Plaintiffs have, once again, asked this Court to take notice of Judge Brian Cogan's evidentiary rulings in *Linde v. Arab Bank*, Civ. No. 04-2799 (BMC) (E.D.N.Y.). *See* DE 593. And Plaintiffs have, once again, claimed that Judge Cogan's rulings support their arguments in this case even though they do not.

Plaintiffs claim that the *Linde* court "denied the defendant's motion to have the confession of a terrorist to Israeli police excluded as hearsay, because the statements were self-incriminatory – even though they also inculpated others, as permitted by *Williamson v. United States*, 512 U.S. 594, 603 (1994)." DE 593 at 1-2. First, *Williamson* hardly permits the admission of statements that inculpate others. In fact, the court in *Williamson* specifically cautioned against admitting such statements:

> The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession, and this is especially true when the statement implicates someone else. The arrest statements of a codefendant have traditionally been viewed with special suspicion. Due to his strong motivation to implicate the defendant and to exonerate himself, a codefendant's statements about what the defendant said or did are less credible than ordinary hearsay evidence.

512 U.S. at 601 (internal quotation marks omitted). Second, to the extent that *Williamson* leaves open the possibility that a statement implicating someone else could pass muster under Rule 804(b)(3), Judge Cogan's ruling in *Linde* does not help Plaintiffs in this case. The issue in *Linde* was the admissibility of a portion of a declarant's confession that mentioned the declarant's personal account at Arab Bank, not that implicated someone else. As such, the statement did not implicate conduct of another. *See* DE 593-1 at 10 (holding that the "the portion [of a declarant's confession] *mentioning his Arab Bank account* was sufficiently against his penal interest at the time it was made") (emphasis added). In this case, the custodial statements at issue discuss the conduct of others--the declarants' alleged accomplices, and thus fall squarely within the class of statements that *Williamson* excludes from admission. *See e.g.,* PTE 465 (alleged custodial statement of Munzar Noor implicating "Abu Talal" in the January 27, 2002 attack). In the end, Judge Cogan's ruling supports Defendants' argument that the portions of those custodial statements that implicate alleged accomplices are inadmissible hearsay.

Plaintiffs also claim that "the *Linde* court held that statements by a terror organization claiming responsibility for a terror attack are admissible statements against penal interest under Rule 803(b)(3), even when the declarant may have additional motives for making the statement." DE 593 at 1. This is not new authority. The court in *Linde* pointed out that Arab Bank has simply "repeat[ed]" its objection to the Court's admission of Hamas' claims of responsibility for terrorist attacks and that the court "has noted its disagreement with the decisions in *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 449 (E.D.N.Y. 2013) and *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 569 (E.D.N.Y. 2012)." DE 593-1 at 13. Plaintiffs highlighted the *Linde* court's earlier ruling in its August 6, 2014 Notice of New Authority (*see* DE 581 at 2) and

Defendants addressed the significance (or lack thereof) of that ruling in their August 13, 2014 Response to Notice of New Authority (*see* DE 585 at 2).

Finally, Plaintiffs point out that "the *Linde* court held that 'a general history of the conflict in Israel and Palestine is not relevant.'" DE 593 at 2. Defendants could not agree more. Yet, it is Plaintiffs who want to inject the Israeli-Palestinian conflict into this case. *See* DE 524 at 1-5. And it is Defendants who have specifically moved this Court to preclude both sides from injecting the conflict into this case. *See id.* at 1 ("The Court should not permit either party to put the Israeli-Palestinian conflict on trial."); *id.* at 2 ("The Court should preclude both parties from shifting the focus of the lawsuit from the attacks at issue to broader narratives of responsibility towards and attitudes about the longstanding Israeli-Palestinian conflict.") (emphasis in original). The Court should not countenance Plaintiffs' attempt to inject the Israeli-Palestinian conflict into this case through their experts all the while seeking to preclude Defendants from doing the same.

In short, there is nothing in the new opinions that will support either the Plaintiffs' efforts to have a trial by hearsay, or their efforts to have a one-side only presentation of the Israeli-Palestinian conflict.

September 11, 2014               Respectfully Submitted,


                                 /s/ Mark J. Rochon
                                 Mark J. Rochon
                                 Laura G. Ferguson
                                 Brian A. Hill
                                 Michael J. Satin
                                 MILLER & CHEVALIER CHARTERED
                                 655 15th Street, NW, Suite 900
                                 Washington, DC  20005-6701
                                 (202) 626-5800 [tel]
                                 (202) 626-5801 [fax]
                                 mrochon@milchev.com [email]

                                 *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of September, 2014, a true and genuine copy of the foregoing was filed by ECF, which automatically provided service to all ECF counsel, including the following:

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
 (718) 855-3627
E-mail:  rtolchin@berkmanlaw.com

Kent A. Yalowitz
Philip W. Horton
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000
Email:  Kent.Yalowitz@aporter.com

/s/ Michael J. Satin
Michael J. Satin