

MILLER
CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

September 18, 2014

<u>VIA ECF</u>
Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:  *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

      On behalf of Defendants, I am writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 and your Individual Practice 2.A concerning whether the Court should sanction the Plaintiffs pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(ii) for the Plaintiffs' violations of this Court's March 21, 2012 Protective Order (DE 219), and in particular, for the most recent of these violations.

      On September 8, 2014, Plaintiffs publicly filed on ECF, as an exhibit to DE 594, a 141-page chart that purported to summarize, and quoted extensively from, over 170 documents covered by the Protective Order.  *See* DE 594-1.  Plaintiffs' filing directly quoted from translations of over 140 of the documents covered by the Protective Order in this case, including confidential intelligence files.  *Id.*  Defense counsel promptly notified Plaintiffs' counsel of the impropriety of the filing, and Plaintiffs' counsel subsequently arranged to have the filing placed under seal.  The exhibit was publicly available on ECF for nearly an hour, and could have been accessed by an unknown number of persons during that time.  It undoubtedly would have been up on ECF considerably longer if Defendants had not promptly noticed the breach and contacted Plaintiffs demanding that it be taken off of ECF.

      Plaintiffs' breach is especially troubling because it evidences a persistent pattern of noncompliance with the Protective Order in this case.  The latest violation was at least the fourth time in the past year that Plaintiffs have violated the Protective Order by publicly filing material covered by the Protective Order.

- On October 1, 2013, Plaintiffs violated the Protective Order by disclosing confidential information in a public filing in an unrelated case.  *See* DE 372.  Without seeking leave of the court, Plaintiffs' counsel submitted a Declaration in the case of *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) in the United States District Court for the District of Columbia that "clearly revealed the substance of the documents marked 'Confidential' in this case."  *Id.* at 4.  This Court found Plaintiffs' counsel's claim that he did not violate the Protective Order to be

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900  •  Washington, D.C. 20005-5701  •  202-626-5800  •  202-626-5801 FAX  •  millerchevalier.com   1455196.1



"meritless," and ordered counsel to show cause why he should not be sanctioned. *Id.* at 4, 7.

- On April 23, 2014, Plaintiffs publicly filed, without redaction, three exhibits containing material covered by the Protective Order. *See* DE 476-9, 476-51, 476-56. Plaintiffs subsequently acknowledged the violation (characterizing it as an "inadvertent[]" "clerical error"), and asked the Court to restrict public access to the filings and instead file the exhibits under seal. *See* DE 477.

- On April 28, 2014, Plaintiffs publicly filed a 25-page memorandum of law that described in substance and quoted from translations of intelligence files that were designated as confidential under the Protective Order. *See, e.g.,* DE 482-1 at 12 (quoting from and describing Pls.' Trial Ex. 129); *id.* at 17 (quoting from Pls.' Tr. Ex. 163); *see also* Ltr. from B. Hill to the Honorable George B. Daniels, dated April 29, 2014, at 1-3. Although Plaintiffs did not acknowledge that they had violated the Protective Order (*see id.* at 3-5), the Court rendered the issue moot by ordering the removal of the brief from the docket because "[t]he parties were ordered not to brief [the underlying issue in the memorandum]." DE 483.

Since these violations occurred, the Court has expressly ruled that the parties must abide by the terms of the Protective Order. *See* May 27, 2014 Hearing Tr. at 2-3 ("Let me summarize it this way. It is Judge Daniels intention that the designation of documents as confidential for purposes of filing will be governed by the parties' confidentiality agreement. That is if something has been designated as confidential it will remain confidential for the filing of all documents."). Plaintiffs' counsel posed questions to the Court about that ruling, and indicated that he understood and would "abide by" "the court's ruling." *Id.* at 4-6.

Yet, just this past week Plaintiffs again violated the Protective Order, Defendants again had to inform Plaintiffs of the breach, and Plaintiffs again had to ask the Court to restrict public access and to file the breaching document under seal. *See* Exhibit 1 hereto. Plaintiffs have admitted that the 141-page document which they publicly filed as DE 594-1 "contain[s] unredacted information previously designated confidential by the defendants," but claim that the public filing of that document was "inadvertent." *Id.* However, the 141-page document at issue does not even bear the legend required by the Protective Order for the submission of material covered by the Order. *Compare* DE 594-1 *with* DE 219 at 4 (requiring confidential material to bear the legend "Filed Under Seal."). Thus, there is no indication that Plaintiffs intended to file the document under seal, and there is no indication that they mistakenly filed it openly on ECF. Instead, it appears that Plaintiffs never intended to file the document at issue under seal at all in direct violation of the Protective Order.

There is simply no reason why defense counsel should need to continue to urgently review every filing from Plaintiffs in order to ensure they have not violated the Protective Order. Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(ii) authorize the Court to preclude the



breaching party from introducing improperly disclosed materials into evidence as a sanction for breach of a protective order. *See* Fed. R. Civ. P. 16(f); 37(b)(2)(A)(ii). Courts have imposed similar, and even greater, sanctions for violations of protective orders in other cases. *See Koch v. Greenberg*, No. 07 Civ. 9600, 2011 U.S. Dist. LEXIS 110661, at *4-13 (S.D.N.Y. Sep. 28, 2011 (excluding evidence as sanction for violation of protective order); *Blum v. Schlegel*, 1997 U.S. App. LEXIS 5442, No. 96-7705, at *2-5 (2d Cir. Mar. 21, 1997) (affirming dismissal of complaint with prejudice as sanction for violation of protective order). Defendants acknowledge that they previously sought a preclusive sanction for Plaintiffs' initial violation of the Protective Order, *see* October 15, 2013 Hearing Tr. at 25-27, and that the Court indicated that it was not inclined to enter such a sanction at that time, *id.* at 30-31. But after repeated violations of the Protective Order, the Court's express instruction to Plaintiffs to comply with it and their express agreement to "abide by it," May 27, 2014 Hearing Tr. at 6, and now this latest breach which publicly disclosed the substance of over 170 documents marked "Confidential" in this case, it is time for the Court to impose meaningful sanctions. Accordingly, Defendants respectfully request that the Court enter an order precluding Plaintiffs from introducing into evidence any of the documents designated as confidential by the Defendants which were summarized or quoted in the 141-page document filed as DE 594-1 as a sanction for Plaintiffs' violation of the Court's Protective Order (DE 219).

Sincerely,

Brian A. Hill

Enclosure