# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

September 22, 2014

**VIA ECF**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
               Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      I write in response to defendants' letter of September 18, 2014 (DE 600), requesting a conference to consider whether the Court should preclude plaintiffs from introducing approximately 177 trial exhibits as a "sanction" for an alleged "violation" of the Court's Protective Order.

      Defendants' request is frivolous.

      Defendants point out that on September 8, I inadvertently filed on ECF a summary chart reflecting information in 177 documents that constitute defendants' own records, most of which defendants have designated "confidential." Mr. Hill drew my attention to this filing error at approximately 4:43 p.m. on that day. Within minutes, one of my colleagues contacted the Court, and the Clerk's Office immediately quarantined the document so that it would not be publicly available. Defendants do not—and cannot—assert that I filed this document on ECF willfully or in bad faith. I did not do so. Defendants also identify no harm that has come to them from my inadvertent error. I can assure the Court that I am not aware of a single person other than Mr. Hill who downloaded the document during the brief period that it was publicly available.

      Defendants' request that this inadvertent filing error lead to a wildly disproportionate and severely prejudicial sanction of preclusion of critical evidence is just another example of their desperation to keep the evidence from the eyes of the jury. This Court should consider: "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (citation omitted). Severe sanctions, such as preclusion of evidence, should not be imposed

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
September 22, 2014
Page 2

absent a showing of willfulness or bad faith. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066-67 (2d Cir. 1979); *see Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974) (reversing sanctions imposed under Rule 37 without a finding of willfulness).

Here, the filing was inadvertent and the "non-compliance" was ephemeral. No sanction at all is appropriate, let alone one that would severely prejudice plaintiffs. As plaintiffs have explained, these documents are extremely important:

> [T]he defendants have produced a number of very, very damaging documents to their case, very helpful documents to my case, things like the payroll records, things like their promotion records of terrorists who were convicted of mass murder and they're sitting in jail and they remain on the police force, getting their pay, getting their promotions and so forth. These are defendants' own documents which they insist have to remain confidential to protect their own interests, but they refuse to concede authenticity, they've refused to concede that they're either admissions or public records or business records.

DE 439 (03/04/14 Hearing Tr.) at 14-15.

Further, any review of plaintiffs' alleged "violations" of the confidentiality order cannot be understood without reference to the tortuous history of the confidentiality dispute in this case. The Court will recall that defendants designated as "confidential" in their entirety hundreds, if not thousands, of pages of documents that are plainly not covered by the four limited categories in the Protective Order. Initially, Judge Daniels ordered *defendants* to make a motion if they wanted any such documents to be filed under seal. DE 435 ¶ 3.

When disputes arose, Judge Daniels ruled that any document that was not *properly* within the four categories of "confidential information" was not to be filed under seal and, as guidance, concluded that defendants had improperly designated a GIS report as "confidential." DE 478 at 72-66. Plaintiffs dutifully followed this ruling, but defendants refused to accept it. Instead, defendants sent multiple letters to Judge Daniels demanding that items be maintained under seal if they (defendants) had *unilaterally* designated documents as "confidential" regardless of whether the designations were proper and regardless of whether the designations met the governing legal standard. *See, e.g.*, Letter from B. Hill to Hon. G. Daniels (April 28, 2014) (Ex. A hereto, without enclosures); Letter from B. Hill to Hon. G. Daniels (May 15, 2014) (Ex. B hereto, without enclosures); *see also* Letter from K. Yalowitz to Hon. G. Daniels (May 16, 2014) (Ex. C hereto, without enclosures).

Judge Daniels referred this dispute to Your Honor in an Order dated May 23, 2014 (DE 516), and Your Honor said: "As far as Judge Daniels is concerned if it was designated as

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
September 22, 2014
Page 3

confidential it will remain confidential for purposes of putting things on the docket" (05/27/14 Hearing Tr. at 4 (Ex. D hereto)), and that the Court was not now going to go through the "thousands of documents" to rule individually on whether the documents were properly designated. Ex. D at 4-6.

My colleagues at Arnold & Porter and I have spent hundreds of hours reviewing and redacting literally thousands of pages of documents prior to making filings, in order to comply with the Court's orders. This burden, and the inadvertent filing of which defendants complain, is a direct result of defendants' abuse of the Court's orders by designating documents as "confidential" even though they plainly do not meet the requirements of the Protective Order and then refusing to accept Judge Daniels' ruling of April 11.

Defendants now say that my recent inadvertent filing "evidences a persistent pattern of noncompliance" with the Protective Order. That is a grotesque distortion of the facts. Defendants complain of three items.

*First*, defendants bring up Mr. Robert Tolchin's reference to a discovery document to point out to another Judge from another Court that defendants had misrepresented a fact to that Court. While defendants' complaint generated substantial collateral litigation, Your Honor resolved the dispute by determining that no sanction would be appropriate. Telephone Conference before Hon. R. Ellis held on 11/21/13 (minute entry on docket). Having failed to object to that ruling, defendants cannot now complain about it.

*Second*, defendants point out that I inadvertently filed publicly three exhibits—out of 197 attachments—on April 23 (DE 476). However, defendants acknowledge that I quickly asked the Court to correct this inadvertent error. Moreover, defendants made no complaint whatsoever about the April 23 filing to Your Honor or to Judge Daniels at the time. Obviously, it is far too late now to complain about the April 23 filing.

*Third*, defendants complain about my April 27 filing of plaintiffs' motion for sanctions. However, as defendants themselves admitted at that time, the parties were "in disagreement about the propriety of the filing," with each side setting forth its position in a joint letter. Letter from B. Hill to Hon. G. Daniels (Apr. 28, 2014) (Ex. A). The April 27 filing was made in complete good faith and in absolute compliance with Judge Daniels' April 11 order that the GIS documents were not within any of the four "confidential information" categories. It was not until Your Honor's May 27 order that the Court indicated defendants' *unilateral* designations were enough to require filing under seal.

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
September 22, 2014
Page 4

In short, plaintiffs have worked in good faith and at great expense to comply with each and every one of the Court's orders. Our inadvertent filing resulted solely from human error associated with the inherent ongoing difficulties in litigating a case involving a large volume of exhibits that cannot currently be filed, or even be referenced, except under seal. And those difficulties only exist because defendants have abused the Protective Order to designate virtually all their records as "confidential" with no colorable basis.

Defendants' latest request is gamesmanship and a "gotcha" tactic of the lowest order. The Court should not countenance it.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel

Encls.