REDACTED - PUBLICLY FILED VERSION

# EXHIBIT A

**REDACTED - PUBLICLY FILED VERSION**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**
**NOT FOR PUBLIC FILING**

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

April 28, 2014

<u>VIA FASCIMILE</u>
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization, et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

      Yesterday, Plaintiffs filed by ECF a letter dated April 23, 2014 addressed to Magistrate Judge Ellis, along with a 25-page "Memorandum of Law in Support of Plaintiffs' Motion for Discovery Sanctions" and a Declaration of Kent A. Yalowitz. DE 482. A copy of the filing is enclosed herewith. The parties are in disagreement about the propriety of the filing and are submitting this joint letter at the instruction of the Court's law clerk. The letter sets forth defendants' position, plaintiffs' position, and defendants' response.

**Defendants' Position**

      Plaintiffs' proffered Memorandum of Law describes the substance of, and in many instances specifically quotes, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ designated as confidential under the terms of the Protective Order in this case. *See, e.g.*, 482-1 at 12 (quoting from and describing Pls.' Trial Ex. 129); *id.* at 17 (quoting from Pls.' Trial Ex. 163); *see* DE 219 (Protective Order). It has always been Defendants' position that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ fall within the terms of the existing Protective Order because they "contain or are derived from trade secrets or other proprietary, commercial or previously nondisclosed financial information" or "contain or relate to personal private financial or employment information." DE 219 ¶ 2(a). Indeed, in seeking the production of these materials, Plaintiffs themselves appeared to agree with that position by arguing to the Court that ▇▇▇▇▇▇▇ would be protected from public disclosure by the existing Protective Order. *See* DE 348 ("Finally, there is already a protective order in this case, and defendants will undoubtedly designate ▇▇▇▇▇▇ as 'confidential' under that order. Such a designation will give them very substantial protection").

      Accordingly, Defendants produced those documents to Plaintiffs when ordered by the Court to do so under a specific, express designation of confidentiality. *See* Letter from Brian A. Hill to Phillip W. Horton (November 6, 2013) (attached as Exhibit A). In Defendants' production letter, they specifically asked Plaintiffs to notify Defendants if Plaintiffs intended to contest the confidentiality designations in the production, and Defendants put Plaintiffs on notice of Defendants' intention to move for further protection of the documents in the event of a dispute about whether the terms of the

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com

1425072.1

Hon. George B. Daniels  **CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**
April 29, 2014  **NOT FOR PUBLIC FILING**
Page 2

existing Protective Order, which had been entered before the documents at issue were even requested by Plaintiffs, encompassed ▇▇▇▇▇▇▇▇▇ Specifically, Defendants wrote:

> We expect and assume that Plaintiffs will respect the confidentiality designations of the enclosed production and maintain them in accordance with the terms of the Protective Order, consistent with the position Plaintiffs took in their October 2, 2013 (DE 348) letter to the Court, i.e., that the confidentiality designations of these documents pursuant to the Protective Order "will give [Defendants] very substantial protection." If Plaintiffs contest the confidentiality designations of the enclosed production, please let us know if and when Plaintiffs reach that decision. In the event Plaintiffs contest the confidentially designation – which their October 2, 2013, letter suggests they would not do – Defendants will file a pre-motion letter with the Court seeking clarification (or, alternatively, modification of the Protective Order) so that the designated documents in the enclosed production receive full protection afforded under the Protective Order, as currently stated or modified.

Ex. A at 2-3. Prior to yesterday's filing, Plaintiffs never gave Defendants such notice, never complied with the procedures set forth in the Protective Order for challenging confidentiality designations (DE 219, ¶14, at 11-12), and never gave Defendants an opportunity to apply for additional confidentiality protection, as the Protective Order itself contemplates (DE 219 ¶ 15), in light of such a challenge by Plaintiffs. Indeed, before making yesterday's filing, Plaintiffs had not received leave from Judge Ellis to submit the Memorandum of Law to chambers, let alone to file it in the public record by ECF. (In fact, in their transmittal of the Memorandum of Law to Judge Ellis on April 23, Plaintiffs acknowledged that they lacked leave to submit the Memorandum of Law and sought leave from Judge Ellis to do so – leave which Judge Ellis had not granted as of yesterday's filing.) In filing the Memorandum of Law yesterday, Plaintiffs also did not comply with the Protective Order that governed the documents that Defendants had designated as confidential by filing the memorandum under seal. Plaintiffs did not even meet and confer with Defendants regarding the nature and extent of the redactions that Plaintiffs made to the memorandum in an attempt to avoid the instant dispute.

As a result of the designation of confidentiality under the Protective Order, Plaintiffs were explicitly precluded under the Protective Order from using or disclosing ▇▇▇▇▇▇ except in the manner and under the procedures set forth in the Protective Order. *See* DE 219, ¶ 2(f), at 3. The Protective Order specifically states that any confidential discovery material shall be filed with the Court under seal. DE 219 at 4. The Protective Order also specifically provides that "[t]he protections conferred by this Order cover not only Confidential Discovery Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts or summaries thereof. DE 219 ¶ 2(b). The Protective Order also mandates the procedure that a receiving party (here Plaintiffs) must follow to challenge designations. Furthermore, the Court specifically ruled at the April 11, 2014 hearing in this matter that that it would not make documents that the parties have designated as confidential public at this time. Hr'g Tr. at 79:2-3 (April 11, 2014).

Hon. George B. Daniels  CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
April 29, 2014  NOT FOR PUBLIC FILING
Page 3

Upon learning of Plaintiffs' filing, Defendants promptly requested that Plaintiffs withdraw the filing from the public record. Plaintiffs have not done so yet, and the filing currently remains in the public record in violation of the Protective Order. Under the circumstances, Defendants request that the Court immediately direct the Clerk's office to remove this filing (DE 482) from the public record and place it under seal until such time as the Court can rule on the merits of the parties' dispute.

**Plaintiffs' Position**

This is yet another case of these defendants trying to relitigate an issue that they lost.

The brief at issue does not contain any "Confidential Discovery Information" as defined in Section 2(a) of the Protective Order (DE 219). Under the Court's April 11 ruling, this means it should not be filed under seal.

As the Court recalls, the parties submitted extensive letter briefs regarding the confidentiality issues.[1] The Court considered these letter briefs and issued a ruling at the April 11, 2014 conference. (A copy of pages 72-81 of the transcript is attached.) The Court's ruling did not give either side everything it wanted. Instead, the Court held the parties to the four categories in the March 21, 2012 Protective Order: (i) "trade secrets or other proprietary, commercial or previously nondisclosed financial information"; (ii) "private medical information"; (iii) "addresses of the plaintiffs"; and (iv) "personal private financial or employment information." Protective Order § 2(a) (DE 219).

The Court explained:

> "[T]here's a confidentiality agreement and protective order in this case. The confidentiality agreement and protective order via Section 2(a) designates the kinds of documents that qualify as confidential. If it doesn't fall under that category, it is not confidential. If it does fall under that category, it is confidential. That's the ruling." Hearing Tr. (April 11, 2014) ("April 11 Tr.") at 72-73.

The first document the parties had disputed was a document that defendants contended reflected their "intelligence" and "law enforcement" information and was "personal private . . . information." The Court explained that the document was **not** going to remain under seal because it "does not fall under any of these categories":

> "I have the first document that you are both arguing about. The defense makes an argument that there's some compelling reason not to disclose this document. Quite frankly, that document does not fall under any of these categories. As far as I'm concerned, there's no compelling reason and there's no further articulated compelling reason that would

---

[1] *See, e.g.*, Letters dated March 14, 2014 (undocketed), March 18, 2014 (DE 437 (redacted); DE 470 (unredacted)), March 24, 2014 (undocketed), March 27, 2014 (undocketed), March 27, 2014 (DE 455), and March 28, 2014 (DE 454 (redacted); DE 471 (unredacted)).

1425072.1

Hon. George B. Daniels  CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
April 29, 2014  NOT FOR PUBLIC FILING
Page 4

> overcome the agreement that the parties reached that these are the categories of documents that are going to be confidential."

\* \* \*

> "If it's on this list [in the Protective Order], it's confidential and it will remain so unless and until I say it's not. If it's not on this list, it's not confidential, and I don't have any compelling reason to hear another argument that there's some interest to keep it confidential that the parties didn't agree to." April 11 Tr. at 76-77.

The Court summarized its ruling three times for the parties:

- "**if it qualifies as being confidential, that's the extent that it stays confidential.**" April 11 Tr. at 77-78.

- "**[I]f there's no legitimate argument to make that it falls under one of these categories, then it's not going to stay confidential.**" April 11 Tr. at 80.

- "**If it doesn't fall under this category, it is not confidential. If it does fall under this category, it is confidential. That's it.**" April 11 Tr. at 80-81.

Plaintiffs attempted to resolve this. Yesterday, plaintiffs asked defendants to identify *specifically* what sentences they were concerned about and to identify exactly which of the four categories of Section 2(a) the information falls into. *See* Letter from Kent A. Yalowitz to Brian A. Hill (Apr. 28, 2014) (copy attached). Defendants failed to respond to that letter, and instead raced to the Court demanding emergency relief. Defendants' silence illustrates that they cannot meet the Court's standard.

In the current request, defendants contend that the brief reflects "trade secrets or other proprietary, commercial or previously nondisclosed financial information" and "personal private financial or employment information." That is not what defendants said before. In their prior letters to the Court, defendants said that the ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ As late as this morning, in a telephone call with the Clerk's Office, defendants' position for why the brief should be sealed was that it contains ▌▌▌▌▌▌ ▌▌▌▌▌▌ Neither ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ nor ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ nor ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ is a category in the Protective Order.

The brief does not qualify as being confidential because it is not in one of the four categories. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ is not one of the four categories. The category of "personal private financial or employment information" is in the Protective Order, but defendants do not contend that any of the unredacted information reflects personal private financial information or personal private employment information. They just say it is ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ That is not a category. Finally, "trade secrets or other proprietary, commercial or previously nondisclosed financial information" is a category, but one that makes no sense here. Defendants do not even try to explain how the brief reflects trade secrets or anything else of a "proprietary" or "commercial" nature—because it does not.

1425072.1

Defendants also raise a procedural complaint. They say that they are surprised that plaintiffs view the ▮▮▮▮▮ as non-confidential. Defendants' position is nonsense. Plaintiffs followed the Court's March 6, 2014 order, which states:

> "All motion papers shall be delivered to opposing counsel and the Court.
> If a party objects to the public filing of any motion papers, that party
> must make an application to the Court for confidential treatment within
> 48 hours of the receipt of the papers. If no party objects within 48 hours,
> such papers shall be filed on the Court's Electronic Filing System." DE
> 435 § 3.

In compliance with that order, plaintiffs sent defendants a copy of the paper at issue on April 23, stating: "In accordance with Judge Daniels' ruling on April 11, 2014, we will be filing a redacted version on ECF." Having heard nothing from defendants, plaintiffs redacted the document in accordance with the Court's ruling and filed it on April 28—five days later.

Defendants can hardly claim surprise that the plaintiffs do not view the ▮▮▮▮▮ as meeting the Court's ruling—that was the exact discussion at the April 11 hearing, in which the defendants attempted to argue that their unilateral confidentiality designations would govern, and the Court ruled specifically against defendants.

**Defendants' Response**

Plaintiffs' position that the Court's statements at the April 11th hearing opened up a new process by which Plaintiffs were entitled to make their own determination regarding whether or not a document fits within the terms of the Protective Order simply is not tenable. The Court specifically ruled that it was not "going to make any documents that are designated confidential public at this point in time." Hr'g Tr. at 79:2-3 (April 11, 2014). The Court also stressed that if the parties did not agree as to confidentiality designations, they were to consult with each other regarding such designations. *Id.* at 80:2-8 ("Mr. Yalowitz: So, they've improperly designated the document . . . . What's our process? . . . . The Court: You need to first talk to the other side."). Furthermore, The Court stated that if the parties still disputed the designation, then he would hear applications regarding whether a designation was improper. *Id.* at 80:18-20 ("The only dispute that I want to hear about any designation is someone saying to me that they designated this inappropriately.") Even if Plaintiffs believed that the designation process was now opened up to start anew, it is clear that they still ignored this Court's ruling that the parties were to confer with each other regarding disputed designations and bring to the Court's attention any outstanding disputes. Thus, Plaintiffs cannot claim that they were adhering to some new process by publicly filing material that defendants had designated as confidential.

In any event, it is apparent that the filing at issue should not remain in the public record, at least in the immediate term. The record in this case, including detailed declarations from ▮▮▮▮▮ ▮▮▮▮▮ makes clear that the documents produced by the PA ▮▮▮▮▮ ▮▮▮▮▮ are statutorily treated as confidential and secret under Palestinian law and are not "public" in any sense. Based on that incontrovertible evidence, the documents from ▮▮▮▮▮ at a minimum qualify as "secrets" and "proprietary information" of the PA within the meaning and scope of

Hon. George B. Daniels  CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
April 29, 2014  NOT FOR PUBLIC FILING
Page 6

paragraph 2(a) of the Protective Order. There is no evidence in this case that such documents are publicly-available, non-confidential or non-secret in Palestine, where the documents reside.

Moreover, the documents at issue were produced to Plaintiffs in November 2013 on the express condition that Plaintiffs would treat the documents as confidential under the Protective Order. Plaintiffs did not reject or contest the imposition of that condition or the designation of confidentiality, and they took the documents into their possession on that condition. They are estopped by their silence and conduct from arrogating to themselves months later the power to un-designate the documents under the Protective Order.

Finally, the Protective Order, entered on March 21, 2012, was not drafted to particularize each specific type of document that might later become the subject of discovery in the case. Accordingly, it was not drafted to specifically reference documents from ■■■■■■■■■■■■■■■■ were first requested by Plaintiffs in November of 2012 and produced by the PA in November 2013. However, to the extent the Court concludes now that ■■■■■■■■ do not fall within any of the broad categories set forth in the Protective Order, the PA should be permitted to seek a modification of the Protective Order to include those documents or obtain a separate ruling from the Court extending protection to the use and disclosure of the documents in this case. Indeed, the Protective Order that this Court entered expressly acknowledges the possibility of such modification. *See* DE 219 ¶ 15.

For the foregoing reasons, Defendants respectfully request that their Plaintiffs' filing of yesterday (DE 482) be removed from the public record and placed under seal until such time as the Court can rule on the merits of the parties' dispute.

Sincerely,

*[signature]*

Brian A. Hill

cc: Plaintiffs' Counsel of Record (by email)

1425072.1