# EXHIBIT B



Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

May 15, 2014

BY FASIMILE
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization,* No. 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

    I write regarding a filing dispute that unfortunately the parties have not been able to resolve, and that Plaintiffs contend Defendants must seek relief from the Court to resolve.

    Specifically, Plaintiffs sent the Court a letter on May 6, 2014 asking the Court to strike certain paragraphs from Defendants' Rule 56.1 Statement. *See* Letter from Kent A. Yalowitz to Hon. George B. Daniels (May 6, 2014). Subsequently, Plaintiffs informed Defendants of Plaintiffs' intent to file their May 6 letter in the public record despite the fact that the letter purports to summarize and even quotes from a translation of a document that Defendants had produced during discovery and designated as confidential under the Protective Order (DE 219).

    Defendants informed Plaintiffs that the filing of the May 6 letter in the public record would constitute a violation of the Protective Order. However, in a spirit of compromise and though not required under the Protective Order to do so, Defendants sent Plaintiffs on May 8 a version of Plaintiffs' May 6 letter that reflected redactions of the purported summary and quotations of the document that had been designated as confidential under the Protective Order, and as to which Plaintiffs had not filed an application for, let alone obtained, an order overruling the designation pursuant to the procedures required under Paragraph 14 of the Protective Order.

    On May 12, 2014, Plaintiffs took exception to Defendants' proposed redactions to the portion of Plaintiffs' May 6 letter involving Paragraph 234 of Defendants' Rule 56.1 Statement. Paragraph 234 is an assertion by Defendants regarding the lack of admissible evidence from Plaintiffs to prove one of Plaintiffs' central allegations in the case. As a purported basis for striking Defendants' Rule 56.1 Statement, Plaintiffs attempt in their May 6 letter to contravene



Defendants' assertion by referring the Court to a document produced by Defendants from the files of the Martyrs' Institute relating to a person named Wafa Idris, which Defendants had designated as confidential under the Protective Order at the time of production. Plaintiffs' May 6 letter at issue purports to summarize portions of, and quotes from a translation of, the designated document. In their May 12 letter, Plaintiffs agreed to redact a clause from their May 6 letter that purports to summarize the document at issue, but claimed a right to file the remaining portions of the May 6 letter in the public record, including the quotations from translation of the confidential document at issue, unless Defendants applied for relief from the Court within 48 hours. Defendants sent another letter to Plaintiffs on May 14 in a further attempt to resolve the dispute without having to involve the Court, and asked Plaintiffs to extend their imposed 48-hour deadline to enable consideration of Defendants' May 14 letter. Plaintiffs agreed to the extension, but have reiterated their intention to file portions of their May 6 letter that quote from the translation of the document at issue in the public record unless Defendants seek leave from the Court. Accordingly, Defendants have no choice but to submit this application to the Court to avert the public filing and disclosure of the content of documents designated as confidential under the Protective Order.

The following is undisputed: (1) Defendants designated the document quoted by Plaintiffs as confidential under the Protective Order; (2) Plaintiffs have not previously applied for, let alone obtained, an order from the Court overruling the designation pursuant to Paragraph 14 of the Protective Order; and (3) so long as the document at issue is designated as confidential under the Protective Order, Plaintiffs must comply with the filing procedures set forth in Paragraph 3(d) of the Protective Order, which, in this context, precludes Plaintiffs from filing an unredacted version of their May 6 letter containing the quoted material in the public record.

Additionally, the files of the Martyrs Institute are not publicly available or accessible in Palestine. The files also may contain personal information of individuals who are referenced in the files. Whether, as Plaintiffs contend, certain information in those files simply repeats some public allegations or statements by third parties does not alter the non-public, confidential nature of the files of the Martyrs Institute in Palestine.

At the April 11, 2014 hearing in this case, the Court specifically ruled that it was not "going to make any documents that are designated confidential public at this point in time." Hr'g Tr. at 79:2-3 (April 11, 2014). The Court made clear that, if required meet and confer discussions regarding any disputed confidentiality designations were unsuccessful, "[t]he only dispute [the Court] want[s] to hear about any designations is someone saying to me that [the designating party] designated this inappropriately." Id. at 80:18-20. Plaintiffs have not made such an application. Rather, they have attempted to flip their burden onto Defendants by threatening to file the May 6 letter containing the quoted material in the public record and refusing to compromise by filing the redacted version proposed by Defendants. Plaintiffs simply have not, and cannot, demonstrate the non-public, confidential nature of the files of the Martyrs' Institute that Plaintiffs have quoted in the May 6 letter.



Under the circumstances, we request that the Court enter an order precluding Plaintiffs from filing an unredacted version of their May 6, 2014 letter containing the quoted material in the public record.  If the Court denies that request and finds that the document quoted in Plaintiffs' May 6, 2014 letter is somehow not covered by the Protective Order, Defendants alternatively move for leave to modify the Protective Order to cover such documents.

We appreciate the Court's consideration of the foregoing.

Sincerely,

Brian A. Hill