REDACTED - PUBLICLY FILED VERSION

# EXHIBIT C

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

May 16, 2014

**VIA HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>  Re:  *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>        Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

Plaintiffs oppose defendants' request by letter of May 15, 2014 to seal a portion of the "Martyr File" of terrorist suicide bomber Wafa Idris. The disputed text is highlighted in Exhibit A.

**Background**

On March 21, 2012, the Court entered a protective order permitting the parties to invoke confidential treatment of four categories of documents only: (i) "trade secrets or other proprietary, commercial or previously nondisclosed financial information"; (ii) "private medical information"; (iii) "addresses of the plaintiffs"; and (iv) "personal private financial or employment information." Protective Order § 2(a) (DE 219).

Beginning in January 2014, the parties briefed several confidentiality disputes. Defendants took the position that anything they ever unilaterally designated as "Confidential" had to be filed under seal. Plaintiffs disagreed, pointing out that judicial documents had to filed publicly unless the party demanding confidential treatment met the stringent standards of Second Circuit case law on public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

On March 4, 2014, the Court stated "the presumption is that all documents in this case will be publicly filed unless there is a reason to not do that that's articulated and a motion is made to not do that. That is the presumption. So it is their [defendants']

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 16, 2014
Page 2

motion....I need a compelling legal argument from the defense, if that's only a defense issue, why documents in this litigation should not be public documents, and it's got to be more than just, 'It may make my clients look bad.'...This is a public courthouse that resolves public issues in public, not behind closed doors.  And so therefore, the litigation presumption is going to be that unless you articulate the particular reason why certain things should not be made public, documents are made public in the course of litigation....[S]o it's got to be some private document that has not been publicly disclosed that there is a compelling legal reason to not have that evidence available in an open proceeding."  Tr. (Mar. 4, 2014) at 49-51 (DE 439) (Ex. B hereto).

On March 6, 2014, the Court entered an order directing that "[i]f a party objects to the public filing of any motion papers, that party must make an application to the Court for confidential treatment within 48 hours of the receipt of the papers."  (DE 435).

Defendants did not accept the Court's ruling.  They continued to persist in the position that anything they ever unilaterally designated as "Confidential" had to be filed under seal.  The parties submitted further letter applications to the Court concerning this dispute.

On April 11, 2014, the Court issued a second ruling from the bench concerning the dispute. Tr. (Apr. 11, 2014) at 72-81 (DE 478) ("Apr. 11 Tr.") (Ex. C hereto).  The Court held the parties to the four categories in the Protective Order.  The Court explained:

> "[T]here's a confidentiality agreement and protective order in this case.  The confidentiality agreement and protective order via Section 2(a) designates the kinds of documents that qualify as confidential.  If it doesn't fall under that category, it is not confidential.  If it does fall under that category, it is confidential.  That's the ruling." Apr. 11 Tr. at 72-73.

The Court then reiterated its ruling four times:

> "If it's on this list [in the Protective Order], it's confidential and it will remain so unless and until I say it's not.  If it's not on this list, it's not confidential, and I don't have any compelling reason to hear another argument that there's some interest to keep it confidential that the parties didn't agree to." Apr. 11 Tr. at 76-77.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 16, 2014
Page 3

> "[I]f it qualifies as being confidential, that's the extent that it stays confidential."  Apr. 11 Tr. at 77-78.

> "[I]f there's no legitimate argument to make that it falls under one of these categories, then it's not going to stay confidential."  Apr. 11 Tr. at 80.

> "If it doesn't fall under this category, it is not confidential. If it does fall under this category, it is confidential. That's it."  Apr. 11 Tr. at 80-81.

**Continuing Dispute**

Defendants have not accepted the April 11 ruling either. They continue to take the position that anything they ever designated as "Confidential" must be filed under seal.

The current dispute turns on the "Martyr File" of a suicide terrorist named Wafa Idris. She blew herself up on a crowded street in Jerusalem in January 2002, killing one and injuring more than a hundred bystanders, including the Sokolow plaintiffs, who were visiting from their home in New York.

Defendants' liability to the Sokolow family arises from the fact that their employees organized the bombing carried out by Idris and that defendants ratified the terror attack, and exhibited the necessary state of mind, by ███████████████████ ████████████████████████████████████████████ and glorifying her horrific actions.

In their May 15 letter, Defendants ask that the Court keep three statements from the Idris "Martyr File" under seal, despite the fact that they do not fit into any of the four confidentiality categories—and despite the fact that they are composed entirely of information that is public knowledge.

**1.** The first statement says:

[redacted]

**ARNOLD & PORTER LLP**

Hon. George B. Daniels
May 16, 2014
Page 4

      This statement does not fall into any category in the Protective Order, and defendants do not contend otherwise. Under the Court's April 11 Ruling, it therefore cannot be filed under seal.

      In addition, section 6(a) of the Protective Order states that the order's restrictions do not apply to information designated "Confidential" that becomes "public knowledge, not in violation of this Order." The fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is public knowledge—reported even on Wafa Idris' Wikipedia page.

    **2.** The second statement says:

      Again, this statement does not fall into any category in the Protective Order. And, again, the fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was widely reported in the press. *See*, *e.g.*, James Bennet, "Arab Press Glorifies Bomber as Heroine," *New York Times* (Feb. 11, 2002).

    **3.** The final disputed statement says that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defendants take the position that this statement reveals "personal private financial or employment information." But the fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is not "private." To the contrary, it is well documented. For example, newspaper articles state:

> - "The Palestinian Authority (PA) continues to financially support terrorism, and families of terrorists were set to receive a great deal of that financial support, as PA official Rami Hamdallah pledged another $74 million from the PA budget to the families of 'martyrs' for the Palestinian Arab nationalist cause."[1]

---

[1] Dalit Halevi and Tova Dvorin, "Terrorist 'Martyrs' Families to Receive Millions of Dollars," *Israel National News* (Mar. 14, 2014), *available at* http://www.israelnationalnews.com/News/News.aspx/178853#.UzCAdF60bUo.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
May 16, 2014
Page 5

- "The PA also pays monthly stipends to the families of suicide bombers."[2]

**Conclusion**

    Defendants are seeking to misuse their "Confidential Information" designations under the Protective Order to hide obviously non-confidential information that reflects on their state of mind and liability in this case. They refuse to accept the Court's orders that the case will be decided in public, as required under applicable law. The Court should reject their attempt to seal these and similar statements.

                        Respectfully,

                        Kent A. Yalowitz

cc:    All ECF Counsel

---

[2] Ilan Ben Zion, "PA Spends 6% of its Budget Paying Palestinians in Israeli Jails, Families of Suicide Bombers," *The Times of Israel* (Sept. 3, 2012), *available at* http://www.timesofisrael.com/cash-strapped-pa-spends-4-5-million-per-month-compensating-security-detainees/.