# EXHIBIT D

```
 1                         UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF NEW YORK
 2

 3    ------------------------------------------X
                                                :
 4    SOKOLOW, et al,                           : 04-CV-397 (GBD)
                                                :
 5                        Plaintiffs,           :  May 27, 2014
                                                :
 6                  v.                          : 500 Pearl Street
                                                : New York, New York
 7    PALESTINE LIBERATION ORGANIZATION, et al, :
                                                :
 8                        Defendants.           :
      ------------------------------------------X
 9

10          TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY DISPUTES
                   BEFORE THE HONORABLE RONALD L. ELLIS
11                    UNITED STATES MAGISTRATE JUDGE

12    APPEARANCES:

13    For the Plaintiffs:         KENT YALOWITZ, ESQ.
                                  Arnold & Porter
14                                555 12th Street NW
                                  Washington, DC 20004
15

16
      For the Defendant:          BRIAN A. HILL, ESQ.
17                                Miller & Chevalier, Chtd.
                                  655 15th Street NW, #900
18                                Washington, D.C.  20005

19

20    Court Transcriber:          SHARI RIEMER
                                  TypeWrite Word Processing Service
21                                211 N. Milton Road
                                  Saratoga Springs, NY 12866
22

23

24

25


      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service
```

                                                                2

1            THE COURT:  Good afternoon.  This is Judge Ellis.
2    Could I have your appearances, beginning with the plaintiff.
3    Can you hear me?  Hello, this is Judge Ellis.  Can I have your
4    appearances beginning with the plaintiff.
5            MR. YALOWITZ:  Hello, Your Honor.  Kent Yalowitz,
6    Arnold & Porter on behalf of plaintiffs.
7            MR. HILL:  Good afternoon, Your Honor.  It's Brian
8    Hill and [inaudible] Ferguson on behalf of the defendants.
9            THE COURT: This is a conference in Sokolow v.
10   Palestine Liberation Organization, et al., 04-CV-397.  It is
11   Tuesday, May 27th at approximately 4:30 p.m.
12           I asked the parties for this conference on short
13   notice because there's been correspondence between the parties
14   and Judge Daniels concerning the handling of document either
15   designated as confidential or not designated and Judge Daniels
16   is involved a trial now referred the matter to me.  I have
17   reviewed the materials that the parties sent and discussed
18   with Judge Daniels what his intent was in making his views
19   known to the parties.  I thought it best to talk with you to
20   give you an overview of what it is since it -- to the extent
21   that it was not entirely clear.
22           Let me summarize it this way.  It is Judge Daniels
23   intention that the designation of documents as confidential
24   for purposes of filing will be governed by the parties
25   confidentiality agreement.  That is if something has been

3

1  designated as confidential it will remain confidential for the
2  filing of all documents.  If it was not designated as
3  confidential he will not hear argument on confidentiality or
4  anything being added to the list of confidential documents
5  with the proviso that if somebody really wants to make a
6  compelling case and it falls within the purported categories
7  agreed to by the parties then they can make application.
8           I also wanted to emphasize and I think this is borne
9  out in the transcript that the designations of confidentiality
10 for purposes of the documents only holds for filing
11 applications to the court pretrial and that at trial because
12 of the public nature of trials nothing will be introduced into
13 evidence and remain confidential unless the parties can
14 convince him separately that it deserves confidentiality.
15 That is, at that point even if a document has been designated
16 as confidential it will not be deemed confidential for
17 purposes of trial unless the party who seeks to designate it
18 so will be able to convince him that it deserves that special
19 kind of treatment.
20          It is Judge Daniels view that for purposes of filing
21 any applications that the parties have that are not related to
22 confidentiality that whether or not something is designated as
23 confidential should not prejudice any party because they
24 obviously don't have to designate it -- they don't have to
25 redact anything that they submit to him.  So that if there's

```
                                                                    4
 1   any argument or any evidence that the parties want to put
 2   before him for purposes of motions they obviously can do that
 3   regardless of whether or not when they file it in the court's
 4   docket it is redacted or otherwise remains confidential.
 5            To the extent that the parties have any questions
 6   I'm here to give you as much guidance as possible so that you
 7   can move forward with any submissions you want to make to
 8   Judge Daniels.
 9            MR. YALOWITZ:  Thank you, Your Honor.  It's Kent
10   Yalowitz.  Your Honor, I have two requests for the court for
11   clarification.  The first is that there is pending before
12   Judge Daniels a particularized application by the defendants
13   for confidential treatment of a letter that we sent to the
14   court on May the 6$^{th}$.  The court has actually already issued a
15   ruling on the letter but the parties dispute about the
16   contents of the letter which has to do with [inaudible] has
17   prevented us from putting it up on the docket publicly.  Does
18   the court have a ruling on that particular dispute?
19            THE COURT: It appears to me that that -- the answer
20   to that question is simply this.  Was the document designated
21   as confidential?  As far as Judge Daniels is concerned if it
22   was designated as confidential it will remain confidential for
23   purposes of putting things on the docket.  It will not be
24   confidential for purposes of trial unless the party who
25   designates it as confidential can demonstrate it is so.
```

5

1         So to the extent that the letters referred in the
2    May 6th submission were designated as confidential they will
3    remain confidential for purposes of putting on the docket.
4         MR. YALOWITZ: Okay.  That clarification is very
5    helpful, Your Honor.  Thank you.  That was -- led me to my --
6    that leads to the second question which I believe the court
7    has the answer but I just want to make sure we've got it clear
8    which is to the extent that any party which appears at this
9    juncture to be me thinks that the defendants have designated
10   things incorrectly -- in other words, they've just stamped
11   things confidential that don't fall within the categories.  Do
12   I have it right that our remedy for that if we choose to
13   attempt to remedy that our remedy to that would be to apply to
14   Your Honor for a de-designation?
15         THE COURT: No.  Your remedy for that would be to
16   file it as if it's confidential but at trial or for purposes
17   of evidence to have it de-designated.  That is that he is not
18   going to -- he's not going to entertain the issues as
19   discovery issues.  His position and if you look at the
20   transcript Page 76 --
21                 [Pause in proceedings.]
22         MR. HILL: Your Honor, this is Brian Hill.  I don't
23   have it here with me.  So if you're waiting for me to turn
24   please don't wait on me.
25         THE COURT: Okay.

                                                                    6

1              MR. YALOWITZ: Same here although -- I guarantee you
2   both Mr. Hill and I have studied that portion of the April 11th
3   transcript.
4              THE COURT: So Page 76 and 77.  Basically the judge
5   says I'm not going to go through every single document, the
6   thousands and thousands of documents that you want to fight
7   about to determine whether or not you've got an extra argument
8   to make that somehow is in fact confidential.
9              Now, before that he says similarly if you want to
10  disclose documents that are designated confidential by this
11  agreement then you give me some compelling reason that's not
12  inconsistent with this order why those documents should not
13  become public because if you anticipated that they were going
14  to become public then you should have said so that they were
15  going to be handled that way.  What he means by that is that
16  if you -- if you were going to object you should have objected
17  according to the confidentiality agreement.  That was his
18  intent in that statement.
19             MR. YALOWITZ: Okay.  I think we understand the
20  court's ruling and we will abide by it.
21             THE COURT: Okay.  So just to be clear --
22             MR. YALOWITZ: I just -- one other thing.  I should
23  put on the record that the parties have been operating under
24  some procedures where we exchange proposed redactions and
25  provide responses and that logistically has worked pretty well

7

1  I think and so the guidance from the court on the court's
2  ruling I think will resolve the disagreements that the parties
3  have.
4         THE COURT: Well --
5         MR. YALOWITZ: We understand that this is an interim
6  ruling, not designed to govern trial.
7         THE COURT: That is correct.  These are -- as far as
8  Judge Daniels is concerned and I don't think remarkably
9  different from other judges is that the confidentiality
10 agreement of the parties is designed to facilitate discovery
11 and it doesn't -- it is certainly true that sometimes there
12 are disagreements about over designation.  Some parties will
13 resolve those by challenging them.  Some parties decide
14 they're not going to challenge it but if you don't challenge
15 it during discovery it does not mean that for all time those
16 documents will be confidential.  Indeed it doesn't matter --
17 it also means the other way, that is if somebody believes that
18 something should have been designated as confidential they can
19 still make application at the trial to have it designated as
20 confidential even if it was not so designated during the
21 discovery period.
22        A little different considerations as to what will be
23 the effect of trying to make it confidential at that point but
24 the basic ruling is that the discovery phase is complete for
25 confidentiality purposes and that with all the documents that

8

1   have been swirling in this case if there have been
2   misdesignations, over designations that's not going to affect
3   the filing of documents for ECF purposes but it's not going to
4   interlace those documents from trial introduction.
5           MR. YALOWITZ: Okay.  This will save a lot of ink,
6   this -- having this clarity will save a lot of ink and from
7   the plaintiff's perspective we don't like the ruling.  I don't
8   think it's consistent with some of the arguments that we made
9   but we respect the court's ruling and we appreciate the
10  clarity.
11          THE COURT: Anything else either party wants to say?
12          MR. YALOWITZ: Not on that issue but if we have Your
13  Honor's ear maybe we can talk for a moment about the sanctions
14  issue.
15          MR. HILL: Your Honor, this is the defendants.  I
16  don't have anything further.
17          THE COURT: What do you want to say about the
18  sanctions issue, Mr. Yalowitz?
19          MR. YALOWITZ: As I said in my letter of last week,
20  Your Honor, we feel that having a ruling from yourself on the
21  sanctions issue could be beneficial not only on the summary
22  judgment issues which are coming up but also on jury
23  instructions which are due in August and so we're -- we don't
24  think it's appropriate for the defendants to simply grant
25  themselves an indefinite enlargement to respond to our motion.

1           THE COURT: Well, I hear what you're saying although
2  you'll also recall that my position is that the parties had
3  basically aired their positions on the appropriateness of
4  sanctions at the time that it had been raised during our
5  telephone conversation and it was my position that the issues
6  that concern me as far as the appropriate of sanctions would
7  not be further elucidated by submission from the parties
8  because it was going to be my interpretation of how the
9  defendants behaved and what would be an appropriate sanction
10 if they behaved that way.
11          So basically the only -- there are only two issues.
12 One, were sanctions appropriate and if sanctions were
13 appropriate what would be the appropriate sanctions and as I
14 said any submissions which the parties make -- have made I
15 have read and considered but ultimately what this concerns is
16 how the defendants handle the GIS materials and whether or not
17 it is appropriate to have sanctions in the form of either
18 preclusion or jury instructions or any other form of -- I
19 guess it all falls in some category of preclusion but some
20 evidentiary designations that would affect the presentation of
21 the trial.
22          MR. YALOWITZ: Sure.  Of course.  Your Honor, I can't
23 read my mind and I can't -- if I don't ask you for something
24 then I can't expect you to give it to me and I just wanted to
25 make sure that we gave you the information supporting the

10

1   things that we were asking for in a procedurally and
2   evidentially appropriate way.  So if Your Honor has them then
3   I have confidence that's all we need to hear about that.
4           THE COURT: For the parties benefit, and I assume it
5   goes without saying that we have been actively working on the
6   application and the sanctions issue including any time there
7   was additional materials that were sent and so I understand
8   that the parties have certain things and certain strategies
9   that they have to work out and it's certainly my intention
10  that the opinion from the court will be issued without undue
11  delay.  It is high on the list of priorities here and the only
12  thing I will say is this.  I've learned not to make absolute
13  promises but I do anticipate --
14          MR. YALOWITZ: That's good you've been out of
15  practice.  When you're on my side of the bar you kind of
16  [inaudible]
17          THE COURT: I often ask parties also but indeed it
18  means that I want to take the time to go through everything.
19  It doesn't mean that it's going to be a magnum opus, just that
20  I want to make clear in my mind I understand what the
21  arguments are and what impact they're going to have on how I
22  assess the situation.
23          So I consider it fully submitted and the parties
24  will move on from there.  I'll give you any further
25  instructions when the decision is finished.

```
                                                              11
 1            MR. YALOWITZ: Thank you very much, Your Honor.
 2            THE COURT: Anything else?
 3            MR. HILL: Nothing further from defendants, Your
 4   Honor.
 5            THE COURT: We are adjourned.  Thank you.
 6                          * * * * *
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    12
 1      I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                                    _____
 6                                           Shari Riemer
 7   Dated:  June 19, 2014
```