UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

**NOTICE OF NEW AUTHORITY**

Plaintiffs respectfully bring to the Court's attention *Weiss v. Nat'l Westminster Bank PLC*, Civ. 13-1618 (2d Cir.) (attached as Exhibit 1), the Second Circuit's September 22, 2014 decision overturning a grant of summary judgment for defendants in an Anti-Terrorism Act ("ATA") case.  In *Weiss*, the Second Circuit vacated and remanded, because the district court had "imposed on Plaintiffs a more onerous burden with respect to [defendant's] scienter than [the ATA] requires."  Ex. 1 at 11:17-18.

The Second Circuit explained that "§ 2333(a) does not include a mental state requirement on its face," but instead "incorporates the knowledge requirement" from the predicate crime.  *Id.* at 9:1-2.  For the specific predicate crime alleged in that case, a violation of 18 U.S.C. § 2339B(a)(1), the Second Circuit rejected the district court's formulation, which required the plaintiff to show that a defendant knowingly provided material support for terrorist *activity*.

The Second Circuit held that Section 2339B prohibits "the knowing provision of *any* material support to terrorist organizations without regard to the types of activities supported."  *Id.* at 9:2-3 (emphasis in original).  Thus, a Section 2339B plaintiff need only show that the

defendant "knew that it was providing material support to" an organization the defendant knew "engaged in terrorist activity," and need not establish that the defendant "knew it was providing material support for terrorist activity." *Id.* at 10:5-7.

The Second Circuit further held that under Section 2339B(a)(1), a defendant has knowledge that an organization conducts terrorist activity if the defendant "exhibited deliberate indifference to whether the organization engages in such activity," which a plaintiff can establish by showing that the defendant "'knows there is a substantial probability that the organization engages in terrorism but . . . does not care.'" *Id.* at 10:8-14 (quoting *Boim v. Holy Land Found. For Relief and Dev.*, 549 F.3d 685, 693 (7th Cir. 2008)).

The Second Circuit applied this standard and concluded that the plaintiffs had presented evidence sufficient to create a triable issue of fact as to the defendant's scienter. In doing so, the court made specific note of its "lenient standard" for scienter at the summary judgment stage, which allows "'scienter issues to withstand summary judgment based on fairly tenuous inferences, because such issues are appropriate for resolution by the trier of fact.'" *Id.* at 15:5-11 (quoting *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009)).

This decision supports plaintiffs' arguments that the Court should reject defendants' motion for summary judgment and should adopt plaintiffs' proposed jury instructions.

Dated: New York, New York
September 24, 2014

**ARNOLD & PORTER LLP**

By: /s/ Kent A. Yalowitz
Kent A. Yalowitz
KENT.YALOWITZ@APORTER.COM
Philip W. Horton
PHILIP.HORTON@APORTER.COM
Sara K. Pildis
SARA.PILDIS@APORTER.COM
Ken L. Hashimoto

2

        *KEN.HASHIMOTO@APORTER.COM*
      Carmela T. Romeo
        *CARMELA.ROMEO@APORTER.COM*
      Tal R. Machnes
        *TAL.MACHNES@APORTER.COM*

399 Park Avenue
New York, New York  10022
(212) 715-1000

3