# EXHIBIT 2

Charge of court                              3316

1           (The following occurred in the absence of the jury.)

2           THE COURT:  I understand you have some issues with

3    the exhibits.  That's fine.  We will work it out.

4           Let's get the jury charged and instructed and we can

5    work out the exhibits even while they are deliberating.  So

6    don't worry about it.

7           Bring in the jury, please.

8           (Jury present.)

9           THE COURT:  All right.  Be seated, please.

10          Ladies and gentlemen, now that the evidence in this

11   case has been presented and the attorneys have concluded their

12   closing arguments, it is my responsibility to instruct you on

13   the law that governs this case.  The instructions I am going

14   to give you will be in three parts.

15          First, I am going to instruct you on the general

16   rules that govern your duty as jurors in a civil case.

17   That's the longest part of the instructions.

18          Second, I am going to instruct you on the legal

19   elements of the plaintiffs' claims; and then, third -- and

20   it's very brief, the third section -- I will give you some

21   principles that you will use in your deliberations.

22          You are about to enter your final duty, which is to

23   decide the fact issues in this case.  It has been very obvious

24   to me, and I'm sure to counsel for the parties, that you have

25   faithfully discharged your duty to listen carefully and

Charge of court                          3317

1  observe each witness who testified.  Your interest never

2  lagged in this long trial and you followed the testimony with

3  close attention.  I also want to thank each of the attorneys

4  for the very conscientious efforts that they undertook on

5  behalf of their clients.

6          Please give me the same careful attention now that

7  you did the evidence during the trial.

8          You have heard all the evidence in the case, as well

9  as the final arguments of the lawyers for the parties.  My job

10 at this point is to instruct you on the law.  It is your duty

11 to accept these instructions and apply them to the facts as

12 you determine them, just as it has been my duty to preside

13 over the trial and decide what testimony and evidence is

14 relevant under the law for your consideration.

15         On these legal matters, you have to take the law as

16 I give it to you.  If any attorney has stated a legal

17 principle different from any that I state to you in these

18 instructions, it is my instructions that you have to follow.

19         Don't single out any one instruction alone as

20 stating the law.  You have to consider the instructions as a

21 whole when you retire to deliberate in the jury room.

22         You also cannot be concerned about the wisdom of any

23 rule that I state.  Regardless of any opinion that you may

24 have as to what the law may be, or should be, it would violate

25 your sworn duty to base a verdict upon any view of the law

GR        OCR        CM        CRR        CSR

Charge of court                           3318

1    other than that which I am about to give you.

2            As members of the jury, you are the sole and

3    exclusive judges of the facts.  You pass upon the evidence.

4    You determine the credibility of the witnesses.  You resolve

5    such conflicts as there may be in the testimony.  You draw

6    whatever reasonable inferences you decide to draw from the

7    facts as you have determined them, and you determine the

8    weight of the evidence.  In determining these issues, no one

9    may invade your province or functions as jurors.

10           Remember that in carrying out your duty, you took an

11   oath to render judgment impartially and fairly, without

12   prejudice or sympathy, and without fear, solely upon the

13   evidence in the case and the applicable law.  I know that you

14   will do this and reach a just and true verdict.

15           Now, in the course of the trial, it has been

16   necessary for me to rule on the admission of evidence.  You

17   must not conclude from any ruling that I have made, or from

18   any question I may have asked, or from anything that I may

19   have said during the course of the trial, that I favor any

20   party to this lawsuit.  I do not.  I hold no such view, I

21   assure you.  It is going to be your recollection of the

22   evidence and your decisions on the issues of fact that will

23   decide this case.  You are also to draw no inference from the

24   fact that I occasionally asked questions of certain witnesses.

25   When I did that, that was only intended for clarification or

GR      OCR     CM     CRR     CSR

Charge of court                    3319

1  to expedite matters and certainly it wasn't intended to

2  suggest any opinion on my part as to what verdict you should

3  render, or whether any of the witnesses may have been more

4  credible than any of the other witnesses.  You are expressly

5  to understand that I have no opinion as to the verdict you

6  should render in this case.  It is entirely up to you.

7           It is the duty of the attorneys on each side of the

8  case to object when the other side offers testimony or other

9  evidence that an attorney believes is not properly admissible.

10 Counsel also have the right and the duty to ask me to make

11 rulings of law and to request conferences at the side bar out

12 of your hearing.  All those questions of law have to be

13 decided by me.  You should not concern yourselves with, or

14 speculate about, the contents of any discussion that I may

15 have had with the lawyers at the side bar.  You also must not

16 bear any prejudice against any attorney or that attorney's

17 client because that attorney objected to the admissibility of

18 evidence or asked for a side bar conference out of your

19 hearing, or asked me to make a ruling on a point of law.

20 That's their job.  They are supposed to do that.

21          In reaching your verdict, you are not to be swayed

22 by sympathy for the parties; nor what the reaction of the

23 parties or of the public to your verdict may be, or whether it

24 will please or displease anyone; or be popular or unpopular

25 or, indeed, by any consideration outside the case as it has

GR      OCR      CM      CRR      CSR

1    been presented to you in this courtroom.  You should consider

2    only the evidence, find the facts from what you consider to be

3    the believable evidence, and apply the law as I am now giving

4    it to you.  Your verdict will be determined by the conclusion

5    you reach, no matter whom the verdict helps or hurts.

6            It would be improper for you to consider any

7    personal feelings you may have about any of the parties' or

8    the witness' race, religion, national origin, sex or age.

9    Those considerations have no place in this court.

10           The parties in this case are entitled to a trial

11   that is free from prejudice.  Our judicial system can't work

12   unless you reach your verdict through a fair and impartial

13   consideration of the evidence.

14           In this case, the defendant is a foreign bank.  The

15   mere fact that one of the parties is a bank and is foreign

16   does not mean that it is entitled to any lesser or greater

17   consideration by you.  All litigants are equal before the law,

18   and corporations and banks, big or small, foreign or domestic,

19   are entitled to the same fair consideration as you would give

20   any other individual party.

21           In deciding this case, you may only consider the

22   exhibits which have been admitted into evidence, the testimony

23   of the witnesses as you have heard it in this courtroom, and

24   has been read from their sworn testimony before trial --

25   that's the depositions -- and the stipulations entered into by

Charge of court                    3321

1   the parties.

2        Arguments, remarks, and summations of the attorneys

3   are not evidence.  Nor is anything that I may have said with

4   regard to the facts of this case.  Anything you may have seen

5   or heard about this case outside the courtroom, although I

6   know you all tried really hard not to let that happen, if you

7   did hear anything, that is not evidence and it has to be

8   disregarded.

9        There are two types of evidence that you can

10  consider.

11       One type is called direct evidence.  Direct evidence

12  is a witness' testimony, or the contents of a document, about

13  what the witness saw, heard, or observed.  In other words,

14  when a witness testifies about what is known to that witness

15  by virtue of the witness' own senses -- what the witness sees,

16  feels, hears or touches -- that's called direct evidence.

17       Circumstantial evidence is evidence that tends to

18  prove a fact by proof of other facts.  Here is the example

19  that we use to demonstrate the difference between direct and

20  circumstantial evidence.  If you are outside and it is raining

21  and you see rain coming down, you've got direct evidence of

22  it.  You see it, with your own eyes.  You know it is

23  happening.  But we are here in a courtroom and you can't

24  really tell from the window what it is doing outside.  You

25  really don't know.  But if someone were to walk in here

GR        OCR        CM        CRR        CSR

Charge of court                     3322

1  wearing a dripping wet raincoat and carrying a dripping wet

2  umbrella, you could conclude that it is raining outside.  On

3  the other hand, if people keep walking in in coats and they

4  are dry, you could conclude that it is not raining outside.

5          That's all there is to circumstantial evidence.  You

6  infer on the basis of reason and experience and common sense

7  from an established fact the existence or the nonexistence of

8  some other fact.  Circumstantial evidence is of no lesser

9  value than direct evidence.  You alone decide what weight to

10 give to all of the evidence.

11         Some of the evidence that I have admitted in this

12 case or that was shown to you, I told you I was letting that

13 happen for a limited purpose only.  When I instructed that an

14 item of evidence was admitted for a limited purpose, you must

15 consider it only for that limited purpose and for no other.

16         If you have any question about whether a particular

17 item of evidence was admitted or shown to you for a limited

18 purpose, just send out a note and we will clarify that for

19 you.

20         The law does not require you to accept all of the

21 evidence that I admitted.  In deciding what evidence you will

22 accept, you must make your own evaluation of the testimony

23 given by each of the witnesses, and decide how much weight you

24 choose to give to that testimony.  As I mentioned when we

25 started the trial, there is, unfortunately, no magic formula

GR      OCR      CM      CRR      CSR

Charge of court                                    3323

1   by which you can evaluate testimony.  You bring with you to

2   this courtroom all of the experience and background of your

3   lives.  In your everyday affairs, you decide for yourselves

4   the reliability or unreliability of things that people say to

5   you.  The same tests that you use in your everyday dealings

6   apply in your jury deliberations here.  For example, the

7   interest or lack of interest of any witness in the outcome of

8   the case; the bias or prejudice of a witness, if there is any;

9   the manner in which the witness gives testimony on the stand;

10  the opportunity that the witness had to observe the facts

11  about which the witness has testified; and the probability or

12  improbability of the witness' testimony when considered in

13  light of all of the other evidence in the case, all these are

14  items for you to consider in deciding how much weight, if any,

15  you are going to give to that witness'  testimony.

16          If it appears there is a discrepancy in the

17  evidence, you will have to consider whether the apparent

18  discrepancy can be reconciled by fitting the two stories

19  together.  If that's not possible, then you will have to

20  decide which of the conflicting stories you will accept.

21          The parties to this lawsuit and some of the other

22  witnesses testified before you.  The parties, and some of

23  these witnesses, are considered interested witnesses, which

24  means, they may stand to benefit in some way from the outcome

25  of the case.

Charge of court                                3324

1          An interested witness is not necessarily less

2     believable than a disinterested witness.  The fact that the

3     witness is interested in the outcome of the case does not mean

4     that the witness hasn't told the truth.  It is for you to

5     decide from the demeanor of the witness on the stand and such

6     other tests as your experience dictates whether or not the

7     testimony has been influenced, whether intentionally or

8     unintentionally, by any interest that the witness has.  You

9     may, if you consider it proper under all of the circumstances,

10    not believe the testimony of such a witness, even though it is

11    not otherwise challenged or contradicted.  However, you are

12    not required to reject the testimony of such a witness, and

13    you can accept all or such part of that witness' testimony as

14    you find reliable and reject the part that you find unworthy

15    of acceptance.

16          Certain witnesses in this case did not speak English

17    as their first language and had limited abilities speaking and

18    understanding English.  An interpreter, as you know, was used

19    during their testimony.  You must not make any assumptions

20    about a witness based solely upon the use of an interpreter to

21    assist that witness.  The fact that witness' testimony was

22    translated from a foreign language must not be considered in

23    deciding the credibility of the witness:  Testimony must not

24    be discounted or disregarded solely because it was translated.

25          The evidence to be considered by you is only that

GR      OCR      CM      CRR      CSR

1  provided through the official court interpreters for

2  testimony.  The same applies with respect to documents in this

3  case, where the parties have agreed to translations.  Unless

4  you have been informed of some objection or dispute, you must

5  accept the agreed English interpretation or translation.

6           You have also seen video of and heard the lawyers

7  read portions of documents referred to as examinations before

8  trial, or more familiarly depositions.

9           At some point before this trial began, the witness,

10  under oath, answered certain questions put to him by the

11  lawyers for the parties, or her.  We had one female witness, I

12  think.  A stenographer recorded the questions and answers and

13  transcribed them into a document which the witness later

14  signed before a notary public.  The portions of the transcript

15  of the examination before trial that you heard are to be

16  considered as if the witness were testifying from the witness

17  stand.

18           You have heard testimony from witnesses described as

19  experts.  Experts are witnesses who by education, experience,

20  or training have acquired learning or experience in a science

21  or other specialized area of knowledge.  Such witnesses are

22  permitted to give their opinions as to relevant matters in

23  which they profess to be experts and give their reasons for

24  their opinions.  Expert testimony is presented to you on the

25  theory that someone who is experienced in the field can assist

Charge of court                    3326

1   you in understanding the evidence or in reaching an

2   independent decision on the facts.

3            Your role in judging credibility applies to experts

4   as well as to other witnesses.  You should judge this

5   testimony in the same way that you judge the testimony of any

6   other witness.  The fact that such a person has given an

7   opinion does not mean that you are required to accept it.  In

8   weighing the testimony, you should consider the factors that

9   generally bear upon the credibility of a witness, as well as

10  the expert witness' education, training and experience, the

11  soundness of the reasons given for the opinion, and all other

12  evidence in the case.  You should consider the expert opinions

13  which were received in evidence in this case and give them as

14  much or as little weight as you think they deserve.  If you

15  decide that the opinion of an expert was not based on

16  sufficient education, experience or sufficient data, or if you

17  should conclude that the trustworthiness or credibility of the

18  expert is questionable for any reason, then you might

19  disregard the opinion of that expert.  Furthermore, if the

20  opinion of an expert was outweighed, in your judgment, by

21  other evidence in the case, then you might disregard the

22  opinion of that expert entirely or in part.

23           On the other hand, if you find that the opinion of

24  an expert is based on sufficient data, education, training and

25  experience, and the other evidence does not give you reason to

Charge of court                           3327

1    doubt his or her conclusions, you would be justified in

2    placing great reliance on the expert's testimony.

3              (Continued on next page.)

GR        OCR        CM        CRR        CSR

- Charge -                                                    3328

1      THE COURT:  The expert's opinion is what you must

2  consider.  The facts and data upon which an expert based that

3  opinion are not evidence, unless those facts were

4  independently admitted into evidence.

5      Now, you heard me say that the plaintiffs must prove

6  their case by a preponderance of the evidence.  The question

7  you naturally have is, "what does a preponderance of the

8  evidence mean?" To establish a fact by a preponderance of the

9  evidence, means to prove that something is more likely true

10 than not true.  In other words, preponderance of the evidence

11 means, such evidence that when considered and compared with

12 the evidence opposed to it, has more convincing force, and

13 produces in your mind, the belief, that what is sought to be

14 proved is more likely so than not so.

15     A preponderance of the evidence means, a greater

16 weight of the evidence.  It refers to the quality and

17 persuasiveness of the evidence, not the number of witnesses or

18 documents produced by either party.

19     In determining whether a claim has been proved by a

20 preponderance of the evidence, you may consider the relevant

21 testimony of all witnesses, regardless of who may have called

22 them, and all the relevant exhibits received in evidence,

23 regardless of who may have produced them.

24     The burden of proof rests on the plaintiffs.  That

25 means, that in order for the plaintiffs to prevail, the

- Charge -                                              3329

1   evidence that supports their claim must appeal to you as more

2   nearly representing the truth than the evidence opposed to

3   their claim. If it does not, or if it weighs so evenly that

4   you are unable to say that there is a preponderance on either

5   side, then you must decide the question in favor of the

6   defendant. It is only if the evidence favoring the plaintiffs'

7   claim outweighs the evidence opposed to it that you can find

8   in favor of the plaintiffs.

9          Now, during these instructions, you have heard me

10  use the term, "inference," and in the lawyers' arguments, they

11  asked you to infer on the basis of your reason, experience and

12  common sense from one or more established facts, the existence

13  of some other fact.

14          An inference is not a suspicion or guess.  It is a

15  reasoned, logical decision to conclude that a fact exists on

16  the basis of another fact, that you know exists. There are

17  times when different inferences maybe drawn from facts,

18  whether proved by direct or circumstantial evidence.  The

19  plaintiffs want you to draw one set of inferences, while the

20  defendant wants you to draw another set of inferences. It is

21  for you and you alone to decide what inferences you are going

22  to draw.

23          The process of drawing inferences from facts in

24  evidence is not a matter of guesswork or speculation.  An

25  inference is a deduction or conclusion that you, the jury, are

- Charge -                                    3330

1  permitted, but not required to draw, from the facts that have

2  been established by direct or circumstantial evidence.

3          Now, before a case goes to trial, the litigants go

4  through a process called "discovery".  In that process, each

5  party is required to turn over documents in their possession

6  that are relevant to the other side's case, as well as have

7  witnesses answer questions posed by that other party.

8  Nevertheless, in this case, the defendant refused to produce

9  certain documents that the plaintiffs requested and refused to

10 permit their witnesses to answer questions during depositions.

11         Accordingly, based on this refusal, you may, but you

12 are not required to infer the following:

13         First, that the defendant provided financial

14 services to Hamas, and to individuals affiliated with Hamas.

15         Second, that defendant processed and distributed

16 payments on behalf of the Saudi Committee to terrorists,

17 including those affiliated with Hamas, the relatives or

18 representatives.

19         And, three, that the defendant did these acts

20 knowingly.

21         Now, because the bank made a complete production of

22 the account records of Osama Hamdan, it is entitled to rely on

23 the files it produced with respect to its state of mind as to

24 that account.

25         Now, the mere existence of an inference against the

- Charge -                                    3331

1  defendant, does not by itself relief the plaintiffs of the

2  burden of establishing their case by a preponderance of the

3  evidence.

4        If the plaintiffs are to obtain a verdict, you must

5  still find from the credible evidence that they have sustained

6  the burden cast upon them.  If plaintiffs have failed, then

7  your verdict must be for the defendant. If you should find

8  that all of the evidence is evenly balanced, then the

9  plaintiffs have failed to sustain the burden of proof and your

10  verdict should be for the defendant. If and only if you

11  determine after carefully weighing all the evidence, that the

12  facts favor the plaintiffs by the standard I have articulated,

13  then they have met their burden of proof.

14        All right.  Let me turn now to the legal elements of

15  the claim you are going to decide.  It is the second part of

16  these instructions.

17        First, let me define for you the word, "knowingly".

18  Because plaintiffs' claims implicate the concepts of knowledge

19  and intent, I'm going to discuss these concepts before

20  addressing the elements of those claims. You should consider

21  the term "knowingly", to have the definition I am about to

22  give, wherever it is mentioned in these instructions.

23        A person acts knowingly, if he acts intentionally

24  and voluntarily, and not because of ignorance, mistake,

25  accident or carelessness. Whether the defendant acted

- Charge -                                  3332

1  knowingly maybe proven by its conduct and by all of the facts

2  and circumstances surrounding the case.

3         One way in which plaintiffs can prove that defendant

4  acted knowingly, is by proving that the defendant deliberately

5  closed its eyes to a fact that otherwise would have been

6  obvious to it. In order to infer that defendant deliberately

7  closed its eyes to a fact, you must find that two things have

8  been established.

9         First, that the defendant was aware of a high

10 probability of the fact in question.  Second, that the

11 defendant consciously and deliberately avoided learning of

12 that fact. That is to say, defendant willfully made itself

13 blind to the fact. It is entirely up to you to determine

14 whether the defendant deliberately closed its eyes to the

15 fact, and if so, what inference if any should be drawn.

16        However, it is important to bear in mind, that mere

17 negligence or mistake in failing to learn the fact, is not

18 sufficient.  There must be a deliberate effort to remain

19 ignorant.

20        Now, the law to be applied to the plaintiffs' claims

21 is the federal Anti-Terrorism Act, Title 18 of the United

22 States Code, Section 2333(a).

23        That statute provides a remedy for individuals who

24 allege they have suffered injury to their person, property, or

25 business by reason of an act of international terrorism.

1        As part of their claims, plaintiffs must prove that

2   the attacks in which they were allegedly injured were acts of

3   international terrorism. Here, the parties have stipulated

4   that each of the 24 attacks at issue, were acts of

5   international terrorism within the meaning of this statute.

6   Therefore, I instruct you to find that plaintiffs have

7   satisfied this element of their claim.

8        Plaintiffs must also prove that the defendant

9   committed an act of international terrorism.  Plaintiffs

10  allege that the defendant committed an act of international

11  terrorism by violating 18 U.S.C., that is United States Code,

12  Section 2339B.

13       A violation of 18 U.S.C. 2339B is itself an act of

14  international terrorism.  Therefore, I instruct you as a

15  matter of law, if you find that plaintiffs have proved by a

16  preponderance of the evidence, that the defendant violated

17  section 2339B of Title 18, you must find that plaintiffs have

18  proved that defendant committed an act of international

19  terrorism.

20       So let me now turn to 2339B.

21       Plaintiffs allege that the defendant violated 2339B

22  by knowingly providing material support to a foreign terrorist

23  organization.  To prove this portion of their claim,

24  plaintiffs must establish the following elements by a

25  preponderance of the evidence:

- Charge -                                                    3334

1        First, that the defendant provided material support

2   or resources. For the purposes of this case, the term

3   "material support or resources", means any property, tangible

4   or intangible, or service, including currency, monetary

5   instruments, financial securities, or financial services. If

6   you should find by a preponderance of the evidence that the

7   defendant provided support or resources in any of these forms,

8   then plaintiffs' burden with respect to this first element is

9   met.

10       Second, the plaintiffs must prove that the defendant

11  provided this support or these resources to a foreign

12  terrorist organization, specifically, Hamas. I instruct you as

13  a matter of law, that Hamas has been designated a foreign

14  terrorist organization, by the United States Secretary of

15  State, and was so designated by the Secretary on October 8th,

16  1997.

17       Consequently, if you find by a preponderance of the

18  evidence that the defendant provided any of the types of

19  "material support or resources" that I have just described, to

20  Hamas, or furnished it to any person acting on behalf of

21  Hamas, then plaintiffs' burden with respect to this element

22  will have been met.

23       You should find that the defendant provided material

24  support or resources to Hamas, if you find that the person or

25  entity to which the defendant provided the support or

- Charge -                                                    3335

1  resources was operating under Hamas' direction or control or

2  if that person or entity was organizing, managing supervising

3  or otherwise directing the operation of Hamas' personnel or

4  resources.

5        Conversely, if plaintiffs do not prove that the

6  person or entity to which the defendant provided the support

7  or resources, was operating under Hamas' direction or control,

8  or that the person or entity was organizing, managing,

9  supervising, or otherwise directing the operation of Hamas'

10  personnel or resources, then you should find that the

11  defendant did not provide material support or resources to

12  Hamas.

13        The third element that plaintiffs have to prove is

14  that in providing material support or resources to a foreign

15  terrorist organization, the defendant did so, knowingly.

16        Now, I previously explained to you the definition of

17  "knowingly", and you should follow those instructions here.

18  For this element to be satisfied, plaintiffs must prove by a

19  preponderance of the evidence, that the defendant knew that it

20  was providing material support to Hamas, and that the

21  defendant also knew:

22        One, that Hamas had been designated by the Secretary

23  of State, as a "foreign terrorist organization", or

24        Two, that Hamas engaged in "terrorist activity", or

25        Three, that Hamas engaged in terrorism.

- Charge -                                              3336

1        Now, I have already explained to you that Hamas was

2   designated as a foreign terrorist organization, by the U.S.

3   Secretary of State.  If you find that the defendant knew that

4   it was providing material support to Hamas, and knew that

5   Hamas was designated as a foreign terrorist organization,

6   plaintiffs' burden with respect to this element will be met.

7        Alternatively, if you find that the defendant knew

8   it was providing material support to Hamas, and knew that

9   Hamas engaged in "terrorist activity", then plaintiffs' burden

10  with respect to this element would also be met.

11       The term "terrorist activity", includes hijacking or

12  sabotage of an aircraft, vessel, vehicle, train, or other

13  conveyance; seizing, detaining or threatening to kill, injure

14  or further detain any person to compel or coerce some third

15  party, including a government, to do or not do some act; or a

16  violent attack upon an internationally protected person,

17  including employees and officials of governments, and

18  international organizations; assignations; or the use of any

19  explosive, firearm or other weapon or dangerous device, other

20  than for monetary gain, and with intent to endanger the safety

21  of one or more individuals or to cause substantial damage to

22  property.

23       As a further alternative, if you find that the

24  defendant knew it was providing material support to Hamas, and

25  knew that Hamas engaged in "terrorism", plaintiffs' burden

- Charge -                                            3337

1  with respect to this element would also be met.

2          The term "terrorism" means premeditated, politically

3  motivated violence against noncombatant targets by

4  sub-national groups or clandestine agents.

5          Now, those are the elements of this statute.

6          If you find that the defendant violated this Section

7  2339B, by knowingly providing material support or resources to

8  Hamas, you then will have to consider whether the provision of

9  that material support or those resources proximately caused

10  plaintiffs' injuries.

11          To show this, plaintiffs must show that the

12  defendant's unlawful acts were a substantial factor in the

13  sequence of events responsible for causing plaintiffs'

14  injuries and that plaintiffs' injuries were reasonably

15  foreseeable or anticipated as a natural consequence of such

16  acts.

17          An injury is proximately caused by unlawful activity

18  only when the activity, in natural and continuous sequence

19  produces or contributes substantially to producing, such

20  injury.

21          In other words, the unlawful activity at issue must

22  be a substantial and identifiable cause of the injury that

23  plaintiffs claim.  Activities that are too remote, too

24  indirect, or too attenuated are insufficient.

25          The plaintiffs are not required to prove the

RB        OCR

- Charge -                                          3338

1   defendant's alleged unlawful acts were the sole cause of their

2   injuries; nor do plaintiffs need to eliminate all other

3   possible causes of injury. It is enough if plaintiffs have

4   proved that the defendant's acts substantially contributed to

5   their injury, even though other factors may also have

6   significantly contributed as well.

7         I further instruct you that if you find that

8   plaintiffs have not proven that it is more likely than not

9   that Hamas committed a particular attack, you must also find

10  the defendant's acts did not proximately cause plaintiffs'

11  injuries from that attack.

12        By the way, I should let you know, I will give you a

13  copy of these instructions to take in, all right.  Don't feel

14  like this is a memory test, you have to remember every word.

15  You will be able to consult.

16        Now, in this trial, the plaintiffs claim that they

17  were injured by 24 separate terrorist attacks allegedly

18  carried out by Hamas.  You have to consider each of those

19  attacks separately.  To establish defendant's liability for

20  any specific attack, the plaintiffs must prove the elements of

21  liability that I have just explained to you with regard to

22  that specific terrorist attack.

23        That is, for each attack, plaintiffs must prove that

24  Hamas committed the attack, that defendant knowingly provided

25  material support to Hamas, and that defendant's unlawful acts

- Charge -                                                    3339

1  proximately caused plaintiffs' injuries from that attack.

2          Proof of liability relating to one alleged terrorist

3  attack, does not automatically constitute proof of liability

4  relating to any other alleged terrorist attack. You have to

5  consider each of the 24 attacks at issue here, separately.

6          Similarly, evidence that might be relevant to one

7  attack, might not be relevant to others.  In considering

8  whether a particular item of evidence is relevant to a

9  particular attack, you should use your common sense. Evidence

10 of events or actions that occurred long before or long after a

11 particular terrorist attack, may not be relevant to that

12 attack.

13         Now, as I noted, the defendant is a corporate,

14 corporation, corporate entity.  A corporation is a legal

15 entity that may act only through its agents.  The agents of a

16 corporation are its officers, directors, employees, and

17 certain others who are authorized by the corporation to act

18 for it.

19         In order for plaintiffs to sustain their burden of

20 proof for their claims against defendant, plaintiffs must

21 prove by a preponderance of the evidence that the elements

22 required for liability that I have just explained to you in

23 these instructions, were committed by an officer, director,

24 employee, or agent of the corporation.

25         The law holds a corporation responsible for all

1 unlawful acts of its directors, or officers, or employees, or

2 other agents, provided the unlawful acts are done within the

3 scope of their authority.  As would usually be the case if

4 done in the ordinary course of their employment or in the

5 ordinary course of the corporation's business.

6          Authority to act for a corporation in a particular

7 matter, or in a particular way or manner, maybe inferred from

8 the surrounding facts and circumstances shown by the evidence

9 in the case.

10          Authority to act for a corporation, like any other

11 fact in issue, in a civil case, need not be established by

12 direct evidence, but maybe established by indirect or

13 circumstantial evidence.

14          (Transcript continues on next page.)

15

16

17

18

19

20

21

22

23

24

25

Charge of the Court                    3341

1      Now, you heard evidence concerning defendant's

2  policies and procedures, and banking industry standards and

3  practices.  You may consider this evidence in deciding whether

4  the defendant acted knowingly.  A defendant who violates an

5  industry standard is not necessarily liable under the Anti

6  Terrorism Act if the defendant did not knowingly provide

7  material support to a foreign terrorist organization, as I

8  have already defined those terms for you.  Conversely,

9  compliance with industry standards does not necessarily shield

10  a defendant who knowingly provides material support to a

11  foreign terrorist organization.  However, I instruct you that

12  you are only to consider evidence concerning defendant's

13  policies and procedures or compliance with banking industry

14  standards and practices with regard to its mental state

15  regarding the account for which it produced complete records.

16  That is, the Beirut account of Osama Hamdan.  You recall

17  that's the only account for which the plaintiffs were given

18  complete financial records.

19      Now, at times during the trial, you have also heard

20  references to the laws of foreign nations, including Israel,

21  Palestine, Jordan, Lebanon and others.  You are not to

22  consider whether any conduct was illegal or legal under the

23  laws of any other nation.  You are to concern yourself solely

24  with the laws of the United States that I have described in

25  these instructions.

Charge of the Court                3342

1        All right.  That completes part two.

2        Part three is very short.  Bear with me here.

3        Now, I have outlined for you the rules of law

4   applicable to the allegations in this case and the processes

5   by which you should weigh the evidence and determine the

6   facts.  I will give you some guidance to use in your

7   deliberations.

8        You are about to go into the jury room to begin your

9   deliberations.  More likely, I'll have you start tomorrow

10  morning.  Your function, to reach a fair conclusion from the

11  law and the evidence is a very important one.  Your verdict

12  has to be unanimous.  That is, all of you must ultimately

13  reach the same conclusion.

14       Each juror is entitled to his or her opinion.  Each

15  should, however, exchange views with their fellow jurors.

16  That's the very purpose of jury deliberations -- to discuss

17  and consider the evidence; to listen to the arguments of

18  fellow jurors; to present your individual views; to consult

19  with one another; and to reach an agreement based solely and

20  wholly on the evidence, if you can do so without violence to

21  your own individual judgment.

22       Each of you has to decide the case for yourself

23  after consideration of the evidence in the case with your

24  fellow jurors.  You should not hesitate to change an opinion

25  which, after discussion with your fellow jurors, appears

Charge of the Court                     3343

1    erroneous.  However, if, after carefully considering all of

2    the evidence and the arguments of your fellow jurors, you

3    entertain a conscientious view that differs from the others,

4    you are not to yield your conviction simply because you are

5    outnumbered.  Your final vote must reflect your conscientious

6    conviction as to how the issues should be decided.

7            Now, no member of the jury should attempt to

8    communicate with me or any court personnel by any means other

9    than a signed writing.  All communication has to be signed in

10   writing by your foreperson -- and I'll tell you how you get

11   your foreperson -- and given to one of the marshals, who is

12   going to be standing right outside your door at all times.

13   I'll respond to any questions or requests that you have as

14   promptly as possible, either in writing or, more likely, I'll

15   bring you back into open court, so I can speak to you in

16   person.  In any event, if we have any of those written

17   communications, or are bringing you into court, you are not to

18   tell me, even here in open court nor in a note that you send

19   to me, how the jury stands numerically or otherwise on the

20   issue of defendant's liability until after a unanimous verdict

21   is reached.  I'm not going to communicate with any member of

22   the jury on any subject touching on the merits of the case

23   other than in writing or orally here in open court.

24           Now, all exhibits admitted into evidence are going

25   to be brought in to you in the jury room.  The only exception

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1   to that is, we don't have any machines by which you could

2   watch the videos.  So, if there's any video that you want to

3   see, just let us know, and we'll bring you into the courtroom

4   so that you can watch it here.

5            If you find you need to have a portion of the

6   testimony read back to you, that can be done.  However, please

7   remember that it's not always easy to locate what you want.

8   So, if you want something read back to you, please be as

9   specific as you possibly can in requesting portions of

10  testimony that you may want to review.  You know, tell us what

11  witness, what topic from that witness, anything else you can

12  to help us hone in on the portion of the transcript that you

13  want to hear.

14           When you've reached a verdict, what you do is, you

15  take an ordinary piece of note from your notepad -- your

16  foreperson will do this -- sign it, and say, We have reached a

17  unanimous verdict.  That's all the note says.  Don't indicate

18  in that note what the verdict is.  I prepared a verdict form,

19  which I think both sides showed you during their closing

20  argument, and it's very straightforward.  It basically

21  says, "Applying all the instructions that I have given you and

22  considering each of the elements of the claims as to each

23  attack, is the defendant liable?"  And then

24  there's "Twenty-four attacks," and you check yes or no as to

25  each one.

Charge of the Court                    3345

1          After the questions are completed, the foreperson

2    should sign and date that verdict form, and you bring it into

3    the courtroom with you when I call you back to deliver your

4    verdict, so that the way it works, the first thing we get from

5    you is a note from your foreperson which says, "We have

6    reached a unanimous verdict," signed, foreperson.  I then

7    bring you back into the courtroom, and I will ask you, "Is

8    that right?  Do you have a unanimous verdict?"  And when you

9    tell me you do, then I'll have Ms. Clark pick up the verdict

10   form from you, and she'll hand it to me.

11          Now, with regard to the verdict form, you may not

12   infer, from the fact that questions are submitted to you or

13   from the wording of how the form is set up or from anything

14   that I have said or say in instructing you concerning those

15   questions that I said just now, that I have any view as to how

16   you should answer those questions.  I have no view.  Again,

17   this is your job.  You're going to have to answer those

18   questions yourself.

19          Your oath sums up your duty, and that is, that you

20   will, without fear or favor to any person, conscientiously and

21   truly try the issues before you according to the evidence

22   given to you in court under the law.

23          Now, let me say two more things to you.  First, it's

24   been very clear to me that you are a very collegial jury and

25   you're getting along very well.  I therefore am going to let

Charge of the Court                    3346

1   you pick your own foreperson.  I recommend to you that you

2   spend very little time doing that.  The foreperson doesn't get

3   paid any more, really doesn't have any more authority than

4   anybody else.  They serve as the communication point with the

5   Court.  Get it out of the way fast.

6           And then I think the way we'll work it now, we'll

7   have a court officer come up, have him sworn to take you to a

8   secluded place, because that's the way we have been doing this

9   for 300 years, then he'll take you into the jury room now.

10  Once you're in the jury room, you are dismissed and you can go

11  home.  I think it would be foolish to have you start

12  deliberating tonight.  What I want you to do instead is come

13  back promptly again by 9:30 tomorrow morning and start your

14  deliberations then.

15          I'm not going to call you into open court to do

16  that, but I do want to advise you that you can't start your

17  deliberations tomorrow morning at 9:30 until all eleven of you

18  are in the room.  So, don't start talking about the case until

19  everyone is there, and then you'll pick your foreperson and

20  your deliberations will commence.

21          With that, I'll have the court officer sworn, and

22  then I'll give you your normal admonition for today:  Please,

23  no research, Internet or otherwise.  Stay away from any media

24  coverages.  No communications.  No postings on any web sites,

25  anything about the case.  And we will see you tomorrow morning

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

3347

1  at 9:30.  Report directly to that jury room behind us, as you

2  have been doing.

3          Let's have the court officer sworn.

4          (Court officer sworn.)

5          THE COURT:  All right.  Ladies and gentlemen, you

6  are dismissed for the evening.  Once you hit the jury room,

7  have a good night.

8          (Jury excused.)

9          THE COURT:  All right.  Be seated.  I think I took

10  care of Mr. Osen's problem with the videos; right?

11          MR. OSEN:  The videos?

12          THE COURT:  I thought you had a problem.  You wanted

13  to make sure they knew they had access to the videos.

14          MR. OSEN:  I think the issue with the videos is

15  resolved.  But to be honest, I don't really know what it was.

16          THE COURT:  That's fine.

17          Now, it should not be a big deal to put together the

18  exhibits and get it into the jury room.  Do I have any reason

19  to think there's going to be a problem with that?

20          MR. INGERMAN:  I think we worked through all of the

21  issues except for one.  The plaintiffs suggested that the

22  deposition designations go back.  That's never been my

23  experience, and your Honor's instruction, it's as if they

24  testified from the witness stand.

25          THE COURT:  I agree with that.  I don't send back

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER