UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARK I. SOKOLOW, *et al.*,   )
    )
    Plaintiffs,   )   Docket No.
    )   04-cv-397 (GBD) (RLE)
    v.   )
    )
THE PALESTINE LIBERATION ORGANIZATION,   )
*et al.*,   )
    )
    Defendants.   )
    )

---

### NOTICE OF NEW SECOND CIRCUIT AUTHORITY INTERPRETING *DAIMLER* AND COMPELLING DISMISSAL FOR LACK OF PERSONAL JURISDICTION

On September 17, 2014, the U.S. Court of Appeals issued a decision in *Gucci America, Inc. v. Bank of China*, Nos. 11-3934-cv, 12-4557-cv (2d Cir. Sept. 17, 2014), that compels dismissal of this lawsuit for lack of personal jurisdiction over Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"). For the Court's convenience, the decision is attached as Exhibit A. The Second Circuit's controlling interpretation of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), forecloses the Court's exercise of general personal jurisdiction over the Defendants.

    **I.**    **The Court's Position That *Daimler* Did Not Constitute a Change in the Controlling Law Warranting Reconsideration of the Court's March 30, 2011 Order Has Been Rejected by the Court of Appeals.**

Immediately following the Supreme Court's decision in *Daimler*, Defendants filed a motion for reconsideration of the Court's March 30, 2011 interlocutory order denying Defendants' Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction (DE 421). At an April 11, 2014 motions hearing, the Court ruled from the bench,

1

denying Defendants' motion for reconsideration.[1] The Court concluded that *Daimler* did not represent a significant change in the law. *See* Tr. 4/11/14 at 68:2-4 ("At this point I don't think there has been such a significant change in the law that now makes this case not an appropriate case for litigation here on this record."); *id.* at 72:1-4 ("I don't believe that *Daimler* or *Goodyear* themselves make such a pronouncement that it compels a different decision based on a significant change in the law"); *id.* at 68:6-9 ("the defendants want to argue that the law has significantly changed, but a motion based on jurisdiction was an argument to be made much earlier in this case").

In *Gucci*, the Court of Appeals concluded otherwise, holding that a defendant who had not even raised a personal jurisdiction defense at the district court level could raise it for the first time on appeal, in post-argument letter briefs, because *Daimler* provided a defense that had not previously been available to defendants with a local office in the forum. In *Gucci*, the Bank of China (the "Bank" or "BOC"), a nonparty, was appealing the district court's order granting the plaintiffs' motion to compel BOC to comply with a document subpoena and asset freeze injunction and an order holding BOC in civil contempt and imposing monetary penalties. As the Second Circuit noted, "a district court can enforce an injunction against a nonparty such as BOC only if it has personal jurisdiction over that nonparty." Exh. A at 25.[2] The Bank had four branch offices in the United States, *id.* at 28, and had not raised a personal jurisdiction defense at the district court level. *Id.* at 29 ("the Bank appeared in the district court and did not argue there that the court lacked personal jurisdiction"). Following oral argument at the Second Circuit, the

---

[1] The Court subsequently denied Defendants' motion to certify the *Daimler* issue for interlocutory appeal. *See* DE 543 (denying DE 472).

[2] The Court of Appeals also emphasized that "BOC's nonparty status does not alter the applicability [of Supreme Court decisions addressing general personal jurisdiction] to the question presented here." *Id.* at 26 n.13. Any effort by Plaintiffs to distinguish *Gucci* on this basis would be meritless.

2

Supreme Court decided *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). In post-argument letter briefs, BOC argued for the first time that the district court erred in concluding that the Bank was subject to all-purpose general personal jurisdiction. Exh. A at 25. The Court of Appeals agreed.

The Court of Appeals concluded: "Following *Daimler*, there is no basis consistent with due process for the district court to have exercised general jurisdiction over the Bank." *Id.* at 29. The Court of Appeals further concluded that the Bank of China had not waived its personal jurisdiction defense by not raising it at the district court. As the Court of Appeals explained, "a defendant does not waive a personal jurisdiction argument – even if he does not make it in the district court – if the "'argument that the court lacked jurisdiction over [the] defendant would have been directly contrary to controlling precedent in this Circuit.'" *Id.* at 29-30 (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)). *See also id.* at 29 ("a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made") (quoting *Hawknet, Ltd.*, 590 F.3d at 92).

The Court of Appeals rejected this Court's position that *Daimler* was not a change in the controlling law:

> Prior to *Daimler*, controlling precedent in this Circuit made it clear that a foreign bank with a branch in New York was properly subject to general personal jurisdiction here. Under prior controlling precedent of this Circuit, the Bank was subject to general jurisdiction because through the activity of its New York branch, it engaged in a "continuous and systematic course of doing business in New York." Therefore, we conclude that the Bank did not waive its personal jurisdiction objection.

*Id.* at 30-31 (internal citation omitted). As the Second Circuit explained, *Daimler* addressed "for the first time" whether the continuous and systematic contacts of a defendant's local branch offices or subsidiaries, if attributed to the defendant, can support the exercise of general personal jurisdiction. *Id.* at 27. In *Daimler*, "the Court expressly cast doubt on previous Supreme Court

3

and New York Court of Appeals cases that permitted general jurisdiction on the basis that a foreign corporation was doing business through a local branch office in the forum." *Id.* at 27-28.

Because this Court exercised general personal jurisdiction over Defendants based on the alleged continuous and systematic activities of the PLO's Washington, D.C. office, *Daimler* constituted a change in the controlling law, necessitating this Court's reconsideration of its earlier personal jurisdiction ruling.

**II.   This Court's Narrow Reading of *Daimler* Has Been Rejected by the Court of Appeals.**

At the April 11, 2014 hearing, the Court expressed doubt that *Daimler* served to limit the exercise of general personal jurisdiction to those forums where the defendant is headquartered or incorporated, except in "an exceptional case." *See, e.g.,* Tr. 4/11/14 at 70:22-71:2 ("It's a little awkward to argue that the only place that they can be sued is the place where they govern, even though they have what's expected to be ongoing, continuous, significant activity in the United States, that activity is insufficient contact to make them at home in any place other than the West Bank"). The Court interpreted *Daimler* to allow the exercise of general personal jurisdiction over a defendant if the defendant engaged in substantial activities in the forum, as compared to activities in other forums in which the defendant is headquartered or incorporated. And, the Court continued to frame the test for general personal jurisdiction as whether the defendant has continuous and systematic activities in the forum. *See id.* at 68:5 ("I think the activities are continuous and systematic"); *id.* at 68:13-18 ("whether or not I'm applying the proportionality test or a qualitative test, I don't see that I have a basis to conclude . . . that the PLO's activity *outside the West Bank*, and the nature of their activities here in the United States, would not qualify as a continuous and systematic activity and contact to make it at home in the United States"); *see also id.* at 69:17-24.

In *Gucci*, the Court of Appeals interpreted *Daimler* consistent with the interpretation advanced by Defendants in this lawsuit. Although this Court adopted a test that would have defendants routinely subject to general personal jurisdiction in a forum other than where they are headquartered or incorporated, the Court of Appeals interpreted *Daimler* as follows: "Aside from 'an exceptional case,' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." Exh. A at 27. *See also Monkton Ins. Servs. v. Ritter*, 2014 U.S. App. LEXIS 18480, at *5-6 (5th Cir. Sept. 26, 2014) (Following *Daimler*, "[i]t is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

The Second Circuit also rejected the Court's interpretation of the *Daimler* proportionality test, which excluded from the analysis the defendants' activities in the West Bank:

> Just like the defendant in *Daimler*, the nonparty Bank here has branch offices in the forum, but is incorporated and headquartered elsewhere. Further, this is clearly not "an exceptional case" where the Bank's contacts are "so continuous and systematic as to render [it] essentially at home in the forum." BOC has only four branch offices in the United States and only a small portion of its worldwide business is conducted in New York. Thus, BOC's activities here, as with those of the defendant in *Daimler*, "plainly do not approach" the required level of contact. Following *Daimler*, there is no basis consistent with due process for the district court to have exercised general jurisdiction over the Bank.

Exh. A at 28-29 (internal citation omitted).[3]

---

[3] In *Gucci*, the Second Circuit explained that general personal jurisdiction looks to the extent of the defendant's activities in the forum. If they are sufficient for the exercise of general personal jurisdiction, jurisdiction will be exercised as to "any and all claims." It is thus the nature of the defendant's jurisdictional contacts, not the nature of the claims (*i.e.*, terrorism) or the nature of the defendant (*i.e.*, foreign governmental organization) that controls the jurisdictional analysis. *See* Exh. A 26 n.13 ("The essence of general personal jurisdiction is the ability to entertain 'any and all claims' against an entity based solely on the entity's activities in the forum, rather than on the particulars of the case before the court.").

1457924.1

Here, the Defendants have even fewer offices in the U.S. than the Bank of China – a single PLO office in Washington, D.C. and a PLO United Nations-related office in New York, which is exempt from the jurisdictional analysis. Like the Bank of China, Defendants are headquartered elsewhere. Like the Bank of China, only a small portion of their worldwide activities are conducted in the United States. *See* DE 497, Mem. at 49-50.[4]

For the reasons stated in Defendants' motion for reconsideration and pending motion for summary judgment and for the reasons stated in the new decision from the Second Circuit, *Daimler* forecloses the exercise of general personal jurisdiction over Defendants, and this lawsuit must be dismissed. As the Court noted at the beginning and close of the September 16, 2014 status hearing, there are a significant number of issues pending before the Court. There is simply no way to reconcile the Court's continued exercise of general personal jurisdiction over the Defendants with the Supreme Court's decision in *Daimler* and the Second Circuit's decision in *Gucci*. If the Court is not prepared to dismiss the lawsuit, Defendants urge the Court to certify the issue for interlocutory appeal. It does not serve either party, or the interests of judicial economy, to incur the substantial expense and time commitment needed to continue to litigate this case without further guidance from the Court of Appeals. Even if the Court does not agree with Defendants that the Court of Appeals will find that the Court lacks personal jurisdiction, the Court must at least conclude in light of *Gucci* that there is now a substantial ground for difference of opinion on a controlling question of law. *See* 28 U.S.C. § 1292(b).

---

[4] In their motion for summary judgment pending before the Court Defendants set forth additional facts supporting dismissal for lack of personal jurisdiction applying the *Daimler* proportionality test. *See* DE 497, Mem. at 49-50. That motion is pending.

During the argument on Defendant's Motion for Reconsideration, the Court suggested that if contrary authority developed, that Defendants bring it to the Court's attention. Defendants have herein done so, and they have presented *controlling* contrary authority. In light of the issues raised herein, the controlling recent Second Circuit precedent, and the inefficiencies presented by litigating a case when jurisdiction is lacking, Defendants suggest that this Court convene a prompt hearing to address these issues, in order to avoid any further unnecessary cost and expense of litigation.

September 30, 2014                           Respectfully Submitted,


      /s/ Laura G. Ferguson
Laura G. Ferguson
Mark J. Rochon
Brian A. Hill
Michael J. Satin
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
lferguson@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of September, 2014, a true and genuine copy of the foregoing was filed by ECF, which automatically provided service to all ECF counsel, including the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
>E-mail:  rtolchin@berkmanlaw.com
>
>Kent A. Yalowitz
>Philip W. Horton
>Arnold & Porter LLP
>399 Park Avenue
>New York, NY 10022
>(212) 715-1000
>Email:  Kent.Yalowitz@aporter.com

>/s/ Laura G. Ferguson
>Laura G. Ferguson

1457924.1