UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                                Plaintiffs,

        vs.                                                    No. 04 Civ. 00397 (GBD) (RLE)

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                                Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
*GUCCI AMERICA, INC. v. LI***

Plaintiffs hereby respond to defendants' notice regarding *Gucci America, Inc. v. Li*, 2014

WL 4629049 (2d Cir. Sept. 17, 2014) ("*Gucci*").  DE 604 (9/30/14) ("Notice").  Nothing in

*Gucci* undermines this Court's previous personal jurisdiction rulings.  To the contrary, *Gucci* and

other recent cases actually support this Court's earlier rulings.  Defendants' unending, recycled

demands that the Court dismiss the case for lack of personal jurisdiction prove nothing but their

desire to distract the Court and burden plaintiffs as they prepare for trial.

    **1.**  *Gucci* does not support defendants' contention that *Daimler* marked a change in the

law with regard to the "at home" test.  To be sure, *Gucci* stated that *Daimler* abrogated a New

York rule "that a foreign bank with a branch in New York *was* properly subject to general

jurisdiction here."  *Gucci*, 2014 WL 4629049, at *11 (emphasis in original).  But this Court

never relied on the old New York "branch office" rule:

> I haven't ruled that a local office is sufficient.  I've never ruled that
> way.  That's not what I said.  That's not what the decision says.  I
> wouldn't characterize it that way.  It depends on the level of activi-
> ty….and it is more than just they, quote, "got a mission" in D.C.

DE 478, Tr. (4/11/14) at 63-64.  Since this Court correctly evaluated *all* the facts of record, and

did not rely on the old "branch office" rule, *Gucci*'s discussion of that rule is irrelevant.[1]

**2.** In fact, *Gucci* strongly supports this Court's decision that defendants' motion for reconsideration on the basis of the "at home" rule could have been made "much earlier in this case" because "there was case law from which one could have made such an argument." DE 478 at 68. In *Gucci* the Second Circuit confirmed that the "at home" test was adopted in 2011 by *Goodyear*—not in 2014 by *Daimler*. The Second Circuit specifically noted that the statement in *Daimler*—that the Fourteenth Amendment requires contacts "so continuous and systematic as to render [it] essentially at home in the forum"—was itself simply a quotation from *Goodyear*. *Gucci*, 2014 WL 4629049, at *10. Indeed, the Second Circuit expressly held in two other 2014 cases that *Daimler* merely "reaffirmed" the *Goodyear* test.[2]

Defendants try to get around these holdings by misdescribing *Gucci*: they claim "a defendant who had not even raised a personal jurisdiction defense at the district court level could raise it for the first time on appeal" in *Gucci*. Notice at 2. That is flat wrong. *Gucci* was an appeal by a non-party—a bank that received a subpoena—not a "defendant." The Second Circuit held that the waiver rule contained in Fed. R. Civ. P. 12(h) does not apply to non-parties like the bank in that case, so Rule 12(h) did not block the non-party bank's right to rely on the "at home" test. *Gucci*, 2014 WL 4629049, at *11 & n.14. Here, in contrast, Rule 12(h) *does* preclude defendants—who *are* parties—from raising the defense now, because it was "available" to them when they moved under Rule 12(c) for judgment on the pleadings in January 2012 (DE

---

[1] *Gucci* held that *Daimler* contained one other development: "In *Daimler*, the Supreme Court for the first time addressed the question whether, consistent with due process, 'a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary.'" 2014 WL 4629049, at *10 (citation omitted). This comment is also irrelevant here because jurisdiction is based on the activities of the defendants themselves, and not subsidiaries.

[2] *Sonera Holding B.V. v. Cukurova Holding A.S.,* 750 F.3d 221, 223 (2d. Cir. 2014); *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 39 (2d. Cir 2014).

186), six months *after* the Supreme Court announced the "at home" test in *Goodyear*.  Under

Rule 12(h) an available defense omitted from a Rule 12 motion is waived and, moreover, a

defense made available by a law-change must be raised "as soon as [its] cognizability is made

apparent."  *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981).  Defendants' failure to

raise *Goodyear*'s "at home" test in their Rule 12(c) motion is particularly striking because they

had earlier raised the "at home" test in another case.  *See Mohamad v. Rajoub*, 2011 WL

3664462, at *17 (Aug. 19, 2011) (quoting *Goodyear*).

  Confirming the force of this Court's April 2014 decision denying defendants' motion for

reconsideration, a sister federal court followed suit just a few weeks later, holding that the PA

and the PLO waived their right to assert lack of personal jurisdiction under the "at home" test

when they failed to do so promptly after *Goodyear* was decided.  *Gilmore v. Palestinian Interim

Self-Gov't Auth.*, --- F. Supp. 2d ----, 2014 WL 2865538 (D.D.C. June 23, 2014) (copy attached

as Exhibit 1).  The *Gilmore* court held that defendants had waived their jurisdictional defense by

omitting it from a Rule 12 motion.  *Id.* at *3.  The court also rejected defendants' argument that

the "at home" defense was not available to them until 2014, explaining that the PA and PLO

were "flat-out wrong that *Daimler* was the genesis of that rule.  The 'at home' standard was

unmistakably announced in [*Goodyear*] more than two and a half years before Defendants filed

the instant Motion."  *Id.* at *4.  Yet, the *Gilmore* court held, "Defendants did not invoke the 'at

home' rule as soon as *Goodyear* made that argument cognizable.  Instead, they litigated this case

[*Gilmore*] on its merits for more than two and a half years and asked the Court to grant summary

judgment in their favor before ever seeking dismissal on jurisdictional grounds."  *Id.* at *5.  The

court explained that "When a defendant participates in the litigation, delays in making an

objection to personal jurisdiction, and then makes an objection that could have been easily

addressed in the first place, the defendant has waived the personal jurisdiction objection." *Id.* (alterations omitted).

Later, the *Gilmore* court went on to enter a final judgment on the merits for the defendants. --- F.Supp.2d ----, 2014 WL 3719160 (D.D.C. July 28, 2014). Therefore, defendants are now collaterally estopped from re-litigating their waiver of personal jurisdiction. This is so because: "(1) the identical [waiver] issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *See Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)).

**3.** If there were any merit to defendants' arguments about *Gucci*'s general jurisdiction holding—and there is not—their claim that *Gucci* requires dismissal would still be wrong. In *Gucci*, the court remanded with instructions to consider specific jurisdiction. *Gucci*, at *13. Defendants simply ignore the question of specific jurisdiction, as well as the other reasons previously set forth by plaintiffs why this Court's exercise of personal jurisdiction over defendants is proper—including defendants' lack of due process rights as foreign government-al/political entities, and defendants' written stipulation to litigate this action in this Court. *See* DE 476; DE 485. Thus, defendants' challenge to personal jurisdiction in reliance on *Gucci* is not merely wrong, but also futile.

## CONCLUSION

The *Gucci* decision provides no basis for this Court to reconsider its April 11, 2014 decision denying defendants' previous motion for reconsideration.

Dated:  New York, New York
       October 13, 2014

**ARNOLD & PORTER LLP**

By: /s/  Philip W. Horton
    Kent A. Yalowitz
       *KENT.YALOWITZ@APORTER.COM*
    Philip W. Horton
       *PHILIP.HORTON@APORTER.COM*
    Sara K. Pildis
       *SARA.PILDIS@APORTER.COM*
    Ken L. Hashimoto
       *KEN.HASHIMOTO@APORTER.COM*
    Carmela T. Romeo
       *CARMELA.ROMEO@APORTER.COM*
    Tal R. Machnes
       *TAL.MACHNES@APORTER.COM*

399 Park Avenue
New York, New York  10022
(212) 715-1000