REDACTED - PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 14, 2014

**BY HAND DELIVERY**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
                  Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

We write on behalf of plaintiffs to ask the Court's urgent assistance in compelling defendants to supplement their discovery responses as required by Rule 26(e) of the Federal Rules of Civil Procedure. As discussed below, this is a time-sensitive matter, and we request a pre-motion telephone conference at the Court's first convenience.

As the Court may recall, defendants produced records documenting their ███████, following the convictions of those employees and other perpetrators for murder and attempted murder of plaintiffs and others.

Defendants produced these documents in 2012. They have never supplemented that production. Yet the undisputed fact that defendants ███████████, is highly relevant because (among other reasons) such conduct is evidence of defendants' ratification and approval of the attacks, as well as evidence of willful and wanton misconduct to support an award of punitive damages on plaintiffs' non-federal claims. Moreover, these categories of documents often contain inculpatory text ███████████ Defendants' production is thus incomplete,

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 14, 2014
Page 2

because ███████████████████████████████████████████. It is elementary that
Rule 26(e) requires supplementation of discovery responses, including the production of
newly-created documents, up until trial. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274
F.R.D. 63, 77 (W.D.N.Y. 2011) (supplementation required "where the later creation of a
responsive document occurs after a discovery cut-off date"); *Amendments to Federal
Rules of Civil Procedure,* Advisory Committee Notes, 401 F.R.D. 401, 641 (stating that
supplementation must be made "with special promptness as the trial date approaches")
(Dec. 1, 1993).

On October 3, 2014, plaintiffs asked defendants to supplement their production,
as required by Rule 26(e), to include ████████████████████ after defendants'
2012 production. *See* Ex. A hereto. When defendants ignored this demand, plaintiffs
sent a second request. *Id.* Late yesterday afternoon, defendants sent a response refusing
to supplement. *Id.*

Defendants base their refusal to comply with Rule 26(e) on two grounds: (1)
there is nothing to supplement; and (2) defendants are not required to comply with the
Rule because the Court lacks personal jurisdiction over them. Both of these claims are
utterly without merit.

Defendants' assertion that there are no materials to produce is simply not credible.
It is widely known that defendants make payments to convicted terrorists and their
families—and to the families of suicide terrorists—pursuant to PA law. *See* Expert
Report of Alon Eviatar at 25-38. Defendants have also claimed that █████████████
██████████████████████████████████████████████████████████████████ It
is therefore not believable that defendants ████████████████████████████████████
███████████████████████████████████████████████████████████.

Defendants' contumacious refusal to supplement on the ground that the Court
lacks personal jurisdiction over them is frivolous and ominous. Judge Daniels rejected
defendants' motion to dismiss for lack of personal jurisdiction, their motion for
reconsideration, their motion to reconsider the motion for reconsideration, and their
motion for certification under § 1292(b). A wish that the Court would have ruled in
one's favor is not a basis to withhold discovery. If defendants are saying that they are
now refusing to defend the case at all because they disagree with Judge Daniels'
decisions on personal jurisdiction, they need to tell that to Judge Daniels right away.

It is essential for defendants to supplement their production now because the
documents are in Arabic and will need to be translated before trial—which is scheduled

# ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 14, 2014
Page 3


to begin on January 12, 2015.  Since there can be no excuse for defendants' refusal to follow the rules, we ask the Court to issue an order requiring full supplementation no later than November 1, 2014.

Respectfully,

Kent A. Yalowitz

cc:  Brian A. Hill