UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, </br></br>  Plaintiffs, </br></br> v. </br></br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, </br></br>  Defendants. | Docket No. </br> 04-cv-397 (GBD) (RLE) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITY**

Plaintiffs recently filed a "Notice of New Authority," DE 602, regarding the Second Circuit's September 22, 2014 decision in *Weiss v. Nat'l Westminster Bank, PLC*, Civ. 13-1618 (2d Cir.), which addresses the scienter requirement under 18 U.S.C. § 2339B. That statute criminalizes the provision of material support to designated foreign terrorist organizations. The *National Westminster Bank* case is not controlling on the issues presented in this lawsuit for several reasons.

First, as set forth in Defendants' pending motion for summary judgment (DE 497), Plaintiffs never alleged in their First Amended Complaint that Defendants provided material support to designated foreign terrorist organizations and so may not proceed to trial on a 18 U.S.C. § 2339B claim. Second, Plaintiffs lack admissible evidence that the Defendants provided any material support to designated foreign terrorist organizations or that any such support was the proximate cause of Plaintiffs' injuries. Third, 18 U.S.C. § 2339B was not intended to impose strict liability on foreign governments for interacting with major political organizations located

1

within their territory.  Unlike a banking institution (such as National Westminster Bank), the Palestinian Authority cannot simply decide to cease interactions with Hamas or with individuals associated with Hamas.  Hamas is a major political party operating in the Palestinian territories.  For example, as a government, the Palestinian Authority necessarily provides educational, health, infrastructure, and law enforcement services, among others, to individuals affiliated with Hamas.  The Anti-Terrorism Act cannot be construed to impose strict liability on the Palestinian Authority for simply operating as a government within its own territory.

October 17, 2014                              Respectfully submitted,

                                              /s/ Mark J. Rochon
                                            Mark J. Rochon
                                            Laura G. Ferguson
                                            Brian A. Hill
                                            Michael J. Satin
                                            MILLER & CHEVALIER CHARTERED
                                            655 15th Street, NW, Suite 900
                                            Washington, DC  20005-6701
                                            (202) 626-5800 [tel]
                                            (202) 626-5801 [fax]
                                            mrochon@milchev.com [email]

                                            *Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 17th day of October, 2014, a true and genuine copy of the foregoing was filed by ECF, which automatically provided service to all ECF counsel, including the following:

>Robert J. Tolchin, Esq.
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
> (718) 855-3627
>E-mail:  rtolchin@berkmanlaw.com
>
>Kent A. Yalowitz
>Philip W. Horton
>Arnold & Porter LLP
>399 Park Avenue
>New York, NY 10022
>(212) 715-1000
>Email:  Kent.Yalowitz@aporter.com

>/s/ Mark J. Rochon
>Mark J. Rochon