# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 20, 2014

**BY HAND DELIVERY**

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      We write in response to defendants' letter dated October 17, 2014 opposing our demand that they supplement their discovery responses by producing documents showing [REDACTED]

      In their e-mail to plaintiffs refusing to supplement (Ex. A to our October 14 pre-motion conference letter), defendants denied that any such documents exist. This was clearly false, as we explained in our letter to the Court. Defendants now concede that we were right; their October 17 letter not only fails to deny that new documents exist, it admits that they exist because it argues that the Court should not compel production on the ground that the new documents are cumulative of the documents they originally produced. Defendants' cavalier disregard of the truth about this matter is in bad faith and, standing alone, justifies an order compelling production.

      Defendants argue that the documents were not sought by plaintiffs' original document requests. This is a strange position since defendants (who, as this Court well knows, always resist discovery vigorously) produced responsive documents through 2012. In fact, their "not responsive" argument boils down to nothing more than the unsurprising fact that plaintiffs' original requests sought documents created up through

**ARNOLD & PORTER LLP**

Hon. Ronald L. Ellis
October 20, 2014
Page 2

the time of production.  Obviously, defendants could not have produced in 2012 documents created in 2013 and 2014, and plaintiffs were not required to demand them because Rule 26(e) requires parties automatically to supplement their productions with newly-created documents from later time periods that are responsive to the earlier-served document requests.  Moreover, defendants have omitted key language from plaintiffs' document requests, which makes clear that those requests cover the documents that we seek now.  For example, plaintiffs' requests for ▓▓▓▓ requested the following documents:  (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and (2) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See* Ex. A to Defs.' Oct. 17 Letter, Request No. 5.

Defendants also argue that, even though they originally produced their records of ▓▓▓▓▓▓▓▓▓▓▓▓, their written responses contained a number of boilerplate objections (overly broad, unduly burdensome, and relevance) and that, since plaintiffs did not obtain an order overruling these objections at that time, defendants can stand on their objections now.  This claim is baseless for two reasons.  First, since defendants actually produced the documents, there was no reason for us to move to strike objections about which they were obviously not serious.  Indeed, if we had done so, the Court would undoubtedly have criticized us for wasting its time—and rightfully so.

Second, those objections are without merit.  As defendants concede, the time frame of our original Rule 34 requests went back only to 2000, which was reasonable since the Al-Aqsa Intifada, during which all of the attacks occurred, began in 2000.  Supplementation here requires only the production of documents for the brief period following defendants' original production through November 1, 2014.  There is no issue of overbreadth—the kinds of documents (*i.e.*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) are well defined, and defendants have produced them before so they know exactly what we want.  Nor have defendants suggested (because they have no grounds to suggest) that it would be unduly burdensome to locate and produce these documents.

Defendants cite a small number of (very brief) decisions for the proposition that Rule 26 does not require the supplemental production of newly-created documents.  We submit—as other courts have concluded—that these cases are wrong, that they are against the weight of authority, and that their cursory consideration of this issue should give way to the lengthy discussion in *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274

ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 20, 2014
Page 3

F.R.D. 63 (W.D.N.Y. 2011), which rejected the *Kingsway* case on which defendants rely and found that supplementation is required "where the later creation of a responsive document occurs after a discovery cut-off date." *Id.* at 77. A number of courts have cited the discussion in *Robbins* in holding that Rule 26(e) requires the production of newly-created documents. For example, *Switch v. Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *6-*7 (D. Nev. June 19, 2012), rejected the cases that defendants cite and stated that "the interpretation of Rule 26(e) in [*Robbins*] is more soundly based" than defendants' cases because they "do not analyze the language of the rule, the Advisory Committee Notes, or other legal authority." In a recent case in this district, *Nunez v. City of New York,* 2013 WL 2149869, at *6 (S.D.N.Y. May 17, 2013), the Court relied on *Robbins* in requiring the City to produce newly-created forms memorializing disciplinary proceedings against correction officers: "[I]f the defendants create [such] Forms for individual defendants in the future, they must serve a timely supplemental discovery response that includes the newly generated forms." Similarly, *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 260 (W.D.N.Y. 2013) cited *Robbins* in concluding that the "duty to supplement applies to responsive documents that are created after a party has served a response to a discovery request," and further held that the plaintiffs had a duty to disclose financial summaries that were prepared after the close of discovery. Yet another example is *Gorzynski v. JetBlue Airways Corp.*, 2012 WL 712067, at *2, *4 (W.D.N.Y. Mar. 5, 2012), where the court cited *Robbins* as instructive as to the governing standard and required supplementation of personnel and payroll records, "especially where as here personnel information was sought and the status of the inquired employees has changed over those years."[1]

In any event, defendants' claim that Rule 26 creates a blanket shield against producing responsive documents created after the close of discovery is bad policy because it would deny the jury access to important information.

Defendants also argue that these documents are not relevant, but they do not seriously dispute plaintiffs' claims that records of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Other cases have also found that the creation of new responsive documents requires supplementation. *See L. Tarango Trucking v. Cnty. of Contra Costa*, 202 F.R.D. 614, 623 (N.D.Cal. 2001) (ordering production of "all documents created after the close of discovery that should have been produced in a supplemental production pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure"); *Arthur v. Atkinson Freight Lines,* 164 F.R.D. 19, 20 (S.D.N.Y. 1995) (requiring supplementation of newly-created documents where "plaintiff's counsel was aware that the file was building up").

## ARNOLD & PORTER LLP

Hon. Ronald L. Ellis
October 20, 2014
Page 4

[REDACTED] constitute evidence that defendants ratified the perpetrators' actions and that they support plaintiffs' non-federal claims for punitive damages. Nor do they deny that the previously-produced documents contained inculpatory statements. There is also no merit to their claim that these documents are cumulative of previously-produced records of [REDACTED]. The new documents may well contain even more inculpatory statements, going beyond past statements, and the jury may well regard [REDACTED], right up until just before trial, of what can only be termed [REDACTED] as a basis for finding willful and wanton misconduct justifying punitive damages.

Finally, defendants' argument that supplementation should not be required because the Court lacks personal jurisdiction over them is frivolous. Judge Daniels has repeatedly ruled to the contrary, and defendants' only response is that their motion for summary judgment remains pending. This is irrelevant. Despite defendants' motion, Judge Daniels has required the parties, in view of the upcoming trial date, to move forward on many grounds, such as motions in limine, jury instructions, and other pretrial matters. Suspending defendants' duty to supplement would be completely at odds with Judge Daniels' approach.

Respectfully,

*Kent A. Yalowitz /ctr*

Kent A. Yalowitz

cc: Brian A. Hill