Case 1:04-cv-00397-GBD-RLE Document 629-2 Filed 10/29/14 Page 1 of 19
Case 1:04-cv-00397-GBD-RLE Document 413 Filed 01/15/14 Page 1 of 9
REDACTED- PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 15, 2014

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Ellis:

      We write on behalf of plaintiffs to request a pre-motion conference to consider appropriate sanctions for defendants' violation of this Court's multiple orders requiring them to produce documents from the files of the Palestinian Authority's General Intelligence Service ("GIS") regarding the perpetrators of the attacks in this case.

      As discussed below, it is indisputable that defendants continue to withhold responsive and highly relevant GIS documents. In view of this violation of the Court's orders, plaintiffs seek sanctions pursuant to Rule 37(b)(2)(A), including evidentiary findings, preclusion of defenses, and/or remedial jury instructions.

      As the Court will recall, plaintiffs sought production of GIS documents [REDACTED]. This Court rejected defendants' assertions of privilege and required production of the GIS documents by Order dated July 26, 2013 (Ex. A). Defendants then violated that Order by producing documents that had been extensively redacted to remove the very information that the Court had already held could not be withheld on grounds of privilege. Following extensive additional briefing, this Court issued a *second* Order dated November 4, 2103 (Ex. B) ordering the production of unredacted copies of all GIS documents by 5:00 p.m. on November 6. That Order stated that "[t]he July 26 Order unambiguously required Defendants to produce the GIS documents" and that, by refusing to produce those documents "Defendants have done precisely what is forbidden in this District" by continuing to make arguments "rather than treating the July 26 Order as a directive."

Case 1:04-cv-00397-GBD-RLE Document 629-2 Filed 10/29/14 Page 2 of 19
Case 1:04-cv-00397-GBD-RLE Document 413 Filed 01/15/14 Page 2 of 9
REDACTED- PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

January 15, 2014
Page 2

Despite two Court orders and this stern warning, defendants are still withholding GIS documents. 

Plaintiffs sent this list to defendants (Ex. E) demanding immediate production of all missing documents and stating that we would seek sanctions if no such production was made. Defendants sent an email on January 8 (Ex. F) indicating that ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ had been produced and stating that they would "let you know when we hear back about whether any of those further items are within our client's possession custody or control."

This lackadaisical response shows why sanctions are necessary. Fact discovery has been closed for over a year, and defendants have been twice ordered to produce all GIS documents regarding these perpetrators. Defendants have not only failed to comply; they concede that they have not even bothered to look for the documents they have twice been ordered to produce, and will not even commit to producing the missing materials.[1]

This failure is particularly egregious because defendants attempted to hide the existence of these missing documents by improperly redacting ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (following the Court's July 26 Order). Worse, defendants claimed that their redactions (made in violation of the Court's July 26 Order) were necessary to prevent the disclosure of the names of confidential informants. In fact, as became evident once plaintiffs received and translated the unredacted documents, the redactions were used to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ We cannot imagine what story defendants will come up with next to explain their failure—at this late date—to search for ▇▇▇▇▇▇▇▇▇▇▇▇ Such

---

[1] The documents at issue ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ defense counsel's putative need to "hear back about whether any of those further items are within our client's possession custody or control" is therefore non-existent.

Case 1:04-cv-00397-GBD-RLE Document 412 Filed 01/15/14 Page 3 of 9
Case 1:04-cv-00397-GBD-RLE Document 629-13 Filed 10/29/14 Page 3 of 19
REDACTED- PUBLICLY FILED VERSION

# ARNOLD & PORTER LLP

January 15, 2014
Page 3

foot-dragging and cavalier disregard of the Court's Orders is not consistent with the obligation of good faith expected in this Court.

    Defendants' serial violations of the Court's Orders demonstrate that they cannot be trusted to produce all the GIS documents—no matter what additional orders this Court may issue. Their refusal to produce speaks volumes; the documents must surely contain ▮▮▮▮▮▮▮▮▮▮ that are devastating to defendants' claims. Accordingly, sanctions, in the form of evidentiary findings, preclusion of defenses, and remedial jury instructions, are appropriate here. In fact, Judge Gershon issued just such an order in another case under the Anti-Terrorism Act, *Linde v. Arab Bank, PLC*, 269 F.R.D. 186 (S.D.N.Y. 2010), where the defendant failed to produce documents as ordered. Specifically, the court ordered that the jury would be instructed that the defendant bank knowingly and purposefully provided financial services to terrorists and terrorist organizations and it precluded the defendant from asserting certain defenses or contentions at trial and entered a number of other sanctions. Notably, sanctions were imposed in *Linde* despite the defendant's claim that it could not comply with discovery without violating foreign banking secrecy laws. Here, by contrast, defendants' failure to produce crucial documents stems from nothing but their own recalcitrance. Therefore, similar sanctions are warranted here.

    In this Circuit, Rule 37(b) sanctions must be "tailored to the offensive conduct." *Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, 2013 WL 3056805 at *3 (S.D.N.Y. June 19, 2013). It is not possible, in the limited space of a pre-motion conference letter, for plaintiffs to set out the range and details of all appropriate sanctions here, in light of the specific documents that are being withheld, their relationship to the terrorist perpetrators and attacks, and how the absence of each document (or category of documents) harms plaintiffs' ability to prove defendants' liability for each of the attacks.

    Thus, the presentation of this application will require full briefing, and we request that the Court set a pre-motion conference to schedule briefing on the motion, or issue an order permitting plaintiffs to file their motion without a pre-motion conference.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                Plaintiffs,

- against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/26/13

**ORDER**

04 Civ. 397 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

The Court held a telephone conference with the Parties on June 17, 2013. The Court issued a number of rulings at that conference, which are set forth below.

### 1. Plaintiffs' Application Regarding Defendants' Rule 30(b)(6) Depositions

On December 3, 2012, Defendants filed a premotion letter asking the Court to enter a protective order against Plaintiffs' proposed Rule 30(b)(6) depositions. During a December 20, 2012 telephone conference, the Court found that the topics in the deposition notices as then drafted were not contemplated or appropriate for a 30(b)(6) witness, and were overly broad and unduly burdensome. (DE 293-1 at 5: 6-8.) The Court granted the protective order but allowed Plaintiffs an opportunity to propose, or for the Parties to propose jointly, either an agreement about how to give Plaintiffs appropriate discovery or an application from Plaintiffs for discovery which did not run afoul of the Court's ruling. (DE 16:18 - 17:3.) Plaintiffs renewed their motion on January 7, 2013, to have the Court order Defendants to produce witnesses under Rule (30)(b)(6), or by such other method as the Court deemed proper regarding certain topics. (DE 295; DE 296.) Plaintiffs explained that the Parties had conferred as directed, but were unable to reach agreement. (DE 296 at 1-2.) The Court held a telephone conference on February 13, 2013, and denied Plaintiffs' motion on the grounds that the matters designated as

Rule 30(b)(6) topics were again, not appropriate, and could have been the subject of an interrogatory or a request to admit. (2/13/13 Tr., 4: 17-26.) Plaintiffs requested permission to recast their Rule 30(b)(6) topics as interrogatories, and the Court ordered that if Plaintiffs wished to make such an application, they would first have to provide a submission detailing why the information they sought had not originally been submitted as a request to admit or as an interrogatory. (*Id.* at 32: 12-20.) The Court further explained that the submission should explain why Plaintiffs had not challenged Defendants' objections earlier in the fact discovery period. (*Id.* at 33: 15-21.)

On May 16, 2013, Plaintiffs submitted a letter-application to the Court that followed up on the February 13 telephone conference. In their letter, Plaintiffs explain that when Defendants "resisted" Plaintiffs' discovery by way of interrogatories and requests for admissions, Plaintiffs attempted to meet and confer. (5/16/13 Letter at 1.) Plaintiffs stated that most of those efforts were fruitless, and as a result, Plaintiffs ultimately sought the information through Rule 30(b)(6). (*Id.*) Plaintiffs explain that they did not raise Defendants' objections with the Court in an attempt to avoid "burdening the Court with a series of motions to compel." (*Id.* at 2.) In their letter-application, Plaintiffs also detail the responses Defendants provided in response to Plaintiffs' interrogatories and requests for admission that Plaintiffs perceive as either "inadequate" (*id.* at 4), or "clearly unsupportable" (*id.* at 5).

Plaintiffs' application is **DENIED**. During the Parties' June 17, 2013 telephone conference, the Court first explained that as the fact discovery cutoff was in December 2012, any current application requesting a modification to the discovery period had to demonstrate good cause and seek modification for a specific purpose. The Court further explained that it did not find that Plaintiffs' articulated reasons for choosing to seek information through Rule 30(b)(6)

2

constituted "good cause" under Rule 16(b)(4). Additionally, after reviewing certain of Plaintiffs' interrogatories and requests for admission, the Court does not share Plaintiffs' belief that Defendants' responses evidence "recalcitrance" (*id.* at 3), the existence of "more responsive information and documents" than what was provided to Plaintiffs (*id.* at 5), or "unsupported denials" (*id.*).

### 2. Defendants' and Plaintiffs' Applications Regarding Plaintiff Varda Guetta

Before the Court at its June 17, 2013 telephone conference were: (1) Defendants' application to have fifteen photographs and related testimony from Plaintiff Varda Guetta excluded from evidence (Defs.' 6/7/13 and 6/14/13 Letters); and (2) Plaintiffs' application to allow Plaintiffs to serve document discovery relating to Fawzi Murar including: "(1) Murar's martyr file; (2) Murar's PA personnel file and any payment records; (3) any photographs of Murar, including a color copy of his PA identification card; and (4) Murar's GIS, PSS, NSF, MI, Force 17, and PAP files" (Pls.' 6/13/13 Letter). On November 19, 2012, Plaintiffs requested a premotion conference with the Court to compel Defendants to produce all documents responsive to the Guetta Plaintiffs' First and Second Document Requests. (DE 284-6.) The document requests, served on October 27 and November 1, 2011, sought "[a]ll documents (including without limitation all photographs and all video recordings) constituting or containing still and/or moving images of" seventeen individuals identified by Plaintiffs as having been convicted of carrying out similar attacks, in an effort to determine the identity of one of the gunmen in this matter. (*Id.* at 7-12.) Defendants objected to Plaintiffs' documents requests, and on December 5, 2012, the Court denied Plaintiffs' application on the grounds that the production was not reasonably calculated to lead to the discovery of admissible evidence in the form of a future reliable eyewitness identification. (DE 286 at 13.) After the Court's ruling, Plaintiffs

3

maintain that they began a fresh investigation to try to identify Guetta's shooters involved in the Givon Junction attack, through which they obtained fifteen photographs. (Pls.' 6/13/13 Letter.) From the fifteen photographs, Guetta identified Murar as one of the four shooters involved in the attack. (*Id.*) Plaintiffs state that PA records reveal that Murar was a Lieutenant in the PA's Presidential Security Force. (*Id.*) Plaintiffs disclosed the Murar identification to Defendants on February 19, 2013, and provided Defendants with the photographs [which Plaintiffs assert to be of Murar] that Plaintiffs allege Guetta viewed in making the identification. (*Id.*) Plaintiffs made an application to the Court to allow them to serve document discovery relating to Murar. (*Id.*) Defendants objected and sought exclusion of the fifteen photographs and related testimony because they argue: (1) Plaintiffs failed to produce those photographs during the fact discovery period; (2) Plaintiffs failed to provide discovery responsive to Defendants' interrogatory seeking communications regarding those photographs; and (3) Guetta's selection of the photograph that Plaintiffs' counsel claim is Murar would be inadmissible at trial, and even if it were not, there is no admissible evidence that the person depicted in the photograph Guetta chose is Murar. (Defs.' 6/14/13 Letter.)

Defendants' application is **DENIED**. During the June 17 telephone conference, the Court held that it does not consider the Guetta photograph issue to be a discovery issue, but rather, an evidentiary issue. (*See also* 5/17/13 Tr.; DE 320 at 2-9.) Plaintiffs' application is also **DENIED**. In line with its view that the Guetta photograph admissibility issue is one to be decided for trial, the Court held that there is no justification for belated discovery regarding the photographs.

4

### 3. Plaintiffs' Application Regarding Defendants' PA General Intelligence Service Files

Plaintiffs made an application to the Court to compel production of documents listed on Defendants' March 19, 2013 privilege log. The documents listed in the log are dossiers created by Defendant Palestinian Authority's General Intelligence Service ("GIS") regarding thirty-one individual terrorists. (Pls.' 5/16/13 Letter.) Plaintiffs argued the log failed to provide the information required by Local Civil Rule 26.2, including a description of the type of document, author, addresses and a description of the general subject matter. (*Id.*) Plaintiffs also challenged Defendants' contention that the documents are protected by the state secrets and law enforcement privileges. (*Id.*)

Plaintiffs' application is **GRANTED**. During the June 17 telephone conference, the Court explained that foreign privileges may be invoked during litigation that may conflict with disclosure under the Federal Rules of Civil Procedure, but that the Court may take the asserted privileges into account. The Court further explained that the burden remains with the party asserting a privilege to adequately demonstrate that it applies. Plaintiffs properly raised the absence of certain prerequisites to claiming privilege which Defendants' log failed to detail. Defendants therefore have failed to justify the redactions in their privilege log.

**IT IS HEREBY ORDERED** that time to object to the Court's June 17, 2013 rulings shall run from the date of this Order.

**SO ORDERED this 26th day of July 2013**
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge

# EXHIBIT B

Case 1:04-cv-00397-GBD-RLE Document 620-2 Filed 10/29/14 Page 11 of 19
Case 1:04-cv-00397-GBD-RLE Document 413-2 Filed 01/15/14 Page 2 of 6
Case 1:04-cv-00397-GBD-RLE Document 380 Filed 11/04/13 Page 1 of 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-4-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

                Plaintiffs,

- against -

PALESTINE LIBERATION ORGANIZATION, et al.,

                Defendants.

MEMORANDUM
OPINION & ORDER
04 Civ. 397 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs are family members, guardians, and personal representatives of the estates of United States citizens who were killed and injured in terrorist attacks in Jerusalem, Israel, between January 8, 2001, and January 29, 2004. Defendants are the Palestine Liberation Organization ("PLO"), the Palestinian Authority ("PA"), and several individuals Plaintiffs allege were responsible for planning and carrying out the killings and injuries. Plaintiffs bring suit under the Anti-Terrorism Act of 1991 ("ATA"), 18 U.S.C. § 2331 *et seq.*, for international terrorism, and related torts. Before the Court is Defendants' objection to the Court's order compelling production of material from the files of the PA's General Intelligence Service ("GIS"). For the reasons set forth below, Defendant's application for relief from the order is **DENIED** and Defendants are **ORDERED** to produce the documents by **5 p.m. EST on November 6, 2013**.

## II. BACKGROUND

At issue is the production of documents created by GIS regarding thirty-one individual terrorists. The documents were listed on Defendants' March 19, 2013 privilege log. The Court held a telephone conference with the Parties on June 17, 2013, to discuss, *inter alia*, Plaintiffs'

Case 1:04-cv-00397-GBD-RLE  Document 620-2  Filed 10/29/14  Page 12 of 19
Case 1:04-cv-00397-GBD-RLE  Document 413-2  Filed 01/15/14  Page 3 of 6
Case 1:04-cv-00397-GBD-RLE  Document 380  Filed 11/04/13  Page 2 of 5

application to compel production of the documents. Defendants contended that the documents were protected by the state secrets and law enforcement privileges. (Plaintiffs' ("Pls.") May 16, 2013 Letter.) On July 26, 2013, the Court issued a Order granting Plaintiffs' request. (Doc. No. 327.) The Court stated, in pertinent part:

> During the June 17 telephone, the Court explained that foreign privileges may be invoked during litigation that may conflict with disclosure under the Federal Rules of Civil Procedure, but that the Court may take the asserted privileges into account. The Court further explained that the burden remains with the party asserting a privilege to adequately demonstrate that it applies. Plaintiffs properly raised the absence of certain prerequisites to claiming privilege which Defendants' log failed to detail. Defendants therefore have failed to justify the redactions in their privilege log. (*Id.*)

On August 13, 2013, Defendants requested that the Court enter a protective order excusing the PA from complying with the July 26 Order. (Defendants' ("Defs.") Aug. 13, 2013 Letter.) Again, Defendants asserted that the documents were "protected by GIS law, and the attorney-client, work product, state secrets or law enforcement privileges." (*Id.*) In support of their request, Defendants submitted a detailed privilege log with redactions for the Court's *in camera* review. (*Id.*) In the alternative, Defendants asked the Court "to reconsider or modify its Order in order to permit these redactions." (*Id.*) Plaintiffs responded that Defendants' August 13 request "blatant[ly] disregard[ed]" the Court's July 26 Order. (Pls.' Aug. 27, 2013 Letter.)

The Court held a telephone conference on September 30, 2013, in which it rejected Defendants' request for reconsideration as untimely and directed that all responsive documents be produced, regardless of Defendants' claim of privilege. Defendants then raised the issue of relevance, arguing that the GIS documents were not relevant under Rule 26 of the Federal Rules of Civil Procedure. The Court permitted the Parties to brief the issue in letter-motions.

2

Case 1:04-cv-00397-GBD-RLE Document 620-2 Filed 10/29/14 Page 13 of 19
Case 1:04-cv-00397-GBD-RLE Document 413-2 Filed 01/15/14 Page 4 of 6
Case 1:04-cv-00397-GBD-RLE Document 380 Filed 11/04/13 Page 3 of 5

In a letter dated October 1, 2013, Defendants again objected to the production of the GIS documents, this time claiming it "is not relevant to Plaintiffs' claims in this action, it is inadmissible, and its production would impose an undue burden on Defendants and third parties." (Defs.' Oct. 1, 2013 Letter.) Plaintiffs argued that: (1) Plaintiffs' documents requests were "clearly calculated to lead to the discovery of admissible evidence," and thus relevant; and (2) Defendants failed to argue otherwise in a timely fashion, thus waiving any claim of privilege. (Pls.' Oct. 1, 2013 Letter.)

## III. DISCUSSION

Defendants may move for reconsideration of the July 26 Order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Reconsideration does not allow parties to "reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "As such, a party . . . may not advance new facts, issues or arguments not previously presented to the Court." *Id.* at 1001 (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447 (JMC), 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989)) (internal quotation marks omitted). The matters must "reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Civil Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id.* at 462 (quoting *Dellefave v Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). The party moving for reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters presented in the underlying motion. *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996). Finally, "[a] party [seeking

3

Case 1:04-cv-00397-GBD-RLE Document 620-2 Filed 10/29/14 Page 14 of 19
Case 1:04-cv-00397-GBD-RLE Document 413-2 Filed 01/15/14 Page 5 of 6
Case 1:04-cv-00397-GBD-RLE Document 380 Filed 11/04/13 Page 4 of 5

reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. 2000) (quoting *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)) (internal quotation marks omitted).

Although Defendants do no label their August 13 and October 1 letters as motions for reconsideration, on that analysis their claims are without merit. The July 26 Order unambiguously required Defendants to produce the GIS documents. To the extent Defendants suggest the Order was not clear, their argument is untenable. Defendants' new claims that the GIS documents are irrelevant is a back-door way to ask for reconsideration. Defendants have done precisely what is forbidden in this District: rather than treating the July 26 Order as a directive, Defendants have regarded it as the beginning of a new conversation in which they apparently feel entitled to advance new legal theories. Defendants had the opportunity to raise their objections to the production of the GIS documents on relevance grounds. They failed to do so. Similarly, they had the opportunity to bring a motion for reconsideration of the July 26 Order. They did not. Defendants cannot litigate their claims in a piecemeal fashion, objecting on the grounds of privilege first, reasserting privilege again, then raising relevance after their claim of privilege has been denied.

4

Case 1:04-cv-00397-GBD-RLE Document 620-2 Filed 10/29/14 Page 15 of 19
Case 1:04-cv-00397-GBD-RLE Document 413-2 Filed 01/15/14 Page 6 of 6
Case 1:04-cv-00397-GBD-RLE Document 380 Filed 11/04/13 Page 5 of 5

## IV. CONCLUSION

For the foregoing reasons, Defendants' application is **DENIED**. Defendants are **ORDERED** to produce the GIS documents by **5 p.m. EST on November 6, 2013**.

**IT IS FURTHERED ORDERED** that time to object to this ruling shall run from the date of this Order.

**SO ORDERED this 4th day of November 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5

# EXHIBIT C

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

# EXHIBIT D

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

# EXHIBIT E

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING

# EXHIBIT F

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
NOT FOR PUBLIC FILING