
MILLER CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

January 27, 2014

Hon. Ronald L. Ellis
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization, et al.* — 04-CV-397(GBD) (RLE)

Dear Judge Ellis:

    I write in response to Plaintiffs' January 15, 2014 letter claiming that Defendants are in violation of orders of this Court requiring the production of documents from the General Intelligence Service ("GIS") of the Palestinian Authority ("PA") and requesting sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). Having received the GIS files they sought in discovery, Plaintiffs now seek additional documents or "reports" referenced in the files, and seek to impose sanctions on the PA for not having previously located and produced the referenced documents or reports. In fact, of the 64 items identified by Plaintiffs in their December 20 letter, 10 had been previously produced to Plaintiffs. Following a renewed search, which required searching GIS regional offices located throughout the West Bank, GIS personnel located an additional 22 documents, which have also now been produced to Plaintiffs, leaving 32 items requested by Plaintiffs which could not be located despite the renewed search. Moreover, it is likely that many of these remaining items, described as "reports" in the GIS files, and then sought by Plaintiffs in their December 20 letter, were oral, not written reports. Plaintiffs' request for sanctions should accordingly be denied. *See* Ex. A ¶ 12.

    As the Court is aware, on November 21, 2012, *i.e.*, the last day for doing so, the Plaintiffs served Defendants with document requests which sought, *inter alia*, documents maintained by the GIS regarding certain individuals. At that time, Defendants conducted a reasonable search for these documents and identified certain files maintained by the GIS related to those individuals. *See* Ex. A ¶ 5. Defendants asserted that these files were protected from production by multiple privileges and produced to Plaintiffs a privilege log as required by Federal Rule of Civil Procedure 26(b)(5). The issue of privilege and Defendants' redactions of these documents was subsequently litigated, and ultimately, on November 4, 2013, the Court ordered Defendants to produce the GIS documents by 5 p.m. on November 6, 2013. The Defendants complied with that Order.

    Six weeks later, on December 20, 2013, which was the Friday before the Christmas holiday, Plaintiffs' counsel sent a letter to the undersigned demanding that the PA produce additional documents that Plaintiffs claimed were referenced in the GIS documents produced to them in November 2013. Along with this letter, Plaintiffs produced what they claimed was a list of such supposedly withheld documents. *See* Ex. E to Pls.' January 15, 2014 Ltr. The undersigned responded via e-mail informing Plaintiffs' counsel that they were already in possession of some documents on their list and that, in

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. Ronald L. Ellis
January 27, 2014
Page 2

some instances, they were mistaken as to whether references to communications in the produced GIS files actually referenced underlying documents. In fact, it turned out that Plaintiffs were already in possession of ten of the documents listed in their December 20 request. The undersigned further informed Plaintiffs' counsel that he would make inquiries regarding the remaining items on their list.

In order to identify any responsive documents represented on Plaintiffs' December 20 list, GIS staff has again searched through paper and electronic files kept at various GIS field offices throughout Palestine. Such a search has required significant time and resources because the types of documents Plaintiffs have requested are not kept on a centralized database. *See* Ex. A ¶¶ 6, 9. This search also revealed that many of the items requested by Plaintiffs were likely oral communications, for which no corresponding document ever existed. *Id.* ¶ 12. GIS' search ultimately located 22 documents responsive to Plaintiffs' December 20 request, *id.* ¶ 9, which defense counsel produced on January 21 and 27, 2014.

Plaintiffs attempt to mold their December 20 request for specific documents, some of which are not even documents and some of which Plaintiffs already possessed, into a claim that the Defendants are in defiance of this Courts' orders. This strained effort is belied by the facts. Defendants have made a good faith effort to conduct searches and to produce all responsive GIS documents, and Plaintiffs' request for sanctions under Rule 37(b)(2)(A) is unwarranted. This is not a situation, such as those cited by Plaintiffs, where the defendants refused to produce documents ordered by a Court. *See Linde v. Arab Bank PLC*, 269 F.R.D. 186 (S.D.N.Y. 2010) (sanctioning party that completely refused to produce documents). While Defendants have vigorously defended their claims of privilege, relevance and admissibility of GIS documents, they have also sought in good faith to comply with all orders of this Court. Yet, Plaintiffs are seeking stringent sanctions under Rule 37 such as "evidentiary findings, preclusion of defenses, and remedial jury instructions." *See* Pls. Ltr. at 3 (Jan. 15, 2013). Such harsh sanctions simply have no basis on this record, where Defendants have promptly complied with all discovery orders to the best of their ability. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (requiring for an adverse inference instruction "that the party that failed to timely produce the evidence had 'a culpable state of mind'").

Moreover, it is a predicate for they types of sanctions sought by Plaintiffs that the party seeking such sanctions "'produce[] some evidence suggesting that a document or documents relevant to substantiating [their] claim would have been included among the [withheld or destroyed] files.'" *Linde*, 269 F.R.D. at 196 (quoting *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (alterations in original)). Here, Plaintiffs' assertions that the documents that are the subject of their December 20 requests "must surely contain further admissions that are devastating to [D]efendants' claims" to justify the harsh sanctions they seek is completely unsupported. In fact, the documents that have been further produced to Plaintiffs as a result of their December 20 request contain information that is cumulative of information that is already in their possession. Ex. A ¶ 11.



Hon. Ronald L. Ellis
January 27, 2014
Page 3

In sum, Plaintiffs based their request for sanctions in substantial part on documents they already had or documents that never existed. As to the relatively few additional documents located in light of Plaintiffs' additional requests, they are hardly "game-changers," and, in any event, Plaintiffs now have them. Defendants are withholding no documents, and Plaintiffs' request for sanctions has no merit.

Sincerely,

Brian A. Hill

cc: Plaintiffs' Counsel of Record

# EXHIBIT A

# FILED UNDER SEAL

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER