REDACTED - PUBLICLY FILED VERSION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*,<br><br>        Plaintiffs,<br><br> vs.<br><br>THE PALESTINE LIBERATION ORGANIZATION, *et al.*,<br><br>        Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO NOTICE OF NEW AUTHORITY**

  Defendants attempt to evade the effect of the Second Circuit's recent decision in *Weiss v. Nat'l Westminster Bank, PLC*, Civ. 13-1618 (2d. Cir.). *Weiss* held: (1) a Section 2339B plaintiff need only show that the defendant knew it was providing material support to an organization that it knew "engaged in terrorist activity," and (2) such knowledge can be established by showing that the defendant "knows there is a substantial probability that the organization engages in terrorism but … does not care." Given the extensive evidence of defendants' knowing material support of the Al Aqsa Martyrs' Brigades and Hamas—including convictions of their own employees for participation in those organizations, as well as GIS documents reflecting ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, the evidence more than meets the a "lenient standard" required to send the case to the jury—all that the law requires are "fairly tenuous inferences." DE 602.

  Defendants' assertion that "Plaintiffs never alleged in their First Amended Complaint that Defendants provided material support to designated foreign terrorist organizations and so may not proceed to trial on a 18 U.S.C. § 2339B claim" (DE 619 at 1) is baseless.

REDACTED - PUBLICLY FILED VERSION

*First*, defendants ignore the factual allegations in First Amended Complaint ("FAC"), which states quite clearly that defendants provided material support to Hamas and the Al Aqsa Martyrs Brigades—the designated foreign terrorist organizations that carried out the attacks in this case. *See* FAC at ¶¶ 51-52 (material support to "Al Aqsa Brigades"); 60 (material support for January 8, 2001 attack), 76 (same for January 22, 2002 attack), 85 (same for January 27, 2002 attack), 99 (same for March 21, 2002 attack), 107 (same for June 19, 2002 attack), 109 (conspiracy included defendants' agents and the "HAMAS terrorist organization" in a "Hebrew University bombing cell"), 116 (defendants provided material support and resources to the Hebrew University bombing cell), 125 (material support for January 29, 2004 attack), 136 (defendants "provided material support for and executed the terrorist attacks"), 185 ("material support"), 209 (same).[1]

*Second*, to the extent that defendants are asserting that plaintiffs were required specifically to cite § 2339B in their FAC, they are mistaken. "The failure in a complaint to cite a statute … in no way affects the merits of a claim.  Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 570 n.3 (2d Cir. 1988); *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 244 F. Supp. 2d 289, 307-308 (S.D.N.Y. 2003) (rejecting defendant's argument that the Court should require plaintiff to cite specific statutes:  "a 'requirement of greater specificity for particular claims is a result that 'must be obtained by the process of

---

[1] The FAC's criminality allegation reads as follows: "Defendants' acts constitute a violation of the criminal laws of the United States and of the several States, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several States. The actions of defendants violate, or if committed within U.S. jurisdiction would violate literally scores of federal and state criminal statutes prohibiting, <u>inter</u> <u>alia</u> and without limitation: homicide, battery, assault and the construction and use of explosive devices; as well as the criminal prohibitions against aiding and abetting, attempting, serving as an accessory to, solicitation of and conspiracy to commit these and other such felonies." FAC ¶127.

amending the Federal Rules, and not by judicial interpretation.'") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

*Third*, if defendants really believed that plaintiffs were required to cite in their complaint the specific criminal provisions underlying plaintiffs' ATA claims, defendants should have moved to dismiss for failure to state a claim, or for a more definite statement. Having elected to do neither, defendants "cannot at this late stage bring an objection to Plaintiffs' pleadings on grounds of insufficient particularity." *Infinite Machines, LLC v. Hasbro, Inc.*, 2009 WL 2253212 at *11 (D.Conn. July 27, 2009) (rejecting defendant's Rule 9(b) argument at summary judgment as untimely); *see also Todaro v. Orbit Int'l Travel*, 755 F.Supp. 1229, 1234 (S.D.N.Y. 1991) ("[A] party who fails to raise a 9(b) objection normally waives the requirement.") (quotation omitted); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 789 (N.D. Ill. 2010) (defendant's failure to move to dismiss "for failure to allege any of the RICO predicate acts with more particularity" precluded defendant from challenging particularity at the summary judgment stage).

*Fourth*, defendants have long been well aware that plaintiffs are relying on § 2339B as a predicate crime. Plaintiffs discussed their intent to rely on § 2339B in extensive detail at least as early as November 2012 (*see* DE 269 at p. 20), and plaintiffs have continued their reliance on § 2339B in numerous filings since then, including the parties' JPTO. Defendants therefore cannot (and so do not) claim any surprise or prejudice. Thus, defendants' claim that plaintiffs cannot rely on § 2339B is just gamesmanship.

Defendants' also assert that the PA cannot be held civilly liable under the ATA for providing material support and resources to Hamas, because "Hamas is a major political party," and "as a government" the PA "necessarily" provides governmental services to individuals "affiliated with Hamas." DE 619 at 1-2. This "guilty with an explanation" argument—which

3

REDACTED - PUBLICLY FILED VERSION

plaintiffs submit is a party admission—is meritless.  As a factual matter, the PA did not merely provide governmental services to individuals "affiliated" with Hamas—rather, the evidence shows that defendants provided personnel, weapons, safe houses, funds and other material support to Hamas *as an organization*, to Hamas' *military leadership*, and to a notorious Hamas *terrorist bomber*.

In sum, *Weiss* precludes summary judgment and strongly reinforces the propriety of plaintiffs' proposed jury instructions.  Defendants' attempt to avoid *Weiss*' impact is meritless.

Dated:  New York, New York
         October 29, 2014

**ARNOLD & PORTER LLP**

By: /s/  Kent A. Yalowitz
    Kent A. Yalowitz
        KENT.YALOWITZ@APORTER.COM
    Philip W. Horton
        PHILIP.HORTON@APORTER.COM
    Sara K. Pildis
        SARA.PILDIS@APORTER.COM
    Ken L. Hashimoto
        KEN.HASHIMOTO@APORTER.COM
    Carmela T. Romeo
        CARMELA.ROMEO@APORTER.COM
    Tal R. Machnes
        TAL.MACHNES@APORTER.COM
399 Park Avenue
New York, New York  10022
(212) 715-1000