

**MILLER CHEVALIER**

November 14, 2014

**Via Federal Express**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
           04-CV-397(GBD)(RLE)

Dear Judge Daniels:

      I write on behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") in response to Plaintiffs' November 11 letter, in which Plaintiffs imply that only "a few housekeeping matters" remain to be resolved before trial "in order to have an efficient start on January 12." Letter at 1. That is far from the case. As the Court forecasted at the September 16 status hearing, the January 12 trial date has proven overly ambitious in light of the sheer volume of pre-trial issues pending before the Court, including the following:

1. <u>Summary Judgment Motions and other Dispositive Issues</u>

   - Defendants' Motion for Summary Judgment (DE 496).

   - Plaintiffs' Motion for Summary Judgment on Defendants' Fourth Affirmative Defense (DE 489).

   - Defendants' Notice of New Second Circuit Authority Interpreting *Daimler* and Compelling Dismissal for Lack of Personal Jurisdiction (DE 604).

2. <u>Motions in Limine</u>

   - Defendants' Motion in Limine to Exclude Testimony of Plaintiffs' Case in Chief Liability Experts (DE 499).

   - Plaintiffs' Motion in Limine to exclude all of Defendants' fact witnesses and some of Defendants' expert witnesses (DE 486).

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. George B. Daniels
November 14, 2014
Page 2

3. <u>Objections to Trial Exhibits and Deposition Designations</u>

- Plaintiffs' Motion to Overrule Defendants' Objections to 177 Trial Exhibits (DE 526).

- Defendants' Second Amended and Supplemental Objections to Trial Exhibits of Plaintiffs (DE 544). *See also* DE 484, 551, 596.

- Plaintiffs' and Defendants' Deposition Designations, Cross-Designations, and Objections to Designations and Cross-Designations (Exhibits 2-1, 2-2, 2-3, 2-4, and 2-5 to the Proposed Joint Pre-Trial Order ("JPTO") and DE 589, 597. *See also* JPTO at 28.

4. <u>Jury-Related Issues</u>

- Plaintiffs' and Defendants' Proposed Jury Instructions (DE 582, 583). *See also* DE 591, 592.

- Plaintiffs' Objections to Magistrate Judge's Order Denying Motion for Sanctions (DE 629). (Plaintiffs seek adverse inference instructions.)

- Plaintiffs' Motion for an Anonymous Jury (DE 556).

- Finalization of a jury questionnaire. (DE 573-1, 576, 584).

5. <u>Trial Administration</u>

- Entry of the Joint Proposed Pre-Trial Order (submitted January 22, 2014).

- Defendants' Motion for Separate Trials and for Bifurcation of the Liability and Damages Phases of the Trial (DE 560).

- Treatment of "under seal" exhibits to protect confidentiality of intelligence files and privacy interests of individuals, among other things. *See, e.g.*, DE 628 (Press Applicants' Motion to Intervene and Unseal Judicial Documents).



Hon. George B. Daniels
November 14, 2014
Page 3

At the March 4 status hearing, the Court preliminarily set the trial to begin January 12, because that was the first opening in the Court's calendar for a 10-12 week trial that did not have the jury sitting over the winter holidays. Tr. 3/4/14 at 5:2-20. The Court made clear that the January 12 date was contingent on the resolution of pre-trial issues, including motions for summary judgments and motions in limine. *See id.* at 5:16 ("let's start with a January 12 trial date"); *id.* at 5:17-19 ("As we get closer and see how it unfolds, we can determine exactly what issues would be tried"); *id.* at 6:5-8 ("Well, we'll start with that [date], but I think obviously we may have to revisit it, depending on . . . any other developments with regard to the motions and/or with regard to the witnesses.").

Defendants recognize that the Court is working diligently to resolve the numerous motions and objections. As the Court noted at the most recent status hearing, setting the case preliminarily for January 12, 2015 was an "ambitious schedule" because the Court has a "significant amount of paper to go through before [it] can give [the parties] final decisions on most of these motions." Tr. 9/16/14 at 2:11-15; *see also id.* at 35:12-16 ("I have to put aside some other things to stay on the schedule for literally the next six months.").

When, at the March 4 status conference, the Court set November 20 as the date for the pretrial conference, the Court anticipated that all the pre-trial matters would be resolved by November 20, which would give the parties "enough time to finalize [their] preparations for trial even given the holidays in between." Tr. 3/14/14 at 6:14-15. The trial is now tentatively set to begin in less than two months, and, through no fault of the Court, numerous important issues remain unresolved, including what claims and defenses will be tried, what instructions will be given to the jury, how many trials there will be, what witnesses will be permitted to testify, and which exhibits and deposition testimony will be admissible. Added to this uncertainty is the substantial logistical hurdle associated with the fact that most of the witnesses are located overseas and substantial lead time is needed to arrange for their appearance in New York.

Defendants look forward to discussing these issues – and not "housekeeping matters" – at the November 20 pretrial hearing.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel

Miller & Chevalier Chartered