

**MILLER CHEVALIER**

**Mark J. Rochon**
Member
(202) 6265819
mrochon@milchev.com

November 25, 2014

**Via Federal Express**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*
        04-CV-397(GBD)(RLE)

Dear Judge Daniels:

    I write on behalf of Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"). At the November 20, 2014 hearing, the Court stated its intention to "concentrate on the [admissibility of the] 177 trial exhibits,[1] motion objections, experts . . . [and] the jury questionnaires" now that summary judgment motions have been resolved. Nov. 20, 2014 Hearing Tr. at 14:3-4. The Court noted that it may not be able to resolve all of the outstanding issues by the December 16, 2014 hearing and invited the parties to notify the Court if they believe that early resolution of certain issues would be most efficient. *Id.* at 46:5-8. Accordingly, Defendants request that the Court prioritize the following issues in advance of the December 16, 2014 hearing because they go to the heart of the case:

---

[1] The so-called "177 trial exhibits" refers to certain of Plaintiffs' trial exhibits, as to which Plaintiffs have separately moved the admission. Most of these exhibits were produced by Defendants, and the Plaintiffs have focused on the validity of Defendants' objections to their admission. However, the "177 trial exhibits" does not refer to the other exhibits produced by Plaintiffs, admissibility of which is disputed and some of which are discussed below.



Hon. George B. Daniels
November 14, 2014
Page 2

1. The admissibility of the alleged custodial statements of Munzar Noor[2] and Abdullah Barghouti.[3] The parties dispute whether the parts of these alleged statements of Munzar Noor and Abdullah Barghouti which purport to implicate others, including PA employees, in criminal activity are admissible under Federal Rule of Evidence 804(b)(3) as statements against penal interest. See DE 497 at 38-39; DE 545 at 35-26; DE 554 at 7-8.

2. The admissibility of Israeli military court and Israeli civilian court adjudications. The parties dispute whether Israeli military court or Israeli civilian court adjudications are admissible under Federal Rule of Evidence 803(22) as judgments of previous convictions. See DE 497 at 32-37; DE 545 at 37-41; DE 554 at 13. In particular, the Defendants question whether the military court adjudications are the types of proceedings, given all the circumstances, anticipated by Rule 803(22). In the event that the adjudications are deemed admissible, the parties dispute the form and scope of their admission into evidence. Id. At the November 20, 2014 hearing, Plaintiffs offered – and Defendants did not object – to submit to the Court a physical set of the documents that they seek to admit at trial pursuant to Rule 803(22). Nov. 20, 2014 Hearing Tr. at 34:3-6, 37:17-19. The Defendants believe the Court would benefit from seeing what the Plaintiffs actually seek to admit, as that would give the Court a better sense of the basis for Defendants' objections.

3. Jury instructions on respondeat superior and material support. The Court has determined that the jury will be instructed on both respondeat superior and material support. DE 646. The parties dispute the language of those instructions. See DE 582, 583, 591, 592. However, there is no dispute that these instructions are at the center of the case, and the Defendants ask that the Court advance decision on these particular instructions in the charge.

---

[2] Plaintiffs' Trial Exhibits 465-467.

[3] Plaintiffs' Trial Exhibits 427-430, 432, 1111.

Miller & Chevalier Chartered



Hon. George B. Daniels
November 14, 2014
Page 3

      Defendants believe that resolution of these issues would streamline the case for trial on January 12, 2015.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel

Miller & Chevalier Chartered