UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARK I. SOKOLOW, et al.,

                        Plaintiffs,

  -against-

THE PALESTINE LIBERATION
ORGANIZATION, THE PALESTINIAN
AUTHORITY, et al.,

                        Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER
04 Civ. 397 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendants, the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA"), each moved for summary judgment in part on the grounds that this Court lacks personal jurisdiction over them in light of the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Defendants' motions for dismissal and summary judgment based on lack of personal jurisdiction are DENIED.

Prior to the *Daimler* decision, Defendants moved to dismiss arguing that this Court did not have jurisdiction over them on the basis that the PLO and PA had insufficient contacts with the United States. (*See* ECF Nos. 66 & 81.) This Court denied those motions and "agree[d] with every federal court to have considered the issue that the totality of activities in the United States by the PLO and the PA justifie[d] the exercise of general personal jurisdiction." (*See* ECF No. 87 at 7 (March 30, 2011).)[1]

---

[1] This Court's previous decision laid out Defendants' systematic and continuous contacts and activities with the United States and stated:

> The reality is that ATA litigation often involves foreign individuals and entities, and thereby, a statutory cause of action for international terrorism exists. There is a strong inherent interest of the United States and Plaintiffs

1

Following the Supreme Court's decision in *Daimler*, Defendants filed motions for reconsideration of this Court's March 30, 2011 denial of Defendants' motions to dismiss. (*See* ECF No. 421 (Jan. 31, 2014).) Defendants argued that *Daimler* served as "an intervening change in the controlling law," requiring a different conclusion because Defendants were not "at home" in the United States. (*Id.* at 1, 7.) On April 11, 2014, this Court denied Defendants' motions for reconsideration ruling that *Daimler* did not warrant dismissal of this case against either Defendant. (Oral Argument (Apr. 11, 2014); *see also* ECF No. 537.) Defendants' motions to certify this issue for interlocutory appeal were similarly denied, and the case was scheduled for trial. (ECF No. 543.)

Defendants renewed their *Daimler* argument in their motions for summary judgment. (*See* ECF Nos. 496 & 497.) Defendants thereafter submitted to this Court the Second Circuit's decision in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), arguing that the *Gucci* Court's interpretation of *Daimler*, as changing the controlling precedent in this Circuit, requires dismissal of this case. In *Gucci*, the court reiterated the holding in *Daimler*:

> [A] corporation may . . . be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state. Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business.

---

in litigating ATA claims in the United States. The Defendants have not demonstrated that this case would impose a more significant burden than can typically be expected, particularly in light of the fact that they have vigorously engaged in such litigation several times before. The Defendants have also failed to identify an alternative forum where Plaintiffs' claims could be brought, and where the foreign court could grant a substantially similar remedy.

(ECF No. 87 at 16.)

*Id.* at 135 (citing *Daimler*, 134 S. Ct. at 761-62 & n.19). The court in *Gucci* went on to explain that the Supreme Court in *Daimler* "expressly warned against the 'risks to international comity' of an overly expansive view of general jurisdiction inconsistent with 'the fair play and substantial justice' due process demands." 768 F.3d at 135 (citing 134 S. Ct. at 763 (citation and quotation omitted)).

Under a post-*Daimler* and -*Gucci* analysis, this Court has personal jurisdiction pursuant to the Antiterrorism Act, 18 U.S.C. § 2331, *et. seq.*, over the PA and PLO. Defendants' motions asserting lack of personal jurisdiction are denied because this action presents such "an exceptional case," as alluded to in *Daimler* and *Gucci*.[2]

Defendants by their own admission are not foreign corporations and therefore are not subject to the traditional analysis of determining a defendant's place of incorporation or principal place of business.[3] Under both *Daimler* and *Gucci*, the PA and PLO's continuous and systematic business and commercial contacts within the United States are sufficient to support the exercise of general jurisdiction. (*See* ECF No. 87 (analyzing Defendants' business and commercial contacts with the United States following extensive jurisdictional discovery).)

Each Defendant argues that its own individual contacts with the United States are minimal, especially when compared to their contacts elsewhere. The PLO contacts that Defendant PLO identifies outside of the United States—namely that "there were several

---

[2] Defendants argue that they did not waive their personal jurisdiction objections because *Daimler* and *Gucci* changed the controlling precedent in this Circuit. However, Defendants' motions asserting lack of personal jurisdiction are not denied based on a theory of waiver.

[3] Defendants point out that they are not individuals, partnerships or corporations. (ECF No. 498, Ex. A., ¶¶ 17-22.) In their memorandum in support of their motions for summary judgment, Defendants describe both the PA and PLO as "foreign organizational defendant[s]." (ECF No. 497 at 49.) In their memorandum in opposition to Plaintiffs' motion for summary judgment, Defendants are self-described as "(1) unincorporated; (2) foreign governmental organizations; of (3) an unrecognized foreign state." (ECF No. 523 at 6.)

3

embassies, missions and delegations maintained by the PLO around the world that were larger than the PLO Delegation [in the United States]"—do not lead to the conclusion that the PLO is "at home" in any one of those countries, nor does the PLO make such a claim. (ECF No. 497 at 49.) Defendant PLO does not specify the nature or extent of its contacts or activities in other countries; it relies on the collective number of personnel in foreign embassies, missions and delegations around the world, but does not identify any one of those countries as a place where the PLO is "at home" based on greater business and commercial activities than are conducted in the United States.[4] Similarly, Defendant PA estimates that it had over 100,000 employees in 2002, but it does not identify which, if any, of those employees engaged in activities in any country outside of the "Palestinian Territories in the West Bank and Gaza Strip." (*See* ECF No. 498, Ex. A., ¶¶ 2, 40.) This record is therefore insufficient to conclude that either defendant is "at home" in a particular jurisdiction other than the United States.

Undertaking a comity analysis further supports asserting personal jurisdiction because doing so does not conflict with any foreign country's applicable law or sovereign interests, nor is it in contravention of the laws of any foreign country.[5]

---

[4] The chief representative of the PLO to the United States asserts: "[T]he PLO employed at various times approximately 1,300 persons to work in its embassies, missions and delegations in countries or organizations outside the United States." (ECF No. 497, Ex. A-71, ¶ 18.)

[5] Defendants do not argue in their memorandum in support of their motions for summary judgment that this Court should engage in a comity analysis, nor do they cite foreign laws that conflict with the exercise of general jurisdiction pursuant to the ATA. (*See* ECF No. 497 at 49-50.)

4

## CONCLUSION

Defendants' motions for summary judgment on the ground that this Court does not have personal jurisdiction over the PA or PLO are DENIED.

Dated: December 1, 2014
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge