# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

December 4, 2014

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      As discussed during the conference on November 20, 2014, I enclose records of the convictions in Israeli courts of perpetrators of the attacks at issue in this case.

      Several of the convictions are based on verdicts issued following a trial. The other convictions were entered on the basis of guilty pleas by the perpetrators. In the Israeli courts, when a conviction is based on a guilty plea, there is no single document constituting the conviction. Instead, in the event of a plea, the record of conviction consists of the indictment as pleaded to, along with a record of the hearing at which the plea was given and the verdict entered. Accordingly, U.S. courts have found Israeli convictions to be established by the plea hearing, the indictment, and the record of the hearing at which a verdict is entered. In the event of a trial verdict, the conviction is established by the trial verdict. To the extent necessary, the sentencing record can also be included. *See*, *e.g.*, *Linde v. Arab Bank*, 04-Civ-02799, DE 1049, * 5 (E.D.N.Y. August 1, 2014) (admitting Israeli military court documents reflecting trial verdicts and pleas of guilt to indictments); *United States v. Odeh*, 13-cr.-20772 (GAD), DE 117 at * 3-7 (E.D. Mich. Oct. 10, 2014) (admitting Israeli military court file to establish conviction based on confession and trial verdict, and discussing indictment, plea and trial, and sentence).

      In addition, where, as here, the court records are accompanied by *apostilles* pursuant to the Hague Convention, they are self-authenticating. *See*, *e.g.*, *Linde v. Arab Bank*, 04-Civ-02799, DE 1049, * 5 (August 1, 2014) (rejecting defendants' objections regarding reliability, found at DE 1033 at 12, and finding Israeli military court records

ARNOLD & PORTER LLP

Hon. George B. Daniels
December 4, 2014
Page 2

submitted with *apostilles* to be self-authenticating); *Odeh*, * 7 (records of conviction submitted with individualized attestations found self-authenticating).

Because the proceedings evidenced in the documents led to a judgment of conviction, the evidence of the conviction is admissible under Rule 803(22). *Linde* at * 5; *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 447-48 (E.D.N.Y. 2013) ("criticisms of the process afforded defendants in Israeli military courts and their ability to come to a reliable verdict . . . affects the weight of the evidence, not admissibility"); *see also Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006). In summary judgment briefing, plaintiffs demonstrated that convictions rendered in Israeli courts are admissible under Rule 803(22), as U.S. courts have uniformly found that Israel's courts are fair and provide due process. *Demjanjuk v. Petrovsky*, 776 F.2d 571, 583 (6th Cir. 1985), *vacated on other grounds*, 10 F.3d 338 (6th Cir. 1993); *Eain v. Wilkes*, 641 F.2d 504, 512 n.9 (7th Cir. 1981); *Strauss*, 925 F. Supp. 2d at 447-48; *Ahmad v. Wigen*, 726 F. Supp. 389, 416 (E.D.N.Y. 1989), *aff'd*, 910 F.2d 1063 (2d Cir. 1990).

A second and independent ground also supports admission of these documents: "principles of comity and respect for foreign sovereigns" generally "preclude judicial scrutiny of foreign convictions"—including convictions by military tribunals. *Munaf v. Geren*, 553 U.S. 674, 699-700 (2008); *see Hirota v. MacArthur*, 338 U.S. 197 (1948) (*per curiam*) (military tribunal in occupied Japan); *Neely v. Henkel*, 180 U.S. 109, 123 (1901) (military tribunal in occupied Cuba); *Hurst v. Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 33-36 (D.D.C. 2007) (three-judge *ad hoc* Scottish tribunal sitting by international agreement in the Netherlands); *cf. Ex Parte Quirin*, 317 U.S. 1 (1942) (military commission permitted to try saboteurs captured on U.S. soil).

Accordingly, I enclose a binder of documents evidencing the convictions of perpetrators of the attacks, with an index setting forth each document's title, the name of the perpetrator whose conviction it evidences, and the corresponding plaintiffs' trial exhibit number. Plaintiffs believe it would be helpful for each juror to have a copy of this binder and, accordingly, respectfully request that the binder, its index and exhibits be admitted into evidence in advance of trial.

In addition, I have enclosed for the court's review a second binder that plaintiffs do not intend to provide to the jury. That second binder contains an *apostille* for each of the documents reflecting the perpetrators' convictions. The *apostilles* appear in the

ARNOLD & PORTER LLP

Hon. George B. Daniels
December 4, 2014
Page 3

second binder in the same order as the corresponding documents whose authenticity they certify.

            Respectfully,

            Kent A. Yalowitz

cc: All ECF Counsel

Encl.