מס. No. 014/14

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel
Hereby certify that the attached document marked **"A"** is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני החח"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "A" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית ושהוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day 24th December 2013

היום 24/12/2013

Paid 102.00 shekels (including VAT)

שולם סך של 102.00 ש"ח (כולל מע"מ)

SIGNATURE _____   חתימה

NOTARY'S SEAL        חותם הנוטריון

# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. **STATE OF ISRAEL** | מדינת ישראל .1 |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by | .2 נחתם בידי |
| Advocate Y. WEINBERG | עו"ד ___ויינברג___ |
| 3. Acting in capacity of Notary | .3 המכהן בתור נוטריון |
| 4. Bears the seal/stamp of the above Notary | .4 נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | .5 בבית משפט השלום בירושלים |
| 6. Date  12-01-2014 | .6 ביום ___ |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. | .7 על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו – 1976 |
| 8. Serial number  361/14 | .8 מס' סידורי ___ |
| 9. Seal/Stamp | .9 החותם / החותמת ___ |
| 10. Signature | .10 חתימה ___ |

תאריך: 05/02/06                    1                    תיק מס': 5398/03

## בית המשפט הצבאי
## ש ו מ ר ו ן
### - פ ר ו ט ו ק ו ל -

דיון בית משפט מיום: 05/02/06   בפני ההרכב: סא"ל ארז חסון   -אב"ד
                                            רס"ן אליהו נימני   -שופט
                                            סרן ארז סרי   -שופט

תובע: סרו אירית דייטש
סניגור: עו"ד דראושה

נאשם: מאג'ד אסמאעיל מוחמד מצרי   ת.ז.: 904460862

רשמת: סמל אלינה
מתורגמן: סמל בהאא

- אב"ד זיהה את הנאשם -

### הכרעת דין

עקב היקפיו הגדולים של תיק זה, נימוקי הכרעת הדין נמצאים עדיין בשלבי כתיבתם. עם זאת, נמסור כעת את תמצית הכרעת הדין.

מצאנו לנכון להרשיע את הנאשם בעבירות המיוחסות לו בכתב"א, למעט פ"י 4, ממנו חזרה התביעה בסיכומיה. הנאשם מורשע בעבירות הבאות:
**חברות בהתאחדות בלתי מותרת** – עבירה לפי תקנה 85 (1) (א) לתקנות ההגנה (שעת חירום), 1945.
**נשיאת משרה** – עבירה לפי תקנה 85 (1)(ב) לתקנות ההגנה (שעת חירום), 1945.
**ירי לעבר אדם** – עבירה לפי תקנה 58(א) לתקנות ההגנה (שעת חירום), 1945.
**ניסיון ירי לעבר אדם** – עבירה לפי תקנה 58(א) לתקנות ההגנה (שעת חירום), 1945 ולפי סע' 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח – 1968.
**גרימת מוות בכוונה** – עבירה לפי סע' 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל – 1970 (**10 פרטי אישום**).
**ניסיון גרימת מוות בכוונה** – עבירה לפי סע' 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל – 1970 ולפי סע' 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח – 1968 (**3 פרטי אישום**).
**קשירת קשר לגרימת מוות בכוונה** – עבירה לפי סע' 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל – 1970 ולפי סע' 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח – 1968.

יובהר כי לעניין פרטי האישום המרכזיים, דהיינו עבירות הרצח, מורשע הנאשם כשותף עיקרי וזאת לאור מעמדו הבכיר בארגון, העובדה כי היה מעורב בשלבים אופרטיביים של ביצוע מעשי הרצח ובהם צילום המתאבד, מימון הפיגוע ומסירת כלי הנשק אשר שימש בו.

ניתן והודע היום, 05/02/06, בפומבי ובמעמד הצדדים.

_____   _____   _____
שופט      אב"ד      שופט

## ראיות לעונש
ת: אין ראיות לעונש
ס: אין ראיות לעונש

## תובעת מסכמת:

היום נותן הנאשם את הדין בגין אחריותו כמצבע עיקרי לגרימת מותם של 10 בני אנוש. לצד זאת, הורשע הנאשם בפעילות ביטחונית חמורה מרובה ענייפה, תוך שגם מסקירת מעשים אלו ברורה נחישותו וחתירתו כדי מטרה אחת- גדיעת חיי אדם. הנאשם אמנם נותן את הדין אחרון בזמן, לאחר כל "גיבורי", מבצעי הפיגועים במצר וחרמיש, אולם מטעמי, מבחינות רבות, ניתן לראות בו ראש וראשון להם.

לא ניתן להתעלם כהיבט לחומרה ממעמדו הבכיר בארגון התנזים. למדנו, לצערנו, כי הטרור, הגם שהינו מכה באופן עיוור בקורבנות מקריים, פעמים רבות יש בו דווקא חוקיות או ביתר דיוק אינטרסנטיות, ציניות בחיי אדם. לעתים נוח לבצע פיגוע זה או אחר במועד מסויים, בתזמון מסויים, ביישוב מסויים, בתוך תחומי הקו הירוק או מחוצה לו. וכאן, לטעמה של התביעה, נכנס תפקידו המכריע של הנאשם כמעין פוסק באותם חיים של קורבנות עולמים עתידיים, ירצה יבוצע פיגוע רצח, לא ירצה יינצלו הפעם חייהם.

אדגיש כי עובר לפיגוע בחרמיש נתבקשה הסכמתו המפורשת של הנאשם לביצוע הפיגוע על ידי בכיר המרצחים, מוחמד נאיפה, הסכמתו של הנאשם ניתנה ורק לאחריה יצאו לפועל השלבים הבאים, שהביאו כזכור למותם של שלושה בני אנוש. הנאשם אף הגדיל לעשות לאחר ביצוע הפיגוע, אולי כשלמוני ההצלחה, העביר הנאשם למוחמד נאיפה, בדיוק בשל "הצלחתו" של הפיגוע סכום כסף. ואם יתמה התומה על כך, גם זה אינו מקרה, שכן הנאשם נשא תפקיד אשר במסגרתו העביר כספים בהזדמנויות רבות ובשיטתיות לפעילים מרכזיים בארגון.

גם לביצוע הפיגוע במצר נודעה תרומה מכרעת לפועלו של הנאשם, היות שהוא זה שהעביר למעשה את כלי המשחית לידי המרצחים, בסופו של דבר. על תרומה זו ודאי שאין צורך להכביר מילים באשר לקשר הסיבתי בין מעשיו כאן ובין קרות התוצאה.

בנוגע לפיגוע ברחוב יפו בירושלים, שימש הנאשם כצלם של המתאבד לפני יציאתו לפיגוע. התביעה טענה לא אחת לפני בימ"ש נכבד זה, אודות הקרדינליות שהיא מוצאת בפעולה זו. אדגיש בקצרה כי פאן נוסף חמור של פיגועי ההתאבדות שבאו בקרבנו הינו הדו התקשורתי שבא בעקבותן, בו יש למעשה להפחיד, לשתק ולזרוע אימה בחייו של כל ישראלי, באשר הוא ישראלי. תרומה רבה לכך יש בצילומי מוות של אותם מתאבדים, זאת גם מהבחינה שהם משמשים דוגמא מצולמת גם לבאים בעקבותם. יותר מכך, לטעמה של התביעה, באקט הצילום יש כדי לאפשר במישרין, בסופו של דבר, את ביצוע העבירה עצמה על ידי אותו מתאבד בכך שלמעשה יש באקט זה משום עידוד רוחו של אותו מתאבד, חיזוק החלטתו לצאת לביצוע הפיגוע.

התביעה תפנה לעניין זה לטיעוניה בתיקו של איאד נאצר, תיק בימ"ש 5572/03. בתיק זה נגזר על הנאשם מאסר עולם ואולם לא מן הטעם שביקשה התביעה, היינו השתתפותו בצילום המתאבד, אלא אם כי ריבוי העבירות שיוחסו לו. עם זאת, אציין כי התביעה הגישה ערעור בתיק זה והוא עודנו תלוי ועומד בביהמ"ש לערעורים.
כן אבקש להפנות לתיקו של כמאל שעבלו, שנידון בבימ"ש זה, שם קיבל ביהמ"ש את עמדתה של התביעה באשר לתרומתה הממשית של אותו אקט של צילום המתאבד.

היום נסגר מעגל. דמם של קורבנות הנאשם זועק אל ביהמ"ש והתביעה תבקש כי עונשו ייגזר ל-10 עונשי מאסר עולם מצטברים בגין כל נפש ונפש אותה קטע. כן תבקש התביעה מאסר נוסף קצוב בשנים, בגין יתר העבירות בהן הורשע הנאשם.

**סניגור מסכם:**

הנאשם הכחיש לאורך כל הדרך את כל המיוחס לו בכתי"א, אולם בהרשעתו היום בפני ביהמ"ש מהווה מכה קשה לנאשם ולמשפחתו. הנאשם בחקירה הראשית ובחקירתו הנגדית בביהמ"ש, וגם בחקירתו במשטרה, הוא הוקיע מעשי אלימות נגד מדינת ישראל. מדובר בנאשם שאפילו בהליך המשפטי שהיה בפני ביהמ"ש נגרמו לו עווית דין. מדובר בנאשם בן 32 שנים. הוא המפרנס היחידי למשפחתו, אשר מורכבת משני ילדים. אשתו נמצאת כאן וגם אימו החולה. לנאשם יש המון חובות ומשכנתא. הנאשם עובר לאירוע נשוא כתי"א עבד בתור קצין במשטרה הפלשתינאית. הוא עבד במסירות ובנאמנות. מצבו הפיננסי של הנאשם רעוע מאוד. ילדיו הקטנים לומדים בבי"ס ויש צורך שאביהם יתמוך בהם מבחינה כלכלית וחשוב שאביהם ימצא לידם.

הנאשם הוא אדם חולה, יש לו בעיות ברגליים.

יש לי טיעונים אחרים, הואיל ועוד לא קיבלתי את הנימוקים לידיי. לנאשם אין דם על הידיים- זה מה שהוא טען לאורך כל הדרך. אפילו התנהגותו של הנאשם היום, אינה כמו של הנאשמים האחרים, אשר היו מודים במעשים שעשו, אך הנאשם לא עושה זאת.

אנו מבקשים שביהמ"ש יתחשב בנסיבות.

**נאשם:**

אני מההתחלה הבאתי את הראיות לביהמ"ש. התביעה בהתחלה קבעה את גורלי. אני אמרתי שאני לא מפחד רק מאלוהים ואני נגד רצח של אזרחים ישראלים ופלשתינים. הייתי קצין במשטרה הפלשתינית והפלילו אותי גנבי רכבים. אני כיבדתי את הבימ"ש עד עכשיו. אני מקווה שתיקח בחשבון את כל הדברים האלו, אתה מטפל בילדים שלך, גם לי יש ילדים.

תאריך: 06/02/05          תיק מס׳: 5398/03          4

## גזר דין

הנאשם הורשע, כאמור בהכרעת הדין, בעבירות המיוחסות לו בכתב האישום (למעט פרט האישום הרביעי, ממנו חזרה התביעה). המדובר בשורת עבירות קשות וחמורות, שאין חמורות מהן, מהן עולה אחריותו של הנאשם לרציחתם של עשרה בני אדם וכן שורת עבירות נוספות ובהם עבירות ניסיון לגרימת מוות בכוונה, ירי ועוד.

הנאשם נשא בתפקיד ראש "גדודי אל אקצה" באזור שכם, ובתפקידו זה משך בחוטיהם של פיגועים רבים אשר יצאו תחת הנחייתו, במימונו, בברכתו ותוך שימוש בכלי הנשק שמסר.

הנאשם היה מעורב בשורת פיגועי התאבדות כאשר הוא וחבריו לארגון צמא-הדם, שילחו בזה אחר זה מפגעים מתאבדים אשר זרעו בחוצות ערי ישראל רצח ומוות. עובדות כתב האישום, בהם הורשע הנאשם, מתארות ארוכות את השלבים המפורטים שקדמו להוצאת המרצחים לעבר זירת הקטל.

*הנאשם, בתפקידו הבכיר, הוא זה שניצח על תעשיית מוות בזוייה זו ונמסר הוראות לפעילים הכפופים לו לשלח מפגעים למעשי רצח המוניים.* אולם הנאשם לא הסתפק בתפקיד "מיניסטריאלי" בלבד, אלא שלח ידו גם בשותפות מלאה לשילוח המפגעים ממש, ובכלל זה צילום מתאבד במקרה אחד, מימון פיגוע אחר והספקת כלי הרצח באירוע שלישי.

כאן המקום להדגיש, את אשר אף עולה מהכרעת הדין, כי אחריותו המלאה של הנאשם למעשים נלמדת הן ממידת מעורבותו ה"אופרטיבית", אולם גם ממעמדו הבכיר העולה לאורך כל חומר הראיות. מתברר כי הנאשם היה, באזור שכם, פוסק בענייני חיים ומוות, והוא ניצל את מרותו על פני אחרים לשם שילוח מרצחים. הנאשם הוא זה שמיהר אף ליטול אחריות על מעשי הרצח, בפני אמצעי התקשורת.

הנאשם הוא האחראי, ביחד עם שאר חבריו לכנופיית המרצחים, לפיגוע הדמים ברחוב יפו בירושלים, ביישוב חרמש ובקיבוץ מצר. כתוצאה ממעשיו מצאו את מותם עשרה בני אדם בהם שני ילדים רכים בקיבוץ מצר, אמם שנרצחה ביחד עמם, שניים תושבי הקיבוץ, נערות שנרצחו מרחק קצר מביתם ביישוב חרמש, נשים שהלכו ברחוב יפו בירושלים. פיגועי הדמים ברחוב יפו, ביישוב חרמש ובקיבוץ מצר זעזעו את המדינה באכזריותם ובשפלותם.

הנאשם לא חדל ממעשיו, גם כאשר הלכו ורבו קורבנותיו, גם כאשר הלך ופחת גילם. גם לנוכח הירצחם של ילדים רכים, לא נח הנאשם ממעשיו והוסיף לטוות את קורי המוות תחת ידו. הנאשם לא היסס והורה לשלוח את חיית-האדם, את הרוצח סירחאן סירחאן, לביצוע מעשה רצח נוסף, אשר למרבה המזל לא יצא אל הפועל.

ואכן, מלבד מעשי הרצח בהם הורשע, ומלבד הפציעות שגרם לאלו ששרדו את התקפות התופת של המפגעים ששילח, עוד שלח הנאשם את ידו במעשה ירי וניסיון לירי.

תאריך: 06/02/05

כפי שציינו בהכרעת הדין, מצאנו כי חלקו של הנאשם הוא של שותפות בתכנון, וגם
העובדה כי הנאשם נהג בפחדנות והסתתר מאחורי מצלמת הווידאו ומלך מדריך למה
ולהההרג, כי התחבא מאחורי מתן הוראות לאחרים, כי עטף בשטרות כסף את שד לבו וגם
נטל אחריות על מעשי אחרים, עובדת פחדנותו של הנאשם אינה מחייבת כי תשיבת על
העונש הראוי לו ולשכמותו. הנאשם אחראי באופן מלא למותם של עשרה בני אדם תמים
מפשע, ומאחריותו זו לא יחמוק.

אנו גוזרים עם הנאשם 10 מאסרי עולם מצטברים.

זכות ערעור כחוק  החל מיום המצאת נימוקי הכרעת הדין לידי הצדדים
ניתן והודע, 06/02/05, בפומבי ובמעמד הצדדים.

_____ שופט    _____ אב"ד    _____ שופט

[Notary seal: יצחק ווינברג / YITZHAK WEINBERG / NOTAIRE * NOTARY]