מס. No. 1050/13

## CERTIFICATION OF COPY          אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel
Hereby certify that the attached document marked "A" is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני החי"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "א" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית והוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 83.00 shekels (including VAT)

שולם סך של 83.00 ש"ח (כולל מע"מ)

SIGNATURE _____      חתימה

NOTARY'S SEAL     חותם הנוטריון

# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Advocate Yitzhak Weinberg - Advocate 33 Soreq Street, Israel | 2. נחתם בידי יצחק ווינברג עו"ד עו"ד |
| 3. Acting in capacity of Notary L.N.24260 | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date  -1-01-2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976.   86/14 | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו - 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

תאריך: ח' שבט, תשס"ג
13 ינואר, 2003

מספר התיק: 3159/02

בית המשפט הצבאי בבית אל

פרוטוקול הדיון בישיבת דן יחיד

בפני השופט: רס"ן אלי בר-און

נאשם: בשאר חסן עבד ברגותי ת.ז 934469768 / מגידו

------------------------------------------------------------

## ג ז ר - ד י ן

הנאשם הורשע בעבירה של אי מניעת עבירה לפי סעיף 59 לצו בדבר הוראות בטחון תשי"ל 1970. בתמצית ניתן לומר כי ביום 20/01/02 ארח הנאשם בביתו קרוב משפחתו בשם אחמד ברגותי, אשר היה פעיל בכיר בארגון גדודי חללי אל אקצא. במהלך שהותו בבית הנאשם שוחח ברגותי באמצעות מכשיר טלפון נייד שהיה ברשותו, ובשלב מסויים של השיחה ביקש מהנאשם לקבל את השיחה בטלפון הקבוע שבביתו של הנאשם, וזאת מטעמים בטחוניים. הנאשם אישר את קבלת השיחה בביתו, ואכן ברגותי שוחח עם אדם משכם, ולאחר השיחה עדכן את הנאשם כי הוא מתכוון להוציא אל הפועל פיגוע בירושלים. ברגותי אף מסר לנאשם מספר רב של פרטים הנוגעים לאותו הפיגוע, והנאשם אף שאל אותו מספר שאלות בעניין זה. יומיים לאחר מכן, ביצע פעיל של גדודי חללי אל אקצא פיגוע ירי בירושלים, במסגרתו מצאו את מותן שתי נשים ונפצעו עשרות אחרים. לאחר הפיגוע התקשר אחמד ברגותי אל הנאשם ושאל אותו האם שמע על הוצאת הפיגוע אל הפועל, והנאשם אישר זאת.

הצדדים ביקשו מביהמ"ש כי יגזור על הנאשם עונש אשר יהלום את חומרת העבירה בה הורשע. לעניין מידתו של עונש זה נחלקו דעות הצדדים. התביעה הצבאית מצידה גרסה כי לנוכח התוצאות הטרגיות והנוראיות של הפיגוע שהוצא אל הפועל, יש מקום להחמיר עם הנאשם. התביעה הצבאית אף הפנתה את תשומת הלב לכך שלנוכח העובדה שמדובר בעבירה מיוחדת במינה, בחר המחוקק להצמיד לעבירה זו עונש של 5 שנות מאסר שהוא עונש נמוך ביחס לעבירות הבטחוניות הנידונות בבימ"ש זה. לדעת ההגנה, לא ניתן היה לדרוש מן הנאשם להתנהג באופן שונה מזה שנהג בו, ולנוכח העובדה כי הנאשם לא היה שותף בדרך כלשהי בביצוע הפיגוע, אלא רק חדל מעשיית מעשים אשר הביאו למניעתו, הרי שיש להקל עמו באופן משמעותי, ולהורות על שחרורו.

אין ספק כי העבירה בה הורשע הנאשם הנה עבירה מיוחדת במינה לנוכח העובדה כי היא אחת העבירות הבודדות אשר מטילות עונש בגין מחדל של אדם לעשות מעשה, ולא בגין מעשה שעשה. ביהמ"ש העליון של מדינת ישראל דן לאחרונה בהרחבה בעבירה זו, בפסק הדין בעניין מרגלית הר שפי. פסק הדין אשר סוקר את הדעות השונות שהובעו במהלך השנים באשר להצדקת הכללתה של עבירה זו בספר החוקים, מגיע בסופו של דבר למסקנה כי לנוכח ריבויים של מעשי הפשע, אין מקום להשמיט עבירה זו מהקודקס הפלילי במדינת ישראל, יחד עם זאת, לא פסח ביהמ"ש גם על העברת ביקורת מסויימת לנוכח כתם המלשינות שמדביקה החובה המוטלת כאן על אותו אדם שחדל.

בנסיבות הקיימות באזור, מעוררת העבירה של אי מניעת עבירה קשיים נוספים. כך לדוגמא נדרש הנאשם שבפנינו לעשות מעשים למניעתה של עבירה שעל קיומה שמע



P 6: 322

מספר התיק: 3159/02

תאריך: י' שבט, תשס"ג
13 ינואר, 2003

בעת היותו בשטח שאינו נתון לשליטה של כוחות הבטחון הישראלים. ניתן היה לדרוש מן הנאשם כי יעשה לכך הפחות מעשים למניעת הפשע ע"י פנייה לגורמי הבטחון הנמצאים בשטחו, אלא שבנסיבות המקרה מתקבל הרושם שדווקא גורמי הבטחון הללו, הם אלה שהתכוונו להוציא לפועל את אותו פשע. ברור כי סיטואציה זו העמידה את הנאשם בין הפטיש לסדן, ונראה כי חובתו המוסרית לפעול במקרה זה, אשר אין ספק בדבר קיומה, נתקלה בקשיים של ממש לו הוא אכן היה מנסה לפעול.

לא ניתן להתעלם מכך שמחדלו של הנאשם אכן איפשר בסופו של דבר את התוצאות הנוראיות שהביאו לאובדן חיי אדם חפים מפשע, אך לא ניתן להתעלם גם מכך כי הנאשם לא מואשם בשותפות כלשהי בביצוע הפיגוע הנורא.

עברו של הנאשם נקי. הנאשם סיים לימודי רפואה בעיראק וחזר לאזור כדי להתחיל בהתמחותו כרופא בבית החולים אל מוקסד בירושלים. לפני ביהמ"ש נשמעה עדות אביו של הנאשם וניתן היה להתרשם כי מדובר באדם אשר חינך את בניו לחיות בשלום עם הבריות ולהקדיש את עיקר מאמציהם ללימודים אשר יטיבו עם הזולת, ולא יפגעו בהם. גם מפי הנאשם ניתן היה להתרשם כי לא היו לו מניעים לאומניים, בטחוניים או פליליים עת נמנע מלדווח על מעשה הפשע שהתקרב ובא.

בנסיבות העניין, אני סבור כי ניתן להקל עם הנאשם ולהמיר חלק מעונש המאסר לו היה ראוי בקנס כספי על מנת לאפשר לו לחזור לחיים נורמטיבים, להקים משפחה ולחנך את ילדיו ברוח של שלום ואהבה.

אשר על כן, אני גוזר על הנאשם את העונשים הבאים:

א. מאסר בפועל בניכוי כימי מעצרו של הנאשם.
ב. 9 חודשי מאסר על תנאי, והתנאי הוא כי במשך 5 שנים מיום שחרורו לא יעבור הנאשם עבירה לפי הסעיפים 57 או 59 לצו בדבר הוראות הבטחון תש"ל 1970.
ג. קנס כספי בסך 5,000 ש"ח או 5 חודשי מאסר תמורתו. הקנס ישולם כתנאי לשחרור.

זכות ערעור תוך 30 יום.

ניתן והודע היום, 13/01/03, בפומבי ובמעמד הצדדים.



שופט