No. 981/13 .מס

| CERTIFICATION OF COPY | אישור העתק |
|---|---|
| I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh,Israel | אני הח״מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש |
| Hereby certify that the attached document marked **"A"** is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me. | מאשר כי המסמך המצורף והמסומן באות **״א״** הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית ושהוצג בפני. |
| In witness whereof I certify the correctness of the copy and I hereto set my signature and seal, | ולראיה הנני מאשר את דיוק ההעתק הנ״ל, בחתימת ידי ובחותמי, |
| This day December 28, 2013 | היום 28 דצמבר 2013 |
| Paid 101.00 shekels (including VAT) | שולם סך של 101.00 ש״ח (כולל מע״מ) |

SIGNATURE ____________ חתימה

NOTARY'S SEAL חותם הנוטריון

# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advoca. 33 Soreq Street, Israel L.N.24260 | 2. נחתם בידי יצחק וויינברג עו"ד |
| Advocate | עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון, |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date - 1 -01- 2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. 14/14 | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו - 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

בית משפט השלום בירושלים * Magistrates Court of Jerusalem * ישראל

ILANA SHVIV אילנה שביב -1-01- 2014

תיק מס׳: 2306/04

תאריך: כ״ח שבט, תשס״ו
26 פברואר, 2006

**בית המשפט הצבאי יהודה**

**בפני כב׳ האב״ד: רס״ן רונן עצמון**
**השופט: רס״ן אדריאן אגסי**
**השופט: רס״ן מנחם ליברמן**

**התביעה הצבאית**
(באמצעות סגן שגיב ליכטמן)

**נגד**

**הנאשם: עלי מוחמד חמאד הליל ת.ז 920629276 / שב״ס**
(באמצעות ב״כ עו״ד ארעג׳)

---

**<u>הכרעת הדין</u>**

**<u>השופט רס״ן מנחם ליברמן</u>**

תוך כחודש ימים, בתקופה בין סוף חודש ינואר לסוף חודש פברואר 2004, שני פיגועי התאבדות זעזעו את העיר ירושלים, ובהם נרצחו בדם קר 19 אנשים, וכמאה אנשים נוספים נפצעו בדרגות שונות של פציעה. אנו נדרשים להכריע את דינו של הנאשם, עלי מוחמד חמאש אבו-הלאיל, ולקבוע מהי מידת אחריותו למעשים נוראים אלה.

ביום 23.5.2004 הגישה התביעה הצבאית כתב אישום נגד הנאשם. כתב האישום כלל 21 פרטי אישום, תשעה עשר פרטים של גרימת מוות בכוונה, ושני פרטים של ניסיון לגרימת מוות בכוונה, וזאת לנוכח חלקו בשני פיגועי ההתאבדות, האחד ביום 29.1.2004 בקו 19, והשני ביום 22.2.2004 בקו 14.

הדיונים בתיק זה נדחו מתזכורת לתזכורת, אך בסופו של דבר, דחיות אלו חסכו זמן רב מבית המשפט. ביום 4.8.2005 הודיע סנגורו של הנאשם כי מרשו מודה בעובדות כתב האישום, אך כופר באשמה. ביום זה נקבעו מועדי הגשת סיכומים, התביעה עד ליום 19.9.2005 והסנגוריה עד ליום 20.10.2005.

ביום 18.9.2005 הגישה התביעה את סיכומיה כנדרש, אך משום מה סנגורו של הנאשם נמנע מלהגיש את סיכומיו כפי שהוטל עליו. בדיון אשר התקיים ביום 27.10.2005 על מנת לבחון אם הצדדים אכן הגישו את סיכומיהם, הודיע הסנגור כי לא הספיק להגיש את סיכומיו, אך ביקש הארכה עד אמצע חודש נובמבר. בקשתו של הסנגור התקבלה, וסגן הנשיא אישר לסנגור הארכה על ליום 15.11.2005. למרבה הצער גם בחלוף תאריך זה לא הגיש הסנגור סיכומיו, ואף שתי שיחות טלפון נוספות אשר יזמה מזכירות בית המשפט עימו, שיחות אשר בהן הובהר לו כי באם לא יגיש את סיכומיו הדבר ייראה כוויתור מצדו על זכותו, לא הועילו. לקראת כתיבת הכרעת דין זה סיכומים אין, וכך בית המשפט יצטרך לבצע את עבודתו של הסנגור.
למרות העדר סיכומים של הסנגור כאמור, ניתן להבין ממנו כי אין הוא סבור שיש לזכות את הנאשם מכל אשמה, אלא, שיש להרשיע את הנאשם רק כמסייע לעבירה אשר בוצעה, ולא כשותף מלא. כל זאת, בהתבסס על כך שביום בו הודה סנגורו של הנאשם בעובדות כתב האישום הוא גם

נוטריון
יצחק
וויינברג
YITZHAK
WEINBERG
NOTARY
NOTAIRE

P 2: 334

תיק מס׳: 2306/04

תאריך: כ״ח שבט, תשס״ו
26 פברואר, 2006

כי טענתם הינה כי האשמה המתאימה למעשיו של הנאשם הינה סיוע. לעומת זאת, התביעה באותה עת כי יש להרשיע את הנאשם כשותף מלא בכל העבירות.

מתברר כי המחלוקת בין הצדדים צרה אף מכך. כאמור, למרות העובדה כי יש בכתב האישום 21 פרטים, מדובר בשני אירועים בלבד. בעקבות מעשיו בשני מקרים אלה ייחסה לו התביעה שותפות מלאה, אך בסיכומיה הסכימה התביעה חלקית עם הסנגור, וביקשה להרשיע בגין הפיגוע הראשון רק כמסייע, ולא כשותף מלא.

כאמור בפרט האישום הראשון בכתב האישום, בו הודה הנאשם, בתחילת חודש ינואר 2004 הנאשם ואחרים לבצע פיגועים נגד מטרות ישראליות שכללו פיגועי התאבדות. בהמשך הנאשם לאחד משותפיו חומרים עבור הכנת מטען חבלה. לאחר שאדם אחר הכין עם חומרים אלה מטען חבלה, ביום 29.1.2004 עלה מוחמד מעאלי, מחבל מתאבד, על אוטובוס קו 19 בירושלים ופוצץ את עצמו. כתוצאה מפיגוע זה נהרגו 11 אנשים.

לנוכח האמור, ובהתאם להודאת הנאשם ועמדת הצדדים בנושא, אני מציע לחברי להרשיע את הנאשם בגין כל אחד מהפרטים 1-11 כמסייע לגרימת מוות בכוונה, ובגין סעיף 12 כמסייע לניסיון לגרימת מוות בכוונה.

ומה בנוגע ליתר הפרטים, 13-21, בכתב האישום? כאמור, פרטים אלה מבוססים כולם על אירוע אחד. נבחן את מעשיו של הנאשם ואת כוונתו הפלילית, וכך נחרוץ את דינו.

על פי עובדות כתב האישום בהן הודה הנאשם, ביום 18.2.2004 קיבל הנאשם, יחד עם אחר, סכום כסף על מנת לרכוש חומרים לצורך הכנת תיק נפץ לפיגוע התאבדות. במקביל קיבל הנאשם מפעיל "צבאי" 4 ליטר חומר כימי מסוג מי-חמצן ו-40 ליטר חומר כימי מסוג אצטון. ביום 20.2.2004 ייצר הנאשם, יחד עם שניים נוספים, תיק נפץ. כעבור 48 שעות עשה מחבל מתאבד שימוש בתיק נפץ זה על מנת לבצע את הפיגוע בקו 14 בירושלים בו נהרגו 8 אנשים ונפצעו עשרות. השאלה הנשאלת הינה, האם במעשים אלה נכנס הנאשם בגדר שותף לעבירה, או שמא סיווגו הנכון הינו מסייע בלבד?

התובעת הצבאית בסיכומיה הגדירה גם היא את השאלה, וכך היא מנוסחת שם, האם מי שאסף חומרים כימיים וייצר תיק נפץ ביודעו כי תיק הנפץ ישמש לשם ביצוע פיגוע התאבדות, דינו כשל מסייע או כשל שותף?

התביעה מנסה להסתמך על **ע׳ איו״ש 2377/04, התוב״צ נ. ראסם חמאמרה** אשר שם נקבע, כביכול, כי אדם אשר מייצר את מטען החבלה בעבור מחבל מתאבד ייחשב כשותף מלא לעבירה המושלמת. לדידי נקלעה התובעת לכלל טעות בציטוט פסק דין זה. באותו מקרה פסק בית המשפט כי ניתן לראות באדם אשר "אחראי להכנת מטען החבלה" שותף. הבדל תהומי יש בין אדם אשר במסגרת הקשר העברייני לוקח על עצמו את האחריות לדאוג לכך כי יהיה מטען חבלה, בדומה לקושר אשר דואג למתאבד או לאמצעי תחבורה, לבין אדם אשר אינו חלק מהקשר

-2-

נוטריון יצחק ויינברג YITZHAK WEINBERG NOTARY

P 2: 335

תיק מס׳: 2306/04

תאריך: כ״ח שבט, תשס״ו
26 פברואר, 2006

העברייני מלכתחילה, אינו נמנה בין המתכננים אינו יוזם דבר וחלקו מסתכם בייצור מטען חבלה לבקשתו של אדם אחר.

יובהר, אינני סבור כי הנאשם לא ידע בדיוק למה מיועד תיק הנפץ, אך האם עצם ידיעתו זו מספיקה להפוך אותו ממסייע לשותף, סובר אני שלא. אך לפני זמן קצר נתן בית המשפט הצבאי לערעורים פסק דין **בע׳ איו״ש 2156/05+2135, צפוות גבור נ. התובע הצבאי** בו פורטו שוב, ובהרחבה המבחנים אשר נוהגים להיעזר בהם על מנת להבחין בין שותף לעבירה לבין מי שאך מסייע בביצועה. כבוד נשיא בית המשפט לערעורים, אל״מ שאול גורדון התייחס לאפשרות להרשיע אדם כשותף מלא לעבירה, וזאת למרות העובדה כי אינו נוכח בזירת האירוע וכך נכתב שם:

**טרם שאבוא להכריע גורל טענה זו, ראוי להבהיר כי הן באזור והן בישראל, עשוי אדם לבוא בגדר שותף לעבירה, או מבצע בצוותא, אף אם לא נכח בזירת הפשע. על כן, אין באי-נוכחות כשלעצמה כדי להוביל למסקנה כי פלוני אינו משתייך למעגל הפנימי של מבצעי העבירה. כך, בפרשת ״שוק הקצבים״ (ע״פ 2796/95 פלונים נ׳ מדינת ישראל, פ״ד נא(3) 388), בו נדונה שאלת אחריותו של אחד הקושרים אשר בעת הפיגוע נעדר מזירת הפשע, קבע ביהמ״ש העליון כך:**

***״36. ט. היה מנהיג הקבוצה. הוא השתתף בתכנון. נקבע לו תפקיד בגדרי הביצוע. ביום הקריטי הוא לא התייצב למפגש עם חבריו. נ. התקשר עימו טלפונית. ט. אמר לו כי לא יעשו את הפעולה באותו יום. נ. הגיב כי יעשו זאת בלעדי ט.. על כך הגיב ט. ׳תעשו׳. האם ט. אחראי בפלילים לרצח ולניסיון לרצח? בא כוחו של ט. טען בפנינו, כי ט. ניתק עצמו מהפעילות העבריינית, ועל כן אינה מוטלת עליו כל אחריות. בא כוח המדינה רואה בט. משדל. עם מי הדין?***

***37. אין לראות בהתנהגותו של ט. משום חרטה הפוטרת מאחריות פלילית. חרטה, בנסיבות העניין, צריכה להתבטא ביותר מאשר אי השתתפות בהמשך העשייה. היא צריכה להשתקף בפעולות למניעת עשיית העבירה או השלמתה (השווה סעיף 34(א) לחוק העונשין). כל זאת לא עשה ט.. נהפוך הוא: בסוף דבריו אמר לנ. ׳תעשו׳ - אמירה שיש בה היבט של עידוד.***

***38. מהו, אפוא, חלקו של ט. באחריות לרצח ולניסיון לרצח? לדעתי, יש לראות בט. מבצע בצוותא. הוא היווה חלק מהחבורה שהחליטה בצוותא חדא לבצע את הרצח. הוא נטל חלק מרכזי בכל הפעולות הדרושות להגשמת ביצוע העבירה. הוא היווה אחד הזרועות של הגוף הזה. הוא היה ראש וראשון לכולם. הגוף פעל באמצעות זרועותיו השונות. אי השתתפותו בשלב של זריקת הרימון - אי השתתפות שאינה מגיעה לכדי חרטה - אין בכוחה לנתקו מהאירוע הפלילי רב המשתתפים. הוא עלה על עגלת הביצוע והניע***

-3-

נוטריון יצחק ויינברג YITZHAK WEINBERG NOTARY

P 2: 336

תיק מס׳: 2306/04

תאריך: כ״ח שבט, תשס״ו
26 פברואר, 2006

*אותה עד להגשמת מטרתה, בלא שנעשה על ידו דבר לעצירת העגלה. בנסיבות אלה יש לראות בו מבצע בצוותא.*

*אין הוא אך משדל, שהרי לא הסתפק אך בשידול, אלא בנוסף לכך עשה פעולות לביצוע כמבצע בצוותא. אין הוא אך מסייע, שכן הוא איש 'פנים', וראש לחבורה. אכן, בנסיבות העניין יש לראות בטל מבצע בצוותא.״*

בהמשך הדגיש הנשיא שוב את העובדה כי באזור נעזרים אנו במבחנים המקובלים בישראל, מבחן השליטה ומבחן אדנות העבירה, וכך הדברים מופיעים שם:

**בע׳ איו״ש 101/03 עמורי נ׳ התובע הצבאי, נדרש בימ״ש זה לשאלת אחריותו של אדם אשר סיפק רכב בידועו כי זה אמור לשמש בביצוע פיגוע התאבדות בתחומי ישראל, סייע לחבריו בהעברת אמצעים לייצור מטעני חבלה ובהעמסת חביות נפץ למכונית התופת, הגם כי לא ידע דבר וחצי דבר באשר למקום הפיגוע המתוכנן, מועד הפיגוע ואופן ביצועו. באותו עניין, קבענו כך:**

*״בין כך ובין אחרת, ראוי להדגיש כי עצם העובדה שחלקו של אדם התמצה במתן סיוע למבצע עיקרי, אין בה כדי להופכו, מניה וביה, ל'מסייע', וככל שהתקיים בו היסוד הנפשי הנדרש, יכול ויבוא הוא אף בגדר 'שותף' לעבירה...*

*עוד ראוי להבהיר כי עיקר אחריותו של השותף נובעת מעצם נכונותו לסייע בביצועה של העבירה, ללא תלות בשאלה אם מדובר בסיוע מרכזי או שולי, אם ניתן היה לבצע את העבירה אף ללא סיוע זה, אם לאו.״*

**כדי להבחין בין השותף לעבירה לבין מי שאך מסייע בביצועה, נהגנו להיעזר במבחנים המקובלים בישראל, ״מבחן השליטה״ ו״מבחן אדנות העבירה״, היינו אם העבריין ראה בעבירה משום עבירה שלו. לעניין זה, אין טוב מלשוב ולצטט מדבריו של כב׳ הנשיא ברק בע״פ 4497/93 מרדכי נ׳ מדינת ישראל (פ״ד נ(3) 239, 252-253):**

*״למבצע-בצוותא שליטה פונקציונאלית, יחד עם אחרים, על העשייה העבריינית והתפתחותה. הוא אדונה. הוא חלק מתבניתה המשותפת... המסיע - בדומה למשדל - הוא שותף עקיף ומשני... אין הוא יוזם אין הוא מחליט על הביצוע ואין הוא שולט על הביצוע. אין הוא אדון לביצוע... אלא חלקו מתבטא בפעולות החיצוניות לעבירה״.*

**עוד הבהרנו כי עמדה נפשית חזקה ומשמעותית עשויה ״לחפות״ על העדר תרומה מעשית, ובעניין זה ניתן להזכיר את אותה ״מקבילית כוחות״ עליה כתב כב׳ השופט גולדברג בעניין ״הלדשטיין״ (ע״פ 8710/96 הלדשטיין נ׳ מדינת ישראל, דינים עליון נג 231):**

נוטריון יצחק ויינברג YITZHAK WEINBERG NOTARY

P 2: 337

תאריך: כ״ח שבט, תשס״ו
26 פברואר, 2006

***״המבחן המשולב כמוהו כמקבילית כוחות. ככל שהיסוד הנפשי של עושה העבירה רב יותר, יש מקום להסתפק בדרגה נמוכה יותר של היסוד העובדתי ולהיפך...״.***

**(ראה גם: ע״פ 8573/96 מרקדו ואח׳ נ׳ מדינת ישראל פ״ד נא(5) 481, 546).**

**הנה כי כן; סיווגו של אדם כשותף לעבירה מבוסס אמנם על חלקו המעשי ועל תרומתו להגשמת העבירה, אך לא פחות מכך על הלך נפשו ועל רצונו בהשלמתה של זו.**

לנוכח דברים אלה נבחן את מעשיו של הנאשם. האם היה בין יוזמי הפיגוע? האם תכנן, ולו הפרט הקטן ביותר בפיגוע? האם נתן הוראות או הראה שליטה על חלק מחלקי הפיגוע. התשובה לכל השאלות האלה הינה שלילית באופן וודאי.

התביעה מנסה לטעון גם, כי לאור מעשיו הפיסיים המשמעותיים של הנאשם בהוצאת הפיגוע אל הפועל, יקטן הצורך במעורבות בתכנון הפיגוע על מנת לראות אותו כשותף מלא. אינני חולק על סברה זו, אך אינני רואה איך ניתן לומר כי המעשים הפיסיים של הנאשם הינם כה נרחבים עד שאין כל צורך שיהיה לו חלק כלשהו בתכנון הפיגוע על מנת לראותו כשותף.

בטרם אסיים אדגיש נקודה אחת נוספת. אם אכן יש להרשיע את הנאשם שבפנינו כשותף מלא לעבירה, מתקשה אני לתאר מצב בו ניתן יהיה להרשיע אדם כמסייע.

סוף דבר, לנוכח האמור אני מציע לחברי להרשיע את הנאשם גם בעבירות 13-21 בכתב האישום אך כמסייע, הן לעבירות של גרימת מוות בכוונה, והן בעבירה של ניסיון לגרימת מוות בכוונה בהתאמה.

<u>**רס״ן רונן עצמון:**</u> אני מסכים.

<u>**רס״ן אדריאן אגסי:**</u> אני מסכים.

<u>**סוף דבר**</u>

החלטנו פה אחד להרשיע את הנאשם בתשע עשרה עבירות של סיוע לגרימת מוות בכוונה ושתי עבירות של סיוע לניסיון לגרימת מוות בכוונה.

**ניתן והודע היום, 26/02/06, בפומבי ובמעמד הצדדים.**

| שופט | אב״ד | שופט |
|---|---|---|

נוטריון יצחק וויינברג YITZHAK WEINBERG NOTARY

P 2: 338