No. 991/13 .מס

## CERTIFICATION OF COPY

## אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel
Hereby certify that the attached document marked **"A"** is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני הח״מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות **״א״** הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית ושהוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ״ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 119.00 shekels (including VAT)

שולם סך של 119.00 ש״ח (כולל מע״מ)

SIGNATURE____________ חתימה

NOTARY'S SEAL חותם הנוטריון




# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate, 33 Soreq Street, Israel, L.N.24260 | 2. נחתם בידי יצחק וויינברג עו"ד |
| Advocate | עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date - 1 -01- 2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו - 1976 |
| 8. Serial number 24/14 | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. תתימה |

בית משפט השלום בירושלים * Magistrates Court of Jerusalem * ישראל

ILANA SHVIV אילנה שביב

תאריך: ל' אב, תשס"ו
24, אוגוסט 2006

תיק מס': 2303/04

# בית המשפט הצבאי יהודה

**בפני כב' האב"ד: רס"ן יאיר תירוש**
**השופט: רס"ן אמיר דהאן**
**השופט: רס"ן זאב אפיק**

**התביעה הצבאית**

**נגד**

**הנאשם: חלמי עבד אלכרים מוחמד המאש ת.ז 901415984/ שב"ס - נוכח**
(באמצעות ב"כ עו"ד אוסאמה עודה)

**רשמת: סמל מורן וייסמן**

---

## <u>הכרעת דין</u>

**<u>השופט רס"ן אמיר דהאן</u>**

**א. הנאשם, חילמי עבד אל כרים מחמד המאש ת.ז 901415984 ממחנה הפליטים דהיישה, הועמד לדין בכתב אישום בתיק 2303/04 שהוגש ביום 23/5/04 לבית משפט זה.**

**ב. <u>המשמעות הראייתית של ההסדרים הדיוניים בין הצדדים</u>**

1. ע"פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט באמרות עת/3,4,5 עובדות שהוכחו, אך הרשעה על פיהן תדרוש תוספת ראייתית מאמתת מסוג "דבר לחיזוק".

כמקובל לעניין אמרות בכתב שהוגשו בסתירה לעדות בע"פ או אמרות בכתב ובע"פ של שותפים לעבירה או מעורבים ב"עסקת עבירה" תדרש תוספת ראייתית מוגברת מסוג "דבר לחיזוק".

2. ע"פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט באמרות הנאשם עובדות שהוכחו,ללא צורך בתוספת ראייתית ויראו באמרות הנאשם אמרות שנתנו באופן חופשי ומרצון,אף על פי כן,למעלה מן הצורך ולשם הזהירות יבקש בית המשפט למצוא אם קיימת תוספת ראייתית מסוג "דבר מה נוסף" המאמתת את אמרות הנאשם .

3. את סוגי התוספות הראייתיות קבעתי על פי דיני הראיות שהיו נוהגים אילו נשמעו האמרות בפנינו כעדויות ממש והחומר היה מוגש לפי סעיפים 10א, 54(א) א, או 12 לפקודת הראיות (נוסח חדש) התשל"א 1971, הכל לפי ההקשר של נותן האמרה לנאשם ולהליך המשפטי נגדו .

P 2: 52

תיק מס׳ : 2303/04

תאריך : ל׳ אב, תשס״ו
24, אוגוסט 2006

**ג.קביעת ממצאים עובדתיים- ומשמעותם המשפטית**

**1. פרט אישום ראשון: (הנחת פצצה עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945 נסיון להפעיל מטען חבלה כנגד רכב צבאי)**

**טענות התביעה:** התביעה מבקשת מבית המשפט לראות באמרת הנאשם ת/2 עמ׳ 3 שורה 4 את הראייה המרכזית ותומכת את הצורך בתוספת ראייתית בעדות הנאשם בבית המשפט.

**טענות ההגנה** : ההגנה לא טענה דבר לגבי פרט אישום זה .

**דיון:**

**ראייה מרכזית** : אכן הראייה המרכזית מצוייה באמרת הנאשם שם מספר הנאשם בפירוט כיצד יזם בנה הניח והפעיל מטען חבלה *(ת/2 עמ׳ 3 שורה 4 ואילך) אמרה זו הוגשה בהסכמה ללא צורך בתוספת ראייתית . (פרוטוקול 30/3/06).*

***תוספת ראייתית****: למעלה מן הצורך אציין כי תימוכין מספיקים נמצאו בעדות* הנאשם (פרוטוקול עמ׳ 4 שורה 20 עד עמ׳ 5 שורה 10), שם מספר הנאשם על היכרותו עם שותפו ראמי כאמל ועל נסיון לפיצוץ מטען דומה בהרכבו ובטכניקת *היזימה שלו ,שבצעו יחדיו ואכן עדות זו מחזקת את האמרה שהוגשה בהסכמה במידה מספקת .*

**התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה .**

**2. פרט אישום שני : (חברות בארגון גדודי חללי אל אקצ׳א)**

**טענות התביעה:** התביעה טוענת כי ראיה מרכזית לאישום היא אמרת הנאשם (ת/1 עמ׳ 1 שורה 6) וזו מחוזקת באמרתו של אחמד צלאח ת/23 עמ׳ 4 שורה 6

**טענות ההגנה** : ההגנה הודתה בסיכומיה באישום זה .

**דיון:**

**ראייה מרכזית**: הראייה המרכזית היא אכן אמרת הנאשם ת/1 שם מתאר הנאשם את גיוסו לחוליה של הארגון האמור בכתב האישום ומגייסו הוא אחמד צלאח, לאמרה זו מצטרפת כמובן הודאת הסניגור בסיכומיו .

**תוספת ראייתית**: למעלה מן הצורך אציין כי אחמד צלאח באמרתו ת/23 מאשר את גיוסו של הנאשם לארגון ״גדודי חללי אל אקסיא כאמור בכתב האישום .

**התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה .**

**3 .פרט אישום שלישי: (ירי לעבר אדם – ירי לעבר כלי רכב צבאי בסיס התאום והקישור יחד עם שותפים)**

**טענות התביעה:** התביעה טוענת כי ראיה מרכזית לאישום היא אמרת הנאשם (ת/1 עמ׳ 1 שורה 12) וזו מחוזקת באמרתו של אחמד צלאח ת/23 עמ׳ 3 שורה 10 .

P 2: 53

תיק מסי : 2303/04

תאריך : לי אב, תשס"ו
24, אוגוסט 2006

**טענות ההגנה**: ההגנה מודה בסיכומיה שהנאשם היה ברכב ושנסע אח"כ לביתו של אחמד .

**דיון:**

**ראייה מרכזית**: הראייה המרכזית הינה, כטענת התביעה, אמרת הנאשם ת/1 שבה מתאר הנאשם במפורט כי נסע יחד עם אחמד צלאח ואנשים נוספים לבית גילא שם אמר להם אחמד "שאנחנו הולכים לעשות פיגוע ירי בכביש 60" בנשק שהנאשם ראה ברשותו עוד בעלותו למכונית, אח"כ נשמע הנאשם להוראות אחמד צלאח המתין עד ששמע יריות ונסע לביתו של אחמד (כפי שהודה הסניגור בסיכומיו) האמרה ת/2 עמי 2 שורות 4-5 מתארת את הפיגוע וגם שם המתין הנאשם לשמיעתו של קול ירי לפני שהסתלק עם מכוניתו של אחמד צלאח.

**תוספת ראייתית**: התוספת הראייתית נמצאת בת/23 שם מתאר אחמד צלאח כיצד הועיד לנאשם תפקיד של שומר בפיגוע , דבר המחזק את אמרת הנאשם, לפיה מילא אחרי הוראות אחמד צלאח לפיהן יסע לביתו של אחמד <u>רק אחרי היריות</u> .

אכן הדין עם התביעה, גרסת הנאשם בבית המשפט כי הופתע מירי פתאומי של אחמד וחזר לביתו (של אחמד) במכוניתו (של אחמד) אינה יכולה לעמוד בצוותא עם ההתנהגות המתוארת באמרות ועם העובדה שהן מחזקות זו את זו בפרטים לוגיים , בעוד שעדות הנאשם לפיה נטל את מכוניתו <u>של אחמד</u> ונסע <u>לביתו של אחמד</u> כאשר כל חפצו היה להרחיק עצמו מפיגוע שעמד אחמד לבצע אינה עומדת בכל מבחן של הגיון והשתלבות בראיות האחרות שבפנינו.

**יסוד נפשי :**

תימוכין ליסוד הנפשי הנדרש ניתן למצוא בעובדה שהנאשם המשיך לנסוע לאחר שנודעה לו מטרת הנסיעה , המתין ושמר עד ששמע את היריות ואח"כ המשיך למלא את הוראות אחמד צלאח כל זה לאחר שהדברים נאמרו והיה ברור שמתוכנן ומבוצע פיגוע ירי.

נוסף לכך אומר הנאשם באמרתו ת/1 עמי 1 10-11 במפורש לאחמד צלאח שהוא מסכים לבצע איתו פיגועי ירי

מכל אלה עולה יסוד נפשי ברור של כוונה לבצע את הפיגוע ולסייע בהוצאתו לפועל האמור בכתב האישום.

**4. <u>פרטי אישום 4-15</u>: (גרימת מוות בכוונה– שותפות בפיגוע התאבדות בקו 19 ירושלים)**

הצדדים צמצמו את המחלוקת בנוגע לאישומים אלה לשאלת אחריותו הפלילית של הנאשם לפיגוע שהתבצע, עובדת ביצועו של הפיגוע, אופן ביצועו, מקומו, ויתר הפרטים המופיעים בכתב האישום בנוגע לפיגוע הוסכמו על ידי הצדדים .

P 2: 54

כמו כן הסכימו הצדדים לגבי מעשי הנאשם לקידומו של הקשר עצמו ואלה המעשים :

א.הנאשם שמע כי אחמד צלאח מחפש אדם המוכן להתאבד בפיגוע והכיר לו את עלי ג'ערה אשר ממנו שמע כי רע לו והוא מעוניין לבצע פיגוע התאבדות .

ב.במהלך השיחה בין אחמד צאלח לעלי געארה נכח גם הנאשם .

ג .הנאשם רכש עבור אחמד צאלח מלח לימון בכמות של 7 ק"ג וארבע בטריות .

א. אחמד צלאח ביקש מהנאשם מצלמת וידאו והנאשם ניסה להשיג לו מצלמה זו .

ב. הנאשם יצר קשר עם אחמד צלאח לאחר הפיגוע ואחמד צלאח מסר לו כי המדובר הוא בפיגוע שעשה עלי געארה .

**טענות התביעה**:התביעה טענה כי הנאשם קיים יסוד נפשי מלא לגרימת מוות קרי ידע היטב את תוצאת המוות העלולה לצמוח ממעשיו וחפץ בה. לשם תמיכה במסקנותיה ניתחה התביעה את האמור בראיות שהוגשו לבית המשפט וטענה כי הן מובילות למסקנה חד משמעית של ידיעה וכוונה .

**טענות ההגנה** : ההגנה אינה טוענת כי הנאשם לא עשה מעשים לקידום הפיגוע אלא שהיא טוענת כי הנאשם לא ידע בעת ביצוע המעשים שעשה לקידום הפיגוע כי הם מיועדים לפגוע התאבדות בחומר נפץ. לשם תמיכת טענותיו ניתח ב"כ הנאשם את האמור בראיות השונות וביקש מבית המשפט לראות בניתוח זה את העדר היסוד הנפשי הנדרש להרשעה בגרימת מוות .

**דיון:** לאחר שניסיתי לנתח את אמרות והראיות ובדקתי את קיומו של הספק הסביר לו טען הסניגור,הגעתי למסקנה כי התביעה הצליחה להוכיח את האישום מעל ומעבר לכל ספק סביר .

**ראייה מרכזית**:

<u>ראשית</u>, אציין כי הצדדים הגישו בהסכמה את אמרות אחמד צלאח ( ת/7) יחד עם שאר האמרות בלא לסייגן בצורך בתוספת ראייתית כלומר בהסכמה לכל האמור בהן .

<u>שנית</u>, עיון באמרות אחמד צלאח ת/ 23-25 מעלה במפורש את ידיעתו של הנאשם לעניין תוצאות הטבח ההמוני שבוצע והחפץ בתוצאתו של מוות כזה אביא כאן מעט מתוכן האמרות :

ת/23 1 16-17

***"דיברתי עם חילמי המאש סיפרתי לך עליו וביקשתי ממנו שיחפש לי מתאבד לבצע פיגוע התאבדות ומה חילמי עשה ? אמר בסדר אבל עוד לא הביא לי ודיברתי איתו כמה פעמים על זה ,אחרי כמה שבועות סיפר לי חילמי שיש לו מישהו אבל הוא לא בטוח בקשר אליו ואז אמרתי לחילמי שילך שוב אליו וידבר איתו ויבדוק עליו ויראה איך הוא חילמי הסכים הלך ובדק עליו חזר וסיפר לי שהוא בסדר ומוכן לבצע פיגוע התאבדות ... ובבית שלו הכיר לי את עלי געארה"***

תיק מסי: 2303/04

תאריך: לי אב, תשס"ו
24, אוגוסט 2006

**ת/24 עמ' 1 שורה 13**

***"למה ביקשת שחילמי המאש יבוא איתך? מה הסיבה? כדי שיבוא איתי לעלי ג'ערה באתי לחילמי ואמרתי לו שבעזרת השם עלי ג'ערה יוצא בבוקר לעשות פיגוע התאבדות ושיבוא איתי אליו ואז חילמי אמר לי שיש לו אורחים והוא עסוק."***

**ת23 עמ' 2 ועמ' 3 4-5**

***"מה שאני רוצה להוסיף עכשיו זה שבבוקר אחרי שעלי געארה יצא לפיגוע התקשר אלי חילמי המאש בערך בשעה 08:30-09:00 אלי חילמי המאש מה עם עלי אמרתי לו שהבחור יצא לעבודה אחרי זה שוב התקשר בבוקר ושאל אותי מה עם עלי אמרתי לו שהבחור יצא לעבודה אחרי זה שוב התקשר אלי חילמי וסיפר לי שסיפור בחדשות שהיה פיגוע התאבדות בירושלים ולמחרת סיפר לי חלמי שהיה טאבור (- מסדר בוקר א.ד) בבית לחם במרכז המשטרה וחיפשו את עלי געארה וחילמי לא סיפר להם כלום"***

**<u>שלישית</u>** בדיקת עדות הנאשם בפני בית המשפט והשוואתה עם הראיות האחרות שהוגשו בהסכמה ( ת/23, ת/24, ת/1, ת/2 ) מראה כי אין הגרסה אותה גרס הנאשם מתיישבת או מפרשת את סדר הדברים באופן המיטיב עם הנאשם הנאשם אינו מצליח ליישב את הסתירות עם אמרותיו שלו או עם אמרות אחמד צלאח בקשר אליו,לגבי אמרות צלאח שהוגשו בהסכמה לא עלתה כל הסתייגות. משעה שקשר צלאח את הנאשם כאיש שהביא אליו את המתאבד,עקב אחרי התקדמות הפיגוע, קיבל הודעה ערב לפניו, והודיע כי חיפה על המתאבד במקום עבודתו בבוקר שלמחרת – הרי עדות הנאשם אשר אינה מסבירה דבר מכל אלה ומיחסת חזות תמימה לחלוטין אינה יכולה לעמוד עוד . יותר מזה דברי הנאשם בבית המשפט עשויים לשמש אף חיזוק לדברי אחמד צלאח באשר הוא מאשר בהם את היכרותם הקרובה, את קניית מלח הלימון בצוותא את מסירתו עם צאלח לזאהר שאותו הכיר בשמו.

**<u>רביעית</u>:** עולה מאמרות אחמד צלאח שחילמי המאש ידע מתחילה ועד לסוף שעלי גע'רה עומד לבצע פיגוע התאבדות בהנחיית אחמד צלאח.

הנאשם היה זה שגייס את עלי לפיגוע ההתאבדות וקישר בינו ובין אחמד צאלח ומכאן שמעשיו מעידים על יסודות הידיעה והחפץ בתוצאת הטבח ההמוני.

יש לזכור כי הנאשם שידע ערב לפני הפיגוע על הכוונה לבצע את הפיגוע אף חיפה על המתאבד במקום עבודתם המשותף ברש"פ .

הנאשם,לא די שלא ניתק עצמו מהקשר כטענת הסניגור אלא יכול היה אף למנוע את תוצאת הפיגוע אם היה מדווח למפקדיו ברש"פ את עילת נפקדותו של עלי ג'ערה ממסדר הבוקר .

**תוספת ראייתית: אף שאין בכך צורך הרי אמרותיו של הנאשם ת/1 ות/2 מחזקות את ת/23 ו- ת/24 באמרותיו מספר הנאשם שעלי ג'ערה שעבד עימו ברש"פ סיפר לו שהוא רוצה לעשות פיגוע התאבדות והוא זה שהוליך אליו את אחמד צלאח אשר ביקש לו קורבן .**

**אצטט לעניין זה דווקא את ת/1 שאליה הפנה הסניגור וביקש בעבורה להתעלם מת/2 .**

P 2: 56

תיק מס׳ : 2303/04

תאריך : ל׳ אב, תשס״ו
24, אוגוסט 2006

**ת/1 עמ׳ 2 שורה 5**

***״דיבר איתי אחמד אל ע׳זה ואמר לי שאחפש לו מישהו שרוצה לעשות פיגוע התאבדות או פיגועי ירי ואני שמעתי את עלי ג׳עארה הרבה פעמים שדיבר עם האנשים ולכולם סיפר שהוא רוצה לעשות פיגוע התאבדות ואני ידעתי שהוא איש מסכן והוא היה עובד גם במשטרה הפלסטינית״***

מכאן אנחנו למדים שהנאשם הבדיל היטב בין ״פיגועי ירי״ ו״פיגועי התאבדות״ ולכן אין יסוד להבחנה אותה מציע הסניגור אשר הזמין אותנו לדון את הנאשם על יסוד דבריו בת/1 בלבד גם לשיטתו נעשה על ידי הנאשם בידיעה מלאה שידוך בין מתכנן הפיגוע לבין האיש המסכן ( גם לדבריו!) שהיה אמור לשמש כמרעום – אדם לפצצה .

**כך או כך בת/2 אשר הוגשה גם היא בהסכמה מלאה מפרט הנאשם עמ׳ 2 שורה 9**

***״עלי אמר לי כי רוצה חגורת נפץ כבדה כדי להרוס את העולם ואז לאחר שראיתי כי עלי מוכן מבחינה נפשית לפיגוע העברתי אותו לאחמד אבו ע׳דב ........ ושבוע לפני הפיגוע יצאתי עם אחמד אבו ע׳דב לבית לחם ושם קנינו 7 ק״ג מלח לימון וארבע בטריות ונסענו לדוחא שם אחמד מסר את החומרים לזאהר בעוד אני ממתין ברכב ואחמד אמר לי כי לאחר הפיגוע יכיר לי את זאהר מקדאד שמכין את המטענים ואת מחמד מעאלי שתפקידו להוביל את המתאבדים״***

דברים אלה, מגלמים ידיעת התוצאה ופעולה למען תוצאה שהנאשם חפץ בה ללא ספק כשותף מלא בביצוע הפיגוע תוך שהוא מנצל ביודעין את מצבו הנפשי הקשה של עלי ג׳ערה ומשתמש בו לשם קידום תוכנית של פיגוע נפץ ואף מחפה על הפיגוע ויוזמיו תוך מעילה בתפקידיו ברש״פ ובחובות שהיו לו כלובש מדים.

לא די בזאת שהיה כאן יסוד נפשי של כוונה רצחנית אלא יסוד עובדתי של שליטה מלאה בכל שלב, מעקב וידיעה בכל שלב ויכולת להפסיק את מעשה הטבח המתוכנן ע״י מעשה פשוט של דיווח לממונים .
הנאשם לא עשה כן ובכך שימש כחוליה הכרחית שבלעדיה אין בביצוע הפיגוע ונטל חלק חשוב ביודעין ובכוונה בכל שלבי תכנונו וביצועו של הטבח ואף מנע את סיכולו של הטבח תוך שהוא מחפה על עלי ג׳ערה. הנאשם הינו חלק בלתי נפרד מהמעגל הפנימי של ביצוע העבירה ומכאן שיש להרשיעו כשותף מלא לביצועה ולא כמסייע.

העולה מן המקובץ הוא שביקשתי לי ספק בכוונת הנאשם ולא מצאתיהו .

אני מציע לחברי להרשיע את הנאשם כשותף בעבירות המיוחסות לו.

**5. <u>פרט אישום 16:</u> (החזקת אמל״ח – החזקת אקדח וכדורי רובה בשנים ( 2001-2002**

**טענות התביעה:** התביעה מבססת את טענתה להרשעת הנאשם על אמרתו ת/2 בלבד.

**טענות ההגנה** : ההגנה לא טענה דבר בנוגע לאישום זה

**דיון:**

**ראייה מרכזית**: הראייה המרכזית לאישום זה הינה אמרת הנאשם ת/2 אשר הוגשה בהסכמה ללא הסתייגות בעמ׳ 2 החל משורה 19 מתאר הנאשם את פעילותו באקדח ובכדורים באופן שאינו מותיר כל מקום לספק בדבר החזקתו בנשק ובתחמושת האמורים בכתב האישום.

**תוספת ראייתית**: התוספת הראייתית לאישום זה היא המנעות הנאשם מהתייחסות כלשהי לעובדותיו במסגרת חקירתו הראשית והנגדית, משבחר הנאשם להעיד הרי העדר התייחסות לפרט כמוהו כתוספת ראייתית המהווה דבר מה נוסף.

**התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה.**

**ד. <u>העולה מן המקובץ</u>**

**אני מציע לחבריי להרשיע את הנאשם בעבירות הבאות:**

**(1) גרימת מוות בכוונה** – עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס׳ 378), התש״ל – 1970.
**(אחת עשרה עבירות –אחד עשר נרצחים)**

**(2) ניסיון לגרימת מוות בכוונה** עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס׳ 378), התש״ל – 1970 ולפי סע׳ 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח – 1968.

**(3) הנחת פצצה** עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.

**(4) חברות בהתאחדות בלתי מותרת** עבירה לפי תקנה 85 (1)(א) לתקנות ההגנה (שעת חירום), 1945.

**(5) ירי לעבר אדם או מקום שבני אדם עשויים להימצא בו** עבירה לפי תקנה 58(א) לתקנות ההגנה (שעת חירום), 1945.

**<u>האב״ד רס״ן יאיר תירוש והשופט רס״ן זאב אפיק</u>**

אנו מסכימים.

**ניתן והודע היום, 24/08/06, בפומבי ובמעמד הצדדים.**

| שופט | אב״ד | שופט |
|---|---|---|

נוטריון
יצחק ויינברג
YITZHAK WEINBERG
NOTAIRE * NOTARY