מס. No. 013/14

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel Hereby certify that the attached document marked "A" is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני החי"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "A" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית והוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day 24th December 2013

היום 24/12/2013

Paid 90.00 shekels (including VAT)

שולם סך של 90.00 ש"ח (כולל מע"מ)

SIGNATURE _____    חתימה

NOTARY'S SEAL       חותם הנוטריון

# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

1. **STATE OF ISRAEL**
   This public document
2. Has been signed by
   Advocate Y. WEINBERG
3. Acting in capacity of Notary
4. Bears the seal/stamp of
   the above Notary

**Certified**

5. At the Magistrates Court of Jerusalem
6. Date _____ 12-01-2014
7. By an official appointed by
   Minister of Justice under the
   Notaries Law, 1976.
8. Serial number 360/14
9. Seal/Stamp _____
10. Signature _____

1. מדינת ישראל
   מסמך ציבורי זה
2. נחתם בידי
   עו"ד _____
3. המכהן בתור נוטריון.
4. נושא את החותם/החותמות
   של הנוטריון הנ"ל

**אושר**

5. בבית משפט השלום בירושלים
6. ביום _____
7. על ידי מי שמונה בידי שר
   המשפטים לפי חוק הנוטריונים,
   התשל"ו - 1976
8. מס' סידורי _____
9. החותם / החותמת _____
10. חתימה _____

תיק מס': 2268/04          תאריך: י"ב תשרי, תשס"ה
                          27 ספטמבר, 2004

1  תובע: טרם הגשנו את החומר כיוון ששוחחנו עם הסניגור והיה מצב שנגיע לעובדות
2  מוסכמות. על כן לא הוגש חומר הראיות שהתביעה הייתה אמורה להגיש.
3
4  סניגור: אין התנגדות שהחומר יוגש.
5
6
7                              ה ח ל ט ה
8  אמרת הנאשם מיום 30/03/04 מתקבלת ומסומנת ת/1.
9  אמרת הנאשם מיום 15/04/04 מתקבלת ומסומנת ת/2.
10
11 התובעת יגיש את יתר חומר הראיות עליו הוסכם בישיבה הקודמת בהודעה בכתב
12 בהמשך היום.
13
14 ניתן והודע היום, 27/09/2004, בפומבי ובמעמד הצדדים.
15
16
17        שופט                    אב"ד                    שופט
18
19 תובע: הגענו להסדר טיעון, במסגרתו הנאשם יבקש לחזור בו מכפירתו ויודה בכתב
20 האישום והצדדים יטענו לעונש.
21
22 ביהמ"ש מבהיר לצדדים כי אינו כבול להסדר הטיעון שנקשר ביניהם.
23
24 סניגור: אני מאשר את דברי חברי ומבקש להתיר לנאשם לחזור בו מכפירתו.
25
26
27                              ה ח ל ט ה
28 אנו מתירים לנאשם לחזור בו מכפירתו.
29
30 ניתן והודע היום, 27/09/2004, בפומבי ובמעמד הצדדים.
31
32
33        שופט                    אב"ד                    שופט
34
35 סניגור: הסברתי למרשי את כתב האישום, הוא מבין אותו ומודה בו.
36
37 נאשם: סניגורי הסביר לי את כתב האישום, אני מבין אותו ומודה בו.
38
39                           ה כ ר ע ת - ד י ן
40
41 על יסוד ההודאה באשמה, אנו מרשיעים את הנאשם בעבירות המיוחסות לו בכתב
42 האישום, היינו יידוי חפץ מבעיר, 2 עבירות של חנחת פצצה, 19 עבירות של גרימת
43 מוות בכוונה ו-2 עבירות של ניסיון לגרימת מוות בכוונה, לפי תקנה 58 לתקנות
44 ההגנה וסעיף 51 לצו בדבר הוראות בטחון.
45
46 ניתן והודע היום, 27/09/2004, בפומבי ובמעמד הצדדים.
47
48
49        שופט                    אב"ד                    שופט

-2-

תאריך: י"ב תשרי, תשס"ה
27 ספטמבר, 2004

תיק מס': 2268/04

1
2  תובע: אני מגיש גיליון רישום פלילי (**מתקבל ומסומן תמ/1**). אין ברישום תנאי בר
3  הפעלה.
4
5  סניגור: אין ראיות לעונש.
6
7  תובע מסכם: הנאשם עומד בפנינו בגין העבירות החמורות ביותר שהמין האנושי
8  נתקל בהן. הנאשם קיבל הצעה מחבריו, כפי שמפורט בכתב האישום, והוביל מחבל
9  מתאבד לתוך שטח ישראל. הנאשם ידע שהאדם שהוא אמור להכניס לישראל
10  מתכוון לפוצץ את עצמו ולהרוג כמה שיותר אזרחים. אכן לפי התכנון הנאשם הכניס
11  ביום 29/01/04 מחבל מתאבד שנשא על גופו חומר נפץ, ולקח אותו למקום בו יש
12  ריכוז אוכלוסין, קניון מלחה בירושלים. מכאן והלאה דרכו של המתאבד הייתה
13  סלולה לביצוע זממו הנתעב, הודות לנאשם אשר הצליח להכניס אותו ולהתחמק
14  מגורמי הביטחון, שנלחמים בתופעה זו. המתאבד עלה על קו 19 ופוצץ את עצמו, בכך
15  גרם למותם של **אברהם בלחסן ז"ל, חנה בונדר ז"ל, ענת דרום ז"ל, יחזקאל**
16  **גולדברג ז"ל, ולדי צדיק מנבר ז"ל, ויורל אוקטביה פלורסקו ז"ל, רוזה בונה ז"ל,**
17  **דנה איטח ז"ל, רומן חונדיאשווילי ז"ל, אלי צפורה ז"ל, נטליה גמריל ז"ל.**
18  לאחר שביצע את המתואר לעיל, חזר הנאשם לחיק חבריו והמשיך לתכנן את הפיגוע
19  הבא, זאת בעוד משפחות ההרוגים לא סיימו להתאבל על משפחתם. בתאריך
20  22/02/04 הנאשם קיבל הצעה נוספת להסיע עוד מחבל מתאבד לתוככי מדינת
21  ישראל. הנאשם שש להצעה זו ולקח על עצמו את המשימה. אכן המחבל המתאבד,
22  שמוכנס לשטח ישראל על ידי הנאשם, מפוצץ את עצמו באוטובוס. בפיצוץ הזה
23  נרצחים **יפה בן שימול ז"ל, יובל אוזנה ז"ל, רחמים דוגה ז"ל, יהודה חיים ז"ל,**
24  **אילן אביסדריס ז"ל, בניה יונתן צוקרמן ז"ל, אזולאי ליאור ז"ל, נתנאל חבשוש**
25  **ז"ל.**
26  כשאנו מסתכלים על מעשיו של הנאשם, הרי אין אנו יכולים לחשוב כי הנאשם
27  הושפע על ידי המתכננים. עיינו רואות מפרטי האישום 1,2,3 שהוא בעצמו ניסה
28  לגרום למותם של אנשים נוספים. אנו רואים בנאשם אדם שהריגת אנשים היא
29  דרכו. מעשיו של הנאשם, על אף שלא היה שותף בתכנון מלכתחילה, הרי הינם
30  מתחילים מזמן קריטי. שותפיו מודיעים לו כי זקוקים הם לאדם שיכניס מחבל
31  מתאבד לשטח ישראל. הנאשם מסכים. בד בבד השלימו שותפיו את הכנת חומר
32  הנפץ. זה לא מסוג המקרים שהמתכננים תכננו את הכל וברגע האחרון הזמינו את
33  הנאשם לקחת את המתאבד לישראל, על אף שגם במקרה כזה ישנה אפשרות
34  לנאשם לסרב או להסכים. תחילת מעורבותו של הנאשם מראה כי הוא היה גורם
35  מרכזי בתכנון הפיגועים שנעשו, וכתוצאה מהפיגועים האלה, בנוסף למספר הרב של
36  ההרוגים, הרי ישנם מספר רב של פצועים. אדם שערך החיים אינו ערך בשבילו, הרי
37  כך אנו צריכים להתייחס אליו ולהרחיק אותו לצמיתות מחברת אדם. על כן אבקש
38  מביהמ"ש לגזור על הנאשם מאסר עולם בגין כל אדם שנרצח תחת ידו, וכן מאסר
39  עולם נוסף בגין יתר העבירות בהן הורשע. המדובר בפציעה רבה של אנשים, כפי
40  שמיוחס לו בשני פרטי אישום של ניסיון לגרימת מוות. אבקש שמאסרי העולם
41  ירוצו במצטבר.
42
43  סניגור מסכם: נשאלת השאלה מי אשם. מרשי הודה בכתב האישום, אולם עדיין
44  קיימת השאלה האם הוא אשם, או שיש צד אחר שיותר אשם ממנו. דיברתי עם
45  מרשי הרבה פעמים, והגעתי למסקנה שמרשי לא הכיר אף אחד מהאנשים שנרצחו
46  בפיגועים, ואין לו קשר אליהם. להיפך, הוא אמר לי שאם היינו נפגשים מתישהו
47  במקום אחר, אולי היינו חברים, או שהיה בינינו קשר מסחרי, או שאולי היינו
48  אויבים. הוא התכוון שאם הוא היה נפגש אם הנרצחים, אולי היה ביניהם קשר

-3-

תאריך: י"ב תשרי, תשס"ה
27 ספטמבר, 2004

תיק מס': 2268/04

1. כלשהו שהיה מתקיים כמו כל קשר אחר. אבל תגורו החליט שמרשי יפגוש את
2. האנשים האלה בנסיבה לא מאוזנת בכלל.
3. עם כובש עם אחר, אונס את אדמתו ואת זכויותיו, למרות שאין לו זכות לשום דבר.
4. עומדים במחסומים שעות על גבי שעות, בלי כל סיבה, והחייל הוא זה שמחליט
5. לשחרר את האדם לביתו, או לעוצרו. בכך אין כל כבוד לאדם. הדבר האחרון
6. שהחייל חושב עליו הוא הכבוד של אותו אדם. לא מעניין אותו אם האדם הולך
7. לחפש אוכל למשפחה, או לבקר חבר בבית החולים. ההחלטה נובעת מהשכל
8. והחלטת החייל שנמצא במחסום. אולי הוא יאפשר לו לעבור ואולי לא. מרשי
9. המשיך בחייו, ועם הזמן השאלה הצטברו השאלות, "מה הפשע שעשה עמי כדי
10. שיקפחו אותנו בצורה כזו, למה עלינו לסבול יום יום, למה עלינו לישון בפחד שמה
11. יום אחד יבואו לדפוק בדלת או יפרצו אותה, ואחר כך יעצרו אנשים מהמשפחה".
12. בשיחה בינו לבין חבריו חם שאלו "למה?". השאלה הזו הופנתה אלי על ידי מרשי
13. וכן על ידי הרבה עצורים אחרים. עד עכשיו לא יכולתי לתת להם את התשובה,
14. למרות שאני יודע אותה. למה מחליט בחור בגילו של מרשי למות? למות זה לא
15. אומר לאבד את החיים בהכרח, מוות זה גם להיות בכלא לכל החיים. הוא היה מת
16. גם לפני כן בביתו. אין הבדל בין תנאי המחייה שלו לבין אלה של חבריו. אני חושב
17. שהגיע הזמן שנמצא אדם עם אומץ כדי שיגיד מי הוא האשם האמיתי. האם זה
18. הנאשם, שבמקרה נמצא כאן היום. מחר יהיה כאן אדם אחר. כל המעשים הללו
19. ימשיכו לחזור על עצמם. הגיע הזמן שנענה לשאלה מי האשם. אני אומר שהאשם
20. הוא הכיבוש. עם העלמות הכיבוש, יעלמו הסיבות למוות. כל מה שאני מבקש זה
21. למצוא תשובה משכנעת לאימו של מחמד, לאחותו, לשכנו ולחברו.
22. בקשר לעונש שביקש התובע, זה לא מוזר למרות שאנחנו מחכים, הסיפור חוזר על
23. עצמו. לפני עשר שנים והיום, העונש נשאר אותו עונש. אני משאיר את ההחלטה
24. לשיקול דעת ביהמ"ש, אולם אני מבקש מביהמ"ש שיאזור אומץ ויענה לשאלתו
25. מרשי "למה? מי הוא האשם האמיתי?".
26.
27. הנאשם בדברו האחרון: אין לי מה לומר.
28.
29. ## ה ח ל ט ה
30.
31. גזר הדין יינתן בתאריך שיקבע על ידי מזכירות ביהמ"ש בתיאום עם שופטי ההרכב.
32.
33. ניתן והודע היום, 27/09/2004, בפומבי ובמעמד הצדדים.

שופט     עו"ד     שופט

-4-