מס. No. 983/13

## CERTIFICATION OF COPY     אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel Hereby certify that the attached document marked "A" is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני הח"מ יצחק וויינברג נטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "א" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית והוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 149.00 shekels (including VAT)

שולם סך של 149.00 ש"ח (כולל מע"מ)

SIGNATURE _____ חתימה

NOTARY'S SEAL    חותם הנוטריון




# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. **STATE OF ISRAEL** | .1 מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate | .2 נחתם בידי |
| Advocate      33 Soreq Street, Israel | יצחק ווינברג עו"ד |
|              L.N.24260 | עו"ד |
| 3. Acting in capacity of Notary | .3 המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of | .4 נושא את החותם/החותמת |
| the above Notary | של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | .5 בבית משפט השלום בירושלים |
| 6. Date          - 1 -01- 2014 | .6 ביום |
|                  16/14 | |
| 7. By an official appointed by | .7 על ידי מי שמונה בידי שר |
| Minister of Justice under the | המשפטים לפי חוק הנוטריונים, |
| Notaries Law, 1976. | התשל"ו - 1976 |
| 8. Serial number _____ | .8 מס' סידורי _____ |
| 9. Seal/Stamp _____ | .9 החותם / החותמת _____ |
| 10. Signature _____ | .10 חתימה _____ |

צבא         הגנה         לישראל

בית המשפט הצבאי                                    תיק בימ"ש 04/2268
ב י ה ו ד ה                                        תיק תביעה 1338/04
בפני        הרכב                                   תיק פ.א. 1667/04 חברון
                                                   9891/04 מתי"מ י-ם
                                                   178694/04 מוריה

במשפט שבין:

התובע הצבאי
- המאשים -

- נ ג ד -

מוחמד עיסא מוחמד מעאלי
(עצור מיום 29/3/04)
ת.ז. 907377113 יליד 9/10/77 מבית-לחם

- הנאשם -

## כתב אישום

הנאשם הנ"ל מואשם בזאת, בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה**: יידוי חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור, בתחילת חודש אוקטובר 00' או בסמוך לכך, יידה חפץ מבעיר בכוונה לגרום למותו של אחר או פציעתו, דהיינו:

במועד הנ"ל, יידו הנאשם הנ"ל וחבריו מחמוד מוגרבי, גיסאן חסן עי"א-גיואד ואח' בקבוקי תבערה לעבר כוחות צה"ל.

**פרט שני:**

**מהות העבירה**: יידוי פצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור, במהלך חודש אפריל 02' או בסמוך לכך, היה שותף ליידוי פצצה עם אחרים בכוונה לגרום למותו של אחר או לפציעתו, דהיינו:

במועד הנ"ל, במספר הזדמנויות שונות, יידה הנאשם הנ"ל וחבריו מטעני צינור לעבר כוחות צה"ל שעברו בבית-לחם.

C:\Documents and Settings\s5269793\Desktop\פיגוע 14+19\1338-04.doc

P 2: 266

**פרט שלישי:**

**מהות העבירה:** הנחת פצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור, במהלך חודש אפריל 04' או בסמוך לכך, היה שותף להנחת פצצה מתוך כוונה לגרום למותו של אחר או לפציעתו, דהיינו:

במועד הנ"ל, הניחו הנאשם הנ"ל וחבריו חמזה בעארה, פארס אלחסנאת ואח' מטען חבלה במשקל 12 ק"ג סמוך לתחנת דלק "דרוויש" במקום בו עוברים כלי רכב צבאיים.

**פרט רביעי:** (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

1. בתחילת חודש ינואר 04' או בסמוך לכך, תיכננו עי"א-רחמאן (זאהר) יוסף עי"א-רחמאן מקדאד (להלן – **ע"א-רחמאן מקדאד**) והפעיל הצבאי אחמד מוג'רבי ועלי מחמד חמאד אבו-הלאיל (להלן – **עלי אבו-הלאיל**) לבצע פיגועים נגד מטרות ישראליות שכללו פיגועי התאבדות.

2. בסמוך לכך פנה הפעיל הצבאי חלמי ע"א-כרים מחמד המאש (להלן – **חלמי המאש**) אל עלי ג'עארה והציע לו להפגישו עם פעיל צבאי שישלח אותו לביצוע פיגוע התאבדות. עלי ג'עארה (להלן – **המתאבד**) הביע נכונות לכך.

בהתאם לכך, הפגיש חלמי המאש את הפעיל הצבאי אחמד צלאח אחמד צלאח (המכונה: אחמד אבו-עידב) (להלן – **אחמד אבו-ע'דב**) עם המתאבד בפגישה שבמהלכה בירר אחמד אבו-עידב עם המתאבד את מידת נכונותו לבצע פיגוע התאבדות.

במהלך הפגישה הביע המתאבד נכונות לבצע את הפיגוע. בהתאם ביקש אחמד אבו-עידב מהמתאבד להתכונן לביצוע פיגוע ההתאבדות.

3. בסמוך לכך, החל ע"א-רחמאן מקדאד בייצור חומר נפץ שישמש בביצוע פיגוע ההתאבדות וזאת באמצעות חומרים שהעביר אליו הפעיל הצבאי עלי אבו-הלאיל. בנוסף עידכן אחמד אבו-עידב את ע"א-רחמאן מקדאד בדבר איתור מתאבד המוכן לבצע את פיגוע ההתאבדות, וביקש ממנו כי יכין בדחיפות את תיק חנפץ כדי שישמש בביצוע פיגוע ההתאבדות.



P 2: 267

3

4. ע"א-רחמאן מקדאד ביקש מאחמד אבו-עידב לקנות עבורו חומרים לייצור תיק הנפץ (שכללו בין היתר: תיק, סוללות, מפסק וכו'...). אחמד אבו-עידב נענה בחיוב ורכש ביחד עם חלמי המאש את כל שנתבקש. בנוסף, ניסו אחמד אבו-עידב וחלמי המאש למצוא מצלמת וידאו ע"מ לצלם את המתאבד בטרם ביצוע הפיגוע, אולם לא הצליחו בכך – ולפיכך החליטו להוציא את המתאבד לביצוע הפיגוע מבלי לצלמו במצלמת וידאו.

5. בסמוך לכך, פנה אחמד אבו-עידב אל **הנאשם הנ"ל** וביקש ממנו להוביל מתאבד החמוש בחגורת נפץ לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. הנאשם הביע נכונות לכך.

בהתאם לכך, הפגיש אחמד אבו-עידב את הנאשם עם המתאבד.

6. במקביל לאמור לעיל, ייצר ע"א-רחמאן מקדאד את תיק הנפץ לביצוע פיגוע התאבדות באמצעותו; עידכן את אחמד אבו-עידב בכך וביקש ממנו כי יבוא ע"מ לקחת את תיק הנפץ.

7. כעבור מספר דקות, הגיע אחמד אבו-עידב יחד עם המתאבד והנאשם לביתו של ע"א-רחמאן מקדאד; הנאשם המתין בחוץ ואילו המתאבד ואחמד אבו-עידב נכנסו לביתו של ע"א-רחמאן מקדאד. האחרון הסביר לאחמד אבו-עידב ולמתאבד על אופן הפעלת תיק הנפץ והעביר להם את תיק הנפץ ע"מ שזה ישמש בפיגוע התאבדות וזאת בכוונה לגרום למותם של אזרחים ישראליים.

8. בסמוך לכך, יצאו הנאשם, המתאבד ואחמד אבו-עידב לכיוון האוניברסיטה בבית-לחם; שם נטרל אחמד אבו-עידב את מנגנון האבטחה של מטען החבלה ע"מ להכין אותו לפעולה. לאחר-מכן עזב אחמד אבו-עידב את הנאשם עם המתאבד.

9. לאחר שאחמד אבו-עידב עזב אותם בסמוך לשעה 6:30, הוביל הנאשם את המתאבד לירושלים דרך כפר הוולגיה, עד שהגיעו סמוך לקניון מלחה בירושלים, שם נפרד הנאשם מהמתאבד וחזר לאיזור.

10. בסמוך לכך, עלה המתאבד לאוטובוס אגד בקו 19 שנסע לכיוון כיכר פריז; כשהגיע האוטובוס לפינת רחובות ארלוזורוב ועזה, סמוך לשעה 8:45, הפעיל המתאבד את תיק הנפץ שהחזיק עליו בכוונה לגרום למותם של מספר רב של בני אדם. כתוצאה מכך, התפוצץ תיק הנפץ בתוך האוטובוס (להלן – **פיגוע ההתאבדות**).

11. כתוצאה מפיגוע ההתאבדות נגרם מותו של **אברהם בלחסן ז"ל**.



P 2: 268

4

### פרט חמישי: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' חנה בונדר ז"ל**.

### פרט שישי: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' ענת דרום ז"ל**.

### פרט שביעי: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר יחזקאל גולדברג ז"ל**.



5

**פרט שמיני**: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר ולדי צדיק מנברה ז"ל**.


**פרט תשיעי**: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר ויורל אוקטביא פלורסקו ז"ל**.


**פרט עשירי**: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' רוזה בונה ז"ל**.



P 2: 270

6

### פרט אחד עשר: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' דנה איטח ז"ל.**

### פרט שנים עשר: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר רומן חונדיאשווילי ז"ל.**

### פרט שלושה עשר: (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר אלי צפורה ז"ל.**



7

**פרט ארבעה עשר:** (פ״א 09891/04 מת״מ ירושלים)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה:** הנאשם הנ״ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג׳עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב׳ נטליה גמריל ז״ל**.

**פרט חמישה עשר:** (פ״א 09891/04 מת״מ ירושלים)

**מהות העבירה:** ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970 ; וסעיפים 19-20, 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה:** הנאשם הנ״ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לניסיון גרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג׳עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת המחבל המתאבד.

**פרט שישה עשר:** (פ״א 17869/04 תחנת מוריה)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה:** הנאשם הנ״ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

1. מספר ימים לפני למועד הנ״ל, תיכננו ע״יא-רחמאן מקדאד והפעיל הצבאי עז-אלדין עליאן לבצע פיגוע ההתאבדות וזאת במטרה לגרום למותם של אזרחים ישראליים.

עז-אלדין עליאן הודיע לע״יא-רחמאן מקדאד כי איתר אדם בשם מוחמד זעול (להלן – **המתאבד**) המוכן לבצע פיגוע התאבדות.



8

2. ביום 17/2/04 או בסמוך לכך, נפגש עז-אלדין עליאן עם המתאבד בכפר חוסאן, במהלך הפגישה הסכים המתאבד לבצע את פיגוע ההתאבדות המתוכנן. בסיומה סיכם עז-אלדין עליאן עם המתאבד להיפגש עימו בסמוך לכנסיית המולד בבית-לחם ביום 21/2/04 בשעה 16:00.

3. עז-אלדין עליאן עידכן את ע"א-רחמאן מקדאד בדבר תוכן הפגישה ובדבר הסכמתו של המתאבד לבצע את פיגוע ההתאבדות; בהתאם לכך, יצר ע"א-רחמאן מקדאד קשר עם אחיו הפעיל הצבאי מאהר מקדאד שגר בעזה, עידכן אותו בדבר התכנון לבצע פיגוע ההתאבדות, וביקש ממנו סכום של 3,000 ₪, ע"מ להכין את תיק הנפץ לפיגוע ההתאבדות וכן ולקנות מצלמת וידאו לצורך צילום המתאבד (וזאת בהתאם לבקשתו של מאהר מקדאד לצלם את המתאבד בטרם ביצוע פיגוע ההתאבדות).

מאהר מקדאד נענה בחיוב והעביר לחשבון בבנק הערבי בבית-לחם, שרשום על שמו של ע"א-רחמאן מקדאד, סכום של 3,000 ₪ לצורך מימון פיגוע ההתאבדות, וזאת כפי שסוכם עם ע"א-רחמאן מקדאד.

4. ביום 18/2/04 או בסמוך לכך, ניגש ע"א-רחמאן מקדאד לבנק הערבי בבית-לחם ומשך את סכום הכסף שהועבר אליו ממאהר מקדאד.

ע"א-רחמאן מקדאד רכש באמצעות חלק מסכום הכסף מצלמת וידאו ומצלמה רגילה לצורך צילום המתאבד. כמו-כן העביר לעלי אבו-הלאיל ואחמד אבו-עידב סכום כסף וזאת ע"מ שירכשו חומרים לצורך הכנת תיק הנפץ לפיגוע ההתאבדות.

5. בהתאם, עלי אבו-הלאיל קיבל מהפעיל הצבאי חאתם זכריא מחמוד אלאערג'י (לחלן – **חאתם אלאערג'י**) 4 ליטר חומר כימי מסוג מי-חמצן ומהפעיל הצבאי אחמד עודה 40 ליטר חומר כימי מסוג אצטון; עלי אבו-הלאיל העביר לע"א-רחמאן מקדאד 12 ליטר חומר כימי מסוג מי-חמצן ו-12 ליטר חומר כימי מסוג אצטון.

6. ביום 20/2/04 ייצרו ע"א-רחמאן מקדאד, עלי אבו-הלאיל ועז-אלדין עליאן את תיק הנפץ המיועד לביצוע פיגוע ההתאבדות.

7. בסמוך לכך, ביקש ע"א-רחמאן מקדאד מאחמד אבו עידב לבדוק עם הנאשם הנ"ל אם הוא מוכן להוביל את המתאבד לביצוע פיגוע ההתאבדות. בהתאם לכך, נפגש אחמד אבו-עידב עם הנאשם וביקש ממנו כי יוביל מתאבד נוסף לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. הנאשם נענה בחיוב לכך.

באותו יום בשעות הערב, הגיע אחמד אבו-עידב לביתו של ע"א-רחמאן מקדאד כאשר ברשותו כרוז שעליו כתוב "חולייית איימן ג'ודה של ארגון גדודי חללי אלאקצא"; אחמד אבו-עידב העביר את הכרוז לע"א-רחמאן

9

מקדאד וזאת כדי שישמש כתמונת רקע בעת צילומו של המתאבד – וכמו-כן עידכן את עו״א-רחמאן מקדאד כי הנאשם מוכן להוביל את המתאבד.

8. למחרת בבוקר, העביר אחמד אבו-עידב לעו״א-רחמאן מקדאד מסמרי ברזל, ע״מ שהאחרון ידביק אותם לתיק הנפץ וזאת כדי להגביר ולהחמיר את הפגיעות בעת פיצוץ מטען הנפץ. עו״א-רחמאן מקדאד קיבל את מסמרי הברזל והדביק אותם לתיק הנפץ.

באותו יום, סמוך לשעה 10:16, הגיע עז-אלדין עליאן מלווה במתאבד לביתו של עו״א-רחמאן מקדאד ע״מ להכין אותו לקראת היציאה לפיגוע.

בנוסף, הביא אחמד אבו-עידב לעו״א-רחמאן מקדאד רובה קלצ׳ניקוב ורימון יד וזאת ע״מ שזה יצלם את המתאבד כשהוא מחזיק ברשותו אמל״ח זה.

9. עו״א-רחמאן מקדאד ועז-אלדין עליאן נתנו למתאבד אוכל ובגדים חדשים. לאחר שסעדו ביחד עם המתאבד את ארוחת הערב כתב עז-אלדין עליאן צוואה עבור המתאבד; עו״א-רחמאן מקדאד ועז-אלדין עליאן צילמו את המתאבד כשהוא מקריא את הצוואה שלו. כשסיימו לצלם את המתאבד החל עו״א-רחמאן מקדאד לייצר את תיק הנפץ שישמש בביצוע פיגוע ההתאבדות. סמוך לשעה 5:30 בבוקר של למחרת סיים עו״א-רחמאן לייצר את תיק הנפץ.

10. כשסיים לייצר את תיק הנפץ, כאמור ביום 22/4/04, התקשר עו״א-רחמאן מקדאד אל אחמד אבו-עידב, הודיע לו כי הכל מוכן וביקש ממנו לבוא ע״מ להוציא את המתאבד לביצוע פיגוע ההתאבדות.

בהתאם לכך, יצר אחמד אבו-עידב קשר עם הנאשם וביקש ממנו כי ייפגש עימו. שניהם נפגשו וביחד נסעו לכיוון ביתו של עו״א-רחמאן מקדאד בו הסתתר המתאבד. אחמד אבו-עידב ביקש מהנאשם כי להמתין בסמוך למקום הנמצא במרכז בית-לחם.

11. בסמוך לשעה 6:00 הגיע אחמד אבו-עידב לביתו של עו״א-רחמאן מקדאד, לקח ממנו את תיק הנפץ ויצא ביחד עם המתאבד לכיוון מרכז בית-לחם; שם הפגיש את המתאבד עם הנאשם. משם יצא המתאבד יחד עם הנאשם לכיוון ירושלים כאשר הם עוברים דרך כפר וולג׳ה וזאת ע״מ לבצע את פיגוע ההתאבדות המתוכנן.

12. הנאשם הוביל את המתאבד למקום הנמצא בסמוך לקניון מלחה בירושלים; שם נפרד ממנו וחזר לאיזור.

13. בסמוך לאחר-מכן עלה המתאבד לאוטובוס אגד בקו 14 שנסע מכיוון דניה לכיוון גן הפעמון. כשנעצר האוטובוס באחד הרמזורים הפעיל המתאבד את תיק הנפץ בכוונה לגרום למותם של מספר רב של בני אדם. כתוצאה מכך התפוצץ תיק הנפץ בתוך האוטובוס (להלן – **פיגוע ההתאבדות**).

10

14. כתוצאה מפיגוע ההתאבדות נגרם מותה של **גב' יפה בן שימול ז"ל**.

**פרט שבעה עשר**: (פ"א 17869/04 תחנת מוריה)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר יובל אוזנה ז"ל**.

**פרט שמונה עשר**: (פ"א 17869/04 תחנת מוריה)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר רחמים דוגה ז"ל**.

**פרט תשעה עשר**: (פ"א 17869/04 תחנת מוריה)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר יהודה חיים ז"ל**.



11

**פרט עשרים: (פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשי"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר אילן אביסדריס ז"ל**.

**פרט עשרים ואחד: (פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשי"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר בניה יונתן צוקרמן ז"ל**.

**פרט עשרים ושניים: (פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשי"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר אזולאי ליאור ז"ל**.



12

**פרט עשרים ושלושה**: (פ"א 17869/04 תחנת מוריה)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשי"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום השישה עשר – נגרם מותו של **מר נתנאל חבשוש ז"ל**.

**פרט עשרים וארבעה**: (פ"א 17869/04 תחנת מוריה)

**מהות העבירה**: ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשי"ל – 1970; וסעיפים 20-19, 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לניסיון גרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום השישה עשר – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת המחבל המתאבד.

נאג'י עאמר, סרן
תובע צבאי

**רשימת עדי התביעה**:

1. 95311-7 רס"ר משה לוי (גובה הודאת הנאשם מיום 30/3/04).
2. 44862 רס"ב נסים ארגמן (גובה הודאת הנאשם מיום 15/4/04).
3. 410066625 ע"א-רחמאן (זאהר) יוסף ע"א-רחמאן מקדאד (עצור בת.ת. 1238/04).
4. 901415984 חילמי ע"א-כרים מוחמד המאש (עצור בת.ת. 1300/04).

P 2: 277

13

5. 906194063 עז-אלדין ח'אלד חסין חמאמרה (עצור בת.ת. 1246.04).
6. 920629276 עלי מוחמד חמאד אבו-הלאיל (עצור בת.ת. 1216/04).
7. 901739656 אחמד צאלח אחמד צאלח (עצור בת.ת. 1247/04).

פ"א 09891/04 מת"מ ירושלים: (פיגוע התאבדות בתוך אוטובוס קו 19)

8. 43438654 ניר אזולאי (פרטים בתביעה).
9. 80408453 עדנאן סעידה (פרטים בתביעה).
10. רישה קריז (פרטים בתביעה).
11. סבטלנה מילניקר (פרטים בתביעה).
12. אולנה סקריפה (פרטים בתביעה).
13. 055661458 דוריה שליו (פרטים בתביעה).
14. 07788383 יוסף חדד (פרטים בתביעה).
15. 0300679925 משה בניטה (פרטים בתביעה).
16. 038583837 כרמל שרייר (פרטים בתביעה).
17. 053927372 עליזה אליחו (פרטים בתביעה).
18. 0307353110 ליליה שריגה (פרטים בתביעה).
19. 307207332 ארינה פוטיומקין (פרטים בתביעה).
20. 058123977 גד ליסטנברג (פרטים בתביעה).
21. 002379493 מרים דרעי (פרטים בתביעה).
22. 056521644 ורד לוזון (פרטים בתביעה).
23. 035816180 דוד בר-סלע (פרטים בתביעה).
24. 034325944 יעל רובינשטיין (פרטים בתביעה).
25. 071666614 נעים ברזאוי (פרטים בתביעה).
26. 001909134 שרה קיסר (פרטים בתביעה).
27. 321135395 לידייה ווינר (פרטים בתביעה).
28. 054584362 בהירה סעדו (פרטים בתביעה).
29. מ.ר. 73774 ד"ר קומבר (מסמכים רפואיים הנוגעים למר נעים ברזאוי).
30. מ.ר. 24151 ד"ר מיכלבסקי (מסמכים רפואיים הנוגעים לגב' שרה קיסר).
31. מ.ר. 25068 ד"ר יוטקין (מסמכים רפואיים הנוגעים לגב' בהירה סעדו).
32. ד"ר א. וולף (מסמכים רפואיים הנוגעים לגב' בהירה סעדו).
33. חווי"ד מעבדת חבלה (תועבר בהמשך).
34. מסמכים רפואיים.
35. רשימות נפגעים (רשומה מוסדית).

(פ"א 17869/04 תחנת מוריה): (פיגוע התאבדות בתוך אוטובוס קו 14)

P 2: 278

14

36. 7449502 אמוץ נילי (פרטים בתביעה).
37. 9797523 אברהם דוד (פרטים בתביעה).
38. 31464167 בנימין בן לולו (פרטים בתביעה).
39. 7633634 אזולאי שושנה (פרטים בתביעה).
40. 03083175 דויד בן חמו (פרטים בתביעה).
41. 024942724 יניב לוי (פרטים בתביעה).
42. 303717631 בוריס פיסקרה (פרטים בתביעה).
43. 0304050040 ויקטוריה טטריק (פרטים בתביעה).
44. 311825574 מאיה מליניצר (פרטים בתביעה).
45. 003416716 דוב גולדפלם (פרטים בתביעה).
46. 040182115 אסף כהן (פרטים בתביעה).
47. ד"ר א. דויטש (מסמכים רפואיים).
48. 324605005 אלה לורנקו (פרטים בתביעה).
49. ד"ר פלור (מסמכים רפואיים).
50. 321868663 נטליה סורפין (פרטים בתביעה).
51. ד"ר פלור שרון (מסמכים רפואיים).
52. 065322471 אברהם פור (פרטים בתביעה).
53. 0801523812 עיסא עביד (פרטים בתביעה).
54. 039276126 אליהו מזרחי (פרטים בתביעה).
55. 075775239 מאיר אהרון (פרטים בתביעה).
56. 039195862 אפרת סיוון סימון (פרטים בתביעה).
57. 200713410 גל-אור שמש (פרטים בתביעה).
58. 34985 ד"ר חמרה גירבי (מסמכים רפואיים).
59. 009797523 דוד אברהם (פרטים בתביעה).
60. 21503 ד"ר שלום פרידמן (מסמכים רפואיים).
61. 043553338 לירן בן סימן-טוב (פרטים בתביעה).
62. 22674 ד"ר פרסון בנימין (מסמכים רפואיים).
63. 066079948 יוסף סלבוסקי (פרטים בתביעה).
64. 024942724 יניב לוי (פרטים בתביעה).
65. 009797523 דויד אברהם (פרטים בתביעה).
66. 034441659 נועה דיאטלוביצקי (פרטים בתביעה).
67. 34991 ד"ר מיקי אביטל (מסמכים רפואיים).
68. 030803175 דוד בן חמו (פרטים בתביעה).
69. 054973698 שמעון שושן (פרטים בתביעה).

70. 0300302668 מאי שיריזלי (פרטים בתביעה).
71. 35035 ד"ר גולדמן (מסמכים רפואיים).
72. 025300955 יהודה מלול (פרטים בתביעה).
73. 031503105 עודד חבשוש (פרטים בתביעה).
74. מסמכים רפואיים (רשומה מוסדית).
75. 307048298 לימור בטרייאב (דו"ח תפיסה).
76. 969480516 עיסא זעול (דגימות גנטיות).
77. 969480524 בדיעה זעול (דגימות גנטיות).
78. סמ"ר שאדי רבאח (זכ"ד).
79. 4668654 אלי מלכה (מזכר).
80. חוו"ד מעבדת חבלה (תועבר בהמשך).
81. 73160-4 פקד איגור פקרמן (דו"ח תפיסה וסימון).
82. פרופ' י.היס (חוו"ד פתולוגית).
83. ד"ר ו. קרסין.
84. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).
85. ד"ר צ' כהנא.
86. ד"ר ר.נחמן (חוו"ד פתולוגית).
87. ד"ר ק' זייצב.
88. ד"ר חן קוגל (חוו"ד המכון הלאומי לרפואה משפטית).
89. ד"ר בירטולון לוי (חוו"ד פתולוגית).
90. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).
91. תעודות פטירה.