מס. No. 999/13

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel Hereby certify that the attached document marked "A" is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני הח״מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות ״א״ הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית והוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal;

ולראיה הנני מאשר את דיוק ההעתק הנ״ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 89.00 shekels (including VAT)

שולם סך של 89.00 ש״ח (כולל מע״מ)

SIGNATURE _____   חתימה

NOTARY'S SEAL   חותם הנוטריון




# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. **STATE OF ISRAEL** | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate 33 Soreq Street, Israel Advocate L.N.24260 | 2. נחתם בידי יצחק ווינברג עו"ד עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date  -1-01-2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976.  32/14 | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו - 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

תאריך: ב' אב, תשס"ו
27 יולי 2006

תיק מסי: 2271/04

## בית המשפט הצבאי יהודה

בפני כבי האב"ד: רס"ן רונן עצמון
השופט: רס"ן אדריאן אנסי
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625 /שב"ס – נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

רשמת: רב"ט ליאת וויג
מתורגמן: רב"ט מג"ד קטיש

אב"ד פותח את הישיבה ומזהה את הנאשם.

## מהלך הדיון

נאשם: מייצג אותי עו"ד עודה.

סנגור: הסנגוריה אמורה הייתה לסכם היום. עמדת הנאשם היא שהוא לא רוצה שאני אסכם ועמדתו היא שכל העובדות בכתב האישום הן נכונות וכן עמדתו שהוא רצח ופצע את כל האנשים שנזכרו בכתב האישום, אבל הוא עשה את זה במסגרת מאבקו נגד הכיבוש. זכותו של הנאשם לעשות כך ולפיכך, ולמרות שהוא רצח, הוא לא חושב שהוא מודה.

נאשם: אני מאשר שעובדות כתב האישום נכונות, כפי שאמר סנגורי. אני לא מודה, ביהמ"ש יכול להחליט אם אני אשם או לא.

תובע: התביעה הגישה סיכומים. לאור הודעתו של הנאשם בכתב האישום אבקש להרשיעו בכל המיוחס לו.

## הכרעת - דין

על יסוד הודעתו של הנאשם בעובדות כתב האישום, בחנו את פרטי האישום ושוכנענו כי די בהודאה בעובדות כדי לבסס את אשמתו של הנאשם בכל פרטי האישום.

נציין, כי בטענתו הסתמית של הסנגור, כי הנאשם עשה את המעשים מתוך מחשבה שבכך הוא מתנגד ל"פעולות הכיבוש" ועל כן אין הוא מודה באשמתו, לא מצאנו בסיס להגנה משפטית כלשהי.

לפיכך, אנו קובעים כי לא קיים סייג לאחריות הפלילית של הנאשם למעשים שבהם הודה.

אנו מרשיעים, אפוא, את הנאשם בכל העבירות המופיעות בכתב האישום, דהיינו:

א. ירי לעבר אדם, לפי תקנה 58(א) לתקנות ההגנה.
ב. החזקת אמל"ח, לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון.
ג. 4 פרטים של ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), התשי"ל 1970 ולפי סעיף 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח 1968.
ד. 19 פרטים של גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), התשי"ל- 1970.
ה. 4 פרטים של קשירת קשר לגרימת מוות בכוונה עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה והשומרון) (מסי 378), התשי"ל 1970 ולפי סעיף 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח 1968.



-1-

תאריך: ב' אב, תשס"ו
27 יולי 2006

תיק מסי: 2271/04

1  ניתן והודע היום 27/07/06, בפומבי ובמעמד הצדדים.
2
3
4  שופט        אב"ד         שופט
5
6  תובע: אין ראיות לעונש.
7
8  סנגור: אין ראיות לעונש.
9
10 תובע מסכם: הנאשם הורשע על סמך הודאתו בחלקו בשני פיגועים אשר גרמו סך הכול למותם של
11 19 אזרחים חפים מפשע ולפציעה של עשרות נוספים. אני לא חושב שיש מקום להכביר מילים
12 בחומרתם של המעשים, רצח בדם קר של חפים מפשע. הנאשם אף לא הביע כל חרטה על מעשיו,
13 וגם היום כשהוא ניצב כאן ונותן את דינו, הוא עדיין תומך במעשים. התביעה הצבאית תבקש
14 מכבי ביהמ"ש לגזור על הנאשם עונשי מאסר עולם מצטברים בגין כל אחד ואחד מההרוגים. כמו
15 כן, אנו נבקש לגזור על הנאשם במצטבר שני מאסרי עולם נוספים בגין הפציעות אשר נגרמו בכל
16 אחד משני הפיגועים בהם נטל הנאשם חלק, וכן עונש הולם בגין יתר העבירות המיוחסות לו בכתב
17 האישום. אני רוצה להפנות את כבי ביהמ"ש לע' איו"ש 2793/04 מונדר נור, שם הורשע הנאשם
18 בחלקו בפיגוע בירושלים בו נהרג אזרח וכן נפצעו אזרחים רבים נוספים. ביהמ"ש גזר על הנאשם
19 עונש של שני מאסרי עולם מצטברים- אחד בגין גרימת מותו של אותו אדם שמצא את מותו
20 בפיגוע, והשני בגין הניסיון לגרום למותם של אזרחים נוספים, שרבים מהם נפצעו באותו פיגוע,
21 וכן מאסר הולם בגין יתר העבירות. אני חושב שיש לגזור אותם ניסיונות שונים מאסרי עולם
22 נוספים נפרדים ולכן ביקשתי שני מאסרי עולם נוספים. אני חושב שהעונש שיבטא את עיקרון
23 קדושת החיים.
24
25 סנגור מסכם: אני לא יכול לפרט את עמדתו של הנאשם כמו שהוא יעשה. לפיכך, הסיכומים שלי
26 יהיו דברו האחרון של הנאשם.
27
28 הנאשם בדברו האחרון: אני מודה בכל מי שהרגתי מישראל, אך אני לא אשם, כי זו זכותי. תגובה
29 על עשרות האלפים שהרגתם אתם אותנו בלי שום סיבה, רק בגלל שאתם חושבים על עצמכם הכי
30 טובים בעולם ואם אתם ממשיכים בשיטה הזאת בחיים שלכם לא תישמעו או תרגישו את השלום
31 או הביטחון. כל הסיבה הזאת זה אתם והפוליטיקה שלכם, של הכיבוש.
32 אני אדבר על עצמי, אני מבטיח לכם, לשופטים, אם יהיה שלום אנחנו נהיה חברי השלום ואם
33 אתם ממשיכים באותה דרך, אני אהיה הראשון לקרב ואני גם הבטחתי שיבוא יום שאני אשב
34 במקומך ואשפוט אתכם על כל מה שגרמתם לעם הפלסטיני. זו הבטחה שתתקיים בקרוב. אני
35 מבטיח לך שאני אצא מהכלא ומה שיהיה העונש זה כבוד בשבילי ונותן כבוד לאשתי ולבן שלי וגם
36 לבן שלי שהוא בן 3, אני מקווה שעד שיגדל שיהיה משהו שקוראים לו "שלום". אם תהיה
37 מלחמה, כמו שאתם רגילים לזה, להרוג את הילדים ותינוקות, ואני מקווה ממנו להיות יותר
38 לוחם ויותר להיאבק ממני.
39
40 ביהמ"ש מפסיק את הנאשם. הנאשם מסרב לעמוד בעת הקראת גזר הדין, ולכן מוצא מן האולם.
41
42 לאחר הפסקה, ביהמ"ש מחזיר את הנאשם לאחר שהביע נכונות לעמוד בעת קריאת גזר הדין.

-2-



P2 3/5

תאריך: ב' אב, תשס"ו  
27 יולי 2006  

תיק מס': 2271/04

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון  
השופט: רס"ן אדריאן אגסי  
השופט: רס"ן מנחם ליברמן  

**התביעה הצבאית**  
(באמצעות סגן תומר חורוביץ)

נגד

**הנאשם:** עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625 /שב"ס – נוכח  
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

## גזר - דין

לאחר ששקלנו את טענות הצדדים ואת דבריו האחרונים של הנאשם על רקע מעשיו, החלטנו להטיל עליו את העונשים הבאים:

א. בגין גרימת מותו בכוונה של **מר אברהם בלחסן ז"ל** - מאסר עולם.  
ב. בגין גרימת מותו בכוונה של **גב' חנה בונדר ז"ל** - מאסר עולם.  
ג. בגין גרימת מותו בכוונה של **גב' ענת דרום ז"ל** - מאסר עולם.  
ד. בגין גרימת מותו בכוונה של **מר יחזקאל גולדברג ז"ל** - מאסר עולם.  
ה. בגין גרימת מותו בכוונה של **מר ולדי צדיק מנברה ז"ל** - מאסר עולם.  
ו. בגין גרימת מותו בכוונה של **מר ויורל אוקטביה פלורסקו ז"ל** - מאסר עולם.  
ז. בגין גרימת מותו בכוונה של **גב' רוזה בונה ז"ל** - מאסר עולם.  
ח. בגין גרימת מותו בכוונה של **גב' דנה איטח ז"ל** - מאסר עולם.  
ט. בגין גרימת מותו בכוונה של **מר רומן חונדיאשווילי ז"ל**- מאסר עולם.  
י. בגין גרימת מותו בכוונה של **מר אלי צפורה ז"ל** - מאסר עולם.  
יא. בגין גרימת מותו בכוונה של **גב' נטליה גמריל ז"ל** - מאסר עולם.  
יב. בגין גרימת מותו בכוונה של **גב' יפה בן שימול ז"ל** - מאסר עולם.  
יג. בגין גרימת מותו בכוונה של **מר יובל אוזנה ז"ל** - מאסר עולם.  
יד. בגין גרימת מותו בכוונה של **מר רחמים דוגה ז"ל** - מאסר עולם.  
טו. בגין גרימת מותו בכוונה של **מר יהודה חיים ז"ל** - מאסר עולם.  
טז. בגין גרימת מותו בכוונה של **מר אילן אביסדריס ז"ל**- מאסר עולם.  
יז. בגין גרימת מותו בכוונה של **מר בניה יונתן צוקרמן ז"ל** - מאסר עולם.  
יח. בגין גרימת מותו בכוונה של **מר אזולאי ליאור ז"ל** - מאסר עולם.  
יט. בגין גרימת מותו בכוונה של **מר נתנאל חבשוש ז"ל** - מאסר עולם.  
כ. בגין פציעתם של עשרות אנשים בפיגוע מיום 29/01/04 - מאסר עולם.  
כא. בגין פציעתם של עשרות אנשים בפיגוע מיום 22/02/04 - מאסר עולם.  
כב. בגין יתר פרטי האישום בהם הורשע הנאשם- 15 שנים.

כל העונשים ירוצו במצטבר.

נימוקי גזר הדין יינתנו בנפרד.

זכות ערעור תוך 30 יום מיום מתן הנימוקים.

ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.



שופט    אב"ד    שופט

-2-

P 2: 316