מס. No. 1040/13

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel
Hereby certify that the attached document marked **"A"** is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני החי"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "א" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית והוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 89.00 shekels (including VAT)

שולם סך של 89.00 ש"ח (כולל מע"מ)

SIGNATURE _____   חתימה

NOTARY'S SEAL   חותם הנוטריון

# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| **1. STATE OF ISRAEL** | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate | 2. נחתם בידי |
| Advocate    33 Soreq Street, Israel    L.N.24260 | עו"ד  יצחק ויינברג עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of | 4. נושא את החותם/החותמת |
| the above Notary | של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date ___ - 1 -01- 2014 | 6. ביום ___ |
| 7. By an official appointed by    76/14 | 7. על ידי מי שמונה בידי שר |
| Minister of Justice under the | המשפטים לפי חוק הנוטריונים, |
| Notaries Law, 1976. | התשל"ו - 1976 |
| 8. Serial number ___ | 8. מס' סידורי ___ |
| 9. Seal/Stamp ___ | 9. החותם / החותמת ___ |
| 10. Signature ___ | 10. חתימה ___ |



תיק מס׳: 3465/02

תאריך: ט׳ אלול, תשס״ד
26 אוגוסט, 2004

## בית המשפט הצבאי יהודה

בפני כב׳ האב״ד סא״ל שלומי כוכב
השופט: סרן שלמה כץ
השופט: סרן מנחם ליברמן

התביעה הצבאית

נגד

הנאשם: מונזר מחמוד חליל נור   ת.ז 902442607 / שב״ס - נוכח
(באמצעות ב״כ עו״ד גוזלן)

רשמת: רב״ט נטליה מיכאילוב ברזובסקי
מתורגמן: סמ״ר פארס פאלח

אב״ד פותח את הישיבה ומזהה את הנאשם.

## הכרעת דין

ביום 25.6.2002 הוגש נגד הנאשם כתב אישום המייחס לו שש עבירות נגד ביטחון האזור כדלהלן:

1. חטיפה בנסיבות מחמירות, עבירה לפי סעיף 67א(א)+(ד) לצו בדבר הוראות ביטחון, בכך שבשנת 1993 חטף יחד עם אחרים אדם בשם האשם אבו-זאכר ומסרוהו לרעולי פנים על מנת שאלה יחקרוהו בחשד לשיתוף פעולה עם ישראל.

2. גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון וסעיף 14(א)(4) לצו בדבר כללי האחריות לעבירה בגין מעורבותו בפיגוע ההתאבדות אשר התרחש ביום 27.1.2002 בירושלים ואשר כתוצאה ממנו נהרג פנחס-עמנואל טוקטלי ז״ל. לנאשם מיוחס כי נטל חלק פעיל בפיגוע בכך ששכנע את המחבלת, ופפא אדריס לבצע את הפיגוע. הנאשם אף הגדיל לעשות, וכאשר נודע לו כי המתאבדת חזרה בה מכוונתה להתאבד הוא ישב איתה שוב ושכנע אותה כי עליה לממש את כוונתה, ולבצע פיגוע אף אם לא מדובר בפיגוע התאבדות אלא בהנחת מטען. לבסוף כאמור בוצע הפיגוע ונרצח פנחס-עמנואל טוקטלי ז״ל.

3. ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון וסעיפים 14(א)(4) ו-19 לצו בדבר כללי האחריות לעבירה בכך שבפיגוע אשר בו נהרג פנחס –עמנואל טוקטלי ז״ל נפצעו אנשים נוספים (מעל 150) אשר היתה כוונה להרגם.

4. היזק בזדון לרכוש, עבירה לפי סעיפים 53ג(א) ו-92 לצו בדבר הוראות ביטחון, וסעיף 14(א)(4) לצו בדבר כללי האחריות לעבירה בכך שבפיגוע הנ״ל נגרם נזק כבד לחנויות, בניינים ורכבים אשר היו סמוך למקום.

5. ניסיון לשידול לסחר בציוד מלחמתי, עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי וסעיף 2 לצו בדבר כללי האחריות לעבירה בכך שפנה לפעיל בכיר במודיעין הצבאי של הרשות הפלסטינית וניסה לשכנע אותו להעביר מטעני חבלה באמצעות אמבולנסים של הסהר האדום.

-1-

P 3: 40

תאריך : ט׳ אלול, תשס״ד  תיק מס׳ : 3465/02
26 אוגוסט, 2004

6. מסירת ידיעות בעלות ערך צבאי, עבירה לפי סעיף 63 לצו בדבר הוראות
בטחון בכך שהעביר לאותו בכיר במודיעין הצבאי של הרשות הפלסטינית
מידע על מחסומי צה״ל ותנועות כוחות צה״ל באזור.

### חומר הראיות בתיק בית המשפט

במהלך הדיונים בבית המשפט הוגש חומר ראיות רב בהסכמה. ביום 2.4.2003 הוגשו
שתי אמרות שמסר הנאשם בחקירתו המשטרתית, אמרה שמסר ביום 23.4.2002
וסומנה ת/1 ואמרה מיום 25.4.2002 סומנה ת/2. במועד הדיון הבא, ביום 5.5.2003,
הוגשה אמרתו המשטרתית מיום 13.5.2002 וסומנה ת/3. שלוש אמרות אלה מהוות
את עיקר הראיות הנוגעות לנאשם בתיק, ועל כן יזכו למרבית הדיון בהכרעת דין זו,
כאשר עוד 100 מוצגים ויותר הוגשו במהלך הדיונים, המתייחסים כולם לפיגוע ביום
27.1.2002 ואין בהם לערב באופן עצמאי וישיר את הנאשם בעבירות המיוחסות לו.

כאשר נסקור את אמרותיו של הנאשם אשר הוגשו כאמור בהסכמה, ואשר על כן
בית המשפט רשאי לקבל את האמור בהן כאמת, נמצא את הבסיס להאשמות אשר
יוחסו לנאשם בכתב האישום.

עם זאת, בטרם נפרט את האסמכתאות המצויות באמרותיו של הנאשם, ונשזר בהן
את הראיות החיצוניות התומכות בעובדות כתב האישום, ראוי להעיר כי הודאותיו
של הנאשם בתיק הזה, מבוססות אט אט את האישום, כאשר ככל שחקירתו נמשכה
אמרותיו הפכו מלאות ומפורטות יותר. ניתן לראות בכך התפתחות טבעית של
חקירה, כאשר תחילה אין הנחקר מעוניין להודות במלוא החשדות, ועם התפתחות
החקירה הוא חושף חלקים רבים יותר של האמת. משום כך מצאנו לנכון לדחות את
בקשת הסניגור בסיכומיו לאמץ דווקא את האמרה הראשונה ולא את האחרונות.

באמרתו הראשונה הנאשם עוד הרחיק את עצמו ממעשיה של אותה ופא אדריס,
אך כאשר קוראים את אמרותיו השנייה והשלישית עולה בבירור כי הקשר שלו עם
הפיגוע המתואר בפרטי אישום 2-4 הדוק יותר ממה שהודה בו בתחילה.

### פרטי האישום

לאחר הקדמה זו נעבור לכתב אישום עצמו, פרט פרט וראיותיו. ראשית נבחן את
אמרותיו של הנאשם ולגבי כל פרט נפנה לאסמכתא עבורה, ואח״כ נדון בתוספת
הראייתית הנדרשת.

פרט ראשון : ת/3 עמוד 1 שורה 13 עד עמוד 2 שורה 6.
פרט שני : ת/2 עמוד 2 שורה 4 עד עמוד 4 שורה 2. ת/3 עמוד 2 שורה 23 עד עמוד 3
שורה 28
פרט שלישי : כנ״ל
פרט רביעי : כנ״ל
פרט חמישי : ת/3 עמוד 5 שורה 19 עד שורה 21
פרט שישי : ת/3 עמוד 5 שורה 21 עד שורה 24

הנאשם מודה באמרות אלה בכך שהוא ישב יחד עם המכונה ״אבו טלאל״ והמחבלת
ופא אדריס בתכננם ביצוע פיגוע בירושלים. הנאשם אף מודה כי הוטל עליו
התפקיד לשכנע את המחבלת לבצע פיגוע, וכאשר המחבלת הביעה הססנות מסוימת
וחזרה בה מכוונתה לבצע פיגוע, הוא ישב איתה בכוונה לשכנע אותה בכל זאת לבצע
פיגוע. לבסוף היא התרצתה ואכן ביום 27.1.2002 בוצע הפיגוע.

-2-

תיק מס׳ : 3465/02                                   תאריך : ט׳ אלול, תשס״ד
                                                    26 אוגוסט, 2004

1
2    הביסוס ליתר פרטי האישום עולה באופן ברור מקריאת אמרתו האחרונה של
3    הנאשם, בה הוא מפרט את העבירות שהוא ביצע, בין בעבר הרחוק, ובין זה מקרוב.
4
5    בכך קשר הנאשם את עצמו בקשר אמיץ לכל פרטי האישום כפי שהם מופיעים
6    בכתב האישום. אם היה ניתן להכריע את דינו אך ורק על סמך אמרות אלו ניתן היה
7    להרשיעו כבר בשלב זה בכל פרטי כתב האישום.
8
9                              **התוספת הראייתית**
10
11   על אף האמור לעיל, שיטת המשפט שלנו דורשת ראיה עצמאית להודאת נאשם
12   הניתנת כאמרת חוץ, בטרם יוכל בית המשפט להרשיע אדם בדין, מה שנקרא בפי
13   משפטנים, ״דבר מה נוסף״. במקרה שלפנינו, קיים דבר מה נוסף למכביר, לפחות
14   בכל פרטי האישום הקשורים לפיגוע, נפנה רק לחלק מהם, ת/85, ת/87 ות/102, דוח
15   פעולה של השוטר דרור אברהם, חוות דעת מומחה של השוטר אריאל יערי ממעבדת
16   חבלה של המשטרה וחוות דעת מומחה של פרופ׳ יהודה היס, בהתאמה. ראיות אלו
17   מספקות בעצמן את כל הנדרש מבחינת הראיות   החיצוניות לעצם קרות הפיגוע,
18   ולכך שהפיגוע גרם למותו של אדם. יתר הראיות שהוגשו בהסכמה יש בהם להוכיח
19   את כל עובדות פרטי האישום 2,3 ו-4 כולל הנפגעים בנפש, והנזק לרכוש ועל כן יש
20   להרשיעו בעבירות אלה.
21
22   ברם, אין בתוספת הזו להעיד באופן ישיר על שאר פרטי האישום בהם הואשם
23   הנאשם, דהיינו פרטי האישום הראשון, החמישי והשישי.
24
25   דינו של הדבר-מה הנוסף עבר תהפוכות ושינויים , אך ניתן להגדיר אותו בעקרון כפי
26   שמוגדר על ידי השופט יעקב קדמי בספרו **על הראיות** (כרך 1, עמוד 102)
27
28            ״**אין דרישת ה׳דבר מה׳ מבטאת דרישה לתוספת של ראיה המצביעה,**
29            **היא גופה, על אשמתו של הנאשם; אלא דרישה שעיקרה תוספת ראיה**
30            **המאפשרת להעמיד את ההודיה במבחן האמת״**
31
32   אם זה המבחן, אז כאמור לעיל, עצם הוכחת קרות הפיגוע והתוצאות הנוראות אשר
33   נגרמו ממנו מהווה דבר מה לפרטים הקשורים לפיגוע. בנוסף, עצם הוכחת קרות
34   הפיגוע מאמת את כל הנאמר באמרות הנאשם ביחס לקשר שלו עם אותו ״אבן
35   טלאלי״ האדם אשר הוציא את הפיגוע לפועל. אם כאמור, אנו מאמתים את אותו
36   קשר אזי בכוחו של ״דבר מה נוסף״ זה לאמת את האמור בפרטי האישום החמישי
37   והשישי, אשר גם בהם קשר הנאשם את עצמו עם ״אבו טלאלי״ בביצוע עבירות
38   נוספות. לנוכח האמור יש להרשיע את הנאשם גם בפרטי האישום החמישי והשישי.
39
40   לגבי פרט האישום הראשון ; כאמור פרט זה מתייחס לעבירה אשר לכאורה בוצעה
41   כמעט עשור טרם מעצרו של הנאשם, ואשר אין לה כל קשר ליתר העבירות
42   המופיעות בכתב האישום. האם אימות חלק מאמרתו של הנאשם יכול להשתרע על
43   כלל אמרתו והאם אימות זה יכול לצוף מעל כל חלקי האמרה, ובכל פעם שנדרש
44   דבר מה נוסף לאימות הדברים יופיע וירשיע?
45
46   דעתו של השופט קדמי בספרו הנ״ל, (עמוד 122) היא שלא :
47
48        ״**במקום שמדובר בסדרת עבירות הקשורות אחת ברעותה עד כדי היותן**
49        **׳מסכת אחת׳, די ב׳דבר מה׳ לאחת מן העבירות״**

תיק מס': 3465/02

תאריך: ט' אלול, תשס"ד
26 אוגוסט, 2004

1
2  אין ספק שפרט האישום הראשון הרואה עבירה אשר אינה קשורה לעבירות
3  האחרות, אינה בבחינת "מסכת אחת" ואיננה חלק מסדרת עבירות, ולכן לא עולה
4  מחומר הראיות המצוי בתיק תוספת ראייתית מספקת בכדי להרשיע את הנאשם
5  בו. לנוכח האמור הנאשם מזוכה מעבירה זו.
6
7  סוף דבר, הנאשם מזוכה מפרט האישום הראשון ומורשע בפרטי האישום השני,
8  השלישי, הרביעי, החמישי והשישי.
9
10
11  ניתן והודע היום, 26/08/04, בפומבי.
12
13
14  שופט               אב"ד               שופט
15

-4-

P 3: 43