No. 975/13 .מס

| CERTIFICATION OF COPY | אישור העתק |
| --- | --- |
| I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel | אני החי"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש |
| Hereby certify that the attached document marked **"A"** is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me. | מאשר כי המסמך המצורף והמסומן באות **"א"** הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית ושהוצג בפני. |
| In witness whereof I certify the correctness of the copy and I hereto set my signature and seal, | ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי, |
| This day December 28, 2013 | היום 28 דצמבר 2013 |
| Paid 107.00 shekels (including VAT) | שולם סך של 107.00 ש"ח (כולל מע"מ) |

SIGNATURE ____________ חתימה

NOTARY'S SEAL חותם הנוטריון

NOTAIRE * NOTARY * נוטריון
יצחק וויינברג
YITZHAK WEINBERG

# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate 33 Soreq Street, Israel L.N.24260 | 2. נחתם בידי |
| Advocate | עו״ד יצחק ויינברג עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ״ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date - 1 -01- 2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל״ו - 1976 |
| 8. Serial number 8/14 | 8. מס׳ סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

בית משפט השלום בירושלים * Magistrates Court of Jerusalem *

ישראל

ILANA SHVIV - 1 -01- 2014 אילנה שביב

תיק מס׳ : 2305/04

תאריך :כ״ה אלול, תשס״ו
18 ספטמבר, 2006

# בית המשפט הצבאי יהודה

הבלם
13

**בפני כב׳ האב״ד: רס״ן יאיר תירוש**
**השופטת: רס״ן דליה קאופמן**
**השופט: רס״ן אמיר דהאן**

**התביעה הצבאית**
(באמצעות סרן שגיב ליכטמן)

**נגד**

**הנאשם: אחמד מוחמד אחמד סעד ת.ז. 911744878 / שב״ס**
(באמצעות ב״כ עו״ד אוסאמה עודה)

**רמ״שית: רב״ט יוליה גלמן**

---

## הכרעת דין

**כב׳ השופט רס״ן אמיר דהאן**

א . הנאשם, אחמד מחמד אחמד סעד ת.ז 911744878 מדוחה, הועמד לדין בכתב אישום בתיק 2305/04 שהוגש ביום 23/5/04 לבית משפט זה.

ב. **המשמעות הראייתית של ההסדרים הדיוניים בין הצדדים**

1. ע״פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט באמרות עת/3,9 עובדות שהוכחו, אך הרשעה על פיהן תדרוש תוספת ראייתית מאמתת מסוג ״דבר לחיזוק״.

כמקובל לעניין אמרות בכתב שהוגשו בסתירה לעדות בע״פ או אמרות בכתב ובע״פ של שותפים לעבירה או מעורבים ב״עסקת עבירה״ תידרש תוספת ראייתית מוגברת מסוג ״דבר לחיזוק״.

נוטריון
יצחק
ויינברג
YITZHAK
WEINBERG
NOTAIRE
NOTARY

2. ע״פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט בשאר החומר באמרות הנאשם עובדות שהוכחו, ללא צורך בתוספת ראייתית ויראו באמרות הנאשם אמרות שנתנו באופן חופשי ומרצון.

3. בפרטי אישום 15-22 ישנה הסכמה והנאשם הודה בהם בעבירת סיוע לגרימת מוות ובפרט 23 סיוע לנסיון לגרימת מוות.

4. בפרטי האישום 3-14 הסכימו הצדדים על נכונותם של כל הפרטים העובדתיים של האירוע אך לא ליסוד הנפשי הנדרש להרשיע את הנאשם בעבירות של סיוע לגרימת מוות.

5. התביעה הודיעה לנו כי לא תעמוד בפרטים אלה אלא על סיוע לגרימת מוות.

6. לגבי פרטי אישום 1,2,24 עומד הנאשם בכפירתו.

P 2: 324

P 2 325

-2-

תיק מס׳: 2305/04

תאריך: כ״ה אלול, תשס״ו
18 ספטמבר, 2006

**טענות ההגנה:**

הנאשם ביצע את המיוחס לו בכתב האישום ללא ידיעה שמעשיו מהווים סיוע לפיגוע התאבדות ולא ידע כי כמות האצטון אותו רכש ושאר מעשיו המפורטים בכתב האישום עלולה לשמש לפיגוע.

את עיקר טענותיו מיקד הסניגור בניסיון לשכנע את בית המשפט כי קטעי האמרות שהוגשו בהסכמה והמראים את ידיעתו וכוונתו של הנאשם מתייחסים לפיגוע השני.

**דיון:**

אכן הדין עם התביעה אמרותיו של הנאשם ואמרות עלי אבו הלאיל אינן מותירות מקום לשום ספק. אביא מעט מהן לעניין סדר הדברים ואראה כי לא נותר ספק שהנאשם ידע שהוא מספק חומר חיוני לחכנת נפיצים בכמות גדולה לשם פיגועים רצחניים.

לפני שארד לפרטים מתוך מגמה לבחון את טענות הצדדים אציין משמעותה של הגשת ראיות בכתב בהסכמה.

הגשת ראיות בכתב בהסכמה משמעותה כאילו העידו העדים את הכתוב באמרותיהם.

אדגיש כבר כעת כי הפרשנות לפיה יש לברור מתוך האמרות את החובה ולא להתייחס לזכות אינה תואמת את רוח המשפט הפלילי ודיני הראיות הנוהגים בו ואף אינה מהווה להערכתי פרשנות נכונה של ההלכה בבית המשפט לערעורים.

עובדות הן עובדות ועדות היא עדות ואין משמעותה של הסכמה ברירה ואפליה של עובדות זו מזו על רקע השאלה איזה צד הן משרתות.

**<u>אמרות הנאשם:</u>**

<u>ת/2 עמ׳ 2 שורה 12</u> ציטוט שאנו דורש הסבר:

*״גם אני לבדי ייצרתי כמויות קטנות של מי חמצן ואצטון די לעשות אח״כ חומר נפץ בכמויות גדולות״*

<u>בעמ׳ 3 לת/2</u> פורש הנאשם מומחיות גדולה בסוד יצור חומרי הנפץ בכמויות גדולה ומסוגים שונים לרבות נוסחאות כימיות והערכה מקצועית לסוגים של חומר נפץ מרסק.

<u>בת/4 עמ׳ 11</u> הופכים הכוונה והידיעה לאמצעים והנאשם יוצר לו תשתית מעבדתית של ממש להתחיל ולייצר חומרי נפץ מתוחכמים בכמויות.

נוטריון
יצחק
ויינברג
YITZHAK
WEINBERG
NOTARY
NOTAIRE

-3-

P 2: 326

תיק מס' : 2305/04

תאריך :כ"ה אלול, תשס"ו
18 ספטמבר, 2006

<u>בת/4 עמ' 7 שורה 20</u> מפרט הנאשם כך :

*"ש. ספר לי מה עלי אבו הלאיל סיפר לך לפני הפיגוע הראשון שהיה בירושלים ?*
*ת. עלי אבו הלאיל סיפר לי שהוא רוצה לתת את זה לחבר שלו שאת שמו לא אמר לי את*
*גלון המי חמצן .........וביום שבו הבאתי את גלון האצטון הראשון שקניתי ממוחמד*
*דנדיס לקח עלי את שני הגלונים ונתן אותם לחבר שלו ועלי סיפר לי שיותר טוב שזה אצל*
*חבר שלו ומזה הוא מתכנן להכין חומר נפץ למטען חבלה*
*ש. האם אתה ידעת למה בדיוק הולכים לעשות עם חומר הנפץ*
*ת. בטח שידעתי ידעתי שעם החומר נפץ הזה הולכים לעשות פיגוע זה שלא ידעתי בדיוק*
*שזה הולך לפיגוע התאבדות זה לא משנה לי ..........*
*ש. ואם היית יודע שזה הולך לפיגוע התאבדות אז מה ?*
*ת. אז יותר טוב אין הבדל ואין בעייה בכלל*
*ש. כשנכנסת לפעילות הזו הבנת מה אתה הולך לעשות ?*
*ת. כן ידעתי והבנתי הכל אין בעייה*
*ש. בסדר מה היה אחרי הפיגוע הראשון ביים .........."*

העולה מאמרה זו ברור היטב , עניינה **<u>בפיגוע הראשון</u>** וביסוד הנפשי של הנאשם לפניו, ויודגש, די בידיעתו על תוצאת המוות ואין זה משנה אם המרעום יהיה אנושי או לא בא הנאשם וטורף את הקלפים,לא אכפת לו לאיזה סוג של פיגוע הוא מעניק סיוע.

אמרות הנאשם מתחזקות עוד ב -ת/1 עמ' 7 שורה 7 שם מתאר הנאשם כיצד עוד באמצע 2003 סיפר לו עלי אבו הלאיל על פקודה המחייבת אותו ואת מקדאד להוציא לפועל פיגועי התאבדות.
נזכיר כי אמרות אלה הוגשו ללא צורך בתוספת ראייתית כראייה לאמיתות תוכנן.

הסנגור מסתמך בסיכומיו על אמרות הנאשם בעברית ובערבית מהן עולה כי הנאשם לא ידע (או לא ידע במדויק) למה ישמש האצטון שהביא לעלי אבו הלאיל.

פירוש זה אינו יכול לעמוד, הואיל והנאשם היה מעורב יחד עם עלי אבו הלאיל בהכנת חומרי נפץ מאצטון בכמויות וידע כשהוא פועל בציות להוראת אחמד מוגרבי להוציא פיגועי התאבדות.

<u>חיזוקים מאמרות עלי אבו הלאיל</u>

חיזוק נוסף לעובדה שלנאשם היה יסוד נפשי מלא לסיוע לגרימת מוות בכוונה לפיגוע הראשון האמור בפרטי אישום 3-14 מופיע בעדויות עלי אבו הלאיל ת/20 ו- ת/19.

ב-ת/20 שהוגש בהסכמה מלאה לתוכנו אומר אבו הלאיל כך <u>(עמ' 1 שורה 13-18)</u>
"אני הקמתי חוליה צבאית ובה היו 1 .אני 2 .אחמד עודה בן 18 תושב דוחה היום עצור סיפרתי עליו הוא חבר שלי והעוזר שלי בפעילות ועזר לי לייצר מטענים והיה שותף בכל התכנונים שלי ואחמד....... אצלו ספרים וחומר שממנו עושים חומר נפץ".

<u>ת/20עמ' 2 שורה 17</u>

*ש. בסדר יש לך מה להוסיף בקשר לפיגוע ההתאבדות הראשון ?*
*שעשיתם בירושלים ? ................*
*האם אחמד עודה קנה משהו לפני הפיגוע ?*
*כן הוא קנה 20 ליטר אצטון ב -400 ₪ ממחמד דנדיס באזור דוחא יש לו חנותלפני מ.פ*
*דהיישה*

-4-

P 2: 327

תיק מס׳: 2305/04

תאריך: כ״ה אלול, תשס״ו
18 ספטמבר, 2006

*למה הוא קנה אצטון ?*
*ת. כי אני ביקשתי ממנו את זה לפיגוע התאבדות*
*ש. ומי המתאבד שביצע את פיגוע ההתאבדות השני ........*

העולה מן המקובץ הוא כי הנאשם ידע היטב לפני הפיגוע הראשון (עם המתאבד עלי ג׳ערה – קו 19) למה מיועד האצטון שקנה לפני הפיגוע ולאחריו וצפה את תוצאת המוות והטבח העלולה לנבוע ממעשיו.

לפיכך, אני מציע לחברי להרשיע את הנאשם בסיוע לגרימת מוות בכוונה (פרטי אישום (3-13) ובסיוע לניסיון לגרימת מוות בכוונה פרט אישום 14.

**<u>פרטי אישום 15-23 (פיגוע התאבדות בקו 14)</u>**

בעובדות פרטי אישום אלה הודה הנאשם ושנה הסכמה ע״פ האמור בסעיף ב 3 להכרעת דין זו.

אשר על כן, אני מציע לחברי להרשיע את הנאשם בפרטי אישום 15-23 **בסיוע** לגרימת מוות בכוונה (פרטי אישום (15-22) ובסיוע לניסיון לגרימת מוות בכוונה פרט אישום 23.

**<u>פרט אישום 24 : (קשירת קשר עם נאיל מסאלמה לביצוע פיגוע התאבדות)</u>**

ראיה מרכזית: באמרתו ת/6 עמ׳ 1 שורות 21-28 מספר הנאשם את פרשת האישום מס׳ 24 במלואה , הוא מתאר את הקשר שנקטע במעצרו ובמסגרתו היה אמור להכין מטען של 12 ק״ג חומר נפץ על מנת שנאאל מסאלחה יבצע בעזרתו פיגוע.
בדברי הנאשם טמון גם היסוד העובדתי של הקשר וגם היסוד הנפשי לרבות ידיעת התוצאה וצפייתה.

כיוון שהצדדים הסכימו להגיש את אמרת הנאשם כראיה לאמיתות תוכנה וללא הסתייגות הרי שאני מציע לחבריי להרשיע את הנאשם בפרט אישום זה.

**<u>העולה מן המקובץ</u>**

אני מציע לחבריי להרשיע את הנאשם בעבירות הבאות:

1. **סיוע לגרימת מוות בכוונה** – עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס׳ 378), התש״ל – 1970 ולפי סעיף 14 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 225), תשכ״ח- 1968. **(19 עבירות)**

2. **סיוע לניסיון גרימת מוות בכוונה** – עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), התש״ל – 1970 ולפי סעיפים 14,19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח – 1968. **(2 עבירות)**

3. **קשירת קשר לגרימת מוות בכוונה** – עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס׳ 378), התש״ל – 1970 ולפי סע׳ 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח – 1968. **(עבירה אחת)**

תאריך: כ"ה אלול, תשס"ו
18 ספטמבר, 2006

תיק מס': 2305/04

4 **קשירת קשר לייצור פצצה** עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח – 1968 סעיף 53 (א)(3) לצו בדבר הוראות ביטחון (יהודה ושומרון) (מס' 378), התש"ל – 1970. **(עבירה אחת)**

5 **החזקת חומר נפיץ** 1968 סעיף 53 (א)(3) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התש"ל – 1970. **(עבירה אחת)**

**כב' השופט רס"ן יאיר תירוש**

אני מסכים.

**כב' השופטת רס"ן דליה קאופמן**

אני מסכימה.

**סוף דבר**

הוכרע כדעתו של השופט דהאן.

עקב בעיה טכנית הועברו נימוקי ההחלטה לצדדים באיחור.

**ניתן היום, 18/09/06, בלשכה.**

| | | |
|---|---|---|
| **שופט** | **אב"ד** | **שופטת** |

NOTARY * NOTAIRE * נוטריון
יצחק וויינברג
YITZHAK WEINBERG

-6-

P 2: 329