מס. No. 071/14

## CERTIFICATION OF COPY

I the undersigned Yitzhak Weinberg, a
Notary in 33 Soreq Street, Beit
Shemesh, Israel
Hereby certify that the attached document
marked **"A"** is a correct copy of the
original document which is drawn up in
the Hebrew language and has been
produced to me.

In witness whereof I certify the
correctness of the copy and I hereto set
my signature and seal,

This day 24th December 2013

Paid 192.00 shekels (including VAT)

## אישור העתק

אני החי״מ יצחק וויינברג נוטריון
בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן
באות ״A״ הינו העתק מדויק של
המסמך המקורי שנערך בשפה העברית
ושהוצג בפני.

ולראיה הנני מאשר את דיוק ההעתק
הנ״ל, בחתימת ידי ובחותמי,

היום 24/12/2013

שולם סך של 192.00 ש״ח (כולל מע״מ)

SIGNATURE_____    חתימה

NOTARY'S SEAL    חותם הנוטריון



# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| **1. STATE OF ISRAEL** | **1. מדינת ישראל** |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by | 2. נחתם בידי |
| Advocate _YITZHAK VEJNBERG_ | עו"ד _ויינברג יצחק_ |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of | 4. נושא את החותם/החותמת |
| the above Notary | של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date  3 - 03 - 2014 | 6. ביום |
| 7. By an official appointed by | 7. על ידי מי שמונה בידי שר |
| Minister of Justice under the | המשפטים לפי חוק הנוטריונים, |
| Notaries Law, 1976. | התשל"ו - 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |



1887/14

<table>
<tr><td>צבא</td><td>הגנה</td><td>לישראל</td></tr>
</table>

| צבא | | הגנה | | לישראל |
|---|---|---|---|---|
| בפמת | המשפט, הצבאי | | ותיק ביחיימ : | 3739/02 |
| בבית | אל | | יזיק תביעה : | 733/02 |
| בפני | הרכב | | וזיק פ.א. | 4934-43/02 שומרון |
| | | | | 1359/02 יפתרח |
| | | | | 412/02 בנימין |
| | | | | 580/02 שפט |
| | | | | 2069/02 מתי"ס ?-ס |

## במשפט שבין התובע הצבאי - הנאשים

### - נגד -

נאצר מסאל מוסא שוויש
ת.ז. 993006188, יליד 25.05.75, תושב שכם/רמאללה
עצור מיום 03.06:02

### - הנאשם -

## כתב - אישום

### הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

#### פרט ראשון:

**מהות העבירה:** מתן מקלט, עבירה לפי סעיף 57 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשל"ך-1970:

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך סוף שנת 2000 - תחילת שנת 2001 או בסמוך לכך, עזר או נתן מקלט לאדם שעבר עבירה על תחיקת ביטחון או אשר עסק או היה עסק בכל פעולה שמטרתה לפגוע בשלום הציבור, שלום כוחות צה"ל וחייליו וקיום הסדר הציבורי או שש יסוד סביר לחשוד כי עשה כן, בין על ידי מתן ידיעות, מחסה, מ:זון, משקה, כסף, בגדים, נשק, תחמושת, אספקה, מטפא, אמצעי תובלה, נפט או דלק מכל סוג שה:ה ובין בדרך אחרת, דהיינו: חנאשם הנ"ל, במהלך תקופת האמורה, במספר הזדמנויות שונות, העביר אנשים אשר היו מבוקשים לכוחות הביטחון הישראליים בגין ביצוע פיגועים קטלניים נגד אזרחים ישראליים וחי:לי צה"ל. בין חיתר, הנאשם העביר את אחיו - ח'אלד שוויש, מותד אבו חלאווה, תאבת מראהוז, חכמת אבו אלחבל.

1

ת.ת. 733/02

**פרק שני:**

**מהות העבירה:** חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנות 84(1)(א), 85(1)-(א)
לתקנות החבגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מראשית שנת 2001 ועד ליום מעצרו, היה חבר או פעל
כחבר בארגון שחוא התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, היה חבר ב"גדוד חללי אלאקצא" ("יבטאיב שוהאדא
אלאקצא"), הזרוע החבאית של "תנזיזים" של הפתיח, שחןא התאחדות בלתי מותרת.
הנאשם ביס לשורות יגדדי חללי אלאקצא" על-ידי אחיו, חגלד שווייש.
לאחר גיסו הנאשם קיבל כינוי פח"עי "אדהם"
הנאשם פעל במסגרת "גדודי חללי אלאקצא" כפי שיתואר בפרטי האישום תבאים.

**פרק שלישי:**

**מהות העבירה:** ניסיון לגרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יחודה והשומרון) (מסי 378), תשי"ל1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יחודה
והשומרון) (מסי 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מסוף שנת 2000 ועד ליום מעצרו או בסמוך לכך, ניסה
לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, ב5- הדמנויות שונות, בשעות הערב, ירה ברוס"ר
קלצ'ניקוב ממרחק של 400 מטר לעבר מחנה צה"ל תנמצא בסמוך לכפר תיאססיר בכוונה לגרום
למותם של חיילי צה"ל. ביחד עם הנאשם חיו מחמד אל מחדאת שוויש, חאלד שווייש, אשר
גם חם ירו לעבר חיילי צה"ל בכוונה לגרום למותם.

**פרק רביעי:**

**מהות העבירה:** ייצור מצבה, עבירה לפי סעיף 53(א)(2) לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מסי 378), תשי"ל1970-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ייצר כלי-ירייה,
תחמושת, מצצה, חפץ נפץ או מבעיר, ללא תעודת חיתר שהוענקה בידי מפקד צבאי או מטעמו,
דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, בשכם ובגיין או בסמוך לכך, במספר הזדמנויות שונות,
ייצר מטעני תבלה, וזאת ללא תעודת חיתר שוחוענקה בידי מפקד צבאי או מטעמו.

**פרק חמישי:**

**מהות העבירה:** ניסיון לגרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יחודה והשומרון) (מסי 378), תשי"ל1970-, וסעיף 19 לצו בדבר כללי האחריות לעבירה (יחודה
והשומרון) (מסי 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה
למותו של אחר, דהיינו:
הנאשם הנ"ל, במהלך תתקופה האמורה, במספר הזדמנויות שונות, בשעות הערב, ירה ברוס"ר
קלצ'ניקוב ממרחק של 400 מטר לעבר מחנה צח"ל "בוזק" בכוונה לגרום למותם של חיילי צה"ל.
ביחד עם הנאשם חיו תאאר אל ראמח, פראס חלוליה, רבע סעדי, אשר גם חם ירו לעבר חיילי
צה"ל בכוונה לגרום למותם.
בעתת חהזדמנויות, חבר של הנאשם, אשר חיזו ביחד עמו בזמן חירי, תאאר אל ראמח, נפגע
במהלך חילופי האש עם צח"ל שהתפתחו במקום בעקבות חירי של הנאשם וחבריו.

2

ת.ת. 733/02.

**פרט שישי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל1970- וסעיף 19 לצו גדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסח לגרום במוות למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, ביחד עם אחרים, ירה ברוסי"ר קלצ'ניקוב לעבר מחנה צה"ל "סאגוי" הממוקם של 400 מטר, בכוונה לגרום למותם של ח"ילי צה"ל. ביחד עם הנאשם היו רבצ סינדי, תאאר אבו ראפת, פראס חלילית, רביע אבו רוב, אשר גם ירו לעבר חיילי צה"ל במטרה לגרום למותם.

**פרט שביעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל1970- וסעיפים 14(א) 19י- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001, כחודש לאחר שבוצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום במוות למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בשעות חלילת, ביחד עם רבצ אבו רוב, סנג'ור, פראס חלילית, אממד פאתחר ואדם נוסף, הניה ארבעת מטעני חבלה במשקל 5 קיג כל אחד בכביש הראשי הסמוך לבצע. הנאשם וחבריו הניחו שני מטעני חבלה מכל צד של הכביש. לאחר שהנאשם וחבריו הניחו את מטעני החבלה הניל, הם הסתתרו בסמוך לבניה.

מעת שהנאשם וחבריו הניל חבותיהו בגיום של צה"יל, אשר נסע בכביש חניל ותתקרב אל מטעני החבלה הניל. הנאשם וחבריו הניל הפעילו את מטעני החבלה באמצעות מכשירי טלפון סלולריים בבוחן לגרום למותם של חיילי צה"ל, אשר נסעו בגיום חניל. כתוצאה מפיצוצי מטעני תחבלה חניל נגרם נוק לגיום צה"יל חניל.

במהלך ביצוע חפיגוע המתואר לעיל, הנאשם וחבריו הניל זיו חמשים ברוסי"ר קלצ'ניקוב.

**פרט שמיני:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל1970- וסעיפים 14(א) 19י- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001, כחודש לאחר שבוצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום במוות למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, ביחד עם רבצ אבו רוב ומחמוד טואלבה, חניח מטען חבלה בכביש הראשי הסמוך לערא'בה, באיזור מרקם, בכוונה לפוצצו ולגרום למותם של אורחים ישראליים. לאחר מכן, מחמוד טואלבה חזר לגניע.

הנאשם ורבצע אבו רוב המתינו במקום ומשתהחינו בגיף של צה"יל, הפעילו לעברן את מטען תחבלה הניל, בכוונה לגרום למותם של חיילי צה"ל. כתוצאה מפיצוצי מטען תחבלה חניל פגנג גיף צה"יל האמור.

במהלך ביצוע חפיגוע הניל, שני תברי הנאשם היו חמשים בכלי נשק.

ת.ת. 02/673

P 5: 295

<div dir="rtl">

**פרט תשיעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001, נחזש לאחר שביצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו: הנאשם הנ"ל, במועד האמור, ביחד עם מתאבד באשראיאת וסאמה אבו תניא, הניח מטען חבלה בציר הראשי המוביל למתנו צה"ל יינ"סיי" תנמצא בבקעת חירקין בלותם לגרום למותם של חיילי צה"ל. הנאשם וחבריו הנ"ל ניסו להפעיל את מטען החבלה חנ"ל לעבר גיף של צה"יל אשר עבר במקום, בכוונה לגרום למותם של חיילי צה"ל, אך עקב תקלקה, טכנית מטען החבלה הנ"ל לא התפוצץ. לאחר מכן, הנאשם וחבריו אספו את מטען החבלה שלא התפוצץ וחזרו עמו לביתן.

**פרט עשירי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
במועד האמור, עלי צפורי, פעל צבאי בנייתאר אסלאמי פלסטיני, פנה אל עברים ראתב יונס עזיז, פעיל צבאי בכיר בימידדי חללי אסלקצאי" – חורוע הצבאית של "ארתנזיים" של תפת"ת, והציע לאחרון לבצע פיגוע נגד מטרות ישראליות. החולק כי הפיגוע הנ"ל יבוצע בשטוחיף על-ידי פעילי הנייתאד האסלאמי ופעילי "ידדי חללי אלקצאי".
הנאשם גייס לצורך ביצוע חפיגוע המתוכנן על-ידי ו עברים עזיז. עלי צפורי גייס לביצוע הפיגוע חמנזוכני את מחמד זאגר אבו בכר.
הנאשם בחר את מקום ביצוע הפיגוע המתוכנן וחזא איזור קינני. הנאשם שכר בשבם רכב נוסע עמו לבעין. בגין הנאשם נפגש עם עלי צפורי ומחמד אבו בכר, משם, הנאשם ומחמד אבו בכר נסעו אל המקום, אשר אותו בחר הנאשם לצורך ביצוע הפיגוע המתוכנן. הנאשם וחברו חנ"ל הסתותרו בסמוך למקום הנ"ל במטרה להפעיל את מטען החבלה הנ"ל לעבר חיילי צה"ל ולגרום למותם.
תכניתם של הנאשם וחברו הנ"ל לא יצאה אל הפועל מכיוון שבנמצד למטען חבלה הנ"ל נעמדו פתלהים פלסטיניים והנאשם וחברו לא הפעילו את מטען חבלה לעבר הגיף של צה"יל, אשר הגיע למקום, מחוששש לפגוע בפעילים הנ"ל.
לאחר מכן, הנאשם הגיע למקום ואסף את מטען החבלה הנ"ל.

**פרט אחד-עשר:**

**מהות העבירה:** התחפשות, עבירה לפי סעיף 55 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970- . . ..

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במועד האמור בפרט האישום הקודם, השתמש בהתפשת במכיבות שבהן עלל השימוש בתחפשות לפגוע בשלום הציבור, או בביטחון כוחות צה"ל או בהגנתו של האיזור או בקיום הסדר הציבורי, דהיינו:
הנאשם הנ"ל, במועד האמור, ביצע את המיוחס לו בפרט האישום הקודם כשהוא מחופש לאישה.

</div>

<u>פרט שנים-עשר:</u>

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל/1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח1968-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, באמצע שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, קשר עם האבת מרדאווי לרצוח שני אזרחים ישראליים, אשר, לפי תכנית שהניע לידי הנאשם, מניעים מדי יום שבת לשכם.
באחד מימי חשבת, הנאשם יצא ביחד עם האבת מרדאווי, כשבנידהם חמושים ברובי"ר M-16, לצורך ביצוע הפיגוע המתוכנן. הנאשם והברו הנ"ל הגיעו לצומת קוציץ.
הנאשם והאבת מרדאווי התמקמו במקום הקשתוכנן לשני האזרחים הנ"ל במסרה לירות לעברם ולגרום למותם. הנאשם והברו המתינו במקום 4- שעות, אך האזרחים הישראליים הנ"ל לא הגיעו ולכן הנאשם והברו חזרו לשכם.

<u>פרט שלושה-עשר:</u>

<u>מהות העבירה:</u> החזקת כלי-יריח, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל/1970-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, החל מאמצע שנת 2001 ועד ליום מעצרו, החזיק ברשותו כלי-יריה, ותחמושת, מצצג, רימון יד או חפץ נפץ או מבצרו, כלי או חפץ או דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שחוענקה על ידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במהלך תקופת האמורה, חיזיק באקדח 14, אשר אותו קיבל מהמפקד טואלבה באמצעות מחמד בשאראת, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.
בעת מעצרו הנאשם נשא את האקדח הנ"ל עם שתי מחסניות מלאות בכדורים ועוד 40 כדורים לאקדח הנ"ל.

<u>פרט ארבעה-עשר:</u>

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל1970-) וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח1968-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, באמצע שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במשך ארבעה ימים רצופים, בתחנה חפליטים ניגע או בסמוך לכך, במסרה הזדמנויות שונות, ירה ברוסי"ר קלצ'ניקוב לעבר חיילי צה"ל בכוונה לגרום למותם. ביחד עם הנאשם חיו אנשים נוספים, ערברים עוויל, האבת מרדאווי, מחמוד טואלבה, מחמד אלמניני, רבצ אבו אלרוב, חני עלי עפורי, נדאל אלכדאווי, אשר גם חם ירו לעבר חיילי צה"ל בכוונה לגרום למותם.

<u>פרט חמישה-עשר:</u>

<u>מהות העבירה:</u> סחר בציוד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח1968-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי, ללא היתר חתום על ידי מפקד האיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, רכש מאהצר שונ"ש רוסי"ר 16-M תמורת 3,500 דינר ירדני, וזאת ללא היתר חתום על ידי מפקד האיזור או מטעמו. את הכסף לצורך רכשית חנשק הנאשם קיבל מידי האבת מרדאווי.
לאחר רכשת הנשק הנ"ל, הנאשם העבירו לניגין ליידי האבת מרדאווי.

5

ת.ת. 02/733

**פרט שישה-עשר:**

**מהות העבירה:** סחר בצידוד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בצידוד מלחמתי
(יהודה והשומרון) (מסי 243), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, סחר או עסק בצורה אחרת
בצידוד מלחמתי, ללא היתר חתום על ידי מפקד האיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במוצד האפור, בכפר קליל או בסמוך לכך, רכש מספר מחסניות ריקות לאקדח זיג
זאגר מידי אדם בשם זיהד, וזאת ללא היתר חתום על ידי מפקד האיזור או מטעמו.
הנאשם רכש את המחסניות האמורות לפי בקשתו של אבו אלקסאם עתהלם שהוא אחראי ארגון
גיהאד אסלאמי פלסטיני בבנין.

**פרט שבעה-עשר:**

**מהות העבירה:** נשיאת משרח בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א)(ב) לתקנות ההגנה
(שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מתחילת שנת 2002 ועד ליום מעצרו, נהל או עזר
לתנהלת התאחדות בלתי מותרת, או החזיק במשרה בה עמדה כל שהוא בהתאחדות בלתי מותרת,
דהיינו:
הנאשם הנ"ל, במהלך תקופה תאמורה, שימש כתנאם פעילות צבאית של "מזרדי חלקי
אלאקצא" (יכתאיב שותדאא אלאקצא"), חורזע הצבאית של "תתנוזים" של הפת"ח, שהוא
התאחדות בלתי מותרת, בין האיזורים של בנין, טול-כרם, שכם ורמאללה.

**פרט שמונה-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מסי 378), תש"י-1970)- וסעיף 19 לצו בדבר כללי האחריות לעבירות (יהודה
והשומרון) (מסי 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2002 או בסמוך לכך, ניסה לגרום בכוונה
למותו של אחר, דהיינו:
הנאשם הנ"ל, במוצד האמור, בתמונה תפליטום ניכון או בסמוך לכך, ביחד עם עוברים ראתב יונם
עוניים ואחרים, ירח לעבר חיילי צה"ל בכוונה לגרום למותם.

**פרט תשעה-עשר: פ.א: 1359/02 יפתח**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מסי 378), תש"י-1970)- וסעיפים 14(א) ו- 19)- לצו בדבר כללי האחריות לעבירה
(יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 25.01.02 או במועד הסמוך לכך,
ניסה לגרום בכוונה למותו של אחר, דהיינו:

1.  בחודש ינואר 2002, כנו אל הנאשם רביע רפת אבן עאיש, פעול צבאי בכיר בארגון גיהאד
    אסלאמי פלסטיני, אשר אסף קודם מידע לגבי המקומות במדינת ישראל שבהם ניתן
    לבצע פיגועי תופת, וזייד יונס אחמד יונס.

2.  זייד יונס ביקש-כי הנאשם יעזר במחברת הצעיר שמבקש להתאבד במ.ס. עסקר
    שבעכם

3.  הנאשם נסע עם זייד יונס למחנת תפליטום עסקר. שם נפגשו עם הצעיר הנ"ל שהוא בהאא
    (גיאד) ויאד שלהותי.

4.  הנאשם וזייד יונס העבירו את בהאא שלהותי לדירה בשכם.

5.  רביע אבן רוב תביא לדירה האמורה בשכם את צמוזאת ע/רחמאן אבו-עיישה.

6

733/02 ת.ת.

6. לדירת האמורה חגינו גם מהנד אבו-עיישה, אשר, ביחד עם הנאשם זוויד זונג, צילם באמצעות מצלמת וידאו את בהאא שלחתי ואת צבוואת אבו-עיישה לקראת ביצוע פיגוע החתנאבדות הממתוכן, וזאת כאשר חשנינ מחזיקים ברוסי"ר קלצ'ניקוב וברוסי"ר 16 M.

7. רביע אבן רוב הכין בדירת האפוורה מטען חתבלה, המורכב מ4- ק"ג של חומר נפץ, לצורך התהבאה לפעול של פיגוע התהתאבדות המתוכנן. רביע אבן רוב הסתיר את מטען התבלה בתוך קרטון טלוויזיה.

8. הנאשם והחברו חיו"ל ערכו תכנית, אשר לפיה יבוצע פיגוע התאבדות משולב באיזור התנחן המרכזוו בתל-אבב: צבוואת אבו-עיישה יפוצץ את מטען התבלה, אשר בחזו יישא, במסטרה לגרום למותם של אורחים רבים ככל הניתן, ובמקבקיל בהאא שלחתי יפתח באש ברוסי"ר קלצ'ניקוב במטרה לגרום למותם של אורחים רבים ככל הניתן, ויפמשיך לירות עד שיחרב. הפיגוע הממתוכן חיה פרי שיתוף פעולה בין הפל חצבאי של ארגון ג'יהאד אסלאמי פלסטיני, אשר סיפק את מטען התבלה, ומחבר הממתאבד - צבוואת אבו-עיישה ואת מטען התבלה, לבין "עדדדי חלקי אלאקצא" - הפלג הצבאי של "חתנוצים" של חפת"ח, אשר סיפק את המתאבד המשאני השני - בהאא שלחתי ואת כלי הנשק.

9. הנאשם ביקש ללמד את בהאא שלחתי להשתמש ברוסי"ר קלצ'ניקוב, אך האחרון סירב וטען כי יודע לירות בכלי-חתנשק חזיל.

10. הנאשם חיו"ל, בשעות אחרי אחרהנים, על-פי בקשתו של רביע אבן רוב, חסיע את שני הממבלים הממתאבדים - בהאא שלחתי וצבוואת אבו-עיישה, כאשר השניים מצוידים במטעני חתבלה חיו"ל וברוסי"ר קלצ'ניקוב עם 4 מחסניות מלאות בכדורים. ביחד עם הנאשם, אשר חיה חמוש במטען חתבלה חיו"ל באקדח, נסע גם זוד יונס וצלאח חסין שהמד בחור. במטען הוטסיע הנאשם ירד מחרכב ורכש תיק, אשר לתוכו הובנס רוסי"ר קלצ'ניקוב הניו"ל וחמתסניות, וכן בגדים חדשים עבור המתאבדים.

11. באיוזר זואתנא, וייד יונס עזב את הנאשם וחברינ וחזר לשכם. הנאשם ביחד עם חברינ חיו"ל עקמו ברגל את מחסום נחי"ל ונמצאם במקום ונסע בפגוע לטול-כרם. צלאחא בוחרי נסע במכונית אחרת עד מנן ילפחתוח את הדרך" לנאשם ושני המתבלים המתאבדים.

12. כשלב חזה חתקשר אל הנאשם רביע אבן רוב ומסר לנאשם מספר הטלפון הסלולרי של האדם, אשר חיה אמור לסייע לנאשם ומתאבדים המתאבדים חיו"ל ביפתיחת ציר חתנומחני. הנאשם נסה להתקשר אל האדם חני"ל אך ללא הצלחה.

13. הנאשם ושני המבבדים המתאבדים חני"ל הגיעו לטול-כרם בשעות חערב.

14. הנאשם ושני המבבלים המתאבדים לנו בטול-כרם בביתו של מנן שמס, אשר עמו יצר הנאשם קשר לאחר שקיבל את מספר הטלפון הסלולרי של האחרון מרביע אבן רוב.

15. למחרת חיום, 25.01.02, בשעות חבוקר הנאשם הגיע לחתנון המוניות בטול-כרם ביחד עם צבוואת אבו-עיישה, בהאא שלחתי וצלאח בוחרי, כאשר שני המבבלים המתאבדים נשאים עמם את מטען התבלה המתואר לעיל, אשר חיה מוסתר בתוך קרטון טלוויזיה, ורוסי"ר קלצ'ניקוב עם 4 מחסניות מלאות בכדורים, אשר חיה בתוך תיק.

16. בשלב חזה, הנאשם נפרד מחברינ חני"ל וחזר לשכם.

17. בהאא שלחתי וצבוואת אבו-עיישה חנסעו במונית לתל-אבב. שם השניים חגינו לאיזור ותחנום המרכזוו חתשן. השניים חתלינטו לבצע את חפיגוע ממתוכן במקום האמונו.

18. בסטמך לשעה 11:00, ביום 25.01.02, ברחוב נווה שאנן בתל-אבב, בסטמך לבית מס' 30, צבוואת אבו-עיישה הפעיל את מטען התבלה המתואר לעיל בכוונה לגרום למותם של אנשים רבים ככל האפשר.

19. מטען התבלה חני"ל חתפוצץ וכתוצאה מפיצוצו נפצעו 28 אנשים.

20. צבוואת אבו-עיישה נהרג כתוצאה מפיצוץ מטען התבלה חני"ל.

21. בהאא שלחתי, אשר לפי תכנון המתואר לעיל חיה אמור לפתוח בירי ברוסי"ר קלצ'ניקוב לעבר חאזרחים לאחר פיצוץ מטען התבלה חני"ל בכוונה לגרום למותם, לא הצליח להוציא את רוסי"ר קלצ'ניקוב חני"ל מחתיקו. משהנברי בהאא שלחתי כי לא יכול לפתוח בירי באופן מיידי, הוא השליך את התיק עם הרוב והתתמרמושת וניסה לחימלט מחתמקום, אך נעצר על-ידי שוטרי משטרת ישראל.

ת.ת, 733/02

P 5: 299

**פרט עשרים: ת.פ.א. 1359/02 יפתח**

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 3נג לצו לצו בדבר הוראות ביטחון (יהודה
והשומרון) (מס' 378), תשל"1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה
והשומרון) (מס' 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 25.01.02 או במועד הסמוך לכך,
חרש רכש אז פגע בו במזיד ושלא כדין, דהיינו :
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום הקודם, במעשיו המתוארים בפרט
האישום הקודם, גרם נזק רב, לבתים, חנויות ובתי-עסק, אשר חזו סמוכים למקום שבו הופעל
מטען החבלה על-ידי מבצעת עוושת. כפי שתואר בפרט האישום הקודם.

**פרט עשרים ואחד :**

**מהות העבירה:** סחר בצווד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בצווד מלחמתי
(יהודה והשומרון) (מס' 243), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2002 או בסמוך לכך, סחר או עסק בצורה
אחרת בצווד מלחמתי, ללא היתר חתום על ידי מפקד האיזור או מטעמו, דהיינו :
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, נפגש עם פוזיד אלמצרי, אשר ביקש כי
הנאשם ישמור אצלו תחרות נפץ במשקל של כ18- ק"ג. הנאשם חסכום וקיבל מידי פוזיד אלמצרי
הניל את תחרות הנפץ האמורה.
לאחר יום, הנאשם נפש עם ראש "יתנונים" של הפתיחה באיזור, מרואן ברגותי. מרואן ברגותי
שאל את הנאשם אם האחרון מכיר אנשים המוכנים לספסן תחרות נפץ. הנאשם מסר למרואן
ברגותי כי נמצאת ברשותו תחרות הנפץ חייל השייכת למוויד אלמצרי. לפי בקשתו של מרואן
ברגותי, הנאשם התקשה במכזל. השיחח הנ"ל אל מוייד אלמצרי וקיבל את הסכמתו של האחרון
למסור את תחרות הנפץ חייל לידי מרואן ברגותי. מרואן ברגותי מסר לנאשם כי ושלח את שומר
ראש עודזו, אחמד ברגותי המכונה "אלפראנסי", אל הנאשם לצורך קבלת תחרות הנפץ חייל.
לאחר יום, הנאשם נפש ברמאללה עם אחמד ברגותי חייל ומסר לידיו את יגורת הנפץ האמורה.

**פרט עשרים ושניים: ת.פ.א. 412/02 בנימין**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יהודה והשומרון) (מס' 378), תשל"1970- וסעיף14(א) 191- לצו בדבר כללי האחריות לעבירה
(יהודה והשומרון) (מס' 225), תשכ"ח1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 27.02.02 או במועד הסמוך לך, ניסה לגרום בכוונה
למותו של אחר, דהיינו :

1. הנאשם הנ"ל, בסוף חודש ינואר - תחילת חודש פברואר 2002 או בסמוך לכך, נפגש בשכם עם
דאריק אבו-עישוה (להלן : דאריק), שחיא בת-דודתו של נפסיאת אבו-עישוה, אשר ביצע פיגוע
התאבדות ברחוב נווה שאנן בתל-אביב ביום 25.01.02 בסיוע של הנאשם. דאריק הביע בפני
הנאשם את רצונה לבצע פיגוע התאבדות.

2. בחודש פברואר 2002, ברמאללה, הנאשם נפש שוב עם דאריק, אשר שוב ביקשה כי הנאשם
שלח אותה לבצע פיגוע התאבדות על מנת לגרום למותם של אזרחים ישראליום רבים בכל
חנית.

3. הנאשם פנה אל עכרים ראתה יונס עווזה, מתוך אבן חלאונות ומחפר נאיפה דיווח לנ"ל כי
ישנה בחורה המבקשת לבצע פיגוע התאבדות. עכרים עווזה מסר לנאשם כי הוא מסכים
לשלח את הבחורה האמורה לביצוע פיגוע התאבדות וכי הוא יכין מטען חבלה לצורך כך.
עכרים עווזה הודיע לנאשם כי עליו לצלם את הבחורה לפני שתצא לבצועט פיגוע התאבדות
המוזכנו.

4. הנאשם הבא את דאריק לדירתו של אחיו, האלד שווש, חנמצאת בבית-חנינא. הנאשם הביא
לאותה חדירה גלם בשם אחמד שאנו וביחד עם האחרון ביולם את דאריק לקראת ביצוע פיגוע
התאבדות המוזכנו. במהלך הצילום, דאריק קראה צוואה.

8

תת. 731/01.

P 5: 300

5. יום למחרת, 27.02.02, הגיע לדירה חניל עכברים עוויס, מהנד אבו-חלואוה ומחמד אבו-רביע, אשר הביאו עמם תחזוק, שבה הוח מטען חבלה, לצורך החוצאה למעיל של פיגוע חחתאבדות התנוכנן.

6. מכיוון שדאגין סירבח לכך שגבר עליה עלוח את הגרות הנפץ, לילא מחמד צאלח בוכארי, על-פי בקשתו על חמאשם, שהחא עשוי לאהותה מחדלה, חלביעשה על גופה של דארין את מטען חתבלח חניל. בעת שלילא בוכארי חלבישה את תגורת חנפץ על גופה של דארין, היא תבוינה כי אתת חכתפיות של גורת חנפץ רופפת ותזקה את חתום באמצעות סיכח.

7. החאשם והבריו חניל תכננו כי דארין תגיע אל תחנת משטרת ישראל ביפו ושם תפוצץ את מטען חנפץ שהוא נשאת על גופה ובכך תגרום למותם של אזרחים ישראליים רבים ככל הניתן.

8. לאחר מכן חבריו של חחאשם עזבו את הדירה חניל והחאשם נשאר שם עד שעות הערב עם דארין ולילא בוכארי.

9. באוחר מראש גויס לצורך העברתה של דארין אל חוך מדינת ישראל על מנת שחבצע שם את פיגוע חתתאבדות חמתוכנן את פופא מרי חסונא וחאמו עפאת חמקבל.

10. בשעות חערב של אותו חיום, החאשם חגיע ביחד עם לילא בוכארי ודארין, אשר נשאה על גופה את מטען חתבלח חניל, לבית חחולים "אבו-ריא" ברמאללה. שם חם נפגשו עם עכברים עוויס, חמכד אבו רביע, פופא מראש ומתד אבו-חלואוה.

11. משם חבריו חניל של החאשם חעבירו את דארין למחסום אל-ראם, במחסום אל-ראם, דארין עלתה לרכב סובארו כחול, מ.ר. 7797787, של פופא מרי חסונא וחאמו עפאת חמקבל, אשר הגיעו למקום על-פי בקשתו של פאוזי מראש ותיד אמורים להסיע את דארין לתחנת משטרת ישראל ביפו על מנת שחם דארין תפעיל את מטען חתבלח, אשר חורכב על גופה, ובכך תגרום בכוונה למותם של אזרחים ישראליים רבים ככל הניתן.

12. ביום 27.02.02, סמוך לשעה 22:27, במחסום של צחיל ומשטרת ישראל "מכבים" בכביש 443 חרכב שבו נסעו דארין, פופא חסונא וחאמו מקבל נעצר לביקורת על-ידי חיילי צחיל ושוטרי משטרת ישראל. מחחגובת דארין כי לא תצליח לעבור את מחסום "מכבים" חניל, לחיזבנם לשעחח של מדינת ישראל ולבצע את פיגוע חחתאבדות כפי שתוכנן, היא חסעירלה את מטעו חתבלה שנשאח על גופה בכוונה לגרום למותם של שוטרי משטרת ישראל וחיילי צחיל שהיו במחסום חניל.

13. כתוצאה מפיצוץ מטען חתבלח, אשר אותו דארין נשאה על גופה נפצע בארוח קשה שוטר משטרת ישראל, מרדכי טל, בבטנו, שני שוטר נוספים, דוד כהן ושאול כהן, נפצעו בארוח קל.

14. דארין נהרגה במקום כתוצאה מפיצוץ מטען חתבלה חניל.

## פרט עערים ושלושה

**מחית חעבירח:** חתזקת כללי-ירה, עבירח לפי סעיף 53(א)(נ) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"י-1970.

**פרטי חעבירח:** החאשם חניל, באיזור, בחל מחתילת חודש מרץ 2002 ועד לאמצע חודש אפריל 2002 או בסמוך לכך, חחזיק ברשותו כללי-ירה, תחמושת, פצצה, רימון יד או חפץ נפץ או מבעיר, כלי או חפץ או דבר חמתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דחיינו:

החאשם חניל, במהלך התקופת חאמורה, חחזיק ב רוס"ר 16-M, אשר אותו קיבל ממוהנד אבו-חלאוה, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.

החאשם אף ירח ב רוס"ר 16-M חאמור במחלך חלוויתו של מחמד אבו חלאוות חניל. החאשם חסדיר את רוס"ר 16-M חניל בעת שנמלט מרמאללה מרפאללה בעקבות כניסתם של כוחות צחיל לעיר.

**פרט עשירים ואדבעה: ם.א. 580/02 שפט**

**מחות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לבו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשי"ל-1970) - וסעיפים 14(א) ו-1- לבו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225, תשכ"ח-1968).

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 10.03.02 או במועד הסמוך לכד, ניסו לגרום בכוונה למותו של אחר, דהיינו :

1.  חנאשם חנ"ל, בתחילת חודש מרץ 2002, ברמאללה או בסמוך לכד, נפגש עם ע/כרים ראתב ענט עוזיר. ע/כרים עוזיר מסר לנאשם כי יש/י יש/י אדם חמבקש לבצע פיגוע התאבדות בתוך מדינת ישראל במסגרת לגרום למותם של אנשים רבים בכל חנזמן.

2.  ע/כרים עוזיר ביקש מהנאשם לסייע בצילום המחבל המתאבד לקראת יציאתו של האחרון לביצוע פיגוע התאבדות המתוכנן. הנאשם הסכים לצלם את המחבל המתאבד בביתו של אחיו, האלד שוויש, הנמצא בגיזונגא.

3.  ביום 09.03.02 הנאשם וע/כרים עוזיר הגיעו לדירה האמורה בביטונגא. לדירח האמורה הגיע גם המחבל המתאבד שחוא דורעיאם עזת מחמד-סעיד זכרנה, וכן חכלם אחמד עצבני, אשר הוזמן על-ידי הנאשם; ועיתונאית נוספת. בעת צילומו של המחבל המתאבד נכח גם אחיו של וע/כרים עוזיר - סאמר עוזיר.

4.  לאחר מכן סאמר עוזיר נסע ביחד עם דורעיאם זכרנה לדירתו של וע/כרים עוזיר במחנה הפליטים אמעארי. בדרכם למקום הנ"ל, מסמן ירח טויל לעבר תרבב. דורעיאם זכרנה הספיקו לברות מהרכב הנ"ל ואולי סאמר עוזיר נהרג כתוצאה מפגיעת הטיל הנ"ל.

5.  דורעיאם זכרנה קיבל, בתחום תמבונת שמערכת פוקדת יותר בין הנאשם והכריו, מידי מחמד נאיפף המקונג "אבו רבחי" רוס"ר קלביניקוב, תחמושת שתי רימוני-יד ובונם 14.03.02 יצא מרמאללה לביצוע פיגוע התההאבדות המתוכנן במסרת לגרום למותם של אנשים רבים בכל חנזמן.

6.  ביום 10.03.02, בסביבות השעה 30-14, המחבל המתאבד הנ"ל (דורעיאם זכרנה) נכנס לחזדר אל תוך מדינת ישראל כאשד עמו חמום לגדמ בררוס"ר קלביניקוב, מחסניות מלאות בכדורים ושני רימוני-יד, וזאת על מנת לבצע את פיגוע ההתאבדות המתוכנן ולגרום בכולה למותם של אזרחים רבים בכל חנזמן. דורעיאם זכרנה חובא למחסום אי-ראס על-ידי עוסא מחמד מחמוד גברין, אשר גויס למשימה זו על-ידי ראש המנד דיין חכלל של חרשות הפלסטינית - האופני טירואוי.

7.  במועד ובמקום האמורים, במחסום אי-ראס או בסמוך לכד, המחבל המתאבד הנ"ל, דורעיאם זכרנה, נתדק על-ידי כוחות הביטחון הישראליים בעת ניסיונו לחזדר אל תוך מדינת ישראל כאמור לעיל.

**פרט עשירים וחמישה: ם.א. 2069/02 מתי"ם ו-ם**

**מחות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לבו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378, תשי"ל-1970) - וסעיף 14(א) לבו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225, תשכ"ח-1968).

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכד, גרם בכוונה למותו של אחר, דהיינו :

1.  חנאשם חנ"ל, בחודש פברואר 2002, בשכם או בסמוך לכד, נפגש עם רבוע אבו רוב, אשר ביקש מהנאשם לחעביר אדם עם יחפצים לטול-כרם. הנאשם הסכים ואז רבוע אבו רוב חבניש את הנאשם עם מחמד השאחקה.

2.  הנאשם נסע ביחד עם מחמד השאחקה משכם לטול-כרם. במהלד חנסיעה הנאשם חבין כי מחמד השאחקה נושא על גופו חגורה עם מטען חבלה במטרה לבצע פיגוע התאבדות. הנאשם ומחמד השאחקה לא חצליחו לחיכנס לטול-כרם, אשר חיתה מכותרת על-ידי כוחות צח"ל ואף נעצרו על-ידי הביטחון המוסכל של חרשות הפלסטינית לאחר שנמסר על-ידי גורמים ישראליים כי הנאשם ומחמד השאחקה מתכוונים לחוציא לפעול פיגוע התאבדות. לפני מעצרם של השנים, הנאשם הוריד ממנו של מחמד השאחקה את חגורת חנפץ הנ"ל.



3. לאחר מעצרם, חנאשם ומחמד חשאיקה הועברו על-ידי הרשות הפלסטינית לרמאללה ושם שוחררו.

4. לאחר השחרור, מחמד חשאיקה פנה אל חנאשם ואל עכברים ואת עכברים יובו עוויס ולחדיע על רצונו לבצע פיגוע התאבדות. חנאשם ועכברים עוויס חסכימו לחכין את מחמד חשאיקה ולפייד אותו בכל הדרוש לצורך ביצוע פיגוע התאבדות בתוך מדינת ישראל.

5. מחמד חשאיקה סיפר לחנאשם ולעכברים עוויס כי נעה אליו אבו אחמד אלשמעה, קצין במודיעין של חרשות הפלסטינית ברמאללה, והגיע כי שלח את מחמד חשאיקה לבצע פיגוע התאבדות. חנאשם ועכברים עוויס שכנעו את אחמד חשאיקה שלא להאמין לקצין המודיעין של חרשות הפלסטינית ממש שיסגיר אותו לידי ישראל. חנאשם ועכברים עוויס שכנעו את מחמד חשאיקה כי הם ידאגו לכל הדרוש על מנת לשוחחו לביצוע פיגוע התאבדות בתוך מדינת ישראל.

6. חנאשם מצא דירה שכורה ברמאללה, אשר בה הוא וחברו היו אמורים להכין את פיגוע החתאבדות ממתוכנן.

7. חנאשם הוכנל אל הדירה האמורה את עכברים עוויס ואת מחמד חשאיקה.

8. על-פי בקשתו של עכברים עוויס, חנאשם גיים את סיועו את סיועו שולי, תושבת עזריית שמאלוד, לבצוע פיגוע התאבדות חניל, וזאת לאחר שהחנאשם ועכברים עוויס החליטו כי יחיו שני מרבבליים מתאבדים, גבר ואישה, אשר יבצעו פיגוע התאבדות כפול וזאת במטרח לגרום לפחות של אורחים ישראליים רבים בכל הניתן. סינועד שולי הגיעה אף חיא לדירה האמורה.

9. בדירה האמורה, על-פי בקשתו של חנאשם, הצלם אחמד נאצר צלם באמצעות מצלמת ויסאו את מחמד חשאיקה ואת סיועד שולי לקראת ביצוע פיגוע התחאבדות ממתוכנן.

10. בשלב חזה, חנאשם ההלים כי אינו רוצה בכך שסיועד שולי תשתתף בביצוע פיגוע התהאבדות, והודיע למשפחתה של האחרונה על כוונותיה של בתם. כתוצאה מכך, סינעד שולי חודה לאיזור שכם ומשם נמלטח לירדן.

11. עכברים עוויס פנה אל משרדו של ראש המודיעין חכבלי ברשות הפלסטינית, תאופיק טיראחור, וחביא משם חומרי נפץ. עכברים עוויס יצר מחומרי נפץ הניל מטען חבלה לצורך ביצוע פיגוע התחאבדות ממתוכנן.

12. לאחר מכן, חנאשם ועכברים עוויס הכינו את חגורת הנפץ.

13. חנאשם גייס לצורך העברתו של מחמד חשאיקה אל תוך מדינת ישראל לביצוע פיגוע התחאבדות ממתוכנן את סנאא מחמד שחאדה, אשר אותה חכיר קודם לכן באמצעות ארוסתו עובגידה גיאבר (אבו-עיישה).

14. ביום 20.03.02 חנאשם נפגש ברמאללה עם ראש "יחתנויים" של חפתיח באיזור, מרואן ברנונזי. חנאשם מסר למרואן ברנזחו כי עכברים עוויס עומד לשולח מתבל מתאבד לצורך ביצוע פיגוע התאבדות בתוך מדינת ישראל. מרואן ברנזחו ביקש לדעת אם חנאשם ועכברים עוויס זקוקים לדבר מה לצורך החוצאה לפעל של חפיגוע המתוכנן. למרות שחחנאשם חשיב בשלילה על השאלה הניל, מרואן ברנזחו מסר לחנאשם סכום סכום של 600 דולר ארהיב.

15. ביום 21.03.02 חנאשם נפגש ברמאללה עם עכברים עוויס ועם סנאא שחאדה. עכברים עוויס הסביר לסנאא שחאדה כי עליה להוביל את חחבל המתאבד אל ירושלים על מנת שיבצע שם את פיגוע החתאבדות המתוכנן וזאת מאחר שהיא מכירה היטב את ירושלים ואת הדרכים המוכרלות אליה.

16. באותו היום, חנאשם, עכברים עוויס ומחמד חשאיקה ביקרו במשרדו של חסין א-שיח, מוביל ארגון הפתיח באיזור. שם, עכברים עוויס קיבל מידי חסין א-שיח כסף ושני ריסמבים-יד לצורך החוצאה לפועל של הפיגוע המתוכנן.

17. חנאשם והבריו הניל רכשו בכסף ראמנו בגדים ענ:אר מחמד חשאיקה, אשר יתואר כחמולף האחרון את פיגוע ההתאבדות.

18. לאחר מכן, חנאשם עם חבריו הניל חגיע לדירה ברמאללה, אשר בה היו מחמד חשאיקה הניל, חני חדד ומוזיד אלמצרי. עכברים עוויס ומוזיד אלמצרי חכינו את מחמד חשאיקה לקראת ביצוע פיגוע התהאבדות המתוכנן ובוחח עם חנאשם חלבשיו עליו את חגורת הנפץ הניל.

19. לאחר מכן, עכברים עוויס יצר קשר עם קאהירה סעיד סעדי וביקש מהאחרונה לסייע בחעברת מחבל מתאבד לירושלים.

20. לאחר זמן מה, קאהירה סעדי הגיעה אל חנאשם וחבריו הניל.

11-

P 5: 303

21. בשעת הצהריים, ביום 21.03.02, הנאשם חטף ברמאללה למחסום קלנדיה, ברכב שכור, את מרחביו חברי הנאשם שבשאו על גופו את חגורת הנפץ וכן את סמאא שתשדח וקאהירה סעדי שליווו את המחבל המתאבד חייל.

22. לאחר מכן, ולאחר שנפרד בנשיקה ממחמד חשאיקה, הנאשם חזר לרמאללה.

23. קאהירה סעדי וסמאא שתאדח הובילו את מחמד חשאיקה, אשר נשא על גופו את חגורת הנפץ הנ"ל, לרחוב המלך ג'ורג' בירושלים. השתיים בחרו את המקום מכיוון שחזו חומר אדם בשעות אחרי הצהריים ולכן השתיים החליטו כי הוא "מתאים" לביצוע פיגוע ההתאבדות המתוכנן.

24. לאחר שנסאא שתאדח וקאהירה סעדי עזבו את מחמד חשאיקה ברחוב המלך ג'ורג', מחמד חשאיקה הגיע אל מעבר החציית הנמצא בסמוך לבית-קפה "ארוגה" וסמוך לצומת הרחובות המלך ג'ורג' וחתשלדרות.

25. במקום האמור, בסמוך לשעה 16:20 ביום האמור, מחמד חשאיקה הפעיל את מטען חתבלה, אשר אותו נשא על גופו, כשהוא נמצא בתוך קהל האנשים וזאת במטרה לגרום למותם של אזרחים רבים ככל הניתן.

26. לאחר שלהנאשם והרבץ נדע על ביצוע פיגוע ההתאבדות המתוכנן, הנאשם חעביר קלטות וידאו עם "צוואותיו" המבולטמת של מחמד חשאיקה לידי עיתונאי אחמד עטצי.

27. לאחר מכן, הנאשם ומרכבים עזוים פנו אל חסין א-שיח', מפק"ל ארגון הפת"ח באיזור, וביקשו הודעה, אשר בה "מדיידי חללי אלאקצא", הזרוע הצבאית של "יתנצ'יום" של הפת"ח, נטלו אחריות על ביצוע פיגוע המלמואר לעיל. לאחר עריכת ההודעה, הנאשם נגש אל משרדי חברת החדשות ANN, שם הנאשם צולם כשהוא מקריא את החודמה חייל של נטילת האחריות לפיגוע המתואר לעיל.

28. תמורת השתתפותו בתוצאח לפעיל של פינוע חהתאבדות חייל, הנאשם קיבל מראש המודיעין הכללי של הרשות הפלסטינית, ואופק סוריאני, סכום של 1,200 שייח.

29. במעשיו המתוארים לעיל, הנאשם חייל, במעוף האמור, גרם בכוונה למותו של רש"מ מ די שמש חייל, אשר נהרג כתוצאה מפיצוץ מטען חתבלה שהופעל על-ידי מחמד חשאיקה, כפי שתוארו לעיל.

## פרט עשרים ושישה: פ.א. 2069/02 מת"ים ד-ס

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או בסמוך חסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו ומחנארים בפרט האישום העשרים וחמישה, גרם בכוונה למותח של צימרות שמש חייל, אשר נהרג כתוצאה מפיצוץ מטען חתבלה שהופעל על-ידי מחמד חשאיקה, כפי שתוארו בפרט האישום עשרים וחמישה. צימרות שמש חייל היתה בעת מותה בחודש הרביעי להריון.

## פרט עשרים ושבעה: פ.א. 2069/02 מת"ים ד-ס

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"י-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או בסמוך חסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו חמתנארים בפרט האישום העשרים וחמישה, גרם בכוונה למותו של יצחק כהן ז"ל, אשר נהרג כתוצאה מפיצוץ מטען חתבלה שהופעל על-ידי מחמד חשאיקה, כפי שתוארו בפרט האישום העשרים וחמישה.

12

ת.ח. 733/02

**פרט עשירים ושמונה:** פ.א. 2069/02 מת"ם י-ם

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51א(א) לבו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשל"ה-1970- וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון (מס' 225, תשכ"ח1968-).

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או בסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, במקום האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום העשרים וחמישה, ניסה לגרום למותם של אזרחים רבים כפל הניתן, כתוצאה מפיצוץ מטען חבלה שהונפע על-ידי מחמד תאשיקה, כפי שתואר בפרט האישום העשירים וחמישה, מצע 81 אזרחים.

**פרט עשירים ותשעה:** פ.א. 2069/02 מת"ם י-ם

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 53 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תשל"ה-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון (מס' 225, תשכ"ח-1968).

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או בסמוך לכך, הרס רכוש או פגם בו במזיד ושלא כדין, דהיינו:

הנאשם הנ"ל, במועד האמור, במקום האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום העשרים וחמישה, גרם נזק כבד לבנינים ובתי-עסק הסמוכים למקום האונוב וכן לכלי רכב רבים, אשר חיו בסמוך למקום המתואר בפרט האישום העשירים וחמישה, אשר בו הפעיל מחמד תשאיקה את מטען החבלה, כפי שתואר בפרט האישום העשירים וחמישה.

**פרט שלושים:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51א(א) לצו בדבר הוראות ביטחון (יהודה והשומרון (מס' 378), תשל"ה-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון (מס' 225, תשכ"ח-1968).

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש פברואר - תחילת חודש מרץ 2002 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, קשר עם פאוזי מראר, עומר קעדאן ואדם נוסף לבצע פיגוע ירי לעבר כלי רכב ישראליים באיזור ובכך לגרום למותם של אזרחים ישראליים. הנאשם ושלושת חבריו הנ"ל הצטיידו בכלי נשק ויצאו ברכבם מרמאללה לפיזון עמדות על מנת לבצע שם את הפיגוע המתוכנן. עקב תקלה שנגרמה ברכבם של הנאשם וחבריו, חפוגוע המתוכנן לא יצא אל הפועל.

**פרט שלושים ואחד:**

**מהות העבירה:** ירי לעבר אדם, עבירה לפי תקנה 58(א) ו-(ד) לתקנות חוננה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש מרץ 2002 או בסמוך לכך, חיה חבר לכל קבוצה או חבר של בני-אדם שחבר אחד או יותר מהם עברו, בזמן חיותם חברים לקבוצה או לחבר, או עוברים עבירה של ירי בנשק אש על שחוא על כל אדם או על כל קבוצה של בני אדם, או כל מקום שבני אדם עשויים להימצא בו, דהיינו:

הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, ביחד עם אחרים, ירה לעבר מטנקים של צה"ל.

פרט שלושים ושניים:

**מהות העבירה:** ירי לעבר אדם, עבירה לפי תקנה 58(א) ו-(ד) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באזור, בחודש אפריל 2002 או בסמוך לכך, היה חבר לכל קבוצה או חבר של בני-אדם שחבר אחד או יותר מהם מוחזק עובד, בזמן היותם חברים לפבוצה או לחבר, או עברתם עבירה של ירי בנשק אש כל שהוא על כל אדם או על כל קבוצה של בני אדם, או כל מקום שבני אדם עשויים להימצא בו, דהיינו:
הנאשם הנ"ל, במתעד האמור, ברמאללה או בסמוך לכך, ביחד עם אחרים, ירה לעבר הטנקים של צה"ל.

פרט שלושים ושלושה:

**מהות העבירה:** הנחת מצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2002 או בסמוך לכך, זרק או הניח מצצה, רימון-יד או חפץ נפיץ או תבעיר מתוך כוונה לגרום מות לאדם או חבלה לאדם כל שהוא או נזק לרכוש כל שהוא, דהיינו:
הנאשם הנ"ל, במועד האמור, במחנה הפליטים ג'נין או בסמוך לכך, ביחד עם (עברים עוזים, נדאל אלבדאווי, 'מחמוד טואלבה, רביע אבו רוב, חנזה 5 מטעני חבלה בדלים שונים בכניסה למחנה הפליטים ג'נין במטרה לפגוע בטנקים של צה"ל ולמנוע מכוחות צה"ל מלהיכנס לג'נין.

פרט שלושים וארבעה:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2002 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בכביש התפוגל לדרותו בסמוך לכפר עראבה, ביחד עם מחמוד טואלבה, הניח מטען חבלה במסרת למצוצעו לגרום למותם של נוסעי כלי רכב ישראליים העוברים בכביש הנ"ל. לאחר שהנאשם והבר הנ"ל הבחינו בג'יפ של צה"ל, השניים הפעילו את מטען חתבלה הנ"ל בכוונה לגרום למותם של חיילי צה"ל שנסעו בג'יפ הנ"ל. מטען חבלה הנ"ל חתפוצץ ורק בנס לא נגרם נזק.

פרט שלושים וחמישה:

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש מאי 2002 או בסמוך לכך, עשה עבודה כל שהוא או ביצע שירות כל שהוא בשביל שחוא התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במועד האמור, בעת שיחה בשבם, שוחח באמצעות שלמון עם דרוש דוחדאר, פעיל ב'ינג'וביר' של הפת"ח ברמאללה. דרוש דוחדאר מסר לנאשם כי הוא, ביחד עם מוויד אלמצרי והמדאללה, ביצעו פיגוע ירי בסמוך לרמאללה וכתוצאה ממנוגע הירי חניל נהרג אזרח ישראלי. דרוש דוחדאר ביקש כי הנאשם ישוחח עם חסין א-שיח, מזכ"ל של ארגון חפת"ח באיזור, וודיע לאחרון על הפיגוע הנ"ל על מנת שחסין א-שיח יוטול את האחריות לפיגוע ויעביר כסף למבצעי הפיגוע הנ"ל.
הנאשם התקשר אל חסין א-שיח ומסר לאחרון אודות הפיגוע הנ"ל. לאחר מכן, הנאשם יצר קשר עם דרוש דוחדאר, מסר לאחרון כי שיחתח עם חסין א-שיח והורה לו לגשת אל חסין א-שיח על מנת למסור לו את פרטיו חפיגוע וכן את שמות מבצעיו.

**פרט שלושים ושישה:**

**מהות העבירה:** פגיעה בביטחון האיזור, עבירה לפי סעיף 53(א)(4) לצו בדבר חוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במחצית השניה של חודש מאי 2002 או בסמוך לכך, עשה מעשה או מחדל שיש בהם פגיעה, היזק, חפרעה או סכנה לביטחון האיזור או לביטחון כוחות צה"ל והיילם או למעולתם, שימושם או ביטחונם של כל אחד מאלה: אניה, אוירון, גמל, רצוף, מוזח, מעגן, שדה תעופה, מסילות ברזל, נתיב מים, דרך, דרך-עפר, כלי רכב, כלי משא או כל אמצעי אחר של הובלה ציבורית, או תקשורת ציבורית או כל מפעל מוסד, או ציוד המשמש מטווח לשמש לייצורם, הספקתם, התסנתם, חעברתם, מסירתם או הצבתם של מים, דלק, גז או חשמל או כל רכוש של מדינת ישראל או של צה"ל, דהיינו:

הנאשם הנ"ל, במהלך האמור, נפגש בעין גדי עם מחמד אבו טביח, אשר הציע את עצמו כפעיל בייהאד אסלאמי פלסטיני, וביקש לחצטרף אל הנאשם בפעולותיו נגד המטרות הישראליות.

הנאשם נפגש בעין גדי עם חברו שיח' בסאם, שהוא אמאם במסגד במחנה חפליטים ג'נין, וערך בידור לגבי מחמד אבו טביח הנ"ל. שיח' בסאם אישר כי מחמד אבו טביח חינו פעיל בייהאמי אסלאמי פלסטיני. העקבות האמור, הנאשם נפגש שוב עם מחמד אבו טביח. מחמד אבו טביח מסר לנאשם כי יש לו צערר המומלץ לבצע פיגוע התאבדות וכן כי יש ברשותו וברשות חבריו חומרי נפץ ומטעני חבלה. מחמד אבו טביח ביקש לחתיישי עם הנאשם איך ניתן להוציא לפעול פיגוע התאבדות בתוך מדינת ישראל.

הנאשם הבטיח למחמד אבו טביח לבדוק את הנושא.

כמו כן, במהלך השירות הנ"ל, הנאשם מסר למחמד אבו טביח כי בשכם יש מחסור בחומרי נפץ. מחמד אבו טביח מסר כי אין זו בעיה וחזא יכול לספק לנאשם חומרי-נפץ בכמות שהנאשם יבקש. בסוף השירות הנאשם ומחמד אבו טביח החליפו ביניהם מספרי טלפונים סלולריים.

לאחר מכן, הנאשם נפגש עם מחמד אבו רוב, אשר חפיים לחעביר עבור הנאשם חומרי נפץ מג'נין, מפמחמד אבו טביח, לידי הנאשם בשכם.

התכניות האמורות לא יצאו אל הפועל מכיוון שחקשר בין הנאשם ובין מחמד אבו טביח נותק לאחר שהנאשם חזר לשכם.

**פרט שלושים ושבעה:**

**מהות העבירה:** קשירת קשר לעבור עבירה שדינה מעל לשלש שנות מאסר, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968)- וסעיף 67א(2) לצו בדבר חוראות בטחון (יהודה והשומרון) (מס' 378), תש"ו-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש מאי 2002 או בסמוך לכך, קשר עם אדם אחר לפמות אדם בכוח או באיומים או פתחתו באמצעות תרמית ללכת מן המקום שהוא נמצא בו, וזאת כדי למסותו או לאיים, דהיינו:

הנאשם הנ"ל, במועד האמור, נפגש ברמאללה עם חסין א-שיח, מזכ"ל ארגון הפת"ח באיזור. חסין א-שיח ביקש מהנאשם להקים חוליה בת 3-4 חברים, אשר תבצע פיגוע יירי נגד מטרות הישראליות וכן בתוסף חיילי צה"ל לצורך מיקוח על שחרור אסירים פלסטיניים המוחזקים בבתי הכלא בישראל. חסין א-שיח הבטיח למפן את פעילותו של הנאשם וזאת לאחר שיוייר חרשות המפלסטינית ואסר עראפאת יורה על העברת הכספים לצורך הפעילות הנ"ל.

בעקבות הבקשה הנ"ל, הנאשם נפגש בשכם עם צלאח מחמד חוסין בוכארי ושוחח עמו על חטיפת חיילי צה"ל וביקש לדעת אם האחרון מכיר שיטת לחטיפת חיילי צה"ל. צלאח בוכארי מסר לנאשם כי הוא מכיר שני יהודים, אשר אצלם עבד. צלאח בוכארי הציע לנאשם לפתות את היהודים ע"י הגיע למהסום ליד טיבג ולחטוף אותם משם בסיוע של תושבי טירה, אשר אותם צלאח חכיר.

בסופו של דבר תתכנית האמורה לא יצאו אל הפועל מכיוון שחחסין א-שיח לא העביר לידי הנאשם את הכסף, אשר אותו הבטיח, וכן עקב כניסתם של כוחות צה"ל לשכם.

**פרט שלושים ושמונה:**

<u>מהות העבירה:</u> ביצוע שירות עבור התאחדות בלתי מוכרת, עבירה לפי תקנה 85(1)(ג) לתקנות חמגנה (שעת חירום), 1945.

<u>פרטי העבירה:</u> הנאשם חניל, באיזור, בחודש מאי 2002 או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל שהוא התאחדות בלתי מותרת, דהיינו :
הנאשם חניל, במועד האמור, שוחח עם אבו שאקר, אחיו של מאגיד אלקוני חסבזון ״אבו שראאי״, אשר נהרג. אבו שאקר הודיע לנאשם כי הוא תפס את מקום אחיו חניל ומפקד על חוליית מחבלים המונה 18 איש. אבו שאקר ביקש כי הנאשם יסייע לו בפעולותיו. אבו שאקר אף מסר לנאשם כי לו אדם בעיר שחות מוכן לבצע פיגוע והתאבדות בתוך מדינת ישראל.
בעקבות הבקשה חניל, הנאשם מסר לאבו שאקר את מספר הטלפון של מזכ״ל הפתייח באיזור, חסין איישיה, וזאת לאחר שהתאשם עצמו שוחח עם חסין א-שיח חניל וביקש לסייע מהאחרון לסייע לאבו שאקר בכל מה שיבקש.

**פרט שלושים ותשעה:**

<u>מהות העבירה:</u> החזקת חפץ נפץ, עבירה לפי סעיף 53(א)(ג) לצו בדבר הוראות בטחון (נוסח משולב) והשומרון) (מס׳ 378), תש״ל-1970.

<u>פרטי העבירה:</u> הנאשם חניל, באיזור, החל מסוף חודש מאי 2002 ועד ליום מעצרו, החזיק ברשותו כלי-יריה, תחמושת, פצצה, רימון יד או חפץ נפץ או מבעיר, כלי או חפץ או דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דהיינו:
הנאשם חניל, במהלך התקופה האמורה, באולם שמחות ״עלאא א-דין״ בשכם או בסמוך לכך, החזיק בחגורת נפץ, שני מטעני חבלה בתוך מיכלי מתכת וכן 5 פצצות מרומזי בקוטרים שונים, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו. את החפצים האמורים לעיל הנאשם קיבל מידי צאלח אלקנח.

**פרט ארבעים:**

<u>מהות העבירה:</u> ייצור פצצה, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970.

<u>פרטי העבירה:</u> הנאשם חניל, באיזור, במהלך התקופה האמורה בפרט האישום הקודם, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם וחניל, במהלך התקופה האמורה, באולם שמחות ״עלאא א-דין״ בשכם או בסמוך לכך, ייצר מנגנוני הפעלה עבור מטעני חבלה, המתוארים בפרט האישום הקודם, וזאת ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו.
באולם חניל ביקר גם מפעיל ג׳יהאד אסלאמי פלסטיני, פתח בדראג׳ חמכונה ״אבו ג׳מאל״, אשר ביקש לעבור בית עם הנאשם בייצור מטעני חבלה. הנאשם הסכים לשתף פעולה בייצור מטעני חבלה במקום האמור עם ״אבו ג׳מאל״ חניל, אשר אותו הכיר דרך ארוסתו - עוביידה ג׳אבר (אבו-עיושה).

ת.ת. 733/02

**פרט ארבעים ואחד:**

<u>מהות העבירה:</u> קשירת קשר לעבור עבירה שדינה מעל לשלוש שנות מאסר, עבירה לפי סעיף 22
לצו בדבר כללי הוראות לעניין (יהודה והשומרון) (מס' 225), תשכ"ח-1968- וסעיף 53(א)(1) לצו
בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, בסוף חודש מאי 2002 או בסמוך לכך, קשר עם אדם אחר
ליצר כלי-יריה, תחמושת, פצצות, חפצי נפץ או מבריר, ללא העדות היתר שהועקנם בידי מפקד
צבאי או מטעמו, דהיינו :
הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, קשר עם צלאח מחמד חוסין בוכארי, להקים
מעבדה ליצור רומרי נפץ באיזור טירה בתוך מדינת ישראל.

**פרט ארבעים ושניים:**

<u>מהות העבירה:</u> פגיעה בביטחון האיזור, עבירה לפי סעיף 53(א)(4) לצו בדבר הוראות ביטחון
(יהודה והשומרון (מס' 378), תש"ל-1970-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, בסוף חודש מאי - תחילת חודש יוני 2002 או בסמוך לכך,
עשה מעשה או מחדל שיש בהם פגיעה, חיזוק, חפראו או סכנה לביטחון האיזור או לביטחון כוחות
צה"ל והיל"ו או לפעולתם, שימשם או ביטחונם של כל אחד מאלה: אניה, אוירירון, גמל, רציף,
מזח, מעגן, שדה תעופה, מסילת ברזל, נתיב מים, דרך, דרך-עפר, כלי רכב, כלי משא או כל אמצעי
אחר של תובלה ציבורית, או תקשורת ציבורית או כל מפעל מוסד, או ציוד חשמשם מסוגל לשמש
ליתובה, חסקלתם, חחסנתם, העברתם, מסירתם או הפצתם של מים, דלק, גז או חשמל או כל
רכוש של מדינת ישראל או של צה"ל, דהיינו :
הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, נפגש עם ג'מאל טיראוואי, אשר מסר לנאשם
כי יש לו שני מתבלים הטונכנים לבצע פינוע התאבדות. ג'מאל טיראווי ביקש כי הנאשם יצלם את
המתאבדים המתאבדים הנ"ל לקראת ביצוע פינוע התאבדות המתוכנן וכך כי יכין אותם וייצייד
אותם בכל הדרוש לצורך ביצוע פינוע והתאבדות. הנאשם הסכים לתצעה האמורה.
כשלשעה ימים לפני מעצרו, הנאשם נפגש עם ג'מאל טיראווי באולם שמחות "שלאם א-דין" בשכם.
ג'מאל טיראווי הביא עמו 8 ק"ג של חומר נפץ, אך הנאשם סען כי חומר נפץ זה אינו מספיק.
ג'מאל טיראווי הבטיח לחבריא בתקרה כמות נוספת של חומר נוסף.
הנאשם לא הספיק להרכיב את מטעני חבלה עבור שני המתבלים המתאבדים הנ"ל עקב כניסתם
של כוחות צה"ל לשכם ועקב מעצרו של הנאשם.

**פרט ארבעים ושלושה:**

<u>מהות העבירה:</u> פגיעה בביטחון האיזור, עבירה לפי סעיף 53(א)(4) לצו בדבר הוראות ביטחון
(יהודה והשומרון (מס' 378), תש"ל-1970-.

<u>פרטי העבירה:</u> הנאשם הנ"ל, באיזור, במהלך חודש מאי - תחילת חודש יוני 2002 או בסמוך לכך,
עשה מעשה או מחדל שיש בהם פגיעה, חיזוק, חפראו או סכנה לביטחון האיזור או לביטחון כוחות
צה"ל והיל"ו או לפעולתם, שימשם או ביטחונם של כל אחד מאלה: אניה, אוירירון, גמל, רציף,
מזח, מעגן, שדה תעופה, מסילת ברזל, נתיב מים, דרך, דרך-עפר, כלי רכב, כלי משא או כל אמצעי
אחר של תובלה ציבורית, או תקשורת ציבורית או כל מפעל מוסד, או ציוד חשמשם מסוגל לשמש
ליתובה, חסקלתם, חחסנתם, העברתם, מסירתם או הפצתם של מים, דלק, גז או חשמל או כל
רכוש של מדינת ישראל או של צה"ל, דהיינו :
הנאשם הנ"ל, במהלך תקופת האמורה, היה בקשר טלפוני עם בחורה בשם אנגאם, סטודנטית
באוניברסיטת חשם, אשר את פרטיה הנאשם קיבל ממאיל ב'יבדזדי חללי אלסאקצא" מוזיד
אלמצדר. הנאשם נתן לשדחח עם אנגאם על מצבב באיזור. אנגאם הנ"ל ודעה כי הנאשם הינו
פעל צבאי בכיר ביהדידדי חללי אלסאקצא" וכי הינו מבוקש לכוחות הביטחון הישראליים. בראשית
חודש יונו 2002 הנאשם ביקש מאנגאם לחלץ לעניין לחיימפצו עמו והיא הסכימה. באותה מת פנה
אל הנאשם באתה בדראן, חמכונה "אבו ג'מאל", ושאל אם הנאשם מכיר תושבי מדינת ישראל
חמוכנים לסייע בביצוע פינועים בתוך מדינת ישראל. הנאשם סיפר לפאתה בדראן אדות הנאשם
הנ"ל וסמר כי בכוונתו להיפגש עמה בגינין ולבקש ממנה לאתר מקום במדינת ישראל שבו ניתן
ליצר רומרי נפץ, לאתר מקומות המתאימים לביצוע פינועים המוניים, וכן לגניוש אותם לצורך
סיוע למתבלים מתאבדים במעבדים מתאיזור אל תוך שטחה של מדינת ישראל.
תכניותו הנ"ל של הנאשם לא יצאה אל הפועל עקב מעצרו על-ידי כוחות הביטחון הישראליים ביום
03.06.02.

17

ת.פ 733/02

P 5: 309

<u>עדי התביעה</u>

1. רס"מ מטאנס חדאד, מ.א. 927384, לחי"ק שומרון. [גובה אמרות חתאשם מיום 03.06.02
ומיום 16.06.02]

2. רסי"ר עאטף עוודה, מ.א. 1000496, לחי"ק שומרון. [גובה אמרות חתאשם מיום 10.06.02
ומים 27.06.02]

3. רס"ם רוני עאמר, מ.א. 739060, לחי"ק שומרון. [מגיש דו"ח מסדר זיהוי תצלומים ולוח
תצלומים]

4. פרוטוקול הארכת המעצר של חתאשם מיום 17.07.02.

5. חמפכ"ה "ישראלי", שירות הביטחון הכללי. [מגיש דו"ח הובלה והצבעה + תצלומים]

6. מוסא סרי חסונה, ת.ז. 040951592. (עצור)

7. ראפו עפתה מקבל, ת.ז. 040976136. (עצור)

8. עוביידה עבדחמאן מחמד גיאבר, ת.ז. 989498118. (עצורה)

9. לולא מחמד צלאח בוסארין, ת.ז. 900128737. (עצורה) (ת.ת. 595/02)

10. קאמהירה סעיד סעדי, ת.ז. 903946960. (עצורה) (ת.ת. 451/02)

11. סנאא מחמד שחאדה, ת.ז. 081021198. (עצורה) (ת.ת. 484/02)

12. פאתח וחיד אסעד בדראן, ת.ז. 948298849. (עצור)

13. עבכרם ראתב יונס עוויס, ת.ז. 980136675. (עצור) (ת.ת. 442/02)

14. עיסא מחמד מחמוד ג'ברין, ת.ז. 906446521. (עצור) (ת.ת. 427/02)

15. זיד יונס אחמד יונס, ת.ז. 966647633. (עצור)

16. ג'יאד (נהאעג) וואד עימאעטי שלאחתי, ת.ז. 961474827. (עצור)

17. אסמעיל ע'לטיף אבן עיישה, ת.ז. 901227124. (עצור)

18. רביע רפיק שריף אבו-רזק, ת.ז. 901815191. (עצור)

**ת.א. 1389/02 יפתח**

19. רסי"ל רוני שרעבי, מ.א. 1037241, תחנת יפתח. [מגיש דו"ח פעולה + דו"ח פעולה/וכו'יד]

20. שחר כחלון, מ.א. 1071562, צח"ם יפתח. [מגיש יפתח. וכו'יד]

21. רסי"ר דוד שרון, מ.א. 534818, תחנת יפתח. [מגיש דו"ח ביקור בזירה]

22. רסי"מ חן לוין, מ.א. 747485, מעבדת חבלה תל-אביב. [מגיש טופס לוואי למוצגים]

23. רסי"ר דוד שרון, מ.א. 53461, זיהוי - תחנת יפתח. [מגיש לוחות תצלומים]

24. רסי"ר מופי דיזן, מ.א. 1011153, זיהוי - תחנת יפתח. [מגיש לוחות תצלומים]

25. ציון שדה, ת.ז. 029503726, משרד מרצגס, מז"פ, מטא"יר - ירושלים. [מגיש תעו"צ - קבלת
מוצגים לבדיקה] (יוזמן לפי דרישה מפורשת של הסניגוריה בלבד)

26. מסקף ערן רוזן, מ.א. 980862, חמעבדת לפיתוח ס'א. סמולות, מז"פ, מטא"יר י-ם ירושלים.
[מגיש דו"ח בדיקה]

27. דוד אטסאס, המעבדה לזיהוי טביעות אצבע, מז"פ, מטא"יר - ירושלים. [מגיש חוו"ד מומחה]
(יוזמן לפי דרישה מפורשת של הסניגוריה בלבד)

28. מריח פרנקי, מסי דרכון פלניפגינוס 10087782. (פרטים בתביעה) [עדת ראיה]

29. יצחק שיפרא, ת.ז. 309605866. (פרטים בתביעה) [נפצע בפיגוע]

30. חוים גואטה, ת.ז. 054918961. (פרטים בתביעה) [נפצע בפיגוע]

31. אסנת גואטה, ת.ז. 022130140. (פרטים בתביעה) [נפצעה בפיגוע]

32. אלי דוידוב, ת.ז. 016685893. (פרטים בתביעה) [בנו נפצע בפיגוע]

33. פרחאן אלבז, ת.ז. 035137009. (פרטים בתביעה) [נפצע בפיגוע]

34. רון מאיר, ת.ז. 014502983. (פרטים בתביעה) [נפצע בפיגוע]

35. משח חיון, ת.ז. 050948553. (פרטים בתביעה) [עד ראיה, טיפל בפצועים]

36. ערן דוידי, ת.ז. 035968866. (פרטים בתביעה) [עד ראיה, טיפל בפצועים]

37. ניק כחון, ת.ז. 012447496. (פרטים בתביעה) [עד ראיה, טיפל בפצועים]

38. אינח רוקביצין, ת.ז. 321153611. (פרטים בתביעה) [נפצעה בפיגוע]

39. גלה חחזאשולילי, ת.ז. 312782550. (פרטים בתביעה) [נפצעה בפיגוע]

40. אהרן ישראלי, ת.ז. 027789106. (פרטים בתביעה) [נפצע בפיגוע]

18

41. יצחק קזשוזילי, ת.ז. 011378510. (פרטים בתביעה) [נפצע בפיגוע]
42. לריסה גברילוב, ת.ז. 303601419. (פרטים בתביעה) [נפצעה בפיגוע]
43. מרקיאל גברילוב, ת.ז. 305907008. (פרטים בתביעה) [הסמיכות שלו נהרסה בפיגוע]
44. יצחק שימשילשוילי, ת.ז. 311985915. (פרטים בתביעה) [עסקו נהרס בפיגוע]
45. פרומי יהודה חיים, המכון חלמומי לרפואה משפטית. (מגיש חוו"ד מומחה) [יוזמן לפי דרישה מפורטת של הסניגוריה בלבד]
46. רשימת הפצועים מהפיגוע.
47. תעודות רפואיות.

## מ.א. 412/01 בנימין

48. שאול כהן, מ.א. 759407, תחנת בנימין. [עדות]
49. דוד כהן, ת.ז. 028999910, תחנת בנימין. [עדות]
50. מרדכי טל, ת.ז. 29501590, תחנת בנימין. [נפצע קשה בפיגוע]
51. אלי טובע, ת.ז. 025716218. (פרטים בתביעה) [חייל מילואים היה במחסום בעת הפיגוע - ראה את המובלכת המתאבדת]
52. לאיור שניינדס, ת.ז. 025044421. (פרטים בתביעה) [מפקד כוח מילואים במחסום בעת הפיגוע, שוחח עם המתאבדת המתאבדת לפני הפיגוע]
53. אילן פקטור, ת.ז. 308900141. (פרטים בתביעה) [חייל מילואים במחסום בעת הפיגוע - בדק את הרכב שבו נסעה המתאבדת המתאבדת]
54. חנניה שנידר, ת.ז. 032781072. (פרטים בתביעה) [תגיע למקום מיד לאחר הפיגוע]
55. רסי"ל שי אלגרבלי, מ.א. 1010065, תחנת מודיעין. [מגיש דו"ח פעולה]
56. רס"ל אלי חגיג, מ.א. 1054782, תחנת מודיעין. [מגיש דו"ח פעולה]
57. מפקח ארגון שושני, מטאיר, אגף חטיבור והבימוטון, מדור מעבדות חבלה, שלוחת תל-אביב. (מגיש חוו"ד מומחה) [דואשונית וחתו"ד מומחת מתיק יב/2335- /0821/2002 + תצלום + טופס לוואי למוצגים) (יוזמן לפי דרישה המפורשת של הסניגוריה בלבד]
58. שרה אברמוביץ-יבר, מז"פ - המעבדה האוליטית, מטאיר - ירושלים. (מגיש חוו"ד מומחה) [חוו"ד מתיק ז"י/2333-./54484/02] [תוזמן לפי בקשה המפורשת של הסניגוריה בלבד]

## מ.א. 880/01 שפט

59. יסעל מאיר, ת.ז. 040202418, מגי"ב סיוזן, פלוגה מ"ב. (פרטים בתביעה) [עדות]
60. פקד משה חדרה, ת.ז. 037537412, מגי"ב לבנא. (פרטים בתביעה) [עדות]
61. פקד לאונרד רבינוביץ, מ.א. 71055859, מגי"ב לביא. (פרטים בתביעה) [עדות]
62. מפקח אסף גוזרי, מ.א.א. 1049196, מגי"ב לבנא. (פרטים בתביעה) [עדות]
63. רסי"ר עודד מאירי, מ.א. 1065937, פתיים, ימי"ר - י-ס. [מגיש דו"ח פעולה/תפיסת וסימון + טופס לוואי למוצגים]
64. רפי"ק לאזור נדיב, מ.א. 952127, מז"פ - תחנת ציזן. [מגיש לוחות תצלומים]
65. פואד כהן, מ.א. 1048701, מתי"ס, ימי"ר - י-ס. [מגיש זכ"יד + תמונות פולרואיד]

## 2069/01 מתיים י-ם

66. רסי"מ אריאל יערי, מעבדת חבלה, מטאיר - ירושלים. [מגיש דו"ח תפיסת וסימון + חוו"ד מומחה] [יוזמן לפי דרישה המפורשת של הסניגוריה בלבד]
67. שרה אברמוביץ-יבר, המעבדה האנליטית, מטאיר - ירושלים. (מגישה חוו"ד מומחה) [תוזמן לפי דרישה המפורשת של הסניגוריה בלבד]
68. דזור כהן, מז"פ תחנת ציזן - ירושלים. [מגיש תמונות מזירת הפיגוע]
69. יבאל שמש, ת.ז. 028077966. (פרטים בתביעה) [ויהיו גופתו של בדי שמש זייל]
70. יניב יוסף, ת.ז. 027454958. (פרטים בתביעה) [זיהוי גופתו של בדי שמש זייל]
71. חגי פנחס, ת.ז. 028766723. (פרטים בתביעה) [זיהוי גופתו של בדי שמש זייל]
72. יחיא בן חמו, ת.ז. 038342986. (פרטים בתביעה) [ויהיו גופתה של ציפורית שמש זייל]
73. ליאור פימקה, ת.ז. 036386753. (פרטים בתביעה) [ראה את המכבל מתפוצץ, נפצע בפיגוע]
74. איילן ב'אוארו חסי דרכון ארהייב 700767376. (פרטים בתביעה) [היה יחד עם בנו הקטין סמוך למחבל בעת הפיגוע, שניהם נפצעו]

19

75. שירן דרוויש, ת.ז. 039888862. (פרטים בתביעה) [היתוו בסמוך למחבל בעת הפיצוץ, נפגעה]
76. חוקיה לנשטיין, מס' דרכון חולנדי 61154021413. (פרטים בתביעה) [נמצא במינוע, ראת את המחבל בעת הפיצוץ].
77. מריון קמסלר, ת.ז. 016432148. (פרטים בתביעה) [נמצעה בפינוע]
78. אסף ארמוזה, ת.ז. 051910735. (פרטים בתביעה) [נמצעה בפינוע]
79. לורנס סלם, ת.ז. 312738537. (פרטים בתביעה) [נפגע קל בפינוע]
80. טל כהן, ת.ז. 029506270. (פרטים בתביעה) [נפצע בפינוע]
81. מיזולה חיים יעקובזאן, ת.ז. 011573441. (פרטים בתביעה) [נמצעה בתביעה) נגרם נזק לחנותה]
82. אלי לוי, ת.ז. 053643438. (פרטים בתביעה) [נפגע קל בפינוע]
83. נתנאל גדעון, ת.ז. 012176707. (פרטים בתביעה) [נפגע קל, חנותו נמצעה]
84. אסטריד (רבקה) נורט, ת.ז. 301921169. (פרטים בתביעה) [נמצעה בפינוע]
85. פול הכמט, ת.ז. 304119407. (פרטים בתביעה) [נמצעה בפינוע]
86. בשמת כהן, ת.ז. 061273413. (פרטים בתביעה) [נמצעח בפינוע]
87. משה פיך, ת.ז. 015776636. (פרטים בתביעה) [נפגע קל בפינוע]
88. יפת לוי, ת.ז. 055466924. (פרטים בתביעה) [נפגע קל בפינוע]
89. רובי אסרף ,ת.ז. 021398011. (פרטים בתביעה) [ראה את המחבל בעת הפיצוץ]
90. אורך פאוויקוב, ת.ז. 039526371. (פרטים בתביעה) [היתה סמוך למקום הפיצוץ]
91. הלל אדם, ת.ז. 302040969. (פרטים בתביעה)[ע (עד ראיה, טיפל במצועים]
92. רחמים הבלה, ת.ז. 059732735. (פרטים בתביעה) [נגרם נזק לחנותו]
93. דייר חן קובל, המכון הלאומי לרפואת משפטית. [מגישה חוו"ד מומחה] [ותזומן לפי דרישת מערשות של התביעה בלבד]
94. פרופ' יחזה ויס, המכון הלאומי לרפואה משפטית. [מניש חוו"ד מומחה] [ויזומן לפי דרישת מערשות של התביעה בלבד]
95. תעודת פטירה - יצחק כהן ז"ל.
96. רשימת נפגעים מהפיגוע של עריית ירושלים - מוקד 106. (רשומה מוסדית)
97. תעדות רפואיות.

<u>תשומת עדים נוסף כנוע לפגעים וחרוגים בפיגוע ברחוב המלד ג'ורג' בירושלים ביום 21.03.02</u>
תימסר בתחלד המשפט

סרן                    מיכאל קוטליק,
צבאי                   תובע

תאריך : 12.09.2002
סימוכין : 02-733.

20

ת.ה. 02/733