No. 1014/13 .מס

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a Notary in 33 Soreq Street, Beit Shemesh, Israel
Hereby certify that the attached document marked "A" is a correct copy of the original document which is drawn up in the Hebrew language and has been produced to me.

אני הח"מ יצחק וויינברג נוטריון בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן באות "א" הינו העתק מדויק של המסמך המקורי שנערך בשפה העברית ושהוצג בפני.

In witness whereof I certify the correctness of the copy and I hereto set my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק הנ"ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 89.00 shekels (including VAT)

שולם סך של 89.00 ש"ח (כולל מע"מ)

SIGNATURE _____   חתימה

NOTARY'S SEAL   חותם הנוטריון



# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. **STATE OF ISRAEL** | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Yitzhak Weinberg - Advocate  33 Soreq Street, Israel  Advocate                   L.N.24260 | 2. נחתם בידי  עו"ד  יצחק וויינברג עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Jerusalem | 5. בבית משפט השלום בירושלים |
| 6. Date       - 1 -01- 2014 | 6. ביום |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו - 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

47/14

| בבית | המשפט | הצבאי | תיק ביהמ"ש: 3544/ | לישראל | הגנה |
|---|---|---|---|---|---|
| בבית | | אל | תיק תביעה: 484/02 | | |
| במרי | | הרכב | תיקי פ.א. 1328/02 בנימין | | |
| | | | 2069/02 מיעוטים | | |

## במשפט שבין התובע הצבאי – המאשים

### -נגד-

סנאא מחמד שחאדה
ת.ז. 081021198, ילידת 19/6/75, תושבת מ.פ. קלנדיה
עצורה מיום 24/5/02

### הנאשמת

### כתב-אישום

הנאשמת הנ"ל מואשמת בזאת בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות בטחון, (יהודה והשומרון) (מס' 378) תשל"ל – 1970.

**פרטי העבירה:** הנאשמת הנ"ל, בהיותה באיזור ומתוצה לו, ביום 21/3/02 או בסמוך לכך, גרמה בכוונה למותו של אחר, כדלקמן:

הפעיל הצבאי, המבוקש נאצר שוויש פנה לע/כברים עוויס פעיל תנזים צבאי האחראי לביצוע פיגועים רבים ויקצין במשטרה הפלסטינית והודיע לו כי בכוונתו להוציא לפועל פיגוע התאבדות, כאשר המחבל המתאבד הוא מחמד חשאיקה שהביע את כוונתו לבצע את הפיגוע. ע/כברים עוויס הסכים להשתתף בביצוע פיגוע ההתאבדות המתוכנן. השניים קבעו להפגש למחרת על מנת לסכם עניינים לצורך ביצוע הפיגוע. למחרת נפגשו ע/כברים עוויס ונאצר שוויש ונסעו יח"ד לדירת בעיי אום שראיט, שם נפגשו עם המחבל המתאבד מחמד חשאיקה וצעירה נוספת, סוזי אשר אף היא חיתה אמורה לבצע פיגוע התאבדות. לאחר ששני המחבלים המתאבדים צולמו כשהם לוקחים אחריות לפיגוע, הודיע נאצר שוויש לעברים כי הפיגוע אמור להתבצע ביום 17/3/02. העצירה סוזי החליטה שלא לצאת לביצוע הפיגוע וחזרה לעירה שכם.

הנאשמת פגשה בחברתה לליומדים עובידה. עובידה היתה קרובתה/לפעיל הצבאי המבוקש נאצר שוויש ושלחה אליו צעירים המעוניינים לבצע פיגועי התאבדות. עובידה ביקשה מהנאשמת את עזרתה בפעילותה הנ"ל וביקשה להכיר לנאשמת את המבוקש לכוחות חבטחון, נאצר שוויש. לאחר שהנאשמת מסרה את מספר הטלפון שלה לעובידה וכך יצר נאצר שוויש קשר עם הנאשמת והשניים אף נפגשו. תחילה השיבה הנאשמת לנאצר כי אין לה זמן לסייע לו בפעילות עליה דיברה מחבלת מתאבדים, אולם השניים המשיכו לשמור על קשר.

ביום 20/3/02 ביקש נאצר שוויש מהנאשמת להכניס מחבל מתאבד לתוך ירושלים על מנת שיבצע פיגוע התאבדות, וכי היא תבצע זאת עם צעירה נוספת.



P 5: 116

בפגישה הנאשמת, נאצר שוויש, וע/כרים עוויס עם המחבל המתאבד מחמד חשאיקה במלון ב... באותה הזדמנות אמרו ע/כרים ונאצר שוויש למחבל חשאיקה כי באותו יום הוא יבצע את ההתאבדות. מחמד השיב כי הוא מוכן לכך. לאחר מכן עלו נאצר שוויש ומחמד חשאיקה לחדרו של ...., עם הלביש נאצר למחבל המתאבד, מחמד חשאיקה את חגורת הנפץ. לאחר שהשניים ירדו ..... בעז הנאשמת, ע/כרים עוויס נאצר שוויש והמחבל המתאב ד, מחמד חשאיקה נסעו לבית של אבו ..... שם נפגשו הארבעה עם ראדר דבאעיה ולבקשת נאצר שוויש תגיע לשם מניד צוואפטה. ....... ונאצר שוויש הנחו את הנאשמת ואת המחבל המתאבד מחמד חשאיקה כי אם כוחות צה"ל ..... אזי על הנאשמת יהיה לברוח והמחבל יפוצץ את חגורת הנפץ שעל גופו.

ע/כראבאי ע/כרים עוויס חשש כי הנאשמת חוששת לבצע את הפיגוע, וכן היתה לבוש בלבוש ערבי ..... לפיכך, התקשר ע/כרים עוויס למכרה שלו, שהסכימה בפניו להשתתף בביצועי פיגוע ההתאבדות ..... מחבלים מתאבדים, קאהירה סעדי עלי סעדי וביקש שתגיע לרמאללה. ...... זו נסעו הנאשמת, המחבל המתאבד וחבריהם לביה"ח אבו ריה ברמאללה. ...... טלפון נוספת הגיעה גם קאהירה סעדי ונפגשה עם ע/כרים עוויס וחאדר ידבאעיה ליד בית ..... ליד חנה רכב קטן בצבע כחול, בו ישבו המחבל המתאבד, מחמד חשאיקה כשהוא לבוש בחגורת ..... נאצר שוויש נהג הרכב והנאשמת. ע/כרים מסר לקאהירה כי בתוך הרכב ישנו מחבל בדרכו לבצע ..... ההתאבדות וכן אישה נוספת.

ע/כרים שוויס ביקש מקאהירה לנסוע יחד עם המחבל המתאבד והנאשמת לביצוע הפיגוע מאחר שקאהירה ..... לבוש במכנסים וראשה גלוי ללא כיסוי. קאהירה נכנסה לרכב והתיישבה בכיסא האחורי ליד ..... המתאבד. הנאשמת ישבה מקדימה ליד נהג הרכב, נאצר שוויש.
הנאשמת נתנה למחבל המתאבד ספר קוראן. כמאתיים מטרים לפני מחסום קלנדיה עצר הנהג נאצר שוויש ..... הרכב, ביקש נשיקה מהמחבל המתאבד והנאשמת יחד עם המחבל המתאבד וקאהירה סעדי ירדו .....הרכב. הנאשמת תפסה מונית וביקשה מהנהג שיסיע אותם תוך עקיפת מחסום א רם, ושילמה לנהג ..... 50 ₪ בתמורה. הנאשמת אף קנתה פרחים אותם היא נתנה למחבל המתאבד. את מחסום א רם ..... הנאשמת, המחבל המתאבד וקאהירה סעדי ברגל תוך כדי עקיפת בדיקת חיילי צה"ל. לאחר מכן עלו ..... למונית נוספת והנאשמת ביקשה מנהג המונית שיסיע אותם לרחוב יפו בירושלים כיוון שחם ..... לחגוג את יום חאם ואין להם תעודת זהות ישראלית, שיסיע אותם בדרכים בהם אין מחסומי צה"ל. הנאשמת, קאהירה והמחבל המתאבד הלכו לאורך רחוב יפו על מנת לאתר מקום הומה אדם בו יתפוצץ המחבל המתאבד ויגרום למותם של אזרחים רבים. במהלך הליכתם, קאהירה הורתה לנאשמת ללכת מאחוריהם ולא לידם כיוון שהיותה בלבוש ערבי מסורתי ועל מנת שלא להחשידם.

הנאשמת חבריהנה כי ברחוב ישנם אנשים רבים והתייעצה עם קאהירה סעדי האם וזהו מקום מתאים לביצוע פיגוע ההתאבדות כדי לגרום למותם של אזרחים רבים. קאהירה השיבה לה בחיוב. הנאשמת הסכימה עם קאהירה ושילחה את המחבל המתאבד לבצע את הפיגוע המתוכנן. המחבל המתאבד ביקש מהנאשמת וקאהירה לחזור אחורנית והלך לפוצץ את חגורת הנפץ שעל גופו על מנת לגרום למותם של אזרחים רבים. הנאשמת וקאהירה הלכו מהמקום וכמעבר מספר דקות בסמוך לשעה 16.20 פוצץ המחבל המתאבד את חגורת הנפץ שעל גופו ברחוב קינג גי'ורג בירושלים.
כתוצאה מההתפוצצות נהרגו שלושה אזרחים ונפצעו 81 נוספים. כמו כן נגרם נזק רב לרכוש.

הנאשמת שמעה את קול הפיצוץ שביצע המחבל המתאבד מחמד חשאיקה כאשר פוצץ חגורת הנפץ שעל גופו. הנאשמת חזרה לרמאללה שם יצר עימה קשר מנייסה, נאצר שוויש והיא עדכנה אותו במעשיה ובכך שהמחבל המתאבד הגיע לירושלים ופוצץ את חגורת הנפץ שעל גופו.
קאהירה סעדי הגיעה מאוחר יותר לרמאללה, עדכנה באשר ביצעו את ע/כרים עוויס, פעיל צבאי של החתניים הנ"יל. מאחר שקאהירה התנתקה מהנאשמת, שאלה לגורלה. ע/כרים עוויס הודיע לה כי הנאשמת הגיעה לביתה מזמן.

הנאשמת במעשיה המתוארים לעיל גרמה בכוונה למותה של ציפורה שמש ז"ל אשר נהרגה כתוצאה מהתפוצצות המחבל המתאבד, מחמד חשאיקה ברחוב קינג גי'ורני. ציפורה שמש ז"ל היתה בהריון במותה.

**פרט שני:**
ס' 0.17
**מהות העבירה:** גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות בטחון, (יהודה והשומרון) (מס' 378) תשי"ל – 1970, ... 1968 ...
**פרטי העבירה:** הנאשמת הנ"ל, בהיותה באיזור ומחוצה לו, ביום 21/3/02 או בסמוך לכך, גרמה בכוונה למותו של אחר, כדלקמן :
הנאשמת במעשיה המתוארים בפרט אישום ראשון, גרמה בכוונה למותו של רס"מ גדי שמש ז"ל אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד, מחמד חשאיקה ברחוב קינג גי'ורני.



2

**פרט שלישי:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות בטחון, (יהודה והשומרון) (מס' 378) תשי"ל – 1970.

**פרטי העבירה:** הנאשמת הנ"ל, בהיותה באיזור ומחוצה לו, ביום 21/3/02 או בסמוך לכך, גרמה בכוונה למותו של יצחק כהן ז"ל אשר נהרג למותו של אחר, כדלקמן:
הנאשמת במעשיה המתוארים בפרט אישום ראשון, גרמה בכוונה למותו של יצחק כהן ז"ל אשר נהרג כתוצאה מהתפוצצות המחבל המתאבד, מחמד חשאיקה ברחוב קינג ג'ורג'.

**פרט רביעי:**

**מהות העבירה:** נסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות בטחון, (יהודה והשומרון) (מס' 378) תשי"ל – 1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח - 1968.

**פרטי העבירה:** הנאשמת הנ"ל, בהיותה באיזור ומחוצה לו, ביום 21/3/02 או בסמוך לכך, ניסתה לגרום בכוונה למותו של אחר, כדלקמן:
הנאשמת במעשיה המתוארים בפרט אישום ראשון, ניסתה לגרום בכוונה למותם של האזרחים שהיו במקום התפוצצות המחבל המתאבד, מחמד חשאיקה, אותו הובילה למקום הפיגוע. כתוצאה מההתפוצצות נפצעו 81 אזרחים.

**עדי התביעה:**

1. רס"ם מרקו דהן, 56839 לח"ק יהודה, גובה אמרת הנאשמת.
2. אמרת הנאשמת בכתב ידה, ע"י ע"ית 1.
3. קאהירה סעיד עלי סעדי, 903946960, עצורה בת.ת. 451/02 + מסדר זיהוי תמונות.
4. ע/מכרים ראתב יונס עוויס, 980136675, עצור בת.ת. 422/02 + זיהוי תמונה.

רשימת עדים מפורטת מתיק פי"א 02069/02 מיעוטים (תיק הפיגוע) תמסר במהלך המשפט.

סרן       דליה קאופמן
צבאית    תובעת

תאריך: 10/7/02
סימוכין: 484/02

3