

**MILLER CHEVALIER**

Laura G. Ferguson
Member
(202) 626-5567
lferguson@milchev.com

December 5, 2014

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.* — 04-CV-397(GBD)(RLE)

Dear Judge Daniels:

I write in response to Plaintiffs' counsel's December 1, 2014 letter, in which Plaintiffs "request that the Court order defendants to provide, by December 5, any proposed corrections to the translations, organization, or 'completeness'" of Plaintiffs' trial exhibits, which number over 1000. Letter at 1.

Defendants have identified issues with Plaintiffs' translations of the approximately 177 documents which are the subject of Plaintiffs' pending Motion to Overrule Defendants' Authenticity and Hearsay Objections, DE 526, most of which Defendants produced. Defendants will provide Plaintiffs with a particularized list of translation objections, as well as an explanation of any "organization or 'completeness'" objections to those exhibits by December 12.

With respect to the hundreds of non-English language documents and videos Plaintiffs produced, Defendants simply should not incur the significant burden and expense of reviewing Plaintiffs' translations, when the Plaintiffs have yet to address Defendants' hearsay and authenticity objections and the Court has not yet had an opportunity to rule on those objections. By way of example, included among Plaintiffs trial exhibits are hours of video clips, as well as newspaper articles, and website materials. Defendants should not have to incur the substantial burden and considerable expense of having a translator review this material and translations when there is very little prospect these exhibits will be admitted into evidence.

In many cases, the nature of Defendants' objections to the translations should be obvious. Some of the translations include parenthetical information that attempts to explain the meaning of a term rather than simply translate it. *See, e.g.*, PTE 131 at 02:009882T. Other exhibits provide translations without providing the original Arabic, making it impossible for

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1485158.1



Hon. George B. Daniels
December 5, 2014
Page 2

Defendants to check the translations. *See, e.g.*, PTE 509 at 1, PTE 535 at 1. Beyond noting the obvious translation issues, engaging in a word-for-word translation check would be unduly burdensome given the uncertainty about the exhibits' admissibility.

    Plaintiffs are correct that Defendants originally agreed to a meet and confer on Plaintiffs' trial exhibits. It immediately became apparent, however, that Plaintiffs had no intention of culling their exhibit list or addressing Defendants' hearsay and authenticity objections. Defendants remain ready to meet and confer on their secondary objections (i.e., objections other than hearsay and authenticity) once Plaintiffs identify for what purpose the documents are being offered, how any hearsay exception they believe applies, and how they plan to authenticate the documents.

    Defendants respectfully request that the parties take up the issue of the most efficient way to address translation issues for admissible trial exhibits at the December 16, 2014 pre-trial conference.

Sincerely,

Laura G. Ferguson

cc:    Plaintiffs' Counsel of Record (via ECF)

Miller & Chevalier Chartered

1485158.1