

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 6265819
mrochon@milchev.com

December 12, 2014

<u>**Via ECF**</u>

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.*
04-CV-397(GBD)(RLE)

Dear Judge Daniels:

I write in response to Plaintiffs' letter dated December 4, 2014, and their enclosure of 800-plus pages of Israeli court documents that they seek to introduce at trial. Plaintiffs claim that Federal Rule of Evidence 803(22) and principles of comity allow them to admit indictments, judicial opinions, and purported transcripts of sentencing hearings. Plaintiffs are wrong. The proffered documents are not admissible for four independent reasons: (1) *Small v. United States*, 544 U.S. 385 (2005), directs this Court to hold that any foreign court conviction is not admissible under Federal Rule of Evidence 803(22); (2) Plaintiffs have not shown that Congress ever intended that the evidence at issue in this case – adjudications in military tribunals of a foreign occupying power – would fall within any hearsay exception; (3) the adjudicated defendants were denied due process; and (4) even if evidence of the adjudications at issue is admissible, the documents proffered by Plaintiffs – indictments, judicial findings, and records of sentencing hearings – are not.

1. Foreign Court Convictions

In *Small*, the Supreme Court determined that the phrase "convicted in *any* court" of the felon-in-possession statute refers only to domestic convictions because of "the legal presumption that Congress ordinarily intends its statutes to have domestic, not extraterritorial, application." *Id.* at 388-89 (emphasis added). It therefore held that a conviction in a Japanese court was not a conviction within the meaning of the statute. *Id. Small* therefore directs this Court to hold that Rule 803(22), the hearsay exception for a "Judgment of a Previous Conviction," does not

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. George B. Daniels
December 12, 2014
Page 2

encompass convictions entered in foreign courts. *See* DE 497 at 32-34; DE 524 at 6; DE 585 at 1-2. Plaintiffs have yet to even respond to this argument (*see* DE 540 at 37-39; DE 553 at 2-4; DE 660 at 1-3), even though Defendants have made it three times already (*see* DE 497 at 32-34; DE 524 at 6; DE 585 at 1-2). For good reason: Plaintiffs have no response.

2. <u>Israeli Military Court Adjudications</u>

Rule 803(22) provides a short-cut for proving a conviction instead of requiring a proponent to "reprove" what has been proven in a prior case. When Congress enacted this exception there is no evidence it anticipated its application to proceedings of military tribunals of an occupying power. Nonetheless, Plaintiffs ask this Court to do something extraordinary: to admit hearsay from documents in Israeli military court (IMC) cases in lieu of testimony from percipient witnesses. Yet Plaintiffs, the proponent of this evidence, have not shown that Congress ever intended to exempt this type of evidence from the rule against hearsay. *See Evans v. Port Auth. of NY and NJ*, 192 F. Supp. 2d 247, 262 n.121 (S.D.N.Y. 2002) (stating that the proponent of the proffered hearsay bears the burden of proving that it falls within a hearsay exception). Rule 803(22)'s explicit exclusion of domestic misdemeanor convictions and domestic felony convictions due to "[p]ractical considerations" (Fed. R. Evid. 803(22) Advisory Committee Notes) shows that Congress never intended to include adjudications of military tribunals of a foreign occupying power under this or any hearsay exception. The proffered evidence was not meant to fall within any hearsay exception and so it must be excluded. Plaintiffs' reliance on four Supreme Court cases involving military tribunals – *Munaf v. Geren*, 553 U.S. 674 (2008), *Hirota v. MacArthur*, 338 U.S. 197 (1948), *Neely v. Henkel*, 180 U.S. 109 (1901), and *Ex Parte Quirin*, 317 U.S. 1 (1942) – is unavailing because the issue in those cases was the availability of habeas corpus relief, not the admissibility of evidence of military court adjudications in U.S. federal court.

This argument is not predicated on whether the Israeli military courts confer "due process." That argument follows. Here the question is whether Congress intended to apply Rule 803(22) to extra-territorial decisions from another country's military courts. The Supreme Court, as noted above, has repeatedly made clear in multiple contexts that Congress's enactments cannot be presumed to apply extra-territorially absent explicit invocation of such reach. *Kiobel v. Royal Dutch Petro. Co.*, 133 S. Ct. 1659, 1665 (2013); *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2883 (2010); *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 455-56 (2007); *Small*, 544 U.S. at 388-89; *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991). The Plaintiffs offer nothing to show that this Court ought to find what Congress did not provide. To the extent that Plaintiffs rely on cases that have permitted the admission of foreign court



Hon. George B. Daniels
December 12, 2014
Page 3

convictions or even foreign military court adjudications, those cases were rendered before or in ignorance of current Supreme Court jurisprudence.

3.   Lack of Due Process in the Israeli Military Courts

"United States courts may not give comity to or recognize the judgment of a foreign state if 'the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with due process of law.'" *Chevron Corp. v. Donziger*, 11-cv-00691, DE 1874 at 417 (S.D.N.Y. Mar. 4, 2014) (quoting Restatement (Third) of Foreign Relations (1987) § 482(1)(a)).  As the Ninth Circuit stated, "We are aware of no deviation from that principle." *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1410 (9th Cir. 1995).  In this case, the adjudications at issue were not rendered under a judicial system that provided impartial tribunals and procedures compatible with due process.  First, the Israeli judicial system discriminated between Palestinians and Jews during the relevant time period.  *See* DE 500-43 at 17-21; DE 500-36 at 124:5-13; *cf.* Restatement (Third) of Foreign Relations (1987) § 482 cmnt. b ("A significant distinction in treatment between alien and citizen litigants may be an indication of unfairness…").  Second, the judiciary in the IMC was not independent and impartial during the relevant time period.  *See* DE 488-9 at 9-12; DE 500-43 at 21-22; *id.* at 25-26.  Third, a comprehensive study of due process in the IMC during the relevant time period uncovered "a series of severe shortcomings and failures in the implementation of due process rights in the [IMC]."  DE 500-37 at 11; *see* DE 500-43 at 23-27; DE 488-9 at 17-35; *cf. Bridgeway Corp. v. Citibank*, 201 F.3d 134, 142 (2d Cir. 2000) (holding that a court must consider not only the structure and design of a foreign judicial system but also "its practice during the period in question").  Finally, the files of the individuals adjudicated in the IMC indicate numerous due process violations in the cases at issue.  *See* DE 500-44 at 149-286; DE 500-43 at 29-33; DE 524 at 9-11.

Instead of analyzing the IMC or the adjudications at issue, Plaintiffs simply assert that "U.S. courts have uniformly found that Israel's courts are fair and provide due process."  DE 660 at 2.  But the cases upon which Plaintiffs rely do not support this claim.  Three of the cases -- *Demjanjuk v. Petrovsky*, 776 F.2d 571 (6th Cir. 1985), *Eain v. Wilkes*, 641 F.2d 504 (7th Cir. 1981), and *Ahmad v. Wigen,* 726 F. Supp. 389 (E.D.N.Y. 1989) – are extradition cases that do not evaluate the quality of due process in the IMC.  Only in *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013), did the court actually consider the IMC, although it focused on the design of the military court system rather than its practice (*id.* at 447-48), which is precisely what the Second Circuit in *Bridgeway* proscribes.  *See Bridgeway Corp.*, 201 F.3d at 142.  Moreover, the court in *Strauss* found that the defendants in the prior adjudications received due



Hon. George B. Daniels
December 12, 2014
Page 4

process (925 F. Supp. 2d at 448), which cannot be said of the defendants in the adjudications at issue in this case (*see* DE 500-44 at 149-286; DE 500-43 at 29-33; DE 524 at 9-11).[1]

4. Indictments, Judicial Findings, and Records of Sentencing Hearings

Assuming *arguendo* that evidence of the Israeli court adjudications is admissible, the Court should not permit Plaintiffs to admit hundreds of pages of indictments, judicial findings, and records of sentencing hearings. Only those facts that are "essential to the judgment" may be admitted under Rule 803(22). Fed. R. Evid. 803(22)(C); *see Lloyd v. Am. Export Lines, Inc.*, 580 F.2d 1179, 1190 (3rd Cir. 1978); *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 676 F. 2d 780, 790 (D.C. Cir. 1982). Put another way, evidence of a prior conviction may be admissible only if it involves "matters of fact or law '*necessarily decided* by the conviction and the verdict on which it was based.'" *New York v. Hendrickson Bros, Inc.*, 840 F.2d 1065, 1081 (2d Cir. 1988) (quoting *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569 (1951)) (emphasis added).

Plaintiffs have not shown that their 800-plus pages of documents contain only facts that were "essential to the judgment" and "necessarily decided" by the trial court. *See Bank Brussels Lambert v. Credit Lyonnais S.A.*, 93-cv-6876, 2001 U.S. Dist. LEXIS 928, at \*10 (S.D.N.Y. Feb. 5, 2001) (placing burden on proponent of evidence to show which facts were essential to the judgment). To the contrary, Plaintiffs have shown that they hope to leverage a decision to admit the foreign court records by admitting *more* Israeli documents than would be permitted if they were seeking to admit U.S. court records. It cannot be that foreign military courts are a funnel for more hearsay than convictions from a properly constituted domestic court.

For those cases that were resolved by guilty pleas, Plaintiffs seek to admit the indictments as well as the guilty pleas. But "[t]he indictments are not admissible evidence." *In re Worldcom*, 2005 U.S. Dist. LEXIS 2214, at \*26 (S.D.N.Y. Feb. 17, 2005); *see Ruffalo's*

---

[1] The Court should also exclude the following documents because they were produced after fact discovery closed on December 21, 2012: PTE 260 (produced on December 26, 2012), PTE 289 (3/17/13), PTE 291 (3/17/13), PTE 298 (8/13/13), PTE 303 (3/25/13), PTE 313 (1/6/13), PTE 322 (3/18/13), PTE 349 (3/17/13), PTE 356 (3/11/13), PTE 357 (3/28/13), PTE 360 (1/3/13), PTE 361 (1/3/13), PTE 364 (7/25/13), PTE 375 (3/11/13), PTE 382G (1/24/13), PTE 390A (3/28/13), PTE 398 (3/28/13), PTE 418 (2/21/13), PTE 419 (2/21/13), PTE 420 (2/21/13), PTE 451 (12/11/13), PTE 452 (3/25/13), and PTE 889 (3/25/13). *See* DE 551 at 4-6. Similarly, *all* of the Israeli court documents should be excluded because the *apostilles* were first produced on December 4, 2014, even though they were apparently certified between December 24, 2013, and January 27, 2014.



Hon. George B. Daniels
December 12, 2014
Page 5

*Trucking Serv., Inc. v. Nat'l Ben-Franklin Ins. Co.*, 243 F.2d 949, 953 (2d Cir. 1957) ("The indictment, since it was only hearsay, was clearly inadmissible for any purpose."). Rule 803(22) "addresses judgments of conviction, not indictments or charging instruments." *In re Worldcom*, 2005 U.S. Dist. LEXIS 2214, at *27; *see also Levinson v. Westport Nat'l Bank*, 2013 U.S. Dist. LEXIS 71208, at *10 (D. Conn. May 20, 2013) (holding that a criminal information is not admissible under Rule 803(22)). The fact that a defendant pled guilty to an indictment does not render the indictment admissible. *See Gowan v. Amaranth Advisors LLC*, 2014 Bankr. LEXIS 111, at *33 (Bkrtcy. S.D.N.Y. Jan. 3, 2014 ("[T]he Indictment is inadmissible, notwithstanding [the individual's] guilty plea."). This is especially so in the IMC. For one thing, indictments in the IMC do not contain "a plain, concise, and definite written statement of the *essential facts* constituting the offense charged," as is required of indictments in U.S. federal courts. *See* Fed. R. Crim. P. 7(c)(1) (emphasis added). Rather, they contain a lengthy statement of both essential and non-essential facts. *See, e.g.,* PTE 422, PTE 356, PTE 357, PTE 366. For another thing, a defendant's guilty plea in the IMC does not identify those facts that are essential to the judgment. Unlike a guilty plea in U.S. courts, a guilty plea in the IMC does not include a factual proffer, a discussion of the elements of the offense, or an admission by the defendant to those facts that establish his guilt. Rather, the defense attorney typically informs the court that his client wishes to plead guilty and the defendant concurs. *See, e.g.,* PTE 358 at 1 ("Defense Counsel: We ask to withdraw the denial and plead guilty in the amended indictment that was filed on October 1, 2002. Defendant: I confirm the words of my counsel."). At that point, the court simply "convicts" the defendant. *See, e.g., Id.*. Thus, the indictments should not be admitted.[2]

For those cases that went to trial, Plaintiffs seek to admit the verdicts. But verdicts in Israeli courts are not just pronouncements of guilt or innocence. They are lengthy judicial opinions, often meandering, that summarize the trial and present various factual statements and conclusions. *See, e.g.,* PTE 451 ("Verdict" in the case of Marwan Barghouti which is 85-pages long, single-spaced, and contains five separate parts). In some cases, the verdict even includes the court's sentencing explanation. *See, e.g.,* PTE 364 ("Verdict" in case of Nasser Aweis: "For these actions, of which he is proud, society must have its say, in the form of a heavy sentence . . ."). But judicial findings are not admissible under Rule 803(22). As one district court explained, "The express language of [Rule 803(22)] instructs us that only the evidence of the final judgment is admissible, not the factual findings contained therein." *King v. Cessna Aircraft Co.*, 03-cv-20482, 2010 U.S. Dist. LEXIS 53585, *33 (S.D. Fla. May 6, 2010); *see United States v.*

---

[2] The proffered indictments also include factual allegations about attacks and crimes that are not at issue in this case. Those parts of the indictments are not relevant and should be excluded. Moreover, the complete records of two individuals – Marwan Barghouti and Fuad Shubaki – should be excluded in their entirety because they were not convicted of any crimes at issue in this case.



Hon. George B. Daniels
December 12, 2014
Page 6

*$125,938.62*, 537 F.3d 1287, 1292 (11th Cir. 2008) ("The fact of [an individual's] conviction and the sentence he received remain admissible pursuant to Fed. R. Evid. 803(22); however, none of the relevant facts found in the judgment of conviction were admissible in the district court."); *Lloyd,* 580 F.2d at 1190 ("We observe that only the judgment of conviction itself is admissible under Rule 803(22) . . ."). Thus, the verdicts should not be admitted.

Plaintiffs also seek to admit purported transcripts of sentencing hearings. At these hearings, the prosecutor, the defense attorney, and the defendant are each given the opportunity to address the court before it imposes sentence. The prosecutor typically discusses the egregiousness of the defendant's actions and their impact on society, while defense counsel and the defendant offer mitigating evidence or statements questioning the legitimacy of the court. The statements by the parties at sentencing are certainly not "fact[s] essential to the judgment." Fed. R. Evid. 803(22)(C). Nor is the court's explanation of the sentence it imposes. Thus, the records of sentencing hearings should not be admitted.[3]

Plaintiffs rely on two non-binding, unpublished opinions in support of their claim that indictments, judicial findings, and records of sentencing hearings are admissible under Rule 803(22): *Linde v. Arab Bank*, 04-cv-2799, DE 1049 (E.D.N.Y. Aug. 1, 2014) and *United States v. Odeh*, 12-cr-20772, DE 117 (E.D. Mich. Oct. 27, 2014). Neither is particularly helpful to Plaintiffs. In *Linde*, the district court devoted just three sentences to the admissibility of the court records, did not discuss judicial findings or sentencing records at all, and ruled only that "indictments *may* be admissible under Rule 803(22) where they led to a judgment of conviction." DE 1049 at *5 (emphasis added). In *Odeh*, the district court did not even address which documents in a prior case may be admitted at a subsequent trial. *See* DE 117. The mere fact of the defendant's prior conviction was at issue, not the manner and form in which the government could admit evidence of those convictions. *See id.* In sum, Plaintiffs' sweeping request of the Court is without precedent.

Plaintiffs' attempt to admit 800-plus pages of Israeli court documents is not without purpose. Plaintiffs realize that buried among the countless claims in the indictments, judicial findings, and records of sentencing hearings are a number of statements that supposedly connect the PA to these attacks, either by implicating a third party/PA employee in an attack or by

---

[3] In the IMC, a summary record of the proceeding is made rather than a verbatim transcript. DE 500-44 at 75:12-15; *see also* DE 500-36 at 73:10-74:13. In addition, the persons assigned to interpret for the defendants are not certified court interpreters. *Id.* at 75:10-13. They are Bedouin or Druze soldiers in the Israeli military who "are not trained in the law and receive minimal training before they are put to work as interpreters." DE 500-43 at 24.



Hon. George B. Daniels
December 12, 2014
Page 7

alleging an association between a third party and a terrorist group.  It is precisely those facts –
that are "not essential" to the judgments – that Plaintiffs seek to put before the jury.  It is for this
reason that Plaintiffs have proffered 800-plus pages of unredacted documents.

For the reasons stated above, the Court should exclude the proffered Israeli court
documents.[4]  If the Court, despite Arguments 1, 2, and 3 above, allows some evidence of the
adjudications into evidence, the parties can work together and, if necessary, provide a simple
statement of the relevant violations as to which any individual was convicted.  Obviously, this
would depend not only on whether the proffered information was admissible under Rule 803(22),
but also on whether such adjudication was even relevant to the seven incidents on trial.

Sincerely,

Mark L. Rochon

cc: all ECF counsel

---

[4] The Court should also exclude evidence of those offenses that are "repugnant to the public policy of the
United States."  *See* Restatement (Third) of Foreign Relations (1987) § 482(2)(d) (authorizing a court to
refuse recognition of a foreign judgment where "the cause of action on which the judgment was based, or
the judgment itself, is repugnant to the public policy of the United States or of the state where recognition
is sought").  The offense of "membership in an unlawful association" is such an offense because it
violates the U.S. Constitution, and thus any evidence of this offense should be redacted.  *See United
States v. Taleb-Jedi*, 566 F. Supp. 2d 157, 174 (E.D.N.Y. 2008) ("It is well-established that the First
Amendment 'restricts the ability of the State to impose liability on an individual solely because of his
association with another.'") (quoting *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 918-19 (1982)).