

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

December 15, 2014

**Via ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels:

    I write in response to Plaintiffs' letter dated November 24, 2014, and their enclosure of three summary exhibits that they seek to introduce at trial.

    Summary charts, like the ones proposed by Plaintiffs, are admissible only when based on materials that are themselves admissible evidence. 6 Weinstein's Federal Evidence § 1006.06[3] (2d ed. 2013); *see also United States v. Conlin*, 551 F.2d 534, 538 (2d Cir. 1977) (error for court to allow chart summarizing certain information after court had refused to allow witness to testify as to same information). Defendants maintain that the underlying materials are inadmissible. *See* DE 544. Thus, the Court may not admit the summary charts unless it first determines the underlying materials to be admissible.

    Assuming *arguendo* that the Court finds the underlying materials to be admissible, the Court should still not admit the proposed exhibits because they contain highly improper and inaccurate statements. Plaintiffs' Trial Exhibit (PTE) 1121 is titled "Pay and Promotion to *Defendants-Employee Terrorists*," while PTE 1120 is titled "Summary of Defendants' Payments to *Convicted Non-Employee Terrorists*." *Id.* (emphasis added). For one thing, it is argumentative, misleading, and prejudicial to refer to the perpetrators of the offenses as "Defendants' Employee-Terrorists." For another, it is inaccurate to even allege that the payments and promotions to these individuals were made by both the PA and the PLO. Plaintiffs' conflation of the PLO and the PA is also reflected in PTE 1119, which is titled "Summary of *Defendants'* Statements to U.S. Media Regarding Political Objectives" and



Hon. George B. Daniels
December 15, 2014
Page 2

contains the column heading, "Statement by *PA/PLO* Official." *Id.* (emphasis added). PTE 1119's characterization of the summarized statements as "Regarding Political Objectives" is also argumentative and improper. *Id.*

It is not helpful to moving this trial forward for Plaintiffs to propose inflammatory and confusing exhibits and purported summaries, necessitating obvious objections and unnecessary letter filings. In any event, the proffered exhibits were submitted long after the January 22, 2014 deadline for filing the Joint Proposed Pretrial Order, and should therefore be excluded from trial for that reason as well. *See* DE 551 at 2-3; DE 484 at 2-3.

Accordingly, the Court should exclude PTE 1119, 1120, and 1121.

Sincerely,

*[signature]*

Brian A. Hill

cc: all ECF counsel