6

<u>פרט שישי</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של <u>גב' ענת דרום ז"ל.</u>

<u>פרט שביעי</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר יחזקאל גולדברג ז"ל.</u>

<u>פרט שמיני</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר ולדי צדיק מנברה ז"ל.</u>

7

<u>**פרט תשיעי**</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>**מהות העבירה**</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשל"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>**פרטי העבירה**</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>**מר ויורל אוקטביא פלורסקו ז"ל**</u>.

<u>**פרט עשירי**</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>**מהות העבירה**</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשל"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>**פרטי העבירה**</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום הרביעי –
נגרם מותה של <u>**גב' רוזה בונה ז"ל**</u>.

<u>**פרט אחד עשר**</u> : <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>**מהות העבירה**</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשל"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>**פרטי העבירה**</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של <u>**גב' דנה איטח ז"ל**</u>.

8

<u>פרט שנים עשר</u> :(פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשי"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאערה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר רומן חונדיאשווילי ז"ל</u>.

<u>פרט שלושה עשר</u> :(פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשי"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאערה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר אלי צפורה ז"ל</u>.

<u>פרט ארבעה עשר</u> :(פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשי"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאערה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של <u>גב' נטליה גמריל ז"ל</u>.

9

<u>פרט חמישה עשר</u>: (פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u>: ניסיון גרימת מות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תשל"ה – 1970; וסעיפים 20-19, 14 ו- 2 לצו בדבר כללי
האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לניסיון גרימת
מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיעארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת המחבל
המתאבד.

<u>פרט שישה עשר</u>:

<u>מהות העבירה</u>: ניסיון גרימת מות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשל"ה – 1970; וסעיפים 20-19 ו- 14 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח- 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור, במהלך חודש פברואר 04' או בסמוך לכך, היה שותף
לניסיון גרימת מותם של אחרים בכוונה, דהיינו:

1. במועד הנ"ל, תיכננו הנאשם הנ"ל והפעיל הצבאי עז-אלדין עליאן לבצע
פיגוע ירי באיזור אלח'דר.

בהתאם לכך, יצאו הנאשם ועז-אלין עליאן לאיזור אלח'דר לערוך תצפיות
במקום. בהתאם לתצפיות, החליטו הנאשם וחברו לעשות את הפיגוע באותו
יום בשעות הלילה.

2. הנאשם יצר קשר עם הפעיל הצבאי עלי אבו-הלאיל וביקש ממנו כי ייפגש
עימו בביתו. עלי אבו-הלאיל נענה בחיוב לבקשת הנאשם, נפגש עימו בביתו,
וסיפר לו אודות פיגוע הירי המתוכנן.

הנאשם הציע לעלי אבו-הלאיל ליטול תפקיד של תצפיתן במהלך ביצוע
הפיגוע וכן לבדוק את הדרך בטרם ביצוע הפיגוע; עלי אבו-הלאיל הסכים
להצעתו של הנאשם.

3. בהתאם, יצאו הנאשם, כשתחא חמוש ברובה קלצ'יניקוב, עז-אלדין עליאן
שהיה חמוש ברובה M – 16 ועלי אבו-הלאיל לכיוון איזור אלח'דר וזאת
עי"מ לבצע את הפיגוע.

4. כשהגיעו לאיזור המתוכנן החליטו לדחות את מועד ביצוע הפיגוע וזאת כדי
לא לפגוע בהכנות לפיגוע ההתאבדות שאותו תכננו חברי החוליה.

10

<u>**פרט שבעה עשר (פ"א 17869/04 תחנת מוריה):**</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

1.  מספר ימים עובר למועד הנ"ל, תיכננו הנאשם הנ"ל והפעיל הצבאי עז-אלדין עליאן לבצע פיגוע התאבדות וזאת במטרה לגרום למותם של אזרחים ישראליים.

     עז-אלדין עליאן הודיע לנאשם כי איתר אדם בשם מוחמד זעול (להלן – **המתאבד**) המוכן לבצע פיגוע התאבדות.

2.  ביום 17/2/04 או בסמוך לכך, נפגש עז-אלדין עליאן עם המתאבד בכפר חוסאן, בבמהלך הפגישה הסכים המתאבד לבצע את פיגוע ההתאבדות המתוכנן. בסיומה סיכם עז-אלדין עליאן עם המתאבד להיפגש עימו בסמוך לכניסיית המולד בבית-לחם ביום 21/2/04 בשעה 16:00.

3.  עז-אלדין עליאן עידכן את הנאשם בדבר תוכן הפגישה ובדבר הסכמתו של המתאבד לבצע את פיגוע ההתאבדות; בהתאם לכך, יצר הנאשם קשר עם אחיו הפעיל הצבאי מאהר מקדאד שגר בעזה, עידכן אותו בדבר התכנון לבצע פיגוע ההתאבדות, וביקש ממנו סכום של 3,000 ₪ ע"מ להכין את תיק הנפץ לפיגוע ההתאבדות וכן לקנות מצלמת וידאו לצורך צילום המתאבד (וזאת בהתאם לבקשתו של מאהר מקדאד לצלם את המתאבד בטרם ביצוע פיגוע ההתאבדות).

     מאהר מקדאד נענה בחיוב לבקשתו של הנאשם והעביר לחשבון בבנק הערבי בבית-לחם, שרשום על שמו של הנאשם, סכום של 3,000 ₪ לצורך מימון פיגוע ההתאבדות, וזאת כפי שסוכם עם הנאשם.

4.  ביום 18/2/04 או בסמוך לכך, ניגש הנאשם לבנק הערבי בבית-לחם ומשך את סכום הכסף שהועבר אליו ממאהר מקדאד.

     הנאשם רכש באמצעות חלק מסכום הכסף מצלמת וידאו ומצלמה רגילה לצורך צילום המתאבד. כמו-כן העביר הנאשם לעלי אבו-חלאיל ואחמד אבו-עידב סכום כסף וזאת ע"מ שירכשו חומרים לצורך הכנת תיק הנפץ לפיגוע ההתאבדות.

5.  בהתאם, עלי אבו-חלאיל קיבל מהפעיל הצבאי מאהר חאתם זכריא מחמוד אלאערג' (להלן – **חאתם אלאערג'**) ארבעה ליטר של חומר כימי מסוג מי-

11

חמצן ומהפעיל הצבאי אחמד עודה 40 ליטר חומר כימי מסוג אצטון ; עלי אבו-חלאיל העביר לנאשם 12 ליטר חומר כימי מסוג מי-חמצן ו- 12 ליטר חומר כימי מסוג אצטון.

6. ביום 20/2/04 ייצר הנאשם יחד עם עלי אבו-חלאיל ועז-אלדין עליאל בביתו של הנאשם את חומר הנפץ מסוג "אום-אלעבד" המיועד לביצוע פיגוע ההתאבדות. הנאשם הסביר לעלי אבו-חלאיל כיצד להכין קופסה מעץ לתיק הנפץ, וזה הכין את הקופסה כפי שהסביר לו הנאשם.

7. בסמוך לכך, ביקש הנאשם מאחמד אבו עידב לבדוק עם מוחמד מעאלי אם הוא מוכן להוביל את המתאבד לביצוע פיגוע ההתאבדות. בהתאם לכך, נפגש אחמד אבו-עידב עם מוחמד מעאלי וביקש ממנו כי יוביל מתאבד נוסף לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. מוחמד מעאלי נענה בחיוב לכך.

באותו יום בשעות הערב, הגיע אחמד אבו-עידב לביתו של הנאשם כאשר ברשותו כרוז שעליו כתוב "חוללית איימן גיודה של ארגון גדודי חללי אלאקצא" ; אחמד אבו-עידב העביר את הכרוז לנאשם וזאת כדי שישמש כתמונת רקע בעת צילומו של המתאבד – וכמו-כן עידכן את הנאשם כי מוחמד מעאלי מוכן להוביל את המתאבד.

8. למחרת בבוקר, העביר אחמד אבו-עידב לנאשם מסמרי ברזל, וזאת ע"מ שהאחרון ידביק אותם לתיק הנפץ וזאת כדי להגביר ולהחמיר את הפגיעות בעת פיצוץ מטען הנפץ. הנאשם קיבל את מסמרי הברזל והדביק אותם לתיק הנפץ.

באותו יום, בסמוך לשעה 16:10, הגיע עז-אלדין עליאן מלווה במתאבד לביתו של הנאשם ע"מ להכין אותו לקראת היציאה לפיגוע.

בנוסף, הביא אחמד אבו-עידב לנאשם רובה קלצ'יניקוב ורימון יד ע"מ שהנאשם יצלם את המתאבד כשהוא מחזיק ברשותו אמל"ח זה.

9. הנאשם ועז-אלדין עליאן נתנו למתאבד אוכל ובגדים חדשים. לאחר שסעדו ביחד עם המתאבד את ארוחת הערב כתב עז-אלדין עליאן צוואה עבור המתאבד ; הנאשם ועז-אלדין עליאן צילמו את המתאבד כשהוא מקריא את הצוואה שלו. כשסיימו לצלם את המתאבד החל הנאשם לייצר את תיק הנפץ שישמש בביצוע פיגוע ההתאבדות. סמוך לשעה 5:30 בבוקר של היום שלמחרת סיים הנאשם לייצר את תיק הנפץ.

10. כשסיים לייצר את תיק הנפץ, כאמור ביום 22/4/04, התקשר הנאשם אל אחמד אבו-עידב, הודיע לו כי הכל מוכן וביקש ממנו כי לבוא ע"מ להוציא את המתאבד לביצוע פיגוע ההתאבדות.

12

בהתאם לכך, יצר אחמד אבו-עידב קשר עם מוחמד מעאלי וביקש ממנו כי ייפגש עימו. שניהם נפגשו וביחד נסעו לכיוון ביתו של הנאשם שבו הסתתר המתאבד. אחמד אבו-עידב ביקש ממוחמד מעאלי כי ימתין בסמוך למקום הנמצא במרכז בית-לחם.

11. בסמוך לשעה 6:00 הגיע אחמד אבו-עידב לביתו של הנאשם, לקח מהנאשם את תיק הנפץ ויצא ביחד עם המתאבד לכיוון מרכז בית-לחם; שם הפגיש את המתאבד עם מוחמד מעאלי. משם יצא המתאבד יחד עם מוחמד מעאלי לכיוון ירושלים כאשר הם עוברים דרך כפר הולגיה וזאת עייימ לבצע את פיגוע ההתאבדות המתוכנן.

12. סמוך לשעה 6:15 נפגש אחמד אבו-עידב עם הנאשם ועידכן אותו כי המתאבד יצא עם המוביל לביצוע פיגוע ההתאבדות. בהתאם לכך, עידכן הנאשם את אחיו מאחר מוקדאד בדבר יציאתו של המתאבד לביצוע פיגוע ההתאבדות.

13. מוחמד מעאלי הוביל את המתאבד למקום הנמצא בסמוך לקניון מלחה בירושלים; שם נפרד ממנו וחזר לאיזור.

14. בסמוך לאחר-מכן עלה המתאבד לאוטובוס אגד קו 14 שנסע מכיוון דניה לכיוון גן הפעמון, כשברשותו תיק הנפץ. כשנעצר האוטובוס באחד הרמזורים הפעיל המתאבד את תיק הנפץ בכוונה לגרום למותם של מספר רב של בני אדם, כתוצאה מכך התפוצץ תיק הנפץ בתוך האוטובוס (להלן – **פיגוע ההתאבדות**).

15. כתוצאה מפיגוע ההתאבדות נגרם מותה של **גב׳ יפה בן שימול ז״ל**.

<u>**פרט שמונה עשר**</u>: (פ״א 17869/04 תחנת מוריה)

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תשל״ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה**: הנאשם חנ״ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד ועול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של **מר יובל אוזנה ז״ל**.

13

<u>פרט תשעה עשר</u> (פ"א 17869/04 תחנת מוריה):

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר רחמים דוגה ז"ל</u>.

<u>פרט עשרים</u> (פ"א 17869/04 תחנת מוריה):

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר יהודה חיים ז"ל</u>.

<u>פרט עשרים ואחד</u> (פ"א 17869/04 תחנת מוריה):

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר אילן אביסדריס ז"ל</u>.

14

**פרט עשרים ושניים** :(פ"א 17869/04 תחנת מוריה)

**מהות העבירה** : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה** : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
השבעה עשר – נגרם מותו של **מר בניה יונתן צוקרמן ז"ל**.

**פרט עשרים ושלושה** :(פ"א 17869/04 תחנת מוריה)

**מהות העבירה** : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה** : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
השבעה עשר – נגרם מותו של **מר אזולאי ליאור ז"ל**.

**פרט עשרים וארבעה** :(פ"א 17869/04 תחנת מוריה)

**מהות העבירה** : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה** : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
השבעה עשר – נגרם מותו של **מר נתנאל חבשוש ז"ל**.

15

<u>פרט עשרים וחמשה</u> (<u>פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u>: ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיפים 19-20, 14 ו- 2 לצו בדבר כללי
האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לניסיון גרימת
מוות של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע התאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
השבעה עשר – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת
המחבל המתאבד.

<u>פרט עשרים וששה</u>:

<u>מהות העבירה</u>: קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם
אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל יחד עם הפעיל הצבאי עלי אבו-הלאיל
להניח מטען חבלה באיזור בית-גיאלא ולהפעילו כנגד ג'יפ צבאי שיעבור במקום.
עפ"י התוכנית, בעת פיצוץ מטען החבלה לעבר הג'יפ הצבאי יפתחו הנאשם וחברו
בירי לעבר החיילים שבג'יפ וזאת בכוונה לגרום למותם.

הנאשם וחברו תיכננו לחטוף בסיום הפעולה את גופות החיילים ולהסתיר אותן
במקום מסתור וזאת ע"י לנהל מו"מ עם מדינת ישראל לשחרור אסירים
פלסטינים.

הנאשם וחברו תיכננו לגייס למשימה זו עוד שלושה פעילים צבאיים שישתתפו
יחד עימם בביצוע הירי לעבר הג'יפ.

אולם, כעבור מספר ימים נעצרו הנאשם וחברו וכתוצאה מכך סוכלה תוכנית זו.

16

<u>פרט עשרים ושבעה</u>:

<u>מהות העבירה</u>: קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם
אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל לחטוף אוטובוס ישראלי ולהוביל אותו
לכניסיית המולד בבית-לחם וזאת ע"מ לנהל מו"מ עם מדינת ישראל לשחרור
אסירים. בהתאם לתוכנית שאותה רקם הנאשם: שני מתאבדים חמושים
בחגורות נפץ יעלו לאוטובוס ישראלי מלא בנוסעים ויורו לנהג האוטובוס לנסוע
לכניסיית בית-לחם. במידה ונהג האוטובוס לא נעתר להוראות המתאבדים
יאיימו עליו אלה בפיצוץ חגורות הנפץ.

עפ"י התוכנית, כאשר האוטובוס יגיע לבית-לחם יוכנסו כל נוסעיו לתוך
הכנסייה, והחוטפים יחלו בניהול מו"מ לשחרור אסירים פלסטיניים בתמורה
לשחרור נוסעי האוטובוס.

הנאשם תיכנן למלכד את החצר של הכנסייה במטעני חבלה ע"מ למנוע מכוחות
צה"ל מלהתקרב לכנסייה. בנוסף תיכנן הנאשם להציב בתוך הכנסייה שני
מתאבדים חמושים בבלוני-גז שיהיו מוכנים להתפוצץ בתוך הכנסייה במידה
וכוחות צה"ל יכנסו לכנסייה.

הנאשם עידכן את הפעיל הצבאי עז-אלדין עליאן אודות התוכנית, וזה הביע
נכונות ליטול בה חלק.

בנוסף עידכן הנאשם את הפעיל הצבאי עלי אבו-חלאיל אודות התוכנית; וזה
התלהב מהרעיון וסיפר לו כי הוא מכיר אדם תושב הכפר וולג'ה בשם האתם
אלאערג' שבניצע נכונות לבצע פיגוע התאבדות וכי ניתן יהיה לשלב אותו בביצוע
הפיגוע בהתאם לתוכנית שרקם הנאשם. ברשותו של עלי אבו-חלאיל היה מי-
חמצן ואצטון, והנאשם תיכנן לייצר באמצעות חומרים אלה וחומרים נוספים את
חגורות הנפץ שישמשו את המתאבדים.

עפ"י התוכנית שנרקמה, ע"מ להאיץ את ניהול המו"מ לשחרור האסירים תיכננו
הנאשם וחברו עלי אבו-חלאיל להניח על אחד החטופים מטען חבלה ולשלוח
אותו לכיוון כוחות צה"ל שיתאספו במקום ולפוצץ אותו עליהם. בסיום המו"מ
תיכנן הנאשם וחבריו להתנות את שחרור בני הערובה בהסעתם לעזה.

ביום 5/3/04 עידכן הנאשם את אחיו מאהר מקדאד בדבר התוכנית שנרקמה;
אולם זה לא התלהב מהתוכנית וביקש מהנאשם כי ימשיך להוציא אל הפועל
פיגועי התאבדות.

כעבור מספר ימים נעצר הנאשם, וכך סוכלה תוכנית זו.

17

**פרט עשרים ושמונה:**

**מהות העבירה:** קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

**פרטי העבירה:** הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל יחד עם חברו עלי אבו-הלאיל לבצע פיגוע התאבדות כפול, שבמסגרתו יתפוצץ אחד המתאבדים במקום הומה אדם בישראל וזאת בכוונה לגרום למותם של אזרחים ישראליים, ובמקביל ימתין מתאבד נוסף במכונית תופת בסמוך למקום שבו תתכנס הממשלה לצורך קבלת החלטת תגובה על הפיגוע; או-אז כאשר יגיע אחד השרים לישיבת הממשלה, יפוצץ המתאבד השני את מכונית התופת בכוונה לגרום למותו של השר.

ברם, בסמוך לאחר-מכן נעצרו הנאשם וחברו וכך סוכלה תוכנית זו.

**פרט עשרים ותשעה:**

**מהות העבירה:** קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

**פרטי העבירה:** הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנו הנאשם וחברו עלי אבו-הלאיל להוציא לפועל פיגוע התאבדות כפול בתוך שטח מדינת ישראל; עפ"י התכנון, אחד המתאבדים יעלה לאוטובוס הומה נוסעים ויפוצץ את עצמו בתוך האוטובוס וזאת בכוונה לגרום למותם של מספר רב של נוסעים – ואילו המתאבד השני ימתין בעד כשהוא לבוש בבגדי כוחות ההצלה, כשברשותו מטען חבלה השוקל 25 ק"ג, וכאשר יתקרבו למקום כוחות ההצלה יפוצץ המתאבד את עצמו וזאת בכוונה לגרום למותם של כמה שיותר אזרחים ישראליים.

הנאשם וחברו תיכננו לצייד את אחד המתאבדים במטען במשקל 25 ק"ג וזאת ע"מ להגביר את עוצמת הפיצוץ והיקפו.

ברם, בסמוך לאחר-מכן נעצרו הנאשם וחברו וכתוצאה מכך לא יצאה תוכנית זו אל הפועל.

18

נאג׳י        עאמר,        סרן

תובע                      צבאי

**רשימת עדי התביעה :**

1. 100835-8 רס״ר יצחק יעקובוף (גובה הודאות הנאשם מיום 7/3/04 ומיום 9/3/04, ותופס כתב יד הנאשם מיום 7/3/04).

2. 7-95311 רס״ר משה לוי (גובה הודאת הנאשם מיום 8/3/04 ועורך מסדר תמונות לנאשם מיום 8/3/04).

3. 99106 רס״מ יעקב ברזני (גובה הודאת הנאשם מיום 24/3/04 ותופס כתב ידו של הנאשם מיום 24/3/04).

4. 907377113 מוחמד עיסא מוחמד מעאלי (עצור בת.ת. 1338/04).

5. 901415984 חילמי ע״א-כרים מוחמד המאש (עצור בת.ת. 1300/04).

6. 964291868 אסמאעיל ע״א-רחמאן מוחמד אלפראגׁין (עצור בת.ת. ).

7. 906194063 עז-אלדין ח׳אלד חסין חמאמרה (עצור בת.ת. 1246.04).

8. 920629276 עלי מוחמד חמאד אבו-חלאיל (עצור בת.ת. 1216/04).

9. 901739656 אחמד צלאח אחמד צלאח (עצור בת.ת. 1247/04).

**פ״ח 09891/04 מת״מי ירושלים :** (פיגוע התאבדות בתוך אוטובוס קו 19

10. 43438654 ניר אזולאי (פרטים בתביעה).

11. 80408453 עדנאן סעידה (פרטים בתביעה).

12. רישח קריי (פרטים בתביעה).

13. סבטלנה מילניקר (פרטים בתביעה).

14. אולנה סקריפה (פרטים בתביעה).

15. 055661458 דוריה שליו (פרטים בתביעה).

16. 07788383 יוסף חדד (פרטים בתביעה).

17. 0300679925 משה בניטה (פרטים בתביעה).

18. 038583837 כרמל שרייר (פרטים בתביעה).

19. 053927372 עליזה אליחו (פרטים בתביעה).

20. 0307353110 לילית שריגה (פרטים בתביעה).

21. 307207332 ארינה פוטיומקין (פרטים בתביעה).

22. 058123977 גד ליסטנברג (פרטים בתביעה).

23. 002379493 מרים דרעי (פרטים בתביעה).

24. 056521644 ורד לוזון (פרטים בתביעה).

25. 035816180 דוד בר-סלע (פרטים בתביעה).

26. 034325944 יעל רובינשטיין (פרטים בתביעה).

27. 071666614 נעים ברזאוי (פרטים בתביעה).

28. 001909134 שרה קיסר (פרטים בתביעה).

19

29. 321135395 לידייה וויגר (פרטים בתביעה).

30. 054584362 בחירה סעדו (פרטים בתביעה).

31. מ.ר. 73774 ד"ר קומבר (מסמכים רפואיים הנוגעים למר נעים ברזאוי).

32. מ.ר. 24151 ד"ר מיכלבסקי (מסמכים רפואיים הנוגעים לגב׳ שרה קיסר).

33. מ.ר. 25068 ד"ר יוטקין (מסמכים רפואיים הנוגעים לגב׳ בחירה סעדו).

34. ד"ר א. וולף (מסמכים רפואיים הנוגעים לגב׳ בחירה סעדו).

35. חווי"ד מעבדת חבלה (תועבר בהמשך).

36. מסמכים רפואיים.

37. רשימות נפגעים (רשומה מוסדית).

(פ"א 17869/04 **תחנת מוריה**): (פיגוע התאבדות בתוך אוטובוס קו 14)

38. 7449502 אמוץ נילי (פרטים בתביעה).

39. 9797523 אברהם דוד (פרטים בתביעה).

40. 31464167 בנימין בן לולו (פרטים בתביעה).

41. 7633634 אזולאי שושנה (פרטים בתביעה).

42. 03083175 דויד בן חמו (פרטים בתביעה).

43. 024942724 יניב לוי (פרטים בתביעה).

44. 303717631 בוריס פיסקרה (פרטים בתביעה).

45. 0304050040 ויקטוריה טטריץ (פרטים בתביעה).

46. 311825574 מאיה מליניצר (פרטים בתביעה).

47. 003416716 דוב גולדפלם (פרטים בתביעה).

48. 040182115 אסף כהן (פרטים בתביעה).

49. ד"ר א. דוויטש (מסמכים רפואיים).

50. 324605005 אלה לזרנקו (פרטים בתביעה).

51. ד"ר פלור (מסמכים רפואיים).

52. 321868663 נטליה סורפין (פרטים בתביעה).

53. ד"ר פלור שרון (מסמכים רפואיים).

54. 065322471 אברהם פור (פרטים בתביעה).

55. 0801523812 עיסא עביד (פרטים בתביעה).

56. 039276126 אליהו מזרחי (פרטים בתביעה).

57. 075775239 מאיר אהרון (פרטים בתביעה).

58. 039195862 אפרת סיוון סימון (פרטים בתביעה).

59. 200713410 גל-אור שמש (פרטים בתביעה).

60. 34985 ד"ר חמרה גירבי (מסמכים רפואיים).

20

61. 009797523 דוד אברהם (פרטים בתביעה).

62. 21503 ד"ר שלום פרידמן (מסמכים רפואיים).

63. 043553338 לירן בן סימון-טוב (פרטים בתביעה).

64. 22674 ד"ר פרסון בנימין (מסמכים רפואיים).

65. 066079948 יוסף סלבוסקי (פרטים בתביעה).

66. 024942724 יניב לוי (פרטים בתביעה).

67. 009797523 דויד אברהם (פרטים בתביעה).

68. 034441659 נועה דיאטלוביצקי (פרטים בתביעה).

69. 34991 ד"ר מיקי אביטל (מסמכים רפואיים).

70. 030803175 דוד בן חמו (פרטים בתביעה).

71. 054973698 שמעון שושן (פרטים בתביעה).

72. 0300302668 מאי שיריוזלי (פרטים בתביעה).

73. 35035 ד"ר גולדמן (מסמכים רפואיים).

74. 025300955 יהודה מלול (פרטים בתביעה).

75. 031503105 עודד חבשוש (פרטים בתביעה).

76. מסמכים רפואיים (רשומה מוסדית).

77. 307048298 לימור בטרייאב (דו"ח תפיסה).

78. 969480516 עיסא זעול (דגימות גנטיות).

79. 969480524 בדיעה זעול (דגימות גנטיות).

80. סמי"ר שאדי רבאח (זכ"ד).

81. 4668654 אלי מלכה (מזכר).

82. חוו"ד מעבדת חבלה (תועבר בהמשך).

83. 73160-4 פקד איגור פקרמן (דו"ח תפיסה וסימון).

84. פרופ' י.היס (חוו"ד פתולוגית).

85. ד"ר ו. קרסין.

86. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).

87. ד"ר צ' כהנא.

88. ד"ר ר.נחמן (חוו"ד פתולוגית).

89. ד"ר ק' זייצב.

90. ד"ר חן קוגל (חוו"ד המכון הלאומי לרפואה משפטית).

91. ד"ר בירטולון לוי (חוו"ד פתולוגית).

92. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).

93. תעודות פטירה.

מס. No. 998/13

## CERTIFICATION OF COPY

אישור העתק

I the undersigned Yitzhak Weinberg, a
Notary in 33 Soreq Street, Beit
Shemesh, Israel
Hereby certify that the attached document
marked **"A"** is a correct copy of the
original document which is drawn up in
the Hebrew language and has been
produced to me.

אני הח״מ יצחק ווינברג נוטריון
בירושלים ברחוב נחל שורק 33 בית שמש

מאשר כי המסמך המצורף והמסומן
באות ״א״ הינו העתק מדויק של
המסמך המקורי שנערך בשפה העברית
ושהוצג בפני.

In witness whereof I certify the
correctness of the copy and I hereto set
my signature and seal,

ולראיה הנני מאשר את דיוק ההעתק
הנ״ל, בחתימת ידי ובחותמי,

This day December 28, 2013

היום 28 דצמבר 2013

Paid 191.00 shekels (including VAT)

שולם סך של 191.00 ש״ח (כולל מע״מ)

SIGNATURE _____   חתימה

NOTARY'S SEAL    חותם הנוטריון





# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

**1. STATE OF ISRAEL**

١. מדינת ישראל

This public document

מסמך ציבורי זה

2. Has been signed by    Yitzhak Weinberg - Advocate
33 Soreq Street, Israel
Advocate _____ L.N.24260

٢. נחתם בידי    יצחק וויינברג עו"ד
עו"ד _____

3. Acting in capacity of Notary

٣. המכהן בתור נוטריון.

4. Bears the seal/stamp of

٤. נושא את החותם/החותמת

the above Notary

של הנוטריון הנ"ל

## Certified

## אושר

5. At the Magistrates Court of Jerusalem

٥. בבית משפט השלום בירושלים

6. Date _____  = 1 -61- 2014

٦. ביום _____

31/14

7. By an official appointed by
Minister of Justice under the
Notaries Law, 1976.

٧. על ידי מי שמונה בידי שר
המשפטים לפי חוק הנוטריונים,
התשל"ו - 1976

8. Serial number _____

٨. מס' סידורו _____

9. Seal/Stamp _____

٩. החותם / החותמת _____

10. Signature _____

١٠. חתימה _____



צבא     הגנה     לישראל

בבית המשפט הצבאי          תיק בימ"ש 04/ 3371

ב י ה ו ד ה          תיק תביעה 1238/04

בפני     חרכב          תיק פ.א.  1271/04 חברון

9891/04 מתא"מ י-ם

178694/04 מוריה

במשפט שבין :

התובע הצבאי

- המאשים -

- נ ג ד -

ע"א-רחמאן (זאהר) יוסף ע"א-רחמאן מקדאד (המכונה: "אבו-אחמד"; "אבו אל-קאסם")

(עצור מיום 6/3/04)

ת.ז. 410066625 יליד 4/8/76 מבית-לחם

- הנאשם -

## כתב אישום

הנאשם הנ"ל מואשם כזאת, בביצוע העבירות הבאות :

### פרט ראשון :

**מהות העבירה :** ירי לעבר אדם או מקום שבני אדם עשויים להימצא בו, עבירה לפי תקנה 58(א) לתקנות החגנה (שעת חירום), 1945 ; וסעיף 14 לגו בדבר כללי האחריות לעבירה (יו"יש) (מס' 225), תשכ"ית- 1968.

**פרטי העבירה :** הנאשם הנ"ל, באזור, במהלך חודש יולי 01' או בסמוך לכך, היה שותף לירי לעבר אדם או מקום שבני אדם עשויים להימצא בו, דהיינו :

במועד הנ"ל, יצא הנאשם הנ"ל כשהוא חמוש ברובה מסוג קלצ'ניקוב לכיוון הישוב בית-גיאלא ע"מ לבצע פיגוע ירי לעבר אורחים ישראליים בהר גילה.

הנאשם הגיע לנקודה שבה הצטרפו מספר פעילים ביחד עימו ע"מ לירות לעבר הר גילה.

הנאשם ירה מהרובה האמור חמישה כדורים, והאחרים שהיו במקום ירו גם הם לעבר הר גילה.

C:\Documents and Settings\s6903112\Local Settings\Temporary Internet Files\OLK2\1238-04.doc

2

<u>פרט שני</u>:

<u>מהות העבירה</u>: החזקת אמל״ח, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970.

<u>פרטי העבירה</u>: הנאשם הנ״ל, באזור, במהלך חודש מרץ 02׳ או בסמוך לכך, החזיק ברשותו חומר נפץ, פצצה וכלי יריה מבלי שהיה ברשותו היתר ממפקד צבאי או מטעמו.

דהיינו, במועד הנ״ל, פנה הנאשם הנ״ל אל הפעיל הצבאי אחמד מוגרבי וביקש ממנו מטעני חבלה. אחמד מוגרבי היפנה את הנאשם אל חבר חוליתו הצבאית אחמד צלאח אחמד צלאח (חמכונה: אחמד אבו-עי׳דב) (להלן – **אחמד אבו-עי׳דב**) ואמר לו כי אחמד אבו-עי׳דב ימסור לו חומר נפץ מסוג ״אום-אלעבד״ ליצור מטעני תחבלה.

הנאשם נפגש עם אחמד אבו-עי׳דב וקיבל ממנו 4 ק״ג חומר נפץ מסוג ״אום-אלעבד״. הנאשם ייצר באמצעות חלק מהכמות שקיבל 4 מטעני ציגור, ואת יתר הכמות שמר.

במהלך מבצע ״חומת מגן״ הסתתר הנאשם בכנסיית המולד בבית-לחם כשברשותו המטענים.

בנוסף, במהלך שחייתו בכנסייה האמורה מצא הנאשם אקדח, הנאשם לקח את האקדח והסתיר אותו מאחורי ארון בכנסייה – וכשחזר לקחת אותו לא מצא אותו במקום.

<u>פרט שלישי</u>:

<u>מהות העבירה</u>: ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970, וסעיפים 19-20, 14 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח- 1968.

<u>פרטי העבירה</u>: הנאשם הנ״ל, באזור, בסוף שנת 03׳ או בסמוך לכך, היה שותף לניסיון גרימת מותם של אחרים בכוונה, דהיינו :

1.  במועד הנ״ל, הציע הפעיל הצבאי אחמד אבו-עי׳דב לנאשם הנ״ל לצאת עימו לבצע פיגוע ירי לעבר כלי רכב ישראליים. הנאשם נענה בחיוב, ויצא יחד עם אחמד אבו-עי׳דב וערך סיור מקדים במקום שאותו איתר אחמד אבו-עי׳דב. הנאשם ואחמד אבו-עי׳דב הגיעו לאיזור בית-הספר ״תליתא קומי״ ומצאו כי מקום זה טוב לביצוע הפיגוע.

2.  בסמוך לכך, ביקש הנאשם מהפעיל הצבאי עלי מחמד חמאד אבו-הלאיל (להלן – עלי אבו-הלאיל) לצאת ולבצע סיור מקדים באיזור ירי באזור. עלי אבו-הלאיל נענה בחיוב, ויצא בסמוך לשעה 00 :2 למקום ואת כדי לוודא שאין

3

מכשולים בדרך. בנוסף גייס הנאשם את עז-אלדין חיאלד חסין חמאמרה (המכונה עז-אלדין עליאן) (להלן – **עז-אלדין עליאן**) והפעיל הצבאי אסמאעיל עי'א-רחמאן מחמד אלפראגין (להלן – **אסמאעיל אלפראגין**) לביצוע יחד עימם את פיגוע הירי.

3. בסמוך לשעה 00:3, התקשר עלי אבו-חלאיל לנאשם ועדכן אותו בדבר המצב ואמר לו כי אין מניעה לבצע את הפיגוע המתוכנן.

4. בהתאם לכך, יצא הנאשם כשהוא חמוש ברובה קלצ'ניקוב יחד עם עז-אלדין עליאן שהיה חמוש ברובה 16-M ואסמאעיל אלפראגין כשהוא חמוש ברובה 16 – M לכיוון האיזור עי'מ לבצע את הפיגוע, אסמאעיל אלפראגין הסיע אותם ברכב שהביא.

5. כשהגיעו לאיזור המתוכנן, הורה הנאשם לעלי אבו-חלאיל לחזור לביתו, והנאשם ועז-אלדין עליאן ארבו בסמוך למקום במרחק 20 מטר מחביש לכלי רכב ישראליים שיעברו במקום. אסמאעיל אלפראגין נותר ברכב.

6. בסמוך לשעה 30:3, עבר במקום ג'יפ צבאי; או-אז פתחו הנאשם וחברו באש לעבר הג'יפ.

7. הג'יפ המשיך בנסיעה, הנאשם וחברו נמלטו לכיוון הרכב בו המתין להם אסמאעיל אלפראגין, וביחד נמלטו מהמקום.

<u>פרט רביעי</u> :   <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם חנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

1. בתחילת חודש ינואר 04' או בסמוך לכך, יצר הנאשם קשר עם הפעיל הצבאי אחמד מוגירבי וביקש ממנו כי יכיר לו פעילים צבאיים שיוכרו לו בייצור חומרי נפץ ומטעני חבלה וזאת עי'מ לבצע פיגועים נגד מטרות ישראליות, וכן איתור מתאבדים לצורך ביצוע פיגועי התאבדות. בהתאם לכך, יצר אחמד מוגירבי קשר עם הפעיל הצבאי עלי אבו-חלאיל וביקש ממנו כי ייפגש עם פלוני (בכוונו לנאשם) עי'מ לעזור לו בפעילותו הצבאית. עלי אבו-חלאיל נפגש עם הנאשם בהתאם להתחייבותו של אחמד מוגירבי, בפגישה ביקש ממנו הנאשם כי יעזור לו בייצור חומרי נפץ. הלה הסכים לכך.



4

2. בסמוך לכך פנה הפעיל הצבאי חלמי עי״א-כרים מחמד המאש (להלן – **חלמי המאש**) אל עלי ג׳אברה והציע לו להפגישו עם פעיל צבאי שישלח אותו לביצוע פיגוע התאבדות. עלי ג׳אברה (להלן – **המתאבד**) הביע נכונות לכך.

בהתאם לכך, הפגיש חלמי המאש את הפעיל הצבאי אחמד אבו-עידב עם המתאבד בפגישה שבמהלכה בירר אחמד אבו-עידב עם המתאבד את מידת נכונותו לבצע פיגוע התאבדות.

במהלך הפגישה הביע המתאבד נכונות לבצע את הפיגוע. בהתאם ביקש אחמד אבו-עידב מהמתאבד להתכונן לביצוע פיגוע ההתאבדות.

3. בסמוך לכך, פנה עלי אבו-חלאיל לנאשם ועידכן אותו כי הצליח להשיג שני קי״ג חומר נפץ מסוג אום-אלעבד וכן חומר כימי מסוג מסוג אצטון. בהזדמנות זו העביר עלי אבו-חלאיל לנאשם את חומר הנפץ מסוג אום-אלעבד, והנאשם ביקש ממנו כי יעביר אליו את האצטון ובנוסף חומר כימי מסוג מי-חמצן המשמשים לייצור חומר נפץ.

4. ביום שלמחרת, נפגש הנאשם עם עלי אבו-חלאיל וקיבל ממנו 36 ליטר של אצטון וכן 10 ליטר של מי-חמצן ; הנאשם סיפר לעלי אבו-חלאיל כי בכוונתו להשתמש בחומרים אלה ע״מ לייצר חומר נפץ שישמש מתאבד בביצוע פיגוע התאבדות, בהזדמנות זו הסביר עלי אבו-חלאיל לנאשם כיצד יש לערבב את החומרים כדי ליצור את חומר הנפץ. הנאשם הסתיר את החומרים בביתו.

5. כעבור מספר ימים הגיע לביתו של הנאשם אחמד אבו-עידב וסיפר לו כי איתר אדם המוכן לבצע פיגוע התאבדות.

ביום 28/1/04 או בסמוך לכך, פנה שוב אחמד אבו-עידב לנאשם, וביקש ממנו כי יכין ברחיפות תיק נפץ באמצעות חומר הנפץ שברשותו וזאת מאחר ובכוונתו לשלוח את המתאבד לפיגוע ההתאבדות.

או-אז, ביקש הנאשם מאחמד אבו-עידב כי יקנה עבורו חומרים לייצור תיק הנפץ (שנכללו בין היתר : תיק, סוללות, מפסק וכו׳...). אחמד אבו-עידב נענה בחיוב וקנה ביחד עם חלמי המאש עבור הנאשם את כל שנתבקש וזאת כדי שיוכל להכין את תיק הנפץ בחקדם האפשרי. בנוסף, ניסו אחמד אבו-עידב וחלמי המאש למצוא מצלמת וידאו ע״מ לצלם את המתאבד בטרם ביצוע הפיגוע, אולם לא הצליחו בכך – ולפיכך החליטו להוציא את המתאבד לביצוע הפיגוע מבלי לצלמו במצלמת וידאו.

6. בסמוך לכך, פנה אחמד אבו-עידב אל הפעיל הצבאי מורחמד עיסא מחמד מעאלי (להלן – **מורחמד מעאלי**) וביקש ממנו להוביל מתאבד החמוש בחגורת נפץ לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. מורחמד מעאלי הביע נכונות לכך.



5

בהתאם לכך, הפגיש אחמד אבו-עידב את מוחמד מעאלי עם המתאבד.

7. במקביל לאמור לעיל, ייצר חנאשם כמות נוספת של חומר הנפץ "אום
אלעבד" במשקל 12 ק"ג, וייצר באמצעותו תיק נפץ לביצוע פיגוע התאבדות.

חנאשם ביקש מאחמד אבו-עידב לבוא עימו לקחת את תיק הנפץ.

8. כעבור מספר דקות הגיע אחמד אבו-עידב יחד עם המתאבד ומוחמד מעאלי
לביתו של חנאשם; מוחמד מעאלי המתין בחוץ ואילו המתאבד ואחמד אבו-
עידב נכנסו לביתו של חנאשם. חנאשם חסביר לאחמד אבו-עידב ולמתאבד
כיצד להפעיל את תיק הנפץ והעביר לחם את תיק הנפץ עימו שזה ישמש
בפיגוע התאבדות וזאת בכוונה לגרום למותם של אזרחים ישראליים.

9. בסמוך לכך, יצאו מוחמד מעאלי, המתאבד ואחמד אבו-עידב לכיוון
האוניברסיטה בבית-לחם; שם נטרל אחמד אבו-עידב את מנגנון האבטחה
של מטען החבלה עימו לוקחין אותו לפעולה. לאחר-מכן עזב אחמד אבו-עידב
את מוחמד מעאלי עם המתאבד.

10. לאחר-מכן בסמוך לשעה 6:30, חוביל מוחמד מעאלי את המתאבד לכיוון
ירושלים דרך כפר וולגיה עד שהגיעו סמוך לקניון מלחה בירושלים. שם
נפרד מוחמד מעאלי מהמתאבד וחזר לאיזור.

11. בסמוך לכך, עלה המתאבד לאוטובוס אגד בקו 19 שנסע לכיוון כיכר פריז;
כשהגיע האוטובוס לפינת רחובות ארלוזורוב ועוז, סמוך לשעה 8:45,
הפעיל המתאבד את תיק הנפץ שהחזיק עליו בכוונה לגרום למותם של
מספר רב של בני אדם. כתוצאה מכך, חתפוצץ תיק הנפץ בתוך האוטובוס
(להלן – **פיגוע ההתאבדות**).

12. כתוצאה מפיגוע ההתאבדות נגרם מותו של **אברהם בלחסן ז"ל**.



## פרט חמישי :    (פ"א 09891/04 מת"מ ירושלים)

**מהות העבירה** : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(א) לצו בדבר הוראות ביטחון
(יו"ש) (מסי 378), תשל"ל – 1970), וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה** : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'ועארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של **גב' חנה בונדר ז"ל**.

6

<u>פרט שישי</u> :    <u>(פ"א 04/09891 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של <u>גב' ענת דרום ז"ל</u>.                    ✓

<u>פרט שביעי</u> :    <u>(פ"א 04/09891 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר יחזקאל גולדברג ז"ל</u>.                    ✓

<u>פרט שמיני</u> :    <u>(פ"א 04/09891 מת"מ ירושלים)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר ולדי צדיק מנברה ז"ל</u>.                    ✓



7

<u>פרט תשיעי</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> :   גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> :   הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותו של <u>מר ויורל אוקטביא פלורסקו ז"ל</u>.

<u>פרט עשירי</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> :   גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> :   הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום הרביעי –
נגרם מותה של <u>גב' רוחה בונה ז"ל</u>.

<u>פרט אחד עשר</u> :    <u>(פ"א 09891/04 מת"מ ירושלים)</u>

<u>מהות העבירה</u> :   גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> :   הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי גיאארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נגרם מותה של <u>גב' דנה איטח ז"ל</u>.



8

<u>פרט שנים עשר</u>: (פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1 ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'יעארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם חיה שותף לו כאמור בפרט האישום הרביעי – נגרם מותו של <u>מר רומן חונדיאשוויילי ז"ל</u>. ✓

<u>פרט שלושה עשר</u>: (פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1 ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'יעארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם חיה שותף לו כאמור בפרט האישום הרביעי – נגרם מותו של <u>מר אלי צפורה ז"ל</u>. ✓

<u>פרט ארבעה עשר</u>: (פ"א 09891/04 מת"מ ירושלים)

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1 ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'יעארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם חיה שותף לו כאמור בפרט האישום הרביעי – נגרם מותח של <u>גב' נטליה גמרייל ז"ל</u>. ✓



9

**פרט חמישה עשר (פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה:** ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תשל"ל – 1970; וסעיפים 19-20, 14 ו- 2 לצו בדבר כללי
האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לניסיון גרימת
מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד על פי גיסארה בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
הרביעי – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת המתאבד
המתאבד.

**פרט שישה עשר:**

**מהות העבירה:** ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשל"ל – 1970; וסעיפים 19-20 ו- 14 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח- 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור, במהלך חודש פברואר 04' או בסמוך לכך, היה שותף
לניסיון גרימת מותם של אחרים בכוונה, דהיינו:

1. במועד הנ"ל, תיכננו הנאשם הנ"ל והפעיל החבאבי עז-אלדין עליאן לבצע
   פיגוע ירי באיזור אלחדר.

   בהתאם לכך, יצאו הנאשם ועז-אלין עליאן לאיזור אלחדר לערוך תצפיות
   במקום. בהתאם לתצפיות, החליטו הנאשם וחברו לעשות את הפיגוע באותו
   יום בשעות הלילה.

2. הנאשם יצר קשר עם הפעיל החבאבי עלי אבו-הלאיל וביקש ממנו כי ייפגש
   עימו בביתו. עלי אבו-הלאיל נענה בחיוב לבקשת הנאשם, ונפגש עימו בביתו,
   וסיפר לו אודות פיגוע הירי המתוכנן.

   הנאשם הציע לעלי אבו-הלאיל ליטול תפקיד של תצפיתן במהלך ביצוע
   הפיגוע וכן לבדוק את הדרך בטרם ביצוע הפיגוע; עלי אבו-הלאיל הסכים
   להצעתו של הנאשם.

3. בהתאם, יצאו הנאשם, כשהוא חמוש ברובה קלצ'ניקוב, עז-אלדין עליאן
   שהיה חמוש ברובה M – 16 ועלי אבו-הלאיל לכיוון איזור אלחדר וזאת
   עימו לבצע את הפיגוע.

4. כשהגיעו לאיזור המתוכנן החליטו לדחות את מועד ביצוע הפיגוע וזאת כדי
   לא לפגוע בהכנות לפיגוע מחתאבדות שאותו תכננו חברי החוליה.



10

<u>פרט שבעה עשר (פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(א) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תשל"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

1. מספר ימים עובר למועד הנ"ל, תיכננו הנאשם הנ"ל והפעיל הצבאי עז-אלדין עליאן לבצע פיגוע התאבדות וזאת במטרה לגרום למותם של אזרחים ישראלים.

— עז-אלדין עליאן הודיע לנאשם כי איתר אדם בשם מוחמד זעול (להלן – המתאבד) המוכן לבצע פיגוע התאבדות.

2. ביום 17/2/04 או בסמוך לכך, נפגש עז-אלדין עליאן עם המתאבד בכפר חוסאן, בבמהלך הפגישה הסכים המתאבד לבצע את פיגוע ההתאבדות המתוכנן. בסיומה סיכם עז-אלדין עליאן עם המתאבד להיפגש עימו בסמוך לכנסיית המולד בבית-לחם ביום 21/2/04 בשעה 16:00.

3. עז-אלדין עליאן עידכן את הנאשם בדבר תוכן הפגישה וכדבר הסכמתו של המתאבד לבצע את פיגוע ההתאבדות; בהתאם לכך, יצר הנאשם קשר עם אחיו חפעיל הצבאי מאהר מקדאד שגר בעזה, עידכן אותו בדבר התכנון לבצע פיגוע התאבדות, וביקש ממנו סכום של 3,000 ₪ עימ להכין את תיק הנפץ לפיגוע ההתאבדות וכן לקנות מצלמת וידאו לצורך צילום המתאבד (וזאת בהתאם לבקשתו של מאהר מקדאד לצלם את המתאבד בטרם ביצוע פיגוע ההתאבדות).

מאהר מקדאד נענה בחיוב לבקשתו של הנאשם והעביר לחשבון בבנק חערבי בבית-לחם, שרשום על שמו של הנאשם, סכום של 3,000 ₪ לצורך מימון פיגוע ההתאבדות, וזאת כפי שסוכם עם הנאשם.

4. ביום 18/2/04 או בסמוך לכך, ניגש הנאשם לבנק הערבי בבית-לחם ומשך את סכום הכסף שהועבר אליו ממאהר מקדאד.

הנאשם רכש באמצעות חלק מסכום הכסף מצלמת וידאו ומצלמה רגילה לצורך צילום המתאבד. כמו-כן העביר הנאשם לעלי אבו-חליאיל ואחמד אבו-עירד סכום כסף וזאת עימ שירכשו חומרים לצורך הכנת תיק הנפץ לפיגוע ההתאבדות.

5. בהתאם, עלי אבו-חליאיל קיבל מחפעיל הצבאי חאתם זכריא מחמוד אלאערגי (להלן – **חאתם אלאערגי**) ארבעה ליטר של **חומר כימי מסוג מי-**

יצחק
וויינברג
YITZHAK
WEINBERG
NOTARY

11

חמצן ומהפעיל הצבאי אחמד עודה 40 ליטר חומר כימי מסוג אצטון ; עלי
אבו-חלאיל העביר לנאשם 12 ליטר חומר כימי מסוג מי-חמצן ו- 12 ליטר
חומר כימי מסוג אצטון.

6. ביום 20/2/04 יצר הנאשם יחד עם עלי אבו-חלאיל ועז-אלדין עליאן בביתו
של הנאשם את חומר הנפץ מסוג "אום-אלעבד" המיועד לביצוע פיגוע
התאבדות. הנאשם הסביר לעלי אבו-חלאיל כיצד להכין קופסה מעץ לתיק
הנפץ, וזה הכין את הקופסה כפי שהסביר לו הנאשם.

7. בסמוך לכך, ביקש הנאשם מאחמד אבו עידב לבדוק עם מוחמד מואלי אם
הוא מוכן להוביל את המתאבד לביצוע פיגוע ההתאבדות. בהתאם לכך,
נפגש אחמד אבו-עידב עם מוחמד מואלי וביקש ממנו כי יוביל מתאבד נוסף
לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. מוחמד מואלי נענה
בחיוב לכך.

באותו יום בשעות הערב, הגיע אחמד אבו-עידב לביתו של הנאשם כאשר
ברשותו כרוז שעליו כתוב "חוליית אימן גיודה של ארגון גדודי חללי
אלאקצא", אחמד אבו-עידב העביר את הכרוז לנאשם וזאת כדי שישמש
כתמונת רקע בעת צילומו של המתאבד – וכמו-כן עידכן את הנאשם כי
מוחמד מואלי מוכן להוביל את המתאבד.

8. למחרת בבוקר, העביר אחמד אבו-עידב לנאשם מסמרי ברזל, וזאת ע"מ
שהאחרון ידביק אותם לתיק הנפץ וזאת כדי להגביר ולהחמיר את הפגיעות
בעת פיצוץ מטען הנפץ. הנאשם קיבל את מסמרי הברזל והדביק אותם
לתיק הנפץ.

באותו יום, בסמוך לשעה 16:10, הגיע עז-אלדין עליאן מלווה במתאבד
לביתו של הנאשם ע"מ להכין אותו לקראת היציאה לפיגוע.

בנוסף, הביא אחמד אבו-עידב לנאשם רובה קלצ'ניקוב ורימון יד ע"מ
שהנאשם יצלם את המתאבד כשהוא מחזיק ברשותו אמלי"ח זה.

9. הנאשם ועז-אלדין עליאן נתנו למתאבד אוכל ובגדים חדשים. לאחר שסעדו
ביחד עם המתאבד את ארוחת הערב כתב עז-אלדין עליאן צוואה עבור
המתאבד ; הנאשם ועז-אלדין עליאן צילמו את המתאבד כשהוא מקריא את
הצוואה שלו. כשסיימו לצלם את המתאבד החל הנאשם לייצר את תיק
הנפץ שישמש בביצוע פיגוע ההתאבדות. סמוך לשעה 5:30 בבוקר של חיום
שלמחרת סיים הנאשם לייצר את תיק הנפץ.

10. כשסיים לייצר את תיק הנפץ, כאמור ביום 22/4/04, התקשר הנאשם אל
אחמד אבו-עידב, הודיע לו כי חבל מוכן וביקש ממנו כי לבוא ע"מ להוציא
את המתאבד לביצוע פיגוע ההתאבדות.

בהתאם לכך, יצר אחמד אבו-עידב קשר עם מוחמד מעאלי וביקש ממנו כי
ייפגש עימן. שניהם נפגשו וביחד נסעו לכיוון ביתו של הנאשם שבו הסתתר
המתאבד. אחמד אבו-עידב ביקש ממוחמד מעאלי כי ימתין בסמוך למקום
הנמצא במרכז בית-לחם.

11. בסמוך לשעה 6:00 הגיע אחמד אבו-עידב לביתו של הנאשם, לקח מהנאשם
את תיק הנפץ ויצא ביחד עם המתאבד לכיוון מרכז בית-לחם; שם הפגיש
את המתאבד עם מוחמד מעאלי. משם יצא המתאבד יחד עם מוחמד מעאלי
לכיוון ירושלים כאשר הם עוברים דרך כפר חולניה וזאת ע"מ לבצע את
פיגוע ההתאבדות המתוכנן.

12. סמוך לשעה 6:15 נפגש אחמד אבו-עידב עם הנאשם ועידכן אותו כי
המתאבד יצא עם המוביל לביצוע פיגוע ההתאבדות. בהתאם לכך, עידכן
הנאשם את אחיו מאחר מוקדאד בדבר יציאתו של המתאבד לביצוע פיגוע
ההתאבדות.

13. מוחמד מעאלי הוביל את המתאבד למקום הנמצא בסמוך לקניון מלחה
בירושלים; שם נפרד ממנו וחזר לאיזור.

14. בסמוך לאחר-מכן עלה המתאבד לאוטובוס אגד קו 14 שנסע מכיוון דניה
לכיוון גן הפעמון, כשברשותו תיק הנפץ. כשנעצר האוטובוס באחד
הרמזורים הפעיל המתאבד את תיק הנפץ בכוונה לגרום למותם של מספר
רב של בני אדם, כתוצאה מכך התפוצץ תיק הנפץ בתוך האוטובוס (להלן –
**פיגוע ההתאבדות**).

15. כתוצאה מפיגוע ההתאבדות נגרם מותה של <u>גבי יפה בן שימול ז"ל</u>.

<u>פרט שמונה עשר (פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u>: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון
(יו"ש) (מס' 378), תשי"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה
(יו"ש) (מס' 225), תשכ"ח – 1968.

<u>פרטי העבירה</u>: הנאשם חנ"ל, באיזור ומחוץ לאיזור, בתאריך 22/2/04, היה שותף לגרימת מותם
של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד ועול בכוונה לגרום
למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום
חשבעה עשר – נגרם מותו של <u>מר יובל אהרונה ז"ל</u>.

יצחק
ווינברג
YITZHAK
WEINBERG

13

<div dir="rtl">

<u>פרט תשעה עשר :(פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר רחמים דואגה ז"ל.</u>

<u>פרט עשרים :(פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר יהודה חיים ז"ל.</u>

<u>פרט עשרים ואחד :(פ"א 17869/04 תחנת מוריה)</u>

<u>מהות העבירה</u> : גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תשל"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של <u>מר אילן אביסדריס ז"ל.</u>

</div>

יצחק
וויינברג
YITZHAK
WEINBERG
NOTARY

14

**פרט עשרים ושניים** (פ"א 17869/04 תחנת מוריה):

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1) ו- 7(3) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

בכך שהוציא מפיגוע התאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של **מר בניה יונתן צוקרמן ז"ל**. 

**פרט עשרים ושלושה** (פ"א 17869/04 תחנת מוריה):

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1) ו- 7(3) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

בכך שהוציא מפיגוע התאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של **מר אזולאי ליאור ז"ל**.

**פרט עשרים וארבעה** (פ"א 17869/04 תחנת מוריה):

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א)(1) ו- 7(3) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

בכך שהוציא מפיגוע התאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נגרם מותו של **מר נתנאל חבשוש ז"ל**.

15

## פרט עשרים וחמשה (פ"א 04/17869 תחנת מוריה)

**מהות העבירה:** ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיפים 19-20, 14, 1- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לניסיון גרימת מוות של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע התאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למוות של אזרחים ישראליים ושהנאשם היה שותף לו כאמור בפרט האישום השבעה עשר – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות, וכן מת המחבל המתאבד.

## פרט עשרים וששה :

**מהות העבירה:** קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968 ; וסעיף 51(א) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

**פרטי העבירה:** הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל יחד עם הפעיל החבאי עלי אבו-הלאיל להניח מטען חבלה באיזור בית-גיאלא ולהפעילו כנגד ג'יפ צבאי שיעבור במקום. עפ"י התוכנית, בעת פיצוץ מטען החבלה לעבר הג'יפ הצבאי יפתחו הנאשם וחברו בירי לעבר החיילים שבג'יפ וזאת בכוונה לגרום למותם.

הנאשם וחברו תיכננו לחטוף בסיום הפעולה את גופת החיילים ולהסתיר אותן במקום מסתור וזאת ע"מ לנהל מו"מ עם מדינת ישראל לשחרור אסירים פלסטינים.

הנאשם וחברו תיכננו לגייס למשימה זו עוד שלושה פעילים צבאיים שישתתפו יחד עימם בביצוע חירי לעבר הג'יפ.

אולם, כעבור מספר ימים נעצרו הנאשם וחברו וכתוצאה מכך סוכלה תוכנית זו.



16

<u>פרט עשרים ושבעה :</u>

<u>מהות העבירה :</u> קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות לעבירה (וי"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות ביטחון (וי"ש) (מס' 378), תש"ל – 1970.

<u>פרטי העבירה :</u> הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל לחטוף אוטובוס ישראלי ולהוביל אותו לכניסיית המולד בבית-לחם וזאת ע"מ לנהל מו"מ עם מדינת ישראל לשחרור אסירים. בהתאם לתוכנית שאותה רקם הנאשם: שני מתאבדים חמושים בתאוורות נפץ יעלו לאוטובוס ישראלי מלא בנוסעים ויורו לנהג האוטובוס לנסוע לכניסייה בבית-לחם. במידה ונהג האוטובוס לא ייעתר להוראות המתאבדים יאיימו עליו אלה בפיצוץ חגורות הנפץ.

עפ"י התוכנית, כאשר האוטובוס יגיע לבית-לחם יוכנסו כל נוסעיו לתוך הכניסייה, והחוטפים יחלו בניהול מו"מ לשחרור אסירים פלסטיניים בתמורה לשחרור נוסעי האוטובוס.

הנאשם תיכנן למלכד את החצר של הכנסייה במטעני חבלה ע"מ למנוע מכוחות צה"ל מלהתקרב לכנסייה. בנוסף תיכנן הנאשם להציב בתוך הכנסייה שני מתאבדים חמושים בבלוני-גז שיהיו מוכנים להתפוצץ בתוך הכנסייה במידה וכוחות צה"ל יכנסו לכנסייה.

הנאשם עידכן את תמעיל הצבאי עז-אלדין עליאן אודות התוכנית, וזה הביע נכונות ליטול בה חלק.

בנוסף עידכן הנאשם את הפעיל הצבאי עלי אבו-חלאיל אודות התוכנית; וזה התלהב מהרעיון וסיפר לו כי הוא מכיר אדם תושב הכפר וולג'ה בשם האתם אלאארג' שהביע נכונות לבצע פיגוע התאבדות וכי ניתן לשלב אותו בביצוע הפיגוע בהתאם לתוכנית שרקם הנאשם. ברשותו של עלי אבו-חלאיל היה מ-חמעו האנטון, והנאשם תיכנן לייצר באמצעות חומרים אלה וחומרים נוספים את חגורות הנפץ שישמשו את המתאבדים.

עפ"י התוכנית שנרקמה, ע"מ להאיץ את ניהול המו"מ לשחרור האסירים האסירים תיכננו הנאשם וחברו עלי אבו-חלאיל לחנית על אחד החטופים מטען חבלה ולשלוח אותו לכיוון כוחות צה"ל שיתאספו במקום ולפוצץ אותו עליהם. בסיום המו"מ תיכננו הנאשם וחבריו להתנות את שחרור בני הערובה בהסעתם לעזה.

ביום 5/3/04 עידכן הנאשם את אחיו מאחר מקדאד בדבר התוכנית שנרקמה; אולם זה היה התלהב מהתוכנית וביקש מהנאשם כי ימשיך להוציא אל הפועל פיגועי התאבדות.

כעבור מספר ימים נעצר הנאשם, וכך סוכלה תוכנית זו.



P 2: 222

17

<u>פרט עשרים ושמונה</u> :

<u>מהות העבירה</u> : קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם
אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנן הנאשם הנ"ל יחד עם חברו עלי אבו-הלאיל לבצע פיגוע
התאבדות כפול, שבמסגרתו יתפוצץ אחד המתאבדים במקום הומה אדם
בישראל וזאת בכוונה לגרום למותם של אזרחים ישראליים, ובמקביל ימתין 
מתאבד נוסף במכונית תופת בסמוך למקום שבו תתכנס הממשלה לצורך קבלת
החלטות תגובה על הפיגוע, או-אז כאשר יגיע אחד חברים לישיבת הממשלה,
יפוצץ המתאבד השני את מכוניתו התופת בכוונה לגרום למותו של חמר.

ברם, בסמוך לאחר-מכן נעצרו הנאשם וחברו וכך סוכלה תוכנית זו.

<u>פרט עשרים ותשעה</u> :

<u>מהות העבירה</u> : קשירת קשר לגרימת מוות בכוונה, עבירה לפי סעיף 22 לצו בדבר כללי האחריות
לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968; וסעיף 51(א) לצו בדבר הוראות
ביטחון (יו"ש) (מס' 378), תש"ל – 1970.

<u>פרטי העבירה</u> : הנאשם הנ"ל, באזור, בתחילת חודש מרץ 03' או בסמוך לכך קשר קשר עם
אחרים לגרום בכוונה למותו של אחר.

דהיינו, במועד הנ"ל תיכנו הנאשם וחברו עלי אבו-הלאיל להוציא לפועל פיגוע
התאבדות כפול בתוך שטח מדינת ישראל; עפ"י התכנון, אחד המתאבדים יעלה
לאוטובוס הומה נוסעים ויפוצץ את עצמו בתוך האוטובוס וזאת בכוונה לגרום
למותם של מספר רב של נוסעים – ואילו המתאבד השני ימתין בצד כשהוא לבוש
בבגדי כוחות ההצלה, כשברשותו מטען חבלה השוקל 25 ק"ג, וכאשר יתקרבו
למקום כוחות ההצלה יפוצץ המתאבד את עצמו וזאת בכוונה לגרום למותם של
כמה שיותר אזרחים ישראליים.

הנאשם וחברו תיכננו לצייד את אחד המתאבדים במטען במשקל 25 ק"ג וזאת
ע"מ להגביר את עוצמת הפיצוץ והיקפו.

ברם, בסמוך לאחר-מכן נעצרו הנאשם וחברו וכתוצאה מכך לא יצאה תוכנית זו
אל הפועל.

יצחק
וויינברג
YITZHAK
WEINBERG

18

<table>
<tr><td>סרן,</td><td>עאמר,</td><td>נאג'י</td></tr>
<tr><td>צבאי</td><td></td><td>תובע</td></tr>
</table>



<div dir="rtl">

**ידי התביעה :**

8-100835. רס"ר יצחק יעקובוף (גובה הודאות הנאשם מיום 7/3/04 ומיום 9/3/04, ותופס כתב יד הנאשם מיום 7/3/04).

7-95311. רס"ר משה לוי (גובה הודאות הנאשם מיום 8/3/04 ועורך מסדר תמונות לנאשם מיום 8/3/04).

3. 99106 רס"מ יעקב ברזני (גובה הודאות הנאשם מיום 24/3/04 ותופס כתב ידו של הנאשם מיום 24/3/04).

4. 907377113 מוחמד עיסא מוחמד מטאלי (עצור בת.ת. 1338/04).

5. 901415984 חילמי עי"א-כרים מוחמד המאש (עצור בת.ת. 1300/04).

6. 964291868 אסמאעיל עי"א-רחמאן מוחמד אלפראגיין (עצור בת.ת. ).

7. 906194063 עז-אלדין חיאלד חסין חמאמרה (עצור בת.ת. 1246.04).

8. 920629276 עלי מוחמד חמאד אבו-חלאיל (עצור בת.ת. 1216/04).

9. 901739656 אחמד צלאח אחמד צלאאח (עצור בת.ת. 1247/04).

**פ"א 09891/04 מת"ן מ' ירושלים :** (פיגוע התאבדות בתוך אוטובוס קו 19)

10. 43438654 ניר אזולאי (פרטים בתביעה).

11. 80408453 עדנאן סעידה (פרטים בתביעה).

12. רישה קריו (פרטים בתביעה).

13. סבטלנה מילניקר (פרטים בתביעה).

14. אולנה סקריפה (פרטים בתביעה).

15. 055661458 דזוריה שלזו (פרטים בתביעה).

16. 07788383 יוסף חדד (פרטים בתביעה).

17. 0300679925 משה בניטה (פרטים בתביעה).

18. 038583837 כרמל שרייר (פרטים בתביעה).

19. 053927372 עליזה אליהו (פרטים בתביעה).

20. 0307353110 ליליה שריגה (פרטים בתביעה).

21. 307207332 ארינה פוטיומקין (פרטים בתביעה).

22. 058123977 גד ליסטובברג (פרטים בתביעה).

23. 002379493 מרים דרעי (פרטים בתביעה).

24. 056521644 ורד לזוון (פרטים בתביעה).

25. 035816180 דוד בר-סלע (פרטים בתביעה).

26. 034325944 יעל רובינשטיין (פרטים בתביעה).

27. 071666614 נעים ברואי (פרטים בתביעה).

28. 001909134 שרה קיסר (פרטים בתביעה).

</div>

19

29. 321135395 לידייה וינר (פרטים בתביעה).

30. 054584362 בחירה סעדו (פרטים בתביעה).

31. מ.ר. 73774 ד״ר קומבר (מסמכים רפואיים הנוגעים למר נעים ברזאוי).

32. מ.ר. 24151 ד״ר מיכלבסקי (מסמכים רפואיים הנוגעים לגבי שרה קיסר).

33. מ.ר. 25068 ד״ר יוטקין (מסמכים רפואיים הנוגעים לגבי בחירה סעדו).

34. ד״ר א. וולף (מסמכים רפואיים הנוגעים לגבי בחירה סעדו).

35. חווי״ד מעבדת חבלה (תועבר בהמשך).

36. מסמכים רפואיים.

37. רשימות נפגעים (רשומה מוסדית).

**(פ״א 17869/04 תחנת מוריה):** (פיגוע התאבדות בתוך אוטובוס קו 14)



38. 7449502 אמוץ נילי (פרטים בתביעה).

39. 9797523 אברהם דוד (פרטים בתביעה).

40. 31464167 בנימין בן לולו (פרטים בתביעה).

41. 7633634 אוולאי שושנה (פרטים בתביעה).

42. 03083175 דויד בן חמו (פרטים בתביעה).

43. 024942724 יניב לוי (פרטים בתביעה).

44. 303717631 בוריס פיסקרח (פרטים בתביעה).

45. 0304050040 ויקטוריה טטריק (פרטים בתביעה).

46. 311825574 מאיה סלינוצר (פרטים בתביעה).

47. 003416716 דוב גולדפלם (פרטים בתביעה).

48. 040182115 אסף כהן (פרטים בתביעה).

49. ד״ר א. דוויטש (מסמכים רפואיים).

50. 324605005 אלה לורנקו (פרטים בתביעה).

51. ד״ר פלור (מסמכים רפואיים).

52. 321868663 נטליה סורפין (פרטים בתביעה).

53. ד״ר פלור שרון (מסמכים רפואיים).

54. 065322471 אברהם פור (פרטים בתביעה).

55. 0801523812 עיסא עביד (פרטים בתביעה).

56. 039276126 אליהו מזרחי (פרטים בתביעה).

57. 075775239 מאיר אהרון (פרטים בתביעה).

58. 039195862 אפרת סיוון סימון (פרטים בתביעה).

59. 200713410 גל-אור שמש (פרטים בתביעה).

60. 34985 ד״ר חמרה גרבי (מסמכים רפואיים).

20



61. 009797523 דוד אברהם (פרטים בתביעה).

62. 21503 ד"ר שלום פרידמן (מסמכים רפואיים).

63. 043553338 לירן בן סימן-טוב (פרטים בתביעה).

64. 22674 ד"ר פרסון בנימין (מסמכים רפואיים).

65. 066079948 יוסף סלבוסקי (פרטים בתביעה).

66. 024942724 יניב לוי (פרטים בתביעה).

67. 009797523 דויד אברהם (פרטים בתביעה).

68. 034441659 נועה דיאטלוביציק (פרטים בתביעה).

69. 34991 ד"ר מיקי אביטל (מסמכים רפואיים).

70. 030803175 דוד בן חמו (פרטים בתביעה).

71. 054973698 שמעון שושן (פרטים בתביעה).

72. 0300302668 מאי שיריזולי (פרטים בתביעה).

73. 35035 ד"ר גולדמן (מסמכים רפואיים).

74. 025300955 יהודה מלול (פרטים בתביעה).

75. 031503105 עודד חבשוש (פרטים בתביעה).

76. מסמכים רפואיים (רשומה מוסדית).

77. 307048298 לימור בטרייאב (דו"ח תפיסה).

78. 969480516 עיסא זעיל (דגימות גנטיות).

79. 969480524 בדיעה זעיל (דגימות גנטיות).

80. סמי"ר שאדי רבאח (זכ"יד).

81. 4668654 אלי מלכה (מזכר).

82. חוו"ד מעבדת חבלה (תועבר בהמשך).

83. 73160-4 פקד אינגר פקרמן (דו"ח תפיסה וסימון).

84. פרופ' י.חוס (חוו"ד פתולוגית).

85. ד"ר ו. קרסין.

86. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).

87. ד"ר צ' כהנא.

88. ד"ר ר. נחמן (חוו"ד פתולוגית).

89. ד"ר קי זייצב.

90. ד"ר חן קוגל (חוו"ד המכון הלאומי לרפואה משפטית).

91. ד"ר בירקוטולון לוי (חוו"ד פתולוגית).

92. ד"ר קנט פרנק גרסטון (חוו"ד פתולוגית).

93. תעודות פטירה.