

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
December 30, 2014

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels:

      I write concerning the Court's jury selection process. At the December 16, 2014 hearing, the Court provided the parties with a proposed jury questionnaire and invited them to "submit to [the Court] a letter either urging that [the Court] put something else back in [the questionnaire] or [] take something out." December 16, 2014 Hearing Tr. at 12:14-15. The Court also informed the parties of its plan to seat 16 jurors and to have no more than ten deliberate and asked the parties to notify the Court if they have "a different proposal" or "an objection." *Id.* at 16:2-17:18. Finally, the Court informed the parties that each side would exercise its objections for cause *ex parte* (*id.* at 110:15-17) and that the Court would invite back for voir dire "the people that both sides have checked off saying this is an acceptable person for voir dire." *Id.* at 19:22-23. Defendants now inform the Court of their position on each of these issues.

1. <u>Jury Questionnaire</u>

      Defendants do not object to any of the questions in the questionnaire. In addition to proposing minor modifications to a few questions (*see* questions 24, 25, 34, and 49), Defendants request that the Court include the following additional questions because they go directly to a juror's ability to be fair and impartial in this case:[1]

- 42a: Do you believe that your knowledge or feelings about the PLO or the PA could affect your ability to be fair and impartial in this trial? If yes, please explain.

---

[1] The complete questionnaire, with Defendants' proposed modifications and additional questions highlighted in yellow, is attached.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. George B. Daniels
December 30, 2014
Page 2

- 43a: In addition to the possible witnesses who may be called in this case, you may hear about the following individuals, groups, or names: Yasser Arafat, Mahmoud Abbas, Ehud Barak, Ariel Sharon, Fatah, the Al-Aqsa Martyrs Brigades (AAMB), and Hamas. If you think you have heard of one (or more) of these individuals, groups, or names, please indicate the individual, group, or name and how you have heard about that individual, group, or name.

- 43b: Do you believe that your knowledge or familiarity with any of these individuals, groups, or names listed above could affect your ability to be fair and impartial in this case? If yes, please explain.

- 45a: Do you believe that your knowledge of the "Israeli-Palestinian conflict" could affect your ability to be fair and impartial in this case? If yes, please explain.

- 46a: Do you personally know anyone who was killed or injured in an alleged terrorist attack that did NOT occur in Israel, the West Bank, or the Gaza Strip? If yes, please describe your relationship to that person(s).

- 46b: This case involves violent acts committed against civilians who died or were injured as a result of those acts. The allegation is that these were terrorist attacks. Do you have such strong feelings about the nature of this case or terrorism in general that you might not be able to be fair and impartial in this case? If yes, please explain.

These are non-argumentative, narrowly tailored questions that go to the heart of a juror's ability to be fair and impartial in this case. Defendants strongly urge the Court to include them in the questionnaire.

2. Number of Jurors

Defendants object to the Court's proposal to seat 16 jurors and have ten deliberate because it is foreclosed by Federal Rule of Civil Procedure 48(a), which states, "A jury *must* begin with at least 6 and no more than 12 members, and each juror *must* participate in the verdict unless excused under Rule 47(c)." *Id.* (emphasis added). The Advisory Committee Notes to Rule 47 also makes clear that "the institution of the alternate juror [has been] abolished." *Id.* Thus, Defendants request that the Court seat 12 jurors, all of whom will participate in the verdict unless excused for good cause under Rule 47(c).



Hon. George B. Daniels
December 30, 2014
Page 3

### 3. Voir Dire Process

Defendants object to the Court's proposed jury selection process. Congress has determined that "all litigants in Federal courts entitled to trial by jury *shall* have the right to . . . petit juries selected *at random* from a fair cross section of the community." 28 U.S.C. § 1861 (emphasis added) (emphasis added). The Court's jury selection process upends the randomness of the jury pool by moving those jurors whom both sides deem "acceptable for voir dire" ahead of all other jurors, including those who are qualified to sit. *See* December 16, 2014 Hearing Tr. at 19:21-23 ("I'm going to look for 20 to 30 of those people, in that order, the people that both sides have checked off saying this is an acceptable person for voir dire."). And because a party's objection for cause or failure to deem a juror "acceptable for void dire" is done *ex parte* and without judicial review, a party can effectively take jurors out of the random queue for impermissible reasons such as race, religion, or sex merely by checking the box, "Objection for Cause," or by checking no box at all. *See* 28 U.S.C. § 1862 ("No citizen shall be excluded from service as a . . . petit juror . . . on account of race, color, religion, sex, national origin, or economic status."); *see also Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) (holding that the equal protection component of the Fifth Amendment's Due Process Clause prohibits racial discrimination in jury selection in civil cases). Even if a litigant does not base such a decision on impermissible criteria, it is still the case that the Court's process allows a party to effectively eliminate a juror from participation without review or even knowledge by the opposing party. Accordingly, the Court should modify its proposed jury selection process, and take the jurors in the random order in which they have been listed, with appropriate inquiry into any areas of concern.

Defendants request that the Court seat jurors in the random order that they are initially assigned and excuse jurors for cause only after the Court hears from both parties and determines that the juror cannot be fair and impartial in this case. This request is made even more important given that the Court has, over objection, provided for an anonymous jury, further limiting the information available to parties in voir dire.

Sincerely,

Brian A. Hill