

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
December 30, 2014

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels:

      I write to request that the Court require the Plaintiffs to provide a representation about what four fact witnesses which were not disclosed during fact discovery will say at trial: Zvi Goldberg,[1] Anat Hazut, Meshulam Pearlman and Alex Stein. Plaintiffs have provided insufficient information for Defendants to adequately prepare to cross examine these witnesses at trial, and while Defendants could simply move to exclude them at this point, in the first instance Defendants request that the Plaintiffs be directed to provide a representation about what these witnesses will say at trial.

      Fact discovery closed on December 21, 2012. The names of the witnesses at issue were first disclosed in an email from Plaintiffs' counsel dated over a year later on January 6, 2014. Ex. 1. That email listed only their names and addresses. In the witness list appended to the proposed joint pretrial order which was submitted on January 22, 2014, the Plaintiffs indicated generically that Zvi Goldberg, Meshulam Pearlman and Alex Stein would testify "about the Predicate Attacks and/or the injuries they suffered and continue to suffer," and that Zvi Goldberg, Anat Hazut and Meshulam Pearlman would "serve as foundational witnesses for documents introduced by Plaintiffs during trial." JPTO Ex. 1-1 at 2, 4. The witness list did not disclose about which of the hundreds of documents listed as proposed trial exhibits these witnesses would testify regarding foundation. On February 12, 2014, another email from Plaintiffs' counsel provided bare-bones descriptions for three of the witnesses' proposed testimony. Ex. 2. In that email Zvi Goldberg was described as "a fact/damages witness for the Goldberg family," Meshulam Pearlman was described as "a fact eyewitness for the Goldberg bus bombing," and Alex Stein was described as "a fact eyewitness to the Hebrew University bombing." *Id.* No

---

[1] The Zvi Goldberg at issue in this letter is not a plaintiff in this action. There is a minor Plaintiff with a similar name that is spelled Tzvi.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. George B. Daniels
December 30, 2014
Page 2

further description of Anat Hazut's testimony has ever been provided. Defense counsel recently asked Plaintiffs' counsel to provide a representation about what these witnesses will say at trial, but Plaintiffs' counsel refused to do so asserting that their prior disclosures had been "very fulsome." Ex. 3.

The disclosures for these four witnesses are not adequate, and certainly are not "very fulsome," if by that term Plaintiffs mean "complete." Zvi Goldberg is described as "a fact/damages witness for the Goldberg family," Ex. 2, but Defendants have no idea what the substance of his trial testimony will be and Plaintiffs have declined to say more. Meshulam Pearlman and Alex Stein are each described as a "fact eyewitness" for the "Goldberg bus bombing" and "the Hebrew University bombing," *id.*, but Defendants do not know what they might say about those events at trial, and Plaintiffs have declined Defendants' request for that information. Similarly, Zvi Goldberg, Anat Hazut and Meshulam Pearlman are supposed to "serve as foundational witnesses for documents introduced by Plaintiffs during trial," JPTO Ex. 1-1 at 4, but Defendants do not know which of the hundreds of documents they will testify about, and Plaintiffs will not tell. Defendants are clearly prejudiced in their ability to prepare to examine the witnesses at trial, and Plaintiffs have made no effort to remediate that prejudice despite Defendants' request. Plaintiffs have likewise offered no explanation for their failure to disclose these witnesses before the close of fact discovery or to provide a meaningful description of the witnesses' testimony. Accordingly, Plaintiffs should be required to provide a representation about what these witnesses will say at trial so Defendants can reasonably prepare to examine them.

Sincerely,

Brian A. Hill

Miller & Chevalier Chartered