**ARNOLD & PORTER LLP**

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

December 30, 2014

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Sokolow, et al. v. Palestine Liberation Organization, et al.,*
>         Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write in response to defendants' letter of December 29 objecting to the video deposition testimony of Mossab Yousef. DE 680. Mr. Yousef, who was a confidential informant for Israeli authorities, is the son of Hamas leader Hassan Yousef. The key testimony by Mr. Yousef is about the arrest of Abdullah Barghouti, at which Mr. Yousef was personally present. This testimony shows that PA, PLO and Hamas leaders agreed amongst themselves that the PA would arrest Abdullah Barghouti—a known terrorist who had, among other things, made a bomb that ripped through a crowded Sbarro restaurant in downtown Jerusalem in August 2001—and later release him.

This testimony is crucial to show defendants' material support of Hamas because *after* his arrest (and subsequent release) by the PA, Abdullah Barghouti went on to make the bomb used in the Hebrew University bombing which killed the family members of four plaintiff families in this case. Although defendants cross-examined Mr. Yousef about many topics during his deposition, they did not think it was in their interest to examine him on the subject of the arrest of Abdullah Barghouti. Now, facing trial, they hope to keep out his essential fact testimony. The Court should reject their request.

We address below the five items raised by defendants.

1. **Arrest of Abdullah Barghouti.**

The testimony of Mr. Yousef is not hearsay. Defendants were at his deposition and were free to cross-examine him about all of his statements.

**ARNOLD & PORTER LLP**

Hon. George B. Daniels
December 30, 2014
Page 2


Mr. Yousef's testimony about the arrest of Barghouti appears on its face to be the witnesses' recollection about an event in which the witness actually participated. He said that the arrest happened at "the building next to our residence in Ramallah." He testified that "we heard…gunfire" and "we received a phone call and it was Marwan Barghouti, telling my father to meet with him outside because [Jibril Rajoub], the PA were trying to arrest two Hamas people." Contrary to defendants' assertion that the witness was speculating, the testimony that "Marwan Barghouti was trying to force [Jibril Rajoub] not to arrest them, and this is why he called my father" is most readily understood as a further description of what was said during the phone call and subsequent meeting.

To the extent, if any, that Mr. Yousef did not personally perceive any part of these matters, the statements of his father and of Marwan Barghouti describing these extraordinary events in real-time—against a background of gunfire and the arrest of a wanted terrorist—are admissible under Fed. R. Evid. 803(1)-(2) as textbook examples of "present sense impressions" and "excited utterances." For example, in *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002), the Second Circuit held that the district court properly admitted, under Rules 803(1) and 803(2), the testimony of a policeman regarding statements made by two witnesses to a crime because those statements were made immediately after the events at issue and in a state of excitement. Other courts have reached similar results. *See United States v. Lloyd*, 859 F. Supp. 2d 387, 394-95 (E.D.N.Y. 2012) (statement conveyed by phone caller regarding contemporaneously-observed events admissible under Rules 803(1)-(2)); *United States v. Harper*, 2009 WL 140125 at *2-3 (W.D.N.Y. Jan. 20, 2009) (same, collecting cases).

Similarly, Mr. Yousef's testimony that "the Palestinian Authority was afraid if they get into the place, they would get shot [and] they were afraid at the same time to kill Hamas bomb maker," is most readily understood either as a description of what was said and done, or lay witness opinion testimony based on actual observation of the scene as it unfolded which is admissible under Fed. R. Evid. 701. Again, defendants had the opportunity to cross-examine the witness to clarify this point and elected not to do so.

Finally, Mr. Yousef's testimony about a deal between Marwan Barghouti and PA Preventive Security Service commander Jibril Rajoub "on the side" appears to separate out personal observation from what happened away from the witness. The witness was very clear that he did not know "what they said" in the face to face side-meeting. But the witness certainly did know what was said in his presence after the side-meeting, and he appears to have faithfully reported that first-hand conversation in his testimony. Additionally, because Rajoub was the commander of the PA's Preventive Security

ARNOLD & PORTER LLP

Hon. George B. Daniels
December 30, 2014
Page 3

Service at that time and the events related to the exercise of his official authority his statements are by definition not hearsay—they are the statements of an opposing party as defined in Rule 801(d)(2). Moreover, all statements made by Rajoub and Marwan Barghouti about their sub rosa "deal" regarding terrorist Hamas bomber Abdullah Barghouti are admissible as statements against their penal interest. And since Marwan Barghouti was conspiring with PA security commander Rajoub on this issue his statements are also admissible under Rule 801(d)(2)(E) because they were made by the PA's "coconspirator during and in furtherance of the conspiracy."

Here, again, defendants had the opportunity to clear up any doubt about this conversation—but did not ask any questions about it.

Tellingly, defendants have not designated Rajoub himself—who was personally in the side-meeting—as a witness, even though he held very senior positions in the PA and PLO. *See* Ex. A (copy of Rajoub's business card). That omission is particularly glaring as Jibril Rajoub was personally implicated by Abdullah Barghouti himself as the individual who released him from prison, just as Mr. Yousef testified would be done. According to Abudllah Barghouti:

> "Jibril Rajoub delivered me and Bilal Barghouti [from prison] to Marwan Barghouti and we stayed in Marwan Barghouti's home for about three weeks. Marwan Barghouti's home is in Ramallah, it is next to the Arab Bank." Ex. B at P 7:127.

### 2. Background Testimony

Defendants admit that Mr. Yousef's foundational background is relevant "if the substantive designations discussed above [are] admitted."

### 3. Meetings of Arafat, Marwan Barghouti and the Witness

The fact that the witness personally attended meetings at which Arafat, Marwan Barghouti and his father (a Hamas founder) were present is useful information for the jury to understand the basis for his personal knowledge of the arrest of Abdullah Barghouti. In addition, the fact that Arafat and Marwan Barghouti—the two senior-most officers of the defendants—were attending meetings with Hamas, a designated terrorist

ARNOLD & PORTER LLP

Hon. George B. Daniels
December 30, 2014
Page 4

organization, is certainly relevant to whether the defendants provided material support to Hamas.

### 4. Torture By Hamas and Fatah

Plaintiffs withdraw their designation of the comment concerning torture by Hamas and Fatah.

### 5. Exhibit 12.

Plaintiffs do not intend to offer Exhibit 12 in evidence.

                                                             Respectfully,

                                                            Kent A. Yalowitz

cc:     All ECF Counsel