

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

December 31, 2014

**VIA ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

Plaintiffs have proffered as trial exhibits certain evidence concerning the alleged perpetrators and the aftermath of the seven attacks in this case. That evidence includes:

(1) Dozens of photographs and videos which purport to show the immediate aftermath of the shootings and bombings — including gruesome photographs of severed body parts (*see* PTE 474-476); images of the injured and dead (PTE 403, 409, 411, 453, 454, 1122, 1124, 1125, 1131, 1133); photographs of body bags (PTE 1130, 1131); news coverage following some of the attacks, which includes images of bodies on stretchers (PTE 242, 374, 489); and post-bombing photographs of destroyed buses and bus shelters (PTE 311, 1123, 1124, 1132);

(2) Photographs of the alleged perpetrators and others; and

(3) Proposed testimony by Meshulam Pearlman (a purported "fact eyewitness" to the "Goldberg bus bombing") and by Alex Stein (a purported "fact eyewitness" to the "Hebrew University bombing").[1]

The Court should exclude all of it. None of this evidence makes it more probable than not that either the PA or the PLO was responsible for any of the attacks at issue. In fact, the materials and proposed testimony have no probative value at all.

[1] The photographs and videos that purport to show the aftermath of the attacks are listed in the attachment marked Appendix A. The photographs of the alleged perpetrators (and others) are listed on Appendix B. While Plaintiffs claim that they intend to utilize this latter set of photographs at trial, they have not marked them with exhibit numbers. Copies of all of the photographs listed in Appendices A and B are included as Exhibit 1. Copies of the videos listed in Appendix A are included in the accompanying CD, which is marked as Exhibit 2.





***First***, all of the challenged evidence is irrelevant and therefore inadmissible. Evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Schultz*, 333 F.3d 393, 416 (2d Cir. 2003) (holding that evidence should be admitted as relevant only "if it makes a proposition more probable than not") (internal quotation marks omitted). At issue in this case is whether the Defendants can be found "vicariously liable under a theory of respondeat superior for the criminal activities of their employees during the scope of their employment," or for purported "direct violations of [the ATA] by providing material support and resources to the terrorist groups behind the attacks." DE 646 at 6-7.

While the Second Circuit has held that the "graphic or disturbing nature of a photograph alone is not enough to render it inadmissible," the court's analysis must focus on "whether the photograph is *relevant to the resolution of some disputed point in a trial or otherwise aids a jury in a factual determination*." *United States v. Salim*, 189 F. Supp. 2d 93, 98 (S.D.N.Y. 2002) (citing *United States v. Velazquez*, 246 F.3d 204, 210-211 (2d Cir. 2000). This is unlike cases where the defendants "vigorously contested" the nature and location of the explosion that killed the victims — and where the court concluded that photographs of the victims therefore "provided corroboration for the expert witnesses' conclusions regarding the cause of the blast and the resulting casualties and damage." *United States v. Salameh*, 152 F.3d 88, 122 (2d Cir. 1998). Photographs of the dead and injured (among other disturbing images), *see* Exh. 1, and "fact eyewitness" testimony about the "Goldberg bus bombing" and "the Hebrew University bombing" will not aid the jury in determining whether the PA or PLO are vicariously liable for the seven attacks in this case or whether either of the Defendants provided material support to the perpetrators of those attacks. Indeed, Plaintiffs have not even identified to which attack(s) several of the photographs relate. *See* App'x A. The proposed evidence concerning the "Goldberg bus bombing" and "the Hebrew University bombing" is also irrelevant to the Plaintiffs' damages as none of the surviving Plaintiffs witnessed these events, and none of the Plaintiffs are asserting claims for any conscious pain or suffering by the decedents. JPTO at 12. Testimony about the January 27, June 19 and July 31, 2002 bombings are also irrelevant because Defendants are entitled to summary judgment on all claims relating to those events. *See* DE 682. And photographs of the alleged perpetrators have absolutely no bearing at all on the resolution of any disputed fact at issue in this case. *Salim*, 189 F. Supp. 2d at 98.

***Second***, even if the proffered evidence had some minimum probative value, in most instances it would be substantially outweighed by the unfair prejudice to Defendants. Fed. R. Evid. 403. The Second Circuit has held that relevant evidence is prejudicial "when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (emphasis added). Provided that the district court "has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Al-Moayad*, 545 F.3d 139, 159-60 (2d Cir. 2008) (quotation marks omitted). "To avoid acting arbitrarily, the district court must make a conscientious assessment of whether unfair prejudice substantially outweighs probative value." *Id.* at 160 (quotation marks omitted).





Any minimal probative value that these materials might have is more than outweighed by the unfair prejudice to the Defendants. *See* Fed. R. Evid. 403. As with the undoubtedly graphic proposed testimony of Pearlman and Stein, the violent and gory nature of the images purportedly of the aftermath of the attacks, *see* Ex. 1, can only be intended to unfairly excite the jury's emotions against the Defendants. *See Figueroa*, 618 F.2d at 943 (holding that a defendant can be prejudiced when the evidence in question has the tendency "unfairly to excite emotions against the defendant"); *see also Hygh v. Jacobs*, 961 F.2d 359, 367 (2d Cir. 1992) (holding that it was an abuse of discretion to admit a mugshot photograph depicting the plaintiff's injuries when "[t]here was no dispute" that he was going through the booking process, and "therefore no need to allow the photograph in evidence to establish this obvious point" when "its admission inevitably fastened the jury's attention upon [his] injuries"). The images and testimony are therefore inadmissible.

The photographs listed in Appendix B are also unfairly prejudicial to the Defendants, especially when weighed against their very minimal value. Plaintiffs have identified no witnesses who can authenticate any of the photographs or identify the individuals depicted. It would unfairly prejudice the Defendants if Plaintiffs were permitted to use these photographs at trial and simply ask the jury to take their word for it — especially those photographs depicting individuals posing with firearms. *See* Ex. 1 (photographs of men holding guns who are purported to be Ali Jaara, Mazen Freitakh, Mohamed Haskaika, Raed al Karmi, and Said Awada). Indeed, one of these photographs of a man with a gun purports to be of Raed al Karmi, who was not convicted or otherwise implicated as a perpetrator in any of attacks at issue, and the other photographs of men with guns purport to be persons implicated in bombings, not shootings. Thus, any probative value of those images is outweighed by their unfairly prejudicial effect.

Some of these photographs are not even of "convicted perpetrators," but of current or former PA officials who were not implicated in any of the attacks at issue, much less "convicted" as "perpetrators" of those attacks. *See* Ex. 1 (photographs purportedly of Fuad al Shubaki, Hassan Abu Libdeh, Hussein al Sheikh, Jibril Rajoub, Mahmoud Damara, Mazen Jadallah, Mohammed Dahlan, and Tawfiq Tirawi). These photographs are not relevant to any issue in this case and also should not be admitted at trial.

***Third***, almost all of the photographs and videos should be excluded because Plaintiffs did not produce them during the fact discovery period. Fact discovery closed on December 21, 2012. DE 131. As reflected in Appendix A, the vast majority of the photographs and videos of the aftermath of the attacks — 24 of 28 — were not disclosed to the Defendants until well after discovery had closed. The photographs of the alleged perpetrators were not produced until just days ago — two years after discovery closed. *See* Ex. 3. And there is no witness (or at least not any witness disclosed during fact discovery) who can lay a foundation for the admission of any of these materials. Plaintiffs should therefore be barred from presenting all photographs and videos that were disclosed after the discovery cut-off. During fact discovery, Magistrate Judge Ellis repeatedly told the parties that if documents were not produced during fact discovery, they would not be allowed at trial. *See* DE 551 at 4-6. Plaintiffs have offered no justification for





their late production of these materials, and Defendants will obviously be prejudiced by their introduction at trial. Accordingly, these materials should be excluded pursuant to the prior orders of the Court and Federal Rule of Civil Procedure 37(c).

Sincerely,

Brian A. Hill

Enclosures