# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK SOKOLOW, *et al.*,

                Plaintiffs,

- against -

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                Defendants.

-------------------------------------------------------------------X

Docket No:
04-CV-397 (GBD) (RLE)

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS (TO THE SOKOLOW PLAINTIFFS)

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively "Defendants"), by their counsel, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and, where applicable, Responses to "Plaintiffs' First Request for Admissions to Defendants," dated November 21, 2012 ("Request" or "Requests"), and state as follows:

### GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent that they seek admissions concerning matters that are "in dispute." *See* Fed. R. Civ. P. 36, cmts.

3. Defendants object to the Requests to the extent that they refer to documents that were not created by Defendants or cannot be authenticated by Defendants through a reasonable

emphasis or some other reason. The failure to include any general objection in any specific responses does not waive any general objection to that request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST:**

1. The Palestinian Authority TV and Radio, the Palestinian Broadcasting Corporation, ("PBC") are under the direct control of the PA.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 1 on the grounds that, as potentially construed, the use of the words and phrases "Palestinian Authority TV and Radio" and "under the direct control of" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 1. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request.

**REQUEST:**

2. The PBC is the official media service of the PA government.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 2 on the grounds that, as potentially construed, the use of the words and phrases "official media service" and "PA government" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 2. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that the PBC serves as a news agency of the PA.

**REQUEST:**

3. WAFA Palestine News and Information Agency ("WAFA") is the official PA news service.

**OBJECTIONS:**

Defendants incorporate herein by reference the foregoing General Objections. In addition, Defendants object to Request No. 3 on the grounds that, as potentially construed, the use of the words and phrase "official PA news service" is vague and ambiguous.

**RESPONSE:**

Defendants incorporate herein by reference the foregoing General and Specific Objections to Request No. 3. Subject to, and without waiving those Objections, Defendants respond based on their understanding and interpretation of the terms contained in the Request as follows:

Defendants deny this Request as phrased, but state that WAFA is currently an official news agency of the PA.

**REQUEST:**

4. WAFA is affiliated with the PLO Executive Committee.

5