# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

December 31, 2014

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
     Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

  I write in response to the defendants' objections to the Court's jury selection procedures. DE 686.

1.  **(a) Jury Questionnaire—Defendants' Proposed Modifications**. Plaintiffs respond to the defendants' proposed modifications to the Court's jury questionnaire as follows:

    - *"Minor Modifications to Questions 24, 25, 34, and 49"*: Plaintiffs object to the insertion of "religious" in Questions 24 and 25, as well as the insertion of the phrase "or the questions that have been asked in this questionnaire" in Question 49. Plaintiffs do not object to defendants' proposed modifications of Questions 34 and 40.

    - *Question 42a*: Plaintiffs do not object to the addition of Question 42a, if it contains the following modification: "Do you ~~believe that your knowledge or feelings~~ have strong feelings or opinions about the PLO or the PA ~~could affect your ability to be fair and impartial in this trial~~? If yes, please explain."

    - *Question 43a*: Plaintiffs do not object to the addition of Question 43a.

    - *Question 43b*: Plaintiffs do not object to the addition of Question 43b, if it contains the following modification: "Do you ~~believe that your knowledge or familiarity with~~ have strong feelings or opinions about any

# ARNOLD & PORTER LLP

Hon. George B. Daniels
December 31, 2014
Page 2

> of these individuals, groups, or names ~~listed above could affect your ability to be fair and impartial in this case~~? If yes, please explain."

- *Question 45a*: Plaintiffs object to the addition of this question. It is duplicative of Question 45 and overly suggestive.

- *Question 46a*: Plaintiffs do not object to the addition of Question 46a.

- *Question 46b*: Plaintiffs do not object to the addition of Question 46b, if it contains the following modification: "This case involves violent acts committed against civilians who died or were injured as a result of these acts. The allegation is that these were terrorist attacks. Do you have ~~such~~ strong feeling<u>s or opinions</u> about the nature of ~~this case or~~ terrorism in general ~~that you might not be able to be fair and impartial in this case~~? If yes, please explain."

**(b) Jury Questionnaire—Plaintiffs' Proposed Modifications**. Plaintiffs request that the Court add the following 4 questions to the jury questionnaire, as well as alter the wording of Question 45 as indicated:

- In a case where someone commits a serious crime, should the perpetrator's childhood be a factor in determining his innocence or guilt? If yes, please explain.

- Do you have strong feelings or opinions about people or their families receiving compensation due to injuries or death? If yes, please explain.

- Do you follow Middle East news and events? If yes, what is of particular interest to you within Middle East news and events?

- There are people who believe or accept the notion that the World Trade Center was destroyed by a Western conspiracy and not by a terrorist attack. What are your views on this issue? Please explain.

- *Proposed Modification to Question 45*: "~~How knowledgeable do you consider yourself to be~~ <u>Do you have strong feelings or opinions</u> about what is sometimes referred to as 'the Israeli-Palestinian conflict'?"

ARNOLD & PORTER LLP

Hon. George B. Daniels
December 31, 2014
Page 3

2. **Number of Jurors**.  As I stated in the December 16 conference, plaintiffs do not object to the Court's proposal that 16 jurors sit at the start of trial and "ten jurors will, at most, deliberate."  DE 687 (12/16 Tr.) at 16-17.  Should the Court modify its proposal in light of defendants' objection under Rule 48, we request that the Court empanel 10 jurors to sit for trial and to deliberate.  We believe that number will be sufficient to ensure that at least six jurors complete trial and deliberations.

3. **Voir Dire Process**.  Plaintiffs did not object to the Court's proposed jury selection process and do not understand defendants' concerns with respect to randomness or *ex parte* objections.  Obviously, the process of assigning random numbers to potential jurors and working through objections to those randomly assigned numbers sequentially does not "upend[] the randomness of the jury pool."  DE 686 at 3.  Defendants' other criticism—that the process allows for the use of improper for-cause challenges—assumes that counsel will act in bad faith.  Plaintiffs certainly do not plan to violate the letter or spirit of *Batson* or 28 U.S.C. § 1862 in evaluating potential jurors and their questionnaires.  Further, we have faith in the Court to see through that sort of gamesmanship should the defendants engage in it.

                Respectfully,

                Kent A. Yalowitz

cc:     All ECF Counsel