
**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com
January 2, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Sokolow v. Palestine Liberation Organization et al.*
    04-CV-397(GBD)(RLE)

Dear Judge Daniels:

   I write in reply to Plaintiffs' December 30, 2014 letter (DE 692), in which they respond to Defendants' December 29, 2014 letter (DE 680) that requests exclusion of Plaintiffs' designations of the Mosaab Yousef deposition testimony (DE 678). For the reasons discussed in Defendants' December 29 letter (DE 680) and below, the Court should exclude the designations.

   1. The Arrest of Abdullah Barghouti

   Plaintiffs' principal response to Defendants' hearsay objection is that Defendants did not cross-examine Yousef about the arrest of Abdullah Barghouti ("Abdullah") at his deposition. *See* DE 692 at 1 ("The testimony of Mr. Yousef is not hearsay. Defendants were at his deposition and were free to cross-examine him about all of his statements."); *id.* at 2 ("Again, defendants had the opportunity to cross-examine the witness to clarify this point and elected not to do so."); *id.* at 3 ("Here, again, defendants had the opportunity to clear up any doubt about this conversation – but did not ask any questions about it."). But Plaintiffs cite no authority – and Defendants are aware of none – that holds that a party waives its hearsay objection if it does not cross-examine about the hearsay at a deposition. The Federal Rules of Evidence do not include a hearsay exception called, "the other side did not cross-examine." To the contrary, "The burden of establishing admissibility, of course, is with the *proponent* of the evidence." *Evans v. Port Authority of NY and NJ*, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002) (emphasis added). Plaintiffs were at the deposition, asked Yousef many questions, and failed to lay a proper foundation for the admission of his testimony. Time and again, the testimony is vague as to what the witness actually heard directly, what he heard indirectly, and what he was just guessing at. While the Plaintiffs now try to interpret the deposition testimony, when they had a chance to lay a foundation, they chose not to, probably because more careful inquiry would have undermined

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. George B. Daniels
January 2, 2015
Page 2

admissibility. Due to the absence of a foundation for any of the sought-after hearsay, the designations should be excluded.

   a. <u>The Alleged Telephone Call between Marwan Barghouti and Yousef's Father</u>

Yousef testified:

> [W]e received a phone call and it was Marwan Barghouti, telling my father to meet with him outside because [Jibril Rajoub], the PA were trying to arrest two Hamas people. . . Now, Marwan Barghouti was trying to force [Jibril Rajoub] not to arrest them, and this is why he called my father.

DE 678-1 at 106-07. Plaintiffs claim that Yousef's testimony about a phone call between Marwan Barghouti ("Marwan") and Yousef's father "appears on its face to be . . . about an event in which [Yousef] actually participated." DE 692 at 2. That is plainly not true, as Plaintiffs reluctantly concede. *See id.* at 2 ("To the extent, if any, that Mr. Yousef did not personally perceive any part of these matters. . ."). In fact, the testimony was that Marwan called Yousef's father, not Yousef ("this is why he called my father."). Yousef's testimony reflects that (1) Marwan and Yousef's father had a phone conversation, and then (2) Yousef's father told Yousef what Marwan said on the phone. Thus, there are two levels of hearsay.

The first level of hearsay – what Marwan supposedly said on the phone to Yousef's father – does not fall within any hearsay exception. It was not an excited utterance because there is no evidence that Marwan "was under the stress of excitement" when he spoke to Yousef's father. *See* Fed. R. Evid. 803(2) (defining an excited utterance as "[a] statement relating to a startling event or condition, made while the declarant was *under the stress of excitement* that it caused) (emphasis added). And it was not a present sense impression because there is no evidence that Marwan was describing an event that he had personally perceived at the time that he spoke to Yousef's father. *See* Fed. R. Evid. 803(1) (defining a present sense impression as "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it"). In fact, Yousef's testimony– "Now, Marwan Barghouti was trying to force [Jibril Rajoub] not to arrest them, and this is why he called my father," DE 678-1 at 106-07, – does not appear to be a "statement" at all; it appears to be Yousef's opinion about Marwan's state of mind.[1]

---

[1] One of the main challenges presented by Yousef's testimony is that it does not clearly identify what Marwan actually said during this call. This ambiguity further militates against admission of the hearsay.



Hon. George B. Daniels
January 2, 2015
Page 3

The second level of hearsay – what Yousef's father supposedly said to Yousef after the call – also does not fall within any hearsay exception. It was not an excited utterance because there is no evidence that Yousef's father "was under the stress of excitement" when he spoke to Yousef. *See* Fed. R. Evid. 803(2). And it was not a present sense impression because there is no evidence that Yousef's father was describing an event that he had personally perceived at the time that he spoke to Yousef. *See* Fed. R. Evid. 803(1).

b. The Palestinian Authority's Alleged Fear

Yousef testified:

> Now, the Palestinian Authority was afraid that if they get into the place, they get shot. And they were afraid at the same time to kill Hamas bomb maker.

DE 678-1 at 107. Plaintiffs claim that this testimony "is most readily understood either as a description of what was said or done, or lay witness opinion testimony based on actual observation of the scene as it unfolded which is admissible under Fed. R. Evid. 701." DE 692 at 2. Again, Plaintiffs are wrong. There is no evidence that this is a description of "what was said or done." And "Rule 701(b) bars lay opinion that amounts to a naked speculation," which is exactly what this testimony is. *See Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000).

c. The Alleged Side Deal between Marwan Barghouti and Jibril Rajoub

Yousef's testimony about an alleged "side deal" between Marwan and Jibril Rajoub to arrest and then later release Abdullah is the least admissible of all. Yousef testified:

> Finally, Marwan Barghouti had kind of deal with [Jibril Rajoub] on the side, *I didn't know what they said* and he talked to Abdula and had actually my father to talk to him, convince him to go with the forces, and they would release him afterwards.

---

*See* 5 Weinstein's Federal Evidence § 801.30[3] (2d ed. 2013) ("[I]n the absence of adequate proof that the statement was made by the party, the statement will be excluded as hearsay."). And, of course, the ambiguity also reflects that Yousef did not actually hear whatever Marwan said.

Miller & Chevalier Chartered



**MILLER CHEVALIER**

Hon. George B. Daniels
January 2, 2015
Page 4

DE 678-1 at 107 (emphasis added). Plaintiffs concede, as they must, that Yousef "was very clear that he did not know 'what [Marwan Barghouti and Jibril Rajoub] said' in the face to face side-meeting." DE 692 at 2. But Plaintiffs claim that Yousef's testimony about the side deal between Marwan Barghouti and Rajoub is admissible because Yousef "certainly did know what was said in his presence after the side-meeting, and he appears to have faithfully reported that first-hand conversation in his testimony." *Id.* Plaintiffs are wrong. First, there is no evidence that this alleged side deal was discussed in Yousef's presence after the supposed deal was made. Indeed, there is no evidence at all about how Yousef came to believe that there was a side deal between Marwan and Rajoub. Second, there is no good-faith exception to the hearsay rule. *See* Fed. R. Evid. 801, 803, 804. If there was such an exception, it would swallow the rule.

Even assuming – as Plaintiffs do without any evidence to support their assumption – that Marwan told Yousef about his deal with Rajoub, Yousef's testimony would still be inadmissible. Marwan's alleged statement would not fall under Rule 801(d)(2)(D) as a statement of a party opponent because Marwan was not an employee or an agent of the PA or the PLO at the time of his statement.[2] *Id.* Second, Marwan's alleged statement would not fall under Rule 804(b)(3) as a statement against interest because Marwan's statement that he negotiated the safe surrender of Abdullah, who, according to Yousef, was trying to shoot police officers, would not be against Marwan's penal interest. Finally, Marwan's alleged statement would not fall under Rule 801(d)(2)(E) as a co-conspirator statement because there is no evidence that Marwan's alleged statement to Yousef was made "in furtherance of the conspiracy." *Id.*[3]

In the end, Plaintiffs' unfounded assumptions and speculation cannot overcome Yousef's unambiguous testimony that he "didn't know what [Marwan and Rajoub] said." DE 678-1 at 107.

---

[2] Although Rajoub was a PA employee at the time, there is absolutely no evidence that Rajoub ever spoke to Yousef or his father. Even if Rajoub had spoken to Yousef, Rajoub's statement to Yousef about a side deal with Barghouti would not be admissible under Rule 801(d)(2)(D) because it was not "on a matter within the scope of" his employment. *Id.*

[3] Plaintiffs end their discussion about the admissibility of Yousef's testimony by quoting from the alleged custodial statement of Abdullah, in which Abdullah allegedly said that Rajoub released him from prison to the custody of Marwan. *See* DE 692 at 3. But Plaintiffs do not say why this (inadmissible) piece of hearsay is at all relevant to the admissibility of Yousef's hearsay. *See id.* For good reason: it is not relevant.

Miller & Chevalier Chartered


**MILLER CHEVALIER**

Hon. George B. Daniels
January 2, 2015
Page 5

2. Alleged Meetings of Arafat, Marwan Barghouti, and Yousef's Father

Plaintiffs claim that Yousef's testimony about alleged "meetings at which Arafat, Marwan Barghouti, and his father (a Hamas founder) were present is useful information for the jury to understand the basis for his personal knowledge of the arrest of Abdullah Barghouti." DE 692 at 3. But Plaintiffs do not explain why that it is so. There is absolutely no evidence that these alleged meetings had anything to do with Abdullah or his arrest. Nor is there evidence that these meetings took place before or close in time to Abdullah's arrest.

Plaintiffs also claim these alleged meetings are "certainly relevant to whether the Defendants provided material support to Hamas." *Id.* at 4. Again, Plaintiffs do not explain why that it is so. There is no evidence that these alleged meetings had anything to do with the provision of support to Hamas or any of the attacks at issue in this case.

\*\*\*

Plaintiffs no longer seek to admit the other portions of Yousef's designations or the page in the book written by Yousef. *See id.* at 4. Thus, the Court should exclude all of the designations.

Sincerely,

Mark J. Rochon