

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
January 2, 2015

**VIA ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

  I write to request that that Court exclude from evidence at trial any documents or testimony regarding any post-attack payments made by either Defendant to any non-employee or their family. Such evidence is not relevant to either Defendant's potential liability, and any minimum probative value it may have is substantially outweighed its unfairly prejudicial effect.

  Plaintiffs have indicated that they intent to offer evidence at trial of "Payments Made to Convicted Non-Employees." PTE 1120. That exhibit purports to summarize 30 other exhibits: PTE 26, 39, 40, 41, 42, 50, 51, 53, 54, 63, 64, 66, 83, 84, 85, 86, 87, 249, 259, 288, 292, 324, 345, 350, 367, 388, 425, 433, 894. *Id.* These 30 documents include a subset of the 38 "Ministry of Detainee Files" Plaintiffs have indicated they intend to offer at trial. *See* DE 594-1 (indicating that Plaintiffs intend to offer PTE 18, 26, 36C, 36E, 37, 38A, 38B, 39, 40, 41, 42, 50, 51, 52, 53, 54, 61, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 75, 76, 83, 84, 85, 86, 87, 96, 117, 893, and 894).[1] Plaintiffs have also indicated that they intend to offer more general evidence about the practice of making payments to non-employee prisoners or their families. *See, e.g.*, PTE 212, 229, 241, 296, 512, 1143; DE 500-25 (Eviatar Report) at 28, 30-32. All of this evidence pertains to payments allegedly made after non-employees had allegedly committed the torts that injured the Plaintiffs in this action.

  Plaintiffs have also indicated that they intend to offer evidence at trial relating to so-called Martyrs' payments which were allegedly made to the families of non-employees. *See, e.g.*, DE 594-1 (indicating that Plaintiffs intend to offer PTE 16, 17, 19, 21, 22, 23, 24, 27, 28, 29, 45, 92, and 93). Plaintiffs have also indicated that they intend to offer more general evidence about the practice of making Martyrs' payments. *See, e.g.*, PTE 210; DE 500-25 (Eviatar Report)

---

[1] The other exhibits referenced in PTE 1120, *i.e.* PTE 249, 259, 288, 292, 324, 345, 350, 367, 388, 425, and 433, purport to be sentencing records from Israeli military courts. The Court has already ruled that these exhibits are inadmissible. DE 672.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1535551.1



at 26-27. All of this evidence again pertains to payments allegedly made after these non-employees had allegedly committed the torts that injured the Plaintiffs in this action.

In its November 19, 2014 memorandum opinion, the Court held that "[a] showing of support—even post-attack financial support to the families of terrorists—is not sufficient to demonstrate that Defendants were somehow responsible for the attacks." DE 646 at 11 n.11. The Court held that "this information may be presented to a jury—assuming it is otherwise admissible—as relevant circumstantial evidence in further support of Plaintiffs' argument that the PA employees were acting within the scope of their employment." *Id.*

None of this evidence regarding post-attack payments to non-employees is relevant to any fact "of consequence in determining the action." Fed. R. Evid. 401. The Court has held that "[t]he ultimate question as to Plaintiffs ATA claim is whether a reasonable jury could find that Defendants, acting with the requisite scienter, committed predicate crimes which proximately caused injuries to American citizens, either vicariously through the acts of their employees or directly through their own actions." DE 646 at 8. The evidence at issue here involves alleged post-attack payments to non-employees or their families. It therefore is not relevant to whether the PA is liable "vicariously through the acts of [its] employees." *Id.* It is also not relevant to whether the PA or PLO "committed predicate crimes which proximately caused injuries to American citizens . . . directly through their own actions," *id.*, because, even assuming *arguendo* that making the payments was a "predicate crime," (and it is not) the payments at issue all took place *after* the Plaintiffs were injured, and therefore could not have proximately caused those injuries because subsequent events do not cause antecedent events. There is also no evidence that the prospect of someone receiving post-attack payments motivated any of the non-employees to commit the torts at issue. Such payments therefore could not have "proximately caused injuries to" any Plaintiff. Payments to non-employee prisoners or their families, or to families of non-employee martyrs, are therefore not relevant, and should be excluded from evidence.

Such evidence, however, would be unfairly prejudicial to Defendants, would result in confusing the issues and misleading the jury, and would cause undue delay and waste time in what is already predicted to be a long trial. If jurors hear this evidence they are likely to dislike the Defendants as a result. Jurors are also likely to be confused and mislead about how to utilize this evidence in their deliberations because it does not go to either Defendant's liability or any Plaintiff's damages. It obviously will take time for the Plaintiffs to admit this evidence and for Defendants to respond to it, and the trial will already take long enough without injecting such irrelevant and prejudicial evidence into the record. Accordingly, the Court should exclude any documents or testimony relating to post-attack payments to non-employees or their families from evidence at trial.

Sincerely,

Brian A. Hill