# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 4, 2015

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.*
>     Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

  I write in further support of plaintiffs' request that certain third-party names not be redacted from certain specified documents because those third-party names are not hearsay.  DE 683 (Dec. 29, 2014); DE 700 (Jan. 2, 2015).

  As a preliminary matter, defendants inaccurately accuse plaintiffs of seeking "reconsideration" of a ruling based on "intervening change in the law or facts."  In truth, plaintiffs requested a clarification of a *sua sponte* decision by the Court that involves an issue—redaction of third-party names in otherwise admissible documents—that neither party briefed or argued.  Indeed, during the December 16 conference, the Court specifically agreed to review any concerns by the plaintiffs relating to the redaction of third-party names:

> Mr. Yalowitz:  If I think [the redacted names are] really important, and I have a good reason to ask you to review it, we'll come back to it.
>
> The Court:  Then we will review it....

DE 687 (12/16/15 Tr.) at 48.  Plaintiffs' request that the Court review a handful of "really important" statements is directly in accordance with the discussion in court, and consistent with the "fact-intensive inquiry" required for assessing self-inculpatory statements under Rule 804(b)(3), as discussed in *Williamson v. United States*, 512 U.S. 594, 604 (1994).

**ARNOLD & PORTER** LLP

Hon. George B. Daniels
January 4, 2015
Page 2

**The Names are Admissible**

Defendants' attempt to paint plaintiffs' compliance with the Court's instructions as a motion for reconsideration shows just how desperate they are to keep statements detailing with the extent of their involvement in the terrorist attacks at issue away from the jury. Indeed, when defendants get to the substance of their argument, they dispute plaintiffs' position with respect to only *two* of the sets of statements that plaintiffs indentified as admissible, in their entirety, under Rule 804(b)(3). Defendants say nothing about the other statements set forth in plaintiffs' December 29 letter.

**Abu Talal.** The first set of statements that defendants actually bother to dispute is a collection of statements by Munzar Noor, in which Noor admits that he and two co-conspirators, including PA security official with the alias "Abu Talal," met and agreed to plan the January 27, 2002 suicide bombing that injured the Sokolow family. DE 683 at 3 (discussing Exs. 322, 465, 469).

Defendants appear to argue that Noor's statements do not fall under Rule 804(b)(3) because Noor was attempting to shift blame onto Abu Talal, and therefore, they are unreliable. DE 700 at 2-3. However, it is not "blame-shifting" to say: "In the home of Abu Talal, we sat down, Abu Talal and Wafa Idris and I, and we talked about the subject; I means a suicide attack." Ex. 465.

Even worse, defendants have seriously misrepresented the facts in order to twist them into a "blame-shifting" theory. Defendants assert that "Noor maintained to the very end, 'I am not an accomplice,'" DE 700 at 2-3, but conveniently omit that Noor's statement actually says: "I am explaining to you that I am not an accomplice, *I just convinced Wafa to carry out the attack*." Ex. 452 at 2 (emphasis added). Indeed, Noor never disputed the facts underlying his conviction, nor was his "line of defense" based on a denial of the facts—it was merely a legal defense in which Noor argued that his role should not rise to the level of an accomplice. Ex. 468 at P 8: 117–18. Thus, he was not *shifting* fact-specific blame to Abu Talal.

Moreover, even if Noor's statements had been "blame-shifting"—and they were not—the name of Noor's co-conspirator, Abu Talal, was published in public court documents, and these documents should be admitted (including names) to show that the PA was on notice that one of its employees had been implicated in a terror attack. Exs. 323, 468, 478. Yet the PA continued to employ and promote Abu Talal, and even sheltered him in the PA's official headquarters. Exs. 46, 897, 1032. Thus, even if Abu

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 4, 2015
Page 3


Talal's name is not admitted for the truth, it should be admitted for this non-hearsay purpose.

**Abdullah Barghouti.** The second set of statements that defendants contest in their January 2 letter are statements contained in Ahmed Barghouti's indictment, charging Ahmed Barghouti with providing material support to Hamas by sheltering Hamas bomb-maker Abdullah Barghouti. Defendants assert that "[w]hen Ahmed Barghouti pled guilty, he did not admit to any of the facts in the indictment." DE 700 at 3. But, when Barghouti pled guilty to his indictment, he was admitting that the statements in the indictment are true. DE 683 at 3 (discussing Ex. 357 and guilty plea).

The Supreme Court has taught that "'Sam and I went to Joe's house' might be against the declarant's interest if a reasonable person in the declarant's shoes would realize that being linked to Joe and Sam would implicate the declarant in Joe and Sam's conspiracy." *Williamson*, 512 U.S. at 603. Ahmed Barghouti was in exactly the same position. A reasonable person charged with providing material support to Hamas would realize that admitting―"[I], at the time set forth, with Marwan Barghouti, transferred…Abdullah Barghouti from the prison of the Preventative Security of the Palestinian Authority in Bitunia to an apartment, which [I] had rented in downtown Ramallah"―would implicate himself in the conspiracy, particularly where the statement was immediately followed by a statement that said Abdullah Barghouti is a "senior operative of the Hamas Organization" and was "responsible for carrying out a number of attacks against Israeli civilians, including the bombing attack at the 'Sbarro' Restaurant in Jerusalem on August 9, 2001." Ex. 357 at P 5: 202-03 (Count 51).

Just as "Sam and I went to Joe's house" in these circumstances falls within Rule 804(b)(3), so does a statement that, in effect, "Marwan and I took Abdullah from prison and brought him to a safe house."

Moreover, Ahmed Barghouti's indictment is separately admissible as part of his conviction under Rule 803(22), as the Court ruled. DE 672. A criminal conviction following a plea of guilt reflects a very high degree of reliability, and defendants have cited no case from any court requiring a conviction admitted under Rule 803(22) to have names redacted from it. Such redaction seems particularly improper where the conviction is for providing *support* to the principal actor, who has also been convicted of the crime in question.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 4, 2015
Page 4


No principle of law would justify removing the name of Abdullah Barghouti from the conviction of Ahmed Barghouti and likewise removing the name of Ahmed Barghouti from the conviction of Abdullah Barghouti.  This might make sense in a criminal case in which one or both of these individuals were on trial.  *Cf.  Bruton v. United States*, 391 U.S. 123 (1968).  But it makes no sense in a civil case in which these individuals are not even defendants.

**Defendants' Arguments are Frivolous**

For the vast majority of statements set forth in plaintiffs' December 29 letter, defendants argue only that the custodial statements contain two additional levels of hearsay—translation of the statements by an interpreter and memorialization of the statements by a police officer.  DE 700 at 4.  Neither argument has merit.

*First*, simultaneous interpretation is not hearsay (just as it was not hearsay when defendants argued—and lost—this point in their summary judgment papers).  DE 545 at 41 (citing, *e.g.*, *United States v. Lopez*, 937 F.2d 716, 724 (2d Cir. 1991) ("Except in unusual circumstances, an interpreter is 'no more than a language conduit and therefore his translation [does] not entail an additional level of hearsay.'")).

*Second*, it is not hearsay for a police officer to memorialize, in real time, a subject's admissions during police questioning.  Police reports and other similar investigative memoranda by government officials are routinely admitted as either business records (Fed. Rule of Evid. 803(6)) or public records (Fed. Rule of Evid. 803(8)).  *E.g.*, *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) (police report itself admissible as public record); *Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228, 1251 (2d Cir. 1979) (police report itself admissible as business record); *Goldstein v. Laurent*, 2011 WL 3586447, at *4 (S.D.N.Y. Aug. 2, 2011) (police report itself admissible as public record or business record, and collecting cases); *United States v. Carneglia*, 256 F.R.D. 384, 392-93 (E.D.N.Y. 2009) (same, and further noting as to admissibility of certain statements contained in the police reports that "recordings of contemporaneous statements by a reliable recorder, here a police officer, may be more valuable than any current recollections of available trial witnesses"), *Spanierman Gallery, Profit Sharing Plan v. Merritt*, 2003 WL 22909160, at *5 (S.D.N.Y. Dec. 9, 2003) (FBI reports admissible as public records or business records).

*Finally*, defendants object to the authenticity of the proffered police reports because they "do not contain apostilles and Plaintiffs lack a foundational witness who can

ARNOLD & PORTER LLP

Hon. George B. Daniels
January 4, 2015
Page 5

testify that the proffered trial exhibits are authentic Israeli police reports."  DE 700 at 4.  But plaintiffs do have apostilles.  And, as required under Rule 902(3), the apostilles will "accompany" the police statements when plaintiffs offer them at trial.

      For the reasons set forth above and in plaintiffs' December 29 letter, the names of third parties should not be redacted in the self-inculpatory statements set forth in the December 29 letter, because those statements are not hearsay.

                                                Respectfully,

                                                Kent A. Yalowitz

cc:    All ECF Counsel