
MILLER
CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com
January 5, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

>	Re: *Sokolow v. Palestine Liberation Organization et al.*
>	04-CV-397(GBD)(RLE)

Dear Judge Daniels:

I write in response to Plaintiffs' December 30, 2014 letter in which they seek admission of certain statements made by eight alleged perpetrators at their respective sentencing hearings in the Israeli military courts. *See* DE 689. Although this Court has already ruled that "[s]entencing records are not admissible at this trial as part of the judgment of conviction" (DE 672), Plaintiffs claim – without any analysis whatsoever – that certain statements "are admissible as statements against interest under Federal Rule of Evidence 804(b)(3)." DE 689 at 1. Plaintiffs are wrong.

1.  The Proffered Statements

As to five of the proffered statements, the perpetrators made incendiary political statements that did not discuss any of the details of the offenses for which they were about to be sentenced:

- "I say that [Israeli prime minister Ariel] Sharon must be given a death sentence in this Court. I have no regrets." PTE 359 (Ahmed Barghouti).

- "I am proud of the acts that I have committed and there is a just reason for my having done them. . . . If I could have murdered more Jews, I would not hesitate." PTE 376 (Abed Karim Aweis).

- "I do not regret my actions. I do not recognize this court . . . If the court were to free me today, I would go free and would search for the location of the weapons, before looking for my children." PTE 380 (Nasser Shawish).

Hon. George B. Daniels
January 5, 2015
Page 2

- "I do not regret any of the acts that I have carried out . . . . In the future you will see cases that are ten times greater than my case. I promise that." PTE 435 (Abdullah Barghouti).

- "I was the organizer of five suicide terrorist attacks, and it is an honor for me to defend my people. To prove to the Israel Defense Forces that we in the al-Aqsa Brigades can get to the cities in Israel, just like the Israel Defense Forces can destroy our villages. I do not regret my actions." PTE 246 (Nasser Shawish).

In two of the cases, the perpetrators' statements were less incendiary but equally silent as to the details of the offenses for which they were about to be sentenced:

- "I would ask the Court to judge me as a person, and not as its enemy; ultimately, I made no mistake." PTE 344 (Sanah Shehadeh).

- "I made a mistake and I regret that I did it, but the part I did, I admit it, but what I did is part of what I carried out without thinking of the consequences, and I hope that it will be clear to everyone that when I reached a mature age, I thought about my actions and saw that the actions that I had performed were violent and bad actions against humanity." PTE 259 (Ahmed Saad).

Finally, in one case the perpetrator actually spoke about the details of the offense for which he was about to be sentenced. But in doing so, the defendant, who was found guilty of failing to prevent a terrorist attack, maintained his innocence:

- "In the beginning, it was true that I heard or knew from [redacted] that there was a chance that there would be an attack, but . . . I thought that this was not necessarily so, because he had been drinking. I did not believe what he said . . . . Even if I were to take what he said seriously and believe it . . . I could not prevent it, because I live in a territory that is under the rule of the Palestinian Authority, in an A area, and I cannot contact Israel's Shin Bet and inform them . . . because as we hear every day, this would have meant a death penalty for me from the Authority or the resistance people." PTE 398 (Bashar Barghouti).

2. Why The Proffered Statements Are Not Admissible

First, all but one of the proffered statements are political statements that do not discuss the details of any crime. As such, they could not "expose the declarant to civil or criminal

Hon. George B. Daniels
January 5, 2015
Page 3

liability." Fed. R. Evid. 804(b)(3)(A).[1] This is especially so because the statements were made at sentencing, at which time the perpetrators' penal interests were no longer at stake. *See United States v. Albert*, 773 F.2d 386, 390 (1st Cir. 1985) (holding that the declarant's "'penal interest' may no longer have been at stake when he testified at his own sentencing"). Indeed, the four perpetrators who made incendiary political statements at sentencing (Ahmed Barghouti, Abed Karim Aweis, Nasser Shawish, and Abdullah Barghouti) had been found guilty of numerous counts of murder and attempted murder of civilians and were no doubt aware that nothing they could say would affect the certain life sentences they were about to and did receive.[2]

Second, even if the proffered statements were to be construed as statements that could expose the declarant to civil or criminal liability, it cannot be said that "a reasonable person in the declarant's position" – *i.e.* a Palestinian militant found guilty of armed attacks against civilians – would believe that to be the case. *See* Fed. R. Evid. 804(b)(3). Rule 804(b)(3) is premised on "the assumption that persons do not make statements which are damaging to themselves unless satisfied for good reason that they are true." Fed. R. Evid. 804(b)(3) (Advisory Committee's Notes). But as Judge Weinstein explained in *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542 (E.D.N.Y. 2012), "This assumption is negated when the declarant has ulterior motives for admitting conduct. . . . Under the perverse assumptions of terrorists, an armed attack on civilians reflects glory. Taking 'credit' for such an attack is deemed a benefit, not a detriment, and is not reliable under the circumstances." *Id.* at 569; *see also Strauss v. Lyonnais, S.A.*, 925 F. Supp. 2d 414, 449 (E.D.N.Y. 2013) ("While admitting to a violent attack on innocents typically is detrimental to a declarant's interests, the interests and motives of terrorists are far from typical."); *In re September 11 Litigation*, 621 F. Supp. 2d 131, 160 (S.D.N.Y. 2009) ("Mohammed is a terrorist, willing to give his life, and assist others in giving theirs, so as to murder innocents. I will not base my ruling here on the presumption that he is a reasonable man."); *Gilmore v. Palestinian Interim Self-Governing Authority*, No. 1-853, 2014 U.S. Dist. LEXIS 102093, *30-31 (D.D.C. July 28, 2014). Thus, the Court should exclude these statements under Rule 804(b)(3).

---

[1] The statement of the individual who maintained his innocence at sentencing does not fall under Rule 804(b)(3) for the obvious reason that he does not inculpate himself. *See* PTE 398 (Bashar Barghouti).

[2] Ahmed Barghouti, Abed Karim Aweis, Nasser Shawish, and Abdullah Barghouti received, respectively, 13 life sentences, six life sentences, four life sentences, and 67 life sentences. Each life sentence was ordered to run consecutively.

Hon. George B. Daniels
January 5, 2015
Page 4

Third, none of the proffered statements, whether political rhetoric or not, is remotely relevant to any issue in this case. *See* Fed. R. Evid. 401. None of these statements establishes anything to do with PA or PLO liability.

Finally, assuming *arguendo* that the Court finds the statements admissible under Rules 804(b)(3) and 401, the Court should nonetheless exclude them under Rule 403. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. On the one hand, the proffered statements have minimal, if any, probative value. The Court has admitted evidence of the convictions so the jury will already know what crimes these perpetrators were convicted of. *See* DE 672. On the other hand, the proffered statements will demonize Defendants because of their association to individuals who glorified violence. Indeed, that is most likely why Plaintiffs want to admit these statements.[3]

Accordingly, the Court should exclude the proffered statements.

Sincerely,

Mark J. Rochon

---

[3] The one individual who does not appear to glorify violence is the individual who maintained his innocence, Bashar Barghouti. See PTE 398. Plaintiffs seek to admit his statement because he claims that had he reported the attack he learned about, "this would have meant a death penalty for me from the [Palestinian] Authority. . ." *Id.* Bashar Barghouti's unqualified, highly speculative, and prejudicial opinion is obviously not admissible.