

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
January 5, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

      This is a case brought under the Anti-Terrorism Act, in which the words "terror," "terrorist," and "terrorism" are terms of art. As such, they ought not be used loosely by counsel or witnesses, particularly given the prejudicial impact such terms can have on a fair trial. Thus, Defendants request that the Court direct Plaintiffs' counsel not to employ such terms in their exhibits, questions, or testimony except in the specific context of discussing the elements of the offense. Whether any particular individual is a "terrorist" and whether any particular attack was an act of "terrorism" is just one part of what Plaintiffs must prove at trial. *See* 18 U.S.C. § 2331(1) (defining "international terrorism"); *see also* DE 582 (Plaintiffs' proposed jury instructions, which delineate the elements of a violation of the ATA by referencing the statutory definition of "international terrorism").

      Plaintiffs must establish all of the elements of their ATA claims with probative admissible evidence, and without resorting to general, but prejudicial accusations or characterizations. The prejudicial effect of these words far outweighs any probative value they might have. Fed. R. Evid. 403. Indeed, in *United States v. Odeh*, No. 13-cr-20772, 2014 U.S. Dist. LEXIS 152035 (E.D. Mich. Oct. 27. 2014), the court granted a motion *in limine* to exclude any reference to the defendant as a "terrorist," as a member of a "terrorist group," or as being involved in "terrorist activities." *Id.* at *22-27. In that case, the defendant was charged criminally with unlawful procurement of naturalization stemming from false statements about her criminal history on her naturalization application. At issue in the case were whether the false statements – which omitted her involvement in the bombing of a grocery store that resulted in the death of two civilians, as well as a bombing that damaged the British Consulate – were material. *Id.* at *5, 18-19. While the court found that the defendant's conviction by the Israeli military system on charges of participating in the bombings was fair game, *see id.* at *17-22, it nonetheless held that the words "terrorist" and "terrorism" could not be used to describe

January 5, 2015
Page 2

the defendant or the nature of her conviction. *Id.* at *23-27. The court found those terms to be "highly prejudicial," and concluded that they would "have an undue tendency to improperly influence the jury's verdict by appealing to its fears of terrorists and terrorist activities":

> It goes without saying that the American public is particularly emotional when it comes to terrorism and the threat of terrorism, not only due to the attacks on the World Trade Center in 2001, but also due to the public's present awareness and fears stemming from the activities of a certain group, which in recent months has inflicted brutal violence upon Americans and others overseas.

*Id.* at *24. The court repeatedly emphasized the prejudicial nature of the terms, and required the government to prove its case without using them. *Id.* at *27. The Court should likewise require the Plaintiffs to do so here.

Plaintiffs' expert Israel Shrenzel, for example, claims that the phrase "armed struggle" "is a Palestinian euphemism for terror – 'terrorism.'" *See* DE 500-31 at 55:14-56:1 (Shrenzel deposition transcript); *see also id.* at 58:10-14 (Shrenzel testifying that "after more than 1,000 Israelis who have been killed during the course of the armed struggle in the Second Intifada, the identification of that struggle as terrorism is perceived by the author as something that is obvious"). Plaintiffs' expert Alon Eviatar has used the word "terrorist" to generally describe Palestinians imprisoned by Israeli security forces – even individuals who had not been convicted of, or even charged with, involvement in terrorism. *See* DE 500-24 at 103:2-4 (Eviatar deposition transcript) ("Everyone who is defined as a security prisoner has committed an offense, and that person is defined as a terrorist"). And Plaintiffs have blamed the Palestinian Authority for hiring so-called convicted terrorists, even when the relevant individual had not been convicted of a crime of terrorism. *See* DE 500-31 at 151:17-152:14 (Shrenzel claiming, in reference to PA Police Officer Hilmi Hamash, that "Palestinian police took Hamash into its ranks, although it knew of his violent past, both in the terror sphere and in the criminal sphere," even though Hamash had been jailed only for throwing stones at Israelis); *see also* DE 545 (Plaintiffs' Opposition to Defendants' Motion for Summary Judgment) at 1 ("Defendants recruited known terrorists into their 'security' forces, armed them, and put them on their payroll."); *id.* at 19 ("The scores of terrorists they maintain to this day on the payroll confirm that terrorism by defendants' employees was commonplace."). This is the kind of loose usage that this Court needs to control to ensure that the trial is based on the evidence, not repeated pejorative characterizations that undermine a fair trial and assume the very liability that is to be determined by the jury, not assumed by counsel.

January 5, 2015
Page 3

                                            Sincerely,

                                            Brian A. Hill

1535669.1