

# MILLER CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

January 5, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397(GBD) (RLE)

Dear Judge Daniels:

    I write on behalf of Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") in response to Plaintiffs' December 31, 2014 letter in further support of their motion *in limine* to preclude all of Defendants' fact witnesses. DE 697 ("Letter"). Plaintiffs again argue that Defendants' fact witness disclosures are untimely. Letter at 2-3. As with Plaintiffs' recent filings in further support of their opposition to Defendants' motion in *limine* on Plaintiffs' experts, DE 694, 698, Plaintiffs are seeking a second bite at briefing fully briefed motions in limine. The Plaintiffs already briefed, months ago, the supposed untimeliness of Defendants' fact witness disclosures, as to all but the two proposed substitute witnesses. *See* DE 487 at 14-17 (Plaintiffs' motion *in limine*); DE 553 (reply) at 4-9. Defendants previously addressed Plaintiffs' arguments regarding the timeliness of their witness disclosure in their opposition to Plaintiffs' motion in limine, *see* DE 524 at 14-18, and will not repeat those arguments here.

    Plaintiffs complain mightily about Defendants' "abysmal," "dilatory," "sandbagging," behavior. Letter at 1-2. Plaintiffs blast Defendants for a "belated disclosure – the day before Christmas Eve, and three weeks before trial," which according to Plaintiffs is "the very definition of sandbagging." Letter at 3. Plaintiffs, however, fail to acknowledge that all but the two proposed substitute witnesses were disclosed to Plaintiffs no later than a year ago, in January 2014, with the proposed Joint Pretrial Order. Moreover, all but one of the witnesses listed in the Joint Pretrial Order were disclosed during the fact discovery period, and the other was known to Plaintiffs no later than October 2013. DE 524 at 15-16. It was the Court that requested the summary of the disclosed witnesses' anticipated testimony at the December 16, 2014 hearing. *See* Tr. 12/16/14 at 178:10-19. Defendants were simply complying with the Court's directive to file the summary by December 23, not trying to ruin Plaintiffs' Christmas.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com


MILLER
CHEVALIER

Hon. George B. Daniels
January 5, 2015
Page 2

    With regard to the two substitute witnesses, Hanan Ashrawi and Shawqi Issa, Defendants understand Plaintiffs' frustration with the timing of the disclosure. The simple fact is that this case has been ongoing for 10 years and there has been significant turnover within the Palestinian Authority during that time period, including since fact discovery closed. Moreover, the availability of witnesses who no longer are employed by the Palestinian Authority can change on short notice, necessitating the location of substitute witnesses. If the two substitute witnesses are to testify at trial, Defendants will not oppose a request by Plaintiffs to depose them.

    Defendants respectfully suggest, however, that the Court and parties assess whether these witnesses will be allowed after the Court makes additional evidentiary rulings that may serve to eliminate the need for the witnesses. Ms. Ashrawi, for example, would testify about the history of the PLO and its relationship to the PA and Fatah. She is listed in the event the Court allows testimony about these topics. Defendants do not believe this topic is relevant to Defendants' liability for the seven incidents at issue. *See, e.g.*, DE 690 (Defendants' letter-motion *in limine* to exclude testimony regarding the relationship between the PA, PLO and Fatah). If, however, the Court denies Defendants' pending requests to exclude this evidence, then Ms. Ashrawi is the only fact witness the PLO would have and her testimony would be necessary to respond to Plaintiffs' claims that the PA, PLO, and Fatah are alter egos.

    Similarly, Defendants maintain that PA post-attack payments to non-employees are wholly irrelevant to Plaintiffs' two theories of liability, respondeat superior and material support. *See* DE 701 (Defendants' letter-motion *in limine* to exclude evidence of post-attack payments to non-employees). If the Court excludes such evidence, as it should, Defendants would have no reason to call Mr. Issa. Nor would they have need to call Jawad Amawi, and perhaps not even Sulemain al-Deek, Fatmah al Mashni or Amani Habibeh. *See* Letter at 3-5.

    In addition, if the Court grants Defendants' renewed motion for summary judgment on the Hebrew University bombing, *see* DE 681, Defendants would have no need to call Jibreen Al-Bakri to testify regarding Abdullah Barghouti's escape. *See* Letter at 6.

    As the Court continues to rule on key evidentiary issues, it will become more apparent which witnesses would be needed at trial. Once the witness list is narrowed through the Court's evidentiary rulings, the Court can decide which witnesses can testify, and the parties can schedule any depositions the Court may deem appropriate.



Hon. George B. Daniels
January 5, 2015
Page 3

    With respect to Plaintiffs' speculation that some of the witnesses lack personal knowledge, Plaintiffs are of course free to explore the scope of the witness's personal knowledge on cross.

    Sincerely,

    Mark J. Rochon /aug