

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

January 5, 2015

**VIA ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

    I write in response to Plaintiffs' December 31, 2014 letter, which Plaintiffs claim is in "further opposition to defendants' motion *in limine* to preclude the testimony of Itamar Marcus." DE 696 at 1. In fact, Plaintiffs' letter is a response to the Court's repeated rulings that political rhetoric is not admissible at this trial. *See, e.g.*, Tr. 12/16/14 at 62:9-13, 62:18-19, 63:8-11, 94:22-23, 95:11-19, 95:23-25, 98:3-5, 185:10-14. Although the Court did not definitively rule at the December 16, 2014 hearing that Marcus's testimony will be excluded at trial, Plaintiffs' latest submission does not get them over any of the "several hurdles" that the Court set for them to be able to introduce his testimony. *Id.* at 189:14. As such, the Court should exclude it.[1]

    ***First***, Plaintiffs have not shown, nor can they, that Marcus's testimony would be at all probative. Plaintiffs claim that it would be "highly relevant because it bears directly on defendants' state of mind," DE 696 at 2, but, as noted, the Court has already rejected Plaintiffs' position as to "state of mind." *See, e.g.*, Tr. 12/16/14 at 96:4-16, 100:11-17, 102:11-20. Moreover, Plaintiffs' position is completely at odds with the law in this jurisdiction. Expert testimony about the state of mind of a party, person, or entity is inadmissible. As Judge Gershon ruled in *Linde v. Arab Bank*, 920 F. Supp. 2d 282, 285 (E.D.N.Y. 2011), "[i]nsofar as many of the expert reports submitted by the defendant express opinions as to the state of mind, intent, or motive of a government, a charitable entity, or a person, they do not contain relevant expert evidence." *Id.*; *see also Marvel*

---

[1] Defendants incorporate by reference their letter-motion, also filed today, seeking to exclude from evidence all statements of political rhetoric. All of the reasons set forth in that letter apply to Marcus's proposed testimony.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1535603.1



January 5, 2015
Page 2

*Worldwide, Inc., v. Kirby*, 777 F. Supp. 2d 720, 729-30 (S.D.N.Y. 2011); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004).[2]

Plaintiffs also claim that Marcus would limit his testimony to "defendants' *own statements*," meaning "statements that were broadcast on, or published in, media that is both owned and controlled by defendants." DE 696 at 1 (emphasis in original). But the Court has already rejected this premise as well, correctly recognizing that statements broadcast through state-run media do not constitute statements made *by* either of the Defendants. Tr. 12/16/14 at 185:1-7, 187:13-22. As for "statements made by defendants' senior officers," Defendants have shown that the statements Plaintiffs seek to admit were either made by individuals altogether unaffiliated with the PA or the PLO, made by individuals who were at one time affiliated with one of the Defendants but at a point when those individuals were no longer employed by the PA or the PLO, or are otherwise excludable as both irrelevant and as hearsay within hearsay. Regardless, Marcus lacks the qualifications and methodology to say one way or the other whether any particular statement is properly attributable to either of the Defendants.

And to the extent that Plaintiffs claim that Marcus would testify that any particular statement broadcast in the media was "a signal to go out and commit the act that [Plaintiffs are] accusing [Defendants] of committing," *see id.* at 189:18-19, his proffered opinions are altogether disconnected from the specific attacks at issue here. *See generally* DE 500-4 (Marcus Expert Report). Instead, Marcus opines broadly that "[t]he Palestinian Authority bears overall responsibility for the violence and killings of the intifada in general and every particular act of killing in particular." *Id.* at 64. Such testimony has no place in this case.

***Second***, Plaintiffs' argument that "Defendants have opened the door to Mr. Marcus' testimony" (DE 696 at 3) is incorrect. The trial has not yet started. Defendants have not opened the door to anything.[3]

---

[2] Plaintiffs' citation to *United States v. Mostafa*, 16 F. Supp. 3d 236 (S.D.N.Y. 2014), is unavailing. There, the defendant was charged criminally with "conspiracy to provide and providing material support and resources to al Qaeda, led by [Osama] bin Laden. He is also accused of conspiring to supply goods and services to the Taliban, which was allegedly providing a safe haven for bin Laden and al Qaeda." *Id.* at 256. The court held that "[t]he defendant's 2002 statements supporting bin Laden are probative of his state of mind with respect to these charged crimes. That is, he knows who bin Laden is, supports bin Laden, and views him as a hero." *Id.* Thus, the defendant's statements were tied directly to the crime with which he was charged. Here, none of the statements Plaintiffs seek to admit through Marcus have any relation to the Defendants' purported involvement in any of the attacks at issue.



January 5, 2015
Page 3

***Third***, Marcus's proposed testimony is nothing like that of Evan Kohlmann in the Arab Bank case, where Kohlmann opined on the specific attacks at issue. *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 332 (E.D.N.Y. 2013) (holding that "Kohlmann is qualified to offer his opinions regarding the attribution of terror attacks to Hamas"). As discussed, Marcus has nothing to say about the seven attacks in this case.

***Finally***, Marcus should be precluded from testifying on the bases explained in Defendants' motion in limine to exclude the testimony of Plaintiffs' case-in-chief liability experts. DE 500. He is not qualified to render his opinions, his opinions are not based on a reliable methodology, and his testimony will not assist the jury. *Id.* at 11-22. While Mr. Marcus has experience reviewing Palestinian media, this does not permit him to opine on topics such as whether the PA controlled Palestinian media during the Second Intifada. Marcus would merely recount to the jury inflammatory hearsay that Plaintiffs cannot otherwise present to the jury. *See, e.g.*, DE 500-4 at 24-25 (Mr. Marcus quoting from a sermon where the speaker allegedly said "'The Jews are the Jews . . . . They are all liars . . .They must be butchered and they must be killed . . . .'"); *see also* Tr. 12/16/14 at 183:20-24 (Mr. Yalowitz arguing to the Court that Marcus would "say, hey, look, these are [Defendants'] words, and their media says, kill Jews and do bad stuff"). As the Court has already found, evidence of this type would be unfairly prejudicial. *See id.* at 95:15-25.

Sincerely,

*Brian A. Hill* /bug

Brian A. Hill

---

(footnote continued from previous page)
[3] Contrary to Plaintiffs' contention, *see id.*, Defendants would not "open the door" to Marcus's testimony if they present evidence at trial that the attacks were perpetrated by "rogue employees."

Miller & Chevalier Chartered

1535603.1