

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com
January 9, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*
        04-CV-397(GBD)(RLE)

Dear Judge Daniels,

    I write in anticipation of the January 12, 2014 hearing. Defendants suggest that there are still several important outstanding issues that ought to be resolved before the parties give their opening statements:

1. **Defendants' Renewed Motion for Summary Judgment.** Defendants have asked the Court to grant them summary judgment on all claims related to the July 31, 2002 attack (the Blutstein, Carter, Coulter, and Gritz plaintiffs), the January 27, 2002 attack (the Sokolow plaintiffs), the June 19, 2002 attack (the Mandelkorn plaintiff), the January 8, 2001 attack (the Guetta plaintiff),[1] and all remaining claims against the PLO. *See* DE 681, 682. Plaintiffs have indicated that they will file an opposition today. If they do, Defendants will file a reply to the Plaintiffs' opposition before the hearing on Monday.

2. **Admissibility of Expert Testimony of Israel Shrenzel, Alon Eviatar, and Matthew Levitt.** Defendants have moved to exclude the expert testimony of these three experts. *See* DE 500, 555, 717. Plaintiffs oppose. *See* DE 540, 684. Plaintiffs have withdrawn Itamar Marcus as an expert in their case in chief, and any issues as to him can be addressed should the Plaintiffs decide to seek his testimony in any rebuttal case.

---

[1] Defendants' Renewed Motion for Summary Judgment did not specifically seek dismissal of Mr. Guetta's claims. However, Plaintiffs subsequently informed the Court that they were no longer relying on Ms. Guetta's alleged identification of the perpetrator and agreed to respond to the Court as to how that incident could go forward, and Defendants noted they seek summary judgment on those claims as well. *See* DE 497 at 26-29; DE 554 at 4-6.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

Hon. George B. Daniels
January 9, 2015
Page 2

3. **Admissibility of "Inflammatory Rhetoric."** At the January 6, 2014 hearing, the Court reiterated that "'inflammatory rhetoric' . . . is out, period." 1/6/14 Tr. at 90:10-12. On January 7, 2014, Plaintiffs filed a letter requesting admission of statements in documents they call "Police Magazines" and a "Fatah Circular." *See* DE 724. Defendants oppose this request and will do so in a short letter to be submitted before the hearing.

4. **Admissibility of Reports**: Plaintiffs have moved to admit 31 reports under the public records exception to the hearsay rule. *See* DE 693. Defendants oppose. *See* DE 703. Defendants likely will supplement their opposition before the hearing.

5. **Admissibility of Videos.** Defendants have asked the Court to exclude video recordings of perpetrators. *See* DE 702. Plaintiffs oppose. *See* DE 708. Since the last court hearing and pursuant to the Court's order, Plaintiffs have identified for Defendants the portion of one video that they seek to introduce (of the two women who were convicted in involvement in the Hashaika incident). While maintaining their objection, Defendants will provide to Plaintiffs a proposed revised version of that clip.

6. **Mosaab Yousef Designations.** Plaintiffs have asked the Court to admit certain designations from the deposition of Mosaab Yousef. *See* DE 678, 692. Defendants oppose. *See* DE 680, 699.[2] Discussion of this issue was almost complete at the January 7 hearing.

7. **Admissibility of Third Party Statements.** Defendants have moved to exclude third party statements, including numerous newspaper articles. *See* DE 710.

8. **Jury Instructions.** Both parties have submitted proposed jury instructions as well as objections to the other party's proposed jury questions. *See* DE 582, 583, 591, 592. Because this ATA case involves novel legal issues for which there are no pattern jury instructions, the Court should resolve those instructions before opening statements, particularly those instructions that relate to the elements of Plaintiffs' ATA claim, respondeat superior liability, and alter ego status. In its memorandum opinion on Defendants' motion for summary judgment, the Court ruled that "Defendants' post-attack 'ratification' of their employees' actions," even "post-attack financial support to the families of terrorists" is not "itself a violation of the ATA" or "sufficient to demonstrate that Defendants were responsible for the attacks." DE 646 at 11 n.11. Despite that ruling, Plaintiffs continue to make repeated references to evidence as being relevant to a

---

[2] This issue would be mooted if the Court grants summary judgment on the claims related to the July 31, 2002 attack. *See* DE 682 (Defendants' Renewed Motion for Summary Judgment).

Hon. George B. Daniels<br>
January 9, 2015<br>
Page 3

"ratification" theory of liability.  Hence, clarity that this theory of liability is not available is important as well.

In the event the Court is unable to resolve these issues by the end of the day on Monday, Defendants request that the Court excuse the jury after jury selection on Tuesday morning, resolve the outstanding legal and evidentiary issues on Tuesday afternoon, and allow the parties to give opening statements on Wednesday morning.

Sincerely,<br><br>Mark J. Rochon

cc:  All ECF Counsel