# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 9, 2015

**<u>VIA FAX</u>**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
                <u>Docket No. 04-CV-397 (GBD)(RLE)</u>

Dear Judge Daniels:

I write concerning plaintiffs' request to take depositions of defendants' late disclosed witnesses.

*Hanan Ashrawi and Shawqi Issa*

In their January 5 letter to the Court, defendants stated that they "will not oppose a request by plaintiffs to depose Hanan Ashrawi and Shawqi Issa—the two witnesses that defendants disclosed for the first time on December 30, 2014. DE 714 at 2. Plaintiffs request that the Court permit plaintiffs to proceed with these two depositions.

Depositions of Ms. Ashrawi and Mr. Issa are important—not only because they were disclosed to plaintiffs two weeks before trial—but because these witnesses are political propagandists who appear to have no actual knowledge of the seven attacks at issue in this case. *See* DE 697 at 7-8.

Indeed, on January 6, during a radio interview with the *Voice of Palestine*, Mr. Issa identified himself as "overseeing the defense team" in this case, and stated that, during the trial, "Palestinians…will clarify things, and will claim that any people under occupation have the legal, moral and humanitarian right to struggle against that occupation." The Court has expressly ruled that this type of testimony is inadmissible.

Without depositions, it is very likely that most—if not all—of Ms. Ashrawi's and Mr. Issa's testimony will be subject to foundation and other admissibility objections, which will unnecessarily prolong the trial and waste the Court's and the jury's time. Through depositions, plaintiffs can establish the extent of Ms. Ashrawi's and Mr. Issa's

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 9, 2015
Page 2

relevant knowledge and make appropriate motions prior to their being called as witnesses.

### *Jibreen Al-Bakri*

Plaintiffs request a deposition of Mr. Al-Bakri because defendants disclosed, for the first time on December 23, 2014, their position that Abdullah Barghouti escaped from prison prior to the Hebrew University bombing.  *See* DE 677.  This is directly contrary to the evidence in the case—namely, the custodial statements of Abdullah Barghouti and Ahmed Barghouti, as well as the deposition testimony of Mosaab Hassan Yousef—that the PA released Abdullah Barghouti from jail.  Plaintiffs are entitled to take the deposition of Mr. Al-Bakri to test defendants' position on this key piece of the case given the fact that they never disclosed the basis for his alleged knowledge.

Allowing a witness without actual first-hand knowledge to testify without a deposition will needlessly require exploratory and foundational questions during trial.  If he has actual first-hand information about Abdullah Barghouti's alleged "escape," defendants should disclose that now in order to limit such questions at trial.  This is especially important because of the questionable nature of the testimony.  According to defendants, Mr. Al-Bakri is the governor of the Bethlehem Governorate.  Mr. Al-Bakri is not a prison guard and any testimony he gives on this issue is likely hearsay.  A deposition of Mr. Al-Bakri is necessary to determine if he has any relevant knowledge prior to his testimony, so that the Court and the jury are not forced to waste time during trial.

Respectfully,

Kent A. Yalowitz

cc:     All ECF Counsel