

MILLER
CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com
January 10, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels,

    I write to object to the Voir Dire List which was provided to counsel by your law clerk via email at 6:14 p.m. yesterday. The list includes only four of the jurors that Defendants' marked as "acceptable," as the list excludes every other Defendant "acceptable" juror, apparently because Plaintiffs offered a "for cause" challenge to each of them. At the hearing on January 6, 2015 the Court expressly stated that if one party designated a juror as acceptable, and another challenged that same juror for cause, that the Court "would put them in the box and we can fight with whether or not there is a challenge for cause." Jan. 6, 2014 Tr. at 8:3-4. *See also id.* at 7:9-11 ("I am going to ask you specifically on what question, answer to what question did you say disqualifies this juror."). Indeed, the Court went on to say, "I will tell you, look, the first 10 people in this box are people you both checked off the box acceptable for voir dire. You will know that. Then the next eight are people who have been alternating, that first it was one that the plaintiffs said was acceptable, the next one was the one that the defendants said were acceptable." *Id.* at 7:15-20. Defendants thus agreed to proceed in the fashion proposed by the Court based on the understanding that the Court would allow the parties' to further question any jurors who were both deemed acceptable by one party and challenged for cause by the other party, and then rule on any such challenges. *See id.* at 12:4-5. In any event, it is probably the case that the Court did not anticipate that there would only be four jurors that Defendants thought acceptable and that the plaintiffs did not mark "for cause." Undoubtedly, the Court anticipated that the mutually "acceptable" jurors would go first, and then there would be alternating "acceptable" jurors. That anticipation has not been borne out, to Defendants' substantial prejudice.

    When the parties exchanged lists as the Court directed, there were was not one juror as to whom both parties had indicated "acceptable for voir dire." As noted, the Voir Dire List

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. George B. Daniels
January 10, 2015
Page 2

provided by the Court's clerk does contain the numbers of four jurors who Defendants marked "acceptable."  However, the Voir Dire List does not contain the numbers of *any* of the jurors which Defendants designated as acceptable for voir dire, and the Plaintiffs challenged for cause. This may have been an oversight, but it must be corrected or the Defendants will be severely prejudiced.

As the Court is aware, jurors can only be excused upon a showing of cause, for hardship, or by peremptory challenge.  Although the Plaintiffs have challenged the jurors at issue for cause, the Court has not heard from the Defendants or the jurors in voir dire as to the merits of those challenges.  Defendants believe many of Plaintiffs' for cause challenges are not sustainable and/or that the jurors at issue will be able to be rehabilitated on voir dire.  As things stand now, the Plaintiffs' for cause challenges have been treated as de facto peremptory challenges because the jurors at issue have been removed from the venire without any opportunity for Defendants to contest their removal, or for the Court to hear from the jurors about whether they can in fact be fair and impartial.  It was a concern over this very scenario that motivated Defendants' prior objection to the Court's proposed procedure, and it was only after the Court indicated that it would allow voir dire of jurors who were deemed both acceptable and challenged for cause that Defendants agreed to proceed in the manner proposed to the Court.

Accordingly, the Voir Dire List should be modified to include those jurors whom Defendants marked acceptable for voir dire and Plaintiffs marked as challenge for cause, and those jurors should be seated in alternating order with those jurors which Plaintiffs designated as acceptable as the previously Court indicated.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel