

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

January 10, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

    I write in response to Plaintiffs' request to use during their opening statement certain exhibits, photographs, and demonstrative exhibits. *See* Letter from Kent A. Yalowitz to the Hon. George B. Daniels at 1 (Jan. 9, 2015) (DE 725). Defendants object to a few portions of the proffered exhibits (PTE 142, PTE 201, PTE 512) and to part of the "photographs and demonstrative aids." *Id.* at 1. I ask that the Court address Defendants' objections, which follow, at the January 12, 2014 hearing.

    **PTE 142**. This exhibit consists of two pages of GIS materials concerning Ahmed Barghouti, whom Plaintiffs have implicated in the January 22, 2002 attack. First, Defendants are fully aware that the Court has overruled their hearsay objections to the GIS files. But despite Plaintiffs' claim that the Court "admitted" this document "into evidence on January 7, 2015," *id.*, the Court has not ruled that all of the GIS documents are admissible in terms of relevance, the Court has not yet approved the Plaintiffs' proposed redactions to any of the GIS documents, and it certainly has not admitted this particular document into evidence. Regardless, the exhibit in question is more prejudicial than probative. *See* Fed. R. Evid. 403. Its only probative value goes to Plaintiffs' theory that the PA was on notice of Barghouti's arrest and conviction. This is more than outweighed by its prejudicial effect, as Plaintiffs will argue that it indicates the PA approved of the attack at issue, when that is far from the case, especially given that the document was created years after the attack and was kept in a GIS file that is secret and inaccessible under PA law.

    **PTE 201**. This exhibit is among those as to which the parties have exchanged letters. The particular exhibit is from something apparently called "Al Shuhada," which is not a



Hon. George B. Daniels
January 10, 2015
Page 2

publication of the PA or the PLO. It is unclear what portion of this exhibit Plaintiffs wish to use in their opening, but it does not matter, as none of it is admissible on any theory: it is not a statement of either Defendant and it is replete with the same rhetoric and speech that this Court has repeatedly indicated it will not admit.

**PTE 512.** The first portion of this exhibit is "The Law for Detainees and Released Detainees, its Systems and Regulations, as approved by the Palestinian Council of Ministers." The law was supposedly approved in the "December 22, 2004 session" of the "Legislative Council." PTE 512 at 1. While it was therefore adopted after all of the attacks at issue (the last of which took place on January 29, 2004), it is at least somewhat proximate, and therefore Defendants do not object to that portion of PTE 512. However, the exhibit also contains additional legislative material, apparently from 2006, *see* PTE 512 at 4, which does not appear to have been enacted and which is well after the events at issue here. That portion should be excluded, at least from use in opening.

**PTE 1060.** Without waiving their prior objections to the admissibility of this document, Defendants do not object to Plaintiffs' use of it during their opening statement.

**Photographs and Other Demonstratives.** Defendants object to some of Plaintiffs' demonstratives. In particular:

- The photograph on page 12 (of 29) is irrelevant and more prejudicial than probative. It appears to be a photograph of a funeral, but Plaintiffs only produced this photograph to Defendants on December 30, 2014, and have not told Defendants what it represents or which witness will lay the foundation for its admission at trial. If it is a photograph of the funeral of Yasser Arafat, which is defense counsel's best guess, it is not relevant to any issue in the case.

- On pages 15-25, Plaintiffs include photographs of the victims of the incidents. However, several of the exhibits include individuals who are not Plaintiffs here. Those photographs should be eliminated from the demonstratives. Such photographs specifically include those of Revital Bauer (page 15), Varda Guetta (page 19), Shaul Mandelkorn and Nurit Mandelkorn (page 20), and Scott Goldberg (pages 9, 10, and 21).

- On pages 26-28, Plaintiffs provide purported photographs of the convicted perpetrators of three of the incidents (the January 22, 2002, shooting attack/Gould-Waldman; the March 21, 2002, suicide attack/Bauer; and the January 29, 2004,



Hon. George B. Daniels
January 10, 2015
Page 3

suicide attack/Goldberg). In so doing, they label each demonstrative as a "Terror Cell." *See* DE 712. The term is not only pejorative, but also inappropriate given the loose organization of these incidents and the perpetrators. With the exception of Tawfiq Tirawi (whose photo should not be included at all, as explained below), Defendants would not object to the use of a more accurate and less pejorative phrase such as "Individuals Involved" or "Assailants" or "Attackers" or something along those lines.

- On pages 26-28, Plaintiffs should not be permitted to add to any of the individuals' photographs the small eagle graphics that they have currently included. It is Plaintiffs' burden to prove that any such individuals were PA employees, and for at least one of the individuals depicted on pages 26-28 (Ibrahim Abdel Hai, page 26), there is no such evidence.

- On page 27, Plaintiffs should not be permitted to include a photograph of Tawfiq Tirawi, who was never convicted of any involvement in the March 21, 2002 attack, or any other terror attack.

- Finally, the last page (Page 29) depicts the cover of "The Martyrs" magazine with a photograph of Yasser Arafat. Page 29 also includes a quote about "liquidating the Jews." Plaintiffs should not be permitted to use this document during their opening statement because, as described above, the source document (PTE 201) is inadmissible. Moreover, because of the way in which Plaintiffs have structured page 29, it appears as if Yasser Arafat is being quoted, when he did not make the statement in question.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel