

# MILLER CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

January 11, 2015

**Via ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels,

      I write in response to Plaintiffs' January 7, 2014 letter in which they request admission of certain statements in documents they call "Police Magazines" and a "Fatah Circular." *See* DE 724. The Court should exclude all of the proffered statements because they do not meet the test for admission set forth by the Court: "If you have statements made by representatives of the PA or the PLO directing acts of violence, specifically directing acts of violence, I may allow you to present that." 1/6/15 Tr. at 92:19-21.

1. The Statements Do Not Specifically Direct Acts of Violence

      Many of the proffered statements contain the type of inflammatory, hateful rhetoric that this Court has already ruled inadmissible in this trial. *See* 1/6/15 Tr. at 90:10-12 ("[W]ith regard to, quote, 'inflammatory rhetoric' about the Israeli/Palestinian conflict[,] I think I made clear it is out, period."). For example, some of the statements refer to Jews as "a chronic parasitic disease" (PTE 201), a "sickness in the body of this community" (PTE 204), "coward[s]" (PTE 199), "a parasite upon those communities surrounding it" (PTE 177), and an "abominable Zionist enemy" (PTE 964). They say that the Jews "are useless and have no horns . . . and [] have a rotten odor" (PTE 204), " [whose] latent evil has taken over their deformed innermost beings" (PTE 203), and whose "goals" include "the planting of an alien cancerous mass in this region" (PTE 202). They also call Israeli soldiers "a pack of wolves quite needing the smell of blood. . . [who] celebrate together, as in the Satan-worshiping celebrations of bygone days" (PTE 176).



Hon. George B. Daniels
January 11, 2015
Page 2

Other exhibits include less offensive language but are equally devoid of probative value. In some cases, the statements appear to be descriptions of what *is* happening, not specific calls to commit violence in the future. *See, e.g.,* PTE 175 ("[O]ur Palestinian people *are* carrying on the illustrious intifada...") (emphasis added); PTE 198 ("They *are* becoming martyrs as a sacrifice for the Palestinian dream...") (emphasis added). In other cases, political statements are made. *See, e.g.,* PTE 935 ("Even around the negotiating table, we shall back our delegation, support our leader..."); PTE 949 ("The enduring and faithful position that President Abu 'Ammar [Yasser Arafat] embodied during the Camp David negotiations..."). And in other cases still, statements about Palestinian people are made. *See, e.g.,* PTE 199 ("Long live our heroic Palestinian people..."); PTE 949 ("[T]he Palestinian people have refused to capitulate or relent...").

In Plaintiffs' letter, they emphasize that some of these proffered statements include such words as "liquidating," "destroying," "killing," "eradicating," "slaughtering," and "exterminating." *See* DE 724 at 2. But viewed in context, it is clear that these statements are not specifically directing acts of violence. Plaintiffs admit as much when they write that these statements "can *only* be understood as whipping up anti-Jewish and anti-Israel *hatred.*" *Id.* (emphasis added). In essence, Plaintiffs, in so characterizing the statements, recognize that they are not related to any directed specific acts of violence. In the end, these statements are just "heightened rhetoric [that] does not make it more or less likely that the defendants were involved in any of the particular acts that were committed here." 12/16/14 Tr. at 185:12-14.

2. The Statements Were Not Made by Representatives of the PA or the PLO

In their letter, Plaintiffs fail to identify the proponent of each statement. *See* DE 724. Instead, they generalize that the statements are found in "magazines prepared and published by the PA's Institute for Political and Moral Guidance." *Id.* at 1. The PA does not have an "Institute for Political and Moral Guidance." There is an "Authority for National and Political Guidance," which is affiliated with the PA's security forces. However, only one of the proffered exhibits states it is published or prepared by the Authority for National and Political Guidance (PTE 179) and the statement from that publication comes nowhere near this Court's enunciated standard for admission ("Our battle is continuing and requires the nation's toughness and wisdom, requires the sword and conscience at the same time, and requires politics and resistance."). Three of the proffered exhibits are from Humat al Areen (PTE 936, 937, 966), the masthead of which indicates it is published by the "El Areen Institute for Studies, Research and the Arts," based in Gaza. Nine of the proffered exhibits (including PTE 201, which Plaintiffs seek to display to the jury during opening statement), calls itself "Al Shuhada, Monthly bulletin published by the Political Guidance for the Border-Region Forces." PTE 201 at 3. Al Shuhada is not a PA or PLO publication. And the so-called "Fatah Circular," does not even purport to be



Hon. George B. Daniels
January 11, 2015
Page 3

a PA or PLO publication and, and as discussed below, does not even identify its author. *See* PTE 185. It apparently is a Fatah publication, on its face, and should not be admitted as statements of the PA or PLO, even in light of Plaintiffs' unavailing alter-ego theory. In any event, those statements also do not meet this Court's standard for admissibility, no matter who made them.

In addition to the fact that it is not clear what entities issued many of the publications Plaintiffs have proffered, several of the exhibits do not even identify the author of the proffered statement. *See* PTE 201, 202, 178, 177, 936, 203, 966, and 185. In fact, the statements are not attributed to anyone in particular and Defendants have no independent knowledge of the authors. Other exhibits do list the author but it is not clear from the exhibit whether the author was a PA official, a PLO official, or neither. Even if the author were a PA or PLO official, there is no indication that the articles were written by anyone in their official capacity.

In sum, Plaintiffs have not shown that the proffered statements were made by representatives of the PA or the PLO.

For each of the reasons stated above, the Court should exclude the proffered exhibits.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel