

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
January 12, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.*
04-CV-397(GBD)(RLE)

Dear Judge Daniels,

I write to object to the admission or display to the jury of the attached exhibits and those referenced in the attached email, which Plaintiffs' counsel sent to defense counsel on January 12, 2015 at 5:34 pm. Ex. 1. Plaintiffs apparently intend to utilize two photos, an annotated map, and a 77-page power-point (attached to Ex. 1) with Mr. Pearlman and Mr. Kaufman tomorrow, even though they had never previously produced any of those materials. Moreover, most of the documents referenced in the 77-page power-point Plaintiffs apparently intend to utilize with Mr. Kaufman were not produced during fact discovery. Specifically, the following documents cited in Mr. Kaufman's power-point were not produced during fact discovery: PTE 357, 362, 360, 418, 390, 419, 420, 398, 322, 323, 468, 478, 356, 348, 382, 380, 375, 376, 349, 452, 453, 313, 303, 298, 289, 260, 261, 291, and 259. DE 544. Furthermore, PTE 323, 468, 478, 489, 1123 and 1124, which Plaintiffs also apparently intend to utilize with Mr. Kaufman and Mr. Pearlman, Ex. 1, were likewise not produced during fact discovery, DE 544. Plaintiffs should also be precluded from utilizing all of these documents at trial because they were first identified to Defendants for use with Mr. Perlman or Mr. Kaufman less than 24 hours prior to their testimony. *See* Jan. 6, 2015 Tr. at 115. Accordingly, Plaintiffs should not be allowed to use these documents at trial tomorrow.

In August 2011, Defendants served a document request that requested production of "All documents concerning the January 22, 2002 Shooting," "All documents concerning the January 27, 2002 Bombing," "All documents concerning the March 21, 2002 Bombing," "All documents concerning the June 19, 2002 Bombing," "All documents concerning the July 31, 2002 Bombing," and "All documents concerning the January 29, 2004 Bombing." Ex. 2-7 at 2. Plaintiffs' responses indicated that they would do so. *Id.* at 3. All of the documents produced for the first time today at 5:35 pm are obviously responsive to those requests. Likewise, all of the





documents cited in Mr. Kaufman's power-point are responsive to these requests, but the vast majority of them were not produced during fact discovery. PTE 323, 468, 478, 489, 1123 and 1124 are likewise responsive to those requests.

The parties have long been on notice, and have even agreed on the record, that documents that were not produced during fact discovery would not be admissible at trial. On March 20, 2012, Magistrate Judge Ellis told Plaintiffs' counsel:

> I don't want any last-minute documents being produced by your client. If they have any documents that pertain to their injuries either physical or emotional, I would expect them to have been produced to the defendant. And I would expect them to have be[en] produced already. To the extent that they haven't, then you can expect that presumptively you don't get to have your expert opine on what those documents mean.

March 20, 2012 Tr. at 63.

Indeed, during fact discovery counsel for both parties agreed on the record that documents that were not produced during discovery would not be admissible at trial. During a teleconference at a deposition held on July 10, 2012, Magistrate Judge Ellis asked defense counsel "if any of the people who are alive try to introduce documents that they didn't produce during discovery, doesn't it seem obvious to you that that's improper?" and he replied "I agree, your Honor." July 10, 2012 Tr. at 28. The Magistrate Judge then told the parties "what I expect:"

> I would expect that to the extent that there are any documents that the estate has, that they be produced to the Defendants.
>
> And I don't care whether it's - - I don't care whether the Plaintiff is alive or deceased, to the extent that they were directed to produce documents that were responsive, they produce them during discovery, or those documents are not going to be admissible at – well, at least as far as I'm concerned, and if I have to do an order at the end of this to make it clear, any responsive documents not produced during discovery will be inadmissible at trial.





*Id.* at 29-30. Plaintiffs' counsel responded: "I think you're stating something that nobody disagrees with." *Id.* at 30. The Court then continued:

> All I want you to do is understand from my point of view, the purpose of discovery is that there be no surprises. And that to the extent that individuals are asked, or entities are asked about, or asked to produce documents, or answer questions concerning the claims that are put forth, that they are required to do those and answer them fully.
>
> To the extent that that's not done, then those documents not produced will not be allowed to be at trial.

*Id.* at 31-32. Plaintiffs' counsel responded "Of course." *Id.* at 32.

Magistrate Judge Ellis repeated that ruling during a discovery hearing on November 20, 2012 in connection with a request by the Plaintiffs to compel discovery from the Defendants. He stated:

> I don't know if they're planning to pursue it, but my ruling on a situation such as this would be that to the extent that you have not identified any evidence either by pointing to it or responding to it, you'd be precluded from presenting such evidence.
>
> To the extent that you have responded that you have given all the evidence and pointed it out to the plaintiffs, then you need not worry.

Nov. 20, 2012 Tr. at 6. That hearing came one day after a hearing before Your Honor where the Court told Plaintiffs' counsel in a hearing about the BBC documentary that "If you intend to use it as evidence, you better make sure, if he's asked for it, that he gets it." Nov. 19, 2012 Tr. at 113.

Thus, the parties have long been on notice, and have even agreed on the record, that documents that were not produced during fact discovery would not be admissible at trial. The Scheduling Order provided that fact discovery would close on December 21, 2012, and that deadline can only be extended by order of the Court upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Under Rule 16(b)(4), a "scheduling order may not be modified except upon a showing of 'good cause,'" which "'depends on the diligence of the moving party.'" *See G Investors Holding LLC v. Lincoln Benefit Life Co.*, No. 09 Civ. 2980 (ALC) (KNF) 2012 U.S.






Dist. LEXIS 140676 , at *6 (S.D.N.Y. Sept. 25, 2012) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)) (internal quotation marks omitted). "A party demonstrates good cause by a showing that despite its having exercised diligence, the applicable deadline could not have been reasonably met. A party does not satisfy the good cause standard when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* at *6-7 (internal quotation marks and citation omitted).

Here Plaintiffs have made no such showing. The issue is not whether Plaintiffs' counsel had a document for more than two weeks before producing it.[1] The issue is whether, with the exercise of due diligence, Plaintiffs' counsel could have located and produced the documents prior to the close of fact discovery. Unless Plaintiffs' counsel makes such a showing prior to introducing a document, the Court should enforce the prior rulings of the Magistrate Judge, the prior agreement of the parties, and the terms of the Scheduling Order and exclude the document from evidence.

Plaintiffs' should also not be allowed to admit or display documents they did not produce during fact discovery because doing so will obviously prejudice the Defendants. *See* Fed. R. Civ. P. 37(c). The fundamental purpose of fixed litigation deadlines is to protect parties and the Court from continually having to respond to newly produced material after the close of discovery. As Your Honor previously observed in ruling on another request to modify the Scheduling Order:

> I think that there are two other compelling issues. One is that there's got to be some finality to discovery and it should be and has been done in a way that's fair to both sides and, you know, and we have to abide by a set of rules. Otherwise, right up until the trial is over, I'll be hearing mercy arguments. That's not what compels the rules that have to apply to both sides, because I'm sure that there will be a time when you're going to say that they haven't abided by the rules and sympathy shouldn't persuade me to allow them to skirt those rules even though they were fully aware that

---

[1] Defendants' note that Mr. Yalowitz's January 9, 2014 letter states that to the best of his knowledge, Plaintiffs' counsel did not have any document in their possession for more than two weeks prior to producing it to defense counsel. Defendants accept Mr. Yalowitz's representation on behalf of himself and his firm. However, Defendants are entitled to similar statements from Mr. Yalowitz's predecessors, including David Strachman, Robert Tolchin and David Schoen, as well as from Plaintiffs' Israeli counsel including Nitsana Darshan-Leitner, Mordechai Haller and Rachel Weiser.





> those rules had to be abided by, and as you say, it may not be undue prejudice but it is clearly prejudice, because it's clearly not to their benefit and clearly to your benefit. It may be appropriate to do so under the circumstances, but as I say, the parties, you know, had a full opportunity to do discovery, everyone knew what the bounds of that discovery and the time frames of that discovery was going to be . . . .

March 4, 2014 Tr. at 63-64.

Defense counsel are currently confronted with the absurdity of the production of new proposed trial exhibits the day before opening statements. At some point the production of documents must stop so the parties can prepare for trial. That point is long before the night before trial. For the reasons stated above, the Court should preclude Plaintiffs from utilizing these documents that were not produced during fact discovery unless Plaintiffs' counsel can demonstrate that the particular document could not have been produced during fact discovery if counsel had exercised due diligence or that Defendants will not be prejudiced by the late production of the document. Furthermore, the documents should not be allowed because, even if their late production could be excused, they were not identified more than 24 hours in advance as the Court required.

Sincerely,

Brian A. Hill