# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK I. SOKOLOW, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINE LIBERATION )<br>ORGANIZATION, et al., )<br>)<br>Defendants. )<br>) | Civ. No. 04-397 (GBD) (RLE) |

## OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO THE SOKOLOW PLAINTIFFS

The Sokolow Plaintiffs ("Plaintiffs"), by and through counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serve their Objections and Responses to "Defendants' First Request for Production of Documents and Things to the Sokolow Plaintiffs" ("Request" or "Requests") and state as follows:

## PRELIMINARY STATEMENT

1. The exact wording of any objections or responses by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2. Any objections or responses by Plaintiffs to the Requests shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each objection or response is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such information. Further, Plaintiffs make the objections and give the responses

herein without in any way implying that they consider the Requests and the responses to the Requests to be relevant or material to this case.

3.  Because Defendants' Requests do not provide sufficient identifying information, Plaintiffs make no representation that the objections or responses provided necessarily include the information intended by the Defendants.

4.  A response to a Request stating objections and/or providing a response shall not be construed to mean that Plaintiffs concede the truth and/or existence of any purported facts described in the Request or definitions and/or instructions applicable to the Request, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Request or definitions and/or instructions applicable to the Request.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the instructions and definitions contained in the Requests to the extent they purport to impose requirements beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Therefore, Plaintiffs' objections and responses will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUEST FOR DOCUMENTS AND THINGS

1.  *All documents concerning the January 27, 2002 Bombing.*

    **Objections**

    Plaintiffs object to this Request as overbroad and unduly burdensome, in that it seeks "All" documents "concerning" the topic. Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Without derogating from their objections above Plaintiffs will produce any non-privileged responsive documents in their possession, custody or control.

2.  *All documents concerning Idris.*

**Objections**

Plaintiffs object to this Request as overbroad and unduly burdensome, in that it seeks "All" documents "concerning" the topic. Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Without derogating from their objections above Plaintiffs will produce any non-privileged responsive documents in their possession, custody or control.

3.  *All documents concerning Noor.*

**Objections**

Plaintiffs object to this Request as overbroad and unduly burdensome, in that it seeks "All" documents "concerning" the topic. Plaintiffs further object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

**Response**

Without derogating from their objections above Plaintiffs will produce any non-privileged responsive documents in their possession, custody or control.

4.  *All documents concerning the JOHN DOE defendants.*

3

*psychiatric and psychological expenses incurred by [you] as a result of" the January 27, 2002 Bombing.*

### Objections

Plaintiffs object to this Request to the extent it seeks documents covered by the attorney-client privilege or the work-product privilege.

### Response

Without derogating from their objections above Plaintiffs will produce any non-privileged responsive documents in their possession, custody or control.

15. *All documents concerning your U.S. citizenship.*

### Objections

Plaintiffs object to this Request as overbroad and unduly burdensome because it seeks "All" documents "concerning" their U.S. citizenship.

### Response

Without derogating from their objections above, Plaintiffs have produced documents evidencing their U.S. citizenship.

Plaintiffs, by their Attorney,

Robert J. Tolchin
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

## CERTIFICATION

I hereby certify that on October 3, 2011 a true copy of the within was sent via first class mail to the following counsel:

Richard Hibey
Mark J. Rochon
Brian Hill
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

_____
Robert J. Tolchin