

# MILLER CHEVALIER

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
January 13, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels,

      I write to object to the admission or display to the jury of the following 21 exhibits and photographs with Plaintiffs' expert witness Alon Eviatar: PTE 5, 6, 15, 20, 104, 105, 106, 108, 171, 173, 212, 215, 224, 241, 512, 532, 628, 889, 958, 1127, and 1143 and photographs of Fuad Shubaki, Tawfiq Tirawi, Mohamed Dahlan, Jibril Rajoub, Issa Qaraqe and a chart with Hebrew subtitles contained on page 20 of Mr. Eviatar's expert report. Plaintiffs' counsel sent a list of these exhibits and photographs to defense counsel this evening at 7:25 pm. Ex. 1. Plaintiffs should be precluded from utilizing all of the documents and photographs listed in Exhibit 1 at trial tomorrow because they were first identified to Defendants for use with Mr. Eviatar less than 24 hours prior to their testimony. Jan. 6, 2015 Tr. at 115; Jan. 13, 2015 Tr. at 4-11. In any event, Plaintiffs should not be allowed to use a photograph of Issa Qaraqe, because no such photograph has even been produced to Defendants.

      Furthermore, Plaintiffs apparently intend to utilize 10 exhibits (PTE 171, 212, 215, 224, 241, 628, 889, 958, 1127 and 1143) and 5 photographs of individuals with Mr. Eviatar even though none of these exhibits or the photographs of these individuals were referenced in Mr. Eviatar's expert report (DE 500-25) or his corrected report (DE 500-29), or even disclosed obliquely as part of a list of thousands of pages of material which Mr. Eviatar reportedly reviewed "*inter alia.*" *See* DE 500-25 at 2-3. Plaintiffs should not be allowed at this late date to use these exhibits or photographs with Mr. Eviatar because they were not disclosed in his expert reports as "facts or data considered by the witness" or "exhibits that will be used to summarize or support" "all opinions the witness will express." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).

      Rule 26(a)(2)(B) requires a party to produce "a written report" "prepared and signed by the witness," which "must contain," *inter alia*, "a complete statement of all opinions the witness will express," "the facts or data considered by the witness in forming them" and "any exhibits



Hon. George B. Daniels
January 13, 2015
Page 2

that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in this Circuit have barred experts from testifying at trial regarding documents not disclosed in their expert reports. *See, e.g., In re In re Omeprazole Patent Litig.*, No. M–21–81, 1291, 2002 WL 287785, *1, 3-6 (S.D.N.Y. Feb. 22, 2002) (precluding experts from providing any opinions at trial concerning the documents or relying on the documents where such opinions or reliance were not disclosed during discovery) (citing *Fund Comm'n Serv. II, Inc. v. Westpac Banking Co.*, 1996 WL 469660, at *3 (S.D.N.Y. Aug.16, 1996) (describing Rule 37(c)(1) as an "automatic sanction" for failure to comply with Rule 26(a)(2)(B)); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Porer, Inc.*, No. 95 CIV 8833 RPP, 2000 WL 356412, at * 2 (S.D.N.Y. Apr. 5, 2000) (limiting direct testimony by expert witnesses at trial to the contents of their expert reports unless the witness can show that the material was not available to him or retaining counsel as of the date of his report).

Here, Plaintiffs produced an expert report for Mr. Eviatar on June 14, 2013 and a corrected report for Mr. Eviatar on September 16, 2014. Ten of the documents at issue (PTE 171, 212, 215, 224, 241, 628, 889, 958, 1127 and 1143), and the 5 photographs of individuals, were not disclosed in either Mr. Eviatar's original or corrected reports. Plaintiffs never served a further supplemental expert report for Mr. Eviatar or otherwise informed defense counsel that Mr. Eviatar would testify regarding documents or photographs other than those disclosed in his expert reports until 7:35 pm this evening. Accordingly, pursuant to Rule 37(c), Plaintiffs are not permitted to utilize those 10 documents or 5 photographs with Mr. Eviatar unless they can make a showing of substantial justification or harmlessness.

Moreover, at least 3 of these exhibits (PTE 224, 512 and 1127), and all 6 of the photographs were not produced by the Plaintiffs during fact discovery in this matter, and should not be admitted at trial for that reason as well. The parties have long been on notice, and have even agreed on the record, that documents that were not produced during fact discovery would not be admissible at trial. DE 740 at 2-5. Today, the Court confirmed that "We are going to have what the rule was as I set down, Judge Ellis set down, and it was clear for both sides. If you were going to produce something that you want before the jury at trial as an exhibit, it should be produced during discovery. If it wasn't produced during discovery, then it's not going to be before this jury." Jan. 13, 2015 Tr. at 6-7. PTE 512 and 1127, and the 5 photographs at issue, were not produced by Plaintiffs during fact discovery. Accordingly, Plaintiffs should not be allowed to utilize PTE 224, 512 or 1127, or the 5 photographs of individuals, at trial with any witness.

Miller & Chevalier Chartered



Hon. George B. Daniels
January 13, 2015
Page 3

    Accordingly, Plaintiffs should not be allowed to use any of these documents at trial tomorrow, or PTE 171, 212, 215, 224, 241, 628, 889, 958, 1127 and 1143 or the 5 photographs of individuals with Mr. Eviatar on any other date.

Sincerely,

Brian A. Hill