

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com
January 14, 2015

**Via ECF**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.*
04-CV-397(GBD)(RLE)

Dear Judge Daniels,

I write to update you on the status of Defendants' objections to the redactions of Israeli Military Court materials. Plaintiffs' counsel sent the final versions of the redacted copies of these exhibits, which they apparently intend to introduce today, to defense counsel early this morning by email between midnight and one am. As the Court is aware, Plaintiffs first provided proposed redacted versions of these documents this past Saturday, January 10, 2015 and Defendants objected to those redactions because they did not conform to the Court's prior rulings. Defendants worked with Plaintiffs last night to bring the redactions into conformity with the Court's rulings. Defendants have already gone through the binder on the Sokolow incident, and have been able to verify that those redactions comply with the Court's prior rulings. However, at this point, defense counsel has not had the opportunity to review all of the final proposed redactions, which were obviously provided less than 24 hours prior to Mr. Kaufman's testimony.

Furthermore, Plaintiffs apparently intend to utilize 3 exhibits (PTE 362, 451 and 889), which pertain to the convictions of Marwan Barghouti, Fuad Shubaki and Nasser Aweis, with Mr. Kaufman even though none of those exhibits were referenced in Mr. Kaufman's expert report (DE 500-34). Even worse, Defendants did not get any notice that Plaintiffs intended to use the documents pertaining to Marwan Barghouti or Fuad Shubaki unit after midnight. Rule 26(a)(2)(B) requires a party to produce "a written report" "prepared and signed by the witness," which "must contain," *inter alia*, "a complete statement of all opinions the witness will express," "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Thus, experts should not be allowed to testify at trial





regarding documents not disclosed in their expert reports. *See, e.g., In re In re Omeprazole Patent Litig*., No. M–21–81, 1291, 2002 WL 287785, *1, 3-6 (S.D.N.Y. Feb. 22, 2002) (precluding experts from providing any opinions at trial concerning the documents or relying on the documents where such opinions or reliance were not disclosed during discovery) *(*citing *Fund Comm'n Serv. II, Inc. v. Westpac Banking Co.,* 1996 WL 469660, at *3 (S.D.N.Y. Aug.16, 1996) (describing Rule 37(c)(1) as an "automatic sanction" for failure to comply with Rule 26(a)(2)(B)); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Porer, Inc.*, No. 95 CIV 8833 RPP, 2000 WL 356412, at * 2 (S.D.N.Y. Apr. 5, 2000) (limiting direct testimony by expert witnesses at trial to the contents of their expert reports unless the witness can show that the material was not available to him or retaining counsel as of the date of his report).

Plaintiffs produced an expert report for Mr. Kaufman on April 10, 2013. Three of the documents at issue (PTE 362, 451 and 889), were not disclosed in Mr. Kaufman's report. The Marwan Barghouti document (PTE 451) consists of 173 pages of English, the Fuad Shubaki document (PTE 889) consists of 50 pages of English, and the Nasser Aweis document (PTE 362) consists of 83 pages of English. The Plaintiffs never served a supplemental expert report for Mr. Kaufman that referenced any of these documents, and although these documents were included with dozens of others in a collection of redacted documents that were emailed to defense counsel this weekend, there were not specifically identified as pertaining to Mr. Kaufman.

On Monday, Plaintiffs provided defense counsel with 5 binders of redacted IMC materials which they intended to offer into evidence. The Marwan Barghouti document and the Fuad Shubaki document were not included in any of those binders. Those documents were also not referenced in the power-point pertaining to Mr. Kaufman which was produced on Monday evening, and which the Court excluded yesterday. Accordingly, the Plaintiffs should not be allowed to use the Marwan Barghouti or Fuad Shubaki documents with Mr. Kaufman because they were not even identified for use with Mr. Kaufman with the minimum 24-hour notice.

Defendants acknowledge that the Nasser Aweis document was included in one of the hard copy binders of documents plaintiffs provided on Monday, and was referenced in the power-point Plaintiffs produced on Monday evening. Defendants respectfully submit that that disclosure was also far too late, and that, pursuant to Rule 37(c), Plaintiffs should not be permitted to utilize the Nasser Aweis document with Mr. Kaufman.

Furthermore, 24 of these exhibits (PTE 322, 260, 261, 289, 291, 298, 303, 313, 357, 360, 361, 362, 384, 390A, 390B, 398, 418, 419, 420, 348, 349, 356, 375, and 382G) were not produced by the Plaintiffs during fact discovery in this matter, and should not be admitted at trial for that reason as well. *See* DE 740. The Court made very clear yesterday that "If it wasn't





produced during discovery, then it's not going to be before this jury." Jan. 13, 2015 Tr. at 7. Yesterday, Mr. Kaufman testified that the documents he intended to testify about were provided to him by Plaintiffs' counsel. *Id.* at 110. PTE 322, 260, 261, 289, 291, 298, 303, 313, 357, 360, 361, 362, 384, 390A, 390B, 398, 418, 419, 420, 348, 349, 356, 375, and 382G were not produced by Plaintiffs during fact discovery. Plaintiffs have made no showing that their counsel could not have, with due diligence, similarly provided these documents to defense counsel before the close of fact discovery, and the Defendants will obviously be prejudiced by the introduction of these documents at trial. Accordingly, Plaintiffs should not be allowed to utilize those documents at trial because they have not shown good cause for failing to produce them during fact discovery.

The Court should also not admit PTE 451 or 889 in any event because neither of the Defendants in those cases (Marwan Barghouti and Fuad Shubaki) was convicted for any of the six attacks at issue here. *See* DE 672 (permitting admission of conviction documents "[w]ith regard to trials involving the attacks at issue in this case").

Finally, the Court should not permit the Plaintiffs to include the documents pertaining to Ahmed Barghouti (PTE 357 & 358) in the binder pertaining to the July 31, 2002 attack in any event because Ahmed Barghouti was not convicted for that attack, and including his redacted conviction documents in that binder would confuse and mislead the jury.

Accordingly, (1) Plaintiffs should not be allowed to use any of these documents at trial today until at least such time as defense counsel can verify that the redactions conform to the Court's prior rulings, (2) Plaintiffs should not be allowed to use the Marwan Barghouti, Fuad Shubaki or Nasser Aweis documents (PTE 362, 451 or 889) with Mr. Kaufman because were not disclosed in Mr. Kaufman's expert report, (3) Plaintiffs should not be allowed to use PTE 322, 260, 261, 289, 291, 298, 303, 313, 357, 360, 361, 362, 384, 390A, 390B, 398, 418, 419, 420, 348, 349, 356, 375, and 382G because they were not produced prior to the close of fact discovery and Plaintiffs have not made a showing of good cause for that late production, (4) Plaintiffs should not be allowed to admit DE 451 or 889 because neither Marwan Barghouti nor Fuad Shubaki was convicted for any of the six attacks at issue, and (5) Plaintiffs should not be allowed to include the Ahmed Barghouti documents (PTE 357 or 358) in the binder pertaining to the July 31, 2002 attack because he was not convicted for participating in the July 31, 2002 attack.

Sincerely,

Brian A. Hill