**ARNOLD & PORTER** LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 18, 2015

**VIA ECF AND FAX**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>         Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

In view of some of the Court's recent rulings on the relevance of evidence, plaintiffs write respectfully to present our views on the *apparent intent* element of 18 U.S.C. § 2333(a).

Under § 2333(a), plaintiffs must prove that defendants engaged in "international terrorism" as defined in that section. To meet section 2331's definition of "international terrorism," plaintiffs must prove that the defendants engaged in:

> (1) … **activities that** …
>
>> (B) **appear** to be **intended**—
>>
>>> (i)  to intimidate or coerce a civilian population;
>>>
>>> (ii) to **influence the policy of a government** by intimidation or coercion; or
>>>
>>> (iii) **to affect the conduct of a government** by mass destruction.  (Emphasis added.)

It is obvious that a terror campaign involving suicide bombings and shootings *appears intended* to "intimidate or coerce a civilian population." But plaintiffs also intend to offer evidence that the terror campaign *appeared intended* to *influence the policy of* and to *affect the conduct of* the United States Government.

Defendants have certainly opened the door to such evidence (if the door needed to be opened at all). They have argued repeatedly (and incorrectly) that this case has

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 18, 2015
Page 2

nothing to do with the United States.  In opening, defendants said:  "These incidents happened way over there, but they are being tried here in the United States District Court for the Southern District of New York."  Tr. at 92 (Jan. 13, 2015).  Defendants struck the same note in their recent mandamus papers on the subject of jurisdiction.[1]

There is evidence that defendants *appeared to have intended* that their terror campaign influence the policy of, and affect the conduct of, the United States Government.  Defendants repeatedly made statements reflecting that apparent intent.  Here are some of their own words:

- "There needs to be action and greater pressure, letting the United States of America know that the continuation of their flagrant bias toward the interests of the Zionist entity and against the rights of our people, will be an incentive for our Nation's masses to move in earnest to threaten U.S. interests in the region in all their economic, political and security forms.  The battle is open, bloody and fierce and nobody can escape its fire except by engaging in it side by side with our inalienable national rights….Let victory be achieved, God Willing."  Ex. 913 at 3.

- "[T]here must be a national, patriotic and Islamic message to the U.S. Administration in the form of a letter of a clearly defined position, placing on the palm scales, on the one hand American interests in the region, and on the other hand their

---

[1] In their mandamus papers, defendants said that the Court lacks jurisdiction because plaintiffs "have no admissible evidence of any U.S.-based activities of the Palestinian Government that gave rise to their injuries," and that this case does not involve "attacks on U.S. soil, U.S. installations, or even attacks expressly aimed at U.S. citizens."  *In re Palestine Liberation Organization*, Case No. 14-4449, Doc. 64-1 at 5 (Dec. 29, 2014). As this Court is aware, the constitutional standard for specific jurisdiction is broader: "[W]hether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct."  *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011).  Engaging in activities that a jury concludes appeared to have been intended to influence the policy of, or affect the conduct of, the United States Government easily meets that standard.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 18, 2015
Page 3

> bias and outrageous support of the fascist Zionist entity and the butcher Sharon, who brings to mind a picture of Nazism in the ugliest of its images." Ex. 912 at 2.

- "The European nations and the U.S., who have strategic interests in the region, are called upon to see the necessity of urgent and immediate action to stop Israeli practices against the Palestinian people. Without this, their vital interests shall be directly jeopardized, and this shall redound adversely on their people and communities…." Ex. 175 at 7.

- "Wherever you are—kill those Jews and those Americans who are like them and those who stand with them. They are all together against the Arabs and the Muslims." Ex. 644.

- "The martyrdom seekers of today [*i.e.*, the September 11, 2001 attackers] are the finest successors of the finest predecessors. These martyrdom seekers are the salt of the earth and the engines of history….They are more honorable than us all…." Ex. 1074.

This is also the purpose for which plaintiffs wish to offer Ex. 497, the Washington Post op-ed piece of Marwan Barghouti. Plaintiffs are *not* offering it as a threat of violence. Plaintiffs are *not* offering it to prove an intent to commit violence. Rather, plaintiffs offer it, and the foregoing evidence, to prove that defendants had the apparent intent of influencing the policy of and affecting the conduct of the United States Government.

We agree with the Court that writing an op-ed piece in the *Washington Post* is not by itself a threat, and it does not by itself prove an intent to commit *violence*. But we respectfully submit that a jury is entitled to evaluate the op-ed piece in the context of other evidence to determine whether it was more likely than not that defendants had an apparent intent *to influence the policy of, or affect the conduct of, the United States Government*. This piece was not written in the *Peoria Journal Star* or the *National Enquirer*. If you want to influence the policy of the United States Government, you write in the *Washington Post*. If you want to affect the conduct of the United States Government, you write in the *Washington Post*.

ARNOLD & PORTER LLP

Hon. George B. Daniels
January 18, 2015
Page 4

The jury should be given the opportunity to make that link based on other contextual evidence:

- The evidence that defendants actually cared about the policy and conduct of the United States Government.

- The evidence of Marwan Barghouti's extremely senior role in defendants' organizational hierarchy.

- Barghouti's conviction as the mastermind of a terror campaign closely associated with the defendants by directing the al-Aqsa Martyrs' Brigades.

- The direct role of al-Aqsa Martyrs' Brigades in five of the six attacks in this case and the material support for Hamas given to the perpetrator of the sixth attack by Barghouti's closest associate and direct subordinate—blood relative Ahmed Barghouti.

- Barghouti's role as the iconic symbol of the al-Aqsa Intifada.

- The extensive evidence that defendants provided material support to the al-Aqsa Martyrs' Brigades during the terror campaign.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel