

**MILLER CHEVALIER**

Laura G. Ferguson
Member
(202) 626-5567
lferguson@milchev.com

January 19, 2015

**VIA ECF AND FACSIMILE**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

      I write on behalf of Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") in response to Plaintiffs' letter of January 18, in which they seek to reargue the admissibility of PTE 497, which Plaintiffs characterize as the "Washington Post op-ed piece of Marwan Barghouti." PTE 755 at 3 (attached as Exhibit 1). On Friday, January 16, the Court excluded PTE 497. Tr. 1/16/15 at 551:9 ("497 is out"); *id.* at 561:20 ("497 is inadmissible"). When Plaintiffs continued to press the issue, despite the Court's ruling, the Court stated it "[didn't] have an open mind on this document." *Id.* at 562:19-21. As the Court noted, the op-ed "doesn't have anything to do with terrorism. It doesn't reflect terrorism." *Id.* at 562:23-563:2.

      Because the Court already has ruled on the inadmissibility of PTE 497, Plaintiffs' letter must be treated as a motion for reconsideration. In order "[t]o prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *See United States ex rel. Kester v. Novartis Pharms. Corp.*, No. 11 Civ. 8196, 2015 U.S. Dist. LEXIS 2187, at *18 (S.D.N.Y. Jan. 6, 2015). Plaintiffs do not meet that standard, and the Court therefore should not reconsider its ruling.

      In any event, PTE 497 is not admissible. It is not admissible under Federal Rule of Evidence 801(d)(2) as an opposing party's statement because Marwan Barghouti is not a PA or PLO official, nor is he employed by the PA or PLO. Exh. 1 at 2 (describing Barghouti as "general secretary of Fatah on the West Bank and . . . elected to the Palestinian Legislative Council").

      In addition, PTE 497 is irrelevant, as the Court previously ruled. Plaintiffs argue that the op-ed is relevant to the requirement under the Anti-Terrorism Act that the Defendants' activities appear intended to intimidate or coerce a civilian population. DE 755 at 1 (citing 18 U.S.C. § 2331). Plaintiffs state they are not offering the op-ed "as a threat of violence," nor are they "offering it to prove an intent to commit violence." *Id.* at 3. Instead, they are offering the op-ed

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1542608.1



Hon. George B. Daniels
January 19, 2014
Page 2

to "prove that defendants had the apparent intent of influencing the policy of and affecting the conduct of the United States Government." *Id.* There are two flaws with Plaintiffs' argument. First, the Marwan Barghouti's op-ed does not prove anything about whether *Defendants'* activities appear to be intended to influence the policy or affect the conduct of the United States. Marwan Barghouti was not speaking for the PA or PLO. Second, the ATA requires that the activities of the Defendants appear to be intended "to influence the policy of a government *by intimidation or coercion*" or "to affect the conduct of a government *by mass destruction*." 18 U.S.C. § 2331 (emphasis added). The op-ed is not evidence of either.

In sum, the Court should not reconsider its January 16 ruling excluding PTE 497.

Sincerely,

*Laura G. Ferguson*

Laura G. Ferguson