

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com
January 20, 2015

**Via ECF and Facsimile**
Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*
        04-CV-397(GBD)(RLE)

Dear Judge Daniels,

    On behalf of Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO"), I write in response to Plaintiffs' letter, dated January 18, 2015, in which Plaintiffs write in further support of their request to admit "twenty exhibits consisting of excerpts from police magazines published by the PA and distributed to its police and security forces." DE 756 ("Letter").

    Defendants have argued in their previous letter and before the Court that Plaintiffs' proposed exhibits should not be admitted because the statements at issue do not specifically direct acts of violence, and thus, do not meet the test for admission set forth by the Court. *See* 1/6/15 Tr. at 92:19-21 ("If you have statements by representatives of the PA or PLO directing acts of violence, specifically directing acts of violence, I may allow you to present that."). Defendants will not repeat those arguments here but incorporate them by reference. *See* DE 733 at 1.

    Plaintiffs argue that the magazines are self-authenticating. As the comments to the Federal Rules of Evidence, state, however, "[e]stablishing the authenticity of the publication may … leave still open questions of authority and responsibility for items therein contained." Fed. R. Evid. 903 (Advisory Committee Note Paragraph (6)) (citing 7 Wigmore §2150). Plaintiffs have failed to show that the authors had the authority to make the statements in these publications or that the PA, or the PLO, adopted them.

    In support of their argument, Plaintiffs cite to their own expert as well as to the annual pocket diary, issued by the Palestinian Academic Society for the Study of International Affairs

**MILLER CHEVALIER**

Hon. George B. Daniels
January 20, 2015
Page 2

("PASSIA"), which contains a directory of PA, PLO, and Palestinian nongovernmental institutions. Plaintiffs point to the fact that the PASSIA directory lists as PA entities a Commission on "Political Guidance," a "Border Crossings," and a "Border Police," as proof that a document which says it is published by the "Political Guidance for the Border-Region Forces" is a statement of the PA and PLO. Letter at 2. That exercise of connect-the-dots simply does not lay a sufficient foundation to show that the documents at issue were official statement of the PA and the PLO.

As Adnan Dmeiri, the director of the Commission of National and Political Guidance, states in the attached declaration[1], while these publications were written by individual employees of the PA Security Forces, "the publications expressed the soldiers' personal views and were not official statements of the Palestinian Authority or its security forces." Exh. 1 (Dmeiri Decl.) at ¶ 9.

Finally, those statements that discuss "the Jews" or "the Jewish people" should be excluded because they inject anti-Semitism into this trial. Defendants previously requested that the Court include questions about religion and religious bias in the jury questionnaire. *See* DE 573-1, questions 25-31, 34-36; DE 686, questions 24-25. Plaintiffs objected and the Court declined to include these questions. Yet, Plaintiffs now want to admit highly inflammatory, anti-Semitic statements. This trial has enough emotionally sensitive topics without adding anti-Semitism to the mix, particularly when inquiry about religion and religious bias was denied during voir dire.

For the reasons stated above, the Court should exclude the proffered exhibits.

Sincerely,

Mark J. Rochon

---

[1] Defendants file the attached declaration along with an informal English translation. The certified translation will be filed shortly with the Court.