

Brian A. Hill
Member
(202) 626-5014
bhill@milchev.com

January 20, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

    This evening, at 8:02 pm we received an email from Plaintiffs' counsel identifying nearly 90 exhibits Plaintiffs reportedly plan to use with Israel Shrenzel "tomorrow." Exh. 1. We asked Plaintiffs' counsel to tell us the order in which they intend to offer them, and they indicated that they would "start with the Security Apparatus magazines, the summaries, and the photos" and that they "may use 407 and 553." *Id.* Accordingly, this letter addresses those exhibits.

    Defendants have the following objections to those exhibits:

    <u>Alleged Security Apparatus magazines (PTE 175, 176, 177, 178, 179, 195, 198, 199, 200, 201, 202, 203, 204, 935, 936, 937, 949, 964, 966)</u>. Plaintiffs attached these exhibits to their letter dated January 7, 2014 (DE 724). Defendants have previously explained why these documents are not admissible. *See* DE 733; 759. Accordingly, these exhibits should be excluded from evidence.

    <u>Summaries (PTE 1120 and 1121)</u>. Defendants object to PTE 1121, a summary exhibit Plaintiffs intend to use with Israel Shrenzel. It does not list the exhibits it purports to summarize. Based on our quick review, Defendants have several issues with the summary. First, the summary exhibit is captioned "Pay and Promotions to Defendants' Employees." None of the individuals listed were employed by the PLO, so the caption is inaccurate. Second, Marwan Barghouti is inaccurately listed as one of Defendants' employees. As Plaintiffs' own expert acknowledged, Marwan Barghouti was a Fatah official. His only role with respect to the PA was to serve as an elected member of the Palestinian Legislative Council, which does not make him a PA employee. The PA did not hire him and could not fire him, any more than the



Hon. George B. Daniels
January 20, 2015
Page 2


Executive Branch of the U.S. Government can hire or fire an elected member of the House of Representatives. Third, Ali Ja'ara is listed as a PA employee, but his personnel file states he was terminated on January 5, 2004 (PTE 88). Fourth, six of the individuals are listed as being currently employed with the PA. That is not accurate. These individuals have been incarcerated by the State of Israel for a decade or more. Defendants also object to the note at the bottom of the summary, which states as to Marwan Barghouti, "Defendants did not produce complete pay records for this individual." This statement wrongly suggests that Defendants improperly withheld documents from Plaintiffs. Defendants made a production pertaining to Marwan Barghouti in December 2012, and Plaintiffs never moved for any further production. Plaintiffs could simply say, "Plaintiffs do not have complete pay records for this individual."

Defendants also object to summary exhibit PTE 1120. The caption "Defendants' Payments to Convicted Non-Employees" is inaccurate. Plaintiffs have no evidence that the PLO made payments to any of these individuals. Plaintiffs do not identify the exhibits they are summarizing. Based on Defendants' quick review, the exhibit appears to list individuals who received payments from the PA's Ministry of Detainees and Ex-Detainee Affairs, not from the PLO.

Alleged Crime Scene Photos (PTE 407, 1134). Plaintiffs claim that PTE 407 and 1134 are photos of the January 22, 2002 crime scene. Defendants object to these photographs on grounds of lack of foundation: Mr. Shrenzel was not present at that event, and, accordingly, he cannot lay the required foundation for the admission of the photos by testifying from personal knowledge that they accurately depict the scene at issue.

Alleged Perpetrator Photos (PTE 1154, 1155, 1162, 1172, 1177, 1178, 1181). Plaintiffs claim that these exhibits are pictures of Mohammad Abdullah, Majed el Masri, Fares Ghanim, Wafa Idris, Mohammad Mousleh, Munzar Noor and Said Ramadan. Defendants object to these photographs on grounds of lack of foundation. Unless Mr. Shrenzel has met these individuals, and Defendants are aware of no evidence that he has, he cannot lay the required foundation for the admission of those photographs by testifying from personal knowledge that they accurately depicts the individuals at issue. PTE 1154 is also more unfairly prejudicial than probative because it depicts the individual in front of a photograph of Yasser Arafat.

PTE 553. PTE 553 is a document entitled "The Palestinian Authority Financed 'Fatah' Branch Activities from its Official Budget." The document, which does not reference any author, is obviously hearsay, and Plaintiffs have not demonstrated that it falls within any of the hearsay exceptions. It is also irrelevant as it pertains to the 1998-1999 timeframe and does not make it more likely than not that Defendants are liable to Plaintiffs in this matter. Plaintiffs



Hon. George B. Daniels
January 20, 2015
Page 3

should also not be allowed to use this document with Mr. Shrenzel because it was not referenced in his report.

Copies of the exhibits referenced above are enclosed herewith to the extent they were not filed with DE 724.

Defendants will notify the Court by letter as soon as practicable as to any other exhibits identified in this evening's email to which they have objections beyond those already ruled upon by the Court.

Sincerely,

Brian A. Hill / ef

Brian A. Hill

cc: All ECF Counsel