# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 21, 2015

**VIA ECF AND FAX**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestine Liberation Organization, et al.* <u>Docket No. 04-CV-397 (GBD)(RLE)</u>

Dear Judge Daniels:

      I write to request that the Court enforce—against defendants—its repeated orders on evidence. *First*, the Court has repeatedly held that no evidence is to be offered if it has not been provided to the other side in advance of trial. *Second*, the Court has ordered that each party provide a list to the other party, the day before, of every exhibit the party intends to offer in evidence the next day.

      Defendants are attempting to violate these orders. This morning at 7:36 a.m., defendants sent plaintiffs a list and copies of seven new proposed trial exhibits. (See Ex. A hereto). So far as plaintiffs are aware in the few moments we have had to review them, we have never been provided these by defendants.

      As for the "day before" rule, defendants have acknowledged that it applies to their exhibits that they wish to use on cross-examination. As late as yesterday afternoon, defendants' lead trial counsel represented to plaintiffs that defendants would send plaintiffs the materials he plans to use with Eviatar "to refresh or impeach," and that plaintiffs would "find some of them objectionable." (See Ex. B hereto)

      Defendants failure to provide these materials is a direct violation of the Court's orders. On January 6, the Court imposed the following rule:

            THE COURT: This is the ruling that I'm going to impose, and I impose in cases where I have lawyers who can't resolve this on their own. I want the other side to have a list, the day before, of every exhibit that you intend to offer

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 21, 2015
Page 2

> in evidence the next day.  That is going to be the rule in this
> trial for both sides.  If they have not seen it at least the day
> before, then it is not coming in by that ruling, okay.  Very
> simple.  So my suggestion is that you get it to them early,
> and you make sure that they have it, and you make sure that
> they know exactly what is the accurate list.  And if I find
> that you are giving them a list of a thousand exhibits the
> day before and you are using 10, then I'm going to consider
> that that is an abuse of the process, and I'm going to think
> about imposing some sanctions.  So let's be reasonable
> about this.

Tr. (Jan. 6, 2015) at 115 (Ex. C hereto).

Yesterday, the Court was very explicit on this issue:

> THE COURT:  The thing that is frustrating for me is we
> laid out what you agreed to, both of you, as the process of
> how you would be notified of what was going to come in
> evidence and how you were going to indicate that you have
> some objection.  Neither side did anything consistent with
> that agreement.
>
> I shouldn't be sitting here on Tuesday morning after a week
> of trial with this witness already being on the stand three
> days and I get letters that are showing up an hour before we
> start court, arguing about whether or not things that are
> supposed to come in evidence today are going to be
> admitted.
>
> I'm going to start enforcing this rule without regard to the
> merits of your argument.  You need to tell them as early as
> possible what it is you intend to use, and they need to tell
> you as early as possible that they have some objection to it.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 21, 2015
Page 3

> I'm not listening to any more excuses why you didn't figure
> it out earlier, and I'm not going to listen to any more
> excuses from them of why they didn't object to it earlier.
> I'm going to make the ruling based on who I think has
> violated that rule.  I fault you for giving them notice late,
> and I fault them for waiting until minutes before we get in
> the courtroom to try to raise this issue.

Tr. (Jan. 20, 2015) at 723-24 (Ex. D).

Defendants have known for many days that Eviatar's direct examination would be
completed yesterday.  To send exhibits today that they intend to use is a violation of the
Court's orders and should not be allowed.

In addition, in the few minutes I have had to look at the exhibits, they appear to be
in direct violation of the Court's order that it will not allow defendants to turn the case
into a political circus.  Plaintiffs should have adequate time to provide a written
objection to these materials.

Respectfully,

Kent A. Yalowitz

cc:    All ECF Counsel

# Exhibit- A

| From: | Rochon, Mark [mrochon@milchev.com] |
|---|---|
| Sent: | Wednesday, January 21, 2015 7:34 AM |
| To: | Yalowitz, Kent A.; Romeo, Carmela; Horton, Philip W.; Machnes, Tal |
| Cc: | bhill@milchev.com; Ferguson, Laura; Satin, Michael |
| Subject: | FW: Exhibits for 1/21 |
| Attachments: | DTEs.zip |

Kent:  Attached are some exhibits I may use with Eviatar that you did not use, including a State Department Report (DTE 70), Arafat photos (DTEs 71-74) and maps (DTEs 75-76).  One of the maps includes commentary on the right side.  I won't be using or moving that portion in front of the jury or with the witness.  I may also use a UN Report, which was previously marked as DTE 29. Thanks, Mark

Mark J. Rochon
Miller & Chevalier Chartered
655 15th Street, NW
Washington, DC  20005
202-626-5819
FAX:  202-626-5801

* * *

This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

# Exhibit- B

688

F1krsok1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   MARK I. SOKOLOW, et al.,

4              Plaintiffs,

5         v.                          04 CV 397 (GBD)

6   PALESTINE LIBERATION
    ORGANIZATION, et al.,
7
               Defendants.
8
    ------------------------------x
9                                     New York, N.Y.
                                      January 20, 2015
10                                    9:30 a.m.

11  Before:

12                HON. GEORGE B. DANIELS,

13                                    District Judge

14                      APPEARANCES

15  ARNOLD & PORTER LLP
         Attorneys for Plaintiffs
16  BY:  KENT A. YALOWITZ
         PHILIP W. HORTON
17       TAL MACHNES
         SARA PILDIS
18       CARMELA T. ROMEO
         RACHEL WEISER
19
    MILLER & CHEVALIER, CHARTERED
20       Attorneys for Defendants
    BY:  MARK J. ROCHON
21       LAURA G. FERGUSON
         BRIAN A. HILL
22       MICHAEL SATIN

23  Also present:  RACHELLE AVITAL, Hebrew interpreter
                   RINA NE'EMAN, Hebrew interpreter
24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

723

F1krsok1

1           MR. YALOWITZ:  People sometimes need repetition.

2           THE COURT:  You can put that indictment in front of

3   them again and read them back the testimony.  This witness, my

4   recollection, read directly from the indictment saying who the

5   victims were.  You went over that in greet detail.

6           MR. YALOWITZ:  With Kaufman, yes.  The other thing is,

7   frankly, I have a logistical problem.  I have 12 copies of

8   these binders.  I fairly followed the Court's ruling.  What I

9   get on my way to court Monday morning when I'm standing in line

10  at security, I get a letter saying, we don't like this

11  indictment and we want to reargue the Court's ruling.

12          You are the ultimate arbiter of this.

13          THE COURT:  The thing that is frustrating for me is we

14  laid out what you agreed to, both of you, as the process of how

15  you would be notified of what was going to come in evidence and

16  how you were going to indicate that you have some objection.

17  Neither side did anything consistent with that agreement.

18          I shouldn't be sitting here on Tuesday morning after a

19  week of trial with this witness already being on the stand

20  three days and I get letters that are showing up an hour before

21  we start court, arguing about whether or not things that are

22  supposed to come in evidence today are going to be admitted.

23          I'm going to start enforcing this rule without regard

24  to the merits of your argument.  You need to tell them as early

25  as possible what it is you intend to use, and they need to tell

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F1krsok1

1   you as early as possible that they have some objection to it.

2          I'm not listening to any more excuses why you didn't

3   figure it out earlier, and I'm not going to listen to any more

4   excuses from them of why they didn't object to it earlier.  I'm

5   going to make the ruling based on who I think has violated that

6   rule.  I fault you for giving them notice late, and I fault

7   them for waiting until minutes before we get in the courtroom

8   to try to raise this issue.

9          MR. YALOWITZ:  I gave them these documents last week,

10  your Honor.  I didn't give it to them last minute.

11         THE COURT:  Let's move on.

12         MR. YALOWITZ:  I don't want to play who struck John

13  here, but I am working real hard to give them as much notice as

14  I can.  I was very clear with them as early as I could that we

15  were going to use this document.  I gave them the redactions

16  that I thought followed the Court's ruling.  The first I heard

17  about it was last night.

18         THE COURT:  Mr. Rochon, last word.

19         MR. ROCHON:  I disagree with some of that, but we

20  don't need to get into it here.  We will both try to abide by

21  the Court's instructions.

22         THE COURT:  I'm not going to have 20 side bars every

23  day during this trial because all of a sudden for the first

24  time I hear about an objection.

25         Let's get the jury.

# Exhibit- C

```
                                                        1
      F16SSOK1
  1   UNITED STATES DISTRICT COURT
  1   SOUTHERN DISTRICT OF NEW YORK
  2   ------------------------------x
  2
  3   MARK I. SOKOLOW, et al.,
  3
  4              Plaintiffs,
  4
  5         v.                        04 CV 397 (GBD)
  5   PALESTINE LIBERATION ORGANIZATION, et al.,
  6
  6              Defendants.
  7
  7   ------------------------------x
  8                                   New York, N.Y.
  8                                   January 6, 2015
  9                                   11:00 a.m.
  9
 10   Before:
 10
 11                 HON. GEORGE B. DANIELS,
 11
 12                                   District Judge
 12
 13                  APPEARANCES
 13
 14   ARNOLD & PORTER LLP
 14        Attorneys for Plaintiffs
 15   BY:  KENT A. YALOWITZ
 15        PHILIP W. HORTON
 16        TAL MACHNES
 16        SARA PILDIS
 17        CARMELA T. ROMEO
 17
 18   MILLER & CHEVALIER, CHARTERED
 18        Attorneys for Defendants
 19   BY:  MARK J. ROCHON
 19        LAURA G. FERGUSON
 20        BRIAN A. HILL
 20        MICHAEL SATIN
 21
 22
 23
 24
 25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

160SOK2
1    with you.  He says it is gonna be a long trial.  We are not
2    going to waste the jury's time if we can get through this now
3    and he's got some clear instructions that he is not going to be
4    able to put in prejudicial statement, saying, oh, it's not for
5    the truth, the oldest trick in the book and then say, oh, it is
6    for notice.  I have been dealing with this not for the truth,
7    it's prejudicial for 30 years.  Everybody pulls the, it is not
8    for the truth, when in fact we all know it is a damaging
9    statement and the most likely interpretation of it is for the
10   truth.  So we need to get some clarity here.
11           THE COURT:  This is the ruling that I'm going to
12   impose, and I impose in cases where I have lawyers who can't
13   resolve this on their own.
14           I want the other side to have a list, the day before,
15   of every exhibit that you intend to offer in evidence the next
16   day.  That is going to be the rule in this trial for both
17   sides.  If they have not seen it at least the day before, then
18   it is not coming in by that ruling, okay.  Very simple.  So my
19   suggestion is that you get it to them early, and you make sure
20   that they have it, and you make sure that they know exactly
21   what is the accurate list.  And if I find that you are giving
22   them a list of a thousand exhibits the day before and you are
23   using 10, then I'm going to consider that that is an abuse of
24   the process, and I'm going to think about imposing some
25   sanctions.  So let's be reasonable about this.  As you can

116

160SOK2

1   understand, we are at the point where there is no more guessing
2   and theorizing about this.  It is time to make up your mind
3   about what evidence you can reasonably get in before this jury
4   and what you are going to ask the jury to determine.
5           So you should be ready a week from today to know
6   exactly what exhibits you are putting before the jury and how
7   you are going to argue the case, coupled with the guidance that
8   I'm trying to give you, now, with regard to these other issues,
9   and then we'll take a short break.
10          Let me just go to -- I think there was -- remind me.
11  Let me come back.  We were supposed to come back to the eight
12  exhibits.
13          MR. ROCHON:  Right, eight.
14          THE COURT:  Let's go back to that.  The statements
15  that I looked at, and I guess I'm looking at the January 5th
16  letter from the defendant.  Is that the quotations that you
17  were talking about.
18          MR. SATIN:  Yes, this is our exhibits that they have
19  proffered to the Court.
20          THE COURT:  My reaction is this.  Let me just
21  basically go through your bullet points.
22          (Continued on next page)
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

# Exhibit- D

| | |
|---|---|
| **From:** | Rochon, Mark [mrochon@milchev.com] |
| **Sent:** | Wednesday, January 21, 2015 7:34 AM |
| **To:** | Yalowitz, Kent A. |
| **Subject:** | RE: Depositions |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

I tried to send last night and they didn't go through.  Just sent them in a zip.

---

**From:** Yalowitz, Kent A. [mailto:Kent.Yalowitz@APORTER.COM]
**Sent:** Wednesday, January 21, 2015 7:29 AM
**To:** Rochon, Mark
**Subject:** Re: Depositions

Mark,

My memory is not as good as it used to be, but I am really quite sure that yesterday afternoon you said you would send me the materials you plan to use with Eviatar to refresh or impeach and that I would find some of them objectionable.

Do you remember it differently?

Thx.

Kent

On Jan 19, 2015, at 6:10 PM, Rochon, Mark <mrochon@milchev.com> wrote:

Kent:  I think 48 hours would suffice, 72 would be better.  I think we may have a misunderstanding on today, as we had a clear understanding that we'd get them at least 24 hours before.  I understand you disagree.  In any event, we will have to address that tomorrow, as we can't get through all the ones you got us today by COB today, making necessary some objections in the morning.  Regards, Mark

---

**From:** Yalowitz, Kent A. [mailto:Kent.Yalowitz@APORTER.COM]
**Sent:** Monday, January 19, 2015 5:49 PM
**To:** Rochon, Mark
**Subject:** RE: Depositions

Thanks, Mark.

We're still open to coming into an agreement on the timing of disclosure of exhibits and objections earlier than the day before, in order to give our teams a chance to speak to try to resolve objections in advance of the morning of the testimony.  Let me know if you have something to propose.

Best,

1

Kent

Kent A. Yalowitz
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Telephone: +1 212.715.1113
Kent.Yalowitz@aporter.com
www.arnoldporter.com

**From:** Rochon, Mark [mailto:mrochon@milchev.com]
**Sent:** Monday, January 19, 2015 5:32 PM
**To:** Yalowitz, Kent A.
**Subject:** RE: Depositions

Kent:  I don't think I will be able to get someone from the trial team over there to defend them, so we are likely to go with a deposition in NY the week before they testify.  Regards, Mark

**From:** Yalowitz, Kent A. [mailto:Kent.Yalowitz@APORTER.COM]
**Sent:** Monday, January 19, 2015 2:31 PM
**To:** Rochon, Mark
**Subject:** Depositions

Mark--

What did you decide to do about the timing of depositions of the two late-disclosed witnesses? In Israel within the next two weeks, or in NY the week before they testify?

Best,

Kent

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com