PLAINTIFF'S
EXHIBIT
478



| Israel | Defense | Forces |
|--------|---------|--------|

| | | |
|--------|---------|--------|
| In the Military Court | Court File: | *3465*/02 |
| At Beit El | Prosecution File: | 472/02 |
| Before a Panel | Detailed Incident Files: | 625/02 Special Duties |
| | | Department Jerusalem |

In the case between the Military Prosecutor                                    **Prosecuting**

- v. -

**Munzar Mahmoud Khalil Noor**
Identity No. 902442607, born November 21, 1977, resident of Anbata
Under arrest since April 17, 2002                                    **The Defendant**

## Indictment

**The above Defendant is hereby accused of carrying out the following offenses:**

**First Count:**

**Nature of the Offense:** Kidnapping in aggravated circumstances, an offense pursuant to Sections 67a (a) + (d) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the Offense:** The above Defendant, within the Area, in 1993 or thereabouts, kidnapped a person, knowing that the person kidnapped would be at risk of his life, or kidnapped a person in order to extort or threaten, specifically:

In 1993, the Defendant was a member and operative in the *Shabiba* organization, the youth movement of the Fatah organization. In a meeting between the Defendant and Muwafaq Hassan Abu Ramle, known as "Abu Mohamed," at Anbata, Abu Muhamad proposed that the Defendant participate in an action together with him, in which the Defendant would be equipped with a tape recorder. The Defendant consented.

During the late evening hours, the Defendant, equipped with a tape recorder, met with Abu Muhamad and Samir Najib Noor, and the three of them set out on foot for the home of Hashem Abu Zakir, who was suspected of collaborating with the Israeli security forces. On the way, about six masked individuals joined the Defendant and his associates.

[Stamp] P 8: 242

The Defendant and his associates reached the home of Hashem Abu Zakir. When Hashem Abu Zakir attempted to flee from the scene, the Defendant, along with his associates, attacked Hashem Abu Zakir and tied his hands with a strip of cloth.

Immediately thereafter, the Defendant, together with his associates, took Hashem Abu Zakir to Mount Anbata. There the Defendant gave the tape recorder in his possession to the masked individuals for the purpose of interrogating Hashem Abu Zakir, and [the Defendant] left the scene.

Date: June 25, 2002
Reference No.: 472-02

1

[Stamp] P 8: 242 [continued]

**Second Count:**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (a) (4) of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

**Details of the Offense:** The above Defendant, both within and outside the Area, on January 27, 2002, or thereabouts, intentionally caused the death of another person, specifically:

1.  In June 2001, the Defendant, who worked as a medic with the Red Crescent in Ramallah, met Wafa Idris, a resident of al-Amari, a volunteer with the Red Crescent. From his conversations with Wafa Idris, the Defendant learned that Wafa Idris was emotionally distraught over her divorce from her husband, whom she had married at a young age, as a result of which she had not completed her studies. The Defendant would habitually discuss the political and security situation in the Area with Wafa Idris.

2.  In August 2001, at the Muqata building in Ramallah, Wafa Idris introduced the Defendant to Kamel a-Din, known as "Abu Talal," a senior operative in the Military Intelligence of the Palestinian Authority. The Defendant enlisted as a covert agent of the Palestinian Authority' Military Intelligence, and began working to collect information for Military Intelligence on the activities of senior personnel and employees of the Red Crescent. The Defendant held regular meetings with Abu Talal, during which he gave Abu Talal the information that he had collected.

3.  From early December 2001, Wafa Idris began discussing with the Defendant, terrorist attacks within the territory of the State of Israel, and she suggested to the Defendant the idea that she would carry out a suicide terrorist attack.

4.  In January 2002, Abu Talal met with the Defendant and discussed with him the execution of a suicide terrorist attack in the territory of the State of Israel, with the aim of causing the deaths of Israeli civilians. Abu Talal informed the Defendant that this time the intention was to send a woman – a female suicide terrorist – to carry out the terrorist attack. When the name of Wafa Idris came up in conversation between the two, Abu Talal turned to the Defendant and asked him his opinion about sending Wafa Idris to carry out a suicide terrorist attack. The Defendant replied to Abu Talal that they should together approach Wafa Idris, and suggest to her that she carry out a suicide terrorist attack, with the aim of causing the deaths of Israeli civilians. Abu Talal asked the Defendant, in light of his friendship with Wafa Idris, to persuade Wafa Idris to carry out a suicide terrorist attack against Israeli civilians, and the Defendant agreed to do so.

[Stamp] P 8: 243

5.  As a result of the Defendant's suggestion, Abu Talal approached Wafa Idris and invited her to a meeting. At this meeting, the Defendant and Abu Talal suggested to Wafa Idris that she carry out a suicide terrorist attack in Jerusalem.

6.  Following the said meeting, the Defendant spoke on a number of occasions with Wafa Idris and persuaded her to carry out a suicide terrorist attack with the intention of causing the deaths of Israeli civilians. During the course of these conversations, the Defendant also suggested to Wafa Idris that he would join her in carrying out a suicide terrorist attack in Jerusalem, but Wafa Idris informed the Defendant that in that case she would refuse to carry out the suicide terrorist attack, since she did not wish to endanger the Defendant. To ensure that the terrorist attack would be executed, the Defendant was forced to withdraw his suggestion to join Wafa Idris at the time of the terrorist attack. As a result of the Defendant's persuasion, Wafa Idris agreed to carry out a suicide terrorist attack, and thus intentionally cause the deaths of Israeli civilians.

7.  On January 25, 2002, Wafa Idris met with the Defendant and Abu Talal and informed them that she had changed her mind about carrying out a suicide terrorist attack, because she did not want to die. When Abu Talal was unable to persuade Wafa Idris to return to the original plan, he asked the Defendant to speak with Wafa Idris and again persuade her to carry out the planned suicide terrorist attack.

8.  The Defendant accompanied Wafa Idris to the Ruqab Cafe in Ramallah, where he spoke with Wafa Idris and persuaded her to carry out a terrorist attack aimed at causing the deaths of Israeli civilians. Although Wafa Idris was persuaded, by her conversation with the Defendant, to carry out the terrorist attack, she suggested to the Defendant the possibility of her placing the bomb in Jerusalem, and setting it off so as to cause the deaths of Israeli civilians, without having to commit suicide when carrying out the terrorist attack. The Defendant contacted Abu Talal, who replied that he would consider this plan for executing the terrorist attack.

9.  On January 26, 2002, at Abu Talal's request, the Defendant, who was familiar with the access roads to Jerusalem as a result of his work with the Red Crescent, met with Wafa Idris in Ramallah, and explained to her how to enter Jerusalem from the direction of Beit Hanina, via Shuafat, to undertake a preliminary reconnaissance aimed at finding a suitable location for executing the planned terrorist attack, and to determine the presence of members of the security forces within Jerusalem.

[Stamp] P 8: 243 [continued]

10. Wafa Idris arrived in Jerusalem as instructed by the Defendant, where she carried out a reconnaissance to find a place for executing the terrorist attack, in line with the plan made with the Defendant. During the reconnaissance, Wafa Idris called the Defendant by phone, and he explained to her how to find her way around Jerusalem.

11. When Wafa Idris returned to Ramallah from Jerusalem, the Defendant drove her in his vehicle to a meeting with Abu Talal. There Wafa Idris reported to the Defendant and Abu Talal, that a suitable place for executing

Date: June 25, 2002
Reference No.: 472-02

2

[Stamp] P 8: 243 [continued]

the terrorist attack was Jaffa Road. At the same time, Wafa Idris informed them that there were many soldiers there, and for that reason the plan to place a bomb, without carrying out a suicide terrorist attack, would be difficult to implement.

12. At the meeting between the Defendant, Wafa Idris and Abu Talal, Abu Talal asked the Defendant to take out a bag that he had hidden behind the door. The Defendant took out the bag, containing a bomb, and placed it beside Wafa Idris. Wafa Idris tested the weight of the bag.

13. Abu Talal informed Wafa Idris that she was to go with the bomb to the Damascus Gate in Jerusalem, where she would give the bomb to a man who would meet her, for him to carry out the planned terrorist attack. Wafa Idris consented to do so.

14. On January 27, 2002, at around 10:30 a.m., Wafa Idris received the bomb from Abu Talal, which was operated by means of a delay mechanism with a clock, and traveled with the bomb to Jerusalem to carry out the planned terrorist attack. Abu Talal informed the Defendant that in keeping with the Defendant's and Abu Talal's plan, Wafa Idris met a man who was waiting for her at the Damascus Gate. Wafa Idris informed that person that it would be she who would be the one to carry out the planned terrorist attack. Similarly, Abu Talal reported to the Defendant that by telephone, he authorized Wafa Idris to carry out the terrorist attack alone, because there was no importance to the identity of the perpetrator of the terrorist attack.

15. About seven minutes before the time at which the bomb's delay mechanism was to operate, Abu Talal called Wafa Idris by phone and informed her that she had seven more minutes to place the bomb and leave the scene before the bomb detonated. About four minutes later, Abu Talal again called Wafa Idris, and informed her of the time she had left. Immediately thereafter, Abu Talal called the Defendant and informed him of his conversations with Wafa Idris. The Defendant expressed the fear that Wafa Idris would be arrested, and that as a result the plan of causing the deaths of Israeli civilians would not be executed.

16. About three minutes following Wafa Idris's conversation with Abu Talal, some minutes prior to 12:30 p.m., in the vicinity of the *Ha-Amudim* building in Jaffa Road, Jerusalem, the bomb carried by Wafa Idris detonated, at a time when numerous civilians were near her.

17. By his actions described above, the Defendant intentionally caused the death of **the late Pinhas Emanuel Tokatli**, aged 80 at his death, who was killed as a result of the detonation of the bomb as stated above.

[Stamp] P 8: 244

**Third Count:**

**Nature of the Offense:** Attempting to intentionally cause death, an offense pursuant to Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (a) (4) and 19 of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

**Details of the Offense:** The above Defendant, both within and outside the Area, on January 27, 2002, or thereabouts, attempted to intentionally cause the death of another person, specifically:

The above Defendant, by his actions as described in the previous count of the indictment, attempted to intentionally cause the deaths of numerous Israelis, who were in the vicinity of the detonation of the bomb, as stated in the previous count of the indictment. As a result of the said actions of the Defendant, over 150 people, who were in the vicinity of the detonation of the bomb referred to in the previous count of the indictment, were wounded.

**Fourth Count:**

**Nature of the Offense:** Malicious damage to property, an offense pursuant to Sections 53c (a) and 92 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (a) (4) of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

**Details of the Offense:** The above Defendant, within or outside the Area, on January 27, 2002, or thereabouts, destroyed property or maliciously and unlawfully damaged it, specifically:

The above Defendant, by his actions as described in the second count of the indictment, at the place stated in the previous count of the indictment, in the vicinity of the detonation of the bomb referred to in the second count of the indictment, maliciously and unlawfully caused severe damage to numerous shops, to the adjacent buildings, [and] to numerous vehicles that were in the vicinity of the place of detonation of the bomb, mentioned in the second count of the indictment.

Date: June 25, 2002
Reference: 472-02

3

[Stamp] P 8: 244 [continued]

**Fifth Count:**

**Nature of the Offense:** Attempting to incite another to trade in war materiel, an offense pursuant to Section 2 of the Prohibition on Trading in War Materiel Order (Judea and Samaria) (No. 243), 5728-1968, and Section 21 of the Rules of Liability for an Offense Order (No. 225), 5728-1968.

**Details of the Offense:** The above Defendant, in the Area, soon after carrying out that described in the second count of the indictment, attempted to incite or tempt another person to trade in or handle in some other way war materiel, without a signed permit from or on behalf of the area commander, specifically:

The above Defendant, at the said time, in or near Ramallah, approached Kamel a-Din, known as Abu Talal, a senior operative in the Palestinian Authority's Military Intelligence, and attempted to convince Abu Talal to transport explosive devices by means of ambulances of the Red Crescent.

**Sixth Count:**

**Nature of the Offense:** Communicating information of military value, an offense pursuant to Section 63 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the Offense:** The above named Defendant, while in the Area, from the date stated in the previous count of the indictment through March 2002, obtained or provided to some other person, or published, information of military value or purporting to be of such value, specifically:

The above Defendant, during the said period, in or near Ramallah, obtained and passed to Kamel a-Din, known as Abu Talal, a senior operative in the Palestinian Authority's Military Intelligence, information on Israeli security forces checkpoints, the movements of Israel Defense Forces units in the Area, and the weapons possessed by Israel Defense Forces units.

**Prosecution Witnesses**

1. Staff Sergeant Major Ibrahim al-Qar'an, Service No. 929687, Intelligence Bureau Interrogations Lachish (took the Defendant's statement dated April 23, 2002).

2. Advanced Staff Sergeant Major Yaakov Barazani, Service No. 99106, Investigations Bureau, Judea (took the Defendant's statement dated April 25, 2002).

[Stamp] P 8: 245

3.    Staff Sergeant Major Moshe Moshe, Service No. 993725, Intelligence Bureau Interrogations Lachish (took the Defendant's statement dated May 13, 2002).

**Detailed Incident File No. 625/02 Special Duties Department, Jerusalem**

4.    Staff Sergeant Major Dror Avram, Service No. 1039080, Special Duties Department, Jerusalem (submitting action report).

5.    Staff Sergeant Major Dror Cohen, Service No. 1034842, Zion Station – Identification (submitting a photo board).

6.    Expert Opinion (attached to Form Accompanying Exhibits) – Advanced Staff Sergeant Major Ariel Ya'ari, Service No. 945220, Bomb Lab, Criminal Identification Division, National Headquarters, Jerusalem.

7.    Emergency Room lists of victims by hospital – institutional records.

8.    Aliza Mizrahi, Identity No. 235465 [saw the terrorist; wounded – details held by the Prosecution].

9.    Yonatan Shmueli, Identity No. 317790400 [wounded – details held by the Prosecution].

10.   Zvi-Akiva Rosenberg, Identity No. 051902310 [wounded – details held by the Prosecution].

11.   Marcelle Malul, Identity No. 026842492 [wounded – details held by the Prosecution].


Date: June 25, 2002
Reference No.: 472-02

4

[Stamp] P 8: 245 [continued]

12. Esther Danon, Identity No. 022105910 [wounded – details held by the Prosecution].

13. Ephraim Rishensky, Identity No. 01253147 [wounded, vehicle damaged - details held by the Prosecution].

14. Ludmilla Gershikov, Identity No. 30628529 [wounded – details held by the Prosecution].

15. Yehuda Shoshan, Identity No. 25299272 [wounded – details held by the Prosecution].

16. Aliza Sharf, Identity No. 010263648 [wounded – details held by the Prosecution].

17. Shoshana Ben Illouz, Identity No. 028542504 [wounded, saw the terrorist – details held by the Prosecution].

18. Sarah Sweid, Identity No. 009893397 [wounded – details held by the Prosecution].

19. Avner Shachar, Identity No. 042467084 [wounded – details held by the Prosecution].

20. Rinath Abu-Nikula, Identity No. 040080871 [wounded – details held by the Prosecution].

21. Sarah-Sabine Touito, Identity No. 317766624 [wounded – details held by the Prosecution].

22. Moshe Sebag, Identity No. 036824597 [wounded – details held by the Prosecution].

23. Lia Klimchenko, Identity No. 317818078 [wounded – details held by the Prosecution].

24. Batya Yosef, Identity No. 000575399 [wounded – details held by the Prosecution].

25. Sivan Nasi, Identity No. 066513243 [wounded – details held by the Prosecution].

26. Henia Lichtenstein, Identity No. 060970811 [wounded – details held by the Prosecution].

27. Rania Ibrahim, Identity No. 033695099 [wounded – details held by the Prosecution].

28. Oshri Edri, Identity No. 035983121 [wounded – details held by the Prosecution].

29. Limor Mitzri, Identity No. 034362293 [wounded – details held by the Prosecution].

30. Oshrit Hensev, Identity No. 30020456 [wounded – details held by the Prosecution].

31. David Onkiva, Identity No. 078300019 [wounded – details held by the Prosecution].

[Stamp] P 8: 246

32. Yohanan Mizrahi, Identity No. 058660440 [wounded – details held by the Prosecution].

33. Gadi Yaakov, Identity No. 059640474 [wounded, vehicle damaged – details held by the Prosecution].

34. David Cohen, Identity No. 055924997 [wounded – details held by the Prosecution].

35. Yehuda Budakov, Identity No. 056632060 [wounded – details held by the Prosecution].

36. Reuven Avrahami, Identity No. 069487619 [wounded – details held by the Prosecution].

37. Mathilda Feinstein, Identity No. 816652 [wounded (testimony of Yitzhak Bahat) – details held by the Prosecution].

38. Esther Gavrieli, Identity No. 043687367 [wounded – details held by the Prosecution].

39. Tamar Havni-Mizrahi, Identity No. 29335866 [wounded, property damaged – details held by the Prosecution].

40. David Yanai, Identity No. 021391214 [wounded, – details held by the Prosecution].

41. Eitan Abrahamov, Identity No. 028794063 [wounded, vehicle damaged – details held by the Prosecution].

42. Oranit Ben Shimon [wounded – details held by the Prosecution].

43. Shoshana Angel [wounded – details held by the Prosecution].

44. Sigalit Lachmi [wounded – details held by the Prosecution].

45. Binyamin Nahari, Identity No. 041528688 [wounded – details held by the Prosecution].

46. Tami Revivo [wounded – details held by the Prosecution].

47. Ovadiah Rahamim [wounded – details held by the Prosecution].

48. Musa Awad [wounded – details held by the Prosecution].

49. Hitham Zahaika, Identity No. 081027120 [wounded – details held by the Prosecution].

50. Rahel Senior, Identity No. 078812112 [wounded (testimony of Zion Senior) – details held by the Prosecution].

[Stamp] P 8: 246 [continued]

51.  Jihad Diglili, Identity No. 040244550 [wounded – details held by the Prosecution].

52.  Yefet Tzadka, Identity No. 030902027 [eyewitness, vehicle damaged – details held by the Prosecution].

53.  Varda Manzuri-Mazor, Identity No. 5778759 [eyewitness – details held by the Prosecution].

54.  Yonit Harari, Identity No. 036287886 [eyewitness – details held by the Prosecution].

55.  Robert Goldman, American Passport No. 201518517 [eyewitness – details held by the Prosecution].

56.  Benny Ben Uliel, Identity No. 052789021 [treated the wounded – details held by the Prosecution].

57.  Dahoud Turyaki, Identity No. 080008998 [treated the wounded – details held by the Prosecution].

58.  Danny Amar, Identity No. 028644441 [eyewitness, treated the wounded – details held by the Prosecution].

59.  Ala Amoyev, Identity No. 304074164 [wounded – details held by the Prosecution].

60.  Mazal-Adi Sasson, Identity No. 036492775 [wounded – details held by the Prosecution].

61.  Shira-Zipora Levin, Identity No. 043434273 [wounded – details held by the Prosecution].

62.  Zehava Cohen, Identity No. 025510724 [wounded – details held by the Prosecution].

63.  Mustafa Hirbawi, Identity No. 040993800 [wounded – details held by the Prosecution].

64.  Hana Gidon, Identity No. 6777623 [wounded – details held by the Prosecution].

65.  Sol Sebag, Identity No. 030615330 [wounded – details held by the Prosecution].

66.  Meital Revivo, Identity No. 039987128 [wounded – details held by the Prosecution].

67.  Shoshana Barko, Identity No. 051048775 [wounded – details held by the Prosecution].

[Stamp] P 8: 246 [continued]

68.  Sharon Weisz, Identity No. 024096513 [wounded – details held by the Prosecution].

Date: June 25, 2002
Reference No.: 472-02

5

[Stamp] P 8: 246  [continued]

69. Limor Mizrahi, Identity No. 25634320 [wounded – details held by the Prosecution].

70. Reuven Yosef-Hassidim, Identity No. 067261032 [wounded – details held by the Prosecution].

71. Masoud Knafo, Identity No. 069272800 [wounded – details held by the Prosecution].

72. Rina Golan, Identity No. 021370200 [wounded – details held by the Prosecution].

73. Yonah Mahein, Identity No. 013553805 [wounded – details held by the Prosecution].

74. Carmela Farhi, Identity No. 42421289 [wounded – details held by the Prosecution].

75. Parsiya Karo, Identity No. 017575846 [wounded – details held by the Prosecution].

76. Yehiel Madai, Identity No. 001018423 [wounded – details held by the Prosecution].

77. Ella Rivkin, Identity No. 314533118 [wounded – details held by the Prosecution].

78. Eliyahu Betzalel, Identity No. 056346943 [wounded, treated the wounded – details held by the Prosecution].

79. Yossi Ripps, Identity No. 028526184 [wounded – details held by the Prosecution].

80. Tehilah-Leah Dodi, Identity No. 066515222 [wounded – details held by the Prosecution].

81. Rachel Greensfeld, Identity No. 021995055 [wounded – details held by the Prosecution].

82. Sigalit Cohen, Identity No. 025530999 [wounded – details held by the Prosecution].

83. Dikla Eliassian, Identity No. 40918161 [wounded – details held by the Prosecution].

84. Shaharam Jabhari, Identity No. 308833219 [wounded – details held by the Prosecution].

85. Anique Montiver, French Passport 00PD54476 [wounded – details held by the Prosecution].

86. Avraham Amin, Identity No. 059637678 [wounded – details held by the Prosecution].

87. Mathilda Galmidi, Identity No. 004796975 [wounded, saw the terrorist – details held by the Prosecution].

88. Eran Shoshan, Identity No. 066124223 [wounded – details held by the Prosecution].

89. Frieda Cohen, Identity No. 000881037 [wounded – details held by the Prosecution].

90. Simcha Nuri, Identity No. 416693 [wounded – details held by the Prosecution].

91. Avraham Hen-Ami, Identity No. 058869637 [wounded – details held by the Prosecution].

92. Herzl Haimi, Identity No. 11166600 [wounded – details held by the Prosecution].

93. Avi Asyag, Identity No. 5474214 [vehicle damaged – details held by the Prosecution].

94. Aviv Moshe, Identity No. 060742376 [vehicle damaged – details held by the Prosecution].

95. Sasson Naor, Identity No. 043339928 [property damaged – details held by the Prosecution].

96. Yaffa Zeldman, Identity No. 050635341 [property damaged – details held by the Prosecution].

97. Rahamim Bithausen, Identity No. 015236888 [property damaged – details held by the Prosecution].

98. Anat Lester, Identity No. 043241074 [property damaged – details held by the Prosecution].

99. Yitzhak Sasson, Identity No. 052130812 [vehicle damaged – details held by the Prosecution].

100. Yaffa Hensev, Identity No. 065565434 [property damaged – details held by the Prosecution].

101. Ora Arisi, Identity No. 51154078 [vehicle damaged – details held by the Prosecution].

102. Uzi Ein-Dor, Identity No. 007713175 [vehicle damaged – details held by the Prosecution].

103. Daniel Biderman, Identity No. 056180862 [vehicle damaged – details held by the Prosecution].

104. Shlomo Malka, Identity No. 060389467 [Security Officer, Egged Jerusalem – damage to bus – details held by the Prosecution].

[Stamp] P 8: 247 [continued]

105. Expert Opinion – Prof. Yehuda Hiss, Center for Forensic Medicine [Note to Secretariat: Please contact Prosecution before issuing summons].

106. Expert Opinion – Prof. Yehuda Hiss, Center for Forensic Medicine [Note to Secretariat: Please contact Prosecution before issuing summons].

107. Yoel Tokatli, Identity No. 51140234 [son of the deceased; identification – details held by the Prosecution].

A detailed list of additional witnesses, related to victims, wounded, and those preparing medical documentation, will be provided during the trial.

[Signature]
Vladi Borodovski, Lieutenant
Military Prosecutor

Date: June 25, 2002
Reference No.: 472-02

6

[Stamp] P 8: 247 [continued]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

    vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

### DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1.    The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P8: 242-247.

2.    I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3.    To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P8: 242-247.

                              _____
                              Rina Ne'eman

ss.: New Jersey

On the [20th] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
20th day of February, 2014

_____
Notary Public

HALA Y GOBRIAL
Notary Public
State of New Jersey
My Commission Expires Apr. 18, 2017
I.D.# 2419990

| צבא | הגנה | לישראל |
|---|---|---|
| בית המשפט הצבאי | | תיק ביה"מ: 02/ 3ד65 |
| בית | אל | תיק תביעה: 472/02 |
| בפני | הרכב | תיק פ.א. : 625/02 מת"מ י-ס |

במשפט שבין התובע הצבאי                                      **המאשים**

**- נגד -**

                                      **מונזר מחמוד חליל נור**
                                      ת.ז. 902442607, יליד 21.11.77, תושב ענבתא
**הנאשם**                              עצור מיום 17.04.02

## כ ת ב - א י ש ו ם

### הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

### פרט ראשון:

**מהות העבירה:** חטיפה בנסיבות מחמירות, עבירה לפי סעיף 67א(א)+(ד) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס׳ 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בשנת 1993 או במועד הסמוך לכך, חטף אדם בידיעה שהנחטף יהיה צפוי לסכנת חיים, או חטף אדם כדי לסחוט או לאיים, כדלקמן:
בשנת 1993 היה הנאשם חבר ופעיל בארגון "שביבה", תנועת הנוער של הארגון "פתי"ח". בפגישה בין הנאשם לבין מואפק חסן אבו-רמלה, המכונה "אבו-מחמד", בענבתא, הציע "אבו-מחמד" לנאשם לצאת לפעילות יחד עמו, במסגרתה יצטייד הנאשם ברשמקול. הנאשם הסכים לכך.
בשעות הערב המאוחרות נגעש הנאשם, המצויד ברשמקול, עם "אבו-מחמד" וסמיר נג'יב נור, והשלושה יצאו רגלית לביתו של האשם אבו-זאכר, החשוד בשיתוף פעולה עם כוחות הבטחון הישראליים. בדרך הצטרפו לנאשם וחבריו כשישה רעולי פנים.
הנאשם וחבריו הגיעו לביתו של האשם אבו-זאכר. כאשר האשם אבו-זאכר ניסה להימלט מן המקום, תקף הנאשם, יחד עם חבריו, את האשם אבו-זאכר וכפת את ידיו בפיסת בד.
מייד לאחר מכן, הנאשם, יחד עם חבריו, הוביל את האשם אבו-זאכר להר ענבתא. שם הנאשם מסר את רשמקול שברשותו לידי רעולי הפנים, לשם ביצוע חקירתו של האשם אבו-זאכר, ועזב את המקום.

<div dir="rtl">

1

תאריך: 25.06.2002
סימוכין: 02-472

</div>

<div dir="rtl">

**פרט שני:**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970, וסעיף 14(א)(4) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 27.01.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, כדלקמן:

1. הנאשם, אשר עבד כחובש ב"סהר האדום" ברמאללה, הכיר, ביוני 2001, את וופא אדריס, תושבת אל-אמעיר, מתגדבת ב"סהר האדום". משיחותיו עם וופא אדריס הנאשם למד, כי וופא אדריס נמצאת במצב נפשי קשה בעקבות גירושיה מבעלה, עמו התחתנה בגיל צעיר, ולא סיימה בשל כך את לימודיה. הנאשם נהג לשוחח עם וופא אדריס על המצב הפוליטי והבטחוני באיזור.

2. באוגוסט 2001, בבניין "המוקטעה" ברמאללה, וופא אדריס הפגישה בין הנאשם לבין כמאל א-דין, המכונה "אבו-טלאלי", פעיל בכיר במודיעין הצבאי של הרשות הפלסטינית. הנאשם התנידיים כסוכן סמוי למודיעין הצבאי של הרשות הפלסטינית, וחלק לפעול באיסוף ידיעות על פעילותם של בכירים ועובדים ב"סהר האדום" עבור המודיעין הצבאי. הנאשם ערך מפגשים תדירים עם "אבו-טלאלי", במהלכם מסר ל"אבו-טלאלי" את המידע אותו אסף.

3. מתחילת דצמבר 2001, החלה וופא אדריס לשוחח עם הנאשם על פיגועים בשטח מדינת ישראל, והעלתה בפני הנאשם רעיון, לפיו היא זו שתבצע פיגוע התאבדות.

4. בינואר 2002, "אבו-טלאלי" נפגש עם הנאשם ושוחח עמו על ביצוע פיגוע התאבדות בשטח מדינת ישראל בכוונה לגרום למותם של אורחים ישראליים. "אבו-טלאלי" הודיע לנאשם, כי הפעם בכוונתו לשגר אישה - מחבלת מתאבדת - לביצוע הפיגוע. כאשר שמע של וופא אדריס עלה בשיחה בין השניים, "אבו-טלאלי" פנה לנאשם, ושאל אותו לדעתו באשר לשיגורה של וופא אדריס לביצוע פיגוע התאבדות. הנאשם השיב ל"אבו-טלאלי", כי עליהם לפנות יחדיו לוופא אדריס ולהציע לה לבצע פיגוע התאבדות בכוונה לגרום למותם של אורחים ישראליים. "אבו-טלאלי" ביקש מן הנאשם, לאור ידידותו עם וופא אדריס, לשכנע את וופא אדריס לבצע פיגוע התאבדות נגד אזרחים ישראליים, והנאשם הסכים לכך.

5. בעקבות הצעתו של הנאשם, "אבו-טלאלי" פנה לוופא אדריס והזמינה לפגישה. בפגישה זו הנאשם ו"אבו-טלאלי" הציעו לוופא אדריס לבצע פיגוע התאבדות בירושלים.

6. לאחר הפגישה האמורה, הנאשם שוחח מספר פעמים עם וופא אדריס ושכנע אותה לבצע פיגוע התאבדות בכוונה לגרום למותם של אורחים ישראליים. במהלך השיחות הללו הנאשם אף הציע לוופא אדריס, כי יצטרף אליה לביצוע פיגוע ההתאבדות בירושלים, אך וופא אדריס מסרה לנאשם, כי במקרה זה היא תסרב לבצע את פיגוע ההתאבדות, משום שאין ברצונה לסכן את הנאשם. על מנת שהפיגוע יצא לפועל, הנאשם נאלץ לחזור בו מהצעתו להצטרף לוופא אדריס בשעת ביצוע הפיגוע. בעקבות שידולו של הנאשם, וופא אדריס הסכימה לבצע פיגוע התאבדות ובכך לגרום למותם של אורחים ישראליים.

7. ביום 25.01.02, וופא אדריס נפגשה עם הנאשם ו"אבו-טלאלי" והודיעה להם כי חזרה בה מכוונתה לבצע פיגוע התאבדות, וזאת משום שאין ברצונה למות. כאשר "אבו-טלאלי" לא הצליח לשכנע את וופא אדריס לחזור לתכנון המקורי, ביקש מן הנאשם לשוחח עם וופא אדריס ולשכנע אותה שוב לבצע את פיגוע ההתאבדות המתוכנן.

8. הנאשם ליווה את וופא אדריס לבית הקפה "רוביב" ברמאללה, שם שוחח עם וופא אדריס ושכנע אותה לבצע את הפיגוע בכוונה לגרום למותם של אורחים ישראליים. אף שופא אדריס השתכנעה, עקב שיחתה עם הנאשם, לבצע את הפיגוע, היא העלתה בפני הנאשם אפשרות, כי היא תניח את מטען החבלה בירושלים ותברח להפעלתם בכוונה לגרום למותם של אורחים ישראליים, מבלי שתצטרך להתאבד בשעת ביצוע הפיגוע. בעקבות שידולו של הנאשם, וופא אדריס פנה ל"אבו-טלאלי", אשר השיב לה, כי ישקול תכניות זו לביצוע הפיגוע.

9. ביום 26.01.02, לבקשתו של "אבו-טלאלי", הנאשם, אשר הכיר את דרכי הכניסה לירושלים בעקבות עבודתו ב"סהר האדום", נפגש עם וופא אדריס ברמאללה והסביר לה כיצד להיכנס לירושלים מכיוון בית חנינא דרך שועפט, וזאת על מנת לערוך סיור מקדים במטרה לאתר מקום מתאים לביצוע הפיגוע המתוכנן ולשם בדיקת נוכחות אנשי כוחות הבטחון בתוך ירושלים.

10. וופא אדריס הגיעה לירושלים, כפי שהודרכה על ידי הנאשם, שם ערכה סיור לאיתור מקום לביצוע הפיגוע, בהתאם לתכנון עם הנאשם. במהלך ביצוע הסיור, וופא אדריס התקשרה באמצעות טלפון לנאשם, אשר הסביר לה איך למצוא את דרכה בתוך ירושלים.

11. כאשר וופא אדריס חזרה מירושלים לרמאללה, הנאשם הסיע אותה לפגישה עם "אבו-טלאלי". שם דיווחה וופא אדריס לנאשם ול"אבו-טלאלי", כי המקום המתאים לביצוע

</div>

<div dir="rtl">
תאריך: 25.06.2002
סימוכין: 02-472
</div>

P 8: 243

הפיגוע הוא ברחוב יפו. עם זאת, וופא אדריס מסרה, כי במקום נוכחים חיילים רבים, ומשום כך התכננו של הנחת מטען מטען החבלה ללא ביצוע פיגוע התאבדות היא תכנית קשה למימוש.

12. בפגישה בין הנאשם, וופא אדריס ו"אבו-טלאלי", ביקש "אבו-טלאלי" מן הנאשם להוציא תיק אשר הוחבא מאחורי דלת. הנאשם הוציא תיק, ובו מטען חבלה, והניחו ליד וופא אדריס. וופא אדריס בחנה את משקלו של התיק.

13. "אבו-טלאלי" הודיע לוופא אדריס, כי עליה להגיע עם מטען החבלה האמור לשער שכם בירושלים, שם תמסור את מטען החבלה לידי אדם שיפגוש אותה, וזאת לשם ביצוע הפיגוע המתוכנן. וופא אדריס הסכימה לכך.

14. ביום 27.01.02, בסביבות השעה 10:30, וופא אדריס קיבלה מידי "אבו-טלאלי" את מטען החבלה, אשר מופעל באמצעות מנגנון השהייה עם שעון, ונסעה עם מטען החבלה לירושלים לצורך ביצוע הפיגוע המתוכנן. "אבו-טלאלי" הודיע לנאשם, כי בהתאם לתכנון של הנאשם ו"אבו-טלאלי", וופא אדריס נפגשה בשער שכם עם אדם אשר המתין לה. וופא אדריס הודיעה לאותו אדם, כי היא זו שתבצע את הפיגוע המתוכנן. כמו כן, "אבו-טלאלי" דיווח לנאשם, כי אשר טלפונית לוופא אדריס לבצע את הפיגוע לבד, וזאת משום שאין חשיבות לזהות מבצע הפיגוע.

15. כ-7 דקות לפני הזמן בו היה אמור להיות מופעל מנגנון ההשהיה של מטען החבלה, "אבו-טלאלי" התקשר באמצעות טלפון לוופא אדריס והודיעה לה, כי ברשותה 7 דקות נוספות להניח את מטען החבלה ולעזוב את המקום לפני התפוצצות מטען החבלה. כעבור כ-4 דקות, התקשר "אבו-טלאלי" שוב לוופא אדריס, והודיע לה על הזמן שברשותה. מיד לאחר מכן "אבו-טלאלי" התקשר לנאשם ודיווח לו על שיחותיו עם וופא אדריס. הנאשם הביע חשש, כי וופא אדריס תיעצר ומשום כך לא ייצא התכנון לגרום למותם של אזרחים ישראליים אל הפועל.

16. כ-3 דקות לאחר שיחתה של וופא אדריס עם "אבו-טלאלי", מספר דקות לפני השעה 12:30, בסמוך לבניין העמודים" ברחוב יפו בירושלים, התפוצץ מטען החבלה, אותו נשאה וופא אדריס, וזאת שעה שנמצאים סביבה אזרחים רבים.

17. במעשיו המתוארים לעיל, גרם הנאשם בכוונה למותו של **פנחס-עמנואל טוקטלי ז"ל**, בן 80 במותו, אשר נהרג כתוצאה מהתפוצצות מטען החבלה כאמור לעיל.


### פרט שלישי:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו דבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"י-1970, וסעיפים 14(א)(4) ו-19 לצו דבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 27.01.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום הקודם, ניסה לגרום בכוונה למותם של אזרחים ישראליים רבים, אשר היו בסמוך למקום התפוצצות מטען החבלה כאמור בפרט האישום הקודם. כתוצאה ממעשיו האמורים של הנאשם, נפצעו מעל 150 אנשים, שהיו באיזור התפוצצות מטען החבלה האמור בפרט האישום הקודם.


### פרט רביעי:

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיפים 53ג(א) ו-92 לצו דבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"י-1970, וסעיף 14(א)(4) לצו דבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 27.01.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במעשיו המתוארים בפרט האישום השני, במקום האמור בפרט האישום הקודם, באיזור התפוצצות מטען החבלה כאמור בפרט האישום השני, גרם במזיד ושלא כדין נזק כבד לחנויות רבות, לבניינים הסמוכים, לכלי רכב רבים, שהיו בסמוך למקום מטען החבלה האמור בפרט האישום השני.

תאריך: 25.06.2002
סימוכין: 472-02-

**פרט חמישי:**

**מהות העבירה:** נסיון לשידול לסחר בציוד מלחמתי, עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח-1968, וסעיף 21 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסמוך לאחר ביצוע המתואר בפרט האישום השני, ניסה לשדל או להסית או להדיח אדם אחר לסחור או לעסוק בצורה אחרת בציוד מלחמתי, ללא היתר חתום על-ידי מפקד האיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, פנה לכמאל א-דין, המכונה "אבו-טלאלי", פעיל בכיר במודיעין הצבאי של הרשות הפלסטינית, וניסה לשכנע את "אבו-טלאלי" להעביר מטעני חבלה באמצעות אמבולנסים של "הסהר האדום".

**פרט שישי:**

**מהות העבירה:** מסירת ידיעות בעלות ערך צבאי, עבירה לפי סעיף 63 לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מן המועד האמור בפרט האישום הקודם ועד לחודש מרץ 2002, השיג או מסר לכל אדם אחר או פרסם כל ידיעות בעלות ערך צבאי או המתיימרות להיות בעלות ערך כזה, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, ברמאללה או בסמוך לכך, השיג ומסר לכמאל א-דין, המכונה "אבו-טלאלי", פעיל בכיר במודיעין הצבאי של הרשות הפלסטינית, מידע על מחסומי כוחות הבטחון הישראליים, תנועות כוחות צה"ל באיזור ואמצעי הלחימה שברשות אותם כוחות צה"ל.

**עדי התביעה:**

1. רס"ר אברהים אל-קרעאן, מ.א. 929687, תשאול אמן לכיש (גובה אמרת הנאשם מיום 23.04.02).
2. רס"מ יעקב ברזני, מ.א. 99106, לח"ק יהודה (גובה אמרת הנאשם מיום 25.04.02).
3. רס"ר משה משה, מ.א. 993725, תשאול אמן לכיש (גובה אמרת הנאשם מיום 13.05.02).

**פ.א. 625/02 מת"מ-י-ם**

4. רס"ר דרור אברם, מ.א. 1039080, מת"מ י-ם (מגיש דו"ח פעולה).
5. רס"ר דרור כהן, מ.א. 1034842, תחנת ציון – זיהוי (מגיש לוח תצלומים).
6. חוות דעת ממומחה (בצירוף טופס לוואי למוצגים) – רס"מ אריאל יערי, מ.א. 945220, מעבדת החבלה, מז"פ-מטא"ר י-ם.
7. רשימות מיון הנפגעים לפי בתי החולים – רשומה מוסדית.
8. עליזה מזרחי, ת.ז. 235465 [ראתה את המחבלת, נפצעה - הפרטים בתביעה].
9. יונתן שמאלי, ת.ז. 317790400 [נפצע – הפרטים בתביעה].
10. צבי-עקיבא רוזנברג, ת.ז. 051902310 [נפצע - הפרטים בתביעה].
11. מרסל מלול, ת.ז. 026842492 [נפצעה - הפרטים בתביעה].

4

12.אסתר דנון, ת.ז. 022105910 [נפצעה - הפרטים בתביעה].
13.אפרים רישנסקי, ת.ז. 01253147 [נפצע, רכבו נפגע - הפרטים בתביעה].
14.לודמילה גרשיקוב, ת.ז. 30628529 [נפצעה - הפרטים בתביעה].
15.יהודה שושן, ת.ז. 25299272 [נפצע - הפרטים בתביעה].
16.עליזה שרף, ת.ז. 010263648 [נפצעה - הפרטים בתביעה].
17.שושאנו בן אילוז, ת.ז. 028542504 [נפצעה, ראתה את המחבלת - הפרטים בתביעה].
18.שרה סוויד, ת.ז. 009893397 [נפצעה - הפרטים בתביעה].
19.אבנר שחר, ת.ז. 042467084 [נפצע - הפרטים בתביעה].
20.רינאת אבו-ניקולא, ת.ז. 040080871 [נפצעה - הפרטים בתביעה].
21.שרה-סבין טויטו, ת.ז. 317766624 [נפצעה - הפרטים בתביעה].
22.משה סבג, ת.ז. 036824597 [נפצע - הפרטים בתביעה].
23.ליה קלומצ'יקו, ת.ז. 317818078 [נפצעה - הפרטים בתביעה].
24.בתיה יוסף, ת.ז. 000575399 [נפצעה - הפרטים בתביעה].
25.סיוון נשיא, ת.ז. 066513243 [נפצעה - הפרטים בתביעה].
26.חניה ליכטנשטיין, ת.ז. 060970811 [נפצעה - הפרטים בתביעה].
27.ראניג אברהים, ת.ז. 033695099 [נפצעה – הפרטים בתביעה].
28.אושרי אדרי, ת.ז. 035983121 [נפצע - הפרטים בתביעה].
29.לימור מצרי, ת.ז. 034362293 [נפצעה - הפרטים בתביעה].
30.אושרית הנסב, ת.ז. 30020456 [נפצעה - הפרטים בתביעה].
31.דוד אונקיא, ת.ז. 078300019 [נפצע - הפרטים בתביעה].
32.יוחנן מזרחי, ת.ז. 058660440 [נפצע - הפרטים בתביעה].
33.גדי יעקב, ת.ז. 059640474 [נפצע, רכבו נפגע - הפרטים בתביעה].
34.דוד כהן, ת.ז. 055924997 [נפצע - הפרטים בתביעה].
35.יהודה בודקוב, ת.ז. 056632060 [נפצע - הפרטים בתביעה].
36.ראובן אברהמי, ת.ז. 069487619 [נפצע - הפרטים בתביעה].
37.מטילדה פיינשטיין, ת.ז. 816652 [נפצעה (עדות של יצחק בהט) - הפרטים בתביעה].
38.אסתר בבריאלי, ת.ז. 043687367 [נפצעה - הפרטים בתביעה].
39.תמר חבני-מזרחי, ת.ז. 29335866 [נפצעה, רכושה נפגע - הפרטים בתביעה].
40.דוד ינאי, ת.ז. 021391214 [נפצע - הפרטים בתביעה].
41.איתן אברהמוב, ת.ז. 028794063 [נפצע, רכבו נפגע - הפרטים בתביעה].
42.אורנית בן שמעון [נפצעה - הפרטים בתביעה].
43.שושנה אנגיל [נפצעה - הפרטים בתביעה].
44.סיגלית לחמי [נפצעה - הפרטים בתביעה].
45.בנימין נהרי, ת.ז. 041528688 [נפצע - הפרטים בתביעה].
46.תמי רביבו [נפצעה - הפרטים בתביעה].
47.עובדיה רחמים [נפצע - הפרטים בתביעה].
48.מוסא עוואד [נפצע - הפרטים בתביעה].
49.הייתם זחאיקה, ת.ז. 081027120 [נפצע - הפרטים בתביעה].
50.רחל סניור, ת.ז. 078812112 [נפצעה (עדות של ציון סניור) - הפרטים בתביעה].
51.ג'יהאד דגליל, ת.ז. 040244550 [נפצעה - הפרטים בתביעה].
52.יפת צדקה, ת.ז. 030902027 [עדת ראייה, רכבה נפגע - הפרטים בתביעה].
53.ורדה מנצורי-מזור, ת.ז. 5778759 [עדת ראייה - הפרטים בתביעה].
54.יונית הררי, ת.ז. 036287886 [עדת ראייה - הפרטים בתביעה].
55.רוברט גולדמן, דרכון אמריקאי מס' 201518517 [עד ראייה - הפרטים בתביעה].
56.בני בן אוליאל, ת.ז. 052789021 [טיפל בפצועים - הפרטים בתביעה].
57.דאהוד תוריאקץ, ת.ז. 080008998 [טיפל בפצועים - הפרטים בתביעה].
58.דני עמר, ת.ז. 028644441 [עד ראייה, טיפל בפצועים - הפרטים בתביעה].
59.אלה אמוייב, ת.ז. 304074164 [נפצעה - הפרטים בתביעה].
60.מול-עדי ששון, ת.ז. 036492775 [נפצעה - הפרטים בתביעה].
61.שירה-ציפורה לוין, ת.ז. 043434273 [נפצעה - הפרטים בתביעה].
62.זהבה כהן, ת.ז. 025510724 [נפצעה - הפרטים בתביעה].
63.מוצטפא חירבאוי, ת.ז. 040993800 [נפצע - הפרטים בתביעה].
64.חנה גדעון, ת.ז. 6777623 [נפצעה - הפרטים בתביעה].
65.סול סבג, ת.ז. 030615330 [נפצעה - הפרטים בתביעה].
66.מיטל רביבו, ת.ז. 039987128 [נפצעה - הפרטים בתביעה].
67.שושנה ברקestablish, ת.ז. 051048775 [נפצעה - הפרטים בתביעה].
68.שרון וייס, ת.ז. 024096513 [נפצעה - הפרטים בתביעה].

תאריך : 25.06.2002
סימוכין : 02-472

P 8: 246

69. לימור מזרחי, ת.ז. 25634320 [נפצעה - הפרטים בתביעה].
70. ראובן יוסף-חסידים, ת.ז. 067261032 [נפצע - הפרטים בתביעה].
71. מסעוד כנפו, ת.ז. 069272800 [נפצע - הפרטים בתביעה].
72. רינה גולן, ת.ז. 021370200 [נפצעה - הפרטים בתביעה].
73. יונה מהירין, ת.ז. 013553805 [נפצעה - הפרטים בתביעה].
74. כרמלה פרחי, ת.ז. 42421289 [נפצעה - הפרטים בתביעה].
75. פרסיה קארו, ת.ז. 017575846 [נפצעה - הפרטים בתביעה].
76. יחיאל מדעי, ת.ז. 001018423 [נפצע - הפרטים בתביעה].
77. אלה ריבקין, ת.ז. 314533118 [נפצעה - הפרטים בתביעה].
78. אליהו בצלאל, ת.ז. 056346943 [נפצע, טיפל בפצועים - הפרטים בתביעה].
79. יוסי ריפס, ת.ז. 028526184 [נפצע - הפרטים בתביעה].
80. תהילה-לאה דודי, ת.ז. 066515222 [נפצעה - הפרטים בתביעה].
81. רחל גרינפלד, ת.ז. 021995055 [נפצעה - הפרטים בתביעה].
82. סיגלית כהן, ת.ז. 025530999 [נפצעה - הפרטים בתביעה].
83. דקלה אליאסיאן, ת.ז. 40918161 [נפצעה - הפרטים בתביעה].
84. שהראם נבהרי, ת.ז. 308833219 [נפצע - הפרטים בתביעה].
85. אניק מונטיבר, ת.ז. דרכון צרפתי 00PD54476 [נפצעה - הפרטים בתביעה].
86. אברהם אמיר, ת.ז. 059637678 [נפצע - הפרטים בתביעה].
87. מטילדה גלמידי, ת.ז. 004796975 [נפצעה, ראתה את המחבלת - הפרטים בתביעה].
88. עירן שושן, ת.ז. 066124223 [נפצע - הפרטים בתביעה].
89. פרידה כהן, ת.ז. 000881037 [נפצעה - הפרטים בתביעה].
90. שמחה נורי, ת.ז. 416693 [נפצעה - הפרטים בתביעה].
91. אברהם חן-עמי, ת.ז. 058869637 [נפצע - הפרטים בתביעה].
92. הרצל חיימי, ת.ז. 11166600 [נפצע - הפרטים בתביעה].
93. אבי אסייג, ת.ז. 5474214 [רכבו נפגע - הפרטים בתביעה].
94. אביב משה, ת.ז. 060742376 [רכבו נפגע - הפרטים בתביעה].
95. ששון נאור, ת.ז. 043339928 [רכושו נפגע - הפרטים בתביעה].
96. יפה זלדמן, ת.ז. 050635341 [רכושו נפגע - הפרטים בתביעה].
97. רחמים ביטהאוזן, ת.ז. 015236888 [רכושו נפגע - הפרטים בתביעה].
98. ענת לסטר, ת.ז. 043241074 [רכושו נפגע - הפרטים בתביעה].
99. יצחק ששון, ת.ז. 052130812 [רכבו נפגע - הפרטים בתביעה].
100. יפה הנבב, ת.ב. 065565434 [רכושו נפגע - הפרטים בתביעה].
101. אורה אריסיל, ת.ז. 51154078 [רכבה נפגע - הפרטים בתביעה].
102. עוזי עין-דור, ת.ז. 007713175 [רכבו נפגע - הפרטים בתביעה].
103. דניאל בידרמן, ת.ז. 056180862 [רכבו נפגע - הפרטים בתביעה].
104. שלמה מלכה, ת.ז. 060389467 [קב"ט "אגד" י-ם - פגיעה באוטובוס - הפרטים בתביעה].
105. חוות דעת מומחה  - פרופ' יהודה היס, המרכז הרפואי לרפואה משפטית [הערה למזכירות : נא לפנות לתביעה לפני ביצוע הזימון].
106. חוות דעת מומחה - פרופ' יהודה היס, המרכז הרפואי לרפואה משפטית [הערה למזכירות : נא לפנות לתביעה לפני ביצוע הזימון].
107. יואל טוקולי, ת.ז. 51140234 [בנו של המנוח, זיהוי - הפרטים בתביעה].

<u>רשימה מפורטת של עדים נוספים, הנוגעת לנפגעים, לפצועים ולעורכי התיעוד הרפואי, תימסר במהלך המשפט.</u>

ולדי  בורודובסקי,  סגן
תובע      צבאי

6

תאריך : 25.06.2002
סימוכין : 02-472