# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 21, 2015

**VIA ECF AND FAX**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:  *Sokolow, et al. v. Palestine Liberation Organization, et al.* Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

Plaintiffs intend to play or read five depositions on Monday, January 26, 2015. Plaintiffs provided the Court with their narrowed designations on December 23, 2104. The Court has rejected defendants' request to exclude those designations.

Unfortunately, a new and significant problem has just arisen with regard to these depositions. On January 19, defendants provided a massive (and new) set of "counterdesignations" going far beyond the scope of the original designations for each of the five witnesses. Ex. A. These "counterdesignations" would inject issues that the Court has repeatedly ruled are inadmissible: what is a "settlement," who started the Second Intifada, testimony about people throwing stones at protests, testimony about the IMF and other things that are completely irrelevant—not only to the very narrow designations plaintiffs provided, but also to the case as a whole.

I attach the transcripts with plaintiffs' designations in yellow and defendants' counter-designations in green. Exs. B-F.[1]

---

[1] For four of the witnesses—Salam Fayyad (Exhibit B), Hasan Abu-Libdeh (Exhibit C), Yasser Shaqbu'a (Exhibit D) and Mazen Jadallah (Exhibit E)—<u>none</u> of the testimony that defendants "counter-designated" on January 19, 2015 was previously counter-designated by them. Similarly, significant portions of the purported "counter-designations" in the transcript of Hussein Al-Sheikh (Exhibit F) were never identified as counter-designations previously. Having never identified these transcript sections at any point before the beginning of trial, Defendants should not be permitted to do so now, two weeks after the beginning of trial.

70170158v1

ARNOLD & PORTER LLP

Hon. George B. Daniels
January 21, 2015
Page 2

These depositions were taken in **_other cases_** so they cannot be offered against plaintiffs because they are hearsay.

It is obvious what the defendants are doing:  They are now seeking to "counter-designate" in the *plaintiffs'* case, hearsay testimony that they know they cannot introduce in their own direct case.  These counterdesignations are far beyond the scope of testimony designated by the plaintiffs and therefore cannot be offered as such.  Counter-designations may only be placed in evidence as "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."  *United States v. Jackson*, 180 F.3d 55, 72 (2d Cir. 1999).  "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages."  *Id.*

Defendants have grossly abused the counter-designation process.  For example, in the deposition of Salam Fayyad, plaintiffs focused upon the relationship between the PLO and the PA, the flow of funds between them, and Arafat's role in controlling that flow.  *See* Exhibit B at 21-22, 29, 46-47, 50, 75-76 (yellow-highlighted sections designated by plaintiffs).   Defendants "counter-designated" testimony regarding the term "Intifada," and the witness's speculation regarding who organized the Second Intifada.  *Id.* at 61:8-63:3.  They "counter-designated" a lengthy discussion of the witness's statements to the Associated Press and in a public speech.  *Id.* at 157:21-159:6.  They "counter-designated" testimony about the separation barrier erected after the events in this case.  They "counter-designated" testimony about the stabbing of an Israeli soldier close to Nablus.  *Id.* at  175:3-177:8.  They "counter-designated" testimony about factions of the PLO operating long before the attacks at issue in this case.  *See* Exhibit B at 50:10-60:15 (defendants' counter-designations highlighted in green).  Defendants might believe this testimony will be useful to their case, but these topics have nothing at all to do with the relationship and flow of funds between the two defendants, which was the sole focus of the plaintiffs' designations.

Similarly, in the deposition of Hussein Al-Sheikh, plaintiffs designated testimony regarding the substance of a letter sent by Al Sheikh to Arafat, requesting payments to certain individuals, and identifying Arafat's handwriting.  *Id.* at 202:15-204:3.  Defendants have now "counter-designated" statements far beyond the scope of any of the testimony identified by the plaintiffs, including statements concerning the witness's view that "Israel is an occupying power for the West Bank," and discussing whether shooting

**ARNOLD & PORTER** LLP

Hon. George B. Daniels
January 21, 2015
Page 3

an Israeli soldier could be considered a form of "resistance." Exhibit F at 174:5-180:10. Defendants' counter-designations include discussion between the lawyers regarding the meaning of the word "Mujahed," *Id.* at 204:4-205:14. Where plaintiffs designated a narrow set of questions and answers regarding whether Arafat controlled the award of payments by Fatah, *id.* at 138:22-140:20; 142:13-143:11, defendants "counter-designated" a broad swath of testimony about whether the payments were made by check or wire transfer, the reasons that money was controlled by Arafat, how money was allocated from the PA to other political parties, and the routing of referrals for requests for money. *See id.* at 154:23-157:3; 157:25-168:16.

The other "counter-designations" are of a similar nature and should also be excluded. They are all hearsay, and defendants' "counter-designations" are so far outside the scope of the designations and are not "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d at 72.

Plaintiffs respectfully request that the Court reject defendants' counter-designations as untimely and beyond the scope of the plaintiffs' designations. We respectfully request that the Court rule on this by Friday, as plaintiffs intend to introduce this evidence as early as Monday, and will need to prepare accordingly.

Respectfully,

Kent A. Yalowitz

cc: All ECF Counsel
Enclosures

70170158v1