# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 24, 2015

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re: *Sokolow, et al. v. Palestine Liberation Organization, et al.* Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write regarding the depositions that plaintiffs anticipate reading on Monday, January 26, 2015. We have corresponded earlier with the Court on this matter.

Defendants informed us today that they are not dropping any of their counter-designations. However, they have divided their counter-designations into two categories: (a) a small set of counter-designations that they say "in fairness ought to be considered at the same time" (Fed. R. Evid. 106); and (b) a much larger set that defendants apparently want to read to the jury at some other time.

**A.     Defendants' True Counter-Designations**

I have attached as Exhibits A-E the portions of the transcripts plaintiffs plan to use on Monday, with plaintiffs' designations marked in yellow, and defendants' narrowed set of "in fairness" counter-designations marked in green.[1]

Plaintiffs' positions on defendants' specific "in fairness" designations are set forth below.

---

[1] Counter-designations need only be placed in evidence as "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d 55, 72 (2d Cir. 1999). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Id.*

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 24, 2015
Page 2

| Transcript | Counter-Designation | Response |
|---|---|---|
| Salam Fayyad | 48:5-25-49:25 | no objection |
| | 50:10-15 | no objection |
| Yasser Shaqbu'a | 14:22-15:3 | no objection |
| Mazen Jadallah | 27:18-29:10 | beyond the scope permitted by Rule 106; hearsay; no personal knowledge |
| | 188:24-190:1 | beyond the scope permitted by Rule 106; Rule 403; hearsay; relevance; no personal knowledge |
| Hussein Al-Sheikh | 70:17-22 | no objection |
| | 72:14-74:6 | answer not responsive to the question; beyond the scope permitted by Rule 106; hearsay; Rule 403; relevance; no personal knowledge |
| | 122:7-11 | no objection if 122:12-23 are also included |
| | 122:24-123:6 | no objection if 123:7-16 are also included |
| | 124:17-125:5 | no objection |
| | 140:21-24; 141:5-14 | not evidence; beyond the scope permitted by Rule 106; hearsay |
| | 143:12-16 | no objection |
| | 151:15-152:5 | no objection |
| | 152:18-153:8 | no objection |
| | 154:23-156:2 | answer not responsive to the question; beyond the scope permitted by Rule 106; hearsay |

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 24, 2015
Page 3

|   | | |
|---|---|---|
|   | 156:7-157:3<br>157:25-158:12 | Lines 156:7-157:3 are confusing and unclear.  Immediately below this answer, the witness restates his answer in a much less confusing manner.  157:25-158:12.  Although both statements are not in response to a question, if the Court is going to permit either answer it should permit the second one (lines 157:25 through 158:12) rather than the more confusing first one.<br>Plaintiffs further object on the following grounds: not responsive; beyond the scope permitted by Rule 106; hearsay. |
|   | 204:4-12 | Not evidence (debate between unsworn interpreters) |
|   | 204:13-205:14 | no objection |
|   | 209:20-22 | no objection |

**B.    Defendants' Additional Designations are Inadmissible**

In addition to their narrowed counter designations, defendants also have designated broad swathes of testimony from the same transcripts.  While defendants now agree that those additional portions of the transcripts need not be read into the record at the same time as plaintiffs' designations, they apparently intend to offer those additional portions of the transcripts into evidence.  However, these designations are inadmissible hearsay.  Two of the depositions were of defendants' own employees and the three others were of defendants *themselves* through Rule 30(b)(6) designees (Abu Libdeh, Fayyad, and al-Sheikh).  The depositions were all taken in ***other cases***, in which plaintiffs were not present, were not represented, and had no notice.

These designations contain extensive improper material.  One deponent says "all the [Palestinian] Authority's buildings were destroyed" during the intifada.  Al Sheikh Depo. at 73.  Defendants want to offer his testimony that he "used to present to Abu

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 24, 2015
Page 4

Amar humanitarian aid." *Id.* at 155.  They also offer his testimony that he was convicted by Israel of a crime for "belonging to the PLO" and participating in non-violent demonstrations.  Al-Sheikh Dep. 17-21.

Another witness testifies about "non-violent expression of rejection of the occupation and the settlement enterprise and the erection of the wall on our own territory."  Fayyad Dep. 158.  Defendants also want to offer his testimony about the difference between "Jewish communities" and "Israeli settlements," *id.* 160-62, as well as his view of the supposedly "virtually complete disintegration" of PA "security agencies" whose "structures [were] completely destroyed in the course of the intifada by the Israeli army," even though he was not in the PA at that time.  *Id.* at 196.

Defendants offer another witness to say that "the Israeli side has withdrawn its commitment to the agreement vis-à-vis the zoning, not in writing, but in action, and they started dealing with the whole West Bank as if it is Area B."  Abu-Libdeh Dep. 55.

Another one says "it was a total mess caused by the Israeli Defense Forces.  They were sieging al-Muqata'a, prohibiting anybody from going in or out most of the time, demolishing buildings, controlling everything going in and out."  Jadallah Dep. 48-49.

To the extent that the Court would permit defendants to use the depositions of their own Rule 30(b)(6) designees and their own employees, plaintiffs respectfully ask that the Court also rule on plaintiffs' objections set out in the attached chart and permit counter-designations as set forth on the chart as well.

          Respectfully,

          Kent A. Yalowitz

cc:   All ECF Counsel

Encl.