

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

January 25, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels,

    Defendants request that the Court address the following issues before Mr. Shrenzel's testimony resumes tomorrow:

1. Admissibility of PTE 226 and PTE 687

    Plaintiffs have indicated that they plan to introduce PTE 226, which purports to be a 93-page document entitled, "The Communiques' of the Palestinian National Liberation Movement/Fatah." Plaintiffs and defendants have not yet discussed which portions of the exhibit they seek to admit or why they believe the document, which is a collection of apparent pamphlets from some group should be admitted against the PLO or the PA. Defendants object.

    Plaintiffs have also indicated that they plan to introduce a photograph from PTE 687. This photograph depicts a number of individuals, including two who are masked, carrying a casket that includes photographs of Wafa Idris. Defendants believe that Plaintiffs allege this event to be the symbolic funeral of Wafa Idris. Defendants object to the admission of this exhibit for the reasons previously stated as to similar proposed evidence.

2. Designations and Counter-Designations of Deposition Testimony

    Plaintiffs have filed with the Court their objections to Defendants' counter-designations of certain deposition testimony. DE 770. Plaintiffs' objections require rulings from the Court. As a preliminary matter, Defendants wish to clarify that their counter-designations fall into two categories. The first category consists of deposition testimony that "in fairness should be considered with the part introduced" by the Plaintiffs in Plaintiffs' own designations. *See* Fed. R.



Hon. George B. Daniels
January 25, 2015
Page 2

Civ. P. 32(a)(6). As to this first category, which Plaintiffs characterize as "Defendants' [t]rue [c]ounter-[d]esignations," DE 770 at 1, Defendants respectfully submit that the Court should overrule all of Plaintiffs' objections (which are based on hearsay, relevance, and the like). *See id.* at 2-3. The second category of Defendants' deposition designations consists of additional testimony from the very same deponents from whom Plaintiffs have already designated testimony. All of this testimony should be admitted under the plain language of Federal Rule of Civil Procedure 32(a)(6), which provides that once a party has introduced any part of a deposition, "*any party*" may itself introduce *any other parts*." Fed. R. Civ. P. 32(a)(6). Plaintiffs' objection that this testimony should be excluded because the depositions were taken in other cases is meritless, given that Plaintiffs have affirmatively proffered testimony from these very same depositions themselves. *See, e.g., Starr v. J. Hacker Co.*, 688 F.2d 78, 81 (8th Cir. 1982) (rejecting as "meritless" an argument by the plaintiff that the court erred in permitting parts of the deposition to be offered on behalf of defendant, when plaintiff had first used portions of deposition). The issue remains whether this latter category of testimony should be read during Plaintiffs' case or during Defendants' case.

3. Additional Redactions to PTE 467, PTE 465, PTE 451, and PTE 452

Defendants seek additional redactions in the custodial statements of Munzar Noor (PTE 467 and 465), the verdict of Marwan Barghouti (PTE 451), and the indictment of Abdullah Barghouti (PTE 452). A separate letter addressing these redactions is being provided to the Court.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel

Miller & Chevalier Chartered