

# MILLER CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

January 25, 2015

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*
        04-CV-397(GBD)(RLE)

Dear Judge Daniels,

On Friday January 23, 2015, the Court discussed with the parties the need for Plaintiffs to make additional redactions in the custodial statements of Munzar Noor (PTE 467 and 465). In addition, during subsequent testimony it became clear that at least one additional redaction was necessary from the verdict of Marwan Barghouti (PTE 451). In light of the discussion with the Court, Defendants write to confirm the need for these redactions, and to bring to the Court's attention the need for additional redactions to conform to the Court's rulings. The proposals are to the preceding three documents and to the indictment of Abdullah Barghouti (PTE 452).[1]

1. The Custodial Statements of Munzar Noor (PTE 467 and PTE 465)

In addition to the redactions that were already made by Plaintiffs, Defendants request the following redactions:

- "Person A" should be redacted completely each time it is mentioned, as directed by the Court. *See* PTE 467 at P8:109-112; PTE 465 at P8:101-104.

- "Isthabarat," the Arabic word for "military intelligence," should be redacted in the two places it is mentioned, as directed by the Court. *See* PTE 465 at P8:101, 103.

- "Mukataa" should be redacted in the six places it is mentioned. *See* PTE 467 at P8:109-P8:111. The Court did not readdress this specific issue in the colloquy with

---

[1] Defendants' proposed redactions are attached. *See* Exhibits A, B, C, and D.



Hon. George B. Daniels
January 25, 2015
Page 2

> the parties, but it appears that the Plaintiffs are trying to use the references to the Mukataa to identify or suggest that the person with whom Noor met was a PA person.
>
> - "Palestinian Authority" should be redacted in three places but may be left unredacted in one place. *See* PTE 467 at P8:109.[2]

Defendants' proposed redactions of "Mukataa" and "Palestinian Authority" admittedly were not granted by the Court's previous directives. However, they are proposed herein because those references serve only to show that the individual implicated by Noor – whose name and title the Court has already ordered redacted – worked at the Palestinian Authority. *See, e.g.,* PTE 467 at P:8109 ("she told me that I would meet her supervisor at the Palestinian Authority); *id.* ("I went with her to the Mukataa for a meeting"); *id.* at P:8:110 ("[name redacted] asked for us to come to his office in the Mukataa"). This Court has repeatedly held that Plaintiffs may not implicate the Palestinian Authority through the admission of the custodial statements or military court records of a third party. *See* DE 671, 672; 1/23/15 Tr. at 1342:2-7 ("I am not going to let you argue from either of these documents that this is evidence that the PA was involved. You can't argue that because it is hearsay. That is the whole purpose of the redaction; that this person is accusing another person, but more importantly, he is accusing the PA and the PLO."). Yet, without the redactions posed herein, it appears that is exactly what Plaintiffs have tried to do.

During Mr. Shrenzel's testimony on January 23, 2014, Plaintiffs' counsel specifically called attention to the fact that the individual Noor implicated in the attack worked at the Palestinian Authority and that the meetings to plan the attack allegedly took place at the Mukataa, the PA's governmental headquarters. *See* 1/23/15 Tr. at 1308-09. In fact, after reading aloud the line from Noor's statement that the meetings to plan the attack took place at the Mukataa – "'In August 2001, I went with her to the Mukataa for a meeting'" (*id.* at 1308:18-19) – Plaintiffs' counsel stopped reading from Noor's statement and specifically asked Mr. Shrenzel, "What is the Mukataa?" (*id.* at 1308:20), to which Mr. Shrenzel replied, "Mukataa is the compound, the very huge compound in Ramallah where Arafat resided, other heads of the security apparatuses, and various other organs of the Palestinian Authority" (*id.* at 1308:21-23). Plaintiffs' counsel then asked, "What would you compare it to in the U.S.?" (*id.* at 1308:24), to which Mr. Shrenzel replied, "I don't want to insult the White House. The Pentagon. . . it is the center of government" (*id.* at 1308:25-1309:2). After eliciting these facts, Plaintiffs' counsel returned to Noor's statement, repeated the line about the meeting taking place at the Mukataa, and then read the subsequent statement that made clear that this meeting took place with an

---

[2] Under the Court's rulings, "Palestinian Authority" need not be redacted in line 27 of P8:109.


**MILLER CHEVALIER**

Hon. George B. Daniels
January 25, 2015
Page 3

individual that worked at the Mukataa: "'In August 2001, I went with her to the Mukataa for a meeting, and we arrived there at the place of another person, age about 40, working for the' – it's been redacted." *Id.* at 1309:4-6. In sum, Plaintiffs' counsel focused on the suggestion that the person implicated by Noor worked for the PA.

To make matters worse, following the lunch break and after the Court reiterated, "I am not going to let you argue from either of these documents that this is evidence that the PA was involved. You can't argue that because it is hearsay" (id. at 1342:2-4), Plaintiffs' counsel returned to Noor's two custodial statements and elicited three more times that the individual implicated in the attack worked at the Muqataa. *See id.* at 1354:13-14 ("'[B]lank asked for us to come to his office in the *Mukataa*...'") (emphasis added); *id.* at 1355:25-1356:2 ("'He asked that after Wafa arrived from the visit to Jerusalem, for me to return her to the *Mukataa*.'") (emphasis added); *id.* at 1357:2-3 ("'We went out, Wafa and I, from the *Mukataa* and I went home.'") (emphasis added). Accordingly, this Court should redact the six references to the Muqataa and the three references to the Palestinian Authority that refer to the implicated individual's employment.

2. The Verdict of Marwan Bargouti (PTE 451)

"Arafat" was accidentally left unredacted in paragraph 68. It should be redacted.

3. The Indictment of Abdullah Barghouti (PTE 452)

"Hamas Operative A," which Plaintiffs inserted to refer to a named individual, should be redacted completely.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel