

**MILLER CHEVALIER**

Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

January 28, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *Sokolow v. Palestine Liberation Organization et al.*, 04-cv-397 (GBD) (RLE)

Dear Judge Daniels:

    Plaintiffs proffered reports from accountant Dov Weinstein concerning the purported economic losses of five plaintiffs: (1) the Estate of Stuart Scott Goldberg, (2) Shaul Mandelkorn, (3) Varda Guetta, (4) the Estate of David Gritz, and (5) Karen Goldberg. *See* Exh. 1 ("Weinstein Depo.") at 123:21-124:1, 204:2-6, 268:1-11, 287:24-288:10, 306:19-23. Plaintiffs intend to call Weinstein to testify in the coming days. For the reasons set forth below, the Court should exclude Weinstein's testimony in its entirety.

    1.  <u>Weinstein's Opinions Concerning Economic Losses to the Estate of Stuart Scott Goldberg, to Shaul Mandelkorn, and to Varda Guetta Are No Longer Relevant</u>

    The Court has dismissed the claims of the Estate of Stuart Scott Goldberg, Shaul Mandelkorn, and Varda Guetta. DE 646 at 23 n.22. Weinstein's opinions concerning those plaintiffs are now irrelevant, and any related testimony should therefore be excluded.

    2.  <u>The Court Should Exclude Weinstein's Testimony Concerning Purported Economic Losses to Karen Goldberg Because She Is Not Claiming Any</u>

    Weinstein should not be permitted to testify about any purported economic losses suffered by Karen Goldberg. Although Plaintiffs had identified lost income as a category of damages they were seeking for Ms. Goldberg in their initial disclosures, at her deposition Ms. Goldberg testified that she was not seeking lost income. *See* Exhibit 2 ("K. Goldberg Depo.") at

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

1545331.1



Hon. George B. Daniels
January 28, 2015
Page 2

101:9-102:12 (in response to a question concerning whether she was claiming "lost wages as a result of [her] husband's death," Mrs. Goldberg responded: "No.").[1]

### 3. Regardless, Weinstein Is Not Qualified to Testify About Any of the Plaintiffs' Purported Economic Losses

When it comes to expert testimony, the trial court's preliminary gatekeeping function focuses on whether the witness is qualified to be an expert. *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005). Weinstein is not qualified to testify about any of the Plaintiffs' purported economic losses.

Whether a party seeking to admit expert testimony has established that a witness is qualified to render an expert opinion by his "knowledge, skill, experience, training or education," Fed. R. Evid. 702, is a "threshold question" to be resolved prior to inquiry into the other factors set forth in the Rule. *Nimely*, 414 F.3d at 396 n.11.[2] It is not enough to be an "expert" in some area — the proffered witness must possess superior qualifications specific to the subject on which he is offered to testify. *See, e.g., Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 81 (2d Cir. 1997) ("[A] district court may properly conclude that witnesses are insufficiently qualified despite the relevance of their testimony because their expertise is too general or too deficient."); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, No. 1:00-1898, 2008 U.S. Dist. LEXIS 37331, at *19 n.48 (S.D.N.Y. May 7, 2008) ("[A]n expert who is qualified in one field cannot offer an opinion about aspects of the case in another field for which she is not qualified.").

Weinstein is a certified public accountant with approximately 40 years of experience. *See* Exh. 3 ("Weinstein CV") at 1; Exh. 1 at 26:3-13. His accounting firm

> has extensive experience in auditing financial statements and assistance to companies in advanced technologies (high – tech), treatment HITECH and side projects for the issuance abroad, network marketing consumer products and industrial companies, this includes advice, representation and accompaniment of entrepreneurs with capital from step guidance startups and

---

[1] Mrs. Goldberg's Hebrew name is Shifra, which is reflected on her deposition transcript.

[2] The party seeking to admit the expert testimony bears the burden of establishing, by a preponderance of the evidence, that the requirements of Rule 702 have been met. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593 n.10 (1993).



Hon. George B. Daniels
January 28, 2015
Page 3

> comprehensive treatment whenever required to the success of these companies for diversification and investment with private companies their investments.

Exh. 3 at 1. Weinstein admitted that most of his professional work has been in areas other than calculating economic loss for people who have been injured or killed. Exh. 1 at 37:9-13.

Weinstein has performed economic loss evaluations in only two other cases (both in the United States, and both involving decedents). *Id.* at 20:5-10, 76:19-78:13. That was the first time he — or any of his employees — had ever done so. *Id.* at 28:21-29:19, 49:23-50:4. To this day, Weinstein has never taken any courses on how to calculate economic losses for someone who has been injured or killed. *Id.* at 27:20-28:10. He has never read, or even seen a portion of, the leading treatise on the topic, which Plaintiffs' other economic expert, Michael Soudry, referred to as "the Bible" of forensic economists. *Id.* at 39:15-17; *see also* Exh. 4 ("Soudry Depo.") at 163:16-165:21. And he has never published an article on calculating economic damages for people who have been injured or killed. Exh. 1 at 42:12-17. Just because Weinstein has years of experience as an accountant, this does not qualify him as an expert in this case. His testimony should be precluded.

As one example where Weinstein's lack of expertise led to a flawed methodology, when calculating the economic loss to the Estate of David Gritz, Weinstein failed to deduct any amount for the income taxes that Mr. Gritz would have been obligated to pay during the course of his lifetime. *See generally* Exhibit 5 ("Gritz Report"); Exhibit 6 ("Revised Gritz Calculations"). Mr. Weinstein admitted during his deposition that Mr. Gritz would have been required to pay federal (and perhaps state and local taxes) on any income earned in the United States, but he failed to make any such deductions. Exh. 1 at 110:19-111:22. Similarly, when calculating lost income for Ms. Goldberg, Weinstein failed to deduct from those losses any amount for the income taxes that she would have been obligated to pay during the course of her lifetime.

For another example, when calculating lost income for Ms. Goldberg, Weinstein failed to deduct income she is able to earn despite her husband's death (mitigation earnings). Plaintiffs' other economic expert, Michael Soudry, testified during his deposition that an economist must deduct such earnings to offset a plaintiff's losses. Exh. 4 at 144:6-8.

Sincerely,

Brian A. Hill

Miller & Chevalier Chartered