**ARNOLD & PORTER LLP**

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 28, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>         Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write in support of the testimony of Plaintiffs' expert Dov Weinstein.

Plaintiffs will not offer testimony from Mr. Weinstein on Scott Goldberg, Varda Guetta, or Shaul Mandelkorn. Obviously, the fact that Karen Goldberg, who has suffered overwhelming emotional damages, did not realize that her lawyers were seeking economic damages means nothing. Defendants admit that plaintiffs sought such damages as early as their initial disclosures. Mr. Weinstein submitted a report on Karen Goldberg's economic damages in the spring of 2013—nearly two years ago. Defendants' expert submitted a rebuttal report. And defendants deposed Mr. Weinstein at length on Karen's damages in October 2013.

Testimony by a certified public accountant as to lost earnings is perfectly appropriate and is routinely permitted by courts in this Circuit. *See, e.g.*, *Barrella v. Village of Freeport*, --- F. Supp. 2d ----, 2014 WL 4273339, at *12-*13 (E.D.N.Y. Aug. 28, 2014); *Jimico Enters. v. Lehigh Gas Corp.*, 2010 WL 4052926, at *2-*3 (N.D.N.Y. Oct. 14, 2010); *TVT Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 350-351 (S.D.N.Y. 2003).

Mr. Weinstein has experience calculating lost earnings. Besides his decades of experience as an accountant, Mr. Weinstein has computed economic loss in other cases, including three cases before the United States District Court for the District of Columbia. *Wachsman ex rel. Wachsman v. Islamic Republic of Iran*, Civil Action No. 06-0351; *Belkin v. Islamic Republic of Iran*, Civil Action No. 06-0711; *Elisa Nili Cirilo Peres Ben-Rafael v. Islamic Republic of Iran*, Civil Action No. 06-00721.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 28, 2015
Page 2

      Defendants' expressed concerns go to the weight, not the admissibility, of Mr. Weinstein's testimony.  Defendants fret that Mr. Weinstein has never taken a course on computing economic losses, but academic credentials are appropriately addressed during cross-examination.  *United States v. Joseph*, 542 F.3d 13, 21-22 (2d Cir. 2008), *abrogation on other grounds recognized by United States v. Ferguson*, 676 F.3d 260, 266 n.14 (2d Cir. 2012) ("the place to 'quibble with [an expert's] academic training' is 'on cross-examination' and goes to his 'testimony's weight . . . not its admissibility.'")

      Defendants' disagreements with certain aspects of Mr. Weinstein's computations are also best left for cross-examination.  Even if this Court were to accept the Defendants' assertions, they would not be enough to render Mr. Weinstein's report inadmissible.  *Amorgianos  v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).  As the Second Circuit stated in *Amorgianos*, our adversarial system contemplates the correction of small faults in an expert's reasoning via "vigorous cross examination [and] the presentation of contrary evidence."  *Id.*

      The computation of lost wages is not rocket science.  Mr. Weinstein made reasonable assumptions about what the two individuals would have made and how long they would have worked, deducted certain amounts (such as pension contributions and personal consumption), and reduced the assumed future income stream to present value.  Any critique of his technique is for cross-examination.

                                                 Respectfully,

                                                 Kent A. Yalowitz

cc:    All ECF Counsel