**ARNOLD & PORTER** LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

January 29, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
             Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      I write further to the parties' submissions and discussions with the Court regarding defendants' attempt to introduce portions of deposition testimony of their officers taken in *other* ATA actions, which are admittedly *not* parts of the testimony "that in fairness should be considered with the part introduced" by plaintiffs. Fed. R. Civ. P. 32(a)(6).

      Defendants' request to admit whatever parts of the depositions they wish is precluded by two distinct hurdles:

      *First*, Rule 32(a)(1)(A) allows a deposition to be used *against a party* if "the party *was present or represented* at the taking of the deposition *or had reasonable notice of it*." Defendants' attempt to ignore 32(a)(1)(A) and simply rely on the phrase "and any party may itself introduce any other parts" in Rule 32(a)(6) is in error. Rule 32(a)(6) (formerly Rule 32(a)(4)) is simply a rule of completeness. "Rule 32(a)(4) of the Federal Rules of Civil Procedure … incorporates a form of the 'rule of completeness,' and substantially restates the federal evidentiary rule." *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487, 489-490 (E.D.N.Y. 2001) (Weinstein, J.); Advisory Committee's Note, *Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates*, 46 F.R.D. 161, 193 ("The rule is an expression of the rule of completeness.").

      Thus, the phrase "and any party may itself introduce any other parts" does not allow unfettered use of any other part of the deposition; rather, it is intended only to clarify that the "rule does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case." Advisory

**ARNOLD & PORTER** LLP

Hon. George B. Daniels
January 29, 2015
Page 2


Committee's Note, 46 F.R.D. at 194.  In other words, if the other party <u>can show that the conditions of Rule 32(a)(1) are met</u>, it can use other parts of the deposition that are not parts that "in fairness should be considered with the part introduced."

Indeed, to interpret Rule 32(a)(6) as allowing free use of any part of a deposition would render meaningless the express restriction allowing introduction only of those parts that "in fairness should be considered with the part introduced."  That restriction has been enforced by another member of this court:

> Federal Rule of Civil Procedure 32(a)(4) provides that "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts." Fed.R.Civ.P. 32(a)(4). This rule represents an attempt to preclude the selective use of deposition testimony that might convey a misleading impression.
>
> In accordance with Rule 32(a)(4), plaintiffs' designations of … deposition testimony *are admissible only where necessary to dispel a false impression or give a more complete impression than is conveyed in defendants' designation. Those portions offered by plaintiffs that introduce new material—which do not serve to "give the whole picture" of a portion previously proffered by defendants—are inadmissible*.
>
> Permitting plaintiffs to *designate novel segments of deposition testimony* neither comports with the spirit of Rule 32(a)(4) nor produces a fair result.

*Farr Man Coffee Inc. v. Chester*, 1993 WL 248799 at \*19 (S.D.N.Y. June 28, 1993) (emphasis added) (citations omitted); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and PMF Products Liability Litigation*, 2011 WL 6740391 at \*19 (S.D. Ill. Dec. 22, 2011) ("Pursuant to Rule 32(a)(6), when a party offers in evidence only part of a deposition, an adverse party is permitted to introduce other parts of the deposition that **in fairness should** be **considered** with the **part introduced** … This matter will be handled on an individual basis, considering the specific designations. In so deciding, the Court will follow Rule 32(a)(6), however, as the rule reads **only** so much counter designation will be read as is necessary to allow for a **fair** reading of the testimony.") (emphases in the original).

**ARNOLD & PORTER** LLP

Hon. George B. Daniels
January 29, 2015
Page 3

Courts have reached the same result under Rule 804(b)(1). *See Affinity Labs of Texas, LLC v. Apple Inc.*, 2011 WL 232521, at *1 (N.D. Ca. Jan. 24, 2011). In *Affinity Labs of Texas*, the court found that a party could not introduce deposition testimony from another case *even where* the opposing party would have an opportunity to depose them in the current case, because Rule 804(b)(1) requires that the "the party against whom the testimony is now offered…had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination[,]" and "that the opportunity have existed with respect to *the testimony that the proponent seeks to admit*." *Id*. (emphasis added).

Thus, defendants' demand to "designate novel segments of deposition testimony" when plaintiffs were not present or represented at the depositions is simply not permitted under Rule 32(a) and should be rejected. The case defendants cite in purported support of their demand is old, from another circuit, and contains no analysis.

***Second***, even if defendants could satisfy the technical requirements of Rule 32(a) (which as explained above they cannot), the ***contents*** of their "other" deposition designations remain inadmissible:

> Rule 32(a) was intended to "eliminate the possibility of certain technical hearsay objections which are based, not on the ***contents*** of deponent's testimony, but on his ***absence*** from court.

*Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008) (quoting Rule 32 Advisory Committee's Note) (emphasis added) (brackets omitted).

In other words, "Evidence authorized by Rule 32(a) cannot be excluded as hearsay, ***unless it would be inadmissible even if delivered in court***." *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002) (emphasis added).

Here, the deposition excerpts defendants seek to admit would indeed "be inadmissible even if delivered in court" for several reasons. In the first place, they are irrelevant and prejudicial. For example, one deponent says "all the [Palestinian] Authority's buildings were destroyed" during the intifada. Al Sheikh Depo. at 73. Defendants also want to offer testimony that he "used to present to Abu Amar humanitarian aid." Id. at 155. They also offer his testimony that he was convicted by Israel of a crime for "belonging to the PLO" and participating in non-violent demonstrations. Al-Sheikh Dep. 17-21.

ARNOLD & PORTER LLP

Hon. George B. Daniels
January 29, 2015
Page 4

Another witness testifies about "non-violent expression of rejection of the occupation and the settlement enterprise and the erection of the wall on our own territory." Fayyad Depo. 158. Defendants also want to offer his testimony about the difference between "Jewish communities" and "Israeli settlements," *id.* 160-62, as well as his view of the supposedly "virtually complete disintegration" of PA "security agencies" whose "structures [were] completely destroyed in the course of the intifada by the Israeli army," even though he was not in the PA at that time. *Id.* at 196.

Defendants offer another witness to say that "the Israeli side has withdrawn its commitment to the agreement vis-à-vis the zoning, not in writing, but in action, and they started dealing with the whole West Bank as if it is Area B." Abu-Libdeh Dep. 55.

Another one says "it was a total mess caused by the Israeli Defense Forces. They were sieging al-Muqata'a, prohibiting anybody from going in or out most of the time, demolishing buildings, controlling everything going in and out." Jadallah Dep. 48-49.

Moreover, in addition to being irrelevant and prejudicial, defendants fail to lay any foundation for the deposition testimony—i.e. the witnesses' own testimony does not establish that they had personal knowledge of the matters on which defendants now seek to admit their testimony. The reason for defendants' failure to lay a foundation is simple: these depositions were taken in other actions against these defendants and all but one of them (that of Hussein al-Sheikh) were Rule 30(b)(6) depositions. Thus, defendants had no interest in foundationalizing the testimony, and the plaintiffs in those case had no need to do so, since a "30(b)(6) witness testifies as a representative of the entity [and] his answers bind the entity." *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001); *Green v. Springfield Medical Care Systems, Inc.*, 2014 WL 2875850 at *7-8 (D.Vt. June 24, 2014) (testimony of party's Rule 30(b)(6) witness constitutes party admission).

On the other hand, though these Rule 30(b)(6) depositions of defendants' witnesses bind and are admissible ***against*** the defendants, the defendants cannot admit any portions of this testimony for which they cannot show that the witnesses had personal knowledge. *See, e.g., L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143 at *2 (S.D.N.Y. Apr. 13, 2006) (holding that, at a jury trial, a non-adverse party "may only offer testimony from [its own Rule 30(b)(6) witness] as a fact witness based on his personal knowledge and in compliance with [the] Federal Rule[s] of Evidence [ ]"); *Sabre International Security v. Torres Advanced Enterprise Solutions, LLC*, --- F.Supp.3d ----, 2014 WL 5499789 at *11 (D.D.C. Oct. 30, 2014) (barring party's use at

ARNOLD & PORTER LLP

Hon. George B. Daniels
January 29, 2015
Page 5

trial of the deposition testimony of its own Rule 30(b)(6) designee because the witness "lacks personal knowledge"); *Industrial Engineering & Development, Inc. v. Static Control Components, Inc.*, 2014 WL 4983912 at *5 (M.D.Fla. Oct. 6, 2014) ("While Rule 30(b)(6) permits [a Rule 30(b)(6)" witness'] deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge.").

Needless to say, the fact that the deponents were senior officials in the PA or PLO does not eliminate the personal knowledge requirement; indeed, much of the testimony is in the nature of lay opinions about the defendants' activities which are inadmissible unless based on first-hand knowledge or observation. *See generally U.S. v. Kaplan*, 490 F.3d 110, 118-119 (2d Cir. 2007).

Thus, for example, testimony by an organization's senior official regarding organizational practices and policies is inadmissible unless it constitutes "the witness's firsthand perceptions and [is] rationally derived from those first-hand perceptions." *Bank of New York Trust, N.A. v. Franklin Advisers, Inc.*, 674 F.Supp.2d 458, 469 (S.D.N.Y. 2009); *Sovereign Military Hospitaller Order v. Fla. Priory of Knights Hospitallers*, 702 F.3d 1279, 1295 (11th Cir. 2012) (district court erred when it permitted the head of an organization to testify at trial about the organization's history where the witness had no personal knowledge of the historical facts to which he testified).

Since defendants have not and cannot show that the testimony is based on personal knowledge—even if it were relevant, which it is not—it is inadmissible.

Finally, to the extent that the witnesses claim personal knowledge on the basis of documents—for example, the testimony that the PA's financial records do not reflect payments to the AAMB—that testimony is barred under the "best evidence" rule because it recounts the contents of documents that have never been produced. When a witness' "testimony goes to the contents of financial documents, or seeks to prove an event from [the witness'] familiarity with documents recording the event, Rule 1002 bars his testimony" where, as here, the documents were not produced. *Middleby Corp. v. Hussmann Corp.*, 1993 WL 151290 at *14 (N.D.Ill. May 7, 1993). *See also e.g. Industrial Engineering & Development, Inc. v. Static Control Components, Inc.*, 2014 WL 4983912 at *5 (M.D.Fla. Oct. 6, 2014) ("Unless [the witness] has personal knowledge obtained ***independently of any unproduced writing***, Rule 1002 would bar [the witness'] testimony … where the relied-upon written records are not introduced.") (emphasis added).

# ARNOLD & PORTER LLP

Hon. George B. Daniels
January 29, 2015
Page 6

Accordingly, defendants should not be able to use their 30(b)(6) witnesses and senior officials' depositions in other cases against plaintiffs here.

Respectfully,

Kent A. Yalowitz

cc:   All ECF Counsel