

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 3, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

    I write in reference to four exhibits — PTE 1057, 1058, 1137, and 1138 — that Plaintiffs have indicated they intend to introduce through the upcoming testimony of Nevenka Gritz (the mother of David Gritz, who died in the Hebrew University attack):[1]

- **PTE 1057** is a letter to Norman and Nevenka Gritz, from one of David Gritz's friends. In it, the friend describes David Gritz, their friendship, and the friend's grief following David Gritz's death.

- **PTE 1058** is Norman Gritz's response to PTE 1057.

- **PTE 1137** appears to be an essay on the death of David Gritz, published on the internet by an unknown author. The essay purports to include excerpts from David Gritz's journal.

- **PTE 1138**, which is titled "Testimonials – human qualities," purports to collect quotations about David Gritz from his friends and classmates.

The Court should exclude all four of these exhibits from trial.

    First, the exhibits "ha[ve] no probative value with regard to the issues that this jury has to decide." Tr. 1/29/15 at 1743:25-1744:1. As the Court has already ruled in the context of the audiotape of the Goldberg family singing, it must "rule on an evidentiary basis." *Id.* at 1739:21-23; *see also id.* at 1743:13-15 ("There are a lot of things that families and plaintiffs and

---

[1] Copies of these exhibits are attached as Exhibit 1 for the Court's reference.



Hon. George B. Daniels
February 3, 2015
Page 2

defendants strongly want the jury to hear, but that can't compel me to admit it."). For the most part, the documents reflect the grief of David Gritz's friends, none of whom are plaintiffs in this case. That does not make them admissible.

Second, the exhibits all constitute hearsay. Plaintiffs apparently seek to admit them for the truth of the matter asserted therein — concerning David Gritz's character and his friends' grief over his death.

Finally, as with the Goldberg audiotape, the "greatest value" of these four exhibits "is to engender sympathy." *Id.* at 1743:16-17. But, it is "not appropriate [for] this jury to consider this case that way." *Id.* at 1743:17-18. The documents are "unduly…prejudicial, …cumulative, …unnecessary," and there "is a danger that the jury…would misuse [them] for that purpose." *Id.* at 1744:3-1744:6.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel

Miller & Chevalier Chartered