ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 3, 2015

<u>**VIA ECF AND HAND DELIVERY**</u>

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
     <u>Docket No. 04-CV-397 (GBD)(RLE)</u>

Dear Judge Daniels:

  I write to ask that the Court preclude defendants' witness, Majed Faraj, from testifying about certain issues during his testimony.

**Loss of Family Members**

  During Mr. Faraj's 30(b)(6) deposition in another case, the following exchange took place:

> Q. On behalf of the Palestinian Authority, who would be a better person to ask than you as to whether or not these two persons were ever employed by the Palestinian Preventive Security Services and/or Force 17?
>
> A. What's the point of linking these names to the whole case?
>
> Q. I'll answer.
>
> A. It's usual, it's normal to have someone in an apparatus, in a service, and commit mistakes.  Yes.  It might be the Force 17, the Preventative Security.  In any service -- and even in the Palestinian Authority, working in the Palestinian Authority -- he can commit and he might commit mistakes.  So do I understand that, if someone commits a mistake, that all the Palestinian Authority is committing the mistake….
>
> And if we take this, can we say that the Israeli soldiers, individual soldiers, who are taken to court because of certain mistakes, do we assume that the

# ARNOLD & PORTER LLP

Hon. George B. Daniels  
February 3, 2015  
Page 2

> whole Israeli Army is put to trial or is committing the mistake or the Israeli government is committing the mistake? We hear a lot about mistakes of Israeli soldiers. And, in many cases, they are accused of unjustified killing of people. But we have never heard that the Israeli Army is put to trial. Even in the recent cases, especially Freedom Flotilla and the recent incidents that happened, they talk about individual conduct, about measures by individuals….
>
> The Israeli Army killed my father in 2002, April 10th, 2002. And they shot him with 45 bullets. I didn't say then that the whole Israeli Army is a murderer. So if we are looking for mistakes of individuals in order to try a whole system and the whole Palestinian Authority, I believe this is not fair. There is no justice in this….
>
> And, under different conditions, I would be sitting in his place, because the same as his relative was killed, with all the pain that I feel and sympathy that I feel towards him, I also suffered the killing of someone dear to me. And if his relative was killed by a thug in the street, my relative was killed by the Army, which means the government killed him. The same government, the same Army that I meet with in order to prevent terrorism and extremism, because I know that mistakes happen. And there is no decision to open fire by all the Palestinian people….
>
> Anyone who commits a mistake must be punished. But there is no law in the world that says that we must punish an entire people for the mistake of an individual.

Ex. A, 110:8-115:8.

      Mr. Faraj's opinions about the Israeli Army and the killing of his father should not be admissible in this case. Not only is it exactly the type of testimony that the Court has already ruled is irrelevant to the issues in dispute, but it is inadmissible under Rule 403. Mr. Faraj's personal loss is far more prejudicial than probative and should not be considered by the jury.

**Counter-Terrorism Efforts After 2004**

      Plaintiffs are aware that Mr. Faraj has engaged in various counter-terrorism and diplomatic efforts in recent years including arresting Hamas operatives, meeting with US

ARNOLD & PORTER LLP

Hon. George B. Daniels
February 3, 2015
Page 3

Secretary of State John Kerry, and participating in diplomatic talks aimed at reducing tensions between Fatah and Hamas. Plaintiffs are also aware that Mr. Faraj was honored by the United States for supplying information that helped result in the capture of an Al-Qaeda operative.

    None of Mr. Faraj's efforts after the time period at issue in this case (2000 - 2004) are relevant to the issues in dispute and defendants should not be permitted to elicit testimony concerning these efforts from Mr. Faraj.

    Respectfully,

    Kent A. Yalowitz

Enclosure

cc:    All ECF Counsel