# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, | |
| Plaintiffs, | No. 04 Civ. 00397 (GBD) (RLE) |
| vs. | |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' PROPOSED SUPPLEMENTAL REQUESTS TO CHARGE

ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1113 [tel]
(212) 715-1399 [fax]
*Counsel for Plaintiffs*

Dated: February 5, 2015

# TABLE OF CONTENTS

Proposed Ratification Instruction No. 1(A) (the "*Bowoto* Charge") ............................................. 1

Proposed Ratification Instruction No. 1(B) (the "*Chowdhury* Charge") ........................................ 3

Proposed Alter Ego Instruction ........................................................................................................ 5

Proposed Material Support of Personnel Under 18 U.S.C. § 2339B Instruction ........................... 7

Proposed Policy, Practice, and Custom Instruction ........................................................................ 8

Proposed Damages Instruction—"Increased Susceptibility to Injury" ........................................ 10

Proposed Damages Instruction—"Specific Dollar Amount" ....................................................... 11

**Proposed Ratification Instruction No. 1(A) (the "*Bowoto* Charge")**

Plaintiffs contend that each defendant is liable for the acts of its employees or other agents because each defendant ratified or approved that conduct after it occurred. Defendants deny that they ratified their employees' or other agents' conduct. To show ratification, plaintiffs must prove:

1. That one or more defendants knew or should have known of all material facts related to their employees' or other agents' conduct, and

2. That the defendant or defendants ratified, adopted, or approved of this conduct.

Ratification means to treat the act as if originally authorized. Defendants are liable for the conduct of their employees or other agents if, after the fact, they ratified, adopted, or approved that conduct, even if it was originally unauthorized. Approval or ratification can be shown through defendants' statements or it can be inferred from the defendants' conduct that implies an intent to consent to or adopt the act. A variety of different types of conduct permit you to infer approval. Ratification of an unauthorized act may be demonstrated through knowing acceptance after the fact of the actions of their employees or other agents. Defending their employees' or other agents' actions or covering up their misdeeds may also constitute ratification. Failure to disavow their employees' or other agents' acts may constitute ratification, even if the acts were not within the scope of the employment or agency relationship. Ratification also exists if the defendants, after knowledge of or opportunity to learn of the misconduct, continued to use their employees' or other agents' services. Failure to take adequate steps to investigate or remedy their employees' or other agents' misconduct also constitutes ratification. In considering whether defendants ratified the acts of their employees or other agents, you may consider, among other things, whether defendants have made statements that evidence ratification, including statements about their employees' or other agents' involvement in the

2

terror attacks. A defendant's 'knowing' ratification can be shown by circumstantial evidence including through evidence of the nature of the acts done, the relation of the parties, the interests of the alleged agent and ratifier, and other circumstances.

If you find that one defendant did not ratify its employees' or other agents' conduct, you must still consider whether the other defendants ratified its employees' or other agents' conduct.

Each theory of liability is independent, such that if you reject ratification for any defendant, you must also consider whether any other theory of liability applies to that defendant.

**AUTHORITY:**     *Bowoto v. Chevron Corp.*, No. 99-CV-02506, 2008 WL 5110368 (N.D. Cal. Nov. 25, 2008).

**Proposed Ratification Instruction No. 1(B) (the "*Chowdhury* Charge")**

The plaintiffs also claim that the defendants are liable for the acts of their employees or other agents because the defendants ratified, adopted or approved the wrongful conduct after it occurred.  If you find that the defendants' employees or other agents are responsible for plaintiff's injuries, you must decide whether the defendants ratified, adopted or approved the conduct of their employees or other agents.  To show that these defendants ratified, adopted or approved the conduct of their employees or other agents, plaintiff must prove, one, that the defendants' employees or other agents professedly acted on that defendant's behalf.  Two, that the defendants knew or should have known of all material facts related to the conduct which led to plaintiff's injuries, and three, that the defendant ratified, adopted or approved of the conduct.

Ratification, adoption or approval means to treat the act as if it was originally authorized.  A defendant is liable for the conduct of its employees or other agents if after the fact, the defendant ratified, adopted or approved of that conduct even if it was originally unauthorized.

Therefore, even if you conclude that the defendants' employees or other agents were not acting as agents of the defendants at the time of the relevant acts, the defendants are nevertheless responsible for the action of their employees or other agents if you find that the defendants ratified or adopted or approved those actions after the fact.

Approval, adoption or ratification can be shown through a defendant's statements.  Or it can be inferred from the defendant's conduct that implies intent to consent to adopt the act.  A variety of different types of conduct permits you to infer approval.  Ratification of an unauthorized act may be demonstrated through knowing acceptance after the fact of the employees' or agents' actions.  Failure to disavow the acts of its employees or other agents may constitute ratification, even if the acts were not within the scope of an agency relationship.

3

A defendant's knowing ratification can be shown by circumstantial evidence, including through evidence of the nature of the acts done, through relationship of the parties, through the interest of the alleged agent and ratifier and other circumstances.

**AUTHORITY:** *Chowdhury v. Wordtel Bangladesh Holding, Ltd.*, No. 08-CV-1659 (BMC) (E.D.N.Y. 2008) (DE 58 at 120-21), which was recently approved by the Second Circuit. *Chowdhury*, 746 F.3d 42, 53 & n.11 (2d Cir. 2014).

**Proposed Alter Ego Instruction**

In this case, plaintiffs claim that the PLO, the PA, and Fatah were indistinguishable, and that each acted as the instrument or tool of the other—what the law calls an alter ego. Plaintiffs also claim that the Al-Aqsa Martyrs Brigades is the military wing of Fatah. Should you find that plaintiffs have proven these claims by a preponderance of the evidence, the law requires you to disregard the separate status of those entities and hold each legally responsible for the acts of the other.

In most cases, an entity's status as having a distinct legal existence, separate and apart from other entities, must be respected and preserved.

But this rule is not absolute, and you can disregard the separate status of an entity when it uses another entity as a mere tool for the purpose of evading or violating a statutory or other legal duty, or for accomplishing some fraud or other illegal purpose.

To decide whether to treat the Palestinian Authority, the Palestinian Liberation Organization, Fatah, Al-Aqsa Martyrs' Brigade or any of them as alter egos, you should consider:

(a) whether any caused the formation of another;

(b) whether they have directors or officers in common;

(c) whether the purpose or function of one organization is separate and distinct from the other;

(d) whether the entities kept separate books and records;

(e) whether one organization finances another or pays its salaries and other expenses;

(f) whether the organizations' funds were comingled; and

(g) any other factor the evidence disclosed tending to show that the organizations were or were not operated as separate entities.

5

You should consider all these factors.  No single factor is determinative.

**AUTHORITY:**       11 Eleventh Circuit Civil Pattern Jury Instructions 2013—Civil 4.27 (as modified).

**Proposed Material Support of Personnel Under 18 U.S.C. § 2339B Instruction**

Consequently, if you find by a preponderance of the evidence that the defendants provided any of the types of 'material support or resources' I described before to the AAMB or Hamas, or furnished to any person acting on behalf of the AAMB or Hamas, after Hamas or the AAMB were designated foreign terrorist organizations, plaintiffs' burden with respect to this element has been met.

For example, plaintiffs claim that the PA provided material support to Hamas in the form of personnel, by harboring Abdullah Barghouti, and by giving him freedom to operate as a Hamas bomb-maker. A person provides 'personnel' if he knowingly provides, attempts to provide, or conspires to provide a foreign designated terrorist organization with one or more individuals to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who work entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction or control. If you find that the PA provided or conspired to provide Abdullah Barghouti to Hamas so that he could work under Hamas' direction or control, plaintiffs' burden with respect to this element has been met.

You should find that defendants provided material support or resources to the AAMB or Hamas if you find that the person or entity to which the defendants provided the support or resources was operating under the AAMB's or Hamas's direction or control or if that person or entity was organizing, managing, supervising, or otherwise directing the operation of the AAMB's or Hamas's personnel or resources.

**AUTHORITY:**      18 U.S.C. § 2339B.

**Proposed Policy, Practice, and Custom Instruction**

Among the factors you may consider in deciding whether a PA employee was acting in furtherance of the PA's business and within the scope of his or her authority are: the connection between the time, place and occasion for the act; the history of the relationship between the PA and the employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the PA could reasonably have anticipated.

In addition, you may consider whether a PA employee's conduct was the result either of an official policy of the PA or a PA custom that was in place even though such a custom had not necessarily received formal approval through the PA's official decision-making channels. A practice of custom is a persistent, widespread course of conduct by PA officials or employees that has become the usual and accepted way of carrying out PA policy, and has acquired the force of law, even though the PA may not have necessarily formally adopted or announced the custom. An official to whom the PA has delegated final policy-making authority is a policy-making official whose actions can be said to represent a decision of the government itself. The policy-making official may cause injury by giving direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for PA employees that, when followed by those employees, results in the injury.

If you find an employee of the PA intentionally caused injury to a plaintiff while acting within the scope of his or her authority or within the scope of his or her authority or in furtherance of the PA's business, or as a result of an official policy or custom, then the PA is legally responsible for the employee's conduct.

Even if you find the PA specifically instructed its employees not to perform the shootings and bombings that are at issue in this case, if you find that those acts were done in furtherance of the PA's business and were reasonably foreseeable by the PA, you may find those acts were within the scope of the employees' authority.

**AUTHORITY:**   L. Sand, *et al.*, Modern Federal Jury Instructions—Civil ¶ 87.03, Instructions 87-81, 87-83, and 87-84 (as modified).

9

**Proposed Damages Instruction—"Increased Susceptibility to Injury"**

The fact that the plaintiff may have a physical or mental condition that makes (him, her) more susceptible to injury than a normal healthy person does not relieve the defendant of liability for all injuries sustained as a result of (his, her, its) negligence.  The defendant is liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstance.

**AUTHORITY:**     N.Y. Pattern Jury Instr.—Civil 2:283 (2014).

**Proposed Damages Instruction—"Specific Dollar Amount"**

During his closing remarks, counsel for plaintiffs suggested a specific dollar amount he believes to be appropriate compensation for specific elements of plaintiffs' damages. An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

**AUTHORITY:** N.Y. Pattern Jury Instr.—Civil-2:277A (as modified).