

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 5, 2015

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*
          04-CV-397(GBD)(RLE)

Dear Judge Daniels:

      I write in reply to Plaintiffs' letter dated February 4, 2015 (DE 790), which was filed in opposition to Defendants' letter dated January 25, 2015 (DE 773), which seeks certain redactions from the custodial statements of Munzar Noor (PTE 467 and 465), the verdict of Abdullah Barghouti (PTE 451), and the indictment of Abdullah Barghouti (PTE 452). Plaintiffs have agreed to make certain redactions requested by Defendants but not others, including the words "Palestinian Authority" and "Mukata'a" in Noor's custodial statements. DE 790. For the reasons discussed below as well as in Defendants' previously filed letter (DE 773), the Court should require Plaintiffs to redact the words "Palestinian Authority and "Mukata'a" from Noor's custodial statements.[1]

      Plaintiffs claim that "the Mukata'a was simply the place where Noor committed his crime, and inclusion of that word is fully consistent with applicable case law on self-inculpatory statements." *Id.* at 1. Plaintiffs are wrong. The case law does not support Plaintiffs' claim that the place where a person commits a crime is admissible as a statement against interest, which explains why Plaintiffs did not cite a single case in their letter. *See* DE 790. To the contrary, the Supreme Court held in *Williamson v. United States*, 512 U.S. 594 (1994), that collateral statements are not admissible under Rule 804(b)(3):

---

[1] Plaintiffs have not yet produced their proposed redactions to Plaintiffs' trial exhibits 467, 465, 451, and 322 (the verdict of Munzar Noor that includes the impermissible redaction "Person A"). Plaintiffs have produced their proposed redactions to Plaintiffs' trial exhibit 452. *See* DE 790. Defendants attached their proposed redactions to Plaintiffs' trial exhibits 467, 465, 451, and 452 in their January 25, 2015 letter. *See* DE 773. Defendants have attached their proposed redactions to Plaintiffs' trial exhibit 322 to this letter.

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com



Hon. George B. Daniels
February 5, 2015
Page 2

> [T]he fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability. We see no reason why collateral statements, even ones that are neutral as to interest, should be treated any differently from other hearsay statements that are generally excluded. . . . In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory.

*Id.* at 600-01 (internal citations omitted). In this case, there can be no question that the location of Noor's meetings to plan the attack is a collateral statement. Noor did not expose himself to greater criminal liability by stating that the meetings took place at the Mukata'a. Indeed, he would be just as guilty of his crimes whether he said that the meetings took place at the Mukata'a or at McDonalds or anywhere else. *See McClung v. Wal-Mart Stores, Inc.*, 270 F.3d 1007, 1013-1014 (6th Cir. 2001) (holding that a statement by an assailant at a plea hearing that he abducted the decedent from one parking lot rather than another exposed him to no additional criminal liability and was therefore not admissible as a statement against interest). If anything, Noor's statements to the Israeli authorities that the meetings took place at the Mukata'a might be construed as self-exculpatory because they suggest that the meetings were done with the consent or knowledge of the PA. But whether the references to the Mukata'a are deemed neutral or self-exculpatory does not matter – they are not self-incriminatory and thus they are not admissible under Rule 804(b)(3).

Noor's references to the Palestinian Authority are also collateral statements. Noor did not expose himself to greater criminal liability by stating, for example, that he "would meet [Wafa Idris's] supervisor at the Palestinian Authority." PTE 467 at 1. Noor's references to the PA are not self-incriminatory as to Noor and are therefore inadmissible. Accordingly, the Court should order the redaction of the words "Palestinian Authority" and "Mukata'a" in Noor's custodial statements.

Should the Court not order the redaction of "Palestinian Authority" or "Mukata'a" in Noor's custodial statements, the Court should reiterate its ruling that Plaintiffs may not argue that Noor's custodial statements proves the involvement of the PA in the January 27, 2002 attack. The Court has already issued such a ruling: "I am not going to let you argue from either of these documents that this is evidence that the PA was involved." Tr. at 1342:2-4. Yet, during Mr. Shrenzel's redirect examination Plaintiffs tried to suggest that Noor's custodial statements



Hon. George B. Daniels
February 5, 2015
Page 3

proves the involvement of the PA in this attack. *See id.* at 1589-90. Thus, the Court should reiterate its ruling that Plaintiffs may not "argue from either of these documents that this is evidence that the PA was involved" and inform Plaintiffs that they will be sanctioned if they try to make such an argument.

                                                                        Sincerely,

                                                                     Mark J. Rochon

cc:  All ECF Counsel