

MILLER
CHEVALIER

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 10, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

I write in response to Plaintiffs' intent to "make reference, during closing statement, to a specific dollar amount that counsel believes to be appropriate compensation for any element of damage that is sought to be recovered in the case." DE 792 at 23. Plaintiffs should be precluded from asking the jury for any specific sums of money for their alleged non-economic damages.

First, the Second Circuit has explicitly held that "specifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, *Consorti v. Owens–Corning Fiberglas Corp.*, 518 U.S. 1031 (1996). This is because proposals of specific dollar amounts "anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Id.* (citing *Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . . .")). In *Consorti*, the leading Second Circuit case to address this issue, the court went on to explain:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. While under the circumstances present here we do not yet reach the point of holding that it is error to permit such recommendations, it is not a desirable practice. *We encourage trial judges to bar such recommendations.*

*Id.* (emphasis added).

Trial courts in the Second Circuit have heeded this admonition and have prohibited plaintiffs from requesting specific amounts of non-economic damages. *See, e.g.*, *Philipps v. City*



*of New York*, 871 F. Supp. 2d 200, 208 (E.D.N.Y. 2012) (granting defendant's motion to bar plaintiff from suggesting a specific dollar amount to the jury); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) ("[T]he court will not permit plaintiff to submit to the jury a specific dollar amount regarding his damages for pain and suffering."). In *Uris v. Gurney's Inn Corp.*, 405 F. Supp. 744, 747 (E.D.N.Y. 1975), the district court went so far as to award the defendant a new trial solely on the issue of damages after plaintiff's counsel requested a specific amount of non-economic damages in his closing argument. The court found that "[t]he excessiveness of the verdict was undoubtedly the result of" plaintiff's counsel's statement. *Id.* at 747.[1]

Second, as Plaintiffs themselves admit, the amounts they would request from the jury are nothing more than *counsel's* opinion of the amounts to which Plaintiffs are purportedly entitled. DE 792 at 23 ("[P]laintiffs intend to make reference, during closing statement, to a specific dollar amount *that counsel believes to be appropriate* compensation for any element of damage that is sought to be recovered in the case.") (emphasis added). This is wholly inappropriate. Permitting Plaintiffs' counsel to state what counsel believes damages should be, in specific dollar figures, would essentially transform the attorney making the request into an unsworn witness, testifying about his or her speculative opinion on the monetary value of the case. Whereas "a jury trial should be an appeal to the rational instincts of a jury," a "masked attempt" by Plaintiffs' counsel "to import into the trial elements of sheer speculation on a matter which by universal understanding is not susceptible to evaluation on any such basis" leads to the conclusion that any such reference by Plaintiffs' counsel should be precluded. *Waldorf*, 896 F.2d at 744 (internal citations and quotation marks omitted).

Third, such remarks would not only violate the well-established rule that an attorney is barred from stating his or her own opinions to the jury,[2] but they would also unduly prejudice

---

[1] Other circuits have addressed this "troublesome practice" by banning plaintiffs' counsel from requesting a specific amount for non-economic damages. *See Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir.1990) (adopting a *per se* rule in the Third Circuit against the practice of requesting a specific amount of damages for pain and suffering and ruling that plaintiff's statement in violation of this rule during closing argument constituted reversible error); *Rodriguez v. Senor Frog's de la Isla, Inc.*, 642 F.3d 28, 37, 37 n.3 (1st Cir. 2011) (holding that the First Circuit "outlaws" the practice of requesting a specific computation of pain and suffering damages from the jury); *see also Westbrook v. Gen'l, Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) (holding that the district court abused its discretion in not granting a new trial where plaintiff's counsel made a unit-of-time request for non-economic damages and invoked the conscience of the community in his closing argument).

[2] *See*, *e.g.*, N.Y. Rule of Prof. Conduct 3.4(d)(3) ("A lawyer shall not . . . in appearing before a tribunal on behalf of a client: assert a personal opinion as to the justness of a cause, the credibility of a witness, the



Defendants. Plaintiffs' counsel claims that they "have carefully reviewed existing jury and bench damages awards in terror attack cases and plan to recommend amounts that are consistent with those cases." DE 792 at 24. But Plaintiffs' counsel's supposed review of other cases could only consist of unchallenged judicial rulings without the benefit of a contested trial or jury review. Moreover, Defendants requested permission to present evidence to the jury on this very issue through the testimony of an expert in forensic economics (Rick Gaskins). Plaintiffs moved to exclude Gaskins' testimony, see DE 487 at 17-22, and the Court granted Plaintiffs' motion. Tr. 12/16/14 at 179-80. There is no basis for the Court to allow Plaintiffs — through the speculative, unsubstantiated opinion "testimony" of Plaintiffs' counsel — to accomplish what Defendants were not permitted to do through expert opinion testimony. *Compare* DE 553 at 10 (Plaintiffs arguing that the Court should preclude Gaskins from testifying about non-economic damages because "[b]y telling the jury what it should consider in awarding non-economic damages, he is impinging not only on the jury, but also on the Court's role to instruct the jury on how to measure such damages"), *with* DE 792 at 24 (Plaintiffs now arguing that they "have carefully reviewed existing jury and bench damages awards in terror attack cases and plan to recommend amounts that are consistent with those cases."). Under these circumstances, the Court should exercise its discretion to "prohibit counsel from mentioning specific figures." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).

Finally, the limiting instruction proposed by Plaintiffs would not cure the undue prejudice that would result if Plaintiffs were permitted to request specific dollar amounts for their alleged non-economic damages. "Specific proposals have a real potential to sway the jury unduly." *Consorti*, 72 F.3d at 1016. And "[w]ithout benefit of any counter-figures from other sources . . . the jury has before it only one set of extravagantly high figures, which it may be tempted to treat as evidence rather than as mere argument." *Mileski*, 499 F.2d at 1172. Plaintiffs have previously asserted that they intend to seek $1 billion in damages, which, if awarded, would be trebled to $3 billion. Instructing the jury that a request for a billion dollars (or any sum approaching such an "extravagantly high figure[]") is "argument only and not evidence" would not come close to ameliorating the undue prejudice to Defendants.

---

culpability of a civil litigant . . . ."); *see also Gilster v. Primebank*, 747 F.3d 1007, 1010-11 (8th Cir. 2014) (granting a new trial in a civil case after counsel expressed personal opinion and opined to the jury on the credibility of witnesses).

Hon. George B. Daniels
February 10, 2015
Page 4

Sincerely,

Mark J. Rochon /dug

Mark J. Rochon

cc: All ECF Counsel

Miller & Chevalier Chartered