# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 10, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re: *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
> Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write to respond to defendants' letter, dated February 10, 2015, which asks the Court to prevent plaintiffs from suggesting specific amounts for damages at closing.

Defendants misstate the law. They argue that allowing counsel to suggest amounts to the jury is "disfavored," relying on a 41-year old case, *Mileski v. Long Island RR. Co.,* 499 F.2d 1169 (2d Cir. 1974), and on a 1995 decision, *Consorti v. Armstrong World Indus., Inc.,* 72 F.3d 1003 (1995), *vacated on other grounds,* 518 U.S. 1031 (1996), which they wrongly refer to as the "leading" Second Circuit case on this issue.

After those cases, the Second Circuit refused to adopt a rule against suggesting specific amounts, stating instead that "we favor a more flexible approach. It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912 (2d Cir. 1997).

In the years since the Second Circuit's decision in *Lightfoot,* there has been a very clear trend in the Circuits towards allowing counsel to suggest amounts to the jury. Although defendants cite a decision by the First Circuit prohibiting such suggestions, they fail to mention that the First Circuit conceded that "our outright ban is clearly out of step with prevailing federal practice. The Second, Fourth, Sixth, Seventh, Eighth and Tenth circuits leave it to district judges to decide whether and how lawyers may discuss pain and suffering damages with juries." *Rodriguez v. Senor Frog's de la Isla,* 642 F.3d 28 n.3 (1st Cir. 2011).

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 10, 2015
Page 2

The current state of federal law on this issue is well summarized in a 2014 decision:

> Contrary to the defendants' argument, it does not appear that the trend has been towards the banning of plaintiffs from requesting specific amounts of non-economic damages. As noted by the First Circuit, such outright bans are not favored by most circuits [citing *Rodriguez*]. Indeed, the defendants have not cited a case since 1995 precluding the plaintiffs from making such a request.

*Adames v. G.B. Restaurants Inc.,* 2014 WL 4772277, at *3 (W.D.N.Y. Sept. 24, 2014).

Defendants also ignore the fact that CPLR 4016 specifically authorizes lawyers to suggest amounts, subject to appropriate instructions from the court. Although not determinative here, the fact that suggesting amounts has been authorized by statute in New York is further evidence that this practice is widely followed. Moreover, plaintiffs have suggested that the Court give the standard New York jury instruction on this issue. That instruction will prevent any possible prejudice to defendants.

Defendants go so far as to argue that it would violate the New York Rules of Professional Conduct for counsel to suggest specific amounts for damages. This argument is frivolous and would undoubtedly come as a surprise to both the Second Circuit and the New York Legislature, both of which expressly authorize the practice.

Finally, defendants argue that it would be improper to allow counsel to suggest specific amounts because the Court excluded the "expert" testimony of Rick Gaskins—an economic expert who sought to give testimony on the proper amount of <u>non</u>-economic damages. The fact that a subject is not appropriate for expert testimony, however, says nothing about what counsel can argue to the jury.

Respectfully,

Kent A. Yalowitz

cc:   All ECF Counsel