
**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 11, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

I write to propose certain revisions to the Court's draft "general" jury instructions as well as to the Court's draft instruction on damages. All references below are to the Court's draft instructions dated February 6, 2015. Defendants will write separately concerning the Court's draft "substantive" instructions on the elements of the Plaintiffs' Anti-Terrorism Act (ATA) claims.

### A. "GENERAL" INSTRUCTIONS

**1.   Witness Preparation** (page 18): Defendants believe that this instruction is unnecessary, as there has been no evidence during trial to this point that "witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court." Should the circumstances change, Defendants reserve the right to revisit this instruction.

**2.   Photographs: General** (page 19): Defendants request that the Court revise the first paragraph of this draft instruction as follows, so that it also refers to photographs of individuals (such as the purported perpetrators of the attacks, the Plaintiffs, and the decedents):

> Among the exhibits received in evidence were photographs. These photographs purport to depict various locations, individuals, or objects relevant to the issues in this case. These photographs were received in evidence to assist you in making your evaluation of the testimony relating to the locations, scenes, individuals, or objects depicted therein.



Hon. George B. Daniels
February 11, 2015
Page 2

> You are the sole judges of the accuracy of these photographs and you are the sole judges of the weight to be given to such photographs.

3. **Burden of Proof – Preponderance of the Evidence** (pages 29-30): Defendants request that the Court revise the first and third paragraphs of this instruction. As written, the instruction's general references to, *inter alia*, "[t]he party with the burden of proof" and "the party having this burden of proof" suggest that the Defendants might have such a burden. To ensure that the jury understands that it is Plaintiffs' burden — and theirs alone — Defendants ask the Court to revise the instruction as follows:

> ~~The party with the burden of proof~~ Each Plaintiff has the burden of proving every disputed element of ~~its~~ his or her claim to you by a preponderance of the evidence. If you conclude that the Plaintiff who bears the burden of proof has failed to establish the claim by a preponderance of the evidence, you must decide against Plaintiff on the issue you are considering.
>
> ....
>
> If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against ~~the party having this burden of proof~~ Plaintiff on the issue you are considering. That is because ~~the party bearing this burden~~ Plaintiffs must prove more than simple equality of evidence – Plaintiffs must prove the element at issue by a preponderance of the evidence. One the other hand, ~~the party with this burden of proof~~ Plaintiffs need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of ~~the party with this burden of proof~~ Plaintiff – that what the Plaintiff claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.



Hon. George B. Daniels
February 11, 2015
Page 3

## B. DAMAGES INSTRUCTIONS

1. **Placement of the Court's Damages Instruction.** Defendants believe that the Court's instruction on damages should follow all of the Court's substantive instructions on the elements of an ATA violation. The current placement of the damages instruction — in the middle of the Court's instructions on the substantive ATA elements — could lead members of the jury to believe that they are permitted to award damages without first concluding that the Plaintiffs have satisfied their burden of proof on all of the elements of their ATA claims.

2. **Proximate Cause and Intervening Cause.** Defendants respectfully submit that the second and third paragraphs of the Court's draft damages instruction conflict with each other. The second paragraph could be read to permit the Plaintiffs to recover monetary damages for "all losses resulting from the injuries and disabilities he or she sustained" — without consideration of whether those losses were proximately caused by acts of the Defendants. While the third paragraph does reference proximate cause (which Defendants agree is necessary), the second and third paragraphs should be combined to avoid any confusion on that issue.

Moreover, Defendants are entitled to an instruction on intervening cause. According to the Second Circuit, "[a] litigant is entitled to an instruction on a claim where that claim is supported by evidence of probative value." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). "All that a party needs to show is that there is some evidence supporting the theory behind the instruction so that a question of fact may be presented to the jury." *Id.* The testimony of certain Plaintiffs warrants an instruction on intervening or superseding cause. *See, e.g.*, Trial Tr. 2/4/15 at 2499-2501 (Chana Goldberg testifying about the abuse she received at the hands of her former husband). Support for the text of Defendants' intervening cause instruction is found in, *e.g.*, *In re: Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 838-39 (2d Cir. 1992); Kevin F. O'Malley et al., Federal Jury Practice & Instructions §§ 120:60, 120:62 (6th ed. 2013).

Thus, Defendants request that the Court revise the first six paragraphs of its draft damages instruction as follows (leaving the final two paragraphs as-is):

> My charge to you on the law of damages must not be taken as a suggestion that you should find for any Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether a Plaintiff is entitled to recover from Defendant PA or Defendant PLO. If you decide that the Plaintiffs are not entitled to recover from either of the Defendants, you need not consider damages. Only if you decide that a Plaintiff is entitled to recover will you consider the measure of damages for that Plaintiff.



Hon. George B. Daniels
February 11, 2015
Page 4

~~If you find that a Plaintiff is entitled to recover from Defendant PA and/or Defendant PLO, you must render a verdict in a sum of money that will justly and fairly compensate that Plaintiff for all losses resulting from the injuries and disabilities he or she sustained.~~

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a Defendant's violation of a Plaintiff's rights. If you find that Defendant PA and/or Defendant PLO is liable <u>to a Plaintiff</u> on ~~the~~ <u>his or her</u> claims, as I have explained them, then you must award ~~the~~ <u>that</u> Plaintiff ~~sufficient damages to~~ <u>a sum of money that will justly and fairly</u> compensate him or her for any injury proximately caused by either Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole — that is, to compensate him or her for the damage suffered. ~~Furthermore, c~~<u>C</u>ompensatory damages are not merely limited to expenses that Plaintiff may have borne. A prevailing Plaintiff is entitled to compensatory damages for past and future lost earnings, and for the physical injury, pain and suffering, mental anguish, shock and discomfort, and loss of love and companionship that he or she has suffered because of a Defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a Plaintiff proves were proximately caused by a Defendant's wrongful conduct. <u>An injury is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or causing the injury, and that the injury was either a direct result or a reasonably foreseeable consequence of the act. You may not, however, award compensatory damages to a Plaintiff for injuries that you find were the result of an intervening cause – in other words, the result of an act of a third person. Therefore, if you find that a reasonably prudent person in the Defendant's situation would not have foreseen an act of the kind committed by the third person as a probable consequence of the Defendant's conduct, then the</u>



Hon. George B. Daniels
February 11, 2015
Page 5

> <u>Defendant is not responsible for the Plaintiff's injuries and the Plaintiff may not recover for those injuries. In such circumstances, the causal connection, if any, between the Plaintiff's injuries and the Defendant's wrongful conduct has been broken.</u>
>
> ~~The~~ <u>Any</u> damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.
>
> In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to provide the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.
>
> In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Defendants have included a "clean" version of the foregoing in the attached appendix.

     **3.**    **<u>Mitigation of Damages.</u>** In their proposed jury instructions, Defendants requested a charge on mitigation of damages. DE 583 at 70 (Request No. 57). In light of the testimony at trial, Defendants believe that such an instruction remains appropriate and should be given. Defendants have reproduced their proposed instruction in the attached appendix.

     **4.**    **<u>Treble Damages.</u>** In their proposed jury instructions, Defendants also requested an instruction on treble damages, *see* DE 583 at 68 (Request No. 55), which they believe remains appropriate. While the Second Circuit has concluded, in the context of federal RICO cases and Clayton Act cases, that it is not reversible error to preclude defense counsel from "parading . . . treble damage . . . provisions before the jury," it has explicitly held that there could be "certain circumstances in which a district court could in its sound discretion permit mention to the jury of the prospect of treble damages." *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 47 (2d Cir. 1994).



**MILLER CHEVALIER**

Hon. George B. Daniels
February 11, 2015
Page 6

If there ever were such a case, this is it. Plaintiffs have brought an Anti-Terrorism Act case against two Palestinian governmental entities in a case involving acts of violence occurring in and around Jerusalem more than a decade ago. The jury heard a full week of emotionally wrenching testimony from more than two dozen Plaintiffs — testimony intended to fully maximize a potential damages award. The Court should inform the members of the jury that whatever sum of damages they might award to the Plaintiffs will be tripled. Under these circumstances, instructing the jury on treble damages would not "frustrat[e] Congress's goal of deterring improper conduct." *HBE Leasing Corp.*, 22 F.3d at 45. Instead, it would set a necessary benchmark. Again, Defendants have reproduced their proposed instruction in the attached appendix.

     **5.**    <u>**Nominal Damages.**</u> Defendants also renew their request for an instruction on nominal damages. *See* DE 583 at 69 (Request No. 56). "[E]vidence of probative value" was adduced at trial, *Anderson*, 17 F.3d at 557, making such an instruction appropriate. *See, e.g.*, Trial Tr. 2/5/15 at 2665 (Larry Carter testifying that the last time he spoke with his daughter, Diane Carter, was in March 1990 — 12 years before her death on July 31, 2002). Defendants' proposed instruction is reproduced in the attached appendix.

Sincerely,

Mark J. Rochon

cc:  All ECF Counsel