# APPENDIX

### Defendants' Proposed Instruction on Photographs

Among the exhibits received in evidence were photographs. These photographs purport to depict various locations, individuals, or objects relevant to the issues in this case. These photographs were received in evidence to assist you in making your evaluation of the testimony relating to the locations, scenes, individuals, or objects depicted therein.

You are the sole judges of the accuracy of these photographs and you are the sole judges of the weight to be given to such photographs.

## Defendants' Proposed Instruction on Proximate Cause and Intervening Cause

My charge to you on the law of damages must not be taken as a suggestion that you should find for any Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether a Plaintiff is entitled to recover from Defendant PA or Defendant PLO. If you decide that the Plaintiffs are not entitled to recover from either of the Defendants, you need not consider damages. Only if you decide that a Plaintiff is entitled to recover will you consider the measure of damages for that Plaintiff.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a Defendant's violation of a Plaintiff's rights. If you find that Defendant PA and/or Defendant PLO is liable to a Plaintiff on his or her claims, as I have explained them, then you must award that Plaintiff a sum of money that will justly and fairly compensate him or her for any injury proximately caused by either Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole — that is, to compensate him or her for the damage suffered. Compensatory damages are not merely limited to expenses that Plaintiff may have borne. A prevailing Plaintiff is entitled to compensatory damages for past and future lost earnings, and for the physical injury, pain and suffering, mental anguish, shock and discomfort, and loss of love and companionship that he or she has suffered because of a Defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a Plaintiff proves were proximately caused by a Defendant's wrongful conduct. An injury is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or causing the injury, and that the injury was either a direct result or a reasonably foreseeable consequence of the act. You may not, however, award compensatory damages to a Plaintiff for injuries that you find were the result of an intervening cause – in other words, the result of an act of a third person. Therefore, if you find that a reasonably prudent person in the Defendant's situation would not have foreseen an act of the kind committed by the third person as a probable consequence of the Defendant's conduct, then the Defendant is not responsible for the Plaintiff's injuries and the Plaintiff may not recover for those injuries. In such circumstances, the causal connection, if any, between the Plaintiff's injuries and the Defendant's wrongful conduct has been broken.

Any damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to provide the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## Defendants' Proposed Instruction on Mitigation of Damages

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of his or her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he or she could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his or her damages, you should deny recovery for those damages which he or she would have avoided had he or she taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself or herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damage reasonably could have been avoided. In deciding whether to reduce the plaintiff's damages due to some failure to mitigate, therefor, you must weigh all the evidence in light of the particular circumstances of the case, using some discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

## Defendants' Proposed Instruction on Treble Damages

Your role is to find whether the Plaintiff is entitled to any compensatory damages and, if so, in what amount.

In following my instruction on damages, your calculation, should you choose to find any damages in a Plaintiff's favor, should not provide in that amount any punitive feeling you have in your verdict. By operation of law, the damage amount, if any, that might be awarded in your verdict will be tripled. I will perform this tripling after you return your verdict by multiplying by a factor of three the total amount of damages, if any, that you award.

## Defendants' Proposed Instruction on Nominal Damages

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his or her rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he or she was measurably injured, in which case you must award compensatory damages, or else he or she was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.