*DRAFT as of 2/6/2015*

Arnold & Porter
Edits
Feb. 12, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARK I. SOKOLOW, et al.,                        :
                                                :
                            Plaintiffs,         :         04 Civ. 00397 (GBD)
        v.                                      :
                                                :
THE PALESTINE LIBERATION                        :
ORGANIZATION and THE                            :
PALESTINIAN AUTHORITY,                          :
                                                :
                            Defendants          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## JURY CHARGE

*DRAFT as of 2/6/2015*

## GENERAL CHARGE
## JUROR ATTENTIVENESS

LADIES AND GENTLEMEN, YOU ARE ABOUT TO ENTER YOUR FINAL DUTY, WHICH IS TO DECIDE THE FACT ISSUES IN THE CASE.

BEFORE YOU DO THAT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

I TOLD YOU AT THE VERY START OF THE TRIAL THAT YOUR PRINCIPAL FUNCTION DURING THE TAKING OF TESTIMONY WOULD BE TO LISTEN CAREFULLY AND OBSERVE EACH WITNESS WHO TESTIFIED. IT HAS BEEN OBVIOUS TO ME AND TO COUNSEL THAT YOU HAVE FAITHFULLY DISCHARGED THIS DUTY. IT IS EVIDENT THAT YOU FOLLOWED THE TESTIMONY WITH CLOSE ATTENTION.

I ASK YOU TO GIVE ME THAT SAME CAREFUL ATTENTION AS I INSTRUCT YOU ON THE LAW.

*DRAFT as of 2/6/2015*

## ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE, AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

IT IS YOUR DUTY TO ACCEPT THESE INSTRUCTIONS OF LAW AND APPLY THEM TO THE FACTS AS YOU DETERMINE THEM.

ON THESE LEGAL MATTERS, YOU MUST TAKE THE LAW AS I GIVE IT TO YOU. IF ANY ATTORNEY HAS STATED A LEGAL PRINCIPLE DIFFERENT FROM ANY THAT I STATE TO YOU IN MY INSTRUCTIONS, IT IS MY INSTRUCTIONS THAT YOU MUST FOLLOW.

YOU SHOULD NOT SINGLE OUT ANY INSTRUCTION AS ALONE STATING THE LAW, BUT YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE IN THE JURY ROOM.

YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE THAT I STATE. REGARDLESS OF ANY OPINION THAT YOU MAY HAVE AS TO WHAT THE LAW MAY BE – OR OUGHT TO BE. IT WOULD VIOLATE YOUR SWORN DUTY TO

3

BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT WHICH I GIVE YOU.

*DRAFT as of 2/6/2015*

## ROLE OF THE JURY

YOUR FINAL ROLE IS TO PASS UPON AND DECIDE THE FACT ISSUES THAT ARE IN THE CASE. YOU, THE MEMBERS OF THE JURY, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. YOU PASS UPON THE WEIGHT OF THE EVIDENCE; YOU DETERMINE THE CREDIBILITY OF THE WITNESSES; YOU RESOLVE SUCH CONFLICTS AS THERE MAY BE IN THE TESTIMONY, AND YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM.

I SHALL LATER DISCUSS WITH YOU HOW TO PASS UPON THE CREDIBILITY – OR BELIEVABILITY – OF THE WITNESSES.

IN DETERMINING THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE. WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, IN THEIR CLOSING ARGUMENTS, IN THEIR OBJECTIONS, OR IN THEIR QUESTIONS IS NOT EVIDENCE. IN THIS CONNECTION, YOU SHOULD BEAR IN MIND THAT A QUESTION PUT TO A WITNESS IS NEVER EVIDENCE. IT IS ONLY THE ANSWER WHICH IS EVIDENCE. BUT YOU MAY NOT CONSIDER ANY ANSWER THAT I DIRECTED YOU TO DISREGARD OR THAT I DIRECTED BE STRUCK FROM THE RECORD. DO NOT CONSIDER SUCH ANSWERS.

AT TIMES, A LAWYER MAY HAVE INCORPORATED INTO A
QUESTION A STATEMENT WHICH ASSUMED CERTAIN FACTS TO
BE TRUE AND ASKED THE WITNESS IF THE STATEMENT WAS
TRUE. IF THE WITNESS DENIES THE TRUTH OF A STATEMENT
AND IF THERE IS NO EVIDENCE IN THE RECORD PROVING THAT
THE ASSUMED FACT IS TRUE, THEN YOU MAY NOT CONSIDER
THE FACT TO BE TRUE SIMPLY BECAUSE IT WAS CONTAINED IN
THE LAWYER'S QUESTION.

FOR EXAMPLE, IF A WITNESS WAS ASKED THE QUESTION,
"DO YOU OWN A RED AUTOMOBILE?," YOU WOULD NOT BE
PERMITTED TO CONSIDER AS TRUE THE ASSUMED FACT THAT
THE WITNESS OWNS AN AUTOMOBILE, UNLESS THE WITNESS
INDICATES THAT HE OR SHE DOES OWN AN AUTOMOBILE, OR
UNLESS THERE IS SOME OTHER EVIDENCE IN THE RECORD
THAT THE WITNESS OWNS AN AUTOMOBILE.

IN SHORT, QUESTIONS ARE NOT EVIDENCE; ANSWERS
ARE.

NOR IS ANYTHING I MAY HAVE SAID DURING THE TRIAL OR
MAY SAY DURING THESE INSTRUCTIONS TO BE TAKEN IN
SUBSTITUTION FOR YOUR OWN INDEPENDENT RECOLLECTION
OF THE EVIDENCE. WHAT I SAY IS NOT EVIDENCE. ANYTHING

6

YOU MAY HAVE SEEN OR HEARD ABOUT THIS CASE OUTSIDE OF THIS COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

THE EVIDENCE BEFORE YOU CONSISTS OF THE ANSWERS GIVEN BY WITNESSES – THE SWORN TESTIMONY THEY GAVE, AS YOU RECALL IT – AND THE EXHIBITS THAT WERE RECEIVED IN EVIDENCE.   EXHIBITS WHICH HAVE BEEN MARKED FOR IDENTIFICATION, BUT NOT RECEIVED IN EVIDENCE MAY NOT BE CONSIDERED BY YOU AS EVIDENCE.   ONLY THOSE EXHIBITS ADMITTED IN EVIDENCE MAY BE REVIEWED BY YOU IN THE JURY ROOM.

SINCE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE.   THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT ANY INDICATION OF MY VIEWS OF WHAT YOUR DECISION SHOULD BE AS TO WHETHER OR NOT THE PLAINTIFFS HAVE PROVEN THEIR CASE.

YOU ARE EXPRESSLY TO UNDERSTAND THAT THE COURT HAS NO OPINION AS TO THE VERDICT YOU SHOULD RENDER IN THIS CASE.

*DRAFT as of 2/6/2015*

AS TO THE FACTS, LADIES AND GENTLEMEN, YOU ARE THE
EXCLUSIVE JUDGES.  YOU ARE TO PERFORM THE DUTY OF
FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY
PARTY.  YOU SHOULD CONSIDER THE EVIDENCE IN LIGHT OF
YOUR COMMON SENSE AND EXPERIENCE.

## DEPOSITIONS

SOME OF THE TESTIMONY BEFORE YOU IS IN THE FORM OF DEPOSITIONS. A DEPOSITION IS SIMPLY A PROCEDURE WHERE THE ATTORNEYS FOR EACH SIDE MAY QUESTION A WITNESS OR AN ADVERSARY PARTY UNDER OATH BEFORE A COURT STENOGRAPHER PRIOR TO TRIAL. THIS IS PART OF THE PRETRIAL DISCOVERY, AND EACH SIDE IS ENTITLED TO TAKE DEPOSITIONS. ALL PLAINTIFFS AND DEFENDANTS ARE GIVEN ADVANCE NOTICE OF THE SCHEDULED DEPOSITION OF WITNESSES, AND ALL PARTIES ARE ENTITLED TO BE PRESENT AND THEIR LAWYERS ARE ENTITLED TO QUESTION THE WITNESSES. YOU MAY CONSIDER THE TESTIMONY OF A WITNESS GIVEN AT A DEPOSITION ACCORDING TO THE SAME STANDARDS YOU WOULD USE TO EVALUATE THE TESTIMONY OF A WITNESS GIVEN AT TRIAL.

*DRAFT as of 2/6/2015*

## CONDUCT OF COUNSEL

IT IS THE DUTY OF THE ATTORNEYS TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. COUNSEL ALSO HAVE THE RIGHT AND DUTY TO ASK THE COURT TO MAKE RULINGS OF LAW AND TO REQUEST CONFERENCES AT THE SIDE BAR OUT OF THE HEARING OF THE JURY. ALL THOSE QUESTIONS OF LAW MUST BE DECIDED BY ME, THE COURT. YOU SHOULD NOT SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR A PARTY BECAUSE AN ATTORNEY OBJECTED TO THE ADMISSIBILITY OF EVIDENCE, OR ASKED FOR A CONFERENCE OUT OF THE HEARING OF THE JURY, OR ASKED THE COURT FOR A RULING ON THE LAW.

AS I ALREADY INDICATED, MY RULINGS ON THE ADMISSIBILITY OF EVIDENCE DO NOT INDICATE ANY OPINION ABOUT THE WEIGHT OR EFFECT OF THE EVIDENCE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

*DRAFT as of 2/6/2015*

## JUROR OBLIGATIONS

IN DETERMINING THE FACTS, THE JURY IS REMINDED THAT BEFORE EACH MEMBER WAS ACCEPTED AND SWORN TO ACT AS A JUROR HE OR SHE WAS ASKED QUESTIONS CONCERNING COMPETENCY, QUALIFICATIONS, FAIRNESS AND FREEDOM FROM PREJUDICE AND BIAS. ON THE FAITH OF THOSE ANSWERS, THE JUROR WAS ACCEPTED BY THE PARTIES. THEREFORE, THOSE ANSWERS ARE AS BINDING ON EACH OF THE JURORS NOW AS THEY WERE THEN, AND SHOULD REMAIN SO, UNTIL THE JURY IS DISCHARGED FROM CONSIDERATION OF THIS CASE.

*DRAFT as of 2/6/2015*

## IMPROPER CONSIDERATIONS:
## RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE. IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE PLAINTIFFS SUSTAINED THEIR BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT ANY PARTY'S RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE.

IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CLAIMS TO INTERFERE WITH YOUR DECISION-MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE, OR LACK OF EVIDENCE, IN THE CASE.

*DRAFT as of 2/6/2015*

## SYMPATHY

UNDER YOUR OATH AS JURORS, YOU ARE NOT TO BE SWAYED BY SYMPATHY. YOU ARE TO BE GUIDED SOLELY BY THE EVIDENCE IN THIS CASE, AND THE CRUCIAL, HARD-CORE QUESTION THAT YOU MUST ASK YOURSELVES AS YOU SIFT THROUGH THE EVIDENCE IS: HAVE THE PLAINTIFFS PROVEN THEIR CASE BY A PREPONDERANCE OF THE EVIDENCE?

IT IS FOR YOU ALONE TO DECIDE WHETHER THE PLAINTIFFS HAVE PROVEN THEIR CASE, SOLELY ON THE BASIS OF THE EVIDENCE AND SUBJECT TO THE LAW AS I CHARGE YOU. IT MUST BE CLEAR TO YOU THAT ONCE YOU LET FEAR OR PREJUDICE, OR BIAS OR SYMPATHY INTERFERE WITH YOUR THINKING, THERE IS A RISK THAT YOU WILL NOT ARRIVE AT A TRUE AND JUST VERDICT.

*DRAFT as of 2/6/2015*

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE WHICH YOU MAY PROPERLY USE IN REACHING YOUR VERDICT.

ONE TYPE OF EVIDENCE IS CALLED DIRECT EVIDENCE. DIRECT EVIDENCE IS WHERE A WITNESS TESTIFIES TO WHAT HE SAW, HEARD OR OBSERVED. IN OTHER WORDS, WHEN A WITNESS TESTIFIED ABOUT WHAT IS KNOWN TO HIM OR HER OF HIS OR HER OWN KNOWLEDGE BY VIRTUE OF HIS OR HER OWN SENSES – WHAT HE OR SHE SEES, FEELS, TOUCHES OR HEARS – THAT IS CALLED DIRECT EVIDENCE.

CIRCUMSTANTIAL EVIDENCE IS EVIDENCE WHICH TENDS TO PROVE A DISPUTED FACT BY PROOF OF OTHER FACTS. THERE IS A SIMPLE EXAMPLE OF CIRCUMSTANTIAL EVIDENCE WHICH IS OFTEN USED IN THIS COURTHOUSE.

ASSUME THAT WHEN YOU CAME INTO THE COURTHOUSE THIS MORNING THE SUN WAS SHINING AND IT WAS A NICE DAY. ASSUME THAT THE COURTROOM BLINDS WERE DRAWN AND YOU COULD NOT LOOK OUTSIDE.

AS YOU WERE SITTING HERE, SOMEONE WALKED IN WITH AN UMBRELLA WHICH WAS DRIPPING WET. SOMEBODY ELSE

14

*DRAFT as of 2/6/2015*

THEN WALKED IN WITH A RAINCOAT WHICH ALSO WAS DRIPPING WET.

NOW, YOU CANNOT LOOK OUTSIDE OF THE COURTROOM AND YOU CANNOT SEE WHETHER OR NOT IT IS RAINING, SO YOU HAVE NO DIRECT EVIDENCE OF THAT FACT. BUT, ON THE COMBINATION OF FACTS WHICH I HAVE GIVEN YOU, IT WOULD BE REASONABLE AND LOGICAL FOR YOU TO CONCLUDE THAT IT HAD BEEN RAINING.

THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE. YOU INFER ON THE BASIS OF REASON AND EXPERIENCE AND COMMON SENSE FROM ONE OR MORE ESTABLISHED FACTS, THE EXISTENCE OR THE NONEXISTENCE OF SOME OTHER FACT.

CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE, FOR IT IS A GENERAL RULE THAT THE LAW MAKES    NO    DISTINCTION    BETWEEN    DIRECT    AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOUR VERDICT MUST BE BASED ON A PREPONDERANCE OF ALL OF THE EVIDENCE PRESENTED.

*DRAFT as of 2/6/2015*

## INFERENCE DEFINED (PRESUMPTIONS)

DURING THE TRIAL YOU MAY HAVE HEARD THE ATTORNEYS OR THE COURT USE THE TERM "INFERENCE," AND IN THEIR ARGUMENTS THE ATTORNEYS MAY HAVE ASKED YOU TO INFER, ON THE BASIS OF YOUR REASON, EXPERIENCE AND COMMON SENSE, FROM ONE OR MORE ESTABLISHED FACTS, THE EXISTENCE OF SOME OTHER FACTS.

AN INFERENCE IS NOT A SUSPICION OR A GUESS. IT IS A REASONED, LOGICAL DECISION TO CONCLUDE THAT A DISPUTED FACT EXISTS ON THE BASIS OF ANOTHER FACT WHICH YOU KNOW EXISTS.

THERE ARE TIMES WHEN DIFFERENT INFERENCES MAY BE DRAWN FROM FACTS, WHETHER PROVED BY DIRECT OR CIRCUMSTANTIAL EVIDENCE. THE PLAINTIFF ASKS YOU TO DRAW ONE SET OF INFERENCES, WHILE THE DEFENDANTS ASK YOU TO DRAW ANOTHER. IT IS FOR YOU, AND YOU ALONE, TO DECIDE WHAT INFERENCES YOU WILL DRAW.

THE PROCESS OF DRAWING INFERENCES FROM FACTS IN EVIDENCE IS NOT A MATTER OF GUESSWORK OR SPECULATION. AN INFERENCE IS A DEDUCTION OR CONCLUSION WHICH YOU, THE JURY, ARE PERMITTED TO

DRAW – BUT NOT REQUIRED TO DRAW – FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IN DRAWING INFERENCES, YOU SHOULD EXERCISE YOUR COMMON SENSE.

SO, WHILE YOU ARE CONSIDERING THE EVIDENCE PRESENTED TO YOU, YOU ARE PERMITTED TO DRAW, FROM THE FACTS WHICH YOU FIND TO BE PROVEN, SUCH REASONABLE INFERENCES AS WOULD BE JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

HERE AGAIN, LET ME REMIND YOU THAT, WHETHER BASED UPON DIRECT OR CIRCUMSTANTIAL EVIDENCE, OR UPON THE LOGICAL AND REASONABLE INFERENCES DRAWN FROM SUCH EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH INFERENCES FROM THE FACTS WHICH YOU FIND TO BE PROVEN.

## PREPARATION OF WITNESSES

YOU HAVE HEARD EVIDENCE DURING THE TRIAL THAT WITNESSES HAVE DISCUSSED THE FACTS OF THE CASE AND THEIR TESTIMONY WITH THE LAWYERS BEFORE THE WITNESSES APPEARED IN COURT.

ALTHOUGH YOU MAY CONSIDER THAT FACT WHEN YOU ARE EVALUATING A WITNESS'S CREDIBILITY, I SHOULD TELL YOU THAT THERE IS NOTHING EITHER UNUSUAL OR IMPROPER ABOUT A WITNESS MEETING WITH LAWYERS BEFORE TESTIFYING SO THAT THE WITNESS CAN BE AWARE OF THE SUBJECTS HE OR SHE WILL BE QUESTIONED ABOUT, FOCUS ON THOSE SUBJECTS AND HAVE THE OPPORTUNITY TO REVIEW RELEVANT EXHIBITS BEFORE BEING QUESTIONED ABOUT THEM. SUCH CONSULTATION HELPS CONSERVE YOUR TIME AND THE COURT'S TIME. IN FACT, IT WOULD BE UNUSUAL FOR A LAWYER TO CALL A WITNESS WITHOUT SUCH CONSULTATION.

AGAIN, THE WEIGHT YOU GIVE TO THE FACT OR NATURE OF THE WITNESS'S PREPARATION FOR HIS OR HER TESTIMONY, AND WHAT INFERENCES YOU DRAW FROM SUCH PREPARATION, ARE MATTERS COMPLETELY WITHIN YOUR DISCRETION.

18

*DRAFT as of 2/6/2015*

## PHOTOGRAPHS: GENERAL

AMONG THE EXHIBITS RECEIVED IN EVIDENCE WERE PHOTOGRAPHS. THESE PHOTOGRAPHS PURPORT TO DEPICT VARIOUS LOCATIONS OR OBJECTS RELEVANT TO THE ISSUES IN THIS CASE. THESE PHOTOGRAPHS WERE RECEIVED IN EVIDENCE TO ASSIST YOU IN MAKING YOUR EVALUATION OF THE TESTIMONY RELATING TO THE LOCATIONS, SCENES OR OBJECTS DEPICTED THEREIN.

YOU ARE THE SOLE JUDGES OF THE ACCURACY OF THESE PHOTOGRAPHS AND YOU ARE THE SOLE JUDGES OF THE WEIGHT TO BE GIVEN TO SUCH PHOTOGRAPHS.

## EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM EXPERT WITNESSES. AN EXPERT IS ALLOWED TO EXPRESS HIS OR HER OPINION ON THOSE MATTERS ABOUT WHICH HE OR SHE HAS SPECIAL KNOWLEDGE AND TRAINING. EXPERT TESTIMONY IS PRESENTED TO YOU ON THE THEORY THAT SOMEONE WHO IS EXPERIENCED IN THE FIELD CAN ASSIST YOU IN UNDERSTANDING THE EVIDENCE OR IN REACHING AN INDEPENDENT DECISION ON THE FACTS. IN WEIGHING THE EXPERT'S TESTIMONY, YOU MAY CONSIDER THE EXPERT'S QUALIFICATIONS, HIS OR HER OPINIONS, HIS OR HER REASONS FOR TESTIFYING, AS WELL AS ALL OF THE OTHER CONSIDERATIONS THAT ORDINARILY APPLY WHEN YOU ARE DECIDING WHETHER OR NOT TO BELIEVE A WITNESS'S TESTIMONY.

YOU MAY GIVE THE EXPERT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE. YOU SHOULD NOT, HOWEVER, ACCEPT AN EXPERT'S OPINION TESTIMONY MERELY BECAUSE HE OR SHE IS AN EXPERT. NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN REASON, JUDGMENT, AND COMMON SENSE. THE DETERMINATION OF THE FACTS IN THIS CASE RESTS SOLELY WITH YOU.

*DRAFT as of 2/6/2015*

## CHARTS AND SUMMARIES (ADMITTED AS EVIDENCE)

THE PARTIES HAVE PRESENTED EXHIBITS IN THE FORM OF CHARTS AND SUMMARIES. I DECIDED TO ADMIT SOME OF THESE CHARTS AND SUMMARIES IN PLACE OF OR TOGETHER WITH THE UNDERLYING DOCUMENTS THAT THEY REPRESENT IN ORDER TO SAVE TIME AND AVOID UNNECESSARY INCONVENIENCE. YOU SHOULD CONSIDER THE CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE AS YOU WOULD ANY OTHER EVIDENCE.

*DRAFT as of 2/6/2015*

## WITNESS CREDIBILITY – GENERAL INSTRUCTION

YOU HAVE HAD AN OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES.   IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS IN HIS OR HER TESTIMONY. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.

IT MUST BE CLEAR TO YOU BY NOW THAT YOU ARE BEING CALLED UPON TO RESOLVE VARIOUS FACTUAL ISSUES.  YOU WILL NOW HAVE TO DECIDE THE FACTUAL ISSUES, AND AN IMPORTANT PART OF THAT DECISION WILL INVOLVE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES YOU HAVE LISTENED TO AND OBSERVED.   IN MAKING THOSE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED AND ANY OTHER MATTER IN EVIDENCE WHICH MAY HELP YOU TO DECIDE THE TRUTH AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.

YOUR DECISION WHETHER OR NOT TO BELIEVE A WITNESS MAY DEPEND ON HOW THAT WITNESS IMPRESSED YOU.  WAS THE WITNESS CANDID, FRANK AND FORTHRIGHT?

*DRAFT as of 2/6/2015*

OR, DID THE WITNESS SEEM AS IF HE OR SHE WAS HIDING SOMETHING, BEING EVASIVE OR SUSPECT IN SOME WAY? HOW DID THE WAY THE WITNESS TESTIFIED ON DIRECT-EXAMINATION COMPARE WITH THE WAY THE WITNESS TESTIFIED ON CROSS-EXAMINATION? WAS THE WITNESS CONSISTENT IN HIS OR HER TESTIMONY OR DID HE OR SHE CONTRADICT HIMSELF OR HERSELF? DID THE WITNESS APPEAR TO KNOW WHAT HE OR SHE WAS TALKING ABOUT, AND DID THE WITNESS STRIKE YOU AS SOMEONE WHO WAS TRYING TO REPORT HIS OR HER KNOWLEDGE ACCURATELY?

YOU DO NOT HAVE TO ACCEPT THE TESTIMONY OF ANY WITNESS, EVEN ONE WHO HAS NOT BEEN CONTRADICTED OR IMPEACHED, IF YOU FIND THE WITNESS NOT TO BE CREDIBLE. YOU HAVE TO DECIDE WHICH WITNESSES TO BELIEVE AND WHICH FACTS ARE TRUE. TO DO THIS YOU MUST LOOK AT ALL THE EVIDENCE, DRAWING UPON YOUR OWN COMMON SENSE AND PERSONAL EXPERIENCE.

IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO MISTRUST SUCH WITNESS'S TESTIMONY IN OTHER PARTICULARS, AND YOU MAY REJECT ALL OF THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY

THINK IT DESERVES. YOU MAY ACCEPT ALL, PART, OR NONE
OF THE WITNESS'S TESTIMONY.

HOW MUCH YOU CHOOSE TO BELIEVE A WITNESS MAY BE
INFLUENCED BY THE WITNESS'S BIAS. DOES THE WITNESS
HAVE A RELATIONSHIP WITH THE PLAINTIFF OR THE
DEFENDANT WHICH MAY AFFECT HOW HE OR SHE TESTIFIED?
DOES THE WITNESS HAVE SOME INCENTIVE, LOYALTY OR
MOTIVE THAT MIGHT CAUSE HIM OR HER TO SHADE THE TRUTH;
OR, DOES THE WITNESS HAVE SOME BIAS, PREJUDICE OR
HOSTILITY THAT MAY HAVE CAUSED THE WITNESS –
CONSCIOUSLY OR NOT – TO GIVE YOU SOMETHING OTHER
THAN A COMPLETELY ACCURATE ACCOUNT OF THE FACTS HE
OR SHE TESTIFIED TO?

EVEN IF THE WITNESS WAS IMPARTIAL, YOU SHOULD
CONSIDER WHETHER THE WITNESS HAD AN OPPORTUNITY TO
OBSERVE THE FACTS HE OR SHE TESTIFIED ABOUT, AND YOU
SHOULD ALSO CONSIDER THE WITNESS'S ABILITY TO EXPRESS
HIMSELF OR HERSELF. ASK YOURSELVES WHETHER THE
WITNESS'S RECOLLECTION OF THE FACTS STANDS UP IN LIGHT
OF ALL OTHER EVIDENCE.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN
DECIDING CREDIBILITY IS TO SIZE A PERSON UP IN LIGHT OF

HIS OR HER DEMEANOR, THE EXPLANATIONS GIVEN, AND IN LIGHT OF ALL THE OTHER EVIDENCE IN THE CASE, JUST AS YOU WOULD IN ANY IMPORTANT MATTER WHERE YOU ARE TRYING TO DECIDE IF A PERSON IS TRUTHFUL, STRAIGHTFORWARD AND ACCURATE IN HIS OR HER RECOLLECTION. IN DECIDING THE QUESTION OF CREDIBILITY, REMEMBER THAT YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR EXPERIENCE.

*DRAFT as of 2/6/2015*

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

YOU HAVE HEARD EVIDENCE THAT AT SOME EARLIER TIME A WITNESS MAY HAVE MADE A STATEMENT WHICH COUNSEL ARGUES IS INCONSISTENT WITH THE WITNESS'S TRIAL TESTIMONY. EVIDENCE OF THE PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE MORE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED HIMSELF OR HERSELF. IF YOU FIND THAT THE WITNESS MADE AN EARLIER STATEMENT THAT CONFLICTS WITH HIS OR HER TRIAL TESTIMONY, YOU MAY CONSIDER THAT FACT IN DECIDING HOW MUCH OF THAT TRIAL TESTIMONY, IF ANY, TO BELIEVE.

IN MAKING THIS DETERMINATION, YOU MAY CONSIDER WHETHER THE WITNESS PURPOSELY MADE A FALSE STATEMENT OR WHETHER IT WAS AN INNOCENT MISTAKE; WHETHER THE INCONSISTENCY CONCERNS AN IMPORTANT FACT, OR WHETHER IT HAD TO DO WITH A SMALL DETAIL; WHETHER THE WITNESS HAD AN EXPLANATION FOR THE INCONSISTENCY, AND WHETHER THAT EXPLANATION APPEALED TO YOUR COMMON SENSE.

26

*DRAFT as of 2/6/2015*

IT IS EXCLUSIVELY YOUR DUTY, BASED UPON ALL THE EVIDENCE AND YOUR OWN GOOD JUDGMENT, TO DETERMINE WHETHER THE PRIOR STATEMENT WAS INCONSISTENT, AND IF SO HOW MUCH, IF ANY, WEIGHT TO GIVE TO THE INCONSISTENT STATEMENT IN DETERMINING WHETHER TO BELIEVE ALL OR PART OF THE WITNESS'S TESTIMONY.

*DRAFT as of 2/6/2015*

## BURDEN OF PROOF-GENERAL

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFFS HAVE THE BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF THE COMPLAINT BY A FAIR PREPONDERANCE OF THE EVIDENCE. AS IT HAS BEEN REFERRED TO, PLAINTIFFS HAVE THE BURDEN OF PROVING EACH ESSENTIAL ELEMENT OF THE CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.

IF AFTER CONSIDERING ALL OF THE EVIDENCE YOU ARE SATISFIED THAT THE PLAINTIFFS HAVE CARRIED THEIR BURDEN ON EACH ESSENTIAL POINT AS TO WHICH PLAINTIFF HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFFS ON THAT CLAIM. IF AFTER SUCH CONSIDERATION YOU FIND THE EVIDENCE OFFERED BY BOTH SIDES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PLAINTIFFS HAVE FAILED TO SUSTAIN THEIR BURDEN AND YOU MUST FIND FOR THE DEFENDANTS.

*DRAFT as of 2/6/2015*

## BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

THE PARTY WITH THE BURDEN OF PROOF HAS THE BURDEN OF PROVING EVERY DISPUTED ELEMENT OF ITS CLAIM TO YOU BY A PREPONDERANCE OF THE EVIDENCE. IF YOU CONCLUDE THAT THE PLAINTIFF WHO BEARS THE BURDEN OF PROOF HAS FAILED TO ESTABLISH THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DECIDE AGAINST PLAINTIFF ON THE ISSUE YOU ARE CONSIDERING.

WHAT DOES A "PREPONDERANCE OF EVIDENCE" MEAN? TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT TRUE. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE. IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS. IN DETERMINING WHETHER A CLAIM HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE RELEVANT EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

*DRAFT as of 2/6/2015*

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS EVENLY DIVIDED BETWEEN THE PARTIES – THAT IT IS EQUALLY PROBABLE THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT – THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS BURDEN OF PROOF. THAT IS BECAUSE THE PARTY BEARING THIS BURDEN MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE – PLAINTIFFS MUST PROVE THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE. ON THE OTHER HAND, THE PARTY WITH THIS BURDEN OF PROOF NEED PROVE NO MORE THAN A PREPONDERANCE. SO LONG AS YOU FIND THAT THE SCALES TIP, HOWEVER SLIGHTLY, IN FAVOR OF THE PARTY WITH THIS BURDEN OF PROOF – THAT WHAT THE PLAINTIFF CLAIMS IS MORE LIKELY TRUE THAN NOT TRUE – THEN THAT ELEMENT WILL HAVE BEEN PROVED BY A PREPONDERANCE OF EVIDENCE.

SOME OF YOU MAY HAVE HEARD OF PROOF BEYOND A REASONABLE DOUBT, WHICH IS THE PROPER STANDARD OF PROOF IN A CRIMINAL TRIAL. THAT REQUIREMENT DOES NOT APPLY TO A CIVIL CASE SUCH AS THIS AND YOU SHOULD PUT IT OUT OF YOUR MIND.

*DRAFT as of 2/6/2015*

## SUBSTANTIVE INSTRUCTIONS

## EACH TERRORIST ATTACK TO BE CONSIDERED SEPARATELY

IN THIS TRIAL, EACH PLAINTIFF CLAIMS THAT THEY WERE
INJURED BY ONE OF SIX SEPARATE TERRORIST ATTACKS.  TO
ESTABLISH DEFENDANTS' LIABILITY FOR ANY SPECIFIC
ATTACK, PLAINTIFFS MUST PROVE THE ELEMENTS OF LIABILITY
THAT I WILL EXPLAIN TO YOU WITH REGARD TO EACH SPECIFIC
TERRORIST ATTACK.

PROOF OF LIABILITY RELATING TO ONE TERRORIST
ATTACK WOULD NOT AUTOMATICALLY CONSTITUTE PROOF OF
LIABILITY RELATING TO ANY OTHER ~~ALLEGED~~ TERRORIST
ATTACK.  YOU MUST CONSIDER EACH OF THE SIX ATTACKS
SEPARATELY.

SIMILARLY, EVIDENCE THAT MIGHT BE RELEVANT TO ONE
ATTACK MIGHT OR MIGHT NOT BE RELEVANT TO OTHERS.  IN
CONSIDERING WHETHER A PARTICULAR ITEM OF EVIDENCE IS
RELEVANT TO A PARTICULAR ATTACK, YOU SHOULD USE YOUR
COMMON SENSE.  EVIDENCE OF EVENTS OR ACTIONS THAT

OCCURRED BEFORE OR AFTER A PARTICULAR TERRORIST ATTACK MAY OR MAY NOT BE RELEVANT TO THAT ATTACK.

THE EVIDENCE AS TO EACH DEFENDANT IS ALSO TO BE CONSIDERED INDIVIDUALLY AND YOU SHOULD RENDER A SEPARATE VERDICT AS TO EACH DEFENDANT WITH REGARD TO EACH SEPARATE ATTACK.

*DRAFT as of 2/6/2015*

## DEFENDANTS' RESPONSIBILITY FOR ACTS OF ITS EMPLOYEES OR AGENTS

### EMPLOYEES (RESPONDEAT SUPERIOR)

AS TO THE PA, PLAINTIFFS CONTEND THAT IT IS LIABLE FOR THE ACTS OF ITS EMPLOYEES THAT WERE COMMITTED WITHIN THE SCOPE OF THEIR EMPLOYMENT.  PLAINTIFFS ALLEGE THAT AT LEAST ONE PA EMPLOYEE WAS INVOLVED IN EACH OF THE SIX TERRORIST ATTACKS.

AN EMPLOYER IS RESPONSIBLE FOR THE ACT OF ITS EMPLOYEE IF THE ACT IS WITHIN THE SCOPE OF HIS OR HER EMPLOYMENT.

AN ACT IS WITHIN THE SCOPE OF EMPLOYMENT IF IT IS IN FURTHERANCE OF THE EMPLOYER'S ~~BUSINESS~~ AND IS WITHIN THE SCOPE OF THE EMPLOYEE'S AUTHORITY. ~~AN EMPLOYER'S BUSINESS IS ITS~~ REGULARLY-CONDUCTED ACTIVITIES, ~~WHETHER COMMERCIAL OR NON-COMMERCIAL.~~  AN ACT IS WITHIN THE SCOPE OF AN EMPLOYEE'S AUTHORITY IF IT IS PERFORMED WHILE THE EMPLOYEE IS ENGAGED GENERALLY IN THE PERFORMANCE OF HIS OR HER ASSIGNED DUTIES, OR

33

*DRAFT as of 2/6/2015*

IF THE ACT IS REASONABLY NECESSARY OR INCIDENTAL TO THE EMPLOYMENT. THE EMPLOYER NEED NOT HAVE AUTHORIZED THE SPECIFIC ACT IN QUESTION.

AMONG THE FACTORS YOU MAY CONSIDER IN DECIDING WHETHER A PA EMPLOYEE WAS ACTING IN FURTHERANCE OF THE PA'S ~~BUSINESS~~ (REGULARLY CONDUCTED ACTIVITIES) AND WITHIN THE SCOPE OF HIS OR HER AUTHORITY ARE: THE CONNECTION BETWEEN THE TIME, PLACE AND OCCASION FOR THE ACT; THE HISTORY OF THE RELATIONSHIP BETWEEN THE PA AND THE EMPLOYEE AS SPELLED OUT IN ACTUAL PRACTICE; WHETHER THE ACT IS ONE COMMONLY DONE BY SUCH AN EMPLOYEE; THE EXTENT OF DEPARTURE FROM NORMAL METHODS OF PERFORMANCE; AND WHETHER THE SPECIFIC ACT WAS ONE THAT THE PA COULD REASONABLY HAVE ANTICIPATED. [RIDER 34] a IF YOU FIND AN EMPLOYEE OF THE PA INTENTIONALLY CAUSED INJURY TO A PLAINTIFF WHILE ACTING WITHIN THE SCOPE OF HIS OR HER AUTHORITY AND IN FURTHERANCE OF THE PA'S ~~BUSINESS~~ (REGULARLY CONDUCTED ACTIVITIES), THEN THE PA IS LEGALLY RESPONSIBLE FOR THE EMPLOYEE'S CONDUCT.

34

*DRAFT as of 2/6/2015*

EVEN IF YOU FIND THE PA SPECIFICALLY INSTRUCTED ITS EMPLOYEES NOT TO PERFORM THE SHOOTINGS AND BOMBINGS THAT ARE AT ISSUE IN THIS CASE, IF YOU FIND THAT THOSE ACTS WERE DONE IN FURTHERANCE OF THE PA'S ~~BUSINESS~~ *REGULARLY CONDUCTED ACTIVITIES* AND WERE REASONABLY FORESEEABLE BY THE PA, YOU MAY FIND THOSE ACTS WERE WITHIN THE SCOPE OF THE EMPLOYEES' AUTHORITY.

**AGENTS**

WITH REGARD TO BOTH THE PA AND THE PLO, PLAINTIFFS CONTEND THAT EACH IS ALSO LIABLE FOR THE ACTS OF ITS AGENTS WHO COMMITTED TERRORIST ACTS ON THE PA AND PLO'S BEHALF. ENTITIES LIKE THE PA AND THE PLO CAN ACT ONLY THROUGH THEIR AGENTS—THAT IS, THEIR EMPLOYEES, OFFICERS OR OTHER AUTHORIZED REPRESENTATIVES. AN INDIVIDUAL PERSON NEED NOT BE AN EMPLOYEE OF THE ENTITY IN ORDER TO BE AN AGENT. AND, WHILE AN AGENT MAY BE AN INDIVIDUAL PERSON, IT MAY ALSO BE ANOTHER ENTITY. IN ORDER TO FIND THAT THE ACT OF AN AGENT WAS BINDING ON THE ENTITY YOU MUST FIND THAT THE AGENT HAD

35

*DRAFT as of 2/6/2015*

AUTHORITY TO ACT IN THE MANNER IN WHICH HE OR SHE IS ALLEGED TO HAVE ACTED.

THE AUTHORITY OF AN AGENT TO ACT MAY BE EXPRESS, APPARENT OR INHERENT.

EXPRESS AUTHORITY IS CREATED BY THE DIRECT VERBAL OR WRITTEN GIVING OF THAT AUTHORITY BY THE ENTITY TO ITS AGENT. FOR EXAMPLE, EXPRESS AUTHORITY TO PERFORM CERTAIN DUTIES MAY BE A SPECIFIC DIRECTION OR PART OF AN EMPLOYEE'S CONTRACT.

APPARENT AUTHORITY, ON THE OTHER HAND, IS THE AUTHORITY WHICH A PRINCIPAL BY REASON OF ITS ACTS AND CONDUCT LEADS A THIRD PERSON REASONABLY TO BELIEVE THAT ITS AGENT POSSESSES. APPARENT AUTHORITY CAN BE CREATED BY APPOINTING A PERSON TO A POSITION, SUCH AS MANAGER OR OTHER POSITION, WHICH CARRIES GENERALLY RECOGNIZED DUTIES. IN OTHER WORDS, APPARENT AUTHORITY MAY BE BASED ON A "HOLDING OUT TO THE WORLD" OF THE AGENT, IN HIS PARTICULAR POSITION, BY THE ENTITY, TO THIRD PARTIES WHO DEAL WITH THIS AGENT.

*DRAFT as of 2/6/2015*

KNOWING OF HIS POSITION, THE AGENT HAS APPARENT AUTHORITY TO DO ALL THOSE THINGS ORDINARILY DONE BY SOMEONE IN THAT POSITION, REGARDLESS OF ANY UNKNOWN LIMITATIONS WHICH ARE IMPOSED ON THE PARTICULAR AGENT. IN SUCH CIRCUMSTANCES, THE ENTITY IS RESPONSIBLE TO THIRD PARTIES, WHO ARE UNAWARE OF ANY LACK OF AUTHORITY TO THE SAME EXTENT AS IF THE POWER TO ACT HAD BEEN DIRECTLY CONFERRED. THEREFORE, IF YOU FIND UPON ALL THE FACTS AND CIRCUMSTANCES OF THE PARTICULAR CASE THAT THE DEFENDANT HAS, BY REASON OF WORDS OR CONDUCT, GIVEN THE APPEARANCE OF THE AGENT'S AUTHORITY TO ACT ON ITS BEHALF, THEN THE DEFENDANT IS RESPONSIBLE FOR SUCH ACTS OF ITS AGENT AS IF THE DEFENDANT ITSELF COMMITTED THE ACTS.

THERE ARE ALSO SITUATIONS IN WHICH AN AGENT HAS INHERENT AUTHORITY TO ACT FOR THE DEFENDANT, EVEN WHEN THE DEFENDANT HAS NOT GRANTED THE AGENT EITHER THE EXPRESS OR APPARENT AUTHORITY TO ACT ON ITS BEHALF. THIS INHERENT AUTHORITY MAY EXIST, PROVIDED

*DRAFT as of 2/6/2015*

THE ACTS IN QUESTION ARE WITHIN THE SCOPE OF THE AGENCY, EVEN THOUGH THE ACTS MAY BE CRIMINAL OR TORTIOUS. FOR EXAMPLE, AN ACT IS WITHIN THE SCOPE OF AN AGENT'S INHERENT AUTHORITY IF IT IS SUFFICIENTLY RELATED TO THE KIND OF ACT THE AGENT WAS EMPLOYED TO PERFORM, IF IT WAS DONE SUBSTANTIALLY WITHIN THE TIME AND SPACE LIMITS OF THE JOB AND WAS ACTUATED, AT LEAST IN PART, BY A PURPOSE TO SERVE THE ENTITY.

THEREFORE, IF YOU FIND THAT THE AGENT ACTED WITH EXPRESS, APPARENT, OR INHERENT AUTHORITY TO BIND THE PA OR PLO, YOU MAY FIND THAT THE PA OR PLO WERE RESPONSIBLE FOR HIS OR HER CONDUCT.

*DRAFT as of 2/6/2015*

## ATA – ELEMENTS OVERVIEW

THE LAW TO BE APPLIED TO THE PLAINTIFFS' CLAIMS IS THE FEDERAL ANTI-TERRORISM ACT, WHICH YOU HAVE HEARD REFERRED TO AS THE "ATA." THE ATA PROVIDES A REMEDY FOR U.S. CITIZENS (OR THEIR HEIRS, SURVIVORS, OR ESTATES) WHO CAN PROVE THAT THEY SUFFERED INJURY TO THEIR PERSON, PROPERTY, OR BUSINESS BY REASON OF AN ACT OF INTERNATIONAL TERRORISM.

THEREFORE, PLAINTIFFS MUST PROVE THE FOLLOWING ELEMENTS:

- ~~FIRST~~ [SECOND], THAT ~~THE DEFENDANT, THROUGH ITS~~ EMPLOYEES OR AGENTS [ACTED] "KNOWINGLY" ~~COMMITTED A VIOLENT ACT INTENDED TO CAUSE DEATH OR SERIOUS BODILY INJURY~~; [SUCH] [DEFENDANT, THROUGH ITS EMPLOYEES OR AGENTS, COMMITTED]

- ~~SECOND~~ [FIRST], THAT THE ~~VIOLENT ATTACK WAS~~ AN ACT OF "INTERNATIONAL TERRORISM" WITHIN THE MEANING OF THE STATUTE;

- **THIRD**, THAT U.S. CITIZENS SUFFERED <u>INJURY</u> TO THEIR PERSON, PROPERTY, OR BUSINESS AS A RESULT OF THE ATTACK; AND

39

*DRAFT as of 2/6/2015*

- **FOURTH**, THAT THE DEFENDANTS' ACTS OF INTERNATIONAL TERRORISM <u>CAUSED</u> THESE INJURIES.

THE DEFENDANTS MAY BE FOUND LIABLE FOR A VIOLATION OF THE ATA IF PLAINTIFFS HAVE PROVEN EACH OF THESE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

 *MOVE THIS ELEMENT TO PAGE 54*

*TWO*                    *DRAFT as of 2/6/2015*

## ATA – ELEMENT ~~ONE~~ – "KNOWINGLY"

A PERSON ACTS KNOWINGLY IF HE ACTS INTENTIONALLY AND VOLUNTARILY, AND NOT BECAUSE OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS. WHETHER DEFENDANTS ACTED KNOWINGLY MAY BE PROVEN BY THEIR CONDUCT AND BY ALL OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

ONE WAY IN WHICH PLAINTIFFS CAN PROVE THAT DEFENDANTS ACTED KNOWINGLY IS BY PROVING THAT DEFENDANTS DELIBERATELY CLOSED THEIR EYES TO A FACT THAT OTHERWISE WOULD HAVE BEEN OBVIOUS TO THEM. IN ORDER TO INFER THAT DEFENDANTS DELIBERATELY CLOSED THEIR EYES TO A FACT, YOU MUST FIND THAT TWO THINGS HAVE BEEN ESTABLISHED.

FIRST, THAT DEFENDANTS WERE AWARE OF A HIGH PROBABILITY OF THE FACT IN QUESTION.

SECOND, THAT DEFENDANTS CONSCIOUSLY AND DELIBERATELY AVOIDED LEARNING OF THAT FACT.

41

*DRAFT as of 2/6/2015*

THAT IS TO SAY, DEFENDANTS WILLFULLY MADE THEMSELVES BLIND TO THAT FACT. IT IS ENTIRELY UP TO YOU TO DETERMINE WHETHER DEFENDANTS DELIBERATELY CLOSED THEIR EYES TO THE FACT, AND IF SO, WHAT INFERENCE, IF ANY, SHOULD BE DRAWN. HOWEVER, IT IS IMPORTANT TO BEAR IN MIND THAT MERE NEGLIGENCE OR MISTAKE IN FAILING TO LEARN THE FACT IS NOT SUFFICIENT. THERE MUST BE A DELIBERATE EFFORT TO REMAIN IGNORANT.

*ONE*

*DRAFT as of 2/6/2015*

## ATA – ELEMENT ~~TWO~~ – ACT OF INTERNATIONAL TERRORISM DEFINED

THE TERM "TERRORISM" MEANS PREMEDITATED, POLITICALLY MOTIVATED VIOLENCE AGAINST NONCOMBATANT TARGETS BY SUB-NATIONAL GROUPS OR CLANDESTINE AGENTS.

UNDER THE ATA, THE TERM "INTERNATIONAL TERRORISM" MEANS ACTIVITIES THAT –

<u>FIRST</u>, INVOLVE VIOLENT ACTS OR ACTS DANGEROUS TO HUMAN LIFE;

<u>SECOND</u>, ARE A VIOLATION OF THE CRIMINAL LAWS OF THE UNITED STATES OR OF ANY STATE, OR THAT WOULD BE A CRIMINAL VIOLATION IF COMMITTED WITHIN THE JURISDICTION OF THE UNITED STATES OR OF ANY STATE;

<u>THIRD</u>, APPEAR TO BE INTENDED TO (A) INTIMIDATE OR COERCE A CIVILIAN POPULATION; (B) INFLUENCE THE POLICY OF A GOVERNMENT BY INTIMIDATION OR COERCION; OR (C) AFFECT THE CONDUCT OF A GOVERNMENT BY MASS DESTRUCTION, ASSASSINATION, OR KIDNAPPING; AND

*DRAFT as of 2/6/2015*

FOURTH, OCCUR PRIMARILY OUTSIDE THE TERRITORIAL JURISDICTION OF THE UNITED STATES, OR TRANSCEND NATIONAL BOUNDARIES IN TERMS OF THE MEANS BY WHICH THEY ARE ACCOMPLISHED, THE PERSONS THEY APPEAR INTENDED TO INTIMIDATE OR COERCE, OR THE LOCALE IN WHICH THEIR PERPETRATORS OPERATE OR SEEK ASYLUM.

**CRIMINAL ACTS**

THEREFORE, TO PROVE THAT DEFENDANTS COMMITTED ACTS OF INTERNATIONAL TERRORISM, PLAINTIFFS MUST PROVE THAT DEFENDANTS' CONDUCT VIOLATED [OR WOULD HAVE VIOLATED] A CRIMINAL LAW OF THE UNITED STATES [OF AMERICA OF A STATE OF THE UNION.]

PLAINTIFFS ALLEGE THAT PA EMPLOYEES OR AGENTS OF THE PA AND PLO COMMITTED CRIMES THAT WOULD BE ILLEGAL IF COMMITTED IN THE UNITED STATES, INCLUDING MURDER, ATTEMPTED MURDER, AND CRIMINAL ASSAULT.

THEREFORE, I INSTRUCT YOU AS A MATTER OF LAW, IF YOU FIND THAT PLAINTIFFS HAVE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT PA EMPLOYEES OR AGENTS OF THE PA OR PLO COMMITTED MURDER, ATTEMPTED

44

*DRAFT as of 2/6/2015*

MURDER OR CRIMINAL ASSAULT, YOU MUST FIND THAT PLAINTIFFS HAVE PROVED THE PA OR PLO COMMITTED AN ACT OF INTERNATIONAL TERRORISM.

**MURDER:**

MURDER IS THE UNLAWFUL INTENTIONAL KILLING OF A HUMAN BEING.

**ATTEMPTED MURDER:**

A PERSON IS GUILTY OF AN ATTEMPTED MURDER IF HE OR SHE INTENDED TO COMMIT THE CRIME OF MURDER, AND CAUSES PHYSICAL INJURY BY SOME ACT THAT WAS A SUBSTANTIAL STEP IN AN EFFORT TO BRING ABOUT OR ACCOMPLISH THE CRIME OF MURDER.

**CRIMINAL ASSAULT:**

A PERSON IS GUILTY OF CRIMINAL ASSAULT WHEN, WITH THE INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, HE OR SHE CAUSES SUCH INJURY TO THAT PERSON OR ANOTHER PERSON.

FOR PURPOSES OF THE ATA, INTENT MEANS CONSCIOUS OBJECTIVE OR PURPOSE. IT IS NOT REQUIRED THAT THE

*DRAFT as of 2/6/2015*

PERSON WHO IS INJURED BE THE SAME PERSON WHO WAS INTENDED TO BE INJURED.

[RIDER 46]

PLAINTIFFS ALSO ALLEGE THAT DEFENDANTS, THROUGH THEIR AGENTS OR EMPLOYEES, VIOLATED CERTAIN OTHER PROVISIONS OF THE ATA, NAMELY: HARBORING [OR CONCEALING] A TERRORIST, PROVIDING MATERIAL SUPPORT FOR TERRORIST ACTS, AND SUPPORTING A FOREIGN TERRORIST ORGANIZATION. A VIOLATION OF ANY ONE OF THOSE STATUTORY PROVISIONS IS ITSELF AN ACT OF INTERNATIONAL TERRORISM.

THEREFORE, I INSTRUCT YOU AS A MATTER OF LAW, IF YOU FIND THAT PLAINTIFFS HAVE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANTS VIOLATED ANY OF THESE STATUTES, YOU MUST FIND THAT PLAINTIFFS HAVE PROVED THAT THE DEFENDANTS COMMITTED AN ACT OF INTERNATIONAL TERRORISM.

**18 U.S.C. § 2339 (HARBORING A TERRORIST):**

PLAINTIFFS SEPARATELY ALLEGE THAT DEFENDANTS VIOLATED THE ATA BY HARBORING OR CONCEALING A PERSON WHO THEY KNEW, OR HAD REASONABLE GROUNDS TO

*DRAFT as of 2/6/2015*

BELIEVE, COMMITTED OR WAS ABOUT TO COMMIT AN ACT OF
INTERNATIONAL TERRORISM THAT INJURED A PLAINTIFF IN
THIS CASE.

TO "HARBOR OR CONCEAL" MEANS TO DO ANY PHYSICAL
ACT THAT PROVIDES ASSISTANCE—INCLUDING FOOD,
SHELTER, OR OTHER ASSISTANCE—TO AID ANOTHER IN
AVOIDING DETECTION OR APPREHENSION.

**18 U.S.C. § 2339A (MATERIAL SUPPORT FOR TERRORIST
ACTS):**

PLAINTIFFS ALSO ALLEGE THAT DEFENDANTS VIOLATED A
SEPARATE PROVISION OF THE ATA BY PROVIDING MATERIAL
SUPPORT OR RESOURCES KNOWING OR INTENDING THAT
THEY WERE TO BE USED IN PREPARATION FOR, OR IN
CARRYING OUT A BOMBING OF A PUBLIC PLACE OR A
CONSPIRACY TO COMMIT MURDER.

"MATERIAL SUPPORT OR RESOURCES" MEANS [ANY PROPERTY OR SERVICE, INCLUDING] CURRENCY
OR MONETARY INSTRUMENTS OR FINANCIAL SECURITIES,
FINANCIAL SERVICES, LODGING, TRAINING, EXPERT ADVICE OR
ASSISTANCE, SAFEHOUSES, FALSE DOCUMENTATION OR

47

IDENTIFICATION, COMMUNICATIONS EQUIPMENT, FACILITIES, WEAPONS, LETHAL SUBSTANCES, EXPLOSIVES, PERSONNEL, AND TRANSPORTATION, EXCEPT MEDICINE OR RELIGIOUS MATERIALS.

YOU NEED NOT FIND THAT A PERSON FOR WHOSE CONDUCT A DEFENDANT IS LIABLE INTENDED THAT A SPECIFIC CRIME OR TERROR ATTACK BE CARRIED OUT. RATHER, YOU MAY FIND THAT A DEFENDANT HAD THE REQUISITE INTENT IF A PERSON FOR WHOSE CONDUCT A DEFENDANT IS LIABLE KNEW THAT THE ENTITIES OR INDIVIDUALS TO WHOM THEY PROVIDED MATERIAL SUPPORT OR RESOURCES WERE ENGAGED IN TERRORIST ACTIVITIES, OR THAT THE SUPPORT COULD BE USED TO CARRY OUT A TERRORIST ACT.

THUS, IF YOU FIND THAT A PERSON FOR WHOSE CONDUCT A DEFENDANT IS LIABLE ACTED WITH THE REQUIRED INTENT AND PROVIDED MATERIAL SUPPORT OR RESOURCES SO THAT A PERSON COULD CARRY OUT A BOMBING OF A PUBLIC PLACE OR A CONSPIRACY TO COMMIT MURDER, YOU WILL HAVE FOUND THAT PLAINTIFFS HAVE PROVED THAT THE DEFENDANT

IS LIABLE FOR PROVIDING MATERIAL SUPPORT FOR THAT TERRORIST ACT.

**18 U.S.C. § 2339B (SUPPORT TO "FTO"):**

PLAINTIFFS ALSO ALLEGE THAT DEFENDANTS VIOLATED A SEPARATE PROVISION OF THE ATA BY KNOWINGLY PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION. TO PROVE THIS PORTION OF THEIR CLAIM, PLAINTIFFS MUST ESTABLISH THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST, THAT THE DEFENDANTS PROVIDED MATERIAL SUPPORT OR RESOURCES AS I HAVE ALREADY INSTRUCTED YOU.

SECOND, THAT DEFENDANTS PROVIDED THIS SUPPORT OR THESE RESOURCES TO A FOREIGN TERRORIST ORGANIZATION, SPECIFICALLY HAMAS OR THE AAMB.

I INSTRUCT YOU AS A MATTER OF LAW THAT HAMAS HAS BEEN DESIGNATED A FOREIGN TERRORIST ORGANIZATION BY THE UNITED STATES SECRETARY OF STATE, AND WAS SO DESIGNATED BY THE SECRETARY ON OCTOBER 8, 1997. I

*DRAFT as of 2/6/2015*

INSTRUCT YOU AS A MATTER OF LAW THAT THE AAMB HAS BEEN DESIGNATED A FOREIGN TERRORIST ORGANIZATION BY THE UNITED STATES SECRETARY OF STATE, AND WAS SO DESIGNATED BY THE SECRETARY ON MARCH 27, 2002.

RIDER 5D

CONSEQUENTLY, IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS PROVIDED ANY OF THE TYPES OF "MATERIAL SUPPORT OR RESOURCES" I DESCRIBED BEFORE TO THE AAMB OR HAMAS, OR FURNISHED MATERIAL SUPPORT OR RESOURCES TO ANY PERSON ACTING ON BEHALF OF THE AAMB OR HAMAS, AFTER HAMAS OR THE AAMB WERE DESIGNATED FOREIGN TERRORIST ORGANIZATIONS, PLAINTIFFS' BURDEN WITH RESPECT TO THIS ELEMENT HAS BEEN MET.

YOU SHOULD FIND THAT DEFENDANTS PROVIDED MATERIAL SUPPORT OR RESOURCES TO THE AAMB OR HAMAS IF YOU FIND THAT THE PERSON OR ENTITY TO WHICH THE DEFENDANTS PROVIDED THE SUPPORT OR RESOURCES WAS OPERATING UNDER THE AAMB'S OR HAMAS'S DIRECTION OR CONTROL OR IF THAT PERSON OR ENTITY WAS ORGANIZING, MANAGING, SUPERVISING, OR OTHERWISE DIRECTING THE

*DRAFT as of 2/6/2015*

OPERATION OF THE AAMB'S OR HAMAS'S PERSONNEL OR RESOURCES. CONVERSELY, IF PLAINTIFFS DO NOT PROVE THAT THE PERSON OR ENTITY TO WHICH THE DEFENDANTS PROVIDED THE SUPPORT OR RESOURCES WAS OPERATING UNDER THE AAMB'S OR HAMA'S ~~PERSONNEL OR RESOURCES~~, THEN YOU SHOULD FIND THE DEFENDANT DID NOT VIOLATE THE ATA BY PROVIDING MATERIAL SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION.

[handwritten margin note: DIRECTION OR CONTROL, AND WAS NOT ORGANIZING, MAINTAINING, SUPPORTING OR OTHERWISE DIRECTING THE OPERATION OF THE AAMB OR HAMAS,]

THIRD, THAT IN PROVIDING MATERIAL SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION THE DEFENDANTS DID SO KNOWINGLY. I PREVIOUSLY EXPLAINED TO YOU THE DEFINITION OF "KNOWINGLY," AND YOU WILL FOLLOW THOSE INSTRUCTIONS HERE. FOR THIS ELEMENT TO BE SATISFIED, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS KNEW THEY WERE PROVIDING MATERIAL SUPPORT TO THE AAMB OR HAMAS, AND THAT DEFENDANTS ALSO KNEW

(1) THAT THE AAMB OR HAMAS HAD BEEN DESIGNATED BY THE SECRETARY OF STATE AS A "FOREIGN TERRORIST

51

*DRAFT as of 2/6/2015*

ORGANIZATION," OR (2) DURING A TIME AFTER SUCH DESIGNATION, THE DEFENDANT KNEW THAT THE AAMB OR HAMAS ENGAGED IN "TERRORIST ACTIVITY," OR "TERRORISM."

I HAVE ALREADY EXPLAINED TO YOU THAT THE AAMB AND HAMAS WERE, AS OF CERTAIN DATES, DESIGNATED FOREIGN TERRORIST ORGANIZATIONS BY THE U.S. SECRETARY OF STATE. IF YOU FIND THAT THE DEFENDANTS [KNOWINGLY] PROVIDED MATERIAL SUPPORT TO THE AAMB OR HAMAS AFTER ~~DEFENDANTS KNEW THAT~~ THE AAMB OR HAMAS WERE DESIGNATED FOREIGN TERRORIST ORGANIZATIONS, PLAINTIFFS' BURDEN WITH RESPECT TO THIS ELEMENT IS MET.

ALTERNATIVELY, IF YOU FIND THAT DEFENDANTS PROVIDED MATERIAL SUPPORT TO THE AAMB OR HAMAS, AND KNEW THAT THE AAMB OR HAMAS ENGAGED IN "TERRORIST ACTIVITY," OR "TERRORISM," PLAINTIFFS' BURDEN WITH RESPECT TO THIS ELEMENT IS MET. THE TERM "TERRORIST ACTIVITY" INCLUDES THE USE OF ANY EXPLOSIVE, FIREARM, OR OTHER WEAPON OR DANGEROUS DEVICE, OTHER THAN FOR MONETARY GAIN AND WITH INTENT TO ENDANGER THE

*DRAFT as of 2/6/2015*

SAFETY OF ONE OR MORE INDIVIDUALS OR TO CAUSE SUBSTANTIAL DAMAGE TO PROPERTY.

IF ALL OF THESE ELEMENTS ARE MET, YOU MAY FIND THE DEFENDANT LIABLE FOR PROVIDING MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION.

## DAMAGES

MY CHARGE TO YOU ON THE LAW OF DAMAGES MUST NOT
BE TAKEN AS A SUGGESTION THAT YOU SHOULD FIND FOR ANY
PLAINTIFF. IT IS FOR YOU TO DECIDE ON THE EVIDENCE
PRESENTED AND THE RULES OF LAW I HAVE GIVEN YOU
WHETHER A PLAINTIFF IS ENTITLED TO RECOVER FROM
DEFENDANT PA OR DEFENDANT PLO. IF YOU DECIDE THAT THE
PLAINTIFFS ARE NOT ENTITLED TO RECOVER FROM EITHER OF
THE DEFENDANTS, YOU NEED NOT CONSIDER DAMAGES. ONLY
IF YOU DECIDE THAT A PLAINTIFF IS ENTITLED TO RECOVER
WILL YOU CONSIDER THE MEASURE OF DAMAGES.

IF YOU FIND THAT A PLAINTIFF IS ENTITLED TO RECOVER
FROM DEFENDANT PA AND/OR DEFENDANT PLO, YOU MUST
RENDER A VERDICT IN A SUM OF MONEY THAT WILL JUSTLY
AND FAIRLY COMPENSATE THAT PLAINTIFF FOR ALL LOSSES
RESULTING FROM THE INJURIES AND DISABILITIES HE OR SHE
SUSTAINED.

THE PURPOSE OF THE LAW OF DAMAGES IS TO AWARD, AS
FAR AS POSSIBLE, JUST AND FAIR COMPENSATION FOR THE

*DRAFT as of 2/6/2015*

LOSS, IF ANY, WHICH RESULTED FROM A DEFENDANT'S VIOLATION OF A PLAINTIFF'S RIGHTS.  IF YOU FIND THAT DEFENDANT PA AND/OR DEFENDANT PLO IS LIABLE ON THE CLAIMS, AS I HAVE EXPLAINED THEM, THEN YOU MUST AWARD THE PLAINTIFF SUFFICIENT DAMAGES TO COMPENSATE HIM OR HER FOR ANY INJURY PROXIMATELY CAUSED BY EITHER DEFENDANT'S CONDUCT.

THESE ARE KNOWN AS "COMPENSATORY DAMAGES." COMPENSATORY DAMAGES SEEK TO MAKE THE PLAINTIFF WHOLE—THAT IS, TO COMPENSATE HIM OR HER FOR THE DAMAGE SUFFERED.

FURTHERMORE, COMPENSATORY DAMAGES ARE NOT LIMITED MERELY TO EXPENSES THAT PLAINTIFF MAY HAVE BORNE.  A PREVAILING PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES FOR PAST AND FUTURE LOST EARNINGS, AND FOR THE PHYSICAL INJURY, [DISFIGUREMENT, DISABILITY] PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT, AND LOSS OF LOVE AND COMPANIONSHIP THAT HE OR SHE HAS SUFFERED BECAUSE OF A DEFENDANT'S CONDUCT.

55

*DRAFT as of 2/6/2015*

I REMIND YOU THAT YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT A PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY A DEFENDANT'S WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR AND REASONABLE, NEITHER INADEQUATE NOR EXCESSIVE. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT A PLAINTIFF HAS ACTUALLY SUFFERED OR WHICH HE OR SHE IS REASONABLY LIKELY TO SUFFER IN THE NEAR FUTURE.

IN AWARDING COMPENSATORY DAMAGES, IF YOU DECIDE TO AWARD THEM, YOU MUST BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE A PLAINTIFF TO PROVE THE AMOUNT OF HIS OR HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

RIDER 57

*DRAFT as of 2/6/2015*

IN ALL INSTANCES, YOU ARE TO USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU DEEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

*DRAFT as of 2/6/2015*

## ATA – ELEMENT THREE - INJURY

IN ORDER TO RECOVER DAMAGES, PLAINTIFFS MUST DEMONSTRATE THAT THEY SUFFERED PHYSICAL, MENTAL, EMOTIONAL, OR FINANCIAL INJURY AS A RESULT OF DEFENDANTS' ACT OF INTERNATIONAL TERRORISM. IN THIS CASE, PLAINTIFFS' INJURY CAN INCLUDE ANY INVASION OF A PERSONAL RIGHT, INCLUDING EMOTIONAL OR MENTAL SUFFERING, IN ADDITION TO PHYSICAL OR FINANCIAL SUFFERING. AS SUCH, FAMILY MEMBERS OF VICTIMS AND DECEDENTS, FOR EXAMPLE, CAN SUFFER MENTAL ANGUISH AND EMOTIONAL PAIN AND SUFFERING.

[RIDER 58]

NOTE THAT "INJURY" DIFFERS FROM "DAMAGES," WHICH ARE THE MEANS OF MEASURING THE INJURY IN DOLLARS AND CENTS. THE PLAINTIFFS MEET THEIR BURDEN OF SHOWING DAMAGES IF THEY SHOW SOME INJURY CAUSED BY THE UNLAWFUL ACTIVITIES COMPLAINED OF. INJURY BEYOND THIS MINIMUM SHOWING GOES ONLY TO THE AMOUNT OF DAMAGES AND NOT TO THE QUESTION OF INJURY.

*DRAFT as of 2/6/2015*

## ATA – ELEMENT FOUR – CAUSATION

PLAINTIFFS MUST PROVE THAT THEY WERE INJURED BECAUSE OF THE DEFENDANTS' UNLAWFUL ACTIVITY, OR THE UNLAWFUL ACTIVITY OF AN AGENT OR EMPLOYEE OF DEFENDANTS. TO SHOW THIS, PLAINTIFFS MUST SHOW FIRST THAT THE UNLAWFUL CONDUCT PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR CAUSING THEIR INJURIES, AND SECOND THAT THE INJURIES WERE EITHER A DIRECT RESULT OF THE UNLAWFUL ACTIVITY, OR AT LEAST A PREDICTABLE CONSEQUENCE OF IT.

THERE MAY, OF COURSE, BE A NUMBER OF CAUSES FOR A PARTICULAR INJURY. THE PLAINTIFFS DO NOT HAVE TO PROVE THAT UNLAWFUL ACTIVITY OF THE DEFENDANT WAS THE SOLE CAUSE OF THEIR INJURIES. THE PLAINTIFFS MEET THEIR BURDEN IF THEY SHOW THAT UNLAWFUL ACTIVITY OF THE DEFENDANT SUBSTANTIALLY CONTRIBUTED TO THEIR INJURY, EVEN THOUGH OTHER FACTORS MAY ALSO HAVE CONTRIBUTED SIGNIFICANTLY. THE PLAINTIFFS ARE NOT

59

*DRAFT as of 2/6/2015*

REQUIRED TO SHOW THAT SUCH ACTS WERE A GREATER CAUSE OF THEIR INJURIES THAN OTHER FACTORS.

*DRAFT as of 2/6/2015*

## MULTIPLE CLAIMS, MULTIPLE DEFENDANTS

EACH DEFENDANT IS ENTITLED TO YOUR SEPARATE CONSIDERATION. THE QUESTION OF WHETHER LIABILITY HAS BEEN PROVEN IS PERSONAL TO EACH DEFENDANT AND MUST BE DECIDED BY YOU AS TO EACH DEFENDANT INDIVIDUALLY ON EACH CLAIM.

 RIDER 61

*DRAFT as of 2/6/2015*

# EXPLAIN VERDICT FORM

*DRAFT as of 2/6/2015*

## DUTY TO DELIBERATE/UNANIMOUS

YOU WILL NOW RETIRE TO DECIDE THE CASE. IN ORDER TO PREVAIL, THE PLAINTIFFS MUST SUSTAIN THEIR BURDEN OF PROOF AS I HAVE EXPLAINED TO YOU WITH RESPECT TO EACH ELEMENT OF THEIR CLAIMS. IF YOU FIND THAT THE PLAINTIFF HAS SUCCEEDED, YOU SHOULD RETURN A VERDICT IN PLAINTIFFS' FAVOR ON THAT CLAIM. IF YOU FIND THAT THE PLAINTIFF FAILED TO SUSTAIN THE BURDEN ON ANY ELEMENT OF THE CLAIM, YOU SHOULD RETURN A VERDICT AGAINST PLAINTIFF IN DEFENDANTS' FAVOR.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER A CONSIDERATION OF THE CASE WITH YOUR FELLOW JURORS, AND YOU SHOULD NOT HESITATE TO CHANGE AN OPINION WHEN CONVINCED THAT IT IS ERRONEOUS. YOUR VERDICT MUST BE UNANIMOUS, BUT YOU ARE NOT BOUND TO SURRENDER YOUR HONEST CONVICTIONS CONCERNING THE EFFECT OR WEIGHT OF THE EVIDENCE FOR THE MERE PURPOSE OF RETURNING A VERDICT OR SOLELY BECAUSE OF THE OPINION OF OTHER JURORS. DISCUSS AND WEIGH YOUR RESPECTIVE OPINIONS DISPASSIONATELY, WITHOUT REGARD

*DRAFT as of 2/6/2015*

TO SYMPATHY, WITHOUT REGARD TO PREJUDICE OR FAVOR FOR EITHER SIDE, AND ADOPT THAT CONCLUSION WHICH IN YOUR GOOD CONSCIENCE APPEARS TO BE IN ACCORDANCE WITH THE TRUTH.

AGAIN, EACH OF YOU MUST MAKE YOUR OWN DECISION ABOUT THE PROPER OUTCOME OF THIS CASE BASED ON YOUR CONSIDERATION OF THE EVIDENCE AND YOUR DISCUSSIONS WITH YOUR FELLOW JURORS. NO JUROR SHOULD SURRENDER HIS CONSCIENTIOUS BELIEFS SOLELY FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

*DRAFT as of 2/6/2015*

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

YOU ARE ABOUT TO GO INTO THE JURY ROOM AND BEGIN YOUR DELIBERATIONS. IF DURING THOSE DELIBERATIONS YOU WANT TO SEE ANY OF THE EXHIBITS, YOU MAY REQUEST THAT THEY BE BROUGHT INTO THE JURY ROOM. IF YOU WANT ANY OF THE TESTIMONY READ, YOU MAY ALSO REQUEST THAT. PLEASE REMEMBER THAT IT IS NOT ALWAYS EASY TO LOCATE WHAT YOU MIGHT WANT, SO BE AS SPECIFIC AS YOU POSSIBLY CAN IN REQUESTING EXHIBITS OR PORTIONS OF THE TESTIMONY.

YOUR REQUESTS FOR EXHIBITS OR TESTIMONY – IN FACT ANY COMMUNICATION WITH THE COURT – SHOULD BE MADE TO ME IN WRITING, SIGNED BY YOUR FOREPERSON, AND GIVEN TO ONE OF THE MARSHALS OUTSIDE YOUR DOOR. IN ANY EVENT, DO NOT TELL ME OR ANYONE ELSE HOW THE JURY STANDS ON ANY ISSUE UNTIL AFTER A UNANIMOUS VERDICT IS REACHED.

*DRAFT as of 2/6/2015*

## SELECTION OF FOREPERSON

WHEN YOU RETIRE, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS, WRITE ANY NOTES TO THE COURT AND SPEAK FOR YOU HERE IN OPEN COURT.

*DRAFT as of 2/6/2015*

## RETURN OF VERDICT

AFTER YOU HAVE REACHED A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE MARSHAL OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO THE COURTROOM.

I WILL STRESS THAT EACH OF YOU SHOULD BE IN AGREEMENT WITH THE VERDICT WHICH IS ANNOUNCED IN COURT. ONCE YOUR VERDICT IS ANNOUNCED BY YOUR FOREPERSON IN OPEN COURT AND OFFICIALLY RECORDED, IT CANNOT ORDINARILY BE REVOKED.

YOU MAY NOW RETIRE TO BEGIN YOUR DELIBERATIONS.

**Riders to Markup**

**Rider 34**

Further, in deciding whether a PA employee was acting within the scope of employment, you may consider whether the PA ratified the employee's conduct. To show that the PA ratified an employee's conduct, plaintiffs must prove: (1) that the PA knew or should have known of all material facts related to the employee's conduct, and (2) that the PA ratified or approved that conduct. Approval or ratification can be shown through the PA's statements or it can be inferred from the PA's conduct that implies an intent to consent to or adopt the act. A variety of different types of conduct permit you to infer approval. Ratification of an unauthorized act may be demonstrated through knowing acceptance after the fact of the employee's actions. Defending an employee's actions or covering up his or her misdeeds may also constitute ratification. Ratification also may be inferred if the PA, after knowledge of or opportunity to learn of the misconduct, continued to use the employee's services. Failure to take adequate steps to investigate or remedy an employee's misconduct may also constitute ratification. "Knowing" ratification can be shown by circumstantial evidence including through evidence of the nature of the acts done, the relation of the parties, the interests of the employee and PA, and other circumstances.

## Rider 46

**RECKLESS ENDANGERMENT:**

A person is guilty of reckless endangerment by recklessly engaging in conduct which creates a substantial risk of serious physical injury to another person. An act is reckless if done in conscious disregard of its known probably consequences. In other words, even if a defendant did not intentionally seek the result of its actions, if nevertheless he purposely disregarded the high probability that his actions would cause that result, then the person has acted recklessly.

**Rider 50**

For example, plaintiffs claim that the PA provided material support to Hamas in the form of personnel, by releasing Abdullah Barghouti with knowledge that he was a Hamas bomb-maker. A person provides 'personnel' if he knowingly provides or conspires to provide a foreign terrorist organization with an individual to work under that terrorist organization's direction or control.  Individuals who work entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction or control.

**Rider 57**

During his closing remarks, counsel for plaintiffs suggested a specific dollar amount he believes

to be appropriate compensation for specific elements of plaintiffs' damages. An attorney is

permitted to make suggestions as to the amount that should be awarded, but those suggestions

are argument only and not evidence and should not be considered by you as evidence of

plaintiff's damages. The determination of damages is solely for you, the jury, to decide.

**Rider 58**

The fact that a plaintiff may have a physical or mental condition that makes him or her more susceptible to injury than a normal healthy person does not relieve the defendants of liability for all injuries sustained as a result of their conduct.  The defendant is liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstance.

**Rider 61**

Separate entities such as the PLO and the PA are to be treated as separate unless there are justifiable reasons in light of all the circumstances not to treat them separately. The notion of separate entity existence will not be recognized where an entity is organized or controlled, and its activities are conducted, in such a manner as to make it merely an agent or instrumentality of another entity. If you find by a preponderance of the evidence that the PA was acting as agent for the PLO, then you must find that the PLO is liable for the acts of the PA.