

Laura G. Ferguson
Member
(202) 626-5819
lferguson@milchev.com

February 12, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:  *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

      I write to propose certain revisions to the Court's draft "substantive" jury instructions on the elements of the Plaintiffs' Anti-Terrorism Act (ATA) claims. In a letter dated February 11, 2015, Defendants addressed the Court's draft "general" jury instructions and the Court's draft instruction on damages. DE 800. All references below are to the Court's draft instructions dated February 6, 2015. Per the Court's request in Court on February 11, this letter does not address whether certain instructions should be given because of lack of evidence but only how the instructions should be modified if they are given. Defendants preserve all of their arguments, including those made in their Rule 50(a) motion, on the legal insufficiency of the evidence.

### A. RESPONDEAT SUPERIOR

      1.    **An Instruction on Respondeat Superior Is Unwarranted.** Defendants continue to take the position that (1) there is no respondeat superior liability under the Anti-Terrorism Act, and (2) even if there is respondeat superior liability under the ATA, the PA, as a government, cannot be held liable for the unauthorized acts of employees. *See* DE 497 (Defs.' MSJ), Mem. at 9-15.

      2.    **The Court's Draft Instruction on Respondeat Superior Is Overly Broad.** The Court's draft instruction on respondeat superior states: "Plaintiffs allege that at least one PA employee was involved in each of the six terrorist attacks." Draft at 33. Defendants object to this statement. As to the January 27, 2002 bombing (Sokolow), the June 19, 2002 French Hill bombing (Mandelkorn), and the July 31, 2002 Hebrew University bombing, there is no evidence before the jury that the shooter or bomber was employed by the PA or that a PA employee provided material support used in the attack. Accordingly, the charge should state:



Hon. George B. Daniels
February 12, 2015
Page 2

>   Plaintiffs allege that a PA employee carried out, or materially supported, the January 22, 2002 shooting, the March 21, 2002 bombing, and the January 29, 2004 bombing.

3. **Authority.** The concluding paragraph of the charge restates the respondeat superior test inconsistently with language used elsewhere in the instruction. Initially, the jury is instructed that "an act is within the scope of employment if it is in furtherance of the employer's business and is within the scope of the employee's authority." Draft at 33. The jury also is instructed: "If you find an employee of the PA intentionally caused injury to a plaintiff while acting within the scope of his or her authority and in furtherance of the PA's business, then the PA is legally responsible for the employee's conduct." *Id.* at 34. But in the concluding paragraph, the jury is instructed that it is sufficient if the acts "were done in furtherance of the PA's business and were reasonably foreseeable." *Id.* at 35. Reasonable foreseeability is just one factor in determining whether an act is within the scope of an employee's authority. *See Id.* at 34. Accordingly, the last paragraph of the respondeat superior instruction should read:

>   Even if you find the PA specifically instructed its employees not to perform the shootings and bombings that are at issue in this case, if you find that those acts were done in furtherance of the PA's business and were ~~reasonably foreseeable by the PA~~ <u>within the scope of the employee's authority</u>, you may find that the acts were within the scope of the employee's ~~authority~~ <u>employment</u>.

4. **No Aiding and Abetting Liability.** There is no aiding and abetting liability under the ATA. *Terrorist Attacks on September 11, 2001 v. Al Rajhi Bank (In re Terrorist Attacks on September 11, 2001)*, 714 F.3d 118, 123 (2d Cir. 2013) ("a defendant cannot be liable under the ATA on an aiding-and-abetting theory of liability"); *Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. N.Y. 2013) (same). Accordingly if a PA employee was convicted by the Israelis for murder or attempted murder as an aider and abetter rather than as the principal (the shooter or bomber), the PA may not be held vicariously liable for the employee's act. Because the Plaintiffs have introduced numerous convictions of non-principals, the following instruction must be added to the respondeat superior instructions:

>   The PA is liable for acts of employees done within the scope of employment only if the employee either (1) was the shooter or bomber who injured the Plaintiff, or (2) provided material support in violation of one of the material support statutes.


MILLER
CHEVALIER

Hon. George B. Daniels
February 12, 2015
Page 3

### B. AGENCY

1. **An Agency Instruction Is Unsupported by the Evidence.** There is no trial evidence to support that either the PA or the PLO expressly, apparently, or inherently authorized anyone — whether an individual or entity — to act on its behalf to perpetrate or plan the acts at issue in this case. Thus, the Court should not instruct the jury on "Agents" at all.

2. **The PLO Is Not Subject to Vicarious Liability.** The Court granted Defendants' motion for summary judgment "with respect to the ATA claims of vicarious liability against the PLO." DE 646 at 1. Agency is a form of vicarious liability. *Meyer v. Holley*, 537 U.S. 280, 285 2003 ("It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."); *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014) (treating agency as a vicarious liability theory). Yesterday, February 11, the Court stated it intended the ruling to apply only to the respondeat superior claims against the PLO. Tr. 2/11/15 at 3341:5-8. Nonetheless, the PLO had understood that all vicarious liability claims had been dismissed against it as a result of the summary judgment opinion. In opposing summary judgment, Plaintiffs did not identify any triable issue of fact that an agent of the PLO planned or perpetrated any of the attacks at issue, or even provided material support for the attacks at issue. The PLO has been prejudiced in its ability to present a defense on the agency theory by its reliance on the statement in the Court's opinion that the vicarious liability claims against the PLO had been dismissed and by the failure of the Plaintiffs to articulate their theory. To date, as the trial is about to finish, Defendants still do not know who the Plaintiffs claim acted as an agent of the PLO. Thus, to the extent that the Court is inclined to instruct the jury on agency, the charge should not reference the PLO.

3. **Authority.** Defendants also request that the Court revise the first paragraph of its instruction on "Agents" to clarify that in order for the jury to find liability, the PA must have authorized the alleged agent(s) to take the specific actions at issue in this case. *See Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) ("[A]uthority may be express or implied, but in either case it exists only where the agent may reasonably infer from the words or conduct of the principal that the principal has consented to the agent's performance *of a particular act*") (emphasis added). In particular, Defendants ask the Court to revise the first paragraph of its draft instruction, *see* Draft at 35, as follows:

> With regard to both the PA and the PLO, Plaintiffs contend that each the PA is also liable for the acts of its agents who committed terrorist acts on the PA and PLO's its behalf. Entities like the PA


**MILLER CHEVALIER**

Hon. George B. Daniels
February 12, 2015
Page 4

> and the PLO can act only through their agents — that is, their employees, officers or other authorized representatives. An individual person need not be an employee of the entity in order to be an agent. And, while an agent may be an individual person, it may also be another entity. In order to find that the act of an agent was binding on the ~~entity~~ PA, you must <u>first</u> find that the <u>PA authorized the</u> agent ~~had authority to act in the manner in which he or she is alleged to have acted~~ <u>to perform that particular act</u>.

4. **Control / Actions on Behalf of and for the Benefit of the PA.** While the Court's draft charge requires the jury to find that the PA authorized the alleged agents to act, *see* Draft at 35-36, the instruction is nonetheless missing two critical elements. First, the jury should be instructed that it must find that the PA had control over the supposed agent(s). "The principal's power to control the agent is an essential element of an agency relationship." *Mouawad Nat'l Co. v. Lazare Kaplan Int'l Inc.*, 476 F. Supp. 2d 414, 422 (S.D.N.Y. 2007).[1] Second, "the entire purpose of an agency relationship is to empower the agent to take actions 'on behalf of and for the benefit of the principal – not the agent.'" *Id.* at 423. The jury should be instructed accordingly. In addition, the instruction should make clear that the agent either must have carried out the shooting or bombing or have violated a material support statute. (See discussion regarding lack of aiding and abetting liability above.)

Thus, Defendants request that the Court revise its jury charge on "Agents" to include the following in the final paragraph:

> Therefore, ~~if you~~ <u>to</u> find <u>that the PA was responsible for the particular act of an agent, you must find</u> that the agent acted with express, apparent, or inherent authority to bind <u>the PA for that act, and that the agent acted within the scope of his or her authority when he or she carried out the shooting or bombing or provided the material support</u> ~~the PA or PLO, you may find that the PA or PLO were responsible for his or her conduct~~. <u>You must also find that the PA had the power to control the agent, and that the purpose of</u>

---

[1] *See also id.* (holding that "[t]he essence of control in an agency sense is in the necessity of the consent of the principal on a given matter," and that "[t]he principal's consent may be manifested by written or spoken words or any other conduct of the principal, directed at the agent in the case of actual authority, or at a third person in the case of apparent authority.").



Hon. George B. Daniels
February 12, 2015
Page 5

> <u>the agency relationship was to empower the agent to take actions on behalf of and for the benefit of the PA – not the agent</u>.

## C. SCIENTER

For the reasons set forth in Defendants' motion for judgment as a matter of law and their motion for summary judgment and in their proposed jury instructions, Defendants contend that the jury should be instructed that the Plaintiffs must prove that Defendants (1) engaged in deliberate wrongdoing; and (2) acted with an intent to injure Americans. Accordingly the jury should be instructed:

> In order to find either Defendant liable, you must find that the Defendant, whether acting directly or, in the case of the Palestinian Authority, vicariously through its employees or agents, engaged in deliberate wrongdoing and with the intent that Americans would be injured.

*See* DE 795 at 3-4; DE 497 at 7-9; DE 583 at 59; *see also Kaplan v. Al Jazeera*, No. 10-cv-5298, 2011 U.S. Dist. LEXIS 61373, at *14 (S.D.N.Y. June 7, 2011) ("courts have interpreted the [ATA] 'to include a requirement that there be some deliberate wrongdoing by the defendant, in light of the fact that the statute contains a punitive element (*i.e.*, treble damages)'"); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 428 (E.D.N.Y. 2009) (the ATA "include[s] a requirement that there be some deliberate wrongdoing by the defendant, in light of the fact that the statute contains a punitive element (*i.e.*, treble damages)"); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 506 (E.D.N.Y. 2012) ("a connection must be made between the defendant's mental state and the potential for harm to American nationals").

## D. 18 USC § 2339A (MATERIAL SUPPORT FOR TERRORIST ACTS)

Plaintiffs claim that Defendants have committed an act of international terrorism by violating 18 U.S.C. § 2339A. That statute requires that the material support or resources be given "knowing or intending that they are to be used in preparation for, or in carrying out, a violation of" specific criminal statutes. Accordingly, § 2339A has its own predicate criminal act requirement. The Court's draft instruction identifies two predicate criminal acts: (1) bombing of a public place (18 U.S.C. § 2332f); and (2) conspiracy to commit murder (18 U.S.C. § 956).

Plaintiffs have never proffered an instruction on 18 U.S.C. § 956 (conspiracy to commit murder), nor have they provided evidence that would allow a jury to conclude that § 956 has



Hon. George B. Daniels
February 12, 2015
Page 6

been violated. Moreover, conspiracy is not a proper predicate criminal offense for liability under the ATA. *See Linde v. Arab Bank*, PLC, 944 F. Supp. 2d 215, 16-17 (E.D.N.Y. 2013).

With respect to § 2332f (bombing of a public place), that statute was not enacted until June 25, 2002, so it applies only to the July 31, 2002 and January 29, 2004 bombings. Accordingly the first paragraph of the draft instruction should be revised to state:

> Plaintiffs also allege that Defendants violated a separate provision of the ATA by providing material support or resources knowing or intending that they were to be used in preparation for, or in carrying out, a bombing of a public place. <u>This instruction applies only to the July 31, 2002 bombing and January 29, 2004 bombing.</u>

Draft at 47. The final paragraph should be revised to delete "or a conspiracy to commit murder." *See id.* at 48.

### E.  18 U.S.C. § 2339B (SUPPORT TO "FTO")

In the Court's draft instruction on "Element Two – Act of International Terrorism," the Court has included an instruction on 18 U.S.C. § 2339B (Support to "FTO"). Draft at 49-53. Following the discussion on pages 49-50, of when Hamas and AAMB were designated as FTOs, the following language should be added: "This instruction therefore applies only to the June 19, 2002, July 31, 2202, and January 29, 2004 attacks."

In its description of the second sub-element, the Court's draft is inconsistent on "direction and control." Defendants believe that the following paragraph on pages 50-51 should be revised to read:

> You should find that Defendants provided material support or resources to the AAMB or Hamas if you find that the person or entity to which the Defendants provided the support or resources was operating under the AAMB's or Hamas's direction or control or if that person or entity was organizing, managing, supervising, or otherwise directing the operation of the AAMB's or Hamas's personnel or resources. Conversely, if Plaintiffs do not prove that the person or entity to which the Defendants provided the support or resources was operating under the AAMB's or Hamas's ~~personnel or resources~~ <u>direction or control</u>, then you should find



Hon. George B. Daniels
February 12, 2015
Page 7

the Defendant did not violate the ATA by providing material support or resources to a foreign terrorist organization.

## F. INJURY

For the reasons stated in Defendants' motion for summary judgment, Defendants continue to maintain that the ATA requires that the Plaintiff be physically injured or, at the very least, be physically present at the attack to recover for emotional distress injuries. *See* DE 497, Mem. at 40-43. The Court has rejected that position. *See* DE 646 at 8-9 n.8. Defendants seek to preserve the issue for appeal. *See also* DE 583 at 53 (Defendants' proposed instruction on "injury").

## G. CAUSATION

The ATA's "by reason of" language requires a showing of "but for" causation as well as proximate causation. *See* DE 795 at 5-6 (citing *Burrage v. United States*, 134 S. Ct. 881, 889 (2014); *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2524-25 (2013); *Rothstein v. UBS AG*, 708 F.3d 82, 95 (2d Cir. 2013); *Terrorist Attacks on September 11, 2001 v. Al Rajhi Bank (In re Terrorist Attacks on September 11, 2001)*, 714 F.3d 118, 125 (2d Cir. 2013); *Ayda Husam Ahmad v. Christian Friends of Israeli Cmtys.*, No. 13-cv-3376, 2014 U.S. Dist. LEXIS 62053, at *13-14 (S.D.N.Y. May 5, 2014)). Accordingly, Defendants request that the Court provide the jury with the instructions they proposed on "Causation — Generally," "But For Cause," and "Proximate Cause." *See* DE 583 at 55-58 (Request Nos. 43-45). *See* Addendum.

## H. ADDITIONAL INSTRUCTIONS PROPOSED BY DEFENDANTS

Defendants previously proposed additional instructions, and hereby renew some of those requests. *See* DE 583, Requests No. 19 (Common Counsel); No. 22 (Publicity — Final Charge); Nos. 30-31 (Burden of Proof).

1. **Common Counsel.** The Court has incorporated most of the Defendants' proposed instruction on "Common Counsel" into its draft instructions on "Multiple Claims, Multiple Defendants." *See* Draft at 61. Defendants, however, renew their request that the Court include the first sentence of the "Common Counsel" instruction in the instruction on "Multiple Claims, Multiple Defendants" as follows:

> Although the Defendants in this trial are being represented by the same counsel, you are not to treat them as one person. Each



Hon. George B. Daniels
February 12, 2015
Page 8

> Defendant is entitled to your separate consideration. The question of whether liability has been proven is personal to each Defendant and must be decided by you as to each Defendant individually on each claim.

2. **Publicity — Final Charge.** Defendants previously requested that the Court include in its final instructions a charge on publicity. Defendants renew that request, and ask the Court to instruct the jury as follows:

> Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press or on the Internet, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.[2]

3. **Burden of Proof.** Defendants previously proposed that the jury be instructed that the burden of proof is "clear and convincing." *See* DE 583, Request Nos. 30-31. In its ruling on Defendants' motion for summary judgment, the Court held that the Plaintiffs' burden of proof is "preponderance of the evidence." DE 646 at 7. Defendants seek to preserve this issue for appeal, and thus renew their request for an instruction that the burden of proof is by clear and convincing evidence.

## I. ADDITIONAL INSTRUCTIONS PROPOSED BY PLAINTIFFS

On February 5, 2015, Plaintiffs filed a supplemental request to charge, seeking instructions on (1) ratification; (2) alter ego; (3) providing "personnel" under § 2339B; (4) policy, practice and custom; (5) missing witness; (6) specific damages requests; and (7) "increased susceptibility to injury." *See generally* DE 792. Defendants object to all of these requests.

---

[2] Adapted from 4 Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions – Civil*, ¶ 71.01, Instruction 71-14 (2014).

Miller & Chevalier Chartered

...



Hon. George B. Daniels
February 12, 2015
Page 9

1. **Ratification.** With respect to ratification, the Court previously rejected Plaintiffs' ratification theory. DE 646 at 11 n.11. There is no basis in law or fact for the Court to reconsider its ruling. Defendants continue to object to this instruction for the reasons articulated by the Court on February 11, 2015. Tr. 2/11/2015 at 3359:5-3360:19; *id.* at 3362:14-3363:15.

2. **Alter Ego.** The Defendants also agree with the Court's decision that the jury not be instructed on alter ego, and would oppose any such instruction for the reasons stated by the Court on February 11. *Id.* at 3356:18-3357:25. There is no basis in law or fact for instructing the jury to decide whether the PA or PLO are alter egos.

3. **Providing Personnel under § 2339B.** The Court does not appear inclined to adopt Plaintiffs instruction on providing "personnel," and has already rejected the theory that the PA could be liable for providing their employees as personnel. DE 646 at 17-18. For the record, Defendants oppose any instruction based on the theory that the PA provided Abdullah Barghouti as "personnel" to Hamas. *See* DE 795 (Rule 50(a) motion) at 10.

4. **Policy, Practice and Custom.** In Court yesterday, Plaintiffs counsel acknowledged that the Court had ruled against Plaintiff on their proposed instruction on "policy and practice." Tr. 2/11/15 at 3365:1-4. In any event, Plaintiffs' instruction was wrong as a matter of law, because it treated the *Monell* "policy and practice" test as a substitute for the scope of employment test, when in fact it is an added requirement. A municipal employee must be acting within the scope of his or her employment <u>and</u> pursuant to the municipal government's policy, practice or custom.

5. **Missing Witness.** There is no basis for the Plaintiffs' requested missing witness instruction because Tawfiq Tirawi was not "'peculiarly within'" Defendants' power to produce. *See* DE 592 at 11 (Defendants' Objections to Plaintiffs' Proposed Jury Instructions); Tr. 2/11/15 at 3365:6-3367:13 (colloquy on missing witness instruction).

6. **Specific Damages Request.** Defendants separately addressed Plaintiffs' request to instruct the jury on a specific dollar amount. *See* DE 797. Defendants continue to oppose Plaintiffs' proposal to request specific sums in damages — a practice "disfavored" by the Second Circuit. *See Consorti v. Armstrong World Indus. Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995). Should the Court ultimately decide that it is appropriate to allow Plaintiffs to make such a request, Defendants ask the Court to instruct the jury that any such request is not evidence. Accordingly, Defendants ask the Court to give the following limiting instruction:



Hon. George B. Daniels
February 12, 2015
Page 10

### "Specific Dollar Amount" Requested by Plaintiffs' Counsel Is Not Evidence

During his closing remarks, counsel for plaintiffs suggested a specific dollar amount he believes to be appropriate compensation for certain elements of the Plaintiffs' alleged damages. The attorney's suggestion, however, is argument only. It is not evidence. It should not be considered by you as evidence of any of the Plaintiffs' alleged damages. Whether to impose any damages at all on either of the Defendants is solely for you, the jury, to decide.

7. **Increased Susceptibility to Injury.** Defendants object to this proposed instruction because there is no evidence in the record to support it. If Plaintiffs proposed this particular charge in reference to Shaul Mandelkorn, he is not a Plaintiff in the case and such an instruction is therefore wholly inappropriate.

Sincerely,

Laura G. Ferguson

cc: All ECF Counsel