# ADDENDUM

## Defendants' Requested Instruction on "Causation — Generally"

The plaintiff must also prove causation. He or she must prove that —

First, the harm to the plaintiff would not have occurred in the absence of — that is, "but for" — the defendant's conduct; and

Second, the defendant's conduct was the proximate cause of the plaintiff's injuries.

Both "but for" cause and proximate cause must be proven by the plaintiff before the defendant can be found liable.

## Defendants' Requested Instruction on "But For" Cause

"But for" causation means that the harm to the plaintiff would not have occurred "but for" the defendant's conduct. In other words, the plaintiff must prove that except for the acts committed by the defendant, the injuries claimed by the plaintiff would not have occurred.

## Defendants' Requested Instruction on "Proximate Cause"

"Proximate cause" is different from "but for" cause. Proximate cause is proved when three requirements are satisfied.

First, the defendant's acts must be a substantial factor in causing the plaintiff's injuries.

Second, the plaintiff's injuries must have been reasonably foreseeable as a natural consequence of the defendant's actions.

And third, there must be a direct relation between the injury asserted and the defendant's conduct.

### Substantial Factor

The following considerations are in themselves or in combination with one another, important in determining whether the defendant's acts were a substantial factor in bringing about harm to the plaintiff:

(a) The number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it. There are frequently a number of events each of which is not only a necessary antecedent to the other's harm, but is also recognizable as having an appreciable effect in bringing it about. The defendant's acts may not be a substantial factor in causing an attack that injured a plaintiff if other factors had a predominant effect and the contribution of the defendant's acts was insignificant.

(b) Whether the defendant's acts created a force or series of forces that were in continuous and active operation up to the time of the harm, or instead created a situation harmless unless acted upon by forces for which the defendant is not responsible. The defendant's acts may not be a substantial factor in causing an attack that injured the plaintiff if the defendant's acts were harmless and other factors superseded or intervened in the chain of events leading to the attacks.

(c) Whether, even if the defendant's acts were not harmless, an intervening cause, such as wrongful conduct by others, broke the causal link between the defendant's acts and the harm to the plaintiff.

(d) Where there is a long time between the defendant's acts and the attack that injured the plaintiff, the effect of the defendant's acts may become so attenuated as to be insignificant and unsubstantial as compared to the aggregate of the other factors which have contributed.

### Foreseeable or Anticipated

The second requirement for proximate causation is that the plaintiff's injury was reasonably foreseeable or anticipated as the natural consequence of the defendant's acts.

### Direct Relation

The third requirement for proximate causation is that there is a direct relation between the injury asserted by the plaintiff and the conduct of the defendant. Conduct that is too remote, purely contingent, or indirect, is insufficient.