

Laura G. Ferguson
Member
(202) 626-5819
mrochon@milchev.com

February 12, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

      Defendants Palestinian Authority ("PA") and PLO ("PLO") respond to the revised draft verdict form dated February 12, 2015. Defendants request the following revisions:

      1.    Since one element Plaintiffs must establish in order to prove their ATA claim is that they were injured by an "act of international terrorism," Defendants request that the Court not refer to the attacks throughout as "the terrorist attack." As shown in the attached redline, Defendants revised the draft to refer to the attack by date (such as, the "January 22, 2002 attack") and then later in the same sentence as "this attack."

      2.    For the January 27, 2002 bombing, Defendants propose deleting paragraph 3 because there is no evidence Wafa Idris was a PA employee or that the Sokolows' injuries were caused by any PA employee providing material support used in the attack.

      3.    For the January 22, 2002, March 21, 2002 and January 29, 2004 attacks, Defendants added language to clarify that, in order for the PA to be liable under a vicarious liability theory, the employee must either (1) be the shooter or bomber, or (2) have provided material support in violation of a material support statute. This clarification is needed to conform with the Second Circuit's case law, which prohibits aiding and abetting liability under the ATA. Thus, where the PA employee was allegedly an aider and abetter rather than principal, the PA cannot be held vicariously liable because the PA employee himself would not be subject to civil liability under the ATA. *See Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013)

      4.    On the damages instructions, throughout, Defendants prefer the following formulation, which we believe is less confusing: "For [insert Plaintiff's name], what amount of damages, if any, do you find were caused by the [insert date] attack?"

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 • Washington, D.C. 20005-5701 • 202-626-5800 • 202-626-5801 FAX • millerchevalier.com



Hon. George B. Daniels
February 12, 2015
Page 2

Sincerely,

Laura G. Ferguson

cc:  All ECF Counsel

Miller & Chevalier Chartered