# ARNOLD & PORTER LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 13, 2015

**VIA ECF & HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
            Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      This letter responds to defendants' letter of February 12, 2015 concerning jury instructions. [DE 803].

**Respondeat Superior**

      Defendants contend that there is "no evidence" to support a claim of PA employee participation in the January 27, 2002 bombing or the July 31, 2002 bombing. That contention is frivolous. The jury has strong circumstantial evidence of PA employee involvement in the January 27 bombing from the confession of Noor (who admitted that he got the bomb in the Muqata'a) and from the cover-up by Tawfiq Tirawi. The evidence of PA employees' involvement with Abdullah Barghouti is even stronger. The jury has evidence of the "revolving door" policy from plaintiffs' experts. The jury has specific evidence that PA employees entered into an agreement with Hamas representatives to "arrest" and then release Abdullah Barghouti in the form of deposition testimony from a percipient witness. The jury has Abdullah Barghouti's own statement that the PA released him. And the jury has PA employee Ahmed Barghouti's guilty plea to providing a safe house to Abdullah Barghouti. The jury can certainly infer that the release and provision of a safe house led to a killing spree of bombings including the Hebrew University bombing.

      The Court should reject defendants' request to alter the concluding paragraph of the respondeat superior charge. That charge comes directly from New York's Civil Pattern Jury Instruction 2:236. The evidence fully supports giving the standard charge, which correctly reflects the law that reasonable foreseeability is the central touchstone.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 13, 2015
Page 2

Plaintiffs have suggested one edit that does not work any substantive mischief, and adds clarity because the PA does not conduct commercial business relevant to this case.

Defendants' request for a supplemental charge suggesting that there are only two crimes for which they could be liable—pulling the trigger or material support—would gut Congress' intentionally broad definition of "international terrorism." Congress defined that term to include *all* activities that "are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State." It is true that the Second Circuit has held that a defendant cannot be held liable for aiding and abetting the crime of providing material support, but no one is asking for such a charge in this case. The Court's instructions, taken as a whole, already make clear that the employees have to have engaged in murder, attempted murder, or provision of material support as principals. Both federal and New York law include standard provisions making principals liable for murder and attempted murder, even if they do not pull the trigger. N.Y. Penal L. § 20.00; 18 U.S.C. § 2(b).

**Agency**

Defendants' critiques of the Court's agency instructions are meritless.

Defendants claim that they were unable to prepare a defense on agency. That is frivolous. They claim that this Court's summary judgment decision granted them summary judgment "with respect to the ATA claims of vicarious liability against the PLO," but this claim is false. That decision was expressly limited to granting summary judgment for the PLO "for violating the ATA under a theory of vicarious liability *as an employer.*" DE 646 (emphasis added). This language obviously cannot be extended to prohibit claims based on other agents of the PLO.

In addition, defendants well understood that plaintiffs intended to and did prove that the PLO acted as the principal for the PA, that Yasser Arafat himself dominated and controlled the PLO, the PA and Fatah, and that the case would proceed on an agency basis. Indeed, the Court provided defendants with a draft instruction on agency *before opening statements*.

There is also no basis whatever for defendants' claim that an agent must have been instructed "to take the specific actions at issue in this case" or "to perform that particular act." As defendants concede, under standard principles of agency law, an agent can reasonably infer authority from the words or conduct of the principal. Defendants'

ARNOLD & PORTER LLP

Hon. George B. Daniels
February 13, 2015
Page 3

proposed instruction—which would essentially require the jury to find that defendants expressly authorized an agent to carry out a specific act—is directly contrary to that law and, indeed, would eviscerate the principles of apparent, implied and inherent authority on which the Court has prepared instructions.

Nor are the proposed instructions in Part B.4 necessary or appropriate. The Court's instructions on agency are based on the standard instruction by Judge Sand on agency, and that instruction should not be altered in the circumstances of this case.

**Scienter**

Defendants renew their argument that plaintiffs must show that they acted with a specific intent to harm Americans. The Court properly rejected it. Defendants' assertion is based on a stunningly inaccurate characterization of *Gill v. Arab Bank, PLC*, 474 F. Supp. 2d 474 (E.D.N.Y. 2012). Defendants claim that *Gill* held the plaintiffs to a standard of proving not merely intent to cause injury, but intent to injure *Americans*. In truth, *Gill* says exactly the opposite:

> Nothing in section 2333(a)'s text or history suggests that a plaintiff must plead and prove, as an element of his cause of action, a defendant's knowledge or intent regarding the plaintiff's (or the plaintiff's decedent's) status as an American national. Requiring such a showing would seem inconsistent with traditional principles of American tort law.…And requiring such a showing would be perverse in another respect: doing so would make it more difficult, in many terrorism cases, for private plaintiffs to recover in tort than for the government to obtain a criminal conviction.

893 F. Supp. 2d at 505-06 (E.D.N.Y. 2012).

**18 U.S.C. §§ 2239A and 2339B**

Defendants' criticism of the Court's 2339A instruction is frivolous. The Court's instruction on a bombing of a public place is supported by 18 USC 2332a(a), which prohibits the use of a "weapon of mass destruction," which is defined to include a "bomb." 18 U.S.C. 2332a(c)(2)(A), 921(a)(4)(A)(i). If the Court wishes to make its instruction clearer, it could strike "of a public place" in its instruction and just say "USED IN PREPARATION FOR, OR IN CARRYING OUT A BOMBING OR A CONSPIRACY TO COMMIT MURDER."

ARNOLD & PORTER LLP

Hon. George B. Daniels
February 13, 2015
Page 4

      Defendants are flat wrong to claim that plaintiffs failed to request for a charge on the predicate crime of conspiracy to commit murder. Plaintiffs made such a request on August 8, 2014, DE 582, in Instructions 21-m (§ 2339A), 21-q (conspiracy), and 21-r (conspiracy—elements).

      Plaintiffs defer to the Court's judgment and discretion on whether to include defendants' proposed limiting instruction on § 2339B. Plaintiffs have suggested a more accurate correction for the typographical error defendants identify from pages 50-51 of the Court's February 6 draft.

**Other Issues**

      The matters discussed in Parts F-I of defendants' letter have been briefed and before, and plaintiffs stand on their earlier briefing.

      Respectfully,

      Kent A. Yalowitz

cc:    All ECF Counsel