# ARNOLD & PORTER LLP

**Kent A. Yalowitz**

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 15, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>         Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write to request certain changes to the Court's February 13 draft jury charge and verdict sheets.

**Page 34**

Plaintiffs have a serious problem with Elements 1-3 as currently drafted because it is inconsistent with the Anti-Terrorism Act. The current "first" element is not in the statue:

> "First, that the defendant, through its employees or agents, committed a violent attack intended to cause death or serious bodily injury[.]"

The statute says that international terrorism is "activities" that "involve violent acts or acts dangerous to human life." Particularly given the material support or resources theory of liability, the current "first" element could be misused by defendants to inject confusion and to mislead the jury.

The Court's current Element 3 is also unduly narrow:

> "Third, that the violent attack was an act of "international terrorism" within the meaning of the statute[.]"

Again, the statute's requirement is not a "violent attack" but rather "activities that … involve violent acts or acts dangerous to human life." In the *Arab Bank* case, for example, the jury correctly found a bank liable for violating the ATA even though the

**ARNOLD & PORTER LLP**

Hon. George B. Daniels
February 15, 2015
Page 2

bank did not commit a violent attack, because the bank provided "material support or resources." Including this element could confuse or permit defendants to mislead the jury by appearing to impose a burden on plaintiffs that does not exist in the statute.

Therefore, plaintiffs respectfully ask that the Court combine Elements 1 and 3 to read as follows:

> "First, that the defendant, through its employees or agents, committed an act of international terrorism as I will describe that term to you."

*or*

> "First, that the defendant, through its employees or agents, committed an act of international terrorism within the meaning of the statute."

**Page 46**

The current instruction "operating under the AAMB's or Hama[s]'s personnel or resources" contains a substantive error that needs to be corrected by adding the underscored text as follows: "operating under the AAMB's or Hamas's <u>direction or control or organizing, managing, supervising, or otherwise directing the operation of the AAMB's or Hamas's</u> personnel or resources."

**Page 57**

Plaintiffs have a serious problem with the new addition to the *respondeat superior* instruction as follows:

> "The PA would be liable as an employer for the acts of its employees if the act is performed within the scope of his employment ~~and is in furtherance of the interests of the PA~~."

The struck-through words are inconsistent with Second Circuit law and impose a higher hurdle than the Court's (otherwise correct) instructions. *See Ira S. Bushey & Sons, Inc. v. United States*, 398 F.2d 167, 171 (2d Cir. 1968) (Friendly, J.). In that case, the

**ARNOLD & PORTER LLP**

Hon. George B. Daniels
February 15, 2015
Page 3

Court held the U.S. government liable for acts of a drunken sailor returning to base, because an "enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities." There was no "furtherance of the interests" requirement in *Bushey*.

In the other leading Second Circuit case, the Circuit was explicit that the "furtherance of the interests" of the employer is **_not_** an element of *respondeat superior*. *Taber v. Maine*, 67 F.3d 1029, 1037 (2d Cir. 1995). Here is what Judge Calabresi said for the Court in that case:

> As the leading Torts treatise has put it, "the integrating principle" of *respondeat superior* is "that the employer should be liable for those faults that may be fairly regarded as risks of his business, **_whether they are committed in furthering it or not_**." Fowler V. Harper, Fleming James, Jr. & Oscar S. Gray, *The Law of Torts* § 26.8 (2d ed., 1986) [hereinafter, "Harper & James"]. Judge Friendly made the same point most elegantly in *Bushey*. "The proclivity of seamen to find solicitude by copious resort to the bottle," he wrote, "has been noted in opinions too numerous to warrant citation. Once all this is granted, it is immaterial that [the coastguardsman's] precise action was not to be foreseen." 398 F.2d at 172. After all, the government "cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities." *Id.* at 171.

*Id.* (emphasis added). This language is not in New York's Pattern Jury Instructions, either. The Court should not use it.

**Verdict Sheet**:

For the reasons just described, the following question (and similar questions) must be edited:

> "Did Plaintiffs prove by a preponderance of the evidence that Defendant PA is liable for the January 22, 2002 attack because an employee of the PA, acting within the scope of

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 15, 2015
Page 4

        his employment ~~and in furtherance of the interests of the PA~~, either carried out, or knowingly provided material support or resources that were used in preparation for or in carrying out, this attack?"

The struck-through words are incorrect and impose a higher hurdle than the pattern jury instruction, which says simply that "an employer is responsible for the act of its employee if the act is within the scope of his or her employment."

We would also like to discuss with the Court whether it will include in the verdict sheet iterations of questions such as:

        "Did Plaintiffs prove by a preponderance of the evidence that Defendant PLO is liable for the January 22, 2002 attack because the attack was committed by an agent of Defendant PLO?"

Finally, for each attack, we ask that Question 1 be the PA "scope of employment" question, followed by "material support" questions.

To the extent not addressed in this letter, plaintiffs stand on their prior explanations of their requests to charge, unless there are any that the Court would like further information about.

        Respectfully,

        Kent A. Yalowitz

cc:    All ECF Counsel