**ARNOLD & PORTER** LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 16, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:  *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>      Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write in response to defendants' letter, dated February 16, 2015 (DE 808).

1. **Plaintiffs' Rebuttal Case.**

Exhibit 1281 describes the PLO's historical status as a terrorist organization. Defendants opened the door to this exhibit. During the defense case, defendants played video deposition testimony of Hussein Al-Sheikh, during which Al-Sheikh stated that he was imprisoned by Israel on account of his membership in the PLO. Tr. (2/11/15) at 3298 (Al-Sheikh Dep. 16:16-21). Similarly, Hanan Ashrawi slipped in that she was held in prison in the Muqata'a. Tr. (2/10/15) at 3137-38. Exhibit 1281 is necessary to demonstrate why membership in the PLO at that time was considered a crime for which one could be imprisoned.

With respect to the testimony of Arieh Spitzen, if plaintiffs are able to work out the logistics of video testimony with the Court, we can manage without Mr. Spitzen's in-person testimony. However, should this not be possible, the circumstances may require plaintiffs to call Mr. Spitzen in place of Israel Shrenzel and/or Alon Eviatar. Plaintiffs reserve their right to make that request to the Court.

2. **Plaintiffs' Closing.**

Defendants' re-argument of the Court's ruling on the "Muqata'a," as that term appears in the custodial statements of Munzar Noor should be rejected once again. Defendants misstate the record on this issue, citing only to the January 23, 2015 transcript. However, following that exchange with the Court, defendants wrote to the

ARNOLD & PORTER LLP

Hon. George B. Daniels
February 16, 2015
Page 2


Court expressly requesting that the "Muqata'a" be redacted on January 25, 2015 (DE 773), and plaintiffs opposed that request on February 4, 2015 (DE 790).

The Court has been clear in its position that the reference to the "Muqata'a" is a description by Noor of how he committed his crime. The Court has also been clear that it cannot protect defendants from any reasonable inference that the jury may draw on the basis of that information:

> I don't think I can protect the defendants from the inference to be drawn that if he [counsel for plaintiffs] wants to argue about it in the context of all other evidence as to whether or not the meaning of Mucataa it would be reasonable to infer that he [Noor] was meeting with someone who was acting on behalf of the PA to conclude that the PA itself was complicit in his activities.

Tr. (1/26/15) at 1405.

> The fact that they met with somebody who works at the Mukataa, quite frankly, doesn't tell me one way or the other, one, what the nature of that employment or relationship is at the Mukataa and doesn't say whether or not that person acted in this regard on behalf of the PLO or the PA as its agent, and it doesn't tell us that this person was acting within the scope of their employ in furtherance of the PA's business when they met. That's a determination for the jury to make from their review of all the evidence in the case.

Tr. (2/6/15) at 2672-73. The Court denied defendants' request for these redactions, the references to the "Muqata'a" are in the record and properly before this jury, and plaintiffs should be permitted to argue that the jury can draw a reasonable inference from the circumstantial evidence that a PA employee was involved in the January 27 bombing.

As to defendants' argument concerning § 2339B, there is no support whatsoever for defendants' position that plaintiffs should not be permitted to argue that the release of a bomb-maker by a PA Security Service employee to a PA police employee as a result of a side deal reached with Hamas, and the further provision of a safehouse to that bomb-

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 16, 2015
Page 3

maker by the PA police employee following the bomb-maker's release, is not evidence of material support to a designated terrorist organization. Such an argument is nonsensical. The PA provided a terrorist organization with a bomb-maker and gave that bomb-maker safe harbor to operate under that organization's direction and control, leading him to go on a killing spree of civilians, which, in fact, happened. If such acts do not constitute material support, what does?

Finally, defendants' argument concerning damages is also nonsensical. Not only is it counter-intuitive to argue that terrorism is no different than any other intentional murder, defendants sat through the plaintiffs' case and never once objected to the line of questioning, "Do you feel that the injuries you suffered were different because [you were] in a terror attack?" Plaintiffs asked this question, or a variation of it, to at least 15 of the plaintiffs, and, moreover, virtually everyone described how their individual experiences affected them (as well as continue to affect them) because they were injured in, or by, a terrorist attack. *E.g.*, Tr. (2/2/15) at 2106-07, 2175, 2230 (Mark and Rena Sokolow, Revital Bauer); Tr. (2/3/15) at 2279, 2306, 2321 (Leonard Mandelkorn, Henna and Morris Waldman); Tr. (2/4/15) at 2376-77, 2388, 2431-32, 2492 (Jessica Rine, Ron Gould, Shayna Gould Elliott, and Chana Goldberg); Tr. (2/5/15) at 2532, 2590, 2627 (Shoshana Goldberg, Robert Coulter, Sr., Dianne Coulter Miller); Tr. (2/6/15) at 2721, 2733 (Richard and Rivkah Blutstein). Plaintiffs are allowed to make appropriate arguments about damages flowing from the terror attacks. It is too late now for defendants to wake up and change course.

Respectfully,

Kent A. Yalowitz

cc:   All ECF Counsel