

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 16, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*, 04-CV-397 (GBD) (RLE)

Dear Judge Daniels,

    I write in response to Plaintiffs' February 15, 2015 letter concerning the Court's third draft of the jury charge. In their letter, Plaintiffs complain that they have a "serious problem" with the Court's supposed "new addition" to the instruction on *respondeat superior*. DE 807 at 2. They claim that the Court has, for the first time, added language requiring that, for *respondeat superior* liability to attach, an employee must have not only acted within the scope of his authority but also "in furtherance of the interests of the PA." *Id.* But the "in furtherance" requirement is not "new." It has been part of the jury charges since the Court circulated its first draft on January 12, 2015. *See* 1/12/15 Draft of Substantive ATA Jury Charge at 4-6; *see also* 2/6/15 Draft Jury Charge at 33-35.

    And for good reason — it is required by governing Second Circuit precedent on *respondeat superior* liability. The Second Circuit has squarely held that "[w]hile an employer may be liable for even intentional and criminal acts committed by its employee, those acts must in some way further the interests of the employer, and not solely benefit the employee." *FMC Corp. v. Boesky (In re Boesky Sec. Litig.)*, 36 F.3d 255, 265 (2d Cir. 1994); *see also, e.g.*, *Gallose v. Long Island R. Co.*, 878 F.2d 80, 83 (2d Cir. 1989) (no liability attaches under the Federal Employees Liability Act "when an employee acts entirely upon his own impulse, for his own amusement, and for no purpose of or benefit to the defendant employer"); *Woods v. CVS*, No. 13-cv-611, 2013 U.S. Dist. LEXIS 58764, at *6 (S.D.N.Y. Apr. 19, 2013) (holding that an employer cannot "be held liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business.") (internal quotation marks omitted); *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 472 (S.D.N.Y. 2002) ("Benefit and control are the signposts of vicarious liability."). Indeed, "[t]he fact that the act done is a serious crime is a factor indicating that it is not in the scope of employment." Restatement (Second) of Agency § 229(2)(j), Comment f.



Hon. George B. Daniels
February 16, 2015
Page 2

      Whether the language requiring that an employee act "in furtherance of the interests" of his or her employer is (or is not) "in New York's Pattern Jury Instructions," *see* DE 807 at 3, is irrelevant. Even if New York law applies, the Second Circuit has expressly held that "[u]nder New York law, an employee acts within the scope of his employment when both (1) he is doing something in furtherance of the duties he owes to his employer, and (2) the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities." *Hamm v. United States*, 483 F.3d 135, 138 (2d Cir. 2007) (internal quotation marks omitted). So, even if New York law does apply, an employee must have done "something in furtherance of the duties" he owed to his employer for respondeat superior liability to attach. *Id.*

      Plaintiffs' position that the "in furtherance" requirement is improper is premised on two inapposite cases: a 47-year-old case that applied admiralty law and did not discuss an "in furtherance" requirement one way or the other (*Ira S. Bushey & Sons, Inc. v. United States*, 398 F.2d 167, 171 (2d Cir. 1968)), and another case that applied the law of Guam (which, in turn, applies the law of California) (*Taber v. Maine*, 67 F.3d 1029 (2d Cir. 1995)). Aside from the law applied, both cases are distinguishable inasmuch as they both turned on the foreseeability of an "occasional drunken servicemember who leaves government premises and causes damage…in the sense that it is a reasonably obvious risk of the general enterprise." *Taber*, 67 F.3d at 1037; *see also Ira S. Bushey & Sons, Inc.*, 398 F.2d at 172 ("Here it was foreseeable that crew members crossing the drydock might do damage, negligently or even intentionally…Moreover, the proclivity of seamen to find solace for solitude by copious resort to the bottle while ashore has been noted in opinions too numerous to warrant citation. Once all this is granted, it is immaterial that Lane's precise action was not to be foreseen.").

      Defendants still maintain that a *respondeat superior* instruction is unwarranted. *See* DE 497 (Defs.' MSJ), Mem. at 9-15; DE 803 (Defs.' Feb. 12, 2015 Ltr. to the Court) at 1. Should the Court overrule Defendants' objection, however, it should include in the jury instruction on *respondeat superior* liability the "in furtherance" language as it is reflected in the Court's February 13, 2015 draft. *See* 2/13/15 Draft at 55-57. The PA cannot be liable for the alleged tortious behavior of its employees unless Plaintiffs have demonstrated, *inter alia*, that their conduct was in furtherance of the PA's interests as opposed to their own personal motives.

                                                       Sincerely,

                                                        Mark J. Rochon /dug

cc: All ECF Counsel

Miller & Chevalier Chartered