

**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

February 16, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sokolow v. Palestine Liberation Organization et al.*
       04-CV-397(GBD)(RLE)

Dear Judge Daniels:

    I write in response to Plaintiffs' most recent submission of redacted trial exhibits to request a few additional redactions, which Plaintiffs oppose. In addition, I write to preclude Plaintiffs from introducing in their rebuttal case an exhibit, the alleged custodial statement of Ahmed Barghouti (PTE 1147B), that the Court has excluded twice already.

1. <u>PTE 427 (excerpted custodial statement of Abdullah Barghouti attached hereto as Exhibit 1)</u>

    Defendants request the redaction of nicknames, including "Salah," "Salah 1," and "Salah 2." *See* PTE 427 at P7:129-130. Plaintiffs oppose these redactions in Abdullah Barghouti's custodial statement (PTE 427), even though they agreed to redact these very words in Abdullah Barghouti's indictment (PTE 452). *See* Tr. at 2506:19-2507:1 (MR. YALOWITZ: "We did redact that wording as you directed, and in addition to that, there were aliases of two of the individuals in the Barghouti conspiracy, they were call Salah 1 and Salah 2, and we also redacted those code names because we thought it was consistent with the way you had instructed. So the issue is not -- those had not been redacted before, we don't have a problem with that, and even if we did, I think your ruling was clear.").

2. <u>PTE 889 (excerpted verdict of Fuad Shubaki attached hereto as Exhibit 2)</u>

    Defendants propose additional redactions from the following sentences in the verdict of Fuad Shubaki:



Hon. George B. Daniels
February 16, 2015
Page 2

- "The Defendant went on to state that he transferred money to [blank], <u>a senior official in the Yemenite army</u>." PTE 889 at 33 (emphasis added). Defendants believe that "a senior official in the Yemenite army" should be redacted, consistent with the Court's earlier ruling that "identifying information should also be redacted." Tr. at 39:17.

- "The Defendant confirms that he knows [blank], <u>the Deputy Commander of the Palestinian Navy</u>, and confirmed that…" PTE 889 at 35 (emphasis added). Defendants believe that "the Deputy Commander of the Palestinian Navy" should be redacted in its entirety. Plaintiffs have agreed to redact "the Deputy Commander of" but insist on leaving "the Palestinian Navy" unredacted, even though doing so would clearly demonstrate that the redacted name was an official of the Palestinian Navy.

- "Second, it was argued that the Defendant was entitled to benefit from the defense of 'act of state' . . . but rather, in accordance with the instructions of <u>the chairman of the Authority, Arafat</u>, who approved the transfer of monies . . ." *Id.* at 42 (emphasis added). Defendants believe that "the chairman of the Authority, Arafat" should be redacted. Plaintiffs have agreed to redact "the chairman of" and "Arafat" but insist on leaving "the Authority" unredacted, even though doing so would clearly demonstrate that the redacted name was an official of the PA.[1]

3. <u>PTE 382G (Israeli military court record of Nasser Shawish attached hereto as Exhibit 3)</u>

This exhibit contains the testimony of witnesses that testified during the trial as well as the defendant's statements during the trial, the prosecutor's statements in response to the defendant's statements, and the court's conviction of the defendant based on the defendant's statements in court. Defendants (the PLO and the PA) believe that the trial testimony of witnesses should be redacted because this testimony did not form the basis of the defendant's conviction and is therefore irrelevant.

4. <u>PTE 1147B (custodial statement of Ahmed Barghouti attached hereto as Exhibit 4)</u>

Plaintiffs have indicated to Defendants that they may seek to admit in their rebuttal case the alleged custodial statement of Ahmed Barghouti, PTE 1147B. Plaintiffs have sought to

---

[1] In addition to the above-referenced redactions, Defendants also propose the redaction of the name "Harbi Sarsur," which Plaintiffs do not oppose. *Id.* at 29.



Hon. George B. Daniels
February 16, 2015
Page 3

admit this exhibit twice before and the Court has excluded the exhibit each time. If Plaintiffs actually seek to admit this exhibit for a third time, the Court should exclude it for a third time.

During their case-in-chief Plaintiffs sought to admit PTE 1147, the custodial statement of Ahmed Barghouti, because it discusses "the release of Abdullah Barghouti." Tr. at 831:3-4. The Court excluded this exhibit. *Id.* at 833:19 (THE COURT: "I don't see why this is admissible."); *id.* at 834:17-18 (MR. YALOWITZ: "I understand the Court's ruling on that.").

Following the direct examination of General Majed Faraj, the Court permitted Plaintiffs to unredact a passage in an exhibit that *had* been admitted previously – the custodial statement of Abdullah Barghouti (PTE 427) – in order to confront General Faraj with Abdullah Barghouti's alleged statement that he had been released. *See* Tr. at 2911:21-2912:1 ("I think they have the right to unredact that part of the statement that they are going to utilize on cross-examination to ask this witness on what basis he says that he escaped and whether or not, whatever report he got, whether or not he did or did not get the report that he had been released."). At the same time, the Court specifically rejected Plaintiffs' oral motion to admit PTE 1147B, the custodial statement of Ahmed Barghouti. *See id.* at 2901:21-22 (THE COURT: "So then the document is excluded. So you can't use it for any purpose."). Although Plaintiffs subsequently claimed that this exhibit had not been ruled upon previously, the record proves otherwise. *See id.* at 833:19 (THE COURT: "I don't see why this is admissible."); *id.* at 834:17-18 (MR. YALOWITZ: "I understand the Court's ruling on that."). Thus, Plaintiffs should not be permitted to admit this exhibit in their rebuttal case. Alternatively, should the Court permit Plaintiffs to admit this exhibit, Abdullah Barghouti's name should be redacted.

Sincerely,

Mark J. Rochon

cc: All ECF Counsel