# ARNOLD & PORTER LLP

Kent A. Yalowitz

Kent.Yalowitz@aporter.com
+1 212.715.1113
+1 212.715.1399 Fax
399 Park Avenue
New York, NY 10022-4690

February 18, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
               Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      In accordance with the discussion on February 17, I write to request certain changes to the Court's revised draft *respondeat superior* charge.

      *First*, as to the reference to the PA's "business," plaintiffs believe on reflection that the preferable and appropriate reference in this case is to the PA's "business, activities, or interests"—as opposed to only the word "business" or only the word "activities" or only the word "interests."

      *Second*, it is plaintiffs' position that the last paragraph of the proposed charge should be removed in its entirety. The language is taken from a portion of the commentary to Section 2:237 of the New York Pattern Jury Instructions, and, as currently written, creates confusion as to the applicability of the *respondeat superior* standard to a case where an employee was motivated in part for personal reasons, but the act at issue was also in furtherance of the business, activities, or interests of the PA. In such a case, there would be liability, and plaintiffs are concerned that the current charge would leave the jury with the misimpression that liability does not attach simply because the employee also had personal reasons for acting. Indeed, plaintiffs submit that there is no evidence in the record to support the contention that an employee acted "solely" for his benefit and not in furtherance of any business, activity, or interests of the PA. As modified, plaintiffs' proposed charge would read:

> ~~An employer~~ The PA is responsible for the act of its employee if the act is in furtherance of the ~~employer's~~ PA's business, activities, or interests and is within the scope of the employee's authority. An act is within the scope of an

ARNOLD & PORTER LLP

Hon. George B. Daniels
February 18, 2015
Page 2

>employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The ~~employer~~ PA need not have authorized the specific act in question.
>
>Among the factors you may consider in deciding whether an employee was acting within the furtherance of the PA's business, activities, or interests and within the scope of his authority, you may include the connection between the time, place and occasion for the act; the history of the relationship between the PA and its employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance and whether the specific act was one that the PA could reasonably have anticipated. If you find that the employee caused ~~the~~ injury to the plaintiff while acting within the scope of his authority and in furtherance of the PA's business, activities, or interests, then the PA is legally responsible for its employee's conduct.
>
>Even though you find that the PA as the employer specifically instructed the employee~~,~~ not to perform the shootings or bombings that are at issue in this case, if you find that ~~it~~ a shooting or bombing was reasonably foreseeable by the ~~employer~~ PA, you may find that it was within the scope of the employee's authority.

However, should the Court conclude that the language in the last paragraph of the draft charge should be included, plaintiffs have proposed additional language that would clear up any potential confusion as to this issue.

>~~It is not sufficient that the employee was engaged in the employer's service at the time of the incident giving rise to the action. The test is whether the employee's act was in furtherance of the employer's business and was incident to the performance of duties entrusted to the~~

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 18, 2015
Page 3

> <s>employee.</s> <u>Where the employee's act was committed
> solely for personal ends, rather than in furtherance of or
> incident to the employer's business, the employer will not
> be held liable.</u>  However, where the employee's act was
> committed not only for personal ends, but also in
> furtherance of or incident to the PA's business, activities,
> or interests, the PA must be held liable.
>
> Moreover, if you find that the PA put the employee
> in a place of trust or responsibility, and that employee,
> through lack of judgment or discretion, or from infirmity of
> temper, or under the influence of passion aroused by the
> circumstances and the occasion, goes beyond the strict line
> of his duty or authority and inflicts an unjustifiable injury
> upon another, the PA must be held liable.

As noted above, an employer may not be held liable for an employee's act if that act was committed *solely* or *wholly* for that employee's personal ends. However, if the act at issue was also in furtherance of the PA's business, activities, or interests, then the PA must be held liable. Defendants concede this, citing in their letter filed on February 16 (DE 810), *In re Boesky Sec. Litig.*, 36 F.3d 255, 265 (2d Cir. 1995) ("While an employer may be liable for even intentional and criminal acts committed by its employee, those acts must in some way further the interests of the employer, and not *solely* benefit the employee.") (emphasis added).[1] Adding a clarifying sentence to this effect, as plaintiffs propose above, would eliminate any potential confusion on the part of the jury. Plaintiffs also propose striking the first two sentences of the commentary, as that language is redundant of the standard as explained in the introductory paragraph, and may also confuse the jury.

Finally, consistent with the second paragraph of the commentary to Section 2:237 of the New York Pattern Jury Instructions, plaintiffs request that the Court include the language concerning employees who act under "the influence of passion aroused by the

---

[1] *See also Doe v. Guthrie Clinic, Ltd.*, 22 N.Y.3d 480, 484 (2014) (employer not liable for act of employee committed for "wholly" personal motives); *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002) (same).

# ARNOLD & PORTER LLP

Hon. George B. Daniels
February 18, 2015
Page 4

circumstances and the occasion," as that formulation of liability is particularly applicable to the evidence in the record here.

                               Respectfully,

                               Kent A. Yalowitz

cc:    All ECF Counsel