IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARK I. SOKOLOW, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04cv397 (GBD) (RLE) |
| THE PALESTINE LIBERATION ORGANIZATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
CORRECTED PROPOSED FINAL JUDGMENT**

Defendants the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") hereby object to Plaintiffs' Corrected Proposed Final Judgment, DE 826-1, filed February 26, 2015.[1]

### I. The Final Judgment Should Reference the Defendants' Objections to the Assertion of Personal Jurisdiction By This Court.

Plaintiffs' Corrected Proposed Final Judgment states in the first recital that this Court has "properly asserted . . . personal jurisdiction over Defendants." DE 826-1 at 3. Defendants have consistently maintained that the Court lacks personal jurisdiction over them, and have repeated this objection from the start of the case through the close of evidence at trial. *See* DE 45 (Rule 12(b)(2) motion); DE 82 (renewed Rule 12(b)(2) motion); DE 421 (motion for reconsideration in light of *Daimler*); DE 472 (motion to certify *Daimler* issue for interlocutory appeal); DE 497 (motion for summary judgment); No. 14-4449, Dkt. 1 (Mandamus Petition) (2d Cir.); DE 795,

---

[1] Plaintiffs filed a Proposed Final Judgment on February 23, 2105, DE 822, which included a calculation error in paragraph 19. *See* DE 826 at 1.

819 (Rule 50(a) Motions).  Defendants aver that the first recital should be revised to read as follows:  "WHEREAS, this Court having properly asserted subject matter jurisdiction over this dispute and whereas this Court has asserted personal jurisdiction over the objections of Defendants THE PALESTINE LIBERATION ORGANIZATION ("PLO") AND THE PALESTINIAN AUTHORITY ("PA) (collectively, "Defendants")."

## II. The Final Judgment Should Reference the Written Order Dismissing Oz Guetta's Claims.

On February 11, 2015, the Court entered an order dismissing Oz Guetta's claims.  DE 801.  Plaintiffs' Corrected Proposed Final Judgment references only a January 12, 2015 bench ruling dismissing Oz Guetta's claims.  DE 826-1 at 3.  Accordingly, the third WHEREAS paragraph on page 3 of the draft should be revised as follows:  "WHEREAS, on February 11, 2015, the Court granted Defendants' Renewed Motion for Summary Judgment as to Plaintiff Oz Guetta's claims (DE 801) with prejudice, consistent with the Court's January 12, 2015 pre-trial bench ruling dismissing Oz Guetta's claims."

## III. Plaintiffs Are Not Entitled to Prejudgment Interest.

The Corrected Proposed Final Judgment improperly seeks prejudgment interest.  *See* DE 826-1 at 15.  The Anti-Terrorism Act does not provide for prejudgment interest.  *See* 18 U.S.C. § 2333(a).  Where a federal statute is silent on prejudgment interest, the award of prejudgment interests is "normally reserved for 'exceptional' cases."  *American Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2d Cir. 1990); *accord Fresh Del Monte Produce Inc. v. Del Monte Foods Co.*, 933 F. Supp. 2d 655, 666 (S.D.N.Y. 2013).   This is not an "exceptional" case, for the following reasons.

In the Second Circuit, "[a]wards of prejudgment interest must not result in over-compensation of the plaintiff."  *Wickham Contracting Co. v. Local Union No. 3, International*

2

*Brotherhood of Electrical Workers*, 955 F.2d 831, 834 (2d Cir. 1992).  In holding that an award of prejudgment interest under the Labor Management Relations Act was not "overly compensatory or otherwise improper," *Wickham* emphasized that the statute did not provide for treble damages.  *Id.* at 839.  Unlike the statute in *Wickham*, the Anti-Terrorism Act includes an automatic treble damages provision.  18 U.S.C. § 2333(a).  Prejudgment interest therefore is not appropriate.

Following *Wickham*, courts in this Circuit routinely deny prejudgment interest in cases where the federal statute provides for treble damages.  *See, e.g.*, *Group III Capital, Inc. v. Parasol Group, Ltd.*, No. 00-cv.-6860, 2003 U.S. Dist. LEXIS 6865, at *7 (S.D.N.Y. Apr. 22, 2003) (finding that prejudgment interest in addition to treble damages under RICO would be inappropriate);  *Panix Prods. v. Lewis*, No. 01-cv-2709, 2003 U.S. Dist. LEXIS 11952, at *11 (S.D.N.Y. July 15, 2003) (where Plaintiff was adequately compensated after damages under RICO were trebled, prejudgment interest was not appropriate); *Gov't Emples. Ins. Co. v. Scheer*, No. 13-cv-04039, 2014 U.S. Dist. LEXIS 141431, at *30 (E.D.N.Y. Aug. 18, 2014) (same).  *See also Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 80 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S. Ct. 647, 34 L. Ed. 2d 577 (1973) (upholding the denial of prejudgment interest under the Clayton Act, finding that it was "reasonable to interpret Congress's silence on the matter as indicating that trebled damages are sufficient penalty and that interest need not be included"); *Nu-Life Constr. Corp. v. Board of Educ.*, 789 F. Supp. 103, 105 (E.D.N.Y. 1992) ("the treble damages provision of the Clayton Act has been held to sufficiently compensate victims of antitrust injuries without the need to add an award of interest").

There are no decisions in the Second Circuit addressing the availability of prejudgment interest under the Anti-Terrorism Act.  In *Estate of Yaron Ungar v. Palestinian Authority*, 304 F.

Supp. 2d 232, 237-40 (D.R.I. 2004), a federal district court in Rhode Island held that prejudgment interest is not available under that statute.  Among other reasons, the court in *Ungar* concluded that prejudgment interest is inappropriate "because the treble damages provision of Section 2333 is overwhelmingly punitive, and prejudgment interest does not apply to a punitive damages award." *Id.* at 239.

Finally, prejudgment interest also is not appropriate here because the Plaintiffs' damages are predominantly for non-economic injuries.  *See, e.g.*, Sulkowska v. City of New York, 170 F. Supp. 2d 359, 371 (S.D.N.Y. 2001) (declining to award prejudgment interest where damages were awarded for plaintiff's emotional pain and suffering); *Zerilli v. New York City Transit Auth.*, 973 F. Supp. 311, 317, (E.D.N.Y. 1997) (noting that "prejudgment interest is ordinarily not applied to awards of damages for pain and suffering").

## **CONCLUSION**

For the foregoing reasons, the Court should (1) clarify that Defendants object to the assertion of personal jurisdiction; (2) reference the written order dismissing with prejudice Oz Guetta's claims, and (3) decline to award Plaintiffs prejudgment interest.

February 27, 2015	Respectfully Submitted,

<div style="margin-left:3em">

<u>/s/ Laura G. Ferguson</u>
Laura G. Ferguson
Mark J. Rochon
Brian A. Hill
Dawn E. Murphy-Johnson
Michael J. Satin
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington D.C. 20005-6701
(202) 626-5800 [tel]
(202) 626-5801 [fax]
mrochon@milchev.com [email]

*Counsel for Defendants the Palestinian Authority and the Palestine Liberation Organization*

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 27th day of February, 2015, a true and genuine copy of the foregoing was filed on CM/ECF, which will automatically send notification and a copy of such filing to counsel of record.

                                                  /s/ Laura G. Ferguson
                                                 Laura G. Ferguson