F2N8SOKF

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   MARK I. SOKOLOW, et al.,

4               Plaintiffs,

5        v.                                  04 CV 397 (GBD)

6   PALESTINE LIBERATION
    ORGANIZATION, et al.,
7
                Defendants.
8
    ------------------------------x
9                                            New York, N.Y.
                                             February 23, 2015
10                                           12:30 p.m.

11  Before:
                    HON. GEORGE B. DANIELS,
12
                                             District Judge
13
                            APPEARANCES
14
    ARNOLD & PORTER LLP
15       Attorneys for Plaintiffs
    BY:  KENT A. YALOWITZ
16       PHILIP W. HORTON
         TAL MACHNES
17       SARA PILDIS
         CARMELA T. ROMEO
18       RACHEL WEISER
         LUCY S. McMILLAN
19
    MILLER & CHEVALIER, CHARTERED
20       Attorneys for Defendants
    BY:  MARK J. ROCHON
21       LAURA G. FERGUSON
         BRIAN A. HILL
22       MICHAEL SATIN
         DAWN E. MURPHY-JOHNSON
23

24

25

F2N8SOKF

1          (In open court; jury not present)

2          THE COURT:  We have a note from the jury indicating

3     they have reached a verdict.  We will bring out the jury and

4     take the verdict from the foreperson at this time.

5          (Jury present; time noted:  12:40 p.m.)

6          THE COURT:  Ladies and gentlemen, we have received

7     your note indicating that you have reached a verdict.  I am

8     going to ask my law clerk to take the verdict from the

9     foreperson at this time by reading the questions and having you

10    answer those questions.

11         LAW CLERK:  Will the foreperson please rise?

12         Has the jury agreed upon a verdict.

13         FOREPERSON:  Yes, we have.

14         THE COURT:  Page 1.  Jaffa Road shooting.

15         Did plaintiffs prove by a preponderance of the

16    evidence that defendant PLO is liable for the January 22, 2002

17    attack because the PLO knowingly provided material support or

18    resources that were used in preparation for or in carrying out

19    this attack?

20         FOREPERSON:  Yes.

21         LAW CLERK:  Did plaintiffs prove by a preponderance of

22    the evidence that defendant PA is liable for the January 22,

23    2002 attack because the PA knowingly provided material support

24    or resources that were used in preparation for or in carrying

25    out this attack?

F2N8SOKF

1          FOREPERSON:  Yes.

2          LAW CLERK:  Did plaintiffs prove by a preponderance of

3    the evidence that defendant PA is liable for the January 22,

4    2002 attack because an employee of the PA, acting within the

5    scope of his employment and in furtherance of the activities of

6    the PA, either carried out, or knowingly provided material

7    support or resources that were used in preparation for or in

8    carrying out, this attack?

9          FOREPERSON:  Yes.

10          LAW CLERK:  Page 2.  Jaffa Road bombing.

11          Did plaintiffs prove by a preponderance of the

12    evidence that defendant PLO is liable for the January 27, 2002

13    attack because the PLO knowingly provided material support or

14    resources that were used in preparation for or in carrying out

15    this attack?

16          FOREPERSON:  Yes.

17          LAW CLERK:  Did plaintiffs prove by a preponderance of

18    the evidence that defendant PA is liable for the January 27,

19    2002 attack because the PA knowingly provided material support

20    or resources that were used in preparation for or in carrying

21    out this attack?

22          FOREPERSON:  Yes.

23          LAW CLERK:  Did plaintiffs prove by a preponderance of

24    the evidence that defendant PA is liable for the January 27,

25    2002 attack because an employee of the PA, acting within the

F2N8SOKF

scope of his employment and in furtherance of the activities of

the PA, either carried out, or knowingly provided material

support or resources that were used in preparation for or in

carrying out, this attack?

             FOREPERSON:  Yes.

             LAW CLERK:  Page 3.  King George Street bombing.

             Did plaintiffs prove by a preponderance of the

evidence that defendant PLO is liable for the March 21, 2002

attack because the PLO knowingly provided material support or

resources that were used in preparation for or in carrying out

this an attack?

             FOREPERSON:  Yes.

             LAW CLERK:  Did plaintiffs prove by a preponderance of

the evidence that defendant PA is liable for the March 21, 2002

attack because the PA knowingly provided material support or

resources that were used in preparation for or in carrying out

this attack?

             FOREPERSON:  Yes.

             LAW CLERK:  Did plaintiffs prove by a preponderance of

the evidence that defendant PA is liable for the March 21, 2002

attack because an employee of the PA, acting within the scope

of his employment and in furtherance of the activities of the

PA, either carried out, or knowingly provided material support

or resources that were used in preparation for or in carrying

out, this attack?

1              FOREPERSON:  Yes.

2              LAW CLERK:  Page 4.  French Hill bombing.

3              Did plaintiffs prove by a preponderance of the

4     evidence that defendant PLO is liable for the June 19, 2002

5     attack because the PLO knowingly provided material support or

6     resources that were used in preparation for or in carrying out

7     this attack?

8              FOREPERSON:  Yes.

9              LAW CLERK:  Did plaintiffs prove by a preponderance of

10    the evidence that defendant PA is liable for the June 19, 2002

11    attack because the PA knowingly provided material support or

12    resources that were used in preparation for or in carrying out

13    this attack?

14             FOREPERSON:  Yes.

15             LAW CLERK:  Did plaintiffs prove by a preponderance of

16    the evidence that defendant PLO is liable for the June 19, 2002

17    attack because the PLO knowingly provided to the Al Aqsa

18    Martyrs' Brigade, after its designation as a foreign terrorist

19    organization, material support or resources that were used in

20    preparation for or in carrying out this attack?

21             FOREPERSON:  Yes.

22             LAW CLERK:  Did plaintiffs prove by a preponderance of

23    the evidence that defendant PA is liable for the June 19, 2002

24    attack because the PA knowingly provided to the Al Aqsa

25    Martyrs' Brigade, after its designation as a foreign terrorist

F2N8SOKF

1    organization, material support or resources that were used in

2    preparation or in carrying out this attack?

3            FOREPERSON:  Yes.

4            LAW CLERK:  Page 5.  Hebrew University bombing.

5            Did plaintiffs prove by a preponderance of the

6    evidence that defendant PLO is liable for the July 31, 2002

7    attack because the PLO knowingly provided material support or

8    resources that were used in preparation for or in carrying out

9    this attack?

10           FOREPERSON:  Yes.

11           LAW CLERK:  Did plaintiffs prove by a preponderance of

12   the evidence that defendant PA is liable for the July 31, 2002

13   attack because the PA knowingly provided material support or

14   resources that were used in preparation for or in carrying out

15   this attack?

16           FOREPERSON:  Yes.

17           LAW CLERK:  Did plaintiffs prove by a preponderance of

18   the evidence that defendant PA is liable for the July 31, 2002

19   attack because an employee of the PA, acting within the scope

20   of his employment and in furtherance of the activities of the

21   PA, either carried out, or knowingly provided material support

22   or resources that used in preparation for or in carrying

23   out, this attack?

24           FOREPERSON:  Yes.

25           LAW CLERK:  Page 6.

F2N8SOKF

1          Did plaintiffs prove by a preponderance of the

2     evidence that the defendant PLO is liable for the July 31, 2002

3     attack because the PLO knowingly provided to Hamas, after its

4     designation as a foreign terrorist organization, material

5     support or resources that were used in preparation for or in

6     carrying out this attack?

7          FOREPERSON:  Yes.

8          LAW CLERK:  Did plaintiffs prove by a preponderance of

9     the evidence that defendant PA is liable for the July 31, 2002

10    attack because the PA knowingly provided to Hamas, after its

11    designation as a foreign terrorist organization, material

12    support or resources that were used in preparation for or in

13    carrying out this attack?

14         FOREPERSON:  Yes.

15         LAW CLERK:  Did plaintiffs prove by a preponderance of

16    the evidence that defendant PLO is liable for the July 31, 2002

17    attack because the PLO harbored or concealed a person who the

18    PLO knew, or had reasonable grounds to believe, committed or

19    was about to commit this attack?

20         FOREPERSON:  Yes.

21         LAW CLERK:  Did plaintiffs prove by a preponderance of

22    the evidence that defendant PA is liable for the July 31, 2002

23    attack because the PA harbored or concealed a person who the PA

24    knew, or had reasonable grounds to believe, committed or was

25    about to commit this attack?

F2N8SOKF

1        FOREPERSON:  Yes.

2        LAW CLERK:  Page 7.  Bus No. 19 bombing.

3        Did plaintiffs prove by a preponderance of the

4   evidence that defendant PLO is liable for the January 29, 2004

5   attack because the PLO knowingly provided material support or

6   resources that were used in preparation for or in carrying out

7   this attack?

8        FOREPERSON:  Yes.

9        LAW CLERK:  Did plaintiffs prove by a preponderance of

10   the evidence that defendant PA is liable for the January 29,

11   2004 attack because the PA knowingly provided material support

12   or resources that were used in preparation for or in carrying

13   out this attack?

14        FOREPERSON:  Yes.

15        LAW CLERK:  Did plaintiffs prove by a preponderance of

16   the evidence that defendant PA is liable for the January 29,

17   2004 attack because an employee of the PA, acting within the

18   scope of his employment and in furtherance of the activities of

19   the PA, either carried out, or knowingly provided material

20   support or resources that were used in preparation for or in

21   carrying out, this attack?

22        FOREPERSON:  Yes.

23        LAW CLERK:  Page 8.

24        Did plaintiffs prove by a preponderance of the

25   evidence that defendant PLO is liable for the January 29, 2004

F2N8SOKF

attack because the PLO knowingly provided the to the Al Aqsa

Martyrs' Brigade, after its designation as a foreign terrorist

organization, material support or resources that were used in

preparation for or in carrying out this attack?

FOREPERSON:  Yes.

LAW CLERK:  Did plaintiffs prove by a preponderance of

the evidence that defendant PA is liable for the January 29,

2004 attack because the PA knowingly provided to the Al Aqsa

Martyrs' Brigade, after its designation as a foreign terrorist

organization, material support or resources that were used in

preparation for or in carrying out this attack?

FOREPERSON:  Yes.

LAW CLERK:  Page 10.  Jaffa Road shooting.

What amount of damages, if any, do you award as

compensation for plaintiff Elise Gould's injuries that you

determine were caused by the January 22, 2002 terrorist attack?

FOREPERSON:  $3 million.

LAW CLERK:  What amount, if any, do you award for

plaintiff Ronald Gould?

FOREPERSON:  $3 million.

LAW CLERK:  What amount, if any, do you award for

plaintiff Shayna Gould?

FOREPERSON:  $20 million.

LAW CLERK:  What amount, if any, do you award for

plaintiff Jessica Rine?

F2N8SOKF

1           FOREPERSON:  $3 million.

2           LAW CLERK:  Page 11.

3           What amount, if any, do you award for plaintiff Henna

4    Novack Waldman?

5           FOREPERSON:  $2,500,000.

6           LAW CLERK:  What amount, if any, do you award for

7    plaintiff Morris Waldman?

8           FOREPERSON:  $2,500,000.

9           LAW CLERK:  What amount, if any, do you award for

10   plaintiff Shmuel Waldman?

11          FOREPERSON:  $7,500,000.

12          LAW CLERK:  Page 12.

13          What amount, if any, do you award for plaintiff Elana

14   Sokolow?

15          FOREPERSON:  $2,500,000.

16          LAW CLERK:  This is the Jaffa Road bombing.

17          What amount, if any, do you award for plaintiff Jamie

18   Sokolow?

19          FOREPERSON:  $6,500,000.

20          LAW CLERK:  What amount, if any, do you award for

21   plaintiff Lauren Sokolow?

22          FOREPERSON:  $5 million.

23          LAW CLERK:  What amount, if any, do you award for

24   plaintiff Mark Sokolow?

25          FOREPERSON:  $5 million.

F2N8SOKF

1          LAW CLERK:  Page 13.

2          What amount, if any, do you award for plaintiff Rena

3  Sokolow?

4          FOREPERSON:  $7,500,000.

5          LAW CLERK:  Page 14.  King George Street bombing.

6          What amount, if any, do you award for plaintiff Alan

7  Bauer?

8          FOREPERSON:  $7 million.

9          LAW CLERK:  What amount, if any, do you award for

10  plaintiff Binyamin Bauer?

11          FOREPERSON:  $1 million.

12          LAW CLERK:  What amount, if any, do you award for

13  plaintiff Daniel Bauer?

14          FOREPERSON:  $1 million.

15          LAW CLERK:  What amount, if any, do you award for

16  plaintiff Yehonathon Bauer.

17          FOREPERSON:  $25 million.

18          LAW CLERK:  Page 15.

19          What amount, if any, do you award for plaintiff Yehuda

20  Bauer?

21          FOREPERSON:  $1 million.

22          LAW CLERK:  Page 16.  French Hill bombing.

23          What amount, if any, do you award for plaintiff

24  Leonard Mandelkorn?

25          FOREPERSON:  $10 million.

F2N8SOKF

1           LAW CLERK:  Page 17.  Hebrew University bombing.

2           What amount, if any, do you award for plaintiff

3    Katherine Baker?

4           FOREPERSON:  $6 million.

5           LAW CLERK:  What amount, if any, do you award for

6    plaintiff Benjamin Blutstein?

7           FOREPERSON:  $2,500,000.

8           LAW CLERK:  What amount, if any, do you award for

9    plaintiff Rebekah Blutstein?

10           FOREPERSON:  $4 million.

11           LAW CLERK:  Page 18.

12           What amount, if any, do you award for plaintiff

13    Richard Blutstein?

14           FOREPERSON:  $6 million.

15           LAW CLERK:  What amount, if any, do you award for

16    plaintiff Diane Carter?

17           FOREPERSON:  $1 million.

18           LAW CLERK:  What amount, if any, do you award for

19    plaintiff Larry Carter?

20           FOREPERSON:  $6,500,000.

21           LAW CLERK:  What amount, if any, do you award for

22    plaintiff Shaun Choffel?

23           FOREPERSON:  $1,500,000.

24           LAW CLERK:  What amount, if any, do you award for

25    plaintiff Robert L. Coulter, Jr.?

3936

F2N8SOKF

1           FOREPERSON:  $3 million.

2           LAW CLERK:  What amount, if any, do you award for

3   plaintiff Diane Coulter Miller?

4           FOREPERSON:  $3 million.

5           LAW CLERK:  What amount, if any, do you award for

6   plaintiff Robert L. Coulter, Sr.?

7           FOREPERSON:  $7,500,000.

8           LAW CLERK:  Page 19.

9           What amount, if any, do you award for plaintiff Janis

10   Ruth Coulter?

11           FOREPERSON:  $2,500,000.

12           LAW CLERK:  What amount, if any, do you award for

13   plaintiff David Gritz?

14           FOREPERSON:  $2,500,000.

15           LAW CLERK:  What amount, if any, do you award for

16   plaintiff Nevenka Gritz?

17           FOREPERSON:  $10 million.

18           LAW CLERK:  What amount, if any, do you award for

19   plaintiff Nevenka Gritz as successor to Norman Gritz?

20           FOREPERSON:  $2,500,000.

21           LAW CLERK:  Page 20.

22           Bus No. 19 bombing.

23           What amount, if any, do you award to plaintiff Chana

24   Goldberg?

25           FOREPERSON:  $8 million.

F2N8SOKF

1          LAW CLERK:  What amount, if any, do you award to

2     plaintiff Eliezer Goldberg?

3          FOREPERSON:  $4 million.

4          LAW CLERK:  What amount, if any, do you award to

5     plaintiff Esther Goldberg?

6          FOREPERSON:  $8 million.

7          LAW CLERK:  What amount, if any, do you award for

8     plaintiff Karen Goldberg?

9          FOREPERSON:  $13 million.

10          LAW CLERK:  Page 21.

11          What amount, if any, do you award to plaintiff

12     Shoshana Goldberg?

13          FOREPERSON:  $4 million.

14          LAW CLERK:  What amount, if any, do you award to

15     plaintiff Tzvi Goldberg?

16          FOREPERSON:  $2 million.

17          LAW CLERK:  What amount, if any, do you award to

18     plaintiff Yaakov Goldberg?

19          FOREPERSON:  $2 million.

20          LAW CLERK:  What amount, if any, do you award to

21     plaintiff Yitzhak Goldberg?

22          FOREPERSON:  $6 million.

23          THE COURT:  Poll the jury, please.

24          (Jury polled; each juror answered in the affirmative)

25          THE COURT:  Ladies and gentlemen, I thank you very

F2N8SOKF

```
1    much for your service as jurors in this case.  I have to tell
2    you that we recognize how serious a responsibility that you
3    have and you had and how seriously you took that
4    responsibility.  I know that this was a major disruption of
5    both your personal and your professional lives to serve as
6    jurors on this case.
7              So at this point I am going to discharge you from any
8    further jury service with the thanks of the Court.  Thank you
9    very much.
10             (Jury excused)
11             THE COURT:  If you intend to submit further motions,
12   just send me a letter within the next 30 days indicating a
13   schedule for that and I will wait to hear from the parties.
14             MR. YALOWITZ:  We will give you a form of judgment
15   this afternoon.  Would you prefer that by hand or e-mail?
16             THE COURT:  Make sure the other side has it first, but
17   either way, you can prepare and send it to me and I will wait
18   to see if there is any response from the other side.
19             MR. ROCHON:  In terms of our post verdict 50(b)
20   motion, we would orally ask for an extension of the page limits
21   to 50 pages at this time.
22             MR. YALOWITZ:  We oppose that.
23             THE COURT:  I will grant you that.
24             MR. ROCHON:  Nothing else from us.
25             THE COURT:  I will wait to hear from the parties.
```

F2N8SOKF

1          MR. YALOWITZ:  Thank you, your Honor.

2          MR. ROCHON:  Thank you.

3          (Trial concluded)