UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 397 (GBD) (RLE)

## REPLY IN SUPPORT OF REQUEST FOR PREJUDGMENT INTEREST

After two bites at the apple, defendants have failed to offer any authority to counter plaintiffs' showing that this Court has discretion to award prejudgment interest and that the four-factor test established by the Second Circuit for awarding such interest plainly supports an award. Indeed, there is no material difference between this case and *In re Terrorist Attacks on Sept. 11, 2001*, 2012 WL 4711407 (S.D.N.Y. Oct. 3, 2012) ("*In re Terrorist Attacks*"), in which this Court awarded prejudgment interest.

### A.    The Court Has Discretion To Award Prejudgment Interest

The Second Circuit has long held that district courts have discretion to award prejudgment interest. *E.g.*, *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998); *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2d Cir. 1995). Defendants do not, and cannot, dispute the four-factor test: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Gierlinger*, 160 F.3d at 873 (citation omitted); *Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831, 834 (2d Cir. 1992).

Although defendants pay lip service to this test, their principal argument is that interest is not allowed in cases that involve treble or punitive damages. That is wrong. Defendants cite no Second Circuit decision holding that prejudgment interest is unavailable in such cases because there is no such decision. To the contrary, the Second Circuit recently affirmed an award of pre-judgment interest in a case where the district court trebled the amount of the plaintiff's lost profits. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 263 (2d Cir. 2014) (Lanham Act); *see also Businessland Rents, Inc. v. Brian Bros.*, 1991 WL 249679 (E.D. Ill. Nov. 14 1991) (prejudgment interest and treble damages awarded under RICO).

Defendants purport to rely on the Second Circuit's decision in *Wickham*, but, as we have shown (DE 830 at 5-6), that case shows only that the existence of treble damages is a factor that this Court should *consider*. *See Wickham*, 955 F.2d at 835 (discussing *Trans World Airlines v. Hughes*, 449 F.2d 51, 80 (2d. Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973) and clarifying that previous Second Circuit case law merely "suggested" that a punitive damages award might weigh against granting prejudgment interest).

Defendants rely on *Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 237-40 (D.R.I. 2004).[1] But other terrorism cases go the other way, including this Court's decision in *In re Terrorist Attacks*. *See, e.g.*, *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 214-15 (D.D.C. 2012) (FSIA case: "It has taken the plaintiff nearly a decade to pursue this suit against those who perpetrated his father's abduction. Because of the nature of the plaintiff's

---

[1] The premise that underlies *Ungar*'s rationale for denying prejudgment interest—that the ATA's trebling provision is punitive in nature—has been rejected. *See Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 148-49 (D.C. Cir. 2011) ("The Palestinian Authority's central premise is false. Treble damages are statutory or liquidated damages—not punitive damages.") (Brown, J.) (concurring in part, dissenting in part).

loss and the considerable delay that is necessary to secure judgment, the court concludes that pre-judgment interest is appropriate in this case."); *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48 (D.D.C. 2011); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 530 F. Supp. 2d 216 (D.D.C. 2008).[2]

Defendants argue that this Court erred in *In re Terrorist Attacks* because that case involved a default judgment in which the defendants did not file objections to the magistrate judge's report and recommendation. We disagree. This Court's decision in *In re Terrorist Attacks* was well within the discretion granted by applicable law. To be sure, that case involved punitive damages rather than treble damages, but given the remedial nature of the treble damages provision—that distinction hurts defendants rather than helps them. *See Rothstein v. UBS AG*, 772 F. Supp. 2d 511, 516 (S.D.N.Y. 2011) ("Section 2333 is a remedial civil statute that provides compensation to victims who demonstrate they were injured 'by reason of' an act of international terrorism."); *Knox v. PLO*, 442 F. Supp. 2d 62, 76 (S.D.N.Y. 2006) (in finding that step-children

---

[2] Defendants do not address *Pugh* and *Baker*. In *Pugh*, the court awarded prejudgment interest in an ATA case that awarded treble damages. Similarly, in *Baker*, the court awarded both compensatory damages and $450 million in punitive damages against Syria in a FSIA case, and, citing *Pugh,* also awarded prejudgment interest. *Pugh* and *Baker* also demonstrate why the cases cited on pages 7-8 of defendants' memorandum are distinguishable. Defendants cite a few RICO cases and one Clayton Act case for the proposition that prejudgment interest is not appropriate where the statutory scheme provides for treble damages. Defendants have not even come close to refuting this case law, including the case law stating that the treble damages provision of the ATA *does not* provide a plaintiff with full compensation in appropriate cases. For example, the *Pugh* court stated: "Prejudgment interest is an element of complete compensation" under the ATA. 530 F. Supp. 2d at 264. Moreover, the court held that failure to award prejudgment interest on the compensatory portion of an award under the ATA "undermines the deterrent effect" of treble damages, because the trebled award would be lower if interest is not included: "The denial of prejudgment interest systematically undercompensates the victims and undeters putative offenders." *Id.* Similarly, the *Baker* court stated: "Prejudgment interest is entirely appropriate in this case, and necessary to fully compensate the victims for the injuries they sustained as a result of Syria's material support of [a designated FTO]. Such awards compensate the victims for any delay due to litigation, and prevent Syria from profiting from its terrorist attacks." 775 F. Supp. 2d at 86.

could sue under the ATA for damages stemming from an attack on their step-father, court cited "the broad remedial purpose of section 2333"); *see also* DE 830 at 4 (discussing Antiterrorism Act of 1992, H.R. Rep. No. 102-1040, at 5 (1992)); *Estate of Parsons*, 651 F.3d at 149 n.10 ("The ATA's legislative history confirms that the primary purpose of the statutory multiplier is to deter future acts of terrorism, not to punish the defendant's moral culpability.") (Brown, J.).

Defendants argue that the Court is somehow foreclosed from awarding prejudgment interest on the theory that (a) plaintiffs' counsel recommended damages amounts to the jury that supposedly were based on some "framework" set out in a case called *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 269 (D.D.C. 2006), and (b) *Heiser* held that prejudgment interest is not available. DE 888 at 4-5. Both premises are false. To begin, plaintiffs never mentioned *Heiser* to the jury or the Court. The jury made its decisions based on the evidence before it, and the Court was crystal clear that the arguments of counsel were just that—arguments, not evidence. In addition, defendants' argument that the *Heiser* framework is "designed to fully compensate a plaintiff" is without support. *Heiser* does not say that the awards it discusses were "designed to fully compensate a plaintiff." Those are defendants' words, not those of the Court. In fact, *Heiser* does not discuss prejudgment interest at all.

In short, whether to award pre-judgment interest (and whether to treble it) are decisions committed to the sound discretion of this Court.

### B.    Prejudgment Interest Is Necessary To Compensate Plaintiffs Fully

Defendants state that "[p]laintiffs explicitly asked the jury to make their awards based on calculations of economic *and non-economic damages* reflected in December 2014 dollars." DE 888 at 9 (emphasis added). That is false. Defendants' only support for that argument is the testimony of plaintiffs' two economic experts Michael Soudry and Dov Weinstein, who made their

4

*economic* damages calculation in 2014 dollars, but offered no evidence on *non-economic* damages. Defendants' assertion that the jury awarded every penny of *economic* damages computed by Soudry and Weinstein is suspect, since the jury did not request any trial exhibits prepared by those two experts. If the Court wishes to be conservative on this point, it could adopt one of the interest computations by defendants' expert—who assumed that no interest should be awarded on approximately $2.7 million of the $218.5 million verdict. But there is no basis to conclude that the jury considered either prejudgment interest or the time value of money in reaching its verdict. The Second Circuit faced a similar situation in *Gierlinger*, which reversed a district court's denial of prejudgment interest because the verdict form did not "require the jury to engage in complicated computations of interest, but merely ask[ed] it to find the amount of" damages, "the concept of prejudgment interest was at no point mentioned to the jury," and "[a]lthough [the jury was] instructed that it would be required to reduce to present value any amounts that it found . . . the jury was not instructed that its duties included the calculation of interest . . . . " 160 F.3d at 874.

Defendants' argument (DE 888 at 13-14) that the "vast majority" of the damages award here constitutes future damages is also incorrect. The jury was not asked to break down the damages in this manner. It is entirely possible that the entirety of the award is for past losses, as plaintiffs clearly testified to a myriad of injuries arising immediately following the attacks. Courts in this Circuit look to the record to determine whether a portion of a damages award may be attributed to future damages. *See Gierlinger*, 160 F.3d at 875. In making this evaluation, an important indicator is what the jury was told regarding the calculation of future damages. *See Gierlinger*, 160 F.3d at 875 (jury's failure to request assistance in discounting future damages to present value suggested that jury did not award any future damages); *Magee v. U.S. Lines, Inc.*,

976 F.2d 821, 823 (2d Cir. 1992) ("The district court instructed the jury to discount its award for future losses back only to the time of trial.  Accordingly, prejudgment interest cannot be awarded for that portion of the jury's award representing postjudgment losses.").  In this case, the only time that the jury heard anything about the concept of the time value of money was during the testimony of the economic experts on the very limited damages attributable to lost earnings.  Based on this record, then, there is no reason to conclude that the jury awarded significant future damages.

### C. Prejudgment Interest Is Appropriate For Non-Economic Damages

Defendants cite non-terrorism cases to argue that prejudgment interest should not be granted for non-economic "speculative" injuries.  DE 888 at 14-15.  To begin, plaintiffs' non-economic damages in this case are not "speculative."  There was extensive testimony supporting such damages at trial—from a psychiatrist, a doctor of rehabilitative medicine, and the plaintiffs themselves.  Indeed, defendants chose not to cross-examine these witnesses or present any damages evidence of their own, even though they had designated five expert witnesses on physical and emotional injury.

Moreover, cases in the terrorism context have awarded prejudgment interest on non-economic damages, and defendants do not even attempt to explain why this Court should reject those precedents.  For example, in *In re Terrorist Attacks*, this Court found that the Magistrate Judge "properly determined that prejudgment interest is appropriate on Plaintiffs' damages for solatium and pain and suffering."  2012 WL 4711407, at *3.  Similarly, the *Pugh* and *Baker* decisions granted prejudgment interest on awards for non-economic injuries.  *Pugh*, 530 F. Supp. 2d at 263-65; *Baker*, 775 F. Supp. 2d at 86; *see also Opati v. Republic of Sudan,* 2014 WL 3687125, at *10 (D.D.C. July 25, 2014) (same).  Defendants' cases (DE 888 at 14-15) largely

concern back-pay awards in employment disputes, which is not the situation presented here.[3]

### D. This Court Has Discretion To Compute Interest At The Prime Rate

In awarding prejudgment interest, the Court has discretion to select the interest rate. Defendants argue that the prime rate is not appropriate because plaintiffs do not have an "investment risk." This is not economically reasonable—plaintiffs are in the position of an unsecured creditor. Because the prime rate is the rate that banks charge their best and most creditworthy customers, using it here is generous to defendants since they would likely have to pay above prime to borrow money from a commercial bank. In fact, this Court stated in *In re Terrorist Attacks* that "[a]n appropriate measure of what rate to use when calculating prejudgment interest is the prime rate." 2012 WL 4711407. Other courts have reached the same conclusion. *E.g.*, *Opati*, 2014 WL 3687125, at *10 ("An award of prejudgment interest at the prime rate is appropriate in this case."); *Baker*, 775 F. Supp. 2d at 86 ("An appropriate measure of what rate to use when calculating prejudgment interest is the prime rate, *i.e.*, the rate banks charge for short-term unsecured loans to credit-worthy customers.").

If the Court does not select the prime rate as the appropriate rate for prejudgment interest in this case, plaintiffs recommend the 10-year Treasury rate. This rate would at least account for the 10-year delay through the judgment, caused primarily by defendants' "scorched-earth" approach to the case.

---

[3] In any event, even in the context of workplace claims, courts have awarded prejudgment interest on non-economic damages. *Robinson v. Instructional Sys., Inc.,* 80 F. Supp. 2d 203, 207 (S.D.N.Y. 2000) ("[C]ourts also exercise their discretion to award prejudgment interest on compensatory awards when interests of fairness and full compensation to the plaintiff so require[.]").

## CONCLUSION

The Court should overrule defendants' objection and enter an award of prejudgment interest at the prime rate.

Dated: New York, New York
March 19, 2015

**ARNOLD & PORTER LLP**

By: /s/ Kent A. Yalowitz
Kent A. Yalowitz
*KENT.YALOWITZ@APORTER.COM*
Philip W. Horton
*PHILIP.HORTON@APORTER.COM*
Lucy S. McMillan
*LUCY.MCMILLAN@APORTER.COM*
Carmela T. Romeo
*CARMELA.ROMEO@APORTER.COM*
Tal R. Machnes
*TAL.MACHNES@APORTER.COM*

399 Park Avenue
New York, New York  10022
(212) 715-1000