**Twentieth Count**: **(Detailed Incident File 17869/04 Moriah Station)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) and 7(c) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970; and Section 14 and 2 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The above named Defendant, within and outside the Region, on February 22, 2004, was an accomplice in intentionally causing the deaths of others, specifically:

As a result of the suicide terrorist attack carried out by the suicide terrorist Mohamed Za'ul, with the intention of causing the deaths of Israeli citizens, and whom the Defendant transported to carry out the suicide terrorist attack, as detailed in the sixteenth count of the indictment – the death of **the late Mr. Ilan Avisidris** was caused.

**Twenty-First Count**: **(Detailed Incident File 17869/04 Moriah Station)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) and 7(c) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970; and Section 14 and 2 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**Details of the Offense:** The above named Defendant, within and outside the Region, on February 22, 2004, was an accomplice in intentionally causing the deaths of others, specifically:

As a result of the suicide terrorist attack carried out by the suicide terrorist Mohamed Za'ul, with the intention of causing the deaths of Israeli citizens, and whom the Defendant transported to carry out the suicide terrorist attack, as detailed in the sixteenth count of the indictment – the death of **the late Mr. Benaya Yehonatan Zuckerman** was caused.

**Twenty-Second Count**: **(Detailed Incident File 17869/04 Moriah Station)**

**Nature of the Offense:** Intentionally causing death, an offense pursuant to Section 51(a) and 7(c) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970; and Section 14 and 2 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

[Stamp] P 2: 276

**<u>Details of the Offense</u>:** The above named Defendant, within and outside the Region, on February 22, 2004, was an accomplice in intentionally causing the deaths of others, specifically:

As a result of the suicide terrorist attack carried out by the suicide terrorist Mohamed Za'ul, with the intention of causing the deaths of Israeli citizens, and whom the Defendant transported to carry out the suicide terrorist attack, as detailed in the sixteenth count of the indictment – the death of **<u>the late Mr. Lior Azulay</u>** was caused.

[Stamp] P 2: 276 [continued]

**<u>Twenty-Third Count</u>: <u>(Detailed Incident File 17869/04 Moriah Station)</u>**

**<u>Nature of the Offense</u>:** Intentionally causing death, an offense pursuant to Section 51(a) and 7(c) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970; and Section 14 and 2 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**<u>Details of the Offense</u>:** The above named Defendant, within and outside the Region, on February 22, 2004, was an accomplice in intentionally causing the deaths of others, specifically:

As a result of the suicide terrorist attack carried out by the suicide terrorist Mohamed Za'ul, with the intention of causing the deaths of Israeli citizens, and whom the Defendant transported to carry out the suicide terrorist attack, as detailed in the sixteenth count of the indictment – the death of **<u>the late Mr. Netanel Havshush</u>** was caused.

**<u>Twenty-Fourth Count</u>: <u>(Detailed Incident File 17869/04 Moriah Station)</u>**

**<u>Nature of the Offense</u>:** Attempting to intentionally cause death, an offense pursuant to Section 51(a) and 7(c) of the Security Provisions (Judea and Samaria) Order (No. 378), 5730-1970; and Sections 19-20, 14 and 2 of the Criminal Liability (Judea and Samaria) Order (No. 225), 5728-1968.

**<u>Details of the Offense</u>:** The above named Defendant, within and outside the Region, on February 22, 2004, was an accomplice in attempting to intentionally cause the deaths of others, specifically:

As a result of the suicide terrorist attack carried out by the suicide terrorist Mohamed Za'ul, with the intention of causing the deaths of Israeli citizens, and whom the Defendant transported to carry out the suicide terrorist attack, as detailed in the sixteenth count of the indictment – over 50 civilians were wounded with injuries ranging from severe to light; in addition, the suicide terrorist died.

Naji Amar, Captain
Military Prosecutor
[Signature]

[Stamp] P 2: 277

**List of Prosecution Witnesses**

1.  95311-7  Staff Sergeant Major Moshe Levy (took the Defendant's statement dated March 30, 2004).
2.  44862 Senior Staff Sergeant Major Nissim Argaman (took the Defendant's statement dated April 15, 2004).
3.  410066625 Abdul Rahman (Zaher) Yousef Abdul Rahman Maqdad (under arrest in Prosecution File 1238/04).
4.  901415984 Hilmi Abdel Karim Mohamed Hamash (under arrest in Prosecution File 1300/04).

[Stamp] P 2: 277 [continued]

5. 906194063 Izz A-Din Khaled Hussein al-Hamamra (under arrest in Prosecution File 1246/04).
6. 920629276 Ali Mohamed Hamed Abu Haliel (under arrest in Prosecution File 1216/04).
7. 901739656 Ahmed Salah Ahmed Salah (under arrest in Prosecution File 1247/04).

**Detailed Incident File 09891/04 Special Duties Department Jerusalem** (Suicide terrorist attack on the Number 19 bus)

8. 43438654 Nir Azulay (Details held by the Prosecution).
9. 80408453 Idnan Sa'ida (Details held by the Prosecution).
10. Risha Kariz (Details held by the Prosecution).
11. Svetlana Milniker (Details held by the Prosecution).
12. Olga Skrifa (Details held by the Prosecution).
13. 055661458 Dorit Shalev (Details held by the Prosecution).
14. 07788383 Yosef Hadad (Details held by the Prosecution).
15. 0300679925 Moshe Benita (Details held by the Prosecution).
16. 038583837 Carmel Shreier (Details held by the Prosecution).
17. 053927372 Aliza Eliyahu (Details held by the Prosecution).
18. 0307353110 Lilya Sariga (Details held by the Prosecution).
19. 307207332 Irina Potiomkin (Details held by the Prosecution).
20. 058123977 Gad Listenberg (Details held by the Prosecution).
21. 002379493 Miriam Deri (Details held by the Prosecution).
22. 056521644 Vered Luzon (Details held by the Prosecution).
23. 035816180 David Bar-Sela (Details held by the Prosecution).
24. 034325944 Yael Rubinstein (Details held by the Prosecution).
25. 071666614 Naim Barzavi (Details held by the Prosecution).
26. 001909134 Sarah Keisar (Details held by the Prosecution).
27. 321135395 Lidia Weiner (Details held by the Prosecution).
28. 054584362 Bahira Saado (Details held by the Prosecution).
29. Medical License No. 73774 Dr. Komber (Medical documents relating to Mr. Naim Barzavi).
30. Medical License No. 24151 Dr. Michlevsky (Medical documents relating to Ms. Sarah Keisar).

[Stamp] P 2: 278

31. Medical License No. 25068 Dr. Yutkin (Medical documents relating to Ms. Bahira Saado).
32. Dr. A Wolf (Medical documents relating to Ms. Bahira Saado).
33. Opinion of the Bomb Laboratory (to be provided later).
34. Medical documents.
35. Victim lists (institutional records).

**<u>Detailed Incident File 17869/04 Moriah Station</u>** (Suicide terrorist attack on the Number 14 bus)

[Stamp] P 2: 278 [continued]

36. 7449502 Amotz Nili (Details held by the Prosecution).
37. 9797523 Avraham David (Details held by the Prosecution).
38. 31464167 Binyamin Ben Lulu (Details held by the Prosecution).
39. 7633634 Azoulay Shoshana (Details held by the Prosecution).
40. 03083175 David Ben Hamo (Details held by the Prosecution).
41. 024942724 Yaniv Levy (Details held by the Prosecution).
42. 303717631 Boris Piskra (Details held by the Prosecution).
43. 0304050040 Victoria Tatarik (Details held by the Prosecution).
44. 311825574 Maya Melinitzer (Details held by the Prosecution).
45. 003416716 Dov Goldflam (Details held by the Prosecution).
46. 040182115 Asaf Cohen (Details held by the Prosecution).
47. Dr. A. Deutsch (Medical documents).
48. 324605005 Ala Lazarenko (Details held by the Prosecution).
49. Dr. Flor (Medical documents).
50. 321868663 Natalia Sorpin (Details held by the Prosecution).
51. Dr. Sharon Flor (Medical documents).
52. 065322471 Avraham Pur (Details held by the Prosecution).
53. 0801523812 Issa Abid (Details held by the Prosecution).
54. 039276126 Eliyahu Mizrahi (Details held by the Prosecution).
55. 075775239 Meir Aharon (Details held by the Prosecution).
56. 039195862 Efrat Sivan Simon (Details held by the Prosecution).
57. 200713410 Gal-Or Shemesh (Details held by the Prosecution).
58. 34985 Dr. Hamara Jerabi (Medical documents).
59. 009797523 David Avraham (Details held by the Prosecution).
60. 21503 Dr. Shalom Friedman (Medical documents).
61. 043553338 Liran Ben Siman-Tov (Details held by the Prosecution).
62. 22674 Dr. Binyamin Parson (Medical documents).
63. 066079948 Yosef Slavusky (Details held by the Prosecution).
64. 024942724 Yaniv Levi (Details held by the Prosecution).
65. 009797523 David Avraham (Details held by the Prosecution).
66. 034441659 Noa Diatlovitzky (Details held by the Prosecution).
67. 34991 Dr. Miki Avital (Medical documents).
68. 030803175 David Ben Hamo (Details held by the Prosecution).
69. 054973698 Shimon Shoshan (Details held by the Prosecution).

[Stamp] P 2: 279

70.  0300302668 May Shirizli (Details held by the Prosecution).

71.  35035 Dr. Goldman (Medical documents).

72.  025300955 Yehuda Malul (Details held by the Prosecution).

73.  031503105 Oded Havshush (Details held by the Prosecution).

74.  Medical documents (institutional records).

75.  307048298 Limor Betaryaev (Seizure Report).

76.  969480516 Issa Za'ul (Genetic samples).

77.  969480524 Badia Za'ul (Genetic samples).

78.  Staff Sergeant Shadi Rabah (Memorandum).

79.  4668654 Eli Malka (Memo).

80.  Opinion of the Bomb Laboratory (to be provided later).

81.  73160-4 Chief Inspector Igor Pekerman (Seizure and Marking Report).

82.  Prof. Y. His (Pathology Opinion).

83.  Dr. V. Karsin.

84.  Dr. Kenneth Frank Gerston (Pathology Opinion).

85.  Dr. Z. Cahana.

86.  Dr. R. Nachman (Pathology Opinion).

87.  Dr. K. Zaitsev.

88.  Dr. Chen Kugel (Opinion of the National Institute for Forensic Medicine).

89.  Dr. Levi Birtolon (Pathology Opinion).

90.  Dr. Kenneth Frank Gerston (Pathology Opinion).

91.  Death Certificates.

[Stamp] P 2: 280

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, *et al.*,

Plaintiffs,

vs.

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

**DECLARATION OF RINA NE'EMAN**

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P 2: 266-280

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document designated bearing the bates number P 2: 266-280.

Dated: March 6, 2014

Rina Ne'eman

ss.: New Jersey

On the 6 day of March, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
6 day of March, 2014

Leonor Troyano
Notary Public

LEONOR TROYANO
ID # 2385580
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/8/2014

**צבא הגנה לישראל**

בבית המשפט הצבאי
ב י ה ו ד ה
בפני הרכב

תיק בימ"ש 2268/04
תיק תביעה 1338/04
תיק פ.א. 1667/04 חברון
9891/04 מת"מ י-ם
178694/04 מוריה

במשפט שבין:

**התובע הצבאי**

**- המאשים -**

**- נ ג ד -**

**מוחמד עיסא מוחמד מעאלי**

(עצור מיום 29/3/04)

ת.ז. 907377113 יליד 9/10/77 מבית-לחם

**- הנאשם -**

כתב אישום וצו עצירה
תאריך 30/5/04
הודעה בעברית
[illegible]

**כתב אישום**

הנאשם הנ"ל מואשם בזאת, בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** יידוי חפץ מבעיר, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור, בתחילת חודש אוקטובר 00' או בסמוך לכך, יידה חפץ מבעיר בכוונה לגרום למותו של אחר או פציעתו, דהיינו:

במועד הנ"ל, יידו הנאשם הנ"ל וחבריו מחמוד מוג'רבי, ג'סאן חסן ע"א-ג'ואד ואח' בקבוקי תבערה לעבר כוחות צה"ל.

**פרט שני:**

**מהות העבירה:** יידוי פצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה:** הנאשם הנ"ל, באזור, במהלך חודש אפריל 02' או בסמוך לכך, היה שותף ליידוי פצצה עם אחרים בכוונה לגרום למותו של אחר או לפציעתו, דהיינו:

במועד הנ"ל, במספר הזדמנויות שונות, יידה הנאשם הנ"ל וחבריו מטעני צינור לעבר כוחות צה"ל שעברו בבית-לחם.

**פרט שלישי:**

**מהות העבירה:** הנחת פצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945; וסעיף 14 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה:** הנאשם הנ״ל, באזור, במהלך חודש אפריל 04׳ או בסמוך לכך, היה שותף להנחת פצצה מתוך כוונה לגרום למותו של אחר או לפציעתו, דהיינו:

במועד הנ״ל, הניחו הנאשם הנ״ל וחבריו חמזה בעורה, פארס אלחסנאת ואח׳ מטען חבלה במשקל 12 ק״ג סמוך לתחנת דלק ״דרווישי״ במקום בו עוברים כלי רכב צבאיים.

**פרט רביעי:(פ״א 09891/04 מת״מ ירושלים)**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו״ש) (מס׳ 378), תש״ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו״ש) (מס׳ 225), תשכ״ח – 1968.

**פרטי העבירה:** הנאשם הנ״ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

1. בתחילת חודש ינואר 04׳ או בסמוך לכך, תיכננו ע״א-רחמאן (זאהר) יוסף ע״א-רחמאן מקדאד (להלן – **ע״א-רחמאן מקדאד**) והפעיל הצבאי אחמד מוג׳רבי ועלי מחמד חמאד אבו-הלאיל (להלן – **עלי אבו-הלאיל**) לבצע פיגועים נגד מטרות ישראליות שכללו פיגועי התאבדות.

2. בסמוך לכך פנה הפעיל הצבאי חלמי ע״א-כרים מחמד המאש (להלן – **חלמי המאש**) אל עלי ג׳עארה והציע לו להפגישו עם פעיל צבאי שישלח אותו לביצוע פיגוע התאבדות. עלי ג׳עארה (להלן – **המתאבד**) הביע נכונות לכך.

   בהתאם לכך, הפגיש חלמי המאש את הפעיל הצבאי אחמד צלאח אחמד צלאח (המכונה: אחמד אבו-עידב) (להלן – **אחמד אבו-ע׳דב**) עם המתאבד בפגישה שבמהלכה בירר אחמד אבו-עידב עם המתאבד את מידת נכונותו לבצע פיגוע התאבדות.

   במהלך הפגישה הביע המתאבד נכונות לבצע את הפיגוע. בהתאם ביקש אחמד אבו-עידב מהמתאבד להתכונן לביצוע פיגוע ההתאבדות.

3. בסמוך לכך, החל ע״א-רחמאן מקדאד בייצור חומר נפץ שישמש בביצוע פיגוע ההתאבדות וזאת באמצעות חומרים שהעביר אליו הפעיל הצבאי עלי אבו-הלאיל. בנוסף עידכן אחמד אבו-עידב את ע״א-רחמאן מקדאד בדבר איתור מתאבד המוכן לבצע את פיגוע ההתאבדות, וביקש ממנו כי יכין בדחיפות את תיק הנפץ כדי שישמש בביצוע פיגוע ההתאבדות.

4. ע״א-רחמאן מקדאד ביקש מאחמד אבו-ע׳דב לקנות עבורו חומרים לייצור תיק הנפץ (שכללו בין היתר: תיק, סוללות, מפסק וכו׳...). אחמד אבו-ע׳דב נענה בחיוב ורכש ביחד עם חלמי המאש את כל שנתבקש. בנוסף, ניסו אחמד אבו-ע׳דב וחלמי המאש למצוא מצלמת וידאו ע״מ לצלם את המתאבד בטרם ביצוע הפיגוע, אולם לא הצליחו בכך – ולפיכך החליטו להוציא את המתאבד לביצוע הפיגוע מבלי לצלמו במצלמת וידאו.

5. בסמוך לכך, פנה אחמד אבו-ע׳דב אל **הנאשם הנ״ל** וביקש ממנו להוביל מתאבד החמוש בחגורת נפץ לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. הנאשם הביע נכונות לכך.

בהתאם לכך, הפגיש אחמד אבו-ע׳דב את הנאשם עם המתאבד.

6. במקביל לאמור לעיל, ייצר ע״א-רחמאן מקדאד את תיק הנפץ לביצוע פיגוע התאבדות באמצעותו; עידכן את אחמד אבו-ע׳דב בכך וביקש ממנו כי יבוא ע״מ לקחת את תיק הנפץ.

7. כעבור מספר דקות, הגיע אחמד אבו-ע׳דב יחד עם המתאבד והנאשם לביתו של ע״א-רחמאן מקדאד; הנאשם המתין בחוץ ואילו המתאבד ואחמד אבו-ע׳דב נכנסו לביתו של ע״א-רחמאן מקדאד. האחרון הסביר לאחמד אבו-ע׳דב ולמתאבד על אופן הפעלת תיק הנפץ והעביר להם את תיק הנפץ ע״מ שזה ישמש בפיגוע התאבדות וזאת בכוונה לגרום למותם של אזרחים ישראליים.

8. בסמוך לכך, יצאו הנאשם, המתאבד ואחמד אבו-ע׳דב לכיוון האוניברסיטה בבית-לחם; שם נטרל אחמד אבו-ע׳דב את מנגנון האבטחה של מטען החבלה ע״מ להכין אותו לפעולה. לאחר-מכן עזב אחמד אבו-ע׳דב את הנאשם עם המתאבד.

9. לאחר שאחמד אבו-ע׳דב עזב אותם בסמוך לשעה 6:30, הוביל הנאשם את המתאבד לירושלים דרך כפר הוולג׳ה, עד שהגיעו סמוך לקניון מלחה בירושלים, שם נפרד הנאשם מהמתאבד וחזר לאיזור.

10. בסמוך לכך, עלה המתאבד לאוטובוס אגד בקו 19 שנסע לכיוון כיכר פריז; כשהגיע האוטובוס לפינת רחובות ארלוזורוב ועזה, סמוך לשעה 8:45, הפעיל המתאבד את תיק הנפץ שהחזיק עליו בכוונה לגרום למותם של מספר רב של בני אדם. כתוצאה מכך, התפוצץ תיק הנפץ בתוך האוטובוס (להלן – **פיגוע ההתאבדות**).

11. כתוצאה מפיגוע ההתאבדות נגרם מותו של **<u>אברהם בלחסן ז״ל</u>**.

P 2: 268

**<u>פרט חמישי</u>**: **(<u>פ"א 09891/04 מת"מ ירושלים</u>)**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **<u>גב' חנה בונדר ז"ל</u>**.

**<u>פרט שישי</u>**: **(<u>פ"א 09891/04 מת"מ ירושלים</u>)**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **<u>גב' ענת דרום ז"ל</u>**.

**<u>פרט שביעי</u>**: **(<u>פ"א 09891/04 מת"מ ירושלים</u>)**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **<u>מר יחזקאל גולדברג ז"ל</u>**.

**פרט שמיני**: **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר ולדי צדיק מנגרה ז"ל**.

**פרט תשיעי**: **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר ויורל אוקטביא פלורסקו ז"ל**.

**פרט עשירי**: **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' רוזה בונה ז"ל**.

**פרט אחד עשר** : **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' דנה איטח ז"ל**.

**פרט שנים עשר** :**(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר רומן חונדיאשווילי ז"ל**.

**פרט שלושה עשר** :**(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותו של **מר אלי צפורה ז"ל**.

**פרט ארבעה עשר**: **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נגרם מותה של **גב' נטליה גמריל ז"ל**.

**פרט חמישה עשר**: **(פ"א 09891/04 מת"מ ירושלים)**

**מהות העבירה**: ניסיון גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיפים 19-20, 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 29/1/04, היה שותף לניסיון גרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד עלי ג'עארה בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כמפורט בפרט האישום הרביעי – נפצעו יותר מ-50 אזרחים בדרגות פציעה קשות וקלות; וכן מת המחבל המתאבד.

**פרט שישה עשר**: **(פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מסי 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מסי 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

1. מספר ימים לפני למועד הנ"ל, תיכננו ע"א-רחמאן מקדאד והפעיל הצבאי עז-אלדין עליאן לבצע פיגוע התאבדות וזאת במטרה לגרום למותם של אזרחים ישראליים.

עז-אלדין עליאן הודיע לע"א-רחמאן מקדאד כי איתר אדם בשם מוחמד זעול (להלן – **המתאבד**) המוכן לבצע פיגוע התאבדות.

2. ביום 17/2/04 או בסמוך לכך, נפגש עז-אלדין עליאן עם המתאבד בכפר חוסאן, במהלך הפגישה הסכים המתאבד לבצע את פיגוע ההתאבדות המתוכנן. בסיומה סיכם עז-אלדין עליאן עם המתאבד להיפגש עימו בסמוך לכנסיית המולד בבית-לחם ביום 21/2/04 בשעה 16:00.

3. עז-אלדין עליאן עידכן את ע״א-רחמאן מקדאד בדבר תוכן הפגישה ובדבר הסכמתו של המתאבד לבצע את פיגוע ההתאבדות; בהתאם לכך, יצר ע״א-רחמאן מקדאד קשר עם אחיו הפעיל הצבאי מאהר מקדאד שגר בעזה, עידכן אותו בדבר התכנון לבצע פיגוע ההתאבדות, וביקש ממנו סכום של 3,000 ₪, ע״מ להכין את תיק הנפץ לפיגוע ההתאבדות וכן ולקנות מצלמת וידאו לצורך צילום המתאבד (וזאת בהתאם לבקשתו של מאהר מקדאד לצלם את המתאבד בטרם ביצוע פיגוע ההתאבדות).

מאהר מקדאד נענה בחיוב והעביר לחשבון בבנק הערבי בבית-לחם, שרשום על שמו של ע״א-רחמאן מקדאד, סכום של 3,000 ₪ לצורך מימון פיגוע ההתאבדות, וזאת כפי שסוכם עם ע״א-רחמאן מקדאד.

4. ביום 18/2/04 או בסמוך לכך, ניגש ע״א-רחמאן מקדאד לבנק הערבי בבית-לחם ומשך את סכום הכסף שהועבר אליו ממאהר מקדאד.

ע״א-רחמאן מקדאד רכש באמצעות חלק מסכום הכסף מצלמת וידאו ומצלמה רגילה לצורך צילום המתאבד. כמו-כן העביר לעלי אבו-הלאיל ואחמד אבו-עידב סכום כסף וזאת ע״מ שירכשו חומרים לצורך הכנת תיק הנפץ לפיגוע ההתאבדות.

5. בהתאם, עלי אבו-הלאיל קיבל מהפעיל הצבאי חאתם זכריא מחמוד אלאערג׳ (להלן – **חאתם אלאערג׳**) 4 ליטר חומר כימי מסוג מי-חמצן ומהפעיל הצבאי אחמד עודה 40 ליטר חומר כימי מסוג אצטון; עלי אבו-הלאיל העביר לע״א-רחמאן מקדאד 12 ליטר חומר כימי מסוג מי-חמצן ו-12 ליטר חומר כימי מסוג אצטון.

6. ביום 20/2/04 ייצרו ע״א-רחמאן מקדאד, עלי אבו-הלאיל ועז-אלדין עליאן את תיק הנפץ המיועד לביצוע פיגוע ההתאבדות.

7. בסמוך לכך, ביקש ע״א-רחמאן מקדאד מאחמד אבו עידב לבדוק עם הנאשם הנ״ל אם הוא מוכן להוביל את המתאבד לביצוע פיגוע ההתאבדות. בהתאם לכך, נפגש אחמד אבו-עידב עם הנאשם וביקש ממנו כי יוביל מתאבד נוסף לביצוע פיגוע התאבדות בתוך שטח מדינת ישראל. הנאשם נענה בחיוב לכך.

באותו יום בשעות הערב, הגיע אחמד אבו-עידב לביתו של ע״א-רחמאן מקדאד כאשר ברשותו כרוז שעליו כתוב ״חוליית איימן גיודה של ארגון גדודי חללי אלאקצא״; אחמד אבו-עידב העביר את הכרוז לע״א-רחמאן

P 2: 273

מקדאד וזאת כדי שישמש כתמונת רקע בעת צילומו של המתאבד – וכמו-כן עידכן את ע״א-רחמאן מקדאד כי הנאשם מוכן להוביל את המתאבד.

8. למחרת בבוקר, העביר אחמד אבו-עידב לע״א-רחמאן מקדאד מסמרי ברזל, ע״מ שהאחרון ידביק אותם לתיק הנפץ וזאת כדי להגביר ולהחמיר את הפגיעות בעת פיצוץ מטען הנפץ. ע״א-רחמאן מקדאד קיבל את מסמרי הברזל והדביק אותם לתיק הנפץ.

באותו יום, סמוך לשעה 16:10, הגיע עז-אלדין עליאן מלווה במתאבד לביתו של ע״א-רחמאן מקדאד ע״מ להכין אותו לקראת היציאה לפיגוע.

בנוסף, הביא אחמד אבו-עידב לע״א-רחמאן מקדאד רובה קלצ׳ניקוב ורימון יד וזאת ע״מ שזה יצלם את המתאבד כשהוא מחזיק ברשותו אמל״ח זה.

9. ע״א-רחמאן מקדאד ועז-אלדין עליאן נתנו למתאבד אוכל ובגדים חדשים. לאחר שסעדו ביחד עם המתאבד את ארוחת הערב כתב עז-אלדין עליאן צוואה עבור המתאבד; ע״א-רחמאן מקדאד ועז-אלדין עליאן צילמו את המתאבד כשהוא מקריא את הצוואה שלו. כשסיימו לצלם את המתאבד החל ע״א-רחמאן מקדאד לייצר את תיק הנפץ שישמש בביצוע פיגוע ההתאבדות. סמוך לשעה 5:30 בבוקר של היום שלמחרת סיים ע״א-רחמאן לייצר את תיק הנפץ.

10. כשסיים לייצר את תיק הנפץ, כאמור ביום 22/4/04, התקשר ע״א-רחמאן מקדאד אל אחמד אבו-עידב, הודיע לו כי הכל מוכן וביקש ממנו לבוא ע״מ להוציא את המתאבד לביצוע פיגוע ההתאבדות.

בהתאם לכך, יצר אחמד אבו-עידב קשר עם הנאשם וביקש ממנו כי ייפגש עימו. שניהם נפגשו וביחד נסעו לכיוון ביתו של ע״א-רחמאן מקדאד בו הסתתר המתאבד. אחמד אבו-עידב ביקש מהנאשם כי להמתין בסמוך למקום הנמצא במרכז בית-לחם.

11. בסמוך לשעה 6:00 הגיע אחמד אבו-עידב לביתו של ע״א-רחמאן מקדאד, לקח ממנו את תיק הנפץ ויצא ביחד עם המתאבד לכיוון מרכז בית-לחם; שם הפגיש את המתאבד עם הנאשם. משם יצא המתאבד יחד עם הנאשם לכיוון ירושלים כאשר הם עוברים דרך כפר וולג׳ה וזאת ע״מ לבצע את פיגוע ההתאבדות המתוכנן.

12. הנאשם הוביל את המתאבד למקום הנמצא בסמוך לקניון מלחה בירושלים; שם נפרד ממנו וחזר לאיזור.

13. בסמוך לאחר-מכן עלה המתאבד לאוטובוס אגד בקו 14 שנסע מכיוון דניה לכיוון גן הפעמון. כשנעצר האוטובוס באחד הרמזורים הפעיל המתאבד את תיק הנפץ בכוונה לגרום למותם של מספר רב של בני אדם. כתוצאה מכך התפוצץ תיק הנפץ בתוך האוטובוס (להלן – **פיגוע ההתאבדות**).

14. כתוצאה מפיגוע ההתאבדות נגרם מותה של **גב' יפה בן שימול ז"ל**.

**פרט שבעה עשר**: **(פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר יובל אוזנה ז"ל**.

**פרט שמונה עשר**: **(פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר רחמים דוגה ז"ל**.

**פרט תשעה עשר**: **(פ"א 17869/04 תחנת מוריה)**

**מהות העבירה**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970 ; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**פרטי העבירה**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו :

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **מר יהודה חיים ז"ל**.

**<u>פרט עשרים</u>: <u>(פ"א 17869/04 תחנת מוריה)</u>**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **<u>מר אילן אביסדריס ז"ל</u>**.

**<u>פרט עשרים ואחד</u>: <u>(פ"א 17869/04 תחנת מוריה)</u>**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **<u>מר בניה יונתן צוקרמן ז"ל</u>**.

**<u>פרט עשרים ושניים</u>: <u>(פ"א 17869/04 תחנת מוריה)</u>**

**<u>מהות העבירה</u>**: גרימת מוות בכוונה, עבירה לפי סעיף 51(א) ו- 7(ג) לצו בדבר הוראות ביטחון (יו"ש) (מס' 378), תש"ל – 1970; וסעיף 14 ו- 2 לצו בדבר כללי האחריות לעבירה (יו"ש) (מס' 225), תשכ"ח – 1968.

**<u>פרטי העבירה</u>**: הנאשם הנ"ל, באזור ומחוץ לאזור, בתאריך 22/2/04, היה שותף לגרימת מותם של אחרים בכוונה, דהיינו:

כתוצאה מפיגוע ההתאבדות שאותו ביצע המתאבד מוחמד זעול בכוונה לגרום למותם של אזרחים ישראליים ושהנאשם הוביל אותו לביצוע פיגוע ההתאבדות, כאמור בפרט האישום הששה עשר – נגרם מותו של **<u>מר אזולאי ליאור ז"ל</u>**.