

[Stamp] PLAINTIFF'S EXHIBIT 295

Date: 2 Av 5766  
July 27, 2006

Case No.: 2270/04

## The Judea Military Court

Before the Honorable Presiding Judge:    Major Ronen Atzmon  
                              Judge:    Major Adrian Agasi  
                              Judge:    Major Menachem Lieberman

The Military Prosecution  
(Represented by Lieutenant Tomer Horovitz)

- v. -

The Defendant: Abdul Rahman Yousef Abdul Rahman Maqdad, Identity No. 41410066625 / Israel Prison Service – present  
(Represented by Counsel, Adv. Osama Ouda – present)

Stenographer: Corporal Liat Wieg  
Interpreter: Corporal Majd Katish

---

The Presiding Judge opens the session and identifies the Defendant.

## Course of the Hearing

Defendant: Adv. Ouda is representing me.

Defense Counsel: The defense was supposed to give a summation today. The position of the Defendant is that he does not want me to give a summation and his position is that all of the facts in the indictment are correct and his position is that he murdered and injured all of the people who were mentioned in the indictment, but he did it within the framework of his struggle against the occupation. It is the right of the Defendant to do so and therefore, although he murdered, he does not think that he is pleading guilty.

Defendant: I confirm that the facts of the indictment are correct, as my defense counsel has said. I do not plead guilty; the Court can decide whether I am guilty or not.

Prosecutor: The Prosecution has filed summations. In view of the confession of the Defendant in the indictment, I ask that he be convicted of that which has been attributed to him.

[Stamp] P 2: 314

## Verdict

Based on the Defendant's admission of the facts in the indictment, we have examined the counts of the indictment and are satisfied that the admission of the facts is sufficient in order to substantiate the guilt of the Defendant on all of the counts of the indictment.

We must point out that we have found no basis for any legal defense to the vague contention of Counsel for the Defense, that the Defendant committed the acts based on the thought that by doing so he was resisting the "occupation" and therefore he is not guilty.

Therefore, we state that there is no reservation with respect to the criminal liability of the Defendant for the acts to which he has admitted.

We therefore convict the Defendant for all of the offenses that appear in the indictment; in other words:

A. ✓ Shooting at a person, under Section 58 (A) of the Defense Regulations.

B. ✓ Possession of war materiel, under Section 53 (A) (1) of the Security Provisions Order.

C. ✓ Four counts of attempt to cause intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and under Section 19, 20 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

D. ✓ Nineteen counts of causing intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

E. ✓ Four counts of conspiring to cause intentional death, an offense under Section 51 of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and under Sections 21, 22 of the Rules of Responsibility for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 2: 314 [continued]

Date: 2 Av 5766  
July 27, 2006

Case No.: 2270/04

Handed down and announced this day, July 27, 2006, in public and in the presence of the parties.

[Signature]

[Stamp] P 2: 315

[Stamp] P 2: 315 [continued]

Date: 2 Av 5766
July 27, 2006

Case No.: 2270/04

## The Judea Military Court

Before the Honorable Presiding Judge: Major Ronen Atzmon
The Judge: Major Adrian Agasi
The Judge: Major Menachem Lieberman

**The Military Prosecution**
(Represented by Lieutenant Tomer Horovitz)

- v. -

**The Defendant: Abdul Rahman Yousef Abdul Rahman Maqdad, Identity No. 41410066625**
/ Israel Prison Service – present
(Represented by Counsel, Adv. Osama Ouda – present)

### Sentence

[stamp] P 2: 510

life

A right of appeal within 30 days of the issue of the arguments is conferred.

Handed down and announced this day, July 27, 2006, in public, in the presence of the parties.

| [Signature] | [Signature] | [Signature] |
|---|---|---|
| **Judge** | **Presiding Judge** | **Judge** |

[Stamp] P 2: 316 [continued]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P2: 314-316.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P2: 314-316.

_____
Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

*[signature]*
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2332704

תאריך: ב' אב, תשס"ו           תיק מס': 2271/04
27 יולי 2006

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון
השופט: רס"ן אדריאן אגסי
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625/ שב"ס – נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

רשמת: רב"ט ליאת וויג
מתורגמן: רב"ט מג'ד קטיש

אב"ד פתח את הישיבה וזיהה את הנאשם.

## מהלך הדיון

נאשם: מייצג אותי עו"ד עודה.

סנגור: הסנגוריה אמורה הייתה לסכם היום. עמדת הנאשם היא שהוא לא רוצה שאני אסכם ועמדתו היא שכל העובדות בכתב האישום הן נכונות וכן עמדתו שהוא רצח ופצע את כל האנשים שנזכרו בכתב האישום, אבל הוא עשה את זה במסגרת מאבקו נגד הכיבוש. זכותו של הנאשם לעשות כך ולפיכך, ולמרות שהוא רצח, הוא לא חושב שהוא מודה.

נאשם: אני מאשר שעובדות כתב האישום נכונות, כפי שאמר סנגורי. אני לא מודה, ביהמ"ש יכול להחליט אם אני אשם או לא.

תובע: התביעה הגישה סיכומים. לאור הודאתו של הנאשם בכתב האישום אבקש להרשיעו בכל המיוחס לו.

## הכרעת - דין

על יסוד הודאתו של הנאשם בעובדות כתב האישום, בחנו את פרטי האישום ושוכנענו כי די בהודאה בעובדות כדי לבסס את אשמתו של הנאשם בכל פרטי האישום.

נציין, כי בטענתו הסתמית של הסנגור, כי הנאשם עשה את המעשים מתוך מחשבה שבכך הוא מתנגד ל"פעולות הכיבוש" ועל כן אין הוא מודה באשמתו, לא מצאנו בסיס להגנה משפטית כלשהי.

לפיכך, אנו קובעים כי לא קיים סייג לאחריות הפלילית של הנאשם למעשים שבהם הודה.

אנו מרשיעים, אפוא, את הנאשם בכל העבירות המופיעות בכתב האישום, דהיינו:

✓ א. ירי לעבר אדם, לפי תקנה 58(א) לתקנות ההגנה.
✓ ב. החזקת אמל"ח, לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון.
✓ ג. 4 פרטים של ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התשל"ל 1970 ולפי סעיף 19,20 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח 1968.
✓ ד. 19 פרטים של גרימת מוות בכוונה, עבירה לפי סעיף 51 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), התשל"ל- 1970.
✓ ה. 4 פרטים של קשירת קשר לגרימת מוות בכוונה עבירה לפי סעיף 51 לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), התשל"ל 1970 ולפי סעיף 21,22 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח 1968.

-1-

תאריך: ב' אב, תשס"ו                            תיק מס': 2271/04
27 יולי 2006

1  ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.
2
3
4  שופט        אב"ד        שופט
5
6  תובע: אין ראיות לעונש.
7
8  סנגור: אין ראיות לעונש.
9
10  תובע מסכם: הנאשם הורשע על סמך הודאתו בחלקו בשני פיגועים אשר גרמו סך הכול למותם של
11  19 אזרחים חפים מפשע ולפציעה של עשרות נוספים. אני לא חושב שיש מקום להכביר מילים
12  בחומרתם של המעשים, רצח בדם קר של חפים מפשע. הנאשם אף לא הביע כל חרטה על מעשיו,
13  וגם היום כשהוא ניצב כאן ונותן את דינו, הוא עדיין תומך במעשים. התביעה הצבאית תבקש
14  מכב' ביהמ"ש לגזור על הנאשם עונש מאסר עולם מצטברים בגין כל אחד ואחד מההרוגים. כמו
15  כן, אנו נבקש לגזור על הנאשם במצטבר שני מאסרי עולם נוספים בגין הפציעות אשר נגרמו בכל
16  אחד משני הפיגועים בהם נטל הנאשם חלק, וכן עונש הולם בגין יותר העבירות המיוחסות לו בכתב
17  האישום. אני רוצה להפנות את כב' ביהמ"ש לע' אוי"ש 2793/04 מונדר טר, שם הורשע הנאשם
18  בחלקו בפיגוע בירושלים בו נהרג אזרח וכן נפצעו אזרחים רבים נוספים. ביהמ"ש גזר על הנאשם
19  עונש של שני מאסרי עולם מצטברים- אחד בגין גרימת מותו של אותו אדם שמצא את מותו
20  בפיגוע, והשני בגין הניסיון לגרום למותם של אזרחים נוספים, שרבים מהם נפצעו באותו פיגוע,
21  וכן מאסר הולם בגין יתר העבירות. אני חושב שיש לגזור בגין אותם ניסיונות שונים מאסרי עולם
22  נוספים נפרדים ולכן ביקשתי שני מאסרי עולם נוספים. אני חושב שהעונש יבטא את עיקרון
23  קדושת החיים.
24
25  סנגור מסכם: אני לא יכול לפרט את עמדתו של הנאשם כמו שהוא יעשה. לפיכך, הסיכומים שלי
26  יהיו דברו האחרון של הנאשם.
27
28  הנאשם בדברו האחרון: אני מודה בכל מי שהרגתי מישראל, אך אני לא אשם, כי זו זכותי: תגובה
29  על עשרות האלפים שהרגתם אתם אותנו בלי שום סיבה, רק בגלל שאתם חושבים על עצמכם הכי
30  טובים בעולם ואם אתם ממשיכים בשיטה הזאת בחיים שלכם לא תישמעו או תרגישו את השלום
31  או הביטחון. כל הסיבה הזאת זה אתם והפוליטיקה שלכם, של הכיבוש.
32  אני אדבר על עצמי, אני מבטיח לכם, לשופטים, אם יהיה שלום אנחנו נהיה חברי השלום ואם
33  אתם ממשיכים באותה דרך, אני אהיה הראשון לקרב ואני גם הבטחתי שיבוא יום שאני אשב
34  במקומך ואשפוט אתכם על כל מה שגרמתם לעם הפלסטיני. זו הבטחה שתתקיים בקרוב. אני
35  מבטיח לך שאני אצא מהכלא ומה שיהיה העונש זה כבוד בשבילי ונותן כבוד לאשתי ולבן שלי וגם
36  לבן שלי שהוא בן 3, אני מקווה שעד שיגדל שיהיה משהו שקוראים לו "שלום". אם תחיה
37  מלחמה, כמו שאתם רגילים לזה, להרוג את הילדים והתינוקות, ואני מקווה ממנו להיות יותר
38  לוחם ויותר להיאבק ממני.
39
40  ביהמ"ש מפסיק את הנאשם. הנאשם מסרב לעמוד בעת הקראת גזר הדין, ולכן מוצא מן האולם.
41
42  לאחר הפסקה, ביהמ"ש מחזיר את הנאשם לאחר שהביע נכונות לעמוד בעת קריאת גזר הדין.

-2-

P 2: 315

תאריך: ב' אב, תשס"ו                                    תיק מס': 2271/04
27 יולי 2006

## בית המשפט הצבאי יהודה

בפני כב' האב"ד: רס"ן רונן עצמון
השופט: רס"ן אדריאן אגסי
השופט: רס"ן מנחם ליברמן

התביעה הצבאית
(באמצעות סגן תומר הורוביץ)

נגד

הנאשם: עבד אלרחמאן יוסף עבד אלרחמאן מקדאד ת.ז 41410066625/ שב"ס – נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה- נוכח)

### גזר-דין

לאחר ששקלנו את טענות הצדדים ואת דבריו האחרונים של הנאשם על רקע מעשיו, החלטנו להטיל עליו את העונשים הבאים:

א. בגין גרימת מותו בכוונה של מר אברהם בלחסן ז"ל - מאסר עולם.
ב. בגין גרימת מותו בכוונה של גב' חנה בונדר ז"ל - מאסר עולם.
ג. בגין גרימת מותו בכוונה של גב' ענת דרום ז"ל - מאסר עולם.
ד. בגין גרימת מותו בכוונה של מר יחזקאל גולדברג ז"ל - מאסר עולם.
ה. בגין גרימת מותו בכוונה של מר ולדי צדיק מנברה ז"ל - מאסר עולם.
ו. בגין גרימת מותו בכוונה של מר ויורל אוקטביא פלורסקו ז"ל - מאסר עולם.
ז. בגין גרימת מותו בכוונה של גב' רוחה בונה ז"ל - מאסר עולם.
ח. בגין גרימת מותו בכוונה של גב' דנה איטח ז"ל - מאסר עולם.
ט. בגין גרימת מותו בכוונה של מר רומן חודיאשווילי ז"ל- מאסר עולם.
י. בגין גרימת מותו בכוונה של מר אלי צמורה ז"ל - מאסר עולם.
יא. בגין גרימת מותו בכוונה של גב' נטליה גמריל ז"ל - מאסר עולם.
יב. בגין גרימת מותו בכוונה של גב' יפה בן שימול ז"ל - מאסר עולם.
יג. בגין גרימת מותו בכוונה של מר יובל אוזנה ז"ל - מאסר עולם.
יד. בגין גרימת מותו בכוונה של מר רחמים דוגה ז"ל - מאסר עולם.
טו. בגין גרימת מותו בכוונה של מר יהודה חיים ז"ל - מאסר עולם.
טז. בגין גרימת מותו בכוונה של מר אילן אביסדריס ז"ל- מאסר עולם.
יז. בגין גרימת מותו בכוונה של מר בניה יונתן צוקרמן ז"ל - מאסר עולם.
יח. בגין גרימת מותו בכוונה של מר אזולאי ליאור ז"ל - מאסר עולם.
יט. בגין גרימת מותו בכוונה של מר נתנאל חבשוש ז"ל - מאסר עולם.
כ. בגין פציעתם של עשרות אנשים בפיגוע מיום 29/01/04- מאסר עולם.
כא. בגין פציעתם של עשרות אנשים בפיגוע מיום 22/02/04- מאסר עולם.
כב. בגין יתר פרטי האישום בהם הורשע הנאשם- 15 שנים.

כל העונשים ירוצו במצטבר.

נימוקי גזר הדין יינתנו בנפרד.

זכות ערעור תוך 30 יום מיום מתן הנימוקים.

ניתן והודע היום, 27/07/06, בפומבי ובמעמד הצדדים.

שופט      אב"ד      שופט

-3-