תאריך : ל' אב, תשס"ו  
24, אוגוסט 2006  

תיק מס' : 2303/04

1  
ת/ 24 עמ' 1 שורה 13     2  
3  
"למה ביקשת שחילמי המאש יבוא איתך? מה הסיבה?     4  
כדי שיבוא איתי לעלי ג'ערה באתי לחילמי ואמרתי לו שבעזרת השם עלי ג'ערה יוצא     5  
בבוקר לעשות פיגוע התאבדות ושיבוא איתי אליו ואז חילמי אמר לי שיש לו אורחים     6  
והוא עסוק ."     7  
8  
9  
ת/23 עמ' 2 ועמ' 3 4-5     10  
11  
"מה שאני רוצה להוסיף עכשיו זה שבבוקר אחרי שעלי געארה יצא לפיגוע התקשר     12  
אלי חילמי המאש בערך בשעה 09:00-08:30     13  
בבוקר ושאל אותי מה עלי אמרתי לו שהבחור יצא לעבודה אחרי זה שוב התקשר     14  
אלי חילמי וסיפר לי ששיפור בחדשות שהיה פיגוע התאבדות בירושלים ולמחרת     15  
סיפר לי חלמי שהיה טאבור (- מסדר בוקר א.ד ) בבית לחם במרכז המשטרה וחיפשו     16  
את עלי געארה וחילמי לא סיפר להם כלום "     17  
18  
**שלישית** בדיקת עדות הנאשם בפני בית המשפט והשוואתה עם הראיות     19  
האחרות שהוגשו בהסכמה ( ת/ 23, ת/24, ת/1 , ת/2 ) מראה כי אין הגרסה     20  
אותה גרס הנאשם מתיישבת או מפרשת את סדר הדברים באופן המיטיב עם     21  
הנאשם הנאשם אינו מצליח ליישב את הסתירות עם אמרותיו שלו או עם     22  
אמרות אחמד צלאח בקשר אליו, לגבי אמרות צלאח שהוגשו בהסכמה לא עלתה     23  
כל הסתייגות. משעה שקשר צלאח את הנאשם כאיש שהביא אליו את     24  
המתאבד, עקב אחרי התקדמות הפיגוע, קיבל הודעה ערב לפניו, והודיע כי חיפה     25  
על המתאבד במקום עבודתו בבוקר שלמחרת – הרי עדות הנאשם אשר אינה     26  
מסבירה דבר מכל אלה ומיחסת חזות תמימה לחלוטין אינה יכולה לעמוד עוד .     27  
יותר מזה דברי הנאשם בבית המשפט עשויים לשמש אף חיזוק לדברי אחמד     28  
צלאח באשר הוא מאשר בהם את היכרותם הקרובה, את קניית מלח הלימון     29  
בצוותא את מסירתו עם צאלח לזאהר שאותו הכיר בשמו.     30  
31  
**רביעית** : עולה מאמרות אחמד צלאח שחילמי המאש ידע מתחילה ועד לסוף     32  
שעלי גע'רה עומד לבצע פיגוע התאבדות בהנחיית אחמד צלאח.     33  
34  
הנאשם היה זה שגייס את עלי לפיגוע ההתאבדות וקישר בינו ובין אחמד צלח     35  
ומכאן שמעשיו מעידים על יסודות הידיעה והחפץ בתוצאת הטבח ההמוני.     36  
37  
יש לזכור כי הנאשם שידע ערב לפני הפיגוע על הכוונה לבצע את  הפיגוע אף     38  
חיפה על המתאבד במקום עבודתם המשותף ברש"פ.     39  
40  
הנאשם, לא די שלא ניתק עצמו מהקשר כטענת הסניגור אלא אף יכול היה אף     41  
למנוע את תוצאת הפיגוע אם היה מדווח למפקדיו ברש"פ את עילת נפקדותו של     42  
עלי ג'ערה ממסדר הבוקר .     43  
44  
**תוספת ראייתית**: אף שאין בכך צורך הרי אמרותיו של הנאשם ת/1 ות/2     45  
מחזקות את ת/23 ו- ת/24 באמרותיו מספר הנאשם שעלי ג'ערה שעבד עימו     46  
ברש"פ סיפר לו שהוא רוצה לעשות פיגוע התאבדות והוא זה שהוליך אליו את     47  
אחמד צלאח אשר ביקש לו קורבן .     48  
אצטט לעניין זה דווקא את ת/1 שאליה הפנה הסניגור וביקש בעבורה     49  
להתעלם מת/2 .     50  
51  

-5-

תאריך : ל' אב, תשס"ו          תיק מס' : 2303/04
24, אוגוסט 2006

ת/1 עמ' 2 שורה 5

"דיבר איתי אחמד אל ע/זה ואמר לי שאחפש לו מישהו שרוצה לעשות פיגוע התאבדות או פיגועי ירי ואני שמעתי את עלי ג'עארה הרבה פעמים שדיבר עם האנשים ולכולם סיפר שהוא רוצה לעשות פיגוע התאבדות ואני ידעתי שהוא איש מסכן והוא היה עובד גם במשטרה הפלסטינית"

מכאן אנחנו למדים שהנאשם הבדיל היטב בין "פיגועי ירי" ו"פיגועי התאבדות" ולכן אין יסוד להבחנה אותה מציע הסניגור אשר הזמין אותנו לדון את הנאשם על יסוד דבריו בת/1 בלבד גם לשיטתו נעשה על ידי הנאשם בידיעה מלאה שידוך בין מתכנן הפיגוע לבין האיש המסכן ( גם לדבריו!) שהיה אמור לשמש כמרעום – אדם לפצצה .

כך או כך בת/2 אשר הוגשה גם היא בהסכמה מלאה מפרט הנאשם עמ' 2 שורה 9

"עלי אמר לי כי רוצה חגורת נפץ כבדה כדי להרוס את העולם ואז לאחר שראיתי כי עלי מוכן מבחינה נפשית לפיגוע העברתי אותו לאחמד אבו ע/דב ........ ושבוע לפני הפיגוע יצאתי עם אחמד אבו ע/דב לבית לחם ושם קנינו 7 ק"ג מלח לימון וארבע בטריות ונסענו לדוחא שם אחמד מסר את החומרים לזאהר בעוד אני ממתין ברכב ואחמד אמר לי כי לאחר הפיגוע יכיר לי את זאהר מקדאד שמכין את המטענים ואת מחמד מעאלי שתפקידו להוביל את המתאבדים"

דברים אלה, מגלמים ידיעת התוצאה ופעולה למען תוצאה שהנאשם חפץ בה ללא ספק כשותף מלא בביצוע הפיגוע תוך שהוא מנצל בידיעין את מצבו הנפשי הקשה של עלי ג'ערה ומשתמש בו לשם קידום תוכנית של פיגוע נפץ ואף מחפה על הפיגוע ויוזמיו תוך מעילה בתפקידיו ברש"פ ובחובות שהיו לו כלובש מדים.

לא די בזאת שהיה כאן יסוד נפשי של כוונה רצחנית אלא יסוד עובדתי של שליטה מלאה בכל שלב, מעקב וידיעה בכל שלב ויכולת להפסיק את מעשה הטבח המתוכנן ע"י מעשה פשוט של דיווח לממונים .
הנאשם לא עשה כן ובכך שימש כחוליה הכרחית שבלעדיה אין בביצוע הפיגוע ונטל חלק חשוב בידיעין ובכוונה בכל שלבי תכנונו וביצועו של הטבח ואף מנע את סיכולו של הטבח תוך שהוא מחפה על עלי ג'ערה. הנאשם הינו חלק בלתי נפרד מהמעגל הפנימי של ביצוע העבירה ומכאן שיש להרשיעו כשותף מלא לביצועה ולא כמסייע.

העולה מן המקובץ הוא שביקשתי לי ספק בכוונת הנאשם ולא מצאתיהו .

אני מציע לחברי להרשיע את הנאשם כשותף בעבירות המיוחסות לו.

**פרט אישום 16:** (החזקת אמל"ח – החזקת אקדח וכדורי רובה בשנים 2001-2002 )

**טענות התביעה:** התביעה מבססת את טענתה להרשעת הנאשם על אמרתו ת/2 בלבד.

**טענות ההגנה** : ההגנה לא טענה דבר בנוגע לאישום זה .

**דיון:**

-6-

תאריך: ל' אב, תשס"ו                                תיק מס': 2303/04
24, אוגוסט 2006

1  **ראייה מרכזית**: הראייה המרכזית לאישום זה הינה אמרת הנאשם ת/2 אשר
2  הוגשה בהסכמה ללא הסתייגות בעמ' 2 החל משורה 19 מתאר הנאשם את
3  פעילותו באקדח ובכדורים באופן שאינו מותיר כל מקום לספק בדבר החזקתו
4  בנשק ובתחמושת האמורים בכתב האישום.
5  .
6  **תוספת ראייתית**: התוספת הראייתית לאישום זה היא המנעות הנאשם
7  מהתייחסות כלשהי לעובדותיו במסגרת חקירתו הראשית והנגדית, משבחר
8  הנאשם להעיד הרי העדר התייחסות לפרט כמוהו כתוספת ראייתית המהווה
9  דבר מה נוסף.
10
11  התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה.
12
13
14  **ד. העולה מן המקובץ**
15
16  אני מציע לחבריי להרשיע את הנאשם בעבירות הבאות:
17  (1) **גרימת מוות בכוונה** – עבירה לפי סע' 51 לצו בדבר הוראות ביטחון (יהודה
18  ושומרון) (מס' 378), התש"ל – 1970.
19  (אחת עשרה עבירות – אחד עשר נרצחים)
20  (2) **ניסיון לגרימת מוות בכוונה** עבירה לפי סע' 51 לצו בדבר הוראות ביטחון (יהודה
21  ושומרון) (מס' 378), התש"ל – 1970 ולפי סע' 19,20 לצו בדבר כללי האחריות
22  לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח – 1968.
23  (3) **הנחת פצצה** עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.
24  (4) **חברות בהתאחדות בלתי מותרת** עבירה לפי תקנה 85 (1)(א) לתקנות ההגנה
25  (שעת חירום), 1945.
26  (5) **ירי לעבר אדם או מקום שבני אדם עשויים להימצא בו** עבירה לפי תקנה 58(א)
27  לתקנות ההגנה (שעת חירום), 1945.
28
29
30  האב"ד רס"ן יאיר תירוש והשופט רס"ן זאב אפיק
31
32  אנו מסכימים.
33
34  ניתן והודע היום, 24/08/06, בפומבי ובמעמד הצדדים.
35
36  שופט                          אב"ד                          שופט

-7-