תאריך: ל' אב, תשס"ו    תיק מס': 2303/04
24, אוגוסט 2006

ב י ת ה מ ש פ ט ה צ ב א י י ה ו ד ה

בפני כב' האב"ד: רס"ן יאיר תירוש
השופט: רס"ן אמיר דהאן
השופט: רס"ן זאב אפיק

התביעה הצבאית

נגד

הנאשם: חלמי עבד אלכרים מוחמד המאש ת.ז 901415984/ שב"ס - נוכח
(באמצעות ב"כ עו"ד אוסאמה עודה)

רשמת: סמל מורן וייסמן

---

## הכרעת דין

__השופט רס"ן אמיר דהאן__

א . הנאשם, חילמי עבד אל כרים מחמד המאש ת.ז 901415984 ממחנה
הפליטים דהיישה, הועמד לדין בכתב אישום בתיק 2303/04 שהוגש ביום
23/5/04 לבית משפט זה.

ב . המשמעות הראייתית של ההסדרים הדיוניים בין הצדדים

1.  ע"פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט באמרות עת/3,4,5
    עובדות שהוכחו, אך הרשעה על פיהן תדרוש תוספת ראייתית מאמתת מסוג
    "דבר לחיזוק".

    כמקובל לעניין אמרות בכתב שהוגשו בסתירה לעדות בעל"פ או אמרות בכתב
    ובע"פ של שותפים לעבירה או מעורבים ב"עסקת עבירה" תדרש תוספת
    ראייתית מוגברת מסוג "דבר לחיזוק".

2.  ע"פ ההסדרים הדיוניים בין הצדדים יראה בית המשפט באמרות הנאשם
    עובדות שהוכחו,ללא צורך בתוספת ראייתית ויראו באמרות הנאשם אמרות
    שנתנו באופן חופשי ומרצון,אף על פי כן,למעלה מן הצורך ולשם הזהירות
    יבקש בית המשפט למצוא אם קיימת תוספת ראייתית מסוג "דבר מה נוסף"
    המאמתת את אמרות הנאשם .

3.  את סוגי התוספות הראייתיות קבעתי על פי דיני הראיות שהיו נוהגים אילו
    נשמעו האמרות בפנינו כעדויות ממש והחומר היה מוגש לפי סעיפים 10א,
    54(א) א, או 12 לפקודת הראיות (נוסח חדש) התשל"א, 1971, הכל לפי
    ההקשר של נותן האמרה לנאשם ולהליך המשפטי נגדו .

-1-

תיק מס׳ : 2303/04

תאריך : ל׳ אב, תשס״ו
24, אוגוסט 2006

**ג.קביעת ממצאים עובדתיים- ומשמעותם המשפטית**

**1. פרט אישום ראשון :** (הנחת פצצה עבירה לפי תקנה 58(ב) לתקנות ההגנה
(שעת חירום), 1945 נסיון להפעיל מטען חבלה כנגד רכב צבאי)

**טענות התביעה :** התביעה מבקשת מבית המשפט לראות באמרת הנאשם
ת/2 עמ׳ 3 שורה 4 את הראייה המרכזית ותומכת את הצורך בתוספת ראייתית
בעדות הנאשם בבית המשפט.

**טענות ההגנה :** ההגנה לא טענה דבר לגבי פרט אישום זה .

**דיון :**

**ראייה מרכזית :** אכן הראייה המרכזית מצויית באמרת הנאשם שם מספר
הנאשם בפירוט כיצד יום בנה הניח והפעיל מטען חבלה (ת/2 עמ׳ 3 שורה 4
ואילך) אמרה זו הוגשה בהסכמה ללא צורך בתוספת ראייתית . (פרוטוקול
30/3/06).

**תוספת ראייתית :** למעלה מן הצורך אציין כי תימוכין מספיקים נמצאו בעדות
הנאשם (פרוטוקול עמ׳ 4 שורה 20 עד עמ׳ 5 שורה 10), שם מספר הנאשם על
היכרותו עם שותפו ▇▇▇ ועל נסיון לפיצוץ מטען דומה בהרכבו ובטכניקת
היזימה שלו, שבצעו יחדיו ואכן עדות זו מחזקת את האמרה שהוגשה בהסכמה
במידה מספקת .

**התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה .**

**2. פרט אישום שני :** (חברות בארגון גדודי חללי אל אקצ׳א)

**טענות התביעה :** התביעה טוענת כי ראיה מרכזית לאישום היא אמרת הנאשם
(ת/1 עמ׳ 1 שורה 6) וזו מחוזקת באמרתו של ▇▇▇ ת/23 עמ׳ 4 שורה 6

**טענות ההגנה :** ההגנה הודתה בסיכומיה באישום זה .
**דיון :**
**ראייה מרכזית :** הראייה המרכזית היא אכן אמרת הנאשם ת/1 שם מתאר
הנאשם את גיוסו לחוליה של הארגון האמור בכתב האישום ומגייסו הוא ▇▇ ▇
▇▇, לאמרה זו מצטרפת כמובן הודעת הסניגור בסיכומיו .

**תוספת ראייתית :** למעלה מן הצורך אציין כי ▇▇▇ באמרתו ת/23
מאשר את גיוסו של הנאשם לארגון "גדודי חללי אל אקס׳א כאמור בכתב
האישום .

**התוצאה היא שאני מציע לחברי להרשיע את הנאשם בפרט אישום זה .**

**3 .פרט אישום שלישי :** (ירי לעבר אדם – ירי לעבר כלי רכב צבאי בסיס
התאום והקישור יחד עם שותפים)

**טענות התביעה :** התביעה טוענת כי ראיה מרכזית לאישום היא אמרת הנאשם
(ת/1 עמ׳ 1 שורה 12) וזו מחוזקת באמרתו של ▇▇▇ ▇▇▇ ת/23 עמ׳ 3 שורה
10 .

-2-

P 2: 53

תאריך : ל' אב, תשס"ו                                                    תיק מס' : 2303/04
24, אוגוסט 2006

**טענות ההגנה** : ההגנה מודה בסיכומיה שהנאשם היה ברכב ושנסע אח"כ לביתו     1
של אחמד .                                                                 2
                                                                          3
**דיון :**                                                                4
                                                                          5
**ראייה מרכזית** : הראייה המרכזית הינה, כטענת התביעה, אמרת הנאשם ת/1       6
שבה מתאר הנאשם במפורט כי נסע יחד עם ▆▆▆▆▆ ואנשים נוספים לבית             7
גילא שם אמר להם ▆▆▆ "שאנחנו הולכים לעשות פיגוע ירי בכביש 60" בנשק        8
שהנאשם ראה ברשותו עוד בעלותו למכונית, אח"כ נשמע הנאשם להוראות           9
▆▆▆▆ המתין עד שנשמע יריות ונסע לביתו של ▆▆▆ (כפי שהודה הסניגור         10
בסיכומיו) האמרה ת/2 עמ' 2 שורות 4-5 מתארת את הפיגוע וגם שם המתין          11
הנאשם לשמיעתו של קול ירי לפני שהסתלק עם מכוניתו של ▆▆▆▆▆             12
                                                                         13
**תוספת ראייתית** : התוספת הראייתית נמצאת בת/23 שם מתאר ▆▆▆▆           14
כיצד הועיד לנאשם תפקיד של שומר בפיגוע , דבר המחזק את אמרת הנאשם,          15
לפיה מילא אחרי הוראות ▆▆▆▆ לפיהן יסע לביתו של ▆▆▆ <u>רק אחרי</u>    16
<u>היריות .</u>                                                          17
                                                                         18
אכן הדין עם התביעה, גרסת הנאשם בבית המשפט כי נופתע מירי פתאומי            19
של ▆▆▆ וחזר לביתו (של ▆▆▆) במכוניתו (של ▆▆▆) אינה יכולה לעמוד         20
בצוותא עם ההתנהגות המתוארת באמרות ועם העובדה שהן מחזקות זו את זו          21
בפרטים לוגיים , בעוד שעדות הנאשם לפיה נטל את מכוניתו <u>של ▆▆▆ ונסע</u>  22
<u>לביתו של ▆▆▆</u> כאשר כל חפצו היה להרחיק עצמו מפיגוע שעמד            23
לבצע אינה עומדת בכל מבחן של הגיון והשתלבות בראיות האחרות שבפנינו .        24
                                                                         25
**יסוד נפשי :**                                                          26
תימוכין ליסוד הנפשי הנדרש ניתן למצוא בעובדה שהנאשם המשיך לנסוע           27
לאחר שנודעה לו מטרת הנסיעה , המתין ושמר עד שנשמע את היריות ואח"כ         28
המשיך למלא את הוראות ▆▆▆▆ כל זה לאחר שהדברים נאמרו והיה               29
ברור שמתוכנן ומבוצע פיגוע ירי.                                            30
נוסף לכך אומר הנאשם באמרתו ת/1 עמ' 11-10  1 במפורש ל▆▆▆ ל              31
שהוא מסכים לבצע איתו פיגועי ירי                                          32
מכל אלה עולה יסוד נפשי ברור של כוונה לבצע את הפיגוע ולסייע בהוצאתו        33
לפועל האמור בכתב האישום.                                                 34
                                                                         35

4. **פרטי אישום 15-4:** (גרימת מוות בכוונה – שותפות בפיגוע התאבדות בקו 19   36
   ירושלים)                                                              37
                                                                         38
הצדדים צמצמו את המחלוקת בנוגע לאישומים אלה לשאלת אחריותו                  39
הפלילית של הנאשם לפיגוע שהתבצע, עובדת ביצועו של הפיגוע, אופן              40
ביצועו, מקומו, ויתר הפרטים המופיעים בכתב האישום בנוגע לפיגוע             41
הוסכמו על ידי הצדדים .                                                    42

-3-

תאריך: ל' אב, תשס"ו                                          תיק מס': 2303/04
24, אוגוסט 2006

1  כמו כן הסכימו הצדדים לגבי מעשי הנאשם לקידומו של הקשר עצמו ואלה
2  המעשים :
3
4  א.הנאשם שמע כי ███████ מחפש אדם המוכן להתאבד בפיגוע  והכיר לו
5  את ██████ אשר ממנו שמע כי רע לו והוא מעוניין לבצע פיגוע התאבדות .
6
7  ב.במהלך השיחה בין ██████ לעלי ג'עארה נכח גם הנאשם .
8
9  ג .הנאשם רכש עבור ███████ מלח לימון בכמות של 7 ק"ג וארבע בטריות .
10
11  א. ██████ ביקש מהנאשם מצלמת וידאו והנאשם ניסה להשיג לו מצלמה
12     זו .
13  ב. הנאשם יצר קשר עם ██████ לאחר הפיגוע ו██████ מסר לו כי
14     המדובר הוא בפיגוע שעשה עלי ג'עארה .
15
16  **טענת התביעה:**התביעה טענה כי הנאשם קיים יסוד נפשי מלא לגרימת מוות
17  קרי ידע היטב את תוצאת המוות העלולה לצמוח ממעשיו וחפץ בה.
18  לשם תמיכה במסקנותיה ניתחה התביעה את האמור במראיות שהובאו לבית
19  המשפט וטענה כי הן מובילות למסקנה חד משמעית של ידיעה וכוונה .
20
21  **טענת ההגנה** : ההגנה אינה טוענת כי הנאשם לא עשה מעשים לקידום הפיגוע
22  אלא שהיא טוענת כי  הנאשם לא ידע בעת ביצוע המעשים שעשה לקידום
23  הפיגוע כי הם מיועדים לפגוע התאבדות בחומר נפץ.
24  לשם תמיכה בטענותיו ניתח ב"כ הנאשם את האמור בראיות השונות וביקש
25  מבית המשפט לראות בניתוח זה את העדר היסוד הנפשי הנדרש להרשעה
26  בגרימת מוות .
27
28  **דיון :** לאחר שניסיתי לנתח את אמרות והראיות ובדקתי את קיומו של הספק
29  הסביר לו טען הסניגור,הגעתי למסקנה כי התביעה הצליחה להוכיח את
30  האישום מעל ומעבר לכל ספק סביר .
31
32  **ראייה מרכזית:**
33  <u>ראשית</u> , אציין כי הצדדים הגישו בהסכמה את אמרות ██████ ( עת/7 )
34  יחד עם שאר האמרות בלא סייג בצורך בתוספת ראייתית כלומר בהסכמה
35  לכל האמור בהן .
36
37  <u>שנית</u> , עיון באמרות ██████ ת/ 23-25 מעלה במפורש את ידיעתו של
38  הנאשם לעניין תוצאות הטבח ההמוני שבוצע והחפץ בתוצאתו של מוות כזה
39  אביא כאן מעט מתוכן האמרות :
40
41  ת/23 1 16-17
42
43  "דיברתי עם חילמי המאש סיפרתי לך עליו וביקשתי ממנו שיחפש לי מתאבד
44  לבצע פיגוע התאבדות
45  ומה חילמי עשה ?
46  אמר בסדר אבל עוד לא הביא לי והדיברתי איתו כמה פעמים על זה ,אחרי כמה
47  שבועות סיפר לי חילמי שיש לו מישהו אבל הוא לא בטוח בקשר אליו ואז אמרתי
48  לחילמי שילך שוב אליו וידבר איתו ויבדוק עליו ויראה איך הוא חילמי הסכים
49  הלך ובדק עליו חזר וסיפר לי שהוא בסדר ומוכן לבצע פיגוע התאבדות ... ובבית
50  שלו הכיר לי את עלי ג'עארה "

-4-

תאריך : ל' אב, תשס"ו            תיק מס' : 2303/04
24, אוגוסט 2006

ת/24 עמ' 1 שורה 13

*"למה ביקשת שחילמי המאש יבוא איתך?! מה הסיבה?*
*כדי שיבוא איתי לעלי ג'ערה באתי לחילמי ואמרתי לו שבעזרת השם עלי ג'ערה יוצא*
*בבוקר לעשות פיגוע התאבדות ושיבוא איתי אליו ואז חילמי אמר לי שיש לו אורחים*
*והוא עסוק ."*

ת/23 עמ' 2 ועמ' 3 5-4

*"מה שאני רוצה להוסיף עכשיו זה שבבוקר אחרי שעלי ג'ערה יצא לפיגוע התקשר*
*אלי חילמי המאש בערך בשעה 09:00-09:30-08*
*בבוקר ושאל אותי מה עם עלי אמרתי לו שבבוקר יצא לעבודה אחרי זה שוב התקשר*
*אלי חילמי וסיפר לי שסיפור בחדשות שהיה פיגוע התאבדות בירושלים ולמחרת*
*סיפר לי חלמי שהיה טאבור (- מסדר בוקר א.ד ) בבית לחם במרכז המשטרה וחיפשו*
*אתי עלי ג'ערה וחילמי לא סיפר להם כלום "*

<u>שלישית</u>  בדיקת עדות הנאשם בפני בית המשפט והשוואתה עם הראיות
האחרות שהוגשו בהסכמה ( ת/23, ת/24, ת/1 , ת/2 ) מראה כי אין הגרסה
אותה גרס הנאשם מתיישבת או מפרשת את סדר הדברים באופן המיטיב עם
הנאשם הנאשם אינו מצליח ליישב את הסתירות עם אמרותיו שלו או עם
אמרות ▆▆▆▆▆ בקשר אליו,לגבי אמרות ▆▆▆▆▆ שהוגשו בהסכמה לא עלתה
כל הסתגיגות. משאה שקשר צלאח את הנאשם כאיש שהביא אליו את
המתאבד,עקב אחרי התקדמות הפיגוע, קיבל הודעה ערב לפניו, והודיע כי חיפה
על המתאבד במקום עבודתו בבוקר שלמחרת – הרי עדות הנאשם אשר אינה
מסבירה דבר מכל אלה ומיחסת חזות תמימות לחלוטין אינה יכולה לעמוד עוד .
יותר מזה דברי הנאשם בבית המשפט עשויים לשמש אף חיזוק לדברי ▆▆▆▆▆
באשר הוא מאשר בהם את היכרותם הקרובה, את קניית מלח חלימון
בצוותא את מסירתו עם ▆▆▆▆▆ ל▆▆▆▆▆ שאותו הכיר בשמו.

<u>רביעית</u> :עולה מאמרות ▆▆▆▆▆ שחילמי המאש ידע מתחילה ועד לסוף
שעלי ג'ערה עומד לבצע פיגוע התאבדות בהנחייתו ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆ הנאשם היה זה זה שגייס את ▆▆▆▆ לפיגוע ההתאבדות וקישר בינו ובין
ומכאן שמעשיו מעידים על יסודות הידיעה והחפץ בתוצאת הטבח ההמוני.

יש לזכור כי הנאשם שידע ערב ערב לפני הפיגוע על הכוונה לבצע את הפיגוע אף
חיפה על המתאבד במקום עבודתם המשותף ברש"פ .

הנאשם,לא די שלא ניתק עצמו מהקשר כטענת הסניגור אלא היה יכול היה אף
למנוע את תוצאת הפיגוע אם היה מדווח למפקדיו ברש"פ את עילת נפקדותו של
עלי ג'ערה ממסדר הבוקר.

<u>תוספת ראייתית:</u> אף שאין בכך צורך הרי אמרותיו של הנאשם ת/1 ות/2
מחזקות את ת/23 ו- ת/24 באמרותיו מספר הנאשם שעלי ג'ערה שעבד עימו
ברש"פ סיפר לו שהוא רוצה לעשות פיגוע התאבדות והוא זה שהוליך אליו את
▆▆▆▆▆ אשר ביקש לו קורבן .
אצטט לעניין זה דווקא את ת/1 שאליה הפנה הסניגור וביקש בעבורה
להתעלם מת/2 .

-5-

תיק מס׳ : 2303/04                                      תאריך : ל׳ אב, תשס״ו
                                                       24, אוגוסט 2006

ת/1 עמ׳ 2 שורה 5

״דיבר איתי ███████ ואמר לי שאחפש לו מישהו שרוצה לעשות פיגוע
התאבדות או פיגוע ירי ואני שמעתי את עלי גיעארה הרבה פעמים שידבר עם
האנשים ולכולם סיפר שהוא רוצה לעשות פיגוע התאבדות ואני ידעתי שהוא איש
מסוכן והוא היה עובד גם במשטרה הפלסטינית״

מכאן אנחנו למדים שהנאשם הבדיל היטב בין ״פיגועי ירי״ ו״פיגועי התאבדות״
ולכן אין יסוד להבחנה אותה מציע הסניגור אשר הזמין אותנו לדון את הנאשם
על יסוד דבריו בת/1 בלבד גם לשיטתו נעשה על ידי הנאשם בידיעה מלאה שידוך
בין מתכנן הפיגוע לבין האיש המסכן ( גם לדבריו!) שהיה אמור לשמש כמרעם
– אדם לפצצה.

כך או כך בת/2 אשר הוגשה גם היא בהסכמה מלאה מפרט הנאשם עמ׳ 2
שורה 9

״עלי אמר לי כי רוצה חגורת נפץ כבדה כדי להרוס את העולם ואז לאחר שראיתי כי
עלי מוכן מבחינה נפשית לפיגוע העברתי אותו ל ███████ ........ ושבוע לפני
הפיגוע יצאתי עם ███████ לבית לחם ושם קנינו 7 ק״ג מלח לימון וארבע
בטריות ונסענו לדוחא שם ███████ מסר את החומרים ל ███████ בעוד אני ממתיק ברכב
ו███████ אמר לי כי לאחר הפיגוע יכיר לי את ███████ שמכין את המטעינים ואת
███████ שתפקידו להוביל את המתאבדים״

דברים אלה, מגלמכים ידיעה התוצאה ופעילה למען תוצאה שהנאשם חפץ בה
ללא ספק כשותף מלא בביצוע הפיגוע תוך שהוא מנצל ביודעין את מצבו הנפשי
הקשה של עלי גיעארה ומשתמש בו לשם קידום תוכניות של פיגוע נפץ ואף מחפה
על הפיגוע ויוזמיו תוך מעילה בתפקידיו ברש״פ ובחובות שהיו לו כלובש
מדים.

לא די בזאת שהיה כאן יסוד נפשי של כוונה רצחנית אלא יסוד עובדתי של
שליטה מלאה בכל שלב, מעקב וידיעה בכל שלב ויכולת להפסיק את מעשה
הטבח המתוכנן ע״י מעשה פשוט של דיווח לממונים .
הנאשם לא עשה כן ובכך שימוש כחוליה הכרחית שבלעדיה אין ביצוע הפיגוע
ונטל חלק חשוב ביודעין ובכוונה בכל שלבי תכנונו וביצועו של הטבח ואף מנע
את סיכולו של הטבח תוך שהוא מחפה על עלי גיעארה. הנאשם הינו חלק בלתי
נפרד מהמעגל הפנימי של ביצוע העבירה ומכאן שיש להרשיעו כשותף מלא
לביצועה ולא כמסייע.

העולה מן המקובץ הוא שביקשתי לי ספק בכוונות הנאשם ולא מצאתיהו .

אני מציע לחברי להרשיע את הנאשם כשותף בעבירות המיוחסות לו.

פרט אישום 16: (החזקת אמל״ח – החזקת אקדח וכדורי רובה בשנים
2001-2002 )

טענות התביעה: התביעה מבססת את טענתה להרשעת הנאשם על אמרתו ת/2
בלבד.

טענות ההגנה : ההגנה לא טענה דבר בנוגע לאישום זה .

דיון:

-6-

תיק מס׳: 2303/04                                    תאריך: ל׳ אב, תשס״ו
24, אוגוסט 2006

**ראיה מרכזית**: הראייה המרכזית לאישום זה הינה אמרת הנאשם ת/2 אשר     1
הוגשה בהסכמה ללא הסתייגות בעמ׳ 2 לצו החל משורה 19 מתאר הנאשם את     2
פעילותו באקדה ובכדורים שאינו מותיר כל מקום לספק בדבר החזקתו     3
בנשק ובתחמושת האמורים בכתב האישום.     4
                                                                  5
**תוספת ראייתית**: התוספת הראייתית לאישום זה היא המנעות הנאשם     6
מהתייחסות כלשהי לעובדותיו במסגרת חקירתו הראשית והנגדית, משנבחר     7
הנאשם להעיד הרי העדר התייחסות לפרט כמוהו כתוספת ראייתית המהווה     8
דבר מה נוסף.     9
                                                                  10
התוצאה היא שאני מציע לחבריי להרשיע את הנאשם בפרט אישום זה .     11
                                                                  12
                                                                  13
ד. **העולה מן המקובץ**     14
                                                                  15
אני מציע לחבריי להרשיע את הנאשם בעבירות הבאות :     16
(1) **גרימת מוות בכוונה** – עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה     17
ושומרון) (מס׳ 378), התש״ל – 1970.     18
(**אחת עשרה עבירות –אחד עשר נרצחים**)     19
(2) **ניסיון לגרימת מוות בכוונה** עבירה לפי סע׳ 51 לצו בדבר הוראות ביטחון (יהודה     20
ושומרון) (מס׳ 378), התש״ל – 1970 ולפי סע׳ 19,20 לצו בדבר כללי האחריות     21
לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח – 1968.     22
(3) **הנחת פצצה** עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945.     23
(4) **חברות בהתאחדות בלתי מותרת** עבירה לפי תקנה 85 (1)(א) לתקנות ההגנה     24
(שעת חירום), 1945.     25
(5) **ירי לעבר אדם או מקום שבני אדם עשויים להימצא בו** עבירה לפי תקנה 58(א)     26
לתקנות ההגנה (שעת חירום), 1945.     27
                                                                  28
                                                                  29
**האב״ד רס״ן יאיר תירוש והשופט רס״ן זאב אפיק**     30
                                                                  31
אנו מסכימים.     32
                                                                  33
**ניתן והודע היום, 24/08/06 , בפומבי ובמעמד הצדדים.**     34
                                                                  35
שופט                        אב״ד                    שופט     36