being caught by the Israeli security forces and carry out the planned attack. Moueid agreed to the request of the Defendant.

7. For driving the two suicide terrorists to Afula, the Defendant and Ali Safouri purchased a Subaru vehicle for NIS 4,500 and placed the two Kalashnikov rifles described above into the automobile with 8 magazines filled with cartridges.

8. On November 27, 2001, Moueid Jardat, in accordance with the instructions of the Defendant, with Muhammad Jalamna and Hassan Rateb Yunis Aweis, accompanied Mustafa Abu-Siria and Abd-Al Kariem Omar Ahmad (Abu-Na'asa), who were armed with Kalashnikov assault rifles, which the Defendant had supplied as stated above, from Jenin to a place close to the territory of the State of Israel.

9. From the above mentioned place, Mustafa Abu-Siria and Abd-Al Kariem Abu Na'asa continued to travel in a Subaru vehicle towards Afula for executing the planned suicide attack.

10. At about 11:30 a.m., on November 27, 2001 or thereabouts, Mustafa Abu-Siria and Abd-al Kariem Abu-Na'asa reached the Area of the central bus station in Afula. There, the two above mentioned individuals alighted from their vehicle and opened fire at people who at the site, using the Kalashnikov assault rifles which were supplied to them for this purpose by the Defendant, with the intent to cause the deaths of as many people as possible.

11. Mustafa Abu-Siria and Abd-Al Kariem Abu-Na'asa continued their shooting spree in the central station area in Afula until they were killed by Israeli security force personnel who arrived at the site.

12. The above mentioned Defendant, by his acts described above, caused the intentional death of **the late Michal Mor**, who was killed by gunshot wounds from rounds that were fired by Mustafa Siria and Abd-Al Kariem Abu Na'asa from weapons that were supplied for this purpose by the Defendant.

13. After the Defendant and Ali Safouri learned of the results of the attack described above, Ali Safouri contacted Ramadan Shalah, a member of the Palestinian Islamic Jihad Organization, and informed the latter that the attack had been executed as a cooperation effort between the "Al Aqsa Martyrs brigades" and the Palestinian Islamic Jihad.

**Twentieth count**: **(Detailed Case 4753/01 Afula)**

[Stamp] P 5: 24

Prosecution Case 422/02 Amended

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 14(A) of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, whether within the Area or elsewhere, on November 27, 2001 or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, by his acts described in the nineteenth count of the indictment, caused the intentional death of **the late Noam Gozovsky**, who was killed near the central bus station in Afula by gunshot wounds from rounds that were fired by Mustafa Siria and Abd-Al Kariem (Abu Na'asa) from weapons that were supplied for this purpose by the Defendant.

**Twenty first count**: **(Detailed incident 4753/01 Afula)**

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 14(A) and 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, whether within the Area or elsewhere, on November 27, 2001 or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the above mentioned time, at the place stated in the nineteenth count of the indictment, by his acts described in the nineteenth count of the indictment, attempted to cause the deaths of as many people as possible.

As a result of gunshot wounds from rounds that were fired by Mustafa Siria and Abd-Al Kariem (Abu Na'asa) from weapons that were supplied for this purpose by the Defendant, as described in the nineteenth count of the indictment, **ten** people were severely wounded and **dozens** of other people were slightly to moderately hurt.

[Stamp] P 5: 24 [continued]

Prosecution Case 422/02 Amended

**Twenty second count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, in November 2001 or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, with Ala'a Sabar, decided to carry out a shooting attack at an Israeli vehicle on the Jenin bypass road with the intent of causing the deaths of Israeli citizens. The Defendant and his above mentioned colleagues arrived at the Jenin bypass road, the Defendant armed with a Kalashnikov assault rifle and his colleague with an M-16 assault rifle. The Defendant and his colleague noticed a white Israeli vehicle of Renault Express type, which was traveling on the Jenin bypass road towards the settlement Kadim. The Defendant and his above mentioned colleague opened fire at the above mentioned vehicle with automatic gunfire from approximately 100 meters away with the intent of causing the deaths of the occupants of the vehicle. A number of bullets that were fired by the Defendant and his colleague hit the above mentioned vehicle and it was miraculous that nobody was hurt. Immediately after carrying out the above mentioned shooting attack, the Defendant and his colleague fled from the site.

**Twenty third count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, in November 2001, about two days after committing the act attributed to him in the previous count of the indictment, or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, with Ala'a Sabar, decided to carry out a shooting attack at an Israeli vehicle on the Jenin bypass road with the intent of causing the death of Israeli citizens. The Defendant and his above mentioned colleague arrived at the Jenin bypass road, the Defendant armed with an M-16 assault rifle and each of his colleagues [sic] with an M-16 assault rifle.

[Stamp] P 5: 25

Prosecution Case 422/02 Amended

The Defendant and his colleague noticed an Israeli vehicle that was driving on the Jenin bypass road. The Defendant and his above mentioned colleague opened fire with automatic gunfire towards the above mentioned vehicle with the intent of causing the deaths of the occupants of the vehicle. Immediately after executing the above mentioned shooting attack, the Defendant and his colleague fled from the site.

**Twenty fourth count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, in late November 2001 or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, with Matsam Sabar, Yusef Rashdi Alkaisi and Mahar Alnoubani, decided to carry out a shooting attack at an Israeli vehicle on the Jenin bypass road with the intent of causing the deaths of Israeli citizens. The Defendant and his above mentioned colleague arrived in the vehicle of the Defendant at the Jenin bypass road, armed with automatic weapons. The Defendant and his colleagues noticed IDF soldiers standing next to the IDF jeep at one of the junctions. The Defendant and his colleague opened fire with automatic gunfire at the above mentioned IDF soldiers with the intent of causing their deaths. After the above mentioned IDF soldiers returned fire at the Defendant and his colleagues, the Defendant and his colleagues fled from the site.

[Stamp] P 5: 25 [continued]

Prosecution Case 422/02 Amended

**Twenty fifth count**:

**Nature of the offense**: Attempt to manufacture a bomb, an offense pursuant to Section 53(A)(3) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Section 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: the above mentioned Defendant, in the Area, in December 2001 or thereabouts, manufactured a firearm, ammunition, bomb, explosive or incendiary object, without a permit certificate that was granted by or for a military commander, as follows:

The above mentioned Defendant, at the above mentioned time, in Jenin or thereabouts, attempted to manufacture explosives from chemicals, which he had purchased from Zid Yunes. In the end the Defendant was unable to manufacture explosives. The Defendant planned to use the explosives, which he had tried to manufacture, against IDF forces, if they would attempt to enter the Jenin refugee camp.

**Twenty sixth count**:

**Nature of the offense**: Trading in war materiel, an offense pursuant to Section 2 of the Prohibition of Trading in War Materiel Order (Judea and Samaria) (No. 243), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, during 2001 or thereabouts, traded or otherwise dealt with war materiel without a permit signed by or for the regional commander, as follows:

The above mentioned Defendant, during the said period, in Jenin or thereabouts, on many different occasions, met operatives of the "Al Aqsa Martyrs Brigades", the military arm of the "Tanzim" of the Fatah, including Majdi Saoud Al-Wafa, Muhammad Abu-Tul.

The Defendant handed over to the above mentioned persons a large number of weapons of various types, ammunition, ready to use explosive devices, chemicals for manufacturing explosive devices and cellular telephone sets for use as activation mechanisms of the explosive devices.

The above mentioned persons reported to the Defendant the attacks that they had performed using the weapons, ammunition and explosive devices that they had received from the Defendant.

[Stamp] P 5: 26

Prosecution Case 422/02 Amended

**Twenty seventh count**:

**Nature of the offense**: Military training without a permit, an offense pursuant to Regulation 62 of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense**: The above mentioned Defendant, in the Area, in 2001 or thereabouts, trained with, provided military training on or was provided military training on military weapons or exercises, movements or operation systems, as follows:

The above mentioned Defendant, at the said time, in Jenin or thereabouts, on different opportunities, met various operatives of the "Al Aqsa Martyrs Brigades", the military arm of the "Tanzim" of the Fatah, including Majdi Saoud Al-Wafa, Muhammad Abu-Tul.

The above mentioned Defendant taught the above mentioned operatives how to manufacture explosives of various types, explosive devices and wireless activation mechanisms for the explosive devices from cellular telephone handsets.

[Stamp] P 5: 26 [continued]

Prosecution Case 422/02 Amended

**Twenty eighth count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, in February 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, in Ramallah or thereabouts, conspired with Muhammad Naifa, known as "Abu Rabia", Muhannad Abu Halawa and Faouzi Marar, senior military operatives in the "Al Aqsa Martyrs Brigades", the military arm of the "Tanzim" of the Fatah, to carry out a shooting attack in Atarot, with the intent of causing the deaths of Israeli citizens. Initially, the Defendant and his above mentioned colleagues planned to carry out the above mentioned attack on one of the bypass roads near Ramallah, but after making a number of observations, in which the Defendant participated, it was decided that due to the presence of large IDF forces in the Area, the planned attack would be carried out in Atarot.

In the end, Muhannad Abu Halawa and Faouzi Marar departed to carry out the planned attack without the Defendant because the Defendant did not have room in the vehicle in which the above mentioned people departed to execute the attack.

**Twenty ninth count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense** The above mentioned Defendant, in the Area, in February 2002, a few days after the event described in the previous count of the indictment, or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the above mentioned time, in Ramallah or thereabouts, conspired with Muhannad Abu-Halawa, a senior military operative in the "Al Aqsa Martyrs Brigades" organization, the military arm of the "Tanzim" of the Fatah, to carry out a shooting attack in Atarot, with the intent of causing the deaths of Israeli citizens.

[Stamp] P 5: 27

Prosecution Case 422/02 Amended

**Thirtieth count**: **(Detailed Incident 412/02 Binyamin)**

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Instructions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 14(A) and 19 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, on July 27, 2002 or thereabouts, attempted to cause the intentional death of another person, as follows:

1. Nasser Jamal Musa Shawish, in late January – early February 2002 or thereabouts, met Darin Abu Aisha (hereinafter: Darin) in Nablus, who informed him of her wish to carry out a suicide attack. In February 2002, in Ramallah, Nasser Shawish met Darin again, who again asked to carry out a suicide attack in order to cause the deaths of as many Israeli civilians as possible.

2. Nasser Shawish contacted the Defendant and Muhannad Abu Halawa and Muhammad Naifa and reported to them that there was a young woman who wanted to carry out a suicide attack. The Defendant stated that he agreed to send the above mentioned young woman to carry out the suicide attack and that he would prepare an explosive device for this purpose. The Defendant informed Nasser Shawish that he would have to photograph the young woman before she would go out to carry out the planned suicide attack.

3. Nasser Shawish brought Darin to the apartment of his brother, Khaled Shawish, which is in Bituniya. Nasser Shawish brought a photographer, Ahmad A'asi, to that apartment and with the latter photographed Darin before the commission of the planned suicide attack. During the photographing, Darin read a will.

4. On the following day, February 27, 2002, the Defendant came to the above mentioned apartment with Muhannad Abu Halawa and Muhammad Naifa (Abu Rabia). The Defendant and his above mentioned colleagues brought a belt with them, which contained an explosive device, for carrying out the planned suicide attack.

5. Because Darin refused to let a man fit the explosive belt onto her, Lila Muhammad Salah Bukhari, according to the request of Nasser Shawish, whose elder sister he was married to, fitted the above mentioned explosive belt onto the body of Darin. While Lila Bukhari was fitting the explosive belt on Darin's body, she noticed that one of the shoulder straps of the explosive belt was loose and secured it using a pin.

[Stamp] P 5: 27 [continued]

Prosecution Case 422/02 Amended

23

6. The Defendant and his above mentioned colleagues planned for Darin to reach the Israel Police station in Jaffa where she would detonate the explosive device that she was carrying on her person in order to cause the death of as many Israeli civilians as possible.

7. Faouzi Marar was recruited for transporting Darin into the State of Israel to carry out the planned suicide attack there with Musa Sari Hassouna and Hafez Abd-Al Fatah Makbal.

8. In the evening hours of that day, Nasser Shawish came with Lila Bukhari and Darin, who carried the above mentioned explosive belt on her body, to Abu Ria Hospital in Ramallah, where they met the Defendant, Muhammad Abu Rabia, Faouzi Marar and Muhannad Abu Halawa.

9. From there, the Defendant and the above mentioned persons transferred Darin to the A-Ram checkpoint. At the A-Ram checkpoint, Darin boarded a blue Subaru vehicle, license number 7797787, of Musa Sari Hassouna and Hafez Abd-Al Fatah Makbal, who arrived at the site at the request of Faouzi Marar, and were meant to transport Darin to the Israel Police station in Jaffa in order for Darin to activate the explosive device that she was carrying on her body there, thus intentionally causing the deaths of as many Israeli civilians as possible. The Defendant ordered Faouzi Marar not to disclose to the people who were recruited to transport Darin the true goal of the journey, but state that she was a "prostitute", and to convince the above mentioned people that this was the case, the Defendant ordered Faouzi Marar to offer the drivers to have sex with Darin on the way. The Defendant also instructed Darin not to talk with the drivers and not to disclose the aim of the journey to them.

10. On February 27, 2002, at about 10:27 p.m., at the "Maccabim" IDF and Israel Police checkpoint on highway 443, the vehicle in which Darin, Musa Hassouna and Hafez Makbal were in was stopped for inspection by IDF offices and Israel Police officers. At that moment, Faouzi Marad called Musa Hassouna and Hafez Makbal. The Defendant who was with Faouzi Marar during the call understood from the latter that the vehicle that Darin had been traveling in had been detained by the Israel Police. The Defendant asked Faouzi Marar to order Darin to activate the explosive device at the checkpoint in order to cause the deaths of the policemen posted there. When Darin understood that she would not succeed in crossing the above mentioned "Maccabim" checkpoint, enter the territory of the State of Israel and carry out the suicide attack as planned, she activated the explosive device that she was carrying on her body with the intent of causing the death of the Israel Police officers and IDF soldiers who were at this checkpoint.

[Stamp] P 5: 28

Prosecution Case 422/02 Amended

11. As a result of the detonation of the explosive device, which Darin carried on her body, an Israel Police officer, Mordechai Tal, was severely injured in his abdomen, and two other policemen, David Cohen and Shaul Cohen, were slightly injured.

12. Darin was killed on the spot as a result of the explosion of the above mentioned explosive device.

**Thirty first count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, in February 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, in Ramallah or thereabouts, delivered to Yasser Sawalha, Rami Zidan and Samer Rateb Yunes Aweis a Kalashnikov assault rifle and an M-16 assault rifle, in order for the above mentioned persons to carry out a shooting attack against the settlement Beit El using these weapons.

Thereafter, the three above mentioned persons returned the above mentioned weapons to the Defendant and reported that they had used them to carry out a shooting attack against the guard at the gate of the settlement Beit El.

**Thirty second count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

[Stamp] P 5: 28 [continued]

Prosecution Case 422/02 Amended

**Details of the offense**: The above mentioned Defendant, in the Area, in February 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:[continued]

Operatives of the operational unit of the General Intelligence of the Palestinian Authority, Ahmad Dib Maarai, Taer Abu Murad and Samer Rateb Yunes Aweis, contacted the above mentioned Defendant, at the above mentioned time, asking for the Defendant to help them execute a shooting attack on the Ramallah bypass road leading to Beit El. The Defendant agreed to help execute the said attack. The Defendant, with Muhannad Abu Halawa, Nasser Muhammad Yusef Naji

[Stamp] P 5: 28 [continued]

Prosecution Case 422/02 Amended

(Abu Hamid) and Muhammad Naifa, known as "Abu Rabia", photographed the three above mentioned people before the execution of the planned attack. After a few days, Samer Aweis informed the Defendant that his colleagues had changed their minds and were not interested in carrying out the planned attack. In view of this, the plan for executing the said attack was canceled.

**Thirty third count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, in early March 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the above mentioned time, in Ramallah or thereabouts, conspired with Muhannad Abu Halawa, a senior military operative of the "Al Aqsa Martyrs Brigades", the military arm of the "Tanzim" of the Fatah, to carry out a shooting attack using an M-16 assault rifle against IDF soldiers posted at an IDF checkpoint near Bir Zeit, with the intent of causing the deaths of IDF soldiers.

The planned shooting attack was not executed due to the presence of large IDF forces in the Bir Zeit Area, the Defendant and his colleagues understanding that in view of the extent of IDF forces, their chances of escaping alive after committing the planned attack were nonexistent.

**Thirty fourth count**:

**Nature of the offense**: Undermining the security of the Area, an offense pursuant to Section 53(A)(4) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, in late February – early March 2002 or thereabouts, committed an act or default constituting an undermining or damage to, disruption of or danger to the security of the Area or the security of IDF forces and soldiers or the action, use or security of any of the following: a ship, aircraft, port, quay, jetty, dock, airport, railway, sea lane, road, dirt road, locomotive, vehicle, any cargo or other public transport or public communication device, or any factory,

[Stamp] P 5: 29

Prosecution Case 422/02 Amended

institute or equipment used or capable of being used for the manufacture, supply, storage, transfer, delivery or distribution of water, fuel, gas or electricity or any property of the State of Israel or the IDF, as follows:

The above mentioned Defendant, at the above mentioned time, in Ramallah or thereabouts, conspired with Muhammad Naifa, known as "Abu Rabia", and with Ahmad Taleb Mustafa Barghouti, known as "Alfransi", to send a suicide terrorist into the State of Israel, in order for him to carry out a suicide attack there with the intent of causing the deaths of as many people as possible. Muhammad Naifa introduced to the Defendant and his colleagues to Muhannad Alshaib, who was recruited for carrying out the planned suicide attack.

At the request of the Defendant and of Muhammad Naifa, Ahmad Barghouti brought an M-16 assault rifle for carrying out the planned suicide attack. Within the preparations for executing the above mentioned attack, the Defendant and his two above mentioned colleagues using a video camera, filmed Muhammad Alshaib, explaining that the attack was in the name of the "Al Aqsa Martyrs Brigades".

Thereafter, the Defendant and his above mentioned colleagues gave Muhannad Alshaib theoretical and practical training in the use of the M-16 assault rifle. During the above mentioned training, Muhannad Elshaib fired two magazines using the said assault rifle.

Thereafter, the Defendant and his colleagues led Muhannad Alshaib to an apartment in Ramallah Tahta, which Ahmad Barghouti had rented, and instructed Muhannad Alshaib to stay there for a few days until the situation would calm down somewhat and that negotiating roads in the Area would be easier.

The planned suicide attack did not take place because the above mentioned Muhannad Alshaib fled from the said apartment.

[Stamp] P 5: 29 [continued]

Prosecution Case 422/02 Amended