**Forty fifth count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: the above mentioned Defendant, in the Area, in mid-March 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the said time, in Ramallah or thereabouts, met Muhammad Arda, an operative in the Palestinian Islamic Jihad organization. Muhammad Arda suggested carrying out a suicide attack as a cooperation effort between the "Al Aqsa Martyrs Brigades", the military arm of the "Tanzim" of the Fatah, and the military arm of the Palestinian Islamic Jihad. The Defendant agreed to this suggestion. The Defendant and Muhammad Arda concluded that they would act jointly to execute a suicide attack in which two suicide terrorists would participate – one for the "Al Aqsa Martyrs Brigades" and the other for the Palestinian Islamic Jihad. The Defendant agreed to the said proposal, but asked Muhammad Arda to act to bring weapons and explosives.

The Defendant also received from Muhammad Arda a loan of 1,000 Jordanian dinars for purchasing the weapons.

The above mentioned plan was not executed due to the arrest of the Defendant by the Israeli security forces on March 30, 2002.

**Forty sixth count**:

**Nature of the offense**: Conspiring to commit an offense for which the penalty exceeds three years' imprisonment, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (Number 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (Number 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, in late March 2002 or thereabouts, conspired with another person to cause the intentional death of another person, as follows:

[Stamp] P 5: 36

Prosecution Case 422/02 Amended

43

The above mentioned Defendant, at the said time, in Ramallah or thereabouts, met Muhammad Kablawi. The Defendant suggested that Muhammad Kablawi carry out a shooting attack and the latter agreed. Muhammad Kablawi clarified to the Defendant that he knew how to use a handgun. Muhammad Kablawi told the Defendant that there was a senior Jewish officer who frequented a grocery store in Azaria while armed with a Mini Uzi, and that there were Border Guard officers who visited the same grocery store in Azaria. The Defendant concluded with Muhammad Kablawi that the Defendant would provide the latter with a handgun and Muhammad Kablawi would murder the above mentioned officer, and if possible would also murder the Border Guard officers when they came to Azaria, using the above mentioned handgun. Muhammad Kablawi agreed to the suggestion of the Defendant. That day, the Defendant received from Ahmad Taleb Mustafa Barghouti a "14" pistol. After two days, the Defendant forwarded the above mentioned handgun to Muhammad Kablawi for carrying out the planned attack. The Defendant ordered Muhammad Kablawi to carry out the planned attack that very evening.

That evening, Muhammad Kablawi contacted the Defendant via Khader Dabaia and stated that he had not carried out the planned attack. The Defendant told Khader Dabaia to tell Muhammad Kablawi to carry out the planned attack in another day or two.

A few days thereafter, the Defendant was arrested by the Israeli security forces.

[Stamp] P 5: 36 [continued]

Prosecution Case 422/02 Amended

44

**Witnesses for the prosecution**:

1. Master Sergeant Moshe Levi, Badge No. 953117, Judea investigations office: [taker of statements of the Defendant of March 31, 2002, April 28, 2002, April 29, 2002, May 8, 2002 and submitter of the handwriting of the Defendant in Arabic + seizure and marking memorandum + drawings in the handwriting of the Defendant].

2. Master Sergeant David Mizrachi, Badge No. 94857, Judea investigations office [taker of the statement of the Defendant of April 4, 2002 and filer of handwriting of the Defendant in Arabic].

3. Master Sergeant David Zrihan, Badge No. 588798, Beit Shemesh Border Guard [taker of statement of the Defendant of May 15, 2002]

4. Sergeant Major Shlomo Cohen, Badge No. 53377, minorities unit, Jerusalem [taker of two statements of the Defendant on May 28, 2002].

5. Musa Sari Hasouna, Identity No. 040951592. (detainee)

6. Hafez Abd-Al Fatah Makbal, Identity No. 040976136. (detainee)

7. Nasser Jamal Musa Shawish, Identity No. 993006188. (detainee) (prosecution case 733/02)

8. Ghassan Mahmoud Naief Stita, Identity No. 941165466. (detainee) (prosecution case 320/02)

9. Nasser Muhammad Yusef Naji (Abu Hamid), Identity No. 923918882. (prisoner)

10. Zid Yunes Ahmad Yunes, Identity No. 966647653. (detainee)

11. Nasser Mahmoud Aweis, Identity No. 900358664. (detainee)

12. Lila Muhammad Salah Bukhari, Identity No. 900128737. (detainee) (prosecution case 595/02)

13. Matkal Nasser Abd-Al Razek Nalousi, Identity No. 975080854. (detainee)

14. Iad Nadir Arsan Omar, Identity No. 907360739. (detainee)

15. Wa'al Ahmad Salem Jalamna (Nursi), Identity No. 941176695. (detainee)

16. Ahmad Hussein Muhammad Abu Jalda, Identity No. 905697389. (detainee)

[Stamp] P 5: 37

Prosecution Case 422/02 Amended

17. Omar Sharif Asad Hanfar, Identity No. 900102369. (detainee)

18. Majdi Saourd Salim Abu Alwafa, Identity No. 901078188. (detainee)

19. Ta'ar Basam Mustafa Jabarin (Taha), Identity No. 910675867. (detainee)

20. Jasser Khalil Ismail A'asi, Identity No. 988353215. (detainee)

21. Moueid Ali Muhammad Jaradat, Identity No. 941690224. (detainee)

22. Hassan Rateb Yunes Aweis, Identity No. 938150026. (detainee)

23. Kahira Said Sa'adi, Identity No. 903946960. (detainee) (prosecution case 451/02)

24. Ahmad Taleb Mustafa Barghouti, Identity No. 994466860. (detainee) (prosecution case 444/02)

25. Sana'a Muhammad Shahada, Identity No. 081021198. (detainee) (prosecution case 484/02)

26. Isa Muhammad Mahmoud Jabarin, Identity No. 906446521. (detainee) (prosecution case 427/02)

27. Ubeida Abd-Al Rahman Muhammad Jaber, Identity No. 989498118. (detainee)

28. Rabia Rafik Sharif Abu-Roub, Identity No. 901815191. (detainee)

———————

**Detailed Incident 4753/01 Afula**

29. Master Sergeant Yoram Ben, Badge No. 969466, Afula station. [submitter of action report + photograph plates]

30. Roudin Nafsu, Badge No. 418137, forensic identification – Afula station [submitter of photograph pates]

31. First Sergeant Shai Katz, Badge No. 572941, Afula station. [submitter of action report]

32. First Sergeant Ya'akov Mizrachi, Afula station. [submitter of action report]

33. Sergeant First Class Nur Shukron, Afula station. [submitter of action report]

[Stamp] P 5: 37 [continued]

Prosecution Case 422/02 Amended

34. Sergeant Major Arieh Benasuli, Afula station. [submitter of memorandum report]

35. First Sergeant Samir Hinu, Badge No. 968222, Afula station [submitter of exhibit cover form]

36. Sergeant First Class Yuval Kimchi, Badge No. 755322, Afula station [submitter of memorandum]

37. Master Sergeant Shlomi Edri, Badge No. 948984, Afula station. [submitter of seizure and marking report]

38. Master Sergeant Haim Fingboim, Badge No. 949842, Afula station [submitter of action report].

39. Chief Inspector Moti Hariv, Badge No. 93400, Afula station. [submitter of seizure and marking report + Identity No. seized on the scene]

40. Medical certificates of the casualties.

41. Death certificate of the late Michal Mor.

42. Death certificate of the late Noam Gozovsky.

43. Prof. Yehuda Hiss, the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

An additional list of witnesses concerning the casualties and victims of the attack at the Central bus station in Afula on November 27, 2001 will be provided during the trial

[Stamp] P 5: 37 [continued]

Prosecution Case 422/02 Amended

47

**Detailed Incident 412/02 Binyamin**

44. Shaul Cohen, Badge No. 759407, Binyamin Station. [testimony]

45. David Cohen, Identity No. 028999910, Binyamin Station. [testimony]

46. Mordechai Tal, Identity No. 29501590, Binyamin Station. [severely injured in the attack]

47. Eli Teva, Identity No. 025716218 (details in the prosecution) [reserve soldier, was at the checkpoint at the time of the attack – saw the suicide terrorist]

48. Lior Steindem, Identity No. 025044421 (details in the prosecution] (commander of reserve force at the checkpoint at the time of the attack, talked to the suicide terrorist before the explosion]

49. Ilan Factor, Identity No. 308900141(details in the prosecution) [reserve soldier at the checkpoint at the time of the attack – inspected the vehicle in which the suicide terrorist was traveling]

50. Hanania Schneid, Identity No. 032781072 (details in the prosecution) [arrived at the site immediately after the attack]

51. Sergeant Major Shai Algrabli, Badge No. 1010065, Modi'in Station. [submitter of action report]

52. Sergeant Major Eli Hajaj, Badge No. 1054782, Modi'in Station. [submitter of action report]

53. Inspector Arnon Shoshani, National Headquarters, Policing and Security Branch, bomb laboratories section, Tel Aviv branch [submitter of initial expert opinion and expert opinion in case ZB23/ - 0821/2002 + photographs + exhibit cover form] (will be called upon explicit demand of the defense only)

54. Sarah Abramovich-Bar, forensic identification – analytic laboratory, National Headquarters, Jerusalem [submitter of expert opinion in file BI/33 – 54484/02] (will be called upon explicit demand of the defense only)

[Stamp] P 5: 38

**Detailed incident 580/02 Shafat**

55. Yigal Meir, Identity No. 040202418, Sivan Border Guard, 42nd company. (details in the prosecution) [testimony]

56. Chief Inspector Moshe Hidra, Identity No. 037537412, Lavi Border Guard. (details in the prosecution) [testimony]

57. Chief Inspector Leonid Rabinovich, Badge No. 71055859, Lavi Border Guard. (details in the prosecution) [testimony]

58. Inspector Asaf Zguri, Badge No. 1049196, Lavi Border Guard. (details in the prosecution) [testimony]

59. Master Sergeant Oded Meiri, Badge No. 1065937, Special Duties Department, central unit, Jerusalem [submitter of action / seizure and marking report + exhibit cover form]

60. Superintendent Lior Nadivi, Badge No. 952127, forensic identification – Zion station [submitter of photograph plates]

61. Fouad Cohen, Identity No. 1048701, Special Duties Department, central unit – Jerusalem [submitter of memorandum + Polaroid pictures]

---

**2069/02 Jerusalem Special Duties Department**

62. First Sergeant Ariel Ya'ari, bomb laboratory, national headquarters – Jerusalem. [submitter of seizure and marking report + expert opinion] (will be called upon explicit demand of the defense only)

63. Sarah Abramovich-Bar, analytic laboratory, national headquarters – Jerusalem [submitted of expert opinion] (will be called upon explicit demand of the defense only)

64. Dror Cohen, Zion Station forensics - Jerusalem. [submitter of pictures from attack scene]

65. Yigal Shemesh, Identity No. 028077964 (details in the prosecution) [identification of the body of the late Gadi Shemesh]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

66. Yaniv Yosef, Identity No. 027454958 (details in the prosecution) [identification of the body of the late Gadi Shemesh]

67. Hagai Pinchas, Identity No. 028766723 (details in the prosecution) [identification of the body of the late Gadi Shemesh]

68. Yahiya Ben Hemo, Identity No. 038342986 (details in the prosecution) [identification of the body of the late Tzipora Shemesh]

69. Lior Mika, Identity No. 036386753 (details in the prosecution) [saw the terrorist exploding, injured in the attack]

70. Ilan Bauer, US passport number 700767376 (details in the prosecution) [was with his son, a minor, near the terrorist at the time of the explosion, both were injured]

71. Shiran Dervish, Identity No. 039888862 (details in the prosecution) [was near the terrorist at the time of the explosion, injured]

72. Hezkiya Lenenstein, Dutch passport number 115402413 (details in the prosecution) [injured in the attack, saw the terrorist at the time of the explosion]

73. Marion Kempler, Identity No. 016432148 (details in the prosecution) [injured in the attack]

74. Asi Armoza, Identity No. 051910735 (details in the prosecution) [injured in the attack]

75. Lawrence Salem, Identity No. 312738537 (details in the prosecution) [injured in the attack]

76. Tal Cohen, Identity No. 029506270 (details in the prosecution) [injured in the attack]

77. Faizula Haim Ya'akovian, Identity No. 011573441 (details in the prosecution) [injured in the attack, her store was damaged]

78. Eli Levi, Identity No. 033643438 (details in the prosecution) [injured in the attack]

79. Natanel Gideon, Identity No. 018176707 (details in the prosecution) [slightly injured, his store was damaged]

80. Astrid (Rivka) Gorno, Identity No. 301921169 (details in the prosecution) [injured in the attack]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

50

81. Mazal Hachamov, Identity No. 304119407 (details in the prosecution) [injured in the attack]

82. Bosmat Cohen, Identity No. 061273413 (details in the prosecution) [injured in the attack]

83. Moshe Fich, Identity No. 015776636 (details in the prosecution) [slightly injured in the attack]

84. Yaffa Levi, Identity No. 055466924 (details in the prosecution) [slightly injured in the attack]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

85. Rubi Asraf, Identity No. 021398011 (details in the prosecution) [saw the terrorist at the time of the explosion]

86. Ora Faizakov, Identity No. 039526371 (details in the prosecution) [was near the explosion site]

87. Hillel Adam, Identity No. 302040969 (details in the prosecution) [eye witness, cared for casualties]

88. Rachamim Habler, Identity No. 059732735 (details in the prosecution) [his store was damaged]

89. Hen Kugel, M.D., the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

90. Prof. Yehuda Hiss, the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

91. Death certificate – the late Yitzhak Cohen.

92. List of casualties of the attack from the Jerusalem Municipal Council – 106 call center (institutional record)

93. Medical certificates

<u>Another list of witnesses concerning the casualties and victims of the attack in King George Street in Jerusalem on March 21, 2002 will be given during the trial</u>

[Signature]
Michael Kotlik, Captain
Military Prosecutor

Date: January 14, 2003

Reference: 422-02 amended

[Stamp] P 5: 39

Prosecution Case 422/02 Amended

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

                      Plaintiffs,

     vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

                   Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

### DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1.    The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief.  The document is designated as P5: 17-39.

2.    I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience.  I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3.    To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P5: 17-39.

                                        Rina Ne'eman

ss.:  New Jersey

On the 28 day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2016
I.D.# 2392764

| לישראל | הגנה | צבא |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| תיק ביה"מ : | 3478/02 | המשפט | הצבאי | בבית |
| תיק תביעה : | 422/02 | אל | | בבית |
| תיק פ.א. : | אריאל 2504/02 | הרכב | | בפני |
| | אריאל 2505/02 | | | |
| | אריאל 2506/02 | | | |
| | אריאל 2507/02 | | | |
| | אריאל 2508/02 | | | |
| | עפולה 4753/01 | | | |
| | בנימין 1073/02 | | | |
| | בנימין 412/02 | | | |
| | שפט 580/02 | | | |
| | מת"ים י-ם 2069/02 | | | |

### במשפט שבין התובע הצבאי - המאשים

### - נ ג ד -

ע/כרים ראתב יונס עוויס
ת.ז. 980136675, יליד 26.08.70, תושב ג'נין/רמאללה
עצור מיום 30.03.02

### - ה נ א ש ם -

# כ ת ב - א י ש ו ם   מ ת ו ק ן

### הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

### פרט ראשון:

**מהות העבירה:** חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנות 84(1)(א) ו-85(1)(א)
לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מחודש אוקטובר 2000 ועד ליום מעצרו, היה חבר או
פעל כחבר בארגון שהוא התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, היה חבר ב"גדודי חללי אלאקצא" ("כתאיב שוהאדא
אלאקצא"), הזרוע הצבאית של "התנזים" של הפת"ח, שהוא התאחדות בלתי מותרת.
הנאשם פעל במסגרת "גדודי חללי אלאקצא" כפי שיתוארו בפרטי האישום הבאים.

ת.ת. 422/02 מתוקן

P 5: 17

<u>**פרט שני:**</u>

<u>**מהות העבירה:**</u> נשיאת משרה בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ב) לתקנות ההגנה (שעת חירום), 1945.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, באיזור, החל מסוף שנת 2000 ועד ליום מעצרו, ניהל או עזר להנהלת התאחדות בלתי מותרת, או החזיק במשרה או עמדה כל שהיא בהתאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, החל מסוף שנת 2000 ועד למעברו מג'נין לרמאללה בחודש דצמבר 2001, שימש כראש של "גדודי חללי אלאקצא" ("כתאיב שוהאדא אלאקצא"), הזרוע הצבאית של "התנזים" של הפת"ח, שהוא התאחדות בלתי מותרת, באיזור ג'נין.
בחודש דצמבר 2001 הנאשם עבר להתגורר ברמאללה ואז עזב את התפקיד הנ"ל והצטרף להנהגה של "גדודי חללי אלאקצא" באיזור רמאללה.

<u>**פרט שלישי:**</u>

<u>**מהות העבירה:**</u> ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, באיזור, החל מסוף שנת 2001 ועד ליום מעצרו או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, בסוף שנת 2001, גייס לשורות "גדודי חללי אלאקצא", הזרוע הצבאית של "התנזים" של הפת"ח, שהוא התאחדות בלתי מותרת, את אחיו חסאן, מג'די אבו אלוופא ומחמוד אבו ג'ולדי. הנאשם מינה את האנשים הנ"ל להיות אחראים על פעילותם של "גדודי חללי אלאקצא" בג'נין. לאחר מעברו של הנאשם לרמאללה בסוף 2001, הנאשם המשיך להיות בקשר מתמיד עם האנשים הנ"ל ואף דאג לשלוח לכל אחד מהם סכום של 1,000 ש"ח פעם בחודש לצורכי פעילותם בארגון האמור.

<u>**פרט רביעי:**</u>

<u>**מהות העבירה:**</u> החזקת כלי-יריה, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, באיזור, החל משנת 1994 ועד ליום מעצרו, החזיק ברשותו כלי-יריה, תחמושת, פצצה, רימון יד או חפץ נפיץ או מבעיר, כלי או חפץ או דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, הן בג'נין והן ברמאללה, החזיק במספר רב של כלי נשק מסוגים שונים, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.
בין היתר החזיק הנאשם במשך פרקי זמן שונים, החל מחודש ימים ועד מספר שנים, באקדח בלגי 14, אקדח 16, אקדח ברטה 16, אקדח חלואני 9 מ"מ, אקדח טופי, אקדח טוטו 9 מ"מ, אקדח 9 מ"מ, אקדח "סטאר", רוס"ר אם-16, תמ"ק עוזי, רוס"ר קלצ'ניקוב

<u>**פרט חמישי:**</u>

<u>**מהות העבירה:**</u> יידוי אבנים לעבר אדם או רכוש, עבירה לפי סעיף 53א(2) לצו בדבר הוראות הביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, באיזור, במהלך סוף שנת 2000 או בסמוך לכך, זרק דבר לרבות אבן לעבר אדם או רכוש, בכוונה לפגוע באדם או ברכוש, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, באיזור ג'נין או בסמוך לכך, ביחד עם יוסף רשאד קייסי, מאהר מחמד נובאני ואחרים, במספר רב של הזדמנויות שונות, מדי יום ביומו, יידה אבנים לעבר חיילי צה"ל שהיו במקום בכוונה לפגוע בהם.

P 5: 18

**<u>פרט שישי:</u>**

**<u>מהות העבירה:</u>** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש״ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, באיזור, בסוף חודש אוקטובר 2000, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ״ל, במועד האמור, בג׳נין או בסמוך לכך, נפגש עם יוסף רשאד קייסי, מחמד עארף פקייה, המכונה ״אלעארף״. הנאשם וחבריו הנ״ל קשרו לבצע פיגוע ירי לעבר חיילי צה״ל העומדים בנקודה ״אלתלה״ על הכביש העוקף ג׳נין, וזאת בכוונה לגרום למותם של חיילי צה״ל הנ״ל. הנאשם התחייב לספק לצורך ביצוע פיגוע הירי הנ״ל רוס״ר קלצ׳ניקוב, אשר בו החזיק במסגרת עבודתו במודיעין הכללי של הרשות הפלסטינית.

הנאשם גייס לביצוע הפיגוע האמור את עכרמה סטיטי, מחמד ע/רחמאן עמורי, עלאא סבאר, מעתצם סבאר ואת יוסף קייסי.

הנאשם ביחד עם כל חבריו הנ״ל, כאשר כולם חמושים ברוס״רי קלצ׳ניקוב ואם16-, נסע ברכבו למקום שבו תוכנן לבצע את פיגוע הירי. הנאשם וחבריו התמקמו במקום והנאשם הדריך את חבריו לירות לעבר חיילי צה״ל במטרה לגרום למותם. הנאשם וחבריו ירו לעבר חיילי צה״ל הנ״ל ממרחק של כ-100 מטר, בכוונה לגרום למותם של חיילי צה״ל. מיד לאחר שהנאשם וחבריו פתחו באש כאמור לעיל, כוחות צה״ל שנכחו במקום השיבו באש מסיבית והנאשם ביחד עם חבריו הנ״ל נמלטו בחזרה לג׳נין.

**<u>פרט שביעי:</u>**

**<u>מהות העבירה:</u>** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש״ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, באיזור, בתחילת חודש נובמבר 2000, מספר ימים לאחר שביצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ״ל, במועד האמור, בג׳נין או בסמוך לכך, נפגש עם מחמד עארף פקייה, המכונה אלעארף. הנאשם קיבל מידי יוסף פקייה הנ״ל מוקש לצורך ביצוע פיגוע נגד כלי רכב ישראליים או נגד חיילי צה״ל. יום למחרת, בשעות הבוקר המוקדמות, הנאשם הנ״ל, ביחד עם מחמד פקייה, יוסף רשאד קייסי ומאהר מחמד נובאני, הניח את המוקש הנ״ל בצומת ג׳למה בכביש עוקף ג׳נין, וזאת במטרה לגרום למותם של חיילי צה״ל הנוסעים במקום הנ״ל. בעת הנחת המוקש הנ״ל, הנאשם וחבריו הנ״ל הניחו אותו בצורה כזו שאזרחים פלסטינים לא יעלו בטעות על המוקש הנ״ל. לאחר מכן, הנאשם וחבריו הנ״ל נשארו מקום וביצעו תצפיות על מנת לעמוד על תוצאות הפיגוע. בשעות הצהרים חיילי צה״ל שהיו במקום גילו את המוקש הנ״ל ופוצצו אותו.

**<u>פרט שמיני:</u>**

**<u>מהות העבירה:</u>** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מסי 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, באיזור, בתחילת שנת 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ״ל, במועד האמור, בעקבות ״אי-הצלחת״ פיגועי הירי לעבר כוחות צה״ל באיזור ג׳נין, החליט לבצע פיגועים נגד המטרות הישראליות באמצעות מרגמות. הנאשם פנה אל מעתצם סבאר, חרט במקצועו, וביקש מהאחרון לייצר מרגמה. הנאשם ומעתצם פנו גם אל מחמוד חליל טוואלבה, פעיל צבאי בארגון הג׳יהאד האסלאמי הפלסטיני, והאחרון הסכים לסייע בייצור המרגמה. לאחר מכן, הנאשם ומעתצם סבאר פנו אל טארק שריב, בעל מחרטה, בבקשה לייצר עבורם צינור שישמש כלוע של המרגמה. לאחר שהנאשם וחברו קיבלו מהאדם הנ״ל את הצינור המבוקש, מעתצם הלחים את החלקים של המרגמה ואף ייצר מעמד עבור המרגמה.

לאחר מכן, הנאשם ביחד עם מעתצם ועם עלאא סבאר ונדאל אברהים בדאווי, המכונה ״אבו עדנאן״, ייצר פצצות מרגמה.

**פרט תשיעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 02.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם עלאא סבאר, נדאל אבראהים בדאווי, המכונה "אבו עדנאן", ועם מעתצם סבאר, החליט לבצע ירי פצצת מרגמה לעבר היישוב כדים בכוונה לגרום למותם של תושבי היישוב הנ"ל.

לצורך מימוש התכנית הנ"ל, הנאשם וחבריו הנ"ל העמיסו את המרגמה ואת פצצת המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון היישוב כדים.

במרחק של כ-500 מטר מהיישוב כדים, הנאשם וחבריו הנ"ל הכינו את המרגמה הנ"ל לירי והנאשם הצית את הפתיל של פצצת המרגמה ומתוך כוונה שפצצת המרגמה הנ"ל תפגע בתושבי היישוב כדים ותגרום למותם. פצצת המרגמה הנ"ל נורתה, אך לא הגיעה אל היישוב כדים ונפלה במרחק של כ-200 מטר מהנאשם וחבריו.

מיד לאחר ירי פצצת המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לגינין.

**פרט עשירי:**

**מהות העבירה:** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 02.05.01 או במועד הסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם מעתצם סבאר, עלאא סבאר ונדאל אברהים בדאווי, המכונה "אבו עדנאן", ייצר שתי פצצות מרגמה.

**פרט אחד-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 03.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם מחמד עמורי, עבראמה סטיטי ועם מעתצם סבאר, החליט לבצע ירי פצצת מרגמה לעבר מחנה צה"ל "בוקי" בכוונה לגרום למותם של חיילי צה"ל.

לצורך מימוש התכנית הנ"ל, הנאשם וחבריו הנ"ל העמיסו את המרגמה ואת פצצות המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון מחנה צה"ל "בוקי".

במרחק של כ-300 מטר ממחנה צה"ל "בוקי", הנאשם וחבריו הנ"ל הכינו את המרגמה הנ"ל לירי וירו שתי פצצות מרגמה לעבר מחנה צה"ל וזאת מתוך כוונה שפצצות המרגמה הנ"ל יפגעו במחנה צה"ל הנ"ל ויגרמו למותם של חיילי צה"ל. פצצות המרגמה הנ"ל לא פגעו במחנה צה"ל הנ"ל ונפלו לפניו.

מיד לאחר ירי פצצות המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לגינין.

ת.פ. 422/02 מתוקן

**פרט שניים-עשר:**

**מהות העבירה:** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 03.05.01 או במועד הסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ"ל, במועד האמור, בג'נין או בסמוך לכך, ביחד עם מעותצם סבאר, עלאא סבאר ונדאל אבראהים בדאווי, המכונה "אבו עדנאן", ייצר שתי פצצות מרגמה.

**פרט שלושה-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 04.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בג'נין או בסמוך לכך, ביחד עם חג'י עלי צפורי, מחמד עמורי, עכרמה סטיטי ועם מעותצם סבאר, החליט לבצע ירי פצצת מרגמה לעבר היישוב כדים בכוונה לגרום למותם של תושבי היישוב הנ"ל.

לצורך מימוש תכנית הנ"ל, הנאשם וחבריו הנ"ל העמיסו את המרגמה ואת פצצות המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון היישוב כדים.

הנאשם וחבריו הנ"ל הכינו את המרגמה הנ"ל לירי והנאשם וחבריו ירו שתי פצצות מרגמה לעבר היישוב כדים מתוך כוונה שפצצת המרגמה הנ"ל תפגע בתושבי היישוב כדים ותגרום למותם. פצצות המרגמה הנ"ל לא פגע ביישוב כדים.

מיד לאחר ירי פצצת המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לג'נין.

**פרט ארבעה-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 09.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בצומת דיר אבו צעיף הסמוך לג'נין, ביחד עם מחמד עמורי ועם מעותצם סבאר, ירה פצצת מרגמה לעבר טנק ישראלי שהיה בצומת הנ"ל וזאת בכוונה לגרום למותם של חיילי צה"ל שהיו בטנק האמור.

ת.ת. 422/02 מתוקן

P 5: 21