The above mentioned Defendant, at the said time, in Ramallah or thereabouts, met ███████. The Defendant suggested that ███████ carry out a shooting attack and the latter agreed. ███████ clarified to the Defendant that he knew how to use a handgun. ███████ told the Defendant that there was a senior Jewish officer who frequented a grocery store in Azaria while armed with a Mini Uzi, and that there were Border Guard officers who visited the same grocery store in Azaria. The Defendant concluded with ███████ that the Defendant would provide the latter with a handgun and ███████ would murder the above mentioned officer, and if possible would also murder the Border Guard officers when they came to Azaria, using the above mentioned handgun. ███████ agreed to the suggestion of the Defendant. That day, the Defendant received from ███████ a "14" pistol. After two days, the Defendant forwarded the above mentioned handgun to ███████ for carrying out the planned attack. The Defendant ordered ███████ to carry out the planned attack that very evening.

That evening, ███████ contacted the Defendant via ███████ and stated that he had not carried out the planned attack. The Defendant told ███████ to tell ███████ to carry out the planned attack in another day or two.

A few days thereafter, the Defendant was arrested by the Israeli security forces.

[Stamp] P 5: 36 [continued]

Prosecution Case 422/02 Amended

44

**Witnesses for the prosecution**:

1. ███████████████, Badge No. ██████ Judea investigations office: [taker of statements of the Defendant of March 31, 2002, April 28, 2002, April 29, 2002, May 8, 2002 and submitter of the handwriting of the Defendant in Arabic + seizure and marking memorandum + drawings in the handwriting of the Defendant].

2. ███████████████ Badge No. ██████ Judea investigations office [taker of the statement of the Defendant of April 4, 2002 and filer of handwriting of the Defendant in Arabic].

3. ███████████████ Badge No. ██████ Beit Shemesh Border Guard [taker of statement of the Defendant of May 15, 2002]

4. ███████████████ Badge No. ██████ minorities unit, Jerusalem [taker of two statements of the Defendant on May 28, 2002].

5. ███████████ Identity No. ██████████ (detainee)

6. ███████████████ Identity No ██████████ (detainee)

7. ███████████████ Identity No. ██████████ (detainee) (prosecution case 733/02)

8. ███████████████ Identity No. ██████████ (detainee) (prosecution case 320/02)

9. ███████████████ (Abu Hamid), Identity No. ██████████ (prisoner)

10. ███████████, Identity No. ██████████ (detainee)

11. ███████████ Identity No. ██████████ (detainee)

12. ███████████████, Identity No. ██████████ (detainee) (prosecution case 595/02)

13. ███████████████████, Identity No. ██████████ (detainee)

14. ███████████ Identity No ██████████ (detainee)

15. ███████████████████ Identity No. ██████████ (detainee)

16. ███████████████████ Identity No. ██████████ (detainee)

[Stamp] P 5: 37

Prosecution Case 422/02 Amended

17. ███████████████ Identity No. ████████ (detainee)

18. ███████████████ Identity No. ████████ (detainee)

19. ███████████████ Identity No. ████████ (detainee)

20. ███████████████ Identity No. ████████ (detainee)

21. ███████████████ Identity No. ████████ (detainee)

22. ███████████████ Identity No. ████████ (detainee)

23. ███████████████ Identity No. ████████ (detainee) (prosecution case 451/02)

24. ███████████████ Identity No. ████████ (detainee) (prosecution case 444/02)

25. ███████████████ Identity No. ████████ (detainee) (prosecution case 484/02)

26. ███████████████ Identity No. ████████ (detainee) (prosecution case 427/02)

27. ███████████████, Identity No. ████████ (detainee)

28. ███████████████ Identity No. ████████ (detainee)

_____

**Detailed Incident 4753/01 Afula**

29. ███████████████ Badge No. ████ Afula station. [submitter of action report + photograph plates]

30. ███████████████ Badge No. ████ forensic identification – Afula station [submitter of photograph pates]

31. ███████████████ Badge No. ████ Afula station. [submitter of action report]

32. ███████████████ Afula station. [submitter of action report]

33. ███████████████ Afula station. [submitter of action report]

[Stamp] P 5: 37 [continued]

Prosecution Case 422/02 Amended

34. ███████████████████ Afula station. [submitter of memorandum report]

35. ███████████████ Badge No. ██████ Afula station [submitter of exhibit cover form]

36. ███████████████████ Badge No. ██████ Afula station [submitter of memorandum]

37. ███████████████████ Badge No. ██████ Afula station. [submitter of seizure and marking report]

38. ███████████████████ Badge No. ██████ Afula station [submitter of action report].

39. ███████████████████ Badge No. ██████ Afula station. [submitter of seizure and marking report + Identity No. seized on the scene]

40. Medical certificates of the casualties.

41. Death certificate of the late Michal Mor.

42. Death certificate of the late Noam Gozovsky.

43. ███████████████, the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

An additional list of witnesses concerning the casualties and victims of the attack at the Central bus station in Afula on November 27, 2001 will be provided during the trial

[Stamp] P 5: 37 [continued]

Prosecution Case 422/02 Amended

47

_____

**Detailed Incident 412/02 Binyamin**

44. ███████ Badge No. ███████ Binyamin Station. [testimony]

45. ███████ Identity No ███████ Binyamin Station. [testimony]

46. Mordechai Tal, Identity No. 29501590, Binyamin Station. [severely injured in the attack]

47. ███████ Identity No ███████ (details in the prosecution) [reserve soldier, was at the checkpoint at the time of the attack – saw the suicide terrorist]

48. ███████ Identity No ███████ (details in the prosecution] (commander of reserve force at the checkpoint at the time of the attack, talked to the suicide terrorist before the explosion]

49. ███████ Identity No. ███████ details in the prosecution) [reserve soldier at the checkpoint at the time of the attack – inspected the vehicle in which the suicide terrorist was traveling]

50. ███████ Identity No. ███████ details in the prosecution) [arrived at the site immediately after the attack]

51. ███████ Badge No. ███████ Modi'in Station. [submitter of action report]

52. ███████ Badge No. ███████ Modi'in Station. [submitter of action report]

53. ███████ National Headquarters, Policing and Security Branch, bomb laboratories section, Tel Aviv branch [submitter of initial expert opinion and expert opinion in case ZB23/ - 0821/2002 + photographs + exhibit cover form] (will be called upon explicit demand of the defense only)

54. ███████ forensic identification – analytic laboratory, National Headquarters, Jerusalem [submitter of expert opinion in file BI/33 – 54484/02] (will be called upon explicit demand of the defense only)

_____

[Stamp] P 5: 38

Prosecution Case 422/02 Amended

**Detailed incident 580/02 Shafat**

55. ███ Identity No. ███ Sivan Border Guard, 42nd company. (details in the prosecution) [testimony]

56. ███ Identity No. ███ Lavi Border Guard. (details in the prosecution) [testimony]

57. ███ Badge No. ███ Lavi Border Guard. (details in the prosecution) [testimony]

58. ███, Badge No. ███ Lavi Border Guard. (details in the prosecution) [testimony]

59. ███ Badge No. ███ Special Duties Department, central unit, Jerusalem [submitter of action / seizure and marking report + exhibit cover form]

60. ███, Badge No. ███ forensic identification – Zion station [submitter of photograph plates]

61. ███ Identity No. ███ Special Duties Department, central unit – Jerusalem [submitter of memorandum + Polaroid pictures]

_____

**2069/02 Jerusalem Special Duties Department**

62. ███, bomb laboratory, national headquarters – Jerusalem. [submitter of seizure and marking report + expert opinion] (will be called upon explicit demand of the defense only)

63. ███ analytic laboratory, national headquarters – Jerusalem [submitted of expert opinion] (will be called upon explicit demand of the defense only)

64. ███ Zion Station forensics - Jerusalem. [submitter of pictures from attack scene]

65. ███ Identity No. ███ details in the prosecution) [identification of the body of the late Gadi Shemesh]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

49

66. ███████ Identity No. ███████ (details in the prosecution) [identification of the body of the late Gadi Shemesh]

67. ███████ Identity No ███████ (details in the prosecution) [identification of the body of the late Gadi Shemesh]

68. ███████ Identity No ███████ etails in the prosecution) [identification of the body of the late Tzipora Shemesh]

69. Lior Mika, Identity No. 036386753 (details in the prosecution) [saw the terrorist exploding, injured in the attack]

70. Ilan Bauer, US passport number 700767376 (details in the prosecution) [was with his son, a minor, near the terrorist at the time of the explosion, both were injured]

71. Shiran Dervish, Identity No. 039888862 (details in the prosecution) [was near the terrorist at the time of the explosion, injured]

72. Hezkiya Lenenstein, Dutch passport number 115402413 (details in the prosecution) [injured in the attack, saw the terrorist at the time of the explosion]

73. Marion Kempler, Identity No. 016432148 (details in the prosecution) [injured in the attack]

74. Asi Armoza, Identity No. 051910735 (details in the prosecution) [injured in the attack]

75. Lawrence Salem, Identity No. 312738537 (details in the prosecution) [injured in the attack]

76. Tal Cohen, Identity No. 029506270 (details in the prosecution) [injured in the attack]

77. Faizula Haim Ya'akovian, Identity No. 011573441 (details in the prosecution) [injured in the attack, her store was damaged]

78. Eli Levi, Identity No. 033643438 (details in the prosecution) [injured in the attack]

79. Natanel Gideon, Identity No. 018176707 (details in the prosecution) [slightly injured, his store was damaged]

80. Astrid (Rivka) Gorno, Identity No. 301921169 (details in the prosecution) [injured in the attack]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

81. Mazal Hachamov, Identity No. 304119407 (details in the prosecution) [injured in the attack]

82. Bosmat Cohen, Identity No. 061273413 (details in the prosecution) [injured in the attack]

83. Moshe Fich, Identity No. 015776636 (details in the prosecution) [slightly injured in the attack]

84. Yaffa Levi, Identity No. 055466924 (details in the prosecution) [slightly injured in the attack]

[Stamp] P 5: 38 [continued]

Prosecution Case 422/02 Amended

85. ███████ Identity No. ███████ (details in the prosecution) [saw the terrorist at the time of the explosion]

86. ███████ Identity No. ███████ (details in the prosecution) [was near the explosion site]

87. ███████ Identity No. ███████ (details in the prosecution) [eye witness, cared for casualties]

88. ███████ Identity No. ███████ (details in the prosecution) [his store was damaged]

89. ███████ the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

90. ███████ the National Center for Forensic Medicine. [submitter of expert opinion] (will be called upon explicit demand of the defense only)

91. Death certificate – the late Yitzhak Cohen.

92. List of casualties of the attack from the Jerusalem Municipal Council – 106 call center (institutional record)

93. Medical certificates

Another list of witnesses concerning the casualties and victims of the attack in King George Street in Jerusalem on March 21, 2002 will be given during the trial

　　　　[Signature]
　　Michael Kotlik, Captain
　　　Military Prosecutor

Date: January 14, 2003

Reference: 422-02 amended

[Stamp] P 5: 39

Prosecution Case 422/02 Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK I. SOKOLOW, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE PALESTINE LIBERATION ORGANIZATION, *et al.*, <br><br> Defendants. | No. 04 Civ. 00397 (GBD) (RLE) |

### DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P5: 17-39.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P5: 17-39.

_____
Rina Ne'eman

ss.: New Jersey

On the [28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

HIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2392704

| צבא | הגנה | לישראל |
|---|---|---|
| בבית המשפט הצבאי | תיק ביה"מ : | 3478/02 |
| בבית אל | תיק תביעה : | 422/02 |
| בפני הרכב | תיק פ.א. : | 2504/02 אריאל |
| | | 2505/02 אריאל |
| | | 2506/02 אריאל |
| | | 2507/02 אריאל |
| | | 2508/02 אריאל |
| | | 4753/01 עפולה |
| | | 1073/02 בנימין |
| | | 412/02 בנימין |
| | | 580/02 שפט |
| | | 2069/02 מת"ים י-ם |

במשפט שבין התובע הצבאי - המאשים

- נ ג ד -

ע/כריים ראתב יונס עוויס
ת.ז. 980136675, יליד 26.08.70, תושב ג'ינין/רמאללה
עצור מיום 30.03.02

- ה נ א ש ם -

## כ ת ב - א י ש ו ם   מ ת ו ק ן

הנאשם הנ"ל מואשם בזאת בביצוע העבירות הבאות:

**פרט ראשון:**

**מהות העבירה:** חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנות 84(1)(א) ו-85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מחודש אוקטובר 2000 ועד ליום מעצרו, היה חבר או פעל כחבר בארגון שהוא התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, היה חבר ב"גדודי חללי אלאקצא" ("כתאיב שוהאדא אלאקצא"), הזרוע הצבאית של "התנזים" של הפת"ח, שהוא התאחדות בלתי מותרת.
הנאשם פעל במסגרת "גדודי חללי אלאקצא" כפי שיתואר בפרטי האישום הבאים.

ת.ת. 422/02 מתוקן

1

**פרט שני:**

**מהות העבירה:** נשיאת משרה בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ב) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מסוף שנת 2000 ועד ליום מעצרו, ניהל או עזר להנהלת התאחדות בלתי מותרת, או החזיק במשרה או עמדה כל שהיא בהתאחדות בלתי מותרת, דהיינו:

הנאשם הנ"ל, החל מסוף שנת 2000 ועד למעברו מג'נין לרמאללה בחודש דצמבר 2001, שימש כראש של "גדודי חללי אלאקצא" ("כתאיב שוהאדא אלאקצא"), הזרוע הצבאית של "התנזים" של הפתייח, שהוא התאחדות בלתי מותרת, באיזור ג'נין.

בחודש דצמבר 2001 הנאשם עבר להתגורר ברמאללה ואז עזב את התפקיד הנ"ל והצטרף להנהגה של "גדודי חללי אלאקצא" באיזור רמאללה.

**פרט שלישי:**

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מסוף שנת 2001 ועד ליום מעצרו או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו:

הנאשם הנ"ל, בסוף שנת 2001, גייס לשורות "גדודי חללי אלאקצא", הזרוע הצבאית של "התנזים" של הפתייח, שהוא התאחדות בלתי מותרת, את אחי ███████, ███████. הנאשם מינה את האנשים הנ"ל להיות אחראים על פעילותם של "גדודי חללי אלאקצא" בג'נין. לאחר מעברו של הנאשם לרמאללה בסוף 2001, הנאשם המשיך להיות בקשר מתמיד עם האנשים הנ"ל ואף דאג לשלוח לכל אחד מהם סכום של 1,000 ש"ח פעם בחודש לצורכי פעילותם בארגון האמור.

**פרט רביעי:**

**מהות העבירה:** החזקת כלי-יריה, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל משנת 1994 ועד ליום מעצרו, החזיק ברשותו כלי-יריה, תחמושת, פצצה, רימון יד או חפץ נפיץ או מבעיר, כלי או חפץ או דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ"ל, במהלך התקופה האמורה, הן בג'נין והן ברמאללה, החזיק במספר רב של כלי נשק מסוגים שונים, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.

בין היתר החזיק הנאשם במשך פרקי זמן שונים, החל מחודש ימים ועד מספר שנים, באקדח בלגי 14, אקדח 16, אקדח ברטה 16, אקדח חלואני 9 מ"מ, אקדח טופי, אקדח טוטו 9 מ"מ, אקדח 9 מ"מ, אקדח "סטאר", רוסי"ר אס-16, תמי"ק עוזי, רוסי"ר קלצ'ניקוב.

**פרט חמישי:**

**מהות העבירה:** יידוי אבנים לעבר אדם או רכוש, עבירה לפי סעיף 53א(2) לצו בדבר הוראות הביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך סוף שנת 2000 או בסמוך לכך, זרק דבר לרבות אבן לעבר אדם או רכוש, בכוונה לפגוע באדם או ברכוש, דהיינו:

הנאשם הנ"ל, במהלך התקופה האמורה, באיזור ג'נין או בסמוך לכך, ביחד עם ███████ ואחרים, במספר רב של הזדמנויות שונות, מדי יום ביומו, יידה אבנים לעבר חיילי צה"ל שהיו במקום בכוונה לפגוע בהם.

2

ת.ת. 422/02 מתוקן

P 5: 18

**פרט שישי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש אוקטובר 2000, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, נפגש עם ▇▇▇▇, המכונה ▇▇▇▇. הנאשם וחבריו הנ"ל קשרו לבצע פיגוע ירי לעבר חיילי צה"ל העומדים בנקודת "אלתלה" על הכביש העוקף גינין, וזאת בכוונה לגרום למותם של חיילי צה"ל הנ"ל. הנאשם התחייב לספק לצורך ביצוע פיגוע הירי הנ"ל רוס"ר רוסייר קלצ'ניקוב, אשר בו החזיק במסגרת עבודתו במודיעין הכללי של הרשות הפלסטינית.
הנאשם גייס לביצוע הפיגוע האמור את ▇▇▇▇ ואת ▇▇▇▇.
הנאשם ביחד עם כל חבריו הנ"ל, כאשר כולם חמושים ברוס"רי קלצ'ניקוב ואם16-, נסע ברכבו למקום שבו תוכנן לבצע את פיגוע הירי. הנאשם וחבריו התמקמו במקום והנאשם הדריך את חבריו לירות לעבר חיילי צה"ל במטרה לגרום למותם. הנאשם וחבריו ירו לעבר חיילי צה"ל הנ"ל ממרחק של כ-100 מטר, בכוונה לגרום למותם של חיילי צה"ל. מיד לאחר שהנאשם וחבריו פתחו באש כאמור לעיל, כוחות צה"ל שנכחו במקום השיבו באש מסיבית והנאשם ביחד עם חבריו הנ"ל נמלטו בחזרה לגינין.

**פרט שביעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת חודש נובמבר 2000, מספר ימים לאחר שביצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, נפגש עם ▇▇▇▇ המכונה ▇▇▇▇. הנאשם קיבל מידי ▇▇▇▇ הנ"ל מוקש לצורך ביצוע פיגוע נגד כלי רכב ישראליים או נגד חיילי צה"ל. יום למחרת, בשעות הבוקר המוקדמות, הנאשם הנ"ל, ביחד עם ▇▇▇▇, הניח את המוקש הנ"ל בצומת גילמה בכביש עוקף גינין, וזאת במטרה לגרום למותם של חיילי צה"ל הנוסעים במקום הנ"ל. בעת הנחת המוקש הנ"ל, הנאשם וחבריו הנ"ל הניחו אותו בצורה כזו שאזרחים פלסטינים לא יעלו בטעות על המוקש הנ"ל. לאחר מכן, הנאשם וחבריו הנ"ל נשארו במקום וביצעו תצפיות על מנת לעמוד על תוצאות הפיגוע. בשעות הצהריים חיילי צה"ל שהיו במקום גילו את המוקש הנ"ל ופוצצו אותו.

**פרט שמיני:**

**מהות העבירה:** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, בעקבות "אי-הצלחתי" פיגועי הירי לעבר כוחות צה"ל באיזור גינין, החליט לבצע פיגועים נגד המטרות הישראליות באמצעות מרגמות. הנאשם פנה אל ▇▇▇▇, חרט במקצועו, וביקש מהאחרון לייצר מרגמה. הנאשם ו▇▇▇▇ פנו גם אל ▇▇▇▇, פעיל צבאי בארגון הגיהאד האסלאמי הפלסטיני, והאחרון הסכים לסייע בייצור המרגמה. לאחר מכן, הנאשם ו▇▇▇▇ פנו אל ▇▇▇▇, בעל מחרטה, בבקשה לייצר עבורם צינור שישמש כלוע של המרגמה. לאחר שהנאשם וחבריו קיבלו מהאדם הנ"ל את הצינור המבוקש, ▇▇▇▇ הלחים את החלקים של המרגמה ואף ייצר מעמד עבור המרגמה.
לאחר מכן, הנאשם ביחד עם ▇▇▇▇ ועם ▇▇▇▇, המכונה ▇▇▇▇, ייצר פצצות מרגמה.

3

ת.ת. 422/02 מתוקן

**פרט תשיעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, ביום 02.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו :

הנאשם הנ״ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם ████████ ████████, המכונה ████████, ועם ████████, החליט לבצע ירי פצצת מרגמה לעבר היישוב כדים בכוונה לגרום למותם של תושבי היישוב הנ״ל.

לצורך מימוש התכנית הנ״ל, הנאשם וחבריו הנ״ל העמיסו את המרגמה ואת פצצת המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון היישוב כדים.

במרחק של כ-500 מטר מהיישוב כדים, הנאשם וחבריו הנ״ל הכינו את המרגמה הנ״ל לירי והנאשם הצית את הפתיל של פצצת המרגמה וזאת מתוך כוונה שפצצת המרגמה הנ״ל תפגע בתושבי היישוב כדים ותגרום למותם. פצצת המרגמה הנ״ל נורתה, אך לא הגיעה אל היישוב כדים ונפלה במרחק של כ-200 מטר מהנאשם וחבריו.

מיד לאחר ירי פצצת המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לגינין.

**פרט עשירי:**

**מהות העבירה:** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, ביום 02.05.01 או במועד הסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו :

הנאשם הנ״ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם ████████ ████████, המכונה ████████, ייצר שתי פצצות מרגמה.

**פרט אחד-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**פרטי העבירה:** הנאשם הנ״ל, באיזור, ביום 03.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו :

הנאשם הנ״ל, במועד האמור, בגינין או בסמוך לכך, ביחד עם ████████ ועם ████████, החליט לבצע ירי פצצת מרגמה לעבר מחנה צה״ל "בזק" בכוונה לגרום למותם של חיילי צה״ל.

לצורך מימוש התכנית הנ״ל, הנאשם וחבריו הנ״ל העמיסו את המרגמה ואת פצצות המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון מחנה צה״ל "בזק".

במרחק של כ-300 מטר ממחנה צה״ל "בזק", הנאשם וחבריו הנ״ל הכינו את המרגמה הנ״ל לירי וירו שתי פצצות מרגמה לעבר מחנה צה״ל הנ״ל וזאת מתוך כוונה שפצצות המרגמה הנ״ל יפגעו במחנה צה״ל הנ״ל ויגרמו למותם של חיילי צה״ל. פצצות המרגמה הנ״ל לא פגעו במחנה צה״ל הנ״ל ונפלו לפניו.

מיד לאחר ירי פצצות המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לגינין.

4

ת.ת. 422/02 מתוקן

P 5: 20

**פרט שניים-עשר:**

**מהות העבירה:** ייצור כלי-יריה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 03.05.01 או במועד הסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, בג'נין או בסמוך לכך, ביחד עם ▇▇▇ ▇▇▇, המכונה ' ▇▇▇ , ייצר שתי פצצות מרגמה.

**פרט שלושה-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 04.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בג'נין או בסמוך לכך, ביחד עם ▇▇▇ ועם ▇▇▇ החליט לבצע ירי פצצת מרגמה לעבר היישוב כדים בכוונה לגרום למותם של תושבי היישוב הנ"ל.
לצורך מימוש התכנית הנ"ל, הנאשם וחבריו הנ"ל העמיסו את המרגמה ואת פצצות המרגמה, אשר אותם ייצרו כאמור בפרט האישום הקודם, לרכבו של הנאשם ונסעו לכיוון היישוב כדים.
הנאשם וחבריו הנ"ל הכינו את המרגמה לירי והנאשם וחבריו ירו שתי פצצות מרגמה לעבר היישוב כדים מתוך כוונה שפצצת המרגמה הנ"ל תפגע בתושבי היישוב כדים ותגרום למותם. פצצות המרגמה הנ"ל לא פגעו ביישוב כדים.
מיד לאחר ירי פצצת המרגמה, הנאשם וחבריו אספו את המרגמה וחזרו עמה לג'נין.

**פרט ארבעה-עשר:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 09.05.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בצומת דיר אבו צעיף הסמוך לג'נין, ביחד עם ▇▇▇ ועם ▇▇▇ ירה פצצת מרגמה לעבר טנק ישראלי שהיה בצומת הנ"ל וזאת בכוונה לגרום למותם של חיילי צה"ל שהיו בטנק האמור.

5

ת.ת. 422/02 מתוקן

P 5: 21

פרט חמישה-עשר:

**מהות העבירה:** ייצור פצצה, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מסי 378), תשי"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אוקטובר 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, בגינין או בסמוך לכך, נפגש עם ▓▓▓▓ ▓▓▓▓ מסר לנאשם כי הוא נמצא בקשר עם חוליה מצור חנא, אשר חבריה מבקשים לבצע פיגוע תופת בתוך מדינת ישראל ולמטרה זו הם זקוקים למטען חבלה. הנאשם אף נפגש בגינין עם שני חברי החוליה "הישראלית" הנ"ל.
הנאשם הסכים לסייע בנושא וייצר עבור החוליה הנ"ל, לצורך ביצוע הפיגוע המתוכנן בתוך מדינת ישראל, מטען חבלה במשקל של 15 ק"ג. הנאשם מסר את מטען החבלה הנ"ל לידי ▓▓▓▓ ▓▓▓▓ שהגיע ביחד עם אחד מחברי החוליה "הישראלית". הנאשם אף הסביר לאותו אדם איך מפעילים את מטען החבלה הנ"ל.
לאחר מכן, ▓▓▓▓ דיווח לנאשם כי החוליה הנ"ל הניחה את מטען החבלה, אשר אותו ייצר הנאשם, בצומת גולני בתוך מדינת ישראל במטרה לבצע פיגוע תופת, מטען החבלה התפוצץ, אך איש לא נפגע.

פרט שישה-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשי"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במחצית השנייה של שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל במועד האמור, ביחד עם ▓▓▓▓ ▓▓▓▓ החליט לבצע פיגוע ירי לעבר כלי רכב ישראלי בכביש עוקף גינין בכוונה לגרום למותם של אזרחים ישראליים. הנאשם וחברו הנ"ל הגיעו לכביש עוקף גינין, כאשר הם חמושים במקלע 250. הנאשם וחבריו הבחינו בג'יפ של צה"ל אשר נסע בכביש עוקף גינין. הנאשם וחברו הנ"ל פתחו באש אוטומטית לעבר ג'יפ צה"ל הנ"ל בכוונה לגרום למותם של חיילי צה"ל שנסעו בג'יפ הנ"ל. מיד לאחר ביצוע פיגוע הירי הנ"ל, הנאשם וחברו נמלטו מהמקום.

פרט שבעה-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תשי"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אוקטובר 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל במועד האמור, בגינין או בסמוך לכך, נפגש עם ▓▓▓▓ ועם ▓▓▓▓ ▓▓▓▓. במהלך הפגישה האמורה, ▓▓▓▓ מסר כי הוא מכיר היטב את היישוב כדים והציע כי הנאשם ו-▓▓▓▓ יביאו לו שני אנשים כדי שיבצעו ביחד עמו פיגוע גדול בתוך היישוב כדים בכוונה לגרום למותם של אנשים רבים ככל הניתן.
2. הנאשם ו-▓▓▓▓ הסכימו להצעה האמורה. הנאשם ו-▓▓▓▓ פנו אל ▓▓▓▓ ▓▓▓▓ וגייסו אותם לביצוע הפיגוע המתוכנן בתוך היישוב כדים, כאשר הנאשם ו-▓▓▓▓ מסבירים כי מדובר בפיגוע התאבדות.
3. על-פי התכנון של הנאשם ושל ▓▓▓▓, שלושת האנשים הנ"ל היו אמורים להיכנס אל תוך היישוב כדים, לרצוח את חיילי צה"ל השומרים על היישוב, להיכנס אל תוך אחד בתי היישוב, לרצוח את כל תושבי הבית. תוכנן כי לאחר מכן, המפגעים יסתגרו בתוך הבית וינהלו קרב עם כוחות צה"ל עד שימצאו את מותם.
4. הנאשם ו-▓▓▓▓ צילמו את שלושת האנשים הנ"ל באמצעות מצלמת וידאו לקראת ביצוע הפיגוע המתוכנן.

5. לאחר מכן, על-פי הוראתם של הנאשם ושל ████ אסף את שלושת האנשים הנ"ל ויצא עמם במונית לכיוון היישוב כדים לצורך ביצוע הפיגוע המתוכנן.
6. לאחר שעתיים האנשים הנ"ל חזרו ודיווחו לנאשם ול████ כי לא הצליחו לחדור אל תוך היישוב כדים עקב נוכחותם של טנקים של צה"ל במקום.
7. יום למחרת, הנאשם ו████ מסרו ל████ מצלמת וידאו על מנת שיצלם את היישוב כדים. לאחר ש████ עשה זאת, הנאשם ו████ צפו בקלטת הוידאו ותכננו את הפיגוע שוב.
8. למחרת היום, הנאשם גייס לצורך ביצוע הפיגוע ביישוב כדים את ████ עומר ואת ████. הנאשם ו████ צילמו את שני האנשים הנ"ל באמצעות מצלמת וידאו לקראת ביצוע הפיגוע המתוכנן.
9. יום למחרת, על-פי הוראת הנאשם ו████ אסף את שני האנשים הנ"ל וכן את ████ האמור לעיל, כשהם חמושים בכלי הנשק אשר נמסרו להם לצורך ביצוע הפיגוע על-ידי הנאשם ו████. לאחר מספר שעות האנשים הנ"ל חזרו ודיווחו כי לא ביצעו את הפיגוע המתוכנן מכיוון שפחדו למות עוד בכניסה ליישוב כדים וזאת עקב נוכחות כוחות גדולים של צה"ל במקום.

פרט שמונה-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת חודש נובמבר 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל במועד האמור, במחנה הפליטים ג'נין או בסמוך לכך, ביחד עם ████, ירה לעבר חיילי צה"ל שנכנסו למחנה הפליטים האמור, וזאת בכוונה לגרום למותם של חיילי צה"ל. הנאשם ירה ברוסי"ר אמ-16 ואילו ████ ירה במקלע 250.

פרט תשעה-עשר: (פ.א. 4753/01 עפולה)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 27.11.01 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
1. בתחילת חודש נובמבר 2001, בג'נין או בסמוך לכך, הנאשם נפגש עם ████. הנאשם ו████ החליטו להוציא לפועל פיגוע בתוך מדינת ישראל בכוונה לגרום למותם של אזרחים ישראליים רבים ככל האפשר וזאת כנקמה על מותם של שלך מג'יד ████.
2. ████ מסר לנאשם כי לו שני אנשים המוכנים לבצע פיגוע התאבדות בעפולה במדינת ישראל, כאשר האנשים הנ"ל יירו לעבר האזרחים הישראליים בעפולה במטרה לגרום למותם של אנשים רבים ככל האפשר וימשיכו לירות עד שייהרגו מאש כוחות הביטחון הישראליים.
3. הנאשם הסכים לבקשתו של ████ לספק לשני המחבלים המתאבדים הנ"ל כלי נשק לצורך ביצוע פיגוע ההתאבדות המתוכנן.
4. בעקבות ההסכמה הנ"ל, הנאשם מסר לידי ████ שני רוסי"רי קלצ'ניקוב לצורך ההוצאה לפועל של הפיגוע המתוכנן. את אחד מכלי הנשק הנ"ל הנאשם קיבל במסגרת עבודתו במודיעין הכללי של הרשות הפלסטינית, ואילו את כלי הנשק השני הנאשם רכש לצורך ההוצאה לפועל של הפיגוע המתוכנן תמורת 8,000 ש"ח מידי ████, שעובד בכוח 17 של הרשות הפלסטינית.
5. הנאשם ו████ צילמו באמצעות מצלמת וידאו את ████ ו████ לקראת ביצוע פיגוע ההתאבדות המתוכנן. לאחר הצילום הנאשם נתן לכל אחד מהאנשים הנ"ל סכום של 500 ש"ח על שירכשו בגדים חדשים לצורך ביצוע פיגוע ההתאבדות המתוכנן.
6. יום למחרת, הנאשם נפגש עם ████ וביקש מהאחרון "לפתוח דרך" מג'נין לעפולה עבור שני המחבלים המתאבדים הנ"ל על מנת שיוכלו להגיע לעפולה מבלי

7

ת.ת. 422/02 מתוקן

P 5: 23