**Tenth count**: **(Detailed Incident 4258/02 Yarkon)**

**Nature of the offense**: Causing intentional death, an offense under Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 14 and 2 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, on March 5, 2002 or thereabouts, was an accomplice in causing the intentional death of others.

In other words, by his acts described in the previous count of the indictment, **the late Yosef Habi**, who was stabbed by ▬▬▬▬▬ in the chest and other parts of his body, died.

**Eleventh count**: **(Detailed Incident 4258/02 Yarkon)**

**Nature of the offense**: Causing intentional death, an offense under Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 14 and 2 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, on March 5, 2002 or thereabouts, was an accomplice in causing the intentional death of others.

In other words, by his acts described in the previous count of the indictment, **the late Eliyahu Dahan**, who was stabbed by ▬▬▬▬▬ in the chest and other parts of his body, died.

**Twelfth count**: **(Detailed Incident 4258/02 Yarkon)**

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 19-20, 14 and 2 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, on March 5, 2002 or thereabouts, was an accomplice in attempting to cause the intentional death of others.

In other words, the above mentioned Defendant, by his acts described in the previous count of the indictment, attempted to cause the death of as many civilians as possible.

[Stamp] P 5: 227

Prosecution Case 444/02 Amended

As a result of the rounds that were fired by ▓▓▓▓▓▓▓, dozens of Israeli civilians were slightly to severely injured.

**Thirteenth count**:

**Nature of the offense:** Possession of war materiel, an offense pursuant to Section 53(A)(1) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense**: The aforesaid Defendant, in the Area, during March 2002 or thereabouts, possessed a firearm, ammunition, hand grenade, tool, object or thing designed or capable of causing death

[Stamp] P 5: 227 [continued]

Prosecution Case 444/02 Amended

or severe injury, without a permit certificate issued by or for a military commander;

In other words, the above mentioned Defendant, at the above mentioned time, received from the coordinator of naval security in Nablus, ▇▇▇▇▇▇ 6 magazines for a Kalashnikov rifle, 30 detonators for explosive devices, 2 kg of gunpowder and a grenade launcher.

The Defendant received that which has been set forth above at a frequency of three times a month.

**Fourteenth count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 19-20, 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, during April 2002 or thereabouts, attempted with others to cause the intentional death of others, as follows:

1. At the above mentioned time, the Defendant along with Al Aqsa Martyrs Brigades operatives, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇ ▇▇▇▇▇▇ fired at IDF forces when they entered the Balata Camp.

2. The Defendant and his above mentioned colleagues, who anticipated the entry of IDF forces into the camp, placed many explosive devices at the entrance to the camp. When IDF forces entered, the Defendant and his fellow cell members detonated the explosive devices against the military forces and fired at them using weapons.

3. The Defendant and his fellow cell members acted as set forth for eight days.

4. After the army departed from the camp. The Defendant and his fellow squad members started to prepare a large number of explosive devices, to use them against the military forces if they reentered the camp.

**Fifteenth count**: (Detailed Incident 4685/02, Petach Tikva Station)

**Nature of the offense**: Causing intentional death, an offense under Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 2 and 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 5: 228

Prosecution Case 444/02 Amended

22

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, On May 27, 2002, with others, caused the intentional death of another person, as follows:

1. The above mentioned Defendant, at about the time set forth above, was contacted by ▮▮▮▮ (hereinafter – ▮▮▮) and asked him to prepare him to carry out a suicide attack in Petach Tikva. ▮▮▮ told the Defendant that he had worked at the shopping mall in Petach Tikva, and was very familiar with the site.

2. The Defendant told ▮▮▮ and ▮▮▮ that ▮▮ wanted to carry out a suicide attack in revenge for the death of ▮▮▮▮.

[Stamp] P 5: 228 [continued]

Prosecution Case 444/02 Amended

3. The day before the execution of the attack, with ▓▓▓▓ the Defendant brought ▓▓▓▓ to his home in the Balata camp, where they filmed him that a video camera while he was holding an M-16 type rifle.

4. After the Defendant finished filming ▓▓, he asked ▓▓▓▓▓ (hereinafter ▓▓▓▓) to drive him and ▓▓ to Rafidia. When they arrived at the site, the Defendant called [unidentified abbreviation] and informed him that he had arrived at the café.

   ▓▓ called ▓▓▓▓ and ▓▓▓▓ and checked with them whether they had transferred an explosive belt to ▓▓▓▓ (hereinafter – ▓▓).

   About five minutes later, ▓▓ arrived, carrying a black package, which contained an explosive belt for carrying out the attack. ▓▓ transferred the package to the Defendant. The Defendant transferred the package to ▓▓ and asked ▓▓ to join the taxi in which ▓▓ was traveling. The Defendant asked ▓▓ [sic] to drive behind the taxi in which ▓▓ was traveling.

5. ▓▓ drove after the taxi in which ▓▓ was traveling, and when they reached the town Azoun Alatma, at about 1:30 p.m., ▓▓ transferred the package to ▓▓ and ▓▓ ▓▓ called the Defendant and updated him that he had transferred the package as set forth. Thereafter, ▓▓ returned to Nablus.

6. After ▓▓ arrived with ▓▓ in Kfar Kassem and boarded the taxi, ▓▓ called the Defendant and informed him that ▓▓ had boarded the taxi en route to carrying out the attack.

7. At about 6:30 p.m., the above mentioned ▓▓ arrived at the Em Hamoshavot Shopping Mall in Petach Tikva, as mentioned, near the place at which he had worked previously, while wearing an explosive belt. ▓▓ approached a crowded place near a patisserie at 1 Rishon le Zion Street and detonated the explosive belt that he was wearing, with the intent of causing the death of other persons.

8. As a result of the execution of the attack, **the late Ruth Peled** died.

[Stamp] P 5: 229

Prosecution Case 444/02 Amended

**Sixteenth count**: **(Detailed Incident 4685/02, Petach Tikva Station)**

**Nature of the offense**: Causing intentional death, an offense under Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 2 and 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, on May 27, 2002, with others, caused the intentional death of another person;

In other words, as a result of the suicide attack described in the previous account of the indictment that was carried out by ▅▅▅, the **late infant Sinai Keinan** died.

[Stamp] P 5: 229 [continued]

Prosecution Case 444/02 Amended

24

**Seventeenth count**: (Detailed Incident 4685/02, Petach Tikva Station)

**Nature of the offense**: Attempting to cause intentional death, an offense under Sections 51(A) and 7(C) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970 and Sections 19-20, 2 and 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in and outside of the Area, on May 27, 2002, attempted with others to cause the intentional death of others;

In other words, in the circumstances described in the previous count of the indictment, the Defendant attempted to cause the death of others. As a result of the execution of the attack by ▮ as set forth above, dozens of civilians were injured to varying degrees of severity.

**Eighteenth count**:

**Nature of the offense**: Conspiring to cause intentional death, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, at the time set forth above, met ▮, who told him that he was planning to carry out a suicide attack in the Israeli settlement Shavei Shomron, for which purpose he was planning to send ▮ to carry out the attack.

The Defendant expressed his consent to the plan of ▮

The Defendant provided ▮ three Magazines for a Kalashnikov type rifle, in order for him to use them in the commission of the attack.

**Nineteenth count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 19-20, 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, on several occasions, attempted with others to cause the intentional death of others, as follows:

[Stamp] P 5: 230

Prosecution Case 444/02 Amended

1. In early 2001 or thereabouts, the Defendant departed with his fellow cell members, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ armed with M-16 type rifles, and the Defendant carried a Kalashnikov type rifle, and together they fired at a military jeep that was near Tzara Junction. The Defendant fired approximately 16 rounds at the military jeep, and his colleagues fired the rifles that they were carrying.

After the gunfire, the Defendant and his fellow cell members fled to the Beit Alma Camp.

[Stamp] P 5: 230 [continued]

Prosecution Case 444/02 Amended

2. After a few days, from that which has been stated above, the Defendant departed, **on several occasions**, along with his fellow cell members, towards a military point located near Har Grizim Junction, armed with rifles, and the Defendant was armed with an M-16 type rifle. The Defendant fired at the military point along with his colleagues.

3. After early 2002, the Defendant, who was armed with a Kalashnikov type rifle, fired with ███ and ███ at a military point located between Tel and Burin.

**Twentieth count**:

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 19-20, 14 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, in the Area, on several occasions, attempted with others to cause the intentional death of others, as follows:

1. In early 2001 or thereabouts, the Defendant, armed with a Kalashnikov type rifle, with ███ and ███ who were armed with M-16 type rifles, laid two explosive devices, then connected a battery and 300 meter long wires to them. On that day, in the evening, a military jeep passed on the road leading to the settlement Bracha, and the above mentioned ███ detonated the two charges, as a result of which the two explosive devices exploded.

   Thereafter, the Defendant and his colleagues fled to Nablus.

2. About a week later, the Defendant and his fellow cell members, who were armed with firearms, laid an explosive device weighing 50 kg, at Iba Junction. The Defendant and his colleagues concealed the explosive devices in weeds. The Defendant and his colleagues connected 200 meter long wires to the explosive device.

   When a military jeep and a tank passed by the site, ███ detonated the explosive device, after the tank stopped.

3. During October 2001 or thereabouts, the Defendant, with his fellow cell members, ███ laid two explosive devices on the bypass road overlooking the "Ein Almaa" area in Zawata.

[Stamp] P 5: 231

Prosecution Case 444/02 Amended

27

When they noticed a military jeep and a tank passing by, the Defendant and his colleagues detonated the explosive devices.

4. During October 2001 or thereabouts, the Defendant and his fellow cell members laid an explosive on the bypass road leading to Asira Alashmalia. When IDF soldiers noticed the explosive device, they shot at them, and 20 minutes later, the Defendant activated the explosive device, which exploded as a result.

[Stamp] P 5: 231 [continued]

Prosecution Case 444/02 Amended

28

After the detonation of the explosive device, the Defendant and his fellow squad members fled to the Balata Camp.

**Twenty first count**:

**Nature of the offense**: Conspiring to cause intentional death, an offense pursuant to Section 22 of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968 and Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense**: The above mentioned Defendant, in the Area, on several occasions, conspired with others to cause the intentional death of another person, as follows:

1. During the period after March 2002 or thereabouts, the Defendant asked ▓ ▓ (hereinafter – ▓) to send to ▓ (hereinafter – ▓) and ▓ (hereafter – ▓) and asked them to find a person who was prepared to carry out a suicide attack in the Israeli settlement Kedumim. ▓ approached ▓ and ▓ and informed them of the plan of the Defendant, they agreed to his request and said that they would try to find a person who was prepared to carry out the attack.

   ▓ carried out surveillance of the above mentioned settlement and informed the Defendant that there were no weak points in the above mentioned settlement, and it would be possible to bring in a suicide terrorist to a point only 100 meters away from the settlement.

   The Defendant told ▓ that this distance was unsuitable and as a result the attack did not go ahead.

2. In 2002 or thereabouts, the above mentioned Defendant, planned with ▓ to carry out an attack in the Hawara Camp. ▓ told the Defendant that there were two people: A. ▓; B. ▓, who were prepared to carry out the suicide attack.

   The planning was for one of the attackers to drive a white jeep that looked like a Red Cross vehicle, and for this vehicle to be used as a car bomb. Then the attacker driving the jeep would reach the Hawara checkpoint, he would detonate the vehicle at the checkpoint.

   [Stamp] P 5: 232

Prosecution Case 444/02 Amended

After the detonation of the vehicle, two cells of terrorists armed with Kalashnikov rifles and hand grenades would penetrate the camp from two different points: 1. from the direction of Awarta; 2. from the direction of Rujeib.

[REDACTED] and [REDACTED] conducted surveillance of the sector of the camp. However, this attack was not executed.

_____[Signature]_____
**Naji Amar, Lieutenant**
**Military Prosecutor**

[Stamp] P 5: 232 [continued]

Prosecution Case 444/02 Amended

**List of witnesses for the prosecution**:

Detailed Incident 4968/02:

1. ███████████████████████ (taker of the confession of the Defendant dated June 5, 2002).

2. ███████████████████████ (taker of the confession of the Defendant on June 10, 2002 and June 11, 2002).

3. ███████████████████████ (taker of the confession of the Defendant on July 9, 2002 and July 11, 2002).

4. ███████████████████████ (taker of the confession of the Defendant dated August 20, 2002).

5. ███████████████████████ (performer of identity parade for witnesses: ██████ ███████████████████████).

6. ███████████████████████ (detained in Prosecution Case ███████████).

7. ███████████████████████ (detained in Prosecution Case ███████████).

8. ███████████████████████ (detained in Prosecution Case ███████).

9. ███████████████████████ (detained in Prosecution Case ███████████).

10. ███████████████████████ (detained). ███████

11. ███████████████████████████████ (detained).

12. ███████████████████████ (detained, Prosecution Case ███████████).

13. ███████████████████████ (detained).

14. ███████████████████████████ (detained).

15. ███████████████████████ (detailed).

[Stamp] P 5: 233

Prosecution Case 444/02 Amended

16. Remand hearing transcripts dated: June 17, 2002, July 10, 2002 and August 12, 2002.

**Detailed Incident 502/02 Zion**

17. ███████████████████████ (submitter of memorandum, seizure and marking report).

18. ███████████████████ (submitter of seizure and marking report).

19. █████████████████[submitter of memorandum, seizure and marking report + photographs).

20. ████████████████████████████ (submitter of action report – finding of magazine coupler).

21. ███████████████████████ (submitter of seizure and marking report).

22. ██████████████████ (eyewitness – pursued the terrorist)

23. ████████████████ (eyewitness)

24. ██████████████ (eyewitness).

25. ████████████████ (eyewitness)

26. ██████████████████ (eyewitness – pursued the terrorist)

27. ████████████████████ (eyewitness)

28. ████████████████ (eyewitness)

29. ██████████████ (eyewitness)

30. ████████████████ (eyewitness)

31. ██████████████████ (eyewitness)

32. ████████████████████████ (eyewitness)

33. ████████████████ (eyewitness)

34. ██████████████████ (eyewitness)

[Stamp] P 5: 233 [continued]

Prosecution Case 444/02 Amended

32

35. █████████████ (eyewitness)

36. █████████████████ (eyewitness)

37. ████████████████ (eyewitness)

38. ██████████████ (eyewitness)

39. ██████████████████ (identification of the body of the late Ora (Svetlana) Sandlar).

40. ████████████████████████████, Hadassah Ein Kerem Hospital, Jerusalem. (submitter of death notice of the late Ora (Svetlana) Sandlar).

41. ████████████████, Hadassah Ein Kerem Hospital, Jerusalem. (submitter of death notice of the late Sarah Hamburger).

**Detailed Incident Case 5858/02**

42. ████████/████████████████

43. ████████ Yarkon Identification, Israel Police.

44. ████████████████████, Yarkon Investigations Branch Officer.

45. ██████████████ Yarkon Special Investigations Team.

46. ██████████████████ (eyewitness)

47. ████████████████████ (eyewitness).

48. ██████████████████ (security guard at the restaurant)

49. ██████████████████ (eyewitness)

50. ██████████████████ (eyewitness)

51. ██████████████████ (eyewitness)

52. 22280 Shlomo David (injured in the attack)

53. ██████████████████████ (eyewitness)

[Stamp] P 5: 234

Prosecution Case 444/02 Amended

33

54. █████████████ (eyewitness)

55. █████████████ (eyewitness)

56. 309998540 Ivana Richtman (injured in the attack)

57. █████████████ (eyewitness)

58. █████████████ (eyewitness)

59. █████████████ (eyewitness)

60. █████████████ (eyewitness)

61. █████████████ (eyewitness)

62. █████████████ (eyewitness)

63. █████████████ (eyewitness)

64. █████████████ (eyewitness)

65. █████████████ (eyewitness)

66. █████████████ (eyewitness)

67. █████████████ (eyewitness)

68. █████████████ (identification of the body of the late Yosef Habi)

69. 31877665 Noam Asafi (injured in the attack)

70. 29416740 Yossi Azuz (injured in the attack)

[Stamp] P 5: 234 [continued]

Prosecution Case 444/02 Amended

71. 43401140 Michael Gruber, Identity No. (injured in the attack).

72. ▮▮▮▮▮▮▮▮▮ the National Institution of Forensic Medicine, Tel Aviv.

73. Hospital records – institutional record.

**Detailed Incident 4685/02 Petach Tikva Station**

74. ▮▮▮▮▮▮▮▮▮ (details in the prosecution).

75. ▮▮▮▮▮▮▮▮▮ (details in the prosecution).

76. ▮▮▮▮▮▮▮▮▮ (details in the prosecution).

77. ▮▮▮▮▮▮▮▮▮ (details in the prosecution).

78. ▮▮▮▮▮▮▮▮▮ (details in the prosecution).

79. ▮▮▮▮▮▮▮▮▮ (bomb disposal laboratory – exhibit cover form)

80. Laboratory expert opinion (will be forwarded later).

81. ▮▮▮▮▮ the Institution of Forensic Medicine (expert opinion – unidentified body).

82. ▮▮▮▮▮, the Institution of Forensic Medicine (expert opinion – the late Ruth Peled).

83. ▮▮▮▮▮, the Institution of Forensic Medicine (expert opinion – the late Sinai Keinan).

84. ▮▮▮▮▮▮▮▮▮▮▮▮▮ (action report).

85. ▮▮▮▮▮▮▮▮▮ (action report).

86. 310905773 Pasiev Yuri (memorandum – severely injured).

87. ▮▮▮▮▮▮▮▮▮ (action report).

88. ▮▮▮▮▮▮▮▮▮ (details in prosecution).

89. ▮▮▮▮▮▮▮▮▮ (details in prosecution).

90. ▮▮▮▮▮▮▮▮▮ (details in prosecution).

[Stamp] P 5: 235

Prosecution Case 444/02 Amended

91. ███████████ (details in prosecution).

92. ███████ (details in prosecution).

93. ██████████ (details in prosecution).

94. █████████ (details in prosecution).

95. ████████ (details in prosecution).

96. █████████ (details in prosecution).

97. ██████ (details in prosecution).

98. █████████ (details in prosecution).

99. █████████ (details in prosecution).

100. █████████ (details in prosecution).

101. █████████ (details in prosecution).

102. ██████████ (details in prosecution).

103. ██████████ (details in prosecution).

104. █████████ (details in prosecution).

105. █████████ (details in prosecution).

106. ███████████████ (scene visit report – seizure of exhibits + composer of photograph report).

[Stamp] P 5: 235 [continued]

Prosecution Case 444/02 Amended

36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, et al.,

            Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, et al.,

            Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P 5:218-35.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document designated bearing the bates number P 5:218-35.

Dated: March 6, 2014

Rina Ne'eman

ss.: New Jersey

On the _6_ day of March, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
_6_ day of March, 2014

_Leonor Troyano_
Notary Public

LEONOR TROYANO
ID # 2385530
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/30/2014