**פרט שני:**

**מהות העבירה:** חברות ופעילות בהתאחדות בלתי מותרת, עבירה לפי תקנות 84(1)(א) ו-85(1)(א) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מראשית שנת 2001 ועד ליום מעצרו, היה חבר או פעל כחבר בארגון שהוא התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, היה חבר ב"גדודי חללי אלאקצא" ("כתאיב שוהאדא אלאקצא"), הזרוע הצבאית של "התנזים" של הפת"ח, שהוא התאחדות בלתי מותרת.
הנאשם גויס לשורות "גדודי חללי אלאקצא" על-ידי אחיו, ח'אלד שוויש.
לאחר גיוסו הנאשם קיבל כינוי פח"עי "אדהם"
הנאשם פעל במסגרת "גדודי חללי אלאקצא" כפי שיתואר בפרטי האישום הבאים.

**פרט שלישי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מסוף שנת 2000 ועד ליום מעצרו או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, ב-6- הזדמנויות שונות, בשעות הערב, ירה ברוס"ר קלצ'ניקוב ממרחק של 400 מטר לעבר מחנה צה"ל הנמצא בסמוך לכפר תיאסיר בכוונה לגרום למותם של חיילי צה"ל. ביחד עם הנאשם היו מחמד. בשאראת, פואד בשאראת, ח'אלד שוויש, אשר גם חם ירו לעבר חיילי צה"ל בכוונה לגרום למותם.

**פרט רביעי:**

**מהות העבירה:** ייצור פצצה, עבירה לפי סעיף 53(א)(2) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, בשכם ובגינין או בסמוך לכך, במספר הזדמנויות שונות, ייצר מטעני חבלה, וזאת ללא תעודון היתר שהוענקה בידי מפקד צבאי או מטעמו.

**פרט חמישי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במהלך התקופה האמורה חאמורה, במספר הזדמנויות שונות, בשעות הערב, ירה ברוס"ר קלצ'ניקוב ממרחק של 600 מטר לעבר מחנה צה"ל "בזק" בכוונה לגרום למותם של חיילי צה"ל. ביחד עם הנאשם היו תאאר אל ראפת, מראס חליליה, רביע סעדי, אשר הם גם ירו לעבר חיילי צה"ל בכוונה לגרום למותם.
באחת ההזדמנויות, חברו של הנאשם, אשר היה ביחד עמו בזמן היריי, תאאר אל ראפת, נפגע במהלך חילופי האש עם צה"ל שהתפתחו במקום בעקבות הירי של הנאשם וחבריו.

2

ת.ת. 733/02

פרט שישי:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסח לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, ביחד עם אחרים, ירה ברוס"ר קלצ'ניקוב לעבר מחנה צה"ל "סאנור" ממרחק של 400 מטר, בכוונה לגרום למותם של ח"ילי צה"ל. ביחד עם הנאשם היו רביע סעדי, תאאר אבו ראפה, פראס חליליח, רביע אבו רוב, אשר גם הם ירו לעבר חיילי צה"ל במטרה לגרום למותם.

פרט שביעי:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001, כחודש לאחר שביצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בשעות הלילה, ביחד עם רביע אבו רוב, מנצור, פראס חליליה, אמג'ד פאחור ואדם נוסף, הניח ארבעה מטעני חבלה במשקל 5 ק"ג כל אחד בכביש הראשי הסמוך לגבע. הנאשם וחבריו הניחו שני מטעני חבלה מכל צד של הכביש. לאחר שהנאשם וחבריו את מטעני החבלה הנ"ל, הם הסתתרו בסמוך לכביש.
בעת שהנאשם וחבריו הנ"ל הבחינו בגייפ של צה"ל, אשר נסע בכביש חנ"יל והתקרב אל מטעני החבלה הנ"יל, הנאשם וחבריו הנ"יל הפעילו את מטעני החבלה חנ"יל באמצעות מכשירי טלפון סלולריים בכוונה לגרום למותם של חיילי צה"ל, אשר נסעו בג'יפ חנ"יל.
כתוצאה מפיצוץ מטעני חתבלה חנ"יל נגרם נזק לגייפ צה"יל הנ"יל.
במהלך ביצוע חפיגוע המתואר לעיל, הנאשם וחבריו הנ"יל חזיו חמושים ברוס"רי קלצ'ניקוב.

פרט שמיני:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"יל, באיזור, במהלך שנת 2001, כחודש לאחר שביצע את המיוחס לו בפרט חאישום הקודם, או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם חנ"יל, במועד האמור, ביחד עם רביע אבו רוב ומחמוד טואלבה, חניח מטען חבלה בכביש הראשי הסמוך לעראבה, באיזור מרקה, בכוונה לפוצצו ולגרום למותם של אזרחים ישראליים.
לאחר מכן, מחמוד טואלבה חזר לגיננן.
חנאשם ורביע אבו רוב המתינו במקום ומשהבחינו בג'יפ של צה"יל, הפעילו לעברו את מטען חתבלה הנ"יל, בכוונה לגרום למותם של חיילי צה"יל. כתוצאה מפיצוץ מטען חחבלה חנ"יל נפגע ג'יפ צה"יל האמור.
במחלך ביצוע הפיגוע הנ"יל, שני חברי הנאשם היו חמושים בכלי נשק.

ת.ת. 733/02

**פרט תשיעי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001, כחודש לאחר שביצע את המיוחס לו בפרט האישום הקודם, או בסמוך לכך, ניסה לגרום למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, ביחד עם מחמד בשאראת וסאמח אבו חניש, הניח מטען חבלה בציר הראשי המוביל למחנה צה"ל "תייסיר", חנמצא בבקעת חירדן חנ"ל בכוונה לגרום למותם של חיילי צה"ל. הנאשם וחבריו הנ"ל ניסו להפעיל את מטען החבלה חנ"ל לעבר ג'יפ של צה"ל אשר עבר במקום, בכוונה לגרום למותם של חיילי צה"ל, אך עקב תקלה טכנית מטען החבלה הנ"ל לא התפוצץ. לאחר מכן, הנאשם וחבריו אספו את מטען החבלה שלא התפוצץ וחזרו עמו לגינין.

**פרט עשירי:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במהלך שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
במועד האמור, עלי צפורי, פעיל צבאי בג'יהאד אסלאמי פלסטיני, פנה אל עאכריס ראתב יונס עוויס, פעיל צבאי בכיר ב"גדודי חללי אלאקצא" - הזרוע הצבאית של "התנזים" של חפת"ח, והציע לאחרון לבצע פיגוע נגד מטרות ישראליות. הוחלט כי הפיגוע הנ"ל יבוצע במשותף על-ידי פעילי הג'יהאד האסלאמי ופעילי "גדודי חללי אלאקצא".
הנאשם גויס לצורך ביצוע הפיגוע המתוכנן על-ידי עאכריס עוויס. עלי צפורי גויס לביצוע הפיגוע המתוכנן את מחמד נאצר אבו בכר.
הנאשם בחר את המקום לביצוע הפיגוע המתוכנן והוא איזור קוצין. הנאשם שכר בשכם רכב ונסע עמו לגינין. בגינין הנאשם נפגש עם עלי צפורי ומחמד אבו בכר. משם, הנאשם ומחמד אבו בכר נסעו אל המקום, אשר אותו בחר הנאשם לצורך ביצוע הפיגוע המתוכנן.
בהגיעם אל המקום הנ"ל, הנאשם ומחמד אבו בכר חניחו מטען חבלה בסמוך לכביש. הנאשם וחברו חנ"ל הסתתרו בסמוך למקום הנ"ל במטרה להפעיל את מטען החבלה הנ"ל לעבר חיילי צה"ל ולגרום למותם.
תכניתם של הנאשם וחברו הנ"ל לא יצאה אל הפועל מכיוון שבסמוך למטען החבלה הנ"ל נעמדו פועלים פלסטיניים והנאשם וחברו לא הפעילו את מטען החבלה לעבר הג'יפ של צה"ל, אשר הגיע למקום, מחחשש לפגוע בפועלים הנ"ל.
לאחר מכן, הנאשם הגיע למקום ואסף את מטען החבלה הנ"ל.

**פרט אחד-עשר:**

**מהות העבירה:** התחפשות, עבירה לפי סעיף 55 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, במועד האמור בפרט האישום הקודם, חשתמש בהתפרשת בנסיבות שבהן עלול השימוש בהתחפשות לפגוע בשלום הציבור, או בביטחון כוחות צה"ל או בהגנתו של האיזור או בקיום הסדר הציבורי, דהיינו:
הנאשם הנ"ל, במועד האמור, ביצע את המיוחס לו בפרט האישום הקודם כשהוא מחופש לאישה.

ת.פ. 733/02

4

P 5: 296

פרט שנים-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, באמצע שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, קשר עם תאבת מרדאווי לרצוח שני אזרחים ישראליים, אשר, לפי חמידע שהגיע לידי הנאשם, מגיעים מדי יום שבת לשכם.

באחד מימי השבת, הנאשם יצא ביחד עם תאבת מרדאווי, כששניהם חמושים ברוסי"ר M-16, לצורך ביצוע הפיגוע המתוכנן. הנאשם וחברו הנ"ל הגיעו לצומת קוצין.

הנאשם ותאבת מרדאווי התמקמו במקום והמתינו לשני האזרחים הישראליים הנ"ל במטרה לירות לעברם ולגרום למותם. הנאשם וחברו המתינו במקום כ-4 שעות, אך האזרחים הישראליים הנ"ל לא הגיעו ולכן הנאשם וחברו חזרו לשכם.

פרט שלושה-עשר:

**מהות העבירה:** החזקת כלי-יריה, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מסי 378), תש"ל-1970-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, החל מאמצע שנת 2001 ועד ליום מעצרו, החזיק ברשותו כלי-יריה, תחמושת, פצצה, רימון יד או חפץ נפיץ או מבעיר, כלי או חפץ או דבר חמתוכנן או מסוגל לגרום מוות או תבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דהיינו:

הנאשם הנ"ל, במהלך התקופה האמורה, חחזיק באקדח 14, אשר אותו קיבל ממחמוד טואלבה באמצעות מחמד בשאראת, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.

בעת מעצרו הנאשם נשא את האקדח הנ"ל עם שתי מחסניות מלאות בכדורים ועוד 40 כדורים לאקדח הנ"ל.

פרט ארבעה-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, באמצע שנת 2001 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

הנאשם הנ"ל, במועד האמור, במשך ארבעה ימים רצופים, במחנה הפליטים גינין או בסמוך לכך, במספר הזדמנויות שונות, ירה ברוסי"ר קלצ'ניקוב לעבר חיילי צה"ל בכוונה לגרום למותם. ביחד עם הנאשם היו אנשים נוספים, ע/כרים עוויס, תאבת מרדאווי, מחמוד טואלבח, מחמד אלעניני, רביע אבו אלרוב, חגי עלי צפורי, נדאל אלבדאווי, אשר גם הם ירו לעבר חיילי צה"ל בכוונה לגרום למותם.

פרט חמישה-עשר:

**מהות העבירה:** סחר בציוד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלתמתי (יהודה והשומרון) (מסי 243), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי, ללא היתר חתום על ידי מפקד האיזור או מטעמו, דהיינו:

הנאשם הנ"ל, במועד האמור, בשכם או בסמוך לכך, רכש מנאצר שוניש רוסי"ר M-16 תמורת 3,500 דינר ירדני, וזאת ללא היתר חתום על ידי מפקד האיזור או מטעמו. את חכסף לצורך רכישת חנשק הנאשם קיבל מידי תאבת מרדאווי.

לאחר רכישת הנשק הנ"ל, הנאשם העבירו לגינין לידי תאבת מרדאווי.

5
ת.פ. 733/02

פרט שישה-עשר:

**מהות העבירה:** סחר בציוד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי חאמור, ללא היתר חתום על ידי מפקד האיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במועד חאמור, בכפר קליל או בסמוך לכך, רכש מספר מחסניות ריקות לאקדח זיג זאואר מידי אדם בשם זיאד, וזאת ללא היתר חתום על ידי מפקד האיזור או מטעמו.
הנאשם רכש את המחסניות האמורות לפי בקשתו של אבו אלקסאם עמאלום שהוא אחראי ארגון ג'יהאד אסלאמי פלסטיני בג'נין.

פרט שבעה-עשר:

**מהות העבירה:** נשיאת משרה בהתאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ב) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, חחל מתחילת שנת 2002 ועד ליום מעצרו, ניהל או עזר לחנהלת התאחדות בלתי מותרת, או החזיק במשרה או עמדה כל שהיא בחתאחדות בלתי מותרת, דחיינו:
הנאשם הנ"ל, במהלך התקופה האמורה, שימש כמתאם פעילות צבאית של "גדודי תללי אלאקצא" ("כתאיב שוחאדא אלאקצא"), הזרוע הצבאית של "חתגזיס" של הפת"ח, שהוא התאחדות בלתי מותרת, בין האיזורים של ג'נין, טול-כרם, שכם ורמאללה.

פרט שמונה-עשר:

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-, וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2002 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במחנה הפליטים ג'נין או בסמוך לכך, ביחד עם ע/כרים ראתב יונס עויס ואחרים, ירה לעבר חיילי צה"ל בכוונה לגרום למותם.

פרט תשעה-עשר: פ.א. 1359/02 יפתח

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970-, וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 25.01.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. בחדש ינואר 2002, פנה אל הנאשם רביע רפיק אבן רוב, פעיל צבאי בכיר בארגון ג'יהאד אסלאמי פלסטיני, אשר אסף קודם מידע לגבי המקומות במדינת ישראל שבהם ניתן לבצע פיגועי תופת, וזייד יונס אחמד יונס.
2. זייד יונס ביקש כי הנאשם יעזור בהעברת הצעיר שמבקש להתאבד מביתו במ.פ. עסקר שבשכם.
3. הנאשם נסע עם זייד יונס למחנה הפליטים עסקר. שם נפגשו עם הצעיר הנ"ל שהוא בהאא (ג'ואד) זיאד שלחתי.
4. הנאשם וזייד יונס העבירו את בהאא שלחתי לדירה בשכם.
5. רביע אבו רוב הביא לדירה האמורה בשכם את צפואת ע/רחמאן אבו-עיישה.

6. לדירה האמורה הגיעו גם מהנד אבו-עייש, אשר, ביחד עם הנאשם וזייד יונס, צילם באמצעות מצלמת וידאו את בהאא שלחתי ואת צנוואת אבו-עיישה לקראת ביצוע פיגוע ההתאבדות המתוכנן, וזאת כאשר השניים מחזיקים ברוס"ר קלצ'ניקוב וברוס"ר M-16.

7. רביע אבו רוב הכין בדירה האמורה מטען חבלה, המורכב מכ- ק"ג של חומר נפץ, לצורך ההרצאה לפועל של פיגוע ההתאבדות המתוכנן. רביע אבו רוב הסתיר את מטען החבלה בתוך קרטון טלוויזיה.

8. הנאשם וחבריו הנ"ל ערכו תכנית, אשר לפיה יבוצע פיגוע התאבדות משולב באיזור התחנה המרכזית בתל-אביב: צנוואת אבו-עיישה יפוצץ את מטען החבלה, אשר אותו יישא, במטרה לגרום למותם של אזרחים רבים ככל הניתן, ובמקביל בהאא שלחתי יפתח באש ברוס"ר קלצ'ניקוב במטרה לגרום למותם של אזרחים רבים ככל הניתן, וימשיך לירות עד שייהרג. הפיגוע המתוכנן היה פרי שיתוף הפעולה בין הפלג הצבאי של ארגון ג'יהאד אסלאמי פלסטיני, אשר סיפק את המחבל המתאבד - צנוואת אבו-עיישה ואת מטען החבלה, לבין "גדודי חללי אלאקצא" - הפלג הצבאי של "התנזים" של הפת"ח, אשר סיפק את המחבל המתאבד השני – בהאא שלחתי ואת כלי הנשק.

9. הנאשם ביקש ללמד את בהאא שלחתי להשתמש ברוס"ר קלצ'ניקוב, אך האחרון סירב וטען כי יודע לירות בכלי-הנשק הנ"ל.

10. הנאשם הנ"ל, בשעות אחרי הצהריים, על-פי בקשתו של רביע אבו רוב, הסיע את שני המחבלים המתאבדים – בהאא שלחתי וצפוואת אבו-עיישה, כאשר השניים מצוידים במטען חבלה הנ"ל וברוס"ר קלצ'ניקוב עם 4 מחסניות מלאות בכדורים. ביחד עם הנאשם, אשר היה חמוש במהלך הנסיעה הנ"ל באקדח, נסעו גם זייד יונס וצלאח חסין מחמד בוחרי. במהלך הנסיעה הנאשם ירד מהרכב ורכש תיק, אשר לתוכו הוכנס רוס"ר קלצ'ניקוב הנ"ל והמחסניות, וכן בגדים חדשים עבור המחבלים המתאבדים.

11. באיזור זוואתא, זייד יונס עזב את הנאשם וחבריו וחזר לשכם. הנאשם ביחד עם חבריו הנ"ל עקפו ברגל את מחסום צח"ל הנמצא במקום ונסעו במונית לטול-כרם. צלאח בוחרי נסע במונית אחת על מנת "לפתוח את הדרך" לנאשם ושני חמחבלים המתאבדים.

12. בשלב חזה התקשר אל הנאשם רביע אבו רוב ומסר לנאשם מספר הטלפון הסלולרי של האדם, אשר היה אמור לסייע לנאשם ולמחבלים המתאבדים הנ"ל ב"פתיחת ציר התנועה". הנאשם ניסה להתקשר אל האדם הנ"ל אך ללא הצלחה.

13. הנאשם ושני המחבלים המתאבדים חנ"ל הגיעו לטול-כרם בשעות הערב.

14. הנאשם ושני המחבלים המתאבדים לנו בטול-כרם בביתו של אנור מנער שמס, אשר עמו יצר הנאשם קשר לאחר שקיבל את מספר הטלפון הסלולרי של האחרון מרביע אבו רוב.

15. למחרת היום, 25.01.02, בשעות הבוקר הנאשם הגיע לתחנת המוניות בטול-כרם ביחד עם צפוואת אבו-עיישה, בהאא שלחתי וצלאח בוחרי, כאשר שני חמחבלים המתאבדים נושאים עמם את מטען החבלה המתואר לעיל, אשר חיח מוסתר בתוך קרטון טלוויזיה, ורוס"ר קלצ'ניקוב עם 4 מחסניות מלאות בכדורים, אשר חיח בתוך תיק.

16. בשלב הזה, הנאשם נפרד מחבריו חנ"ל וחזר לשכם.

17. בהאא שלחתי וצפוואת אבו-עיישה הגיעו במונית לתל-אביב, שם השניים הגיעו לאיזור התחנה המרכזית הישנה. השניים החליטו לבצע את הפיגוע המתוכנן במקום האמור.

18. בסמוך לשעה 11:00, ביום 25.01.02, ברחוב נווה שאנן בתל-אביב, בסמוך לבית מס' 30, צפוואת אבו-עיישה הפעיל את מטען חחבלה המתואר לעיל בכוונה לגרום למותם של אנשים רבים ככל האפשר.

19. מטען החבלה הנ"ל התפוצץ וכתוצאה מפיצוצו נפצעו 28 אנשים.

20. צפוואת אבו-עיישה נהרג במקום כתוצאה מפיצוץ מטען חבלה הנ"ל.

21. בהאא שלחתי, אשר לפי תחכנון המתואר לעיל היה אמור לפתוח בירי ברוס"ר קלצ'ניקוב לעבר האזרחים לאחר פיצוץ מטען החבלה הנ"ל בכוונה לגרום למותם, לא הצליח להוציא את רוס"ר קלצ'ניקוב הנ"ל מהתיק. משהבין בהאא שלחתי כי לא יכול לפתוח בירי באופן מיידי, הוא השליך את התיק עם הרובה והתחמושת וניסה להימלט מחמקום, אך נעצר על-ידי שוטרי משטרת ישראל.

ת.פ, 733/02

7

**פרט עשרים: פ.א. 1359/02 יפתח**

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור, ובין מחוצה לו, ביום 25.01.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום הקודם, במעשיו המתוארים בפרט תאישום הקודם, גרם נזק רב לבתים, חנויות ובתי-עסק, אשר היו סמוכים למקום שבו הופעל מטען החבלה על-ידי צפוואת אבו עישה. כפי שתואר בפרט האישום הקודם.

**פרט עשרים ואחד:**

**מהות העבירה:** סחר בציוד מלחמתי עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2002 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי, ללא היתר חתום על ידי מפקד תאיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, נפגש עם מוזיד אלמצרי, אשר ביקש כי הנאשם ישמור אצלו חגורת נפץ במשקל של כ18- ק"ג. הנאשם חסכים וקיבל מידי מוזיד אלמצרי הנ"ל את חגורת הנפץ האמורה.
לאחר יום, הנאשם נפגש עם ראש "התנזים" של הפתח"ח באיזור, מרואן ברגותי. מרואן ברגותי שאל את הנאשם אם מאחרון מכיר אנשים המעונינים לספק חגורות נפץ. הנאשם מסר למרואן ברגותי כי נמצאת ברשותו חגורת הנפץ חנ"ל השייכת למוזיד אלמצרי. לפי בקשתו של מרואן ברגותי, הנאשם התקשר במהלך השיחה הנ"ל אל מוזיד אלמצרי וקיבל את הסכמתו של האחרון למסור את חגורת הנפץ הנ"ל לידי מרואן ברגותי. מרואן ברגותי מסר לנאשם כי ישלח את שומר ראשו ועוזרו, אחמד ברגותי המכונה "אלפראנסיי", אל הנאשם לצורך קבלת חגורת הנפץ חנ"ל.
לאחר יום, הנאשם נפגש ברמאללה עם אחמד ברגותי חנ"ל ומסר לידיו את יגורת הנפץ האמורה.

**פרט עשרים ושניים: פ.א. 412/02 בנימין**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו191- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם חנ"ל, באיזור, ביום 27.02.02 או במועד הסמוך לכך, ניסח לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בסוף חודש ינואר - תחילת חודש פברואר 2002 או בסמוך לכך, נפגש בשכם עם דארין אבו-עיישה (להלן: דארין), שהיא בת-דודתו של צפוואת אבו-עיישה, אשר ביצע פיגוע התאבדות ברחוב נווה שאנן בתל-אביב ביום 25.01.02 בסיוע של הנאשם. דארין הביע בפני הנאשם את רצונה לבצע פיגוע התאבדות.

2. בחודש פברואר 2002, ברמאללה, הנאשם נפגש שוב עם דארין, אשר שוב ביקשה כי הנאשם ישלח אותה לבצע פיגוע התאבדות על מנת לגרום למותם של אזרחים ישראלים רבים ככל הניתן.

3. הנאשם פנה אל עכרים ראתב יונס עוויס, מחנד אבו חלאווה ומחמד נאיפה ודיווח לנ"ל כי ישנה בחורה המבקשת לבצע פיגוע התאבדות. עכרים עוויס מסר לנאשם כי הוא מסכים לשלוח את הבחורה האמורה לביצוע פיגוע התאבדות וכי הוא יכין מטען חבלה לצורך כך. עכרים עוויס הודיע לנאשם כי עליו לצלם את הבחורה לפני שתצא לביצוע פיגוע חהתאבדות המתוכנן.

4. הנאשם חביא את דארין לדירתו של אתיו, חאלד שוויש, תנמצאת בביתוניא. הנאשם הביא לאותה חדירה צלם בשם אחמד צאצי וביחד עם האחרון צילם את דארין לקראת ביצוע פיגוע ההתאבדות המתוכנן. במהלך חצילום, דארין קראה צוואה.

8

ת.ת. 733/02

5. יום למחרת, 27.02.02, הגיעו לדירת הנ"ל עכברים עוויס, מהנד אבו-תלאווה ומחמד אבו-רביע, אשר הביאו עמם חגורה, שבה הניח מטען חבלה, לצורך הוצאה לפועל של פיגוע התאבדות המתוכנן.

6. מכיוון שדארין סירבה לכך שגבר ילביש עליה את חגורת הנפץ, לילא מחמד צאלח בוכארי, על-פי בקשתו של חנאשם, שהוא נשוי לאחותה הגדולה, הלבישה על גופה של דארין את מטען החבלה הנ"ל. בעת שלילא בוכארי הלבישה את חגורת הנפץ על גופה של דארין, היא הבחינה כי אחת מכתפיות של חגורת הנפץ רופפת וחיזקה אותה באמצעות סיכה.

7. הנאשם וחבריו הנ"ל תכננו כי דארין תגיע אל תחנת משטרת ישראל ביפו ושם תפוצץ את מטען חנפץ שהיא נושאת על גופה ובכך תגרום למותם של אזרחים ישראליים רבים ככל הניתן.

8. לאחר מכן חבריו של חנאשם עזבו את הדירה הנ"ל והנאשם נשאר שם עד שעות הערב עם דארין ולילא בוכארי.

9. פאוזי מראר גייס לצורך העברתה של דארין אל תוך מדינת ישראל על מנת שתבצע שם את פיגוע ההתאבדות המתוכנן את מוסא סרי חסונה וחאפז ע/פתח מקבל.

10. בשעות הערב של אותו היום, הנאשם הגיע ביחד עם לילא בוכארי ודארין, אשר נשאת על גופה את מטען התבלה הנ"ל, לבית החולים "אבו-ריא" ברמאללה. שם חם נפגשו עם ע/כברים עוויס, מחמד אבו רביע, פאוזי מראר ומהנד אבו-חלאווה.

11. משם חבריו הנ"ל של הנאשם העבירו את דארין למחסום א-ראם, במחסום א-ראם, דארין עלתה לרכב סובארו כחול, מ.ר. 7797787, של מוסא סרי חסונה וחאפז ע/פתח מקבל, אשר הגיעו למקום על-פי בקשתו של פאוזי מראר וחיו אמורים להסיע את דארין לתחנת משטרת ישראל ביפו על מנת ששם דארין תפעיל את מטען החבלה, אשר חורכב על גופה, ובכך תגרום בכוונה למותם של אזרחים ישראליים רבים ככל הניתן.

12. ביום 27.02.02, סמוך לשעה 22:27, במחסום של צה"ל ומשטרת ישראל "מכבים" בכביש 443 הרכב שבו נסעו דארין, מוסא חסונה וחאפז מקבל נעצר לביקורת על-ידי חיילי צה"ל ושוטרי משטרת ישראל. משהבינה דארין כי לא תצליח לעבור את מחסום "מכבים" הנ"ל, לחיבנס לשטח של מדינת ישראל ולבצע את פיגוע ההתאבדות כפי שתוכנן, היא הפעילה את מטען התבלה שנשאה על גופה בכוונה לגרום למותם של שוטרי משטרת ישראל וחיילי צה"ל שהיו במחסום הנ"ל.

13. כתוצאה מפיצוץ מטען החבלה, אשר אותו דארין נשאה על גופה נפצע באורח קשה שוטר משטרת ישראל, מרדכי טל, בבטנו, שני שוטר נוספים, דוד כהן ושאול כהן, נפצעו באורח קל.

14. דארין נהרגה במקום כתוצאה מפיצוץ מטען החבלה הנ"ל.

**פרט עשרים ושלושה:**

**מהות העבירה:** חזקת כלי-יריה, עבירה לפי סעיף 53(א)(1) לצו בדבר הוראות בטחון (יהודה והשומרון) (מסי 378), תש"י-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, חחל מתחילת חודש מרץ 2002 ועד לאמצע חודש אפריל 2002 או בסמוך לכך, חחזיק ברשותו כלי-יריה, תחמושת, פצצת, רימון יד או חפץ נפיץ או מבעיר, כלי או חפץ או דבר המתוכנן או מסוגל לגרום מוות או חבלה חמורה, ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו, דחיינו:

הנאשם חנ"ל, במהלך התקופה האמורה, החזיק ב רוסי"ר M-16, אשר אותו קיבל ממוחנד אבו-חלאווה, וזאת ללא תעודת היתר שהוענקה על ידי מפקד צבאי או מטעמו.

הנאשם אף ירה ברוסי"ר M-16 האמור במהלך הלוויתו של מהנד אבו חלאווה הנ"ל. הנאשם הסתיר את רוסי"ר M-16 הנ"ל בעת שנמלט מרמאללה בעקבות כניסתם של כוחות צה"ל לעיר.

9

ת.ת. 733/02

P 5: 301

P 5: 302

**פרט עשרים וארבעה:** פ.א. 580/02 שפט

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970- וסעיפים 14(א) ו-19 - לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 10.03.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בתחילת חודש מרץ 2002, בראמאללה או בסמוך לכך, נפגש עם ע/כרים ראתב יונס עוויס. ע/כרים עוויס מסר לנאשם כי ישני אדם המבקש לבצע פיגוע התאבדות בתוך מדינת ישראל במטרה לגרום למותם של אנשינו רבים ככל הניתן.

2. ע/כרים עוויס ביקש מהנאשם לסייע בצילום המחבל המתאבד לקראת יציאתו של האחרון לביצוע פיגוע ההתאבדות המתוכנן. הנאשם הסכים לצלם את המחבל המתאבד בביתו של אחיו, תאלד שוויש, הנמצא בביתוניא.

3. ביום 09.03.02 הנאשם וע/כרים עוויס הגיעו לדירה האמורה בביתוניא. לדירה האמורה הגיע גם המחבל המתאבד שחוא דזרעיאם. עזת מחמד-סעיד זכארנה, וכן הצלם אחמד עצאצי, אשר הוזמן על-ידי הנאשם; ועיתונאית נוספת. בעת צילומו של המחבל חמתאבד נכת גם אחיו של ע/כרים עוויס - סאמר עוויס.

4. לאחר מכן סאמר עוויס נסע ביחד עם דזרעיאם זכארנה לדירתו של ע/כרים עוויס במחנה הפליטים אמערי. בדרכם למקום הנ"ל, מסוק ירה טיל לעבר הרכב. דזרעיאם זכארנה הספיק לברוח מהרכב הנ"ל ואילו סאמר עוויס נהרג כתוצאה מפגיעת הטיל הנ"ל.

5. דזרעיאם זכארנה קיבל, בהתאם לתכנית שנערכה מוקדם יותר בין הנאשם וחבריו, מידי מחמד נאיפה המכונה "אבו רביעי" רוס"ר קלצ'ניקוב, תחמושת ושני רימוני-יד וביום 14.03.02 יצא מרמאללה לביצוע פיגוע ההתאבדות המתוכנן במטרה לגרום למותם של אנשים רבים ככל הניתן.

6. ביום 10.03.02, בסביבות השעה 14:30, המחבל הכנתאבד הנ"ל (דזרעיאם זכארנה) ניסה לחדור אל תוך מדינת ישראל כשהוא חמוש ברוס"ר קלצ'ניקוב, מחסניות מלאות בכדורים ושני רימוני-יד, וזאת על מנת לבצע את פיגוע ההתאבדות המתוכנן ולגרום בכוונה למותם של אזרחים רבים ככל חניתן. דזרעיאם זכארנה הובא למסתום א-ראס על-ידי עיסא מחמד מחמוד גבריין, אשר גויס למשימה זו על-ידי ראש המודיעין הכללי של חרשות הפלסטינית - תאופיק טיראווי.

7. במועד ובשעה האמורים, במתסום א-ראס או בסמוך לכך, המחבל חמתאבד הנ"ל, דזרעיאם זכארנה, נהרג על-ידי כוחות הביטחון הישראליים בעת ניסיונו לחדור אל תוך מדינת ישראל כאמור לעיל.

**פרט עשרים וחמישה:** פ.א. 2069/02 מת"ם י-ם

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בחודש פברואר 2002, בשכם או בסמוך לכך, נפגש עם רביע אבו רוב, אשר ביקש מהנאשם להעביר אדם עם "חפצים" לטול-כרם. הנאשם הסכים ואז רביע אבו רוב חפגיש את הנאשם עם מחמד חשאיקה.

2. הנאשם נסע ביחד עם מחמד חשאיקה משכם לטול-כרם. במהלך חנסיעה הנאשם חבין כי מחמד חשאיקה נושא על גופו חגורת עם מועץ חבלח במטרה לבצע פיגוע התאבדות. חנאשם ומחמד חשאיקת לא הצליחו להיכנס לטול-כרם, אשר היתה מכותרת על-ידי כוחות צה"ל ואף נעצרו על-ידי הביטחון המסכל של חרשות הפלסטינית לאחר שנמסר על-ידי גורמים ישראלים כי הנאשם ומחמד חשאיקת מתכוונים לחוציא לפועל פיגוע התאבדות. לפני מעצרם של השנים, הנאשם הוריד מגופו של מחמד חשאיקה את חגורת חנפץ הנ"ל.

10

ת.ת. 733/02

3. לאחר מעצרם, הנאשם ומחמד חשאיקה הועברו על-ידי הרשות הפלסטינית לרמאללה ושם שוחררו.

4. לאחר השחרור, מחמד חשאיקה פנה אל הנאשם ואל ע/כרים ראתב יונס עוויס והודיע על רצונו לבצע פיגוע התאבדות. הנאשם וע/כרים עוויס הסכימו להכין את מחמד חשאיקה ולציין אותו בכל הדרוש לצורך ביצוע פיגוע התאבדות בתוך מדינת ישראל.

5. מחמד חשאיקה סיפר לנאשם ולע/כרים עוויס כי נגה אליו אבו איאד אלשמעה, קצין במודיעין של הרשות הפלסטינית ברמאללה, והציע כי ישלח את מחמד חשאיקה לבצע פיגוע התאבדות. הנאשם וע/כרים עוויס שכנעו את מחמד חשאיקה שלא להאמין לקצין המודיעין של הרשות הפלסטינית מחשש שיסגיר אותו לידי ישראל. הנאשם וע/כרים עוויס שכנעו את מחמד חשאיקה כי הם ידאגו לכל הדרוש על מנת לשולחו לביצוע פיגוע התאבדות בתוך מדינת ישראל.

6. הנאשם מצא דירה שכורה ברמאללה, אשר בה הוא וחבריו היו אמורים להכין את פיגוע ההתאבדות המתוכנן.

7. הנאשם הוביל אל הדירה האמורה את ע/כרים עוויס ואת מחמד חשאיקה.

8. על-פי בקשתו של ע/כרים.עוויס, הנאשם גייס את סיגוד שולי, תושבת עצירח שמאליח, לביצוע פיגוע ההתאבדות הנ"ל, וזאת לאחר שהנאשם וע/כרים החליטו כי יהיו שני מחבלים מתאבדים, גבר ואישה, אשר יבצעו פיגוע התאבדות כפול וזאת במטרה לגרום למותם של אזרחים ישראליים רבים ככל הניתן. סיגוד שולי הגיעה אף היא לדירה האמורה.

9. בדירה האמורה, על-פי בקשתו של הנאשם, הצלם אחמד עאצי צילם באמצעות מצלמת וידאו את מחמד חשאיקה ואת סיגוד שולי לקראת ביצוע פיגוע ההתאבדות המתוכנן.

10. בשלב הזה, הנאשם החליט כי אינו רוצה בכך שסיגוד שולי תשתתף בביצוע פיגוע ההתאבדות, והודיע למשפחתה של האחרונה על כוונותיה של בתם. כתוצאה מכך, סיגוד שולי חזרה לאיזור שכם ומשם נמלטה לירדן.

11. ע/כרים עוויס פנה אל משרדו של ראש המודיעין חכללי ברשות הפלסטינית, תאופיק טיראווי, וחביא משם חומרי נפץ. ע/כרים עוויס ייצר מחומרי הנפץ הנ"ל מטען חבלה לצורך ביצוע פיגוע ההתאבדות המתוכנן.

12. לאחר מכן, הנאשם וע/כרים עוויס הכינו את חגורת הנפץ.

13. הנאשם גייס לצורך העברתו של מחמד חשאיקה אל תוך מדינת ישראל לביצוע פיגוע ההתאבדות המתוכנן את סנאא מחמד שחאדה, אשר אותה הכיר קודם לכן באמצעות ארוסתו עובידה גאבר (אבו-עיישח).

14. ביום 20.03.02 הנאשם נפגש ברמאללה עם ראש "חתנזים" של חפתייח באיזור, מרואן ברגותי. הנאשם מסר למרואן ברגותי כי ע/כרים עוויס עומד לשלוח מחבל מתאבד לצורך ביצוע פיגוע ההתאבדות בתוך מדינת ישראל. מרואן ברגותי ביקש לדעת אם הנאשם וע/כרים עוויס זקוקים לדבר מה לצורך ההוצאה לפועל של תפיגוע המתוכנן. למרות שהנאשם חשיב בשלילה על השאלה הנ"ל, מרואן ברגותי מסר לנאשם סכום של 600 דולר ארה"ב.

15. ביום 21.03.02 הנאשם נפגש ברמאללה עם ע/כרים עוויס ועם סנאא שחאדח. ע/כרים עוויס הסביר לסנאא שחאדה כי עליה להוביל את הҳחבל המתאבד אל ירושלים על מנת שיבצע שם את פיגוע ההתאבדות המתוכנן וזאת מאחר שהיא מכירח היטב את ירושלים ואת הדרכים המובילות אליה.

16. באותו היום, הנאשם, ע/כרים עוויס ומחמד חשאיקה ביקרו במשרדו של חסין א-שיח, מזכ"ל ארגון הפתייח באיזור. שם, ע/כרים עוויס קיבל מידי חסין א-שיח כסף ושני רימוני-יד לצורך ההוצאה לפועל של הפיגוע המתוכנן.

17. הנאשם וחבריו הנ"ל רכשו בכסף האמור בגדים ע۠בור מחמד חשאיקה, אשר בחם ביצע האחרון את פיגוע ההתאבדות, אשר יתואר בחמשך.

18. לאחר מכן, הנאשם עם חבריו הנ"ל חגיע לדירה ברמאללה, אשר בה היו מחמד חשאיקה הנ"ל, חני חדר ומוזיד אלמצרי. ע/כרים עוויס ומוזיד אלמצרי חכינו את מחמד חשאיקה לקראת ביצוע פיגוע ההתאבדות המתוכנן וביחד עם הנאשם חלבישו עליו את חגורת הנפץ הנ"ל.

19. לאחר מכן, ע/כרים עוויס יצר קשר עם קאהירה סעיד סעדי וביקש מהאחרונה לסייע בהעברת מחבל מתאבד לירושלים.

20. לאחר זמן מה, קאחירה סעדי חגיעה אל הנאשם וחבריו הנ"ל.

11־

ת.ת. 733/02

P 5: 303

21. בשעות הצהריים, ביום 21.03.02, הנאשם הסיע מרמאללה למחסום קלנדיה, ברכב שכור, את מחמד חשאיקה שנשא על גופו את חגורת הנפץ ח.נ״ל וכן את סנאא שחאדה וקאהירה סעדי שליוו את המחבל המתאבד חנ״ל.
22. לאחר מכן, ולאחר שנפרד בנשיקה ממחמד חשאיקה, הנאשם חזר לרמאללה.
23. קאהירה סעדי וסנאא שחאדה הובילו את מחמד חשאיקה, אשר נשא על גופו את חגורת הנפץ הנ״ל, לרחוב המלך ג'ורג' בירושלים. השתיים בחרו את המקום מכיוון שחתווא חומה אדם בשעות אחרי הצהריים ולכן השתיים החליטו כי הוא "מתאים" לביצוע פיגוע ההתאבדות המתוכנן.
24. לאחר שסנאא שחאדה וקאהירה סעדי עזבו את מחמד חשאיקה ברחוב המלך ג'ורג', מחמד חשאיקה הגיע אל מעבר החצייה הנמצא בסמוך לבית-קפה "ארונה" וסמוך לצומת הרחובות המלך ג'ורג' וחמסתדרות.
25. במקום האמור, בסמוך לשעה 16:20 ביום האמור, מחמד חשאיקה הפעיל את מטען חתבלה, אשר אותו נשא על גופו, כשהוא נמצא בתוך קהל האנשים וזאת במטרה לגרום למותם של אזרחים רבים ככל חניתן.
26. לאחר שלנאשם וחבריו נודע על ביצוע פיגוע ההתאבדות המתוכנן, הנאשם העביר קלטת וידאו עם "צוואתו" חמצולמת של מחמד חשאיקה לידי עיתונאי אחמד עאצי.
27. לאחר מכן, הנאשם ועמכרים עוויס פנו אל חסין א-שיח, מזכ״ל ארגון הפת״ח באיזור, והכתיבו הודעה, אשר בה ״גדודי חללי אלאקצא״, הזרוע הצבאית של ״התנזים״ של הפתייח, נטלו אחריות על ביצוע פיגוע הופה המתואר לעיל. לאחר עריכת ההודעה, הנאשם ניגש אל משרדי חברת חחדשות ANN, שם הנאשם צולם כשהוא מקריא את חחודעה חנ״ל של נטילת האחריות לפיגוע המתואר לעיל.
28. תמורת השתתפותו בהוצאח לפועל של פיגוע ההתאבדות חנ״ל, הנאשם קיבל מראש חמודיעין הכללי של הרשות הפלסטינית, תאופיק טיראוי, סכום של 1,200 ש״ח.
29. במעשיו המתוארים לעיל, הנאשם חנ״ל, במועד האמור, גרם בכוונה למותו של **רס״מ גדי שמש ז״ל**, אשר נהרג כתוצאה מפיצוץ מטען חחבלה שהופעל על-ידי מחמד חשאיקה, כפי שתואר לעיל.

**פרט עשרים ושישה:** פ.א. 2069/02 מת״ס י-ם

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ״ח-1968-.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום העשרים וחמישה, גרם בכוונה למותה של **ציפורה שמש ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל על-ידי מחמד חשאיקה, כפי שתואר בפרט האישום עשרים וחמישה. **ציפורה שמש ז״ל היתה בעת מותה בחודש הרביעי להריון.**

**פרט עשרים ושבעה:** פ.א. 2069/02 מת״ס י-ם

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש״ל-1970- וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ״ח-1968-.

**פרטי העבירה:** הנאשם הנ״ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום עשרים וחמישה, גרם בכוונה למותו של **יצחק כהן ז״ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל על-ידי מחמד חשאיקה, כפי שתואר בפרט האישום העשרים וחמישה.

**פרט עשרים ושמונה:** פ.א. 2069/02 מת"ס י-ם

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיפים 14(א) ו-19- לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום עשרים וחמישה, ניסה לגרום למותם של אזרחים רבים ככל הניתן.
כתוצאה מפיצוץ מטען החבלה שהופעל על-ידי מחמד חשאיקה, כפי שתואר בפרט האישום עשרים וחמישה, נפצעו 81 אזרחים.

**פרט עשרים ותשעה:** פ.א. 2069/02 מת"ס י-ם

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 14(א)- לצו בדבר ככלי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 21.03.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום העשרים וחמישה, במעשיו המתוארים בפרט האישום העשרים וחמישה, גרם נזק כבד לבניינים ובתי-עסק הסמוכים למוקד האמור וכן לכלי רכב רבים, אשר היו בסמוך למקום המתואר בפרט האישום העשרים וחמישה, אשר בו הפעיל מחמד חשאיקה את מטען החבלה, כפי שתואר בפרט האישום עשרים וחמישה.

**פרט שלושים:**

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968-.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש פברואר - תחילת חודש מרץ 2002 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, קשר עם פאוזי מראר, עומר קעדאן ואדם נוסף לבצע פיגוע ירי לעבר כלי רכב ישראליים באיזור עטרות ובכך לגרום למותם של אזרחים ישראליים. הנאשם ושלושת חבריו הנ"ל הצטיידו בכלי נשק ויצאו ברכבם מרמאללה לכיוון עטרות על מנת לבצע שם את הפיגוע המתוכנן. עקב תקלה שאירעה ברכבם של הנאשם וחבריו, הפיגוע המתוכנן לא יצא אל הפועל.

**פרט שלושים ואחד:**

**מהות העבירה:** ירי לעבר אדם, עבירח לפי תקנה 58(א) ו-(ד) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש מרץ 2002 או בסמוך לכך, חיה חבר לכל קבוצה או חבר של בני-אדם שחבר אחד או יותר מהם עברו, בזמן היותם חברים לקבוצה או לחבר, או עוברים עבירה של ירי בנשק אש כל שהוא על כל אדם או על כל קבוצה של בני אדם, או כל מקום שבני אדם עשויים להימצא בו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, ביחד עם אחרים, ירה לעבר הטנקים של צה"ל.

13

### פרט שלושים ושניים:

**מהות העבירה:** ירי לעבר אדם, עבירה לפי תקנה 58(א) ו-(ד) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2002 או בסמוך לכך, היה חבר לכל קבוצה או חבר של בני-אדם שתבר אמ"א או יותר מחם עברו, בזמן היותם חברים לקבוצה או לחבר, או עוברים עבירה של ירי בנשק אש כל שהוא על כל אדם או על כל קבוצה של בני אדם, או כל מקום שבני אדם עשויים להימצא בו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, ביחד עם אחרים, ירה לעבר הטנקים של צה"ל.

### פרט שלושים ושלושה:

**מהות העבירה:** הנחת פצצה, עבירה לפי תקנה 58(ב) לתקנות ההגנה (שעת חירום), 1945 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2002 או בסמוך לכך, הניח או זרק או תניח פצצה, רימון-יד או חפץ נפיץ או מבעיר מתוך כוונה לגרום מות או חבלה לאדם כל שהוא או נזק לרכוש כל שהוא, דהיינו:
הנאשם הנ"ל, במועד האמור, במחנה הפליטים ג'נין או בסמוך לכך, ביחד עם עמכרים עוניס, נדאל אלבדאווי, מחמוד טואלבה, רביע אבו רוב, הניח 5 מטעני חבלה במדלים שונים בכניסה למחנה הפליטים ג'נין במטרה לפגוע בטנקים של צה"ל ולמנוע מכוחות צה"ל מלהיכנס לג'נין.

### פרט שלושים וארבעה:

**מהות העבירה:** נסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יחודה והשומרון) (מס' 378), תש"ל-1970- וסעיף 19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש אפריל 2002 או בסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, בכביש המוביל לדותן בסמוך לכפר ערארבה, ביחד עם מחמוד טואלבה, הניח מטען חבלה במטרה לפוצצו לגרום למותם של נוסעי כלי רכב ישראלים העוברים בכביש הנ"ל. לאחר שהנאשם וחברו הנ"ל הבחינו בג'יפ של צה"ל, השניים הפעילו את מטען חתבלה חנ"ל בכוונה לגרום למותם של חיילי צה"ל שנסעו בג'יפ הנ"ל. מטען החבלה הנ"ל חתפוצץ ורק בנס לא נגרם נזק.

### פרט שלושים וחמישה:

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף חודש מאי 2002 או בסמוך לכך, עשח עבודה כל שהיא או ביצע שירות כל שחוא בשביל שהוא התאחדות בלתי מותרת, דהיינו:
הנאשם חנ"ל, במועד האמור, בעת שהיח בשכם, שוחח באמצעות טלפון עם דרויש דוחדאר, פעיל ב"תנוזימי" של הפת"ח ברמאללה. דרויש דוחדאר מסר לנאשם כי הוא, ביחד עם מוזיד אלמצרי וחמדאללה, ביצע פיגוע ירי בסמוך לרמאללה וכתוצאה מפיגוע הירי חנ"ל נחרג אזרח ישראלי. דרויש דוחדאר ביקש כי הנאשם ישוחח עם חסין א-שיח, מזכ"ל של ארגון הפת"ח באיזור, ויודיע לאחרון על הפיגוע הנ"ל על מנת שחסין א-שיח ייטול את האחריות לפיגוע ויעביר כסף למבצעי הפיגוע הנ"ל.
הנאשם התקשר אל חסין א-שיח ומסר לאחרון אודות הפיגוע הנ"ל. לאחר מכן, הנאשם יצר קשר עם דרויש דוחדאר, מסר לאחרון על חשיחה עם חסין א-שיח והורה לו לגשת אל חסין א-שיח על מנת למסור לו את פרטי חפיגוע וכן את שמות מבצעיו.

14    ת.פ 733/02