On the [6] day of ~~February~~ March, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this ~~February~~ March
6 day of ~~February~~, 2014

_Leonor Troyano_
Notary Public

LEONOR TROYANO
ID # 2385580
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/8/2014

| צבא | המשפט | הגנה | | לישראל |
|---|---|---|---|---|
| בבית | הצבאי | תיק ביחמ"ש : | 3159/02 | |
| בבית | אל | תיק תביעה : | 146/02 | |
| בפני | דן יחיד | תיק פ.א. : | 357/02, | 358/02 |
| | | | בנימין | |

**במשפט שבין התובע הצבאי – המאשים**

**-נגד-**

**בשאר חסן עבד ברגותי**
ת.ז. 934469768, יליד 01.07.75, תושב אל-בירה
עצור מיום 23.01.02

**הנאשם**

# כתב - אישום מתוקן

**הנאשם הנ"ל מואשם בזאת בביצוע העבירה הבאה:**

**מהות העבירה:** אי-מניעת עבירה, עבירה לפי סעיפים 51, 59 ו-92 לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, ביום 20.01.02 או במועד הסמוך לכך, שידע או היה לו יסוד סביר לחשוד כי אדם אחר עובר או מתכנן לעבור עבירה על דין או תחיקת בטחון שעונשה עולה על שלוש שנות מאסר, לא מסר הודעה על כך מיד למפקד צבאי או לתחנת המשטרה הקרובה או לכל קצין צה"ל או לא פעל באופן סביר אחר כדי למנוע את עשייתה או המשכתה או השלמתה, כדלקמן:

הנאשם נהג לארח בביתו את ▬▬▬, שומר ראשו ונהגו של מנהיג פלג "תנזים" של "יפתייח" בגדה, ▬▬▬. ▬▬▬ עצמו הינו חבר במנגנון הצבאי של הפתייח הנקרא "גדודי חללי אל-אקצאי", אשר הינו אחראי לביצוע מאות פיגועים קטלניים. ▬▬▬ הנ"ל השתתף בעצמו בביצוע פיגועי ירי כנגד חיילי צה"ל ודווח על כך לנאשם.

ביום 20.01.02 התארח ▬▬▬ ▬▬▬ בביתו של הנאשם. באותה פגישה דווח ▬▬▬ לנאשם, כי חבריו ב"גדודי חללי אל-אקצאי" הם שביצעו את הפיגוע בחדרה וכן פיגועים קטלניים נוספים.

לאחר מכן שוחח ▬▬▬ באמצעות מכשיר הפלאפון שלו עם אדם משכם ובמהלך השיחה שאל ▬▬▬ את הנאשם האם יוכל לשוחח עם אותו אדם באמצעות מכשיר הטלפון שבבית הנאשם ולא באמצעות מכשיר סלולארי, מאחר שמדובר בנושא שאינו לשיחה באמצעות פלאפון ומחשש לציתות. הנאשם הסכים, ▬▬▬ מסר את מספר הטלפון שבבית הנאשם לאדם משכם. אותו אדם התקשר לבית הנאשם ושוחח עם ▬▬▬ הנאשם שמע את תוכן השיחה בה שאל ▬▬▬ על הגעת בחור וציודו בנשק. כן הנחה ▬▬▬ את אותו אדם שהבחור שצריך להגיע יסתפר וכן דיברו על כך שהבחור נראה יפה.

תאריך: 13.01.03
סימוכין: ולד"ן/m146-02

1

לאחר ש███ סיים את השיחה הנ"ל, הוא הודיע לנאשם כי ביומיים שלאחר מכן יתבצע פיגוע בירושלים. כן ציין ███ בפני הנאשם כי מבצע הפיגוע יגיע מאיזור שכם לרמאללה ואח"כ יצא לבצע את הפיגוע בירושלים. כמו כן מסר ███ לנאשם כי מבצע הפיגוע יגיע מאיזור שכם לרמאללה, ומשם יצא לירושלים, וכי אותו המחבל יבצע פיגוע התאבדות. ציין ███ בפני הנאשם כי מבצע הפיגוע הינו יפה ולכן לא תהיה לו בעיה לצאת לירושלים. עוד מסר ███ לנאשם כי ישנם בעלי תעודת זהות ישראלית מזויפת, אשר אינם חשודים בביצוע פעילות חבלנית והם יכולים לצאת מן האיזור ולבצע פיגועים בישראל. עוד דווח ███ לנאשם על פיגועים נוספים שביצעו חברי חולייתו ודרך ביצוע הפיגועים.

כאשר ███ מסר לנאשם על ביצוע הפיגוע, הנאשם שאל את ███ כיצד יגיע מבצע הפיגוע משכם לרמאללה, ו███ השיב לו כי המחבל יגיע בדרך הרגילה.

███ מסר לנאשם כי הפיגוע המתוכנן יבוצע כנקמה על הריגתו של פעיל הפלג הצבאי של הפתי"ח - "גדודי חללי אל-אקצא", ███. עוד מסר ███ לנאשם כי "גדודי חללי אל-אקצא" החליטו על מלחמה נגד ישראל והחליטו לעשות הרבה פיגועים ולהרוג הרבה אנשים כנקמה על מותו של ███ עימו פעל ███.

הנאשם לא פעל באופן סביר כדי למנוע את הפיגוע המתוכנן כפי שמסר לו ███.

ביום 22.01.02 בוצע פיגוע ירי בצומת הרחובות יפו וקינג ג'ורג' בירושלים ע"י פעיל הזרוע הצבאית של תנזים "גדודי חללי אל-אקצא". בפיגוע זה ירה המחבל לעבר עוברים ושבים ברחוב מתוך כוונה לגרום למותם. בפיגוע זה נהרגו שתי נשים, אורה סנדלר ז"ל ושרה המבורגר ז"ל ונפצעו עשרות אנשים.

לאחר הפיגוע בעת שהנאשם היה בעבודתו בבית החולים "מוקאסד", התקשר אליו ███ ווידא עם הנאשם האם שמע על הפיגוע שבוצע. הנאשם השיב בחיוב וידע כי המדובר בפיגוע שתכנן ███ כאמור לעיל.

**עדי התביעה:**

1. ███ לח"ק יהודה, גובה אמרת הנאשם.
2. ███ לח"ק יהודה, גובה אמרת הנאשם.
3. ███, דו"ח תפיסה וסימון + תמונות, חקירות מת"ימ.
4. ███ פרטים בתביעה.
5. ███, פרטים בתביעה + תעודות.
6. ███ פרטים בתביעה.
7. תעודות פטירה.

דליה קאופמן  
תובעת  
סרן  
צבאית

תאריך: י' שבט, תשס"ג
13 ינואר, 2003

מספר התיק: 3159/02

בית המשפט הצבאי בבית אל

פרוטוקול הדיון בישיבת דן יחיד

בפני השופט: רס"ן אלי בר-און

נאשם: בשאר חסן עבד ברגותי ת.ז 934469768 / מגידו

------------------------------------------------

## ג ז ר - ד י ן

הנאשם הורשע בעבירה של אי מניעת עבירה לפי סעיף 59 לצו בדבר הוראות בטחון תשל"ד 1970. בתמצית ניתן לומר כי ביום 20/01/02 ארח הנאשם בביתו קרוב משפחתו בשם ▅▅▅ אשר היה פעיל בכיר בארגון גדודי חללי אל אקצא. במהלך שהותו בבית הנאשם שוחח ▅▅▅ באמצעות מכשיר טלפון נייד שהיה ברשותו, ובשלב מסויים של השיחה ביקש מהנאשם לקבל את השיחה בטלפון הקבוע שבביתו של הנאשם, וזאת מטעמים בטחוניים. הנאשם אישר את קבלת השיחה בביתו, ואכן ▅▅▅ שוחח עם אדם משכם, ולאחר השיחה עדכן את הנאשם כי הוא מתכוון להוציא אל הפועל פיגוע בירושלים. ▅▅▅ אף מסר לנאשם מספר רב של פרטים הנוגעים לאותו הפיגוע, והנאשם אף שאל אותו מספר שאלות בעניין זה. יומיים לאחר מכן, ביצע פעיל של גדודי חללי אל אקצא פיגוע ירי בירושלים, במסגרתו מצאו את מותן שתי נשים ונפצעו עשרות אחרים. לאחר הפיגוע התקשר ▅▅▅ אל הנאשם ושאל אותו האם שמע על הוצאת הפיגוע אל הפועל, והנאשם אישר זאת.

הצדדים ביקשו מביהמ"ש כי יגזור על הנאשם עונש אשר יהלום את חומרת העבירה בה הורשע. לעניין מידתו של עונש זה נחלקו דעות הצדדים. התביעה הצבאית מצידה גרסה כי לנוכח התוצאות הטרגיות והנוראיות של הפיגוע שהוצא אל הפועל, יש מקום להחמיר עם הנאשם. התביעה הצבאית אף הפנתה את תשומת הלב לכך שלנוכח העובדה שמדובר בעבירה מיוחדת במינה, בחר המחוקק להצמיד לעבירה זו עונש של 5 שנות מאסר שהוא עונש נמוך ביחס לעבירות הבטחוניות הנידונות בבימ"ש זה. לדעת ההגנה, לא ניתן היה לדרוש מן הנאשם להתנהג באופן שונה מזה שנהג בו, ולנוכח העובדה כי הנאשם לא היה שותף בדרך כלשהי בביצוע הפיגוע, אלא רק חדל מעשיית מעשים אשר הביאו למניעתו, הרי שיש להקל עמו באופן משמעותי, ולהורות על שחרורו.

אין ספק כי העבירה בה הורשע הנאשם הנה עבירה מיוחדת במינה לנוכח העובדה כי היא אחת העבירות הבודדות אשר מטילות עונש בגין מחדל של אדם לעשות מעשה, ולא בגין מעשה שעשה. ביהמ"ש העליון של מדינת ישראל דן לאחרונה בהרחבה בעבירה זו, בפסק הדין בעניין מרגלית הר שפי. פסק הדין אשר סוקר את הדעות השונות שהובעו במהלך השנים באשר להצדקת הכללתה של עבירה זו בספר החוקים, מגיע בסופו של דבר למסקנה כי לנוכח ריבויים של מעשי הפשע, אין מקום להשמיט עבירה זו מהקודקס הפלילי במדינת ישראל, יחד עם זאת, לא פסח ביהמ"ש גם על העברת ביקורת מסויימת לנוכח כתם המלשינות שמדביקה החובה המוטלת כאן על אותו אדם שחדל.

בנסיבות הקיימות באזור, מעוררת העבירה של אי מניעת עבירה קשיים נוספים. כך לדוגמא נדרש הנאשם שבפנינו לעשות מעשים למניעתה של עבירה שעל קיומה שמע

5

תאריך: י' שבט, תשס"ג  
13 ינואר, 2003

מספר התיק: 3159/02

1 בעת היותו בשטח שאינו נתון לשליטה של כוחות הבטחון הישראלים. ניתן היה
2 לדרוש מן הנאשם כי יעשה לכך הפחות מעשים למניעת הפשע ע"י פנייה לגורמי
3 הבטחון הנמצאים בשטחו, אלא שבנסיבות המקרה מתקבל הרושם שדווקא גורמי
4 הבטחון הללו, הם אלה שהתכוונו להוציא לפועל את אותו פשע. ברור כי סיטואציה
5 זו העמידה את הנאשם בין הפטיש לסדן, ונראה כי חובתו המוסרית לפעול במקרה
6 זה, אשר אין ספק בדבר קיומה, נתקלה בקשיים של ממש לו הוא אכן היה מנסה
7 לפעול.
8
9 לא ניתן להתעלם מכך שמחדלו של הנאשם אכן איפשר בסופו של דבר את התוצאות
10 הנוראיות שהביאו לאובדן חיי אדם חפים מפשע, אך לא ניתן להתעלם גם מכך כי
11 הנאשם לא מואשם בשותפות כלשהי בביצוע הפיגוע הנוראי.
12
13 עברו של הנאשם נקי. הנאשם סיים לימודי רפואה בעיראק וחזר לאזור כדי להתחיל
14 בהתמחותו כרופא בבית החולים אל מוקסד בירושלים. לפני ביהמ"ש נשמעה עדות
15 אביו של הנאשם וניתן היה להתרשם כי מדובר באדם אשר חינך את בניו לחיות
16 בשלום עם הבריות ולהקדיש את עיקר מאמציהם ללימודים אשר יטיבו עם הזולת,
17 ולא יפגעו בהם. גם מפי הנאשם ניתן היה להתרשם כי לא היו לו מניעים לאומניים,
18 בטחוניים או פליליים עת נמנע מלדווח על מעשה הפשע שהתקרב ובא.
19
20 בנסיבות העניין, אני סבור כי ניתן להקל עם הנאשם ולהמיר חלק מעונש המאסר לו
21 היה ראוי בקנס כספי על מנת לאפשר לו לחזור לחיים נורמטיביים, להקים משפחה
22 ולחנך את ילדיו ברוח של שלום ואהבה.
23
24 אשר על כן, אני גוזר על הנאשם את העונשים הבאים:
25
26 א. מאסר בפועל בן שנה כימי מעצרו של הנאשם.
27 ב. 9 חודשי מאסר על תנאי, והתנאי הוא כי במשך 5 שנים מיום שחרורו לא
28 יעבור הנאשם עבירה לפי הסעיפים 57 או 59 לצו בדבר הוראות הבטחון
29 תש"ל 1970.
30 ג. קנס כספי בסך 5,000 ש"ח או 5 חודשי מאסר תמורתו. הקנס ישולם כתנאי
31 לשחרור.
32
33 זכות ערעור תוך 30 יום.
34
35 ניתן והודע היום, 13/01/03, בפומבי ובמעמד הצדדים.
36
37 שופט
38

6