תאריך: ז' אב, תשס"ד  
25 יולי, 2004

תיק מס': 3262/02

1  
2 הסניגור, מצידו, ציין תחילה כי הנאשם לא לקח כל חלק פעיל במעשה הירי, ואף לא  
3 החזיק בנשק. הסניגור ציין עוד כי יש לראות בהימנעות התביעה להביא עדים  
4 הנמצאים תחת ידה ושגם הם היו שותפים לעבירות בסיס להחלשת ראיותיה.  
5 הסניגור טען כי חלק מדברי העדים הינם עדות שמיעה שאין לסמוך עליה ולחילופין  
6 כי אין תוספת ראייתית מספקת לשם הרשעה על פי דברי העדים. הסניגור אף תקף  
7 את תוכנן של העדויות כבלתי הגיוניות, בלתי מהימנות ואף סותרות זו את רעותה.  
8  
9 **הראיות**  
10  
11 כל הראיות בתיק זה הוגשו בהסכמת הצדדים וסומנו כדלקמן:  
12  
13   - ת/1: אמרת העד ▮▮▮ מיום 18/02/02.  
14   - ת/2: אמרת העד ▮▮▮ מיום 19/02/02.  
15   - ת/3: אמרת העד ▮▮▮ מיום 12/03/02.  
16   - ת/4: אמרת העד ▮▮▮ מיום 15/03/02.  
17   - ת/5: אמרת העד ▮▮▮ מיום 11/03/02.  
18   - ת/6: אמרת העד ▮▮▮ מיום 01/04/02.  
19   - ת/7: אמרת העד ▮▮▮ מיום 25/02/02.  
20   - ת/8: אמרת העד ▮▮▮ מיום 19/03/02.  
21   - ת/9: אמרת הנאשם מיום 24/02/02.  
22   - ת/10: אמרת הנאשם מיום 07/04/02.  
23   - ת/11: אמרת העד ▮▮▮ מיום 03/04/02.  
24   - ת/12: אמרת העד ▮▮▮ מיום 11/04/02.  
25  
26 הסכמה זו סויגה בצורך בהצבת תוספת ראייתית לשם הרשעה על פי כל אחת מן  
27 האמרות הנ"ל.  
28  
29 כמו כן, בישיבה מיום 20/05/03 הודיעו הצדדים כי העובדות המתוארות בפרטי  
30 אישום 28-25,23,22,20,19,17,16,14-11,9,6,5 אינן מוכחשות וכל שבמחלוקת בינהם  
31 הוא חלקו של הנאשם בעבירות אלה.  
32  
33 הנאשם אף וויתר על זכותו להעיד במסגרת פרשת ההגנה ובלבד שהתביעה לא  
34 תבקש לראות בוויתור זה תוספת ראייתית לראיותיה.  
35  
36 משכך, ולאור צמצום יריעת המחלוקת בפרטי אישום רבים לשאלת אחריות הנאשם  
37 לעבירות המיוחסות לו בהם, כל שנותר לנו הוא לבדוק האם התביעה הצבאית  
38 העמידה בפנינו תשתית ראייתית מספיקה לשם הרשעת הנאשם.  
39  
40 מכאן ולהבא נסקור, על כן, את פרטי האישום אחד לאחד.  
41  
42 אך בטרם נפנה למלאכה זו מתחייבות מספר הקדמות כדלקמן.  
43  
44 **יסודות עבירת גרימת המוות בכוונה**  
45  
46 סעיף 51(א) לצו בדבר הוראות ביטחון תש"י - 1970 קובע כי:  
47

-4-

P 6: 323

תאריך: ז' אב, תשס"ד                                    תיק מס': 3262/02
25 יולי, 2004

1. "הגורם בכוונה למותו של אחר דינו מוות או עונש אחר כפי שיורה בית
2. המשפט".
3.
4. היסוד העובדתי של העבירה הינו ברור ביותר. נדרש כי מעשי הנאשם יביאו לתוצאה
5. קטלנית. היסוד הנפשי מצידו אינו דורש אותה כוונה תחילה המתחייבת בהתאם
6. לסעיף 300(2) לחוק העונשין הישראלי. די, על כן, כי נתגבשה אצל הנאשם ההחלטה
7. לבצע את מעשה ההמתה וחפץ בתוצאת המוות.
8.
9. באשר לעבירת הנסיון לגרום למוות בכוונה הדברים אינם ברורים פחות. וכך הם
10. סוכמו על ידי בית משפט זה במקום אחר:
11.
12. "אין צורך להכביר מילים אודות ניתוח עבירה זו, אשר זכתה לפרשנות
13. מקיפה בפסיקת בתי המשפט. ניתן לומר בתמצית כי על מנת להוכיח ניסיון
14. לגרימת מוות, קיים צורך, מהפן העובדתי, להראות כי הנאשם עשה מעשה
15. גלוי לקראת ביצוע העבירה, כלשון סעיף 20 לצו בדבר כללי האחריות
16. לעבירה, תשכ"ח - 1968:
17.
18. "התחיל להוציא מן הכוח אל הפועל את כוונתו... באמצעים
19. מתאימים לביצוע כוונתו וכשהוא מביא לידי ביטוי את כוונתו על ידי
20. מעשה גלוי".
21.
22. [ראה פרשנות מקיפה על המעשה הגלוי בע"פ 5150/93 סריס נ' מד"יי פ"ד
23. מח (2) 183, וע"פ 9511/01 קובקוב נ' מד"יי. וראה עוד י. קדמי על הדין
24. בפלילים, פרק חמישי, עמוד 122, ובאזור ע' איו"ש 102/01 עיולמה נ'
25. התובי"ץ. ובאשר להשפעת תיקון 39 לחוק העונשין המשפט ג' (1996) 297].
26.
27. באשר ליסוד הנפשי הדרוש לעבירה, נפנה לע' איו"ש 222/93 הנ"ל בו קבע
28. ביהמ"ש הצבאי לערעורים כדלקמן:
29.
30. "כבר נקבע כי אין בין ניסיון להריגה לבין ניסיון לרצח (סעיף 305
31. לחוק העונשין) ולא כלום, ובשני המקרים יש להוכיח את כוונת
32. הקטילה הממשית, קרי את החפץ במות הקורבן, ואין סגי פחות
33. מזה (פזיזות לגבי אותה תוצאה). מאידך, גם אין צורך להוכיח את כל
34. יסודות ה"כוונה תחילה" (ראה י. קדמי, שם, פרק 19 סימן שביעי
35. ופרק 20 סימן שלישי והפסיקה המובאת שם, ופסק הדין המנחה
36. לעניין זה ע"פ 155/59 דרעי נ' היועץ המשפטי פ"ד יד 233, ע"פ
37. 11/89 סלימן בן פאהד נ' מד"יי - לא פורסם).
38. ואם בניסיון להריגה כך, הרי בניסיון לגרימת מוות בכוונה על אחת
39. כמה וכמה. אמור מעתה, שאם על מנת להוכיח את העבירה
40. המושלמת של גרימת מוות בכוונה די להוכיח יסוד נפשי של פזיזות
41. לגבי התוצאה הקטלנית, הרי שבעבירת הניסיון לאותה העבירה, יש
42. להוכיח את הכוונה הפלילית ברמתה הגבוהה, קרי החפץ במות
43. הקורבן".
44.
45. קיים צורך, על כן, מחד במעשה גלוי, ומאידך במודעות לטיב המעשה ובחפץ
46. בתוצאה הקטלנית." [ראה תיק בימ"ש 4603/01].
47.
48.
49.

-5-

תיק מסי : 3262/02                                                                    תאריך : ז' אב, תשס"ד
                                                                                              25 יולי, 2004

**דיני השותפות באזור**

תחילה מן הראוי להזכיר כי אדם יכול שיחוב אחריות לעבירה הן "כמבצע עיקרי", דהיינו כמי שעשה אחד מהמעשים הנמנים על יסודות העבירה, והן כשותף או כמסייע לעבירה, אשר מעורבותו באחריות לביצועה נעוצה בהתנהגות המלווה את התנהגותו של המבצע העיקרי, מבלי שהיא נמנית בין מרכיבי האקטוס ראוס של העבירה. ויפים למקרה זה דברי בית המשפט העליון בע"פ 5235/93 לוי נ. מדינת ישראל פ"ד מח(5) 550 :

"ביסוד הרחבת האחריות הפלילית מכח דיני השותפות, מעבר לביצוע עיקרי ומושלם של העבירה, מונחת ההשקפה כי מי שנכון לתרום להגשמת מטרה משותפת, כשהוא מודע לפחות לאפשרות שהגשמת אותה מטרה כרוכה בפגיעה בערך חברתי מסויים - ראוי לעונשה. בין היסוד הנפשי (קרי: הנכונות לתרום לפגיעה משותפת בערך חברתי מסויים) לבין היסוד העובדתי הקבוע בעבירה קיימת זיקת גומלין. שכן משהוכח יסוד "נפשי" זה, אין עוד חשיבות לחלוקת התפקידים בין המעורבים באירוע. מכאן שאבן הבוחן לקיומה של שותפות היא מודעות המעורבים באירוע העברייני לאפשרות הפגיעה בערך חברתי מסויים עקב פעילותם המשותפת".

סי 14 ו-15 לצו בדבר כללי האחריות לעבירה, תשכ"ח - 1968 קובעים את דיני השותפות, הסיוע והשידול באיזור.

הסעיף הרלוונטי לענייננו קובע כדלקמן :

"סי 14(א): אם בוצעה עבירה ייחשב כל אחד מן האנשים כדלקמן, כאילו השתתף בביצוע העבירה וכאילו אשם בעבירה, ואפשר להאשימו בביצוע העבירה, זאת אומרת:
(1) כל אחד שבפועל עשה את המעשה או את אחד המעשים, או אשר חדל את המחדל, או אחד המחדלים המהווים את העבירה.
(2) כל העושה או חדל מלעשות איזה מעשה כדי לאפשר לאדם אחר את ביצוע העבירה או כדי לסייע בידיו בביצוע העבירה.
(3) כל אדם המסייע בידי אדם אחר בביצוע העבירה בין שהוא נוכח בשעת ביצוע העבירה ובין שאינו נוכח בשעת ביצוע העבירה. אדם נחשב כאילו סייע, אם נוכח במקום שבו נעשה העבירה כדי להתגבר על התנגדות או כדי לחזק את החלטתו של מבצע העבירה האמיתי או כדי להבטיח את ההוצאה לפועל של העבירה העומדת להיעשות"

על פי סעיף קטן 1 אחריותו של הנאשם כמבצע בצוותא אינה מצריכה ביצוע של כל רכיבי ההתנהגות הפלילית הנדרשת להרשעה. די אם חבר הנאשם לאחרים ותרם במקצת להתרחשות המעשה הפלילי [ראה ע"פ 2798/95 פלוני נ' מד"י פ"ד נא (3) 388 וע"פ 4389/93 מרדכי נ' מד"י פ"ד נ (3) 239].
במקרה הנוכחי אף מן הראוי להזכיר כי כאשר חוברים מספר עבריינים על פי תכנון מוקדם :

"כככל עומדת בבסיס האחריות של 'מבצע בצוותא' 'חבירה' של מספר בני אדם לביצועה של משימה עבריינית משותפת, כאשר לכל אחד מהחברים בחבורה 'תפקיד' כמבצע הכולל של 'הגשמת המשימה'" [ע"פ 5589/98 סולטאן נ' מד"י וראה גם עניין פלוני הנ"ל עמ' 404].

תאריך : ז׳ אב, תשס״ד         תיק מס׳ : 3262/02
25 יולי, 2004

### זיהוי הנאשם כאדם המופלל באמרות העדים

העד ▮▮▮ מוסר בת/1 כי מכיר אדם ושמו "▮▮▮ בן 27 נשוי ויש לו ילדים אני חושב שלושה או ארבעה יש למשפחתו חברת חפירות ויש להם באגרים והוא עובד על באגר". בת/4 מוסיף העד כי חברו הטוב ▮▮▮ גר בסמיר אמיס.

העד ▮▮▮ מוסר בת/5 כי "▮▮▮ כבן 27 מכפר עקב נשוי עם ארבעה ילדים ולו חברה לחפירות" נפגש עימו בחברת ▮▮▮ . כך גם מוסר העד בת/6 כי "חברו מזה יותר מזה עשר שנים ▮▮▮ נשוי ואב לארבעה ילדים עובד בעבודות עפר ולמשפחתו חברה גדולה לעבודות עפר".

העד ▮▮▮ מוסר בת/8 אודות ' ▮▮▮ בן 30 מסמיר עמיס עובד על טרקטור באגר בעל גוף מלא ויש לו רכב מסוג איסוזו מסחרי דאבל קבינה בצבע חום".

העד ▮▮▮ מוסר בת/11 אודות ' ▮▮▮ כבן 27 נשוי מכונה ▮▮▮ עובד עם אביו כנהג על טרקטור באגר גר בסמיר אמיס ויש ברשותו רכב מסחרי מדגם איסוזו בצבע אפור'".

באמרתו ת/10 מאשר הנאשם כי הפרטים שנמסרו לעיל הינם פרטיו האישיים. כן מוסר הנאשם כי למשפחתו שם משפחה נוסף, ▮▮▮ , כי הוא מתגורר בצומת כפר עקב - סמיר עמיס, כי הוא עובד כנהג באגר בחברת החפירות של אביו וכי לחברה מספר כלי רכב, ביניהם איסוזו בצבע אפור שבו הוא עושה שימוש על פי צרכיו. הנאשם אף אישר הכרות עם ▮▮▮ ▮▮▮ . הנאשם אף ציין כי הוא נשוי לשתי נשים ואב לארבעה ילדים.

עניינו הרואות כי זיהוי הנאשם כמי שהוזכר באמרותיהם של עדי התביעה אינו מעורר כל קושי.

### הגשת חומר ראיות בהסכמה

כאמור כל חומר הראיות בתיק זה הוגש בהסכמה.

להסכמה זו משמעות ראייתית חשובה, עליה עמד ביהמ"ש לערעורים כאשר קבע:

"כבר נפסק לא אחת בעבר כי הגשת אמרות בכתב בהסכמה, ללא כפירה או הסתייגות מתוכנן, פירושה הסכמה לאמור בהן" [ע' אי"י"ש 85/94 אבו מחסן נ' התוב"ץ פש"מ ט 359 וראה גם ע' אי"י"ש 512/03 התוב"ץ נ' חליליה ועד"יי איו"יש 114/01 התוב"ץ נ' אבו הלאל בו חזר ודן ביהמ"ש בנפקות הגשת הראיות בדרך זו].

כמו כן, גם אם תמצא בחומר הראיות ראייה אשר פסולה היא, הרי שהסכמת הצדדים להגישה הכשירה אותה [ראה י' קדמי על הראיות חלק ב' עמוד 914 והפסיקה המצוטטת שם].

כאמור לעיל, הצדדים סייגו הסכמתם להגשת הראיות בהימצאות דבר לחיזוק הרשעת הנאשם על פי אותן ראיות. ייאמר מיד כי עיון בראיות מלמד שתוספת כאמור נמצאה לרוב, מאחר שבהיות מעשיו של הנאשם מסכת מתמשכת אחת של

-7-

תאריך : ז' אב, תשס"ד         תיק מס' : 3262/02
25 יולי, 2004

1. מעשים נגד בטחון האזור שבוצעו בחבורה אחת, די באימות פרטים המתייחסים
2. לאחת מן העבירות כדי לאמת את כלל דבריו של עד ועד ולספק את התוספת
3. הראייתית הנדרשת. כפי שנראה בהמשך דברנו פרטי אישום לא מועטים מגובים
4. במספר מקורות ראייתיים שונים, ועל כן, נוכל לקבוע כבר עתה כי דברי העדים
5. השונים באמרותיהם מחזקים אלה את אלה במידה מספקת לסמוך הרשעת הנאשם
6. על פיהם [אודות מהות ה"דבר לחיזוק" כראיה מאמתת אותה ניתן לדלות אף
7. מאמרות הטעונות חיזוק בעצמן נכתב רבות נפנה על כן לי' קדמי **על הראיות** 172
8. ולעד"י אי"ש 9/01 **התוב"צ נ' זעתרי** פש"מ יא 285] .

10. דברים אלה הינם נחלת הכלל ואולם הסניגור מבקש כי נסטה מהם ונבחן את
11. האמרות בעין ביקורתית עד כדי שלילת משקלם הראייתי. בחנו בקשה זו וסבורים
12. אנו כי יש לדחותה. ראשית, עלינו לציין, במידה לא מועטה של תרעומת, כי לו ביקש
13. הסניגור, בשלב כל שהוא מן המשפט, לסייג את הסכמתו להגשת האמרות, בניגוד
14. להלכה המקובלת והידועה, היה עליו לעשות כן בשלב הגשתן, כך שהייתה ניתנת
15. הזדמנות לתביעה להביא את עדיה. שנית, סטיה מהלכה כה מושרשת במקומותינו
16. מחייבת טעמים כבדי משקל ואנו לא מצאנו בדברי הסניגור ולא קוצו של יוד להאחז
17. בו. הלכת ביהמ"ש הצבאי לערעורים עליה עמדנו, שורשיה בהגיון הבריא ובשכל
18. הישר לפיו אם הנאשם חולק על הדברים הנחזים להיות שלו, עליו למסור להם
19. גירסה נגדית. הנאשם שבפנינו, לא רק שלא טען בשלב כלשהו של הדיון כי אמרות
20. העדים אינן משקפות את האמת, אלא מילא פיו מים ובחר שלא להעיד כאשר ניתנה
21. לו הזדמנות לעשות כן. במצב זה, משלא העמיד הנאשם גירסה נגדית לגרסה העולה
22. מדברי העדים כולם, איננו יכולים להתלות בספקולציות הסניגור.

24. יתרה מזו, חזרנו ונדרשנו לשאלה מדוע עלינו לחבר הכרעת דין זו כשבפועל הנאשם
25. לא חלק על ראיה אחת מן הראיות הברורות של התביעה ולא העמיד כל קו הגנה
26. נגדי.

28. לתמיהה זו לא מצאנו תשובה ועל כן, אין לנו אלא למלא אחר חובתנו על פי דין
29. ולהכריע בדבר אחריותו של הנאשם לעבירות המיוחסות לו בכתב האישום.

32. ### פרט האישום הראשון

34. האמור בפרט אישום זה מייחס לנאשם עבירה של חברות בחוליה צבאית שפעלה
35. תחת חסות "גדודי חללי אלאקצא".

37. פרט אישום זה מבוסס כדבעי בראיות התביעה. כך בת/6 (עמ' 1,2 בעיקר שורה 23
38. ואילך), ת/11 (עמ' 1 שורה 11 ואילך) ות/12 (עמ' 1 שורה 18 ואילך).

40. ### פרט האישום השני

42. פרט אישום זה מוצא את ביטויו בת/4 (עמ' 7 שורה 19 ואילך). משקשר הנאשם קשר
43. עם ▬▬▬ לבצע פיגוע ירי לעבר כלי רכב הנעים בכביש בין תל אביב
44. לירושלים, הרי שיש להרשיעו גם בעבירה זו.

תאריך : ז' אב, תשס"ד
25 יולי, 2004

תיק מס' : 3262/02

### פרט האישום השלישי

העד מחמד עבדאללה מוסר אודות נשק מסוג MP-5 אותו רכש הנאשם (ת/6 עמ' 11 שורה 3 ואילך). עם זאת, נציין כי הנשק שנרכש היה מקולקל ועל כן הוחזר על ידי הנאשם לאדם שמכרו.

### פרט האישום הרביעי

פרט אישום זה מוצא את ביטויו בת/6 (עמ' 1 שורה 25 ואילך).

### פרטי אישום 5,6,7:

אף העובדות המתוארות בפרטי אישום אלה מתוארות בהרחבה על ידי ▇▇▇ ב-ת/4 החל מעמ' 1 שורה 18 ואילך.

הנאשם אומנם לא ירה בארוע המתואר, ואולם אחריותו כשותף מלא לעבירה אינה מוטלת בספק. הנאשם פנה יחד עם חברו ▇▇▇ ל▇▇▇ והשלושה סיכמו לבצע פיגוע ירי. לאחר מכן נפגשו השלושה פעם נוספת כש▇▇▇ מביא עימו שני כלי נשק. השלושה נסעו לאזור גבעת זאב, כשהנאשם מחזיק בנשק. בעוד הנאשם נותר ברכב לשמור עליו, פנו שני חבריו לכביש הראשי ובהגיע רכב ישראלי, פתחו לעברו בירי אשר גרם למותו של נער בן 17.

עיניינו הרואות כי הנאשם נטל חלק הן בשלב התכנון של הפיגוע והן בשלב הביצוע כששימש כנהג החוליה. פעולותיו אלה של הנאשם מציבות אותו בין אלה שנטלו חלק משמעותי בהוצאת הפיגוע אל הפועל, ומשכך יש להציב את הנאשם במעגל הפנימי של העבירה. אף באשר ליסוד הנפשי של הנאשם, לא יכול להיות כל ספק כי מי שיוצא עם חבריו לפיגוע ירי כשברשותו כלי נשק התקפיים, גמלה בליבו ההחלטה לגרום למותם של אחרים בכוונה.

משהעובדות הנוספות שפורטו בפרטים אלה אינן במחלוקת, ומשהשתתפותו של הנאשם גם היא ברורה, כל שנותר לנו הוא להרשיע את הנאשם בעבירות המיוחסות לו בפרטים אלה.

### פרט האישום השמיני

העד ▇▇▇ מתאר באמרתו (ת/6 עמ' 2 שורה 4 ואילך) אודות האימון הצבאי המתואר בפרט אישום זה.

### פרטי אישום 9,10

גם באשר לפרטי אישום אלה, התשתית העובדתית מבוססת היטב [ראה ת/4 עמ' 2 שורה 22 ואילך, אליה יש לצרף את ת/6 עמ' 2 שורה 9 ואילך]. גם לפיגוע זה היה הנאשם שותף מלא כשנטל חלק בקבלת ההחלטה לבצע את הפיגוע וישמש כשומר, מתריע ומסמן לחבריו. נוכח אופי המעשה, ברורה כוונתם של השותפים, ביניהם הנאשם, וגם כאן לא נותר כל ספק באשר לצורך להרשיע את הנאשם בעבירות המיוחסות לו בפרטים אלה.

תאריך : ז' אב, תשס"ד                                  תיק מס' : 3262/02
25 יולי, 2004

### פרטי אישום 11,12,13,14,15

לגבי פרטי אישום אלה קיים חומר ראיות רב היקף. שלושה מעורבים נוספים בפיגוע, ▇▇▇ מוסרים תאורים מפורטים באשר להשתלשלות הארועים בהם הביאו הנאשם ושותפיו למותם של בני הזוג בן שלום ז"ל, של דורון יוסף סווירי ז"ל ולפציעתה של בתם של בני הזוג [ראה דבריהם של ▇▇▇ ב-ת/4 עמ' 3 שורה 19 ואילך, ▇▇▇ ב-ת/8 עמ' 3 שורה 2, ו▇▇▇ ב-ת/11 עמ' 1 שורה 11 ואילך ו-ת/12 עמ' 1 שורה 28 ואילך]. למקרא דבריהם של העדים, אחריותו של הנאשם בגין פרטי אישום אלה אינה יכולה להיות מוטלת בספק, בהתאם לדברינו דלעיל לפיהם, משמילא הנאשם תפקיד מרכזי במסגרת החוליה שיצאה לבצע את הפיגוע, הינו שותף מלא למעשיו של חבריו ומכאן לגרימת המוות.

### פרטי אישום 16,17,18

אף פרטי אישום אלה זכו להתייחסות נרחבת מצד העדים [ראה דבריהם של ▇▇▇ ב-ת/11 עמ' 3 שורה 21 ואילך, ▇▇▇ ב-ת/6 עמ' 2 שורה 25 ואילך, ▇▇▇ ב-ת/4 עמ' 5 שורה 23 ואילך, ▇▇▇ ב-ת/8 עמ' 4 שורה 1 ואילך].

תפקידו של הנאשם בפיגוע זה היה דומה לתפקיד אותו מילא בפיגועים האחרים, ועל כן גם מידת אחריותו זהה.

### פרטי אישום 19,20,21

הבסיס הראייתי למתואר בפרטי אישום אלה מוצק. הן ▇▇▇, הן ▇▇▇ והן ▇▇▇ מוסרים תיאורים נרחבים של מעשי החוליה, ביניהם מעשיו של הנאשם [ראה ת/4 עמ' 6 שורה 21 ואילך, ת/6 עמ' 4 שורה 6 ואילך, ת/8 עמ' 4 שורה 17 ואילך, ו-ת/12 עמ' 5 שורה 15 ואילך].

אין לנו אלא להצטרף לניתוח המדויק של התובע באשר לאחריותו של הנאשם לשני ארועי הירי שבוצעו על ידי שותפיו. משקבע הנאשם עם שותפיו לבצע פיגוע ירי במנהרות של כביש "בגין", ומשהסיע הנאשם את חבריו למקום והדריכם, כמתואר בפרט אישום 19, הרי שיש לראותו אחראי לכלל מעשיהם לאחר מכן, זאת מכוח הוראות סעיף 15 לצו בדבר כללי האחריות לעבירה, תשכ"ח - 1968.

### פרטי אישום 22,23,24

גם בנוגע לפרטי אישום אלה קיים חומר ראייתי רב היקף [ראה ב-▇▇▇ ת/6 עמ' 6 שורה 17 ואילך, ▇▇▇ ב-ת/8 עמ' 5 שורה 21]. לעדויות ישירות אלה אף נמצאו תימוכין בדבריהם של ▇▇▇

גם כאן אחריותו של הנאשם כשותף לעבירות אינה מוטלת בספק, ועל כן דין הוא כי יורשע בהן.

### פרטי אישום 25,26,27,28,29

חלקו של הנאשם בשליחת המחבל המתאבד שביצע את פיגוע הירי נשוא פרטי אישום אלה ברור. הנאשם היה מעורב בתכנון ובביצוע הובלתו של המחבל עד לרחוב