"Indeed, as we have already noted, the accessory does not need to be aware of all of the details of the crime which the principal perpetrator intends to commit. In spite of this, he must be aware, at the time he proffers assistance to the principal, that there is a possibility that he is assisting the principal perpetrator in committing a genuine crime, and in other words – to the fact that the principal perpetrator has a 'concrete purpose' (see also: Criminal Appeal 426/67, Be'eri v. The State of Israel, PD 22 (1) 477, at 481 – 482; Criminal Appeal 5544/91, Moyal v. The State of Israel (not published)). Knowledge of the perpetrator's vague or hypothetical willingness to commit a crime is not enough to transform a person into an accessory.

Therefore it is likely, as we have noted, that the awareness of circumstances of the factual basis – which is to say awareness of the fact that the principal perpetrator is about to commit a crime – will be replaced by awareness of the possibility that he is about to commit a crime.

However, in order for it to be said that the accessory 'turned a blind eye', we must be convinced that there actually existed a rational-subjective suspicion in the accessory's mind that a crime is about to be committed (S. Z. Feller, in his above mentioned book (Volume 1) pages 521 – 524, 530).

Furthermore, the accessory must be aware of the fact that the crime may be committed when he offers the assistance. If the accessory believed, at the time that he performed the acts that were accessory to the crime, that there was no longer any substantial possibility that the principal perpetrator would commit the crime, he then cannot be considered an accessory – even if he evaluated at an earlier stage that a possibility such as

[Stamp] P 7: 000440 [continued]

**this existed."**

With respect to the requirement for awareness of the principal perpetrator's intentions to commit a crime with a concrete purpose, the Honorable Justice M. Landau (as his title was then) in Criminal Appeal 426/67, **Yosef Be'eri** *et al.* **v. The State of Israel**, Supreme Court PD 22 (1) 477, at 481, wrote that when the accessory supplies a tool for committing the crime, such as a vehicle or weapon – it is sufficient that the accessory supplied the tool that is used to commit the crime for the purpose of committing a crime of the same type that was committed, but not necessarily for exactly the same crime. The Honorable Justice Landau said that this ruling, which is based on English case law, applies **"at least in those cases in which the accessory leaves it to the principal offender's 'discretion' to choose the appropriate time and place for realizing their joint criminal intentions."**

In the above mentioned case, the Honorable Justice Landau ruled that, even if the appellant (who was acquitted in the end) were to prove that he gave his car to the principal perpetrator of the robbery in order to make it easier for him to escape from the scene of the crime – it is not necessary to prove that he planned to rob the specific tourist who, in the end, was robbed.

157. The requirement that the Defendant be aware of the existence of a specific crime with a concrete purpose also consists of the "rule of transferred intent", which is expressed in Section 20 (c) (2) of the Penal Code, 5737 – 1977.

    This Section states with respect to criminal intent that **"it makes no difference if the act was committed against another person or another asset than the one that was planned"** (see: Y. Kedmi, **On Criminal Law – Updated and Completed**, 1996 edition, Part One, on p. 38). On the basis of this principle it was ruled, even before Section 20 (c) (2) of the law was enacted in 5754 [1994], that, **"if he intended to murder this person and he did kill that person, he is judged as a murderer"** (Criminal Appeal 406/72, **Snir v. The State of Israel**, Supreme Court PD 28 (1) 234, at 242 – 243; Criminal Appeal 388/76, **Ibrahim v. The State of Israel**, Supreme Court PD 31 (1) 601, at 607; Criminal Appeal 6059/92, **Shibam v. The State of Israel**, Supreme Court Compendium 93 (4) 255; Criminal Appeal 887/96, **Biton v. The State of Israel**, Supreme Court Compendium 97 (1) 848). As the Honorable Justice H. Cohn wrote in the above-cited **Snir Case**, **"We do not consider that criminal intent must be directed at a particular person specifically."** This is also a principle of English law, as is noted by the Honorable Justice H. Cohn.

[Stamp] P 7: 000441

C. **The Crime of Solicitation and the Distinction Between the Joint Perpetrator and the Solicitor**

158. Section 34 (d) of the Penal Code, 5737 – 1977, states:

> "Unless otherwise stated in the statute or implied therein, every law that applies to the principal perpetrator of a completed crime also applies to an attempt, solicitation, attempt to solicit or aid the same crime."

This leads to the conclusion that it the liability of the solicitor is the same as that of the primary perpetrator, insofar as the solicitor is considered a main partner of the joint perpetrator – unlike the accessory, who is considered to be a secondary partner – in that he makes a material contribution to the occurrence of the crime, which is reflected in the fact that he caused another person to commit a crime (see: the statements by the Honorable Presiding Justice A. Barak in the above mentioned Criminal Appeal 2796/95, in the matter of **John Does**, on p. 404, which relates to the solicitor, despite these points, as an "indirect partner", and the statements by the Honorable Justice D. Beinisch in Criminal Appeal 8464/99, **Avigdor Eskin v. The State of Israel**, PD 55 (2) 65, on p. 82 – 83, in comparison with the statements by the Honorable Justice M. Cheshin in the above mentioned matter of **John Does** on p. 416, who expresses reservations with respect to the expression "indirect partner", insofar as in his opinion, the contribution by the solicitor is a direct contribution, just like the contribution of a primary perpetrator).

[Stamp] P 7: 000441 [continued]

The provision contained in Section 34 (d) of the Penal Code is derived from the reference to the solicitor as a primary partner to the perpetrator of the offense. Therefore, it was established in this provision, which is also emphasized in case law, that the punishment of the solicitor is identical to that of the primary perpetrator. (See: the above mentioned Civil Appeal 2796/95 in the matter of **John Does**, on p. 401 – 402, 415; the above mentioned Criminal Appeal 8464/99 in the matter of **Eskin**, on p. 82; the above mentioned Additional Criminal Hearing 1294/96 in the matter of **Meshulam**, on p. 42 – 43.)

159. In the above mentioned Criminal Appeal 2796/95, in the matter of **John Does**, the Honorable Presiding Justice A. Barak clarified (on p. 404) the liability of the solicitor for the commission of the crime and its significance, saying:

> "The contribution of the person who solicits the crime is reflected in the fact that he caused the perpetrator to decide to commit the crime (S. Z. Feller in his above mentioned book (8) on p. 228). He is the one who influenced the perpetrator – whether he is an independent (or principal) perpetrator or a joint perpetrator – to the state at which he made the decision to commit the crime and took measures to carry it out (whether an attempted or a completed crime). He is the 'spiritual father of the crime' (M. Gur-Arye 'Proposed Penal Code (preamble and general), 5752 – 1992' (13), on p. 46). In fact, society wishes to protect itself not only against one who perpetrates a crime – whether he is an independent perpetrator or a joint perpetrator – but also against a broader group of people who cause others to commit crimes…
>
> The 'proximity' of the person who solicits the crime is reflected in the fact that he is the one who planted the criminal thought of perpetrating the crime in the principal criminal's heart. He is the '*auteur intellectuel*' of the crime (see Feller in his above mentioned book (8), on pp. 225 – 226). He is the one who causes the perpetrator to develop the idea of perpetrating the crime – whether he planted the idea in advance or whether he tipped the scales when the perpetrator was hesitant."

The Honorable Justice M. Cheshin ruled in the above mentioned matter of **John Does**, on p. 415, that the act of the person who solicits is primarily reflected in the fact that, in his conversation with another, he causes him to commit a crime that, in the absence of the solicitor, would not have been committed at all.

[Stamp] P 7: 000442

These points lead to the question of the causal relationship required between the solicitation and the commission of the crime by the one who was solicited. The Honorable Presiding Justice Barak ruled, in the passage quoted above, that the solicitor is the one who influenced the perpetrator to decide to commit the crime, whether he planted the idea in advance or whether he tipped the scales when the perpetrator was hesitant (on p. 404).

In the above mentioned Criminal Appeal 8469/99 in the matter of **Eskin**, the Honorable Justice D. Beinisch ruled (on pp. 78 – 79), with regard to the nature of solicitation and the requirement for a causal relationship, that "**the main point is that the behavior of the solicitor has 'potential effectiveness' that is likely to influence the person being solicited to commit the crime which constitutes the object of the solicitation, so that there is a causal relationship between the soliciting behavior and the initial perpetration of the crime.**" However – the Honorable Justice Beinisch continued (on p. 79):

> "Within the framework of the elements of solicitation, it is not necessary, and it is not even sufficient, for the initiative or the idea for commission of the offense to be that of the 'solicitor.' The circumstantial element of the offense of soliciting – the existence of another (the 'solicitee') who needs to be mentally motivated to make a decision to perpetrate the offense – is likely to exist even in situations where the idea of the offense first arose in the thoughts of the 'solicitee'

[Stamp] P 7: 000442 [continued]

> **but did not develop into a decision to commit it. In such a case, if the behavior of the solicitor caused the final decision of the 'solicitee' to commit the offense, then the factual basis for the offense of solicitation has been established."**

160. With respect to the mental element of the offense of solicitation, the Honorable Justice D. Beinisch ruled in the above mentioned Criminal Appeal 8469/99, in the matter of **Eskin**, on p. 81:

> "In general, in order to establish the mental element within the framework of the act of solicitation, it must be proved that two requirements have been met: first, the solicitor must be aware that his behavior is capable of bringing another (the 'solicitee') to commit the offense which constitutes the object of the solicitation. This requirement refers to awareness of the quality of the soliciting behavior and also aware of the existence of the other, who requires mental motivation in order to commit the offense which constitutes the target of the solicitation. Second, the solicitor intends to bring the solicitee to the point of committing the offense which constitutes the target of the solicitation. In other words, the solicitation needs to be accompanied by an aspiration – an objective – on the part of the solicitor, for the offense in question, including all of the elements thereof, to actually be perpetrated by the 'solicitee' (S. Z. Feller in his above mentioned book (Volume 2) (18), on p. 234)."

161. The case law that pertains to the liability of a solicitor – in contrast to the case law that pertains to the liability of an accessory – does not state that the solicitation must relate to a particular offense with a concrete purpose, perhaps because this is self-evident. However, this requirement is built into the elements of the offense of solicitation and is *a fortiori* obvious with regard to the solicitor, whose punishment is identical to that of the principal perpetrator (as opposed to the accessory, whose punishment is half of that of the principal perpetrator). In order to prove the offense of solicitation, it is necessary to show a causal relationship between the solicitation and the commission of the main crime by the solicitee, and, furthermore, to show the solicitor's objective and aspiration for the offense to be committed. All of these require the solicitation to refer to a specific crime with a concrete purpose, as has also been ruled in the case of the accessory. Thus, Prof. S. Z. Feller wrote in his book, **Fundamentals of Criminal Law**, 5747 – 1987, Volume 2, on p. 226:

[Stamp] P 7: 000443

> "It is appropriate to explain in advance that the concept of solicitation, as a form of partnership in the offense, has a meaning that is not always apparent from the ordinary use of this term. This is a meaning that reflects the relationship between one individual and another, the solicitor and the solicitee, and not the relationship between an individual and a group of persons in a situation where the individual incites, agitates, and provokes a certain group of persons, without any distinction between the individual identities of the persons in that grop, to perpetrate criminal offenses.
>
> These actions are likely to give rise to specific offenses, and even if some form of the word "solicit" is used to define them, this is not "solicitation" as a form of partnership in the offense, which we will discuss below."

However, as has been ruled in the case of the accessory, it is not necessary to prove that the solicitor was aware of all of the details involved in the offense which constituted the object of the solicitation, and it is sufficient for him to have solicited the perpetrator to commit a crime of the same type as the crime that was finally committed (see Section 145 above). Furthermore, in the matter of solicitation as well, obviously, the principle with respect to intent is transferable: it makes no difference if the crime is eventually committed by another person.

**In summation**: It is not possible to convict a person for the general offense of solicitation to commit acts of murder when he calls

[Stamp] P 7: 000443 [continued]

for the perpetration of terrorist attacks against Israel; the offense which is appropriate to this purpose is that of inciting to violence or to terrorism exists for this purpose (see Section 144 (d) (2) of the Penal Code, 5737 – 1977). Similarly, it is not possible to convict a person of the general offense of being an accessory to murder when he supplies money or armaments for the perpetration of various non-specific offenses. The offense which is appropriate to this purpose is that of supplying means for the perpetration of a crime in accordance with Section 498 of the Penal Code, 5737 – 1977, that was legislated especially in order to deal with situations in which definite knowledge of the intent to perpetrate a particular offense cannot be proved, so that the person cannot be considered an accessory (see the explanatory note to the Amendment of the Penal Code Draft Law (No. 36) 5733 – 1972, Draft Laws 5733 [1972] 1021, on p. 20).

162. With respect to the line distinguishing between the solicitor and the joint perpetrator, the Honorable Presiding Justice A. Barak ruled in the above mentioned Criminal Appeal 2796/95, in the matter of **John Does**, on p. 406, that **"the contribution of the solicitor lies in the fact that he caused the creation of the mental element in the perpetrators"**, and that **"the more intensive the solicitation by the solicitor, and the more it involves, not only actions on the mental level but also actions on the factual level, the closer the solicitor comes to being a joint perpetrator."** In the above mentioned matter of **John Does**, the minor referred to as "T" was convicted of murder as a joint perpetrator and not only as a solicitor, for having thrown a grenade at Arabs, even though he refused to join the action itself – because it was ruled that he participated in planning the offense and was "**the first and foremost of them all**" (on pp. 408 – 409).

With respect to the distinction between the accessory and the solicitor, the Honorable Presiding Justice A. Barak said (on p. 406) that, when assistance is "spiritual", the accessory may become a solicitor: "**The dividing line distinguishes between assistance to someone who has already developed his own criminal thoughts (the accessory) and contributing to the development of that criminal thought (solicitor).**"

In the above mentioned Additional Criminal Hearing 1294/96 in the matter of **Meshulam**, the Honorable Justice Y. Kedmi ruled (on p. 63):

[Stamp] P 7: 000444

> "As set forth above, the liability of the 'joint perpetrator' is founded – in accordance with that which has been set forth in Section 29 of the Penal Code – on 'participation' – commission of a crime by 'taking action' to commit it... and in the absence of an 'act of participation' – in accordance with that which has been set forth – there is no basis for responsibility of this type... By contrast, the liability of the 'solicitor' for the commission of a crime by another person is founded on the performance of an 'act of solicitation', one of the acts listed in Section 30 of the Penal Code. This act does not constitute an 'act of participation' in the perpetration, but rather leaves the person performing it 'outside' of the circle of perpetration."

At 66, the Honorable Justice Y. Kedmi wrote:

> "In theory, the distinction between the solicitor and the joint perpetrator is founded on the fact that the contribution of the solicitor to the commission of the crime is the creation of the 'mental element which must be present in the solicitee in order for him to commit the offense of which he is the principal perpetrator; whereas the contribution of the joint perpetrator is, primarily, on the level of the behavior which constitutes the offense, since he is required to 'participate' by taking action toward the perpetration of the crime (in this regard, see Feller's above mentioned book (Volume 2) [20] on p. 196, 228). In practical terms, however, the boundary line between the solicitor and the joint perpetrator is drawn between a person who 'participates' in the perpetration – meaning someone who belongs to the inner core of perpetrators – and someone who is only 'involved' in the perpetration, meaning that he is outside the inner circle of perpetrators."

D. **The Responsibility of the Leader of the Criminal Group as a Joint Perpetrator or as a Solicitor**

163. For the purpose of determining a defendant's liability as a joint perpetrator or a solicitor, Courts have given decisive weight to the fact that the defendant is a leader of the criminal group that perpetrated the principal offense. According to the above mentioned Criminal Appeal 2796/95 in the matter of **John Does**, the minor referred to as "T" was convicted as a joint perpetrator and not simply as a solicitor, although he did not actually join in the

[Stamp] P 7: 000444 [continued]