[Stamp] Authentic copy          [Stamp] * The Military Appellate Court in Judea and Samaria *

**Eighteenth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Yocheved Sasson**, aged 10 at the time of her death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Nineteenth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Mordechai Rafael Schijveschuurder**, aged 44 at the time of his death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twentieth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 7: 188

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Tzira Schijveschuurder**, aged 41 at the time of her death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twenty first count**: **(Detailed Incident 6891/01 Jerusalem Special Duties Department)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Ra'aya Schijveschuurder**, aged 14 at the time of her death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

Prosecution Case 380/03

9

[Stamp] P 7: 188 [continued]

**Twenty second count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Avraham Yitzhak Schijveschuurder**, aged 4 at the time of his death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twenty third count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Hemda Schijveschuurder**, aged 2 at the time of her death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twenty fourth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 7: 37

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Judith Lilian Greenbaum**, aged 31 at the time of her death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twenty fifth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Giora Balash**, aged 69 at the time of his death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the "Sbarro" restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

Prosecution Case 380/03

10

[Stamp] P 7: 37 [continued]

**Twenty sixth count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, caused the intentional death of **the late Zvi Golombek**, aged 26 at the time of his death, who was killed as a result of the explosion of the Suicide Terrorist with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

**Twenty seventh count**: (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (A) and 19 of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 9, 2001, or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the twelfth count of the indictment, attempted to cause the intentional death of all of the people who were in the vicinity of the Suicide Terrorist, who exploded with the explosive device at the Sbarro restaurant at the corner of Jaffa and King George Streets in Jerusalem, as described in the twelfth count of the indictment.

As a result of the explosion of the suicide terrorist with the explosive device, more than 127 people who were in the area of the explosion site were injured.

[Stamp] P 7: 38

**Twenty eighth count:** (Detailed Incident 6891/01 Jerusalem Special Duties Department)

**Nature of the offense:** Malicious damage to property, an offense pursuant to Section 53C of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The aforementioned Defendant, both within the Area and elsewhere, on August 9, 2001, or thereabouts, destroyed or maliciously and unlawfully damaged property, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the twelfth count of the indictment, by his acts described in the twelfth count of the indictment, caused heavy damage to the Sbarro restaurant in the corner of Jaffa and King George Streets in Jerusalem, where the explosive device was detonated as described in the twelfth count of the indictment, and to buildings nearby and to vehicles that passed by the site at the time of the explosion.

**Twenty ninth count:**

**Nature of the offense:** Offenses involving licenses and documents that were issued under the security legislation, an offense pursuant to Section 60 (C) and (G) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The above mentioned Defendant, in the Area, from the second half of 2001 until the day of his arrest or thereabouts, altered or let another person alter some document that was issued under the security legislation and was in possession of a document that was issued under the security legislation that was not made out to his title, with the intent of deceiving others, as follows:

The above mentioned Defendant, in the second half of 2001, in Ramallah or thereabouts, obtained two identity cards from Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, one bearing the name of Arafat Taher Barghouti and the other bearing the name of Ashraf Alahmed. Photographs of the Defendant were inserted into both of these identity cards.

During the period set forth above, the Defendant made use of the forged identity card bearing the name of Arafat Taher Barghouti when he was examined by Israel Defense Forces soldiers in Ramallah or thereabouts, with the intent of deceiving the Israel Defense Forces soldiers.

Prosecution Case 380/03

11

[Stamp] P 7: 38 [continued]

**Thirtieth count:**

**Nature of the offense:** Trading in war materiel, an offense pursuant to Section 2 of the Rules of Prohibition of Trading in War Materiel (Judea and Samaria) (No. 243), 5728-1968.

**Details of the offense:** The above mentioned Defendant, in the Area, in the second half of 2001 or thereabouts, traded in or otherwise dealt with war materiel, without possession of a permit signed by or on behalf of the commander of the Area, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, talked to Ibrahim Jamil Abed Ghani Hamed, known as Salah 1 or the Sheikh, the head of the Az-Adin Alqassam Brigades in the Ramallah area. Ibrahim Hamad asked the Defendant to purchase an Uzi submachine gun for him. The Defendant contacted Ahmed Taleb Mustafa Barghouti (known as Al Faransi), one of the heads of the Al Aqsa Martyrs' Brigades in the Ramallah area, and asked to purchase an Uzi submachine gun from him. Ahmed Barghouti had the Defendant meet Mahnad Abu Halawa, a senior military operative in the Al Aqsa Martyrs' Brigades, and the Defendant purchased an Uzi submachine gun from the latter.

About two weeks later, the Defendant conveyed the above mentioned Uzi submachine gun to Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, who conveyed it to Ibrahim Hamad.

**Thirty first count:**

**Nature of the offense:** Trading in war materiel, an offense pursuant to Section 2 of the Rules of Prohibition of Trading in War Materiel (Judea and Samaria) (No. 243), 5728-1968.

**Details of the offense:** The above mentioned Defendant, in the Area, in mid-2001 or thereabouts, traded in or otherwise dealt with war materiel, without possession of a permit signed by or on behalf of the commander of the Area, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, contacted Ahmed Taleb Mustafa Barghouti (known as Al Faransi), one of the heads of the Al Aqsa Martyrs' Brigades in the Ramallah area, and asked to purchase an MP-5 submachine gun from him. Ahmed Barghouti had the Defendant meet Mahnad Abu Halawa, a senior military operative in the Al Aqsa Martyrs' Brigades, and the Defendant purchased an MP-5 submachine gun from the latter.

[Stamp] P 7: 39

**Thirty second count:**

**Nature of the offense:** Possession of a firearm, an offense pursuant to Section 53 (A) (1) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The aforementioned Defendant, in the Area, from the time set forth in the previous count of the indictment until the day of his arrest, had in his possession a firearm, ammunition, a hand grenade or explosive or incendiary object, a tool, object or thing designed or capable of causing death or severe injury, without possession of a permit certificate issued by or on behalf of a military commander, as follows:

The above mentioned Defendant, during the period set forth, in Ramallah or thereabouts, was in possession of an MP-5 submachine gun described in the previous count of the indictment, and a pistol.

The Defendant kept the above mentioned weapons without possession of a permit certificate issued by or on behalf of a military commander.

**Thirty third count:**

**Nature of the offense:** Manufacturing an incendiary object, an offense pursuant to Section 53 (A) (3) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The above mentioned Defendant, in the Area, from the second half of 2001 or thereabouts, manufactured a firearm, ammunition, a bomb, an explosive or incendiary object, without possession of a permit certificate issued by or on behalf of a military commander, as follows:

The above mentioned Defendant, during the period set forth, in Ramallah or thereabouts, set up a number of laboratories for manufacturing explosives and explosive devices. The Defendant regularly relocated the above mentioned laboratory every few months in order for it not to be exposed by the Israeli security forces.

The Defendant and his colleagues would transfer various chemicals used in the manufacture of explosives to the above mentioned laboratories. The above mentioned explosives were purchased both by the Defendant himself, and by his fellow members of the Hamas Organization. The above mentioned explosives were purchased using Hamas money.

Prosecution Case 380/03

[Stamp] P 7: 39 [continued]

The Defendant manufactured, using the above mentioned chemicals, tens of kilograms of explosives, primarily of the Um Al Abed (TATP) type. From the explosives that he manufactured, the Defendant prepared a large number of explosive devices of different types, in addition to the explosive devices as described in the previous counts of the indictment and as will be described in the following counts of the indictment.

The Defendant manufactured the above mentioned explosive devices with the aim of Hamas operatives using them to carry out attacks against Israeli targets. The Defendant briefed operatives of the Hamas Organization on the activation of the above mentioned explosive devices.

In addition to the foregoing, the Defendant attempted to manufacture hand grenades and an explosive device and thus planned to assemble an explosive device on a toy vehicle operated by remote control.

During the said period, the Defendant also received instructions to manufacture Qassam rockets, but decided that he was unable to manufacture the rockets.

**Thirty fourth count:**

**Nature of the offense:** Military training without possession of a permit, an offense pursuant to Regulation 62 of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The aforementioned Defendant, in the Area, during the second half of 2001 or thereabouts, trained or administered military training in the use of weaponry or in the art of military exercises, movements or operations, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, taught Sid Abed Karim Khader Sheikh Qassam, known as Salah 2, an operative in the Hamas Organization, who served as a contact person between the Defendant and his commander in the Hamas Organization, to manufacture explosives and explosive devices.

**The thirty fifth count:**

**Nature of the offense:** Military training without possession of a permit, an offense pursuant to Regulation 62 of the Defense Regulations (Time of Emergency), 1945.

[Stamp] P 7: 40

**Details of the offense:** The aforementioned Defendant, in the Area, during November 2001 or thereabouts, trained or administered military training in the use of weaponry or in the art of military exercises, movements or operations, as follows:

The above mentioned Defendant, at the time set forth, in an apartment in Ramallah that served as a bomb laboratory, administered military training to Mohamed Hassan Ahmed Arman (known as Abu Muaz), a military operative in the Hamas Organization.

During the said training, the Defendant taught Mohamed Arman to manufacture an explosive called Um Al Abed (TATP), electrical circuits for activating explosive devices and activation mechanisms for explosive devices consisting of a clock, a remote control and a cellular telephone handset.

At the end of the training session, the Defendant transferred to Ahmed Arman a bag with various materials that are used for manufacturing explosives and explosive devices and a sheet with the instructions for manufacturing them.

The materials for the purpose of the above mentioned military training were purchased by Ibrahim Jamil Abed Ghani Hamed, the head of the Az-Adin Alqassam Brigades in the Ramallah area.

The Defendant introduced himself to Mohamed Garman by the alias "Engineer". During the above mentioned military training, the Defendant and Mohamed Arman were masked.

**Thirty sixth count:**

**Nature of the offense:** Military training without possession of a permit, an offense pursuant to Regulation 62 of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The aforementioned Defendant, in the Area, during November 2001, about two days after the time set forth in the previous count of the indictment or thereabouts, trained or administered military training in the use of weaponry or in the art of military exercises, movements or operations, as follows:

The above mentioned Defendant, at the time set forth, in an apartment in Ramallah that served as an explosives laboratory, delivered military training to two people who had been brought to the apartment by Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, a military operative in the Hamas Organization.

Prosecution Case 380/03

[Stamp] P 7: 40 [continued]

During the said training, the Defendant taught the two above mentioned people how to manufacture an explosive called Um Al Abed (TATP), electrical circuits for activating explosive devices, and activation devices for explosive devices consisting of a clock, a remote control and a cellular telephone handset.

At the end of the training, the Defendant forwarded to the above mentioned two people two bags with various materials that are used for manufacturing explosives and the explosive devices and sheets with the instructions for manufacturing them.

**Thirty seventh count:**

**Nature of the offense:** Military training without possession of a permit, an offense pursuant to Regulation 62 of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The aforementioned Defendant, in the Area, in November 2001, shortly after he carried out that which has been attributed to him in the previous count of the indictment or thereabouts, trained or administered military training in the use of weaponry or in the art of military exercises, movements or operations, as follows:

The above mentioned Defendant, at the time set forth, in an apartment in Ramallah that was used as a bomb laboratory, delivered military training to Murad Khalil Abed Hak Amira, who was brought to the apartment by Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, a military operative in the Hamas Organization.

During the said training, the Defendant taught Murad Amira to manufacture explosives called Um Al Abed (TATP), electrical circuits for activating explosive devices and activation mechanisms for explosive devices consisting of a clock, a remote control and a cellular telephone handset. In addition, the Defendant delivered theoretical and practical training in the field stripping and assembling an Uzi submachine gun and a 14 pistol to Murad Amira.

At the end of the training session, the Defendant gave Murad Amira a bag with various materials used for the manufacturing of explosives and explosive devices and pages with the instructions for manufacturing them.

At the end of the said training, the Defendant gave Murad Amira the alias Abdullah 5 because this was the fifth person whom he had taught to manufacture the explosives and explosive devices.

[Stamp] P 7: 41

**Thirty eighth count:** (Detailed **incident 10283/01 Zion)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

1. The above mentioned Defendant, during November 2001 or thereabouts, in Ramallah or thereabouts, manufactured explosives of Um Al Abed (TATP) type.

2. Using these explosives, the Defendant manufactured three explosive devices. The Defendant inserted the first explosive device into a computer case. The Defendant inserted the second explosive device into a black cloth bag. The Defendant prepared the third explosive device in the form of an explosive belt. In addition to the explosives, the Defendant put fragments, consisting of nails and nuts, into the explosive devices. The Defendant attached activation mechanisms to the three above mentioned explosive devices. When the explosive devices were assembled in the explosive belt and in the computer case, they were activated by pressing the activation button, while the explosive device that was concealed inside the black cloth bag was activated by a stopwatch. The Defendant added nuts and nails to these three explosive devices to increase the destructive effect of the explosive devices. In addition, the Defendant put toxic material, which was also for the purpose of increasing the lethality of the explosive devices, into the three explosive devices.

3. The Defendant manufactured these three explosive devices at the request of Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, a military operative in the Hamas Organization. Salah 2 contacted the Defendant at the request of Ibrahim Jamil Abed Ghani Hamad, known as Salah 1 or Sheikh, the commander of the military arm of the Hamas Organization in the Ramallah area.

Prosecution Case 380/03

14

[Stamp] P 7: 41 [continued]

4. The Defendant delivered the three above mentioned explosive devices to Salah 2 in order for the latter to have them transferred to Hamas operatives, who would use these explosive devices to carry out bombing attacks with the intent of causing the deaths of as many people as possible.

5. Salah 2 and Ibrahim Hamad, by themselves or through others, transferred the above mentioned explosive devices to Osama Mohamed Bahar and Nabil Mahmoud Halabia and planted the explosive device that was hidden in the black cloth bag in an Opel Kadett, license no. 4774987.

6. On December 1, 2001, at about 11:36 p.m., at the entrance from Zion Square to Ben Yehuda Street in Jerusalem or thereabouts, suicide terrorist Osama Mohamed Bahar activated the explosive device that had been manufactured by the Defendant and concealed in a computer case as set forth above, with the intent of causing the deaths of as many people as possible. The above mentioned explosive device exploded.

7. That same day, at about the time above, at the junction of Ben Yehuda and Luntz Streets in Jerusalem or thereabouts (a few meters away from the site of the explosion of the first explosive device), suicide terrorist Nabil Mahmoud Halabia activated the explosive device that had been manufactured by the Defendant in the form of an explosive belt as set forth above, with the intent of causing the deaths of as many people as possible. The above mentioned explosive device exploded.

8. On that same day, a few minutes after the two above mentioned suicide terrorists activated the above mentioned explosive devices, the explosive device that had been manufactured by the Defendant and hidden inside the black cloth bag as set forth above was detonated. The third explosive device was detonated in an Opel Kadett, license no. 4774987, which was parked in Harav Kook Street near the corner of Jaffa Street in Jerusalem (a few dozen meters away from the detonation sites of the two explosive devices mentioned above). The above mentioned explosive device was activated with the intent of causing the deaths of as many people as possible.

9. As a result of the detonation of the three explosive devices, which were detonated by as described above [Translator's note: as written], ten people were killed and approximately 191 people were injured, as will be elaborated in the following counts of the indictment.

10. By his acts described above, the above mentioned Defendant caused the intentional death of **the late Yosef El-Ezra,** aged 18 at the time of his death, who was killed as a result of the detonation of the explosive devices in central Jerusalem as described above.

[Stamp] P 7: 42

**Thirty ninth count:** (Detailed Incident 10283/01 Zion)

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Assaf Avitan,** aged 15 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty eighth count of the indictment.

Prosecution Case 380/03

15

[Stamp] P 7: 42 [continued]

**Fortieth count**: **(Detailed Incident 10283/01 Zion)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Guy Vaknin,** aged 19 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

**Forty first count**: **(Detailed Incident 10283/01 Zion)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Yoni Korganov,** aged 20 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

**Forty second count**: **(Detailed Incident 10283/01 Zion)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P 7: 43

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Ya'akov Israel Danino,** aged 17 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

**Forty third count: (Detailed Incident 10283/01 Zion)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001 or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Michael Dahan,** aged 20 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

Prosecution Case 380/03

16

[Stamp] P 7: 43 [continued]