**Forty fourth count**: (Detailed Incident 10283/01 Zion)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Golan Turgeman,** aged 15 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.


**Forty fifth count**: (Detailed Incident 10283/01 Zion)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Adam Weinstein,** aged 14 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.


**Forty sixth count**: (Detailed Incident 10283/01 Zion)

[Stamp] P7: 44

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Moshe Yedid-Levy,** aged 19 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

**Forty seventh count**: **(Detailed Incident 10283/01 Zion)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused the intentional death of **the late Nir Haftzadi,** aged 19 at the time of his death, who was killed as a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment.

Prosecution case 380/03                    17

[Stamp] P7: 44 [continued]

**Forty eighth count**: (Detailed Incident 10283/01 Zion)

**Nature of the offense:** Attempt to cause intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (A) and 19 of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on December 1, 2001, or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, attempted to cause the intentional deaths of as many civilians as possible. As a result of the detonation of the explosive devices that were activated as described in the thirty-eighth count of the indictment, **191 people** were injured.

**Forty ninth count**: (Detailed Incident 10283/01 Zion)

**Nature of the offense:** Malicious damage to property, an offense pursuant to Section 53C of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The aforementioned Defendant, both within the Area and elsewhere, on December 1, 2001, or thereabouts, destroyed or maliciously and unlawfully damaged property, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the thirty-eighth count of the indictment, by his acts described in the thirty-eighth count of the indictment, caused serious damage to houses and to business establishments in the area of Ben Yehuda, Luntz, Jaffa and Harav Kook Streets and vehicles that were at the site at which the three explosive devices that were activated as described in the thirty-eighth count of the indictment.

[Stamp] P7: 45

**Fiftieth count:**

**Nature of the offense:** Manufacturing an incendiary device, an offense pursuant to Section 53 (A) (3) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The above mentioned Defendant, in the Area, from late 2001 or thereabouts, manufactured a firearm, ammunition, bomb, an explosive or incendiary device, without a permit certificate issued by or on behalf of a military commander, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, at the request of Marwan Barghouti, the head of the Tanzim of the Fatah, manufactured two explosive devices. Marwan Barghouti asked the Defendant to manufacture two explosive devices for him in order to use them if Israel Defense Forces would enter Ramallah.

**Fifty-first count:**

**Nature of the offense:** Manufacturing an incendiary device, an offense pursuant to Section 53 (A) (3) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970.

**Details of the offense:** The above mentioned Defendant, in the Area, in late 2001 or thereabouts, manufactured a firearm, ammunition, bomb, an explosive or incendiary device, without a permit certificate issued by or on behalf of a military commander, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, manufactured three explosive devices that were concealed inside juice cartons, and four explosive devices that were camouflaged as stones.

The above mentioned explosive devices were transferred by Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, to Ibrahim Jamil Abed Ghani Hamad, known as Salah 1, who was the head of the military arm of the Hamas Organization in the Ramallah area.

Prosecution case 380/03                                18

[Stamp] P7: 45 [continued]

**Fifty-second count:**

**Nature of the offense:** Trading in war materiel, an offense pursuant to Section 2 of the Rules of Prohibition of Trading in War Materiel (Judea and Samaria) (No. 243), 5728-1968.

**Details of the offense:** The above mentioned Defendant, in the Area, in early 2002 or thereabouts, traded in or otherwise dealt with war materiel, without a permit signed by or on behalf of the commander of the Area, as follows:

The above mentioned Defendant, at the time set forth, in Ramallah or thereabouts, purchased from Ahmed Taleb Mustafa Barghouti (known as Al Faransi), one of the heads of the Al Aqsa Martyrs' Brigades organization, a Kalashnikov assault rifle with two magazines filled with cartridges and a 14 pistol with a magazine full of cartridges.

The Defendant performed the foregoing at the request of Mohamed Taher Mahmoud Barghouti, a military operative in the Hamas Organization.

After purchasing the above mentioned weapons, the Defendant delivered them to the above mentioned Mohamed Taher Barghouti.


**Fifty-third count:**

**Nature of the offense:** Performance of a service for an unlawful association, an offense pursuant to Regulation 85 (1) (C) of the Defense Regulations (Time of Emergency), 1945.

**Details of the offense:** The above mentioned Defendant, in the Area, in February 2001 or thereabouts, performed some work or performed some service for an unlawful association, as follows:

The above mentioned Defendant, at the time set forth, met an unknown person in Ramallah. The Defendant met the above mentioned person at the behest of Ibrahim Jamil Abed Ghani Hamad, known as Salah 1 or Sheikh, the head of the Az A-Din Al Qassam Brigades, the military arm of the Hamas Organization in the Ramallah area. Ibrahim Hamad informed the Defendant that the above mentioned person needed to depart to carry out a suicide attack and asked the Defendant to check whether the above mentioned person was determined to carry out a suicide attack.

[Stamp] P7: 46

The Defendant agreed and talked to the above mentioned person. The Defendant felt that the above mentioned person was determined, in view of the fact that the above mentioned person requested that by carrying out the suicide attack he will clear the name of his father, who was suspected of collaborating with the Israeli security forces.

The Defendant gave his above mentioned conclusions to Ibrahim Hamad, who responded that he would not be dispatching that person to carry out a suicide attack, as he was not prepared for that person to carry out a suicide attack only in order to clear his name.

**Fifty-fourth count**: (Detailed incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

1. In early March 2002, in Ramallah or thereabouts, the Defendant met his Hamas handler, Ibraham Jamil Abed Ghani Hamad, known as Salah 1 or Sheikh. Ibrahim Hamad asked the Defendant to make an explosive belt for a suicide terrorist, in order for the latter to carry out a suicide attack with the intent of causing the deaths of as many people as possible.

2. The Defendant agreed to the request of Ibrahim Hamad. The Defendant manufactured, in Ramallah or thereabouts, an explosive belt. The above mentioned explosive belt was made of an imitation leather fabric on which screws and shampoo bottles filled with explosives were adhered. The Defendant also attached a detonation mechanism for the above mentioned explosive belt.

3. After the Defendant completed the preparation of the above mentioned explosive belt, the Defendant transferred [it], through Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, to Ibrahim Hamad, for the purpose of carrying out the planned suicide attack.

Prosecution case 380/03                              19

[Stamp] P7: 46 [continued]

4. Ibrahim Hamad also contacted Mohamed Hassan Ahmed Arman (known as Abu Muaz) and asked that the latter contact Waal Mahmoud Mohamed-Ali Qassam, known as Abu Sa'ad, to ask him to find a suitable place for carrying out the suicide attack.

5. Mohamed Arman met Abu Sa'ad and asked to find a place in Israel that would be suitable for carrying out the suicide attack. After a few days, Abu Sa'ad contacted Mohamed Arman and stated that he had found a place that was suitable for carrying out the planned suicide attack, which was the Moment Café, located on Aza Street in Jerusalem. Abu Sa'ad, along with Wasam Sa'id Mussa Abasi and Mohamed Ashak Ouda, paid visits to the area of the Moment Café [in order] to plan the suicide attack. The Defendant reported to Sheikh the place that had been found by Abu Sa'ad and his colleagues.

6. On Saturday, March 9, 2002,, at about 8:00 p.m., in Ramallah or thereabouts, Mohamed Arman met Fuad Alhurani and Ibrahim Hamad. Ibrahim Hamad and Fuad Alhurani left the meeting place for about half an hour in order for Fuad Alhurani to put on an explosive belt. Ibrahim Hamad put the explosive belt that was prepared by the Defendant, as set forth above, on Fuad Hurani, for the purpose of carrying out a suicide attack.

7. Thereafter, Mohamed Arman, along with Walid Anjas, accompanied Fuad Alhurani, who was carrying the above mentioned explosive belt on his person, to the Kalandia taxi stop in Ramallah and had the latter get into a passenger vehicle that was traveling to Beit Hanina. Mohamed Arman, Walid Anjas and Fuad Alhurani traveled together to Beit Hanina in a passenger transport vehicle. Mohamed Arman and Walid Anjas transported Fuad Alhurani to the meeting place, which the Defendant had established with Abu Sa'ad.

8. Abu Sa'ad met the suicide terrorist, Fuad Alhurani, in the place set forth, and thereafter, with Wasam Abasi, transported the suicide terrorist to Jerusalem. Abu Sa'ad and Wasam Abasi led Fuad Alhurani to the Moment Café, located in Aza Street in Jerusalem.

9. At about 10:30 p.m., on March 9, 2002,, or thereabouts, Fuad Alhurani, who was carrying the explosive belt that the Defendant had manufactured for this purpose on his person, entered the Moment Café, which was crowded at that time, and activated the above mentioned explosive belt with the aim of causing the deaths of as many people as possible.

10. By his acts described above, the above mentioned Defendant caused the intentional death of **the late Avraham Rahamim**, who was killed as a result of the detonation of the explosive belt at the Moment café as described above.

[Stamp] P7: 47

**Fifty-fifth count**: **(Detailed Incident 1512/02 Moria)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Nir Borochov**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Fifty-sixth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Limor Ben-Shoham**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Fifty-seventh count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Dan Imani**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Fifty-eighth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

[Stamp] P7: 48

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Danit Dagan**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Fifty-ninth count: (Detailed Incident 1512/02 Moria)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Uri Felix**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

Prosecution case 380/03               21

[Stamp] P7: 48 [continued]

**Sixtieth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Baruch Lerner**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Sixty-first count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Tali Eliyahu**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Sixty-second count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 49

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Livnat Dvash**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Sixty-third count:** **(Detailed Incident 1512/02 Moria)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Orit Ozerov**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

Prosecution case 380/03                     22

[Stamp] P7: 49 [continued]

**Sixty-fourth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused the intentional death of **the late Natanel Kochavi**, who was killed as a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment.

**Sixty-fifth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Attempt to cause intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (A) and 19 of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on March 9, 2002, or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, attempted to cause the death of as many civilians as possible.

As a result of the detonation of the explosive device that was detonated as described in the fifty-fourth count of the indictment, **65 people** were injured.

**Sixty-sixth count**: (Detailed Incident 1512/02 Moria)

**Nature of the offense**: Malicious damage to property, an offense pursuant to Section 53C of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 50

**Details of the offense:** The aforementioned Defendant, both within the Area and elsewhere, on March 9, 2002, or thereabouts, destroyed or maliciously and unlawfully damaged property, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the fifty-fourth count of the indictment, by his acts described in the fifty-fourth count of the indictment, caused heavy damage to the Moment Café that is located on Aza Street in Jerusalem, in which the explosive device was detonated as described in the fifty-fourth count of the indictment.


**Sixty-seventh count: (Detailed Incident 5601/02 Rishon le Zion)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on May 7, 2002, or thereabouts, caused the intentional death of another person, as follows:

1. The above mentioned Defendant, in later March-April 2002, in Ramallah or thereabouts, met with Sid Abed Karim Khader Sheikh-Qassam, known as Salah 2, a military operative in the Hamas Organization.

2. Salah 2 informed the Defendant that Ibraham Jamil Abed Ghani Hamad, known as Salah 1 or Sheikh, the head of the military arm of the Hamas Organization in the Ramallah area, was asking that the Defendant should manufacture an explosive belt and an explosive bag for the purpose of carrying out a suicide attack. The Defendant agreed to manufacture the two explosive devices[…]

Prosecution case 380/03                             23

[Stamp] P7: 50 [continued]

[Stamp] Authentic copy        [Stamp] * The Military Appellate Court in Judea and Samaria * [Signature]

[…]this being in order to use them for the purpose of carrying out a suicide attack with the intent of causing the deaths of as many people as possible.

3. The Defendant manufactured, in Ramallah or thereabouts, an explosive belt. The above mentioned explosive belt was made using imitation leather fabric, on which screws and shampoo bottles filled with explosives were adhered. The Defendant also attached the activation mechanism to the above mentioned explosive belt. The above mentioned explosive belt was similar to the one that the Defendant had manufactured for the attack at the Moment Café in Jerusalem, which is described in the fifty-fourth count of the indictment.

4. In addition, the Defendant made, in Ramallah or thereabouts, an explosive device of shampoo bottles filled with explosives that were put into a black bag. The Defendant put screws into the above mentioned bag to increase the damaging effect of the explosive device. The Defendant attached an activation mechanism for the explosive device to the above mentioned bag, which consisted of a stopwatch.

5. The Defendant delivered the above mentioned explosive belt with the above mentioned explosive bag to Salah 2 in order for the latter to transfer them to Ibrahim Hamad, who would transfer them to the suicide terrorist.

6. In April 2002, Ibrahim Hamad approached Mohamed Hassan Ahmed Arman (known as Abu Muaz), and informed the latter that it was necessary to carry out a suicide attack with the intent of causing the deaths of as many people as possible. Ibrahim Hamad informed Mohamed Arman that he had a person who was prepared to carry out the suicide attack.

7. A few days later, in Ramallah or thereabouts, Ibrahim Hamad introduced a Mohamed Jamil Ahmed Muamar (hereinafter: the "Suicide Terrorist") to Mohamed Arman; he was supposed to carry out the planned suicide attack. During the meeting it was concluded that after a few days, Ibrahim Hamad would bring the Suicide Terrorist to a meeting with Mohamed Arman in Ramallah and the latter would take the Suicide Terrorist to carry out the planned suicide attack.

[Stamp] P 7: 186

8. On May 7, 2002, Mohamed Arman met the Suicide Terrorist in Ramallah in accordance with the above mentioned understanding. At the request of Mohamed Arman, Walid Abed Aziz Abed Hadi Anjas accompanied the Suicide Terrorist from Ramallah to Safa. In Safa, the two met Mohamed Arman and traveled together to Beit Anan. There, Mohamed Arman delivered the explosive belt that the Defendant had manufactured as set forth above and which had been transferred to Mohamed Arman by Ibrahim Hamad to the Suicide Terrorist. Mohamed Arman attached the above mentioned explosive belt to the body of the Suicide Terrorist and gave the latter a bag containing an additional explosive device, which the Defendant had also manufactured as set forth above, and which had been transferred to Mohamed Arman by Ibrahim Hamad.

9. Mohamed Arman drove the Suicide Terrorist with the above mentioned explosive device and with the above mentioned explosive belt in his vehicle from Beit Anan to Beit Iksa.

10. In Beit Iksa or thereabouts, the Defendant and the Suicide Terrorist met Waal Mahmoud Mohamed Ali Qassam, known as Abu Saad, who took the Suicide Terrorist to carry out the planned attack.

11. That evening, Abu Saad, along with Wassam Said Abasi, drove the Suicide Terrorist to Rishon le Zion and there accompanied him to the Sheffield Club, at 1 Sacharov Street in the New Industrial Zone, which had earlier been identified as a location suitable for carrying out the suicide attack by Abu Saad, Mohamed Ashak Ouda, Wassam Abasi and Alaa A-Din Mahmoud Abasi. Abu Saad and Wassam Abasi pointed out the said club to the Suicide Terrorist and explained to him that this was the place at which he must carry out the planned suicide attack.

12. At about 10:50 p.m., on May 7, 2002 or thereabouts, the Suicide Terrorist entered the above mentioned club and activated the explosive belt and the additional explosive device that the Defendant had manufactured for this purpose, with the aim of causing the deaths of as many people as possible.

13. By his acts described above, the above mentioned Defendant caused the intentional death of **the late Rahamim Kimhi**, who was killed as a result of the detonation of the explosive devices as described above.

Prosecution Case 380/03

[Stamp] P 7: 186 [continued]

**Sixty-eighth count**: (Detailed Incident 5601/02 Rishon le Zion)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on May 7, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth in the sixty-seventh count of the indictment, by his acts described in the sixty-seventh count of the indictment, caused the intentional death of **the late Rafael Haim**, who was killed as a result of the detonation of the explosive devices that were activated as described in the sixty-seventh count of the indictment.

**Sixty-ninth count**: (Detailed Incident 5601/02 Rishon le Zion)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on May 7, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth in the sixty-seventh count of the indictment, by his acts described in the sixty-seventh count of the indictment, caused the intentional death of **the late Anat Teremforush**, who was killed as a result of the detonation of the explosive devices that were activated as described in the sixty-seventh count of the indictment.

**Seventieth count**: (Detailed Incident 5601/02 Rishon le Zion)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 51