**פרט ארבעים ושמונה:** (פ.א. 10283/01 ציון)

**מהות העבירה:** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 01.12.01 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השלושים ושמונה, במעשיו המתוארים בפרט האישום השלושים ושמונה, ניסה לגרום למותם של אזרחים רבים ככל האפשר.
כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השלושים ושמונה, נפצעו **191 בני אדם**.

**פרט ארבעים ותשעה:** (פ.א. 10283/01 ציון)

**מהות העבירה:** היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 01.12.01 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השלושים ושמונה, במעשיו המתוארים בפרט האישום השלושים ושמונה, גרם נזק כבד לבתים ולבתי העסק הנמצאים באיזור הרחובות בן-יהודה, לונץ, יפו, הרב קוק ולכלי רכב אשר היו במקום, אשר בו הופעלו שלושה מטעני החבלה, כפי שתואר בפרט האישום השלושים ושמונה.

**פרט חמישים:**

**מהות העבירה:** ייצור חפץ מבעיר, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, על-פי בקשתו של מרואן ברגותי, ראש "התנזים" של הפת"ח, ייצר שני מטעני חבלה. מרואן ברגותי ביקש מהנאשם לייצר עבורו שני מטעני חבלה על מנת לעשות בהם שימוש אם כוחות צה"ל ייכנסו לרמאללה.

**פרט חמישים ואחד:**

**מהות העבירה:** ייצור חפץ מבעיר, עבירה לפי סעיף 53(א)(3) לצו בדבר הוראות בטחון (יהודה והשומרון) (מס' 378), תש"ל-1970.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בסוף שנת 2001 או בסמוך לכך, ייצר כלי-יריה, תחמושת, פצצה, חפץ נפיץ או מבעיר, ללא תעודת היתר שהוענקה בידי מפקד צבאי או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, ייצר שלושה מטעני חבלה, אשר היו מוסווים בקרטונים של מיץ, וכן ארבעה מטעני חבלה, אשר היו מוסווים לאבנים.
מטעני החבלה הנ"ל הועברו על-ידי סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2" לידי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1", שהוא ראש הזרוע הצבאית של ארגון החמאס באיזור רמאללה.

18

ת.ת. 380/03

P 7: 45

**פרט חמישים ושניים:**

**מהות העבירה:** סחר בציוד מלחמתי, עבירה לפי סעיף 2 לצו בדבר איסור סחר בציוד מלחמתי (יהודה והשומרון) (מס' 243), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בתחילת שנת 2002 או בסמוך לכך, סחר או עסק בצורה אחרת בציוד מלחמתי ללא היתר חתום על-ידי מפקד האיזור או מטעמו, דהיינו:
הנאשם הנ"ל, במועד האמור, ברמאללה או בסמוך לכך, רכש מידי אחמד טאלב מוצטפא ברגותי (המכונה "אל פראנסיי"), אחד מראשי הארגון "גדודי חללי אלאקצא", רוס"ר קלצ'ניקוב עם שתי מחסניות מלאות בכדורים וכן אקדח 14 עם מחסנית מלאה בכדורים.
הנאשם ביצע את האמור לעיל על-פי בקשתו של מחמד טאהר מחמוד ברגותי, פעיל צבאי בארגון החמאס.
לאחר רכישת כלי הנשק הנ"ל, הנאשם מסרם לידי מחמד טאהר ברגותי הנ"ל.

**פרט חמישים ושלושה:**

**מהות העבירה:** ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג) לתקנות ההגנה (שעת חירום), 1945.

**פרטי העבירה:** הנאשם הנ"ל, באיזור, בחודש פברואר 2001 או בסמוך לכך, עשה עבודה כל שהיא או ביצע שירות כל שהוא בשביל התאחדות בלתי מותרת, דהיינו:
הנאשם הנ"ל, במועד האמור, נפגש ברמאללה עם אדם פלוני. הנאשם נפגש עם האדם הנ"ל על-פי בקשתו של אברהים ג'מיל ע/עיאני חאמד, המכונה "צלאח 1" או "השיח'", ראש "גדודי עז א-דין אל קסאם", הזרוע הצבאית של ארגון החמאס, באיזור רמאללה. אברהים חאמד מסר לנאשם כי האדם הנ"ל צריך לצאת לביצוע פיגוע התאבדות וביקש כי הנאשם יבדוק אם האדם הנ"ל איתן בדעתו לבצע פיגוע התאבדות.
הנאשם הסכים ושוחח עם האדם הנ"ל. הנאשם התרשם כי האדם הנ"ל איתן בדעתו וזאת לאור העובדה כי האדם הנ"ל מבקש, באמצעות ביצוע פיגוע ההתאבדות, לטהר את שם אביו, שנחשד בשיתוף הפעולה עם כוחות הביטחון הישראליים.
הנאשם מסר את מסקנותיו הנ"ל לאברהים חאמד, אשר השיב כי לא יוציא את האדם הנ"ל לביצוע פיגוע התאבדות, שכן אינו מוכן שאדם יבצע פיגוע התאבדות רק על מנת לטהר את שמו.

**פרט חמישים וארבעה: (פ.א. 1512/02 מוריה)**

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

1. בתחילת חודש מרץ 2002, ברמאללה או בסמוך לכך, הנאשם נפגש עם האחראי עליו בארגון החמאס, אברהים ג'מיל ע/עיאני חאמד, המכונה "צלאח 1" או "השיח'". אברהים חאמד ביקש כי הנאשם ייצר חגורת נפץ עבור מחבל מתאבד, על מנת שהאחרון יבצע פיגוע התאבדות בכוונה לגרום למותם של אנשים רבים ככל הניתן.

2. הנאשם הסכים לבקשתו של אברהים חאמד. הנאשם ייצר, ברמאללה או בסמוך לכך, חגורת נפץ. חגורת הנפץ הנ"ל הורכבה מחגורה מבד דמוי עור, עלי הודבקו ברגים ובקבוקי שמפו מלאים בחומר נפץ. הנאשם הרכיב גם מנגנון הפעלה לחגורת הנפץ הנ"ל.

3. לאחר שהנאשם סיים להכין את חגורת הנפץ הנ"ל, הנאשם העבירה באמצעות סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", אל אברהים חאמד, וזאת לצורך ההוצאה לפועל של פיגוע ההתאבדות המתוכנן.

4. אברהים חאמד פנה גם אל מחמד חסן אחמד ערמאן (מכונה "אבו מועאז") וביקש כי האחרון יפנה אל ואאל מחמוד מחמד-עלי קאסם, המכונה "אבו סעד", ויבקש ממנו לאתר מקום מתאים לביצוע פיגוע ההתאבדות.

5. מחמד ערמאן נפגש עם "אבו סעד" וביקש לאתר מקום בישראל המתאים לביצוע פיגוע התאבדות. לאחר מספר ימים "אבו סעד" פנה אל מחמד ערמאן ומסר כי איתר מקום המתאים לביצוע פיגוע ההתאבדות המתוכנן והוא - בית-קפה "מומנט", הנמצא ברחוב עזה בירושלים. "אבו סעד", ביחד עם וסאם סעיד מוסא עבאסי ומחמד אסחאק עודה, ביצע סיורים באיזור בית-קפה "מומנט" לצורך תכנון פיגוע ההתאבדות. הנאשם דיווח ל"שיח'" אודות המקום שאותר על-ידי "אבו סעד" וחבריו.

6. ביום שבת, 09.03.02, בסביבות השעה 20:00, ברמאללה או בסמוך לכך, מחמד ערמאן נפגש עם פואד אלחוראני ועם אברהים חאמד. אברהים חאמד ופואד אלחוראני עזבו את מקום המפגש למשך כחצי שעה על מנת שפואד אלחוראני ילבש חגורת נפץ. אברהים חאמד הלביש על פואד חוראני את חגורת הנפץ, אשר הוכנה על-ידי הנאשם, כאמור לעיל, לצורך ביצוע פיגוע התאבדות.

7. לאחר מכן, מחמד ערמאן, ביחד עם וליד אנג'אס, ליוו את פואד אלחוראני, אשר נשא על גופו את חגורת הנפץ הנ"ל, לתחנת מוניות "קלנדיה" ברמאללה והעלו את האחרון לרכב הסעות שנסע לבית חנינא. מחמד ערמאן, וליד אנג'אס ופואד אלחוראני נסעו ביחד לבית חנינא ברכב הסעות. מחמד ערמאן ווליד אנג'אס הובילו את פואד אלחוראני למקום המפגש, אשר אותו קבע הנאשם עם "אבו סעד".

8. "אבו סעד" נפגש עם המחבל המתאבד, פואד אלחוראני, במקום האמור, ולאחר מכן, ביחד עם וסאם עבאסי, הסיע את המחבל המתאבד לירושלים. "אבו סעד" ווסאם עבאסי הובילו את פואד אלחוראני לבית-קפה "מומנט" הנמצא ברחוב עזה בירושלים.

9. בסמוך לשעה 22:30, ביום 09.03.02 או במועד הסמוך לכך, פואד אלחוראני אשר נשא על גופו את חגורת הנפץ, אותה ייצר למטרה זו הנאשם, נכנס אל תוך בית-קפה "מומנט", אשר היה באותה שעה הומה אדם, והפעיל את חגורת הנפץ הנ"ל בכוונה לגרום למותם של אנשים רבים ככל האפשר.

10. במעשיו המתוארים לעיל, הנאשם הנ"ל גרם בכוונה למותו של **אברהם רחמים ז"ל**, אשר נהרג כתוצאה מפיצוץ חגורת הנפץ בבית-קפה "מומנט" כפי שתואר לעיל.

<u>פרט חמישים וחמישה:</u> **(פ.א. 1512/02 מוריה)**

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותו של **ניר בורוכוב ז"ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

P 7: 47

<u>**פרט חמישים ושישה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותה של **לימור בן שוהם ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט חמישים ושבעה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותו של **דן אימוני ז״ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט חמישים ושמונה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותה של **דנית דגן ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט חמישים ותשעה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותו של **אורי פליקס ז״ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>פרט שישים:</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותו של **ברוך לרנר ז"ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>פרט שישים ואחד:</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותה של **טלי אליהו ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>פרט שישים ושניים:</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותה של **לבנת דבש ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>פרט שישים ושלושה:</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותה של **אורית אוזרוב ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט שישים וארבעה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם בכוונה למותו של **נתנאל כוכבי ז״ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט שישים וחמישה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, ניסה לגרום למותם של אזרחים רבים ככל האפשר.
כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום החמישים וארבעה, נפצעו **65 בני אדם**.

<u>**פרט שישים ושישה:**</u> **(פ.א. 1512/02 מוריה)**

<u>**מהות העבירה:**</u> היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 09.03.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום החמישים וארבעה, במעשיו המתוארים בפרט האישום החמישים וארבעה, גרם נזק כבד לבית-קפה ״מומנט״ הנמצא ברחוב עזה בירושלים, אשר בו הופעל מטען החבלה, כפי שתואר בפרט האישום החמישים וארבעה.

<u>**פרט שישים ושבעה:**</u> **(פ.א. 5601/02 ראשל״צ)**

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ״ל, בסוף חודש מרץ - חודש אפריל 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה ״צלאח 2״, פעיל צבאי בארגון החמאס.

2. ״צלאח 2״ מסר לנאשם כי אברהים ג׳מיל ע/ע׳אני חאמד, המכונה ״צלאח 1״ או ״שיח׳״, מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר חגורת נפץ ותיק נפץ לצורך ביצוע פיגוע התאבדות. הנאשם הסכים לייצר את שני מטעני החבלה

וזאת על מנת שישתמשו בהם לצורך ביצוע פיגוע התאבדות בכוונה לגרום למותם של אנשים רבים ככל האפשר.

3. הנאשם ייצר, ברמאללה או בסמוך לכך, חגורת נפץ. חגורת הנפץ הנ״ל הורכבה מחגורה מבד דמוי עור, עלי הודבקו ברגים ובקבוקי שמפו מלאים בחומר נפץ. הנאשם הרכיב גם מנגנון הפעלה לחגורת הנפץ הנ״ל. חגורת הנפץ הנ״ל היתה דומה לזו שהנאשם ייצר עבור הפיגוע בבית-קפה ״מומנט״ בירושלים, המתואר בפרט האישום החמישים וארבעה.

4. כמו כן, הנאשם ייצר, ברמאללה או בסמוך לכך, מטען נפץ, אשר הורכב מבקבוקי שמפו מלאים בחומר נפץ, אשר הוכנסו אל תוך תיק בצבע שחור. הנאשם הכניס אל תוך התיק הנ״ל ברגים לצורך הגברת עוצמת הפגיעה של מטען החבלה. הנאשם הרכיב בתיק האמור מנגנון הפעלה למטען החבלה, המורכב משעון עצר.

5. הנאשם מסר את חגורת הנפץ הנ״ל ביחד עם תיק הנפץ הנ״ל לידי ״צלאח 2״, על מנת שהאחרון יעבירם לידי אברהים חאמד וזה יעבירם לידי המחבל המתאבד.

6. בחודש אפריל 2002 אברהים חאמד פנה אל מחמד חסן אחמד ערמאן (מכונה ״אבו מועאז״) ומסר לאחרון כי יש צורך לבצע פיגוע התאבדות בכוונה לגרום למותם של אנשים רבים ככל האפשר. אברהים חאמד מסר למחמד ערמאן כי יש לו אדם שמוכן לבצע את פיגוע ההתאבדות.

7. לאחר מספר ימים, ברמאללה או בסמוך לכך, אברהים חאמד הכיר למחמד ערמאן את מחמד ג׳מיל אחמד מועמר (להלן: המחבל המתאבד), אשר היה אמור לבצע את פיגוע ההתאבדות המתוכנן. במהלך הפגישה סוכם כי לאחר מספר ימים אברהים חאמד יביא את המחבל המתאבד לפגישה עם מחמד ערמאן ברמאללה והאחרון ייקח את המחבל המתאבד לביצוע פיגוע ההתאבדות המתוכנן.

8. ביום 07.05.02, מחמד ערמאן נפגש עם המחבל המתאבד ברמאללה לפי הסיכום הנ״ל. על-פי בקשתו של מחמד ערמאן, וליד ע/עזיז ע/האדי אנג׳אס ליווה את המחבל המתאבד מרמאללה לצפא. בצפא השניים הנ״ל נפגשו עם מחמד ערמאן ונסעו ביחד לבית ענאן. שם מחמד ערמאן מסר לידי המחבל המתאבד את חגורת הנפץ, אשר אותה ייצר הנאשם כאמור לעיל ואשר הועברה לידי מחמד ערמאן על-ידי אברהים חאמד. מחמד ערמאן הלביש את חגורת הנפץ הנ״ל על גופו של המחבל המתאבד וכן נתן לאחרון תיק עם מטען חבלה נוסף, אשר גם אותו ייצר הנאשם כאמור לעיל ואשר הועבר לידי מחמד ערמאן על-ידחי אברהים חאמד.

9. מחמד ערמאן הסיע ברכבו את המחבל המתאבד עם מטען החבלה הנ״ל ועם חגורת הנפץ הנ״ל מבית ענאן לבית איכסא.

10. בבית איכסא או בסמוך לכך, הנאשם והמחבל המתאבד פגשו בואאל מחמוד מחמד-עלי קאסם, המכונה ״אבו סעד״, אשר לקח את המחבל המתאבד לביצוע הפיגוע המתוכנן.

11. באותו הערב, ״אבו סעד״ ביחד עם וסאם סעיד עבאסי, הסיעו את המחבל המתאבד לראשון לציון ושם ליוו אותו עד למועדון ״שפילד-קלאב״ הנמצא ברחוב סחרוב 1 באיזור התעשיה החדש, אשר אותר קודם לכן על-ידי ״אבו סעד״, מחמד אסחאק עודה, וסאם עבאסי ועלאא א-דין מחמוד עבאסי כמקום מתאים לביצוע פיגוע ההתאבדות. ״אבו סעד״ וסאם עבאסי הצביעו למחבל המתאבד על המועדון האמור והסבירו לו כי זה המקום שבו עליו לבצע את פיגוע ההתאבדות המתוכנן.

נאמן למקור

12. בסמוך לשעה 22:50, ביום 07.05.02 או במועד הסמוך לכך, המחבל המתאבד נכנס למועדון הנ״ל והפעיל את חגורת הנפץ ואת מטען החבלה הנוסף, אשר אותם ייצר הנאשם למטרה זו, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

13. במעשיו המתוארים לעיל, הנאשם הנ״ל גרם בכוונה למותו של **רחמים קמחי ז״ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה כפי שתואר לעיל.

**פרט שישים ושמונה:** (פ.א. 5601/02 ראשל"צ)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **רפאל חיים ז"ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**פרט שישים ותשעה:** (פ.א. 5601/02 ראשל"צ)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **ענת טרמפורוש ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**פרט שבעים:** (פ.א. 5601/02 ראשל"צ)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **אברהם בייז ז"ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**פרט שבעים ואחד:** (פ.א. 5601/02 ראשל"צ)

**מהות העבירה:** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**פרטי העבירה:** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **אתי בבלאר ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

P 7: 51

<u>פרט שבעים ושניים:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **יצחק בבלאר ז"ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שבעים ושלושה:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **ישראל שיקאר ז"ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שבעים וארבעה:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **שושנה מגמרי ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שבעים וחמישה:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **שארוק רסאן ז"ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**<u>פרט שבעים ושישה:</u>** (פ.א. 5601/02 ראשל״צ)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **נואה חינאווי ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**<u>פרט שבעים ושבעה:</u>** (פ.א. 5601/02 ראשל״צ)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותו של **ניר לובטין ז״ל**, אשר נהרג כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**<u>פרט שבעים ושמונה:</u>** (פ.א. 5601/02 ראשל״צ)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **רגינה מלכה בוסלן ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

**<u>פרט שבעים ותשעה:</u>** (פ.א. 5601/02 ראשל״צ)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס׳ 378), תש״ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס׳ 225), תשכ״ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ״ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ״ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **דליה מסה ז״ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שמונים:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **פנינה הקרי ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שמונים ואחד:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם בכוונה למותה של **עדנה כהן ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שמונים ושניים:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, ניסה לגרום בכוונה למותם של אזרחים רבים ככל האפשר.
כתוצאה מפיצוץ מטעני החבלה שהופעלו כפי שתואר בפרט האישום השישים ושבעה, נפצעו 59 בני אדם.

<u>פרט שמונים ושלושה:</u> (פ.א. 5601/02 ראשל"צ)

<u>**מהות העבירה:**</u> היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 07.05.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השישים ושבעה, במעשיו המתוארים בפרט האישום השישים ושבעה, גרם נזק כבד למועדון "שפילד-קלאב" הנמצא ברחוב סחרוב 1 בראשון לציון וכן לכל הבניין האמור, אשר בו הופעלו מטעני החבלה, כפי שתואר בפרט האישום השישים ושבעה.

<u>פרט שמונים וארבעה:</u> (פ.א. 2881/02 גלילות)

<u>מהות העבירה:</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 23.05.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בחודש מאי 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", פעיל צבאי בארגון החמאס.

2. "צלאח 2" מסר לנאשם כי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1" או "שיח'", מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר מטען חבלה אשר "נדבק" אל ברזל וזאת לצורך ביצוע פיגוע תופת. הנאשם הסכים לייצר את מטען החבלה וזאת על מנת שישתמשו בו לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

3. בעקבות הבקשה האמורה, הנאשם ייצר מטען חבלה, אשר ניתן "להדביקו" לברזל באמצעות המגנטים, אותם הרכיב הנאשם על מטען החבלה, ואשר מופעל באמצעות מכשיר טלפון סלולרי.

4. הנאשם מסר את מטען החבלה הנ"ל לידי "צלאח 2" לצורך ההוצאה לפועל של פיגוע התופת המתוכנן. "צלאח 2" העביר את מטען החבלה לידי אברהים חאמד.

5. בחודש מאי 2002 אברהים חאמד נפגש עם מחמד חסן אחמד ערמאן (מכונה "אבו מועאז") ומסר לאחרון כי ברצונו לבצע פיגוע תופת ולפוצץ מיכלית דלק, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר. בעקבות האמור, מחמד ערמאן נפגש עם ואאל מחמוד מחמד-עלי קאסם, המכונה "אבו סעד", וסיפר לו אודות תכנונו של אברהים חאמד לבצע פיגוע תופת. "אבו סעד" אמר כי יבדוק את העניין ויראה מה ניתן לעשות.

6. לאחר מספר ימים, מחמד ערמאן נפגש שוב עם "אבו סעד". "אבו סעד" מסר כי הוא וחבריו איתרו מיכלית דלק הנוסעת באופן קבוע לאתר "פי גלילות".

7. ביום 22.05.02, מחמד ערמאן נפגש עם אברהים חאמד ברמאללה ודיווח לאחרון אודות מיכלית הדלק הנ"ל. אברהים חאמד ביקש להיפגש עם מחמד ערמאן בעוד מספר שעות באותו המקום.

8. לאחר מספר שעות השניים נפגשו שוב. אברהים חאמד מסר לידי מחמד ערמאן את מטען חבלה, אשר אותו ייצר הנאשם כאמור לעיל. כמו כן, אברהים חאמד מסר למחמד ערמאן מכשיר טלפון סלולרי, אשר ממנו יש להתקשר אל המכשיר המחובר למטען החלבה על מנת להפעילו.

9. מחמד ערמאן מסר את מטען החבלה הנ"ל לידי וליד ע/עזיז ע/האדי אנג'אס, אשר העבירו לצפא. מחמד ערמאן הגיע לצפא ומשם נסע במכוניתו, ביחד עם וליד אנג'אס, לבית איכסא.

10. מחמד ערמאן נפגש שם עם "אבו סעד" וביחד עם וליד אנג'אס מסר לידי "אבו סעד" את מטען החבלה הנ"ל עם מכשיר טלפון סלולרי המחובר אליו וכן את מכשיר הטלפון הסלולרי הנוסף.

11. בשעות הבוקר המוקדמות למחרת, יום 23.05.02, "אבו סעד" נסע לחולון ביחד עם וסאם סעיד עבאסי, כשברשותם מטען החבלה הנ"ל. בחולון, "אבו סעד" הצמיד את מטען החבלה הנ"ל באמצעות מגנט אל חלקו הקדמי התחתון של מיכל הדלק המורכב על מיכלית דלק, מ.ר. 2622700. מיכלית הדלק הנ"ל אותרה קודם לכן כיעד לביצוע פיגוע תופת על-ידי וסאם עבאסי ועלאא א-דין מחמוד עבאסי. "אבו סעד" המתין ברכבו עד

P 7: 55

בית המשפט הצבאי לערעורים * באיו"ש *

שהגיע נהג מיכלית הדלק ולאחר מכן נסע אחרי מיכלית הדלק הנ"ל עד לאתר "פי גלילות". לאחר ש"אבו סעד" וידא כי מיכלית הדלק, אשר אליה חובר מטען החבלה הנ"ל, נכנסה אל תוך האתר "פי גלילות", אבו סעד הפעיל את מטען החבלה הנ"ל, אשר אותו ייצר הנאשם, באמצעות מכשיר טלפון סלולרי, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

12. מטען החבלה הנ"ל התפוצץ וגרם נזק כבד למיכלית הדלק הנ"ל. רק בנס איש לא נפגע.

<u>**פרט שמונים וחמישה:**</u> **(פ.א. 3975/02 לוד)**

<u>**מהות העבירה:**</u> ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>**פרטי העבירה:**</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 30.06.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בחודש יוני 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", פעיל צבאי בארגון החמאס.

2. "צלאח 2" מסר לנאשם כי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1" או "שיח'", מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר מטען חבלה המופעל באמצעות מכשיר טלפון סלולרי וזאת לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם הסכים לייצר את מטען החבלה וזאת על מנת שישתמשו בו לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

3. בעקבות הבקשה האמורה, הנאשם ייצר מטען חבלה, אשר מופעל באמצעות מכשיר טלפון סלולרי.

4. הנאשם מסר את מטען החבלה הנ"ל לידי "צלאח 2". "צלאח 2" העביר את מטען החבלה הנ"ל לידי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1" או "שיח'", ראש הזרוע הצבאית של ארגון החמאס באיזור רמאללה.

נאמן למקור

5. אברהים חאמד פנה אל מחמד חסן אחמד ערמאן (מכונה "אבו מועאז") והציע לבצע פיגוע תופת באמצעות הנחת מטען חבלה על פסי רכבת בתוך מדינת ישראל וזאת מתוך כוונה לגרום למותם של אנשים רבים ככל האפשר.

6. מחמד ערמאן פנה אל ואאל מחמוד מחמד-עלי קאסם, המכונה "אבו סעד", וביקש ממנו לבדוק אפשרות של ביצוע פיגוע תופת על פסי הרכבת בישראל. לאחר זמן מה, "אבו סעד" פנה אל מחדמ ערמאן ומסר לו כי מצא מקום מתאים לביצוע הפיגוע המתוכנן. מחמד ערמאן דיווח על כך לאברהים חאמד.

7. לאחר זמן מה, מחמד ערמאן נפגש ברמאללה עם אברהים חאמד, אשר מסר לו את מטען החבלה, אשר אותו ייצר הנאשם כאמור לעיל.

8. ביום 29.06.02 או בסמוך לכך, מחמד ערמאן העביר את מטען החבלה הנ"ל ביחד עם מכשירי הטלפון הסלולריים לידי "אבו סעד" והסביר לאחרון כיצד מפעילים את מטען החבלה הנ"ל.

9. בשעות הערב באותו היום, "אבו סעד" ביחד עם וסאם סעיד עבאסי נסע ללוד והניח את מטען החבלה הנ"ל על פסי הרכבת בלוד במקום שאותר קודם לכן כמתאים לביצוע הפיגוע המתוכנן על-ידי וסאם עבאסי ועלאא א-דין מחמוד עבאסי. לאחר מכן, "אבו סעד" וסאם עבאסי חזרו לירושלים.

10. בשעות המוקדמות של הבוקר למחרת, 30.06.02, "אבו סעד" וסאם עבאסי נסעו ללוד. וסאם עבאסי התמקם ליד מטען החבלה שהונח כאמור לעיל על פסי הרכבת. בסמוך לשעה 07:00, ברגע שוסאם עבאסי הבחין ברכבת המתקרבת למקום האמור, הוא הודיע ל"אבו סעד", אשר הפעיל את מטען החבלה הנ"ל באמצעות מכשיר טלפון סלולרי, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

11. מטען החבלה הנ"ל התפוצץ.

12. כתוצאה מפיצוץ מטען החבלה הנ"ל נפצעו 4 בני אדם. כמו כן נגרם נזק לקטר הרכבת ולמסילת הברזל.

__פרט שמונים ושישה:__ (פ.א. 9913/02 רחובות)

__מהות העבירה:__ ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

__פרטי העבירה:__ הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 21.07.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בחודש יוני 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", פעיל צבאי בארגון החמאס.

2. "צלאח 2" מסר לנאשם כי אברהים ג'מיל ע/עאני חאמד, המכונה "צלאח 1" או "שיח'", מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר מטען חבלה המופעל באמצעות מכשיר טלפון סלולרי וזאת לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם הסכים לייצר את מטען החבלה וזאת על מנת שישתמשו בו לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

3. בעקבות הבקשה האמורה, הנאשם ייצר מטען חבלה, אשר מופעל באמצעות מכשיר טלפון סלולרי.

4. הנאשם מסר את מטען החבלה הנ"ל לידי "צלאח 2". "צלאח 2" העביר את מטען החבלה הנ"ל לידי אברהים ג'מיל ע/עאני חאמד, המכונה "צלאח 1" או "שיח'", ראש הזרוע הצבאית של ארגון החמאס באיזור רמאללה.

5. אברהים חאמד פנה אל מחמד חסן אחמד ערמאן (מכונה "אבו מועאז") והציע לבצע פיגוע תופת נוסף באמצעות הנחת מטען חבלה על פסי רכבת בתוך מדינת ישראל וזאת מתוך כוונה לגרום למותם של אנשים רבים ככל האפשר.

6. מחמד ערמאן פנה אל ואאל מחמוד מחמד-עלי קאסם, המכונה "אבו סעד", וביקש ממנו למצוא מקום לביצוע פיגוע תופת נוסף על פסי הרכבת בישראל. לאחר זמן מה, "אבו סעד" פנה אל מחדמ ערמאן ומסר לו כי מצא מקום מתאים לביצוע הפיגוע המתוכנן. מחמד ערמאן דיווח על כך לאברהים חאמד.

7. לאחר זמן מה, מחמד ערמאן נפגש ברמאללה עם אברהים חאמד, אשר מסר לו את מטען החבלה, אשר אותו ייצר הנאשם כאמור לעיל לצורך ההוצאה לפועל של הפיגוע המתוכנן.

8. ביום 20.07.02, מחדמ ערמאן מסר את מטען החבלה הנ"ל לוליד ע/עזיז ע/האדי אנג'אס וביקש מהאחרון להעבירו לצפא. לאחר מכן, מחמד ערמאן הגיע לצפא ונפגש שם עם וליד אנג'אס. משם, השניים נסעו ביחד לבית איכסא.

9. בבית איכסא, מחדמ ערמאן ווליד אנג'אס העבירו את מטען החבלה הנ"ל ביחד עם מכשירי הטלפון הסלולריים לידי "אבו סעד".

P 7: 56

Case 1:04-cv-00397-GBD-RLE Document 909-64 Filed 05/13/15 Page 14 of 19

.10 באותו הלילה, "אבו סעד", ביחד עם וסאם סעיד עבאסי ועלאא א-דין מחמוד עבאסי, נסעו לאיזור רחובות והניחו את מטען החבלה הנ"ל על פסי הרכבת בסמוך ליציאה מרחובות, ליד כפר גבירול, מקום שנבחר קודם לכן על-ידי "אבו סעד" ווסאם עבאסי. לאחר מכן השלושה חזרו לירושלים.

.11 למחרת, 21.07.02, בשעות הבוקר המוקדמות, "אבו סעד" ווסאם עבאסי נסעו למקום שבו הונח מטען החבלה הנ"ל. בסמוך לשעה 07:30, "אבו סעד" הפעיל את מטען החבלה הנ"ל בכוונה לגרום למותם של אנשים רבים ככל האפשר, לאחר שוסאם עבאסי דיווח לו באמצעות מכשיר טלפון סלולרי כי רכבת מגיעה למקום שבו הונח מטען החבלה.

.12 מטען החבלה הנ"ל התפוצץ. כתוצאה מפיצוץ מטען החבלה נפצע אדם אחד. כמו כן, נגרם נזק לקטר הרכבת ולמסילת הברזל.

**<u>פרט שמונים ושבעה:</u> (פ.א. 1197/02 שלם)**

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:

.1 הנאשם הנ"ל, בחודש יולי 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", פעיל צבאי בארגון החמאס.

.2 "צלאח 2" מסר לנאשם כי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1" או "שיח'", מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר מטען חבלה המוסתר בתוך תיק וזאת לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם הסכים לייצר את מטען החבלה וזאת על מנת שישתמשו בו לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

.3 בעקבות הבקשה האמורה, הנאשם ייצר מטען חבלה, אשר הורכב ממיכל שמפו גדול מלא בחומר נפץ, אשר הוסתר בתוך תיק שחור קשיח מבד (דומה לתיק "ג'יימס בונד"). כמו כן, הנאשם מילא את התיק הנ"ל באומים לצורך הגברת עוצמת הפגיעה של המטען. על-פי בקשתו של "צלאח 2", הנאשם הרכיב למטען החבלה הנ"ל מנגנון הפעלה אלחוטי, כך שמטען החבלה היה מופעל באמצעות מכשיר טלפון סלולרי.

.4 הנאשם מסר את מטען החבלה הנ"ל וכן שלושה מיכלי שמפו נוספים, מלאים בחומר נפץ, לידי "צלאח 2".

.5 "צלאח 2" העביר את מטען החבלה הנ"ל לידי אברהים ג'מיל ע/ע'אני חאמד, המכונה "צלאח 1" או "שיח'", ראש הזרוע הצבאית של ארגון החמאס באיזור רמאללה.

.6 אברהים חאמד פנה אל מחמד חסן אחמד ערמאן (מכונה "אבו מועאז") וביקש לאתר מקום בירושלים שבו ניתן לבצע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר. מחמד ערמאן פנה אל ואאל מחמוד מחמד-עלי קאסם, המכונה "אבו סעד", וביקש מהאחרון לאתר מקום מתאים לביצוע פיגוע תופת.

.7 לאחר מספר ימים, "אבו סעד" מסר למחמד ערמאן כי איתר מקום מתאים לביצוע פיגוע המוני והוא האוניברסיטה העברית בירושלים, קמפוס הר-הצופים. מחמד ערמאן דיווח אודות המקום שאותר לאברהים חאמד.

8. לצורך ביצוע פיגוע התופת המתוכנן, אברהים חאמד מסר למחמד ערמאן את מטען החבלה, אשר אותו ייצר הנאשם כאמור לעיל. מחמד ערמאן הוסיף אל מטען החבלה האמור את שלושת בקבוקי שמפו, המלאים בחומר נפץ, אותם קיבל "צלאח 2" מהנאשם.

9. לאחר מכן, מחמד ערמאן נסע ביחד עם וליד ע/עזיז ע/האדי אנג'אס לבית איכסא במטרה להעביר את מטען החבלה הנ"ל ל"אבו סעד" על מנת שאחרון ביחד עם חבריו יבצע באמצעותו את פיגוע התופת המתוכנן.

10. בבית איכסא מחמד ערמאן ווליד אנג'אס נפגשו עם "אבו סעד". השניים מסרו לידי "אבו סעד" את מטען החבלה הנ"ל יחד עם שני מכשירי טלפון סלולריים, כאשר מכשיר אחד היה מחובר למטען החבלה ושימש כמנגנון הפעלה.

11. ביום 28.07.02, "אבו סעד", ביחד עם מחמד אסחאק עודה, העבירו את מטען החבלה הנ"ל לירושלים. "אבו סעד" ומחמד עודה הכניסו את מטען החבלה הנ"ל אל תוך קמפוס הר-הצופים של האוניברסיטה העברית בירושלים. מחמד עודה הכיר היטב את המקום מכיוון שעבד שם בעבר ואף עשה שימוש בכרטיס עובד, אשר עדיין נשאר ברשותו, כדי להיכנס אל תוך הקמפוס האמור. מחמד עודה הניח את מטען החבלה הנ"ל בתוך הקפיטריה הנמצאת בבניין ע"ש פרנק סינטרה בקמפוס הנ"ל. לאחר מכן, "אבו סעד" ומחמד עודה ניסו להפעיל את מטען החבלה הנ"ל באמצעות מכשיר טלפון סלולרי, אך מטען החבלה לא התפוצץ עקב תקלה שבו. לאחר מכן, מחמד עודה חזר אל המקום שבו הניח את מטען החבלה הנ"ל, אסף את מטען החבלה וביחד עם "אבו סעד" נסע לבית איכסא.

12. לאחר מכן, ביום 29.07.02, מחמד ערמאן ווליד אנג'אס נפגשו שוב עם "אבו סעד". "אבו סעד" החזיר למחמד ערמאן את מטען החבלה הנ"ל. "אבו סעד" מסר כי הוא וחבריו הניחו את מטען החבלה הנ"ל באוניברסיטה העברית בירושלים, קמפוס הר-הצופים, בכוונה לפוצצו ולגרום למותם של אנשים רבים ככל האפשר, אך מטען החבלה הנ"ל לא התפוצץ. מחמד ערמאן ווליד אנג'אס העבירו את מטען החבלה הנ"ל לחרבתא בני חארס.

13. מחמד ערמאן תיקן את מטען החבלה הנ"ל, לאחר שבדק אותו וגילה כי יש בעיה עם חוטי החשמל.

14. יום למחרת, ביום 30.07.02, מחמד ערמאן נפגש שוב עם וליד אנג'אס וביחד עם האחרון העביר את מטען החבלה הנ"ל לבית איכסא.

15. בבית איכסא, מחמד ערמאן ווליד אנג'אס נפגשו עם "אבו סעד". מחמד ערמאן מסר לידי "אבו סעד" את מטען החבלה הנ"ל.

16. באותו הלילה, "אבו סעד" ומחמד אסחאק עודה לקחו את מטען החבלה הנ"ל לירושלים והסתירו אותו בין העצים בגן הבוטני בקמפוס הר-הצופים של האוניברסיטה העברית.

17. למחרת, ביום 31.07.02, "אבו סעד" ומחמד עודה נסעו שוב לקמפוס הר-הצופים של האוניברסיטה העברית. בעת ש"אבו סעד" המתין בחוץ, מחמד עודה נכנס אל תוך הקמפוס, אסף את מטען החבלה הנ"ל והניחו בקפיטריה הנמצאת בבניין ע"ש פרנק סינטרה בקמפוס הר-הצופים של האוניברסיטה העברית בירושלים. לאחר שמחמד עודה, בסמוך לשעה 13:30, עזב את שטח הקמפוס והצטרף אל "אבו סעד", "אבו סעד" הפעיל את מטען החבלה הנ"ל, אשר יוצר על-ידי הנאשם, באמצעות מכשיר טלפון סלולרי, וזאת בכוונה לגרום למותם של אנשים רבים ככל האפשר. "אבו סעד" ומחמד עודה בחרו לבצע את הפיגוע דווקא בסמוך לשעה 13:00 מאחר שלפי המידע שאסף מחמד עודה בקפיטריה הנ"ל בשעה האמורה יש ריכוז גדול של בני אדם.

18. במעשיו המתוארים לעיל, הנאשם הנ"ל גרם בכוונה למותה של **דפנה שפרוך ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה באוניברסיטה העברית, כפי שתואר לעיל.

P 7: 58

**<u>פרט שמונים ושמונה:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותה של **מרלה אן בנט ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

**<u>פרט שמונים ותשעה:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותה של **דינה קרטר ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

**<u>פרט תשעים:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותו של **בנימין תומאס בלוטשטיין ז"ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

**<u>פרט תשעים ואחד:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותה של **רויטל בראשי ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

<u>פרט תשעים ושניים:</u> (פ.א. 1197/02 שלם)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותו של **דוד (דיאגו) לדובסקי ז"ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

<u>פרט תשעים ושלושה:</u> (פ.א. 1197/02 שלם)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותה של **לוינא שפירא ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

<u>פרט תשעים וארבעה:</u> (פ.א. 1197/02 שלם)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותה של **ג'ניס רות קולטר ז"ל**, אשר נהרגה כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

<u>פרט תשעים וחמישה:</u> (פ.א. 1197/02 שלם)

<u>מהות העבירה:</u> גרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מס' 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מס' 225), תשכ"ח-1968.

<u>פרטי העבירה:</u> הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, גרם בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם בכוונה למותו של **דוד גריץ ז"ל**, אשר נהרג כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה.

**<u>פרט תשעים ושישה:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט האישום השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, ניסה לגרום בכוונה למותם של אזרחים רבים ככל האפשר. כתוצאה מפיצוץ מטען החבלה שהופעל כפי שתואר בפרט האישום השמונים ושבעה, נפצעו **81 בני אדם**.

**<u>פרט תשעים ושבעה:</u>** (פ.א. 1197/02 שלם)

**<u>מהות העבירה:</u>** היזק בזדון לרכוש, עבירה לפי סעיף 53ג לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיף 14(א) לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, הן באיזור והן מחוצה לו, ביום 31.07.02 או במועד הסמוך לכך, הרס רכוש או פגע בו במזיד ושלא כדין, דהיינו:
הנאשם הנ"ל, במועד האמור, במקום האמור בפרט השמונים ושבעה, במעשיו המתוארים בפרט האישום השמונים ושבעה, גרם נזק כבד לבניין ע"ש פרנק סינטרה בקמפוס הר-הצופים של האוניברסיטה העברית בירושלים, אשר בו הופעל מטען החבלה, כפי שתואר בפרט האישום השמונים ושבעה.

**<u>פרט תשעים ושמונה:</u>** (פ.א. 9638/02 ראשל"צ)

**<u>מהות העבירה:</u>** ניסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות ביטחון (יהודה והשומרון) (מסי 378), תש"ל-1970 וסעיפים 14(א) ו-19 לצו בדבר כללי האחריות לעבירה (יהודה והשומרון) (מסי 225), תשכ"ח-1968.

**<u>פרטי העבירה:</u>** הנאשם הנ"ל, בין באיזור ובין מחוצה לו, ביום 07.08.02 או במועד הסמוך לכך, ניסה לגרום בכוונה למותו של אחר, דהיינו:

1. הנאשם הנ"ל, בתחילת חודש אוגוסט 2002, ברמאללה או בסמוך לכך, נפגש עם סיד ע/כרים חדר שייך-קאסם, המכונה "צלאח 2", פעיל צבאי בארגון החמאס.

2. "צלאח 2" מסר לנאשם כי אברהים ג'מיל ע/עיאני חאמד, המכונה "צלאח 1" או "שיח'", מפקד הזרוע הצבאית של ארגון החמאס באיזור רמאללה, מבקש מהנאשם לייצר שני מטעני חבלה המוסתרים בתוך הקופסאות של ביסקוויטים - אחד המופעל באמצעות מכשיר טלפון סלולרי, והשני המופעל שלט רחוק, וזאת לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר. הנאשם הסכים לייצר את מטעני החבלה וזאת על מנת שישתמשו בהם לצורך ביצוע פיגוע תופת בכוונה לגרום למותם של אנשים רבים ככל האפשר.

3. בעקבות הבקשה האמורה, הנאשם ייצר שני מטעני חבלה, אשר הוסתרו בתוך קופסאות של ביסקוויטים. לאחד ממטעני החבלה הנאשם חיבר מנגנון הפעלה המורכב ממכשיר טלפון סלולרי, ואילו למטען החבלה השני הנאשם הרכיב מנגנון הפעלה כך שהמטען יופעל באמצעות שלט רחוק.

4. הנאשם מסר את מטעני החבלה הנ"ל לידי "צלאח 2". "צלאח 2" העביר את מטען החבלה הנ"ל לידי אברהים ג'מיל ע/עיאני חאמד, המכונה "צלאח 1" או "שיח'", ראש הזרוע הצבאית של ארגון החמאס באיזור רמאללה.