**Eighty-eighth count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Marla Anne Bennett**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Eighty-ninth count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Dina Carter**, who was killed as a result of the explosive device as described in the eighty-seventh count of the indictment.

**Ninetieth count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

[Stamp] P7: 59

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Benjamin Thomas Blutstein**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Ninety-first count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Revital Barashi**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

Prosecution case 380/03      34

[Stamp] P7: 59 [continued]

**Ninety-second count**: **(Detailed Incident 1197/02 Shalem)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late David (Diego) Ladowski**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Ninety-third count**: **(Detailed Incident 1197/02 Shalem)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Levina Shapira**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Ninety-fourth count**: **(Detailed Incident 1197/02 Shalem)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 60

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late Janis Ruth Coulter**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Ninety-fifth count: (Detailed Incident 1197/02 Shalem)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused the intentional death of **the late David Gritz**, who was killed as a result of the detonation of the explosive device as described in the eighty-seventh count of the indictment.

**Ninety-sixth count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense:** Attempt to cause intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (A) and 19 of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on July 31, 2002, or thereabouts, attempted to cause the intentional death of another person, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, attempted to cause the intentional death of as many civilians as possible. As a result of the detonation of the explosive device that was activated as described in the eighty-seventh count of the indictment, **81 people** were injured.

**Ninety-seventh count**: (Detailed Incident 1197/02 Shalem)

**Nature of the offense:** Malicious damage to property, an offense pursuant to Section 53C of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the Rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The aforementioned Defendant, both within the Area and elsewhere, on July 31, 2002, or thereabouts, destroyed or maliciously and unlawfully damaged property, as follows:

The above mentioned Defendant, at the time set forth, in the place set forth in the eighty-seventh count of the indictment, by his acts described in the eighty-seventh count of the indictment, caused heavy damage to the Frank Sinatra Building in the Mount Scopus campus of the Hebrew University in Jerusalem, in which an explosive device was activated as described in the eighty-seventh count of the indictment.

**Ninety-eighth count**: (Detailed Incident 9638/02 Rishon le Zion)

**Nature of the offense:** Attempt to cause intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Sections 14 (A) and 19 of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 61

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on August 7, 2002, or thereabouts, attempted to cause the intentional death of another person, as follows:

1. The above mentioned Defendant, in early August 2002, in Ramallah or thereabouts, met with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, known as Salah 2, a military operative in the Hamas Organization.

2. Salah 2 informed the Defendant that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ known as Salah 1 or ▮▮▮▮, the commander of the military arm of the Hamas Organization in the Ramallah area, had asked the Defendant to manufacture two explosive devices concealed inside biscuit boxes – one activated by cellular telephone handset and the other activated by remote control, for the purpose of carrying out a bombing attack with the intent of causing the deaths of as many people as possible. The Defendant agreed to manufacture the explosive devices in order for them to be used for the purpose of carrying out a bombing attack with the intent of causing the deaths of as many people as possible.

3. Following the said request, the Defendant manufactured two explosive devices, which were concealed inside biscuit boxes. To one of the explosive devices, the Defendant connected an activation mechanism consisting of a cellular telephone handset, while to the other explosive device, the Defendant attached an activation mechanism so that the device could be activated by remote control.

4. The Defendant delivered the above mentioned explosive devices to Salah 2. Salah 2 transferred the above mentioned explosive device to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, known as Salah 1, the head of the military arm of the Hamas Organization in the Ramallah area.

Prosecution case 380/03                           36

[Stamp] P7: 61 [continued]

5. In early august 2002, ▮▮▮▮▮ (known as ▮▮▮) met ▮▮ ▮▮▮▮▮ known as ▮▮▮, who asked to obtain an explosive device. ▮▮▮ explained that he intended to place the explosive device under a vehicle and detonate it with the intent of causing the deaths of as many Israeli civilians as possible.

6. ▮▮▮ turned to ▮▮▮ and asked to obtain an explosive device for the purpose of carrying out the planned attack. After a few days, in Ramallah or thereabouts, ▮▮▮ transferred an explosive device to ▮▮▮ which the Defendant had manufactured, as set forth above, which was activated by a cellular telephone handset.

7. On that same day, August 6, 2002, ▮▮▮ together with ▮▮▮ ▮▮▮, traveled to Beit Iksa while in possession of the above mentioned explosive device. In Beit Iksa, the two met with ▮▮▮ and transferred the above mentioned explosive device to him.

8. On the following day, August 7, 2002, ▮▮▮ and ▮▮▮ attached the above mentioned explosive device to a fuel tanker, license no. 3388300, which was parked in the Pisgat Ze'ev neighborhood in Jerusalem or thereabouts. After a few hours, at about 1:50 p.m., ▮▮▮ activated the above mentioned explosive device using a cellular telephone handset, with the intent of causing the deaths of as many people as possible. The device that was planted on the said fuel tanker exploded while the tanker was in a garage at 23 Shmotkin Street in Rishon le Zion.

9. As a result of the detonation of the above mentioned explosive device, damage was sustained by the fuel tanker, and only by a miracle was nobody hurt.

**Ninety-ninth count: (Detailed Incident 19284/02 Yarkon)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on September 19, 2002, or thereabouts, caused the intentional death of another person, as follows:

1. The above mentioned Defendant, in early September 2002 or thereabouts, in Ramallah or thereabouts, met ▮▮▮, known as Salah 2, a military operative in the Hamas Organization.

[Stamp] P7: 62

2. Salah 2 asked the Defendant to make two explosive belts for the purpose of carrying out a suicide attack with the intent of causing the deaths of as many people as possible. The Defendant agreed to manufacture the explosive belts in order for them to be used for carrying out a suicide attack with the intent of causing the deaths of as many people as possible. Following the said request, the Defendant manufactured two explosive belts.

3. The Defendant delivered the above mentioned explosive belts to Salah 2, who had them transferred through ▮▮▮▮▮ to ▮▮▮▮▮ a military operative in the Hamas Organization, for the purpose of carrying out the planned suicide attack.

4. In late July 2004, ▮▮▮▮▮ called ▮▮▮▮▮ and asked to arrange a meeting between ▮▮▮▮▮ known as ▮▮ and a person known as ▮▮ ▮▮▮▮▮ explained that the said meeting was intended for the purpose of carrying out a suicide attack, which the above mentioned ▮▮ was supposed to carry out. ▮▮▮▮▮ called ▮▮ and informed him where and how he must meet ▮▮ ▮▮. After two days, ▮▮ reported that ▮▮▮▮▮ did not arrive to the arranged meeting.

5. Immediately after the above mentioned conversation, ▮▮▮▮▮ returned to Ramallah and met ▮▮▮▮▮ and reported to the latter that the scheduled meeting had not taken place. At the end of the above mentioned meeting, ▮▮▮▮▮ called ▮▮▮▮▮ known as ▮▮▮▮▮

Prosecution case 380/03                     37

[Stamp] P7: 62 [continued]

6. After a few days, ▮▮▮▮ met ▮▮▮▮ again, who asked to arrange another meeting between ▮▮ and ▮▮▮▮.

7. After about a week, ▮▮▮▮ requested that if ▮▮▮▮ should not show up at the said meeting, ▮▮▮▮ would take responsibility for ▮▮ and the second suicide terrorist, ▮▮▮▮.

8. After the above mentioned conversation, ▮▮▮▮ met ▮▮▮▮ in Ramallah and asked the latter to find a place within the Israel that would be suitable for carrying out a suicide attack. ▮▮▮▮ made it clear to ▮▮▮▮ that he would have to lead two suicide terrorists to the place that he would find in order for them to carry out a bombing attack there with the aim of causing the deaths of as many people as possible. ▮▮▮▮ agreed, but contended that it would take time to find a place where a double suicide attack could be carried out. During the above mentioned conversation, ▮▮▮▮ reported that he had rented an apartment in Dahiat Al-Barid.

11. ▮▮ informed ▮▮▮▮ that he had learned from ▮▮▮▮ about a large banquet hall, Whitehall, in Or Yehuda. ▮▮ suggested that he and ▮▮▮▮ carry out the suicide attack in the above mentioned banquet hall, after first shooting with weapons at the occupants of the banquet hall and then detonating the explosive belts that they would be carrying on their persons, with the intent of causing the deaths of as many people as possible. ▮▮▮▮ agreed to the above mentioned idea and sent ▮▮▮▮ to inspect the above mentioned banquet hall. ▮▮▮▮ traveled to the above mentioned banquet hall and reported that the planned attack could not be carried out there because of the large number of security guards who were posted at the site.

12. ▮▮▮▮ reported to ▮▮▮▮ concerning his activity that had been carried out for the purpose of carrying out the planned suicide attack. ▮▮▮▮ asked ▮▮▮▮ to obtain two explosive belts and two small weapons for the purpose of carrying out the planned suicide attack. ▮▮▮▮ promised to see to the explosive belts and the weapons.

13. After a few days, ▮▮▮▮ and ▮▮▮▮ obtained two explosive belts that the Defendant had manufactured as set forth above, and two Uzi submachine guns with magazines filled with cartridges.

[Stamp] P7: 63

14. Thereafter, ▮ met ▮ and informed the latter that the explosive belts were ready and he could depart to carry out the planned suicide attack along with his cousin, ▮. ▮ responded that he himself was prepared to carry out the suicide attack as soon as possible, but ▮ was not ready to carry out the planned suicide attack, because his sister was in the USA and he wanted to wait until she returned to the Area.

15. ▮ turned to ▮ again and asked to act urgently to find a suitable place to carry out the planned suicide attack. After a few days, ▮ reported that he had found a place in Tel Aviv that was suitable for carrying out the planned suicide attack.

16. On September 17, 2002, or thereabouts, ▮ met ▮ in the safe-house apartment in A-Ram and explained to the latter how to put on and how to activate the explosive belt. ▮ stayed in the above mentioned apartment with ▮ until September 18, 2002.

17. On September 19, 2002, ▮ departed from Ramallah to carry out the planned suicide attack, while carrying one of the suicide belts on his person, which the Defendant had manufactured as set forth above.

Prosecution case 380/03                 38

[Stamp] P7: 63 [continued]

18. ▇▇▇ transported ▇▇ to Tel Aviv in his vehicle. Upon arriving in Tel Aviv, ▇▇ ▇▇ instructed ▇▇ to explode where there were many people, so that the explosion would cause the deaths of as many people as possible.

19. At about 12:55 p.m., on September 19, 2002, or thereabouts, ▇▇ boarded Dan bus no. 4, license no. 9105201, at 94 Allenby Street in Tel Aviv. As soon as the above mentioned bus started to move, ▇▇ activated the explosive belt that the Defendant had manufactured, which he was carrying on his person, and caused a strong explosion, with the intent of causing the deaths of as many people as possible. The suicide terrorist, ▇▇▇▇▇ ▇▇▇ known as ▇▇ was killed as a result of the detonation of the above mentioned explosive device.

20. As a result of the explosion of the suicide terrorist with the above mentioned explosive device, six people were killed, as described in the following counts of the indictment.

21. As a result of the explosion of the suicide terrorist with the said explosive device, many other people were injured, as will be described in the following counts of the indictment.

22. As a result of the explosion of the suicide terrorist with the said explosive device, extensive damage was sustained by the above mentioned bus, by the vehicles that were near the site of the explosion and by nearby stores.

23. By his acts described above, the Defendant caused the intentional death of **the late Yossi Mamistavlov**, aged 39 at the time of his death, who was killed as a result of the explosion of the explosive device as set forth above.

**One hundredth count**: **(Detailed Incident 19284/02 Yarkon)**

**Nature of the offense:** Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense:** The above mentioned Defendant, both in the Area and elsewhere, on September 19, 2002, or thereabouts, caused the intentional death of another person, as follows:

[Stamp] P7: 64

The above mentioned Defendant, by his acts described in the ninety-ninth count of the indictment, caused the intentional death of **the late Ofer Zinger**, aged 39 at the time of his death, who was killed as a result of the explosion of the suicide terrorist with the explosive device on the bus, license no. 9105201, Dan line no. 4, on Allenby Street in Tel Aviv, as described in the ninety-ninth count of the indictment.

**One hundred first count**: **(Detailed Incident 19284/02 Yarkon)**

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on September 19, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the ninety-ninth count of the indictment, caused the intentional death of **the late Rosanna Siso**, aged 63 at the time of her death, who was killed as a result of the explosion of the suicide terrorist with the explosive device on the bus, license no. 9105201, Dan line no. 4, on Allenby Street in Tel Aviv, as described in the ninety-ninth count of the indictment.

Prosecution case 380/03                    39

[Stamp] P7: 64 [continued]

**One hundred second count**: (Detailed Incident 19284/02 Yarkon)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on September 19, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the ninety-ninth count of the indictment, caused the intentional death of **the late Yaffa Shem-Tov**, aged 49 at the time of her death, who was killed as a result of the explosion of the suicide terrorist with the explosive device on the bus, license no. 9105201, Dan line no. 4, on Allenby Street in Tel Aviv, as described in the ninety-ninth count of the indictment.


**One hundred third count**: (Detailed Incident 19284/02 Yarkon)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

**Details of the offense**: The above mentioned Defendant, both in the Area and elsewhere, on September 19, 2002, or thereabouts, caused the intentional death of another person, as follows:

The above mentioned Defendant, by his acts described in the ninety-ninth count of the indictment, caused the intentional death of **the late Solomon Hoenig**, aged 79 at the time of his death, who was killed as a result of the explosion of the suicide terrorist with the explosive device on the bus, license no. 9105201, Dan line no. 4, on Allenby Street in Tel Aviv, as described in the ninety-ninth count of the indictment.


**One hundred fourth count**: (Detailed Incident 19284/02 Yarkon)

**Nature of the offense**: Causing intentional death, an offense pursuant to Section 51 (A) of the Security Provisions Order (Judea and Samaria) (No. 378), 5730-1970, and Section 14 (A) of the rules of Liability for an Offense Order (Judea and Samaria) (No. 225), 5728-1968.

[Stamp] P7: 65