PLAINTIFF'S EXHIBIT 477

1

 

## Israel Police Force

*Judea and Samaria District*
*Hostile Terror Acts*
*62/02*
*625/02*
*6/20*

National Headquarters
Policing and Security Division
Ballistics Laboratory Division
National Police Headquarters
Telephone: 02-5308987-8
Printed on: July 1, 2002
Ballistics File/23  00344/02

### Expert Professional Opinion

Ref: Evidence Ordinance (New Version) 5731-1971

Name of Expert: Ariel Yaari
Address: National Police Headquarters/Ballistics Division, Jerusalem

I, the undersigned, was commissioned by a Jerusalem District minorities group to provide my professional opinion with regard to the following issue: examination of the exhibits in the investigation carried out by the Zion Precinct investigations unit, File No: PA 00625/02-4.

I hereby give this opinion in place of testimony given in Court, and I hereby declare that I am well aware of the provisions of criminal law concerning false testimony given in Court, and the validity of this opinion, when signed by me, is as evidence given in Court.

**Details of my qualifications:**

1) Graduate of a police explosives course, 1994.
2) Graduate of Jerusalem District Bomb Squad Electricity and Electronics course, 1996.
3) Graduate of Ministry of Labor explosives supervisor course, 1997.
4) Graduate of Senior Bomb Disposal course, 1998.
5) Graduate of Ballistics Laboratory staff course, 1999.

**Professional Experience:**

1) Certified explosives expert with Jerusalem District Bomb Squad, since 1994.

[Stamp] P 8: 236

2) Senior explosives expert with Jerusalem District Bomb Squad, since 1996.
3) Member of Jerusalem District Ballistics Laboratory staff, since 2001.

**My Opinion**:

On January 27, 2002, at about 12:25 p.m., I was called by the Jerusalem District bomb squad to #50 Jaffa Road Jerusalem, to examine the circumstances of an explosion that occurred there.

[Stamp] P 8: 236 [continued]

2

At the bombing crime scene, I identified extensive damage to stores and shop windows, multiple shrapnel impact damage and the remains of human bodies strewn about in the adjacent road and sidewalk.

The following exhibits were gathered at the scene of the incident:

1. Various pieces of cloth.
2. Various pieces of plastic.
3. Various pieces of metal.
4. The remnants of an electromechanical clock .
5. The remnants of a cellular phone.
6. The remains of various electric conductors.
7. Batteries and various remains of batteries.
8. Nails, various bolts and nuts.

I bagged the exhibits in plastic packets and marked them "A.Y. Bombing 137, Zion Precinct, January 27, 2002", and they were taken to the laboratory for further examination.

Samples from Exhibits Nos. 2 and 8 above were sent for testing at an analytic lab on January 28, 2002.

A sample from Exhibit No. 1 above was sent for testing at an analytic lab on January 31, 2002; another sample from the same source was sent for testing on February 4, 2002.

The exhibits and test results were returned from the analytic lab on February 25, 2002.

A scrap of black leather from Exhibit No. 1 above was sent for testing at a documents laboratory on January 29, 2002. I returned the exhibit and lab results to the ballistics lab on the same day.

[Stamp] P 8: 237

## Test Results

1. Investigation of the bombing crime scene and of the exhibits indicate that an improvised explosive device, carried on the body of a female terrorist, exploded on the sidewalk next to the window of a shoe store at #50 Jaffa Street in Jerusalem.

2. Bombing crime scene findings -

    A. At the bombing crime scene I identified severe damage caused by the blast to the nearby stores, shop windows and the windows of nearby buildings.

    B. Multiple shrapnel damage marks were found on the sidewalk and on the nearby walls, doorframes and shop window frames.

    C. Based on the findings at the bombing crime scene, I identified the center of the blast, some ten centimeters above the sidewalk, next to the shop window of the adjacent shoe store.

[Stamp] P 8: 237 [continued]

3

D. Based on the findings on the remains of the terrorist's body, it appears that the blast occurred close to the torso.

3. Structure of the bomb -

   A. **Primary material -**

   From my investigation at the scene of the blast and of the exhibits, it appears that the explosive charge contained detonating explosive material.

   Due to the lack of findings, I am unable to specify the exact type or quantity.

   B. **Detonating system -**

   Exhibit No. 4 above contains the remnants of an electromechanical clock which has evidence of blast damage on it, and which was possibly close to the explosive device.

   This type of electromechanical clock can be used as a detonating system for an explosive device: however due to lack of findings, I am unable to determine whether it was used in this explosive device.

   C. **Detonator -**

   No remains of a detonator/s were found at the bombing crime scene.

   D. **Power source -**

   No remains of a power source were found at the bombing crime scene or among the exhibits.

   E. **Shrapnel -**

   Steel nails, some of which were cut shorter, were used in the explosive device as shrapnel.

   F. **Camouflage -**

   A scrap of black leather found among the exhibits had marks on it indicating that it was near the center of the blast, and it is likely that it was part of a bag which contained the explosive device.

[Stamp] P 8: 238

4. The force of this type of improvised explosive device is able to cause death when it explodes.

5. Photographs of the bombing crime scene and of the exhibits, which I marked "A.Y. Crime Scene 00344/02" are attached hereto.

6. The exhibits are in a heat-sealed plastic bag marked: "A.Y. Crime Scene 00344/02" and are enclosed herewith.

[Signature]
Sergeant Major Ariel Yaari
Ballistics Laboratory, National Police Headquarters

[Stamp] P 8: 238 [continued]

- 4 -



General view of the bombing crime scene.

Ballistics Laboratory
*A.Y.*
*Crime Scene 00344/02*



Overhead view of the blast site.

[Stamp] P 8: 239

- 5 -



Damage next to shoe store

Ballistics Laboratory
*A.Y.*
*Crime Scene 00344/02*



Damage to store fronts



Shrapnel damage

[Stamp] P 8: 240

– 6 –



Remnants of electromechanical clock

Nails

Remnants of what appears to be a black bag

[Stamp] P 8: 241

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARK I. SOKOLOW, *et al.*,

            Plaintiffs,

vs.

THE PALESTINE LIBERATION
ORGANIZATION, *et al.*,

            Defendants.

No. 04 Civ. 00397 (GBD) (RLE)

## DECLARATION OF RINA NE'EMAN

Rina Ne'eman hereby certifies as follows:

1. The attached translation from Hebrew to English is an accurate representation of the document received by Rina Ne'eman Hebrew Language Services, to the best of my knowledge and belief. The document is designated as P8: 236-241.

2. I am a professional translator with a B.A. in International Relations from the Hebrew University of Jerusalem (Israel) and 30 years of translation experience. I am fluent in Hebrew and English, and I am qualified to translate accurately from Hebrew to English.

3. To the best of my knowledge and belief, the accompanying text is a true, full and accurate translation of the Hebrew-language document bearing the bates number, P8: 236-241.

                                                                                          _____
                                                                                           Rina Ne'eman

ss.: New Jersey

On the 28] day of February, 2014 before me, the undersigned, personally appeared Rina Ne'eman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is signed to this Declaration and acknowledged to me that he executed the same in his capacity, and that by his signature on this Declaration, the individual executed the Declaration.

Sworn to me this
28 day of February, 2014

_____
Notary Public

MIRUT J MHRETE
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 7, 2015
I.D.# 2360704




משטרת ישראל

המטה הארצי
אגף השיטור והביטחון
מדור מעבדות חבלה
שלוחת מטא"ר
טלפון 02-5308987-8
ת. הדפסה 01-07-02
תיק זב/23 00344/02

מתח ש"י פתח
62/02
625/02
6120

------------------------
חוות דעת של מומחה
------------------------

סימוכין : פקודת ראיות (נוסח חדש) . תשל"א – 1971

שם המומחה : אריאל יערי
מ ע נ ו : המטה הארצי/מחלקת החבלה, ירושלים.

אני החתום מטה, נתבקשתי ע"י מיעוטים מחוז ירושלים לחוות את דעתי
המקצועית בשאלה דלקמן : בדיקת מוצגים בחקירה שהתנהלה ע"י יחידת המשטרה
תחנת ציון תיק מספר : פ"א 4-02/00625.

אני נותן את חוות דעתי זו במקום עדות בבית משפט . ואני מצהיר בזאת כי ידוע לי
היטב, שלעניין הוראות דיני העונשין בדבר עדות שקר בבית משפט , דין חוות דעתי
זו כשהיא חתומה על - ידי, כדין עדות בבית משפט.

פרטי השכלתי הם : 1) בוגר קורס חבלה משטרתי משנת 1994.
- - - - - - - - - - - 2) בוגר קורס חשמל ואלקטרוניקה לחבלני מ"י משנת 1996.
3) בוגר קורס ממונה על פיצוצים של משרד העבודה משנת 1997.
4) בוגר קורס חבלנים בכירים משנת 1998.
5) בוגר קורס צוותי הפעלה מעבדת חבלה משנת 1999.

ניסיוני המקצועי : 1) חבלן מוסמך במחלקת החבלה של מ"י משנת 1994.
- - - - - - - - - - - 2) חבלן מתקדם במחלקת החבלה של מ"י משנת 1996.
3) איש צוות מעבדת החבלה של מ"י משנת 2001.

חוות דעתי :
- - - - - - -
בתאריך 27/01/02 בשעה 12:25 לערך, זומנתי על ידי יחידת חבלה מחוז ירושלים אל
רחוב יפו מספר 50 בירושלים לבדוק נסיבות פיצוץ שאירע במקום.

בזירת האירוע, הבחנתי בנזק נרחב לחנויות וחלונות ראוה, בפגיעות רסס רבות ובשרידי גופות אדם המצויות על הכביש הסמוך והמדרכה.

מזירת האירוע נאספו המוצגים הבאים:

1. פיסות בד שונות.
2. פיסות פלסטיק שונות.
3. פיסות מתכת שונות.
4. שרידי שעון אלקטרומכני.
5. שרידי מכשיר טלפון סלולארי.
6. שרידי מוליכים חשמליים שונים.
7. סוללות ושרידי סוללות שונות.
8. מסמרים, ברגים שונים ואומים.

המוצגים נארזו בשקיות פלסטיק, שסומנו על ידי "א.י. ארוע 137 ת. ציון 27-1-02" ונלקחו להמשך הבדיקות במעבדה.

דגימות ממוצגים מס' 2 ו- 8 לעיל הועברו לבדיקה במעבדה אנליטית בתאריך 28-01-02.
דגימה ממוצג מס' 1 לעיל הועברו לבדיקה במעבדה האנליטית בתאריך 31-01-02, דגימה נוספת מאותו מקור הועברה לבדיקה בתאריך 04-02-02.

המוצגים ותוצאות הבדיקה התקבלו חזרה מהמעבדה האנליטית בתאריך 25-02-02.

פיסת עור בצבע שחור שנמצאה במוצג מס' 1 לעיל הועברה לבדיקה במעבדת מסמכים בתאריך 29-01-02. המוצג ותוצאות הבדיקה הוחזרו על ידי אל מעבדת חבלה באותו היום.

## תוצאות הבדיקה

1. מבדיקת זירת האירוע והמוצגים עולה כי ברחוב יפו מספר 50 בירושלים על המדרכה, בסמוך לחלון הראוה של חנות נעליים התפוצץ מטען חבלה מאולתר שנישא על גופה של מחבלת.

2. אפקטים בזירה -

א. בזירת האירוע הובחנו על ידי פגיעות הדף אשר גרמו לנזק כבד לחנויות הסמוכות, חלונות ראוה וזגוגיות מבנים.

ב. סימני פגיעות רסס רבות הובחנו על המדרכה, קירות ומשקופי הדלתות וחלונות הראוה הסמוכים.

ג. על פי האפקטים בזירת האירוע, מוקד הפיצוץ הובחן על ידי בגובה של מספר עשרות סמ' מעל המדרכה, בסמוך לחלון הראוה של חנות נעליים סמוכה.

P 8: 237

3

ד. על פי האפקטים בשרידי גופת המחבלת נראה כי הפיצוץ אירע בצמוד לפלג גופה המרכזי.

3. מבנה מטען החבלה-

א. **חומר עיקרי-**

מבדיקת זירת האירוע והמוצגים נראה כי במטען החבלה נעשה שימוש בחומר נפץ בעל תכונות מרסקות.
עקב חוסר בממצאים אין באפשרותי לציין את סוגו המדויק וכמותו.

ב. **מערכת הפעלה-**

מוצג מספר 4 לעיל הינו שרידי שעון אלקטרומכאני אשר ניכר עליו שנפגע מפיצוץ ויתכן אף שהיה בסמוך למטען החבלה.

שעון אלקטרומכאני כדוגמת זה יכול לשמש כמערכת הפעלה למטען חבלה, אולם עקב חוסר בממצאים אין באפשרותי לקבוע האם שימש במטען חבלה זה.

ג. **יזם-**

בזירת האירוע ובין המוצגים לא נמצאו שרידי יזם/ים.

ד. **מקור מתח-**

בזירת האירוע ובין המוצגים לא נמצאו שרידי מקור המתח.

ה. **רסס-**

כרסס במטען החבלה שימשו מסמרי מתכת, חלקם קצוצים.

ו. **הסוואה-**

בין המוצגים נמצאה פיסת עור בצבע שחור אשר ניכר עליה כי נמצאה בסמוך למוקד הפיצוץ, ולא מן הנמנע כי הינה חלק מתיק אשר הכיל את מטען החבלה.

4. בכוחו של מטען חבלה מאולתר מסוג זה לגרום למוות בעת התפוצצותו.

5. תצלומי זירת האירוע ותצלומי המוצגים מסומנים על ידי : "א.י ז.ב 00344/02" ומצ"ב.

6. המוצגים נתונים בשקית פלסטיק אטומה בחום מסומנת :"א.י ז.ב 00344/02 ומצ"ב.

אריאל יערי,   רס"מ
מעבדת חבלה מטא"ר



- 5 -



נזקים לצד חנות הנעליים



נזקים לחזית החנויות



פגיעות רסס

P 8: 240

