

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
23rd Floor
New York, NY 10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Gassan A. Baloul
gassan.baloul@squirepb.com

May 21, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**RE:**   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*, Docket No. 04-CV-397 (GBD)(RLE) Opposition to Plaintiffs' May 20, 2015 Letter

Dear Judge Daniels:

      I write on behalf of the Palestinian Authority and Palestine Liberation Organization in response to Plaintiffs' May 20, 2015 letter. Plaintiffs' suggestion that Defendants seek to "create a false record" has no basis in fact and inexplicably fails to disclose to the Court important related contemporaneous filings under seal that were served on Plaintiffs. Defendants' May 13, 2015 filing was designed to ensure that the Second Circuit has a complete record in the event of an appeal, and it followed informal discussions with the Clerk of the Southern District of New York about the appropriate manner to file the exhibits. *See* Fed. R. App. P. 10(a)(1) (noting that the record includes "exhibits *filed* in the district court" (emphasis added)). The filing was designed to ensure completeness of the record by including exhibits that were admitted (as well as certain exhibits proposed to the Court) in order to preserve all potential issues for appeal.

      Plaintiffs inappropriately accuse Defendants of omitting many of Plaintiffs' admitted trial exhibits. Doc. 915 at fn. 1. The vast majority of these exhibits were filed under seal on May 13, 2015.[1] *See* Doc. 905. On that same date, Defendants sent Plaintiffs a CD-ROM with those sealed exhibits. An index describing such exhibits was also included, and was separately sent by email as a courtesy to Plaintiffs. Defendants do not understand why Plaintiffs pretend that these exhibits have been omitted from the record in light of their receipt of these filings.

---

[1] *E.g.*, Plaintiffs Trial Exs. 1, 3, 6, 8, 9, 14, 15, 17, 19, 20, 22, 23, 26, 36B, 36C, 39, 40, 41, 42, 48, 49, 51, 58, 60, 61, 62, 63, 64, 66, 71, 72, 73, 75, 76, 83, 84, 85, 86, 87, 88, 89, 95, 96, 104, 105, 106, 108, 109, 113, 116, 127, 129, 130, 131, 132, 133, 135, 136, 139, 140, 142, 143, 146, 147, 148, 151, 153, 157, 159, 162, 164, 165, 414, and 417.

44 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

      But, of course, if Plaintiffs truly believe that something is lacking, they retain the right to file any omitted exhibit for completeness of the record. That is the appropriate remedy, not striking proper exhibits or wasting the Court's time with such matters.

      Plaintiffs also mischaracterize Defendants' filing, which never indicated that the defense exhibits were admitted at trial (nor will Defendants argue to the Second Circuit that exhibits that were not admitted actually were). Defendants' trial exhibit list appended to the Joint Pre-Trial Order included 69 trial exhibits, and Defendants subsequently sought to introduce an additional 10 exhibits. Again, if, in light of this filing, Plaintiffs believe that they need to file additional exhibits to ensure completeness of the record, they remain free to do so.

      Defendants accordingly respectfully request that the Court deny Plaintiffs' motion to strike.

      Respectfully submitted,

      Squire Patton Boggs (US) LLP

      Gassan A. Baloul

cc: All ECF Counsel