

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
23rd Floor
New York, NY 10112

O    +1 212 872 9800
F    +1 212 872 9815
squirepattonboggs.com

Gassan A. Baloul
gassan.baloul@squirepb.com

July 17, 2015

Honorable George B. Daniels
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Room 1310
500 Pearl Street
New York, NY 10007-1312

Re:   Motion for Conference Regarding Plaintiffs' Unauthorized Sur-reply; *Sokolow v. Palestine Liberation Organization, et al.*, No. 1:04-cv-0397 (GBD)

Dear Judge Daniels,

On behalf of the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO"), we write to reply briefly to this afternoon's letter (Dkt. #933) from Plaintiffs' counsel, Mr. Yalowitz, in opposition to our July 16, 2015 letter application (Dkt. #932). Our letter application sought relief with respect to Plaintiffs' unauthorized and untimely sur-reply papers (Dkt. ##928-931), which Plaintiffs filed on July 13 in opposition to the PA and PLO's Rule 62 Motion to Stay and to Waive the Bond Requirement (Dkt. #904).

Mr. Yalowitz's letter entirely evades the substance of our letter application. *First*, Plaintiffs merely applied for an order to show cause ("OSC"), but the Court did not issue the requested OSC. An unapproved OSC application is not a substitute for the Court authorization that Your Honor requires before a sur-reply may be filed. *See* Dkt. #932 at 1, 3. *Second*, Plaintiffs' OSC application— like the Rule 62 Opposition brief on which it rested—sought to do no more than oppose Defendants' request to waive the bond requirement. *See id.* at 3. As such, Plaintiffs' OSC application was not in substance a true cross-motion. *Id. Third*, even if Plaintiffs' OSC application were deemed notice of a true cross-motion, then Plaintiffs' reply in support of such a cross-motion would have been due on June 22—not on July 13. *Id.* The Court did not enter an OSC setting any different reply date. *See* Dkt. #933-1, at 4 (proposed OSC, seeking a date for "reply papers, if any"). *Fourth*, but most importantly, Mr. Yalowitz does not dispute the demonstrated prejudice to the PA and the PLO from Plaintiffs' belated and unauthorized submission of two highly-flawed and inflammatory expert reports, along with additional legal briefing, to which Defendants cannot comprehensively respond in advance the July 28 oral argument. *See* Dkt. #932, at 3-5.

The PA and PLO accordingly respectfully request that the Court afford the relief sought in our July 16 letter application (at 1, 5).

44 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

July 17, 2015

Respectfully submitted,

Gassan A. Baloul

cc: All Counsel