UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK I. SOKOLOW, et al.,                    :

                              Plaintiffs,   :

        -against-                           :

PALESTINE LIBERATION ORGANIZATION           :
and PALESTINIAN AUTHORITY,                   :

                              Defendants.   :

                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 4 2015
```

ORDER
04 Civ. 397 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendants renew their motion to dismiss for lack of personal jurisdiction, and, in the

alternative, move for judgment as a matter of law or new trial under Federal Rules of Civil

Procedure 50(b) and 59.

*Personal Jurisdiction*

This Court has considered several times the issue of personal jurisdiction over

Defendants, and it has reviewed the cases cited by Defendants from the United States District

Court for the District of Columbia.[1]   This Court's position remains unchanged.   For the reasons

articulated in this Court's memorandum decision and order, dated December 1, 2014, and at the

oral argument, dated July 28, 2015, Defendants' "renewed motion to dismiss" for lack of

personal jurisdiction is denied.   (*See* Memorandum Decision and Order, ECF No. 657.)

_____

[1] *See Safra v. Palestinian Auth.*, No. CV 14-669 (CKK), 2015 WL 567340, at *1 (D.D.C. Feb. 11, 2015);
*Livnat v. Palestinian Auth.*, No. CV 14-668 (CKK), 2015 WL 558710, at *1 (D.D.C. Feb. 11, 2015);
*Estate of Esther Klieman v. Palestinian Auth.*, No. 04-1175, 2015 U.S. Dist. LEXIS 25167, at *1
(D.D.C. Mar. 3, 2015).

1

### *Sufficiency of the Evidence*

Defendants also move for judgment as a matter of law under Rule 50(b), arguing that Plaintiffs failed to meet their burden at trial. A "district court can grant the motion only if after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, it finds that there is insufficient evidence to support the verdict." *Fabri v. United Tech. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004) (citation omitted). The jury in this case had "a legally sufficient evidentiary basis to find" Defendants liable for the six attacks at issue. *See* Fed. R. Civ. P. 50(a)(1).

Defendants argue that judgment as a matter of law is appropriate because the Antiterrorism Act, 18 U.S.C. §§ 2331, *et. seq.*, does not allow for respondeat superior liability. This Court addressed this issue in connection with Defendants' motion for summary judgment and rejected Defendants' argument. Again, this Court's position remains unchanged. (*See* Order, ECF No. 646, at 9-11.)

Having reviewed the testimony and evidence admitted in support of Plaintiffs' claims that Defendants provided material support and resources to the terrorists and terror groups who committed the six attacks at issue in this case, and that employees of the Palestinian Authority committed or supported five of those six attacks within the scope of their employment, this Court holds that the evidence is legally sufficient under Rule 50.

### *Evidentiary Rulings*

Defendants also move for new, separate trials under Rule 59, arguing that there were substantial errors during trial that created unfair prejudice to Defendants. "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously

2

erroneous result or the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as

against the weight of the evidence." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003)

(citations and internal punctuation omitted); *see also Ricciuti v. N.Y. City Transit Auth.*, 70 F.

Supp. 2d 300, 305 (S.D.N.Y. 1999) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d

124, 133–34 (2d Cir.1998)) ("A court considering a Rule 59 motion for a new trial must bear in

mind, however, that the court should only grant such a motion when the jury's verdict is

egregious.").

First, Defendants argue that this Court allowed Plaintiffs to present improper expert

testimony.  The testimony of Plaintiffs' experts Israel Shrenzel and Alon Eviatar complied with

both Federal Rule of Evidence 702 and the requirements under *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).   Moreover, Defendants were given ample

opportunity to cross examine both experts, and the jury charge included an expert witness

instruction that stated in part:

> You may give the expert testimony whatever weight, if any, you find it deserves in
> light of all the evidence in this case.   You should not, however, accept an expert's
> opinion testimony merely because he or she is an expert.   Nor should you
> substitute it for your own reason, judgment, and common sense.   The
> determination of the facts in this case rests solely with you.

(Tr. 3881:7-13 (Feb. 20, 2015).)

Second, Defendants argue that this Court admitted evidence that was more prejudicial

than probative under Federal Rule of Evidence 403, without allowing Defendants to admit

evidence that provided context and lessened the prejudice.  Nearly every piece of evidence was

objected to in this trial.  This Court considered Defendants' objections to almost every category

of evidence and document and carefully engaged in the Rule 403 analysis.  The documents that

3

Defendants deem unduly prejudicial—namely, "circulars, television clips, photographs, and 'police magazines'"—were determined by this Court to be both relevant and more probative than prejudicial. (*See* Defendants' Memorandum, ECF No. 896, at 19.)   Defendants argue further that this Court "compounded this error" by limiting Defendants' ability to highlight "the political and social context" at the time.  (*See id.* at 21.)   While Defendants concede that this Court "did not preclude all testimony on these subjects," it argues more evidence of "the Palestinian perspective on the Israeli occupation" was proper "to understand the PA's actions."  (*See id.* at 22.)   As this Court stated multiple times during the course of this trial, this case was not about the "Israeli-Palestinian conflict."   Thus, evidence of the nature that Defendants describe was improper and it was accordingly excluded.

### *Separate Trials*

Third, Defendants argue that the six attacks should have been tried separately.  The jury charge included a specific instruction that the six attacks should be treated separately.  In addition, the verdict form was organized in such a way that it was clear that liability as to each defendant should be assessed on an attack-by-attack basis.  This Court considered carefully the issue of prejudice when it first denied Defendants' motion for separate trials.  The jury rendered a separate, specific verdict as to each plaintiff regarding each terrorist attack.  (*See* Tr. 3925:12-3937:22 (Feb. 23, 2015).)   There was no "spillover prejudice" to Defendants as a result of trying the six attacks in one trial.

### *Jury Instructions*

Fourth, Defendants argue that the jury instruction on agency was inaccurate and that the jury instructions were unable to cure improper statements of the law by Plaintiffs' counsel.  "A

4

jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury of the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994) (citations omitted).  Defendants must show that "they were prejudiced by the error." (*Id.*) Defendants' arguments in this regard were previously raised during conferences at which the parties addressed the proposed jury instructions with the Court.  This Court considered Defendants' arguments regarding the proper agency instruction, and, after considering proposals from both sides, included the final language. (*See* Tr. 3859:6-3867:2 (Feb. 20, 2015) (discussion regarding agency instruction); *see id.* 3897:12-3899:17 (final agency instruction).) To the extent Defendants argue that Plaintiffs' counsel misstated the law in closing, this Court instructed the jury as follows: "You must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow." (*Id.* 3871:19-3872:2.)

Finally, Defendants argue that Plaintiffs should not have been able to present to the jury proposed damages awards.  In ruling that Plaintiffs could suggest specific dollar amounts for non-economic damages, this Court carefully considered the Second Circuit's decision in *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997), which leaves this determination "to the discretion of the trial judge." *Id.*  Moreover, this Court required that Plaintiffs share with Defendants the figures they would suggest to the jury before doing so. Ultimately, the jury provided an award in an amount less than that proposed by Plaintiffs' counsel in his closing statement.  This Court instructed the jury regarding the amounts suggested by Plaintiffs' counsel as follows:

During his closing remarks, counsel for Plaintiffs suggested a specific dollar

amount to be awarded to Plaintiffs.   An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of Plaintiffs' damages.   The determination of damages is solely for you, the jury, to decide.

(Tr. 3904:10-16 (Feb. 20, 2015).)   The final award is not excessive, nor is it against the weight of the evidence.   *See Lore v. City of Syracuse*, 670 F.3d 127, 176-77 (2d Cir. 2012) ("It is well established that the trial judge enjoys discretion to grant a new trial if the verdict appears to the judge to be against the weight of the evidence, and that this discretion includes overturning verdicts for excessiveness and ordering a new trial without qualification.") (citation, internal quotation marks, and alterations omitted).

This Court has considered all of the arguments raised by Defendants in support of their Rule 50 and Rule 59 motions, as well as their renewed motion to dismiss for lack of personal jurisdiction.   Defendants' motions are denied.   Judgment in this case shall be entered in Plaintiffs' favor against Defendants.

The Clerk of the Court is instructed to close the motion at ECF No. 895.

Dated: August 24, 2015
       New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

6