# ARNOLD & PORTER LLP

Kent A. Yalowitz
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 27, 2015

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>        Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write to follow up on the conference of August 24, 2015. At this time, Plaintiffs respectfully request that the Court provide three items of relief discussed at the conference:

1.   **Form of Order of Dismissal:** I enclose a form of order reflecting the dismissal of certain plaintiffs.

2.   **Form of Judgment:** I enclose a proposed form of judgment, reflecting the after-trebling amount of *each* plaintiff's judgment (rather than the *global* trebling in the current draft). Plaintiffs believe this modification will prevent confusion in foreign jurisdictions in which they may be constrained to enforce the judgment, particularly if one or more plaintiff elects to pursue enforcement proceedings independent of the others.

3.   **Timing of Entry of Judgment:** Plaintiffs respectfully request that the Court enter judgment forthwith, consistent with Rule 58's mandate that judgment enter "promptly" and to avoid any delay of appellate proceedings.

In addition, although plaintiffs are not requesting action from the Court other than as set forth above, I did want to follow up on two items that we discussed at the conference, for the Court's information and future reference should it become necessary.

ARNOLD & PORTER LLP

Hon. George B. Daniels
August 27, 2015
Page 2

*First,* this Court does have jurisdiction to consider a motion to modify the security for the stay of execution of the judgment—should such a motion be required at a later date in light of further developments—even during an appeal. *See Rakovich v. Wade,* 834 F.2d 673, 674 (7th Cir. 1987) ("[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment . . . . That power is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its mandate"); Advisory Committee Notes to Fed. R. App. P. 8 ("There appears to be no reason why matters relating to supersedeas and cost bonds should not be initially presented to the district court whenever they arise prior to the disposition of the appeal."); *Phansalkar v. Andersen Weinroth & Co., L.P.,* 211 F.R.D. 197, 200 (S.D.N.Y. 2002) ("A [judgment] creditor may always challenge the adequacy of the bond before the district court judge.").

The Court's continuing jurisdiction to protect the judgment also embraces proceedings such as fraudulent conveyance actions. *Cf. Epperson v. Entm't Express, Inc.,* 242 F.3d 100, 105 (2d Cir. 2001) ("'In defining [jurisdiction of the District Court to enforce a judgment], we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.'") (quoting *Peacock v. Thomas,* 516 U.S. 349 (1996)).

*Second,* plaintiffs reserve the right to pursue post-judgment discovery. A stay of execution of the judgment does not stay the availability of post-judgment discovery. *See Teachers Ins. & Annuity Ass'n of Am. v. Ormesa Geothermal,* No. 87 CIV. 1259 (KMW), 1991 WL 254573, at *7 (S.D.N.Y. Nov. 21, 1991) ("[N]otwithstanding the existence of the stay ordered by this Court, Plaintiff shall be entitled to utilize the provisions of Rules 26-37 of the Federal Rules of Civil Procedure and Rules 5223–24 of the Civil Practice Law and Rules of New York (as made applicable to proceedings in the Federal Courts by Rule 69(a) of the Federal Rules of Civil Procedure)"); *Minpeco, S.A. v. Hunt,* No. 81 CIV. 7619 (MEL), 1989 WL 57704, at *2 (S.D.N.Y. May 24, 1989) ("even if Minpeco could not execute the judgment at this time [because of a supersedeas stay], it would still be entitled to conduct discovery in aid of execution"); *Sembawang Shipyard, Inc. v. M/V CHARGER,* 1991 WL 40314 (E.D. La. 1991) (allowing Rule 69 discovery notwithstanding stay of execution).

Post-judgment discovery is likely to be appropriate and necessary here, where only a small fraction of the judgment is to be secured. As defendants did not move for a stay of post-judgment discovery, the issue has not yet ripened and is not appropriate at

# ARNOLD & PORTER LLP

Hon. George B. Daniels
August 27, 2015
Page 3

this time for a ruling by the Court.  However, I did want to be sure to share plaintiffs' views on this topic with the Court in light of our discussion on Monday August 24.

Respectfully,

Kent A. Yalowitz

Enclosures
cc:    All ECF Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK I. SOKOLOW, et al.

                Plaintiffs,

        v.

THE PALESTINE LIBERATION
ORGANIZATION and
THE PALESTINIAN AUTHORITY,

                Defendants.

Civil Action No. 04 Civ. 397 (GBD)

**ORDER**

In accordance with the Court's summary judgment decision of November 19, 2014 and bench ruling of January 12, 2015, all claims of plaintiffs Revital Bauer, individually; Eva Waldman; Varda Guetta; Shaul Mandelkorn; Nurit Mandelkorn; and Estate of Stuart Scott ("Yechezkel") Goldberg, by Karen Goldberg, as personal representative; and Oz Joseph Guetta have been dismissed.

Dated: New York, New York
      August ____, 2015

                      **SO ORDERED:**

                      _____
                      THE HONORABLE GEORGE B. DANIELS
                      UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
MARK I. SOKOLOW, et al.,

Plaintiffs.

04 **CIVIL** 00397 (GBD)

-against-

**JUDGMENT**

THE PALESTINE LIBERATION
ORGANIZATION and THE PALESTINIAN
AUTHORITY.

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

A Jury Trial before the Honorable George B. Daniels, United States District Judge, having

begun on January 14, 2015, and at the conclusion of the trial, on February 23, 2015, the jury

having rendered a verdict in favor of Plaintiffs and against Defendants the Palestine Liberation

Organization and the Palestinian Authority, with that verdict automatically trebled pursuant to 18

U.S.C. § 2333, as follows:

I. JANUARY 22, 2002 - JAFFA ROAD SHOOTING:

1. In favor of Plaintiff **Elise Gould** in the total amount of **$9,000,000.00**, composed of:

    a. $3,000,000.00 in compensatory damages awarded by the jury, and

    b. $6,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

2. In favor of Plaintiff **Ronald Gould** in the total amount of **$9,000,000.00**, composed of:

    a. $3,000,000.00 in compensatory damages awarded by the jury, and

    b. $6,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

3. In favor of Plaintiff **Shayna Gould** in the total amount of **$60,000,000.00**, composed of:

    a. $20,000,000.00 in compensatory damages awarded by the jury, and

    b. $40,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

1

4.     In favor of Plaintiff **Jessica Rine** in the total amount of **$9,000,000.00**, composed of:

   a.  $3,000,000.00 in compensatory damages awarded by the jury, and

   b.  $6,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

5.     In favor of Plaintiff **Henna Novack Waldman** in the total amount of **$7,500,000.00**, composed of:

   a.  $2,500,000.00 in compensatory damages awarded by the jury, and

   b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

6.     In favor of Plaintiff **Morris Waldman** in the total amount of **$7,500,000.00**, composed of:

   a.  $2,500,000.00 in compensatory damages awarded by the jury, and

   b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

7.     In favor of Plaintiff **Shmuel Waldman** in the total amount of **$22,500,000.00**, composed of:

   a.  $7,500,000.00 in compensatory damages awarded by the jury, and

   b.  $15,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

## II. JANUARY 27, 2002 - JAFFA ROAD BOMBING:

1.     In favor of Plaintiff **Elana Sokolow** in the total amount of **$7,500,000.00**, composed of:

   a.  $2,500,000.00 in compensatory damages awarded by the jury, and

   b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

2.     In favor of Plaintiff **Jamie Sokolow** in the total amount of **$19,500,000.00**, composed of:

   a.  $6,500,000.00 in compensatory damages awarded by the jury, and

   b.  $13,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

3.     In favor of Plaintiff **Lauren Sokolow** in the total amount of **$15,000,000.00**, composed of:

     a. $5,000,000.00 in compensatory damages awarded by the jury, and

     b. $10,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

4.     In favor of Plaintiff **Mark Sokolow** in the total amount of **$15,000,000.00**, composed of:

     a. $5,000,000.00 in compensatory damages awarded by the jury, and

     b. $10,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

5.     In favor of Plaintiff **Rena Sokolow** in the total amount of **$22,500,000.00**, composed of:

     a. $7,500,000.00 in compensatory damages awarded by the jury, and

     b. $15,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

## III. MARCH 21, 2002 - KING GEORGE STREET BOMBING:

1.     In favor of Plaintiff **Alan Bauer** in the total amount of **$21,000,000.00**, composed of:

     a. $7,000,000.00 in compensatory damages awarded by the jury, and

     b. $14,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

2.     In favor of Plaintiff **Binyamin Bauer** in the total amount of **$3,000,000.00**, composed of:

     a. $1,000,000.00 in compensatory damages awarded by the jury, and

     b. $2,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

3.     In favor of Plaintiff **Daniel Bauer** in the total amount of **$3,000,000.00**, composed of:

     a. $1,000,000.00 in compensatory damages awarded by the jury, and

     b. $2,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

4.     In favor of Plaintiff **Yehonathon Bauer** in the total amount of **$75,000,000.00**, composed of:

     a. $25,000,000.00 in compensatory damages awarded by the jury, and

     b. $50,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

5.     In favor of Plaintiff **Yehuda Bauer** in the total amount of **$3,000,000.00**, composed of:

    a.   $1,000,000.00 in compensatory damages awarded by the jury, and

    b.   $2,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

## IV. JUNE 19, 2002 - FRENCH HILL BOMBING:

1.     In favor of Plaintiff **Leonard Mandelkorn** in the total amount of **$30,000,000.00**, composed of:

    a.   $10,000,000.00 in compensatory damages awarded by the jury, and

    b.   $20,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

## V. July 31, 2002 - HEBREW UNIVERSITY BOMBING:

1.     In favor of Plaintiff **Katherine Baker** in the total amount of **$18,000,000.00**, composed of:

    a.   $6,000,000.00 in compensatory damages awarded by the jury, and

    b.   $12,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

2.     In favor of Plaintiff **Benjamin Blutstein** in the total amount of **$7,500,000.00**, composed of:

    a.   $2,500,000.00 in compensatory damages awarded by the jury, and

    b.   $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

3.     In favor of Plaintiff **Rebekah Blutstein** in the total amount of **$12,000,000.00**, composed of:

    a.   $4,000,000.00 in compensatory damages awarded by the jury, and

    b.   $8,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

4.     In favor of Plaintiff **Richard Blutstein** in the total amount of **$18,000,000.00**, composed of:

    a.   $6,000,000.00 in compensatory damages awarded by the jury, and

    b.   $12,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

5.     In favor of Plaintiff **Diane Carter** in the total amount of **$3,000,000.00**, composed of:

      a.  $1,000,000.00 in compensatory damages awarded by the jury, and

      b.  $2,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

6.     In favor of Plaintiff **Larry Carter** in the total amount of **$19,500,000.00**, composed of:

      a.  $6,500,000.00 in compensatory damages awarded by the jury, and

      b.  $13,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

7.     In favor of Plaintiff **Shaun Choffel** in the total amount of **$4,500,000.00**, composed of:

      a.  $1,500,000.00 in compensatory damages awarded by the jury, and

      b.  $3,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

8.     In favor of Plaintiff **Robert L. Coulter Jr.** in the total amount of **$9,000,000.00**, composed of:

      a.  $3,000,000.00 in compensatory damages awarded by the jury, and

      b.  $6,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

9.     In favor of Plaintiff **Diane Coulter Miller** in the total amount of **$9,000,000.00**, composed of:

      a.  $3,000,000.00 in compensatory damages awarded by the jury, and

      b.  $6,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

10.    In favor of Plaintiff **Robert L. Coulter Sr.** in the total amount of **$22,500,000.00**, composed of:

      a.  $7,500,000.00 in compensatory damages awarded by the jury, and

      b.  $15,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

11.    In favor of Plaintiff **Janis Ruth Coulter** in the total amount of **$7,500,000.00**, composed of:

      a.  $2,500,000.00 in compensatory damages awarded by the jury, and

      b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

12.    In favor of Plaintiff **David Gritz** in the total amount of **$7,500,000.00**, composed of:

    a.  $2,500,000.00 in compensatory damages awarded by the jury, and

    b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

13.    In favor of Plaintiff **Nevenka Gritz** in the total amount of **$30,000,000.00**, composed of:

    a.  $10,000,000.00 in compensatory damages awarded by the jury, and

    b.  $20,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

14.    In favor of Plaintiff **Nevenka Gritz, as successor to Norman Gritz**, in the total amount of **$7,500,000.00**, composed of:

    a.  $2,500,000.00 in compensatory damages awarded by the jury, and

    b.  $5,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

## VI. JANUARY 29, 2004 - BUS NO. 19 BOMBING:

1.    In favor of Plaintiff **Chana Goldberg** in the total amount of **$24,000,000.00**, composed of:

    a.  $8,000,000.00 in compensatory damages awarded by the jury, and

    b.  $16,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

2.    In favor of Plaintiff **Eliezer Goldberg** in the total amount of **$12,000,000.00**, composed of:

    a.  $4,000,000.00 in compensatory damages awarded by the jury, and

    b.  $8,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

3.    In favor of Plaintiff **Esther Goldberg** in the total amount of **$24,000,000.00**, composed of:

    a.  $8,000,000.00 in compensatory damages awarded by the jury, and

    b.  $16,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

4.    In favor of Plaintiff **Karen Goldberg** in the total amount of **$39,000,000.00**, composed of:

    a.  $13,000,000.00 in compensatory damages awarded by the jury, and

    b.  $26,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

5.    In favor of Plaintiff **Shoshana Goldberg** in the total amount of **$12,000,000.00**, composed of:

   a.   $4,000,000.00 in compensatory damages awarded by the jury, and

   b.   $8,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

6.    In favor of Plaintiff **Tzvi Goldberg** in the total amount of **$6,000,000.00**, composed of:

   a.   $2,000,000.00 in compensatory damages awarded by the jury, and

   b.   $4,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

7.    In favor of Plaintiff **Yaakov Goldberg** in the total amount of **$6,000,000.00**, composed of:

   a.   $2,000,000.00 in compensatory damages awarded by the jury, and

   b.   $4,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

8.    In favor of Plaintiff **Yitzhak Goldberg** in the total amount of **$18,000,000.00**, composed of:

   a.   $6,000,000.00 in compensatory damages awarded by the jury, and

   b.   $12,000,000.00 pursuant to the treble damages provision of 18 U.S.C. § 2333

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:** That each Plaintiff identified above have a judgment as against Defendants the Palestine Liberation Organization and the Palestinian Authority in the total amount set forth above.

DATED: New York, New York
        August __, 2015

                                              RUBY J. KRAJICK

So Ordered:                                   _____
                                                 **Clerk of Court**

                               **BY:**
_____                      _____
   **U.S.D.J.**                                  **Deputy Clerk**