

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
23rd Floor
New York, NY 10112

O    +1 212 872 9800
F    +1 212 872 9815
squirepattonboggs.com

Gassan A. Baloul
gassan.baloul@squirepb.com

September 1, 2015

**VIA ECF AND FAX**

Hon. George B. Daniels, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                RE:  **Response to Plaintiffs' August 27 Letter Regarding August 24 Hearing,**
                *Sokolow v. Palestinian Liberation Organization,* Docket No. 04-CV-397 (GBD) (RLE)

Dear Judge Daniels:

      On behalf of the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), and further to our correspondence with the Court on August 28 (Dkt. No. 962), we respond to Plaintiffs' letter of August 27, 2015. We address: 1) Plaintiffs' proposed form of the judgment, and Plaintiffs' baseless request to immediately enter judgment (Dkt. No. 960); 2) the divestiture of this Court's jurisdiction by Plaintiffs' Notice of Appeal (Dkt. No. 961); and, 3) that Plaintiffs are not entitled to post-judgment discovery, per the Court's August 24 ruling. *See* Tr. (8/24/15) at 18:13-19, 18:24-19:5, 18:20-24.

      As a preliminary matter, however, last night, Plaintiffs filed an "emergency" motion in the Second Circuit castigating this Court for its August 24 Order staying execution of judgment (Dkt. No. 957) for "the absence of findings of fact by the District Court as to defendants' financial condition" and other asserted errors. *See, e.g.,* 2d Cir. Dkt. No. 14-2, at 1; *see also, e.g., id.* at 3 ("The District Court appears to have accepted defendants' proposal as-is, without making explicit findings on the inability of the PLO/PA to post a full bond."), and 13 ("On the day of the hearing on the motion for a stay, the PLO/PA made a 'low-ball' offer to post a token amount of security. The District Court accepted that offer without making any findings with regard to ability to pay.").

      To the contrary, this Court clearly had read the thousands of pages of Rule 62 briefing and evidence from the parties; broadened the record by accepting Plaintiffs' unauthorized supplemental submissions seeking a high Rule 62 bond, along with extensive responsive evidence and briefing from the PA and the PLO; conducted two hearings that formed the basis of the August 24 Order; studied the views of the United States and explained how the Court had considered the U.S. government's Statement of Interest; and, spent the better part of an hour on August 24 describing the rationale for its rulings. Putting aside that Plaintiffs' Notice of Appeal has divested this Court of its jurisdiction to modify the August 24 Order, as explained below, it is purely disingenuous for Plaintiffs to turn one petitioning face to the Second Circuit, and a second to this Court.

44 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

### **There Is No Basis To Enter Judgment Now, Or Without a Stay Of Execution**

As we explained at the August 24 hearing, the form of the judgment should not be considered in isolation from the timing of its entry and an immediate stay of execution on the judgment. *See* Tr. (8/24/15), at 42-43. We understood that the Court agreed with this fundamental premise; the August 24 Order establishes a time for entry of judgment that is predicated upon an immediate stay of execution if the PA and PLO satisfy the Court's collateral-deposit conditions.

Plaintiffs' latest proposals (Dkt. No. 960) undermine the fundamental linkage among the form, timing and stay of execution of the judgment, and should be denied.[1] The August 24 Order provides that "[f]inal judgment . . . will be entered within the next sixty (60) days" and "[e]xecution of the judgment will be stayed pending appeal . . . if Defendants post a bond or deposit cash with the Clerk of the Court in the amount of $10 million before September 23, 2015, and in the amount of $1 million every thirty (30) days thereafter." Dkt. No 957. Plaintiffs now ask the Court to reconsider that Order and solely to "enter judgment forthwith." Dkt. No. 960, at 1.

Plaintiffs' renewed request for immediate entry of judgment should be denied, first, because it omits the key provision of the August 24 Order implementing a stay of execution. At the August 24 hearing, Defendants' stated "*sine qua non*" predicate for considering Plaintiffs' request to accelerate entry of judgment (*i.e.*, prior to the expiration of the 60-day period) was that execution on the judgment should be stayed immediately upon entry of judgment. *See* Tr. (8/24/15), at 42:35-43:2.[2] This predicate appeared to be common ground at the August 24 hearing, when Plaintiffs stated their August 24 willingness to agree to "a stay without seeing the money" in exchange for an earlier entry of judgment. *Id.* at 37:8-9; *see also id.* at 41:5-9.[3]

Plaintiffs have retracted that crucial concession, and instead now ask the Second Circuit to condition a stay of execution on monthly cash deposits of not less than $20 million by the PA and the PLO. *See* 2d Cir. Dkt. No. 14-2, at 4. Defendants object to entry of judgment on those oppressive terms, which threaten the viability of the PA and the PLO. That very real threat was described in detail in the U.S. Statement of Interest, and in Defendants' Rule 62 briefing and evidence, including in the supporting Declarations of the PA's Finance Minister, and in extensive financial reports and analyses of independent monitors like the World Bank and International Monetary Fund.

Second, Plaintiffs offer no plausible reason or legal authority warranting immediate entry of judgment, other than to cite Federal Rule 58's prompt entry of judgment language and to claim that entering judgment now will "avoid any delay of appellate proceedings." Dkt. No. 960, at 1. There is

---

[1] Although the PA and the PLO have no proposed changes to the Court's proposed form of the judgment, or to Plaintiffs' alternative proposed form, they object to entry of judgment in either form in isolation from consideration of the timing of entry and the stay of execution.

[2] Defendants stated their willingness to confer with Plaintiffs on the timing of entry of judgment "so long as any judgment that is entered is stayed from execution from the point of entry subject to the conditions that your Honor set." Tr. (8/24/15) at 41:17-23.

[3] Based on Plaintiffs' August 24 representations, the Court agreed to review the timing of entry of judgment after the parties had "consult[ed] with each other." Tr. (8/24/15) at 43:3-5. However, Plaintiffs failed to consult with Defendants, choosing instead to appeal the August 24 Order while simultaneously asking the Court to accelerate entry of judgment.

quite evidently no such risk of delay. Plaintiffs have already noticed an interlocutory appeal challenging the August 24 Order and are seeking an expedited appellate schedule. *See* Dkt. No. 961 (Corrected Notice of Appeal); 2d Cir. Dkt. No. 6, at 297 (issue for appeal); *see* 2d Cir. Dkt. No. 14-2 (emergency motion and for expedited briefing).

This Court has broad discretion under Rule 58 to control the timing of entry of judgment. *See Casey v. Long Island R.R. Co.*, 01 Civ. 9751 (RCC), 2004 U.S. Dist. LEXIS 13425, at *8-10 (S.D.N.Y. July 16, 2004) ("[A] district court has the authority to delay entry of judgment.") (citing cases); *see also Passananti v. Cook Cnty.*, 689 F.3d 655, 661 (7th Cir. 2012) (delaying entry of judgment for four months) ("[D]istrict courts have ample discretion to manage their cases and to delay entry of judgment if there are sound reasons to do so."). A mere 60-day deferral of the entry of judgment is entirely appropriate to achieve the balancing of interests expressed by the Court at the August 24 hearing and in the ensuing August 24 Order.

Indeed, the Court detailed its careful balancing of those interests before entering the August 24 Order. As the Court explained, it had "given significant thought to these issues and this perspective," Tr. (8/24/15) at 37:17, 39:18-40:9, had "fully considered and given serious consideration to the statement of interest for the United States," *id.* at 29:18-20, 39:20-22, and had determined that a 60-day deferral of entry of the judgment would provide an incentive to Defendants to demonstrate "good faith" by depositing the offered cash deposits. *Id.* at 39:19-25. Further, the Court noted that deferring entry of judgment would advance Plaintiffs' interests because, by "see[ing] the money deposited before I issued judgment and issued a stay," *id.* at 37:4-6, Plaintiffs would be spared the likely fruitless effort of "running the streets trying to find [assets] to collect on" the judgment. *Id.* at 40:2-4.[4] The Court's articulated interests also thoughtfully addressed the stated interests of the United States, which had urged the Court "to carefully consider the impact of its decision on the continued viability of the PA in light of the evidence about its financial situation." Dkt. No. 953, at ¶ 7 (Declaration of Antony J. Blinken).

Viewed against the Court's careful balancing of these interests, Plaintiffs' request to accelerate entry of judgment without a stay of execution appears for what it truly is—an attempt to cure the obvious lack of Second Circuit jurisdiction over their "interlocutory" appeal of the August 24 Order in the absence of final judgment. Defendants will move to dismiss Plaintiffs' interlocutory appeal for lack of jurisdiction on that basis. Moreover, Plaintiffs acknowledge that they already face the major substantive hurdle of demonstrating that the August 24 Order is an "abuse of discretion" by the Court. *See* 2d Cir. Dkt. No. 14-2, at 1. This Court has no obligation to facilitate Plaintiffs' substantively baseless challenge to the August 24 Order by curing Plaintiffs' lack of appellate jurisdiction absent entry of judgment. Indeed, if Plaintiffs genuinely believed that this Court retains jurisdiction to modify the August 24 Order, as they assert (Dkt. No. 960, at 2), then they would address their objections to this Court rather than to the Second Circuit.

Plaintiffs' request for expedited entry of judgment therefore should be denied, and the Court should adhere to the judgment-entry provisions of the August 24 Order.

---

[4] The PA and PLO are well underway in complying with the collateral deposit conditions of the August 24 Order, having contacted the Clerk's office, as the Court directed, promptly following the August 24 hearing.

## The Court's Lack of Continuing Jurisdiction Over Rule 62 Issues

The Court cautioned Plaintiffs at the August 24 hearing that their appeal from the August 24 Order would undermine its continuing jurisdiction over the Rule 62 issues. *See* Tr. (8/24/15) at 37:14-38:1. As the Court foresaw, Plaintiffs' August 27, 2015 Notice of Appeal divested this Court of its jurisdiction over the issues addressed in the August 24 Order. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control <u>over those aspects of the case involved in the appeal</u>." (emphasis added); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004) ("The filing of a notice of appeal only divests the district court of jurisdiction respecting <u>the questions raised and decided in the order that is on appeal</u>.") (emphasis added) (quoting *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)). Plaintiffs' Notice describes the issues to be appealed as: "Whether the District Court abused its discretion by granting to defendants a stay of enforcement of the judgment conditioned upon the deposit with the District Court registry of less than 2% of the damages awarded to the plaintiffs . . . ." 2d Cir. Dkt. No. 6, at 297. Naturally, then, this Court does not retain "jurisdiction to consider a motion to modify the security for the stay of execution of the judgment," contrary to Plaintiffs' August 27 contention. (Dkt. No. 960, at 2.)

Neither of Plaintiffs' two cited cases supports their assertion that this Court retains continuing jurisdiction over the Rule 62 issues. Those cases did not, as here, involve the appeal of a Rule 62 stay, and instead stand for the unremarkable proposition that a district court can issue a Rule 62(d) stay after a party files a notice of appeal on an *unrelated* order by the district court. *See Rakovich v. Wade*, 834 F.2d 673, 673-74 (7th Cir. 1987) ("Although the district court lacks jurisdiction to vacate or alter its judgment pending appeal, absent a remand, the district court retains the power throughout the pendency of the appeal to simply preserve the status quo by granting a stay of its judgment.") (internal citations omitted); *Phansalkar v. Andersen Weinroth & Co., L.P.*, 211 F.R.D. 197, 199 (S.D.N.Y. 2002) ("Because the fee appeal did not give us jurisdiction to consider the settlement agreement, the District Court retained jurisdiction over a motion seeking to vacate the settlement."); *see also Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs.*, 2004 U.S. Dist. LEXIS 24079 (S.D.N.Y. Nov. 23, 2004) ("[A] district court may grant a stay of its own order in order to preserve the status quo, provided that it does not further adjudicate the underlying merits involved in the appeal.") (citing *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2d Cir. 1991)). Plaintiffs' position to the contrary presents a practical problem, too: the Second Circuit would have to consider a moving target if, during Plaintiffs' appeal, this Court could modify the appealed order.

The separate issue of "fraudulent conveyance" (*see* Dkt. No. 960 at 2) is immaterial, moreover, because Plaintiffs have not made any such allegations. This Court recognized as much at the August 24 hearing when it instructed Plaintiffs that they would have to come forward with some showing even to support discovery on this topic. *See* Tr. (8/24/15) at 18:24-19:5. Plaintiffs' reliance on *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100 (2d Cir. 2001) is similarly misplaced: *Epperson* did not involve a stay or a court's ability to void fraudulent conveyances while a stay pending appeal is in effect, but rather considered whether a federal court needs an independent basis to exercise jurisdiction when exercising enforcement jurisdiction over its own orders. *Id.*, 242 F.3d at 102-05.

## No Right to Post-Judgment Discovery

Plaintiffs make a unilateral reservation of "the right to pursue post-judgment discovery," claiming that a stay of judgment execution does not stay post-judgment discovery. Dkt. No. 960, at

4

2. Plaintiffs neglect to mention that this Court expressly "stay[ed] any active discovery with regard to assets" absent some showing of an alleged "fraudulent transfer," Tr. (8/24/15) at 18:13-19, 18:24-19:5), and that Plaintiffs consented to that stay, *id.* at 18:20-24. The Court's order was amply supported by Rule 69(a)(2), which permits post-judgment discovery only in aid of judgment or execution; such discovery cannot be pursued when execution of the judgment has been stayed. *See Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*, 01 Civ. 9649, 2006 U.S. Dist. LEXIS 87093, at *25-26 (S.D.N.Y. Nov. 29, 2006) (holding that party can pursue post-judgment discovery only if no stay of judgment is in effect); *see also British Int'l Ins. Co. v. Seguros La Republica, S.A.*, No. 90 Civ. 2370, 2000 U.S. Dist. LEXIS 7509, at *19 (S.D.N.Y. 2000) (same).

As has become the norm, none of Plaintiffs' cited cases support their claim to post-judgment discovery. Those cases permitted post-judgment discovery only as an <u>exception</u> to the rule that post-judgment discovery is stayed, and did so only to permit the party to determine if there were additional assets available to pay a bond—again, an inquiry that Plaintiffs could have made before entry of the August 24 Order. *See Teachers Ins. & Annuity Ass'n v. Ormesa Geothermal*, No. 87 Civ. 1259, 1991 U.S. Dist. LEXIS 16847, *20-21 (S.D.N.Y. Nov. 20, 1991) (permitting discovery "notwithstanding the existence of the stay ordered by this Court" so that plaintiffs could inquire about defendants' ability to post the bond or pay the judgment, and to inquire about defendant's financial condition and to "verif[y] and clarif[y] the information Defendants have provided to date"); *Sembawang Shipyard, Ltd. v. M/V Charger,* No. 88-5005, 1991 U.S. Dist. LEXIS 3568, at *5-6 (E.D. La. Mar. 12, 1991) (permitting plaintiffs to conduct post-judgment discovery as part of the court's order granting a stay pending appeal); *but see Minpeco, S.A. v. Hunt*, No. 81 Civ. 7619, 1989 U.S. Dist. LEXIS 5723, at *6 (S.D.N.Y. May 24, 1989) (irrelevant because it did not involve a stay).

\*   \*   \*

Plaintiffs' August 27 Notice of Appeal has foreclosed this Court's continuing jurisdiction over Rule 62 issues, including those detailed in Plaintiffs' August 27 letter to this Court. Defendants respectfully submit that the Court should adhere to its original decision to enter judgment on the deferred schedule, and subject to the conditions, set forth in the August 24 Order.

        Respectfully submitted,

        Squire Patton Boggs (US) LLP

        Gassan A. Baloul

cc: All ECF Counsel