# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

September 2, 2015

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
>        Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

I write in response to defendants' letter of September 1, 2015.  (DE 965.)

**1.      Form of Judgment.**

Defendants' only response to plaintiffs' proposed form of judgment is that they "have no proposed changes." DE 965 at 2 n.1.  Therefore, plaintiffs respectfully ask that the Court use the form of judgment plaintiffs have proposed.

**2.      Timing of Entry of Judgment.**

The time has come to enter judgment, and plaintiffs respectfully ask that the Court now do so.  In arguing against entry of judgment, defendants misstate the law and misdescribe plaintiffs' motivations.

With regard to the law, Rule 58 plainly calls for prompt entry of judgment following the verdict.  Defendants cite an unpublished decision by another Judge of this Court for the proposition that the Court has "broad discretion under Rule 58 to control the timing of entry of judgment." DE 965 at 3 (citing *Casey v. Long Island R.R. Co.*, 01 Civ. 9751 (RCC), 2004 WL 1609330, at *3 (S.D.N.Y. July 16, 2004)).  But that is not what the case actually says.  It merely "recognized the district courts' discretion *to delay entry of judgment pending resolution of post-trial motions*". *Id.* (emphasis added). Defendants' other case also merely approved of the district court delaying entry of

# ARNOLD & PORTER LLP

Hon. George B. Daniels
September 2, 2015
Page 2

judgment while it considered (and ultimately granted) defendants' post-trial motion. *Passananti v. Cook County*, 689 F.3d 655, 661 (7th Cir. 2012).  Here, unlike those cases, the post-trial motions have been decided *against defendants*.  Defendants' authorities direct entry of judgment at this time.

With regard to plaintiffs' motivations, defendants have it all wrong.  Now that defendants have obtained a stay, defendants' promised appeal from the final judgment should be decided as quickly as possible.  While plaintiffs respect and appreciate the Court's preliminary view that deferring entry of judgment may offer some protection to plaintiffs, plaintiffs are firmly of the view that entry of judgment at this time is in their best interests.

Finally, defendants ask that the Court delay entry of judgment until October 23— not to protect plaintiffs (as the Court intended), but as a prophylactic to prevent execution of the judgment before then.  That is a false concern.  Plaintiffs read this Court's order to provide that no execution may occur before September 23, nor at any time thereafter pending issuance of the Circuit's mandate, if defendants are in compliance with the conditions set for their continuing protection from execution of the judgment.  If defendants maintain compliance with the conditions in the Court's August 24 Order, plaintiffs will not execute the judgment absent modification of the August 24 Order or issuance of the Circuit's mandate.

**3.      Other Matters.**

Plaintiffs disagree with defendants' statements concerning this Court's jurisdiction and the availability of post-judgment discovery, but neither of those issues is before the Court at this time.  Plaintiffs respectfully ask that the Court rule on those issues only if they are presented in a factual context that requires a ruling.

Respectfully,

Kent A. Yalowitz

cc:    All ECF Counsel