

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
23rd Floor
New York, NY  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Gassan A. Baloul
gassan.baloul@squirepb.com

September 3, 2015

**VIA ECF**

Honorable George B. Daniels
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Room 1310
500 Pearl Street
New York, NY 10007-1312

      **Re:**    **Request for Order Protecting Defendants' Transfer into the Registry of the Court,** *Sokolow v. Palestine Liberation Organization, et al.***, No. 1:04-cv-0397 (GBD).**

Dear Judge Daniels:

      On behalf of the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), we write with respect to the security they have been directed, and intend to deposit with the Clerk in accordance with the Court's August 24, 2015 Order staying execution of judgment (Dkt. No. 957). Specifically, the PA and PLO respectfully request that the Court enter an order expressing the intention of the Court to insulate and immunize from attachment by non-parties to this action the funds that Defendants transfer to the United States for deposit with the Clerk pursuant to the August 24 Order. The undersigned has conferred with counsel for the Plaintiffs, who sought additional information as to the basis for this request, which is set forth herein. For the Court's convenience, a proposed order is attached to this letter as Exhibit A.

      This request arises out of Defendants' concern that persons with purported claims against the PA and/or PLO could attempt to attach or otherwise seize these funds while they necessarily transit through the U.S. banking system, en route to the Court registry. This concern is not without justification. Indeed, in *Estate of Ungar v. Palestinian Authority,* Case No. 00-cv-105L (D.R.I.), on several occasions, the court ordered that its injunction prohibiting the transfer of the PA's assets located within the United States did not apply to, and could not be used to stop or otherwise interdict, anticipated wire transfers by the PA to satisfy other obligations related to U.S. litigation against the PA and PLO. *See Ungar,* Dkt. No. 433 ("Notwithstanding the

44 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

September 3, 2015

provisions of said Injunction, the [PA] and the [PLO] shall be and hereby are permitted to make an anticipated wire transfer of funds from an account outside the United States to accounts inside the United States in order to satisfy an outstanding judgment…."); *id.*, at Dkt. No. 478 (same). These orders are attached as Exhibits B and C, respectively.

      Defendants are mindful that Plaintiffs divested this Court of jurisdiction over Rule 62 issues with their notice of appeal from the August 24 Order (Dkt. No. 961). However, Defendants' request does not seek any relief under Rule 62, nor are we requesting that the Court modify its August 24, 2015 Order in any fashion. Instead, Defendants request that this Court take appropriate steps to prevent non-party interference with funds that Defendants intend to deposit with the Clerk in accordance with the August 24 Order. *Cf.* Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment . . . a party . . . may deposit with the court all or part of the money or thing"); *Cajun Elec. Power Coop., Inc. v. RI-Ley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir. 1990) (Rule 67's purpose "is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it.").

      Respectfully submitted,

Gassan A. Baloul

cc: All counsel (via ECF)