# ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent.Yalowitz@aporter.com

+1 212.715.1113
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 28, 2016

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Sokolow, et al. v. Palestinian Liberation Organization, et al.*
              Docket No. 04-CV-397 (GBD)(RLE)

Dear Judge Daniels:

      This firm represents the plaintiffs in the above-referenced case. I write to request that the Court impose an additional condition on its interim stay of enforcement of the judgment.

      Some years ago, Defendants deposited $1 million into the registry of the United States District Court for the District of Columbia, as a result of an order by Judge Kessler of that Court in *Gilmore v. Palestinian Authority* (Docket No. 01 Civ. 853). Later, Judge Kessler granted summary judgment to Defendants in that case. The *Gilmore* plaintiffs have appealed that decision to the D.C. Circuit.[1]

      It has come to our attention that Defendants recently asked Judge Kessler to release the $1 million deposit that they made in the *Gilmore* case. We respectfully ask that this Court modify its stay of enforcement in this case, by imposing an additional condition of the stay of enforcement of its judgment, as follows:

> If Defendants withdraw any funds from the registry of the
> United States District Court for the District of Columbia,

---

[1] This firm appeared for the *Gilmore* plaintiffs in the D.C. Circuit, but we do not represent them in the District Court.

# ARNOLD & PORTER LLP

Hon. George B. Daniels
March 28, 2016
Page 2

>       all such funds shall be added to the registry of this Court as
>       additional security for (and not as a substitute for) the
>       security already required by this Court's order of August
>       24, 2015.

Such an order would provide additional security for Plaintiffs without burdening Defendants' finances, as the money at issue already is in the United States, was intended to secure Defendant's obligations under the Anti-Terrorism Act, and should remain outside of Defendant's control.

Respectfully,

Kent A. Yalowitz

cc:     Hon. Gladys Kessler
        All ECF Counsel