# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REUVEN GILMORE, *et al.*, ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | Case No. 01-cv-0853-GK |
|  ) | |
| PALESTINIAN INTERIM SELF- ) | |
| GOVERNMENT AUTHORITY, *et al.*, ) | |
|  ) | |
| Defendants. ) | |
|  ) | |

## DEFENDANTS' RULE 60(b)(5) MOTION FOR RELEASE OF BOND

Defendants Palestinian Interim Self-Government Authority (a/k/a Palestinian Authority) and Palestine Liberation Organization ("Defendants"), pursuant to Fed. R. Civ. P. 60(b)(5), submit this Motion for Release of Bond. In 2009, this Court ordered Defendants to post a $1 million bond pursuant to Federal Rule 55 to vacate a default, which the Court provided that it would hold during the pendency of the proceedings. Defendants complied with the bond and other terms of the December 28, 2009 vacatur Order, and subsequently litigated the case fully and in good faith until they prevailed on summary judgment on July 28, 2014. The Clerk of this Court closed the *Gilmore* case docket on July 30, 2014, but the bond has not yet been returned to Defendants.

As described in Defendants' Memorandum of Law filed herewith, Federal Rule 60(b)(5) permits Defendants relief from the December 28, 2009 vacatur Order requiring the bond, because the Order has been "satisfied, released, or discharged," and because "applying it prospectively is no longer equitable." Defendants accordingly seek an Order from this Court

releasing the $1 million bond that Defendants posted in three deposits between January 29 and February 1, 2010, plus accrued interest.

Dated: March 3, 2016                                    Respectfully submitted,

/s/ Mitchell R. Berger
Mitchell R. Berger (D.C. Bar No. 385467)
Gassan A. Baloul (*Pro Hac Vice Pending*)
Alexandra E. Chopin (D.C. Bar No. 490736)
Aaron W. Knights (D.C. Bar No. 489555)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 626-6000
Facsimile:   (202) 457-6315
mitchell.berger@squirepb.com
gassan.baloul@squirepb.com
alexandra.chopin@squirepb.com
aaron.knights@squirepb.com

*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*

## Local Rule 7(m) Certification

Pursuant to Local Rule 7(m), the undersigned hereby certifies that counsel for Defendants conferred with counsel for Plaintiffs, who have confirmed that Plaintiffs do not consent to the relief sought by this Motion.

/s/ Mitchell R. Berger

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REUVEN GILMORE, *et al.*,  )
                           )
            Plaintiffs,    )
                           )
v.                         )   Case No. 01-cv-0853-GK
                           )
PALESTINIAN INTERIM SELF-  )
GOVERNMENT AUTHORITY, *et al.*, )
                           )
            Defendants.    )
                           )

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR RULE 60(b)(5) MOTION FOR RELEASE OF BOND

Defendants Palestinian Interim Self-Government Authority (a/k/a Palestinian Authority) and Palestine Liberation Organization ("Defendants"), submit this Memorandum of Law in support of their Fed. R. Civ. P. 60(b)(5) Motion for Release of Bond. On December 28, 2009, this Court ordered Defendants to post a $1 million bond pursuant to Federal Rule 55 to vacate the default in this case.[1] At the time, this Court characterized the bond as "a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party," namely by requiring Defendants to "demonstrate their good faith and to protect Plaintiffs' rights," in light of "the willfulness of Defendants' prior conduct, as well as the difficulties of collecting any judgment if collection is fought."[2]

Defendants complied with the bond and other terms of the 2009 vacatur Order, and subsequently litigated the case fully and in good faith until they prevailed on summary judgment

---

[1] Dkt. #158 (Dec. 28, 2009 Order on Vacatur), at 19 (citing cases). Defendants twice defaulted in the case.

[2] *Id.*

on July 28, 2014. The Clerk of this Court closed the *Gilmore* case docket two days later, on July 30, 2014, but the bond has not yet been returned to Defendants.

Defendants accordingly seek an Order from this Court releasing the $1 million bond that Defendants posted in three deposits between January 29 and February 1, 2010, plus accrued interest. Federal Rule 60(b)(5) permits Defendants relief from the December 28, 2009 vacatur Order, because the Order has been "satisfied, released, or discharged," and because "applying it prospectively is no longer equitable."

Defendants expect Plaintiffs will urge this Court not to release the bond, because Plaintiffs' appeal is now pending in the D.C. Circuit Court of Appeals.[3] But a Federal Rule 55 bond securing the Plaintiffs' rights during the pendency of the district court proceedings serves a completely different purpose and employs different procedures and timing than a Rule 62 supersedeas bond, which is designed instead to secure the prevailing party during the appeal. The Federal Rule 62 supersedeas bond is not available in this case to Plaintiffs, moreover, because Defendants are not obligated to post a bond for a losing party pending the latter's appeal. Plaintiffs may not use Defendants' vacatur bond to secure an appeal in a case that Plaintiffs lost.

## PROCEDURAL HISTORY

On January 29, 2007, the Clerk of this Court entered a default against Defendants.[4] Defendants subsequently sought guidance from the U.S. Department of State regarding an

---

[3] The pending appeal does not deprive this Court of jurisdiction to order the release of the bond. District courts retain jurisdiction over matters "collateral to the merits of the underlying action" during the pendency of an appeal, such as the release a Rule 55(c) provisional bond after the litigation was terminated in a defendant's favor. *See, e.g., Keepseagle v. Glickman*, 194 F.R.D. 1, *2 (D.D.C. 2000) (citing *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998)).

[4] This was the second default entered against Defendants, the first of which was entered on December 20, 2001. *See* Dkt. #18. The Court vacated the first default "in light of the strong

appropriate response to various U.S. litigation matters pending against them.[5]  Rather than continue to default in those cases, the State Department advised Defendants to appear in the U.S. courts to defend the various lawsuits pending against them.  Defendants accordingly hired substitute counsel, who began "the task of moving to vacate defaults and default judgments in various courts around the country."[6]  As part of that effort, Defendants moved this Court to vacate the default, which it did on December 28, 2009.[7]

To mitigate any prejudice to Plaintiffs, however, this Court imposed three conditions in its order granting vacatur.  First, Defendants were obligated to pay reasonable costs, including court costs and attorney's fees, which Plaintiffs had incurred as a result of the default.[8]  Second, the testimony adduced at the damages hearing would be preserved and read "into the trial record," so that Plaintiffs would not have to testify again.[9]  Third, Defendants were required to post a bond in the amount of $1 million "given . . . what may be the difficulties of collecting any judgment if it is obtained" and to "demonstrate [Defendants'] good faith and to protect Plaintiffs' rights" pending resolution at trial or on dispositive motion.[10]

Defendants complied with each of the Court's conditions and also engaged in the litigation process in good faith.  Following two years of discovery, Defendants moved for

---

preference in this jurisdiction for rulings on the merits, and in the absence of any prejudice suffered by Plaintiffs." Dkt. #28, at 1.

[5] *See* Dkt. #107-3 at ¶¶5-11.

[6] Dkt. #152 at 25.

[7] Dkt. #157-158.

[8] Dkt. #158, at 17.

[9] *Id.* at 18.

[10] *Id.* at 18-19.

summary judgment.[11] Plaintiffs delayed their response to Defendants' motion for more than one year.[12] On July 28, 2014, this Court granted summary judgment to Defendants, ruling that Plaintiffs had failed to submit any admissible evidence to support their claims.[13]

The Clerk closed the *Gilmore* case docket on July 30, 2014, and entered final judgment for Defendants on August 5, 2014.[14] At present, Plaintiffs are entitled to no further relief from this Court, and no matters are pending with the exception of Defendants' Motion.

Plaintiffs subsequently filed a notice of appeal on August 22, 2014.[15] The appeal is presently pending in the U.S. Court of Appeals for the District of Columbia Circuit, and will be fully briefed as of April 8, 2016.[16] The D.C. Circuit has not yet scheduled argument on the appeal.

## ARGUMENT

I. **The Bond Was Issued For a Limited Purpose Under Rule 55, Which Has Now Been Satisfied.**

This Court exercised its inherent authority under Rule 55 to condition vacatur on, among other things, Defendants' posting of a bond to protect against potential prejudice to Plaintiffs

---

[11] Dkt. #285.

[12] Dkt. #329-336.

[13] Dkt. #381-382.

[14] Dkt. No. 383.

[15] Dkt. #384.

[16] *See Gilmore v. Palestinian Interim Self-Government Authority, et al.*, Case No. 14-7129 (D.C. Cir.).

4

Case 1:04-cv-00397-GBD-RLE   Document 991-1   Filed 03/30/16   Page 8 of 12
Case 1:01-cv-00853-GK   Document 393-1   Filed 03/03/16   Page 5 of 7

during the pendency of the proceedings in this Court.[17] A Rule 55 bond is imposed as a provisional condition of vacating a default, which is satisfied upon resolution of a case on the merits at trial or other adjudication.[18] Defendants satisfied that provisional condition when they prevailed on summary judgment on July 28, 2014, and this Court entered final judgment for Defendants on August 5, 2014.

## II.   A Rule 55 Bond Issues For A Completely Different Purpose Than A Rule 62 Bond To Secure An Appeal.

The purpose of a Federal Rule 55 conditional bond of the type imposed here is entirely different than the purpose of a Federal Rule 62 supersedeas bond. Bonds imposed by the district courts under Federal Rule 55 provide assurances that, following vacatur of a default, a defendant will litigate in good faith during the pendency of the proceedings. *See Powerserve Int'l v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001); *see Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) ("[I]t may . . . be appropriate, in some cases, for the defendant to be required to post bond to secure the amount of the default judgment pending trial on the merits.") (emphasis added). The need for a Rule 55 bond expires once the case is resolved at trial or other adjudication, such as on summary judgment as it was here.

---

[17] Dkt. #158, at 19 (citing *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 395 (D.D.C. 2005) (quoting *Powerserve Int'l Inc. v. Lavi,* 239 F.3d 508, 515-16 (2d Cir. 2001)); and, *Knox v. PLO*, 628 F. Supp. 2d 507 (S.D.N.Y. 2009)).

[18] *See, e.g., Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) (holding that, as a condition of vacatur, a district court "may impose reasonable conditions," including, "in some cases, for the defendant to be required to post bond to secure the amount of the default judgment pending trial on the merits") (emphasis added); *see also Powerserve Int'l Inc.,* 239 F.3d at 515 ("[A] number of circuits have approved of conditioning the vacatur of defaults or default judgments on the posting of security for payment of all or part of an eventual adjudicated judgment.") (emphasis added); *Nilsson v. Louisiana Hydrolect*, 854 F.2d 1538, 1546 (9th Cir. 1987) ("In some cases, it may also be appropriate for the defendant to be required to post a bond to secure the amount of the default judgment pending a trial on the merits.") (emphasis added).

In contrast, the "purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. . . . [T]he stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment . . . ." *Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980); *see also Kifafi v. Hilton Hotels Ret. Plan*, 79 F. Supp. 3d 93, 100 (D.D.C. 2015) ("[T]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. <u>Typically, courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains.</u>") (emphasis added) (internal citations and quotations omitted). Rather than secure the non-defaulting party who has been prejudiced by the delay attendant in vacating a default, a Rule 62 supersedeas bond secures the prevailing party in the district court while the losing party appeals.

### III. A Rule 55 Bond Cannot Secure Plaintiffs' Appeal, Because Defendants Won In The District Court.

Plaintiffs cannot reasonably dispute that this Court's 2009 Order requiring a conditional bond following vacatur must be returned now that Defendants have prevailed and the case is no longer pending in this Court. Put another way, because Defendants prevailed and a final judgment was entered in their favor, the bond no longer serves any purpose under Rule 55 or related to the vacatur.[19] A court cannot require the prevailing party below to secure the losing party's appeal with a Rule 62 supersedeas bond.[20]

---

[19] *See* Dkt. #158 at 19 ("[G]iven . . . what may be the difficulties of collecting any judgment <u>if it is obtained</u>…Plaintiffs are entitled to posting of a substantial bond.") (emphasis added). *Cf. MacEwen Petroleum, Inc. v. Tarbell*, 136 F.3d 263, 264 (2d Cir. 1998) ("A provision that offers a party the option of posting a bond, to be returned if he prevails in the underlying suit, is not an order granting or modifying an injunction … since it does not constrain the party in any way beyond restricting his use of the bond money <u>during the pendency of the litigation</u>," such condition is not an immediately appealable order) (emphasis added); *see also Trs. of Hosp. Mortg. Corp. v. Campania Aseguradora Interamericana S.A. Panama*, 672 F.2d 250, 251 (1st Cir. 1982) (per curiam) (holding that an order directing a defendant to post a security bond is not

In short, Defendants prevailed in this action, this case has terminated on the merits in this Court, and there is no judgment or further default to secure for Plaintiffs. The bond is due to be returned to Defendants, along with accrued interest.

## **CONCLUSION**

Because Defendants have prevailed in this case, this Court's continued retention of the bond Defendants deposited in accordance with the Court's 2009 vacatur directive is no longer justified. Defendants respectfully request that this Court enter an Order releasing the bond and directing it be returned to Defendants.

Dated:  March 4, 2016

Respectfully submitted,

/s/ Mitchell R. Berger
Mitchell R. Berger (D.C. Bar No. 385467)
Gassan A. Baloul (*Pro Hac Vice Pending*)
Alexandra E. Chopin (D.C. Bar No. 490736)
Aaron W. Knights (D.C. Bar No. 489555)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 626-6000
Facsimile:   (202) 457-6315
mitchell.berger@squirepb.com
gassan.baloul@squirepb.com
alexandra.chopin@squirepb.com
aaron.knights@squirepb.com

*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*

---

an "injunction" subject to an immediate appeal under 28 U.S.C. 1292(a) "since it does not constrain defendant in any way beyond restricting its use of the bond money <u>during the pendency of the litigation</u>.") (emphasis added).

[20] Presumably, Plaintiffs know this, which would explain why they have not sought a Rule 62 bond.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REUVEN GILMORE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 01-cv-0853-GK |
| | ) |
| PALESTINIAN INTERIM SELF- | ) |
| GOVERNMENT AUTHORITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] ORDER

This matter is before the Court on Defendants' Motion for Release of Bond Pursuant to Fed. R. Civ. P. 60(b)(5). Upon consideration of the papers submitted in connection with the Motion, and the record herein, the Motion is hereby GRANTED. The Court directs the Finance Office to promptly release the $1 million bond that Defendants deposited to the Court's registry in three separate deposits between January 29 and February 1, 2010, plus accrued interest.

SO ORDERED this ___ day of _____, 2016.

_____
Hon. Gladys Kessler
United States District Judge

*Copies to:*

Robert Joseph Tolchin
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street
Suite 1928
Brooklyn, NY 11201
Tel: (718) 855-3627
Fax: (718) 504-4943
rtolchin@berkmanlaw.com

Norman Steiner
LAW OFFICES OF NORMAN STEINER
233 Broadway
Suite 900
New York, NY 10279
Tel: (212) 240-9111
Fax: (212) 267-2110
nsteiner@nsteinerlaw.com

Mitchell R. Berger
Gassan A. Baloul
Alexandra E. Chopin
Aaron W. Knights
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 626-6000
Fax: (202) 457-6315
mitchell.berger@squirepb.com
gassan.baloul@squirepb.com
alexandra.chopin@squirepb.com
aaron.knights@squirepb.com