

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com


Gassan A. Baloul
gassan.baloul@squirepb.com
(202) 457-6155


September 11, 2020

**VIA ECF**

Honorable George B. Daniels
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Room 1310
500 Pearl Street
New York, NY 10007-1312

Re:   *Sokolow v. Palestine Liberation Organization, et al.*, No. 1:04-cv-0397 (GBD);
Defendants' Response to Plaintiffs' Letter of September 10, 2020 (Dkt. No. 1007).

Dear Judge Daniels:

On behalf of the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), we write in response to Plaintiffs' letter of September 10, 2020 (Dkt. # 1007).

Plaintiffs are not entitled to commence jurisdictional discovery at this time because they have not yet attempted to allege a *prima facie* case for jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, §903, 133 Stat. 3082 (Dec. 20, 2019) ("PSJVTA").  Plaintiffs bear the burden to establish a *prima facie* case for personal jurisdiction under the PSJVTA.  See *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-86 (2d Cir. 1998); *Jacubovich v. Israel*, No. 19-2970-cv, 2020 U.S. App. LEXIS 16961, at *11 (2d Cir. May 28, 2020) ("plaintiffs bear the burden of establishing personal jurisdiction and 'must make a prima facie showing that jurisdiction exists.'") (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).

Plaintiffs have not yet alleged any theory of personal jurisdiction under the PSJVTA because their extant complaint pre-dates the PSJVTA.  As a first step in implementing the Second Circuit's order to determine "the applicability of the PSJVTA to this case", Plaintiffs should be required to amend their current First Amended Complaint to set out their allegations of why the

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                          Honorable George B. Daniels
                                                                      September 11, 2020

PSJVTA provides a basis for personal jurisdiction over Defendants.  Once Plaintiffs have done so, Defendants can evaluate their appropriate next step, including a motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Defendants proposed this approach to Plaintiffs in advance of Plaintiffs filing their letter, and Plaintiffs rejected Defendants' proposal.

Jurisdictional discovery is properly denied when, as here, Plaintiffs have not yet attempted to "ma[k]e out a *prima facie* case for jurisdiction." *Indelible Media Corp. v. Meat & Potatoes, Inc.*, No. 12-CV-0978 (GBD), 2012 U.S. Dist. LEXIS 128243, at *7 (S.D.N.Y. Sep. 6, 2012) (denying jurisdictional discovery where a plaintiff failed to make allegations that would make out a prima facie case for jurisdiction, noting that "[t]he plaintiff cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be 'factually supported.'") (quoting *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009), and citing *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 501 (S.D.N.Y. 2004)).

The Second Circuit's limited-purpose remand order does not direct jurisdictional discovery, and thus leaves intact this Court's "discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for jurisdiction." *Joint Stock Co. v. Infomir Ltd. Liab. Co.*, No. 16 Civ. 1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 167773, at *12 (S.D.N.Y. Sep. 28, 2018); *see also Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD), 2015 U.S. Dist. LEXIS 44007, at *9 (S.D.N.Y. Mar. 31, 2015) (denying jurisdictional discovery for failure of "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.") (internal citations omitted).

Further, Plaintiffs have not particularized the nature and extent of the PSJVTA-related jurisdictional discovery they propose.  Jurisdictional discovery is properly denied when Plaintiffs' request "contains no specifics" and fails to "describe the documents they seek, or the time they expect such discovery to take, or what they expect it to show." *Joint Stock Co. v. Infomir*, No. 16 Civ. 1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 152237, at *50 (S.D.N.Y. Sept. 4, 2018), *adopted and aff'd by*, 2018 U.S. Dist. LEXIS 167773 (Daniels, J.).  Plaintiffs' refusal to identify their proposed discovery requests inevitably will lead to discovery disputes, whose resolution will require Plaintiffs to state their PSJVTA-based jurisdictional theory so that the Court can determine if Plaintiffs' requests fall within the scope of discovery.  Plaintiffs cannot avoid doing at this time what they would have to do at that time.

Accordingly, Defendants respectfully submit that the Court should direct Plaintiffs to file a second amended complaint stating their jurisdictional allegations under the PSJVTA within thirty days; and, that Defendants should be directed to file their response to Plaintiffs' amended complaint, including any Rule 12(b)(2) motion to dismiss, thirty days thereafter.

Squire Patton Boggs (US) LLP

Honorable George B. Daniels
September 11, 2020

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul
Partner