# Arnold & Porter

Kent A. Yalowitz
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

September 14, 2020

**BY ECF**

Hon. George B. Daniels
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  Re: *Sokolow et al. v. Palestine Liberation Organization et al.*
     No. 04 Civ. 397 (GBD)

Dear Judge Daniels:

  The Court should not reopen the pleadings.

  The task at hand is "determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality." The best way to carry out the Second Circuit's mandate is to start with the facts, which are now known only to defendants. Did defendants continue to conduct activities or maintain any facility in the United States after January 4, 2020? Did they continue to pay designees of convicted terrorists or suicide terrorists after April 18, 2020? Defendants know the answers to those relevant factual questions. Before the Court determines whether the PSJVTA applies under the relevant facts, defendants must be required to share those facts with plaintiffs and the Court.

  Reopening the pleadings is extraneous to the purpose of a *Jacobson* remand, in which "partial jurisdiction" is restored to this Court "to supplement the record on a discrete factual or legal issue." *See Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, J., concurring). Indeed, we have been unable to find *any* case where the pleadings were reopened on a *Jacobson* remand. Even if the scope of the mandate permitted reopening of the pleadings, there would be no need to blaze such a trail in this case.

  Reopening the pleadings would be unnecessary even if this Court had received a plenary remand, for it is black letter law that "plaintiffs are not required to plead the basis for personal jurisdiction over defendants." 4 *Wright & Miller's Fed. Prac. & Proc. Civ.* § 1067.6 (4th ed.); *see Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2d Cir.

**Arnold & Porter**

Hon. George B. Daniels
September 14, 2020
Page 2

1971) (per curiam) (reversing where district court held that it was necessary to allege in the complaint "that the district court had personal jurisdiction").[1]

Amending the complaint would also be pointless because plaintiffs may rely on—and district courts may consider—"materials outside the pleadings" to determine whether a plaintiff has made out a *prima facie* showing of personal jurisdiction. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013); *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Personal jurisdiction may be established based on evidence developed during discovery and, if factual disputes remain, after an evidentiary hearing. *See Dorchester*, 722 F.3d at 84-85; *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). That is what plaintiffs propose here.

Defendants also misstate the relevant legal standard with regard to jurisdictional discovery. "Even if a plaintiff has not made out a prima facie showing for personal jurisdiction, the Court has discretion to order further discovery on the jurisdictional issue, provided that the plaintiff makes a threshold showing of jurisdiction and establishes that its position is not frivolous." *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 231 (S.D.N.Y. 2015) (alterations and quotations omitted), *aff'd*, 864 F.3d 236 (2d Cir. 2017).[2] It is "legal error" for a district court to "forbid[] jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction." *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007).

---

[1] *Accord, e.g., Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913 (PAE), 2020 WL 2130680, at *7 n.3 (S.D.N.Y. May 5, 2020) ("[I]t is not the duty of the plaintiff to plead personal jurisdiction."); *Hypefortype Ltd. v. Universal Music Grp.*, No. 17-CV-4468 (BMC), 2017 WL 11537717, at *1-3 (E.D.N.Y. Sept. 17, 2017) ("[A] plaintiff in federal court need not make any mention of personal jurisdiction, nor the facts supporting it, in its complaint."); *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 121 (JPO), 2014 WL 1133472, at *5 (S.D.N.Y. Mar. 21, 2014) ("[I]t is not the duty of the plaintiff to plead personal jurisdiction").

[2] *Accord, e.g., Gentry v. Kaltner*, No. 17 Civ. 8654 (KMK), 2020 WL 1467358, at *8 (S.D.N.Y. Mar. 25, 2020) (same); *Widows Sons Grand Chapter of the Kings Guard Inc. v. Davenport,* No. 17 Civ. 6701 (CJS), 2018 WL 9643183, at *7 (W.D.N.Y. June 13, 2018) (same); *PST Servs. v. Larson*, 221 F.R.D. 33, 37 (N.D.N.Y. 2004) (plaintiff need only make a "threshold showing of jurisdiction and establish[] that its position is not frivolous."); *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994) (same).

# Arnold & Porter

Hon. George B. Daniels
September 14, 2020
Page 3

Plaintiffs' September 10, 2020 letter requesting that the court begin the remand proceedings with jurisdictional discovery set forth *three* particularized and specific factual bases for jurisdiction under the PSJVTA, citing publicly available evidence. (DE 1007). That evidence satisfies the requirement of a non-frivolous "threshold showing of jurisdiction." *Tannerite*, 135 F. Supp. 3d at 231 & cases cited *supra* n. 3.

Indeed, the Supreme Court's order granting plaintiffs' petition, vacating the judgment, and remanding to the Second Circuit reflected the Supreme Court's determination that there is "a reasonable probability" that consideration of the PSJVTA may change "the ultimate outcome of the litigation." *See Lawrence v. Chater*, 516 U.S. 163, 168 (1996). A remand would have been unnecessary if plaintiffs had not made a threshold showing that fact-finding in this case could meet the terms of the PSJVTA. And when the case returned to the Second Circuit, defendants repeatedly *conceded* that this Court would have to "develop new jurisdictional facts under [the] new statute."[3]

Finally, defendants insist (DE 1008 at 2) that plaintiffs "particularize[] the nature and extent of the PSJVTA-related jurisdictional discovery they propose." That is nonsense. The *mandate* and the *statute* particularize the nature of the discovery needed, which will be directed to the facts necessary to establish personal jurisdiction over the defendants under 18 U.S.C. 2334(e). If and when actual discovery disputes arise, they can be resolved by the Court in the ordinary course; they do not need to be pre-litigated now.

Respectfully yours,

Kent A. Yalowitz

cc: ECF Counsel

---

[3] Defs.' Letter Br. at 2, *Sokolow v. Palestine Liberation Org.*, No. 15-3135 (2d Cir. July 17, 2020), ECF Doc. No. 354; *see id.* at 6 (arguing unsuccessfully that plaintiffs' back-up case was the best way "for the district court to develop post-PSJVTA facts"), 28 (arguing unsuccessfully that plaintiffs' back-up case was the "more logical vehicle for developing post-PSJVTA facts"), 29 (same), 34 (conceding that, after "[d]eveloping post-PSJVTA facts," this Court and the Second Circuit will have to "resolve the statutory-predicate and construction issues").