# Exhibit 34

# 15-3135(L)
## 15-3151(XAP)

United States Court of Appeals
*for the*
Second Circuit

---

**Mark I. Sokolow,** *et al.*

*Plaintiffs-Appellants,*

v.

**Palestine Liberation Organization,** *et al.*,

*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK IN 2004 CIV. 0397
HONORABLE GEORGE B. DANIELS

---

## DECLARATION OF DAVID C. RUSSELL

---

David C. Russell hereby declares as follows:

1.   I am associated with the firm of Arnold & Porter Kaye Scholer LLP, counsel for Plaintiffs in *Sokolow v. PLO*. I make this declaration to place certain facts before the Court.

2.   I understand from published court decisions and the record in this case that the PLO and PA maintained an office in Washington, D.C. for many years.

A278

3. According to Item 11 of Defendants' most recent FARA report, one service that Defendants' Washington, D.C. office provided was "Consular Services, such as Power of Attorney documents, Birth and Death certificates, and other forms." A copy of this FARA report, filed with the Department of Justice on October 9, 2018, is attached as Ex. A.

4. This report indicates that the Department of State ordered Defendants' Washington, D.C. office to be closed on October 10, 2018. Ex. A, Item 7.

5. In an October 11, 2018 radio interview, Hakam Takash, an employee in Defendants' Washington, D.C. office, described the consular services that the office provided, stating that they included services certifying documents for use in Palestinian legal proceedings. A transcription of that portion of the interview is attached as Ex. B.

6. According to an article published in the Arabic-language newspaper Al-Quds, when the D.C. office closed, the office announced on behalf of the PA's Ministry of Foreign Affairs and Expatriates that "the government of the State of Palestine will unequivocally honor its promises to its citizens living in the United States . . . and has stressed that it would find alternate ways of continuing to provide consular services, and guarantee the continued provision of services to citizens." A copy of the Al-Quds article, dated November 10, 2018, is attached as Ex. C.

7. Before the Washington, D.C. office closed, Defendants advertised on their "PLODelegation.org" website that the office provided consular services. A copy of the internet archive of the "consular affairs" section of the website "plodelegation.org" from September 10, 2018 is attached as Ex. D. That section listed a number of notaries as part of its consular-service offerings, among them Ahmad Alahmad, Samir Farhat, and Awni Abu Hdba. *Id.* In February 2019, I placed calls to these individuals.

8. I spoke with Mr. Alahmad on February 25 and asked him whether he was licensed to certify documents for use in Palestine. He said that he was. I then asked him whether he was willing to certify my certificate of admission from the U.S. District Court for the Southern District of New York ("admission certificate") for use in Palestine. In response, he asked me to email him my admission certificate before he could give me an answer, which I did. Later in the day, he called me and left me a voicemail saying that he had referred my request to a person in Washington, D.C., who would contact me about certifying my admission certificate.

9. On February 27, 2019, Mr. Alahmad emailed me telling him to call him. When I called him back, he told me that his contact is Washington, D.C. was now unable to certify my admission certificate and that he would certify it instead.

Specifically, he told me that he would mail the admission certificate to either Canada or Mexico for certification.

10. I also spoke with Mr. Farhat on February 25 and asked him whether he was licensed to certify documents for use in Palestine. He said that he was. He then gave me the name of a person who I should contact in Paterson, New Jersey—Mr. Abu Hdba.

11. I spoke with Mr. Abu Hdba on February 26 and asked him whether he was licensed to certify documents for use in Palestine. He said that he was. I then asked him whether he was willing to certify my admission certificate for use in Palestine. In response, he asked me to email him my admission certificate, which he wanted to look at before giving me an answer. I then emailed him my admission certificate to the email address that he gave me.

12. Mr. Abu Hdba called me back later in the day and told me that he would provide the necessary certifications for my admission certificate. Specifically, he told me that he would send the admission certificate to Canada for certification.

13. Mr. Abu Hdba then gave me an address in New Jersey to mail my admission certificate to. He also told me to include a $300 money order—the fee for certifying the admission certificate.

14. I mailed Mr. Abu Hdba my admission certificate on February 26, 2019 to the address in New Jersey that he gave me, along with a $300 money order. On February 27, 2019, FedEx delivered the admission certificate to that address. A copy of the proof of delivery is attached as Ex. E.

15. On March 11, 2019 I received my stamped admission certificate from Mr. Abu Hdba. A copy of the stamped admission certificate, along with the envelope that it came in indicating that it was mailed to me from New Jersey, is attached as Ex. F.

16. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         March 20, 2019

*[signature]*
David C. Russell

5

A282