

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O  +1 202 457 6000
F  +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T  +1 202 457 6155
gassan.baloul@squirepb.com

June 9, 2021

**VIA ECF**

Hon. George B. Daniels
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007-1312

      Re:    *Sokolow et al. v. Palestine Liberation Organization, et al.*, No. 04-cv-397
            (S.D.N.Y.) (GBD); Oral Argument Held May 19, 2021

Dear Judge Daniels:

      On behalf of Defendants, we write concerning Defendants' proposed post-argument submission in accordance with the permission previously granted by the Court. *See* Tr. (5/19/21) at 99. Defendants initially hoped to obviate the need for such a submission by asking the Court instead to take judicial notice of their June 7, 2021, "Supplemental Brief on the PSJVTA" filed at Judge Furman's direction in *Fuld v. PLO, et al.*, No. 20-cv-3374 (*Fuld* Dkt. # 42) ("Defendants' *Fuld* Brief"). Defendants' *Fuld* Brief directly addresses Your Honor's oral argument question whether "forced consent" to jurisdiction under the PSJVTA violates constitutional requirements, and related issues. Tr. (5/19/21) at 4:8.

      Accordingly, on June 8, 2021, we advised Plaintiffs that Defendants proposed to proceed in this fashion. However, Plaintiffs objected and insisted that Defendants instead submit a five-page letter containing substantive argument, as Your Honor had allowed. *See* Exh. A. As a result, also on June 8, we then provided Plaintiffs with Defendants' five-page letter. *Id.* In response, Plaintiffs insisted that Defendants not submit their five-page letter until they could prepare their own letter, which they said they would not be able to do before late in the week of June 14 at the earliest. *Id.*

      Defendants had hoped to file their five-page letter today (*id.*), given that the Court had advised the parties that it intended to rule as quickly as possible. *See* Tr. (5/19/21) at 99:25. Because Plaintiffs need additional time for their letter, however, Defendants believe it is appropriate to advise the Court now of the parties' plan to make supplemental submissions. Further, in the meantime, Defendants request that the Court take judicial notice of Defendants' *Fuld* Brief, which already is a matter of public record, and which Defendants have served on the Attorney General as Judge Furman directed.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

*See Fuld* Dkt. ## 36, 43.  As we advised Plaintiffs (Exh. A), Defendants consider it appropriate to keep Your Honor apprised of developments concerning adjudication of the same PSJVTA issues in the parallel *Fuld* litigation.  This is particularly so, given that Plaintiffs have notified Your Honor of Judge Furman's order for supplemental PSJVTA briefing (*see* Dkt. #1026), and they still earlier notified the Attorney General of the PSJVTA-related proceedings in *Sokolow* (Dkt. #1019), as Your Honor observed during oral argument (Tr. (5/19/21) at 94:7-25).

For the foregoing reasons, Defendants request that Your Honor take judicial notice of their *Fuld* Brief in connection with the PSJVTA questions pending before the Court.  Defendants respectfully submit that doing so will ensure uniformity of PSJVTA-related proceedings across similar lawsuits pending in this District.  *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts, … not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").  Defendants note that Plaintiffs, without consulting Defendants, previously tendered their own supplemental materials allegedly relating to PSJVTA issues, after the parties had filed their PSJVTA briefs.  *See* Dkt. ##1026, 1027.  It would be unfair to allow Plaintiffs unilaterally to submit supplemental materials bearing on PSJVTA issues before the Court, while giving Plaintiffs a veto power over Defendants' ability to call the Court's attention to other supplemental materials relevant to the same PSJVTA issues.

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul