# Arnold & Porter

Kent A. Yalowitz
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

June 10, 2021

**BY ECF**

Hon. George B. Daniels
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Sokolow et al. v. Palestine Liberation Organization et al.*
                No. 04 Civ. 397 (GBD), No. 18 Civ. 12213 (GBD)

Dear Judge Daniels:

      I write in response to Defendants' request that the Court take "judicial notice of their *Fuld* Brief." ECF No. 1031. The request is, in effect, the improper presentation of an unauthorized 25-page sur-reply brief and an evasion of the Court's denial of Defendants' request for "closing briefs." The Court would be well within its discretion to impose an appropriate sanction; but instead, the Court should grant Plaintiffs leave to file a 15-page brief responding to the new assertions in the *Fuld* brief.

      At oral argument on the present remand, after submitting a 60-page brief and presenting oral argument for nearly two hours, Defendants asked for permission to file "closing briefs." Transcript at 99. The Court denied the request:

> MR. BERGER: I was wondering, your Honor, if you would find it helpful to have closing briefs, given how much we have thrown at you in the argument….
>
> THE COURT: Mr. Yalowitz?
>
> MR. YALOWITZ: I don't think we need more briefs.
>
> THE COURT: I don't think we do either. If something that you want is of urgency and you want to submit it by letter, a short letter, really less than five pages, but even much less than that, then you should exchange those letters. And then you should give the other side that letter before you file it, and then I'll address it.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street | New York, NY 10019-9710 | www.arnoldporter.com

# Arnold & Porter

Hon. George B. Daniels
June 10, 2021
Page 2

*Id.* Defendants' request to take "judicial notice" of a 25-page brief they filed in another case presenting arguments covered at oral argument (though not made in their original 60-page brief) is not a submission of "less than five pages." Rather, it is an evasion of the Court's page limitations. Judge Furman reprimanded Defendants for this tactic in the *Fuld* case:

> Mr. Berger, with all due respect, I feel like you're being a bit too cute or too clever by half. Your briefs in this case incorporate by reference your briefs in the Sokolow case. Putting aside the propriety of doing that in general, because if you have something to say in a brief, you should say it in the brief filed before me. And rather than evading page restrictions and incorporating some other lengthy brief if you need extra pages, you have extra pages, but I prefer briefing in my own cases to be in my own cases.

Transcript at 5 in *Fuld v. Palestine Liberation Org.*, No. 20 Civ. 3374 (JMF) dated May 5, 2021 (ECF No. 40).

Indeed, this is now the third related case in as many months in which Defendants have disregarded the instructions of members of this Court. In another case, Judge Vyskocil ordered jurisdictional discovery, but Defendants obstructed. At a discovery conference Judge Vyskocil said:

> Now, I will hear from people if they wish to be heard; but, as far as I'm concerned, you have my views on the subject, and the final thing we need to talk about is a new schedule. I'm telling the parties right now the defendant, in my view, is in contempt of my Order that jurisdictional discovery should take place. * * * Any further obstruction of discovery, I will entertain applications for sanctions.

Transcript at 13-14 in *Shatsky v. Palestine Liberation Org.*, No. 18 Civ. 12355 (MKV), dated April 29, 2021 (ECF No. 81).

Evasion of court-imposed page limits can warrant punishment of the client. *See Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 641 (2d Cir. 1995) (denying costs to prevailing party "because its counsel blatantly evaded this Court's page limit on briefs by the massive abuse of textual footnotes").

Here, given Defendants' evasion of the Court's order, the best course is to allow Plaintiffs to file a 15-page responsive brief within three weeks.

# Arnold & Porter

Hon. George B. Daniels
June 10, 2021
Page 3

                                             Respectfully yours,

                                             Kent A. Yalowitz

cc:  ECF Counsel