

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com


Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

June 10, 2021

**VIA ECF**

Hon. George B. Daniels
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007-1312

> Re:     *Sokolow et al. v. Palestine Liberation Organization, et al.*, No. 04-cv-397
>          (S.D.N.Y.) (GBD); Oral Argument Held May 19, 2021

Dear Judge Daniels:

On behalf of Defendants, we respond to Plaintiffs' baseless accusation (Dkt. #1032) that Defendants have evaded any order of this Court by asking Your Honor to take judicial notice of their "Supplemental Brief on the PSJVTA" in *Fuld v. PLO* (Dkt. #1031).

Plaintiffs offer no response to the Second Circuit authority we cited (*id.* at 2, citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) that "courts routinely take judicial notice of documents filed in other courts, … not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  Nor could Plaintiffs do so, given that the Second Circuit consistently follows that rule on judicial notice.  *See Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425-26 (2d Cir. 2008) (affirming judicial notice of "assertions … made in lawsuits and regulatory filings").

Regarding the May 5, 2021, conference in *Fuld*, Plaintiffs omit the bottom line.  At Defendants' suggestion, following the colloquy Plaintiffs cite, Judge Furman ordered supplemental briefing concerning the PSJVTA, and Plaintiffs previously tendered that order to Your Honor.  *See* Dkt. #1026, attaching *Fuld* Dkt. #36.  Plaintiffs unaccountably think it is appropriate for Your Honor to take judicial notice of Judge Furman's order, but not of the resulting brief that Defendants filed.

Defendants are not seeking to rely on their *Fuld* brief as supplemental briefing in this action.  To the contrary, as we noted yesterday, Defendants already have prepared, sent to Plaintiffs' counsel, and are ready to submit immediately their five-page post-argument letter in this case, as Your Honor allowed.  *See* Dkt. #1031, at 1.  We are simply waiting for Plaintiffs to prepare their response.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

Further, Plaintiffs' citation to a discovery conference in the *Shatsky* action is both gratuitous and misleading.  The issue before Judge Vyskocil was the parties' compliance with her order for jurisdictional discovery concerning the PSJVTA.  Judge Vyskocil was even-handed in her critiques, finding the "plaintiffs' discovery demands grossly overbroad and abusive."  *Shatsky* Tr. (4/29/21) at 11:25-12:2; *see also*, *e.g.*, *id.* at 12:4-6 ("I authorized jurisdictional discovery in this case; I did not authorize the kind of abusive, overly broad discovery that has been propounded here."); *id.* at 28:8-10 ("So I think I was pretty loud and clear to the plaintiffs that I found their requests overly broad and abusive.").  Given that Your Honor did not order PSJVTA jurisdictional discovery here, Plaintiffs' detour into the *Shatsky* proceedings is both irrelevant and *ad hominem*.

Finally, Plaintiffs' request for leave to submit a "15-page responsive brief" addressing Defendants' supplemental *Fuld* brief would serve no legitimate purpose.  First, the parties are submitting their own five-page post-argument letters as the Court allowed, and Defendants' letter makes the same arguments as in their supplemental *Fuld* brief, in compact fashion.  Second, the parties can provide Your Honor with the remaining supplemental PSJVTA briefs to be filed in *Fuld*—which again are the proceedings that Plaintiffs themselves first saw fit to bring to Your Honor's attention.

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul

2