# Exhibit 1



Washington, D.C. 20520

June 22, 1994

Mr. Hasan Abdel Rahman
c/o Palestine Affairs Center
1730 K St., N.W.
Suite 703
Washington, DC 20005

Dear Mr. Abdel Rahman:

    The Palestine Liberation Organization (PLO) representation in the United States ("office") has been designated a foreign mission pursuant to the Foreign Missions Act. This letter contains some general information concerning the office and, in accordance with the authority contained in that Act (22 U.S.C. § 4304(b)), sets forth terms and conditions with which the office must comply. The State Department will be responsible for seeing that the office complies with these terms and conditions. The State Department may also apply additional terms and conditions from time to time as the need arises.

    As you know, the Antiterrorism Act of 1987 (section 1003 (3) Title X of P.L. 100-204) prohibited establishment or maintenance of a PLO office in the United States. The Middle East Peace Facilitation Act of 1994, Part E of Title V of Public Law 103-236, provides the President authority to suspend this prohibition temporarily until July 1995. For the suspension to remain in effect, the President must certify that the PLO continues to abide by the commitments Chairman Arafat set forth in his September 9, 1993 letters to Prime Minister Rabin and Foreign Minister Holst and the commitments in, and resulting from, the good faith implementation of the Declaration of Principles. The Administration must also report to Congress on PLO efforts to lift the Arab League boycott of Israel, among other things. If at any time the President is unable to make this certification, or if the President certifies that the PLO has not continued to abide by these commitments, or if the President's statutory authority lapses, the PLO office must be closed. If the office itself engages in activities which are inconsistent with the established terms and conditions, its ability to continue operations will also be jeopardized.

The head of the office and other members of the office, as appropriate, will have ready access to State Department officials on matters of mutual concern. The head of the office and other office personnel may be invited to official U.S. functions on a case by case basis.

The office will not be a diplomatic mission under the Vienna Convention on Diplomatic Relations, customary international law or U.S. law. The head of the office and other office personnel will not have diplomatic status nor receive diplomatic privileges or immunities. Such persons will not receive diplomatic license plates for official or personal vehicles nor will they be listed in the "Blue Book." The head of the office will not be referred to as ambassador or chief of mission nor present "credentials" to any Administration officials.

No permanent or temporary members of the office will receive diplomatic (i.e., A and G) visas for travel to the U.S. PLO officers, officials, representatives or spokespersons still will require waivers of visa ineligibility pursuant to the Immigration and Nationality Act. The State Department will continue to handle such requests as expeditiously as possible, depending on the particulars of each case.

The following terms and conditions shall apply to the office pursuant to 22 U.S.C. § 4304(b)(B):

- The office may not portray itself as a diplomatic mission or as representing the "State of Palestine" or "Palestine." Examples of prohibited activities include, but are not limited to:

  - flying a flag outside its premises or otherwise displaying it so as to be seen by the general public;

  - the use of letterhead, seals, logos, etc., which portray the office as a diplomatic mission or as representing the "State of Palestine" or "Palestine."

- The head of the office may not portray himself or herself as ambassador or chief of mission.

- In its activities, the office may represent the PLO. It may not claim to represent or speak for the "State of Palestine" or "Palestine."

- The office may not solicit funds for any purpose except, to the extent permitted by U.S. law, for economic or development projects or programs in the West Bank and Gaza, or for humanitarian programs for Palestinians in the West Bank, Gaza, or elsewhere.

- To the extent permitted by U.S. law, the office may receive funds from the PLO or its constituent groups and carry out necessary expenditures in the U.S. with PLO funds as long as the Presidential suspension of statutory prohibitions remains in effect. Necessary expenditures include: purchase or rental of office space, hiring of employees, and procurement of goods and services.

- The office will secure approval from the Director of the Office of Foreign Missions before entering into any contract or other agreement for or acceptance of the acquisition of telecommunications equipment or services, including telephone, telegraph and facsimile equipment and services. The office will comply with such terms and conditions as the Director of the Office of Foreign Missions may apply to the acquisition or use of any such equipment or services.

Again, the State Department may apply additional terms and conditions to the office or alter the aforementioned terms and conditions as the need arises.

We remind you that, in accordance with Section 205 of the Foreign Missions Act (22 U.S.C. § 4305), the office, as a foreign mission, must "notify the Secretary [of State] prior to any proposed acquisition, or any proposed sale or other disposition, of any real property by or on behalf of such mission." We further remind you that you should contact the Department of Justice with respect to registration under the Foreign Agents Registration Act of 1938.

We look forward to working with you and will be glad to clarify any points in this letter about which you have questions. As matters of mutual concern arise, we will be happy to discuss them with you.

Sincerely,

Eric J. Boswell
Director