

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

August 20, 2021

Hon. George B. Daniels
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:**   *Sokolow v. PLO*, **No. 04-cv-00397 (GBD)**

Dear Judge Daniels:

On behalf of Defendants Palestine Liberation Organization and Palestinian Authority, we respond to Plaintiffs' August 13, 2021, letter [ECF 1039], enclosing the United States' brief in *Fuld v. PLO*, No. 20-cv-3374 (JMF) (S.D.N.Y.) (the "U.S. Brief"), and asking (without advance notice to Defendants) that the Court make findings of fact based on jurisdictional discovery taken in *Shatsky v. PLO*, No. 18-12355 (MKV) (DCF) (S.D.N.Y.). Notably, Your Honor denied Plaintiffs' earlier request to take jurisdictional discovery in this action [ECF 1011], and did not authorize Plaintiffs to submit proposed findings of fact based on jurisdictional discovery in *Shatsky*.

First, as to the U.S. Brief in *Fuld*, Defendants respectfully request that Your Honor take judicial notice of Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction in *Shatsky* [ECF 116] filed today ("*Shatsky* Motion"), which (particularly at pages 14-15 and 22-23) responds to the U.S. Brief. *Hicks v. Bellnier*, 43 F. Supp. 3d 214, 226 (E.D.N.Y. 2014) ("the Court has taken judicial notice of the brief filed by his appellate counsel before the Second Department, which argues the same four grounds raised in this Petition, and considered the arguments articulated there to the fullest extent possible in this action.").

Second, Plaintiffs' proposed "findings of fact" are irrelevant to PSJVTA jurisdiction, because none would change the jurisdictional analysis:

*1. The physical premises of the Mission are not in the United States.* The proposed findings regarding use of Palestine's UN Mission office are irrelevant because PSJVTA jurisdiction cannot

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                                                 Judge Daniels
                                                                                             August 20, 2021

be based on any office used exclusively for official UN activities (18 U.S.C. § 2334(e)(3)(A)), and the statute's rule of construction treats any office "exempted by paragraph (3)(A)" as outside the United States; further, official and personal activities of Palestine's UN Mission that are "ancillary" to UN business cannot support PSJVTA jurisdiction (18 U.S.C. § 2334(e)(3)(F)). This tracks established law that "the UN Headquarters is not really United States territory at all, but is rather neutral ground over which the United States has ceded control", and that Palestine's UN Mission is not in the United States. *Klinghoffer v. SNC Achille Lauro*, 937 F.2d 44, 51(2d Cir. 1991); U.S. Brief, *Klieman v. Palestinian Auth.*, No. 15-7034, at 6 (D.C. Cir. Feb. 15, 2019).

2. *The PSJVTA does not create jurisdiction based on the normal activities of Palestine's UN Mission.* Plaintiffs' proposed findings rest on the assumption that official UN and ancillary activities cannot involve speech regarding the Palestinian situation and Israel's role in that situation. This ignores that such speech is omnipresent at UN organs[1] and UN Missions.[2] It also ignores the modern reality that the UN and UN Missions communicate their official and ancillary business through social media.[3] *See Shatsky* Motion at 24-25. As explained by the UN Committee on the Exercise of the Inalienable Rights of the Palestinian People ("CEIRPP"), the UN expects Palestine's Mission to "participate[] in the work of both the Committee and the Bureau" as part of its observer status.[4] In 2020, the CEIRPP officially "focus[ed] its activities on diplomatic efforts and initiatives to support … an end to the Israeli occupation" and to "mobilize the international community to stay steadfast in its support for the inalienable rights of the Palestinian people."[5] "Through its activities," the CEIRPP's work and activities raise "awareness of the political, human rights and humanitarian developments on the ground" and seek "to mobilize the broadest possible international support."[6] The CEIRPP and other UN bodies use Facebook, Twitter, and their websites to echo Palestine's UN Mission on these topics. Plaintiffs complain that the UN Mission usually posts in English, but again that is true of most UN entities and missions.[7]

---

[1] *See, e.g.,* Meetings Coverage, GA/12325 (António Guterres: "If there is a hell on earth, it is the lives of children in Gaza") (May 20, 2021), G.A. Res. No. A/C.4/73/L.18 (Nov. 14, 2018) (condemning "the excessive use of force by the Israeli occupying forces against Palestinian civilians, resulting in the death and injury of civilians"); G.A. Res. No. A/73/L.32 (Nov. 23, 2010) (condemning "acts of violence, intimidation and provocation by Israeli settlers against Palestinian civilians … settlement construction and expansion, home demolitions, evictions ...").

[2] *See, e.g.,* Twitter: @UKUN_NewYork ("What hope is there for 2-state solution when communities are simply removed from the map?") (Oct 14, 2016), @FranceONU (Feb. 24, 2020) ("No further settlements. No colonization."); @Turkey_UN (Apr. 23, 2020) ("All illegal settlement and demolition activities must stop.").

[3] For example, when Palestine's mission tweeted about surfing in Gaza on April 6th, the UN International Day of Sport, it joined other UN bodies like UNICEF and the U.S. UN Mission that celebrate that day.

[4] Report, CEIRPP, UN Doc. A/75/35, at: https://www.un.org/ga/search/view_doc.asp?symbol=A/75/35, ¶ 31.

[5] Programme of Work for 2020, CEIRPP, UN Doc. A/AC.183/2020/1 (Feb. 7, 2020), at: https://www.un.org/unispal/document/palestinian-rights-committee-programme-of-work-for-2020-a-ac-183-2020-1/.

[6] *Id*.

[7] *See* Minimum standards of multilingualism for United Nations websites, available at: https://www.un.org/en/multilingualism-web-standards (noting the "disparity between the use of English and the use of the other five official languages").

Squire Patton Boggs (US) LLP										Judge Daniels
																August 20, 2021

*3. Plaintiffs' proposed findings are riddled with errors.*

*(a) Pretending that organizations and individuals that assist with, partake in, and rely on the work of the UN are unrelated to the UN.* This includes meeting with professors, graduate students, and students researching, writing about, and working to understand the Question of Palestine at the UN.[8] Other delegations to the UN, and many UN bodies, regularly conduct similar activities with students and professors. Similarly, Plaintiffs count Human Rights Watch as non-UN-related, even though it is a civil society organization that is formally accredited by the United Nations.[9] Likewise, the Norwegian Refugee Council receives funding from the United Nations High Commissioner for Refugees, United Nations Children's Fund, United Nations Development Fund, United Nations Office for the Coordination of Humanitarian Affairs, and the United Nations World Food Programme.[10]

*(b) Including in their numbers organizations that are not in the United States.* Plaintiffs also count virtual interactions from Palestine's UN Mission (which is not in the United States, as a matter of law), or by Mission personnel in their official capacity, with entities that also are not in the United States, *e.g.*, Israa University in the Gaza Strip, Turkish Radio and Television Corporation in London, and Al-Jazeera in Doha, Qatar. ECF 1039 at 2 n.5.

There are multiple other errors, including significant double-counting of meetings and interactions.

Ultimately, however, none of Plaintiffs' proposed "findings of fact" is relevant to the PSJVTA because all referenced facts easily fall within the normal official business of any UN mission, and certainly within PSJVTA-exempt "personal or official activities conducted ancillary" thereto.

Respectfully submitted,

/s/ *Gassan A. Baloul*
Gassan A. Baloul

cc:	All Counsel (via ECF)

---

[8] *See* United Nations, Question of Palestine, Key issues at stake, *at* https://www.un.org/unispal/permanent-status-issues/
[9] *See* List of Non-Governmental Organizations Accredited to the Conference of States Parties, at https://www.un.org/development/desa/disabilities/conference-of-states-parties-to-the-convention-on-the-rights-of-persons-with-disabilities-2/list-of-non-governmental-organization-accredited-to-the-conference-of-states-parties.html.
[10] *See Partners and donors*, Norwegian Refugee Council, https://www.nrc.no/who-we-are/our-donors/.