

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

March 25, 2022

Hon. George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:**    *Sokolow v. PLO*, **No. 04-cv-00397 (GBD-RLE)**

Dear Judge Daniels:

We are counsel to Defendants Palestine Liberation Organization and the Palestinian Authority ("Defendants") in this matter.  Plaintiffs have moved for reconsideration of this Court's March 10, 2022 decision and for additional fact-finding.  Reconsideration Motion, ECF 1056, 1057 ("Reconsideration Motion").  We write to respectfully request that the Court dismiss Plaintiffs' Reconsideration Motion for lack of jurisdiction in light of the order by the United States Court of Appeals for the Second Circuit, issued before Plaintiffs' Motion was filed, recalling its limited *Jacobson* remand and restoring jurisdiction to the appellate court.  Order Reinstating Appeal, ECF 1055; 2d Cir. Case No. 15-3135, ECF 376, 377 (Mar. 24, 2022).

The Second Circuit issued a remand to this Court "for the limited purposes" of deciding: (1) "the applicability of the PSJVTA to this case" and, (2) "if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality."[1]  Remand Order, 2d Cir. Case No. 15-3135, ECF 369 (Sept. 8, 2020).  The Second Circuit further instructed, citing *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), that "[a]fter the district court has concluded its consideration, the case will be returned to this Court for further proceedings."  *Id*.  This Court's March 10, 2022 decision satisfied the conditions for restoring appellate jurisdiction set by the Second Circuit by holding that "The PSJVTA of 2019 is applicable to this case.  The statute is unconstitutional."  PSJVTA Decision and Order at 12, ECF 1054 (Mar. 10, 2022).  The

---

[1] "PSJVTA" refers to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (codified at 18 U.S.C. § 2334(e)).

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP　　　　　　　　　　　　　　　　　　　　　　　　Judge Daniels
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 25, 2022

accompanying docket entry confirmed that this Court's order fulfilled the limited purposes set forth in the mandate: "The PSJVTA of 2019 is applicable to this case. The statute is unconstitutional. SO ORDERED."

In a *Jacobson* remand, the court of appeals' order contains "conditions upon the occurrence of which jurisdiction will be automatically restored to the appellate panel without a new notice of appeal." *Jacobson*, 15 F.3d at 22. The Second Circuit considered whether, in its PSJVTA Decision and Order, "the district court ha[d] fulfilled the terms of [the] limited remand." Order Reinstating Appeal, ECF 1055 (Mar. 24, 2022). Because the conditions of its limited *Jacobson* remand had been met, the Second Circuit issued an order recalling the mandate and reinstating the appeal. *Id.* Jurisdiction has therefore been "restored to the appellate panel without a new notice of appeal." *Jacobson*, 15 F.3d at 22.

After the appellate court recalled the mandate and reinstated the appeal, Plaintiffs nonetheless moved for reconsideration of this Court's March 10 decision. Reconsideration Motion, ECF 1056, 1057. Counsel for Defendants advised Plaintiffs in advance of their Reconsideration Motion that pursuing this motion after the Second Circuit's order recalling the mandate would be a breach of that order, but they willfully proceeded anyway.[2] "Jurisdiction follows the mandate," *United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996), and the mandate has returned this matter to the Second Circuit. Order Reinstating Appeal, ECF 1055; 2d Cir. Case No. 15-3135, ECF 376, 377 (Mar. 24, 2022). *See also Teva Pharms. United States, Inc. v. Sandoz, Inc.,* 2015 U.S. Dist. LEXIS 17396, at *14 (S.D.N.Y. Feb. 10, 2015) (declining to rule on issue before appellate mandate returned jurisdiction to district court because "'jurisdiction follows the mandate'") (citations omitted). This Court should not stretch to exercise jurisdiction over the Reconsideration Motion when the Second Circuit has retrieved its jurisdiction, and when Plaintiffs vexatiously proceeded with the Reconsideration Motion in defiance of the Second Circuit's Order.

We therefore respectfully ask this Court to dismiss Plaintiffs' Reconsideration Motion for lack of jurisdiction. Given that Plaintiffs purport to invoke the deadlines of Loc. Civ. Rule 6.3, we further request that the Court rule on this application as promptly as possible in advance of the 14-day deadline that otherwise would apply to Defendants' opposition to the Reconsideration Motion.

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　Squire Patton Boggs (US) LLP

　　　　　　　　　　　　　　　　　　　　　　　Gassan A. Balou

cc:　　All Counsel (via ECF)

---

[2] Furthermore, insofar as Plaintiffs purport to seek reconsideration, their 33-page submission violates Local Civil Rule 6.3 on reconsideration motions by failing to explain concisely what issue of law or fact the Court overlooked, and exceeds this Court's 25-page limit for memoranda of law. *See* Loc. Civ. R. 6.3.