

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

**VIA ECF**

June 3, 2022

Hon. George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:**   *Sokolow v. PLO*, **No. 04-cv-00397 (GBD-RLE)**

Dear Judge Daniels:

Defendants Palestinian Authority and Palestine Liberation Organization move for leave to file the attached sur-reply in opposition to Plaintiffs' reply in support of their motion for reconsideration [ECF 1067], because Plaintiffs' reply raises new factual and legal arguments omitted from their original motion. Plaintiffs' reply makes a number of legal and factual arguments for the first time, and attaches a new declaration concerning a third notary and events from 2020 that was not provided in support of the motion for reconsideration and was attached without leave of court. *See* Local Civil Rule 6.3 ("No affidavits [in support of a motion for reconsideration] shall be filed by any party unless directed by the Court."). Plaintiffs' reply—filed 26 days after Defendants' opposition and extending to 18 pages—also violates Your Honor's Individual Rules and this Court's Local Rules regarding the time limit for filing a reply brief and the page limits for a reply brief. *See* Local Civil Rule 6.1 (providing a 7-day deadline for replies); J. Daniels Individual Rule IV.B (providing 10-page limit on replies). All of this warrants a sur-reply, especially where Plaintiffs' new factual claims are indisputably erroneous.

"Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013) (cleaned up). Where new issues are raised for the first time on reply, a sur-reply is appropriate. *See id.* at 293 (permitting sur-reply where other party raised "at least one new argument in its reply"); *Beyond Bespoke Tailors, Inc. v. Barchiesi*, 2021 U.S. Dist. LEXIS 103637, *1-2 (S.D.N.Y. June 2, 2021) (allowing sur-reply, including a new declaration, "given that the exhibits submitted with Defendants' reply raise new issues"); *Wentworth Grp. v. Evanston Ins. Co.*, No. 20-cv-6711

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

Judge Daniels
June 3, 2022

(GBD), 2022 U.S. Dist. LEXIS 20528, at *6 n.8 (S.D.N.Y. Feb. 4, 2022) ("Because Plaintiffs' reply papers contain new arguments …, the Court will consider [the] sur-reply in its analysis herein."); *Pagan v. Abbott Labs*., 287 F.R.D. 139, 143-44 (E.D.N.Y. 2012) (permitting sur-reply where reply "clearly raised new factual and legal issues").

In light of Plaintiffs' disregard for the rules, Defendants seek to file their sur-reply to correct the record and respond to the arguments presented in the reply. Accordingly, Defendants respectfully request that this Court consider the attached sur-reply brief when adjudicating Plaintiffs' motion for reconsideration.

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul

cc: All Counsel (via ECF)