UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
MARK I. SOKOLOW, et al.,                 :

                         Plaintiffs,      :

         -against-                          :        <u>MEMORANDUM DECISION</u>
                                                         :               <u>AND ORDER</u>
PALESTINE LIBERATION ORGANIZATION and   :
PALESTINIAN AUTHORITY,                             04 Civ. 397 (GBD)

                         Defendants.     :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiffs have moved for reconsideration of this Court's earlier ruling on the applicability and constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019, Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 State. 3082, codified at 18 U.S.C. § 2334 (the "PSJVTA"). An exercise of jurisdiction pursuant to the PSJVTA's "U.S. activities" prong, 18 U.S.C. § 2334(e)(1)(B)(iii), would breach the limits prescribed by the Due Process Clause. The statute is therefore determined to be unconstitutional. Plaintiffs' motion for reconsideration, (ECF No. 1056), is denied.

## BACKGROUND[1]

Plaintiffs brought this action against Defendants in 2004, asserting causes of action for international terrorism pursuant to the Anti-Terrorism Act ("ATA"), codified at 18 U.S.C. 2333, and various state law claims. (ECF No. 1.) Defendants moved repeatedly to dismiss the complaint for lack of personal jurisdiction. (ECF Nos. 45, 66, 93.) This Court denied their motions,

---

[1] The relevant factual and procedural background is set forth in greater detail in this Court's original determination on the applicability and constitutionality of the PSJVTA, *see Sokolow v. Palestine Liberation Org.*, No. 04 CIV. 397 (GBD), 2022 WL 719261 (S.D.N.Y. Mar. 10, 2022), and is incorporated by reference herein.

1

reasoning that "the totality of activities in the United States by the PLO and the PA justifies the exercise of general personal jurisdiction." *Sokolow v. Palestine Liberation Org.*, No. 04-CV-397 (GBD), 2011 WL 1345086, at *3 (S.D.N.Y. Mar. 30, 2011), *vacated sub nom. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 337 (2d Cir. 2016). Following the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Second Circuit vacated this Court's decision and held that exercise of personal jurisdiction over Defendants violated the Due Process Clause of the Fifth Amendment because neither defendant was "at home" in the United States, and the terrorist attacks at issue "were not sufficiently connected to the United States" to support specific personal jurisdiction. *Waldman*, 835 F.3d at 333–34, 337.

In response to the Second Circuit's decision in *Waldman*, Congress passed a series of statutes expanding the bases on which a defendant can be deemed to have consented to personal jurisdiction, including, as relevant here, the PSJVTA. Specifically, the PSJVTA states that a defendant is deemed to have consented to personal jurisdiction by (1) making payments to the designees of individuals imprisoned or killed as a result of committing any act of terrorism that injured or killed a U.S. citizen (the PSJVTA's "payments prong"), and (2) maintaining any premises in the United States or conducting any activity while physically present in the United States on behalf of the Palestinian Authority or the Palestinian Liberation Organization (the PSJVTA's "U.S. activities prong"). 18 U.S.C.A. § 2334(e)(1). Following the passage of the PSJVTA, the Second Circuit remanded this case to this Court "for the limited purpose of determining the applicability of the PSJVTA to this case, and, if the PSJVTA is determined to apply, any issues regarding its application to this case including its constitutionality." (ECF No. 1006, at 3.) On March 10, 2022, this Court issued a Memorandum Decision and Order in which it held that the factual predicate for application of the PSJVTA's payments prong to this case had

been established, and that the exercise of personal jurisdiction pursuant to that prong would be unconstitutional. *Sokolow*, 2022 WL 719261, at *2–6. Shortly after entry of this Court's order, Plaintiffs moved for reconsideration, requesting that this Court undertake a similar analysis with respect to the PSJVTA's U.S. activities prong. (ECF No. 1056.) This decision follows.

## THE PSJVTA DOES NOT CONSTITUTIONALLY PROVIDE FOR PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiffs point to three categories of conduct they contend meet the PSJVTA's test for consent to jurisdiction based on non-exempt (non-United Nations ("U.N.")) activities in the United States. (ECF No. 1057, at 20.) Specifically, Plaintiffs rely on Defendants' provision of consular services in the United States, their interviews with prominent media and social media activity, and their maintenance of an office in New York. (*Id.* at 20–23, 32.) Defendants do not dispute they have engaged in these types of activities. Rather, Defendants argue that their conduct falls within the PSJVTA's exclusions for official U.N. or U.N.-ancillary activities under 18 U.S.C. § 2334(e)(3). (ECF No. 1064, at 15–26.) Defendants also argue that the factual predicates of the U.S. activities prong of the PSJVTA, even if met, are not sufficient to support an exercise of personal jurisdiction consistent with the Due Process Clause of the Fifth Amendment. (*Id.* at 6–12.) This Court agrees with Defendants' latter argument, and in doing so, joins two other courts in concluding that an exercise of jurisdiction under either of the PSJVTA's factual predicates is unconstitutional. *See Fuld v. Palestine Liberation Org.*, No. 20-CV-3374 (JMF), 2022 WL 62088, at *7 (S.D.N.Y. Jan. 6, 2022); *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at *5 (S.D.N.Y. Mar. 18, 2022).[2]

---

[2] Plaintiffs' claim that "[n]o court has addressed" the U.S. activities prong of the PSJVTA, (ECF No. 1057, at 13), is incorrect. Both the *Fuld* and *Shatsky* Courts specifically considered the U.S. activities prong and ultimately held it unconstitutional.

Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong—a finding this Court need not make in order to resolve the instant motion—these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States.[3] As the Court explained in *Fuld*, in promulgating the PSJVTA, Congress "simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction in *Waldman* I and *Shatsky* I—and declared that such conduct shall be deemed to be consent." *Fuld*, 2022 WL 62088, at *7. But Congress "cannot simply declare anything it wants to be consent." *Id.* at *12. Consent is not "a legal fiction devoid of content" and neither the courts nor Congress may "engag[e] in circular reasoning that premises consent on the presumption that defendants know the law and then define[] the law so that anyone engaging in the defined conduct is deemed to have consented to personal jurisdiction." *M3 USA Corp. v. Qamoum*, No. CV 20-2903 (RDM), 2021 WL 2324753, at *12 (D.D.C. June 7, 2021). Constitutional due process "requires more than notice and the opportunity to conform ones conduct for effective consent to jurisdiction." *Shatsky*, 2022 WL 826409, at *5. The activities at issue here—primarily the notarization of documents and a handful of interactions with the media—are insufficient to support any meaningful consent to jurisdiction by Defendants.[4]

---

[3] Both this Court in its March 10, 2022 decision and the *Fuld* Court discuss the history of the jurisprudence on jurisdiction by consent. *Sokolow*, 2022 WL 719261, at *2–6; *Fuld*, 2022 WL 62088, at *6. This Court will not belabor the discussion by repeating that history here.

[4] Plaintiffs rely on *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016), for their claim that "the Second Circuit has acknowledged the continued vitality of cases holding that 'a defendant may consent to personal jurisdiction without regard to what a due process analysis of its contacts would yield.'" (ECF No. 1057, at 15 (quoting *Brown*).) *Brown* acknowledged no such theory. To the contrary, the *Brown* Court only noted that other Circuits have so held, and then went on to reject that interpretation: "But as the Supreme Court recognized … the reach of that coercive power, even when exercised pursuant to a corporation's purported 'consent,' may be limited by the Due Process clause." *Brown*, 814 F.3d at 641.

The alternate personal jurisdiction theories Plaintiffs advance do not support their constitutional argument.[5] As Defendants correctly note, *Burnham*'s tag jurisdiction theory only applies to individuals.[6] *See e.g., Estate of Ungar v. Palestinian Auth.*, 400 F.Supp.2d 541, 553 (S.D.N.Y. 2005), *aff'd*, 332 P. App'x 643 (2d Cir. 2009) (citing *Burnham*, 495 U.S. 604); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1064 (9th Cir. 2014). Plaintiffs' secondary suggestion, that Defendants consented to jurisdiction solely by virtue of the fact that Congress permits their presence in the United States, relies heavily on pre-*International Shoe* case law from the nineteenth century that is now obsolete, and in any event, required some transaction of business in the forum that is absent here. *See e.g., Baltimore & Ohio Railroad Co. v. Harris*, 79 U.S. 65, 81 (1870) ("if it does business there, it will be presumed to have assented"); *Hess v. Pawloski*, 274 U.S. 352, 355 (1927) ("transaction of business in state" supports "consent to be bound by the process of its courts"); *Washington v. Superior Ct. of Wash.*, 289 U.S. 361, 364–65 (1933) (state "need not have admitted the corporation to do business within its borders"). Finally, Plaintiffs' argument that Defendants have consented to jurisdiction in the United States because they "receive substantial benefits" from their U.S. activities is misplaced, because a defendant's receipt of benefits is relevant to the issue of specific jurisdiction, not jurisdiction by consent. *C.f. Fuld*, 2022 WL 62088,

---

[5] This Court notes that Plaintiffs could have raised these theories, which rely on personal jurisdiction case law long predating the initiation of this suit, in their responses to any of Defendants' several motions to dismiss. Motions for reconsideration are not to reiterate previous arguments or raise new arguments that could have been raised earlier. *See e.g., Williams v. Romarm*, 751 F. App'x 20, 24 (2d Cir. 2018). This Court further notes that several of these theories have already been foreclosed by the Second Circuit's decision in *Waldman*. *Waldman*, 835 F.3d at 337.

[6] "Tag jurisdiction" refers to a court's exercise of personal jurisdiction over an individual who is served, and thus "tagged," while physically present in the forum. *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) (citing *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604 (1990) (plurality opinion)); *see also Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir. 1995) ("Fed. R. Civ. P. 4(e)(2) specifically authorizes personal service of a summons and complaint upon an individual physically present within a judicial district of the United States, and such personal service comports with the requirements of due process for the assertion of personal jurisdiction.").

at *12, n. 10 ("reciprocity" or receipt of benefits is not a component of the consent analysis) (collecting cases); *see also, Hess*, 274 U.S. at 356 ("the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved."). Even if Defendants reap benefits from their activities in the United States, jurisdiction is still lacking because, as the Second Circuit has already held, the conduct about which Plaintiffs complain in this suit did not involve (and, in fact, long predates) the PSJVTA's in-territory activities in which Defendants now engage. *Waldman*, 835 F.3d at 344 (jurisdiction does not exist in this case because the terror attacks at issue were not expressly aimed at the United States, death and injuries suffered by U.S. nationals were random, and lobbying activities regarding American policy toward Israel are insufficiently suit-related).

## CONCLUSION

For the reasons set forth above and in this Court's March 10, 2022 decision, *Sokolow*, 2022 WL 719261, at *2-6, the exercise of jurisdiction under either of the PSJVTA's two jurisdiction-triggering prongs would violate due process. The statute is therefore unconstitutional.

The Clerk of the Court is directed to close the open motions at ECF Nos. 1056 and 1068.[7]

Dated: June 15, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[7] Defendants' request that the Court consider its sur-reply, (ECF No. 1068-1), is granted.