UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SOKOLOW, et al., Plaintiffs, - against - PALESTINE LIBERATION ORGANIZATION, et al. Defendants. | 04-CV-397 (GBD) (RWL) **ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiffs have filed an application for an award of fees and costs after prevailing in this long-running suit under the Anti-Terrorism Act. Among other supporting materials, Plaintiffs have filed on the public record a compilation of the relevant attorney billing records with certain portions redacted. Plaintiffs have submitted to the Court for in camera review a fully unredacted set of the billing records. The billing records are voluminous, representing over two decades of litigation and more than $54 million in requested fees and costs.

Now before the Court is Plaintiffs' request to maintain under seal, and prevent Defendants from seeing, the redacted portions of the attorney billing records submitted in support of their application for attorneys' fees. (*See* Dkts. 1121, 1126.) Plaintiffs assert that the redacted portions are protected by the work product doctrine and/or attorney-client privilege. Defendants oppose. (See Dkt. 1125.) The Court has reviewed the redacted and unredacted time-keeping records at a high level, and has looked at a sampling of entries in detail to assess the sorts of information that have been redacted.

The Court finds that the redactions are properly targeted at protected work product and attorney-client material. The Court recognizes that Defendants previously identified

a myriad of redacted errant entries, including, for example, entries for work on other cases. As Plaintiffs point out, the Court has mechanisms available to it (e.g., across-the-board percentage reduction) to address such concerns that do not warrant disclosure of fully unredacted entries to Defendants.

The methodology employed here – submission of fully unredacted time entries to the Court for in camera review is common practice to protect work product and attorney-client material. *See*, *e.g.*, *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 19-CV-8669, 2020 WL 5518361, at *4 (S.D.N.Y. Sep. 14, 2020) (collecting cases and observing that "courts often review invoices and billing records in camera when calculating awards of attorneys' fees and costs").

Further, public filing of the redacted records provides the public with ample information providing insight into the work performed and the claimed value of that work. Publicly filing redacted time records while separately providing unredacted records for in camera review strikes the right balance under the applicable sealing analysis. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). That analysis takes account of (1) the judicial nature of the documents at issue (here, they are judicial as they are a necessary component of the Court's determination of a reasonable fee award); (2) the weight of the presumption of access (here, the weight is relatively weak with respect to the portions redacted); and (3) countervailing interests (here, that interest is protecting attorney-client privilege and attorney work product). *See, e.g.*, *Blue Axis Global Ltd. v. Alopex Advisors, LLC*, No. 24-MC-508, 2025 WL 2614078, at *6 (S.D.N.Y. Sep. 9, 2025) (reasoning that "[b]ecause attorney-client privilege is a countervailing

reason that may overcome the presumption of public access, Respondent may redact portions of the [billing records] that reflect privileged information").

Accordingly, Plaintiffs' request is granted. The redacted portions of the billing records shall remain under seal.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 1121.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2026
New York, New York

Copies transmitted this date to all counsel of record.